## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

THE CITY OF HUNTINGTON,
          Plaintiff,
   v.

AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH
INC., MCKESSON CORPORATION and
GREGORY DONALD CHANEY, M.D.,
          Defendants.

Civil Action No. 3:17-cv-01362

Judge:

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants AmerisourceBergen Drug Corporation, Cardinal Health Inc., and McKesson

Corporation (collectively, "Removing Defendants") hereby remove this civil action from the

Circuit Court of Cabell County, West Virginia, to the United States District Court for the

Southern District of West Virginia.  As grounds for removal, Removing Defendants state as

follows:

### I.     NATURE OF REMOVED ACTION

1.     On January 19, 2017 Plaintiff City of Huntington filed a Complaint against

Removing Defendants and Dr. Gregory Donald Chaney in the Circuit Court of Cabell County,

West Virginia.  The circuit court assigned the case Civil Action No. 17-C-38.  On January 26,

2017, Plaintiff filed an Amended Complaint.[1]

2.       In accordance with 28 U.S.C. § 1446(a) and Rule 3.4(b) of the Local Rules of

Civil Procedure, a copy of the docket sheet and a copy of all process, pleadings, and orders

served upon Removing Defendants in the state court action are attached hereto as **Exhibit A**.

3.       This action is the second served on Removing Defendants containing nearly

identical allegations.  Accordingly, Removing Defendants have marked this action as "Related"

to Civil Action No. 1:17-cv-00946, removed on January 25, 2017, and currently pending in this

District in the Bluefield Division.

## II.       COMPLIANCE WITH REMOVAL STATUTE

4.       This Notice of Removal ("Notice") is properly filed under 28 U.S.C. § 1441(a) in

the United States District Court for the Southern District of West Virginia because Cabell

County is located in this federal judicial district and in this division.  This Notice is signed

pursuant to Rule 11 of the Federal Rules of Civil Procedure.

5.       Plaintiff served the initial Complaint on Removing Defendants through the West

Virginia Secretary of State on January 24, 2017.  In accordance with the requirements of 28

U.S.C. § 1446(b), this Notice is timely filed within thirty (30) days after service.  *See Murphy*

*Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (holding that 30-day

removal period begins to run upon service of summons and complaint).

6.       Removing Defendants will promptly file a copy of this Notice with the clerk

of Circuit Court of Cabell County and serve notice of the filing of this Notice on Plaintiff, as

required by 28 U.S.C. § 1446(d).

7.       Removing Defendants join in this Notice and consent to removal.  28 U.S.C.

---

[1]    As of the time of this filing, the Amended Complaint had not yet been served on any of the
Removing Defendants.

§ 1446(b)(2)(A); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013); *Stevens v. Thornsbury*, No. 2:13-cv-31719, 2014 WL 3962478 (S.D. W. Va., Aug. 13, 2014).  As discussed below, Defendant Chaney's consent is not required.  *See Fleming v. United Teachers Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 663 (S.D. W. Va. 2003) ("While the general rule requires all defendants to join in a removal petition, an exception is made in the case of fraudulent joinder."). Removing Defendants' Rule 7.1 Disclosure Statements will be filed promptly.

### III.    DIVERSITY JURISDICTION EXISTS

8.    Removal of this case is proper under 28 U.S.C. §§ 1441 and 1332 because complete diversity exists between Plaintiff and all properly joined defendants.

9.    Plaintiff is a political subdivision of the State of West Virginia, while Removing Defendants are citizens of States other than West Virginia.  (*See* Compl. ¶¶ 1, 3–5; Am. Compl. ¶¶ 1, 3–5.)  *See S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303 (4th Cir. 2008) ("It is well established that for purposes of diversity jurisdiction . . . an entity created by the State which functions independently of the State with authority to sue and be sued, such as . . . a political subdivision of the State, can be a 'citizen' for purposes of diversity jurisdiction."); *see also Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[I]t is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States . . . .").  Dr. Chaney is the sole named defendant who resides in and is a citizen of West Virginia.  (Compl. ¶¶ 7–9; Am. Compl. ¶¶ 7–9.)  Thus, complete diversity exists between Plaintiff and Removing Defendants.

10.    Although, upon information and belief, Dr. Chaney is a citizen of West Virginia, his citizenship should be disregarded because he was fraudulently joined solely to defeat diversity.  *See Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) ("[T]he fraudulent joinder doctrine 'effectively permits a district court to disregard, for jurisdictional

purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction.'") (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).  "'Fraudulent joinder' is a term of art, [and] it does not reflect on the integrity of plaintiff or counsel . . . ."  *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990).

