**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**THE CITY OF HUNTINGTON,**

      **Plaintiff,**

**v.**                                          **Civil Action No. 3:17-cv-01362
(Judge Chambers)**

**AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH
INC., MCKESSON CORPORATION and
GREGORY DONALD CHANEY, M.D.,**

      **Defendants.**

## ANSWER OF DEFENDANT MCKESSON CORPORATION

Defendant, McKesson Corporation ["McKesson"], by and through its undersigned counsel, answers the Complaint of the Plaintiff, City of Huntington, as follows. To the extent that allegations are made against all "defendants" against "McKesson, Amerisourcebergen, Cardinal and Dr. Chaney," against "McKesson, Amerisourcebergen and Cardinal," or against "McKesson and Cardinal," McKesson only answers for itself and does not purport to answer for any other defendant.

1.      McKesson admits the allegations in Paragraph 1.

2.      McKesson denies the allegations in Paragraph 2 and specifically denies that it has damaged Plaintiff in any manner.

3.      In response to Paragraph 3, the allegations are not directed against McKesson, and McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

4.      In response to Paragraph 4, the allegations are not directed against McKesson, and McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

5.      McKesson admits the allegations in Paragraph 5 in that it is a Delaware corporation with headquarters in California and conducts business in West Virginia. McKesson

further admits that it distributes pharmaceuticals to entities properly licensed to receive pharmaceuticals. McKesson also admits that it is a registrant with the West Virginia Board of Pharmacy and that it has distributed products to entities located in the City of Huntington, West Virginia licensed by the DEA and the West Virginia Board of Pharmacy to receive pharmaceuticals.  McKesson denies that its business in West Virginia is "substantial," which is not defined in the Complaint. To the extent any further response is required, McKesson denies each and every remaining allegation in Paragraph 5.

6.      McKesson denies the allegations in Paragraph 6.

7.      In response to Paragraph 7, the allegations are not directed against McKesson, and McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

8.      In response to Paragraph 8, the allegations are not directed against McKesson, and McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

9.      In response to Paragraph 9, the allegations are not directed against McKesson, and McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

10.      In response to Paragraph 10, the allegations are not directed against McKesson, and McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

11.      McKesson denies the allegations in Paragraph 11.

12.      McKesson denies the allegations in Paragraph 12.

13.      McKesson denies the allegations in Paragraph 13.

14.      Paragraph 14 contains legal statements or conclusions to which no response is required.  To the extent a response is required, McKesson denies each and every allegation in Paragraph 14.

15.     Paragraph 15 contains legal statements or conclusions to which no response is required.  To the extent a response is required, McKesson denies each and every allegation in Paragraph 15.

## FACTS

16.     In response to Paragraph 16, McKesson denies that it showered the state of West Virginia with hydrocodone and oxycodone pills. Further answering, McKesson states that the remaining allegations in Paragraph 16 are based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

17.     McKesson denies the allegations in Paragraph 17.

18.     McKesson denies the allegations in Paragraph 18.

19.     Paragraph 19 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

20.     McKesson denies the allegations in Paragraph 20. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

21.     In response to Paragraph 21, McKesson admits that opioids are narcotics and regulated as controlled substances. To the extent a further response is required, McKesson denies each and every remaining allegation in Paragraph 21.

22.     In response to Paragraph 22, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to

physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

23.     In response to Paragraph 23, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

24.     Paragraph 24 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

25.     Paragraph 25 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

26.     Paragraph 26 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

27.     Paragraph 27 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

28.     Paragraph 28 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required to any and all allegations,

McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

29.      Paragraph 29 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

30.      Paragraph 30 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required to any and all allegations, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

31.      Paragraph 31 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

32.      Paragraph 32 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

33.      Paragraph 33 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without

sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

34. Paragraph 34 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

35. In response to Paragraph 35, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

36. Paragraph 36 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

37. Paragraph 37 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

38. Paragraph 38 alleges a conclusion based on publicly available information to which no response is required. To the extent a response is required, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

39. In response to Paragraph 39, McKesson admits that there is a federally regulated distribution system to deliver pharmaceuticals to entities licensed by the DEA and State Boards

of Pharmacy to receive pharmaceuticals, but McKesson denies that Plaintiff has accurately characterized the pharmaceutical system.

