# EXHIBIT A

# EXHIBIT A

```
CASE 16-C-137          MCDOWELL                        PAGE 0001

MCDOWELL COUNTY                    VS. MCKESSON CORPORATION


LINE   DATE   ACTION

  1 12/23/16  COMPLAINT FILED SUMMONS ISSUED, SUMMONS AND COMPLAINT GIVEN
  2           BACK TO COUNSEL FOR SERVICE WITH 20 DAYS TO ANSWER AS TO:
  3           MCKESSON CORP.-SERVED ON SOS 12/27/16
  4           AMERISOURCEBERGER DRUG CORP.-SERVED ON SOS 12/27/16
  5           CARDINAL HEALTH-SERVED ON SOS 12/27/16
  6           HAROLD COFER, M.D.- SERVED 01/03/17
  7 12/30/16  MOTION FOR FOR PRO HAC VICE ADMISSION OF JOHN YANCHUNIS FILED.
  8 01/05/17  ORDER AUTHORIZING PRO HAC VICE ADMISSION OF JOHN YANCHUNIS.
  9           BK. 109B PG. 623
 10 01/23/17  MOTION FOR PRO HAC VICE OF JAMES YOUNG FILED.
```

. TRUE COPY TESTE
RANCINE SPENCER CLERK

**I.   Parties**

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

PLAINTIFF: MCDOWELL COUNTY

V.                                                    Civil Action No.: 16-C-137-M

DEFENDANTS: MCKESSON CORPORATION, AMERISOURCEBERGER DRUG
CORPORATION, CARDINAL HEALTH, INC., and HAROLD ANTHONY COFER, JR., M.D.

**II.   Type of Case**

| TORTS | OTHER CIVIL | |
|---|---|---|
| Asbestos | Adoption | Appeal from Magistrate Court |
| Medical Malpractice | Contract | Petition for Modification of Magistrate Sentence |
| Personal Injury | Real Property | Miscellaneous Civil |
| Product Liability | Mental Health | Other |
| X  Other Tort | Appeal of Administrative Agency | |

**III.   Jury Demand**   __X__ Yes   _____ No

Case will be ready for trial by (month/year):    December, 2017

**IV.   Do you or any of your clients or witnesses in this civil action require special accommodations due to a disability or age? No**

If yes, please specify:  _____ Wheelchair accessible hearing room and other facilities
_____ Interpreter or other auxiliary aid for the hearing impaired
_____ Reader or other auxiliary aid for the visually impaired
_____ Spokesperson or other auxiliary aid for the speech impaired
_____ Other: _____

**Counsel for Plaintiff:**

Mark E. Troy, Esq. (WVSB #6678)
Troy Law Firm, PLLC
222 Capitol Street, Suite 200A
Charleston, WV 25301
(304) 345-1122 – Telephone

Harry F., Bell, Jr., Esq. (WVSB #297)
The Bell Law Firm, PLLC
30 Capitol Street
Charleston, WV 25301
(304) 345-1700 – Telephone

John Yanchunis, Esq.
Morgan & Morgan Complex
Litigation Group
201 N. Franklin St., 7th Floor
Tampa, FL 33602
(813) 223-5505 – Telephone

James Young, Esq.
Morgan & Morgan Complex Litigation Group
76 S. Laura St., Suite 1100
Jacksonville, FL 32202
(904) 398-2722

Signature: _____

MARK E. TROY, ESQUIRE (WVSB #6678)

Date:   **December 23, 2016**

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

        Plaintiff,

v.

                                     Civil Action No. 16-C- 1 37-M
                                     Judge: Murensky

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

        Defendants.

## COMPLAINT

    **COMES NOW** the Plaintiff, McDowell County, West Virginia, by counsel, and for its Complaint against Defendants, McKesson Corporation ("McKesson"), AmerisourceBergen Drug Co. (Amerisource), Cardinal Health Inc. ("Cardinal") and Harold Anthony Cofer, Jr., M.D. ("Dr. Cofer"), alleges, avers and complains as follows:

## PARTIES

    1.    Plaintiff McDowell County is a political subdivision of the state of West Virginia.

    2.    McDowell County has been severely damaged by Defendants' collective actions. More specifically, McDowell County has suffered actual harm as a result of the conduct of Defendants, motivated by profit and greed, in knowingly flooding McDowell County with opioids (schedule II drugs) well beyond what would be necessary to address the pain and other associated reasons that the residents of McDowell County might use opioids. The devastation caused by these Defendants has wrecked the local economy, over-burdened the budget of McDowell County, and destroyed the lives of many residents who call McDowell County home.

Page 1

3.      The collective actions of Defendants have caused and will continue to cause McDowell County to expend substantial sums of public funds to deal with the significant consequences of the opioid epidemic that was fueled by Defendants' illegal, reckless, and malicious actions in flooding the state with highly addictive prescription medications without regard for the adverse consequences to McDowell County or its residents.

4.      Defendants' actions, motivated by the pursuit of money without regard to the welfare of McDowell County and its residents, have caused substantial damages, including but not limited to, increased expenses of drug treatment programs, medical care and hospitalizations, emergency medical transportation, costs of law enforcement response and investigations, costs of prosecutions and incarcerations, and costs of repair for property damage.

### McKesson Corporation

5.      McKesson Corporation is a Delaware Corporation with headquarters in California that conducts business in West Virginia.

6.      Among its many business interests, McKesson distributes pharmaceuticals to retail pharmacies as well as institutional providers like hospitals and county health departments.

7.      McKesson is the largest pharmaceutical distributor in North America.  McKesson delivers approximately one third of all pharmaceuticals used in North America.

8.      McKesson is a registrant with the West Virginia Board of Pharmacy and does substantial business in the State of West Virginia wherein it has, during the period relevant herein, distributed pharmaceuticals in McDowell County.

### AmerisourceBergen Drug Corporation

9.      AmerisourceBergen Drug Corporation is a Delaware Corporation that conducts business in West Virginia.

Page 2

10.    The above named Defendant is referenced throughout this Complaint as Amerisource.  Like McKesson, Amerisource distributes pharmaceuticals to retail pharmacy operations, as well as institutional providers like hospitals and county health departments.

11.    Amerisource is the second largest pharmaceutical distributor in North America.

12.    Amerisource is a registrant with the West Virginia Board of Pharmacy and does substantial business in the State of West Virginia wherein it has, during the period relevant herein, distributed pharmaceuticals in McDowell County.

### Cardinal Health Inc.

13.    Cardinal Health Inc. is an Ohio Corporation that conducts business in West Virginia.

14.    The above named Defendant is referenced throughout this Complaint as Cardinal. Like McKesson and Amerisource, Cardinal distributes pharmaceuticals to retail pharmacy operations, as well as institutional providers like hospitals and county health departments.

15.    Cardinal is the third largest pharmaceutical distributor in North America.

16.    Cardinal is a registrant with the West Virginia Board of Pharmacy and does substantial business in the state of West Virginia wherein it has, during the period relevant herein, distributed pharmaceuticals McDowell County.

17.    Collectively, the above named Defendants shipped 423 million pain pills to West Virginia between 2007 and 2012, earning $17,000,000,000 in net income.

### Dr. Harold Anthony Cofer, Jr.

18.    Dr. Cofer is a licensed physician who has been licensed to practice in West Virginia since 1981 (medical license number 12594).

Page 3

19.    Dr. Cofer practiced medicine in McDowell County (Northfork) from 2012 through 2015. Dr. Cofer currently practices in Bluefield, West Virginia (Mercer County).

20.    Over the relevant time period, Dr. Cofer wrote prescriptions for medications, including but not limited to schedule II opioids, to individual patients at his office in McDowell County.

## JURISDICTION AND VENUE

21.    This Court has jurisdiction over this case and over Defendants pursuant to the provisions of W.Va. Code § 56-3-33.

22.    Venue is appropriate in McDowell County, West Virginia as the acts and practices of the Defendants at issue herein occurred in and caused the damage in McDowell County. Additionally, during the relevant time period, Dr. Cofer maintained an office in McDowell County.

## FACTUAL BACKGROUND

23.    Within the last 20 years, a scourge has infected this country, particularly in greater Appalachia and West Virginia.[1]  McDowell County is ground zero for this plague that has destroyed lives and ruined local economies.  The scourge is commonly described as the 'opioid epidemic.'  Defendants herein each played a key part in the creation, proliferation, and continuation of the opioid epidemic and the resulting catastrophic damage.

24.    Defendants each profited while disregarding the impact that their actions had on the people under the spell of these drugs.

