# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION**                                                  MDL No. 2804

### TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in 46 actions move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Southern District of Ohio or the Southern District of Illinois, but plaintiffs do not oppose centralization in the Southern District of West Virginia. These cases concern the alleged improper marketing of and inappropriate distribution of various prescription opiate medications into cities, states and towns across the country. Plaintiffs' motion includes the 64 actions listed on Schedule A,[1] which are pending in nine districts. Since plaintiffs filed this motion, the parties have notified the Panel of 115 potentially related actions.[2]

Responding plaintiffs' positions on centralization vary considerably. Plaintiffs in over 40 actions or potential tag-along actions support centralization. Plaintiffs in fifteen actions or potential tag-along actions oppose centralization altogether or oppose transfer of their action. In addition to opposing transfer, the State of West Virginia suggests that we delay transferring its case until the Southern District of West Virginia court decides its motion to remand to state court. Third party payor plaintiffs in an Eastern District of Pennsylvania potential tag-along action (*Philadelphia Teachers Health and Welfare Fund*) oppose centralization of third party payor actions. Western District of Washington plaintiff City of Everett opposes centralization and, alternatively, requests exclusion of its case. Northern District of Illinois tag-along plaintiff City of Chicago asks the Panel to defer transfer of its action until document discovery is completed.

Defendants' positions on centralization also vary considerably. The "Big Three" distributor defendants,[3] which reportedly distribute over 80% of the drugs at issue and are defendants in most cases,

---

[*] Judges Lewis A. Kaplan and Ellen Segal Huvelle did not participate in the decision of this matter.

[1] Two actions included on plaintiffs' motion to centralize were remanded to state court during the pendency of the motion.

[2] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] AmerisourceBergen Drug Corp., AmerisourceBergen Corp., McKesson Corp., Cardinal Health 110, LLC, Cardinal Health, Inc., Cardinal Health 105, Inc., Cardinal Health 108, LLC, Cardinal Health 112, LLC, Cardinal Health 414, LLC, and Cardinal Health subsidiary The Harvard Drug

- 2 -

support centralization in the Southern District of West Virginia.  These defendants request that the Panel either delay issuing its transfer order or delay transfer of their cases until their motions to dismiss are decided.  Defendant distributor Miami-Luken also supports centralization in the Southern District of West Virginia.  Multiple manufacturer defendants[4] support centralization in the Southern District of New York or the Northern District of Illinois; defendant Malinckrodt, LLC, takes no position on centralization but supports the same districts.  Teva defendants[5] suggest centralization in the Eastern District of Pennsylvania or the manufacturers' preferred districts.  Physician defendants[6] in three Ohio actions, who are alleged to be "key opinion leaders" paid by manufacturing defendants, do not oppose centralization in the Southern District of Ohio.

Defendants in several Southern District of West Virginia cases oppose centralization.  These defendants include several smaller distributor defendants or "closed" distributors that supply only their own stores.[7]  Many of these defendants specifically request exclusion of the claims against them from the MDL.  Also, manufacturer Pfizer, Inc., opposes centralization and requests that we exclude any claims against it from this MDL.[8]

The responding parties suggest a wide range of potential transferee districts, including: the Southern District of West Virginia, the Southern District of Illinois, the Northern District of Illinois, the Eastern District of Missouri (in a brief submitted after the Panel's hearing), the District of New Jersey, the

---

Group, L.L.C.

[4]   Actavis LLC, Actavis Pharma, Inc., Allergan PLC, Allergan Finance, LLC, Allergan plc f/k/a Actavis plc, Actavis Pharma Inc. f/k/a Watson Pharma Inc., Watson Pharmaceuticals, Inc. n/k/a Actavis, Inc., and Allergan PLC f/k/a Actavis PLS, Cephalon, Inc., Endo Health Solutions, Inc., Endo Pharmaceuticals, Inc., Janssen Pharmaceutica Inc., Johnson & Johnson, Ortho-McNeil-Janssen Pharmaceuticals, Inc., Purdue Frederick Company Inc., Purdue Pharma Inc., Purdue Pharma L.P., Teva Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Watson Pharmaceuticals, Inc., Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc.

[5]   Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals U.S.A, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis LLC, and Actavis Pharma, Inc.

