**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

CITY OF HUNTINGTON, WEST VIRGINIA,
        Plaintiff,

–v–

AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,

        Defendants.

Case No. 1:17-op-45054

Judge Dan Aaron Polster

**DEFENDANT CVS INDIANA, L.L.C.'S**
**INITIAL SECTION 55-7-13d NOTICE OF NONPARTY FAULT**

Defendant CVS Indiana, L.L.C. ("CVS Indiana") submits this Notice of Nonparty Fault ("Notice") pursuant to West Virginia Code § 55-7-13d, which allows for fault of a nonparty to be considered if a defending party provides notice within 180 days of service of process. When providing notice, the defendant must provide "the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." W. Va. Code § 55-7-13d.

While the Court's moratorium on all substantive filings, *see* MDL Dkt. 70, appears to relieve CVS Indiana of having to file the Notice at this time, CVS Indiana submits this Notice in an abundance of caution and to preserve its rights under the statute. By filing this Notice, CVS Indiana in no way concedes: (1) that such Notice must be filed at this time; or (2) that such Notice is required at all in these federal proceedings. CVS Indiana reserves the right to amend this Notice at a later date as more information becomes known to it.

Case Management Order One (MDL Dkt. 232), along with the other case management orders entered in this multidistrict litigation, govern the proceedings in this case. Pursuant to

Case Management Order One, certain cases are moving forward with discovery. This case is not one of them, and CVS Indiana has not engaged in any discovery specific to this case.[1] CVS Indiana does not possess the knowledge or information necessary to identify nonparties at this time. And, since CVS Indiana cannot engage in discovery, it cannot obtain from Plaintiff or third parties the necessary information that would allow it to more specifically identify nonparties who are at fault.

Under the circumstances, the best identification CVS Indiana can make at this time is to identify categories of nonparties for which fault should be considered, along with a brief statement as to why the nonparties in those categories are at fault. Courts in other West Virginia opioid-related cases have allowed defendants to list nonparties by category in their initial notice. *See, e.g.*, Order (ECF No. 92) at 2, *Cabell Cnty. Comm'n v. AmerisourceBergen Drug Corp.*, No. 1:17-op-45053-DAP (S.D. W. Va. Sept. 18, 2017); Order at 10, *Brooke Cnty. Comm'n v. Purdue Pharma L.P.*, No. 17-C-248 (Cir. Ct. Marshall Cnty., W. Va., June 13, 2018).

CVS Indiana identifies the following categories of nonparties at fault:

## I. IMPORTERS, DISTRIBUTORS, SELLERS, PURCHASERS AND USERS OF ILLEGAL DRUGS

Throughout the Second Amended Complaint, Plaintiff makes allegations related to the unlawful diversion of prescription opioids as well as to an "epidemic" of the use of heroin and other illegal drugs. *See, e.g.*, ¶¶ 1, 2, 12, 211. To the extent Plaintiff has suffered harm due to opioid use or abuse, individuals and entities involved in prescription drug diversion, illegal drug sales, or the use of diverted/illegal drugs caused or contributed to Plaintiff's injuries.

---

[1] The defendants also have not had an opportunity to file motions to dismiss in this case. By filing this Notice, CVS Indiana is not admitting the truth of any of the allegations in the Complaint or waiving any defenses. To the contrary, CVS Indian believes the Complaint if deficient and should be dismissed when the appropriate time comes.

Accordingly, CVS Indiana identifies, as a category of nonparties at fault, individuals and entities involved in diverted/illegal drug sales or use, including importers, distributors, sellers of diverted/illegal drugs within or into the City of Huntington, as well as purchasers and users of diverted/illegal drugs in and around the City of Huntington and individuals or entities that otherwise contributed to opioid diversion through forgery, fraud, theft, or any other means.

## II. PRESCRIBING PRACTITIONERS AND ASSOCIATED MEDICAL PROVIDERS

CVS Indiana does not determine whether any given patient should receive a prescription for opioid medications. Doctors and other medical providers do that. To the extent prescribers of opioids illegally dispensed opioids themselves or issued prescriptions without a legitimate medical purpose, including prescribers who operated "pill mills" or who otherwise issued illegitimate prescriptions, those actions caused or contributed to Plaintiff's alleged injuries, if any. Accordingly, CVS Indiana identifies, as a category of nonparties at fault, prescribing practitioners and associated medical providers who wrote opioid prescriptions, in West Virginia and elsewhere, that caused Plaintiff's alleged damages, as well as entities that supervised or oversaw such practitioners.

## III. NONPARTY PHARMACEUTICAL MANUFACTURERS

Pharmaceutical manufacturers develop, manufacture, label, advertise, and market prescription opioids. To the extent prescription opioids caused any injury to Plaintiff based on any acts or omissions of manufacturers not named as defendants in this action—including but not limited to the dispensing or distribution of medications due to inadequate instructions, inadequate warnings, or false or misleading advertising and promotion of prescription opioids— fault must be apportioned to those nonparty manufacturers. Accordingly, CVS Indiana identifies, as a category of nonparties at fault, nonparty manufacturers of opioids.

## IV. NONPARTY PHARMACEUTICAL DISTRIBUTORS

While Plaintiff names various distributors in the First Amended Complaint, discovery may reveal that there are other pharmaceutical distributors not named in the First Amended Complaint that distributed prescription opioids into the City of Huntington or otherwise caused injury in the City of Huntington. To the extent prescription opioids caused Plaintiff any injury, those opioids may have been distributed, at least in part, by distributors other than those named in the First Amended Complaint. Accordingly, CVS Indiana identifies, as a category of nonparties at fault, other pharmaceutical distributors not already named as defendants in this action.

## V. FEDERAL, STATE, AND LOCAL GOVERNMENTS

At the federal level, the prescription opioids that CVS Indiana distributes are regulated by multiple federal agencies. The Food and Drug Administration has approved prescription opioids as safe and effective. The U.S. Drug Enforcement Administration ("DEA") has regulatory authority over prescription opioids under the Controlled Substances Act, and the Federal Bureau of Investigation also has authority to enforce the Controlled Substances Act.

At the state level, the West Virginia Board of Medicine, West Virginia Board of Osteopathic Medicine, West Virginia Board of Dentistry, and West Virginia Board of Examiners for Registered Professional Nurses are responsible for licensing practitioners who prescribe opioids within the City of Huntington. The West Virginia State Police, the county's sheriff's department, and local law enforcement are responsible for investigating and enforcing laws related to illegal drug sales and abuse.

Federal, state, and local governments, through their respective executive and legislative branches, as well as regulatory agencies, have the ability to regulate the use, prescription, and

dispensing of prescription opioids. They have the ability to identify sources of prescription opioid diversion and heroin distribution, and they have the ability and responsibility to provide access to treatment and other means of recovery for those abusing opioids. Discovery will show the degree to which any of these entities failed to undertake timely and effective action causing or contributing to the harm alleged by Plaintiff. Accordingly, CVS Indiana identifies, as a category of nonparties at fault, federal, state, and local governments and their component branches, departments, and agencies.

## VI. NONPARTIES NAMED BY OTHER DEFENDANTS

The Noticing Defendants also incorporate by reference any nonparties identified by any other Defendant.

Dated: January 4, 2019

Respectfully submitted,

*/s/ Eric R. Delinsky*
Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Phone: (202) 778-1800
Fax: (202) 822-8106
E-mail:edelinsky@zuckerman.com
E-mail:smiller@zuckerman.com

*Counsel for CVS Indiana, L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2019, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.

/s/ *Eric R. Delinsky*
Eric R. Delinsky