**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-md-2804<br>Judge Dan Aaron Polster |
| *City of Huntington, WV v. Amerisource Bergen Drug Corporation et al.*, Case No. 1:17-op-45054-DAP | |

**DEFENDANT RITE AID OF MARYLAND, INC.'S INITIAL NOTICE REGARDING POTENTIAL NON-PARTY FAULT UNDER W. VA. CODE § 55-7-13d**

Defendant Rite Aid of Maryland, Inc. ("Rite Aid") submits this Notice of Nonparty Fault ("Notice") pursuant to West Virginia Code § 55-7-13d, which allows for fault of a nonparty to be considered if a defending party provides notice within 180 days of service of process. When providing notice, the defendant must provide "the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." W. Va. Code § 55-7-13d.

While the Court's moratorium on all substantive filings, *see* MDL Dkt. 70, appears to relieve Rite Aid of having to file the Notice at this time, Rite Aid submits this Notice in an abundance of caution and to preserve its rights under the statute. By filing this Notice, Rite Aid in no way concedes: (1) that such Notice must be filed at this time; or (2) that such Notice is required at all in these federal proceedings. Rite Aid reserves the right to amend this Notice at a later date as more information becomes known to it.

Case Management Order One (MDL Dkt. 232), along with the other case management orders entered in this multidistrict litigation, govern the proceedings in this case. Pursuant to Case Management Order One, certain cases are moving forward with discovery. This case is not

one of them, and Rite Aid has not engaged in any discovery specific to this case.[1] Rite Aid does not possess the knowledge or information necessary to identify nonparties at this time. And because Rite Aid cannot engage in discovery, it cannot obtain from Plaintiff or third parties the information that would allow it to more specifically identify nonparties who are at fault.

Under the circumstances, the best identification Rite Aid can make at this time is to identify categories of nonparties for which fault should be considered, along with a brief statement as to why the nonparties in those categories are at fault. Courts in other West Virginia opioid-related cases have allowed defendants to list nonparties by category in their initial notice. *See, e.g.*, Order (ECF No. 92) at 2, *Cabell Cnty. Comm'n v. AmerisourceBergen Drug Corp.*, No. 1:17-op-45053-DAP (S.D. W. Va. Sept. 18, 2017); Order at 10, *Brooke Cnty. Comm'n v. Purdue Pharma L.P.*, No. 17-C-248 (Cir. Ct. Marshall Cnty., W. Va., June 13, 2018).

Rite Aid identifies the following categories of nonparties at fault:

### I. PRESCRIBING PRACTITIONERS AND ASSOCIATED MEDICAL PROVIDERS

Rite Aid does not determine whether any given patient should receive a prescription for opioids. Doctors and other medical providers do that. To the extent prescribers of opioids illegally dispensed opioids themselves or issued prescriptions without a legitimate medical purpose, including prescribers who operated "pill mills" or who otherwise issued illegitimate prescriptions, those actions caused or contributed to Plaintiff's alleged injuries, if any. Accordingly, Rite Aid identifies, as a category of nonparties at fault, prescribing practitioners and associated medical providers who wrote opioid prescriptions, in West Virginia and

---

[1] The defendants also have not had an opportunity to file motions to dismiss in this case. By filing this Notice, Rite Aid is not admitting the truth of any of the allegations in the Second Amended Complaint or waiving any defenses. To the contrary, Rite Aid believes the Second Amended Complaint is deficient and should be dismissed when the appropriate time comes.

elsewhere, that caused Plaintiff's alleged damages, as well as entities that supervised or oversaw such practitioners.

## II.   INDIVIDUALS INVOLVED IN ILLEGAL DRUG SALES

The Complaint alleges that unlawful diversion of prescription opiates has caused an opioid "epidemic" in the City of Huntington. Second Am. Compl. ¶¶ 1-2. To the extent Plaintiff has suffered harm due to any "opioid epidemic" or heroin epidemic, individuals involved in prescription drug diversion and illegal drug sales caused or contributed to Plaintiff's injuries. Accordingly, Rite Aid identifies, as a category of nonparties at fault, individuals involved in illegal drug sales, including illegal sales of prescription opioids and other drugs within or into the City of Huntington, as well as individuals who otherwise contributed to opioid diversion through any means, such as through forged or other illegitimate prescriptions.

