IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| This document relates to: | Case No. 17-md-2804 |
| Case No. 1:17-op-45053-DAP and Case No. 1:17-op-45054 (S.D. W.Va.) | Judge Dan Aaron Polster |
| | DEMAND FOR JURY TRIAL |
| CABELL COUNTY COMMISSION and CITY OF HUNTINGTON, WEST VIRGINIA, | |
| Plaintiff, | |
| PURDUE PHARMA L.P., *et al*. | |
| Defendants. | |

## DEFENDANT MCKESSON CORPORATION'S
## ANSWER AND STATEMENT OF DEFENSES

Defendant McKesson Corporation ("McKesson"), by and through its undersigned attorneys, hereby responds as follows to the allegations in the "Corrected Joint and Third Amended Complaint" ("Complaint") filed in this action by the Cabell County Commission and the City of Huntington ("Plaintiffs"):

### PRELIMINARY STATEMENT

The following matters are incorporated into responses to each paragraph of the Complaint:

A.      McKesson submits this Answer and Statement of Defenses ("Answer") only on behalf of itself and, unless stated otherwise, construes "McKesson" to refer exclusively to McKesson Corporation's U.S. Pharmaceutical Distribution business.  Where allegations are made against "Defendants," however described, the responses of McKesson apply only to McKesson.

B.     Most of the allegations in the Complaint are not directed at McKesson and therefore do not require a response. The responses below are subject to that limitation, regardless of whether expressly stated or not.

C.     The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and McKesson respectfully refers the Court to the respective materials for their complete contents.

D.     On December 19, 2019, Plaintiffs dismissed Counts 2 through 6 of their Complaint. Dkt. # 3024.  McKesson avers that any allegations pertaining to these claims do not require a response.  To the extent a response is required, McKesson denies those allegations.

E.     Except as otherwise expressly stated herein, McKesson denies each and every allegation in the Complaint, including any allegations in the preamble, unnumbered paragraphs, subparagraphs, titles, headings, subheadings, table of contents, footnotes, tables, and illustrations of the Complaint, and specifically denies liability to Plaintiff.  To the extent not expressly denied, all allegations for which McKesson denies possessing knowledge or information sufficient to form a belief are denied.

F.     McKesson reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWERING THE INTRODUCTORY PARAGRAPHS

1–10.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1–10 and, on that basis, denies those allegations.

11.     McKesson denies that it "unlawfully increased the demand for and sale of opioids" or "contributed to the gross supply of these drugs," denies liability, and denies that Plaintiffs are

entitled to any relief.  McKesson is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies those allegations.

12.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies those allegations.

13.     McKesson admits that this case is currently pending in the multi-district litigation *In re: National Prescription Opiate Litigation*, 17-md-2804, and admits that presiding MDL Judge Dan Aaron Polster issued an order identifying this case as the second bellwether track on December 31, 2018.  McKesson denies the allegations of Paragraph 13 insofar as they are directed to McKesson and specifically denies liability and denies that Plaintiffs are entitled to any relief. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 13 and, on that basis, denies those allegations.

14.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies those allegations.

15.     McKesson denies the allegations of Paragraph 15 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 15 and, on that basis, denies those allegations.

16.     McKesson avers that the allegations of Paragraph 16 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 16 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 16 and, on that basis, denies those allegations.

17.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies those allegations.

18–19.     McKesson denies the allegations of Paragraphs 18–19 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 18–19 and, on that basis, denies those allegations.

20.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies those allegations.

21.     McKesson avers that the allegations of the first and second sentences of Paragraph 21 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies these allegations.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, on that basis, denies those allegations.

22.     McKesson avers that the allegations of the first and second sentences of Paragraph 22 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies these allegations and denies the remaining allegations of Paragraph 22 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 22 and, on that basis, denies those allegations.

23.     McKesson denies the allegations of Paragraph 23 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 23 and, on that basis, denies those allegations.

24.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies those allegations.

25.     McKesson denies the allegations of Paragraph 25 insofar as they are directed to McKesson and specifically denies liability and denies that Plaintiffs are entitled to any relief. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 25 and, on that basis, denies those allegations.

## ANSWERING THE ALLEGATIONS ABOUT THE PARTIES

26.     McKesson admits that Plaintiff the City of Huntington, West Virginia ("City of Huntington") is a named plaintiff in this action.  McKesson avers that the remainder of the allegations in Paragraph 26 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies those allegations and respectfully refers the Court to the full and complete contents of the statutes and case law identified in footnotes 18–19.

27.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and footnote 20 and, on that basis, denies those allegations.

28.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies those allegations.

29.     McKesson admits that Plaintiff Cabell County Commission ("Cabell County") is a named plaintiff in this action.  McKesson avers that the remainder of the allegations in Paragraph 29 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies those allegations and respectfully refers the Court to the full and complete contents of the statutes and case law identified in footnotes 21–24.

30–36. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 30–36 and, on that basis, denies those allegations.

37.     McKesson avers that the allegations in Paragraph 37 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 37.

38.     McKesson avers that the allegations in Paragraph 38 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 38 insofar as they relate to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, on that basis, denies those allegations.

39–41. McKesson avers that the allegations in Paragraphs 39–41 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraphs 39–41.

42.     McKesson denies the allegations of the last sentence of Paragraph 42 insofar as they relate to McKesson.  McKesson avers that the remaining allegations in Paragraph 42 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies those allegations.

43–47. McKesson avers that the allegations in Paragraphs 43–47 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 43–47 and, on that basis, denies those allegations.

48.     McKesson avers that the allegations in Paragraph 48 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies those allegations.  McKesson avers that the allegations in footnote 30 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson admits that the Federal Controlled Substances Act ("CSA") defines

particular "drug schedules" and that certain prescription opioids are classified as Schedule II or Schedule III drugs.

49–123.       McKesson avers that the allegations in Paragraphs 49–123 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 49–123 and, on that basis, denies those allegations.

124.       McKesson admits that McKesson operates as a wholesale distributor of medication, including prescription opioids.  McKesson denies the remaining allegations of Paragraph 124 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 124 do not pertain to McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

125.       McKesson admits that McKesson operates as a wholesale distributor of medication. McKesson denies the remaining allegations of Paragraph 125 insofar as they pertain to McKesson. Insofar as the allegations of Paragraph 125 do not pertain to McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

126.       McKesson avers that the allegations of Paragraph 126 are too vague to accurately respond to insofar as they do not define "marketing" and fail to identify any particular program or activity conducted by McKesson that purportedly constitutes "marketing" of a prescription opioid. Insofar as a response is required, McKesson denies the allegations.  Insofar as the allegations of Paragraph 126 do not pertain to McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

127.    McKesson avers that the allegations in Paragraph 127 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, on that basis, denies those allegations.

128.    McKesson avers that the allegations in Paragraph 128 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 128 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies that that the statutory provision identified in footnote 41 sets forth a legal duty.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 and, on that basis, denies those allegations.

129–133.    McKesson avers that the allegations in Paragraphs 129–133 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 129–133 and, on that basis, denies those allegations.

134.    McKesson avers that the allegations in Paragraph 134 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 134 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies that that the statutory provision identified in footnote 44 sets forth a legal duty.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 and, on that basis, denies those allegations.

135–139.    McKesson avers that the allegations in Paragraphs 135–139 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 135–139 and, on that basis, denies those allegations.

140.    McKesson admits that it is a corporation organized and existing under Delaware law.  McKesson denies that its principal place of business is California and states that as of April 1, 2019 McKesson's principal place of business is Texas.

141.    McKesson admits that McKesson operates as a wholesale distributor of pharmaceutical medication, including prescription opioids.  McKesson denies that 21 U.S.C. § 823(b)(1), which identifies factors for consideration by the DEA when determining to register a distributor, sets forth a legal duty,

142.    McKesson admits that McKesson operates as a wholesale distributor of medication, including prescription opioids, in the United States and in the City of Huntington and Cabell County.  McKesson states that the allegations of Paragraph 142 related its "registered subsidiaries and affiliated entities" is too vague to accurately respond to insofar as it fails to identify any particular subsidiary or affiliate, and on that basis denies this allegation.

143.    McKesson admits the allegations of Paragraph 143.

144.    McKesson avers that Plaintiffs' definition of "Plaintiffs' community" is too vague as to allow McKesson to ascertain the accuracy of the allegations of Paragraph 144 because the Complaint defines "Plaintiffs' Community" to include the "City of Huntington and … Cabell County and surrounding areas" without defining "surrounding areas."  On this basis, McKesson states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 144 and, on that basis, denies those allegations.

145.    McKesson admits the allegations of Paragraph 145 regarding its reported revenue. McKesson denies the remaining allegations of Paragraph 145.

146–153.    McKesson avers that the allegations in Paragraphs 146–153 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 146–153 and, on that basis, denies those allegations.

154.    McKesson avers that the allegations in Paragraph 154 are not directed to McKesson and therefore do not require a response.  McKesson further avers that the allegations of Paragraph 154 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies that that the statutory provision identified in footnote 49 sets forth a legal duty.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154 and, on that basis, denies those allegations.

155–164.    McKesson avers that the allegations in Paragraphs 155–164 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 155–164 and, on that basis, denies those allegations.

165.    McKesson denies that it distributed prescription opioids to any of the CVS pharmacies that Plaintiffs, in Paragraph 162 of their Complaint, identify as being located within the City of Huntington or Cabell County.  Insofar as the allegations in Paragraph 165 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

166–190.    McKesson avers that the allegations in Paragraphs 166–190 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 166–190 and, on that basis, denies those allegations.

191.    McKesson admits that at certain times it operated as a wholesale distributor of medication, including certain prescription opioids, to Rite Aid pharmacies located in Cabell County or the City of Huntington.  Insofar as the allegations in Paragraph 191 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

192–209.     McKesson avers that the allegations in Paragraphs 192–210 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 192–209 and, on that basis, denies those allegations.

210.    McKesson admits that at certain times it operated as a wholesale distributor of medication, including certain prescription opioids, to Walgreens pharmacies located in Cabell County or the City of Huntington.  Insofar as the allegations in Paragraph 210 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

211–227.     McKesson avers that the allegations in Paragraphs 211–227 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 211–227 and, on that basis, denies those allegations.

228.    McKesson admits that at certain times it operated as a wholesale distributor of medication, including certain prescription opioids, to a Kroger pharmacy located in the City of Huntington.  McKesson otherwise denies the allegations of Paragraph 228 insofar as they relate to the conduct of McKesson.  Insofar as the allegations in Paragraph 228 pertain to other Defendants,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

229–246.    McKesson avers that the allegations in Paragraphs 229–246 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 229–246 and, on that basis, denies those allegations.

247.    McKesson admits that at certain times it operated as a wholesale distributor of medication, including certain prescription opioids to Walmart pharmacies located in Cabell County or the City of Huntington.  Insofar as the allegations in Paragraph 247 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

248–259.    McKesson avers that the allegations in Paragraphs 248–258 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 248–258 and, on that basis, denies those allegations.

259.    McKesson avers that Paragraph 259 does not contain any factual allegations  that require a response.  To the extent that a response is required, McKesson admits that the Complaint uses the naming convention identified in Paragraph 259 but denies any implication that McKesson in any way unlawfully or improperly coordinated or associated with any other defendant included in these named groups.

