IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON and
CABELL COUNTY COMMISSION,**
   Plaintiffs,

v.                                                    **CIVIL ACTION NO. 3:17-01362**
                                                      **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG
CORP., CARDINAL HEALTH, INC.
and McKESSON CORP.,**                                 **On remand from OHND MDL2804**
   Defendants.

---

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

---

COME NOW, Plaintiffs in the above-styled cases, by and through undersigned counsel, who move the Court to compel Defendant Cardinal Health, Inc., to identify custodians, provide dates for depositions, and respond in full to Plaintiffs' combined discovery requests. In support thereof, Plaintiffs state as follows:

### INTRODUCTION

1. Plaintiff *City of Huntington* filed its complaint in the Circuit Court of Cabell County, West Virginia on January 19, 2017, and the case was subsequently removed to this Court on February 23, 2017. Plaintiff *Cabell County Commission* filed its complaint in this Court on March 9, 2017.

2. Both cases were transferred to the U.S. District Court for the Northern District of Ohio before Judge Dan Polster for consolidated pre-trial proceedings in *In re: National Prescription Opiate Litigation*, MDL No. 2804, on December 12, 2017.

1

3. On December 31, 2018, Judge Polster designated the above-styled cases as "Track Two" (CT2).[1] Special Master David Cohen opened discovery in the Track Two cases on October 15, 2019.[2]

4. On January 14, 2020, the U.S. Judicial Panel on Multidistrict Litigation conditionally remanded the above-styled cases back to this Court.

5. Prior to remand, Plaintiffs submitted briefing to Special Master David Cohen seeking the herein requested relief. By the time these cases were remanded, the issues herein had not been resolved by the Special Master.

## ARGUMENT

6. On December 2, 2019, Plaintiffs sent their initial letter asking for Cardinal to identify CT2 custodians and to provide dates for depositions of Michael Moné, Linden Barber, Todd Cameron, and Michele Schrebe.[3] On December 6th Plaintiffs followed up on their letter, again requested times for a meet and confer, and identified deficient CT2 combined discovery responses. On December 10th, Cardinal finally responded that it was reviewing Plaintiffs' correspondence and would provide a response shortly but did not agree to Plaintiffs' offer to meet and confer on Friday, December 13th. On December 13th, still with no agreement to meet and confer, Cardinal advised that it would provide its response to Plaintiffs' letters by the close of business but was unwilling to schedule any meet and confer until after the weekend. Plaintiffs received Cardinal's response[4] on December 13th and the parties held a meet and confer on December 17th. Based on the parties' discussions and Cardinal's December 13th letter, it is apparent the parties are at an impasse on the discovery issues described below.

---

[1] 1:17-md-02804-DAP, Doc. # 1218.
[2] *See* Transcript of Final Pretrial Proceedings before Special Master David R. Cohen, October 15, 2019.
[3] *See* **Exhibit A,** December 2, 2019 letter from Plaintiffs to Cardinal Health.
[4] *See* **Exhibit B**, December 13, 2019, letter from Counsel for Cardinal Health to Plaintiffs.

### A. Deposition Dates

7. On December 2, 2019, Plaintiffs sent their initial letter asking for Cardinal to identify CT2 custodians and to provide dates for depositions of Michael Moné, Linden Barber, Todd Cameron, and Michele Schrebe.[5] Cardinal refuses to provide Plaintiffs deposition dates for any witness arguing that 1) Plaintiffs' own productions are "insufficient," 2) the witnesses identified by Plaintiffs were deposed in the Ohio Attorney General matter against Cardinal[6], and 3) Cardinal has not yet satisfied its CT2 discovery obligations.[7]

8. As to Cardinal's first argument, there is, of course, no requirement that Plaintiffs' productions be completed before Cardinal can offer deposition dates for the witnesses Plaintiffs have identified. Plaintiffs fail to see what bearing Plaintiffs' own productions have on scheduling depositions of Cardinal Health's current and former employees.

