LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

NEELUM J. WADHWANI
(202) 434-5148
nwadhwani@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 13, 2019

*Via Email*

Michael J. Fuller
mike@mchughfuller.com

Paul T. Farrell, Jr.
paul@greeneketchum.com

Anne Kearse
akearse@motleyrice.com

Re:   *In re National Prescription Opiate Litigation*, MDL No. 2804; PEC Correspondence re: CT2 Discovery and DR22 Productions

Counsel,

I write in response to Plaintiffs' correspondence of December 2, 6, and 8, raising various issues related to discovery in CT2.

As an initial matter, you appear to confuse Cardinal Health's position in Track 2 with ongoing litigation in Track 1. While you refer in your letter to the Court's CT1B Case Management Order, that order relates to the case involving Cuyahoga and Summit County against different defendants, not Cardinal Health. There is not yet any such order for CT2. We expect discovery here to proceed in an orderly fashion, in accordance with the normal processes. Of course, much discovery is complete for Cardinal Health, so we expect Plaintiff's discovery will be forthcoming before Plaintiffs demand further discovery of Cardinal Health.

On your question regarding DR22 productions: Cardinal Health is complying with the Special Master's order and guidance, including during the December 4 hearing. Cardinal Health already produced documents pursuant to DR22. Those productions took place on December 2 and December 9. We anticipate making our next production on Monday, December 16. As I am sure you appreciate, Cardinal Health has made significant productions in cases around the country. We are in the process of preparing it for re-production in the MDL. However, this process takes time, and is taking place while Cardinal Health simultaneously makes ongoing productions in many of these jurisdictions.

WILLIAMS & CONNOLLY LLP

Plaintiffs' Counsel
December 13, 2019
Page 2

      With respect to the remaining matters raised in your December 2, 6, and 8 correspondence, Cardinal Health further responds below.

## I.    Requests for Depositions of Cardinal Health Witnesses

      Plaintiffs' request for deposition dates and locations for Messrs. Mone, Barber, and Cameron is premature. *First*, deposition discovery will not proceed until both sides have fulfilled their document discovery obligations. Plaintiffs' production has been insufficient. Please provide an update of when Plaintiffs will identify relevant custodians and when Plaintiffs anticipate document production for Track 2 custodians will be complete. *Second*, as Plaintiffs are aware, each of these witnesses was recently deposed by the Ohio Attorney General in an action involving nearly identical claims. Mr. Cameron also provided testimony to the Montana Attorney General, and Cardinal Health previously produced that transcript in the MDL. During those depositions, the witnesses testified about the details of Cardinal Health's controlled substance anti-diversion program, among other things. Consistent with DR22, we are producing these deposition transcripts to you on a rolling basis. Before Cardinal Health will agree to put these witnesses up again, we expect Plaintiffs to review the transcripts and articulate a basis for any additional, specific testimony they believe they need. *Third*, we assume Plaintiffs will want to review relevant documents prior to deposing any witnesses, as Cardinal Health will not agree to provide witnesses for deposition only to have Plaintiffs demand that they be made available again after their documents have been produced. To that end, we will need to negotiate custodians and search terms for CT2.

      You have also requested the deposition of Melissa Schrebe. Cardinal Health has already provided Motley Rice with dates in January for her deposition in connection with a case brought by Anne Arundel County, Maryland. Anne Arundel's allegations against Cardinal Health substantially overlap with those alleged by the Track 2 Plaintiffs. Motley Rice also serves as lead counsel for the City of Huntington, one of the two Plaintiffs in CT2. To the extent you wish to depose Ms. Schrebe in the MDL, we suggest you coordinate with Motley Rice, as Cardinal Health will only be making her available for a single deposition.

