| | |
|---|---|
| **From:** | Mike Fuller |
| **Sent:** | Friday, December 06, 2019 10:11 PM |
| **To:** | Mainigi, Enu; Wadhwani, Neelum; Pyser, Steven |
| **Cc:** | A.J. Elkins; Evan.Janush@LanierLawFirm.com; Anthony Irpino; Wicht, Jennifer; Mike Fuller |
| **Subject:** | RE: PEC's request for custodians and depos for CT2 |
| **Attachments:** | 12022019 Ltr to CAH re CT2 Custodians Deponents DR22 Status.pdf |

Counsel,

We have not received a response to our letter of December 2nd (attached hereto) and request for a time to discuss the issues outlined therein. Please let us know your next availability as soon as possible.

In addition to the attached, we also would like to discuss the status of Cardinal's production of insurance policies as well as Cardinal's Objections and Responses to Track 2 Plaintiffs' (First) Combined Discovery Requests. Regarding insurance documents, pasted below is a chart detailing the policies Cardinal has produced and their applicable timeframes.

| | | |
|---|---|---|
| General Liability | Occurrence | 1997-1999, 2001-2003 |
| | Occurrence Reported / Bermuda[4] | 2005-2016 |
| Products/Completed Operations | Occurrence | 1997-1999, 2001-2003 |
| | Occurrence Reported / Bermuda[4] | 2005-2016 |
| Professional Liability | Claims Made | 2017 |
| Punitive Damages[1] | Occurrence | 1999, 2001, 2016 |
| Specialty Professional Liability | Claims Made | 2016 |
| Technology Errors and Omissions | Claims Made | 1997-1998 |

As you know, pursuant to CMO No. 1, Cardinal must produce "any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the Track One Cases, or to indemnify or reimburse for payments made to satisfy any judgment." CMO No. 1 (Doc. 232), para. 3(d). The types of policies Cardinal must produce are any agreements "insuring against general liability, product liability, druggist liability, directors and officers liability, and any other applicable agreements." *Id*. We are hereby requesting that Cardinal produce copies of policies prior to the 1997 policy year, policies to fill the gaps in policy years in the chart above, and any Director/Officer/Professional Liability type policies, which we believe we have not yet received. Please let us know whether Cardinal is amenable to producing the same and when same can be expected.

As for Cardinal's recent discovery responses, we have outlined below the deficiencies we see and request that its responses be amended accordingly.

- Request No. 1: Cardinal states that it will produce transactional data for customers in Cabell County and Huntington, West Virginia from January 1, 1996, through May 29, 2018. Please advise when Cardinal expects to produce the data.  Additionally, please advise if Cardinal intends on complying with Judge Polster's November 22, 2019 Order Regarding Track Two Cases and providing the transactional data for the tri-state area of West Virginia, Kentucky, and Ohio.

- Request No. 3: Cardinal's response implies that it possesses centralized records of orders for opioids reported to DEA and West Virginia regulators on and after January 1, 2013. Please advise when Cardinal expects to produce the records.

- Request No. 4: Cardinal states that it will produce centralized due diligence files for its customers in CT2. Please advise when Cardinal will produce the documents.

- Request No. 5: Cardinal objects to this request in part on the basis that the phrase "responsible for" is unclear. Plaintiffs disagree. The request calls for the identification of *sales representatives* (and production of their custodial files) who performed their jobs as sales representatives related to pharmacies located in the CT2 jurisdictions. The sales representatives will have direct knowledge of what services and products Cardinal offered and provided to customers in CT2 jurisdictions, or if there were any suspicious circumstances observed when visiting these pharmacies or in the pharmacies' ordering patterns, which would all be relevant to Plaintiffs' claims. Accordingly, please withdraw these objections and amend Cardinal's response to identify the appropriate individuals for the retail independent and chain pharmacies and advise when Plaintiffs can expect production of their custodial files.

- Request No. 10: Cardinal contends that this request is vague, unduly burdensome, and seeks irrelevant information. Plaintiffs will accept Cardinal's offer to meet and confer on this issue, but the request speaks for itself and the Court has previously ruled that such documents are relevant and should be produced. *See* SM Cohen's December 20, 2018 email ordering production of the 2008 retro-analysis conducted by Cardinal pursuant to the 2008 MOA (Agenda Item 102).

- Request No. 11: Without explanation, Cardinal has objected to producing presentations concerning opioid distributions in West Virginia as not relevant. There is no basis for this objection, and Plaintiffs request that it be withdrawn and that the requested documents be produced. Further, Cardinal states that it will produce responsive, non-privileged documents from custodial files. Please provide the basis on which Cardinal intends to limit the documents it produces from custodial files rather than from all documents in its possession. Otherwise, please advise when Plaintiffs can expect the documents to be produced.

Finally, we want to follow up on and get and understanding of the status of Cardinal's DR 22 productions.  We would request that the transcripts of any depositions that have been taken in other matters be produced immediately.  We understand that numerous depositions have been taken in the Ohio AG action but do not believe those depositions have been provided.

Again, please let us know your availability Monday or Tuesday of next week for a meet and confer on these issues. Thank you for your time and consideration. We look forward to hearing from you.

Mike

---

**From:** Mike Fuller <Mike@mchughfuller.com>
**Sent:** Monday, December 2, 2019 7:17 PM
**To:** Mainigi, Enu <EMainigi@wc.com>; Wadhwani, Neelum <NWadhwani@wc.com>; Pyser, Steven <SPyser@wc.com>
**Cc:** Mike Fuller <Mike@mchughfuller.com>; A.J. Elkins <AJ@mchughfuller.com>; Evan.Janush@LanierLawFirm.com; Anthony Irpino <airpino@irpinolaw.com>; Wicht, Jennifer <JWicht@wc.com>
**Subject:** PEC's request for custodians and depos for CT2

Counsel,
Hope everyone had a good Thanksgiving Weekend!

Please see attached and let us know what time you have this week to discuss these issues.  It may be the Wednesday will work when we are together in Cleveland.

Thanks for your time and consideration,
Mike