

# GREENE KETCHUM
## FARRELL BAILEY & TWEEL LLP

Attorneys and Counsellors at Law
419 Eleventh Street • Huntington, WV 25701
P.O. Box 2389 • Huntington, WV 25724-2389
304.525.9115 • Fax: 304.529.3284 • 1.800.479.0053
www.greeneketchum.com

Lawrence J. Tweel - WV & KY
Bert Ketchum - WV & GA
Paul T. Farrell, Jr. - WV, OH & KY
Larry A. Bailey - WV, OH & KY
Clayton J. Maddox - WV

Attorney: paul@greeneketchum.com
Paralegal: lora@greeneketchum.com

December 8, 2019

Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
RNicholas@ReedSmith.com
SMcClure@ReedSmith.com

Enu Mainigi
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
emainigi@wc.com

Dale A. Rice
**COVINGTON & BURLING LLP**
Salesforce Tower, 415 Mission Street
San Francisco, CA 94105-2533
drice@cov.com

Re: Deficiencies in Big 3 Defendants' Responses to *Plaintiffs (First) Combined Discovery Requests to Distributors*

Dear Counsel:

We received and reviewed your responses to the *Plaintiffs (First) Combined Discovery Requests to Distributors*. Please continue to meet and confer with the designated team leaders (Mark Pifko for ABDC; Mike Fuller for Cardinal Health; and Brandon Bogle for McKesson) on pertinent issues, including the negotiation of ESI search terms. However, please note the CITY OF HUNTINGTON and the CABELL COUNTY COMMISSION will speak with a singular voice to formalize our positions for purposes of creating a record for the discovery special master.

With regard to defensive discovery, I intend to serve as the point of contact for the CABELL COUNTY COMMISSION. Anne Kearse (Motley Rice) will serve as the point of contact for the CITY OF HUNTINGTON. Brandon Bogle (Levin Papantonio) will serve as our point of contact for negotiation of defensive ESI search terms.

As an initial matter, we also received and reviewed your correspondence dated December 6, 2019 which sets forth deficiencies in our discovery responses. For purposes of comity, we should initially address the bilateral concerns regarding ***boilerplate objections***. Your numerous boilerplate objections are incomprehensible. There is no need to produce stuff that is

Page 2
December 8, 2019

Re: Deficiencies in Big 3 Defendants' Responses to *Plaintiffs (First) Combined Discovery Requests to Distributors*

irrelevant. Nor is there a need to reserve a right clearly afforded by the Federal Rules of Civil Procedure. We are not asking you to assume any facts. In fact, there is a specific rule of civil procedure for admission of facts.

You object to nearly every question on the grounds of *relevance*. Nonetheless, you thereafter answer and/or respond. This seems impossibly inconsistent. The discovery requests all relate to a subject matter we have litigated for the past two years. The subject matter is certainly relevant. Therefore, the only logical conclusion is that you are withholding discovery in order to provoke some new fight regarding the temporal/geographic/topical scope of discovery. If there is some other reason for the repeated assertion of this objection, please advise. Otherwise, please set forth the grounds for your objection(s) to facilitate a more substantive discussion.

You repeatedly object on the grounds of *unduly burdensome*. We read this to mean "we have relevant information but refuse to disclose because it is too hard." We want to help make discovery easy. Please describe the discovery you are withholding and, perhaps, we can figure out a reasonably burdensome means to satisfy your obligations under the Federal Rules of Civil Procedure.

I suggest we parley on boilerplate objections before seeking judicial intervention. Anne Kearse (Motley Rice) will serve as the point of contact for the CT2 bellwether plaintiffs.

In addition to the boilerplate objections, there are several defects in your substantive responses which need to be addressed:

**Combined Request No. 1**: **Please produce all transactional data related to the distribution of prescription opioids arising out of CT2 from January 1, 1996, to the present.**

You have agreed to produce this transactional data. Remand is conditioned upon compliance.

McKesson indicated that it would produce data from the tri-state referenced in the *Order Regarding Track Two Cases* (ECF No. 2950). ABDC has agreed to amend its responses to include the tri-state mandate. Please prioritize your rolling productions as follows: (1) Cabell County; (2) State of West Virginia; (3) State of Ohio; and (4) Commonwealth of Kentucky.

Cardinal Health indicates it is only producing the data for Cabell County (WV). Please reconsider.

Page 3
December 8, 2019

Re: Deficiencies in Big 3 Defendants' Responses to *Plaintiffs (First) Combined Discovery Requests to Distributors*

**Combined Request No. 2**: Please identify in chronological order the title of each Suspicious Order Monitoring System (SOMS) policy in force from January 1, 1996, to the present and produce a copy of the same. After each entry, please identify the Bates range which corresponds to each policy to enable a jury to correlate each policy in your written answer to each document produced.

You refused to answer this interrogatory. We understand you previously produced multiple copies of various versions of SOMS policies scattered across millions of digital documents. We simply would like you to place the policies in chronological order and identify each by name, effective dates and Bates number. We intend to show a jury/judge this timeline.

