# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Cabell County Commission v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:17-op-45053-DAP (S.D. W. Va.)<br><br>*City of Huntington, West Virginia v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:17-op-45054 (S.D. W. Va.) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## DISTRIBUTOR DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Distributor Defendants[1] request that each Plaintiff in the above-captioned civil actions individually respond to the following Interrogatories in accordance with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Ohio, this Court's Case Management Orders, and any other applicable law or rules, within thirty (30) days of service of these Interrogatories.

If any Plaintiff finds any term or other aspect of any of the Interrogatories vague, ambiguous, or otherwise objectionable and intends to so object, counsel for Distributor Defendants offer to meet promptly with counsel for that Plaintiff to endeavor to resolve any issues.

## DEFINITIONS

1. "Person" means any individual, corporation, firm, partnership, joint venture, unincorporated association, trade association, governmental entity, dealer group, council or other

---

[1] The Distributor Defendants are AmerisourceBergen Drug Corporation, Cardinal Health, Inc., H.D. Smith Wholesale Drug Corporation, and McKesson Corporation.

incorporated or unincorporated entity, business entity or group of individuals or entities, singular or plural, as the content may require.

2. "Plaintiff" and "You" means each of the individual plaintiffs named in these actions, including the executive and legislative branches, agencies, offices, departments, divisions, commissions, agents, employees, boards, instrumentalities, vendors, administrators, and other persons or entities acting on each plaintiff's behalf or controlled by each plaintiff. When the pronoun "You" or "Your" is used, its antecedent is each individual responding Plaintiff.

3. "Prescription Opioid(s)" refers to FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect, including, but not limited to, the Prescription Opioids referenced in the Third Amended Complaint for the wholesale distribution of which You seek to hold the Distributor Defendants liable.

4. "Suspicious Order(s)" means any order of Prescription Opioids placed by any source that Plaintiff believes, suspects, or contends should have been reported to the United States Drug Enforcement Agency ("DEA") or West Virginia authorities, including the West Virginia Board of Pharmacy, or otherwise as Plaintiff defines Suspicious Orders for purposes of its allegations. Suspicious Orders are not limited to those placed with Distributor Defendants, but include those placed with any entity.

5. "Timeframe" includes each year during which a Plaintiff claims any defendant in this action engaged in any allegedly wrongful or unlawful conduct that caused damage to the Plaintiff or such other time period as the parties may later agree or the Court determines should apply to each side's discovery in this action.

## INSTRUCTIONS

1. These interrogatories require supplemental responses to the extent required by the Federal Rules of Civil Procedure. These interrogatories shall be deemed to be a continuing request for supplemental responses pursuant to said Rules.

2. To the extent that You object to any of the interrogatories, answer as much of each such interrogatory for which there is no objection, and state each basis for all objections made.

3. You are requested to furnish all responsive information within Your custody, possession, or control, including all information in the custody, possession, or control of anyone acting in cooperation or concert with You or on Your behalf, and all information available to You upon reasonable inquiry. To the extent You cannot answer an interrogatory fully because of a lack of information, please answer those parts of the interrogatory about which You do have knowledge, and identify those parts that You cannot answer fully.

4. If any document that You would have identified in response to any interrogatory was, but is no longer, in Your possession or subject to Your control, in addition to all of the information requested above of which You have knowledge, state the present location of the document.

5. Regarding any information requested that is not within Your personal knowledge, but as to which You have been informed or have formed a belief, state that such information is furnished on information and/or belief, and state the source(s) of Your information and/or the grounds for Your belief.

6. All references to defined terms shall have the same meaning regardless of whether they are capitalized.

7. Each Plaintiff must individually respond to each of these Interrogatories.

**INTERROGATORIES**

1. Identify every Person likely to have discoverable information related to Your claims, including, but not limited to, every Person upon whom You intend to rely in proving Your claims on summary judgment or at trial, and every Person likely to have discoverable information that supports or contradicts a position or claim that You have taken or intend to take in this action. For each Person named in response to this Interrogatory, state the subject matter of the information possessed by that Person, identify his or her current and, if relevant, former employment and job title(s), and identify any statements and/or declarations by that Person of which You are aware.

