UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Cabell County Commission v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:17-op-45053-DAP (S.D. W. Va.)<br><br>*City of Huntington, West Virginia v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:17-op-45054 (S.D. W. Va.) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**DISTRIBUTOR DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Distributor Defendants[1] request that each Plaintiff in the above-captioned civil actions individually respond to the following Requests for Production ("Requests") in accordance with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Ohio, this Court's Case Management Orders, and any other applicable law or rules, within thirty (30) days of the service of these Requests.

If any Plaintiff finds any term or other aspect of any of the Requests vague, ambiguous, or otherwise objectionable and intends to so object, counsel for Distributor Defendants offer to meet promptly with counsel for that Plaintiff to endeavor to resolve any issues.

---

[1] The Distributor Defendants are AmerisourceBergen Drug Corporation, Cardinal Health, Inc., H.D. Smith Wholesale Drug Corporation, and McKesson Corporation.

**DEFINITIONS**

1. "Person" means any individual, corporation, firm, partnership, joint venture, unincorporated association, trade association, governmental entity, dealer group, council or other incorporated or unincorporated entity, business entity or group of individuals or entities, singular or plural, as the content may require.

2. "Plaintiff" or "You" means each of the individual plaintiffs named in these actions, including the executive and legislative branches, agencies, offices, departments, divisions, commissions, agents, employees, boards, instrumentalities, vendors, administrators, and other Persons or entities acting on each plaintiff's behalf or controlled by each plaintiff. When the pronoun "You" or "Your" is used, its antecedent is each individual responding Plaintiff.

3. "Prescription Opioid(s)" refers to FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect, including, but not limited to, the Prescription Opioids referenced in the Third Amended Complaint for the wholesale distribution of which You seek to hold the Distributor Defendants liable.

4. "Suspicious Order(s)" means any order of Prescription Opioids placed by any source that Plaintiff believes, suspects, or contends should have been reported to the United States Drug Enforcement Agency ("DEA") or West Virginia authorities, including the West Virginia Board of Pharmacy, or otherwise as Plaintiff defines Suspicious Orders for purposes of its allegations. Suspicious Orders are not limited to those placed with a Distributor Defendant, but include those placed with any entity.

5. "Timeframe" includes each year during which a Plaintiff claims any defendant in this action engaged in any allegedly wrongful or unlawful conduct that caused damage to the Plaintiff or

such other time period as the parties may later agree or the Court determines should apply to each side's discovery in this action.

## INSTRUCTIONS

1. Unless otherwise stated, the timeframe covered by these Requests is the Timeframe.

2. Unless otherwise stated, the responsive documents and communications requested include all documents and communications that are related to the Timeframe, regardless of creation date.

3. With respect to any document requested below for which a claim of privilege or work product is made, indicate the nature of the document; identify by name, address, title, and business affiliation the writer, the addressee, and all recipients thereof; and set forth the general subject matter to which the document relates and its date.

4. Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of Plaintiff, as well as all copies and preliminary drafts of documents that differ in any respect from the original (e.g., differences in form or content or on account of handwritten notes or comments having been added).

5. The documents produced in response to these Requests shall include all amendments, enclosures, cover memos, routing slips, and other transit memos.

6. The documents requested herein refer to the broadest scope of documents allowable under the Federal Rules of Civil Procedure.

7. All documents produced in response to these Requests shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested.

8. These Requests shall be deemed continuing to the fullest extent permitted by the Federal Rules of Civil Procedure so as to require further and supplemental production if Plaintiff locates or

obtains additional documents falling within the scope of these Requests after the time of initial production.

9. If any documents requested herein are no longer in Plaintiff's control or have been lost, discarded, or destroyed, those documents shall be identified by author, date, subject matter, and, if applicable, current custodian.

10. Each Plaintiff must individually respond to each of these Requests.

11. For any data provided, all relevant characteristics/fields and codes should be produced, along with data dictionaries.

