# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Cabell County Commission v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:17-op-45053-DAP (S.D. W. Va.) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## BELLWETHER PLAINTIFF CABELL COUNTY COMMISSION's RESPONSES TO DISTRIBUTOR DEFENDANTS' FIRST SET OF <u>REQUESTS FOR PRODUCTION TO PLAINTIFFS</u>

On November 27, 2019, Bellwether Plaintiff CABELL COUNTY COMMISSION informed the MDL Court that it has a true and present intention of pursuing a public nuisance claim (Count 1) against the Big3 Distributors (ABDC, Cardinal Health and McKesson) upon remand. We intend to ask for a bifurcated bench trial on liability/causation followed by a subsequent bench trial on abatement and punitive damages (if the Court so permits following the first phase of trial). We intend to invoke the legal doctrine of civil conspiracy under West Virginia law which imposes statutory joint liability. We do not intend to seek past/future damages for economic losses privately incurred by the political subdivisions. These discovery responses directly support these intentions. The CABELL COUNTY COMMISSION joins and incorporates the CITY OF HUNTINGTON's responses to requests for production of documents.

**REQUESTS**

      1.      **All documents that describe, refer, or relate to the volumes of Prescription Opioids and/or other opioids prescribed, dispensed, sold, distributed, diverted, and/or used within Your geographical boundaries.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION was not in possession of any such documents prior to this litigation. We disclosed the following preliminary data, charts and spreadsheets via email on December 3, 2019:

## Exhibit 1 -   Processed ARCOS Data – 2006-2014

SLCG processed ARCOS data for Cabell County (WV) which follows the same protocol utilized in CT1. The spreadsheet includes some 300,000 lines of transactions across 46 fields of data and will serve as the factual basis for our CT2 expert reports.

## Exhibit 2 -   Charts and Reports

398 pages of summaries, charts and calculations of the SLCG processed ARCOS data focused on the Big3 conduct within Cabell County (WV) which follows the same protocol utilized in CT1.

a) State Hydrocodone and Oxycodone MME Per Capita, 1997- 2017

b) Three Defendants Combined and Individually - 12 Opioid Drug Distribution by Defendant

c) Three Defendants, Combined and Individually, 12 Opioid Drug Distribution by Drug Code

d) All Seller 12 Opioid Drug Distribution in MME, Cabell County, WV by Drug

e) Individual Defendant Oxycodone Distribution in Cabell County, WV by Total Dosage, Total MME, Total Drug Base Weight

f) Individual Defendant Hydrocodone Distribution by Total Dosage, Total MME, Total Drug Base Weight

g) Oxycodone and Hydrocodone Distribution to Individual Pharmacies by Defendant

h) Pharmacy Reports

i) Distributor Reports

   i) 12 Opioid Drug Total Dosage Units per Cap by State

   ii) 12 Opioid Drug Total Dosage Units Per Cap by State, Top 25

   iii) 12 Opioid Drug Total Morphine Milligram Equivalents per Cap by State

   iv) 12 Opioid Drug Total Morphine Milligram Equivalents Per Cap by State, Top 25

   v) 12 Opioid Drug Total MME by Company in West Virginia

   vi) 12 Opioid Drug Total Dosage Units by Company in West Virginia

   vii) 12 Opioid Drug Total Dosage Units by Individual DEA Number in West Virginia

   viii) State and County 12 Opioid Drug Total Dosage Units Market Share

   ix) 12 Opioid Drug Total MME by Company in Cabell County, WV

   x) 12 Opioid Drug Total Dosage Units by Company in Cabell County, WV

   xi) Cabell County 12 Opioid Drug Total Dosage Units by Distributor

   xii) 12 Opioid Drug Total Dosage Units by Individual DEA Number in Cabell County, WV

   xiii) 12 Opioid Drug Total Dosage Units Per Cap by Distributor in Cabell County, WV

   xiv) Cabell County 12 Opioid Drug Total Dosage Units Per Cap by Distributor

   xv) Distributor Market Share by Year in Cabell County, WV

## Exhibit 3 -  Identification of Suspicious Orders

Charts and spreadsheets which identify "suspicious orders" which should have been flagged arising out of Cabell County (WV) which follows the same protocol utilized in CT1 (and survived a *Daubert* challenge) and complies with *Discovery Ruling No. 12 Regarding Suspicious Order Interrogatory* (Doc #: 1174) (Filed: 12/09/18) (attached).  This is a preliminary report which will be cross-checked with due diligence files (to the extent produced) and validated through an expert witness report.

