

# GREENE KETCHUM

## FARRELL BAILEY & TWEEL LLP

Attorneys and Counsellors at Law
419 Eleventh Street · Huntington, WV 25701
P.O. Box 2389 · Huntington, WV 25724-2389
304.525.9115 · Fax: 304.529.3284 · 1.800.479.0053
www.greeneketchum.com

Lawrence J. Tweel - WV & KY
Bert Ketchum - WV & GA
Paul T. Farrell, Jr. - WV, OH & KY
Larry A. Bailey - WV, OH & KY
Clayton J. Maddox - WV

Attorney:  paul@greeneketchum.com
Paralegal: lora@greeneketchum.com

December 10, 2019

Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
RNicholas@ReedSmith.com
SMcClure@ReedSmith.com

Enu Mainigi
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
emainigi@wc.com

Dale A. Rice
**COVINGTON & BURLING LLP**
Salesforce Tower, 415 Mission Street
San Francisco, CA 94105-2533
drice@cov.com

> Re:    Big 3's Deficiency Notice regarding Cabell County Commission's
> Responses to Distributor Defendants' First Sets of Interrogatories and
> Requests for Production of Documents in Track 2

Dear Counsel:

We received your six (6) page deficiency notice dated December 6, 2019, regarding the CABELL COUNTY COMMISSION's responses to Distributor Defendants' First Set of Interrogatories and First Requests for Production of Documents. We note that your deficiency notice is exponentially more substantive than any of the responses you provided to our discovery. Each of your points will be addressed, in turn.

1.    <u>Responses Under Oath</u>. The CABELL COUNTY COMMISSION next meets on December 12, 2019 wherein we will formally verify the discovery responses. As noted in the responses: ***VERIFICATION SOON TO FOLLOW***.

2.    <u>Incorporation of Huntington's Answers</u>. The CABELL COUNTY COMMISSION incorporates all of the City of Huntington's substantive answers and none of the objections. This is a necessary truth since the CABELL COUNTY COMMISSION likely does not have standing to assert an objection on behalf of another party. **This issue is resolved.**

Page 2
December 10, 2019

Re:     Big 3's Deficiency Notice regarding Cabell County Commission's Responses to
        Distributor Defendants' First Sets of Interrogatories and RFP in Track 2


        3.      Interrogatory No. 1.  You note that *though Plaintiff's response directs the reader
to Appendix A for a more comprehensive list of potential witnesses, Plaintiff does not appear to
have included any appendices with its discovery responses*.  The omission of Appendix A was an
oversight.  **This oversight has been corrected.**

        4.      Interrogatory No. 1.  You object that *Plaintiff's response reserves the right to rely
on other individuals for testimony in any trial in this action*.  **We never made such a reservation.**

        5.      Interrogatory No. 2.  You argue *Plaintiff's answer is not responsive to the
question asked, and does not explain how Defendants will be able to identify which people or
which entities have the knowledge on which this interrogatory focuses*.  We regret our response
was not more clear.  We interpreted your interrogatory to be limited to "your departments" which
we inferred meant the organizational structure of the County Commission and its past and present
employees.  Our answer was intended to define the organizational structure, as defined by statute,
and identify the specific individuals that "possess" the documents.  We interpreted this to mean
the information technology specialists.  **We will clarify in an amended response.**

        6.      Interrogatory No. 3.  This interrogatory asked for the identification of individuals
who hold certain positions.  You remark that it is *difficult to imagine any interrogatory that should
be easier for Plaintiff to answer, yet the response here is also plainly incomplete*.  You accuse
CABELL COUNTY COMMISSION of omitting relevant time periods and key positions.  We
reviewed our answer and believe you are mistaken.  We identified each employee we believe has
relevant information employed within each department of the CABELL COUNTY
COMMISSION.  As we explained in the preamble to the prior interrogatory, the organizational
structure of each county commission is defined by statute.  Since you asked nicely, **we will clarify
in an amended response** whether we employ each of the designated positions and, if not, direct
you to the right employer.

        7.      Interrogatory No. 5.  **We stand by our answer.**  This issue is ripe for SM Cohen.

        8.      Interrogatory No. 6.  **We stand by our answer.**  This issue is ripe for SM Cohen.

        9.      Interrogatory No. 7.  You correctly note that Plaintiff's response includes an
incomplete reference to "Exhibit 3 of xxxx."  Please excuse our error.  This answer should have
referenced the preliminary data, charts and spreadsheets disclosed via email on December 3, 2019.
**We will clarify in an amended response.**  Further, you argue that *Plaintiff's response to this
interrogatory is plainly insufficient*.  **We stand by our answer.**  This issue is ripe for SM Cohen.

