**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>This document relates to:<br><br>*Cabell County Commission v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:17-op-45053-DAP (S.D. W.Va.) | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Judge Dan Aaron Polster** |

**AMENDED ANSWERS OF PLAINTIFF CABELL COUNTY**
**COMMISSION TO DISTRIBUTOR DEFENDANTS'**
**FIRST SET  OF INTERROGATORIES TO PLAINTIFFS**

Comes the Plaintiff, CABELL COUNTY COMMISSION, to amend our answers to interrogatories previously served upon the Distributor Defendants[1] on December 3, 2019 and, in doing so, incorporates all of the CITY OF HUNTINGTON's substantive answers to these same interrogatories served on the Distributor Defendants on the same date but incorporates none of the CITY OF HUNTINGTON's objections.

The CABELL COUNTY COMMISSION amends our answers as follows:

---

[1] The Distributor Defendants are AmerisourceBergen Drug Corporation, Cardinal Health, Inc. and McKesson Corporation.

## INTERROGATORIES

1.      Identify every Person likely to have discoverable information related to Your claims, including, but not limited to, every Person upon whom You intend to rely in proving Your claims on summary judgment or at trial, and every Person likely to have discoverable information that supports or contradicts a position or claim that You have taken or intend to take in this action.  For each Person named in response to this Interrogatory, state the subject matter of the information possessed by that Person, identify his or her current and, if relevant, former employment and job title(s), and identify any statements and/or declarations by that Person of which You are aware.

**ANSWER**:     We believe those individuals most likely to have discoverable information regarding the opioid epidemic include:

| Name | Employer | Current Employment/ Job Title |
|------|----------|-------------------------------|
| Steve Williams | City of Huntington | Mayor |
| Jan Rader | City of Huntington | Fire Chief |
| Kevin Yingling, RPh, MD, FACP | Cabell Huntington Hospital Board of Trustees | Chair |
| Stephen M. Petrany, MD | MU School of Medicine | Chair of Family & Community Health |
| Sean Loudin, MD | MU School of Medicine Neonatal-Perinatal Medicine | Medical Director of Lily's Place |
| Zach Hansen, MD | PROACT | Medical Director |
| Lyn O'Connell, PhD, LFMT | Marshall Health | Associate Director of Addiction Sciences |
| Todd Davies, PhD | MU School of Medicine, Department of Clinical and Translational Science | Assistant Professor |
| Gordon Merry | Cabell County Emergency Medical Services (CCEMS) | Director |
| Michael Kilkenny, MD, MS | Cabell-Huntington Health Department | Physician Director |

For a more comprehensive list of potential witnesses, see the "Appendix A," which was provided to all defense counsel *via* Paul Farrell's email of 12/9/19 addressed to the All defendants' listserv, xALLDEFENDANTS-MDL2804-Service@arnoldporter.com, but, for convenience, is attached again.  This will be timely supplemented as discovery proceeds.  In the meantime, the CABELL COUNTY COMMISSION believes those individuals listed above can provide depth and scope to the past, current and future impact of the opioid epidemic in Cabell County (WV).

   2. **Identify each of Your past or present departments, agencies, subdivisions or other constituent entities, officials, employees, and representatives that possesses documents, data, or other information relating to the allegations of the Third Amended Complaint, including, without limitation, the use, abuse, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids and/or other opioids, any harms that You claim to have suffered, and/or the substantiation or quantification of any damages that You claim.**

   **ANSWER**: The CABELL COUNTY COMMISSION is a statutorily defined political subdivision within the State of West Virginia.[2]  We employ administrative, 911 and EMS personnel.  We do not have departments, agencies and/or subdivisions.  We do have statutory fiscal

