IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **In re: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |
| | Case No. 1:17-md-2804 |
| **THIS DOCUMENT RELATES TO:** ***"Case Track Two"*** | Judge Dan Aaron Polster |

**PLAINTIFF CITY OF HUNTINGTON, WEST VIRGINIA
RESPONSES AND OBJECTIONS TO
<u>DISTRIBUTOR DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Case Management

Order in *In re National Prescription Opiate Litigation* (Dkt. No. 232 in No.:17-cv-2804), ESI

Protocol entered in this matter and Discovery Orders issued by this Court,, the City of Huntington,

West Virginia ("Plaintiff") hereby responds to Distributor Defendants'[1] First Set of Requests for

Production (the "Requests" and, each individually, a "Request"), as follows:

<u>OBJECTIONS</u>

Plaintiff objects to each Request to the extent that it seeks information that is proprietary

or confidential or that is protected from discovery as attorney work product and attorney-client

communication, information gathered or prepared in anticipation of litigation, the public interest

privilege, law enforcement privilege, public official privilege, and/or by any other privilege or

immunity from disclosure (collectively, "Privileged Information").  Plaintiff has not yet completed

---

[1] For purposes of these Responses, "Distributor Defendants" or "Distributors" refers to the following entities who served collective requests on October 25, 2019: AmerisourceBergen Drug Corporation, Cardinal Health, Inc., H.D. Smith Wholesale Drug Corporation, and McKesson Corporation.

its investigation of the facts relating to this action and has not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections consistent with further investigation and discovery and in the event that additional information becomes available. Plaintiff is willing to meet and confer regarding its responses to Defendants' Requests. Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this action or any other action. Plaintiff anticipates that it will produce materials responsive to these RFPs, as limited by its objections, on a rolling basis, on a schedule to be agreed upon by the Parties or ordered by the Court.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

<u>**RFP No. 1:**</u>

All documents that describe, refer, or relate to the volumes of Prescription Opioids and/or other opioids prescribed, dispensed, sold, distributed, diverted, and/or used within Your geographical boundaries.

<u>**Response to RFP No. 1:**</u>

Plaintiff objects to this Request as vague, overly broad and unduly burdensome to the extent it requests "all" Subject documents. Plaintiff further objects to this Request to the extent it seeks information that is already in Defendants' possession or available from public or third-party sources and thus imposes an undue burden and unnecessary expense on Plaintiff. Subject to and without waiving its objections, Plaintiff will conduct a reasonable and diligent search for and will

produce any non-privileged documents and communications responsive to this Request. Additionally, Plaintiff directs Defendants to the City of Huntington and Cabell County's production of ARCOS data in accordance with the Court's Discovery Ruling No. 12 in CT1.

**RFP No. 2:**

All documents that identify, refer, or relate to any alleged Suspicious Orders placed by or shipped to any Person within Your geographic boundaries and/or to which you attribute any injury that You claim to have suffered.

**Response to RFP No. 2:**

Plaintiff objects to this Request as premature and overly broad.  Plaintiff further objects to this Request because it seeks information that is already in Defendants' possession or available from public or third-party sources, and thus imposes an undue burden and unnecessary expense on Plaintiff. Plaintiff also objects to this Request to the extent that it calls for disclosure of Privileged Information. Subject to and without waiving all objections, Plaintiff will conduct a reasonable and diligent search for and will produce any non-privileged documents and communications responsive to this Request.  Additionally, Plaintiff directs Defendants to the City of Huntington and Cabell County's production of ARCOS data in accordance with the Court's Discovery Ruling No. 12 in CT1.

**RFP No. 3:**

All documents that explain, calculate, speculate about, discuss, estimate, reflect, or reference the maximum number of pills or other dosage units of Prescription Opioids that You believe, suspect, or contend could or should properly have been distributed for legitimate medical purposes during the Timeframe.

