# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Laura Flahive Wu

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5982
lflahivewu@cov.com

**Via Electronic Mail**                                                   December 6, 2019

Anne McGinness Kearse
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
akearse@motleyrice.com

All Plaintiffs' Counsel
Mdl2804discovery@motleyrice.com

**Re:  Responses to the Distributor Defendants' First Sets of Interrogatories and RFPs in the Track 2 Cases**

Dear Counsel:

We write on behalf of defendants AmerisourceBergen, Cardinal, and McKesson to request a conference to discuss Plaintiff City of Huntington's recent responses to the Distributor Defendants' First Set of Interrogatories and First Requests for Production of Documents in the Track 2 cases.  We are continuing to review your responses and may have additional issues to raise in the future, but we want to begin discussions as soon as possible on certain issues that are immediately apparent.  Please let us know a day and time the week of December 9 when you would be available.

Listed below are the subjects on which we believe discussion is needed.

**Plaintiff City of Huntington's Interrogatory Responses**

<u>Preliminary Statement and Objections</u>.  The preliminary statement includes objections involving "Privileged Information" and, separately, "information that is proprietary or confidential."  We should discuss your definitions for each set of withheld information.

We should also discuss your objections based on vagueness or similar grounds to terms used in specific interrogatories.  For example, Plaintiff objects in its responses to ROGs and RFPs that the term "legitimate medical purpose" is undefined and subject to multiple interpretations.  If and to the extent there is genuine uncertainty about the meaning of a term that has affected the content of any answers, we should discuss appropriate agreed-upon definitions.

<u>Interrogatory No. 1</u>.  This interrogatory asked for identification of every person likely to have discoverable information, including those Plaintiff intends to rely on for summary

COVINGTON

Liaison Counsel for Plaintiffs
December 6, 2019
Page 2

judgment or trial.[1]  Plaintiff includes a list of some individuals, but also "reserves the right to rely on other individuals for testimony in any trial in this action."  Defendants are entitled to a list that includes all individuals that Plaintiff currently knows may be relied upon on summary judgment or at trial for factual testimony.

Interrogatory No. 2.  This interrogatory asked for identification of past or present departments and employees with knowledge regarding the wrongful abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids and/or other opioids.  Plaintiffs' response includes only one person for several departments, including the Finance Division, Legal Department, Fire Department, Human Resources, Purchasing Department, and Public Works Department.  Defendants are entitled to a complete listing of employees with the requested knowledge.

Interrogatory No. 3.  This interrogatory asked for the identification of individuals who hold, or have held, certain positions in the government of Plaintiff during each year of the Timeframe.  This information should be readily available to Plaintiff, yet the response here is incomplete.  Some positions are missing the time periods for each official.  Other positions are missing altogether.  Defendants are entitled to a complete listing of requested individuals and the time period of their term of office.

Interrogatory No. 4.  Plaintiff provided no substantive answer to this interrogatory, which simply asked each plaintiff to identify the "years" during which it claims each Distributor Defendant engaged in conduct for which damages are sought.  The response states first that this information will be provided in the future in an expert report, and second that every year each defendant distributed opioids is "relevant."  The interrogatory does not ask which years are "relevant," but rather which years each defendant engaged in conduct for which Plaintiff seeks relief.  This is fundamental information that defendants are clearly entitled to have now for purposes of fact discovery.

Interrogatory No. 5.  Plaintiff's answer to this interrogatory is also unresponsive to what is being asked.  Defendants did not ask for the date and manner of "each and every instance" of abuse that became known to Plaintiff, but only the date and manner in which it *first* became aware.  This is a straightforward question that is obviously important for statute of limitation defenses.

Interrogatory No. 6.  This interrogatory asked for the maximum number of Prescription Opioids that should have been distributed with the City of Huntington to meet legitimate medical needs, or in the alternative, the method and input information necessary to calculate such a number.  Plaintiff provided no substantive answer, apparently because it does not think it relevant.  That is not a legitimate basis for a failure to answer.  Unless Plaintiff is alleging that *any* distribution of Prescription Opioids is wrongful—which we do not understand

---

[1] For purposes of convenience, this letter summarizes or paraphrases many of the discovery requests that are discussed; such summarization or paraphrasing is not intended to supersede or otherwise limit any of the original requests.

**COVINGTON**

Liaison Counsel for Plaintiffs
December 6, 2019
Page 3

to be its position—the proper level of distribution is highly relevant.  Defendants are entitled to a substantive answer.

