MotleyRice®
ATTORNEYS AT LAW
www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**Anne McGinness Kearse**
*Licensed in DC, SC, WV*
direct:  843.216.9140
akearse@motleyrice.com

December 12, 2019

## VIA ELECTRONIC MAIL

*Via email to xALLDEFENDANTS-MDL2804-Service@arnoldporter.com*
All Defense Counsel

*Via email to lflahivewu@cov.com*
Laura Flahive Wu
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001

RE:     *In Re National Prescription Opioid Litigation*, Case No. 17-md-2804
        *Cabell County Commission and City Of Huntington v. Purdue Pharma L.P., et al.*,
        Case Nos. 17-op-45053-DAP and 17-op-45054
        Response to December 6, 2019 Letter from the Distributor Defendants' First Sets of
            Interrogatories and RFPs in the Track 2 Cases

Dear Counsel:

Plaintiff, the City of Huntington, is in receipt of your December 6, 2019 letter concerning Plaintiff's responses to Distributor Defendants' First Set of Interrogatories and First Requests for Production of Documents.

The Federal Rules of Civil Procedure require the parties to make a good faith effort to cooperate in discovery.  This collaborative approach "also reflects a duty owed to the court system and the litigation process."  *Brown v. Tellermate Holdings Ltd.*, No. 2:11-CV-1122, 2014 WL 2987051, at *16 (S.D. Ohio July 1, 2014), *adopted as modified*, No. 2:11-CV-1122, 2015 WL 4742686 (S.D. Ohio Aug. 11, 2015).  Defendants' letter fails to comport with the spirit of these rules.  Instead, Defendants' letter makes a conclusory statement that each of Plaintiff's responses is insufficient, the information sought by Defendants is relevant, Plaintiff's objections are invalid, and that the discovery sought is appropriate.  Moreover, as noted by the Cabell County Commission in their December 10, 2019 letter response to Distributor Defendants, Defendants' deficiency notice is significantly more substantive than Defendants' responses to Plaintiffs' discovery.  That fact alone speaks volumes.

Nevertheless, in a good faith effort to narrow any potential disputes relating to Plaintiff's Responses to Distributor Defendants' Interrogatories and First Requests for Production, Plaintiff addresses the issues raised in Defendants' December 6, 2019 correspondence as follows:



Letter from Anne Kearse
December 12, 2019
Re:    Response to December 6, 2019 Letter from the Distributor Defendants' First Sets of
Interrogatories and RFPs in the Track 2 Cases
Page 2

**Issues Pertaining to Plaintiff City of Huntington's Interrogatory Responses:**

> **Preliminary Statement and Objections:** Plaintiff is amenable to discussing its definitions for privileged and/or confidential information, as well as any uncertainty relating to undefined terms.

1. **Interrogatory No. 1:** In response to this overbroad interrogatory which asks for "every Person likely to have discoverable information related to your claims," including those Plaintiff intends to rely on for summary judgment or trial.  Plaintiff provided an eight-page list of individuals and related employment. Plaintiff maintains its right to rely on any appropriate individuals for their testimony in this action and will continue to supplement this list as those individuals are identified. Plaintiff further maintains that this Interrogatory effectively asks Plaintiff to provide a witness list at the very outset of discovery.  There is no rule that requires Plaintiff to provide this information at this time.  *See, e.g., Meadows v. Uniglobe Courier Serv. Inc.*, No. 5:08CV2530, 2009 WL 10719820, at *2 (N.D. Ohio July 29, 2009) (denying motion to compel identification of all lay and expert witnesses as premature).

2. **Interrogatory No. 2**. Plaintiff will continue to identify individuals with knowledge and will supplement its Response accordingly on an ongoing basis.

3. **Interrogatory No. 3**. Plaintiff will continue to identify and supplement appropriate individuals and time frames in addition to the list provided. As Plaintiff stated in its response, to the extent all positions and identities are not noted, Plaintiff will conduct a reasonable and diligent search for and, if such information is in Plaintiff's possession, custody, or control, will identify such individuals.

4. **Interrogatory No. 4.** Plaintiff stands by the answer provided to this Interrogatory.

5. **Interrogatory No. 5**. Plaintiff stands by the answer provided to this Interrogatory. Presumably, this interrogatory attempts to identify a triggering date for the statute of limitations. As like The Cabell County Commission, The City of Huntington contends the statute of limitations does not accrue until the harm or endangerment to the public health and safety is abated. As like The Cabell County Commission, the City of Huntington first became aware of the identity of the distributors who unlawfully flooded our community with prescription opioids following the disclosure of ARCOS data, produced by the DEA, on or about May 18, 2018 (Case: 1:17-md-02804-DAP) (Doc #: 468). Until that time, the nature and scope of the conduct by the Distributor Defendants was concealed from the general public.

peerless



Letter from Anne Kearse
December 12, 2019
Re:    Response to December 6, 2019 Letter from the Distributor Defendants' First Sets of
Interrogatories and RFPs in the Track 2 Cases
Page 3

6.  **Interrogatory No. 6.** Plaintiff maintains its objections to this Interrogatory. As like The Cabell County Commission, the City of Huntington need not respond to this interrogatory. See Discovery Ruling No. 7 (Case: 1:17-md-02804-DAP) (Doc #: 1051). Further, as like The Cabell County Commission, the City of Huntington is not in possession of any medical records to determine whether a specific prescription was filled for a "legitimate medical purpose." These records are in the possession of the distributors and pharmacies.

