IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01665 |

**(proposed) CASE MANAGEMENT ORDER**

The following shall apply to the above-captioned cases, for which a single consolidated Corrected Joint and Third Amended Complaint was filed on September 16, 2019.

1.    **Threshold Dispositive Motions.** The parties agree that early briefing on issues of res judicata, standing to bring a public nuisance claim, non-party fault, and the statute of limitations will shape this litigation, and the parties are conferring on that briefing schedule. Opening briefs on these issues shall be filed by **March 13, 2020**.

2.    **Document Production.**

    A.    Document discovery has commenced. Each defendant may serve up to 35 requests for production on each plaintiff.

    B.    Plaintiffs may collectively serve up to ten new requests for production on each

DC: 7231789-8

defendant that are narrowly targeted to issues unique to the plaintiffs' jurisdictions. Plaintiffs may also seek supplementation of document requests from Track One in *In re National Prescription Opiate Litigation*, MDL No. 2804 ("the MDL") to the extent defendants' responses were limited to the Track One jurisdictions; such supplementation may be requested only for the purposes of expanding responses and production to include the plaintiffs' jurisdictions as well. Plaintiffs shall identify the specific requests on which such supplementation is sought by no later than **March 2, 2020**.

C. The parties have agreed on search terms. The parties shall meet and confer about the custodians and non-custodial sources they intend to search for responsive material and make good faith efforts (a) to reach agreement on custodians to the extent possible and (b) to identify any disputes that cannot be resolved and present them to the Special Master for prompt resolution.

D. Each party shall provide by **March 20, 2020**, its then-current list of custodians and non-custodial sources for its document production and confirm that this list includes those individuals and other sources that the party believes, based on good-faith investigation (and, where applicable, negotiation with the opposing parties), are most likely to have non-cumulative discoverable information responsive to any document request received by **February 28, 2020**, or includes those individuals and sources as otherwise agreed to by the parties. This confirmation shall be updated as necessary to cover any additional document requests served after **February 28, 2020**; such updates shall be due 30 days following service of each additional request. Nothing in this provision shall be construed as abrogating the requirements of the Federal Rules of Civil Procedure. New requests for additional custodians made after **April 1, 2020**, are disfavored, and any such requests shall include a statement of reasons (a) why the requested documents are needed and (b) why the source was not previously identified as a custodian for

production purposes.

E. No party is required to serve its entire allocation of document requests at one time. However, in the interests of efficiency parties are strongly encouraged to serve the bulk of their requests early, especially those for which the search for, collection, and review of responsive documents is likely to be time-consuming. Producing parties shall consider in good faith requests to prioritize the production of particular categories of documents; in making such prioritization requests, however, requesting parties shall consider the responding party's need for efficiency in the search for, collection, and review of documents. Absent good cause, no new requests for production may be served after **April 10, 2020**. Nothing in this paragraph shall prohibit a party from taking the position at a later date that particular documents that have recently come to its attention fall within the scope of an earlier-served request and should be produced.

F. Document production shall be made expeditiously and on a rolling basis, with production substantially complete by **May 1, 2020**, for all documents that are the subject of requests served on or before **March 20, 2020**. Beginning on the first Friday in March 2020, each party shall serve on all other parties a weekly report on the status and progress of its production. A party may not eliminate a custodian it previously identified for production unless that action is agreed to by the opposing parties or approved by the Court or the Special Master.

G. Each production of documents by a party shall be accompanied by a cover letter that describes the custodians and/or non-custodial source(s), as well as types of documents that are being produced.

H. If documents are produced from a format (such as hard copy) in which there is no metadata identifying the custodial source, that source information shall be supplied through a metadata overlay included with the production.

I. If a party contends that documents it is requested to produce should instead be sought from a third party (such as a vendor or former employee), it shall give prompt notice of that fact, identifying the documents or categories of documents at issue and the third-party source from which it should be sought.

J. The protective orders and orders regarding document and electronically stored information ("ESI") production entered in the MDL shall apply fully in the above-captioned cases. The protective order and the amendments thereto are attached as Exhibits through K. The ESI order is attached as Exhibit L.

3. **Interrogatories.**

A. Service of interrogatories has commenced. Each defendant may serve up to 35 interrogatories on each plaintiff.

B. Plaintiffs may collectively serve up to ten new interrogatories on each defendant that are narrowly targeted to issues unique to the plaintiffs' jurisdictions. Plaintiffs may also seek supplementation of responses to interrogatories from Track One in the MDL to the extent defendants' responses were limited to the Track One jurisdictions; such supplementation may be requested only for the purposes of expanding responses and production to include plaintiffs' jurisdictions as well. Plaintiffs shall identify the specific interrogatories on which such supplementation is sought by **March 2, 2020**.

