IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| CABELL COUNTY COMMISSION,<br><br>        Plaintiff,<br>   v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.<br><br>        Defendants. | Civil Action No. 3:17-cv-01665<br>Judge David A. Faber |

**DEFENDANT CARDINAL HEALTH INC.'S NOTICE REGARDING
POTENTIAL NON-PARTY FAULT UNDER W.VA. CODE § 55-7-13d**

    Defendant Cardinal Health, Inc. ("Cardinal Health"), by the undersigned counsel, hereby submits its Notice pursuant to W. Va. Code § 55-7-13d. As provided in W. Va. Code § 55-7-13d(a)(2), "[f]ault of a non-party shall be considered if . . . a defending party gives notice no later than one hundred-eight[y] days after service of process . . . that a non-party was wholly or partially at fault" and provides the "best identification of the nonparty which is possible under the circumstances. . . ." As set forth in Cardinal Health's Unopposed Motion and Stipulation for Phased Identification of Nonparties at Fault, granted by this Court, because motions to dismiss are pending, and discovery has not yet begun in this complex case, Cardinal Health and Plaintiff agree that a listing of categories of non-parties who may be at fault is the best identification of the non-parties which is currently possible under the circumstances. *See Cabell Cnty Comm'n v. AmerisourceBergen Drug Corp., et al.*, No. 3:17-cv-01665 (S.D. W. Va. Sept. 6, 2017) (ECF 91)

(granted by Order, *Cabell Cnty Comm'n v. AmerisourceBergen Drug Corp., et al.*, No. 3:17-cv-01665 (S.D. W. Va. Sept. 7, 2017) (ECF 92)).

Plaintiff ("Plaintiff" or the "County") states in its Complaint that wholesale distributors must be must be vigilant in deciding whether a prospective customer can be trusted to deliver controlled substances only for lawful purposes, and alleges that Cardinal Health failed to report suspicious pharmacy orders to the federal Drug Enforcement Administration ("DEA") and West Virginia Board of Pharmacy ("BoP"). But, the Complaint is devoid of any allegations about any actual suspicious orders that Plaintiff believes Cardinal Health did not report. It does not name the pharmacies that placed the alleged suspicious orders, nor which prescribers wrote unlawful prescriptions. Instead, the implication of Plaintiff's Complaint is that every pill shipped into the County was dispensed or used unlawfully.

Plaintiff's Complaint generally fails to provide factual allegations to support its generic, conclusory, group-pled allegations that target wholesale distributors with no identifying detail whatsoever regarding all the other participants in the closed system relating to controlled substances, without providing any factual allegations to support those generic, conclusory allegations, and without appropriate cognizance of the intervening criminal conduct that represents the clear proximate cause of any damages actually incurred by Plaintiff. Cardinal Health cannot accept and certainly cannot cure these fatal deficiencies in Plaintiff's Complaint, but will, if necessary, as information becomes available, make every reasonable effort to comply with W.Va. Code §55-7-13d(a)(2) by identifying and seeking the apportionment of fault. Cardinal Health lacks the authority, necessary information, ability to investigate, and knowledge necessary to completely and specifically identify all possible entities at fault in the context of Plaintiff's allegations at this time. Because this case is stayed and no discovery has been

completed, Cardinal Health has not yet been unable to undertake measures such as obtaining potential discovery from the Plaintiff, DEA, BoP, West Virginia Attorney General, West Virginia Department of Health and Human Resources, West Virginia Bureau of Medical Services, various other law enforcement agencies that have jurisdiction, government and private officials and entities, pharmacies, doctors, and other sources.

If litigation of the Plaintiff's claims in this case concerning opioid abuse in the County proceeds, it will necessarily involve all persons and entities who were involved in manufacturing, prescribing, dispensing, regulating, and using opioid medications in the County, including local doctors, pharmacies, manufacturers, government actors, and so on.[1] Although Plaintiff has not formally sued these additional entities and individuals, implicit in its allegations against Cardinal Health is an allegation by the Plaintiff of wrongdoing by these and other non-parties, including the placing of suspicious orders and filling of unlawful prescriptions by pharmacists, unlawful prescriptions by doctors, and failure to act by state, local, and federal officials, among others.

