# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Cabell County Commission v. AmerisourceBergen Drug Corporation, et al.*<br>Case No. 1:17-op-45053-DAP (S.D. W.Va.) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

### AMENDED RESPONSES OF PLAINTIFF
### CABELL COUNTY COMMISSION TO DISTRIBUTOR DEFENDANTS'
### FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS

On November 27, 2019, Bellwether Plaintiff CABELL COUNTY COMMISSION informed the MDL Court that it has a true and present intention of pursuing a public nuisance claim (Count 1) against the Big 3 Distributors (ABDC, Cardinal Health and McKesson) upon remand. We intend to ask for a bifurcated bench trial on liability and causation followed by a subsequent bench trial on abatement and punitive damages (should Plaintiffs prevail and if the Court so permits following the first phase of trial). We intend to invoke the legal doctrine of civil conspiracy under West Virginia law which imposes statutory joint liability. We do not intend to seek past and/or future damages for economic losses privately incurred by the political subdivisions. These discovery responses directly support these intentions. The CABELL COUNTY COMMISSION incorporates all of the CITY OF HUNTINGTON's responses served

on the Distributor Defendants on December 3, 2019, but incorporates none of the CITY OF HUNTINGTON's objections.

Plaintiff CABELL COUNTY COMMISSION hereby amends our responses to the requests for production previously served on the Defendants on December 3, 2019 as follows:

**REQUESTS**

1.     **All documents that describe, refer, or relate to the volumes of Prescription Opioids and/or other opioids prescribed, dispensed, sold, distributed, diverted, and/or used within Your geographical boundaries.**

**RESPONSE BY CABELL COUNTY COMMISSION:**

### SLCG Processed ARCOS Data – Cabell County
CT2_ARCOS_0000001 which includes 297,000+ lines of data across 42 fields harvested from the United States Drug Enforcement Agency and processed in accordance with the protocols affirmed in the *Opinion and Order Regarding Defendants' Motions to Exclude Opinions of James Rafalski and Craig McCann*, MDL2804 (Doc #: 2494) (Filed: 08/20/19).

### SLCG Charts and Reports – Cabell County
CT2_ARCOS_0000003 through CT2_ARCOS_0000400 which includes 398 pages of summaries, charts and calculations of the SLCG processed ARCOS data focused on the conduct by AmerisourceBergen, Cardinal Health and McKesson within Cabell County (WV) and consistent with the protocols affirmed in the *Opinion and Order Regarding Defendants' Motions to Exclude Opinions of James Rafalski and Craig McCann*, MDL2804 (Doc #: 2494) (Filed: 08/20/19).

### Identification of Suspicious Orders – Cabell County
CT2_ARCOS_0000401 through CT2_ARCOS_0000583 which includes charts and spreadsheets which identify "suspicious orders" which should have been flagged arising out of Cabell County (WV), which follows the same protocols affirmed in the *Opinion and Order Regarding Defendants' Motions to Exclude Opinions of James Rafalski and Craig McCann*, MDL2804 (Doc #: 2494) (Filed: 08/20/19) and is intended to comply with *Discovery Ruling No. 12 Regarding Suspicious Order Interrogatory* (Doc #: 1174) (Filed: 12/09/18).  This is a preliminary report which will be cross-checked with due diligence files (to the extent produced) and validated through an expert witness report.

**2.     All documents that identify, refer, or relate to any alleged Suspicious Orders placed by or shipped to any Person within Your geographic boundaries and/or to which you attribute any injury that You claim to have suffered.**

**RESPONSE BY CABELL COUNTY COMMISSION:**

A.     Suspicious orders reported to the United States Drug Enforcement Administration soon to be produced by the Distributor Defendants pertaining to Cabell County (WV).

B.     Suspicious orders reported to the West Virginia Board of Pharmacy by the Distributor Defendants pertaining to Cabell County (WV) obtained via FOIA which will be disclosed in a rolling production.

C.     CT2_ARCOS_0000401 through CT2_ARCOS_0000583 which includes charts and spreadsheets which identify "suspicious orders" which should have been flagged arising out of Cabell County (WV), which follows the same protocols affirmed in the *Opinion and Order Regarding Defendants' Motions to Exclude Opinions of James Rafalski and Craig McCann*, MDL2804 (Doc #: 2494) (Filed: 08/20/19) and is intended to comply with *Discovery Ruling No. 12 Regarding Suspicious Order Interrogatory* (Doc #: 1174) (Filed: 12/09/18).  This is a preliminary report which will be cross-checked with due diligence files (to the extent produced) and validated through an expert witness report.

