IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON and**
**CABELL COUNTY COMMISSION,**

    Plaintiffs,

v.                                              CIVIL ACTION NO. 3:17-01362

**AMERISOURCEBERGEN DRUG**
**CORPORATION, et al.,**

    Defendants.

## [PROPOSED] CASE MANAGEMENT ORDER FOR TRACK TWO

On February 16, 2019 Plaintiff's severed their claims against all defendants except for the Big 3 – AmerisourceBergen Drug Company, Cardinal Health, Inc. and McKesson Corporation in (Case: 1:17-md-045053-DAP) (Doc. 240) and the Plaintiffs limited their claims and remedy shortly thereafter. The United States Judicial Panel for the Multidistrict Litigation approved a suggestion of remand filed by Judge Polster. The following shall apply to future proceedings for the above-captioned case.

**I.  Fact Discovery Schedule**

    **A.  Document Production**

        1.  SM Cohen opened discovery in CT2 on October 15, 2019 by order from the bench. The Parties have exchanged and responded to discovery and have been actively participating in meet and confers regarding discovery matters.

2. If not already exchanged, each party shall provide, **within ten days of this order**, its then-current list of custodians and non-custodial sources for its document production and confirm that this list includes those individuals and other sources that the party believes, based on good-faith investigation (and, where applicable, negotiation with the opposing parties), are most likely to have non-cumulative discoverable information responsive to any document request received to date. Within **14 days of this order**, the Parties shall provide a status update as to the completion of discovery. Nothing in this provision shall be construed as abrogating the requirements of the Federal Rules of Civil Procedure.

3. Any new request for additional custodians made after **March 2, 2020**, will be disfavored, and any such requests shall include a statement of reasons (a) why the requested witness's documents are needed and (b) why the source was not previously identified as a custodian for production purposes.

4. No party is required to serve its entire allocation of document requests at one time. However, in the interests of efficiency parties are strongly encouraged to serve the bulk of their requests early, especially those for which the search for, collection, and review of responsive documents is likely to be time-consuming. Producing parties shall consider in good faith requests to prioritize the production of particular categories of documents; in making such

        prioritization requests, requesting parties shall consider the responding party's need for efficiency in the collection, review, and processing of documents.

5. Absent good cause, no new requests for production may be served after **March 2, 2020.** However, nothing in this paragraph shall prohibit a party from taking the position at a later date that particular documents that have come to its attention fall within the scope of an earlier-served request and should be produced.

6. Document production shall be made expeditiously and on a rolling basis, with production complete by **March 16, 2020**.

7. If a party contends that documents it is requested to produce should instead be sought from a third party (such as a vendor or former employee), it shall give prompt notice of that fact, identifying the documents or categories of documents at issue and the third-party source from which it should be sought.

**B.  Interrogatories**

1. Plaintiffs and Defendants shall identify any specific interrogatories on which such supplementation is sought by **March 30, 2020.**

**C.  Depositions**

1. Fact witness depositions can start immediately. If a fact witness is also a custodian, the custodian file must be produced 7 days prior to the deposition. The parties are urged to prioritize those witness for whom documents are sought so they can proceed expeditiously with

depositions.  Fact witness discovery shall be complete by **April 1, 2020.**

    D.    **Third Party Discovery**

        1.    All Subpoenas for production of documents must be served on third parties by **March 2, 2020.**

II.    **Other Discovery Requirements.**  The following additional limitations and requirement shall govern Track Two discovery.  However, the parties may by agreement make exceptions or otherwise adjust these provisions for particular situations.

    A.    **Depositions**

        1.    The parties shall make best efforts to reach agreement on a reasonable schedule for depositions.  Within **14 days** of this order, the parties should submit any protocols that may assist the parties with respect to both fact and Rule 30(b)(6) depositions.

    B.    **Communications with Witnesses**

        1.    Any party that communicates with a former employee of another party shall comply strictly with all applicable ethical rules.  Any written communications with such a person concerning the subject matter of this litigation, or documents obtained from the person, are subject to discovery and shall be produced promptly; this rule shall not apply, however, if the person in question is a current or former employee of the party engaging in the communication and the communication is otherwise privileged.  A party seeking to schedule

4

      the deposition of such a person shall coordinate with the witness's former employer as required by the Deposition Protocol.

