# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, <br><br> Plaintiff <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, et al., <br><br> Defendants. | Civil Action No. 3:17-01362 <br> Hon. David A. Faber |
| CABELL COUNTY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, et al., <br><br> Defendants. | Civil Action No. 3:17-01665 <br> Hon David A. Faber |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
AMERISOURCEBERGEN TO WITHDRAW PRIVILEGE CLIAMS
AND FOR *IN CAMERA* REVIEW OF PRIVILEGE CLAIMS**

1

**INTRODUCTION**

In connection with prior document productions in MDL 2804, AmerisourceBergen Drug Corporation ("ABDC") has withheld, in whole or in part, approximately 7,000 documents pursuant to attorney-client privilege and/or work product claims. While Plaintiffs' counsel and ABDC's counsel have been able to resolve issues with about half of ABDC's privilege claims through various motions and other means,[1] there still exists dispute over many remaining privilege claims. Moreover, as detailed below, ABDC has failed to timely implement privilege-related rulings/orders by the MDL 2804 Court as well as privilege determinations agreed to between ABDC and Plaintiffs' counsel,[2] and has failed to timely respond to other privilege challenges made by Plaintiffs' counsel over two months ago.

Recent meet and confers between the parties lead Plaintiffs' counsel to believe that ABDC is willing to eventually implement privilege rulings and determinations across its remaining privilege claims, and to eventually respond to Plaintiffs' long-pending privilege challenges. However, the problem is that ABDC has still not gotten around to doing so. As of today, ABDC is more than two months delinquent in addressing these matters, and as such, a deadline needs to be established and action must be required. Accordingly, the instant motion seeks: a) to compel ABDC to implement privilege rulings as well as determinations between the parties across its remaining privilege claims, and b) and to have the Court conduct an *in camera* review of the documents underlying the ABDC privilege claims challenged by Plaintiffs' counsel months ago.

---

[1] The MDL 2804 Court has ruled on challenges to ABDC privilege claims, ABDC counsel and Plaintiff counsel have met and conferred to resolve challenges to ABDC privilege claims (with privilege claims as well as challenges thereto being withdrawn), and the parties have also entered into a consent judgment regarding resolution of hundreds of ABDC privilege claims. *See* 3/25/2019 Order (MDL 2804 Doc. 1469).
[2] For example, even though certain privilege rulings in MDL 2804 involved claims of other parties, ABDC should still be applying the resulting concepts/principles to its own privilege claims. Also, as part of the meet and confer process over privilege challenges, when ABDC agrees to withdraw or modify privilege claims, it needs to apply the same concepts to its other similar, related and emblematic privilege claims.

## ARGUMENT

For more than a year, counsel for Plaintiffs and ABDC, as well as the Special Master in MDL 2804,[3] have been addressing privilege claims made by ABDC (as well as those made by all other parties). As a central and guiding part of the privilege claim resolution process, the MDL 2804 Special Master has issued dozens of rulings directly addressing an assortment of privilege claims (and challenges thereto) raised by the various parties. Consequently, many MDL 2804 privilege-specific discovery rulings provide direction regarding which privilege claims should be maintained and which should be withdrawn.[4]

In addition to substantive privilege-specific discovery rulings, on October 29, 2019, an amended procedural Order Governing Privilege ("Order") was entered "to provide a listing of more specific requirements for the assertion of privilege claims, the production of privilege logs, and the challenges to privilege claims, in MDL 2804".[5] Among other things, the Order directed parties making privilege claims to: a) follow prior privilege related rulings in the MDL "when deciding whether to claim privilege over a document or communication",[6] and 2) to apply any downgrades, modifications, or withdraws of privilege claims to any other similar or emblematic privilege claims made by the party.[7]

Ensuring compliance with the directives from the substantive privilege-specific discovery rulings, as well as from the 10/29/2019 Order, is critical to the resolution of privilege claims. The aforementioned rulings and orders allow for and/or require prior determinations as well as sample

---

[3] David R. Cohen is the Special Master in MDL 2804 who has overseen and handled all privilege-related disputes.
[4] *See e.g.*, MDL 2804 Discovery Rulings 14, Parts 1 through 11 (MDL 2804 Doc. Nos. 1321, 1353, 1359, 1380, 1387, 1498, 1593, 1593-1, 1610, 1666, 1678, 2968, 2979, 3071).
[5] *See* Ex. A – MDL 2804 Agreed Order Governing Privilege (MDL 2804 Doc. No. 2882) at p. 1.
[6] *Id.*
[7] *Id.* at p. 5.

results from challenges and meet and confers to be applied to other remaining privilege claims. Thus, creating significant efficiencies and lessening the burdens on the Court as well as on the parties.

