CONTAINS McKESSON CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Track Two Cases<br><br>*Cabell County Commission and City of Huntington, West Virginia v. Purdue Pharma L.P., et al.*, Case Nos. 1:17-op-45053-DAP (S.D. W.Va.) and 1:17-op-45054-DAP (S.D. W.Va.) | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

**DEFENDANT MCKESSON CORPORATION'S OBJECTIONS
AND RESPONSES TO PLAINTIFFS' FIRST COMBINED
<u>DISCOVERY REQUESTS TO DISTRIBUTORS (NOS. 1-11)</u>**

Defendant McKesson Corporation ("McKesson") hereby objects and responds to Track Two Plaintiffs' First Set of Combined Discovery Requests to Distributor Defendants in accordance with the Federal Rules of Civil Procedure 26, 33, and 34, the Local Rules of the Northern District of Ohio, and applicable Orders entered in this proceeding.

**<u>GENERAL OBJECTIONS</u>**

1.   These responses are made solely for the purpose of this multidistrict litigation. By responding to these requests, McKesson does not waive any objections that it may have to the admission into evidence of these responses, or any documents and things produced in response to these requests, on any applicable grounds.

2.   McKesson objects to the definitions and instructions used in these requests to the extent that they purport to impose obligations or burdens on McKesson that go beyond those imposed by Federal Rules of Civil Procedure 26 and 33, the Local Rules of the Northern District

**CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

of Ohio, and applicable Orders entered in this proceeding (collectively "Discovery Rules"). McKesson will comply with the Discovery Rules, but assumes no further obligations in responding to these requests.

3. McKesson objects to these requests to the extent that they seek discovery that is not relevant to the parties' claims and defenses, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, and that otherwise goes beyond the scope of permissible discovery at this stage of this proceeding, particularly to the extent they seek discovery that is not relevant to the Track Two Cases, *i.e.*, *Cabell County Commission and City of Huntington, West Virginia v. Purdue Pharma L.P., et al.*, Case Nos. 1:17-op-45053-DAP (S.D. W.Va.) and 1:17-op-45054-DAP (S.D. W.Va.). As appropriate, McKesson will limit its responses to information and documents that relate to Cabell County and the City of Huntington. However, McKesson is willing to meet and confer with regard to the geographic scope of discovery as it relates to documents and information other than transactional data. McKesson will produce transactional data for the State of West Virginia, the Commonwealth of Kentucky, and the State of Ohio in compliance with the Order Regarding Track Two Cases (ECF No. 2950) at 5.

4. McKesson objects to these requests to the extent that they include multiple subparts. McKesson further objects to these requests on the grounds that they are individually and collectively overly broad and unduly burdensome and seek discovery that is not relevant to the parties' claims and defenses and not proportional to the needs of the case. Plaintiffs' sweeping requests seek voluminous documents and records for a period spanning almost 30

**CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

years without any limits on custodians or non-custodial sources.  These requests are unreasonable and the documents and records requested cannot be collected, reviewed, and produced within the expedited discovery schedule requested for the Track Two Cases.  To the extent that McKesson agrees to produce documents in response to these requests, McKesson is agreeing to produce only the documents it identifies in its response and only subject to an agreement on a reasonable number of custodians and non-custodial sources.

      5.      McKesson objects to these requests to the extent that they seek information or documents that are protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or protection ("privileged information").  The inadvertent disclosure of privileged information or documents in response to these requests shall not be deemed a waiver of any privilege or right as to the privileged information inadvertently disclosed or any other information or documents relating to the subject matter of any inadvertently-disclosed privileged information.

      6.      McKesson objects to these requests, and to the definitions and instructions included with this set of requests, to the extent that any request, definition or instruction seeks disclosure of information protected by any confidentiality obligation owed to a third party.  McKesson will not disclose or produce such information or documents absent notice to and, if required, consent of the third party or entry of a court order compelling production.

