**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document applies to All Cases | CASE NO. 1:17-MD-2804<br><br>SPECIAL MASTER COHEN<br><br>AGREED ORDER GOVERNING PRIVILEGE |

This Order Governing Privilege ("Order") shall govern the treatment of all privileged or work product materials in MDL 2804 going forward. This Order applies equally to all parties, who for the purposes of below shall be designated in their various roles as either the "Designating Party," "Receiving Party," or "Challenging Party." This Order is intended to be consistent with CMO Nos. 1 & 2, as well as the analysis set out in *In re National Prescription Opiate Litig.*, 927 F.3d 919 (6th Cir. 20190, and seeks to provide a listing of more specific requirements for the assertion of privilege claims, the production of privilege logs, and the challenges to privilege claims, in MDL 2804. All deadlines and timeframes in this order which reference "days" are referring to calendar days and not business days.

### Grounds for Asserting Privilege

The parties agree that federal common law governing privilege applies to privilege claims made in this MDL. Additionally, there are generally accepted legal principles and standards within the Sixth Circuit, and certain rulings have been made in this litigation related to claims of privilege. These rulings made include Discovery Ruling No. 14, Parts 1 through 9. *See* docket nos. 1321, 1353, 1359, 1380, 1387, 1395, 1498, 1593, 1610, & 1666. These rulings and related principles/standards outlined therein shall be taken into consideration when deciding whether to claim privilege over a document or communication.

### A. Specific Privilege Log Protocols

1. Privilege Logs shall be produced in Excel format that allows for text searching, sorting, and organization of data, and shall be produced either: (a) in a cumulative manner, so that each subsequent privilege log includes all privilege claims from prior logs; or (b) in installments using a consistent format so that the installments can be merged into a cumulative Excel spreadsheet by the receiving parties.

2. The Designating Party shall produce a privilege log within forty-five (45) days of a production that substantially completes production for a particular custodian or non-custodial source. Stated another way, privilege logs shall be produced on a rolling basis so as not to delay

production of privilege logs. The privilege log shall identify the documents or information redacted or withheld and the basis for any claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the Receiving Parties to assess the applicability of the privilege or protection. When the deposition of a custodian is scheduled for a date following the substantial completion of production of their custodial file, the parties shall make good faith efforts to provide privilege logs involving documents from the deponent's custodial file no fewer than ten (10) days prior to the deposition, unless otherwise negotiated and agreed to between counsel.

3. The Designating Party shall make a good faith effort to identify (in its privilege log cover letter) the primary production volume(s) and/or custodian(s) to which the privilege log relates.

4. With the exception of communications that fall within paragraph 5 below, each log entry should comply with FRCP 26(b)(5), and include:

   a. a unique identifying number (separate from any Bates numbering), along with a separate column identifying the Bates number(s) of a document claimed to be privileged if produced in a redacted form;

   b. a description of the nature of the document, communication, or tangible thing (over which a privilege is asserted) in a manner that, without revealing information itself privileged or protected, will enable Receiving Parties to assess the claim;

   c. the date of the document or communication to the extent it is reasonably ascertainable;

   d. the authors and recipients of the document or communication, based on the From (or Author), To, CC, and BCC fields from electronically-generated metadata associated with the document, to the extent applicable and reasonably available. For email chains, the parties will provide information gathered from the metadata for the most recent email in the chain. For email chains where only the most recent email is listed on the privilege log, the log entry will identify the email as an email chain, and whether an email in the chain contains an attachment. Further, if the attorney(s) giving rise to the privilege claim is/are not within the metadata of the most recent email, the Designating Party will include the name(s) of any such attorney(s) within the description;

   e. the subject of the document, based on the Subject field (or other similar category) from electronically-generated metadata associated with the document, to the extent applicable and reasonably available, understanding that the Designating Party may eliminate some or all of this information to the extent that it has a good faith belief that it would reveal information which is itself privileged;

   f. indication (e.g., with an asterisk) of which individual(s) (authors and recipients) are attorneys (or paralegals or other legal staff carrying out a legal function for an attorney); and

    g. the name of or other identifying information as to the produced source file in which the document subject to a privilege claim was found, (and listing of the primary custodian constitutes sufficient identifying information).

5.     An exception to certain requirements of Paragraph 4 is that for electronic communications (occurring on or after December 5, 2017) between a Designating Party and its outside counsel advising the Designating Party with regard to litigation, investigation(s) relating to litigation or potential litigation, or other proceedings relating to opioids, said communications are not required to be logged with the information required by Paragraphs 4b and 4e. Additionally: (i) the Designating Party will not be required to disclose the names of outside counsel to be included in the search, except to the extent any of the names appear in the log for those documents captured by the search, (ii) the documents being logged pursuant to this paragraph can be logged separately from other privilege claims, and (iii) the documents being logged pursuant to this paragraph do not need to be reviewed before being logged and withheld from production, or at any time thereafter, unless a Receiving Party asserts a challenge to the designation of such documents.

6.     The Designating Party shall provide—either in the log entries or as a list in a separate Excel spreadsheet appendix to the log—the names that appear on the log along with corresponding email addresses or employer information to the extent such information is reasonably available and electronically generated from the metadata. To the extent that Listserv or group email addresses are provided (as a From (or Author), To, CC, or BCC), the Designating Party shall work in good faith to identify, upon request, individuals and/or groups of individuals which make up such Listservs or group emails.

