```
                                            Pages 1 - 18

            UNITED STATES DISTRICT COURT

          NORTHERN DISTRICT OF CALIFORNIA

    BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

THE CITY AND COUNTY OF SAN      )
FRANCISCO, CALIFORNIA and THE   )
PEOPLE OF THE STATE OF          )
CALIFORNIA, Acting by and       )
through San Francisco City      )
Attorney DENNIS J. HERRERA,     )
                                )
           Plaintiffs,          )
                                )
  VS.                           )   No. C 18-7591 CRB
                                )
PURDUE PHARMA L.P., et al.,     )
                                )
           Defendants.          )
_____)   San Francisco, California
                                    Wednesday, February 26, 2020
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        LIEFF, CABRASER, HEIMANN & BERNSTEIN
        Embarcadero Center West
        275 Battery Street, 29th Floor
        San Francisco, California 94111
**BY:**   **ELIZABETH J. CABRASER, ESQ.**
     **RICHARD M. HEIMANN, ESQ.**
     **KEVIN R. BUDNER, ESQ.**

        LIEFF, CABRASER, HEIMANN & BERNSTEIN
        250 Hudson Street, 8th Floor
        New York, New York 10013-1413
**BY:**   **PAULINA DO AMARAL, ESQ.**

(Appearances continued on next page)

Reported By:   Katherine Powell Sullivan, CSR #5812, RMR, CRR
              Official Reporter - U.S. District Court

Exhibit B

1  Pharmaceutical Companies, Inc.
2      **MS. DAWSON:**  Good afternoon, Your Honor.  Cari Dawson
3  on behalf of Defendant Noramco.
4      **THE COURT:**  Good afternoon.
5      **MR. WISOFF:**  Good morning, Your Honor.  Brandon
6  Wisoff, along with my colleague Russell Taylor, Farella,
7  Braun & Martel, on behalf of the individual Sackler parties.
8  Thank you.
9      **THE COURT:**  Well, thank you very much.  And there are
10 a number of attorneys who are appearing on Court Call, and I
11 assume that they are able to hear us, but I think it's
12 important, if anyone wants to address the Court, to make sure
13 that you come before the microphone.
14    Well, as you all know, Judge Polster, who has been
15 assigned this multi-district litigation involving the opioid --
16 the issue involving opioids, which I think can be referred to
17 as an opioid crisis, has been involved with this case from the
18 inception and then has made a decision to take a small number
19 of these cases and send them out for -- I think his expectation
20 was some kind of bellwether proceeding that would be useful not
21 only for the parties who are involved in the particular
22 bellwether litigation but for all the parties who are involved
23 in all aspects of the litigation, for the purpose of trying,
24 first, to adjudicate and bring some resolution to some of the
25 cases, but, as importantly, to serve as a guide for all the

1  other remaining litigation.
2      And so this case and, I think, two others were
3  transferred, at the suggestion of a remand, sent back to the
4  courts from whence they came several years ago.
5      Obviously, a certain amount of work, litigation, however
6  you want to call it, motion practice, rulings, have already
7  been entered in the MDL litigation.  And it is not the
8  intention of this Court to otherwise review or alter any of
9  those matters but, rather, to use it as a springboard -- and I
10 think that's the right word -- for moving forward in this
11 litigation in an effort to see if we can bring some resolution
12 to some of the issues that are pending in this all-important
13 litigation.
14     So I wanted the parties to come in and provide the Court
15 with a status as to where they think the cases are, the issues
16 to be decided, in this one single case.
17     My understanding is that, essentially, there is an
18 agreement between plaintiffs counsel and a group of defendants
19 that a portion of the case should be stayed pending a
20 determination by the bankruptcy court as to whether or not
21 those defendants who are presently subject to the bankruptcy
22 proceedings should incorporate within it or it should have this
23 case incorporated in the larger bankruptcy proceedings.  That's
24 as I understand it to be the case.
25     And so I've been presented with a stipulation for a

partial stay of the proceedings pending, I think, a determination by the New York Bankruptcy Court or the Southern District of New York Bankruptcy Court that has some ongoing proceedings affecting a number of the parties who are in this litigation.

But, I guess, it's primarily the Sackler defendants -- let's see. Is there any other, quote, group of defendants that fall within that? It said "related parties."

And, sir, you represent -- why don't you come forward. You're representing the Sackler defendants; is that right? Identify yourself.

**MR. WISOFF:** Yes, Your Honor. Brandon Wisoff on behalf of the Sackler parties.

So the Purdue Pharma entities are in bankruptcy. The Sacklers are the former directors of the Purdue entities. And under the bankruptcy court's order, governmental actions against not only the Purdue parties but against the individual Sackler parties some of them have been stayed.

Now, this case, because it was inactive in the MDL, was not one of those cases that the judge, Judge Drain in the Southern District bankruptcy proceeding, had stayed.

It's our understanding that counsel for the debtor for the Purdue entities are, approximately every four to six weeks, adding cases that become active to their stay request and that the Court has generally been granting the stay of those