UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
    **Plaintiff,**

**v.**

                              **CIVIL ACTION NO. 3:17-01362**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**
    **Defendants.**
_____

**CABELL COUNTY COMMISSION,**
    **Plaintiff,**

**v.**

                              **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**
    **Defendants.**

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ADOPT MULTIDISTRICT LITIGATION COURT'S ORDER ON DEFENDANTS' CONTROLLED SUBSTANCES ACT DUTIES

        Plaintiffs The City of Huntington and Cabell County Commission (collectively, "Plaintiffs") submit this memorandum in support of their motion for the Court to adopt the August 19, 2019 ruling of the multidistrict litigation court – the U.S. District Court for the Northern District of Ohio, Hon. Dan A. Polster, U.S.D.J. (the "MDL Court") -- with regard to Defendants' duties under the federal Controlled Substances Act 21 U.S.C. §§ 801 *et seq.*, ("CSA"), in these remanded actions. *See* MDL ECF Doc. 2483) (Ex. A hereto). Plaintiffs state in support of their motion as follows.

## INTRODUCTION

These cases have returned to this Court on remand from the MDL Court. Numerous authorities recognize that, in order to effectuate the purposes of 28 U.S.C. § 1407, rulings of an MDL court should not be revisited by a transferor court after remand in the absence of changed or unusual circumstances. *See, e.g.*, Manual for Complex Litigation, Fourth ("MCL 4th"), § 20.133 ("Although the transferor judge has the power to vacate or modify rulings made by the transferee judge, *subject to comity and 'law of the case' considerations, doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.*") (emphasis added); *see also Royster v. Food Lion, Inc.*, 73 F.3d 528, 531 (4th Cir. 1996) ("'If transferor judges were permitted to upset rulings of transferee judges, the result would be an undermining of the purposes and usefulness of transfer under Section 1407…'") (quoting Hon. Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 577 (1978)). As these authorities recognize, allowing Defendants to re-litigate here issues settled in the MDL would undermine the entire purpose of the MDL and jeopardize equitable and consistent treatment of parties across the nation. Thus, rulings of the MDL Court should be seen as presumptively applicable in this Court, absent a showing of changed circumstances. This is especially true with respect to rulings involving pure legal questions of federal law.

The MDL Court's August 2019 order granting partial summary judgment and setting forth Defendants' duties under the federal CSA (the "CSA Ruling") is one such ruling: it involves a pure issue of federal law, and there has been no change in the law in the seven months since the ruling was issued. It would, therefore, be especially inappropriate for this Court to revisit this particular issue. With this motion, Plaintiffs set forth the standards that govern the limited circumstances when rulings of an MDL may be revisited, and further seek a ruling that the CSA Ruling applies with equal force to this case now that it has been remanded to this Court.

As discussed below, the burden to overcome the presumption in favor of following the MDL's ruling is on the party seeking to revisit an otherwise presumptively applicable MDL ruling and show that changed circumstances warrant reconsideration. In making this motion to *re-affirm* an MDL ruling, Plaintiffs do not in any way suggest that MDL rulings are inapplicable unless specifically re-affirmed. On the contrary, without a motion for reconsideration and a showing of changed circumstances, a ruling should be presumed applicable. Nonetheless, given that Defendants have now taken a contrary position and that the Court invited briefing on the subject, Plaintiffs here provide not only with the generally-applicable "law of the case" principles, but an exemplar of how those principles may be applied to a specific ruling from the MDL. As discussed below, the MDL Court's ruling with respect to the Defendants' duties under the CSA is an especially straightforward example of the application of "law of the case" principles to an MDL ruling and has been chosen by the Plaintiffs for that reason.

### THE MDL COURT'S CSA RULING

Defendants are corporations registered with the U.S. Drug Enforcement Agency ("DEA") as distributors of controlled substances pursuant to 21 U.S.C. §§ 822-823. The CSA and the DEA's implementing regulations require Defendants to maintain "effective controls and procedures to guard against theft and diversion of controlled substances." 21 C.F.R. § 1301.71(a). This obligation – and Defendants' failure to meet it – plays a significant role in Plaintiffs' nuisance claim and provides the foundation for establishing that Defendants behaved improperly when they shipped millions and millions of opioids into West Virginia.

The CSA Ruling addressed and ruled on the scope of these federal law duties. Specifically, the MDL Court held that the CSA and DEA regulations require Defendants to:

- identify suspicious orders of controlled substances they receive;

- report those suspicious orders to the DEA; and

- refuse to ship those suspicious orders unless and until due diligence investigation shows that diversion is unlikely.

