IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                            CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                            CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

**AMERISOURCEBERGEN DRUG CORPORATION'S
RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

    COMES NOW Defendant, AmerisourceBergen Drug Corporation ("ABDC") submits this Response to Plaintiffs' Motion to Compel.  There is no ripe discovery dispute here.  Instead, Plaintiffs have decided to burden the Court with issues that are either moot, premature or could have been resolved with a simple phone call.

    Discovery is underway and ABDC has been working with its Plaintiff-assigned discovery handler to address threshold discovery issues.  ABDC and Plaintiffs recently engaged in a collaborative effort to come to agreement on running 51 blocks of search terms against 12 custodians.  ABDC has already begun collecting, reviewing and producing documents

responsive to Plaintiffs' requests, and has agreed to continue to produce responsive documents on a rolling basis. ABDC has likewise agreed to work with Plaintiffs regarding the prioritization of certain custodians. In other words, discovery against ABDC is proceeding as it should, and there is no need at this time for court intervention.

Plaintiffs' Motion was filed for a different reason. Plaintiffs' real intention for filing this motion appears to be an attempt to make ABDC look bad before the Court, and to argue completely extraneous points about their views of the law and the facts. This is inappropriate, a distraction from the work that needs to be done, and a waste of both ABDC's and the Court's resources.

## RESPONSE TO SPECIFIC REQUESTS

**Combined Request No. 1.** Please produce all transactional data related to the distribution of prescription opioids arising out of CT2 from January 1, 1996, to the present.

There is no dispute here. On January 2, 2020, ABDC produced transactional data for West Virginia from 2002 through 2018 and Ohio from 2007 through 2017. On February 25, 2020, ABDC produced transactional data for Kentucky from 2010 through November 30, 2018. *See* ABDCMDL_VOL198; ABDC-WVFED_PROD001. ABDC has reiterated to Plaintiffs that it is working on pulling the limited remaining transactional data for Ohio and Kentucky.

Plaintiffs' attempt to impose an arbitrary March 15, 2020 deadline is unnecessary. As Plaintiffs well know, ABDC has many competing requests from other jurisdictions—including other jurisdictions represented by the same Plaintiffs' counsel—and is working diligently to meet demands across those jurisdictions. Further, the Drug Enforcement Administration ("DEA") has produced—and Plaintiffs already have—ARCOS data for the period 2006 through 2014, which shows all transactions from every distributor throughout the country, including ABDC's transactions in West Virginia, Kentucky, and Ohio.

**Combined Request No. 2.**   Please identify in chronological order the title of each Suspicious Order Monitoring System (SOMS) policy in force from January 1, 1996, to the present and produce a copy of the same. After each entry, please identify the Bates range which corresponds to each policy to enable a jury to correlate each policy in your written answer to each document produced.

There is no dispute here.  As Plaintiffs admit in their Motion to Compel, "ABDC agreed to identify a timeline of its suspicious order monitoring policies and procedures by defining them in sequence."  Mot. to Compel at 3.  ABDC did so on February 26, 2020 in its Supplemental Responses to Plaintiffs' First Combined Discovery Requests.  ABDC further objects to the extent Plaintiffs attempt to characterize the requirements under 28 C.F.R. § 1301.74(b).

**Combined Request No. 3.**   Please identify each suspicious order you reported to any regulatory body, including the DEA and/or the West Virginia Board of Pharmacy, arising out of CT2 and produce all documents related thereto. After each entry, please identify the Bates range which corresponds to each suspicious order to enable a jury to correlate each suspicious order in your written answer to each document produced.

On January 2, 2020, ABDC produced its Order Monitoring Program ("OMP") data for the State of West Virginia for the years 2007 through 2018.  *See* ABDCMDL_VOL198.  This data shows every order that was flagged by ABDC's system and subsequently reported to the DEA as suspicious.  ABDC intends to supplement its production of OMP data with documents sufficient to show orders reported to the State of West Virginia.  Moreover, as set forth below in response to Combined Request No. 4, ABDC has produced and will continue to produce documents relating to its customers in Cabell County and the City of Huntington.

ABDC again objects to Plaintiffs' attempt to characterize ABDC's legal requirements under 28 C.F.R. § 1301.74(b) and how "simple" Plaintiffs believe the task of identifying by bates number the "due diligence documents that accompanied" every suspicious order that was reported over multiple decades.  ABDC has already identified the specific production volumes that contain its OMP Data and due diligence files located in its record management systems.

