UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01665 |

### CARDINAL HEALTH, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Plaintiffs' Motion to Compel, Dkt. 169 ("Mot."), does not present a single live discovery dispute against Cardinal Health, Inc. ("Cardinal Health"). Indeed, Plaintiffs' motion is hardly a motion to compel at all, but rather a vehicle to articulate their views of Distributors' regulatory responsibilities, *see* Mot. at 3, 4, or to advance their characterizations of documents produced by a third party, *id.* at 10–15.

Two of the eight issues raised in Plaintiffs' motion do not concern Cardinal Health at all (Combined Requests No. 1 and 6). Another three of those issues (Combined Requests No. 2, 4, and 5) are moot based on Cardinal Health's agreement to supplement its discovery responses, even beyond what is required by the Federal Rules of Civil Procedure, in the interest of

1

cooperation. The remaining issues Plaintiffs raise are both meritless and premature. Discovery has just begun, and there is therefore no basis for Plaintiffs' requests that Distributors be compelled to "immediately" produce all responsive documents, Mot. at 4, or to certify that productions are complete. Thus, there is no dispute for this Court to resolve, and the Court should deny Plaintiffs' motion to compel Cardinal Health in its entirety.

**Combined Request No. 1**

Plaintiffs have not asked for any relief regarding this Request from Cardinal Health, which produced transactional data for the tri-state area of West Virginia, Ohio, and Kentucky shortly after it served its initial Responses and Objections to Plaintiffs' (First) Combined Discovery Requests. We have supplemented this response to identify that data by Bates range. *See* Cardinal Health, Inc.'s Supplemental Objections and Responses to Track 2 Plaintiffs' (First) Combined Discovery Requests (March 4, 2020) ("CAH Suppl. Responses").

**Combined Request No. 2**

Plaintiffs' motion to compel with respect to Request No. 2 against Cardinal Health is moot because Cardinal Health has agreed to supplement its response to Request No. 2 to identify policies and procedures for its suspicious order monitoring and anti-diversion programs in chronological order. *See* CAH Suppl. Responses.

Cardinal Health is agreeing to provide such a chronology in the interest of cooperation, although it has already provided all the information it is required to provide in response to Plaintiffs' Request, and more. Cardinal Health has already identified and produced to Plaintiffs policies relating to its SOM systems pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, which allows a party to point to already-produced records where the answer to a request "may be determined by examining, auditing, compiling, abstracting, or summarizing a

party's business records" and "the burden of deriving and ascertaining the answer will be substantially the same for either party." The burden of reviewing produced policies and procedures and putting them in chronological order is identical for Cardinal Health as for Plaintiffs, and Cardinal Health's discovery obligation stops there. In addition, Cardinal Health has also provided information regarding the dates of its SOM policies and procedures in written discovery requests; in the testimony of Cardinal Health's Rule30(b)(6) witness; and in written responses to Plaintiffs' 30(b)(6) topics. Thus, Cardinal Health's responses to date are more than sufficient.

**Combined Request No. 3**

Cardinal Health has already produced centralized records of orders placed by Cardinal Health customers in the City of Huntington and Cabell County that the company reported to the DEA and state regulators from November 19, 2010 to May 29, 2018. *See* CAH_MDL2804_0000013. It has also already responded that based on its investigation to date, Cardinal Health is not presently aware of any other centralized records for orders placed by Cardinal Health customers in the City of Huntington and Cabell County that the company reported to the DEA and state regulators before January 1, 2013. Cardinal Health has nevertheless supplemented its responses to state that to the extent that additional responsive documents can be located after a reasonable search, Cardinal Health will produce such documents. *See* CAH Suppl. Responses. For example, there may be additional responsive documents that have been or will be produced in custodial files and the burden of identifying those will be substantially the same for either party. Discovery has not closed, and there is therefore no basis for Plaintiffs' request that Cardinal Health "***immediately*** produce" all

3

documents responsive to this request or to certify that they have already produced the information. Mot. at 4 (emphasis added).

**Combined Request No. 4**

Plaintiffs' motion to compel with respect to Request No. 4 against Cardinal Health is moot because Cardinal Health has supplemented its response to identify the Bates ranges for centralized due diligence files for its customers in the City of Huntington and Cabell County. *See* CAH Suppl. Responses.

