IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                            CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                              CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

**AMERISOURCEBERGEN DRUG CORPORATION'S RESPONSE
TO PLAINTIFFS' MOTION TO COMPEL RE PRIVILEGE CLAIMS**

    COMES NOW Defendant, AmerisourceBergen Drug Corporation ("ABDC"), and submits this Response to Plaintiffs' Motion to Compel seeking to require ABDC to withdraw its claim of privilege regarding certain documents produced by ABDC during Track 1 of the opioid multi-district litigation, *In re National Prescription Opiate Litigation,* No. MDL 2804 (N.D.OH) (the "Motion"). As set forth below, and as reflected in Plaintiffs' Motion, there is no ripe discovery dispute before the Court, and Plaintiffs seek to have the Court compel that which ABDC has already agreed to do. The essence of Plaintiffs' Motion is that they want the Court to compel ABDC to act faster. But there is no exigency to what Plaintiffs seek from ABDC –

review and reconsideration of the documents ABDC designated as privileged during the MDL Track 1 litigation – and thus, no need for this Court to impose arbitrary deadlines on ABDC to complete that work. For these reasons, Plaintiffs' Motion should be denied.

### A. BACKGROUND

During the course of discovery in Track 1 of the MDL, ABDC produced approximately 74,000 documents to the Track 1 plaintiffs.[1] As part of that production, ABDC also prepared and produced privilege logs containing, in the aggregate, approximately 7,000 entries. ABDC's privilege logs were the subject of several discussions between ABDC and the Track 1 plaintiffs, including several challenges by the Track 1 plaintiffs, some of which required resolution by the Special Master appointed to address discovery in that action. As a result of those discussions, challenges, and rulings – as well as a number of unilateral decisions made by ABDC – approximately 1,800 of the entries from the privilege logs were downgraded; *i.e.*, either a withheld or redacted document was produced in full, a withheld document was produced with redactions, or a redacted document was produced with fewer redactions.

Since the settlement of the Track 1 litigation in late October 2019, discovery activity in opioid-related litigation across the country has increased exponentially. As a result, ABDC is responding to discovery requests proffered in dozens of opioid-related cases, requiring the collection, review, and production of documents in numerous jurisdictions, including the instant action. For context, while ABDC produced approximately 74,000 documents over a 12-month period during Track 1 discovery, during just the last four months – from November 1, 2019 to March 2, 2020 – ABDC has produced 445,387 documents (*6 times* the amount). Further, to identify the 445,387 documents produced, ABDC has reviewed nearly 1.5 million documents.

---

[1] The Track 1 plaintiffs consisted of the cities of Cleveland and Akron, OH, and the counties of Cuyahoga and Summit, OH.

- 3 -

During that same period, ABDC has prepared and produced 27 separate privilege logs, and is currently working on 8 additional privilege logs associated with those document productions.

On November 8, 2019, notwithstanding the settlement of the Track 1 litigation, the Track 1 plaintiffs presented ABDC with a set of challenges to 256 of the entries on ABDC's Track 1 privilege logs (the "November challenges"). ABDC responded to those challenges in two tranches, on December 26, 2019 and January 17, 2020, advising plaintiffs that the subject documents had already been produced with respect to 36 of the entries, maintaining privilege designations (in whole or in part) for 41 entries, and withdrawing the privilege designation in full for 168 entries.

On December 10, 2019, without even waiting for ABDC to respond to the November challenges, the Track 1 plaintiffs served another set of challenges, this time to an additional 50 entries on ABDC's Track 1 privilege logs (the "December challenges"). ABDC's counsel has advised counsel for Plaintiffs that ABDC has been working on its response to the December challenges. Notwithstanding that representation, and Plaintiffs' acknowledgement that "the parties have worked well together to resolve thousands of ABDC privilege claims," Plaintiffs have brought their Motion to Compel.

### B. DISCUSSION

Through the myriad document productions and privilege logs served by ABDC since resolution of the Track 1 claims, ABDC has worked diligently to apply the guidance provided by the rulings and orders regarding privilege that issued during Track 1. As reflected above, the burden on ABDC to do so has been immense. Since the Track 1 settlement, ABDC has reviewed nearly 1.5 million documents, produced nearly 450,000 documents, prepared 27 separate privilege logs, and continues to work on 8 additional logs. All of these numbers will continue to

increase as ABDC proceeds with document productions not only in the instant action, but also in dozens of additional opioid-related cases pending across the nation. This is simply the reality faced by ABDC as it attempts also to respond to Plaintiffs' December challenges, and to move forward with reevaluation of its Track 1 privilege log entries in light of the rulings and orders issued during Track 1.

ABDC has never refused to respond to the December challenges, nor has ABDC contended that it will not review its Track 1 log entries in light of the privilege-related rulings from Track 1. But ABDC faces the immense logistical challenge of performing those tasks while also satisfying its discovery obligations in the other pending actions. While Plaintiffs contend that there is a "logjam" created by ABDC's failure to address the challenges and re-evaluate its Track 1 log entries, they fail to explain why ABDC should prioritize the reevaluation of privilege determinations made in a settled matter (Track 1) over its ongoing efforts to produce documents and evaluate privilege issues in *this* action and in the numerous additional actions that ABDC is actively litigating.

The parties are in the midst of Track 2 discovery. Only last week did the Court establish the pre-trial deadlines that will apply to this action, including the close of written discovery on April 30, 2020. And, for those documents produced at the end of the discovery period, privilege logs are not due until 45 days thereafter; *i.e.*, by June 14. To the extent that Plaintiffs assert that the privilege determinations from Track 1 are relevant to the current Track 2 litigation, then the deadlines established for Track 2 should control.

To that end, ABDC represents that it will serve its responses to the December challenges no later than March 31, 2020. And with respect to ABDC's re-evaluation of its remaining Track 1 privilege determinations – by application of the Track 1 rulings and orders regarding privilege

- 4 -

– ABDC shall serve Plaintiffs with the results of that exercise by the close of document discovery; *i.e.*, by April 30, 2020.

Given (i) the absence of any actual controversy between the parties, (ii) the pre-trial deadlines established for this action, and (iii) ABDC's representations that it will complete the relevant tasks by the April 30 document discovery deadline, there is simply no basis for Plaintiffs' Motion and it should be denied.

## CONCLUSION

For the reasons set forth above, ABDC respectfully requests that the Court deny Plaintiffs' Motion to Compel.

Dated:  March 9, 2020    Respectfully submitted,

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
P. O. Box 553 Charleston, WV 25322
Telephone: (304) 340-1000
Email: gcallas@jacksonkelly.com

*/s Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Phone: (215) 851-8100
RNicholas@ReedSmith.com
SMcClure@ReedSmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020, the foregoing was electronically filed with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record and may be obtained through the Court's CM/ECF System.

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
P. O. Box 553 Charleston, WV 25322
Telephone: (304) 340-1000
Email: gcallas@jacksonkelly.com

*/s Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Phone: (215) 851-8100
RNicholas@ReedSmith.com
SMcClure@ReedSmith.com

4812-4284-1014.v1