```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

**THE CITY OF HUNTINGTON,**

    Plaintiff,

v.                                          CIVIL ACTION NO. 3:17-01362

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    Defendants.
_____

**CABELL COUNTY COMMISSION,**

    Plaintiff,

v.                                          CIVIL ACTION NO. 3:17-01665

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    Defendants.
_____

## ORDER OF APPOINTMENT

This court requested from the parties suggestions regarding the appointment of a Special Master to aid with discovery matters and/or disputes. Having considered the parties' submissions on the issue, and with the parties' consent, the court enters this Order of Appointment, pursuant to Fed. R. Civ. P. 53(a)(1)(A).

I. <u>Appointment of Special Master</u>

The court appoints the Honorable Christopher C. Wilkes as Special Master.

This appointment is made pursuant to Fed. R. Civ. P. 53 and the inherent authority of the court. As Rule 53 requires, the court hereby sets forth below the duties and term of the Special Master and reasons for appointment. The court orders the Special Master to "proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2).

II. Rule 53(b)(2)

Rule 53 requires an order of appointment to include certain contents. The following discussion sets forth the matters required.

    A.  *Special Master's Duties*

Rule 53(a)(1)(A) states that the court may appoint a Special Master to "perform duties consented to by the parties." In addition, Rule 53(a)(1)(C) allows the court to appoint a Special Master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Consistent with this legal authority and the needs of the court, the Special Master shall have the authority to: 1) resolve discovery conflicts; 2) assist with issues raised by electronically stored information, native formats, and meta data; 3) monitor depositions; and 4) resolve privilege issues.

B.  *Communications with the Parties and the Court*

Rule 53(b)(2)(B) directs the court to set forth "the circumstances, if any, in which the [Special Master] may communicate ex parte with the court or a party." The Special Master may communicate ex parte with the court at his discretion, without providing notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters. The Special Master may communicate ex parte with any party or its attorney regarding logistics, including scheduling and other procedural matters, in order to ensure the efficient administration and management of the litigation. The Special Master may not engage in ex parte communication regarding substantive matters with the parties.

C.  *Special Master's Record*

Rule 53(b)(2)(c) states that the court must define "the nature of the materials to be preserved and filed as a record of the [Special Master's] activities." The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of the activities and matters worked upon. If the court asks a Special Master to submit a formal report or recommendation regarding any matter, the Special Master shall submit such report or recommendation in writing, for filing on the case docket. The Special Master need not preserve for the record any documents created by the Special

Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case.

    D.   *Review of the Special Master's Rulings*

Rule 53(b)(2)(D) directs the court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the [Special Master's] orders, findings, and recommendations."  The Special Master shall either:  (1) reduce any formal order, finding, report, ruling, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing ("ECF"); or (2) issue any formal order, finding, report, ruling, or recommendation on the record before a court reporter.

Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Special Master within 7 calendar days of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Special Master's orders, findings, reports, rulings, or recommendations.  Absent timely objection, the orders, findings, reports, rulings, and recommendations of the Special Master shall be deemed approved, accepted, and ordered by the court, unless the court explicitly provides otherwise.

If a Special Master issues an informal ruling or order that is not on the record (such as the resolution of a discovery

dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the patty shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter. Such request shall be made within three days of issuance of the informal order or ruling or the opportunity to object shall be waived. The procedures and deadlines outlined in this section shall then apply.

As provided in Rule 53(f)(4) and (5), the court shall decide de novo all objections to conclusions of law made or recommended by the Special Master; and the court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. The court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above. To the extent the Special Master enters an order, finding, report, ruling, or recommendation regarding an issue of fact, the court shall review such issue de novo, if any party timely objects pursuant to the Rules and within the 7 calendar day time period set forth herein. See Rule 53(f)(3). Failure to meet this deadline results in permanent waiver of any objection to the Special Master's findings of fact.

E.   *Compensation*

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the [Special Master's] compensation."  See also Rule 53(g) (addressing compensation). The Special Master shall be compensated at the rate of $500 per hour, with defendants bearing 50% of this cost and plaintiffs bearing 50% of this cost.  The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the court may issue.  The court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay."  Rule 53(a)(3).

From time to time, on approximately a monthly basis, the Special Master shall file an Itemized Statement of fees and expenses (not to include overhead).  The Special Master shall file with his Itemized Statements a Summary Statement, which shall list only the total amount billed and shall contain a signature line for the court, accompanied by the statement "approved for disbursement."  If the court determines the Itemized Statement is regular and reasonable, the court will sign the corresponding Summary Statement and transmit it to the parties.  The parties shall then remit to the Special Master their proportionate share of any court-approved amount, within 20 calendar days of court approval.

6

F.  *Other Matters*

1.  <u>Affidavit</u>

Rule 53(b)(3)(A) notes that the court may enter an Order of appointment "only after the [Special Master] files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455." <u>See also</u> Rule 53(a)(2) (discussing grounds for disqualification).  This Order shall become effective on the date on which Special Master Wilkes files with the court an affidavit disclosing there is no ground for his disqualification under 28 U.S.C. § 455 or, if a ground for disqualification is disclosed, that the parties have consented subject to the court's approval to waive the disqualification.[1]

2.  <u>Cooperation</u>

The parties and their counsel, including their successors in office, agents, and employees, shall provide full cooperation to the Special Master, and any staff or consultant employed by the Special Master, and observe faithfully the requirements of any orders of the court and rulings by the Special Master.  The parties shall timely comply with rulings of the Special Master issued pursuant to this Order.  Pursuant to Rule 53(c)(2), the Special Master may, if appropriate, "impose on a party any non-contempt sanction provided by Rule 37 or 45 and may recommend

---

[1] The Clerk is directed to file Judge Wilkes's affidavit as an exhibit to this Appointment Order.

a contempt sanction against a party and sanctions against a nonparty."  As an agent and officer of the court, the Special Master (and those working at their direction) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.[2]

       3.   <u>Access to Information</u>

The parties will make readily available to the Special Master any and all individuals, information, documents, materials, programs, files, databases, services, facilities, and premises under their control that the Special Master requires to perform his duties.  The parties will make readily available to the Special Master any and all facilities, files, databases, computer programs, and documents necessary to fulfill the Special Master's functions under this Order.

The Special Master may require reports from any party in a format specified by the Special Master, as reasonably required to enable the Special Master to perform all assigned duties.

The Clerk is directed to send copies of this Order to counsel of record.

       **IT IS SO ORDERED** this 9th day of March, 2020.

ENTER:   *David A. Faber*
David A. Faber
Senior United States District Judge

---

[2] <u>See, e.g.</u>, <u>Atkinson-Baker & Assocs., Inc. v. Kolts</u>, 7 F. 3d 1452, 1454-55 (9th Cir. 1993) (applying the doctrine of absolute quasi-judicial immunity to a Special Master).