UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CITY OF HUNTINGTON,**<br>    Plaintiff,<br>v.<br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**<br>    Defendants. | **CIVIL ACTION NO. 3:17-01362** |
| **CABELL COUNTY COMMISSION,**<br>    Plaintiff,<br>v.<br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**<br>    Defendants. | *Consolidated case:*<br>**CIVIL ACTION NO. 3:17-01665** |

### PLAINTIFFS CITY OF HUNTINGTON AND CABELL COUNTY COMMISSION'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL

COME NOW Plaintiffs, CITY OF HUNTINGTON and CABELL COUNTY COMMISSION, and submit this Reply in Support of their Motion to Compel Discovery against Defendants AmerisourceBergen Drug Corporation ("ABC") and Cardinal Health, Inc. ("CAH") (collectively referred to as "Distributor Defendants") pursuant to Rule 37 of the Federal Rules of Civil Procedure.

On February 21, Plaintiffs filed their Motion to Compel seeking an order compelling ABDC and Cardinal Health to provide complete responses to Plaintiffs' First Combined Discovery Requests served last November. Since Plaintiffs filed their motion, ABDC and Cardinal each supplemented their responses to Plaintiffs' discovery requests and made additional productions, but neither their supplemental discovery responses nor responses to Plaintiffs' motion resolve all issues raised by Plaintiffs. The remaining disputes are addressed in turn below.

> **Combined Request No. 1: Please produce all transactional data related to the distribution of prescription opioids arising out of CT2 from January 1, 1996, to the present.**

ABDC still has not fully complied with Request No. 1. ABDC produced additional transactional data for Kentucky but for the limited period of 2010-2018. ABDC still has not produced transactional data back to 1996 for each of West Virginia, Ohio, and Kentucky. A deadline is necessary at this point, as ABDC has failed to fully respond to this request, now more than three months since service of Plaintiffs' Combined Discovery.

> **Combined Request No. 2:** Please identify in chronological order the title of each Suspicious Order Monitoring System (SOMS) policy in force from January 1, 1996, to the present and produce a copy of the same. After each entry, please identify the Bates range which corresponds to each policy to enable a jury to correlate each policy in your written answer to each document produced.

In its February 26 supplement, ABDC provided the requested information. Cardinal has not. After weeks of correspondence and meeting and conferring on this issue, and contrary to what it told the Court what it was able to do at the parties' January 27 discovery conference,[1] Cardinal supplemented its response to the request on March 4 only to indicate that it *would* identify the suspicious order monitoring and anti-diversion policies in chronological order. Cardinal has not yet identified those policies.

Plaintiffs are unable to establish the chronology and evolution of the Distributors' policies by the date on the face of the policies alone or the testimony provided on this issue. Some policies appear to indicate when they went into effect, but they do not give any indication when they were replaced or eliminated. Also, Cardinal previously directed Plaintiffs to a spreadsheet identifying its CT1 trial exhibits for a chronology of its policies. As Plaintiffs pointed out to Cardinal, the dates supplied in that list do not all match the dates on the face of the policies. Finally, while Cardinal's other discovery responses, written responses to 30(b) topics, and testimony provide additional clues regarding when what policies were in place, they do not cover the full array of

---

[1] The conference was held before Magistrate Judge Omar Aboulhosn.

Cardinal's suspicious order monitoring policies. It is only appropriate that Cardinal be ordered to complete this task, which Cardinal has now agreed to do by March 31, 2020.

> **Combined Request No. 3:** Please identify each suspicious order you reported to any regulatory body, including the DEA and/or the West Virginia Board of Pharmacy, arising out of CT2 and produce all documents related thereto. After each entry, please identify the Bates range which corresponds to each suspicious order to enable a jury to correlate each suspicious order in your written answer to each document produced.

Reporting or failing to report suspicious orders is the focus of Plaintiffs' case against each of the "Big 3" Distributor Defendants. It should be no surprise that Defendants would be required to produce all suspicious order data they reported to authorities. Neither Cardinal nor ABDC have indicated that they have completed these productions or identified all suspicious order data responsive to this request. ABDC's productions responsive to this request are ongoing. It has only produced spreadsheets identifying orders it claims to have reported. It has not yet produced the documents submitted to the West Virginia Board of Pharmacy or the DEA related to each order reported. Plaintiffs must have a date certain by which this production will be completed by Defendants.

