# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-01362 |
| vs. | |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.*, | |
| Defendants. | |
| CABELL COUNTY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-01665 |
| vs. | |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.*, | |
| Defendants. | |

**DEFENDANTS WALGREENS BOOTS ALLIANCE, INC., WALGREEN CO., AND WALGREEN EASTERN CO., INC.'S INITIAL NOTICE REGARDING POTENTIAL NON-PARTY FAULT UNDER W. VA. CODE § 55-7-13d**

Defendants Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc. ("Walgreens") submit this Notice of Nonparty Fault ("Notice") pursuant to W. Va. Code § 55-7-13d, which allows for fault of a nonparty to be considered if a defending party provides notice within 180 days of service of process.[1]  The defendant must provide "the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault."  W. Va. Code § 55-7-13d.

---

[1] Walgreens is filing this Notice of Non-Party Fault out of an abundance of caution. Walgreens specifically does not waive any defenses it may have including, but not limited to, lack of personal jurisdiction.

While the Northern District of Ohio's moratorium on all substantive filings, *see* MDL Dkt. 70, has relieved Walgreens of having to file any such notices in the MDL, and while Walgreens has been severed from the Track Two proceedings, *see* MDL Dkt. 2990, which separately relieves Walgreens of having to file any notice at this time, Walgreens nonetheless submits this Notice in an abundance of caution to preserve its rights under the statute.  By filing this Notice, Walgreens does not concede: (1) that such Notice must be filed at this time; or (2) that such Notice is required at all in these federal proceedings.  Walgreens reserves the right to amend this Notice at a later date as more information becomes known to it.

Because Walgreens has been severed from these cases and has not engaged in adequate discovery specific to these cases, it does not possess the knowledge or information necessary to fully identify nonparties at this time.  Under the circumstances, the best identification Walgreens can make is to identify categories of nonparties for which fault should be considered, along with a brief statement as to why the nonparties in those categories are at fault.  This Court has previously allowed defendants to list nonparties by category in their initial notice.  *See* ECF No. 92, at 2, No. 1:17-op-45053-DAF (S.D. W. Va. Sept. 18, 2017).

Walgreens identifies the following categories of nonparties at fault:

I. **IMPORTERS, DISTRIBUTORS, SELLERS, PURCHASERS AND USERS OF ILLEGAL DRUGS**

Throughout the Third Amended Complaints, Plaintiffs makes allegations related to the diversion of prescription opioids as well as the use of heroin and other illegal drugs.  To the extent Plaintiffs have suffered harm due to opioid use or abuse, individuals and entities involved in prescription drug diversion, illegal drug sales, or the use of diverted/illegal drugs caused or contributed to Plaintiffs' injuries.  Accordingly, Walgreens identifies, as a category of nonparties at fault, individuals and entities involved in diverted/illegal drug sales or use, including

importers, distributors, sellers of illegal drugs and/or diverted prescription drugs in and around Plaintiffs' communities, as well as purchasers and users of illegal drugs and/or diverted prescription drugs in and around Plaintiffs' communities, and individuals or entities that otherwise contributed to opioid diversion through forgery, fraud, theft, or any other means.

## II.  PRESCRIBING PRACTITIONERS AND ASSOCIATED MEDICAL PROVIDERS

Walgreens does not determine whether any given patient should receive a prescription for opioid medications.  Doctors and other health care providers do that.  To the extent prescribers of opioids illegally dispensed opioids themselves or issued prescriptions without a legitimate medical purpose, including prescribers who operated "pill mills" or who otherwise issued illegitimate prescriptions, those actions caused or contributed to Plaintiffs' alleged injuries, if any.  Accordingly, Walgreens identifies, as a category of nonparties at fault, prescribing practitioners and associated medical providers who wrote opioid prescriptions, in West Virginia and elsewhere, that caused Plaintiff's alleged damages, as well as entities that supervised or oversaw such practitioners.

## III.  NONPARTY PHARMACEUTICAL MANUFACTURERS

Pharmaceutical manufacturers develop, manufacture, label, advertise, and market prescription opioids.  To the extent prescription opioids caused any injury to Plaintiffs based on any acts or omissions of manufacturers not named as defendants in this action—including but not limited to the dispensing or distribution of medications due to inadequate instructions, inadequate warnings, or false or misleading advertising and promotion of prescription opioids—fault must be apportioned to those nonparty manufacturers.  Accordingly, Walgreens identifies, as a category of nonparties at fault, nonparty manufacturers of opioids.

### IV. NONPARTY PHARMACEUTICAL DISTRIBUTORS

While Plaintiffs name various distributors in the Third Amended Complaints, discovery may reveal that there are other pharmaceutical distributors not named in the Third Amended Complaints that distributed prescription opioids in or around Plaintiffs' communities or otherwise caused injury in Plaintiffs' communities. To the extent prescription opioids caused Plaintiffs any injury, those opioids may have been distributed, at least in part, by distributors other than those named in the Third Amended Complaint. Accordingly, Walgreens identifies, as a category of nonparties at fault, other pharmaceutical distributors not already named as defendants in this action.

