# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*All Cases* | MDL NO. 2804<br><br>Civ. No. 1:17-md-02804-DAP<br><br>HON. JUDGE DAN A. POLSTER |

### CERTAIN DEFENDANTS' NOTICE OF POSITION REGARDING *IN LIMINE* EVIDENTIARY RULINGS AND ORDERS OF DECEMBER 26, 2019 AND JANUARY 3, 2020[1]

On December 26, 2019, the Court entered what is captioned as an "Evidentiary Order" relating to *in limine* motions that were filed in the Track One *Summit* and *Cuyahoga County* cases, but were no longer pending before the Court. Dkt. 3052. On January 3, the Court entered that same order captioned as a "*Nunc Pro Tunc* Evidentiary Order," which made a minor change to one sentence in the December 26 Order. Dkt. 3058. Both Orders purport to memorialize the Court's ruling from the bench, made shortly before the date that had been scheduled for a trial in the Track One cases.

Yet, even though the Orders address motions relating to the Track One trial in cases that had been settled as to most of the defendants, they state that "[t]hese rulings will apply to all

---

[1] This Notice is filed on behalf of AmerisourceBergen Corp., Cardinal Health, Inc., McKesson Corp., Anda, Inc., Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis MidAtlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida (referred to collectively as "Defendants").

future cases in this MDL that are tried by this Court" and further that they apply, "as a general matter, … to remanded cases tried by transferor courts." Dkt. 3052 at 1; Dkt. 3058 at 1; *see also* Dkt. 3058 at 75 (stating that rulings "will apply to all future MDL cases tried by this Court and any transferor court on remand"). The Orders also direct that the parties "should generally not file in any MDL case a motion (including a motion for reconsideration) addressing an evidentiary issue already addressed" in the Orders, absent a showing that "particular circumstances of an individual case warrant a revision." Dkt. 3058 at 2.

This Notice sets forth the Defendants' position on the Court's assertions that the December 26 and January 3 Orders have controlling effect before the transferor courts. This Notice does not seek action from this Court on the motions addressed in those Orders because—as explained herein—the Court lacks jurisdiction over Defendants' motions, and because evidentiary issues that might be raised in other cases in this MDL (including threshold jurisdictional issues) must be decided by the courts presiding over *those* cases. Defendants provide this Notice to apprise all MDL plaintiffs that any reliance placed on the Orders would be unwarranted and that any contention that Defendants acquiesced in the Orders would be unfounded because Defendants' position is that orders entered by the Court, as analyzed below, including interlocutory orders and orders not necessary to a final judgment, do not constitute binding law of the case, in particular in other cases or for transferor courts. More specifically, Defendants provide this notice to inform all MDL plaintiffs of Defendants' position that the Orders were entered without jurisdiction and lack binding effect, as a matter of law, in any other litigation including the remanded matters. Defendants preserve their right to object to the Orders (as to both whether they are binding and the substance of the rulings themselves) in subsequent proceedings where there is jurisdiction to do so. Defendants also preserve their right to file

2

motions that have the effect of challenging the Orders without making the additional threshold showing the Orders suggest would be required.

***The Court lacked jurisdiction to enter the Orders.*** Two months before the Orders were entered, Plaintiffs and the undersigned Defendants reached a settlement agreement. On October 21, 2019, the Court dismissed the claims between those parties with prejudice (Dkt. 2868[2]), thereby divesting the Court of jurisdiction over those claims. *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018) ("A stipulation of dismissal ... ordinarily—*and automatically*— strips the district court of subject-matter jurisdiction.") (emphasis added).

The Court's order of dismissal retained jurisdiction only for the purpose of "ensur[ing] that the settlement agreement is executed." Dkt. 2868 at 1. The December 26 and January 3 Orders do not pertain to execution of the settlement agreement. Instead, the Orders address evidentiary issues—raised prior to a trial that did not occur—relating to claims that had been dismissed with prejudice. When the Orders were entered, the Court had "no power under Article III" to rule on the matters addressed in the Orders. The Orders, therefore, have no legal effect. *Godsey v. Miller*, 9 F. App'x 380, 385 (6th Cir. 2001).

