# EXHIBIT 3

Exhibit (G)

FEB 2 3 2006

050

At a regular session of the County Commission of Cabell County, West Virginia, held at the Courthouse thereof, on the 23rd day of February, 2006, the following Order was made and entered:

## IN THE MATTER OF THE ADOPTION OF A NOISE CONTROL ORDINANCE FOR CABELL COUNTY, WEST VIRGINIA

The following resolution was offered by: __W. Scott Bias__, __President__.

### NOISE CONTROL

### DECLARATION OF POLICY.

The Cabell County Commission (the "Commission") having determined that excessive levels of sound are detrimental to the physical, mental and social well being of the citizens of Cabell County as well as to their comfort, living conditions, general welfare and safety, hereby declares it to be necessary to provide for the greater and more effective regulations of excessive sounds through the adoption of a Noise Control Ordinance pursuant to the provisions of Chapter 7-1-3kk of the West Virginia Code, as amended.

### SECTION ONE. DEFINITIONS

For the purposes of this Ordinance, the following words and phrases shall have the meanings respectively ascribed to them by this section:

(a)  "County" means Cabell County.
(b)  "Construction" means any site preparation, assembly, erection, substantial repair, alteration, demolition, or similar action.
(c)  "Continuous sound" means and denotes a sound the intensity of which remains essentially constant during a given period of time. Continuous sound shall be measured by the slow response setting of sound level meter.
(d)  "Daytime" denotes the local time of day between the hours of 7:00 a.m. and 9:00 p.m. on weekdays and between the hours of 9:00 a.m. and 9:00 p.m. on Saturdays, Sundays and local legal holidays.
(e)  "Emergency" means any occurrence or set of circumstances involving actual or imminent physical trauma or property damage which demands immediate action.
(f)  "Emergency Signal Device" means any audible warning device, such as a gong, whistle or siren or any air horn or any similar device.
(g)  "Emergency Work" means any work performed for the purpose of preventing or alleviating the physical trauma or property damage threatened or caused by an emergency.
(h)  "Impulsive Sound" means sound of short duration, usually less than one second, with an abrupt onset and rapid ending. Examples of sources of impulsive sound include explosions, drop forge impacts and the discharge of firearms.
(i)  "Mobile Source" means any moving sound source on a public right-of-way.
(j)  "Motor Vehicle" means as defined in the Traffic Regulation Code of the State of

West Virginia, or any vehicles which are propelled or drawn by mechanical equipment, such as, but not limited to, passenger cars, trucks, truck-trailers, semi-trailers, campers, motorcycles, minibikes, go-carts, snowmobiles, mopeds, amphibious craft on land, dune buggies, all-terrain vehicles or racing vehicles.

(k) "Motorcycle" means every motor vehicle having a saddle for the use of the rider and designed to travel on not more than three (3) wheels in contact with the ground, but excluding a trailer.

(l) "All-Terrain Vehicle (ATV)" means any motor vehicle designed for off highway use and designed for operator use only with no passengers, having a seat or saddle designed to be straddled by the operator and handlebars for steering control.

(m) "Nighttime" means those hours excluded from the definition of "daytime."

(n) "Noise" means any sound which annoys or disturbs humans or which causes or tends to cause an adverse psychological effect on humans.

(o) "Noise Disturbance" means any sound which (i) endangers or injures the safety or health of humans or animals; or (ii) annoys or disturbs a reasonable person of normal sensitivities; or (iii) endangers or injures personal or real property.

(p) "Noise Sensitive Zone" means any area designed for the purpose of ensuring exceptional quiet and shall include schools and churches while the same are in use, any hospital and any nursing home; provided, that conspicuous signs are displayed on the exterior realty of any such school, church, hospital or nursing home which clearly notifies a member of the general public of its use.

(q) "Person" means any individual, corporation, partnership firm or any legal successor, representative or agent of the foregoing.

(r) "Public Right-of-Way" means any street, avenue, boulevard, highway, alley, sidewalk or public space which has been dedicated for use by the general public and the dedication of which has been accepted by the appropriate governmental entity.

(s) "Real Property Boundary" means an imaginary line along the ground surface, and its vertical extension, which separates the real property owned by one person from that owned by another person, but it does not include intra-building real property division.

(t) "Small Power Equipment" means any motorized or engine powered devise, including but not limited to law mowers, lawn and garden tools, riding lawn tractors and power saws, excluding other motor vehicles.

(u) "Sound Amplifying Equipment" means any machine or devise for the amplification of the human voice, music or any other sound. Sound amplifying equipment as used herein shall not be construed as including standard automobile radio when used and heard only by the occupants of the vehicle in which installed or warning devices on authorized emergency vehicles or horns or other warning devices on other vehicles used only for traffic safety purposes.

(v) "Stationary Source" means any sound source operating or occurring on any public or private property, not including a public right-of-way.

(w) "Weekday" means any day Monday through Friday, which is not a legal holiday.

