# Exhibit E[1]

[1] Note, the attached document was not produced by Cardinal. It was created by Plaintiff's counsel, by comparing the text of Exhibit D Attachment 2, with the text of the Release executed by the Cardinal and the WVAG with the Microsoft Word compare documents feature.

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement"), dated and effective this ~~—~~9th day of ~~December, 2016~~January 2017 ("Effective Date"), is made by and among: (1) on the one hand, the State of West Virginia (including each and every one of its departments, agencies, divisions, boards, commissions, and instrumentalities of any kind, any person in his or her official capacity elected or appointed to serve the State, its attorneys, and any agency, person, or other entity claiming by or through them or any of them) *ex rel*. Patrick Morrisey, Attorney General~~,~~; Joseph Thornton~~,~~ in his capacity as the Secretary of the West Virginia Department of Military Affairs and Public Safety ("DMAPS~~"),~~"); and Karen Bowling~~,~~ in her capacity as the Secretary of the West Virginia Department of Health and Human Resources ("DHHR") (together, "the State" or "Plaintiffs~~"),~~"); and (2) Cardinal Health 110, LLC ("Cardinal Health" or "Defendant") (collectively hereinafter, the "Parties").

**RECITALS**

A. WHEREAS, Cardinal Health, a Delaware limited liability company, is a licensed wholesale distributor of prescription drugs to certain duly licensed and registered pharmacies in West Virginia;

B. WHEREAS, in or about August, 2015, Plaintiffs filed in the Circuit Court of Boone County, West Virginia, their Second Amended Complaint in Civil Action No. 12-C-140, styled *State of West Virginia ex rel. Patrick Morrisey, Attorney General, et al. v. Cardinal Health*, alleging that Defendant acted ~~tortiously~~negligently and in violation of West Virginia law governing controlled substances while engaging in wholesale drug distribution in West Virginia (the "Litigation");

C. WHEREAS, Plaintiffs assert, *inter alia*, that this Litigation is brought pursuant to the State's *parens patriae* authority to recover damages allegedly suffered by the State ~~and by the citizens of West Virginia~~;

D. WHEREAS, Plaintiffs further allege in their Second Amended Complaint that Cardinal Health's alleged conduct has ~~"tortiously caused injuries in West Virginia," has resulted in the creation and/or continuation of the abuse of and/or addiction to and/or progressive reliance or dependency on prescription medications, that Cardinal Health has, inter alia, "caused ongoing damage, hurt or inconvenience~~caused economic harm to the State ~~of West Virginia and its residents,"~~, and that Cardinal Health is "answerable in damages to the State of West Virginia";

E. WHEREAS, Plaintiffs further assert that, through this Litigation, the State "seeks to protect West Virginia communities," as well as "the health and well-being—both physical and economic—of its residents in general";

F. WHEREAS, the State Represents and warrants that no interest in any of its claims as set forth in the Litigation has been assigned or otherwise transferred by the Plaintiffs to any other person or entity;

~~F.~~G. WHEREAS, in or about April, 2016, Cardinal Health filed its Answer and affirmative defenses to the Second Amended Complaint~~, denying~~ in which it denied liability for all claims the State alleged against it in the Litigation and specifically ~~denying~~denied that it ~~has~~had violated any ~~applicable~~ law or regulation or breached any legal duty, and asserted 35 affirmative defenses;

H. WHEREAS~~,~~ each of the Parties has vigorously litigated its respective claims and defenses;

I. WHEREAS at all times relevant to the Litigation and up to the present Cardinal

Health currently conductshas had in effect each of the following: (1) a program to detect and help prevent license issued by the West Virginia Board of Pharmacy ("WVBOP") under authority of the WVCSA authorizing Cardinal Health to distribute human prescription drugdrugs (including controlled substances) as a wholesaler in West Virginia; and (2) a registration with the federal Drug Enforcement Administration ("DEA") issued pursuant to the federal Controlled Substances Act authorizing Cardinal Health to distribute controlled substances in the United States;

