IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.* <br><br> Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.* <br><br> Defendants. | Civil Action No. 3:17-01665 |

## DEFENDANTS' DISCOVERY STATUS REPORT

For the benefit of the Special Master and the information of the Court, Defendants submit their first biweekly discovery status report pursuant to the Court's request during the March 5, 2020 status conference. *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1] Defendants fully recognize the extraordinary circumstances of the Coronavirus Disease 2019 ("COVID-19") pandemic, and are proceeding with this process while being fully cognizant that paramount importance must be placed on protecting the health and safety of all.

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief from the Court and any necessary motions will be filed separately. Rather, this report is simply to update the Special Master on the progress of the case as the Court monitors the overall schedule and plans for the litigation.

Defendants are pressing forward as expeditiously as possible with discovery in the present environment, which has changed significantly since the Court's March 5 status conference. However, Plaintiffs' productions and discovery responses to date have substantial gaps. Plaintiffs have 44 key employees and officials for whom they have produced no documents at all, even though they acknowledge that Defendants are entitled to the documents. And Plaintiffs refuse to produce documents for more than two dozen other key individuals.[2] Further, Plaintiffs' refusal to respond to basic interrogatories and requests for production at the outset of the case has for months deprived Defendants of crucial information at the core of Plaintiffs' allegations. Plaintiffs' slow production of documents and confusing changes of course regarding whether entities are within their control are (along with other factors) impeding Defendants' ability to begin deposition discovery.

Defendants filed a motion to compel in January 2020 with respect to threshold issues that directly affect the scope of discovery and this case. *See infra* Part I. While Plaintiffs have begun producing documents, their productions to date are severely lacking, and Defendants are preparing a second motion to compel regarding contested requests for critical document custodians. *See infra* Part II. Defendants have also served subpoenas on numerous third parties and are negotiating the scope of responses by those third parties. In recent days, however, numerous third parties, particularly government agencies, understandably have notified Defendants that the effects of the COVID-19 pandemic will likely prevent timely subpoena responses. While Defendants have granted reasonable extensions upon request, and of course will continue to do so, these delays in the production of critical third-party documents jeopardize the compressed case schedule. *See infra* Part III.

---

[2] All production statistics in this Status Report are current as of March 19, 2020.

Finally, Defendants have not yet noticed any depositions but will soon be identifying a list of priority deponents. Again, however, the rapidly developing COVID-19 pandemic presents many difficulties in moving forward with depositions at this stage. And the delays in document production by Plaintiffs and by third parties also affect Defendants' ability to move forward promptly with depositions.

## I. Defendants' Pending Motion to Compel

Defendants filed a motion to compel complete responses to their first set of interrogatories and requests for production on January 31, 2020. Dkt. 150. Plaintiffs opposed the motion on February 14, 2020, Dkt. 164, and the motion is pending before the Special Master.

The motion to compel addresses numerous deficiencies in Plaintiffs' discovery responses. For example, Cabell County refused to answer when it first became aware that prescription opioids were being abused within its geographic boundaries, refused to provide information regarding opioid-related expenditures, and generally failed to indicate whether it would or would not produce any responsive documents. Dkt. 150 at 2. While City of Huntington's responses to defendants' discovery requests were generally more complete, they, too, contain critical deficiencies that undermine Defendants' ability to mount their defenses. *Id.* at 2-3.

The requests at issue in Defendants' motion to compel seek information and documents that are foundational to Plaintiffs' core allegations. Complete responses to these requests are necessary for Defendants to have a meaningful opportunity to take the fact discovery needed to test Plaintiffs' claims.

## II. Plaintiffs' Production of Documents

While Plaintiffs may tout the number of documents and pages they have produced as evidence of their progress in discovery, Plaintiffs' productions remain deficient in myriad key respects.

3

Defendants have requested that Plaintiffs produce documents from 144 custodians. Plaintiffs have agreed to produce documents from 116 of those individuals but have only begun their production of files for 72 custodians. And even as to the custodial files Plaintiffs have begun producing, those productions are far from complete. For example, 42 custodians have fewer than 300 documents produced, and of those, 16 custodians have fewer than 10 documents produced. Plaintiffs have yet to produce a single document from 44 of the custodians whose files they have agreed to produce.

Plaintiffs have also caused production delays by initially agreeing to produce documents on behalf of certain county entities and then later taking the position that those entities are third parties. For example, in the parties' initial discussions regarding document production, Cabell County expressed willingness to collect documents from custodians of the Cabell-Huntington Health Department ("CHHD"), and the County in fact began those productions. Cabell County subsequently claimed that CHHD is a third party and stopped producing documents from CHHD custodians. While Defendants have since subpoenaed CHHD, they have yet to receive any productions in response.

