IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01362 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>    Defendants. | |

| | |
|---|---|
| CABELL COUNTY COMMISSION,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01665 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>    Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF
AMERISOURCEBERGEN DRUG CORPORATION'S
MOTION FOR SUMMARY JUDGMENT BASED ON *RES JUDICATA***

Defendant AmerisourceBergen Drug Corporation ("ABDC") submits this Reply Memorandum in further support of its Motion for Summary Judgment and states as follows:

**ARGUMENT**

Plaintiffs' response misses the point and ignores the nature of a public nuisance claim. Specifically, in an effort to avoid the *res judicata* effect of the 2017 settlement of the State of West Virginia's lawsuit, Plaintiffs repeatedly characterize the public nuisance claims as "their" claims—as if the public nuisance claims belong to this city and this county and are asserted on behalf of

1

them individually.  *See, e.g.*, Doc. 242 at 2 ("Neither the State nor the WVAG has *parens patriae* power to bring Plaintiffs' claims . . . .") (emphasis added); *id*. ("Plaintiffs' claims were not released by the WVAG. . . .") (emphasis added); *id*. at 3 ("[A] review of the claims brought in the WVAG's complaints confirms that the State was litigating its case and not the claims of cities and counties.") (emphasis added).

Plaintiffs are wrong.  A public nuisance, by definition, "affects the general public."  *Hark v. Mountain Fork Lumber Co.*, 127 W.Va. 586, 596, 34 S.E.2d 348, 354 (1945); *see also* Restatement (Second) of Torts § 821B(1) ("A public nuisance is an unreasonable interference with a right common to the general public.").  As such, the purpose of a public nuisance claim brought by proper public officials is to "vindicate the rights of the public." *Hark*, 127 W. Va. at 596, 34 S.E.2d at 354.  A public nuisance claim is effectively a "representative action on behalf of the 'public.'"  *In re: Water Contamination Litigation*, No. 16-C-6000, Order Granting Defendants' Motion to Dismiss 14 (MLP Trans ID 6278508).[1]  While Plaintiffs initially asserted various causes of action on their own behalf, the only claims remaining in this lawsuit are claims for public nuisance.  As a consequence, the issue of *res judicata* must be analyzed through the lens of public nuisance, and only through that lens.

The Mass Litigation Panel's decision in *In re: Water Contamination Litigation* illustrates this very point.  In that case, the Lincoln County Commission sought to assert a public nuisance claim arising out of the January 9, 2014 Freedom Industries spill that contaminated the drinking water supply.  A prior class action settlement had been reached in *Good v. American Water Works*, of which the Commission had opted out.  *Id.* at 5.  No other individuals or businesses in Lincoln County opted out of the class settlement.  *Id.*  The Mass Litigation Panel held that the

---

[1] A copy of the Panel's Order Granting Defendants' Motion to Dismiss is attached as Exhibit A.

Commission's public nuisance claim was barred on *res judicata* grounds. *See id.* at 13–15. The Panel recognized that the public nuisance claim was a representative action on behalf of the public and the Lincoln County Commission was in privity with the Lincoln County residents. *Id.* at 14. Because the rights of the Lincoln County residents had been vindicated in the *Good* settlement, the Lincoln County Commission's public nuisance claim was barred by *res judicata* regardless of the fact that the Lincoln County Commission had itself opted out of the settlement. *Id.* at 14–15.

Contrary to Plaintiffs' arguments here, the issue is not whether cities and counties are different entities than the State of West Virginia. *See* Doc. 242 at 11 ("Neither the City of Huntington nor the Cabell County Commission are an arm of the state or an entity of the government of the State of West Virginia."). Nor is the issue whether the State or the WVAG have authority to litigate claims on behalf of cities and counties. *See id.* at 4 ("[N]or do the complaints allege that any of the plaintiffs in the WVAG's cases are acting on behalf of any county or city."); *id.* at 13 ("Defendants cite no constitutional or statutory authority authorizing the WVAG to litigate claims on behalf of cities and counties."). The issue is also not whether cities and counties were parties to the State settlement agreement. Indeed, the Lincoln County Commission's public nuisance claim still was barred despite that the Commission was not a party to the class settlement agreement because it opted out.

Simply put, the points Plaintiffs make in arguing that *res judicata* does not apply here might be relevant outside the context of representative claims such as a public nuisance claim.[2] But that is beside the point. The determinative issue here is the same as it was to the Lincoln County

---

[2] Plaintiffs' Response references prior motions to dismiss making *res judicata* arguments and court orders denying the same. However, those prior motions were made when the case was postured quite differently with numerous other claims pending. The issue of *res judicata* has not been addressed specifically in the limited context of public nuisance.

3

Commission in *In re: Water Contamination Litigation*—whether the interests of the public, *i.e.*, the residents of Huntington and Cabell County, were already represented and vindicated by the prior State settlement.[3] The public has only one collective right/interest in seeing a particular public nuisance abated. The State, acting in its *parens patriae* capacity, vindicated that interest once and for all when it executed the Settlement and Release with ABDC. All further suits seeking to vindicate that same interest are barred.

## CONCLUSION

For the reasons set forth above, ABDC respectfully requests that the Court grant its Motion for Summary Judgment.

Dated: March 25, 2020

                                        Respectfully submitted,

                                        ***AmerisourceBergen Drug Corporation***
                                        By Counsel:

                                        */s/ Gretchen M. Callas*
                                        Gretchen M. Callas (WVSB #7136)
                                        JACKSON KELLY PLLC
                                        Post Office Box 553
                                        Charleston, West Virginia 25322
                                        Tel: (304) 340-1000
                                        Fax: (304) 340-1050
                                        gcallas@jacksonkelly.com

---

[3] Notably, while Plaintiffs go to great lengths in arguing the State had no authority to represent or bind them in the prior litigation, nowhere in Plaintiffs' Response do they contend the State lacked the authority to represent and vindicate the interests of the collective members of the public, including the residents of Huntington and Cabell County.

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                          CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                          CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 25th day of March, 2020, the foregoing ***Reply Memorandum in Support of AmerisourceBergen Drug Corporation's Motion for Summary Judgment Based on Res Judicata*** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                */s/ Gretchen M. Callas*
                                                                Gretchen M. Callas (WVSB # 7136)