IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
 Plaintiff,
v.                   CIVIL ACTION NO. 3:17-01362
**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
 Defendants.

**CABELL COUNTY COMMISSION,**
 Plaintiff,
v.                   CIVIL ACTION NO. 3:17-01665
**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
 Defendants.

## PLAINTIFFS CABELL COUNTY COMMISSION AND CITY OF HUNTINGTON'S JOINT DISCOVERY STATUS REPORT

Defendants continue to employ Fabian tactics[1] to invite delay. Defendants' recent *Discovery Status Report* (Document 247) (Filed 03/24/20) is yet another example. Defendants filed a document on the public record advising this Court that "Plaintiffs' refusal to respond to basic interrogatories and requests for production at the outset of the case has for months deprived Defendants of crucial information at the core of Plaintiffs' allegations." (Defs. Status Report at p. 2). Not six minutes later, the Special Master issued *Discovery Ruling No. 1* rejecting all sixteen components of the Defendants' spurious motion to compel. (Document 248) (Filed 03/24/20).

---

[1] The Fabian strategy is a military strategy where pitched battles and frontal assaults are avoided in favor of wearing down an opponent through a war of attrition and indirection. While avoiding decisive battles, the side employing this strategy harasses its enemy through skirmishes to cause attrition, disrupt supply, and affect morale. Employment of this strategy implies that the side adopting this strategy believes time is on its side, but it may also be adopted when no feasible alternative strategy can be devised.

The following status report will attempt to achieve transparency, accuracy, and accountability regarding the current posture of discovery. We hope all three components will serve as hallmarks of submissions by the Plaintiffs.

**Discovery Served on the Defendants:** Plaintiffs served written discovery on the Defendants on October 22, 2019, which included eleven (11) interrogatories combined with requests for production of documents. Each of the Defendants timely responded and recently filed supplements. The only laggard is AmerisourceBergen. A motion to compel is pending.

**Discovery served on the Plaintiffs:** Defendants served written discovery on the Plaintiffs on January 31, 2020. Plaintiffs fully answered the interrogatories and request for production of documents. See *Discovery Ruling No. 1* (Document 248) (Filed 03/24/20). To date, the Cabell County Commission has disclosed 317,931 documents spanning 1.3 million pages. The Cabell County Commission has substantially completed disclosure of all documents requested under Rule 34 and will supplement as necessary. Similarly, the City of Huntington has made thirty-one productions, producing 307,211 responsive documents spanning 1,285,044 pages and will continue to supplement as necessary.

A looming conflict approaches regarding the production of "custodial files." There is no rule of civil procedure addressing a custodial file. Neither is it referenced in the *Civil Litigation Management Manual* (2010) approved by the Judicial Conference of the United States Committee on Court Administration and Case Management,[2] nor the Manual for Complex Litigation (2004) published by the Federal Judicial Center. As one commentary noted:

> A term coming into use recently is "custodial files." This refers to all of the
> files of a particular employee of a defendant, who is expected to be deposed.
> The discovery is searching his office computer hard drive and documents,

---

[2] This manual is for the guidance of federal judges. It is not intended to be relied upon as authority, and it creates no rights or duties.

>   his home laptop, the documents in his drawers, and, as someone once said, what is in his basement.

Production and definitions, Litigating Mass Tort Cases § 8:17.  While perhaps overstated, the production of custodial files in MDL2804 has been a contentious issue from the outset.

The MDL Court entered *Case Management Order No. 3* (MDL2804) (Doc #: 443) (Filed: 05/15/18) which ordered the parties to identify custodial and noncustodial data sources containing potentially relevant ESI for potential collection, review, and production. (¶4.a).  CMO3 further defines "Electronic Document or Data" to include documents or data existing in electronic form at the time of collection, including but not limited to: e-mail or other means of electronic communications, word processing files (e.g., Microsoft Word), computer slide presentations (e.g., PowerPoint or Keynote slides), spreadsheets (e.g., Excel), and image files (e.g., PDF). (¶2.c).

As aptly noted by the Defendants in their recently filed *Discovery Status Report*:

> Defendants have requested that Plaintiffs produce documents from 144 custodians.  Plaintiffs have agreed to produce documents from 116 of those individuals but have only begun their production of files for 72 custodians.  And even as to the custodial files Plaintiffs have begun producing, those productions are far from complete.  For example, 42 custodians have fewer than 300 documents produced, and of those, 16 custodians have fewer than 10 documents produced. Plaintiffs have yet to produce a single document from 44 of the custodians whose files they have agreed to produce.

