**From:** "Cassandra L. Means" <Cassandra.L.Means@wvago.gov>
**Date:** March 25, 2020 at 2:30:36 PM EDT
**To:** "Wakefield, Jeff" <JWakefield@flahertylegal.com>
**Cc:** "Hunter, Erin K" <erin.k.hunter@wv.gov>
**Subject: RE:  Subpoenas to West Virginia Offices of the Insurance Commissioner**

Good afternoon. I write to follow-up on our phone call a few moments ago regarding the subpoenas issued to the West Virginia Offices of the Insurance Commissioner.

As the WVOIC has had more opportunity to review your subpoenas since we last spoke, it has become even more evident that compliance by March 31, April 17 or anytime soon thereafter is impossible. As I previously shared, the WVOIC offices have been shuttered due to the evolving Covid-19 pandemic. Most employees are working remotely while those who cannot will be placed on leave.  Many of those that are working remotely lack full access to potentially responsive materials or have limited functionality. Further, many WVOIC employees have been diverted from their usual job duties to complete tasks to assist in the State's response to the Covid-19 pandemic.  As this pandemic is having a significant affect or impact on health insurers, healthcare providers, workers' compensation claimants and workers' compensation insurers, as well as raising many issues surrounding business interruption insurance coverage, the WVOIC is dedicating a high percentage of its time to dealing with the pandemic and the insurance regulatory ramifications thereof.

In addition to issues with compiling and reviewing potentially responsive materials during the short timeframe, it is further unreasonable to demand numerous WVOIC employees to appear for deposition during West Virginia's Stay at Home order and during a period when public health officials are instructing all persons to practice social distancing. The conduct of these depositions in the near future could very likely be detrimental to the health of WVOIC's employees and their families.

In addition to Covid-19 related issues, the substance of both subpoenas is overly broad would result in undue burden on the WVOIC. Although not a comprehensive listing of potential issues, the 24-year time frame in the document subpoena, the lack of any time frame in the deposition subpoena, broad definition of "You," request for protected health information, and request for confidential investigation information are problematic.  There are many statutory provisions in Chapter 33 and Chapter 23 of the West Virginia Code that make insurance investigatory materials confidential and not subject to disclosure. Additionally, prior to January 1, 2006, all workers' compensation claims in West Virginia were administered/paid by the former Workers' Compensation Commission (with the exception that some self-insured employers administered their own claims). When the former Workers' Compensation Commissioner ceased to exist, the WVOIC took over the remaining duties, which included administration of the run-off funds, as well the uninsured employers fund.  There are literally millions of claims filed from the former Workers' Compensation Commissioner that the WVOIC may, partially at least, have access to that could have prescription medication payment information responsive to this broad request. In addition, since the time of workers' compensation, the WVOIC has had contracts with various third-party administrator vendors who have provided services to the run-off funds, as well as the uninsured employer fund and the state agency workers' compensation program, that have

information responsive to this requires. The WVOIC will need to reach out to those vendors to obtain this information. Those vendors are likewise dealing with issues created by the COVID-19 pandemic. I anticipate we will find additional issues as we are able to compile potentially responsive materials.

As to a reasonable time for compliance, the WVOIC believes data collection would take a minimum of four months, and may be closer to 6 months. This collection would necessitate one employee devoting 50 percent of her time and other employees devoting time to assist and support as needed. The language of your requests also makes this a particularly tenuous task. Specifically, you have requested a very large data pull, but have failed to ask for anything specific that assists in developing codes and search parameters. At this time, the WVOIC is unsure as to whether it will be able to develop search parameters to obtain information responsive to your requests in regard to the claims data from the former Workers' Compensation Commission. Also in this vein, your requests regarding "alternative treatments" could overlap with prescription claims. Further, not all "alternative treatments" as you call it like physical therapy are alternatives to opioids or could have been in addition to prescription medication. The WVOIC would not be able to determine whether the treatment was, in fact, an alternative to opioids without doing a claim file review of tens or hundreds of thousands of claims, possibly more.

The broad definition of "You" may also necessitate coordination with third party administrators, who are also busy responding to the current State of Emergency.

In sum, your demand for production of documents and the conduct of depositions by March 31, 2020 or the extended deadline of April 17, 2020 remains unreasonable. As a result, we request that you release the subpoenas issued to the WVOIC on March 17, 2020. In the alternative, the WVOIC requests that you agree to extend the time for compliance until a time when the still evolving Covid-19 pandemic has been resolved.

Thanks,
Cassie


Cassandra L. Means
Assistant Attorney General
Office of the Attorney General
State Capitol Complex
Building 1, Room W-435
Charleston, WV  25305
(304) 558-2522
Cassandra.L.Means@wvago.gov

WARNING:  The information included and/or attached in this electronic mail transmission may contain confidential or privileged information and is intended solely for the addressee(s).  Any unauthorized disclosure, reproduction, distribution or the taking of action in reliance on the contents of the information is strictly prohibited.  If you have received the message in error, please notify the sender by reply transmission and delete the message without copying, disclosing or forwarding.