UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**

    **Plaintiff,**

v.                                                     Civil Action No. 3:17-01362

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

AND

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

v.                                                     Civil Action No. 3:17-01665

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

**WEST VIRGINIA PUBLIC EMPLOYEES INSURANCE AGENCY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS AND SUBPOENA TO PROVIDE DEPOSITION TESTIMONY**

    West Virginia Public Employees Insurance Agency ("PEIA") files this Memorandum of Law in support of its Motion to Quash two subpoenas issued to PEIA on March 17, 2020 by Defendant McKesson Corporation. Specifically, PEIA has moved this Court, pursuant to Rules 26 and 45(d)(3) of the Federal Rules of Civil Procedure, to quash the subpoena to produce documents and the subpoena to testify at a deposition in a civil action on the grounds that the subpoenas do not provide a reasonable time for compliance. In addition to an unreasonable time for compliance,

the broad scope of the subpoenas would render compliance unduly burdensome and the subpoenas seek information that is statutorily confidential. PEIA has additionally moved to stay the deposition demanded for March 31, 2020. In the alternative, PEIA requests that this Court modify the subpoenas issued upon PEIA to provide a more reasonable time for compliance and a less burdensome scope.

Pursuant to Local Rule 37.1, counsel for PEIA has corresponded with counsel for the issuing party McKesson Corporation regarding the issues raised in this motion, and such dialogue has been productive. However, counsel has been unable to come to an agreement at this time, and PEIA files its motion to protect its interests.

## I. FACTUAL BACKGROUND

PEIA is a non-party in the above-captioned matter. On March 17, 2020, McKesson Corporation issued PEIA two subpoenas. The subpoena for documents demanded PEIA to produce by March 31, 2020 forty-two (42) expansive categories of documents from 1996 to present. Meanwhile, the subpoena to testify at a deposition demanded testimony for twenty (20) broad categories. Unlike the 24-year period provided in the subpoena for documents, the subpoena for a deposition included no direction on the applicable time frame. In both subpoenas, the production categories are very broad and would likely implicate PEIA's statutory confidentiality provisions. *See* W. Va. Code §§ 5-16-9 and 5-16-12A.

PEIA's and McKesson's counsel have engaged in good faith discussions about the matter. McKesson's counsel stated that it could extend the subpoena response deadline to April 18, 2020. PEIA's counsel indicated that was not sufficient.

The Covid-19 pandemic has drastically impacted the operations of PEIA, including the closure of its buildings. Employees who have the capability to work remotely are doing so, while

others will be placed on leave. PEIA employees that are working remotely do not have full access to materials potentially responsive to the document subpoena and/or have limited functionality. Due to the closure of PEIA buildings, PEIA employees are also unable to meaningfully prepare for deposition. The office closures are anticipated to be in effect until at least April 30, 2020 and may be lengthened based upon the evolving nature of the pandemic.  In addition to lacking access to their normal workspaces, many PEIA employees have been diverted from their usual job duties to complete tasks to assist in the State's response to the Covid-19 pandemic. PEIA is dedicating a high percentage of its time to dealing with the pandemic. Compliance with the subpoena under its current time restraints would jeopardize PEIA's ability to fully respond to Covid-19 issues.  *See* Exhibit C, Affidavit of Thomas D. Miller.

Concerns regarding the Covid-19 pandemic have been expressed by this Court. On March 23, 2020, this Court issued an order acknowledging that the Centers for Disease Control and Prevention and other public health authorities have advised taking precautions to reduce potential exposure to the Corona virus. The Court further continued all civil and criminal trials scheduled to commence through April 24, 2020 and postponed all in-person proceedings through April 24, 2020.

Also on March 23, 2020, West Virginia Governor Jim Justice issued Executive Order No. 9-20 ordering West Virginians to stay at home unless performing an essential function. It is unknown when the Stay at Home order will be lifted.

