# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON DIVISION

**CITY OF HUNTINGTON, WEST VIRGINIA,**

      **Plaintiff,**

**v.**                           **CASE NO. 3:17-cv-01362**

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**

      **Defendants.**

_____

**CABELL COUNTY COMMISSION,**

      **Plaintiff,**                **CASE NO. 3:17-cv-01665**

**v.**

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**

      **Defendants.**

_____

## <u>MOTION TO COMPEL DEPOSITION OF TIM ASHWORTH</u>

Cabell County Commission and the City of Huntington (hereinafter "Plaintiffs") hereby file this motion seeking to compel McKesson Corporation (hereinafter "McKesson") to produce its employee, Tim Ashworth, for a deposition in this matter. Mr. Ashworth is a current and long-time McKesson employee and has acted as a Retail Sales Manager for McKesson for geographic areas that include Cabell County.  As such, he has relevant sales and regulatory responsibilities for customers in Cabell County.  Despite Mr. Ashworth clearly obtaining information central to Plaintiffs' claims in this action, McKesson has remained steadfast in refusing to produce him for

a deposition in this action. For the reasons that follow, Plaintiffs respectfully request that the Court enter an Order compelling Mr. Ashworth's attendance at a deposition in this matter.

On January 6, 2020, Plaintiffs first requested the deposition of Mr. Ashworth. (1/6/20 email from Brandon Bogle; attached hereto as Ex. A). Thereafter, counsel for Plaintiffs engaged in several conversations with counsel for McKesson concerning this deposition request after it was initially made. Counsel for Plaintiffs was only made aware on January 31, 2020 that McKesson was objecting to Mr. Ashworth's deposition being taken in this case. (1/31/20 Email from Dale Rice at p.1; attached hereto as Ex. B). The sole basis McKesson has raised in support of its objection to Mr. Ashworth being deposed in this action is that he was previously deposed on June 26, 2018 as part of a separate action brought by the West Virginia Attorney General's Office. (*See* Ex. B at p.1).

McKesson's objection is unavailing for multiple reasons. First, Plaintiffs were not put on notice of Mr. Ashworth's initial deposition before it occurred and thus were not able to participate in his deposition in any fashion. Thus, it is unreasonable for Plaintiffs to be bound by the testimony in that deposition without an additional opportunity to question the witness. In fact, this very circumstance was contemplated by the Deposition Protocol agreed to by the parties and entered in the MDL. The deposition protocol limits the taking of multiple depositions in the MDL of the same witness absent a showing of good cause or agreement by the parties. However, the protocol makes the following exception, which is directly applicable to these factual circumstances: "Depositions taken pursuant to an attorney general investigation or attorney general action pending in State court shall not be the subject of this limitation." (MDL Deposition Protocol at p. 4; attached hereto as Ex. C).

Second, Mr. Ashworth's deposition was taken by the West Virginia Attorney General at a period of time when the MDL was in its infancy. His deposition was taken nearly a month before Plaintiffs took the first McKesson deposition in the MDL and Plaintiffs were not even provided with the initial production of custodial documents for Mr. Ashworth until July 3, 2018, approximately a week after his deposition was completed. (McKesson Production Log at p. 12; attached hereto as Ex. D). Therefore, even if Plaintiffs had been notified that his deposition was set to take place there would have been no way for Plaintiffs to meaningfully participate in it anyway.

Third, additional documents have just been produced that are relevant to Mr. Ashworth and more are likely to be forthcoming, which necessitate another deposition being taken of him. McKesson has only recently produced the due diligence files and additional custodial materials for its customers in Cabell County, which are the same customers Mr. Ashworth has historically had responsibility for servicing from a sales perspective. Additionally, Plaintiffs anticipate the production of further custodial documents for Mr. Ashworth in the near future. In short, both the diligence files and the still to be produced custodial documents could not have been explored in his initial deposition and both are of great significance to Plaintiffs' claims here.

Fourth, Mr. Ashworth's initial deposition did not even substantively cover the work he performed in Cabell County. Upon review of Mr. Ashworth's deposition transcript, the only time he even referenced Cabell County in the deposition was when he testified that his position at McKesson covers pharmacies in Cabell County. (Ashworth Depo. at 22:24-23:1; attached hereto as Ex. E). There was no testimony elicited concerning specific conduct in Cabell County or even a specific pharmacy serviced by McKesson in Cabell County. Therefore, McKesson

cannot reasonably claim that issues relevant to Cabell County have been addressed in any meaningful way in this prior deposition.

In sum, Mr. Ashworth possesses vital information to Plaintiffs' claims that was not explored in his prior deposition, and in many respects, could not have been explored in his prior deposition. Moreover, Plaintiffs did not have an opportunity to otherwise participate in his first deposition and should not be bound by it in this case. As such, Plaintiffs respectfully request an Order compelling Mr. Ashworth's attendance in a deposition in this matter.

Respectfully submitted,

Dated: <u>March 31, 2020</u>

<u>/s/ Brandon L. Bogle</u>
Brandon L. Bogle, Esq. FL Bar #52624
**Levin, Papantonio, Thomas, Mitchell,**
**Rafferty & Proctor, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
bbogle@levinlaw.com
(850) 435-7043 (Telephone)
(850) 435-7020 (Facsimile)

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on this the 31st day of March, 2020, the foregoing document was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Brandon L. Bogle
Brandon L. Bogle
