# **EXHIBIT B**

# Richard Woods

| | |
|---|---|
| **From:** | Rice, Dale <drice@cov.com> |
| **Sent:** | Friday, January 31, 2020 6:38 PM |
| **To:** | Brandon Bogle |
| **Cc:** | Eric Kennedy <EKennedy@weismanlaw.com> (EKennedy@weismanlaw.com) (EKennedy@weismanlaw.com); Troy Rafferty; William Hawal (whawal@spanglaw.com) (whawal@spanglaw.com); MCKDefensiveDisco |
| **Subject:** | Cabell Cty-Huntington - McKesson Position re M&C Issues |

Brandon,

Please see our responses below.

**Dave Gustin.**  As we discussed, McKesson objects to any attempt to depose Dave Gustin again.  In addition, Mr. Gustin is not going to voluntarily appear for a deposition and he will move to quash if you issue a subpoena to him.  This is not something that can be raised informally with the magistrate judge.  Mr. Gustin has his own counsel who needs to be provided with the opportunity to represent Mr. Gustin's interests.

**Tim Ashworth.**  Plaintiffs have requested that Tim Ashworth be made available for a second deposition even though he was already deposed in the West Virginia Attorney General action about McKesson customers in West Virginia.  McKesson objects and will not agree to make Mr. Ashworth available for a second time.

**Kevin Meunier.**  As we discussed, Kevin Meunier is no longer a McKesson employee.  (He also was deposed already in the Ohio Attorney General action.)  We have contacted Mr. Meunier's personal counsel with regard to your request.  We do not have a date to offer yet, but we will let you know when we have further information about Mr. Meunier's availability.  Please note that there are additional documents to be reviewed from Mr. Meunier's custodial files.  We have bumped them up in the production queue.

**Elaine (Alayne) Thomet.**  McKesson has made multiple attempts to contact Elaine Thomet without success.  Plaintiffs can proceed with serving a subpoena on Ms. Thomet.  We expect she will contact McKesson once she is served.  The ESI files that we have for Ms. Thomet are in the production queue on a prioritized basis.

**Other Custodians.**
- You previously requested that we include Karen Lewis (Regulatory Affairs Manager for Washington Courthouse from 2014 to present) as a custodian.  You have since informed us that Ms. Lewis is a lower priority and we will reshuffle the production queue accordingly.
- During our January 29 call, you asked that we provide tenure information for Tom Terry, make him a custodian, and make him available for deposition.  According to the information we have been able to gather, Mr. Terry was a VP Sales ISMC for the Washington Courthouse Distribution Center from approximately 2010 until he retired on March 30, 2019.  We are checking on collection of his ESI so that we can run the all states search terms (that can take several days).  Once we have the hit report, we will have a sense of how long it will take to turn around his documents.

**Other Sales-Related Witnesses.**  We discussed additonal individuals on the sales side: (1) Mike Brown, identified by Tim Ashworth as the District Sales Manager that he reported to at the time of his prior deposition; (2) Telisca Lindsay, current account manager for Rite Aid (since May 2015); and (3) Melissa Evangelista (deposed in the Ohio AG action), the Rite Aid account manager that Ms. Lindsay replaced.  You have not asked for depositions or made a request for custodial files for these individuals, but are considering your options.

**Diligence Files.**  As requested, our team is checking the prior productions in the West Virginia Attorney General matter to identify diligence files for customers in Cabell County and the City of Huntington.  Diligence files for West

1

Virginia pharmacies were produced from hard copy files and the R: drive in volume MCK-WVAG-004 (production numbers MCK-WVAG-004-0000001 to MCK-WVAG-004-0011920) and then reproduced in the MDL as volume MCKMDL004-001 (production numbers MCKMDL00356235 through MCKMDL00368196).  We have identified files for some of the Cabell County and Huntington customers in that prior production and we are working to provide production numbers for those files.  In addition, we are checking for the 28 customers in Cabell County and the City of Huntington to see if there are additional hard copy and R: drive files and to pull any additional files from the SharePoint and McKCAT platforms.  We have made that the top priority for our team that collects diligence files from the four centralized locations.  I can provide a timeline for production early next week.

Best regards,

Dale

---

**From:** Brandon Bogle <bbogle@levinlaw.com>
**Sent:** Friday, January 31, 2020 8:55 AM
**To:** Rice, Dale <drice@cov.com>
**Cc:** Eric Kennedy <EKennedy@weismanlaw.com> (EKennedy@weismanlaw.com) (EKennedy@weismanlaw.com) <EKennedy@weismanlaw.com>; Troy Rafferty <trafferty@levinlaw.com>; William Hawal (whawal@spanglaw.com) (whawal@spanglaw.com) <whawal@spanglaw.com>; MCKDefensiveDisco <MCKDefensiveDisco@cov.com>
**Subject:** RE: Cabell Cty-Huntington - McKesson Position re M&C Issues

**[EXTERNAL]**
Dale,

Can you give me an update today on where things stand with deposition dates for Ashworth and Meunier, the status of you locating Elaine Thomet, and the timeline for production of the Cabell diligence files?

