213A.pdf



From: **2804 Discovery, MDL** mdl2804discovery@motleyrice.com
Subject: FW: EXTERNAL-RE: MDL2804: perfidious strategies
Date: May 17, 2019 at 2:34 PM
To: MDL 2804 MDL2804@motleyrice.com

---

**From:** Mike Fuller <Mike@mchughfuller.com>
**Sent:** Friday, May 17, 2019 7:27:59 PM
**To:** David R. Cohen (David@SpecialMaster.Law); Mahady, Joseph J; 2804 Discovery, MDL; MDL 2804; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Cc:** Nicholas, Robert A.; McClure, Shannon E.; Schack, Louis W.
**Subject:** RE: EXTERNAL-RE: MDL2804: perfidious strategies

SM Cohen,
This does not address this or the bigger issue. With all due respect to counsel opposite it has repeatedly been the position of the Defendants that it is sufficient "looking" for documents to rely on what was triggered based on the custodial searches based on the agreed to search terms. This is not one of those cases. What is happening with multiple defendants is that they are now relying on pre-2006 communications received from the DEA as an affirmative defense in their case. However, the Defendants all fought to limit the ability of the Plaintiff's to conduct discovery prior to 2006 and your Special Master agreed, with limited exceptions for distribution data and suspicious order reports. This was also with the understanding that some documents prior to 2006 would be produced through custodial files and search terms.

The letters discussed below apply to ABDC and Cardinal. ABDC has indicated that it cited these documents in their combined discovery, this combined discovery was served in July 2018. Attached is the Supplemental response from ABDC that wasn't filed till November 30th after Judge Polster ordered all Defendants to provide more complete responses to the Combined Discovery. Page 2 is highlighted for the reference that ABDC made to some of the pre-2006 DEA communications. It has become clear through the development of this litigation that occurrences and systems prior to 2006 are significant issues in this case. There should be no question that Plaintiffs are entitled to conduct discovery related to DEA communications with the Defendants and their agents (SM recently ruled that Cardinal had to produce communications between outside counsel and DEA). Therefore, Plaintiffs are requesting SM to order all Defendants to produce all communications with the DEA back to 1980 and conduct specific searches for these documents in their possession and possession of their agents.

This raises another issue of huge concern for the Plaintiffs. Defendants want to claim that they were relying on DEA approval of a particular system back into the 1990's. As mentioned above Plaintiff's have been limited by previous order of the Court (only permitting discovery back to 2006) from conducting discovery on these alleged SOMS that may or may not have received approval from the DEA. To the best of Plaintiffs' knowledge the earliest SOP (standard operating procedure) related to a SOMS program that ABDC produced was 2005. While certainly not intentional, the current status allows the Defendants to rely on documents and communications from the DEA related to SOMS they have not provided and for which Plaintiffs have been banned from conducting discovery. This is an unintended consequence of the previous ruling and the Courts attempt to best manage discovery. Plaintiffs position is that it is fundamentally unfair to permit the Defendants to use "approvals" of a "suspicious order monitoring system" that

213A.pdf

permit the Defendants to use "approvals" of a "suspicious order monitoring system" that
has not been provided with all of its details to Plaintiffs and for which Plaintiffs have not
been permitted to conduct any discovery.

Mike

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Wednesday, May 15, 2019 10:26 AM
**To:** Mahady, Joseph J <JMahady@ReedSmith.com>; Mike Fuller
<Mike@mchughfuller.com>; 2804 Discovery, MDL
<mdl2804discovery@motleyrice.com>; MDL 2804 <MDL2804@motleyrice.com>;
xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Cc:** Nicholas, Robert A. <RNicholas@ReedSmith.com>; McClure, Shannon E.
<SMcClure@ReedSmith.com>; Schack, Louis W. <LSchack@ReedSmith.com>
**Subject:** Re: EXTERNAL-RE: MDL2804: perfidious strategerie

Cutting to the chase, the important sentence here is "ABDC is not aware of any other
communications with DEA in its possession relating to the 1998 approval."

Does this end the matter for Ps?

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** Mahady, Joseph J <JMahady@ReedSmith.com>
**Sent:** Wednesday, May 15, 2019 11:13 AM
**To:** Mike Fuller; David R. Cohen (David@SpecialMaster.Law); 2804 Discovery, MDL;
MDL 2804; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Cc:** Nicholas, Robert A.; McClure, Shannon E.; Schack, Louis W.
**Subject:** RE: EXTERNAL-RE: MDL2804: perfidious strategerie

Special Master Cohen:

Mr. Fuller identified only two of the communications between DEA and ABDC, and
implied that more communications exist that were not produced.  As Plaintiffs know, ABDC
has already produced **six** pieces of communication  between DEA and ABDC between 1996

213A.pdf

and 1998 pertaining to the DEA's approval of ABDC's SOMS in 1998. ABDC is not aware of any other communications with DEA in its possession relating to the 1998 approval. The following communication were produced to Plaintiffs 10 months ago:

1. September 30, 1996 letter from C. Zimmerman (ABDC) to T. Gitchel (DEA);
2. October 29, 1996 letter from T. Gitchel (DEA) to C. Zimmerman (ABDC);
3. October 3, 1997 letter from E. Willis (DEA) to C. Zimmerman (ABDC);
4. December 30, 1997 letter from C. Zimmerman (ABDC) to T. Gitchel (DEA);
5. May 20, 1998 letter from C. Zimmerman (ABDC) to P. Good (DEA); and
6. July 23, 1998 letter from P. Good (DEA) to C. Zimmerman (ABDC).

Plaintiffs were specifically directed to these documents through ABDC's Supplemental Combined Discovery Responses. Mr. Rafalski stated in his report that he relied on these Supplemental Combined Discovery Responses in preparing his report.

Thank you.

Joe


**Joseph J. Mahady**
(215) 851-8239
jmahady@reedsmith.com

**Reed Smith** LLP
Three Logan Square
Suite 3100
1717 Arch Street
Philadelphia, PA  19103
+1 215 851 8100
Fax +1 215 851 1420

---

**From:** Mike Fuller <Mike@mchughfuller.com>
**Sent:** Wednesday, May 15, 2019 10:45 AM
**To:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; MDL 2804 <MDL2804@motleyrice.com>; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Subject:** RE: EXTERNAL-RE: MDL2804: perfidious strategerie

**EXTERNAL E-MAIL**

External E-mail

SM Cohen,
Per your request please see below.

213A.pdf

Previously taken testimony of Mr. Reardon (a former employee that was the head of anti-diversion until late 2007) relates to the NWDA document and letters from DEA attached thereto (see attached at pages 10-12). Mr. Reardon's testimony is clear that Cardinal allegedly relies on the letters from DEA Acting Chief Gitchel for the use of the ILR (Ingredient Limit Report) system. These Gitchel letters date back to 1984. Specifically Reardon testified:

```
Beginning at page 421
17   BY MR. FULLER:
 18       Q.   Now, let's talk a little bit more about
 19    these ingredient limit reports.  And I've heard
 20    you say several times today that these ingredient
 21    limit reports were approved by the DEA.
 22            Tell the jury who at the DEA approved
 23    these ingredient limit reports.
 24       A.   I believe there's a letter out there by
00422
  1    Thomas Gitchel.
  2       Q.   Thomas who?
  3       A.   Gitchel.
  4       Q.   Can you help me out with the spelling of
  5    that last name?
  6       A.   G-i-t-c-h-e-l.
  7       Q.   And when was that letter sent?
  8       A.   It was around 1990.
  9       Q.   And in 1990, you believe some letter is
 10    out there that exists that says it's okay to
 11    provide the ingredient limit reports?
 12       A.   There was a collaboration between the DEA
 13    and the trade association to develop the report.
14        Q.   You don't happen to have a copy of that
 15    letter, do you?
 16       A.   I do not.
```

Then in just the past two days with Plaintiff's expert James Rafalski, ABDC used a set of communications with the DEA, also some of those with DEA Acting Chief Gitchel. The first letters occurred in 1996 and Counsel for ABDC indicated it was a request for approval of the system they were implementing. Then there is a gap of approximately 2 years with no other communication on the issue. On July 1998 there is a letter from Chief of Liaison and Policy Section, Patricia Good, allegedly approving of the system that ABDC was requesting nearly two years prior. The specific line of questioning of Mr. Rafalski is set out below from the draft transcript.

