## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

     **Plaintiff,**

**v.**

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

     **Defendant.**

            **CIVIL ACTION NO.  3:17-01362**

            **Hon. David A. Faber**

_____

**CABELL COUNTY COMMISSION,**

     **Plaintiff,**

**v.**

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

     **Defendant.**

            **CIVIL ACTION NO. 3:17-01665**

            **Hon. David A. Faber**

### DISCOVERY RULING NO. 2

The undersigned has received Plaintiffs City of Huntington and Cabell County Commission's Motion to Compel (Dkt. No. 169), seeking to compel discovery production against Defendants AmerisourceBergen Drug Corporation (hereinafter "ABDC") and Cardinal Health, Inc., as well as related exhibits.  The undersigned has also received Defendant AmerisourceBergen Drug Corporation's Response to Plaintiffs' Motion to Compel, Defendant

Cardinal Health, Inc.'s Opposition to Plaintiffs' Motion to Compel, Plaintiffs' City of

Huntington and Cabell County Commission's Reply in Support of Their Motion to Compel,

Defendants' Discovery Status Report (Dkt. No. 247), and Plaintiffs Cabell County Commission

and City of Huntington's Joint Discovery Status Report (Dkt. No. 254), as well as related

exhibits and attachments.  The parties have represented to the undersigned that Combined

Requests Nos. 3, 4, 10, and 11 are currently at issue from the instant motion.  The respective

parties have advised these are the only disputes remaining in contention requiring the Special

Master's review from the instant motion.  Having reviewed carefully the parties' positions, the

Special Master now enters the following discovery rulings.

**Combined Request No. 3**

Plaintiffs seek to compel Defendants to respond fully to Combined Request No. 3.

Combined Request No. 3 seeks the identification of "each suspicious order you reported to any

regulatory body, including the DEA and/or the West Virginia Board of Pharmacy, arising out of

CT2 and produce all documents related thereto".  The request further reads:  **"After each entry,**

**please identify the Bates range which corresponds to each suspicious order to enable a jury**

**to correlate each suspicious order in your written answer to each document produced."**

(emphasis added).

Plaintiffs aver that Defendants have not fully complied with this request.  Plaintiffs

describe the purpose of this request was this:  Plaintiffs aver that Combined Request No. 3 was

drafted to elicit a response that "identifies each of the orders arising from pharmacies in

Huntington/Cabell County that were reported as suspicious *along with the Bates reference*

*identifying that order,* and the due diligence that accompanied it."  *See* Pl's Mot., p. 4 (emphasis

added). Plaintiffs specifically seek an order compelling "each Defendant to immediately produce and identify by Bates number all suspicious orders responsive to this request or certify that they have already produced the information, identifying all relevant Bates numbers". *Id*.

In response, Defendant Cardinal Health proffered it has already produced responsive records, stated it will conduct reasonable search and will produce any additional documents located. *See* Def. Cardinal's Resp., p. 3. Also in response, Defendant ABDC has produced and will produce documents related to its customers. *See* Def ABDC's Resp., p. 3. With regard to production and identification, ABDC proffered it identified specific production volumes that contain its Order Monitoring Program data and due diligence files located in its record management systems, but is under no obligation to organize and identify every document for Plaintiffs. *Id*. at 3-4.

The Special Master considers the nature of discovery in a complex case, especially electronically stored information, and considers which party the identification of allegedly already-produced documents would be more burdensome to.

The Special Master finds needle-in-haystack discovery is not appropriate in this type of action. The Special Master finds the burden on Defendant ABDC to identify specific items in response to this discovery request is not made unduly burdensome when the Defendant has certified that the information provided is included in the documents already produced. Therefore, it appears counsel must have identified these specific items prior to certifying that they were indeed included in the large production. The Special Master notes that if ABDC will use reporting to the appropriate federal agencies as a part of their defense, identification will have to be done then.

