IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CITY OF HUNTINGTON,<br><br>          Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>          Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>          Defendants. | Civil Action No. 3:17-01665 |

**DEFENDANTS' RESPONSE TO NON-PARTY WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER'S MOTION TO QUASH SUBPOENAS**

Defendants McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Drug Corporation (collectively, "Defendants") respectfully request that the Special Master[1] deny the Non-Party West Virginia Offices of the Insurance Commissioner's ("WVOIC") Motion To Quash Defendant McKesson Corporation's ("McKesson") Subpoena To Produce Documents and Subpoena To Testify at a Deposition in a Civil Action ("Motion to Quash"), filed March 30, 2020 (Dkt. No. 259).  Defendants are acutely aware of the difficulties posed by the current COVID-19

---

[1] The Court referred the motion at issue to the Special Master on March 31, 2020.

pandemic and the limitations on what non-parties and parties alike can accomplish in light of stay-at-home orders and the appropriate prioritization of COVID-19 response. Defendants will take every action they reasonably can to mitigate burden, while still advancing the progress of the litigation consistent with the Court's current schedule. Given the ongoing efforts to narrow the subpoena, the relevance of the information sought, and the compressed case schedule, the Special Master should deny WVOIC's Motion to Quash.

*First*, there is no active dispute regarding the subpoenas served on WVOIC.[2] As WVOIC notes in its Memorandum of Law in support of the Motion to Quash (Dkt. No. 261), negotiations regarding the scope of the subpoenas and the time for compliance are ongoing. *See, e.g.*, Dkt. No. 261 at 2 ("counsel for the WVOIC has corresponded with counsel for the issuing party McKesson Corporation regarding the issues raised in this motion"), 4 ("the dialogue remains open between the parties to potentially narrow the scope of the subpoena commands"). Counsel for McKesson recently sent a letter to WVOIC identifying priority document requests in an effort to narrow the scope of discovery. *See* Ex. A (Mar. 31 letter to WVOIC). As noted in the letter, Defendants are also amenable to limiting the "Relevant Time Period" for the priority requests to 2010 to the present—a reduction of a 24-year period to only ten, even though Plaintiffs' allegations cover the full 24-year period—to reduce WVOIC's burden for its initial production(s). *See id.; see also Anderson v. Consol. Coal Co.*, 2014 WL 12595769, at *6 (N.D.W. Va. May 19, 2014) (denying motion to quash and granting opposing party's motion to compel after reducing temporal scope in half).

---

[2] Notably, WVOIC acknowledges that it filed the Motion to Quash because "counsel has been unable to come to an agreement *at this time*." Dkt. No. 261 at 2 (emphasis added). WVOIC further notes that, "[a]s a satisfactory resolution could not be reached in advance of the March 31, 2020 return date for the subpoenas, the WVOIC is compelled to file this Motion to Quash to protect its interests." *Id.* at 4.

*Second*, the information sought by the subpoenas is highly relevant to Defendants' defenses, and WVOIC does not argue otherwise.[3]  *See* Dkt. No. 261 at 12 (not disputing that "the information sought is relevant").  Plaintiffs' allegations are against wholesale distributors, but no prescription opioid pill could reach a patient without a pharmacist's decision to dispense it or a physician's decision to prescribe it.  Discovery from third-party payors such as WVOIC, who, unlike Defendants, have access to specific prescription information, goes directly to a core defense: lack of causation.  WVOIC decides whether to pay for or restrict particular prescriptions or treatments and therefore has unique and first-hand knowledge of prescription opioid and alternative treatment claims in West Virginia, Cabell County, and the City of Huntington.[4]  For example, the WVOIC Claims Services Division oversees management of state workers' compensation claims and monitors pharmacy reports for claimants who receive opioids.  *See* WVOIC 2017 Annual Report at 22, *available at* http://www.wvlegislature.gov/legisdocs/reports/agency/I02_CY_2017_14093.pdf.  Thus, facts known only to WVOIC are critical to this litigation, including whether Defendants—who have no role in determining how opioids are prescribed, dispensed, or diverted—proximately caused the alleged nuisance, and whether any non-parties are at fault.

*Third,* Defendants extended the period for compliance to 30 days, which is reasonable under the circumstances created by the current scheduling order, and particularly given the ongoing efforts to narrow the subpoena.  *See* Dkt. No. 262 at 5–6 ("[T]he time allowed for compliance seems to be judged depending on the underlying circumstances." (quoting *Freeport*

---

[3] Defendants have received the same types of discovery from public and private entities in other opioid litigation, including the national opioid multidistrict litigation.

