# EXHIBIT A



**Flaherty**ˢᴹ

FLAHERTY | SENSABAUGH | BONASSO PLLC

CHARLESTON
CLARKSBURG
MORGANTOWN
WHEELING

Jeffrey M. Wakefield
304.347.4231 (direct)
JWakefield@flahertylegal.com

March 31, 2020

**VIA ELECTRONIC MAIL**

Katherine A. Schultz
Andrew L. Ellis
Cassandra L. Means
Office of the Attorney General
State Capitol Complex
Building 1, Room W435
Charleston, West Virginia 25305
Kathy.A.Schultz@wvago.gov
Andrew.L.Ellis@wvago.gov
Cassandra.L.Means@wvago.gov

Erin K. Hunter
West Virginia Offices of the Insurance Commissioner
West Virginia Lottery Building
900 Pennsylvania Avenue
Charleston, WV 25302
Erin.K.Hunter@wv.gov

Re: Targeted Document Requests to West Virginia Offices of the Insurance Commissioner in:

*City of Huntington v. AmerisourceBergen Drug Corp. et al.,* 3:17-01362 (S.D. W.Va.)

*Cabell County Comm'n v. AmerisourceBergen Drug Corp. et al.,* 3:17-01665 (S.D. W.Va.)

Dear Ms. Schultz, Mr. Ellis, Ms. Means, and Ms. Hunter,

Thank you for making time to confer with us on March 18, March 25, and March 27, 2020, regarding the document and testimony subpoenas served on the West Virginia Offices of the Insurance Commissioner ("WVOIC") on March 17, 2020.

This letter seeks to continue our open dialogue about subpoena compliance by focusing on your agency's documents necessary for this litigation that are readily available for production. We recognize that the coronavirus pandemic has seriously impacted your agency's ability to respond fully to the subpoenas. To that end, we have agreed to extend the compliance deadline for document production to April 18, 2020, *see* Mar. 19, 2020 e-mail from J. Wakefield to C. Means, and we will defer scheduling any WVOIC deposition until after April. As discussed, we do not have much flexibility beyond that given the current case schedule, under which

# Flaherty℠

FLAHERTY | SENSABAUGH | BONASSO PLLC

Katherine A. Schultz
Andrew L. Ellis
Cassandra L. Means
William B. Hicks
Thomas D. Miller
March 31, 2020
Page 2

document discovery closes on April 30, fact depositions must be completed by June 15, and trial is set to begin on August 31, 2020.

While reserving all rights under our subpoenas, we suggest focusing our discussions of subpoena compliance for now on key documents that we understand WVOIC has.

**Targeted document requests.** Based on our discussions and our own diligence, we seek the following limited set of documents and document categories on a priority basis:

a) claims data (Requests 6, 7, 9)

b) reimbursement data for Prescription Opioids and Alternative Treatments (Requests 10, 11)

c) reimbursement policies and procedures (Requests 12, 26)

d) documents concerning drug utilization review (Requests 24, 25)

e) formularies and/or preferred drug lists (Request 21)

f) documents concerning WVOIC's knowledge of and response to the opioid crisis (Requests 34, 35, 37–41)

g) documents sufficient to identify persons involved in investigations of suspicious orders, prescriptions, or claims (Request 3)

h) documents sufficient to describe WVOIC's organizational structure (Request 1)

**"Relevant Time Period."** Plaintiffs' claims and discovery requests cover the time period of 1996 to the present. As such, we defined "Relevant Time Period" in the document subpoena to align with the scope of the case Plaintiffs have brought. We are amenable to limiting the data and documents identified in categories (a)–(h) above to the time period of 2010 to the present for WVOIC's initial compliance, while reserving our rights to later seek responsive documents from the full time period back to 1996.

**Documents that may be in the possession of third parties**. We understand that WVOIC "will need to reach out to [third-party administrator] vendors to obtain [responsive] information" and that those vendors' abilities to collect documents are likely also hampered by the coronavirus pandemic. Mar. 25 e-mail from C. Means to J. Wakefield. If WVOIC can identify which of the above targeted requests implicate documents in the possession of third parties, and who those third parties are, we believe that would assist us in determining whether the requests may be further narrowed.



Katherine A. Schultz
Andrew L. Ellis
Cassandra L. Means
William B. Hicks
Thomas D. Miller
March 31, 2020
Page 3

**Privilege and confidentiality.** We understand that certain requested information may be confidential under state statutes. We note that the parties have agreed to follow the Protective Orders, which are attached to the document subpoena. Specifically, with respect to protected health information, one of the attached Protective Orders concerns confidential medical records.

We hope that our identification of the documents and document categories above will help to move the discovery process along in an efficient and expeditious manner. We look forward to maintaining close communication with you during this process and are happy to discuss any issues as they arise. Please contact me directly at (304) 347-4231 if you have questions concerning these requests.

Sincerely,

Jeffrey M. Wakefield

JMW/sls
11206-50198