# EXHIBIT A



**FLAHERTY | SENSABAUGH | BONASSO** PLLC

CHARLESTON
CLARKSBURG
MORGANTOWN
WHEELING

Jeffrey M. Wakefield
304.347.4231 (direct)
JWakefield@flahertylegal.com

March 31, 2020

**VIA ELECTRONIC MAIL**

Katherine A. Schultz
Andrew L. Ellis
Cassandra L. Means
Office of the Attorney General
State Capitol Complex
Building 1, Room W435
Charleston, West Virginia 25305
Kathy.A.Schultz@wvago.gov
Andrew.L.Ellis@wvago.gov
Cassandra.L.Means@wvago.gov

William B. Hicks
Thomas D. Miller
West Virginia Public Employees Insurance Agency
601 57th Street, SE, Suite 2, Room 1008
Charleston, West Virginia
William.B.Hicks@wv.gov
Thomas.D.Miller@wv.gov

  Re: Targeted Document Requests to West Virginia Public
     Employees Insurance Agency in:

     *City of Huntington v. AmerisourceBergen Drug Corp. et al.*,
     3:17-01362 (S.D. W.Va.)

     *Cabell County Comm'n v. AmerisourceBergen Drug Corp. et
     al.*, 3:17-01665 (S.D. W.Va.)

Dear Ms. Schultz, Mr. Ellis, Ms. Means, Mr. Hicks, and Mr. Miller,

  Thank you for making time to confer with us on March 18 and March 27, 2020, regarding the document and testimony subpoenas served on the West Virginia Public Employees Insurance Agency ("PEIA") on March 17, 2020.

  This letter seeks to continue our good-faith, productive dialogue about subpoena compliance by focusing on your agency's documents necessary for this litigation that are readily available for production. We recognize that the coronavirus pandemic impacts your agency's ability to respond fully to the subpoenas. To that end, we have agreed to extend the compliance deadline for document production to April 18, 2020, *see* Mar. 27, 2020 e-mail from J. Wakefield to K. Schultz, A. Ellis, and C. Means, and we will defer scheduling any PEIA deposition until



**FLAHERTY | SENSABAUGH | BONASSO** PLLC

Katherine A. Schultz
Andrew L. Ellis
Cassandra L. Means
William B. Hicks
Thomas D. Miller
March 31, 2020
Page 2

after April. As discussed, we do not have much flexibility beyond that given the current case schedule, under which document discovery closes on April 30, fact depositions must be completed by June 15, and trial is set to begin on August 31, 2020.

While reserving all rights under our subpoenas, we suggest focusing our discussions of subpoena compliance for now on key documents that we understand PEIA has.

**Targeted document requests.** Based on our discussions and our own diligence, we seek the following limited set of documents and document categories on a priority basis:

  a) claims data (Requests 6, 7, 9)

  b) reimbursement data for Prescription Opioids and Alternative Treatments (Requests 10, 11)

  c) reimbursement policies and procedures (Requests 12, 26)

  d) documents concerning drug utilization review (Requests 24, 25)

  e) formularies and/or preferred drug lists (Request 21)

  f) documents concerning PEIA's knowledge of and response to the opioid crisis (Requests 33, 34, 36–40)

  g) documents sufficient to identify persons involved in investigations of suspicious orders, prescriptions, or claims (Request 3)

  h) documents sufficient to describe PEIA's organizational structure (Request 1)

We understand that collection of the information in at least categories (a) and (b) above has already been initiated. *See* March 19 e-mail from T. Miller to J. Wakefield ("I have reached out to our Data Warehouse Manager on your data request and have given him the general parameters of your query.").

**"Relevant Time Period."** Plaintiffs' claims and discovery requests cover the time period of 1996 to the present. As such, we defined "Relevant Time Period" in the document subpoena to align with the scope of the case Plaintiffs have brought. We are amenable to limiting the data and documents identified in categories (a)–(h) above to the time period of 2010 to the present for PEIA's initial compliance, while reserving our rights to later seek responsive documents from the full time period back to 1996.

**Documents that may be in the possession of third parties.** We understand that PEIA has represented that certain of the document requests implicate documents in the



FLAHERTY | SENSABAUGH | BONASSO  PLLC

Katherine A. Schultz
Andrew L. Ellis
Cassandra L. Means
William B. Hicks
Thomas D. Miller
March 31, 2020
Page 3

possession of third parties. However, as Mr. Dove stated on our March 27 call, our experience in other opioid litigation is that state agencies often are entitled to possession, custody, and/or control of such documents under their third-party contracts. Thus, if its third-party contracts so permit, PEIA is obligated under Rule 45 to produce such documents. *See, e.g.,* Fed. R. Civ. P. 45(1)(A)(iii) (subpoena may command production of "tangible things in that person's possession, custody, or control"); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (defining "possession, custody or control" to include "the legal right to obtain [] on demand"). If PEIA can identify which of the above targeted requests implicate documents in the possession of third parties, and who those third parties are, that would assist us in determining whether the requests may be further narrowed.

**Privilege and confidentiality**. To the extent PEIA's objections regarding privilege and/or confidentiality are related to HIPAA compliance, we note that the parties have agreed to follow the Protective Orders, including the one specifically concerning confidential medical records, which are attached to the document subpoena.

We hope that our identification of the documents and document categories above will help to move the discovery process along in an efficient and expeditious manner. We look forward to maintaining close communication with you during this process and are happy to discuss any issues as they arise. Please contact me directly at (304) 347-4231 if you have questions concerning these requests.

Sincerely,

Jeffrey M. Wakefield

JMW/sls
11206-50198