IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

Docket No. _____

STATE OF WEST VIRGINIA EX REL. AMERISOURCEBERGEN DRUG CORPORATION, CARDINAL HEALTH, INC., AND MCKESSON CORPORATION,

Petitioners,

v.

THE HONORABLE DAVID W. HUMMEL, JR., JUDGE OF THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA,

Respondent.

*From the Circuit Court of Marshall County, West Virginia
Civil Action Nos. 17-C-248, 17-C-249, 17-C-250, 17-C-251, 17-C-252,
17-C-253, 17-C-254, and 17-C-255*

---

PETITION FOR WRIT OF PROHIBITION

---

A. L. Emch (WVSB #1125)
aemch@jacksonkelly.com
Gretchen M. Callas (WVSB #7136)
gcallas@jacksonkelly.com
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
Telephone: (304) 340-1000
Facsimile: (304) 340-1130
*Counsel for Petitioner AmerisourceBergen Drug Corporation in actions filed by Brooke, Harrison, Hancock, Lewis, Marshall, Tyler, and Wetzel Counties*

Harry G. Shaffer III (WVSB #3344)
hshaffer@shafferlaw.net
Todd A. Mount (WVSB #6939)
tmount@shafferlaw.net
SHAFFER & SHAFFER PLLC
P.O. Box 38
Madison, WV 25130
Telephone: (304) 369-0511
Facsimile: (304) 369-5411
*Counsel for Petitioner AmerisourceBergen Drug Corporation in action filed by Ohio County*

Exhibit 1

4848-1088-3210.v1

Russell D. Jessee (WVSB #10020)
russell.jessee@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326
Telephone: (304) 353-8000
Facsimile: (304) 353-8180

William D. Wilmoth (WV Bar #4075)
william.wilmoth@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
P.O. Box 751
Wheeling, WV 26003-0751
Telephone: (304) 233-0000
Facsimile: (304) 933-8183
*Counsel for Petitioner McKesson Corporation in actions filed by Brooke, Hancock, Ohio, Tyler, and Wetzel Counties*

Brian A. Glasser (WVSB #6597)
bglasser@baileyglasser.com
Steven R. Ruby (WVSB #10752)
sruby@baileyglasser.com
Raymond S. Franks II (WVSB #6523)
rfranks@baileyglasser.com
BAILEY GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel for Petitioner Cardinal Health, Inc.*

Jeffrey M. Wakefield (WVSB #3894)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200
Facsimile: (304) 345-0260
*Counsel for Petitioner McKesson Corporation in actions filed by Lewis and Marshall Counties*

Daniel C. Cooper (WVSB #5476)
Dan.cooper@cooperlawwv.com
Jamison H. Cooper (WVSB #8043)
jami.cooper@cooperlawwv.com
COOPER LAW OFFICES, PLLC
240 Main Street
Bridgeport, WV 26330
Telephone: (304) 842-0505
Facsimile: (304) 842-0544
*Counsel for Petitioner McKesson Corporation in action filed by Harrison County*

## INTRODUCTION

There is no doubt of the need to address the national opioid crisis, but this lawsuit brought by eight counties ("Counties") against these wholesale prescription drug distributors ("Distributor Defendants") does not present cognizable grounds for judicial relief. The Counties' causes of action all turn on allegations that the Distributor Defendants have violated certain requirements contained in the West Virginia Controlled Substances Act ("WVCSA") and they attempt to rely on aspects of the federal Controlled Substances Act ("CSA"). But the Counties do not have regulatory authority over the Distributor Defendants' handling of controlled substances, including prescription opioid medications. It is the federal Drug Enforcement Administration ("DEA") and state regulatory bodies—here, the West Virginia Board of Pharmacy ("BOP")—that are vested with exclusive authority to enforce the regulatory regimes for controlled substances and to impose sanctions for violations, as a Connecticut court recently held in a case involving similar claims asserted by local governmental entities in that state's consolidated opioid litigation. *See City of New Haven v. Purdue Pharma, L.P.*, No. X07-HHD-CV-17-6086134-S, 2019 WL 423990 (Conn. Super. Ct. Jan. 8, 2019) (dismissing all claims). And it is federal and state authorities that are vested with exclusive authority to seek criminal penalties for violations of the controlled substances laws.

Nonetheless, the Counties' lawsuit attempts to assume this enforcement role. Through this litigation, the Counties seek reimbursement from the Distributor Defendants, in the form of a judicial damages award, for expenditures the Counties made for health care, law enforcement, and other public services provided to individual county residents who were injured due to misuse of or addiction to opioids. The Counties make these claims and seek these damages even though the Counties do not allege that the Distributors examined patients, diagnosed the severity of their pain, or prescribed opioids for them. Doctors did that. Nor do the Counties allege that Distributors