IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,

    Plaintiff,

v.

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,

    Defendant.

CIVIL ACTION NO. 3:17-01362

Hon. David A. Faber

---

CABELL COUNTY COMMISSION,

    Plaintiff,

v.

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,

    Defendant.

CIVIL ACTION NO. 3:17-01665

Hon. David A. Faber

## DISCOVERY RULING NO. 1

The undersigned has received Distributor Defendants' Motion to Compel Further Discovery Responses with Exhibits and Plaintiffs' Response in Opposition to Defendants' Motion to Compel, as well as related exhibits. Distributor Defendants (Defendants AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation) seek to compel Plaintiffs City of Huntington and Cabell County Commission to provide full,

Exhibit 8

complete, and responsive answers to certain discovery requests. Having reviewed carefully the parties' positions, the Special Master now enters the following discovery rulings.

**Interrogatory No. 5**

Distributor Defendants seek to compel Plaintiff Cabell County to respond fully to Interrogatory No. 5. Interrogatory No. 5 seeks the identification of the date and manner in which Cabell County first became aware that prescription opioids were being abused or diverted within its geographic boundaries.

Distributor Defendants aver that Cabell County has not provided a substantive response to this "basic request", and that they are entitled to a certified response setting forth Cabell County's understanding as to when it was actually on notice of prescription opioid abuse and diversion. *See* Defs' Mem., p. 3.

On the other hand, Plaintiffs aver they "have responded to the best of their abilities as political subdivisions with an institutional memory limited to the current officeholders". *See* Pl's Resp., p. 4. Specifically, they provided detail to Interrogatory No. 5 by outlining notable events within their respective communities, acknowledging public knowledge and information, and highlighting their efforts in relation to the opioid crisis. *Id.* at 4-5.

As Plaintiffs have succinctly stated, a request for a singular date is problematic as "Plaintiffs simply cannot speculate as to the 'state of mind' of a public entity at one definitive moment in time". *Id.* at 5. Moreover, the undersigned considers that West Virginia law provides the statute of limitations on nuisance actions does not begin to run until the nuisance is abated. Syl. Pt. 11, *State ex rel. Smith v. Kermit Lumber & Pressure Treating Co.*, 200 W. Va. 221, 488 S.E.2d 901 (1997). It appears the gist of this Interrogatory seems to be aimed when awareness of the opioid epidemic was. Accordingly, the undersigned finds that what Cabell County has

disclosed is satisfactory, in light of the fact that as a matter of law the statute of limitations doesn't begin to run until the nuisance is abated. The undersigned RULES the instant motion is denied as to this request.

**Interrogatories Nos. 6 and 7 and Requests for Production 1-5**

Next, Interrogatory No. 6 asks Plaintiffs to determine "the maximum number of pills or other dosage units of Prescription Opioids that should properly have been distributed within Your geographic boundaries for legitimate medical purposes during each year of the Timeframe, and explain how You calculated that number". *See* Defs' Mot., Ex. A., p. 4. Related to Interrogatory No. 6, Interrogatory No. 7 seeks Plaintiffs to "state the number of pills or other dosage units of Prescription Opioids that were diverted from legitimate purposes…". *See* Defs' Mot., Ex. A., p. 4-5.

Related to these two Interrogatories are certain Requests for Production. First, Request for Production No. 5 seeks documents that relate to the diversion of Prescription Opioids or dispensing of Prescription Opioids for other than legitimate medical purposes, including documents identifying Persons involved in such diversion or dispensing. *See* Defs' Mem., p. 9. Additionally, Request for Production No. 3 seeks "all documents concerning the volume of opioids that Cabell County believes, suspects, or contends could or should properly have been distributed for legitimate medical purposes". *See* Defs' Mem., p. 8.

Similarly, Request for Production No. 1 seeks "all documents that relate to the volumes of opioids prescribed, dispensed, sold, distributed, diverted, and/or used within Cabell County" and Request for Production No. 4 seeks all documents "that relate to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of prescription and other opioids". *See* Defs' Mem., p. 7, 9. Finally, Request for Production No. 2 seeks all documents

that relate to any suspicious orders placed by or shipped to any person within Cabell County. *See* Defs' Mem., p. 8.

With regard to the instant requests, the undersigned finds such a precise estimation would be inappropriate at this stage of the litigation, as it has been proffered that Plaintiffs' expert report(s) are likely to go to this request. *See* Pls' Resp., p. 7. In essence, Interrogatories Nos. 6 and 7 and related requests for production are asking Plaintiffs to opine as to what is "medically legitimate", and the undersigned finds this information is anticipated to be subject to be part of Plaintiffs' expert's opinion as to a qualified scientific or medical review. *See Pauley v. CNE Poured Walls, Inc.*, No. 3:18-CV-01508, 2019 WL 3226996, at *1 (S.D. W.Va. July 17, 2019)("Moreover, in cases where the parties anticipate the production of 'an expert report which will touch on the very contentions at issue, the Court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery'").

The undersigned considers that in addition to this consideration, Plaintiffs aver they have endeavored to provide as much information as possible by providing extensive ARCOS information pertaining to their jurisdictions that Plaintiffs intend to rely upon during trial. *See* Pls' Resp., p. 6.

