IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01665 |

### DEFENDANTS' SECOND DISCOVERY STATUS REPORT

For the benefit of the Special Master and the information of the Court, Defendants submit their second biweekly discovery status report pursuant to the Court's request during the March 5, 2020 status conference. *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1] Since Defendants' March 24, 2020 Status Report, *see* Dkt. 247, the COVID-19 pandemic has only worsened. President Trump has extended social distancing guidelines until April 30.[2] Following Governor Justice's

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief from the Court, and any necessary motions will be filed separately. This report is simply meant to update the Special Master on the progress of the case as the Court monitors the overall schedule and plans for the litigation.

[2] White House, *Remarks by President Trump, Vice President Pence, and Members of the Coronavirus Task Force in Press Briefing* (Mar. 30, 2020),
(continued…)

entry of a stay-at-home order, he has extended school closures,[3] ordered individuals traveling from "areas with substantial community spread of COVID-19" to self-isolate for 14 days after entering West Virginia,[4] postponed the West Virginia primary elections,[5] and instituted heightened protections for counties including Kanawha County.[6]  The Supreme Court of Appeals of West Virginia extended its stay of non-emergency proceedings and court deadlines through May 1, 2020.[7]  Third-party government agencies have informed the Court that compliance with subpoenas at this time would "jeopardize" their ability to respond to the pandemic.  *See* Dkt. 261, Dkt. 262.  And, as explained in Defendants' Opposition to Plaintiffs' Motion for a Bench Trial Management Order, *see* Dkt. 258 at 3-4, Defendants are presently focused on their critical role in responding to the COVID-19 pandemic, which requires ongoing dependable access to the medical supplies and medicines that Defendants distribute to hospitals, urgent care facilities, long-term care facilities, and pharmacies across the country.

---

https://www.whitehouse.gov/briefings-statements/remarks-president-trump-vice-president-pence-members-coronavirus-task-force-press-briefing-14/.

[3] State of West Virginia, Office of the Governor, *COVID-19 UPDATE: Gov. Justice extends statewide school closure, requests extension of state income tax filing deadline* (Mar. 25, 2020), https://governor.wv.gov/News/press-releases/2020/Pages/COVID-19-UPDATE-Gov.-Justice-extends-statewide-school-closure,-requests-extension-of-state-income-tax-filing-deadline.aspx.

[4] State of West Virginia, Executive Department, Executive Order No. 14-20 (Mar. 30, 2020), https://governor.wv.gov/Documents/SGovernor%27s20033014470.pdf.

[5] State of West Virginia, Executive Department, Executive Order No. 18-20 (Apr. 1, 2020), https://governor.wv.gov/Documents/2020%20Proclamations/EO%2018-20.pdf.

[6] State of West Virginia, Executive Department, Executive Order No. 21-20 (Apr. 4, 2020), https://governor.wv.gov/Documents/2020%20Executive%20Orders/SKM_C335120040508170.pdf; State of West Virginia, Executive Department, Executive Order No. 20-20 (Apr. 3, 2020), https://governor.wv.gov/Documents/2020%20Executive%20Orders/SKM_C335120040318090.pdf.

[7] Administrative Order, Supreme Court of Appeals of West Virginia (Apr. 3, 2020), http://courtswv.gov/covid19/JudicialEmergencyDeclaredAmendedOrder4-3-20.pdf.

(continued…)

This litigation is undoubtedly very important, and the parties continue to make progress with discovery even in the face of an unprecedented public health crisis. However, as explained more fully below, already tight case deadlines are becoming more difficult to meet. Defendants have filed a motion to compel production of documents from key custodians that Plaintiffs have refused to turn over. While Plaintiffs continue to make progress in producing documents, critical gaps remain in their productions. And it appears likely that numerous third parties—which possess documents that are critical to this case—will be unable to produce documents and data early enough for depositions and expert discovery, given the current case schedule.

## I. Defendants' Pending Motion to Compel

The Special Master granted in part Defendants' motion to compel further discovery responses on March 24, 2020. *See* Dkt. 248.[8] As previewed in Defendants' first discovery status report, Dkt. 247 at 4, Defendants filed a motion to compel production of certain custodians' files on April 6, 2020. Dkt. 283. This motion seeks production of two categories of documents. *First*, the City of Huntington has refused to produce custodial documents from six individuals whom the *City itself* specifically identified as likely to possess relevant materials and knowledge. *See* Dkt. 284 at 2-10. *Second*, Cabell County has refused to produce any documents from the Cabell County Prosecuting Attorney's office, arguing that the production would be cumulative and burdensome. *Id.* at 10-13. The County's position is inconsistent with Discovery Ruling No. 1, in which the Special Master ordered production of documents from the Prosecuting Attorney's Office. *See* Dkt. 248 at 6. The County has not substantiated its burden objections, raises no privilege issues, and does not dispute that the documents are highly relevant. *See* Dkt. 284 at 12-13.

