

State of West Virginia
Office of the Attorney General
Tax & Revenue, Court of Claims and Transportation Division
1900 Kanawha Blvd East
Building 1, Room W-435
Charleston, WV 25305

Patrick Morrisey  (304) 558-2522
Attorney General  Fax (304) 558-2525

April 7, 2020

Jeffrey M. Wakefield  *via email to JWakefield@flahertylegal.com*
Flaherty Sensabaugh Bonasso PLLC
P.O. Box 3843
Charleston, WV 25338

      Re:    **Subpoenas to the West Virginia Offices of the Insurance Commissioner in:**

            ***City of Huntington v. AmerisourceBergen Drug Corp. et al.*, 3:17-01362 (S.D. W.Va.)**

            ***Cabell County Comm'n v. AmerisourceBergen Drug Corp, et al.*, 3:17-01665 (S.D. W.Va.)**

Dear Mr. Wakefield:

      I write in response to your March 31, 2020 correspondence, which followed up on our March 18, March 25, and March 27 discussions regarding your document and testimony subpoenas served on the West Virginia Offices of the Insurance Commissioner ("WVOIC"). As you know, on March 30, 2020, the WVOIC filed a Motion to Quash your subpoenas on the basis that they fail to provide a reasonable time to comply, are unduly burdensome, and seek statutorily confidential information.

      While I appreciate your efforts to target your document requests, your March 31 letter does nothing to alleviate the unreasonable time for compliance. The Covid-19 pandemic continues to drastically impact WVOIC's operations. As of this date, all employees continue to work remotely or have been placed on administrative leave. Further, and as more thoroughly detailed in our Motion to Quash, many employees have been diverted from their usual functions to perform tasks related to Covid-19's heavy impact on the insurance industry. Your agreement to extend document production until April 18, 2020 – a time when Governor Justice's Stay at Home Order and President Trump's Coronavirus Guidelines for America will likely still be effect – does not resolve

Exhibit A

Page 2

the logistical hurdles impacting WVOIC. Further note that Kanawha County, the location of WVOIC's offices, has been placed on more restrictive stay at home directives. We again request that you extend the deadline for compliance to a period when WVOIC's staff has returned to their workspaces.

The WVOIC is additionally concerned as your letter does not formally step away from the overly broad scope of your subpoenas. The bulk of your targeted document requests are for the very materials that will necessitate the review of potentially millions of pages of claim files. In lieu of "all Documents" concerning various topics, are you willing to accept aggregate data? The provision of specific search terms would also be helpful as your commands are very broad.[1]

In regard to time frame, you have proposed limiting WVOIC's initial compliance to a time period of 2010 to present while reserving the right to later seek responsive documents dating back to 1996. Breaking down the compilation of data into two time tranches will result in additional burden being placed upon the WVOIC. Therefore, we would request a firm commitment on the applicable time frame.

As to documents in the possession of third parties, the WVOIC has contracted with various third party administrators during the past two decades. Therefore, the applicable third party administrators depend upon the timeframe of the request. Once we receive a firm time commitment as requested above, we can further discuss.

In regard to privilege and confidentiality, the WVOIC is aware of and has reviewed the Protective Order. However, the order does not resolve issues with the production of confidential investigation materials. *See* W. Va. Code § 33-2-19; W. Va. Code § 33-2-9; W. Va. Code § 33-41-7; and W. Va. Code § 23-1-4. Further, as detailed in our Motion to Quash, the lack full access to files by WVOIC employees due to the evolving Covid-19 pandemic results in the WVOIC being unable to definitively determine what materials may or may not be subject to production due to statutory confidentiality provisions.

WVOIC appreciates your willingness to narrow the requested documents. However, the timeline for compliance remains unreasonable due to logistical constraints causes by the ongoing and evolving Covid-19 pandemic. I look forward to hearing back from you regarding a more reasonable timeframe and a firm commitment on narrowing the scope of your subpoenas.

Very truly yours,

*Cassandra J. Means*

Cassandra L. Means
Assistant Attorney General

Cc: Erin Hunter, WVOIC Deputy Commissioner/General Counsel

---

[1] While search terms may offer assistance for electronic information, some of the WVOIC's records – as detailed in the Motion to Quash – are on microfiche and/or unsearchable scanned files.