UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**

    **Plaintiff,**

v.                                                                                                          Civil Action No. 3:17-01362

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

AND

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

v.                                                                                                          Civil Action No. 3:17-01665

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

## WEST VIRGINIA PUBLIC EMPLOYEES INSURANCE AGENCY'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAS

West Virginia Public Employees Insurance Agency ("PEIA") files this Reply to Defendants' response in opposition to PEIA's motion to quash two subpoenas issued on March 17, 2020, on behalf of McKesson Corporation. PEIA maintains that the subpoenas: (1) are overly broad and burdensome, (2) seek statutorily-protected and confidential information, and (3) fail to provide a reasonable time to respond.

In Defendants' Response to Non-Party West Virginia Public Employees Insurance Agency's Motion to Quash Subpoenas ("Response," ECF Document 282), Defendants assert that

they have adequately alleviated the overly burdensome requests and time constraints of the subpoenas at issue by virtue of the March 31, 2020 correspondence from Defendants' counsel purporting to "narrow" the scope of the subpoenas. *Exhibit A* to Response. Defendants further assert that PEIA's concerns regarding the statutorily-protected confidential information sought by the subpoenas are unfounded. *Id*. As set forth below, Defendants' assertions are incorrect and PEIA's Motion to Quash should be granted.

First, with respect to the unreasonableness of the time for compliance, it is PEIA's estimate that it will take 4-6 months to gather documents responsive to the subpoenas, even if our State and Country were not in the middle of the Covid-19 pandemic which continues to significantly impact PEIA's operations. *See* Affidavit of Thomas D. Miller, Exhibit C to Motion to Quash. The March 31, 2020 correspondence from Defendants' counsel extending the response deadline to April 18, 2020, does not alleviate the unreasonableness of the time for compliance, which was brought to the attention of Defendants' counsel in the April 7, 2020 correspondence attached hereto as Exhibit A. Rule 45(c)(3)(i) of the Federal Rules of Civil Procedure provides that the Court "*must* quash or modify a subpoena that fails to allow a reasonable time to comply." (emphasis added). Accordingly, PEIA's Motion to Quash should be granted.

Second, with respect to the overly broad scope of the subpoenas, many of the document requests set forth in the March 31, 2020 correspondence from Defendants' counsel will necessitate PEIA's review of potentially millions of documents, and many of the requested documents are available from another source. For instance, PEIA's organizational structure and other information requested in the subpoenas is readily available on the West Virginia Secretary of State's website.

Significantly, PEIA is a non-party to this litigation. In general, subpoenas seeking relevant information can be quashed where compliance is unduly burdensome or where the potential harm

caused by production outweighs the benefit. *See In re: Modern Plastics Corporation*, 890 F.3d 244, 251 (6th Cir. 2018), cert. denied, 139 S. Ct. 289, 202 L. Ed. 2d 136 (2018) (Courts must "balance the need for discovery against the burden imposed on the person ordered to produce documents,"). Subpoenas seeking information from non-parties, such as PEIA, are subject to an even higher standard. *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). (In determining whether to quash a subpoena served on a non-party, "Courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally.") That is particularly the case when the information requested is available from another source. *Id.* (In deciding whether to enforce subpoena seeking information from a non-party, "Courts should also consider what information is available to the requesting party from other sources.") Here, as set forth above, PEIA is a non-party, the information sought is unduly burdensome and the potential harm outweighs the benefit under the balancing standard, and much of the information requested is available from other sources. Accordingly, PEIA's Motion to Quash should be granted.

Third, with respect to statutorily-protected and confidential information that the subpoenas seek, the Defendants' Response asserts that a Protective Order alleviates any confidentiality concerns under HIPAA. However, the Response and Protective Order referenced therein fail to address the confidentiality statutes mentioned in PEIA's Motion to Quash: W. Va. Code § 5-16-9 (All pharmacy data and information shall be considered proprietary and confidential and exempt from disclosure); and W. Va. Code § 5-16-12a (Only authorized employees or agents shall have access to confidential data or systems and applications containing confidential data within the Public Employees Insurance Agency.). Accordingly, PEIA has concerns about releasing information that fall under the aforementioned statutes, and its Motion to Quash should be granted.

In summary, based on the foregoing and the reasons set forth in its Motion to Quash, PEIA respectfully requests that its motion be granted on the grounds that the subpoenas at issue are (1) overly broad and burdensome, (2) seek statutorily-protected and confidential information, and (3) fail to provide a reasonable time to respond.

DATED: April 9, 2020

**Respectfully submitted,**

**WEST VIRGINIA PUBLIC EMPLOYEES INSURANCE AGENCY**

**By Counsel,**

**PATRICK MORRISEY**
**ATTORNEY GENERAL**

/s/Andrew L. Ellis
**ANDREW L. ELLIS (WVSB # 10618)**
West Virginia Attorney General's Office
Building 1, Room W-435
Charleston, West Virginia  25305
304-558-2522
Fax: 304-558-2525
Email: Andrew.L.Ellis@wvago.gov

4

## **CERTIFICATE OF SERVICE**

I, Andrew L. Ellis, Assistant Attorney General, do hereby certify that on April 9, 2020, the foregoing "*West Virginia Public Employees Insurance Agency's Reply to Defendants' Response in Opposition to Motion to Quash Subpoenas*" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties and counsel of record.

/s/ Andrew L. Ellis
**ANDREW L. ELLIS (WVSB# 10618)**
**ASSISTANT ATTORNEY GENERAL**
West Virginia Attorney General's Office
Building 1, Room W-435
Charleston, West Virginia  25305
304-558-2522
Fax: 304-558-2525
Email: Andrew.L.Ellis@wvago.gov