

State of West Virginia
Office of the Attorney General
Tax & Revenue, Legislative Claims Commission and Transportation Division
1900 Kanawha Blvd East
Building 1, Room W-435
Charleston, WV 25305

Patrick Morrisey (304) 558-2522
Attorney General Fax (304) 558-2525

April 7, 2020

Jeffrey M. Wakefield  *via email to JWakefield@flahertylegal.com*
Flaherty Sensabaugh Bonasso PLLC
P.O. Box 3843
Charleston, WV 25338

**Re:   Subpoenas to the WV Public Employees Insurance Agency in:**

*City of Huntington v. AmerisourceBergen Drug Corp. et al.*, **3:17-01362 (S.D. W.Va.)**

*Cabell County Comm'n v. AmerisourceBergen Drug Corp, et al.*, **3:17-01665 (S.D. W.Va.)**

Dear Mr. Wakefield:

I am in receipt of and thank you for your March 31, 2020 correspondence concerning the above-referenced subpoenas issued to the West Virginia Public Employees Insurance Agency (PEIA). As you are aware, PEIA filed a Motion to Quash the subpoenas on the basis that they fail to provide a reasonable time to comply, are unduly burdensome, and seek statutorily confidential information. Your March 31, 2020 correspondence does not resolve those issues.

First, with respect to the unreasonableness of the time for compliance, it is PEIA's estimate that it will take 4-6 months to gather documents responsive to the subpoenas, even if our State and Country were not in the middle of the Covid-19 pandemic which continues to significantly impact PEIA's operations. Accordingly, PEIA requests that you extend the timeframe for responding to the subpoenas to no earlier than August 31, 2020.

Second, with respect to the overly broad scope of the subpoenas, many of the document requests set forth in your March 31, 2020 correspondence are still very vague and will necessitate the review of potentially millions of documents. There are many things that could be done to

Page 2

reduce the volume of the documents being sought. For instance, providing a list of the specific NDC codes you would like PEIA to run reports on. In addition, much of the information requested is available in PEIA's Summary Plan Document which is published on the Secretary of State's website. Based on the foregoing, PEIA requests that you narrow your requests by providing specific NDC codes and eliminate requests that are for information contained in PEIA's Summary Plan Document.

Third, with respect to statutorily protected and confidential information that the subpoenas seek, PEIA has reviewed the referenced Protective Order, but as set forth in its Motion to Quash, PEIA is not comfortable producing information specifically prohibited by statute.

Please let me hear from you after you have had an opportunity to review this correspondence so that we can further discuss a mutually agreeable way for PEIA to respond to the subpoenas. I look forward to hearing from you.

Yours very truly,

Andrew L. Ellis
Assistant Attorney General

Cc: William B. Hicks, Esquire