UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| **CITY OF HUNTINGTON, WEST VIRGINIA,**<br><br>      Plaintiff,<br><br>v.<br><br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.**<br><br>      Defendants. | **CASE NO. 3:17-CV-01362** |
| **CABELL COUNTY COMMISSION,**<br><br>      Plaintiff,<br><br>v.<br><br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.**<br><br>      Defendants. | **CASE NO. 3:17-CV-01665** |

**DEFENDANT MCKESSON CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF TIMOTHY ASHWORTH**

Defendant McKesson, Corporation ("McKesson") respectfully submits this memorandum of law in opposition to Plaintiffs' motion to compel a second deposition of Timothy Ashworth.

I.     **INTRODUCTION**

Plaintiffs seek to compel a second deposition of Timothy Ashworth, a Retail Sales Manager for McKesson with territory that includes Cabell County and the City of Huntington. Mr. Ashworth was previously deposed in the action brought by the State of West Virginia that included allegations that substantially overlap with those that have been asserted in this action. In his prior deposition, Mr. Ashworth was already questioned about facts relevant to this action, including his role as a Retail Sales Manager for customers in West Virginia, including customers in Cabell

County and Huntington, and McKesson's Washington Court House Distribution Center that distributes opioids and other products to those customers. Ashworth Depo at 22:24–23:1. Plaintiffs' request should accordingly be denied.

If a second deposition of Mr. Ashworth is nonetheless permitted, it should be delayed until the health crisis associated with the COVID-19 pandemic passes and production of Mr. Ashworth's ESI custodial files has been completed. In addition, any second deposition should be limited to two hours – this is sufficient time given the topics already covered in Mr. Ashworth's first deposition and the small number of McKesson retail pharmacy customers – 23 in total – in Cabell County and Huntington.

For these reasons, McKesson Corp. respectfully requests that Plaintiffs' motion to compel a second deposition of Mr. Ashworth be denied, or at a minimum, that any second deposition be deferred and limited to two hours.

II. **ARGUMENT**

McKesson was sued by the State of West Virginia in an action brought by the Attorney General. Mr. Ashworth was deposed on June 26, 2018 in that action. McKesson produced the transcript of Mr. Ashworth's deposition along with the exhibits to the deposition in MDL 2804 on December 18, 2018; Plaintiffs in these actions have long had access to Mr. Ashworth's deposition transcript, deposition exhibits, and portions of his custodial files from the West Virginia Attorney General action.

Mr. Ashworth should not be required to sit for a deposition again, as the allegations in the West Virginia Attorney General action substantially overlap with the allegations in this case. Exactly as in this matter, the State of West Virginia's complaint sought relief for claims of public nuisance, negligence, violations of the West Virginia Controlled Substance Act, and unjust enrichment—all allegedly tied to McKesson's distribution of opioids in West Virginia. *Compare*

Joint and Third Am. Compl. at 421–431, 450–462 *with State of West Virginia v. McKesson*, Am. Compl. at 43–58 (Ex. A to this opposition).

Given the overlapping claims, it is hardly surprising that Mr. Ashworth's June 2018 deposition covered topics that are at issue in this case.  Mr. Ashworth was questioned about his duties as a Retail Sales Manager based out of McKesson's Washington Court House Distribution Center, *e.g.*, Ashworth Depo. at 11:21–23:15, 46:23–47:22; training, *e.g.*, *id.* at 33:12–34:8, 46:2–46:22, 54:16–55:18, 212:18–213:9, 272:12–274:1; compensation structure, *e.g.*, *id.* at 34:9–36:10, 91:20–92:24, 102:22–103:14, 119:9–120:3; customer onboarding and questionnaires, *e.g.*, *id.* at 42:12–43:14, 59:13–59:21, 78:6–78:14, 93:17–98:8, 128:21–133:18; conducting customer site visits, *e.g.*, *id.* at 83:2–87:9, 185:16–186:9, 268:14–269:18; rebate structures, *e.g.*, *id.* at 29:1–30:20, 98:9–102:21, and his familiarity with various products that McKesson distributes, including opioids, *e.g.*, *id.* at 77:4–77:14, 109:15–110:12, 235:23–236:3.  He also testified about his knowledge of McKesson's Controlled Substance Monitoring Program, threshold monitoring, and the relationship between sales and the McKesson Regulatory Affairs teams. *E.g.*, *id*. at 38:12–46:22, 48:13–59:21, 83:16–98:8, 252:12–255:8, 257:20–264:19.  Much of this testimony focused on how Mr. Ashworth performed his job in his designated territory, which includes Cabell County and the City of Huntington.  *Id.* at 22:24–23:1.  The testimony that Mr. Ashworth provided regarding how he generally conducted site visits, onboarded customers, completed customer questionnaires, communicated with customers about rebates, and interacted with members of the McKesson Regulatory Affairs team is equally applicable to customers he served in Cabell County and Huntington.  Plaintiffs possess the December 2018 deposition transcript; there is no need to retread that same ground with a second deposition.  Plaintiffs' request for a deposition should therefore be denied.

