## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON and
CABELL COUNTY COMMISSION,**

**Plaintiffs,**

**v.**                                                    CIVIL ACTION NO. 3:17-01362

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

**Defendants.**

_____

### NOTICE OF INTENT TO SERVE SUBPOENA

Please take notice that pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiffs City

of Huntington and Cabell County Commission, by and through undersigned counsel, will cause

the attached subpoena to be duly served on **Thorsen French Advocacy, LLC** as soon as

practicable.

Accompanying this Notice, please find a copy of the aforementioned subpoenas, together

with the attached Exhibit A. The documents are to be produced on or before April 24, 2020, unless

the records custodian reasonably requires and requests additional time for compliance.


Dated: April 10, 2020                          Respectfully Submitted,

                                               By: /s/ *Natalie Deyneka*
                                               Natalia Deyneka (WVSB No. 12978)
                                               **MOTLEY RICE LLC**
                                               28 Bridgeside Blvd.
                                               Mount Pleasant, SC 29464
                                               Tel:  843-216-9000
                                               Fax:  843-216-9450
                                               ndeyneka@motleyrice.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of April, 2020, the foregoing was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ *Natalie Deyneka*
Natalia Deyneka (WVSB No. 12978)
**MOTLEY RICE LLC**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of West Virginia

| | |
|---|---|
| The City of Huntington, West Virginia, et. al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:17-cv-01362 |
| AmerisourceBergen Drug Corporation, et. al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     Thorsen French Advocacy LLC,
                 405 First Street, SE, Washington DC 20003

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attached Exhibit A and correponding Case Management Order.

| Place: Motley Rice LLC<br>401 9th St NW Suite 1001,<br>Washington, DC 20004 | Date and Time:<br><br>04/24/2020 1:35 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/10/2020

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
City of Huntington and Cabell County Commission                    , who issues or requests this subpoena, are:
Anne Kearse, Motley Rice LLC, 28 Bridgeside Blvd, Mt. Pleasant, SC 29464; akearse@motleyrice.com; 843-216-9140

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:17-cv-01362

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A
# SUBPOENA TO THORSEN FRENCH ADVOCACY LLC

**TO:    Thorsen French Advocacy LLC**
**405 First Street, SE**
**Washington DC 20003**

## INSTRUCTIONS

1.  Except as otherwise provided in these instructions, this Subpoena requires production of **All Documents and** records responsive to one **or** more of the specifications set out below which are in **Your** possession, custody **or** control, **or** any entity associated therewith, regardless of where located. **All Documents and** records are to be in their original form, **and** are to include **All** marginalia **and** attached notes, as well as any attachments referred to **or** incorporated by the **Document or** record.

2.  The Relevant Time Period for this Subpoena is January 1, 2006, until present.

3.  For each **Document** that **You** produce, produce the current version together with **All** earlier editions **or** predecessor **Documents** during the **Relevant Time Period**, even though the title of earlier **Documents** may differ from current versions. Format for **Documents** produced electronically:

    (a)    Data shall be produced in single page TIFFs at a 300 DPI resolution, which are named for the Bates Number of the page. There shall be no more than 1000 images per folder. Bates numbers, confidentiality designations, **and** redactions shall be burned into the TIFF image file so as not to unreasonably obstruct any information on the page.

    (b)    **Document** Unitization. Each page of a **Document** shall be electronically converted into an image as described above. If a **Document** is more than one page, the unitization of the **Document and** any attachments **and/or** affixed notes shall be maintained as it existed in the original when creating the image file **and** appropriately designated in the load files. The corresponding parent/attachment relationships, to the extent possible, shall be provided in the load files furnished with each production.

    (c)    Include **Document** level text files containing optical character recognition ("OCR") **or** extracted text named with the Bates Number of the first page of the **Document**.

    (d)    Include data load files containing **All** of the metadata fields (both system **and** application — see list below) from the original Native **Documents** with extension.dat for Concordance.

(e)     Include the database field name in the first line of the metadata file, in such a manner that it is clear how the metadata is organized in the file.

(f)     Include an image loadfile for Concordance — such as .opt.

(g)     **All** hidden text *(e.g.,* track changes, hidden columns, comments, notes, etc.) shall be expanded, extracted, **and** rendered in the .TIFF file.

(h)     **Documents** created in Excel (spreadsheets), .CSV files, Access (databases), **and** audio **and** video media files shall be produced in Native format. The extractable metadata **and** text shall be produced in the same manner as other **Documents** that originated in electronic form (as described herein) to the extent that metadata exists **or** is reasonably accessible.

(i)     Email attachments **and** embedded files **or** links shall be mapped to their parent.

(j)     De-duplicate prior to production. To the extent that exact duplicate **Documents** (based on MD5 **or** SHA-1 hash values at the **Document** level) reside within a party's data set, each party is only required to produce a single copy of a responsive **Document**, so long as there is a data field that identifies each custodian who had a copy. In addition, **Documents** may be de-duplicated in such a way as to eliminate earlier **or** incomplete chains of emails, **and** produce only the most complete iteration of an email chain so long as there is a data field that identifies each custodian who had a copy.

