UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*APPLIES TO ALL CASES.* | MDL No. 2804<br><br>Case No. 17-MD-2804<br><br>Special Master Cohen<br><br>ORDER ON DISCOVERY IN TRACK ONE CASES, AND AMENDING PRIOR ORDERS |

This Order shall govern the remainder of discovery proceedings in the Track 1 cases. Except as provided herein, all previous orders of the Court concerning such discovery remain in effect.

**Document Production**

1. The Parties shall substantially complete document discovery and certify substantial completion of all currently outstanding document production obligations by the deadlines set out in Case Management Order No. 7, as clarified with respect to later-added defendants in Special Master Cohen's email dated August 16, 2018. The parties shall make substantial rolling productions using reasonable best efforts to complete production as expeditiously as possible, with documents being produced at least every two weeks absent good cause, and shall not unreasonably delay the production of voluminous documents until the end of the production period. Each party shall continue to provide a weekly report on the status of its production as previously directed by the Special Master.

SF: 280862-3

2.      The Parties shall certify, by September 14, 2018, that their lists of custodians include those individuals whom they believe, based on a good-faith investigation (and, where applicable, negotiations with the opposing parties), are most likely to have non-cumulative discoverable information related both to the bellwether jurisdictions and (as to defendants) their national conduct.  Nothing in this provision shall be construed as abrogating the requirements of the Federal Rules of Civil Procedure or any agreement previously reached concerning any party's custodians.  Any new requests for additional party custodians should be made as soon as practicable and in no event later than October 1, 2018, absent good cause.  Requests made for custodial files for the first time after October 1, 2018, shall include a statement of reasons (a) why the requested witness's documents are needed and (b) why the witness was not previously identified as a custodian for production purposes.  A request for deposition of a witness, without a specific and timely request for production of the witness's custodial file, shall not itself require production of that file.  Disputes concerning custodians should be presented to the Special Master promptly.

3.      To the extent that information required by Case Management Order ("CMO") No. 3 (Document and Electronically Stored Information Production Protocol) has not been supplied for document productions made to date, the parties are reminded of their obligation to comply with CMO No. 3 and shall provide replacement productions by September 14, 2018.  Should a party contend that CMO No. 3 does not require production of complete source and custodian information for any portion of its production through the metadata supplied with the production, it shall supply that information in a different way (such as a list of sources by Bates range). Nothing in this paragraph shall require any modification or supplementation of prior productions re-produced in this proceeding pursuant to paragraph 9(k) of CMO No. 1.

4. Any party that serves a subpoena for documents on a third party shall make any documents produced in response to that subpoena, whether formally or informally in lieu of formal production, available to all parties on the Ricoh production site within seven days of processing of the documents by that party's e-discovery vendor; such documents shall be processed expeditiously for this purpose. Any documents previously received from such a third party and not previously produced to all parties shall be produced within seven days of this order.

**Amendment of Deposition Protocol**

The Order Establishing Deposition Protocol, entered by the Court on June 20, 2018 (Dkt. No. 643), is amended as set forth below. Except as provided herein, the June 20 Order remains in place and will continue to govern depositions in the MDL proceedings.

1. No later than October 31, 2018, the parties shall agree on a deposition schedule extending through January 25, 2019. With respect to depositions already scheduled as of the date of this order, including those scheduled before October 31, 2018, the parties shall meet and confer in good faith to ascertain whether they should proceed as scheduled or should be re-set based on the Case Management Order No. 7 and this Order. Upon consent, the parties may proceed with depositions at any time. The parties are encouraged to use the time between now and October 31, 2018 for depositions as appropriate, in accordance with Case Management Order No 7. Depositions will not be unilaterally cancelled by any party except for good cause or if the producing party fails to confirm that documents agreed to be produced at least 14 days in advance of the deposition have been produced by that time.

2. All new requests for depositions of party witnesses (including former employees and independent contractors of a party), other than those disclosed by August 31, 2018 as required in CMO No. 7, should be made as soon as possible, but in any event no later than October 31, 2018, absent agreement of the parties or by order of the Court for good cause.

3. The parties will make best efforts to agree fully on the deposition schedule referred to in paragraph 1, above. To the extent the parties cannot agree, the following provisions will apply. From the date of this order forward, a party who is asked to provide a deposition date for a witness shall respond to that request within five business days. If a specific date cannot be provided by the time the response is due, the response shall explain why and commit to a date by which a deposition date will be provided. If the responding party objects to making a requested witness available for deposition, its response shall set forth the grounds for that objection. If a party fails to respond as set out above to a request for deposition of one of its witnesses, the opposing party may proceed to issue a notice for the deposition. Such notice shall permit reasonable time for the production of the witness's custodial files in advance of the noticed date if such production has been requested and agreed to (or ordered by the Court) and remains outstanding. The parties shall work together in good faith to schedule depositions as promptly as possible while accounting for deponents' and counsel's schedules.

