IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon David A. Faber |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
<u>STATUTE OF LIMITATIONS</u>**

Plaintiffs do not dispute, or even mention, a single fact set forth in Defendants' motion. They claim all facts are irrelevant.[1] Plaintiffs do not dispute that they were on notice of their claims years before they filed suit. They abandon the allegations in their Complaints that they could not have discovered the basis for their claims before 2017 and that Defendants fraudulently

---

[1] Pls' Opposition (Dkt. 288) ("Opp.") 13 n.48. Plaintiffs incorrectly assert that the MDL court has already considered the applicable facts and determined that there are material facts in dispute. But the only facts considered by the MDL court concerned what Summit and Cuyahoga Counties knew and when they knew it. The MDL court did not consider the undisputed facts set forth in the opening memorandum (Dkt. 241) ("Br.") ¶¶ 1–19.

concealed Plaintiffs' claims from them. Indeed, Plaintiffs now admit that their claims accrued before May 2015. Dkt. 225 at 10. Despite these admissions, Plaintiffs assert that their claims are not time-barred because no statute of limitations applies to a suit to abate a public nuisance. That assertion, however, does not save their claims insofar as they are based on conduct outside the one-year statutory period.

Plaintiffs take pains to describe the "abatement *damages*" they seek as equitable relief, which it is not. But, even if the relief Plaintiffs seek could be characterized as wholly equitable, that does not change the time period for which Plaintiffs may seek that relief. Defendants do not argue that Plaintiffs' nuisance claim is altogether time-barred or that Plaintiffs cannot sue to enjoin an existing nuisance. If Plaintiffs can prove that Defendants' conduct since 2016 constitutes a nuisance, then Plaintiffs can seek to enjoin (or abate) that nuisance. What Plaintiffs may not do under controlling law is prove liability or seek "abatement damages" based on conduct that occurred outside the one-year statutory period.

Thus, granting Defendants' motion will not prevent Plaintiffs from seeking to abate a present-day public nuisance. But the statute of limitations confines Plaintiffs' case to post-2016 conduct.

## PLAINTIFFS MAY NOT SEEK RELIEF FOR CONDUCT THAT OCCURRED OUTSIDE THE ONE-YEAR STATUTORY PERIOD.

According to Plaintiffs, this case is governed by two West Virginia Supreme Court of Appeals cases that supposedly stand for the proposition that no statute of limitations applies in public nuisance cases at all—and that they can recover for Defendants' allegedly tortious conduct no matter when it occurred. Plaintiffs are wrong. Neither case stands for that proposition. Instead, the applicable statute of limitations for public nuisance is one year. W. Va.

Code § 55-2- 12(c). The statute of limitations precludes any claim based on conduct occurring prior to January 2016—regardless of the relief Plaintiffs seek.

*Kermit Lumber*. Only one of the cases on which Plaintiffs rely—*State ex rel. Smith v. Kermit Lumber*, 488 S.E.2d 901 (W. Va. 1997)—is even a public nuisance case. Plaintiffs accuse Defendants of "ignoring" that case and assert that *Kermit Lumber* stands for the "general rule" in all public nuisance cases that the statute of limitations does not run until the alleged "harm" is abated. Opp. 8. Plaintiffs are wrong on both counts. Defendants addressed *Kermit Lumber* at length and in particular highlighted the Supreme Court's express acknowledgement that the statute-of-limitations holding in that case does ***not*** reflect the general rule under West Virginia law for common law public nuisance cases:

> We make clear in the case before us, we are only concerned with a public nuisance involving hazardous waste which is found in the soil and leaching into a river. ***A different public nuisance action may warrant a different analysis*** ….
>
> [I]n that a nuisance is a tort, we acknowledge that generally "[a] continuing tort sufficient to toll the statute of limitations is occasioned by *continual unlawful acts*, ***not by continual ill effects from an original violation*** …

488 S.E.2d at 925 n.29 (italics in original; bold italics added);[2] Br. 19–21. The special rule for "hazardous waste" announced in *Kermit Lumber* is inapposite here.

