**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>　　　Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG<br>CORPORATION, et al.,<br><br>　　　Defendants | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>　　　Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG<br>CORPORATION, et al.,<br><br>　　　Defendants. | Civil Action No. 3:17-01665<br>Hon David A. Faber |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiffs[1] do not dispute that the custodians who are the subject of Defendants'[2] motion possess information that is relevant to Plaintiffs' claims and Defendants' defenses. Instead, Plaintiffs claim, in conclusory and unsubstantiated fashion, that the relevant and responsive information Defendants seek would be "duplicative" or "cumulative" of information Plaintiffs have allegedly produced. Cabell County also speculates that "much of the information" contained

---

[1] City of Huntington ("Huntington" or "City") and Cabell County Commission ("Cabell County" or "County").

[2] AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation.

in the custodial files from its Prosecutor's Office may be "protected work product or protected by other privileges." Opp. at 4.

As the parties resisting discovery, Plaintiffs bear the burden of showing why Defendants' requests for the subject custodial files should not be granted. Plaintiffs have not satisfied their burden. As a matter of law, Plaintiffs' conclusory and unsubstantiated claims of cumulativeness, duplicity, work product and "other privileges" are not sufficient. For the reasons stated herein, Plaintiffs should be compelled to produce the custodial files that are the subject of Defendants' Motion.[3]

## ARGUMENT

### I.   As the Parties Resisting Production, Plaintiffs Bear the Burden of Showing Why Defendants' Motion Should be Denied.

Citing out-of-circuit authority, Plaintiffs ask the Court to deny the Motion because Defendants have "not and cannot explain how the information from additional custodians would not be duplicative." Opp. at 3. Plaintiffs misstate the applicable standard. For more than five decades, "district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010). *See also Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D.W. Va. 2015) ("The party resisting discovery, not the party seeking discovery, bears the burden of persuasion."); *United States for use*

---

[3] As addressed in Section II below, on the late evening of April 20, 2020, the City of Huntington informed Defendants that it has now searched for responsive documents in the custodial records of the six Huntington employees that are the subject of Defendants' Motion. Huntington also contends that it has been unable to locate responsive documents for two of those employees, Robert Wilhelm and Gene Baumgardner. Defendants have not had the opportunity to review the documents produced. In the meantime, Defendants ask that their Motion be held in abeyance as to those six Huntington custodians pending further discussion regarding the missing files and review of the produced documents. However, the issues regarding Cabell County's refusal to produce prosecutor files have not changed and are now ripe for the Court's review.

*of Asphalt Contractors & Site Work, Inc. v. KAR Contracting, LLC*, 2015 WL 13050048, at *1 (S.D.W. Va. Aug. 10, 2015) (same); *Jones v. Bank of Am., N.A.*, 2015 WL 1808916, at *2 (S.D.W. Va. Apr. 21, 2015) (same); *Clere v. GC Servs., L.P.*, 2011 WL 2181176, at *2 (S.D.W. Va. June 3, 2011) (same).

To meet that burden, Plaintiffs, as the parties resisting disclosure, "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-403 (4th Cir. 2003)). "If a party believes that a discovery request exceeds the broad scope of allowable discovery, it may object, but 'the party resisting discovery has the burden of clarifying, explaining and supporting its objections.'" *Patrick v. Teays Valley Trs., LLC*, 297 F.R.D. 248, 256 (N.D.W. Va. 2013), *aff'd sub nom. Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333 (N.D.W. Va. 2014) (quoting *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 2715164, at *1, *5–6 (N.D.W. Va. Sept. 21, 2006)). "The mere recitation of the familiar litany that an interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 293 (N.D.W. Va. 2004). *See also McKelvey v. W. Reg'l Jail*, 2015 WL 2144668, at *2 (S.D.W. Va. May 7, 2015) (party resisting discovery "must do more to carry its burden than make conclusory and unsubstantiated allegations"); *Buskirk v. Wiles*, 2016 WL 7118288, at *6 (S.D.W. Va. Dec. 6, 2016) ("To prevail upon an objection of burdensomeness, the objecting party must demonstrate how the request is burdensome by submitting affidavits or other evidence revealing the nature of the burden.").

