IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,

    Plaintiff,

v.

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,

    Defendant.

CIVIL ACTION NO. 3:17-01362

Hon. David A. Faber

---

CABELL COUNTY COMMISSION,

    Plaintiff,

v.

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,

    Defendant.

CIVIL ACTION NO. 3:17-01665

Hon. David A. Faber

## DISCOVERY RULING GRANTING PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF TIM ASHWORTH

    The undersigned has received the joint Plaintiffs' Motion to Compel the Deposition of Tim Ashworth, Defendant McKesson Corporation's Opposition to Plaintiff's Motion and Plaintiffs' Reply, as well as related exhibits. Plaintiffs seek to compel Defendant McKesson to produce its employee Tim Ashworth for a deposition in this matter. McKesson objects on the

ground that he previously was deposed in a prior action involving substantially similar allegations against McKesson brought by the West Virginia Attorney General. McKesson further argues that the current pandemic crisis precludes an in-person deposition and that technological frailties may exist that render a remote deposition impractical.

Addressing first the issue of requiring Mr. Ashworth to appear for a further deposition, it is the opinion of the Special Master that Plaintiffs' Motion should be Granted. Although there is a coordinated effort in the MDL litigation to reduce repetitious discovery in all forms, it anticipates parties will have a meaningful opportunity to discover information concerning specific issues unique to their jurisdictions. In this vein, it must be recognized that in order to avoid repetition, all interested parties from the various actions must be noticed of the scheduled deposition - and apparently this did not occur in this action. Recognizing that that the prior action involved questioning Mr. Ashworth on his activities on behalf of McKesson in West Virginia, it did not afford these Plaintiffs the ability to question him on issues specific to Huntington and Cabell County and, therefore, they should be allowed this inquiry.

Therefore, it is the Ruling of the Special Master that Defendant McKesson make Tim Ashworth available for deposition subject to the following guidelines:

1. The deposition shall take place no sooner than May 20th 2020 and no later than June 15th 2020.
2. If it remains impractical or impossible to be conducted in-person, the deposition shall be conducted by remote means. If the parties cannot agree to a mechanism to conduct the deposition, counsel for the Plaintiff shall arrange for a telephonic status conference with

    the parties and Special Master to resolve the dispute no later than 10 days prior to the scheduled deposition.

3. Recognizing that the prior deposition covered grounds that are relevant to these actions, the Special Master cautions that counsel should refrain from redundant or cumulative questioning and generally limit inquiry to specific issues unique to their jurisdiction.

4. The deposition should last no more than four hours and take place pursuant to the protocol set out in the MDL Order dated September 6, 2018, Section II.a.

        /s/ Christopher C. Wilkes
        Christopher C. Wilkes
        Special Master

Dated: April 22, 2020