IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON and**
**CABELL COUNTY COMMISSION,**
  **Plaintiffs,**
**v.**                   **CIVIL ACTION NO. 3:17-01362**
**AMERISOURCEBERGEN DRUG**
**CORPORATION, et al.,**
  **Defendants.**

## PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, the City of Huntington and Cabell County Commission (collectively, "Plaintiffs"), respectfully submit this Response to Defendants' Notice of Supplemental Authority (ECF Doc. 362). Defendants contend that the recent decision in *In re Nat'l Prescr. Opiate Litig: In re CVS Pharmacy, Inc. et al.*, No. 20-3075, 2020 WL 1875174 (6th Cir. April 15, 2020) ("*In re CVS*"), supports their Opposition (ECF Doc. 235) to Plaintiffs' Motion (ECF Doc. 189) for the Court to adopt the ruling of the MDL Court with regard to Defendants' duties under the federal Controlled Substances Act 21 U.S.C. §§ 801 *et seq.*, ("CSA"), in these remanded actions. It does not.

In *In re CVS*, the Sixth Circuit reversed the MDL Court's grant to plaintiffs in the first MDL bellwether case of leave to amend their complaint over 18 months after the scheduling order deadline for doing so, in order to assert claims that the Sixth Circuit found they had expressly chosen not to bring. *See* 2019 WL 1875714, at *3. The MDL Court had found "good cause" to modify the scheduling order under Fed. R. Civ. P. 16(b)(4) because the forthcoming bellwether trial "would be most efficient if it included not only existing 'distribution claims' but also claims against those same pharmacies as *dispensers*." *Id.* (quoting MDL Court Response to Petition for Writ of Mandamus). The Sixth Circuit held that this was an error because "a district court's decision whether to grant a motion to amend in an individual case depends on the record in that

1

case and not others. Nor can a party's rights in one case be impinged to create efficiencies in the MDL generally." *Id.* at *4. As the Sixth Circuit also recognized, however, "[n]one of this is to say that an MDL court lacks broad discretion to create efficiencies and to avoid unnecessary duplication in its management of pretrial proceedings in the MDL." *Id.*

Plaintiffs' Motion here fully comports with this ruling. Plaintiffs do not seek to disregard or circumvent the express requirement of any procedural rule or other source of law. Rather, Plaintiffs move for this Court to adopt the ruling and reasoning of the MDL Court on a common issue across the MDL cases—what Defendants' duties are under the CSA—because this will ensure fair and consistent resolution of claims by similarly situated parties, as provided for under 28 U.S.C. § 1407(a). *See* 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (2d ed. 1987), § 4478.4 (Law of the Case-Coordinate Courts) ("[T]he very purpose of the initial consolidation is to resolve common matters consistently across the consolidated cases."). This Court's authority to do so based upon law of the case principles is well-established. *See Royster v. Food Lion, Inc.*, 73 F.3d 528, 532 (4th Cir. 1996) ("[P]ermitting the transferor courts . . . to reconsider the transferee court's summary judgment orders will frustrate the aims of § 1407."). As other federal circuit courts likewise recognize, applying law of the case principles "'ensures that transferor courts respect the transferee court's decisions,'" while still having "the virtue of allowing transferor courts to correct serious errors of the transferee court." *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009) (quoting *In re Multi Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C. Cir. 1981)).

In sum, the Sixth Circuit's holding that an MDL court may not disregard rules governing individual cases in service of overall MDL efficiency does not mean that a remand court must or

should ignore the fairness and consistency benefits of the MDL court's rulings on common issues, absent a compelling reason to depart from those rulings. Plaintiffs' Motion should be granted.

Dated:  April 24, 2020                                                                 Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* <br> Anne McGinness Kearse (WVSB No. 12547) <br> Joseph F. Rice <br> **MOTLEY RICE LLC** <br> 28 Bridgeside Blvd. <br> Mount Pleasant, SC 29464 <br> Tel:  843-216-9000 <br> Fax:  843-216-9450 <br> akearse@motleyrice.com <br> jrice@motleyrice.com | /s/ *Paul T. Farrell, Jr.* <br> Paul T. Farrell, Jr., Esq. (WVSB No. 7443) <br> **FARRELL LAW** <br> P.O. Box 1180 <br> Huntington, WV 25714-1180 <br> 422 Ninth Street, 3rd Floor <br> Huntington, West Virginia 25701 <br> office: 304.523.7285 <br> Mobile: 304.654.8281 <br> paul@farrell.law |
| Linda Singer <br> **MOTLEY RICE LLC** <br> 401 9th Street NW, Suite 1001 <br> Washington, DC 20004 <br> Tel: 202-232-5504 <br> Fax: 202-386-9622 <br> lsinger@motleyrice.com | /s/ *Anthony J. Majestro* <br> Anthony J. Majestro (WVSB No. 5165) <br> **POWELL & MAJESTRO, PLLC** <br> 405 Capitol Street, Suite P-1200 <br> Charleston, West Virginia 25301 <br> 304-346-2889 / 304-346-2895 (f) <br> amajestro@powellmajestro.com |
| Charles R. "Rusty" Webb (WVSB No. 4782) <br> **THE WEBB LAW CENTRE, PLLC** <br> 716 Lee Street, East <br> Charleston, West Virginia 25301 <br> Telephone: (304) 344-9322 <br> Facsimile: (304) 344-1157 <br> rusty@rustywebb.com | Michael A. Woelfel (WVSB No. 4106) <br> **WOELFEL AND WOELFEL, LLP** <br> 801 Eighth Street <br> Huntington, West Virginia 25701 <br> Tel. 304.522.6249 <br> Fax. 304.522.9282 <br> mikewoelfel3@gmail.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing was filed electronically in the CM/ECF electronic filing system and served via the same on all counsel registered in the system on April 24, 2020, as well as served via email to plaintiffs' listserv at mdl2804discovery@motleyrice.com and defendants' listserv at track2opioiddefendants@reedsmith.com.

/s/ Moniqúe Christenson
Moniqúe Christenson (SC Bar No. 104063)