IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    Plaintiff,

v.

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

    Defendant.

CIVIL ACTION NO. 3:17-01362

Hon. David A. Faber

---

**CABELL COUNTY COMMISSION,**

    Plaintiff,

v.

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

    Defendant.

CIVIL ACTION NO. 3:17-01665

Hon. David A. Faber

## DISCOVERY RULING NO. 3

The undersigned has received Defendants AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation's Motion to Compel Discovery Responses, seeking to compel Plaintiffs City of Huntington and Cabell County Commission to produce certain custodial files, as well as related exhibits. The undersigned has also received and reviewed Plaintiffs' Joint Memorandum in Opposition to Defendants' Motion to Compel Discovery Responses (Dkt. 326) and Defendants' Reply in Support of Defendants' Motion to Compel Discovery Responses (Dkt. 359).

Having reviewed carefully the parties' positions, the Special Master now enters the following discovery rulings.

**Huntington Employees Custodial Files**

As an initial matter, in the instant motion, Defendants sought "custodial files of the employees and departments identified in Huntington's discovery responses". *See* Defs' Mem., p. 2. The motion identifies six individuals whose custodial files are still in dispute and subject to the instant motion. *Id*. at 4-10.

However, Defendants aver in the Reply that after the motion was filed, the Plaintiffs have "now searched for responsive documents in the custodial files of those six custodians" and turned at least some responsive documents over to Defendants. *See* Reply, p. 5. For this reason, and for time to review such production, Defendants request that the motion be held in abeyance as to the Huntington custodians. *Id*. The undersigned finds this request shall be granted, and Defendants shall alert the Special Master if they determine that there remain disputes regarding those custodians and the completeness of production, as averred in the Reply. *Id*.

**Prosecuting Attorney Custodial Files**

Next, Defendants seek custodial files for certain individuals in the Cabell County Prosecutor's Office. *See* Defs' Mem., p. 10. Defendants argue these custodial files "are likely to contain highly relevant information, including details of investigations and prosecutions of doctors, pharmacists, illegal drug trafficking organizations, and others who engaged in misconduct that caused the opioid epidemic, breaking the causal chain between Defendants' alleged conduct and Plaintiffs' alleged harm". *See* Reply, p. 5. Plaintiffs object to the request as too burdensome, and Defendants specifically seek an order compelling the production of

custodial files related to twenty (20) individuals in the Cabell County Prosecutor's Office. *See* Def's Mem., p. 11.

As an initial matter, the Special Master notes his Discovery Ruling No. 1 (Dkt. 248), wherein the Cabell County Prosecutor's Office was ordered to produce some documents, regarding lists and statistics on arrests and investigations related to opioids. *See* Reply, p. 5-6; *see also* Def's Mem., p. 13.

Specifically, Discovery Ruling No. 1. directed as follows:

> The undersigned finds Plaintiffs should be directed to provide any lists, reports or other compilation of statistics of arrests for controlled substances by law enforcement agencies under their jurisdiction, or those which they have access to. This would include the Sheriff's Office and City of Huntington Police Department. Additionally, Cabell County should produce the same information from the Cabell County Prosecuting Attorney if available, along with any record. In the interests of the discovery deadline in place in this civil action, this direction applies to information that is already in Plaintiffs' possession or readily accessible.

The Special Master now finds and concludes that the instant motion shall be granted in part as to this topic. The undersigned concludes that the discovery request, as made, is too broad in nature, as much of that information is subject to disclosure under Discovery Ruling No. 1. As an example, the information Ordered to be produced by Discovery Ruling No. 1 and the produced files from the Circuit Clerks will provide evidence of any prosecutions of doctors, pharmacists or illegal drug trafficking organizations and therefore it would be duplicative and burdensome for Plaintiff Cabell County to have to search the custodial files for information already subject to disclosure from other sources.

The Special Master finds and concludes that a search should be performed for a discreet limited topic of prosecutors/assistants involving policy to combat the opioid crisis that may have occurred between the Prosecuting Attorney's office and the County Commission, or other

relevant agencies.  This includes any communication by the prosecutor or assistants of what steps were being taken to respond to the Opioid crisis as an official office policy.

Therefore, the parties are directed to agree to a concise search term list of no more than twenty keywords.  If an agreement cannot be made, the parties are directed to contact the Special Master within five days and a telephonic conference will take place.

Further, the general claims of privilege, etc. are too broad.  The general claim that the request is unduly burdensome, privileged, work product, or cumulative is legally insufficient to defeat the requested internal memorandum and email communications concerning the subject matter.

Therefore, once a review of the custodial files has been completed by Cabell County, and if responsive documents have been identified, Cabell County shall provide them to Defendants. If it is believed at that time that any uncovered document is subject to any claim of privilege or work product (recognizing that in West Virginia the Prosecutor at times acts as civil counsel for the County Commission - See West Virginia Code §7-4-1(a)), or any other claim defeating disclosure, and such claim is asserted, it must be specific as to the claim asserted and document it relates to. The demanded information and claim asserted shall then be delivered to the Special Master in the form of a traditional privilege log by overnight delivery and the objection will be ruled upon.  Plaintiffs review shall be completed no later than **May 25, 2020** and any responsive documents shall be provided to Defendants by **May 29, 2020**.  Also, objections to production should be received by the Special Master by **June 2, 2020.**

Finally, recognizing that disclosure of some of the information may place individuals at risk such as informants, confidential sources, and undercover officers, and further - that ongoing investigations could be jeopardized - the responsive document may be "sanitized" so as to

protect that information. The Special Master finds that a general disclosure satisfies the reason for the request to identify the activity and date. After review, if further disclosure is desired, the Defendants may request the Special Master review the information and, if warranted, it will be disclosed.

In this vein, regarding juvenile records, if any juvenile files containing identifying information are responsive, they must be redacted.

The Special Master notes this ruling is meant to provide relevant information exchange with consideration of proportionality, and not require production of irrelevant, cumbersome disclosures that have little if any significance to the underlying case at hand or issues to be proven by the request.

 RESPECTFULLY SUBMITTED,

/s/ Christopher C. Wilkes
Christopher C. Wilkes
Special Master

Dated:  April 28, 2020