# EXHIBIT B



**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5443*

April 24, 2020

**VIA E-MAIL**

Linda Singer
Motley Rice
401 9th Street NW, Suite 1001
Washington, DC 20004

      Re:    Touhy Requests in City of Huntington v. AmerisourceBergen Drug Corp., et al., 3:17-01362, and Cabell County Commission v. AmerisourceBergen Drug Corp., et al., 3:17-01665 (S.D.W.Va.)

Dear Ms. Singer:

The United States Department of Justice ("DOJ") received the attached March 19, 2020 letter in which you request disclosure of official DOJ information. *See* **Exhibit 1** (the "March 19 Letter"). Specifically, you ask the United States Drug Enforcement Administration ("DEA") to provide documents detailing 24 years of DEA operations in response to nine individual document requests. We understand these requests are in addition to the nine similarly broad individual document requests contained in your February 3, 2020 request for the disclosure of official DOJ information, also attached. *See* **Exhibit 2** (the "February 3 Letter").[1] To date, DOJ has authorized, and DEA and DOJ have disclosed, certain documents responsive to Requests 1, 2, and 5-9 in your February 3 Letter. *See* **Exhibit 5** (December 20, 2019 letter authorizing limited disclosure); and **Exhibit 6** (February 21, 2020 letter authorizing limited disclosure).

      As you are aware, federal regulations govern the disclosure of official DOJ information by federal employees and agencies, including the DEA. 28 C.F.R. § 16.21-.29. These regulations apply where, as here, the United States is not a party to the proceeding. Under those regulations, current and former DEA employees are prohibited from disclosing official information absent express authorization from DOJ. 28 C.F.R. § 16.22(a). The Supreme Court has long recognized the authority of federal agencies to regulate the disclosure of information by their employees. In *United States ex rel. Touhy v. Ragen*, the Supreme Court held that a federal employee could not be held in contempt for refusing to produce subpoenaed documents, where

---

[1] Plaintiffs originally requested the documents described in the February 3 Letter by subpoena dated October 24, 2019 (attached as **Exhibit 3**) and letter dated October 28, 2019 (attached as **Exhibit 4**), before this matter was remanded by the MDL Court in the Northern District of Ohio to the Southern District of West Virginia. We understand the February 3 Letter to confirm that Plaintiffs are still seeking the requested documents, notwithstanding the remand.

Linda Singer
April 24, 2020
Page 2

his refusal was based on regulations prohibiting the disclosure of official information without prior authorization. 340 U.S. 462, 468 (1951). Nor did such regulations invade the courts' authority to determine the admissibility of evidence. *Id.* at 468-70. This authority emanates from the federal government's sovereign immunity, even when a subpoena is directed against a federal agency or a federal employee or involves a subpoena for documents. *See COMSAT v. Nat'l Science Found*, 190 F.3d 269, 277 (4th Cir. 1999).

    Your compliance with the *Touhy* regulations is a condition precedent to obtaining information from a current or former DEA or DOJ employee. *See Smith v. Cromer*, 159 F.3d 875, 879-80 (4th Cir. 1998); *United States v. Wallace*, 32 F.3d 921 (5th Cir. 1994); *United States v. Bizzard*, 674 F.2d 1382 (11th Cir. 1982). The government has a "legitimate interest in orderly governmental operations and the proper use of officials' time." *Alex v. Jasper Wyman & Son*, 115 F.R.D. 156, 157 (D. Me. 1986). Once an agency determines not to provide information "in the context of private litigation when the government is not a party, a court should not order [information] to be given . . . without the showing of a compelling interest." *Alex*, 115 F.R.D. at 157; *COMSAT Corp. v. Nat'l Science Found.*, 190 F.3d 269, 278 (4th Cir. 1999) (to conserve agency resources and prevent a non-party agency from becoming embroiled in private litigation, the decision to permit employee testimony is committed to the agency's sole discretion). Whether the DEA and DOJ are required to produce documents or employees as witnesses in the context of these proceedings is a matter of the agency's discretion, sovereign immunity, and applicable federal law. *See COMSAT*, 190 F.3d at 277.

