# ADMINISTRATIVE ORDER

## SUPREME COURT OF APPEALS OF WEST VIRGINIA

RE:  TEMPORARY ORDER REGARDING CIVIL LITIGATION AND RULES OF CIVIL PROCEDURE IN CIRCUIT COURT

**Docket No. 20-Rules-04**

WHEREAS, on March 22, 2020, in response to the COVID-19 crisis, the Chief Justice of the Supreme Court of Appeals of West Virginia entered an Order declaring a Judicial Emergency, pursuant to Article 8, Section 3 of the Constitution of West Virginia, which grants the Supreme Court of Appeals of West Virginia constitutional supervisory power over the circuit courts, family courts and magistrate courts in West Virginia;

WHEREAS, by Amended Order dated April 3, 2020, said Judicial Emergency was extended to May 1, 2020, and, by Second Amended Order dated April 22, 2020, said Judicial Emergency was extended to May 15, 2020;

WHEREAS, due to the ongoing nature of the COVID-19 crisis, the Supreme Court of Appeals of West Virginia hereby deems it necessary, and in accordance with and as a supplement to the mandates of the Second Amended Order, to temporarily amend certain rules governing the conduct of civil litigation under the West Virginia Rules of Civil Procedure. Access to the courts requires that parties have the ability to conduct proceedings in civil cases, including hearings, depositions and mediations, as long as such proceedings are conducted remotely and consistent with the consent requirements and authority of the judicial officer to determine the reasonableness of a party's refusal to consent, as contained in the Second Amended Order. To reasonably manage civil litigation as required by W. Va. R. Civ. Pro. 16 and consistent with the mandate of W. Va. R. Civ. Pro. 1 that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," the circuit courts are directed as follows:

- Applicability of Rules: Unless expressly suspended or amended in this Temporary Order or the Second Amended Order, the West Virginia Rules of Civil Procedure and West Virginia Trial Court Rules remain in full effect.

- Assess Status of Pending Cases: West Virginia Rule of Civil Procedure 16(a) provides circuit courts with discretion to "direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial." Rule 16(b) provides that judges shall enter scheduling orders establishing deadlines for joinder, discovery, and trial. Rule 16 conferences are allowed to assess the status of pending cases, particularly discovery and readiness for trial, and establish new or amended scheduling orders, including trial dates.

Exhibit J

- o Circuit courts are authorized under Rule 16 to assess the status of pending civil cases that have trial dates that are currently set in the six (6) months immediately following entry of this Temporary Order. Parties in those cases shall schedule remote status conferences with the appropriate circuit court where any issue related to the COVID-19 crisis affects existing deadlines or require amendments to an existing scheduling order.

- o The provisions of T.C.R. 16.05, Time Standards for Civil Cases, are suspended, except as provided herein. However, the intent of this order is to authorize circuit courts to, if practicable, utilize their authority under W. Va. R. Civ. Pro. 16 to manage cases to resolution consistent with the mandate of T.C.R. 16(c) that "[f]inal judgment shall be entered in general civil cases within eighteen (18) months of the filing of the complaint." Upon lifting of this Temporary Order, T.C.R. 16 will be in full effect.

- Hold Remote Hearings: As directed in the Court's judicial emergency orders, all hearings and proceedings should utilize available technology to limit person-to-person contact whenever possible. If a hearing is required to conduct status conferences, resolve motions, or address other issues, such proceedings shall be conducted remotely, using telephone or videoconferencing technology, so as to not require the physical presence of court personnel, court reporters, lawyers or parties, as permitted by T.C.R. 14.01.

- Decide Fully Submitted Motions: Circuit courts are authorized to rule on fully briefed motions in civil cases.

  - o Motion practice remains subject to W. Va. R. Civ. Pro. 7(b) and 11, and T.C.R. 22.01.

  - o The requirement in W. Va. R. Civ. Pro. 6(d) that responses to motions are due in relation to the time set for hearing is suspended. In order to allow motion practice to proceed, unless otherwise ordered by the circuit court in a particular case, responses to motions shall be due fourteen (14) days after service, and replies to responses are due seven (7) days after service of the response. For any motion pending as of the entry of this Temporary Order to which no response has been filed, responses are due fourteen (14) days after the entry of this Temporary Order, and replies are due 7 days after service of the response, unless otherwise ordered by the circuit court. Computation of time is subject to W. Va. R. Civ. Pro. 6(a).

  - o Each motion and response filed after the entry of this Temporary Order shall comply with the requirements of T.C.R. 6, and include a concise, accurate, and clear summary of the argument made in the body of the motion and

shall contain a statement as to whether or not a hearing is necessary. With respect to non-dispositive motions, counsel shall provide proposed orders with any motion or response that fairly address the issues that are the subject of the motion. Proposed orders for dispositive motions need not be filed with the motion; however, if requested by the circuit court, they shall contain detailed findings of fact and conclusions of law and shall be submitted as directed by the circuit court pursuant to T.C.R. 24.01.

- o Motions to seal documents are subject to W. Va. R. Civ. Pro. 26(c), and, where applicable, T.C.R. 15A.23. Counsel may deliver documents subject to a motion to seal to the court separately by email. Counsel are directed to meet and confer remotely regarding the need to file documents under seal.

- o The requirement of T.C.R. 6.03 that copies of memoranda be "filed with the judicial presiding officer" and T.C.R. 6.04 regarding copies of extra-jurisdictional authorities are suspended; counsel may provide such documents as permitted where e-filing is in effect subject to T.C.R. 15A, by email or as otherwise directed by the circuit court. Counsel may, in the same manner, provide copies of all authorities relied upon in the memorandum.

