## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
| Defendants. | |
| _____ | |
| CABELL COUNTY COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
| Defendants. | |

## CARDINAL HEALTH, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' (FIRST) COMBINED DISCOVERY REQUESTS

Defendant Cardinal Health, Inc. ("Cardinal Health") serves these Supplemental Objections and Responses to Plaintiffs' (First) Combined Discovery Requests (the "Requests").

## RESERVATION OF RIGHTS

1.      Cardinal Health's investigation and discovery are ongoing as to all matters referred to in these Objections and Responses to Plaintiffs' Interrogatories.  Cardinal Health's Objections and Responses reflect its investigation to date.  Cardinal Health reserves the right to modify and supplement its Objections and Responses as appropriate.

2.     These Objections and Responses are made without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of information or documents produced in response to these Interrogatories and Requests; (ii) the right to object on any ground to the use of the information or documents produced in response to the Requests at any hearings or at trial; (iii) the right to object on any ground at any time to a request for further responses to the Requests; or (iv) the right at any time to revise, correct, add to, supplement, or clarify any of the objections contained herein.

3.     The information and documents provided in response to these Requests are for use in this litigation and for no other purpose.  Any production of documents will be subject to the Protective Order (Dkt. No. 441) and the Agreed Order Governing Privilege (Dkt. No. 2882).

## GENERAL OBJECTIONS

The following Objections apply to each Request whether or not specifically referred to or incorporated in each response:

1.     Cardinal Health objects to the Requests to the extent that they purport to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1-3, and Discovery Ruling No. 3.

2.     Cardinal Health objects to the Requests to the extent they call for the production of information that is already in the possession, custody, or control of Plaintiffs or Plaintiffs' counsel, that is publicly available, or is available through less burdensome means.

3.     Cardinal Health objects to the Requests to the extent they seek "All Documents" when it would be unduly burdensome and not proportional to search for or produce each responsive document.

4.     Cardinal Health objects to these Requests to the extent they call for the production of information or documents that are protected from disclosure by the attorney-client privilege or the work product doctrine, or prepared in anticipation of litigation or for trial, or any other applicable privilege, protection, or immunity.  Cardinal Health does not agree to produce such information or documents.  In accordance with the Protective Order (Dkt. No. 441), the Agreed Order Governing Privilege (Dkt. No. 2882), and Federal Rule of Evidence 502(d), in the event any such protected information or documents are produced in response to these Requests, the production is inadvertent and does not waive Cardinal Health's right to assert the applicability of any privilege, protection, or immunity to information or documents, and any such documents shall be returned to counsel for Cardinal Health immediately upon discovery thereof.

5.     Cardinal Health objects to the Requests to the extent that they assume any fact, event, or legal conclusion is true or that any characterization is accurate.  No response is an admission of any factual characterization or legal contention contained in any individual Request.

6.     Cardinal Health Cardinal Health incorporates by reference in full and without waiver each of its Objections, as set forth in its Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents (May 29, 2018).

## OBJECTIONS & RESPONSES TO DISCOVERY REQUESTS

**Request No. 1**:

Please produce all ***transactional data*** related to the distribution of prescription opioids arising out of CT2 from January 1, 1996 to the present.

**Objection and Response to Request No. 1:**

Cardinal Health objects to the Request to the extent that it purports to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1-3, and Discovery Ruling No. 3. Cardinal Health further objects to the Request to the extent information responsive to this Request is already in the possession, custody, or control of Plaintiffs. Cardinal Health objects to the extent this information is not relevant to Plaintiffs' claims.

Subject to and without waiving its Objections, Cardinal Health will produce the transactional data for its customers in Cabell County and the City of Huntington, WV, from January 1, 1996 through May 29, 2018 that can be located after a reasonable search.

**Supplemental Objection and Response to Request No. 1:**

Cardinal Health incorporates by reference its objections and response to this request as stated above.  Subject to and without waiving its objections, Cardinal Health responds that it produced transactional data for customers in West Virginia, Kentucky, and Ohio at CAH_MDL2804_03468426 through CAH_MDL2804_03468433.

**Request No. 2:**

Please identify in chronological order the title of each ***Suspicious Order Monitoring System (SOMS)*** policy in force from January 1, 1996, to the present and produce a copy of the same.  After each entry, please identify the Bates range which corresponds to each policy to enable a jury to correlate each policy in your written answer to each document produced.

