LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

NEELUM J. WADHWANI
(202) 434-5148
nwadhwani@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 10, 2020

*Via Email*

Michael J. Fuller
mike@mchughfuller.com

Paul T. Farrell, Jr.
paul@greeneketchum.com

Anne Kearse
akearse@motleyrice.com

Re: *City of Huntington v. AmerisourceBergen Drug Corporation, et al.*, **No. 17-01362**, and *Cabell County Commission v. AmerisourceBergen Drug Corporation, et al.*, **No. 17-1665**.

Counsel,

    I write concerning Plaintiffs' request for the deposition of Melissa Schrebe, the Compliance Officer at Cardinal Health's Wheeling Distribution Center.

    On January 31, 2020, counsel from Motley Rice—the attorneys for the City of Huntington—deposed Ms. Schrebe in *Anne Arundel County, MD v. Purdue Pharma., et al.*, No. C-02-CV-18-000021, an action pending in Maryland state court. Ms. Schrebe also gave a separate deposition in *Mayor & City Council of Baltimore v. Purdue Pharma L.P., et al.*, Case No. C-24-CV-18-000515, which counsel for City of Huntington also attended.

    During her January 31 depositions, Ms. Schrebe testified extensively about her role as a compliance officer. She explained that her day-to-day responsibilities include overseeing regulatory audits, communicating with regulators, ensuring proper licensure, assisting in the day-to-day operation of the Wheeling Distribution Center's compliance functions, and overseeing the training of employees within the Wheeling facility. Ex. 1 at 135:8–136:10 (Baltimore Transcript). Ms. Schrebe also occasionally visits pharmacies as part of her Compliance Officer duties. She testified that she never had concerns about diversion of prescription medications during her visits to pharmacies. Ex. 2 at 82:15-23 (Anne Arundel Transcript).

    At the end of her depositions, Ms. Schrebe testified that the geographic location of a pharmacy "absolutely [does] not" make any difference to how she performs her duties within the Wheeling Distribution Center. Ex. 1 at 143:11-20. And Ms. Schrebe confirmed that the geographic location of a pharmacy would not change a single answer she gave on those topics. Ex. 1 at 143:21–144:1.

WILLIAMS & CONNOLLY LLP

Plaintiffs' Counsel
February 10, 2020
Page 2

     Given that lead counsel for the City of Huntington was the lead questioner in one of these depositions (and was present for the other deposition), and in light of Ms. Schrebe's testimony about the nature of her responsibilities, it is neither necessary nor proper to subject Ms. Schrebe to a third deposition. Please advise whether Plaintiffs stand on their request to depose Ms. Schrebe for a third time in these actions and, if so, what unique and non-duplicative topics Plaintiffs would propose to cover.

                                              Sincerely,

                                              Neelum J. Wadhwani