IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01665 |

**DEFENDANTS' FOURTH DISCOVERY STATUS REPORT**

For the benefit of the Special Master and the information of the Court, Defendants submit their fourth biweekly discovery status report pursuant to the Court's request during the March 5, 2020 status conference.  *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1]

The COVID-19 pandemic continues to have a significant adverse impact on the progress of discovery in this case.  Third parties are producing documents very slowly—only four additional

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief from the Court, and any necessary motions will be filed separately.  This report is simply meant to update the Special Master on the progress of the case as the Court monitors the overall schedule and plans for the litigation.

SF: 323502-4

entities have produced documents since Defendants' last status report, and only one third party has fully complied with its production obligations. Third-party discovery is critical in this case, and these severe delays in the completion of third-party document discovery will further delay Defendants' ability to take third-party depositions.

Additionally, both Plaintiffs' document productions remain incomplete. Although Plaintiffs have repeatedly highlighted the numbers of documents and pages they have produced, roughly 43 percent of Huntington's produced documents are duplicates, and over 50 percent of Cabell County's produced documents are irrelevant. Plaintiffs' custodial and non-custodial productions alike have substantial gaps. Defendants have alerted Plaintiffs of these production failures numerous times, including in a detailed letter on April 28, but have yet to receive a complete or adequate response to the various deficiencies identified. In light of these failures, document discovery must continue, and Defendants cannot yet begin depositions of Plaintiffs' personnel.

Plaintiffs' production deficiencies, and the continued slow progress of third-party discovery, reinforce the need for an extension of the case schedule, as Defendants have requested. *See* Dkt. 347 (requesting that all pre-trial deadlines be extended by three months and that the trial be rescheduled to begin on or around December 1, 2020).

I.   **Plaintiffs' Production of Documents**

Despite representing, in their April 14 discovery status report, that they had substantially completed production of all agreed-upon custodial files (Dkt. 319 at 7), Plaintiffs continue to find, collect, and produce significant numbers of documents. Huntington produced over 61,000 pages of documents from the Huntington Police Department just before midnight on April 30—the current document production deadline—and it produced additional documents after the deadline expired. Huntington's April 30 production letter also informed Defendants—for the first time—

that "[e]arlier this week, Plaintiffs were made aware of additional hard copy documents that were identified while members of the Huntington Police Department were updating workspaces and which are believed to be attributable to the HPD Drug Unit and/or the Huntington Violent Crimes & Drug Task Force. As we were not aware of these documents prior to this week, these documents were not previously collected or reviewed for production." This last-minute discovery of documents that are indisputably relevant to this case calls into question the completeness of Plaintiffs' collection and production of documents.

This latest deficiency in Plaintiffs' document productions adds to an already long list of significant deficiencies that Defendants have identified. On April 28, Defendants sent Plaintiffs' counsel a letter detailing deficiencies identified in Plaintiffs' productions. As Defendants have explained in previous discovery status reports, the raw numbers of produced pages of documents do not accurately reflect the status of Plaintiffs' productions. For example, while Huntington has produced 342,122 documents, over 43 percent of those documents are duplicates. After de-duplicating Huntington's production, over 60 percent of the documents reviewed to date are irrelevant.

Similarly, over half of Cabell County's document production is irrelevant material. Some of these documents are junk files, such as a document from the "Sheriff Tax Office and Prosecuting Attorney" that is a "0 Byte File" without any native document (CCDS_0000034). Other documents are also plainly non-responsive, such as an email about West Virginia's concealed carry law (CC911_0016006) and a "mail-delivery-failure" email memorializing a failed attempt to send an email with the subject line "Why submission ace Dustin Hazelett walked away from UFC: He was genuinely happy | MMAjunkie" (EMS_CCEMS_0012749).

In their April 14 Second Joint Discovery Status Report, Plaintiffs represented that they had substantially completed production for all of their agreed-upon custodians. But Cabell has produced zero documents for ten of its 48 agreed-upon custodians. For the remaining 38 custodians, Cabell has produced fewer than 100 documents for 16 custodians (42 percent of the total) and fewer than 50 documents for 13 custodians (34 percent). Huntington's productions of custodial files are similarly deficient. Huntington has produced zero documents for eight of its 51 agreed-upon custodians. It has produced fewer than 100 documents for 11 custodians, and fewer than ten documents for six custodians. Defendants' April 28 letter identified specific production deficiencies with respect to *all* eight of the priority Cabell deponents and all but one of the 13 priority Huntington deponents. Among other issues, Defendants' review has revealed that a number of custodians have used personal email accounts to conduct official government business, but documents from those personal accounts have not been produced.

