# EXHIBIT A

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**PROVIDENCE, SC.**                                                              **SUPERIOR COURT**

(FILED: May 5, 2020)

| | |
|---|---|
| STATE OF RHODE ISLAND, by and through PETER NERONHA, Attorney General<br>    *Plaintiff*, <br><br>v.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; RHODES PHARMACEUTICALS L.P.; RHODES TECHNOLOGIES; RHODES TECHNOLOGIES INC.; RICHARD S. SACKLER; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; MALLINCKRODT PLC; MALLINCKRODT, LLC; SPECGX, LLC; CARDINAL HEALTH, INC.; MCKESSON CORPORATION d/b/a MCKESSON DRUG COMPANY; and AMERISOURCEBERGEN DRUG CORPORATION,<br>    *Defendants.* | :<br>:<br>:<br>:<br>:<br>:    C.A. No. PC-2018-4555<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DECISION**

**GIBNEY, P.J.** Before this Court is the State of Rhode Island's (the State) Motion for Partial Summary Judgment and Motion to Compel Depositions of Defendants Mallinckrodt PLC, Mallinckrodt, LLC, and SpecGX, LLC (collectively, Mallinckrodt). The State seeks this Court to rule that the Distributor Defendants[1] and Manufacturer Defendants[2] are subject to four legal duties under both the federal and Rhode Island Controlled Substances Act (CSA). The State further seeks

---

[1] Defendants AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation (collectively, Distributor Defendants).

[2] Defendants Mallinckrodt, LLC, SpecGX, LLC, Teva Pharmaceuticals USA, Inc., and Cephalon, Inc. (collectively, Manufacturer Defendants).

this Court to compel depositions of two Mallinckrodt executives. For the following reasons, the Court denies the State's Motion for Partial Summary Judgment and grants the State's Motion to Compel Depositions. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.

I

**Facts and Travel**

These motions arise from an ongoing action in which the State seeks to recover against Defendants—manufacturers and distributors of opioid pharmaceuticals—for damages allegedly caused by the opioid epidemic. The State filed its original Complaint on June 25, 2018 and filed its Second Amended Complaint (SAC) on December 20, 2019. A complete recitation of the facts underlying this dispute can be found in *State v. Purdue Pharma L.P.*, No. PC-2018-4555, 2018 WL 6074198 (R.I. Super. Nov. 15, 2018).

The State filed its Motion for Partial Summary Judgment pursuant to Super. R. Civ. P. 56(a) on November 4, 2019. The State asks this Court to declare that the Distributor and Manufacturer Defendants are subject to four specified duties under the Federal CSA, 21 U.S.C.A. §§ 821 *et seq.*, and the Rhode Island CSA, G.L. 1956 §§ 21-28-3.01 *et seq.* The Distributor and Manufacturer Defendants filed their objections on December 18, 2019.

The State filed its Motion to Compel Depositions on January 12, 2020, seeking to make two Mallinckrodt executives—Mark Trudeau, President and CEO of Mallinckrodt PLC, and Matthew Harbaugh, former Senior VP and CFO of Mallinckrodt PLC and former Executive Vice President and President of SpecGX, LLC—available for deposition. Mallinckrodt filed its objection to this motion on January 22, 2020 and moved for a protective order prohibiting the requested depositions. This Court heard argument on both motions on January 24, 2020.

II

**Standard of Review**

A

**Motion for Summary Judgment**

"'Summary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously.'" *DeMaio v. Ciccone*, 59 A.3d 125, 129-30 (R.I. 2013) (quoting *Estate of Giuliano v. Giuliano*, 949 A.2d 386, 390 (R.I. 2008)). As such, "only if the case is legally dead on arrival should the court take the drastic step of administering last rites by granting summary judgment." *Mitchell v. Mitchell*, 756 A.2d 179, 185 (R.I. 2000).

Pursuant to Super. R. Civ. P. 56(a), a party may seek summary judgment on "all or any part" of its claims. This Court will grant summary judgment "when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Delta Airlines, Inc. v. Neary*, 785 A.2d 1123, 1126 (R.I. 2001). The moving party bears the initial burden of establishing there are no genuine issues of material fact; the burden then shifts to the nonmoving party, who must put forth a genuine issue of material fact. *McGovern v. Bank of America, N.A.*, 91 A.3d 853, 858 (R.I. 2014). The nonmoving party cannot rest on "mere allegations or denials in the pleadings, mere conclusions or mere legal opinions" to establish a genuine issue of fact. *D'Allesandro v. Tarro*, 842 A.2d 1063, 1065 (R.I. 2004) (quoting *Santucci v. Citizens Bank of Rhode Island*, 799 A.2d 254, 257 (R.I. 2002) (per curiam)).

