```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

**THE CITY OF HUNTINGTON,**

    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 3:17-01362**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    **Defendants.**
_____

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    **Defendants.**
_____

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to extend court deadlines for a period of three months.  (ECF No. 347). Plaintiffs oppose the requested extension. (ECF No. 388).

According to defendants, discovery in this case has been "hobbled" by the COVID-19 pandemic.  ECF No. 348 at 1.  In its filings, defendants outline a number of ways in which discovery has been hampered, see ECF Nos. 348 and 393, and the court need not repeat them here.  The court has conferred with Special Master Wilkes regarding the status of discovery in these cases.

Plaintiffs acknowledge that fact discovery is not yet complete.  See ECF No. 388 at 5 (noting that, as of May 1, 2020, "Cabell County Commission's document production is now <u>substantially</u> complete in compliance with the April 30th . . . written discovery deadline.") (emphasis added).  Plaintiffs insist, however, that the case can be ready for trial on August 31, 2020.  See id. at 17 ("As Plaintiffs have previously noted, large portions of the case are ready for trial now. . . .  Trial can commence and [be] staged so that any clean-up discovery can be completed during those proceedings or during the three-week break in the schedule.").

On March 13, 2020, the President of the United States declared a national emergency under the National Emergencies Act, 50 U.S.C. § 1601 et seq., in light of the COVID-19 pandemic.  The impact of the pandemic is well-documented and, in order to lessen the spread of the disease, a number of measures have been instituted in this court, including the delay of in-court proceedings.  See General Order, General Order # 3, and General Order # 5 entered in <u>In Re: Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic</u>, No. 2:20-mc-00052 (S.D.W. Va. March 13, 2020, March 23, 2020, and April 14, 2020) (Johnston, C.J.).  Furthermore, over the past couple of months, a majority of states as well as the District of Columbia instituted "stay-at-home" or similar orders in order to help contain the

spread of the virus.  Those restrictions are just now starting to be lifted in certain states and localities.  It is anticipated that the parties' ability to obtain necessary discovery, including the taking of depositions, will be greatly enhanced as the aforementioned restrictions are eased.

Given the foregoing, it is fair to say that the parties' ability to complete discovery has been hampered to a degree.  Therefore, good cause does exist for a modest extension of the schedule in this case.

For these reasons, defendants' motion is **GRANTED** in part and **DENIED** in part and the deadlines in this case are amended as follows:

1.  **Written/Document Discovery** is to be completed by **June 12, 2020.**  This additional period of time is allowed to complete discovery that is already outstanding and is not intended to reopen the window for requesting further discovery.  Furthermore, no later than **May 15, 2020,** the parties should file any necessary motions to ensure that outstanding discovery disputes, including those involving third parties, may be decided prior to the June 12, 2020 deadline.  See ECF No. 365.
2.  **Fact Witness Depositions** are to be completed by **July 27, 2020.**

3

3. **Plaintiffs' Expert Reports** are due by **August 3, 2020,** and Defendants' Expert Reports are due by **August 13, 2020.**

4. **Expert Witness Depositions** are to be completed by **September 15, 2020.**

5. **Daubert Motions** are to be filed no later than **September 22, 2020** with responses due no later than **September 29, 2020.** Replies, if any, must be filed no later than **October 5, 2020.**

6. **Motions in limine** are to be filed no later than **September 22, 2020** with responses due no later than **September 29, 2020.**

7. **Motions for summary judgment** and other dispositive motions are to be filed no later than **September 22, 2020** with responses due no later than **September 29, 2020.** Replies, if any, must be filed no later than **October 5, 2020.**

8. **Trial** of this matter will begin on **October 19, 2020, at 9:30 a.m., in Charleston.** It is anticipated that the court will proceed with opening arguments on this date and then plaintiffs will have six weeks to present their case. After a break, defendants will begin their case on **January 4, 2021.**

9.  A hearing is hereby scheduled for **October 14, 2020, at 10:00 a.m., in Charleston,** at which time the court will address any pretrial issues that remain outstanding including holding any necessary **Daubert** hearings.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and Special Master Wilkes.

**IT IS SO ORDERED** this 11th day of May, 2020.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge

5