# Exhibit A

MotleyRice LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**Anne McGinness Kearse**
*Licensed in DC, SC, WV*
direct: 843.216.9140
akearse@motleyrice.com

October 28, 2019

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

*Via email to James.Bennett4@usdoj.gov*
Mr. James R. Bennett II
Assistant U.S. Attorney
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1853
Attorney for the United States Department of Justice
Drug Enforcement Administration

RE: **Civil Discovery Request** *In Re National Prescription Opioid Litigation*;
Case No. 17-md-2804
*Cabell County Commission and City Of Huntington v. Purdue Pharma L.P., et al.*, Case Nos. 17-op-45053-DAP and 17-op-45054

Dear Mr. Bennett:

This letter is submitted pursuant to 28 C.F.R. § 16.21 *et seq.*, the Department of Justice ("DOJ") *Touhy* regulations, and is intended to set forth the basis for the civil discovery requests sent by email October 24, 2019 on behalf of the City of Huntington and the Cabell County Commission ("Plaintiffs"). Consistent with 28 C.F.R. § 16.24(c) and Local Rule 37.1, we are willing to discuss the scope of this request as well as the most efficient means to move forward at your earliest convenience.

Please confirm that this service of process is acceptable.

**I. Summary of Information Sought and its Relevance to the Proceeding**

The City of Huntington and Cabell County have brought claims against the distributors, manufacturers, and dispensers of opioids for their roles in causing the devastating opioid epidemic in their communities by facilitating or failing to prevent the diversion of opioids, despite their duties under state and federal law. The MDL Court recently opened discovery in this case.

Specifically, as set forth in Requests for Production Nos. 1-9 in our October 24, 2019 communication, Plaintiffs request the documents outlined below.



Touhy Letter from Anne Kearse to James Bennett
October 28, 2019
Re: Civil Discovery Request in MDL 2804 CT2
Page 2

1. All documents and hard drives arising out of the search and seizure warrant executed on **Safescript Pharmacy #6** in the United States District Court for the Southern District of West Virginia, Huntington Division (3:12-mj-00010) (February 9, 2012).

2. All discovery (including all documents, photos and data) arising out of the prosecution and conviction of **Kofi Ohene Agyekum** for drug distribution in the United States District Court for the Southern District of West Virginia (3:14-cr-00197) (September 10, 2014) arising out of his operation of **A+ Pharmacy** located in Cabell County (WV). Court filings indicate the DOJ produced "a disc labeled DISCOVERY that contains bates labeled documents AGYEKUM-GOV-0001 through 01450" as well as a "Bates Index detailing the documents on the DISCOVERY disc" in responses to standard discovery (Doc. 29) (Filed 10/01/14) including documents seized from A+ Pharmacy. Please reproduce all documents, photos and data in the DEA or DOJ's possession and confirm (a) the same remains in your possession, control and custody and (b) the DEA or DOJ will preserve the evidence until further order of the Court.

3. All discovery (including all documents, photos and data) arising out of the prosecution and conviction of **Anita T. Dawson** (former D.O.) for "aiding and abetting another to acquire or obtain controlled substances by misrepresentation, fraud, forgery, deception and subterfuge" in the United States District Court for the Southern District of West Virginia (3:12-cr-00132) (January 7, 2013).

4. Identify the **style and case number** of all criminal and/or administrative actions taken by the DEA/DOJ against any individuals or entities in Cabell County (WV), including but not limited to health care providers, pharmacists and/or pharmacies, related to dispensing of prescription opioids.

5. All *guidance documents* provided to pharmacists and/or pharmacies related to proper dispensing of prescription opioids and/or red flags indicative of potential diversion. Please include any presentations, conference, seminar, or meeting materials where diversion was a topic of discussion.

6. All *communications* to and/or from the National Retail Pharmacies related to the diversion of prescription opioids.

7. All *internal memoranda* summarizing meetings with the National Retail Pharmacies related to the diversion of prescription opioids.



Touhy Letter from Anne Kearse to James Bennett
October 28, 2019
Re: Civil Discovery Request in MDL 2804 CT2
Page 3

> 8. All documents related to **administrative actions** taken against any entity registered as a dispenser under the CSA related to the diversion of prescription opioids.
>
> 9. All **communications** to and/or from the National Association of Chain Drug Stores related to the diversion of prescription opioids.

The requested documents are relevant to: the companies' knowledge or understanding of their legal duties with respect to diversion; their noncompliance with those duties, and the companies' knowledge or notice of deficiencies in their own programs and practices. Plaintiffs also believe that the documents will also provide illustrative examples on diversion that resulted from the companies' failures and the impact that this diversion has had on Plaintiffs' community. Each of these will be key issues in the upcoming litigation.

## II. Disclosure is Consistent with 28 C.F.R. § 16.21 et seq. and Rule 45 of the Federal Rules of Civil Procedure.

DOJ's *Touhy* regulations provide that when deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider: (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege. 28 C.F.R. § 16.26(a).

Here, both considerations are satisfied. First, DOJ has previously granted similar requests from the parties in Case Track One ("CT1") of this litigation, therefore determining disclosure of the requested information to be appropriate under the governing rules. Next, although Touhy regulations prohibit disclosure in certain circumstances,[1] Plaintiffs' requests are not intended to, and would not, implicate any of these required exclusions.

---

[1] Subject to certain exceptions, disclosure of information is prohibited pursuant to 28 C.F.R. 16.26(b) if:

> (b)(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, Fed. R. Crim. P. 6(e),
> (b)(2) Disclosure would violate a specific regulation;
> (b)(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,
> (b)(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,
> (b)(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,
> (b)(6) Disclosure would improperly reveal trade secrets without the owner's consent.



Touhy Letter from Anne Kearse to James Bennett
October 28, 2019
Re: Civil Discovery Request in MDL 2804 CT2
Page 4

The requested information is consistent with ordinary subpoena practice and does not seek disclosure of information prohibited by statute, rule, or regulation; information that is classified or that would reveal the source of an informant or confidential source; information that that would interfere with ongoing enforcement proceedings; or, information that would improperly reveal trade secrets without the owner's consent. In addition, to avoid any concern that disclosure "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired," DEA has the option to provide information as highly confidential pursuant to the protective order governing this matter, a copy of which was included as an original attachment to the October 24, 2019 correspondence.  Plaintiffs are willing to work with DOJ, as appropriate, to adjust the scope of the request.

### III. Expedited Responses

We ask that you continue to work with Plaintiffs to establish a reasonable schedule for disclosure of the requested documents. If you have any questions or concerns concerning this subpoena or require additional information, please contact directly either me or Linda Singer at (202) 386-9626 or lsinger@motleyrice.com.

Respectfully yours,

Anne McGinness Kearse

Enclosures as referenced.

cc:   All Plaintiffs Counsel, mdl2804discovery@motleyrice.com
      All Defense Counsel, xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
      Paul T. Farrell, Jr., paul@greeneketchum.com
      Michael E. Elsner, melsner@motleyrice.com
      Linda Singer, lsinger@motleyrice.com
      Alex K. Haas, Alex.Haas@usdoj.gov
      Alice S. LaCour, Alice.S.LaCour@usdoj.gov
      Eric J. Soskin, Eric.Soskin@usdoj.gov