# Exhibit E



www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**Anne McGinness Kearse**
*Licensed in DC, SC, WV*
direct:  843.216.9140
akearse@motleyrice.com

March 19, 2020

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

*Via email to mike.stuart@usdoj.gov*
Mr. Michael B. Stuart
Assistant U.S. Attorney
Robert C. Byrd US Courthouse
300 Virginia Street
Charleston, WV 25301
Email: mike.stuart@usdoj.gov
Attorney for the United States Department of Justice
Drug Enforcement Administration

RE:   Civil Discovery Request *In Re National Prescription Opioid Litigation*;
      *Cabell County Commission and City Of Huntington v. AmerisourceBergen Drug Corp. et al.*,
      Case Nos. 17-OP-45053-DAP and 17-OP-45054

Dear Mr. Stuart:

This letter is submitted pursuant to 28 C.F.R. § 16.21 *et seq.*, the Department of Justice ("DOJ") *Touhy* regulations, and is intended to set forth the basis for the civil discovery requests attached hereto as Appendix A and made on behalf of the City of Huntington and the Cabell County Commission ("Plaintiffs").  Consistent with 28 C.F.R. § 16.24(c) and Local Rule 37.1, we are willing to discuss the scope of this request as well as the most efficient means to move forward at your earliest convenience.

Please confirm that you accept service.

**I. Summary of Information Sought and its Relevance to the Proceeding**

The City of Huntington and Cabell County have brought claims against the distributors, manufacturers, and dispensers of opioids for their roles in causing the devastating opioid epidemic in their communities by facilitating or failing to prevent the diversion of opioids, despite their duties under state and federal law.  The MDL Court recently opened discovery in this case.

Specifically, Plaintiffs request the documents outlined in the attached Schedule A.  The requested documents are relevant to:  the companies' knowledge or understanding of their legal duties with respect to diversion; their noncompliance with those duties, and the companies' knowledge or notice of deficiencies in their own programs and practices.  Plaintiffs also believe that the documents



Touhy Letter from Anne Kearse to Michael B. Stuart
March 19, 2020
Re: Civil Discovery Request in MDL 2804 CT2
Page 2

will also provide illustrative examples on diversion that resulted from the companies' failures and the impact that this diversion has had on Plaintiffs' community. Each of these will be key issues in the upcoming litigation.

**II. Disclosure is Consistent with 28 C.F.R. § 16.21 et seq. and Rule 45 of the Federal Rules of Civil Procedure.**

DOJ's *Touhy* regulations provide that when deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider: (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege. 28 C.F.R. § 16.26(a).

Here, both considerations are satisfied. First, DOJ has previously granted similar requests from the parties in Case Track One ("CT1") of this litigation, therefore determining disclosure of the requested information to be appropriate under the governing rules. Next, although Touhy regulations prohibit disclosure in certain circumstances,[1] Plaintiffs' requests are not intended to, and would not, implicate any of these required exclusions.

The requested information is consistent with ordinary subpoena practice and does not seek disclosure of information prohibited by statute, rule, or regulation; information that is classified or that would reveal the source of an informant or confidential source; information that that would interfere with ongoing enforcement proceedings; or, information that would improperly reveal trade secrets without the owner's consent. In addition, to avoid any concern that disclosure "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired," DEA has the option to provide information as highly confidential pursuant to the protective order governing this matter, a copy of which is included as an attachment to this

---

[1] Subject to certain exceptions, disclosure of information is prohibited pursuant to 28 C.F.R. 16.26(b) if:

> (b)(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, Fed. R. Crim. P. 6(e),
> (b)(2) Disclosure would violate a specific regulation;
> (b)(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,
> (b)(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,
> (b)(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,
> (b)(6) Disclosure would improperly reveal trade secrets without the owner's consent.



Touhy Letter from Anne Kearse to Michael B. Stuart
March 19, 2020
Re: Civil Discovery Request in MDL 2804 CT2
Page 3

correspondence. Plaintiffs are willing to work with DOJ, as appropriate, to adjust the scope of the request.

**III. Expedited Responses**

We ask that you continue to work with Plaintiffs to establish a reasonable schedule for disclosure of the requested documents. If you have any questions or concerns concerning this subpoena or require additional information, please contact directly either me or Linda Singer at (202) 386-9626 or lsinger@motleyrice.com.

