**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**By Email**                                                                     May 6, 2020

All Plaintiffs' Counsel
mdl2804discovery@motleyrice.com

> Re: ***City of Huntington v. AmerisourceBergen Drug Corp. et al.*, 3:17-cv-01362 (S.D.W. Va.); *Cabell County Commission v. AmerisourceBergen Drug Corp. et al.*, 3:17-cv-01665 (S.D.W. Va.)** – Notice of Failure to Comply with Discovery Ruling No. 1

Dear Counsel:

As you know, Discovery Ruling No. 1 ordered Plaintiffs to respond fully to several interrogatories and requests for production by the document discovery deadline of April 30, 2020.  Dkt. 248.  These included interrogatories 10 and 11 and request for production 16, which all seek information about Plaintiffs' alleged opioid-related expenditures and abatement damages remedy.  *Id.* at 6-7.  The Court's deadline for compliance with Discovery Ruling No. 1 has now expired, and Plaintiffs have failed to meet their obligations.[1]  We raise these failures with Plaintiffs in the first instance in an effort to resolve them without Court intervention.  Defendants request that all deficiencies be remedied by Wednesday, May 13.

## I.   Interrogatories 10 and 11

Cabell County supplemented its interrogatory responses on April 30, but it provided *no* additional information in response to interrogatory 10 or 11.  Instead, Cabell removed information:  it deleted language incorporating Huntington's response to interrogatory 10.  Cabell has yet to state what expenditures it has made to address the opioid crisis, let alone quantify them.  Cabell seeks money damages,[2] and, in any case, information about Cabell's opioid-related expenditures is relevant and important even if Cabell's sought remedy is equitable.  Cabell allegedly has been abating the opioid crisis for at least several years.  *See* Compl. ¶¶ 1149-97.  As explained in Defendants' motion to compel—which Judge Wilkes granted in relevant part—Cabell's identification and quantification of the programs and costs

---

[1] This letter focuses on Plaintiffs' failure to supplement their discovery responses related to their alleged expenditures and abatement damages remedy.  Defendants are still evaluating whether Plaintiffs have adequately supplemented their other discovery responses.

[2] Plaintiffs' requested relief is "the oxymoronic term 'abatement damages.'"  Dkt. 356 at 8.

COVINGTON

May 6, 2020
Page 2

constituting those abatement efforts is critical evidence of what Cabell has believed to be appropriate county-level abatement, Cabell's knowledge of the opioid crisis, the extent of harm caused by the opioid crisis, and whether Defendants' conduct constituted a public nuisance. Dkt. 150 at 5-7.[3]

While Huntington supplemented its responses to interrogatories 10 and 11 to some extent, Huntington has failed to adequately respond to these interrogatories. Huntington provides no specific information about the operations of any program or any quantification of the costs of any program. Relatedly, Huntington has failed to provide a complete list of categories of abatement damages that it seeks in this litigation, as discussed in our April 3, 2020 letter clarifying the information that Defendants expected to be produced related to abatement damages. *See* Ex. A.

## II. Request for Production 16

Plaintiffs have not supplemented their responses to Defendants' First Set of Requests for Production to Plaintiffs, including request for production 16, as required by Discovery Ruling No. 1. Plaintiffs also have not responded to our April 3, 2020 letter clarifying the data and documents that Defendants expected to be produced to comply with Discovery Ruling No. 1.

We have seen no indication in Huntington's document productions that it has provided additional documents or data in response to Discovery Ruling No. 1 or request for production 16. While Cabell produced documents on the final two days of document discovery that purportedly provide cost data or respond to Discovery Ruling No. 1, it is not clear whether Cabell has produced additional documents related to abatement damages.

Please identify by Bates ranges any documents that Plaintiffs have produced in response to Discovery Ruling No. 1, request for production 16, and Defendants' April 3 letter. To the extent that Plaintiffs have not yet produced such documents, please do so by May 13, and identify the responsiveness of the documents by Bates ranges.

We appreciate your prompt attention to this matter.

Sincerely,

*/s/ Laura Flahive Wu*

Laura Flahive Wu

---

[3] Defendants dispute that abatement involves eliminating the effects of the "opioid epidemic." Under West Virginia law, abatement involves stopping the nuisance-causing conduct, not remedying all effects of such conduct. Dkt. 356. Nonetheless, because Plaintiffs seek sweeping "abatement damages" related to the costs of the opioid crisis, Defendants need discovery of such costs.

