# EXHIBIT 2



28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

**Temitope Leyimu**
*Licensed in SC*
direct:  843.216.9107
tleyimu@motleyrice.com

May 8, 2020

## VIA ELECTRONIC MAIL

*All Defense Counsel*

*Via Electronic Mail*

Laura Flahive Wu
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001

      **RE:  Response to April 28, 2020 Letter Concerning Huntington and Cabell Productions**

Dear Counsel,

      Plaintiffs are in receipt of your April 28, 2020 letter and respond, respectively, as follows:

**Cabell County Commission**

      As the Cabell County Commission has indicated in multiple other communications, it has now completed its document productions. Defendants raise various unfounded subjective complaints, which the Cabell County Commission sees no point in addressing point by point. However, the Cabell County Commission does wish to note that it has exercised its document collection and production responsibilities with the utmost due diligence and can confidently state that it has produced all relevant information in its possession, custody, and control.  Both ESI and hard copy documents have been collected, where available, for all forty eight (48) agreed upon custodians.  The Cabell County Commission has also undertaken the collection and production of various non-custodial departmental documents.  The Cabell County Commission does not anticipate that any further productions will be made.

      The Cabell County Commission also wishes to address the representations you have made concerning the custodians for whom no custodial documents have been produced.  You have indicated in your letter that Cabell County has not produced any custodial documents for ten agreed upon custodians.  However, the Cabell County Commission has produced 32 custodial documents for Ryan Cole whose name appears on your list in that regard.  Additionally, as to the remaining



May 8, 2020
Page 2

custodians, we have conducted thorough searches for ESI and hard copy documents and no responsive documents are available as to those custodians. For many of these custodians, as we have explained previously, the lack of documents is due to the length of time that has passed since the custodian has been employed with the County such that their documents were destroyed long before this case ever ensued.

Given that the Cabell County Commission has completed its document productions, there is no reason to delay the taking of the depositions for the priority deponents Defendants have identified. The Cabell County Commission stands ready to offer its witnesses for depositions on or before the close of fact discovery as it has indicated to Defendants on multiple occasions.

### The City of Huntington

The City of Huntington believes it has completed its document production with the exception of certain, previously identified discrete items.[1] The City intends to continue its due diligence to ensure the thoroughness and completeness of its production. The City has produced responsive documents and information in its possession, custody and control across departments, both in hard copy and electronically. Where available, the City has identified and collected information for the fifty-one (51) agreed to custodians and according departmental files.

As previously set forth in the City of Huntington's production letters, the City of Huntington collected email correspondence for named custodians by extracting their personal email storage ("PST") file whenever possible. In these instances, the "custodian" metadata field in these PST files directly correlates to the individual custodian. However, in instances where a PST file was not otherwise available (e.g., with respect to the emails of a former employee), the City searched two archival servers and identified emails from named custodians using relevant metadata filed (e.g., the "email to" and "email from," fields).[2] The custodian metadata field for electronic documents originating from one of these two archival servers reflected the archival server (e.g., "City of Huntington" and/or "The Huntington West Virginia Police Department") rather than a particular individual custodian. As a result, the City specifically delineated in its production letters those instances when a production was from a backup archive file but associated

---

[1] The Huntington Police Department identified additional hard copy documents while updating their workspace on Tuesday, April 28, 2020. These documents were immediately collected and are now being processed for review and production.

[2] The City also searched its archives for correspondence pertaining to those custodians whose PST files *were* available in order to ensure that all responsive and relevant emails were captured.



May 8, 2020
Page 3

with a particular requested custodian.³  Federal Rule of Civil Procedure 34(b)(2)(E)(ii) states that a "party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms" and the City has done precisely this in its productions.

In order to identify documents pertaining to any particular custodian, Defendants need only perform a simple query of the documents with the name of the custodian of interest or refer to Plaintiffs' production letters identifying those documents associated with a certain requested custodian. The accusation that Plaintiffs identified and produced certain additional documents after stating "substantial completion" is a lost point. It is Plaintiff's obligation to diligently search, identify, review and produce responsive documents and supplement accordingly. Plaintiffs have heeded to this obligation throughout the discovery period. ⁴

**Response Regarding Personal Email Accounts**

Defendants' in their April 28th letter also request the production of personal emails from various custodians.  To the extent any of these individuals utilized their personal emails to conduct government business; Defendants already have those emails by way of the productions that have already occurred.  Defendants have not demonstrated any reasonable basis to justify the onerous request of further collections of personal emails for these custodians. As such, Plaintiffs will not agree to undertake further collections or productions of the personal emails requested.

Over the last five (5) months, Plaintiffs have produced hundreds of thousands of documents attributable to various requested custodians and departments at the city and county level.  The depositions of these custodians, including Defendants noted "priority deponents" should not be delayed any further. To the extent Defendants have inquires with regard to certain documents, Defendants are certainly able to pose those questions to the witness at their deposition.

Sincerely,

Temitope "Tope" Leyimu

---

³ To the extent Defendants believe Plaintiffs' productions include duplicates, those duplicates are a product of the manner in which electronic documents were retained on the City's archival server in the ordinary course of business.

⁴ With regard to footnote 8, Mr. Ferguson is not a City of Huntington custodian, and Huntington made no representations about him in their April 10th letter.



May 8, 2020
Page 4

                                                Brandon L. Bogle
                                                Counsel for Plaintiffs

cc:      Paul T. Farrell, Jr., paul@farrell.law
           All Plaintiffs' Counsel, Mdl2804discovery@motleyrice.com
           Anne Kearse, akearse@motleyrice.com