IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01362 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>    Defendants. | |
| CABELL COUNTY COMMISSION,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01665 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>    Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT AMERISOURCEBERGEN
DRUG CORPORATION'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND COMMUNICATIONS FROM THE BOARD
<u>OF EXAMINERS FOR LICENSED PRACTICAL NURSES</u>**

    Defendant AmerisourceBergen Drug Corporation ("Defendant") seeks the production of documents and communications responsive to its Subpoena to Produce Documents, Information, or Objections ("the Subpoena") to the Board of Examiners for Licensed Practical Nurses ("LPN Board"), which was served on March 13, 2020. *See* Pursuant to LR Civ P 7.1(a), a copy of the Subpoena is attached to Defendant's Motion to Compel Production of Documents and Communications from the Board of Examiners for Licensed Practical Nurses ("Motion") as <u>Exhibit A</u>.

1

## I. Background

The LPN Board has not responded to the Defendant's properly served Subpoena. Defense counsel attempted to contact the LPN Board multiple times through several different mediums, all without answer. Counsel for Defendant attempted to reach the LPN Board by telephone on March 30, April 2, and April 6, 2020. These phone calls went unanswered and no voicemail was available. On April 8, 2020, Defendant's counsel sent a letter to the LPN Board noting the delinquent nature of the LPN Board's response to the Subpoena. (Letter from Gretchen M. Callas, Esq., Jackson Kelly PLLC, to Michelle L. Mayhew, Executive Director, LPN Board (April 8, 2020) (attached to Motion as Exhibit B)). Finally, on April 27, 2020, Defendant's counsel sent a follow-up e-mail to Ms. Mayhew, Executive Director of the LPN Board, referencing the April 8, 2020 letter and requesting that the LPN Board respond. (E-mail from Sean Thomas, Esq., Jackson Kelly PLLC, to Michelle L. Mayhew, Executive Director, LPN Board (April 27, 2020, 12:00 EST) (attached to Motion as Exhibit C)).

The LPN Board's deadline for responding or objecting to the Subpoena was March 27, 2020. Although seven weeks have passed since then, the LPN Board has not produced the requested information, served written objections, or otherwise responded to any of defense counsel's attempts to reach the Board regarding its failure to comply with the Subpoena. While Defendant is aware that the LPN Board may have instituted a work-from-home policy as a result of the COVID-19 pandemic, the Board's failure to respond to Defendant's communications has made it impossible to obtain Subpoena compliance without the Court's intervention. Defendant therefore asks this Court to compel production of the relevant documents and information called for by the Subpoena.

## II. Legal Standard

Rule 45 of the Federal Rules of Civil Procedure governs the procedure by which a party may compel a non-party to produce documents and tangible things. *See* Fed. R. Civ. P. 34(c). Rule 45(d) allows the subpoenaed party to serve objections on the subpoenaing party the earlier of the date of production, or 14 days after service of the subpoena. Fed. R. Civ. P. 45(d)(2)(B); *see also Pistore v. Roper*, No. 3:05-CV-123, 2007 WL 9734175, at *4 (N.D. W. Va. Jan. 8, 2007). The subpoenaing party may then bring a motion to compel in the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i). The LPN Board has failed to respond to the Subpoena. Accordingly, Defendant has filed the instant Motion to Compel in the district where compliance is required.

## III. The Court Should Compel Production of LPN Board's Documents and Communications Responsive to the Subpoena.

The materials Defendant requests from LPN Board are relevant and discoverable. "When a subpoena is issued under Rule 45 for the purpose of discovery, Rule 45 adopts the standard[s] codified in Rule 26." *JAK Prods., Inc. v. Robert Bayer*, No. 2:15-CV-00361, 2015 WL 2452986, at *9 (S.D.W. Va. May 22, 2015) (internal quotations marks and citations omitted). Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

The LPN Board is responsible for promoting and protecting the public health, safety, and welfare through licensure of practical nurses in West Virginia. Defendant's Subpoena to the

