

**Driving progress**
**through partnership**

**Brent R. Gary**
Direct Phone: +1 703 641 4338
Email: bgary@reedsmith.com

7900 Tysons One Place
Suite 500
McLean, VA 22102-5979
+1 703 641 4200
Fax +1 703 641 4340
reedsmith.com

May 11, 2020

*<u>Via Email to Allen.B.Campbell@wv.com</u>*

Allen B. Campbell, Esq.
Senior Assistant Attorney General

**RE:  Subpoena on West Virginia Bureau for Children and Families**

Dear Allen:

I write concerning the subpoena duces tecum (the "Subpoena," attached as **Exhibit 1**) that AmerisourceBergen Drug Company ("ABDC") served upon the West Virginia Bureau for Children and Families ("BCF") on February 25, 2020.  As you know, we have not received any documents in response to that subpoena.

During meet and confer telephone conferences we held on March 26, April 7 and April 28, you explained that the COVID-19 pandemic has strained BCF's resources and has made it difficult for BCF to provide timely responses.  We are sensitive to these concerns.  However, as you may be aware, today the Court ordered that all motions to compel, including those involving third parties, must be filed by May 15.  Accordingly, we have little time to resolve outstanding discovery issues short of Court intervention.  Even if we are required to file a motion with the Court, our objective is to continue to work cooperatively with you and the BCF to resolve all discovery issues.  Moreover, in today's order from the Court, the deadline for fact discovery was extended to July 27, 2020.  Therefore the deposition of Linda Watts, noticed for early June, can be moved back to allow for the production of documents prior to the deposition.

Below is a summary of our past communications regarding each specific request.

*1.       All Communications between You and Plaintiffs discussing, referring, or relating to the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.*

We have received no documents responsive to this Request, although you have indicated that BCF likely possesses both "formal" communications (such as meeting minutes) as well as "informal communications" (such as emails) with Plaintiffs.  You asked whether we are interested in both categories. I can confirm that our subpoena seeks all communications, including emails, between BCF and Plaintiffs related to the subjects described in Request No. 1.  To aid in your search for responsive communications, we have provided you with a list of individuals whose custodial files (including emails) should be searched.  *See* Request No. 28.  During our April 28 telephone conference, you asked if we could provide a list of search terms to aid BCF in identifying responsive documents.  A list of search terms is attached to this letter as **Exhibit 2**.  We would be happy to set a call with you, our electronic discovery experts,

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-153225646.3



May 11, 2020
Page 2

and BCF's information technology personnel to discuss how these searches could be conducted in the most efficient and least burdensome manner possible.

> *2.    All Documents discussing, referring, or relating to any Defendant, including but not limited to, all Communications or transactions between You or Plaintiffs and any Defendant, manufacturer, distributor, or dispenser of Prescription and Illicit Opioids.*

During our April 7 conference call, you sought clarification of the wording of this request as to whether we are seeking all communications between Plaintiffs and any Defendants. We clarified that we are seeking only communications to which BCF is a party. We have received no documents responsive to this Request. As noted above, we have provided a list of custodians whose files should be searched for documents responsive to Request No. 2 as well as a list of proposed search terms. Please advise when we can expect to receive responsive documents. We are happy to discuss with you how we might be of further assistance in your search.

> *3.    All Documents discussing, referring, or relating to Your or Plaintiffs' knowledge of the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village or city within Cabell County.*

During our April 7 telephone conference, you indicated that BCF does not possess documents related to Plaintiffs' knowledge of the subjects described in Request No. 3. We clarified that we are seeking documents related only to BCF's knowledge. We have received no documents responsive to this Request. To aid in your search, we have provided relevant search terms set forth in Exhibit 2. Please advise when we can expect to receive documents responsive to Request No. 3.

> *4.    All Documents discussing, referring, or relating to Your or Plaintiffs' efforts, including, but not limited to, any programs or task forces that You or Plaintiffs have developed to combat or address the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.*

> *5.    All Documents discussing, referring, or relating to Your or Plaintiffs' collaborations or partnerships with any local, state, or federal agency, organization, or task force to address or combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.*

> *6.    All Documents discussing, referring, or relating to recommendations for actions to be taken by You or Plaintiffs to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County or any town, village or city within Cabell County.*



May 11, 2020
Page 3

During our April 7 and April 28 teleconferences, you indicated that BCF possesses no documents responsive to Request Nos. 4 through 6 because BCF does not develop programs or task forces related to the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids or Illicit Opioids.  If BCF has conducted a search for documents responsive to this Request and found none, I ask that you please confirm that in writing.

> 7.     *All Documents referring to or relating to the unlawful use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase and/or trafficking of Prescription or Illicit Opioids or other opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.*

During our April 7 and April 28 teleconferences, you indicated that BCF possesses no documents responsive to Request No. 7, which seeks documents (including communications such as emails) related to the topics described above.  If BCF has conducted a search for documents responsive to this Request and found none, I ask that you please confirm that in writing.

> 8.     *All Documents relating to any law enforcement, child endangerment, child removal, or administrative investigations, prosecutions, and/or enforcement actions relating to Prescription or Illicit Opioids or other opioids in Cabell County or the City of Huntington.*

BCF has produced no documents responsive to this Request.  On April 28, you indicated that you were attempting to find out what data responsive to this request may be stored in the Family and Children Tracking System ("FACTS") and whether that data is keyword searchable.  Please advise as to what you have learned in that regard.

During our April 7 and April 28 conferences, you stated that some documents responsive to this request are protected from disclosure by W. Va. Code § 49-5-101.  Please be advised that we intend to seek such an order.  Specifically, we intend to seek an order compelling the production of all case files related to foster-care placements or child removal proceedings involving allegations of drug abuse.  We may be able to tailor or limit this request to a representative sample of files, but in order to do so, we need to know (1) the number of files BCF has opened since January 1, 2006 relating to child removal or foster-care placement; and (2) the number of those files that have been flagged as involving "drug abuse."  Please advise if you will be able to provide that information.

