**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**


THE CITY OF HUNTINGTON,
     Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
     Defendants.

---

CABELL COUNTY COMMISSION,

     Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
     Defendants.

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION**
**TO COMPEL DISCOVERY RESPONSES FROM THE**
**WEST VIRGINIA BUREAU FOR CHILDREN AND FAMILIES**

Defendant AmerisourceBergen Drug Corporation ("Defendant") seeks the production of

documents and communications responsive to Defendant's Subpoena to Produce Documents (the

"Subpoena," attached as **Exhibit A**) served on the West Virginia Bureau for Children and Families

("BCF") on February 25, 2020.

BCF's responses to the Subpoena were due on March 17, 2020, but BCF has never served

responses on Defendant.  *Id.*  Defendant has met and conferred with BCF and discussed its

production with counsel by phone and email numerous times.  BCF has confirmed that it possesses

documents responsive to the Subpoena and it has agreed to produce documents responsive to most

of Defendant's requests.  However, BCF has not produced any responsive documents to date, nor has it served any written objections to the Subpoena.

BCF maintains that it should not be required to produce documents reflecting foster children removal and placement case files because they are protected from disclosure by state statute.  Defendant understands the need to protect the confidentiality of sensitive information about children and families, and the defendants are committed to maintaining the confidentiality of any information that BCF produces.  However, the statute upon which BCF relies makes an exception to the non-disclosure rule when case files are relevant and material to issues presented in civil proceedings.

Given the nature of Plaintiffs' claims, the subject case files are certainly material and relevant.  Plaintiffs are seeking monetary relief to address the impact of opioid use and abuse within their communities, including the impact on families and children.  To understand and defend against these allegations, Defendants are entitled to discovery into services provided in connection with children and families (including an alleged "thousands" of foster care placements), the factors that are driving the need for those services, and the related expenditures. BCF has said that the only way to obtain that information is to review the case files it maintains. There are no compilations or summaries, let alone summaries that can substitute for information found in the actual case files.

Defendant therefore requests an order compelling BCF to produce all documents responsive to the Subpoena, including foster care removal and placement case files.  Defendants will agree that all BCF documents can be designated Confidential under the protective orders governing this action, and they are open to negotiating additional measures to protect

confidentiality, including redactions and/or supplemental orders as appropriate. The Court should grant Defendant's motion.

## STANDARD OF REVIEW

Rule 45 of the Federal Rules of Civil Procedure governs the procedure by which a party may compel a non-party to produce documents and tangible things. *See* Fed. R. Civ. P. 34(c). Rule 45(d) allows the subpoenaed party to serve objections on the subpoenaing party by the earlier of the date of production, or 14 days after service of the subpoena. Fed. R. Civ. P. 45(d)(2)(B). The subpoenaing party may then bring a motion to compel in the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i). BCF has not served objections or a response to the Subpoena.

## ARGUMENT

### I.   BCF Possesses Relevant Documents.

Plaintiffs have put directly at issue the causes of foster care placement and removal proceedings as well as the associated costs. In their Corrected Joint Third Amended Complaint ("TAC," ECF No. 2613), Plaintiffs seek recovery of monetary remedies they claim result from Defendants' alleged "conduct in promoting and facilitating opioid use," including "those associated with… placing thousands of children in foster care placements." TAC ¶ 19. *Id. See also id.* ¶ 1193 ("The opioid crisis has created a strain on the foster care system which serves Plaintiffs' Community's [*sic*], as it is now 'stretched dangerously thin.'"); *id.* ¶ 1506 (alleging that Plaintiffs suffered damages by incurring "[c]osts associated with providing care for children whose parents suffer from opioid-related disability or incapacitation").

Accordingly, Defendant is entitled to information regarding, among other things, the extent of services provided, the factors that lead to the need for such services, and the basis for the supposed costs. Defendant served the Subpoena on BCF, the West Virginia agency that possesses

documents related to foster care placements and juvenile removal proceedings in West Virginia, and particularly in Cabell County and the City of Huntington.

