**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**


THE CITY OF HUNTINGTON,
     Plaintiff,


v.                               CIVIL ACTION NO. 3:17-01362


AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
     Defendants.
_____


CABELL COUNTY COMMISSION,

     Plaintiff,


v.                               CIVIL ACTION NO. 3:17-01665


AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
     Defendants.
_____


### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO COMPEL *IN CAMERA* REVIEW AND PRODUCTION

       Pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, Defendants move to

compel Plaintiff Cabell County to produce for *in camera* review the documents underlying the

challenged privilege claims identified herein.

### BACKGROUND

       On April 14, 2020, Cabell County produced its first privilege log to Defendants.[1]  In a

letter dated May 6, 2020, Defendants identified several categories of documents that appeared,

_____

[1] To date, this is the only privilege log that Defendants have received from Plaintiffs in this case.

based on the descriptions of the documents in the log, to have been improperly withheld or logged. *See* Ex. A (5/6/20 Ltr. from Wu to Bogle).  Defendants asked Cabell County to provide additional information on the identified documents to allow them to properly assess the privilege claims.  Cabell County responded on May 11, 2020, maintaining its privilege claims over the challenged documents and providing various explanations regarding its privilege claims.  *See* Ex. B (5/11/20 Ltr. from Bogle to Wu).  After reviewing Cabell County's response, Defendants maintain their challenges to the subset of privilege log entries addressed in their May 6 letter and move for *in camera* review of the underlying documents.[2]  *See* Ex. C (listing the documents Defendants challenge here).

## ARGUMENT

### I.    LEGAL STANDARD

Under West Virginia law, the "burden of establishing the attorney-client privilege or the work product exception, in all their elements, always rests upon the person asserting it."  *State ex rel. United Hosp. Ctr., Inc. v. Bedell*, 199 W. Va. 316, 325 (1997) (internal quotation marks omitted); *accord Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 249 (S.D.W. Va. 2014) ("The burden of proving the applicability of the work product doctrine rests with the party asserting it.").  To meet that burden, Cabell County, as the party resisting disclosure, "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law."  *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–403 (4th Cir. 2003)).

---

[2] Defendants intend to continue to meet and confer with Plaintiffs to the extent they may be able to resolve any of the remaining disputes, but file this motion today in an abundance of caution given the Court's order of May 11, 2020.

The "common interest rule" has been described as "an extension of the attorney client privilege." *United States v. Aramony*, 88 F.3d 1369, 1392 (4th Cir. 1996). Although "it is unnecessary that there be actual litigation in progress for [common interest] privilege to apply," the application of this privilege requires that the "the parties must first share a common interest about a legal matter." *Id.* The disclosure of purportedly privileged information to an individual not embraced by that privilege waives the privilege as to the specific information revealed, as well as to the subject matter disclosed. *See State ex rel. McCormick v. Zakaib*, 430 S.E.2d 316, 319 (W. Va. 1993); *Hawkins v. Stables*, 148 F.3d 379, 383-84 (4th Cir. 1998).

A party may withhold documents as attorney work product if those documents were "prepared in anticipation of litigation." *Westfield*, 301 F.R.D. at 249. Documents created in the ordinary course of business are not protected by the attorney work product doctrine. *See id.* at 249-50.

## II.    ARGUMENT

### A.    Cabell County Fails To Establish Protection Under the Common-Interest Privilege.

Conclusory claims about the application of the common-interest privilege—made without identifying which parties purportedly share an interest or why—do not satisfy a party's burden to establish that the privilege applies. *See State ex rel. United Hosp. Ctr., Inc.*, 199 W. Va. at 325. Whether the privilege protects a communication hinges on the identities and involvement of the people who received the communication. Because the common-interest privilege is destroyed by the presence of a third party who lacks the same legal interest, the core consideration in evaluating privilege claims is whether *all* third parties involved in an otherwise privileged communication share the asserted legal interest. *See State ex rel. McCormick*, 430 S.E.2d at 319.

3

Yet, in withholding more than 100 documents on the basis of the common-interest privilege, the County fails to explain what legal interest the third parties share with it.

The County's claims of common-interest privilege are not supported by the threadbare descriptions in its privilege log.  *See* Ex. D (Cabell County Privilege Log dated Apr. 14, 2020).[3] The County invokes common-interest privilege as to many documents—even those sent and received by long lists of third parties—on the sole ground that the communications involved a client and outside counsel.  *See* Ex. D; Ex. C ("Common Interest Challenges") at 15–20.  But this ignores the presence of third parties, including persons employed by Marshall University, St. Mary's Medical Center, Huntington-Cabell Hospital, Boone County, Fayette County, Kanawha County, Lewis County, Logan County, Wayne County, and Wyoming County.  *See, e.g.*, PRVCTRL0000006 (copying various third parties, including affiliates of Cabell-Huntington Hospital, St. Mary's Medical Center and Marshall University).[4]  The accompanying privilege log descriptions do not help.  For example, in attempting to justify its claim of privilege as to PRVCTRL0000006, the above-referenced entry, the log provides only that the document is an "[e]mail chain and attachment between client and outside counsel regarding request for and/or provision of legal advice related to current litigation."  Ex. D.  Absent an identified legal interest

---

[3] In response to the privilege challenges, Plaintiff provided a set of spreadsheets that includes enhanced descriptions for certain privilege log entries, but which does not include all of the challenged entries.  Defendants will work with Plaintiff to obtain a complete, updated privilege log to submit in connection with this motion.

