**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
|      Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|      Defendants. | |
| | |
| CABELL COUNTY COMMISSION, | |
|      Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|      Defendants. | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL THIRD-PARTY DISCOVERY**

Defendants seek the production of documents responsive to Defendants' subpoenas, summarized in the table below.

| Subpoena Recipient | Parent Agency / Employer | Date of Service | Any Productions Made? |
|---|---|---|---|
| W. Va. Department of Military Affairs and Public Safety (DMAPS) | N/A | 2/11/2020 | No |
| W. Va. State Police | DMAPS[1] | 2/11/2020 | No |

---

[1] The DMAPS subpoena is directed to DMAPS and its "divisions and subdivisions (including but not limited to the West Virginia State Police, the Division of Justice and Community Services, and the West Virginia Division of Corrections and Rehabilitation), and all other acting or purporting to act on the DMAPS's behalf." Thus, the subsequent subpoenas explicitly directed (continued…)

| W. Va. Division of Corrections and Rehabilitation | DMAPS | 2/11/2020 | No |
|---|---|---|---|
| W. Va. Division of Justice and Community Service | DMAPS | 2/11/2020 | No |
| | | | |
| Darren Cox, FBI Agent and former head of the Huntington Drug and Violent Crime Task Force | FBI | 4/3/2020 | No |
| | | | |
| W. Va. Department of Health and Human Resources (DHHR) | N/A | 3/17/2020 | No |
| Karen Bowling, Former DHHR Secretary | DHHR[2] | 4/17/2020 | No |
| Bill J. Crouch, DHHR Secretary | DHHR | 4/17/2020 | No |
| Robert H. Hansen, Director of DHHR Office of Drug Control Policy | DHHR | 4/20/2020 | No |
| W. Va. Bureau for Medical Services (BMS) | DHHR | 3/17/2020 | No |
| Cynthia Beane, BMS Commissioner | DHHR | 4/24/2020 | No |
| Vicki Cunningham, former BMS Director of Pharmacy Services | DHHR | 4/24/2020 | No |
| Linda Watts, Commissioner of the BCF | DHHR | 5/4/2020 | No |
| W. Va. Bureau for Behavioral Health (BBH) | DHHR | 5/4/2020 | No |
| Christina Mullins, Commissioner of the BBH | DHHR | 5/4/2020 | No |
| W. Va. Bureau for Child Support Enforcement | DHHR | 5/4/2020 | No |
| W. Va. Health Statistics Center | DHHR | 5/4/2020 | No |
| W. Va. Bureau for Public Health (BPH) | DHHR | 5/4/2020 | No |
| Catherine Slemp, Commissioner of the BPH | DHHR | 5/4/2020 | No |

at DMAPS's sub-agencies were for avoidance of doubt, but do not change DMAPS's obligations to produce responsive documents from other relevant sub-agencies and employees.

[2] The DHHR subpoena is directed to DHHR "and its divisions, subdivisions, offices, or departments, and all others acting or purporting to act on [DHHR's] behalf, or controlled by [DHHR], including any affiliates, programs, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces." The subsequent subpoenas explicitly directed at certain DHHR sub-agencies and employees were for avoidance of doubt, but do not change DHHR's obligations to produce responsive documents from other relevant sub-agencies and employees.  The same is true of the subpoenas issued to BMS, BCF, and the Governor's Council on Substance Abuse Prevention and Treatment and their employees.

| | | | |
|---|---|---|---|
| Governor's Council on Substance Abuse Prevention and Treatment (c/o DHHR) | DHHR | 3/3/2020 | Yes; 7 documents. |
| Brian Gallagher, Marshall University Pharmacy Professor and Chair of Governor's Council | DHHR | 4/20/2020 | No |
| Stephen Petrany, M.D., Marshall Health Professor and Member of Governor's Council | DHHR | 4/20/2020 | No |
| Rahul Gupta, M.D., W. Va. Chief Health Officer and Commissioner | DHHR | 4/17/2020 | No |
| W. Va. Board of Pharmacy | N/A | 3/3/2020 | Yes; being processed. |
| W. Va. Board of Medicine | N/A | 2/21/2020 | Yes |
| W. Va. Board of Osteopathic Medicine | N/A | 2/25/2020 | Yes |
| W. Va. Board of Dentistry | N/A | 3/12/2020 | Yes |
| W. Va. Board of Registered Professional Nurses | N/A | 3/12/2020 | Yes |
| W. Va. State Medical Association | N/A | 4/29/2020 | No |
| W. Va. Osteopathic Medical Association | N/A | 4/29/2020 | No |
| American Medical Association | N/A | 4/29/2020 | No |
| American Osteopathic Association | N/A | 4/29/2020 | No |
| Coalition for Responsible Chronic Pain Management (c/o W. Va. Legislature Joint Committee on Government and Finance) | N/A | 3/3/2020 | Yes; 21 documents. |
| Cabell-Huntington Health Department | N/A | 3/5/2020 | Yes |

| | | | |
|---|---|---|---|
| Cabell Huntington Hospital and Saint Mary's | N/A | 3/12/2020 (Cabell Huntington) 4/15/2020 (Saint Mary's) | No |
| Marshall University | N/A | 4/15/2020 | Yes |
| Marshall Health | Marshall University | 4/15/2020 | Yes |
| Quality Insights | N/A | 3/25/2020 | No |
| Valley Health | N/A | 3/25/2020 | No |
| Healthy Connections | N/A | 3/23/2020 | No |
| PROACT, Inc. | N/A | 3/31/2020 | Yes |
| W. Va. Public Employees Insurance Agency ("PEIA") | N/A | 3/17/2020 | No |

Critical discovery from these third parties remains outstanding, but Defendants are engaging in productive negotiations with counsel for all these third parties, and Defendants understand that these third parties are trying in good faith to meet the June 12, 2020 deadline for document discovery. Defendants have narrowed their subpoena requests in response to objections related to burden and because of the ongoing COVID-19 pandemic, as documented below. So far, eleven of the third parties listed above have produced documents (though they have not yet fully complied with their subpoena obligations), and Defendants expect that number to increase soon.

