# EXHIBIT 3

# JACKSONKELLY PLLC

500 LEE STREET EAST • SUITE 1600 • P.O. BOX 553 • CHARLESTON, WEST VIRGINIA 25322 • TELEPHONE: 304.340.1000 • FAX: 304.340.1130
www.jacksonkelly.com

E-mail Address: gcallas@jacksonkelly.com
Writer's Fax No.: (304) 340-1050
Direct Dial No.: (304) 340-1169

March 31, 2020

Mark A. Spangler
West Virginia Board of Medicine
101 Dee Drive, Suite 103
Charleston, WV 25311

Re: Responses and Objections to Subpoena in
*City of Huntington; Cabell County Commission v.
AmerisourceBergen Drug Corporation, et al.*
U.S. District Court for the Southern District of West Virginia
Civil Action Nos. 3:17-01362; 3:17-01665

Dear Counsel:

We write on behalf of the Defendants in the above-referenced matter to request a conference to discuss the West Virginia Board of Medicine's ("the Board") recent responses to the Defendants' subpoena duces tecum. We are continuing to review your responses and may have additional issues to raise in the future, but we want to begin discussions as soon as possible on certain issues that are immediately apparent.

As an initial matter, subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. The District Court for the Southern District of West Virginia has explained that in the context of discovery, "Rule 45 adopts the standards codified in Rule 26." *In re: Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2325, 2016 WL 4411506, at *2 (S.D.W. Va. Aug. 17, 2016) (quotation omitted). Thus, "the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Id.* Rule 26 "permits very broad discovery, encompassing any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *JAK Prods., Inc. v. Robert Bayer*, No. 2:15-CV-00361, 2015 WL 2452986, at *4 (S.D.W. Va. May 22, 2015).

Listed below are the subjects on which we believe discussion is needed.

<u>Recurring Objections.</u> Several objections were used in multiple responses, including the following:

Mark A. Spangler
March 31, 2020
Page 2

- In Response Nos. 2, 4, 5, 6, 7, 11, 15, 18, and 20, the Board objects to requests seeking documents related to Plaintiffs' knowledge, Plaintiffs' actions, Plaintiffs' collaborations, Plaintiffs' communications or, essentially, information the Board believes should be provided by Plaintiffs. The Board has not, however, provided any evidence that the requested documents are more easily obtainable from Plaintiffs. "An objection that discovery is overly broad and unduly burdensome must be supported by affidavits or evidence revealing the nature of the burden and why the discovery is objectional." *Id.* at *7. Refusals to produce documents based on bare belief that the documents are available elsewhere are thus improper. The Board must produce responsive documents based upon its own knowledge or within its own control.

- In Responses Nos. 2, 4, 5, 6, 7, 13, 23, 24, 25, 26, 27, 28, 34, 38, and 48, the Board directs Defendants to the Board's website and Annual Reports for documents related to complaints, investigations, and discipline. The Board has not provided Defendants with information as to the precise location of the responsive documents on either the Board's website or within the Board's Annual Reports. Rule 45(e)(1)(A) requires an entity responding to a subpoena to produce documents as they are "kept in the ordinary course of business" or to "organize and label them to correspond to the categories demanded." We would like to meet and discuss the most efficient way for the Board to produce these documents.

- In Response Nos. 8 and 12, the Board objects that the requests use vague and ambiguous terms. To the extent there is genuine uncertainty about the meaning of any term such as to affect the contents of an answer, we should discuss agreed-upon definitions so that appropriate productions can be made.

- In Responses 14, 24, 28, and 38, the Board objects that the requests are unduly burdensome because the requests would require a hand review of thousands of documents and files to determine responsiveness. Rule 45(e)(1)(A) requires an entity responding to a subpoena to produce documents as they are "kept in the ordinary course of business" or to "organize and label them to correspond to the categories demanded." We would like to meet and discuss the most efficient way for the Board to produce these documents.

- In Responses 7, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 39, 41, 42, 43, 44, 45, 46, 47, and 50, the Board directs Defendants to refer "generally to the documents produced or referenced herein." The Board does not identify which responses contain documents responsive to these requests, nor does the Board indicate whether other responsive documents exist. We

Mark A. Spangler
March 31, 2020
Page 3

      would like to meet and discuss the adequacy of the Board's investigation in support of these responses.

- In Responses 2, 11, 13, 16, and 17, the Board objects that the requests are "so overly broad" as to be "virtually undiscernible," or as to "defy response." The District Court for the Southern District of West Virginia has held that "[t]o prevail on the grounds of burdensomeness or breadth, the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments." *Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2012 WL 6045836, at *3 (S.D.W. Va. Dec. 5, 2012). To the extent the Board seeks clarity as to these requests, we should meet to discuss the Board's questions and concerns so that appropriate productions can be made.

In addition to the recurring objections discussed above, Defendants would also like to meet and discuss the following specific responses and objections.

<u>Document to be Produced No. 1.</u> This request seeks the organizational charts for the Board from 1996 to the present day. The Board produced documents, or indicated where documents could be found, as far back as 2007. The Board's response did not indicate whether organizational charts exist for years prior to 2007. Defendants request the Board to indicate whether these documents exist, and if so, to produce them.

<u>Document to be Produced No. 4.</u> This request seeks all documents relating to initiatives, programs, or task forces the Board may have developed or with which the Board collaborated. The Board's response includes information regarding complaints, investigations, and discipline. The Board's response does not answer this request, and Defendants request the Board to indicate whether responsive documents exist, and if so, to produce them.

<u>Document to be Produced No. 6.</u> This request seeks all communications between the Board and any local, state, or federal agency, organization, or task force relating to the unlawful use of Prescription Opioids or Illicit Opioids. The Board's response includes general information regarding complaints, investigations, and discipline. The Board's response does not answer this request, and Defendants request the Board to indicate whether any responsive communications exists, and if so, to produce them.

<u>Document to be Produced No. 8.</u> This request seeks all documents discussing, referring, or relating to the responsibilities and obligations of Licensed Medical Professionals to treat pain. In addition to the recurring objections discussed previously, the Board's response also directs Defendants to the "laws, rules, guidance and newsletters" available on the Board's website. Except for referring to the June 2016 newsletter, the Board has not provided Defendants with sufficient information as to the precise location of responsive documents.

Mark A. Spangler
March 31, 2020
Page 4

Document to be Produced No. 13. This request seeks all documents related to the Board's involvement in implementing legislation, statutes, rules, regulations or guidelines relating to Prescription Opioids or Illicit Opioids. In addition to the recurring objections discussed previously, the Board's response directs Defendants to government websites, but does not sufficiently identify the location of responsive documents.

As indicated, Defendants would like to meet and discuss with the Board its responses to the Defendants' subpoena duces tecum. Please inform us of your availability as soon as possible.

Sincerely,

*Gretchen Callas by WJF*

Gretchen M. Callas
Jackson Kelly PLLC

4853-1774-1241.v1