**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>Plaintiff<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 3:17-01665<br>Hon David A. Faber |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO WITHDRAW PRIVILEGE CLAIMS AND FOR *IN CAMERA* REVIEW OF PRIVILEGE CLAIMS**

**INTRODUCTION**

In connection with prior document productions in MDL 2804, Defendants AmerisourceBergen Drug Corporation ("ABDC"), Cardinal Health ("Cardinal"), and McKesson Corporation ("McKesson") have withheld, in whole or in part, approximately tens of thousands of documents pursuant to attorney-client privilege and/or work product claims. While Plaintiffs' counsel and Defendants' counsel have been able to resolve issues with these respective

Defendants' privilege claims through various motions and other means,[1] there still exists dispute over many remaining privilege claims. Moreover, as detailed below, Defendants failed to timely implement privilege-related rulings/orders by the MDL 2804 Court as well as privilege determinations agreed to between Defendants and Plaintiffs' counsel,[2] and has failed to complete the process involving other privilege challenges made by Plaintiffs' counsel.

Recent meet and confers between the parties lead Plaintiffs' counsel to believe that ABDC, Cardinal and McKesson are each willing to eventually implement privilege rulings and determinations across its remaining privilege claims, and to eventually complete the process involving Plaintiffs' privilege challenges. Moreover, Plaintiffs intend to continue to meet and confer with these Defendants to the extent the parties can resolve any of the remaining disputes. However, Plaintiffs file this motion today in an abundance of caution given the Court's order of May 11, 2020. Accordingly, to the extent the parties continue to have outstanding disputes over Defendants' privilege claims, the instant motion seeks: a) to compel Defendants to implement prior privilege rulings as well as determinations between the parties across its remaining privilege claims, and b) and to have the Court conduct an *in camera* review of the documents underlying Defendants' privilege claims which remain unresolved.

[1] The MDL 2804 Court has ruled on challenges to Defendants' privilege claims, ABDC, Cardinal and McKesson counsel and Plaintiff counsel have met and conferred to resolve challenges to Defendants' privilege claims (with privilege claims as well as challenges thereto being withdrawn), and the parties have also entered into various agreements regarding resolution of thousands of Defendants' privilege claims. *See e.g.,* 3/25/2019 Order (MDL 2804 Doc. 1469).

[2] For example, even though certain privilege rulings in MDL 2804 involved claims of other parties, Defendants should still be applying the resulting concepts/principles to their own privilege claims. Also, as part of the meet and confer process over privilege challenges, when Defendants agree to withdraw or modify privilege claims, they need to apply the same concepts to its other similar, related and emblematic privilege claims.

## ARGUMENT

For more than a year, the MDL 2804 Court and counsel for Plaintiffs, ABDC, Cardinal, and McKesson have been addressing privilege claims made by each of these respective Defendants (as well as by others). As a central and guiding part of the privilege claim resolution process, the MDL 2804 Court has issued dozens of rulings directly addressing an assortment of privilege claims (and challenges thereto) raised by the various parties. Consequently, many MDL 2804 privilege-specific discovery rulings provide direction regarding which privilege claims should be maintained and which should be withdrawn.[3]

In addition to substantive privilege-specific discovery rulings, on October 29, 2019, an amended procedural Order Governing Privilege ("Order") was entered "to provide a listing of more specific requirements for the assertion of privilege claims, the production of privilege logs, and the challenges to privilege claims, in MDL 2804".[4] Among other things, the Order directed parties making privilege claims to: a) follow prior privilege related rulings in the MDL "when deciding whether to claim privilege over a document or communication",[5] and 2) to apply any downgrades, modifications, or withdraws of privilege claims to any other similar or emblematic privilege claims made by the party.[6]

Ensuring compliance with the directives from the substantive privilege-specific discovery rulings, as well as from the 10/29/2019 Order, is critical to the resolution of privilege claims. The aforementioned rulings and orders allow for and/or require prior determinations as well as sample results from challenges and meet and confers to be applied to other remaining privilege claims.

