UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**

    Plaintiff,

v.                                        Civil Action No. 3:17-01362

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    Defendants.

**AND**

**CABELL COUNTY COMMISSION,**

    Plaintiff,

v.                                        Civil Action No. 3:17-01665

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    Defendants.

**NON-PARTY WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES, BUREAU FOR BEHAVIORAL HEALTH'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION'S SUBPOENA TO PRODUCE DOCUMENTS AND SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

COMES NOW Non-Party West Virginia Department of Health & Human Resources, Bureau for Behavioral Health ("BBH"), by counsel, B. Allen Campbell, Senior Assistant Attorney General and Steven R. Compton, Deputy Attorney General, and hereby submits this Memorandum of Law in support of its Motion to Quash two subpoenas served upon it through the West Virginia Secretary of State on May 4, 2020 by counsel for defendant AmerisourceBergen Drug Corporation. Pursuant to Rule 26 and Rule 45(d)(3) of the Federal Rules of Civil Procedure, BBH seeks to quash a "Subpoena

to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (referred to herein as "Document Subpoena" and **Exhibit A to Motion to Quash**) and a "Subpoena to Testify at a Deposition in a Civil Action" (referred to herein as "Testimony Subpoena" and **Exhibit B to Motion to Quash**).  BBH seeks to quash Defendant AmerisourceBergen Drug Corporation's subpoenas because they do not allow BBH a reasonable time to comply. See Fed. R. Civ. P. 45(c)(3)(i).  Additionally, the broad scope of the subpoenas would render compliance unduly burdensome and the subpoenas seek information that is statutorily confidential.  See **Exhibit C to Motion to Quash**, Affidavit of Christina Mullins.  In the alternative, BBH requests this Court modify the subpoenas in a manner that will expand the time for compliance to a period when the unprecedented pandemic-related office closures have ended.  BBH further requests modification that would limit the overly burdensome scope of the subpoenas.

## I. FACTUAL BACKGROUND

On or about March 19, 2020, the BBH's main office in Charleston, West Virginia was closed to the public.  *Id.*  Additionally, since that date, almost all BBH employees started working from home.  *Id.*  As of May 18, 2020, there is no date set for the full BBH staff to return to the office.  *Id.*

On May 4, 2020, the Documents Subpoena was served on the Office of the West Virginia Secretary of State.  *See* Exhibit A to Motion to Quash.  The Documents Subpoena contains nineteen (19) broad topic areas and has a temporal scope of 2006 to present.  *Id.*  The Document Subpoena commanded production by May 18, 2020, fourteen (14) days after service of the same.  *Id.*

On May 4, 2020, the Testimony Subpoena was served on the Office of the West Virginia Secretary of State. See Exhibit B to Motion to Quash. The Testimony Subpoena seeks to compel the testimony of BBH Commissioner Christina Mullins on eighteen (18) broad topic areas and has a temporal scope of 1996 to present, almost twenty-five (25) years. *Id.*

## II.     ARGUMENT

The subpoenas issued to BBH by AmerisourceBergen Drug Corporation must be quashed because they are overly broad and unduly burdensome. Rule 26(c) (1) of the Federal Rules of Civil Procedure permits a Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Such protections include "preventing the disclosure or discovery" and "limiting the scope of disclosure or discovery of certain matters." *Id.*

Rule 45 governs subpoenas to nonparties and permits the same scope of discovery as Rule 26. *Brown v. Meehan*, 2014 WL 4701170 (E.D. Va. Sep. 22, 2014). Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that, upon timely motion, a Court "must quash or modify a subpoena" if it "(i) fails to allow reasonable time to comply;…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." (emphasis added). The movant carries the burden of proving that a subpoena should be quashed. *Deakins v. Pack*, 2012 WL 626200 (S.D.W. Va. Feb. 24, 2012).

### A. The Subpoenas Do Not Allow a Reasonable Amount of Time to Comply.

The subpoenas served upon BBH by Amerisource Bergen Corporation do not allow a reasonable time to comply due to the evolving Covid-19 pandemic and the broad

3

scope of the information commanded. Rule 45(c)(3)(i) provides that the Court "**must** quash or modify a subpoena that fails to allow a reasonable time to comply." (emphasis added). The Federal Rules of Civil Procedure do not prescribe a minimum or maximum amount of time for compliance with a subpoena.

"In determining whether a subpoena should be quashed, the Court should consider the facts of the case and the issuing party's need for the information subject to the subpoena *duces tecum*." *Deakins* (citing *to Ohio Valley Environmental Coalition, Inc. v. United States Army Corps of Engineers*, 2012 WL 112325, *2 (N.D .W.Va. Jan. 12., 2012)). The "reasonableness of the time allowed for compliance seems to be judged depending on the underlying circumstances*." Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 595236 (E.D. La. Mar. 23, 2004).

The Document Subpoena issued by Amerisource Bergen Drug Corporation provide fourteen (14) days for compliance and requested documents spanning almost fifteen (15) years. On its face, fourteen (14) days to compile the requested documents is unreasonable. BBH cannot compile the requested documents and counsel cannot review and produce the documents within that amount of time.

Additionally, the majority of BBH's employees have been out of the office since about March 19, 2020. A date to get BBH employees to return to the office has not been set. Thus, BBH is unable to perform searches and compile the requested documents. Furthermore, some BBH employees are currently working to assist in COVID-19 related matters.

Commissioner Mullins is assisting the Bureau for Public Health in contact tracing for COVID-19 cases. She does not currently have the time necessary to prepare for a

deposition on the topics listed in the Testimony Subpoena and review almost twenty-five years of requested documents.

