AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | |
|---|---|
| City of Huntington; Cabell County Commission ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:17-01362; 3:17-01665 |
| AmerisourceBergen Drug Corporation, et al. ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: GOVERNOR'S COUNCIL ON SUBSTANCE ABUSE PREVENTION & TREATMENT
c/o Brian A. Gallagher, R.Ph., Chair

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:   SEE ATTACHMENT A

| Place: ~~Carey, Scott, Douglas & Kessler, PLLC~~ 707 Virginia St. East, Suite 901, Charleston, WV 25301 Or another mutually convenient location | Date and Time: 06/25/2020 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenography and Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/19/2020

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Cardinal Health, Inc
David R. Pogue, Carey, Scott, Douglas & Kessler, PLLC , who issues or requests this subpoena, are:
707 Virginia Street, East, Charleston, WV 25301; drpogue@csdlawfirm.com; 304-345-1234

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### DEFINITIONS

The following terms shall have the meanings set forth below. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of Procedure for the Southern District of West Virginia.

1. "You" and "Your" refers to the Governor's Advisory Council on Substance Abuse, the Governor's Advisory Council on Substance Use Disorder Policy, and the Governor's Council on substance Abuse Prevention and Treatment (collectively referred to as "Governor's Council"), all predecessors, successors, and assigns thereof, and all others acting or purporting to acts on the Governor's Council's behalf, including any Governor's Council members, committees, subcommittees, working groups, and joint task forces.[1]

2. "Defendants" means all defendants named in *City of Huntington v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01362, and *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01665, as of the date of this notice.

3. "Communication" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(1), and means any transmission of information (whether formal or informal) by one or more Persons and/or between two or more Persons by means including, but not limited to, telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other computer linkups, written memoranda, and face-to-face conversations.

4. "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in West Virginia only through prescriptions filled by dispensers duly licensed and regulated.

5. "Illicit Opioids" means substances comprised of or containing natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body that are not approved by FDA, including but not limited to heroin, fentanyl, carfentanil, other fentanyl-type analogs, and counterfeit opioid medications.

---

[1] The Governor's Advisory Council on Substance Abuse was created by Governor Early Ray Tomblin by Executive Order 5-11 on September 6, 2011, reestablished by Governor Jim Justice as the Governor's Advisory Council on Substance Use Disorder Policy by Executive Order 10-17 on December 20, 2017, and further reestablished by Governor Jim Justice as the Governor's Council on Substance Abuse Prevention and Treatment by Executive Order 22-18 on December 3, 2018.

## TOPICS FOR EXAMINATION

The topics upon which the person or persons designated by You are asked to be prepared to testify in accordance with Rule 30(b)(6) are:

1. The creation of the Governor's Council.

2. The members of the Governor's Council, and how or why the members were selected for service, and the application or nomination process for members of the Governor's Council.

3. The structure and operations of the Governor's Council.

4. The finances of the Governor's Council, including but not limited to budgets, expense reports, and funding.

5. Recommendations, guidance, analysis, publications, reports, notices, data, or other Communications from You regarding Prescription Opioids, Illicit Opioids, or the opioid abuse epidemic.

6. The development and content of the WV Substance Use Disorder (SUD) Strategic Plan.

7. The development and content of S.M.A.R.T. action plans pertinent to the prevention of SUD.

8. Empirical data You provided, received, or used to outline the trends and problems of SUD in West Virginia, including the source of such data.

9. Public and non-public meetings of the Governor's Council, including any committees or subcommittees thereof, concerning Prescription Opioids, Illicit Opioids, or the opioid abuse epidemic.

10. Reports, inquiries, or complaints received from any government officials of the City of Huntington, Cabell County, or any town, village, or city within Cabell County, regarding suspected or actual diversion or misuse of Prescription Opioids by pharmacists, pharmacy interns, doctors, other prescribers or dispensers, patients, or other individuals.

11. Governor's Council files and records relating to Prescription Opioids.

12. Your involvement in drafting, amending, assessing, introducing, lobbying for or against, implementing administering, enforcing, and/or monitoring or analyzing compliance with or the effect of legislation, statutes, rules, regulations, or guidelines relating to Prescription Opioids or Illicit Opioids, including but not limited to the Intractable Pain Act (West Virginia Code § 30-3A-1 et seq.), Senate Bill 437 (2012) (amending several articles of West Virginia Code related to the Controlled Substance Monitoring Program database), Senate Bill 339 (2017) (West Virginia Code § 16-52-1 et seq.) (creating the Coalition for Responsible Chronic Pain Management), and the Opioid Reduction Act (West Virginia Code § 16-54-1 et seq.).

13. Your identification and description of the opioid abuse epidemic in West Virginia (including but not limited to in Cabell County, the City of Huntington, or any town, city, or village existing in Cabell County).

14. Your investigation and identification of factors that caused or contributed to the opioid abuse epidemic in West Virginia.

15. Professional education, training programs, webinars, and guidelines made or sponsored by You related to the opioid abuse epidemic, or the prescribing and dispensing of Prescription Opioid medications and other controlled substances.

16. Your efforts to facilitate intelligence sharing and promote coordinated strategies to combat the use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription Opioids or Illicit Opioids in West Virginia.

17. Your understanding of the therapeutic benefits of Prescription Opioid medications.

18. Your understanding of what constitutes "diversion" of Prescription Opioid medications, and the ways in which Prescription Opioid medications have been diverted in the State of West Virginia since 1996.

19. Communications between You and any other local, state, or federal agency relating to Defendants.

20. Communications or interactions You have had concerning the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids, with entities including but not limited to, interactions with (a) pharmacies, (b) the West Virginia Board of Pharmacy, (c) the West Virginia Board of Medicine, (d) the West Virginia Board of Osteopathic Medicine, (e) the West Virginia State Board of Examiners for Licensed Practical Nurses, (f) the West Virginia State Board of Examiners for Registered Professional Nurses, (g) the West Virginia Board of Dentistry, (h) doctors, hospitals, treatment centers and other healthcare providers, (i) patients and beneficiaries, (j) pharmacy benefit managers, (k) drug manufacturers, (l) drug wholesalers and distributors, including Defendants, (m) federal government agencies and law enforcement, (n) state and local agencies and law enforcement, including, but not limited to, agencies related to child and family services and public health, (o) the West Virginia Controlled Substances Monitoring Program, and/or (p) policymakers and government officials within legislative or administrative bodies.

21. Your efforts to locate and produce documents responsive to the document subpoena served on You by Cardinal Health, Inc. on March 3, 2020 in this litigation.

22. Your document maintenance and retention policies and practices from January 1996 to the present.

23. Communications between You and any person or entity concerning any topic listed above.