IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01665 |

## **DEFENDANTS' FIFTH DISCOVERY STATUS REPORT**

For the benefit of the Special Master and the information of the Court, Defendants submit their fifth biweekly discovery status report pursuant to the Court's request during the March 5, 2020 status conference. *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1]

Defendants are working diligently to prepare this case for trial. Defendants have repeatedly asked Plaintiffs to remedy fundamental deficiencies in their discovery responses and document productions. Plaintiffs have largely ignored these requests, and Defendants have now sought relief from the Court. Dkt. 424, 425. As a result of Plaintiffs' failure to timely produce documents,

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief from the Court, and any necessary motions will be filed separately. This report is simply meant to update the Special Master on the progress of the case as the Court monitors the overall schedule and plans for the litigation.

Defendants cannot yet start taking depositions of Plaintiffs' personnel. Plaintiffs also have failed to provide any meaningful supplement to their discovery responses regarding their opioid-related actions and expenditures, as required by the Special Master's Discovery Ruling No. 1, forcing Defendants to move a second time to compel adequate responses. Dkt. 422, 423.

With respect to third-party discovery, Defendants are engaged in productive negotiations regarding subpoena compliance. Many third parties are willing to produce documents, but the pace of those productions remains slow, including because of the COVID-19 pandemic. At present, Defendants anticipate that they will reach negotiated resolutions with most of the third parties to which they issued subpoenas, and understand that those third parties are trying in good faith to complete their production of documents by June 12, 2020. *See* Dkt. 435, 436.

## I.     Plaintiffs' Production of Documents and Discovery Responses

Both Plaintiffs contend that they have substantially completed their production of documents. However, as noted in Defendants' last status report, Defendants have serious concerns regarding numerous aspects of Plaintiffs' document production, which they detailed in an April 28 letter to Plaintiffs. Dkt. 391 at 2-4. Plaintiffs responded to Defendants' April 28 letter in a letter on May 8. Cabell County dismissed the obvious deficiencies that Defendants had raised as "subjective" and said it saw "no point in addressing [them] point by point." Cabell County "confidently state[d] that it has produced all relevant information in its possession, custody, and control." Nonetheless, Cabell admitted that it has produced zero documents for nine of its custodians. The City of Huntington provided some explanation for its document collection process, but it also failed to address any specific deficiencies that Defendants identified, asserting that it "believes it has completed its document production with the exception of certain, previously identified discrete items," including hard-copy documents in the possession of the Huntington Police Department that it identified recently.

In addition to the production deficiencies with regard to Plaintiffs' agreed-upon custodians, the City of Huntington identified seven employees for the first time on April 30—then the final day of written and document discovery—as likely to have discoverable information.[2]  Defendants promptly requested that Huntington produce documents from these individuals; Huntington has refused to do so.  In light of the deficiencies in Plaintiffs' document productions and refusal to produce documents for their newly identified relevant employees, Defendants filed a Motion to Compel Discovery Responses on May 15.  *See* Dkt. 424, 425.

Also on May 15, Defendants filed a Motion to Compel Discovery Responses on Opioid-Related Expenditures.  *See* Dkt. 422, 423.  The motion relates to Defendants' earlier motion to compel, filed on January 31 (Dkt. 149) and granted in relevant part by Special Master Wilkes, in Discovery Ruling No. 1 (Dkt. 248).  In particular, the Special Master ordered Plaintiffs "to fully respond" to Defendants' interrogatories and requests for production seeking basic information regarding Plaintiffs' opioid-related actions and expenditures and requested abatement damages remedy.  Plaintiffs have failed to comply with Discovery Ruling No. 1.  Defendants sent Plaintiffs multiple letters regarding that ruling, first on April 3 (shortly after the ruling was issued) and later on May 6 (after the deadline for complying with the ruling had expired) to assist Plaintiffs in meeting their discovery obligations.  Plaintiffs responded to neither letter until May 15, when they sent a letter that did not dispute their failure to comply with the ruling.  In light of Plaintiffs' deficient supplementation of their discovery responses, Defendants have now sought the Court's assistance to ensure Plaintiffs' compliance with Discovery Ruling No. 1.

