## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**

    **Plaintiff,**

**v.**                                         **Civil Action No. 3:17-01362**

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

**AND**

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

**v.**                                       **Civil Action No. 3:17-01665**

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

**NON-PARTY WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES, BUREAU FOR PUBLIC HEALTH'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION'S 1) SUBPOENA TO PRODUCE DOCUMENTS AND 2) SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, DIRECTED TO WV DHHR BUREAU FOR PUBLIC HEALTH; 3) SUBPOENA TO TESTIFY AND TO PRODUCE DOCUMENTS AT A DEPOSITION IN A CIVIL ACTION, DIRECTED TO DR. CATHERINE SLEMP, COMMISSIONER OF THE WEST VIRGINIA BUREAU FOR PUBLIC HEALTH; AND 4) SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION, DIRECTED TO WEST VIRGINIA HEALTH STATISTIC CENTER**

COMES NOW Non-Party West Virginia Department of Health & Human Resources, Bureau for Public Health ("BPH"), by counsel, B. Allen Campbell, Senior Assistant Attorney General, and hereby submits this Memorandum of Law in support of its Motion to Quash four subpoenas served upon it through the West Virginia Secretary

of State on May 4, 2020 by counsel for defendant AmerisourceBergen Drug Corporation. Pursuant to Rule 26 and Rule 45(d)(3) of the Federal Rules of Civil Procedure, BPH seeks to quash 1) two subpoenas directed to the West Virginia Department of Health and Human Resources, Bureau for Public Health: a "Subpoena to Testify at a Deposition in a Civil Action" (referred to herein as "BPH Agency Testimony Subpoena" and an Attachment to **Motion to Quash**) and a "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (referred to herein as "BPH Agency Documents Subpoena" and an Attachment to **Motion to Quash**). Additionally, it seeks to quash a subpoena directed to Dr. Catherine Slemp, Commissioner of the West Virginia Bureau for Public Health: a "Subpoena to Testify at a Deposition in a Civil Action" and including a "Production of documents, electronically stored information, or objects" at that Deposition (referred to herein as the "Slemp Subpoena" and an Attachment to **Motion to Quash**). Finally, it seeks to quash a subpoena directed to the West Virginia Health Statistic Center: a "Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action" (referred to herein as HSC Documents Subpoena and an Attachment to **Motion to Quash**).

     BPH seeks to quash Defendant AmerisourceBergen Drug Corporation's four subpoenas because they do not allow BPH a reasonable time to comply. See Fed. R. Civ. P. 45(c)(3)(i). Additionally, the broad scope of the subpoenas would render compliance unduly burdensome and the subpoenas seek information that is anticipated to be statutorily confidential. In the alternative, BPH requests this Court modify the subpoenas in a manner that will expand the time for compliance to a period when the

unprecedented COVID-19 pandemic-related response activities and office closures have ended. BPH further requests modification that would limit the overly burdensome content and temporal scope of the subpoenas.

## I.   FACTUAL BACKGROUND

On or about March 19, 2020, the BPH's main office in Charleston, West Virginia was closed to the public. Additionally, since that date, most of the BPH employees started and continue teleworking from home. As of May 18, 2020, there is no date set for the full BPH staff to return to the office.

On May 4, 2020, the BPH Agency Testimony Subpoena was accepted for service by the Office of the West Virginia Secretary of State. See Subpoena Attachment to **Motion to Quash.** It was received by BPH via US Mail from the Secretary of State's Office on May 11, 2020. The BPH Agency Testimony Subpoena contains twenty-eight (28) broad topic areas and, with the exception of Topic for Examination No. 27, "Your document maintenance and retention policies and practices from January 1996 to the present," nearly a twenty-five year period, there is no temporal scope given for the testimony topic areas. Person(s) designated by the Agency to testify on its behalf are compelled to appear on June 4, 2020.

On May 4, 2020, the BPH Agency Documents Subpoena was accepted for service by the Office of the West Virginia Secretary of State. It, too, was received from the Secretary of State's Office by BPH on May 11, 2020. See Subpoena Attachment to **Motion to Quash**. The BPH Agency Documents Subpoena commanded production by May 18, 2020, fourteen (14) days after service of the same. It has a temporal scope of

nearly twenty-five (25) years, from January 1, 1996 through the present, for the thirty-one (31) numbered requests.

On May 4, 2020, the Slemp Subpoena was accepted for service by the West Virginia Office of the Secretary of State. It was received via US Mail from the Secretary of State's Office by BPH on May 11, 2020. The Slemp Subpoena both commands production of documents and seeks to compel the testimony of BPH Commissioner Dr. Catherine Slemp on June 4, 2020. The document production covers twenty-nine (29) numbered requests and has a temporal scope of 1996 to present, almost twenty-five (25) years.

On May 4, 2020, the HSC Documents Subpoena was accepted for service by the West Virginia Office of the Secretary of State. It was received by WV DHHR on or about May 8, 2020, and it includes twenty-nine (29) numbered requests for documents with a return date of May18, 2020. It has a temporal scope of 1996 to the present, almost twenty-five (25) years.

