# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**
    **Plaintiff,**
v.
**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    **Defendants.**

**CIVIL ACTION NO. 3:17-01362**

**CABELL COUNTY COMMISSION,**
    **Plaintiff,**
v.
**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    **Defendants.**

*Consolidated case:*
**CIVIL ACTION NO. 3:17-01665**

## PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' 30(b)(6) DEPOSITIONS

COME NOW Plaintiffs, CITY OF HUNTINGTON and CABELL COUNTY COMMISSION, who submit this Motion to Compel Defendants' depositions pursuant to Rules 30(b)(6) and 37(a)(3)(B)(ii). Plaintiffs state in support thereof as follows:

On May 8, 2020, Plaintiffs served notices of depositions pursuant to Rule 30(b)(6) on Defendants AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation.[1] Plaintiffs requested Defendants to provide available dates for the depositions or place any objections thereto on the record. Defendants have ignored the notices and Plaintiffs' requests.

A party cannot simply decide to ignore a 30(b)(6) notice of deposition. *Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013). Once a Rule 30(b)(6) deposition notice is served, the defendant corporation "must produce an appropriate representative prepared to address the subject matter described in the notice." *Id.*

---

[1] *See* **Exhibits A**, **B**, and **C**.

1

(*citing Bregman v. Dist. of Columbia,* 182 F.R.D. 352, 355 (D.D.C.1998); *see also United Consumers Club, Inc. v. Prime Time Marketing Management Inc.,* 271 F.R.D. 487, 497–98 (N.D.Ind.2010)).

Plaintiffs are entitled, pursuant to Rule 30, to the corporate depositions of each Defendant on the topics described in Plaintiffs' notices, which are set out below. Plaintiffs seek testimony from one or more 30(b)(6) designees of each Defendant on topics specific to the City of Huntington and Cabell County and central to Plaintiffs' claims.

1. Validation and authentication of your CT2 transactional data and CT2 ARCOS data, including CT2_ARCOS_0000001 and CT2_ARCOS_0000002;

2. The operation of your suspicious order monitoring system (SOMS) regarding orders of prescription opioids arising out of the CT2 jurisdictions, including the setting of thresholds;

3. Each suspicious order your SOMS detected arising out of the CT2 jurisdictions;

4. Each suspicious order you reported to the DEA arising out of the CT2 jurisdictions;

5. Each suspicious order you reduced and/or cut to a lower amount and thereafter distributed into the CT2 jurisdictions;

6. Each order arising out of the CT2 jurisdictions that you cancelled and/or blocked as suspicious, including whether you reported the same to the DEA as suspicious;

7. Each order arising out of the CT2 jurisdictions that you identified as an order of interest and/or a suspicious order that you filled;

8. Each order that exceeded the thresholds in your SOMS that you filled;

9. Validation and authentication of the complete due diligence file for each of your customers you sold prescription opioids to in the CT2 jurisdictions; and

10. Any audit, investigation and/or review related to the sale of prescription opioids into the CT2 jurisdictions.[2]

---

[2] **Exhibits A**, **B**, and **C**.

Pursuant to Rule 26, Plaintiffs may obtain discovery of any non-privileged matter that is relevant and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. 26(b)(1). Plaintiffs seek testimony directly from each Defendant corporation on the issues that are at the heart of this litigation: suspicious orders of opioids placed by Defendants' customers in Cabell County and the City of Huntington and the companies' actions with respect to those orders. Weighing the Rule 26 factors, Plaintiffs' requests to depose the corporate representatives of each Defendant on each of the above topics are reasonable and appropriate.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court enter an order compelling each Defendant to designate the appropriate individual(s) for each topic identified in Plaintiffs' 30(b)(6) notices of deposition and provide Plaintiffs mutually agreeable dates for each deposition. Plaintiffs further respectfully request any additional relief to which they may be entitled.

Dated: May 26, 2020

    Respectfully submitted,

    Plaintiffs,

    THE CITY OF HUNTINGTON and
    CABELL COUNTY COMMISSION

    /s/ *Michael J. Fuller, Jr.*
    Michael J. Fuller, Jr. (WV Bar No. 10150)
    **McHUGH FULLER LAW GROUP, PLLC**
    97 Elias Whiddon Rd.
    Hattiesburg, MS  39402
    T: 601-261-2220
    F: 601-261-2481
    mike@mchughfuller.com

Paul T. Farrell, Jr. (WVSB No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
P.O. Box 1180
Huntington, WV 25714-1180
Tel: 304-654-8281
paul@farrell.law

Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 26, 2020, a copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' 30(b)(6) DEPOSITIONS** has been filed electronically using the Court's CM/ECF system and will be served *via* the Court's CM/ECF filing system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

/s/ Michael J. Fuller, Jr..
Michael J. Fuller, Jr.