IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,

    Plaintiff,

v.                                                          Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*,

    Defendants.

AND

CABELL COUNTY COMMISSION,

    Plaintiff,

v.                                                              Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et. al.*,

    Defendants.

**RESPONSE IN OPPOSITION TO DEFENDENTS' MOTION
TO COMPEL THIRD-PARTY DISCOVERY ON BEHALF
<u>OF THE WEST VIRGINIA BOARD OF MEDICINE</u>**

      Pursuant to the Court's April 27, 2020 Order Regarding Third-Party Discovery Disputes (ECF Document 365), the West Virginia Board of Medicine ("WVBOM"), a non-party governmental agency, by counsel, respectfully files this Response in Opposition to Defendants' Motion to Compel Third-Party Discovery, to the extent such is required, to preserve its objections to the subpoena issued to WVBOM by AmerisourceBergen Drug Corporation ("AmerisourceBergen") on February 21, 2020. In support of the foregoing, WVBOM states as follows:

1.	On February 21, 2020, the WVBOM received a subpoena duces tecum from AmerisourceBergen comprised of fifty expansive document requests that were patently overbroad and unduly burdensome. (See February 21, 2020 Subpoena to WVBOM, attached hereto as **Exhibit 1**.)

2.	On March 5, 2020, the WVBOM provided a comprehensive response to the subpoena, which addressed each document request and contained general and specific objections to the subpoena pursuant to Federal Rule of Procedure 45(b). The WVBOM also produced hundreds of pages of documents and provided specific information and direction as to where AmerisourceBergen could obtain a large portion of the information requested online, including from the WVBOM's website. WVBOM's March 5, 2020 Correspondence is attached hereto as **Exhibit 2** and is incorporated by reference herein.

3.	The WVBOM hereby re-asserts and preserves its objections to the subpoena as fully set forth in Exhibit 2. Generally, the WVBOM objects to the subpoena because the requests are so extraordinarily extensive and all-encompassing that production is impractical or impossible. In some cases, the requests are so broadly drawn that the WVBOM is unable to identify, let alone articulate, the universe of records that would require review to identify potentially responsive records. The subpoena effectively seeks every document, record, file and thing in the WVBOM's possession that in any way relates to opioids. Production to every request is simply not feasible, as it would require the WVBOM to search through nearly a quarter century of its records and would require a line by line review of hundreds of thousands of documents, a vast majority of which are available in paper format only. The amount of time required to respond to the requests, and the associated expense to the WVBOM, is incalculable and unreasonable. And as fully set forth in Exhibit 2, the WVBOM further objects, both generally and specifically, to the requests to

the extent they seek confidential and privileged information that is protected by state and federal law.

4. On March 31, 2020, AmerisourceBergen sent correspondence to the WVBOM's executive director, asserting concerns with the WVBOM's objections and requesting a conference to meet and confer. The March 31, 2020 Correspondence from AmerisourceBergen is attached hereto as **Exhibit 3**.

5. By correspondence dated April 8, 2020, the WVBOM responded to AmerisourceBergen's March 31, 2020 letter. Therein, the WVBOM maintained its original objections, provided clarity to some of AmerisourceBergen's concerns and informed that the WVBOM was agreeable to meet and confer regarding the matter. WVBOM's April 8, 2020 Correspondence is attached hereto as **Exhibit 4** and incorporated by reference herein.

6. On April 24, 2020, the WVBOM met and conferred with counsel for AmerisourceBergen via teleconference regarding the subpoena, wherein the WVBOM reiterated its objections, but in an effort to resolve the matters in good faith, the WVBOM agreed to further explore its capability to respond to four areas of inquiry, as follows: (1) availability of WVBOM annual reports prior to 2007; (2) existence of minutes or additional minutes in the two meeting cycles preceding the adoption of policies identified in AmerisourceBergen's Request No. 35, 36 and 37; (3) the existence of documents related to participation by the WVBOM in DEA task forces or the Governor's Council on Substance Abuse Prevention and Treatment; and (4) information related to the searchability of WVBOM disciplinary orders.

7. On May 1, 2020, the WVBOM sent correspondence to AmerisourceBergen in follow up of parties' discussions at the April 24, 2020 teleconference, which advised of the status

of its additional efforts and its intention to provide further updates.  The WVBOM's May 1, 2020 Correspondence is attached hereto as **Exhibit 5**, and is incorporated herein by reference herein.

8. On May 8, May 15 and May 26, 2020, the WVBOM provided additional documents and/or status updates to AmerisourceBergen regarding the matters discussed at the April 24, 2020 teleconference.  (See WVBOM's May 8, 2020 letter attached hereto as **Exhibit 6**; WVBOM's May 15, 2020 email attached hereto as **Exhibit 7**; and WVBOM's May 26, 2020 letter, attached hereto as **Exhibit 8**.)  Exhibits 6, 7 and 8 are hereby incorporated by reference.

9. By email dated May 14, 2020, counsel for AmerisourceBergen advised that they would be filing a motion to compel discovery against third parties as necessitated by this Court's discovery order deadline.  The email indicated that AmerisourceBergen would not seek an order compelling production from WVBOM and the filing would indicate that the WVBOM is in the process of collecting responsive information and that the parties continue to work together.  (See May 14, 2020 email from AmerisourceBergen, attached hereto as **Exhibit 9**.)

10. On May 15, 2020, AmerisourceBergen filed its Motion to Compel Third-Party Discovery (ECF Document 435).  Therein, AmerisourceBergen correctly represented that its negotiations with the WVBOM were proceeding in good faith.  The Motion further requested that the motion be held in abeyance pending the negotiations with all non-parties, and that no non-party be required to respond to the motion at this time.

11. The WVBOM agrees that its negotiations with AmerisourceBergen have been proceeding in good faith and are ongoing, as represented herein and evidenced by the attached exhibits. Accordingly, the WVBOM likewise requests that AmerisourceBergen's motion to compel be held in abeyance as originally requested by AmerisourceBergen.

12. However, out of an abundance of caution and to the extent that a response to AmerisourceBergen's motion is required pursuant to the Order Regarding Third-Party Discovery Disputes (ECF Document 365), the WVBOM files this response to preserve its objections to AmerisourceBergen's subpoena. WVBOM's specific and general objections are fully set forth in WVBOM's March 5, 2020 Correspondence, which is attached hereto as Exhibit 2 and specifically incorporated by reference herein.

Dated: May 27, 2020

                                                Respectfully submitted,

                                                WEST VIRGINIA BOARD OF MEDICINE

                                                By Counsel,

s/ Greg S. Foster_____
Greg S. Foster, Esq. (WVSB 10614)
West Virginia Board of Medicine
101 Dee Drive, Suite 103
Charleston, West Virginia 25311
Telephone: (304) 558-2921
Fax: (304) 558-2084
Greg.S.Foster@wv.gov

## CERTIFICATE OF SERVICE

  I, Greg S. Foster, counsel for the West Virginia Board of Medicine, do hereby certify that on May 27, 2020, the foregoing "***Response in Opposition to Defendants' Motion to Compel Third-Party Discovery on Behalf of the West Virginia Board of Medicine***" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties and counsel of record.

            s/ Greg S. Foster
            Greg S. Foster, Esq. (WVSB 10614)
            West Virginia Board of Medicine
            101 Dee Drive, Suite 103
            Charleston, West Virginia 25311
            Telephone: (304) 558-2921
            Fax: (304) 558-2084
            Greg.S.Foster@wv.gov