

# State of West Virginia
# *BOM of Medicine*

101 Dee Drive, Suite 103
Charleston, WV 25311
Telephone 304.558.2921
Fax 304.558.2084
www.wvbom.wv.gov

**KISHORE K. CHALLA, MD, FACC**
PRESIDENT

**CATHERINE C. SLEMP, MD, MPH**
SECRETARY

**ASHISH P. SHETH, MD**
VICE PRESIDENT

**MARK A. SPANGLER, MA**
EXECUTIVE DIRECTOR

March 5, 2020

**VIA HAND DELIVERY**
Gretchen M. Callas, Esquire
Jackson Kelly PLLC
500 Lee Street East
1600 Laidley Tower
Charleston, WV 25301

> Re:  *City of Huntington; Cabell County Commission v. AmerisourceBergen Drug Corporation, et.al.*
> **United States District Court for the Southern District of West Virginia**
> **Civil Action No. 3:17-01362; 3:17-01665**

Dear Ms. Callas:

On Friday, February 21, 2020, the West Virginia Board of Medicine (hereinafter "BOM") received a subpoena duces tecum issued on behalf of your client, AmerisourceBergen Drug Corporation ("AmerisourceBergen") in the above-referenced matter.  Please accept this correspondence as service of the BOM's formal written objection to the referenced subpoena pursuant to Federal Rule of Procedure 45(d).

## General Objections

AmerisourceBergen's subpoena duces tecum directs the BOM to search through almost a quarter of a century of its records and produce documents responsive to fifty voluminous document requests on broadly drawn subject matters in two weeks. Accordingly, the subpoena is patently overly broad and unduly burdensome on its face, such that the requested production is not merely impracticable, but impossible.  The BOM objects to these requests because they are almost universally overly broad, unduly burdensome, vague and ambiguous.

The requests are so extraordinarily extensive and all-encompassing that production is impractical or impossible.  In some cases, the requests are so broadly drawn that the BOM is unable to identify, let alone articulate, the universe of records that would require review to identify potentially responsive records. The subpoena effectively seeks every document, record, file and thing in the BOM's possession that in any way relates to opioids. Production is simply

not feasible as it would require a line by line review of hundreds of thousands of documents in the BOM's possession, the vast majority of which are available in paper format only. The burden this would impose cannot be overstated. The most overwhelmingly burdensome requests essentially require a manual and individual review of every licensure and application file for anyone who as ever applied for or been granted a license by the BOM and/or every complaint and investigation record retained by the BOM for little or no discoverable (let alone relevant) yield. The amount of time required to respond to these requests, and the associated expense to the BOM is incalculable and unreasonable.

While the breadth and burden alone are so substantial that production is impossible, the BOM also asserts the following general objections:

A.  The BOM also objects to the requests to the extent they seek confidential and privileged information, and/or information that is protected from discovery by state and/or federal law. Such protections include, but are not limited to, West Virginia Code § 30-3C-3(c) and West Virginia Code § 60A-9-5(a)(1).

B.  The BOM objects to the definitions proposed by AmerisourceBergen, to the extent that they are vague and ambiguous.

C.  The BOM objects to the subpoena as overly broad and unduly burdensome in temporal scope. As molded, the subpoena seeks responses to fifty separate requests spanning the course of the last twenty-four and a quarter years. The time period established by the subpoena is unreasonably long and, consequently, overly broad and unduly burdensome.

D.  The BOM objects to the subpoena as overly broad and unduly burdensome to the extent it seeks documents that are not limited to the geographic scope of the City of Huntington, Cabell County, and any town, village or city within Cabell County.

E.  The BOM objects to AmerisourceBergen's demand that its fifty requests be deemed continuing in nature as overly broad and unduly burdensome. To the extent that any portion of this instruction is consistent with the BOM's subpoena response obligation pursuant to the Federal Rules of Civil Procedure, the BOM hereby reasserts each and every objection set forth herein prospectively.

F.  The BOM objects to AmerisourceBergen's instructions regarding the manner in which responsive documents are to be produced, to the extent such instructions impose any obligation or responsibility upon the BOM which it is not otherwise required to meet by the Federal Rules of Civil Procedure requirements applicable to the BOM's subpoena responses.

G.  The BOM objects to these requests to the extent they seek production of documents which are privileged and confidential attorney-client communications and/or attorney work product.

