


# State of West Virginia
# *Board of Medicine*

101 Dee Drive, Suite 103
Charleston, WV 25311
Telephone (304) 558-2921
Fax (304) 558-2084
www.wvbom.wv.gov

**KISHORE K. CHALLA, MD, FACC**
PRESIDENT

**ASHISH P. SHETH, MD**
VICE PRESIDENT

**CATHERINE C. SLEMP, MD, MPH**
SECRETARY

**MARK A. SPANGLER, MA**
EXECUTIVE DIRECTOR

May 1, 2020

**VIA ELECTRONIC MAIL**
Gretchen M. Callas, Esquire
Jackson Kelly PLLC
500 Lee Street East Suite 1600
Charleston, WV 25322
GCALLAS@jacksonkelly.com

**Re:** ***City of Huntington; Cabell County Commission v. AmerisourceBergen Drug Corporation, et.al.***
**United States District Court for the Southern District of West Virginia**
**Civil Action No. 3:17-01362; 3:17-01665**

Dear Ms. Callas:

On Friday, February 21, 2020, the West Virginia Board of Medicine (hereinafter "BOM") received a subpoena duces tecum issued on behalf of your client, AmerisourceBergen Drug Corporation ("AmerisourceBergen") in the above-referenced matter. On March 5, 2020, the BOM produced documents responsive to the subpoena and concurrently submitted its written objections to AmerisourceBergen's subpoena pursuant to Federal Rule of Procedure 45(d). Thereafter, on March 31, 2020 you sent correspondence to the BOM's Executive Director, Mark A. Spangler, "on behalf of the Defendants in the above-referenced matter" requesting a conference to discuss the BOM's March 5, 2020 objection. The BOM responded to your correspondence reaffirming its initial objections. Thereafter, on April 24, 2020, Greg Foster and I met with you and your colleagues via teleconference to discuss certain discrete portions of your document request. I regret that I do not have contact information for all the teleconference participants, and request that you share this correspondence with them.

While the BOM stands by its original objection response, and reasserts and incorporates all such objections herein, the BOM did agree to explore four areas: (1) availability of BOM of

Medicine annual reports prior to 2007; (2) existence of minutes or additional minutes in the two meeting cycles preceding the adoption of policies identified in AmerisourceBergen's Request Nos 35, 36 and 37; (3) the existence of documents related to participation by the BOM in DEA Task Forces or the Governor's Council on Substance Abuse Prevention and Treatment; and (4) information related to the searchability of BOM disciplinary orders.

At our meeting last Friday, the BOM expressed reservations concerning its immediate ability to fully explore these four issues but committed to providing an update on its efforts to do so by today. As we anticipated and previously conveyed, the current COVID-19 State of Emergency continues to affect the BOM's ability to devote time to explore these matters. The BOM has, as a matter of mission-critical necessity, continued to focus its resources on provider surge and education, and more recently implementing guidance for licensed professionals in association with *West Virginia Strong - The Comeback*, Governor Justice's reopening plan which entered Week One yesterday. Additionally, the BOM is complying with the enhanced safety protocols for Kanawha County and it is limiting the daily census of in-office staff accordingly. However, the BOM does have some updated information it can share today.

The BOM confirms that its initial response regarding Annual Reports was limited to those reports which are readily available online and consistent with the temporal limit established by the BOM in its Objection. Without waiving its temporal scope objection with regard to the remainder of the subpoena, the BOM confirms that it does maintain Annual Reports prior to 2007. These reports have been located, and the BOM has determined that they exist only in paper format. The BOM believes it has paper copies of Annual Reports for the entire period requested by the subpoena. The reports prior to 2007 are consistent in terms of content and length as the reports you have had the opportunity to review online. The BOM will make its Annual Reports for 1996 through 2006 available for inspection by AmerisourceBergen and/or its counsel upon request at a mutually agreeable date and time, and once it is safe to do so.

The BOM has almost completed its review of additional minutes in association with the discrete issues set forth in Request Nos. 35, 36 and 37. The BOM reports that it has located some additional responsive records and anticipates its minutes review to be completed next week. Once complete, we will forward any and all additional responsive minutes to you.

While the BOM maintains and reincorporates by reference its objections to Requests 5-7 of the subpoena, it did agree to explore whether it maintains any records which indicate that the BOM is or was a member of either DEA Drug Task Force(s) or the Governor's Council on Substance Abuse Prevention and Treatment. Without waiving any of its prior objections, and with regard to the past ten-year period, the BOM has not, to date, identified any records related to BOM participation in DEA Drug Task Force(s) or the reference gubernatorial council. The BOM continues to explore this issue and will notify you it does identify any such records.

Finally, the BOM continues to explore the issue of searchability of disciplinary orders. To date, a resolution has not been identified. However, the BOM hopes to be in a better position to respond to this question by May 15, 2020.

Please contact me directly if you have any questions regarding this correspondence. I may be reached at (304) 558-2921 ext. 49864, or via email at Jamie.S.Alley@wv.gov.

Sincerely,

*/s/Jamie Alley*

Jamie S. Alley

cc: Mark A. Spangler, Executive Director