

# State of West Virginia
# *Board of Medicine*

**KISHORE K. CHALLA, MD, FACC**
PRESIDENT

**CATHERINE C. SLEMP, MD, MPH**
SECRETARY

101 Dee Drive, Suite 103
Charleston, WV  25311
Telephone (304) 558-2921
Fax (304) 558-2084
www.wvbom.wv.gov

**ASHISH P. SHETH, MD**
VICE PRESIDENT

**MARK A. SPANGLER, MA**
EXECUTIVE DIRECTOR

May 26, 2020

**VIA US MAIL AND EMAIL**
Gretchen M. Callas, Esquire
Sean D. Thomas, Esquire
Jackson Kelly PLLC
PO Box 553
Charleston, WV 25322
GCALLAS@jacksonkelly.com
sean.thomas@jacksonkelly.com

Re:   *City of Huntington; Cabell County Commission v. AmerisourceBergen Drug Corporation, et.al.*
United States District Court for the Southern District of West Virginia
Civil Action No. 3:17-01362; 3:17-01665

Dear Ms. Callas and Mr. Thomas:

On Friday, February 21, 2020, the West Virginia Board of Medicine (hereinafter "BOM") received a subpoena duces tecum issued on behalf of your client, AmerisourceBergen Drug Corporation ("AmerisourceBergen") in the above-referenced matter. On March 5, 2020, the BOM produced documents responsive to the subpoena and concurrently submitted its written objections to AmerisourceBergen's subpoena pursuant to Federal Rule of Procedure 45(d). Thereafter, on March 31, 2020 you sent correspondence to the BOM's Executive Director, Mark A. Spangler, "on behalf of the Defendants in the above-referenced matter" requesting a conference to discuss the BOM's March 5, 2020 objection. The BOM responded to your correspondence reaffirming its initial objections. On April 24, 2020, Greg Foster and I met with you and your colleagues via teleconference to discuss certain discrete portions of your document request. The BOM provided follow-up correspondence, communications and responsive documents on May 1, 2020, May 8, 2020 and May 15, 2020. I write in further follow-up to those communications.

West Virginia Board of Medicine
Letter to Ms. Callas and Mr. Thomas
May 26, 2020
Page 2 of 3

    While the BOM stands by its original objection response, and reasserts and incorporates all such objections herein, the BOM wishes to provide additional follow-up information relative to two of the four areas of follow-up we discussed on April 24, 2020.

### BOM Membership in DEA Task Forces and/or Governor's Council on Substance Abuse Prevention and Treatment

    The BOM has not located any records which support BOM membership in any DEA Task Forces. This follow-up relates to Document Request Nos. 5 and 6 of your client's subpoena to the BOM.[1] In further response to these two requests, the BOM incorporates by reference its general and specific objections as set forth in its March 5, 2020 response in full. The BOM further states that while the communications do not necessarily or specifically operate "to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft and trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County" the BOM does report all disciplinary orders to the Secretary of State's Office for publishing in the State Register and as otherwise required by state and federal law. The State Register is publicly available on the West Virginia Secretary of State's website at http://apps.sos.wv.gov/adlaw/registers/. Additionally, the BOM does receive information from other entities, including WVDHHR, regarding action taken and/or pending action with respect to BOM licensees, including enforcement actions by the DEA which may result in physician office closures.

    Second, you have asked the BOM to determine whether it has documents related to participation or membership in Governor's Council on Substance Abuse Prevention and

---

[1] Request No. 5 sought:

> All Documents discussing, referring, or relating to Your or Plaintiffs' collaborations or partnerships with any local, state, or federal agency, organization, or task force, including the West Virginia Attorney General and DEA, to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation. distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

Request No. 6 sought:

> All Documents discussing, referring, or relating to Your or Plaintiffs' Communications with any local, state, or federal agency, organization, or task force, including the West Virginia Attorney General and DEA, to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft and trafficking of Prescription Opioids or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

West Virginia Board of Medicine
Letter to Ms. Callas and Mr. Thomas
May 26, 2020
Page 3 of 3

Treatment. As constituted in Executive Order 5-11, the Governor's Advisory Council on Substance Abuse included nineteen gubernatorially appointed members, including a representative of the West Virginia Board of Medicine. The BOM hereby produces BOM meeting minutes, dated September 12, 2011, which congratulate M. Khalid Hasan, MD on his appointment to the Council. The BOM has not located any additional responsive documents related to this Council. With respect to the Governor's Council on Substance Abuse Prevention and Treatment, which was constituted pursuant to Executive Order 22-18, the BOM has no records regarding membership or participation therein. Likewise, the BOM has no records of membership or participation in the Governor's Advisory Council on Substance Use Disorder Policy, which was constituted pursuant to Executive Order 10-17.

### BOM Disciplinary Records

Despite diligent efforts, the BOM has been unable to identify a reliable method for the electronic sorting of its disciplinary orders to identify disciplinary orders related to subject matters, such as prescribing or prescription medication during the period sought by the subpoena. The best and most reliable method currently available continues to be an individual review of the disciplinary orders, all of which are publicly available on the BOM website. Moreover, the BOM does not have current capability to create a file containing all disciplinary orders as they are stored in association with individual licensee records, and not in a common file location. The BOM has reached out to its database vendor regarding this matter for technical assistance, and had hoped to have a response today. We continue to await a response from our vendor, and will supplement this response when more information is available, hopefully later this week.

Please contact me directly if you have any questions regarding this correspondence. I may be reached at (304) 558-2921 ext. 49864, or via email at Jamie.S.Alley@wv.gov.

Sincerely,

Jamie S. Alley
Deputy Director / General Counsel

Enclosure (via US Mail only)
cc: Mark A. Spangler, Executive Director