IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    Plaintiff,

v.

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

    Defendant.

CIVIL ACTION NO. 3:17-01362

Hon. David A. Faber

---

**CABELL COUNTY COMMISSION,**

    Plaintiff,

v.

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

    Defendant.

CIVIL ACTION NO. 3:17-01665

Hon. David A. Faber

## DISCOVERY RULING NO. 5

The undersigned has received Defendants McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Drug Corporation's Motion to Compel Discovery From the U.S. Drug Enforcement Agency, as well as related exhibits. The undersigned has also received and reviewed the United States Drug Enforcement Administration (DEA)'s Memorandum in Response to Defendant's Motion to Compel (Dkt. 378) and Defendants' Reply in Support of Motion to Compel (Dkt 403), as well as related exhibits. Defendants have narrowed down their requests, and fourteen (14) discovery requests are currently sought via the instant motion to

compel.  *See* Reply, p. 1. Defendants aver these fourteen (14) requests "seek targeted, new information relating only to West Virginia and two federal government reports about DEA's actions published after CTI discovery closed." *Id*.

Having reviewed carefully the parties' positions, the Special Master now enters the following discovery rulings.

**General Objections**

As an initial matter, the Special Master considers the general objections and the DEA's reliance on the *Touhy* regulation.

First, the Special Master addresses DEA's argument that the requests are unreasonably cumulative or duplicative and the burden on DEA "outweighs the likely benefit of the materials sought".  See DEA's Resp., p. 16.  The undersigned does not agree.  The fourteen (14) discovery requests at issue in the instant motion have been narrowed down, and seek targeted, localized discovery regarding DEA's actions specifically in West Virginia or reports issued after the close of discovery in CT1".  *See* Reply, p. 11-12.  The undersigned concludes that the instant fourteen (14) discovery requests are not unreasonably cumulative or duplicative of prior discovery because the requests are targeted to Cabell County, the City of Huntington, or West Virginia, or concern reports issued after the close of discovery in CT1.  *See Id*. at 12.  The undersigned concludes that Defendants are not trying to re-open discovery generally, as evidenced by the fact that the only discovery they are seeking is jurisdictionally limited or new discovery for information occurring after the close of discovery in CT1.  Therefore, the undersigned finds this objection shall not preclude the sought discovery requests.

Next, the Court considers the *Touhy* objection asserted by DEA.  Here, DEA contends that the *Touhy* regulations allow it to "refuse to comply with third-party subpoenas".  *See* DEA's

Resp., p. 14. The Special Master, upon consideration of the instant motion and response and reply, finds that the *Touhy* objection is misplaced. *See* Reply, p. 1.

The Special Master agrees that *Touhy* does not act as a shield to discovery. Further, Federal Rule of Civil Procedure 45 governs the decision on the issue. Rule 45(d) of the Federal Rules of Civil Procedure requires the party resisting discovery to demonstrate that compliance with a subpoena will impose undue burden or the production of privileged material. *Id*. at 2. This rule also requires the Court to take into account the requesting party's substantial need for the discovery. *Id*. The Special Master concludes and agrees that the DEA has not satisfied its substantial threshold of showing specific harms that would result from disclosure. *See Id*.

Further, the Special Master analyzes the law enforcement privilege. Regarding the law enforcement privilege, the Special Master concludes that West Virginia law must be applied to DEA's assertions of law enforcement privilege, but absent a specific claim, the undersigned will not decide the issue in a vacuum.

DEA did not indicate a specific document(s) DEA claims law enforcement privilege applies to. The undersigned also notes that West Virginia has "never adopted an all-encompassing law enforcement privilege". *Maclay v. Jones*, 542 S.E.2d 83, 86 (W. Va. 2000). The undersigned agrees that the fact that some documents may end up being privileged under the law enforcement privilege does not shield DEA from having to even look for responsive documents. *See* Reply, p. 8. Finally, the undersigned considers that it is well-established under West Virginia law that "the use of protective orders is preferential to the total non-disclosure of requested materials that are otherwise subject to discovery". *Maclay*, 542 S.E.2d at 90 n. 11. For these reasons, the Special Master concludes that the blanket law enforcement exception will

not be granted as stated at this time. The Special Master recognizes that it may be relevant to specific claims or discovery requests in this civil litigation.

