UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,
    Defendants.

CIVIL ACTION NO. 3:17-01362

CABELL COUNTY COMMISSION,
    Plaintiff,

v.

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,
    Defendants.

CIVIL ACTION NO. 3:17-01665

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES ON OPIOID-RELATED EXPENDITURES**

The 19th century English writer and poet, Lewis Carroll, was a literary stylist whose novel, *Alice in Wonderland*, depicted a world in which things real and imagined were seamlessly intertwined, and whose poem "Jabberwocky" presented a beguiling blend of the eloquent, the profound, and the incomprehensible. Quoting the Mad Hatter:

> *If I had a world of my own, everything would be nonsense. Nothing would be what it is, because everything would be what it isn't. And contrary wise, what is, it wouldn't be. And what it wouldn't be, it would. You see?*[1]

In what is now the third year of the opioid litigation, the Distributor Defendants remain committed to delaying this case in any way possible – including by pushing both the parties and this Court down a rabbit hole thinly veiled as a legitimate discovery dispute.

---

[1] Lewis Carroll. *Alice's Adventures in Wonderland*. New York: Macmillan (1920).

## I. BACKGROUND

Distributor Defendants served interrogatories and requests for production of documents on Plaintiffs on October 25, 2019, to which Plaintiffs timely served responses, including the rolling production of documents. Moreover, after a meet and confer with Defendants, both Plaintiffs provided Defendants with additional information.[2] Nevertheless, on January 31, 2020, Defendants moved to compel additional responses to their October 25 requests. (Doc. 150) (Filed 01/31/20). In their Motion to Compel, Defendants argued that both the City of Huntington and Cabell County Commission were deficient in their respective responses to Interrogatories Nos. 5, 6, 7, and 8.[3] Separately, Defendants also argued that Cabell County was deficient in its responses to Defendants' Interrogatories Nos. 10 and 11 and to Request for Production Nos. certain Requests for Production, including Requests Nos. 11 and 16.[4] With respect to these particular requests, the Court noted Cabell County's response concerning its ongoing document collection and production and found "it appropriate to direct Cabell County to have until April 30, 2020, the date of the close of discovery, by which to fully respond and supplement." Notably, the close of discovery is now June 12, 2020.

Despite the Court's clear guidance in DR1, Defendants attempt to obfuscate the Court's ruling – and Plaintiffs' corresponding discovery obligations – by characterizing DR1 as having

---

[2] The Cabell County Commission served Amended Responses to Distributors' First Set of Interrogatories and First Requests for Production on December 13, 2019. Cabell County served its First Supplemental Amended Answers to Distributor Defendants' First Set of Interrogatories on May 11, 2020. On May 21, 2020, Cabell County also served Supplemental Responses to Interrogatory No. 10 and Request for Production No. 15.

[3] On March 24, 2020, the Court issued Discovery Ruling 1 ("DR1") and denied Defendants' Motion as to Interrogatories No. 5, 6, and 7. (Doc. 248). The Court also held that Plaintiffs should be allowed supplement their responses to Interrogatory No. 8 based on ongoing discovery.

[4] Notably, while Defendants attempt to characterize DR1 as applying to both Plaintiffs' responses to Interrogatories 10 and 11 and Requests for Production 11 and 16, only Cabell County's Responses to these requests were the subject of Defendant's January 31 Motion to Compel and the Court's subsequent discovery ruling.

changed Defendants' original discovery requests to reflect the far broader expectations outlined in Defendants' April 3, 2020 letter to Plaintiffs. Given that Defendants' April 3rd letter was, at best, an attempt to seek new and additional discovery through informal and improper means, Plaintiffs declined to respond.

In asking the Court to order "Plaintiffs to fully supplement their discovery responses on their opioid-related actions and expenditures and their sought remedy of abatement damages," (Def.'s Mot. at p. 7), Defendants suggest that Plaintiffs have improperly withheld otherwise responsive information. Defendants also claim that information concerning Plaintiffs' opioid-related actions and expenditures, such as "detailed information and documents about the abatement-related actions that Plaintiffs have taken, including the cost of each such action," and "the dates, nature, and extent, and targets of Plaintiffs' opioid-related actions" should be provided in fact discovery rather than through expert opinion. (*Id.* at 2). As explained in more detail below, Defendants are wrong on both counts and Defendants' Motion to Compel Discovery Responses on Opioid-Related Expenditures should be denied in its entirety.

