**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

THE CITY OF HUNTINGTON,
Plaintiff,

v. Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG CORPORATION, *et al.*
Defendants.

---

CABELL COUNTY COMMISSION,
Plaintiff,

v. Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG CORPORATION, *et al.*
Defendants.

## PLAINTIFFS' FOURTH JOINT DISCOVERY STATUS REPORT

Plaintiffs, the City of Huntington and Cabell County Commission, respectfully submit the following status report with the intention of updating the Special Master as to the progress of this case.

### I. Plaintiffs' Productions

#### a. Plaintiffs' Production of Documents and Custodial Files

Both ESI and hard copy documents have been collected by the Cabell County Commission where available, for all forty-eight (48) agreed upon custodians. The Cabell County Commission has also collected and produced various non-custodial departmental documents. Likewise, the City of Huntington has also produced responsive documents and information in its possession, custody and control across departments, both in hard copy and electronically. Where available, the City has identified and collected information for the fifty-four (54) agreed to custodians and associated

departmental files. As set forth in the City of Huntington's prior letter to Defendants and Plaintiffs' Third Status Report, the City is currently processing and reviewing additional hard copy documents located by the Huntington Police Department and anticipates completing its review prior to the Court's June 12, 2020 deadline.

**b. Defendants' Allegations of Plaintiffs' Deficiencies in Document Production, Custodial Files, and Discovery Responses**

Defendants continue to allege that Plaintiffs have fundamental discovery deficiencies in their productions – arguing, for example, that Plaintiffs' productions are deficient because certain custodial files contained few or no documents – and have filed Motions to Compel relating to these alleged deficiencies.[1] Notably, Plaintiffs have repeatedly explained that "an appropriate custodian is an individual whom based on good faith investigation is most likely to have non-cumulative discoverable information." As such, Plaintiffs fundamentally disagree that numerous individuals requested by Defendants were appropriate custodians.

Despite Plaintiffs' repeated objections as to the cumulative nature of Defendants' requested custodians, Defendants remained unwilling to defer many of their requests. Although Plaintiffs ultimately agreed to produce custodial files for the majority of the individuals Defendants requested, this does not change the fact that many of these individuals possess cumulative and duplicative information, if any, rendering them improper custodians. Nevertheless, Plaintiffs have

---

[1] Defendants have filed the following Motions to Compel:

- Motion to Compel Discovery Responses on Opioid-Related Expenditures (Doc. # 0422-0). Plaintiffs responded on May 27, 2020, and Defendants' reply is due June 2, 2020.
- Motion to Compel Discovery Responses (Doc. # 0424-0). Plaintiffs responded on May 27, 2020, and Defendants' reply is due June 2, 2020.
- Motion to Compel *In Camera* Review and Production (Doc. # 0432-0). The Parties conferred and agreed that Plaintiffs' response is due June 5, 2020.

scoured their files and records, re-reviewed documents, and produced all relevant, non-privileged documents that could be identified after a diligent search. After failing to heed Plaintiffs' advisements, Defendants' complaints concerning Plaintiffs' productions only further underscore the validity of Plaintiffs' initial and repeated concerns.

**II. Defendants' Productions**

**a. Defendants' Discovery Responses**

Defendants have provided written responses to all of Plaintiffs' discovery requests. However, despite the narrowly-tailored nature of Plaintiffs' requests, there are still certain deficiencies in Defendants' responses.

For example, Plaintiffs previously moved to compel Cardinal Health to provide additional discovery responses, alleging that Cardinal's discovery responses to certain requests were incomplete or evasive and failed to identify the requested and plainly relevant information. Special Master Wilkes issued Discovery Ruling No. 4 on May 13, 2020 (Doc. # 0418-0) to resolve Plaintiffs' Motion to Compel Cardinal Health Discovery (Doc. # 0350-0), which ordered Cardinal to 1) identify, by Bates number, any due diligence documents exercised in reporting suspicious orders; 2) allow four (4) specific individuals' limited depositions; and 3) produce identification of CAH's Pharmacy Business Consultants (PBC) and the custodial files of identified PBCs. However, Cardinal Health subsequently filed its Motion for Reconsideration to the Special Master Regarding Discovery Ruling No. 4 on May 20, 2020 (Doc. # 0464-0). Plaintiffs' response is due June 1, 2020, and Defendants' reply is due June 5, 2020.

Plaintiffs have also filed the following Motions to Compel, which are currently pending as follows:

- Plaintiffs' Motion to Compel Responses form Cardinal Health to Plaintiffs' First and Sixth Combined Discovery Requests (Doc. # 0438-1) The Parties

conferred and agreed that CAH would file supplemental discovery responses by June 2, 2020, at which time Plaintiffs will identify remaining issues. If issues remain, CAH will file a response on June 8, 2020.

