UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**

    **Plaintiff,**

v.                                                                                        **Civil Action No. 3:17-01362**

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

**AND**

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

v.                                                                                        **Civil Action No. 3:17-01665**

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

**NON-PARTY WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES, BUREAU FOR CHILDREN AND FAMILIES RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES**

COMES NOW Non-Party West Virginia Department of Health & Human Resources, Bureau for Children and Families ("BCF"), by counsel, B. Allen Campbell, Senior Assistant Attorney General and Steven R. Compton, Deputy Attorney General, and hereby submits this Response In Opposition to Defendants' Motion to Compel Discovery Responses filed May 15, 2020, by counsel for defendant AmerisourceBergen Drug Corporation ("AmerisourceBergen"). For its Response BCF states as follows:

    1.    On or about February 25, 2020, BCF received a subpoena duces tecum from AmerisourceBergen comprised of thirty-eight expansive document requests that

were manifestly overly broad and unduly burdensome.  *See* Exhibit 1, attached.  As written, the subpoena duces tecum requested, *inter alia*, virtually every document BCF had created on every child and family in West Virginia for almost a quarter of a century, every bit of data from every child and family in BCF's Family and Children's Tracking System, financial and budgetary information for BCF from 1996 forward, and nebulous "custodial documents" of a slew of past and present BCF employees.

2. Additionally, shortly after BCF received the subpoena duces tecum, the Governor issued a Stay at Home Order requiring all state employees to stay home, teleworking where possible.  Only essential state employees were permitted to be present in the office.  While BCF is providing essential field services, the vast majority of its employees, especially on the state level, are working from home with limited access to records or archived documents.  To date, there has been no guidance from the Governor's Office on when, if, or how state employees will be returning to the office.  Consequently, it has been exceedingly difficult for BCF to provide a meaningful response to the subpoena duces tecum

3. Nonetheless, BCF has participated in multiple meet and confer teleconferences with defendants in an attempt to narrow the scope of the requests and limit the amount of data requested.  BCF asserts the parties have made substantial progress in this regard.  BCF has made clear its objections to defendants during the meet and confer teleconferences and has diligently attempted to resolve those objections with defense counsel.  BCF and defendants continue to participate in meet and confer teleconferences at which defendants are routinely updated on BCF's progress in providing responses.  Consequently, BCF avers the motion to compel is

premature at this point, and asks the Court to hold the motion in abeyance until it has been definitively determined what responsive information BCF can, or is willing, to provide.

4. With regard to the specific issues raised in defendant's motion, defendant's simplistic and erroneous assertions are indicative of why defendant's motion to compel is premature. Defendants assert BCF is unwilling to "produce documents reflecting foster care removal and placement case files because they are protected from disclosure by state statute." While it is true that BCF objects to the disclosure of case files because they are deemed confidential pursuant to W. Va. Code, confidentiality is but one of the issues. Such a request is overly burdensome to BCF. Case files are maintained in the Families and Children's Tracking System (FACTS). In order to produce complete copies of case files, a large number of workers would have to be hired or diverted from their normal duties in order to print out the case files page by page for each and every child and family – from 1996 to present. Even limiting this request to the geographic area of Cabell County, this would entail millions of pages of documents and several thousand man hours to complete at considerable cost to the State of West Virginia. Additionally, a request for every document in a child or family's case file is overly broad and not proportional to the instant litigation. BCF is continuing to work with the FACTS programmers to see what reports can be gleaned from the data in order to provide information defendants seek.

5. Defendants' reliance on *State ex rel. Lorenzetti v. Sanders*, 238 W. Va. 157, 162-163, 792 S.E.2d 656, 661-662 (2016) is misplaced. This case involved a criminal trial in which the defendant was accused of sexually abusing a minor. Defense

counsel sought the BCF case files regarding the child because it was believed the child had made multiple recantations of the allegations against the defendant.  The Court found that the defendant in that case had a constitutional right to review exculpatory information to prepare his defense.  However, while the court did hold that the West Virginia Code did provide exceptions to the general confidentiality provision of child protective services records, it narrowly tailored its holding in this case.  The court found that

> before allowing a defendant to review records concerning a child that are confidential under West Virginia Code Section 49-5-101 [2015] but may contain exculpatory or impeachment evidence which is material to the defense, the circuit court should conduct an *in camera* review of the record to determine whether and to what extent they will be disclosed to the Defendant under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  In conducting its *in camera* review, the circuit court must balance the Defendant's interest in a fair trial with the State's interest in protecting a child's confidentiality, and determine whether an order limiting the examination and use of the records is necessary for the child's safety." *Id.*

This is hardly the fact pattern presented in the instant litigation.  In *Lorenzetti* a defendant's constitutional right to exculpatory evidence required the court to review the child protective services records *in camera* and make a determination of whether the defendant's right to a fair trial outweighed this child's need for confidentiality.  The same constitutional provisions are not implicated in the instant litigation.  Moreover, BCF would assert even under the most favorable reading of *Lorenzetti* to defendants, this case would require the Court to conduct an *in camera* review of each and every child protective services record sought by the defendants to determine whether and to what extent the records should be disclosed to defendants.

4

6. Likewise, defendants' reliance on *Ogden Newspapers, Inc, v. City of Williamstown*, 192 W.Va. 648, 656, 453 S.E.2d 631,639 (1994) is misplaced. This case did not involve child protective services records. This case involved police reports records which contained the names of juveniles. The statute providing for the confidentiality of child protective services records was not implicated in this case.

7. With regard to the remaining "priority requests" identified by defendants, BCF is continuing to search for responsive documents with the limited staff available and will provide documents as expeditiously as it is able. In addition to the subpoena duces tecum received by BCF, the various bureaus of DHHR, to date, have received approximately 25 similar subpoenas duces tecum and subpoenas for testimony and production of documents. DHHR's Information Technology staff is primarily focused on providing support to the COVID-19 pandemic response. However, what staff is available for other tasks are not just responding to the instant subpoenas, but the remaining data requests as well.

## CONCLUSION

For the foregoing reasons, BCF respectfully requests defendants' Motion to Compel be denied as it is premature. In the alternative, BCF requests that the motion be placed in abeyance, until such time as BCF has had a reasonable time to respond to the subpoena duces tecum or until such time the parties have reached an impasse.

Respectfully submitted,

WEST VIRGINIA DEPARTMENT OF
HEALTH & HUMAN RESOURCES,
BUREAU FOR PUBLIC HEALTH

By Counsel,

PATRICK MORRISEY
ATTORNEY GENERAL


/S/ B. Allen Campbell
B. ALLEN CAMPBELL
SENIOR ASSISTANT ATTORNEY GENERAL
W. VA. Bar ID # 6557
STEVEN R. COMPTON
DEPUTY ATTORNEY GENERAL
W. VA. Bar ID # 6562
350 Capitol Street, Room 350
Charleston, West Virginia 25301
(304) 356-4797 (phone)
(304) 558-1008 (fax)
Allen.B.Campbell@wv.gov
Steven.R.Compton@wvago.gov

## **CERTIFICATE OF SERVICE**

I, B. Allen Campbell, Senior Assistant Attorney General, do hereby certify that on May 18, 2020 the foregoing "NON-PARTY WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES, BUREAU FOR CHILDREN AND FAMILIES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

Gretchen M. Callas
Jackson Kelly PLLC

/S/ B. Allen Campbell
B. ALLEN. CAMPBELL
SENIOR ASSISTANT ATTORNEY GENERAL