THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**

    **Plaintiff,**

**v.**

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

**AND**

**CABELL COUNTY COMMISSION,**

    **Plaintiff.**

**v.**

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

**Civil Action No. 3:17-01362**

**Civil Action No. 3:17-01665**

**NON-PARTY WV OFFICE OF THE CHIEF MEDICAL EXAMINER'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES**

NOW COMES the Non-Party WV Office of the Chief Medical Examiner ("OCME"), pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, by counsel, and in opposition to the AmerisourceBergen Drug Corporation's ("Defendant") Motion to Compel Discovery Responses sought in Defendant's Subpoena to Produce Documents, Information, or Objects to the Office of the Chief Medical Examiner served through the Secretary of State's Office on February 24, 2020. Specifically, the Defendant seeks to compel the OCME to produce documents responsive to its Subpoena Requests No. 2, 4,

16, and 32, as well as for several requests for which the OCME, in its previously filed Response, had required additional search time after which it would respond or supplement its responses accordingly to Requests No. 12, 18, 22, 23, 24, 25, and 27.

OCME agrees counsel for the Defendants and for the OCME have engaged in a conference call to discuss the subpoena requests. During this conference call, some requests were narrowed while others were clarified. OCME explained to Defendants that all of state government, including OCME, was severely impacted by the Governor's Stay at Home Order, limiting the amount of staff available to conduct searches for information. Nonetheless, OCME provided an initial response to defendants and indicated instances in which it needed more time to gather responsive documents. At the time defendant's motion to compel was filed, OCME was acting in good faith with regard to supplying the requested information and there was no indication that the OCME and the defendants were at an impasse that would necessitate a motion to compel. Consequently, defendant's motion to compel is premature. As OCME related to defendants, access to documents, information, and staff are limited due to the fact that a majority of DHHR's staff is required to work from home. Additionally, OCME is impacted directly by DHHR's COVID-19 pandemic response activities.

The OCME received the Motion to Compel, via email, at 7:11 PM on Friday, May 15, 2020, after usual business hours. OCME received a copy of Judge Faber's Order Regarding Third-Party Discovery Disputes on Saturday, May 16, 2020. Following review of the Motion, Memorandum, and attachments, the OCME opposes the Motion, and therefore requests that the Defendant's Motion to Compel be denied for the reasons set forth more fully below.

OCME is a non-party to the above civil action, and it has no direct interest in the litigation. OCME asserts that production of the documents requested and in the form demanded is unduly burdensome, is an expense from which it seeks protection, and would require violating statutory provisions protecting certain records from such disclosure for reasons set forth in the OCME's Response to the Subpoena (attached as Exhibit A).

The OCME's primary and critical function is to determine the cause and the manner of death in those decedent cases which fall under its jurisdiction. Its forensic medical pathologists are the only persons who can make those determinations. The Chief Medical Examiner has independent authority in the making of those determinations, and once cause and manner of death are determined, the OCME case is closed. *See* W.Va. Code § 61-12-3, *et seq.* The decedent file records are set up in support of and to facilitate their critical function. Even in the age of computers, with limited staff and limited budgets over the years, the OCME's focus necessarily has been and remains on its determination of the cause and manner of death of individual decedents. The decedent case files are paper files. While limited data from those files can also be in electronic systems, OCME decedent records are searchable electronically **solely** by decedent name and/or by OCME-assigned case number.

Defendant's first Priority Request, Subpoena Response No. 2, at a minimum, essentially seeks from OCME decedent records for all deaths attributed to, in whole or in part, opioids or other controlled substances within its City of Huntington and Cabell County geographical area from 1996 to the present. Defendant provided no decedent names or OCME case file numbers. OCME has advised Defendant that it cannot search

files by geographic area or by cause of death data.  That leaves only manual searches of all decedent files from the 23 year period of 1996 to the present.  Very conservatively, well over 70,000 physical files would have to be searched manually at a remote site where the files are maintained, involving many months of work by people trained to assess the cause of death data.  That doesn't even begin to address the confidentiality issues.  Such a search would involve huge amounts of staff time and state taxpayer dollars to accomplish, regardless of the details of how and by whom it could be done.  And the burden of this alone on a non-party to the litigation both would be immense and, OCME would assert, out of proportion to the needs of the case as set forth in the subpoena and the Motion to Compel.

