## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,

      Plaintiff,

v.

AMERISOURCEBERGEN DRUG
CORPORATION,  *et al.*

      Defendants.

Civil Action No. 3:17-01362

———————————————————

CABELL COUNTY COMMISSION,

      Plaintiff,

v.

AMERISOURCEBERGEN DRUG
CORPORATION,  *et al.*

      Defendants.

Civil Action No. 3:17-01665

## DEFENDANTS' SIXTH DISCOVERY STATUS REPORT

For the benefit of the Special Master and the information of the Court, Defendants submit their sixth biweekly discovery status report pursuant to the Court's request during the March 5, 2020 status conference.  *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1]

Defendants are progressing towards fact depositions of Plaintiffs' personnel—including requesting deposition dates for priority witnesses and negotiating safety protocols for possible remote and in-person depositions—but Defendants cannot take those depositions until Plaintiffs

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief from the Court and any necessary motions will be filed separately.  Rather, this report is simply to update the Special Master on the progress of the case as the Court monitors the overall schedule and plans for the litigation.

remedy the fundamental deficiencies in their discovery requests and document productions. Defendants have filed two motions to compel additional discovery responses from Plaintiffs, ECF Nos. 422, 424, and briefing on those motions will be completed today.

While the COVID-19 pandemic remains a complicating factor, Defendants continue to engage in productive negotiations with third parties regarding subpoena compliance. As reported in their previous status report, Defendants anticipate that they will reach negotiated resolutions with most of the third parties to which they issued subpoenas, and understand that those third parties are trying in good faith to complete their production of documents by the June 12 close of document discovery. Defendants are beginning to schedule third-party depositions, which will begin once those third parties' documents are produced.

## I.      Plaintiffs' Production of Documents and Discovery Responses

Plaintiffs have yet to remedy the deficiencies in their discovery responses repeatedly identified by Defendants, forcing Defendants to seek relief from the Court. As explained in Defendants' two pending motions to compel, Plaintiffs refuse to substantiate or remedy numerous apparent deficiencies in their document productions, including for Defendants' priority deponents; Plaintiffs have failed to comply with Discovery Ruling No. 1, which required them to respond fully to Defendants' discovery requests regarding their claim for money; and the City of Huntington has refused to produce the custodial files for six employees that it identified for the first time on April 30, 2020.[2] For agreed-upon custodians, the deficiencies identified in Defendants' motion to compel remain. For example, Cabell has failed to produce any documents for nine of its agreed-upon custodians, and Huntington has similarly failed to produce any

_____

[2] In Plaintiffs' response brief, Huntington agreed to produce responsive documents for one of the seven custodians who was the subject of Defendants' motion to compel. ECF No. 476 at 17-18.

documents for twelve of its agreed-upon custodians.  In their May 28 discovery status report, Plaintiffs admit that "certain custodial files contained few or no documents," and continue to provide no explanation for those deficiencies other than to make the conclusory assertion that "Plaintiffs have scoured their files."  ECF No. 478 at 2-3.

Defendants have also filed a motion to compel *in camera* review and production of documents that Cabell County apparently incorrectly withheld as privileged.  ECF No. 432.  The parties are discussing these privilege claims and have agreed to extend the deadline for Cabell County's response brief until June 5.

Finally, in a letter on May 27, Defendants raised concerns regarding documents showing that, contrary to the affidavit of Cabell County Prosecuting Attorney Sean Hammers, the prosecutor's office has policies and has taken steps specific to the opioid crisis, including prioritizing drug crimes, planning detailed programs to address the opioid crisis, and seeking federal funding for those programs.  As requested in the discovery conference on May 29, Defendants will send Special Master Wilkes a letter discussing these contradictions and attaching the documents.

## II.     Third-Party Document Productions

Third-party discovery continues to progress, although the COVID-19 pandemic has slowed it down.  Nineteen third parties have started producing documents, including eight additional third parties since Defendants filed their May 19 discovery status report, but critical discovery from third parties remains outstanding.

