UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    **Plaintiff,**

v.                                           **CIVIL ACTION NO. 3:17-01362**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    **Defendants.**

---

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

v.                                           **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    **Defendants.**

**PLAINTIFF CABELL COUNTY COMMISSION'S
SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 10
AND REQUEST FOR PRODUCTION NO. 15,
<u>PURSUANT TO DISCOVERY RULING NO. 1</u>**

    **Interrogatory 10:** Identify Your efforts during each year of the Timeframe to address "hazards to public health and safety" that You attribute to the wrongful conduct of Distributor Defendants. *See* TAC ¶ 29. Include as part of Your response the amount of taxpayer dollars You expended to fund these efforts and, where the activity was funded in whole or in part from another source, the identity of that source and the amounts provided.

**DR-1 SUPPLEMENTAL ANSWER**: This interrogatory continues to be the source of discovery disputes including a motion to compel which was addressed in Discovery Ruling No. 1. A second

motion to compel has been filed and is pending with the Court. In an attempt to resolve the discovery dispute, the Cabell County Commission states as follows:

1.  The reference to TAC ¶ 29 (above) is mistaken. The paragraph from the Third Amended Complaint states:

> Plaintiff **CABELL COUNTY COMMISSION** ("Cabell County), is a West Virginia political subdivision[1] which may sue and plead in its own name[2] and has standing[3] to take "appropriate and necessary actions for the elimination of hazards to public health and safety and to abate or cause to be abated anything which the commission determines to be a public nuisance."[4]

This paragraph sets forth the statutory standing of county commissions to bring a public nuisance action as representatives of the general public for whom they have been duly elected to represent. This paragraph does not reference historical "**efforts to address hazards to public health and safety that You attribute to the wrongful conduct of Distributor Defendants.**"

Nonetheless, the CABELL COUNTY COMMISSION has fiscal responsibility for the Office of the Prosecuting Attorney, Sheriff's Department and Emergency Medical Services. Each has dedicated resources to responding to hazards of public health and safety related to the opioid epidemic including criminal investigations, felony prosecutions and 911/EMS responses to overdoses. All of these documents have been produced and denoted by identifiable and unique

---

[1] The CABELL COUNTY COMMISSION is neither an agency nor an agent of the State of West Virginia. W. Va. Code § 29-12A-3(c) [1986]; W. Va. Code § 14-2-3 [1967]; *Kucera v. City of Wheeling*, 153 W. Va. 531, 170 S.E.2d 217 (1969). Nor does the West Virginia Attorney General have authority to release the claims of the CABELL COUNTY COMMISSION.

[2] W. Va. Code § 7-1-1(a) [2008].

[3] A county commission only has powers expressly conferred by the West Virginia Constitution and our State Legislature, or powers reasonably and necessarily implied for the exercise of those expressed powers. *Berkeley Cty. Comm'n v. Shiley*, 170 W. Va. 684, 685–86, 295 S.E.2d 924, 926 (1982) (citing *State ex rel. County Court of Cabell County v. Arthur*, 150 W. Va. 293, 145 S.E.2d 34, Syl. Pt. 1 [1965]). The CABELL COUNTY COMMISSION is vested with the power of all superintendence and administration of the internal police and fiscal affairs of Cabell County. W. Va. Code § 7-1-3 [1999].

[4] W. Va. Code § 7-1-3kk [2002].

Bates stamp references.  Budget and expense information for each of these departments has been produced and is also identified in Appendix 10.A (attached hereto) for specific reference.  None of these budgets or expenditures itemize expenses specifically related to the opioid epidemic nor wrongful conduct of Distributor Defendants.  The budgets are completely funded by taxpayers.

