# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**By Email**　　　　　　　　　　　　　　　　　　　　　　　　　May 26, 2020

Paul Farrell
Farrell Law
422 Ninth Street, 3rd Floor
Huntington, WV 25701

All Plaintiffs' Counsel
mdl2804discovery@motleyrice.com

　　　　Re:　***City of Huntington v. AmerisourceBergen Drug Corp. et al.*, 3:17-cv-01362 (S.D.W. Va.);** *Cabell County Commission v. AmerisourceBergen Drug Corp. et al.*, **3:17-cv-01665 (S.D.W. Va.) – Cabell County's Discovery Responses Pursuant to Discovery Ruling No. 1**

Dear Counsel:

　　We have received Cabell County's May 21, 2020 supplemental discovery responses pursuant to Discovery Ruling No. 1.[1]  We share Cabell County's desire to resolve the dispute regarding its responses on its opioid-related expenditures and requested abatement damages remedy.

　　According to its supplemental discovery responses, Cabell County intends to rely solely on expert witness testimony to explain its requested remedy of abatement damages, and not on any financial or accounting data or documents.  Further, "the Office of the Prosecuting Attorney, Sheriff's Department and Emergency Medical Services . . . ha[ve] dedicated resources to responding to hazards of public health and safety related to the opioid epidemic," but neither those departments nor Cabell County has the following requested documents:

- "[B]udgets or expenditures [that] itemize expenses specifically related to the opioid epidemic . . . ."

- "[B]udgets or expenditures [that] itemize expenses specifically related to the . . . wrongful conduct of Distributor Defendants."

---

[1] The responses were served three weeks after they were due.  *See* Dkt. 248 at 7 (directing Cabell County to "fully respond and supplement" discovery responses regarding opioid-related expenditures and abatement damages by April 30, 2020).

**COVINGTON**

May 26, 2020
Page 2

- "[D]ocuments which specifically address . . . expenditures related to the abuse, use, misuse, prescribing, dispensing, sale, distribution, addiction to, and/or diversion of Prescription Opioids . . . ."

- "[D]ocuments which specifically address . . . expenditures related to the possession, abuse, sale, distribution, or addiction to other opioids . . . ."

- "[D]ocuments relating to emergency assistance, treatment, or healthcare costs paid by" Cabell County or its insurers.

To the extent that Cabell County's experts or trial presentation will rely on any data, documents or other facts about its past opioid-related actions or expenditures, such information must be produced during fact discovery. However, Cabell's supplemental discovery responses appear to state that no such information exists.

If that is true, we may be able to resolve this dispute in a similar fashion to our resolution of the dispute regarding production of documents from the Cabell County Prosecuting Attorney's Office. Specifically, Defendants are willing to accept a sworn declaration that:

> Except for expenditures of the Office of the Prosecuting Attorney, Sheriff's Department, and Emergency Medical Services, Cabell County has not incurred any costs responding to or attempting to abate the opioid epidemic, has not sought any grants to respond to or abate the opioid epidemic, and has not instituted any programs or initiatives to respond to or abate the opioid epidemic.

> Within the Office of the Prosecuting Attorney, Sheriff's Department, and Emergency Medical Services, Cabell County has not incurred any costs specific to the opioid epidemic, has not sought any grants specific to the opioid epidemic, and has not instituted any programs or initiatives specific to the opioid epidemic.

This sworn declaration would be in lieu of further production of documents in response to Discovery Ruling No. 1, other than for the Office of the Prosecuting Attorney, Sheriff's Department, and Emergency Medical Services departments, assuming it includes them in the "[e]xcept" clause at the beginning of this proposed declaration. For those departments, we of course will still need a complete production by Cabell County of documents responsive to Discovery Ruling No. 1. When these are produced, please identify by Bates ranges any documents that Cabell County has produced in response to Discovery Ruling No. 1.

Please let us know if Cabell County is amenable to this proposal. We request a response by this Friday, May 29, so our reply brief, in support of our motion to compel discovery responses on opioid-related expenditures, can reflect any narrowing of this dispute.

**COVINGTON**

May 26, 2020
Page 3

                                            Sincerely,

                                            */s/ Laura Flahive Wu*

                                            Laura Flahive Wu