AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of West Virginia

| | |
|---|---|
| City of Huntington; Cabell County Commission | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:17-01362; 3:17-01665 |
| AmerisourceBergen Drug Corporation, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

BILL J. CROUCH

c/o April L. Robertson, General Counsel, Office of Cabinet Secretary Bill J. Crouch

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Carey, Scott, Douglas & Kessler, PLLC<br>707 Virginia St. East, Suite 901, Charleston, WV 25301<br>Or another mutually convenient location | Date and Time:<br>07/06/2020 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenography and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   SEE SCHEDULE A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/19/2020

*CLERK OF COURT*

OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Cardinal Health, Inc
David R. Pogue, Carey, Scott, Douglas & Kessler, PLLC                              , who issues or requests this subpoena, are:
707 Virginia Street, East, Charleston, WV 25301; drpogue@csdlawfirm.com; 304-345-1234

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Cardinal Health, Inc. hereby serves the following Requests for Production of Documents on **Bill Crouch**.

## DEFINITIONS

The following terms shall have the meanings set forth below.  Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of Procedure for the Southern District of West Virginia.

1.      "You" and "Your" shall mean the person to whom this subpoena duces tecum is addressed, including all agents, employees, and other persons acting or authorized to act on his or her behalf.

2.      "Communication" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(1), and means any transmission of information (whether formal or informal) by one or more Persons and/or between two or more Persons by means including, but not limited to, telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other computer linkups, written memoranda, and face-to-face conversations.

3.      "Document" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and Local Rule of Civil Procedure 26.2(c)(2), and means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including, but not limited to, all written, typewritten, handwritten, printed, or graphic matter of any kind or nature, however produced or reproduced, any

form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings or text messages in the possession, custody, or control of the person to whom this subpoena duces tecum is addressed. "Documents" include, but are not limited to, books, papers, contracts, memoranda, invoices, correspondence, notes, studies, reports, manuals, photographs, drawings, charts, graphs, data compilations, other writings, microfilm, microfiche, audio recordings, video recordings, electronic mail, and any other information stored in electronic form, and each different version or copy of each Document, including, but not limited to, drafts.

4.        "Person" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(6), and means any natural person or any business, legal or governmental entity or association.

5.        "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients only through prescriptions written by duly licensed and DEA registered prescribers.

6.        "Illicit Opioids" means substances comprised of or containing natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body that are not approved by FDA, including but not limited to heroin, fentanyl, carfentanil, other fentanyl-type analogs, and counterfeit opioid medications.

7.        "Relating to," "Referring to," or "Concerning," when referring to any given subject matter, means any Document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, mentions, alludes to, refers directly or indirectly to the particular subject matter identified.

8.        "Agency" means any office, division, department, board, commission, task force, committee, working group, council, bureau, unit, branch, organization, and/or association, formal or informal, whether a component of a larger entity or a stand-alone entity.

9.        "Plaintiffs" means the plaintiffs named in this action, the City of Huntington and Cabell County, including but not limited to, its executive and legislative branches, agencies, offices, departments, divisions, commissions, committees, subcommittees, boards, directors, administrators, employees, officers, directors, shareholders, agents, contractors, vendors, instrumentalities, representatives, counsel, and all Persons and entities acting or purporting to act under their control or on their behalf.

10.       "Defendants" means all defendants named in *City of Huntington v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01362, and *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01665, as of the date of this notice, and their present or former officers, directors, shareholders, employees, agents, representatives, counsel and all persons and entities acting or purporting to act under their control or on their behalf.

3

## INSTRUCTIONS

1.      Unless otherwise agreed in writing, all Documents are to be produced to the attention of David R. Pogue, Carey, Scott, Douglas & Kessler, PLLC, 707 Virginia Street, East, Suite 901, Charleston, WV 25301.

2.      Unless otherwise indicated, these Requests cover the entire timeframe for which any of the requested documents have actually been maintained regardless of any applicable records retention policy.

3.      Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes or text messages and similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals. Computer files and similar electronic records should be produced in a readable form.

4.      Should You consider any of the documents requested to be confidential such that they should not be generally disseminated to the public or released to the press, please designate those documents as such under the operative Protective Order in this case (copy attached).

