# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | MDL 2804 |
| THIS DOCUMENT RELATES TO: ) ) | Case No. 1:17-md-2804 |
| *Cabell County Comm'n v. AmerisourceBergen Drug Corp. et al.*, case no. 3:17-CV-1665 (S.D.W.V.); ) ) ) ) | Judge Dan Aaron Polster |
| | **RESPONSE TO MOTION FOR CLARIFICATION** |
| *City of Huntington, W.V. v. Amerisource Bergen Drug Corp. et al*, case no. 3:17-cv-01362 (S.D.W.V.) ) ) ) ) | |

The Court writes to address the Drug Enforcement Administration's Motion to Clarify (Doc. #: 3260) ("*DEA Motion*"), which discusses two cases that were remanded from the MDL Court to the original transferor court in West Virginia: *Cabell County Commission v. AmerisourceBergen Drug Corp.*, case no. 3:17-CV-1665 (S.D.W.V.), and *City of Huntington, W.V. v. Amerisource Bergen Drug Corp.*, case no. 3:17-cv-1362 (S.D.W.V.).

In this multidistrict litigation, the Court and Special Master Cohen have overseen extensive global discovery, including discovery of third-parties such as the DEA. *See, e.g.*, *Discovery Ruling No. 16 Regarding DEA Depositions*, Doc. #: 1386 (noting the parties and DEA had "negotiated over the scope of . . . requested discovery, and . . . come to partial agreement," and the Special Master then resolved remaining disputes). As described accurately in the *DEA Motion*, the DEA and the parties thoroughly and vigorously negotiated the scope of MDL discovery, in light of the needs of the case and the burden on the DEA as a non-party, governmental agency. Disputes were

mediated and resolved by Special Master Cohen. Ultimately, DEA produced thousands of pages of documents and provided several witnesses for lengthy deposition.

After overseeing global discovery and assessing the overall status of the MDL, this Court suggested to the Judicial Panel on Multidistrict Litigation ("JPML") that several cases be remanded as part of a strategic plan to facilitate efficient resolution of the MDL. The Court selected the West Virginia cases, in particular, because the status of case-specific and global discovery, pretrial rulings, and other litigation matters had advanced far enough to allow for fairly prompt trial in the transferor courts. *See Suggestion of Remand*, Doc. #: 2941 at 5–6 (telling the JPML that "the global discovery, pretrial rulings, and other litigation matters over which the undersigned has already presided provide a good base upon which the transferor courts can build"). In this Court's view, the only remaining fact discovery the parties in the West Virginia cases would need after remand was limited to localized evidence pertaining to the specific jurisdiction.

According to DEA, the parties now seek additional discovery of the DEA in the West Virginia cases. DEA asserts the parties seek to reopen broad third-party fact discovery, with requests that are duplicative and far in excess of those previously negotiated and narrowed in the MDL. *See DEA Motion* at 3, exh. A (comparing requested MDL discovery of the DEA to requested West Virginia discovery of the DEA).

The Court writes in response to the *DEA Motion* only to clarify its view of the status of the West Virginia cases at the time of remand, in order to assist the transferor court. *See* Manual for Complex Litigation (Fourth) § 20.133 at 226 (at the time of remand, the transferee court should, among other things, "outline[] the issues remaining for discovery and trial"). As stated, this Court believed only limited, jurisdiction-specific discovery in the West Virginia cases would be necessary after remand. This Court did not believe additional discovery from the DEA was

2

necessary or appropriate for a fair trial, applying the standards set out in Rules 26, 30, and 45 of the Federal Rules of Civil Procedure.

That said, the undersigned is quick to add that discovery disputes in the West Virginia remanded cases are no longer within this Court's jurisdiction. Any further resolution of discovery disputes is within the purview of the transferor court. *See id.* 20.133 at 225 ("After remand, the transferor court has exclusive jurisdiction, and further proceedings in the transferee court with respect to a remanded case are not authorized absent a new transfer order by the Panel. * * * Although the transferor judge has the power to vacate or modify rulings made by the transferee judge, subject to comity and 'law of the case' considerations, doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.").

    **/s/ Dan Aaron Polster  April 17, 2020**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**