# Exhibit C



**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5443

April 24, 2020

<u>VIA E-MAIL</u>

Laura Flahive Wu
Covington & Burling LLC
One City Center
850 Tenth Street, N.W.
Washington, D.C. 20001-4956

    Re:    Touhy Request in City of Huntington v. AmerisourceBergen Drug Corp., et al., 3:17-01362, and Cabell County Commission v. AmerisourceBergen Drug Corp., et al., 3:17-01665 (S.D.W.Va.)

Dear Ms. Wu:

    The United States Department of Justice ("DOJ") received the attached February 21, 2020 letter in which you request disclosure of official DOJ information. *See* **Exhibit 1**. Specifically, you ask the United States Drug Enforcement Administration ("DEA") to provide documents detailing 24 years of DEA operations in response to 36 individual document requests; and testimony on 30 different topics under Rule 30(b)(6) of the Federal Rules of Civil Procedure.[1]

    As you are aware, federal regulations govern the disclosure of official DOJ information by federal employees and agencies, including the DEA. 28 C.F.R. § 16.21-.29. These regulations apply where, as here, the United States is not a party to the proceeding. Under those regulations, current and former DEA employees are prohibited from disclosing official information absent express authorization from DOJ. 28 C.F.R. § 16.22(a). The Supreme held that a federal employee could not be held in contempt for refusing to produce subpoenaed

---

[1] The text of your February 21, 2020 letter (at pp. 2-4) includes an unnumbered, bullet-pointed list of approximately 30 topics for both documents and testimony. This list overlaps, but does not correspond directly, with the 36 numbered document requests in the attached version of Defendants' document subpoena to the DEA (Exhibit 1 to the February 21, 2020 Letter) and the 17 numbered topics for 30(b)(6) examination in the attached version of Defendants' testimony subpoena to the DEA (Exhibit 2 to the February 21, 2020 Letter). Some of the 36 document requests and/or 17 topics for testimony appear to have been omitted from the list in your February 21, 2020 letter. On March 11, 2020, Defendants provided to the United States updated subpoenas for documents and testimony. The March 11, 2020 document subpoena ("Defendants' Subpoena for Documents," attached as **Exhibit 2**) contains 36 document requests. The March 11, 2020 subpoena for testimony ("Defendants' Subpoena for Testimony," attached as **Exhibit 3**) contains 30 topics for 30(b)(6) examination. For purposes of this response, I assume you intended for your letter to request the information described in the numbered document requests in Defendants' Subpoenas for Documents and Testimony to the DEA. For clarity all pin-cites in this letter refer to the numbered requests in Defendants' Subpoenas for Documents and Testimony to the DEA.

Laura Flahive Wu
April 24, 2020
Page 2

documents, where his refusal was based on regulations prohibiting the disclosure of official information without prior authorization. 340 U.S. 462, 468 (1951). Nor did such regulations invade the courts' authority to determine the admissibility of evidence. *Id.* at 468-70. This authority emanates from the federal government's sovereign immunity, even when a subpoena is directed against a federal agency or a federal employee or involves a subpoena for documents. *See COMSAT Corp. v. Nat'l Science Found.*, 190 F.3d 269, 277 (4th Cir. 1999).

Your compliance with the *Touhy* regulations is a condition precedent to obtaining testimony or other information from a current or former DOJ employee. *See Smith v. Cromer*, 159 F.3d 875, 879-80 (4th Cir. 1998); *United States v. Wallace*, 32 F.3d 921 (5th Cir. 1994); *United States v. Bizzard*, 674 F.2d 1382 (11th Cir. 1982). The government has a "legitimate interest in orderly governmental operations and the proper use of officials' time." *Alex v. Jasper Wyman & Son*, 115 F.R.D. 156, 157 (D. Me. 1986). These concerns are especially significant when live testimony is requested from a federal agency. In the face of such a request, "an agency's choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *Puerto Rico v. United States*, 490 F.3d 50, 61 (1st Cir. 2007). Once an agency determines not to provide testimony "in the context of private litigation when the government is not a party, a court should not order testimony to be given . . . without the showing of a compelling interest." *Alex*, 115 F.R.D. at 157; *COMSAT*, 190 F.3d at 278 (to conserve agency resources and prevent a non-party agency from becoming embroiled in private litigation, the decision to permit employee testimony is committed to the agency's sole discretion). Whether the DEA and DOJ are required to produce documents or employees as witnesses in the context of these proceedings is a matter of the agency's discretion, sovereign immunity, and applicable federal law. *See COMSAT*, 190 F.3d at 278.

