IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**CARDINAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION FOR
RECONSIDERATION TO THE SPECIAL MASTER
REGARDING DISCOVERY RULING NO. 4**

Two omissions from Plaintiffs' Response crystallize why Cardinal Health's Motion for Reconsideration should be granted. First, Plaintiffs offer no explanation why Cardinal Health—alone—should be required to identify a substantial group of its trial exhibits now, five months before trial and long before Plaintiffs or any other party must disclose theirs. Second, Plaintiffs offer no explanation why Cardinal Health—alone—should be required to produce certain custodial documents back to 2000, when 2006 is (i) the standard starting date for custodial productions in opioid cases nationwide, (ii) the beginning, according to Plaintiffs themselves, of the relevant time frame for this particular case, and (iii) the starting date for Plaintiffs' own document production.

Cardinal Health respectfully requests that the Special Master partially reconsider or clarify Discovery Ruling No. 4 (the "Ruling") as to these two issues.

## I. Cardinal Health Requests Partial Reconsideration as to Due Diligence Documentation in Response to Combined Discovery Request No. 4.

*First*, although Plaintiffs obscure the issue by contending that Cardinal Health "has not identified the complete *due diligence* for each customer," Resp. 2 (emphasis added), they do not actually dispute that Cardinal Health has already complied with the portion of the Ruling that requires Cardinal Health to identify any documents it contends "are a portion of the 'due diligence *file*,'" Ruling at 2 (emphasis added).

*Second*, Plaintiffs do not dispute that the portion of the Ruling ordering Cardinal Health to "identify, by Bates number, any of the documents it intends to rely upon at trial as evidence of any due diligence it exercised in reporting suspicious orders," *id.*, has the practical effect of requiring Cardinal Health to disclose a portion of its trial exhibit list five months before trial, or that Plaintiffs themselves are not subject to such a requirement. Furthermore, their Response highlights the injustice of this asymmetry. Plaintiffs bear the burden of proof, and at the appropriate juncture must identify the transactions that form the basis of their claims. Plaintiffs contend that they have "identified for Cardinal *thousands* of suspicious orders," Resp. 2, as if that fact should enable Cardinal Health to provide its trial exhibit list at this premature date. But that list only illustrates the problem. Plaintiffs have not narrowed down that list of thousands or indicated in any way which pharmacies or transactions they intend to focus on at trial. Deviating from the normal course to require Cardinal Health to identify trial exhibits in the first instance—before Plaintiffs specifically identify the allegedly problematic customers or orders—is disproportional to the needs of the case and will result in the significant expenditure of resources to identify completely irrelevant information.

As Plaintiffs' own cited example illustrates, it was only in response to their expert James Rafalski's specific criticisms of a particular pharmacy in Track 1 that Cardinal Health's expert, Brian Reise, could feasibly identify additional relevant documents—not contained in the centralized "due diligence file" but nevertheless reflective of Cardinal Health's evaluations of those customers—in response to those criticisms. Plaintiffs complain that the documents Mr. Reise identified regarding CVS #3322 "were not among those identified" by Cardinal Health in response to a discovery request in Track 1 for "all documents related to [its] '*due diligence*'" for suspicious orders," though they notably do not identify any prejudice they suffered as a result. Resp. 2; Dkt. 477.1 at 33 (emphasis in original). But in Track 1, as here, Cardinal Health had identified its due diligence files for customers, Dkt. 477.1 at 33; its policy and procedure documents reflecting due diligence efforts, *id.* at 24; numerous additional documents and data sources reflecting diligence efforts, *id.*; and stated that "[a]dditional documents relating to or reflecting due diligence may also be in prior productions and custodial files productions," *id.* Just as in Track 1, Cardinal Health should be permitted to wait until the appropriate pre-trial juncture to identify, in response to Plaintiffs' specific contentions, "any of the documents it intends to rely upon at trial as evidence of any due diligence it exercised in reporting suspicious orders." Ruling at 2.

