# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,

    Plaintiff,

v.

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,

    Defendant.

CIVIL ACTION NO. 3:17-01362

Hon. David A. Faber

---

CABELL COUNTY COMMISSION,

    Plaintiff,

v.

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,

    Defendant.

CIVIL ACTION NO. 3:17-01665

Hon. David A. Faber

## AMENDED DISCOVERY RULING NO. 4

The undersigned has received Plaintiffs City of Huntington and Cabell County Commission's Motion to Compel Cardinal Health Discovery, seeking to compel Defendant Cardinal Health, Inc. to produce certain discovery, as well as related exhibits. The undersigned has also received and reviewed Cardinal Health, Inc.'s Opposition to Plaintiffs' Motion to Compel and Plaintiffs' Reply in Support of Motion to Compel, as well as related exhibits.

Having reviewed carefully the parties' positions, the Special Master now enters the following discovery rulings.

**Discovery Request No. 4**

First, the Special Master considers the instant motion as to Discovery Request No. 4. Plaintiffs move to compel a complete response to Combined Discovery Request No. 4. *See* Pl's Mot., p. 1. Combined Request No. 4 seeks the "due diligence file for each of your customers in CT2". *Id.* Further, it directs, "Please identify the Bates range which corresponds to each due diligence file to enable a jury to correlate each due diligence file to each of your customers." *Id.*

~~Upon review and consideration, the Special Master finds the Defendant, Cardinal Health, shall be required to identify, by Bates number, any of the documents it intends to rely upon at trial as evidence of any due diligence it exercised in reporting suspicious orders.~~ Therefore, if Cardinal Health contends that documents exist that are responsive to Combined Discovery Request No. 4 in that they are a portion of the "due diligence file", these documents must be specifically identified by Bates number range.

**Depositions**

Second, the Special Master considers the instant motion as to the requested depositions of Michael Moné, Linden Barber, Todd Cameron, and Melissa Schrebe. *See* Pl's Mot., p. 3-4. Considering the current public health crisis associated with the COVID-19 pandemic, as well as the efforts Plaintiffs averred in their motion they are taking to conduct depositions safely and remotely, the Special Master finds the requested depositions shall be allowed. Further, the Special Master considers Cardinal Health previously agreed to help schedule the depositions, as

evidenced by the January 28, 2020 email from Suzanne Salgado, attached as Exhibit F to the Reply to the instant motion. *See* Reply, Ex. F.

Further, the Special Master acknowledges the need to limit re-deposition of witnesses who have been previously deposed, as averred by Defendant in its Response. *See* Def's Resp., p. 6. Therefore, the depositions Michael Moné, Linden Barber, and Todd Cameron shall be limited to four (4) hours. However, the deposition of Melissa Schrebe should be limited to two (2) hours, because she has previously been deposed with Plaintiffs' counsel present (*See* Def's Resp., p. 7), and the deposition should be specifically limited to inquiry regarding customers in the Huntington/Cabell County area or conduct that would affect the quantity or distribution of Cardinal Health products distributed in the Cabell/Huntington area. This way, the depositions will be a sufficient length of time to cover jurisdiction-specific issues.

All the depositions ordered herein should be concluded in accordance with the case management order.

**Identification of Employees**

Finally, the Special Master considers the instant motion as to the requested identification of certain employees. *See* Pl's Mot., p. 6. The Special Master will examine the instant motion as to its request for the identification of Pharmacy Business Consultants (PBC) as well as for pickers and checkers.

    a. **PBC's**

Specifically, Plaintiffs seek the identification of Cardinal Health's Pharmacy Business Consultants (PBC) described as individuals who held positions during the relevant timeframe who "were responsible for, supervised, managed, directed, or oversaw sales activities related to

contacting, developing, meeting with, and/or generating new customers for Cardinal, as well as maintaining Cardinal's existing customers, both independents and chains." *Id*. Cardinal Health had previously identified one such employee, but it was subsequently determined that this individual has only been a PBC since 2018. *Id.*

The Special Master finds the requested identification of Cardinal Health's PBC's shall be produced. Because the statute of limitations issue has not been conclusively decided in this matter, the discovery of the identity of the PBC's for the CT2 geographical business area shall be produced back to the year ~~2000. It appears Cardinal Health has partially provided this information; therefore, the Special Master considers the burden to identify the PBC's back to 2000 would not be overly burdensome.~~ 2006. Finally, the Special Master finds Cardinal Health should also provide the identified PBC individuals' custodial files.

### b. Pickers/Checkers

In addition to the PBC's, Plaintiffs seek the identification of Cardinal Health's Wheeling, West Virginia distribution center employees known as pickers and checkers, described as individuals who held positions in distribution centers responsible for "picking" customers' orders from warehouse shelves for packaging and "checking" the contents of the package to ensure the order was filled correctly. *Id*. at 6-7. Plaintiffs contend individuals in these positions were responsible for monitoring and detecting suspicious orders received by Cardinal Health *Id*. at 6, 9.

The Special Master considers the request for the identity of these individuals, balanced with the privacy interests of the individuals. The Special Master considers the mere identity of these employees is not relevant in this instance, as Plaintiffs' have indicated that they had no

plan on conducting any further discovery on this issue. It has not been proffered that these individuals would be deposed, or that their custodial files would be procured. *See* Reply, p. 6. The Special Master also considers that Plaintiffs have questioned witnesses with relevant knowledge on the issue of distribution center anti-diversion by questioning Steve Reardon, Cardinal Health's head of anti-diversion from the 1990's until 2007, and Eric Brantley, who worked for Mr. Reardon about the role of pickers and checkers in the company's anti-diversion efforts. *See* Def's Resp., 20-21.

     For these reasons, the Special Master finds the instant motion shall be denied as to the request for the identity of the pickers and checkers.

RESPECTFULLY SUBMITTED,

~~/s/ Christopher C. Wilkes~~                                          Special Master

Dated: ~~May 13, 2020~~