UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**

    **Plaintiff,**

**v.**                                                      **Civil Action No. 3:17-01362**

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

**AND**

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

**v.**                                                       **Civil Action No. 3:17-01665**

**AMERISOURCEBERGEN DRUG CORPORATION, et. al,**

    **Defendants.**

**NON-PARTY BILL J. CROUCH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO QUASH DEFENDANT CARDINAL HEALTH'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

    COMES NOW Non-Party Bill J. Crouch, Cabinet Secretary for the West Virginia Department of Health & Human Resources (DHHR), by counsel, Steven R. Compton, Deputy Attorney General, and hereby submits this Memorandum of Law in support of his Motion to Quash a subpoena served upon him via email on May 19, 2020 by counsel for defendant Cardinal Health Inc.

    Secretary Crouch seeks to quash Defendant Cardinal Health Inc.'s subpoena because it does not allow Secretary Crouch a reasonable time to comply. See Fed. R. Civ. P. 45(c)(3)(i). Additionally, the broad scope of the subpoenas would render compliance unduly burdensome. As it pertains to the subpoena for a deposition, Secretary Crouch additionally moves for a stay of the

June 24, 2020 Rule 30(b)(6) deposition for the reasons stated above in addition to social distancing and public health concerns related to the COVID-19 pandemic.

## I.     FACTUAL BACKGROUND

On or about March 19, 2020, the DHHR's main office in Charleston, West Virginia was closed to the public. Additionally, since that date, most of the DHHR employees started and continue teleworking from home. As of June 3, 2020, there is no date set for the full DHHR staff to return to the office.

On May 19, 2020, the subject Subpoena was accepted for service via email to April Robertson, General Counsel for DHHR. See Subpoena Attachment to **Motion to Quash.** The Subpoena contains a request for the production of documents, many of which are broad in scope covering nearly a twenty-five year period. Secretary Crouch is compelled to appear on July 6, 2020 for a deposition.

## II.     ARGUMENT

The subpoena issued to Secretary Crouch by Cardinal Health Inc. must be quashed because it is overly broad and unduly burdensome. Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Such protections include "preventing the disclosure or discovery" and "limiting the scope of disclosure or discovery of certain matters." *Id.* Rule 45 governs subpoenas to nonparties and permits the same scope of discovery as Rule 26. *Brown v. Meehan*, 2014 WL 4701170 (E.D. Va. Sep. 22, 2014).

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that, upon timely motion, a Court "must quash or modify a subpoena" if it "(i) fails to allow reasonable time to comply;...(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv)

subjects a person to undue burden." (emphasis added). The movant carries the burden of proving that a subpoena should be quashed. *Deakins v. Pack*, 2012 WL 626200 (S.D.W.Va. Feb. 24, 2012).

**A. The Subpoena Does Not Allow a Reasonable Amount of Time to Comply.**

The subpoena served upon Secretary Crouch by Cardinal Health Inc. does not allow a reasonable time to comply primarily due 1) to the evolving COVID-19 pandemic with its effect on the workforce in terms of teleworking issues and the obvious fact that the DHHR and Secretary Crouch are at the forefront of the State's COVID-19 pandemic response activities, and 2) to the broad scope of the information commanded. Rule 45(c)(3)(i) provides that the Court "***must*** quash or modify a subpoena that fails to allow a reasonable time to comply." (emphasis added). The Federal Rules of Civil Procedure do not prescribe a minimum or maximum amount of time for compliance with a subpoena. "In determining whether a subpoena should be quashed, the Court should consider the facts of the case and the issuing party's need for the information subject to the subpoena *duces tecum*." *Deakins* (citing *to Ohio Valley Environmental Coalition, Inc. v. United States Army Corps of Engineers*, 2012 WL 112325, *2 (N.D .W.Va. Jan. 12., 2012)). The "reasonableness of the time allowed for compliance seems to be judged depending on the underlying circumstances*." Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 595236 (E.D. La. Mar. 23, 2004).

The DHHR is comprised of multiple Bureaus and Offices including, but not limited to, the Bureau for Behavioral Health; Bureau of Child Support Enforcement; Bureau for Children and Families; Bureau for Medical Services; and Bureau for Public Health. There are many sub agencies also under the DHHR umbrella. The Subpoena asks for extremely broad categories of documents related to prescription opioids which impact every division

of the DHHR and would result in voluminous amounts of documents and emails. On its face the document request is unreasonable and would take a significant amount of manpower and time to comply.. This coupled with the COVID-19 issues make the time frame beyond the ability of the Agency to comply. Furthermore, DHHR staff which would be most able to provide relevant responses are heavily involved in COVID-19 response activities, many serving well beyond regular business hours at this time.

In addition, the majority of DHHR's employees have been out of the office since about March 19, 2020. A date for their return to the office has not been set. They are away from each other and from document sources. Limited tasks they can perform would take longer, or would require diversion of staff from critical COVID-19 pandemic response activities. Thus, DHHR is unable to perform searches and compile the requested documents.

Secretary Crouch is working daily with the Governor's office, participating in daily press briefings and leading the DHHR in its COVID-19 pandemic response activities. Secretary Crouch does not currently have the time necessary to prepare for a deposition, presumably on the topics indicated by the document production request, or to assist in locating and in reviewing the voluminous amounts of requested documents.

