IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    Plaintiff,

v.

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

    Defendant.

CIVIL ACTION NO. 3:17-01362

Hon. David A. Faber

---

**CABELL COUNTY COMMISSION,**

    Plaintiff,

v.

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

    Defendant.

CIVIL ACTION NO. 3:17-01665

Hon. David A. Faber

## DISCOVERY RULING NO. 6

The undersigned has received Plaintiffs The City of Huntington and Cabell County Commission's Motion to Compel U.S. Drug Enforcement Agency's Production of Subpoenaed Documents (Dkt. 385), as well as the related Memorandum (Dkt. 386) exhibits. The undersigned has also received and reviewed the United States Drug Enforcement Administration (DEA)'s Memorandum in Response to Plaintiffs' Motion to Compel DEA's Production of Subpoenaed Documents (Dkt. 415) and Plaintiffs' Reply Memorandum in Support of Motion to Compel U.S.

Drug Enforcement Agency's Production of Subpoenaed Documents (Dkt 419), as well as related exhibits.

Pursuant to the instant motion, Plaintiffs seek to compel DEA to produce documents pursuant to a subpoena Plaintiffs served on March 19, 2020. S*ee* Pls' Mot., p. 1; see also Pls' Mem., Ex. A. Having reviewed carefully the parties' positions, the Special Master now enters the following discovery rulings.

### *Touhy* **Regulation**

As an initial matter, the Special Master considers the DEA's reliance on the *Touhy* regulation. The DEA avers that "disclosure of the requested information was not appropriate under DOJ's *Touhy* regulations". *See* DEA's Resp., p. 2.

The Special Master notes that Plaintiffs complied in the *Touhy* letters[1] they sent. It is undisputed by the parties that on March 19, 2020, Plaintiffs served upon DEA a letter pursuant to the U.S. Department of Justice's *Touhy* regulations, 28 C.F.R. §§ 1621-1626, and subpoena to produce nine categories of documents pertaining to distribution of prescription opioids in West Virginia. *See* Pl's Mem., p. 1, 3, Ex. A; *see also* DEA's Resp., p. 1, Ex E. The letter contained detailed statements of relevancy that satisfies the regulation's requirements. *See* Pl's Mem., p. 15.

The Special Master considers that similar requests have been previously granted and, upon review by the undersigned, Plaintiffs' requests do not seek disclosure of information prohibited from disclosure. The MDL Court has concluded in several instances to order DEA to produce documents in this litigation. *See* Reply, p. 3.

---

[1] The Special Master notes Plaintiffs submitted three Touhy letters to DOJ: On October 28, 2019, February 3, 2020, and March 19, 2020. *See* DEA's Resp., p. 1, 5-7, Exs. A, C; *see also* Pl's Mem., p. 1, 3, Ex. A.

Accordingly, the undersigned concludes the instant motion shall not be denied on DEA's *Touhy* grounds.

### Administrative Procedure Act

Next, after analyzing the *Touhy* letters, the undersigned considers DEA's argument in the Response that the Administrative Procedure Act "provides the sole avenue for Plaintiffs to challenge the agency's refusal to provide documents in response to their requests". *See* DEA's Resp., p. 1-2, 8-9.  The Special Master finds that the Administrative Procedure Act does not govern this discovery dispute.  Instead, Rule 45 of the Federal Rules of Civil Procedure governs the review of this subpoena request and instant motion to compel.

Further, the Special Master is cognizant of the MDL Court's belief that additional discovery of the DEA was not necessary or appropriate for a fair trial, <u>but</u> that the Court did recognize that limited, jurisdiction-specific discovery would be necessary upon remand.  *See* DEA's Resp., p. 3, 16; *see also* Pls' Mem., p. 7.  For these reasons, the Special Master finds that the DEA's argument with regard to the Administrative Procedure Act fails, and the instant motion shall not be denied on these grounds.

### Relevancy

As an initial matter, the Special Master concludes that the information granted in this ruling is relevant to the conduct of the Defendants in regard to the allegations Plaintiffs complain of, specifically, in this jurisdiction.  Additionally, it is proportional to the needs in this case.

