IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon David A. Faber |

**PLAINTIFF CABELL COUNTY COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL *IN CAMERA* REVIEW AND PRODUCTION**

On May 15, 2020, Defendants filed a Memorandum in Support of their Motion to Compel *In Camera* Review and Production ("5/15/2020 Memorandum"), seeking "to compel Plaintiff Cabell County to produce for *in camera* review the documents underlying the challenged privilege claims identified" in Defendants' motion. Dkt. No. 433 at 1. Defendants' 5/15/2020 Memorandum also noted that "Defendants intend to continue to meet and confer with Plaintiffs to the extent they may be able to resolve any of the remaining disputes, but file this motion today in an abundance of caution given the Court's order of May 11, 2020." *Id*. at 2, fn. 2. Thereafter, Plaintiff reached out to Defendants requesting a meet and confer to discuss remaining disputes.

1

The parties exchanged written communications, participated in a productive meet and confer call, and eliminated issues. Plaintiff has withdrawn certain privilege claims and Defendants have withdrawn certain privilege challenges. Currently, Plaintiff believes that the matters either are resolved and/or do not require intervention from the Court. Nonetheless, Plaintiff submits this opposition in an abundance of caution.

## Factual Background

On 4/14/2020, the Cabell County Commission served its privilege log, which contained 501 privilege claims. Plaintiff did not paint privilege with broad brush strokes. To provide perspective, the Cabell County Commission's 501 privilege claims cover a production of more than 400,000 documents. Tellingly, approximately half of Plaintiff's privilege and/or work product claims involve *draft* pleadings in other cases involving minor children (e.g., termination of parental rights, child custody). Further, Plaintiff's privilege claims typically involve a handful of topics easily associated with attorney-client privilege and/or work product claims, including: "review/legal advice on draft petition involving other (minor child) litigation", "request for and/or provision of legal advice, and mental impressions, related to current litigation", "litigation update[s]" and "contractual matters". The Cabell County Commission made significant initial efforts to narrow its privilege claims prior to production of its privilege log. However, on 5/6/2020, Defendants (via letter) challenged most of Plaintiff's extremely narrow privilege claims.[1]

On 5/11/2020, Plaintiff responded in writing to Defendants' 5/6/2020 letter.[2] Among other things, Plaintiff's 5/11/2020 letter advised that "many of the logged documents relate to child custody hearings and/or protective investigations conducted by the Cabell County Prosecutor's

---

[1] Dkt. No. 437 at 2-3.
[2] Exhibit A attached hereto (5/11/2020 letter from B. Bogle to L. Wu).

Office . . . [which were] logged prior to the Court's ruling [that production need not be made] regarding Prosecutor documents."[3] Nonetheless, Plaintiff still provided requested information and answers to Defendants' questions, and provided a spreadsheet containing additional information relative to the privilege claims which, as Plaintiff understood, Defendants questioned.[4] Moreover, Plaintiff's 5/11/2020 letter offered Defendants another opportunity to meet and confer prior to the 5/15/2020 motion deadline.[5] Defendants did not take Plaintiff up on its offer to meet and confer, but rather filed the motion at issue.

In response to Defendants' 5/15/2020 Motion, Plaintiff again reached out to Defendants requesting a meet and confer to discuss remaining disputes. On 5/22/2020, the parties held a meet and confer call to resolve outstanding issues (including remaining questions of Defendants). On 5/29/2020, Plaintiff provided Defendants with the additional requested information, including decisions on certain privilege challenges, the status of Plaintiff counsels' representation of third parties identified on the log (for common interest privilege claims), and confirmation of background information (including attorney involvement) regarding certain draft petition related privilege claims.[6]

On 6/3/2020, Defendants responded to Plaintiff's 5/29/2020 letter, advising of the progress made with the privilege challenges, withdrawing certain privilege challenges, attaching a status chart, and posing additional questions. Plaintiff believes that it has sufficiently responded to Defendants' remaining questions and provides said answers in this opposition.

---

[3] *Id*. at 1
[4] Exhibit B attached hereto (spreadsheet attached to 5/11/2020 letter from B. Bogle to L. Wu).
[5] Exhibit A at 3 ("Should the above and enclosed not fully answer all questions related to Cabell County's privilege log we are available to meet and confer prior to May 15th.").
[6] Exhibit C attached hereto (5/29/2020 letter from B. Bogle to L. Wu).

**Argument**

In their 5/15/2020 Motion, Defendants identify three categories of privilege claims which they challenged: 1) common interest claims,[7] 2) privilege claims over documents allegedly disclosed to third-parties,[8] and 3) attorney work product claims over documents involving draft petitions (referred to in metadata as "intake forms").[9]  Consistent with Defendants' 5/15/2020 Motion, as well as the recent written correspondence between the parties, Plaintiff hereby addresses these categories in kind.

