

KIMBERLY LAMBERT ADAMS
KATHRYN L. AVILA
BRIAN H. BARR
MICHAEL C. BIXBY
M. ROBERT BLANCHARD
BRANDON L. BOGLE
W. TROY BOUK
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
JEFF GADDY
RACHAEL R. GILMER
BRENTON J. GOODMAN
JOSHUA R. HARRIS

FREDRIC G. LEVIN
MARTIN H. LEVIN
D. PATRICK LEWIS
*(LICENSED ONLY IN WASHINGTON, D.C.)*
ROBERT M. LOEHR
STEPHEN A. LUONGO
M. JUSTIN LUSKO
NEIL E. McWILLIAMS, JR.
CLAY MITCHELL
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN

MIKE PAPANTONIO
CHRISTOPHER G. PAULOS
EMMIE J. PAULOS
MADELINE E. PENDLEY
A. RENEE PRESTON
ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
THOMAS A. TAYLOR
REBECCA K. TIMMONS
BRETT VIGODSKY

OF COUNSEL:
WILLIAM F. CASH III
LAURA S. DUNNING
*(LICENSED ONLY IN ALABAMA)*
BEN W. GORDON, JR.
ARCHIE C. LAMB, JR.
PAGE A. POERSCHKE
*(LICENSED ONLY IN ALABAMA)*
CHRISTOPHER V. TISI
*(LICENSED ONLY IN WASHINGTON, D.C. AND MARYLAND)*

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

May 11, 2020

**By Electronic Mail**

Laura Flahive Wu
Covington & Burlington LLP
850 Tenth Street, NW
Washington D.C. 20001-4956

    **Re:**  **Cabell County Response to Defendants' May 6, 2020 Letter Regarding Privilege Log, Vol. 1,** *City of Huntington v. AmerisourceBergen Drug Corp. et al.*, **3:17-cv-01362 (S.D.W. Va.);** *Cabell County Commission v. AmerisourceBergen Drug Corp. et al.*, **3:17-cv-01665 (S.D.W. Va.)**

Dear Counsel,

  Please consider the below responses to your May 6, 2020 letter.

  As an initial matter, many of the logged documents relate to child custody hearings and/or protective investigations conducted by the Cabell County Prosecutor's Office. These documents were reviewed and logged prior to the Court's ruling regarding Prosecutor documents. Nonetheless, Plaintiffs logged the documents in good faith to comply with discovery requirements. That said, Plaintiffs respond to each of Defendants' complaints in turn:

1. Appendix A. You raised concerns about 66 documents that were withheld for Attorney Work Product, listed on Appendix A.[1] The metadata does provide that the document title for these entries includes the phrase "intake info"; however, the titles of the documents are not reflective of the substance of the actual documents. The full title (the title atop each page) is "Cabell County Prosecuting Attorney's Office Information for Abuse and

---

[1] Plaintiffs review of the log finds 68 documents on the log that likely fit Defendants' classification. Attached hereto is a tabbed spreadsheet of all entries that relate to Defendants' Complaints. The spreadsheet is tabbed according to Defendants' Appendices. Appendix A lists all entries Plaintiffs believe relate to this category, with the correlative privilege ID numbers of Defendants' identified entries highlighted in peach (the two additional entries identified by plaintiffs are not highlighted; PRVCTRL0000307 and 339).

    Neglect Petition." Thus, as is clearly stated in column "K" of the log, the documents are in fact draft petitions prepared for review by counsel. Should Defendants still require additional information regarding these entries and their attendant documents, we are open to meeting and conferring, though we maintain the documents are (1) not subject to production given the Court's rulings; and (2) privileged as they are draft litigation documents.

2. Appendix B. Consistent with the operative CMO, the documents logged show the top email metadata, which may not reveal the attorney involved. Consequently, Plaintiffs provided the subject/document title that clearly shows these materials relate to either petitions or litigation updates and the basis for privilege describes the same. Nonetheless, Plaintiffs provide Defendants with enhanced descriptions for these documents. *See* Tab "Appendix B."

3. Appendix C. All entries that assert common interest clearly disclose counsel within the County Commission, employees of the County Commission, and/or outside counsel (including MDL counsel), and the subject/document titles indicate that the entries are related to current litigation. All such entries provide enough information and support for the privilege asserted (these entries are not tabbed on the enclosed in the interest of brevity and efficiency).

4. Appendix D. These documents clearly relate to the current litigation and are communications in furtherance of the litigation. The third parties are encompassed by the County Commission's representation of the County and/or in the County's litigation strategies. Also, clarification on the List of Names is needed regarding "Bob Hansen" and "Robert Hansen." Bob and Robert are the same person, however, in addition to working as the director of Addiction Services for Marshall Health, he is also the executive director of the office of Drug Control Policy for the West Virginia Department of Health and Human Resources. Mr. Hansen assumed that post in December 2018, thus, his communications may be privileged when he is working in his capacity as the executive director within DHHR.

5. Appendix E. See enclosed attachment at Appendix E.

6. Appendix F. The reference to Levin Papantonio refers to the listserv provided in the list of names at row 139, namely, opioidlitigation@levinlaw.com^, identified as the law firm, LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, PA, not Mr. Papantonio personally. Moreover, the entries fully provide that the document shared by Beth Thompson is a litigation hold letter. As previously discussed, because the CMO requires only the top email be logged, Plaintiffs provided the privilege nexus in the description as is appropriate.

7. PRVCTRL0000161 is privileged. The log erroneously claims it is not privileged. The entry logged shows that the document is an email to an attorney related to a draft petition.

   Moreover, this is a document that is not required to be produced pursuant to court order and will not be produced here.

 Should the above and enclosed not fully answer all questions related to Cabell County's privilege log we are available to meet and confer prior to May 15th.

                 Sincerely,

                 Brandon L. Bogle