LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

SUZANNE SALGADO
(202) 434-5232
ssalgado@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 3, 2020

*Via Email*

Brandon Bogle, Esq.
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 S. Baylen Street, Ste. 600
Pensacola, FL 32502
bbogle@levinlaw.com

All Plaintiffs' Counsel
mdl2804discovery@motleyrice.com

   **Re:** *Cabell County Commission v. AmerisourceBergen Drug Corporation, et al.,* Civil Action No. 3:17-cv-01665

Dear Mr. Bogle:

  Thank you for a productive meet and confer on May 22 and your follow-up letter of May 29. We address your additional explanations regarding certain challenged documents below. Also, to assist all parties in organizing our communications, we have created and sent with this correspondence a chart that identifies all challenged documents, includes any additional explanations you provided as to specific documents, and includes our responses to those explanations.

**I. Third Party and Common Interest Claims**

  A. *Marshall University, St. Mary's Hospital, and Cabell Huntington Hospital*

  We understand that you have withdrawn your privilege claims as to documents involving Marshall University, St. Mary's Hospital, and Cabell Huntington Hospital, and produced those documents on June 2. In addition to the seven documents you produced involving those three parties,[1] we believe the communications in privilege log entry 5 (using the "PRVCTRL"

---

[1] In your letter of May 29, you list the following seven documents as involving Marshall University, St. Mary's Hospital, and/or Huntington-Cabell Hospital (using the "PRVCTRL" number): 2, 4, 6, 7, 215, 216, and 217.

DC: 7314741-1

WILLIAMS & CONNOLLY LLP

June 3, 2020
Page 2

number) also include one of these third parties. Privilege log entry 5 was authored by Brian Gallagher, whom we understand to be an affiliate of Marshall University. Please confirm whether you will agree to produce privilege log entry 5 in addition to the seven documents produced on June 2.

    B.  *West Virginia Counties Represented by Counsel for Cabell County*

We appreciate your explanation that law firms representing Cabell County also currently represent or previously represented certain other West Virginia counties[2] in opioid-related litigation. Please confirm that you believe there is a shared common legal interest between these counties and Cabell County as to the specific documents that we have challenged by identifying such entries in the attached chart. For each of these documents, please confirm that no *other* third parties (aside from the counties you identify in your letter) authored, received, or were copied on these communications. To the extent there are other third parties included on these communications, please explain why their presence does not constitute waiver of the attorney-client and work product privileges.

    C.  *Communications involving the Drug Enforcement Administration and Department of Justice*

We understand your assertion that communications involving the Drug Enforcement Administration ("DEA") and Department of Justice ("DOJ") are privileged because they relate to a joint prosecution effort with Cabell County. Without taking a position on the legal sufficiency of that explanation, we agree to withdraw these privilege challenges.

**II.    Draft Petitions**

We appreciate your providing information about the process and purpose of creating the draft petitions listed in your privilege log. We understand from your letter that all withheld draft petitions were created at the direction of specific prosecutors or in order to assist prosecutors in preparing for hearings on pending petitions. Given that explanation, we agree to withdraw our challenge as to these documents.

**III.   Remaining Challenges**

Absent additional explanation regarding the remaining challenged privilege log entries, we maintain those challenges (listed in the attached chart).

                                            Yours truly,

---

[2] In your letter of May 29, you informed us that law firms representing Cabell County also represent Boone County, Fayette County, Kanawha County, Logan County, and Wayne County in opioid-related litigation, and that Napoli Shkolnik represents Lewis County. You also explained that you had previously represented Wyoming County in opioid-related litigation.

WILLIAMS & CONNOLLY LLP

June 3, 2020
Page 3

*/s/ Suzanne Salgado*

Suzanne Salgado