**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>     Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG<br>CORPORATION, et al.,<br><br>     Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG<br>CORPORATION, et al.,<br><br>     Defendants. | Civil Action No. 3:17-01665<br>Hon David A. Faber |

**MEMORANDUM IN SUPPORT OF AMERISOURCEBERGEN DRUG
CORPORATION'S MOTION TO COMPEL DISCOVERY RESPONSES FROM
CABELL HUNTINGTON HOSPITAL AND ST. MARY'S MEDICAL CENTER**

**INTRODUCTION**

On behalf of all Defendants, counsel for AmerisourceBergen Drug Corporation ("ABDC")

served Subpoenas to Produce Documents, Information, or Objects on Cabell Huntington Hospital

("CHH") and St. Mary's Medical Center ("SMMC") (collectively, the "Hospitals") on March 12,

2020 and April 10, 2020, respectively. *See* ECF 232, 329. As of the filing of this motion, and

notwithstanding multiple accommodations by Defendants, the Hospitals have not produced any

documents or information responsive to these Subpoenas. Accordingly, ABDC, on behalf of all

1

Defendants, requests this Court enter an order compelling CHH and SMMC to provide any and all documents responsive to the Subpoenas on or before June 26, 2020 so that depositions may proceed by the July 27, 2020 fact deposition deadline.

## BACKGROUND

The March 12, 2020 and April 10, 2020 Subpoenas respectively commanded CHH to produce all documents responsive thereto by March 26, 2020 and SMMC to produce all documents responsive thereto by April 27, 2020.  Subsequently, counsel for ABDC agreed to extend the deadline for CHH's responses to April 9, 2020.  *See* ECF 310, *infra*.

On April 10, 2020, CHH filed a *Petition and Motion to Quash the Subpoena of AmerisourceBergen Drug Corporation* ("First Motion to Quash") [ECF 309] and Memorandum in Support thereof [ECF 310].  In the First Motion to Quash, CHH raised non-specific objections to the Subpoena, arguing generally that ABDC was seeking documents "covering a broad range of various topics." *Id.* at 2.  CHH argued that the Subpoena request "requires a substantial amount of work by a multitude of various medical and legal personnel" and that "it requires overlapping scrutiny for privileges and objections such as *the* [sic] *Health Insurance Portability and Accountability Act*, the *Health Care Quality Improvement Act*, or the *Peer Review Privilege* codified in W. Va. Code 30-3C-1 *et seq.*, not to mention privileges such as the attorney-client privilege, the work product doctrine or any other rule-based objection, proprietary confidence or permissible privilege which may become evident during the requisite investigation." *Id.* at 3.  CHH requested additional time to respond to the Subpoena in light of its breadth and the ongoing COVID-19 pandemic, which reportedly limited availability of hospital personnel to perform a full investigation and document review.  *See generally id.*  No specific objections to the Subpoena were raised in the First Motion to Quash.

Understanding the limitations imposed by COVID-19, Defendants agreed to a 30-day extension for CHH to produce responsive documents (making the new deadline May 14, 2020) and, on April 14, 2020, counsel for CHH notified Special Master Wilkes of this agreement and requested that the First Motion to Quash be held in abeyance until that time. *See* Ex. A, Email chain between Special Master Wilkes and R. Ashworth (April 14, 2020). Thereafter, the second Subpoena was served on SMMC, which is represented by the same counsel for CHH. Due to the relationship between CHH and SMMC, Defendants agreed to proceed with both Subpoenas in tandem—applying the May 14th deadline to both Hospitals. *See* Ex. B, R. Ashworth Email to G. Callas (April 27, 2020).

In the meantime, the Court issued a *Memorandum Opinion and Order* [ECF 410] on May 11, 2020 requiring "any necessary motions to ensure that outstanding discovery disputes, including those involving third parties" to be filed "no later than May 15, 2020." Following receipt of this Order, Defendants and the Hospitals held meet-and-confer discussions on May 11, 2020 and May 12, 2020, at which time it was determined that the Hospitals would be unable to produce responsive documents to the Subpoenas before May 15, 2020.

In response to the Court's May 11, 2020 Memorandum Opinion and Order [ECF 410], and out of an abundance of caution, Defendants filed an omnibus *Motion to Compel Third-Party Discovery* [ECF 435], and Memorandum in Support [ECF 436], on May 15, 2020. In that Motion, Defendants described the status of the Hospitals' subpoena production as reflected above. *See* ECF 436 at 22-23. On May 27, 2020, the Hospitals filed the *Joint Response of Cabell Huntington Hospital and St. Mary's Medical Center to Defendants' Motion to Compel Third-Party Discovery and Right to Renew Motion to Quash* ("Second Motion to Quash") [ECF 471].

