

Make sure you don't miss any Law360 breaking news.

Download our plug-in for Chrome to get customizable, real-time news alerts

Expert Analysis

# How To Conduct Depositions Remotely

*By Eliot Williams and Daniel Rabinowitz*

By Eliot Williams and Daniel Rabinowitz March 30, 2020, 2:22 PM EDT

Law360 (March 30, 2020, 2:22 PM EDT) -- The COVID-19 outbreak has changed the way we do business in the United States and abroad. As of March 30, 248 million Americans are subject to "stay at home" directives.[1] This applies to law firms as well, many of whom have temporarily closed offices in accordance with governmental directives and instituted remote-work policies for attorneys and staff.[2]

Nevertheless, cases are still being actively litigated in courts and administrative agencies across the country. In the face of these challenges, lawyers must find new ways to conduct discovery and meet other case deadlines. This requires flexibility and the ability to adopt new approaches when it comes to aspects of a case that have traditionally been conducted in-person.

The traditional deposition is one such area that we are transitioning from an in-person to a remote practice. For example, at our firm, we are conducting remote depositions[3] in our cases and administrative proceedings. Remote depositions are a useful tool for continuing to meet discovery deadlines while allowing all parties involved to abide by stay-at-home directives and social distancing recommendations.

But they come with a unique set of challenges, and we provide practice tips to consider for remote depositions in your cases. And, of course, if you have any practical tips that you would like to share with us, we would welcome your input.

## Setting Up the Remote Deposition

Once the parties having stipulated to the remote deposition,[4] there are several steps that need to be taken for a more seamless



Eliot Williams



experience. First, all parties should be able to view several windows simultaneously: (1) a video window, (2) an exhibit window and (3) a real-time transcript window.

*Video Window*

The video window is simply a video feed that will typically be provided by the court reporter through a local reporting service vendor such as [TransPerfect](#) using a third-party platform, such as Zoom, Webex or [Skype](#). The video window can include a live feed of the questioning attorney, witness, defending attorney and court reporter. While the video feed can be recorded by the court reporter, prior to the deposition it is important to discuss with the court reporter what should be recorded. For example, if you would like to only record the witness, rather than have the recording switch between the speakers, certain video feed platforms may require a change to their default settings.

*Deposition Exhibits*

There are various ways to present exhibits during the deposition, but generally they will be shown on a window separate from the video stream. Some court reporters offer a solution from third-party vendor eDepoze,[5] typically for an additional fee. Other vendors may now or in the future provide similar services. Because the exhibit window is provided by a different application than the video feed, the video recording of the deposition will not include the shown exhibits.

*Real-Time Transcript*

The third window is the real-time transcript window provided by the court reporter using software such as Bridge Mobile or Eclipse CAT.

Depending on the software used, the video, exhibit and real-time transcript windows may be run on a local PC application, an iOS/Android application, or through a browser on a PC or mobile platform. While it is theoretically possible to view all three windows on a single screen, we recommend using more than one screen to view these windows, for example using a multiple monitor set up, or with a computer and tablet. Examples of the video and exhibit windows are shown below.



*Video window with live video feed of court reporter Rebecca Romano.*



*Exhibit window showing list of exhibits.*



*Exhibit window showing a selected exhibit.*

From a technical perspective, all parties to the deposition will need a reliable high-bandwidth internet connection. The quality of the deposition can be dependent on the bandwidth and latency of each person's internet connection, and the quality of the microphone available to the witness and speaking attorneys. It would also be helpful for the parties to conduct a trial run, testing all of the hardware equipment and software before the deposition itself, including having the witness test the exhibit window interface.

Preparing Exhibits for the Remote Deposition

Like any other deposition, practitioners should take time to carefully prepare all exhibits prior to a remote deposition. For remote depositions, exhibits can be preuploaded to the software platform. While it is possible to upload the exhibits during the deposition itself, that can slow the conduct of the deposition and should be avoided where possible.

As shown above, eDepoze allows the uploaded file name given to each document to be seen by the witness and opposing counsel in a published exhibit list. Alternatively, eDepoze allows counsel to change the file name of each uploaded document as they are published to the witness.

Some applications allow for stamping exhibits and assigning exhibit numbers during the deposition itself. EDepoze, for example, can keep track of the assigned exhibit numbers and allow users to assign the next available exhibit number. The assigned exhibit number, instead of the uploaded file name, will then be displayed to the witness or other attorneys.

If practitioners choose to use the application to assign exhibit numbers during the deposition, it is important to verify the capabilities of the software with the vendor before the deposition. To save time, however, the exhibits can simply be prestamped before the deposition and uploaded using the assigned exhibit numbers.

To ensure against computer malfunction, it may be advisable for the deponent to have backup paper copies of all exhibits. Some deponents may also

prefer to review paper copies of exhibits during the deposition, as opposed to reviewing the documents through the exhibit window.

The exhibits can be mailed to the witness in a sealed box, with instructions for the witness to refrain from opening the box until asked to do so during the deposition. An agreement should be reached on how to handle the box at the end of the deposition. For example, the agreement can include sending a return label and scheduling a courier pickup from the witness's home.

