**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

THE CITY OF HUNTINGTON,

      Plaintiff,

v.

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*

      Defendants.

Civil Action No. 3:17-01362

_____

CABELL COUNTY COMMISSION,

      Plaintiff,

v.

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*

      Defendants.

Civil Action No. 3:17-01665

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF**
**COVID-19 IN-PERSON AND REMOTE DEPOSITION PROTOCOLS**

      During the COVID-19 pandemic, special procedures are necessary to ensure that depositions are conducted safely and fairly.

      To that end, Defendants prepared COVID-19 protocols for conducting in-person and remote depositions, uniquely tailored to this litigation, which they proposed to Plaintiffs on June 2, 2020.  Ex. A (June 2, 2020 Email from L. Flahive Wu to A. Kearse).  The parties discussed the proposed protocols in meet and confers on June 2, June 5, and June 9.  After the June 5 meet-and-confer, counsel for the City of Huntington inexplicably sent a markup of a *different* remote deposition protocol—one that Special Master Cohen had circulated as a "draft" to parties in the Track 3 pharmacy cases in the MDL.  Ex. B (June 2, 2020 Email from MDL Special Master

Cohen); Ex. C (June 5, 2020 Email from A. Kearse to L. Flahive Wu).  Plaintiffs provided no substantive response at all to Defendants' proposed in-person deposition protocol.

An in-person deposition protocol is necessary here because Special Master Wilkes has expressed a clear preference for taking depositions in person, where possible, and Plaintiffs have offered in-person depositions for all of their witnesses.  Ex. D (June 8, 2020 Email from A. Kearse to L. Flahive Wu).  Any in-person deposition held during the COVID-19 pandemic must be conducted in conformity with any applicable health regulations and social distancing requirements, and with a paramount focus on ensuring the health and safety of all those participating in the deposition.  Defendants' proposed COVID-19 in-person deposition protocol seeks to set ground rules ensuring those requirements are met.  For example, the protocol limits the number of in-person attendees and requires them to sit at least six feet apart.  Plaintiffs have provided no reason to forgo this in-person deposition protocol.

Plaintiffs also have refused to engage with Defendants' proposed remote deposition protocol, even though the parties have entered similar remote deposition protocols in other opioid cases.  Ex. E (Order Amending Case Management Order No. 1, *State of Nevada v. McKesson Corp.*, Case No. A-19-796755-B (June 3, 2020)).[1]  The protocol that Plaintiffs proposed as a substitute does not adequately ensure fair or effective depositions, as it does not require hard-copy exhibits or address critical technical issues.  Hard-copy exhibits are necessary, as with in-person depositions, to ensure witnesses are able to review and consider exhibits fully before answering questions about them.  This is particularly important in a complex case such as this one.  *See Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 280 (D. Md. 2012) ("Courts have held that the

---

[1] Levin Papantonio Law Firm represents both the State of Nevada and Cabell County in the opioid litigation.

existence of voluminous documents which are central to a case, and which the party intends to discuss with the deponent, may preclude a telephonic deposition." (internal quotation marks omitted)).  Allowing the questioning attorney to seek testimony about a document that she shows the witness electronically would allow chaos, confusion, and surprise.

Plaintiffs' proposed substitute protocol also is silent about key technical issues, such as hardware, software, and internet connectivity requirements; the security measures that the noticing party or its vendor must put in place to protect confidential information; and the technical requirements and procedures for addressing the disconnection of a deposition participant. Plaintiffs' proposed substitute protocol instead vaguely provides for "implement[ing] adequate security measures" and using "agreed-upon equipment."  Such open-ended language spots key issues but does not resolve them, significantly increasing the chances that the parties will need to seek Court intervention down the line, in the midst of a demanding discovery schedule. Defendants' proposal is meant to provide clear ground rules to allow remote depositions to proceed smoothly and fairly during these unprecedented times.

For the foregoing reasons, Defendants respectfully request an order entering Defendants' proposed COVID-19 in-person and remote deposition protocols.  Defendants respectfully request that this order be entered by Thursday, June 11, 2020 to allow depositions to proceed on schedule starting next week.


Dated:  June 9, 2020

Respectfully Submitted,

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*

Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky  40202
Telephone:  (502) 587-3400
Facsimile:  (502) 587-6391
cbrowning@stites.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

**AmerisourceBergen Drug Corporation**
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

**Cardinal Health, Inc.**
By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 9th day of June, 2020, the foregoing **"Memorandum in Support of Defendants' Motion for Entry of COVID-19 In-Person and Remote Deposition Protocols"** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
