IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    **Plaintiff,**

v.

**AMERISOURCEBERGEN
DRUG CORPORATION, et al.,**

    **Defendant.**

**CIVIL ACTION NO. 3:17-01362**

Hon. David A. Faber

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

v.

**AMERISOURCEBERGEN
DRUG CORPORATION, et al.,**

    **Defendant.**

**CIVIL ACTION NO. 3:17-01665**

Hon. David A. Faber

## DISCOVERY RULING NO. 3A

The undersigned has received and reviewed the various correspondences and documents concerning the Cabell County Prosecutor's Office ("CCPO") production of documents pursuant to the Special Master's ruling in DR3 (Dkt. 366) relating to official or unofficial policies of the CCPO to combat the opioid crisis, including communications, if any, by the prosecutor. Having carefully reviewed and considered the parties' positions, the Special Master now enters the following discovery ruling concerning the CCPO's compliance with DR3.

Initially, the Court notes that at the discovery status conference held on May 7, 2020, the parties discussed procuring a Declaration of the CCPO to satisfy the CCPO's discovery obligations under DR3. The Declaration would be to the effect that the CCPO did not possess any specific documents responsive to DR3. On May 12, 2020, Defendants' counsel corresponded with counsel for the CCPO and stated that Defendants accepted Prosecuting Attorney Hammer's Declaration,

which stated "to his knowledge … no documents responsive to Defendants' request for departmental and/or custodial files as ordered by Discovery Ruling, Dkt. 366 ("DR3"), which involve communications concerning official policies specifically regarding the Opioid Crisis." Prosecuting Hammers' Declaration further stated that "to his knowledge … the Cabell County Prosecutor's Office did not have an official or unofficial policy specifically regarding the Opioid Crisis."

On May 29, 2020, it was brought to the Special Master's attention that Defendants were challenging the accuracy of Prosecutor's Hammers' Declaration because the CCPO applied for a grant from the Department of Justice Innovative Prosecution for Combating Violent Crime and Illegal Opioids ("Application") in April of 2018. According to Defendants, the Application evidences the existence of a policy of the CCPO of prioritizing violent and felony drug crimes including illegal opioid cases over other crimes. However, closer examination of the Application reveals that the Application actually states that "case data shows" that the CCPO prioritizes violent and felony drug crimes over other crimes.  Case data implies a retrospective analysis—not existing policy. Additionally, statements in an Application for grant money that was never awarded to the effect that the CCPO "tested" innovative prosecution solutions like "Project Huntington" do not establish an existing policy of the CCPO.

Similarly, the Special Master finds that statements in the Application concerning prospective programs or processes that might have been be developed *if* grant money was awarded do not constitute official or unofficial policies of the CCPO concerning the Opioid crisis. Accordingly, the fact that the CCPO stated in the Application that it would establish a violent crime and prosecution task force; develop an action plan; and hire a prosecutor, full time investigator and project director with the money it would receive does not, by itself, constitute the official or

unofficial policy of the CCPO. At best, these statements merely reflect actions the CCPO may have taken in the future in the event the grant was approved—but the grant was not awarded.

Based upon the foregoing, the Special Master finds that Sean Hammers' Declaration, previously submitted in connection with DR3, fully satisfies the discovery obligations of Plaintiffs and the CCPO under DR3 and the CCPO shall not be required to conduct any further search of records as requested by Defendants in regard to this issue.

Christopher C. Wilkes
Special Master

Dated: June 10, 2020