IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    Plaintiff,

v.

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

    Defendant.

CIVIL ACTION NO. 3:17-01362

Hon. David A. Faber

_____

**CABELL COUNTY COMMISSION,**

    Plaintiff,

v.

**AMERISOURCEBERGEN**
**DRUG CORPORATION, et al.,**

    Defendant.

CIVIL ACTION NO. 3:17-01665

Hon. David A. Faber

## DISCOVERY RULING NO. 7

The undersigned has received Defendant Cardinal Health's Motion for Reconsideration to the Special Master Regarding Discovery Ruling No. 4 (Dkt. 464). The undersigned has also received and reviewed Plaintiffs' Response to Cardinal's Motion for Reconsideration to the Special Master Regarding Discovery Ruling No. 4 and Cardinal Health's Reply in Support of it's Motion for Reconsideration to the Special Master Regarding Discovery Ruling No. 4 (Dkt 504).

Pursuant to the instant motion, Cardinal avers it seeks reconsideration of two aspects of Discovery Ruling No. 4: 1) that it not be required to disclose trial exhibits five months before

trial, long before Plaintiffs must disclose theirs and long before it can know what exhibits will be needed to rebut Plaintiffs' case-in-chief; and 2) that it produce its pharmacy business consultants' custodial files dating back to 2006 instead of 2000.  *See* Def's Mot., p. 1.  Having reviewed carefully the parties' positions, the Special Master now enters the following discovery rulings.

As an initial matter, the Special Master addresses Plaintiffs' argument that the motion should be wholly denied on the basis that "Cardinal has failed to establish any of the 'rare' circumstances that warrant reconsideration".  *See* Pls' Resp., p. 1. Specifically, Plaintiffs aver the instant motion constitutes merely a request to re-think the previous ruling and that no new law or significant change in circumstances has occurred. I*d. citing Mt. Hawley Ins. Co. v. Felman Prod., Inc.*, No. 3:09-CV-00481, 2010 WL 1404107, at *2 (S.D. W. Va. Mar. 30, 2010).

The undersigned finds the request for denial shall be rejected on these grounds, because the undersigned finds that a portion of the motion requests the Special Master reconsider or clarify the ruling.  *See* Def's Mot., p. 5.  For this reason, the Special Master will review the motion to see if it needs clarification or alteration.

**Motion for Leave to File Under Seal**

Next, the Special Master considers Plaintiffs' Motion for Leave to File Under Seal, in which Plaintiffs seek for an Order permitting them to file their Response to the instant motion under seal.  The undersigned finds this request is granted and the Response shall be filed UNDER SEAL.

**Due Diligence Files (Request No. 4)**

Next, the Special Master considers Cardinal Health's arguments with respect to Discovery Ruling No. 4's requirement for it to identify its due diligence documents.  Pursuant to

the instant motion, Cardinal argues that it should not be required to disclose trial exhibits five months before trial, long before Plaintiffs must disclose theirs and long before it can know what exhibits will be needed to rebut Plaintiffs' case-in-chief.  *See* Pl's Mot., p. 1.

The undersigned considers this case has a trial date fast approaching and considers the purpose of discovery is to narrow the issues.  This must be done in an efficient manner, especially in a complex case, so as to adhere to the purpose of the scheduling order.  By Defendants having to identify the documents in the manner set forth in Discovery Ruling No. 4, they are not required to identify the document as an exhibit but merely disclose to Plaintiffs that may be used as evidence of Defendants' actions in performing any required due diligence.

This is not a unique concept to require a party to identify what evidence they may rely on at trial.  Furthermore, by these documents being identified at this juncture, Plaintiffs' expert will have the full breadth of information that represents Defendants conduct in regard to a suspicious order so to formulate their opinion as to whether or not due diligence was performed.  To delay in identifying this information until after either Plaintiffs' expert or Defendants'expert deposition could easily result in the expert reformulating their opinion and delay the discovery process.  This requirement is not disproportionate to the needs of the case and may in fact reduce the necessity of further discovery on the issue.  For these reasons, the Special Master finds the motion for reconsideration shall be DENIED as to this request, and the Special Master provides the aforementioned clarification on the ruling.

**Pre-2006 PBC's**

Next, the Special Master considers Cardinal Health's argument that it should be permitted to produce its pharmacy business consultants' custodial files dating back to 2006 instead of 2000.  *See* Def's Mot., p. 1, 5.  Plaintiffs, on the other hand, argue that Cardinal's

argument regarding the relevance of pre-2006 PBC's were made in the prior briefing, and that no bright line cutoff date for custodial files exists.  *See* Pls' Resp., p. 4.  Additionally, Plaintiffs aver Cardinal has already produced pre-2006 PBC documents as part of other custodial files.  *Id*.

The Special Master notes that he is cognizant of the use of 2006 as a trigger date for the injunctive relief damages claims, as well as the Plaintiffs' relevant discovery responses.  Specifically, the Special Master notes that in response to the Interrogatory asking it to "[s]tate the years during which You claim each Distributor Defendant engaged in conduct for which You seek damages or injunctive relief", Cabell County responded "2006 through presently available transactional data".  *See* Pls' Resp., p. 6.

However, the Special Master notes that prior conduct is relevant to the central issues of the instant litigation.  Specifically, Distributor Defendants' pre-2006 conduct is relevant to the post-2006 conduct in determining whether the prior conduct reflects any differences in Cardinal's practices after 2006.  Additionally, as pointed out by Plaintiffs, Cardinal has previously produced pre-2006 documents as part of custodial files in other instances.  *See* Pls' Resp., p. 4.  Finally, the Special Master concludes the production of this information is not unduly burdensome or disproportional.

For all of these reasons, the undersigned finds the instant motion for reconsideration shall be DENIED as to this request.  The parties are hereby instructed that any objection to the instant ruling be made within seven (7) days of the entry of this Discovery Ruling.

RESPECTFULLY SUBMITTED,

/s/ Christopher C. Wilkes
Special Master

Dated:  June 11, 2020