UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.   Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.   Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

**PLAINTIFFS' PROPOSED IN-PERSON AND REMOTE DEPOSITION PROTOCOLS AND RESPONSE TO DEFENDANTS' MOTION**

On June 2, 2020, Defendants proposed a remote deposition protocol for conducting in-person and remote depositions. As Defendants note in their Motion, Plaintiffs discussed Defendants' proposal during three meet and confers. Because the Defendants' proposed protocol failed to account for several important provisions, after the Parties' second meet and confer, Plaintiffs circulated a modified version of a proposed remote deposition protocol previously drafted by Special Master Cohen in CT3, which took into account the Defendants' previously circulated proposal. Special Master Cohen's draft protocol, as modified by the CT2 Plaintiffs, is attached hereto as Exhibit A.

As Plaintiffs have repeatedly expressed to Defendants during prior meet and confers on this issue, Plaintiffs are fully in agreement that it is important for the parties to have protocols in

place for both in-person and remote depositions. However, as set forth below, Defendants' proposed protocol fails to account for several elements critical to any protocol in this litigation. Plaintiffs' modified version of Special Master Cohen's Draft Remote Protocol (Exhibit A), as well as Plaintiffs' proposed In-Person Protocol, attached hereto as Exhibit B, are intended to speak to the unique posture of the CT2 litigation. For example, Plaintiffs' proposals account for the fact that the Parties have already contracted with a vendor with a preexisting infrastructure to ensure that the Parties experience minimal issues as a result of their use of remote technology. Further, Plaintiffs' protocol reflects a flexible approach – noting, for example, that while the parties should use their best efforts to deliver copies of the exhibits to deponents for use during a deposition in hard copy form prior to the start of the deposition, they should also not be precluded from using electronic copies of exhibits at any remote deposition. Allowing the use of electronic documents would permit witnesses to control and view the whole document at issue while simultaneously allowing individuals joining the deposition remotely to view this document through remote video.

Additionally, Plaintiffs note that in *In re: Ethicon Physiomesh Flexible Composite Hernia Mesh Products Liability Litigation*, ("Ethicon"), 1:17-md-02782-RWS, the Court entered a protocol highlighting many of the same features now sought by the CT2 Plaintiffs. *See* Ethicon Protocol, attached hereto as Exhibit C. Moreover, this protocol has already been used successfully -- as recently as yesterday – in litigation supported by the same vendor that is handling the Parties' depositions in CT2. Defendants' proposed protocol, on the other hand, has yet to be used in *any* depositions.

As reflected in Plaintiffs' proposed protocol (Exhibit A), Plaintiffs believe that the following topics must be accounted for in any "In-Person Protocol" or "Remote" Protocol:

1. The compliance of all attendees to applicable state health regulations and established social distancing requirements.

2. The ability of the deposition venue to comply with the applicable guidelines, through the implementation of cleaning protocols, the venue's capacity to accommodate appropriate spacing between individuals, and/or other health and safety measures.

3. Technological accommodations that would allow for limited personal exposure, including the ability of remote attendance by the parties in allow for fewer numbers of live attendees.

Plaintiffs' proposed protocols address each of the aforementioned and even incorporate much of the Defendants' proposed language while simultaneously removing certain burdensome provisions – unrelated to public health and safety – that risk causing significant and unnecessary delays in the discovery process.

Plaintiffs agree that guidelines for depositions conducted both remotely and in-person are important to this litigation and remain fully committed to working towards a solution agreeable to both Plaintiffs and Defendants.  Defendants' proposed protocols, however, fall short of that goal. In light of the considerations described above, Plaintiffs respectfully request that the Court enter Plaintiffs' Proposed In-Person and Remote Deposition Protocols.

Dated:  June 11, 2020                                      Respectfully submitted,

THE CITY OF HUNTINGTON

/s/ *Anne McGinness Kearse*
Anne McGinness Kearse (WVSB No. 12547)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com

CABELL COUNTY COMMISSION

/s/ *Paul T. Farrell, Jr.*
Paul T. Farrell, Jr., Esq. (WVSB No. 7443)
**FARRELL LAW**
P.O. Box 1180
Huntington, WV 25714-1180
422 Ninth Street, 3rd Floor
Huntington, West Virginia 25701
Office: 304.523.7285
cell:     304.654.8281
email: paul@farrell.law

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, PLAINTIFFS' PROPOSED IN-PERSON AND REMOTE DEPOSITION PROTOCOLS AND RESPONSE TO DEFENDANTS' MOTION was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system.

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)