# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                                      Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

---

CABELL COUNTY COMMISSION,
     Plaintiff,

v.                                                        Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
     Defendants.

## ORDER ESTABLISHING COVID-19 REMOTE DEPOSITION PROTOCOL

The undersigned has received parties' submissions regarding deposition protocols. The COVID-19 global pandemic has affected virtually every aspect of American society, including civil litigation in this Court and across the federal system. Governmental authorities have responded to this public health emergency by imposing travel restrictions, "stay at home" directives, and other social distancing measures designed to slow the communal spread of the disease. Accordingly, pursuant to Fed. R. Civ. P. 30(b)(4), the Court issues the following protocol to govern depositions taken in any case that is part of MDL 2804, including bellwethers where most of the participants, including the court reporter and videographer, are attending remotely ("Remote Deposition"). The unique circumstances that have led to this Order are evolving and the Court may revisit this issue periodically and make any necessary adjustments.

1. Subject to all of the conditions below, depositions for cases filed in MDL 2804 or bellwethers thereof may be noticed to take place remotely via video or internet video conference technology. The Court understands that certain individuals may have personal or professional circumstances relating to the current crisis that either prevent them from participating in a deposition altogether or significantly limit their ability to sit for a deposition for a sustained period of time, and, based upon representations of counsel, it expects all parties to be respectful and accommodating of such circumstances. A deposition that is noticed to take place remotely without advance agreement that the witness is available and able to proceed remotely at the noticed time shall be deemed void and unenforceable ab initio, and no motion shall be necessary to quash such a notice. Any disagreements regarding the availability of the witness to be deposed remotely on a requested date shall be resolved by the Special Master. Absent the circumstances referenced above, however, the Court generally will not quash a deposition notice on the grounds that a party seeks a remote deposition.

2. Remote Depositions must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that: (1) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28;" and (2) the officer must administer the oath or affirmation to the deponent. A Remote Deposition shall be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness, as long as the court reporter attends the deposition by the same audiovisual remote means as other participants and is able to see and/or, hear and communicate with other attendees. The witness may be sworn in remotely with the same effect as an oath administered in person. All deponents, as part of their oath, shall certify that they will not communicate with anyone but the examining attorney and the court reporter during the deposition while on the record.

3. The deposition notice for any Remote Deposition pursuant to Fed. R. Civ. P. 30 must list the location(s) (city and state) from where the witness, the court reporter, and the videographer will attend.

4. All deposition notices must identify the company that will host and record the Remote Deposition (the "Remote Deposition Vendor") and contain a general description of how those attending may access the remote connection being utilized (e.g., GoToMeeting, Zoom, WebEx). The party noticing the deposition shall make best efforts to provide the witness and all other attendees with detailed instructions regarding how to participate in the Remote Deposition at least seven calendar days before the deposition.

5. To host a Remote Deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (e.g., video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter

        to admit only individuals authorized to attend the deposition, and disabling the "record" feature in the Remote Deposition Technology. In addition, to prevent confidential documents from being downloaded by witnesses, electronic exhibits may only be shared with the witness through the Remote Deposition Technology via a hyperlink to file sharing software (to be agreed upon in advance) with the download function disabled.

6. At least 24 hours before the Remote Deposition is scheduled to start, counsel, the witness, and the Remote Deposition Vendor shall conduct a test of the system and equipment that will be used to conduct the Remote Deposition (the "Remote Deposition Technology"). If a witness noticed for a Remote Deposition does not have a webcam- equipped computer that can be used during the deposition, counsel who noticed the deposition shall provide the deponent with agreed-upon equipment containing the audio, webcam, and Wi-Fi connectivity needed to participate in the deposition. The witness must receive such equipment no later than 48 hours before the deposition.

7. Unless the witness consents otherwise, all remote depositions shall be conducted during normal business hours within the witness's local time zone. Parties are expected to grant reasonable accommodations on scheduling and timing of depositions. The deposition shall be subject to the aggregate time limitations set forth in FRCP 30(d)(l), including direct and re-cross. If the defending attorney anticipates more than one (1) hour for direct examination of the witness, the parties shall meet and confer regarding the total time allotted for the deposition. If a party believes more than seven (7) hours will be required to fairly examine a deponent, the parties shall meet and confer about whether additional time should be allocated for that deposition. Similarly, where the witness has restrictions on the length of time he or she may sit for a remote deposition, defending counsel shall notify examining counsel in advance, so that the parties may confer on a schedule to complete the deposition. Any disputes regarding the length of time needed for a deposition or deposition scheduling shall be resolved by the Special Master.

