**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                                                                      Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

---

CABELL COUNTY COMMISSION,
     Plaintiff,

v.                                                                                      Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

**ORDER ESTABLISHING
COVID-19 IN-PERSON DEPOSITION PROTOCOL**

General Provisions and Attendance

1. Any in-person deposition must be conducted in conformity with any applicable health regulations and social distancing requirements, including State and building guidelines, and with a paramount focus on ensuring the health and safety of all those participating in the deposition.

2. A witness will not be required to conduct an in-person deposition if he/she is not willing do so based on health and safety considerations.

3. No person may attend a deposition in person (a) who has COVID-19 symptoms (such as shortness of breath or difficulty breathing; chills; recent loss of taste or smell; diarrhea, nausea, or vomiting; or fever), or (b) who has tested positive for COVID-19 in the last 14 days.

4. No person may attend the deposition in person who has had close contact (within 6 feet for more than 15 minutes) within the past 14 days with an individual the attendee knowsis either confirmed or suspected of having COVID-19.

5. The room for the deposition must be large enough to accommodate suitable social distancing (with all persons sitting at least six feet apart).

6. All reasonable steps should be taken to limit in-person attendance at depositions to the first and second chair lawyers taking and defending the deposition and the witness, witness' lawyer and/or local counsel, the court reporter, and videographer. The total

      number of persons who may attend the deposition in-person will be limited to the number who can attend with suitable social distancing, defined by a distance of at least six feet between individuals.

7. The parties may determine their own protocols to govern breakout rooms used during the deposition. The party arranging the space for the deposition shall ensure that each side has a breakout room available.

8. Any person attending the deposition will be responsible for ensuring that the requirements of Paragraphs 3, 4, and 6 are met, and shall confer with other counsel if for any reason there are questions about the number of lawyers attending in-person. Violations of this protocol will be addressed by the Court.

9. The parties shall stipulate to the location of party depositions.

10. Masks must be worn by all attendees at all times when the deposition is not in session. Those not speaking regularly during the deposition must wear masks. Each person attending the deposition in-person will be responsible for procuring his or her own mask.

11. Any person attending the deposition in-person is responsible for bringing his or her own food, water and other beverages.

12. Social distancing must be observed at all times, including during breaks in the deposition.

<u>Conduct of the Attendees</u>

1. Each person attending the deposition will be seated at least six feet apart from other attendees, and preferably more.

2. Documents to be used during the deposition shall be available in hard copy (paper) form to the deponent and other Participants prior to a deposition as set forth herein. The noticing party and any other party who intends to use exhibits during the deposition shall deliver complete copies of all potential exhibits to be used to all Participants so that they are received at least 48 hours before the scheduled start of the deposition. Each exhibit shall be in hard copy in a separate numbered envelope or binder, which may be sealed. Alternatively, rather than delivering copies of potential exhibits, the noticing party and any other party who intends to use exhibits during the deposition may send potential exhibits electronically to defending counsel, at least 48 hours in advance of the deposition, with a request that they be printed out and available to the witness at the deposition. Hard copy exhibits provided in sealed envelopes or other containers may not be opened by the deponent and his/her counsel until instructed to do so by the questioning attorney. Any unused sealed envelopes shall be destroyed upon completion of the deposition.

3. A questioning lawyer who wishes to use a document not exchanged 48 hours in advance may do so provided that the questioning lawyer (a) provides separate hard copies of the document to the witness and each individual attending the deposition in person and (b) supplies plastic gloves for handling the document.

Technological Provisions

4. All depositions will be conducted to allow participation by telephone and through a secure audio/video conferencing platform.

    A. Both parties have agreed to utilize Golkow as the deposition management vendor to provide comprehensive logistics services, including provisions for in-person depositions and remote depositions.

    B. Golkow services include implementation of adequate security measures to ensure the confidentiality of the remote deposition (e.g., video and audio feeds, exhibits), including verifiable 256 encryption, unique user-identity authentication, a vendor-moderated "waiting room" or "lobby" feature, and remote viewing of exhibits.

5. All participants who connect to the audio/video platform must connect, through a private, password-protected network. Connection through a public Wi-Fi network is not permitted. Devices to be used for audio/video participation must be secured with appropriate firewalls, VPN, or similar security infrastructure.

6. The noticing party shall ensure that technical and other information concerning the technical requirements and security of the proposed audio/video platform is available to all participants on request at least two days before the deposition.

Dated:  June 11, 2020     Respectfully submitted,

/s/
Christopher C. Wilkes
Special Master