IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2782 CIVIL ACTION NO. 1:17-md-02782-RWS |

## STIPULATED ORDER REGARDING REMOTE DEPOSITION PROTOCOL

The parties having stipulated to a protocol for remote depositions pursuant to FRCP 29 and 30(b)(4), IT IS HEREBY ORDERED that the provisions below will govern depositions that may be taken remotely in this action.

### I. Service/Platform

1. Golkow Global Litigation Services ("Golkow") will serve as the preferred court reporting service. Unless otherwise agreed by the parties, Golkow shall provide the remote deposition videoconferencing platform through which the depositions will be conducted. Unless otherwise agreed, all remote depositions will be conducted through videoconference.

2. All parties, including the attorneys, the court reporter and videographer (to the extent a videographer is necessary), will appear remotely. No one will be physically present with the witness at the deposition.

3. Golkow shall provide an additional service employee for purposes of IT support, troubleshooting, etc.

4. The remote deponent will be responsible for having adequate, functioning and sufficient technology to participate in the deposition (adequate internet connectivity, webcam, microphone, computer with ability for split screen, etc.). The party defending the witness shall coordinate with the witness and Golkow in advance of the deposition to ensure the technology is sufficient and functional.

5. Any time spent resolving or attempting to resolve technical difficulties that occur during a remote deposition will not count against the time a party has to depose a witness under the Federal Rules of Civil Procedure.

## II. Swearing of the Witness/Officer Administering Oath

1. The parties agree that the court reporter may administer the oath remotely, and any oaths administered remotely will satisfy the requirements of FRCP 30(b)(5).

2. For depositions taken outside of the United States, a court reporter appearing remotely in the United States may administer the oath to a foreign deponent.

3. Any oath administered remotely shall be deemed to have the same effect as an oath administered in person.

4. All persons participating in and/or observing a remote deposition shall be identified on the record.

### III. Communication with Witness

1. Except as provided below, all discussions/communication with the witness after the witness has been sworn shall be done on the record/video.

2. Parties may schedule a separate, non-recorded "breakout room" with Golkow where counsel defending the witness may speak with the witness during breaks in the testimony. Alternatively, during breaks in testimony, counsel defending the witness may communicate with the witness directly via telephone call in lieu of a remote "breakout room." Counsel defending the witness may also communicate with the witness in writing (e.g., text, email, chat) during breaks in testimony. However, any and all prohibitions regarding substantive conversations with the witness that would be in effect during an "in person" deposition will remain in place.

### IV. Screen Stipulations

1. The attorneys conducting the deposition shall appear onscreen. The attorneys defending the deposition may appear onscreen at their discretion. The witness shall likewise appear onscreen. Counsel taking the deposition may also display deposition exhibits onscreen.

2. The parties agree that if the deposition is shown/played to a fact finder (including juries), the recordings of the deponent will be shown to the fact finder. Recordings of examining counsel may also be shown with examining counsel's consent. For purposes of this stipulation, "examining counsel" is defined as the attorney asking the question, whether it be on direct examination, cross examination, and/or redirect examination. Recordings of counsel defending the witness, if any exist, will not be shown to the fact finder. Notwithstanding the foregoing, recordings of counsel defending the witness may be shown to the presiding judge in connection with motions to which counsel's conduct is or may be relevant.

3. The witness shall take every effort to provide his or her testimony in an environment with minimal background distractions. An agreed-upon artificial background may be used when appropriate.

## V. Marking and Using Exhibits

1. The method(s) by which exhibits may be used at the deposition will be agreed to by the parties in advance of the deposition.

2. Use of exhibits at deposition can include, but are not limited to the following:
    A. Electronic exhibits that are shared/marked as needed through Golkow's remote deposition platform.
    B. Hard copies of exhibits sent to the witness in advance of the deposition.

3. Regardless of the method utilized by counsel, a copy (print or electronic) of any exhibits used, must be made available to opposing counsel at or before the time they are introduced. Counsel shall ensure that voluminous documents or files are ready to be shown to the witness. These documents shall be sent to Golkow in advance of the deposition to avoid delay.

4. In the event exhibits are displayed electronically, a witness may ask the technician to scroll up or back in the document so that the witness may see the entire document before being questioned about the exhibit.

5. In the event exhibits are introduced at deposition, all objections as to admissibility are reserved.

6. In the event exhibits identified at deposition are to be used at trial or hearing:

    A. They can be displayed onscreen when/if the deposition is played, concurrently with testimony. However, a party is not required to display a document concurrently with testimony about the document.

    B. Any exhibit that is marked up/highlighted by the witness during the deposition can be submitted as an exhibit along with the non-marked up version of the exhibit that was sent to the deponent in advance of or during the deposition.

    C. Exhibits that are marked up/highlighted by the witness during the deposition will be considered exhibits of record for use at subsequent

hearings or trials. Non-marked up/highlighted versions of exhibits will also be considered exhibits of record for use at subsequent hearings or trials.

7. All documents remaining in possession of the witness must be returned pursuant to the protective order at the close of the deposition.

8. To the extent feasible, documents requested of the witness will be furnished to examining counsel at least 7 days before the deposition in accordance with other agreements or requirements pertaining to advanced disclosure.

## VI. Use of Remote Deposition - General

1. The parties may inform the jury/finder of fact that these depositions were taken by Zoom conference/remotely rather than in person due to the COVID 19 pandemic.

2. Remote depositions will be recorded.

3. Remote depositions may be used at a trial or hearing in the same manner as an in-person deposition may be used at a trial or hearing.

4. The parties will not object to use of video recordings on the basis that the deposition was taken remotely.

5. The parties reserve all other objections to the use of any testimony at trial.

## VII. Miscellaneous

1. This stipulation may be amended or modified at any time by agreement of the parties or order of the Court.

2. With the consent of counsel, the deponent, the court reporter, and videographer, any witness may be deposed in person rather than by remote means. If consent to an in-person deposition cannot be obtained from the necessary participants, the party seeking an in-person deposition may bring the issue to the Court's attention for resolution.

SO ORDERED, this ____ day of __June__, 2020.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

**STIPULATED TO BY:**

| | |
|---|---|
| **FOR PLAINTIFFS:** | **FOR DEFENDANTS:** |
| s/ Henry G. Garrard, III | /s/ William M. Gage |
| Henry G. Garrard, III | William M. Gage |
| hgarrard@bbga.com | William.Gage@butlersnow.com |
| Georgia Bar No. 286300 | Mississippi Bar No. 8691 |
| | |
| Blasingame, Burch, Garrard & Ashley, P.C. | Butler Snow LLP |
| P.O. Box 832 | 1020 Highland Colony Pkwy, Suite 1400 |
| Athens, GA 30603 | Ridgeland, MS 39157 |
| (706) 354-4000 | (601) 948-5711 |
| (706) 549-3545 (fax) | |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Counsel for Defendants* |
| | |
| /s/ Donald A. Migliori | /s/ G. Brian Jackson |
| Donald A. Migliori | G. Brian Jackson |
| Dmigliori@motleyrice.com | Brian.Jackson@butlersnow.com |
| South Carolina Bar No. 102549 | Tennessee Bar No. 15497 |
| | |
| Motley Rice LLC | Butler Snow LLP |
| 28 Bridgeside Blvd. | 150 Third Avenue South, Suite 1600 |
| Mt. Pleasant, SC 29464 | Nashville, TN 37201 |
| (843) 216-9118 | (615) 651-6700 |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Counsel for Defendants* |