# Exhibit F

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br><br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br><br>Hon. David A. Faber |

### DECLARATION OF HEATHER WEHRLE IN SUPPORT OF MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM DEA

I, Heather Wehrle, hereby make this declaration pursuant to 28 U.S.C. § 1746.  I declare as follows:

    1.    I make the factual statements herein based on my personal knowledge and on information provided to me in my capacity as an employee of the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA).  Should I be called as a witness, I would competently testify to the factual statements herein.

2. My tenure as a DEA employee spans almost 17 years. Currently, I serve as the Acting Diversion Group Supervisor in DEA's Charleston, West Virginia District Office located in Charleston, West Virginia ("Charleston Office"). I have been working in the Charleston Office since October 2017. Prior to working in the Charleston Office, I worked as a Diversion Investigator in DEA's Nashville, Tennessee, District Office from 2003 to 2014, and in the Tampa, Florida, District Office from 2014 to 2017.

3. As a Diversion Investigator, I have conducted or been involved in hundreds of investigations related to the purchase, sale, distribution, or dispensing of opioids or other controlled substances by pharmacies, including ten such investigations in West Virginia. Based on my personal experience and information provided to me, the majority of DEA investigations handled in the Charleston Office require significant documentation.

4. As part of my duties and responsibilities as a Diversion Investigator, I am familiar with how documentation is handled in the Charleston Office.

5. The primary mission of DEA is to enforce the controlled substances laws and regulations of the United States and bring to the criminal and civil justice system of the United States, or any other competent jurisdiction, those organizations, involved in the growing, manufacture, or distribution of controlled substances appearing in or destined for illicit traffic in the United States.

6. DEA has three West Virginia offices in the cities of Charleston, Clarksburg, and Wheeling, which support DEA's critical mission in the state. During the period 1996 to the present, DEA has employed approximately 95 Diversion Investigators, Special Agents, and other personnel in these three offices. DEA's Charleston Office has primary responsibility for DEA's mission in the City of Huntington and Cabell County. During the period 1996 to the present,

DEA has employed approximately 67 Diversion Investigators, Special Agents, and other personnel in the Charleston Office.

7. I understand that the Plaintiffs in this litigation have moved to compel the production of documents responsive to Requests 1-9 in their *Touhy* request and accompanying subpoena dated March 19, 2020. I have reviewed each of the Plaintiffs' requests.

8. Each of Plaintiffs' requests seek *all documents* concerning various pharmacies, including two national retail pharmacies, operating in West Virginia from 1996 to present, a 24-year period.

9. Based on my personal experience and knowledge, it would take several months for DEA employees in the Charleston Office to identify, locate, collect, copy, review, and redact potentially responsive documents for such a broad request.

10. For example, Plaintiffs' Request 8 seeks "[a]ll documents relating to the CVS Pharmacy and/or West Virginia CVS Pharmacy, LLC and/or related entities (collectively "CVS") operating within the State of West Virginia during the period from January 1, 1996 to present and not included in your response to Request No. 7, including but not limited to all documents relating to or reflecting the purchase, sale, distribution or dispensing of opioids or other controlled substances by CVS or any investigation or prosecution of CVS related to opioids."

11. According to CVS's official website, there are 57 CVS pharmacies currently operating in West Virginia. *See* https://www.cvs.com/store-locator/cvs-pharmacy-locations/West-Virginia. Because some CVS stores have closed over the years, this total does not include the total number of CVS pharmacies that have operated in West Virginia from 1996

to the present.  I estimate that there are *at least* 100 CVS stores that have operated in West Virginia from the period 1996 to the present.

12. Accordingly, documents responsive to Request 8 could be very voluminous due to the sheer number of retail pharmacies at issue.  DEA would have to search various locations, including multiple DEA databases, electronic files, and offsite storage facilities that house a substantial number of archived hard copy documents.

13. Additionally, DEA would have to complete a large electronic data capture for the approximately 95 former and current DEA employees that worked in DEA's field offices in West Virginia during the period 1996-present.  The electronic data capture process would not be handled by DEA staff in the West Virginia field offices; however, I understand that this data capture could take approximately four months to complete due to the number of email custodians and limited DEA resources to devote to this task, which is not part of the agency's core mission.  The captured data would then need to be searched and reviewed for responsive documents, and any such documents would then need to be reviewed for privilege and potentially redacted.

14. Assuming DEA staff gathers all the electronic and hard copy documents that are potentially responsive to Plaintiffs' requests, it is my belief that the vast majority of these documents would contain law enforcement sensitive information.  Accordingly, these documents would have to undergo a painstaking review and redaction process for privileged, law enforcement sensitive, and confidential information by the West Virginia field staff who are most familiar with the case matters.  Additionally, because DEA personnel often work with and share information with other federal, state and local law enforcement agencies, these materials may also have to be vetted through other law enforcement agencies for their equities and

Case 3:17-cv-01362   Document 573-5   Filed 06/12/20   Page 6 of 7 PageID #: 12582

privileges. These documents would also have to be reviewed by DEA attorneys for other applicable legal privileges.

15. It is DEA policy not to produce documents and information associated with open investigations in civil discovery. Therefore, prior to production, all potentially responsive documents would also have to be separately vetted by field personnel to identify any open investigations. Because diversion investigators and special agents in the field are most familiar with active and closed cases, these redactions would have to be performed or supervised by DEA diversion investigators and special agents, which would detract from DEA's critical mission and operations.

16. Additionally, a significant number of documents may need to be referred to other federal, state or local law enforcement agencies to determine if they are related to an open investigation, because these agencies may be most knowledgeable regarding the status of the case, including whether the investigation is open or closed.

17. The extensive amount of time and resources warranted to complete the necessary review and redactions would divert DEA from its critical law enforcement functions and duties. This burdensome review will disrupt DEA's critical mission to prevent the diversion of controlled substances, because DEA staff with the relevant knowledge and expertise would be required to complete this task.

For all these reasons, complying with this request would pose an unreasonable burden on DEA and consume countless labor hours and result in heavily redacted or withheld documents.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

May 11, 2020
Date

*Heather L. Wehrle*
Declarant