**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CITY OF HUNTINGTON,**
**Plaintiff,**
**v.**
**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
**Defendants.**

**CIVIL ACTION NO. 3:17-01362**

**CABELL COUNTY COMMISSION,**
**Plaintiff,**
**v.**
**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
**Defendants.**

***Consolidated case:***
**CIVIL ACTION NO. 3:17-01665**

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL RESPONSES FROM CARDINAL HEALTH TO PLAINTIFFS' FIRST AND SIXTH COMBINED DISCOVERY REQUESTS**

COME NOW Plaintiffs, CITY OF HUNTINGTON and CABELL COUNTY COMMISSION, who submit their reply in support of their Motion to Compel Responses from Cardinal Health to Plaintiffs' First and Sixth Combined Discovery Requests. Plaintiffs state in support thereof as follows:

Cardinal's supplemental responses to Plaintiffs' First and Sixth Combined Discovery Requests served June 2, while helpful in that they have now identified documents containing suspicious orders, simply identify Ingredient Limit Reports (ILRs), which is insufficient. The information Plaintiffs seek is the core of their case against Cardinal. Merely identifying ILRs, without identifying which orders are suspicious, fails to fully respond to Plaintiffs' requests. The purpose of interrogatories is to obtain a party's admissions and contentions under oath in a form that can be utilized at trial.[1] It is vital that the record include an accurate account of all suspicious

[1] *See Fisher v. Balt. Life Ins. Co.*, 235 F.R.D. 617, 628 (N.D.W. Va. 2006).

orders Cardinal contends were suspicious and still shipped into Huntington and Cabell County. The Federal Rules and Fourth Circuit case law do not permit Cardinal to avoid a complete response to Plaintiffs' requests under F.R.C.P. 33(d). Plaintiffs' motion should be granted and Cardinal should be required to identify each suspicious order placed by CT2 customers that was shipped.

Plaintiffs have been very clear in multiple meet and confers with Cardinal as to the need for and intent behind these specific requests, that Cardinal needs to specify each and every suspicious order for which they distributed that they knew was suspicious. Plaintiffs fully intend to move for summary judgement on the issue of repeated, systemic, and intentional violations of Cardinal's statutory obligations related to the distribution of controlled substances into Huntington and Cabell County. Until Cardinal is forced to specifically identify these shipped suspicious orders it will continue to wiggle and squirm around direct answers to these requests.

Cardinal's supplement identified ILRs from the Wheeling, West Virginia Distribution Center for each month from mid-2005 through 2007 as well as one for April 2008. The ILRs contain information related to orders placed by its customers until 2008 that Cardinal determined were suspicious. According to Cardinal, before the reports were submitted to the DEA the suspicious orders were shipped anyway in violation of distributors' duty to maintain effective controls against diversion of controlled substances. In CT1, Judge Polster entered his *Opinion and Order Regarding Plaintiffs' Summary Judgment Motions Addressing the Controlled Substances Act*[2] concluding that

> the CSA statutory and regulatory duties to maintain effective controls against diversion includes a duty not to ship suspicious orders. Indeed, given the overriding duty of a registrant to maintain effective controls against diversion, the Court is hard-pressed to think of a more basic requirement than not to ship a dubious order bearing indicia that the drugs could be diverted to illegal channels. How can a registrant freely ship suspicious orders and still comply with its duty to maintain

[2] *In re: National Prescription Opiate Litigation*, 1:17-md-2804, Dkt. 2483, pp. 18-19.

> controls against diversion? It cannot. It has a duty not to ship the order unless due diligence reasonably dispels the suspicion.

The Court was clear that the so-called "No-Shipping Requirement" arises out of the language of the statutes and regulations, which is substantively unchanged since promulgated in 1970.[3] Cardinal's own 30(b) designee testified that Cardinal was aware of the duty not to ship, though Cardinal contends it first became aware of it when it received a September 2006 letter from former head of DEA's Office of Diversion Control Joseph Rannazzisi reiterating the duty.

> Q. Is it Cardinal's position or understanding that the initial Rannazzisi letter in 2006 informed them of a shipping requirement as we've described it?
>
> A. Yes. That was the first communication Cardinal received regarding this sea change of adding a shipping requirement to the obligations.[4]

Despite supposedly learning of the duty in 2006, however, Cardinal continued until at least 2008 to ship suspicious orders it identified in its ILRs.

There is no dispute that Cardinal's ILRs describe orders Cardinal believed were suspicious but shipped anyway to communities including Huntington and Cabell County. This information goes to the heart of Plaintiffs' case. Cardinal should be required to identify the which orders in each ILR it considered suspicious.

