IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                                                            Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

CABELL COUNTY COMMISSION,
     Plaintiff,

v.                                                                              Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

**PLAINTIFFS MOTION TO COMPEL
SEVERED DEFENDANT RITE AID OF WEST VIRGINIA
<u>TO PRODUCE DISPENSING DATA</u>**

    Distributor Defendants filed a *Notice of Videotaped 30(b)(6) Deposition Of Cabell County Commission* (ECF 506) (Filed: June 3, 2020) which sets forth the following subject matter:

> **3.    Identification of all prescriptions of opioids that Plaintiff contends have caused it harm and for which it is seeking remedies in this lawsuit.** *This topic concerns the circumstances around the decision to prescribe Prescription Opioids: the date of the prescription, the medication prescribed, the doctor who wrote the prescription, the patient for whom the prescription was written, the condition for which the prescription was written, whether the prescription was medically necessary and/or appropriate, who was responsible for determining whether the prescription was medically necessary and/or appropriate, any other treatments that were given and/or available for the condition, either in conjunction with or as alternatives to the prescription opioid, whether the patient took the Prescription Opioids as intended and instructed by the prescription, the harm (if any) suffered by the patient as a result of the prescription, and all costs that Plaintiff contends it suffered as a result of the prescription.*

In anticipation of this recrudesce discovery subject matter, Plaintiffs served *subpoenas duces tecum* on local pharmacies to produce this very data. (ECF 275 – 280) (ECF 291 – 299). All but one pharmacy[1] refused to disclose the data, objected, and/or no longer retains records. Plaintiffs met and conferred with Rite Aid of West Virginia, Inc.[2] which was unsuccessful. Plaintiffs file this motion seeking a bellwether discovery ruling to ripen and resolve the matter.

**1.     The parties disagree whether dispensing data is necessary for the Plaintiffs to meet their burden of proof and the legal issue is still pending.**

Disclosure of dispensing data in a distribution case remains a disputed legal issue. Plaintiffs do not believe the dispensing data is necessary to establish the elements of our public nuisance case. Distributor Defendants disagree despite repeatedly losing this argument in the MDL proceedings.[3] Alas, Distributor Defendants argue these rulings are not the law of the case and must be re-litigated. This legal question is pending before the Court. Until resolution, Plaintiffs should be permitted to harvest this data from the pharmacies.

---

[1] The pharmacy disclosed all controlled substance transactions between 2012 and 2018 including some 6250,000 lines of data less than thirty (30) days from service of the subpoena duces tecum. The data includes: date, Rx number, quantity, duration, payment method, drug, therapy class, doctor name, and DEA number.

[2] The original subpoena to Rite Aid and its response are attached hereto.

[3] See **Public Nuisance:** Opinion and Order Denying Manufacturer Defendants' Motion For Summary Judgment On Plaintiffs' Public Nuisance Claims (Case: 1:17-md-02804-DAP) (Doc #: 2578) (Filed: 09/09/19); **Public Nuisance:** Opinion and Order, p. 5 (Case: 1:17-md-02804-DAP) (Doc #: 2572) (Filed: 09/04/19); **CSA Rulings:** Opinion and Order Regarding Plaintiffs' Summary Judgment Motions Addressing the Controlled Substances Act (Case: 1:17-md-02804-DAP) (Doc #: 2483) (Filed: 08/19/19); **Causation:** Opinion and Order Regarding Defendants' Summary Judgment Motions on Causation (Case: 1:17-md-02804-DAP) (Doc #: 2561) (Filed: 09/03/19); and **Daubert Rulings:** Opinion and Order Regarding Defendants' Motions to Exclude Opinions of James Rafalski and Craig McCann (Case: 1:17-md-02804-DAP) (Doc #: 2494) (Filed: 08/20/19); Order (Case: 1:17-md-02804-DAP) (Doc #: 2518) (Filed: 08/26/19); **Evidentiary Rulings.** See MDL2804 Evidentiary Order (Case: 1:17-md-02804-DAP) (Doc #: 3052) (Filed: 12/26/19) (75 pages).

2.      **The data is relevant.**

Distributor Defendants owe an affirmative duty to prevent diversion.  See *Opinion and Order Regarding Plaintiffs' Summary Judgment Motions Addressing the Controlled Substances Act* (Case: 1:17-md-02804-DAP) (Doc #: 2483) (Filed: 08/19/19).  This duty includes the performance of due diligence to dispel suspicion following a "red flag" such as the following:

**M<sup>c</sup>KESSON**

**Potential Red Flags**

**Patients that…**

- Receive the *same combination* of prescriptions
- Receive the *same strength* of controlled substances
- *Pay in cash* for their prescriptions
- Have the *same diagnosis codes* written on their prescriptions
- *Drive long distances* to visit physicians and/or to fill prescriptions
- Enter the pharmacy in *groups*, each with the *same prescriptions* issued by the *same physician*
- Have prescriptions for controlled substances *written by physicians not associated with pain management* (i.e. pediatricians, gynecologists, ophthalmologists, etc.

