## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>     Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG<br>CORPORATION, *et al.*<br><br>     Defendants.<br><br>———————————————————<br><br>CABELL COUNTY COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG<br>CORPORATION, *et al.*<br><br>     Defendants. | Civil Action No. 3:17-01362<br><br><br><br><br><br><br><br><br><br>Civil Action No. 3:17-01665 |

## DEFENDANTS' SEVENTH DISCOVERY STATUS REPORT

For the benefit of the Special Master and the information of the Court, Defendants submit their seventh biweekly discovery status report pursuant to the Court's request during the March 5, 2020 status conference. *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1]

Defendants began taking fact depositions of Plaintiffs' witnesses yesterday. Eighteen additional depositions of Plaintiff witnesses have been scheduled so far for dates over the next month. Although Defendants are working hard to complete necessary depositions before the close

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief from the Court and any necessary motions will be filed separately. Rather, this report is simply to update the Special Master on the progress of the case as the Court monitors the overall schedule and plans for the litigation.

of discovery, outstanding document and written discovery requests threaten Defendants' ability to conduct full and fair depositions of Plaintiff witnesses.  As part of the supervised meet-and-confer process, Defendants are evaluating Plaintiffs' newly produced "custodial overlays" to determine whether they address the serious deficiencies that Defendants have identified in Plaintiffs' document productions.

Defendants continue to negotiate productively with third parties regarding subpoena compliance.  Defendants have received additional third-party document productions since their prior discovery status report, and they have so far scheduled ten third-party depositions.

## I.    Deposition Scheduling

Fact depositions began this week, with Defendants taking their first deposition yesterday, June 15, 2020.  Defendants have confirmed dates for eighteen additional depositions of Plaintiffs' witnesses and ten third-party witnesses—30(b)(6) depositions of the Appalachia High Intensity Drug Trafficking Area, Marshall Health, Marshall University, and Cabell County Drug Court, a fact and 30(b)(6) deposition of Jonathan Osborne with the West Virginia Board of Osteopathic Medicine, and depositions of West Virginia Bureau for Medical Services Commissioner Cynthia Beane, Marshall Health Associate Director of Addiction Services Lyn O'Connell, former Bureau of Public Health Commissioner Rahul Gupta, and the Executive Directors of the West Virginia Board of Dentistry and APRN board.  Unfortunately, the pandemic has drastically delayed document productions from virtually every third-party subpoena recipient, and with few productions complete, Defendants are unable to confirm deposition dates for most third parties. Most of the Plaintiff depositions are slated to occur in person.  All the depositions will be conducted in accordance with the protocols that Special Master Wilkes entered on June 11, 2020.

The parties continue to negotiate dates for ten additional Plaintiff depositions, and Plaintiffs recently notified Defendants that three more requested deponents are former employees

and unrepresented by Plaintiffs' counsel.  Defendants have requested these individuals' last-known contact information so that Defendants may serve non-party subpoenas on them.  The parties are also negotiating dates for several agreed-upon Defendant witnesses.

Defendants are scheduling depositions of additional third-party witnesses as they produce documents.  As noted above, and as discussed in prior status reports, those productions have been badly slowed due to COVID-related interruptions.  Defendants expect to depose individuals and 30(b)(6) designees from a number of third parties beyond those already scheduled, including but not limited to West Virginia state agencies, medical organizations and providers, licensing boards, law enforcement agencies, and individuals listed by Plaintiffs as potential trial witnesses.

## II.    Plaintiffs' Production of Documents and Discovery Responses

Defendants appreciate the productive June 12 supervised meet and confer, as well as the production overlays that Plaintiffs provided after it.  Defendants are reviewing the overlays to determine whether they address the significant deficiencies that Defendants identified in Plaintiffs' productions.  Plaintiffs have produced fewer than 300 additional documents since Defendants' June 2 status report.  Plaintiffs still have not produced any documents for the *twenty-one* agreed-upon custodians that Defendants identified in their May 15 motion to compel Plaintiffs' discovery responses.  ECF No. 424.

As requested in the June 12 discovery status conference, Defendants will provide a proposed order granting their motion to compel discovery responses on opioid-related expenditures (ECF No. 422).  Relief is necessary to ensure full and fair fact depositions on Plaintiffs' requested remedy of "abatement damages."

Defendants withdrew their May 15 motion to compel *in camera* review and production of documents that Cabell County withheld as privileged, ECF No. 432, after the parties reached agreement on all challenged privilege claims.  ECF No. 576.

III.     **Third-Party Document Productions**

Third-party discovery continue to move forward.  Twenty-three third parties have started producing documents, including seven additional third parties since Defendants filed their June 2 discovery status report.  Defendants also received a production of documents from the West Virginia Board of Pharmacy and it is currently being prepared for production to Plaintiffs. Defendants continue to await critical outstanding discovery from additional third-parties.

On May 15, Defendants filed four motions to compel discovery responses from third parties, aside from their omnibus motion that Special Master Wilkes has held in abeyance. Defendants' motion to compel the National Board of Medical Examiners was filed in E.D. Pa. Dkt. 1, 1-6, *Cardinal Health, Inc., v. Nat'l Bd. of Med. Exam'rs*, 2:20-cv-02317 (E.D. Pa. May 15, 2020).  It has been fully briefed and Defendants have requested that the motion be transferred to this Court.  Defendants' motion for discovery responses from the West Virginia Bureau for Children and Families is now fully briefed and pending before this Court.  ECF Nos. 430, 431. Defendants continue to negotiate with the West Virginia Office of the Chief Medical Examiner, and have agreed that Defendants' motion to compel may be held in abeyance.  ECF Nos. 428, 429. The Board of Examiners for Licensed Practical Nurses still has not responded to Defendants' subpoena or motion to compel.  ECF Nos. 426, 427.  Yesterday, the Court granted Defendants' motion to compel, ordering the production of documents by June 30, 2020.  ECF No. 583.

On June 8, Defendants filed a motion to compel seeking discovery responses from Cabell Huntington Hospital and St. Mary's Medical Center, ECF Nos. 521, 522, both of which were included in Defendants' May 15 omnibus motion to compel third-party discovery.  ECF Nos. 435, 436.  Cabell Huntington Hospital and St. Mary's Medical Center have since produced documents and Defendants are currently evaluating these productions.  Briefing is therefore ongoing; the hospitals' response is due tomorrow, June 17.

Dated: June 16, 2020

Respectfully Submitted,

**McKesson Corporation**
By Counsel:

/s/ Jeffrey M. Wakefield
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

/s/ Timothy C. Hester
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

**AmerisourceBergen Drug Corporation**
By Counsel:

/s/ Gretchen M. Callas
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

/s/ Robert A. Nicholas
Robert A. Nicholas

Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

6

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 16th day of June, the foregoing

**"Defendants' Seventh Discovery Status Report"** was served using the Court's CM/ECF

system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)