# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                      Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                        Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

### PLAINTIFFS' REPLY MEMORANDUM WITHDRAWING MOTION TO COMPEL DEPOSITION OF JOHN H. HAMMERGREN (MCKESSON) OR, IN THE ALTERNATIVE, REQUESTING ITS DENIAL WITHOUT PREJUDICE

COME NOW Plaintiffs, the City of Huntington and the Cabell County Commission, in reply to the opposition to Defendant McKesson Corporation ("McKesson") to Plaintiffs' motion to compel the deposition of McKesson's former CEO, John H. Hammergren (ECF 584). For the reasons set forth below, Plaintiffs withdraw their motion as to McKesson and Mr. Hammergren or, in the alternative, request that it be denied without prejudice.

### ARGUMENT

Plaintiffs moved to compel the deposition of Mr. Hammergren based upon his testimony before Congress on McKesson's and other companies' opioid distribution practices and upon other document evidence demonstrating his extensive personal and unique knowledge on this topic that Plaintiffs could not obtain from other McKesson witnesses. This gives Plaintiffs the

right to compel Hammergren's testimony under the "apex doctrine" as recognized by this Court. *See In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2187, 2014 WL 12703776, at *3 (S.D. W. Va. June 30, 2014) ("Under the apex doctrine, before proceeding with the deposition of a high-level executive, a party must show that the executive (1) possesses special or unique information relevant to the issues being litigated, and (2) the information cannot be obtained by a less intrusive method, such as through written discovery or by deposing lower-ranking employees.").

McKesson responded by noting the fact that Hammergren is retired from his employment with the company, and then disavowing any control over whether he can testify. *See* McKesson Opposition at 2 ("Mr. Hammergren is a retired employee who is represented by his own counsel, he is not within McKesson's control, and he does not reside in this jurisdiction."). McKesson thus argues that Plaintiffs must issue a subpoena for his deposition testimony. *Id.*

Plaintiffs have done so. *See* Plaintiffs' Notice of Subpoena for Deposition Testimony of John H. Hammergren, filed June 17, 2020 (Doc. 595).

Since Plaintiffs and McKesson agree that it cannot control whether Hammergren testifies by deposition, Plaintiffs submit that their motion as to McKesson is moot and should be deemed withdrawn or, in the alternative, should be denied without prejudice.[1]

---

[1] McKesson also submitted five pages of additional argument on why Plaintiffs' motion to take Hammergen's deposition is unreasonable. *See* McKesson Opposition at 7-12. Since McKesson disavows control over whether he can testify and Plaintiffs since have subpoenaed his deposition, these arguments are moot. However, to the extent McKesson argues that Hammergren lacks relevant or unique knowledge, substantial evidence shows otherwise. *See, e.g.*, Pltfs' Ex. 3, Tr. of 5/8/2018 Subcommittee Hearing at 47-48 (Hammergren: "We had a pharmacy in Kermit, West Virginia called Sav-Rite that we actually terminated in that period of time. *What I can say is that, knowing what we know today, in hindsight, we wish we would have terminated that relationship sooner.*"); *id.* at 56 ("We certainly learned, Mr. Chairman, from that experience at Sav-Rite, and we realized that we needed automated systems that don't allow any order to ship out of our facilities that are past those threshold."); *id.* at 74 ("Certainly, we've learned from our experience during the 2006, 2007, over a decade ago, and today's systems are much more robust than they were then."). What Hammergren knew in 2018, what he did not know in 2007, and what he learned along the way are relevant information to the adequacy of McKesson's anti-diversion program that only Hammergren can provide. Moreover, the enormous stakes of this action concerning the opioid crisis in Cabell County and Huntington likewise weighs strongly in favor of allowing a defendant executive's

## CONCLUSION

For all of the reasons set forth, Plaintiffs' motion to compel as to McKesson and Hammergren should be deemed withdrawn or else, in the alternative, should be denied without prejudice as moot.

Dated: June 19, 2020                                                    Respectfully submitted,

| **THE CITY OF HUNTINGTON** | **CABELL COUNTY COMMISSION** |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No. 12547) | Paul T. Farrell, Jr. (WVSB Bar No. 7443) |
| Joseph F. Rice | **FARRELL LAW** |
| **MOTLEY RICE LLC** | 422 Ninth Street, 3rd Floor (25701) |
| 28 Bridgeside Blvd. | PO Box 1180 |
| Mount Pleasant, SC 29464 | Huntington, West Virginia 25714-1180 |
| Tel: 843-216-9000 | Mobile: 304-654-8281 |
| Fax: 843-216-9450 | paul@farrell.law |
| akearse@motleyrice.com | |
| jrice@motleyrice.com | /s/ *Anthony J. Majestro* |
| | Anthony J. Majestro (WVSB No. 5165) |
| Linda Singer | **POWELL & MAJESTRO, PLLC** |
| David I. Ackerman | 405 Capitol Street, Suite P-1200 |
| **MOTLEY RICE LLC** | Charleston, West Virginia 25301 |
| 401 9th Street NW, Suite 1001 | 304-346-2889 / 304-346-2895 (f) |
| Washington, DC 20004 | amajestro@powellmajestro.com |
| Tel: 202-232-5504 | |
| Fax: 202-386-9622 | Michael A. Woelfel (WVSB No. 4106) |
| lsinger@motleyrice.com | **WOELFEL AND WOELFEL, LLP** |
| dackerman@motleyrice.com | 801 Eighth Street |
| | Huntington, West Virginia 25701 |
| Charles R. "Rusty" Webb (WVSB No. 4782) | Tel. 304.522.6249 |
| **THE WEBB LAW CENTRE, PLLC** | Fax. 304.522.9282 |
| 716 Lee Street, East | mikewoelfel3@gmail.com |
| Charleston, West Virginia 25301 | |
| Telephone: (304) 344-9322 | |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

---

deposition.  *See Bard*, *supra*, at *464 ("The extraordinary number of cases and the astronomical amount in controversy weigh against the application of a rigid apex deposition rule better suited to an 'individual personal injury, employment or contract dispute in which the 'apex' office had no personal knowledge.'") (quoting *In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 205 F.R.D. 535, 536 (S.D. Ind. 2002)).  The Court, however, should not decide these issues as to McKesson and Hammergren unless and until either or both files a motion to quash Plaintiffs' subpoena.

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020 the foregoing PLAINTIFFS' REPLY MEMORANDUM WITHDRAWING MOTION TO COMPEL DEPOSITION OF JOHN H. HAMMERGREN (MCKESSON) OR, IN THE ALTERNATIVE, REQUESTING ITS DENIAL WITHOUT PREJUDICE was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system.

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)
**MOTLEY RICE LLC**