IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**AMERISOURCEBERGEN DRUG CORPORATION'S MOTION TO STRIKE
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL COLLIS
DEPOSITION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY**

AmerisourceBergen Drug Corporation ("ABDC") respectfully files this Motion to Strike Plaintiffs' Reply Memorandum of Law in Support of Motion to Compel Deposition of Steven H. Collis ("Plaintiffs' Reply") (ECF No. 606). In the alternative, ABDC moves for leave to file a Sur-Reply in further opposition to Plaintiffs' Motion to Compel.

**I.    MOTION TO STRIKE**

Plaintiffs' Reply, filed on June 19, 2020, should be stricken from the record in its entirety because it contains demonstrably and unequivocally false statements about ABDC's compliance with its discovery obligations. The circumstances also show that these false statements were made

either knowingly, or with reckless disregard for truth and without any apparent attempt to verify such serious accusations.

Specifically, Plaintiffs' Reply accuses ABDC of failing to "disclos[e] a document, long-sought by Plaintiffs in the MDL, but produced only last week." Reply at 6. Plaintiffs further claim this is "consistent with ABDC's hide-the-ball strategy." *Id.* The document Plaintiffs contend was hidden is ABDC's June 14, 2018 written response to questions following the Energy & Commerce Committee hearing. Plaintiffs go on to discuss that document at great length in their Reply, devoting multiple pages to a description of the document and its alleged relevance to their Motion.

Plaintiffs' accusations are false. This ***exact same document*** was produced ***more than a year ago*** in Track One of the MDL on May 10, 2019 to the very same Plaintiffs' counsel in this litigation. *See* May 10, 2019 Production Cover Letter (attached hereto as Exhibit A). And this document could not have been missed—it was not produced as part of a larger document production. Instead, the production was fewer than 20 pages and the production cover letter specifically identified this document as "a letter sent by Congress to ABDC on May 31, 2018 and ABDC's written response." *Id.* The cover letter also noted that the production was being made "in the spirit of compromise" because the document itself was dated after the agreed-upon discovery period for Track One. *Id.* That same document was recently ***reproduced*** in this case in response to a specific request for materials related to the Energy & Commerce hearing. That reproduced version was attached to Plaintiffs' Reply. Reply Ex. 61.

Plaintiffs' false accusation that ABDC withheld this document is not an honest mistake brought about by the recent reproduction of the document. There can be no doubt that Plaintiffs knew that they had the document because ***they attached the very same document as an exhibit to their Motion***, filed on June 4, 2020. *See* Plaintiffs' Motion at 7 & n.16 (citing Exhibit 15) (ECF

No. 517) (describing the document as follows: "Collis also submitted answers to the Committee's 'Questions for the Record' requests.").

Thus, the record shows not only that Plaintiffs already had this document for more than a year, but also that they had already relied on it in their opening papers for this very Motion. ABDC accordingly requests that Plaintiffs' Reply be stricken from the record in its entirety and the Court consider the briefing on Plaintiffs' Motion to be closed.

## II.     MOTION FOR LEAVE TO FILE SUR-REPLY

In the alternative, if the Court declines to strike Plaintiffs' Reply in its entirety, Plaintiffs should be ordered to withdraw, correct, and refile their Reply. Plaintiffs should be required to omit all reference to the document at issue, including not only their spurious accusations, but also their substantive discussion of the document, which should have been properly raised in their opening brief and not in their Reply. This relief is necessary because Plaintiffs' blatantly false accusations should not remain of record—disregarding them is not enough.

Moreover, Plaintiffs' substantive discussion of this document is not the only content inappropriately raised for the first time in their Reply. Accordingly, if Plaintiffs are permitted to refile their Reply, ABDC should be granted leave to file a short, 6-page Sur-Reply (attached hereto as Exhibit B). "A court can permit a surreply when a party seeks to respond to new material that an opposing party introduces for the first time in its reply brief." *Anderson v. Consolidation Coal Co.*, No. 11-cv-138, 2014 WL 4388288, at *5 (N.D.W. Va. Sept. 5, 2014) (citation omitted); *see also id.* ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply.") (citation omitted); *Johnson v. McDowell Cnty. Sheriff Dep't*, No. 17-cv-04404, 2018 WL 1659479, at *2 n.3 (S.D.W. Va. Apr. 3, 2018) (Faber, J.) (granting leave to file a sur-reply to allow the moving party to respond to newly raised allegations).

### III. CONCLUSION

For the reasons set forth above, ABDC respectfully requests that Plaintiffs' Reply in support of their Motion to Compel Mr. Collis's deposition be stricken from the record and that briefing on Plaintiffs' Motion should be deemed closed.

In the alternative, ABDC respectfully requests that Plaintiffs be ordered to withdraw, correct, and refile their Reply, and that ABDC be granted leave of Court to file their Sur-Reply, attached hereto as Exhibit B, to address new arguments first raised in Plaintiffs' Reply Brief.

Dated: June 22, 2020

Respectfully submitted,

***AmerisourceBergen Drug Corporation***
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com


*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 22nd day of June, 2020, the foregoing *Motion to Strike Plaintiffs' Reply in Support of Motion to Compel Collis Deposition or, in the Alternative, for Leave to File a Sur-Reply* was served upon counsel of record electronically.

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)