# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, et al., <br><br> Defendants. | Civil Action No. 3:17-01362 <br><br> Hon. David A. Faber |
| CABELL COUNTY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, et al., <br><br> Defendants. | Civil Action No. 3:17-01665 <br><br> Hon. David A. Faber |

## DEA'S REPLY OBJECTION TO SPECIAL MASTER'S DISCOVERY RULING NO. 6

In their response to the U.S. Drug Enforcement Administration's (DEA) Objection to the Special Master's Discovery Ruling No. 6 (ECF No. 596) (Plaintiffs' Response), Plaintiffs misconstrue Fourth Circuit law in defense of their motion to compel the DEA to respond to Plaintiffs' burdensome, serial *Touhy* requests. The Special Master misapprehended governing Fourth Circuit law in Discovery Ruling No. 6 (D.R. No. 6) which, for the reasons set forth in DEA's Objection to D.R. No. 6 (ECF No. 519) (DEA Objection), this Court's intervention is required now to correct.

The Court's analysis must begin with *COMSAT Corp. v. National Science Foundation*, 190 F.3d 269, 274 (4th Cir. 1999), which controls the resolution of this dispute. The question is a limited one: whether the Department of Justice (DOJ) acted arbitrarily and capriciously in issuing its *Touhy* decisions in response to Plaintiffs' *Touhy* requests. *See* DEA Objection, Exhs. B, D, E. None of Plaintiffs' arguments provide a basis for this Court to ignore binding Fourth Circuit precedent set forth in *COMSAT* and other cases governing third party discovery from the United States.

The only question for the Special Master, and now for this Court, to resolve is whether DOJ applied its regulations governing the disclosure of agency documents to litigants in federal and state court (known as *Touhy* regulations) in an arbitrary and capricious manner.[1] *See COMSAT Corp.*, 190 F.3d at 274. The Special Master did not address this question, however. Instead, the Special Master overlooked Fourth Circuit precedent and applied the wrong legal standard. But neither the Special Master nor this Court is charged with conducting a *de novo* review of the burden imposed on DEA by Plaintiffs' requests. To the contrary, this Court's review is limited to whether *DOJ's analysis* was based on inappropriate factors or otherwise untethered from the facts and circumstances before the agency.[2] DOJ issued a thorough and well-reasoned *Touhy* denial to Plaintiffs rooted in agency policy and regulations, *see* DEA Objection, Exh. E, and Plaintiffs have failed to establish that DOJ's decision was arbitrary or

---

[1] Because Plaintiffs sought documents from DEA, a law enforcement agency within DOJ, the Plaintiffs' request was evaluated pursuant to DOJ regulations governing the disclosure of information to private litigants. *See* 28 C.F.R. § 16.21, *et seq.* Accordingly, this memorandum refers to DOJ when discussing the agency's evaluation and denial of Plaintiffs' request.

[2] This Court reviews *de novo* all conclusions of law and findings fact made by the Special Master. (Order of Appointment at 5, ECF No. 200 (citing Fed. R. Civ. P. 53(f)(4) and (5)).)

2

capricious. Moreover, DOJ supported its reasoning with a detailed declaration from a senior DEA official. *See* DEA Objection, Exh. F. Accordingly, the DOJ's actions were neither arbitrary nor capricious, and so this Court should reject D.R. No. 6, and deny Plaintiffs' motion to compel.

**I.     The APA's Arbitrary and Capricious Standard Governs This Dispute.**

As established in DEA's Objection, the Special Master misapplied the controlling law by considering Plaintiffs' motion to compel under Rule 45 of the Federal Rules of Civil Procedure and not under the APA's arbitrary and capricious standard. In *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269 (4th Cir. 1999), the Fourth Circuit made clear that third-party subpoenas served on the government, its agencies, and its officials fall within the protection of sovereign immunity, and that the only means of reviewing an agency's response to such a subpoena is through the APA. *See* 190 F.3d at 277; *see also Kasi v. Angelone*, 300 F.3d 487, 506 (4th Cir. 2002) (the proper method for judicial review of an agency's final decision regarding a third-party subpoena is through the APA); *United States v. Williams*, 170 F.3d 431, 434 (4th Cir. 1999) ("The proper method for judicial review of the agency's final decision pursuant to its regulations is through the [APA]."). "The APA waives sovereign immunity and permits a federal court to order a non-party agency to comply with a subpoena if the government has refused production in an arbitrary, capricious, or otherwise unlawful manner." *COMSAT*, 190 F.3d at 277; *Williams*, 170 F.3d at 434.

