UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,
WEST VIRGINIA,** *et al.,*

    **Plaintiffs,**

v.                                                         **Civil Action No. 3:17-cv-01362**
                                                                **Hon. David A. Faber**

**AMERISOURCEBERGEN DRUG
CORPORATION,** *et al.,*

    **Defendants,**

**RITE AID OF WEST VIRGINIA, INC.'S RESPONSES
AND OBJECTIONS TO SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A CIVIL ACTION**

        Pursuant to Federal Rules of Civil Procedure 26 and 45, Rite Aid of West Virginia, Inc. hereby responds and objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated April 7, 2020 and served on April 9, 2020 (the "Subpoena").

**RESERVATIONS OF RIGHTS**

        1.     These Objections are made without waiving, or intending to waive, (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility of any information requested in the Subpoena; (ii) the right to object on any ground to the use of any information requested in the Subpoena at any hearing or trial; (iii) the right to object on any ground at any time to a request for further responses to the Subpoena; or (iv) the right to revise, correct, add to, supplement, or clarify these objections.

2. Any information or documents that may be produced in response to the Subpoena is for use in the Track Two cases only and for no other purpose. Any such information or documents will be subject to the Protective Order entered in *In re: National Opioid Litigation*, Case No. 17-md-2804 ("MDL 2804") (Dkt. No 441).

## GENERAL OBJECTIONS

The following General Objections apply to each Request for Production ("Request"), Definition, and Instruction in the Subpoena:

1. Rite Aid objects to the Subpoena on the grounds that it is procedurally improper. Rite Aid was severed from the Track Two cases in December 2019. MDL 2804 Dkt. No. 2990. The Court ordered that "Plaintiffs may not proceed in the Track 2 cases with discovery against any severed defendants." *See* Text Order granting Pharmacy Defendants' Motion for Clarification, Jan. 15, 2020. Therefore, Plaintiffs may not obtain discovery from the Pharmacy Defendants, including Rite Aid.

2. Rite Aid objects to the Requests, Definitions, and Instructions to the extent that they fail to comply with, or impose obligations or burdens that are in addition to or inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of West Virginia, any orders or other rulings that the Court or the Special Master in these cases, any orders or other rulings that have been entered in MDL 2804, or any other applicable source of governing law.

3. Rite Aid objects to the Requests, Definitions, and Instructions to the extent that they are overly broad, unduly burdensome, and not proportional to the needs of the case.

4. Rite Aid objects to the Requests, Definitions, and Instructions to the extent they seek information or documents that are not relevant to any claim or defense in these cases.

5. Rite Aid objects to the Requests, Definitions, and Instructions to the extent they call for the production of information or documents that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege protection, or immunity.

6. Rite Aid objects to the Requests, Definitions, and Instructions as unduly burdensome to the extent that they seek information or documents that are equally available to Plaintiffs or are available from other sources that are more convenient, less burdensome, or less expensive.

7. Rite Aid objects to the Requests, Definitions, and Instructions to the extent they seek information or documents that are not reasonably accessible because of undue burden or cost, including, to the extent they exist, storage media from legacy systems.

8. Rite Aid objects to the Requests, Definitions, and Instructions to the extent they call for the production of information or documents that Rite Aid or its affiliates have a statutory, contractual, or other duty to maintain as confidential, including, without limitation, patient health information that is protected from disclosure under federal or state law.

9. Rite Aid objects to the Subpoena on the ground that it does not provide a reasonable time for compliance, in that the Requests were served on April 9, 2020, with a return date of April 17, 2020.

## OBJECTIONS TO THE DEFINITIONS

The following Objections to the Definitions apply to each Request that uses or incorporates by reference the Definitions that are the subject of the objections, whether or not the objections are specifically stated in the response to each Request:

1. Rite Aid objects to the definition of "You" and "Your" on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional because Plaintiffs' definition purports to include entities and persons that were not served with a subpoena and/or are outside the subpoena power of the Court. Rite Aid interprets "You" and "Your" as used in the subpoena to be Rite Aid of West Virginia, Inc.

