IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **THE CITY OF HUNTINGTON,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**<br><br>        **Defendants.** | **Civil Action No. 3:17-01362**<br>**Hon. David A. Faber** |
| **CABELL COUNTY COMMISSION,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.,** | **Civil Action No. 3:17-01665**<br>**Hon. David A. Faber** |

**REPLY IN SUPPORT OF AMERISOURCEBERGEN DRUG CORPORATION'S
MOTION TO COMPEL DISCOVERY RESPONSES FROM
<u>CABELL HUNTINGTON HOSPITAL AND ST. MARY'S MEDICAL CENTER</u>**

On June 8, 2020, AmerisourceBergen Drug Corporation ("ABDC"), on behalf of all Defendants, filed a Motion to Compel Discovery Responses from Cabell Huntington Hospital ("CHH") and St. Mary's Medical Center ("SMMC") (collectively, the "Hospitals") because of the looming discovery deadlines. *See* ECF 521. At the time of filing, Defendants understood the Hospitals were gathering responsive documents in preparation for a production; however, Defendants were unsure if those productions were going to be made with sufficient time to review prior to the taking of fact depositions.

The information sought by the Subpoenas is highly relevant to Defendants' defenses. Defendants are wholesale drug distributors whose work does not operate in a vacuum; rather,

1

Defendants are but one part of a complex pharmaceutical supply chain. Plaintiffs seek to hold Defendants accountable for their role in the opioid epidemic, but Defendants are not involved in the prescribing, administration, or regulation of opioids and, therefore, lack vital information to inform defenses. Health care facilities, like CHH and SMMC, are heavily involved in such matters, and certain relevant information can only be obtained from the Hospitals.

Since the filing of the Motion to Compel, the Hospitals have produced documents, and Defendants are in the process of determining what, if anything, else needs to be produced. Defendants also understand that the Hospitals are currently working on producing emails of requested custodians and targeted search terms. Defendants remain confident that they can continue working with the Hospitals to facilitate additional productions. However, ABDC submits this Reply in support of its Motion to Compel as a means of preserving Defendants' rights should negotiations with the Hospitals ultimately fail.

## ARGUMENT

The Hospitals assert several arguments against Defendants' Motion to Compel, but this Reply focuses on two: (1) whether Defendants' requests are overly broad; and (2) whether certain requested documents are protected by West Virginia's peer review privilege.

### I. Defendants Have Accommodated the Hospitals by Providing Narrowed Requests.

As explained in ABDC's *Memorandum in Support of AmerisourceBergen Drug Corporation's Motion to Compel* [ECF 522], on May 28, 2020, Defendants narrowed the scope of their Subpoena Requests to accommodate the Hospitals and help facilitate production of responsive documents during these unprecedented times. Defendants' narrowed requests resulted in the Hospitals producing approximately 4,000 pages of responsive documents. *See* ECF 597, at 3. As stated above, Defendants are still in the process of reviewing the documents produced by

the Hospitals but, at this time, it appears the narrowed requests are likely working as intended and are making production feasible for the Hospitals.

Although the Hospitals and Defendants are currently cooperating to resolve discovery issues, in their *Response in Opposition to Defendants' Motion to Compel* the Hospitals objected to all of Defendants' Subpoena Requests as "facially overbroad and unduly burdensome." ECF 597, at 14. The Hospitals contend that their status as non-parties affords them a "heightened judicial scrutiny" when determining whether Defendants' Subpoena Requests and corresponding definitions are overly broad and unduly burdensome. *See id.* at 9. The Hospitals are correct that non-parties are not held to the same standard as parties in regard to discovery. However, this differentiation does not give non-parties a free pass to assert that all of Defendants' Subpoena Requests are "overbroad and unduly burdensome" without providing something *more*. *See JAK Prods., Inc. v. Robert Bayer*, No. 2:15-CV-00361, 2015 WL 2452986, at *7 (S.D.W. Va. May 22, 2015) ("An objection that discovery is overly broad and unduly burdensome must be supported by affidavits or evidence revealing the nature of the burden and why discovery is objectionable").

