# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                            CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                            CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

## AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF
## <u>QUALITY INSIGHTS</u>

Defendants AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; and McKesson Corporation ("Defendants"), by and through counsel, hereby give notice that the oral videotaped deposition or will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of one or more officers, directors, or managing agents, or other persons designated by Quality Insights upon the particular topics described below. The deposition will be held on July 8, 2020, beginning at 9:00 AM, or at such other date and time as agreed by the parties, at Jackson Kelly PLLC, 500 Lee Street, Suite 1600, Charleston, WV 25301, or such other location agreed to by the parties.

## **DEFINITIONS**

The following terms shall have the meanings set forth below. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of Procedure for the Southern District of West Virginia.

1. "You" and "Your" refers to Quality Insights and all others acting on your behalf, or controlled by you, including any affiliates, programs, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces.

2. "Plaintiffs" means, collectively, the plaintiffs named in this action, the City of Huntington and Cabell County, including but not limited to its executive and legislative branches, agencies, offices, departments, divisions, commissions, committees, subcommittees, boards, directors, administrators, employees, agents, contractors, vendors, instrumentalities, representatives, counsel, and all persons and entities acting or purporting to act under their control or on their behalf.

3. "Defendants" means, collectively, AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; and McKesson Corporation, the named defendants in this action, and their present or former officers, directors, shareholders, employees, agents, representatives, counsel and all persons and entities acting or purporting to act under their control or on their behalf.

4. "Person" means any individual, corporation, firm, partnership, joint venture, unincorporated association, trade association, governmental entity, dealer group, council or other incorporation or unincorporated entity, business entity or group of individuals or entities, singular or plural, as the content may require.

- 3 -

5. "Communication" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(1), and means any transmission of information (whether formal or informal) by one or more Persons and/or between two or more Persons by means including, but not limited to, telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other computer linkups, written memoranda, and face-to-face conversations.

6. "Document" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and Local Rule of Civil Procedure 26.2(c)(2), and means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including, but not limited to, all written, typewritten, handwritten, printed, or graphic matter of any kind or nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings or text messages in Your possession, custody, or control. "Documents" include, but are not limited to, Communications (as defined above), books, papers, contracts, memoranda, invoices, correspondence, notes, studies, reports, manuals, photographs, drawings, charts, graphs, data compilations, other writings, microfilm, microfiche, audio recordings, video recordings, electronic mail, and any other information stored in electronic form, and each different version or copy of each Document, including, but not limited to, drafts.

7. "Licensed Medical Professional" means any individual prescriber employed by the Hospital, including, but not limited to, physicians, podiatric physicians, osteopathic physicians, dentists, physician assistants, licensed practical nurses, advanced practice registered nurses, and registered nurses.

- 4 -

8. The "Litigation" means *City of Huntington v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01362, and *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01665.

9. "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in West Virginia only through prescriptions written by duly licensed and DEA registered prescribers.

10. "Illicit Opioids" means substances comprised of or containing natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body that are not approved by FDA, including, but not limited to, heroin, fentanyl, carfentanil, other fentanyl-type analogs, and counterfeit opioid medications.

11. "Legitimate Opioid Use" means the use of Prescription Opioids according to a prescription made in accordance with the respective FDA-approved warning labels by the person to whom the prescription was provided.

12. "Controlled Substance" means any substance identified as a Schedule I-V substance pursuant to 21 U.S.C. § 812.

13. "Including" or "Includes" means "including, but not limited to," or "including without limitation."

14. "Relating to," "Referring to," or "Concerning," when referring to any given subject matter, means any Document that constitutes, comprises, involves, contains, embodies, reflects,

identifies, states, mentions, alludes to, or refers directly or indirectly to the particular subject matter identified.

15. The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed as falling outside the scope of these requests.

16. Words used in the singular shall, when the context permits, be deemed to include the plural, and words used in the plural shall, when the context permits, be deemed to include the singular. The masculine gender shall, when the context permits, be deemed to include the feminine or neuter genders.

## **TOPICS FOR EXAMINATION**

1. The prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County, including any investigation undertaken by You.

2. Any interactions or Communications You have had with Plaintiffs concerning the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

3. Your efforts or involvement with others' efforts to address the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County, including, but not limited to, any involvement You may have had in preparing the Cabell County

Resiliency Plan, the City of Huntington's "City of Solutions" plan and the Huntington Mayor's Office of Drug Control Policy Strategic Plan.

4. Any collaboration or partnerships with any local, state, or federal agency, organization, or task force, including the West Virginia Attorney General and DEA, to address the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

5. Plaintiffs' role or relation to Your organization, if any, including their roles and responsibilities related to any seats they may have on the Your Board of Directors.

