UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
    **Plaintiff,**

v.

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    **Defendants.**

CIVIL ACTION NO. 3:17-01362

**CABELL COUNTY COMMISSION,**
    **Plaintiff,**

v.

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    **Defendants.**

CIVIL ACTION NO. 3:17-01665

### PLAINTIFFS' REPLY TO RITE AID OF WEST VIRGINIA, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DISPENSING DATA

Plaintiffs submit this reply to Rite Aid of West Virginia, Inc.'s opposition (ECF 625) to Plaintiffs' motion to compel dispensing data (ECF 578).

Rite Aid argues the motion is procedurally improper. (ECF 625 at pp. 4-6). Rite Aid is not immune from subpoena as a third-party. Plaintiffs, as a party to this action, have the right to discover relevant evidence. Plaintiffs properly issued a *subpoena duces tecum* and are not otherwise prohibited from doing so. As a non-party, Rite Aid suffers no prejudice by the timing of this motion. The timing is triggered by defenses asserted by the Distributor Defendants, the discovery served by the Distributor Defendants on Plaintiffs seeking dispensing data, third-party discovery served by Distributor Defendants seeking dispensing data, and the unresolved legal issues pending before the Court. Moreover, pending before the Special Master are several motions to compel filed against third-parties which remain unresolved. Unlike some of the other discovery

disputes, this motion to compel seeks electronic data which is accessible and can be resolved immediately. This discovery dispute is too important to dismiss on procedural grounds.

Rite Aid argues the data is not relevant, arguing the Plaintiffs have changed their strategy "after consistently maintaining in the Track 1 cases that pharmacy-level dispensing data was irrelevant to claims against distributors." (ECF 625 at pp. 5-6). The relevance of the data is clear. Plaintiffs allege the dispensing data should have been acquired by the Distributor Defendants as a component of due diligence. None of the complete dispensing data appears in the Defendants' due diligence materials. Accordingly, Plaintiffs served subpoenas to build a record of what the Distributor Defendants should have seen, had they actually satisfied their due diligence obligations. Interestingly, Distributor Defendants neither served third-party subpoenas themselves nor took a position on this motion to compel. Suffice it to say, Distributor Defendants prefer these facts never see the light of day.

Plaintiffs sought this very same data in CT1 but were denied. The reasons for the denial are well documented in an extensive record in CT1. *See* MDL2804, *Discovery Ruling No. 8* (ECF 1055); *Discovery Ruling No. 18 Regarding Prescriptions and Dispensing Data* (ECF 1476); Opinion and Order (ECF 1541). In addition, this discovery dispute was discussed in countless emails with the special master, as well as in numerous hearings. Ultimately, the Court in Case Track One ("CT1") decided that opening this door to dispensing-level discovery was unnecessary for the ultimate resolution of the case. This is not a finding of relevance. It is simply a reflection of the complexity of this litigation and the need to focus and streamline the presentation of evidence during CT1.

Plaintiffs brought their motion to compel in order to resolve a contested factual issue with the Distributor Defendants. If the data is compelled, the last link in the chain of distribution will

be revealed and shed light on the prescribing origins of the opioid epidemic. If the data is not compelled, then Distributor Defendants will have no factual basis for their attempt to shift blame. Plaintiffs intend to submit for the record a subset of prescribing data from the IQVIA database. Either way, the dispensing data will be at issue in the case.

Dated: June 26th, 2020

Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No. 12547) | Paul T. Farrell, Jr. (WVSB Bar No. 7443) |
| Joseph F. Rice | **FARRELL LAW** |
| **MOTLEY RICE LLC** | 422 Ninth Street, 3rd Floor (25701) |
| 28 Bridgeside Blvd. | PO Box 1180 |
| Mount Pleasant, SC 29464 | Huntington, West Virginia 25714-1180 |
| Tel: 843-216-9000 | Mobile: 304-654-8281 |
| Fax: 843-216-9450 | paul@farrell.law |
| akearse@motleyrice.com | |
| jrice@motleyrice.com | |
| | Anthony J. Majestro (WVSB No. 5165) |
| Linda Singer | **POWELL & MAJESTRO, PLLC** |
| David I. Ackerman | 405 Capitol Street, Suite P-1200 |
| **MOTLEY RICE LLC** | Charleston, West Virginia 25301 |
| 401 9th Street NW, Suite 1001 | 304-346-2889 / 304-346-2895 (f) |
| Washington, DC 20004 | amajestro@powellmajestro.com |
| Tel: 202-232-5504 | |
| Fax: 202-386-9622 | Michael A. Woelfel (WVSB No. 4106) |
| lsinger@motleyrice.com | **WOELFEL AND WOELFEL, LLP** |
| dackerman@motleyrice.com | 801 Eighth Street |
| | Huntington, West Virginia 25701 |
| | Tel. 304.522.6249 |
| Charles R. "Rusty" Webb (WVSB No. 4782) | Fax. 304.522.9282 |
| **THE WEBB LAW CENTRE, PLLC** | mikewoelfel3@gmail.com |
| 716 Lee Street, East | |
| Charleston, West Virginia 25301 | |
| Telephone: (304) 344-9322 | |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of June, 2020, the foregoing was served via the CM/ECF electronic filing system and served on all counsel registered in the system.

/s/ *Natalie Deyneka*

Natalia Deyneka (WVSB No. 12978)

**MOTLEY RICE LLC**