# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
|       Plaintiff, | |
| v. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| AMERISOURCEBERGEN DRUG<br>CORPORATION, *et al.*, | |
|       Defendants. | |
| CABELL COUNTY COMMISSION, | |
|       Plaintiff, | |
| v. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |
| AMERISOURCEBERGEN DRUG<br>CORPORATION, *et al.*, | |
|       Defendants. | |

## AMERISOURCEBERGEN DRUG CORPORATION'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF STEVEN H. COLLIS

AmerisourceBergen Drug Corporation ("ABDC") respectfully files this Sur-Reply in Further Opposition to Plaintiffs' Motion to Compel deposition of Steven H. Collis ("Plaintiffs' Motion") (ECF No. 517) and to specifically respond to new arguments first raised in Plaintiffs' Reply (ECF No. 606).[1]

---

[1]    ABDC has concurrently requested that Plaintiffs' Reply, originally filed on June 19, 2020 at ECF No. 606, be stricken from the record or withdrawn, corrected, and refiled.

## I.     ARGUMENT

The Parties do not dispute that the apex doctrine applies to Plaintiffs' request to depose ABDC's current CEO, Steve Collis.  But, as explained in ABDC's Opposition, Plaintiffs have made no effort whatsoever to establish that they could satisfy either of the doctrine's two requirements—*i.e.*, (1) unique, personal knowledge that (2) cannot be obtained through a less intrusive manner.  *In re C. R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2187, 2014 WL 12703776, at *3-4 (S.D.W. Va. June 30, 2014).

Plaintiffs' Reply does nothing to call this conclusion into question.  Instead, Plaintiffs' Reply is an effort in misdirection intended to distract the Court from their failure to meet the relevant standard.  And they go so far as to include demonstrably and unequivocally false statements—which the circumstances show they knew or should have known were false—about ABDC's compliance with its discovery obligations.  Neither of these maneuvers moves the needle.  Plaintiffs wholly fail to satisfy the apex doctrine and their Motion to Compel Mr. Collis's deposition must be denied.

### A.     Plaintiffs' Reply Repeatedly Misstates and Attempts to Distract from the Relevant Considerations Under the Apex Doctrine

Apparently trying to avoid an analysis under the apex doctrine altogether, Plaintiffs begin their Reply by arguing that ABDC has not satisfied its burden under the apex doctrine because it did not submit a declaration from Mr. Collis disavowing relevant knowledge.  While litigants may choose to offer such affidavits and some courts may consider them, the party defending a motion to compel an apex deposition (or seeking a protective order regarding one) is not required to submit an affidavit.  For example, the New York court did not require such an affidavit when it quashed the plaintiffs' request for Mr. Collis's trial testimony in the upcoming opioid trial in Suffolk County.  *See* ABDC's Opposition Ex. D (ECF No. 586).  Likewise, in *Performance Sales &*

*Marketing LLP v. Lowe's Companies, Inc.* (relied on in *In re C.R. Bard*), the court refused to allow apex depositions to go forward without having received any such affidavits. *See* No. 07-cv-00140, 2012 WL 4061680, at *3-4, 9-10 (W.D.N.C. Sept. 14, 2012).[2]

Even more critically, however:  an affidavit is not needed here because the extensive discovery record—including the dozens of depositions and the documents Plaintiffs themselves chose to emphasize in their papers—amply demonstrates that Mr. Collis ***does not*** have unique, personal knowledge as to any relevant topic. *See* ABDC's Opposition at 5-12.  Moreover, even if Plaintiffs could establish such knowledge, Plaintiffs wholly fail to meet the second element of the apex doctrine—that the information could not be obtained through less burdensome means. *See id.* at 12-13.

Plaintiffs next attempt to justify their position with a hodgepodge of facts that have nothing to do with the apex analysis.  For instance, for purposes of the analysis, it does not matter that Mr. Collis "voluntarily" testified before Congress. *See* Plaintiffs' Reply at 4.  Providing requested testimony at a Congressional hearing and providing deposition testimony in civil litigation are two entirely different things because the concerns underlying the apex doctrine—and hurdles that must be cleared before an apex deposition may be conducted—do not exist when it comes to Congressional testimony.  Accordingly, the fact that Mr. Collis testified before Congress does nothing to satisfy Plaintiffs burden to establish the need for his deposition.

