IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants.<br>_____<br><br>CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362<br><br><br><br><br><br><br><br>Civil Action No. 3:17-01665 |

## DEFENDANTS' EIGHTH DISCOVERY STATUS REPORT

For the benefit of the Special Master and the information of the Court, Defendants submit their eighth biweekly discovery status report pursuant to the Court's request during the March 5, 2020 status conference.  *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1]

Defendants continue to work diligently to take necessary depositions before the close of fact discovery on July 27, 2020.  For the month of July, Defendants have confirmed dates for eleven Plaintiffs' witnesses, and continue to negotiate dates for additional priority witnesses.  As

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief from the Court and any necessary motions will be filed separately.  Rather, this report is simply to update the Special Master on the progress of the case as the Court monitors the overall schedule and plans for the litigation.

discovery continues and new information is uncovered, additional depositions may be necessary to fill temporal gaps and otherwise allow Defendants to fully defend themselves.

Discovery of key third parties also continues to progress, and Defendants appreciate the productive discussions in recent meet-and-confers supervised by the Special Master. Although productive negotiations are ongoing, the realities of the schedule may soon call for further assistance from the Court. The significant delay in producing documents, caused by pandemic-related interruptions, has resulted in backloading of important depositions: Thirty-one third-party depositions have been scheduled for July. These include critical third parties such as the Cabell-Huntington Health Department and the Cabell County Drug Court. Many others will need to be scheduled upon production of underlying relevant documents.

I.  **Deposition Scheduling**

Despite the logistical challenges involved in scheduling and conducting depositions during the Covid-19 pandemic, the first two weeks of fact depositions have been largely successful, as parties have hewed to the protocols entered by the Special Master. Eleven additional depositions of Plaintiffs witnesses are currently confirmed for July, and the parties continue to negotiate dates for several other agreed-upon deponents. Still, challenges remain. Jim Johnson, a key figure in Huntington's response to opioid abuse, is currently unavailable due to a family medical issue. And delayed document production threatens Defendants' ability to take full and fair depositions. Plaintiffs produced key documents relevant to the deposition of Huntington Police witness Rocky Johnson—which were originally incorrectly withheld as privileged—less than three days prior to his deposition. Further delayed productions may require Defendants to reopen depositions.

Although the majority of depositions of Plaintiffs' witnesses have been conducted in person in Huntington, Defendants expect that a greater percentage of depositions of third parties will be done remotely. As noted in previous status reports, the Covid-19 pandemic has seriously

delayed production of documents by most third parties, which has resulted in delayed depositions. Thirty-one third-party depositions have been scheduled for July. These organizations and individuals include medical, regulatory, and law enforcement entities with unique knowledge highly relevant to this litigation. Party depositions have demonstrated the importance of these third parties, as many have been referenced as holding key information related to opioid abuse in Huntington and Cabell County, and as fiscal and operational partners of Plaintiffs.

The parties are also negotiating dates for several Defendant deponents.

## II. Plaintiffs' Production of Documents and Discovery Responses

Defendants have identified significant deficiencies and gaps in Plaintiffs' productions, and requested that Plaintiffs explain these deficiencies. In response, on June 12, Plaintiffs provided certain "custodial overlays" that supplement their production data. Defendants have analyzed these overlays. Although the overlays pushed about 17,000 already-produced documents into specific custodial files, they did not reveal *any* documents produced for the twenty-one agreed-upon custodians for whom zero documents have been produced. Further, the overlays did not fill the temporal gap in the Huntington Fire Department's records that would be addressed by Plaintiffs' production of the custodial file of former Chief Ralph Rider, whose file was requested in Defendants' May 15 Motion to Compel. ECF Nos. 424, 425. On June 26, Defendants sent the Special Master a proposed order that would compel Plaintiffs to produce Mr. Rider's custodial documents and provide a written explanation of how Plaintiffs have calculated their custodial numbers for each custodian.

## III. Third-Party Document Productions

Defendants continue to receive new productions from third parties. Twenty-eight third parties have started producing documents, including five additional parties since Defendants filed their June 16 discovery status report, including the FBI and the American Medical Association.

Several additional third parties have made new productions. Defendants await outstanding discovery from additional third parties.

Three motions to compel are fully briefed and pending. Several other disputes have been held in abeyance as the parties continue to negotiate. The following are ripe for the Court.

- Defendants' May 15 motion to compel the National Board of Medical Examiners (NBME), and NBME's cross-motion to quash the 30(b)(6) subpoena, which were originally filed in E.D. Pa., will be transferred to this Court. NBME's requested reply brief will be due three business days after the transfer, at which point the motion will be fully briefed and ready for decision.

- Defendants' May 15 motion for discovery responses from the West Virginia Bureau for Children and Families is now fully briefed and ready for decision. ECF Nos. 430, 431. On June 25, 2020, Defendants and BCF conducted and supervised meet and confer before Judge Wilkes regarding the issues in Defendants' motion. Pursuant to that supervised meet and confer and subsequent correspondence between the parties, BCF is expected to produce custodial and non-custodial files immediately in response to Defendants' subpoena. Defendants reserve the right to raise any future issues with Judge Wilkes if BCF fails to produce responsive documents.

- Defendants' June 8 motion to compel seeking discovery responses from Cabell Huntington Hospital and St. Mary's Medical Center is fully briefed and ready for decision. ECF Nos. 521, 522. Both of these third parties were included in Defendants' May 15 omnibus motion to compel third-party discovery. ECF Nos. 435, 436.

- On May 27, Judge Wilkes partially granted Defendants' motion to compel discovery of United States Drug Enforcement Administration (DEA), ordering production of targeted, new information relating only to West Virginia and two federal government reports about DEA's actions published after MDL Track 1 discovery closed.  ECF No. 474.  DEA appealed Judge Wilkes' order, and has not produced discovery, pending resolution of that appeal.  Further delay in production by the DEA threatens the parties' ability to complete fact discovery by July 27.

Dated: June 30, 2020

Respectfully Submitted,

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
thester@cov.com
mlynch@cov.com
cpistilli@cov.com

lflahivewu@cov.com

*AmerisourceBergen Drug Corporation*
By Counsel:

/s/ Gretchen M. Callas
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Cardinal Health, Inc.*
By Counsel:

/s/ Brian A. Glasser
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

/s/ Enu Mainigi
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW

6

Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 30th day of June, the foregoing **"Defendants' Eighth Discovery Status Report"** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
