IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br>　　　Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01362 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>　　　Defendants. | |
| CABELL COUNTY COMMISSION,<br>　　　Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01665 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>　　　Defendants. | |

**AMENDED NOTICE OF REMOTE 30(b)(6) DEPOSITION OF
WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,
<u>BUREAU FOR BEHAVIORAL HEALTH</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Deposition Protocol governing this litigation, Defendants AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; and McKesson Corporation ("Defendants"), by and through counsel, hereby give notice that the remote, oral videotaped deposition will be taken of one or more officers, directors, or managing agents, or other persons designated by the West Virginia Department of Health and Human Resources, Bureau for Behavioral Health, upon the particular topics described below. The deposition will be held on July 14, 2020, beginning at 10:00 a.m., or at such other date and time as agreed by the parties.  The deposition shall be videotaped

and recorded stenographically and will be conducted before a notary public or other person authorized to administer oaths. The oral examination is to be taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Southern District of West Virginia, and the Deposition Protocol. Court reporting services and video recording services will be provided by Veritext Legal Solutions (216-523-1313; opioid@veritext.com), who will provide remote access for all parties wishing to participate via video conference or telephone.

      PLEASE TAKE FURTHER NOTICE that the Deponent must have access to a laptop, computer, or tablet with web camera capability. Deponent may not use a cell phone to provide testimony. Deponent must also have the capability to view documents electronically. To the extent Deponent is not in possession of the required technology, Deponent's counsel shall provide the required technology. Recommended Specifications are below:

      i. Computer

      ii. Web Camera

      iii. Internet Browser (Google Chrome Preferred)

      iv. Minimum 10 mb/s wired, secure internet connection

At minimum, Deponent must have sufficient internet connectivity and bandwidth to support a video deposition. Such capacity shall be sufficient to ensure that when used with the system selected for the deposition, there shall be (a) high-quality video upload (from Deponent) and download (to other Participants), (b) no material time discrepancy between audio and video, and (c) consistent connectivity, with no material disruptions.

DEFINITIONS

The following terms shall have the meanings set forth below. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of Procedure for the Southern District of West Virginia.

1. "Communication" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(1), and means any transmission of information (whether formal or informal) by one or more Persons and/or between two or more Persons by means including, but not limited to, telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other computer linkups, written memoranda, and face-to-face conversations.

2. "Document" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and Local Rule of Civil Procedure 26.2(c)(2), and means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including, but not limited to, all written, typewritten, handwritten, printed, or graphic matter of any kind or nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings or text messages in your possession, custody, or control. "Documents" include, but are not limited to, books, papers, contracts, memoranda, invoices, correspondence, notes, studies, reports, manuals, photographs, drawings, charts, graphs, data compilations, other writings, microfilm, microfiche, audio recordings, video recordings, electronic mail, and any other information stored in electronic form, and each different version or copy of each Document, including, but not limited to, drafts.

3. "Controlled Substance" means any substance identified as a Schedule I-V substance pursuant to 21 U.S.C. § 812.

4. "Defendants" means all defendants named in *City of Huntington v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01362, and *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01665, as of the date of this notice.

5. "Plaintiffs" means, collectively, the plaintiffs named in this action, the City of Huntington and Cabell County, including but not limited to, its executive and legislative branches, agencies, offices, departments, divisions, commissions, committees, subcommittees, boards, directors, administrators, employees, agents, contractors, vendors, instrumentalities, representatives, counsel, and all persons and entities acting or purporting to act under their control or on their behalf.

6. "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained

  by patients in the state of West Virginia only through prescriptions filled by dispensers duly licensed and regulated.

7. "Alternative Treatment(s)" means all alternative (non-Prescription Opioid) drugs, treatments, procedures, or therapies used to treat chronic pain or opioid addiction, including, but not limited to, counseling, cognitive behavioral therapy, physical therapy, weight loss, massage, meditation, chiropractic services, acupuncture/acupressure, in-patient and out-patient drug rehabilitation programs, and abuse-deterrent forms of Prescription Opioids.

8. "Illicit Opioids" means substances comprised of or containing natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body that are not approved by FDA, including but not limited to heroin, fentanyl, carfentanil, other fentanyl-type analogs, and counterfeit opioid medications.

9. "Person" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(6), and means any natural person or any business, legal or governmental entity or association, individual, corporation, firm, partnership, joint venture, unincorporated association, trade association, governmental entity, dealer group, council or other incorporated or unincorporated entity, business entity or group of individuals or entities, singular or plural, as the content may require.

