IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,

    Plaintiff,

v.

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*

    Defendants.

Civil Action No. 3:17-01362

CABELL COUNTY COMMISSION,

    Plaintiff,

v.

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*

    Defendants.

Civil Action No. 3:17-01665

## DISCOVERY RULING No. 12 DENYING DEFENDANTS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

**I.**     **Background of the Dispute**

On April 28, 2020, Defendants sent Plaintiffs the City of Huntington and the Cabell County Commission a deficiency letter relating to Plaintiffs' respective document productions. On May 8, 2020, Plaintiffs responded to all of the concerns raised in this letter.

    A.     Cabell County Commission

Plaintiffs responded to Defendants' April 28, 2020 letter on May 8, 2020. In response to Defendants' contention that Plaintiffs failed to produce documents for many custodians, the Cabell County Commission stated:

> [W]e have conducted thorough searches for ESI and hard copy documents and no responsive documents are available as to those custodians. For many of these custodians, as we have explained previously, the lack of documents is due to the length of time that has passed since the custodian has been employed with the County such that their documents were destroyed long before this case ever ensued.

### B. The City of Huntington

Similarly, the City of Huntington explained that it had sought to collect both hard copy and electronic documents from all named custodians. With respect to electronic files, the City explained that although it sought to collect all emails by collecting personal email storage ("PST") files, such files were often not available for former City employees. Specifically, the City explained:

> As previously set forth in the City of Huntington's production letters, the City of Huntington collected email correspondence for named custodians by extracting their personal email storage ("PST") file whenever possible. In these instances, the "custodian" metadata field in these PST files directly correlates to the individual custodian.
>
> However, in instances where a PST file was not otherwise available (e.g., with respect to the emails of a former employee), the City searched two archival servers and identified emails from named custodians using relevant metadata filed (e.g., the "email to" and "email from," fields).
>
> The custodian metadata field for electronic documents originating from one of these two archival servers reflected the archival server (e.g., "City of Huntington" and/or "The Huntington West Virginia Police Department") rather than a particular individual custodian.

As the City previously explained, it produced documents for the entire period of time that was available through these servers. The City also explained that "[t]o the extent Defendants believe Plaintiffs' productions include duplicates; those duplicates are a product of the manner in which electronic documents were retained on the City's archival server in the ordinary course of

business." Consistent with its discovery obligations, on April 30, 2020, the City of Huntington served Supplemental Responses and Objections to Distributor Defendants' First Set of Interrogatories that provided the names of seven additional employees that it had identified over the course of its investigation, including the former interim Fire Chief, Ralph Rider.

On May 6, 2020, Defendants sent the City of Huntington a letter requesting that Huntington produce the custodial files of these seven newly identified individuals, including former interim Fire Chief Ralph Rider. Huntington responded via letter on May 12, 2020, denying Defendants' request as to all seven custodians on the basis that discovery would be "unduly burdensome, cumulative and duplicative."

On May 15, 2020, Defendants filed a motion to compel discovery responses requesting that (1) Plaintiffs participate in a meet and confer supervised by Special Master Wilkes in which Plaintiffs must explain the identified deficiencies in Plaintiffs' productions, and (2) that the City of Huntington produce the seven supplemental custodial files, including former Chief Rider's. Dkt. 424; Dkt 425.

On May 27, 2020, Plaintiffs filed their opposition to Defendants' motion to compel, agreeing to attend a supervised meet and confer; the City of Huntington opposed production of the seven custodial files. Plaintiffs' opposition once again reiterated the positions previously articulated in their May 8, 2020 letter. Dkt. 476. Defendants filed their Reply on June 2, 2020. Dkt. 496.

Prior to the meet and confer, on June 10, 2020, Defendants circulated an agenda to discuss Plaintiffs' production deficiencies and identified several specific categories of perceived deficiencies. Plaintiffs responded on June 11, 2020.

During the parties' supervised meet and confer on June 12, Defendants argued that Plaintiffs' June 11 response substantively responded to Defendants' identified deficiencies for the first time. Plaintiffs' June 11 response reiterated the information previously provided in Plaintiffs' May 8 and 12 correspondence and Plaintiffs' May 27 opposition to Defendants' motion to compel. Defendants also argued that Plaintiffs provided "alternative numbers for certain custodial productions" and that Defendants required an explanation as to how those numbers were calculated. In response, Plaintiffs indicated that, as set forth in their May 8 letter, as well as in the cover letters accompanying their productions, Plaintiffs conducted searches through the City of Huntington and the Huntington Police Department archival searches to locate email correspondence sent or received by each designated custodian. The City and County further indicated that they intended to provide an overlay in order to identify those documents corresponding to more than one custodian, as expressly required in the ESI protocol established in the MDL.

The parties also discussed the requested custodial files. The undersigned ruled that the City of Huntington need not produce six of the seven custodial files the Defendants sought to compel. The undersigned determined that the production of the custodial file of the former interim Fire Chief Ralph Rider, however, would be held in abeyance until Defendants had the opportunity to review Plaintiffs' custodial overlays and determine whether there was still a temporal gap in the Huntington Fire Department's files. Accordingly, on June 23, 2020, the undersigned issued Discovery Ruling No. 8, denying Defendants' requests for six supplemental custodians and holding in abeyance Defendants' request for the custodial file of Ralph Rider pending Defendants' review of Plaintiffs' custodial overlays. Dkt. 617.

On June 12, 2020, Plaintiffs provided an overlay to Defendants which provided additional metadata that identified those instances where a document corresponded to more than one custodian through the "Custodian – All" or "duplicate custodian" metadata field.

## II. Findings

Plaintiffs have repeatedly provided Defendants with detailed information concerning their efforts in collecting and producing documents in the instant litigation. In those instances where Plaintiffs have produced zero or few documents for a particular custodian, Plaintiffs have explained that this is because the custodians at issue were former employees whose documents could not be collected and/or the custodians did not have any documents responsive to Defendants' search terms. Additionally, Plaintiffs have confirmed that the custodial overlay information provided on January 12, 2020 provides an accurate reflection of the number of documents available to Defendants (e.g., the total number of documents for Tom McComas, using both the "custodian" and the "custodian-all" fields is 1,028).

Finally, Defendants argue that the City of Huntington's custodial overlay did not fill the temporal gap in the Huntington Fire Department's records. Accordingly, Defendants request that Plaintiffs produce the custodial file of Ralph Rider, the interim Fire Chief from 2011-2012.

In response, however, the City of Huntington, states that, after a thorough review, it has not located any additional responsive electronic or hard copy files for Mr. Rider, a former employee. Notably, as set forth in the City of Huntington's June 11 response, the City has provided extensive documents pertaining to the Huntington Fire Department, including Narcan administration forms ranging from 2016 to 2019, NFIRS information tracking dispatches and runs from 2006 to 2016 (approximately 6,000 entries), overdose incidence runs from 2017 to 2019 and the custodial file of Jan Rader, which includes budget and grant related documents, overdose statistical reports, and other department-wide information.

In light of the above, the Court DENIES Defendants' Motion to Compel Discovery Responses with respect to the custodial file of Ralph Rider as moot. The Court further finds that Plaintiffs have provided Defendants with sufficient explanation as to their document productions through their letter correspondence dated May 8 and May 12, their opposition to Defendants' Motion to Compel filed on May 27, their written response to Defendants' proposed agenda dated June 11, and their supervised meet and confer on June 12.

RESPECTFULLY SUBMITTED,

Enter:  July 2, 2020                                             <u>Christopher Wilkes</u>
                                                                  Special Master