**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **The City of Huntington,**<br>                **Plaintiff,**<br>**v.**<br><br>**AmerisourceBergen Drug Corporation, et al.**<br>                            **Defendants.** | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| **Cabell County Commission,**<br>                **Plaintiff,**<br>**v.**<br><br>**AmerisourceBergen Drug Corporation, et al.**<br>                            **Defendants.** | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

<u>**NOTICE OF REMOTE VIDEOTAPED DEPOSITION OF APPALACHIA HIGH
INTENSITY DRUG TRAFFICKING AREA**</u>

**PLEASE TAKE NOTICE** that, pursuant to the applicable Federal Rules of Civil Procedure and the Deposition Protocol governing this litigation, Defendants, by and through undersigned counsel, will take the remote, oral, videotaped deposition of the **Appalachia High Intensity Drug Trafficking Area (AHIDTA)**, on **July 8, 2020**, beginning at **9:00 a.m. Eastern Standard Time.**  AHIDTA has designated Vic Brown to testify on its behalf pursuant to Federal Rule of Civil Procedure 30(b)(6).  The deposition will be on the Topics for Examination—as set forth in Attachment A to the Subpoena to Testify at a Deposition in a Civil Action, attached here as Exhibit 1.

Court reporting services and video recording services will be provided by Veritext Legal Solutions via alternative video teleconferencing (VTC) services (Zoom).  Parties who wish to access the deposition by phone may dial in using conference call number **646-568-7788** and access code **7801962271**.

The deposition shall be videotaped and recorded stenographically and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel

of record or interested in the events of this case.  The oral examination is to be taken for purposes

of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rule of

Civil Procedure 30(B)(6), the local rules of the United States District Court for the Southern

District of West Virginia, and all Pretrial Orders and Case Management Orders entered by the

Court.


Dated:  July 2, 2020                              Respectfully submitted,

                                                  */s/ Jeffrey M. Wakefield*
                                                  Jeffrey M. Wakefield (WVSB #3894)
                                                  jwakefield@flahertylegal.com
                                                  Jason L. Holliday (WVSB #12749)
                                                  jholliday@flahertylegal.com
                                                  FLAHERTY SENSABAUGH BONASSO PLLC
                                                  P.O. Box. 3843
                                                  Charleston, WV 25338-3843
                                                  Telephone: (304) 345-0200

                                                  */s/ Geoffrey E. Hobart*
                                                  Geoffrey E. Hobart
                                                  Mark H. Lynch
                                                  Christian J. Pistilli
                                                  Laura Flahive Wu
                                                  COVINGTON & BURLING LLP
                                                  One CityCenter
                                                  850 Tenth Street NW Washington, DC 20001
                                                  Tel: (202) 662-5281
                                                  ghobart@cov.com
                                                  mlynch@cov.com
                                                  cpistilli@cov.com
                                                  lflahivewu@cov.com

                                                  *Counsel for McKesson Corporation*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on 2nd day of July, 2020, the forgoing was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, and via electronic mail at mdl2804discovery@motleyrice.com and track2opioiddefendants@reedsmith.com.

Dated:  July 2, 2020                                     /s/ Jeffrey M. Wakefield
                                                         Jeffrey M. Wakefield (WVSB #3894)

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

<u>DEFINITIONS</u>

The following terms shall have the meanings set forth below.  Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of Procedure for the Southern District of West Virginia.

1. "You" and "Your" refers to the Appalachia High Intensity Drug Trafficking Area ("AHIDTA") and all others acting or purporting to act on the AHIDTA's behalf, including any employees, officers, committees, subcommittees, working groups, and joint task forces.

2. "Communication" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(1), and means any transmission of information (whether formal or informal) by one or more Persons and/or between two or more Persons by means including, but not limited to, telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other computer linkups, written memoranda, and face-to-face conversations.

3. "Defendants" means all defendants named in *City of Huntington v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01362, and *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01665, as of the date of this notice.

4. "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in West Virginia only through prescriptions filled by dispensers duly licensed and regulated.

5. "Illicit Opioids" means substances comprised of or containing natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body that are not approved by FDA, including but not limited to heroin, fentanyl, carfentanil, other fentanyl-type analogs, and counterfeit opioid medications.

6. "ARCOS Data" means data reported by DEA Registrants pursuant to 21 U.S.C. § 827 through the Automation of Reports and Consolidated Orders System.

7. "Suspicious Order Report" means a report filed by DEA Registrants pursuant to 21 C.F.R. § 1301.74(b).

