UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
 Plaintiff,

v.

               **CIVIL ACTION NO. 3:17-01362**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**
 Defendants.

---

**CABELL COUNTY COMMISSION,**
 Plaintiff,

v.

               **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**
 Defendants.

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO IDENTIFY
PRODUCTIONS THEY CANNOT AUTHENTICATE**

 COME NOW, Plaintiffs City of Huntington and Cabell County Commission (collectively, "Plaintiffs") who seek an order compelling Defendants to identify any documents for which they are unable to authenticate, which were produced pursuant to Plaintiffs' discovery requests, the Federal Rules of Civil Procedure, or Court Order. Plaintiffs seek this relief in order to confirm Defendants' documents are what they purport to be and to assist in streamlining the process of submission of the evidence at trial. In support of their motion, Plaintiffs state as follows:

 While Plaintiffs have addressed the issue of the authenticity of documents with Defendants to reach an agreement where possible, to date, AmerisourceBergen has identified 33 documents it

1

will stipulate are authentic, Cardinal Health has identified 67, and McKesson has identified none.[1] Because the documents at issue were produced in discovery by Defendants from their own files, Defendants are in the best position to know whether there is any basis to question their authenticity and should be required to identify those documents for which there is such a basis.[2] This issue must be addressed now during discovery in order for Plaintiffs to resolve any concerns with authenticity during upcoming depositions. If Plaintiffs wait until the eve of trial or summary judgment responses to resolve this issue it may be too late.

AmerisourceBergen, Cardinal Health, and McKesson ("Big3 Defendants") along with other Defendants (Manufacturers and Chain Pharmacies) made significant productions into the MDL prior to this case being remanded back to this Court. Since then additional productions have continued from the Big3 Defendants with a focus on facts and data specific to West Virginia and Huntington/Cabell County. These productions have been tailored by Plaintiffs' discovery requests and the parties' agreed upon custodians and search terms. The Big3 Defendants have also made productions into the MDL of documents they produced in related state court actions, pursuant to Discovery Ruling No. 22. These productions are ongoing.

The Big3 have together produced more than 4.5 million documents from hundreds of custodial and non-custodial sources. These documents are authored by hundreds, if not thousands, of individuals, including current and former employees of Defendants. Deposing or serving a trial subpoena on each individual who authored or received documents is not possible for each document important to Plaintiffs' case.

---

[1] *See* email chain between Plaintiffs and Defendants, attached hereto as **Exhibit A**.

[2] "A party producing a document is in a better position to know whether the document is authentic than the party seeking it in discovery. It is disingenuous for the producing party to dispute the document's authentication without proffering some basis for questioning it." *U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938, at *18 (S.D.N.Y. Aug. 1, 2006).

Plaintiffs seek the Court to issue an order finding that all productions by the Big3 Defendants are authentic unless the producing party can demonstrate a basis for the lack of trustworthiness of a particular produced document.[3] Such an order would be consistent with the Court's rulings in CT1. In the Court's *Order Regarding Trial Matters* in CT1, Judge Polster determined that "The Court expects the parties will stipulate to authenticity of all documents produced in discovery unless there is truly an issue, such as alleged forgery or serious chain-of-custody questions."[4] Judge Polster further determined during the final pretrial proceedings in CT1 that:

> I've already told the parties -- I'm going to reiterate, we're not going to be hopefully cluttering up this trial about objections to the admissibility of documents on grounds of authenticity. And if we do, and the objection is denied, I'm going to charge all that time to the party that objected. So both sides are aware of that.[5]

Plaintiffs likewise intend to stipulate to the authenticity of their own documents produced in discovery in this manner.

To establish that evidence is authentic, a proponent need only present "evidence sufficient to support a finding that the matter in question is what the proponent claims."[6] The requirement of showing authenticity or identity falls into the category of relevancy and is governed by the procedure set forth in Rule 104(b)."[7] The requirement of authentication and identification ensures

---

[3] *See U.S. Info. Sys. v. IBEW Local Union No. 3*, *supra*.

[4] Doc 2594 at *3 (Sep. 12, 2019), attached hereto as **Exhibit B**.

