# A.J. Elkins

| | |
|---|---|
| **From:** | 2804 Discovery, MDL <mdl2804discovery@motleyrice.com> |
| **Sent:** | Thursday, June 18, 2020 10:55 PM |
| **To:** | MDL 2804 |
| **Subject:** | FW: EXTERNAL-RE: CT2: Big 3 documents |

**From:** Mike Fuller <Mike@mchughfuller.com>
**Sent:** Friday, June 19, 2020 2:54:17 AM
**To:** Rice, Dale <drice@cov.com>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Track2OpioidDefendants (Track2OpioidDefendants@reedsmith.com) <Track2OpioidDefendants@reedsmith.com>
**Subject:** EXTERNAL-RE: CT2: Big 3 documents

Dale,

Thank you for your response, however, it seems with the Big3 that this issue has become more difficult than what it should be. Understanding that we are trying to reach an agreement on authenticity of the Big3's own productions, one would think this would be relatively easy. Again, to be clear this request pertains to *authenticity* only. "The authenticity of a document simply refers to whether a document is in fact what it is purported to be." *United States v. Habteyes*, 356 F. Supp. 3d 573, 581 (E.D. Va. 2018). So we are going to flip this on its head. Plantiffs request the Big3 to provide by bates number all documents they produced out of their own files that are *not what they purport to be*. More specifically, we ask that each defendant identify each document that it changed or altered from its "original" format and/or substance as it existed in your files before producing it to the Plaintiffs (no, this doesn't include bates numbering). We ask that this be completed by June 22nd. If not completed by that date we will prepare a motion for submission to the Court as we believe that we have repeatedly tried to resolve this issue.

We have included some additional case law from around the country supporting Plaintiffs' position on this issue.

"A party producing a document is in a better position to know whether the document is authentic than the party seeking it in discovery. It is disingenuous for the producing party to dispute the document's authentication without proffering some basis for questioning it." *U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938, at *18 (S.D.N.Y. Aug. 1, 2006).

"[D]ocuments produced during discovery that are on the letterhead of the opposing, producing party are authentic per se for purposes of Federal Rule of Evidence 901. *Chavez v. Thomas & Betts Corp*., 396 F.3d 1088, 1101 (10th Cir. 2005), *overruled on other grounds as recognized in Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 n.2 (10th Cir. 2006); *Denison v. Swaco Geolograph Co*., 941 F.2d 1416, 1423 (10th Cir. 1991). Accordingly, the district court abused its discretion when it refused to consider numerous letters, facsimiles, and memoranda attached to Mohawk's opposition that were printed on Law letterhead and produced by Law." *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009)

"The Fifth Circuit has found that a document was properly authenticated where, in addition to being produced in discovery, the document (1) bore the producing party's signature, (2) the party did not claim that the document was not authentic or that her signature was a forgery, and (3) the party affirmed the truth of the facts contained in the produced record in an opposition to summary judgment. *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir.

1998)." *Robinson v. City of Garland*, Civil Action No. 3:10-CV-2496-M, 2016 U.S. Dist. LEXIS 132447, at *14-15 (N.D. Tex. Aug. 17, 2016).

"Authentication is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.' Fed. R. Evid. 901(a). […] Documents produced in discovery are deemed authentic when offered by a party opponent. *Id.* at 777 & n.20. The production in response to a discovery request acts as a judicial admission that the documents are authentic. *Id.* '[W]hen a document has been authenticated by a party, the requirement of authenticity is satisfied as to that document with regards to all parties, subject to the right of any party to present evidence to the ultimate fact-finder disputing its authenticity.' *Id.* at 776." *Menalco v. Buchan*, No. 2:07-CV-01178-PMP-PAL, 2010 U.S. Dist. LEXIS 8042, at *35-38 (D. Nev. Feb. 1, 2010).

"As to the remaining appraisals, they were produced in discovery by Wells Fargo Bank. The court concludes that they are authentic, at least insofar as the plaintiffs seek to show that they are records in Wells Fargo Bank's files relevant to the subject property. *See* Fed. R. Evid. 901(a) ('the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is'); *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 & n. 20 (9th Cir. 2002) (citing *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F3d 881, 889 n.12 (9h Cir. 1996) (documents produced in discovery were deemed authentic when offered by the party-opponent)); Wright & Gold, 31 Federal Practice & Procedure: Evidence § 7105 at 39 ('Authentication can also be accomplished through judicial admissions such as . . . production of items in response to . . . [a] discovery request.')." *Rijhwani v. Wells Fargo Bank, N.A.*, No. 3:13-cv-05881-LB, 2015 U.S. Dist. LEXIS 131676, at *2 (N.D. Cal. Sep. 28, 2015).

