A.J. Elkins

| | |
|---|---|
| **From:** | 2804 Discovery, MDL <mdl2804discovery@motleyrice.com> |
| **Sent:** | Friday, August 30, 2019 8:42 AM |
| **To:** | MDL 2804 |
| **Subject:** | FW: EXTERNAL-Re: Statement of Stipulated Facts and Exhibit List |

**From:** David R. Cohen (David@SpecialMaster.Law) <david@specialmaster.law>
**Sent:** Friday, August 30, 2019 12:41:08 PM
**To:** Kate Swift <kate.swift@bartlitbeck.com>; Shkolnik, Hunter <Hunter@NapoliLaw.com>; Conroy, Jayne <jconroy@simmonsfirm.com>
**Cc:** Do Amaral, Paulina <Pdoamaral@lchb.com>; Mark Lanier <wml@lanierlawfirm.com>; Migliori, Don <dmigliori@motleyrice.com>; Mougey, Peter <pmougey@levinlaw.com>; 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>
**Subject:** EXTERNAL-Re: Statement of Stipulated Facts and Exhibit List

Good morning.

I know you all have a telecon later today to discuss depo designations and so on.

I have resisted weighing in on your dispute on that topic because, frankly, it seems like you all (talking to you, trial counsel) ought to be able to figure this out on your own. Also, no surprise, I have been reviewing a motion or two that are pending, which has been consuming my bandwidth.

That said, here are some suggestions and comments that may help.

- I am ok with virtually any agreed change/compromise to existing schedule and dates, as long as the **end**-dates do not move very much. In other words, the end-dates for final submission of lists and designations and etc to the Court can't be move more than a little bit, because the Court needs the time it has reserved at the end to review and rule before trial. You can move them around a bit though, or change their order, if necessary.
- I have not discussed these topics in detail with the Judge, but my inclination and belief is that: (1) the Court will allow Plaintiffs one live-stream appearance of a distant witness per defendant; (2) the Court is inclined to insist that, if a D calls a witness live in its own case, then it must make that witness available live in Ps case; (3) unless the P/D split is very lopsided so that Ps have a llittle and Ds a lot, Ps must play all of the depo designations for a witness at the same time (meaning Ds designations in Ps case); and (4) the Court will be VERY unhappy if Ds force Ps to call a witness simply to authenticate documents -- Ds need to stipulate to authenticity of their docts, including SOMS policies and so on, unless they truly believe there is a forgery or some other serious question on the matter (and vice-versa for Ps on their docts.)
- There should, in the end, be a final limit on the number of witnesses/hours for both side's depo designations -- e.g. 10 hours per side 🙂

My hope is you submit to me a fully-agreed-to suggested order that addresses all of the pre-trial issues, which I will then sell hard to JP.

Good luck.

-d

========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
www.SpecialMaster.law

---

**From:** Kate Swift <kate.swift@bartlitbeck.com>
**Sent:** Monday, August 26, 2019 5:10 PM
**To:** Hunter Shkolnik <Hunter@NapoliLaw.com>; Jayne Conroy <jconroy@simmonsfirm.com>
**Cc:** Paulina doAmaral <Pdoamaral@lchb.com>; W. Lanier <wml@lanierlawfirm.com>; 'Don Migliori' <dmigliori@motleyrice.com>; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com <xALLDEFENDANTS-MDL2804-Service@arnoldporter.com>; David R. Cohen (david@SpecialMaster.biz) <david@specialmaster.biz>; Peter Mougey <pmougey@levinlaw.com>
**Subject:** RE: Statement of Stipulated Facts and Exhibit List

Hunter and Jayne,

The issue on the table was whether plaintiffs will provide real deposition designations (i.e., those you reasonably expect to play at trial) within any timeframe that would allow defendants to object and counter—and the court to rule—before trial. In response, Mark Lanier asked twice "which witnesses" we would make available in your case in chief, not "generically" whether we would make any witnesses available at all.

Your new request suggests that plaintiffs will not comply with the court's order to provide deposition designations you expect to play unless defendants agree to make ALL of our witnesses available live. That really turns the court's order on its head. It's your case. Which Walgreens witnesses do you seek to call live?

As for our Friday call, can we set it for 9 am pacific / 11 am central / 12 pm eastern? If that works, I will send a dial-in.

Thanks and have a good evening,
Kate

**BartlitBeck** LLP

Katherine M. Swift | p: 312.494.4405 | c: 773.531-6118 | Kate.Swift@BartlitBeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Hunter Shkolnik <Hunter@NapoliLaw.com>
**Sent:** Monday, August 26, 2019 12:37 PM

**To:** Kate Swift <kate.swift@bartlitbeck.com>; Jayne Conroy <jconroy@simmonsfirm.com>
**Cc:** Paulina doAmaral <Pdoamaral@lchb.com>; W. Lanier <wml@lanierlawfirm.com>; 'Don Migliori' <dmigliori@motleyrice.com>; xALLDEFENDANTS-MDL2804-Service@arnoldporter.com; David R. Cohen <david@specialmaster.biz>; Peter Mougey <pmougey@levinlaw.com>
**Subject:** Re: Statement of Stipulated Facts and Exhibit List

Special Master Cohen,

I just realized you were not copied on my reply to Kate Swift's email related to deposition designations and wanted to forward this on to you.

