IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                                                   CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                                                   CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

## AGREED DISCOVERY RULING

       The undersigned has received Defendants' Motion to Compel (the "Motion," Dkt. 435, 436) Marshall University and University Physicians & Surgeons, Inc. dba Marshall Health (collectively "Marshall") to produce documents pursuant to a subpoena which Defendants served upon Marshall on April 15, 2020 (the "Subpoena"). Having reviewed the parties' positions, the Special Master now enters the following discovery ruling.

       Since filing the Motion, Defendants have conducted multiple meet-and-confer conferences with Marshall, including one such meeting on June 25, 2020, which the Special Master supervised. Marshall is desirous of being in compliance with the Subpoena, but the volume of the information requested, the potential for sensitive or protected information within identified documents, the

impact of the novel coronavirus pandemic, and other challenges have posed as impediments to production within the time Defendants need such information to conclude their discovery. Recognizing such challenges, Defendants have agreed to make certain accommodations to Marshall in order to facilitate expeditious production.

Pursuant to Defendants' Motion, Marshall is compelled to produce certain custodial and non-custodial documents responsive to the Subpoena which are in Marshall's possession, custody, or control as refined by the Defendants and Marshall during past meet and confer conferences. For expediency, Defendants have agreed to permit Marshall to designate all documents and communications produced in response to the Subpoena as "Confidential," and will accept all documents and communications produced by Marshall as "Confidential" without the need for documents or communications to be separately marked or identified as "Confidential," and the same shall be entitled to all the protections of the Protective Orders heretofore entered in this case. If upon review Defendants believe that a document or communication produced by Marshall should not be designated "Confidential," Defendants shall meet and confer with counsel for Marshall to determine whether such document is in fact "Confidential."

Defendants do not seek, and Marshall does not intend to produce, documents or information that are protected from disclosure by any provision of Part 2 of Title 42 of the Code of Federal Regulations ("Title 42"), including, but not limited to, 42 C.F.R. § 2.64 or by any provision of the Health Insurance Portability and Accountability Act ("HIPAA"), or privacy standards or regulations promulgated thereunder, as the same have been amended from time to time. In the event that Marshall discovers that it has inadvertently produced documents or information pursuant to this Order that are protected from disclosure by any provision of Title 42 or HIPAA, including, but not limited to, 42 C.F.R. § 2.64, Marshall may request that Defendants

return any such inadvertently produced documents. Upon receiving such a request as to specific information or documents, all parties who received the information or documents shall return the information or documents to Marshall within five (5) business days. In the event Defendants discover that any such information was inadvertently disclosed, Defendants shall immediately notify Marshall and identify such information and shall immediately return such information to Marshall or otherwise destroy such information and certify to Marshall the such information has been destroyed. Based upon the representations of the Defendants and of Marshall as to how they intend to proceed with productions in response to the Subpoena, it appears to the court that Marshall has conducted, or will conduct, a diligent inquiry to prevent disclosure of any information protected by Part 2 of Title 42 and any disclosure that may be so made is deemed inadvertent on the part of Marshall such that Marshall will have no liability therefor.

After returning the information or documents to Marshall, if any party who returned the information or documents believe that such information or documents returned are not protected from disclosure by any provision of Title 42 or HIPAA and wishes to use or disclose such information or document in this litigation, it shall meet and confer with Marshall to resolve any such dispute. If the dispute is not resolved after the parties meet and confer, the parties may raise any issues regarding such information and documents with the Special Master.

RESPECTFULLY SUBMITTED,


Dated: July 8th, 2020                                           Christopher C. Wilkes
                                                                Special Master