Exhibit A

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**By Electronic Mail**                                          June 12, 2020

Jade Haileselassie
Mottley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
jhaileselassie@motleyrice.com

All Plaintiffs' Counsel
mdl2804discovery@motleyrice.com

> Re:  **City of Huntington Privilege Log, Vol. 1, Deficiencies, *City***
> ***of Huntington v. AmerisourceBergen Drug Corp. et al.,***
> **3:17-cv-01362 (S.D.W. Va.); *Cabell County Commission***
> ***v. AmerisourceBergen Drug Corp. et al.,* 3:17-cv-01665**
> **(S.D.W. Va.)**

Dear Ms. Haileselassie:

I am writing regarding the first volume of the City of Huntington's privilege log, which you sent to Defendants on June 8, 2020.  Based on your descriptions of documents in the log, we have identified several groups of documents that we believe have been improperly withheld. For ease of reference, we have attached a color-coded version of the privilege log, with a different color corresponding to each of the issues raised below.[1]

First, you have withheld almost 3,000 documents on the sole basis of "Third Party Confidentiality Restrictions."[2]  These documents are shaded in green in the attached log.  "Third Party Confidentiality Restrictions" is not a privilege or protection, and it cannot form the basis for withholding documents.  That is especially true where, like here, a protective order is in place.  *See Maclay v. Jones*, 542 S.E.2d 83, 90 n.11 (W. Va. 2000) ("[T]he use of protective orders is preferential to the total non-disclosure of requested materials that are otherwise subject to discovery.").  Indeed, the protective order allows for production of highly confidential

---

[1] Other than the color-coding, the attached log is identical to the one produced by the City of Huntington.  Document numbers used in this letter correspond to the number in the leftmost column of the attached log.

[2] This number includes four documents labeled as "Potentially Privileged; Third Party Confidentiality Restrictions."

**COVINGTON**

June 12, 2020
Page 2

law enforcement material on an attorneys' eyes only basis, and it sets specific procedures for responding to discovery requests seeking information protected under a confidentiality agreement with a third party.[3]  Those protective order provisions govern, and Huntington may not withhold documents on the sole basis of purported "Third Party Confidentiality Restrictions."

Second, you have made sweeping assertions of law enforcement privilege, withholding about 2,500 documents on this ground.  These documents are shaded in yellow in the attached log.  West Virginia "has never adopted an all-encompassing law enforcement privilege." *Maclay*, 542 S.E.2d at 86; *accord* Discovery Ruling No. 5, Dkt. No. 474 at 3.  Before the court will even consider whether law enforcement documents may be withheld, Huntington must make "a substantial threshold showing of harm" that will come from disclosing the documents. *Id.* at 91.  It has not done so here.  Rather, many of the privilege log's explanations as to these documents are boilerplate.  *See, e.g.*, Document 85 (document "contains information regarding law enforcement techniques and methods"); Document 1421 (document is "part of law enforcement investigation file and intelligence gathered related to investigation target").  As Special Master Wilkes has found, "general claims of privilege" such as these are "too broad." Dkt. No. 366 at 4.  Since you have not made a sufficient showing of harm, production of these documents remains appropriate.

Third, you have withheld nearly 1,800 documents on the basis of an informant privilege.  These documents are shaded in blue in the attached log.  Many of these documents not only pertain to the identity of confidential informants, but also "the information provided" by that person.  *See, e.g.*, Documents 934-941.  While West Virginia law recognizes a limited privilege to protect the *identities* of undercover informants, *State v. Haverty*, 267 S.E.2d 727, 730 (W. Va. 1980),[4] there is no basis to assert that information provided by the informant is privileged.  If you maintain that the underlying information is privileged, please explain the basis for your contention and why these documents cannot be produced with the informants' identities redacted, as you have done with other documents on the log.[5]

---

[3] *See* Dkt. No. 441 ¶ 78, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio); Dkt. No. 1357, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio).

[4] The protective order similarly allows redaction of "[t]he names, home addresses, personal email addresses, home telephone numbers, Social Security or tax identification numbers, and other private information protected by law of . . . confidential informants," but not information provided by such informants.  Dkt. No. 2688 ¶ 29, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio).

[5] You have also withheld 23 documents based on both informant privilege and "Third Party Confidentiality Restrictions."  These documents are highlighted in orange in the attached log. For the reasons discussed above, neither of these asserted grounds of privilege is sufficient to withhold these documents.

