IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>  Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>  Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>  Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO OBJECTION TO SPECIAL MASTER'S DISCOVERY RULING NO. 9**

Plaintiffs are advancing a claim for *future* abatement spending, and Defendants are thus entitled to discovery of Plaintiffs' *prior* abatement spending to determine whether Plaintiffs' projections of future spending are reasonable in light of past spending.

Plaintiffs' response to Defendant's Objection to Discovery Ruling No. 9 ("DR9"), Dkt. 659 ("Objection"), completely misses the point.  The issue is not whether Plaintiffs have provided "written and document discovery" or have "produced numerous documents" related to their abatement remedy.  Response, Dkt. 675, at 1, 5.  Nor is the issue whether Plaintiffs will present "evidence and testimony offered by expert witnesses at trial" or whether "calculations

1

related to Plaintiffs' abatement remedies will be the subject of fully-supported and detailed expert witness opinion(s)." *Id*. at 7.

The issue instead is that Plaintiffs' ***past abatement spending*** is centrally relevant to their claim for ***future*** costs of abatement, and is critical to Defendants' ability to test (and refute) the expert testimony Plaintiffs intend to present in support of their abatement claim. Plaintiffs never answer this point, and there is no answer. Plaintiffs' ***past*** abatement spending is a critical factual benchmark for claimed ***future*** abatement spending.

Plaintiffs offer no response to Defendants' argument that it was legal error and an abuse of discretion for Judge Wilkes to reach the unfounded, premature and disputed conclusion that prior abatement efforts "have not been successful." Objection at 6-7. Nor do Plaintiffs offer any response to Defendants' point that, whether or not prior abatement efforts succeeded, prior spending on those efforts bears directly on a claim for what Plaintiffs will spend in the future. *Id*. at 2-3, 7. Nor do Plaintiffs answer Defendants' argument that it was illogical and demonstrably erroneous for Judge Wilkes to conclude that ***prior*** spending has "marginal value" in gauging ***future*** spending. *Id*. at 6.

Far from refuting Defendants' Objection to DR9, the Response in fact demonstrates why Defendants are entitled to discovery of Plaintiffs' prior abatement spending. Plaintiffs acknowledge they have "provided Defendants with a preliminary list of categories of abatement damages," Response at 3, yet they never suggest they have provided their ***prior abatement spending*** in these "categories of abatement damages." That is the core point of Defendants' Objection to DR9, and Plaintiffs concede it. Evidence of ***past*** spending in each of these "categories of abatement damages" is directly relevant to Plaintiffs' claim for ***future*** spending in these "categories." Objection at 2-3, 6-7.

Plaintiffs miss the issue when they argue that "the scope of the remedy will depend on evidence and testimony offered by expert witnesses at trial." Response at 7. Defendants are entitled to fact discovery that will allow to them to test (and likely refute) Plaintiffs' expert testimony. Objection at 8-9. Plaintiffs intend to present experts who will project *future* abatement spending. Evidence of Plaintiffs' *prior* abatement spending is critically important to Defendants' ability to respond to that expert testimony. *Id*. Plaintiffs again offer no answer on this point.

Plaintiffs concede they have been engaged in abatement efforts over many years to address the opioid abuse epidemic. Response at 3-4. And they do not dispute Defendants' point that those efforts have at least been partially successful. Objection at 2 & n.1. The amount that Plaintiffs have spent *in the past* on these abatement efforts is directly and centrally relevant to their claim for what they will spend *in the future* on these abatement efforts. *Id*. at 3, 6. Judge Wilkes thus erred as a matter of law, and thereby abused his discretion, in concluding (DR9, at 4) that these past abatement efforts are of "marginal value" to Plaintiffs' claimed abatement remedy, and in making an unfounded factual determination that prior abatement efforts "have not been successful." Objection at 6-7. Further, whether or not prior abatement efforts have succeeded, *past* spending on abatement is critical discovery that bears directly on a claim for *future* abatement spending. *Id*. at 2-3, 6-7.

**CONCLUSION**

For the foregoing reasons and those stated in Defendants' Objection, the Court should set aside DR9 and issue an order directing Plaintiffs to provide the following categories of discovery related to their claim for abatement:

1. A complete list of the categories of abatement damages that each Plaintiff seeks in this litigation, including those categories "proffered" by counsel on June 13, 2020,

as well as a summary of the proposed abatement programs that are included in each category.

2. All documents reflecting the money spent within each of those categories by Huntington or Cabell County.

3. All accounting data, from at least 2009-2019, both revenue and expense, for any and all agencies, divisions or departments that have incurred, or are expected to incur in the future, any opioid-related expenditures. This must include at least accounting data for the Huntington Police Department, Huntington Fire Department, Cabell County Sheriff's Department, Cabell County Prosecuting Authority's Office, and Cabell County Emergency Medical Services. This should include annual reports and operational datasets reflecting all spending in the categories identified in response to Paragraph 1 above.

4. All documents and data reflecting or describing funding that Plaintiffs provided to hospitals, clinics, or treatment facilities engaged in providing treatment or other services in relation to opioid abuse disorder or other opioid-related issues.

Respectfully submitted,

***Cardinal Health, Inc.***
By Counsel:

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
707 Virginia St., E., Ste. 901
Charleston, West Virginia 25301
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
sruby@cdkrlaw.com
rfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com

lheard @wc.com
ahardin@wc.com


*McKesson Corporation*
By Counsel:

<u>/s/ Jeffrey M. Wakefield</u>
Jeffrey M. Wakefield (WVSB #3894)
Jason L. Holliday (WVSB #12749)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Tel: (304) 345-0200
jwakefield@flahertylegal.com
jholliday@flahertylegal.com

<u>/s/ Carol Dan Browning</u>
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
Tel: (502) 587-3400
cbrowning@stites.com

<u>/s/ Timothy C. Hester</u>
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

*AmerisourceBergen Drug Corporation*
By Counsel:

<u>/s/ Gretchen M. Callas</u>
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC

Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 9th day of July, 2020, the foregoing **"Defendants' Reply to Plaintiffs' Response in Opposition to Objection to Special Master's Discovery Ruling No. 9"** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

<i>/s/ Steven R. Ruby</i><br>
Steven R. Ruby (WVSB #10752)