IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

---

**AGREED DISCOVERY RULING**

    Defendant Cardinal Health, Inc., on behalf of all Defendants, has issued a subpoena duces tecum (the "Subpoena") to the West Virginia Board of Pharmacy ("BOP"). The Subpoena requires the production of certain documents and materials within BOP's possession, custody, or control, including custodial files of certain current and former BOP personnel. BOP believes that these custodial files may include information from BOP's Controlled Substances Monitoring Program ("CSMP"), implicating the confidentiality provision of W. Va. Code § 60A-9-5. It is therefore **ORDERED** that BOP is authorized to produce documents and materials in response to any request for custodial files made pursuant to the Subpoena, notwithstanding that CSMP information may be included in such a production. This ruling does not allow access to the CSMP itself; rather, it

allows access only to BOP emails that are produced subject to the Subpoena and may contain information from the CSMP. This ruling is without prejudice to any separate request seeking access to the CSMP itself.

BOP further believes that the custodial files whose production the Subpoena requires may include personal health information ("PHI") or information subject to privacy requirements under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). BOP does not intend to produce from such custodial files PHI or information that is subject to HIPAA privacy requirements. It is therefore **ORDERED** as follows:

1) If any such information is included in BOP's productions of custodial files, the disclosure of that information is deemed inadvertent.

2) Any party that determines it has received such information from BOP must promptly notify BOP, upon which notification BOP will produce a redacted copy of the document containing the information and the party or parties that received the document must promptly return or destroy it.

3) If BOP determines that it has inadvertently produced such information, it must promptly produce a redacted copy of the document containing the information and the party or parties that received the document must promptly return or destroy it.

RESPECTFULLY SUBMITTED,

Dated: July 10th, 2020

Christopher C. Wilkes
Special Master