IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **The City of Huntington,**<br>　　　　**Plaintiff,**<br>v.<br><br>**AmerisourceBergen Drug Corporation, et al.**<br>　　　　**Defendants.** | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| **Cabell County Commission,**<br>　　　　**Plaintiff,**<br>v.<br><br>**AmerisourceBergen Drug Corporation, et al.**<br>　　　　**Defendants.** | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

## NOTICE OF REMOTE VIDEOTAPED 30(B)(6) DEPOSITION OF PUBLIC EMPLOYEES INSURANCE AGENCY

**PLEASE TAKE NOTICE** that, pursuant to the applicable Federal Rule of Civil Procedure 30(B)(6) and the Deposition Protocol governing this litigation, Defendants, by and through undersigned counsel, will take the remote, oral, videotaped deposition of the designee identified by Public Employees Insurance Agency, on **July 27, 2020**, beginning at **10:00 a.m. Eastern Standard Time**. The deposition will be on the Topics for Examination—as set forth in Attachment A to the Subpoena to Testify at a Deposition in a Civil Action, attached here as Exhibit 1.

Court reporting services and video recording services will be provided by Veritext Legal Solutions via alternative video teleconferencing (VTC) services (Zoom). Parties who wish to access the deposition by phone may dial in using conference call number 646-568-7788 and access code 8030287568.

The deposition shall be videotaped and recorded stenographically and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rule of

Civil Procedure 30(B)(6), the local rules of the United States District Court for the Southern District of West Virginia, and all Pretrial Orders and Case Management Orders entered by the Court.

Dated:  July 10, 2020	Respectfully submitted,

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Mark H. Lynch*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

*Counsel for McKesson Corporation*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on 10th day of July, 2020, the forgoing was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, and via electronic mail at mdl2804discovery@motleyrice.com and track2opioiddefendants@reedsmith.com.

Dated:  July 10, 2020  */s/ Mark H. Lynch*
Mark H. Lynch

# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|

The deposition will be recorded by this method:

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO DEPOSITION SUBPOENA ON THE
## WEST VIRGINIA PUBLIC EMPLOYEES INSURANCE AGENCY

### **DEFINITIONS**

The following terms shall have the meanings set forth below. Notwithstanding any definition set forth below, each word, term, or phrase used herein is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of Procedure for the Southern District of West Virginia.

1. "Prescription Opioid(s)" refers to FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including, but not limited to, prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in West Virginia only through prescriptions written by duly licensed and DEA-registered prescribers.

2. "Alternative Treatment(s)" means all alternative (non-Prescription Opioid) drugs, treatments, procedures, or therapies used to treat chronic pain or opioid addiction, including, but not limited to, counseling, cognitive behavioral therapy, physical therapy, weight loss, massage, meditation, chiropractic services, acupuncture/acupressure, in-patient and out-patient drug rehabilitation programs, and abuse-deterrent forms of Prescription Opioids.

3. "Person" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(6), and means any natural person or any business, legal or governmental entity or association, individual, corporation, firm, partnership, joint venture, unincorporated association, trade association, governmental entity, dealer group, council or other incorporated or unincorporated entity, business entity, or group of individuals or entities, singular or plural, as the content may require.

4. "You" or "Your" refer to the West Virginia Public Employees Insurance Agency ("PEIA") and its divisions, subdivisions, offices, or departments, and all others acting or purporting to act on Your behalf, or controlled by You, including any affiliates, programs, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces.

5. "Plaintiffs" means the plaintiffs named in this action, the City of Huntington and Cabell County, including but not limited to, its executive and legislative branches, agencies, offices, departments, divisions, commissions, committees, subcommittees, boards, directors, administrators, employees, officers, directors, shareholders, agents, contractors, vendors, instrumentalities, representatives, counsel, and all persons and entities acting or purporting to act under their control or on their behalf.

6. "Defendants" means all defendants named in *City of Huntington v. AmerisourceBergen Drug Corp., et al*., Civil Action No. 3:17-01362, and *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01665, as of the date of this notice, and their present or former officers, directors, shareholders, employees, agents, representatives, counsel and all persons and entities acting or purporting to act under their control or on their behalf.

7. "Plaintiff Jurisdictions" refers to Cabell County, West Virginia, and the City of Huntington, West Virginia.

8. "Suspicious" refers to individuals, entities, or claims associated with orders of unusual size, orders deviating substantially from a normal pattern, or orders of unusual frequency.

9. "Illicit Opioid(s)" means substances comprised of or containing natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body that are not approved

by the FDA, including but not limited to heroin, fentanyl, carfentanil, other fentanyl-type analogs, and counterfeit opioid medications.

10. "Controlled Substance" means any substance identified as a Schedule I-V substance pursuant to 21 U.S.C. § 812.

