**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                        Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                          Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

### PLAINTIFFS' NOTICE OF SUBPOENA FOR THE DEPOSITION OF TODD DAVIES

    PLEASE TAKE NOTICE that pursuant to the applicable Federal Rules of Civil Procedure and all other orders and rules governing this litigation, Plaintiffs, by and through undersigned counsel, will take the oral videotaped deposition of **Todd Davies**, on **July 27, 2020** at **10:00 AM remotely** or another date, time, and location to be determined at the mutual convenience of the parties. Attached hereto as Exhibit 1 is a copy of the subpoena to Todd Davies for attendance at the deposition.

    The deposition shall be videotaped and recorded stenographically and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The oral examination is to be taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Southern District of

West Virginia, and all Pretrial Orders and Case Management Orders entered by the Court. Court reporting services and video recording services will be provided by Golkow Global Litigation Services.

Dated: July 10, 2020                                                                 Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* <br> Anne McGinness Kearse (WVSB No. 12547) <br> Joseph F. Rice <br> **MOTLEY RICE LLC** <br> 28 Bridgeside Blvd. <br> Mount Pleasant, SC 29464 <br> Tel:  843-216-9000 <br> Fax:  843-216-9450 <br> akearse@motleyrice.com <br> jrice@motleyrice.com | /s/ *Paul T. Farrell, Jr.* <br> Paul T. Farrell, Jr., Esq. (WVSB No. 7443) <br> **FARRELL LAW** <br> P.O. Box 1180 <br> Huntington, WV 25714-1180 <br> 422 Ninth Street, 3rd Floor <br> Huntington, West Virginia 25701 <br> office: 304.523.7285 <br> cell: 304.654.8281 <br> email: paul@farrell.law |
| Linda Singer <br> David I. Ackerman <br> **MOTLEY RICE LLC** <br> 401 9th Street NW, Suite 1001 <br> Washington, DC 20004 <br> Tel: 202-232-5504 <br> Fax: 202-386-9622 <br> lsinger@motleyrice.com <br> dackerman@motleyrice.com | Michael A. Woelfel (W.Va. Bar ID 4106) <br> **WOELFEL AND WOELFEL, LLP** <br> 801 Eighth Street <br> Huntington, West Virginia 25701 <br> 304.522.6249 <br> 304.522.9282: fax <br> mikewoelfel3@gmail.com |
| Charles R. "Rusty" Webb (WVSB No. 4782) <br> **THE WEBB LAW CENTRE, PLLC** <br> 716 Lee Street, East <br> Charleston, West Virginia 25301 <br> Telephone: (304) 344-9322 <br> Facsimile: (304) 344-1157 <br> rusty@rustywebb.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2020, the PLAINTIFFS' NOTICE OF SUBPOENA FOR THE DEPOSITION OF TODD DAVIES was served on all counsel via email only to plaintiffs' listserv at [mdl2804discovery@motleyrice.com](mdl2804discovery@motleyrice.com) and defendants' listservs at [track2opioiddefendants@reedsmith.com](track2opioiddefendants@reedsmith.com).

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)

# EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | |
|---|---|
| The City of Huntington, West Virginia, et. al.,<br>*Plaintiff*<br>v.<br>AmerisourceBergen Drug Corporation, et. al.,<br>*Defendant* | ) ) ) ) ) ) Civil Action No. 3:17-cv-01362 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Todd Davies, Ph.D., Marshall Health and Marshall University, C/O Joel Jones Campbell Woods, PLLC, 1002 Third Ave., Huntington, WV 25719; joeljones@campbellwoods.com

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Remotely (or another negotiated location) | Date and Time: 07/27/2020 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and/or by video and audio recording.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/10/2020

*CLERK OF COURT*

OR

/s/ Anne Kearse

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, CIty of Huntington and Cabell County Commission , who issues or requests this subpoena, are:
Anne Kearse, Motley Rice, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464; 843-216-9000; akearse@motleyrice.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:17-cv-01362

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print]   [Save As...]   [Add Attachment]   [Reset]

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).