IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL DEFENDANTS
TO IDENTIFY PRODUCTIONS THEY CANNOT AUTHENTICATE**

Defendants have every intention to work constructively with Plaintiffs to limit disputes concerning the authenticity of documents produced from their custodial files. Indeed, as Plaintiffs concede (Br. at 5), Defendants have repeatedly offered to stipulate to the authenticity of a reasonable number of documents that Plaintiffs intend to admit via motion or at trial.[1] But Plaintiffs are requesting indiscriminate authentication of more than 4.5 million documents

---

[1] *See, e.g.*, Ex. 1 (2020.07.01 Ltr. from L. Flahive Wu to M. Fuller).

1

produced in opioid cases across the country. This is not a reasonable stipulation concerning authenticity; it is a waiver of authenticity altogether.

Defendants cannot as a practical matter review and authenticate millions of documents in advance of trial, and there is no legal or equitable requirement for them to do so. It is well-established that authentication concerns the admissibility of "an item of evidence,"[2] and that authentication need only be determined when an item of evidence is submitted in connection with a motion or introduced at trial. Plaintiffs' purported authentication motion—which does not seek to admit anything and does not relate to any specific "item of evidence"—is premature, inefficient, and improper.

As this case proceeds, Plaintiffs will inevitably identify a reasonable subset of documents that they actually intend to use; that number will necessarily be far smaller than the aggregate total of all documents Defendants have produced across the country. Once Plaintiffs have done so, Defendants fully expect that they will be able to stipulate to the authenticity of that reasonable subset of documents. But Defendants cannot stipulate to the authenticity of every document in the abstract, and Plaintiffs cite no authority in support of the relief they seek. This Court should deny Plaintiffs' motion, and defer any decisions concerning authenticity unless and until the issue arises in the event of actual disputes over authenticity of specific documents.

---

[2] *See* Fed. R. Evid. 901(a); *United States v. Yu*, 411 F. App'x 559, 566 (4th Cir. 2010) ("It is a fundamental rule of evidence that authentication or identification of physical evidence is 'a condition precedent to admissibility[.]'"); *see also* Br. at 4 (conceding that the "evidentiary concepts" of authentication and relevancy "are considered together *when determining the admissibility of exhibits or documents*" (emphasis added)).

**ARGUMENT**

**I.    IT IS PREMATURE AND INEFFICIENT TO EXPLORE AUTHENTICITY BEFORE THE CLOSE OF DISCOVERY.**

As an initial matter, Plaintiffs' motion is premature. Discovery remains ongoing, and it is improper and inefficient to address issues of authentication now, before the record is closed. Indeed, ***every single one*** of the cases cited in Plaintiffs' motion[3] and June 18, 2020 email[4] make clear that authentication should be addressed ***after the close of discovery***, when parties have identified a reasonable subset of documents they actually intend to introduce through motion or at trial.

---

[3] *See Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1167–70 (10th Cir. 2009) (considering authenticity of documents submitted with summary judgment motion "[a]fter the close of discovery"); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 & n. 20 (9th Cir. 2002) (same); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) (considering authenticity of documents admitted at trial); *Menalco v. Buchan*, 2010 U.S. Dist. LEXIS 8042, at *36–37 (D. Nev. Feb. 1, 2010) (considering authenticity of documents submitted with summary judgment motion); *Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc.*, 621 F. Supp. 2d 1173, 1182–83 (D. Utah 2009) (considering authenticity of documents submitted with motion for judgment); *U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938, at *14–15 (S.D.N.Y. Aug. 1, 2006) (considering authenticity of documents submitted with summary judgment motions).

[4] *See Del Campo v. Am. Corrective Counseling Serv.*, 718 F. Supp. 2d 1116, 1123 n.10 (N.D. Cal. 2010) (noting that "documents do not automatically become a part of the record simply because they are the product of discovery" and affirming authenticity only of documents introduced on summary judgment); *see also Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1101 (10th Cir. 2005) (considering authenticity of documents admitted at trial); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991) (considering authenticity of documents submitted with summary judgment motion); *United States v. Habteyes*, 356 F. Supp. 3d 573, 581 (E.D. Va. 2018) (considering authenticity of documents submitted with pretrial motion *in limine*); *Robinson v. City of Garland*, 2016 U.S. Dist. LEXIS 132447, at *10–16 (N.D. Tex. Aug. 17, 2016) (considering authenticity of documents submitted with summary judgment motion); *Rijhwani v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 131676, at *2 (N.D. Cal. Sep. 28, 2015) (considering authenticity of motion exhibits). A copy of Plaintiffs' June 18, 2020 email correspondence is attached as Exhibit A to Plaintiffs' motion.

Plaintiffs claim that "[t]his issue must be addressed . . . during discovery in order for Plaintiffs to resolve any concerns with authenticity during upcoming depositions" and make the outlandish suggestion that, if their motion is not granted, they will need to depose or serve trial subpoenas on "hundreds, if not thousands, of individuals." Br. at 2. But this concern is simply not realistic. Plaintiffs will not attempt to introduce into evidence every single one of the millions of documents Defendants have produced, and Defendants have repeatedly offered to stipulate to the authenticity of a reasonable number of documents that Plaintiffs intend to admit via motion or at trial in this case.[5] Defendants cannot be forced to agree to authenticity in the abstract, before they know which documents Plaintiffs wish to authenticate. Plaintiffs' proposal, which requires an agreement on authenticity of millions of documents now, in the middle of fact discovery, is inefficient and would constitute a tremendous waste of the parties' and the Court's limited time and resources.

