# EXHIBIT 1

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
T  +1 202 662 6000

**By Email**                                                                                                          July 1, 2020

Michael J. Fuller
McHugh Fuller Law Group
97 Elias Whiddon Rd
Hattiesburg, MS 39402
Mike@mchughfuller.com

All Plaintiffs' Counsel
mdl2804discovery@motleyrice.com

Re:  *City of Huntington v. AmerisourceBergen Drug Corp. et al.*, 3:17-cv-01362 (S.D.W. Va.); *Cabell County Commission v. AmerisourceBergen Drug Corp. et al.*, 3:17-cv-01665 (S.D.W. Va.) – Plaintiffs' Request for Blanket Authentication of Discovery Documents

Dear Counsel:

I write on behalf of Defendants AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation (collectively, "Defendants") in response to Plaintiffs' request for blanket authentication of every single document produced by Defendants in all opioid cases.  For the reasons set forth below, Plaintiffs' request is premature and improper.

***First***, discovery remains ongoing, and it is premature and inefficient to explore issues of authentication now, before the record is closed.  Indeed, the cases cited in your June 18, 2020 email make clear that authentication should be decided after the close of discovery, when parties have identified a reasonable subset of documents they actually intend to introduce through motion or at trial.[1]  Exploring authentication now would constitute a waste of the parties' limited time and resources.

---

[1] *See, e.g.*, *Del Campo v. Am. Corrective Counseling Serv.*, 718 F. Supp. 2d 1116, 1123 n.10 (N.D. Cal. 2010) (noting that "documents do not automatically become a part of the record simply because they are the product of discovery" and affirming authenticity only of documents introduced on summary judgment); *see also Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1167–70 (10th Cir. 2009) (considering authenticity of documents attached to summary judgment motion "[a]fter the close of discovery"); *Chavez v. Thomas & Betts Corp.*, 396 F.3d

**COVINGTON**

July 1, 2020
Page 2

      **Second**, it is unusual and improper for a party to seek blanket authentication of *every single* document produced in discovery without regard for which documents it actually intends to use.  Blanket authentication is particularly improper in the context of this litigation, as Defendants have individually and collectively produced millions of documents in the different opioid cases pending across the country.  The federal rules make clear that authentication of a document is only necessary "in order to have it admitted."  *See* Fed. R. Evid. 901(a).  Here, Plaintiffs do not seek to admit any particular document.  Rather, Plaintiffs seek indiscriminate authentication of *all* documents produced by Defendants, necessarily including (i) documents that it has no intention of using and (ii) jurisdiction-specific documents that are irrelevant to the Cabell-Huntington litigation.  Plaintiffs have not cited any authority that entitles them to such expansive and all-encompassing document authentication.

      As previously communicated, Defendants are willing to consider stipulating to the authenticity of a reasonable number of documents that Plaintiffs identify as potential motion or trial exhibits.  But Defendants will not stipulate in the abstract to the authenticity of each of the millions of documents they have produced in opioid litigation across the country.

      Defendants remain willing to meet and confer on this issue.

                                                        Sincerely,

                                                        */s/ Laura Flahive Wu*

                                                        Laura Flahive Wu

---

1088, 1101 (10th Cir. 2005) (considering authenticity of documents introduced at trial); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 & n. 20 (9th Cir. 2002) (considering authenticity of documents attached to summary judgment motions); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991) (considering authenticity of trial exhibits); *United States v. Habteyes*, 356 F. Supp. 3d 573, 581 (E.D. Va. 2018) (considering authenticity of documents in context of pretrial motion in limine); *Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc.*, 621 F. Supp. 2d 1173 (D. Utah 2009) (considering authenticity of documents attached to motion for judgment).