IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CITY OF HUNTINGTON, WEST VIRGINIA,

    Plaintiff,                                                 Case No.: 3:17-cv-01362

vs.

AMERISOURCEBERGEN DRUG CORPORATION, et al.,

    Defendants

CABELL COUNTY COMMISSION,

    Plaintiff,

vs.                                                         Case No.: 3:17-cv-01665

AMERISOURCEBERGEN DRUG CORPORATION, et al.

    Defendants.

**PLAINTIFFS CABELL COUNTY COMMISSION AND CITY OF HUNTINGTON'S MOTION TO COMPEL THE IDENTIFICATION OF DILIGENCE FILES**

Plaintiffs, City of Huntington and Cabell County Commission, hereby submit this Motion to Compel Discovery against Defendant McKesson Corporation (hereinafter "McKesson") pursuant to Rule 37 of the Federal Rules of Civil Procedure. For the reasons that follow, McKesson should be compelled to identify all diligence files it intends to rely on during the trial of this matter.[1]

---

[1] The parties have met and conferred on the issue raised in this motion. However, following that meet and confer McKesson has failed to provide an answer concerning whether they will agree to identify all diligence materials in question thus necessitating this motion.

The Special Master is well aware of the history of this dispute, which must again be raised due to McKesson's continued refusal to produce the discovery ordered in Discovery Ruling No. 2. Specifically, McKesson has yet to comply with the Special Master's order that it identify all due diligence related to its Huntington/Cabell County customers. Plaintiffs move now for an additional order requiring such compliance.

Plaintiffs' First Combined Discovery Request No. 4 asked McKesson to:

> **Please produce the due diligence file for each of your customers in CT2. Please identify the Bates range which corresponds to each due diligence file to enable a jury to correlate each due diligence file to each of your customers.**

In Discovery Ruling No. 2, the Special Master ordered McKesson to identify the Bates ranges for each due diligence file for each pharmacy it served in the City of Huntington and Cabell County. *See* DR 2 at 5. Although McKesson supplemented its response on March 17, 2020, the response includes language stating that "McKesson continues to collect, review and produce documents from the files of ESI custodians. Those files may contain diligence-related documents for McKesson customers in Cabell County and the City of Huntington, West Virginia." *See* McKesson's Second Supplemental Objections and Responses to Plaintiffs' First Combined Discovery Requests at 12; attached as "Ex. A" hereto.

It was Plaintiffs' expectation based on McKesson's response above that McKesson would be supplementing additional information concerning due diligence materials located in the files of its ESI custodians. However, although discovery closed on June 12, 2020, McKesson still has not identified where in its custodial productions any additional due diligence documents are located. McKesson should therefore be compelled forthwith to identify by Bates range any

documents in its productions, not previously identified – including those in custodial files – that encompasses the due diligence it conducted on its own customers in Cabell County.

As the Special Master has directed, "needle-in-haystack discovery is not appropriate with regard to Combined Request No. 4." DR 2 at 5. Moreover, the Special Master has affirmed that decision repeatedly as to Defendant Cardinal Health (*see* DR 4 and DR 7) and there is no reason to treat McKesson's obligation as to that request any differently here.

Therefore, Plaintiffs respectfully request that the Court enter an order compelling McKesson to respond fully to Plaintiffs' Combined Discovery Request No. 4 by identifying all documents it considers part of its due diligence for its Cabell County customers along with the corresponding Bates numbers for that due diligence.

Respectfully submitted this 14th day of July, 2020.

*(s) Brandon L. Bogle*
Brandon L. Bogle, Esq. FL Bar #52624
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
bbogle@levinlaw.com
(850) 435-7043 (Telephone)
(850) 435-7020 (Facsimile)

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this the 14th day of July, 2020, the foregoing document was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*(s) Brandon L. Bogle*
Brandon L. Bogle
