IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants.<br>_____<br><br>CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362<br><br><br><br><br><br><br><br><br>Civil Action No. 3:17-01665 |

## DEFENDANTS' NINTH DISCOVERY STATUS REPORT

For the benefit of the Special Master and the information of the Court, Defendants submit their ninth biweekly discovery status report pursuant to the Court's request during the March 5, 2020 status conference. *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1]

The majority of fact depositions are scheduled to be completed by the Court's July 27 deadline. However, certain key depositions and various discovery disputes remain outstanding. Plaintiffs have withheld 6880 documents on grounds of "third party confidentiality" or "law

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief from the Court and any necessary motions will be filed separately. Rather, this report is simply to update the Special Master on the progress of the case as the Court monitors the overall schedule and plans for the litigation.

enforcement privilege," and that is the subject of a pending motion to compel. Certain key depositions of Plaintiffs' witnesses—including Plaintiffs' 30(b)(6) designee(s)—remain outstanding. Most significantly, certain critical third-party depositions likely will need to occur in the weeks following July 27 due to the delayed production of documents. As discussed in previous status reports, various restrictions and shutdowns caused by the COVID-19 pandemic have significantly delayed document productions by third parties, which has in turn delayed scheduling depositions. Certain objections to discovery rulings also need to be resolved before discovery can close.

It remains uncertain whether these delays in fact discovery will affect the completion of expert discovery. The schedule is already truncated, with expert reports due in early August (August 4 for Plaintiffs; August 14 for Defendants), and discovery delays may impact the ability to complete expert reports by mid-August or to complete expert depositions by mid-September, as the present schedule contemplates.

**I.      Deposition Scheduling**

The parties have now either deposed or confirmed deposition dates for the vast majority of party witnesses. Despite Defendants' best efforts, a small number of necessary depositions remain outstanding. Jim Johnson, the long-time head of the Huntington Mayor's Office of Drug Control Policy, is currently unavailable due to a family medical issue, and may need to be deposed after the close of fact discovery. Similarly, Nancy Cartmill's deposition has been delayed due to medical issues and may need to take place after the close of discovery.

Defendants also continue to negotiate with Plaintiffs regarding 30(b)(6) testimony for Cabell County and Huntington. Defendants served 30(b)(6) deposition notices on June 3, 2020, and followed up with multiple requests to meet and confer. After substantial delay, the City of Huntington stated in a telephonic meet and confer on July 6, 2020, that it would inform Defendants

on Wednesday, July 8, 2020: (1) whether the City considers some topics outside the City's knowledge; (2) whether the City proposes providing written information and on which topics; (3) whether there is fact testimony from this case that the City would offer for adoption as 30(b)(6) testimony; and (4) who the City's 30(b)(6) witnesses will be. The City of Huntington did not provide that information on July 8. On Friday, July 10, 2020, both Plaintiffs informed Defendants that they would submit "formal, written responses" on Monday, July 13, 2020, and offered to meet and confer, which Defendants said they would do. On July 13, 2020, Plaintiffs did not provide formal, written responses and instead wrote that Cabell County and City of Huntington had no knowledge with regard to 14 of the notices' 31 topics. Plaintiffs offered dates during the week of July 20, 2020.

Discovery of third parties is still far from complete. From the beginning of the COVID-19 pandemic, and as previewed by these biweekly status reports, third parties faced many challenges in responding to Defendants' subpoenas, including office closures, limited staffing, and the inability to run searches and produce documents in accordance with agreements struck with Defendants. The result has been a significant delay in producing documents necessary to properly depose these organizations and individuals — medical, regulatory, and law enforcement entities with unique knowledge highly relevant to this litigation. Defendants have worked diligently to complete depositions where possible. Twenty-two third-party depositions are scheduled between today and July 27. However, a number of third parties have not completed document productions, and as a consequence it is not feasible to take their depositions prior to July 27. These include witnesses from Marshall University, Marshall Health, St. Mary's Hospital, Cabell Huntington Hospital, the West Virginia Department of Health and Human Services (including the Office of Drug Control Policy, the Office of the Chief Medical Examiner, the Bureau of Public Health, the

Bureau for Children and Families), the Board of Pharmacy, and the Board of Medicine. In addition, separate and apart from documents, Defendants are working with attorneys for other third parties to accommodate schedules, including attorneys for Valley Health. These are critical witnesses who are necessary for Defendants to fully develop their defenses, and include individuals who Plaintiffs have indicated they will call at trial. Many of the outstanding third party witnesses are also individuals whom Plaintiffs have subpoenaed.[2]

The parties also continue to set and negotiate dates for several depositions of Defendants' witnesses.

## II.     Document Productions

Plaintiffs have withheld 6880 documents on the basis of law enforcement privilege and "third party confidentiality restrictions." Defendants do not believe that these positions are well-founded or can support Plaintiffs' withholding of these documents. Defendants filed a motion to compel on July 9, and Plaintiffs' response is due July 20. Furthermore, as discovery progresses, Defendants continue to evaluate Plaintiffs' productions for deficiencies.

