Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

RORY L. PERRY II
Sidney L. Christie Federal Bldg.
845 Fifth Avenue, Room 101
Huntington, WV 25701



FILED

JUL 1 6 2020

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**Control Number:** 259962

**Defendant:** VALLEY HEALTH SYSTEMS, INC.
3377 US ROUTE 60
HUNTINGTON, WV 25703 US

**Agent:** STEVEN SHATTLS

**County:** Federal

**Civil Action:** 3:17-01362

**Certified Number:** 92148901125134100002734845

**Service Date:** 7/10/2020

I am enclosing:

### 1 subpoena, 1 other: (AMENDED NOTICE)

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of West Virginia

| | | |
|---|---|---|
| City of Huntington; Cabell County Commission | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:17-01362; 3:17-01665 |
| AmerisourceBergen Drug Corporation, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                       Valley Health Systems, Inc.,
c/o Registered Agent, Steven Shattls, 3377 US Route 60, Huntington, WV 25703
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Defintions, Instructions and Areas of Examination.

| Place: See attached Amended Notice of Remote Deposition. | Date and Time: 07/24/2020 9:30 am |
|---|---|

The deposition will be recorded by this method:     Teleconference before a Court Reporter.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/02/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Gretchen M. Callas |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     All Defendants
AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation , who issues or requests this subpoena, are:

See Attached List of Counsel for Defendants

### Notice to the person who issues or requests this subpoena .
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:17-01362; 3:17-01665

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
     Plaintiff,

v.                            CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
     Defendants.

CABELL COUNTY COMMISSION,
     Plaintiff,

v.                            CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
     Defendants.

## AMENDED NOTICE OF SERVICE OF THIRD-PARTY SUBPOENA

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45(a)(4), AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation will serve a Subpoena to Testify at a Deposition in a Civil Action upon Valley Health Systems, Inc.

Accompanying this Notice, please find a copy of the aforementioned subpoena.

Dated: July 2, 2020.

1

Respectfully submitted,

**AmerisourceBergen Drug Corporation**
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

**Cardinal Health, Inc.**
By Counsel:

*/s/ Michael W. Carey*
Michael W. Carey (WVSB #635)
David R. Pogue (WVSB #10806)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
Carey, Douglas, Kessler & Ruby, PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi

2

F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

***McKesson Corporation***
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

3

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 2nd day of July, 2020, the foregoing

*Amended Notice of Service of Third-Party Subpoena* was served upon counsel of record

electronically.

/s/ Gretchen M. Callas
Gretchen M. Callas (WVSB #7136)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                 CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

_____

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                 CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN
DRUG CORPORATION, et al.,
    Defendants.

_____

## AMENDED NOTICE OF REMOTE 30(b)(6) DEPOSITION OF
## VALLEY HEALTH SYSTEMS, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure and the Deposition Protocol governing this litigation, Defendants AmerisourceBergen

Drug Corporation; Cardinal Health, Inc.; and McKesson Corporation ("Defendants"), by and

through counsel, hereby give notice that the remote, oral videotaped deposition will be taken of

one or more officers, directors, or managing agents, or other persons designated by Valley

Health Systems, Inc., upon the particular topics described below. The deposition will be held on

July 24, 2020, beginning at 9:30 a.m., or at such other date and time as agreed by the parties.

The deposition shall be videotaped and recorded stenographically and will be conducted before a

1

notary public or other person authorized to administer oaths. The oral examination is to be taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Southern District of West Virginia, and the Deposition Protocol. Court reporting services and video recording services will be provided by Veritext Legal Solutions (216-523-1313; opioid@veritext.com), who will provide remote access for all parties wishing to participate via video conference or telephone.

PLEASE TAKE FURTHER NOTICE that the Deponent must have access to a laptop, computer, or tablet with web camera capability. Deponent may not use a cell phone to provide testimony. Deponent must also have the capability to view documents electronically. To the extent Deponent is not in possession of the required technology, Deponent's counsel shall provide the required technology. Recommended Specifications are below:

i. Computer

ii. Web Camera

iii. Internet Browser (Google Chrome Preferred)

iv. Minimum 10 mb/s wired, secure internet connection

At minimum, Deponent must have sufficient internet connectivity and bandwidth to support a video deposition. Such capacity shall be sufficient to ensure that when used with the system selected for the deposition, there shall be (a) high-quality video upload (from Deponent) and download (to other Participants), (b) no material time discrepancy between audio and video, and (c) consistent connectivity, with no material disruptions.

## DEFINITIONS

The following terms shall have the meanings set forth below. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of Procedure for the Southern District of West Virginia.

1.      "You" and "Your" refers to Valley Health Systems, Inc. and all others acting on your behalf, or controlled by you, including any affiliates, programs, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces.

