IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>     Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>     Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>     Defendants. | Civil Action No. 3:17-01665 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE
OF VIDEOTAPED 30(b)(6) DEPOSITION**

The City of Huntington ("Huntington") and the Cabell County Commission ("Cabell") respond to the scope of topics in Track Two Defendants' notice of videotaped 30(b)(6) depositions to Plaintiffs.

This Response is intended to eliminate any and all possibility of confusion regarding the upcoming FRCP 30(b)(6) depositions of the City of Huntington (07/22 and 07/27) and the Cabell

1

County Commission (07/23 and 7/27).  Defendants' notice includes 31 subject matters with helpful illustrations of specific questions.   Plaintiffs will produce witnesses in response to the Notices.

In order to allow you to prepare for the depositions we have identified where the requested information is neither known or reasonably available to the organizations.  We are hereby confirming those topics.  Plaintiffs' witnesses will respond to the Rule 30(b)(6) topics below by testifying (a) the governmental entity has no institutional knowledge of the subject matter; (b) the facts set forth related thereto in the *Third Amended Complaint* are allegations drafted by counsel; and/or (c) the subject matter will be addressed by expert witnesses.  The topics covered by these responses include:

> 2. Any promotion, marketing, or educational activities concerning Prescription Opioids in or concerning Plaintiff's geographic area including (a) concerns or complaints made to or by Plaintiff about any promotion, marketing, or educational activities with respect to prescription opioids within or relating to Plaintiff's geographic area and (b) actions taken by Plaintiff or others in response to those concerns or complaints.
>
> 3. Identification of all prescriptions of opioids that Plaintiff contends have caused it harm and for which it is seeking remedies in this lawsuit.
>
> 4. For each prescription identified in response to Topic No. 3, whether the prescription was reimbursed on Plaintiff's behalf and if so, the circumstances surrounding the coverage decision.
>
> 5. Opioid prescriptions written by Your physicians or health care providers.
>
> 6. Your understanding and awareness of the proper prescribing and use of Prescription Opioids, including patient and population characteristics that may increase the rate of proper prescribing and use of Prescription Opioids.
>
> 7. Your understanding and awareness of the standard of care with respect to treatment of pain, including the factors that you, as a non-expert, believe affected prescribing practices for Prescription Opioids in Your community.
>
> 12. The suspicious orders in Plaintiff's geographic area, and any harm caused by such suspicious orders for which Plaintiffs is seeking remedies in this lawsuit.

13. All actors and acts that caused any harm that You suffered from Prescription Opioids or Illicit Opioids for which You are seeking remedies in this lawsuit.

22. Communications between Plaintiff and any prescriber or third-party insurer, payor, or pharmacy benefits manager related to Prescription Opioids.

23. Plaintiff's knowledge of and access to data concerning Prescription Opioid manufacturing, prescribing, distribution, or dispensing.

24. The policies regarding the West Virginia CSAPP database.  (Cabell County Commission only)

25. DEA's quotas for Prescription Opioids.

26. Consideration by Plaintiff of limiting the prescribing, distribution, or dispensing of Prescription Opioids.

27. The coverage of, or reimbursement of Prescription Opioids on Plaintiff's behalf, including on behalf of Plaintiff's employees, their dependents, incarcerated Persons, or pension beneficiaries and/or through an insurance program or pharmacy benefit program.

28. Prescribing or administration of Prescription Opioids at Plaintiff-affiliated institutions including, but not limited to, hospitals, clinics, nursing homes, hospices, universities, and correctional facilities.

Dated: July 17, 2020 | Respectfully submitted,

**THE CITY OF HUNTINGTON** | **CABELL COUNTY COMMISSION**

/s/ *Anne McGinness Kearse*

Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000 Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

Linda Singer
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel:  202-232-5504 Fax:  202-386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com

/s/ *Paul T. Farrell, Jr.*

Paul T. Farrell, Jr. (WVSB Bar No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
PO Box 1180
Huntington, West Virginia 25714-1180
Mobile: 304-654-8281
paul@farrell.law

/s/ *Anthony J. Majestro*
Anthony J. Majestro (WVSB No. 5165)
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

Michael A. Woelfel (WVSB No. 4106)
**WOELFEL AND WOELFEL, LLP**
801 Eighth Street
Huntington, West Virginia 25701
Tel. 304.522.6249 Fax. 304.522.9282
mikewoelfel3@gmail.com

Charles R. "Rusty" Webb (WVSB No. 4782)
**THE WEBB LAW CENTRE, PLLC**
716 Lee Street, East
Charleston, West Virginia 25301
Telephone: (304) 344-9322 Facsimile: (304) 344-1157 rusty@rustywebb.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.

*/s/ Anthony J. Majestro*
Anthony J. Majestro
