IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**AMERISOURCEBERGEN DRUG CORPORATION'S
OPPOSITION TO PLAINTIFFS' JULY 8, 2020 MOTION TO COMPEL**

    AmerisourceBergen Drug Corporation ("ABDC") respectfully files this Response in Opposition to Plaintiffs' July 8, 2020 Motion to Compel ("Plaintiffs' Motion") (ECF No. 681). For the reasons set forth below, Plaintiffs' Motion should be denied.

**I.    INTRODUCTION**

    Plaintiffs' Motion asks that ABDC be ordered to further supplement its responses and objections to Plaintiffs' discovery requests, which ABDC most recently supplemented on April 17, 2020. The Motion should be denied for three simple and straightforward reasons, each of which, standing alone, warrants denial of Plaintiffs' Motion. Together, they compel it.

*First*, Plaintiffs' Motion is untimely because it was filed almost two months after the relevant deadline. There is no justification for this untimely filing, and certainly the "truly . . . extraordinary" circumstances the Special Master has required to excuse a late filing do not exist here. In fact, the circumstances cut the other way—that is, against Plaintiffs. They did not file their Motion by the applicable deadline despite the fact that the subject matter was addressed in prior motion practice and despite that Plaintiffs did file timely motions on this exact topic against another Defendant. Plaintiffs have offered no explanation for their untimely motion as to ABDC. There is none—let alone one that would suffice.

*Second*, Plaintiffs' Motion lacks merit because ABDC has complied with the discovery ruling at issue, Discovery Ruling No. 2, which relates to ABDC's production of due diligence files. ABDC's Third Supplemental Objections and Responses to Plaintiffs (First) Combined Discovery Requests, served on April 17, 2020, provided extensive information about ABDC's due diligence files, including Bates ranges. Plaintiffs never raised any objection related to the sufficiency of ABDC's responses until July 1, 2020—long after the deadline had passed to file a motion on this issue.

*Third*, the relief Plaintiffs seek is inconsistent with the positions they have taken with respect to their own discovery obligations. Specifically, even though ABDC *has* provided Bates ranges in its discovery responses, Plaintiffs have refused to do so in response to ABDC's discovery requests that explicitly seek this information.

For these reasons, Plaintiffs' Motion should be denied.

## II. RELEVANT PROCEDURAL HISTORY

### A. Discovery Ruling No. 2

The subject of Plaintiffs' Motion is ABDC's compliance with Discovery Ruling No. 2 entered by the Special Master on April 2, 2020 (ECF No. 273). In that Ruling, the Special Master

ordered that ABDC provide Plaintiffs with certain additional information related to documents it produced in response to Plaintiffs' Combined Discovery Requests 3 and 4. More specifically, and as relevant to this Motion, the Special Master ordered that ABDC provide Plaintiffs with Bates ranges related to suspicious order reports and the "due diligence file[s]" related to ABDC customers located in the CT2 jurisdictions. *Id.* at 5-6.

### B. ABDC's Compliance with Discovery Ruling No. 2

ABDC complied with Discovery Ruling No. 2 and served its Third Supplemental Objections and Responses on April 17, 2020, in which ABDC provided the information required by the Special Master. *See* Plaintiffs' Motion Ex. A. ABDC's submission included:

- A chart setting forth the Bates ranges for "the orders reported to DEA for customers in Cabell County and the City of Huntington between July 2007 and December 2018." *Id.* at 5-6.
- Production volumes for monthly and weekly dashboards and trend reports, all of which include due diligence information for CT2 customers. *Id.* at 7.
- A chart setting forth the Bates ranges for "due diligence files from its record management systems (NetDocs and Matter Management) for its customers in Cabell County and the City of Huntington." *Id.* at 7-9.

ABDC further stated that it would "produce due diligence documents found in custodial files that relate to its customers in Cabell County and the City of Huntington." *Id.* at 7. And ABDC noted that its "search for responsive documents is ongoing" and "reserved the right to supplement the list of Bates ranges above to the extent it locates any additional files relating to its customers in Cabell County and the City of Huntington in its record management systems."[1]

---

[1] ABDC also provided Bates ranges in response to other of Plaintiffs' Discovery Requests, including an extensive chart of ABDC's policies and procedures related to its Order Monitoring Program from January 1, 1998 to May 29, 2018. *Id.* at 2-3 & Appendix A.

