# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

|  |  |
|---|---|
| THE CITY OF HUNTINGTON,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01362 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>    Defendants. | |
| CABELL COUNTY COMMISSION,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01665 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>    Defendants. | |

**AMERISOURCEBERGEN DRUG CORPORATION'S**
**SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, AmerisourceBergen Drug Corporation ("ABDC") requests that each Plaintiff in the above-captioned civil actions individually respond to the following Requests for Production ("Requests") in accordance with its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of West Virginia, this Court's Case Management Orders, and any other applicable law or rules, within thirty (30) days of the service of these Requests.

If any Plaintiff finds any term or other aspect of any of the Requests vague, ambiguous, or otherwise objectionable and intends to so object, counsel for ABDC offers to meet promptly with counsel for that Plaintiff to endeavor to resolve any issues.

1

## DEFINITIONS

1. "Person" means any individual, corporation, firm, partnership, joint venture, unincorporated association, trade association, governmental entity, dealer group, council or other incorporated or unincorporated entity, business entity or group of individuals or entities, singular or plural, as the content may require.

2. "Plaintiff" or "You" means each of the individual plaintiffs named in these actions, including the executive and legislative branches, agencies, offices, departments, divisions, commissions, agents, employees, boards, instrumentalities, vendors, administrators, and other Persons or entities acting on each plaintiff's behalf or controlled by each plaintiff. When the pronoun "You" or "Your" is used, its antecedent is each individual responding Plaintiff.

3. "Prescription Opioid(s)" refers to FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect, including, but not limited to, the Prescription Opioids referenced in the Third Amended Complaint for the wholesale distribution of which You seek to hold the Distributor Defendants liable.

4. "Suspicious Order(s)" means any order of Prescription Opioids placed by any source that Plaintiff believes, suspects, or contends should have been reported to the United States Drug Enforcement Agency ("DEA") or West Virginia authorities, including the West Virginia Board of Pharmacy, or otherwise as Plaintiff defines Suspicious Orders for purposes of its allegations. Suspicious Orders are not limited to those placed with a Distributor Defendant, but include those placed with any entity.

5. "Timeframe" includes each year during which a Plaintiff claims any defendant in this action engaged in any allegedly wrongful or unlawful conduct that caused damage to the

Plaintiff or such other time period as the parties may later agree or the Court determines should apply to each side's discovery in this action.

## INSTRUCTIONS

1. Unless otherwise stated, the timeframe covered by these Requests is the Timeframe.

2. Unless otherwise stated, the responsive documents and communications requested include all documents and communications that are related to the Timeframe, regardless of creation date.

3. With respect to any document requested below for which a claim of privilege or work product is made, indicate the nature of the document; identify by name, address, title, and business affiliation the writer, the addressee, and all recipients thereof; and set forth the general subject matter to which the document relates and its date.

4. Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of Plaintiff, as well as all copies and preliminary drafts of documents that differ in any respect from the original (e.g., differences in form or content or on account of handwritten notes or comments having been added).

5. The documents produced in response to these Requests shall include all amendments, enclosures, cover memos, routing slips, and other transit memos.

6. The documents requested herein refer to the broadest scope of documents allowable under the Federal Rules of Civil Procedure.

7. All documents produced in response to these Requests shall be produced in toto, notwithstanding the fact that portions thereof may contain information not requested.

8.  These Requests shall be deemed continuing to the fullest extent permitted by the Federal Rules of Civil Procedure so as to require further and supplemental production if Plaintiff locates or obtains additional documents falling within the scope of these Requests after the time of initial production.

9.  If any documents requested herein are no longer in Plaintiff's control or have been lost, discarded, or destroyed, those documents shall be identified by author, date, subject matter, and, if applicable, current custodian.

10. Each Plaintiff must individually respond to each of these Requests.

11. For any data provided, all relevant characteristics/fields and codes should be produced, along with data dictionaries.

12. To the extent a Requests herein calls, in whole or in part, for responsive documents produced in discovery in this Litigation or any multidistrict litigation ("MDL") proceeding, please specifically reference the Bates stamp range of responsive documents.

## **REQUESTS FOR PRODUCTION**

1.  All documents that identify, reflect, estimate, describe, discuss, refer, or relate to drug overdose deaths within Your geographic boundaries and/or drug overdose deaths of residents of Your geographic boundaries during the Timeframe, as alleged in, including but not limited to, paragraphs 2, 8, 1149, 1168, 1169, 1182, and 1506 of the Third Amended Complaint.  Please identify the Bates range which corresponds to each overdose death to enable the jury to correlate each overdose death within Your geographic boundaries and/or were residents of Your geographic boundaries during the Timeframe.

2.  All documents that identify, reflect, estimate, describe, discuss, refer, or relate to any and all individuals within Your geographic boundaries and/or were residents of Your

4

geographic boundaries whose death was attributed in whole or in part to the abuse, use, misuse, prescribing, dispensing, sale, illegal sale, distribution, addiction to and/or diversion of Prescription Opioids, other Controlled Substances, or Illicit Opioids, during the Timeframe, including, but not limited to all notes, reports, investigative files, medical examiner reports, autopsy reports, toxicology reports, and death certificates.  Please identify the Bates range which corresponds to each death You attribute in whole or part to the abuse, use, misuse, prescribing, dispensing, sale, illegal sale, distribution, addiction to and/or diversion of Prescription Opioids, other Controlled Substances, or Illicit Opioids to enable the jury to correlate each death within Your geographic boundaries and/or were residents of Your geographic boundaries during the Timeframe

3. All documents, data, and/or sources that were referenced, used, or consulted in drafting, including but not limited to, paragraphs 2, 8, 1149, 1168, 1169, 1182, and 1506 of the Third Amended Complaint that relate to overdose statistics, overdose death statistics, and/or any other opioid related deaths within Your geographic boundaries and/or opioid related deaths of residents of Your geographic boundaries during the Timeframe.  Please identify the Bates range which corresponds to each overdose statistic, overdose death statistic, and/or any other opioid related deaths to enable the jury to correlate each death statistic within Your geographic boundaries and/or residents of Your geographic boundaries during the Timeframe

4. All documents identified or relied upon in Your responses to AmerisourceBergen Drug Corporation's Second Set of Interrogatories to Plaintiffs.  Please identify the Bates range which corresponds to each document identified or relied upon to enable the jury to correlate each response to your written answer to each document produced.

5. All documents that You intend to rely upon in support of Your claims that Defendants' conduct caused any overdose and/or death, as alleged in, including but not limited to,

paragraphs 2, 8, 1149, 1168, 1169, 1182, and 1506 of the Third Amended Complaint.  Please identify the Bates range which corresponds to each of Your claims that Defendants' conduct caused any overdose and/or death to enable the jury to correlate each response to your written answer to each document produced.

Dated:  April 29, 2020

Respectfully submitted,

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com