# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br>    Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG<br>CORPORATION, *et al.*<br>    Defendants. | |
| CABELL COUNTY COMMISSION,<br>    Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| AMERISOURCEBERGEN DRUG<br>CORPORATION, *et al.*<br>    Defendants. | |

**PLAINTIFFS THE CITY OF HUNTINGTON AND THE CABELL COUNTY COMMISSION'S JOINT RESPONSES AND OBJECTIONS TO AMERISOURCEBERGEN DRUG CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the governing Case Management Orders, and any other applicable rules and orders, the City of Huntington ("City") and the Cabell County Commission ("Cabell County" or "County"), collectively "Plaintiffs," hereby jointly provide these Responses and Objections to AmerisourceBergen Drug Corporation's Second Set of Requests for Production to Plaintiffs, as follows:

## **GENERAL OBJECTIONS**

Plaintiffs' Responses to Defendant's Requests are subject to and limited by each of the following general objections:

1. Plaintiffs object to each Request to the extent it calls for information that is in contravention of the Court's prior discovery rulings.

2. Plaintiffs object generally to the Requests to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object generally to the Requests to the extent that they are vague, uncertain, and overbroad, being without limitation as to time or specific subject matter.

4. Plaintiffs object generally to the Requests to the extent that they seek information that is protected from discovery as attorney work product or attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, executive privilege, deliberative process privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged").

5. Plaintiffs object to each Request to the extent it seeks proprietary or confidential information, such as investigative, personal, or health information in Plaintiffs' possession, custody, or control (collectively, "Confidential").

6. Plaintiffs object to each Request to the extent it seeks information that will be the subject of expert reports.

7. Plaintiffs' failure to object to a specific Request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

**SPECIFIC RESPONSES AND OBJECTIONS**

1. All documents that identify, reflect, estimate, describe, discuss, refer, or relate to drug overdose deaths within Your geographic boundaries and/or drug overdose deaths of residents of Your geographic boundaries during the Timeframe, as alleged in, including but not limited to, paragraphs 2, 8, 1149, 1168, 1169, 1182, and 1506 of the Third Amended Complaint. Please identify the Bates range which corresponds to each overdose death to enable the jury to correlate each overdose death within Your geographic boundaries and/or were residents of Your geographic boundaries during the Timeframe.

**RESPONSE:** Plaintiffs objects to this Request as unduly burdensome to the extent it requests "all" subject documents. Additionally, Plaintiffs object to the extent the information requested is outside of the scope of relevant discovery. The factual basis for Plaintiffs' claims is the conduct of the Distributor Defendants in failing to monitor and restrict the improper distribution of opioids caused a public health emergency in Plaintiffs' jurisdictions. This is not a collection of personal injury cases and Plaintiffs do not seek any personal injury damages suffered by its residents; instead, the lawsuit seeks to abate a public nuisance affecting the communities as a whole.

Subject to and without waiving these objections, Plaintiffs state that they have produced thousands of documents pertaining to opioid overdose deaths, including documents sufficient to identify drug overdose deaths pertaining to Plaintiffs' Community. For example, the Cabell County Commission has produced thousands of EMS run sheets documenting overdose responses as well as paper death certificates on file (2006 to 2012) and electronic data (post-2012).[1] The

---

[1] Distributor Defendants notified the Cabell County Commission that the post-2012 death certificates were insufficient. The Cabell County Commission is working on a solution to retrieve and produce the paper copies. It should be noted these documents are publicly available through the State of West Virginia Registrar.

3

City of Huntington has produced volumes of data including: records from The National Incident Fire Reporting System which consists of overdose dispatches (2006-2016), Overdose data from Firehouse Database (2017-2019), compilation of overdose run statistics as well as various county and state wide statistical documents concerning non-fatal and fatal overdoses. Moreover, the Subcommittee on Oversight and Investigations of the United States House of Representatives Energy and Commerce Committee released a report entitled *Red Flags and Warning Signs Ignored: Opioid Distribution and Enforcement Concerns in West Virginia* (December 19, 2018),[2] which extensively cites and refers to statistical data related to overdoses in West Virginia.

These discovery requests will also be addressed through additional analyses from Plaintiffs' experts. Distributor Defendants are well aware of the extensive expert witness testimony on these subject matters from CT1 which will likewise be produced in CT2. The data utilized by the experts are publicly available and survived *Daubert* challenges.

