### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
      **Plaintiff,**

**v.**

                                    **CIVIL ACTION NO. 3:17-01362**

**AMERISOURCEBERGEN DRUG**
**CORPORATION, et al.,**
      **Defendants.**

_____

**CABELL COUNTY COMMISSION,**
      **Plaintiff,**

**v.**

                                    **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG**
**CORPORATION, et al.,**
      **Defendants.**

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANTS TO IDENTIFY PRODUCTIONS THEY CANNOT AUTHENTICATE

      COME NOW, Plaintiffs City of Huntington and Cabell County Commission (collectively, "Plaintiffs") who submit their reply brief in support of their motion seeking an order compelling Defendants to identify any of their own document productions for which they believe there are authenticity issues. All Plaintiffs seek is for Defendants to identify from the documents they pulled from their own files and produced in discovery any that are not what they purport to be or have been changed or altered in some fashion from the time they were removed from Defendants' files.[1] Defendants are the only ones that would have this knowledge. If Defendants' productions were conducted properly, the requested relief would be simple for Defendants to comply with: their response would be "none."

_____

[1] Plaintiffs have no issue with the requested ruling applying to them as well and have include language reflecting same in their proposed order.

Defendants offer two unavailing arguments in their opposition to Plaintiffs' motion. First, they incorrectly claim that this issue cannot be considered while fact discovery is ongoing, though they cite no support for their position, and, in fact, document discovery is and has been closed since June 12, 2020. Second, Defendants contend they cannot authenticate their documents "in the abstract" and that authenticity can only be considered once Plaintiffs have offered documents via motion for summary judgment or at trial. The cases Defendants themselves cite are clear that a presumption of authenticity of a party's own documents is favored, which is consistent with prior rulings in this litigation.

I.      **Document Discovery in CT2 is Closed, but Plaintiffs Can Address Authentication Issues in Upcoming Depositions of Defendant Witnesses**

Defendants claim Plaintiffs' motion is premature because discovery is ongoing. On May 11. 2020, the Court amended discovery deadlines in this matter providing that "Written/Document Discovery is to be completed by June 12, 2020."[2] To the extent fact discovery continues with fact witness depositions through July 27, Plaintiffs have already explained in their motion why raising this issue now is appropriate.[3] The case law from across the country supports a finding that Defendants own documents are deemed authentic, so ordering Defendants to identify any of their documents of which they have a good faith authenticity[4] dispute before fact discovery closes allows Plaintiffs to address such issues with Defendants' witnesses at the upcoming depositions. Raising objections to authenticity after the close of fact discovery would deprive Plaintiffs this opportunity.

II.     **A Presumption of Authenticity is Appropriate**

---

[2] Dkt. 410.

[3] Plaintiffs' Motion at 2 [Dkt. 668].

[4] "The authenticity of a document simply refers to whether a document is in fact what it is purported to be." *United States v. Habteyes*, 356 F. Supp. 3d 573, 581 (E.D. Va. 2018).

Defendants next dispute that the documents they themselves produced are actually authentic and should be presumed so. For this premise, Defendants quote *Jonathan Pepper Co. v. Hartford Cas. Ins. Co.*, 520 F. Supp. 2d 977 (N.D. Ill. 2007), in which the court observed that merely producing a document "from whatever source" does not necessarily deem it authenticated.[5] But what was left out of Defendants' citation was the preceding sentence, which specifically supports Plaintiffs' position: "If plaintiffs were contesting the authenticity of documents that they ***created* or *maintained***, it is true that their production of these documents to [defendant] would automatically authenticate them." *Jonathan Pepper Co. v. Hartford Cas. Ins. Co.*, 520 F. Supp. 2d 977, 981 (N.D. Ill. 2007) (emphasis added). The relief Plaintiffs seek in their motion is consistent with this axiom articulated by the Northern District of Illinois.[6]

Defendants further argue that they cannot stipulate to the authenticity of their documents due to the volume. Plaintiffs, however, do not seek any stipulation from Defendants on this issue. This motion was filed once it became clear Defendants had no interest in stipulating that the documents they "created or maintained" are authentic. Plaintiffs are seeking an order compelling Defendants to identify which of their own documents are not authentic or have authenticity issues. Only Defendants know this information.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests the Court to grant their *Motion to Compel Defendants to Identify Productions They Cannot Authenticate*.

---

[5] Defendants' Response at 5 [Dkt. 717].

[6] *See also U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938, at *18 (S.D.N.Y. Aug. 1, 2006) ("A party producing a document is in a better position to know whether the document is authentic than the party seeking it in discovery. It is disingenuous for the producing party to dispute the document's authentication without proffering some basis for questioning it."); *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) ("[D]ocuments produced during discovery that are on the letterhead of the opposing, producing party are authentic per se for purposes of Federal Rule of Evidence 901.");

Dated: July 17, 2020                    Respectfully submitted,

                                        Plaintiffs,

                                        THE CITY OF HUNTINGTON and
                                        CABELL COUNTY COMMISSION

                                        /s/ *Michael J. Fuller, Jr.*
                                        Michael J. Fuller, Jr. (WV Bar No. 10150)
                                        **McHUGH FULLER LAW GROUP, PLLC**
                                        97 Elias Whiddon Rd.
                                        Hattiesburg, MS  39402
                                        T: 601-261-2220
                                        F: 601-261-2481
                                        mike@mchughfuller.com

                                        Paul T. Farrell, Jr. (WVSB No. 7443)
                                        **FARRELL LAW**
                                        422 Ninth Street, 3rd Floor (25701)
                                        P.O. Box 1180
                                        Huntington, WV  25714-1180
                                        Tel:  304-654-8281
                                        paul@farrell.law

                                        Anne McGinness Kearse (WVSB No. 12547)
                                        Joseph F. Rice
                                        **MOTLEY RICE LLC**
                                        28 Bridgeside Blvd.
                                        Mount Pleasant, SC 29464
                                        Tel:  843-216-9000
                                        Fax:  843-216-9450
                                        akearse@motleyrice.com
                                        jrice@motleyrice.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 17, 2020, a copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANTS TO IDENTIFY PRODUCTIONS THEY CANNOT AUTHENTICATE** has been filed electronically using the Court's CM/ECF system and will be served *via* the Court's CM/ECF filing system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

*/s/  Michael J. Fuller, Jr..*
Michael J. Fuller, Jr.