IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01362 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>    Defendants. | |
| CABELL COUNTY COMMISSION,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO. 3:17-01665 |
| AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br>    Defendants. | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF VIDEOTAPED 30(b)(6) DEPOSITION**

Defendants, by counsel, respectfully submit this Reply to Plaintiffs' Response to Defendants' Notice of Videotaped 30(b)(6) Deposition and state as follows:

1. On June 3, 2020, Defendants filed their Notice of Videotaped 30(b)(6) Deposition of the City of Huntington. *See* Dkt. No. 505. The Notice set forth thirty-one (31) topics for examination.

2. Rule 30(b)(6) states that the "persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6) (2020). "The Rule 30(b)(6) witness speaks for the entity. As such, the witness is not presented to provide his personal knowledge and opinions, but, instead, must be prepared to testify to the corporation's knowledge,

1

its position on the depositions topics, its subjective beliefs and opinions, and its interpretation of documents and events." *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013).

3. "Only if a corporation or governmental agency genuinely is unable to provide an appropriate designee because: it does not have the requested information; cannot reasonably obtain it; and, lacks sufficient knowledge after a good faith, thorough review of all available information, will its obligations under Rule 30(b)(6) cease." *Consumer Financial Protection Bureau v. Borders & Borders, PLC*, No. 3:13-cv-1047, 2016 WL 9460471, at *4 (W.D. Ky. June 29, 2016). "If the Rule 30(b)(6) designee legitimately lacks the ability to answer relevant questions on listed topics and the corporation cannot better prepare that witness or obtain an adequate substitute, then the 'we-don't-know' response can be binding on the corporation and prohibit it from offering evidence at trial on those points." *Id.* at *5 (internal quotations and citations omitted).

4. On July 17, 2020, Plaintiffs filed a document titled Plaintiffs' Response to Defendants' Notice of Videotaped 30(b)(6) Deposition. *See* Dkt. No. 759. The Response states that on fifteen of the thirty-one topics "the requested information is neither known or reasonably available to the organizations." *Id.* It states that Plaintiffs' designees will respond to these topics of examination by testifying "(a) the governmental entity has no institutional knowledge of the subject matter; (b) the facts set forth related thereto in the Third Amended Complaint are allegations drafted by counsel; and/or (c) the subject matter will be addressed by expert witnesses." *Id.*

5. The Response—which is not a motion for a protective order—states that "Plaintiffs will produce witnesses in response to the Notices." *Id.* at 2. As such, Defendants anticipate Plaintiffs will produce persons to testify on each of the identified topics and that the designees will

be prepared to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

6. Regarding the fifteen topics of examination referenced in the Response, if the organization's testimony as to a topic is that it "has no institutional knowledge on the subject matter," this response is only appropriate if the entity "genuinely is unable to provide an appropriate designee because: it does not have the requested information; cannot reasonably obtain it; and, lacks sufficient knowledge after a good faith, thorough review of all available information." *Consumer Financial Protection Bureau*, 2016 WL 9460471, at *4. If that is the case, Defendants anticipate and expect the designee to testify to all efforts the organization made and sources searched to obtain the requested information so as to ensure that reasonable efforts were made and the information could not be obtained despite all reasonable efforts to do so.

7. Next, "courts have consistently held that a Rule 30(b)(6) notice of deposition that seeks the factual bases for another party's claims or defenses is proper." *Majestic Bldg. Maintenance, Inc. v. Huntington Bancshares Inc.*, No. 2:15-cv-3023, 2018 WL 3358641, at *6 (S.D. Ohio July 10, 2018) (internal quotations and citation omitted). As such, it is not proper for a designee responding to a topic of examination to assert that "the facts set forth related thereto in the Third Amended Complaint are allegations drafted by counsel." *See* Dkt. No. 759. The factual bases for Plaintiffs' allegations in the Third Amended Complaint are subject to discovery under Rule 30(b)(6) without regard to the author of the Complaint.

8. Lastly, a Rule 30(b)(6) deposition that "seeks the factual bases" for a party's claim is, again, proper. A designee simply stating that "the subject matter will be addressed by expert witnesses" does not comply with the organization's obligation to identify and provide factual information responsive to the deposition notice.

9.  Defendants anticipate and expect Plaintiffs to comply with their obligations under Rule 30(b)(6), and that the designees will be prepared to "testify about information known or reasonably available to the organization" in the 30(b)(6) depositions scheduled to begin this week. Fed. R. Civ. P. 30(b)(6).

Dated: July 20, 2020

    Respectfully submitted,

    ***AmerisourceBergen Drug Corporation***
    By Counsel:

    */s/ Gretchen M. Callas*
    Gretchen M. Callas (WVSB #7136)
    JACKSON KELLY PLLC
    Post Office Box 553
    Charleston, West Virginia 25322
    Tel: (304) 340-1000
    Fax: (304) 340-1050
    gcallas@jacksonkelly.com

    /s/ Robert A. Nicholas
    Shannon E. McClure
    REED SMITH LLP
    Three Logan Square
    1717 Arch Street, Suite 3100
    Philadelphia, PA 19103
    Tel: (215) 851-8100
    Fax: (215) 851-1420
    rnicholas@reedsmith.com
    smcclure@reedsmith.com
    ***Cardinal Health, Inc.***
    By Counsel:

    */s/ Michael W. Carey*
    Michael W. Carey (WVSB #635)
    David R. Pogue (WVSB #10806)
    Steven R. Ruby (WVSB #10752)
    Raymond S. Franks II (WVSB #6523)
    Carey, Scott, Douglas & Kessler, PLLC
    901 Chase Tower, 707 Virginia Street, East
    P.O. Box 913
    Charleston, WV 25323

Telephone: (304) 345-1234
mwcarey@csdlawfirm.com
drpogue@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2020, the foregoing ***Defendants Reply to Plaintiffs' Response to Defendants' Notice of Videotaped 30(b)(6) Deposition*** was sent to Counsel for the Plaintiffs and Defendants using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)

6