UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.

CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.

CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,
    Defendants.

## PLAINTIFF's RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF CERTAIN CITY OF HUNTINGTON DOCUMENTS

Taking into account hard copy law enforcement records, electronic documents, and emails, Plaintiff, the City of Huntington, has produced more than 200,000 law-enforcement related documents in this litigation. The City of Huntington has also properly withheld a small subset[1] of law enforcement-implicated documents. Specifically, the City has withheld certain Huntington Police Department documents subject to law enforcement privilege, as well as certain sensitive

---

[1] As demonstrated in Exhibit B to Defendants' Motion to Compel, the vast majority of the documents at issue in Defendants' Motion are identified in Volume I of Plaintiffs' Privilege Log, which reflects those documents withheld from Plaintiffs' hard-copy, Drug Unit files. Specifically, these hard copy documents account for 2,945 of the 3,464 entries relating to third-party confidentiality and 2,057 of 3,416 entries pertaining to law enforcement privilege. Because many of the hard-copy Drug Unit files were stored as loose files, a significant number of the privilege entries corresponding to both of these categories actually reflects individual pages of a document rather than multiple different documents. Thus, the actual number of *documents* (rather than selected pages within a document) withheld is far less than the quantity noted in Defendants' Motion.

law enforcement documents provided to the City by other, third-party law enforcement agencies. As explained in greater detail below, Defendants' Motion to Compel these documents should be denied in full.

### I. Plaintiff has Properly Invoked Law Enforcement Privilege Over those Documents Defendants Seek to Compel.

While West Virginia does not have "an all-encompassing law enforcement privilege," it nevertheless recognizes a law enforcement privilege in those instances where specific harms are likely to result from disclosure. *Maclay v. Jones*, 208 W. Va. 569, 572-77, 542 S.E.2d 83, 86-91 (2000). Specifically, Courts have generally held that:

> In order to illustrate that the privilege applies, the party "must show that the documents contain information that the law enforcement privilege is intended to protect," which "**includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation**."

*United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (quoting *In re The City of New York*, 607 F.3d at 944) (internal quotations omitted) (emphasis added). In the instant case, the documents that Plaintiffs have withheld pursuant to a law enforcement privilege generally fall into the following three categories: (1) documents relating to ongoing investigations (2) documents that would undermine the confidentiality of a source and (3) documents pertaining to confidential law enforcement techniques and procedures.

Defendants do not take issue with Plaintiff's assertion of law enforcement privilege as to these first two categories of documents. However, Defendants argue that documents such as "operational plan[s] revealing law enforcement techniques, methods, and strategies" are not similarly privileged because the City would not suffer harm upon the disclosure of these

documents. *See* Def.'s Mot. at 6. This is inaccurate. Like documents reflecting open investigations and confidential sources, documents detailing highly sensitive law enforcement techniques are also privileged because disclosure of such documents would reveal highly confidential tactics, providing, for example, detailed descriptions of the methodology for undercover operations and intelligence gathering. As one court explained:

> [T]he law enforcement privilege is intended to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation. **If the invocation of the privilege implicates the above concerns, the privilege has been properly invoked**.

*United States v. Moore,* No. 92 CR 200 (DRH), 1992 WL 266938, at *1 (E.D.N.Y. Sept. 29, 1992) (internal citations and quotations omitted) (emphasis added). Here, even with the entry of a protective order, the disclosure of documents containing information relating to Plaintiff's undercover operations would fundamentally hinder Plaintiff's ability to safely conduct similar, future operations. As discussed above, Plaintiffs have already provided Defendants with voluminous law-enforcement records in this case. Accordingly, Defendants' need for the documents at issue in the instant motion – particularly given the extensive information already provided to Defendants – is inherently outweighed by the factors weighing against disclosure of these documents.

## II. The City of Huntington has Properly Withheld Third-Party Law Enforcement Documents.

As Defendants note in their Motion, the City of Huntington has identified a significant number of documents and reports reflecting sensitive law enforcement information and intelligence that have been provided to it by other, third-party law enforcement agencies. Indeed, Plaintiff have provided Defendants with a list of nearly thirty (30) such third-party law

enforcement agencies.[2]  Stated simply: Defendants should not be permitted to conduct derivative discovery through their demands that Plaintiffs produce documents created by third-party law enforcement agencies.  Accordingly, Defendants' Motion to Compel these documents should be denied.

Plaintiffs maintain that producing these documents would be disproportionate to the needs of the case.  However, should the Court not deny Defendants' Motion in its entirety, Plaintiffs suggest that the parties identify a representative subset of documents from each implicated third-party for *in camera* review and evaluation.

## CONCLUSION

For all of the reasons set forth above, Plaintiff the City of Huntington respectfully requests that the Court deny Defendants' Motion to Compel Production of Certain City of Huntington Documents.


Dated:  July 20th, 2020

**THE CITY OF HUNTINGTON**

/s/ *Anne McGinness Kearse*
Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

---

[2] Approximately two-thirds of the entries pertaining the third-party confidentiality designation pertain to reports generated by the FBI's National Crime Information Center (NCIC) and/or National Law Enforcement Telecommunications System (NLETS).

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 20th day of July, 2020, the foregoing was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

      /s/ *Natalie Deyneka*
      Natalia Deyneka (WVSB No. 12978)
      **MOTLEY RICE LLC**