UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**
    Plaintiff,
v.
**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    Defendants.

CIVIL ACTION NO. 3:17-01362

**CABELL COUNTY COMMISSION,**
    Plaintiff,
v.
**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    Defendants.

*Consolidated case:*
CIVIL ACTION NO. 3:17-01665

# DISCOVERY RULING 13
## CONCERNING AUTHENTICATION OF DOCUMENTS PRODUCED IN DISCOVERY

The undersigned, having received and reviewed Plaintiffs' Motion to Compel Defendants to Identify Productions They Cannot Authenticate [Dkt. 668], Defendants' response to the motion, and Plaintiffs' reply in support thereof, finds that the Motion and Response are well-taken and the Motion is neither Granted nor Denied but that the following shall set out the procedure to govern documents produced in discovery and going forward.

    The Special Master finds that the Parties would be best served addressing and resolving issues related to authenticity of documents before the close of fact discovery. More specifically, identifying now any documents from their productions that Plaintiffs' or Defendants contend are

1

not authentic would allow the Parties to address those issues at upcoming depositions. Document discovery closed on June 12, 2020.[1] Therefore, it is appropriate to address this issue now.

"The authenticity of a document simply refers to whether a document is in fact what it is purported to be." *United States v. Habteyes*, 356 F. Supp. 3d 573, 581 (E.D. Va. 2018). To establish that evidence is authentic, a proponent need only present "evidence sufficient to support a finding that the matter in question is what the proponent claims."[2] Federal Courts recognize that this is a low standard and have held that a party's own documents produced in the course of discovery are presumed authentic under Fed. R. Evid. 901.[3] Only Defendants have knowledge of whether the documents they created or maintained in their own files, and subsequently produced in this litigation, are what they appear to be or whether there is any reason to assert a good faith objection to the authenticity of their own documents.[4] The Special Master recognizes that the above concept as applied in this case at this juncture becomes problematic due to the number of documents

---

[1] Dkt. 410.

[2] Fed.R.Evid. 901(a).

[3] *Jonathan Pepper Co. v. Hartford Cas. Ins. Co.*, 520 F. Supp. 2d 977, 981 (N.D. Ill. 2007); *U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938, at *18 (S.D.N.Y. Aug. 1, 2006) ("A party producing a document is in a better position to know whether the document is authentic than the party seeking it in discovery. It is disingenuous for the producing party to dispute the document's authentication without proffering some basis for questioning it."); *Menalco v. Buchan*, No. 2:07-CV-01178-PMP-PAL, 2010 U.S. Dist. LEXIS 8042, at *35-38 (D. Nev. Feb. 1, 2010) ("Authentication is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.' Fed. R. Evid. 901(a). […] Documents produced in discovery are deemed authentic when offered by a party opponent. *Id*. at 777 & n.20. The production in response to a discovery request acts as a judicial admission that the documents are authentic. *Id*."; *Orr v. Bank of Am.*, 285 F.3d 764, 777 n.20 (9th Cir. 2002) ("*See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents produced by a party in discovery were deemed authentic when offered by the party-opponent); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) (same); 31 Federal Practice & Procedure: Evidence § 7105, at 39 ("Authentication can also be accomplished through judicial admissions such as …production of items in response to …[a] discovery request.")).

[4] *U.S. Info. Sys. v. IBEW Local Union No. 3*, 2006 U.S. Dist. LEXIS 52938, at *18 (S.D.N.Y. Aug. 1, 2006) ("A party producing a document is in a better position to know whether the document is authentic than the party seeking it in discovery. It is disingenuous for the producing party to dispute the document's authentication without proffering some basis for questioning it.").

produced and further the source of the documents. It would be unduly burdensome to require Defendants to review the more than 4.5 million documents they state they are being asked to review for authenticity issues. One concept the parties should explore is a stipulation that all documents produced are presumed authenticated (without waiver of other admissibility factors) with a reasonable period to withdraw the presumption when a legitimate challenge to authenticity is identified. If this occurs the issue can be decided on a case by case basis. In essence a claw back arrangement. This concept would go a long way in streamlining not only the trial preparation stage but the trial stage as well.

    If a stipulation cannot be reached the following procedure shall take place; once a party has identified a reasonable set or class of documents they intend to use at deposition the producing party shall at least twenty-four (24) hours prior to the deposition file any challenge to authenticity or the document(s) will be deemed authentic.  Once a party has identified a reasonable set or class of documents they intend to use at trial the producing party or parties shall, within seven (7) days file any challenge to authenticity or the document(s) will be deemed authentic. If a dispute arises as to the reasonableness of the set or range of documents counsel should contact the Special Master and a supervised meet and confer will be conducted.

    The Parties should once again meet and confer on the issue of a reasonable stipulation that would preclude unnecessary discovery disputes but ensure that legitimate issues concerning authenticity will be preserved when and if identified.

Entered: <u>July 23, 2020</u>

<u>Christopher Wilkes</u>
Special Master