IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**DEFENDANT MCKESSON CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL MCKESSON TO IDENTIFY DILIGENCE FILES**

Plaintiffs have moved to compel McKesson Corporation ("McKesson") to identify and provide production numbers for all documents that McKesson considers part of its due diligence for McKesson customers in the City of Huntington and Cabell County in a further supplemental response to Request No. 4 of Plaintiffs' (First) Combined Discovery Requests against Defendants ("First Combined Requests" or "Requests").  The Motion should be denied, first and foremost, because it is untimely.  The Court has recently denied as untimely two motions to compel discovery that were filed after the May 15 deadline set forth in the scheduling order.  *See* Dkt. Nos. 686 and 738.  The same reasoning and outcome should apply to this motion to compel, which was filed on July 14, two months after the May 15 deadline.

Aside from being untimely, the motion also should be denied because Plaintiffs improperly attempt to rely on a prior discovery order that does not apply to McKesson, and because McKesson has provided fully sufficient responses to Request No. 4.

## **BACKGROUND**

On October 22, 2019, Plaintiffs served their First Combined Requests. Request No. 4 in that set asked Defendants to "produce the due diligence file for each of your customers in CT2 [and] . . . identify the Bates range which corresponds to each due diligence file to enable a jury to correlate each due diligence file to each of your customers." Ex. A at 2. McKesson served its Objections and Responses to those Requests on November 29, 2019. Ex. B. In response to Request No. 4, McKesson agreed to produce due diligence files for customers in West Virginia that fall within CT2 (the City of Huntington and Cabell County). Ex. B at 9. Following McKesson's initial response, Plaintiffs and McKesson met and conferred regarding Plaintiffs' Requests, including Request No. 4. Declaration of Dale Rice, dated July 23, 2020, ¶ 4 ("Rice Decl.").

On February 21, 2017, Plaintiffs filed a motion to compel against Defendants Cardinal and ABDC seeking supplemental responses to the First Combined Requests, including Request No. 4 relating to diligence files. *See* Dkt. No. 169 at 4. Plaintiffs' motion was not directed at McKesson and instead expressly stated that Plaintiffs and McKesson had met and conferred "on deficiencies Plaintiffs contend exist as to McKesson's Responses to Plaintiffs' Combined Discovery Request Nos. 2, 3, 4, 5, 7, 9, 10, and 11 [and that an a]greement was reached such that McKesson [would] supplement its responses to the aforementioned requests to address the noted deficiencies beginning next week." Dkt. No. 169 at 1-2, n.1. This Court ultimately entered Discovery Ruling No. 2, granting in part Plaintiffs' motion to compel further discovery,

including information pursuant to Request No. 4.  DR 2.   Because McKesson was not a party to the motion to compel, Discovery Ruling No. 2 does not apply to McKesson.

On February 28, 2020, as it had agreed to do, McKesson provided its Supplemental Objections and Responses to Plaintiffs' First Combined Discovery Requests to Distributors (Nos. 1-11). *See* Ex. C.  McKesson's supplemental response to Request No. 4 included production numbers for its diligence files, some by specific pharmacy and others for the McKesson customers in Huntington and Cabell County by source location.[1]  Ex. C. at 10-11.  McKesson also stated that it "continues to collect, review and produce documents from the files of ESI custodians." *Id.*

Following service of McKesson's supplemental responses, Plaintiffs requested a second meet and confer.  With regard to Request No. 4, Plaintiffs asked that McKesson further supplement to state that it had completed production of diligence files for the four central locations.  *See* Rice Decl. ¶ 6.  On March 17, 2020, McKesson provided to Plaintiffs its Second Supplemental Objections and Responses to Plaintiffs' First Combined Discovery Requests to Distributors (Nos. 3 and 4) stating that "McKesson has completed its collection and production of diligence files from these four central locations for its customers in Cabell County and the City of Huntington."  Ex. D at 11.  McKesson further stated that "McKesson continues to collect, review and produce documents from the files of ESI custodians.  Those files may contain diligence-related documents for McKesson customers in Cabell County and the City of Huntington, West Virginia." *Id.* at 12.

