IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**DECLARATION OF DALE A. RICE, ESQ.**

I, Dale A. Rice, Esq., declare as follows:

1. I am an attorney and Of Counsel with the law firm Covington & Burling LLP. Covington represents McKesson Corporation ("McKesson") in the opioid-related litigation that McKesson is a party to, including *In re National Prescription Opiate Litigation*, Case No. 17-MD-2804, pending in the Northern District of Ohio ("MDL 2804"), other proceedings pending in federal and state courts, and this action. I submit this declaration in support of McKesson's Opposition to Plaintiffs' Motion to Compel the Identification of Diligence Files.

2. Attached as Exhibit A to this declaration is a true and correct copy of Plaintiffs' (First) Combined Discovery Requests To Distributors, served in this action on October 22, 2019.

1

3. Attached as Exhibit B to this declaration is a true and correct copy of Defendant McKesson Corporation's Objections and Responses To Plaintiffs' First Combined Discovery Requests To Distributors (Nos. 1-11), served in this action on November 29, 2019.

4. Following service of McKesson's initial responses, McKesson met and conferred telephonically with Plaintiffs' counsel regarding McKesson's objections and responses to Plaintiffs' First Set of Combined Discovery Requests. With respect to Request No. 4, McKesson agreed to supplement its response.

5. On February 28, 2020, McKesson supplemented its Objections and Responses, including its response to Request No. 4. Attached as Exhibit C to this declaration is a true and correct copy of Defendant McKesson Corporation's Supplemental Objections and Responses To Plaintiffs' First Combined Discovery Requests To Distributors (Nos. 1-11), served in this action on February 28, 2020. McKesson's supplemental response to Request No. 4 included production numbers for its diligence files, some by specific pharmacy and others for the McKesson customers in Huntington and Cabell County by source location. *See* Ex. C at 10-11.[1]

6. Following service of McKesson's supplemental responses, Plaintiffs and McKesson again met and conferred telephonically regarding McKesson's supplemental objections and responses. With regard to Request No. 4, Plaintiffs asked that McKesson further supplement to state that it had completed production of diligence files for the four central locations. McKesson agreed to do so.

---

[1] McKesson has stored diligence files in four different central locations over time. The supplemental response provides the production number range separately for those four locations. Diligence-related documents also may be in the files of ESI custodians, particularly for members of McKesson's Regulatory Affairs team who are responsible for implementing McKesson's Controlled Substance Monitoring Program ("CSMP").

7.      McKesson then submitted its Second Supplemental Objections and Responses. Attached as Exhibit D to this declaration is a true and correct copy of Defendant McKesson Corporation's Second Supplemental Objections and Responses To Plaintiffs' First Combined Discovery Requests To Distributors (Nos. 3 and 4), served in this action on March 17, 2020.  As part of McKesson's Second Supplemental Response, McKesson stated that "McKesson has completed its collection and production of diligence files from these four central locations for its customers in Cabell County and the City of Huntington."  Ex. D at 11.

8.      Following service of McKesson's Second Supplemental Objections and Responses, Plaintiffs' counsel did not express any further concerns regarding McKesson's response to Plaintiff's Combined Discovery Request No. 4 until July 1, 2020.  On July 1, 2020, Plaintiffs requested for the first time that McKesson "supplement its discovery responses to identify all due diligence files, including any such files that may be in custodial productions" pursuant to Discovery Rulings 4 and 7.  Attached as Exhibit E to this declaration is a true and correct copy of the email sent from Plaintiffs' counsel Brandon Bogle to McKesson counsel Dale Rice on July 1, 2020.

9.      The parties then met and conferred telephonically regarding McKesson's prior responses to Request No. 4.  McKesson noted that McKesson had already served supplemental responses to Request No. 4 that addressed the issues Plaintiffs had previously raised.  McKesson also noted that it was not subject to Discovery Ruling Nos. 4 and 7 and stated that any motion to compel would be untimely.  Plaintiffs' counsel nonetheless filed their Motion to Compel on July 14, 2020.

I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Executed in Mill Valley, California on July 23, 2020.

                                                                    */s/ Dale A. Rice*
                                                                        DALE. A. RICE