11.     Under the doctrine of fraudulent joinder, also known as procedural misjoinder, "the issue is whether the joinder of the defendants is permissible or whether that joinder is asserted for the sole purpose of defeating the diverse defendant's right to removal."  *Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 410–11 (S.D. W. Va. 2005).  Thus, "[e]ven assuming plaintiff has a claim" against a non-diverse defendant, the defendant is considered misjoined if "that claim is legally and factually too remote to sustain joinder under either federal or West Virginia law."  *Id.* at 412; *see also Tapscott v. MSDealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (severing and remanding only non-diverse defendants where plaintiffs sued essentially two separate classes of defendants on separate claims such that joinder of both classes in one action was fraudulent and did not defeat diversity jurisdiction); *Hughes v. Sears, Roebuck and Co.*, No. 09-CV-93, 2009 WL 2877424 (N.D. W. Va. Sept. 3, 2009) (severing plaintiff's claims against a doctor from her claims against manufacturer and vendor of treadmill because her claims, which were based on her fall from treadmill and later misdiagnosis of her injury, were not part of same transaction or occurrence).

12.     To sustain joinder under Rule 20 of the Federal Rules of Civil Procedure, the claims must: (1) arise out of the same transaction or occurrence; *and* (2) involve a question of law or fact common to all defendants.  *Ashworth*, 395 F. Supp. 2d at 411 (citing FED. R. CIV. P. 20; 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1653).  "West

Virginia rules regarding permissive joinder are substantially similar to their federal counterparts." *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 397 (S.D. W. Va. 2004).

13.     The claims as pled against Dr. Chaney do not arise out of the same transaction or occurrence as the claims pled against Removing Defendants, and the respective claims against Dr. Chaney and Removing Defendants do not involve common questions of law or fact. Plaintiff's allegations against Removing Defendants relate to their allegedly excessive distributions of certain prescription medications to pharmacies in the City of Huntington.  (*See, e.g.*, Compl. ¶ 53; Am. Compl. ¶ 55.)  The allegations against Dr. Chaney, by contrast, focus on the number of allegedly improper prescriptions he wrote for individual patients.  (*See* Compl. ¶¶ 82–106; Am. Compl. ¶¶ 84–108.)

14.     Plaintiff does not allege any connection whatsoever between the respective alleged wrongful conduct of Dr. Chaney and that of Removing Defendants.  The claims against Dr. Chaney—writing prescriptions that were allegedly not for a legitimate medical purpose—arise out of the physician-patient relationship with some unknown number of unidentified patients.  The claims against Removing Defendants, on the other hand—distributing prescription medications to Huntington pharmacies—have no necessary connection to Dr. Chaney's alleged conduct.  The Complaint does not allege contact, communication, assistance, cooperation, or connection of any kind whatsoever between any of the Removing Defendants and Dr. Chaney—not even that his patients filled prescriptions at pharmacies that placed orders with Removing Defendants, much less that the pharmacies filled the prescriptions for those patients with drugs that had been supplied as part of alleged suspicious orders.

15.     While this fact alone defeats joinder of these claims, the claims also lack any common question of law or fact.

16.     Plaintiff's allegations against Removing Defendants require the Court to decide

whether distributors of controlled substances have a duty not to ship "excessive" amounts of prescription drugs to duly-licensed pharmacies in the City of Huntington.  Plaintiff separately states its claims against "Amerisource, Cardinal and McKesson" in Counts I and III.  In contrast, Plaintiff claims that Dr. Chaney breached his physician's duty under West Virginia law to prescribe medication only for what he believes to be legitimate medical purposes.  Plaintiff separately states its claims against "Dr. Chaney" in Counts II and IV.[2]

17.    As established above, both the Complaint and the Amended Complaint fail to assert any factual connection between Dr. Chaney and Removing Defendants.

18.    For the same reasons, as both the Complaint and the Amended Complaint are pled, Dr. Chaney is not an indispensable party within the meaning of Rule 19 of the Federal Rules of Civil Procedure.  *See Ashworth*, 395 F. Supp. 2d at 411 & n.12.

19.    Thus, "[e]ven assuming plaintiff has a claim" against Dr. Chaney, "that claim is legally and factually too remote to sustain joinder under either federal or West Virginia law." *Ashworth*, 395 F. Supp. 2d at 412.  "Rather, the inclusion of non-diverse [Dr. Chaney] serves to unfairly defeat the diverse defendants' right to have the action against them heard in this court. Inasmuch as there are no common factual or legal questions governing the claims," this Court should find that Dr. Chaney "is not properly joined in this action."  *Id.*

20.    Additionally, due to the manifest defects in the Complaint, "there is *no possibility*

---

[2]    In what appears to be series of typographical errors, the count that appears fourth numerically in the Complaint is labeled "Count V," while the count that appears fifth numerically is labeled "Count Y."  These same numbering issues are repeated in the Amended Complaint. Removing Defendants will refer to these counts by their numerical order.  While Count V, claiming unjust enrichment, is stated against "Defendants," Plaintiff asserts no specific allegations of unjust enrichment against Dr. Chaney.  Count V, like the rest of the Complaint, fails to allege any connection whatsoever between Dr. Chaney and Removing Defendants.  If anything, Count V's more specific allegations against Removing Defendants, while not alleging the same against Dr. Chaney, highlight the parties' separateness.

that the plaintiff would be able to establish a cause of action against" Dr. Chaney.  *Johnson*, 781 F.3d at 704.