40.     In response to Paragraph 40, McKesson admits that it is aware that prescription drugs are abused and of the possibility that the controlled substances McKesson lawfully distributes pursuant to licenses issued by DEA and the West Virginia Board of Pharmacy may be diverted by the acts of third parties. McKesson denies each and every remaining allegation in Paragraph 40. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

41.     In response to Paragraph 41, McKesson admits that it has distributed pharmaceuticals to pharmacy entities located in Huntington, West Virginia that were and are licensed by the DEA and the West Virginia Board of Pharmacy to receive pharmaceuticals. McKesson denies each and every remaining allegation contained in Paragraph 41. Further answering, McKesson states that as a distributor, it has no role in manufacturing or promoting opioids to physicians; it has no role in determining how opioids should be or are prescribed; and it has no role in how pharmacists dispense opioids.

42.     In response to Paragraph 42, McKesson admits that it must register and is registered with the West Virginia Board of Pharmacy. McKesson denies each and every remaining allegation contained in Paragraph 42.

43.     McKesson denies the allegations in Paragraph 43.

44.     McKesson denies the allegations in Paragraph 44.

45.     The allegations in Paragraph 45, are not directed toward McKesson. To the extent a response is required, McKesson denies each and every allegation in Paragraph 45.

46.     In response to Paragraph 46, McKesson admits that it is aware of the laws and regulations of West Virginia governing its conduct in the State, and McKesson denies that Plaintiff has accurately characterized those laws and regulations. McKesson denies each and every remaining allegation contained in Paragraph 46.

47.     McKesson denies the allegations in Paragraph 47.

48.     In response to Paragraph 48, McKesson admits that it is aware of the laws and regulations of West Virginia governing its conduct, and McKesson denies that Plaintiff has accurately characterized those laws and regulations. McKesson denies each and every remaining allegation contained in Paragraph 48.

49.     In response to Paragraph 49, McKesson admits that it paid $13.2 Million in 2008 to settle claims with the federal government. McKesson denies each and every remaining allegation contained in Paragraph 49.

50.     In response to Paragraph 50, McKesson admits that it recently settled claims with the federal government for $150 Million, which included the temporary suspension of DEA registrations for several of McKesson's distribution centers. McKesson denies each and every remaining allegation contained in Paragraph 50.

51.     In response to Paragraph 51, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

52.     In response to Paragraph 52, McKesson admits that it is aware of the referenced guidelines issued by HDMA, which guidelines speak for themselves. McKesson denies that Plaintiff has accurately characterized the HDMA guidelines, and McKesson denies any implication that pharmaceutical distributors, such as McKesson, are required to adhere to the HDMA guidelines or that the guidelines have the force and effect of law. McKesson denies each and every remaining allegation contained in Paragraph 52.

53.     McKesson denies the allegations in Paragraph 53.

54.     McKesson denies the allegations in Paragraph 54.

55.     McKesson denies the allegations in Paragraph 55.

56.     McKesson denies the allegations in Paragraph 56.

57.     McKesson denies the allegations in Paragraph 57.

58.     McKesson denies the allegations in Paragraph 58.

59.     Paragraph 59 states a legal conclusion to which no response is required. To the extent a further response is required, McKesson denies each and every remaining allegation in Paragraph 59.

60.     McKesson denies the allegations in Paragraph 60.

61.     McKesson denies the allegations in Paragraph 61.

62.     In response to Paragraph 62, McKesson admits that it does business in Huntington, West Virginia; McKesson denies that its profits from the sales of "drugs," which is not defined in the Complaint, in Huntington, West Virginia, are "substantial" which also is not defined in the Complaint. To the extent a further response is required, McKesson denies each and every remaining allegation in Paragraph 62.

63.     McKesson denies the allegations in Paragraph 63.

64.     In response to Paragraph 64, the allegations are not directed against McKesson, McKesson is without information sufficient to admit or deny the allegations, and therefore McKesson denies the same.

65.     In response to Paragraph 65, the allegations are not directed against McKesson, McKesson is without information sufficient to admit or deny the allegations, and therefore McKesson denies the same.