25.    Opioids are effective treatments for short-term post-surgical and trauma-related pain, and for palliative (end-of-life) care.[2]  However, opioids are addictive and subject to abuse.

---

[1] https://www.ncbi.nlm.nih.gov/pubmed/22786464
[2] "Originally a term denoting synthetic narcotics resembling opiates but increasingly used to refer to both opiates and synthetic narcotics." Stedman's Medical Dictionary 27th Edition

particularly when used long-term for chronic non-cancer pain (pain lasting three months or longer, hereinafter referred to as "chronic pain"), and should not be used except as a last-resort.

26.     As pharmaceutical wholesalers and a practicing physician, Defendants have known for years that with prolonged use, the effectiveness of opioids wanes, requiring increases in doses and markedly increasing the risk of significant side effects and addiction.

27.     Defendants knew also that controlled studies of the safety and efficacy of opioids were limited to short-term use (not longer than 90 days), and in managed settings (e.g., hospitals), where the risk of addiction and other adverse outcomes was much less significant. The U.S. Food and Drug Administration ("FDA") has expressly recognized that there have been no long-term studies demonstrating the safety and efficacy of opioids for long-term use.

28.     Prescription opioids, which include well-known brand-name drugs like OxyContin and Percocet, as well as generics like oxycodone and hydrocodone, are narcotics. They are derived from or possess properties similar to opium and heroin, and thus, they are regulated as controlled substances.[3]

29.     Opioids—once a niche drug—are now the most prescribed class of drugs—more than blood pressure, cholesterol, or anxiety drugs. While Americans represent only 4.6% of the world's population, they consume 80% of the opioids supplied around the world and 99% of the global hydrocodone supply. Together, opioids generated $8 billion in revenue for drug companies in 2012, a number that is projected to reach $15.3 billion by the end of 2016.

---

[3] Since passage of the Controlled Substances Act ("CSA") in 1970, opioids have been regulated as controlled substances. Controlled substances are categorized in five schedules, ranked in order of their potential for abuse, with Schedule I being the highest. The CSA imposes a hierarchy of restrictions on prescribing and dispensing drugs based on their medicinal value, likelihood of addiction or abuse, and safety. Opioids generally had been categorized as Schedule II or Schedule III drugs. Schedule II drugs have a high potential for abuse, have a currently accepted medical use, and may lead to severe psychological or physical dependence. 21 U.S.C. § 812. Schedule II drugs may not be dispensed without an original copy of a manually signed prescription, which may not be refilled, from a doctor and filled by

30.     Like heroin, prescription opioids work by binding to receptors on the spinal cord and in the brain, dampening the perception of pain. Opioids also can create a euphoric high, which can make them addictive. At certain doses, opioids can slow the user's breathing, causing respiratory depression and, ultimately, death.

31.     The dramatic increase in opioid prescriptions to treat common chronic pain conditions has resulted in a population of addicts who seek drugs from doctors. When turned down by one physician, many of these addicts deploy increasingly desperate tactics—including doctor-shopping, use of aliases, and criminal means—to satisfy their cravings.

32.     Opioid abuse has not displaced heroin, but rather triggered resurgence in its use, imposing additional burdens on McDowell County and local agencies that address heroin use and addiction. Huntington, West Virginia experienced 27 heroin overdoses in the span of four hours on August 15, 2016.[4]

33.     According to the CDC, the percentage of heroin users who also use opioid pain relievers rose from 20.7% in 2002 to 2004 to 45.2% in 2011 to 2013. Heroin produces a very similar high to prescription opioids, but is often cheaper. While a single opioid pill may cost $10-$15 on the street, users can obtain a bag of heroin, with multiple highs, for the same price. It is hard to imagine the powerful pull that would cause a law-abiding, middle-aged person who started on prescription opioids for a back injury to turn to buying, snorting, or injecting heroin, but that is the dark side of opioid abuse and addiction.

34.     Dr. Robert DuPont, former director of the National Institute on Drug Abuse and the former White House drug czar, opines that opioids are more destructive than crack cocaine:

"[Opioid abuse] is building more slowly, but it's much larger. And the potential[l] for death, in particular, [is] way beyond anything we saw then. . . . [F]or pain

---

[4] See http://www.cnn.com/2016/08/17/health/west-virginia-city-has-27-heroin-overdoses-in-4-hours/index.html

Page 6

medicine, a one-day dose can be sold on the black market for $100. And a single dose can [be] lethal to a non-patient. There is no other medicine that has those characteristics. And if you think about that combination and the millions of people who are using these medicines, you get some idea of the exposure of the society to the prescription drug problem."[5]

35.     The hard working people of McDowell County, many of whom work in labor intensive occupations like mining, construction or transportation (e.g., railroad), often suffer from chronic pain. This pain takes an enormous toll on their health, their lives, and their families. These patients deserve both appropriate care and the ability to make decisions based on accurate, complete information about treatment risks and benefits.

36.     As laid bare in this Complaint, Defendants each played a key role in the distribution and prescribing of opioids over the relevant time period. Simply put, the scheme could not have worked without each Defendant playing their respective part.

37.     Pharmaceuticals like opioids are not sold directly to pharmacies for ultimate dispensing. Rather, there is a highly sophisticated system which distributes the drugs across the nation.

38.     Defendants were each on notice that the controlled substances they distributed or prescribed were the kinds that were susceptible to being diverted for illegal purposes, abused, overused, and otherwise sought for illegal, unhealthy, or problematic purposes.

39.     As entities involved in the distribution and prescribing of dangerous opioid medications, McKesson, Amerisource, Cardinal and Dr. Cofer were engaged in an abnormally and/or inherently dangerous activity and, thus, had a heightened duty of care under West Virginia law.

---

[5] Transcript, Use and Abuse of Prescription Painkillers, The Diane Rehm Show (Apr. 21, 2011), http://thedianerehmshow.org/shows/2011-04-21/use-and-abuse-prescription-painkillers/transcript.

40.     McKesson, Amerisource and Cardinal purchased opioids from manufacturers and sold them to pharmacies throughout McDowell County. In order to do so they must first register with the West Virginia Board of Pharmacy.

41.     McKesson, Amerisource and Cardinal knew or should have known that they were supplying vast amounts of dangerous drugs to small markets that were already facing abuse, diversion, misuse and other problems associated with the opioid epidemic. Though they had a duty to the consuming public, collectively and individually, McKesson, Amerisource and Cardinal failed to take any action to prevent, minimize, or reduce the distribution of these dangerous drugs.

42.     McKesson, Amerisource and Cardinal all had the ability to slow down, question, inspect, report, alert, or otherwise limit the flow of these dangerous drugs into McDowell County, but chose not to do so.

43.     Individuals in West Virginia cannot obtain opioids without a prescription written by a licensed medical provider. Dr. Cofer was a licensed medical provider in West Virginia over the relevant time period. Dr. Cofer provided written opioid prescriptions for patients despite knowing that the opioids were likely to be abused, diverted, or misused. Dr. Cofer knew or should have known his actions resulted in patients obtaining dangerous drugs that they did not need, were likely to be abused, or were likely to be resold on the street.

44.     All Defendants were on notice that West Virginia law required them, inter alia, to provide effective controls and procedures to guard against diversion of controlled substances, pursuant to 15 C.S.R. § 2-4.21 and 2-4.4 and the WV Controlled Substances Act.

45.     The result of Defendants' collective actions has been catastrophic for nearly everyone in McDowell County except the Defendants.

## The Role of Wholesalers

46.     McKesson, Amerisource and Cardinal knew, or should have known that West Virginia had an exceedingly high rate of illegal use and diversion of prescription opioids. Numerous publications, news sources and studies highlighted the epidemic rate of opioid abuse and overdose rates in West Virginia.

47.     According to a study from the Trust for America's Health and the Robert Wood Johnson Foundation that focused on overdose statistics from 2009 to 2013, West Virginia has the highest overdose rate in the country.

48.     McKesson, Amerisource and Cardinal, like all pharmaceutical wholesalers, were under an obligation to report suspicious orders to the appropriate authorities. Despite having information that suspicious orders were being placed, and despite actually filling these suspicious orders time after time, McKesson did not begin to comply with its regulatory obligations until March 2015, well after the unfortunate opioid train had left the station. Since that time, McKesson has submitted 4,814 suspicious order reports.

49.     Failing to submit its required suspicious order reports is not a new development for McKesson. In fact, McKesson paid a $13.2 million fine to settle similar claims in 2008 with regard to suspicious orders from internet pharmacies.