[6]   Scott Fishman, M.D., Perry Fine, M.D., Lynn Webster, M.D., and Russell Portenoy, M.D.

[7]   JM Smith Corp.; CVS Indiana, LLC and Omnicare Distribution Center, LLC; TopRx; Kroger Limited Partnership I, Kroger Limited Partnership II, SAJ Distributors (a Walgreens distributor for two months in 2012), Walgreen Eastern Co., Inc., and Rite Aid of Maryland, Inc.; Masters Pharmaceuticals and KeySource Medical; WalMart Stores East, LP.

[8]   Pfizer specifically requests that we exclude any potential future claims against it because of its minimal involvement in the opioid market.  At oral argument, counsel stated that Pfizer was not named as a defendant in any pending case.  In the absence of a case before us, the Panel will not address Pfizer's argument.

- 3 -

Southern District of New York, the Southern District of Ohio, the Northern District of Ohio, the Eastern District of Pennsylvania, the Eastern District of Texas, the Western District of Washington and the Eastern District of Wisconsin.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs in the actions before us are cities, counties and states that allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates. All actions involve common factual questions about, *inter alia*, the manufacturing and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs. Both manufacturers and distributors are under an obligation under the Controlled Substances Act and similar state laws to prevent diversion of opiates and other controlled substances into illicit channels. Plaintiffs assert that defendants have failed to adhere to those standards, which caused the diversion of opiates into their communities. Plaintiffs variously bring claims for violation of RICO statutes, consumer protection laws, state analogues to the Controlled Substances Act, as well as common law claims such as public nuisance, negligence, negligent misrepresentation, fraud and unjust enrichment.

The parties opposing transfer stress the uniqueness of the claims they bring (or the claims that are brought against them), and they argue that centralization of so many diverse claims against manufacturers and distributors will lead to inefficiencies that could slow the progress of all cases. While we appreciate these arguments, we are not persuaded by them. All of the actions can be expected to implicate common fact questions as to the allegedly improper marketing and widespread diversion of prescription opiates into states, counties and cities across the nation, and discovery likely will be voluminous. Although individualized factual issues may arise in each action, such issues do not – especially at this early stage of litigation – negate the efficiencies to be gained by centralization. The transferee judge might find it useful, for example, to establish different tracks for the different types of parties or claims. The alternative of allowing the various cases to proceed independently across myriad districts raises a significant risk of inconsistent rulings and inefficient pretrial proceedings. In our opinion, centralization will substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions. Centralization will also allow a single transferee judge to coordinate with numerous cases pending in state courts. Finally, we deny the requests to delay transfer pending rulings on various pretrial motions (*e.g.*, motions to dismiss or to remand to state court) or until the completion of document discovery in *City of Chicago*.

Although all of the cases on the motion before us involve claims brought by political subdivisions, we have been notified of potential tag-along actions brought by individuals, consumers, hospitals and third party payors. As reflected in our questions at oral argument, this litigation might evolve to include

- 4 -

additional categories of plaintiffs and defendants, as well as different types of claims. We will address whether to include specific actions or claims through the conditional transfer order process.[9]

As this litigation progresses, it may become apparent that certain types of actions or claims could be more efficiently handled in the actions' respective transferor courts. Should the transferee judge deem remand of any claims or actions appropriate (or, relatedly, the subsequent exclusion of similar types of claims or actions from the centralized proceedings), then he may accomplish this by filing a suggestion of remand to the Panel. *See* Panel Rule 10.1. As always, we trust such matters to the sound judgment of the transferee judge.

Most parties acknowledge that any number of the proposed transferee districts would be suitable for this litigation that is nationwide in scope. We are persuaded that the Northern District of Ohio is the appropriate transferee district for this litigation. Ohio has a strong factual connection to this litigation, given that it has experienced a significant rise in the number of opioid-related overdoses in the past several years and expended significant sums in dealing with the effects of the opioid epidemic. The Northern District of Ohio presents a geographically central and accessible forum that is relatively close to defendants' various headquarters in New York, Connecticut, New Jersey and Pennsylvania. Indeed, one of the Big Three distributor defendants, Cardinal Health, is based in Ohio. Judge Dan A. Polster is an experienced transferee judge who presides over several opiate cases. Judge Polster's previous MDL experience, particularly MDL No. 1909 – *In re: Gadolinium Contrast Dyes Products Liability Litigation*, which involved several hundred cases, has provided him valuable insight into the management of complex, multidistrict litigation. We have no doubt that Judge Polster will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside of the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