## III.   NONPARTY OPIOID MANUFACTURERS

While Plaintiff names various manufacturers as defendants in the Complaint, discovery may reveal that there are other opioid manufacturers not named in the Complaint that manufactured opioids that were then distributed into the City of Huntington. Pharmaceutical manufacturers develop, manufacture, label, advertise, and market prescription opioids. To the extent prescription opioids caused any injury to Plaintiff based on any acts or omissions of manufacturers —including but not limited to the dispensing or distribution of medications due to inadequate instructions, inadequate warnings, or false or misleading advertising and promotion of prescription opioids—fault must be apportioned to them. Accordingly, Rite Aid identifies, as a category of nonparties at fault, nonparty manufacturers of opioids.

IV. **NONPARTY OPIOID DISTRIBUTORS**

While Plaintiff names various distributors as defendants in the Complaint, discovery may reveal that there are other opioid distributors not named in the Complaint that distributed prescription opioids into the City of Huntington. To the extent prescription opioids caused Plaintiff any injury, those opioids may have been distributed, at least in part, by distributors other than those named in the Complaint. Accordingly, Rite Aid identifies, as a category of nonparties at fault, other pharmaceutical distributors.

V. **FEDERAL, STATE, AND LOCAL GOVERNMENTS**

At the federal level, prescription opioids are regulated by multiple federal agencies. The Food and Drug Administration has approved prescription opioids as safe and effective. The U.S. Drug Enforcement Administration ("DEA") has regulatory authority over prescription opioids under the Controlled Substances Act, and the Federal Bureau of Investigation also has authority to enforce the Controlled Substances Act.

At the state level, the West Virginia Board of Medicine, West Virginia Board of Osteopathic Medicine, West Virginia Board of Dentistry, and West Virginia Board of Examiners for Registered Professional Nurses are responsible for licensing practitioners who prescribe opioids within the City of Huntington. The West Virginia Board of Pharmacy also regulates prescription opioids. The West Virginia State Police, the sheriff's department, and local law enforcement are responsible for investigating and enforcing laws related to illegal drug sales and abuse.

Federal, state, and local governments, through their respective executive and legislative branches, as well as regulatory agencies, have the ability to regulate the use, prescription, and dispensing of prescription opioids. They have the ability to identify sources of prescription

opioid diversion and heroin distribution, and they have the ability to provide access to treatment and other means of recovery for those abusing opioids. Discovery will show the degree to which any of these entities failed to undertake timely and effective action causing or contributing to the harm alleged by Plaintiff. Accordingly, Rite Aid identifies, as a category of nonparties at fault, federal, state, and local governments and their component branches, departments, and agencies.

Dated: January 25, 2019

**RITE AID OF MARYLAND, INC.**
**By Counsel,**

/s/ Elisa P. McEnroe
Elisa P. McEnroe (Pro Hac Vice)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5917
elisa.mcenroe@morganlewis.com

Kelly A. Morgan (Pro Hac Vice)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(212) 309-6612
kelly.morgan@morganlewis.com

Webster J. Arceneaux, III, State Bar #155
LEWIS GLASSER PLLC
Post Office Box 1746
Charleston, WV 25326
(304) 345-2000
wjarceneaux@lewisglasser.com

*Counsel for Defendant Rite Aid of Maryland, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-md-2804<br>Judge Dan Aaron Polster |

*City of Huntington, WV v. Amerisource Bergen Drug Corporation et al.*, Case No. 1:17-op-45054-DAP

## CERTIFICATE OF SERVICE

I, Elisa P. McEnroe, counsel for Rite Aid of Maryland, Inc., do hereby certify that on this 25th of January, 2019, I served a copy of the foregoing "Defendant Rite Aid of Maryland's Initial Notice Regarding Potential Non-Party Fault Under W. Va. Code § 55-7-13d" via CM/ECF.

/s/ Elisa P. McEnroe
Elisa P. McEnroe (Pro Hac Vice)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5917
elisa.mcenroe@morganlewis.com
*Counsel for Defendant Rite Aid of Maryland, Inc.*