260.    McKesson avers that Paragraph 260 does not contain any factual allegations that require a response.  To the extent that a response is required, McKesson admits that the Complaint uses the naming convention identified in Paragraph 260.

261.    McKesson avers that Paragraph 261 does not contain any factual allegations that require a response. To the extent that a response is required, McKesson admits that the Complaint uses the naming conventions identified in Paragraph 261 but denies any implication that McKesson in any way unlawfully or improperly coordinated or associated with any other defendant included in these named groups.

262.    McKesson avers that the allegations in Paragraph 262 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 and, on that basis, denies those allegations.

263.    McKesson avers that the allegations in Paragraph 263 are not directed to McKesson and therefore do not require a response. McKesson further avers that the allegations of Paragraph 263 state a legal conclusion to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 263 insofar as they purport to identify legal duties owed by wholesale distributors. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 263 and, on that basis, denies those allegations.

264–299.    McKesson avers that the allegations in Paragraphs 264–299 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 264–299 and, on that basis, denies those allegations.

300.    McKesson denies the allegations in Paragraph 300 insofar as they pertain to McKesson. With respect to the allegations in Paragraph 300 against other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 300 and, on that basis, denies those allegations.

## ANSWERING THE JURISDICTION AND VENUE ALLEGATIONS

301. McKesson avers that the allegations in Paragraph 301 state legal conclusions to which no response is required. To the extent that a response is required, McKesson admits that this Court has subject-matter jurisdiction over this action, except to the extent that Plaintiffs lack standing to assert their claims, and denies the remainder of the allegations.

302–303. McKesson avers that the allegations in Paragraphs 302–303 state legal conclusions to which no response is required. To the extent that a response is required, McKesson states that it does not contest personal jurisdiction in this action. McKesson denies the remaining allegations in Paragraphs 302–303 insofar as they pertain to McKesson, including any implication in Paragraphs 302–303 that McKesson's conduct was tortious or otherwise unlawful, and respectfully refers the Court to the cited statutes in their full and complete form. As to the other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 302–303 and, on that basis, denies those allegations.

304. McKesson avers that the allegations in Paragraph 304 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations in Paragraph 304 insofar as they pertain to McKesson, including any implication in Paragraph 304 that McKesson's conduct was tortious or otherwise unlawful, and respectfully refers the Court to the cited statute in its full and complete form. As to the other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304 and, on that basis, denies those allegations.

305. McKesson avers that the allegations of the first sentence in Paragraph 305 state legal conclusions to which no response is required. To the extent that a response is required,

McKesson denies the allegations in Paragraph 305 insofar as they pertain to McKesson, including any implication in Paragraph 305 that McKesson's conduct was tortious or otherwise unlawful, and respectfully refers the Court to the cited statute in its full and complete form. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 305 and, on that basis, denies those allegations.

306.    McKesson avers that the allegations in Paragraph 306 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson states that it does not contest personal jurisdiction in this action.  McKesson denies the remaining allegations in Paragraph 306 insofar as they pertain to McKesson, including any implication in Paragraph 306 that McKesson's conduct was tortious or otherwise unlawful.  As to the other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306 and, on that basis, denies those allegations.

## ANSWERING THE JURY DEMAND

307.    McKesson avers that the allegations of Paragraph 307 state a legal conclusion to which no response is required. To the extent that a response is required, McKesson denies that the Plaintiffs are entitled to a trial by jury for claims seeking equitable or injunctive relief.

## ANSWERING THE FACTUAL ALLEGATIONS

308.    McKesson denies the allegations in Paragraph 308 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 308 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 308 and, on that basis, denies those allegations.

309–310.        McKesson avers that the allegations in Paragraphs 309–310 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraphs 309–310 insofar as they relate to McKesson.  McKesson is

15

without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 309–310 and, on that basis, denies them.

311.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 311 and, on that basis, denies those allegations.

312.    McKesson denies the allegations of Paragraph 312 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 312 and, on that basis, denies those allegations.

313–315.    McKesson avers that the allegations in Paragraphs 313–315 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 313–315 and, on that basis, denies those allegations.

316.    McKesson admits that opioids are narcotics and prescription opioids are controlled substances.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 316 and, on that basis, denies those allegations.

317.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 and, on that basis, denies those allegations.

318–319.    McKesson avers that the allegations in Paragraphs 318–319 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 318–319 and, on that basis, denies those allegations.

320.    McKesson denies the allegations in the first sentence of Paragraph 320 insofar as it relates to the conduct of McKesson. McKesson is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 320 and, on that basis, denies those allegations.

321-322.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 321–322 and, on that basis, denies those allegations.

323.    McKesson avers that the allegations in the third sentence of Paragraph 323 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies the allegations of the third sentence of Paragraph 323. McKesson otherwise denies the allegations of Paragraph 323 insofar as they pertain to the conduct of McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 323 and, on that basis, denies those allegations.

324.    McKesson avers that the allegations in Paragraph 324 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324 and, on that basis, denies those allegations.

325.    McKesson denies the allegations of Paragraph 325 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 325 and, on that basis, denies those allegations.

326–330.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 326–330 and, on that basis, denies those allegations.

331.    McKesson admits that certain prescription opioids are regulated as Schedule II controlled substances by the U.S. Drug Enforcement Administration ("DEA").  McKesson is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 331 and, on that basis, denies those allegations.

332–666.     McKesson avers that the allegations in Paragraphs 332–666 are not directed to McKesson and therefore do not require a response.   To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 332–666 and, on that basis, denies those allegations.

667–669.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 667–669 and, on that basis, denies those allegations.

670.     McKesson avers that the allegations of Paragraph 670 state legal conclusions to which no response is required.   To the extent that a response is required, McKesson denies the allegations of Paragraph 670 insofar as they relate to the conduct of McKesson.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 670 and, on that basis, denies those allegations.

671.     McKesson denies the allegations of Paragraph 671 insofar as they relate to the conduct of McKesson.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 671 and, on that basis, denies those allegations.

672.     McKesson admits that McKesson is required to register as a wholesale distributor pursuant to federal law.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 672 and, on that basis, denies those allegations.

673.     McKesson denies the allegations of Paragraph 673 insofar as they relate to the conduct of McKesson.   McKesson is without knowledge or information sufficient to form a belief

18

as to the truth of the remainder of the allegations in Paragraph 673 and, on that basis, denies those allegations.

674.    McKesson avers that the allegations of Paragraph 674 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 674.

675.    McKesson avers that the allegations of Paragraph 675 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraph 675 insofar as they pertain to McKesson.  Insofar as the allegations in Paragraph 675 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

676.    McKesson avers that the allegations of Paragraph 676 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits that McKesson is required to register as a wholesale distributor pursuant to federal law.  McKesson denies the remaining allegations of Paragraph 676.

677.    McKesson avers that the allegations of Paragraph 677 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 677.

678.    McKesson avers that the allegations of Paragraph 678 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the existence of any duty in tort to Plaintiff as alleged in Paragraph 678.

679.    McKesson admits that the Automated Records and Consolidated Orders System/Diversion Analysis and Detection System ("ARCOS") system is used, in part, to record licensed distribution of certain controlled substances nationwide.  McKesson admits that the CSA

was enacted in 1970. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 679 and, on that basis denies those allegations.

680.　McKesson admits that licensed wholesalers are required to report transactional data for certain controlled substances to the DEA through ARCOS, and that McKesson did report such data. McKesson admits that the DEA does not disclose ARCOS data publicly. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 680 and, on that basis, denies those allegations.

681–682.　McKesson denies the allegations in Paragraphs 681–682 insofar as they pertain to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 681–682 and, on that basis, denies those allegations.

683–684.　McKesson admits that the DEA has access, through the ARCOS system, to all of the data submitted by each DEA registrant across the company and could use that available data for its investigatory or other purposes. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 683–684 and, on that basis denies those allegations.

685.　McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 685 and, on that basis, denies those allegations.

686.　McKesson admits that the DEA has access, through the ARCOS system, to all of the data submitted by each DEA registrant across the company and could use that available data for its investigatory or other purposes. McKesson is without knowledge or information sufficient

to form a belief as to the truth of the remainder of the allegations in Paragraph 686 and, on that basis, denies those allegations.

687.    McKesson admits that the DEA does not disclose ARCOS data publicly. McKesson denies the allegations of Paragraph 687 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 687 and, on that basis, denies those allegations.

688.    McKesson admits that has supported requests to the DEA to allow registrants access to ARCOS data that is historically maintained by the DEA and not shared with registrants. McKesson avers that the allegations in the last sentence in Paragraph 688 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits that it may raise any and all applicable defenses in this action, including defenses based on the statute of limitations.  McKesson otherwise denies the allegations of Paragraph 688 insofar as they relate to the conduct of McKesson.  Insofar as they relate to other defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 688 and, on that basis, denies those allegations.

689.    McKesson admits that it has access to its own transactional data, but denies the characterization of that data in Paragraph 689.  McKesson admits that that Mr. Gary Boggs formerly worked for the DEA and is currently employed by McKesson.  McKesson denies the allegations of Paragraph 689 characterizing the contents of the document cited in footnote 224 and respectfully refers this Court to the cited document for its full and correct contents.  McKesson denies any remaining allegations in Paragraph 689.

690.    McKesson admits that certain ARCOS data was produced by the DEA in this litigation.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 690 and, on that basis, denies those allegations.

691.    McKesson denies the allegations in Paragraph 691 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 691 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 691 and, on that basis, denies those allegations.

692.    McKesson admits that the CSA was enacted in 1970.  McKesson avers that the remaining allegations in Paragraph 692 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the remaining allegations of Paragraph 692.

693.    McKesson avers that the remaining allegations in Paragraph 693 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 693 and, on that basis, denies those allegations.

694.    McKesson denies the allegations in Paragraph 694 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 694 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 694 and, on that basis, denies those allegations.

695.    McKesson denies the allegations of Paragraph 695.

696–697.    McKesson avers that the allegations in Paragraphs 696–697 are legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations, including the Plaintiffs' characterization of any purported legal duties.

698. McKesson admits that distribution of controlled substances is regulated by federal law. McKesson avers that the remaining allegations of Paragraph 698 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies those allegations and respectfully refers the Court to the cited statutes and regulations for a full and correct copy of the same.

699. McKesson admits that federal law regulates controlled substances under drug schedules. McKesson avers that the remaining allegations of Paragraph 699 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the cited authority for the full and correct content of the same.

700. McKesson avers that Paragraph 700 states legal conclusions to which no response is required. To the extent that a response is required, McKesson admits that it is required to register with the DEA to operate as a wholesale distributor, but otherwise denies the allegations of Paragraph 700, including Plaintiffs' characterization of applicable legal requirements, and respectfully refers this Court to the referenced authority for its full and correct contents.

701–703. McKesson avers that the allegations of Paragraphs 701–703 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the referenced authority for its full and correct contents.

704. McKesson avers that the allegations in Paragraph 704 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 704, including Plaintiffs' characterization of McKesson's legal duties.

McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 704 and, on that basis, denies them.