9. Cardinal's second argument is equally without merit. Cardinal's position is that the four witnesses were deposed in the Oho AG case, so Plaintiffs should review those transcripts before it considers offering dates for them. The primary issue here is that the transcripts are the very ones Plaintiffs have been attempting to get Cardinal to produce for months, pursuant to Cardinal's obligation to do so under Discovery Ruling No. 22 (DR22), which was entered in the MDL on September 6, 2019. Since Plaintiffs' December 2nd letter asking for deposition dates, Cardinal has produced many volumes of documents from state court litigation pursuant to DR22. None of these contain the Ohio AG deposition transcripts Cardinal insists Plaintiffs read before providing dates for depositions. More importantly, though, while Plaintiffs anticipate the testimony given to the Ohio AG may be helpful, the fact is the testimony

---

[5] *See* **Exhibit A**.
[6] The transcripts of the depositions taken in the Ohio AG matter have not been produced as required pursuant to Discovery Ruling No. 22.
[7] *See*, **Exhibit B**.

was elicited without the benefit of CT2 productions or a focus on CT2 Plaintiffs, claims, or geography. It is unclear why Cardinal has not produced these transcripts yet, which should be a simple matter.

10. Finally, Cardinal resists providing deposition dates now before its CT2 productions are complete expecting that Plaintiffs will only seek to depose the witnesses again once they are complete. Plaintiffs have not made that assertion, and certainly understand that taking any deposition before document production is complete would be at our own peril.

11. Except for Melissa Schrebe, Cardinal has already produced custodial files for the individuals Plaintiffs intend to depose and Plaintiffs will soon be ready to proceed with their depositions. With no basis for withholding potential deposition dates, Plaintiffs respectfully request that the Court compel Cardinal to offer dates for the four identified witnesses in February 2020.

### B. Custodians

12. In their December 13th letter Plaintiffs requested Cardinal to identify the names of individuals who:

  (1) oversaw and/or carried out any QRA/Supply Chain Integrity/Anti-Diversion functions related to West Virginia, including but not limited to, directors, investigators, compliance managers, sales representatives, or other QRA/Supply Chan Integrity/Anti-Diversion associates;

  (2) worked in, managed, supervised, audited, and/or oversaw the distribution of prescription opioids from any distribution center that distributed into West Virginia;

  (3) were responsible for, supervised, managed, directed, or oversaw sales activities related to contacting, developing, meeting with, and/or generating new customers for Cardinal, as well as maintaining Cardinal's existing customers, both independents and chains;

  (4) have knowledge, played a role in, or were responsible for Cardinal Health's relationship with CVS (or any subsidiary) related to any and all

agreements/contracts with CVS, including, but not limited to, distribution agreements, Red Oak Sourcing, and/or Caremark;

(5) have knowledge about what information and documents Cardinal Health obtained from CVS about CVS's SOMS programs and when such information was obtained; and

(6) were responsible for contacting, meeting with, and conducting new and/or existing customer due diligence, including but not limited to the creation, update, or review of any due diligence forms, as well as any investigation of any new or existing customer regarding potential diversion. This request is intended to cover both retail independent and chain customers in West Virginia, Ohio, and Kentucky.[8]

13. Other than identifying Melissa Schrebe (whose deposition Plaintiffs have requested), Matt Patton, Pharmacy Benefit Manager for Huntington and Cabell County, West Virginia, and Jim Scott,[9] Cardinal has only referred Plaintiffs to custodians previously identified in Case Track One (CT1). It may be true that some CT1 custodians have knowledge relevant to CT2, but Cardinal should be able to identify which CT1 custodians those are.

14. With respect to categories (4) and (5) above, regarding knowledge of Cardinal Health's relationship with CVS and the chain pharmacy's SOM system, Cardinal argues that Plaintiffs already have the relevant information and points to a copy of a Prime Vendor Agreement with CVS as evidence of this. That agreement is but one aspect of the two companies' relationship over the years and fails to provide Plaintiffs with the details of the relationship they seek, particularly with respect to Cardinal Health-CVS suspicious order monitoring protocols and procedures.