## II.    Requests for Identification of Individual Custodians

      As a general matter, your request that Cardinal Health "immediately" identify custodians for the all of the extremely broad categories laid out in your letter is both unduly burdensome and unnecessary. In addition to being overbroad and duplicative, the requests largely seek information that is already available and/or known to Plaintiffs. You already have more than 6 million pages of documents from Cardinal Health, including over 3 million pages of custodial documents produced in Track 1, from which to identify individuals of interest to you. Indeed, many of the individuals you seek in the categories below were already deposed by you in Track 1. Nevertheless, Cardinal Health further responds to the categories you have identified as follows:

WILLIAMS & CONNOLLY LLP

Plaintiffs' Counsel
December 13, 2019
Page 3

- **Category (1):** Plaintiffs ask for individuals who "oversaw and/or carried out any QRA/Supply Chain Integrity/Anti-Diversion functions related to West Virginia, including but not limited to, directors, investigators, compliance managers, sales representatives, or other QRA/Supply Chain Integrity/Anti-Diversion associates." There were 26 agreed-upon custodians in Track 1, most of whom had responsibilities within these functions. In addition, Plaintiffs took at least 17 depositions of Cardinal Health employees who hold positions within these areas – including core anti-diversion, sales, and distribution center employees. In addition to testifying about their own responsibilities, these employees also identified additional individuals within their respective areas of responsibility. The documents already in Plaintiffs' possession also identify such individuals.

- **Category (2):** Plaintiffs' demand that Cardinal Health identify individuals who "worked in, managed, supervised, audited, and/or oversaw the distribution of prescription opioids from any distribution center that distributed into West Virginia" is similarly unwarranted, as you already know who those individuals are from discovery in CT1. As you know, the distribution center at issue in Track 1 is in West Virginia and is the same distribution center that will be relevant in Track 2. You have the custodial file of Craig Baranski, the Director of Operations for the Wheeling Distribution Center, which serves Cardinal Health's West Virginia customers. In fact, Mr. Baranski was the first Cardinal Health employee deposed by Plaintiffs in the MDL. Moreover, as noted above, counsel for the City of Huntington have already requested the deposition of Melissa Schrebe, the Compliance Officer for the Wheeling DC. Ms. Schrebe's custodial documents will be produced to Plaintiffs in the MDL consistent with DR22. Nevertheless, as noted above, Cardinal Health will also agree to run search terms negotiated for Track 2 across Mr. Baranski's and Ms. Schrebe's files. As Ms. Schrebe's deposition is already being scheduled by counsel for Huntington, she will not be made available for deposition again after those search terms are run. Alternatively, please consult with your co-counsel regarding the scheduling of this deposition to insure it falls on a date that works for you as well.

- **Category (3):** Plaintiffs also request individuals who "were responsible for, supervised, managed, directed, or oversaw sales activities related to contacting, developing, meeting with, and/or generating new customers for Cardinal, as well as maintaining Cardinal's existing customers, both independent and chains." As with categories (1) and (2), Plaintiffs already have the bulk of information you are demanding. Cardinal Health has produced the custodial files of Steve Lawrence, Chris Lanctot, Ray Carney, and Thomas Convery to Plaintiffs in CT1 – all of whom held relevant roles within the sales organization, and all of whom you have already deposed. In addition, Cardinal Health further identifies Matt Patton, the Pharmacy Business Consultant ("PBC") for the City of Huntington and Cabell County.

WILLIAMS & CONNOLLY LLP

Plaintiffs' Counsel
December 13, 2019
Page 4

> Cardinal Health will agree to produce Mr. Patton's custodial file in Track 2 subject to negotiated search terms.

- **Categories (4) and (5):** Plaintiffs have also requested individuals who "have knowledge, played a role in, or were responsible for Cardinal Health's relationship with CVS (or any subsidiary) related to any and all agreements/contracts with CVS, including, but not limited to, distribution agreements, Red Oak Sourcing, and/or Caremark"; and individuals who "have knowledge about what information and documents Cardinal Health obtained from CVS about CVS's SOMS programs and when such information was obtained." Again, Plaintiffs already know this information because Cardinal Health produced it in Track 1. Cardinal Health has also produced its Prime Vendor Agreement for CVS. *See* CAH_MDL2804_020990011. In addition, Plaintiffs have the custodial files and have already deposed individuals in Cardinal Health's controlled substance anti-diversion program with knowledge of information obtained from CVS related to its suspicious order monitoring program. *See e.g.*, deposition of Nick Rausch, former Director of Operations and SOM Compliance, on 11/16/2018; and deposition of Gilbert Quintero, former Senior Vice President of QRA, on 12/06/2018.