Each of you correctly points out this request expands upon the temporal limitations which governed discovery in CT1. As you know, this is disputed territory. We purposefully included the timeframe to encompass the kerfuffle with ABDC and Cardinal regarding the DEA's purported approval of their SOMS policies. You opened the door. As noted by Special Master Cohen during the recent discovery conference, McKesson has not opened the door in this regard. Consequently, we will modify the temporal scope of this request applicable to McKesson to January 1, 2006, to the present.

**Combined Request No. 3**: Please identify each suspicious order you reported to any regulatory body, including the DEA and/or the West Virginia Board of Pharmacy, arising out of CT2 and produce all documents related thereto. After each entry, please identify the Bates range which corresponds to each suspicious order to enable a jury to correlate each suspicious order in your written answer to each document produced.

You have agreed to produce all suspicious orders. Remand is conditioned upon compliance.

You object to referencing each suspicious order by Bates number. To be clear, each of you has taken a slightly different position regarding the timing of when an order becomes "suspicious," as well as the format of your reporting. We simply want you to commit to a concrete position. Specifically identify the orders you actually reported as suspicious and correlate each with a Bates reference. Given the finite number of reported suspicious orders, this task should be simple.

Please prioritize your rolling productions as follows: (1) Cabell County; (2) State of West Virginia; (3) State of Ohio; and (4) Commonwealth of Kentucky.

Page 4
December 8, 2019

Re: Deficiencies in Big 3 Defendants' Responses to *Plaintiffs (First) Combined Discovery Requests to Distributors*

**Combined Request No. 4**: Please produce the due diligence file for each of your customers in CT2. Please identify the Bates range which corresponds to each due diligence file to enable a jury to correlate each due diligence file to each of your customers.

You have agreed to produce all due diligence files. Remand is conditioned upon compliance.

You object to referencing each suspicious order by Bates number. To be clear, you referenced large ranges of Bates-stamped documents as due diligence files in CT1. We are asking for something more specific. We want you to tell us which documents pertain to which pharmacies. This is evidence of your compliance, or lack thereof, with the duties referenced in the *Masters* case and the *Court's Opinion and Order Regarding Plaintiffs' Summary Judgment Motions Addressing the Controlled Substances Act* (Doc #: 2483) (Filed: 08/19/19).

Please prioritize your rolling productions as follows: (1) Cabell County; (2) State of West Virginia; (3) State of Ohio; and (4) Commonwealth of Kentucky.

**Combined Request No. 5**: Please identify each sales representative(s) responsible for the CT2 territory and produce the custodial file for each. Please identify the Bates range which corresponds to each custodial file to enable a jury to correlate each name in your written answer to each custodial file produced.

ABDC identified Michael Perry, Mike Dailey, and Jill Jackson. Production of the custodial files is a condition of remand. Please contact Mark Pifko to confirm ESI terms.

Cardinal Health identified Chris Lanctot and Ray Carney and previously produced custodial files. Please advise whether this is a complete set of sales representatives servicing CT2. You kind of hedged your answers. To avoid any confusion, you sold pills of opium to pharmacies in Cabell County (WV). We would like you to identify the personnel who interacted with these pharmacies and produce the custodial files.

McKesson is still searching its records. Please advise as to the timing of a supplemental response.

Page 5
December 8, 2019

Re: Deficiencies in Big 3 Defendants' Responses to *Plaintiffs (First) Combined Discovery Requests to Distributors*

**Combined Request No. 6:** **Please produce all documents in your possession, custody and/or control related to Safescript Pharmacy #6 (DEA# BS8246349) formerly located at 335 Fourth Avenue in Huntington, Cabell County, West Virginia.**

Cardinal Health and McKesson state they are looking for documents but did not sell prescription opioids to this pharmacy. This is consistent with the ARCOS data produced by the DEA. Nonetheless, we ask that you diligently search for any communications with this particular pharmacy, as it is an outlier and bad actor. We are also interested to discover whether this pharmacy appeared on your radar and/or solicited your business.

This bad actor is a customer of ABDC which merits closer attention to its discovery response:

> *ABDC incorporates herein by reference its General Objections, and limits its response to the time period established by Discovery Ruling Nos. 2 and 3. ABDC further objects to this Combined Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cabell County or the City of Huntington. Subject to and without waiving its objections, ABDC will conduct a reasonable search and produce non-privileged documents responsive to this Combined Request.*

The DEA's ARCOS database (2006-2014) indicates that ABDC sold 1.2 million hydrocodone pills (totaling 6.6 million MMEs) and 2.6 million oxycodone pills (totaling a staggering 91 million MMEs) before getting shut down by the DEA in February 2012. It is inconceivable this discovery request is *overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action*. We must insist full compliance with this discovery request before remand. Further, any privileged documents referencing this pharmacy must be identified in a privilege log with an expedited *in camera* hearing. Production of all documents referencing this pharmacy is a condition of remand.