2. Identify each of Your past or present departments, agencies, subdivisions or other constituent entities, officials, employees, and representatives that possesses documents, data, or other information relating to the allegations of the Third Amended Complaint, including, without limitation, the use, abuse, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of

Prescription Opioids and/or other opioids, any harms that You claim to have suffered, and/or the substantiation or quantification of any damages that You claim.

3. Identify each Person in Your entity, for each year of the Timeframe, who held the following positions or their equivalents: mayor, city manager, city clerk, city council member, county commissioner, county administrator, chief health officer, health department physician director, health department nursing director, health department administrator, county sheriff, chief of police, head of the city or county law enforcement narcotics unit, district attorney or other chief prosecutor, chief prosecutor for drug crimes, court clerk, drug court coordinator or administrator, emergency medical services director, 9-1-1 director, medical examiner, coroner, county assessor, county clerk, finance director, budget director, planning and development director, city or county attorney, correctional facility warden or supervisor, fire chief, director of family and/or children's services, director of substance abuse treatment services, human resources director, members of any task forces or other entities former or used to address opioid abuse, and any other person whose work or other activities have concerned opioid use and abuse and/or any element of the damages that You allege. Include as part of Your response each Person's name, position, and period of time during which he or she held the position.

4. State the years during which You claim each Distributor Defendant engaged in conduct for which You seek damages or injunctive relief.

5. State the date(s) and the manner in which You first became aware that Prescription Opioids were being abused within Your geographic boundaries, that Prescription Opioids were being diverted within Your geographic boundaries and/or by Your residents, and/or that addiction to Prescription Opioids was occurring and/or increasing within Your geographic boundaries.

6. State the maximum number of pills or other dosage units of Prescription Opioids that should properly have been distributed within Your geographic boundaries for legitimate medical purposes during each year of the Timeframe, and explain how You calculated that number. If You are unable to provide a number, explain how the number should be calculated and identify the input information that would be needed to calculate it and the source(s) from which that information may be obtained.

7. State the number of pills or other dosage units of Prescription Opioids that were diverted from legitimate purposes within Your geographic boundaries, and the number of pills or other dosage units of Prescription Opioids that were dispensed for other than legitimate medical purposes within Your geographic boundaries for each year during the Timeframe, and describe how each number was calculated. If You are unable to provide a number, explain how the number should be calculated and identify the input information that would be needed to calculate it and the source(s) from which that information may be obtained.

8. Identify each pharmacy, doctor, healthcare provider, or other drug retailer that diverted or wrongfully dispensed Prescription Opioids that You contend caused You injury.

9. Identify each investigation, arrest, or prosecution within Your geographical boundaries for each year of the Timeframe that involved Prescription Opioids and/or other opioids, and for each, describe the end result of the investigation, arrest, or prosecution, the connection, if any, to any defendant in this litigation, and the data sources used to track this information.

10. Identify Your efforts during each year of the Timeframe to address "hazards to public health and safety" that You attribute to the wrongful conduct of Distributor Defendants. *See* TAC ¶ 29. Include as part of Your response the amount of taxpayer dollars You expended to fund these efforts and, where the activity was funded in whole or in part from another source, the identity of that source and the amounts provided.

11. Identify all efforts You have made to recover expenditures related to Prescription Opioid addiction, misuse, abuse, or overdose from any Person, including (without limitation) insurers, government entities, manufacturers, pharmacists, pharmacies, doctors, dentists, nurses, clinics, drug dealers, drug traffickers, or drug trafficking organizations. For each effort, identify the amount of expenditures, if any, that You recovered.

October 25, 2019

**DISTRIBUTOR DEFENDANTS**

**By Counsel**

*/s/ Shannon E. McClure*
Robert A. Nicholas
Shannon E. McClure

REED SMITH, LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch
aemch@jacksonkelly.com
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000

*Counsel for AmerisourceBergen Drug Corporation*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard
Steven M. Pyser
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
emainigi@wc.com
lheard@wc.com
spyser@wc.com

*Counsel for Cardinal Health, Inc.*

*/s/ William E. Padgett*
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 236-1313
Fax: (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Co., H. D. Smith*

*Holdings, LLC and H. D. Smith Holding Company*

*/s/ Geoffrey Hobart*
Geoffrey E. Hobart
Mark Lynch
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*