## REQUESTS FOR PRODUCTION

1. All documents that describe, refer, or relate to the volumes of Prescription Opioids and/or other opioids prescribed, dispensed, sold, distributed, diverted, and/or used within Your geographical boundaries.

2. All documents that identify, refer, or relate to any alleged Suspicious Orders placed by or shipped to any Person within Your geographic boundaries and/or to which you attribute any injury that You claim to have suffered.

3. All documents that explain, calculate, speculate about, discuss, estimate, reflect, or reference the maximum number of pills or other dosage units of Prescription Opioids that You believe, suspect, or contend could or should properly have been distributed for legitimate medical purposes during the Timeframe.

4. All documents that identify, reflect, estimate, discuss, refer, or relate to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids, or the use, possession, sale, distribution, or addiction to other opioids.

5.     All documents that relate to, reflect, estimate, or discuss diversion of Prescription Opioids, or dispensing of Prescription Opioids for other than legitimate medical purposes, including, but not limited to, documents identifying Persons involved in such diversion or dispensing.

6.     All documents relating to any alleged violation of state or federal law or regulation, or any other wrongful conduct by any pharmacy, medical doctor, dentist, nurse, physician assistant, pharmacist, pharmacy technician, other healthcare provider, pharmaceutical manufacturer, pharmaceutical distributor, or other Person relating to Prescription Opioids.

7.     All documents relating to any law enforcement or administrative investigations, prosecutions, and/or enforcement actions relating to opioids (whether Prescription Opioids or otherwise) within or affecting Your geographical area during the Timeframe.

8.     All documents referring or relating to individuals or entities whose conduct relating to Prescription Opioids You believe, suspect, or contend caused You harm, including but not limited to the individuals listed in Plaintiffs' (First) Combined Discovery Request to Dispensers No. 8 and Plaintiffs' (First) Combined Discovery Request to Distributors No. 7.

9.     All documents relating to the West Virginia Controlled Substance Automated Prescription Program ("CSAPP") during the Timeframe, including all documents relating to the design, purpose, and use of CSAPP, any use You have made of CSAPP, actions You took, attempted to take, or considered taking, based on information You received from CSAPP, and all documents containing or discussing Your policies and procedures related to CSAPP.

10.    All documents comprising or supporting Your annual and periodic budgets and financial statements, including (without limitation), the following for You and for each of Your departments, agencies, and other constituent entities that have incurred costs for which You seek damages or other relief: annual budgets; annual financial and statistical reports; accounting detail and underlying database entries for revenues and expenditures; documents reflecting headcounts, salaries, benefits, and overtime

for employees; documents reflecting revenues and revenue sources; grant documents (including grant applications, reports, and tracking documents); budget requests and worksheets from Your departments, agencies, and other constituent entities; and contracts and agreements for the provision of products or services for which You seek recovery. Your production should include any data dictionaries for any produced structured data.

11. All documents that describe, refer, evidence, or relate to any cost, expenditure, damage, loss, or harm for which You seek equitable or monetary relief, including any analysis or computation of the amount of such cost, expenditure, damage, loss, or harm, and/or to the inputs into any such analysis or computation.

12. All documents relating to any transactions during the Timeframe between You and any manufacturer, distributor, or dispenser of Prescription Opioids regarding Prescription Opioids, including documents relating to transactions involving any hospitals, health care providers, pharmacies, or other medical facilities owned, operated, supported by, or affiliated with You, including any public health care systems or facilities.

13. All documents relating to the prescription or dispensing of Prescription Opioids during the Timeframe by any physician, pharmacist, or other health care provider who was employed by You or who practiced at a facility owned, affiliated, operated or supported by or with You, including any public health care systems or facilities.

14. All documents relating to the legitimate need for and/or use of Prescription Opioids.

15. All documents referring or relating to Your expenditures or proposed expenditures relating to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, sale, distribution, or addiction to other opioids, including documents relating to emergency assistance, treatment, or healthcare costs paid by You or by fully or partially-funded medical insurance plans and workers' compensation programs.