   a) Charts

      i) Three Distributor Totals

         (1) Maximum Monthly, Trailing Six-month Threshold

         (2) Twice Trailing Twelve-Month Average Pharmacy Dosage Units

         (3) Three Times Trailing Twelve-Month Average Pharmacy Dosage Units

         (4) Maximum 8,000 Dosage Units Monthly

         (5) Maximum Daily Dosage Units

      ii) AmerisourceBergen Drug

         (1) Maximum Monthly, Trailing Six-month Threshold

         (2) Twice Trailing Twelve-Month Average Pharmacy Dosage Units

         (3) Three Times Trailing Twelve-Month Average Pharmacy Dosage Units

         (4) Maximum 8,000 Dosage Units Monthly

         (5) Maximum Daily Dosage Units

      iii) Cardinal Health

         (1) Maximum Monthly, Trailing Six-month Threshold

    (2) Twice Trailing Twelve-Month Average Pharmacy Dosage Units

    (3) Three Times Trailing Twelve-Month Average Pharmacy Dosage Units

    (4) Maximum 8,000 Dosage Units Monthly

    (5) Maximum Daily Dosage Units

  iv) McKesson Corporation

    (1) Maximum Monthly, Trailing Six-month Threshold

    (2) Twice Trailing Twelve-Month Average Pharmacy Dosage Units

    (3) Three Times Trailing Twelve-Month Average Pharmacy Dosage Units

    (4) Maximum 8,000 Dosage Units Monthly

    (5) Maximum Daily Dosage Units

 b) Transactions Flagged as Suspicious

  i) AmerisourceBergen

  ii) Cardinal Health

  iii) McKesson Corporation


**2.**   **All documents that identify, refer, or relate to any alleged Suspicious Orders placed by or shipped to any Person within Your geographic boundaries and/or to which you attribute any injury that You claim to have suffered.**

**RESPONSE BY CABELL COUNTY COMMISSION:**   The CABELL COUNTY COMMISSION was not in possession of any such documents prior to this litigation. We intend to present at the trial of this matter the following:

  A. Suspicious orders reported to the United States Drug Enforcement Administration soon to be produced by the Distributor Defendants pertaining to Cabell County (WV).

  B. Suspicious orders reported to the West Virginia Board of Pharmacy by the Distributor Defendants pertaining to Cabell County (WV) obtained via FOIA which will be disclosed in a rolling production.

  C. Charts and spreadsheets which identify "suspicious orders" which should have been flagged arising out of Cabell County (WV) which follows the same protocol utilized in CT1 (and survived a *Daubert* challenge) and complies with *Discovery Ruling No. 12 Regarding Suspicious Order Interrogatory* (Doc #: 1174) (Filed: 12/09/18) (attached). This is a preliminary report which will be cross-checked with due diligence files (to the extent produced) and validated through an expert witness report.

  **3.** **All documents that explain, calculate, speculate about, discuss, estimate, reflect, or reference the maximum number of pills or other dosage units of Prescription Opioids that You believe, suspect, or contend could or should properly have been distributed for legitimate medical purposes during the Timeframe.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION is not aware of any such documents nor of any standard which set forth the volume of Prescription Opioids which "should properly have been distributed for legitimate medical purposes."

**4.      All documents that identify, reflect, estimate, discuss, refer, or relate to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids, or the use, possession, sale, distribution, or addiction to other opioids.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION was not in possession of any such documents prior to this litigation. The CABELL COUNTY COMMISSION is in the process of collecting such documents and will produce on a rolling basis the following subparts:

4.1     Prescription Opioids abuse

4.2     Prescription Opioids use

4.3     Prescription Opioids misuse

4.4     Prescription Opioids prescribing

4.5     Prescription Opioids dispensing

4.6     Prescription Opioids sale

4.7     Prescription Opioids distribution

4.8     Prescription Opioids diversion

4.9     Other Opioid abuse

4.10    Other Opioid use

4.11    Other Opioid misuse

4.12    Other Opioid prescribing

4.13    Other Opioid dispensing

4.14    Other Opioid sale

4.15    Other Opioid distribution

4.16   Other Opioid diversion

**5.**   **All documents that relate to, reflect, estimate, or discuss diversion of Prescription Opioids, or dispensing of Prescription Opioids for other than legitimate medical purposes, including, but not limited to, documents identifying Persons involved in such diversion or dispensing.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION was not in possession of any such documents prior to this litigation. See Answer to Interrogatory No. 7; Depo. Of Thomas Prevosnik (DEA).