        10.     Interrogatory No. 8.  **We stand by our answer.**  This issue is ripe for SM Cohen.

Page 3
December 10, 2019

Re:    Big 3's Deficiency Notice regarding Cabell County Commission's Responses to
       Distributor Defendants' First Sets of Interrogatories and RFP in Track 2

11.    <u>Interrogatory No. 9</u>. **We stand by our answer.** This issue is ripe for SM Cohen.

12.    <u>Interrogatory No. 10</u>. **We stand by our answer.** This issue is ripe for SM Cohen.

13.    <u>Interrogatory No. 11</u>. **We stand by our answer.** This issue is ripe for SM Cohen.

14.    <u>RFP No. 1</u>. **We will clarify in an amended response.**

15.    <u>RFP No. 2</u>. **We stand by our answer.** This issue is ripe for SM Cohen.

16.    <u>RFP No. 3</u>. **We stand by our answer.** This issue is ripe for SM Cohen.

17.    <u>RFP No. 4</u>. **We stand by our answer**. This issue is ripe for SM Cohen.

18.    <u>RFP Nos. 5, 6, 7, 8, 16</u>.  We are not withholding any documents based on some boilerplate objection.  By referencing "prior to this litigation," we are noting that these documents are not held in the regular course of business and that we, too, are harvesting this information.  Of course, we acknowledge there exists a rule of federal procedure which requires timely supplementation and need no reminder.  **We stand by our answer**.  This issue is ripe for SM Cohen.

19.    <u>RFP Nos. 9, 12, 13, 14, 18, 19, 20, 21, 22</u>.  Plaintiff is not in possession of any such documents.  You do not believe us.  Perhaps, we have a failure to communicate.  The CABELL COUNTY COMMISSION is a statutory political subdivision invested with certain powers and authority by the West Virginia Legislature.  We believe we have standing to bring a public nuisance action…on behalf of the public.  We are unaware of the existence of any of the types of documents referenced in these discovery requests and will certify to this effect.  If, or when, we discover the existence of these documents internally, we will supplement this response.  If we harvest these documents during the course of discovery, we will timely disclose.  Such is our obligation under the Federal Rules of Civil Procedure.  **We stand by our answer**.  This issue is ripe for SM Cohen.

20.    <u>RFP Nos. 10, 23</u>.  We intend to supplement as these documents are harvested and uploaded to the host discovery server.  In the meantime, many of these documents are available on the website in self-explanatory drop-down menus.

Page 4
December 10, 2019

Re:    Big 3's Deficiency Notice regarding Cabell County Commission's Responses to
       Distributor Defendants' First Sets of Interrogatories and RFP in Track 2


       21.    RFP No. 11.  You requested that we produce documents which relate to *any cost,
expenditure, damage, loss, or harm for which **You** seek equitable or monetary relief*.  Unlike CT1,
the CABELL COUNTY COMMISSION is not seeking damages for private nuisance.  We are
asserting a claim for damages for public nuisance.  The distinction is set forth in *Rhodes v. E.I. du
Pont de Nemours & Co.*, 657 F. Supp. 2d 751, 768 (S.D. W.Va. 2009), judgment entered,
No. 6:06-CV-00530, 2010 WL 11622804 (S.D. W.Va. Jan. 6, 2010), and aff'd in part, appeal
dismissed in part, 636 F.3d 88 (4th Cir. 2011).  This purposeful decision will be formally adopted
during the December 12, 2019 commission meeting and is a response to the Big 3's attempt to
enter into a global settlement which attempts to release the claims asserted by the CABELL
COUNTY COMMISSION without any consideration.  The CABELL COUNTY COMMISSION
intends to respond by severing all but the Big 3 defendants, dismissing all but the public nuisance
theory of liability and seeking immediate remand for a bifurcated bench trial.  As such, we intend
to disclose an abatement plan through expert witness testimony.  Unless you assert a claim that we
failed to mitigate the epidemic you created, we do not believe this request is relevant.  **We stand
by our answer**.  This issue is ripe for SM Cohen.

       22.    RFP No. 15. See above. **We stand by our answer**.  This issue is ripe for SM Cohen.

       23.    RFP Nos. 17 and 24.  **We stand by our answer**.  This issue is ripe for SM Cohen.


                                   Very truly yours,



                                   Paul T. Farrell, Jr.

PTF/lhc

Cc:  All Defendants Listserv (xALLDEFENDANTS-MDL2804-Service@arnoldporter.com)