---

[2] The CABELL COUNTY COMMISSION was created by the W. VA. CONST. Art. 9, § 9 with powers set forth in W. VA. CONST. Art. 9, § 11 and delegated by the West Virginia Legislature pursuant to W. Va. Code § 7-1-3 [1999].  The CABELL COUNTY COMMISSION is a "political subdivision" and is neither an agency nor an agent of the State of West Virginia.  W. Va. Code § 29-12A-3(c) [1986]; W. Va. Code § 14-2-3 [1967];  *Kucera v. City of Wheeling*, 153 W. Va. 531, 170 S.E.2d 217 (1969).  The administrative and/or fiscal authority of the CABELL COUNTY COMMISSION is set forth by West Virginia law.  W. Va. Code § 7-7-7 [1999]; *Burke v. Wetzel Cty. Comm'n*, 240 W. Va. 709, 815 S.E.2d 520 (2018); see also *Fury v. Cty. Court of Wood Cty.*, 608 F. Supp. 198 (S.D.W. Va. 1985).

responsibility for the following elected, constitutional officers for the county:  Prosecutor, Sheriff, Circuit Clerk, County Clerk, and Assessor.  We do not have an organizational chart.  This chart accurately depicts our organizational structure.



The electronically stored data in our possession can be retrieved from the following individuals:

|  | **Information Technology Specialist** |
|---|---|
| Cabell County Commission | **Greg Shoemaker** |
| Sheriff's Office | **Dan Marcum** |
| Prosecutor's Office | **Madeline Pearson** |
| Circuit Clerk | **Janet McCoy** |
| County Clerk | **Greg Shoemaker** |
| EMS | **Brenda Webb** |
| 911 | **Dan Marcum** |

Those individuals most likely to have personal knowledge are identified in our answer to Interrogatory No. 1 (above).

      **3.**      **Identify each Person in Your entity, for each year of the Timeframe, who held the following positions or their equivalents:  mayor, city manager, city clerk, city council**

member, county commissioner, county administrator, chief health officer, health department physician director, health department nursing director, health department administrator, county sheriff, chief of police, head of the city or county law enforcement narcotics unit, district attorney or other chief prosecutor, chief prosecutor for drug crimes, court clerk, drug court coordinator or administrator, emergency medical services director, 9-1-1 director, medical examiner, coroner, county assessor, county clerk, finance director, budget director, planning and development director, city or county attorney, correctional facility warden or supervisor, fire chief, director of family and/or children's services, director of substance abuse treatment services, human resources director, members of any task forces or other entities formed or used to address opioid abuse, and any other person whose work or other activities have concerned opioid use and abuse and/or any element of the damages that You allege.  Include as part of Your response each Person's name, position, and period of time during which he or she held the position.

**ANSWER**:   The following individuals fall under the administrative and/or fiscal responsibility of the CABELL COUNTY COMMISSION as defined by West Virginia law:

| COUNTY COMMISSION | | |
| --- | --- | --- |
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Commissioner | Nancy Cartmill (2006 to present) | |
| Commissioner | Jim Morgan (2017 to present) | Anne Yon (2012-2016)<br>Scott Bias (2006-2011) |
| Commissioner | Kelli Sobonya (2019 to present) | Bob Bailey (2006-2019) |
| Administrator | Beth Thompson (2015 to present) | Chris Tatum (2012-2014)<br>Steve Zoeller (2007-2011) |

| COUNTY COMMISSION (continued) | | |
|---|---|---|
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Assistant Administrator | April Saunders (2015 to present) | Ryan Cole (2011-2014)<br>Chris Tatum (2009-2010) |
| Purchasing Agent | Sandy Davis (2015 to present) | |
| Information Technology (IT) | Greg Shoemaker (2017 to present) | Clayton Bates (2015-2016)<br>Joseph Whitt (2006-2014) |

| SHERIFF | | |
|---|---|---|
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Sheriff | Chuck Zirkle, Jr. (2017 to present) | Tom McComas (2009-2016)<br>Kim Wolfe (2006-2008) |
| Chief Deputy | Doug Adams (2017 to present) | Doug Ferguson (2009-2016)<br>James Sheidler (2006-2008) |
| Detective | Lt. Dan Ennix (2006 to present) | |

| PROSECUTOR | | |
|---|---|---|
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Prosecutor | Sean Hammers (2014 to present) | Chris Chiles (2006-2013) |
| Assistant Prosecutor | Charles W. Peoples, Jr.<br>Kellie M. Neal<br>Jara L. Howard<br>Lauren E. Plymale<br>Kent L. Bryson<br>Sharon M. Frazier<br>Joe Fincham<br>Jason Spears<br>Sarah Dixon | |