**Response to RFP No. 3:**

Plaintiff objects to this Request as vague, overly broad, and ambiguous as to "explain, calculate, speculate about, discuss, estimate, reflect, or reference," and the "maximum number of pills." Plaintiff also objects to this Request to the extent the term "legitimate medical purposes" is vague and ambiguous.

Subject to and without waving its objections, Plaintiff states that it is not aware of any documents responsive to this Request. Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections consistent with further investigation and discovery and in the event that additional information becomes available.

**RFP No. 4:**

All documents that identify, reflect, estimate, discuss, refer, or relate to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids, or the use, possession, sale, distribution, or addiction to other opioids.

**Response to RFP No. 4:**

Plaintiff objects to this Request as vague, overly broad and unduly burdensome to the extent it requests "all" Subject documents. Plaintiff further objects to this Request to the extent that it calls for disclosure of Privileged and Confidential Information. Subject to and without waving its objections, Plaintiff will produce non-privileged documents in its possession responsive to this Request that it has identified based upon preliminary searches and will continue to produce documents on a rolling basis that can be located after a reasonable and diligent search based on mutually agreed upon search terms.

**RFP No. 5:**

All documents that relate to, reflect, estimate, or discuss diversion of Prescription Opioids, or dispensing of Prescription Opioids for other than legitimate medical purposes, including, but not limited to, documents identifying Persons involved in such diversion or dispensing.

**Response to RFP No. 5:**

Plaintiff objects to the term "legitimate medical purposes" as undefined and subject to varying interpretations. Plaintiff further objects to the extent that this Request seeks information already in the possession, custody, and control of the Distributor Defendants and/or third-parties. Plaintiff also objects to this Request to the extent it seeks Privileged Information. Plaintiff incorporates by reference its Response to Distributor Defendants' Interrogatory Request No. 7.

Subject to and without waiving its objections, to the extent this Request seeks information such as opioid-related arrests within Plaintiff's jurisdiction and/or public information on healthcare providers involved in criminal activity involving opioids, Plaintiff will produce responsive, non-privileged documents and communications that can be located after a reasonable and diligent search and will continue to produce documents on a rolling basis subject to mutually agreed upon search terms.

**RFP No. 6:**

All documents relating to any alleged violation of state or federal law or regulation, or any other wrongful conduct by any pharmacy, medical doctor, dentist, nurse, physician assistant, pharmacist, pharmacy technician, other healthcare provider, pharmaceutical manufacturer, pharmaceutical distributor, or other Person relating to Prescription Opioids.

**Response to RFP No. 6:**

Plaintiff objects to this Request as vague and unduly burdensome to the extent it requests "all" documents "relating to any alleged violation." Plaintiff further objects to this Request to the extent that it seeks documents outside of Plaintiff's custody or control. Plaintiff also objects to this Request to the extent that it calls for disclosure of Privileged Information.

Subject to and without waiving its objections, Plaintiff will produce responsive, non-privileged documents relating to healthcare providers, pharmaceutical distributors and/or other Persons alleged to have violated state and federal law or regulation and pertaining to Prescription Opioids that can be located after a reasonable and diligent search and will continue to produce such documents on a rolling basis subject to mutually agreed upon search terms.

**RFP No. 7:**

All documents relating to any law enforcement or administrative investigations, prosecutions, and/or enforcement actions relating to opioids (whether Prescription Opioids or otherwise) within or affecting Your geographical area during the Timeframe.

**Response to RFP No. 7:**

Plaintiff objects to this Request to the extent that it seeks documents outside of Plaintiff's custody or control and/or documents in the possession, custody, or control of third-parties. Plaintiff further objects to this Request to the extent that it calls for disclosure of Privileged Information.

Subject to and without waiving its objections, Plaintiff will produce non-privileged documents in its possession that can be located after conducting reasonable searches, including communications from the Huntington Police Department and documents from the Huntington

Police Department's Zuercher Database regarding law enforcement and administrative investigations, prosecutions, and enforcement actions relating to opioids.