<u>Interrogatory No. 7</u>.  This interrogatory asked for the number of Prescription Opioids that were diverted or otherwise dispensed for other than legitimate purposes.  Instead of providing an answer, Plaintiff responded with claims about suspicious orders and shipments by distributors.  Number of pills diverted and number of suspicious orders are different metrics, and therefore Plaintiff's answer is unresponsive.

<u>Interrogatory No. 8</u>.  This interrogatory asked for each pharmacy, doctor, healthcare provider, or other drug retailer that diverted or wrongfully dispensed opioids.  In response, Plaintiff listed the National Pharmacy Defendants, one specific pharmacy, and three individual prescribers.  If you contend that the City of Huntington does not know the identities of any other individuals covered by this interrogatory, we will need to discuss the adequacy of Plaintiff's investigation in support of its response.

<u>Interrogatory No. 9</u>.  This interrogatory seeks information about investigations, arrests, or prosecutions within Plaintiff's jurisdiction.  Plaintiffs failed to answer this interrogatory at all, instead relying on a vague promise to provide the answer at some unspecified future time.  This is not acceptable.  This interrogatory seeks information that is available to the Plaintiff and requires no third-party investigation.  Defendants need this information now for purposes of further investigation and discovery.

<u>Interrogatory No. 10</u>.  This interrogatory requests information about the efforts Plaintiff has taken to address public health and safety hazards that it attributes to defendants' alleged wrongful conduct.  Defendants are plainly entitled to this information, which goes to the heart of plaintiffs' damages claims, but the answer is on its face incomplete.  Although lengthy, the response is missing crucial information.  No answer is provided to the portion of this interrogatory seeking information on the "amount of tax dollars" expended on the efforts provided, and very little is provided on outside sources of funding.  The response mentions "2 grants for over $1m for a 3 year program" without naming those grants, and mentions the "Bloomberg Mayor's Challenge Grant" without providing a dollar amount.  This information is fully within plaintiffs' control and should be provided now.

<u>Interrogatory No. 11</u>.  Similar to Plaintiff's response to Interrogatory No. 9, this response is conspicuously missing information regarding criminal proceedings.  Plaintiff objects that terms like "drug dealers" are vague.  We should discuss this objection and the accompanying privilege claims.  This information is squarely within the control of Plaintiff, and Defendants need it immediately.

### Plaintiff City of Huntington's Responses to RFPs

<u>Recurring Objections</u>.  As with the interrogatories, we should discuss specific objections (such as objections to terms) insofar as they may have a material impact on plaintiffs' production.  Several objections are common to multiple responses, including the following:

**COVINGTON**

Liaison Counsel for Plaintiffs
December 6, 2019
Page 4

- In some responses, Plaintiff objects to producing "all" documents responsive to a request, but nonetheless agree to produce "any" responsive documents. *See* RFP Nos. 1, 4, 6, 8, 10, 15, 17, 19, 20, 22, and 25. It is unclear to us whether this reflects any actually narrowing of the planned production beyond what has been requested.

- In some responses, Plaintiff objects that the requested information is already in Defendants' possession or available from public or third-party sources. *See* RFP Nos. 1, 2, 5, 7, 8, 9, 12, 18, 21, and 22. It is not proper to decline to produce documents because of a belief the opposing party should already have them, or that they can be obtained from some other source.

- In some responses, as in the ROG responses, Plaintiff objects that certain terms are vague, ambiguous, or undefined. *See* RFP Nos. 3, 5, 14, 16, 18, and 23. If and to the extent there is genuine uncertainty about the meaning of a term that has affected the content of any answers, we should discuss appropriate agreed-upon definitions so that appropriate productions can be made.

- In some responses, Plaintiff objects on relevancy grounds. *See* RFP Nos. 11, 12, 18, 20, 21, and 23. Withholding documents on this basis is inappropriate at this stage of discovery. If you believe that one of our requests is overly burdensome compared to its relevance, we should discuss.

- To the extent responses incorporate Plaintiff's ROG responses, please see our corresponding concerns above.

Withholding of "Proprietary or Confidential" Information. Relatedly, Plaintiff asserts a general objection to producing undefined "information that is proprietary or confidential." Specific RFPs also include objections to the production of "Confidential Information." *See* RFP Nos. 4, 17, 18, and 20. We do not regard this as an appropriate basis to withhold responsive documents, as any concerns plaintiffs have about confidentiality should be addressed by designation under the Protective Order. If you believe there are exceptions to this, we should discuss that contention.