7.  **Interrogatory No. 7.** As with The Cabell County Commission, Plaintiff served discovery on the Distributor Defendants to produce all transactional data, reports of suspicious order and due diligence files. Assuming no due diligence, each "red flag" identified by a distributor should have blocked further shipments rendering future transactions unlawful a suspected of diversion. In anticipation of future expert witness disclosures, and at this stage of discovery, as with the Cabell County Commission, the City of Huntington has identified "suspicious orders" using the standards and metrics which survived Daubert and summary judgment in CT1.

8.  **Interrogatory No. 8.** Plaintiff stands by the answer provided to this Interrogatory.

9.  **Interrogatory No. 9**. Plaintiff is in the midst of gathering and reviewing potentially responsive documents, including law enforcement arrest and incident records. As stated, Plaintiff will conduct reasonable and diligent searches for responsive information and will produce documents on a rolling basis.

10. **Interrogatory No. 10.** Plaintiff has sufficiently responded to this Interrogatory.
    The two grants referenced in its initial response were for over $1m for a 3 year program. Those grants were: (1) DHHS Empowered Communities for a Healthier Nation Initiative: Opioid Abuse, a multi-year grant in the amount of $350,000.00/year for three year period and (2) a joint U.S. DOJ/Bureau of Justice Assistance grant (Comprehensive Opioid Abuse Site-based Program FY 2017 Competitive Grant) for the City of Huntington Comprehensive Opioid Abuse Site-based Program: Overdose Outreach Projects (QRT), in the amount of $300,000.00. In addition to the above, the City also received a Bloomberg Mayor's Challenge Grant that focused on first responder compassion fatigue and burnout in the amount of one million dollars.  As Plaintiff has previously indicated, it intends to produce relevant financial documents and documents pertaining to any relevant grant applications, including those referenced above, on a rolling basis as such documents are identified.

11. **Interrogatory No. 11.** As previously stated, Plaintiff intends to conduct reasonable and diligent searches for responsive information and disclose said relevant documents on a rolling basis.



Letter from Anne Kearse
December 12, 2019
Re:     Response to December 6, 2019 Letter from the Distributor Defendants' First Sets of
Interrogatories and RFPs in the Track 2 Cases
Page 4

**Issues Pertaining to Plaintiff City of Huntington's Responses to RFPs**

**Recurring Objections**.

- Plaintiff intends to produce any non-privileged, responsive document that it can identify after conducting reasonable and diligent searches.

- Plaintiff will produce only those non-privileged documents within its custody or control, with the exception of documents Defendants have produced to Plaintiffs in this or the CT1 litigation. Any objections relating to public or third-party sources are intended to indicate that such documents are not within Plaintiff's possession, custody, or control.

1. **RFP Nos. 3, 12, 13, and 14.** On December 3, 2019, Plaintiffs the City of Huntington and Cabell County Commission indicated through email correspondence that Brandon Bogle would be serving as the E-discovery liaison for Plaintiffs relating to all ESI-related matters pertaining to Plaintiffs' defensive discovery. Plaintiffs' email correspondence requested that the appropriate contacts for Distributor Defendants reach out to Mr. Bogle so that the parties could discuss search terms and other related matters. To date, Distributor Defendants have not responded to this request. Accordingly, while Plaintiff is open to discussing their "methods of investigation," it requests that this discussion happen after the parties have arrived on agreed upon search terms with Plaintiffs' designated E-discovery liaison.

2. **RFP No. 5.** Plaintiff requests a conference to clarify the Defendants' request and the issues raised in Defendants' letter.

3. **RFP No. 6**. This vague and overly broad request seeks documents related to violations of state or federal law or regulation, "or any other wrongful conduct by certain entities and groups of individuals." As stated, Plaintiff intends to produce all responsive, non-privileged documents relating to healthcare providers, pharmaceutical distributors and/or other Persons alleged to have violated state and federal law or regulation and pertaining to Prescription Opioids that can be located after a reasonable and diligent search and will continue to produce such documents on a rolling basis subject to mutually agreed upon search terms. To the extent Defendants seek documents not captured by the aforementioned, Plaintiff requests a conference to clarify what is meant by "any wrongful conduct."

4. **RFP No. 11**. Plaintiff will continue to gather and produce all non-privileged documents responsive to this response and is not limiting its searches to a single database.

5. **RFP No. 15.** Plaintiff is not seeking to recover health care costs and as such these documents re not relevant to any claim or defense in this matter.



Letter from Anne Kearse
December 12, 2019
Re:    Response to December 6, 2019 Letter from the Distributor Defendants' First Sets of
Interrogatories and RFPs in the Track 2 Cases
Page 5

6. **RFP Nos. 18 and 20**. As previously stated, Plaintiff will produce all non-privileged documents that can be located after a reasonable and diligent search.

7. **RFP No. 21**. As stated, Plaintiff will produce all non-privileged documents and communications relating to Prescription Opioids that can be located after a reasonable and diligent search based on mutually agreed upon search terms and custodians. Where documents are withheld for privilege, Plaintiff will provide a privilege log accordingly.

8. **RFP No. 25**. Defendants state that this request "seeks documents Plaintiff intends to rely upon in support of its claims or that it intends to show any judge, jury, or witness for any reason," but that Defendant is "obviously not asking for an exhibit list." As previously stated, this request is overbroad and premature.

Plaintiff's counsel is agreeable to discussing any genuine discovery disputes and is available to meet and confer as to the issues raised in Defendants' correspondence on **Friday, December 13, 2019** at **9:00am**.

Respectfully yours,

Anne McGinness Kearse

cc:    All Plaintiffs' Counsel, mdl2804discovery@motleyrice.com
        Paul T. Farrell, Jr., paul@greeneketchum.com