4. **Fact Discovery Cut-off.** On the condition that the parties substantially complete document discovery as specified in paragraph 2.F above, the deadline for the completion of all fact discovery shall be **August 7, 2020**.

5. **Depositions.**

A. Unless specifically authorized by the Court or the Special Master for good cause shown, no party depositions shall be taken until after the Special Master determines that all

parties have substantially completed their productions of all documents that are subject to requests served on or before **March 20, 2020**. Non-party depositions may be taken prior to the commencement of party depositions.

  B. Defendants shall collectively be entitled to take up to 100 depositions of plaintiffs (including current and former employees and officials).

  C. Plaintiffs may collectively take up to 10 depositions of each defendant (including current and former employees) upon a showing that each witness requested has job responsibilities that are specific to Cabell County or the City of Huntington.

  D. If a witness currently or previously employed by a defendant who was deposed in Track One in the MDL has knowledge specific to Cabell County or the City of Huntington and was not questioned on that subject previously, plaintiffs may notice that witness's deposition to address only the issues specific to the plaintiffs' jurisdictions. Questioning of such a witness on subjects covered in the prior deposition and/or not otherwise specific to the plaintiffs' jurisdictions is prohibited. Any such deposition shall count against plaintiffs' allocation for that defendant.

  E. The foregoing limitations do not apply to the depositions of third parties or place a limit on the number of depositions the parties may take of third parties.

  F. The party issuing a deposition notice shall include in the notice the name of the party or third party for which testimony is sought (or with whom the witness is affiliated) and whether the witness is a current or former employee of that party or third party (e.g., "former State of West Virginia employee Jane Doe").

  G. A party requesting a deposition of a witness from an opposing party shall specify whether production is sought of custodial documents from that witness if the witness has not already been identified as a custodian. Nothing in this provision shall excuse the requesting

party of the obligation to make the showing required under paragraph 2.D. above if the custodian request is made after **April 17, 2020**. Any new request for party depositions made 60 days or more after the opening of deposition discovery must be accompanied by an explanation for why the witness was not identified previously.

      H.     The parties shall make best efforts to reach agreement on a reasonable schedule for depositions. To the extent the parties cannot agree, the following provisions will apply. A party who is asked to provide a deposition date for a witness shall respond to that request within five business days. If a specific date cannot be provided by the time the response is due, the response shall explain why and commit to a date by which a deposition date will be provided. If the responding party objects to making a requested witness available for deposition, its response shall set forth the grounds for that objection. If a party fails to respond as set out above to a request for deposition of one of its witnesses, the opposing party may proceed to issue a notice for the deposition. Such notice shall permit reasonable time for the production of the witness's custodial files in advance of the noticed date if such production has been requested and agreed to (or ordered by the Court or the Special Master) and remains outstanding. The parties shall work together in good faith to schedule depositions as promptly as possible while accounting for deponents' and counsel's schedules. Absent contrary agreement of the parties, custodial file production, if requested and agreed to (or ordered by the Court or the Special Master), must be complete at least 14 calendar days before the deposition, and deposition dates should be set with that in mind.

      I.     Except as provided herein, the Order Establishing Deposition Protocol in the MDL (attached as Exhibit M) shall apply in the above-captioned cases. Additionally, the parties shall also comply with the following rules:

    a.  The party hosting a deposition shall provide (i) a room for the deposition that is of sufficient size to accommodate anticipated attendance, along with Wi-Fi, (ii) a break-out room for each side, and (iii) beverages for the witness, court reporter and videographer, and other attendees.

    b.  During examination, a break should not be taken while a question is pending except for the purpose of permitting the witness to consult with his or her counsel concerning a possible assertion of privilege; such consultation shall be privileged. Communications between a witness and his or her counsel during a break taken with no question pending shall not be the subject of inquiry. Such conversations are subject to the attorney-client and work-product privileges.

    c.  Absent unusual circumstances, counsel shall include Bates numbers of any document used as an exhibit and shall provide copies of any videos or other demonstratives used at the deposition to the court reporter and to opposing counsel. All exhibits, including demonstrative aids, shall be marked by the court reporter in accordance with standard procedure.