Accordingly, Cardinal Health hereby notifies the Court and all currently named parties that if any diversion[2] is determined to have occurred in or into the County, and if fault is eventually to be allocated, then certain individuals and entities in the categories described below must be wholly or partially at fault for such diversion, and that fault must be determined and allocated to them. For the reasons set forth above, Cardinal Health is unable to identify specific

---

[1] *See* Transcript of Proceedings, *Cty. Comm'n of McDowell Cty. v. McKesson Corp., et al.*, No. 1:17-CV-00946, at 30:17–23 (S.D. W. Va. Mar. 28, 2017) (THE COURT: "If, if you're proving an, an opioid epidemic here, wouldn't you have to have all of the players in that epidemic in court which would include the pharmacies and the distributors and everybody else rather than just the . . . distributors and one doctor who prescribed some of the drugs?").

[2] "Diversion" is defined by the West Virginia Board of Medicine in its Policy on the Use of Opioid Analgesics in the Treatment of Chronic Pain (9 September 2013) as "the intentional transfer of a controlled substance from authorized to unauthorized possession or channels of distribution."

-3-

non-parties at this time. Neither this Notice nor future amendments to it may be construed as waiving Cardinal Health's ability and right to argue and present evidence that non-parties are the sole and proximate cause of any and all complaints, injuries, and damages claimed by the Plaintiff.

## I.  Pharmacies and Other Dispensing Sources

Cardinal Health distributes medications only to entities holding valid licenses from the state and federal government authorizing them to dispense such medications. Plaintiff's Complaint alleges that Cardinal Health failed to report suspicious pharmacy orders to the DEA and BoP. Implicit in this allegation is the further allegation that pharmacies and others within the County placed "suspicious" orders that were honored by Cardinal Health or other distributors, and that controlled substances delivered in accord with those orders were diverted by those pharmacies in violation of their statutory, regulatory, and professional obligations. Despite the necessity that Plaintiff must know of such instances or it would not be able to make the allegations in the Complaint, Plaintiff does not identify any such pharmacies.

Cardinal Health does *not* believe or assert that any of its customer pharmacies engaged in any diversion of controlled substances, but cannot say that it is not possible that some may have done so without Cardinal Health's knowledge.

Accordingly, Cardinal Health identifies the category of pharmacies within the County as a category of non-parties at fault. Cardinal Health also identifies the category of pharmacies outside of the County, including mail order pharmacies, as non-parties at fault, to the extent such pharmacies dispensed opioid medications to residents of the County and Plaintiff alleges that such activity is the basis for damages alleged against Cardinal Health.

-4-

## II. Pharmacists

Cardinal Health anticipates that discovery will reveal the names of specific pharmacists and pharmacists-in-charge involved in the diversion Plaintiff alleges, including from the above-referenced pharmacies. The suspicious orders that are the basis of Plaintiff's vague allegations were necessarily made by a pharmacist. If litigation of Plaintiff's generic, conclusory allegations ever leads to the identification of instances of diversion, the pharmacies and pharmacists involved in that diversion will be at fault and must be apportioned.

## III. Prescribing Practitioners

Plaintiff's Complaint alleges that Cardinal Health failed to report suspicious orders to the DEA and BoP. Cardinal Health distributes medications only to pharmacies holding valid licenses from the state and federal government to dispense such medications. Such pharmacies are legally prohibited from dispensing such medications unless pursuant to a valid prescription from a licensed medical professional, registered with the DEA. To the extent the opioid medications delivered by Cardinal Health to such pharmacies within the County were dispensed pursuant to a prescription that was not issued for a legitimate medical reason or Plaintiff contends were improperly issued for some other reason, Plaintiff is implicitly alleging that the prescribing practitioner's conduct in issuing the prescription was unlawful and/or negligent.