**3.     All documents that explain, calculate, speculate about, discuss, estimate, reflect, or reference the maximum number of pills or other dosage units of Prescription Opioids that You believe, suspect, or contend could or should properly have been distributed for legitimate medical purposes during the Timeframe.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION is not aware of any such documents nor of any standard which sets forth the volume of Prescription Opioids which "should properly have been distributed for legitimate medical purposes."

**4.     All documents that identify, reflect, estimate, discuss, refer, or relate to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids, or the use, possession, sale, distribution, or addiction to other opioids.**

3

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION was not in possession of any such documents prior to this litigation. The CABELL COUNTY COMMISSION is in the process of collecting such documents and will produce on a rolling basis the following subparts:

4.1     Prescription Opioids abuse

4.2     Prescription Opioids use

4.3     Prescription Opioids misuse

4.4     Prescription Opioids prescribing

4.5     Prescription Opioids dispensing

4.6     Prescription Opioids sale

4.7     Prescription Opioids distribution

4.8     Prescription Opioids diversion

4.9     Other Opioid abuse

4.10    Other Opioid use

4.11    Other Opioid misuse

4.12    Other Opioid prescribing

4.13    Other Opioid dispensing

4.14    Other Opioid sale

4.15    Other Opioid distribution

4.16    Other Opioid diversion

5. **All documents that relate to, reflect, estimate, or discuss diversion of Prescription Opioids, or dispensing of Prescription Opioids for other than legitimate medical purposes, including, but not limited to, documents identifying Persons involved in such diversion or dispensing.**

**RESPONSE BY CABELL COUNTY COMMISSION:** See Answer to Interrogatory No. 7 (Distributor Defendants' First Set); Depo. of Thomas Prevoznik (DEA).

6. **All documents relating to any alleged violation of state or federal law or regulation, or any other wrongful conduct by any pharmacy, medical doctor, dentist, nurse, physician assistant, pharmacist, pharmacy technician, other healthcare provider, pharmaceutical manufacturer, pharmaceutical distributor, or other Person relating to Prescription Opioids.**

**RESPONSE BY CABELL COUNTY COMMISSION:** None other than those disclosed by the Distributor Defendants and/or the United States Department of Justice.

7. **All documents relating to any law enforcement or administrative investigations, prosecutions, and/or enforcement actions relating to opioids (whether Prescription Opioids or otherwise) within or affecting Your geographical area during the Timeframe.**

**RESPONSE BY CABELL COUNTY COMMISSION:** See Answer to Interrogatory Nos. 8 and 9 (First Set). The CABELL COUNTY COMMISSION is in the process of providing access to all the felony case files available through the Circuit Clerk's office.

8. **All documents referring or relating to individuals or entities whose conduct relating to Prescription Opioids You believe, suspect, or contend caused You harm, including**

but not limited to the individuals listed in Plaintiffs' (First) Combined Discovery Request to Dispensers No. 8 and Plaintiffs' (First) Combined Discovery Request to Distributors No. 7.

**RESPONSE BY CABELL COUNTY COMMISSION:** See Answer to Interrogatory Nos. 8 and 9 (Distributor Defendants' First Set) and the defendants named in CABELL COUNTY COMMISSION's *Third Amended Complaint* (Doc. #2595) (Filed: 09/12/2019).

9. **All documents relating to the West Virginia Controlled Substance Automated Prescription Program ("CSAPP") during the Timeframe, including all documents relating to the design, purpose, and use of CSAPP, any use You have made of CSAPP, actions You took, attempted to take, or considered taking, based on information You received from CSAPP, and all documents containing or discussing Your policies and procedures related to CSAPP.**

**RESPONSE BY CABELL COUNTY COMMISSION:** None.

10. **All documents comprising or supporting Your annual and periodic budgets and financial statements, including (without limitation), the following for You and for each of Your departments, agencies, and other constituent entities that have incurred costs for which You seek damages or other relief: annual budgets; annual financial and statistical reports; accounting detail and underlying database entries for revenues and expenditures; documents reflecting headcounts, salaries, benefits, and overtime for employees; documents reflecting revenues and revenue sources; grant documents (including grant applications, reports, and tracking documents); budget requests and worksheets from Your departments, agencies, and other constituent entities; and contracts and agreements for the provision of products or services for which You seek recovery. Your production should include any data dictionaries for any produced structured data.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION is not seeking compensatory damages for "**incurred costs for which You seek damages or other relief."** Nonetheless, annual budgets dating back to 2012 can be found online: www.wvsao.gov/localgovernment. The CABELL COUNTY COMMISSION is in the process of scanning, uploading and disclosing annual budgets dating back to 2006.