  2. Any party that enters into an agreement concerning this or any other litigation on the same subject matter with a person not currently or previously employed by that party who is identified as a fact witness in this case in any pleading or discovery response shall disclose that agreement promptly to all other parties. If the agreement is in writing, a copy of that document shall be produced. If the agreement is oral, its material terms shall be disclosed. This requirement shall not apply to agreements between a party and its current or former employees entered into in the ordinary course of business except to the extent such agreements are otherwise subject to discovery.

**C. Third Party Discovery**

  1. The parties shall comply strictly with the requirement to provide timely notice of any third-party subpoenas served.

  2. Any party that serves a subpoena for documents on a third party shall make any documents produced in response to that subpoena, whether formally or informally in lieu of formal production, available to all parties on the production site and serve a cover letter identifying the source and bates range of the documents within three days of processing of the documents by that party's e-discovery vendor. Such documents shall be processed expeditiously for this purpose. To avoid disputes about compliance with these requirements, a party

>receiving documents from a third party pursuant to a subpoena shall provide separate notice of that fact to all other parties within 48 hours of receipt of any such documents. If delay of more than 7 days is anticipated in the processing of the documents by the party's e-discovery vendor for re-production as provided above, notice shall be given of that fact. If documents are received from a third party whose deposition is to take place less than ten days after receipt of the documents, the party in possession of the documents shall make immediate production of the documents to all other parties in the format received from the third party.

    D.    If any party submits a *Touhy* request to the federal government (or a similar request to any state agency) for any discovery sought in Track Two, it shall serve that request contemporaneously on all parties. Any formal response received in response to such a request shall be served on all parties upon receipt.

**III. Protective Orders.** The ARCOS Protective Order (Dkt. No. 167), Case Management Order No. 2 (Dkt. No. 443), and all amendments and supplements to those orders shall apply to discovery in Track Two. The parties shall meet and confer concerning any additional supplements and/or amendments to those orders that may be appropriate for Track Two and shall submit their proposals (jointly if possible) within 30 days following entry of this Order.

**IV. Resolution of Discovery Disputes.**

    A.    A party that wishes to address an alleged deficiency in the discovery responses or production of an opposing party shall provide to the opposing party written notice,

        identifying the specific discovery request(s) at issue and the nature of the alleged deficiency. The opposing party shall respond to the notice within a reasonable period of time, not to exceed five business days. If the deficiency is urgent, the complaining party may request a response by an earlier date. If the responding party cannot fully respond within the time provided, it must nonetheless provide as much of a response as it is able, stating with specificity when a complete response will be forthcoming.

    B.    In addition to the written communications described above, the parties are required, absent exigent circumstances, to meet and confer by telephone or in person concerning discovery disputes before bringing them to the Special Master. Such a conversation should ordinarily take place within **seven (7)** days of the original notice of the dispute.

    C.    The failure of the responding party (a) to timely respond to the written communication of a dispute or (b) to participate in a meet and confer discussion will not preclude an issue from being presented to the Special Master.

**V.**     **Additional Deadlines for Track Two**

    A.    Plaintiffs' expert reports shall be due by **April 6, 2020**, with two deposition dates within ten days thereafter.

    B.    Defendants' expert reports shall be due **April 20, 2020**, with two deposition dates within ten days thereafter.

    C.    All expert discovery shall be concluded by **May 1, 2020**.

    D.    Motions for summary judgment and Daubert motions shall be due **May 15, 2020**. Oppositions to such motions shall be due by **May 27, 2020**. Any replies shall be

due by **June 1, 2020**. Upon filing of any Daubert motions, the filing party must identify the results of any prior ruling on that expert in opioid related matters. If such prior ruling exists, the filing party must specifically identify why the rulings should be different in this matter.

E. Witness lists will be provided no later than **May 26, 2020**. To the extent a witness is listed but not previously deposed, the Party identifying the witness must produce the witness within 7 days and no later than **June 2, 2020**.

F. The Parties' Proposed Stipulation of Facts shall be due by **June 1, 2020**.

G. The Parties shall submit designation, by page and line number, of any deposition testimony to be offered in evidence and final trial exhibits to the Court by **June 5, 2020**.

H. The trial in this case shall be set for **June 15, 2020**.

Dated: _____         _____
                                    Judge David A. Faber