Throughout the course of these privilege related dealings, the parties have worked well together to resolve thousands of ABDC privilege claims. However, thousands more ABDC privilege claims still need to be resolved – and there currently exists a logjam, with ABDC failing to timely apply privilege downgrades/modifications, and failing to timely respond to certain privilege challenges served by Plaintiffs' counsel. Prior to the instant matter being remanded from the MDL, Plaintiffs' counsel served ABDC with challenges to sample remaining ABDC privilege claims. The following is a timeline of the privilege related matters at issue herein:

| | |
|---|---|
| 11/8/2019 | Counsel for Plaintiffs served ABDC with challenges to approximately 250 sample ABDC privilege claims.[8] |
| 12/10/2019 | Counsel for Plaintiffs served ABDC with challenges to approximately 50 additional sample ABDC privilege claims.[9] |
| 12/26/2019 | ABDC provided Plaintiffs' counsel with responses to approximately 210 of the 250 privilege challenges (served on 11/8/2019), and as part of its responses, ABDC advised that it withdrew privilege on the majority of the challenged privilege claims and modified (would provide less redacted versions of documents relating to) on another 33 challenged privilege claims.[10] |
| 1/17/2020 | ABDC provided Plaintiffs' counsel with the missing 40 responses to the remainder of the 11/8/2019 privilege challenges, resulting in ABDC withdrawing or modifying more than 90% of approximately 300 sample privilege claims challenged.[11] |

---

[8] *See* Ex. B – 11/8/2019 letter from Plaintiffs to ABDC forwarding privilege challenges. *See also* Ex. C – 11/8/2019 spreadsheet of Plaintiffs' challenges to ABDC privilege claims.
[9] *See* Ex. D – 11/8/2019 letter from Plaintiffs to ABDC forwarding privilege challenges. *See also* Ex. E – 11/8/2019 spreadsheet of Plaintiffs' challenges to ABDC privilege claims.
[10] *See* Ex. F – 12/26/2019 spreadsheet of ABDC's responses to Plaintiffs' 11/8/2019 privilege challenges.
[11] *See* Ex. G – 1/17/2020 spreadsheet of ABDC's supplemental [more complete] responses to Plaintiffs' 11/8/2019 privilege challenges.

Importantly, ABDC has still not completed the follow-up work allowed for and/or required by the substantive as well as procedural MDL 2804 rulings/orders. As such, the value and efficiencies allowed for and/or required by prior orders (as well as the sample privilege challenge results from meet and confers between the parties) cannot be realized – all to Plaintiffs' detriment. ABDC has still not downgraded, modified, or withdrawn any of its remaining privilege claims: a) to apply the results of ABDC's responses to Plaintiffs' 11/8/2019 privilege challenges,[12] or b) to apply the various privilege related rulings made by the MDL 2804 Special Master. Additionally, to date, ABDC has still not responded to any of Plaintiffs' 12/10/2019 challenges to 50 sample ABDC privilege claims. Accordingly, ABDC must be compelled to do so.

## CONCLUSION

Pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure, Plaintiffs THE CITY OF HUNTINGTON, and CABELL COUNTY COMMISSION (collectively, "Plaintiffs"), through their undersigned counsel, hereby move for an order compelling Defendant AmerisourceBergen Drug Corporation ("ABDC") to: a) withdraw privilege claims over documents and/or types of documents which have been previously determined not to be privileged (either by ABDC itself or by the MDL 2804 Court), and b) to produce for *in camera* review the underlying documents relating to the 50 other ABDC privilege claims challenged by Plaintiffs' counsel on 12/10/2019.

---

[12] Considering that the 11/8/2019 sample challenges to ABDC privilege claims resulted in ABDC withdrawing or modifying more than 90% of those privilege claims, it is highly likely that a significant number of documents (underlying ABDC's remaining privilege claims) are being improperly withheld.

Dated: February 21, 2020

        Respectfully Submitted,

        /s/ Paul T. Farrell, Jr.

        **Paul T. Farrell, Jr., Esq. (WV Bar # 7443)**
        FARRELL LAW
        422 Ninth Street, 3rd Floor (25701)
        P.O. Box 1180
        Huntington, WV 25714-1180
        Phone: 304.654.8281
        Email: paul@farrell.law
        *Counsel for Plaintiffs*

        Anthony D. Irpino (La. Bar #24727)
        Pearl A. Robertson (La. Bar #34060)
        IRPINO AVIN HAWKINS
        2216 Magazine Street
        New Orleans, LA 70130
        Phone: 504-525-1500
        Email: airpino@irpinolaw.com
        Email: probertson@irpinolaw.com
        *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 21st day of February, the foregoing "**Memorandum in Support of Plaintiffs' Motion to Compel AmerisourceBergen to Withdraw Privilege Claims and for *In Camera* Review of Privilege Claims**" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

        /s/ *Paul T. Farrell, Jr.*
        Paul T. Farrell, Jr. (W.Va. Bar # 7443)