      7.      McKesson objects to these requests to the extent that they seek documents or information that: (a) are in Plaintiffs' possession, custody or control; (b) are not in McKesson's possession, custody, or control; (c) are equally or more readily available from sources other than McKesson; (d) Plaintiffs can obtain from other sources that are more convenient, less burdensome, and/or less expensive than requiring McKesson to provide the information; (e) are

**CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

not reasonably accessible to McKesson; and/or (f) are publicly available to Plaintiffs. With regard to any response that McKesson provides, McKesson's response will be limited to relevant, responsive and non-privileged information or documents in its possession, custody or control located after a reasonable search that is proportional to the needs of the case.

8. McKesson objects to the requests to the extent that they contain terms that are not defined or terms that are defined in a vague, ambiguous, or unintelligible manner.

9. McKesson objects to the requests, and to the requests' definitions and instructions, to the extent that any request, definition or instruction: (a) is unduly burdensome, oppressive, overly broad, ambiguous, confusing or vague; (b) is duplicative or unreasonably cumulative of other discovery in this investigation; or (c) calls for McKesson to draw a legal conclusion in order to respond.

10. McKesson objects to the requests, and to the requests' definitions and instructions, to the extent that any request, definition or instruction assumes facts and events or includes characterizations that are assumed to be accurate, and contains legal conclusions. By providing responses to these requests, McKesson does not admit or concede that any assumed fact, event, characterization, or legal conclusion is correct or accurate and McKesson expressly reserves the right to contest any and all assumed facts, events, characterizations, and legal conclusions.

11. McKesson objects to each request, definition or instruction that purports to require that McKesson identify and provide discovery with regard to "each," "all," "any" or similar all-encompassing wording, on the grounds that such requests, definitions and instructions are overly broad, unduly burdensome, seek discovery that is not relevant to the parties' claims

CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

and defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding.

12. McKesson objects to each request in this set to the extent that it seeks premature expert discovery or disclosure of expert opinions and goes beyond the scope of permissible expert discovery under the Discovery Rules. McKesson will provide expert discovery and disclosures on the dates set by the Court in compliance with the Discovery Rules, but assumes no further obligation in responding to these requests.

13. McKesson's responses are based upon information that has been collected and reviewed to date for the purpose of responding to these requests, and they are not prepared from the personal knowledge of any single individual. McKesson reserves the right to amend and supplement these responses as discovery and this litigation proceed.

## OBJECTIONS TO UNDEFINED TERMS

1. McKesson objects to the undefined terms "You" and "Your" on the grounds that they are overly broad, vague, ambiguous, and purport to extend the requests beyond the U.S. Pharmaceutical Distribution business of McKesson Corporation and seek information and documents that are not in McKesson's possession, custody or control. For purposes of its responses, McKesson will define "You," "Your," and "McKesson" to mean McKesson's Pharmaceutical Distribution business[1] and will respond with regard to information and documents in its possession, custody or control.

2. McKesson objects to these requests to the extent they seek discovery about customers, but do not provide any definition for customer, on the grounds that these requests are

---

[1] Prior to January 2019, McKesson's Pharmaceutical Distribution business was known as its U.S. Pharmaceutical Distribution business ("U.S. Pharma").

CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

overly broad, vague, ambiguous and unduly burdensome and potentially seek discovery that is not relevant to the parties' claims and defenses, nor reasonably calculated to lead to the discovery of admissible evidence.  For purposes of its responses, McKesson will interpret "customers" as used in these requests and responses to mean McKesson customers in the State of West Virginia that are retail national accounts (including national and regional chains, food/drug combinations, mail order pharmacies and mass merchandisers), independent retail pharmacies (also referred to as Independent Small and Medium Chains or ISMCs), and institutional healthcare providers such as hospitals, health systems, integrated delivery networks and long-term care providers.