7.     As suspicious order monitoring ("SOM") is at the heart of this litigation, a Designating Party claiming attorney-client privilege, work product protection, or any other privilege over a SOM-related document, shall include a separate column on the privilege log which indicates (with a positive or negative marking) that the document being withheld or redacted is SOM-related. Alternative methods for the Designating Party to identify SOM-related privilege claims will be acceptable if said alternative method provides true insight into which privilege claims are SOM-related.

    Equally at the heart of this litigation is Plaintiffs' ability to prove their damages and abatement costs. Thus, a Designating Party claiming attorney-client privilege, work product protection, or any other privilege over a document that may shed light on Plaintiffs' damages or abatement costs shall include a separate column on the privilege log which indicates (with a positive or negative marking) that the document being withheld or redacted may impact Plaintiffs' damages or abatement costs. Alternative methods for the Designating Party to identify such privilege claims will be acceptable if said alternative method provides true insight into which privilege claims cover documents that may have an impact on damages or abatement costs.

8.     To the extent that a party redacts any document it produces on the basis of attorney-client privilege, work product protection, or any other privilege, it shall be listed on the party's privilege log and produced within forty-five (45) days of production of said document as set forth in paragraphs A.1 through A.6 above). To the extent that a party redacts any document

for any non-privilege related reason (e.g. non-responsiveness, personal identifying information), that party shall either specify the basis of the redaction on the production image itself or produce a separate log of any such redactions within forty-five (45) days of production of said document. If the redacted document is placed on a log, the log shall follow the same format and include the same type of metadata and information as outlined in Paragraph A.4 above. Any redactions (whether based upon any privilege or for any non-privilege related reason) applied to a document shall be made so that they are easily identified by the Receiving Party (e.g., in black blocks, not white blocks).

9. Although the parties shall make good faith efforts to meet the deadlines outlined in paragraph A.2, this paragraph addresses the procedure to implement when certain privilege claims were not made 10 days prior to depositions. Within seven (7) days after a deposition notice is served, the party defending the deposition will notify the requesting party if there are any privileged or redacted documents from the witness's custodial file that have not yet been placed on a privilege or redaction log (which has been served). In addition to the written notice, within ten (10) days after a deposition notice is served, the parties shall meet and confer regarding the timing of providing a complete privilege log for the documents from the witness's custodial file, and shall promptly present any disputes regarding the privilege log (e.g., contents of or timing of production of the log) to the Special Master.

### B. Privilege Challenge Protocols

1. The parties shall meet and confer in good faith, and endeavor to resolve any disputes (regarding privilege-related claims or challenges) before submitting such disputes to the Court or Special Master for determination. The following procedure shall constitute satisfaction of the good faith meet-and-confer requirement prior to submitting privilege-related disputes to the Court or Special Master:

   a. A party challenging a Designating Party's claims of privilege, privilege redaction, other redaction, or work production protection, shall provide written notification of those challenges, including the bases for the challenges and/or requests for additional clarifying information, to the Designating Party, and offer to meet and confer with the Designating Party regarding same. The offer to meet and confer shall, except in emergent circumstances or as agreed to by the Challenging and Designating Parties or as ordered by the Special Master or the Court, provide the Designating Party with multiple alternatives (dates and times) to meet and confer during the seven (7) day period following the date of the written challenge notification.

   b. Failure of the Challenging Party to provide written notification of its challenges or failure of the Challenging Party to offer to meet and confer as outlined above, shall prevent the Challenging Party from submitting its privilege-related challenge to the Court or Special Master.

   c. If the Challenging Party provides written notification and an opportunity to meet and confer as outlined in Paragraph B.1.a., the Designating Party shall meet and confer with the Challenging Party within the seven (7) day period following the date of the written challenge notification, and shall provide the Challenging Party with a written

response (providing further information supporting its claims and/or indicating which privilege claims, redactions, etc., the Designating Party maintains and which it withdraws, downgrades or modifies) within ten (10) days following the date of the written challenge notification. These time periods may be modified in emergent circumstances, as agreed to by the Challenging and Designating Parties, or as ordered by the Special Master or the Court.

d. Failure or refusal of the Designating Party to meet and confer with the Challenging Party (as outlined in Paragraph B.1.c above) shall allow the Challenging Party to submit its privilege-related challenge to the Court or Special Master. Failure or refusal of the Designating Party to provide a written response (as outlined in Paragraph B.1.c above) shall allow the Challenging Party to submit its privilege-related challenge to the Court or Special Master.

2. The procedure outlined in Paragraph B.1 may result in the withdrawing or narrowing of privilege claims, privilege redactions, other redactions, or work product claims. To the extent that any such claims or redactions are downgraded, modified, or withdrawn by the Designating Party, as a result of the meet-and-confer process outlined in Paragraph B.1 or on its own accord, the Designating Party shall, within fifteen (15) days, or within a time frame as agreed to by the Challenging and Designating Parties, or as ordered by the Special Master or the Court, apply any such downgrades, modifications, or withdraws to any other similar or emblematic claims or redactions, and provide written notice to the Challenging Party regarding which other privilege claims, privilege redactions, other redactions, or work product claims have been downgraded, modified, or withdrawn by the Designating Party.

3. For any challenges remaining following the above procedure outlined in Paragraphs B.1 and B.2, the Challenging Party can submit its remaining challenges to the Court or Special Master according to the guidelines established above for submission of discovery disputes, or as otherwise agreed to by the Challenging Party and Designating Party.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
David R. Cohen
Special Master

Dated: October 29, 2019