CSA Ruling at 12-19.  This ruling, addressing a pure question of law, provides the legal framework for Defendants' obligations under federal law.  It is this legal ruling Plaintiffs now ask this Court to adopt.[1]

## ARGUMENT

### A.  Under "Law of the Case" Principles, Rulings of the MDL Court Should Not Be Revisited Absent Changed or Unusual Circumstances

Deference to an MDL court's rulings on common issues is essential to fulfilling the purposes of 28 U.S.C. § 1407(a), which provides for consolidation of cases presenting common questions of fact in order to "promote the just and efficient conduct of such actions."  This requires an MDL Court and a transferor court on remand to treat similarly-situated parties in the MDL alike, and to do so with minimal duplication of effort.

MDL transferee and remand courts do this by applying "law of the case" principles to one another's rulings on common issues.  *See, e.g.*, MCL 4th, § 20.133 ("Although the transferor judge has the power to vacate or modify rulings made by the transferee judge, *subject to comity and 'law of the case' considerations, doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings*.") (emphasis added); *see also Royster*, 73 F.3d at 531 ("'If transferor judges were permitted to upset rulings of transferee judges, the result would be an undermining of the purposes and usefulness of transfer under Section 1407 . . . .'") (quoting Weigel, *supra*, 78 F.R.D. at 577).

---

[1] In the CSA Ruling, the MDL Court granted the Ohio bellwether Plaintiffs' motion for partial summary judgment with respect to the Defendants' duties under the CSA.  In the same order, the Court denied a second, separate motion for summary judgment as to whether Defendants had in fact complied with their CSA duties. In the context of this second motion, the MDL Court held that factual issues precluded summary judgment with respect to Defendants' compliance.  Plaintiffs here seek to have this Court apply only the legal portion of the order (referred to as the "CSA Ruling") which addresses the scope of Defendants' CSA duties, as the denial of the second summary judgment motion was based on the particular factual record presented to the MDL Court in the context of the Ohio bellwether cases.  Whether the facts concerning Defendants' compliance are sufficiently in dispute to require a trial on that issue here, will, of course, turn on the particular factual record assembled and submitted to the Court here.

There is no question but that this Court would, in effect, apply law-of-the-case principles to its own prior rulings on common questions of law or fact. *See, e.g., Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) ("The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). It would do so to provide the parties (and the court system and the public) with a just and efficient process for resolving their disputes. *See United States v. Williams*, 162 Fed. Appx. 254, 258-259 (4th Cir. Jan. 20, 2006) ("'While not an inexorable command, the law of the case doctrine provides stability and finality in litigation, which are cornerstone values for developing a just and efficient judicial process.'") (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1199 (11th Cir. 2004)).

These concerns for fostering just and efficient resolution apply with special force in cases like these involving common questions of law and fact that were consolidated for pretrial proceedings under § 1407(a). The statute requires the JPML to determine whether consolidation and transfer "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a); *see also In re Cardiac Devices Qui Tam Litig.*, 254 F. Supp. 2d 1370, 1372 (J.P.M.L. 2003) (consolidation under § 1407(a) "ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties."). Thus, under law-of-the-case principles, the rulings of an MDL court presumptively govern with respect to common issues and are subject to reconsideration only in extraordinary circumstances involving changed law or facts or manifest injustice. *See generally Everett v. Pitt Cnty. Bd. of Educ.*, 788 F.3d 132, 142 (4th Cir. 2015) ("Once a court has established law of the case, 'it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue,

or (3) the prior decision was clearly erroneous and would work manifest injustice.'") (quoting *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999)).

The fairness and efficiency gains sought by the statute would be lost if an MDL court's rulings on common issues were not adopted as presumptively governing upon remand. Leading treatises on complex litigation and federal court procedure speak with one voice on this point. The MCL is representative of this authority:

> After remand, the transferor court has exclusive jurisdiction, and further proceedings in the transferee court with respect to a remanded case are not authorized absent a new transfer by the Panel. The transferor court conducts further pretrial proceedings, as needed . . . . *Although the transferor judge has the power to vacate or modify rulings made by the transferee judge, subject to comity and "law of the case" considerations, doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.*

MCL 4th, §20.133 (emphasis added); *see also* 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (2d ed. 1987), § 4478.4 (Law of the Case-Coordinate Courts) ("Following remand to a court of original filing, rulings in the consolidated proceedings deserve special respect, in keeping with the purposes of consolidation."); William B. Rubenstein, 6 *Newberg on Class Actions* (5th ed.), § 18.47 (a party's attempt to re-litigate MDL court rulings upon remand "engages concerns about consistency within a case (typically referred to as the 'law of the case' doctrine), as well as issues of comity, given the relationship between the MDL court and the transferor forum."); Weigel, *supra*, 78 F.R.D. at 577 ("If transferor judges were permitted to upset rulings of transferee judges, the result would be an undermining of the purpose and usefulness of transfer under Section 1407 for coordinated or consolidated pretrial proceedings . . . .").