ABDC is under no obligation under the Federal Rules to organize and identify every document for Plaintiffs. *See, e.g.*, *CTL Eng'g of W.V., Inc. v. MS Consultants, Inc.*, No. 3:14-cv-90, 2015 WL 1468395, at *3-4 (N.D.W. Va. Mar. 30, 2015) (affirming magistrate court's order denying plaintiff's motion to compel – which sought for defendants to select the specific documents responsive to each discovery request – and stating that "[w]hen a party produces documents 'as they are kept in the usual course of business,' it has no duty to organize and label the documents to correspond to each request"); *MGP Ingredients, Inc. v. Mars, Inc.,* No. 06-2318, 2007 WL 3010343, at *3 (D. Kan. Oct. 15, 2007) (denying plaintiff's motion to compel – which sought an order requiring defendants to identify by bates number the particular documents responsive to each request for production – and stating that "[i]f the producing party produces documents in the order in which they are kept in the usual course of business, [Federal Rule of Civil Procedure 34] imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular request to which they are responsive").

**Combined Request No. 4.**   Please produce the due diligence file for each of your customers in CT2. Please identify the Bates range which corresponds to each due diligence file to enable a jury to correlate each due diligence file to each of your customers

Although Plaintiffs fault Defendants for "referenc[ing] a broad range of documents," they fail to acknowledge that ABDC's "broad range of documents" includes documents directly responsive to this Request. ABDC has already produced documents from its record management systems (MMS and NetDocuments) relating to customers in Cabell County and the City of Huntington. *See* ABDCMDL_VOL198. ABDC has also produced monthly and weekly "dashboards" containing due diligence information regarding ABDC's customers throughout the United States, including those in Cabell County and the City of Huntington, s*ee*

ABDCMDL_VOL109, and ABDC has agreed to run search terms that are specifically designed to capture emails regarding ABDC's customers in Cabell County and the City of Huntington. ABDC has been, and will continue to, produce documents responsive to this Request.

ABDC disagrees with Plaintiffs' characterization of the law, which is neither accurate nor relevant to this dispute. Specifically as it relates to Plaintiffs' claim that "[t]his is the law of the case," Plaintiffs are incorrect. There is no applicable "law of the case" as this action has *just begun* in the Southern District of West Virginia, and orders from a *different* case do not automatically become "law of the case" here.[1] As to Plaintiffs' request that ABDC identify the Bates range for each due diligence file, Plaintiffs again are asking ABDC to do their work for them and that is contrary to the Federal Rules of Civil Procedure for the reasons set forth above.

**Combined Request No. 5.**   Please identify each sales representative(s) responsible for the CT2 territory and produce the custodial file for each. Please identify the Bates range which corresponds to each custodial file to enable a jury to correlate each name in your written answer to each custodial file produced.

There is no dispute here. Plaintiffs admit that they "recently finalized negotiation of search terms to be applied against ABC's relevant custodians, including the relevant sales representatives and ABC has agreed to begin collecting, reviewing and producing documents." Mot. to Compel at 5. ABDC has begun collecting and reviewing documents for the relevant sales representatives, and will produce documents on a rolling basis.

**Combined Request No. 6.**   Please produce all documents in your possession, custody and/or control related to Safescript Pharmacy #6 (DEA# BS8246349) formerly located at 335 Fourth Avenue in Huntington, Cabell County, West Virginia.

---

[1]   Just yesterday, Plaintiffs filed a Motion to Adopt Multidistrict Litigation Court's Order on Defendants' Controlled Substances Act Duties (ECF No. 190), which addresses their "law of the case" argument in further detail. ABDC will respond to Plaintiffs' "law of the case" theory in its response to Plaintiffs' Motion.

There is no dispute here. As ABDC stated in its response, "ABDC will conduct a reasonable search and produce non-privileged documents responsive to this Combined Requested." *See* Mot. to Compel at 6. At no point has ABDC *ever* told Plaintiffs that it was withholding responsive documents to this Request, nor have Plaintiffs ever asked. Indeed, ABDC has already produced documents responsive to this Request. *See* ABDCMDL01911300; ABDCMDL01911302; ABDCMDL01911322; ABDCMDL01911363; ABDCMDL01911371.