**Combined Request No. 5**

Plaintiffs' motion to compel with respect to Request No. 5 against Cardinal Health is moot because Cardinal Health has supplemented its response to identify the Bates ranges for the produced custodial files for Chris Lanctot (Vice President, Independent Sales) and Ray Carney (Director, Independent Sales). *See* CAH Suppl. Responses.

**Combined Request Nos. 6, 7, 8, and 9**

Plaintiffs have not asked for any relief regarding these Requests from Cardinal Health.

**Combined Request No. 10**

Cardinal Health's responses to this Request to date are sufficient. Cardinal Health has supplemented its response to state that (1) it has already produced documents responsive to this Request; (2) it will produce any non-privileged documents related to "internal investigations" of particular pharmacies in the City of Huntington or Cabell County on a rolling basis to the extent that they are in relevant non-custodial sources or hit on agreed-upon search terms; and (3) after conducting reasonable inquiries, it has not identified any additional non-privileged documents

4

responsive to this Request.[1] Cardinal Health has therefore already "clearly and concisely answer[ed] this Request," as Plaintiffs ask this Court to compel it to do. Mot. 7.

There is no basis for Plaintiffs' request that Cardinal Health be required to identify the Bates number for each responsive document in the approximately 1.4 million documents it has already produced, which goes beyond Cardinal Health's obligations under the Rules. The burden of running searches across Cardinal Health's productions is substantially the same for Plaintiffs as it would be for Cardinal Health.

**Combined Request No. 11**

Cardinal Health's responses to this Request to date are sufficient. Cardinal Health has supplemented its response to state that has already produced documents responsive to this request and that it will produce relevant, non-privileged documents on an ongoing and rolling basis to the extent there are any in relevant non-custodial sources or hit on agreed-upon search terms.

Plaintiffs' request that Cardinal Health be required to identify the Bates number for each responsive document in the approximately 1.4 million documents it has already produced goes beyond Cardinal Health's obligations under the Rules because the burden of running searches across Cardinal Health's productions is the same for Plaintiffs as it would be for Cardinal Health. Likewise, their request for an order compelling Distributor Defendants "to produce all documents in their possession, custody and/or control which discuss the opioid epidemic in West Virginia" goes beyond the terms of this Request on its face. Finally, it is notable that Plaintiffs devote six single-spaced pages of their Motion to a self-serving summary of documents produced by a third party, Healthcare Distribution Alliance ("HDA"). Although Plaintiffs vaguely express

---

[1] To the extent Cardinal Health later identifies additional, relevant, non-privileged documents responsive to Request No. 10, it will supplement this response and produce those documents.

concern that none of the documents responsive to Request No. 11 produced by Distributor Defendants "reflect these conversations," Mot. at 10, Plaintiffs point to no basis to believe that such hypothetical documents exist in Cardinal Health's files and are being withheld. Cardinal Health and Plaintiffs agreed to the use of certain search terms, including terms relating to HDA, and Cardinal Health is using those terms to identify and produce responsive and non-privileged documents. Therefore, there is no live dispute regarding discovery from Cardinal Health in connection with this Request.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel Cardinal Health should be denied.

Dated: March 4, 2020

Respectfully submitted,

/s/ *Michael W. Carey*
Michael W. Carey (WVSB #635)
David R. Pogue (WVSB #10806)
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com
**Counsel for Cardinal Health, Inc. in The City of Huntington action**

/s/ *Steven R. Ruby*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752) Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555

Facsimile: (304) 342-1110
bglasser@baileyglasser.com
sruby@baileyglasser.com
rfranks@baileyglasser.com
***Counsel for Cardinal Health, Inc. in Cabell County action***

Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW Washington,
DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
***Counsel for Cardinal Health, Inc.***

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,

        Plaintiff,

v.                                                  Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, et al.

        Defendants.

---

CABELL COUNTY COMMISSION,

        Plaintiff,

v.                                                    Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, et al.

        Defendants.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th day of March, 2020, the foregoing "Cardinal Health, Inc.'s Opposition to Plaintiffs' Motion to Compel" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                         /s/ Michael W. Carey
                                                                         Michael W. Carey (WVSB No. 635)