Cardinal, like ABDC, only provides a spreadsheet of what they identified as "centralized records for orders placed by Cardinal Health customers in" CT2. Cardinal also states that there may be additional responsive documents produced in custodial files. If that is the case, Cardinal needs to identify those documents. Plaintiffs know, for example, that pursuant to Cardinal's 2006 Corporate Quality Regulatory Compliance Manual each distribution center reported its own suspicious orders and was supposed to maintain copies of such orders "in the facility's suspicious order file."

> d.) On a daily basis, each facility shall monitor and identify individual orders that appear excessive in relation to what other customers are buying and/or the customer's purchase history.
>
> i.) The facility shall notify the local DEA field office, if possible before the order is shipped.
>
> ii.) A copy of all such orders must be maintained in the facility's suspicious order file.
>
> iii.) A Regulatory Agency Contact Form (**Form FC04.00**) must be completed, noting any specific instructions from the DEA.

*See* CAH_MDL_PRIORPROD_DEA07_01188147, 52. Further, the burden of identifying those responsive documents is not the same for Plaintiffs as it is Cardinal. Cardinal should know its own records well enough to allow it to identify any additional suspicious orders reported for CT2. The methods Cardinal contends it used to report suspicious orders have varied over time. The forms used, if any, varied, and at different times each distribution center was responsible for reporting suspicious orders itself. It is up to Cardinal to identify all suspicious orders it reported. If it cannot identify any more, Cardinal should certify that its productions related to this request are complete.

Given the finite number of reported suspicious orders, this task should be simple. Plaintiffs respectfully request an order compelling each Defendant to immediately produce and identify by Bates number all suspicious orders responsive to this request or certify that they have already produced the information, identifying all relevant Bates numbers.

> **Combined Request No. 4**: **Please produce the due diligence file for each of your customers in CT2. Please identify the Bates range which corresponds to each due diligence file to enable a jury to correlate each due diligence file to each of your customers.**

Neither ABDC nor Cardinal have completed their productions responsive to Request No. 4. Cardinal supplemented its responses with the Bates ranges for due diligence files for CT2 customers but stated that it would continue to produce additional documents it locates. A date certain for complete responses to this request is necessary. Plaintiffs' experts will review and analyze each Distributor's due diligence files in the process of developing their opinions of the

4

Distributors' anti-diversion and suspicious order monitoring programs. The documents need to be produced well enough in advance of the expert designation deadline to allow our experts the opportunity for a complete review of the Distributors' records.

> **Combined Request No. 5:** Please identify each sales representative(s) responsible for the CT2 territory and produce the custodial file for each. Please identify the Bates range which corresponds to each custodial file to enable a jury to correlate each name in your written answer to each custodial file produced.

Cardinal supplemented its response to this request, but it has not provided everything requested. While Cardinal identified two individuals responsible for sales in CT2, and produced at least part of their custodial files, it did not identify in its response to Request No. 5 two additional individuals that Cardinal identified previously – Matt Patton, who Cardinal identified as the Pharmacy Business Consultant (salesperson) for the City of Huntington and Cabell County, and Jim Scott, who was responsible for Cardinal's relationship with chain pharmacies. Cardinal has produced at least part of Jim Scott's custodial file, but it has not produced a custodial file for Matt Patton. We ask that an order be entered compelling Cardinal to produce all remaining responsive custodial files and supplement its response to Request No. 5 to identify Matt Patton and Jim Scott.

> **Combined Request No. 10:** Please produce all documents related to internal investigations referencing the distribution of prescription opioids in West Virginia.

Plaintiffs are entitled to know whether the Distributor Defendants conducted any internal investigation regarding distribution practices within West Virginia. If not, the answer should be "none." Neither ABDC nor Cardinal have fully responded to this request. Cardinal supplemented its response on March 4 to state that it has produced responsive documents but fails to identify any except document CAH_MDL_PRIORPROD_HOUSE_0003331, a 2013 report by its Board of Directors' Special Demand Committee. Likewise, ABDC has not identified any responsive documents, but it has not certified that it has none.