### V. FEDERAL, STATE, AND LOCAL GOVERNMENTS

At the federal level, the prescription opioids that Walgreens formerly distributed are regulated by multiple federal agencies. The Food and Drug Administration has approved prescription opioids as safe and effective. The U.S. Drug Enforcement Administration has regulatory authority over prescription opioids under the Controlled Substances Act, and the Federal Bureau of Investigation also has authority to enforce the Controlled Substances Act.

At the state level, the West Virginia Board of Medicine, West Virginia Board of Osteopathic Medicine, West Virginia Board of Dentistry, and West Virginia Board of Examiners for Registered Professional Nurses are responsible for licensing practitioners who prescribe opioids in and around Plaintiffs' communities. The West Virginia Board of Pharmacy also regulates prescription opioids. The West Virginia State Police, the sheriff's department, and local law enforcement are responsible for investigating and enforcing laws related to illegal drug sales and abuse.

Federal, state, and local governments, through their respective executive and legislative branches, as well as regulatory agencies, have the ability to regulate the use, prescription, and

dispensing of prescription opioids. They have the ability to identify sources of prescription opioid diversion and heroin distribution, and they have the ability and responsibility to provide access to treatment and other means of recovery for those abusing opioids. Discovery will show the degree to which any of these entities failed to undertake timely and effective action causing or contributing to the harm alleged by Plaintiffs. Accordingly, Walgreens identifies, as a category of nonparties at fault, federal, state, and local governments and their component branches, departments, and agencies.

## VI. HEALTH INSURERS AND OTHER THIRD-PARTY PAYORS

Health insurers and third-party payors, including without limitation private companies, welfare and benefit plans, and multi-employer and other trust funds that provide health and welfare benefits, as well as Medicare, Medicaid, and the state and federal agencies that administer these and other government programs, including the West Virginia Department of Health and Human Resources, Bureau for Medical Services and the Centers for Medicare and Medicaid Services, make prescription coverage decisions, either on their own or in concert with PBMs and drug manufacturers, based on pricing, incentives, and rebates—decisions that may have had the effect of driving patients to opioids and away from alternatives, such as, without limitation, abuse-deterrent formulations of opioids, less addictive forms of analgesics, and physical therapies for pain that do not require prescription drug therapies. Health insurers and other third-party payors may have therefore made it more difficult for patients to obtain, and/or to obtain coverage for, medications and other therapies that are less addictive. In addition, health insurers and other third-party payors may have had access to, or maintained, data reflecting which doctors misprescribed or overprescribed opioid medications, which pharmacies dispensed those medications, and which patients misused them, but may have failed to act on that

information.  Accordingly, Walgreens identifies, as a category of nonparties at fault, health insurers and other third-party payors.

## VII. PHARMACY BENEFIT MANAGERS

Pharmacy Benefit Managers ("PBMs") are brokers that influence the drug products used and prescribed most frequently.  PBMs control the dissemination of opioids and other non-opioid alternatives through their determination of rebates and incentives for specific drugs, in cooperation with manufacturers and pharmacies.  With this market control, PBMs are able to use health insurance companies' formularies to ensure that health insurers select only the drugs in favor with the PBMs for insurance coverage.  Where PBMs influence coverages, specific drugs not covered may not enter the marketplace, others will be disfavored in the marketplace, and specific drugs that are favored may be overprescribed.  Accordingly PBMs' decisions may have had the effect of driving patients to opioids and away from alternatives, such as, without limitation, abuse-deterrent formulations of opioids, less addictive forms of analgesics, and physical therapies for pain that do not require prescription drug therapies.  PBMs may have therefore made it more difficult for patients to obtain, and/or to obtain coverage for, medications and other therapies that are less addictive.  In addition, PBMs may have had access to, or maintained, data reflecting which doctors misprescribed or overprescribed opioid medications, and which patients misused them, but may have failed to act on that information.  Accordingly, Walgreens identifies, as a category of nonparties at fault, PBMs.

Dated:  March 16, 2020  Respectfully submitted,

/s/ *Robert H. Akers*
Bryant S. Spann (WVSB #8628
Robert H. Akers (WVSB #9622)
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
Charleston, WV  25301
Tel:  304.414.1800
Fax: 304.414.1801
E-Mail: rakers@tcspllc.com
        bspann@tcspllc.com
*Counsel for Defendants Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this 16th day of March, 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

        s/ *Robert H. Akers*
        Bryant S. Spann (WVSB #8628
        Robert H. Akers (WVSB #9622)
        THOMAS COMBS & SPANN, PLLC
        300 Summers Street, Suite 1380
        Charleston, WV  25301
        Tel:  304.414.1800
        Fax: 304.414.1801
        E-Mail: rakers@tcspllc.com
                  bspann@tcspllc.com
        *Counsel for Defendants Walgreens Boots Alliance, Inc., Walgreen Co., and Walgreen Eastern Co., Inc.*