While the Orders purport to merely memorialize rulings made during the course of litigation, there was no basis for such memorialization, especially as to motions relating to these Defendants, as to whom the case already had been dismissed with prejudice. Moreover, the Orders do not merely "memorialize" earlier evidentiary rulings "in summary form," as they suggest. *See* Dkt. 3058 at 1. Instead, the Orders expand upon the Court's pretrial rulings and, in some instances, rely on entirely new and different legal analyses. For example, the Orders

---

[2] *See also* Dkt. 3087 at 1 (Jan. 17, 2020) (Amended Stipulated Dismissal Order adding Anda, Inc. as a defendant against which claims were dismissed with prejudice, and clarifying list of entities included within the phrase, "Teva, Actavis, and Cephalon").

3

purport to deny the Distributor Defendants' *in limine* motion to exclude evidence of certain programs allowing manufacturers to communicate product information to pharmacies and other parties (Distributors' MIL No. 8). *See* Dkt. 3058 at 55. The Court summarily denied that motion without explanation at the pretrial hearing, but the Orders provide a new and detailed rationale for denying the motion, setting forth the Court's view of the relevance of the information to certain issues such as knowledge, motive, conspiracy, and claims against manufacturers and whether that outweighs the prejudice that would result from introduction of the evidence at issue. Dkt. 3058 at 55. There are other examples of expanded rulings and new or different rationales. *Compare, e.g.*, Dkt. 3058 at 30 (January 3 Order) (stating previously unarticulated justification for denying a motion to exclude certain lay testimony about the disputed assertion of an evidentiary link between prescription opioid use and deaths caused by illegal heroin/fentanyl and finding such testimony "factually based"), *with* Dkt. 2828 at 16:3–6 (Pretrial Tr.) (denying motion as to factual testimony without elaboration, and granting it as to "expert" opinions by lay witnesses).

In addition, if the case had gone to trial, such interlocutory evidentiary rulings would have been subject to reconsideration depending on how the trial record developed. But Defendants have had no opportunity to challenge the new legal rulings in the December 26 and January 3 Orders because the motions addressed in the Orders are no longer pending before the Court—and were entered after the case was dismissed. This is one of the reasons that serious due process issues also arise from the Court's directive that the Orders apply to all other MDL cases (including those to be tried by transferor courts) and foreclosing the parties in those other cases (including those arising under different laws and involving different claims and facts) from challenging the Orders without meeting vague threshold preconditions.

4

***The Orders and the pretrial rulings are not binding in other actions pending before the MDL court or those remanded to transferor courts.*** Even if the Court had jurisdiction to enter the Orders, the Orders have no binding legal effect because they are not law of the case. District court orders are not law of the case even in the same case in which they are originally entered if they: (1) are interlocutory; and (2) were not necessary to a final judgment. *See, e.g.*, *United States v. U. S. Smelting Ref. & Min. Co.*, 339 U.S. 186, 199 (1950) ("[I]t requires a final judgment to sustain the application of the rule of the law of the case …."); *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (while law of the case "applies to decisions made by appellate courts and final decisions made by district courts that have not been appealed … [t]he doctrine does not apply to interlocutory orders"). A "trial court's ruling on a motion in limine is considered a tentative, interlocutory order." *Malinovsky v. Court of Common Pleas of Lorain Cty.*, 7 F.3d 1263, 1266 n.1 (6th Cir. 1993); *see also Henricks v. Pickaway Corr. Inst.*, 2017 WL 3973990, at *1 (6th Cir. Jan. 12, 2017) (similar). Rulings on evidentiary issues are especially tied to the circumstances of the specific trial and may be reconsidered even by the same court presiding over the same action depending on how the trial record develops. *See In re Life Invr's Ins. Co.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009) ("[T]he formal 'law of the case' doctrine does not apply [to interlocutory decisions], as a district court may always reconsider and revise [such] orders….").

Here, the evidentiary rulings purportedly set forth in the Court's Orders are most decidedly interlocutory. They were initially issued at a pretrial conference. And, as noted, they were not subject to further consideration or reexamination during trial because there was no trial. Nor were they subject to examination on appeal, either the version set forth at pretrial or the version set forth in the Court's Orders, because the parties settled the claims at issue. For this

5

same reason, none of the evidentiary issues contained in the Orders were necessary to a final judgment because there was none. As such, the Orders are not law of the case.

The Orders are not law of the case in *other* cases for an additional reason. A ruling on an issue is law of the case only when "the *same* issue [is] presented a second time in the *same* case in the *same* court," and it is a "well-established principle that consolidated cases remain separate actions" for purposes of the doctrine. *GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 338–39 (6th Cir. 2016); *accord* 1B Charles Alan Wright et al., *Federal Practice & Procedure: Jurisdiction & Related Matters* § 4478 (4th ed. 2015) ("Law-of-the-case rules ... [apply] during the course of a single continuing lawsuit. They do not apply between separate actions.").