## SECTION TWO.    LOUD AND UNNECESSARY NOISES PROHIBITED.

No person shall make, continue or cause to be made or continued, any loud, unnecessary or unusual noise or any noise which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of others, within the County.

## SECTION THREE. CERTAIN LOUD AND DISTURBING NOISES ENUMERATED.

The following acts are declared to be loud, disturbing and unnecessary noises in violation of Section Two, but such enumeration shall not be deemed to be exclusive, namely:

(1) **Animals and Birds**. The keeping of any animal or bird by causing frequent or long continued noise shall disturb the comfort or repose of any persons in the vicinity.

(2) **Defect in Vehicle or Load**. The use of any automobile, motorcycle or other vehicle so out of repair, so loaded or in such manner as to create loud and unnecessary grating, grinding, rattling or other noise.

(3) **Domestic Power Tools**. Operating or permitting the operation of any mechanically powered saw, sander, drill, grinder, lawn or garden tool, snowblower, small power equipment, or similar device used outdoors in residential areas between the hours of 9:00 p.m. and 7:00 a.m. the following day so as to cause a noise disturbance across a residential real property boundary.

(4) **Drums**. The use of any drum or other instrument or devise for the purpose of attracting attention by creation of noise to any performance, show or sale.

(5) **Engine-Repair and Testing**. It shall be unlawful for any person to repair, rebuild or test any engine so as to create a noise disturbance.

(6) **Exhaust**. The discharge into the open air of any exhaust of any steam engine, stationary internal combustion engine, motor boat or motor vehicle except through a muffler or other device which will effectively prevent loud or explosive noises therefrom.

(7) **Horns and Signaling Devices**. The sounding of any horn or signaling device on any automobile, motorcycle or other vehicle on any street or public place of the County; except as a danger warning; the creation by means of any such signaling device of any unreasonable loud or harsh sound; the sounding of any such device for an unnecessary and unreasonable period of time; the use or any signaling device except one operated by hand or electricity; the use of any horn, whistle or other device operated by engine exhaust; and the use of any signaling device when traffic is for any reason held up.

(8) **Loudspeakers/Public Address System**. Using or operating for any purpose any loudspeaker, public address system, or similar device (i) such that the sound therefrom creates a noise disturbance across a residential area or within a noise sensitive zone; or (ii) on a public right-of-way or public space.

(9) **Radios, Musical Instruments and Similar Devices**. Operating, playing or permitting the operation or playing of any radio, television, phonograph, drum,

3

musical instrument. sound amplifier, or similar device which produces, reproduces, or amplifies sound:

    (a)    Between the hours of 11:00 p.m. and 7:00 a.m. the following day in such a manner as to create a noise disturbance across a residential area or within a noise sensitive zone.

    (b)    In such a manner as to create a noise disturbance at 50 feet from such device when operated in or on a motor vehicle on a public right-of-way or public space, or in a boat on public waters; or

    (c)    In such a manner as to create a noise disturbance to any person other than the operator of the device, when operated by any passenger on a common carrier.

(10)    **Yelling and Shouting**. Yelling, shouting, whistling, hooting or generally creating a racket on public right-of-ways, public spaces and in residential areas between the hours of 8:00 p.m. and 10:00 a.m. the following day so as to annoy or disturb the quiet, comfort or repose of persons in any business or residence, or of any person in the vicinity.

## SECTION FOUR.  APPLICABILITY OF ORDINANCE.

The provisions of this ordinance shall not apply in using any of the sound equipment mentioned and described herein where such equipment is being used for civil defense or in the event of disaster or other emergency, or is being used by any governmental agency at any public meeting.

This ordinance shall not apply to any municipality which has heretofore adopted a nosie control ordinance .

## SECTION FIVE.  EXCEPTIONS AND WAIVERS.

(a)    Exceptions.    The following uses of any activity shall be exempt from noise level regulations:

    (a)    Noise of safety signals and warning devices.
    (b)    Noises resulting from any authorized vehicle, when responding to an emergency.
    (c)    Noises resulting from the provision of municipal services.
    (d)    Any noise resulting from activities of a temporary duration permitted by law and/or for which a waiver has been granted by the County.
    (e)    The unamplified human voice [except as specified in Section Three, subparagraph (10).
    (f)    Parades and public gatherings for which a special waiver has been issued.
    (g)    Bells, chimes, carillons while being used for religious purposes or in conjunction with religious services, or for the national celebrations or public holidays, and those bells, chimes, carillons that are presently installed, and in use, for any purpose.

(b) Exemptions for time to comply. Upon good cause shown by the owner or responsible party for any noise source, the Commission shall have the power to grant an exemption from the requirement of this ordinance in order to allow sufficient time for installation of needed control equipment, facilities, or modifications to achieve compliance not to exceed ten (10) days, provided that such exemption may be renewed as necessary, but be filed in writing with the Commission.