G.J. WHEREAS at all times relevant to the Litigation and up to the present, Cardinal Health has maintained and operated and continues to maintain and operate an Order Monitoring Program ("OMP") to help prevent the diversion, which program of controlled substances it will continue to operate; distributes:

K. WHEREAS, at all times relevant to the Litigation and up to the present Cardinal Health has not shipped any orders it has identified as suspicious to West Virginia;

L. WHEREAS each sale of controlled substances by Cardinal Health into West Virginia was pursuant to an order made by an entity that held valid DEA and West Virginia registrations, permits, and/or licenses authorizing it to purchase controlled substances under state and federal law;

M. WHEREAS Cardinal Health has never been found to be in violation of any state or federal laws, regulations, or guidelines concerning the distribution of controlled substances into West Virginia, and the WVBOP has never instituted any administrative actions and/or complaints against Cardinal Health;

H.N. WHEREAS, the State has concluded that it is in theits best interest of the State, its agencies, the residents of the State represented by them, and the communities in West Virginia, to resolve all claims asserted against Cardinal Health on the terms and conditions set forth below and

thereby avoid the vagaries and costs associated with further litigation;

~~I.~~O. WHEREAS, Cardinal Health~~ has~~ likewise desires to fully resolve the issues in dispute between it and the State in this Litigation on the terms and conditions provided herein;

P. WHEREAS~~, without any admissions of liability,~~ the Parties ~~now mutually desire~~have agreed to ~~enter into~~resolve this Litigation pursuant to this Agreement ~~to compensate the State and~~ without making any admissions of liability and solely to ~~provide for the full settlement~~avoid further litigation and ~~discharge of all of~~ to bring resolution to the Litigation;

Q. WHEREAs this Agreement is the result of a compromise of disputed issues of law and fact and Cardinal Health does not admit anything by this Agreement or waive any defenses to the State's claims~~ that have been or could have been brought by~~ , but rather expressly denies the ~~State against Cardinal Health~~ allegations in the Litigation~~ now pending before the Circuit Court of Boone County, West Virginia, upon the terms and conditions set forth~~; and

~~J.~~R. WHEREAS the State and its representatives agree that they will not cooperate, urge, or seek to admit this Agreement as evidence of any fault or liability of Cardinal Health in ~~this Agreement~~any investigation, administrative claim, federal or state court action, suit, or proceeding, or arbitration proceeding.

**AGREEMENT**

NOW, THEREFORE, to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, and in consideration of the mutual promises, covenants, agreements, understandings, warranties, and payments as hereinafter recited, intending to be legally bound, the Parties agree as follows:

**1. RELEASE AND DISCHARGE**

In consideration for the payment provided in Paragraph ~~3~~4 below, the State, through its Attorney General, on its own behalf and on behalf of each and every one of its departments, agencies, divisions, ~~subdivisions, political subdivisions (as that term is defined Chapters 5 and 29 of the West Virginia Code),~~ boards, commissions, and instrumentalities of any kind, and any person~~,~~ in their official capacity elected or appointed to serve the State, its attorneys, and~~/or~~ by any agency, person, or entity claiming by or through them or any of them (sometimes collectively referred to as the "~~Releasor~~Releasors") against the Released Entities (as defined below) or any of them, hereby agrees to release, remise, acquit, and forever discharge, to the fullest extent permitted by law, Cardinal Health and all of its past and present parents, subsidiaries, divisions, affiliates, predecessors, successors, assigns, and transferees, and each and all of their current and former officers, directors, members, shareholders, employees, insurers, attorneys, contractors, representatives, agents, predecessors, successors in interest, assigns, and anyone acting or purporting to act on their behalf, (~~sometimes~~ collectively referred to as the "Released Entities"), from any and all claims, demands, debts, damages, liabilities, civil penalties, restitution, disgorgement, reimbursement, fines, expenses, actions, and causes of action whatsoever, known and unknown, foreseen, unforeseen, or unforeseeable, which the State has asserted or could have asserted on its own behalf or in its *parens patriae* capacity that the State now has or may have in the future against the Released Entities or any of them growing out of, relating to, or concerning the Litigation now pending before the Circuit Court of Boone County, West Virginia, bearing Civil Action No. 12-C-140, subject to the conditions set forth herein ("Released Claims"). The Released Claims include and encompass, without limitation, claims relating to any act, conduct, error, or omission in distributing controlled substances in West Virginia, whether or not the controlled