Finally, the parties have reached an impasse regarding whether certain custodians' files should be produced. These include files from the Cabell County Prosecuting Attorney's Office and a number of custodians affiliated with the City of Huntington. The requested documents are necessary to Defendants' defense, and Plaintiffs' objections to their production are not well founded. Defendants are preparing a motion to compel production of these documents.

While Plaintiffs have made some progress in their production of documents, their productions are materially deficient in a number of regards. Plaintiffs continue to produce documents and have not met counsel's rosy forecast that document production would be complete

within 30 days of the January 27 status conference. *See* Status Conf. Tr. 18:17-20; 20:7-8 (Jan. 27, 2020). This, in turn, will delay Defendants in moving forward expeditiously with depositions. While Defendants continue to press for prompt resolution of these production-related deficiencies, it is likely that the delays in the production of documents from Plaintiffs will in turn necessarily slow down the scheduling of depositions. And, as discussed below, the COVID-19 pandemic is likely to lead to further delays in the deposition schedule even if Plaintiffs address the major gaps in their production of documents.

## III. Third-Party Discovery

Defendants also require discovery from a range of third parties, including State of West Virginia entities responsible for licensing pharmacies, pharmacists, and healthcare providers; healthcare payors such as Medicaid and other insurers; and state and federal law enforcement agencies, among others. Defendants have served subpoenas on 29 third parties and are negotiating the scope of responsive productions and the timing of depositions. Defendants have yet to receive any responses to subpoenas served on 6 third parties. Several of the subpoenas are subject to the U.S. Department of Justice's *Touhy* requirements,[3] including subpoenas to the Drug Enforcement Administration and opioid-related law enforcement task forces.

Several third parties have notified Defendants of issues in responding to subpoenas due to difficulties present by the COVID-19 pandemic. For example:

- The West Virginia Office of the Insurance Commissioner ("WVOIC") requested a 60-day extension to respond to subpoenas because the WVOIC offices have been

---

[3] Under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), employees of the federal government may be required to obtain agency approval prior to testifying or producing documents pursuant to subpoenas. The Department of Justice has codified procedures for obtaining such discovery at 28 C.F.R. §§ 16.21, *et seq.*, which require parties seeking discovery from the Department of Justice to submit a *Touhy* request to it, rather than simply issuing a subpoena.

closed since March 18, and, although some employees are working from home, employees do not have full access to responsive documents.

- The West Virginia Department of Health & Human Resources Bureau for Medical Services sought an extension to respond to subpoenas because all its resources are currently focused on dealing with the COVID-19 pandemic and its impact on the state.

- The West Virginia Department of Military Affairs and Public Safety has informed Defendants that its employees have limited capacity to assist with a response because they are tasked with immediate public safety issues resulting from the pandemic, and some employees are working remotely.

- The West Virginia Governor's Council on Substance Abuse Prevention and Treatment requested an extension to respond to subpoenas because the COVID-19 pandemic has delayed its ability to search for documents and craft a response.

- Cabell Huntington Hospital has requested an extension to respond to Defendants' subpoenas until "at least" April 2, 2020, because all hospital staff are currently focused on addressing the pandemic.

- The Board of Dentistry has requested an extension to respond to Defendants' subpoena because the Board's office is closed due to COVID-19 and staff are unable to assist in a response without access to the office.

It is necessary and unavoidable that Defendants agree to reasonable extensions of third parties' responsive deadlines because of the COVID-19 pandemic. But this creates very significant pressure on the case schedule because these delays in document production will in turn delay Defendants' ability to take third-party depositions.

## IV. Deposition Scheduling

Defendants are in the process of identifying a set of priority witnesses and will focus on seeking Plaintiffs' complete production of custodial files and departmental files for those witnesses. Until those productions are complete, it will not be feasible to move forward with depositions. Further, Defendants recognize that depositions may not be able to proceed at this time in light of the COVID-19 pandemic, which is disrupting the parties' ability to prepare and present witnesses for deposition.

*       *       *

In short, the crucial discovery Defendants need from Plaintiffs and third parties is proceeding, but slowly. Plaintiffs have significant gaps in their document production and have yet to produce documents from 44 agreed-upon custodians. A motion to compel remains pending and another will be filed shortly. Third-party document discovery is being significantly impeded by the COVID-19 pandemic. Defendants are moving forward diligently and with expedition but are confronting very significant delays in the completion of document discovery. Further, depositions will be similarly delayed because of the delays in document production. It is highly likely that the COVID-19 pandemic will also create further delays in the deposition schedule.

Respectfully Submitted,

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200
JWakefield@flahertylegal.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

***AmerisourceBergen Drug Corporation***
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)

8

Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 24th day of March, the foregoing **"Defendants' Discovery Status Report"** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