(Defs. Status Report at p. 5).  Plaintiffs dispute some of these metrics, but this misses the point. Plaintiffs likely have been too permissive regarding the designation of custodians out of an abundance of caution.  Due diligence reveals that most of the designated custodians neither possess relevant electronic documents nor will they be deposed in this litigation.  For instance, it is difficult to fathom how the former billing clerk for EMS, the former County Assessor, or staff members of the Circuit Clerk can meaningfully add to the record.

**Cabell County Commission's Production of Custodial Files**

As it stands, and as Cabell County advised the Defendants in written correspondence dated March 21, 2020 (before the filing of Defendants' *Discovery Status Report*), production of the custodial file for the following current/former employees of the Cabell County Commission is substantially complete:

Adams, Doug
Bailey, Bob
Bates, Betty
Bates, Clayton
Blankenship, Margy
Cartmill, Nancy
Cole, Ryan
Cox, Larresca
Davis, Mike
Davis, Sandy
Enochs, Dale
Ferguson, Doug
Frye, Suzanne
Hood, Jeff
Marcum, Dan
McComas, Natalie
McComas, Tracey
McCoy, Janet
Morgan, Jim
Murray, Stephen
Priddy, Connie
Ross-Woodrum, Rose
Saunders, April
Shoemaker, Greg
Smith, Phyllis
Sobonya, Kelli
Tatum, Chris
Tatum, Mike
Vanooteghem, J.R.
Vititoe, Steve
Webb, Brenda
Whitt, Joe
Yon, Ann

Cabell County anticipates supplementing the file of EMS Director Gordon Merry (656 electronic documents produced to date) with additional hard copy documents in the near future. It

is also in the process of harvesting the custodial file of County Assessor Irv Johnson. Cabell County has been unable to locate any electronic documents for the following individuals:

Ottie Adkins (2006-2015)
Former County Assessor

Scott Bias (2006-2011)
Former County Commissioner

Adele Chandler (2006-2015)
Former Circuit Clerk

James Scheidler (2006-2008)
Former Chief Deputy, Sheriff

Mary Beth Steele (2010-2017)
Former EMS Accounts Payable

Kim Wolfe (2006-2008)
Former Sheriff

David Wright, MD (2006 to present)
EMS Medical Director

Steve Zoeller (2007-2011)
Former County Commission Administrator

Cabell County harvested the custodial files of the following individuals but no documents were responsive to the search terms provided by the Defendants: Betty Bates; Clayton Bates, and Ryan Cole. Lastly, the Cabell County Commission has advised Defendants that it will not be producing custodial files from the Prosecutor's Office absent showing some relevance apart from the disclosed felony files and closed investigative files from the Sheriff's Office.

In summary, Cabell County produced nearly as many documents (317,931) since remand as has AmerisourceBergen (476,000) throughout the entirety of the MDL (including state court cases brought by Attorneys General across the country). The repeated jabs by the Defendants regarding Cabell County Commission's "severely lacking" production of documents are without

merit. Cabell County thus asks for the Special Master and the Court to order the Defendants to bring whatever discovery disputes remain and remove this item as a potential excuse for a future request for continuance of the bench trial.

**The City of Huntington's Production of Custodial Files**

Plaintiffs have timely communicated with Defendants in regards to their requests for custodians throughout the discovery period. Notably, Defendants started with a list of 70 proposed custodians for the City of Huntington, many of which were not in the custody or control of the City and many that were duplicative and/or outside any relevant time frame.[3] The City of Huntington has conferred and worked diligently to identify and agree to 45 custodians.

Thus far, Huntington has produced documents for the following custodians:

Arthur, Scott
Bailey, Kim
Bates, Mark
Bills, Shane
Blackburn, Ernie
Burns, Cathy
Canafax, Ray
Polan, Carol
Chambers, Bryan
Ciccarelli, Joseph
Cornwell, Ray
Harless, Krishawna
Runyon, Deron
Dial, Hank
Ferguson, Teresa
Howe, Rebecca

---

[3] Many of these custodian requests were identified by Defendants from Plaintiff Fact Sheets or Huntington's responses to Defendants' Interrogatory Nos. 1 and 3 – as noted in Defendant's Custodian Chart. Interrogatory No. 1 asks Plaintiffs to "Identify every Person likely to have discoverable information related to Your claims…" and Interrogatory 3 asks Plaintiffs to "Identify each Person in Your entity, for each year of the Timeframe, who held the following positions or their equivalent…" The mere fact that an individual is listed as someone "likely to have discoverable information or held a certain position does not mean they are proper or appropriately deemed "custodians." for the purposes of this litigation.