Even absent Covid-19 issues, the subpoenas and their broad commands provide an unreasonable time for compliance. PEIA believes data collection based upon the language in the subpoenas would take at least 4-6 months.  *See* Exhibit C, Affidavit of Thomas D. Miller.  This collection would necessitate one employee devoting 50 percent of their time and other employees

devoting time to assist and support as needed. *Id*. The data compilation will be tenuous because the subpoenas command a large amount of data, but have failed to ask for anything specific that assists in developing codes and search parameters. Furthermore, McKesson's requests regarding "alternative treatments" will likely overlap with prescription claims. PEIA would not be able to determine whether the treatment was, in fact, an alternative to opioids without doing a manual claim file review of tens or hundreds of thousands of claims, possibly more. *Id.* Other issues delaying data compilation include that many pre-2000 materials are on microfiche, many years of scanned files are in TIF or PDF format that are unsearchable, and all of the millions of pages of claim files contain – in addition to protected health information – Personally Identifiable Information ("PII") that would need to be reviewed and redacted. *Id*.

The scope of the subpoenas are also very broad due to McKesson Corporation's definition of "You" and "Your" to "refer to the West Virginia Public Employees Insurance Agency ("PEIA") and its divisions, subdivisions, offices or departments, and all others acting or purporting to act on Your behalf, or controlled by You, including any affiliates, programs, employees, directors, agents, contractors, representatives, board members, committees, subcomittees, working groups and task forces." Exhibits A and B to Motion to Quash, at ¶ 4. PEIA has had contracts with various third-party administrator vendors who have provided services that more than likely have information responsive to this subpoena, and PEIA will need to reach out to those vendors to obtain this information. See Exhibit C, Affidavit of Thomas D. Miller. Those vendors are likewise dealing with issues created by the COVID-19 pandemic.

## II. ARGUMENT

For the reasons stated herein and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, good cause exists for this Court to quash the subpoena. Under Rule 26 of the Federal

Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26, a Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" up to and including "forbidding the disclosure or discovery." Fed.R.Civ.P. 26(c). A court must also limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit..." Fed.R.Civ.P. 26(b)(2)(C).

Rule 45 governs subpoenas to nonparties and permits the same scope of discovery as Rule 26. *Brown v. Meehan*, 2014 WL 4701170 (E.D. Va. Sep. 22, 2014). Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that, upon timely motion, a Court "*must* quash or modify a subpoena" if it "(i) fails to allow reasonable time to comply;…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." (emphasis added). The movant carries the burden of proving that a subpoena should be quashed. *Deakins v. Pack*, 2012 WL 626200 (S.D.W. Va. Feb. 24, 2012).

    **A.**    **The Subpoenas Do Not Allow a Reasonable Amount of Time to Comply.**

The subpoenas served upon PEIA by McKesson Corporation do not allow a reasonable time to comply. Rule 45(c)(3)(i) provides that the Court "*must* quash or modify a subpoena that fails to allow a reasonable time to comply." (emphasis added). The Federal Rules of Civil Procedure do not prescribe a minimum or maximum amount of time for compliance with a subpoena.

"In determining whether a subpoena should be quashed, the Court should consider the facts of the case and the issuing party's need for the information subject to the subpoena *duces tecum.*" *Deakins* (citing to *Ohio Valley Environmental Coalition, Inc. v. United States Army Corps of Engineers,* 2012 WL 112325. *2 (N.D. W. Va. Jan. 12, 2012). The "reasonableness of the time

5

allowed for compliance seems to be judged depending on the underlying circumstances." *Freeport McMoran Sulpher, LLC v. Mike Mullen Energy Equip. Res., Inc.,* 2004 WL 595236 (E.D. La. Mar. 23, 2004).

The subpoenas issued by McKesson Corporation provide 14 days for compliance and counsel for McKesson would not agree to an extension beyond April 18, 2020. The current circumstances of an unprecedented and evolving global pandemic render the compliance window unreasonable. These timeframes do not allow PEIA and its counsel enough time to collect, review, and produce the commanded documents and to meaningfully prepare numerous employees for deposition.

The time frame is further unreasonable because the entirety of PEIA's workforce is either working remotely or has been placed on administrative leave. Further, PEIA's offices have been closed until further notice and the employees that are working remotely do not have full access to potentially responsive documents. The limited functionality of PEIA's staff also renders it impossible for employees to effectively prepare for deposition.