---

**From:** Brandon Bogle
**Sent:** Thursday, January 30, 2020 8:19 AM
**To:** Rice, Dale
**Cc:** Eric Kennedy <EKennedy@weismanlaw.com> (EKennedy@weismanlaw.com) (EKennedy@weismanlaw.com); Troy Rafferty; William Hawal (whawal@spanglaw.com) (whawal@spanglaw.com); MCKDefensiveDisco
**Subject:** RE: Cabell Cty-Huntington - McKesson Position re M&C Issues

Dale,

We ask that you provide that response today, so that we know where things stand to the extent you believe it's different than what I outlined in my email below.


-------- Original message --------
From: "Rice, Dale" <drice@cov.com>
Date: 1/30/20 8:06 AM (GMT-06:00)
To: Brandon Bogle <bbogle@levinlaw.com>
Cc: "Eric Kennedy <EKennedy@weismanlaw.com> (EKennedy@weismanlaw.com) (EKennedy@weismanlaw.com)" <EKennedy@weismanlaw.com>, Troy Rafferty <trafferty@levinlaw.com>, "William Hawal (whawal@spanglaw.com) (whawal@spanglaw.com)" <whawal@spanglaw.com>, MCKDefensiveDisco <MCKDefensiveDisco@cov.com>
Subject: Cabell Cty-Huntington - McKesson Position re M&C Issues

**CAUTION:** This email message is **EXTERNAL.**

Brandon,

While your email may accurately reflect what plaintiffs requested during the meet and confer, it does not entirely reflect McKesson's response and position.  We will respond further in writing on the issues we discussed.

Dale

---

**From:** Brandon Bogle <bbogle@levinlaw.com>
**Sent:** Wednesday, January 29, 2020 9:28 PM
**To:** Rice, Dale <drice@cov.com>
**Cc:** Eric Kennedy <EKennedy@weismanlaw.com> (EKennedy@weismanlaw.com) (EKennedy@weismanlaw.com) <EKennedy@weismanlaw.com>; Troy Rafferty <trafferty@levinlaw.com>; William Hawal (whawal@spanglaw.com) (whawal@spanglaw.com) <whawal@spanglaw.com>
**Subject:** RE: Meet & Confer Today

**[EXTERNAL]**
Dale,

One addition here. I also requested a deposition date for Tom Terry during the first two weeks of March.


-------- Original message --------
From: Brandon Bogle <bbogle@levinlaw.com>
Date: 1/29/20 9:42 PM (GMT-06:00)
To: "Rice, Dale (drice@cov.com)" <drice@cov.com>
Cc: "Eric Kennedy <EKennedy@weismanlaw.com> (EKennedy@weismanlaw.com) (EKennedy@weismanlaw.com)" <EKennedy@weismanlaw.com>, Troy Rafferty <trafferty@levinlaw.com>, "William Hawal (whawal@spanglaw.com) (whawal@spanglaw.com)" <whawal@spanglaw.com>
Subject: Meet & Confer Today

Dale,

Here is a summary of what we discussed today.  Let me know if you disagree with any of this, so that I do not operate under any incorrect assumptions.  Thanks.

**DEPOSITIONS**

- You indicated that McKesson objects to the production of David Gustin for a deposition.  You likewise indicated that his personal counsel would move to quash the deposition if Mr. Gustin was served.  I told you that we would either go ahead and subpoena him or would take the issue up with the magistrate prior to issuing the subpoena.  I told you that I would give you the courtesy of knowing which way we are going before we take action.
- I asked for deposition dates in February or the first week in March for Meunier and Ashworth.  I agreed to be bound by a 5 hour record time limit for each of those two depositions if deposition dates are offered for dates in February or the first week in March, given the circumstances.  However, I also made clear that this is not intended to create any precedent for witnesses that have previously been deposed and that my offer to limit these two depositions to 5 hours of record time each was contingent upon dates being offered in February or the first week in March.  Otherwise, we intend to proceed with the normal 7 hour time limit for these depositions.  You told me that you would advise me by the end of the week as to possible deposition dates.
- You indicated that you have not been able to locate Elaine Thomet thus far.  You advised that if you cannot reach her by Friday that you will let me know so that we may proceed with trying to find her and issuing a subpoena for her deposition.  We intend to notice her deposition for late February as well, if we can locate her.

3

**CUSTODIAL FILES FOR OTHER WITNESSES**

- I requested the custodial file for Tom Terry along with information on his length of tenure as a VP of Sales.  You advised you would collect the file and try to obtain the requested tenure information.
- You advised me that the custodial file for Karen Lewis was being collected, which I indicated could be made a lower priority than our other present document requests.

**ADDITIONAL EMPLOYEE INFORMATION**

- You advised me that Telisca Lindsay, Melissa Evangelista, and Mike Brown are 3 relevant sales witnesses that are responsive to my requests for sales witnesses with responsibilities for Cabell County and for the replacement of Ed Bissler as it relates to Rite Aid.

**DUE DILIGENCE FILES**

- You stated that you believe some due diligence files for Cabell customers were produced as part of the WV AG case.  I advised you that information sufficient to locate those files could not be gleaned from the production logs.  You stated that you would try to locate the bates ranges for these documents.  You also stated that the Cabell diligence files are being collected presently.  I asked for a more definitive timeline for production of those additional documents to be provided on Friday.

**Brandon Bogle, Attorney**
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
850.435.7042 (office)
850.436.6042 (fax)
bbogle@levinlaw.com



THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR. THEN DELETE IT. THANK YOU.