Beginning on Draft page 104
```
         10        MR. NICHOLAS:  Okay.  Let's
         11   turn to Tab 20, Exhibit 3.
         12        MR. FULLER:  Thank you.
         13        (Whereupon, Deposition Exhibit
         14   Rafalski-3, DESC, was marked for
         15   identification.)
```

16   BY MR. NICHOLAS:
17      Q.    Have you read it?
18      A.    I have.
19      Q.    Okay.  It's dated -- this is a
20   letter dated, or at least stamped as
21   received, on July 23rd of 1998, so some time
22   has passed since the last correspondence we
23   saw.  And it's a letter from -- it's a letter
24   to Mr. Zimmerman.
25            I should say for the record,

                          DRAFT-105

2   Mr. Zimmerman at this time was the director
3   of regulatory compliance and security
4   services for the Bergen Brunswig Corporation.
5   That's in his letterhead.
6            And this letter is written and
7   signed by Patricia M. Good, who is now at
8   this point in time the chief liaison and
9   policy section -- the chief of the liaison
10   and policy section for the Office of
11   Diversion Control.
12            Do you see that?
13      A.    I see that.
14      Q.    So I guess there was a change
15   in personnel, and Ms. Good is now in this
16   position, correct?
17      A.    You could draw that conclusion
18   since she now signs as the chief, yes.
19      Q.    And do you know who -- do you
20   know her?
21      A.    Just the name, sir, not
22   personally.
23      Q.    Okay.  So can you read the
24   first sentence of the letter?
25      A.    This is to grant approval of

                          DRAFT-106

2   your request to implement on a nationwide
3   basis your newly developed system to identify
4   and report suspicious orders for controlled
5   substances and regulated chemicals as
6   required by the federal regulation.
7      Q.    And read the second sentence.
8      A.    DEA managers who have been
9   involved with the testing of the system have
10   relayed their positive opinions regarding its
11   ability to provide information in a fashion
12   which is not only useful overall but is also

13  responsive to the needs of individual DEA
14  offices.
15      Q.    You are not familiar with this
16  letter?
17      A.    I don't recall seeing this
18  letter, sir.
19      Q.    Can you read the next
20  paragraph, please.  It's short.
21      A.    We appreciate the efforts you
22  have undertaken to develop this improved
23  system and apologize for the lengthy approval
24  process.  It did not seem appropriate to
25  grant this approval prior to the conclusion
                        DRAFT-107
2   of the Suspicious Order Task Force formed as
3   a result of the Methamphetamine Control Act.
4   Thank you for your patience in this matter.
5       Q.    Is there any doubt in your mind
6   having read this letter that the DEA
7   explicitly and in writing approved Bergen
8   Brunswig's suspicious order monitoring
9   program on a nationwide basis?

---

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Wednesday, May 15, 2019 8:02 AM
**To:** Mike Fuller <Mike@mchughfuller.com>; 2804 Discovery, MDL
<mdl2804discovery@motleyrice.com>; MDL 2804 <MDL2804@motleyrice.com>;
xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Subject:** Re: EXTERNAL-RE: MDL2804: perfidious strategerie

Mike, can you please provide me with the depo transcript portions where Ds are relying
upon these docts, as you describe

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Mike Fuller <Mike@mchughfuller.com>
**Sent:** Wednesday, May 15, 2019 2:22 AM
**To:** 2804 Discovery, MDL; MDL 2804; David R. Cohen (David@SpecialMaster.Law);
xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

213A.pdf

xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Subject:** RE: EXTERNAL-RE: MDL2804: perfidious strategerie

SM Cohen,
While Ms. Wicht is correct that Cardinal did provide the NWDA document in the prior
production pursuant to CMO-1 ¶ 9(k)(ii), I think the second part of the question needs
some clarity.  The NWDA document which had attached the alleged DEA approval first
came up in the deposition of Mr. Reardon as his explanation for why Cardinal used the
ILR system.  And as referenced below, ABDC used a 1998 DEA letter for "approval" of
their system with expert Rafalski.  What was shocking about this is the prior letter in this
chain of communication between ABDC and the DEA was 2 years prior.  One can
imagine that there would have been additional communications on this alleged approval
over the 2 year gap.

Maybe I'm missing something, but numerous defendants are using DEA communications
prior to 2006 in the defense of there case.  It would seem only fair that Plaintiffs are
permitted to have all the communication with the DEA for this entire time period to
determine if there are communications Plaintiffs want to use and so we have the entirety
of communication with the DEA.  If the defendants have already provided all those DEA
communications this should be an easy task.

Thank you for your time,
Mike

**From:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Sent:** Tuesday, May 14, 2019 7:11 PM
**To:** MDL 2804 <MDL2804@motleyrice.com>
**Subject:** FW: EXTERNAL-RE: MDL2804: perfidious strategerie

**From:** Wicht, Jennifer <JWicht@wc.com>
**Sent:** Wednesday, May 15, 2019 12:03:01 AM
**To:** David R. Cohen (David@SpecialMaster.Law); Farrell, Paul
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; 2804 Discovery, MDL;
Weinberger, Peter H.
**Subject:** EXTERNAL-RE: MDL2804: perfidious strategerie

Special Master Cohen,

We understand your question to be: which party "affirmatively and **initially** brought up"
the document in deposition(s) "and questioned deponents" about it.  With respect to the
NWDA document, the answer to that is, Plaintiffs did.  But, even if Defendants had initially
brought up the document it would be of no moment because there is nothing remarkable,
unusual, or improper about its production or use.  Instead, this document was produced
along with any similar documents (regardless of what party it supports) because the
Court's orders required production.  Had Cardinal Health not produced this document and
included it in its discovery responses, there is no doubt Mr. Farrell would be objecting on
that basis.

213A.pdf

For additional context, we provide the following background concerning how this NWDA document became part of this litigation, outside of the deposition context. Cardinal Health first produced this document in this litigation pursuant to the obligation under Case Management Order No. 1 to produce documents "previously produced" that are "relevant to the claims in this MDL proceeding." See CMO-1 ¶ 9(k)(ii). Because the document had been produced by Cardinal Health in a prior DEA action, it was reproduced here in the very early days of discovery. Subsequently, the same document was produced because it was attached to a 2011 email and hit on agreed-upon search terms in the custodial file of Mr. Robert Giacalone, an agreed custodian in this case. Cardinal Health also produced standalone electronic copies of this document where the metadata reflected a date within the relevant period, most likely because a pdf of the document was created or saved on that date. Thus, there has been no attempt by Cardinal Health to go selectively beyond the dates ordered by the Court because this document fell within the Court's orders.

Cardinal Health identified the NWDA document in question in our January 22, 2019 Supplemental Response to Plaintiffs' Combined Discovery Request No. 2, which sought the identification by Bates number of all Cardinal Health SOMS policies and procedures since January 2006. Cardinal Health identified this document as part of its explanation for the Suspicious Order Monitoring system it had in place in 2006, consistent with the guidance from your September 30, 2018 Ruling that defendants must produce documents "related to Suspicious Order Monitoring Systems ("SOMS") that were in place in 2006 or thereafter, even if the documents are older than that." Your Ruling goes on to state that "while the Special Master will not order defendants to produce pre-2006 controlled substance monitoring policies, customer due diligence files, or DEA files, defendants should consider producing them anyway if they intend to rely on them at trial."