The Court also notes that specific identification performed at this stage will enhance judicial efficiency at the bench trial in this matter.

The Special Master RULES ABDC must conduct such identification of correlating Bates ranges within fifteen (15) days of the entry of this Ruling.  The Special Master further RULES that any supplemental documents produced in accordance with this discovery request must be produced by April 30, 2020, the day of the closing of discovery.

**Combined Request No. 4**

Plaintiffs seek to compel Defendants to respond fully to Combined Request No. 4. Combined Request No. 4 seeks the production of "the due diligence file for each of your customers in CT2. Please identify the Bates range which corresponds to each due diligence file to enable a jury to correlate each due diligence file to each of your customers."  According to the instant motion, this request is based upon the aspect of federal law that requires the distributor Defendant to block all suspicious orders until it conducts due diligence necessary to determine whether an order is likely to be diverted into illegal channels.

Plaintiffs specifically seek an order compelling each distributor Defendant to identify the Bates range(s) for each due diligence file for each pharmacy it serviced in Huntington/Cabell County so that Plaintiffs may evaluate the due diligence files related to each distributor Defendant's customers, and the orders they shipped to those customers.  *See* Pl's Mot., p. 5.

The Special Master notes that Defendant Cardinal Health has proffered that it has supplemented its response to Combined Request No. 4 to identify the Bates ranges responsive to this request.  *See* Def Cardinal's Resp., p. 4.  Therefore, the Special Master agrees the instant motion is moot as to Cardinal Health.

Also in response, Defendant ABDC argues it has already produced documents from its record management systems relating to its customers in the City of Huntington and Cabell County.  *See* Def ABDC's Resp., p. 4.  Further, ABDC proffers it has agreed to run search terms to capture additional emails regarding customers and will supplement.  *Id*. at 5.  With regard to production and identification, ABDC repeats its position that it shouldn't have to "do [Plaintiffs'] work for them" by identifying the Bates range for each due diligence file.  *Id*.

The Special Master recognizes this matter is set for trial before the Court without a jury; however, the undersigned anticipates that the Court will require this form of specific identification and review to allow it, as the fact finder, to conduct the trial with judicial efficiency.  Specific identifying at this stage will enhance judicial efficiency.

The Special Master also notes that like Combined Request No. 3, needle-in-haystack discovery is not appropriate with regard to Combined Request No. 4.  Therefore, the Special Master RULES ABDC must conduct such identification of correlating Bates ranges within fifteen (15) days of the entry of this Ruling.  The Special Master further RULES that any supplemental documents produced in accordance with this discovery request must be produced by April 30, 2020, the day of the closing of discovery.

**Combined Request No. 10**

Combined Request No. 10 seeks the production of all documents related to internal investigations referencing the distribution of prescription opioids in West Virginia.  Defendant ABDC avers it and Plaintiffs have agreed to search terms, and will supplement any additional responsive documents such search(es) yield.  *See* Def ABDC's Resp., p. 6.

The Special Master reminds the parties of their ongoing duty to seasonably supplement, and clarifies and RULES that any such additional search and supplemental production shall be completed by April 30, 2020, the date of the close of discovery.

**Combined Request No. 11**

Combined Request No. 11 seeks the production of "all presentations, including PowerPoints or slide decks, referencing the distribution of prescription opioids in West Virginia".  Defendant ABDC proffers that there is no dispute here and that it will "continue to produce documents responsive to this Request to the extent that they exist and are located after a diligent search of both custodial and non-custodial sources".  *Id*. at 7.

As it appears to the Special Master that the items responsive to Combined Request No. 11 are being produced currently, the Special Master simply reminds counsel of its duty to supplement as new information is discovered, and RULES that any such additional search and supplemental production shall be completed by April 30, 2020, the date of the close of discovery.

RESPECTFULLY SUBMITTED,


/s/ Christopher C. Wilkes
Christopher C. Wilkes
Special Master



Dated:  April 2, 2020