[4] WVOIC also acknowledges that its third-party administrators may have responsive information.  *See* Dkt. No. 261 at 7.

3

*McMoran Sulpher, LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004))); *see also, e.g.*, *State Farm Fire & Cas. Co. v. Hood*, 2007 WL 3268434, at *2 (S.D. Miss. Oct. 31, 2007) (endorsing a brief compliance period based on "*the expedited nature of th[e] case*" (emphasis added)). The impending document discovery deadline of April 30, 2020, here provides little room for extensions, such as the 60-day extension requested by WVOIC, but understanding that the COVID-19 pandemic has impacted WVOIC's ability to respond fully and promptly, counsel for McKesson began discussions to narrow the document subpoena scope and had already agreed to extend the original response date of March 31, 2020, to April 18, 2020,[5] even before WVOIC filed its Motion to Quash. *See* Ex. B (Mar. 19 e-mails from J. Wakefield to C. Means); Dkt. No. 261 at 3. Defendants will continue to work with WVOIC to obtain necessary discovery consistent with the schedule set by the Court. Defendants also would be amenable to an extension of the current April 30 deadline for completion of document discovery if the overall schedule were extended.

*Fourth*, WVOIC argues that compliance with the subpoenas is unduly burdensome and the potential harm outweighs the benefit. Dkt. No. 261 at 11–13. As stated above, to reduce WVOIC's burden in these extraordinary circumstances, Defendants have worked to narrow the document subpoena's scope and relevant time period and to extend the response date. Defendants will discuss with WVOIC further adjustments that may be made, such as with respect to the mechanisms for production, *see id.* at 13, which WVOIC did not raise with Defendants before filing its Motion to Quash.

---

[5] In its March 31 letter, counsel for McKesson also agreed not to schedule any WVOIC deposition until after April, recognizing that the state is currently under a Stay at Home Order. *See* Ex. A. Defendants are also willing to discuss the temporal scope of depositions in its continued negotiations with WVOIC.

4

*Fifth*, there is no dispute that the production of confidential protected health information in this litigation is necessary and will be governed by the relevant Protective Orders. *See* Dkt. No. 261 at 9–10; *see also Anderson*, 2014 WL 12595769, at *7 ("HIPAA 'permits discovery of protected health information'" under certain circumstances). WVOIC argues that the logistics of document production will be cumbersome; Defendants are confident that these technical concerns can be addressed by ongoing discussions with WVOIC. In opioid litigation throughout the United States, parties and non-parties have been able to resolve such issues.

*Sixth*, while the Motion to Quash need not be addressed at present because there is no active dispute, as discussed above, to the extent the Special Master considers the Motion to Quash now, Defendants respectfully request that WVOIC be required to produce at least the following by April 30, 2020:[6] the documents identified in counsel for McKesson's correspondence of March 31, 2020, for the time period 2010 to the present, *see* Ex. A, *i.e.*,

a) claims data (Requests 6, 7, 9);

b) reimbursement data for Prescription Opioids and Alternative Treatments (Requests 10, 11);

c) reimbursement policies and procedures (Requests 12, 26);

d) documents concerning drug utilization review (Requests 24, 25);

e) formularies and/or preferred drug lists (Request 21);

f) documents concerning each agency's knowledge of and response to the opioid crisis (Requests 34, 35, 37–41);

g) documents sufficient to identify persons involved in investigations of suspicious orders, prescriptions, or claims (Request 3); and

h) documents sufficient to describe each agency's organizational structure (Request 1).

---

[6] This date assumes that the existing overall schedule for the litigation remains unchanged. As noted above, Defendants would be amenable to an extension of the April 30 date if the overall schedule were extended.

5

For the foregoing reasons, Defendants respectfully request that the Special Master deny WVOIC's Motion to Quash.

Respectfully submitted,

**McKesson Corporation**
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
Jason L. Holliday (WVSB #12749)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Tel: (304) 345-0200
jwakefield@flahertylegal.com
jholliday@flahertylegal.com

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
Tel: (502) 587-3400
Fax: (502) 587-6391
cbrowning@stites.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

**AmerisourceBergen Drug Corporation**
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert S. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH, LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

**Cardinal Health, Inc.**
By Counsel:

*/s/ Steven R. Ruby*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Tel: (304) 345-6555
Fax: (304) 342-1110
bglasser@baileyglasser.com
sruby@baileyglasser.com
rfranks@baileyglasser.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW

Washington, DC 20005
emainigi@wc.com
lheard@wc.com
ahardin@wc.com