Accordingly, the undersigned RULES the instant motion is denied as to this request.

**Interrogatory No. 8 and Request for Production No. 8**

Interrogatory No. 8 seeks Plaintiffs to "identify each pharmacy, doctor, healthcare provider, or other drug retailer that diverted or wrongfully dispensed Prescription Opioids...". *See* Defs' Mot., Ex. A., p. 5. Related to this Interrogatory, Request for Production No. 8 seeks

documents relating to individuals or entities whose conduct relating to prescription opioids you believe, suspect, or contend caused you harm. *See* Defs' Mem., p. 9.

As an initial matter, the undersigned notes it is not in dispute that Cabell County has provided a response identifying two pharmacies and two individuals. *See* Defs' Mem., p. 5; *see also* Pls' Resp., p. 7.

Apart from these responsive individuals and entities, Plaintiffs aver they are conducting "continued investigation" into additional parties who may be responsive to Interrogatory No. 8, and the related request for production. Specifically, Plaintiffs detail that they are "continuing to review Defendants' recently produced and/or rolling productions of the requested due diligence files and transactional data for Huntington and Cabell County customers. As a result, Plaintiffs will provide Defendants with a complete list once they are able to do so based on their review of all related information." *See* Pls' Resp., p. 7.

In light of the foregoing, the undersigned reminds Plaintiffs of their duty to supplement in a timely manner. The undersigned finds that any such supplementation shall be diligently produced by at least April 30, 2020, the date of the close of discovery.

**Interrogatory No. 9 and Request for Production Nos. 6 and 7**

This discovery request seeks information regarding each investigation, arrest, or prosecution within Cabell County involving opioids. *See* Defs' Mot., Ex. A., p. 5. Likewise, Request for Production No. 6 seeks documents relating to any violation of state or federal law or regulation, or any other wrongful conduct, by, among others, any pharmacy, healthcare provider, manufacturer, or distributor and Request for Production No. 7 seeks documents relating to any law enforcement or administrative investigations, prosecutions, or enforcement actions relating to opioids within or affecting your geographical area. *See* Defs' Mem., p. 9.

Defendants contend that Plaintiff did not provide a substantive response to this request. *See* Defs' Mem., p. 5. Cabell County, on the other hand, avers it will be collecting documents from relevant parties and producing them on a rolling basis. *See* Pls' Resp., p. 7. Cabell County has also indicated it was reviewing some "custodians and databases" and will supplement where possible. *Id.* at 7-8.

As an initial matter, the undersigned acknowledges the averment of supplementation by Cabell County. The Court finds that due to the voluminous and historical nature of such data collection and production, this response regarding review and supplementation is reasonable. However, as a timeframe by which to respond, the undersigned finds it appropriate to direct Cabell County to have until April 30, 2020, the date of the close of discovery, by which to fully respond and supplement.

Further, in the interest in creating the best factual record possible, the undersigned RULES as follows. The undersigned finds Plaintiffs should be directed to provide any lists, reports or other compilation of statistics of arrests for controlled substances by law enforcement agencies under their jurisdiction, or those which they have access to. This would include the Sheriff's Office and City of Huntington Police Department. Additionally, Cabell County should produce the same information from the Cabell County Prosecuting Attorney if available, along with any record. In the interests of the discovery deadline in place in this civil action, this direction applies to information that is already in Plaintiffs' possession or readily accessible.

**Interrogatory Nos. 10 and 11 and Request for Production No. 16**

Interrogatory No. 10 seeks information concerning Cabell County's efforts to address "hazards to public safety" allegedly caused by Distributor Defendants and "the amount of taxpayer dollars...expended to fund th[ose] efforts". *See* Defs' Mem., p. 5. Further,

Interrogatory No. 11 seeks information regarding Cabell County's efforts to recover expenditures related to prescription opioid addiction, misuse, abuse, or overdoses. *Id*. at 6.

Related to these interrogatories, Request for Production No. 16 seeks "documents that state, discuss, reflect, or suggest recommendations for programs, initiatives, or actions taken by you, any agency of West Virginia or the federal government to, among other things, prevent, treat, or otherwise ameliorate wrongful importation or distribution, abuse, misuse of, or addiction to, opioids. *See* Defs' Mem., p. 9.

With regard to these discovery requests, Cabell County makes the same argument in Plaintiffs' Response as outlined with regard to Interrogatory No. 9, *supra*. Cabell County avers it will be collecting documents from relevant parties and producing them on a rolling basis. *See* Pls' Resp., p. 7. Cabell County has also indicated it was reviewing some "custodians and databases" and will supplement where possible. *Id.* at 7-8.

Here, the undersigned finds such supplementation reasonable, given the ongoing nature of these two discovery requests. Accordingly, the undersigned RULES as follows. Similar to other discovery requests discussed, *supra*, as a timeframe by which to respond, the undersigned finds it appropriate to direct Cabell County to have until April 30, 2020, the date of the close of discovery, by which to fully respond and supplement.

RESPECTFULLY SUBMITTED,

/s/ Christopher C. Wilkes
Christopher C. Wilkes
Special Master

Dated: March 24, 2020