---

[8] Plaintiffs falsely claimed in their Joint Discovery Status Report that the Special Master "reject[ed] all sixteen components" of Defendants' motion to compel. Dkt. 254 at 1. Defendants trust that Plaintiffs will review the Special Master's ruling and promptly supplement their responses accordingly.

## II.    Plaintiffs' Production of Documents

As Defendants predicted, Plaintiffs' first status report touted the number of documents produced, without placing those numbers into context or clarifying what additional documents they intend to produce. Dkt. 254 at 2. The reality is that Plaintiffs have yet to produce *a single document* from 27 of the custodians whose files they have agreed to produce.[9] The custodians whose files remain incomplete include key witnesses in this matter, such as Hank Dial, the most recent Chief of the Huntington Police Department, and Paul Hunter, a Sergeant with the Huntington Police Department and the head of its Narcotics Unit.

There are even more issues with respect to the custodial files that Plaintiffs have represented *are* substantially complete. For example, Plaintiffs have produced fewer than 50 documents for 34 of their custodians—24 of whom are supposedly substantially complete.[10] Defendants detailed some of these issues in a letter to Plaintiffs on March 27, 2020, which identified priority custodians whom Defendants intend to depose and raised issues with respect to Plaintiffs' productions. Defendants have asked that Plaintiffs take meaningful steps to correctly identify, collect, and produce all relevant materials from the custodians at issue, or explain why no other materials are available. Cabell County responded to Defendants' letter on April 2; Huntington has not yet responded. A few examples of these gaps are:

- Cabell County has been unable to locate any custodial files for a number of witnesses, including Tom McComas and Kim Wolfe, both former Sheriffs of Cabell County. Cabell County has represented that "certain data" of Sheriff McComas' was lost in

---

[9] Production statistics in this Status Report are current as of April 1, 2020.

[10] Eight of those that remain incomplete are custodians from the Cabell-Huntington Health Department, which Plaintiffs initially treated as a party entity before changing course. *See* Dkt. 247 at 4.

(continued…)

2016; the County has not explained why the loss of "certain data" has resulted in zero responsive documents.

- Cabell County has produced only 24 documents from the custodial files of Doug Ferguson, former Chief Deputy of the Cabell County Sheriff's Office.[11] The files produced are comprised only of newsletters and other immaterial correspondence. Cabell County listed Chief Deputy Ferguson as a person likely to have discoverable information in this matter.

- Cabell County has produced only 253 documents from the custodial files of Nancy Cartmill, who has served as a Cabell County Commissioner from 2006 to the present.[12] The documents produced are comprised of newsletters and other immaterial correspondence. Cabell County listed Commissioner Cartmill as a person likely to have discoverable information in this matter.

- Huntington has produced only *four documents* from the custodial files of Kim Wolfe, who served in a critical role as the Mayor of Huntington. Cabell County has produced no documents from Mr. Wolfe's files, who is also a former Cabell County Sheriff, and has represented that no custodial files exist, likely because he completed his tenure as Sheriff in 2009.

By contrast, other Plaintiff custodians have thousands of documents in their file. For example, Huntington has produced at least 2,471 documents from Connie Priddy, the Compliance

---

[11] Cabell County maintains that it has produced 51 documents from Chief Deputy Ferguson's files, but has not explained the reason for this discrepancy. In any event, either 24 or 51 documents is far fewer than expected, particularly given Chief Deputy Ferguson's seven-year tenure in the Sheriff's Office.

[12] Cabell County maintains that it has produced 280 documents from Commissioner Cartmill's files, but has not explained the reason for this discrepancy. In any event, either 253 or 280 documents is far fewer than expected, particularly given that Ms. Cartmill has been on the Cabell County Commission since 2006.

Officer and Quick Response Team Coordinator for Cabell County Emergency Medical Services, who has been in her present role since only 2017.  Defendants intend to seek additional information from Plaintiffs to understand the gaps in Plaintiffs' custodial productions.  However, if Plaintiffs are unable or unwilling to provide this information, motions practice may be necessary.  In order for depositions to proceed efficiently, Defendants require certainty that all relevant custodial and departmental documents for a particular custodian have been produced in advance of the deposition.