3

Should a second deposition be ordered, it should not proceed before potentially relevant materials have been produced.  As Plaintiffs are aware, McKesson is in the process of reviewing documents in Mr. Ashworth's not-yet-produced ESI files based on a broader set of "all-states" search terms and responsiveness guidelines.  In fact, Plaintiffs' motion states that they intend to question Mr. Ashworth about not-yet-produced documents.  (Pl. Br. at 3 ("additional documents have just been produced that are relevant to Mr. Ashworth, and more may be forthcoming").  McKesson expects to complete substantial production of documents from Mr. Ashworth's custodial files by April 30, 2020.  Since the current deadline to complete fact depositions is June 15, 2020, any second deposition should follow production of Mr. Ashworth's custodial files.

In addition, any second deposition of Mr. Ashworth should not proceed during the unprecedented public health emergency facing the United States.  Public health officials at the highest levels have recommended avoiding non-essential travel until at least the end of April and have acknowledged that this recommendation may need to be extended.  In West Virginia, since declaring a state of emergency on March 16, 2020, Governor Justice has issued over 20 executive orders aimed at halting and delaying the spread of the novel coronavirus.  These include orders mandating that individuals not performing essential activities stay at home, Executive Order No. 9-20, March 24, 2020, and imposing a mandatory 14-day isolation period for all individuals traveling to West Virginia from areas with substantial community spread, Executive Order No. 14-20, March 30, 2020.  Last week, the Governor postponed the primary election in West Virginia from May 12, 2020 to June 9, 2020, because the May date was too close in proximity to heath experts' current estimates of "an apex for the number of cases occurring in West Virginia."

Executive Order No. 18-20, April 1, 2020.  Plaintiffs cannot credibly argue that Mr. Ashworth's deposition is an essential activity that would justify that he sit for a second deposition at this time.[1]

Finally, if a second deposition of Mr. Ashworth is permitted, McKesson requests that it be limited to two additional hours.  Mr. Ashworth has already testified regarding numerous topics of interest to Plaintiffs in these actions, including his knowledge of McKesson's Controlled Substance Monitoring Program, customer questionnaires, threshold change requests, rebates, and interactions between sales personnel and the McKesson Regulatory Affairs team.  *See supra* pp. 2–3.  Plaintiffs previously admitted that they did not require the full seven hours to depose Mr. Ashworth, instead proposing that they proceed with a five-hour limit.  Pls. Mot. to Compel, Ex. B at p. 3.  But even five hours is more time than is warranted under the circumstances.

Moreover, McKesson has only had 23 retail pharmacy customers in Cabell County and Huntington between October 1, 2004 and December 31, 2018.[2]  Even if Plaintiffs in these actions seek testimony from Mr. Ashworth about these customers, they should be able to conduct that examination in two hours.

---

[1] To the extent Plaintiffs request to move forward with a remote deposition, such request should be denied.  Numerous logistical issues weigh against a remote deposition, including the adequacy (or inadequacy) of the participant's home technology, limited bandwidth availability capable of streaming a remote deposition, whether a home deposition is compatible with the witness' family responsibilities (such as the care of children or elderly family members), challenges relating to the use of exhibits, and other practical challenges.  It will also be difficult, if not impossible, for Mr. Ashworth to have meaningful access to counsel, particularly when such counsel is prohibited from being present with him during the deposition or in advance of the deposition.  It is unreasonable to require a witness to prepare or sit for a deposition without the personal presence of counsel.

[2] McKesson has identified customers based on the transactional data that is still available which goes back to October 1, 2004.  It has identified a total of 28 customers in Cabell County and Huntington, but one is a Veterans Administration facility and four are non-retail hospitals and hospital pharmacies.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel the deposition of Mr. Ashworth should be denied. If a second deposition is permitted, it should be scheduled to follow production of Mr. Ashworth's custodial files and to account for the current public health crisis, and it should be limited to two additional hours.

Respectfully submitted,

**McKesson Corporation**
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
Jason L. Holliday (WVSB #12749)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Tel: (304) 345-0200
jwakefield@flahertylegal.com
jholliday@flahertylegal.com

Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
Megan A. Crowley
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com
mcrowley@cov.com

Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
Tel: (502) 587-3400
Fax: (502) 587-6391
cbrowning@stites.com