2

REQUIRED METADATA FIELDS:

| | |
|---|---|
| BEGDOC | ENDDOC |
| BEGATTACH | ENDATTACH |
| ATTCOUNT | ATTACH |
| CUSTODIAN | AUTHOR |
| FROM | TO |
| CC | BCC |
| FILESIZE | PGCOUNT |
| DATERECD | TIMERECD |
| DATESENT | TIMESENT |
| CRTDATE | CRTTIME |
| LASTMODDATE | LASTMODTIME |
| LASTACCDATE | LASTACCTIME |
| TITLE | SUBJECT |
| EMAILSUBJECT | FILENAME |
| FILEEXT | MD5HASH |
| ORGANIZATION | FULLPATH |
| RECORD TYPE | VERSION |
| VOLUME | COMMENT |
| PRINTEDDATE | ENTRYID |
| ATTLST | ITEMTYPE |
| PSTINSIDEPATH | f EMCREATIONTI1V1E |
| REQATTANDEES | REMINDERTIME |
| REPLYTIME | APPOINTMENTSTARTDATE |
| APPOINTMENTDURATIONTIME | APPOINTMENTCONTACT |
| CATEGORY | KEYWORDS |
| MANAGER | LASTAUTHOR |
| ENCRYPTED | FAMILYDATE |
| NATIVELINK | TEXTPATH |
| REQUESTNO | |

4.    **All Documents** requested by this Subpoena shall be produced in the manner in which they are **or** have been maintained in the ordinary course of business. If, by way of illustration, **Documents and** records requested by this Subpoena are **or** have been maintained in a folder, the **Documents and** records produced shall be delineated in a way that identifies the **Documents'** boundaries **and** the original folder that contained them.

5.    A request that seeks information contained in whole **or** in part within a **Document**, **or** that seeks the **Identification** of any **Document**, may be answered by furnishing a copy of such **Document**, identifying the **Document and** specifying the portion of the **Document** containing the requested information.

3

6.    **All Documents** must be Bates-numbered, **or** otherwise consecutively numbered **and** shall **Identify** the corresponding Request to which each **Document or** group of **Documents** corresponds. Failure to comply with this instruction shall be deemed a failure to respond to the Subpoena.

7.    If **You** contend that this Subpoena requests **Documents** protected from disclosure by the attorney-client privilege, work-product doctrine, **or** for any other reason, provide the following information in the form of a privilege log for each **and** every **Document** withheld:

   a.    The reason for withholding the **Document**;

   b.    A statement of the basis for the claim of privilege, work product **or** other ground of nondisclosure; **and**

   c.    A brief description of the **Document**, including:

       i.    The date of the **Document**;

       ii.    The number of pages, attachments **and** appendices to the **Document**;

       iii.    The names of the **Document's** author, authors or preparers and an **Identification** by employment and title of each such **Person**;

       iv.    The name of each **Person** to whom was sent, shown **or** blind **or** carbon copied the **Document**, **or** has had access to **or** custody of the **Document**, together with an **Identification** of each such **Person**;

       v.    The present custodian; **and**

       vi.    The subject matter of the **Document**, **and** in the case of any **Document Related or Referring** to a meeting or conversation, **Identification** of such meeting **or** conversation.

8.    As a convenience, defined terms may be capitalized **and/or** in bold font, but the presence of absence of capitalization **or** bold font does not alter **or** change the meaning of such defined term.

9.    Each question shall be answered separately, fully, in writing **and** under oath.

10.   Exercise due diligence in answering each request.

11.   **You** have a continuing duty to update **Your** responses to this Subpoena.

12.   If any provision of this Subpoena is held to be invalid, unenforceable **or** void for any reason, that provision shall be severed from the remaining provisions.

## DEFINITIONS

1.    "**All**" means each **and** every.

2.    "**And**" **and** "**or**" shall be construed conjunctively **and** shall not be interpreted disjunctively to exclude any information otherwise within the scope of the request.

3. "**Communications**" is defined as broadly as possible **and** includes, but is not limited to, **All** conversations, meetings, discussions **and** other occasion for verbal exchange, whether in **Person or** by telephone, as well as **All** letters, e-mails, memoranda, telegrams, cables **All** other written **and** electronic **Communications**.

4. "**Document[s]**" means **All** writings of any kind, **including** the originals **and All** non-identical copies, whether different from the originals by reason of any notation made on such copies **or** otherwise, **including**, but not limited to, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, certificates, drawings, plans, interoffice **and** intra-office **Communications**, **or** offers, notations, in any form made of conversations, telephone calls, meetings **or** other **Communications**, bulletins; electronic **Documents and** attendant metadata, printed matter (**Including** newspapers, magazines **and** other publications, **and** articles **and** clippings therefrom), press releases, computer printouts, teletypes, telecopies, electronic mail, invoices, ledgers, worksheets, **and All** drafts, alterations, modifications, changes **and** amendments of any of the foregoing; graphic **or** aural records **or** representations of any kind (**including** without limitation photographs, charts, graphs, **and** microfiche, microfilm, videotape, **or** film recordings); **and** electronic, mechanical **or** electrical records **or** representations of any kind (**including** without limitation computer data, computer files, tapes, cassettes, discs, recordings), **or** transcriptions thereof.