4. Absent contrary agreement of the parties, custodial file production, if requested and agreed to (or ordered by the Court), must be complete at least 14 calendar days before the deposition, and deposition dates should be set with that in mind.

**Section II.a. Examination** is amended to provide:

1. The party hosting a deposition shall provide (a) a room for the deposition that is of sufficient size to accommodate anticipated attendance, along with wifi, (b) a break-out room for

each side, and (c) beverages for the witness, court reporter and videographer, and other attendees.

    2. During examination, a break should not be taken while a question is pending except for the purpose of permitting the witness to consult with his or her counsel concerning a possible assertion of privilege; such consultation shall be privileged. Communications between a witness and his or her counsel during a break taken with no question pending shall not be the subject of inquiry. Such conversations are subject to the attorney client and work product privileges.

    3. Absent unusual circumstances, Counsel shall include Bates numbers of any document used as an exhibit, and shall provide copies of any videos or other demonstratives used at the deposition to the Court reporter and to opposing counsel. All exhibits, including demonstrative aids, shall be marked by the court reporter in accordance with standard procedure. Any demonstrative used in a deposition must be marked as an exhibit in the same medium and form as the demonstrative prior to being shown to the witness. Any exhibit that consists of or includes a document produced in this litigation shall bear the Bates numbers from that production and shall be identified on the record with reference to those numbers.

    **Section IV. Rule 30(b)(6) Depositions** is amended to provide:

    1.    To the extent they have not already done so, the parties shall meet and confer in good faith on any outstanding Rule 30(b)(6) notices to determine whether and to what extent some topics may more efficiently and appropriately be responded to in writing.

    2.    By October 15, 2018, each party shall identify, by topic, the witness(es) it will designate to testify in response to the Rule 30(b)(6) notice(s) served upon it, to the extent such identification has not yet occurred. Nothing in this section is intended to permit a party to serve any additional 30(b)(6) notices on any other party. Nor is anything in this section intended to

permit re-examination of any witness whose deposition is complete. If a witness is deposed in his or her individual capacity and is also a 30(b)(6) designee, the time spent on 30(b)(6) questioning shall be in addition to the 7 hours permitted for the individual deposition of the witness, subject to the total time allowed for all 30(b)(6) questioning of that party, unless the defending party shows that more than 7 hours with an individual witness is not justified under the circumstances.

3. Consistent with the requirements of the Federal Rules, all documents relied upon by a witness in preparing for 30(b)(6) testimony must be produced in advance of the deposition. Separate production is not required for documents that have been produced through the party's regular document production. Absent extremely good cause, the provisions in this section shall not entitle a party to re-open any 30(b)(6) deposition, or portion of such a deposition, that has already been concluded.

4. Where the 30(b)(6) deponent is also a fact witness, the parties shall prioritize the production of the deponent's custodial file and other relevant documents.

5. Where a fact deponent is also designated for 30(b)(6) topics, the party taking the deposition shall have 7 hours for the fact deposition and such additional time as needed for the 30(b)(6) topics, recognizing that the time devoted to the 30(b)(6) topics will count toward the party's 30(b)(6) deposition time limit.

**Amendment of Fact Sheet Implementation Order**

Paragraph 1 of the Fact Sheet Implementation Order (Doc. # 638) is amended to provide as follows: For all non-Track One trial cases, Plaintiffs that are Governmental Entities shall provide a completed Plaintiff Fact Sheet ("PFS") in each case in the form attached as Exhibit A

pursuant to the following schedule: (a) on or before December 17, 2018 for any Plaintiff whose case has been docketed in this MDL on or before the date of this Order; or (b) within 90 days from the date the case is docketed in this MDL for any Plaintiff whose case is docketed after the date of this Order.

**Amendment of Case Management Order One**

**Section 10. Expert Reports and Expert Materials** is amended to provide:

1. Each party shall produce, at the same time it serves the disclosures and other materials required under Fed. R. Civ. P. 26(a)(2) for each of its experts, the "facts or data considered by the witness in forming" the expert's opinions. Documents relied upon that were produced in discovery in this case by any party may be identified by Bates numbers and need not be produced; and materials that are publicly and easily available without cost (e.g., over the Internet) need not be produced. All other data and documents must be produced. Nothing in this paragraph expands in any way the disclosure requirements of FRCP 26(a)-(b).

2. Each party must provide the materials required to be produced, including work papers, spreadsheets, data sets, and exhibits, in a usable format to allow evaluation of any analyses performed. To the extent that expert's work product is designated confidential, it shall be subject to the Protective Order (CMO No. 2). All documents produced must bear a Bates Stamp to allow for identification. The parties shall cooperate in exchanging programs or other materials necessary to allow full review and evaluation of the disclosed expert analyses. Nothing in this paragraph expands in any way the disclosure requirements of FRCP 26(a)-(b).

**IT IS SO ORDERED.**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: September 6, 2018**

7