---

[2] In an original syllabus point, the Supreme Court of Appeals made explicit that the *Kermit Lumber* holding is limited to the remediation of hazardous waste sites. *Id*. at Syl. 11 ("When a public nuisance action is brought to remediate a business site containing hazardous waste found in the soil and flowing into the waters of this State, the one-year statute of limitations found in W.Va. Code, 55-2-12(c) [1959] does not accrue until the harm or endangerment to the public health, safety and the environment is abated."). This syllabus point is the Court's articulation of its holding. *See State v. McKinley*, 764 S.E.2d 303, 313 (W. Va. 2014) ("[T]he Court uses original syllabus points to announce new points of law or to change established patterns of practice by the Court."); *State ex rel. Vanderra Resources, LLC v. Hummel,* 829 S.E.2d 35, 42 (W. Va. 2019) ("the language utilized in our syllabus points, rather than our dicta, is controlling").

3

As a factual matter, this case and *Kermit Lumber* are very different. *Kermit Lumber* concerned the dumping of industrial wastes that leached into a neighboring waterway; this case involves the alleged over-prescription and over-supply of FDA-approved medications that allegedly caused personal injury and attendant burdens on public services. Plaintiffs assert that *Kermit Lumber* should apply in this case because Defendants "give no reason for distinguishing the facts here from those in Kermit Lumber or why the rule there should not apply." Opp. 10. But, to the contrary, Defendants specifically explained why *Kermit Lumber* does not apply here. Br. 19–21. Where the facts are so plainly different—environmental damage from the dumping of toxic wastes, on the one hand; personal addiction, with its ripple effects on family and community, on the other—the burden is on Plaintiffs to explain why the Court, in applying West Virginia law, should disregard *Kermit Lumber*'s express caution that the rule announced in that case is "only concerned with a public nuisance involving hazardous waste" and that a "different public nuisance action may warrant a different analysis." 488 S.E.2d at 925 n.29.[3] Plaintiffs have not met this burden.

In short, *Kermit Lumber* expressly articulates an ***exception*** to the general rule that governs application of the continuing tort doctrine—an exception that does not fit this case.

---

[3] The Fourth Circuit has noted that a federal court should "respond conservatively" and "not interpret state law in a manner that may appear desirable to the federal court, but has not been approved by the state whose law is at issue." *Rhodes v. E.I. du Pont de Nemours and Co.*, 636 F.3d 88, 96 (4th Cir. 2011); *see also Time Warner Entertainment-Advance/Newhouse Partnership v. Carteret-Craven Elec. Membership Corp.*, 506 F.3d 304, 315 (4th Cir. 2007) ("as a court sitting in diversity, we should not create or extend [state] law"); *Burns Chemical, Inc. v. USX Corp.*, 10 F.3d 243, 247 (4th Cir. 1993) (federal court must "rule upon state law as it exists and do not surmise or suggest its expansion"). Because the Supreme Court has expressly limited the holding of *Kermit Lumber* to public nuisances relating to the remediation of hazardous waste sites (*see supra* n. 2), this Court should not apply the holding of *Kermit Lumber* in a manner that disregards those limitations. For this same reason, Plaintiffs' points about what other district courts have held have no bearing here.

While the Supreme Court found that the general rule was "unworkable in the context of a public nuisance action to remediate a business site containing hazardous waste," it reaffirmed that "generally" the continuing tort doctrine "is occasioned by *continual unlawful acts*, not by continual ill effects from the original violation." *Id*. at 925 n.29.  Here, Plaintiffs focus on "continual ill effects" (the alleged fall-out from opioid addiction) based on conduct that occurred in the years before 2016 (the alleged "flooding" of the city and county with opioids), rather than Defendants' conduct after 2016.  In so doing, they invoke a rule that is limited, by the express terms of *Kermit Lumber* itself, to the hazardous waste context and does not apply here.[4]