Under this standard, Plaintiffs—as the parties resisting disclosure—bear the burden of showing that a search of custodial files would not yield non-cumulative, responsive material.  In order to meet that burden, Plaintiffs must make a "particularized showing of why discovery should be denied."  *Mainstreet Collection*, 270 F.R.D. at 241.  Plaintiffs have made no such showing.  Further, Plaintiffs do not contend that producing the requested custodial files would be burdensome or that any such burden outweighs the likely benefit to Defendants of obtaining these facially relevant files.

Indeed, the authority Plaintiffs cite in the Opposition highlights their failure to satisfy their burden.  In *U.S. ex rel. McBride v. Halliburton*, the plaintiff sought an order compelling the defendants to search for the custodial files of 35 individuals.  272 F.R.D. 235, 240 (D.D.C. 2011).  The defendants resisted this demand and argued that "the addition of thirty-five custodians would create a burden on defendants that would outweigh any potential benefit."  *Id*.  To support their claim, the defendants explained "[i]n excruciating, but highly educational and useful, detail" the significant costs they would incur conducting the requested searches and the specific reasons why the searches would not yield relevant, non-duplicative documents.  *Id*. at 240-41.  Here, by contrast, Plaintiffs have offered the Court nothing more than unadorned speculation that documents in the possession of the custodians at issue here would be "cumulative" or "duplicative" of documents already produced.  Plaintiffs have failed to meet their burden, and the Court should order them to search and produce the custodial files at issue.

## II.   Huntington Claims it Has Now Produced Responsive Documents from the Custodial Files that are the Subject of Defendants' Motion

In their Motion, Defendants sought production of the custodial files of several Huntington employees, including Justin Antle, John Ellis, Gene Baumgardner, Robert Wilhelm, Greg Fuller and Angie Bracey.  By letter, which was sent to Defendants during the evening of April 20, 2020,

the City of Huntington advised Defendants that it has now searched for responsive documents in the custodial files of those six custodians.  Also on the evening of April 20th, Huntington produced what it contends to be responsive documents from the custodial files for four of those six individuals, claiming that it does not have any documents to produce for Mr. Wilhelm and Mr. Baumgardner.  Defendants have not had the opportunity to review the documents produced. Defendants request that their Motion as to the Huntington custodians be held in abeyance pending further discussion regarding the missing files and review of the produced documents, after which Defendants will determine if there remain disputes regarding those custodians and the completeness of the productions.

### III.    Cabell County Should be Ordered to Produce the Prosecuting Attorney Custodial Files at Issue

#### a.    Cabell County Concedes that the Prosecutors' Custodial Files Contain Relevant Information.

For the reasons set out in Defendants' Motion, the subject Cabell County prosecutor custodial files are likely to contain highly relevant information, including details of investigations and prosecutions of doctors, pharmacists, illegal drug trafficking organizations, and others who engaged in misconduct that caused the opioid epidemic, breaking the causal chain between Defendants' alleged conduct and Plaintiffs' alleged harm.  Those files likely will show that nonparties are at fault for Plaintiffs' injuries, including because of Plaintiffs' failure to address sufficiently the opioid-related misconduct of others.  Also, those files likely will show that Cabell County officials became aware, long before the applicable limitations periods, of opioid-related misconduct in Cabell County, their alleged resulting injuries, and perhaps even solicitation from private litigants to sue distributors to recover for such injuries.  Indeed, prosecutors' files in other opioid litigations have proven to contain highly relevant information.  Special Master Wilkes expressly recognized the relevance of prosecutors' files in Discover Ruling No. 1 (ECF No. 248),

in which he ordered Cabell County to produce documents from its Prosecuting Attorney's office related to law enforcement or administration investigations, prosecutions, or enforcement actions involving opioids.