    Pursuant to 28 C.F.R. § 16.22, I am the official responsible for consulting with the DEA and authorizing any disclosure in response to your request. Federal regulations require me to consider whether disclosure is appropriate under the applicable rules of procedure and law concerning privilege. 28 C.F.R. § 16.26(a). I also cannot release official information if disclosure would:

1. Violate a specific statute or regulation;
2. Reveal classified information;
3. Reveal a confidential source or informant;
4. Reveal investigative techniques or investigatory records compiled for law enforcement purposes; or
5. Reveal trade secrets without the owner's consent.

28 C.F.R. § 16.26(b).

    After carefully considering your request, consulting with the DEA, applying all of the above factors, and reviewing the relevant procedural and substantive law, I have determined that your March 19, 2020 requests are not appropriate under the procedural rules governing the case. Further, I find that releasing the requested information would not be appropriate under the law concerning privilege; nor would it be appropriate under 28 C.F.R. § 16.26(b). In addition, I

Linda Singer
April 24, 2020
Page 3

have determined that, except to the limited extent authorized in the December 20, 2019 letter of Ava Rotell Dustin, Executive Assistant United States Attorney of the Northern District of Ohio, and my February 21, 2020 letter, further disclosures of documents in response to your February 3, 2020 requests are not appropriate under the procedural rules governing the case, the law concerning privilege, or 28 C.F.R. § 16.26(b).

1. **Your Document Requests Are Unreasonably Cumulative and Duplicative.**

Your requests are "unreasonably cumulative [and] duplicative" under Rule 26(b) of the Federal Rules of Civil Procedure, which sets forth the scope and limits of discovery in federal court. Courts limit the "frequency or extent of discovery" if they determine that "the discovery sought is unreasonably cumulative or duplicative." Fed.R.Civ.P. 26(b)(2)(C).

Several of your requests are unreasonably cumulative or duplicative with discovery requests to DEA in either Track One-A or Track One-B of the MDL. When the MDL Court remanded this case to the Southern District of West Virginia, the court believed "only limited, jurisdiction-specific discovery in the West Virginia cases would be necessary after remand." *See* **Exhibit 7**, Response to Motion for Clarification, Case No. 1:17-md-2804, Dkt. No. 351-1, at p. 2 (N.D. Ohio, April 17, 2020). Because of the extensive discovery taken from DEA in Track One-A, the MDL Court "did not believe that additional discovery from DEA was necessary or appropriate for a fair trial, applying the standards set out in Rules 26, 30, and 45 of the Federal Rules of Civil Procedure" following remand. *See id.* at p. 2-3. And yet, Requests 5-9 of your February 3 Letter are not geographically limited to West Virginia and seek documents concerning pharmacies, pharmacists, or dispensers. As such, these documents either were or should have been requested from the DEA in Track One-A, or have or should be requested from DEA in Track One-B or Track 3, where certain pharmacies are defendants.[2] Requests 8-10 of your March 19 Letter specifically seek documents concerning Rite Aid and CVS, both of which are defendants in Track One-B and are not defendants in this case. These requests require DEA to revisit document repositories that DEA already searched in connection with Track One-A and to take steps that are unnecessarily redundant with DEA's efforts to respond to ongoing discovery in Track One-B.

---

[2] On April 15, 2020, the Sixth Circuit granted the Track One-B Defendants' Petition for Interlocutory Review, and concluded that the MDL Court erred when it permitted the Track One-B Plaintiffs to amend their complaints to add allegations relating to the Defendants' dispensing conduct. *See* Opinion, *In re: National Prescription Opiate Litigation*, No. 20-3075, Dkt No. 50-3 (6th Cir. Apr. 15, 2020). On April 16, 2020, Judge Polster struck the dispensing claims from the Track One-B complaint and ordered the parties to meet and confer on a case for Track 3, which will focus on public nuisance claims against pharmacy defendants in their roles as distributors and dispensers. Case No. 1:17-md-2804, Dkt. No. 3261 (N.D. Ohio, April 16, 2020). While these developments may alter the scope of discovery in Track One-B, it nevertheless remains inappropriate to seek information in this case that is not relevant to the Plaintiffs' claims asserted in this forum.