- o Upon review of motions the circuit court shall either schedule argument or decide the motion based on the materials submitted.

- o All hearings or other proceedings are to be handled remotely, using telephone or videoconferencing technology, so as to not require the physical presence of court personnel, court reporters, lawyers or parties as provided in T.C.R. 14.01.

- Discovery – In General

  - o Due to the various effects of the COVID-19 crisis, including illness, the effect of governmental orders directing that businesses remain closed, or that employees be permitted to work remotely, or otherwise, counsel and parties are directed to respond as fully as possible under the circumstances to written discovery. Written responses should include an explanation as to any such limitations, including reference to applicable governmental restrictions. All responses remain subject to supplementation as required by W. Va. R. Civ. Pro. 26(e). Parties are encouraged, to the fullest extent possible consistent with their duties as advocates, to (1) confer in an attempt to resolve all discovery disputes as required by W. Va. R. Civ. Pro. 37(a) and to (2) reach agreement and stipulation as to discovery as permitted by W. Va. R. Civ. Pro. 29. To the extent the COVID-19 crisis results in difficulties for a party to comply with properly executed discovery requests, the obligation of the parties to meet and confer regarding that discovery

shall be conducted with the aim towards permitting otherwise proper discovery to the greatest extent possible under the circumstances.

- Discovery requests and responses may be served on counsel via email or other readily accessible electronic means. Counsel are encouraged to meet and confer remotely regarding the protocol to be used for such electronic transmissions.

- While stipulations pursuant to W. Va. R. Civ. Pro. 29 are encouraged, circuit courts may exercise discretion regarding the enforcement of agreements that are reduced to writing. Motions filed without the certification required by W. Va. R. Civ. Pro. 37(a) shall be denied.

- Circuit courts will maintain availability to the greatest extent possible during normal court hours to resolve discovery disputes. Hearings required to resolve disputes are to be handled remotely, using telephone or videoconferencing technology, so as to not require the physical presence of court personnel, court reporters, lawyers or parties as provided in T.C.R. 14.01. It shall be the responsibility of the moving party to contact the circuit court in order to schedule a hearing date. Circuit courts are directed to schedule such hearings as expeditiously as practicable.

- Circuit courts are authorized pursuant to W. Va. R. Civ. Pro. 53, on their own initiative, on motion, or by agreement of the parties, to appoint an independent commissioner to decide discovery disputes and recommend disposition. Hearings before the discovery commissioner are subject to the provisions of this order. Costs related to the discovery commissioner are to be assessed to the parties as provided by the circuit court.

- Discovery – Depositions.

  - Pursuant to W. Va. R. Civ. Pro. 30(b)(8), depositions by remote electronic methods are permitted. For the purposes of Rule 30 and Rules 28(a), 37(a)(1), 37(b)(1) and 45(d), a deposition taken by telephone or other electronic method is taken in the state and at the place where the deponent is to answer questions propounded to the deponent.

  - Depositions of health care providers and first responders involved in the treatment of COVID-19 patients are not permitted, absent agreement of the witness, or a court order upon a clear and compelling showing of good cause.

  - W. Va. R. Civ. Pro. 30 is amended for the duration of this Temporary Order as follows:

- All depositions during the pendency of this Temporary Order are to be taken remotely as provided in W. Va. R. Civ. Pro. 30(b)(8) and will be referred to as "remote depositions" in this Temporary Order.

- W. Va. R. Civ. Pro. 28 and 29 are clarified to expressly permit remote attendance by court reporters without order of the court or as stipulated by the parties.

- The provisions of W. Va. R. Civ. Pro. 30(b)(8) requiring either the parties to stipulate in writing or the court to order that a deposition be taken by telephone or other remote electronic means are suspended; however, counsel seeking to take a remote deposition shall meet and confer remotely with counsel in the case and with third-party witnesses as set forth in this Temporary Order before serving notice of a remote deposition.

- Counsel seeking to take a remote deposition is directed to confirm that the witness to be deposed is available and has access to the appropriate technology to participate. Counsel taking a deposition is responsible to provide such technology if necessary. It is acceptable for counsel to arrange a place for a deponent to appear providing that all applicable social distancing measures are complied with. Counsel are encouraged to reach agreement with the witness to appear to avoid the need to require service of subpoenas.

- If, after conferring as required by this order, a party or witness objects or files a motion for protective order pursuant to W. Va. R. Civ. Pro. 26, a motion to quash subpoena under W. Va. R. Civ. Pro. 45(d)(3), or objects in writing under W. Va. R. Civ. Pro. 45(d)(2)(B), the deposition shall not proceed until the issue is resolved by the circuit court. For good cause shown, the circuit court may shorten the periods set forth in this Temporary Order for the filing and responses to motions.

- Depositions under W. Va. R. Civ. Pro. 30(b)(7) are permitted only by agreement or court order upon good cause shown. The meet and confer requirements of this Order are applicable to requests to take Rule 30(b)(7) depositions.

This Temporary Order shall be effective upon entry, and remain in force and effect for seven (7) days, pending the receipt and consideration of comments regarding its directives to the Office of the Clerk. Unless amended at that time, the Order shall remain in effect thereafter until rescinded or superseded by Order of the Chief Justice of the Supreme Court of Appeals of West Virginia. Furthermore, it is ORDERED that this Order supersedes any local administrative order issued by a judicial official.

The Clerk of Court is hereby directed to distribute copies of this Administrative Order by appropriate means to all circuit court judges.

ENTERED: April 24, 2020

_____
Tim Armstead, Chief Justice

_____
Edythe Nash Gaiser, Clerk of Court