**Objection and Response to Request No. 2:**

Cardinal Health objects to the Request to the extent that it purports to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by,

the Federal Rules of Civil Procedure, the Applicable local rules, Case Management Orders 1-3,

and Discovery Ruling No. 3.  Cardinal Health objects to the extent this Request seeks irrelevant

information.  Cardinal Health objects that this Request seeks information that is cumulative

and/or duplicative of information previously produced to Plaintiffs by Cardinal Health.  Cardinal

Health objects to this Request to the extent it purports to speak for or usurp the role of any jury.

Cardinal Health further objects because the policies it produced to Plaintiffs identify their dates

of issue and thus the burden of deriving the information requested would be the same for

Cardinal Health as for Plaintiffs.

Subject to and without waiving its Objections, Cardinal Health states that pursuant to

Rule 33(d) of the Federal Rules of Civil Procedure, it has already identified and produced to

Plaintiffs policies relating to its SOM systems.  *See, e.g.,* Exhibit A (MDL Production Index).

*See also* Cardinal Health's Third Suppl. Objs. & Resps. to Combined Discovery Requests

(March 4, 2019), which Cardinal Health incorporates herein by reference.  To the extent Cardinal

Health identifies additional documents responsive to this Request after a reasonable search,

Cardinal Health will produce those documents to Plaintiffs.

**Supplemental Objection and Response to Request No. 2**:

Cardinal Health incorporates by reference its objections and response to this request as

stated above.  Subject to and without waiving its objections, Cardinal Health responds that it has

provided information regarding the dates of its SOM systems on the policies and procedures it

has produced, as referenced above; in the testimony of Cardinal Health's Rule 30(b)(6) witness;

in written responses to Plaintiffs' 30(b)(6) topics; and as reflected in the documents themselves.

Nevertheless, Cardinal Health will agree to supplement its response to this Request to identify

policies and procedures for its suspicious order monitoring and anti-diversion programs in

chronological order.

**Request No. 3**

> Please identify each ***suspicious order*** you reported to any regulatory body, including the DEA and/or the West Virginia Board of Pharmacy, arising out of CT2 and produce all documents related thereto.  After each entry, please identify the Bates range which corresponds to each suspicious order to enable a jury to correlate each suspicious order in your written answer to each document produced.

**Objection and Response to Request No. 3:**

Cardinal Health objects to the Request to the extent that it purports to impose burdens

on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized

by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders

1-3, and Discovery Ruling No. 3.  Cardinal Health objects to this Request on the grounds that

it is overly broad and unduly burdensome, calling for "All Documents."  Cardinal Health

objects to this Request to the extent it purports to speak for or usurp the role of any jury.

Cardinal Health further objects because the reports made to regulatory bodies related to orders

made by Cardinal Health's customers in the Track 2 jurisdictions that Cardinal will produce

will identify the date of the report and thus the burden of deriving the requested information

would be the same for Cardinal Health as for Plaintiffs.

Subject to and without waiving its Objections, Cardinal Health states that it will

produce responsive documents that can be located after a reasonable search.  Cardinal Health

further responds that in the ordinary course of business, Cardinal Health retains records

pursuant to applicable records retention policies.  Retention periods of documents set forth in

these policies may be extended if subject to a legal instrument or hold.  Cardinal Health

further responds that it complies with DEA regulations concerning the retention of documents by registrants.

Documents that are no longer subject to retention pursuant to the policy, law and/or regulation, or a litigation hold may (but will not necessarily) be discarded.  Based on its investigation to date, Cardinal Health has determined it does not have centralized records of orders for opioids placed by Cardinal Health customers in the City of Huntington and Cabell County that the company reported to the DEA and regulators for the State of West Virginia before January 1, 2013.  Cardinal Health also incorporates herein by reference its Third Suppl. Objs. & Resps. to Combined Discovery Requests (March 4, 2019).

**Supplemental Objection and Response to Request No. 3**:

Cardinal Health incorporates by reference its objections and response to this request as stated above.  Subject to and without waiving its objections, Cardinal Heath responds that it has produced centralized records of orders placed by Cardinal Health customers in Cabell County and City of Huntington, WV that the company reported to the DEA and state regulators from November 19, 2010 to May 29, 2018.  These records can be found at CAH_MDL2804_03468434.  To the extent that additional centralized records of orders placed by Cardinal Health customers in Cabell County and the City of Huntington that the company reported to the DEA and state regulators can be located after a reasonable search, Cardinal Health will produce such documents.

**Request No. 4**

Please produce the ***due diligence file*** for each of your customers in CT2.  Please identify the Bates range which corresponds to each due diligence file to enable a jury to correlate each due diligence file to each of your customers.