Plaintiffs' productions from non-custodial departmental files are also lacking. For example, over *80 percent* of the documents from the Cabell County Sheriff's Department are irrelevant, including numerous incident reports that do not involve opioids (*e.g.* CCDS_0007248). Similarly, Cabell County has produced only 98 documents from the Cabell County Commission—primarily agendas and minutes. Although these documents reflect that various records and reports were placed "on the record," the records and reports have not been produced.

Finally, following the Special Master's April 28 decision compelling production of documents from the Cabell County Prosecuting Attorney's Office (Dkt. 366), the parties are discussing the contours of that production. Per the Special Master's instructions in that ruling, Defendants proposed a limited set of 20 search terms to Plaintiffs on April 30. Under the ruling,

Cabell County's deadline for completing its production from the Prosecuting Attorney's Office is May 29, a month after the current deadline for completing document discovery.

## II.     Third-Party Discovery

Critical discovery from third parties continues to progress slowly, as Plaintiffs acknowledge in their latest discovery status report.  *See* Dkt 390 at 3.  Since Defendants filed their last status report, four third-parties have produced documents in response to the parties' subpoenas: Marshall Health made an additional production in response to Plaintiffs' subpoena; the National Board of Medical Examiners made its first production in response to Defendants' subpoena; and the West Virginia Office of the Insurance Commissioner ("WVOIC") produced data and documents pursuant to Defendants' subpoena.  Additionally, just last week the Cabell-Huntington Health Department (a third party) agreed to allow Plaintiffs to re-produce nearly 100,000 documents that Plaintiffs obtained many months ago but were not provided to Defendants.  Defendants have just begun the process of trying to determine if those documents are actually responsive to their third-party subpoena or if additional categories of documents remain outstanding.  Only the WVOIC has fully satisfied its subpoena obligations.

Other third parties have agreed to produce documents, but remain unable to do so for a number of weeks or months.  For example, Cabell Huntington Hospital intends to begin production on or around May 14.  And the Cabell County Drug Court has advised that it would require "several months" to extract historical data and documents responsive to Defendants' subpoena.  The West Virginia Board of Pharmacy has offered to allow Defendants to physically inspect documents, but Defendants are unable to travel to the Board's office to conduct such a review.  Similarly, the Board of Pharmacy is unable to determine whether custodial records exist on physical media until certain employees can return to the office.  Other third parties, such as the Board of Dentistry, Bureau for Children and Families, Valley Health Systems, and the Board of Registered

Professional Nurses, have been working to the fullest extent possible but are largely working remotely and have limited access to many of the responsive documents.

As discussed in Defendants' last status report, Defendants filed a motion to compel discovery responses from the DEA. *See* Dkt. 320, 321. DEA filed its opposition to Defendants' motion on April 30, 2020, and Defendants' reply will be filed on May 6. Additionally, Plaintiffs filed a motion to compel production of documents from DEA on May 1, 2020.

### III. Deposition Scheduling and Remote Depositions

On April 17, Plaintiffs filed a motion to compel discovery from Cardinal Health, in which they seek an order requiring the remote depositions of certain Cardinal Health witnesses. Cardinal Health filed its opposition to that motion on April 28. Defendants continue to believe that remote depositions should be the rare exception, not the rule, in this matter, and where required, they should be conducted only under careful procedures that the parties have yet to discuss or agree on. In any event, the many deficiencies in Plaintiffs' document productions prevent Defendants from proceeding to depositions at this time.

*       *       *

The discovery deficiencies identified in Defendants' prior status reports remain largely unresolved. Plaintiffs' document productions are incomplete, and Defendants therefore remain unable to take depositions of Plaintiffs' personnel. Some third parties continue slowly to produce documents, but many third parties have not yet produced any documents. The current case schedule continues to require adjustment, as explained further in Defendants' Motion to Extend Court Deadlines.

Respectfully Submitted,

***McKesson Corporation***
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
Jason L. Holliday (WVSB #12749)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200
jwakefield@flahertylegal.com
jholliday@flahertylegal.com

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky  40202
Telephone:  (502) 587-3400
Facsimile:  (502) 587-6391
cbrowning@stites.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

**Cardinal Health, Inc.**
By Counsel:

/s/ Brian A. Glasser
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*


/s/ Enu Mainigi
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com