**B**

**Motion to Compel**

This Court has broad discretion in handling discovery matters. *Pastore v. Samson*, 900 A.2d 1067, 1073-74 (R.I. 2006) (citing *Cullen v. Town Council of Lincoln*, 850 A.2d 900, 903 (R.I. 2004)). Rule 37(a) of the Rhode Island Superior Court Rules of Civil Procedure (Super. R. Civ. P. 37(a)) permits a party to apply for an order compelling discovery after providing reasonable notice to parties and persons affected. The party may also bring a motion requesting that the Court compel an answer from a party via deposition. Super. R. Civ. P. 37(a)(2).

**III**

**Analysis**

**A**

**Motion for Partial Summary Judgment**

The State seeks a partial summary judgment from this Court that the Distributor and Manufacturer Defendants are subject to four specific duties under the federal and Rhode Island CSA. Specifically, it alleges that the Distributor and Manufacturer Defendants owe a duty to the public to (1) maintain effective controls against diversion of controlled substances; (2) identify suspicious orders of controlled substances; (3) report suspicious orders to the Drug Enforcement Agency (DEA) when discovered; and (4) decline to ship suspicious orders unless due diligence ensures that the order is not likely to be diverted into illegal channels (the "no shipping" duty). Both the Manufacturer and Distributor Defendants object and argue that such a motion is an improper basis for summary judgment, that these duties are not owed to the State, and that the "no shipping" duty is not present in either statute.

Notably, the State does not seek a judgment that the Defendants violated any of these duties; rather, it maintains that holding Defendants subject to these duties will narrow the issues for discovery and trial and that these statutory duties will provide support for their common law negligence and public nuisance claims.

A party may move for summary judgment on "all or any part" of its claims. Super. R. Civ. P. 56(a). However, this rule does not permit the Court to provide an advisory opinion on a purely hypothetical question of law. "An announcement by a trial court of its then opinion on an abstract question of law prior to the taking of final, definitive action affecting the substantial rights of the parties . . . is purely advisory, hypothetical and tentative . . ." *Nickert v. Puget Sound Tug & Barge Co.*, 480 F.2d 1039, 1041 (9th Cir. 1973).[3] Granting summary judgment on a "determination of an issue [that] will not resolve a 'claim' or 'any part thereof' . . . would be inappropriate." *U.S. v. American International Group, Inc.*, 1997 WL 66786, at *3 (S.D.N.Y. 1997); *see also Wade v. Life Insurance Co. North America*, 245 F. Supp. 2d 182, 188 (D. Me. 2003) (denying summary judgment on whether particular standard of review applied to defendants because motion was akin to request for advisory opinion).

The State argues that it is not seeking an advisory opinion because it will use these alleged statutory duties to establish a common law duty of care for its negligence and public nuisance claims. However, such a judgment would not resolve any part of the State's claims.

Rhode Island does not recognize negligence *per se* as a cause of action. *See Salcone v. Bottomley*, 85 R.I. 264, 267, 129 A.2d 635, 637 (1957) ("[V]iolation of a statute or an ordinance is not negligence *per se* but is to be used by the trier of the facts merely as an aid in determining

---

[3] It is well established by our Supreme Court that "where the federal rule and our state rule of procedure are substantially similar, we will look to the federal courts for guidance or interpretation of our own rule." *Smith v. Johns-Manville Corp.*, 489 A.2d 336, 339 (R.I. 1985).

that issue on consideration of all the evidence."). A statutory violation can be used to establish negligence if the statute "prescribed a duty for the benefit of a particular class of persons . . . [or] the duty imposed by the statute was for the safety of the public . . ." *Clements v. Tashjoin*, 92 R.I. 308, 313-14, 168 A.2d 472, 474 (1961). However, "[i]f the injured person falls outside the protective orbit of the statute, his claim based on breach of a statutory duty of care will not be presented to the jury for no such duty was owed to him." *Paquin v. Tillinghast*, 517 A.2d 246, 248 (R.I. 1986); s*ee also Gillespie v. Lawton*, 234 F. Supp. 821, 823 (D. Conn. 1964) (denying summary judgment for negligence claim where violation of statute would not constitute negligence *per se* under state law). Establishment and violation of a statutory duty does not resolve the duty element of a common law negligence claim.

Likewise, statutory violations are not *de facto* evidence of a public nuisance. With respect to public nuisance claims, "[a]ctivities carried out in violation of state laws or local ordinances generally have been considered unreasonable if they interfere with a public right." *State v. Lead Industries Association, Inc.*, 951 A.2d 428, 447 (R.I. 2008). However, "'the nuisance must affect an interest common to the general public'" in order to be actionable. *Id.* (quoting *Iafrate v. Ramsden*, 96 R.I. 216, 222, 190 A.2d 473, 476 (1963)).