Respectfully yours,

*Anne McGinness Kearse*

Anne McGinness Kearse

Enclosures as referenced.

cc:   All Plaintiffs' Counsel, mdl2804discovery@motleyrice.com
      All Defense Counsel, xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
      Paul T. Farrell, Jr., paul@farrell.law
      Linda Singer, lsinger@motleyrice.com
      Alex K. Haas, Alex.Haas@usdoj.gov
      Alice S. LaCour, Alice.S.LaCour@usdoj.gov
      Eric J. Soskin, Eric.Soskin@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    Plaintiff,

v.                                                CIVIL ACTION NO. 3:17-01362

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**

    Defendants.

---

**CABELL COUNTY COMMISSION,**

    Plaintiff,

v.                                                  CIVIL ACTION NO. 3:17-01665

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**

    Defendants.

---

### PLAINTIFFS' NOTICE OF SERVICE OF SUBPOENA TO THE DEPARTMENT OF JUSTICE AND DRUG ENFORCEMENT AGENCY

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45(a)(4) Plaintiffs will serve a subpoena commanding the production of documents from the United States Department of Justice and Drug Enforcement Agency c/o Mr. Michael B. Stuart, James R. Bennett II and Karen E. Swanson Haan, Assistant U.S. Attorneys.

Accompanying this Notice, please find a copy of the aforementioned subpoena and corresponding Schedule A (Request for Production) and the Case Management Order No. 2 (Doc.

441) ("CMO 2") and corresponding amendments (Doc. 2688) from *In Re National Prescription Opiate Litigation*, Case No. 1:17-MD-2804 in the Northern District of Ohio.

|  |  |
|---|---|
| Dated: March 19, 2020 | Respectfully Submitted,<br><br>By: /s/ *Anne McGinness Kearse*<br>Anne McGinness Kearse (WVSB No. 12547)<br>**MOTLEY RICE LLC**<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Tel:  843-216-9000<br>Fax:  843-216-9450<br>akearse@motleyrice.com |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2020, the foregoing has been served via email only to defense counsel at xALLDEFENDANTS-MDL2804-Service@arnoldporter.com and via email only to the following United States Department of Justice and Drug Enforcement Agency counsel:

MICHAEL B. STUART
Assistant U.S. Attorney
Robert C. Byrd US Courthouse
300 Virginia Street
Charleston, WV 25301
(304) 345-2200
Email: Mike.Stuart@usdoj.gov

JAMES R. BENNETT II (OH #0071663)
KAREN SWANSON HAAN
Assistant U.S. Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852
(216) 622-3600
E-mail: James.Bennett4@usdoj.gov
E-mail: Karen.Swanson.Haan@usdoj.gov

ALEXANDER K. HAAS
Special Counsel to the Assistant AG, Civil Division
ALICE SHIH LACOUR
ERIC J. SOSKIN
Counsel to the Assistant AG, Civil Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 353-8679 (Haas)
(202) 514-3180 (LaCour)
(202) 514-1500 (Soskin)
E-mail: alex.haas@usdoj.gov
E-mail: alice.s.lacour@usdoj.gov
E-mail: eric.soskin@usdoj.gov

/s/ *Anne McGinness Kearse*
Anne McGinness Kearse (WVSB No. 12547)
**MOTLEY RICE LLC** on behalf of the PEC

# ATTACHMENT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | |
|---|---|
| The City of Huntington & Cabell County Commission<br>*Plaintiff*<br>v.<br>AmerisourceBergen Drug Corporation, et al.,<br>*Defendant* | )<br>)<br>)  Civil Action No. 3:17-01362; 3:17-01665<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: United States Department of Justice, Drug Enforcement Agency c/o Michael B. Stuart, James R. Bennett II and Karen E. Swanson Haan, Assistant U.S. Attorneys

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attachment "Schedule A: Requests for Production to United States" and "Case Management Order No. 2"

| Place: FARRELL LAW<br>422 Ninth St., Third Floor<br>Huntington, WV 25701 | Date and Time:<br><br>04/09/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

_____          OR          *Anne McGinness Kearse*
*Signature of Clerk or Deputy Clerk*                                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiffs__
_____ , who issues or requests this subpoena, are:
Anne Kearse, Motley Rice LLC, 28 Bridgeside Blvd, Mt. Pleasant, SC 29464; akearse@motleyrice.com; 843-216-9140

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

### REQUESTS FOR PRODUCTION
### TO UNITED STATES DEPARTMENT OF JUSTICE and
### DRUG ENFORCEMENT AGENCY

COME now the Case Track Two Plaintiffs, CABELL COUNTY COMMISSION and the CITY OF HUNTINGTON, by counsel, and submit the following discovery requests to the United States Department of Justice ("DOJ") and Drug Enforcement Agency ("DEA") in accordance with and at the direction of Deputy Assistant Attorney General David Morrell, Civil Division, Consumer Protection Branch of the U.S. Department of Justice.[1]

Special Master David Cohen opened discovery in Case Track 2 ("CT2") on October 15, 2019, by order from the bench.[2] Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above captioned lawsuit hereby request that you produce, and/or permit Plaintiffs to inspect and copy at a location mutually agreed upon by the parties, the documents described below.