# EXHIBIT A


**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Laura Flahive Wu

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5982
lflahivewu@cov.com

**Via Electronic Mail**   April 3, 2020

Anne McGinness Kearse
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464

Paul Farrell
Farrell Law
422 Ninth Street, 3rd Floor
Huntington, WV 25701

All Plaintiffs' Counsel
mdl2804discovery@motleyrice.com

Re:  **Discovery Order No. 1 Ruling Regarding Expenditures**

Dear Counsel:

In Special Master Wilkes's Discovery Order No. 1, Plaintiffs were ordered to fully respond to certain interrogatories and requests for production relating to Plaintiffs' alleged opioid-related expenditures and abatement damages remedy by April 30, 2020.  Dkt. No. 248 at 6-7.

This letter seeks to clarify the information, data, and documents that Defendants expect will be produced related to abatement damages, either under Special Master Wilkes' order or under other outstanding, related discovery requests, beyond the materials that Plaintiffs have already committed to produce.  These documents include, but are not limited to, the following:

1) Categories of abatement damages.  A complete list of the categories of "money damages to eliminate the hazard to public health and safety and abate the opioid epidemic" that Cabell County is seeking in this litigation.  *See* Amended Answers of Plaintiff Cabell County Commission to Distributor Defendants' First Set of Interrogatories to Plaintiffs, at 15.

2) Accounting data.  All accounting data, from at least 2009-2019, both revenue and expense, for any and all agencies, divisions or departments that have incurred, or are expected to incur in the future, any opioid-related expenditures, as alleged in

DC: 7271836-2

COVINGTON

April 3, 2020
Page 2

        Plaintiffs' Third Amended Complaint ¶¶ 1417(f), 1437.[1]  This should include at least accounting data for the Huntington Police Department, Huntington Fire Department, Cabell County Sheriff's Department, Cabell County Prosecuting Authority's Office, and Cabell County Emergency Medical Services.

3) Annual reports.  All annual reports from at least 2009-2019 prepared by or for Huntington and Cabell County, as well as by or for each of the same agencies, divisions or departments referred to in item 2, containing information on budget or finances.

4) Operational data.  All operational datasets of Plaintiffs showing opioid-related incidences, with all available fields of information as to those incidences, including those showing dispatches, calls, arrests, jail bookings, investigations, and prosecutions.  This should include at least data reflecting the activities of each of the same agencies, divisions or departments referred to in item 2.[2]  The data should be unfiltered, in native format (not PDF), and comprehensive.  It should include any data dictionaries available to help interpret the contents of the data.

5) FTE counts and salary/wage/benefits data.  All data showing separately for each of the agencies, divisions and departments referred to in item 2, and separately for each year from at least 2009-2019, the total actual number of FTE employees and the total salaries, wages, and benefits provided to those employees.[3]

6) Funding of hospitals or treatment facilities.  All documents and data reflecting or describing funding Plaintiffs provided to hospitals, clinics, or treatment facilities engaged in providing treatment or other services in relation to opioid abuse disorder or other opioid-related issues, including but not limited to Cabell-Huntington Hospital, St. Mary's Medical Center, Marshall Health, Prestera, Recovery Point, Healing Place, and Huntington Comprehensive Treatment Center.  This request includes documents and data reflecting or describing the source of the funding provided by Plaintiffs, e.g., federal or state grant, local tax revenue, etc.

---

[1] Huntington has already committed to produce responsive documents from its New World Database.  *See* Plaintiff City of Huntington, West Virginia Responses and Objections to Distributor Defendants' First Set of Requests for Production, at 10.

[2] Huntington has already committed to produce documents from the Huntington Police Department's Zuercher Database regarding law enforcement and administrative investigations, prosecutions, and enforcement actions relating to opioids.  *See* Plaintiff City of Huntington, West Virginia Responses and Objections to Distributor Defendants' First Set of Requests for Production, at 6-7.  However, as Huntington's alleged opioid-related expenditures are not limited to its police department, its discovery responses should not be so limited either.

[3] For the sake of clarity, this refers to aggregate information, not any custodian-specific information.

**COVINGTON**

April 3, 2020
Page 3

   To the extent Plaintiffs will stipulate that any particular agency has never incurred in the past, and is not expected to incur in the future, any opioid-related costs, we are willing to consider forgoing the listed data and documents for that agency.

                    Sincerely,

                    */s/ Laura Flahive Wu*

                    Laura Flahive Wu