LPN Board requested highly relevant discovery relating to, for example, the LPN Board's documents pertaining to the responsibilities and obligations of Licensed Medical Professionals to treat pain and the Board's knowledge or investigation of Prescription Opioids or Illicit Opioids within, or into, the City of Huntington or Cabell County (including in connection with any decisions to discipline or decline to renew a nurse's license). This discovery is critical to Defendant's defenses because it could provide evidence of alternative causes for the alleged opioid epidemic, including the training of Licensed Medical Professionals to prescribe opioid medication in response to general, acute complaints of pain.  Further, responsive documentation may demonstrate that the LPN Board, as an entity regulating Licensed Medical Professionals, was aware of and fully recognized the risks and benefits associated with prescribing opioid pain medication for acute and chronic pain, including the possibility of patients becoming addicted and overdosing.  Finally, the discovery requested may indicate that the LPN Board was aware of the rise in the diversion and abuse of Prescription Opioids and whether any programs, policies, or training were implemented to combat Prescription Opioid abuse.

### IV. The LPN Board Has Failed to Timely Respond to the Subpoena and Has Thus Waived Any and All Objections.

The LPN Board has failed to timely produce the requested information or to object or otherwise respond to the Subpoena.  The LPN Board cannot simply chose not to respond to the properly issued and served Subpoena.  Pursuant to Rule 45(d) and (e) of the Federal Rules of Civil Procedure, a nonparty responding to a subpoena "must either comply with the subpoena or make a written objection claiming privilege of protection." Fed. R. Civ. P. 45(d), (e); *see also Retail Serv. Sys., Inc. v. Penuel*, No. 2:14-MC-00030, 2015 WL 12734087, at *2 (S.D. Ohio Jan. 13, 2015).

The LPN Board's failure to respond to the Subpoena results in its waiver of any objection to the requests for documents and information therein. Defendant served the LPN Board with the Subpoena on March 13, 2020. According to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, a non-party served with a subpoena requesting the production of documents must serve objections, in writing, to the subpoenaing party's counsel within 14 days of service of the subpoena. Accordingly, the LPN Board was required to serve written objections, if any, to the Subpoena upon Defendant by March 27, 2020. *See, e.g.*, *Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990) (finding that the district court did not abuse its discretion in denying motion for protective order when witness failed to make timely written objection); *Angell v. Shawmut Bank Connecticut Nat. Assn.*, 153 F.R.D. 585, 590 (M.D.N.C. 1994) (construing Rule 45(c)(2)(B)'s 14–day time limit to mean that a nonparty's "failure to timely file an objection will result in waiver of the right to object to enforcement of the subpoena"); *Deal v. Lutheran Hospitals & Homes*, 127 F.R.D. 166, 168 (D. Alaska 1989) (analogizing to Rule 33 of the Federal Rules of Civil Procedure regarding objections to interrogatories and concluding that failure of a non-party deponent to make timely written objection to subpoena results in waiver). Consequently, any objections the LPN Board may have had to the Subpoena are now waived.

### V.   Conclusion

For the reasons set forth above, Defendant respectfully requests that this Court grant its Motion to Compel Production of Documents and Communications from the LPN Board and enter an Order compelling the LPN Board to produce documents and communications responsive to Defendant's Subpoena to Produce Documents, Information, or Objections to the LPN Board as well as provide any and all other such relief that this Court deems just and proper.

Dated: May 15, 2020               Respectfully submitted,

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.      CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
    DRUG CORPORATION, et al.,
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.      CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
    DRUG CORPORATION, et al.,
    Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2020, Memorandum in Support of Defendant AmerisourceBergen Drug Corporation's Motion to Compel Production of Documents and Communications from the Board of Examiners for Licensed Practical Nurses was sent to Counsel for the Plaintiffs and Defendants using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. Notice of Defendant's Motion to Compel as well as copies of the Motion and its exhibits have been sent to Michelle Mayhew, Executive Director for the Board of Examiners for Licensed Practical Nurses, by electronic mail to the following e-mail address: Michelle.L.Mayhew@wv.gov.

                                                */s/ Gretchen M. Callas*
                                                Gretchen M. Callas (WVSB # 7136)