In addition, we ask that you promptly produce all documents that are responsive to Request No. 8 that are not covered by § 49-5-101.

> 9.     *All Documents that describe, discuss, relate to, analyze, or refer to the impact on You, or anyone acting on Your behalf, of the use and abuse of opioids, including but not limited to, any harm suffered by any and all individuals residing within Cabell County or the City of Huntington, that are, or have been, attributed in whole or in part to the abuse, use, or misuse of Prescription or Illicit Opioids, or the abuse, use, or misuse of other opioids.*



May 11, 2020
Page 4

> *10.   All Documents discussing, referring, or relating to Your or Plaintiffs' involvement in drafting, assessing, introducing, lobbying for, implementing, administering, and/or monitoring compliance with legislation, statutes, rules, regulations or guidelines relating to Prescription Opioids or Illicit Opioids.*

When we discussed the subpoena on April 7 and April 28, you indicated that the Cabell County BCF office would not have documents responsive to Requests 9 and 10. However, we are seeking the production not only of documents maintained by the Cabell County office, but also documents maintained by BCF's head office in Charleston. As discussed above, we have provided a list of search terms and a list of proposed custodians, and we suspect that applying our suggested terms to those individuals' custodial files, as well as other searches that could be made, would identify documents responsive to Request Nos. 9 and 10. Please advise if we may provide any technical assistance in connection with that search.

> *11.   All Documents discussing, referring, or relating to Your Meeting Minutes, including, but not limited to, committee and subcommittee Meeting Minutes, in which the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids or Illicit Opioids within or into the State of West Virginia were discussed.*

On April 7 and April 28, you indicated that you were searching for documents responsive to this Request. Please advise as to the status of this search and promptly produce any documents you have found.

> *12.   All Documents constituting or related to any Communications between You, or anyone acting on Your behalf, and any federal, state, or local official or agency (including, but not limited to, the DEA, the Federal Bureau of Investigation, a United States Attorney or representative thereof, any other department within the West Virginia Department of Health and Human Resources or its constituent providers, the West Virginia Department of Military Affairs and Public Safety, CSAPP, the West Virginia Board of Pharmacy, the West Virginia Board of Medicine, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia Board of Examiners for Licensed Practical Nurses, the West Virginia Board of Examiners for Registered Professional Nurses, the West Virginia Office of the Chief Medical Examiner, other cities, counties or agencies of the State of West Virginia, or any city, county, or agency of any other State), insurer, third-party payer, or pharmacy benefit manager that refer or relate to improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription or Illicit Opioids, or the possession, abuse, illegal sale, or addiction to other opioids in Cabell County or City of Huntington.*

On April 28, you indicated that neither the Cabell County BCF office nor the main office in Charleston possesses documents responsive to Request No. 12. Please confirm that you have searched for documents responsive to this Request and that BCF possesses none.



May 11, 2020
Page 5

> *13.     All Documents and Communications identifying, discussing, or relating to pill mills in the City of Huntington, Cabell County, or any town, village or city within Cabell County.*

On April 28, you asked that we provide more specificity regarding this request.  To that end, please see the list of search terms attached as Exhibit 2 and the list of proposed custodians set forth in in Request No. 28.

> *14.     All Documents and data from and related to the Families and Children Tracking System ("FACTS") including all Documents relating to the design, purpose, and use of FACTS, any use You have made of FACTS, actions You took, attempted to take, or considered taking, based on information You received from FACTS, and all Documents containing or discussing Your policies and procedures related to FACTS.*

On April 28, you indicated that neither the Cabell County BCF office nor the main office in Charleston possesses documents responsive to Request No. 14.  Please confirm that you have searched for documents responsive to this Request and that BCF possesses none.

> *15.     All Documents sufficient to identify, by year and for each program or service that You provide, (a) the number of individuals in Cabell County or the City of Huntington to whom You provided services because they, or someone closely associated with them or related to them have an opioid use disorder resulting from using Illicit Opioids, and the amount You were paid by Cabell County or the City of Huntington for those services; (b) the number of individuals in Cabell County or the City of Huntington to whom You provided services because they, or someone closely associated with them or related to them have an opioid use disorder resulting from the misuse or abuse of Prescription Opioids, and the amount You were paid by Cabell County or the City of Huntington for those services; (c) the number of individuals in Cabell County or the City of Huntington to whom You provided services because they, or someone closely associated with them or related to them have a drug addiction that does not involve opioids, and the amount You were paid by Cabell County or the City of Huntington for those services; and (d) the number of individuals in Cabell County or the City of Huntington to whom You provided services because they, or someone closely associated with them or related to them have a substance abuse problem or addiction that does not involve drugs, and the amount You were paid by Cabell County of the City of Huntington for those services.*

On April 28, you indicated that you were endeavoring to find out if a search of FACTS can be performed that would identify the number of cases BCF has opened that involve the abuse of Prescription Opioids or Illicit Opioids.  Please advise what you have learned on that front.

Leaving aside BCF's ability to identify the number of cases it has opened that relate specifically to opioids, Request No. 15 seeks documents sufficient to identify the number of individuals to whom BCF has offered services due to the use or abuse of all drugs and the number of people to whom BCF has offered services for reasons other than drug abuse.  Please advise as to the status of your search for those documents.  As pointed out above with respect to Request No. 8, we are willing to limit this request to files opened on or after January 1, 2006.



May 11, 2020
Page 6

*16.     All Documents relating to Your participation in any opioid-related task forces, including any task force affiliated with the City of Huntington or Cabell County.*

On April 7, you indicated that the Cabell County BCF office is not involved with the task forces identified in Request No. 16 and that the Cabell County BCF office would therefore not be expected to possess responsive documents. However, you have not indicated whether the statewide office is involved in such task forces or whether that office possesses responsive documents. Please advise whether the main BCF office in Charleston possesses such documents and, if it does, when we can expect them to be produced.