## II.    BCF Has Waived Its Objections.

BCF has failed timely to produce the requested information, object, or otherwise respond to the Subpoena.  Under Rule 45, a nonparty served with a subpoena "must either comply with the subpoena or make a written objection claiming privilege of protection."  Fed. R. Civ. P. 45(d), (e).  Under Rule 45(c)(2)(B), a non-party served with a subpoena requesting the production of documents must serve objections, in writing, to the subpoenaing party's counsel within 14 days of service of the subpoena.  Accordingly, BCF was required to serve written objections, if any, to the Subpoena upon Defendant by March 10, 2020.  BCF has not served any such objections.

BCF requested several extensions of time to produce responsive documents, citing staffing shortages and other exigencies related to the COVID-19 pandemic.  Defendant granted BCF several extensions of time to serve documents responsive to the Subpoena.  However, BCF never sought or obtained any extension of time for serving objections.  Consequently, any objections BCF may have had to the Subpoena now are waived.  *See Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, No. 6:12-CV-00023, 2013 WL 3660562, at *1 (W.D. Va. July 11, 2013) (holding that third party waived objections to subpoena by failing to timely serve them in writing and despite having obtained an extension of time to serve responses); *Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990) (finding that the district court did not abuse its discretion in denying motion for protective order when witness failed to make timely written objection); *Angell v. Shawmut Bank Connecticut Nat. Assn.*, 153 F.R.D. 585, 590 (M.D.N.C. 1994) (construing Rule 45(c)(2)(B)'s 14-day time limit to mean that a nonparty's "failure to timely file an objection will result in waiver of the right to object to enforcement of the subpoena").

III.   **The Court Should Order BCF to Produce Documents Responsive to the Subpoena.**

BCF should be compelled to produce documents responsive to the Subpoena because those documents are highly relevant to issues Plaintiffs have asserted in this litigation.  At issue in the present Motion are Defendant's requests that seek information relating to the causes for child-removal proceedings and foster-care placements, as well as the costs associated with services provided in Cabell County and the City of Huntington.

A.   **The Court Should Order BCF to Produce Case Files from the FACTS System.**

In subpoena request No. 8, Defendant seeks:

*8. All Documents relating to any law enforcement, child endangerment, child removal, or administrative investigations, prosecutions, and/or enforcement actions relating to Prescription or Illicit Opioids or other opioids in Cabell County or the City of Huntington.*

BCF has confirmed that it maintains foster care placement and removal case files on its Families and Children Tracking System ("FACTS"), which contains information responsive to this subpoena request.  BCF describes FACTS as follows:

> FACTS (Families and Children Tracking System) is a large and comprehensive customized Statewide Automated Child Welfare Information System (SACWIS) established by the West Virginia Department of Health and Human Resources (WVDHHR) for the administration of Title IV-E Child Welfare Programs.  FACTS was designed and developed based on the requirements established by the U.S. Department of Health and Human Services, Administration for Children and Families, to support the state's federal reporting for Adoption and Foster Care Analysis and Reporting System (AFCARS) and National Child Abuse and Neglect Data System (NCANDS).

*See* http://www.wvfacts.org/wvfacts/default.aspx; *Melissa C. v. W. Virginia Dep't of Health & Human Res.*, No. 15-0863, 2016 WL 2970887, at *1 n.2 (W. Va. Ct. App. May 20, 2016).

BCF also has confirmed that FACTS contains information as to all child removal and placement cases that have been instituted in Cabell County and the City of Huntington, and that those files would be responsive to Defendant's Request Nos. 8, 14, 15, and 19–22.

However, BCF has indicated that information regarding the number of foster removals and placements involving opioids is not available in summary form and is determinable only by review of case files.[1] As such, Defendant requires production of case files contained in FACTS to examine removals and placements involving opioids as well as to understand the causes for removals and placements more generally. *See Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 244 (N.D. Ohio 2017) (requiring defendant to either create a program that would produce all of the relevant data or produce its actual database so plaintiff's expert could perform the requisite analysis given the data's relevance to plaintiff's claim).