[4] According to the County, the following individuals were copied on this email communication (emphases added on third parties): **Robert H. Hansen (Marshall University), Brian A. Gallagher (Marshall University)**, Connie Priddy, Gordon Merry, **Jeff Leaberry (St. Mary's Medical Center)**, **Jerome Gilbert (Marshall University)**, **Joseph W. Werthammer (Marshall University)**, **Kevin Fowler (Cabell-Huntington Hospital)**, **Kevin W. Yingling (Marshall University)**, Michael Kilkenny, Tim Hazelett, Peter Mougey, and Lora Chafin.

shared by these particular third parties, their presence constitutes waiver of the attorney-client privilege and common-interest privilege. *See State ex rel. McCormick*, 430 S.E.2d at 319.

Defendants raised precisely this concern in response to the County's privilege log, noting that the County withheld "documents that appear to have been disclosed to third parties" without identifying "the basis of the common interest is or who the parties to the privilege claim are." Ex. A.  Defendants explained that the common-interest privilege does not survive when a communication is shared with "an individual not embraced by that privilege," and requested that the County provide more information about the individuals and interests at issue if it chose to maintain its privilege claims.  *Id.*

The County provided only a vague and cursory response.  Rather than identifying the particular parties who purportedly share a common interest, or describing what interest they allegedly share, the County claimed only that the "third parties are encompassed by the County Commission's representation of the County and/or in the County's litigation strategies" and provided additional employment information for a single recipient present on a subset of the documents it withheld.  Ex. B.

The County refuses to answer even the most basic questions about its privilege claim: which third parties with which it shares a common legal interest and what that legal interest is. Instead, they rely on broad generalizations about their common interests that, as a practical matter, would allow Plaintiffs to cloak any communication to a third party so long as a lawyer is present.  This bare assertion of privilege does not satisfy Plaintiff's burden to establish privilege as to these withheld documents.

**B.     Cabell County Has Not Provided Sufficient Information To Support Its Privilege And Work Product Assertions Over Documents Disclosed to Third Parties**

In its May 6, 2020 letter, Defendants identified 37 communications which Cabell County had withheld as "Attorney Client," "Attorney Work Product" and/or "Common Interest" even though those communications were disclosed to third parties, including persons employed by Marshall University, St. Mary's Hospital, Huntington-Cabell Hospital, Boone County, Fayette County, Kanawha County, Lewis County, Logan County, Wayne County, and Wyoming County. *See* Ex. A.  Defendants pointed out that the disclosure of purportedly privileged information to an individual not embraced by the privilege waives the privilege as to the specific information revealed.  *See State ex rel. McCormick v. Zakaib*, 430 S.E.2d 316, 319 (W. Va. 1993); *Hawkins v. Stables*, 148 F.3d 379, 383-84 (4th Cir. 1998).  In response, Cabell County did not offer additional information to justify its assertion of privilege and work product protection.  Instead, it provided only the following conclusion:

> These documents clearly relate to the current litigation and are communications in furtherance of the litigation. The third parties are encompassed by the County Commission's representation of the County and/or in the County's litigation strategies. Also, clarification on the List of Names is needed regarding "Bob Hansen" and "Robert Hansen." Bob and Robert are the same person, however, in addition to working as the director of Addiction Services for Marshall Health, he is also the executive director of the office of Drug Control Policy for the West Virginia Department of Health and Human Resources. Mr. Hansen assumed that post in December 2018, thus, his communications may be privileged when he is working in his capacity as the executive director within DHHR.

Ex. B. at 2.  Cabell County offered nothing to rebut the well-settled rule that disclosing otherwise privileged information to non-clients constitutes a waiver of the privilege, even if those communications "relate to the litigation" or are made "in furtherance of" the litigation.  *See id.* Cabell County likewise did not provide any additional explanation sufficient to establish the applicability of the work product protection.  Cabell County offered further explanation with

regard to only one third party—Robert Hansen, an employee of Marshall University.  *Id.*  Again, Cabell County did not provide information sufficient to determine whether the three challenged documents sent to Mr. Hansen would be among those that "may be privileged" or those that "may not."  Therefore, the Court should compel Cabell County to disclose all documents identified in Ex. C ("Third Party Challenges") at 21–22.

### C.     Cabell County Fails to Show that the Intake Forms are Attorney Work Product

Cabell County also has failed to meet its burden to establish that the work product doctrine applies to the documents identified in Appendix A to Defendants' May 6 letter.  *See* Ex. A; *see also* Ex. C ("Intake Form Challenges") at 11–12.[5]  These documents appear to be routine intake forms:  they are titled "intake info" or "intake form," and their authors are non-attorney staff members at Child Protective Services ("CPS").  Plaintiffs are seeking monetary relief to address the impact of opioid use and abuse on families and children within their communities. As Defendant AmerisourceBergen Drug Corporation has explained in its Motion to Compel Discovery Responses from the West Virginia Bureau of Children and Families, documents related to services for children and families are relevant and discoverable.