Defendants bring this motion to compel in compliance with the Court's May 11 Order, which sets today as the deadline for all motions on outstanding discovery disputes, including those involving third parties. *See* ECF 410 at 3. Defendants seek to preserve their rights to seek relief from the Court. Nonetheless, given that subpoena negotiations with the third parties listed herein are proceeding productively, Defendants ask that the Court hold the motion in abeyance and to permit Defendants to renew it in the event that these third parties change their position or fail to comply with subpoenas by the document discovery deadline.[3] *Cf. Allied Sec., Inc. v. Massey Energy Co.*, 2009 WL 10689050, at *2 (S.D.W. Va. Nov. 6, 2009) (holding a motion to compel in abeyance to let discovery play out).

## A.   West Virginia Department of Military Affairs and Public Safety ("DMAPS") and Sub-Agencies

Defendants served subpoenas for documents and testimony on DMAPS and three of its sub-agencies on February 11, 2020. The sub-agencies that Defendants subpoenaed were the West Virginia State Police ("WVSP"), the West Virginia Division of Corrections and Rehabilitation ("DCR"), and the West Virginia Division of Justice and Community Services ("DJCS"). After an initial meet-and-confer session on March 4, 2020, the Defendants agreed to prioritize certain targeted document requests. *See* Ex. 1, J. Wakefield Ltr. Regarding Targeted Document Requests (March 11, 2020) ("March 11 letter"). These priority requests include documents produced in other opioid litigation, budget documents, organizational charts, internal

---

[3] If that occurred, the third parties would bear the burden of proving why they should not be subject to discovery. *See US Methanol, LLC v. CDI Corp.*, 2020 WL 862617, at *2 (S.D.W. Va. Jan. 30, 2020) ("When a motion to compel is filed, the party opposing the motion bears the burden of showing why it should not be granted." (internal quotation marks omitted)). If the movant seeks to compel the production of relevant, discoverable information, then such a motion should be granted. *Id.* Because Defendants request that the Court hold this motion in abeyance, they have not attached the subpoenas, responses, or objections for each third party. They will do so in the event they ask the Court to renew this motion as to any third party, or at the Court's request.

reports, and documents pertaining to grant funding to address opioid-related misconduct, the use

of ARCOS data, opioid-related arrests, opioid-related prison misconduct, efforts to combat

substance abuse in prisons and jails, and other opioid-related initiatives.  *Id.*  Neither DMAPS

nor the three sub-agencies have produced any documents in response to the Defendants' original

subpoenas or March 11 letter.

Defendants had a second meet-and-confer on May 12, 2020 with DMAPS and the three

sub-agencies to ascertain whether DMAPS and the sub-agencies would be able to produce

documents by the June 12, 2020 deadline for document productions. A follow-up meet-and-

confer is scheduled for May 26, 2020.  The status of the document productions is as follows:

### 1.    DMAPS

Document collection is outstanding.  DMAPS indicated that it has been involved with

COVID-19 responses.  To the extent that DMAPS has documents responsive to the March 11

letter, it expects to produce them by the June 12 deadline, although new developments related to

COVID-19 could delay its ability to meet that deadline.

### 2.    DCR

Document collection is outstanding, but DCR indicated that documents responsive to the

March 11 letter could be collected quickly.  DCR anticipates that Defendants will begin

receiving documents responsive to the March 11 letter in advance of the June 12 deadline.

### 3.    DJCS

Document collection is well underway, and DJCS anticipates that Defendants will begin

receiving documents responsive to the March 11 letter in advance of the June 12 deadline.

### 4.    WVSP

Document collection is outstanding.  WVSP indicated that it has been involved with

COVID-19 responses, which could delay its productions.  Further, many documents responsive

to the March 11 letter will be difficult to collect for a number of technological and logistical reasons. WVSP will start by focusing on certain documents that can be collected and produced more easily (*e.g.*, documents related to closed investigations). WVSP committed to trying to meet the June 12 deadline.

### B.    Darren Cox

On April 3, 2020, Defendants sent a *Touhy* request to the Department of Justice ("DOJ") that included subpoenas for testimony and documents that they had served on Darren Cox, an FBI agent and the former head of the Huntington Violent Crime and Drug Task Force. ECF 289. Defendants' requests seek documents and testimony from Mr. Cox regarding the Task Force he led, including (but not limited to) its organization, communications with Plaintiffs, efforts to combat diversion of prescription opioids and trafficking of illicit opioids, investigations into the source of illicit and diverted opioids, individuals or entities investigated, and coordination with other law enforcement agencies. *Id.*

Defendants and the DOJ are close to reaching an agreement in satisfaction of the subpoenas. Defendants met and conferred with counsel for the DOJ on April 22 and May 14. DOJ has offered to produce monthly reports created by the Task Force during the period that FBI was responsible for coordinating the Task Force. DOJ is continuing to review the monthly reports and anticipates producing them by June 12. DOJ also agreed to inquire into the existence and availability of Task Force budget-related documents.