---

[3] *See e.g.*, MDL 2804 Discovery Rulings 14, Parts 1 through 11 (MDL 2804 Doc. Nos. 1321, 1353, 1359, 1380, 1387, 1498, 1593, 1593-1, 1610, 1666, 1678, 2968, 2979, 3071).

[4] *See* Ex. A – MDL 2804 Agreed Order Governing Privilege (MDL 2804 Doc. No. 2882) at p. 1.

[5] *Id*.

[6] *Id*. at p. 5.

Thus, creating significant efficiencies and lessening the burdens on the Court as well as on the parties.

Throughout the course of these privilege related dealings, the parties have worked together to resolve thousands of ABDC, Cardinal and McKesson privilege claims. Moreover, this process is still ongoing. For example, each of these Defendants are participating in the process of re-reviewing their privilege claims and downgrading or withdrawing those claims consistent with prior determinations and/or rulings. Thus, thousands more of Defendants' privilege claims still need to be resolved – and the parties are working together to do just that.

Importantly, Defendants have still not completed the follow-up work allowed for and/or required by the substantive as well as procedural MDL 2804 rulings/orders. As such, the value and efficiencies allowed for and/or required by prior orders (as well as the sample privilege challenge results from meet and confers between the parties) cannot be realized – all to Plaintiffs' detriment. Defendants have still not downgraded, modified, or withdrawn many of their remaining privilege claims: a) to apply the results of Defendants' responses to Plaintiffs' prior privilege challenges,[7] or b) to apply the various privilege related rulings made by the MDL 2804 Special Master. Additionally, to date, Defendants have still not fully produced documents which they have agreed to produce as a result of downgrading or withdrawing various privilege claims. If such does not occur, Defendants must be compelled to do so. Accordingly, although Plaintiffs will continue to meet and confer with these Defendants to resolve any of the remaining disputes, Plaintiffs file this motion today in an abundance of caution given the Court's order of May 11, 2020.

---

[7] For example, each of the Defendants have already withdrawn or modified significant numbers of privilege claims, and it is highly likely that a significant number of additional documents (underlying Defendants' remaining privilege claims) are being improperly withheld.

## CONCLUSION

Pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure, Plaintiffs, through their undersigned counsel, hereby move for an order compelling Defendants to: a) withdraw privilege claims over documents and/or types of documents which have been previously determined not to be privileged (either by Defendants themselves or by the MDL 2804 Court), and b) to produce for *in camera* review the underlying documents relating to other of Defendants' privilege claims not resolved between the parties.

Dated: May 15, 2020

Respectfully Submitted,

THE CITY OF HUNTINGTON

/s/ *Anne McGinness Kearse*
Anne McGinness Kearse (WVSB No. 12547)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
Email: akearse@motleyrice.com

CABELL COUNTY COMMISSION

/s/ *Paul T. Farrell, Jr.*
Paul T. Farrell, Jr., Esq. (WVSB No. 7443)
**FARRELL LAW**
P.O. Box 1180
Huntington, WV 25714-1180
422 Ninth Street, 3rd Floor
Huntington, West Virginia 25701
Office: 304.523.7285
Cell: 304.654.8281
Email: paul@farrell.law

Anthony D. Irpino (La. Bar #24727)
Pearl A. Robertson (La. Bar #34060)
**IRPINO AVIN HAWKINS**
2216 Magazine Street
New Orleans, LA 70130
Phone: 504-525-1500
Email: airpino@irpinolaw.com
Email: probertson@irpinolaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 15th day of May, the foregoing "**Memorandum in Support of Plaintiffs' Motion to Compel Defendants to Withdraw Privilege Claims and for *In Camera* Review of Privilege Claims**" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Anthony D. Irpino*
Anthony D. Irpino (admitted pro hac vice)

/s/ *Paul T. Farrell, Jr.*
Paul T. Farrell, Jr. (W.Va. Bar # 7443)