In sum, Amerisource Bergen Drug Corporation's subpoenas do not provide reasonable time to provide almost fifteen (15) years and twenty-five (25) years of documents. Therefore, BBH asks this Court to quash Amerisource Bergen Drug Corporation's subpoenas or, in the alternative, to modify the subpoenas to narrow the topics and temporal scope of the subpoenas.

### B. The Subpoenas are Unduly Burdensome.

The subpoenas served upon BBH by Amerisource Bergen Drug Corporation must also be quashed because they overly broad and unduly burdensome.

Rule 45(d)(3)(A)(iii) provides that "the court for the district where compliance is required must quash or modify a subpoena that…subjects a person to undue burden." (emphasis added). When conducting an analysis under Rule 45, the Court is required to apply the balancing standards: relevance, need, confidentiality, and harm. *Brown v. Meehan*, 2014 WL 4701170 (E.D. Va. Sept. 22, 2014) (citing *to In re NCAA Student–Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 84144, 2012 WL 2281253 (M.D.N.C. June 18, 2012)).

Even if the information sought is relevant, discovery is not allowed where compliance is unduly burdensome or where the potential harm caused by production outweighs the benefit. See *In re: Modern Plastics Corporation*, 890 F.3d 244, 251 (6th Cir. 2018), cert. denied, 139 S. Ct. 289, 202 L. Ed. 2d 136 (2018) (Courts must "balance the need for discovery against the burden imposed on the person ordered to produce documents," and the status of that person as a non-party is a factor). Moreover, "[a]

subpoena imposes an undue burden on a party when [it] is overbroad." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (citing to In re Subpoena Duces Tecum., 550 F.Supp.2d at 612).

Here, the subpoena issued to non-party BBH should be quashed because compliance is unduly burdensome, and the potential harm outweighs the benefit under the balancing standard. BBH "is the federally designated State Authority for mental health and substance abuse, as well as the lead agency for intellectual and developmental disabilities and provides planning, direction, training and funding for prevention, treatment and recovery services throughout the state."

https://dhhr.wv.gov/bhhf/Pages/default.aspx.

In the Documents Subpoena, Amerisource Bergen Drug Corporation seeks:

"1. All Documents and Communications discussing, referring, or relating to any guidance, continuing education, training, presentations, policies, procedures, programming, or resources that You received from any Person or that You provided to any Person regarding Prescription Opioids or Illicit Opioids." Exhibit A to Motion to Quash at Attachment A, p. 7. As defined in the Documents Subpoena, "You" means any "affiliates, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces." Id. at Attachment A, p. 2.

Just request number 1 of the Document Subpoena would require a review of documents maintained by 61 employees. In the almost 15-year scope of the Document Subpoena, several employees are no longer working for BBH. Additionally, subcontractor's documents are requested of which BBH does not have control or access. Request number 1 to the Documents Subpoena is not narrowly tailored to the plaintiffs or

defendants in the matter, or the geographic scope of where the plaintiffs are located. BBH could go through each request for both subpoenas, but they are similar in that they are overly broad and unduly burdensome. Therefore, the Court should grant BBH's Motion to Quash the subpoenas or substantially limit the scope of the documents sought in the subpoenas.

The subpoenas' requested mechanisms for production are also unduly burdensome and inconsistent with the Federal Rules of Civil Procedure. Specifically, Amerisource Bergen Drug Corporation requests that the documents be produced in a specific electronic format with document unitization, utilizing a specific file naming convention, and including certain objective coding and extracted meta-data. Per Rule 45(e)(1)(A) of the Federal Rules of Civil Procedure, BBH may produce any responsive documents as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the subpoena. The recipient of the subpoena may choose the manner in which to produce documents. As a result, AmerisourceBergen Drug corporation's demand for a very specific organization and method of production would not only impose undue burden on the BBH, but is also in direct conflict with the Federal Rules of Civil Procedure.

### III. CONCLUSION

For all the foregoing reasons, BBH requests this Court enter an order granting its Motion to Quash or, in the alternative, limiting the scope of the subpoenas served upon it by AmerisourceBergen Drug Corporation.

DATED: May 18, 2020

        Respectfully submitted,

        WEST VIRGINIA DEPARTMENT OF
        HEALTH & HUMAN RESOURCES,
        BUREAU FOR BEHAVIORAL
        HEALTH

        By Counsel,

PATRICK MORRISEY
ATTORNEY GENERAL


/S/ B. ALLEN CAMPBELL
B. ALLEN CAMPBELL
SENIOR ASSISTANT ATTORNEY GENERAL
W. VA. Bar ID # 6557
350 Capitol Street, Room 350
Charleston, West Virginia 25301
(304) 356-4797 (phone)
(304) 558-1008 (fax)
Allen.B.Campbell@wv.gov


STEVEN R. COMPTON
DEPUTY ATTORNEY GENERAL
W.Va. Bar ID # 6562
812 Quarrier Street, 2nd Floor
Charleston, WV 25301
(304) 558-2131 (phone)
(304) 558-0430 (fax)
Steven.R.Compton@wvago.gov

## **CERTIFICATE OF SERVICE**

I, B. Allen Campbell, Senior Assistant Attorney General, do hereby certify that on May 18, 2020 the foregoing "Non-Party West Virginia Department of Health and Human Resources, Bureau for Behavioral Health's Memorandum of Law to Support Its Motion to Quash Defendant AmerisourceBergen Drug Corporation's Subpoena to Produce Documents and Subpoena to Testify at a Deposition in a Civil Action" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

Gretchen M. Callas
Jackson Kelly PLLC

/S/_____
B. ALLEN. CAMPBELL
SENIOR ASSISTANT ATTORNEY GENERAL