---

[2] Plaintiff City of Huntington, West Virginia's Supplemental Responses and Objections to Distributor Defendants' First Set of Interrogatories, at 17-20 (Apr. 30, 2020).
(continued…)

3

Finally, Defendants filed on May 15 a Motion to Compel *In Camera* Review and Production against Cabell County. *See* Dkt. 432, 433. Cabell County produced its first privilege log to Defendants on April 14.[3] After reviewing the privilege log, Defendants identified several categories of documents that appeared to have been improperly withheld or logged. Defendants informed Cabell County of these issues in a letter on May 6. Cabell County responded on May 11, maintaining its privilege claims. Cabell County's various explanations for its privilege claims are insufficient, and Defendants maintain their challenges to the entries addressed in their May 6 letter. Plaintiffs' responses to Defendants motions to compel are due on May 26, 2020.

## II. Third-Party Discovery

As noted in Defendants' prior status reports, third-party discovery continues to move slowly, largely as a result of the COVID-19 pandemic. Defendants are working with third parties to limit the burden of subpoena compliance on third parties, while still providing Defendants the information necessary to adequately defend themselves in this case. Critical discovery from third parties remains outstanding, but Defendants continue to make progress in their subpoena negotiations with many of these third parties. As reflected in Defendants' May 15 Motion to Compel Third-Party Discovery (the "Omnibus Motion"), 11 third parties have begun producing documents, and Defendants continue to negotiate productively with an additional 31 third parties. *See* Dkt. 436 at 1-4. At present, Defendants understand that the third parties discussed in the Omnibus Motion are trying in good faith to produce responsive documents by June 12. As a result, Defendants filed their Omnibus Motion to comply with the Court's order to raise outstanding discovery disputes by May 15, but have requested that the Omnibus Motion be held in abeyance.

---

[3] Huntington has not yet produced a privilege log.

Also on May 15, Defendants moved to compel production of documents from four third parties that are, at present, unwilling or unable to produce documents by June 12. In particular, Defendants filed motions to compel discovery responses from the Board of Examiners for Licensed Practical Nurses, Dkt. 426, 427, the West Virginia Office of the Chief Medical Examiner, Dkt. 428, 429, the West Virginia Bureau for Children and Families, Dkt. 430, 431, and the National Board of Medical Examiners ("NBME"), Dkt. 1, 1-6, *Cardinal Health, Inc., v. Nat'l Bd. of Med. Exam'rs*, 2:20-cv-02317 (E.D. Pa. May 15, 2020).[4] As explained in the motions, each of these entities possesses critical information for Defendants' case.

## III.  Deposition Scheduling

The parties have not yet scheduled any Plaintiff or non-party depositions. As discussed in Defendants' prior status reports, the many deficiencies in Plaintiffs' document productions have delayed depositions. Defendants will confer with Plaintiffs about an appropriate plan for scheduling Plaintiff depositions before the close of fact discovery. And, although third parties have begun producing documents, Defendants remain largely unable to prepare for and take depositions of third parties in light of the continued slow progress of third-party document production.

\*   \*   \*

Defendants continue diligently to seek discovery from Plaintiffs and third parties. Defendants believe that they will resolve most third-party subpoena negotiations without requiring Court intervention, but have reached an impasse with a small number of third parties. Plaintiffs, however, continue to obstruct Defendants' efforts to obtain complete discovery regarding their Plaintiffs' claims and requested relief.

---

[4] Cardinal Health filed the motion against the NBME in the U.S. District Court for the Eastern District of Pennsylvania because of the NBME's location, but it requested that the motion be transferred to this Court.

Respectfully Submitted,

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
Jason L. Holliday (WVSB #12749)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200
jwakefield@flahertylegal.com
jholliday@flahertylegal.com

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky  40202
Telephone:  (502) 587-3400
Facsimile:  (502) 587-6391
cbrowning@stites.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC

Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

**Cardinal Health, Inc.**
By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com