## II. ARGUMENT

The subpoenas issued to BPH by AmerisourceBergen Drug Corporation must be quashed because they are overly broad and unduly burdensome. Rule 26(c) (1) of the Federal Rules of Civil Procedure permits a Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Such protections include "preventing the disclosure or discovery" and "limiting the scope of disclosure or discovery of certain matters." *Id.*

Rule 45 governs subpoenas to nonparties and permits the same scope of discovery as Rule 26. *Brown v. Meehan*, 2014 WL 4701170 (E.D. Va. Sep. 22, 2014).

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that, upon timely motion, a Court "must quash or modify a subpoena" if it "(i) fails to allow reasonable time to comply;…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." (emphasis added). The movant carries the burden of proving that a subpoena should be quashed. *Deakins v. Pack*, 2012 WL 626200 (S.D.W. Va. Feb. 24, 2012).

**A. The Subpoenas Do Not Allow a Reasonable Amount of Time to Comply.**

The four subpoenas served upon BPH by Amerisource Bergen Corporation do not allow a reasonable time to comply primarily due 1) to the evolving Covid-19 pandemic with its effect on the workforce in terms of teleworking issues and the obvious fact that the Bureau for Public Health is at the forefront of the State's COVID-19 pandemic response activities, and 2) to the broad scope of the information commanded. Rule 45(c)(3)(i) provides that the Court "***must*** quash or modify a subpoena that fails to allow a reasonable time to comply." (emphasis added). The Federal Rules of Civil Procedure do not prescribe a minimum or maximum amount of time for compliance with a subpoena.

"In determining whether a subpoena should be quashed, the Court should consider the facts of the case and the issuing party's need for the information subject to the subpoena *duces tecum*." *Deakins* (citing *to Ohio Valley Environmental Coalition, Inc. v. United States Army Corps of Engineers*, 2012 WL 112325, *2 (N.D .W.Va. Jan. 12., 2012)). The "reasonableness of the time allowed for compliance seems to be judged depending on the underlying circumstances*." Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 595236 (E.D. La. Mar. 23, 2004).

5

The BPH Agency Document Subpoena and the HSC Document Subpoena issued by Amerisource Bergen Drug Corporation provide fourteen (14) days for compliance and extensive requested documents spanning almost twenty-five (25) years. On its face, fourteen (14) days to compile the requested documents is unreasonable. Adding the COVID-19 issues make the time frame beyond the ability of the Agency to comply. BPH cannot compile the requested documents and counsel cannot review and produce the documents within that amount of time. Furthermore, BPH staff which would be most relevant to the response are heavily involved in COVID-19 response activities, many serving well beyond regular business hours at this time.

More specifically, the majority of BPH's employees have been out of the office since about March 19, 2020. A date for BPH employees to return to the office has not been set. They are away from each other and from document sources. Limited tasks they can perform would take longer, or would require diversion of staff from critical COVID-19 pandemic response activities. Thus, BPH is unable to perform searches and compile the requested documents. Nor would they be fully available to assess, select and prepare designees to testify on behalf of the Agency. Potentially relevant BPH employees are currently working to assist in COVID-19 pandemic response related matters such as staffing, coordinating the state-wide COVID-19 response Health Command operations, involvement in epidemiology outbreak investigations, COVID-19 testing, contact tracing and training, data collection, reporting, assessment activities, and myriad additional related tasks, technical assistance, guidance and coordination activities. Even the Health Statistic Center is affected in that it appears their programmers would be needed to assist in the production of twenty-five years of death certificates. Those programmers are

working remotely on COVID-19 pandemic response tasks and diversion from those activities at this time would be deleterious to current public health and safety efforts.

Dr. Slemp, BPH Commissioner and State Health Officer, is leading the Bureau for Public Health in its COVID-19 pandemic response activities. Even with the response time of thirty (30) days, she does not currently have the time necessary to prepare for a deposition, presumably on the topics indicated by the document production request, or to assist in locating and in reviewing almost twenty-five years of requested documents.

Finally, there are expected confidentiality issues that will need to be addressed once the responsive documents and information have been identified. In addition to being a non-party, BPH is a public health authority, and is not a HIPAA designated covered entity. The protective orders attached to the subpoenas may not be appropriate and sufficient. Therefore, some additional time may be required to evaluate and to resolve that issue.

In sum, Amerisource Bergen Drug Corporation's subpoenas do not provide reasonable time to provide almost twenty-five (25) years of documents for three extensive subpoenas, nor to appropriately designate and prepare designees to testify, or allow for the Commissioner to prepare and testify. BPH asks this Court to quash Amerisource Bergen Drug Corporation's subpoenas or, in the alternative, to modify the subpoenas to add time and to narrow the topics and temporal scope of the subpoenas.

### B. The Subpoenas are Unduly Burdensome.

The subpoenas served upon BPH by Amerisource Bergen Drug Corporation must also be quashed because they are overly broad and unduly burdensome.