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 3 of 21

H. The BOM objects to AmerisourceBergen's requests as overly broad, unduly burdensome and vexatious to the extent they seek documents AmerisourceBergen and/or its counsel already possesses.

I. The BOM objects to AmerisourceBergen's requests as overly broad, unduly burdensome and vexatious to the extent they seek documents which are known to AmerisourceBergen and/or its counsel to be publicly available.

Without waiving the BOM's objections as stated hereinabove, and with respect to the period of January 1, 2010 through the present unless otherwise stated, the BOM provides the following response to AmerisourceBergen's subpoena requests:

1. **Organizational charts for the BOM.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving any such objections, please see Attachment 1 for Organizational charts for the BOM from:

> January 2013
> April 2014
> December 2016
> January 2017
> February 2017
> March 2017
> August 2017
> May 2018
> July 2018
> February 2020

Organizational Charts are also included in BOM Annual Reports. Annual Reports from 2010 forward are publicly available on the BOM's website at https://wvbom.wv.gov/about/AnnualReports.asp. BOM Annual Reports from 2007 forward are publicly available on the West Virginia Legislature's website at https://www.wvlegislature.gov/Reports/Agency_Reports/agencylist_all.cfm.

2. **All Documents discussing, referring, or relating to Your or Plaintiffs' knowledge or investigation of the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects to this request as vexatious to the extent it seeks

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 4 of 21

production of documents evidencing "Plaintiffs' knowledge" or investigatory actions. The BOM cannot be reasonably expected to identify documents relating to Plaintiffs' knowledge or actions.

Additionally, this request is vague, ambiguous, overly broad and unduly burdensome inasmuch as it seeks every document in the BOM's possession which relates to BOM's knowledge or investigation of the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County. This request is so overly broad its meaning is virtually undiscernible.

To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). In certain circumstances, such information may also be confidential and protected from discovery pursuant to other state and federal laws including, but not limited to, West Virginia Code § 60A-9-5(a)(1), West Virginia Code § 30-3-9(h)(4), 42 USC § 290dd-2(g); 42 CFR Part 2 and/or 45 CFR part 60.

Without waiving these objections, all discipline imposed by the BOM is implemented through a public BOM Order or Consent Order, all of which are publicly available on the BOM's website, www.wvbom.wv.gov. Likewise, certain complaint, investigation and discipline information is publicly available in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed. The BOM further refers generally to the documents provided herewith.

3.   **All Communications between You and Plaintiffs discussing, referring, or relating to the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, the BOM has not identified any documents responsive this request.

4.   **All Documents discussing, referring, or relating to Your or Plaintiffs' efforts, including, but not limited to, any initiatives, programs or task forces that You or Plaintiffs may have developed or collaborated with, to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of**

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 5 of 21

**Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects to this request as vexatious to the extent it seeks production of documents evidencing "Plaintiffs' efforts[.]" The BOM cannot be reasonably expected to identify documents relating to Plaintiffs' efforts or actions.

To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). In certain circumstances, such information may also be confidential and protected from discovery pursuant to other state and federal laws including, but not limited to, West Virginia Code § 60A-9-5(a)(1), West Virginia Code § 30-3-9(h)(4), 42 USC § 290dd-2(g); 42 CFR Part 2 and/or 45 CFR part 60.

Without waiving these objections, all discipline imposed by the BOM is implemented through a public BOM Order or Consent Order, all of which are publicly available on the BOM's website, www.wvbom.wv.gov. Likewise, certain complaint, investigation and discipline information is publicly available in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed. See also the BOM's response to Requests 5 and 7.

5.     **All Documents discussing, referring, or relating to Your or Plaintiffs' collaborations or partnerships with any local, state, or federal agency, organization, or task force, including the West Virginia Attorney General and DEA, to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation. distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects to this request as vexatious to the extent it seeks production of documents evidencing Plaintiffs' collaborations or partnerships. The BOM cannot be reasonably expected to identify documents relating to Plaintiffs' efforts or actions.

To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). In certain

circumstances, such information may also be confidential and protected from discovery pursuant to other state and federal laws including, but not limited to, West Virginia Code § 60A-9-5(a)(1), West Virginia Code § 30-3-9(h)(4), 42 USC § 290dd-2(g); 42 CFR Part 2 and/or 45 CFR part 60.