Next, the Special Master will address each of the fourteen (14) discovery requests Defendants seek to compel via the instant motion. These are 1, 3, 7, 8, 9, 13, 16, 17, 18, 19, 21, 24, 26, and 32.

### Discovery Request No. 1

First, the Special Master considers the instant motion as to Discovery Request No. 1. Request No. 1 seeks "[a]ll Documents submitted by You to the House Energy and Commerce Committee as part of its investigation that resulted in the report *Red Flags and Warning Signs Ignored: Opioid Distribution and Enforcement Concerns in West Virginia*, December 19, 2018, including but not limited to all Documents produced to the Committee, all written statements provided to Committee, and all notes, presentations, handouts and communications relating to the multiple briefings from DEA Staff to Committee Staff referenced in the Report".

Upon review and consideration, the Special Master finds the motion should be granted as to this request, as it does not appear to be unduly burdensome and not burdensome to compile and produce. Further, the undersigned considers no privilege applies to this request. For these reasons, the Special Master finds Request No. 1 shall be compelled, and the instant motion to compel shall be granted as to this request.

### Discovery Request No. 3

Second, the Special Master considers the instant motion as to Discovery Request No. 3. Request No. 3 seeks "[a]ll Documents and Communications concerning the determination of estimates of diversion for Prescription Opioids during the Relevant Time Period pursuant to the

Substance Use Disorder Prevention that Promotes Opioid Recovery and Treatment for Patients and Communities Act (SUPPORT Act)".

Upon review and consideration, the Special Master finds the motion should be granted as to this request, because it requests what efforts the DEA used of the systems in question. The undersigned considers that this request is narrowed down as to the relevant jurisdiction. With regard to the close of discovery, the Special Master notes that Judge Faber's Memorandum Opinion and Order regarding the extension of court deadlines due to COVID-19 clarifies that general discovery is substantially completed but anticipates that jurisdictionally-specific discovery may still need produced (*See* Dkt. 410). The Special Master finds this request to a great extent is exactly that sort of jurisdictionally-specific matter that was contemplated.

For these reasons, the Special Master finds Request No. 3 shall be compelled, and the instant motion to compel shall be granted as to this request.

**Discovery Request No. 7**

Third, the Special Master considers the instant motion as to Discovery Request No. 7. Request No. 7 seeks "[a]ll Documents and Communications identifying, discussing, or relating to the individuals or entities You suspect or know have unlawfully produced, transported, diverted, sold, and/or trafficked Prescription or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County".

Upon review and consideration, the Special Master finds the motion should be granted as to this request. The Special Master considers that no specific objection was lodged as to this request. Further, the Special Master considers that this request is as to jurisdictional information. However, the Special Master is cognizant of the privacy concerns regarding this request and

finds that this produced information shall be redacted so as to guard identities or other information if necessary, but that the reasons for any redaction must be included in the response.

For these reasons, the Special Master finds Request No. 7 shall be compelled, and the instant motion to compel shall be granted as to this request; however, the Special Master finds that documents responsive to this request may be redacted if necessary, with reasons showing good cause included in the response.

**Discovery Request No. 8**

Third, the Special Master considers the instant motion as to Discovery Request No. 8. Request No. 8 seeks "[a]ll Documents referring or relating to Your efforts to suspend, revoke, or seek the suspension or revocation of registrations or licenses of, or fine or otherwise sanction any distributors, doctors, pharmacies, pharmacists, healthcare providers or other persons or entities because of the alleged diversion or trafficking of Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County".

Upon review and consideration, the Special Master finds the motion should be granted as to this request, as this request is clearly jurisdictionally specific and narrow. Further, DEA did not proffer any evidence that producing responsive documents to this request would be unduly burdensome. For these reasons, the Special Master finds Request No. 8 shall be compelled, and the instant motion to compel shall be granted as to this request.