### III. ARGUMENT

#### A. Plaintiffs Have Satisfied their Discovery Obligations Pursuant to DR1

Defendants' Motion to Compel argues that "Plaintiffs have resisting [sic] providing information and documents on their opioid-related expenditures and abatement damages . . . ." (Def.'s Mot. at 2), in response to Defendants' Interrogatories Nos. 10 and 11 and Request for Production No. 16. This is inaccurate. Both the City of Huntington and the Cabell County Commission have complied with DR1 by diligently collecting and producing responsive

3

documents in accordance with their ongoing discovery obligations, as well as by supplementing their respective written responses where appropriate.[5]

    a. <u>Interrogatories Nos. 10 and 11</u>

Interrogatory Nos. 10 and 11 asked Plaintiffs to identify their respective efforts "to address the 'hazards to public health and safety' that [they] attribute to the wrongful conduct of Distributor Defendants," including "the amount of taxpayer dollars [they] expended to fund these efforts" and information concerning other sources of funding or recover for any other opioid-related costs. In response to Interrogatory No. 10, the City of Huntington outlined at least four pages worth of initiatives that it undertook in an effort to address the hazards to public health and safety arising from Defendants' wrongful conduct, including, for example, community partnerships, public health programs, and law enforcement initiatives intended to address and combat the opioid crisis in Plaintiffs' community. The Cabell County Commission has also sufficiently responded to this Interrogatory. Specifically, in its Supplemental Response to Interrogatory No. 10 and Request for Production No. 15, served on May 21, 2020, the Cabell County Commission noted that it was fiscally responsible for several departments that have had to dedicate resources to responding to the opioid epidemic, including the Office of the Prosecuting Attorney, the Sherriff's Department, and Emergency Medical Services. Cabell County's response to this Interrogatory also specifically identified the budget and expense information it had produced for each of these departments.[6] *See*

---

[5] Notably, as discussed *supra* Defendants' January 31 Motion to Compel did not take issue with the City of Huntington's responses to Interrogatories Nos. 10 and 11 or with its response to Request for Production No. 16. Nevertheless, the City of Huntington has also continued to supplement its responses and productions in compliance of their obligations under the discovery rules.

[6] *See* Plaintiff Cabell County Commission's Supplemental Responses to Interrogatory No. 10 and Request for Production No. 15, Pursuant to Discovery Ruling No. 1 and corresponding Appendix, served on May 21, 2020, attached hereto as Exhibits 1 and 2, respectively.

*e.g.,* Fed. R. Civ. P. 33(d) (allowing a party to answer interrogatory by reference to documents in certain circumstances).

Likewise, in response to Interrogatory 11, which asks Plaintiffs to identify "all efforts [they] have made to recover expenditures," both the City of Huntington and the Cabell County Commission, respectively, responded that Plaintiffs filed the instant suit in order to recover such expenditures. Plaintiffs stand by their answers to this Interrogatory, which was not otherwise implicated in DR1.

      b. Request for Production No. 16

Request for Production No. 16 asked Plaintiffs to produce "All documents that state, discuss, reflect, or suggest recommendations for programs, initiatives, or actions to be taken by You, any agency of the State of West Virginia, or any agency of the federal government (or any programs sponsored or funded by any such entity) to prevent, interdict, redress, treat, or otherwise ameliorate wrongful importation or distribution, abuse, misuse of, or addiction to, opioids."[7]

The Cabell County Commission has fully disclosed all of the records it believes to be responsive to this Request, including records related to: (a) criminal investigations by the Sheriff; (b) felony prosecutions by the Prosecutor; (c) run sheets from Emergency Medical Services; and (d) budgets and expenditures from each of the county services for which the Commission has fiscal responsibility. The documents related to budgets and expenditures have been harvested, identified by title, assigned Bates numbers, organized, summarized in a table and produced.

---

[7] Defendants' discussion of Request No. 16 correctly notes that DR1 did not focus on Huntington's response to Request No. 16. Nothing in DR 1 instructed the City of Huntington to produce additional documents concerning this particular discovery request, as it was not at issue. Confusingly, Defendants point to the January 31, motion to compel RFP's 11 and 15 to bolster their assertion that Huntington is somehow noncompliant in their responses to RFP 16, but the section concerning RFP 16 in Defendants' January 13th Motion to Compel never discussed any such deficiency.

Similarly, the City of Huntington has produced numerous documents that reflect programs, actions, and initiatives taken to deal with opioid epidemic, including, but not limited to documents pertaining to the Mayor's Office of Drug Control Policy Strategic Plan, the City of Solutions and the Resiliency Plan. In the past five months, the City has produced thousands of documents that speak to law enforcement initiatives, community partnerships, grant information, proposed solutions and plans, presentations, conferences and meetings.[8] Specific to expenditures, the City of Huntington has also produced, among other responsive documents, annual reports from the police department and fire department, wage and benefit agreements, salary and payroll information, grant materials, City of Huntington budgets and departmental-specific budgets.[9]

Defendants complain that Plaintiffs have not provided operational data, and that Plaintiffs' productions reflects "only sporadic," "summary" statistics. Plaintiffs dispute this characterization, however, even if this were true, Plaintiffs can only provide Defendants with information within their custody or control. As Special Master Wilkes explained when he directed Plaintiffs to produce certain "lists, reports, or other compilation of statistics" pursuant to DR1: "In the interests of the discovery deadline in place in this civil action, this direction applies **to information that is already in Plaintiffs' possession or readily accessible**." (emphasis added).