- Plaintiffs' Motion to Compel Defendants to Withdraw Privilege Claims and for *In Camera* Review of Privilege Claims (Doc. # 0439-0). The Parties conferred and remain in negotiations regarding the issues.

- Plaintiffs' Motion to Compel Defendants' Communications with the DEA (Doc. # 269). The Parties discussed this issue before Special Master Wilkes on May 15, 2020 and continue to confer on the language of the proposed order.

## III. Third Party Productions

A number of third-party requests for production have been issued. As discussed below, third parties have responded by seeking protection from the Court, negotiating with the serving party, or complying with the requests issued.

### a. Defendants' Document Subpoenas

Defendants have subpoenaed forty-seven (47) third-party entities for production of documents, thirty-nine (39) only for production of documents and eight (8) both for testimony and document production. Plaintiffs are aware of approximately nine (9) having produced documents[2] and six (6) are expected to produce (or have produced) documents to Defendants.[3]

### b. Plaintiffs' Document Subpoenas

Plaintiffs have subpoenaed nineteen (19) third-party entities for production of documents. Of those, three (3) produced documents, four (4) reached out for discussions, three (3) failed to

[2] The nine third-party entities who have produced documents to Defendants, who have in turn re-produced productions to Plaintiffs, include: Appalachia High Intensity Drug Trafficking Area (AHIDTA); Coalition for Responsible Chronic Pain Management; National Board of Medical Examiners (NBME); PROACT, Inc.; Quality Insights; WV Board of Medicine; WV Board of Osteopathic Medicine; WV Office of Chief Medical Examiner (OCME); and WV Office of Insurance Commissioner (OIC).

[3] The six third-party entities expected to produce documents to Defendants, whom Plaintiffs expect to re-produce to Plaintiffs, include: Cabell Huntington Hospital (CHH); Cabell-Huntington Health Department; Governor's Council on Substance Abuse Prevention and Treatment (SAP&T) c/o DHHR; WV Board of Dentistry; WV Board of Examiners for Licensed Practical Nurses (RN Board); and WV Board of Pharmacy (BOP).

respond, one (1) had no documents to produce, and eight (8) national pharmacy entities filed objections.

**c. Outstanding Defendants' Motions to Compel Third Parties**

Defendants filed the following Motions to Compel on May 15, 2020. Responses were due May 27, 2020 and Replies on June 2, 2020.

- Board of Examiners for Licensed Practical Nurses (Doc. # 0426-0).
- Office of the Chief Medical Examiner (Doc. # 0428-0).
- West Virginia Bureau for Children and Families (Doc. # 0430-0).
- "Omnibus Motion" to Compel Third-Party Discovery (Doc. # 0435-0)

Defendant's Omnibus Motion seeks to compel forty-two (42) third-parties to produce documents. Their motion indicates that eleven (11) third-party entities have begun producing documents while thirty-one (31) third-party entities remain in negotiations. Defendants requested this Omnibus Motion to be held in abeyance.

The following four third-party entities filed responses in opposition on May 27, 2020:

- The Federal Bureau of Investigation (Doc. # 0469-0).
- West Virginia Board of Medicine (Doc. # 0470-0).
- Cabell Huntington Hospital & St. Mary's Medical Center (Doc. # 0471-0).
- PROACT, Inc. (Doc. # 0473-0).

**d. Outstanding Plaintiffs' Motions to Compel Third Parties**

- Plaintiffs' Motion to Compel U.S. Drug Enforcement Agency's Production of Subpoenaed Documents (Doc. # 0385-0). Plaintiffs' filed this Motion on May 1, 2020. The DEA responded on May 12, 2020 (Doc. #0402-0), and Plaintiffs' replied on May 15, 2020 (Doc. # 0419-0). **This issue is ripe before Special Master Wilkes.**

**e. Outstanding Third-Party Motions to Quash**

- West Virginia Public Employees Insurance Agency's Renewed Motion to Quash Subpoenas (Doc. # 0420-0). WV PEIA filed this Motion on May 15, 2020. The Defendants' responded on May 26, 2020 (Doc. # 0467-0), so the WV PEIA reply is due June 1, 2020. WV PEIA's original Motion to Quash was filed March 30, 2020 (Doc. # 0260-0), with Defendants' response filed April 6, 2020 (Doc. # 0282-0) and WV PEIA's reply filed April 9, 2020 (Doc. # 0304-0).