The Defendant was advised promptly by OCME of the limitations of its computer search capabilities relative to decedent file information. And that even if the limitations were overcome such as by Defendant obtaining decedent names or OCME case numbers and cause and manner of death from other sources, such as death certificates, OCME would still have statutory prohibitions to disclosure of certain information that would need to be addressed.  And, Defendant also was advised that OCME is not the custodian of death certificates, nor does it maintain copies of them.  The Defendant has since subpoenaed records from DHHR, Bureau for Public Health's Office of Vital Registration, the custodian of death certificates, and from its associated office, the Health Statistics Center.  In its Motion to Compel and Exhibits, the Defendant refers to "various alternatives" to its own file search which it implies OCME could use, or data compilations which "appear to exist," and therefore could instead be used by OCME to retrieve its own data, etc.  Yet the data sources are given as Vital Registration, the Health Statistics

Center, a WVU database, and the CDC. This may be the result of an interrupted meet and confer process resulting in imperfect understanding of these various entities and how they operate in this area.

Additionally, the Plaintiff in this litigation has access through its County client to death certificates maintained in the county vital records office, a source which would not require sorting by geographical area. That Plaintiff, of course, has much more connection to the litigation than the non-party OCME, and therefore far less burden is imposed on that Plaintiff than would be on the OCME.

As to Request No. 4, to the extent it doesn't duplicate what is requested in Request No. 2, it still would require manual decedent file searches and this request seeks statutorily protected information which, in those cases where OCME may have a law enforcement report, it cannot be redisclosed by OCME. Defendant must obtain it directly from the source, which it should have better access to through the Plaintiffs to this action.

As to Subpoena Request No. 16, OCME interprets this request to be asking for the same records as in No. 2 and No. 4, and therefore refers back to those responses.

As to Subpoena Request No. 32, the OCME has sought and is awaiting a response regarding options and access, if any, to email of a former employee who has now retired. With respect to the three remaining employees, OCME sought clarification of the term "custodial records" from the Defendant's counsel who subsequently provided the following via email communication on May 14, 2020:  For #32, you request "a more specific definition of 'custodial records.'"  In response, "custodial records" are documents containing discussions of policies and procedures, matters that affect the operations of

the OCME as well as opinions and/or findings relating to opioid overdose deaths within the jurisdiction of OCME.

OCME finds the above response vague and overly broad. It could be argued that, for an OCME Administrator anything one does is "a matter that affects the operations of the OCME." Additionally, relevance to the litigation must now be, and is, raised and questioned. Furthermore, the above response also extends beyond the scope of the geographic area for this litigation given that OCME jurisdiction is statewide. To the extent that, "opinions and/or findings relating to opioid overdose deaths within the jurisdiction of OCME" can be interpreted to mean decedent case information, there are statutory protections from disclosure and privacy issues not covered by any existing protective orders in this litigation. For all of these reasons, OCME requests that the Defendant's Motion to Compel as to Request No. 32 be denied. In the alternative, OCME requests that No. 32 be limited to the three current employees and their office email accounts; that the scope of the request be narrowed and relevant; that counsel for Defendant and counsel for OCME meet and confer to agree to search terms; that an opportunity to object to production where there is a basis, such as involving privileged or protected documents or information, is preserved.

As to Subpoena Requests No.12, 18, 22, 23, 24, 25, and 27, the OCME currently is preparing its responses and expects to provide them by or before June 5, 2020.

Wherefore, for the reasons set forth above, the OCME requests that the Defendant's Motion to Compel be denied. In the alternative, the OCME would request that the motion be held in abeyance until such time as the Defendant and the OCME have proceeded further in the process and reached an impasse.

                Respectfully submitted,

                WEST VIRGINIA DEPARTMENT OF
                HEALTH & HUMAN RESOURCES,
                BUREAU FOR PUBLIC HEALTH

                By Counsel,

PATRICK MORRISEY
ATTORNEY GENERAL


/S/ B. Allen Campbell
B. ALLEN CAMPBELL
SENIOR ASSISTANT ATTORNEY GENERAL
W. VA. Bar ID # 6557
STEVEN R. COMPTON
DEPUTY ATTORNEY GENERAL
W. VA. Bar ID # 6562
350 Capitol Street, Room 350
Charleston, West Virginia 25301
(304) 356-4797 (phone)
(304) 558-1008 (fax)
Allen.B.Campbell@wv.gov
Steven.R.Compton@wvago.gov

## **CERTIFICATE OF SERVICE**

I, B. Allen Campbell, Senior Assistant Attorney General, do hereby certify that on May 18, 2020 the foregoing "NON-PARTY WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES, OFFICE OF THE CHIEF MEDICAL EXAMINER'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

Gretchen M. Callas
Jackson Kelly PLLC

/S/ B. Allen Campbell
B. ALLEN. CAMPBELL
SENIOR ASSISTANT ATTORNEY GENERAL