On May 15, Defendants filed four motions to compel discovery responses from third parties, aside from their omnibus motion that Special Master Wilkes has held in abeyance. Defendants' motion to compel the National Board of Medical Examiners was filed in E.D. Pa. Dkt. 1, 1-6, *Cardinal Health, Inc., v. Nat'l Bd. of Med. Exam'rs*, 2:20-cv-02317 (E.D. Pa. May

15, 2020).  Briefing is ongoing, and Defendants have requested that the motion be transferred to this Court.  Defendants' motion for discovery responses from the West Virginia Bureau for Children and Families, ECF Nos. 430, 431, will be fully briefed as of June 3.  Pursuant to the one-week extension agreement reached between Defendants and the West Virginia Office of the Chief Medical Examiner, Defendants' motion for discovery responses from the West Virginia Office of the Chief Medical Examiner, ECF Nos. 428, 429, will be fully briefed as of June 10. The Board of Examiners for Licensed Practical Nurses has not responded at all to Defendants' subpoena or motion to compel.  ECF Nos. 426, 427.

## III.    Deposition Scheduling

On May 22, Defendants requested dates for thirteen priority deponents from Cabell County and nineteen priority deponents from Huntington.  The parties are negotiating procedures for safe depositions during the COVID-19 pandemic.  Defendants will continue to monitor developments in local and national safety guidelines related to the COVID-19 pandemic.  Any deposition is contingent on complete production of the custodial and departmental files for the witness in question, and thus Plaintiffs' deficiencies delay our ability to take depositions at this time.  The parties are also negotiating deposition dates for supplemental Defendant witnesses, who are dispersed across the country.

Defendants are beginning to schedule third-party depositions for after those third parties expect to finish producing documents.  Defendants are currently working to schedule 30(b)(6) depositions in June and July of the Cabell County Drug Court, the West Virginia Division of Corrections and Rehabilitation, the West Virginia State Police, the West Virginia Bureau for Children and Families, the West Virginia Bureau of Behavioral Health, Marshall Health and Marshall University, the Cabell-Huntington Health Department, the Office of Chief Medical Examiner, the West Virginia Board of Medicine,  the West Virginia Board of Osteopathic

4

Medicine, the Governor's Council on Substance Abuse Prevention and Treatment, the Coalition

for Responsible Chronic Pain Management, the West Virginia Board of Pharmacy, the West

Virginia Office of Drug Control Policy, the West Virginia Osteopathic Medical Association, the

West Virginia State Medical Association, the American Medical Association, and the American

Osteopathic Association.

## IV.    Pending Dispositive Motions

As mentioned in Plaintiffs' May 28 discovery status report, the threshold dispositive

motions filed in March all remain pending.  Resolution of these issues is likely to impact future

discovery efforts.  Defendants are available for oral argument on the motions, including by remote

means, if it would assist the Court.  The full list of motions is as follows:

- Cardinal Health's Motion for Summary Judgment:  *Res Judicata* and Release of Claims, ECF No. 216;

- McKesson Corporation's Motion to Dismiss or for Summary Judgment on *Res Judicata* and Release Grounds, ECF No. 222;

- AmerisourceBergen Drug Corporation's Motion for Summary Judgment Based on *Res Judicata*, ECF No. 226;

- Plaintiffs' Motion to Strike Defendants' Notice of Non-Party Fault, ECF No. 224;

- Defendants' Motion for Summary Judgment:  Standing, ECF No. 238; and

- Defendants' Motion for Summary Judgment:  Statute of Limitations, ECF No. 240.


Dated: June 2, 2020

Respectfully Submitted,

***McKesson Corporation***
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com

Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

/s/ Timothy C. Hester
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

**AmerisourceBergen Drug Corporation**
By Counsel:

/s/ Gretchen M. Callas
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 2nd day of June, the foregoing

**"Defendants' Sixth Discovery Status Report"** was served using the Court's CM/ECF

system, which will send notification of such filing to all counsel of record.

/s/ Jeffrey M. Wakefield
Jeffrey M. Wakefield (WVSB #3894)