2. Distributor Defendants continue to misstate the nature of the remedy in this public nuisance case.[5]  This supplemental answer is intended to serve as a single point of reference and citation for future proceedings.  West Virginia law recognizes a difference between a private nuisance and a public nuisance.  *Rhodes v. E.I. du Pont de Nemours & Co.*, 657 F. Supp. 2d 751, 767 (S.D.W. Va. 2009).  Plaintiffs, City of Huntington and Cabell County Commission, are not seeking a remedy for private nuisance.  Nor are they seeking damages for a "special injury" incurred by the political subdivisions.  Rather, Plaintiffs are bringing a public nuisance action as representatives of the general public, for whom they have been duly elected to represent, seeking ***compensation for the costs of abating the nuisance.***  See *In re Nat'l Prescr. Opiate Litig.*, 2019 U.S. Dist. LEXIS 144595, at *57-58 (N.D. Ohio Aug. 26, 2019) (Order Denying Motion to Exclude Expert Testimony re Abatement); *In re Nat'l Prescr. Opiate Litig.*, 2019 U.S. Dist. LEXIS 150567, at *67 (N.D. Ohio Sept. 4, 2019) ("Unlike tort damages that compensate an injured party for past harm, abatement is equitable in nature and provides a prospective remedy that compensates a plaintiff for the costs of rectifying the nuisance.")  To that end, Plaintiffs intend to present expert witness testimony required to abate prescription opioid addiction, abuse, morbidity and mortality which is deemed to be a hazard to public health and safety and a public nuisance.

---

[5] Distributor Defendants appear to have recently and accurately restated the remedy in a separate pleading: ***Plaintiffs have disclaimed past and future damages. They assert that they are seeking only prospective "abatement" of an ongoing nuisance***.  See Defendants' Opposition to Plaintiffs' Motion to Compel Defendants' Communications with the DEA, fn. 1 (Document 306) (Filed 04/09/20).

3

3. The Cabell County Commission's original answer to this interrogatory remains true and accurate:

> The CABELL COUNTY COMMISSION has fiscal responsibility for the Office of the Prosecuting Attorney, Sheriff's Department and Emergency Medical Services. Each has dedicated tremendous resources fighting the opioid epidemic. The CABELL COUNTY COMMISSION is not seeking reimbursement of past/future economic losses incurred on its behalf. The CABELL COUNTY COMMISSION joins and incorporates the CITY OF HUNTINGTON's answer to this interrogatory.

See *PLAINTIFF CABELL COUNTY COMMISSION'S ANSWERS TO DISTRIBUTOR DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS*, Answer to Interrogatory No. 10 (served December 3, 2019).

**RFP15: All documents referring or relating to Your expenditures or proposed expenditures relating to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids, or the possession, abuse, sale, distribution, or addiction to other opioids, including documents relating to emergency assistance, treatment, or healthcare costs paid by You or by fully or partially-funded medical insurance plans and workers' compensation programs.**

**DR-1 SUPPLEMENTAL RESPONSE**: The Cabell County Commission does not possess any documents which specifically address: (a) **expenditures** related to the **abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids;** (b) expenditures related to the **possession, abuse, sale, distribution, or addiction to other opioids**; nor (c) **documents relating to emergency assistance, treatment, or healthcare costs paid by You or by fully or partially-funded medical insurance plans and workers' compensation programs.** The Cabell County Commission has produced its budgets which are indexed, identified by Bates number and described in the Appendix attached hereto.

**CABELL COUNTY COMMISSION**
**BY COUNSEL**

5

/s/ *Paul T. Farrell, Jr.*
Paul T. Farrell, Jr. (WVSB Bar No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
PO Box 1180
Huntington, West Virginia 25714-1180
Office:   304-523-7285
Mobile:  304-654-8281
paul@farrell.law

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
    **Plaintiff,**

v.   CIVIL ACTION NO. 3:17-01362

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    **Defendants.**

---

**CABELL COUNTY COMMISSION,**
    **Plaintiff,**

v.   CIVIL ACTION NO. 3:17-01665

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    **Defendants.**

### CERTIFICATE OF SERVICE

    I hereby certify that on May 21, 2020, a copy of the "**PLAINTIFF CABELL COUNTY COMMISSION'S SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 10 AND REQUEST FOR PRODUCTION NO. 15, PURSUANT TO DISCOVERY RULING NO. 1**" was served *via* email to the following:

    Defense counsel:   track2opioiddefendants@reedsmith.com   and

    Plaintiffs' counsel:   mdl2804discovery@motleyrice.com

    /s/ Paul T. Farrell, Jr.
    Paul T. Farrell, Jr., Esq. (W.Va. Bar No. 7443)
    **FARRELL LAW**
    P.O. Box 1180
    Huntington, WV 25714-1180
    422 Ninth Street, 3rd Floor
    Huntington, West Virginia 25701
    office:  304.523.7285
    cell:    304.654.8281
    email: paul@farrell.law