5.      Should You determine that any of the documents requested contain personal health information that may not be disclosed pursuant to HIPAA or analogous state law, please redact that information and assign in its place a unique identifier.

6.      Except as otherwise specified, the timeframe for these requests is January 1, 1996 through the present.

**DOCUMENTS TO BE PRODUCED**

1.   All Documents and Communications discussing, referring, or relating to the standard of care for prescribing and dispensing Prescription Opioids.

2.   All Documents and Communications discussing, referring, or relating to any guidance, continuing education, training, presentations, policies, procedures, programming, or resources that You received from any Person or that You provided to any Person regarding Prescription Opioids.

3.   All Documents and Communications relating to the legitimate need for or use of Prescription Opioids—meaning any need for and/or use of Prescription Opioids that You do not contend would be unlawful or harmful—and the responsibilities and obligations of physicians to treat pain patients.

4.   All Documents and Communications concerning any efforts You have made to encourage the prescribing and use of Prescription Opioids.

5.   All Documents and Communications concerning any efforts You have made to discourage the prescribing, abuse, or diversion of Prescription Opioids.

6.   All Documents and Communications You prepared, received, or considered concerning the dangers, side effects, and addiction risks of Prescription Opioids, and/or ways to combat the problem of abuse and diversion of Prescription Opioids.

7.   All Documents and Communications You prepared, received, or considered concerning the benefits, efficacy, and legitimate uses of Prescription Opioids in the treatment of pain.

8.   All Documents and Communications discussing, referring, or relating to Your knowledge of unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft, and trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County, or the State of West Virginia.

9.   All Documents and Communications that state, discuss, reflect, or suggest recommendations for actions to be taken by You or any federal, state, or local Agency within the City of Huntington, Cabell County, or any town, village, or city within Cabell County, or the State of West Virginia, to combat the use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription Opioids or Illicit Opioids.

10.  All Documents and Communications discussing, referring, or relating to Your understanding of the "opioid epidemic" in the City of Huntington, Cabell County, or any town, village, or city within Cabell County, or the State of West Virginia, the point in time in which You identified the "opioid epidemic," any investigation by You of the cause of the "opioid epidemic," and any response, training, guidance, laws, regulations,

5

continuing education, or efforts to abate You have developed or undertaken in response to the "opioid epidemic."

11.   All documents produced by You in any litigation related to the manufacturing, marketing, or distribution of Prescription Opioids, including but not limited to *In National Prescription Opiate Litigation*, Case No. 1:17-md-02804-DAP (N.D. Ohio) and *State of Oklahoma ex rel. Hunter v. Purdue Pharma LP et al.*, Case No. CJ-2017-816 (Okla. Dist. Ct.—Cleveland Cty.).

12.   All Documents and Communications concerning any studies, reports, investigations, or analyses regarding actual or suspected misuse, abuse, or diversion of Prescription Opioids about which You had knowledge, including but not limited to those that You prepared, received, or participated in. This includes, but is not limited to, all Documents concerning Your participation in the preparation, planning, drafting and publication of: (a) "Opioid Response Plan for the State of West Virginia," and the initiatives contained therein, as found here, https://dhhr.wv.gov/bph/Documents/ODCP%20Response%20Plan%20Recs/Opioid%20R esponse%20Plan%20for%20the%20State%20of%20West%20Virginia%20January%202 018.pdf; (b) "2016 West Virginia Overdose Fatality Analysis: Healthcare Systems Utilization, Risk Factors, and Opportunities for Intervention," and the data and analyses contained therein, as reflected in part here, https://dhhr.wv.gov/bph/Documents/ODCP%20Reports%202017/2016%20West%20Virg inia%20Overdose%20Fatality%20Analysis_004302018.pdf; and (c) "West Virginia 2020-2022 Substance Use Response Plan, and the initiatives contained there, as found here, https://dhhr.wv.gov/office-of-drug-control-policy/news/Documents/FINAL%20- %20West%20Virginia%202020_2022%20Council%20Substance%20Use%20Plan_Janu ary%2020,%202020%20(as%20filed).pdf.