Pursuant to 28 C.F.R. § 16.22, I am the official responsible for consulting with the DEA and authorizing any disclosure in response to your request. Federal regulations require me to consider whether disclosure is appropriate under the applicable rules of procedure and law concerning privilege. 28 C.F.R. § 16.26(a). I also cannot release official information if disclosure would:

1. Violate a specific statute or regulation;
2. Reveal classified information;
3. Reveal a confidential source or informant;
4. Reveal investigative techniques or investigatory records compiled for law enforcement purposes; or
5. Reveal trade secrets without the owner's consent.

28 C.F.R. § 16.26(b).

After carefully considering your request, consulting with the DEA, applying all of the above factors, and reviewing the relevant procedural and substantive law, I have determined that

Laura Flahive Wu
April 24, 2020
Page 3

your requests are not appropriate under the procedural rules governing the case. Further, I find that releasing the requested information would not be appropriate under the law concerning privilege; nor would it be appropriate under 28 C.F.R. § 16.26(b).

1. **Your Document and Testimony Requests Are Unreasonably Cumulative and Duplicative.**

Your document and testimony requests are "unreasonably cumulative [and] duplicative" under Rule 26(b) of the Federal Rules of Civil Procedure, which sets forth the scope and limits of discovery in federal court. Courts limit the "frequency or extent of discovery" if they determine that "the discovery sought is unreasonably cumulative or duplicative." Fed.R.Civ.P. 26(b)(2)(C).

Many of your requests are unreasonably cumulative or duplicative with discovery sought and obtained from the DEA in Track One-A of the MDL. When the MDL Court remanded this case to the Southern District of West Virginia, the court believed "only limited, jurisdiction-specific discovery in the West Virginia cases would be necessary after remand." *See* **Exhibit 4**, Response to Motion for Clarification, Case No. 1:17-md-2804, Dkt. No. 351-1, at p. 2 (N.D. Ohio, April 17, 2020). Because of the extensive discovery taken from DEA in Track One-A, the MDL Court "did not believe that additional discovery from DEA was necessary or appropriate for a fair trial, applying the standards set out in Rules 26, 30, and 45 of the Federal Rules of Civil Procedure" following remand. *See id.* at p. 2-3. And yet, many of your requests for documents and testimony are not geographically limited to West Virginia and, as such, either were or should have been requested from the DEA in Track One-A. Those requests that do reference West Virginia in their text (such as your various requests for "DEA's policies and procedures and trainings") in fact seek documents that are nationwide in scope, or that would otherwise require DEA to revisit document repositories that the DEA already searched, or once again prepare deponents that DEA already made available to the parties in connection with Track One-A.

Discovery in MDL Track One-A imposed unique burdens on the DEA as a non-party, governmental agency. As acknowledged in the MDL Court's Response to Motion for Clarification (**Exhibit 4**, at pp. 1-2), the DEA's ultimate production in MDL Track One-A was the result of a time-consuming effort by the agency to narrow the initial universe of documents generated by the parties' incredibly broad requests. First, the DEA collected roughly 65 million pages of documents from 11 custodians, some of whom had left the agency years prior. Second, DEA and DOJ engaged in extensive negotiations with the parties to identify a subset of custodians and search terms that would provide the parties with responsive documents. Third, because the majority of the documents captured by these searches contained privileged or law enforcement sensitive information, every document was meticulously reviewed to ensure its production would not reveal such information or otherwise jeopardize the DEA's ability to carry out its critical mission. As part of this review, DEA conferred with other federal and state law

Laura Flahive Wu
April 24, 2020
Page 4

enforcement agencies to evaluate potentially privileged or protected information. And fifth, after making these document productions, the DEA authorized and prepared multiple current employees to provide 30(b)(6) testimony.

The DEA has limited resources to dedicate to responding to discovery as a non-party in civil litigation, and the above-described work in connection with MDL Track One-A relied significantly on the input and efforts of DEA personnel whose primary responsibilities are to prevent and investigate diversion. The requests in your February 21, 2020 letter would have the DEA undertake this entire process again. That is unreasonable. Moreover, it is inconsistent with the MDL Court's understanding that no further discovery from DEA would be needed in this case upon remand.