**II.   Cardinal Health Should Not Be Required To Depart from the Established Time Frame for Custodial Discovery for its Pharmacy Business Consultants.**

Plaintiffs have again failed to identify any reason that would justify expanding the established time frame for discovery in this case for Cardinal Health's PBCs by an additional six years to 2000. Notably, they do not dispute that they themselves have identified the relevant time frame for discovery in this case as beginning in 2006, or that they have used that time frame for their own custodians. *See* Mot. 6. Instead, they contend only that "there is no bright line cutoff

3

date for custodial files," pointing to just two documents that pre-date 2006 out of the several hundreds of thousands of documents that Cardinal Health has produced in custodial files in the MDL. Resp. 4 & n.10. Those two documents do not prove Plaintiffs' point. Their appearance in the production could be the result of any one of several factors; for example, metadata with a post-2006 date, human or technological error, or some other reason. The simple fact is that the 2006-present timeframe for custodial files has been consistently applied by Cardinal Health and remains the standard used across the nationwide opioids litigation. More pertinently, it is the time period which Plaintiffs have identified as relevant to this particular case. *See* Mot. 6 (citing, *inter alia*, Cabell County discovery response asserting it seeks damages of injunctive relief for "2006 through presently available transactional data"); *In re: National Prescription Opiate Litig.*, No. 20-3075 (Apr. 4, 2020) (discovery must be " 'proportional to the needs of the case' under Rule 26(b)(1) … based on … the needs of the *particular case* in which discovery is ordered.") (emphasis added). Thus, even if Judge Faber were to deny in its entirety the pending motion seeking to apply the one-year statute of limitations to Plaintiffs' claim, Dkt. 240, the relevant timeframe would only extend back to 2006, by Plaintiffs' own admission. The activities of Cardinal Health's sales personnel are *at most* relevant for those years for which Plaintiffs seek relief. Because Plaintiffs have not identified any reason to depart from that time frame in this case, Cardinal Health should not be required to produce the custodial files for its PBCs for 2000-2006.

## CONCLUSION

For the foregoing reasons, Cardinal Health respectfully requests that the Special Master enter the attached Proposed Order and Amended Discovery Ruling No. 4, which modifies the

Ruling in the two limited respects described in Cardinal Health's motion.[1]  Should the Special Master deny this request in whole or part, Cardinal Health respectfully requests a short extension of its time to file an appeal to Judge Faber until seven days after the Special Master's ruling.[2]

Dated:  June 3, 2020

Respectfully submitted,

*/s/ Steven R. Ruby*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
bglasser@baileyglasser.com
sruby@baileyglasser.com
rfranks@baileyglasser.com
***Counsel for Cardinal Health, Inc. in Cabell County action***

---

[1]  Cardinal Health respectfully submits that entry of an Amended Discovery Ruling No. 4, superseding and replacing the original Ruling (Dkt. 418), is necessary to avoid confusion should the parties refer to Discovery Ruling No. 4 in future proceedings in this case and related opioid litigation.  Cardinal Health also attaches a redline of Discovery Ruling No. 4 compared with proposed Amended Discovery Ruling No. 4 for the Court's convenience and ease of review.

[2]  Although Plaintiffs contend that the deadline for Cardinal to appeal a ruling by the Special Master in the Court's Order of Appointment (Dkt. 200) has passed, that Order does not specify the applicable procedure when a party chooses—as Cardinal Health has done here—to file a motion for reconsideration rather than an appeal in light of the discrete and limited nature of the issues at stake.  Cardinal Health respectfully submits that a short extension of its time to file an appeal to Judge Faber is in the interests of justice in these circumstances.

*/s/ Michael W. Carey*
Michael W. Carey (WVSB #635)
David R. Pogue (WVSB #10806)
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com
*Counsel for Cardinal Health, Inc. in The City of Huntington action*

Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW Washington,
DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
*Counsel for Cardinal Health, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this  3rd  day of June, 2020, the foregoing "**CARDINAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION TO THE SPECIAL MASTER REGARDING DISCOVERY RULING NO. 4**" was filed electronically via the Court's CM/ECF electronic filing system which will send notification to all counsel registered in the system.

/s/ Steven R. Ruby
Steven R. Ruby