Finally, there are expected confidentiality issues that will need to be addressed once the responsive documents and information have been identified. The protective orders attached to the subpoena may not be appropriate and sufficient. Therefore, some additional time may be required to evaluate and to resolve those issues.

**B. The Subpoena is Unduly Burdensome.**

The subpoena must also be quashed because they are overly broad and unduly burdensome. Rule 45(d)(3)(A)(iii) provides that, "the court for the district where compliance is required must quash or modify a subpoena that...subjects a person to undue burden." (emphasis added). When conducting an analysis under Rule 45, the Court is required to apply the balancing standards: relevance, need, confidentiality, and harm. *Brown v. Meehan*, 2014 WL 4701170 (E.D. Va. Sept. 22, 2014) (citing *to In re NCAA Student– Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 84144, 2012 WL 2281253 (M.D.N.C. June 18, 2012)).Even if the information sought is relevant, discovery is not allowed where compliance is unduly burdensome or where the potential harm caused by production outweighs the benefit. See *In re: Modern Plastics Corporation*, 890 F.3d 244, 251 (6th Cir. 2018), cert. denied, 139 S. Ct. 289, 202 L. Ed. 2d 136 (2018) (Courts must "balance the need for discovery against the burden imposed on the person ordered to produce documents," and the status of that person as a non-party is a factor). Moreover, "[a] subpoena imposes an undue burden on a party when [it] is overbroad." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (citing *to In re Subpoena Duces Tecum.*, 550 F.Supp.2d at 612). Here, the subpoena issued to non-party Secretary Crouch should be quashed because compliance is unduly burdensome, and the potential harm outweighs the benefit under the balancing standard. An example of an unduly burdensome request from the subpoena is:

18. All Documents concerning any Communications or interactions You have had concerning the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids, with entities including but not limited to, interactions with (a) pharmacies, (b) the West Virginia Board of Pharmacy, (c) the West Virginia Board of Medicine, (d) the West Virginia Board of Osteopathic Medicine, (e) the West Virginia State Board of Examiners for Licensed Practical Nurses, (f) the West Virginia State Board of

> Examiners for Registered Professional Nurses, (g) the West Virginia Board of Dentistry, (h) doctors, hospitals, treatment centers and other healthcare providers, (i) patients and beneficiaries, (j) pharmacy benefit managers, (k) drug manufacturers, (1) drug wholesalers and distributors, including Defendants, (m) federal government agencies and law enforcement, (n) state and local agencies and law enforcement, including, but not limited to, agencies related to child and family services and public health, (o) the West Virginia Controlled Substances Monitoring Program, and/or (p) policymakers and government officials within legislative or administrative bodies.

Just the request above would require an extremely broad search for "prescription opioids" and which would result in the return of a voluminous amount of documents and emails maintained by the agency. Even without the limitations caused by the COVID-19 pandemic, it would take an extremely long time to compile, sort and review before they could be provided. This would result in having employees forgoing their normal duties to obtain these documents. The cost of obtaining these documents, many of which would ultimately be irrelevant to the cause of action, would be at the expense of the State of West Virginia, a non-party to this issue, in lost work time and other costs. This request is one of many not narrowly tailored to the plaintiffs or defendants in the matter, or the geographic scope of where the plaintiffs are located. It is overly broad and unduly burdensome. Therefore, the Court should grant Secretary Crouch's Motion to Quash the subpoena or substantially limit the scope of the documents sought in the subpoena.

### III. CONCLUSION

For all the foregoing reasons, Secretary Crouch requests this Court enter an order granting its Motion to Quash. In the alternative, Secretary Crouch requests this Court enter an order limiting the temporal and the content scope of the subpoenas served upon it by Cardinal Health Inc. while also adding time reasonable and sufficient to respond given the constraints imposed by the COVID-19 pandemic response; and rescheduling

any associated depositions to dates mutually agreed upon by Cardinal Health Inc. and the non-party deponents.

In the alternative, Secretary Crouch moves this Court to modify the subpoena in a manner that will expand the time for compliance to a period when the unprecedented pandemic-related office closures have ended. Secretary Crouch further requests modification that would limit the overly burdensome scope of the subpoenas. Therefore, Secretary Crouch respectfully requests that its Motion to Quash the subpoena served upon it by Cardinal Health Inc. be granted.

DATED: June 3, 2020

Respectfully submitted.

                                          BILL J. CROUCH
                                          CABINET SECRETARY
                                          WEST VIRGINIA DEPARTMENT OF
                                          HEALTH & HUMAN RESOURCES,

                                          By Counsel,

PATRICK MORRISEY
ATTORNEY GENERAL


/S/Steven R. Compton_____
STEVEN R COMPTON
DEPUTY ATTORNEY GENERAL
W. VA. Bar ID # 6562
812 Quarrier Street. 2nd Floor
Charleston, West Virginia 25301
(304) 558-2131 (phone)
(304) 558-0430 (fax)
Steven.R.Compton@wvago.gov

**CERTIFICATE OF SERVICE**

      I, Steven R. Compton, Deputy Attorney General, do hereby certify that on June 2, 2020 the foregoing *"**NON-PARTY BILL J. CROUCH'S MEMORANDUM IN SUPPORT OF HIS MOTION TO QUASH DEFENDANT CARDINAL HEALTH'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**"* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

David R. Pogue, Esq.
Carey, Scott, Douglas & Kessler, PLLC

      /S/Steven R. Compton_____
      STEVEN R. COMPTON
      DEPUTY ATTORNEY GENERAL