The Special Master notes that the DEA has produced some information pursuant to Plaintiffs' requests involving activities regarding some of the same or similar conduct and pharmacies subject to this motion, recognizing the relevance of the information requested. Further, the Special Master notes and considers that the requests are limited and tailored to

identified pharmacies operating in the geographic area of the alleged harm.  Finally, the Special Master notes the DEA is not required to produce requested information that is available to Plaintiffs from the MDL document repositories.

Next, the Special Master will address each of the discovery requests specifically that Plaintiffs seek to compel via the instant motion.  These are 1, 2, 3, 4, 5, 6, 7, 8, and 9 (Dkt. 386-1).

### Request for Production No. 1

First, the Special Master considers the instant motion as to Request for Production No. 1. Request No. 1 seeks "[a]ll documents relating to Safe Script Pharmacy No. 6 in Huntington, West Virginia ("Safe Script"), including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by Safe Script or the investigation or prosecution of Safe Script related to opioids".

The Special Master notes that the request is "including but not limited to".  Upon review and consideration, the Special Master finds the motion should be granted as to this request, insofar as it seeks "any documents relating to the purchase, sale, or distribution of opioids by Safe Script or the investigation or prosecution of Safe Script related to opioids".  However, the request insofar as it seeks documents as to "other controlled substances" is too broad and includes conduct that is not relevant to these defendants or cause of action in the instant litigation.  Therefore, the motion is denied in part by the limiting language set forth above.

Further, the Special Master determines that the relevant time period shall be 2000 to the end of 2018.  With these limitations, the Special Master determines the production and disclosure of this information does not impose an undue burden on DEA as a non-party.  For these reasons,

the Special Master finds Request No. 1 shall be compelled in part, and the instant motion to compel shall be granted in part and denied in part as to this request.

**Request for Production No. 2**

Second, the Special Master considers the instant motion as to Request for Production No. 2. Request No. 2 seeks "[a]ll documents relating to A+ Care Pharmacy located in Barboursville, West Virginia, including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by A+ Care Pharmacy or the investigation and prosecution of A+ Care Pharmacy related to opioids".

Like in Request No. 2, the Special Master notes here that the request is "including but not limited to". Upon review and consideration, the Special Master finds the motion should be granted as to this request, insofar as it seeks "any documents relating to the purchase, sale, or distribution of opioids by A+ Care Pharmacy or the investigation or prosecution of A+ Care Pharmacy related to opioids". However, the request insofar as it seeks documents as to "other controlled substances" is too broad and includes conduct that is not relevant to these defendants or cause of action in the instant litigation. Therefore, the motion is denied in part by the limiting language set forth above.

Further, the Special Master determines that the relevant time period shall be 2000 to the end of 2018. With these limitations, the Special Master determines the production and disclosure of this information does not impose an undue burden on DEA as a non-party. For these reasons, the Special Master finds Request No. 2 shall be compelled in part, and the instant motion to compel shall be granted in part and denied in part as to this request.

**Request for Production No. 3**

Third, the Special Master considers the instant motion as to Request for Production No. 3. Request No. 3 seeks "[a]ll documents relating to McCloud Family Pharmacy in Huntington, West Virginia ('McCloud') including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by McCloud or the investigation and prosecution of McCloud Pharmacy related to opioids".

Like in Requests No. 2 and 3, the Special Master notes here that the request is "including but not limited to". Upon review and consideration, the Special Master finds the motion should be granted as to this request, insofar as it seeks any documents relating to the purchase, sale, or distribution of opioids by McCloud Family Pharmacy or the investigation or prosecution of McCloud Family Pharmacy related to opioids. However, the request insofar as it seeks documents as to "other controlled substances" is too broad and includes conduct that is not relevant to these defendants or cause of action in the instant litigation. Therefore, the motion is denied in part by the limiting language set forth above.