1. **Common Interest Privilege Claims**

The parties have exchanged positions and information on these claims and challenges. Plaintiff has downgraded certain privilege claims pursuant to Defendants' common interest and/or third-party privilege challenges.[10]  Based upon the 6/3/2020 correspondence from Defendants, it is Plaintiff's understanding that certain of these privilege challenges have now been withdrawn by Defendants.[11]

To the extent privilege challenges to Plaintiff's common interest privilege claims remain, such challenges should be overruled.  First, it now appears that Defendants merely challenged every Plaintiff privilege claim which asserted common interest – irrespective of whether attorney-client privilege and/or work product was asserted.  Leaving aside the sweeping nature of the challenges, even if a common interest privilege is not proven, remaining attorney-client privilege and/or work product claims are still valid.

---

[7] Dkt. No. 433 at 3-5.
[8] *Id*. at 6-7.
[9] *Id*. at 7-8.
[10] Exhibit C at 1.
[11] Exhibit D at 2.

Second, Defendants' 5/15/2020 Motion assumes that anytime Plaintiff made a common interest claim (in addition to attorney-client and/or work product claims), such privilege assertions automatically meant that a non-disclosed third party was involved in the communication. This simply is not the case. Rather, various common interest privilege claims were made by Plaintiff out of an abundance of caution, as the communications are facially privileged given the metadata information provided in Plaintiff's privilege log, and as confirmed by Plaintiff's counsel during the meet and confer. Regardless, the result is Defendants' mistaken concern that there exists unidentified third-party involvement with all of Plaintiff's common interest privilege claims. Accordingly, Plaintiff represents herein that unless a third-party was specifically identified on the privilege log, Plaintiff is unaware of a third-party being included in the communication at issue. As such, this should resolve the common interest issues identified in the 5/15/2020 Motion.

### 2. Third Parties Identified on Privilege Log

Defendants' 5/15/2020 Motion targets third-parties that overlap with the common interest privilege challenges (e.g., Marshall University, certain West Virginia Counties also represented by Plaintiff's counsel). Plaintiff believes these challenges have either been resolved by the parties,[12] or addressed in the common interest section, *supra*. A final sub-category of privilege claims challenged by Defendants include Drug Enforcement Administration ("DEA") communications relating to joint prosecution efforts with Cabell County. Based upon the 6/3/2020 correspondence, Plaintiff believes Defendants have withdrawn their challenges regarding these specific DEA-related privilege claims (at PRVCTRL numbers 97, 98, 100 & 101).[13]

---

[12] Exhibit C at 1-2.  See also, Exhibit D at 1-2.
[13] Exhibit D at 1.

3.  **Draft Petitions**

Defendants additionally challenged various drafts petitions created as a joint effort by Child Protective Services and the Cabell County Prosecutor's Office. Plaintiff provided an answer and confirmation regarding this matter in its 5/29/2020 letter concerning the circumstances surrounding the creation of these documents.[14] Based upon the 6/3/2020 correspondence from Defendants, it is Plaintiff's understanding that these privilege challenges are withdrawn.[15]

## CONCLUSION

In sum, Plaintiff believes that the outstanding challenges previously brought by Defendants are now resolved. Plaintiff has met and conferred with Defendants and provided written responses and confirmations to/for Defendants' questions and challenges at issue herein. Plaintiff believes that Defendants' questions and challenges have been resolved. However, to the extent any prior questions or challenges remain, Plaintiff will agree to further meet and confer regarding same. Accordingly, Plaintiff Cabell County respectfully suggests that Defendants' Motion to Compel *In Camera* Review and Production be denied as moot.

Dated: June 5, 2020

Respectfully Submitted,

CABELL COUNTY COMMISSION

/s/ *Anthony D. Irpino*
Anthony D. Irpino (La. Bar #24727)
Pearl A. Robertson (La. Bar #34060)
**Irpino Avin Hawkins**
2216 Magazine Street
New Orleans, LA 70130
Phone: 504-525-1500
Email: airpino@irpinolaw.com

---

[14] Exhibit C at 2.
[15] Exhibit D at 1.

6

       Email: probertson@irpinolaw.com
       *Admitted Pro Hac Vice*

       /s/ *Paul T. Farrell, Jr.*
       Paul T. Farrell, Jr., Esq. (WVSB No. 7443)
       **FARRELL LAW**
       P.O. Box 1180
       Huntington, WV 25714-1180
       422 Ninth Street, 3rd Floor
       Huntington, West Virginia 25701
       Office: 304.523.7285
       Cell: 304.654.8281
       Email: paul@farrell.law

       Brandon L. Bogle (FL Bar # 052624)
       LEVIN, PAPANTONIO, THOMAS,
       MITCHELL, RAFFERTY & PROCTOR, P.A.
       316 S. Baylen Street, 6th Floor
       Pensacola, FL 32502
       Phone: 850-435-7042
       Email:bbogle@levinlaw.com

       *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 5th day of June, the foregoing "**Plaintiff Cabell County's Opposition to Defendants' Motion to Compel *In Camera* Review and Production**" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

       /s/ *Paul T. Farrell, Jr.*
       Paul T. Farrell, Jr. (W.Va. Bar # 7443)