In the Hospitals' Second Motion to Quash, they stated that "the Hospitals are continuing to work cooperatively with the Defendants in furtherance of a plan for compliance with the pending Subpoenas [and] submit this Response to *Defendants' Motion to Compel Third-Party Discovery* in order to preserve their rights to seek relief from the Court in the event that negotiations ultimately fail." *See* ECF 471 at 1.  The Hospitals further requested that the discovery disputes as outlined in *Defendants' Motion to Compel Third-Party Discovery* be held in abeyance and that the Hospitals have a right to renew objections at a later date.  *Id.* at 1-2.  Again, however, no specific or firm objections to the Subpoena requests were raised by the Hospitals.

In an effort to streamline production of documents requested in the Subpoenas and to narrow the scope of the same, on May 28, 2020, Defendants provided (1) the names of custodians whose files they would like the Hospitals to search, (2) suggested search terms, and (3) topic areas for a targeted search of documents.  *See* Ex. C, G. Callas Email to R. Ashworth and accompanying letter (May 28, 2020).  Counsel for ABDC further requested additional guidance regarding the scope of the Hospitals' general peer review privilege objections.  *Id.*

Documents sought from the Hospitals are anticipated to contain significant statistical data and records relating to the Hospitals' prescribing guidelines and responsibilities for medical professionals to treat pain, the Hospitals' compliance with accreditation standards relating to the treatment of pain, potential improper prescribing, and information on mandatory reporting requirements to state and federal agencies.  This discovery is critical to Defendants' ability to understand the role medical care providers, such as SMMC and CHH, have in prescribing opioids. Without this information, Defendants lack key information from two of the three largest medical treatment centers that serve Plaintiffs' communities.

To date, no specific information or documents have been produced by the Hospitals, nor have they provided further guidance (including production of any privilege log) on their general objections to the Subpoenas.

## ARGUMENT

The Federal Rules of Civil Procedure permit a party to issue subpoenas for the production of documents and other things from nonparties. *See* Fed. R. Civ. Pro. 45(a)(1)(C); Fed. R. Civ. P. 34(c). Pursuant to Rule 45(d)(2)(B)(i), "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

The Court has set a written/document discovery deadline of June 12, 2020. *See* ECF 410 at 3. Additionally, the parties are planning to start depositions on June 15, 2020, with the depositions of key personnel at SMMC and CHH scheduled to take place in just over six weeks. Yet, as of the filing of this Motion, and despite Defendants' ongoing accommodations and patience, the Hospitals have provided no information or documents responsive to Defendants' Subpoenas. Additionally, although the Hospitals have asserted general objections, they have failed to specifically object to any of the Subpoena requests, nor have they provided a privilege log identifying which documents they are objecting to on the basis of privilege. Rather, the Hospitals have vaguely asserted that some of the information and documents sought *may be* privileged or *may be* overly broad and unduly burdensome. *See infra.*

Without the Hospitals' responses to and compliance with the Subpoenas, Defendants will be unable to comply with the Court's deadlines and to meaningfully participate in the upcoming depositions. Accordingly, Defendants respectfully request an Order compelling production of the

information and documents requested in compliance with the Subpoenas on or before June 26, 2020.

      **I.**      **The Possibility that Some Documents May Be Protected by Peer Review Privilege Does Not Change the Hospitals' Obligation to Respond to the Subpoenas.**

Although the Hospitals have not provided any specific or firm objections to Defendants' Subpoena requests, they have identified several areas of potential concern. For example, in the Second Motion to Quash, the Hospitals raise general concerns that some of the requested documents in the Subpoenas are protected under the peer review privilege, codified at West Virginia Code § 30-3C-1 *et seq.* Specifically, the Hospitals identify two examples where they believe the peer review privilege may apply: (1) the definition of "You" [ECF 232 at 1]; and (2) Request No. 14, which concerns documents related to the Joint Commission [ECF 232 at 10]. Although the Hospitals object to the definition of "You," the Hospitals have not identified—apart from Request No. 14—any other requests where this definition might trigger the peer review privilege. Without knowing the full extent of the Hospitals' peer review privilege claims, Defendants are unable to properly evaluate and respond to the Hospitals' objections currently.