During the deposition, questioning counsel should be sure to have the witness confirm that each paper copy retrieved from the box matches the digital exhibit shown through the exhibit window. The digital exhibit shown in the exhibit window will ultimately become the official copy of record, as opposed to the paper copy being used by the witness.

Using and Selecting Exhibits During Deposition

Depending on the software used, the questioning attorney can be responsible for controlling the content shown in the exhibit window. For example, in eDepoze the questioning attorney is responsible for initiating the session. When doing so the software provides a session identification and passcode, which the questioning attorney will need to distribute verbally through the video feed or via e-mail.

The witness can use the session identification to log in using the witness view function provided by the software. Other attorneys can log in as guests and will need to use both the session identification and passcode. The login interface of eDepoze is shown below.



Once the parties are logged in, the questioning attorney can individually select and introduce each of the uploaded exhibits. Once introduced, the software will push a local copy of the PDF document to the witness's screen, allowing the witness to scroll through the document.

The questioning attorney should be sure to verbalize for the record what document is being published. Alternatively, the questioning attorney can

select a presentation mode that permits the questioning attorney to display a particular part of the document to the witness, and any other observing users.

EDepoze includes functionality that allows the questioning attorney to annotate the document in the presentation mode. The questioning attorney can also choose to pass the annotation controls to the witness. It should be noted that any annotation made will not be part of the official exhibit, unless a special action is undertaken using the software. Practitioners should be sure to check with the vendor before the deposition whether such functionality is available.

First-Hand Advice for Remote Depositions

As stated above, we have been employing remote depositions at our firm over the past several weeks. In one example, our questioning attorney was in a conference room in one of our offices using videoconferencing equipment. The witness, court reporter, defending attorney and observing attorney all appeared from their respective homes. To begin the deposition, the court reporter had the parties stipulate to administration of the oath remotely. The defending attorney was asked to confirm the identity of the deponent.

Our experience has taught us that patience is truly a virtue for remote depositions. When one or more parties attempts to speak at the same time, it could be very difficult to hear. This can make it challenging for the court reporter to keep an accurate record of the deposition, while also potentially confusing the witness.

If a momentary network problem occurs, the questioning attorney should pause for a moment and repeat the entire question. Doing so can help ensure that the deposition transcript accurately reflects the question.

In addition, to ensure quality of the recording it would be helpful for any observing attorneys to mute their microphone to prevent any unnecessary noises from interrupting the deposition. Observing attorneys should also consider turning off their video cameras. This can reduce the amount of bandwidth used by the video feed, which can help to ensure smooth operation of the video feed throughout the deposition.

Given the limited field of view of the video cameras, it is possible that at certain times during the deposition the witness may not be visible. For example, if the witness is retrieving and reviewing paper copies of exhibits they may not be visible. When this occurs, questioning attorneys should consider asking the witness to describe what he or she is doing outside the field of view of the camera.

Lastly, it may be helpful to consider shipping a high-quality USB microphone to the witness. While in our example deposition, the witness's computer microphone was sufficient, if the microphone is of poor quality or malfunctions during the deposition, it would be helpful to have a high-quality backup USB microphone available to the witness.

The same can also be said for video, where it would be helpful to have a high-quality USB video camera available to the witness. The necessity of this could be determined if, time permitting, a test session is performed several days before the actual deposition. Both high-quality USB microphones and cameras are readily available through online retailers.

Although attorneys may prefer to conduct depositions in-person, during these dynamic times, practitioners should consider using remote depositions to their advantage. Being well-prepared and familiar with the mechanics of conducting a remote deposition can help attorneys keep a case on track, prevent any unnecessary delays to case timelines, and increase their ability to elicit effective testimony.

*Update: This article has been updated to identify a reporting service vendor that a court reporter might use.*

---

[Eliot D. Williams](#) *is a partner and* [Daniel Rabinowitz](#) *is an associate at* [Baker Botts LLP](#).

*The opinions expressed are those of the author(s) and do not necessarily reflect the views of the firm, its clients, or Portfolio Media Inc., or any of its or their respective affiliates. This article is for general information purposes and is not intended to be and should not be taken as legal advice.*

[1] See Which States and Cities Have Told Residents to Stay at Home, N.Y. Times, Updated Mar. 30, 2020, available at https://www.nytimes.com/interactive/2020/us/coronavirus-stay-at-home-order.html.

[2] Big Law Goes Remote: Updates on Law Firm Closures During the Coronavirus Crisis, The American Lawyer, Mar. 20, 2020, available at https://www.law.com/americanlawyer/2020/03/16/big-law-goes-remote-updates-on-law-firm-closures-during-the-coronavirus-crisis/.

[3] These are allowable under Fed. R. Civ. P. 30(b)(4) and by stipulation in administrative proceedings, such as before the Patent Trial and Appeal Board.

[4] If opposing counsel does not stipulate to a remote deposition, counsel can file a motion with the court or administrative agency seeking guidance.

[5] eDepoze, https://edepoze.com/ (last visited Mar. 24, 2020).

*For a reprint of this article, please contact reprints@law360.com.*

[View comments](#)

## 0 Comments

[Add Comment]

[More Expert Analysis]

## Useful Tools & Links

- [Add to Briefcase](#)
- [Save to PDF & Print](#)
- [Rights/Reprints](#)
- [Editorial Contacts](#)