8. A witness or their attorney may reschedule remote depositions for good cause, which includes: (a) changed circumstances in their health or their family's health; and (b) a written representation of counsel that the deposition must be moved to accommodate the witness's professional obligations due to the COVID-19 pandemic.

9. At the time of the deposition, the witness shall advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. Whether any attorney, including the witness's counsel and in-house counsel, are permitted to be in the same location as the witness during remote testimony, is at the sole discretion of the witness.

10. If counsel for the witness (or in-house counsel) attends the deposition in person, each such counsel shall also log into the Remote Deposition Videoconference, so that all participants can see and hear such counsel, or otherwise maintain a camera view showing both the witness and counsel (or any other persons assisting in the deposition, such as a paralegal or legal assistant). Both counsel and the witness shall also comply with any government law, regulation, or guidance regarding public health and safety during the COVID-19 pandemic. However, if counsel chooses to attend the deposition in person then one opposing counsel may at their choosing appear in person to question the witness.

11. To avoid any potential disruptions of a Remote Deposition, those attending shall enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications. The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) will normally remain on when the deposition is on the record. Other attendees should mute microphones when not speaking. The participating attorneys may be visible to all other participants during the deposition.

12. A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony by the best technological means available, including remote video capture/recording. The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition. With the exception of the videographer and the court reporter, the deposition may not otherwise be recorded electronically by any attendee without the consent of the Parties. The fact that a deposition was noticed to take place remotely, and was recorded remotely, shall not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in-person.

13. In advance of any remote deposition, counsel for the witness shall inform counsel taking the deposition whether he or she will be attending in person.

14. During the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition either in hard copy (see below) or via the Remote Deposition Technology through file sharing software (with download disabled for the witnesses). A witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis to object to the admissibility of that exhibit at trial. During the deposition, the Remote Deposition Technology must allow counsel to display and annotate exhibits for the witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness. In addition, witnesses shall not download confidential documents and electronic

exhibits may only be shared with the witness through the Remote Deposition Technology via a hyperlink to file sharing software (to be agreed upon in advance).

15. To the extent counsel elects to introduce any hard copy exhibits during the deposition, counsel shall deliver complete copies of such potential exhibits to the witness and the witness' counsel so that they are received at least 24 hours before the scheduled start of the deposition. Each hard copy exhibit shall be provided in a separate, numbered envelope or binder. Counsel's election to introduce some exhibits in hard copy (paper) does not preclude Counsel from also introducing some exhibits in electronic format. Hard copy exhibits provided in sealed envelopes or other containers may not be opened by the deponent and/or his/her counsel until instructed to do so by the questioning attorney. Unless otherwise agreed by the parties, any unopened sealed envelopes shall be returned to the questioning party, sealed, upon completion of the deposition, along with any hard copy exhibits used during the examination. Counsel that provided the hard copy exhibits shall provide packaging for the return of such materials and arrange for payment (such as by providing an account number).

16. Examining counsel may elect to use an Elmo or similar technology to present at the deposition to assist in questioning the witness, the originals of any documents displayed or notes made by the questioning lawyer which are part of the video record and are marked as exhibits will be retained by the author(s) and provided either electronically or in hard copy to the Court Reporter and opposing counsel within 24 hours of the conclusion of the deposition.

17. During the deposition examination, no person attending the deposition shall be permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (e.g., no text or email exchanges with the witness). However, the witness's counsel may communicate with the witness during breaks, including telephonically, by other electronic means, or directly if he or she is present with the witness, consistent with Federal Rule of Civil Procedure 30(c)(1).

18. Technical difficulties, including but not limited to pauses, lags, and/or interruptions in Internet connection, shall be addressed as they would be in any in-person deposition: the parties shall go off the record and attempt to resolve the issue. Technical difficulties shall not result in waiver of objections by any party. Given time constraints, objection for one defendant is objection for all defendants, and objection for one plaintiff is objection for all plaintiffs. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should consider rescheduling the remote deposition for a later date.

19. In the event that a party proceeds with a remote deposition of a witness pursuant to the terms of this Order, then that party shall not be allowed to re-depose the

      witness a second time absent agreement of the parties or a showing of good cause and leave of Court.

20. Nothing in this Order prevents the parties from conducting in-person depositions once the COVID-19 public health risks subside and mitigation measures, including social distancing, meant to reduce the increase in person-to-person transmission of the virus are lifted. The parties must conduct themselves in a good faith effort to best fulfill the goals of Fed. R. Civ. P. 1 while avoiding unnecessary health risks in light of the COVID-19 pandemic and recognizing the practical obstacles to discovery that the pandemic may create.

Dated:  June 11,  2020

Respectfully submitted,

/s/
Christopher C. Wilkes
Special Master