Each ILR Cardinal identifies contains information describing suspicious orders that Cardinal shipped to communities including the City of Huntington and Cabell County. Cardinal's reliance on Rule 33(d) to avoid identifying the specific orders is misplaced. Fourth Circuit Courts have held that in order to justify invoking Rule 33(d), the party must (1) specify for each interrogatory the actual documents where the responsive information will be found; (2) affirm that the information sought in the interrogatory is in fact available in the specified records; (3)

[3] *Id*. at n.13.

[4] Jennifer Norris Depo., 135:10-16.

demonstrate that directly answering the interrogatory would impose a burden upon it; and (4) show that the burden of compiling the information is substantially the same for both parties.[5] Cardinal cannot satisfy the third and fourth prongs.

According to Cardinal's response, what Plaintiffs are asking Cardinal to do amounts to merely compiling information apparent from the face of the documents. Assuming that were the case, such a task does not amount to the level of burden sufficient to direct Plaintiffs to documents rather than answer the interrogatory. *Hege v. Aegon USA, LLC*, No. 8:10-cv-01578-GRA, 2011 U.S. Dist. LEXIS 31772, at *10-11 (D.S.C. Mar. 25, 2011) ("As for the third prong, the burden on the respondent must be significant; information that can readily be found by simple reference to documents is insufficient."). The rules of civil procedure do not exist to protect responding parties from all burdensome requests. Discovery, at times, is burdensome, and imposing burdens is particularly appropriate where the information sought is crucial to the ultimate issue.[6]

Notwithstanding Cardinal's contention that identifying each CT2 suspicious order in each identified ILR is a simple matter of reviewing the documents, the reality is that while Cardinal admits that ILRs *contain* suspicious orders, it is not apparent from the documents *which* orders those are. According to Cardinal, a pharmacy was included in an ILR because its orders of a particular drug exceeded a pre-determined limit.[7] The ILRs, however, appear to include all orders

[5] *Hege v. Aegon USA, LLC*, No. 8:10-cv-01578-GRA, 2011 U.S. Dist. LEXIS 31772, at *9 (D.S.C. Mar. 25, 2011).

[6] "Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden. […] Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue and where the location of the documents is best known by the responding party." *Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 491 (W.D.N.C. 1998); *see also Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991) (ordering answers to interrogatories despite inefficiencies in the responding party's filing system); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 265 (N.D. Ill. 1979) (ordering production of information on purchasing practices over a fifteen-year period, despite burden and expense, because information was relevant to key issues).

[7] Cardinal Health's Response at 5.

by that pharmacy for that particular drug family (*e.g.*, oxycodone or hydrocodone) in that month. Neither the documents themselves nor Cardinal's explanation of their content is clear whether Cardinal considered all of the orders for the month suspicious or some subset of those orders. Only Cardinal can clarify the record by identifying, under oath, which orders by CT2 customers from the ILRs were suspicious.

Cardinal's supplement also fails to provide a sufficient explanation of how each suspicious order was identified and included. As it stands, Plaintiffs are unable to determine exactly which orders in Cardinal's ILRs were suspicious and shipped. A complete response to Plaintiffs' requests would identify the orders themselves and, if not all are suspicious, provide an explanation why Cardinal submitted all of a pharmacy's orders to the DEA along with the suspicious ones.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Special Master enter an order compelling Cardinal Health to identify each suspicious order purportedly contained in its ILRs placed by its customers in Huntington and Cabell County.

Dated: June 12, 2020

Respectfully submitted,

Plaintiffs,

THE CITY OF HUNTINGTON and
CABELL COUNTY COMMISSION

/s/ *Michael J. Fuller, Jr.*

Michael J. Fuller, Jr. (WV Bar No. 10150)
**McHUGH FULLER LAW GROUP, PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS 39402
T: 601-261-2220
F: 601-261-2481
mike@mchughfuller.com

Paul T. Farrell, Jr. (WVSB No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
P.O. Box 1180
Huntington, WV 25714-1180
Tel: 304-654-8281
paul@farrell.law

Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 12, 2020, a copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL RESPONSES FROM CARDINAL HEALTH TO PLAINTIFFS' FIRST AND SIXTH COMBINED DISCOVERY REQUESTS** has been filed electronically using the Court's CM/ECF system and will be served *via* the Court's CM/ECF filing system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

*/s/ Michael J. Fuller, Jr..*
Michael J. Fuller, Jr.