None of the Distributor Defendants disclosed dispensing date in due diligence files. Compelling Rite Aid to disclose dispensing data will either inculpate or exculpate its distributor. For instance, the following screen capture was taken from dispensing data produced by the one pharmacy which broke ranks and responded to the subpoena:

| Date Written | Date | Rx Number | Quan | Day Supply | Last Insurance P | Drug | Thera. Class | Doctor DEA | Sched | Doctor |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/1/2012 | 1/1/2012 | ███ | 168 | 28 | Cash | OXYCODONE 30MG | Analgesics - Opioid | ███ | 2 | ███ |

This prescribing pattern is problematic for the distributor (ABC) supplying this pharmacy as it triggers multiple "red flags": the physician is a psychiatrist, the patient paid in cash, the number

of doses is an outlier and the drug (oxy30) is the number one prescription opioid diverted in America.

This motion poses a double-edged sword for the Distributor Defendants. Plaintiffs believe production of the dispensing data will reveal prescribing patterns which will be prejudicial to the Distributor Defendants. On the other hand, the <u>absence</u> of dispensing data is equally problematic given the tsunami of prescription opioids sold by the Distributor Defendants into Cabell County (WV). Interestingly, none of the Distributor Defendants have sought dispensing data. Conversely, Distributor Defendants served 107 third-party subpoenas: 39 subpoenas for document production, 58 subpoenas for testimony, and 10 subpoenas requesting testimony and document production. (ECF 156) (ECF 167) (ECF 175) (ECF 177) (ECF 195) (ECF 204) (ECF 206) (ECF 207) (ECF 215) (ECF 234) (ECF 243) (ECF 274) (ECF 303) (ECF 363) (ECF 491) (ECF 492) (ECF 497) (ECF 498) (ECF 550) (ECF 186) (ECF 187) (ECF 188) (ECF 255) (ECF 270) (ECF 317) (ECF 335) (ECF 336) (ECF 337) (ECF 338) (ECF 339) (ECF 340) (ECF 341) (ECF 342) (ECF 352) (ECF 353) (ECF 354) (ECF 355) (ECF 370) (ECF 371) (ECF 372) (ECF 373) (ECF 374) (ECF 377) (ECF 383) (ECF 443) (ECF 444) (ECF 445) (ECF 446) (ECF 447) (ECF 448) (ECF 449) (ECF 450) (ECF 451) (ECF 452) (ECF 453) (ECF 454) (ECF 455) (ECF 456) (ECF 457) (ECF 458) (ECF 459).

### 3. Severed Pharmacy Defendants have ready access to the dispensing data.

The severed Pharmacy Defendants are in the midst of additional bellwether discovery in MDL2804. The dispensing data is readily available at the push of the button. The subpoena duces tecum strips away all patient identifying information and focuses solely on data fields likely to identify outliers of prescribing patterns which should have been clear triggers that diversion was likely.

**WHEREFORE**, Plaintiffs, City of Huntington and Cabell County Commission, respectfully request this Honorable Court to compel severed-defendant Rite Aid of West Virginia, Inc. to produce dispensing data identified in the attached *subpoena duces tecum* as a bellwether ruling and/or any other relief this Court deems fair and just.

Dated:  June 12, 2020                                                           Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* <br> Anne McGinness Kearse (WVSB No. 12547) <br> **MOTLEY RICE LLC** <br> 28 Bridgeside Blvd. <br> Mount Pleasant, SC 29464 <br> Tel: 843-216-9000 <br> Fax: 843-216-9450 <br> akearse@motleyrice.com | /s/ *Paul T. Farrell, Jr.* <br> Paul T. Farrell, Jr., Esq. (WVSB No. 7443) <br> **FARRELL LAW** <br> P.O. Box 1180 <br> Huntington, WV 25714-1180 <br> 422 Ninth Street, 3rd Floor <br> Huntington, West Virginia 25701 <br> Office: 304.523.7285 <br> cell:     304.654.8281 <br> email: paul@farrell.law |

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2020 the foregoing PLAINTIFFS MOTION TO COMPEL SEVERED DEFENDANT RITE AID OF WEST VIRGINIA TO PRODUCE DISPENSING DATA was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system, as well as via email to Defendants' MDL listserv at xALLDEFENDANTS-MDL2804-Service@arnoldporter.com, Defendants' CT2 listserv at Track2OpioidDefendants@reedsmith.com, and Plaintiffs listserv MDL2804Discovery@motleyrice.com.

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)
**MOTLEY RICE LLC**