Plaintiffs seek to avoid *COMSAT* by arguing that it is distinguishable, but that same argument has been routinely rejected. "While *COMSAT* involved an arbitration proceeding, its principles are equally applicable to a federal civil action wherein a party seeks to obtain information from a non-party government agency through the subpoena process." *Hoover v.*

*Trent*, 2009 WL 10676534, at *3 (N.D. W.Va. June 3, 2009). District courts throughout the Fourth Circuit have held similarly, applying *COMSAT* to civil litigation in federal courts where a discovery dispute arises concerning a federal agency as a third party. *See Barreto v. SGT, Inc.*, 2019 WL 3253373 (D. Md. July 19, 2019); *In re Subpoena to Nat'l Sci. Found., Office of Inspector Gen.*, 2018 WL 5017612 (E.D. Va. Oct. 16, 2018); *Lamb v. Wallace*, 2018 WL 847242 (E.D.N.C. Feb. 13, 2018); *Andreas-Myers v. Nat'l Aeronautics & Space Admin.*, 2017 WL 1632410 (D. Md. Apr. 28, 2017); *Sauer Inc. v. Lexington Ins. Agency, Inc.*, 2014 WL 5580954 (E.D.N.C. Oct. 31, 2014); *Clay v. Consol Pa. Coal Co.*, LLC, 2013 WL 12373597 (N.D.W. Va. Oct. 17, 2013); *Bruno v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 10681974 (D. Md. Oct. 26, 2009); *Spence*, 530 F. Supp. 2d 739; *Bavarian Nordic A/S v. Acambis Inc.*, 2007 WL 9782602 (D. Md. Jan. 19, 2007); *see also RLI Ins. Co. v. Nexus Servs., Inc.*, 2020 WL 1496466, at *3 (W.D. Va. Jan. 17, 2020) ("[T]he court finds that DHS's denial was reasonable because it was made in accordance with DHS's *Touhy* regulations, considered the request properly, does not run counter to the evidence, and was not implausible. DHS's letters make clear that the agency considered the required factors and found that the factors weighed in favor of denying Nexus' request.").

Plaintiffs incorrectly point to the MDL court's ruling in a discovery dispute concerning the DEA's Automated Records and Consolidated Orders System (ARCOS), 2018 U.S. Dist. Lexis 90002, at *46, to argue that Rule 45 governs here. There, the MDL court applied the law of the Sixth Circuit, not that of the Fourth Circuit, and even acknowledged a division among Circuits on whether the standard from Rule 45 or the APA governs document productions from a federal agency. *Id.* Moreover, that MDL court ruling involves an entirely different discovery dispute—specifically, the DEA's objections regarding disclosing an entire database of

4

information that had, among other concerns, the potential to reveal Defendants' competitive market share data—than the document requests at issue here. Accordingly, this MDL court ruling provides no basis to depart from well-established Fourth Circuit precedent indicating that the APA standard of review should apply here.

The standard applied in the Special Master's decision—*de novo* review under Rule 45—is not the appropriate standard of review in the Fourth Circuit. *See COMSAT*, 190 F.3d at 278 ("The [district] court . . . erred when it reviewed [the agency's] actions under the standards of Federal Rule of Civil Procedure 45, rather than the standard established by the APA."); *see also Bellamy v. Butler*, 2015 WL 917762, at *3 (S.D.W. Va. March 3, 2015) ("the court is bound to follow the precedent established by the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court.") (Faber, J.). Thus, the Special Master erred by failing to follow the applicable standard of review established by the Fourth Circuit.

## II. DOJ's *Touhy* Decision Complies with the Applicable Law.

When DOJ's *Touhy* decision is evaluated against the proper standard of review—whether that decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law"—it is clear that the Special Master ruling was erroneous and Plaintiffs' motion should be denied. *See COMSAT*, 190 F.3d at 274. Under the proper standard, an agency's denial of a *Touhy* request must be upheld if it is reasonable and in accordance with the agency's regulations. *Spence*, 530 F. Supp. 2d at 745; *see also COMSAT*, 190 F.3d at 277 (A "court[] may reverse an agency's decision not to comply only when the agency has acted unreasonably."); *Andreas-Myers*, 2017 WL 1632410, at *4 (holding that APA requires only "a rational connection between the facts found and the choice made") (quoting *Baltimore Gas & Elec. Co. v. Natural Res. Def. Council*, 462 U.S. 87, 105 (1983)). As made clear in DEA's Response to Plaintiffs'

Motion to Compel and in DEA's Objection, DOJ acted reasonably in evaluating and denying Plaintiffs' requests pursuant to its *Touhy* regulations based on burden.