2. Rite Aid objects to the definition of "Communication" on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and not proportional. Rite Aid also objects to this definition to the extent it calls for the production of information or documents that are not reasonably accessible because of undue burden or cost.

3. Rite Aid objects to the definition of "Prescribers" on the ground that it is vague, ambiguous, overly broad, and confusing.

4. Rite Aid objects to the definition of "Prescription Opioids" on the grounds that it is vague, ambiguous, and incapable of precise meaning. Rite Aid further objects to the definition of this term on the grounds that it is overly broad, unduly burdensome, not proportional, and calls for the production of information or documents that are not relevant to any claim or defense in these cases.

## OBJECTIONS TO THE INSTRUCTIONS

The following Objections to the Instructions apply to each Request whether or not the objections are specifically stated in the response to each Request:

1. Rite Aid objects to Instruction No. 1 on the grounds that a time period of January 1, 1996, to January 1, 2019, is overly broad, unduly burdensome, not proportional, and calls for the production of information or documents that are not relevant to any claim or defense in these cases.

2. Rite Aid objects to Instruction No. 2 on the grounds that it is unduly burdensome, not proportional, vague, and ambiguous, and to the extent it purports to impose obligations on Rite Aid that are in addition to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

3. Rite Aid objects to Instruction No. 3 on the ground that it is unduly burdensome and not proportional, and to the extent it imposes obligations on Rite Aid that are in addition to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

4. Rite Aid objects to Instruction No. 4 on the grounds that it is unduly burdensome, not proportional, and calls for the production of information or documents that are not relevant to the claims or defenses in these cases. Rite Aid also object to Instruction No. 4 on the ground that it is vague and ambiguous, and to the extent it imposes obligations on Rite Aid that are in addition to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

5. Rite Aid objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, not proportional, vague, and ambiguous. Rite Aid also objects to Instruction No. 5 to the extent it imposes obligations on Rite Aid that are in addition to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

6. Rite Aid objects to Instruction No. 6 on the grounds that it is unduly burdensome, not proportional, vague, ambiguous, and to the extent it imposes obligations on Rite Aid that are in addition to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

7. Rite Aid objects to Instructions Nos. 7-9 on the ground that they are unduly burdensome and not proportional to the needs of the case. Rite Aid also objects to these instructions to the extent that they seek information or documents that are not within Rite Aid's possession, custody, or control, and to the extent they impose obligations on Rite Aid that are in addition to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

8. Rite Aid objects to Instructions Nos. 10-12 on the grounds that they are unduly burdensome and not proportional to the needs of the case. Rite Aid also objects to these Instructions to the extent they impose obligations on Rite Aid that are in addition to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

9. Rite Aid objects to Instruction No. 13 on the grounds that it is unduly burdensome and to the extent it imposes obligations on Rite Aid that are in addition to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

10. Rite Aid objects to the "Special Instructions for Electronically Stored Material" on the grounds that they are unduly burdensome, not proportional, vague, and ambiguous. Rite Aid also objects to these instructions to the extent they impose obligations on Rite Aid that are in addition to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

11. Rite Aid objects to the Special Instructions for Proprietary Databases on the grounds that they are unduly burdensome, not proportional, vague, and ambiguous. Rite Aid also objects to these instructions to the extent they impose obligations on Rite Aid that are in addition

to, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable rules, or any orders entered in these cases or in MDL 2804.

### SPECIFIC OBJECTIONS TO THE REQUESTS

Rite Aid objects to the Requests as follows:

**REQUEST NO. 1.** Please produce transactional data for each pharmacy you operate in the City of Huntington (WV) and/or Cabell County (WV) sufficient to determine:

a. the volume of hydrocodone, oxycodone and/or fentanyl prescriptions written by each prescriber as well as the brand name, dose, frequency and duration;

b. the ratio of controlled substance prescriptions to non-controlled prescriptions dispensed;

c. the ratio of controlled substance prescriptions paid for cash to those paid by a third-party payor; and

d. communications with wholesale distributors regarding the purchase of prescription opioids regarding due diligence.