The Hospitals raise specific objections only to Requests No. 1 and No. 2 of the Subpoenas. They have not done so for the remaining Subpoena Requests. Instead, the Hospitals object to Defendants' definitions as overly broad and rely on that explanation to jump to the conclusion that all the Subpoena Requests also must be overly broad. Because the Hospitals have applied a blanket objection to all the Subpoena Requests, Defendants remain in the dark as to what the Hospitals' specific objections actually are. Defendants narrowed their requests; they continue to work with the hospitals; and they believe the Hospitals' objection on burden have been addressed.

4844-8032-7105.v1

## II. The Hospitals Cannot Claim Peer Review Privilege Without an Explanation.

The Hospitals argue that Defendants' Subpoena Requests for critical information relating to the Joint Commission, including but not limited to the Joint Commission's standards for treating pain, "repeatedly attempt to infringe upon the peer review protections contained in W. Va. Code § 30-3C-1, *et al.*" ECF 597, at 15. The Hospitals specifically identify CHH's Subpoena Request No. 14 and SMMC's Subpoena Request No. 13 as objectionable because the Requests seek documents related to their involvement with the Joint Commission. The West Virginia Peer Review Statute protects "[a]ll peer review proceedings, communications, and documents of a review organization" from discovery in any civil action, which means certain types of Joint Commission documents are usually protected under peer review. *See* W. Va. Code § 30-3C-3(c). However, this protection is limited to "peer review proceedings." *See id.* Accordingly, while documents and communications between the Hospitals and the Joint Commission are arguably protected, simply because a document is associated with the Joint Commission or is related to the Joint Commission's standards, does not necessarily mean the privilege applies—the Hospitals must still show that it is a confidential "peer review" document.

Specifically, pursuant to the Supreme Court of Appeals of West Virginia's decision in *State ex rel. Wheeling Hosp., Inc. v. Wilson*, the Hospitals must show that the documents they seek to protect from discovery were "created *exclusively* by or for a review organization, or that originate therein, *and* [were] *used solely* by that entity in the peer review process" Syl. Pt. 1, *State ex rel. Wheeling Hosp., Inc. v. Wilson*, 236 W. Va. 560, 782 S.E.2d 622 (2016) (emphasis added). The Hospitals have failed to make such a showing.

In addition, the Hospitals have identified numerous other Requests to which they assert a general "peer review privilege" objection. As the parties asserting the privilege, the Hospitals bear

4

the burden of establishing the peer review privilege's applicability. *Id.* at Syl. Pt. 3. Not only have the Hospitals not met this burden, but the Hospitals also have refused to create a privilege log. West Virginia law is clear: if a party raises the peer review privilege in response to a request, that party must provide a privilege log identifying "each document for which the privilege is claimed by name, date, and custodian." *Id.* at Syl. Pt. 4. Without a privilege log or even an explanation as to why the peer review privilege applies to certain Requests and/or documents, Defendants will be unable to determine what is being withheld from production.

## CONCLUSION

As explained, Defendants have narrowed their Subpoena Requests in response to the COVID-19 pandemic and to help streamline the production of responsive documents. The Hospitals have produced numerous documents as a result, and the Defendants are continuing to work with the Hospitals to manage the production of relevant documents. However, because the discovery deadline is rapidly approaching, ABDC, on behalf of all Defendants, requests an Order compelling Cabell Huntington Hospital and St. Mary's Medical Center to provide any and all documents responsive to the March 12, 2020 and April 10, 2020 Subpoenas on or before June 26, 2020.

Dated:  June 23, 2020                                      Respectfully submitted,

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

5

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

6

4844-8032-7105.v1

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 23rd day of June, 2020, the foregoing *REPLY IN SUPPORT OF AMERISOURCEBERGEN DRUG CORPORATION'S MOTION TO COMPEL DISCOVERY RESPONSES FROM CABELL HUNTINGTON HOSPITAL AND ST. MARY'S MEDICAL CENTER* was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. In addition, a copy of the foregoing has been served upon Ryan Q. Ashworth, counsel for Cabell Huntington Hospital and St. Mary's Medical Center, via electronic mail to rqa@bcyon.com.

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)

4844-8032-7105.v1