6. Any interactions or Communications You have had with any Defendant, drug manufacturers, prescribers, distributors, or dispensers concerning Prescription Opioids or Illicit Opioids.

7. Your Communications with the Appalachia High Intensity Drug Trafficking Area, West Virginia Board of Pharmacy, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia State Board of Examiners for Licensed Practical Nurses, the West Virginia State Board of Registered Professional Nurses, the Federation of State Medical Boards, other state Boards of Medicine, the DEA, the Department of Justice, the FBI, other federal, state, and local law enforcement entities, and the City of Huntington, Cabell County, or any town, village, or city within Cabell County regarding Suspicious Order Reports; the abuse, misuse, sale, purchase, trafficking, diversion, or distribution of Illicit or Prescription Opioids; efforts to address the opioid crisis; and/or Illicit Opioids.

8. Any statistics, records, or compilations of data that contain information about the improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation,

distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

9. Any statistics, records, or compilations of data related to opioid drug overdoses or overdose deaths that have become known to You due to Your operation of a health care facility and/or the treatment of patients as it relates to the improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

10. Any compilations of data related to policies and procedures used during intake, treatment, and/or discharge of a patient who receives treatment for an opioid-related illness or incident that arises from the improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

11. Any data regarding the responsibilities and obligations of Licensed Medical Professionals to treat pain.

12. Formal or informal standards, guidelines, rules, regulations, manuals, training, procedures, or policies related to the prescribing of Prescription Opioids that You have prepared or provided to others.

13. Your involvement with, or review, certification or accreditation by, the Joint Commission (formerly known as the Joint Commission on Accreditation of Healthcare Organizations) or with any other institution that provides accreditation or certificates, as it relates to the treatment of pain and/or the prescribing of prescription opioids for the purposes of gaining

and/or maintaining accreditations or a certificate, including but not limited to surveys performed by same and compliance with pain management guidelines promulgated by same, including but not limited to the 2001 JCAHO pain management standards.

14. Standards, guidelines, rules, regulations, or policies related to the treatment of pain that You have prepared.

15. Publications, policies, or other materials maintained, prepared, or produced by You or others related to the use and benefits of Prescription Opioids for the treatment of pain.

16. Professional education, training programs, webinars, and/or guidelines made, maintained, prepared, produced, or sponsored by You related to opioid abuse, or the prescribing and dispensing of Prescription Opioid medications and other controlled substances.

17. The West Virginia Controlled Substances Monitoring Program ("CSMP"), including, but not limited to, Your involvement in the CSMP to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

18. Your use of the CSMP to identify Licensed Medical Professionals who were writing a high volume of Prescription Opioids.

19. Funding or support You have received from Plaintiffs, including, but not limited to, funding or support related to opioid-related illnesses or incidents that arises from the improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

20. Factors other than the conduct of any Defendant that You believe affected prescribing practices for Prescription Opioids in the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

21. All Documents You produced in response to any subpoena served upon You in the Litigation.

22. Your efforts to locate and produce Documents responsive to the document subpoena served on You by AmerisourceBergen Drug Corporation.

23. Your document maintenance and retention policies and practices.

24. Communications between You and any person or entity concerning any topic listed above, including, but not limited to, all Communications regarding Prescription Opioids, Illicit Opioids, diversion, and the opioid abuse epidemic.

Dated: June 26, 2020    Respectfully submitted,

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Cardinal Health, Inc.*
By Counsel:

*/s/ Steven R. Ruby*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Michael W. Carey*
Michael W. Carey (WVSB #635)
David R. Pogue (WVSB #10806)
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com
*Counsel in the City of Huntington action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com

        Jason L. Holliday (WVSB #12749)
        jholliday@flahertylegal.com
        FLAHERTY SENSABAUGH BONASSO PLLC
        P.O. Box. 3843
        Charleston, WV 25338-3843
        Telephone: (304) 345-0200

        */s/ Geoffrey E. Hobart*
        Geoffrey E. Hobart
        Mark H. Lynch
        Christian J. Pistilli
        Laura Flahive Wu
        COVINGTON & BURLING LLP
        One CityCenter
        850 Tenth Street NW
        Washington, DC 20001
        Tel: (202) 662-5281
        ghobart@cov.com
        mlynch@cov.com
        cpistilli@cov.com
        lflahivewu@cov.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2020, the foregoing *Amended Notice of 30(b)(6) Deposition of Quality Insights* was sent to Counsel for the Plaintiffs and Defendants using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                 */s/ Gretchen M. Callas*
                                                 Gretchen M. Callas (WVSB #7136)