Likewise, it is of no moment that ABDC (and other Defendants) have sought depositions of plaintiff witnesses that could possibly be classified as apex depositions. *See* Plaintiffs' Reply at 9.  Plaintiffs argue that "ABDC cannot both seek, and seek to avoid, apex depositions." *Id.*  This

---

[2]   *See also, e.g.*, *United States ex rel. Galmines v. Novartis Pharm. Corp.*, No. 06-3213, 2015 WL 4973626, at *1-3 (E.D. Pa. Aug. 20, 2015) (granting a motion to quash without requiring a supporting affidavit); *Smithfield Bus. Park, LLC v. SLR Int'l Corp.*, No. 12-cv-282, 2014 WL 547078, at *2 (E.D.N.C. Feb. 10, 2014) (same).

is flat wrong.  ABDC absolutely can request an apex deposition of a plaintiff witness while simultaneously opposing a deposition of its current CEO.  There is no apex analysis that determines whether any and all apex depositions are permitted in a particular case.  Instead, the apex doctrine is a witness- and fact-specific inquiry.  If Plaintiffs believe ABDC has failed to satisfy the standard to obtain an apex deposition of a plaintiff witness, then Plaintiffs can advance that position through briefing.  Plaintiffs either fundamentally misunderstand or intentionally misstate the operation of the apex doctrine.  Either is telling.

Finally, Plaintiffs point to the "importance of the issues," the amount in controversy, and other such factors in their attempt to justify a deposition of Mr. Collis.  *Id.* at 8-10.  ABDC does not dispute that these issues are important or that Plaintiffs seek massive (albeit entirely unwarranted) damages.  But Plaintiffs yet again miss the point.  There is no exception to the apex doctrine for "important" litigation.  Indeed, many of the opinions the parties have cited in the papers arise in the context of important cases.  And, critically, the apex doctrine does not outright forbid depositions of corporate executives.  Instead, it allows for such depositions, but only after certain prerequisites have been met.  The apex doctrine, in fact, provides a clear roadmap for a party seeking to obtain such testimony—one that Plaintiffs here cannot traverse.

In short, the question is not whether the litigation is sufficiently important to justify Mr. Collis's deposition.  It is whether Plaintiffs have satisfied their obligations under the apex doctrine to permit his deposition.  Plaintiffs have had every opportunity to do so, and they have nothing to show for it.

### B. The Demonstrably False Accusations In Plaintiffs' Reply Do Not Advance Their Argument Either

In addition to misdirection and distraction, Plaintiffs resort to making demonstrably and unequivocally false statements about ABDC's compliance with its discovery obligations.  The

circumstances also show that these false statements were made either knowingly, or with reckless disregard for truth and without any apparent attempt to verify such serious accusations.

Specifically, Plaintiffs' Reply accuses ABDC of failing to "disclos[e] a document, long-sought by Plaintiffs in the MDL, but produced only last week." *Id.* at 6.  Plaintiffs further claim this is "consistent with ABDC's hide-the-ball strategy." *Id.*  The document Plaintiffs contend was hidden is ABDC's June 14, 2018 written response to questions following the Energy & Commerce Committee hearing.  Plaintiffs go on to discuss that document at great length in their Reply, devoting multiple pages to a description of the document and its alleged relevance to their Motion.

Plaintiffs' accusations are false.  This ***exact same document*** was produced ***more than a year ago*** in Track One of the MDL on May 10, 2019 to the very same Plaintiffs' counsel in this litigation.  *See* May 10, 2019 Production Cover Letter (attached hereto as Exhibit 1).  And this document could not have been missed—it was not produced as part of a larger document production.  Instead, the production was fewer than 20 pages and the production cover letter specifically identified this document as "a letter sent by Congress to ABDC on May 31, 2018 and ABDC's written response." *Id.*  The cover letter also noted that the production was being made "in the spirit of compromise" because the document itself was dated after the agreed-upon discovery period for Track One.  *Id.*  That same document was recently ***reproduced*** in this case in response to a specific request for materials related to the Energy & Commerce hearing.  That reproduced version was attached to Plaintiffs' Reply.  Reply Ex. 61.