10. "You" or "BBH" means the West Virginia Department of Health & Human Resources, Bureau for Behavioral Health, and all others acting or purporting to act on its behalf, or controlled by it, including any affiliates, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces.

<u>TOPICS FOR EXAMINATION</u>

1. All Documents You produced in response to any subpoena served upon You in the Litigation.

2. Dangers, side effects, and addiction risks of Prescription Opioids or Illicit Opioids, and/or ways to address the problem of abuse and diversion of Prescription Opioids.

3. The prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

4. Any studies, reports, investigations, or analyses regarding actual or suspected misuse, abuse, or diversion of Prescription Opioids about which you had knowledge, including but not limited to those that you prepared, received, or participated.

5. Your actions, investigations, guidance, rules, and/or regulations concerning Prescription

      Opioids or Illicit Opioids.

6. Any interactions you have had with Plaintiffs concerning the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

7. Your Communications with the Appalachia High Intensity Drug Trafficking Area, West Virginia Board of Pharmacy, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia State Board of Examiners for Licensed Practical Nurses, the West Virginia State Board of Registered Professional Nurses, the Federation of State Medical Boards, other state Boards of Medicine, the DEA, the Department of Justice, the FBI, other federal, state, and local law enforcement entities, and the City of Huntington, Cabell County, or any town, village, or city within Cabell County regarding Suspicious Order Reports; the abuse, misuse, sale, purchase, trafficking, diversion, or distribution of Illicit or Prescription Opioids; efforts to address the opioid crisis; and/or Illicit Opioids.

8. Your efforts or involvement with others' efforts to address the unlawful or improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County, including, but not limited to, any involvement You may have had in preparing the Cabell County Resiliency Plan, the City of Huntington's "City of Solutions" plan and the Huntington Mayor's Office of Drug Control Policy Strategic Plan.

9. Any statistics, records, or compilations of data that contain information about the improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids or other Controlled Substances within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

10. Your involvement in any law enforcement, child endangerment, child removal, or administrative investigations, prosecutions, and/or enforcement actions relating to Prescription or Illicit Opioids or other opioids or other Controlled Substances in Cabell County or the City of Huntington.

11. Your involvement in drafting, assessing, introducing, lobbying for, implementing, administering, and/or monitoring compliance with legislation, statutes, rules, regulations or guidelines relating to Prescription Opioids or Illicit Opioids.

12. The impact of Prescription or Illicit Opioids or other Controlled Substances on children, including newborns, in the City of Huntington and Cabell County.

13. Statistics regarding the cases You handle per year and how many of those cases involve substance abuse issues, opioid-related issues, or other Controlled Substances, and issues

unrelated to substance abuse or opioid use.

14. The reason or root cause for any increases or decreases in the number of cases or amount of services You are currently handling or providing or have handled or provided in the past.

15. Any funding or support You have received from Plaintiffs, including, but not limited to, funding or support related to opioid-related illnesses or incidents that arise from the improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County..

16. The opioid abuse epidemic in West Virginia, including, but not limited to, Cabell County, the City of Huntington, or any town, village, or city in Cabell County, West Virginia.

17. Factors other than the activities of Defendants that caused or contributed to the opioid abuse epidemic in West Virginia.

18. Professional education, training programs, webinars, and guidelines made or sponsored by You related to opioid abuse, or the prescribing and dispensing of Prescription Opioid medications and other controlled substances.

19. Your efforts to locate and produce Documents responsive to the document subpoena served on You by AmerisourceBergen Drug Corporation.

20. Your document maintenance and retention policies and practices.

21. Your structure and the processes, policies, and procedures in which the BBH conducts its operations.

22. Annual or other recurring reports prepared by You which are provided to the State of West Virginia, including the legislature or agency of the state.

23. The finances of the BBH, including but not limited to budgets and funding.

Dated:  July 1, 2020     Respectfully submitted,

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050

gcallas@jacksonkelly.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Cardinal Health, Inc.*
By Counsel:

*/s/ Michael W. Carey*
Michael W. Carey (WVSB #635)
David R. Pogue (WVSB #10806)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
Carey, Douglas, Kessler & Ruby, PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

*McKesson Corporation*
By Counsel:

- 8 -

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

- 9 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2020, the foregoing *Amended Notice of Remote 30(b)(6) Deposition of West Virginia Department of Health and Human Resources, Bureau for Behavioral Health* was sent to Counsel for the Plaintiffs and Defendants using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)