<u>TOPICS FOR EXAMINATION</u>

The topics upon which the person or persons designated by You are asked to be prepared to testify in accordance with Rule 30(b)(6) are:

1. Your understanding of the meaning of the term "suspicious orders" in connection with orders for controlled substances.

2. Your use of ARCOS Data, Suspicious Order Reports, or data from the West Virginia Controlled Substance Automated Prescription Program in connection with Your efforts to address drug-related crimes, the diversion of Prescription Opioids, or the unlawful trafficking of Prescription or Illicit Opioids.

3. Your understanding or investigation of the unlawful use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

4. Your understanding or investigation of the source of Illicit Opioids manufactured, distributed, or consumed in the State of West Virginia.

5. Your investigation of individuals and entities for unlawfully producing, transporting, diverting, selling, or trafficking Prescription and/or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

6. Your efforts to combat the misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

7. The identities of the pharmacists, pharmacy interns, doctors or other prescribers, patients, or other persons or entities that You have investigated for the diversion of Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County, and the identities of all persons or entities that You suspect of having engaged in such conduct.

8. The identities of the individuals or entities You have investigated for unlawfully producing, transporting, diverting, selling, or trafficking Prescription Opioids and/or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County, and the identities of all persons or entities that You suspect of having engaged in such conduct.

9. Your efforts to combat the opioid epidemic and the diversion of Prescription Opioids including but not limited to the following:

   a. Your participation in the U.S. Department of Justice's Appalachian Regional Prescription Opioid Strike Force, U.S. Department of Justice's Huntington Violent Crime & Drug Task Force, U.S. Department of Justice's Prescription Interdiction & Litigation Task Force, the U.S. Department of Justice's Health Care Crimes Task Force, the U.S. Department of Justice's Central West Virginia Task Force, the West Virginia Mountain Region Drug Task Force, the Mon Valley Drug Task Force, the Mon Metro Drug & Violent Crime Task Force, the Mountain Lakes Drug and Violent

Crime Unit, the Hancock/Brooke/Weirton Drug & Violent Crime Task Force, Ohio Valley Drug & Violent Crime Task Force, the National City-County Task Force on the Opioid Epidemic, or any other task force, organization, and/or committee with responsibilities relating to Prescription Opioids or Illicit Opioids in the state of West Virginia.

    b.  Your efforts to investigate and track the illegal use, abuse, misuse, sale, purchase, trafficking, diversion, or distribution of Prescription or Illicit Opioids within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

    c.  Your efforts to investigate individuals or entities located outside of the City of Huntington, Cabell County, or any town, village, or city within Cabell County, whose conduct regarding Prescription or Illicit Opioids You believe, suspect, or contend caused harm within the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

    d.  Any information or assistance, including but not limited to financial grants, You provided to the City of Huntington, Cabell County, or any town, village, or city within Cabell County to combat drug-related crime, respond to the opioid epidemic, or form a joint task force to combat the opioid epidemic.

    e.  Your efforts to facilitate intelligence sharing and promote coordinated strategies to combat the use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, and/or trafficking of Prescription or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

    f.  Your efforts to investigate, indict, charge, sanction, and/or discipline individuals or entities for the unlawful use, abuse, misuse, sale, purchase, trafficking, diversion, or distribution of Illicit or Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

10. The structure and operation of the AHIDTA.

11. The finances of the AHIDTA.

12. Your designation as a High Intensity Drug Trafficking Area.

13. Your Communications with the West Virginia Board of Pharmacy, the West Virginia Board of Medicine, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia State Board of Examiners for Licensed Practical Nurses, the West Virginia State Board of Examiners for Registered Professional Nurses, the DEA, the Department of Justice, the FBI, other federal, state, and local law enforcement entities, and the City of Huntington, Cabell County, or any town, village, or city within Cabell County regarding Suspicious Order Reports, efforts to combat the opioid crisis, Illicit Opioids, and/or the suspected or actual diversion of Prescription Opioids.

14. Your Communications with Defendants regarding actual or suspected diversion by pharmacists, pharmacy interns, doctors or other prescribers, or patients in West Virginia.

15. Communications between You and the DEA relating to the abuse, misuse, sale, purchase, trafficking, diversion, or distribution of Illicit or Prescription Opioids.

16. Communications between You and any other local, state, or federal agency relating to Defendants.

17. Communications between You and any person or entity concerning any topic listed above (No. 1 through 16), including but not limited to all Communications regarding Illicit Opioids, Prescription Opioids, diversion, and the opioid epidemic.