[5] Transcript of Final PreTrial Proceedings, Doc. 2828 at 29:20-25 (October 15, 2019), attached hereto as **Exhibit C**. *See also* Special Master Cohen's email dated August 30, 2019, to counsel regarding Statement of Stipulated Facts and Exhibit List, attached hereto as **Exhibit D** ("my inclination and belief is that…the Court will be VERY unhappy if Ds force Ps to call a witness simply to authenticate documents -- Ds need to stipulate to authenticity of their docts, including SOMS policies and so on, unless they truly believe there is a forgery or some other serious question on the matter (and vice-versa for Ps on their docts.)").

[6] Fed.R.Evid. 901(a).

[7] *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 542 (D. Md. 2007) (citing Fed.R.Evid. 901 advisory committee's note).

that evidence is trustworthy, an important part of analyzing hearsay issues.[8] These two evidentiary concepts are considered together when determining the admissibility of exhibits or documents.[9]

Federal Courts have held that a party's documents produced in the course of discovery are authentic under F.R.E. 901 unless the producing party can demonstrate a reason for questioning their authenticity. *See U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938, at *18 (S.D.N.Y. Aug. 1, 2006) ("A party producing a document is in a better position to know whether the document is authentic than the party seeking it in discovery. It is disingenuous for the producing party to dispute the document's authentication without proffering some basis for questioning it."); *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) ("[D]ocuments produced during discovery that are on the letterhead of the opposing, producing party are authentic per se for purposes of Federal Rule of Evidence 901."); *Menalco v. Buchan*, No. 2:07-CV-01178-PMP-PAL, 2010 U.S. Dist. LEXIS 8042, at *35-38 (D. Nev. Feb. 1, 2010) ("Authentication is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.' Fed. R. Evid. 901(a). […] Documents produced in discovery are deemed authentic when offered by a party opponent. *Id*. at 777 & n.20. The production in response to a discovery request acts as a judicial admission that the documents are authentic. *Id*."; *Orr v. Bank of Am.*, 285 F.3d 764, 777 n.20 (9th Cir. 2002) ("*See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents produced by a party in discovery were deemed authentic when offered by the party-opponent); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) (same); 31 Federal Practice & Procedure: Evidence § 7105, at 39 ("Authentication can also be accomplished through judicial admissions such as …production

---

[8] *Id.*

[9] *Id.*

of items in response to …[a] discovery request.")); *Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc.*, 621 F. Supp. 2d 1173 (D. Utah 2009) (Although plaintiff had not submitted sworn testimony that certain emails were authentic under Fed. R. Evid. 901(b)(1), party in case had produced them in prior case, and it was clear that it would readily authenticate them again by production, which would be effective authentication against all parties to case.).

Defendants have expressed their general willingness to stipulate to the authenticity of their documents, but requiring Plaintiffs to identify which documents they want authenticated is inefficient and ignores the presumption that Defendants' own documents produced in discovery are authentic unless Defendants have some basis for doubting they are what they purport to be. Plaintiffs anticipate that there are relatively few documents Defendants have produced that they will be able to articulate reasons for disputing authenticity compared to the total productions by each Defendant, and Defendants are in the position to identify which documents those are. Accordingly, an order directing Defendants to identify all documents from their productions for which they have reason to doubt their authenticity and to deem all other documents authentic.

WHEREFORE, for the reasons set forth above Plaintiffs respectfully request the Court to enter an order compelling Defendants AmerisourceBergen, Cardinal Health, and McKesson to identify all documents from their productions for which they have a basis to dispute the authenticity thereof and that for all other documents from their productions there is no basis to object to authenticity under Fed.R.Evid. 901(a).

Dated: July 2, 2020                                        Respectfully submitted,

Plaintiffs,

THE CITY OF HUNTINGTON and
CABELL COUNTY COMMISSION

/s/ *Michael J. Fuller, Jr.*
Michael J. Fuller, Jr. (WV Bar No. 10150)
**McHUGH FULLER LAW GROUP, PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS 39402
T: 601-261-2220
F: 601-261-2481
mike@mchughfuller.com

Paul T. Farrell, Jr. (WVSB No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
P.O. Box 1180
Huntington, WV 25714-1180
Tel: 304-654-8281
paul@farrell.law

Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 2, 2020, a copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO IDENTIFY PRODUCTIONS THEY CANNOT AUTHENTICATE** has been filed electronically using the Court's CM/ECF system and will be served *via* the Court's CM/ECF filing system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

                                                 */s/  Michael J. Fuller, Jr..*
                                                 Michael J. Fuller, Jr.