Although plaintiff had not submitted sworn testimony that certain emails were authentic under Fed. R. Evid. 901(b)(1), party in case had produced them in prior case, and it was clear that it would readily authenticate them again by production, which would be effective authentication against all parties to case. *Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc.*, 621 F. Supp. 2d 1173 (D. Utah 2009).

"Although 'documents do not automatically become a part of the record simply because they are the product of discovery,' here, Plaintiffs entered the documents into the summary judgment record and attested to their authenticity, in contrast to *Hoffman v. Applicators Sales and Service, Inc.*, the case relied on by Defendants, 439 F.3d 9, 15 (1st Cir. 2006). Since Defendants do not specify any reason to doubt the authenticity of documents that they themselves produced in discovery, the Court finds the documents properly authenticated under Fed. R. Evid. 901." *Del Campo v. Am. Corrective Counseling Serv.*, 718 F. Supp. 2d 1116, 1123 n.10 (N.D. Cal. 2010).



**Michael J. Fuller**
**McHugh Fuller Law Group**
97 Elias Whiddon Rd
Hattiesburg, MS 39402
(800) 939-5580
(601) 261-2481 - Fax
www.MchughFuller.com

**From:** Rice, Dale <drice@cov.com>
**Sent:** Tuesday, June 16, 2020 9:29 PM

**To:** Mike Fuller <Mike@mchughfuller.com>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; Track2OpioidDefendants (Track2OpioidDefendants@reedsmith.com) <Track2OpioidDefendants@reedsmith.com>
**Subject:** CT2: Big 3 documents

Mike,

McKesson also will agree that the ARCOS stipulation entered into during Track One will apply in the Huntington and Cabell County actions.

There is no list of McKesson documents from Track One that Plaintiffs asked McKesson to agree were authentic. However, if plaintiffs in the Huntington and Cabell County actions identify specific McKesson-produced documents, McKesson will review those documents and respond with regard to authenticating them.

Best regards,

Dale

**Dale A. Rice**
Covington & Burling LLP
Salesforce Tower, 415 Mission Street
San Francisco, CA 94105-2533
T +1 415 591 7081 | drice@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Mahady, Joseph J <JMahady@ReedSmith.com>
**Sent:** Tuesday, June 16, 2020 7:22 AM
**To:** Mike Fuller <Mike@mchughfuller.com>; ZZ-Wadhwani, Neelum <NWadhwani@wc.com>; zz-Track 2 Opioid Defendants (S) <Track2OpioidDefendants@ReedSmith.com>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: CT2: Big 3 documents

**[EXTERNAL]**
Mike:

Attached please find a list of documents that ABDC produced and agreed were authentic for purposes of the MDL 2804 CT1 trial. ABDC will agree that these documents are also authentic in the Cabell/Huntington matter. ABDC reserves its right to object to these documents on grounds other than authenticity. As you may recall from CT1, ABDC is not in the position to authenticate ABDCMDL00378493 (in particular pages ABDCMDL00378493 to ABDCMDL00378494) at this time, but is willing to discuss this document with plaintiffs.

Like Cardinal Health, ABDC will also agree to maintain the ARCOS stipulation in paragraph 16 of the Parties' Joint Stipulation filed on September 25, 2019 [ECF No. 2675].

Thanks,

Joe

**Joseph J. Mahady**
(215) 851-8239
jmahady@reedsmith.com

**Reed Smith LLP**
Three Logan Square
Suite 3100
1717 Arch Street
Philadelphia, PA  19103
+1 215 851 8100
Fax +1 215 851 1420

---

**From:** Mahady, Joseph J
**Sent:** Monday, June 15, 2020 8:33 AM
**To:** 'Mike Fuller' <Mike@mchughfuller.com>; ZZ-Wadhwani, Neelum <NWadhwani@wc.com>; zz-Track 2 Opioid Defendants (S) <Track2OpioidDefendants@ReedSmith.com>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: CT2: Big 3 documents

Mike:

ABDC is preparing a response, and I think it might be helpful to include us on the meet and confer later this week.

Joe

**Joseph J. Mahady**
(215) 851-8239
jmahady@reedsmith.com

**Reed Smith LLP**
Three Logan Square
Suite 3100
1717 Arch Street
Philadelphia, PA  19103
+1 215 851 8100
Fax +1 215 851 1420

---

**From:** Mike Fuller <Mike@mchughfuller.com>
**Sent:** Monday, June 15, 2020 8:30 AM
**To:** ZZ-Wadhwani, Neelum <NWadhwani@wc.com>; zz-Track 2 Opioid Defendants (S) <Track2OpioidDefendants@ReedSmith.com>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: CT2: Big 3 documents

EXTERNAL E-MAIL - From Mike@mchughfuller.com

Neelum, thanks for your response below.  It might be useful if we have a call to discuss some of our issues and concern related to CAH's response below.  Are you available this week Monday through Wednesday to discuss further.  As to the

rest of the non-responsive defendants we will proceed to consider this issue at an impasse and move forward with seeking the Court's assistance.



**Michael J. Fuller**
**McHugh Fuller Law Group**
97 Elias Whiddon Rd
Hattiesburg, MS 39402
(800) 939-5580
(601) 261-2481 - Fax
www.MchughFuller.com

---

**From:** Wadhwani, Neelum <NWadhwani@wc.com>
**Sent:** Thursday, June 11, 2020 10:48 AM
**To:** Mike Fuller <Mike@mchughfuller.com>; Track2OpioidDefendants@reedsmith.com
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: CT2: Big 3 documents

Mike,

I respond on behalf of Cardinal Health.  First, attached please find a list of documents Cardinal Health agreed were authentic for purposes of the MDL 2804 CT1 trial and will agree are authentic for trial purposes in the Cabell/Huntington matter.  As noted below, we reserve all rights and objections we may have in response to any documents identified on the trial exhibit list(s) proposed by the plaintiffs.

Second, I can confirm that Cardinal Health will agree to maintain in Track 2 the ARCOS stipulation in paragraph 16 of the Parties' Joint Stipulation filed on September 25, 2019 [ECF No. 2675], which provides that documents produced by the DEA reflecting ARCOS transactions for the period of January 1, 2006 through December 31, 2014 shall be deemed authentic and presumed admissible for purposes of this litigation.

> 16. The documents produced by the United States Drug Enforcement Administration ("DEA") related to the Automated Records and Consolidated Orders System ("ARCOS Data") reflecting transactions in drug products containing one or more of fourteen drugs: buprenorphine, codeine, dihydrocodeine, fentanyl, hydrocodone, hydromorphone, levorphanol, meperidine, methadone, morphine, powdered opium, oxycodone, oxymorphone, and tapentadol for the period of January 1, 2006 through December 31, 2014 shall be deemed authentic and presumed admissible for the purposes of this litigation.

Regards,

Neelum

**Neelum J. Wadhwani**
**Williams & Connolly LLP**
(P) 202-434-5148 | (F) 202-434-5029

---

**From:** Mike Fuller <Mike@mchughfuller.com>
**Sent:** Wednesday, June 03, 2020 3:38 PM
**To:** Wadhwani, Neelum <NWadhwani@wc.com>; Track2OpioidDefendants@reedsmith.com
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: CT2: Big 3 documents

Neelum,
Circling back on the below.  We are still awaiting confirmation that the Big3 will maintain the same stipulation on ARCOS as in CT1.   Also need the lists that you indicated would be provided.

Mike.



**Michael J. Fuller**
**McHugh Fuller Law Group**
97 Elias Whiddon Rd
Hattiesburg, MS 39402
(800) 939-5580
(601) 261-2481 - Fax
www.MchughFuller.com

---

**From:** Mike Fuller
**Sent:** Monday, May 25, 2020 9:38 AM
**To:** Wadhwani, Neelum <NWadhwani@wc.com>; Track2OpioidDefendants@reedsmith.com
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: CT2: Big 3 documents

Neelum,

Thanks for the response and we hope you are having a good holiday weekend.  As to the issues below, we will assume that based on your response, the Big3 are standing by their prior stipulation on ARCOS.  Said stipulation not only included authenticity but presumed admissibility.  As you indicated below, we invite each Defendant to send lists of what you believe you agreed to in CT1 related to authenticity this week.

It seems troubling, though, that again we are running into issues related to Defendants authenticating their own documents.  We are not requesting admissibility at this point, only authenticity of your clients' documents that were produced in this litigation.  How does CAH object at trial that a document that it produced itself is not authentic?

As it relates to the IQVIA data referenced below, this stems out of Polster's 11-21-18 Order attached.  Ultimately it was Allergen that produced the complete set of IQVIA data after going back to the vendor.  Because that production was a complete set of the IQVIA data we opted to not require each of the other defendants to produce the same or a subset of that data.



**Michael J. Fuller**
**McHugh Fuller Law Group**
97 Elias Whiddon Rd
Hattiesburg, MS 39402
(800) 939-5580
(601) 261-2481 - Fax
www.MchughFuller.com

**From:** Wadhwani, Neelum <NWadhwani@wc.com>
**Sent:** Friday, May 22, 2020 3:14 PM
**To:** Mike Fuller <Mike@mchughfuller.com>; Track2OpioidDefendants@reedsmith.com
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: CT2: Big 3 documents

Mike,

I respond to your below emails on behalf of ABDC, Cardinal, and McKesson.  We think it is premature to engage in discussions of authentication while the parties are still responding to discovery requests.  Nevertheless, we will agree to review and consider in good faith any specific, individual documents Plaintiffs identify and reasonably expect to use at trial for which they seek our authentication, including any letters written by counsel for CAH.  To that end, please let us know what you are specifically referring to by "IQVIA data" so we can evaluate your request.

To the extent ABDC, Cardinal, and McKesson previously agreed in CT1 that a document of ours was authentic, we will do so again in this matter and will individually send you a list of those documents.  We do not, however, agree to provide a blanket authentication of all our documents, to the extent your email seeks that.  And we reserve all rights and objections we may have in response to any documents identified on the trial exhibit list(s) proposed by the plaintiffs.

Regards,
Neelum

**Neelum J. Wadhwani**
**Williams & Connolly LLP**
(P) 202-434-5148 | (F) 202-434-5029

**From:** Mike Fuller <Mike@mchughfuller.com>
**Sent:** Friday, May 22, 2020 12:09 AM
**To:** Track2OpioidDefendants@reedsmith.com
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: CT2: Big 3 documents

==EXTERNAL E-MAIL - From Mike@mchughfuller.com==

Big3,

We have expanded our request for stipulations to include the ARCOS data provided by the Department of Justice and the IQVIA data that was produced by Order of the Court in CT1. Just as a reminder that each of you stipulated to the ARCOS data in CT1 via *Dkt. No. 2675* which we have attached and pasted below. We would appreciate your position on this issue the beginning of next week.

> 16. The documents produced by the United States Drug Enforcement Administration ("DEA") related to the Automated Records and Consolidated Orders System ("ARCOS Data") reflecting transactions in drug products containing one or more of fourteen drugs: buprenorphine, codeine, dihydrocodeine, fentanyl, hydrocodone, hydromorphone, levorphanol, meperidine, methadone, morphine, powdered opium, oxycodone, oxymorphone, and tapentadol for the period of January 1, 2006 through December 31, 2014 shall be deemed authentic and presumed admissible for the purposes of this litigation.



**Michael J. Fuller**
**McHugh Fuller Law Group**
97 Elias Whiddon Rd
Hattiesburg, MS 39402
(800) 939-5580
(601) 261-2481 - Fax
www.MchughFuller.com

---

**From:** Mike Fuller
**Sent:** Thursday, May 21, 2020 8:22 AM
**To:** Track2OpioidDefendants@reedsmith.com
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>
**Subject:** RE: CT2: Big 3 documents

Big 3, we have not been provided any response related to what should be a simple stipulation issue. We now consider this issue ripe for Court intervention and will prepare the appropriate motion.



**Michael J. Fuller**
**McHugh Fuller Law Group**
97 Elias Whiddon Rd
Hattiesburg, MS 39402
(800) 939-5580
(601) 261-2481 - Fax
www.MchughFuller.com

---

**From:** Mike Fuller
**Sent:** Sunday, May 3, 2020 9:07 AM
**To:** Track2OpioidDefendants@reedsmith.com
**Cc:** '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>
**Subject:** CT2: Big 3 documents

Big 3,

As we move closer to trial we need to cover some of the ground we did in preparation for the CT1 trial.  We would like to address whether each Defendant will agree to authenticate their own documents as they did in CT1.   For Cardinal, this includes documents from its counsel, as agreed in CT1.

Please let us know each of your positions on this issue by the end of the week.



**Michael J. Fuller**
**McHugh Fuller Law Group**
97 Elias Whiddon Rd
Hattiesburg, MS 39402
(800) 939-5580
(601) 261-2481 - Fax
www.MchughFuller.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files   |   Leave group   |   Learn more about Office 365 Groups

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.