Hunter


-------- Original message --------
From: Hunter Shkolnik <Hunter@NapoliLaw.com>
Date: 8/26/19 6:39 AM (GMT-05:00)
To: Kate Swift <kate.swift@bartlitbeck.com>, Jayne Conroy <jconroy@simmonsfirm.com>
Cc: Paulina doAmaral <Pdoamaral@lchb.com>, "W. Lanier" <wml@lanierlawfirm.com>, 'Don Migliori' <dmigliori@motleyrice.com>, xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
Subject: Re: Statement of Stipulated Facts and Exhibit List

Kate

 The issue on the table first brought forward as result of Mark Cheffo's emails and then by you is whether defendants will advise us generically if they will make their witnesses who have been deposed available to testify live during plaintiffs case. This request has been met with one unclear response after another. Specifically, as to Walgreens we would prefer that you make ALL your deposed witnesses available and no depositions be used. Can you confirm that you will make the witnesses available or not. I think your multiple email responses conflate 3 matters and we just want that one issue clarified.  If Walgreens answer is "we will not make any of our witnesses available to plaintiffs except those who reside in Ohio who plaintiffs can compel by subpoena" then just say it. Why is this so difficult.

As to defense gamesmanship of failing to designate other defendants witnesses and now realizing you made a mistake we can take that issue up secondarily.

I will be on the call but Friday is best for me.

Hunter


-------- Original message --------
From: Kate Swift <kate.swift@bartlitbeck.com>
Date: 8/25/19 10:49 PM (GMT-05:00)
To: Jayne Conroy <jconroy@simmonsfirm.com>
Cc: Paulina doAmaral <Pdoamaral@lchb.com>, "W. Lanier" <wml@lanierlawfirm.com>, 'Don Migliori' <dmigliori@motleyrice.com>, Hunter Shkolnik <Hunter@NapoliLaw.com>, xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
Subject: RE: Statement of Stipulated Facts and Exhibit List

Jayne,

Thanks for reaching out to get a plan together.  We are working on identifying the right people on our side.  In the meantime, assuming you are one of the right people on your side, would Thursday or Friday work for an initial call?

We'd also like to continue the discussion on a couple of issues related to deposition designations.  First, plaintiffs have asked whether defendants will identify defense witnesses we would make available in your case in chief. We are not inclined to do so at this time. Your position is made especially difficult in light of the scores of depositions that have been taken (and heavily designated), your pending motion to call unidentified witnesses by video, and the limited time we will have at trial.

Second, in light of the Court's severance order, and the possibility of additional parties settling or otherwise being dismissed before the Track One trial, we would like to put a plan in place for designating testimony of witnesses affiliated with those parties. To that end, defendants plan to serve deposition designations and corresponding exhibits of witnesses affiliated with parties that have *already been severed* by September 20, as those witnesses may now be deemed unavailable.  With respect to severed party witnesses who were initially designated by plaintiffs but dropped on Tuesday, 8/20, presumptively there should be no need for plaintiffs to object, as defendants' designations will be but a small subset of testimony plaintiffs themselves previously designated.  Defendants request that plaintiffs serve any counter-designations for these witnesses by October 4.

Going forward, defendants will serve designations and exhibits for any witnesses affiliated with a party that is *later severed, settles out of the case, or is otherwise dismissed* no later than three weeks from the date the Court dismisses that party from the Track One trial.  We request that counter-designations be served two weeks later.  We are amenable to discussing shorter deadlines for any parties dismissed within the four weeks before the start of trial, or thereafter.

## BartlitBeck LLP

Katherine M. Swift | p: 312.494.4405 | c: 773.531-6118 | Kate.Swift@BartlitBeck.com | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Jayne Conroy <jconroy@simmonsfirm.com>
**Sent:** Friday, August 23, 2019 1:14 PM
**To:** xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
**Cc:** Jayne Conroy <jconroy@simmonsfirm.com>; Paulina doAmaral <Pdoamaral@lchb.com>; W. Lanier <wml@lanierlawfirm.com>; 'Don Migliori' <dmigliori@motleyrice.com>; Hunter Shkolnik <Hunter@NapoliLaw.com>
**Subject:** Statement of Stipulated Facts and Exhibit List

External E-mail

Please give consideration to designating defense point persons for discussions/meet and confers regarding both the Statement of Stipulated Facts and the Exhibit List, and we will do the same.  At a minimum, we will want to schedule some interim calls or meetings to work through the facts as well as issues concerning the exhibits before they are provided to SM Cohen.  Thanks.

Jayne Conroy
jconroy@simmonsfirm.com
Simmons Hanly Conroy
112 Madison Ave 7th Floor
New York, New York 10016
212 784 6402 office
917 882 5522 cell

This e-mail and any files transmitted with it are privileged and confidential, and they are intended solely for the use of the intended recipient(s). If you are not an intended recipient, you should notify the sender immediately, delete this e-mail and any files transmitted with it from your system, and destroy or return all copies.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com


# Hunter Shkolnik
**Partner**



(787) 493-5088 Ext. 2007 / 5107 Direct (347) 379-1688 | Hunter@NapoliLaw.com
270 Munoz Rivera Avenue, Suite 201, Hato Rey, Puerto Rico 00918
**Follow us on Social Media**

   

* Napoli Shkolnik is a registered tradename for NS PR Law Services, LLC. A Puerto Rican Limited Liability Corporation
Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files   |   Leave group   |   Learn more about Office 365 Groups

Confidential & Privileged
Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.