**COVINGTON**

June 12, 2020
Page 3

Alternatively, Huntington can produce, without redactions, documents containing sensitive law enforcement materials and informant information under the "Attorneys' Eyes Only" provisions of the protective order.

In summary, without further support for Huntington's privilege claims as to the contested documents, they must be produced.  As provided by the governing protective order, they may be produced with certain redactions or as Highly Confidential – Attorneys' Eyes Only Information. Please provide any further explanations supporting your privilege claims in writing, or produce the contested documents no later than June 19, 2020.  Thank you for your attention to this matter.

Sincerely,

*/s/ Laura Flahive Wu*
Laura Flahive Wu

*Counsel for Defendant*
*McKesson Corporation*

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**By Electronic Mail**

June 23, 2020

Jade Haileselassie
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
jhaileselassie@motleyrice.com

All Plaintiffs' Counsel
mdl2804discovery@motleyrice.com

> Re:  City of Huntington Privilege Log, Vol. 2, Deficiencies, *City
> of Huntington v. AmerisourceBergen Drug Corp. et al.*,
> 3:17-cv-01362 (S.D.W. Va.); *Cabell County Commission
> v. AmerisourceBergen Drug Corp. et al.*, 3:17-cv-01665
> (S.D.W. Va.)

Dear Ms. Haileselassie:

I am writing regarding the second volume of the City of Huntington's privilege log, which you sent to Defendants on June 17, 2020.  Based on your descriptions of documents in the log, we have identified several groups of documents that we believe have been improperly withheld. For ease of reference, we have attached a color-coded version of the privilege log, with a different color corresponding to each of the issues raised below.[1]  Defendants request to meet and confer by June 26, 2020 regarding the issues identified below, as well as the issues Defendants raised in response to the first volume of Huntington's privilege log.  *See* June 12, 2020 Ltr. from L. Wu to J. Haileselassie ("June 12 letter").

## A.    Third Party Confidentiality Restrictions

You withheld 577 documents on the sole basis of "Third Party Confidentiality Restrictions."  These documents are shaded in green in the attached log.  As Defendants explained in our June 12 letter, the concept of "Third Party Confidentiality Restrictions" is not a recognized privilege or protection, and it does not shield documents from disclosure.  That is especially true where, like here, a protective order is in place.  *See Maclay v. Jones*, 542 S.E.2d

---

[1] Other than the color-coding, the attached log is identical to the one produced by the City of Huntington.  Document numbers used in this letter correspond to the number in the leftmost column of the attached log.

**COVINGTON**

June 23, 2020
Page 2

83, 90 n.11 (W. Va. 2000) ("[T]he use of protective orders is preferential to the total non-disclosure of requested materials that are otherwise subject to discovery."). Indeed, the protective order allows for production of highly confidential law enforcement material on an Attorneys' Eyes Only basis, and it sets specific procedures for parties to follow in responding to discovery requests that call for information covered by a confidentiality agreement with a third party.[2] These protective order provisions, to which both parties agreed, are designed to protect the confidentiality of third party documents while permitting the parties to obtain information that is relevant and responsive to the allegations in this case. Huntington may not unilaterally disregard the procedures set forth in the agreed-upon protective order by withholding documents on the sole basis of purported "Third Party Confidentiality Restrictions."

### B.    Claims of Law Enforcement and Informant Privileges

You have withheld nearly 1,400 documents on the sole basis of law enforcement privilege. These documents are shaded in blue in the attached log. West Virginia "has never adopted an all-encompassing law enforcement privilege." *Maclay*, 542 S.E.2d at 86; *accord* Discovery Ruling No. 5, Dkt. No. 474 at 3. Before the court will even consider whether law enforcement documents may be withheld, Huntington must make "a substantial threshold showing of harm" that will result from disclosing the documents. *Id.* at 91. Huntington has made no attempts to demonstrate *any* harm—let alone substantial harm—that it would suffer from disclosing these documents. As with the first volume of Huntington's privilege log, many of the explanations in the second privilege log as to these documents are vague, overbroad, and boilerplate. *See, e.g.*, Document 8 ("Email and attachments regarding law enforcement operational plans."); Document 407 ("Email and attachments regarding law enforcement investigation details, methods and techniques."). As Special Master Wilkes has found, "general claims of privilege" such as these are "too broad." Dkt. No. 366 at 4. Since you have made no showing of harm, the law enforcement privilege does not justify withholding these documents and they must be produced.

You also withheld 635 documents on the basis of an "informant" privilege.[3] These documents are shaded in orange in the attached log. Many of these documents pertain not only to the identity of confidential informants, but also the "information provided" by that person. *See, e.g.*, Documents 30-33. While West Virginia law recognizes a limited privilege that protects the *identities* of undercover informants, *State v. Haverty*, 267 S.E.2d 727, 730 (W. Va. 1980),[4]

---

[2] *See* Dkt. No. 441 ¶ 78, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio); Dkt. No. 1357, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio).

[3] This number includes documents with the following "Privilege Assertion": "Law Enforcement; Informant," "Informant," "Informant; Third Party Confidentiality Restrictions," and "Law Enforcement; Informant; Third Party Confidentiality Restrictions."

[4] The protective order similarly allows redaction of "[t]he names, home addresses, personal email addresses, home telephone numbers, Social Security or tax identification numbers, and other private information protected by law of . . . confidential informants," but not information provided by such informants. Dkt. No. 2688 ¶ 29, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio).

**COVINGTON**

June 23, 2020
Page 3

the privilege does not extend to information provided by the informant.  If you maintain that the underlying information is privileged, please explain the basis for your contention and the reason these documents cannot be produced with the informants' identities redacted, as you have done with other documents on the log.  *See, e.g.*, Document 2539.

Alternatively, Huntington should produce these documents without redactions under the "Attorneys' Eyes Only" provisions of the protective order.

### C.    Claims of Substance Abuse Privilege

You withheld 24 documents based on a "substance abuse privilege."  These documents, shaded in yellow in the attached log, pertain to substance abuse treatment provided to certain individuals.  The protective order in this litigation provides safeguards for the disclosure of protected health information.[5]  Please explain why each of these 24 documents cannot be produced under these provisions of the protective order.

### D.    Claims of Attorney-Client Privilege

Defendants have identified 22 documents that have been improperly withheld on the basis of the attorney-client privilege.  These documents are shaded in purple in the attached log.  The burden is on the party asserting the attorney-client privilege to establish that the privilege applies.  *State ex rel. United Hosp. Ctr, Inc. v. Bedell*, 484 S.E.2d 199, 208 (W. Va. 1997).  The explanations provided in the privilege log for these 22 documents lack the basic information required to trigger the application of the attorney-client privilege: that these documents are requests for or receipt of legal advice.  For example, the explanation for four of the documents states only that the "Document references information supplied by a third party law enforcement agency."  *See* Documents 1955-1958.  The explanation for another 17 documents states that "Email does not apply to the ACC Privilege and no other designations apply."  *See, e.g.*, Documents 2324-2325.  Based on these explanations, Defendants are unable to evaluate the propriety of Huntington's claims of attorney-client privilege.  If you maintain that these documents are covered by the attorney-client privilege, please explain the basis for your contention that each of these documents is protected from disclosure.

### E.    Technical Issue Documents

There are 12 documents on the log for which Huntington has not claimed a privilege.  These documents are shaded in red in the attached log.  The only explanation provided for these documents is "Technical Issue - Slip sheet will be replaced accordingly."   Please confirm

---

[5] *See* Dkt. No. 441 ¶¶ 70-77, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio); Dkt. No. 2987, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio).

**COVINGTON**

June 23, 2020
Page 4

whether you contend that these documents are privileged and whether the slip sheet has been replaced.

\*         \*         \*

In summary, without further support for Huntington's privilege claims as to each of the contested documents, they must be produced.  As provided by the governing protective order, the law enforcement documents may be produced with certain redactions or as Highly Confidential – Attorneys' Eyes Only Information.  If you still intend to withhold any of these documents, please provide in writing further explanations supporting your privilege claims for each of the challenged documents. Otherwise, please produce the contested documents no later than June 30, 2020.  Defendants request to meet and confer by June 26, 2020 regarding the deficiencies identified in both volume one and volume two of Huntington's privilege log.  Thank you for your attention to this matter.

Sincerely,

*/s/ Laura Flahive Wu*
Laura Flahive Wu

*Counsel for Defendant*
*McKesson Corporation*

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**By Electronic Mail**                                          June 26, 2020

Jade Haileselassie
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
jhaileselassie@motleyrice.com

All Plaintiffs' Counsel
mdl2804discovery@motleyrice.com

> Re:  **City of Huntington Privilege Log, Vol. 4, Deficiencies,** *City
> of Huntington v. AmerisourceBergen Drug Corp. et al.,*
> **3:17-cv-01362 (S.D.W. Va.);** *Cabell County Commission
> v. AmerisourceBergen Drug Corp. et al.,* **3:17-cv-01665
> (S.D.W. Va.)**

Dear Ms. Haileselassie:

I am writing regarding the fourth volume of the City of Huntington's privilege log, which you sent to Defendants on June 22, 2020.[1]  As with the first and second volumes of Huntington's privilege log,[2] we have identified several groups of documents that we believe have been improperly withheld.  For ease of reference, we have attached a color-coded version of the privilege log, with a different color corresponding to each of the issues raised below.[3]  Defendants request to add a discussion of the issues identified below to the parties' upcoming meet-and-confer session.

First, you have withheld 129 documents on the sole basis of "Third Party Confidentiality Restrictions."  These documents are shaded in green in the attached log.  As Defendants have

---

[1] Defendants have not received the third volume of the City of Huntington's privilege log, and request that it be provided by July 1, 2020.

[2] *See* June 12, 2020 Ltr. from L. Wu to J. Haileselassie ("June 12 letter"); June 22, 2020 Ltr. from L. Wu to J. Haileselassie ("June 22 letter").

[3] Other than the color-coding, the attached log is identical to the one produced by the City of Huntington.  Document numbers used in this letter correspond to the number in the leftmost column of the attached log.

**COVINGTON**

June 26, 2020
Page 2

explained more fully in our June 12 and June 22 letters, the concept of "Third Party Confidentiality Restrictions" is not a recognized privilege or protection, and it does not shield documents from disclosure.  Further, the protective order in this case is designed to protect the confidentiality of third party documents, while permitting the parties to obtain information that is relevant and responsive to the Plaintiffs' allegations.[4]  Huntington must comply with the provisions of the protective order—to which it agreed—and produce the documents withheld on the basis of "Third Party Confidentiality Restrictions."

Second, you have withheld 583 documents based on a "Law Enforcement" or "Law Enforcement; Third Party Confidentiality Restrictions" privilege.  These documents are shaded in blue in the attached log.  As we have previously explained, West Virginia "has never adopted an all-encompassing law enforcement privilege," *Maclay v. Jones*, 542 S.E.2d 83, 86 (W. Va. 2000), and Huntington must make "a substantial threshold showing of harm" from the documents' disclosure before the court will even consider whether the documents may be withheld.  *Id.* at 91.  Once again, Huntington has provided vague, overbroad, and boilerplate explanations as to why these documents are privileged.  *See, e.g.*, Document 9; Document 17.  Such explanations are insufficient to demonstrate harm, and these documents must be produced.

Third, you have withheld 472 documents on the basis of an informant privilege.[5]  These documents are shaded in orange in the attached log.  Many of these documents pertain not only to the identity of confidential informants, but also the "information provided" by that person. *See, e.g.*, Document 6; Document 68.  As Defendants have previously explained, the identities of an informant may be privileged, but the information provided by the informant is not.   If you maintain that the underlying information is privileged, please explain the basis for your contention and the reason these documents cannot be produced with the informants' identities redacted, as you have done with similar documents on other volumes of your privilege log.

Alternatively, Huntington should produce the law enforcement and informant documents without redactions under the "Attorneys' Eyes Only" provisions of the protective order.

Finally, you have withheld 24 documents for which you have not asserted any privilege claim.[6]  These documents are shaded in red in the attached log.  The explanations for these documents do not establish that the documents are privileged.  If you nonetheless contend that

---

[4] *See* Dkt. No. 441 ¶ 78, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio); Dkt. No. 1357, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio).

[5] This number includes documents with the following "Privilege Assertion":  "Law Enforcement; Informant," "Informant," "Informant; Third Party Confidentiality Restrictions," and "Therapist-Patient; Informant."

[6] One of these documents is withheld on the basis of "Law Enforcement; Informant; Potentially Privileged."

**COVINGTON**

June 26, 2020
Page 3

the documents are privileged, please explain your contention.  Otherwise, please produce the documents.

In summary, without further support for Huntington's privilege claims as to each of the contested documents, they must be produced.  As provided by the governing protective order, the law enforcement documents may be produced with certain redactions or as Highly Confidential – Attorneys' Eyes Only Information.  If you still intend to withhold any of these documents, please provide in writing further explanations supporting your privilege claims for each of the challenged documents.  Otherwise, please produce the contested documents no later than July 3, 2020.  Defendants request to add a discussion of these contested documents to our upcoming meet-and-confer session.  Thank you for your attention to this matter.

Sincerely,

*/s/ Laura Flahive Wu*
Laura Flahive Wu

*Counsel for Defendant*
*McKesson Corporation*