11. "Communication" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(1), and means any transmission of information (whether formal or informal) by one or more Persons and/or between two or more Persons by means including, but not limited to, telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other computer linkups, written memoranda, and face-to-face conversations.

12. "Concerning," in addition to its other customary and usual meanings, means relating to, discussing, constituting, mentioning, pertaining to, referring to, dealing with, assessing, recording, describing, regarding, touching upon, and/or summarizing.

13. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass "and" as well as "or," as necessary to bring within the scope of these topics any information that might otherwise be construed as falling outside the scope of these topics.

**TOPICS FOR EXAMINATION**

The topics upon which the person or persons designated by You are asked to be prepared to testify in accordance with Rule 30(b)(6) are:

*Access to Opioid Dispensing Data*

1. Your policies, procedures, and practices for processing, tracking, and adjudicating claims for reimbursement for Prescription Opioids and/or Alternative Treatments in the Plaintiff Jurisdictions.

2. Data that You collected or had access to concerning the prescribing, dispensing, or reimbursement of Prescription Opioids and/or Alternative Treatments in the Plaintiff Jurisdictions.

3. The status or placement of all Prescription Opioids on all drug formularies or preferred drug lists in the Plaintiff Jurisdictions, including any changes made to such formularies over time.

4. Your identification of Suspicious pharmacies, providers, patients, and claims located in or serving the Plaintiff Jurisdictions.

5. Your prospective, retrospective, concurrent, or other utilization reviews of Prescription Opioids in the Plaintiff Jurisdictions, and the results of such reviews.

6. Your coverage, cost, and/or reimbursement of Prescription Opioids and Alternative Treatments in the Plaintiff Jurisdictions, including the inclusion or removal of Prescription Opioids or Alternative Treatments on any drug formularies or preferred drug or treatment lists, and any rebates concerning the same.

7. Your knowledge of, access to, and use of any system that tracks the dispensing of Controlled Substances by pharmacies to residents in the Plaintiff Jurisdictions, including the West

Virginia Controlled Substances Monitoring Program, the RxDataTrack CSAPP, or any repository established under WV Code § 60A-9.

*Knowledge Of And Efforts Taken In Response To Opioid Abuse*

8. Your understanding of the meaning of the term "suspicious orders" in connection with orders for Controlled Substances.

9. Your knowledge of and efforts taken in response to the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, distribution, purchase, or trafficking of Prescription Opioids in the Plaintiff Jurisdictions.

10. Your collaboration or partnership with any federal, state, or local agency, including, but not limited to, the West Virginia Board of Medicine, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia State Board of Examiners for Licensed Practical Nurses, and the West Virginia State Board of Examiners for Registered Professional Nurses to combat opioid diversion or abuse.

11. Your collaboration or partnership with any other entity funded in whole or in part by the State of West Virginia, including but not limited to West Virginia University, to combat opioid diversion or abuse.

12. Your collaboration or partnership with any federal, state, or local organization, association, or task force to combat opioid diversion or abuse in the Plaintiff Jurisdictions.

13. Your Communications with any of the following entities regarding Prescription Opioids, and Prescription Opioid and Illicit Opioid addiction, abuse, or diversion in the Plaintiff Jurisdictions:

    a. Local, state, or federal agencies, commissions, departments, or task forces;

    b. Wholesale pharmaceutical distributors, including Defendants;

5

      c.      Manufacturers of Prescription Opioids;

      d.      Pharmacies, pharmacists, physicians, dentists, nurses, or other health care professionals;

      e.      Citizens of the Plaintiff Jurisdictions;

      f.      Attorneys for Plaintiffs in this action; and

      g.      Plaintiffs.

14. Your understanding of what constitutes diversion of Prescription Opioids, and the ways in which Prescription Opioids have been diverted in the Plaintiff Jurisdictions.

*Consideration of Legitimate Medical Needs*

15. Any guidance, continuing education, training, presentations, policies, procedures, or resources that You provide physicians or other health care professionals regarding appropriate practices when prescribing or dispensing Prescription Opioids.

16. The benefits and efficacy of Prescription Opioids for the treatment of chronic, non-cancer pain, to patients, and as understood by physicians, prescribers, and other health care professionals in the Plaintiff Jurisdictions.

17. The legitimate use of Prescription Opioids.

*Causation*

18. The causes of opioid use among residents in the Plaintiff Jurisdictions, including:

      a.      Any studies or analyses of the causes of opioid abuse;

      b.      Any individuals or entities You have identified as a cause of opioid abuse; and

      c.      Any medical or other advice You have relied upon in determining the causes of opioid abuse in West Virginia.

*Organization Structure*

19. Your structure, organization and hierarchy, including the location of its offices, departments, and personnel, related to prescription drug abuse monitoring, enforcement, and treatment.

*Subject Matter of Documents*

20. The subject matter of the document requests in Attachment A to the Subpoena to Produce Documents, Information, or Objects served on PEIA by McKesson Corporation.