In the event of document-specific authenticity objections, those can be addressed by the parties and the Court at the appropriate time (as Plaintiffs' own cases demonstrate). But Plaintiffs' implausible concerns regarding purely hypothetical authenticity objections provide no basis for entry of the extraordinary and unprecedented order Plaintiffs seek.

## II. PLAINTIFFS' REQUEST FOR BLANKET AUTHENTICATION OF EVERY DOCUMENT PRODUCED IN DISCOVERY IS PROCEDURALLY AND SUBSTANTIVELY IMPROPER.

Both the federal rules and controlling precedent make clear that authentication is only necessary for admission of an "item of evidence." *See* Fed. R. Evid. 901(a); *United States v. Yu*, 411 F. App'x 559, 566 (4th Cir. 2010) ("[i]t is a fundamental rule of evidence that authentication . . . is a condition precedent to admissibility"). Plaintiffs concede this critical point, noting that

---

[5] *See, e.g.*, Ex. 1 (2020.07.01 Ltr. from L. Flahive Wu to M. Fuller).

4

the issue of authentication (together with relevancy), should be considered "when determining the admissibility of exhibits or documents." Br. at 4.

Plaintiffs' motion does not seek to admit anything, nor does it relate to any specific "item of evidence." Rather, Plaintiffs' motion requests an abstract Court order "finding that all productions by [Defendants] are authentic unless the producing party can demonstrate" otherwise. Br. at 3. There is simply no basis, legal or otherwise, for such an order. Moreover, Plaintiffs' proposal conflicts with the plain language of Rule 901(a), which states that ***"the proponent"*** of a particular item of evidence—*i.e.* Plaintiffs (if they had actually identified an item of evidence)—bears the burden of establishing authenticity. Fed. R. Evid. 901(a). Plaintiffs acknowledge that they are "flip[ping] this on its head," Br. Ex. A at 1 (June 19, 2020 Email from M. Fuller to D. Rice), but cite absolutely no authority in support of their attempt to do so. There is none.

Contrary to Plaintiffs' suggestion (Br. at 4), it is well established that documents ***are not*** automatically authenticated simply because they were produced in discovery. *Jonathan Pepper Co. v. Hartford Cas. Ins. Co.*, 520 F. Supp. 2d 977, 981 (N.D. Ill. 2007) ("None of the cases [defendant] has cited support the proposition that any document plaintiffs produced in discovery from whatever source are automatically authenticated simply because plaintiffs produced them. This position defies logic.").[6] Thus, while Rule 902 sets forth a list of "items of evidence [that] are self-authenticating," it does not include all documents produced by the opposing party in discovery. *See* Fed. R. Evid. 902.

Although the production history of a document may be relevant to the authentication analysis, that is only true with respect to documents ***offered into evidence***—*i.e.*, those documents

---

[6] *Cf. Hoffman v. Applicators Sales And Serv., Inc.*, 439 F.3d 9, 15 (1st Cir. 2006) ("documents do not automatically become a part of the record simply because they are the products of discovery"); *Del Campo*, 718 F. Supp. 2d at 1123 n.10 (same).

5

for which authentication is necessary and proper. *See, e.g.*, *Menalco v. Buchan*, 2010 U.S. Dist. LEXIS 8042, at *36–37 (D. Nev. Feb. 1, 2010) ("Documents produced in discovery are deemed authentic *when offered by a party opponent*.") (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 & n. 20 (9th Cir. 2002)); *U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938, *17–18 (no authority for the proposition that documents can be authenticated "on the basis of the presence of a Bates stamp alone"). As the cases cited in Plaintiffs' motion make clear, authentication is not decided in the abstract, but rather is a document-specific inquiry determined when a party seeks admission of a document via motion or at trial. *See supra* nn. 3 & 4.

Plaintiffs' motion makes clear why blanket authentication is particularly improper in this case: Defendants "have together produced more than 4.5 million documents from hundreds of custodial and non-custodial sources," "authored by hundreds, if not thousands, of individuals, including current and former employees." Br. at 2. Many of those documents were produced in other opioid cases and have nothing to do with the Cabell-Huntington litigation. It is unreasonable for Plaintiffs to demand that Defendants stipulate as to the authenticity of *every single one* of those documents, which necessarily include (1) millions of documents that Plaintiffs have no intention of using and (2) jurisdiction-specific documents that are wholly irrelevant to this case.

Although Plaintiffs assert that it would "inefficient" for them "to identify which documents they want authenticated," Br. at 5, that statement is illogical. In the course of drafting dispositive motions and preparing for trial, Plaintiffs must inevitably identify a subset of documents that they intend to admit into evidence. That work will occur organically as the case proceeds, and is necessarily more efficient than forcing Defendants to spend countless hours attempting to identify which of their millions of produced documents are subject to valid authenticity objections.

6

Plaintiffs provide zero explanation as to why authenticity must be determined now, before they have actually done the work of identifying the documents they intend to use.

The relief Plaintiffs seek is extraordinary, unprecedented, and contrary to the plain language of Rule 901(a). Moreover, given Defendants' stated willingness to consider stipulating to a reasonable number of motion and trial exhibits, Plaintiffs' motion is unnecessary and inefficient.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Compel Defendants to Identify Productions They Cannot Authenticate.

Dated: July 13, 2020

Respectfully Submitted,

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky 40202
Telephone: (502) 587-3400
Facsimile: (502) 587-6391
cbrowning@stites.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Cardinal Health, Inc.*
By Counsel:

*/s/ Steven R. Ruby*
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)

8

Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@csdlawfirm.com
rfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 13th day of July, the foregoing "MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO IDENTIFY PRODUCTIONS THEY CANNOT AUTHENTICATE" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)