Defendants continue to await outstanding document productions from key third parties that have yet to produce a single document. The Drug Enforcement Agency (DEA), for example, has not produced any of the critical documents responsive to Defendants' subpoena, pending resolution of DEA's objection to the Special Master's May 27 ruling granting Defendants' motion to compel. ECF No. 474. Discovery cannot be completed until DEA's objection—and certain other objections to discovery rulings—are resolved. Further, although 32 third parties have *started* producing documents, most have not completed their productions. Details on some of the larger remaining outstanding productions are below:

---

[2] On July 10, Plaintiffs issued their first notices for the deposition of non-parties.

- Marshall University and Marshall Health:  Defendants served subpoenas on the Marshall entities on April 10, 2020.  After Marshall served objections (including reference to the demands placed by COVID-19) and after substantial meeting and conferring, the Defendants and Marshall have come to an agreement on an initial production of documents.  That agreement included the entry of an order to protect the confidentiality of certain information.  To date, the Marshall entities have produced just a few hundred pages with substantial volumes expected to follow.  As a result, depositions will not be completed before July 27, 2020.

- Cabell Huntington Hospital and St. Mary's Hospital:  Defendants served subpoenas on these hospitals on March 12, 2020 and April 10, 2020, respectively, and each filed a motion to quash the subpoenas.  As with the Marshall entities, Defendants have engaged in productive meeting and conferring with the hospitals, and contested motions have been withdrawn.  Defendants anticipate receiving documents from the hospitals sufficient to take depositions the weeks of July 20 and July 27, 2020.

- The State of West Virginia (Department of Health and Human Resources (DHHR) and other agencies served by the West Virginia Office of Technology):  Document production from these state agencies has been severely delayed, which has impacted Defendants' ability to complete depositions.  Defendants served subpoenas on the West Virginia Department of Health and Human Resources (March 17, 2020) and various highly relevant bureaus and sub-agencies within the department.  Defendants also served subpoenas on the and West Virginia Office of the Chief Medical Examiner (February 21, 2020), the West Virginia Board of

5

Medicine (February 21, 2020), and the West Virginia Board of Pharmacy (March 3, 2020). All the state agencies objected on the basis that the requests were overly broad and that COVID-19 was already placing an overwhelming burden on them. Over a period of 5 months, Defendants met and conferred with the state agencies to narrow the requests, culminating in a supervised meet and confer with Special Master Wilkes on June 26, 2020 regarding DHHR, and another one regarding the Board of Pharmacy on July 2, 2020. The state agencies agreed to produce certain responsive non-custodial documents and to apply agreed search terms to an agreed list of document custodians, and the Court entered orders to facilitate the production of these documents. Despite the orders and agreements, the state agencies have produced only a trickle of documents in the more than two weeks since the supervised meet and confer. Technical issues have consumed that time, and just a few days ago (on July 10, 2020), the state agencies accepted the Defendants' repeated offers to have the Defendants' vendor perform the searches. The state agencies will produce 439 GB of data for Defendants' review. Because of the large volume, Defendants estimate it will take between 7-10 days to copy and process the data, then an additional week or two to review the documents, depending on the exact volume. Defendants are currently working with the state agencies and the vendor to process the documents as quickly as possible, but these delays will result in taking depositions after July 27, 2020.

Defendants have narrowed their discovery disputes with many third parties, including through the Court's assistance in several supervised meet and confers, but have been obliged to file a number of motions to compel document productions from various third parties. Defendants'

6

May 15 motion for discovery responses from the West Virginia Bureau for Children and Families (BCF) is now fully briefed and ready for decision. ECF Nos. 430, 431. Although BCF was expected to produce certain custodial files shortly after the supervised meet-and-confer with the Special Master, these files have been delayed. Defendants reserve the right to raise any future issues with Judge Wilkes if BCF fails to produce responsive documents.

### III. Pending Objections to Discovery Rulings

During the course of discovery, some of Special Master Wilkes's rulings have been appealed to Judge Faber. The following are currently before the Court:

- As discussed above, DEA objected to Discovery Ruling No. 5. ECF No. 502. Judge Wilkes partially granted Defendants' motion to compel production of targeted, new information relating only to West Virginia and two federal government reports about DEA's actions published after MDL Track 1 discovery closed. ECF No. 474. This objection is fully briefed and ready for decision.

- Defendants objected to Discovery Ruling No. 9. ECF No. 659. Judge Wilkes denied Defendants' motion to compel Plaintiffs' past opioid-related abatement spending. This objection is fully briefed and ready for decision. ECF No. 621.

- AmerisourceBergen Drug Corporation (ABDC) objected to Discovery Ruling No. 11, ECF No. 674, ordering a seven-hour deposition of ABDC's CEO Steven H. Collis, an apex witness. ECF No. 639. Plaintiffs filed a response yesterday, and ABDC's reply is due July 16.

Dated: July 14, 2020

Respectfully Submitted,

7

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100

8

Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Cardinal Health, Inc.*
By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*


*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 14th day of July, the foregoing **"Defendants' Ninth Discovery Status Report"** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