2.      "Plaintiffs" means, collectively, the plaintiffs named in this action, the City of Huntington and Cabell County, including but not limited to its executive and legislative branches, agencies, offices, departments, divisions, commissions, committees, subcommittees, boards, directors, administrators, employees, agents, contractors, vendors, instrumentalities, representatives, counsel, and all persons and entities acting or purporting to act under their control or on their behalf.

3.      "Defendants" means, collectively, AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; and McKesson Corporation, the named defendants in this action, and their present or former officers, directors, shareholders, employees, agents, representatives, counsel and all persons and entities acting or purporting to act under their control or on their behalf.

4.      "Person" means any individual, corporation, firm, partnership, joint venture, unincorporated association, trade association, governmental entity, dealer group, council or other incorporation or unincorporated entity, business entity or group of individuals or entities, singular or plural, as the content may require.

3

5.      "Communication" has the full meaning ascribed to it by Local Rule of Civil Procedure 26.2(c)(1), and means any transmission of information (whether formal or informal) by one or more Persons and/or between two or more Persons by means including, but not limited to, telephone conversations, letters, faxes, electronic mail, text messages, instant messages, other computer linkups, written memoranda, and face-to-face conversations.

6.      "Document" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and Local Rule of Civil Procedure 26.2(c)(2), and means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including, but not limited to, all written, typewritten, handwritten, printed, or graphic matter of any kind or nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings or text messages in Your possession, custody, or control. "Documents" include, but are not limited to, Communications (as defined above), books, papers, contracts, memoranda, invoices, correspondence, notes, studies, reports, manuals, photographs, drawings, charts, graphs, data compilations, other writings, microfilm, microfiche, audio recordings, video recordings, electronic mail, and any other information stored in electronic form, and each different version or copy of each Document, including, but not limited to, drafts.

7.      "Licensed Medical Professional" means any individual prescriber employed by the Hospital, including, but not limited to, physicians, podiatric physicians, osteopathic physicians, dentists, physician assistants, licensed practical nurses, advanced practice registered nurses, and registered nurses.

4

8.      The "Litigation" means *City of Huntington v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01362, and *Cabell County Commission v. AmerisourceBergen Drug Corp., et al.*, Civil Action No. 3:17-01665.

9.      "Prescription Opioids" means FDA-approved pain-reducing medications that consist of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body to produce an analgesic effect, including but not limited to prescription medications containing hydrocodone, oxycodone, fentanyl, and hydromorphone, that may be obtained by patients in West Virginia only through prescriptions written by duly licensed and DEA registered prescribers.

10.     "Illicit Opioids" means substances comprised of or containing natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in the brain or body that are not approved by FDA, including, but not limited to, heroin, fentanyl, carfentanil, other fentanyl-type analogs, and counterfeit opioid medications.

11.     "Legitimate Opioid Use" means the use of Prescription Opioids according to a prescription made in accordance with the respective FDA-approved warning labels by the person to whom the prescription was provided.

12.     "Controlled Substance" means any substance identified as a Schedule I-V substance pursuant to 21 U.S.C. § 812.

13.     "Including" or "Includes" means "including, but not limited to," or "including without limitation."

14.     "Relating to," "Referring to," or "Concerning," when referring to any given subject matter, means any Document that constitutes, comprises, involves, contains, embodies, reflects,

identifies, states, mentions, alludes to, or refers directly or indirectly to the particular subject matter identified.

15.     The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed as falling outside the scope of these requests.

16.     Words used in the singular shall, when the context permits, be deemed to include the plural, and words used in the plural shall, when the context permits, be deemed to include the singular. The masculine gender shall, when the context permits, be deemed to include the feminine or neuter genders.

## TOPICS FOR EXAMINATION

1.     The prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County, including any investigation undertaken by You.

2.     Any interactions or Communications You have had with Plaintiffs concerning the prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

3.     Your efforts or involvement with others' efforts to address the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County, including, but not limited to, any involvement You may have had in preparing the Cabell County

6

Resiliency Plan, the City of Huntington's "City of Solutions" plan and the Huntington Mayor's Office of Drug Control Policy Strategic Plan.

4.      Any collaboration or partnerships with any local, state, or federal agency, organization, or task force, including the West Virginia Attorney General and DEA, to address the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

5.      Plaintiffs' role or relation to Your organization, if any, including their roles and responsibilities related to any seats they may have on the Your Board of Directors.

6.      Any interactions or Communications You have had with any Defendant, drug manufacturers, prescribers, distributors, or dispensers concerning Prescription Opioids or Illicit Opioids.

7.      Your Communications with the Appalachia High Intensity Drug Trafficking Area, West Virginia Board of Pharmacy, the West Virginia Board of Osteopathic Medicine, the West Virginia Board of Dentistry, the West Virginia State Board of Examiners for Licensed Practical Nurses, the West Virginia State Board of Registered Professional Nurses, the Federation of State Medical Boards, other state Boards of Medicine, the DEA, the Department of Justice, the FBI, other federal, state, and local law enforcement entities, and the City of Huntington, Cabell County, or any town, village, or city within Cabell County regarding Suspicious Order Reports; the abuse, misuse, sale, purchase, trafficking, diversion, or distribution of Illicit or Prescription Opioids; efforts to address the opioid crisis; and/or Illicit Opioids.

8.      Any statistics, records, or compilations of data that contain information about the improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production,  transportation,

7

distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within

or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

9. Any statistics, records, or compilations of data related to opioid drug overdoses or

overdose deaths that have become known to You due to Your operation of a health care facility

and/or the treatment of patients as it relates to the improper prescribing, dispensing, use, misuse,

abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of

Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any

town, village, or city within Cabell County.

10. Your policies and procedures used during intake, treatment, and/or discharge of a

patient who receives treatment from You for an opioid-related illness or incident that arises from

the improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production,

transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids

within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell

County.

11. Mandatory and/or voluntary reporting by You of information to state agencies,

federal agencies, medical boards, professional medical societies, licensing boards, or any other

agency, entity, program or group, related to the improper prescribing, dispensing, use, misuse,

abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of

Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any

town, village, or city within Cabell County.

12. The responsibilities and obligations of Licensed Medical Professionals affiliated

with You to treat pain.

13.     Formal or informal standards, guidelines, rules, regulations, manuals, training, procedures, or policies related to the prescribing of Prescription Opioids that You have adopted or that You have been asked to adopt.

14.     Your involvement with, or review, certification or accreditation by, the Joint Commission (formerly known as the Joint Commission on Accreditation of Healthcare Organizations) or with any other institution that provides accreditation or certificates, as it relates to the treatment of pain and/or the prescribing of prescription opioids for the purposes of gaining and/or maintaining accreditations or a certificate, including but not limited to surveys performed by same and compliance with pain management guidelines promulgated by same, including but not limited to the 2001 JCAHO pain management standards.

15.     Standards, guidelines, rules, regulations, or policies related to the treatment of pain that You have adopted or that You have been asked to adopt.

16.     Publications, policies, or other materials maintained, prepared, or produced by You or others related to the use and benefits of Prescription Opioids for the treatment of pain.

17.     Professional education, training programs, webinars, and/or guidelines made, maintained, prepared, produced, or sponsored by You related to opioid abuse, or the prescribing and dispensing of Prescription Opioid medications and other controlled substances.

18.     The West Virginia Controlled Substances Monitoring Program ("CSMP"), including, but not limited to, Your use of the CSMP to combat the unlawful prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

19.     Your use of the CSMP to identify and act upon Licensed Medical Professionals who were writing a high volume of Prescription Opioids.

20.     Funding or support You have received from Plaintiffs, including, but not limited to, funding or support related to opioid-related illnesses or incidents that arises from the improper prescribing, dispensing, use, misuse, abuse, sale, diversion, production, transportation, distribution, purchase, theft or trafficking of Prescription Opioids or Illicit Opioids within or into the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

21.     Factors other than the conduct of any Defendant that You believe affected prescribing practices for Prescription Opioids in the City of Huntington, Cabell County, or any town, village, or city within Cabell County.

22.     All Documents You produced in response to any subpoena served upon You in the Litigation.

23.     Your efforts to locate and produce Documents responsive to the document subpoena served on You by AmerisourceBergen Drug Corporation.

24.     Your document maintenance and retention policies and practices.

25.     Communications between You and any person or entity concerning any topic listed above, including, but not limited to, all Communications regarding Prescription Opioids, Illicit Opioids, diversion, and the opioid abuse epidemic.

Dated:  July 2, 2020                        Respectfully submitted,

                                            **AmerisourceBergen Drug Corporation**
                                            By Counsel:

                                            */s/ Gretchen M. Callas*
                                            Gretchen M. Callas (WVSB #7136)
                                            JACKSON KELLY PLLC
                                            Post Office Box 553
                                            Charleston, West Virginia 25322

                                            10

Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Michael W. Carey*
Michael W. Carey (WVSB #635)
David R. Pogue (WVSB #10806)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

11

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, the foregoing *Amended Notice of Remote 30(b)(6)*

*Deposition of Valley Health Systems, Inc.* was sent to Counsel for the Plaintiffs and Defendants

using the Court's CM/ECF system, which will send notification of such filing to all counsel of

record.

/s/ Gretchen M. Callas
Gretchen M. Callas (WVSB #7136)