### C. Plaintiffs' Untimely Motion to Compel.

The Court entered a revised scheduling order on May 11, 2020 (ECF No. 410). Pursuant to that scheduling order, the Court set a May 15, 2020 deadline for "the parties [to] file any necessary motions to ensure that outstanding discovery disputes . . . may be decided prior to the June 12, 2020 deadline." *Id.* at 3.

Before the May 15, 2020 deadline passed, Plaintiffs filed two timely motions to compel related only to Cardinal's compliance with Discovery Ruling No. 2 ECF Nos. 331 & 438). Plaintiffs *did not* file any motions on this topic directed to ABDC, and first raised any objection at all related to ABDC's April 17, 2020 discovery responses via email on July 1, 2020. Plaintiffs then filed their untimely Motion on July 8, 2020.

### III. ARGUMENT

#### A. Plaintiffs' Motion Is Inexcusably Late

As a threshold matter, Plaintiffs' Motion to Compel must be denied because it is untimely. The deadline for such motions was May 15, 2020, yet Plaintiffs did not file their Motion until almost two months later, on July 8, 2020.

On June 23, 2020, Special Master Wilkes "caution[ed]" the parties that "there is a strong preference for written discovery to conclude and ***the circumstances for considering a late filed motion must truly be extraordinary***." *See* June 23, 2020 Email from S.M. Wilkes (attached hereto as Exhibit A) (emphasis added). Special Master Wilkes then applied that standard in his July 9, 2020 ruling denying Plaintiffs' June 11, 2020 Motion filed against Cardinal and McKesson related to Salesforce data (ECF No. 686). The Special Master explained:

> The Special Master finds Plaintiffs were aware of the requirement to, and did file placeholder motions while other on going discovery disputes were being negotiated. There is a strong preference for written discovery to conclude and ***the circumstances for considering a late filed motion must truly be extraordinary. No such circumstances exist here, the Plaintiffs' were aware of Defendant's written***

> ***objections well in advance of the Court's filing deadline*** yet failed to file the instant motion prior to the deadline.

*Id.* at 2 (emphasis added); *see also* Order Denying Plaintiffs' Motion to Compel Severed Defendant Rite Aid of West Virginia to Produce Dispensing Data (ECF No. 738) (denying as untimely Plaintiffs' June 12, 2020 motion against Rite Aid).

The Special Master's analysis compels the same result here. Plaintiffs certainly were aware of ABDC's April 17, 2020 discovery responses well before May 15, 2020. Nevertheless, Plaintiffs did not file this Motion until July 8, 2020—almost two months after the deadline; almost one month later than their recently denied "Salesforce" motion; and more than two weeks after the Special Master's caution that "the circumstances for considering a late filed motion must truly be extraordinary."

There plainly are no such extraordinary circumstances here, and Plaintiffs do not contend that any exist. Plaintiffs' Motion must therefore be denied for this reason alone. But, there is more. As shown below, the Motion fails on the merits.

### B. ABDC Has Complied with the Special Master's Rulings

Plaintiffs' Motion must be denied for the additional reason that ABDC has complied with Discovery Ruling No. 2. The Special Master ordered that ABDC provide Bates ranges for its "due diligence files." ABDC did that on April 17, 2020, when it provided a chart setting forth the Bates ranges for the due diligence files contained in ABDC's NetDocs and Matter Management System databases. A copy of the chart ABDC provided is shown below:

| Pharmacy | DEA Number | Beg Bates Range | End Bates Range |
|---|---|---|---|
| Cabell Huntington Outpatient Pharmacy | [REDACTED] | ABDCMDL01910742 | ABDCMDL01910821 |
| Continuumcare Pharmacy | [REDACTED] | ABDCMDL01911386 | ABDCMDL01911432 |
| Drug Emporium | [REDACTED] | ABDCMDL01911188 | ABDCMDL01911190 |
| | | ABDCMDL01911306 | ABDCMDL01911307 |

| Pharmacy | DEA Number | Beg Bates Range | End Bates Range |
|---|---|---|---|
| | | ABDCMDL01911360 | ABDCMDL01911360 |
| | | ABDCMDL01911365 | ABDCMDL01911365 |
| G and R LLC | [REDACTED] | ABDCMDL01911304 | ABDCMDL01911305 |
| | | ABDCMDL01911364 | ABDCMDL01911364 |
| Highlawn Preferred Pharmacy, LLC | [REDACTED] | ABDCMDL01911098 | ABDCMDL01911105 |
| | | ABDCMDL01911353 | ABDCMDL01911353 |
| | | ABDC-WVFED00000672; ABDCMDL04117544 | ABDC-WVFED00000676; ABDCMDL04117548 |
| Marshall Pharmacy | [REDACTED] | ABDCMDL01910912 | ABDCMDL01911011 |
| | | ABDCMDL01911108 | ABDCMDL01911112 |
| | | ABDCMDL01911172 | ABDCMDL01911187 |
| | | ABDCMDL01911355 | ABDCMDL01911355 |
| | | ABDCMDL01911359 | ABDCMDL01911359 |
| Med Associates Pharmacy Inc | [REDACTED] | ABDCMDL01911096 | ABDCMDL01911097 |
| | | ABDCMDL01911352 | ABDCMDL01911352 |
| Med Associates Pharmacy, Inc | [REDACTED] | ABDCMDL01911113 | ABDCMDL01911114 |
| | | ABDCMDL01911356 | ABDCMDL01911356 |
| Medical Arts Supply | [REDACTED] | ABDCMDL01911312 | ABDCMDL01911313 |
| | | ABDCMDL01911367 | ABDCMDL01911367 |
| Medical Park Pharmacy | [REDACTED] | ABDCMDL01911106 | ABDCMDL01911107 |
| | | ABDCMDL01911314 | ABDCMDL01911317 |
| | | ABDCMDL01911354 | ABDCMDL01911354 |
| | | ABDCMDL01911368 | ABDCMDL01911368 |
| Medical Park Pharmacy LTC | [REDACTED] | ABDCMDL01911115 | ABDCMDL01911140 |
| | | ABDCMDL01911357 | ABDCMDL01911357 |
| Medicap Pharmacy | [REDACTED] | ABDCMDL01911318 | ABDCMDL01911319 |
| | | ABDCMDL01911369 | ABDCMDL01911369 |
| McCloud Family Pharmacy | [REDACTED] | ABDCMDL01911308 | ABDCMDL01911311 |
| | | ABDCMDL01911366 | ABDCMDL01911366 |
| Pharmacy Associates Inc | [REDACTED] | ABDCMDL01910683 | ABDCMDL01910741 |
| | | ABDCMDL01910841 | ABDCMDL01910847 |
| | | ABDCMDL01910863 | ABDCMDL01910905 |
| | | ABDCMDL01910908 | ABDCMDL01910911 |
| | | ABDCMDL01911191 | ABDCMDL01911297 |
| | | ABDCMDL01911361 | ABDCMDL01911361 |
| Rite Aid #00968 | [REDACTED] | ABDC-WVFED00063504 | ABDC-WVFED00063505 |
| Ross Drug | [REDACTED] | ABDCMDL01911034 | ABDCMDL01911065 |

| Pharmacy | DEA Number | Beg Bates Range | End Bates Range |
|---|---|---|---|
| | | ABDCMDL01911350 | ABDCMDL01911350 |
| | | ABDC-WVFED00000667; ABDCMDL04117539 | ABDC-WVFED00000671; ABDCMDL04117543 |
| S & F Pharmacy | [REDACTED] | ABDCMDL01911298 | ABDCMDL01911299 |
| S & F Pharmacy | [REDACTED] | ABDCMDL01911320 | ABDCMDL01911321 |
| | | ABDCMDL01911370 | ABDCMDL01911370 |
| Safescript Pharmacy #6 | [REDACTED] | ABDCMDL01911300 | ABDCMDL01911303 |
| | | ABDCMDL01911322 | ABDCMDL01911323 |
| | | ABDCMDL01911363 | ABDCMDL01911363 |
| | | ABDCMDL01911371 | ABDCMDL01911371 |
| St Mary's Hospital Pharmacy | [REDACTED] | ABDCMDL01911012 | ABDCMDL01911022 |
| | | ABDCMDL01911324 | ABDCMDL01911349 |
| | | ABDCMDL01911372 | ABDCMDL01911372 |
| Walgreen Co. #11980 | [REDACTED] | ABDCMDL01911373 | ABDCMDL01911385 |
| | | ABDCMDL01911433 | ABDCMDL01911433 |
| | | ABDCMDL01910653 | ABDCMDL01910654 |
| | | ABDCMDL01910658 | ABDCMDL01910670 |
| Walgreen Co. #11977 | [REDACTED] | ABDCMDL01911373 | ABDCMDL01911385 |
| | | ABDCMDL01911434 | ABDCMDL01911434 |
| | | ABDCMDL01910653 | ABDCMDL01910670 |
| | | ABDC-WVFED00063504 | ABDC-WVFED00063505 |

Plaintiffs' Motion Ex. A at 8-9.[2] ABDC further provided production volumes for monthly and weekly dashboard and trend reports. *Id.* at 7.

Now—three months after receiving these Bates ranges and production volumes—Plaintiffs complain that ABDC did not identify due diligence material found in custodial files. That complaint is without merit. In addition to documents from ABDC's centralized databases (NetDocs and Matter Management), monthly and weekly dashboards, and trend reports, ABDC also produced documents from various custodial files, which may contain documents relating to ABDC's customers in Cabell County and the City of Huntington. These documents were produced

---

[2] ABDC has redacted the DEA numbers in the above chart for purposes of public filing.

in a searchable format, and Plaintiffs easily can search those documents. The adequacy of ABDC's responses is further confirmed by the fact that Plaintiffs had ABDC's responses for almost three months, and never raised an objection. Thus, in addition to being untimely, Plaintiffs' Motion also is unfounded.

### C. Plaintiffs' Motion Is Inconsistent with Plaintiffs' Refusal to Provide Bates Ranges

Plaintiffs' Motion also should be denied because Plaintiffs themselves have refused to provide the exact type of information. ABDC served Plaintiffs with a Second Set of Requests for Production on April 29, 2020 (attached hereto as Exhibit B). ABDC propounded five requests for production, and asked that Plaintiffs provide the relevant Bates ranges in their response to each request.

Plaintiffs objected to ABDC's requests on various grounds, including undue burden. By way of substantive responses, the most specific information Plaintiffs provided was in response to Request No. 1, in which Plaintiffs directed ABDC to the "thousands of documents" they have produced related to opioid overdoses, including "thousands of EMS run sheets documenting overdose responses as well as paper death certificates on file (2006 to 2012) and electronic data (post-2012)." *See* Plaintiffs Joint Responses And Objections To ABDC's Second Set Of Requests For Production To Plaintiffs (attached hereto as Exhibit C). Plaintiffs did not provide any Bates ranges in response to this request or any other.

It would give Plaintiffs too much credit to describe their responses to ABDC's discovery requests as equivalent to ABDC's responses to Plaintiffs' discovery requests—because *ABDC did provide Bates ranges*. Plaintiffs, on the other hand, entirely shirked the alleged duty they now seek to impose with their untimely motion. Plaintiffs' Motion should be denied for this additional reason.

## IV. CONCLUSION

For the reasons set forth above, AmerisourceBergen Drug Corporation respectfully submits that Plaintiffs' July 8, 2020 Motion to Compel should be denied.


Dated: July 17, 2020

Respectfully submitted,

***AmerisourceBergen Drug Corporation***
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com


*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 17th day of July, 2020, the foregoing ***Opposition To Plaintiffs' July 8, 2020 Motion To Compel*** was served upon counsel of record electronically.

*/s/ Gretchen M. Callas*
Gretchen M. Callas