2. All documents that identify, reflect, estimate, describe, discuss, refer, or relate to any and all individuals within Your geographic boundaries and/or were residents of Your geographic boundaries whose death was attributed in whole or in part to the abuse, use, misuse, prescribing, dispensing, sale, illegal sale, distribution, addiction to and/or diversion of Prescription Opioids, other Controlled Substances, or Illicit Opioids, during the Timeframe, including, but not limited to all notes, reports, investigative files, medical examiner reports, autopsy reports, toxicology reports, and death certificates. Please identify the Bates range which corresponds to each death You attribute in whole or part to the abuse, use, misuse, prescribing, dispensing, sale, illegal sale, distribution, addiction to and/or diversion of Prescription Opioids, other Controlled

---

[2] *Available at* https://republicans-energycommerce.house.gov/wp-content/uploads/2018/12/Opioid-Distribution-Report-FinalREV.pdf.

Substances, or Illicit Opioids to enable the jury to correlate each death within Your geographic boundaries and/or were residents of Your geographic boundaries during the Timeframe.

**RESPONSE**: Plaintiffs incorporate by reference their response to Request No. 1.

3. All documents, data, and/or sources that were referenced, used, or consulted in drafting, including but not limited to, paragraphs 2, 8, 1149, 1168, 1169, 1182, and 1506 of the Third Amended Complaint that relate to overdose statistics, overdose death statistics, and/or any other opioid related deaths within Your geographic boundaries and/or opioid related deaths of residents of Your geographic boundaries during the Timeframe. Please identify the Bates range which corresponds to each overdose statistic, overdose death statistic, and/or any other opioid related deaths to enable the jury to correlate each death statistic within Your geographic boundaries and/or residents of Your geographic boundaries during the Timeframe.

**RESPONSE:** Plaintiffs incorporate by reference their response to Request No. 1, as well as those sources referenced in their Third Amended Complaint for the paragraphs identified above, and the publicly available documents Plaintiffs have previously produced in response to Defendants' requests.

4. All documents identified or relied upon in Your responses to AmerisourceBergen Drug Corporation's Second Set of Interrogatories to Plaintiffs. Please identify the Bates range which corresponds to each document identified or relied upon to enable the jury to correlate each response to your written answer to each document produced.

**RESPONSE:** Plaintiffs incorporate by reference their response to Request No. 1.

5. All documents that You intend to rely upon in support of Your claims that Defendants' conduct caused any overdose and/or death, as alleged in, including but not limited to, paragraphs 2, 8, 1149, 1168, 1169, 1182, and 1506 of the Third Amended Complaint. Please

5

identify the Bates range which corresponds to each of Your claims that Defendants' conduct caused any overdose and/or death to enable the jury to correlate each response to your written answer to each document produced.

**RESPONSE:**  Plaintiffs object to this Request as vague, overly broad and unduly burdensome to the extent it requests identification of "all" such items of evidence. Plaintiffs also object to this Request on the ground that it seeks premature disclosure of Plaintiffs' trial exhibit list, which the Plaintiffs will provide in compliance with the Federal Rules of Civil Procedure and any applicable scheduling orders in this case. To the extent that the Request calls for premature disclosure of evidence that the City and County may or may not rely on at trial, Plaintiffs object on the ground that this information is privileged attorney work product, as it would reveal the opinions, thoughts, and analyses of the Plaintiffs' attorneys who are preparing this case for trial.

Subject to and without waiving this objection, Plaintiffs incorporate their Response to Request No. 1.

Dated:  May 29, 2020

Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No. 12547) | Paul T. Farrell, Jr., Esq. (WVSB No. 7443) |
| **MOTLEY RICE LLC** | **FARRELL LAW** |
| 28 Bridgeside Blvd. | P.O. Box 1180 |
| Mount Pleasant, SC 29464 | Huntington, WV 25714-1180 |
| Tel:  843-216-9000 | 422 Ninth Street, 3rd Floor |
| Fax:  843-216-9450 | Huntington, West Virginia 25701 |
| akearse@motleyrice.com | office:   304.523.7285 |
| | cell:   304.654.8281 |
| | email: paul@farrell.law |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                                           Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                                           Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on **May 29, 2020**, a copy of the **"Plaintiffs The City of Huntington and The Cabell County Commission's Joint Responses and Objections to AmerisourceBergen Drug Corporation's Second Set of Requests for Production to Plaintiffs"** was served on counsel *via* email only to plaintiffs' listserv at mdl2804discovery@motleyrice.com and to defendants' listserv at track2opioiddefendants@reedsmith.com.

                                                  /s/ *Monique Christenson*
                                                  Monique Christenson (SC Bar No. 104063)
                                                  **MOTLEY RICE LLC**
                                                  28 Bridgeside Blvd.
                                                  Mount Pleasant, SC 29464
                                                  Tel: 843-216-9000
                                                  Fax: 843-216-9450
                                                  mchristenson@motleyrice.com