---

[1] McKesson has stored diligence files in four different central locations over time.  The supplemental response provides the production number range separately for those four locations. Diligence-related documents also may be in the files of ESI custodians, particularly for members of McKesson's Regulatory Affairs team who are responsible for implementing McKesson's Controlled Substance Monitoring Program ("CSMP").

On April 20, 2020, Plaintiffs *again* moved to compel Cardinal to provide a "complete response to Combined Discovery Request No. 4," including identification of production numbers for due diligence documents. Dkt. No. 350 at 1-2. Although Plaintiffs had had McKesson's second supplemental response to Request No. 4 for more than a month, Plaintiffs had not raised any issues about McKesson's second supplemental response and did not file any motion to compel against McKesson. On May 13, 2020, this Court entered Discovery Ruling No. 4, ordering Cardinal to provide further production pursuant to Request No. 4, namely "to identify, by Bates number," any documents "that are responsive to Combined Discovery Request No. 4 in that they are a portion of the 'due diligence file.'" DR 4. McKesson was not a party to the motion and Discovery Ruling No. 4 does not apply to McKesson.[2]

On May 11, 2020, the Court ordered that, "*no later than May 15, 2020*, the parties should file any necessary motions to ensure that outstanding discovery disputes, including those involving third parties, may be decided prior to the June 12, 2020 deadline [for completing written/document discovery]." Dkt. No. 410 (emphasis added). Plaintiffs had not raised any further issues regarding McKesson's March 17 second supplemental response to Request No. 4, and they did not file any motion, placeholder or otherwise, regarding that response by the May 15 deadline.

On July 1, 2020, for the first time, Plaintiffs requested that McKesson further supplement its response to Request No. 4 to provide production numbers for all diligence-related documents, citing to Discovery Ruling Nos. 4 and 7. *See* Ex. E (July 1, 2020 Email from B. Bogle to D. Rice). Counsel for Plaintiffs and McKesson conferred, but did not reach agreement. *See* Rice

---

[2] In Discovery Ruling No. 7, the Special Master denied Cardinal's motion for reconsideration of Discovery Ruling No. 4. *See* DR 7.

Decl., ¶ 8. Plaintiffs then filed their motion on July 14, 2020, seeking to compel McKesson to "produce the discovery ordered [against ABDC and Cardinal] in Discovery Ruling No. 2." Dkt. No. 732 at 2.

## ARGUMENT

### I.      Plaintiffs' Motion to Compel is Untimely Under the Court's Order (Dkt. No. 410).

Plaintiffs' Motion to Compel is untimely and should be denied on that basis alone. The Court ruled that "*no later than May 15, 2020*, the parties should file any necessary motions to ensure that outstanding discovery disputes, including those involving third parties, may be decided prior to the June 12, 2020 [written/document discovery] deadline." Dkt. No. 410 (emphasis added). Plaintiffs failed to do so.

This Court has already denied other motions to compel as untimely when they were filed after the May 15 deadline. As this Court previously found, Plaintiffs were aware of that requirement and "did file placeholder motions while other ongoing discovery disputes were being negotiated." Dkt. No. 686 (Order Denying Plaintiffs' Motion to Compel Defendants McKesson Corporation and Cardinal Health, Inc., to Produce Documents From Their Salesforce Databases as untimely); *see also* Dkt. Nos. 438 and 439.

In addition, Plaintiffs cannot provide any legitimate explanation for their delay in filing this Motion, particularly because Plaintiffs filed timely motions to compel against ABDC and Cardinal regarding the same discovery request. By Plaintiffs' own admission, Dkt. No. 732 at 2, they were aware before the May 15 deadline of the McKesson responses and productions that allegedly give rise to the instant dispute: McKesson provided its Second Supplemental Objections and Responses to Plaintiffs' First Combined Discovery Requests (Requests Nos. 3 and 4) ("Objections and Responses") on *March 17, 2020*. *Id.* And Plaintiffs' contention that "[i]t was Plaintiffs' expectation . . . that McKesson would be supplementing additional information

concerning due diligence materials located in the files of its ESI custodians," Dkt. No. 732 at 2, is irrelevant. If that was Plaintiffs' expectation, it had not been communicated to McKesson prior to the July 1, 2020 email. In any event, the only issue that matters is whether Plaintiffs were "aware of Defendant's written objections well in advance of the Court's filing deadline." Dkt. No. 686. On that point, there is no dispute.

Plaintiffs waited until July 14, 2020—*two months* after the Court's May 15th filing deadline, Dkt. No. 410, and *four months* after McKesson served its Second Supplementary Objections and Responses on March 17, 2020—to file their Motion. Plaintiffs have not provided any colorable explanation for this lengthy delay, let alone an "extraordinary circumstance," that justifies their tardiness in filing this Motion. *See* Dkt. No. 686 at 2 ("[T]he circumstances for considering a late filed motion must be truly extraordinary."). This Court has enforced the May 15, 2020 deadline against untimely motions to compel, and should again do so here. *See* Dkt. Nos. 686 and 738.

Moreover, Plaintiffs' Motion fails to comply with Local Rule 37.1(c), which requires that motions to compel "not filed within 30 days after the discovery response or disclosure requirement were due are waived" absent an order for good cause shown. S.D.W. Va. L.R. 37.1(c). Plaintiffs filed this Motion nearly 120 days after McKesson's Supplemental Objections and Responses, and they did not proffer "good cause" (let alone any legitimate reason) for their delay. Thus, consistent with the Court's order, prior rulings, and Local Rule 37.1(c), this Court should deny Plaintiffs' Motion as untimely.

## II. McKesson Has Not Violated a Court Order Because Discovery Ruling No. 2 Does Not Apply To McKesson.

Plaintiffs contend that McKesson has failed to "produce the discovery ordered in Discovery Ruling No. 2," claiming that, "[i]n Discovery Ruling No. 2, the Special Master ordered McKesson

to identify the Bates ranges for each due diligence file for each pharmacy it served in the City of Huntington and Cabell County." Dkt. No. 732 at 2. But Discovery Ruling No. 2 does not apply to McKesson. By its own terms, the ruling addresses Plaintiffs' motion to compel "discovery production against Defendants AmerisourceBergen Drug Corporation . . . and Cardinal Health, Inc., as well as related exhibits." DR 2 at 1; *see also id.* at 4-5 (ruling that the instant motion was moot as to Cardinal and ordering that ABDC "must conduct such identification of correlating Bates ranges within fifteen (15) days of the entry of this Ruling.").

### III. McKesson Has Produced the Requested Discovery Under Request No. 4.

Plaintiffs' Motion should also be denied because McKesson has in fact produced the discovery Plaintiffs requested in Request No. 4, which seeks production of customer due diligence documents and identification of certain production number ranges for due diligence documents. McKesson has produced, among other documents, diligence files produced in the action brought by the West Virginia Attorney General and diligence files from McKesson's four central due diligence file depositories. Its response to Request No. 4 provides production numbers for those files. Ex. D at 10-11. McKesson has therefore fully satisfied its discovery obligations regarding Request No. 4.

In addition, the legitimacy of Plaintiffs' complaint is undermined by the procedural history that preceded the filing of this Motion. Following receipt of McKesson's initial Objections and Responses to Plaintiffs' Combined Discovery Requests, Plaintiffs and McKesson met and conferred twice. Rice Decl., ¶¶ 6, 9. McKesson agreed to supplement its response to Request No. 4 (among others), and did so, twice: first on February 28, 2020, s*ee* Ex. C, and again on March 17, 2020, *see* Ex. D. Plaintiffs raised no subsequent concern with McKesson's response to Request No. 4, even as they moved forward with motions to compel against ABDC and Cardinal. *See* Dkt. Nos. 168 and 350. Plaintiffs' own conduct—including their silence for four months—substantiates

the sufficiency of McKesson's response. Plaintiffs' motion to compel should be denied for this additional reason.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Compel the Identification of Diligence Files.

Dated: July 23, 2020

Respectfully submitted,

**Defendant *McKesson Corporation***
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
Tel: (502) 587-3400
cbrowning@stites.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com

lflahivewu@cov.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 23rd day of July, 2020, the foregoing **"Reply in Support of Defendants' Motion to Compel Discovery Responses"** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