21.     Accordingly, "[t]he appropriate course of action is to sever the plaintiff's cause of action against" Dr. Chaney and remand the claims against him to state court.  *Ashworth*, 395 F. Supp. 2d at 412.

22.     This Court has diversity jurisdiction under 28 U.S.C. § 1332 because, once the presumed West Virginia citizenship of fraudulently joined Dr. Chaney is disregarded, this civil action is between citizens of different States, and the matter in controversy exceeds the sum of $75,000.

23.     With respect to the matter in controversy, Plaintiff seeks "substantial" damages for "increased expenses of drug treatment programs, prevention and training costs (for law enforcement, hospitals and schools), costs of the drug Naloxone as well as education, training and use, youth development community programs, medical care and hospitalizations, increase costs of law enforcement, increased costs of prosecutions and most significantly increased costs of incarcerations."  (Compl. ¶ 13; Am. Compl. ¶ 13.)

24.     Because Plaintiff's claims are within this Court's original jurisdiction under 28 U.S.C. § 1332 and because the Removing Defendants that were not fraudulently joined are not citizens of West Virginia, this case is removable to this Court under 28 U.S.C. § 1441(b).

25.     Removing Defendants file this Notice without waiving any defenses to the claims asserted by Plaintiff.

**WHEREFORE**, Removing Defendants remove this action, now pending in the Circuit Court of Cabell County, West Virginia as Civil Action No. 17-C-38, to the Southern District of West Virginia, and request that it be treated as related to Civil Action No. 1:17-cv-00946, currently pending in this District in the Bluefield Division.

Dated this the 23rd day of February, 2017.

Respectfully submitted,


**CARDINAL HEALTH, INC.**

**By Counsel,**

/s/ Susan M. Robinson
Susan M. Robinson (WVSB #5169)
srobinson@tcspllc.com
Robert H. Akers (WVSB #9622)
rakers@tcspllc.com
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
Charleston, WV  25301
Telephone:  (304) 414-1800
Facsimile: (304) 414-1801

Enu Mainigi (*pro hac vice* application to
be filed)
emainigi@wc.com
F. Lane Heard (*pro hac vice* application to
be filed)
lheard@wc.com
Steven M. Pyser (*pro hac vice* application
to be filed)
spyser@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

And

James R. Wooley (*pro hac vice* application
to be filed)
jrwooley@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 572-1212

Elizabeth P. Kessler (*pro hac vice*
application to be filed)
ekessler@jonesday.com
JONES DAY
325 John H. McConnell Blvd.
Columbus, OH 43215
Telephone: (614) 281-3852
Facsimile: (614) 461-4198


*Counsel for Cardinal Health, Inc.*

**AMERISOURCEBERGEN DRUG CORPORATION**

**By Counsel,**

/s/ A. L. Emch
A. L. Emch (WVSB #1125)
aemch@jacksonkelly.com
Adam J. Schwendeman (WVSB #11989)
aschwendeman@jacksonkelly.com
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1000
Facsimile: (304) 340-1130

And

Meredith S. Auten, Esquire (*pro hac vice* application to be filed)
meredith.auten@morganlewis.com
Eric W. Sitarchuk, Esquire (*pro hac vice* application to be filed)
eric.sitarchuk@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

*Counsel for AmerisourceBergen Drug Corporation*

**McKESSON CORPORATION**

**By Counsel,**

/s/ Jeff Wakefield
Jeff Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
FLAHERTY  SENSABAUGH & BONASSO PLLC
P.O. Box 3843
Charleston, WV 25338
Telephone: (304) 345-0200
Facsimile:  (304) 345-0260

And

Geoffrey Hobart (*Pro hac vice* application to be filed)
ghobart@cov.com
Matthew Benov (*Pro hac vice* application to be filed)
mbenov@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000

*Counsel for McKesson Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION


THE CITY OF HUNTINGTON,

        Plaintiff,

   v.

AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH
INC., MCKESSON CORPORATION and
GREGORY DONALD CHANEY, M.D.,

        Defendants.

Civil Action No. __3:17-cv-01362____

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2017, I served the "NOTICE FOR REMOVAL" to be electronically filed with the Clerk of the United States District Court for the Southern District of West Virginia, using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

        Charles R. "Rusty" Webb (WVSB #4782)
        The Webb Law Centre, PLLC
        716 Lee Street, East
        Charleston, WV  25301
        Tel:  304.344.9322
        Fax: 304.344.1157
        E-Mail:  rusty@rustywebb.com
         *Counsel for Plaintiff*

            /s/Susan M. Robinson_____
            Susan M. Robinson (WVSB #5169)
            Robert H. Akers (WVSB #9622)
            THOMAS COMBS & SPANN, PLLC
            300 Summers Street, Suite 1380
            Charleston, WV  25301

8