66.     In response to Paragraph 66, the allegations are not directed against McKesson, McKesson is without information sufficient to admit or deny the allegations, and therefore McKesson denies the same.

67.     In response to Paragraph 67, the allegations are not directed against McKesson, McKesson is without information sufficient to admit or deny the allegations, and therefore McKesson denies the same.

68.     In response to Paragraph 68, the allegations are not directed against McKesson, McKesson is without information sufficient to admit or deny the allegations, and therefore McKesson denies the same.

**COUNT I**
**NEGLIGENCE OF DEFENDANTS OF AMERISOURCEBERGER**
**DRUG CORPORATION, CARDINAL HEALTH, INC. and MCKESSON CORPORATION**

69.　　McKesson repeats and reasserts its responses to the allegations in Paragraphs 1 through 68 as if fully set forth herein verbatim.

70.　　Paragraph 70 contains legal statements or conclusions to which no response is required.  McKesson further states that industry standards do not have the force and effect of law. To the extent a response is required, McKesson denies each and every allegation in Paragraph 70.

71.　　In response to Paragraph 71, McKesson admits that federal and West Virginia law require it to submit reports of suspicious orders if and when it identifies suspicious orders.

72.　　McKesson denies the allegations in Paragraph 72.

73.　　McKesson denies the allegations in Paragraph 73.

74.　　McKesson denies the allegations in Paragraph 74.

75.　　McKesson denies the allegations in Paragraph 75.

76.　　Paragraph 76 states a legal conclusion to which no response is required. To the extent a response is required, McKesson denies the allegations in Paragraph 76.

77.　　McKesson denies the allegations in Paragraph 77.

78.　　In response to Paragraph 78, McKesson denies that Plaintiff has accurately described "industry standards."  McKesson further states that industry standards do not have the force and effect of law.  To the extent a further response is required, McKesson denies each and every allegation in Paragraph 78.

79.　　McKesson denies the allegations in Paragraph 79.

80.　　McKesson denies the allegations in Paragraph 80.

**COUNT II**
**NEGLIGENCE OF DR. CHANEY**

81.　　McKesson repeats and reasserts its responses to the allegations in Paragraphs 1 through 80 as if fully set forth herein verbatim.

82.     In response to Paragraph 82, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

83.     In response to Paragraph 83, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

84.     In response to Paragraph 84, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

85.     In response to Paragraph 85, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

86.     In response to Paragraph 86, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

87.     In response to Paragraph 87, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

88.     In response to Paragraph 88, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

89.     In response to Paragraph 89, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

90.     In response to Paragraph 90, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

91.    In response to Paragraph 91, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

92.    In response to Paragraph 92, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

93.    In response to Paragraph 93, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

94.    In response to Paragraph 94, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

95.    In response to Paragraph 95, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

96.    In response to Paragraph 96, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

97.    In response to Paragraph 97, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

98.    In response to Paragraph 98, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

99.    In response to Paragraph 99, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

100.     In response to Paragraph 100, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

101.     In response to Paragraph 101, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

102.     In response to Paragraph 102, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

103.     In response to Paragraph 103, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

104.     In response to Paragraph 104, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

105.     In response to Paragraph 105, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

106.     In response to Paragraph 106, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

**COUNT III**
**DEFENDANTS AMERISOURCE, CARDINAL AND MCKESSON'S**
**VIOLATION OF WEST VIRGINIA UNIFORM CONTROLLED SUBSTANCES ACT**

107.     McKesson repeats and reasserts its responses to the allegations in Paragraphs 1 through 106 as if fully set forth herein verbatim.

108.     McKesson denies the allegations in Paragraph 108.

109.     McKesson denies the allegations in Paragraph 109.

110.    McKesson denies the allegations in Paragraph 110.

111.    McKesson denies the allegations in Paragraph 111.

112.    McKesson denies the allegations in Paragraph 112.

113.    McKesson denies the allegations in Paragraph 113.

114.    McKesson denies the allegations in Paragraph 114.

115.    Paragraph 115 states a legal conclusion to which no response is required.  To the extend a response is required, McKesson denies the allegations in Paragraph 115.

116.    McKesson denies the allegations in Paragraph 116.

117.    McKesson denies the allegations in Paragraph 117.

118.    McKesson denies the allegations in Paragraph 118.

## COUNT IV (incorrectly denominated V)
### DR. CHANEY'S VIOLATION OF WEST VIRGINIA
### UNIFORM CONTROLLED SUBSTANCES ACT

119.    McKesson repeats and reasserts its responses to the allegations in Paragraphs 1 through 118 as if fully set forth herein verbatim.

120.    In response to Paragraph 120, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

121.    In response to Paragraph 121, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

122.    In response to Paragraph 122, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

123.    In response to Paragraph 123, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

124.    In response to Paragraph 124, the allegations are not directed against McKesson, McKesson is without sufficient information to admit or deny the allegations, and therefore McKesson denies the same.

## COUNT V (incorrectly denominated Y)
## UNJUST ENRICHMENT

125.    McKesson repeats and reasserts its responses to the allegations in Paragraphs 1 through 124 as if fully set forth herein verbatim.

126.    McKesson denies the allegations in Paragraph 126.

127.    In response to Paragraph 127, McKesson is without sufficient information to admit or deny the allegations regarding the costs for which Plaintiff is allegedly responsible, and therefore McKesson denies the same; McKesson denies the remaining allegations in Paragraph 127.

128.    McKesson denies the allegations in Paragraph 128.

129.    McKesson denies the allegations in Paragraph 129, and McKesson specifically denies that it acted collectively with any other defendant.

130.    McKesson denies the allegations in Paragraph 130.

131.    McKesson denies the allegations in Paragraph 131.

132.    McKesson denies the allegations in Paragraph 132.

133.    McKesson denies the allegations in Paragraph 133.

## PRAYER

In response to the PRAYER, including numbered subparts, following Paragraph 133, McKesson denies that Plaintiff is entitled to any judgment or any other relief requested, and, further answering, McKesson denies each and every allegation in the Complaint not specifically and expressly admitted above.

## DEFENSES

McKesson asserts the following defenses to the Complaint, including affirmative defenses:

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff lacks standing to sue for either injunctive relief or damages for alleged violations of the regulations promulgated by the West Virginia Board of Pharmacy pursuant to the West Virginia Uniform Controlled Substances Act.

## THIRD DEFENSE

The West Virginia Board of Pharmacy is the only state entity, if any, that may have standing to bring the immediate action because it is the responsible agency for permitting and regulating the wholesale distribution of pharmaceuticals in the State of West Virginia pursuant to the West Virginia Uniform Controlled Substances Act.

## FOURTH DEFENSE

Plaintiff's claims regarding McKesson's alleged violations of the West Virginia Board of Pharmacy's regulations fail because the West Virginia Board of Pharmacy granted and has continuously renewed McKesson's wholesale distributor permit.

## FIFTH DEFENSE

Plaintiff's claims against McKesson fail to create actionable claims, because the alleged wrongful acts contained in the Complaint do not state claims for the breach of a recognized legal duty owed by McKesson.

## SIXTH DEFENSE

Plaintiff has failed to sufficiently plead the alleged harms that the City of Huntington allegedly suffered.

## SEVENTH DEFENSE

Plaintiff's claims fail because Plaintiff has failed to plead a legally cognizable damages theory against McKesson.

**EIGHTH DEFENSE**

Plaintiff has failed to identify any specific "suspicious orders" alleged to have been filled by McKesson.

**NINTH DEFENSE**

Plaintiff's claims fail because Plaintiff cannot specifically prove the presence or identity of the products sold and/or distributed by McKesson which are alleged to have caused or contributed to the City of Huntington's alleged damages.

**TENTH DEFENSE**

The West Virginia Uniform Controlled Substances Act does not authorize a private right of action because it constitutes a comprehensive regulatory scheme which does not contain a legislative intent to create a private cause of action.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrine.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because the harms alleged were not proximately caused by McKesson.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because the harms alleged were caused by the negligent, intentional, and/or illegal acts of intervening third parties not under McKesson's control.

**FOURTEENTH DEFENSE**

The conduct of persons or entities other than McKesson was the competent producing cause of Plaintiffs alleged damages pursuant to the doctrines of comparative fault and/or contributory negligence.

**FIFTEENTH DEFENSE**

Recovery from McKesson is barred, in whole or in part, by the free public services doctrine.

## SIXTEENTH DEFENSE

Recovery from McKesson is barred, in whole or in part, by the economic loss doctrine.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because McKesson has complied with all applicable laws or regulations of the United States and the State of West Virginia.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation and repose.

## NINETEENTH DEFENSE

Plaintiff's claims are barred under the doctrines of laches, estoppel, and waiver.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because the claims are speculative and remote.

## TWENTY-SECOND DEFENSE

Plaintiff is not entitled to equitable relief because Plaintiff's remedy at law, if Plaintiff is entitled to any remedy, is adequate.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for unjust enrichment are barred because: (1) McKesson has not accepted or retained any benefits under any circumstances where it would be inequitable to do so; (2) there is no contractual or quasi-contractual privity between McKesson and the City of Huntington to justify a claim for unjust enrichment; (3) Plaintiff did not pay McKesson any of the amounts sought; and (4) Plaintiff has no authority to bring such claims,

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article 3 § 10 of the West Virginia Constitution because substantive due process forbids the retroactive imposition of changing and

unclear legal interpretations of the West Virginia Uniform Controlled Substances Act and the West Virginia Consumer Credit and Protection Act or any other federal or state statute that Plaintiff seeks to apply,

## TWENTY-FIFTH DEFENSE

To the extent that they are supported by the evidence, McKesson relies upon the bulk supplier doctrine and the sophisticated user defenses.

## TWENTY-SIXTH DEFENSE

McKesson relies upon the manufacturers' product use instructions, including, but not limited to, the product insert, to fully satisfy its duty to warn all end users, sophisticated users and bulk supply purchasers,

## TWENTY-SEVENTH DEFENSE

If it is judicially determined that the product(s) distributed by McKesson did cause, in whole or part, Plaintiffs alleged damages, which is specifically denied, then the product(s) distributed by McKesson were repackaged and distributed by a sophisticated user of the product who was knowledgeable of its hazards and who failed to provide the end user with the warnings.

## TWENTY-EIGHTH DEFENSE

Any relevant product allegedly sold and/or distributed by McKesson complied with all applicable governmental and industry rules, regulations, and standards.

## TWENTY-NINTH DEFENSE

McKesson relies upon the doctrine of abnormal use, misuse, and unintended use that was inconsistent with the product use instructions included with the relevant products distributed by McKesson or with other known safety practices.

## THIRTIETH DEFENSE

McKesson at all times complied with all applicable laws and regulations when it distributed any relevant product into the State of West Virginia.

### THIRTY-FIRST DEFENSE

Plaintiff fails to state a claim under the West Virginia Consumer Credit and Protection Act because the wholesale distribution of pharmaceuticals does not fall within the scope of conduct regulated by the Act.

### THIRTY-SECOND DEFENSE

Any alleged violation of the West Virginia Consumer Credit and Protection Act, the occurrence of which is expressly denied, was unintentional and the result of bona fide error, notwithstanding procedures reasonably adopted and maintained to avoid the alleged violation or error.

### THIRTY-THIRD DEFENSE

Plaintiff's claims are barred as a matter of public policy inasmuch as the social utility and public benefit of the relevant products outweigh any alleged risks of such products when used as described in the provided product use instructions.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims seek to deprive McKesson's protected property interest without due process of law in violation of McKesson's Procedural Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 3 §10 of the West Virginia Constitution.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims constitute a taking without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution and Article 3 §9 of the West Virginia Constitution.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims seek the recovery of damages prohibited by W. Va. Code § 55-7-13d because Plaintiffs' claims are derivative of harm resulting from felony criminal acts.

## THIRTY-SEVENTH DEFENSE

The damages alleged by Plaintiff were proximately caused by a superseding or intervening cause or causes other than an act or omission on the part of McKesson, and, thus, Plaintiff is barred from any recovery herein.

## THIRTY-EIGHTH DEFENSE

Plaintiff has failed to plead circumstances of alleged conspiracies or intentional torts with the required particularity.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are pre-empted, in whole or in part, by federal law.

## FORTIETH DEFENSE

Plaintiff's claims for punitive damages, if awarded, would constitute a violation of the United States Constitution and the Constitution of the State of West Virginia. Plaintiff's claims for actual and compensatory damages violate the Excessive Fines Clause to the Eighth Amendment of the United States Constitution.

## FORTY-FIRST DEFENSE

Plaintiff has failed to join indispensable parties required to be joined pursuant to Fed. R. Civ. P. 19 and W. Va. R. Civ. P. 19.

## FORTY-SECOND DEFENSE

To the extent that Plaintiff has asserted claims under the Federal Controlled Substance Act, McKesson's settlements with the Drug Enforcement Administration have *res judicata* effect, and Plaintiffs cannot seek a duplicative recovery.

## FORTY-THIRD DEFENSE

Plaintiff's claims are barred because the claims are duplicative of claims asserted by the West Virginia Attorney General on behalf of all citizens of West Virginia, including Plaintiff, against McKesson, and Plaintiffs claimed damages are duplicative of the damages sought by the West Virginia Attorney General on behalf of all citizens of West Virginia, including Plaintiff, against McKesson. The claims of the West Virginia Attorney General on behalf of all citizens of

West Virginia, including Plaintiff, against McKesson were first filed; the resolution of those claims will have *res judicata* effect; and Plaintiff cannot seek a duplicative recovery.

## FORTY-FOURTH DEFENSE

McKesson reserves the right to assert additional affirmative defenses, as may be determined during the course of additional investigation and discovery in this litigation.

WHEREFORE, McKesson having fully answered the allegations made against it in Plaintiffs Complaint, states that Plaintiff is not entitled to the relief prayed for in the Complaint, and prays that Plaintiffs complaint in this action be dismissed and that McKesson be awarded reasonable attorney fees and costs in defending this action, as well as such other and further relief as this Court may deem just and appropriate.

**MCKESSON CORPORATION**
**By Counsel**

  /s/Jeffrey M. Wakefield
Jeffrey M. Wakefield (WV Bar #3894)
Flaherty Sensabaugh Bonasso PLLC
P. O. Box 3843
Charleston, WV  25338-3843
304.345.0200
304.345-0260 (fax)
JWakefield@flahertylegal.com
*Counsel for McKesson Corporation*

*and*

Geoffrey Hobart, Esquire
Matthew Benov, Esquire
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
ghobart@cov.com
mbenov@cov.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**THE CITY OF HUNTINGTON,**

      **Plaintiff,**

**v.**                                          **Civil Action No. 3:17-cv-01362**
                                                    **(Judge Chambers)**

**AMERISOURCEBERGEN DRUG**
**CORPORATION, CARDINAL HEALTH**
**INC., MCKESSON CORPORATION and**
**GREGORY DONALD CHANEY, M.D.,**

      **Defendants.**

<u>**CERTIFICATE OF SERVICE**</u>

    I, Jeffrey M. Wakefield, Esquire, do hereby certify that on the 2nd day of March, 2017, I

served the foregoing **"ANSWER OF DEFENDANT MCKESSON CORPORATION"** upon the

parties hereto by depositing a true copy thereof via ECF to the following counsel of record:

Charles R. Webb, Esquire
The Webb Law Centre
716 Lee Street, East
Charleston, WV 25301
***Counsel for Plaintiffs***

A. L. Emch, Esquire
Adam J. Schwendeman, Esquire
Jackson Kelly PLLC
500 Lee Street East, Suite 1600
P. O. Box 553
Charleston, West Virginia 25322

Eric W. Sitarchuk, Esquire
Meridith S. Auten, Esquire
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103
***Counsel for AmerisourceBergen Drug Corp.***

Susan M. Robinson, Esquire
Robert H. Akers, Esquire
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
Charleston, WV 25301

23

Enu Mainigi, Esquire *(Pro Hac Vice)*
F. Lanc Heard, Esquire
Steven M. Pyser, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

James R. Wooley, Esquire *(Pro Hac Vice)*
Jones Day
North Point - 901 Lakeside Avenue
Cleveland, OH 44114

Elizabeth P. Kessler, Esquire *(Pro Hac Vice)*
Jones Day
325 John H. McConnell Blvd.
Columbus, OH 43215
***Counsel for Cardinal Health, Inc.***


   /s/Jeffrey M. Wakefield
Jeffrey M. Wakefield (WV Bar #3894)