50.     More recently, McKesson settled a similar investigation brought by the Department of Justice in 2015 by paying $150 million and suspending the DEA registrations for three distribution centers.

51.     Amerisource and Cardinal similarly delayed compliance with the reporting of suspicious orders. After June 2012, Cardinal finally submitted 2,426 suspicious order reports, though nine months are seemingly missing from their submissions. In 2008 Cardinal paid a $34

Page 9

million fine for failing to report suspicious orders of hydrocodone. More recently, in 2012 Cardinal's Lakeland, Florida warehouse was suspended by the DEA for two years as a result of shipping suspect orders of opioids.

52.     McKesson, Amerisource and Cardinal were also aware that the Healthcare Distribution Management Association ("HDMA"), of which they are members, created "Industry Compliance Guidelines" based upon Drug Enforcement Agency requirements which stressed the critical role of each member of the supply chain in distributing controlled substances. These industry guidelines provided: "At the center of a sophisticated supply chain, Distributors are uniquely situated to perform due diligence in order to help support the security of controlled substances they deliver to their customers." Indeed, the HDMA advises all distributors to "Know Your Customer."

53.     Between 2007 and 2012, McKesson, Amerisource and Cardinal have shipped 423 million doses of highly addictive controlled pain killers into West Virginia, many of which should have been stopped and/or investigated as suspicious orders.

54.     Upon information and belief, McKesson, Amerisource and Cardinal failed to undertake any effective affirmative efforts to prevent diversion of its medicines for illegal or abusive purposes.

55.     When the population of the county is taken into consideration, McKesson, Amerisource and Cardinal delivered an excessive and unreasonable number of highly addictive controlled substances in McDowell County.

56.     Upon information and belief, McKesson, Amerisource and Cardinal did not refuse to ship or supply any controlled substances to any McDowell County pharmacy between 2007 and the present.

57. McKesson, Amerisource and Cardinal knew or should have known that they were supplying opioid medications far in excess of the legitimate needs for McDowell County.

58. McKesson, Amerisource and Cardinal knew or should have known that there was a high likelihood that a substantial number of the prescription pain killers they supplied to pharmacies and drug stores in McDowell County were being diverted to illegal use or abuse.

59. McKesson, Amerisource and Cardinal had a legal duty to ensure they were not filling suspicious orders, as well as to report suspicious orders.

60. The sheer volume of highly addictive opioid pain medications McKesson, Amerisource and Cardinal shipped to McDowell County from 2007 through the present was suspicious on its face.

61. Upon information and belief, McKesson, Amerisource and Cardinal made little to no effort to visit the pharmacies and drug stores in McDowell County to which they shipped substantial amounts of prescription medication, in order to conduct due diligence to ensure the medications they were shipping were not diverted to illegal uses.

62. McKesson, Amerisource and Cardinal paid its sales force employees' and managers' bonuses and commissions on the sale of most or all of the highly addictive prescription pain killers supplied to McDowell County.

63. McKesson, Amerisource and Cardinal made substantial profits from the drugs which were sold in McDowell County.

64. McKesson, Amerisource and Cardinal knowingly filled suspicious orders in McDowell County from 2007 to the present.

65.     McKesson, Amerisource and Cardinal undertook intentional distribution of excessive prescription pain killers to a small community which showed a reckless disregard to the safety of McDowell County and its residents.

### The Role of Dr. Cofer

66.     Despite being a licensed physician, Dr. Cofer undertook no efforts to determine whether the volume of prescription pain killers he was prescribing to McDowell County patients was excessive and whether any of the prescriptions he wrote should have been refused.

67.     Dr. Cofer knew or should have known that he was prescribing opioid medications far in excess of the legitimate needs for McDowell County.

68.     Dr. Cofer knew or should have known that there was a high likelihood that a substantial number of the prescription pain killers he wrote in McDowell County were being diverted to illegal use or abuse.

69.     Dr. Cofer had a legal duty to ensure he was not prescribing suspicious orders.

70.     The sheer volume of highly addictive opioid pain medications Dr. Cofer wrote in McDowell County was suspicious on its face.

71.     Dr. Cofer made substantial profits from the drugs which were sold in McDowell County.

72.     Dr. Cofer was investigated by the Complaint Committee of the West Virginia Board of Medicine for improper prescribing of narcotic pain medication.

73.     In March 2015, the Committee initiated a second investigation of Dr. Cofer based on a report from the West Virginia Controlled Substance Monitoring Program Database Review Committee (CSMP Review Committee).

Page 12

74.     The CSMP Review Committee notified the West Virginia Board of Medicine that a review done by the chief medical examiner of two drug overdoses could be traced to prescriptions written by Dr. Cofer for controlled substances. The overdoses resulted in the deaths of two patients.

75.     In addition to the two patients who died, 14 other patients who had been prescribed controlled substances were included in the review by the West Virginia Board of Medicine.

76.     The West Virginia Board of Medicine concluded that Dr. Cofer's medical records did not contain evidence of routine use of controlled substance agreements or routine drug screens prior to 2015.

77.     The West Virginia Board of Medicine concluded that Dr. Cofer's medical records contained limited documentation that drug screens were reviewed and documented in the patient record.

78.     The West Virginia Board of Medicine concluded that Dr. Cofer's medical records contained limited evidence that the Controlled Substance Monitoring Program database was queried in conformity with West Virginia law (W. VA. Code R. §11-10-1 et.seq.).

79.     On or about February 6, 2016, Dr. Cofer agreed with the stipulated Findings of Fact and Conclusions of Law reached by the West Virginia Board of Medicine.

## COUNT I
## NEGLIGENCE OF MCKESSON, AMERISOURCE AND CARDINAL

80.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 79.

81.     McKesson, Amerisource and Cardinal are distributors of controlled substances and must comply with both the laws of West Virginia and with industry customs and standards.

82.     As licensed registrants with the West Virginia Board of Pharmacy, McKesson, Amerisource and Cardinal were required to submit suspicious order reports.

83.     McKesson, Amerisource and Cardinal failed to submit, or fully disclose suspicious orders.

84.     McKesson and Cardinal negligently failed to ensure its conduct conformed to West Virginia law and regulations.

85.     McKesson and Cardinal negligently failed to conform their conduct to United States law and regulations.

86.     McKesson and Cardinal negligently turned a blind eye to the foregoing factors by regularly distributing large quantities of commonly-abused, highly addictive controlled substances to clients who were serving a customer base comprised of individuals who were abusing prescription medications, many of whom were addicted and whom reasonably can be expected to become addicted or to engage in illicit drug transactions.

87.     McKesson, Amerisource and Cardinal had a duty to McDowell County to comply with their obligation to report suspicious orders in McDowell County.

88.     McKesson, Amerisource and Cardinal breached this duty by virtue of the above allegations. The breach is the proximate cause of damages suffered by Plaintiff.

89.     Industry standards also require McKesson, Amerisource and Cardinal to:

- know its customers,

- know its customer base,

- know the population base served by a particular pharmacy or drug store,

- know the average prescriptions filled each day,

- know the percentage of diverted and/or abused controlled substances distributed as compared to overall purchases,

- have a description of how the dispenser fulfills its responsibility to ensure that prescriptions filled are for legitimate medical purposes, and

• know the identification of the physicians and bogus pain clinics and centers for the alleged treatment of pain that are the pharmacy or drug stores' most frequent prescribes.

90.     McKesson, Amerisource and Cardinal negligently failed to ensure its conduct conformed to industry standards.

91.     The aforementioned conduct was a direct breach of the duty Defendants McKesson, Amerisource and Cardinal owed to Plaintiff which was the proximate cause of Plaintiff suffering damages for which it seeks a recovery herein.

## COUNT II
## NEGLIGENCE OF DR. COFER

92.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 79.

93.     Medicare data obtained for the years 2012 through 2014 showed a steady increase in the number of claims filed by Dr. Cofer for Medicare Part D.  In 2012, Dr. Cofer filed 7,133 claims; in 2013, Dr. Cofer filed 10,238 claims; and in 2014, Dr. Cofer filed 12,468 claims.[6]

94.     Data obtained from an agency of the United States government for 2013 revealed that Dr. Cofer prescribed schedule II drugs to 19% of the 397 Medicare patients examined in 2013. The average among all physicians was only 5%.

95.     Dr. Cofer wrote 308 prescriptions (to include refills) for Oxycodone HCL7 to Medicare patients in 2013.  Based on an average of 30 pills per prescription, this equaled 9,240 pills.

96.     The 308 prescriptions for Oxycodone HCL was the second highest prescribed medication by Dr. Cofer in 2013.

---

[6] All Medicare data for Dr. Cofer was located at ProPublica.org.

97.     Data obtained from an agency of the United States government for 2014 revealed that Dr. Cofer filled at least one prescription for an opioid to 57% of the 449 Medicare patients examined in 2014.  The average among physicians was only 25%.

98.     Dr. Cofer wrote 387 prescriptions (to include refills) for Oxycodone HCL to Medicare patients in 2014.  Based on an average of 30 pills per prescription, this equaled 11,610 pills.

99.     The 387 prescriptions of Oxycodone HCL was the third highest prescribed medication by Dr. Cofer in 2014.

100.    In January 2015, the Complaint Committee of the West Virginia Board of Medicine (West Virginia Board of Medicine) initiated an investigation of Dr. Cofer for improper prescribing of narcotic pain medication.

101.    In March 2015, the West Virginia Board of Medicine initiated a second investigation of Dr. Cofer based on a report from the West Virginia Controlled Substance Monitoring Program Database Review Committee (CSMP Review Committee).

102.    The CSMP Review Committee notified the West Virginia Board of Medicine that a review done by the chief medical examiner of two drug overdoses could be traced to prescriptions written by Dr. Cofer for controlled substances. The overdoses resulted in the deaths of two patients.

103.    In addition to the two patients who died, 14 other patients who had been prescribed controlled substances were included in the review by the West Virginia Board of Medicine.

104.    The West Virginia Board of Medicine concluded that Dr. Cofer's medical records did not contain evidence of routine use of controlled substance agreements or routine drug screens prior to 2015.

105.     The West Virginia Board of Medicine concluded that Dr. Cofer's medical records contained limited documentation that drug screens were reviewed and documented in the patient record.

106.     The West Virginia Board of Medicine concluded that Dr. Cofer's medical records contained limited evidence that the Controlled Substance Monitoring Program database was queried in conformity with West Virginia statute (W. VA. Code R. §11-10-1 et. seq.).

107.     On or about February 6, 2016, Dr. Cofer agreed with the stipulated Findings of Fact and Conclusions of Law reached by the West Virginia Board of Medicine.

108.     As a practicing physician working in McDowell County, Dr. Cofer owed a duty of care to the residents of McDowell County and to the County itself.

109.     Dr. Cofer's negligent acts and omissions have led to the dispensing of controlled substances for non-legitimate medical purposes and fueling a prescription drug abuse epidemic in West Virginia.

110.     Dr. Cofer's negligent acts and omissions supplied millions of doses of commonly-abused, highly addictive controlled substances that supported the demands of bogus pain clinics that did little more than provide prescriptions of highly addictive prescription pain killers to individuals with no medical evidence supporting the prescription.

111.     Dr. Cofer's negligent acts and omissions fueled countless prescriptions that were primarily filled to divert the medication to illegal purposes.

112.     Dr. Cofer's negligent violations of West Virginia law make him liable for all the damages which are sustained therefrom. W.Va. Code § 55-7-9.

113.     Dr. Cofer's negligent acts and omissions have proximately caused and substantially contributed to damages suffered by Plaintiff.

Page 17

## COUNT III
## DEFENDANTS MCKESSON, AMERISOURCE AND CARDINAL'S
### Violation of W.Va. Code § 60A-8-1 et seq and W.Va. Code § 55-7-9

114.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 79.

115.    Defendants McKesson, Amerisource and Cardinal intentionally contributed to the prescription drug abuse epidemic in the state of West Virginia through repeated intentional violations of various provisions of the West Virginia Uniform Controlled Substances Act and through reckless disregard to the safety and well-being to the citizens of West Virginia, including the citizens of McDowell County.

116.    Defendants McKesson, Amerisource and Cardinal intentionally failed to meet or otherwise misrepresented their compliance with the requirements of W.Va. Code § 60A-8-1 et seq and otherwise intentionally violated the West Virginia Uniform Controlled Substances Act.

117.    Defendants McKesson, Amerisource and Cardinal intentionally failed to ensure their conduct conformed to industry standards, West Virginia law and other regulations.

118.    Defendants McKesson, Amerisource and Cardinal intentionally turned a blind eye toward industry standards, West Virginia law, and other regulations by regularly distributing obscenely large quantities of commonly-abused, highly addictive controlled substances to clients who were serving a customer base comprised of individuals who were abusing prescription medications, many of whom were addicted and whom can reasonably be expected to become addicted or to engage in illicit drug transactions.

119.    Defendants McKesson, Amerisource and Cardinal's intentional acts and omissions have led to the dispensing of controlled substances for non-legitimate medical purposes and fueling a prescription drug abuse epidemic in West Virginia, including McDowell County.

120.    Defendants McKesson, Amerisource and Cardinal's intentional acts and omissions supplied millions of doses of commonly-abused, highly addictive controlled substances that supported the demands of bogus pain clinics that did little more than provide prescriptions of highly addictive prescription pain killers to individuals with no medical evidence supporting the prescription.

121.    Defendants' McKesson, Amerisource and Cardinal's intentional acts and omissions fueled countless prescriptions that were primarily filled to divert the medication to illegal purposes.

122.    Defendants McKesson, Amerisource and Cardinal's intentional violations of West Virginia law make them liable for all the damages which are sustained therefrom. W.Va. Code Section 55-7-9.

123.    Defendants McKesson, Amerisource and Cardinal's intentional acts and omissions have proximately caused and substantially contributed to damage suffered by McDowell County, and created conditions which contribute to the violation of West Virginia laws by others.

124.    Defendants McKesson, Amerisource and Cardinal's intentional acts and omissions have proximately caused and substantially contributed to damages suffered by Plaintiff and were in violation of the customs, standards and practices within Defendants' own industries.

125.    Upon information and belief, Defendants McKesson, Amerisource and Cardinal continue to intentionally violate West Virginia laws and regulations, United States laws and regulations, and Defendants' industry customs, standards and practices which continue to proximately cause substantial damages to Plaintiff.

**COUNT IV**
**DR. COFER'S VIOLATION**
**of W.Va. Code § 60A-4-401 and W.Va. Code § 55-7-9**

126.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 79.

Page 19

127.    Dr. Cofer constructively delivered controlled substances requiring valid prescriptions by the issuance of purported prescriptions on behalf of purported patients who received the controlled substances from various pharmacists who filled such prescriptions.

128.    Dr. Cofer issued such prescriptions intentionally or knowingly outside the usual "course of professional practice or research," thereby not engaging in the authorized activities of a "practitioner," as defined in W.Va. Code, 60A–1–101(v), as amended. Dr. Cofer's prescriptions were issued intentionally or knowingly without a legitimate medical other authorized purpose.

129.    By virtue of Dr. Cofer's actions, he constructively delivered controlled substances in violation of W.Va. Code, 60A–4–401(a), as amended, which is part of West Virginia's Uniform Controlled Substances Act.

130.    Defendant Dr. Cofer's intentional violations of West Virginia law make him liable for all the damages which are sustained therefrom. W.Va. Code § 55-7-9.

131.    Defendant Dr. Cofers' intentional acts and omissions have proximately caused and substantially contributed to damage suffered by McDowell County, and created conditions which contribute to the violation of West Virginia laws by others.

### COUNT V
### UNJUST ENRICHMENT

132.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 79.

133.    As a result of all Defendants' actions, Plaintiff has expended substantial amounts of money annually that it would not have otherwise expended on numerous services through various agencies, including, but not limited to: Increased law enforcement, prosecutors and prosecutions, courts and court personnel, public defender services, corrections and correctional facilities, probation and parole, public welfare and service agencies, healthcare and medical services and drug abuse education and treatment.

Page 20

134. Plaintiff has lost revenue and incurred direct and indirect costs from workplace accidents, absenteeism, and decreased productivity from prescription drug abuse.

135. Plaintiff remains responsible for costs of prescriptions, health care, and other medically-related costs, rehabilitation, and work-related programs, workers' compensation, public insurance, law enforcement, prosecution costs, court related costs, public defender services, correctional institutions, probation and parole services, which costs have substantially increased as a result of the Defendants' acts and omissions.

136. Plaintiff will continue to incur these increased costs in the future as a result of the Defendants' conduct listed herein.

137. Collectively, Defendants McKesson, Amerisource, Cardinal and Dr. Cofer made large profits while fueling the prescription drug epidemic in West Virginia and McDowell County.

138. Defendants McKesson, Amerisource and Cardinal continue to receive considerable profits from the distribution of controlled substances in McDowell County.

139. Defendants McKesson, Amerisource, Cardinal, and Dr. Cofer were each unjustly enriched by their negligent, intentional, malicious, oppressive, illegal and unethical acts, omissions, and wrongdoing.

140. Defendants McKesson, Amerisource, and Cardinal's sales of prescription medications were increased by their negligent, intentional, malicious, oppressive, illegal and unethical acts, omissions, and wrongdoing by the distribution of drugs which were diverted for purposes other than legitimate medical needs.

141. Defendants McKesson, Amerisource, and Cardinal's negligent, intentional, malicious, oppressive, illegal and unethical acts, omissions, and wrongdoing have unjustly enriched the Defendants and are directly related to the damages and losses of the Plaintiff.

142.     Defendants McKesson, Amerisource, and Cardinal's negligent, intentional, malicious, oppressive, illegal and unethical acts, omissions, and wrongdoing entitle Plaintiff to disgorgement of the profits received by Defendants for all sales it made in McDowell County from 2007 to present.

143.     Defendants are liable to Plaintiff for all damages incurred as a result of Defendants' negligent, intentional, malicious, oppressive, illegal and unethical acts, omissions, and wrongdoing contained herein.

## PRAYER

**WEHREFORE**, Plaintiff prays that the Court grant the following relief:

1.     Order a jury trial on all issues so triable to determine damages as a result of the Defendants' actions outlined in this Complaint

2.     Enter Judgment in favor of Plaintiff;

3.     Enter a temporary restraining order which:

    a.     Prevents Defendants from continuing to violate West Virginia laws;

    b.     Prevents Defendants from continuing to violate United States laws and regulations relating to the distribution of controlled substances;

    c.     Mandates that Defendants promptly notify the appropriate state and federal authorities of any and all suspicious orders for controlled substances as received from parties who are located in McDowell County;

    d.     Mandates Defendants submit their system for determining suspicious orders to those West Virginia authorities for prior approval, and to enjoin Defendants from distributing any controlled substance in McDowell County for any non-legitimate medical purpose;

4.     Enter a permanent restraining order which:

    a.     Prevents Defendants from continuing to violate West Virginia laws;

b.   Prevents Defendants from continuing to violate United States laws and regulations relating to the distribution of controlled substances;

c.   Mandates that Defendants promptly notify the appropriate state and federal authorities of any and all suspicious orders for controlled substances as received from parties who are located in McDowell County;

d.   Mandates Defendants submit their system for determining suspicious orders to those West Virginia authorities for prior approval, and to enjoin Defendants from distributing any controlled substance in McDowell County for any non-legitimate medical purpose; and

e.   Mandates Defendants provide Plaintiff with the assistance necessary to address the addiction and the resulting destruction left by Defendants' actions

5.   Order equitable relief, including, but not limited to restitution and disgorgement;

6.   Award punitive damages for Defendants' willful, wanton, malicious, oppressive, and intentional actions as detailed herein;

7.   Award attorneys' fees and costs and

8.   Award such other relief as this Court deems just and appropriate.

**PLAINTIFF SEEKS A TRIAL BY JURY FOR ALL COUNTS SO TRIABLE.**

MCDOWELL COUNTY,
By Counsel:

Mark E. Troy, Esq. (WV BAR NO. 6678)
**Troy Law Firm, PLLC**
222 Capitol Street, Suite 200A
Charleston, WV 25301
Telephone: (304) 345-1122

Harry F. Bell, Jr., Esq. (WV BAR NO. 297)
**THE BELL LAW FIRM PLLC**
P.O. Box 1723
30 Capitol Street
Charleston, WV 25326-1723
Telephone: (304) 345-1700

Page 23

John Yanchunis *(Pro Hac Vice to be filed)*
Florida Bar No. 324681
**MORGAN & MORGAN COMPLEX**
**LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

James Young *(Pro Hac Vice to be filed)*
Florida Bar No. 567507
**MORGAN & MORGAN COMPLEX**
**LITIGATION GROUP**
76 S. Laura St., Suite 1100
Jacksonville, FL 32202
Telephone: (904) 398-2722

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Francine Spencer
McDowell County Courthouse
90 Wyoming Street, Suite 201
Welch, WV 24801-0400

**Control Number:** 129878

**Defendant:** MCKESSON CORPORATION
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company

**County:** McDowell

**Civil Action:** 16-C-137-M

**Certified Number:** 92148901125134100001536525

**Service Date:** 12/27/2016

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this
document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

Natalie E. Tennant
Secretary of State

# IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

## SUMMONS

MCDOWELL COUNTY,

        Plaintiff,

v.

                                        Civil Action No. 16-C-137-M
                                        Judge: Murensky

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

        Defendants.

TO:   MCKESSON CORPORATION, a Delaware Corporation
       Corporation Service Company
       209 West Washington Street
       Charleston, WV 25302

## IN THE NAME OF THE STATE OF WEST VIRGINIA,

      You are hereby summoned and required to serve upon the following attorneys for Plaintiff, an Answer, including any related counterclaim you may have to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

Mark E. Troy, Esq.
**Troy Law Firm, PLLC**
222 Capitol Street, Suite 200A
Charleston, WV 25301
Telephone: (304) 345-1122

Harry F. Bell, Jr., Esq.
**The Bell Law Firm, PLLC**
30 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-1700

John Yanchunis, Esq.
**Morgan & Morgan Complex
Litigation Group**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

James Young, Esq.
**Morgan & Morgan Complex
     Litigation Group**
76 S. Laura St., Suite 1100
Jacksonville, FL 32202
Telephone: (904) 398-2722

You are required to serve your Answer to the Complaint within **30** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in any other action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Date: 12-23-16

Clerk: Francine Spencer

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Francine Spencer
McDowell County Courthouse
90 Wyoming Street, Suite 201
Welch, WV 24801-0400

**Control Number:** 129879

**Defendant:** AMERISOURCEBERGEN DRUG
CORPORATION
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** McDowell

**Civil Action:** 16-C-137-M

**Certified Number:** 92148901125134100001536532

**Service Date:** 12/27/2016

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

Natalie E. Tennant
Secretary of State



## IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

### SUMMONS

MCDOWELL COUNTY,

    Plaintiff,

v.

                            Civil Action No. 16-C-137-M
                            Judge: Murensky

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

    Defendants.

TO:  AMERISOURCEBERGEN DRUG CORPORATION, a Delaware Corporation
       CT Corporation System
       5400 D Big Tyler Road
       Charleston, WV 25313

## IN THE NAME OF THE STATE OF WEST VIRGINIA,

    You are hereby summoned and required to serve upon the following attorneys for Plaintiff, an Answer, including any related counterclaim you may have to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

Mark E. Troy, Esq.
**Troy Law Firm, PLLC**
222 Capitol Street, Suite 200A
Charleston, WV 25301
Telephone: (304) 345-1122

Harry F. Bell, Jr., Esq.
**The Bell Law Firm, PLLC**
30 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-1700

John Yanchunis, Esq.
**Morgan & Morgan Complex
Litigation Group**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505

James Young, Esq.
**Morgan & Morgan Complex
Litigation Group**

ter service of this Summons
default will be taken against
ed from asserting in any other
he above-styled civil action.

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Francine Spencer
McDowell County Courthouse
90 Wyoming Street, Suite 201
Welch, WV 24801-0400

**Control Number:** 129876

**Defendant:** CARDINAL HEALTH 411 INC. NOW:
CARDINAL HEALTH 110 LLC
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** McDowell

**Civil Action:** 16-C-137-M

**Certified Number:** 92148901125134100001536518

**Service Date:** 12/27/2016

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

## SUMMONS

MCDOWELL COUNTY,

      Plaintiff,

v.

                          Civil Action No. 16-C- \37-M
                          Judge: Murensky

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

      Defendants.



TO:  CARDINAL HEALTH, INC., an Ohio Corporation
      CT Corporation System
      5400 D Big Tyler Road
      Charleston, WV 25313

## IN THE NAME OF THE STATE OF WEST VIRGINIA,

      You are hereby summoned and required to serve upon the following attorneys for Plaintiff, an Answer, including any related counterclaim you may have to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

| | | |
|---|---|---|
| Mark E. Troy, Esq. | Harry F. Bell, Jr., Esq. | John Yanchunis, Esq. |
| **Troy Law Firm, PLLC** | **The Bell Law Firm, PLLC** | **Morgan & Morgan Complex** |
| 222 Capitol Street, Suite 200A | 30 Capitol Street | **Litigation Group** |
| Charleston, WV 25301 | Charleston, WV 25301 | 201 N. Franklin St., 7th Floor |
| Telephone: (304) 345-1122 | Telephone: (304) 345-1700 | Tampa, FL 33602 |
| | | Telephone: (813) 223-5505 |

James Young, Esq.
**Morgan & Morgan Complex**
      **Litigation Group**
76 S. Laura St., Suite 1100
Jacksonville, FL 32202
Telephone: (904) 398-2722

You are required to serve your Answer to the Complaint within **30** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in any other action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Date: 12-23-16 _____           Clerk: Francine Spencer



**TROY**
LAW FIRM
PLLC

222 Capitol Street
Suite 200A
Charleston, WV 25301
**304.345.1122** t
**304.414.5692** f

January 12, 2017

Francine Spencer, Clerk
Circuit Court of McDowell County
90 Wyoming Street, Suite 201
Welch, WV 24801

Re:     **McDowell County v. McKesson Corporation, et al.**
        **Civil Action No. 16-C-137-M**
        <u>**Circuit Court of McDowell County, West Virginia**</u>

Dear Ms. Spencer:

Please find enclosed the original *"Return of Service"* for Harold Anthony Cofer, Jr., M.D. for filing in the above-referenced matter.

Thank you for your attention to this matter. Should you have any questions or concerns, please do not hesitate to contact our office.

Sincerely,

Marissa Byrd
Paralegal to Mark E. Troy

MET/meb
Enclosure
cc:     Harry F. Bell, Jr., Esquire *(via email only)*
        John Yanchunis, Esquire *(via email only)*
        James Young, Esquire *(via email only)*
        Martin West, Sheriff

**troylawwv.com**

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,
    Plaintiff,

v.

                                          CIVIL ACTION NO. 16-C-137-M

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
And HAROLD ANTHONY COFER, Jr., M.D.,
    Defendants.

## RETURN OF SERVICE

STATE OF WEST VIRGINIA,

COUNTY OF MERCER, to wit:

    I, Lisa Turley, a credible person over the age of twenty-one, being first duly sworn, on

her oath says that she executed the within Summons and Complaint on Harold Anthony Cofer,

Jr., M.D., at his office, Bluewell Family Clinic, located at 154 Majestic Place, Bluefield, Mercer

County, West Virginia, by delivering the within to Harold Anthony Cofer, Jr., M.D., on the third

day of January 2017.

                                    PROCESS SERVER

Taken, subscribed and sworn to before me this 3rd day of January,

2017.

Given under my hand and Seal.

My commission expires October 03, 2022

OFFICIAL SEAL
NOTARY PUBLIC, STATE OF WEST VIRGINIA
Jenny Eddy
PO Box 5041
Charleston, WV 25361
My Commission Expires October 03, 2022

                                    NOTARY PUBLIC



222 Capitol Street
Suite 200A
Charleston, WV 25301
304.345.1122 t
304.414.5892 f

December 28, 2016

Francine Spencer, Clerk
Circuit Court of McDowell County
90 Wyoming Street, Suite 201
Welch, WV 24801

      Re:    **McDowell County v. McKesson Corporation, et al.**
              **Civil Action No. 16-C-137-M**
              <u>**Circuit Court of McDowell County, West Virginia**</u>

Dear Ms. Spencer:

      Please find enclosed the original *"Motion for Pro Hac Vice Admission of John Yanchunis"* for filing in the above-referenced matter. A copy has, this day, been served upon all parties and counsel of record.

      Thank you for your attention to this matter. Should you have any questions or concerns, please do not hesitate to contact our office.

                            Sincerely,

                            Mark E. Troy

MET/meb
cc:    Honorable Rudolph J. Murensky, II, Judge
       W. Henry Jernigan, Esquire
       Alvin Emch, Esquire
       Harry F. Bell, Jr., Esquire *(via email only)*
       John Yanchunis, Esquire *(via email only)*
       James Young, Esquire *(via email only)*
       Martin West, Sheriff
       McKesson Corporation via Corporation Service Company
       AmerisourceBergen Drug Corp[oration via CT Corporation System
       Cardinal Health, Inc. via CT Corporation System
       Harold Anthony Cofer, Jr., M.D.
Enclosure



**troylawwv.com**

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

        Plaintiff,

v.                                 Civil Action No. 16-C-137-M
                                 Judge: Rudolph J. Murensky, II

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

        Defendants.

## MOTION FOR *PRO HAC VICE* ADMISSION OF JOHN YANCHUNIS

      **COMES NOW** Mark E. Troy, a member in good standing with The West Virginia State Bar, and pursuant to Rule 8.0 of the West Virginia Rules for Admission to the Practice of Law, moves the Court to accord Attorney John Yanchunis the privilege of appearing in the above-entitled action as counsel for Plaintiff, McDowell County, West Virginia. ("McDowell County"). Attached hereto as **Exhibit A**, in aid of the Court's consideration of this Motion, is a copy of the "Verified Statement of Application of John Yanchunis for *Pro Hac Vice* Admission." This Verified Statement of Application, along with the required fee of $350.00, has been forwarded to The West Virginia State Bar.

      **WHEREFORE**, it is respectfully requested that the Court grant this Motion and admit John Yanchunis to appear before it *pro hac vice*.

                              MCDOWELL COUNTY,
                              By Counsel:

                              Mark E. Troy, Esq. (WV BAR NO. 6678)
                              **Troy Law Firm, PLLC**
                              222 Capitol Street, Suite 200A
                              Charleston, WV 25301
                              Telephone: (304) 345-1122

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

        Plaintiff,

v.                                Civil Action No. 16-C-137-M
                                 Judge: Rudolph J. Murensky, II

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

        Defendants.

### VERIFIED STATEMENT OF APPLICATION OF JOHN A. YANCHUNIS FOR *PRO HAC VICE* ADMISSION

Pursuant to Rule 8.01(b) of the West Virginia Rules for Admission to the Practice of Law, I, John A. Yanchunis, herby apply for admission *pro hac vice*, stating as follows:

1.     I wish to appear on behalf of Plaintiff McDowell County in the above-referenced action.

2.     I am a partner at the law firm of Morgan & Morgan Complex Litigation Group located at 201 N. Franklin Street, 7th Floor, Tampa, Florida 33602. My firm's contact telephone number is 813-223-5505.

3.     I am an active member in good standing of the bar of the State of Florida (Bar No. 324681) and several other courts. The relevant disciplinary agency for het Florida Bar is 351 E. Jefferson Street, Tallahassee, Florida 33299 and its contact telephone is 850-561-5600. I have not been disciplined in Florida or any other jurisdiction.

4.     I have not appeared before or been otherwise involved in any matter before a West Virginia tribunal or judicial body in the preceding 24 months.

Page 1 of 3



5.    Upon information and belief, members of my firm have not appeared before or been otherwise involved in any other actions before a West Virginias tribunal or judicial body.

6.    I agree to comply with all applicable laws, rules and regulations of West Virginia state and local governments, including taxing authorities and any standards for pro bono civil and criminal indigent legal services.

7.    Mark E. troy will be the responsible local attorney with regard to all matters pertinent to the subject of my application. Mark E. Troy is a member of the Troy Law Firm located at 222 Capitol Street, Suite 200A, Charleston, West Virginia 25301 whose telephone contact is 305-345-1122.

8.    Pursuant to Rule 8.0(b), the original "Verified Statement of Application of John A. Yanchunis for *Pro Hac Vice* Admission," along with the requisite $350.00 admission fee is being provided to the West Virginia State Bar.

Applicant:

John A. Yanchunis
MORGAN & MORGAN COMPLEX
LITIGATION GROUP
201 N. Franklin St., 7th Floor
Tampa, FL 33602
(813)223-5505 Telephone
(813)222-4793 Facsimile
JYanchunis@ForThePeople.com Email

Endorsed By:

Mark E. Troy (WV Bar No. 6678)
TROY LAW FIRM, PLLC
222 Capitol Street, Suite 200A
Charleston, WV 25301
(304)345-1122 Telephone
(304)414-5692 Facsimile

## VERIFICATION

STATE OF FLORIDA      )
                                )
COUNTY OF HILLSBOROUGH   )

John A. Yanchunis, being duly sworn, states that he has read and understands the contents of the foregoing "Verified Statement of Application of John A. Yanchunis for *Pro Hac Vice* Admission," and that the facts and allegations contained therein are true, except for those stated to be made upon information and belief as to which he believes them to be true.

_____
John A. Yanchunis

Taken, subscribed and sworn to before me this 28th day of December, 2016.

_____
Notary Signature

Notary Stamp:



Notary Public State of Florida
Elaine L Reeves
My Commission EE 845308
Expires 01/23/2017

IN THE CIRCUIT COURT OR MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

        Plaintiff,

v.                                    Civil Action No. 16-C-137-M
                                    Judge:  Rudolph J. Murensky, II

MCKESON CORPORATION,
AMERISOURCEBERGER DRUG
CORPORATION, CARDINAL HEALTH INC.,
And HAROLD ANTHONY COFER, JR., M.D.,

        Defendants.

## CERTIFICATE OF SERVICE

I, Mark E. Troy, hereby certify that a true and correct copy of the foregoing "**Motion for**

***Pro Hac Vice* Admission of John Yanchunis**" was served upon counsel of record, via First Class,

United States Mail, postage prepaid on this the 28th day of December, 2016 to:

        McKesson Corporation, a Delaware Corporation
        Corporation Service Company
        209 West Washington Street
        Charleston, WV 25302

        AmerisourceBergen Drug Corporation, a Delaware Corporation
        CT Corporation System
        5400 D Big Tyler Road
        Charleston, WV 25313

        Cardinal Health, Inc., an Ohio Corporation
        CT Corporation System
        5400 D Big Tyler Road
        Charleston, WV 25313

        Harold Anthony Cofer, Jr., M.D.
        154 Majestic Drive
        Bluefield, WV 24701

MARK E. TROY, ESQ. (WVSB #6678)



**TROY**
LAW FIRM
PLLC

222 Capitol Street
Suite 200A
Charleston, WV 25301
304.345.1122  t
304.414.5692  f

December 28, 2016

Honorable Rudolph J. Murensky, II, Judge
Circuit Court of McDowell County
P.O. Box 768
Court & Wyoming Streets
Welch, WV 24801

> Re:  **McDowell County v. McKesson Corporation, et al.**
> **Civil Action No. 16-C-137-M**
> <u>Circuit Court of McDowell County, West Virginia</u>

Dear Judge Murensky:

Please find enclosed the proposed original *"Order Authorizing Pro Hac Vice Admission of John Yanchunis"* for your review in the above-referenced matter along with the Motion pertaining to such Order. If the Order meets with your approval, I would respectfully ask that you sign the same and forward it to the Clerk for entry.

Thank you for your attention to this matter. Should you have any questions or concerns, please do not hesitate to contact our office.

Sincerely,

Mark E. Troy

MET/meb

cc:  W. Henry Jernigan, Esquire
   Alvin Emch, Esquire
   Harry F. Bell, Jr., Esquire *(via email only)*
   John Yanchunis, Esquire *(via email only)*
   James Young, Esquire *(via email only)*
   Martin West, Sheriff
   McKesson Corporation via Corporation Service Company
   AmerisourceBergen Drug Corporation via CT Corporation System
   Cardinal Health, Inc. via CT Corporation System
   Harold Anthony Cofer, Jr., M.D.

Enclosure



**troylawwv.com**

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

        Plaintiff,

v.                              Civil Action No. 16-C-137-M
                                    Judge: Rudolph J. Murensky, II

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

        Defendants.

## ORDER AUTHORIZING *PRO HAC VICE* ADMISSION OF JOHN YANCHUNIS

Pending before the Court is the "Motion for *Pro Hac Vice* Admission of John Yanchunis"

of Morgan & Morgan Complex Litigation Group, 201 North Franklin Street, 7th Floor, Tampa,

Florida 33602, to participate as counsel for the Plaintiff, McDowell County, West Virginia

("McDowell County"). The Court having reviewed and considered the "Motion for *Pro Hac Vice*

Admission of John Yanchunis" and the "Verified Statement of Application of John Yanchunis"

with respect thereto, and being otherwise sufficiently advised, does hereby **GRANT** the motion,

and **ORDERS** that John Yanchunis be, and hereby is, authorized and granted leave to appear *pro*

*hac vice* as counsel on behalf of the Plaintiff, McDowell County, in this civil action, subject to all

of the requirements and conditions set forth in Rule 8.0 of the Rules for Admission to the Practice

of Law in the State of West Virginia. Pursuant to Rule 8.0(b), Mark Troy and the Troy Law Firm,

PLLC, shall be the responsible local counsel for Plaintiff, McDowell County, in this civil action.

It is so **ORDERED**.

        **ENTERED** this _____ day of _____, 20____.

                                            _____
                                          Hon. Rudolph J. Murensky, II
                                          Judge, Eighth Judicial Circuit

Presented by:

Mark E. Troy, Esq. (WV BAR NO. 6678)
**Troy Law Firm, PLLC**
222 Capitol Street, Suite 200A
Charleston, WV 25301
Telephone: (304) 345-1122
*Counsel for Plaintiff, McDowell County*

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

        Plaintiff,

v.

                                      Civil Action No. 16-C-137-M
                                      Judge: Rudolph J. Murensky, II

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

        Defendants.

## ORDER AUTHORIZING *PRO HAC VICE* ADMISSION OF JOHN YANCHUNIS

Pending before the Court is the "Motion for *Pro Hac Vice* Admission of John Yanchunis"

of Morgan & Morgan Complex Litigation Group, 201 North Franklin Street, 7th Floor, Tampa,

Florida 33602, to participate as counsel for the Plaintiff, McDowell County, West Virginia

("McDowell County"). The Court having reviewed and considered the "Motion for *Pro Hac Vice*

Admission of John Yanchunis" and the "Verified Statement of Application of John Yanchunis"

with respect thereto, and being otherwise sufficiently advised, does hereby **GRANT** the motion,

and **ORDERS** that John Yanchunis be, and hereby is, authorized and granted leave to appear *pro*

*hac vice* as counsel on behalf of the Plaintiff, McDowell County, in this civil action, subject to all

of the requirements and conditions set forth in Rule 8.0 of the Rules for Admission to the Practice

of Law in the State of West Virginia. Pursuant to Rule 8.0(b), Mark Troy and the Troy Law Firm,

PLLC, shall be the responsible local counsel for Plaintiff, McDowell County, in this civil action.

It is so **ORDERED**.

ENTERED this _5th_ day of _January_, 20_17_.

                                            Hon. Rudolph J. Murensky, II
                                            Judge, Eighth Judicial Circuit

ENTER ON CIVIL ORDER
BOOK NO. _____ PAGE NO. _____
_____ 20 _____
FRANCINE SPENCER CLERK

Presented by:

Mark E. Troy, Esq. (WV BAR NO. 6678)
**Troy Law Firm, PLLC**
222 Capitol Street, Suite 200A
Charleston, WV 25301
Telephone: (304) 345-1122
*Counsel for Plaintiff, McDowell County*

2

ENTER ON CIVIL ORDER
BOOK NO. 915 PAGE NO. 623
115 20 17
FRANCINE SPENCER CLERK



# The West Virginia State Bar
## Membership Portal ✓

John Allen Yanchunis
Log out

## Thank You for Your Payment

Thank you for submitting your information and payment. You will be contacted if further information is needed. Decisions of granting or denying Pro Hac Vice motions are not made by The West Virginia State Bar, but by the tribunal to which the motion was submitted. For more information please emal PHV@wvbar.org

*To view your submission status click here*

Your transaction has been processed successfully. Please print this page for your records.
An email receipt has also been sent to jyanchunis@forthepeople.com

Payment Information

| Item | Qty | Unit Price | Total Price |
|---|---|---|---|
| Number of Out-Of-State Lawyers | 1 | $ 358.00 | $ 358.00 |

**Payment Total: $ 358.00**
Date: January 4th, 2017 3:27 PM
Transaction #: 8808666100

*PHV Case Information*

Civil Action Number    16-C-137

Organization Email    jyanchunis@forthepeople.com

Billing Name and Address

John Allen Yanchunis
201 N. Franklin St.
Tampa, FL 33602

Your Email

jyanchunis@forthepeople.com

Credit Card Information

MasterCard

\*\*\*\*\*\*\*\*\*\*\*\*2592
Expires: May 2020

All Contents Copyright © 2017, The WV State Bar. All Rights Reserved.
The West Virginia State Bar | 2000 Deitrick Boulevard, Charleston, WV 25311-1231
Toll Free: 866-989-8227| Phone: 304-553-7220

Click here for assistance if you are having technical difficulties or have questions.



**TROY**
LAW FIRM
PLLC

222 Capitol Street
Suite 200A
Charleston, WV 25301
**304.345.1122** t
**304.414.5692** f

January 3, 2017

Francine Spencer, Clerk
Circuit Court of McDowell County
90 Wyoming Street, Suite 201
Welch, WV 24801

Re:   **McDowell County v. McKesson Corporation, et al.**
      **Civil Action No. 16-C-137-M**
      <u>Circuit Court of McDowell County, West Virginia</u>

Dear Ms. Spencer:

Please find enclosed the original *"Motion for Pro Hac Vice Admission of James Young"* for filing in the above-referenced matter.   A copy has, this day, been served upon all parties and counsel of record.

Thank you for your attention to this matter.  Should you have any questions or concerns, please do not hesitate to contact our office.

Sincerely,

Mark E. Troy

MET/meb
Enclosure
cc:   Honorable Rudolph J. Murensky, II, Judge
      W. Henry Jernigan, Esquire
      Alvin Emch, Esquire
      Harry F. Bell, Jr., Esquire *(via email only)*
      John Yanchunis, Esquire *(via email only)*
      James Young, Esquire *(via email only)*
      Martin West, Sheriff
      McKesson Corporation via Corporation Service Company
      AmerisourceBergen Drug Corporation via CT Corporation System
      Cardinal Health, Inc. via CT Corporation System
      Harold Anthony Cofer, Jr., M.D.

**troylawwv.com**

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

            Plaintiff,

v.                                         Civil Action No. 16-C-137-M
                                         Judge: Rudolph J. Murensky, II

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

            Defendants.

## MOTION FOR *PRO HAC VICE* ADMISSION OF JAMES YOUNG

**COMES NOW** Mark E. Troy, a member in good standing with The West Virginia State Bar, and pursuant to Rule 8.0 of the West Virginia Rules for Admission to the Practice of Law, moves the Court to accord Attorney James Young the privilege of appearing in the above-entitled action as counsel for Plaintiff, McDowell County, West Virginia. ("McDowell County"). Attached hereto as **Exhibit A**, in aid of the Court's consideration of this Motion, is a copy of the "Verified Statement of Application of James Young for *Pro Hac Vice* Admission." This Verified Statement of Application, along with the required fee of $350.00, has been forwarded to The West Virginia State Bar.

**WHEREFORE**, it is respectfully requested that the Court grant this Motion and admit James Young to appear before it *pro hac vice*.

                                         **MCDOWELL COUNTY,**
                                         **By Counsel:**

                                         Mark E. Troy, Esq. (WV BAR NO. 6678)
                                         **Troy Law Firm, PLLC**
                                         222 Capitol Street, Suite 200A
                                         Charleston, WV 25301
                                         Telephone: (304) 345-1122

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

        Plaintiff,

v.                              Civil Action No. 16-C-137-M
                              Judge: Rudolph J. Murensky, II

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

        Defendants.

## VERIFIED STATEMENT OF APPLICATION OF JAMES D. YOUNG FOR *PRO HAC VICE* ADMISSION

Pursuant to Rule 8.01(b) of the West Virginia Rules for Admission to the Practice of Law, I, James D. Young, herby apply for admission *pro hac vice*, stating as follows:

1.     I wish to appear on behalf of Plaintiff McDowell County in the above-referenced action.

2.     I am a partner at the law firm of Morgan & Morgan Complex Litigation Group located at 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202. My firm's contact telephone number is 904-398-2722.

3.     I am an active member in good standing of the bar of the State of Florida (Bar No. 567507) and several other courts. The relevant disciplinary agency for the Florida Bar is 351 E. Jefferson Street, Tallahassee, Florida 33299 and its contact telephone is 850-561-5600. I have not been disciplined in Florida or any other jurisdiction.

4.     I have not appeared before or been otherwise involved in any matter before a West Virginia tribunal or judicial body in the preceding 24 months.

Page 1 of 3



5.      Upon information and belief, members of my firm have not appeared before or been otherwise involved in any other actions before a West Virginia tribunal or judicial body.

6.      I agree to comply with all applicable laws, rules and regulations of West Virginia state and local governments, including taxing authorities and any standards for pro bono civil and criminal indigent legal services.

7.      Mark E. Troy will be the responsible local attorney with regard to all matters pertinent to the subject of my application. Mark E. Troy is a member of the Troy Law Firm, PLLC located at 222 Capitol Street, Suite 200A, Charleston, West Virginia 25301 whose telephone contact is 305-345-1122.

8.      Pursuant to Rule 8.0(b), the original "Verified Statement of Application of James D. Young for *Pro Hac Vice* Admission," along with the requisite $350.00 admission fee is being provided to the West Virginia State Bar.

Applicant:

James D. Young
MORGAN & MORGAN COMPLEX
LITIGATION GROUP
76 S. Laura St., Suite 1100
Jacksonville, FL 32202
(904)398-2722 Telephone
(904)366-7677 Facsimile
JYoung@ForThePeople.com Email

Endorsed By:

Mark E. Troy (WV Bar No. 6678)
TROY LAW FIRM, PLLC
222 Capitol Street, Suite 200A
Charleston, WV 25301
(304)345-1122 Telephone
(304)414-5692 Facsimile

## VERIFICATION

STATE OF FLORIDA    )
                    )
COUNTY OF DUVAL     )

      James D. Young, being duly sworn, states that he has read and understands the contents of the foregoing "Verified Statement of Application of James D. Young for *Pro Hac Vice* Admission," and that the facts and allegations contained therein are true, except for those stated to be made upon information and belief as to which he believes them to be true.



                                         James D. Young

Taken, subscribed and sworn to before me this 9th day of December, 2016.

_____
Notary Signature

Notary Stamp:

JILL R. JONES
MY COMMISSION # FF 087263
EXPIRES: March 24, 2018
Bonded Thru Notary Public Underwriters

IN THE CIRCUIT COURT OR MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

        Plaintiff,

v.
                                         Civil Action No. 16-C-137-M
                                         Judge: Rudolph J. Murensky, II

MCKESON CORPORATION,
AMERISOURCEBERGER DRUG
CORPORATION, CARDINAL HEALTH INC.,
And HAROLD ANTHONY COFER, JR., M.D.,

        Defendants.

## CERTIFICATE OF SERVICE

I, Mark E. Troy, hereby certify that a true and correct copy of the foregoing "**Motion for**

***Pro Hac Vice* Admission of James D. Young**" was served upon the parties, via First Class, United

States Mail, postage prepaid on this the 3rd day of January, 2017 to:

McKesson Corporation, a Delaware Corporation
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

AmerisourceBergen Drug Corporation, a Delaware Corporation
CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

Cardinal Health, Inc., an Ohio Corporation
CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

Harold Anthony Cofer, Jr., M.D.
154 Majestic Drive
Bluefield, WV 24701

MARK E. TROY, ESQ. (WVSB #6678)

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

MCDOWELL COUNTY,

         Plaintiff,

v.

                                    Civil Action No. 16-C-137-M
                                    Judge: Rudolph J. Murensky, II

MCKESSON CORPORATION,
AMERISOURCEBERGEN DRUG
CORPORATION, CARDINAL HEALTH INC.,
and HAROLD ANTHONY COFER, Jr., M.D.,

         Defendants.

## ORDER AUTHORIZING *PRO HAC VICE* ADMISSION OF JAMES YOUNG

Pending before the Court is the "Motion for *Pro Hac Vice* Admission of James Young" of

Morgan & Morgan Complex Litigation Group, 76 South Laura Street, Suite 1100, Jacksonville,

Florida 32202, to participate as counsel for the Plaintiff, McDowell County, West Virginia

("McDowell County"). The Court having reviewed and considered the "Motion for *Pro Hac Vice*

Admission of James Young" and the "Verified Statement of Application of James Young" with

respect thereto, and being otherwise sufficiently advised, does hereby **GRANT** the motion, and

**ORDERS** that James Young be, and hereby is, authorized and granted leave to appear *pro hac*

*vice* as counsel on behalf of the Plaintiff, McDowell County, in this civil action, subject to all of

the requirements and conditions set forth in Rule 8.0 of the Rules for Admission to the Practice of

Law in the State of West Virginia. Pursuant to Rule 8.0(b), Mark Troy and the Troy Law Firm,

PLLC, shall be the responsible local counsel for Plaintiff, McDowell County, in this civil action.

It is so **ORDERED**.

         **ENTERED** this _____ day of _____, 20____.

                                           _____

                                         Hon. Rudolph J. Murensky, II
                                         Judge, Eighth Judicial Circuit

Presented by:

Mark E. Troy, Esq. (WV BAR NO. 6678)
**Troy Law Firm, PLLC**
222 Capitol Street, Suite 200A
Charleston, WV 25301
Telephone: (304) 345-1122
*Counsel for Plaintiff, McDowell County*