———————————————————
Sarah S. Vance
Chair

Marjorie O. Rendell
Catherine D. Perry

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Sandy Opacich, Clerk
U.S. District Court
Northern District of Ohio
By: _____ s/K. Copeland _____
Deputy Clerk

[9] Eastern District of Pennsylvania ... *nd Welfare Fund* third party payor plaintiff opposed centralization ... t intends to file a motion for centralization of third party payor ... e will address that motion, if it is filed, in due course.

**IN RE: NATIONAL PRESCRIPTION
OPIATE LITIGATION**                                          MDL No. 2804

## SCHEDULE A

Northern District of Alabama

CITY OF BIRMINGHAM v. AMERISOURCEBERGEN DRUG CORPORATION, ET AL.,
     C.A. No. 2:17-01360

Eastern District of California

COUNTY OF SAN JOAQUIN, ET AL. v. PURDUE PHARMA, L.P., ET AL.,
     C.A. No. 2:17-01485

Southern District of Illinois

PEOPLE OF THE STATE OF ILLINOIS, ET AL. v. PURDUE PHARMA LP, ET AL.,
     C.A. No. 3:17-00616
PEOPLE OF THE STATE OF ILLINOIS, ET AL. v. AMERISOURCEBERGEN
     DRUG CORPORATION, ET AL., C.A. No. 3:17-00856
PEOPLE OF STATE OF ILLINOIS, ET AL. v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 3:17-00876

Eastern District of Kentucky

BOONE COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 2:17-00157
PENDLETON COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 2:17-00161
CAMPBELL COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 2:17-00167
ANDERSON COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 3:17-00070
FRANKLIN COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 3:17-00071
SHELBY COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 3:17-00072
HENRY COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 3:17-00073
BOYLE COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 5:17-00367
FLEMING COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
     CORPORATION, ET AL., C.A. No. 5:17-00368

- A2 -

Eastern District of Kentucky (cont.)

GARRARD COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 5:17-00369
LINCOLN COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 5:17-00370
MADISON COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 5:17-00371
NICHOLAS COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 5:17-00373
BELL COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 6:17-00246
HARLAN COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 6:17-00247
KNOX COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 6:17-00248
LESLIE COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 6:17-00249
WHITLEY COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 6:17-00250
CLAY COUNTY FISCAL COURT v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 6:17-00255

Western District of Kentucky

THE FISCAL COURT OF CUMBERLAND COUNTY v. AMERISOURCEBERGEN
    DRUG CORPORATION, ET AL., C.A. No. 1:17-00163
LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT v.
    AMERISOURCEBERGEN DRUG CORPORATION, ET AL., C.A. No. 3:17-00508
THE FISCAL COURT OF SPENCER COUNTY v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 3:17-00557
THE FISCAL COURT OF UNION COUNTY v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 4:17-00120
THE FISCAL COURT OF CARLISLE COUNTY v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 5:17-00136

Northern District of Ohio

CITY OF LORAIN v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:17-01639
CITY OF PARMA v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:17-01872

- A3 -

Southern District of Ohio

CLERMONT COUNTY BOARD OF COUNTY COMMISSIONERS v.
    AMERISOURCEBERGEN DRUG CORPORATION, ET AL., C.A. No. 2:17-00662
BELMONT COUNTY BOARD OF COUNTY COMMISSIONERS v.
    AMERISOURCEBERGEN DRUG CORPORATION, ET AL., C.A. No. 2:17-00663
BROWN COUNTY BOARD OF COUNTY COMMISSIONERS v. AMERISOURCEBERGEN
    DRUG CORPORATION, ET AL., C.A. No. 2:17-00664
VINTON COUNTY BOARD OF COUNTY COMMISSIONERS v. AMERISOURCEBERGEN
    CORPORATION, ET AL., C.A. No. 2:17-00665
JACKSON COUNTY BOARD OF COUNTY COMMISSIONERS v. AMERISOURCEBERGEN
    DRUG CORPORATION, ET AL., C.A. No. 2:17-00680
SCIOTO COUNTY BOARD OF COUNTY COMMISSIONERS v. AMERISOURCEBERGEN
    DRUG CORPORATION, ET AL., C.A. No. 2:17-00682
PIKE COUNTY BOARD OF COUNTY COMMISSIONERS v. AMERISOURCEBERGEN
    DRUG CORPORATION, ET AL., C.A. No. 2:17-00696
ROSS COUNTY BOARD OF COUNTY COMMISSIONERS v. AMERISOURCEBERGEN
    DRUG CORPORATION, ET AL., C.A. No. 2:17-00704
CITY OF CINCINNATI v. AMERISOURCEBERGEN DRUG CORPORATION, ET AL.,
    C.A. No. 2:17-00713
CITY OF PORTSMOUTH v. AMERISOURCEBERGEN DRUG CORPORATION, ET AL.,
    C.A. No. 2:17-00723
GALLIA COUNTY BOARD OF COMMISSIONERS v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 2:17-00768
HOCKING COUNTY BOARD OF COMMISSIONERS v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 2:17-00769
LAWRENCE COUNTY BOARD OF COMMISSIONERS v. AMERISOURCEBERGEN DRUG
    CORPORATION, ET AL., C.A. No. 2:17-00770
DAYTON v. PURDUE PHARMA LP, ET AL., C.A. No. 3:17-00229

Western District of Washington

CITY OF EVERETT v. PURDUE PHARMA LP, ET AL., C.A. No. 2:17-00209
CITY OF TACOMA v. PURDUE PHARMA, L.P., ET AL., C.A. No. 3:17-05737

Southern District of West Virginia

THE COUNTY COMMISSION OF MCDOWELL COUNTY v. MCKESSON CORPORATION,
    ET AL., C.A. No. 1:17-00946
HONAKER v. WEST VIRGINIA BOARD OF PHARMACY, ET AL., C.A. No. 1:17-03364
THE COUNTY COMMISSION OF MERCER COUNTY v. WEST VIRGINIA BOARD OF
    PHARMACY, C.A. No. 1:17-03716

- A4 -

Southern District of West Virginia (cont.)

KANAWHA COUNTY COMMISSION v. RITE AID OF MARYLAND, INC., ET AL.,
C.A. No. 2:17-01666
FAYETTE COUNTY COMMISSION v. CARDINAL HEALTH, INC., ET AL.,
C.A. No. 2:17-01957
BOONE COUNTY COMMISSION v. AMERISOURCEBERGEN DRUG CORPORATION,
ET AL., C.A. No. 2:17-02028
LOGAN COUNTY COMMISSION v. CARDINAL HEALTH, INC., ET AL.,
C.A. No. 2:17-02296
THE COUNTY COMMISSION OF LINCOLN COUNTY v. WEST VIRGINIA BOARD OF
PHARMACY, ET AL., C.A. No. 2:17-03366
LIVINGGOOD v. WEST VIRGINIA BOARD OF PHARMACY, ET AL., C.A. No. 2:17-03369
SPARKS v. WEST VIRGINIA BOARD OF PHARMACY, C.A. No. 2:17-03372
CARLTON, ET AL. v. WEST VIRGINIA BOARD OF PHARMACY, ET AL.,
C.A. No. 2:17-03532
STATE OF WEST VIRGINIA, ET AL. v. MCKESSON CORPORATION, C.A. No. 2:17-03555
BARKER v. WEST VIRGINIA BOARD OF PHARMACY, ET AL., C.A. No. 2:17-03715
THE CITY OF HUNTINGTON v. AMERISOURCEBERGEN DRUG CORPORATION, ET AL.,
C.A. No. 3:17-01362
CABELL COUNTY COMMISSION v. AMERISOURCEBERGEN DRUG CORPORATION, ET
AL., C.A. No. 3:17-01665
WAYNE COUNTY COMMISSION v. RITE AID OF MARYLAND, INC., ET AL.,
C.A. No. 3:17-01962
WYOMING COUNTY COMMISSION v. AMERISOURCEBERGEN DRUG
CORPORATION, ET AL., C.A. No. 5:17-02311