705.   McKesson avers that the allegations of Paragraph 705 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the cited authority for the full and correct content of the same.

706.   McKesson avers that the allegations of Paragraph 706 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations.

707.   McKesson avers that the allegations of Paragraph 707 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the cited authority for the full and correct content of the same.

708.   McKesson avers that the allegations of Paragraph 708 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the cited authority for the full and correct content of the same.

709.   McKesson avers that the allegations of Paragraph 709 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies Plaintiffs' characterization of the cited testimony and otherwise denies the allegations of Paragraph 709.

710.   McKesson admits that McKesson had various communications with DEA regarding the CSA.  McKesson further admits that in 2005 DEA began increasingly

communicating with McKesson regarding internet pharmacies.  McKesson avers that to the extent

the allegations of Paragraph 710 state legal conclusions, no response is required.  If a response is

deemed necessary, McKesson denies those allegations.

711.    McKesson admits that DEA sent a letter to registrants dated September 27, 2006

regarding the distribution of controlled substances.  McKesson otherwise denies the allegations of

Paragraph 711, including the characterization of the contents of letter, and respectfully refers this

Court to the cited letter for its full and correct contents.  To the extent the allegations of Paragraph

711 state legal conclusions, McKesson avers that no response is necessary.  To the extent that a

response is required, McKesson denies the allegations of Paragraph 711.

712.    McKesson admits that DEA sent a letter to registrants dated December 27, 2007

regarding the distribution of controlled substances.  McKesson otherwise denies the allegations of

Paragraph 712, including the characterization of the contents of the letter and respectfully refers

this Court to the cited letter for its full and correct contents.  To the extent the allegations of

Paragraph 712 state legal conclusions, McKesson avers that no response is necessary.  To the

extent that a response is required, McKesson denies the allegations of Paragraph 712.

713.    McKesson denies the allegations of Paragraph 713, including the characterization

of the contents of the letter and respectfully refers this Court to the cited letter for its full and

correct contents.  To the extent the allegations of Paragraph 713 state legal conclusions, McKesson

avers that no response is necessary.  To the extent that a response is required, McKesson denies

the allegations of Paragraph 713.

714.    McKesson avers that the allegations in the first sentence of Paragraph 714 state

legal conclusions to which no response is required.  To the extent that a response is required,

McKesson denies the allegations in the first sentence of Paragraph 714, insofar as they relate to

McKesson.  McKesson avers that the remaining allegations in Paragraph 714 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 714 and, on that basis, denies those allegations.

715–716.     McKesson avers that the allegations in Paragraphs 715–716 are not directed to McKesson and therefore no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 715–716 and, on that basis, denies those allegations.

717–718.     McKesson avers that the allegations of Paragraphs 717–718 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraphs 717–718 insofar as they relate to McKesson and denies Plaintiffs' characterization of the cited statutes.  Insofar as they relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 717–718 and, on that basis, denies those allegations.

719–721.     McKesson avers that the allegations of Paragraphs 719–721 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the referenced authority for its full and correct contents.

722–723.     McKesson avers that the allegations in Paragraphs 722–723 are not directed to McKesson and therefore no response is required.  McKesson further avers that the allegations of Paragraphs 722–723 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the referenced authority for its full and correct contents.

724–725.    McKesson avers that the allegations of Paragraphs 724–725 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the referenced authority for its full and correct contents.

726.    McKesson admits that McKesson is licensed by the West Virginia Board of Pharmacy.   McKesson avers that the remaining allegations of Paragraph 726 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 726.

727–731.    McKesson avers that the allegations of Paragraphs 727–731 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the referenced authority for its full and correct contents.

732.    McKesson admits that McKesson is licensed by the West Virginia Board of Pharmacy.  McKesson avers that the allegations of Paragraph 732 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the referenced authority for its full and correct contents.

733–734.    McKesson avers that Paragraphs 733–734 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations and respectfully refers this Court to the referenced authority for its full and correct contents.

735–737.    McKesson avers that the allegations of Paragraphs 735–737 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations.

738.    McKesson denies the allegations of Paragraph 738.

739.    McKesson admits that McKesson has acquired certain businesses related to the operation of a wholesale distribution services, that McKesson offers certain service programs to McKesson pharmacy customers, and that McKesson has an ordering system by which pharmacies place orders.  As to whether this ordering system allows any specific customer to reduce inventory carrying costs, McKesson is without knowledge or information sufficient to form a belief as to the truth of that allegation and, on that basis, denies it.  McKesson denies the remaining allegations of Paragraph 739 insofar as they pertain to McKesson, including the characterization of McKesson's acquisitions as "vertical integration."  Insofar as the allegations of Paragraph 739 relate to Defendants other than McKesson, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

740.    McKesson avers that the allegations in Paragraph 740 are not directed to McKesson and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations insofar as they are interpreted to reference the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 740 and, on that basis, denies those allegations.

741–749.    McKesson avers that the allegations in Paragraphs 741–749 are not directed to McKesson and therefore no response is required. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 741–749 and, on that basis, denies those allegations.

750.    McKesson denies the allegations of Paragraph 750.

751.    McKesson admits that it has an important role in the healthcare system of the United States by distributing FDA-approved medications to DEA-licensed pharmacies that may

dispense to patients with a valid prescription from a licensed healthcare provider, but otherwise denies the allegations in Paragraph 751.

752.    McKesson admits that it is a member of the Healthcare Distribution Alliance ("HDA"), which was previously called HDMA.  McKesson admits that HDMA submitted an amicus brief in then-pending litigation, which includes the second quote in the second sentence of Paragraph 752.  McKesson states that the first quotation in the second sentence of Paragraph 752 is not accurate and that this inaccuracy is material to the quotation's meaning.  Due to this inaccuracy and otherwise, McKesson denies Plaintiffs' characterization of the amicus brief and respectfully refers the Court to the document for its full and correct contents.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 752 and, on that basis, denies those allegations.

753.    McKesson avers that to the extent the allegations of Paragraph 753 state legal conclusions, no response is required.  To the extent that a response is required, McKesson admits that McKesson had various communications with DEA regarding the CSA.  McKesson otherwise denies the allegations of Paragraph 753.

754.    McKesson avers that the first sentence of Paragraph 754 states legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in the first sentence of Paragraph 754 and respectfully refers this Court to the referenced document for its full and correct contents.  McKesson admits that Mr. Gary Boggs formerly worked for the DEA and is currently employed by McKesson, but denies that the document in question was authored during his employment.  McKesson denies the allegations of Paragraph 754 characterizing the contents of the document and denies any remaining allegations in Paragraph 754.

755–756.    McKesson denies the allegations of Paragraphs 755–756 characterizing the contents of the document referenced in Paragraphs 755–756 and respectfully refers this Court to the cited document for its full and correct contents.  McKesson denies any remaining allegations in Paragraphs 755–756.

757.    McKesson avers that the allegations of Paragraph 757 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits that it operates a regulatory compliance program that reviews prospective customers prior to authorizing controlled substances distribution.  McKesson otherwise denies the allegations of Paragraph 757.

758.    McKesson admits that the DEA does not publicly disclose ARCOS data. McKesson denies the remaining allegations of Paragraph 758 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 758 insofar as they pertain to other Defendants and, on that basis, denies those allegations.

759.    McKesson denies the allegations of Paragraph 759 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 759 and, on that basis, denies those allegations.

760.    McKesson admits that McKesson's sales and regulatory personnel visit pharmacy customers during which they pay attention to potential red flags for diversion, but denies that such visits are accurately described by Plaintiffs in Paragraph 760 or elsewhere in their Complaint. McKesson otherwise denies the allegations of Paragraph 760 insofar as they pertain to McKesson. Insofar as the allegations of Paragraph 760 pertain to other Defendants, McKesson is without

knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 760 and, on that basis, denies those allegations.

761.    McKesson denies the allegations of Paragraph 761 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 761 and, on that basis, denies those allegations.

762.    McKesson admits that it may have obtained certain information from certain data companies, but denies Plaintiffs' characterization of that data.  McKesson otherwise denies the allegations of Paragraph 762 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 762 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 762 and, on that basis, denies those allegations.

763.    McKesson admits that McKesson developed and utilized questionnaires and other materials in an effort to "know [its] customer."  McKesson otherwise denies the allegations of Paragraph 763 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 763 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 763 and, on that basis, denies them.

764.    McKesson admits that it may have obtained certain information from certain data companies, but denies Plaintiffs' characterization of that data.  McKesson otherwise denies the allegations of Paragraph 764 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 764 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 764 and, on that basis, denies them.

765.    McKesson admits that it obtained certain information from IMS Health, but denies Plaintiffs' characterizations of that data.  McKesson otherwise denies the allegations of Paragraph 765 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 765 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 765 and, on that basis, denies them.

766.    McKesson admits that it may have obtained certain information from Wolters Kluwer for a limited period of time, but denies Plaintiffs' characterization of that data.  McKesson otherwise denies the allegations of Paragraph 766 insofar as they pertain to McKesson.  Insofar as the allegations of Paragraph 766 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 766 and, on that basis, denies them.

767.    McKesson denies the allegations of Paragraph 767.

768–770.    McKesson avers that the allegations in Paragraphs 768–770 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 768–770 and, on that basis, denies those allegations.

771.    McKesson denies the allegations of Paragraph 771 insofar as they pertain to the conduct of McKesson.  Insofar as the allegations of Paragraph 771 relate to other defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 771 and, on that basis, denies them.

772.    McKesson avers that the allegations in Paragraph 772 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 772 and, on that basis, denies those allegations.

773–774.     McKesson denies the allegations of Paragraphs 773–774 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 773–774 and, on that basis, denies those allegations.

775–786.     McKesson avers that the allegations in Paragraphs 775–786 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 775–786 and, on that basis, denies those allegations.

787.     McKesson denies the allegations of Paragraph 787 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 787 and, on that basis, denies those allegations.

788.     McKesson admits that it entered into a settlement agreement with the Department of Justice in 2008 wherein McKesson agreed to pay $13.25 million to resolve certain claims against the company.  McKesson denies the remaining allegations of Paragraph 788, including Plaintiffs' characterization of the settlement agreement, and respectfully refers this Court to the referenced agreement for its full and correct contents.  With respect to the allegations in Paragraph 788 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 788 and, on that basis, denies those allegations.

789.     McKesson admits that it entered into a settlement agreement with the Department of Justice in 2017 wherein McKesson agreed to pay $150 million to resolve certain claims against McKesson.  McKesson denies the remaining allegations of Paragraph 567, including Plaintiffs' characterization of the settlement agreement, and respectfully refers this Court to the cited document for its full and correct contents.

790.     McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 790 and, on that basis, denies those allegations.

791.     McKesson admits that it entered into a settlement agreement with the Department of Justice in 2017 wherein McKesson agreed to pay $150 million to resolve certain claims against McKesson.  McKesson further admits that as part of McKesson's Administrative Memorandum of Agreement with DEA, McKesson agreed to temporary, staged suspensions of DEA registrations at three distribution centers, and it agreed to a temporary suspension of its ability to distribute hydromorphone from a fourth distribution center.  McKesson further admits that the language quoted in the final sentence of Paragraph 791 appears in a Department of Justice press release announcing the settlement.  McKesson denies the remaining allegations of Paragraph 791, including Plaintiffs' characterization of the settlement agreement, and respectfully refers this Court to the cited document for its full and correct contents.

792.     McKesson denies the allegations of Paragraph 792.

793.     McKesson admits that CBS aired an episode of 60 Minutes including an interview with Mr. Rannazzisi.  McKesson denies all other allegations in Paragraph 793 and specifically denies Mr. Rannazzisi's statements insofar as they relate to the conduct of McKesson.

794.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 794 and, on that basis, denies those allegations.  To the extent these purported statements are construed as allegations against McKesson, McKesson denies them.

795.    McKesson avers that the allegations in Paragraph 795 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 795 and, on that basis, denies those allegations.  McKesson further denies any implication in the first sentence of Paragraph 795 that McKesson acted unlawfully.

796–800.    McKesson avers that the allegations in Paragraphs 796–800 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 796–800 and, on that basis, denies those allegations.

801.    McKesson denies the allegations of Paragraph 801 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 801 and, on that basis, denies those allegations.

802–803.    McKesson denies the allegations of Paragraphs 802–803 insofar as they relate to the conduct of McKesson. To the extent the allegations of Paragraphs 802–803 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

804–860.    McKesson avers that the allegations in Paragraphs 804–860 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 804–860 and, on that basis, denies those allegations.

861–863.       McKesson denies the allegations of Paragraphs 861–863.

864.     McKesson admits that it estimates that the company distributes approximately one-third of the pharmaceutical medicine in the United States.  McKesson further admits that it appears on the most-recent Fortune list.  McKesson denies the remaining allegations of Paragraph 864, and specifically denies Plaintiffs' characterizations of the documents identified in footnotes 341–342.

865.     McKesson avers that Plaintiffs' allegations in Paragraph 865, as well as the testimony cited in footnotes 343–345 state conclusions of law to which no response is required.  To the extent that a response is required, McKesson admits that wholesale distributors are subject to regulation under federal law.  McKesson otherwise denies the allegations of Paragraph 865, and specifically denies Plaintiffs' characterizations of the cited testimony.

866–867.       McKesson denies the allegations of Paragraphs 866–867, and specifically denies Plaintiffs' characterizations of the documents and testimony cited at footnotes 346–350.

868.     McKesson admits that it operated a suspicious order monitoring policy until 2007 and thereafter that reported to the DEA all orders of controlled substances that exceeded an established monthly average.  McKesson otherwise denies the allegations of Paragraph 868, and specifically denies Plaintiffs' characterizations of the document identified at footnotes 352–353.

869.     McKesson admits that it entered into a settlement agreement with the Department of Justice in 2008 wherein McKesson agreed to pay $13.25 million to resolve certain claims against the company.  McKesson further admits that it was contacted by the DEA in 2005 in relation to certain orders for prescription hydrocodone products placed by licensed pharmacies.  McKesson

otherwise denies the allegations of Paragraph 869, and specifically denies Plaintiffs' characterizations of the document identified at footnotes 354–356.

870. McKesson admits that in 2007 it implemented a suspicious order monitoring program entitled the Lifestyle Drug Monitoring Program ("LDMP") which employed a threshold of 8,000 dosage units per month for certain controlled substances, while also continuing to send the reports identified in McKesson's response to Paragraph 868. McKesson further admits less than a month after it implemented the LDMP it conducted an audit. McKesson otherwise denies the allegations of Paragraph 870 and specifically denies Plaintiffs' characterizations of the documents cited at footnotes 357–360.

871–872. McKesson admits that it entered into a settlement agreement with the Department of Justice in 2008 wherein McKesson agreed to pay $13.25 million to resolve certain claims against the company. McKesson denies the remaining allegations of Paragraphs 871–872, including Plaintiffs' characterization of the agreement, and respectfully refers this Court to the cited document for its full and correct contents.

873. McKesson admits that it has since May 2008 operated a suspicious order monitoring program entitled the Controlled Substances Monitoring Program ("CSMP"). McKesson otherwise denies the allegations of Paragraph 873 and specifically denies Plaintiffs' characterization of the document identified at footnote 366.

874. McKesson admits that under the CSMP McKesson undertook a review of pharmacy purchasing data to assist in setting a pharmacy's thresholds. McKesson further admits that at certain times it communicated with customers about their threshold limits. McKesson otherwise denies the allegations of Paragraph 874, including Plaintiffs' characterization of the CSMP and the documents identified at footnotes 367–369.

875.    McKesson admits that under the CSMP orders in excess of a threshold for a DEA base code are not shipped.  McKesson further admits that the CSMP manual establishes a three "level" review process.  McKesson otherwise denies the allegations of Paragraph 875, including Plaintiffs' characterization of the document identified at footnote 370, and respectfully refers this Court to the cited documents for their full and correct contents.

876.    McKesson denies the allegations of Paragraph 876.

877.    McKesson avers that Plaintiffs' allegations in Paragraph 877, as well as the underlying testimony cited in footnote 371 state conclusions of law to which no response is required.  To the extent that a response is required.  McKesson denies the allegations of Paragraph 877 and specifically denies the characterization of the testimony cited at footnote 371.

878.    McKesson admits that in 2013 it received an administrative inspection warrant from the DEA.  McKesson otherwise denies the allegations of Paragraph 878 and specifically denies Plaintiffs' characterization of the document cited at footnote 372.

879–880.    McKesson denies the allegations of Paragraphs 879–880 and specifically denies Plaintiffs' characterization of the documents identified at footnotes 373-378.

881.    McKesson admits that it entered into a settlement agreement with the Department of Justice in 2017 wherein McKesson agreed to pay $150 million to resolve certain claims against McKesson.  McKesson otherwise denies the allegations of Paragraph 881 and specifically denies Plaintiffs' characterization of that settlement agreement and the documents identified at footnotes 379–383.

882.    McKesson admits that in 2013 as part of the evolution of its CSMP program it conducted an internal review of customer thresholds for certain DEA base codes, including

oxycodone. McKesson denies the remaining allegations of Paragraph 882, including Plaintiffs' characterization of the document cited at footnote 384.

883. McKesson admits that it currently operates a threshold monitoring system developed by the Analysis Group (the "AGI Model"). McKesson otherwise denies the allegations of Paragraph 883, including Plaintiffs' characterizations of the AGI Model and the document cited in footnotes 385–388.

884. McKesson admits that it entered into a settlement agreement with the Department of Justice in 2017 wherein McKesson agreed to pay $150 million to resolve certain claims against McKesson. McKesson denies the remaining allegations of Paragraph 884, including Plaintiffs' characterization of that settlement agreement, and respectfully refers this Court to the cited document for its full and correct contents.

885–888. McKesson avers that the allegations in Paragraphs 885–888 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 885–888 and, on that basis, denies those allegations.

889. McKesson admits that at certain times, McKesson has distributed prescription opioids, including Schedule II controlled substances, to CVS pharmacies in certain states. McKesson avers that the remaining allegations in Paragraph 889 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 889 and, on that basis, denies those allegations.

890–900. McKesson avers that the allegations in Paragraphs 890–900 are not directed to McKesson and therefore do not require a response. To the extent that a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 890–900 and, on that basis, denies those allegations.

901.    McKesson admits that at certain times, McKesson has distributed prescription opioids, including Schedule II controlled substances, to CVS pharmacies in certain states. McKesson avers that the remaining allegations in Paragraph 901 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 901 and, on that basis, denies those allegations.

902.    McKesson admits that McKesson has distributed pharmaceutical medication to CVS pharmacies in certain states.  McKesson states that insofar as Paragraph 902 fails to define the metric or time period by which it purports to measure "largest,"  McKesson is unable to accurately answer the allegations of Paragraph 902 and, on that basis, denies the allegation.

903.    McKesson avers that the allegations in Paragraph 903 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 903 and, on that basis, denies those allegations.

904.    McKesson denies the allegations in Paragraph 904 insofar as they pertain to McKesson, including any implication that McKesson was legally required to undertake the actions described in Paragraph 904.  With respect to the allegations in Paragraph 904 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 904 and, on that basis, denies those allegations.

905–906.      McKesson avers that the allegations in Paragraphs 905–906 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 905–906 and, on that basis, denies those allegations.

907.      McKesson denies the allegations of Paragraph 907.

908.      McKesson avers that the allegations in Paragraph 908 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson denies the allegations in Paragraph 908 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 908 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 908 and, on that basis, denies those allegations.

909.      McKesson avers that the allegations in Paragraph 909 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson denies the allegations in Paragraph 909 insofar as they pertain to McKesson.  McKesson is otherwise without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 909 and, on that basis, denies those allegations.

910.      McKesson denies the allegations in Paragraph 910 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 910 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 910 and, on that basis, denies those allegations.

911–912.      McKesson avers that the allegations in Paragraphs 911–912 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 911–912 and, on that basis, denies those allegations.

913–914.      McKesson avers that the allegations in Paragraphs 913–914 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson denies the allegations in Paragraphs 913–914 insofar as they pertain to McKesson and specifically denies any implication that it improperly or tortiously delegated any legal duty.  With respect to the allegations in Paragraphs 913–914 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 913–914 and, on that basis, denies those allegations.

915.      McKesson denies the allegations in Paragraph 915.

916–1076.      McKesson avers that the allegations in Paragraphs 916–1076 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 916–1076 and, on that basis, denies those allegations.

1077.  McKesson admits that individuals can carry prescription medications across state borders, including for illegal resale.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1077 and, on that basis, denies those allegations.

1078.  McKesson admits that in some circumstances, prescriptions written in one state may be filled in a different state.  McKesson further admits that individuals can carry prescription medications across state borders, including for illegal resale.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1078 and, on that basis, denies them.

1079–1083.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1079–1083 and, on that basis, denies those allegations.

1084.   McKesson denies the allegations of the last sentence of Paragraph 1084 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1084 and, on that basis, denies those allegations.

1085.   McKesson denies the allegations of Paragraph 1085.

1086.   McKesson admits that it entered into settlement agreements with the Department of Justice in 2008 and 2017 to resolve certain claims against the company.  McKesson denies the remaining allegations of Paragraph 1086.

1087.   McKesson denies the allegations of Paragraph 1087 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1087 and, on that basis, denies those allegations.

1088.   McKesson admits that McKesson's webpage contained the language quoted in the first sentence of Paragraph 1088.  McKesson further admits that a McKesson statement quoted in the Washington Post contains the quoted language in the second sentence of Paragraph 1088. McKesson otherwise denies the allegations of Paragraph 1088, including Plaintiffs' characterizations of such statements.

1089.  McKesson avers that the allegations in Paragraph 1089 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required,

McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1089 and, on that basis, denies those allegations.

1090.   McKesson admits that trade associations, including HDMA, filed an amicus brief in the case described in Paragraph 1090 and that the brief contains the quoted language.  McKesson denies the remaining allegations of Paragraph 1090, including Plaintiffs' characterization of the that brief.

1091.   McKesson denies the allegations of Paragraph 1091 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1091 and, on that basis, denies those allegations.

1092–1093.   McKesson avers that the allegations in Paragraphs 1092–1093 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1092–1093 and, on that basis, denies those allegations.

1094–1095.   McKesson denies the allegations of Paragraph 1094–1095 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1094–1095 and, on that basis, denies those allegations.

1096–1097.   McKesson avers that the allegations of Paragraphs 1096–1097 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1096–1097 and respectfully refers this Court to the cited authority for the full and correct content of the same. McKesson denies the remaining allegations of Paragraphs 1096–1097.

1098.  McKesson avers that the allegations of Paragraph 1098 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits it may be unlawful to manufacture a Schedule II substance in excess of a DEA-assigned quota and otherwise denies the allegations of Paragraph 1098.

1099.  McKesson admits that McKesson has business relationships with manufacturers, that McKesson employs electronic ordering systems, and that McKesson offers a variety of programs to its pharmacy customers.  McKesson denies the remainder of the allegations in Paragraph 1099 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 1099 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1099 and, on that basis, denies them.

1100–1101.  McKesson denies the allegations in Paragraphs 1100–1101 insofar as they pertain to McKesson.  With respect to the allegations in Paragraphs 1100–1101 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1100–1101 and, on that basis, denies them.

1102.  McKesson admits that it maintains certain security protocols and storage facilities for the distribution of opioids.  McKesson denies the remaining allegations of Paragraph 1102 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 1102 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations, on that basis, denies them.

1103. McKesson denies the allegations of Paragraph 1103 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 1103 against other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1103 and, on that basis, denies those allegations.

1104–1105.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1104–1105 and, on that basis, denies those allegations.

1106.    McKesson denies the allegations of Paragraph 1106 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 1106 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1106 and, on that basis, denies those allegations.

1107.    McKesson admits that McKesson is a member of HDA.  McKesson denies the remainder of the allegations in Paragraph 1107 insofar as they pertain to McKesson.  With respect to the allegations in Paragraph 1107 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1107 and, on that basis, denies those allegations.

1108.    McKesson denies the allegations of Paragraph 1108 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1108 and, on that basis, denies those allegations.

1109–1110.    McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1109–1110 and, on that basis, denies those allegations.

1111.    McKesson denies the allegations of Paragraph 1111.

1112.  McKesson admits that a publicly available webpage describing HDA's 2017 Business and Leadership Conference contains the quoted language.  McKesson denies the allegation in Paragraph 1112 that McKesson "advertised" such conferences to manufacturers and denies the other allegations of Paragraph 1112 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1112 and, on that basis, denies those allegations.

1113.  McKesson admits that various employees of McKesson have participated in HDA councils, committees, task forces, and working groups.  McKesson denies the other allegations of Paragraph 1113 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1113 insofar as they pertain to other Defendants and, on that basis, denies those allegations.

1114.  McKesson admits that a publicly available website describing an April 27, 2011 HDMA webinar contains the quoted language.  McKesson denies the remaining allegations of Paragraph 1114 insofar as they pertain to McKesson.  Insofar as the remaining allegations of Paragraph 1114 pertain to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1115–1116.  McKesson denies the allegations of Paragraphs 1115–1116.

1117.  McKesson admits that HDMA published a document in 2008 entitled "Healthcare Distribution Management Association (HDMA) Industry Compliance Guidelines:  Reporting Suspicious Orders and Preventing Diversion of Controlled Substances."  McKesson further admits that an amicus brief by the HDMA contains the quoted language.  McKesson otherwise denies the allegations of Paragraph 1117.

1118.  McKesson denies the allegations of Paragraph 1118.

1119.   McKesson denies the allegations of Paragraph 1119 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1119 and, on that basis, denies those allegations.

1120–1121.    McKesson denies the allegations of Paragraphs 1120–1121 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1120–1121  and, on that basis, denies those allegations.

1122.   McKesson avers that the allegations in Paragraph 1122 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1122.

1123.   McKesson denies the allegations of Paragraph 1123 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1123 and, on that basis, denies those allegations.

1124–1126.    McKesson denies the allegations of Paragraphs 1124–1126 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1124–1126 and, on that basis, denies those allegations.

1127.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1127 and, on that basis, denies those allegations.

1128–1130.    McKesson denies the allegations in Paragraphs 1128–1130 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief

as to the truth of the remainder of the allegations in Paragraphs 1128–1130 and, on that basis, denies those allegations.

1131.   McKesson avers that the allegations in Paragraph 1131 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1131.

1132–1133.   McKesson denies the allegations of Paragraphs 1132–1133 insofar as they pertain to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1132–1133 and, on that basis, denies those allegations

1134–1148.   McKesson avers that the allegations in Paragraphs 1134–1148 are not directed to McKesson and therefore do not require a response.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1134–1148 and, on that basis, denies those allegations.

1149–1164.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1149–1164 and, on that basis, denies those allegations.

1165.   McKesson denies the allegations in Paragraph 1165 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1165 and, on that basis, denies those allegations.

1166–1173.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1166–1173 and, on that basis, denies those allegations.

1174.  McKesson denies the allegations in Paragraph 1174 insofar as they pertain to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1174 and, on that basis, denies those allegations.

1175–1197.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1175–1197 and, on that basis, denies those allegations.

1198–1201.   McKesson avers that the allegations of Paragraphs 1198–1201 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraphs 1198–1201 insofar as they pertain to McKesson.  With respect to the allegations in Paragraphs 1198–1201 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1198–1201 and, on that basis, denies those allegations.

1202.  McKesson avers that the allegations in Paragraph 1202 are not directed to McKesson and therefore no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1202 and, on that basis, denies those allegations.

1203–1204.   McKesson avers that the allegations of Paragraphs 1203–1204 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraphs 1203–1204 insofar as they pertain to McKesson.  With respect to the allegations in Paragraphs 1203–1204 against other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1203–1204 and, on that basis, denies those allegations.

1205.   McKesson avers that the allegations in Paragraph 1205 are not directed to McKesson and therefore no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1205 and, on that basis, denies those allegations.

1206.   McKesson admits that this Court ordered the production of certain ARCOS data and admits that Paragraph 1206 contains an edited excerpt from the order in question.  McKesson denies the remainder of the allegations in Paragraph 1206.

1207–1208.    McKesson avers that the allegations of Paragraphs 1207–1208 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1207–1208 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1207–1208 and, on that basis, denies those allegations.

1209–1244.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to the allegations of Paragraphs 1209–1244, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  McKesson further avers that the allegations in Paragraphs 1209–1244 are not directed to McKesson and therefore no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1209–1244 and, on that basis, denies those allegations.

1245.   McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the

Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraph 1245 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1245 and, on that basis, denies those allegations.

1246.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that the CSA was enacted by Congress and governs the distribution of controlled substances, but denies the characterization of the statute in Paragraph 1246.  McKesson denies the allegations of Paragraph 1246 insofar as it relates to McKesson's conduct.  Insofar as the allegations relate to the conduct of other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

1247.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  McKesson further avers that the allegations in Paragraph 1247 are legal conclusions to which no response is required.  To the extent that a response is required, McKesson admits that the quoted language appears in the cited regulation but otherwise denies the allegations of Paragraph 1247, including Plaintiffs'

characterizations of the purported legal duties, and respectfully refers the Court to the cited regulation for its full and correct contents.

1248.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraph 1248 insofar as they pertain to McKesson's conduct.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1342 and, on that basis, denies those allegations.

1249.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that it is a member of HDA.  McKesson otherwise denies the allegations of Paragraph 1249 insofar as they pertain to McKesson and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1249 and, on that basis, denies them.

1250.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraph 1250 insofar as they are directed to

McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1250 and, on that basis, denies those allegations.

1251.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that HDA is located in Arlington, VA, and currently has approximately 36 distributor members.  McKesson otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1251 and, on that basis, denies those allegations.

1252.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that certain McKesson executives have previously served on the Board of Directors of HDA at various times.  McKesson denies Plaintiffs' characterization of HDA and further denies the remaining allegations of Paragraph 1252.

1253–1254.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1253–1254 insofar as

they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 1253–1254 and, on that basis, denies those allegations.

1255.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that in 2005 DEA began increasingly communicating with McKesson regarding internet pharmacies.  McKesson further admits and that in 2006 and 2007 the DEA issued certain letters to registrants.  McKesson otherwise denies the allegations of Paragraph 1255 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1255 and, on that basis, denies those allegations.

1256–1258.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraph 1256–1258 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1256–1258 and, on that basis, denies those allegations and respectfully refers this Court to the cited documents for their full and correct contents.

1259.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraph 1259.

1260.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that HDA published a document in 2008 entitled "Healthcare Distribution Management Association (HDMA) Industry Compliance Guidelines:  Reporting Suspicious Orders and Preventing Diversion of Controlled Substances."  McKesson denies the remaining allegations of Paragraph 1260.

1261.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraph 1261, including Plaintiffs' characterization of the guidelines, their purpose, and their development.

1262.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is

required, McKesson denies the allegations of Paragraph 1262 insofar as they relate to the conduct of McKesson.  McKesson further denies Plaintiffs' characterization of the cited documents, and respectfully refers this Court to the cited documents for their full and correct contents.

1263.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that HDA published a document in 2008 entitled "Healthcare Distribution Management Association (HDMA) Industry Compliance Guidelines:  Reporting Suspicious Orders and Preventing Diversion of Controlled Substances."  McKesson denies the allegations of Paragraph 1263 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1263 and, on that basis, denies those allegations.

1264.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraph 1264 insofar as they are directed to McKesson.  McKesson further denies Plaintiffs' characterizations about the role manufacturers play in HDA.

1265.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the

Racketeer-Influenced and Corrupt Organizations ("RICO") Act." To the extent that a response is required, McKesson denies the allegations of Paragraph 1265.

1266. McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act." To the extent that a response is required, McKesson admits that HDA filed an amicus brief in the referenced case. McKesson further admits that HDA/HDMA periodically convenes conference calls or meetings and that certain McKesson employees have at certain times attended some of those calls or meetings. McKesson denies the allegations of Paragraph 1266 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1266–1271 and, on that basis, denies those allegations.

1267–1271. McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act." To the extent that a response is required, McKesson admits that HDA/HDMA periodically convenes conference calls or meetings and that certain McKesson employees have at certain times attended some of those calls or meetings. McKesson denies the allegations of Paragraphs 1267–1271 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1267–1271 and, on that basis, denies those allegations.

1272–1276.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1272–1276 insofar as they relate to the conduct of McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 1272–1276 and, on that basis, denies those allegations.

1277.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that HDA/HDMA periodically convenes conference calls or meetings and that certain McKesson employees have at certain times attended some of those calls or meetings.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1277 and, on that basis, denies those allegations.

1278.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that certain of its employees may have received a copy of the document referenced in Paragraph 1278.  McKesson otherwise denies the allegations of Paragraph 1278 insofar as they are directed at McKesson.   McKesson is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1278 and, on that basis, denies those allegations.

1279–1286.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that HDA/HDMA periodically convenes conference calls or meetings and that certain McKesson employees have at certain times attended some of those calls or meetings.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 1279–1286 and, on that basis, denies those allegations, and respectfully refers this Court to the cited documents for their full and correct contents.

1287–1305.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1287–1305 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1287–1305 and, on that basis, denies those allegations.

1306.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the

Racketeer-Influenced and Corrupt Organizations ("RICO") Act." To the extent that a response is required, McKesson avers that the allegations of Paragraph 1306 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraph 1306 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1306 and, on that basis, denies those allegations.

1307–1308.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act." To the extent that a response is required, McKesson denies the allegations of Paragraphs 1307–1308.

1309–1325.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act." McKesson further avers that the allegations of Paragraphs 1309–1325 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraphs 1309–1325 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1309–1325 and, on that basis, denies those allegations.

1326.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the

Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that McKesson purchased, distributed, and received payment for the distribution of pharmaceutical medications throughout the United States.  McKesson denies the remainder of the allegations in Paragraph 1326 insofar as they pertain to McKesson.  To the extent the allegations in Paragraph 1326 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1327.   McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson further avers that the allegations of Paragraph 1327 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1327 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1327 and, on that basis, denies those allegations.

1328.   McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations in Paragraph 1328 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 1328 relate to other Defendants, McKesson is without

knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1329.   McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that McKesson utilized the internet and other electronic resources to exchange communications and information relevant to the parties' contractual relationships with Manufacturers.  McKesson denies the remaining allegations of Paragraph 1329 insofar as they pertain to McKesson.  McKesson further denies any implication that the communications in question constituted predicate acts for purposes of RICO or were otherwise unlawful.  To the extent the allegations of Paragraph 1329 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1330.   McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that McKesson communicated with certain Defendants via U.S. mail, interstate facsimile, and by interstate electronic mail.  McKesson denies the allegations of Paragraph 1330 that the communications were in furtherance of an unlawful scheme or were otherwise unlawful and McKesson denies the remaining allegations of Paragraph 1330 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1330 relate to other

Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1331–1335.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  McKesson further avers that the allegations of Paragraphs 1331–1335 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraphs 1331–1335 insofar as they pertain to McKesson and specifically denies the allegations of Paragraphs 1331–1335 that any communications with other defendants were in furtherance of an unlawful scheme or were otherwise unlawful.  To the extent the allegations of Paragraphs 1331–1335 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1336–1339.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  McKesson further avers that the allegations of Paragraphs 1336–1339 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraphs 1336–1339 insofar as they pertain to McKesson.  To the extent the allegations of Paragraphs 1336–1339 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1340.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that the CSA was enacted by Congress and governs the distribution of controlled substances, but denies the characterization of the statute in Paragraph 1340.  McKesson denies the allegations of the last sentence of Paragraph 1340 insofar as it relates to McKesson's conduct.  Insofar as that sentence relates to the conduct of other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.   McKesson denies the remaining allegations of Paragraph 1340.

1341.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson further avers that the allegations in Paragraph 1341 are legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1341, including Plaintiffs' characterizations of the purported legal duties, and respectfully refers the Court to the cited regulation for its full and correct contents.

1342–1343.   McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent

that a response is required, McKesson denies the allegations of Paragraphs 1342–1343 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1342–1343 and, on that basis, denies those allegations.

1344–1345.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  McKesson further avers that the allegations in Paragraphs 1344–1345 are legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1344–1345 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1344–1345 and, on that basis, denies those allegations.

1346–1347.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegation, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1346–1347 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1346–1347 and, on that basis, denies those allegations.

1348.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is

required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act." McKesson further avers that the allegations in Paragraph 1348 are legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations, including the Plaintiffs' characterization of the purported legal duties.

1349–1352. McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act." To the extent that a response is required, McKesson denies the allegations of Paragraphs 1349–1352 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1349–1352 and, on that basis, denies those allegations.

1353–1354. McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act." McKesson further avers that the allegations of Paragraphs 1353–1354 state legal conclusions to which no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraphs 1353–1354 insofar as they are directed to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraphs 1353–1354 and, on that basis, denies those allegations.

1355.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that McKesson purchased, distributed, and received payment for the distribution of pharmaceutical medications throughout the United States.  McKesson denies the remainder of the allegations in Paragraph 1355 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1355 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1356.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  McKesson further avers that the allegations of Paragraph 1356 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1356 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1356 and, on that basis, denies those allegations.

1357.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is

required, McKesson denies the allegations in Paragraph 1357 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 1357 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1358.   McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that McKesson utilized the internet and other electronic resources to exchange communications and information relevant to the parties' contractual relationships with Manufacturers.  McKesson denies the remaining allegations of Paragraph 1358 insofar as they pertain to McKesson.  McKesson further denies any implication that the communications in question constituted predicate acts for purposes of RICO or were otherwise unlawful.  To the extent the allegations of Paragraph 1358 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1359.   McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to this allegation, which appears under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson admits that McKesson communicated with certain Defendants via U.S. mail, interstate facsimile, and by interstate electronic mail.  McKesson denies the allegations of Paragraph 1359 that the communications were in furtherance of an unlawful scheme or were

otherwise unlawful and McKesson denies the remaining allegations of Paragraph 1359 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1359 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1360–1364.  McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  McKesson further avers that the allegations of Paragraphs 1360–1364 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraphs 1360–1364 insofar as they pertain to McKesson and specifically denies the allegations of Paragraphs 1360–1364 that any communications with other defendants were in furtherance of an unlawful scheme or were otherwise unlawful.  To the extent the allegations of Paragraphs 1360–1364 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1365–1367.    McKesson avers that Plaintiffs have dismissed Counts 2 and 3, asserting claims under the federal RICO statute, from their Complaint, Dkt. # 3024, and therefore no response is required to these allegations, which appear under the heading "Facts Pertaining to Claims Under the Racketeer-Influenced and Corrupt Organizations ("RICO") Act."  To the extent that a response is required, McKesson avers that the allegations of Paragraphs 1365–1367 state legal conclusions to which no response is required.  To the extent that a response is required, McKesson denies the allegations in Paragraphs 1365–1367 insofar as they pertain to McKesson. To the extent the allegations of Paragraphs 1365–1367 relate to other Defendants, McKesson is

without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1368–1371.   McKesson denies the allegations in Paragraphs 1368–1371 insofar as they pertain to McKesson.  To the extent the allegations of Paragraphs 1368–1371 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1372–1382.   McKesson avers that the allegations in Paragraphs 1372–1382 are not directed to McKesson and therefore no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1372–1382 and, on that basis, denies those allegations.

1383.   McKesson denies the allegations of Paragraph 1383 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1383 and, on that basis, denies those allegations.

1384.   McKesson admits that CBS aired an episode of 60 Minutes including an interview with Mr. Rannazzisi.  McKesson denies all other allegations in Paragraph 1384 and specifically denies Mr. Rannazzisi's statements insofar as they relate to the conduct of McKesson.

1385.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1385 and, on that basis, denies those allegations.  To the extent these allegations are construed as allegations against McKesson, McKesson denies them.

1386.   McKesson denies the allegations of Paragraph 1386 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations in Paragraph 1386 and, on that basis, denies those allegations.

1387.   McKesson admits that it entered into a settlement agreement with the Department of Justice in 2008 wherein McKesson agreed to pay $13.25 million to resolve certain claims against the company.  McKesson denies the remaining allegations of Paragraph 1387, including Plaintiffs' characterization of the settlement agreement, and respectfully refers this Court to the referenced agreement for its full and correct contents.

1388.   McKesson denies the allegations of Paragraph 1388.

1389.   McKesson admits that it entered into a settlement agreement with the Department of Justice in 2017 wherein McKesson agreed to pay $150 million to resolve certain claims against McKesson. McKesson denies the remaining allegations of Paragraph 1389, including Plaintiffs' characterization of that settlement agreement, and respectfully refers this Court to the cited document for its full and correct contents.

1390.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1390 and, on that basis, denies those allegations.

1391.   McKesson admits that CBS aired an episode of 60 Minutes including an interview with Mr. Schiller.  McKesson denies the remaining allegations of Paragraph 1391 and specifically denies Mr. Schiller's statements insofar as they relate to the conduct of McKesson.

1392.   McKesson admits that an action was brought by McKesson shareholders alleging that McKesson directors and officers failed comply with their fiduciary obligations to maintain effective controls in the distribution of controlled substances.   McKesson denies the characterization of the shareholders' allegations, and respectfully refers this Court to the

complaints filed in that action for their full and correct contents.  McKesson denies the remaining allegations of Paragraph 1392.

1393–1394.    McKesson denies the allegations of Paragraphs 1393–1394.

1395–1400.    McKesson avers that the allegations in Paragraphs 1395–1400 are not directed to McKesson and therefore no response is required.  To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1395–1400 and, on that basis, denies those allegations.

## ANSWERING COUNT 1: PUBLIC NUISANCE

1401.  In response to Paragraph 1401, McKesson repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

1402.  McKesson avers that the allegations of Paragraph 1402 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1402 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

1403.  McKesson avers that the allegations of Paragraph 1403 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1403 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

1404.  McKesson avers that the allegations of Paragraph 1404 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1404.

1405.   McKesson avers that the allegations of Paragraph 1405 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1405 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1405 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1406–1409.   McKesson avers that the allegations of Paragraphs 1406–1409 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1406–1409.

1410.   McKesson avers that the allegations of Paragraph 1410 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1410.  McKesson further denies the allegations of the last sentence in Paragraph 1410 insofar as they pertain to McKesson and specifically denies liability and that Plaintiffs are entitled to any relief.  To the extent the allegations of the last sentence in Paragraph 1410 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1411.   McKesson avers that the allegations of Paragraph 1411 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1411.  To the extent the allegations of Paragraph 1411 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1412.   McKesson denies the allegations of Paragraph 1412 insofar as they pertain to McKesson.  To the extent the allegations of Paragraph 1412 relate to other Defendants, McKesson

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1413–1423.    McKesson avers that the allegations of Paragraphs 1413–1423 state a legal conclusion and therefore no response is required.   To the extent that a response is required, McKesson denies the allegations of Paragraphs 1413–1423  insofar as they pertain to McKesson. To the extent the allegations of Paragraph Paragraphs 1413–1423 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1424–1426.    McKesson avers that the allegations in Paragraphs 1424–1426 are not directed to McKesson and therefore do not require a response.   To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1424–1426 and, on that basis, denies those allegations.

1427.  McKesson admits that it distributes pharmaceutical medications, including prescription opioids, and that certain prescription opioids are regulated as Schedule II or Schedule III controlled substances.  McKesson otherwise denies the allegations of Paragraph 1427 insofar as they are directed to McKesson.  To the extent the allegations of Paragraph 1427 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1428.   McKesson denies the allegations of Paragraph 1428 insofar as they are directed to McKesson.  McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1428 and, on that basis, denies them.

1429–1430.    McKesson admits that, subject to applicable legal and regulatory requirements and the terms of applicable settlement agreements, McKesson controls its own

distribution of pharmaceutical medications. McKesson otherwise denies the allegations of Paragraphs 1429–1430 insofar as they are directed to McKesson. To the extent the allegations of Paragraphs 1429–1430 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1431–1432. McKesson avers that the allegations in Paragraphs 1431–1432 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 1431–1432 and, on that basis, denies those allegations.

1433. McKesson denies the allegations of Paragraph 1433 insofar as they pertain to McKesson. To the extent the allegations of Paragraph 1433 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1434. McKesson avers that the allegations in Paragraph 1434 are not directed to McKesson and therefore do not require a response. To the extent that a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1434 and, on that basis, denies those allegations.

1435–1442. McKesson avers that the allegations of Paragraphs 1435–1442 state a legal conclusion and therefore no response is required. To the extent that a response is required, McKesson denies the allegations of Paragraphs 1435–1442 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

1443–1445.   McKesson avers that the allegations of Paragraphs 1443–1445 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1443–1445.

1446.   McKesson avers that the allegations of Paragraph 1446 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1446 insofar as they pertain to McKesson and specifically denies that it in any way acted tortiously or unlawfully.  Insofar as the allegations of Paragraph 1446 relate to the conduct of other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1447.   McKesson avers that the allegations of Paragraph 1447 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1447 insofar as they pertain to McKesson and specifically denies that it in any way acted tortiously or unlawfully and denies that Plaintiffs are entitled to relief.  Insofar as the allegations of Paragraph 1447 relate to the conduct of other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1448.   McKesson avers that the allegations of Paragraph 1448 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1448.

1449.   McKesson avers that the allegations of Paragraph 1449 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1449 insofar as they pertain to McKesson.  To the extent the allegations

of Paragraph 1449 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1450.   McKesson denies the allegations of Paragraph 1450, including any allegation or implication that Plaintiff is entitled to any relief.

### ANSWERING COUNTS 2–6 (DISMISSED CLAIMS)

1451–1583.   McKesson avers that Plaintiffs have dismissed Counts 2 and 6 from their Complaint, Dkt. # 3024, and therefore no response is required to the allegations in Paragraphs 1451–1583.  McKesson further avers that Paragraphs 1451–1478 (Count 2) are not directed at McKesson such that no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraphs 1451–1583 — including any allegations found in headings, subheadings, footnotes, or other unnumbered paragraphs — insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

### ANSWERING COUNT SEVEN: CIVIL CONSPIRACY

1584.   In response to Paragraph 1584, McKesson repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

1585–1587.   McKesson avers that the allegations of Paragraphs 1585–1587 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations of Paragraphs 1585–1587 insofar as they pertain to McKesson.  McKesson without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

1588.   McKesson avers that the allegations in Paragraph 1588 are not directed to McKesson and therefore do not require a response.  To the extent a response is required, McKesson

is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1588 and, on that basis, denies those allegations.

1589–1596.    McKesson avers that the allegations of Paragraphs 1589–1596 state a legal conclusion and therefore no response is required.  To the extent a response is required, McKesson denies the allegations in Paragraphs 1589–1596 insofar as they pertain to McKesson.  To the extent the allegations of Paragraphs 1589–1596 relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

1597.  McKesson avers that the allegations of Paragraph 1597 state a legal conclusion to which no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1597.

1598.  McKesson denies the allegations of Paragraph 1598, including any allegation or implication that Plaintiffs are entitled to any relief.

## ANSWERING COUNT EIGHT: PUNITIVE DAMAGES

1599.  In response to Paragraph 1599, McKesson repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

1600.  McKesson avers that the allegations of Paragraph 1600–1602 state a legal conclusion and therefore no response is required.  To the extent that a response is required, McKesson denies the allegations of Paragraph 1600–1602 insofar as they pertain to McKesson, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of those allegations and, on that basis, denies them.

## ANSWERING THE PRAYER FOR RELIEF

1603.  McKesson denies the allegations of Paragraph 1603, including the implication that Plaintiff is entitled to any relief.

## STATEMENT OF AFFIRMATIVE DEFENSES

McKesson asserts the following affirmative defenses to the Complaint.  By designating the following defenses as affirmative defenses, McKesson does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any such defense. McKesson also gives notice that it intends to rely upon such other and further affirmative defenses of which it becomes aware during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

### FIRST DEFENSE.

The Complaint and each claim contained therein fail to state a claims upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fail to plead cognizable injury.

### SECOND DEFENSE.

The claims asserted in the Complaint are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

### THIRD DEFENSE.

The claims asserted in the Complaint are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act.

### FOURTH DEFENSE.

Plaintiffs' claims are barred, in whole or in part, by the learned intermediary doctrine, because adequate warnings were given to learned intermediaries.

### FIFTH DEFENSE.

The claims asserted in the Complaint are barred, in whole or in part, for the reasons stated in the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## SIXTH DEFENSE.

Plaintiffs' claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## SEVENTH DEFENSE.

If Plaintiffs have sustained cognizable injuries or damages, they were the result of intervening or superseding events, factors, occurrences, or conditions, which were not reasonably foreseeable and not caused by McKesson and for which McKesson is not liable.

## EIGHTH DEFENSE.

The alleged injuries asserted by Plaintiffs are too remote from the alleged conduct of McKesson to provide a basis for liability as a matter of law and due process.

## NINTH DEFENSE.

Plaintiffs may not recover from McKesson because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing of the prescription medications at issue complied with and were in conformity with the generally recognized state of the art at the time the product was designed, manufactured, labeled, and distributed.

## TENTH DEFENSE.

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and of repose.

## ELEVENTH DEFENSE.

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and/or ratification.

## TWELFTH DEFENSE.

To the extent that Plaintiffs' claims relate to McKesson's alleged advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of West Virginia or that of any other state whose laws may apply, such claims are barred.

## THIRTEENTH DEFENSE.

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages allegedly sustained.

## FOURTEENTH DEFENSE.

Plaintiffs' damages, if any, were the direct result of pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which McKesson had and continue to have no control.

## FIFTEENTH DEFENSE.

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

## SIXTEENTH DEFENSE.

A percentage of each Plaintiffs' alleged injury or loss, if proven, is attributable to (i) each Plaintiff, (ii) other parties from whom Plaintiffs seek recovery, and (iii) persons from whom Plaintiffs do not seek recovery in this action, including, but not limited to, prescribing practitioners,

non-party pharmacies and pharmacists, individuals and entities involved in diversion and distribution of prescription opioids, individuals and entities involved in distribution and sale of illegal opioids, individuals involved in procuring diverted prescription opioids and/or illegal drugs, delivery services, federal, state, and local government entities, and health insurers and pharmacy benefit managers.

## SEVENTEENTH DEFENSE.

The conduct of another or others than McKesson was a competent producing cause of the Plaintiffs' alleged injuries, damages, or losses, invoking the doctrines of contributory and/or comparative fault, implied assumption of the risk, comparative contribution, and common law indemnity.  *See, e.g.*, W. Va. Code §§ 55-7-13a, *et seq*.

## EIGHTEENTH DEFENSE.

The damages which Plaintiffs may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to W. Va. Code § 55-7-29.

## NINETEENTH DEFENSE.

Plaintiffs' claims are barred and/or reduced by contributory or comparative negligence and contributory or comparative fault.

## TWENTIETH DEFENSE.

Plaintiffs' claims are barred, in whole or in part, because any and all damages alleged by Plaintiffs were caused by misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties over whom McKesson had no control and for whom McKesson is not responsible.

## **TWENTY-FIRST DEFENSE.**

Plaintiffs' claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to McKesson; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to McKesson the same procedural protections that are accorded to criminal McKesson under the

constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**TWENTY-SECOND DEFENSE.**

Plaintiffs' injuries and damages, if any, were due to illicit use or abuse of the medications at issue on the part of the medication users, for which McKesson is not liable.

**TWENTY-THIRD DEFENSE.**

Plaintiffs' claims or damages are barred because users of the medications at issue used them after they knew, or should have known, of their alleged risks.

**TWENTY-FOURTH DEFENSE.**

To the extent that Plaintiffs are alleging fraud, fraudulent concealment, or similar conduct, Plaintiffs have failed to plead fraud with sufficient particularity.

**TWENTY-FIFTH DEFENSE.**

McKesson's liability, if any, will not result from its conduct, but is solely the result of an obligation imposed by law, and thus McKesson is entitled to indemnity, express or implied, by other parties.

**TWENTY-SIXTH DEFENSE.**

Plaintiffs' injuries and damages, if any, were due to preexisting conditions or idiosyncratic reaction to the medications on the part of the medication users, for which McKesson cannot be held responsible.

## TWENTY-SEVENTH DEFENSE.

Should McKesson be held liable to Plaintiffs, which liability is specifically denied, McKesson would be entitled to a credit or set-off for sums received or available from or on behalf of any tortfeasor(s), by way of judgment or settlement, for the same injuries alleged in Plaintiffs' Complaint.

## TWENTY-EIGHTH DEFENSE.

Venue may be improper and/or inconvenient in this Court.

## TWENTY-NINTH DEFENSE.

McKesson is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

## THIRTIETH DEFENSE.

Plaintiffs' claims are barred, in whole or in part, by conflict preemption, as set forth in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

## THIRTY-FIRST DEFENSE.

Plaintiffs' claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

## THIRTY-SECOND DEFENSE.

Plaintiffs' claims are barred, in whole or in part, because neither users nor their prescribers relied to their detriment upon any statement by McKesson in determining to use medications at issue.

## THIRTY-THIRD DEFENSE.

Plaintiffs' claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## THIRTY-FOURTH DEFENSE.

To the extent that Plaintiffs assert claims that depend solely on violations of federal law, including claims of a "fraud on the FDA" with respect to the Manufacturer McKesson's disclosure of information related to the safety of their medications at issue, such claims are barred. *See Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## THIRTY-FIFTH DEFENSE.

The conduct of McKesson conformed with the FDCA and the requirements of the FDA, and the activities of McKesson alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

## THIRTY-SIXTH DEFENSE.

Plaintiffs fail to plead that they reimbursed any prescriptions for any opioid distributed by McKesson that harmed patients and should not have been written or that McKesson's allegedly improper conduct caused a health care provider to write an ineffective or harmful opioid prescription.

**THIRTY-SEVENTH DEFENSE.**

McKesson is not liable for statements or omissions in the Manufacturer Defendants' branded or unbranded materials.

**THIRTY-EIGHTH DEFENSE.**

To the extent that Plaintiffs seek relief for McKesson's conduct occurring before enactment of the applicable statutes, regulations, or ordinances, the claims fail because the statutes, regulations, and ordinances do not apply retroactively.

**THIRTY-NINTH DEFENSE.**

McKesson's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiffs' use of a contingency fee contract with private counsel.

**FORTIETH DEFENSE.**

Plaintiffs have failed to join one or more necessary and indispensable parties, including without limitation health care providers, prescribers, patients, and other third parties who Plaintiffs allege engaged in unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

**FORTY-FIRST DEFENSE.**

Plaintiffs' claims against McKesson are barred or limited by the economic loss rule.

### FORTY-SECOND DEFENSE.

Plaintiffs' claims against McKesson are barred by the doctrines of *res judicata* and collateral estoppel, including, without limitation, the *res judicata* and collateral estoppel effects of McKesson's May 1, 2019 settlement with the State of West Virginia.

### FORTY-THIRD DEFENSE.

Plaintiffs' claims are barred or limited by any applicable Consent Judgment or settlement agreement, including, without limitation, McKesson's May 1, 2019 settlement with the State of West Virginia, including by operation of the doctrines of *res judicata* and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

### FORTY-FOURTH DEFENSE.

To the extent that Plaintiffs attempt to seek equitable relief, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

### FORTY-FIFTH DEFENSE.

Plaintiffs' claim for unjust enrichment is barred or limited because McKesson did not receive and retain any alleged benefit from Plaintiffs.

### FORTY-SIXTH DEFENSE.

Plaintiffs' claims are barred or limited by lack of standing.

### FORTY-SEVENTH DEFENSE.

Plaintiffs have failed to comply with the requirement that they identify each patient in whose claim(s) they have a subrogation interest.

### FORTY-EIGHTH DEFENSE.

Any recovery against McKesson is barred or limited under the principles of assumption of risk and informed consent.

### FORTY-NINTH DEFENSE.

Plaintiffs' claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on exercise of police powers by a municipality or county government.

### FIFTIETH DEFENSE.

Plaintiffs' damages, if any, were not proximately caused by any act or omission attributable to McKesson.

### FIFTY-FIRST DEFENSE.

Plaintiffs fail to plead any actionable misrepresentation or omission made by or attributable to McKesson.

### FIFTY-SECOND DEFENSE.

Plaintiffs' claims are barred or limited by the political question and separation of powers doctrines and because this claim implicates issues of statewide importance that are reserved for state regulation.

### FIFTY-THIRD DEFENSE.

Plaintiffs' public nuisance claim is barred or limited to the extent that Plaintiffs lack the statutory authority to bring a nuisance claim under West Virginia law.

### FIFTY-FOURTH DEFENSE.

Plaintiffs' claim of public nuisance is barred or limited because (i) no action of McKesson involved interference with real property, (ii) illegal conduct perpetrated by third parties involving

use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance, (iii) the alleged public nuisance would have impermissible extraterritorial reach, and (iv) the alleged conduct of McKesson is too remote from the alleged injury as a matter of law and due process.

### FIFTY-FIFTH DEFENSE.

The claims asserted against McKesson and other Defendants do not arise out of the same transactions or occurrences as required for joinder of parties.

### FIFTY-SIXTH DEFENSE.

The claims asserted in the Complaint are barred, in whole or in part, because McKesson's conduct conformed with the Controlled Substances Act and DEA regulations and because the activities of McKesson alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

### FIFTY-SEVENTH DEFENSE.

Plaintiffs' claims or damages are barred because users of the medications at issue used them illegally and not after properly being prescribed the medication by a licensed health care provider.

### FIFTY-EIGHTH DEFENSE.

Plaintiffs' fraud-based claims are barred, in whole or in part, because Plaintiffs did not rely to their detriment upon any statement or omission by McKesson.

### FIFTY-NINTH DEFENSE.

To the extent that Plaintiffs seek punitive, exemplary, or aggravated damages, any such damages are barred because the products at issue, and their labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### SIXTIETH DEFENSE.

Plaintiffs have no capacity, authority or right to assert some or all of their claims, including claims brought indirectly on behalf of their citizens or claims brought in an asserted *parens patriae* capacity.

### SIXTY-FIRST DEFENSE.

Plaintiffs' claims are barred in whole or in part by the derivative injury rule and/or the remoteness doctrine.

### SIXTY-SECOND DEFENSE.

Plaintiffs' claims are barred to the extent that they are based on a theory of market share liability.

### SIXTY-THIRD DEFENSE.

Plaintiffs are barred, in whole or in part, from recovering costs incurred in providing public services by the free public services and/or municipal cost recovery doctrine.

### SIXTY-FOURTH DEFENSE.

McKesson did not owe or breach any statutory or common law duty to Plaintiffs.

### SIXTY-FIFTH DEFENSE.

McKesson has no duty to protect Plaintiffs from intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

## SIXTY-SIXTH DEFENSE.

McKesson denies all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against McKesson.

## SIXTY-SEVENTH DEFENSE.

Plaintiffs' claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## SIXTY-EIGHTH DEFENSE.

Plaintiffs' claims are barred in whole or in part to the extent that they violate the Due Process Clauses of the United States and West Virginia Constitutions.

## SIXTY-NINTH DEFENSE.

Plaintiffs' claims are barred, in whole or in part, to the extent that they violate the Ex Post Facto clauses of the United States and West Virginia Constitutions.

## SEVENTIETH DEFENSE.

Plaintiffs' claims are barred in whole or in part because Plaintiffs suffered no injuries or damages as a result of any action by McKesson.

## SEVENTY-FIRST DEFENSE.

Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and hypothetical.

## SEVENTY-SECOND DEFENSE.

McKesson asserts its right to a proportionate reduction of any damages found against McKesson based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

## SEVENTY-THIRD DEFENSE.

Plaintiffs' claims for punitive or exemplary damages are barred because Plaintiffs cannot prove by clear and convincing evidence that McKesson was grossly negligent and McKesson has neither acted nor failed to act in a manner that entitles Plaintiffs to recover punitive or exemplary damages.

## SEVENTY-FOURTH DEFENSE.

Plaintiffs' claims are barred in whole or in part because no statement or conduct of McKesson was misleading, unfair, or deceptive.

## SEVENTY-FIFTH DEFENSE.

Plaintiffs' claims are barred to the extent that they are based on alleged violations of industry customs or standards because purported industry customs or standards do not create legal duties on McKesson.

## SEVENTY-SIXTH DEFENSE.

Plaintiffs' claims are barred to the extent that they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Section 301 et seq.), or Section 351, Public Health Service Act (42 U.S.C. Section 262), or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

## SEVENTY-SEVENTH DEFENSE.

McKesson is not liable for any injury allegedly caused to Plaintiffs by the products in question because all formulations, labeling, and design of the products complied with mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, applicable to the products at the time of manufacture and that governed the product risk that allegedly caused the purported harm.

## SEVENTY-EIGHTH DEFENSE.

Plaintiffs would be unjustly enriched if allowed to recover on any of their claims.

## SEVENTY-NINTH DEFENSE.

To the extent that Plaintiffs rely on letters or other informal guidance from the DEA to establish McKesson's regulatory duties, such informal guidance cannot enlarge McKesson's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 et seq.

## EIGHTIETH DEFENSE.

Plaintiffs' claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution.

## EIGHTY-FIRST DEFENSE.

To the extent Plaintiffs assert claims that depend solely on violations of federal law, including any claims of "fraud on the DEA" with respect to McKesson's compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman v. Plaintiffs' Legal Comm'n*, 531 U.S. 341 (2001).

### EIGHTY-SECOND DEFENSE.

Plaintiffs cannot obtain relief on their claims based on actions undertaken by McKesson of which McKesson provided notice of all reasonable facts.

### EIGHTY-THIRD DEFENSE.

McKesson appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

### EIGHTY-FOURTH DEFENSE.

McKesson adopts by reference and to the extent applicable all defenses asserted in any party's motion to dismiss filed in this litigation.

### EIGHTY-FIFTH DEFENSE.

Plaintiffs' claims are not ripe and/or have been mooted.

### EIGHTY-SIXTH DEFENSE.

Plaintiffs' claims are barred because Plaintiffs are not the real party in interest.

### EIGHTY-SEVENTH DEFENSE.

Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

### EIGHTY-EIGHTH DEFENSE.

Any damages that Plaintiffs may recover against McKesson must be reduced to the extent that Plaintiffs are seeking to recover damages for alleged injuries or expenses related to the same user(s) of the subject prescription medications, or damages recovered or recoverable by other actual or potential plaintiffs. Any damages that Plaintiffs may recover against McKesson must be reduced to the extent they unjustly enrich Plaintiffs.

### EIGHTY-NINTH DEFENSE.

McKesson asserts all applicable defenses under West Virginia Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

### NINETIETH DEFENSE.

Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

### NINETY-FIRST DEFENSE.

Plaintiffs' claims of public nuisance are barred or limited because McKesson's distribution of prescription opioids pursuant to legitimate orders from licensed pharmacies is expressly authorized by statute.

### NINETY-SECOND DEFENSE.

McKesson's alleged misconduct in this case concerns a discrete event or discrete emergency of the sort a political subdivision would reasonably expect to occur and is part of the normal and expected costs of a local government's existence.

### NINETY-THIRD DEFENSE.

Plaintiffs' negligence claims are barred or limited because none of the federal or state statutes or regulations at issue were enacted to protect Plaintiff from medical, law enforcement, and other costs incurred as a result of drug addiction, overdose, and morality.

### NINETY-FOURTH DEFENSE.

Plaintiffs' claims for punitive or exemplary damages are barred because Plaintiff cannot prove by clear and convincing evidence that McKesson is guilty of actual fraud or actual malice.

### NINETY-FIFTH DEFENSE.

Any damages claimed by Plaintiff must be reduced by the amount of funding received, or to be received, for healthcare and other services from the Federal government or other non-Plaintiff sources.

### NINETY-SIXTH DEFENSE.

Plaintiffs' civil conspiracy claim is barred, in whole or in part, because there are no allegations that McKesson adopted the goal of furthering or facilitating any unlawful endeavor as necessary to support plaintiff's civil conspiracy theory of liability.

### NINETY-SEVENTH DEFENSE.

Plaintiffs' claims for relief in the Petition are barred, in whole or in part, based on the principles of equity.  Numerous facts would render the imposition of injunctive relief, civil penalties, or other remedies inequitable here, including but not limited to McKesson's good faith reliance on state and federal guidance, the absence of any intentionally unlawful conduct, and the course of Plaintiffs' investigation and pursuit of these claims.

### NINETY-EIGHTH DEFENSE.

To the extent any agents, employees, or contractors of McKesson caused any of the damages alleged by the State, such agents, employees, or contractors were acting outside the scope of agency employment, or contract with McKesson, and any recovery against McKesson must be reduced by the proportionate fault of such agents, employees, or contractors.

### NINETY -NINTH DEFENSE.

Plaintiffs' unjust enrichment claim is barred, in whole or in part, as entirely derivative of Plaintiffs' other, legally deficient claims.

## DEFENSES RESERVED

McKesson hereby gives notice that it reserves the right to rely upon any other applicable defenses set forth in any Answer of any other Defendant in this Action, reserves the right to rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and reserves its right to amend its Answer and to assert any such defenses.

Because Plaintiffs have dismissed Counts 2–6 from their Complaint, Dkt. #3024, McKesson does not assert affirmative defenses unique to these counts. McKesson reserves the right to amend its Answer and to assert any such defenses should Plaintiffs at any time hereafter purport to raise, rely on, or otherwise seek to proceed on any claim or theory stated in their Complaint that has been dismissed.

*** 

**WHEREFORE**, McKesson respectfully requests judgment dismissing Plaintiffs' Complaint herein in its entirety, together with costs and disbursements of this action, and together with such other and further relief as this Court deems just and proper.

Dated: December 20, 2019

Respectfully submitted,

/s/ Geoffrey E. Hobart
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Attorneys for Defendant*
*McKesson Corporation*

**CERTIFICATE OF SERVICE**

I, Geoffrey E. Hobart, hereby certify that the foregoing document was served via the Court's ECF system to all counsel of record.

 */s/ Geoffrey E. Hobart*
GEOFFREY E. HOBART