15. With regard to category (6) above, Cardinal has refused to provide names of individuals with knowledge of customer due diligence outside of CT2. Judge Polster's order[10]

---

[8] *See* **Exhibit A**.
[9] Identified during the parties' December 17, 2019 meet and confer.
[10] 1:17-md-02804-DAP, Doc. 2950 ("The Court concludes the appropriate geographic scope of [Track Two] discovery of transactional data should be for the State of Ohio, West Virginia, and Kentucky.").

regarding the geographic scope for CT2 provides for production of transactional data for West Virginia, Kentucky, and Ohio, but there is no limitation on the territorial responsibilities of individual witnesses. It follows that since Plaintiffs are entitled to transactional data from the tri-state area, custodial files of witnesses with knowledge of information related to those transactions should be produced as well.

16. Accordingly, Plaintiffs respectfully request an order compelling Cardinal Health to provide custodians responsive to each of the six categories identified above and in Plaintiffs' December 2, 2019 letter.

### C. Cardinal Health's Responses to Track 2 Plaintiffs' First Combined Discovery Requests

17. Plaintiffs served their CT2 Combined Discovery Requests on Cardinal October 22, 2019. Cardinal served its objections and responses[11] to the requests on November 29, 2019. Plaintiffs served two letters regarding Cardinal's deficient discovery responses on December 6, 2019[12] and December 8, 2019.[13] Based on Cardinal's December 13th letter, the parties were able to come to agreement on some of the issues Plaintiffs raised regarding Cardinal recent discovery responses. However, the following disputes remain.

> **Request No. 2**: Please identify in chronological order the title of each Suspicious Order monitoring System (SOMS) policy in force from January 1, 1996, to the present and produce a copy of the same. After each entry, please identify the Bates range which corresponds to each policy to enable a jury to correlate each policy in your written answer to each document produced.
>
> **Objection and Response to Request No. 2**: Cardinal Health objects to the Request to the extent that it purports to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by the Federal Rules of Civil Procedure, the Applicable local rules, Case Management Orders 1-3, and Discovery Ruling No. 3. Cardinal Health objects to the extent this

---

[11] *See* **Exhibit C**.
[12] *See* email from Mike Fuller, attached as **Exhibit D**.
[13] *See* letter from P. Farrell attached as **Exhibit E**.

Request seeks irrelevant information. Cardinal Health objects that this Request seeks information that is cumulative and/or duplicative of information previously produced to Plaintiffs by Cardinal Health. Cardinal Health objects to this Request to the extent it purports to speak for or usurp the role of any jury. Cardinal Health further objects because the policies it produced to Plaintiffs identity their dates of issue and thus the burden of deriving the information requested would be the same for Cardinal Health as for Plaintiffs.

Subject to and without waiving its Objections, Cardinal Health states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it has already identified and produced to Plaintiffs policies relating to its SOM systems. *See*, *e.g.*, Exhibit A (MDL Production Index). *See also* Cardinal Health's Third Suppl. Objs. & Resps. to Combined Discovery Requests (March 4, 2019), which Cardinal Health incorporates herein by reference. To the extent Cardinal Health identifies additional documents responsive to this Request after a reasonable search, Cardinal Health will produce those documents to Plaintiffs.

18. Cardinal refuses to provide the dates of the responsive policies and instead provides a list of Bates numbers without identifying what the policies are. Indeed, it was Cardinal Health's 30(b) designee that could not recall when Cardinal implemented or made changes to certain anti-diversion policies. Having Cardinal clarify these dates will ensure that Plaintiffs have a complete record in this regard.

> **Request No. 10**: Please produce all documents related to internal investigations referencing the distribution of prescription opioids in West Virginia.
>
> **Objections and Response to Request No. 10:** Cardinal Health objects to this Request to the extent that it purports to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1-3, and Discovery Ruling No. 3. Cardinal Health objects to the extent that Plaintiffs request irrelevant information. Cardinal Health objects to this Request to the extend it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege3s. Cardinal Health objects that the following phrases render this Request vague, unduly burdensome, and seek irrelevant information: "all documents," "related to," and "referencing the distribution of prescription opioids in West Virginia." Cardinal Health is willing to meet and confer with Plaintiffs regarding this Request.

19. Cardinal has agreed to make "reasonable inquiries into whether it has any relevant, non-privileged documents responsive to this request" but has not provided any indication as to when Plaintiffs can expect an amended response.[14] Plaintiffs request a date certain for production of responsive documents, no later than January 31, 2020.

> **Request No. 11**: Please produce all presentations, including PowerPoints or slide decks, referencing the distribution of prescription opioids in West Virginia.
>
> **Objections and Response to Request No. 10:** Cardinal Health objects to this Request to the extent that it purports to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1-3, and Discovery Ruling No. 3. Cardinal Health objects to this Request on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome, calling for the identification of "all presentations." Cardinal Health objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privileges. Cardinal Health objects to this Request on the grounds that it seeks the production of documents that are not relevant to the subject matter of this action.
> Subject to and without waiving its Objections, to the extent that responsive, non-privileged documents can be located after a reasonable search in the files of agreed-upon custodians, Cardinal health will produce such documents.

20. As with Request No. 10, Cardinal has agreed to conduct searches for responsive documents but provides no indication when Plaintiffs can expect an amended response. Accordingly, Plaintiffs request a date certain for production of responsive documents, no later than January 31, 2020.

21. Accordingly, Plaintiffs request an order compelling Cardinal to provide complete responses to the above discovery requests.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request an order compelling the following from Defendant Cardinal Health:

---

[14] *See* **Exhibit B**.

a. Dates for depositions of Michael Moné, Linden Barber, Todd Cameron, and Michele Schrebe in February;

b. Identification of custodians with information relevant to Categories 1 – 6 as described in Plaintiffs' December 2, 2019 letter to Cardinal Health; and

c. Complete responses to Plaintiffs' Combined Discovery Request No. 2, and dates certain for completion of productions responsive to Request Nos. 10 and 11.

Plaintiffs further request any and all other relief to which they may be entitled.

DATED:  January 23, 2020

>Respectfully submitted,
>**CABELL COUNTY COMMISSION and THE CITY OF HUNTINGTON,**
>
>By Counsel,

*/s/ Paul T. Farrell, Jr.* _____
Paul T. Farrell, Jr. (W.Va. Bar ID 7443)
GREENE, KETCHUM, FARRELL, BAILEY &TWEEL
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
800.479.0053 or 304.525.9115
304.529.3284: fax
paul@greeneketchum.com
*Representing Cabell County Commission*

 */s/ Michael J. Fuller, Jr.* _____
Michael J. Fuller, Jr., WV Bar No. 10150
**McHUGH FULLER LAW GROUP, PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS  39402
T: 601-261-2220
F: 601-261-2481
*Representing Cabell County Commission*

/s/ *Anne McGinness Kearse* _____
Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel:  843-216-9000
Fax:  843-216-9450

akearse@motleyrice.com
jrice@motleyrice.com
*Representing The City of Huntington*

Charles R. "Rusty" Webb (WVSB No. 4782)
**The Webb Law Centre, PLLC**
716 Lee Street, East
Charleston, West Virginia  25301
Telephone: (304) 344-9322
Facsimile: (304) 344-1157
rusty@rustywebb.com
*Representing The City of Huntington*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 23, 2020, a copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL DISCOVERY** has been filed electronically using the Court's CM/ECF system and will be served *via* the Court's CM/ECF filing system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

 */s/ Michael J. Fuller, Jr.*
Michael J. Fuller, Jr.