- **Category (6):** Finally, Plaintiffs ask for individuals who "were responsible for contacting, meeting with, and conducting new and/or existing customer due diligence, including but not limited to the creation, update, or review of any due diligence forms, as well as any investigation of any new or existing customer regarding potential diversion. This request is intended to cover both retail independent and chain customers in West Virginia, Ohio, and Kentucky." As an initial matter, Cardinal Health does not agree to expand the scope of this request to customers in West Virginia, Ohio, and Kentucky. As Plaintiffs know, Judge Polster's order with respect to geographic scope for CT2 was limited to transactional data, which Cardinal Health is producing to Plaintiffs. Further, Plaintiffs already have the custodial files and MDL transcripts of more than a dozen Cardinal Health employees who were involved in due diligence for customers, including for the Track 2 jurisdictions. Again, you deposed many of these individuals in CT1. Cardinal Health will produce to Plaintiff state deposition transcripts from the Ohio AG action for these individuals pursuant to DR22 and produce documents in accordance with search terms negotiated for Track 2.

### III.   Requests for Production of Insurance Policies

Cardinal Health produced to Plaintiffs in CT1 all policies it identified as responsive to CMO No. 1, dating back to 1996. We have been working to identify and collect any supplemental information related to those policies, and will produce that information to you. However, your suggestion that there are "gaps in policy years" or categories of coverage that are responsive to CMO No. 1 that have not produced is mistaken. Cardinal Health has not identified

WILLIAMS & CONNOLLY LLP

Plaintiffs' Counsel
December 13, 2019
Page 5

any responsive Director/Officer policies.  Further, we see no basis for Plaintiffs' request for policies pre-dating 1996, nor do we understand how such policies would be relevant to this litigation 22 years later, particularly in light of DRs 2 and 3.

**IV.**     **October 22, 2019 Discovery Requests**

Finally, with respect to the issues Plaintiffs raise regarding responses to certain combined discovery requests, Cardinal Health responds as follows:

- **Request No. 1:** Regarding your request that Cardinal Health "reconsider" its response stating that it would produce transactional data for its customers in Cabell County and the City of Huntington, WV, we note that Plaintiffs' Combined Request No. 1 specifically requests "all transactional data related to the distribution of prescription opioids *arising out of CT2*."  Cardinal Health's response agreed to produce the data specifically called for by your Request. Cardinal Health will also be producing transactional data for West Virginia, Kentucky, and Ohio consistent with Judge Polster's order, and expects to do so by years' end.

- **Request No. 2:**  We are aware of no basis under the rules for Plaintiffs' request that Cardinal Health organize "by name, effective dates, and Bates number," each of its suspicious order monitoring policies for the purposes of "show[ing] to a jury/judge." The burden in compiling this information is substantially the same for us as it is you. Further – and it should go without saying – nothing in the Rules obligates Cardinal Health to prepare Plaintiffs' trial demonstratives for them.  As stated in our response to this Request, Cardinal Health has already identified for Plaintiffs the Bates ranges at which it has produced policies relating to its SOM systems on more than one occasion.  *See* Exhibit A to Cardinal Health's Objs. & Resps. to Track 2 Pls.' First Combined Discovery Requests.  However, in case it was still not clear, here are the Bates ranges for the policies and procedures that Cardinal Health has produced to Plaintiffs:

    - CAH_MDL2804_00059048 – CAH_MDL2804_00059300;
    - CAH_MDL2804_00124800–00124924;
    - CAH_MDL2804_02098431–02098560;
    - CAH_MDL2804_02879959–02881151;
    - CAH_MDL2804_02903953–02905699;
    - CAH_MDL_PRIORPROD_AG_0000001–0015503;
    - CAH_MDL_PRIORPROD_AG_0028688 – CAH_MDL_PRIORPROD_AG_0029955;
    - CAH_MDL_PRIORPROD_HOUSE_0002197;
    - CAH_MDL_PRIORPROD_HOUSE_0002201;
    - CAH_MDL_PRIORPROD_HOUSE_0002207;
    - CAH_MDL_PRIORPROD_DEA07_00000001–01174970;

WILLIAMS & CONNOLLY LLP

Plaintiffs' Counsel
December 13, 2019
Page 6

- o CAH_MDL_PRIORPROD_DEA08_0000001–0000284;
- o CAH_MDL_PRIORPROD_DEA12_00000001–00015258;
- o CAH_MDL_PRIORPROD_DEA07_01181142;
- o CAH_MDL_PRIORPROD_DEA07_01188070–01188720;
- o CAH_MDL_PRIORPROD_DEA07_01383136;
- o CAH_MDL_PRIORPROD_DEA07_01383814; and
- o CAH_MDL_PRIORPROD_DEA07_01383895.

- **Request No. 3:** Plaintiffs' attempt to expand the geographic scope of this Request to include all of West Virginia, Ohio, and Kentucky is unfounded. First, we note that Request No. 3 specifically calls for "each suspicious order . . . *arising out of CT2*." Moreover, as noted above, Judge Polster's order regarding geographic scope pertained only to transactional data. Cardinal Health expects to produce centralized records of orders for opioids reported to DEA and regulators in West Virginia for Cardinal Health customers in CT2 – as expressly called for by the Request – by years' end. We will produce this information to you in the same format as it was in CT1: with all the information you need contained in a single document that identifies the Bates ranges for those reports.

- **Request No. 4:** As with Requests Nos. 1 and 3, Request No. 4 expressly seeks "the due diligence file *for each of your customers in CT2*." For the reasons already articulated above, there is no basis for Plaintiffs' attempt to expand the geographic scope of this Request. Cardinal Health expects to produce centralized due diligence files for customers in CT2 in January. As it did in CT1, Cardinal Health will identify the Bates ranges for its centralized due diligence files.

- **Request No. 5:** Cardinal Health has identified Matt Patton as the Pharmacy Business Consultant with responsibility for the City of Huntington and Cabell County. Cardinal Health reiterates its intent to proceed with deposition scheduling in an orderly fashion, following negotiation of custodians and search terms, production and review of relevant documents, and Plaintiffs' review of state deposition transcripts, which are being produced consistent with DR22 and the Special Master's instructions during the December 4 hearing.

- **Request No. 6:** Based upon reasonable searches, Cardinal Health has not identified documents responsive to this Request other than those that have already been produced and identified for Plaintiffs.

- **Request No. 7:** Based upon reasonable searches, Cardinal Health has not identified documents responsive to this Request other than those that have already been produced and identified for Plaintiffs.

WILLIAMS & CONNOLLY LLP

Plaintiffs' Counsel
December 13, 2019
Page 7

- **Request No. 8:** As we stated in response to this Request, Cardinal Health has produced the documents responsive to this Request and consistent with CMO No. 1.

- **Request No. 9:** As we stated in response to this Request, Cardinal Health has produced responsive documents consistent with CMO No. 1.

- **Request No. 10:** We appreciate Plaintiffs' clarification of this Request. Cardinal Health will make reasonable inquiries into whether it has any relevant, non-privileged documents responsive to this Request.

- **Request No. 11:** Cardinal Health did not intend to suggest by its response that it would not conduct reasonable searches of non-custodial document repositories most likely to contain the information sought in this Request. We will do so. But based on Cardinal Health's experience in CT1, we expect that the presentations sought, to the extent they exist, would be in custodial files. Cardinal Health is not aware of a central repository of PowerPoint presentations or slide decks related to Cardinal Health's distribution of opioids in West Virginia.

Sincerely,

Neelum J. Wadhwani