**Combined Request No. 7:** **Please produce all documents in your possession, custody and/or control related to Anita T. Dawson, DO (CSL# OD0926) formerly practicing medicine at 1798 Midland Trail, Milton, Cabell County, West Virginia.**

There appears to be some confusion regarding the relevance of this request. The DOJ convicted **Anita Dawson** (former M.D.) in the United States District Court for the Southern

Page 6
December 8, 2019

Re: Deficiencies in Big 3 Defendants' Responses to *Plaintiffs (First) Combined Discovery Requests to Distributors*

District of West Virginia (3:12-cr-00132) (January 7, 2013) for "aiding and abetting another to acquire or obtain controlled substances by misrepresentation, fraud, forgery, deception and subterfuge." This disgraced doctor was the prescriber to countless addicts, including the one which caused a fiery crash and death of a mother transporting her daughter and classmate to school on April 2, 2009. All three died in a horrific fire after being entrapped following the collision. During sentencing, the federal judge referenced a "sealed" presentence report and concluded: "It's amazing when you look at page after page of the presentence report, it totals up literally to hundreds and thousands of these dangerous prescription drugs being prescribed by you to individuals with such an obvious problem." We are seeking disclosure of any documents in your possession, custody and/or control regarding this practitioner during your due diligence required to sell pills of opium in Cabell County (WV).

As it stands, Cardinal Health has produced two (2) documents which are both emails from a news service reporting her conviction. If this is the world of documents which exist, then we will consider this request complete.

**Combined Request No. 8**: **Please produce all documents produced to the United States House Energy and Commerce Committee arising out of its investigation into "opioid dumping" into West Virginia.**

Each of you objected to this request on various boilerplate grounds, including vagueness. To eliminate all confusion, please be advised that the House and Energy Committee for the United States House of Representatives published a report on December 18, 2018 entitled, "Red Flags and Warning Signs Ignored: Opioid Distribution and Enforcement Concerns in West Virginia," following a series of hearings. Each of your CEOs testified under oath. Each produced documents (some under seal). Cardinal Health and McKesson submitted written responses to follow-up questions (under seal). ABDC apparently refused.

Your responses indicate production is complete, subject to your boilerplate objections. Please identify whether you are withholding any subset of documents based on your objections. If not, we will consider your response complete.

**Combined Request No. 9**: **Please produce all documents produced to the West Virginia Attorney General.**

Your responses indicate production is complete, subject to your boilerplate objections. Please identify whether you are withholding any subset of documents based on your objections. If not, we will consider your response complete.

Page 7
December 8, 2019

Re: Deficiencies in Big 3 Defendants' Responses to *Plaintiffs (First) Combined Discovery Requests to Distributors*

**Combined Request No. 10: Please produce all documents related to internal investigations referencing the distribution of prescription opioids in West Virginia.**

ABDC objects to this discovery request as *overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense*. Cardinal Health objects on a litany of grounds, including vagueness. McKesson claims it already produced these documents somewhere within the 256,000 documents it produced in CT1.

By way of further explanation, McKesson (Fortune rank #7), ABDC (Fortune rank #10) and Cardinal Health (Fortune rank #16) were sued by the West Virginia Attorney General in 2012, sued by West Virginia counties in 2017 and subjected to a Congressional hearing for its West Virginia conduct in 2018. We want to know whether you conducted an internal investigation regarding your distribution practices within West Virginia.

For instance, ABDC sold 3.8 million opium pills to a makeshift pharmacy in Huntington, Cabell County, West Virginia. Did you conduct a root cause analysis? Did you interview sales representatives Michael Perry, Mike Dailey, and Jill Jackson? Did you determine how your DEA "approved" SOMS system missed so many red flags? If so, please produce and/or reference the same. If not, please confirm that none exists.

**Combined Request No. 11: Please produce all presentations, including PowerPoints or slide decks, referencing the distribution of prescription opioids in West Virginia.**

Cardinal Health has agreed to conduct a reasonable search in the files of agreed-upon custodians. ABDC referenced fourteen (14) documents previously produced; none of which pertain to West Virginia. McKesson simply responded: McKesson has produced these documents in MDL 2804.

Page 8
December 8, 2019

Re: Deficiencies in Big 3 Defendants' Responses to *Plaintiffs (First) Combined Discovery Requests to Distributors*

None of these responses are sufficient. For instance, it is inconceivable that ABDC's response would omit this PowerPoint presentation:

**Turning the Tide in WVA**

HDMA Communications Strategy

Revised: June 19, 2015

ABDCMDL00269301. Please reconsider your response.

If you have any questions, please do not hesitate to call.

Very truly yours,

Paul T. Farrell, Jr.

PTF/lhc

Cc: Opioid Defense Counsel Listserv (xALLDEFENDANTS-MDL2804-Service@arnoldporter.com)