16. All documents that state, discuss, reflect, or suggest recommendations for programs, initiatives, or actions to be taken by You, any agency of the State of West Virginia, or any agency of the federal government (or any programs sponsored or funded by any such entity) to prevent, interdict, redress, treat, or otherwise ameliorate wrongful importation or distribution, abuse, misuse of, or addiction to, opioids.

17. All documents that describe, analyze, or refer to the impact on Your community of the use and abuse of opioids, including but not limited to any harm suffered by any and all individuals residing within Your geographical boundaries that are, or have been, attributed in whole or in part to the abuse, use, or misuse of Prescription Opioids, or the abuse, use, or misuse of other opioids.

18. All documents relating to Your efforts to recover expenditures related to Prescription Opioid addiction, misuse, abuse, or overdose in Your geographic boundaries from any Person, including (without limitation) insurers, government entities, manufacturers, pharmacists, pharmacies, doctors, dentists, nurses, clinics, drug dealers, drug traffickers, or drug trafficking organizations.

19. All documents constituting or related to any communications between You, or anyone acting on Your behalf, and any federal, state, or local official or agency (including, but not limited to, the DEA, the Federal Bureau of Investigation, a United States Attorney or representative thereof, the West Virginia Department of Health and Human Resources or its constituent providers, the West Virginia Department of Military Affairs and Public Safety, CSAPP, the West Virginia Board of Pharmacy, the West Virginia Board of Medicine, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia Board of Examiners for Licensed Practical Nurses, the West Virginia Board of Examiners for Registered Professional Nurses, the West Virginia Office of the Chief Medical Examiner, other cities, counties or agencies of the State of West Virginia, or any city, county, or agency of any other State), insurer, third-party payer, or pharmacy benefit manager that refer or relate to Suspicious Orders, diversion, improper or excessive dispensing, improper prescribing,

unlawful sale, or other suspected wrongdoing related to Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids.

20. All documents constituting or relating to any communication or transaction between You and Your insurers, workers' compensation providers, or Medicare/Medicaid, and all agents and employees thereof, relating to Prescription Opioids.

21. All documents constituting or relating to any communication or transaction with any manufacturer, distributor, or dispenser of Prescription Opioids.

22. All documents that refer or relate to Your awareness or analysis of, or meetings, presentations, or proposals involving, the abuse, use, misuse, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids.

23. All minutes, agendas, notes and other records, including audio and/or visual recordings, of or from any public or non-public meeting concerning public health, public safety, Prescription Opioids, or Your budgets.

24. All documents identified or relied upon in Your responses to Distributor Defendants' First Set of Interrogatories to Plaintiffs.

25. All documents that You intend to rely upon in support of Your claims or that You intend to show any judge, jury, or witness for any reason (including but not limited to impeachment).

October 25, 2019

**DISTRIBUTOR DEFENDANTS**

**By Counsel**

*/s/ Shannon E. McClure*
Robert A. Nicholas
Shannon E. McClure
REED SMITH, LLP
Three Logan Square
1717 Arch Street, Suite 3100

Philadelphia, PA 19103
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch
aemch@jacksonkelly.com
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000

*Counsel for AmerisourceBergen Drug Corporation*

/s/ *Enu Mainigi*
Enu Mainigi
F. Lane Heard
Steven M. Pyser
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
emainigi@wc.com
lheard@wc.com
spyser@wc.com

*Counsel for Cardinal Health, Inc.*

/s/ *William E. Padgett*
William E. Padgett (IN No. 18819-49)
Kathleen L. Matsoukas (IN No. 31833-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 236-1313
Fax: (317) 231-7433
william.padgett@btlaw.com
kathleen.matsoukas@btlaw.com

*Counsel for H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Co., H. D. Smith*

*Holdings, LLC and H. D. Smith Holding Company*

*/s/ Geoffrey Hobart*
Geoffrey E. Hobart
Mark Lynch
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com

*Counsel for McKesson Corporation*