**6.**   **All documents relating to any alleged violation of state or federal law or regulation, or any other wrongful conduct by any pharmacy, medical doctor, dentist, nurse, physician assistant, pharmacist, pharmacy technician, other healthcare provider, pharmaceutical manufacturer, pharmaceutical distributor, or other Person relating to Prescription Opioids.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION was not in possession of any such documents prior to this litigation. None other than disclosed by the Distributor Defendants and/or the United States Department of Justice.

**7.**   **All documents relating to any law enforcement or administrative investigations, prosecutions, and/or enforcement actions relating to opioids (whether Prescription Opioids or otherwise) within or affecting Your geographical area during the Timeframe.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION was not in possession of any such documents prior to this litigation. See Answer to Interrogatory Nos. 8 and 9.

8. All documents referring or relating to individuals or entities whose conduct relating to Prescription Opioids You believe, suspect, or contend caused You harm, including but not limited to the individuals listed in Plaintiffs' (First) Combined Discovery Request to Dispensers No. 8 and Plaintiffs' (First) Combined Discovery Request to Distributors No. 7.

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION was not in possession of any such documents prior to this litigation. See Answer to Interrogatory Nos. 8 and 9.

9. All documents relating to the West Virginia Controlled Substance Automated Prescription Program ("CSAPP") during the Timeframe, including all documents relating to the design, purpose, and use of CSAPP, any use You have made of CSAPP, actions You took, attempted to take, or considered taking, based on information You received from CSAPP, and all documents containing or discussing Your policies and procedures related to CSAPP.

**RESPONSE BY CABELL COUNTY COMMISSION:** None.

10. All documents comprising or supporting Your annual and periodic budgets and financial statements, including (without limitation), the following for You and for each

of Your departments, agencies, and other constituent entities that have incurred costs for which You seek damages or other relief: annual budgets; annual financial and statistical reports; accounting detail and underlying database entries for revenues and expenditures; documents reflecting headcounts, salaries, benefits, and overtime for employees; documents reflecting revenues and revenue sources; grant documents (including grant applications, reports, and tracking documents); budget requests and worksheets from Your departments, agencies, and other constituent entities; and contracts and agreements for the provision of products or services for which You seek recovery. Your production should include any data dictionaries for any produced structured data.

**RESPONSE BY CABELL COUNTY COMMISSION:** Annual budgets dating back to 2012 can be found online: www.wvsao.gov/localgovernment/The CABELL COUNTY COMMISSION is in the process of scanning, uploading and disclosing annual budgets dating back to 2006.

11. All documents that describe, refer, evidence, or relate to any cost, expenditure, damage, loss, or harm for which You seek equitable or monetary relief, including any analysis or computation of the amount of such cost, expenditure, damage, loss, or harm, and/or to the inputs into any such analysis or computation.

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION is seeking monetary damages to enable the "elimination of hazards to public health and safety and to abate or cause to be abated" the opioid epidemic proximately caused by the unlawful conduct of the Distributor Defendants. An abatement plan will be disclosed in short order and pursuant to the direction of the Court. The CABELL COUNTY COMMISSION is not seeking reimbursement of past/future damages for economic losses privately incurred.

12.     All documents relating to any transactions during the Timeframe between You and any manufacturer, distributor, or dispenser of Prescription Opioids regarding Prescription Opioids, including documents relating to transactions involving any hospitals, health care providers, pharmacies, or other medical facilities owned, operated, supported by, or affiliated with You, including any public health care systems or facilities.

**RESPONSE BY CABELL COUNTY COMMISSION**:  None.

13.     All documents relating to the prescription or dispensing of Prescription Opioids during the Timeframe by any physician, pharmacist, or other health care provider who was employed by You or who practiced at a facility owned, affiliated, operated or supported by or with You, including any public health care systems or facilities.

**RESPONSE BY CABELL COUNTY COMMISSION**:  None.

14.     All documents relating to the legitimate need for and/or use of Prescription Opioids.

**RESPONSE BY CABELL COUNTY COMMISSION**:  None.

15.     All documents referring or relating to Your expenditures or proposed expenditures relating to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, sale, distribution, or addiction to other opioids, including documents relating to emergency

assistance, treatment, or healthcare costs paid by You or by fully or partially-funded medical insurance plans and workers' compensation programs.

**RESPONSE BY CABELL COUNTY COMMISSION:** Objection! These documents are not relevant to any party's claim or defense in this matter. F.R. Civ. Proc. 26(b). The CABELL COUNTY COMMISSION has requested the disclosure of these documents from its self-funded insurance plan and will disclose if compelled by the Court.

16.     All documents that state, discuss, reflect, or suggest recommendations for programs, initiatives, or actions to be taken by You, any agency of the State of West Virginia, or any agency of the federal government (or any programs sponsored or funded by any such entity) to prevent, interdict, redress, treat, or otherwise ameliorate wrongful importation or distribution, abuse, misuse of, or addiction to, opioids.

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION was not in possession of any such documents prior to this litigation.

17.     All documents that describe, analyze, or refer to the impact on Your community of the use and abuse of opioids, including but not limited to any harm suffered by any and all individuals residing within Your geographical boundaries that are, or have been, attributed in whole or in part to the abuse, use, or misuse of Prescription Opioids, or the abuse, use, or misuse of other opioids.

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION is in the process of collecting such documents to sustain its burden of proof and will timely supplement this response.

18. All documents relating to Your efforts to recover expenditures related to Prescription Opioid addiction, misuse, abuse, or overdose in Your geographic boundaries from any Person, including (without limitation) insurers, government entities, manufacturers, pharmacists, pharmacies, doctors, dentists, nurses, clinics, drug dealers, drug traffickers, or drug trafficking organizations.

**RESPONSE BY CABELL COUNTY COMMISSION:** None other than the pending litigation.

19. All documents constituting or related to any communications between You, or anyone acting on Your behalf, and any federal, state, or local official or agency (including, but not limited to, the DEA, the Federal Bureau of Investigation, a United States Attorney or representative thereof, the West Virginia Department of Health and Human Resources or its constituent providers, the West Virginia Department of Military Affairs and Public Safety, CSAPP, the West Virginia Board of Pharmacy, the West Virginia Board of Medicine, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia Board of Examiners for Licensed Practical Nurses, the West Virginia Board of Examiners for Registered Professional Nurses, the West Virginia Office of the Chief Medical Examiner, other cities, counties or agencies of the State of West Virginia, or any city, county, or agency of any other State), insurer, third-party payer, or pharmacy benefit manager that refer or relate to Suspicious Orders, diversion, improper or excessive

dispensing, improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids.

**RESPONSE BY CABELL COUNTY COMMISSION**: None.

20. All documents constituting or relating to any communication or transaction between You and Your insurers, workers' compensation providers, or Medicare/Medicaid, and all agents and employees thereof, relating to Prescription Opioids.

**RESPONSE BY CABELL COUNTY COMMISSION**: None.

21. All documents constituting or relating to any communication or transaction with any manufacturer, distributor, or dispenser of Prescription Opioids.

**RESPONSE BY CABELL COUNTY COMMISSION**: None other than the pending litigation.

22. All documents that refer or relate to Your awareness or analysis of, or meetings, presentations, or proposals involving, the abuse, use, misuse, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids.

**RESPONSE BY CABELL COUNTY COMMISSION**: None other than the pending litigation.

23. All minutes, agendas, notes and other records, including audio and/or visual recordings, of or from any public or non-public meeting concerning public health, public safety, Prescription Opioids, or Your budgets.

**RESPONSE BY CABELL COUNTY COMMISSION**: See www.cabellcounty.org

24.     **All documents identified or relied upon in Your responses to Distributor Defendants' First Set of Interrogatories to Plaintiffs.**

**RESPONSE BY CABELL COUNTY COMMISSION:** None other than referenced herein.

25.     **All documents that You intend to rely upon in support of Your claims or that You intend to show any judge, jury, or witness for any reason (including but not limited to impeachment).**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION is in the process of harvesting all of its available documents and electronic data and will be disclosing on a rolling basis. The following is a summary of the documents identified to date:

   **Summary of Cabell County, WV Document Collection (Current as of Dec 2, 2019)**

**County Commission**
- Agendas and Minutes
    - 2012-Present   (available online)
    - 2006-2011
- Budgets
    - 2012-Present   (available online)
    - 2006-2011
- Employee Health Insurance
    - 2006-Present
- Custodial files (desktops and emails)
    - Nancy Cartmill, Commission President
    - Jim Morgan, Commissioner
    - Kelli Sobonya, Commissioner
    - Beth Thompson, Commission Administrator
    - Sandy Davis, Purchasing Agent
    - April Saunders, Asst. Administrator
    - Greg Shoemaker, IT

**Cabell County 911**
- Budgets 2006-Present

- CRIMES Program (Sheriff's Record Management System) 2006-Present
- PowerPhone (standard list of questions for dispatcher to give pre-arrival instructions).
    - 2007-Present
    - 2007-Present (Manual card system of pre-arrival instructions)
- Custodial files (desktops and emails)
    - Mike Davis, Director
    - Mike Tatum, Assistant Director
    - Natalie McComas, Shift Supervisor
    - Dan Marcum, IT

**Cabell County EMS**
- EMS Run Sheets 2009-Present
- Budgets
    - 2007-2019
- Quick Response Team
    - 2017-Present
- Reports (Annual, Quarterly, Monthly) *Presented at Commission meetings*
    - 2007-2019
- Reports Misc.
    - "WV Innovations to Address the Opioid Epidemic" March 2019
- Custodial files (desktops and emails)
    - Gordon Merry, Director
    - Stephen Murray, Asst. Director
    - David Wright, M.D.
    - Connie Priddy, R.N. (QRT and Corporate Compliance)
    - Brenda Webb, IT
    - Larrecsa Cox, Paramedic (QRT)

**Sheriff's Department – Law Enforcement**
- Budgets
    - 2006-Present
- Incident Reports 1996-2018
- Detective Files Closed 2006-Present
- Programs
    - Prescription Take Back
    - School Resource Officer
        - Includes SRO presentation materials, training.
- Home Confinement
- UCR Reports 2007-2019
- Custodial files (desktops and emails) – To be collected
    - Sheriff Chuck Zirkle
    - Chief Deputy Doug Adams
    - Lt. Dan Ennix, Detective
    - Greg Shoemaker, IT

**Sheriff's Department – Tax Division**
- Tax Records 2006-Present
- Custodial files (desktops and emails)
    - Sheriff Chuck Zirkle
    - Samantha Childers, Chief Tax Deputy
    - Betty Bates, retired Chief Tax Deputy

**Cabell-Huntington Health Department**
- Budgets 2006-Present
- Grants – 2015 to Present
- Board of Health Minutes 2006-Present
- Custodial files (desktops and emails)
    - Michael Kilkenny, M.D.
    - Timothy Hazelett, Administrator
    - Kathleen Napier, R.N., Nursing Director
    - Michelle Perdue, Harm Reduction Coordinator (2018-Present)

**County Clerk**
- Budgets/Accounting 2006-Present
- Death Certificates
    - County Death Certificates 2012-Present – Electronic
    - County Death Certificates 2006-2012 – Paper
    - Physician/ME Certificate of Death 2006-Present (Form VS-002, WV DHHR)
    - Fetal Death Certificates 2007-2019
        - If survives >2 days
        - If survives <2 days – In possession of State of West Virginia, Department of Health and Human Resources
- Custodial files (desktops and emails)
    - Phyllis Smith, County Clerk
    - Teresa Powell, Deputy Clerk
    - Charlie Adkins, Accounting
    - Greg Shoemaker, IT

**Circuit Clerk**
- Budgets/Accounting 2006-Present
- Felony Court Files (Public) – CLOSED
    - 2012-2018
    - 2006-2001
- Custodial files (desktops and emails)
    - Jeff Hood, Circuit Clerk
    - Janet McCoy, Office Manager
    - Greg Shoemaker, IT

**County Assessor**
- Budgets/Accounting 2006 – Present
- Assessments 2006-Present

- Custodial files (desktops and emails)
    - Irv Johnson

**Prosecutor's Office**
- Budgets/Accounting 2006-Present
- Custodial files (desktops and emails)
    - Sean Hammers
    - Lauren Plymale
    - Kent Bryson

                    **CABELL COUNTY COMMISSION**
                    **By Counsel**

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr. (W.Va. Bar ID 7443)
GREENE, KETCHUM, FARRELL, BAILEY & TWEEL
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
800.479.0053 or 304.525.9115
304.529.3284: fax
paul@greeneketchum.com

and

Michael A. Woelfel (W.Va. Bar ID 4106)
WOELFEL AND WOELFEL, LLP
801 Eighth Street
Huntington, West Virginia 25701
304.522.6249
304.522.9282: fax
mikewoelfel3@gmail.com


Counsel for Cabell County Commission

*VERIFICATION SOON TO FOLLOW*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2019 a copy of the foregoing was served via email to the following, pursuant to the Order Concerning Service of Discovery in Track One Cases (MDL Dkt. 983):

    All defendants' listserv: xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

    All Plaintiffs' listserv: mdl2804discovery@motleyrice.com


/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr. (W.Va. Bar ID 7443)
GREENE, KETCHUM, FARRELL, BAILEY &TWEEL
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
800.479.0053 or 304.525.9115
304.529.3284: fax
paul@greeneketchum.com