| PROSECUTOR (continued) | | |
|---|---|---|
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Victim Advocate | Dawn Drown<br>Jeremy Bailey<br>Steve Kern | |

| CIRCUIT CLERK | | |
|---|---|---|
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Clerk | Jeff Hood (2016 to present) | Adele Chandler (2006-2015) |
| Office Manager | Janet McCoy (2016 to present) | Faye Allen (2006-2015) |

| COUNTY CLERK | | |
|---|---|---|
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Clerk | Phyllis Smith (2017 to present) | Karen Cole, Deceased (2001-2017) |

| COUNTY ASSESSOR | | |
|---|---|---|
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Assessor | Irv Johnson (2016 to present) | Ottie Adkins (2006-2015) |

| EMS | | |
|---|---|---|
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Director | Gordon Merry (2006 to present) | |
| Assistant Director | Stephen Murray (2006 to present) | |
| Medical Director | David Wright, MD (2006 to present) | |
| Quick Response Team (QRT) | Connie Priddy, RN (2017 to present) | |
| Information Technology (IT) | Brenda Webb (2011 to present) | Joe Whitt (2009-2010) |
| Paramedic | Larrecsa Cox (2013 to present) | |
| Accounts Payable | Suzanne Frye (2018 to present) | Mary Beth Steele (2010-2017) |
| Medical Billing Manager | Rose Woodrum (2017 to present) | Tracey McComas (2008-2016) |
| Administrative Secretary | Anne Margit Blankenship (2006 to present) | |
| Logistics/Paramedic | Steve Vititoe (2006 to present) | |
| Corporate Compliance | Connie Priddy, RN (2011 to present) | |

| 911 | | |
|---|---|---|
| **Position** | **Name/Time Period** | **Former/Time Period** |
| Director | Mike Davis (2006 to present) | |
| Assistant Director | Mike Tatum (2006 to present) | |
| Shift Supervisor | Natalie McComas (2006 to present) | |
| Information Technology (IT) | Dan Marcum (2016 to present) | J.R. Van Ottingham (2006-2015) |

The CABELL COUNTY COMMISSION does not employ the following job titles: mayor, city manager, city clerk, city council member, chief health officer, health department physician

director, health department nursing director, health department administrator, chief of police, head of the city enforcement narcotics unit, medical examiner, coroner, finance director, budget director, planning and development director, city attorney, correctional facility warden or supervisor, fire chief, director of family and/or children's services, director of substance abuse treatment services or human resources director.

**4.      State the years during which You claim each Distributor Defendant engaged in conduct for which You seek damages or injunctive relief.**

<u>**ANSWER**</u>**:**   2006 through 2014.   The CABELL COUNTY COMMISSION may supplement this response once the Distributor Defendants disclose transactional data which expands upon the ARCOS data produced by the DEA.

**5.      State the date(s) and the manner in which You first became aware that Prescription Opioids were being abused within Your geographic boundaries, that Prescription Opioids were being diverted within Your geographic boundaries and/or by Your residents, and/or that addiction to Prescription Opioids was occurring and/or increasing within Your geographic boundaries.**

<u>**ANSWER**</u>:     Presumably, this interrogatory attempts to identify a triggering date for the statute of limitations.  The CABELL COUNTY COMMISSION contends the statute of limitations does not accrue until the harm or endangerment to the public health and safety is abated.  *State ex rel. Smith v. Kermit Lumber & Pressure Treating Co.*, 200 W. Va. 221, 488 S.E.2d 901, Syl. Pt. 11 (1997).  The CABELL COUNTY COMMISSION alleges there presently exists a prescription opioid epidemic which is a hazard to public health and safety and remains unabated.  Moreover, West Virginia has adopted a five-part "discovery rule" which generally involves questions of material fact that will need to be resolved by the trier of fact.  *Dunn v. Rockwell*, 225 W. Va. 43,

689 S.E.2d 255, Syl. Pt. 5 (2009).  The CABELL COUNTY COMMISSION first became aware of the identity of the distributors who unlawfully flooded our community with prescription opioids following the disclosure of ARCOS data, produced by the DEA, on or about May 18, 2018 (Case: 1:17-md-02804-DAP) (Doc #: 468).  Until that time, the nature and scope of the conduct by the Distributor Defendants was concealed from the general public.

The answer to this multi-part discovery request is dependent upon the institutional memory of the CABELL COUNTY COMMISSION.  We were likely on notice that **addiction to Prescription Opioids was occurring within our geographic boundaries** following *Oxycontin: Its Use and Abuse*, Hearing Before the Subcommittee on Oversight and Investigations of the Committee on Energy and Commerce, House of Representatives, 107th Cong. 1st Sess. (August 28, 2001).We were likely on notice that **addiction to Prescription Opioids was increasing within our geographic boundaries** following "Heroin deaths on an upswing." *The Herald-Dispatch* (Nov 17, 2007).  We were likely on notice that **Prescription Opioids were being abused within [our] geographic boundaries** following "Prescription drugs kill more people than illegal drugs in W.Va." *The Herald-Dispatch* (Mar 16, 2008).  We were likely on notice that **Prescription Opioids were being diverted within [our] geographic boundaries and/or by [our] residents** following "EDITORIAL: Heroin overdoses show drug fight must always adapt." *The Herald-Dispatch* (Oct 13, 2007); "Death may be linked to heroin." *The Herald-Dispatch* (Dec 31, 2007).

**6.      State the maximum number of pills or other dosage units of Prescription Opioids that should properly have been distributed within Your geographic boundaries for legitimate medical purposes during each year of the Timeframe, and explain how You calculated that number.  If You are unable to provide a number, explain how the number**

should be calculated and identify the input information that would be needed to calculate it and the source(s) from which that information may be obtained.

**ANSWER:**   **Objection**.  The CABELL COUNTY COMMISSION need not respond to this interrogatory.  See Discovery Ruling No. 7 (Case: 1:17-md-02804-DAP) (Doc #: 1051). Nonetheless:

(a)    The CABELL COUNTY COMMISSION is not in possession of any medical records to determine whether a specific prescription was filled for a **legitimate medical purpose**. These records are in the possession of the distributors and pharmacies.

(b)    The statutory phrase "legitimate medical purpose" is a generality, susceptible to more precise definition and open to varying constructions, and thus ambiguous in the relevant sense. *Gonzales v. Oregon*, 546 U.S. 243, 258, 126 S. Ct. 904, 916, 163 L. Ed. 2d 748 (2006). Presumably, this interrogatory pertains to the "corresponding responsibility" of a pharmacist to dispense prescriptions only for legitimate medical purposes.  21 C.F.R. §1306.04(a).  This case involves distributors and the duty to maintain effective control against diversion. 21 U.S.C. § 823(a) [1970]; 21 CFR 1301.74(b) [1971].  Therefore, it is difficult to understand how this interrogatory is "relevant to any party's claim or defense."  F.R.Civ. Proc. 26(b)(1).

(c)    Plaintiff is unaware of any rule of thumb used to guesstimate the appropriate per capita volume of prescription opioids in a given community.  Between 2006 and 2014, the Big 3 (ABDC, Cardinal Health and McKesson) distributed more than 52 million pills of hydrocodone and oxycodone in Cabell County alone.  This volume is facially in excess of any reasonable assessment of the medical need of the community.

(d)    Plaintiff's theory of liability does not include claims of medical malpractice thereby implicating a review of every patient medical record pertaining to the prescribing and dispensing

of prescription opioids.  As such, the lack of the same is not dispositive on whether the Distributor Defendants may be held liable for public nuisance under West Virginia law.

7.      **State the number of pills or other dosage units of Prescription Opioids that were diverted from legitimate purposes within Your geographic boundaries, and the number of pills or other dosage units of Prescription Opioids that were dispensed for other than legitimate medical purposes within Your geographic boundaries for each year during the Timeframe, and describe how each number was calculated.  If You are unable to provide a number, explain how the number should be calculated and identify the input information that would be needed to calculate it and the source(s) from which that information may be obtained.**

      **ANSWER**:      The number of pills of opium diverted from legitimate medical purpose to the black market is immeasurable by its very nature.  In general, once a wholesale distributor identifies a suspicious order, they must block shipment of all future sales to that same customer until they can rule out that diversion is occurring.  See Depo. Thomas Prevoznik (DEA), Vol. II, (April 18, 2019).  Plaintiffs served discovery on the Distributor Defendants to produce all transactional data, reports of suspicious orders and due diligence files.  Assuming no due diligence, each "red flag" identified by a distributor should have blocked further shipments, rendering future transactions unlawful and suspected of diversion.  In anticipation of future expert witness disclosures, and at this stage of discovery, the CABELL COUNTY COMMISSION has identified "suspicious orders" using the standards and metrics which survived *Daubert* and summary judgment in CT1.  See CT2_ARCOS_0000401- 583.

8.      **Identify each pharmacy, doctor, healthcare provider, or other drug retailer that diverted or wrongfully dispensed Prescription Opioids that You contend caused You injury.**

**ANSWER**:   See *Third Amended Complaint* (Doc. #2595) (Filed: 09/12/2019).   The CABELL COUNTY COMMISSION alleges the Distributor Defendants engaged in unlawful conduct which caused or contributed to the opioid epidemic.   The elements of proof do not include pharmacy dispensing practices nor physician prescribing practices.   Nor does the CABELL COUNTY COMMISSION have the burden of proof to establish the fault of nonparties to this case upon remand and trial (assuming only the Big 3 get remanded).   Nonetheless, the public record reveals the following:

The DOJ executed a search and seizure warrant on **Safescript Pharmacy #6** in the United States District Court for the Southern District of West Virginia (3:12-mj-00010) (February 9, 2012).   Safescript Pharmacy was located in Cabell County (WV) and distributed nearly 4.5 million doses of hydrocodone and oxycodone between 2006 and 2012.   The subpoena return indicates the seizure of 37 boxes of documents, as well as hard drives.   There is no record of a criminal prosecution.   We requested production of all documents, photos and data in the DOJ's possession.   No response has been received to date.

The DOJ indicted **Kofi Ohene Agyekum** for drug distribution in the United States District Court for the Southern District of West Virginia (3:14-cr-00197) (September 10, 2014) arising out of his operation of **A+ Pharmacy** located in Cabell County (WV).   The pharmacy opened in November 2012 and distributed 90,000+ doses of hydrocodone and 492,000+ doses of oxycodone in a short 20 months before being shut down.   Court filings indicate the DOJ produced "a disc labeled DISCOVERY that contains bates labeled documents AGYEKUM-GOV-0001 through

01450," as well as a "Bates Index detailing the documents on the DISCOVERY disc" in response to standard discovery (Doc. 29) (Filed 10/01/14) including documents seized from A+ Pharmacy.  We requested production of all documents, photos and data in the DOJ's possession. No response has been received to date.

The DOJ convicted **Anita Dawson** (former M.D.) in the United States District Court for the Southern District of West Virginia (3:12-cr-00132) (January 7, 2013) for "aiding and abetting another to acquire or obtain controlled substances by misrepresentation, fraud, forgery, deception and subterfuge."  This disgraced doctor was the prescriber to countless addicts, including the one that caused a fiery crash and death of a mother transporting her daughter and classmate to school on April 2, 2009.  All three died in a horrific fire after being entrapped following the collision.  During sentencing, the federal judge referenced a "sealed" presentence report and concluded:  "It's amazing when you look at page after page of the presentence report, it totals up literally to hundreds and thousands of these dangerous prescription drugs being prescribed by you to individuals with such an obvious problem."  We requested production of all documents, photos and data in the DOJ's possession.  No response has been received to date.

**9.    Identify each investigation, arrest, or prosecution within Your geographical boundaries for each year of the Timeframe that involved Prescription Opioids and/or other opioids, and for each, describe the end result of the investigation, arrest, or prosecution, the connection, if any, to any defendant in this litigation, and the data sources used to track this information.**

<u>**ANSWER**</u>:    These facts are not readily accessible by the CABELL COUNTY COMMISSION.  We have begun harvesting records from the Circuit Clerk, Magistrate Clerk, Prosecutor and Sheriff and will disclose relevant documents on a rolling basis.  In addition, we

requested information regarding federal prosecutions from the United States Department of Justice.  No response has been received to date.  We understand the West Virginia Supreme Court may have the ability to search for arrests related to controlled substances through the digital records maintained on behalf of the Cabell County Magistrate Clerk.

**10.    Identify Your efforts during each year of the Timeframe to address "hazards to public health and safety" that You attribute to the wrongful conduct of Distributor Defendants.  *See* TAC ¶ 29.  Include as part of Your response the amount of taxpayer dollars You expended to fund these efforts and, where the activity was funded in whole or in part from another source, the identity of that source and the amounts provided.**

<u>**ANSWER**</u>:  The CABELL COUNTY COMMISSION has fiscal responsibility for the Office of the Prosecuting Attorney, Sheriff's Department and Emergency Medical Services.  Each has dedicated tremendous resources to fighting the opioid epidemic.  The CABELL COUNTY COMMISSION is not seeking reimbursement of past/future economic losses incurred on its behalf. We intend to file a motion severing all defendants save the Big 3 and dismiss all counts in the *Third Amended Complaint* (Doc. #2595) (Filed: 09/12/2019) except Count I (Public Nuisance). We will be seeking money damages to eliminate the hazard to public health and safety and abate the opioid epidemic.

**11.    Identify all efforts You have made to recover expenditures related to Prescription Opioid addiction, misuse, abuse, or overdose from any Person, including (without limitation) insurers, government entities, manufacturers, pharmacists, pharmacies, doctors, dentists, nurses, clinics, drug dealers, drug traffickers, or drug trafficking organizations.  For each effort, identify the amount of expenditures, if any, that You recovered.**

**ANSWER**:  None other than the parties identified in the *Third Amended Complaint* (Doc.

#2595) (Filed: 09/12/2019).  We have recovered nothing…yet.

**CABELL COUNTY COMMISSION**
**By Counsel**


/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr. (W.Va. Bar ID 7443)
GREENE, KETCHUM, FARRELL, BAILEY &TWEEL
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
800.479.0053 or 304.525.9115
304.529.3284: fax
paul@greeneketchum.com


and

Michael A. Woelfel (W.Va. Bar ID 4106)
WOELFEL AND WOELFEL, LLP
801 Eighth Street
Huntington, West Virginia 25701
304.522.6249
304.522.9282: fax
mikewoelfel3@gmail.com

*Counsel for Cabell County Commission*

# VERIFICATION

STATE OF WEST VIRGINIA;

COUNTY OF CABELL, TO-WIT:


**BETH THOMPSON,** County Administrator for the CABELL COUNTY COMMISSION, being first duly sworn, on her oath deposes and says that she has read the foregoing *"Amended Answers of Plaintiff Cabell County Commission to Distributor Defendants' First Set of Interrogatories to Plaintiffs"* and that the facts contained therein, and each of them, are, to her knowledge, true and correct, except for such facts which are based upon information and belief, and that with respect to such facts, she is informed and believes the same to be true and correct.


Beth Thompson, County Administrator
CABELL COUNTY COMMISSION


Taken, sworn to and subscribed before me, a Notary Public, in and for the County and State aforesaid, this 12th day of December, 2019.

My Commission Expires: July 15, 2020 .


Notary Public

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Sandra K. Davis
Cabell County Commission
750 5th Avenue Ste. 300
Huntington, WV 25701
My Commission Expires on July 15, 2020

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2019 a copy of the foregoing was served via email to the following, pursuant to the Order Concerning Service of Discovery in Track One Cases (MDL Dkt. 983):

All defendants listserv: xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

All plaintiffs listserv:  mdl2804discovery@motleyrice.com

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr. (W.Va. Bar ID 7443)
GREENE, KETCHUM, FARRELL,
  BAILEY & TWEEL, LLP
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
800.479.0053 or 304.525.9115
304.529.3284: fax
paul@greeneketchum.com