**RFP No. 8:**

All documents referring or relating to individuals or entities whose conduct relating to Prescription Opioids You believe, suspect, or contend caused You harm, including but not limited to the individuals listed in Plaintiffs' (First) Combined Discovery Request to Dispensers No. 8 and Plaintiffs' (First) Combined Discovery Request to Distributors No. 7.

**Response to RFP No. 8:**

Plaintiff objects to this Request as overly broad and a premature contention Request to the extent that it requires Plaintiffs to identify "all" documents relating to "all" individuals or entities whose conduct relating to Prescription Opioids caused Plaintiff harm.  Plaintiff also objects to the extent that this Request seeks document already within Defendants' control and/or in the control of other third parties.  Plaintiff further objects to this Request to the extent that it seeks Privileged Information.

Subject to and without waving its objections, Plaintiff will produce non-privileged documents that can be located after a reasonable and diligent search based on mutually agreed upon search terms, including any documents relating to the individuals and entities identified in Interrogatory No. 8 and listed in Plaintiffs' (First) Combined Discovery Requests to Dispensers No. 8 and Plaintiffs' (First) Combined Discovery Requests to Distributors No. 7.

**RFP No. 9:**

All documents relating to the West Virginia Controlled Substance Automated Prescription Program ("CSAPP") during the Timeframe, including all documents relating to the design, purpose, and use of CSAPP, any use You have made of CSAPP, actions You took, attempted to take, or considered taking, based on information You received from CSAPP, and all documents containing or discussing Your policies and procedures related to CSAPP.

**Response to RFP No. 9:**

Plaintiff objects to this Request to the extent it seeks documents in the possession, custody, or control of third-parties. Plaintiff further objects to the Request to the extent that it seeks Privileged Information.

Subject to and without waving its objections, Plaintiff will produce non-privileged documents in its possession relating to CSAPP that can be located after a reasonable and diligent search based on mutually agreed upon search terms.

**RFP No. 10:**

All documents comprising or supporting Your annual and periodic budgets and financial statements, including (without limitation), the following for You and for each of Your departments, agencies, and other constituent entities that have incurred costs for which You seek damages or other relief: annual budgets; annual financial and statistical reports; accounting detail and underlying database entries for revenues and expenditures; documents reflecting headcounts, salaries, benefits, and overtime for employees; documents reflecting revenues and revenue sources; grant documents (including grant applications, reports, and tracking documents); budget requests and worksheets from Your departments, agencies, and other constituent entities; and

contracts and agreements for the provision of products or services for which You seek recovery. Your production should include any data dictionaries for any produced structured data.

**Response to RFP No. 10:**

Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it requests "all" Subject documents.

Subject to and without waiving its objections, Plaintiff will produce non-privileged documents responsive to this Request that can be located after a reasonable and diligent search, including documents reflecting the City of Huntington's budget, proposed budget, revenue, expenditures and other related financial documents.

Plaintiff will also produce documents reflecting statements and reports regarding the total amount of grant funding received by the City of Huntington to address the opioid epidemic and, to the extent such documents exist and are within Plaintiff's possession, documents evidencing the amount of grants to individual City departments/divisions to address the same.  Plaintiff will also produce documents reflecting grants Plaintiff sought in an effort to abate the opioid crisis.

**RFP. No. 11:**

All documents that describe, refer, evidence, or relate to any cost, expenditure, damage, loss, or harm for which You seek equitable or monetary relief, including any analysis or computation of the amount of such cost, expenditure, damage, loss, or harm, and/or to the inputs into any such analysis or computation.

**Response to RFP No. 11:**

Plaintiff objects to the extent that this Request seeks information relating to damages other than Plaintiff's claim for abatement and punitive damages.  Plaintiff further objects that this Request is premature as Plaintiff's investigation of its damages caused by the Defendants is ongoing.

Subject to and without waiving its objections, Plaintiff responds that, to the extent such documents exist, it will produce non-privileged, responsive documents from the City of Huntington's Finance Division's New World Database.  Plaintiff further incorporates by reference its response to Defendants' Request No. 10.

**RFP No. 12:**

All documents relating to any transactions during the Timeframe between You and any manufacturer, distributor, or dispenser of Prescription Opioids regarding Prescription Opioids, including documents relating to transactions involving any hospitals, health care providers, pharmacies, or other medical facilities owned, operated, supported by, or affiliated with You, including any public health care systems or facilities.

**Response to RFP No. 12:**

Plaintiff objects to this Request as irrelevant to the claims and defenses in this case. Plaintiff also objects to this Request to the extent it seeks documents in the possession, custody, or control of third-parties. Plaintiff further objects to the Request to the extent that it seeks Privileged Information.

Subject to and without waiving all objections, Plaintiff responds that it does not believe it has any documents responsive to this Request.  Plaintiff reserves the right to supplement or revise this Response consistent with further investigation and discovery and in the event that any responsive documents or communications are identified.

**RFP No. 13:**

All documents relating to the prescription or dispensing of Prescription Opioids during the Timeframe by any physician, pharmacist, or other health care provider who was employed by You or who practiced at a facility owned, affiliated, operated or supported by or with You, including any public health care systems or facilities.

**Response to RFP No. 13:**

Plaintiff objects to this Request to the extent that it seeks Privileged Information.  Subject to and without waiving its objections, Plaintiff responds that it does not believe it has any documents responsive to this Request in its possession.  Plaintiff reserves the right to supplement or revise this Response consistent with further investigation and discovery and in the event that any responsive documents or communications are identified.

**RFP No. 14:**

All documents relating to the legitimate need for and/or use of Prescription Opioids.

**Response to RFP No. 14:**

Plaintiff objects to this Request as vague and objects to the term "legitimate need" as undefined and subject to varying interpretations.  Plaintiff further objects to the Request to the extent that it seeks Privileged Information.  Subject to and without waiving its objections, Plaintiff responds that it does not believe it has any documents responsive to this Request.  Plaintiff reserves

the right to supplement or revise this Response consistent with further investigation and discovery and in the event that any responsive documents or communications are identified.

**RFP No. 15:**

All documents referring or relating to Your expenditures or proposed expenditures relating to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, sale, distribution, or addiction to other opioids, including documents relating to emergency assistance, treatment, or healthcare costs paid by You or by fully or partially-funded medical insurance plans and workers' compensation programs.

**Response to RFP No. 15:**

Plaintiff objects to this Request as vague, overly broad and unduly burdensome to the extent it requests "all" documents "referring to" or "relating to" Plaintiff's opioid expenditures. Plaintiff further objects to the extent this Request seeks Privileged Information.  To the extent the Request seeks healthcare costs paid by the Plaintiff, Plaintiff objects that the burden of responding to this Request is not proportional to the needs of the case considering: (i) the marginal importance of the materials to the claims and defenses in this litigation, and (ii) the substantial cost to produce responsive materials. The materials have no relevance to the claims and legal theories at issue in this litigation. Plaintiff is not claiming any damages on behalf of any individual or group of individuals who were harmed by Defendants' conduct, and the claims asserted by Plaintiff do not require a showing that any third-party individuals were harmed. Moreover, producing such information would cause substantial harm to the strong privacy interests held by the individuals whose private medical files are the subject of this Request. Plaintiff objects to the extent this Request calls for information protected by applicable privacy laws.

Subject to and without waiving all objections, Plaintiff will conduct a reasonable and diligent search for and will produce all non-privileged documents and communications that are sufficient to identify, describe and quantify the monetary and other relief Plaintiff seeks in this case including documents reflecting Plaintiffs' budgets, as well as opioid-related grant applications.

**RFP No. 16:**

All documents that state, discuss, reflect, or suggest recommendations for programs, initiatives, or actions to be taken by You, any agency of the State of West Virginia, or any agency of the federal government (or any programs sponsored or funded by any such entity) to prevent, interdict, redress, treat, or otherwise ameliorate wrongful importation or distribution, abuse, misuse of, or addiction to, opioids.

**Response to RFP No. 16:**

Plaintiff objects to the terms "misuse" and "abuse" as undefined and subject to varying interpretations. Plaintiff further objects to the Request to the extent it calls for documents outside its possession, custody, or control, namely documents held by the State of West Virginia and any agency of the federal government. Plaintiff also objects to this Request to the extent it seeks Privileged Information.

Plaintiff responds discovery is ongoing and this information will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with the Case Management Order and the Federal Rules of Civil Procedure.

Subject to and without waving all objections, Plaintiff will produce all non-privileged documents that can be located after a reasonable and diligent search based on mutually agreed

upon search terms, including documents relating to the City of Huntington's Safety Town Curriculum, the Strategic Plan of the Mayor's Office of Drug Control Policy, and the 2017 Two-Year Strategic Plan for Addressing the Opioid Crisis in the City of Huntington, Cabell, and Wayne Counties.

**RFP No. 17:**

All documents that describe, analyze, or refer to the impact on Your community of the use and abuse of opioids, including but not limited to any harm suffered by any and all individuals residing within Your geographical boundaries that are, or have been, attributed in whole or in part to the abuse, use, or misuse of Prescription Opioids, or the abuse, use, or misuse of other opioids.

**Response to RFP No. 17:**

Plaintiff objects to this Request as vague, overly broad, and unduly burdensome to the extent it requests "all" documents that describe, analyze, or refer to the impact on Plaintiff's community. Plaintiff is not claiming any damages on behalf of any individual who was harmed by Defendants' conduct. Plaintiff objects to the extent this Request calls for information protected by applicable privacy laws. Plaintiff further objects to the extent this Request seeks Privileged and/or Confidential Information.

Subject to and without waving all objections, Plaintiff will produce all non-privileged documents that can be located after a reasonable and diligent search including the 2017 Two-Year Strategic Plan for Addressing the Opioid Crisis in the City of Huntington and Cabell and Wayne Counties, West Virginia; the 2015 Strategic Plan Mayor's Office of Drug Control Policy; and the 2016 Opioid Overdose Outbreak Report. Plaintiff also incorporates by reference its Response to Defendant's Interrogatory Request No. 10.

**RFP No. 18:**

All documents relating to Your efforts to recover expenditures related to Prescription Opioid addiction, misuse, abuse, or overdose in Your geographic boundaries from any Person, including (without limitation) insurers, government entities, manufacturers, pharmacists, pharmacies, doctors, dentists, nurses, clinics, drug dealers, drug traffickers, or drug trafficking organizations.

**Response to RFP No. 18:**

Plaintiff objects to this Request as vague, ambiguous, and creating a burden not proportional to the needs of the case. Plaintiff further objects to the following language as overly broad: "any Person, including (without limitation) insurers, government entities, manufacturers, pharmacists, pharmacies, doctors, dentists, nurses, clinics, drug dealers, drug traffickers, or drug trafficking organizations." Plaintiff also objects to the terms "misuse" and "abuse" as undefined and subject to varying interpretations. Plaintiff is not seeking to recover reimbursement for opioid prescriptions paid based on the allegation that they were medically unnecessary or medically inappropriate, instead intending to seek abatement of the public nuisance and punitive damages in this case. Plaintiff therefore objects to this Request to the extent it seeks documents not relevant to the claims or defenses in this Action. Plaintiff further objects to this Request to the extent it seeks Confidential Information and/or Privileged Information. Plaintiff also objects to this Request to the extent it seeks documents in the possession, custody, or control of third-parties. Plaintiff also directs Defendants to its Response to Interrogatory No. 11. Subject to and without waving all objections, Plaintiff will produce all non-privileged documents that can be located after a reasonable and diligent search.

**RFP No. 19:**

All documents constituting or related to any communications between You, or anyone acting on Your behalf, and any federal, state, or local official or agency (including, but not limited to, the DEA, the Federal Bureau of Investigation, a United States Attorney or representative thereof, the West Virginia Department of Health and Human Resources or its constituent providers, the West Virginia Department of Military Affairs and Public Safety, CSAPP, the West Virginia Board of Pharmacy, the West Virginia Board of Medicine, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia Board of Examiners for Licensed Practical Nurses, the West Virginia Board of Examiners for Registered Professional Nurses, the West Virginia Office of the Chief Medical Examiner, other cities, counties or agencies of the State of West Virginia, or any city, county, or agency of any other State), insurer, third-party payer, or pharmacy benefit manager that refer or relate to Suspicious Orders, diversion, improper or excessive dispensing, improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids.

**Response to RFP No. 19:**

Plaintiff objects to this Request as vague, overly broad and unduly burdensome to the extent it requests "all documents constituting or related to any communications between" the Plaintiff and the identified law enforcement agencies. Plaintiff further objects to this Request to the extent that it calls for disclosure of Privileged Information.

Subject to and without waiving its objections, Plaintiff will conduct a reasonable and diligent search for and will produce any non-privileged documents and communications responsive to this request based on mutually agreed upon search terms and custodians.

**RFP No. 20:**

All documents constituting or relating to any communication or transaction between You and Your insurers, workers' compensation providers, or Medicare/Medicaid, and all agents and employees thereof, relating to Prescription Opioids.

**Response to RFP No. 20:**

Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it requests "all" documents relating to "any" communication or transaction. Plaintiff also objects on relevancy grounds in that this Request seeks documents that are not relevant to the claims and defenses in this Action. Plaintiff is not seeking to recover reimbursement for opioid prescriptions paid based on the allegation that they were medically unnecessary or medically inappropriate. Plaintiff further objects to this Request to the extent it seeks Confidential Information and/or Privileged Information.

Subject to and without waving all objections, Plaintiff will produce all non-privileged documents and communications relating to Prescription Opioids that can be located after a reasonable and diligent search based on mutually agreed upon search terms and custodians.

**RFP No. 21:**

All documents constituting or relating to any communication or transaction with any manufacturer, distributor, or dispenser of Prescription Opioids.

**Response to RFP No. 21:**

Plaintiff objects to this Request to the extent it requests Plaintiff's communications with any manufacturer, distributor, or dispenser of Prescription Opioids to the extent such information is already in Defendants' possession, and thus imposes an undue burden and unnecessary expense on Plaintiff to re-produce Defendants' materials back to Defendants.  Plaintiff further objects on relevancy grounds to the extent that this Request seeks documents relating to communications or transactions unrelated to Prescription Opioids and/or the claims or defenses in this case.

Subject to and without waiving its objections, Plaintiff will produce all non-privileged documents and communications relating to Prescription Opioids that can be located after a reasonable and diligent search based on mutually agreed upon search terms and custodians.

**RFP No. 22:**

All documents that refer or relate to Your awareness or analysis of, or meetings, presentations, or proposals involving, the abuse, use, misuse, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids.

**Response to RFP No. 22:**

Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it requests "all" Subject documents and vague to the extent that it seeks documents relating to Plaintiff's "awareness" and state of mind.  Plaintiff further objects to this Request to the extent it seeks Privileged Information. Plaintiff also objects to this Request to the extent it seeks documents in the possession, custody, or control of third-parties.  Subject to and without waiving its objections, Plaintiff will conduct a reasonable and diligent search for and will produce any non-privileged documents and communications reflecting meetings, presentations or proposals

relating to Prescription Opioids and the opioid epidemic responsive to this request that can be identified through a reasonable and diligent search based on mutually agreed upon search terms and custodians.

**RFP No. 23:**

All minutes, agendas, notes and other records, including audio and/or visual recordings, of or from any public or non-public meeting concerning public health, public safety, Prescription Opioids, or Your budgets.

**Response to RFP No. 23:**

Plaintiff objects to this Request as vague and ambiguous with terms subject to varying interpretation including "other records," "any public or non-public meeting," "concerning public health" or "public safety." Plaintiff also objects to this Request to the extent documents concerning "public health" and "public safety" are overly broad and not relevant to the claims and defenses in this Action. Plaintiff further objects to this Request to the extent it seeks Privileged Information. Subject to and without waving its objections, Plaintiff will produce all non-privileged documents that can be located after a reasonable and diligent search.

**RFP No. 24:**

All documents identified or relied upon in Your responses to Distributor Defendants' First Set of Interrogatories to Plaintiffs.

**Response to RFP No. 24:**

Plaintiff will produce all documents identified or relied upon in its Responses to Distributors Defendants' First Set of Interrogatories.

**RFP No. 25:**

All documents that You intend to rely upon in support of Your claims or that You intend to show any judge, jury, or witness for any reason (including but not limited to impeachment).

**Response to RFP No. 25:**

Plaintiff objects to this Request as vague, overly broad and unduly burdensome to the extent it requests "all" documents that Plaintiff intends to rely upon in support of Plaintiff's claims. This Request seeks contention discovery more appropriately answered once discovery is complete. *See* Fed. R. Civ. P. 33(a)(2). Discovery is ongoing and this information will be the subject of Plaintiffs' fully-supported and detailed expert witness opinion(s), as well as exhibit lists, that will be disclosed in accordance with the Case Management Order and the Federal Rules of Civil Procedure.  Subject to these objections, Plaintiff will produce documents relied upon/referenced in its Joint Third Amended Complaint, Dkt. No. 2595 ("TAC").

Dated December 3, 2019                    Respectfully submitted,

                                          THE CITY OF HUNTINGTON

                                          /s/ *Anne McGinness Kearse*
                                          Anne McGinness Kearse (WVSB No. 12547)
                                          Joseph F. Rice
                                          Michael E. Elsner
                                          **MOTLEY RICE LLC**
                                          28 Bridgeside Blvd.
                                          Mount Pleasant, SC 29464
                                          Tel:  843-216-9000
                                          Fax:  843-216-9450
                                          akearse@motleyrice.com
                                          jrice@motleyrice.com
                                          melsner@motleyrice.com

Linda Singer
David I. Ackerman
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel:  202-232-5504
Fax:  202-386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com


Charles R. "Rusty" Webb (WVSB No. 4782)
**THE WEBB LAW CENTRE, PLLC**
716 Lee Street, East
Charleston, West Virginia  25301
Telephone: (304) 344-9322
Facsimile: (304) 344-1157
rusty@rustywebb.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 3, 2019, the foregoing has been served via email only to defense counsel at xALLDEFENDANTS-MDL2804-Service@arnoldporter.com, to plaintiffs counsel at mdl2804discovery@motleyrice.com, and to the following Big 3 Distributors counsel and H. D. Smith:

*Attorneys for AmerisourceBergen Drug Corporation*

> *Via email to RNicholas@ReedSmith.com and SMcClure@ReedSmith.com*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103A
Phone: (215) 851-8100

*Attorneys for Cardinal Health, Inc.*

> *Via email to EMainigi@wc.com, spyser@wc.com, and jwicht@wc.com*
Enu Mainigi
Steven Pyser
Jennifer Wicht
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
202-434-5000

*Attorneys for McKesson Corporation*

> *Via email to drice@cov.com*
Dale A. Rice
**COVINGTON & BURLING LLP**
One Front Street
San Francisco, CA  94111-5356
415-591-7081

> *Via email to ghobart@cov.com and mlynch@cov.com*
Geoffrey Hobart
Mark H. Lynch
**COVINGTON & BURLING LLP**
One City Center
850 Tenth Street, NW
Washington, DC  20001
202-662-5281

*Via email to pschmidt@cov.com*
Paul W. Schmidt
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
212-841-1171

*Attorneys for H. D. Smith, LLC, formerly known as H. D. Smith Wholesale Drug Co.*

*Via email to wpadgett@btlaw.com and kmatsoukas@btlaw.com*
William E. Padgett
Kathleen L. Matsoukas
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 236-1313

Respectfully Submitted,

*/s/ Moniqúe Alycia Christenson*
Moniqúe Alycia Christenson
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
mchristenson@motleyrice.com