RFP Nos. 3, 12, 13, and 14. These three requests seek, respectively, (i) documents discussing the maximum number of Prescription Opioid pills that should properly have been distributed for legitimate medical purposes; (ii) documents related to any transaction between Plaintiff and any manufacturer, distributor, or dispenser of Prescription Opioids involving medical facilities or public health systems affiliated with Plaintiff; (iii) documents related to prescription or dispensing of Prescription Opioids by health care providers affiliated with Plaintiff; and (iv) documents related to the legitimate need for or use of Prescription Opioids.

Plaintiff's responds to each of these requests that it does not believe it has, or is unaware of, any responsive documents. We would like to discuss the level and methods of investigation for these responses, and whether resolution of any other objection will lead to additional documents.

COVINGTON

Liaison Counsel for Plaintiffs
December 6, 2019
Page 5

<u>RFP No. 5</u>.  This Request seeks documents that discuss diversion of Prescription Opioids or dispensing of Prescription Opioids for other than legitimate medical purposes.  The parties apparently agree that "opioid-related arrests within Plaintiff's jurisdiction and/or public information on healthcare providers involved in criminal activity involving opioids" are responsive and should be produced, but this Request is broader than that.

<u>RFP No. 6.</u>  This Request seeks documents related to violations of state or federal law or regulation, *or any other wrongful conduct* by certain entities and groups of individuals.  Plaintiff's production should not be limited only to documents related to those "alleged to have violated state and federal law or regulation."

<u>RFP No. 11</u>.  This Request seeks documents related to costs for which Plaintiff seeks monetary relief.  Plaintiff's production should not be limited only to documents "from the City of Huntington's Finance Division's New World Database."

<u>RFP No. 15</u>.  This Request seeks documents relating to plaintiffs' expenditures relating to the "abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion" of opioids, including "documents related to healthcare costs paid by plaintiffs or by fully or partially-funded medical insurance plans and workers' compensation programs."

Plaintiffs do not appear to be objecting to the production of documents bearing on any opioid-related, *non-*healthcare costs they have incurred.  But we are puzzled by plaintiffs' objection that producing documents about their healthcare costs is "not proportional to the needs of the case" considering "the marginal importance of the materials to the claims and defenses in this litigation."  As we understand it, the opioid-related healthcare costs that plaintiffs have allegedly incurred as a result of the conduct they are challenging in this litigation is among of the categories of damages they are seeking.  If this understanding is incorrect, we may be able to resolve this issue by stipulation.  Otherwise, however, documents responsive to this request are clearly discoverable.  That said, if you believe this request encompasses some category of documents that is truly irrelevant to this litigation, we will be happy to discuss the matter.

Finally, we note that plaintiffs agreed to produce documents "sufficient to identify, describe and quantify the monetary and other relief Plaintiff seeks in this case."  Such documents should certainly be produced in response to this request, but more is required.

<u>RFP Nos. 18 and 20</u>.  These requests seek, among other things, certain communications with third party payers.  Plaintiff objects that these documents are irrelevant because they are not seeking to recover reimbursement from defendants for Prescription Opioids based on whether those prescriptions were medically necessary.  Even so, communications between Plaintiff and third party payers, who play an important role in making Prescription Opioids available to patients, are relevant for other reasons.

<u>RFP No. 21</u>.  This Request seeks documents related to communications and transactions between plaintiffs and the Distributor Defendants.  To the extent plaintiffs intend to withhold responsive documents because they believe those documents are already in the defendants' possession, please be prepared to identify those documents.  While we certainly

**COVINGTON**

Liaison Counsel for Plaintiffs
December 6, 2019
Page 6

agree that plaintiffs do not need to "re-produce" documents our clients produce in this litigation back to us, it is otherwise not proper, as discussed above, to decline to produce documents because of a belief the opposing party should already have them.

<u>RFP No. 25</u>.  This Request seeks documents Plaintiff intends to rely upon in support of its claims or that it intends to show any judge, jury, or witness for any reason. Plaintiff's promise to produce the documents referenced in its Joint Third Amended Complaints is plainly insufficient.  We are obviously not asking for an exhibit list, but it strains imagination that Plaintiff has not—as of this moment—identified any additional documents for use in support of its claims.

Sincerely,

/s/ Laura Flahive Wu

Laura Flahive Wu