  **6.**  **Rule 30(b)(6) Depositions.**

  A.  Defendants may serve by **April 15, 2020**, a joint 30(b)(6) notice on each plaintiff with no more than 25 topics. The deposition itself shall not occur until after the opening of deposition discovery; the date in the notice as originally served shall accordingly be left blank. The combined time limit for all witnesses designated to testify in response to the notice served on each plaintiff shall be 14 hours. Absent consent, no single session shall exceed seven hours; however, if more than seven hours are expected to be required for the topics to be addressed by a particular designee, the questioning parties shall endeavor to give advance notice of that fact and the parties shall identify a mutually convenient date to complete the session.

  B.  Plaintiffs may serve by **April 15, 2020,** on each defendant a joint supplemental

30(b)(6) notice with no more than 10 topics that are specific to the plaintiff jurisdictions and that were not (and could not have been) covered in the MDL Track One 30(b)(6) depositions of those defendants. The combined time limit for all witnesses designated to testify in response to such a notice served on each such defendant shall be four hours. The deposition dates in the notices as originally served by plaintiffs shall be left blank.

   C.  A party receiving a Rule 30(b)(6) notice shall serve any objections it has to that notice within 25 days of receipt of the notice. The parties shall promptly meet and confer concerning those objections and shall submit any disputes that cannot be resolved to the Special Master so that the deposition(s) can move forward without undue delay after deposition discovery opens.

   D.  Within 10 days following the opening of deposition discovery, each party shall identify its designees for the topics in the 30(b)(6) notice served on it, setting forth the topics for which each witness is designated.

   E.  There is no limit on the number of designees a party may designate to testify on its behalf in response to a Rule 30(b)(6) notice.

   F.  Consistent with the requirements of the Federal Rules of Civil Procedure, all documents relied upon by a witness in preparing for 30(b)(6) testimony must be produced in advance of the deposition. Where the 30(b)(6) deponent is also a fact witness, the parties shall prioritize the production of the deponent's custodial file and other relevant documents. Where a fact deponent is also designated for 30(b)(6) topics, the party taking the deposition shall have the same amount of time otherwise permitted for the fact deposition and such additional time as needed for the 30(b)(6) topics, recognizing that the time devoted to the 30(b)(6) topics will count toward the party's 30(b)(6) deposition time limit.

   G.  Errata to deposition transcripts must be verified pursuant to 28 U.S.C. § 1746 but

need not be notarized.

   7.  **Third Party Discovery.**

   A.  Subpoenas seeking production of documents from, or depositions of, third parties may be served on third parties immediately.

   B.  A third party that was served a subpoena for discovery in MDL Track One may be served such a subpoena in the above-captioned cases only if (1) the subpoena was served in MDL Track One by the opposing side, (2) the subpoena served in MDL Track One was focused on the MDL Track One jurisdictions and did not seek comparable information for the plaintiffs' jurisdictions, (3) the third party successfully objected to the production of information in response to the prior subpoena that would be material to the plaintiffs' jurisdictions for reasons that did not apply in MDL Track One and/or its production was so limited by agreement, (4) the subpoena served in MDL Track One sought only documents, while the subpoena served in the above-captioned cases seeks only a deposition, or (5) the party seeking the subpoena otherwise makes a showing of good cause. Any such subpoena shall be carefully tailored to avoid duplication of discovery provided in MDL Track One.

   C.  The parties shall comply strictly with the requirements of the Federal Rules of Civil Procedure to provide timely notice of service of any third-party subpoenas. Any party that serves a subpoena for documents on a third party shall make any documents produced in response to that subpoena, whether formally or informally in lieu of formal production, available to all parties and serve a cover letter identifying the source and Bates range of the documents within three days of processing of the documents by that party's e-discovery vendor. Such documents shall be processed expeditiously for this purpose. To avoid disputes about compliance with these requirements, a party receiving documents from a third party pursuant to a subpoena shall provide separate notice of that fact to all other parties within 48 hours of receipt

of any such documents.  If delay of more than seven days is anticipated in the processing of the documents by the party's e-discovery vendor for re-production as provided above, notice shall be given of that fact.  If documents are received from a third party whose deposition is to take place fewer than ten days after receipt of the documents, the party in possession of the documents shall expeditiously produce the documents to all other parties in the format received from the third party.

      8.      **Expert Discovery.**

      A.      On the condition that fact discovery is completed as specified in paragraph 4 above, Plaintiffs' expert reports shall be due on **August 21, 2020** and shall identify dates on which each of those experts is available for deposition between **August 31, 2020** and **September 18, 2020**.

      B.      On the condition that fact discovery is completed as specified in paragraph 4 above, Defendants' expert reports shall be due on **September 25, 2020** and shall identify dates on which each of those experts is available for deposition between **October 5, 2020** and **October 23, 2020**, with all expert discovery also concluding by **October 23, 2020**.  Should plaintiffs obtain an extension on the due date of any of their expert reports, defendants shall receive an equal extension on the due date of any of their responsive expert reports.

      C.      Each party shall produce, at the same time it serves the disclosures and other materials required under Federal Rule of Civil Procedure 26(a)(2) for each of its experts, the "facts or data considered by the witness in forming" the expert's opinions.  Documents relied upon that were produced in discovery in this case by any party may be identified by Bates number and need not be produced; and materials that are publicly and easily available without cost (e.g., over the Internet) need not be produced.  All other data and documents must be produced.  Each party must provide the materials required to be produced, including work

papers, spreadsheets, data sets, and exhibits, in a usable format to allow evaluation of any analyses performed. To the extent that expert's work product is designated confidential, it shall be subject to the governing protective order. All documents produced must bear a Bates stamp to allow for identification. The parties shall cooperate in exchanging programs or other materials necessary to allow full review and evaluation of the disclosed expert analyses. Nothing in this paragraph expands in any way the disclosure requirements of Federal Rules of Civil Procedure 26(a)-(b).

9. **Insurance Information.** Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), the parties shall produce any insurance agreements not otherwise produced in MDL Track One under which an insurance business may be liable to satisfy all or part of a possible judgment in the above-captioned cases, or to indemnify or reimburse for payments made to satisfy any judgment. This includes agreements insuring against general liability, product liability, directors and officers liability, and any other applicable agreements. The parties shall also produce charts that depict the insurance coverage that is or may be applicable to the claims in the above-captioned cases. The insurance agreements and coverage charts shall be produced subject to the governing protective order, no later than **March 27, 2020**.

10. **Service.**

A. All parties shall designate two points of contact for all communications relating to that party's discovery responses and production. All communications to a party concerning its responses or production shall be addressed to those points of contact; correspondence concerning any issue of potential broader concern to other parties shall be copied to the general service lists.

B. The subject line of each email shall clearly identify the subject matter of the communication and the relevant party or parties. If the substance of a communication is contained in a letter sent by email, the text of the email shall describe the subject matter of the

communication (e.g., "scheduling of deposition of John Doe" rather than just "sent on behalf of [lawyer]"), unless that subject is clear from the "re" line.

11. **Communications with Witnesses.**

A. Any party that communicates with a former employee of another party shall comply strictly with all applicable ethical rules. Any written communications with such a person concerning the subject matter of this litigation, or documents obtained from the person, are subject to discovery and shall be produced promptly; this rule shall not apply, however, if the person in question is a current or former employee of the party engaging in the communication and the communication is otherwise privileged.

B. A party seeking to schedule the deposition of the former employee of another party shall seek to coordinate in the first instance with the witness's former employer as required by the Order Establishing Deposition Protocol in the MDL. If the former employee elects not to cooperate with counsel for his or her former employer for this purpose, such counsel shall promptly inform the party seeking the deposition of that fact so that it may pursue other options.

C. Any party that enters into an agreement concerning this or any other litigation on the same subject matter with a person not currently or previously employed by that party who is identified as a fact witness in this case in any pleading or discovery response shall disclose that agreement promptly to all other parties. If the agreement is in writing, a copy of that document shall be produced. If the agreement is oral, its material terms shall be disclosed. This requirement shall not apply to agreements between a party and its current or former employees entered into in the ordinary course of business except to the extent such agreements are otherwise subject to discovery.

12. **Touhy Requests.** If any party submits a *Touhy* request to the federal government (or a similar request to any state agency) for any discovery sought in the above-captioned cases,

it shall serve that request contemporaneously on all parties.  Any formal response received in response to such a request shall be served on all parties upon receipt.

   13.  **Resolution of Discovery Disputes.**

   A.  A party that wishes to address an alleged deficiency in the discovery responses or production of an opposing party shall provide to the opposing party written notice, identifying the specific discovery request(s) at issue and the nature of the alleged deficiency.  The opposing party shall respond to the notice within a reasonable period of time, not to exceed five business days.  If the deficiency is urgent, the complaining party may request a response by an earlier date.  If the responding party cannot fully respond within the time provided, it must nonetheless provide as much of a response as it is able, stating with specificity when a complete response will be forthcoming.

   B.  In addition to the written communications described above, the parties are required, absent exigent circumstances, to meet and confer by telephone or in person concerning discovery disputes before bringing them to the Special Master.  Such a conversation should ordinarily take place within ten days of the original notice of the dispute.

   C.  The failure of the responding party (a) to timely respond to the written communication of a dispute or (b) to participate in a meet and confer discussion will not preclude an issue from being presented to the Special Master.

   D.  The Special Master shall set a regular telephonic discovery conference for the same time each week to address outstanding discovery disputes.  Changes may be made to the regular time and/or additional teleconferences scheduled at the Special Master's discretion; written notice of such changes or additions shall be provided at least 10 days in advance.  However, the Special Master may set a special conference on shorter notice to deal with an urgent issue.  The Special Master shall also consider reasonable requests from the parties for

occasional in-person hearings to address matters of particular importance.

  E.  Except in exigent circumstances, no party shall communicate disputes to the Special Master outside of the process set out below.

  F.  Disputes shall be presented to the Special Master through the following process:

    a.  A party wishing to place a dispute on the agenda for an upcoming conference shall give written notice of that fact at least four business days before the conference. Such notice shall be served on all parties and the Special Master and shall concisely set forth the nature of the dispute, the relief requested, and the arguments in support of the request. Each such submission shall include a certification that either (a) the parties have exchanged written communication and have met and conferred as required by this Order or (b) the deadline for meeting and conferring or otherwise responding has passed. The Special Master is authorized to assess attorney's fees and costs against a party that prematurely presents an issue to the Special Master without complying with the meet-and-confer process.

    b.  A party against which a dispute has been asserted may submit and serve a response, which shall be due no later than one business day before the conference. No additional submissions may be provided on the dispute in advance of the hearing; however, a party that believes there are new or additional points that it has not already addressed may give notice of the fact so that the Special Master is aware that oral discussion and/or further submissions may be needed; such notice may not itself contain any argument or other substantive content.

    c.  If a party believes that a discovery dispute warrants briefing of complex legal or factual issues, it may request a lengthier briefing schedule and deferral of the dispute to a later conference date. Whenever possible, the parties shall identify the need for a longer briefing schedule during the meet-and-confer process so that an appropriate schedule may be agreed upon in advance.

        d.        Submissions shall be served no later than by 8:00 p.m. ET on the date due.

        e.        If a party requires urgent relief on a discovery dispute for which there is insufficient time to follow the procedures set forth above, it may email the Special Master, with service on all counsel, concisely setting forth the nature of the dispute and the reason for urgency.  The Special Master shall give the opposing party an opportunity to be heard, either orally or in writing, before issuing a decision.  If the Special Master determines that the matter is not urgent, he may direct that the dispute be submitted and heard according to the regular process.

        G.        Nothing in this Order shall prohibit a party from seeking to call the Special Master to seek urgent assistance with a dispute that arises during a deposition.  However, no party is required to place such a call, and a failure to do so shall not bar a party from seeking appropriate relief later concerning such a dispute.

        H.        Unless she or he specifically requests it, the Special Master shall not be copied on correspondence between the parties, including meet-and-confer correspondence on discovery disputes.  Such correspondence, if and to the extent relevant to a discovery dispute submitted for resolution by the Special Master, may later be attached as exhibits to submissions on the dispute.

        I.        Nothing in this Order shall prohibit the parties from mutually agreeing to a different process or different deadlines for the resolution of discovery disputes.

        **14.**        **No Ex Parte Communications.**  Unless explicitly agreed otherwise by all affected parties, there shall be no ex parte communications with the Court or the Special Master concerning the substance of any discovery dispute or other matter in this litigation.  Conferences shall be held on the record (either through recording of a telephonic hearing or by a court reporter), and substantive communications not presented at conferences shall be presented solely in writing, with service on all parties.

15.     **Motions for Summary Judgment and Daubert Motions.**  On the condition that expert discovery is completed as specified in paragraph 8.B. above, motions for summary judgment and *Daubert* motions shall be due on **November 16, 2020**; oppositions to such motions shall be due on **December 9, 2020**; replies shall be due on **December 23, 2020**; and hearings on motions for summary judgment and *Daubert* motions shall occur on **January 12, 2021**.

16.     **Trial.**  On the condition that motion practice is completed as specified in paragraph 15 above, a final pretrial hearing shall be held on **February 4, 2021**, and trial shall commence on **February 16, 2021**.

Dated: _____            _____
                                    Honorable David A. Faber
                                    Senior United States District Judge