Cardinal Health does not have access to the prescribing records of individual physicians. Given the lack of specificity in Plaintiff's Complaint and the lack of information available to Cardinal Health, Cardinal Health identifies the category of individuals within the County who are licensed to prescribe Schedule II medications as non-parties at fault. Cardinal Health also identifies the category of individuals outside of the County who are licensed to prescribe Schedule II medications as non-parties at fault, to the extent such individuals prescribed opioid

medications to residents of the County and Plaintiff alleges that such activity is the basis for damages alleged against Cardinal Health.

### IV. Individuals Involved in Illegal Drug Sales

Many persons known or knowable to the Plaintiff's and state's law enforcement agencies have been involved in the illegal sale of opioid medications, heroin, fentanyl, carfentanil, and/or other illegal drugs within or into the County. Any harm the County may have experienced from illegal drug abuse was caused, wholly or in part, by illegal activities within or into the County. Cardinal Health cannot fully ascertain who these individuals are until it discovers and assesses the County's (and state's) law enforcement and prosecutorial information. Accordingly, Cardinal Health identifies the category of individuals who have been involved in illegal sales of opioid medications, heroin, and/or other illegal drugs within or into the County as non-parties at fault.

### V. Pharmaceutical Manufacturers

Pharmaceutical companies develop, test, manufacture, label, warn, instruct, advertise, market, and promote prescription opioid medications. To the extent the opioid medications delivered by Cardinal Health to pharmacies within the County were improperly dispensed by reason of manufacturers' actions or omissions, such manufacturers caused or contributed to the harm alleged by Plaintiff, and their fault must be apportioned. Accordingly, Cardinal Health identifies the category of manufacturers of opioid medications as non-parties at fault.

### VI. Non-Party Wholesale Pharmaceutical Distributors

Cardinal Health is only one of numerous wholesale distributors who distribute medications to pharmacies within the County. Each is duly licensed, registered, and authorized to distribute controlled substances. To the extent that opioid medications were improperly dispensed by pharmacies, as alleged by the Plaintiff, those medications were supplied at least in

part, to such pharmacies by wholesale distributors other than Cardinal Health. Absent discovery, Cardinal Health cannot identify all such entities. Accordingly, Cardinal Health identifies the category of non-party wholesale pharmaceutical distributors as non-parties at fault.

### VII. Health Insurers

As a wholesale distributor, Cardinal Health does not have any direct contact with patients. By reason of the federal Health Insurance Portability and Accountability Act ("HIPAA"), Cardinal Health does not know, and cannot find out, what practitioner prescribed opioid drugs for a patient, for what medical problem, with what regularity, or in what amounts. Nor does Cardinal Health know what pharmacy, hospital or clinic dispensed them. Upon information and belief, providers of health insurance coverage, including private companies as well as Medicare, Medicaid, and the state and federal agencies that administer these and other government programs, including the Bureau for Medical Services of the West Virginia Department of Health and Human Resources, may have had access to, or maintained, data reflecting which doctors mis- or over-prescribed opioid medications and which patients misused them, but failed to act on that information. If Plaintiff's Complaint's generic, conclusory, group-pled allegations go forward, such Health Insurers may be "at fault" and must be apportioned. Accordingly, Cardinal Health identifies the category of insurers as non-parties at fault.

### VIII. Federal, State, and Local Government Entities

Pursuant to federal and state law, Cardinal Health is registered by the DEA and licensed by the BoP as a wholesale distributor of prescription drugs that are approved as safe and effective by the federal Food and Drug Administration. Cardinal Health fulfills orders of pharmacies that are also registered by the DEA and duly licensed by the BoP. The DEA regulates controlled substances under the federal Controlled Substances Act ("CSA"), including establishing annual production quotas for schedule II controlled

-7-

substances. The Federal Bureau of Investigation has authority to enforce Title 21 of the United States Code, including the CSA. The BoP administers and enforces the West Virginia Controlled Substances Act, including the assessment of wholesale manufacturers' systems of control against diversion of controlled substances, and regulation of the detection and treatment of "suspicious orders" by wholesale manufacturers. It also has the capability and authority to identify (from data sources that include data unavailable to Cardinal Health, such as the CSMP) possible diverting doctors/medical practitioners, pharmacies/pharmacists, and patients, and to take action itself or refer to other agencies (such as the West Virginia Board of Medicine) for action those it designates as potential diverters.

The West Virginia Board of Medicine, West Virginia Board of Osteopathic Medicine, West Virginia Board of Dentistry, and the West Virginia Board of Examiners for Registered Professional Nurses, are responsible for licensing practitioners who prescribe opioid medications within the County. The West Virginia State Police, the County Sheriff's Department, and local police departments are responsible for enforcing the laws related to illegal drug sale and use.

As a wholesale distributor, Cardinal Health does not have any direct contacts with patients. By reason of HIPAA, Cardinal Health does not know, and cannot find out, what patient received what medication and in what amounts. Cardinal Health does not know what prescriber will issue prescriptions after it distributes medication. Yet numerous federal, state and local agencies had knowledge, or the ability to know, of opioid prescribing and dispensing practices, as well as illegal drug dealing, and had authority to enforce the law. Their failure, individually and collectively, to take timely and effective

enforcement action, caused or contributed to the harm alleged by Plaintiff, and their fault must be apportioned. Accordingly, Cardinal Health identifies the category of federal, state and local governmental entities as non-parties at fault.[3]

Dated this the 18th day of September, 2017.

---

[3] Governmental entities may be "wholly or partially at fault" under W. Va. Code § 55-7-13d, whether or not they enjoy immunity from suit or otherwise cannot be named as a party defendant.

Respectfully submitted,

**CARDINAL HEALTH, INC.**
**By Counsel.**

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
bglasser@baileyglasser.com
Steven R. Ruby (WVSB #10752)
sruby@baileyglasser.com
Raymond S. Franks II (WVSB #6523)
rfranks@baileyglasser.com
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555

*Counsel for Cardinal Health 110, LLC,*


Enu Mainigi (visiting attorney)
emainigi@wc.com
F. Lane Heard (visiting attorney)
lheard@wc.com
Steven M. Pyser (visiting attorney)
spyser@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Cardinal Health 110, LLC*

-10-

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2017, I electronically filed the foregoing **CARDINAL HEALTH, INC.'S NOTICE REGARDING POTENTIAL NON-PARTY FAULT UNDER W.VA. CODE § 55-7-13d** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all attorneys of record as follows:

| | |
|---|---|
| Anthony J. Majestro (WVSB #5165)<br>POWELL & MAJESTRO, PLLC<br>405 Capitol Street, Suite P-1200<br>Charleston, WV 25301<br>(304) 346-2889; Fax (304) 346-2895<br>amajestro@powellmajestro.com<br>  *Counsel for Plaintiffs* | Paul T. Farrell, Jr. (WVSB #7443)<br>Bert Ketchum (WVSB #6618)<br>GREENE KETCHUM FARRELL, BAILEY & TWEEL<br>419 11th Street<br>Huntington WV 25701<br>(304) 521-4778; Fax: (304) 529-3284<br>paul@greeneketchum.com<br>  *Counsel for Plaintiffs* |
| J. Robert Rogers (WVSB #3153)<br>LAW OFFICES OF J. ROBERT ROGERS<br>3972 Teays Valley Road<br>Hurricane, WV 25526<br>(304)757-3809<br>jrobertrogers@hotmail.com<br>  *Counsel for Plaintiff in Boone* | Stephanie L. Ojeda (WVSB #7761)<br>HENDRICKSON & LONG<br>P. O. Box 11070<br>Charleston, WV 25339<br>(304) 346-5500<br>sojeda@handl.com<br>  *Counsel for Plaintiff in Boone* |
| Warren R. McGraw, II (WVSB #5086)<br>THE WARREN MCGRAW LAW FIRM<br>P.O. Box 534<br>Pineville, WV 24874<br>(304) 252-1014<br>mcgrawlaw1@aol.com<br>  *Counsel for Plaintiff in Wyoming* | Alvin L. Emch (WVSB #1125)<br>Adam J. Schwendeman (WVSB #11989)<br>JACKSON KELLY PLLC<br>500 Lee Street, East, Suite 1600<br>P.O. Box 553<br>Charleston, WV 25322<br>(304) 340-1000<br>aemch@jacksonkelly.com<br>aschwendeman@jacksonkelly.com<br>  *Counsel for AmerisourceBergen Drug Corporation, Bellco Drug Corp.* |

| | |
|---|---|
| Eric W. Sitarchuk (*pro hac vice*)<br>Meredith S. Auten (*pro hac vice*)<br>MORGAN LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5000<br>eric.sitarchuk@morganlewis.com<br>meredith.auten @morganlewis.com<br>   *Counsel for AmerisourceBergen Drug*<br>   *Corporation, Bellco Drug Corp.* | Jeffrey M. Wakefield (WVSB #3894)<br>FLAHERTY SENSABAUGH BONASSO PLLC<br>P. O. Box 3843<br>Charleston, WV 25338-3843<br>(304) 345-0200<br>JWakefield@flahertylegal.com<br>   *Counsel for McKesson Corporation in*<br>   *Wyoming* |
| Enu Mainigi (*pro hac vice*)<br>F. Lane Heard (*pro hac vice*)<br>Steven M. Pyser (*pro hac vice*)<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>(202) 434-5000<br>emainigi@wc.com<br>lheard@wc.com<br>spyser@wc.com<br>   *Counsel for Cardinal Health 110, LLC* | Geoffrey Hobart (*pro hac vice*)<br>Matthew Benov (*pro hac vice*)<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001<br>(202) 662-6000<br>ghobart@cov.com<br>mbenov@cov.com<br>   *Counsel to McKesson Corporation* |
| Russell D. Jessee (WVSB #10020)<br>Devon J. Stewart (WVSB #11712)<br>STEPTOE & JOHNSON PLLC<br>P.O. Box 1588<br>Charleston, WV 25326-1588<br>(304) 353-8000;<br>russell.jessee@steptoe-johnson.com<br>devon.stewart@steptoe-johnson.com<br>   *Counsel for McKesson Corporation in*<br>   *Kanawha, Wayne, Boone* and *Logan* | Fazal A. Shere (WVSB #5433)<br>Gerard R. Stowers (WVSB #3633)<br>Ronda L. Harvey (WVSB # 6326)<br>BOWLES RICE MCDAVID GRAFF & LOVE<br>P. O. Box 1386<br>Charleston, WV 25325-1386<br>(304) 347-1100<br>fshere@bowlesrice.com<br>   *Counsel for Kroger Limited Partnership I,*<br>   *Kroger Limited Partnership II, SAJ*<br>   *Distributors* |
| Webster J. Arceneaux , III (WVSB #155)<br>LEWIS GLASSER CASEY & ROLLINS<br>P. O. Box 1746<br>Charleston, WV 25326-1746<br>(304) 345-2000<br>wjarceneaux@lgcr.com<br>   *Counsel for Rite Aid of Maryland, Inc.* | Alexander L. Turner (WVSB #10839)<br>Marc E. Williams (WVSB #4062)<br>NELSON MULLINS RILEY & SCARBOROUGH<br>P. O. Box 1856<br>Huntington, WV 25719-1856<br>(304) 526-3502<br>alex.turner@nelsonmullins.com<br>   *Counsel for H.D. Smith Wholesale Drug Co.* |
| Jessie F. Reckart (WVSB #12057)<br>BOWLES RICE<br>7000 Hampton Center, Suite K<br>Morgantown, WV 26505<br>(304) 285-2500<br>jreckart@bowlesrice.com<br>   *Counsel for Kroger Limited Partnership, I,*<br>   *Kroger Limited Partnership II* | Keith A. Jones (WVSB #1923)<br>JONES LAW GROUP<br>P. O. Box 13395<br>Charleston, WV 25360<br>(304) 984-9800<br>kjoneslaw@aol.com<br>   *Counsel for Anda, Inc. and Anda*<br>   *Pharmaceuticals* |

| | |
|---|---|
| Dean T. Barnhard (*pro hac vice*)<br>Larry A. Mackey (*pro hac vice*)<br>BARNES & THORNBURG<br>11 South Meridian Street<br>Indianapolis, IN 46204<br>(317) 231-7501<br>dean.barnhard@btlaw.com<br>   *Counsel for H.D. Smith Wholesale Drug Co.* | Michael J. Farrell (WVSB #1168)<br>FARRELL WHITE & LEGG<br>P. O. Box 6457<br>Huntington, WV 25772-6457<br>(304) 522-9100<br>mjf@farrell3.com<br>   *Counsel for Generics Bidco I, LLC, Qualitest Pharmaceuticals, Inc.* |
| Jonathan M. Stern (*pro hac vice*)<br>SCHNADER HARRISON SEGAL & LEWIS<br>750 9th Street, NW, Suite 550<br>Washington, DC 20001-4534<br>(202) 419-4200<br>jstern@schnader.com<br>   *Counsel for Generics Bidco I, LLC* | Claude F. Reynaud, Jr. (*pro hac vice*)<br>Thomas R. Temple, Jr. (*pro hac vice*)<br>BREAZEALE SACHSE & WILSON<br>P. O. Box 3197<br>Baton Rouge, LA 70821<br>(225) 387-4000<br>claude.reynaud@bswllp.com<br>   *Counsel for Qualitest Pharmaceuticals, Inc.* |
| Sean O. Morris (*pro hac vice*)<br>ARNOLD & PORTER KAYE SCHOLER<br>44th Floor<br>777 South Figueroa Street<br>Los Angeles, CA 90017<br>(213) 243-4222<br>   *Counsel for Generics Bidco I, LLC* | John J. Polak (WVSB #2929)<br>Paul L. Frampton, Jr. (WVSB #9340)<br>ATKINSON & POLAK<br>P. O. Box 549<br>Charleston, WV 25322-0549<br>(304) 346-5100<br>jjpolak@amplaw.com<br>   *Counsel for Qualitest Pharmaceuticals, Inc.* |
| Michael J. Fuller, Jr.<br>Amy J. Quezon<br>McHugh Fuller Law Group<br>97 Elias Whiddon Rd.<br>Hattiesburg, MS 39402<br>(601) 261-2220<br>   *Counsel for Plaintiff in Boone, Cabell, Fayette, Logan and Wayne* | James M. Papantonio<br>Laura S. Dunning<br>Jeffrey Gaddy<br>Archie C. Lamb, Jr.<br>Peter J. Mougey<br>Neil E. McWilliams<br>Page A. Poerschke<br>Levin, Papantonio, Thomas, Mitchell,<br>  Rafferty & Proctor, P.A.<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502-5996<br>(850) 435-7000<br>   *Counsel for Plaintiff in Boone, Cabell, Fayette, Logan and Wayne* |
| J. Burton LeBlanc, IV<br>Baron & Budd, P.C.<br>2600 CitiPlace, Suite 400<br>Baton Rouge, LA 70808<br>(225) 927-5441<br>*Counsel for Plaintiff in Boone, Cabell, Fayette, Logan and Wayne* | Mark Pifko<br>Roland Tillis<br>Baron & Budd, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Encino, CA 91436<br>(818) 839-2333<br>*Counsel for Plaintiff in Boone, Cabell, Fayette, Logan and Wayne* |

| |  |
|---|---|
| Russell W. Budd<br>Laura J. Baughman<br>S. Ann Saucer<br>Baron & Budd, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX 75219<br>(214) 521-3605<br>*Counsel for Plaintiff in Boone, Cabell,*<br>*Fayette, Logan and Wayne* | |

                                                */s/ Brian A. Glasser*
                                                Brian A. Glasser (WVSB #6597)
                                                *Counsel for Cardinal Health 110, LLC*