11. **All documents that describe, refer, evidence, or relate to any cost, expenditure, damage, loss, or harm for which You seek equitable or monetary relief, including any analysis or computation of the amount of such cost, expenditure, damage, loss, or harm, and/or to the inputs into any such analysis or computation.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION is not seeking damages for private nuisance. We are asserting a claim for damages for public nuisance. The distinction is set forth in *Rhodes v. E.I. du Pont de Nemours & Co.*, 657 F.Supp.2d 751, 768 (S.D. W.Va. 2009), judgment entered, No. 6:06-CV-00530, 2010 WL 11622804 (S.D. W.Va. Jan. 6, 2010), and aff'd in part, appeal dismissed in part, 636 F.3d 88 (4th Cir. 2011). This purposeful decision is a response to the Big 3's attempt to enter into a global settlement which attempts to release the claims asserted by the CABELL COUNTY COMMISSION without any consideration. The CABELL COUNTY COMMISSION intends to respond by severing all but the Big 3 defendants, dismissing all but the public nuisance theory of liability and seeking immediate remand for a bifurcated bench trial. As such, we intend to disclose an abatement plan through expert witness testimony. Unless you assert a claim that we failed to mitigate the epidemic you created, we do not believe this request is relevant.

12. **All documents relating to any transactions during the Timeframe between You and any manufacturer, distributor, or dispenser of Prescription Opioids regarding**

7

**Prescription Opioids, including documents relating to transactions involving any hospitals, health care providers, pharmacies, or other medical facilities owned, operated, supported by, or affiliated with You, including any public health care systems or facilities.**

**RESPONSE BY CABELL COUNTY COMMISSION:** None.

**13.    All documents relating to the prescription or dispensing of Prescription Opioids during the Timeframe by any physician, pharmacist, or other health care provider who was employed by You or who practiced at a facility owned, affiliated, operated or supported by or with You, including any public health care systems or facilities.**

**RESPONSE BY CABELL COUNTY COMMISSION:** None.

**14.    All documents relating to the legitimate need for and/or use of Prescription Opioids.**

**RESPONSE BY CABELL COUNTY COMMISSION:** None.

**15.    All documents referring or relating to Your expenditures or proposed expenditures relating to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, sale, distribution, or addiction to other opioids, including documents relating to emergency assistance, treatment, or healthcare costs paid by You or by fully or partially-funded medical insurance plans and workers' compensation programs.**

**RESPONSE BY CABELL COUNTY COMMISSION:** Objection!  These documents are not relevant to any party's claim or defense in this matter.  F.R. Civ. Proc. 26(b).  The CABELL COUNTY COMMISSION has requested the disclosure of these documents from its self-funded insurance plan and will disclose if compelled by the Court.

8

16. **All documents that state, discuss, reflect, or suggest recommendations for programs, initiatives, or actions to be taken by You, any agency of the State of West Virginia, or any agency of the federal government (or any programs sponsored or funded by any such entity) to prevent, interdict, redress, treat, or otherwise ameliorate wrongful importation or distribution, abuse, misuse of, or addiction to, opioids.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION will make a reasonable search for these documents and timely produce.

17. **All documents that describe, analyze, or refer to the impact on Your community of the use and abuse of opioids, including but not limited to any harm suffered by any and all individuals residing within Your geographical boundaries that are, or have been, attributed in whole or in part to the abuse, use, or misuse of Prescription Opioids, or the abuse, use, or misuse of other opioids.**

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION is in the process of collecting such documents to sustain its burden of proof and will timely supplement this response.

18. **All documents relating to Your efforts to recover expenditures related to Prescription Opioid addiction, misuse, abuse, or overdose in Your geographic boundaries from any Person, including (without limitation) insurers, government entities, manufacturers, pharmacists, pharmacies, doctors, dentists, nurses, clinics, drug dealers, drug traffickers, or drug trafficking organizations.**

**RESPONSE BY CABELL COUNTY COMMISSION:** None other than the pending litigation.

19. All documents constituting or related to any communications between You, or anyone acting on Your behalf, and any federal, state, or local official or agency (including, but not limited to, the DEA, the Federal Bureau of Investigation, a United States Attorney or representative thereof, the West Virginia Department of Health and Human Resources or its constituent providers, the West Virginia Department of Military Affairs and Public Safety, CSAPP, the West Virginia Board of Pharmacy, the West Virginia Board of Medicine, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia Board of Examiners for Licensed Practical Nurses, the West Virginia Board of Examiners for Registered Professional Nurses, the West Virginia Office of the Chief Medical Examiner, other cities, counties or agencies of the State of West Virginia, or any city, county, or agency of any other State), insurer, third-party payer, or pharmacy benefit manager that refer or relate to Suspicious Orders, diversion, improper or excessive dispensing, improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids.

**RESPONSE BY CABELL COUNTY COMMISSION**: None.

20. All documents constituting or relating to any communication or transaction between You and Your insurers, workers' compensation providers, or Medicare/Medicaid, and all agents and employees thereof, relating to Prescription Opioids.

**RESPONSE BY CABELL COUNTY COMMISSION**: None.

21. All documents constituting or relating to any communication or transaction with any manufacturer, distributor, or dispenser of Prescription Opioids.

**RESPONSE BY CABELL COUNTY COMMISSION**: None other than the pending litigation.

**22.** All documents that refer or relate to Your awareness or analysis of, or meetings, presentations, or proposals involving, the abuse, use, misuse, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, illegal sale, or addiction to other opioids.

**RESPONSE BY CABELL COUNTY COMMISSION:** None other than the pending litigation.

23. All minutes, agendas, notes and other records, including audio and/or visual recordings, of or from any public or non-public meeting concerning public health, public safety, Prescription Opioids, or Your budgets.

**RESPONSE BY CABELL COUNTY COMMISSION:** We intend to supplement as these documents are harvested and uploaded to the host discovery server. In the meantime, please see www.cabellcounty.org, where many of these documents are available from 2012 to the present. Agendas and Minutes are available for inspection at the County Clerk's office pre-2012.

**24.** All documents identified or relied upon in Your responses to Distributor Defendants' First Set of Interrogatories to Plaintiffs.

**RESPONSE BY CABELL COUNTY COMMISSION:** None other than referenced herein.

**25.** All documents that You intend to rely upon in support of Your claims or that You intend to show any judge, jury, or witness for any reason (including but not limited to impeachment).

**RESPONSE BY CABELL COUNTY COMMISSION:** The CABELL COUNTY COMMISSION is in the process of harvesting all of its available documents and electronic data and will be disclosing on a rolling basis. A summary of the current status of document production will be timely and periodically disclosed.

CABELL COUNTY COMMISSION<br>By Counsel

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr. (W.Va. Bar ID 7443)
GREENE, KETCHUM, FARRELL, BAILEY & TWEEL
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
800.479.0053 or 304.525.9115
304.529.3284: fax
paul@greeneketchum.com

and

Michael A. Woelfel (W.Va. Bar ID 4106)
WOELFEL AND WOELFEL, LLP
801 Eighth Street
Huntington, West Virginia 25701
304.522.6249
304.522.9282: fax
mikewoelfel3@gmail.com

*Counsel for Cabell County Commission*

# VERIFICATION

STATE OF WEST VIRGINIA;

COUNTY OF CABELL, TO-WIT:

**BETH THOMPSON,** County Administrator for the CABELL COUNTY COMMISSION, being first duly sworn, on her oath deposes and says that she has read the foregoing *"Amended Responses of Plaintiff Cabell County Commission to Distributor Defendants' First Set of Requests for Production to Plaintiffs"* and that the facts contained therein, and each of them, are, to her knowledge, true and correct, except for such facts which are based upon information and belief, and that with respect to such facts, she is informed and believes the same to be true and correct.

Beth Thompson, County Administrator
CABELL COUNTY COMMISSION

Taken, sworn to and subscribed before me, a Notary Public, in and for the County and State aforesaid, this 12th day of December, 2019.

My Commission Expires: July 15, 2020.

Notary Public



## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2019 a copy of the foregoing was served via email to the following, pursuant to the Order Concerning Service of Discovery in Track One Cases (MDL Dkt. 983):

All defendants' listserv: xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

All plaintiffs listserv:     mdl2804discovery@motleyrice.com

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr. (W.Va. Bar ID 7443)
GREENE, KETCHUM, FARRELL,
  BAILEY &TWEEL
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
800.479.0053 or 304.525.9115
304.529.3284: fax
paul@greeneketchum.com