3.     McKesson objects to the undefined term "prescription opioids" on the grounds that it is overly broad, vague, ambiguous and unduly burdensome, and seeks discovery that is not relevant to the parties' claims and defenses, nor proportional to the needs of the case.  For purposes of responding to these requests, McKesson will interpret "prescription opioids" to mean products with one of the following DEA drug codes and drug code names:

| Base code | Base code description |
|-----------|----------------------|
| 9737 | ALFENTANIL |
| 9064 | BUPRENORPHINE |
| 9720 | BUTORPHANOL |
| M804 | CODEINE (W/PROMETHAZ) |
| 9050 | CODEINE CII |
| 9804 | CODEINE COMBINATION |
| M805 | CODEINE PREPARATIONS |
| 9168 | DIFENOXIN |
| 9120 | DIHYDROCODEINE |
| 9807 | DIHYDROCODEINE COMBI |
| 9170 | DIPHENOXYLATE |
| 9801 | FENTANYL |
| 9193 | HYDROCODONE |
| 9150 | HYDROMORPHONE |
| 9220 | LEVORPHANOL |

CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

| Base code | Base code description |
|---|---|
| 9230 | MEPERIDINE |
| 9250 | METHADONE |
| 9300 | MORPHINE |
| 9639 | OPIUM POWDERED |
| 9630 | OPIUM TINCTURE |
| 9143 | OXYCODONE |
| 9652 | OXYMORPHONE |
| 9809 | PAREGORIC |
| 9709 | PENTAZOCINE |
| 9273 | PROPOXYPHENE |
| 9739 | REMIFENTANIL |
| 9740 | SUFENTANIL |
| 9780 | TAPENTADOL |
| 9752 | TRAMADOL |

4. McKesson objects to the undefined term suspicious order to the extent that it differs from or extends beyond the definition of suspicious order used by the DEA on the grounds that it is overly broad, vague, ambiguous and unduly burdensome, and seeks discovery that is not relevant to the parties' claims and defenses, nor proportional to the needs of the case. For purposes of its responses, McKesson will interpret suspicious order using the DEA's definition for this term.

5. McKesson objects to plaintiffs' time period instruction seeking discovery for the time period commencing January 1, 1996, on the grounds that this demand for discovery for a time period is overly broad, vague, ambiguous and unduly burdensome, and seeks discovery that is not relevant to the parties' claims and defenses, nor proportional to the needs of the case. Unless otherwise stated, McKesson's responses will be limited to the time period January 1, 2006 to the date of its response.

6. McKesson objects to plaintiffs' ESI instruction to the extent that it varies from or goes beyond the ESI provisions entered by the Court in Case Management Order No. 3.

**CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

McKesson will produce ESI in accordance with the ESI Protocol, Case Management Order No. 3 (Dkt. No. 443.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Please produce all *transactional data* related to the distribution of prescription opioids arising out of CT2 from January 1, 1996, to the present.

**RESPONSE TO REQUEST NO. 1:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein. Subject to and without waiving these objection, McKesson responds as follows:

McKesson will produce transactional data for shipments to McKesson customers in the State of West Virginia, the State of Ohio, and the Commonwealth for the time period beginning October 1, 2004.

**REQUEST NO. 2:**

Please identify in chronological order the title of each *Suspicious Order Monitoring System (SOMS)* policy in force from January 1, 1996, to the present and produce a copy of the same. After each entry, please identify the Bates range which corresponds to each policy to enable a jury to correlate each policy in your written answer to each document produced.

**RESPONSE TO REQUEST NO. 2:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein. Subject to and without waiving these objection, McKesson responds as follows:

McKesson has produced documents responsive to this request in MDL 2804.

**REQUEST NO. 3:**

Please identify each *suspicious order* you reported to any regulatory body, including the DEA and/or the West Virginia Board of Pharmacy, arising out of CT2 and produce all documents related thereto. After each entry, please identify the Bates range which corresponds to

**CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

each suspicious order to enable a jury to correlate each suspicious order in your written answer to each document produced.

**RESPONSE TO REQUEST NO. 3:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein.

Subject to and without waiving these objection, McKesson responds as follows:

McKesson will produce a blocked order report with regard to customers in West Virginia.

**REQUEST NO. 4:**

Please produce the *due diligence file* for each of your customers in CT2. Please identify the Bates range which corresponds to each due diligence file to enable a jury to correlate each due diligence file to each of your documents.

**RESPONSE TO REQUEST NO. 4:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein.

Subject to and without waiving these objection, McKesson responds as follows:

McKesson will produce diligence files for customers in West Virginia.

**REQUEST NO. 5:**

Please identify each *sales representative(s)* responsible for CT2 territory and produce the custodial file for each. Please identify the Bates range which corresponds to each custodial file to enable a jury to correlate each name in your written answer to each custodial file produced.

**RESPONSE TO REQUEST NO. 5:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein.

Subject to and without waiving these objection, McKesson responds as follows:

McKesson will conduct a reasonable search and produce information responsive to this request.

CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

**REQUEST NO. 6:**

Please produce all documents in your possession, custody and/or control related to *Safescript Pharmacy #6* (DEA# BS8246349) formerly located at 335 Fourth Avenue in Huntington, Cabell County, West Virginia.

**RESPONSE TO REQUEST NO. 6:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein.

Subject to and without waiving these objection, McKesson responds as follows:

McKesson will conduct a reasonable search and produce documents responsive to this request.

**REQUEST NO. 7:**

Please produce all documents in your possession, custody and/or control related to **Anita T. Dawson, DO** (CSL# OD0926) formerly practicing medicine at 1798 Midland Trail, Milton, Cabell County, West Virginia.

**RESPONSE TO REQUEST NO. 7:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein.

Subject to and without waiving these objection, McKesson responds as follows:

McKesson will conduct a reasonable search and produce documents responsive to this request.

**REQUEST NO. 8:**

Please produce all documents produced to the United States House Energy and Commerce Committee arising out of its investigation into "opioid dumping" into West Virginia.

**RESPONSE TO REQUEST NO. 8:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein.

Subject to and without waiving these objection, McKesson responds as follows:

CONTAINS McKESSON HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

McKesson has produced these documents in MDL 2804.

**REQUEST NO. 9:**

Please produce all documents produced to the West Virginia Attorney General.

**RESPONSE TO REQUEST NO. 9:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein. Subject to and without waiving these objection, McKesson responds as follows:

McKesson has produced these documents in MDL 2804.

**REQUEST NO. 10:**

Please produce all documents related to internal investigations referencing the distribution of prescription opioids in West Virginia.

**RESPONSE TO REQUEST NO. 10:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein. Subject to and without waiving these objection, McKesson responds as follows:

McKesson has produced documents responsive to this request in MDL 2804.  To the extent that this request seeks additional documents, McKesson is willing to meet and confer to attempt to reasonably narrow this request.

**REQUEST NO. 11:**

Please produce all documents produced to the West Virginia Attorney General.

**RESPONSE TO REQUEST NO. 11:**

McKesson objects to this request on the grounds set forth in its General Objection Nos. 1-13 and Objections to Undefined Terms Nos. 1-6, which are incorporated by reference herein. Subject to and without waiving these objection, McKesson responds as follows:

**CONTAINS McKESSON HIGHLY CONFIDENTIAL**
**INFORMATION SUBJECT TO PROTECTIVE ORDER**

McKesson has produced these documents in MDL 2804.

Dated:        November 29, 2019

                                                    */s/ Dale A. Rice*
                                              Dale A. Rice
                                              Covington & Burling LLP

**RESPONSES CONTAIN McKESSON CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I, Dale A. Rice, hereby certify that on November 29, 2019, Defendant McKesson Corporation's Objections and Responses to the Track Two Plaintiffs' First Set of Combined Discovery Requests to Distributor Defendants was served on counsel for plaintiffs and defendants pursuant to the agreement regarding service on plaintiffs, directed to the email addresses listed below.

For Plaintiffs: mdl2804discovery@motleyrice.com

For Defendants: xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

**ADDITIONAL COUNSEL FOR PLAINTIFFS**

| Attorney Name | E-Mail Address for Service |
|---|---|
| Peter H. Weinberger | pweinberger@spanglaw.com |
| Steven J. Skikos | sskikos@skikoscrawford.com |
| Troy A. Rafferty | trafferty@levinlaw.com |
| Brandon Bogle | bbogle@levinlaw.com |
| Paul Farrell | paul@greeneketchum.com |
| Eric Kennedy | ekennedy@weismanlaw.com |
| William Hawal | whawal@spanglaw.com |

By: */s/ Dale A. Rice*
Dale A. Rice