The Fourth Circuit echoes this authority. In *Royster*, *supra*, the Court addressed appeals of an MDL transferee court's summary judgment orders filed by some but not all plaintiffs after their cases were remanded to different transferor courts. *See* 73 F.3d at 531. In staying the appeals pending later appeals by the other remanded plaintiffs, the Court found that the "appeals before us involve precisely the same set of issues as any appeals that might be taken from the summary judgment orders" and

that "permitting the transferor courts . . . to reconsider the transferee court's summary judgment orders will frustrate the aims of § 1407." *Id.* at 532.  In so ruling, the Fourth Circuit explained that § 1407 "was enacted as a means of conserving judicial resources in situations where multiple cases involving common questions of fact were filed in different districts[,]" *id.* at 531-32, and embraced Judge Weigel's recognition that:

> It would be improper to permit a transferor judge to overturn orders of a transferee judge even though error in the latter might result in reversal of the final judgment of the transferor court.  If transferor judges were permitted to upset rulings of transferee judges, the result would be an undermining of the purposes and usefulness of transfer under Section 1407 for coordinated or consolidated pretrial proceedings because those proceedings would then lack the finality (at the trial court level) requisite to the convenience of witnesses and parties and the efficient conduct of actions.

*Id.* at 531 (quoting Weigel, *supra*, 78 F.R.D. at 577).

Several district courts within the Fourth Circuit have held based on *Royster* that an MDL transferee court's rulings are governed by law-of-the-case principles upon remand to the original transferor court.  *See, e.g., United States ex rel. Staley v. Columbia/HCA Healthcare Corp.*, 587 F. Supp. 2d 757, 761 (W.D. Va. 2008) ("Reconsideration of the D.C. District Court's decision would not only impair the multidistrict litigation scheme, but it would also conflict with the well-settled doctrine of law of the case.  There has been no change in controlling authority that justifies departure from this principle . . . ."); *Amorin v. Taishan Gypsum Co.*, 2019 U.S. Dist. LEXIS 84649, at *4-5 (E.D. Va. May 20, 2019) (adopting MDL transferee court's findings of fact and conclusions of law with respect to trial plan; holding that "[i]n so ruling, this Court applies Fourth Circuit precedent reflecting an apparent presumptive rule that 'it would be improper to permit a transferor judge to overturn orders of a transferee judge even though error in the latter might result in reversal of the final judgment of the transferor court.'") (quoting *Royster*, 73 F.3d at 531 (quoting Weigel, *supra*, at 577)).

The great weight of authority from other circuits also supports adopting an MDL court's rulings on common issues in remanded cases through application of law-of-the-case principles.  *See,*

*e.g.*, *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 703 (5th Cir. 2014) ("We have instructed that when 'reviewing transferee court decisions under the law of the case doctrine, transferor courts should rarely reverse, because any widespread overturning of transferee court decisions would frustrate the princip[al] aims of the MDL process and lessen the system's effectiveness.") (quoting *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009)); *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 n.5 (7th Cir. 1996) ("It would vitiate much of the purpose of consolidating litigation if, after remand, parties could simply re-visit the transferee court's pre-trial rulings, and force the common defendant to deal piecemeal with once-collective matters."); *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1176 (D.C. Cir. 1987) (MDL transferee court's affirmed ruling on common issue should have "binding force . . . as 'law of the case,' for if it did not, transfers under 28 U.S.C. § 1407 could be counterproductive, *i.e.*, capable of generating rather than reducing the duplication and protraction Congress sought to check."); *Parkinson v. Novartis Pharms. Corp.*, 5 F. Supp. 3d 1265, 1272 (D. Or. 2014) ("[R]eversing or otherwise undermining the decision by the MDL court that disputes of material fact exist as to the adequacy of Defendant's warnings 'could lead to the type of inconsistent pretrial rulings that Congress sought to avoid, and therefore frustrate the . . . purpose of consolidation.'") (quoting *Deutsch v. Novartis Pharm. Corp.*, 768 F. Supp. 2d 420, 429 (E.D.N.Y. 2011)).

As many of these courts have recognized, the rationale for applying law-of-the-case principles is even more compelling in the setting of remand from consolidated proceedings under § 1407(a). *See, e.g.*, *In re Ford*, 591 F.3d at 411 ("The law of the case doctrine 'requires attention to the special authority granted to the multidistrict transferee judge' and ensures that transferor courts respect the transferee court's decisions.") (quoting *In re Multi-Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 678 (D.C. Cir. 1981)); *Deutsch*, *supra*, 768 F. Supp. 2d at 428 ("This is a mischaracterization of the law of the case doctrine, which, as set forth below, is equally applicable, if not more so, to decisions by an MDL transferee court.").

Indeed, just within this past week, another U.S. District Court Judge presiding over a remanded prescription opioid case recognized the "work, litigation, however you want to call it, motion practice, rulings [that] have already been entered in the MDL litigation" and stated on the record that:

> [I]t is not the intention of this Court to otherwise review or alter any of those matters but, rather, to use it as a springboard - - and I think that's the right word - - for moving forward in this litigation in an effort to see if we can bring some resolution to some of the issues that are pending in this all-important litigation.

Tr. of 2/26/20 Proc. in *City and Cnty. of San Francisco, CA v. Purdue Pharma L.P.*, No. 18-cv-7591-CRB (N.D. Cal.) (Ex. B hereto) at 9:5-13.  This Court should adopt the same framework and presumption here.

### B.    This Court Should Adopt the MDL Court's CSA Ruling

Under the framework set forth above, it is clear that this Court should adopt the MDL Court's ruling concerning Defendants' CSA duties.  No exceptional circumstances are presented here that would warrant reconsideration.  The MDL Court's CSA Ruling decided a purely legal question on the scope of Defendants' federal statutory and regulatory duties.  Moreover, it did so based upon well-established federal appellate case law and DEA adjudicatory rulings.  *See* CSA Ruling at 7-10, 17 (discussing and following *Masters Pharm., Inc. v. DEA*, 861 F.3d 206 (D.C. Cir. 2017) ("*Masters II*"); *Masters Pharm., Inc.*, 80 Fed. Reg. 55418-01, 2015 WL 5320504 (DEA Sept. 15, 2015) ("*Masters I*"); and *Southwood Pharms., Inc.*, 72 Fed. Reg. 36487-01, 2007 WL 1886484 (DEA July 3, 2007)).

Indeed, in its order consolidating these and hundreds (later thousands) of other actions involving community harms from unlawful prescription opioid marketing and distribution practices, the JPML specifically identified the issue of legal duties under the CSA as a common question that supported consolidation:

> [W]e find that the actions in this litigation involve common questions of fact, and that centralization in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. . . .

> All actions involve common factual questions about, *inter alia*, the manufacturing and
> distributor defendants' knowledge of and conduct regarding the alleged diversion of
> these prescription opiates . . . . *Both manufacturers and distributors are under an obligation*
> *under the Controlled Substances Act and similar state laws to prevent diversion of opiates and other*
> *controlled substances into illicit channels.*

*In re Nat'l Prescr. Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017) (emphasis added).  Since

these duties arise under federal law and are the same for Defendants in these actions as in the other

actions pending before the MDL Court, this Court should, consistent with law-of-the-case principles,

adopt the MDL Court's CSA Ruling as governing Defendants' CSA duties in the actions pending here.

That the CSA Ruling was issued in the MDL bellwether trial cases and thus directed at different

plaintiffs from those before this Court does not – as Defendants have argued elsewhere – in any way

undermine its applicability in this Court, for two reasons.  First, the MDL Court itself has ruled that

its Case Track One-A ("CT1-A") pre-trial rulings will apply both to "all future cases in this MDL that

are tried by this Court" and to "remanded cases tried by transferor courts."  *In re: Nat'l Prescr. Opiate*

*Litig.*, No. 1:17-MD-2804 (N.D. Ohio Jan. 3, 2020) (*Nunc Pro Tunc* Evidentiary Order) (ECF Doc.

3058) at 1.  In so ruling, the MDL Court recognized that a transferor court such as this Court:

> 'receives the cases in the condition they are in at the time of remand.  Decisions that
> have been made in the case continue to apply unless circumstances change warranting
> their modification.  The decisions made by the transferee court are considered law of
> the case.'

*Id.* (quoting David F. Herr, *Multidistrict Litigation Manual* (May 2019 Update), § 10.5.

The MDL Court's *Nunc Pro Tunc* Order specifically addresses pre-trial evidentiary rulings, and

not the CSA Ruling.  However, its recognition that transferee court rulings are treated as law of the

case applies with equal force to the CSA Ruling.  This is particularly true because the CSA Ruling

decided a legal question that also is presented in these actions and did so based upon federal statutory,

regulatory, and case law that applies with equal force here.  Since no circumstances warranting

modification have occurred, this Court can and should adopt the CSA Ruling based upon law-of-the-

case principles.

Second, substantial case law from courts in and beyond this Circuit also supports a transferor court applying law-of-the-case principles to an MDL court's general litigation rulings, and not solely to rulings addressed specifically to the remanded parties.  *See*, *e.g.*, *Amorin*, *supra*, 2019 U.S. Dist. LEXIS 84649, at *2 (denying defendants' request in remanded case of 175 plaintiffs to revisit and reject the MDL Court's "'damages formula' adopted to calculate 'remediation damages' on a class-wide basis for all Plaintiffs"); *Parkinson*, *supra*, 5 F. Supp. 3d at 1271-72 (denying defendant's motion seeking to avoid MDL court's order finding genuine issues of material fact on the general adequacy of the defendant's prescription drug warnings); *Adesina v. Aldadan Corp.*, 438 F. Supp. 2d 329, 346-48 (S.D.N.Y. 2006) (denying defendant's motion seeking to avoid MDL court's order on general admissibility of FDA regulatory expert's opinions).   These decisions applying law-of-the-case principles to general MDL court rulings upon remand strongly support this Court's adoption of the MDL Court's CSA Ruling here.

It makes no difference that the MDL Court chose to render its CSA Ruling in the context of a bellwether case, as opposed to in a ruling on an MDL-wide order.  Both bellwether cases and master consolidated complaints are standard procedural mechanisms employed by MDL Courts to clarify and simplify the presentation of issues for decision.  *See*, *e.g.*, *In re Cox Enters., Inc. Set-top Cable TV Box Antitrust Litig.*, 835 F.3d 1195, 1208 and n.5 (10th Cir. 2016) ("The whole purpose of bellwether litigation . . . is to enable other litigants to learn from the experience and reassess their tactics and strategy . . . .").  Precisely because the question at issue here is a pure question of law, independent of any factual determinations, there can be no doubt that the CSA Order represents the MDL Court's conclusions on the scope of Defendants' CSA duties as applicable to all cases in the MDL, including these remanded actions.

Since this issue presents only common questions of law governed by the same authority, the fact that the MDL Court decided this issue within the bellwether case of two other Plaintiffs is of no

material consequence. The Court should adopt the MDL Court's CSA Ruling as governing Defendants' CSA duties in these actions.

<u>CONCLUSION</u>

For all of the reasons set forth, the Court should grant Plaintiffs' motion and adopt the MDL Court's August 19, 2019 CSA Ruling.

Dated: March 3, 2020                                   Respectfully submitted,

**THE CITY OF HUNTINGTON**                  **CABELL COUNTY COMMISSION**

/s/ *Anne McGinness Kearse*                      /s/ *Paul T. Farrell, Jr.*
Anne McGinness Kearse (WVSB No. 12547)   Paul T. Farrell, Jr. (WVSB Bar No. 7443)
Joseph F. Rice                                   **FARRELL LAW**
**MOTLEY RICE LLC**                              422 Ninth Street, 3rd Floor (25701)
28 Bridgeside Blvd.                              PO Box 1180
Mount Pleasant, SC 29464                         Huntington, West Virginia 25714-1180
Tel: 843-216-9000                                Mobile: 304-654-8281
Fax: 843-216-9450                                paul@farrell.law
akearse@motleyrice.com
jrice@motleyrice.com                             /s/ *Anthony J. Majestro*
                                                 Anthony J. Majestro (WVSB No. 5165)
Linda Singer                                     **POWELL & MAJESTRO, PLLC**
David I. Ackerman                                405 Capitol Street, Suite P-1200
**MOTLEY RICE LLC**                              Charleston, WV 25301
401 9th Street NW, Suite 1001                    304-346-2889 / 304-346-2895 (f)
Washington, DC 20004                             amajestro@powellmajestro.com
Tel:  202-232-5504
Fax:  202-386-9622                               Michael A. Woelfel (WVSB No. 4106)
lsinger@motleyrice.com                           **WOELFEL AND WOELFEL, LLP**
dackerman@motleyrice.com                         801 Eighth Street
                                                 Huntington, West Virginia 25701
Charles R. "Rusty" Webb (WVSB No. 4782)          Tel. 304.522.6249
**THE WEBB LAW CENTRE, PLLC**                    Fax. 304.522.9282
716 Lee Street, East                             mikewoelfel3@gmail.com
Charleston, West Virginia 25301
Telephone: (304) 344-9322
Facsimile: (304) 344-1157
rusty@rustywebb.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2020, a copy of the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ADOPT MULTIDISTRICT LITIGATION COURT'S ORDER ON DEFENDANTS' CONTROLLED SUBSTANCES ACT DUTIES** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)