ABDC has not identified or withheld any documents responsive to this Request that are privileged, and therefore, Plaintiffs' request for an *in camera* hearing is premature. ABDC is still collecting and reviewing documents, and will continue to produce documents responsive to this Request on a rolling basis. To the extent ABDC identifies any privileged documents, it will log them in accordance with Federal Rule of Civil Procedure 26(b)(5).

**Combined Request No. 10.** Please produce all documents related to internal investigations referencing the distribution of prescription opioids in West Virginia.

There is no dispute here. Plaintiffs ask that each Defendant "clearly and concisely answer this request," which is a request to produce documents. ABDC has undertaken to do exactly that. ABDC and Plaintiffs recently agreed to search terms that are targeted at finding documents responsive to this request. ABDC has also made clear that it is not limiting its search for responsive documents to email custodial files. To the extent ABDC locates non-privileged responsive documents, they will be produced. Again, ABDC has never said otherwise, and Plaintiffs have never asked, which suggests that Plaintiffs' citation to Fortune rankings and other litigation is motivated by something other than a genuine desire to compel production of documents.

**Combined Request No. 11.** Please produce all presentations, including PowerPoints or slide decks, referencing the distribution of prescription opioids in West Virginia.

There is no dispute here. Again, discovery has just begun, and ABDC will continue to produce documents responsive to this Request to the extent they exist and are located after a diligent search of both custodial and non-custodial sources. Plaintiffs chide ABDC for referring to fourteen particular documents in its written responses, but ABDC was very clear in its responses that those were merely *examples* of diversion control presentations. ABDC's search is ongoing, including through the over three million pages of documents that ABDC produced in the MDL. It is not "inconceivable"—nor even surprising—that ABDC did not specifically identify every responsive presentation that it has produced or will produce.

Plaintiffs' motion is merely pretext to set forth their nine-page summary of documents produced by third-party Healthcare Distribution Alliance ("HDA"). For one thing, Combined Request No. 11 requests presentations "referencing the distribution of prescription opioids in West Virginia." It does not request documents related to HDA, which again suggests that Plaintiffs' submission is motivated by something other than securing the production of responsive documents. It is likewise illogical for Plaintiffs to express "deep[] concern[]" that ABDC did not produce documents that HDA—not ABDC—authored. Finally, to the extent Plaintiffs want documents related to HDA (though they did not request them in so many words), Plaintiffs and ABDC have agreed upon numerous search blocks to capture documents ABDC has in its possession, custody, or control related to HAD, which ABDC will produce on a rolling basis.

## CONCLUSION

ABDC respectfully requests that the Court deny Plaintiffs' Motion to Compel, and discourage the filing of such unnecessary motions in the future.

Dated: March 4, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Gretchen M. Callas*
　　　　　　　　　　　　　　　　　　　　A.L. Emch (WVSB #1125)
　　　　　　　　　　　　　　　　　　　　Gretchen M. Callas (WVSB #7136)
　　　　　　　　　　　　　　　　　　　　JACKSON KELLY PLLC
　　　　　　　　　　　　　　　　　　　　P. O. Box 553 Charleston, WV 25322
　　　　　　　　　　　　　　　　　　　　Telephone: (304) 340-1000
　　　　　　　　　　　　　　　　　　　　Email: aemch@jacksonkelly.com
　　　　　　　　　　　　　　　　　　　　Email: gcallas@jacksonkelly.com

　　　　　　　　　　　　　　　　　　　　*/s Robert A. Nicholas*
　　　　　　　　　　　　　　　　　　　　Robert A. Nicholas
　　　　　　　　　　　　　　　　　　　　Shannon E. McClure
　　　　　　　　　　　　　　　　　　　　**REED SMITH LLP**
　　　　　　　　　　　　　　　　　　　　1717 Arch Street, Suite 3100
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　Phone: (215) 851-8100
　　　　　　　　　　　　　　　　　　　　RNicholas@ReedSmith.com
　　　　　　　　　　　　　　　　　　　　SMcClure@ReedSmith.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2020, the foregoing was electronically filed with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record and may be obtained through the Court's CM/ECF System.

/s/ Gretchen M. Callas
A.L. Emch (WVSB #1125)
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
P. O. Box 553 Charleston, WV 25322
Telephone: (304) 340-1000
Email: aemch@jacksonkelly.com
Email: gcallas@jacksonkelly.com


/s Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Phone: (215) 851-8100
RNicholas@ReedSmith.com
SMcClure@ReedSmith.com