5

As previously stated, both Cardinal and ABDC were sued by the West Virginia Attorney General in 2012, sued by West Virginia counties in 2017, and were subject to Congressional hearings regarding in 2018 regarding distribution of opioids in West Virginia. It is unfathomable that any of these matters independently not would have prompted internal investigations regarding opioid distribution practices and if there were, they were likely done in the last few years.

In its response to Plaintiff's Motion to Compel, Cardinal stated that it would produce documents related to internal investigations of pharmacies in Cabell County and the City of Huntington. This is improper both pursuant to the scope of Request No. 10 and Judge Polster's December 26, 2019 Evidentiary Order entered in MDL 2804, which held that what occurred outside of the Plaintiffs' geographic area is relevant to Defendants' conduct within the area. *See* Doc. 3052, 1:17-md-02804, p. 8. The Court further stated that "[t]his is particularly true because there is evidence that Defendants acted pursuant to practices and policies that were national in scope." *Id*. Cardinal must produce any responsive documents for all related to all pharmacies in West Virginia.

Either Cardinal and ABDC have responsive documents or they do not. Given the subject matter of the type of documents sought here, they ought to be readily identifiable by Defendants if they exist. If they do not, Defendants should state as much. We ask that an order be entered which compels each Distributor Defendant to clearly and concisely answer this request. We further request that if the Distributor Defendants have indeed already produced responsive documents that they be required to identify to Plaintiffs the Bates number for each document.

**Combined Request No. 11:   Please produce all presentations, including PowerPoints or slide decks, referencing the distribution of prescription opioids in West Virginia.**

As with Request No. 10, Cardinal and ABDC both admit they have and have produced responsive documents, but they have chosen to only specify a limited example of such documents. In their Motion, Plaintiffs identified two ABDC documents (ABDCMDL00269301 &

ABDCMDL00269293) responsive to this request. ABDC still has not supplemented its response to include even those documents. Cardinal has also produced similar documents that it did not identify in response to Request No. 11.



> **State & County Activity**
> - Statewide *Highlights*:
>   – Washington: HB1047
>   – Oregon: HB2386 / HB2645 / 1267
>   – Connecticut: 21 opioid abuse bills in committee this Friday.
> - Current County Disposal Ordinance Highlights:
>   – Contra Costa County, CA
>   – Cook County, IL
>   – Kitsap County, WA
>   – Tacoma-Pierce County, WA
>   – Erie County, NY
> - **West Virginia Suspicious Order Reporting: TBD**

CAH_MDL2804_01399968, 01400000. Plaintiffs request an order compelling Cardinal and ABDC to identify by Bates number all responsive documents it possesses, identify any such documents Defendants assert are privileged, and/or certify that they have no responsive documents other than those already identified.

Dated: March 10, 2020

    Respectfully submitted,

    Plaintiffs,

    THE CITY OF HUNTINGTON and
    CABELL COUNTY COMMISSION

    /s/ *Michael J. Fuller, Jr.*
    Michael J. Fuller, Jr. (WV Bar No. 10150)
    **McHUGH FULLER LAW GROUP, PLLC**
    97 Elias Whiddon Rd.
    Hattiesburg, MS  39402
    T: 601-261-2220
    F: 601-261-2481
    mike@mchughfuller.com

        Paul T. Farrell, Jr. (WVSB No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
P.O. Box 1180
Huntington, WV  25714-1180
Tel:  304-654-8281
paul@farrell.law

Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel:  843-216-9000
Fax:  843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

Mark Pifko (admitted *pro hac vice*)
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Los Angeles, CA 91436
Tel: 818-839-2333
mpifko@baronbudd.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on March 11, 2020, a copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL** has been filed electronically using the Court's CM/ECF system and will be served *via* the Court's CM/ECF filing system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

                                                           */s/  Michael J. Fuller, Jr..*
                                                            Michael J. Fuller, Jr.