There is no exception to these limitations for cases in MDL pretrial proceedings. Such cases "ordinarily retain their separate identities." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 (2015). Some courts have even recognized explicitly that rulings by an MDL court in one case are not binding as law of the case in other cases before that MDL court. *See, e.g.*, *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 268 n.18 (3d Cir. 2017) ("The law of the case doctrine does not apply here because it only applies within a single litigation."); *GMAC*, 651 F. App'x at 339 (it is a "well-established principle that consolidated cases remain separate actions" "for law-of-the-case purposes"); *In re Interest Rate Swaps Antitrust Litig.*, 351 F. Supp. 3d 698, 703 (S.D.N.Y. 2018) ("Although trueEX's complaint has been consolidated with these earlier cases for pretrial supervision in this MDL, it is formally a separate case. The law of the case doctrine thus does not apply here."); *Fenner v. Wyeth*, 912 F. Supp. 2d 795, 799 (E.D. Mo. 2012) (holding that the "law-of-the-case doctrine does not apply to the MDL court's rulings" where the ruling was an interlocutory order); *see also* Joan Steinman, *Law of the Case: A Judicial Puzzle in Consolidated and Transferred Cases and in Multidistrict Litigation*, 135 U. Pa. L. Rev. 595, 700

(1987) ("Remand courts should take care to utilize law of the case doctrine only when the ruling in question was made in the very case before the remand court, not exclusively in other components of the multidistrict litigation.").

The *Multidistrict Litigation Manual* is not to the contrary. Implicitly recognizing the "same case" requirement, the *Manual* specifies that "[d]ecisions that have been made *in the case*" that is received back by the transferor court can be "considered 'law of the case,'" although even those decisions can be modified in the event "circumstances ... warrant[] their modification." *Multidistrict Litigation Manual* § 10:5 (May 2019 Update) (emphasis added). In *Sentner v. Amtrak*, cited by the *Manual*, the transferee judge recognized the "same case" requirement, noting that "[w]ith regard to the *instant* case, this opinion [allowing the MDL plaintiffs to amend their complaint] constitutes the law of the case," but with respect to "the remaining consolidated cases ... any general conclusion as to the effect of such a ruling by a MDL transferee court would perhaps be speculative." *Sentner v. Amtrak*, 540 F. Supp. 557, 558 n.3 (D.N.J. 1982).

While not bound by the MDL court's earlier ruling in a different case, a court adjudicating a remanded MDL matter may look at the reasoning underlying the MDL court's earlier ruling to determine if it is persuasive, while also including, here, consideration of arguments by Defendants that demonstrate the error of the Court's adverse evidentiary rulings. And a transferor court must make such an assessment itself, taking into account numerous factors, including differences in the laws of the various jurisdictions that are at issue in the different cases, any changed or different factual or legal circumstances, and accounting for interests in judicial economy and consistency of rulings. Those considerations will need to be

7

evaluated here when the cases are remanded to their home courts because many of the cases involve laws of different States, as well as different parties, facts, and circumstances.

Defendants accordingly provide notice of their position that the *in limine* evidentiary rulings and the December 26 and January 3 Orders are not binding in actions still pending before this Court or pending in other courts.

Dated: January 31, 2020

Respectfully submitted:

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com

*Counsel for Defendant McKesson Corporation*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard
Steven M. Pyser
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel: (202) 434-5000
emainigi@wc.com
lheard@wc.com
spyser@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc.*

*/s/ Eric W. Sitarchuk*
Eric W. Sitarchuk
Rebecca J. Hillyer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5600
Fax: (215) 963-5001
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com

*Counsel for Cephalon, Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., Warner Chilcott Company, LLC, Actavis South Atlantic LLC, Actavis Elizabeth LLC, Actavis MidAtlantic LLC, Actavis Totowa LLC, Actavis Kadian LLC, Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City, and Actavis Laboratories FL, Inc., f/k/a Watson Laboratories, Inc.-Florida*

8

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
Ana M. Francisco
Kristina Matic
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel: 617.342.4000
Fax: 617.342.4001
jmatthews@foley.com
kkoski@foley.com
afrancisco@foley.com
kmatic@foley.com

*Counsel for Defendant Anda, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 31st day of January, 2020, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

                                                /s/*Geoffrey E. Hobart*
                                                Geoffrey Hobart