(c) Use exemptions: The following uses and activities shall be exempt from noise level regulations.

    (1) Lawn maintenance equipment when it is functional within manufacturer's specifications and with all mufflers and noise reducing equipment in use and in properly operating condition between the hours of 8:00 a.m. and 9:00 p.m.

    (2) Nonamplified crowd noises resulting from the activities such as those planned by day care enters, schools, governmental or community groups.

    (3) Amplified announcements and/or electronically amplified announcements at athletic or special events from 8:00 a.m. to 12:01 a.m. of the following day.

(d) Special Waivers.

    (1) The Commission shall have the authority, consistent with this ordinance, to grant special waivers, provided that no live bands shall be allowed in single family residential areas.

    (2) Any person seeking a special waiver pursuant to this ordinance shall file a written application with the Commission. The written application shall contain information which demonstrates that bringing the source of sound or activity for which the special waiver is sought into compliance with the ordinance would constitute an unreasonable hardship on the applicant, on the community, or for any other legitimate purpose.

    (3) In determining whether to grant or deny the application, the Commission shall balance the hardship to the applicant, the community and other person of not granting the special waiver against the adverse impact on the health, safety and welfare of persons affected.

    (4) Special waivers shall be granted by notice to the applicant and may include all necessary conditions, including time limits on the permitted activity. The special waiver shall not become effective until all conditions are agreed to by the applicants. Noncompliance with any condition of the special waiver shall terminate it and subject the person holding it to those provisions of this ordinance regulating the source of sounds or activity for which the special waiver was granted.

    (5) The Commission may issue guidelines defining the procedures to be followed in applying for special waivers and the criteria in declaring whether to grant a special waiver.

(e) Social Gatherings, Parties and Other Public Events.

    (1) Any person who is planning a social gathering, party or public event at which it is anticipated that the noise levels will exceed those set forth in Section

5

(2) Any person seeking such a special waiver shall indicate in his or her application to the Commission the specific reason why he or she will not be able to meet the established noise levels. The applicant shall also include a written statement that he or she has personally contacted all residents of properties within 400 feet of the property in question and none oppose the special waiver being requested. The applicant will also be required to notify and receive permission from applicant's landlord, if the property in question is a rental property.

(3) Should the applicant be granted a special waiver pursuant to this subsection, it will be subject to the condition that any such special waiver will expire at 10:00 p.m. on Sunday through Thursday evenings and midnight on Friday and Saturday evenings.

## SECTION SIX. SEVERABILITY.

Should any of the sections, paragraphs, sentences, clauses or phrases of this ordinance be declared unconstitutional or invalid pursuant to a judgment or decision of a court of competent jurisdiction, such unconstitutionality or invalidity shall not affect the validity of the remaining sections, paragraphs, sentences, clauses and phrases.

## SECTION SEVEN. ENFORCEMENT AND PENALTIES; VIOLATIONS DEEMED NUISANCES.

(1) The Cabell County Sheriff's Department shall be charged with the responsibility of enforcement of this Noise Control Ordinance.

(2) Any person who violates any portion of this ordinance shall receive a verbal order to cease or abate the noise immediately or within a reasonable time period, except that if the violation occurs after 8:00 p.m. and until 8:00 a.m. of the following day any person designated to enforce this ordinance need not issue a verbal order to cease or abate the noise but may, in lieu thereof, charge the offending person or persons with a violation of this ordinance.

(3) If the order to cease or abate the noise is not complied with, or is complied with and then violated again within sixty (60) days, the person or persons responsible for the noise under Section Three shall be charged with a misdemeanor and subject to a fine of not more than five hundred dollars ($500.00). Each day such violation is committed or permitted to continue shall constitute a separate offense and shall be punishable as such.

(4) As an additional remedy, the operation or maintenance of device, instrument, vehicle or machinery in violation of any provision of this article, which operation or maintenance cause discomfort or annoyance to reasonable persons of normal sensitiveness or which endangers the comfort, repose, health or peace of residents in

6

the area, shall be deemed, and is declared to be a public nuisance and may be subject to abatement summarily by restraining order or injunction issued by a court of competent jurisdiction.

The adoption of the foregoing resolution having been moved by: _Robert L. Bailey_, Commissioner, and duly seconded by: _Nancy Cartmill_, Commissioner, the vote thereon was as follows:

| | |
|---|---|
| W. Scott Bias, President | aye |
| Bob Bailey, Commissioner | aye |
| Nancy Cartmill, Commissioner | aye |

Whereupon, W. Scott Bias, President, declared said resolution duly adopted; and, it is therefore, **ADJUDGED** and **ORDERED** that said resolution be and the same is hereby adopted as so stated above.

_/s/ W. Scott Bias_
W. Scott Bias, President

_/s/ Bob Bailey_
Bob Bailey, Commissioner

_/s/ Nancy Cartmill_
Nancy Cartmill, Commissioner