substance, the customer to which it was delivered, or the act, conduct, error, or omission was specifically alleged or identified in the Litigation. This is a full, final, and complete release of the Released Claims and totally and completely bars any further future claims or demands of any kind or character whatsoever as a result of or relating to the Released Claims by the State~~, its departments, agencies, divisions, subdivisions, political subdivisions (as that term is defined Chapters 5 and 29 of the West Virginia Code), regulatory boards, commissions, and instrumentalities of any kind, and any person, in their official capacity, elected or appointed to serve the State, its attorneys, and/or by any agency, person, or entity claiming by or through them or any of them, against the Released Entities or any of them for any and all conduct relating to the Released Claims occurring up to the Effective Date of this Agreement:~~ up to the Effective Date of this Agreement; provided, that this release may not be construed to apply to (a) future conduct of the Released Entities, (b) future conduct that is not related to or concerning the Litigation~~, and (c)~~ now pending before the Circuit Court of Boone County, West Virginia, (c) and/or future conduct of a successor in interest or assign independent of the conduct of Cardinal Health.

The payment of the Settlement Payment (as defined in Paragraph ~~3~~4.1 below) fully discharges all Released Entities from any obligation to pay or perform restitution, compensatory damages, punitive damages, attorneys' fees, interest, expenses, costs, disgorgement, injunctive relief, equitable remedies, administrative claims, fines, penalties, forfeitures, or other relief of any kind to the State based upon or arising out of the Released Claims. ~~The State accepts the Settlement Payment on its behalf and on behalf of the citizens of West Virginia through its *parens patriae* authority.~~ The State covenants that it shall not initiate, prosecute, or participate as a plaintiff in any litigation, administrative proceeding, or any other type of proceeding against the Released Entities based upon or arising out of the Released Claims. Upon the payment of the

Settlement Payment by Cardinal Health, no default by any Party in the performance of any covenant or obligation under this Agreement or any order entered in connection therewith may affect the dismissal of the Litigation, the *res judicata* effect of the dismissal of the Litigation, or the foregoing releases; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Agreement shall remain available to all Parties.

**2. RELEASE OF UNKNOWN CLAIMS**

The Releasors may hereafter discover facts other than or different from those which they know or believe to be true with respect to the Released Claims but, as of the Effective Date, they hereby expressly waive and fully, finally, and forever settle, discharge, and release any and all known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or unasserted, contingent or non-contingent claims relating to the Released Claims without regard to the subsequent discovery or existence of such different or additional facts and whether or not they are claimed to have been concealed or hidden.

**3. ~~DELIVERY OF~~ DISMISSAL WITH PREJUDICE**

Concurrently with the execution of this Agreement, the State shall deliver to Cardinal Health an executed Dismissal Order dismissing Plaintiffs' claims against Cardinal Health in the Litigation with prejudice. The Parties agree that the Dismissal Order shall be submitted to the Court for approval, and to effectuate the purposes of the settlement, said Dismissal Order shall direct the Auditor of the State of West Virginia to create a "DHHR Special Revenue Trust Account" dedicated to drug abuse prevention, treatment, programming, and enforcement.

**4. SETTLEMENT PAYMENT TERMS**

**4.1** ***Settlement Payment***: In consideration of Plaintiffs' release ~~and~~, discharge and dismissal of the Litigation with prejudice set forth above, without admitting any liability,

wrongdoing, or violation of any law or regulation, and solely for the purpose of resolving the Litigation and avoiding further litigation, Cardinal Health agrees to pay the State of West Virginia the total sum of Twenty Million and 00/100 Dollars ($20,000,000.00) ~~(“~~(the “Settlement Payment”). The Parties agree that the Settlement Payment is compensatory in nature and not punitive in ~~nature~~purpose or effect and is not a fine or penalty. It is expressly agreed that no portion of the Settlement Payment is for, may be allocated or attributed to, or may be characterized as, the payment of fines, penalties, punitive damages, or forfeitures. The funds received ~~as part of~~under this ~~settlement~~Agreement do not represent a payment for any Medicaid payments and do not reimburse or relate to federal money or state matching funds.

**4.2** ***Payment Schedule***: The Parties agree that Cardinal Health will wire the Settlement Payment to Plaintiffs by no later than Wednesday, March 1, 2017, but only after receiving (i) wire instructions from Plaintiffs and (ii) a completed W-9 from Plaintiffs. The Settlement Payment will be wired to the IOLTA account of DiTrapano Barrett DiPiero McGinley & Simmons, PLLC and will remain there until such time as the manner of distribution therefrom is agreed by the named Plaintiffs and pursuant to Section ~~3~~4.3 of this Agreement.

**4.3.** ***Payment Distribution***: At such time as the distribution therefrom is agreed by the named Plaintiffs, all settlement monies attributable to DHHR and DMAPS shall be deposited into ~~the~~a “DHHR Special Revenue Trust Account” dedicated to drug abuse prevention, treatment, programming, and enforcement, to be managed by DHHR and DMAPS jointly pursuant to an inter-agency Memorandum of Understanding approved by the Governor. The settlement monies deposited into ~~a~~the “DHHR Special Revenue Trust Account” account shall not be subject to General Revenue Fund appropriation for the State of West Virginia. The portion of the settlement monies attributable to the Office of the Attorney General will be deposited in the “Fund

1509 Consumer Protection Recovery Fund." The monies deposited in "Fund 1509 Consumer Protection Recovery Fund" may be used by the Attorney General for any one or more of the following purposes: direct and indirect administrative, investigative, compliance, enforcement, or litigation costs and services incurred for consumer protection purposes; to be held for appropriation by the Legislature; and/or distribution to taxpayers and/or consumers. In no event shall Cardinal Health have any responsibility, financial obligation, or liability whatsoever with respect to the distribution or administration of the Settlement Payment including, but not limited to, the costs and expenses of such distribution and administration.

**4.4.** ***Effect of Payment***: No part of the Settlement Payment represents moneys expended by the State of West Virginia's Medicaid Program, nor does it concern any payment made thereunder, nor does the Settlement Payment represent any federal money or any state matching funds. Payment of the Settlement Payment by Cardinal Health will fulfill all obligations that this Agreement imposes on Cardinal Health. Payment of the Settlement Payment also is intended to, and does, fully resolve all of the ~~Releasor's~~Releasors' claims against the Released Entities as provided in Paragraph 1.

**5. SUSPICIOUS ORDER REPORTING**

Cardinal Health has no objection, and, to the extent deemed necessary, fully authorizes the West Virginia Board of Pharmacy to provide copies of any suspicious order reports received by it from Cardinal Health to the West Virginia State Police and the West Virginia Attorney General~~ so long as the confidentiality of such information is appropriately protected~~.

**6. STATE RESPONSIBILITY FOR THIRD PARTY CLAIMS**

The State assumes full responsibility for any claim by any third party to any entitlement to any portion of the Settlement Payment being made by Cardinal Health under this Agreement.

~~Except as provided in Section 6 of this Agreement, the~~The State does not assume any responsibility for any claims or ~~Lawsuits~~lawsuits filed by individuals or others who are not a party to this settlement which are filed directly against Cardinal Health.

**7. ~~INDEMNIFICATION~~**

~~The State shall fully indemnify the Released Entities and hold them harmless from and against, and from attorney's fees and costs incurred in defending or arising from, all claims, demands, actions, and causes of action that may be asserted or initiated against any of the Released Entities relating to the events described in the Litigation and the controlled substances epidemic up to the Effective Date by (1) any "Political Subdivision" and/or "Municipality" in the State of West Virginia (as those terms are defined in the West Virginia Code, including Chapters 5 and/or 29) and/or by (2) any other party by reason of any claim, demand, action, or cause of action asserted or initiated by the State against said party. This provision includes, without limitation, claims, demands, actions, or causes of action seeking to hold any of the Released Entities liable or to obtain contribution for any alleged liability for or relating to the events described in the Litigation, the controlled substances epidemic, or the damages or costs the State or any "Political Subdivision" and/or "Municipality" in the State claims it has incurred as a result of the controlled substances epidemic.~~

**~~8.~~ NO ADMISSION OF LIABILITY**

Neither the giving of any consideration, nor the Parties' willingness to enter into this Agreement, nor anything contained in this Agreement, shall be construed as an admission by Cardinal Health or any other person or entity, of any liability, wrongdoing, negligence, or failure to comply with any law or regulation, or of the truth of any of the allegations in the Litigation or any other claim of any kind made against Cardinal Health. The Agreement shall not be admissible

in evidence for any such purpose in any proceeding, except for purposes of enforcement of its terms ~~or~~. Cardinal Health expressly denies that it is liable as alleged in the Litigation.

**8. AGREEMENT AS EVIDENCE**

Notwithstanding the preceding Paragraph, this Agreement may be used by any of the Parties and the Released Entities and pled, as a full and complete defense to any claim, action, suit, or other proceeding arising out of the Released Claims that has been or may be instituted, prosecuted, or attempted, or may be used by Cardinal Health as a plaintiff, and this Agreement may be filed, offered, received into evidence, and otherwise used for such ~~defense. Cardinal Health expressly denies that it is liable as alleged in the Litigation.~~ purposes.

**9. ATTORNEYS' FEES**

Each ~~party~~of the Parties hereto shall bear ~~all attorneys'~~ its own legal and other fees and costs arising ~~from the actions of its own counsel~~incurred in connection with ~~this~~the Litigation, ~~the~~ including the preparation and performance of this Agreement~~, and all other related matters~~.

**10. FULL KNOWLEDGE**

~~In entering into this Agreement,~~ Each of the undersigned signatories expressly ~~warrant~~warrants and ~~represent~~represents that before executing the Agreement, ~~they have~~he or she has fully informed ~~themselves~~himself or herself of its terms, conditions, and effects; that in making this Settlement Agreement, ~~they have~~he or she has had the benefit of advice of counsel of ~~their~~his or her own choosing; and that ~~these terms are~~he or she fully ~~understood~~understands and voluntarily ~~accepted by them~~accepts these terms for and on behalf of him- or herself and any entities he or she represents. Each Party and signatory to this Agreement represents that he, she, or it freely and voluntarily enters into this Agreement without any degree of duress or compulsion from any source.

**11. WARRANTY OF CAPACITY TO EXECUTE AGREEMENT**

~~The~~Each of the undersigned signatories on behalf of the State ~~represent~~represents and ~~warrant~~warrants that ~~they have carefully read~~he or she is signing this Agreement~~, they are~~ in his or her official capacity, that he or she is the duly authorized and appointed ~~representatives~~representative of the State, and ~~they have~~that he or she has the full right, power, and authority to execute this Agreement on behalf of and to bind the State and its respective offices and agencies, including but not limited to DMAPS and DHHR. The undersigned Cardinal Health signatory represents and warrants that he is authorized as a result of appropriate company action to enter into and execute this Agreement~~.~~ on behalf of Cardinal Health and the Released Entities.

**12. GOVERNING LAW**

This ~~Settlement~~ Agreement is entered into in the State of West Virginia, and shall be construed and interpreted in accordance with its laws.

**13. CONSTRUCTION AND INTENT**

None of the Parties to this Agreement may be considered the drafter of this Agreement or of any included provision for the purpose of any statute, case law, or rule of construction that would or might cause any provision to be construed against the drafter. This Agreement shall be construed and interpreted to effectuate the Parties' intent, which is to completely resolve the Litigation as to the Parties and Releasors' claims against Cardinal Health.

**14. JURISDICTION AND VENUE**

Any action or proceeding brought in state court seeking to enforce any provision of, or based on any right arising out of, this Agreement shall be brought in the Circuit Court of Boone County, West Virginia, and each Party hereby consents to the jurisdiction of such court (and of the appropriate appellate courts) in any such action or proceeding.

**15. ADDITIONAL DOCUMENTS AND COMPLIANCE WITH ORDERS**

The Parties agree to cooperate fully, execute any and all supplementary documents, and take all additional actions ~~which~~that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

**16. PROTECTIVE ORDERS**

The Parties acknowledge that protective orders ~~govern~~have governed the production of documents and the taking of testimony classified by a Party as Confidential and Highly Confidential and used in connection with the Litigation, and agree that they and their attorneys shall comply with all such orders, including without limitation the elements of such orders that address the handling of documents and depositions so classified upon the conclusion of ~~litigation, as is now occurring~~Litigation.

**17. ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST**

This Agreement, comprised of thirteen (13) ~~twelve~~typewritten pages ~~(including signature page),~~, constitutes the ~~entire~~complete agreement between or among the Parties with regard to the settlement and dismissal of the Litigation and the matters set forth herein ~~and~~in this Agreement. It shall be binding upon and inure to the benefit of the Parties hereto~~, jointly and severally,~~ and to the executors, administrators, personal representatives, heirs, successors, and assigns of each. The Parties acknowledge and agree that by entering into this Agreement, they are not relying on any payments, promises, or representations other than those expressly set forth in this Agreement.

**18. MODIFICATION**

No modifications, amendments, or changes to this Agreement shall be binding or enforceable unless reduced to writing and signed by both Parties.

**19. SEVERABILITY**

Should any of the provisions of this Agreement be held invalid or illegal by a court of

competent jurisdiction after exhaustion of all rights of appeal, such invalidity or illegality shall not invalidate the whole of this Agreement, but~~,~~ rather ~~that~~the Agreement shall be construed as if it did not contain the invalid or illegal part~~,~~ and the rights and obligations of the Parties shall be construed and enforced accordingly.

**20. <u>EXECUTION IN COUNTERPART</u>**

This Agreement may be executed in counterparts, each of which shall constitute ~~an~~a original and all of which shall constitute one and the same Agreement. The Parties agree that facsimile or electronic signatures shall be deemed as effective as ~~original~~originals.

[SIGNATURE PAGE TO FOLLOW]

AGREED TO BY: **ATTORNEY GENERAL OF WEST VIRGINIA**

______________________________
By J. Robert Leslie
Senior Deputy Attorney General

DATED this ___ day of ___________, ~~2016~~2017.

**WEST VIRGINIA DEPARTMENT OF MILITARY AFFAIRS AND PUBLIC SAFETY**

______________________________
By: Joseph Thornton
Its Secretary

Dated this ___ day of _______________, ~~2016~~2017.

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES**

______________________________
By: Karen Bowling
Its Secretary

Dated this ___ day of _______________, ~~2016~~2017.

**CARDINAL HEALTH 110, LLC.**

______________________________
By: Jon Giacomin
~~Its:~~

Its Chief Executive Officer, Pharmaceutical Segment

Dated this ___ day of _______________, ~~2016~~2017.