Hunter, Paul
Insco, Jim
Johnson, Jim
Johnson, Rocky
Wolfe, Roger Kim
Layne, Margaret
Lemley, Scott
Lewis, Sherry
McComas, Charles
Miller, Barbara
Minigh, Paul
Moore, Kathy
Page, Tonia Kay
Pam Chandler
Preece, Craig
Bentley, Darla
Radar, Jan
Shell, Breanna
Shockley, Mike
Holbrook, Skip
Ted Kluemper
Underwood, Dan
Vence, Alex
Wheeler, Jennifer
Williams, Steve
Clark, Joyce
Pell, Sharon
City of Huntington
Huntington Police Department Drug Unit
Huntington West Virginia Police Department
Publicly Available Sources

After a diligent investigation, the City of Huntington has been unable to locate any responsive documents within the City's custody, possession, or control for the following requested individuals:

Jones, Brandi Jacob
Moore, C. Creig
Eastham, Carl
Felinton, David

Huntington's document collection efforts involved obtaining two backup archival servers—one for the City of Huntington and one for the Police Department — and retrieving those

electronic mailboxes that could be pulled and searched. In an effort to ensure optimal inclusivity, a search was run for all agreed custodians (irrespective of whether or not they had an electronic mailbox) against the two backup archival servers using the email sender and recipient, and processed metadata fields (namely, the "Email From" and "Email To" fields). Each collection of documents was searched using the parties' agreed upon search terms. Further, any electronic files or hard copy files any custodian possessed were collected, searched, and produced if responsive and non-privileged. Huntington anticipates producing additional documents for several custodians this week and subsequently reaching substantial completion.

**DEA *Touhy* requests and subpoenas:** Both Plaintiffs and Defendants have served formal notice on the U.S. Department of Justice to produce documents and witnesses regarding enforcement actions relevant to this case. We continue to meet and confer.

**Third-Party Subpoenas:** Plaintiffs have served a third-party subpoena on Marshall University for data. On the other hand, Defendants have served some 40+ third-party subpoenas for depositions and document production including:

Appalachia High Intensity Drug Trafficking Area (AHIDTA)

Appalachian Regional Prescription Opioid Strike Force (ARPO)

Huntington Violent Crime & Drug Task Force (HVCD)

WV Dep't Military Affairs and Public Safety

WV Div of Justice & Comm. Services

WV Division of Corrections & Rehab

WV State Police

WV Board of Medicine

WV Office of Chief Medical Examiner

  Cabell County Drug Court

  WV Board of Osteopathic Medicine

  WV DHHR, Bureau for Children and Families

  Cabell-Huntington Health Dept.

  Cabell Huntington Hospital

  WV Board of Dentistry

  WV Board of Examiners for Licensed Practical Nurses (RN Board)

  WV BMS (Bureau for Medical Services)

  WV DHHR (Dept. Health & Human Resources)

  WV OIC (Office of Ins Commissioner)

  WV PEIA (Public Employees Ins Agency)

  Healthy Connections

  Quality Insights

  Valley Health Systems

  Finally, and without belaboring the point, Defendants' pursuit of discovery to cast blame elsewhere is in vain. For the reasons noted in Plaintiffs' Motion to Strike Defendants' Notice of Non-Party Fault (Docs. 224, 225), Defendants are jointly liable and are not entitled to apportion fault to non-parties. There is no escaping the brutal truth of the carnage caused by the tsunami of prescription opioids dumped into Cabell County (WV):



Dated: March 26, 2020               Respectfully submitted,

CABELL COUNTY COMMISSION            THE CITY OF HUNTINGTON

/s/ *Paul T. Farrell, Jr.*            /s/ *Anne McGinness Kearse*
Paul T. Farrell, Jr., Esq. (WVSB No. 7443)   Anne McGinness Kearse (WVSB No. 12547)
**FARRELL LAW**                       **MOTLEY RICE LLC**
P.O. Box 1180                         28 Bridgeside Blvd.
Huntington, WV 25714-1180             Mount Pleasant, SC 29464
422 Ninth Street, 3rd Floor           Tel: 843-216-9000
Huntington, West Virginia 25701       Fax: 843-216-9450
office: 304.523.7285                  akearse@motleyrice.com
cell: 304.654.8281
email: paul@farrell.law

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing was filed electronically via the CM/ECF electronic filing system on March 26, 2020 and served on all counsel registered in the system.

/s/ Natalie Deyneka
Natalia Deyneka (WVSB No. 12978)