In addition to the logistical inability to review potentially responsive documents and prepare for deposition during the evolving pandemic, many PEIA employees have been diverted from their usual tasks to work on issues related to Covid-19. PEIA's role is of heightened importance during the Covid-19 crisis and devoting staff to the compilation and review of a massive amount of documents and deposition preparation is not reasonable during the current public health crisis.

In addition to being unable to adequately prepare for deposition, it is further unreasonable for McKesson Corporation to demand numerous PEIA employees to appear for deposition during West Virginia's Stay at Home order and during a period when public health officials are instructing

all persons to practice social distancing. The conduct of these depositions on March 31, 2020, April 18, 2020, or soon thereafter could very likely be detrimental to the health of PEIA's employees and their families. The import of social distancing has been acknowledged by this Court in its March 23, 2020 order, which continued all in-person proceedings.

In addition to the circumstances of a global health emergency, the expansive time scope of the compelled documents render the subpoenas' short period for compliance unreasonable. Specifically, the subpoena for documents requests documents from 1996 to current. This command for documents from over two decades, including health and investigation information which may be sensitive, cannot be produced without careful review. Meanwhile, PEIA has no direction from McKesson regarding the time frame for the deposition of PEIA employees.

McKesson has requested massive amounts of information that would necessitate a large coordination by PEIA. As stated above, the collection of the subpoenaed data could take four to six months. Completion in an extended timeframe would entail one employee devoting 50 percent of their time and several others devoting potions of their work day. The lack of search parameters in the massive document and data commanded would cause additional delay. As the commands are currently drafted, PEIA could have to manually review millions of pages of claims.

In sum, McKesson's oppressive time frame for compliance with its document and deposition subpoenas do not allow anywhere near enough time to collect, review, and produce documents and prepare potential witnesses. PEIA cannot reasonably comply with the subpoenas within this time frame, and asks this Court to quash the subpoenas and stay the deposition of PEIA. In the alternative, PEIA requests that this Court modify the subpoenas due to the amount of time and labor that would be necessary to produce the documents and prepare for deposition.

### B. The Subpoenas are Unduly Burdensome.

PEIA requests that this Court protect it as a non-party from the undue burden and expense that will result from McKesson Corporation's overly broad subpoenas. As detailed below, the scope of the subpoenas are profoundly sweeping and unreasonably overbroad, and complying with them would be unduly burdensome to PEIA.

Rule 45(d)(3)(A)(iii) provides that "the court for the district where compliance is required *must* quash or modify a subpoena that…subjects a person to undue burden." (emphasis added). When conducting an analysis under Rule 45, the Court is required to apply the balancing standards: relevance, need, confidentiality, and harm. *Brown v. Meehan*, 2014 WL 4701170 (E.D. Va. Sept. 22, 2014) (citing to *In re NCAA Student–Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 84144, 2012 WL 2281253 (M.D.N.C. June 18, 2012)).

Even if the information sought is relevant, discovery is not allowed where compliance is unduly burdensome or where the potential harm caused by production outweighs the benefit. *See In re: Modern Plastics Corporation*, 890 F.3d 244, 251 (6th Cir. 2018), cert. denied, 139 S. Ct. 289, 202 L. Ed. 2d 136 (2018) (Courts must "balance the need for discovery against the burden imposed on the person ordered to produce documents," and the status of that person as a non-party is a factor). Moreover, "[a] subpoena imposes an undue burden on a party when [it] is overbroad." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (citing to *In re Subpoena Duces Tecum.,* 550 F.Supp.2d at 612).

Here, the subpoena issued to non-party PEIA should be quashed because compliance is unduly burdensome and potential harm outweighs the benefit under the balancing standard. PEIA serves the public as the state employee insurance administrator and does so with limited resources. The administration of insurance has become more complicated during the current and evolving

8

pandemic. To divert resources from Covid-19 duties to comply with the broad subpoenas would not best serve the interests of the public.

The subpoenas issued by McKesson also create undue burden on PEIA because they are overbroad in substance and time scope. The document subpoena commands the production of materials over a 24-year time period, fails to make requests in a way in which search parameters can be devised, and would necessitate the review of millions of pages of claim files. The completion of this task will require the half-time dedication of one staff member and partial time dedication of several other PEIA employees. Further, the subpoena's broad definition of "You" will necessitate PEIA's collaboration with numerous third-party administrators who are also handling insurance implications related to the Covid-19 pandemic.

The subpoenas' requested mechanisms for production are also unduly burdensome and inconsistent with the Federal Rules of Civil Procedure. Specifically, McKesson requests that the documents be produced in a specific electronic format with document unitization, utilizing a specific file naming convention, and including certain objective coding and extracted meta-data. Per Rule 45(e)(1)(A) of the Federal Rules of Civil Procedure, PEIA may produce any responsive documents as they are kept in the ordinary course of business. The recipient of the subpoena may choose the manner in which to produce documents. As a result, McKesson's demand for the organization and method of production would not only impose undue burden on PEIA, but is also in direct conflict with the Federal Rules of Civil Procedure.

**C. The Subpoena Commands Information that is Likely Confidential.**

Even if the timeframe for compliance was not unreasonable and the scope of the subpoenas were not unduly burdensome, some of the information commanded by McKesson Corporation is likely confidential. Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure provides that a

9

Court must quash a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. There are statutory provisions in Chapter 5, Article 16 of the West Virginia Code that make insurance investigatory materials confidential and not subject to disclosure.

The subpoenas issued by McKesson Corporation also seek highly sensitive medical information. Much of this information is protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA"). *See* 45 C.F.R. §§ 160.103, 160.502(g). PEIA is aware that the protective orders in this matter specifically address HIPAA and the mode of document production. Specifically, in Case Management Order No. 2, the Court specifically found that disclosure of protected health information is necessary for the conduct of these proceedings and limits the possible uses of that information. The order further requires that when produced, the documents will be marked with "**Confidential Protected Health Information**" on each page of each document. In the event that PEIA does not prevail on its motion to quash, the production of confidential health information and the process of producing HIPAA protected records will be very cumbersome and require significant time. This further substantiates that the timeframe for compliance is severely oppressive.

### III. CONCLUSION

For the reasons stated herein and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, the West Virginia Public Employees Insurance Agency respectfully requests that the Court enter an order quashing the March 17, 2020 document and deposition subpoenas issued to it. PEIA additionally requests a stay of the March 31, 2020 deposition. In the alternative, PEIA requests that this Court issue an order mandating that the subpoenas' time for compliance be expanded to a period when the pandemic has ended and be limited to a less burdensome scope.

        **Respectfully submitted,**

        **WEST VIRGINIA PUBLIC EMPLOYEES INSURANCE AGENCY**

        **By Counsel,**

**PATRICK MORRISEY**
**ATTORNEY GENERAL**


/s/Andrew L. Ellis
**ANDREW L. ELLIS (WVSB # 10618)**
**CASSANDRA L. MEANS (WVSB# 10522)**
West Virginia Attorney General's Office
Building 1, Room W-435
Charleston, West Virginia  25305
304-558-2522
Fax: 304-558-2525
Email: Andrew.L.Ellis@wvago.gov

## **CERTIFICATE OF SERVICE**

I, Andrew L. Ellis, Assistant Attorney General, do hereby certify that on March 30, 2020 the foregoing *West Virginia Public Employees Insurance Agency's Memorandum of Law In Support of Motion to Quash Subpoena to Produce Documents and Subpoena to Provide Deposition Testimony* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties and counsel of record.

Jeffrey M. Wakefield, Esq.
jwakefield@flahertylegal.com

/s/Andrew L. Ellis
**ANDREW L. ELLIS (WVSB# 10618)**
**ASSISTANT ATTORNEY GENERAL**
West Virginia Attorney General's Office
Building 1, Room W-435
Charleston, West Virginia  25305
304-558-2522
Fax: 304-558-2525
Email: Andrew.L.Ellis@wvago.gov