Besides appropriately identifying this document as part of its explanation of Cardinal Health's 2006 SOMS policies and procedures, Cardinal Health has not introduced this document as an exhibit at any deposition to date (although undoubtedly it would be within its rights to do so). As stated in our prior response, Plaintiffs introduced this document in the depositions of Kyle Wright, Thomas Prevoznik, and Patrick Kelly.

Mr. Farrell's attempt to expand discovery prior to 2006 is baseless. There has been no "gamesmanship" and there has been no attempt to "hand select certain documents for the record." Respectfully, the timeframe for discovery was extended well beyond what Defendants believe is necessary or appropriate. But, the fact that Defendants produced the documents Mr. Farrell sought over Defendants' objections is no basis to request late production of even more documents. Nor can Mr. Farrell claim surprise, as this document was first produced to Plaintiffs on June 22, 2018.

Please let us know if you would like more information from us on this matter.


**Jennifer G. Wicht**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5331 I (F) 202-434-5029
jwicht@wc.com I www.wc.com/jwicht

**From:** David R. Cohen (David@SpecialMaster.Law) [mailto:david@specialmaster.law]
**Sent:** Tuesday, May 14, 2019 12:59 PM
**To:** Wicht, Jennifer <JWicht@wc.com>; David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>; Paul Farrell <Paul@Greeneketchum.com>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; mdl2804discovery@motleyrice.com; PWeinberger@spanglaw.com
**Subject:** Re: MDL2804: perfidious strategerie

Paul's email seems to indicate Ds affirmatively and *initially* brought up these "old" DEA-related exhibits and questioned deponents about them.  If it was actually Ps who first brought them up in depo and Ds then asked about them later, that is very different.  If Paul is correct that it was Ds who first brought up these docts, however, then we may have an issue.  I need clarification.
-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

**From:** Wicht, Jennifer <JWicht@wc.com>
**Sent:** Tuesday, May 14, 2019 11:42 AM
**To:** David R. Cohen (David@SpecialMaster.Law); Paul Farrell
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; mdl2804discovery@motleyrice.com; PWeinberger@spanglaw.com
**Subject:** RE: MDL2804: perfidious strategerie

Special Master Cohen,

We believe Mr. Farrell likely is referring to a 1984 NWDA document from Cardinal Health's production.  This document was produced because it was attached to a 2011 email and hit on agreed-upon search terms in the custodial file of Mr. Robert Giacalone, an agreed custodian in this case.  Cardinal Health also produced standalone electronic copies of this document where the metadata reflected a date within the relevant period, most likely because a pdf of the document was created or saved on that date.  This production in no way evidences any effort by Cardinal Health to selectively produce documents from before the 1/1/2006 discovery cut-off.  Cardinal Health has not contradicted nor sought to contradict any discovery position we have taken in this matter.  Rather, we have produced documents in accordance with the orders in this case.  Had Mr. Farrell availed himself of the required meet and confer procedures before launching an email to the Special Master, we would have clarified this.

In fact, we believe the only use of this document to date has been by plaintiffs – it was introduced by plaintiffs as an exhibit in the depositions of Patrick Kelly, Kyle Wright, and

213A.pdf

Thomas Prevoznik (by Mr. Farrell himself).

Please let us know if you would like more information from us on this matter.

Thank you,

**Jennifer G. Wicht**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5331 | (F) 202-434-5029
jwicht@wc.com | www.wc.com/jwicht

**From:** David R. Cohen (David@SpecialMaster.Law) [mailto:david@specialmaster.law]
**Sent:** Monday, May 13, 2019 5:37 PM
**To:** Paul Farrell <Paul@Greeneketchum.com>
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com;
mdl2804discovery@motleyrice.com; PWeinberger@spanglaw.com
**Subject:** Re: MDL2804: perfidious strategerie

External E-mail

I need to understand what is going on here.  I think Plaintiffs are saying Cardinal
and ABDC used as exhibits, during depos, certain communications they had with
DEA regarding SOMS that date back well before 2006.  Were these documents
produced by defendants during discovery?  I ask Ds to respond asap to this
question and to Ps' email.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Paul Farrell <Paul@Greeneketchum.com>
**Sent:** Monday, May 13, 2019 4:36 PM
**To:** David Cohen
**Cc:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com;
mdl2804discovery@motleyrice.com; PWeinberger@spanglaw.com
**Subject:** MDL2804: perfidious strategerie

SM Cohen,

213A.pdf

213A.pdf

Plaintiffs request you order ALL defendants to disclose ALL communications with DEA regarding SOMS dating back to 1980 no later than close of business Thursday.

DR2 and DR3 (attached) limited the temporal scope of discovery, at the request of the defendants, to 2006. Nonetheless, Cardinal Health has introduced DEA communications dating back to 1984 and AmerisourceBergen cross examined our SOMS liability expert witness today on DEA communications dating back to 1996.

It seems patently unfair for defendants to block affirmative discovery prior to 2006 and then hand select certain documents for the record (especially when taken out of context). Nonetheless, we are far down this road and will remedy the gamesmanship in CT2 discovery. In the meantime, we ask that you mandate the disclosure of ALL communications with the DEA pertaining to SOMS before day3 of the DEA Prevosnik deposition scheduled for Friday, May 17 wherein we intend to set the record straight.

**Paul T. Farrell, Jr., Esq.**
Greene Ketchum
419 Eleventh Street
Huntington, WV 25701
phone:    304.525.9115
              800.479.0053
facsimile:  304.529.3284
email: paul@greeneketchum.com
*"Facts are stubborn things."*
              -John Adams
                President of the United States.
                Trial lawyer.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

---

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

213A.pdf

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files    |    Leave group    |    Learn more about Office 365 Groups

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.



2018-11-30 -
ABDC...(1).pdf

213B.pdf

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |
| | Case No. 17-md-2804 |
| This document relates to: | |
| *Track One Cases* | Judge Dan Aaron Polster |

**AMERISOURCEBERGEN DRUG CORPORATION'S
SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS'
COMBINED DISCOVERY REQUESTS**

Pursuant to the Court's Order dated November 21, 2018, AmerisourceBergen Drug Corporation (ABDC) re-asserts and supplements its responses to Plaintiffs' Combined Discovery Requests.

Contrary to representations made by the Plaintiffs Executive Committee (PEC) at the hearing before the Court on November 20, 2018, ABDC already provided substantive responses to Plaintiffs' (First) Combined Discovery Requests on July 31, 2018. Pursuant to the direction of Special Master Cohen, ABDC's responses identified documents produced by ABDC that contain responsive information. At no time prior to the November 20, 2018 hearing did the PEC, or ABDC's assigned discovery handlers, contend that ABDC's responses to Plaintiffs' Combined Discovery Requests were deficient.

The PEC's suggestion that ABDC has not produced information relating to its Suspicious Order Monitoring System (SOMS) is simply wrong. As set forth below, ABDC has produced a significant amount of detailed information relating to its SOMS; that previously-produced information is directly responsive to the below requests. *See* ABDC Production Log attached hereto. Notably, on June 1, 2018, ABDC produced a twenty-five page Memorandum (Bates

213B.pdf

Nos. ABDCMDL00004578-4602) that described in detail the operations and functionality of both ABDC's Legacy (Past) Diversion Control Program (2007-2014) and Current Diversion Control Program (2014 to the present).  This Memorandum – which Plaintiffs have possessed for almost *six months* – provides a narrative description, along with 502 pages of corresponding exhibits, reflecting, among other things, ABDC's Policies and Procedures, Training and Education, New Customer Due Diligence, Order Monitoring Program, Resource and Oversight, Ongoing Monitoring and External Review that were associated with both the Legacy and Current Diversion Control Programs.  *See* ABDCMDL00004603-5104.

In addition, ABDC has searched for, identified and already produced to Plaintiffs documents relating to ABDC's SOMS in effect from approximately 1998 to 2007, including, but not limited to, communications with the DEA in which DEA grants approval for that 1998 system.  *See* ABDCMDL00269347-269358.

Finally, ABDC has made available (and continues to make available) its employees (current and former) from the Corporate Securities and Regulatory Affairs Department who are (or were) responsible for ABDC's diversion control programs:

| Name | Title | Deposition Date |
|------|-------|-----------------|
| Chris Zimmerman | Senior Vice President of Corporate Security & Regulatory Affairs and Chief Compliance Officer (formerly Vice President of Corporate Security & Regulatory Affairs) | August 4, 2018 |
| David May | Vice President of Diversion Control & Security (formerly Senior Director, Diversion Control & Federal Investigations) | August 3, 2018 |
| Steve Mays | Senior Director, Corporate Security & Regulatory Affairs | October 24, 2018 |

| Name | Title | Deposition Date |
|---|---|---|
| Edward Hazewski | Director of Diversion Control & Security (formerly Manager of the Diversion Control Program (2008-2016) and Director Security Systems & Services (2016-2018)) | October 25, 2018 |
| Bruce Gundy | Director of Investigations & Security | November 7, 2018 |
| Eric Cherveny | Director of Diversion Control & Security | November 9, 2018 |
| Sharon Hartman | Director of Pharmacy Compliance & Diversion Control | November 29, 2018 |
| Kevin Kreutzer | Diversion Control Investigator | November 27, 2018 |
| Nikki Seckinger | Diversion Control Investigator | December 12, 2018 (confirmed) |
| Elizabeth Garcia | Diversion Control Investigator (former) | December 14, 2018 (confirmed) |

Plaintiffs have deposed (or will depose) these witnesses and have obtained hours of testimony from these witnesses concerning the functionality of ABDC's diversion control programs.  In particular, Chris Zimmerman and David May, who were deposed as both fact and 30(b)(6) witnesses, were designated and deposed as corporate witnesses on a wide range of topics relating to ABDC's SOMS for the period of 2006 to 2018.  Thus, there is absolutely no basis for PEC's suggestion to the Court that ABDC has not already provided information about its diversion control programs.

In addition to the above, ABDC supplements its responses to Nos. 2-7 of Plaintiffs' Combined Discovery Requests as follows.

## OBJECTIONS AND RESPONSES

ABDC incorporates herein by reference its General Objections, Objections to Definitions and Instructions, and Reservation of Rights as set forth in its Objections and Responses to Plaintiffs' Combined Discovery Requests.

## COMBINED DISCOVERY REQUESTS

**Request No. 2.**         Please produce each of your **Suspicious Order Monitoring System (SOMS)** policies and procedures since January 1, 2006 and identify the Bates stamp range for each; please identify the effective date(s) each was in force and effect.

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions as set forth in its Objections and Responses to Plaintiffs' Combined Discovery Requests.

Subject to and without waiving its objections, to the extent that it possesses such information, ABDC has produced its Order Monitoring Program policies and procedures in effect during the period from January 1, 2006 to May 29, 2018 at ABDCMDL00000011-ABDCMDL00000190;   ABDCMDL00002169-ABDCMDL00002231;   ABDCMDL00002261-ABDCMDL00002440;   ABDCMDL00002642-ABDCMDL00002704;   ABDCMDL00002713-ABDCMDL00002785;   ABDCMDL00003039-ABDCMDL00003087;   ABDCMDL00003089-ABDCMDL00003115;   ABDCMDL00003117-ABDCMDL00003135;   ABDCMDL00003220-ABDCMDL00003355;   ABDCMDL00003367-ABDCMDL00003502;   ABDCMDL00003686-ABDCMDL00003746;   ABDCMDL00003949-ABDCMDL00004095;   ABDCMDL00004264-ABDCMDL00004326;   ABDCMDL00004481-ABDCMDL00004553;   ABDCMDL00017004-ABDCMDL00017085;   ABDCMDL00035379-ABDCMDL00035408;   ABDCMDL00035418-

213B.pdf

ABDCMDL00035430;   ABDCMDL00035445-ABDCMDL00035461;   ABDCMDL00035500-

ABDCMDL00035529;   ABDCMDL00035535-ABDCMDL00035537;   ABDCMDL00035707-

ABDCMDL00035709;   ABDCMDL00037316-ABDCMDL00037400;   ABDCMDL00169890-

ABDCMDL00170123;   ABDCMDL00172093-ABDCMDL00172134;   ABDCMDL00355517-

ABDCMDL00355598;   ABDCMDL00355611-ABDCMDL00355620;   ABDCMDL00359842-

ABDCMDL00360025;   ABDCMDL00360029-ABDCMDL00360034;   ABDCMDL00360182-

ABDCMDL00360193;   ABDCMDL00360208-ABDCMDL00360228;   ABDCMDL00360276-

ABDCMDL00360313; ABDCMDL00364267-ABDCMDL00364390.[1]


**Request No. 3.**        Please identify and describe each ***suspicious order*** your Suspicious Order Monitoring System (SOMS) identified since January 1, 2006 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One.*

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions as set forth in its Objections and Responses to Plaintiffs' Combined Discovery Requests.   ABDC further objects to this Combined Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC further objects to this Combined Request to the extent it implies that an order flagged by ABDC's Order Monitoring Program is a "suspicious order."  To the contrary, once an

---

[1] In addition to the above-listed documents, responsive documents found within custodial files have also been produced.

213B.pdf

order is flagged by ABDC's Order Monitoring Program for further review, it is further reviewed to determine whether it is "suspicious."

Subject to and without waiving its objections, to the extent that it possesses such information, ABDC has produced Documents sufficient to identify orders flagged by ABDC's Order Monitoring Program for further review, as well as orders that were determined to be suspicious and reported to the DEA, from July 1, 2007 to May 29, 2018, relating to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio at ABDCMDL00279836-ABDCMDL00279838 (2012-2018: Cuyahoga County, Summit County, City of Cleveland); ABDCMDL00279840-ABDCMDL00279841 (2007-2012: Summit County); ABDCMDL00279843-ABDCMDL00279844 (2007-2012: Cuyahoga County); ABDCMDL00279846-ABDCMDL00279847 (2007-2012: City of Cleveland); ABDCMDL00308068-ABDCMDL00308070 (2007-2012: Cuyahoga County, Summit County, City of Cleveland); ABDCMDL00355865 (April 2018-May 2018: Cuyahoga County, Summit County, City of Cleveland).  After a reasonable investigation, ABDC has not located documents that reflect the suspicious orders it reported to the DEA prior to July 1, 2007.

**Request No. 4.**        Please identify each suspicious order you **reported** to the DEA since January 1, 1996 and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track* One.

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions as set forth in its Objections and Responses to Plaintiffs' Combined Discovery Requests.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to

any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.

Subject to and without waiving its objections, to the extent that it possesses such information or that such information can be retrieved without unreasonable burden, for the period from July 1, 2007 to May 29, 2018, ABDC has produced Documents sufficient to identify suspicious orders reported to the DEA relating to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio at ABDCMDL00279836-ABDCMDL00279838 (2012-2018: Cuyahoga County, Summit County, City of Cleveland); ABDCMDL00279841 (2007-2012: Summit County); ABDCMDL00279844 (2007-2012: Cuyahoga County); ABDCMDL00279847 (2007-2012: City of Cleveland); ABDCMDL00355865 (April 2018-May 2018: Cuyahoga County, Summit County, City of Cleveland).  In addition to the above-listed documents, responsive documents can be found within ABDC's productions of the CSRA Share Drive, LawTrac, Matter Management System, Tableau files, and custodial files. After a reasonable investigation, ABDC has not located documents that reflect the suspicious orders it reported to DEA prior to July 1, 2007.

**Request No. 5.**      For each suspicious order you identified but did not report to the DEA since January 1, 2006, please describe in as much detail as possible the reasons and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One.*

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions as set forth in its Objections and Responses to Plaintiffs' Combined

213B.pdf

Discovery Requests.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC further objects to this Combined Request to the extent it implies that an order flagged by ABDC's Order Monitoring Program is a "suspicious order."  To the contrary, once an order is flagged by ABDC's Order Monitoring Program for further review, it is further reviewed to determine whether it is "suspicious."

Subject to and without waiving its objections, ABDC states that it reports all orders determined to be suspicious to the DEA, and that after reasonable investigation, it is not aware of any orders identified as suspicious that were not reported to DEA.  By way of further response, ABDC has produced Documents sufficient to identify the action taken for orders flagged by ABDC's Order Monitoring Program for further review from July 1, 2007 to May 29, 2018, relating to its distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio at ABDCMDL00279836-ABDCMDL00279838 (2012-2018: Cuyahoga County, Summit County, City of Cleveland); ABDCMDL00279840-ABDCMDL00279841 (2007-2012: Summit County); ABDCMDL00279843-ABDCMDL00279844      (2007-2012:      Cuyahoga      County); ABDCMDL00279846-ABDCMDL00279847      (2007-2012:      City      of      Cleveland); ABDCMDL00308068-ABDCMDL00308070 (2007-2012: Cuyahoga County, Summit County, City of Cleveland); ABDCMDL00355865 (April 2018-May 2018: Cuyahoga County, Summit

213B.pdf

213B.pdf

County, City of Cleveland).  After a reasonable investigation, ABDC has not located documents that reflect its Order Monitoring Program data prior to July 1, 2007.

**Request No. 6.**        For each suspicious order your reported to the DEA since January 1, 2006, please identify whether you declined the order or ***shipped*** the order and produce all documents related thereto; please identify the Bates stamp range for each related to *Case Track One.*

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to Definitions and Instructions as set forth in its Objections and Responses to Plaintiffs' Combined Discovery Requests.  ABDC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of information or documents relevant to any claim or defense in this action to the extent that it is not limited to ABDC's distribution of Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs. ABDC further objects to this Combined Request to the extent it implies that an order flagged by ABDC's Order Monitoring Program is a "suspicious order."  To the contrary, once an order is flagged by ABDC's Order Monitoring Program for further review, it is further reviewed to determine whether it is "suspicious."  ABDC further objects to this Request to the extent it suggests that there is a "Shipping Requirement" in the relevant federal regulations.

Subject to and without waiving its objections, ABDC states that after reasonable investigation, for the period from July 1, 2007 to May 29, 2018, it is not aware of any orders determined to be suspicious that were shipped to a customer.  By way of further response, ABDC has produced Documents sufficient to identify the action taken for orders flagged by ABDC's

213B.pdf

213B.pdf

Order Monitoring Program for further review from July 1, 2007 to May 29, 2018, relating to its

distribution and sale of Opioids in Cuyahoga or Summit Counties in Ohio at

ABDCMDL00279836-ABDCMDL00279838 (2012-2018: Cuyahoga County, Summit County,

City of Cleveland); ABDCMDL00279840-ABDCMDL00279841 (2007-2012: Summit County);

ABDCMDL00279843-ABDCMDL00279844          (2007-2012:       Cuyahoga       County);

ABDCMDL00279846-ABDCMDL00279847          (2007-2012:       City       of       Cleveland);

ABDCMDL00308068-ABDCMDL00308070 (2007-2012: Cuyahoga County, Summit County,

City of Cleveland); ABDCMDL00355865 (April 2018-May 2018: Cuyahoga County, Summit

County, City of Cleveland).  After a reasonable investigation, ABDC has not located documents

that reflect its Order Monitoring Program data prior to July 1, 2007.

**Request No. 7.**        For each suspicious order you reported and then shipped since January 1,
2006, please produce all documents related to your ***"due diligence"*** for each; please identify the
Bates stamp range for each related to *Case Track One.*

**RESPONSE:**

ABDC incorporates herein by reference its General Objections and Objections to

Definitions and Instructions as set forth in its Objections and Responses to Plaintiffs' Combined

Discovery Requests.  ABDC further objects to this Request as overbroad, unduly burdensome,

and not reasonably calculated to lead to the discovery of information or documents relevant to

any claim or defense in this action to the extent that it is not limited to ABDC's distribution of

Opioids to Cuyahoga or Summit Counties in Ohio, or, more specifically, ABDC's distribution of

Opioids to pharmacies or healthcare providers in Summit or Cuyahoga Counties in Ohio that are

alleged to have actually diverted Opioids resulting in purported harm to Plaintiffs.  ABDC

further objects to this Request to the extent it suggests that there is a "Shipping Requirement" in

the relevant federal regulations.

- 10 -

213B.pdf

Subject to and without waiving its objections, ABDC incorporates by references its response to Combined Discovery Request No. 6.  After a reasonable investigation, ABDC has not located documents that reflect its Order Monitoring Program data prior to July 1, 2007. ABDC further states that after reasonable investigation, for the period from July 1, 2007 to May 29, 2018, it is not aware of any orders identified as suspicious that were shipped to a customer.

Dated: November 30, 2018                    Respectfully submitted,

                                            /s Robert A. Nicholas
                                            Robert A. Nicholas
                                            Shannon E. McClure
                                            **REED SMITH LLP**
                                            1717 Arch Street, Suite 3100
                                            Philadelphia, PA 19103
                                            Phone: (215) 851-8100
                                            RNicholas@ReedSmith.com
                                            SMcClure@ReedSmith.com

213B.pdf

213B.pdf

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2018, the foregoing was sent by electronic mail to

Counsel for the Plaintiffs and Defendants as follows:

**Plaintiffs' Designated Distribution List:**

mdl2804discovery@motleyrice.com

**Defendants' Designated Distribution List:**

xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

*/s Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Phone: (215) 851-8100
RNicholas@ReedSmith.com
SMcClure@ReedSmith.com

213B.pdf

213B.pdf

**MDL 2804 AmerisourceBergen Drug Corporation ("ABDC") Document Productions**

| ABDC MDL Volume Number | Beginning MDL Bates Number | Ending MDL Bates Number | Description | Produced |
|---|---|---|---|---|
| ABDCMDL_VOL001 | ABDCMDL00000001 | ABDCMDL00002155 | Prior Production: Multistate Attorneys General | 6/1/2018 |
| ABDCMDL_VOL002 | ABDCMDL00002156 | ABDCMDL00002248 | Prior Production: New Hampshire Attorney General | 6/1/2018 |
| ABDCMDL_VOL003 | ABDCMDL00002249 | ABDCMDL00002256 | Prior Production: Mississippi Board of Pharmacy | 6/1/2018 |
| ABDCMDL_VOL004 | ABDCMDL00002257 | ABDCMDL00002260 | Prior Production: Mississippi Attorney General | 6/1/2018 |
| ABDCMDL_VOL005 | ABDCMDL00002261 | ABDCMDL00002639 | Prior Production: New Jersey Attorney General | 6/1/2018 |
| ABDCMDL_VOL006 | ABDCMDL00002640 | ABDCMDL00003219 | Prior Production: Indiana Attorney General | 6/1/2018 |
| ABDCMDL_VOL007 | ABDCMDL00003220 | ABDCMDL00003366 | Prior Production: Lake County, IL State's Attorney's Office | 6/1/2018 |
| ABDCMDL_VOL008 | ABDCMDL00003367 | ABDCMDL00003746 | Prior Production: Alaska Attorney General | 6/1/2018 |
| ABDCMDL_VOL009 | ABDCMDL00003747 | ABDCMDL00003748 | Prior Production: United States Senate Committee on Homeland Security and Governmental Affairs | 6/1/2018 |
| ABDCMDL_VOL010 | ABDCMDL00003749 | ABDCMDL00004230 | Prior Production: United States House of Representatives Committee on Energy and Commerce | 6/1/2018 |

1

CONFIDENTIAL

213B.pdf

## MDL 2804 AmerisourceBergen Drug Corporation ("ABDC") Document Productions

| ABDC MDL Volume Number | Beginning MDL Bates Number | Ending MDL Bates Number | Description | Produced |
|---|---|---|---|---|
| ABDCMDL_VOL011 | ABDCMDL00004231 | ABDCMDL0005106 | Prior Production:  South Carolina Attorney General | 6/11/2018 |
| ABDCMDL_VOL012 | ABDCMDL00005107 | ABDCMDL00017003 | Prior Production:  DOJ and DEA Subpoena from District of New Jersey | 6/11/2018 |
| ABDCMDL_VOL013 | ABDCMDL00017004 | ABDCMDL00035365 | Prior Production:  DOJ and DEA Subpoena from Denver, CO Field Office | 6/11/2018 |
| ABDCMDL_VOL014 | ABDCMDL00035366 | ABDCMDL0037251 | Prior Production: *State of West Virginia ex rel. v. AmerisourceBergen Drug Corporation, et al.*, No. 12-C-141 (W. Va. Cir. Ct. – Boone Cnty.) | 6/11/2018 |
| ABDCMDL_VOL015 | ABDCMDL00037252 | ABDCMDL00037315 | Prior Production:  Multistate Attorneys General | 6/11/2018 |
| ABDCMDL_VOL016 | ABDCMDL00037316 | ABDCMDL0037401 | Prior Production:  DOJ and DEA Subpoena from Northern District of West Virginia | 6/11/2018 |
| ABDCMDL_VOL017 | ABDCMDL00037402 | ABDCMDL0037418 | Documents responsive to MDL Plaintiffs' Requests for Production Nos. 32-33 and Interrogatory No. 3 | 6/11/2018 |
| ABDCMDL_VOL018 | ABDCMDL00037419 | ABDCMDL0037427 | Prior Production: Privilege logs produced in connection with documents productions responsive to Paragraph 9(k)(ii) of MDL CMO No. 1 | 6/11/2018 |

- 2 –
CONFIDENTIAL

213B.pdf

**MDL 2804 AmerisourceBergen Drug Corporation ("ABDC") Document Productions**

| ABDC MDL Volume Number | Beginning MDL Bates Number | Ending MDL Bates Number | Description | Produced |
|---|---|---|---|---|
| ABDCMDL_VOL019 | ABDCMDL00037428 | ABDCMDL00043354 | Insurance agreements and insurance coverage charts | 6/14/2018 |
| ABDCMDL_VOL020 | ABDCMDL00043355 | ABDCMDL00044996 | Documents responsive to MDL Plaintiffs' Requests for Production and Interrogatories | 7/3/2018 |
| ABDCMDL_VOL021 | ABDCMDL00044997 | ABDCMDL00047016 | Distribution agreements between ABDC and pharmaceutical manufacturers; Transactional, Order Monitoring Program, and Suspicious Order Reporting data for the State of Ohio for 2007-2017; Deposition transcripts and exhibits from *State of West Virginia ex rel. v. AmerisourceBergen Drug Corporation, et al.*, No. 12-C-141 (W. Va. Cir. Ct. – Boone Cnty.). | 7/13/2018 |
| ABDCMDL_VOL022 | ABDCMDL00047017 | ABDCMDL00155325 | Custodial files from Eric Cherveny | 7/20/2018 |
| ABDCMDL_VOL023 | ABDCMDL00155326 | ABDCMDL00169849 | Custodial files from David May | 7/20/2018 |
| ABDCMDL_VOL024 | ABDCMDL00169850 | ABDCMDL00172134 | ABDC Annual Plans; Track One Customer Order Monitoring Program Thresholds; Industry Group Payment Information; Files collected from Corporate Security and Regulatory Affairs Share Drive | 7/20/2018 |
| ABDCMDL_VOL025 | ABDCMDL00172135 | ABDCMDL00248588 | Custodial files from Eric Cherveny | 7/27/2018 |
| ABDCMDL_VOL026 | ABDCMDL00248589 | ABDCMDL00264103 | Custodial files from David May | 7/27/2018 |

## MDL 2804 AmerisourceBergen Drug Corporation ("ABDC") Document Productions

| ABDC MDL Volume Number | Beginning MDL Bates Number | Ending MDL Bates Number | Description | Produced |
|---|---|---|---|---|
| ABDCMDL_VOL027 | ABDCMDL00264104 | ABDCMDL00279650 | Custodial files from Chris Zimmerman | 7/27/2018 |
| ABDCMDL_VOL028 | ABDCMDL00279651 | ABDCMDL00279853 | Suspicious Order Reports to Ohio BOP; Track One Customer Order Monitoring Program Thresholds; Transactional, Order Monitoring Program, and Suspicious Order Reporting data for Track One Customers | 7/27/2018 |
| ABDCMDL_VOL024a | ABDCMDL00169888 | ABDCMDL00169888 | Replacement copy of native file spreadsheet containing errant "Privileged & Confidential – Attorney Client Work Product" footer | 7/30/2018 |
| ABDCMDL_VOL029 | ABDCMDL00279854 | ABDCMDL00279865 | Settlement and Release Agreement entered into between DEA and ABDC | 7/30/2018 |
| ABDCMDL_VOL023_Clawback; ABDCMDL_VOL025_Clawback; ABDCMDL_VOL030 | ABDCMDL00279866 | ABDCMDL00279884 | Claw back and reproduction of documents pursuant to August 2, 2018 letter | 8/2/2018 |
| ABDCMDL_VOL_Clawback24; ABDCMDL_VOL_Clawback26; ABDCMDL_VOL_Clawback27; ABDCMDL_VOL031 | ABDCMDL00279885 | ABDCMDL00280022 | Claw back and reproduction of documents pursuant to August 3, 2018 letter | 8/4/2018 |
| ABDCMDL_VOL026_CLAWBACK; ABDCMDL_VOL027_CLAWBACK; ABDCMDL_VOL027_OVERLAY_CLAWBACKS_2; ABDCMDL_VOL032 | ABDCMDL00280023 | ABDCMDL00280046 | Claw back and reproduction of documents pursuant to August 10, 2018 letter | 8/14/2018 |

– 4 –
CONFIDENTIAL

**MDL 2804 AmerisourceBergen Drug Corporation ("ABDC") Document Productions**

| ABDC MDL Volume Number | Beginning MDL Bates Number | Ending MDL Bates Number | Description | Produced |
|---|---|---|---|---|
| ABDCMDL_VOL033 | ABDCMDL00280047 | ABDCMDL00280635 | Track One Customer Due Diligence Files; Track One Customer Prime Vendor Agreements | 8/14/2018 |
| ABDCMDL_VOL034 | ABDCMDL00280636 | ABDCMDL00281093 | Custodial files from Ed Hazewski | 8/17/2018 |
| ABDCMDL_VOL035 | ABDCMDL00281094 | ABDCMDL00281211 | Custodial files from Eric Cherveny | 8/17/2018 |
| ABDCMDL_VOL036 | ABDCMDL00281212 | ABDCMDL00281307 | Files collected from Corporate Security and Regulatory Affairs Share Drive | 8/17/2018 |
| ABDCMDL_VOL037 | ABDCMDL00281308 | ABDCMDL00282047 | Track One Customer Due Diligence Files | 8/17/2018 |
| ABDCMDL_VOL038 | ABDCMDL00282048 | ABDCMDL00282071 | Track One Customer Due Diligence Files | 8/24/2018 |
| ABDCMDL_VOL039 | ABDCMDL00282072 | ABDCMDL00282757 | Custodial files from Ed Hazewski | 8/24/2018 |
| ABDCMDL_VOL040 | ABDCMDL00282758 | ABDCMDL00285562 | Custodial files from Steve Mays | 8/24/2018 |
| ABDCMDL_VOL041 | ABDCMDL00285563 | ABDCMDL00287855 | Custodial files from Ed Hazewski | 8/31/2018 |
| ABDCMDL_VOL042 | ABDCMDL00287856 | ABDCMDL00289536 | Custodial files from Steve Mays | 8/31/2018 |
| ABDCMDL_VOL043 | ABDCMDL00289537 | ABDCMDL00291162 | Custodial files from Sharon Hartman | 8/31/2018 |
| ABDCMDL_VOL044 | ABDCMDL00291163 | ABDCMDL00295167 | Custodial files from Steve Mays | 9/7/2018 |
| ABDCMDL_VOL045 | ABDCMDL00295168 | ABDCMDL00295613 | Custodial files from Sharon Hartman | 9/7/2018 |
| ABDCMDL_VOL046 | ABDCMDL00295614 | ABDCMDL00298458 | Custodial files from Elizabeth Garcia | 9/7/2018 |
| ABDCMDL_VOL048 | ABDCMDL00298788 | ABDCMDL00300250 | Custodial files from Emily Coldren | 9/20/2018 |
| ABDCMDL_VOL049 | ABDCMDL00300251 | ABDCMDL00301209 | Custodial files from Steve Mays | 9/20/2018 |
| ABDCMDL_VOL050 | ABDCMDL00301210 | ABDCMDL00302542 | Files collected from Corporate Security and Regulatory Affairs Share Drive; 2006 Cuyahoga County transactional data | 9/21/2018 |
| ABDCMDL_VOL051 | ABDCMDL00302543 | ABDCMDL00304902 | Custodial files from Kevin Kreutzer | 9/21/2018 |

- 5 –

CONFIDENTIAL

213B.pdf

**MDL 2804 AmerisourceBergen Drug Corporation ("ABDC") Document Productions**

| ABDC MDL Volume Number | Beginning MDL Bates Number | Ending MDL Bates Number | Description | Produced |
|---|---|---|---|---|
| ABDCMDL_VOL022_Clawback; ABDCMDL_VOL023_Clawback02; ABDCMDL_VOL024_Clawback02; ABDCMDL_VOL025_Clawback02; ABDCMDL_VOL026_Clawback03 | ABDCMDL00298653 | ABDCMDL00298787 | Claw back and reproduction of documents pursuant to September 25, 2018 letter | 9/25/2018 |
| ABDCMDL_VOL052 | ABDCMDL00304903 | ABDCMDL00306357 | Custodial files from Eric Cherveny | 9/27/2018 |
| ABDCMDL_VOL034R | ABDCMDL00280636 | ABDCMDL00281093 | Replacement production of ABDCMDL_VOL034 originally produced on August 17, 2018 | 9/27/2018 |
| ABDCMDL_VOL053 | ABDCMDL00306358 | ABDCMDL00306727 | Custodial files from Ed Hazewski | 9/28/2018 |
| ABDCMDL_VOL054 | ABDCMDL00306728 | ABDCMDL00306729 | 2005 Cuyahoga County transactional data 2006 Summit County transactional data | 9/28/2018 |
| ABDCMDL_VOL055 | ABDCMDL00306730 | ABDCMDL00308067 | Custodial files from Steve Mays | 10/5/2018 |
| ABDCMDL_VOL056 | ABDCMDL00308068 | ABDCMDL00308071 | 2005 Summit County transactional data; Additional CSRA Reports from Legacy OMP | 10/5/2018 |
| ABDCMDL_VOL057 | ABDCMDL00308072 | ABDCMDL00313547 | Custodial files from Steve Mays | 10/10/2018 |
| ABDCMDL_VOL058 | ABDCMDL00313548 | ABDCMDL00313652 | Custodial files from Eric Cherveny | 10/11/2018 |
| ABDCMDL_VOL059 | ABDCMDL00313653 | ABDCMDL00313654 | 2004 Cuyahoga and Summit County transactional data | 10/12/2018 |
| ABDCMDL_VOL060 | ABDCMDL00313655 | ABDCMDL00315005 | Custodial files from Bruce Gundy | 10/22/2018 |
| ABDCMDL_VOL061 | ABDCMDL00315006 | ABDCMDL00315782 | Custodial files from Nikki Seckinger | 10/22/2018 |
| ABDCMDL_VOL062 | ABDCMDL00315783 | ABDCMDL00316110 | Hard copy documents reflecting communications with the DEA | 10/23/2018 |
| ABDCMDL_VOL063 | ABDCMDL00316111 | ABDCMDL00316114 | June 1, 2002 to December 31, 2003 Cuyahoga and Summit County transactional data | 10/23/2018 |
| ABDCMDL_VOL064 | ABDCMDL00316115 | ABDCMDL00316680 | Custodial files from David May | 10/24/2018 |
| ABDCMDL_VOL065 | ABDCMDL00316681 | ABDCMDL00316952 | Custodial files from Chris Zimmerman | 10/24/2018 |
| ABDCMDL_VOL066 | ABDCMDL00316953 | ABDCMDL00317472 | Custodial files from Elizabeth Garcia | 10/24/2018 |
| ABDCMDL_VOL067 | ABDCMDL00317473 | ABDCMDL00317898 | Custodial files from Kevin Kreutzer | 10/24/2018 |

213B.pdf

**MDL 2804 AmerisourceBergen Drug Corporation ("ABDC") Document Productions**

| ABDC MDL Volume Number | Beginning MDL Bates Number | Ending MDL Bates Number | Description | Produced |
|---|---|---|---|---|
| ABDCMDL_VOL068 | ABDCMDL00317899 | ABDCMDL00318209 | Custodial files from Emily Coldren | 10/24/2018 |
| ABDCMDL_VOL069 | ABDCMDL00318210 | ABDCMDL00318356 | Custodial files from Sharon Hartman | 10/25/2018 |
| ABDCMDL_VOL070 | ABDCMDL00318357 | ABDCMDL00318377 | Custodial files from Teresa Javier | 10/25/2018 |
| ABDCMDL_VOL071 | ABDCMDL00318378 | ABDCMDL00318830 | Custodial files from Nathan Elkins | 10/25/2018 |
| ABDCMDL_VOL072 | ABDCMDL00318831 | ABDCMDL00319191 | Custodial files from Damacio Rodriguez | 10/25/2018 |
| ABDCMDL_VOL073 | ABDCMDL00319192 | ABDCMDL00319262 | Custodial files from Gabriel Weissman | 10/25/2018 |
| ABDCMDL_VOL074 | ABDCMDL00319263 | ABDCMDL00319410 | Custodial files from Amy Illig | 10/25/2018 |
| ABDCMDL_VOL075 | ABDCMDL00319411 | ABDCMDL00319585 | Custodial files from Kayla Kessler | 10/25/2018 |
| ABDCMDL_VOL076 | ABDCMDL00319586 | ABDCMDL00319720 | Custodial files from Connor Nell | 10/25/2018 |
| ABDCMDL_VOL077 | ABDCMDL00319721 | ABDCMDL00320231 | Custodial files from Celia Weber | 10/25/2018 |
| ABDCMDL_VOL078 | ABDCMDL00320232 | ABDCMDL00320238 | Custodial files from Valerie Johnson | 10/25/2018 |
| ABDCMDL_VOL079 | ABDCMDL00320239 | ABDCMDL00322576 | Custodial files from Rita Norton | 10/25/2018 |
| ABDCMDL_VOL080 | ABDCMDL00322577 | ABDCMDL00322856 | Custodial files from Kristen Perkins | 10/25/2018 |
| ABDCMDL_VOL081 | ABDCMDL00322857 | ABDCMDL00322977 | Custodial files from David Breitmayer | 10/25/2018 |
| ABDCMDL_VOL082 | ABDCMDL00322978 | ABDCMDL00323468 | Custodial files from Matthew Hurless | 10/25/2018 |
| ABDCMDL_VOL083 | ABDCMDL00323469 | ABDCMDL00323618 | Custodial files from James Schuster | 10/25/2018 |
| ABDCMDL_VOL084 | ABDCMDL00323619 | ABDCMDL00323656 | Custodial files from Hillary Knepper | 10/26/2018 |
| ABDCMDL_VOL085 | ABDCMDL00323657 | ABDCMDL00323822 | Custodial files from John Bryant | 10/26/2018 |
| ABDCMDL_VOL086 | ABDCMDL00323823 | ABDCMDL00323864 | Custodial files from Ashley Moore | 10/26/2018 |
| ABDCMDL_VOL087 | ABDCMDL00323865 | ABDCMDL00325800 | Custodial files from Lisa Bowes | 10/26/2018 |
| ABDCMDL_VOL088 | ABDCMDL00325801 | ABDCMDL00325940 | Custodial files from Julie Hinman (Papa) | 10/26/2018 |
| ABDCMDL_VOL089 | ABDCMDL00325941 | ABDCMDL00326923 | Custodial files from Tennille Ashworth | 10/26/2018 |
| ABDCMDL_VOL090 | ABDCMDL00326924 | ABDCMDL00327687 | Custodial files from Ronald Kline | 10/26/2018 |
| ABDCMDL_VOL091 | ABDCMDL00327688 | ABDCMDL00329092 | Custodial files from Jill Jackson | 10/26/2018 |
| ABDCMDL_VOL092 | ABDCMDL00329093 | ABDCMDL00331090 | Custodial files from Sarah Read | 10/26/2018 |
| ABDCMDL_VOL093 | ABDCMDL00331091 | ABDCMDL00336745 | Custodial files from Joseph Tomkiewicz | 10/26/2018 |
| ABDCMDL_VOL094 | ABDCMDL00336746 | ABDCMDL00337410 | Custodial files from Carol Sherman-Hynes | 10/26/2018 |
| ABDCMDL_VOL095 | ABDCMDL00337411 | ABDCMDL00343514 | Custodial files from Carli Kissling | 10/26/2018 |
| ABDCMDL_VOL096 | ABDCMDL00343515 | ABDCMDL00352182 | Custodial files from Gregory Hamilton | 10/26/2018 |
| ABDCMDL_VOL097 | ABDCMDL00352182 | ABDCMDL00355513 | Custodial files from Marcelino Guerreiro | 10/26/2018 |

– 7 –

CONFIDENTIAL

213B.pdf

213B.pdf

**MDL 2804 AmerisourceBergen Drug Corporation ("ABDC") Document Productions**

| ABDC MDL Volume Number | Beginning MDL Bates Number | Ending MDL Bates Number | Description | Produced |
|---|---|---|---|---|
| ABDCMDL_VOL098 | ABDCMDL00355514 | ABDCMDL00355516 | April 17-18, 2018 to May 29, 2018 City of Cleveland, Cuyahoga County, and Summit County transactional data | 10/31/2018 |
| ABDCMDL_VOL099 | ABDCMDL00355517 | ABDCMDL00355864 | Files collected from the Corporate Security and Regulatory Affairs Share Drive | 11/2/2018 |
| ABDCMDL_VOL100 | ABDCMDL00355865 | ABDCMDL00355865 | April 18, 2018 to May 29, 2018 City of Cleveland, Cuyahoga County, and Summit County Order Monitoring Program data | 11/2/2018 |
| ABDCMDL_VOL101 | ABDCMDL00355866 | ABDCMDL00357737 | Custodial files from Michael Bramowski | 11/5/2018 |
| ABDCMDL_VOL102 | ABDCMDL00357738 | ABDCMDL00358082 | Custodial files from Patrick Lazaro | 11/5/2018 |
| ABDCMDL_VOL103 | ABDCMDL00358083 | ABDCMDL00359841 | Custodial files from Brad Tallamy | 11/5/2018 |
| ABDCMDL_VOL104 | ABDCMDL00359842 | ABDCMDL00360337 | Files collected from the Corporate Security and Regulatory Affairs Share Drive | 11/6/2018 |
| ABDCMDL_VOL105 | ABDCMDL00360338 | ABDCMDL00360352 | Custodial files from Eric Cherveny previously withheld as part of ABDC's privilege review | 11/8/2018 |
| ABDCMDL_VOL106 | ABDCMDL00360353 | ABDCMDL00360356 | Custodial files from Ed Hazewski previously withheld as part of ABDC's privilege review | 11/8/2018 |
| ABDCMDL_VOL107 | ABDCMDL00360357 | ABDCMDL00360396 | Track One Customer Due Diligence Files | 11/9/2018 |
| ABDCMDL_VOL108 | ABDCMDL00360397 | ABDCMDL00360399 | Custodial files from Amy Illig previously withheld as part of ABDC's privilege review | 11/9/2018 |
| ABDCMDL_VOL110 | ABDCMDL00360404 | ABDCMDL00362039 | Custodial files collected from Sharon Hartman's hard drive | 11/15/2018 |
| ABDCMDL_VOL109 | ABDCMDL00360400 | ABDCMDL00360403 | Tableau Files utilized by ABDC's Diversion Control Team | 11/16/2018 |
| ABDCMDL_VOL111 | ABDCMDL00362040 | ABDCMDL00364205 | Custodial files from Paul Ross | 11/16/2018 |
| ABDCMDL_VOL112 | ABDCMDL00364206 | ABDCMDL00364266 | Files collected from the Corporate Security and Regulatory Affairs Share Drive | 11/16/2018 |
| ABDCMDL_VOL113 | ABDCMDL00364267 | ABDCMDL00364390 | Files collected from the Corporate Security and Regulatory Affairs Share Drive | 11/28/2018 |

– 8 –

CONFIDENTIAL

213B.pdf

213B.pdf

## MDL 2804 AmerisourceBergen Drug Corporation ("ABDC") Document Productions

| ABDC MDL Volume Number | Beginning MDL Bates Number | Ending MDL Bates Number | Description | Produced |
|---|---|---|---|---|
| ABDCMDL_VOL114 | ABDCMDL00364391 | ABDCMDL00364395 | Document from custodial file of Kevin Kreutzer inadvertently withheld from prior production | 11/28/2018 |
| ABDCMDL_VOL115 | ABDCMDL00364396 | ABDCMDL00364399 | Tableau Files utilized by ABDC's Diversion Control Team | 11/29/2018 |

- 9 -
CONFIDENTIAL