Defendants have additionally requested some indication from Plaintiffs as to when they will complete production of non-custodial departmental files.  Huntington has not yet represented that it has substantially completed non-custodial departmental files.[13]

## III.  Third-Party Discovery

As Defendants have previously explained, third parties possess critical documents in this case.  Since submitting their first Discovery Status Report, Defendants have served subpoenas on an additional two third parties.  Defendants served discovery on the United States Drug Enforcement Administration on February 21, 2020.  To date, DEA has refused to provide any substantive response to these requests.  It appears that Defendants and DEA have reached an impasse.  As a result, Defendants may be forced to seek intervention from the Court.

As Defendants informed the Court in their first Discovery Status Report and their Opposition to Plaintiffs' Motion for a Bench Trial Management Order, numerous third parties have notified Defendants of issues in responding to subpoenas resulting from the COVID-19 pandemic.  Unsurprisingly, given the course of the pandemic, these difficulties have not subsided over the last

---

[13] Cabell County represented on April 2 that it is substantially complete with its document productions for "all custodians and departments," with the exception of two custodians. Defendants continue to review Plaintiffs' productions and will promptly notify Plaintiffs of any apparent gaps in the productions.

two weeks.  Many of these difficulties are described in Defendants' Opposition to Plaintiffs' Motion for a Bench Trial Management Order.  *See* Dkt. 258 at 6-8.  Additionally, on March 30, the West Virginia Office of the Insurance Commissioner ("WVOIC") and the Public Employees Insurance Agency ("PEIA") filed motions to quash.  *See* Dkt. 259, 260, 261, 262.  Both agencies informed the Court that "[c]ompliance with the subpoena under its current time restraints would jeopardize the [agency's] ability to fully respond to Covid-19 issues." Dkt. 261 at 5; Dkt. 262 at 3.[14]

Defendants have no desire or intent to force WVOIC, PEIA, or any other government agency to prioritize this litigation over combating the COVID-19 pandemic.  However, and as an unavoidable consequence, Defendants are increasingly concerned that it will not be possible to complete third-party written document discovery by April 30, 2020, and fact depositions by June 15, 2020.  For example, Defendants are unable to travel to the offices of the West Virginia Board of Pharmacy to physically inspect documents.  Similarly, the Board of Pharmacy is not able to determine whether custodial records exist on physical media until employees can return to the office.  The current schedule may necessarily require adjustments in these deadlines until after the COVID-19 pandemic has subsided and it becomes more realistic to complete this essential third-party discovery.

### IV.   Deposition Scheduling

As Defendants discussed above, they sent a letter to Plaintiffs on March 27, 2020, notifying Plaintiffs of their intent to depose certain priority witnesses.  Cabell County responded to that letter on April 2; Huntington has not yet responded.  Defendants remain focused on obtaining complete

---

[14] As the motions themselves state, there is no active dispute regarding the subpoenas because good-faith negotiations about the scope of the subpoenas and the time for compliance are ongoing. Dkt. 261 at 4.  *See* Dkt. 281-282 (Defendants' responses to motions to quash).

production of custodial files and departmental files for those priority witnesses, as it is not feasible to move forward with depositions until those productions are complete. Depositions of third-party witnesses are also infeasible at this stage given the delays in third-party document production discussed above. Further, the COVID-19 pandemic will continue to disrupt the parties' ability to prepare and present witnesses for deposition.

*     *     *

Defendants require crucial discovery from Plaintiffs and third parties. They have made progress in this discovery over the last two weeks, but third-party document discovery, in particular, continues to be significantly impeded by the COVID-19 pandemic. The Special Master has ordered Plaintiffs to supplement their responses to several threshold discovery requests, and a motion to compel production of key Plaintiffs' custodial files is now pending. Defendants continue to doubt that Plaintiffs will complete document discovery in a timely fashion. The obstacles in completing third-party document discovery are particularly severe. These factors in turn will unavoidably delay depositions and require adjustments in the remainder of the litigation schedule.

Respectfully Submitted,

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
Jason L. Holliday (WVSB #12749)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200
jwakefield@flahertylegal.com
jholliday@flahertylegal.com

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street
Suite 1800

Louisville, Kentucky 40202
Telephone: (502) 587-3400
Facsimile: (502) 587-6391
cbrowning@stites.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

***AmerisourceBergen Drug Corporation***
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com