5. "**Identify**" **and** "**Identity**" and "**Identification**" as used to refer to a human being **or** human beings, means to state the **Person's** full name, present **or** last known address, telephone number, e-mail address **and** the **Person's** present **or** last known position **and** employment status with **You**. "**Identify**" as used to refer to an entity, means to state the type of entity, its full name, present **or** last known address **and** telephone number. "**Identify**" as used to refer to **Document[s]** means to state the type **and** nature of the **Document**, the author, the sender **and** the recipient of the **Document and** the date of the **Document**.

6. "**Including**" is used merely to emphasize that a request for certain types of **Documents or** information should not be construed as limiting the request in any way.

7. "**Person**" **and** "**Persons**" includes any individual, corporation, company, partnership, association **or** entity.

8. "**Opioids**" means **Opioid** analgesics that are used to treat chronic, non-cancer pain, and applies regardless of indications or limitations for use on the drugs' labels.

9. "**Related**" **and** "**Relating**" **and** "**Referring**" **and** "**Reflecting**" (**Including** any variant thereof), are used in their broadest possible sense to include anything that is associated

5

with, describes, **Documents**, discusses, pertains to, summarizes, sets forth, supports, substantiates, rebuts, analyzes, contains, identifies, shows, comments upon, touches upon, criticizes, annotates **or** mentions.

10.  **"Thorsen French Advocacy LLC" and** "**You**" **and** "**Your**" shall mean **Thorsen French Advocacy LLC and All** of its current **and** former operating centers, affiliates, agents, parents, officers, directors, predecessors, representatives, contractors, subcontractors, assigns **and Employees**.

11.  Use of the present tense shall be construed to include the past tense **and** vice versa, to make the request inclusive rather than exclusive.

## SPECIAL INSTRUCTIONS FOR PROPRIETARY DATABASES

Documents stored in proprietary databases should be produced in such a way that the data, information, and functionality of the original database(s) is not lost.

## SUBJECTS OF INQUIRY

1.  All Documents reflecting or related to Communications with the Healthcare Distribution Alliance ("HDA"), including its predecessor entities, Cardinal Health, Inc., McKesson Corporation d/b/a McKesson Drug Company, AmerisourceBergen Drug Corporation or any other distributor of Opioids regarding the regulation, enforcement, or perceptions regarding the distribution of Opioids.

2.  All Documents reflecting or related to proposed or actual work plans, presentations, talking points, white papers, or other work product provided to the HDA, Cardinal Health, Inc., McKesson Corporation d/b/a McKesson Drug Company, AmerisourceBergen Drug Corporation or any other distributor of opioids regarding legislation, regulation, enforcement, or perception regarding the distribution of Opioids.

3.  All Communications to and about efforts to lobby the Drug Enforcement Administration or any other executive, legislative, or administrative agency regarding the regulation, enforcement, or perceptions regarding the distribution of Opioids.

4.  All Communications regarding the House Transportation and Infrastructure Subcommittee on Economic Development, Public Buildings, and Emergency Management related to Opioids.

5.  All Communications relating to investigations and reports concerning controlled substances conducted by the United States Government Accountability Office (GAO).

6.  All Documents relating to the investigation and report by the Subcommittee on Oversight and Investigations of the Committee on Energy and Commerce of the United States House of Representatives ("Subcommittee") on the distribution of Opioids, with a specific focus on distribution practices in West Virginia.

7.  All Communications regarding or referencing whistleblowers or other persons involved in litigation against the manufacturers or distributors of Opioids.

8.  All Documents and Communications regarding or referencing the "Marino bill," The Ensuring Patient Access and Effective Law Enforcement Act, or any legislation that pertains to Opioids, including but not limited to legislation that restricts or weakens the enforcement power of the Drug Enforcement Administration.

9.  All Documents and Communications regarding or referencing suggested, potential or actual questions to ask members of United States Congress during hearings relating to Opioids or enforcement by the Drug Enforcement Administration, including but not limited to prescribing standards, pharmacy standards, distribution standards, and diversion.

10. All Communications regarding litigation, hearings, inquiries, or press reports relating to the distribution of Opioids.

11. All Documents, including all internal and external Communications, regarding your contributions to any "Crisis Playbook" or other crisis management materials developed by the HDA, APCO Worldwide, LLC, GMMB or other public relations firms, relevant to Opioids.

12. All Documents regarding any focus groups you convened regarding Opioids specifically or controlled substances generally.

13. All Documents constituting, regarding or otherwise referencing any contracts between you and HDA, Cardinal Health, Inc., McKesson Corporation d/b/a McKesson Drug Company, AmerisourceBergen Drug Corporation or any other distributor of Opioids.

14. All Documents previously produced by You to any party in any other litigation related to opioids.

15. All Documents produced by You to or provided by You to any regulator or governmental authority, including the Drug Enforcement Administration or the U.S. Department of Justice, concerning any litigation, investigation, inquiry, or subpoena related to Opioids.