---

[4] Contrary to Plaintiffs' argument (Opp. 2), the MDL court did not reject Defendants' explication of *Kermit Lumber*; indeed, it never ruled on any statute-of-limitations motion under West Virginia law.  Plaintiffs' contention that the MDL court's denial of summary judgment in the Ohio cases is "law of the case" is flat wrong.  *See* Dkt. 235.  In any event, because Plaintiffs raise the issue in a footnote, with no supporting argument or authority, the argument should be deemed waived.  *See, e.g.*, *Mays v. Berryhill*, No. 2:17-cv-2084, 2018 WL 4494162, at *3 n.1 (S.D.W. Va. Aug. 29, 2018) ("Because Claimant's argument is not fully developed, it should be deemed waived." (citing *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 152 n.4 (4th Cir. 2012)); *Williams v. Studivent*, No. 1:09-cv-414, 2009 WL 3837627, at *1 n.2 (M.D.N.C. 2009) (argument raised in a footnote and not pursued further in a brief "will be deemed waived").

Nor is it correct that the West Virginia courts have rejected Defendants' arguments.  No appellate court has considered the merits of any issue in this litigation.  One trial court declined to dismiss several complaints on statute-of-limitations grounds, but, unlike here, those plaintiffs disputed they knew of their claims before 2016.  To the extent that trial court touched on issues relevant here—in a single paragraph with no analysis of the arguments raised by Defendants— that opinion carries no persuasive value because it is simply an endorsed copy of the plaintiffs' proposed order.  *Compare* Dkt. 288-4 (Order Denying Cardinal Health, Inc.'s Motion To Dismiss) *with* Proposed Order Denying Cardinal Health, Inc.'s Motion To Dismiss, *Brooke County Commission, et al. v. Purdue Pharma L.P., et al.*, No. 17-C-248 (W. Va. Cir. Ct. Marshall County Dec. 14, 2018) (Ex. 1).  As for Special Master Wilkes' remarks, his discovery order was entered without full briefing on the statute of limitations issue.  Moreover, it would make little sense to conclude that the Special Master intended to preempt this Court's consideration of the issue after summary judgment briefing, which was then underway pursuant to the Court's schedule.

This case is instead governed by the general rule—articulated by the Supreme Court before and after *Kermit Lumber*, and set forth most recently in *Taylor v. Culloden Public Service District*, 591 S.E.2d 197 (W. Va. 2003):

> Where ⋯ the ***acts which constitute a nuisance*** are continuing in the sense that distinct instances of injury result from the nuisance, as opposed to a singular injury, and the ***acts of nuisance*** are capable of being abated or discontinued, the temporary nuisance continues until such time as those ***acts*** are abated or discontinued. Consequently, the two year statute of limitations set forth in West Virginia Code § 55‑2‑12(a) does not begin to run in a nuisance action where the ***tort*** at issue is both temporary and continuing until the date of the last injurious ***act*** or when the ***acts constituting the nuisance*** have been abated or discontinued.

*Id.* at 205.[5] Thus, under *Taylor*, each "act[] of nuisance" gives rise, in effect, to a new cause of action, and "the damages that [Plaintiffs] can recover in connection with a temporary nuisance are limited to" the one-year period "prior to the filing of their cause of action."[6] *Id.* n.21. This means that Plaintiffs can seek relief only for "acts of nuisance" that occurred within the one-year period prior to the filing of their lawsuits (i.e., since January 2016).

Plaintiffs contend that *Taylor* is irrelevant because it is a private nuisance case. But the Supreme Court considered and rejected that very argument. The *Taylor* court set forth the rule "in nuisance action[s]," noting explicitly that it was unnecessary for the plaintiffs to assert a public nuisance claim in order to take advantage of the rule because the rule applies in ***all*** nuisance cases. *Id.* at 205. Plaintiffs suggest that the Court declined to consider whether a

---

[5] This passage from *Taylor* also exposes the error in Plaintiffs' argument that nuisance is not a tort. Dkt. 286 at 4 ("Plaintiffs do not concede that public nuisance is a tort"). Whether they concede it or not, and regardless of what the MDL court held with respect to Ohio law, West Virginia law is clear that nuisance is a tort. *See Kermit Lumber*, 488 S.E.2d at n.29 ("a nuisance is a tort").

[6] A two-year statute was applicable in *Taylor* because the case concerned damage to property. *Id.* at 205.

separate "general rule" for public nuisance cases applied, but that is incorrect. Rather, the Court declined to consider, as unnecessary, whether the narrow *Kermit Lumber* exception to the general rule applied to claims for "violations of the [West Virginia Water Pollution Control] Act, such as the spewing of sewage or effluents into this state's waters.'" *Id*.

Similarly, Plaintiffs are wrong that the Court should disregard the explanation of the continuing tort doctrine in *Rhodes v. E.I. du Pont de Nemours & Co.*, 657 F. Supp. 2d 751 (S.D. W. Va. 2009), and *Graham v. Beverage*, 566 S.E.2d 603 (W. Va. 2002), because those cases did not involve nuisance claims. Opp. 9. The Supreme Court rejected that very argument in *Taylor*:

> Appellees suggest that since a nuisance was not the particular tort involved in *Graham*, our holding in that decision has no applicability to this case. *There is no language in ... Graham that limits its application to specific types of torts. As a result, that point of law was clearly intended to apply to torts of all types ... .* Accordingly, *we reject Appellees' contention that 'this Court expressly excluded nuisance claims* from its ... ultimate holding' in *Graham*."

591 S.E.2d at 205; *see* Br. at 19–20 and n.51.

In sum, the *Kermit Lumber* "hazardous waste" rule does not apply, and the general rule set forth most recently in *Taylor* controls. Under that rule, Plaintiffs may recover based only on conduct that occurred after January 2016.

***Dunn***. Plaintiffs contend that *Dunn v. Rockwell*, 689 S.E.2d 255 (W. Va. 2009), controls. This contention is wrong. *Dunn*—which does not even mention the continuing tort doctrine (and is not a nuisance case)—is irrelevant. The case concerned a land dispute in which the plaintiff sued his lawyer to have a deed to land rescinded and reformed, and for misappropriation and conversion, fraud, professional negligence, and breach of fiduciary duty. The Court in *Dunn* said that "'[s]tatutes of limitation are never applicable to causes of action falling within the exclusive

7

jurisdiction of courts of equity,'" *id.* at 266 (quoting *Felsenheld v. Bloch Bros. Tobacco Co.*, 192 S.E. 454 (W. Va. 1937)), but that principle does not apply for three reasons.

First, West Virginia nuisance jurisprudence establishes that the statute of limitations ***does apply*** to nuisance claims. *Taylor* holds that it does, as does *Kermit Lumber*. And, even though the accrual rule of *Kermit Lumber* is not applicable here, the Supreme Court there engaged in 15 pages of analysis regarding when the statute of limitations accrued for statutory and common law nuisance claims—an analysis that would have been unnecessary if the statute of limitations were not applicable to nuisance claims. Syl. 2, 488 S.E.2d 903; *id*. at 911–26. The Court applied a statute of limitations in *Kermit Lumber* even where the State sought "to compel the appellees to clean up the hazardous waste at their business site." *See id.* at 905, 922 ("[T]he DEP's public nuisance claim falls within the one-year statute of limitations for 'any other matter.'").

Second, the general rule in West Virginia is that a plaintiff can sue to enjoin or abate (i.e., stop) a continuing (i.e., present) nuisance, no matter when it started and how long it has continued. But, because each act that makes up a continuing tort effectively gives rise to a new cause of action, limitations apply to bar recovery for nuisance claims for conduct that occurred outside the statutory period—here, one year prior to the filing of Plaintiffs' complaint—i.e., January 2016. *Taylor*, 591 S.E.2d at 205.

Third, even if *Dunn* controlled here (it does not), unlike the plaintiff in *Dunn*, Plaintiffs are not seeking truly equitable relief. Plaintiffs now assert that the enormous award of money they seek is neither injunctive relief nor damages but "abatement," notwithstanding their prior admission that they seek "***money*** damages." *See In re: National Prescription Opiate Litigation*, MDL No. 2804, Dkt. 2989 at 2. After that admission got them in trouble, Plaintiffs revised the term "money damages" to the oxymoronic term "abatement damages." In law, there are just two

categories: money, which is damages, and injunctive relief, which is equitable. West Virginia cases, including those relied on by Plaintiffs, make clear that abatement is accomplished through an injunction. *See, e.g.*, *Berkeley County Comm'n v. Shiley*, 295 S.E.2d 924, 926 (W. Va. 1982) ("county commission may apply for circuit court injunctions to restrain, prevent or abate 'nuisances affecting public health'"); *State ex rel. Valley Defendants, Inc. v. Oakley*, 168 S.E.2d 532, 536 (W. Va. 1969) ("the cases are legion in this jurisdiction and elsewhere wherein injunctions to abate purprestures and other public nuisances have been granted"); *Town of Weston v. Ralston*, 36 S.E. 446, Syl. 1 (W. Va. 1900) (case involving "mandatory injunction" to place public in possession of easement on public highway); *McMechen v. Hitchman-Glendale Consol. Coal Co.*, 107 S.E. 480, 481 (W. Va. 1921) ("The question certified in this case pertains to the sufficiency of a bill in equity filed to obtain a temporary injunction restraining and inhibiting the defendants from doing certain acts ….").

Here, in contrast, Plaintiffs seek a monetary award. Indeed, money is the ***sole*** remedy they seek. Accordingly, unlike in *Dunn*, Plaintiffs do not seek solely equitable relief.[7]

The Court can, however, leave for another day any debate about the proper scope and label of the relief sought by Plaintiffs. Whether the money they seek is properly termed "abatement" or "damages," Plaintiffs are entitled to relief only if they can prove that Defendants'

---

[7] Plaintiffs argue that the monetary award they seek is based on "the cost that must be incurred to reverse the *conditions* causing an interference with the public's right to health and safety." *Id.* But under West Virginia law, the nuisance is the alleged *conduct* that caused an interference with public health, not the ill effects of that conduct. *See, e.g.*, Restatement (Second) of Torts § 821B. In other words, abatement involves stopping the nuisance-causing conduct, not eliminating the effects of the "opioid epidemic." Thus, for example, polluting defendants have been required as abatement to stop polluting and clean up the pollutants, but not to pay for the personal injuries of persons adversely affected by the pollutants. There is no authority under West Virginia law for the sweeping "abatement" relief sought by Plaintiffs here.

conduct within the statutory period constitutes a nuisance, and that relief is limited to remedying the harm allegedly caused within that period.

## CONCLUSION

For the foregoing reasons and those in Defendants' opening brief, Plaintiffs' nuisance claim based on conduct occurring outside the one-year statutory period is barred by the statute of limitations. The Court should enter an order granting Defendants' motion to ensure that Plaintiffs' case will be based on post-2016 conduct, as the law requires.

Dated: April 20, 2020

Respectfully submitted,

*/s/ Steven R. Ruby*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
bglasser@baileyglasser.com
sruby@baileyglasser.com
rfranks@baileyglasser.com
***Counsel for Cardinal Health, Inc. in Cabell County Commission action***


*/s/ David R. Pogue*
Michael W. Carey (WVSB #635)
David R. Pogue (WVSB #10806)
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com
***Counsel for Cardinal Health, Inc. in The City of Huntington action***

Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
***Counsel for Cardinal Health, Inc.***


*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1000
Facsimile: (304) 340-1050
gcallas@jacksonkelly.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
***Counsel for AmerisourceBergen Drug Corporation***

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200
jwakefield@flahertylegal.com
jholliday@flahertylegal.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone:     (202) 662-6000
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com
**Counsel for McKesson Corporation**

## CERTIFICATE OF SERVICE

I, Steven R. Ruby, counsel for Defendant Cardinal Health, Inc., do hereby certify that on this 20th day of April, 2020, the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: STATUTE OF LIMITATIONS** was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system.

*/s/ Steven R. Ruby*
Steven R. Ruby