Cabell County does not meaningfully dispute any of this except for calling it a "fishing expedition" for Defendants to search for communications in which Cabell County prosecutors may have noticed the same thing as their colleagues in other jurisdictions: that the opioid crisis "exploded" into many parts of the country in the early 1990s. *See* Opp. at 5 n.3.  But public sources make clear that there are relevant, non-cumulative documents in the files of the Cabell County Prosecuting Attorney's Office.  For example, Cabell County's prosecutors have publicly criticized, and even sued, the County for failing to allocate an adequate portion of its resources to the prosecution of drug-related crime.  Defendants believe the prosecutors' files are likely to contain communications discussing this highly relevant failure, and there is no credible argument that such communications could be privileged.[4]  Cabell County also suggests that Defendants should not be entitled to the production of indisputably relevant communications from the prosecutor's office because Defendant McKesson Corporation has served requests for admission that "amply cover that topic."  Opp. at 5 n.3.  Cabell County cites no authority for this bizarre contention, nor could it.

### b.   Cabell County Does Not Support its Assertion that the Prosecutors' Custodial Files May Be "Cumulative" of Material Previously Produced.

While not sufficiently contesting the relevance of documents contained in prosecutors' custodial files, Cabell County speculates that "much (if not all) of the discoverable information

---

[4] *See Hammers requests increased funding for prosecutor's office*, The Herald-Dispatch (Mar. 9, 2018), https://www.herald-dispatch.com/news/hammers-requests-increased-funding-for-prosecutors-office/article_cc092aa5-3bf5-5797-b77e-5347e9622a1a.html.

that Defendants could hope to obtain from the subject custodial files is duplicative or cumulative of the information the Cabell County Commission has already produced." Opp. at 6. This unsupported assertion is not sufficient to satisfy Cabell County's burden of making a "particularized showing of why discovery should be denied." *Mainstreet Collection*, 270 F.R.D. at 241. It is obvious that Cabell County has not examined files of the requested custodians to determine the extent of overlap (if any) with documents already produced.

Cabell County represents that it has produced "more than 1,525,000 pages of documents," including 129,000 documents from closed, felony circuit court files and closed investigative files. Opp. at 4. These numbers are inflated: having reviewed those documents, 80 to 90% of them are not relevant. Moreover, the so-called "investigative files" consist largely of form documents that contain little information about what investigation was actually performed. Instead, those files contain large numbers of "Incident/Offense Reports," "General Case Reports," "Vehicle Incident Reports," and "Arrest Bookings" relating to relatively minor offenses such as possession of controlled substances. Those documents are of little value, and Defendants expect the prosecutors' files to have more substantial case files, particularly for major investigations.

Belying the unsubstantiated contention that the prosecutors' files may be "duplicative" of files produced elsewhere, Cabell County concedes that the prosecutors' custodial files contain relevant information that has not been produced from other sources. According to the Opposition, "the documents Defendants truly seek are internal memorandums and emails from the Prosecutor's Office that describe the prosecutor's opinions about the strengths and weaknesses of a specific case." Opp. at 6. Cabell County does not dispute that these internal memoranda and email communications contain relevant, discoverable information. Moreover, Cabell County concedes that this information has not been produced from other sources.

### c.      Cabell County's Privilege Contentions Provide No Basis for Refusing to Gather Responsive Documents.

Cabell County asserts that "large swaths—if not all—of the information in the 20 custodial files from the Prosecutor's office is protected attorney work product."  Opp. at 6.  This bald assertion that these custodial files might contain privileged information provides no justification for Cabell County's refusal to gather this admittedly relevant information.

"Procedurally, when a party withholds information from discovery on the basis of attorney-client privilege or the work-product protection, the party is required to: (1) 'expressly make the claim;' and (2) 'describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'"  *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 232 (S.D.W. Va. 2015) (quoting Fed. R. Civ. P. 26(b)(5)(A)).  "A party can sustain this burden through a properly prepared privilege log that identifies each document withheld, and contains information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter."  *Id.*  Finally, a "party's conclusory assertion that a document is privileged is inadequate to meet the burden imposed by Rule 26(b)(5)(A)."  *Id.*

Cabell County cannot credibly claim that the entirety of the prosecutors' custodial files constitutes protected work product.  Further, Cabell County has failed to comply with the procedure mandated by Rule 26(b)(5)(A), which requires Cabell County to identify every supposedly privileged document being withheld and to provide detailed information about those documents so its claim of privilege may be properly evaluated.  Instead, Cabell County has offered nothing more than the conclusory assertion that "large swaths" of the requested custodial files constitute "protected attorney work product."  Opp. at 6.  This conclusory assertion is insufficient

under Rule 26(b).  Cabell County's speculation that the prosecutors' custodial files—even "broad swaths" of them—might contain privileged information does not justify Cabell County's refusal to gather that admittedly relevant information and produce the non-privileged portions.  Just as Defendants did for the lawyers whose custodial files Defendants produced to Plaintiffs, Cabell must gather its prosecutors' files and, if it wishes to withhold portions of them as privileged, it must provide a privilege log adequately describing the supposedly privileged portions, and produce the rest.

Cabell County also states that the prosecutors' files may contain information that, while not legally privileged, is "confidential."  Opp. at 7.  However, confidential information may be produced subject to the protective orders governing this litigation.  The fact that documents may be confidential provides no basis for withholding them.

### d.    Cabell County Fails to Address the Authorities Holding that It Lacks Standing to Assert Privilege With Respect to Closed Criminal Cases.

Under West Virginia law, the "burden of establishing the attorney-client privilege or the work product exception, in all their elements, always rests upon the person asserting it."  *State ex rel. United Hosp. Ctr., Inc. v. Bedell*, 199 W. Va. 316, 325 (1997) (internal quotation marks omitted).  As discussed in the Motion, attorney-client privilege does not apply here because "[t]he attorney-client privilege belongs to the client," *State ex rel. Allstate Ins. Co. v. Gaughan*, 203 W. Va. 358, 372 n.21 (1998), and Cabell County is not the client in criminal matters brought by the Prosecuting Attorney, *see* W. Va. Code § 7-4-1(a) ("The prosecuting attorney shall attend to the criminal business of the state in the county in which he or she is elected . . . .").  The Opposition does not address this issue or explain why Cabell County has standing to assert a privilege belonging to the State.

Cabell County is also silent on how the work-product protection could apply to documents related to prior, concluded investigations.  *See, e.g., Ostrowski v. Holem*, 2002 WL 31956039, at *4 (N.D. Ill. Jan. 21, 2002) ("[M]any courts have found the work-product privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery by a litigant in a related and subsequent civil lawsuit."); *Doubleday v. Ruh*, 149 F.R.D. 601, 606 (E.D. Cal. 1993) (holding that a public prosecutor may not "rely upon the work product doctrine when the fruits of his investigation become relevant to civil litigation to which he is not a party").  For the reasons set forth herein, Cabell County should be required to review and produce the subject prosecutor custodial files.

## CONCLUSION

For the reasons set forth herein, Defendants request an order granting their Motion to Compel and ordering any further relief deemed necessary and appropriate.

April 21, 2020                                    **DEFENDANTS**

                                                 **AmerisourceBergen Drug Corporation**
                                                 By Counsel:

                                                 */s/ Gretchen M. Callas*
                                                 Gretchen M. Callas (WVSB #7136)
                                                 JACKSON KELLY PLLC
                                                 Post Office Box 553
                                                 Charleston, West Virginia 25322
                                                 Tel: (304) 340-1000
                                                 Fax: (304) 340-1050
                                                 gcallas@jacksonkelly.com

                                                 */s/ Robert S. Nicholas*
                                                 Robert A. Nicholas
                                                 Shannon E. McClure
                                                 REED SMITH, LLP
                                                 Three Logan Square
                                                 1717 Arch Street, Suite 3100
                                                 Philadelphia, PA 19103
                                                 Tel: (215) 851-8100

- 10 -

Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com


**Cardinal Health, Inc.**
By Counsel:

*/s/ Steven R. Ruby*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Tel: (304) 345-6555
Fax: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
emainigi@wc.com
lheard@wc.com
ahardin@wc.com


**McKesson Corporation**
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky  40202
Tel:  (502) 587-3400
Fax:  (502) 587-6391
cbrowning@stites.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on this 21st day of April, 2020, the foregoing *REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES* was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