Linda Singer
April 24, 2020
Page 4

      Discovery in MDL Track One-A imposed unique burdens on the DEA as a non-party, governmental agency. As acknowledged in the MDL Court's Response to Motion for Clarification (**Exhibit 7**, at pp. 1-2), the DEA's ultimate production in MDL Track One-A was the result of a time-consuming effort by the agency to narrow the initial universe of documents generated by the parties' incredibly broad requests. First, the DEA collected roughly 65 million pages of documents from 11 custodians, some of whom had left the agency years prior. Second, DEA and DOJ engaged in extensive negotiations with the parties to identify a subset of custodians and search terms that would provide the parties with responsive documents. Third, because the majority of the documents captured by these searches contained privileged or law enforcement sensitive information, every document was meticulously reviewed to ensure its production would not reveal such information or otherwise jeopardize the DEA's ability to carry out its critical mission. As part of this review, DEA conferred with other federal and state law enforcement agencies to evaluate potentially privileged or protected information. And fifth, after making these document productions, the DEA authorized and prepared multiple current employees to provide 30(b)(6) testimony. All of the above-described work in connection with MDL Track One-A was conducted by DEA personnel whose primary responsibilities are critical to the agency's efficient and effective execution of its core mission.

      To the extent the requests in your February 2 and March 19 Letters seek similar information to the information sought in MDL Track One-A or Track One-B, they require DEA to undertake unreasonably cumulative and duplicative efforts, and are therefore contrary to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure. Moreover, it is inconsistent with the MDL Court's understanding that no further discovery from DEA would be needed in this case upon remand.

2.     **<u>Your Request Fails to Provide a Summary of Information Sought.</u>**

      Your request fails to provide a summary of the information sought. A *Touhy* request must include "a summary of the information sought." 28 C.F.R. § 16.22(d). This statement is necessary to enable me to properly consider the propriety of the request and any applicable privileges or other prohibitions on disclosure. I cannot properly make that assessment without the requisite summary from Plaintiffs.

      The February 3 and March 19 Letters each contain a list of nine topics on which you are seeking documents, several of which are too broad or too vague to facilitate a meaningful search. All of these requests seek documents from 1995 to the present, and several are not limited to a particular case or set of cases. Where DOJ and DEA were able to understand your requests and identify a sufficiently clear and focused universe of documents potentially responsive to requests in your February 3 Letter, DOJ and DEA searched for, reviewed, and (where responsive documents appropriate for production were identified) produced documents responsive to these requests. Specifically, DEA and DOJ searched for documents responsive to Requests 1, 2, 3, 4,

Linda Singer
April 24, 2020
Page 5

and certain documents responsive to Requests 5-9 in your February 3 Letter, and ultimately produced certain documents responsive to Requests 1, 2, and 5-9.[3]

Your February 3 and March 19 Letters do not otherwise contain a sufficiently clear, focused, and specific description of the documents sought to facilitate any further response from DEA and DOJ. The requests for "guidance documents," "communications," "internal memoranda," and "administrative actions" in your February 3 Letter (Requests 5-9) seek 25 years of documents concerning multiple broad, undefined topics that are not focused on a particular DEA case, or set of DEA cases, or any particular component, division, or office of DEA or DOJ. Moreover, although we understand the nine document requests in your March 19 Letter to seek investigative files from certain specific DEA cases or categories of DEA cases, these requests do not specify what relevant, non-privileged information you expect these files to contain, given that DOJ is bound by the above-referenced prohibition on the disclosure of "investigative techniques or investigatory records compiled for law enforcement purposes." *See* 28 C.F.R. § 16.26(b).[4] With the limited exception of the documents that DOJ and DEA have been able to identify and produce in response to Requests 1, 2, and 5-9 of your February 3 Letter, both that letter and the March 19 Letter simply do not provide a reasonably specific summary that would allow me to determine the propriety of your requests, all privileges that may apply, or the scope of any authorized disclosure.

3.      **Your Request Fails to Provide a Statement of Relevance.**

Your request fails to detail why the information you seek is relevant to your claims in the litigation. A *Touhy* request must include an explanation of the requested information's "relevance to the proceeding." 28 C.F.R. § 16.22(c); *see also* § 16.22(d).

While you assert that the official information is "relevant" to Defendants' "knowledge or understanding of their legal duties," "noncompliance with those duties," and "knowledge or notice of deficiencies in their own programs or practices," this conclusory statement does not

---

[3]     As we have advised both Plaintiffs and Defendants in this action, there is an additional population of documents that may be responsive to Requests 5-9 in your February 3 Letter, as well as to one or more of Track Two Defendants' document requests, currently under review for potential production in response to a subpoena issued in Track One-B of the MDL.

[4]     The nine document requests in your March 19 Letter, which seek entire DEA investigative files relating to certain matters, differ materially from Requests 1-3 in your February 3 Letter, which were limited to documents obtained by the DEA/DOJ in discovery or through the execution of a search and seizure warrant. The documents sought by your February 3 Letter were not internal DOJ or DEA documents but rather documents generated by other entities. Such documents are not subject to the same privileges and protections as internal DEA and DOJ documents, which are more likely to be privileged or otherwise protected, and must therefore undergo a more labor-intensive and meticulous privilege review prior to production. The documents we produced were far less burdensome for DEA to review and produce than the DEA investigative files requested in your March 19 Letter.

Linda Singer
April 24, 2020
Page 6

explain how the requested information relates to these topics, which you further assert are "key issues" in the litigation. *See* February 3 Letter at 3; March 19 Letter at 1-2.

Specifically, the documents sought in Requests 5-9 of your February 3 Letter and Requests 1-9 of your March 19 Letter are not limited to, and do not have any obvious connection to, the knowledge or conduct of the Defendants in this action, all of whom are distributors of opioids. Requests 5-9 of your February 3 Letter generally seek DEA communications with pharmacies, pharmacists, and dispensers—not the Defendant distributors—or internal DEA documents concerning pharmacies, pharmacists, and dispensers. Similarly, Requests 1-9 of your March 19 Letter seek DEA and DOJ investigative files relating to various pharmacies—not distributors. Your February 3 and March 19 Letters fail to describe how these broad categories of information concerning pharmacies, pharmacists, and dispensers are probative of what the distributor Defendants knew or did. Your requests are not limited to documents referencing Defendants or their conduct. And, on their face, your requests seek large swaths of DEA and DOJ records—such as DEA communications with parties other than the Defendants and confidential DEA and DOJ investigative files concerning pharmacies, and not the Defendants themselves—to which Defendants have never had access. Absent some articulation of how this information is relevant to Defendants' knowledge or conduct or other matters at issue in this litigation, I am unable to evaluate the relevance of the requested information or to determine the scope of any disclosure that may be warranted here.

4.      **Your Document Requests Are Overly Broad and Unduly Burdensome.**

Your document requests are overly broad and unduly burdensome and therefore improper under Rules 26 and 45 of the Federal Rules of Civil Procedure. Courts routinely protect non-parties from the undue burden of discovery. *See, e.g., Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 317 (S.D.N.Y. 2009) (stating that courts are more sensitive to discovery burdens on third parties).

Compliance with your requests for DEA and DOJ documents in response to 18 individual document requests would be unduly burdensome. It would take a disproportionate amount of time for DEA staff to locate, copy, review, and redact this exceptionally large volume of documents. Aggravating this burden is the fact that you have propounded multiple requests seeking, or purporting to seek, documents pertaining to open and closed DEA investigations. Production of such documents require careful, resource-intensive review to redact privileged, law-enforcement sensitive, or otherwise protected information. Frequently, the DEA must also confer with other law enforcement agencies regarding any shared information. This burdensome review will disrupt the DEA's mission to prevent the diversion of controlled

Linda Singer
April 24, 2020
Page 7

substances because Diversion Control Division staff with the relevant knowledge and expertise would be required to complete this task.

5. **Your Document Requests Seek Law Enforcement Sensitive Information.**

Much of the information that you seek is protected from disclosure as law enforcement sensitive by DOJ's regulations. Pursuant to 28 C.F.R. § 16.26(b)(5), the DEA is prohibited from releasing information if "[d]isclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." For example, each and every one of the requests in your March 19 Letter seeks documents concerning "the investigation or prosecution" of various pharmacies. Many of the requests in your February 3 Letter may also reach law enforcement files.

The release of such information could reveal DEA's investigative techniques and enable wrongdoers to avoid detection, and section 16.26(b)(5) prohibits such a release. Moreover, even if some subset of the requested information can be disclosed without compromising law enforcement interests, it will impose a significant additional burden on the DEA to identify and withhold law enforcement sensitive information.

6. **Your Document Requests Seek Information Available from Other Sources, Including Defendants.**

Several of your requests seek documents that are more readily available from other sources, including defendants in this litigation or the MDL. It is unreasonable for Plaintiffs to seek this information from the DEA. Availability from a more convenient source is a defense to a subpoena served on a non-party, particularly a subpoena served on a government agency that uses the data for law enforcement purposes. *See Ohio Bureau of Workers Comp. v. MDL Active Duration Fund, Ltd.*, No. 2:05-CV-0673, 2006 U.S. Dist. LEXIS 82560 at *10-12 (S.D. Ohio 2006) (granting a motion to quash subpoena based on law enforcement privilege and availability of information from other sources).

For example, Requests 5-9 of your February 3 Letter and Requests 8-10 of your March 19 Letter encompass correspondence between DEA and various pharmacies. Such correspondence is equally available from pharmacies who are parties to the MDL, including certain Defendants in Track One-B. Moreover, to the extent that the documents concerning pharmacies in your February 3 or March 19 Letters have any relevance to the knowledge or conduct of the distributors that are Defendants in this litigation, those relevant documents are likely to be in Defendants' possession. Plaintiffs should seek this information from the parties, not the DEA, which has borne and continues to bear significant burdens from discovery in the MDL and other opioid-related litigations, all with a cost to the agency's efficient and effective execution of its core mission.

Linda Singer
April 24, 2020
Page 8

\* \* \*

The foregoing objections are not exhaustive, and DOJ and the DEA reserve the right to assert further objections in response to the requests as appropriate, including privileges and protections such as sovereign immunity, the attorney-client privilege, the work product doctrine, the deliberative process privilege, the investigative privilege, the informant's privilege, and the need to withhold classified information.

After carefully considering your requests, consulting with the DEA, applying all of the above factors, and reviewing the relevant procedural and substantive law, I have determined that your requests are unreasonably burdensome, cumulative, duplicative, and improper under the applicable substantive and procedural requirements. Therefore, I do not authorize the disclosure of the official information that you requested except to the extent described above and in the attached December 20, 2019 and February 21, 2020 letters authorizing certain limited disclosures.

If you have further questions, please do not hesitate to contact Assistant United States Attorney Fred Westfall, Civil Chief, of my office (Fred.Westfall@usa.doj.gov, 304-340-7246) or Trial Attorney Kelly Phipps of the United States Department of Justice, Civil Division (Kelly.E.Phipps@usdoj.gov, 202-353-1284).

Sincerely,

MICHAEL B. STUART
United States Attorney
Southern District of West Virginia
Acting Under Authority Conferred by 28 U.S.C. § 515

FBW/fbwjr

Enclosures

cc: xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
mdl2804discovery@motleyrice.com