**Objection and Response to Request No. 4:**

Cardinal Health objects to this Request to the extent that it purports to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1–3, and Discovery Ruling No. 3.  Cardinal Health objects to this Request to the extent it purports to speak for or usurp the role of any jury.  Cardinal Health further objects because the centralized due diligence files for Cardinal Health's customers in the Track 2 jurisdictions that Cardinal will produce will identify on their face the customer (and customer DEA number) associated with that file, and thus the burden of deriving the requested information would be the same for Cardinal Health as for Plaintiffs.

Subject to and without waiving its Objections, Cardinal Health responds that to the extent they can be located after a reasonable search, Cardinal Health will produce centralized due diligence files for its customers in Track 2.  Additional documents relating to Cardinal Health's distribution of opioids, its controlled substance anti-diversion program, and its diligence efforts related to those customers have been produced from the files of multiple Cardinal Health custodians, in productions from non-custodial sources, and in the prior productions Cardinal Health produced in response to Paragraph 9.k.ii of Case Management Order No. 1 (Doc. No. 232).  *See* Exhibit A.  Cardinal Health will produce additional documents relating to its Track 2 customer diligence that can be located after a reasonable search.

Cardinal Health further responds that in the ordinary course of business, Cardinal Health retains records pursuant to applicable records retention policies.  Retention periods of documents set forth in these policies may be extended if subject to a legal instrument or hold.

8

Cardinal Health further responds that it complies with DEA regulations concerning the retention of documents by registrants.  Documents that are no longer subject to retention pursuant to the policy, law and/or regulation, or a litigation hold may (but will not necessarily) be discarded.

**Supplemental Objection and Response to Request No. 4**:

Cardinal Health incorporates by reference its objections and response to this request as stated above.  Subject to and without waiving its objections, Cardinal Heath responds that it has produced centralized due diligence files for its customers in Track 2 at the following production numbers:

| Beg Range | End Range | DEA Number |
|---|---|---|
| CAH_FEDWV_00000001 | CAH_FEDWV_00000027 | AF1585922 |
| CAH_FEDWV_00000028 | CAH_FEDWV_00000086 | AR2778845 |
| CAH_FEDWV_00000087 | CAH_FEDWV_00000089 | AR6055025 |
| CAH_FEDWV_00000090 | CAH_FEDWV_00000110 | AS7523118 |
| CAH_FEDWV_00000111 | CAH_FEDWV_00000117 | BC9465990 |
| CAH_FEDWV_00000118 | CAH_FEDWV_00000127 | BC9853981 |
| CAH_FEDWV_00000128 | CAH_FEDWV_00000149 | BD0427927 |
| CAH_FEDWV_00000150 | CAH_FEDWV_00000164 | BF1434555 |
| CAH_FEDWV_00000165 | CAH_FEDWV_00000355 | BG6892625 |
| CAH_FEDWV_00000356 | CAH_FEDWV_00000366 | BH3777046 |
| CAH_FEDWV_00000367 | CAH_FEDWV_00000381 | BH9558771 |
| CAH_FEDWV_00000382 | CAH_FEDWV_00000391 | BM7449235 |
| CAH_FEDWV_00000392 | CAH_FEDWV_00000472 | BM7641512 |
| CAH_FEDWV_00000473 | CAH_FEDWV_00000475 | BR4321787 |
| CAH_FEDWV_00000476 | CAH_FEDWV_00000476 | BR4365486 |
| CAH_FEDWV_00000477 | CAH_FEDWV_00000493 | BS1588168 |
| CAH_FEDWV_00000494 | CAH_FEDWV_00000879 | BT5541760 |
| CAH_FEDWV_00000880 | CAH_FEDWV_00000891 | FF5740813 |
| CAH_FEDWV_00000892 | CAH_FEDWV_00000911 | FF6451948 |
| CAH_FEDWV_00000912 | CAH_FEDWV_00000928 | FM2051477 |
| CAH_FEDWV_00000929 | CAH_FEDWV_00000954 | FM4902400 |
| CAH_FEDWV_00000955 | CAH_FEDWV_00000970 | FM5113597 |
| CAH_FEDWV_00000971 | CAH_FEDWV_00001109 | BC9853981 |

| CAH_MDL2804_01287246 | CAH_MDL2804_01287299 | BR4365486 BR4321787 AR6055025 BR4301545 FW4992120 FW5720025 |
|---|---|---|
| CAH_MDL2804_01287374 | CAH_MDL2804_01287453 | AK8905018 |
| CAH_OHAG_0229735 | CAH_OHAG_0229747 | BK5090941 BK0386347 BK4885933 |
| CAH_MDL2804_01287454 | CAH_MDL2804_01287525 | FW1925568 FW1365748 |
| CAH_OHAG_0229682 | CAH_OHAG_0229685 | BH3777046 BR1794026 |

Cardinal Health will continue to produce on an ongoing and rolling basis any additional documents relating to its Track 2 customer diligence that can be located after a reasonable search.

**Request No. 5**

Please identify each *sales representative(s)* responsible for the CT2 territory and produce the custodial file for each.  Please identify the Bates range which corresponds to each custodial file to enable a jury to correlate each name in your written answer to each custodial file produced.

**Objection and Response to Request No. 5:**

Cardinal Health objects to this Request to the extent that it purports to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1–3, and Discovery Ruling No. 3.  Cardinal Health objects to this Request on the grounds that it is overly broad, not proportionate, and unduly burdensome, calling for the identification of "each sales representative(s) responsible for the CT2 territory."  Cardinal Health objects that the phrase "responsible for" is vague and ambiguous.  Cardinal Health objects to this Request on the

grounds that it seeks the production of documents that are not relevant to the subject matter of this action.

Subject to and without waiving its Objections, Cardinal Health responds that it has previously produced the custodial files of Chris Lanctot (Vice President, Independent Sales) and Ray Carney (Director, Independent Sales).  These individuals had sales-related responsibilities within the territory covering the Track 2 jurisdictions.  The Bates ranges for these productions are on Exhibit A.  To the extent Cardinal Health identifies additional relevant information in the custodial files of Messrs. Lanctot and Carney concerning the Track 2 jurisdictions after a reasonable search, Cardinal Health will provide that information to Plaintiffs and supplement Exhibit A accordingly.

**Supplemental Objection and Response to Request No. 5:**

Cardinal Health incorporates by reference its objections and response to this request as stated above.  Subject to and without waiving its objections, Cardinal Heath responds that it has produced custodial files for Chris Lanctot at CAH_FEDWV_00007961 through CAH_FEDWV_00007994, CAH_MDL2804_00126427 through CAH_MDL2804_00128084, CAH_MDL2804_00135239 through CAH_MDL2804_00135240, CAH_MDL2804_00617631 through CAH_MDL2804_00617995, CAH_MDL2804_00619637 through CAH_MDL2804_00620597; and for Ray Carney at CAH_FEDWV_00002489 through CAH_FEDWV_00002662, CAH_MDL2804_00124925 through CAH_MDL2804_00126426, CAH_MDL2804_00617321 through CAH_MDL2804_00617630, CAH_MDL2804_00619127 through CAH_MDL2804_00619636, CAH_MDL2804_00747716 through CAH_MDL2804_00747798, and CAH_MDL2804_03415068 through

CAH_MDL2804_03415072.  Additional documents for those custodians were produced at

CAH_MDL2804_00094605 through CAH_MDL2804_00124799.

**Request No. 6**

Please produce all documents in your possession, custody, and/or control related to *Safescript Pharmacy #6* (DEA # BS8246349) formerly located at 335 Fourth Avenue in Huntington, Cabell County, West Virginia.

**Objection and Response to Request No. 6:**

Cardinal Health objects to this Request to the extent that it purports to impose burdens

on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized

by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders

1–3, and Discovery Ruling No. 3.  Cardinal Health objects to the extent that Plaintiffs request

irrelevant information.

Subject to and without waiving its Objections, based on a reasonable investigation to

date, Cardinal Health has determined that it did not ship opioids (or any other pharmaceutical

medications) to this pharmacy.  Cardinal Health states that it has already produced at least one

document relating to this pharmacy.  *See* CAH_MDL2804_01894548.  To the extent any further

relevant, nonprivileged documents can be located after a reasonable search, Cardinal Health will

produce documents responsive to this request.

**Request No. 7**

Please produce all documents in your possession, custody, and/or control related to **Anita T. Dawson, DO** (CSL# OD0926) formerly practicing medicine at 1798 Midland Trail, Milton, Cabell County, West Virginia.

**Objection and Response to Request No. 7:**

Cardinal Health objects to this Request to the extent that it purports to impose burdens

on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized

by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1–3, and Discovery Ruling No. 3.  Cardinal Health objects to the extent that Plaintiffs request irrelevant information.

Subject to and without waiving its Objections, based on a reasonable investigation to date, Cardinal Health has determined that it did not ship opioids (or any other pharmaceutical medications) to Anita Dawson or her former practice.  Cardinal Health further states that it has already produced documents related to this individual.  *See* CAH_MDL2804_00867493 and CAH_MDL2804_03155498.  To the extent any further relevant, nonprivileged documents are located after a reasonable search, Cardinal Health will produce documents responsive to this request.

**Request No. 8**

Please produce all documents produced to the United States House Energy and Commerce Committee arising out of its investigation into "opioid dumping" into West Virginia.

**Objection and Response to Request No. 8:**

Cardinal Health objects to this Request to the extent that it purports to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1–3, and Discovery Ruling No. 3.  Cardinal Health objects to the extent that Plaintiffs request irrelevant information.  Cardinal Health objects to this Request's characterization of the nature of the House Energy and Commerce Committee investigation that began in May 2017.

Subject to and without waiving its Objections, Cardinal Health states that it has produced in this litigation all documents produced to the House Energy and Commerce

Committee with respect to an investigation relating to opioids that began in May 2017.  *See*

CAH_MDL_PRIORPROD_HOUSE_0000001–0004085.

**Request No. 9**

Please produce all documents produced to the West Virginia Attorney General.

**Objection and Response to Request No. 9:**

Cardinal Health objects to this Request to the extent that it purports to impose burdens

on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized

by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders

1–3, and Discovery Ruling No. 3.  Cardinal Health objects to the extent that Plaintiffs request

irrelevant information.

Subject to and without waiving its Objections, Cardinal Health states that it has

produced in this litigation documents produced to the West Virginia Attorney General. *See*

Exhibit A; CAH_MDL_PRIORPROD_AG_0015504–0028687.

**Request No. 10**

Please produce all documents related to internal investigations referencing the
distribution of prescription opioids in West Virginia.

**Objection and Response to Request No. 10:**

Cardinal Health objects to this Request to the extent that it purports to impose burdens on

Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by,

the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1-3,

and Discovery Ruling No. 3.  Cardinal Health objects to the extent that Plaintiffs request

irrelevant information. Cardinal Health objects to this Request to the extent it seeks information

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

applicable privileges. Cardinal Health objects that the following phrases render this Request

14

vague, unduly burdensome, and seek irrelevant information: "all documents," "related to," and "referencing the distribution of prescription opioids in West Virginia." Cardinal Health is willing to meet and confer with plaintiffs regarding this Request.

**Supplemental Objection and Response to Request No. 10:**

Cardinal Health incorporates by reference its objections and response to this request as stated above. Subject to and without waiving its objections, Cardinal Heath responds that it has already produced documents responsive to this request, including the Investigation Report of the Special Demand Committee at CAH_MDL_PRIORPROD_HOUSE_0003331. In addition, Cardinal Health will produce any non-privileged documents related to "internal investigations" of particular pharmacies in Cabell County or the City of Huntington on a rolling basis to the extent that they are in relevant non-custodial sources or hit on agreed-upon search terms.

Cardinal Health further states that after conducting reasonable inquiries, it has not identified any additional non-privileged documents responsive to discovery request 10 at this time, although it will supplement this response if any additional, relevant, non-privileged documents are identified in the future.

**Request No. 11**

Please produce all presentations, including PowerPoints or slide decks, referencing the distribution of prescription opioids in West Virginia.

**Objection and Response to Request No. 11:**

Cardinal Health objects to this Request to the extent that it purports to impose burdens on Cardinal Health that are inconsistent with, more onerous than, or not otherwise authorized by, the Federal Rules of Civil Procedure, the applicable local rules, Case Management Orders 1-3, and Discovery Ruling No. 3. Cardinal Health objects to this Request on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome, calling for the identification of "all

presentations." Cardinal Health objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privileges. Cardinal Health objects to this Request on the grounds that it seeks the production of documents that are not relevant to the subject matter of this action.

Subject to and without waiving its Objections, to the extent that responsive, non-privileged documents can be located after a reasonable search in the files of agreed-upon custodians, Cardinal Health will produce such documents.

**Supplemental Objection and Response to Request No. 11:**

Cardinal Health incorporates by reference its objections and response to this request as stated above. Subject to and without waiving its objections, Cardinal Heath responds that it has already produced documents responsive to this request. *See, e.g.*, CAH_MDL2804_02070153; CAH_MDL2804_00128219. Cardinal Health will produce relevant, non-privileged documents on an ongoing and rolling basis to the extent that there are any in relevant non-custodial sources or hit on agreed-upon search terms.

Dated: March 4, 2020

Respectfully submitted,

*/s/ Michael W. Carey*
Michael W. Carey (WVSB #635)
David R. Pogue (WVSB #10806)
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com
**Counsel for Cardinal Health, Inc. in The City of Huntington action**

*/s/ Steven R. Ruby*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
bglasser@baileyglasser.com
sruby@baileyglasser.com
rfranks@baileyglasser.com
***Counsel for Cardinal Health, Inc. in Cabell County action***

Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
***Counsel for Cardinal Health, Inc.***