Holding that the Defendants are subject to the four alleged duties under the two CSA statutes would not resolve any part of the State's negligence or public nuisance claims because the State would still have to prove that these statutory duties support its common law claims. Thus, the State's motion is not a proper basis for partial summary judgment and is more akin to an advisory opinion from this Court.

Moreover, the State has not proved the existence of the alleged "no shipping" duty such that it is entitled to summary judgment as a matter of law. The State claims that the federal and

6

state CSAs create an explicit duty for the Defendants to refrain from shipping suspicious orders until due diligence ensures that they will not be diverted to illegal channels. This requirement does not appear in the text of the CSAs or the associated regulations.

The State points to *Masters Pharmaceutical, Inc. v. Drug Enforcement Agency* for the proposition that the federal CSA includes a "no shipping" duty for registered entities. 861 F.3d 206, 212 (D.C. Cir. 2017). The *Masters* court held that "[o]nce a distributor has reported a suspicious order, it must make one of two choices: decline to ship the order, or conduct some 'due diligence' and—if it is able to determine that the order is not likely to be diverted into illegal channels—ship the order . . ." *Id.* at 212-13. However, that court also found that the DEA revoked the plaintiff's registration based on its violation of the reporting requirement, not the shipping requirement; "[c]onsequently, even if the [DEA] expansively read the Shipping Requirement, that reading had no effect on his ultimate decision, and so provides no basis for relief." *Id.* at 222. Therefore, the *Masters* court did not explicitly affirm or reject the existence of the "no shipping" duty.

The State also relies heavily on *In re National Prescription Opiate Litigation*, where the Multi-District Litigation court held that the opioid manufacturer and distributor defendants were subject to three duties under the federal CSA. 2019 WL 3917575 (N.D. Ohio 2019). However, in that decision, the plaintiffs notably alleged *violations* of these CSA duties. The plaintiffs in that case were seeking summary judgment on "an essential element of the claim or defense at issue"— the violations of the federal CSA duties. *Id.* at *2 (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 & n.12 (6th Cir. 1989)). Here, the State is explicitly *not* claiming violations of the alleged statutory duties; rather, it seeks to use these duties as evidence to support its common law claims.

7

Because granting the State's motion would not resolve any part of its claims such that the substantive rights of the parties would be affected, and because the State has not established the existence of the "no shipping" duty as a matter of law, the State's motion for partial summary judgment is denied.

B

## Motion to Compel Depositions

The State seeks this Court to compel Mallinckrodt to make available for deposition Mark Trudeau and Matthew Harbaugh, two Mallinckrodt executives. The State argues that these individuals possess unique, relevant knowledge on operations of Defendant Mallinckrodt PLC. Mallinckrodt argues that this Court lacks personal jurisdiction over Defendant Mallinckrodt PLC, which is based in Ireland. In response to this motion, Mallinckrodt contends that the apex doctrine protects high-ranking executives from depositions because the State has not sought less intrusive means to obtain the relevant information and other individuals possess the same knowledge. Mallinckrodt also seeks a protective order prohibiting the depositions of Trudeau and Harbaugh.

The "apex doctrine" prohibits depositions of high-level executives absent a showing that they possess "unique personal knowledge of relevant facts." *Serrano v. Cintas Corp.*, 699 F.3d 884, 900 (6th Cir. 2012). Some courts also require a showing that "other less burdensome avenues for obtaining the information sought have been exhausted." *Smithfield Business Park LLC v. SLR International Corp.*, 2014 WL 547078, at *2 (E.D. N.C. 2014); *see also Baine v. General Motors Corp.*, 141 F.R.D. 332, 335 (M.D. Ala. 1991) (prohibiting deposition of General Motors VP because "it has not been established that the information necessary cannot be had from [other employees], interrogatories, or the corporate deposition"); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (upholding protective order for Boston mayor because plaintiffs did not pursue

8

other discovery means prior to seeking deposition). Rhode Island has not yet adopted or rejected this doctrine.

Courts permit depositions of corporate executives when the party moving to compel the deposition can show that the executive has unique personal knowledge relevant to the litigation. *See, e.g. Weber v. FujiFilm Medical Systems USA, Inc.*, 2011 WL 677278, at *3 (D. Conn. 2011) (executives' close involvement in operations made deposition necessary and "not merely 'apex depositions' intended to harass"); *Lynx System Developers, Inc. v. Zebra Enterprise Solutions Corp.*, 2018 WL 3580294, at *2 (D. Mass. 2018) (holding CEO was subject to deposition because he was "more than just a figure-head who was otherwise uninvolved in the subject of the litigation").

Here, the State seeks information from Trudeau and Harbaugh concerning the operations of Defendant Mallinckrodt PLC and its U.S. subsidiaries, Defendants Mallinckrodt LLC and SpecGX LLC. The State has presented evidence that both executives were heavily involved in the day-to-day operations of the various Mallinckrodt entities. Trudeau described himself as a "micromanag[er]" of Mallinckrodt's U.S. business, and company filings refer to Trudeau as Mallinckrodt's "chief operating decision maker." (Pl.'s Mot. to Compel, Ex. F, Ex. A at 21.) Harbaugh served as an executive of both Mallinckrodt PLC and SpecGX, LLC and worked closely with Trudeau on the operations of the various entities. Both executives possess unique personal knowledge concerning Mallinckrodt's U.S. subsidiaries relevant to the question of whether this Court may exercise personal jurisdiction over Defendant Mallinckrodt PLC.

Mallinckrodt seeks a protective order from this Court preventing the depositions of Trudeau and Harbaugh. Under Super. R. Civ. P. 26(c), a party may move "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a

9

demonstration of good cause. Our Supreme Court held that a finding of good cause "'must be based on a particular factual demonstration of potential harm, not on conclusory statements.'" *Estate of Chen v. Lingting Ye,* 208 A.3d 1168, 1173 (R.I. 2019) (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) (finding extensive publicity of allegations against defendant constituted good cause for protective order)). Mallinckrodt has not made such a demonstration here, and instead states there is "simply no need" to force Trudeau and Harbaugh to be deposed because other witnesses are available. Without a specific factual demonstration of potential harm, this conclusory statement is not sufficient for a protective order, and Mallinckrodt's motion is denied.

## IV

### Conclusion

For the foregoing reasons, the State's Motion for Partial Summary Judgment is denied, its Motion to Compel Depositions is granted, and Mallinckrodt's motion for a protective order is denied. Counsel will prepare the appropriate order for entry.



**RHODE ISLAND SUPERIOR COURT**

*Decision Addendum Sheet*

| | |
|---|---|
| **TITLE OF CASE:** | **State of Rhode Island v. Purdue Pharma L.P., et al.** |
| **CASE NO:** | **PC-2018-4555** |
| **COURT:** | **Providence County Superior Court** |
| **DATE DECISION FILED:** | **May 5, 2020** |
| **JUSTICE/MAGISTRATE:** | **Gibney, P.J.** |

**ATTORNEYS:**

    **For Plaintiff:**    See attached

    **For Defendant:**    See attached

11

*State of Rhode Island, by and through, Peter F. Neronha, Attorney General v. Purdue Pharma L.P., et al.*
C.A. No. PC-2018-4555

## COUNSEL OF RECORD

**Plaintiff:**
- Peter F. Neronha, Esq.
  (401)   274-4400, ext. 2338
  pfneronha@riag.ri.gov

**Defendants:**

**Amerisourcebergen Drug Corporation**
- Gerald J. Petros, Esq.
  (401)   274-2000, ext. 5212
  gpetros@hinckleyallen.com

**Cardinal Health, Inc.**
- Robert C. Corrente, Esq.
  (401)   270-4500
  rcorrente@whelancorrente.com

**Cephalon, Inc.**
- Gardner H. Palmer, Jr., Esq.
  (401)   632-0911
  ghpalmer@dioriolaw.com

**Mallinckrodt, LLC**
- Alden C. Harrington, Esq.
  (401)   273-9600
  harrington@rhf-lawri.com

**McKesson Corporation d/b/a McKesson Drug Company**
- Joseph V. Cavanagh, Jr., Esq.
  831-8900
  jvc@blishcavlaw.com

- Mary C. Dunn, Esq.
  (401)   831-8900
  mcd@blishcavlaw.com

**Purdue Pharma L.P.**
- Matthew T. Oliverio, Esq.
  (401) 861-2900
  mto@om-rilaw.com

**Rhodes, Pharmaceuticals L.P.**
**Rhodes Technologies**
**Rhodes Technologies, Inc.**
- Lawrence G. Cetrulo, Esq.
  (617) 217-5210
  lcetrulo@cetllp.com

- Bryan M. Abramoske, Esq.
  (617) 217-5256
  babramoske@cetllp.com

**Richard S. Sackler**
- Leah L. Miraldi, Esq.
  (401) 337-5700
  lmiraldi@cm-law.com

**SpecGx, LLC**
- Alden C. Harrington, Esq.
  (401) 273-9600
  harrington@rhf-lawri.com

**Teva Pharmaceuticals USA, Inc.**
- Gardner H. Palmer, Jr., Esq.
  (401) 632-0911
  ghpalmer@dioriolaw.com