### DEFINITIONS

1. "Any" shall be construed to mean "any and all."

2. "Communication" or "Communications" shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings,

---

[1] See Email correspondence from Morrell dated July 2, 2019 ("Given the large volume of discovery requests that the DEA has and continues to receive, the Department and the DEA would prefer that the plaintiffs submit formal discovery requests so that, in turn, the DEA can respond formally, including by interposing any appropriate objections, and/or authorizing the disclosure of the requested information.").

[2] Please note that the CITY OF HUNTINGTON's boundaries extend into Wayne County (WV) which mainly consists of the neighborhood of Westmoreland (zip: 25704).

1

instructions, conferences, or seminars or any other exchange of information between yourselves or between You and any other person or entity.

3. "Concerning" or "regarding" or "pertaining to" means directly or indirectly mentioning or describing, relating to, referring to, regarding, evidencing, setting forth, identifying, memorializing, created in connection with or as a result of, commenting on, embodying, evaluating, analyzing, tracking, reflecting or constituting, in whole or in part, a stated subject matter.

4. "Diversion" or "Drug Diversion" means the transfer of any legally prescribed controlled substance from the individual for whom it was prescribed to another person for any illicit use or purpose, and/or, the removal of a prescription drug from its intended path from manufacturer to patient.

5. "Documents" or "Documents" as used in this Request is coextensive with the meaning of the terms "Documents" and "tangible things" in Fed. R. Civ. P. 34 and shall have the broadest possible meaning and interpretation ascribed to the terms "Documents" and "tangible things" under Fed. R. Civ. P. 34 and the applicable Local Rules. Consistent with the above definition, the term "Document" or "Documents" shall include, without limitation, any database, written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions

or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, correspondence and Communications, as defined herein, of any type, including but not limited to video files, audio files, inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), Documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or Documents of whatever description or kind, whether produced or authorized by or on behalf of You or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of You, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on Your behalf. "Document" includes metadata, formulas, and other embedded, hidden, and bibliographic or historical data describing or relating to any document.

6.  "Opioid" or "Opioids" refer to that class of drugs, legal or illegal, natural or synthetic, used to control pain, including, but not limited to, the drugs referenced in Plaintiffs' Complaints in the above-referenced matter.

7.  "Opioid Defendants" or "Opioid Defendant" means the entities named in Plaintiffs' Joint Third Amended Complaint and includes any predecessor, successor, domestic or foreign parent, wholly or partially owned subsidiary, division, d/b/a, partnership, and joint venture, all owners, officers, agents, and employees of such entities, and other persons acting or authorized to act on behalf of any Opioid Defendant.

3

8. "Opioid Product" or "Opioid Products" refer to the Opioids that were manufactured, marketed, advertised and distributed by any Defendant named in the above-captioned case. These products include but are not limited to, by way of example only, OxyContin, or any Opioid Product, generic or otherwise, containing oxycodone; and Duragesic, as well as any Opioid Product, generic or otherwise, containing fentanyl. This includes coatings, capsule configurations, delivery systems or mechanisms that include, but are not limited to, antiabuse, tamper resistant and crush-proof mechanisms and mechanisms to deter immediate release. Opioid Products is also intended to include rescue medication for break through pain. For the removal of all doubt, requests for Documents and Communications related to any "Opioid Product" shall include Documents and Communications related to conduct related to the Opioid Product, including each allegation in the Complaint.

9. "You" and "Your" shall refer to the Drug Enforcement Administration ("DEA"), the Department of Justice ("DOJ"), and/or all others acting or purporting to act on the DEA's or DOJ's behalf, including any employees, officers, committees, subcommittees, working groups, and joint task forces.

10. "DEA Registrant" means Registrant as defined in 21 CFR 1300.01(b).

11. The words "and/or," "or" and "and" are used inclusively, not exclusively. As such, "and/or," "or" and "and" should be construed so as to require the broadest possible response.

12. Use of the present tense shall be construed to include the past tense and vice versa, to make the request inclusive rather than exclusive.

## SCOPE

13.     Except where otherwise indicated, this subpoena seeks Documents and Communications from the period of January 1, 1995 up to and including the present.

## INSTRUCTIONS

1.      When providing your responses, please indicate the Request to which each document or answer responds in the meta data field. If You believe that You already have produced documents responsive to any of the Requests below, then please specify (by Bates-number) which documents are responsive to which specific Request, to whom the documents were produced, and when.

2.      Documents shall be produced in accordance with and as they are kept in the usual course of business.

3.      For each document that you produce, produce the current version together with all earlier editions, versions or predecessor documents during the relevant time period, even though the title of earlier documents may differ from current versions.

4.      Requested format for documents produced electronically in response to this Request:

    a.      Any documents produced in response to this Request should be provided as a Group 4 compression single-page "TIFF" image that reflects how the source document would have appeared if printed out to a printer attached to a computer viewing the file. Extracted text will be included in the manner provided herein. To the extent that extracted text does not exist, these images will be processed through Optical Character Recognition ("OCR") so that they are fully searchable. Extracted text and OCR should be provided in separate document level text files. "Load files" shall be produced to accompany the images and shall facilitate the use of the litigation support database systems to review the produced images. Document Unitization. Each page of a document shall be electronically converted into an image as described above. If a document is more than one page, the unitization of

the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file and appropriately designated in the load files. The corresponding parent/attachment relationships, to the extent possible, shall be provided in the load files furnished with each production.

      b.    Bates Numbering. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically branded onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. In order to ensure that the Bates Numbers do not obscure portions of the documents, the images may be proportionally reduced to create a larger margin in which the Bates Number may be branded. There shall be no other legend or stamp placed on the document image, except those sections of a document that are redacted to eliminate material protected from disclosure by the attorney-client or work product privileges shall have the legend "REDACTED" placed in the location where the redaction(s) occurred or shall otherwise note the location and/or location of the information for which such protections are claimed.

      c.    File Naming Conventions. Each document image file shall be named with the unique Bates Number of the page of the document in the case of single-page TIFFs, followed by the extension "TIF." Each document shall be named with a unique document identifier. Attachments shall have their own unique document identifiers.

      d.    Production Media. The documents should be produced on CD-ROM, DVD, or external hard drive (with standard Windows PC compatible interface), (the "Production Media"). Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents on the Production Media are associated with (e.g., "V001," "V002"), as well as the volume of the material in that production wave (e.g., "-001," "-002"). For example, if the first production wave comprises document images on three hard drives, the Respondent shall label each hard drive in the following manner: "V001-001," "V001-002," "V001-003." Additional information that shall be identified on the physical Production Media shall include: (1) text referencing that it was produced in [Case Docket No.], (2) the producing party's name, (3) the production date, and (4) the Bates Number range of the materials contained on the Production Media.

      e.    Objective Coding/Extracted Meta Data. Respondent shall produce with each production of documents with extracted metadata for each document (the "Objective Coding") included in the load file. The data file shall include the fields and type of content set forth in the SPECIAL INSTRUCTIONS FOR ELECTRONICALLY STORED MATERIAL section. Objective Coding shall be labeled and produced on Production Media in accordance with the provisions set forth above.

      f.    Native format for Excel and databases. To the extent that such documents exist in Excel or another spreadsheet program, produce the document in its native format. To the extent that the document format constitutes a database created or maintained in Access or another software program, produce the document in its native format. If the

database is based upon proprietary software, produce whatever keys and instructions are necessary to review it.

5. Requested format for hard copies of documents produced in response to this Request:

   a. create electronic copies of the documents and produce them in accordance with the procedures described in Section 4 herein, provided that you retain the originals from which the electronic copies were made until the final disposition of the matter;
   b. include a loadfile with corresponding information, including the following data fields: BegDoc, EndDoc, Custodian, DocTitle, Filename, Request No.;
   c. the Custodian field in the loadfile should contain the name of the custodian or location from which the hard copy document was taken;
   d. the Request No. field should contain the number of the Requests to which the document is responsive.

6. These Requests require you to produce all described documents in your possession, custody or control without regard to the person or persons by whom or for whom the documents were prepared (e.g., your employees, distributors or dealers, competitors or others).

7. If any responsive document was, but no longer is, in your possession, custody or control, produce a description of each such document. The description shall include the following:

   a. the name of each author, sender, creator, and initiator of such document;
   b. the name of each recipient, addressee, or party for whom such document was intended;
   c. the date the document was created;
   d. the date(s) the document was in use;
   e. the title of the document;
   f. a detailed description of the content of the document;
   g. the reason it is no longer in your possession, custody or control; and
   h. the document's present whereabouts and custodian thereof.

7

8. In the event a document that is responsive to these Requests is not in your possession but you have a right to obtain the document or a copy of the document from a third party, you must obtain it (or a copy) and produce it in response to these Requests.

9. If the document is no longer in existence, in addition to providing the information indicated above, state on whose instructions the document was destroyed or otherwise disposed of, and the date and manner of the disposal.

10. If you assert a privilege in responding to this Subpoena, state the type of privilege asserted and the basis for its assertion. In addition, identify the Communication or Document with respect to which the privilege is asserted. For any document to which a privilege is asserted, state:

   a. The type of document (e.g., letter, memorandum, contract, etc.), the date of the document, and the subject matter of the same;
   b. The name, address, and position of the author of the document and of any person who assisted in its preparation;
   c. The name, address, and position of each addressee or recipient of the document or any copies of it;
   d. The present location of the document and the identity of the person having custody of it.

11. The documents requested: (i) shall not contain any HIPAA-protected patient information including patient names, social security numbers, addresses, birth dates, or other identifying information; or, (ii) shall have HIPAA-protected patient identifying information redacted by defendant.

12. Produce documents in the order in which you maintained them in your files, in copies of their original file folders, labeled with the folder's original file labels. Do not mask any portion of any document; produce the entire document, including all attachments to such responsive documents. Provide a key to all abbreviations used in documents and attach the key to the appropriate documents.

13. If you obtain information or documents responsive to any Request after you have submitted your written Responses or production, you have an affirmative duty to supplement your Responses and/or production with any new and/or different information and/or documents that become available to you.

## SPECIAL INSTRUCTIONS FOR PROPRIETARY DATABASES

14. Documents stored in proprietary databases should be produced in such a way that the data, information, and functionality of the original database(s) is not lost.

## REQUESTS FOR PRODUCTION

1. All documents relating to Safe Script Pharmacy No. 6 in Huntington, West Virginia ("Safe Script"), including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by Safe Script or the investigation or prosecution of Safe Script related to opioids.

2. All documents relating to A+ Care Pharmacy located in Barboursville, West Virginia, including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by A+ Care Pharmacy or the investigation or prosecution of A+ Pharmacy related to opioids.

3. All documents relating to McCloud Family Pharmacy in Huntington, West Virginia ("McCloud") including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by McCloud or the investigation or prosecution of McCloud Pharmacy related to opioids.

4. All documents relating to Drug Emporium, a pharmacy located in Barboursville, West Virginia, including, but not limited to, all documents relating to or reflecting the purchase,

sale, distribution or dispensing of opioids or other controlled substances by Drug Emporium or the investigation or prosecution of Drug Emporium related to opioids.

5. All documents relating to S & F Pharmacy, d/b/a Fruth Pharmacy Store #12 ("S&F Pharmacy"), including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by S&F Pharmacy or any investigation or prosecution of S&F Pharmacy related to opioids.

6. All documents relating to Fruth Pharmacy of Milton, Inc., including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by Fruth Pharmacy of Milton, Inc. or any investigation or prosecution of Fruth Pharmacy of Milton, Inc. related to opioids.

7. All documents relating to the CVS Pharmacy and/or West Virginia CVS Pharmacy, LLC and/or related entities (collectively "CVS") operating within Huntington, West Virginia and operating with DEA Numbers **BR4365486** (located at 2901 Fifth Ave), **BR4301545** (located at 505 Twentieth Street), **BR4321787** (located at 447 W Washington Ave)**, AR6055025** (located at 5179 US Rte 60 E), including but not limited to all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by CVS or any investigation or prosecution of CVS related to opioids.

8. All documents relating to the CVS Pharmacy and/or West Virginia CVS Pharmacy, LLC and/or related entities (collectively "CVS") operating within the State of West Virginia during the period from January 1, 1996 to present and not included in your response to Request No. 7, including but not limited to all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by CVS or any investigation or prosecution of CVS related to opioids.

9. All documents relating to any Rite Aid Pharmacy, Inc., and/or its related affiliates (collectively, "Rite Aid") operating within West Virginia during the period from January 1, 1996 to present, including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by Rite Aid or any investigation or prosecution of Rite Aid related to opioids.