*17.     All Documents relating to the impact of Prescription or Illicit Opioids on children, including newborns, in the City of Huntington and Cabell County.*

On April 28, you indicated that you were still trying to find out whether BCF possesses documents responsive to Request No. 17. Specifically, you indicated that the Cabell County office may have had interactions with Lily's Place. Please let us know the status of your search for documents responsive to Request No. 17 that are in the possession of either the Cabell County office or the main BCF office in Charleston.

*18.     All transactional data and databases You use to track, record, or otherwise account for Your annual revenue and expenses.*

During our April 7 and April 28 telephone conferences, you indicated that BCF is state-funded and that Cabell County does not provide any funding for BCF's services. Please confirm that this understanding is correct and, if it is, that BCF has no record of any revenue provided by, or expenses taxed to, the City of Huntington or the Cabell County Commission.

*19.     All transactional data and databases You use or Documents you have that track, record, or otherwise account for the services that You provide or the number of cases you handle or service per year.*

On April 7 and April 28, you indicated that you were searching for documents responsive to Request No. 19. Please advise as to the status of this search and promptly produce any documents you have found.

*20.     All transactional data and databases You use or Documents you have that track, record, or otherwise account for the services that You provide or the number of cases you handle or service per year regarding, relating to or referring to Prescription or Illicit Opioids.*

On April 7 and April 28, you indicated that you were searching for documents responsive to Request No. 20. Please advise as to the status of this search and promptly produce any documents you have found.



May 11, 2020
Page 7

*21.    All case files dating back to 1996 in Your possession or control that relate to Prescription or Illicit Opioids or any other substance use and abuse in Cabell County or the City of Huntington.*

On April 7 and April 28, you indicated that you were searching for documents responsive to Request No. 21. Please advise as to the status of this search and promptly produce any documents you have found.

*22.    All Documents reflecting, describing, or referring to the reason or root cause for any increases or decreases in the number of cases or amount of services You are currently handling or providing or have handled or provided in the past.*

On April 7 and April 28, you indicated that you were searching for documents responsive to Request No. 22. Please advise as to the status of this search and promptly produce any documents you have found.

*23.    All Documents reflecting Your structure and operation, including but not limited to, organizational charts and all Documents discussing the operation of Your Executive Board, initiatives and programs.*

On April 7, you indicated that BCF possess no documents responsive to this Request other than the organizational chart that posted on the DHHR webpage.

*24.    All Documents reflecting Your finances, including but not limited to, budgets, expense reports, and Documents concerning Your funding.*

During our April 7 and April 28 conference, you indicated that BCF is state-funded and that the City of Huntington and the Cabell County Commission do not provide any funding for BCF's services. We may be willing to withdraw Request No. 24 if you can provide a declaration confirming that the City of Huntington and the Cabell County Commission do not incur costs associated with foster care or child removal proceedings. Please advise if BCF would be willing to provide such a statement.

*25.    All Documents concerning and/or relating to Your creation.*

On April 7 and April 28, you indicated that you were searching for documents responsive to Request No. 25. Please advise as to the status of this search and promptly produce any documents you have found.

*26.    All Documents and Communications referring to or relating to any assistance, grants, subgrants, or funding that You sought and/or obtained to combat drug-related issues with respect to the opioid epidemic.*

During our April 7 and April 28 telephone conferences, you indicated that BCF is state-funded and that Cabell County does not provide any funding for BCF's services and therefore no grant funding would in any way involve the City of Huntington or the Cabell County Commission. Please confirm that



May 11, 2020
Page 8

this understanding is correct and, if it is, that BCF has no record of any revenue provided by, or expenses taxed to, the City of Huntington or the Cabell County Commission with respect to Document Request No. 26.

27.    *All Documents discussing, referring, or relating to any trainings that You provide.*

On April 7 and April 28, you indicated that you were searching for documents responsive to Request No. 28.  You also requested clarification as to whether we are seeking documents related to training on any topic or just training related to the use or abuse of Prescription or Illicit Opioids. We clarified that we are interested only in training related to the use or abuse of Prescription or Illicit Opioids. Please advise as to the status of your search for responsive documents and promptly produce any documents you have found.

28.    *If not already produced in response to the requests herein, all custodial records of the following past and present employees:*

- **Lance Whaley** – *Regional Director of Field Operations for Region 2*
- **Janice McCoy** – *Community Service Manager for Cabell County*
- **Beverly Koerber** – *Regional Manager of Cabell County Child Support Enforcement*
- **Tina Mitchell** – *Deputy Commissioner, Field Operations, for Regions II and IV*
- **Linda Watts** – *Commissioner of BCF*
- **Nancy Exline** – *Former Commissioner of BCF*
- **Jim Weekely** – *Bureau Chief Financial Officer for BCF*
- **Greg Shavers** – *Director of Grants and Contracts for BCF*
- **Janie Cole** – *Deputy Commissioner, Programs and Resource Development for BCF*
- **Monica Hamilton** – *Director, Family Assistance for BCF*
- **Laura Bamo** – *Director, Child and Adult Services for BCF*
- **Sue Hage** – *Former Deputy Commissioner for Office of Programs, BCF*
- **Jean Sheppard** – *Deputy Commissioner for Office of Operations of BCF*
- **Melanie Urquhart** – *Director, Office of Social Services for BCF*
- **Bea Bailey** – *Executive Secretary for BCF*
- **Kristina Wandzel** – *Administrative Secretary for Field Operations and Programs and Resource Development, BCF*

During our April 28 conference call, you indicated that a keyword search of the custodial files of the individuals listed above would likely identify responsive documents.  At your request, we have provided a list of suggested search terms and, as noted above, we would be happy to meet with you to discuss how these searches may be performed efficiently and with as little expense as possible.  Please advise how we may assist in that regard.

29.    *All Documents relating to any efforts by You to reduce the number of Prescription Opioids, Illicit Opioids, or opioid prescriptions in the State of West Virginia.*



May 11, 2020
Page 9

On April 7, you indicated that BCF does not possess documents responsive to Request No. 29. Please confirm that you have searched for documents related to BCF's efforts to reduce the number of Prescription Opioids, Illicit Opioids, or opioid prescriptions in West Virginia and that you have identified none.

> *30.      All Documents constituting or describing data and/or analysis relating to people who obtain Prescription Opioids through illegal or improper means and/or diversion.*

On April 7, you indicated that BCF does not possess documents responsive to Request No. 30. Please confirm that you have searched for documents constituting or describing data and/or analysis relating to people who obtain Prescription Opioids through illegal or improper means and/or diversion, and that and that you have identified no such documents.

> *31.      All Documents containing data or analysis relating to Prescription Opioids that were prescribed off-label or contrary to accepted medical guidelines.*

On April 7, you indicated that BCF does not possess documents responsive to Request No. 31. Please confirm that you have searched for documents containing data or analysis relating to Prescription Opioids that were prescribed off-label or contrary to accepted medical guidelines, and that and that you have identified no such documents.

> *32.      All Documents containing data or analysis relating to the abuse, misuse, or diversion of Prescription Opioids, broken down by product or chemical substance.*

On April 7, you indicated that BCF does not possess documents responsive to Request No. 32. Please confirm that you have searched for documents containing data or analysis relating to the abuse, misuse, or diversion of Prescription Opioids, broken down by product or chemical substance, and that and that you have identified no such documents.

> *33.      All Documents relating to the monetary damages and other relief (if any) You or any Plaintiff is seeking in this action.*

On April 7, you indicated that BCF does not possess documents responsive to Request No. 33 because BCF is not seeking damages or other relief in this action and that BCF possesses no documents relating to the relief being sought by the City of Huntington and the Cabell County Commission.  Please confirm that this is correct and that BCF possesses no documents responsive to Request No. 33.

> *34.      All Documents reflecting direct, indirect, and monetary costs and expenses You or any Plaintiff has incurred that You attribute to the opioid abuse epidemic or the use, misuse or abuse of Prescription Opioids or Illicit Opioids in the City of Huntington, Cabell County, or any town, village or city within Cabell County.*

On April 7 and April 28, you indicated that you were searching for documents responsive to Request No. 34.  Please advise as to the status of this search and promptly produce any documents you have found.



May 11, 2020
Page 10

> *35.     All Documents relating to Your identification of the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village, or city within Cabell County.*

On April 7 and April 28, you indicated that you were searching for documents responsive to Request No. 35.  Please advise as to the status of this search and promptly produce any documents you have found.

> *36.     All Documents relating to any investigation of the marketing, advertising, distribution, and/or promotional activities of Defendants as a potential cause of the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village or city within Cabell County.*

On April 7 and April 28, you indicated that you were searching for documents responsive to Request No. 36.  Please advise as to the status of this search and promptly produce any documents you have found.

> *37.     All Documents relating to any investigation of factors other than the activities of Defendants that caused or contributed to the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village or city within Cabell County.*

On April 28, you indicated that BCF does not possess documents responsive to Request No. 37.  I ask that you please confirm in writing that you have searched BCF's files for documents relating to any investigation of factors that caused or contributed to the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village or city within Cabell County, and that you identified no such documents.

> *38.     Any reports, presentations, lectures, seminars, workshops, symposia or other similar educational programs made or sponsored by You or on Your behalf related to the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village or city within Cabell County, including all data and source materials used to create those documents.*

On April 28, you indicated that BCF does not possess documents responsive to Request No. 38. Please confirm that this is correct and that BCF possesses no documents responsive to Request No. 38.

Thank you again for your attention to these requests.  Please let me know if and when you are available to discuss any of these issues.  As I stated above, given today's Court order, we may need to proceed with filing a motion to compel the documents set out in this letter and the subpoena duces tecum, but we will remain committed to working with you to resolve all issues.



May 11, 2020
Page 11

Sincerely,

Brent R. Gary

BRG:dva

cc:    Melinda Dugas, Esq.
       Michael L. Jackson, Esq.
       Steven R. Compton, Esq.

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of West Virginia

| | | |
|---|---|---|
| City of Huntington; Cabell County Commission | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:17-01362; 3:17-01665 |
| AmerisourceBergen Drug Corporation, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: West Virginia Department of Health & Human Resources, Bureau for Children and Families, 350 Capitol Street, Room 730, Charleston, West Virginia 25301

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See Attachment A.

| Place: AmerisourceBergen Drug Corporation, c/o Gretchen Callas, Jackson Kelly PLLC, 500 Lee Street East, Suite 1600, Charleston, WV 25301 | Date and Time: 03/17/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/25/2020

                    *CLERK OF COURT*

                                            OR

                                                        /s/ Gretchen M. Callas
_____          _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation , who issues or requests this subpoena, are:

See Attached List of Counsel for Defendants.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:17-01362; 3:17-01665

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   DHHR General Counsel
on *(date)*                    .

☑ I served the subpoena by delivering a copy to the named person as follows:   Julie Thomas,
Davis Square, Charleston
                                                on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:                                        .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                    .

My fees are $                 for travel and $              for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:   2/25/20

                                   _____
                                        *Server's signature*

                                   JOHN D. ROSS  COURRIER
                                        *Printed name and title*

                                   1600 LAINLEY TUN CHMSW
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## COUNSEL FOR DEFENDANTS

***AmerisourceBergen Drug Corporation***
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
nicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com

*/s/ Brian T. Himmel*
Brian T. Himmel
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Tel: (412) 288-4058
Fax: (412) 288-3063
bhimmel@reedsmith.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Steven R. Ruby*
Brian A. Glasser (WVSB #6597) Steven
R. Ruby (WVSB #10752) Raymond S.
Franks II (WVSB #6523) BAILEY
GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

***McKesson Corporation***
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP

- 2 -

One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

**ATTACHMENT A**

**REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE
WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,
<u>BUREAU FOR CHILDREN AND FAMILIES</u>**

**<u>DEFINITIONS</u>**

The following terms shall have the meanings set forth below.  Notwithstanding any

definition set forth below, each word, term or phrase used in these Requests is intended to have

the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules

of Procedure for the Southern District of West Virginia.

1.      "Communication" has the full meaning ascribed to it by Local Rule of Civil

Procedure 26.2(c)(1), and means any transmission of information (whether formal or informal) by

one or more Persons and/or between two or more Persons by means including, but not limited to,

telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other

computer linkups, written memoranda, and face-to-face conversations.

2.      "Document" has the full meaning ascribed to it by Federal Rule of Civil Procedure

34(a) and Local Rule of Civil Procedure 26.2(c)(2), and means the complete original (or complete

copy where the original is unavailable) and each non-identical copy (where different from the

original because of notes made on the copy or otherwise) of any writing or record, including, but

not limited to, all written, typewritten, handwritten, printed, or graphic matter of any kind or nature,

however produced or reproduced, any form of collected data for use with electronic data

processing equipment, and any mechanical or electronic visual or sound recordings or text

messages in Your possession, custody, or control.  "Documents" include, but are not limited to,

books, papers, contracts, memoranda, invoices, correspondence, notes, studies, reports, manuals,

photographs, drawings, charts, graphs, data compilations, other writings, microfilm, microfiche,

audio recordings, video recordings, electronic mail, and any other information stored in electronic form, and each different version or copy of each Document, including, but not limited to, drafts.

3. "Person" means any individual, corporation, firm, partnership, joint venture, unincorporated association, trade association, governmental entity, dealer group, council or other incorporated or unincorporated entity, business entity or group of individuals or entities, singular or plural, as the content may require.

4. "You" or "Your" refers to the West Virginia Department of Health & Human Resources, Bureau for Children and Families ("BCF"), and all others acting or purporting to act on Your behalf, or controlled by You, including any affiliates, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces.

5. "Plaintiffs" means, collectively, the plaintiffs named in this action, the City of Huntington and Cabell County, including but not limited to, its executive and legislative branches, agencies, offices, departments, divisions, commissions, committees, subcommittees, boards, directors, administrators, employees, agents, contractors, vendors, instrumentalities, representatives, counsel, and all persons and entities acting or purporting to act under their control or on their behalf.

6. "Defendants" means, collectively, all defendants named in *City of Huntington v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01362, and *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01665, as of the date of this notice. Such Defendants include, but are not limited to, AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; and McKesson Corporation, the named defendants in this action, and their present or former officers, directors, shareholders, employees, agents,

-2-

representatives, counsel and all persons and entities acting or purporting to act under their control or on their behalf.

7.      "Prescription Opioid(s)" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to, prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in the state of West Virginia only through prescriptions filled by dispensers duly licensed and regulated.

8.      "Illicit Opioid(s)" means substances comprised of or containing natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body that are not approved by the FDA, including but not limited to heroin, fentanyl, carfentanil, other fentanyl-type analogs, and counterfeit opioid medications.

9.      "Legitimate Opioid Use" means use of Prescription Opioids according to a prescription made in accordance with the respective FDA-approved warning labels by the person to whom the prescription was provided.

10.     "Controlled Substance" means any substance identified as a Schedule I-V substance pursuant to 21 U.S.C. § 812.

11.     "Opiate Task Force" means a temporary or permanent grouping created, administered, and/or funded by You in response to the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village or city within Cabell County.

12.     The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed as falling outside the scope of these requests.

- 3 -

13.     Words used in the singular shall, when the context permits, be deemed to include the plural, and words used in the plural shall, when the context permits, be deemed to include the singular. The masculine gender shall, when the context permits, be deemed to include the feminine or neuter genders.

## INSTRUCTIONS

1.     Unless otherwise agreed in writing, all Documents are to be produced to the attention of AmerisourceBergen Drug Corporation, c/o Gretchen Callas, Jackson Kelly PLLC, 500 Lee Street East Suite 1600, Charleston, WV 25301.

2.     Unless otherwise indicated, the Relevant Time Period applicable to these requests is 1996 to the present.[1]

3.     To the extent a geographic scope applies to a request herein, that scope, whether expressly stated or not, is defined as the City of Huntington, Cabell County, or any town, village or city within Cabell County.

4.     With respect to any of the Documents requested below for which a claim of privilege or work product is made, indicate the nature of the Document; identify by name, address, title, and business affiliation the writer, the addressee, and all recipients thereof; and set forth the general subject matter to which the Document relates and its date.

5.     All Documents produced in response to these Requests shall be produced in toto, notwithstanding the fact that portions thereof may contain information not requested.

6.     These Requests shall be deemed continuing to the fullest extent permitted by the Federal Rules of Civil Procedure so as to require further and supplemental production if You locate

---

[1] Should the Court issue a ruling establishing a different time period for discovery, Defendants will revise the Relevant Time Period accordingly.

- 4 -

or obtain additional documents falling within the scope of these Requests after the time of initial production.

7.     If any Documents requested herein are no longer in Your control or have been lost, discarded, or destroyed, those Documents shall be identified by author, date, subject matter, and, if applicable, current custodian.

8.     For any data provided, all relevant characteristics/fields and codes should be produced, along with data dictionaries.

9.     Each page of every Document must be marked with a unique identifier or "Bates stamp."

10.     Requested format for Documents produced electronically in response to this Request:

> Form: Documents produced in response to this Request should be provided in Group 4 compression single-page "TIFF" format. Extracted text shall be included in the manner provided herein. To the extent that extracted text does not exist, these images will be processed through Optical Character Recognition ("OCR") so that they are fully searchable. Extracted text and OCR should be provided in separate document level text files. "Load Files" shall be produced to accompany the images and shall facilitate the use of the litigation support database systems to review the produced images.

> Document Unitization: Each page of a document shall be electronically converted into an image as described above. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be produced using logical document breaks when creating the image file and appropriately designated in the load files. The corresponding parent/attachment relationships, to the extent possible, shall be provided in the load files furnished with each production. Document productions that are not unitized or that do not capture parent/attachment relationships will not be accepted. Distributor Defendants will seek reimbursement by court order for any costs associated with unitizing document productions.

> Filing Naming Conventions: File Naming Conventions. Each document image file shall be named wit the unique Bates Number of the page of the document in the case of single-page TIFFs, followed by the extension "TIF." Each document shall be named with a unique document identifier. Attachments shall have their own unique document identifiers.

Production Media: The documents should be produced on CD-ROM, DVD, or external hard drive (with standard Windows PC compatible interface), (the "Production Media"). Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents on the Production Media are associated with (e.g., "V001," "V002"), as well as the volume of the material in that production wave (e.g., "001," "-002"). For example, if the first production wave comprises document images on three hard drives, the Respondent shall label each hard drive in the following manner" "V001-002," "V001-003." Additional information that shall be identified on the physical Production Medial shall include: (1) text referencing that it was produced in [Case Docket No.], (2) the producing party's name, (3) the production date, and (4) the Bates Number range of the materials contained on the Production Media.

Objective Coding/Extracting Meta Data: Respondent shall produce with each production of documents with extracted metadata for each document (the "Objective Coding") included in the load file. The data file shall include the following fields and type of content: "Custodian", the date the document was created, sent or last modified (e.g., "Date Created", "File Created Date", "Date Sent", and "Last Modified Date"; the filename (e.g.,"File Name") or, for emails, the "Subject" line and the individuals or entities listed in the "To" "From" "CC" and "BCC" fields. In addition, the following fields shall also be provided, if available, "Confidentiality_filepath, MD5 Hash, and file extension. Objective Coding shall be labeled and produced on Production Media in accordance with the provisions set forth above.

Native format for PowerPoint Presentations, Spreadsheets (Excel), audio-visual files and databases: PowerPoints, spreadsheets (Excel), audio-visual files and databases shall be produced in native format along with the extracted text and relevant metadata.

11.     Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes or text messages and similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals.  Computer files and similar electronic records should be produced in a readable form.

12.     Please produce password-protected Documents with any applicable passwords.

13.     Should You consider any of the Documents requested to be confidential such that they should not be generally disseminated to the public or released to the press, please designate these Documents as such under the operative Protective Order in this case.

14.     Should You determine that any of the Documents requested contain personal health information that may not be disclosed pursuant to HIPAA or analogous state law, please redact that information and assign in its place a unique identifier.

## DOCUMENTS TO BE PRODUCED

1.     All Communications between You and Plaintiffs discussing, referring, or relating to the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

2.     All Documents discussing, referring, or relating to any Defendant, including but not limited to, all Communications or transactions between You or Plaintiffs and any Defendant, manufacturer, distributor, or dispenser of Prescription and Illicit Opioids.

3.     All Documents discussing, referring, or relating to Your or Plaintiffs' knowledge of the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village or city within Cabell County.

4.     All Documents discussing, referring, or relating to Your or Plaintiffs' efforts, including, but not limited to, any programs or task forces that You or Plaintiffs have developed to combat or address the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

5.     All Documents discussing, referring, or relating to Your or Plaintiffs' collaborations or partnerships with any local, state, or federal agency, organization, or task force to address or combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion,

production, distribution, purchase, or trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

6.      All Documents discussing, referring, or relating to recommendations for actions to be taken by You or Plaintiffs to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County or any town, village or city within Cabell County.

7.      All Documents referring to or relating to the unlawful use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase and/or trafficking of Prescription or Illicit Opioids or other opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

8.      All Documents relating to any law enforcement, child endangerment, child removal, or administrative investigations, prosecutions, and/or enforcement actions relating to Prescription or Illicit Opioids or other opioids in Cabell County or the City of Huntington.

9.      All Documents that describe, discuss, relate to, analyze, or refer to the impact on You, or anyone acting on Your behalf, of the use and abuse of opioids, including but not limited to, any harm suffered by any and all individuals residing within Cabell County or the City of Huntington, that are, or have been, attributed in whole or in part to the abuse, use, or misuse of Prescription or Illicit Opioids, or the abuse, use, or misuse of other opioids.

10.      All Documents discussing, referring, or relating to Your or Plaintiffs' involvement in drafting, assessing, introducing, lobbying for, implementing, administering, and/or monitoring compliance with legislation, statutes, rules, regulations or guidelines relating to Prescription Opioids or Illicit Opioids.

- 8 -

11. All Documents discussing, referring, or relating to Your Meeting Minutes, including, but not limited to, committee and subcommittee Meeting Minutes, in which the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids or Illicit Opioids within or into the State of West Virginia were discussed.

12. All Documents constituting or related to any Communications between You, or anyone acting on Your behalf, and any federal, state, or local official or agency (including, but not limited to, the DEA, the Federal Bureau of Investigation, a United States Attorney or representative thereof, any other department within the West Virginia Department of Health and Human Resources or its constituent providers, the West Virginia Department of Military Affairs and Public Safety, CSAPP, the West Virginia Board of Pharmacy, the West Virginia Board of Medicine, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia Board of Examiners for Licensed Practical Nurses, the West Virginia Board of Examiners for Registered Professional Nurses, the West Virginia Office of the Chief Medical Examiner, other cities, counties or agencies of the State of West Virginia, or any city, county, or agency of any other State), insurer, third-party payer, or pharmacy benefit manager that refer or relate to improper prescribing, unlawful sale, or other suspected wrongdoing related to Prescription or Illicit Opioids, or the possession, abuse, illegal sale, or addiction to other opioids in Cabell County or City of Huntington.

13. All Documents and Communications identifying, discussing, or relating to pill mills in the City of Huntington, Cabell County, or any town, village or city within Cabell County.

14. All Documents and data from and related to the Families and Children Tracking System ("FACTS") including all Documents relating to the design, purpose, and use of FACTS,

- 9 -

any use You have made of FACTS, actions You took, attempted to take, or considered taking, based on information You received from FACTS, and all Documents containing or discussing Your policies and procedures related to FACTS.

15. All Documents sufficient to identify, by year and for each program or service that You provide, (a) the number of individuals in Cabell County or the City of Huntington to whom You provided services because they, or someone closely associated with them or related to them have an opioid use disorder resulting from using Illicit Opioids, and the amount You were paid by Cabell County or the City of Huntington for those services; (b) the number of individuals in Cabell County or the City of Huntington to whom You provided services because they, or someone closely associated with them or related to them have an opioid use disorder resulting from the misuse or abuse of Prescription Opioids, and the amount You were paid by Cabell County or the City of Huntington for those services; (c) the number of individuals in Cabell County or the City of Huntington to whom You provided services because they, or someone closely associated with them or related to them have a drug addiction that does not involve opioids, and the amount You were paid by Cabell County or the City of Huntington for those services; and (d) the number of individuals in Cabell County or the City of Huntington to whom You provided services because they, or someone closely associated with them or related to them have a substance abuse problem or addiction that does not involve drugs, and the amount You were paid by Cabell County of the City of Huntington for those services.

16. All Documents relating to Your participation in any opioid-related task forces, including any task force affiliated with the City of Huntington or Cabell County.

17. All Documents relating to the impact of Prescription or Illicit Opioids on children, including newborns, in the City of Huntington and Cabell County.

18.     All transactional data and databases You use to track, record, or otherwise account for Your annual revenue and expenses.

19.     All transactional data and databases You use or Documents you have that track, record, or otherwise account for the services that You provide or the number of cases you handle or service per year.

20.     All transactional data and databases You use or Documents you have that track, record, or otherwise account for the services that You provide or the number of cases you handle or service per year regarding, relating to or referring to Prescription or Illicit Opioids.

21.     All case files dating back to 1996 in Your possession or control that relate to Prescription or Illicit Opioids or any other substance use and abuse in Cabell County or the City of Huntington.

22.     All Documents reflecting, describing, or referring to the reason or root cause for any increases or decreases in the number of cases or amount of services You are currently handling or providing or have handled or provided in the past.

23.     All Documents reflecting Your structure and operation, including but not limited to, organizational charts and all Documents discussing the operation of Your Executive Board, initiatives and programs.

24.     All Documents reflecting Your finances, including but not limited to, budgets, expense reports, and Documents concerning Your funding.

25.     All Documents concerning and/or relating to Your creation.

26.     All Documents and Communications referring to or relating to any assistance, grants, subgrants, or funding that You sought and/or obtained to combat drug-related issues with respect to the opioid epidemic.

- 11 -

27.  All Documents discussing, referring, or relating to any trainings that You provide.

28.  If not already produced in response to the requests herein, all custodial records of

the following past and present employees:

- **Lance Whaley** – Regional Director of Field Operations for Region 2
- **Janice McCoy** – Community Service Manager for Cabell County
- **Beverly Koerber** – Regional Manager of Cabell County Child Support Enforcement
- **Tina Mitchell** – Deputy Commissioner, Field Operations, for Regions II and IV
- **Linda Watts** – Commissioner of BCF
- **Nancy Exline** – Former Commissioner of BCF
- **Jim Weekely** – Bureau Chief Financial Officer for BCF
- **Greg Shavers** – Director of Grants and Contracts for BCF
- **Janie Cole** – Deputy Commissioner, Programs and Resource Development for BCF
- **Monica Hamilton** – Director, Family Assistance for BCF
- **Laura Bamo** – Director, Child and Adult Services for BCF
- **Sue Hage** – Former Deputy Commissioner for Office of Programs, BCF
- **Jean Sheppard** – Deputy Commissioner for Office of Operations of BCF
- **Melanie Urquhart** – Director, Office of Social Services for BCF
- **Bea Bailey** – Executive Secretary for BCF
- **Kristina Wandzel** – Administrative Secretary for Field Operations and Programs and Resource Development, BCF

29.  All Documents relating to any efforts by You to reduce the number of Prescription Opioids, Illicit Opioids, or opioid prescriptions in the State of West Virginia.

30.  All Documents constituting or describing data and/or analysis relating to people who obtain Prescription Opioids through illegal or improper means and/or diversion.

31.  All Documents containing data or analysis relating to Prescription Opioids that were prescribed off-label or contrary to accepted medical guidelines.

32.  All Documents containing data or analysis relating to the abuse, misuse, or diversion of Prescription Opioids, broken down by product or chemical substance.

33.  All Documents relating to the monetary damages and other relief (if any) You or any Plaintiff is seeking in this action.

- 12 -

34.     All Documents reflecting direct, indirect, and monetary costs and expenses You or any Plaintiff has incurred that You attribute to the opioid abuse epidemic or the use, misuse or abuse of Prescription Opioids or Illicit Opioids in the City of Huntington, Cabell County, or any town, village or city within Cabell County.

35.     All Documents relating to Your identification of the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

36.     All Documents relating to any investigation of the marketing, advertising, distribution, and/or promotional activities of Defendants as a potential cause of the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village or city within Cabell County.

37.     All Documents relating to any investigation of factors other than the activities of Defendants that caused or contributed to the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village or city within Cabell County.

38.     Any reports, presentations, lectures, seminars, workshops, symposia or other similar educational programs made or sponsored by You or on Your behalf related to the opioid abuse epidemic in the City of Huntington, Cabell County, or any town, village or city within Cabell County, including all data and source materials used to create those documents.

- 13 -

# EXHIBIT 2

General Third Party Search Terms

| NO. | Terms |
|---|---|
| 1. | "Cardinal Health" OR Cardinal OR McKesson OR Amerisource* OR ABDC OR BERGEN OR BRUNSWIG OR Anda OR "Prescription Supply" or "H.D. Smith" OR "HD Smith" OR "Miami-Luken" OR "Noramco" OR "Bellco" OR "Kinray" OR "PSS World" |
| 2. | opioid* OR opiate* OR opiod* OR opoid* |
| 3. | heroin OR herin OR herion OR heroine OR fentanyl OR fent* OR phentanyl |
| 4. | OxyContin OR "MS Contin" OR Dilaudid* OR Butrans OR Hysingla* OR Targiniq* OR Kadian OR Norco OR Actiq OR Fentora OR Duragesic OR Nucynta* OR Opana OR Percodan OR Percocet OR Zydone OR Subsys OR Exalgo OR Roxicodone OR Xartemis* OR Methadose OR Zohydro |
| 5. | Oxy or oxymorphone OR oxycodone OR morphine OR hydrocodone OR hydromorphone OR hydromorphine OR buprenorphine OR fentanyl OR tapentadol OR carfentanil or TIRF |
| 6. | medication assisted treatment" OR "MAT" or Narcan OR naltrexone OR naloxone OR OR Evzio OR Revia OR Vivitrol OR Bunavail OR Zubsolv OR buprenorphine OR methadone OR suboxone or Sublocade or Probuphine |
| 7. | (pill w/2 mill*) OR  "pill mill" OR "pillmill*" OR overdos* OR (over w/2 dose*)<br><br>OR<br><br>(suspicious w/10 (rx* OR prescri* OR pharm* OR script* or order*))<br><br>OR<br><br>(Rogue w/3 (prescriber* OR doctor* OR physician* OR pharmac* OR clinic* OR dentist* OR veterinar* OR nurse*))<br><br>OR<br><br>(co-prescri* w/5 (benzo* or soma* or carisop* or xanax* or alpraz*)) or (trinity w/4 cocktail)<br><br>OR<br><br>"doctor shop*" OR (doctor* w/3 shop*) OR (forg* w/10 (prescrip* OR script* OR rx*)) |

| NO. | Terms |
|---|---|
| 8. | "Order Monitoring Program*" OR OMP<br><br>OR<br><br>((Drug* OR prescri* OR pharmac* OR narcotic*) w/3 (diversion OR divert* OR distrib* OR wholesaler*))<br><br>OR<br><br>(diver* w/15 ((control* w/2 (med* OR substance*)) OR controlled OR CII OR CIIs OR CIII OR CIIIs OR class* OR schedule* OR narcot* OR drug* OR prescri* OR script* OR rx* OR pill*))<br><br>OR<br><br>(("red-flag*" OR "red flag*") w/10 (misus* OR abus*))<br><br>OR<br><br>"know* your customer*" |
| 9. | DEA OR (drug* w/2 enforc*) OR OR HIDTA OR ARCOS OR ODMAP<br><br>OR<br><br>((investigat* OR complain* or charg* or convict*) w/10 (pharm* OR doctor* OR prescriber* or physician*))<br><br>OR<br><br>(fraud* w/5 ((control* w/2 (med* OR substance*)) OR controlled OR CII OR CIIs OR CIII OR CIIIs OR class* OR schedule* OR narcot* OR drug* OR prescri* OR script* OR rx*))<br><br>OR<br><br>((drug* OR prescript* OR pill* OR pharmac* OR narcotic*) w/15 (steal* OR stolen OR theft* OR robber* OR burglar*))<br><br>OR<br><br>(drug* w/3 (traffic* OR ring* OR deal* OR gang*)) OR "drug amnesty" OR OCDEFT OR "Organized Crime Drug Enforcement Task Force" |

| NO. | Terms |
|-----|-------|
| 10. | (Drug* w/15 (dispos* OR "take-back*" OR takeback* OR "take back*")) |
| | OR |
| | drug reclamation" OR "operation medicine cabinet" OR Deterra OR "needle exchange" OR "syringe exchange" OR "harm reduction" OR "substance abuse prevention" OR "Recovery Court" OR "Second Chance Court" or "treatment court" |
| | OR |
| | (drug* w/3 court) OR "diversion court" OR "diversion program" OR "intervention court" OR "Substance Use Disorder" OR ODMAP OR "Overdose Detection Mapping Application Program" or ((substance* or drug* or prescription*) w/5 (Abus* or misuse* or use or test* or screen* or treat* or addict* or counsel* or recovery)) |
| | OR |
| | peer recovery or peer-based support or peer coach* or recovery housing or recovery residence* |
| | OR |
| | ((1115 or 11*15 or SUD) /5 waiver) or data 2000 or 2000 waiver |

| NO. | Terms |
|-----|-------|
| 11. | painkiller* OR "pain-killer*" OR "pain killer*" OR "pain medic*" OR analgesic*<br><br>OR<br><br>(pain w/15 (manage* OR chronic* OR acute* OR "long-term" OR "long term" OR "log term" OR "longterm" OR breakthrough OR "break-through" OR BTP OR extend* OR treat* OR doctor* OR "Dr." OR prescrib* OR prescript* OR script* OR rx* OR nurse* OR physician* OR specialist* OR provider* OR HCP* OR PCP* OR pharmac* OR dentist* or polic* or guideline* or addict* or care))<br><br>OR<br><br>PMP OR "prescription monitoring program" OR PDMP OR "prescription drug monitoring program"<br><br>OR<br><br>"5th vital" OR ("vital sign" w/10 pain) OR "fifth vital"<br><br>OR<br><br>((rx* OR prescri*) w/15 excess*) OR overprescri*<br><br>OR<br><br>(("joint commission" OR "press ganey") w/15 (pain OR prescri*)) |
| 12. | ((task force OR taskforce OR committee* OR subcommittee* OR group* OR board* OR panel*) w/10 (narcotic* OR drug*))<br><br>OR<br><br>((cost* OR budget* OR expen* OR grant* OR fund* OR money OR monies*) w/10 ("drug use" OR "drug abuse" OR "substance use" OR "substance misuse" OR SUD)) |
| 13. | "Neonatal Abstinence Syndrome" or NAS or "neonatal opioid withdrawal syndrome" or NOWS or Substance-exposed or "prenatal drug exposure" or "prenatally-exposed" or "substance affected" or "prenatal exposure" or "affected infant" |