Although BCF has not served written objections to the Subpoena, counsel for BCF has claimed that West Virginia law prohibits BCF from producing foster placement and removal case files from FACTS absent a court order because those records pertain to juveniles. Specifically, BCF maintains that information stored on FACTS is protected by W. Va. Stat. § 49-5-101(a), which provides that "all records and information concerning a child or juvenile which are maintained by … Department of Health and Human Resources, a child agency or facility, court or law-enforcement agency are confidential and shall not be released or disclosed to anyone, including any federal or state agency." However, "under the clear and unambiguous terms of West Virginia Code Section 49-5-101, there are exceptions to the general rule that DHHR files

---

[1] Also in response to Subpoena Request No. 15—which requests all information regarding individuals who required BCF's services due to opioids and other substance abuse issues—BCF has confirmed that it does not record in summary fashion the types of drugs that are the subject of its cases. Rather, a review of the case files is required to determine the type of substance at issue. In response to Request No. 15, BCF has agreed to produce an Excel spreadsheet reflecting the number of child placement/removals from 2017 to the present and the number of those cases that involved substance abuse issues. BCF did not track such information prior to 2017. But, according to BCF, that spreadsheet does not set forth the number of cases involving opioids. Because BCF has agreed to produce that spreadsheet, the production of that spreadsheet and other related information is not the subject of this Motion. However, Defendant reserves the right to file a motion for that information if BCF fails to produce it to Defendant, despite its promise to do so.

concerning a child are confidential.  Among those exceptions is when a court of record finds, upon

review, that the evidence is relevant and material to the issues in the proceeding, and thus, should

be made available…"  *State ex rel. Lorenzetti v. Sanders*, 238 W. Va. 157, 162–63, 792 S.E.2d

656, 661-62 (2016).  Specifically, the statute provides that:

> Notwithstanding the provisions of subsection (a) of this section or any other
> provision of this code to the contrary, records concerning a child or juvenile, except
> adoption records and records disclosing the identity of a person making a complaint
> of child abuse or neglect, may be made available…(4) [p]ursuant to an order of a
> court of record.  However, the court shall review the record or records for relevancy
> and materiality to the issues in the proceeding and safety, and may issue an order
> to limit the examination and use of the records or any part thereof.

W. Va. Stat. § 49-5-101(b)(4).

The Court should issue an order requiring BCF to produce the case files contained in

FACTS because those files are "relevant and material to the issues in the proceeding…" *Sanders*,

238 W. Va. at 162-63, 792 S.E.2d at 661-62.  Plaintiffs seek monetary remedies arising from

"placing thousands of children in foster care."  TAC ¶ 19.  And in order to assess the validity of

Plaintiffs' claims that they are entitled to money, as part of their abatement plan, to address future

foster care costs, Defendant needs to review these files to determine how many involve opioid

abuse that may somehow be included in Plaintiffs' alleged opioid-related calculations.  Moreover,

those files also will reflect what factors and substances other than prescription opioids played a

role in child removals and placements in Cabell County and the City of Huntington.  The

information from the case files is indisputably relevant and material "to the issues in the

proceeding."

Defendant agrees that case files contained in FACTS should be produced on a confidential

basis and is willing to accept anonymized records, that is, records from which juveniles' names

and other identifying information have been redacted.  As West Virginia courts have recognized,

anonymizing records is an appropriate way to ensure the confidentiality of juvenile records when

they are relevant in a legal proceeding.  In *Ogden Newspapers, Inc. v. City of Williamstown*, the plaintiff filed suit under the West Virginia Freedom of Information Act to obtain criminal incident reports involving juveniles.  192 W. Va. 648, 656, 453 S.E.2d 631, 639 (1994).  The circuit court denied the request, holding that the reports were exempt from disclosure "as a result of the juvenile confidentiality statutes."  *Id*.  The West Virginia Supreme Court reversed, pointing out that the newspapers had requested copies of the reports from which the names of individual juveniles had been redacted.  *Id*.  Noting that the juvenile confidentiality statutes are "intended to protect the confidentiality of juvenile records," the court held that "releasing a redacted copy of the incident report at issue in this case would not require a breach of that confidentiality."  *Id*.

Here, the subject case files contained in FACTS likewise can be redacted or otherwise anonymized so that their disclosure "would not require a breach of that confidentiality."  The Court therefore should enter an order requiring BCF to produce case files for child placement and removal proceedings instituted in Cabell County and the City of Huntington from 2006 to the present which involved allegations of substance abuse and, more specifically, which involve opioid use, abuse, or misuse and files reflecting non-substance abuse issues.

### IV.    <u>Other Priority Requests.</u>

In addition to Requests dealing with the FACTS system, Defendant has requested certain categories of documents relevant to the allegations that Plaintiffs have placed "thousands of children in foster care" and that Plaintiffs have incurred "[c]osts associated with providing care for children whose parents suffer from opioid-related disability or incapacitation."  TAC ¶¶ 19, 1506. Those requests include, but are not limited to:

> *1.     All Communications between You and Plaintiffs discussing, referring, or relating to the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, or trafficking of Prescription Opioids or Illicit Opioids*

*within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.*

*2.     All Documents discussing, referring, or relating to any Defendant, including but not limited to, all Communications or transactions between You or Plaintiffs and any Defendant, manufacturer, distributor, or dispenser of Prescription and Illicit Opioids.*

*3.     All Documents discussing, referring, or relating to Your or Plaintiffs' knowledge of the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village or city within Cabell County.*

*7.     All Documents referring to or relating to the unlawful use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase and/or trafficking of Prescription or Illicit Opioids or other opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.*

*9.     All Documents that describe, discuss, relate to, analyze, or refer to the impact on You, or anyone acting on Your behalf, of the use and abuse of opioids, including but not limited to, any harm suffered by any and all individuals residing within Cabell County or the City of Huntington, that are, or have been, attributed in whole or in part to the abuse, use, or misuse of Prescription or Illicit Opioids, or the abuse, use, or misuse of other opioids.*

*13.     All Documents and Communications identifying, discussing, or relating to pill mills in the City of Huntington, Cabell County, or any town, village or city within Cabell County.*

*17.     All Documents relating to the impact of Prescription or Illicit Opioids on children, including newborns, in the City of Huntington and Cabell County.*

*29.     All Documents relating to any efforts by You to reduce the number of Prescription Opioids, Illicit Opioids, or opioid prescriptions in the State of West Virginia.*

*34.     All Documents reflecting direct, indirect, and monetary costs and expenses You or any Plaintiff has incurred that You attribute to the opioid abuse epidemic or the use, misuse or abuse of Prescription Opioids or Illicit Opioids in the City of Huntington, Cabell County, or any town, village or city within Cabell County.*

With respect to the above-referenced Requests 1, 2, 3, 7, 9, 13, 17, 29, and 34, Defendant provided to BCF a list of BCF custodians (Request 28) whose files should be searched for documents responsive to those requests.  BCF asked Defendant to provide a list of search terms

that could be applied to those files, and Defendant provided such a list.  *See* Defendant's May 11, 2020 Letter, attached as **Exhibit B**.  On a conference call with Defendant's counsel on May 13, 2020, BCF's counsel confirmed BCF is in the process of working with the West Virginia Governor's Office of Technology to run Defendant's search terms on the subject custodial files.

Accordingly, because BCF has not objected to search custodial files and produce information responsive to the above requests, but has not yet produced those documents, Defendant requests that the Court order BCF to complete those searches and to produce responsive documents on or before June 5, 2020.

## **CONCLUSION**

For the reasons set forth above, the Court should grant Defendant's Motion to Compel Discovery Responses from the Bureau for Children and Families and order it to produce all documents responsive to Request Nos. Request Nos. 1-4, 7-9, 13-17, 19, 22, 29, and 34.

Dated:  May 15, 2020                                  Respectfully submitted,

***AmerisourceBergen Drug Corporation***
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000  Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100  Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
     Plaintiff,

v.                                     CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
    DRUG CORPORATION, et al.,
    Defendants.

_____

CABELL COUNTY COMMISSION,
     Plaintiff,

v.                                       CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
    DRUG CORPORATION, et al.,
    Defendants.

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on May 15, 2020 the Memorandum in Support of Defendant's Motion to Compel Discovery Responses from the West Virginia Bureau for Children and Families was sent to Counsel for the Plaintiffs and Defendants using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. Notice of Defendant's Memorandum as well as copies of the Memorandum have been sent to Counsel for the West Virginia Bureau for Children and Families, Allen Campbell, by electronic mail to the following e-mail address: Allen.B.Campbell@wv.gov.

                                        */s/ Gretchen M. Callas*
                                        Gretchen M. Callas (WVSB # 7136)