There is no indication that an attorney was involved in preparing the intake forms at issue here.  Defendants raised these issues with Cabell County, *see* Ex. A, and Cabell County

---

[5] In its May 11, 2020 letter, *see* Ex. B, Cabell County identified two additional documents (PRVCTRL0000307 and PRVCTRL0000309) that "likely fit Defendants' classification" in Appendix A to Defendants May 6, 2020 letter, *see* Ex. A.  Defendants move to compel production of these two documents as well and incorporate them into any subsequent reference to Appendix A.  They are also included in Defendants' list of challenged documents.  *See* Ex. C ("Intake Challenges") at 11–12.  To the extent that Cabell County asserts attorney-client privilege as to these two documents, that assertion fails because Cabell County has not identified any attorneys involved in the communications.

responded that the documents were "draft petitions prepared *for review* by counsel," without identifying any such counsel, *see* Ex. B (emphasis added).  Cabell County's explanation is insufficient to protect the documents as attorney work product.

A party may claim work product protection for documents created by non-lawyers if the document was "prepared . . . *at the direction of an attorney* in anticipation of litigation."  *Shaffer v. Nat'l Health Ins. Co.*, 2019 WL 5866103, at *1 (N.D.W. Va. Jan. 9, 2019) (emphasis added).  Cabell County's response confirms that, as stated in the privilege log, the documents listed in Ex. C ("Intake Form Challenges") at 11–12 were created by non-attorney CPS staff members without any involvement of attorneys.  That unnamed counsel *may* eventually review the documents is insufficient to claim a privilege.  It is "the antithesis of an adequate privilege log" to make "generic assertions that a document was sent to" an attorney and "not indicate the person to whom the document was directed, or for whom the document was prepared."  *Sulaymu-Bey v. City of New York*, 372 F.Supp.3d 90, 93 (E.D.N.Y. 2019); *see also* Agreed Order Governing Privilege at 2, Dkt. 2882, 1:17-md-02804 (N.D. Ohio) ("[I]f the attorney(s) giving rise to the privilege claim is/are not within the metadata of the most recent email, the Designating Party will include the name(s) of any such attorney(s) within the description.").  Because Cabell County has failed to identify any attorney who forms the basis of its work product claims, the documents listed in Ex. C ("Intake Form Challenges") at 11–12 are not privileged and must be produced.  Moreover, to the extent the Court or CPS have concerns over the discoverability of records relating to children and families, the governing statutes permit disclosure by court order when the records are relevant and material to civil proceedings, as they are here.  *See* W. Va. Stat. § 49-5-101(b)(4).  As AmerisourceBergen further explained in its Motion to Compel Discovery Responses from the West Virginia Bureau of Children and Families, Defendants will agree that

documents can be produced as Confidential and are open to additional protections, including appropriate redactions.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order Cabell County to produce for *in camera* review the documents underlying the challenged privilege claims identified herein.

Dated: May 15, 2020

Respectfully Submitted,

By Counsel:

*/s/ Steven R. Ruby*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
bglasser@baileyglasser.com
sruby@baileyglasser.com
rfranks@baileyglasser.com
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
**Counsel for Cardinal Health in Cabell County action**

*/s/ David R. Pogue*
Michael W. Carey (WVSB #635)
David R. Pogue (WVSB #10806)
CAREY, SCOTT, DOUGLAS &
KESSLER, PLLC
901 Chase Tower
707 Virginia, East
Charleston, West Virginia 25301
Telephone: (304) 345-1234
Facsimile: (304) 342-1102
**Counsel for Cardinal Health in The City of Huntington action**

*/s/ Enu Mainigi*
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
**Counsel for Cardinal Health, Inc.**

10

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
gcallas@jacksonkelly.com
Telephone: (304) 340-1000
Facsimile: (304) 340-1050

*/s/ Robert A. Nicholas*
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
rnicholas@reedsmith.com
smcclure@reedsmith.com
Tel: (215) 851-8100
Fax: (215) 851-1420
**Counsel for AmerisourceBergen Drug Corporation**

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, WV 25338-3843
jwakefield@flahertylegal.com
Telephone: (304) 345-0200

*/s/ Timothy C. Hester*
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone (202) 662-5324
**Counsel for McKesson Corporation**
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

## <u>CERTIFICATE OF SERVICE</u>

I, Steven R. Ruby, counsel for Defendant Cardinal Health, Inc. do hereby certify that on this <u>15th</u> day of May, the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL *IN CAMERA* REVIEW AND PRODUCTION** was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system.

*/s/ Steven R. Ruby*
Steven R. Ruby

## <u>CERTIFICATE OF SERVICE</u>

I, Steven R. Ruby, counsel for Defendant Cardinal Health, Inc. do hereby certify that on this <u>15th</u> day of May, the foregoing **DEFENDANTS' MEMOANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL *IN CAMERA* REVIEW AND PRODUCTION** was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system.

*/s/ Steven R. Ruby*
Steven R. Ruby