### C.    West Virginia Department of Health and Human Resources ("DHHR") and Sub-Agencies/Employees

Defendants served subpoenas for documents and testimony from DHHR on March 17, 2020. Defendants' document requests cover subjects crucial to liability, abatement, and damages, including (but not limited to) the organizational structure of DHHR, contractors used

for administering pharmacy benefits and processing claims, reimbursement for prescription opioids, rebates and formulary or preferred drug list status, data analysis and utilization review, alternative treatments, actions and interactions concerning opioids abuse and diversion, and knowledge of and response to the opioid crisis.  *Id.*

Defendants' negotiations with DHHR are ongoing.  Defendants have agreed to reduce the relevant time period of the document subpoena to DHHR from 24 years to 10 years and to seek only "Documents sufficient to show" rather than "All Documents" for numerous requests.  *See* Ex. 2, J. Wakefield Ltr. to A. Campbell and R. Romeo (Apr. 22, 2020).  Defendants also agreed to extend the time period for compliance to the then-operative April 30, 2020, deadline and indicated that the compliance deadline could be extended if there were a later deadline entered by the Court.  On the latest meet-and-confer call on April 27, 2020, counsel for DHHR stated that DHHR was gathering responsive documents and waiting for its claims data vendor to provide an estimated timeline for the claims data extraction.  DHHR has not yet produced any documents or claims data.

The DHHR subpoenas apply to documents and information from all sub-agencies of DHHR, including all the individuals and entities listed below.  Defendants have, in addition, issued separate subpoenas to certain DHHR sub-agencies and individual custodians:

### 1.      Karen Bowling, DHHR Secretary (2013–2016)

Defendants served subpoenas for documents and testimony on Ms. Bowling on April 17, 2020.  *See* ECF 342.1.  Ms. Bowling accepted service of the subpoena.  Ms. Bowling has not yet produced any documents, but discussions with Ms. Bowling regarding subpoena compliance are ongoing.

### 2.      Bill J. Crouch, DHHR Secretary (2017–present), member of Governor's Council on Substance Abuse Prevention and Treatment

**(creation in 2018–present), for which ODCP handles administrative functions.**

Defendants served subpoenas for documents and testimony on Mr. Crouch on April 17, 2020.  *See* ECF 341.1.  DHHR counsel accepted service of the subpoena on Mr. Crouch's behalf.  Mr. Crouch has not yet produced any documents, but discussions regarding subpoena compliance are ongoing.

### 3.	Robert H. Hansen, Director of DHHR's Office of Drug Control Policy (Dec. 2018–present)

Defendants served subpoenas for documents and testimony on Mr. Hansen on April 20, 2020.  *See* ECF 355.1.  Counsel for Marshall Health accepted service of the subpoena on Mr. Hansen's behalf.  Mr. Hansen has not yet produced any documents, but discussions regarding subpoena compliance are ongoing.

### 4.	West Virginia Bureau for Medical Services ("BMS")

Defendants served subpoenas for documents and testimony from BMS on March 17, 2020.  The document requests overlap with those served on DHHR.

Defendants' negotiations with BMS are ongoing.  Defendants' communications described above as to DHHR are identical as to BMS.  BMS has not yet produced any documents or claims data.

### 5.	Cynthia Beane, BMS Commissioner (2014–present)

Defendants served subpoenas for documents and testimony from Ms. Beane on April 23, 2020.  Defendants' document requests cover a range of crucial issues, including (but not limited to) the standard of care for prescribing and dispensing prescription opioids, efforts to encourage or discourage the prescribing of opioids, the benefits or dangers of opioids, the understanding of the origins and course of the "opioid epidemic," and efforts to treat and obtain coverage for Neonatal Abstinence Syndrome.  *Id.*

Counsel for DHHR agreed to accept service on Ms. Beane's behalf.  Ms. Beane has not yet produced any documents.

### 6.    Vicki Cunningham, former BMS Director of Pharmacy Services

Defendants served subpoenas for documents and testimony from Ms. Cunningham on April 23, 2020.  Defendants' document requests cover a range of crucial issues, including (but not limited to) the standard of care for prescribing and dispensing prescription opioids, efforts to encourage or discourage the prescribing of opioids, the benefits or dangers of opioids, and the understanding of the origins and course of the "opioid epidemic."  *Id.*

Counsel for DHHR agreed to accept service on Ms. Cunningham's behalf.  Defendants later learned from counsel for BMS that Ms. Cunningham has retired; counsel for DHHR and BMS agreed to investigate whether DHHR may accept service on her behalf.  Ms. Cunningham has not yet produced any documents.

### 7.    Linda Watts, Commissioner of the West Virginia Bureau for Children and Families

On April 30, 2020, Defendants noticed subpoenas for documents and testimony upon Linda Watts, the Commissioner of the West Virginia Bureau for Children and Families ("BCF"). These were accepted for service on May 4, 2020.  *See* ECF 400.  As explained in Defendants' Motion to Compel Discovery Responses from the West Virginia Bureau for Children and Families, Plaintiffs are seeking monetary relief to address the impact of opioid use and abuse within their communities, including the impact on families and children.  As Commissioner of the BCF, Ms. Watts is likely to have discoverable information.  Ms. Watts' response to Defendants' subpoena is due on June 4, 2020.  Because the response date has not yet been reached, Defendants have not received any documents to date.

### 8.    West Virginia Bureau for Behavioral Health ("BBH")

On April 30, 2020, Defendants served a subpoena upon the West Virginia Bureau for Behavioral Health ("BBH"), which was accepted for service on May 4, 2020.  *See* ECF 396. The BBH is the federally designated authority for mental health, substance abuse, and intellectual and developmental disabilities for the State of West Virginia.  The mission of the BBH is "to ensure that West Virginians with mental health or substance use disorders, intellectual/developmental disabilities, chronic health conditions, or long-term care needs experience services that are comprehensive, readily accessible, and tailored to meet individual, family, and community needs."[4]  As the state authority responsible for supporting individuals with substance use disorders, the BBH is likely to have information that is relevant to this litigation, which alleges widespread drug use and abuse in Cabell County and the City of Huntington.  Defendants' subpoena requests the production of studies regarding opioid use in Plaintiffs' jurisdictions, correspondence with Plaintiffs, pharmacies and various West Virginia State Boards regarding opioid use, documents reflecting the impact of opioids on the Plaintiffs, and the root causes for opioid use in Plaintiffs' jurisdictions.

BBH's response to Defendants' subpoena is due on May 18, 2020.  Because the response date has not yet been reached, Defendants have not received any documents to date.

### 9.    Christina Mullins, Commissioner of the West Virginia Bureau for Behavioral Health

On April 30, 2020, Defendants served subpoenas for documents and testimony upon Christina Mullins, Commissioner of the West Virginia Bureau for Behavioral Health ("BBH"), which was accepted for service on May 4, 2020.  *See* ECF 401.  As explained above, the BBH is responsible for supporting individuals with substance abuse disorders.  Because this litigation

---

[4] https://dhhr.wv.gov/bhhf/Sections/whatwedo/Pages/default.aspx.

claims harm allegedly caused by drug use and addiction, Ms. Mullins is likely to have

discoverable information.  Ms. Mullins' response to Defendants' subpoena is due on June 3,

2020.  Because the response date has not yet been reached, Defendants have not received any

documents to date.

### 10.    West Virginia Bureau for Child Support Enforcement ("BCSE")

Defendants served a subpoena upon the West Virginia Bureau for Child Support

Enforcement ("BCSE") on April 30, 2020, which was accepted for service on May 4, 2020.  *See*

ECF 395.  In the subpoena, Defendants seek documents and information from BCSE including,

but not limited to, statistics, records, communications and compilations of data regarding, among

other things, any law enforcement, child endangerment, child removal, child support, or

administrative investigations, prosecutions, and/or enforcement actions relating to Prescription or

Illicit Opioids or other opioids in Cabell County or the City of Huntington; the prescribing,

dispensing, sale, and distribution of opioids in Cabell County and the City of Huntington; and the

impact opioids have had on the removal and placement of foster children in Cabell County and

Huntington.  Defendants served this discovery because Plaintiffs allege that Defendants' actions

have impacted children and families within their geographic borders, which raises issues in

connection with child removal, placement services, child support, and other issues related to

stress on families.  The BCSE is charged with helping people caring for children, and its mission

is "to promote and enhance the social, emotional and financial bonds between children and their

parents."[5]  BCSE fulfills this mission by enforcing support orders and educating parents, among

other things.  *Id.*  The BCSE is therefore likely to have custody and control over information that

---

[5] https://dhhr.wv.gov/programs/Pages/Bureau-for-Child-Support.aspx.

is relevant to the impact of opioid use and abuse on children and parents in Cabell County and the City of Huntington.

BCSE's response date to Defendants' subpoena is scheduled for May 18, 2020.  Because the response date has not yet been reached, Defendants have not received any documents to date.

### 11.    West Virginia Health Statistics Center ("HSC")

Defendants served their subpoena on the West Virginia Health Statistics Center ("HSC") on April 30, 2020, which was accepted for service on May 4, 2020.  *See* ECF 394.  Defendants seek organizational charts; documents related to databases or compilations relating to overdose deaths in Cabell County and/or the City of Huntington, including autopsy reports, toxicology reports and death certificates; documents relating to the classifications of causes of death; HSC's involvement with programs and task forces to combat unlawful prescribing and use of opioid drugs; and HSC's policies and procedures for maintaining information related to opioid overdose deaths.  This discovery is critical to understanding the impact and effect opioid drugs have had on Plaintiffs' communities.  Plaintiffs attribute countless overdose deaths to Defendants, and without this discovery, Defendants are unable to understand how overdose data and statistics are compiled and/or utilized.  Finally, this discovery could reveal the true extent that prescription opioid drugs have affected the increase in overall overdoses deaths in Plaintiffs' communities.

Defendants have not received any documents from HSC, but HSC's deadline to respond is May 18, 2020.

### 12.    West Virginia Bureau for Public Health ("BPH")

Defendants served their subpoena on the West Virginia Department of Health and Human Resources, Bureau for Public Health ("BPH") on April 30, 2020, which was accepted by the Secretary of State on May 4, 2020.  *See* ECF 398.  In their subpoena, Defendants seek documents and information related to BPH's knowledge of the "opioid epidemic," the unlawful

13

prescribing, misuse, abuse, or trafficking of opioids within the state of West Virginia, and any steps taken by Plaintiffs in response thereto.  Defendants also seek policies, programs, trainings, and guidance relating to pain or the legitimate need for or use of prescription opioids. Additionally, Defendants seek important communications between BPH and various governmental and non-governmental entities, as well as information regarding BPH's finances.

This information is relevant and discoverable because Plaintiffs claim "an immediate hazard to public health and safety in Cabell County and the City of Huntington, West Virginia arising out of an opioid epidemic."  *See* Third Amended Complaint at 1.  The documents requested relate to public health in West Virginia, and specifically to Cabell County and City of Huntington.  These documents are essential for Defendants to address Plaintiffs' allegations of the public health crisis related to prescription opioids, and to gain an understanding of what steps Plaintiffs have taken to address the alleged crisis.

Document production from BPH is due May 18, 2020.  Defendants have not yet received any documents from the Bureau for Public Health.

### 13. Catherine Slemp, Commissioner of the West Virginia Bureau for Public Health

Defendants served their subpoena on Catherine Slemp, Commissioner of the West Virginia Department of Health and Human Resources, Bureau for Public Health on April 30, 2020, which was accepted by the Secretary of State on May 4, 2020.  *See* ECF 397.  Defendants are seeking information related to Ms. Slemp's role and responsibilities at the Bureau for Public Health.  Defendants also are seeking testimony, documents and information relating to the legitimate need for or use of prescription opioids; the unlawful prescribing and misuse of opioids; Ms. Slemp's understanding of the "opioid epidemic" and its impact on the area served

by the Bureau for Public Health; and programs or initiatives put forward by the Bureau for Public Health related to opioids.

Again, this information is relevant and discoverable because Plaintiffs claim "an immediate hazard to public health and safety in Cabell County and the City of Huntington, West Virginia arising out of an opioid epidemic." *See* Third Amended Complaint at 1.  As the leader of a public health department tasked with assuring and advancing the safety and health of the people of West Virginia, including Cabell County and the City of Huntington, Ms. Slemp possesses important information regarding the "opioid epidemic" and its effect on West Virginia and its counties and cities.  Her position means she is a leader in the effort to address the alleged public health crisis, and obtaining the information she has is important to Defendants' preparation in addressing these allegations.

The proposed deposition date for Ms. Slemp is June 4, 2020.  Defendants have not yet received any documents.

### 14.      Governor's Council on Substance Abuse Prevention and Treatment

Defendants served subpoenas for documents and testimony on the Governor's Council on Substance Abuse Prevention and Treatment on March 3, 2020, *see* ECF 187.1, and counsel for DHHR accepted service of the subpoena.  On April 17, 2020, the Coalition produced seven documents.  Discussions regarding subpoena compliance are ongoing.

### 15.      Brian Gallagher, Marshall University Pharmacy Professor, and Chairman of Governor's Council on Substance Abuse Prevention and Treatment

Defendants served subpoenas for documents and testimony on Mr. Gallagher on April 20, 2020.  *See* ECF 353.1.  Counsel for Marshall Health accepted service of the subpoena on Mr. Gallagher's behalf.  Mr. Gallagher has not yet produced any documents, but discussions regarding subpoena compliance are ongoing.

### 16. Stephen M. Petrany, Marshall Health Professor, member of Governor's Council (2018–present)

Defendants served subpoenas for documents and testimony on Dr. Petrany on April 20, 2020. *See* ECF 354.1. Counsel for Marshall Health accepted service of the subpoena on Dr. Petrany's behalf. Dr. Petrany has not yet produced any documents, but discussions regarding subpoena compliance are ongoing.

### 17. Rahul Gupta, West Virginia Chief Health Officer and Commissioner (2015–2018)

Defendants served subpoenas for documents and testimony on Mr. Gupta on April 17, 2020. *See* ECF 340.1. Mr. Gupta accepted service of the subpoena. Mr. Gupta has not yet produced any documents, but discussions regarding subpoena compliance are ongoing.

### D. West Virginia Board of Pharmacy

Defendants served subpoenas for documents and testimony on the West Virginia Board of Pharmacy (BOP) on March 3, 2020, *see* ECF 188.1, and counsel for BOP accepted service of the subpoena. Defendants' negotiations with the BOP are ongoing, and Defendants most recently met and conferred with the BOP on May 6, 2020. The BOP has agreed to collect and produce on a rolling basis agreed-upon custodial and non-custodial documents. On May 13, the BOP produced three boxes of documents that currently are being scanned and processed.

### E. West Virginia Board of Medicine

Defendants served their subpoena on the Board of Medicine ("BOM") on February 21, 2020, and the BOM's response and objections were received on March 6, 2020. Defendants seek organizational charts; annual reports; disciplinary reports and orders prepared by the BOM; all documents, including meeting minutes, relating to opioid prescribing guidelines; and any documents related to the BOM's participation with opioid drug task forces.

On March 31, 2020, Defendants sent a deficiency letter to the BOM to address its response and objections as well as to schedule a meet-and-confer to discuss the BOM's production of documents.  *See* Ex. 3, G. Callas Deficiency Ltr to M. Spangler (March 31, 2020). The BOM stated its "immediate availability" for a meeting was affected by the BOM's "emergency-related resource constraints" caused by the COVID-19 virus.  *See* Ex. 4, J. Alley Ltr to G. Callas (April 8, 2020).  On April 24, 2020, Defendants and the BOM met and conferred, identifying certain priority requests relating to organizational charts, disciplinary actions taken by the BOM, and the BOM's involvement and implementation with prescribing guidelines.  The BOM agreed to look further into its records to identify documents relating to several of Defendants' requests.

Since the meet-and-confer, the BOM has produced documents to Defendants on a rolling basis as additional documents are able to be reviewed by BOM staff.  Documents received include various "E-Newsletters" that were sent to licensees related to registration and license renewal, meeting minutes related to the adoption and implementation of prescribing guidelines, and a FOIA response related to *State of West Virginia, ex rel. Patrick Morrisey, Attorney General, et al. v. AmerisourceBergen Drug Corporation et al.*, Civ. No. 12-141 (Circuit Court of Boone County, West Virginia).  The BOM agreed to allow Defendants to inspect documents located on-site.  Defendants have not yet agreed to this; and in any event, this inspection cannot occur until the BOM re-opens its office and proper safety measures are taken in light of the COVID-19 pandemic.  Defendants still seek documents relating to disciplinary documents and meeting minutes related to opioid prescribing and use.

### F.    West Virginia Board of Osteopathic Medicine

Defendants served their subpoena on the Board of Osteopathic Medicine ("BOOM") on February 25, 2020, and the BOOM's response and objections were received on March 10, 2020.

Defendants seek organizational charts; annual reports; all documents related to the BOOM's use and/or participation with the West Virginia Controlled Substance Monitoring Program; all documents, including meeting minutes, relating to opioid prescribing guidelines; and any documents related to the BOOM's participation with opioid drug task forces.

The BOOM's production consisted entirely of newsletters sent to licensees from 1998 to 2019.  On March 31, 2020, Defendants sent a deficiency letter to the BOOM, addressing the BOOM's response and objections, and Defendants sought to set a date for a meet-and-confer. The BOOM proposed to schedule a call any day after May 20, 2020, and Defendants agreed to discuss these issues on May 22, 2020.  *See* Ex. 5, C. Holcomb Email to G. Callas (May 5, 2020). The BOOM has not yet produced documents beyond those in its initial March 10, 2020, production.

### G.    West Virginia Board of Dentistry

Defendants served their subpoena on the Board of Dentistry ("BOD") on March 12, 2020, with a response due on March 26, 2020.  *See* ECF 231.  Defendants seek financial documents, documents related to disciplinary hearings and subsequent disciplinary action taken by the BOD relating to opioid drugs, prescribing guidelines implemented by the BOD, and meeting minutes relating to opioid drugs.  Defendants have been engaged in ongoing negotiations with the BOD regarding their production of documents and have identified priority requests to allow the BOD to focus on producing financial documents and documents relating to disciplinary action and its response to complaints.

The BOD sought additional time to respond in light of difficulties associated with COVID-19.  *See* Ex. 6, Email from K. Fisher to G. Callas (March 24, 2020).  Defendants met and conferred with the BOD on April 28, 2020, to discuss the production of documents, and Defendants agreed to reduce the timeframe for certain requests as well as allow the BOD to

focus on several priority requests and to produce documents on a rolling basis. The BOD has produced consent orders, meeting minutes relating to the BOD's discussions of opioid drugs, and several financial documents, which will be supplemented on a rolling basis as BOD staff are able to conduct a further review.  Defendants still seek documents, among others, relating to disciplinary actions taken against licensees as well as documents relating to the BOD's investigation of complaints made against licensees.

### H.      West Virginia Board of Registered Professional Nurses

Defendants served their subpoena on the Board of Registered Professional Nurses (RPN Board) on March 12, 2020, with a response due on March 26, 2020.  Defendants seek financial documents, documents related to disciplinary hearings and subsequent disciplinary action taken by the RPN Board relating to opioid drugs, prescribing guidelines implemented by the RPN Board, and meeting minutes relating to the RPN Board's discussions of opioid drugs.

In a letter dated March 17, 2020, the RPN Board sought additional time to respond.  *See* Ex. 7, A. Eates Ltr to G. Callas (March 17, 2020).  On May 4, 2020, Defendants received the RPN Board's response, which consisted of organizational charts, guidelines for licensees, complaints initiated by the RPN Board related to opioid drugs, and financial documents.  The RPN Board stated its intent to supplement its responses as documents become available during the week of May 4, 2020.  Defendants have not yet received these supplemental documents.

### I.      West Virginia State Medical Association

Defendants served subpoenas for documents and testimony on the West Virginia State Medical Association on April 29, 2020.  *See* ECF 372.1.  The West Virginia State Medical Association has not yet produced any documents, but discussions regarding subpoena compliance are ongoing.

### J.      West Virginia Osteopathic Medical Association

Defendants served subpoenas for documents and testimony on the West Virginia Osteopathic Medical Association on April 29, 2020.  *See* ECF 371.1.  The West Virginia Osteopathic Medical Association has not yet produced documents, but discussions regarding subpoena compliance are ongoing.

### K.     American Medical Association

Defendants served subpoenas for documents and testimony on the American Medical Association (AMA) on April 29, 2020.  *See* ECF 373.1.  The AMA has not yet produced documents, but discussions regarding subpoena compliance are ongoing.

### L.     American Osteopathic Association

Defendants served subpoenas for documents and testimony on the American Osteopathic Association (AOA) on April 29, 2020.  *See* 374.1.  The AOA has not yet produced documents, but discussions regarding subpoena compliance are ongoing.

### M.     Coalition for Responsible Chronic Pain Management

Defendants served subpoenas for documents and testimony on the Coalition for Responsible Chronic Pain Management on March 3, 2020, *see* ECF 186.1, and counsel for the Coalition accepted service of the subpoena.  On March 18, 2020, the Coalition produced 21 documents.  Discussions regarding subpoena compliance are ongoing.

### N.     Cabell-Huntington Health Department

Defendants served their subpoena on Cabell-Huntington Health Department ("CHHD") on March 5, 2020.  Defendants sought policies, programs, expenditures, and other CHHD documents related to efforts to combat illicit drug use by Plaintiffs' residents.  The return date was March 24, 2020, but CHHD made no response and produced no documents by that deadline. Counsel for Defendants immediately engaged in multiple conversations with counsel for CHHD and learned that Plaintiffs had earlier collected 100,000 documents from CHHD.  It was then

agreed that Defendants would review the documents that Plaintiffs had collected from CHHD before seeking additional documents from CHHD pursuant to the subpoena.  *See* Ex. 8, P. Farrell Ltr. to K. Bryson (April 7, 2020).

On April 27, 2020, Plaintiffs produced to Defendants the documents they had collected from CHHD.  Upon initial review, the Plaintiffs' CHHD production appears to be lacking and may require a Court order compelling CHHD to produce additional documents.  Specifically, the CHHD documents produced contain few, if any, records dated prior to 2015, and there are no custodial records for key CHHD personnel such as Jaclyn Johnson, the current "threat preparedness coordinator," who was specifically identified in the subpoena at Item No. 48. Defendants will continue to seek the requested documents pre-dating 2015, and other key custodial and financial files.

### O.   Cabell Huntington Hospital and Saint Mary's Medical Center

Defendants served subpoenas on Cabell Huntington Hospital ("CHH") and St. Mary's Medical Center ("SMMC") on March 12, 2020, and April 15, 2020, respectively.  *See* ECF 232, 329.  Defendants seek statistical data and records relating to improper prescribing, documents relating to mandatory reporting to state and federal agencies, documents related to prescribing guidelines and responsibilities for medical professionals to treat pain, and documents related to CHH and SMMC's involvement with West Virginia Controlled Substance Monitoring Program. This discovery is critical to Defendants' ability to understand the role of medical care providers, such as CHH and SMMC, in opioid prescribing, as well as the extent that policies and guidelines on prescribing opioids were followed and implemented.

On April 10, 2020, CHH filed a Petition and Motion to Quash Subpoena (ECF 309) and memorandum in support thereof (ECF 310), seeking additional time to respond.  Defendants agreed to a 30-day extension, and on April 14, 2020, CHH notified Judge Wilkes of this

agreement, which moved CHH's deadline to May 14, 2020. Due to the close relationship

between SMMC and CHH, SMMC requested to combine the two parties' responses and to

extend its response to May 14, 2020, to which Defendants agreed. *See* Ex. 9, R. Ashworth Email

to G. Callas (April 27, 2020). Defendants have not yet received documents from either CHH or

SMMC.

### P.      Marshall University & Marshall Health

Defendants served subpoenas on Marshall Health System and Marshall University

(collectively "Marshall") on April 15, 2020. *See* ECF 328, 330. In their subpoenas, Defendants

seek documents and information from Marshall Health including, but not limited to, statistics,

records, communications and compilations of data regarding the prescribing, dispensing, sale,

and distribution of opioids in Cabell County and the City of Huntington. Moreover, Defendants

seek information regarding drug overdoses, obligations of and guidelines for licensed medical

professionals to treat pain with opioids, data that tracks the number of patients treated per year

for opioid use, and other information regarding opioid use in Cabell County and the City of

Huntington. This information is relevant and discoverable because Plaintiffs allege that

Defendants' actions have resulted in widespread addiction, drug overdose, and other harms

within their geographic borders. As one of the largest and most comprehensive health care

providers in the region, Marshall has custody and control over information, as described above,

that is relevant to these allegations and other issues surrounding the prescription and use of

opioid pain medication in Cabell County and the City of Huntington.

Marshall provided its objections on April 28, 2020. Marshall produced documents to

Defendants on April 7, 2020 and provided additional partial responses on May 11, 2020.

Marshall's responses consisted of charts and summary data related to neonatal abstinence

syndrome; an overview of opioid prescribing statistics; meeting minutes related to the

Huntington Resiliency Plan; and several summaries of academic papers.  Marshall and Defendants have conducted a meet-and-confer and have been in regular communication with one another.  They expect to conduct another meet-and-confer during the week of May 18, 2020. Although Marshall provided an objection letter, it intends to produce additional responsive documents.

### Q.    Quality Insights

Defendants served their subpoena on Quality Insights on March 25, 2020.  *See* ECF 271. Quality Insights is an organization dedicated to compiling and using data to improve healthcare services in Cabell County and the City of Huntington.  Quality Insights has been involved in an initiative to address the impact of opioids on Plaintiffs.  Quality Insights provided its response and objections on April 23, 2020.  The produced documents consist of communications between Quality Insights and the Plaintiffs as well as other documents referring to opioid abuse in the City of Huntington and Cabell County.  This information sought in Defendants' subpoena is relevant and discoverable because opioid abuse in these locales is at the center of this litigation.

Quality Insights and Defendants have been in communication with one another and it is anticipated that they will conduct another meet–and-confer during the week of May 18, 2020. Quality Insights provided an objection letter, but has made it clear that it intends to work cooperatively with Defendants to identify and produce additional responsive documents.  In particular, Quality Insights has asked for more detail about how best to search its custodial records for responsive documents; this will be addressed during the next meet-and-confer.

### R.    Valley Health Systems, Inc.

Defendants served their subpoena on the Valley Health Systems Inc. ("Valley Health") on March 25, 2020.  *See* ECF 272.  Defendants requested, among other things, Valley Health's documents relating to policies and procedures for prescribing opioids, data related to opioid

overdose deaths, policies related to the prescribing of opioids, and custodial files of individuals who participated in Plaintiff's Resiliency Plan.  This information is relevant and discoverable because Valley Health is a leading healthcare provider, and one that Defendants believe administers pharmacies, in Cabell County and the City of Huntington.  The requested information is relevant to the prescription and dispensing of opioid pain medicine in the subject localities.

Valley Health provided its response and objections on May 1, 2020.  Due to several factors, including the impact of the COVID-19 pandemic on the ability to gather and produce responsive documents, Valley Health requested two extensions to the time to respond, which the Defendants granted.  The subpoena response date is now May 15, 2020.  Valley Health and Defendants have conducted a meet-and-confer and have been in regular communication with one another.  Despite objecting to Defendants' subpoena, Valley Health has confirmed that it is in the process of obtaining and producing responsive documents and expects to produce documents on May 15, 2020 or during the week of May 18, 2020.  Defendants and Valley Health are also planning to discuss search terms and the identity of the custodians whose files should be searched.

### S.      Healthy Connections

On March 23, 2020, Defendants attempted to serve a subpoena on Healthy Connections via the West Virginia Secretary of State.  Healthy Connections is a coalition of healthcare providers that serve the localities that are the subject of this litigation and which is geared toward treating families impacted by substance abuse.  Defendants requested statistical information and data compilations about the use and abuse of opioids in Cabell County and the City of Huntington, records reflecting opioid overdoses, and correspondence with Plaintiffs regarding opioid abuse.  This information is discoverable because it will illustrate the extent to which

24

opioids impacted Plaintiffs, measures taken to respond, and the factors contributing to opioid use in the subject localities.  On March 26, 2020, the West Virginia Secretary of State advised it was unable to serve Healthy Connections.  Defendants have not yet been able to serve the subpoena but are continuing efforts to do so.

> ### T.      PROACT, Inc.

Defendants served their subpoena on PROACT, Inc. ("PROACT") on March 31, 2020, with a response due on April 16, 2020.  Defendants sought documents related to PROACT's efforts to combat unlawful prescribing, dispensing, and use of opioid drugs, opioid overdose deaths, statistics and/or compilation of data related to overdoses or opioid drug use, and any reports and presentations related to the opioid abuse epidemic. Discovery from PROACT could demonstrate the impact the opioid crisis has had on Plaintiffs' communities as well as show PROACT's efforts in combating opioid use and addiction.

PROACT sought an extension until April 28, 2020, to prepare a response, which Defendants agreed to.  *See* Ex. 10, R. Ashworth Email to G. Callas (April 15, 2020).  On May 1, 2020, Defendants received documents from PROACT in response to the subpoena, which consisted of documents relating to PROACT's inception, services that it provides, and donation flyers.  Defendants have been working collaboratively with PROACT regarding its requests not yet addressed in PROACT's response.  Defendants still seek documents related to initiatives in which PROACT participates relating to opioid drug use and addiction.

> ### U.      West Virginia Public Employees Insurance Agency ("PEIA")

Defendants served subpoenas for documents and testimony from PEIA on March 17, 2020.  Defendants' negotiations with PEIA are ongoing.  Before the schedule was extended, PEIA filed a motion to quash, *see* ECF 260, which has been held in abeyance pending the resolution of those negotiations.  Defendants reduced the scope of the subpoenas and agreed to

extend the time for PEIA's compliance.  *See* ECF 282.  On the latest meet-and-confer call on May 11, 2020, counsel for PEIA described PEIA's plan to create a claims data extraction template to capture responsive information.  Defendants understand that PEIA is working diligently to respond to the document subpoena but may not be able to fully comply by June 12 due to resource constraints and the impact of the pandemic. PEIA has filed today a renewed motion to quash (*see* ECF 420) to which Defendants intend to respond.  However, Defendants remain hopeful that productive negotiations with PEIA will resolve PEIA's outstanding concerns without the Court's involvement.

*          *          *

In addition to seeking the production of documents responsive to Defendants' subpoenas listed in this motion, Defendants also advise the Court that they may have challenges to certain privilege claims asserted by third parties, and will bring any such challenges as soon as possible. In particular, Defendants served requests for discovery on the Drug Enforcement Administration (DEA).  After negotiations reached an impasse, with DEA declining to produce any responsive documents at all, Defendants moved to compel the production of a subset of the documents originally requested.  That motion is fully briefed and pending before Special Master Wilkes. Among other things, in that motion, Defendants seek to compel DEA to provide a privilege log reflecting documents withheld from its prior MDL productions (productions on which DEA relies to support its assertion that it should not be required to produce additional documents in the remanded Cabell/Huntington actions).  DEA has recently produced the first installment of its privilege log, which consists of a mere 179 entries notwithstanding the Defendants' reasoned belief that the DEA is withholding thousands of documents as privileged.  The DEA  has not specified how many installments it will have or when additional installments will be produced.

Defendants anticipate that they will have challenges to certain of DEA's assertions of privilege, and will raise any potential challenges with DEA as soon as reasonably possible, and of course will need to review later installments of DEA's log as they are provided.

Defendants respectfully request that the Court hold this motion in abeyance through the close of document discovery.

Dated:  May 15, 2020                              Respectfully Submitted,


                                                 **McKesson Corporation**
                                                 By Counsel:

                                                 */s/ Jeffrey M. Wakefield*
                                                 Jeffrey M. Wakefield (WVSB #3894)
                                                 jwakefield@flahertylegal.com
                                                 Jason L. Holliday (WVSB #12749)
                                                 jholliday@flahertylegal.com
                                                 FLAHERTY SENSABAUGH BONASSO PLLC
                                                 P.O. Box. 3843
                                                 Charleston, WV 25338-3843
                                                 Telephone: (304) 345-0200

                                                 */s/ Carol Dan Browning*
                                                 Carol Dan Browning
                                                 Stites & Harbison, PLLC
                                                 400 West Market Street
                                                 Suite 1800
                                                 Louisville, Kentucky  40202
                                                 Telephone:  (502) 587-3400
                                                 Facsimile:  (502) 587-6391
                                                 cbrowning@stites.com

                                                 */s/ Timothy C. Hester*
                                                 Timothy C. Hester
                                                 Mark H. Lynch
                                                 Christian J. Pistilli
                                                 Laura Flahive Wu
                                                 COVINGTON & BURLING LLP
                                                 One CityCenter
                                                 850 Tenth Street NW

Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

**_AmerisourceBergen Drug Corporation_**
By Counsel:

_/s/ Gretchen M. Callas_
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

_/s/ Robert A. Nicholas_
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

**_Cardinal Health, Inc._**
By Counsel:

_/s/ Brian A. Glasser_
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
_Counsel in Cabell County action_

_/s/ Enu Mainigi_

28

Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on this 15th day May, the foregoing

**"Memorandum in Support of Defendants' Motion to Compel Third-Party Discovery"**

was served using the Court's CM/ECF system, which will send notification of such filing

to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