Rule 45(d)(3)(A)(iii) provides that, "the court for the district where compliance is required must quash or modify a subpoena that…subjects a person to undue burden." (emphasis added). When conducting an analysis under Rule 45, the Court is required to apply the balancing standards: relevance, need, confidentiality, and harm. *Brown v. Meehan*, 2014 WL 4701170 (E.D. Va. Sept. 22, 2014) (citing *to In re NCAA Student–Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 84144, 2012 WL 2281253 (M.D.N.C. June 18, 2012)).

Even if the information sought is relevant, discovery is not allowed where compliance is unduly burdensome or where the potential harm caused by production outweighs the benefit. See *In re: Modern Plastics Corporation*, 890 F.3d 244, 251 (6th Cir. 2018), cert. denied, 139 S. Ct. 289, 202 L. Ed. 2d 136 (2018) (Courts must "balance the need for discovery against the burden imposed on the person ordered to produce documents," and the status of that person as a non-party is a factor). Moreover, "[a] subpoena imposes an undue burden on a party when [it] is overbroad." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (citing to In re Subpoena Duces Tecum., 550 F.Supp.2d at 612).

Here, the subpoena issued to non-party BPH should be quashed because compliance is unduly burdensome, and the potential harm outweighs the benefit under the balancing standard. That the BPH is the State's lead health agency and is heavily involved in the State's current and ongoing COVID-19 pandemic response activities is an important factor to include in the analysis.

An example of an unduly burdensome request from among the three requests for production demands, Amerisource Bergen Drug Corporation seeks:

"2.     All Documents and Communications discussing, referring, or relating to any guidance, continuing education, training, presentations, policies, procedures, programming, or resources regarding Prescription Opioids." See Attachment of BPH Agency Documents Subpoena, Pg.7, to Motion to Quash.

Just the request above would require a review of documents maintained by the agency over a twenty-five year period, and it is one of many not narrowly tailored to the plaintiffs or defendants in the matter, or the geographic scope of where the plaintiffs are located. It is overly broad and unduly burdensome. Therefore, the Court should grant BPH's Motion to Quash the subpoenas or substantially limit the scope of the documents sought in the subpoenas.

The subpoenas' requested mechanisms for production are also unduly burdensome and inconsistent with the Federal Rules of Civil Procedure. Specifically, Amerisource Bergen Drug Corporation requests that the documents be produced in a specific electronic format with document unitization, utilizing a specific file naming convention, and including certain objective coding and extracted meta-data. Per Rule 45(e)(1)(A) of the Federal Rules of Civil Procedure, BPH may produce any responsive documents as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the subpoena. The recipient of the subpoena may choose the manner in which to produce documents. As a result, AmerisourceBergen Drug corporation's demand for a very specific organization and method of production would not only impose undue burden on the BPH, but is also in direct conflict with the Federal Rules of Civil Procedure.

### III.  CONCLUSION

For all the foregoing reasons, BPH requests this Court enter an order granting its Motion to Quash.  In the alternative, BPH requests this Court enter an order limiting the temporal and the content scope of the subpoenas served upon it by AmerisourceBergen Drug Corporation while also adding time reasonable and sufficient to respond given the constraints imposed by the COVID-19 pandemic response;  and rescheduling any associated depositions to dates mutually agreed upon by AmerisourceBergen Drug Corporation and the non-party deponents.

Respectfully submitted,

WEST VIRGINIA DEPARTMENT OF
HEALTH & HUMAN RESOURCES,
BUREAU FOR PUBLIC HEALTH

By Counsel,

PATRICK MORRISEY
ATTORNEY GENERAL


/S/ B. ALLEN CAMPBELL
B. ALLEN CAMPBELL
SENIOR ASSISTANT ATTORNEY GENERAL
W. VA. Bar ID # 6557
350 Capitol Street, Room 350
Charleston, West Virginia 25301
(304) 356-4797 (phone)
(304) 558-1008 (fax)
Allen.B.Campbell@wv.gov

STEVEN R. COMPTON
DEPUTY ATTORNEY GENERAL
W. VA. Bar ID # 6562
812 Quarrier Street, 2nd Floor
Charleston, West Virginia 25301
(304) 558-2131 (phone)
(304) 558-0460 (fax)
Steven.R.Compton@wvago.gov

## **CERTIFICATE OF SERVICE**

I, B. Allen Campbell, Senior Assistant Attorney General, do hereby certify that on May 18, 2020 the foregoing "Non-Party West Virginia Department of Health and Human Resources, Bureau for Public Health's Memorandum of Law to Support Its Motion to Quash Defendant AmerisourceBergen Drug Corporation's Subpoena to Produce Documents and Subpoena to Testify at a Deposition in a Civil Action" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

Gretchen M. Callas
Jackson Kelly PLLC

/S/_____
B. ALLEN. CAMPBELL
SENIOR ASSISTANT ATTORNEY GENERAL