Out of an abundance of caution, and to the extent this request seeks records relating to legal representation and/or legal counsel provided to the BOM by the West Virginia Attorney General's Office, the BOM objects that such communications are protected from discovery pursuant to the attorney-client privilege and attorney work product doctrine.

Without waiving these objections, see Attachment 2. Additionally, an August 18, 2017 BOM presentation, entitled *Collaboration in Investigating Prescription Drug Cases* and a September 29, 2018 presentation regarding medical regulation, which was presented at a local DEA conference, are available on the BOM website at https://wvbom.wv.gov/Publicpresentations.asp. Additionally, all discipline imposed by the BOM is implemented through a public BOM Order or Consent Order, all of which are publicly available on the BOM's website, www.wvbom.wv.gov. Likewise, certain complaint, investigation and discipline information is publicly available in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed.

6.   **All Documents discussing, referring, or relating to Your or Plaintiffs' Communications with any local, state, or federal agency, organization, or task force, including the West Virginia Attorney General and DEA, to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft and trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects to this request as vexatious to the extent it seeks production of documents evidencing Plaintiffs' communications. The BOM cannot be reasonably expected to identify documents relating to Plaintiffs' communications directed at other persons or entities.

To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). In certain circumstances, such information may also be confidential and protected from discovery pursuant to other state and federal laws including, but not limited to,

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 7 of 21

West Virginia Code § 60A-9-5(a)(1), West Virginia Code § 30-3-9(h)(4), 42 USC § 290dd-2(g); 42 CFR Part 2 and/or 45 CFR part 60.

Out of an abundance of caution, and to the extent this request seeks records relating to legal representation and/or legal counsel provided to the BOM by the West Virginia Attorney General's Office, the BOM objects that such communications are protected from discovery pursuant to the attorney-client privilege and attorney work product doctrine.

Without waiving these objections, see Attachment 2. Additionally, an August 18, 2017 BOM presentation, entitled *Collaboration in Investigating Prescription Drug Cases* and a September 29, 2018 presentation regarding medical regulation, which was presented at a local DEA conference, are available on the BOM website at https://wvbom.wv.gov/Publicpresentations.asp. Additionally, all discipline imposed by the BOM is implemented through a public BOM Order or Consent Order, all of which are publicly available on the BOM's website, www.wvbom.wv.gov. Likewise, certain complaint, investigation and discipline information is publicly available in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed.

7. **All Documents discussing, referring, or relating to recommendations for actions to be taken by You or Plaintiffs to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects to this request as vexatious to the extent it seeks production of documents evidencing recommendations for actions to be taken by Plaintiffs.

To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). In certain circumstances, such information may also be confidential and protected from discovery pursuant to other state and federal laws including, but not limited to, West Virginia Code § 60A-9-5(a)(1), West Virginia Code § 30-3-9(h)(4), 42 USC § 290dd-2(g); 42 CFR Part 2 and/or 45 CFR part 60.

Out of an abundance of caution, and to the extent this request seeks records relating to legal representation and/or legal counsel provided to the BOM by the West Virginia Attorney General's Office, the BOM objects that such

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 8 of 21

communications are protected from discovery pursuant to the attorney-client privilege and attorney work product doctrine.

Without waiving these objections, the BOM refers generally to the documents referred to herein and provided herewith. Additionally, all discipline imposed by the BOM is implemented through a public BOM Order or Consent Order, all of which are publicly available on the BOM's website, www.wvbom.wv.gov. Likewise, certain complaint, investigation and discipline information is publicly available in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed.

8.     **All Documents discussing, referring, or relating to the responsibilities and obligations of Licensed Medical Professionals to treat pain.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM also incorporates its objections as set forth in response to Request No. 7, and further objects to this request as the terms "responsibilities" and "treat pain" are vague and ambiguous. Without waiving these objections, the BOM refers to the laws, rules, guidance and newsletters (including but not limited to the June 2016 BOM newsletter which refers to the CDC Guideline for Prescribing Opioids for Chronic Pain), which are publicly available on the BOM website.

9.     **All Documents discussing, referring, or relating to any guidance, continuing education, training, presentations, policies, procedures, or resources for Licensed Medical Professionals regarding appropriate practices when prescribing Prescription Opioids, including, but not limited to, factors that Licensed Medical Professionals must or may consider in making the decision as to whether or not to prescribe a Prescription Opioid to a particular patient and, if so, in what dosage and over what time period.**

The BOM incorporates by reference its objections and responses to Request No. 8. Without waiving its objections, the BOM's September 9, 2013 Position Statement on prescribing is provided as Attachment 3.

Attachment 4 includes correspondence from the BOM and a book entitled Responsible Opioid Prescribing. The BOM provided a copy of Attachment 4 to all licensees in 2008.

Attachments 5a-5d produce extant e-blasts to BOM licensees for the period of 2015 through the present and which relate to prescribing, prescribing CMEs, registration with the Controlled Substance Monitoring Program and/or registering with the BOM as a Controlled Substance Dispensing Practitioner. The e-blasts are sorted as follows:

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 9 of 21

| Attachment 5a | E-blasts to physicians whose last names begin with the letters A-L |
|---|---|
| Attachment 5b | E-blasts to physicians whose last names begin with the letters M-Z |
| Attachment 5c | E-blasts to podiatric physicians |
| Attachment 5d | E-blasts to physician assistants |

The BOM further responds that the following responsive documents are publicly available on the BOM website:

| Public Presentations 20017-present | https://wvbom.wv.gov/Publicpresentations.asp |
|---|---|
| BOM Actions/ Disciplinary Orders | https://wvbom.wv.gov/public/BOM-actions.asp |
| BOM Newsletters | https://wvbom.wv.gov/public/newsletters.asp |
| Current BOM Position Statements | https://wvbom.wv.gov/Position_Statementsnew.asp |
| Continuing Medical Education Information | https://wvbom.wv.gov/Cont_Med_Education.asp |
| Master List of BOM-Approved Drug Diversion/best Practices Prescribing CME 2012-present | https://wvbom.wv.gov/BOM_Approv_CME_courses_all.asp |

10.   **All Documents discussing, referring, or relating to any guidance, continuing education, training, presentations, policies, procedures, or resources for Licensed Medical Professionals regarding appropriate practices when dispensing Prescription Opioids.**

The BOM incorporates by reference its objections and responses to Request No. 9. Additionally, the BOM responds that 11 CSR 5 is available on the BOM website. Previous iterations of this legislative rule can be found on the West Virginia Secretary of State's website.

11.   **All Documents discussing, referring, or relating to Your or Plaintiffs' knowledge of pain and its impact on patient care or the prescribing of Prescription Opioids.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects to this request as vexatious to the extent it seeks production of documents related to Plaintiff's knowledge. While the BOM contends that this request is so overly broad, vague and ambiguous as to defy response, see generally the documents produced herewith or referenced herein.

12.   **All Documents discussing, referring, or relating to the impact of Prescription Opioids or Illicit Opioids on the City of Huntington, Cabell County, or any town, village, or city within Cabell County.**

The BOM incorporates and restates its general objections as set forth hereinabove and further objects that this request is vague and ambiguous with respect to what is meant by "impact." Without waiving these objections, the BOM refers generally to the documents produced herewith or referenced herein.

13.   **All Documents discussing, referring, or relating to Your or Plaintiffs' involvement in drafting, assessing, introducing, lobbying for, implementing, administering, and/or monitoring compliance with legislation, statutes, rules, regulations, or guidelines relating to Prescription Opioids or Illicit Opioids.**

The BOM incorporates and restates its general objections as set forth hereinabove and further objects that this request is so vague, ambiguous and broad as to defy response. Without waiving such objections, the BOM generally refers to the documents produced herewith and referenced herein. The BOM further states that historical documents associated with the promulgation of BOM rules are available on the website of the West Virginia Secretary of State. Additionally, records of BOM participation in meetings of Committees of the Houses of the West Virginia Legislature may be available through the Legislature, but are not maintained by the BOM.

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 11 of 21

14.    **All Documents discussing, referring, or  relating to BOM meeting minutes, including, but not limited to, committee and subcommittee meeting minutes, in which the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the State of West Virginia were discussed.**

The BOM incorporates and restates its general objections as set forth hereinabove and further objects that this request is unduly burdensome.  BOM meeting minutes are almost entirely retained as paper copies and are sorted chronologically.  A response to this request would require a hand review of several thousands of pages of minutes.  Without waiving this objection, the BOM will make its minutes available for inspection by AmerisourceBergen and/or its counsel upon request at a mutually agreeable date and time.

15.    **All Documents discussing, referring, or relating to all materials or publications that You or Plaintiffs created or caused to be created concerning the use, coverage, and benefits of Prescription Opioids for the treatment of pain, including materials or publications distributed to Licensed Medical Professionals.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects to this request as vexatious to the extent it seeks production of documents created and/or distributed by Plaintiffs and vague and ambiguous with respect to subject matter. Without waiving these objections, the BOM refers generally to the documents produced herewith or referenced herein.

16.    **All Documents discussing, referring, or relating to Legitimate Opioid Use.**

The BOM incorporates and restates its general objections as set forth hereinabove and further objects that this request is so vague, ambiguous and broad as to defy response.  Without waiving such objections,  the BOM refers generally to the documents produced herewith or referenced herein.

17.    **All Documents and Communications identifying, discussing, or relating to pill mills in the City of Huntington, Cabell County, or any town, village, or city within Cabell County.**

The BOM incorporates and restates its general objections as set forth hereinabove and further objects that this request is so vague, ambiguous and broad as to defy response.  Without waiving such objections,  the BOM refers generally to the documents produced herewith or referenced herein.

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 12 of 21

18.    **All Documents discussing, referring, or relating to the West Virginia Controlled Substances Monitoring Program ("CSMP"), including, but not limited to, Your or Plaintiffs' use of the CSMP to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects to this request as vexatious to the extent it seeks production of documents by the BOM regarding Plaintiff's use of the CSMP.

To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). Additionally, CSMP records are confidential and protected from discovery pursuant to West Virginia Code § 60A-9-5(a)(1).

Without waiving such objections, the BOM refers to 11 CSR 10, which is available on the BOM website, as well as the documents produced herewith or referenced herein.

19.    **All Documents discussing, referring, or relating to Your or Plaintiffs' involvement in drafting, assessing, introducing, lobbying for, implementing, administering, and/or monitoring compliance with legislation, statutes, rules, regulations, or guidelines relating to the CSMP, including, but not limited to, the requirement of Licensed Medical Professionals to register for and access the CSMP database.**

The BOM incorporates and restates its general objections as set forth hereinabove. Please see the BOM's responses and objections to Requests 13 and 18.

20.    **All Documents discussing, referring, or relating to Your or Plaintiffs' use of the CSMP to track shipments of, prescriptions for, and/or sales of Prescription Opioids, including: (a) all Documents relating to requests for information, or material received from the CSMP; and (b) all Documents relating to actions you took, or considered taking, based on information You received from the CSMP.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects to this request as vexatious to the extent it seeks production of documents by the BOM regarding Plaintiff's use of the CSMP.

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 13 of 21

To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). Additionally, CSMP records are confidential and protected from discovery pursuant to West Virginia Code § 60A-9-5(a)(1).

Without waiving such objections, the BOM refers generally to the documents produced herewith or referenced herein.

21. **All Documents constituting or describing BOM's use, review, or analysis of data or other information from the CSMP as part of the process of licensing, investigating, or disciplining any Licensed Medical Professional.**

The BOM incorporates and restates its general objections as set forth hereinabove.

To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). Additionally, CSMP records are confidential and protected from discovery pursuant to West Virginia Code § 60A-9-5(a)(1).

Without waiving such objections, the BOM refers generally to the documents produced herewith or referenced herein.

22. **All Documents discussing, referring, or relating to Your use of the CSMP to identify and act upon Licensed Medical Professionals who were writing a high volume of Prescription Opioids.**

The BOM incorporates and restates its general objections as set forth hereinabove. Please see the BOM's response and objections to Request 21.

23. **All Documents constituting or describing any instance in which BOM denied a license application or declined to renew a license on the basis of any information, concern, investigation, report, allegation, or finding related to the applicant's practice of selling, giving away, personally furnishing, prescribing, administering, misusing, or abusing Prescription Opioids, Illicit Opioids, or other Controlled Substances for other than legal and legitimate medical purposes.**

The BOM incorporates and restates its general objections as set forth hereinabove.

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 14 of 21

To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). In certain circumstances, such information may also be confidential and protected from discovery pursuant to other state and federal laws including, but not limited to, West Virginia Code § 60A-9-5(a)(1), West Virginia Code § 30-3-9(h)(4), 42 USC § 290dd-2(g); 42 CFR Part 2 and/or 45 CFR part 60.

Without waiving these objections, all discipline imposed by the BOM is implemented through a public BOM Order or Consent Order, all of which are publicly available on the BOM's website, www.wvbom.wv.gov. This includes revocations pursuant to West Virginia Code § 30-3-14(d) and license denial actions. Likewise, certain complaint, investigation and discipline information is publicly available in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed. The BOM further refers generally to the documents provided herewith.

24. **All Documents constituting or describing any instance in which BOM granted a license application or renewed a license after receiving a complaint or after other awareness, investigation, knowledge, reporting, allegation or suspicion that the applicant had sold, given away, personally furnished, prescribed, administered, misused, or abused Prescription Opioids, Illicit Opioids, or other Controlled Substances for other than legal or legitimate medical purposes.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects that this request is overly broad and unduly burdensome. This request would essentially require a manual and individual review of every licensure and application file for anyone who as ever applied for or been granted a license by the BOM, renewed a license with the BOM and/or every complaint and investigation record retained by the BOM for little or no discoverable (let alone evidentially relevant) yield.

Moreover, to the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). In certain circumstances, such information may also be confidential and protected from discovery pursuant to other state and federal laws including, but not limited to, West Virginia Code § 60A-9-5(a)(1), West Virginia Code § 30-3-9(h)(4), 42 USC § 290dd-2(g); 42 CFR Part 2 and/or 45 CFR part 60.

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 15 of 21

Without waiving these objections, the BOM refers generally to the documents produced herewith or referenced herein.

25.    **All Documents constituting or describing complaints made to BOM relating to any Licensed Medical Professional's selling, furnishing, prescribing, or administration of Prescription Opioids, Illicit Opioids, or other Controlled Substances, including the receipt, organization, analysis, investigation, handling, and resolution of all such complaints.**

The BOM incorporates and restates its general objections as set forth hereinabove. To the extent this request seeks documents generated, received or obtained in the course of a BOM investigation into the professional conduct of licensees, the BOM further objects as such information is confidential, privileged and not susceptible to discovery pursuant to West Virginia Code § 30-3C-3(c). In certain circumstances, such information may also be confidential and protected from discovery pursuant to other state and federal laws including, but not limited to, West Virginia Code § 60A-9-5(a)(1), West Virginia Code § 30-3-9(h)(4), 42 USC § 290dd-2(g); 42 CFR Part 2 and/or 45 CFR part 60.

Without waiving these objections, all discipline imposed by the BOM is implemented through a public BOM Order or Consent Order, all of which are publicly available on the BOM's website, www.wvbom.wv.gov. This includes revocations pursuant to West Virginia Code § 30-3-14(d) and license denial actions. Likewise, certain complaint, investigation and discipline information is publicly available in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed. The BOM further refers generally to the documents provided herewith.

26.    **All Documents constituting or describing complaints made to BOM relating to any misuse or abuse of Prescription Opioids, other Controlled Substances, or Illicit Opioids, including the receipt, organization, analysis, investigation, handling, and resolution of all such complaints.**

The BOM incorporates and restates its general objections as set forth hereinabove. Please see the BOM's response and objections to Request 25.

27.    **All Documents constituting or describing investigations undertaken by BOM relating to any Licensed Medical Professional's selling, furnishing, prescribing, using, or administration of Prescription Opioids, other Controlled Substances, or Illicit Opioids, including the reason for initiation, organization, handling, and resolution of such investigation.**

The BOM incorporates and restates its general objections as set forth hereinabove. Please see the BOM's response and objections to Request 25.

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 16 of 21

28.     **All Documents constituting or describing every instance in which BOM has disciplined a Licensed Medical Professional based upon a complaint or investigation involving Prescription Opioids or Illicit Opioids.**

   The BOM incorporates and restates its general objections as set forth hereinabove. Please see the BOM's response and objections to Request 25.   Additionally, the Board objects to this request as unduly burdensome.  The BOM does not maintain Board Orders by subject matter.  The BOM would have to conduct a hand review of all disciplinary orders to determine which related to the subject matters identified in the request.   All Board Orders are available on the BOM website.

29.     **All Documents constituting or describing every instance in which BOM has declined to discipline a Licensed Medical Professional based upon a complaint or investigation involving Prescription Opioids or Illicit Opioids, including all documents constituting or describing the reason for BOM's decision not to pursue disciplinary action.**

   The BOM incorporates and restates its general objections as set forth hereinabove. Please see the BOM's response and objections to Request 24.

30.     **All Documents constituting or describing complaints made to BOM relating to any promotional or other activities by manufacturers or distributors of Prescription Opioids or Illicit Opioids, including the receipt, categorization, analysis, investigation, handling, and resolution of all such complaints.**

   The BOM incorporates and restates its general objections as set forth hereinabove, and further objects that this request is misdirected as the BOM does not receive or investigate complaints "relating to any promotional or other activities by manufacturers or distributors of Prescription Opioids or Illicit Opioids[.]"

31.     **All Documents constituting or describing BOM's past or current procedures, policies, or protocols regarding its receipt, review, analysis, investigation, and processing of license application for any Pain Management Clinic.**

   The BOM incorporates and restates its general objections as set forth hereinabove, and further objects that this request is misdirected as the BOM is not the state authority authorized to regulate or license pain clinics.

32.     **All Documents constituting or describing complaints made to BOM relating to any Pain Management Clinic, including the receipt, organization, analysis, investigation, handling, and resolution of all such complaints.**

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 17 of 21

The BOM incorporates and restates its general objections as set forth hereinabove, and further objects that this request is misdirected as the BOM is not the state authority authorized to accept or investigate complaints relating to pain management clinics.

33.     **All Documents discussing, referring, or relating to the denial or revocation of the license of a Pain Management Clinic.**

The BOM incorporates and restates its general objections as set forth hereinabove, and further objects that this request is misdirected as the BOM is not the state authority authorized to accept or investigate complaints relating to pain management clinics.

34.     **All Documents discussing, referring, or relating to Licensed Medical Professionals indicted, prosecuted, or disciplined for illegal or improper prescribing of Prescription Opioids.**

The BOM incorporates and restates its general objections as set forth hereinabove. Please see the BOM's response and objections to Requests Nos. 24 and 25. Additionally, all discipline imposed by the BOM is implemented through a public BOM Order or Consent Order, all of which are publicly available on the BOM's website, www.wvbom.wv.gov. This includes revocations pursuant to West Virginia Code § 30-3-14(d) and license denial actions. Likewise, certain complaint, investigation and discipline information is publicly available in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed.

35.     **All Documents discussing, referring, or relating to the BOM's adoption of the "Policy for the Use of Controlled Substances for the Treatment of Pain" on January 10, 2005, as well as Documents relating to the implementation or response that the BOM took in preparation for, during, or following the policy's adoption.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, the BOM states it has not identified any documents responsive to this request.

36.     **All Documents discussing, referring, or relating to the BOM's adoption of the "Policy on the Use of Opioid Analgesics in the Treatment of Chronic Pain" on September 9, 2013, as well as Documents relating to the implementation or response that the BOM took in preparation for, during, or following the policy's adoption.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see Attachment 6.

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 18 of 21

37.  **All Documents discussing, referring, or relating to the BOM's adoption of the "Guidelines for the Chronic Use of Opioid Analgesics" on September 11, 2017, as well as all Documents relating to the implementation or response that the BOM took in preparation for, during, or following the policy's adoption.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see Attachment 7.

38.  **All Documents discussing, referring, or relating to Your policies or procedures for issuance of Controlled Substance Dispensing Registrations Certificates issued by the BOM as well as all Documents relating to the refusal to issue, non-issuance, or revocation of a Controlled Substance Dispensing Registrations Certificate.**

The BOM incorporates and restates its general objections as set forth hereinabove. The BOM further objects that this request is overly broad and unduly burdensome inasmuch as it would require a manual review of thousands of files to determine whether there is responsive information.

Without waiving such objections, see Attachments 8 (CSDPR application forms and instructions) and 9 (BOM FAQ for renewing licensees). Additionally, all discipline imposed by the BOM is implemented through a public BOM Order or Consent Order, all of which are publicly available on the BOM's website, www.wvbom.wv.gov. This includes revocations pursuant to West Virginia Code § 30-3-14(d) and license denial actions. Likewise, certain complaint, investigation and discipline information is publicly available in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed. The BOM further refers generally to the documents provided herewith.

39.  **All Documents discussing, referring, or relating to professional medical societies, clubs, or other organizations of medical professionals that refer to prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see the documents produced herewith and referenced herein.

40.  **All Documents discussing, referring, or relating to any Defendant, including, but not limited to, all Communications between You or Plaintiffs and any Defendant.**

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 19 of 21

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see Attachment 10. AmerisourceBergen and its counsel already possess the deposition it previously took of former BOM Executive Director Robert C. Knittle, and the same is not reproduced herewith.

41.   **All Communications with Pharmaceutical or Drug Companies related to Prescription Opioids, including (a) marketing and distribution, (b) risks and benefits, (c) safety outcomes, and (d) abuse, misuse, addiction, or diversion.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see the documents produced herewith and referenced herein.

42.   **All Documents relating to any transaction between You or any Plaintiff and any manufacturer, distributor, or dispenser of Prescription Opioids regarding Prescription Opioids.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see the documents produced herewith and referenced herein.

43.   **All Documents relating to any efforts by You to reduce the number of Prescription Opioids, Illicit Opioids, or opioid prescriptions in the State of West Virginia.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see the documents produced herewith and referenced herein.

44.   **All Documents constituting or describing data and/or analysis relating to people who obtain Prescription Opioids through illegal or improper means and/or diversion.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see the documents produced herewith and referenced herein.

45.   **All Documents containing data or analysis relating to Prescription Opioids that were prescribed off-label or contrary to accepted medical guidelines.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see the BOM's responses to Requests 24 and 25, as well as the documents produced herewith and referenced herein.

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 20 of 21

46. **All Documents containing data or analysis relating to adverse health outcomes (e.g., addiction, overdose, death) caused by the use of Illicit Opioids.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see please see the BOM's responses to Requests 24 and 25, as well as the documents produced herewith and referenced herein.

47. **All Documents containing data or analysis relating to the abuse, misuse, or diversion of Prescription Opioids, broken down by product or chemical substance.**

The BOM incorporates and restates its general objections as set forth hereinabove. Without waiving such objections, please see please see the BOM's responses to Requests 24 and 25, as well as the documents produced herewith and referenced herein.

48. **All Documents reflecting BOM's finances, including but not limited to, budgets, expense reports, financial reports, and Documents concerning BOM's funding.**

The BOM incorporates and restates its general objections as set forth hereinabove, and further objects that this request is vague, ambiguous, irrelevant to the underlying litigation, overly broad, unduly burdensome and vexatious in nature. Without waiving such objections, financial information is included in the BOM's Annual Reports. Please see the BOM's response to Request No. 1 for the publicly available locations where BOM annual reports may be accessed. Additionally, the West Virginia State Budget Office publishes approved budgets on its website at https://budget.wv.gov/approvedbudget/Pages/default.aspx.

49. **All Documents relating to the money damages and other relief (if any) You or any Plaintiff is seeking in this action related to the services You provide or have provided in connection with the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids.**

The BOM incorporates and restates its general objections as set forth hereinabove, and further objects to this request as vexatious to the extent the request seeks documents relating to damages sought by Plaintiffs. Without waiving such objections, the BOM has no responsive documents.

50. **All Communications between You and any person or entity that are responsive to any request listed above (Nos. 1 through 49), including, but not**

West Virginia Board of Medicine
Objection to Subpoena Duces Tecum
February 5, 2020
Page 21 of 21

**limited to, all Communications regarding Illicit Opioids, Prescription Opioids, diversion, and the opioid epidemic.**

The BOM incorporates and restates its general objections as set forth hereinabove, its individual objections as set forth in response to Requests 1 through 49, and further objects that this request is vague, ambiguous, overly broad and unduly burdensome. Without waiving such objections, please see the documents attached hereto and referenced herein.

Thank you for your time and attention to this matter. Once you have had an opportunity to review the BOM's concerns and objections, please do not hesitate to contact me at (304) 558-2921 ext. 70009 or Greg S. Foster at ext. 70017 if you have any questions.

Sincerely

Jamie S. Alley

Enclosures as described

cc: Mark A. Spangler, Executive Director