**Discovery Request No. 9**

Third, the Special Master considers the instant motion as to Discovery Request No. 9. Request No. 9 seeks "[a]ll Documents that state, discuss, reflect, or suggest recommendations for actions to be taken by You or any federal, state or local agency within the City of Huntington, Cabell County, or any town, village, or city within Cabell County, to combat the use misuse,

abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription or Illicit Opioids".

Upon review and consideration, the Special Master finds the motion should be granted as to this request. Similar to Requests No. 7 and 8, the undersigned finds and consider that this request is jurisdictionally specific, narrowly tailored to the Cabell County/City of Huntington area. Because of this, the undersigned considers it does not appear to be, and evidence was not proffered that it would be, unduly burdensome to provide a responsive answer to this request. Further, the Special Master notes and considers no privilege applies. For these reasons, the Special Master finds Request No. 9 shall be compelled, and the instant motion to compel shall be granted as to this request.

### Discovery Request No. 13

Third, the Special Master considers the instant motion as to Discovery Request No. 13. Request No. 13 seeks "[a]ll Documents reflecting or relating to any completed inspection, audit, or investigation conducted by You of any Defendant located in or distributing to pharmacies in West Virginia, including inspections, audits, and investigations that did not lead to any further investigation or enforcement action".

Upon review and consideration, the Special Master finds the motion should be granted as to this request. Not only is this discovery request jurisdictionally specific, but it is specific to these three Defendants in this civil action. Therefore, the Special Master finds it is narrowly tailored so as to be not unduly burdensome and able to be produced.

### Discovery Request No. 16

Third, the Special Master considers the instant motion as to Discovery Request No. 16. Request No. 16 seeks "[a]ll Communication between DEA Headquarters and DEA field offices

related to Your use of the Suspicious Order Reporting System (SORS), ARCOS data, or any other communications from Defendants to combat the diversion or misuse of Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County".

Upon review and consideration, the Special Master finds the motion should be granted as to this request. Similar to Request No. 13, the undersigned considers that this discovery request jurisdictionally specific, but it is specific to these three Defendants in this civil action. Therefore, the Special Master finds it is narrowly tailored so as to be not unduly burdensome and able to be produced. To be clear, the request is granted as to the three instant distributor Defendants.

**Discovery Request No. 17**

Third, the Special Master considers the instant motion as to Discovery Request No. 17. Request No. 17 seeks "[a]ll Documents relating to Your use of suspicious order reports submitted by Defendants to DEA Headquarters relating to West Virginia registrants, including but not limited to the transmittal of such suspicious order reports to DEA Diversion Investigators responsible for West Virginia and/or other federal state or local government agencies".

Upon review and consideration, the Special Master finds the motion should be granted as to this request. Again, the undersigned considers that this discovery request jurisdictionally specific. Additionally, the request is limited to only those suspicious order reports submitted by the three distributor Defendants in this civil action. Further, no evidence has been proffered indicating that it would be unduly burdensome to produce. For these reasons, the Special Master finds Request No. 17 shall be compelled, and the instant motion to compel shall be granted as to this request.

**Discovery Request No. 18**

Third, the Special Master considers the instant motion as to Discovery Request No. 18. Request No. 18 seeks "[a]ll Documents related to any investigation of suspicious orders reported by Defendants for West Virginia for West Virginia pharmacies, hospitals, or other dispensers for the Relevant Time Period".

Upon review and consideration, the Special Master finds the motion should be granted as to this request. As in previous discovery request analyses, the undersigned considers that the request is narrowly tailored. First, it is tailored geographically. Further it is limited in the time - the scope is the Relevant Time Period. Finally, it is limited to only the investigation of suspicious orders reported *by Defendants* (emphasis added). The undersigned's review did not reveal any evidence which would indicate this would be unduly burdensome.

For these reasons, the Special Master finds Request No. 18 shall be compelled, and the instant motion to compel shall be granted as to this request.

**Discovery Request No. 19**

Third, the Special Master considers the instant motion as to Discovery Request No. 19. Request No. 19 seeks "[a]ll Documents related to Your use of ARCOS data or the West Virginia Controlled Substance Automated Prescription Program data to investigate West Virginia pharmacies, pharmacists, or health care providers for the Relevant Time Period".

Upon review and consideration, the Special Master finds the motion should be granted as to this request. Like in the undersigned's analysis of Request No. 18, the undersigned considers and finds that the request is narrowly tailored. Importantly, it is tailored geographically. Further it is limited in the time - the scope is the Relevant Time Period. As a result, the undersigned finds it would not be an unduly burdensome discovery request. For these reasons, the Special

Master finds Request No. 19 shall be compelled, and the instant motion to compel shall be granted as to this request.

### Discovery Request No. 21

Third, the Special Master considers the instant motion as to Discovery Request No. 21. Request No. 21 seeks "[a]ll Documents and Communications relating to any action You took in response to the U.S. Department of Justice Office of the Inspector General's report entitled *Review of the Drug Enforcement Administration's Regulatory and Enforcement Efforts to Control the Diversion of Opioids* (September 2019)...".

Upon review and consideration, the Special Master finds the motion should be granted as to this request. The Special Master considers and finds that this a very narrowly tailored request as it narrowed down by action (if any) on the part of the DEA in response to one single report. Further, the publication date of the report being September 2019 causes the request to be narrower in scope as far as time as well. For these reasons, the Special Master finds Request No. 21 shall be compelled, and the instant motion to compel shall be granted as to this request.

### Discovery Request No. 24

Third, the Special Master considers the instant motion as to Discovery Request No. 24. Request No. 24 seeks "[a]ll Documents relating to Your investigation of and decision to not prosecute Wendell Kent Freeman.

Upon review and consideration, the Special Master finds the motion should be granted as to this request. The Special Master considers and finds that this a very narrowly tailored request as it narrowed down specifically to a possible investigation involving one person. However, the Special Master considers the sensitive nature of producing documents responsive to a request regarding investigation and possible prosecution of an individual and finds that redactions may

be made if necessary. However, if this is done, the reason for redaction must be included in the response.

For these reasons, the Special Master finds Request No. 24 shall be compelled, and the instant motion to compel shall be granted as to this request, with the caveat that appropriate redaction may be performed, so long as the reason for redaction is included in the response.

**Discovery Request No. 26**

Third, the Special Master considers the instant motion as to Discovery Request No. 26. Request No. 26 seeks "[a]ll Documents relating to suspicious order reports for West Virginia pharmacies, hospitals, and other dispensers that were submitted directly to DEA field offices in West Virginia during the Relevant Time Period, and all actions taken resulting from the same.

Upon review and consideration, the Special Master finds the motion should be granted in part and denied in part as to this request. The request as is is too broad and would be unduly burdensome. Recognizing the potential relevance of the material requested, the Special Master finds it would be appropriate to modify and limit the response to suspicious order reports from the identified entities within a 25 mile radius of the City of Huntington, including all of the City of Huntington and Cabell County.

For these reasons, the Special Master finds Request No. 26 shall be compelled in part, and the instant motion to compel shall be granted in part as to this request, modified and limited as described by the Special Master above.

**Discovery Request No. 32**

Third, the Special Master considers the instant motion as to Discovery Request No. 32. Request No. 32 seeks "[a]ll Documents concerning Communications with or about the Government Accountability Office (GAO) relating to the following report: *Drug Control:*

*Actions Needed to Ensure Usefulness of Data on Suspicious Orders*, GAO-20-118 (Washington, D.C.: January 2020)".

      Upon review and consideration, the Special Master finds the motion should be granted as to this request.  This discovery request is extremely narrowly tailored as it is seeks documents relating to one, single report that is very recent.  The Special Master finds providing responsive documents would not be unduly burdensome.  For these reasons, the Special Master finds Request No. 32 shall be compelled, and the instant motion to compel shall be granted as to this request.

Unless otherwise indicated the relevant time period as set out in this Order is 2000 to the present.

 RESPECTFULLY SUBMITTED,

                                              /s/ Christopher C. Wilkes
                                              Special Master

Dated:  May 27, 2020