---

[8] Given the breadth and volume of the documents produced on this topic, it is not feasible for the City of Huntington to provide an exhaustive list of Bates ranges for these documents. Accordingly, the City of Huntington previously directed Defendants to specific custodial files that speak to these documents, including that: Jan Rader (Current Chief of Fire), Scott Lemley (Former Statistical Analyst in the Huntington Police Department), Steve Williams (Current Mayor), Angie Bracey (Executive Assistant to the Mayor), Bryan Chambers (Communications Director), Hank Dial (Former Police Chief), Cathy Burns (Former City Manager), Kim Bailey (Purchasing Director) and Barbara Miller (City Clerk).

[9] Such documents are primarily found in the custodial files of Scott Arthur (Current Budget Director), Darla Bentley (former budget director), Deron Runyon (former finance director), Pamela Chandler (former finance director), Cathy Burns (former city manager), Kathy Moore (current finance director), Sherry Lewis (director of human resources), Jan Rader (Chief of Fire) and Dan Underwood (Administrative Bureau Captain).

In summary: Plaintiffs have discharged their duties to respond to Defendants' discovery requests and are not required to do anything additional pursuant to the Federal Rules of Civil Procedure.

### B. Plaintiffs Will Disclose Additional Abatement Information Through Expert Witness Testimony

Defendants' Motion to Compel characterizes Plaintiffs as seeking "a novel remedy in this litigation that they call 'abatement damages,'" but argues that Plaintiffs have "failed to provide sufficient information or documents for Defendants to understand or evaluate this requested relief."  (Def.'s Mot. at p. 1).  The Defendants' attempt to feign confusion[10] regarding the nature of Plaintiffs' remedy in an effort to compel early expert witness discovery ignores that this same argument was previously rejected during the Case Track One ("CT1A") litigation.  Specifically, in CT1A, the Distributor Defendants tried to compel more detailed responses to a discovery request identical to Interrogatory No. 10 in the instant case.  Special Master Cohen, however, ruled that "supplementation [was] not required," on the grounds that, among other things, "the requested additional information is appropriately provided via expert reports."  Here, like in CT1, additional information concerning calculations relating to Plaintiffs' abatement remedies will be the subject of fully-supported and detailed expert witness opinion(s) that will be disclosed in accordance with scheduling order in this case and the Federal Rules of Civil Procedure.  Plaintiffs are under no obligation to provide defendants with "quantifications of its costs" prior to this time.

---

[10] Distributor Defendants accurately depicted the nature of the remedy in a prior pleading: **Plaintiffs have disclaimed past and future damages. They assert that they are seeking only prospective "abatement" of an ongoing nuisance.**  *See* Defendants' Opposition to Plaintiffs' Motion to Compel Defendants' Communications with the DEA, fn. 1 (Document 306) (Filed 04/09/20). The source of the more recent confusion expressed in Defendants' Motion to Compel therefore appears to have factitious origins.

## IV. CONCLUSION

For all of the reasons set forth herein, Plaintiffs respectfully request that this Court deny Defendants' Motion to Compel.

Dated: May 27, 2020                                                             Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No. 12547) | Paul T. Farrell, Jr. (WVSB Bar No. 7443) |
| Joseph F. Rice | **FARRELL LAW** |
| **MOTLEY RICE LLC** | 422 Ninth Street, 3rd Floor (25701) |
| 28 Bridgeside Blvd. | PO Box 1180 |
| Mount Pleasant, SC 29464 | Huntington, West Virginia 25714-1180 |
| Tel: 843-216-9000 | Mobile: 304-654-8281 |
| Fax: 843-216-9450 | paul@farrell.law |
| akearse@motleyrice.com | |
| jrice@motleyrice.com | /s/ *Anthony J. Majestro* |
| | Anthony J. Majestro (WVSB No. 5165) |
| Linda Singer | **POWELL & MAJESTRO, PLLC** |
| David I. Ackerman | 405 Capitol Street, Suite P-1200 |
| **MOTLEY RICE LLC** | Charleston, West Virginia 25301 |
| 401 9th Street NW, Suite 1001 | 304-346-2889 / 304-346-2895 (f) |
| Washington, DC 20004 | amajestro@powellmajestro.com |
| Tel: 202-232-5504 | |
| Fax: 202-386-9622 | Michael A. Woelfel (WVSB No. 4106) |
| lsinger@motleyrice.com | **WOELFEL AND WOELFEL, LLP** |
| dackerman@motleyrice.com | 801 Eighth Street |
| | Huntington, West Virginia 25701 |
| Charles R. "Rusty" Webb (WVSB No. 4782) | Tel. 304.522.6249 |
| **THE WEBB LAW CENTRE, PLLC** | Fax. 304.522.9282 |
| 716 Lee Street, East | mikewoelfel3@gmail.com |
| Charleston, West Virginia 25301 | |
| Telephone: (304) 344-9322 | |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES ON OPIOID-RELATED EXPENDITURES was filed electronically using the Court's CM/ECF system and thereby was served upon all counsel registered in the system on May 27, 2020, and also was served by email to Plaintiffs' listserv at mdl2804discovery@motleyrice.com and to Defendants' listserv at track2opioiddefendants@reedsmith.com.

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)
**MOTLEY RICE LLC**