- West Virginia Department of Health & Human Resources, Bureau for Behavioral Health's Motion to Quash (Doc. # 0441-0). The WV DHHR BBH filed this Motion on May 18, 2020. The Defendants' response is due May 28, 2020, and the WV DHHR BBH reply is due June 3, 2020.

- Cabell Huntington Hospital's Motion to Quash Subpoena (Doc. # 0309-0). CHH filed a response to Defendants' Omnibus Motion (referenced above) (Doc. # 0471-0). In their response, CHH reserves and asserts their right to renew their prior Motion to Quash filed April 10, 2020 (Doc. # 0309-0), which had been held in abeyance while the parties remained in negotiations.

- West Virginia Offices of The Insurance Commissioner's Motion to Quash (Doc. # 0259-0).

## IV. Fact Depositions

**a. Plaintiffs' Fact Witness Depositions**

Defendants have requested dates for thirty-two (32) Cabell County and City of Huntington witnesses. Plaintiffs are coordinating with witnesses and will provide Defendants with proposed deposition dates in the near future.

**b. Defendants' Fact Witness Depositions**

Plaintiffs have also attempted to schedule certain Defendant fact witness depositions. On May 8, 2020, Plaintiffs filed notice to conduct three 30(b)(6) Defendant depositions on ten (10) subject matters, and offered to accept a binding stipulation that Defendants will produce a live witness or witnesses on each subject matter at trial in lieu of producing a witness for deposition. (Doc. # 0407-0, 0408-0, and 0409-0). Having failed to receive available deposition dates from

Defendants, Plaintiffs filed a Motion to Compel Defendants' 30(b)(6) Depositions on May 26, 2020. (Doc. # 0468-0).

Plaintiffs have also requested deposition dates for other fact witnesses, including ABDC's Steven Collis, President and CEO; McKesson's John Hammergren, Chairman, President and CEO; and Cardinal's George Barrett, Executive Chairman of the Board. Plaintiffs' request to ABDC for six (6) deposition dates remains outstanding, despite Plaintiffs' offer to forgo the depositions of Michael Lawlor and Stephen Hendrickson in exchange for ABDC's providing deposition dates for the other four (4). Plaintiffs also have an outstanding request to McKesson to take the depositions of three (3) current or former employees as, to date, Plaintiffs have not received deposition dates. Finally, Plaintiffs are in ongoing discussions regarding deposition dates for seven (7) Cardinal Health witnesses.

**c. Third Party Fact Witness Depositions**

Defendants have stated that they cannot prepare for or conduct third party depositions for lack of sufficient production. Defendants have subpoenaed thirty-nine (39) third-party entities for testimony, including seventeen (17) Amended Subpoenas to Testify filed on May 19, 2020. Although some subpoenas include proposed dates, times, and locations, the Parties have agreed to notify all Parties with the requisite details when any third-party deposition has been confirmed.

## V. Other Outstanding Motions Likely to Impact Scope of Discovery

**a.** The following motions are pending before Judge Faber, and judgement on these motions and requested orders will shape the evolution of this case and the parties' motions practice:

- Plaintiffs' Motion to Strike Defendants' Notice of Non-Party Fault (Doc #: 0224) (Filed: 3/13/2020) (See Plaintiffs' Memorandum of Law in Support of Motion to Strike Defendants' Notice of Non-Party Fault) (Doc #: 0225)

(Filed: 3/13/2020) (arguing Defendants are jointly liable and are not entitled to apportion fault to non-parties); and

- Defendants' Motion for Summary Judgment: Statute of Limitations (Doc #: 0240-0) (Filed: 3/20/2020) (See Plaintiffs' Opposition) (Doc. # 0288-0) (Filed: 4/6/2020).

Dated: May 28, 2020

Respectfully submitted,

THE CITY OF HUNTINGTON

/s/ *Anne McGinness Kearse*

Anne McGinness Kearse (WVSB No. 12547)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com

CABELL COUNTY COMMISSION

/s/ *Paul T. Farrell, Jr.*

Paul T. Farrell, Jr., Esq. (WVSB No. 7443)
**FARRELL LAW**
P.O. Box 1180
Huntington, WV 25714-1180
422 Ninth Street, 3rd Floor
Huntington, West Virginia 25701
office: 304.523.7285
cell: 304.654.8281
email: paul@farrell.law

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2020, PLAINTIFFS' FOURTH JOINT DISCOVERY STATUS REPORT was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system and via email to plaintiffs' listserv at mdl2804discovery@motleyrice.com and defendants' listserv at track2opioiddefendants@reedsmith.com.

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)