13.   All Documents and Communications reflecting or concerning Your involvement in drafting, amending, assessing, introducing, lobbying for or against, implementing, administering, enforcing, and/or monitoring or analyzing compliance with or the effect of legislation, statutes, rules, regulations, or guidelines concerning Prescription Opioids and Illicit Opioids, including but not limited to the Intractable Pain Act (West Virginia Code § 30-3A-1 et seq.), Senate Bill 437 (2012) (amending several articles of West Virginia Code related to the Controlled Substance Monitoring Program database), Senate Bill 339 (2017) (West Virginia Code § 16-52-1 et seq.) (creating the Coalition for Responsible Chronic Pain Management), U.S. Center for Disease Control Guideline for Prescribing Opioids for Chronic Pain, United States, 2016, the West Virginia Drug Control Policy Act (West Virginia Code § 15-5T-2), and the Opioid Reduction Act (West Virginia Code § 16-54-1 et seq.).

14.   All Documents and Communications discussing, referring, or relating to the West Virginia Department of Health and Human Resources' responses, actions, investigations, guidance, rules, and/or regulations concerning Prescription Opioids or Illicit Opioids, or funding thereof, including but not limited to the Opioid Response Plan and the Office of Drug Control Policy.

15.  All Documents reflecting or concerning Your involvement in the Governor's Advisory Council on Substance Abuse, which was created by Governor Earl Ray Tomblin by Executive Order 5-11 on September 6, 2011, reestablished by Governor Jim Justice as the Governor's Advisory Council on Substance Use Disorder Policy by Executive Order 10-17 on December 20, 2017, and further reestablished by Governor Jim Justice as the Governor's Council on Substance Abuse Prevention and Treatment by Executive Order 22-18 on December 3, 2018.

16.  All Documents concerning any Communications or interactions You have had with industry trade groups and associations concerning Prescription Opioid use, misuse, abuse, and diversion, including but not limited to interactions with the (a) Healthcare Distribution Management Association, (b) Healthcare Distribution Alliance, (c) Pain Care Forum, (d) National Association of Chain Drug Stores, (e) Pharmaceutical Research and Manufacturers of America, (f) West Virginia Pharmacists Association, (g) American Society of Consultant Pharmacists, (h) American Pharmacists Association, (i) Federation of State Medical Boards, (j) American Academy of Pain Medicine, (k) Alliance for Patient Access, (l) U.S. Pain Foundation, (m) West Virginian Hospital Association, (n) West Virginia State Medical Association, (o) West Virginia Health Care Association, and/or (p) American Geriatrics Society.

17.  All Documents concerning any Communications or interactions You have had with Plaintiffs concerning the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County, or the State of West Virginia.

18.  All Documents concerning any Communications or interactions You have had concerning the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids, with entities including but not limited to, interactions with (a) pharmacies or pharmacists, including, but not limited to, individuals associated with a school of pharmacology, (b) the West Virginia Board of Pharmacy, (c) the West Virginia Board of Medicine, (d) the West Virginia Board of Osteopathic Medicine, (e) the West Virginia State Board of Examiners for Licensed Practical Nurses, (f) the West Virginia State Board of Examiners for Registered Professional Nurses, (g) the West Virginia Board of Dentistry, (h) doctors, hospitals, treatment centers, and other healthcare providers, including, but not limited to, individuals associated with a school of medicine, dentistry, or nursing, (i) patients and beneficiaries, (j) pharmacy benefit managers, (k) drug manufacturers, (l) drug wholesalers and distributors, including Defendants, (m) federal government agencies and law enforcement, (n) state and local agencies and law enforcement, including, but not limited to, agencies related to child and family services and public health, (o) the West Virginia Controlled Substances Monitoring Program, and/or (p) policymakers and government officials within legislative or administrative bodies.

7

19. All Documents and Communications discussing, referring to, or relating to improper or wrongful conduct by Defendants or any other distributors, prescribers, pharmacies, or other healthcare providers related to Prescription Opioids.

20. All Documents and Communications discussing, referring to, or relating to Your provision of healthcare management and consulting services to hospitals, long-term care facilities, ambulatory care clinics, and physicians concerning Prescription Opioids.

21. All Documents and Communications discussing, referring to, or relating to Your partnership in a long-term care company that owns and manages nursing facilities and assisted living communities in West Virginia and use, misuse, abuse, and diversion of Prescription Opioids.