Additionally, many of your requests for 30(b)(6) testimony are unreasonably cumulative and duplicative with your document requests and with documents produced in Track One-A, insofar as they seek a DEA witness who would testify about information contained in documents.

For all of these reasons your requests are unreasonably cumulative and duplicative, and therefore contrary to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure.

2.   **Your Request Fails to Provide a Summary of Information Sought.**

Your request fails to provide a summary of the testimony or information sought. A *Touhy* request must include "a statement by the party seeking the testimony or by his attorney, setting forth a summary of the testimony sought." 28 C.F.R. § 16.22(c); *see also* § 16.22(d). This statement is necessary to enable me to properly consider the propriety of the request and any applicable privileges or other prohibitions on disclosure. The statement also defines the scope of any authorized testimony. *Id.* § 16.22(c) ("Any authorization for testimony shall be limited to the scope of the demand as summarized in each statement."). I cannot properly make that assessment without the requisite summary from Defendants.

Instead, your letter (at p. 2) includes a broad and non-exhaustive list of topics on which you are seeking documents and that you wish to cover at depositions, as evidenced by your use of the phrase "relating, but not limited to" before your list of requested documents and topics for witness testimony. The 36 numbered document requests in Defendants' Subpoena for Documents and 30 numbered topics for 30(b)(6) testimony in Defendants' Subpoena for Testimony are, individually and collectively, just as broad. None of these requests is limited to a particular DEA case or category of DEA cases. Moreover, your request for 30(b)(6) testimony is not limited in time, and your request for documents purports to seek documents from 1996 to present. Your letter and Defendants' Subpoenas for Documents and Testimony simply do not provide a reasonably specific summary that would allow me to determine the propriety of your

Laura Flahive Wu
April 24, 2020
Page 5

requests, all privileges that may apply, or the scope of any authorized testimony or document productions.

3. **Your Request Fails to Provide a Statement of Relevance.**

Your request fails to detail why the information you seek is relevant to your defenses in the litigation. A *Touhy* request must include an explanation of the requested information's "relevance to the proceeding." 28 C.F.R. § 16.22(c); *see also* § 16.22(d).

While you assert that the official information "is crucial to Defendants' ability to defend against Plaintiffs' allegations regarding causation as well as assessing the reasonableness of Defendants' conduct," this conclusory statement does not explain how the requested information is specifically relevant to your defenses. For example, you have propounded multiple requests for documents or testimony concerning the DEA's use of, and communications concerning, Automation of Reports and Consolidated Orders System (ARCOS) and the Suspicious Order Reporting System (SORS). It is hard to see how information concerning the handling of ARCOS or SORS by the DEA, which is not a party to this litigation, is relevant to the claims or defenses in the underlying litigation between the parties. Indeed, your request fails even to articulate meaningfully the specific defenses you intend to develop through your numerous and expansive requests for documents and testimony to the DEA. Without this information, I am unable to evaluate the relevance of the requested information or to determine the scope of any disclosure that may be warranted here.

4. **Your Document and Testimony Requests Are Overly Broad and Unduly Burdensome.**

Your document and testimony requests are overly broad and unduly burdensome and therefore improper under Rules 26 and 45 of the Federal Rules of Civil Procedure. Courts routinely protect non-parties from the undue burden of discovery. *See, e.g., Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 317 (S.D.N.Y. 2009) (stating that courts are more sensitive to discovery burdens on third parties).

Compliance with your requests for 30(b)(6) testimony on 30 topics and for DEA documents responsive to 36 individual document requests would be unduly burdensome to the DEA. It would take a disproportionate amount of time for DEA staff to locate, copy, review, and redact this exceptionally large volume of documents. In some instances, the requests effectively seek all documents of entire divisions or offices within the DEA. Aggravating this burden is the fact that you have propounded multiple requests seeking, or purporting to seek,

Laura Flahive Wu
April 24, 2020
Page 6

documents and testimony pertaining to open and closed DEA investigations. Production of such documents requires careful, resource-intensive review to redact privileged, law-enforcement sensitive, or otherwise protected information. Frequently, the DEA must also confer with other law enforcement agencies regarding any shared information. This burdensome review will disrupt the DEA's critical mission to prevent the diversion of controlled substances because Diversion Control Division staff with the relevant knowledge and expertise would be required to complete this task.

Your testimony requests are unduly burdensome for the additional reason that depositions are usually the most burdensome means of obtaining facts in litigation, and a court may require that information be sought by means that are "more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C). Indeed, "[c]ourts generally refuse to compel the deposition of a government witness if the [requesting party] may obtain discovery by an alternative and less burdensome method to the government." *See, e.g., Gomez v. City of Nashua*, N.H., 126 F.R.D. 432, 436 (D. N.H. 1989). As discussed above (*see* Section 1), you have already obtained extensive document discovery from the DEA in Track One-A of the MDL. And, as discussed below (*see* Section 8), many of the documents you seek are available from other sources, including Defendants. You have not, however, explained why you need depositions from the DEA here.

Moreover, your testimony requests are burdensome not only because of the number of broad topics you have identified, but also because they seek testimony under Rule 30(b)(6), thus requiring the DEA to prepare witnesses on each of the 30 topics listed. *See Infinity Fluids, Corp. v. Gen. Dynamics Land Sys., Inc.*, No. CV 14-40089-TSH, 2015 WL 4498069, at *2 (D. Mass. July 23, 2015) ("It is . . . unquestionably more burdensome to testify at a Rule 30(b)(6) deposition than an individual deposition, because the designee must educate himself on various matters that may not have been part of what he knows from his own experience."). These 30 topics seek information spanning a 24-year period and involving multiple components, offices, and divisions of the DEA. Because no one agency employee could possibly have knowledge of, or even prepare to speak to, all 30 of the topics on which you seek testimony, your requests effectively seek multiple 30(b)(6) deponents from the DEA, each of whom would be required to devote substantial time to prepare and sit for a deposition. Compliance with such an extraordinarily broad request for testimony imposes an even greater burden than that required for the production of documents because it not only requires not only that the DEA identify all responsive information but also that the 30(b)(6) deponents familiarize themselves that information. This, in turn, would have an adverse impact on government employees in the performance of their core mission and duties. *See* 28 C.F.R. § 16.26.

Laura Flahive Wu
April 24, 2020
Page 7

5. **Your Testimony Request Fails to Describe 30(b)(6) Topics with Reasonable Particularity.**

Your request also fails to describe the topics of the proposed depositions with "reasonable particularity" as required by Rule 30(b)(6) (requiring a subpoena to a governmental agency to "describe with reasonable particularity the matters for examination"). This reasonable particularity is necessary to permit appropriate preparation of the agency employees who would be deposed on behalf of the DEA. Your request seeks testimony concerning virtually every report, investigation, communication, and action by the DEA relating to opioids in West Virginia over a 24-year period, plus additional testimony on several topics that are *not* geographically limited to West Virginia. This does not comply with Rule 30(b)(6).

6. **Your Document and Testimony Requests Seek Law-Enforcement Sensitive Information.**

Much of the information that you seek through documents and testimony is protected from disclosure as law enforcement sensitive by DOJ's regulations. Pursuant to 28 C.F.R. § 16.26(b)(5), the DEA is prohibited from releasing information, including through deposition testimony, if "[d]isclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired."

For example, your requests seek documents describing the "DEA's policies and procedures and training" concerning investigations, the DEA's use of ARCOS and SORS in the context of investigations, and files and communications relating to virtually every DEA investigation, open or closed, concerning opioids in West Virginia in the last 24 years. Your request for 30(b)(6) testimony on these topics raises the same concern. Much of the testimony would likely involve privileged and sensitive law enforcement matters which are not only beyond the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure but are also beyond the scope of matters which can be released under 28 C.F.R. § 16.26(b).

The release of such information could reveal the DEA's investigative techniques and enable wrongdoers to avoid detection, which is prohibited by section 16.26(b)(5). Moreover, even if some subset of the requested information can be disclosed without compromising law enforcement interests, it will impose a significant additional burden on the DEA to identify and withhold law enforcement sensitive information.

Laura Flahive Wu
April 24, 2020
Page 8

7. **Your Requests Violate the Privacy Act, 5 U.S.C. § 552a**

Certain of your requests—in particular, document request 34, seeking Joseph Rannazzisi's DEA personnel file—seek information that, if disclosed, would violate the Privacy Act and 28 C.F.R. § 16.25(b)(l), or otherwise cause an unwarranted invasion of personal privacy.

Congress enacted the Privacy Act of 1974, 5 U.S.C. § 552a, in order "to protect against invasion of an individual's personal privacy by . . . providing individuals with more control over the gathering, dissemination, and accuracy of [government] agency information about themselves." *Unger v. District Disclosure Office IRS*, No. 1:99-CV-698, 2000 U.S. Dist. LEXIS 16064, at *5-6 (N.D. Ohio Sep. 18, 2000). Congress has made it clear that the personnel files, medical files, and other similar files involving federal employees are to be considered confidential. *See Department of Air Force v. Rose*, 425 U.S. 352, 372 (1976) ("Congressional concern for the protection of the kind of confidential personal data usually included in a personnel file is abundantly clear."). The release of personally identifiable information from a federal system of records without the individual's consent violates the Privacy Act. *Unger*, 2000 U.S. Dist. LEXIS 16064, at *5-6. *See also* 5 U.S.C. § 552a(i) (improper production of such documents without the consent of the employee involved or an appropriate court order is a criminal offense under federal law).

Personnel files contain sensitive personal information. The Privacy Act generally prohibits the disclosure of such information without appropriate justification. *See* 5 U.S.C. § 552a(b). *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008) ("personnel files often contain sensitive personal information, just as pharmacy files do, and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly. Indeed, the Supreme Court has underscored that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] 'a party or person from annoyance, embarrassment, [or] oppression....'") (quoted authority omitted). You make no proffer why such information is necessary and germane to the litigation. Indeed, the DEA could subject itself to a private lawsuit by any individual whose data are improperly released outside its routine use. *See, e.g., Kinman v. United States*, No. l:16-CV-329, 2016 U.S. Dist. LEXIS 169447, at *10 (S.D. Ohio Dec. 7, 2016) (stating that the Privacy Act "provides a private cause of action against federal agencies for violating the Act's provisions"); *see also* 5 U.S.C. § 552a(g)(l).

8. **Your Requests Seek Information Available from Other Sources, Including Defendants.**

Several of your requests for documents and testimony seek information that is already in the Defendants' possession, including information that was provided to the DEA by Defendants in the first instance. It is unreasonable for Defendants to seek this information from the DEA.

Laura Flahive Wu
April 24, 2020
Page 9

Availability from a more convenient source is a defense to a subpoena served on a non-party, particularly a subpoena served on a government agency that uses the data for law enforcement purposes. *See Ohio Bureau of Workers Comp. v. MDL Active Duration Fund, Ltd.*, No. 2:05-CV-0673, 2006 U.S. Dist. LEXIS 82560, at *10-12 (S.D. Ohio 2006) (granting a motion to quash subpoena based on law enforcement privilege and availability of information from other sources).

It is apparent from the text of several of your document and testimony requests that Defendants already have the requested information, and so it is unreasonable and burdensome for Defendants to seek the same information from the DEA. For example, document request 36 seeks "[a]ll Documents and Communications between DEA registrants and the Office of Diversion Control's Liaison and Policy Section relating to registrants' obligations under 21 C.F.R. § 1301.74." Several other requests seek communications between the DEA and one or more Defendants. Defendants should already have these communications in their possession and thus should not seek them from the DEA.

\* \* \*

The foregoing objections are not exhaustive, and DOJ and the DEA reserve the right to assert further objections in response to the requests as appropriate, including privileges and protections such as sovereign immunity, the attorney-client privilege, the work product doctrine, the deliberative process privilege, the investigative privilege, the informant's privilege, and the need to withhold classified information.

After carefully considering your request, consulting with the DEA, applying all of the above factors, and reviewing the relevant procedural and substantive law, I have determined that your requests are unreasonably burdensome, cumulative, duplicative, and improper under the applicable substantive and procedural requirements. Therefore, I do not authorize the disclosure of the official information that you requested.

If you have further questions, please do not hesitate to contact Assistant United States Attorney Fred Westfall, Civil Chief, of my office (Fred.Westfall@usa.doj.gov, 304-340-7246) or Trial Attorney Kelly Phipps of the United States Department of Justice, Civil Division (Kelly.E.Phipps@usdoj.gov, 202-353-1284).

Laura Flahive Wu
April 24, 2020
Page 10

Sincerely,

*[signature]*

MICHAEL B. STUART
United States Attorney
Southern District of West Virginia
Acting Under Authority Conferred by 28 U.S.C. § 515

FBW/fbwjr
Enclosures

cc:    xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
        mdl2804discovery@motleyrice.com