Further, the Special Master determines that the relevant time period shall be 2000 to the end of 2018. With these limitations, the Special Master determines the production and disclosure of this information does not impose an undue burden on DEA as a non-party. For these reasons, the Special Master finds Request No. 3 shall be compelled in part, and the instant motion to compel shall be granted in part and denied in part as to this request.

**Request for Production No. 4**

Fourth, the Special Master considers the instant motion as to Request for Production No. 4. Request No. 4 seeks "[a]ll documents relating to Drug Emporium, a pharmacy located in Barboursville, West Virginia, including, but not limited to, all documents relating to or reflecting

the purchase, sale, distribution or dispensing of opioids or other controlled substances by Drug Emporium or the investigation and prosecution of Drug Emporium related to opioids".

Like in the previous requests for production, the Special Master notes here that the request is "including but not limited to".  Upon review and consideration, the Special Master finds the motion should be granted as to this request, insofar as it seeks "any documents relating to the purchase, sale, or distribution of opioids by Drug Emporium or the investigation or prosecution of Drug Emporium related to opioids".  However, the request insofar as it seeks documents as to "other controlled substances" is too broad and includes conduct that is not relevant to these defendants or cause of action in the instant litigation.  Therefore, the motion is denied in part by the limiting language set forth above.

Further, the Special Master determines that the relevant time period shall be 2000 to the end of 2018.  With these limitations, the Special Master determines the production and disclosure of this information does not impose an undue burden on DEA as a non-party.   For these reasons, the Special Master finds Request No. 4 shall be compelled in part, and the instant motion to compel shall be granted in part and denied in part as to this request.

**Request for Production No. 5**

Fifth, the Special Master considers the instant motion as to Request for Production No. 5.  Request No. 5 seeks "[a]ll documents relating to S & F Pharmacy, d/b/a Fruth Pharmacy #12 ('S&F Pharmacy'), including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by S&F Pharmacy or the investigation and prosecution of S&F Pharmacy related to opioids".

Like in the previous requests for production, the Special Master notes here that the request is "including but not limited to".  Upon review and consideration, the Special Master

finds the motion should be granted as to this request, insofar as it seeks "any documents relating to the purchase, sale, or distribution of opioids by S&F Pharmacy or the investigation or prosecution of S&F Pharmacy related to opioids". However, the request insofar as it seeks documents as to "other controlled substances" is too broad and includes conduct that is not relevant to these defendants or cause of action in the instant litigation. Therefore, the motion is denied in part by the limiting language set forth above.

Further, the Special Master determines that the relevant time period shall be 2000 to the end of 2018. With these limitations, the Special Master determines the production and disclosure of this information does not impose an undue burden on DEA as a non-party. For these reasons, the Special Master finds Request No. 5 shall be compelled in part, and the instant motion to compel shall be granted in part and denied in part as to this request.

**Request for Production No. 6**

Sixth, the Special Master considers the instant motion as to Request for Production No. 6. Request No. 6 seeks "[a]ll documents relating to Fruth Pharmacy of Milton, Inc., including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by Fruth Pharmacy of Milton, Inc. or the investigation and prosecution of Fruth Pharmacy of Milton, Inc. related to opioids".

Like in the previous requests for production, the Special Master notes here that the request is "including but not limited to". Upon review and consideration, the Special Master finds the motion should be granted as to this request, insofar as it seeks "any documents relating to the purchase, sale, or distribution of opioids by Fruth Pharmacy of Milton, Inc. or the investigation or prosecution of Fruth Pharmacy of Milton, Inc. related to opioids". However, the request insofar as it seeks documents as to "other controlled substances" is too broad and

includes conduct that is not relevant to these defendants or cause of action in the instant litigation.  Therefore, the motion is denied in part by the limiting language set forth above.

Further, the Special Master determines that the relevant time period shall be 2000 to the end of 2018.  With these limitations, the Special Master determines the production and disclosure of this information does not impose an undue burden on DEA as a non-party.   For these reasons, the Special Master finds Request No. 6 shall be compelled in part, and the instant motion to compel shall be granted in part and denied in part as to this request.

**Request for Production No. 7**

Seventh, the Special Master considers the instant motion as to Request for Production No. 7.  Request No. 7 seeks "[a]ll documents relating to CVS Pharmacy and/or West Virginia CVS Pharmacy, LLC and/or related entities (collectively 'CVS') operating within Huntington, West Virginia and operating with DEA Numbers **BR4365486** (located at 2901 Fifth Ave), **BR4301545** (located at 505 Twentieth Street), **BR4321787** (located at 447 W Washington Ave), **AR6055025** (located at 5179 US Rte 60 E), including, but not limited to all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by CVS or the investigation and prosecution of CVS related to opioids".

Like in the previous requests for production, the Special Master notes here that the request is "including but not limited to".  Upon review and consideration, the Special Master finds the motion should be granted as to this request, insofar as it seeks "any documents relating to the purchase, sale, or distribution of opioids" by CVS "or the investigation or prosecution of CVS related to opioids".  However, the request insofar as it seeks documents as to "other controlled substances" is too broad and includes conduct that is not relevant to these defendants

or cause of action in the instant litigation.  Therefore, the motion is denied in part by the limiting language set forth above.

Further, the Special Master determines that the relevant time period shall be 2000 to the end of 2018.  With these limitations, the Special Master determines the production and disclosure of this information does not impose an undue burden on DEA as a non-party.   For these reasons, the Special Master finds Request No. 7 shall be compelled in part, and the instant motion to compel shall be granted in part and denied in part as to this request.

**Request for Production No. 8**

Eighth, the Special Master considers the instant motion as to Request for Production No. 8.  Request No. 8 seeks "[a]ll documents relating to CVS Pharmacy and/or West Virginia CVS Pharmacy, LLC and/or related entities (collectively 'CVS') operating within the State of West Virginia during the period from January 1, 1996 to present and not included your response to Request No. 7, including but not limited to all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by CVS or the investigation and prosecution of CVS related to opioids".

Upon review and consideration, the Special Master finds the motion should be denied as to this request.  After reviewing and considering the affidavit of Heather L. Wehrle, attached to DEA's Response as Exhibit F, the Special Master is of the opinion that this request is unduly burdensome for the non-party.  For instance, Ms. Wehrle stated in the Affidavit that there are at least 100 CVS stores that have operated in the State of West Virginia from 1996 to present.  *See* DEA's Resp., Ex. F, at paragraph 11.  In making this determination, the Special Master also considers that this request seeks information from entities that have been dismissed in this action

by Plaintiffs. The Special Master also notes and considers the relevant information sought as to CVS pharmacies located in the jurisdictionally-specific area was granted in Request No. 7.

For these reasons, the Special Master finds Request No. 8 shall not be compelled, and the instant motion to compel shall be denied as to this request.

**Request for Production No. 9**

Ninth and finally, the Special Master considers the instant motion as to Request for Production No. 9. Request No. 9 seeks "[a]ll documents relating to Rite Aid Pharmacy, Inc. and/or its related affiliates (collectively, 'Rite Aid') operating within West Virginia during the period from January 1, 1996 to present, including, but not limited to, all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by Rite Aid or the investigation and prosecution of Rite Aid related to opioids".

Like in Request No. 8, upon review and consideration, the Special Master finds the motion should be denied as to this request. After reviewing and considering the affidavit of Heather L. Wehrle, attached to DEA's Response as Exhibit F, the Special Master is of the opinion that this request is unduly burdensome for the non-party. For the same reasons that the request would be burdensome as to the chain pharmacy CVS operating many stores statewide, the Special Master finds it would be burdensome as to the search and analysis related to the large chain pharmacy Rite Aid statewide. In making this determination, the Special Master also considers that this request seeks information from entities that have been dismissed in this action by Plaintiffs.

For these reasons, the Special Master finds Request No. 9 shall not be compelled, and the instant motion to compel shall be denied as to this request.

In conclusion, the instant motion is granted in part and denied in part as to the nine requests for production it seeks to compel, as described in the ruling herein.

RESPECTFULLY SUBMITTED,

/s/ Christopher C. Wilkes
Special Master

Dated: June 5, 2020