Moreover, to the extent the Hospitals do raise the peer review privilege in response to Request No. 14, or any other request, the Hospitals must do so on a document-by-document basis and submit a privilege log identifying "each document for which the privilege is claimed by name, date, and custodian." Syl. Pt. 4, *State ex rel. Wheeling Hosp., Inc. v. Wilson*, 236 W. Va. 560, 782 S.E.2d 622 (2016). In addition to this information, the privilege log must also contain the following: "(1) the origin of each document, and whether it was created solely for or by a review committee"; "(2) the use of each document, with disclosures as to whether or not the document was used exclusively by such committee"; and (3) "a description of each document and a recitation

of the law supporting the claim of privilege." *Id.* At this juncture, no specific documents have been identified by the Hospitals as protected under the peer review statute and no privilege log has been supplied.

## II.      The Hospitals Have Had a Reasonable Time to Comply with the Subpoenas.

The Hospitals also contend, generally, in their Second Motion to Quash, that they have not been provided with a reasonable time to comply with the Subpoena requests. Rule 45(d)(3)(A)(i) of the Federal Rules of Civil Procedure does not specify what constitutes a reasonable length of time for compliance with a subpoena, but courts agree that reasonableness depends on the extent of materials requested as well as the underlying circumstances of a particular case. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2463.1 (3d. ed. 2008).

Understanding the difficulties imposed by the COVID-19 pandemic, Defendants have agreed to multiple extensions and have narrowed the scope of their requests numerous times. As of the date of this filing, CHH will have had more than two months to produce documents and SMMC will have had more than a month. Defendants have been more than accommodating with respect to the scope and time of the Hospitals' production of documents; yet, no specific information or documents have been produced, let alone identified by either CHH or SMMC.

## III.     The Narrowed Subpoena Requests Are Neither Unduly Broad nor Overly Burdensome.

Finally, the Hospitals assert in their Second Motion to Quash that, "generally," Defendants' Subpoenas "would render compliance unduly burdensome." ECF 471 at 13. By way of example, the Hospitals point to Request No. 1 to CHH, which seeks all communications in the last 24 years between CHH and Plaintiffs regarding the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, purchase, theft or trafficking of prescription opioids within or into the City of Huntington and Cabell County. Outside of this example, however, the Hospitals

have made no specific objections that requests are unduly broad or overly burdensome.  The Hospitals have further made no indication that they have attempted to gather this information to determine  whether a request is in fact "unduly broad and overly burdensome."  Rather, they attempt to apply this blanket objection to the Subpoenas as a whole in the event it *may be* unduly broad and overly burdensome.

Regardless, as the District Court for the Southern District of West Virginia has explained, in the context of discovery, "Rule 45 adopts the standards codified in Rule 26." *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2325, 2016 WL 4411506, at *2 (S.D.W. Va. Aug. 17, 2016) (quotation omitted).  Thus, "the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Id.*  Rule 26 "permits very broad discovery, encompassing any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *JAK Prods., Inc. v. Robert Bayer*, No. 2:15-CV-00361, 2015 WL 2452986, at *4 (S.D.W. Va. May 22, 2015).  Because the parameters of discovery under Rule 26 are broad, this Court has held that "[a]n objection that discovery is overly broad and unduly burdensome must be supported by affidavits or evidence revealing the nature of the burden and why the discovery is objectionable." *Id.* at *7.

It cannot be disputed that Defendants have continually worked with the Hospitals to manage the production of relevant documents to the Subpoena requests, and Defendants have further narrowed their Subpoena requests in an effort to accommodate and streamline production of relevant materials in a timely fashion.  If the Hospitals decide to object to certain requests as overly broad and unduly burdensome, then they must identify which requests are overly broad and unduly burdensome and provide more than a conclusory response as to why the requested production is not feasible. *See Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2012 WL

6045836, at \*3 (S.D.W. Va. Dec. 5, 2012) ("To prevail on the grounds of burdensomeness or breadth, the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments.").

## CONCLUSION

For these reasons, ABDC, on behalf of all Defendants, request an order compelling Cabell Huntington Hospital and St. Mary's Medical Center to provide any and all documents responsive to the March 12, 2020 and April 10, 2020 Subpoenas on or before June 26, 2020.

Dated: June 8, 2020

Respectfully submitted,

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, the forgoing *Memorandum in Support of AmerisourceBergen Drug Corporation's Motion to Compel Discovery Responses from Cabell Huntington Hospital and St. Mary's Medical Center* was sent to Counsel for the Plaintiffs and Defendants using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB # 7136)