### A. DOJ Appropriately Considered the Cumulative Burden Imposed on the Agency By This and Similar Requests.

DOJ denied Plaintiffs requests in part due to the cumulative burden of the specific requests contained in Plaintiffs' serial *Touhy* letters, which will undoubtedly multiply in number as the MDL court remands additional cases for trial. In assessing burden, DOJ may consider the cumulative burden in making *Touhy* determinations. Plaintiffs' argument to the contrary is without merit, and relies on a misreading of applicable authority.

A government agency may, and as a practical matter must, consider the cumulative effect of past and future requests in related litigation in order to conserve finite resources. *See COMSAT*, 190 F.3d at 278; *Spence v. NCI Info Sys., Inc.*, 530 F. Supp.2d 739, 745-46 (D. Md. 2008) ("[W]e reject the argument that [the agency] was required to limit its inquiry to whether Spence's particular request was unduly burdensome. As the case law makes clear, the [agency] was entitled to consider the cumulative effect of granting similar requests."). Even where the responsive documents in a government agency's possession were "a little over 1,000 copies" and the agency would not suffer "any undue burden," courts have upheld an agency denial based on the "cumulative burden of providing such information in other cases as mentioned in *COMSAT*." *Hoover*, 2009 WL 10676534 at *4.

As it is unlikely that this matter will be the last set of cases to be referred by the MDL Court for trial, DOJ properly considered how post-transfer discovery would burden DEA in these and other cases, particularly considering that DEA is also continuing to respond to third-party

requests in the MDL.[3] Though DEA has gone to considerable effort to produce documents and agency witnesses for testimony as a third party in the MDL, its resources are finite. Time and attention dedicated to complying with each and every discovery request served by Plaintiffs is less time and attention it can pay to the myriad other matters within DEA's areas of responsibility. This triaging is necessary to government management, and rightly recognized by the courts as an appropriate basis in evaluating *Touhy* requests. *See Spence*, 530 F. Supp.2d at 745 ("The Fourth Circuit has recognized on multiple occasions that federal agencies have a compelling interest in "conserv[ing] governmental resources where the United States is not a party to a suit . . .") (quoting *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989)).

Plaintiffs' reliance on *In re Vioxx Products Liability Litig.*, 235 F.R.D. 334 (E.D. La. 2006) for their argument that DOJ improperly considered cumulative burden in its *Touhy* analysis is misplaced. Plaintiffs rely on an isolated quotation from this opinion taken out of necessary context. Significantly, in *Vioxx*, the court from which the government sought relief was the MDL court itself, and the court acknowledged its own ability to prospectively address cumulative burdens on the agency. Thus, the *Vioxx* court could, and did, reassure the agency that it "need not go sleepless fearing endless depositions. This ruling is not a blank check . . . ." *Id.* at 345. Because DEA does not have the same assurance here, Plaintiffs' reliance on *Vioxx* is misplaced. Indeed, in this case, the MDL court has already addressed the DEA's cumulative burden in remanded cases such as this one, stating that it "did not believe additional discovery

---

[3] To underscore this point, Plaintiffs in the MDL, who are represented by the same counsel as the Plaintiffs in this matter, served additional subpoenas on the DEA for documents and testimony on June 19, 2020.

from the DEA was necessary or appropriate for a fair trial."[4] And yet, post-remand, the Plaintiffs in this case have served serial *Touhy* requests on the DEA seeking additional information above and beyond what the DEA provided in the MDL. Should this Court grant Plaintiffs' motion to compel, the DEA has every reason to believe that Plaintiffs will seek similar discovery in other remanded cases. The DEA's concerns about cumulative burden here are entirely well-founded.

The *Vioxx* court also found that the agency's actions "failed to consider important aspects of this particular problem, offered an explanation that runs counter to the evidence before the agency, and is so implausible that it cannot be ascribed to a difference in view or the product of agency action." *Id.* at 346. That is hardly the case here, where DOJ issued a well-reasoned, detailed, and thoughtful *Touhy* response that weighed the appropriate factors. The contrast of DEA's performance in this MDL and the agency in the *Vioxx* MDL, the comparative weighing of agency burdens, breadth and vagueness of the discovery requests at issue, and agencies' roles as third parties in the respective litigation could not be starker.

**B. DOJ Appropriately Considered the Burden Law-Enforcement Sensitive Documents Present to DEA.**

The DOJ also denied Plaintiffs' requests for documents relating to the "investigation and prosecution" of certain pharmacies. Far from seeking a "blanket exclusion" of materials relating to DEA investigations, *see* Plaintiffs' Response at 11, DOJ fairly assessed the additional burden that is imposed on an agency where, as here, a substantial portion of the requested documents are

---

[4] As Plaintiffs note, the MDL court went on to acknowledge that "limited jurisdiction-specific discovery in the West Virginia cases would be necessary after remand," but nowhere did the MDL court suggest that it was necessary or appropriate for the parties to seek such additional discovery from non-parties like the DEA who already responded to extensive, burdensome discovery in the MDL prior to remand.

8

law-enforcement sensitive. DOJ has not asserted a blanket law enforcement privilege over the requested files, but rather contends that the production of the requested materials will require an additional burden on DEA to identify and redact law-enforcement sensitive information, making the material unreasonably burdensome to produce. DOJ considered this, too, as part of the *Touhy* process, as authorized by law.

Plaintiffs misconstrue 28 C.F.R. § 16.26(a), which identifies certain considerations for DOJ's use in determining whether to disclose documents, as somehow preventing DOJ from considering this burden. Section 16.26(a)(2), which requires consideration of "the relevant substantive law of privilege," is only one of many factors to be considered. DOJ must also consider whether "disclosure is appropriate under the rules of procedure governing the case," 28 U.S.C. § 16.26(a)(2), including, as here, Rules 26 and 45 of the Federal Rules of Civil Procedure.

Plaintiffs' reliance on the MDL Special Master's ruling following an *in camera* review of redactions made to certain DEA audit materials is also misplaced. *See* Plaintiffs' Response at 12 (citing *In re Nat'l Prescrip. Opiate Litig.,* No. 1:17-md-2804 (N.D. Ohio Apr. 10, 2020) (Doc. 3258) at 7.) This ruling does not address DOJ's basis for denying authorization here, which is the burden associated with the review, analysis, identification, segregation, and logging of privileged documents. Accordingly, DOJ's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

### III. Conclusion

For the foregoing reasons, DEA respectfully requests that this Court deny Plaintiffs' motion to compel.

        Respectfully submitted,

        MICHAEL D. GRANSTON
        Deputy Assistant Attorney General

        MICHAEL B. STUART
        United States Attorney
        Attorney for the United States
        Acting Under Authority Conferred by 28 U.S.C. § 515

By:    /s/Fred B. Westfall, Jr.
        FRED B. WESTFALL, JR.
        (W.Va. State Bar No. 3992)
        Assistant U.S. Attorney, Civil Chief
        300 Virginia Street East, Room 4000
        Charleston, WV 25301
        (304) 345-2200
        (304) 347-5443 (facsimile)
        Fred.Westfall@usdoj.gov

        JAMIE ANN YAVELBERG
        NATALIE A. WAITES
        JONATHAN K. HOERNER
        J. ANDREW JACO
        KELLY E. PHIPPS
        DAVID M. SOBOTKIN
        United States Department of Justice
        Civil Division/Fraud Section
        175 N Street, N.E., Room 10.222
        Washington, D.C. 20002
        (202) 616-2964
        Natalie.A.Waites@usdoj.gov


        Attorneys for U.S. Department of Justice
        Drug Enforcement Administration

## **CERTIFICATE OF SERVICE**

I, Fred B. Westfall, Jr., Assistant United States Attorney, hereby certify that on June 22, 2020, I filed the foregoing **DEA'S REPLY OBJECTION TO SPECIAL MASTER'S DISCOVERY RULING NO. 6** with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record and will also send a copy of the aforesaid document by email to all counsel of record.

/s/Fred B. Westfall, Jr.
Fred B. Westfall, Jr. (W.Va. Bar No. 3992)
Assistant U.S. Attorney, Civil Chief
300 Virginia Street East, Room 4000
Charleston, WV 25301
(304) 345-2200
(304) 347-5443 (facsimile)
E-mail:  fred.westfall@usdoj.gov