**RESPONSE:** Rite Aid incorporates its prior objections and reservations. Rite Aid objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Rite Aid further objects to this Request because it seeks the production of information and documents that are not relevant to any claim or defense in these cases.

Rite Aid further objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case insofar as it is not reasonably limited in time. Rite Aid further objects to this Request because it is overly broad, unduly burdensome, and not consistent with the proportionality standard under the Federal Rules of Civil Procedure because Plaintiffs' definition

of "You" includes separate and distinct entities and persons that were not served with a subpoena. Rite Aid construes "You" to be limited to Rite Aid of West Virginia, Inc.

Rite Aid further objects to the Request on the grounds that it is unduly burdensome to the extent it seeks information and documents from Rite Aid that is inconsistent withr any orders entered in these cases or in MDL 2804.

Rite Aid objects to the Request because it seeks pharmacy-level transactional data that Rite Aid entities did not have an obligation to produce even in cases involving the distribution of opioids where Rite Aid entities are parties. *See* Discovery Ruling No. 8 in MDL 2804 (Dkt. No. 1055). Rite Aid also objects to this Request on the ground that Plaintiffs' counsel, many of whom are also counsel for plaintiffs in Track One-A of MDL 2804, have repeatedly stated in MDL 2804 that they intend to prove distribution claims—the only claims at issue in these cases—through the use of aggregate distribution data rather than through analysis of pharmacy-level data. The production of pharmacy-level transactional data, therefore, is unnecessary for Plaintiffs to prove their claims.

Rite Aid also objects to this Request on the ground that it seeks information that is equally available to Plaintiffs or is available from other sources that are more convenient, less burdensome, or less expensive. For example, pharmacy-level transactional data for all pharmacies in Cabell County and the City of Huntington is available through the West Virginia Board of Pharmacy's Controlled Substance Monitoring Program.

Rite Aid further objects to this Request on the ground that it seeks the production of information that is not maintained in the ordinary course of business, and to the extent it seeks the production of confidential patient health information that is protected from disclosure under federal or state law, including but not limited to HIPAA and any applicable state law analogues.

Finally, Rite Aid objects to subparts (a) and (d) of the Request on the grounds that they are vague, ambiguous, and confusing. Rite Aid also objects to the terms "volume," "dose," "frequency," and "duration" on the grounds that they are undefined, vague, ambiguous, and confusing and purport to impose an obligation on Rite Aid to ascertain the intended meaning or scope of the Request.

Dated:  April 17, 2020 Respectfully submitted:

By:/s/ *Webster J. Arceneaux, III*

    Webster J. Arceneaux, III, State Bar #155
    LEWIS GLASSER PLLC
    Post Office Box 1746
    Charleston, WV 25326
    (304) 345-2000
    wjarceneaux@lewisglasser.com

    Kelly A. Moore
    **MORGAN LEWIS & BOCKIUS LLP**
    101 Park Avenue
    New York, NY 10178
    (Tel): (212) 309-6612
    (Fax): (212) 309-6001
    kelly.moore@morganlewis.com

    John P. Lavelle, Jr.
    **MORGAN LEWIS & BOCKIUS LLP**
    1701 Market Street
    Philadelphia, PA 19103
    (Tel): (215) 963-4824
    (Fax): (215) 963-5001
    john.lavelle @morganlewis.com

    *Attorneys for Rite Aid of West Virginia, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
**WEST VIRGINIA,** *et al.,*

    Plaintiffs,

v.                                                   **Civil Action No. 3:17-cv-01362**
                                                      Hon. David A. Faber

**AMERISOURCEBERGEN DRUG**
**CORPORATION,** *et al.,*

    Defendants,

## **CERTIFICATE OF SERVICE**

I, Kelly A. Moore, certify that, on April 17, 2020, I caused the foregoing **RITE AID OF WEST VIRGINIA, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to be served on counsel of record for plaintiffs and defendants via e-mail at the following addresses:

    For Plaintiffs:        mdl2804discovery@motleyrice.com

    For Defendants:     xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

                                                       */s/ Webster J. Arceneaux, III*
                                                       Webster J. Arceneaux, III