Plaintiffs' false accusation that ABDC withheld this document is not an honest mistake brought about by the recent reproduction of the document.  There can be no doubt that Plaintiffs knew that they had the document because ***they attached the very same document as an exhibit to their Motion***, filed on June 4, 2020.  *See* Plaintiffs' Motion at 7 & n.16 (citing Exhibit 15) (ECF

No. 517) (describing the document as follows:  "Collis also submitted answers to the Committee's 'Questions for the Record' requests.").

Thus, the record shows not only that Plaintiffs already had this document for more than a year, but also that they had already relied on it in their opening papers for this very Motion. Moreover, putting aside Plaintiffs' egregious citation to this document, the document itself does not provide any basis to obtain Mr. Collis's deposition testimony.  The document at issue responds to follow-up inquiries from various members of the Energy & Commerce Committee that were directed to Mr. Collis, as the individual who testified at the hearing.  Reply Ex. 61.  Not surprisingly then, the response is submitted "by" Mr. Collis ***on behalf of AmerisourceBergen Drug Corporation*."  *Id.* (emphasis added).  As with all such correspondence, this document was submitted to Congress through counsel.  *See* Plaintiffs' Reply Ex. 60 (transmittal email from Morgan Lewis to Congress); Plaintiffs' Motion Exs. 13 & 14 (correspondence to Congress submitted directly by ABDC's counsel, Morgan Lewis, on Morgan Lewis letterhead).

Not surprisingly, the document does not contain any personal opinions offered by Mr. Collis or any information only he would know.  Instead, the content of the document all relates to the granular operations of the company's Diversion Control program and other day-to-day business functions. As set forth in length in ABDC's Opposition, many other witnesses are better suited to provide testimony on such topics and, indeed, have already done so on multiple occasions.

## II.     CONCLUSION

Plaintiffs have not satisfied their burden under the apex doctrine.  For the reasons set forth above, and in ABDC's Opposition to Plaintiffs' Motion to Compel, Plaintiffs' request to depose Mr. Collis should be denied.

Dated:  June 22, 2020

Respectfully submitted,

***AmerisourceBergen Drug Corporation***
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com


*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

EXHIBIT 1



**ReedSmith**

**Driving progress**
through partnership

**Robert A. Nicholas**
Direct Phone:  +1 215 851 8252
Email:  rnicholas@reedsmith.com

Reed Smith LLP
Three Logan Square
Suite 3100
1717 Arch Street
Philadelphia, PA 19103
+1 215 851 8100
Fax +1 215 851 1420
reedsmith.com

May 10, 2019

**Via Email**

Counsel for Plaintiffs and Defendants

Re:    **In re National Prescription Opiate Litigation**
       **MDL No. 2804**

Dear Counsel:

AmerisourceBergen Drug Corporation ("ABDC") is posting the following documents to the Ricoh secure FTP site:

1.       ABDCMDL_VOL174

These documents bear Bates stamps ABDCMDL00451013 to ABDCMDL00451030.  ABDC has consistently maintained that it will produce non-privileged documents created up to but not after the date of its original response to Plaintiffs' First Requests for Production of Documents (May 29, 2018). Without waiving that objection, and in the spirit of compromise, ABDCMDL_VOL174 contains a letter sent by Congress to ABDC on May 31, 2018 and ABDC's written response.

The password to access the documents is @B(mD<P!t@.  Please note that ABDCMDL_VOL174 contains documents which have been designated Confidential or Highly Confidential under Case Management Order No. 2.  ABDC is also attaching an updated copy of its MDL production log.

Very truly yours,

*/s/ Robert A. Nicholas*

Robert A. Nicholas

cc:    Mark Pifko, Esq., Baron & Budd, P.C.
       Scott Simmer, Esq., Baron & Budd, P.C.
       Sterling Cluff, Esq., Baron & Budd, P.C.
       mdl2804discovery@motleyrice.com
       xALLDEFENDANTS-MDL2804-Service@arnoldporter.com

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON