UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO.: 3:17-cv-01362 |
| AMERISOURCEBERGEN DRUG<br>CORPORATION, et al.,<br>    Defendants. | |
| CABELL COUNTY COMMISSION,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO.: 3:17-cv-01665 |
| AMERISOURCEBERGEN DRUG<br>CORPORATION, et al.,<br>    Defendants. | |

**PLAINTIFFS CITY OF HUNTINGTON AND CABELL COUNTY COMMISSIONS' REPLY BRIEF REGARDING JULY 8, 2020 MOTION TO COMPEL ABDC TO <u>COMPLY WITH DISCOVERY RULING NO. 2</u>**

In its Opposition, Defendant AmerisourceBergen Drug Corporation ("ABDC") admits that it has not complied with the Special Master's Discovery Ruling No. 2, which required that it identify all due diligence related to its Huntington/Cabell County customers. Yet it raises baseless and irrelevant arguments in its continued attempt to evade the Special Master's instructions. The Court should grant Plaintiffs' Motion to Compel and order ABDC to identify all documents it considers part of its due diligence for its CT2 customers, including those found in custodial files, and the corresponding Bates numbers.

In Discovery Ruling No. 2, the Special Master ordered ABDC to identify the Bates ranges for each due diligence file for each pharmacy it served in the City of Huntington and Cabell County. *See* DR 2 at 5. The Special Master clearly stated that "needle-in-haystack discovery is

1

not appropriate" for this due diligence discovery. *Id*. Despite this, in its Opposition, ABDC continues to insist that Plaintiffs find this information themselves. ABDC contends that it has complied with the Special Master's order, but then states: "ABDC also produced documents from various custodial files, which may contain documents relating to ABDC's customers in Cabell County and the City of Huntington. These documents were produced in a searchable format, and Plaintiffs easily can search those documents." Opp. at 7-8. Thus, ABDC admits that it has not identified the Bates ranges for the due diligence information in the custodial files that it has produced and instead believes that Plaintiffs should conduct the very type of "needle-in-haystack" search that DR 2 specifically prohibits. The Special Master already rejected this argument in DR 2, where ABDC contended that "it shouldn't have to 'do [Plaintiffs'] work for them' by identifying the Bates range for each due diligence file." Dr. 2 at 5. The Court should order ABDC to stop playing games and comply with the Special Master's directive.

ABDC's only other arguments are that Plaintiffs' motion to compel is untimely and that Plaintiffs have not identified Bates ranges for certain productions. Neither of these arguments has any merit. On the timeliness question, this is not a new motion that is seeking new relief and is therefore not outside of any deadlines set by the Court. This Motion to Compel instead seeks to enforce ABDC's compliance with DR 2. The Court should recognize ABDC's position on timeliness for what it is: pure smoke and mirrors, which attempts to distract the Court from the merits, where ABDC admits that it has not complied. The Special Master's comments about late-filed motions have no applicability here, except to the extent they advocate the "strong preference for written discovery to conclude" which Plaintiffs' motion here seeks to achieve.[1]

---

[1] In the alternative, Plaintiffs contend that seeking to rectify a Defendant's continued noncompliance with a prior discovery ruling qualifies as "extraordinary circumstances."

2

ABDC's remaining argument is equally unavailing. Again, ABDC attempts to distract the Court with the irrelevant claim that Plaintiffs have not provided Bates ranges for documents they have identified in response to ABDC's Second Set of Requests for Production. Plaintiffs' conduct is not at issue here and ABDC's document requests are unrelated to its obligation to comply with DR 2. If ABDC has an issue with Plaintiffs' response, it is free to raise it in a separate motion. This briefing is not the place to do it.

The Court should see ABDC's opposition for what it is: pages of diversion in an attempt to hide the fact that Plaintiffs are justified in seeking this Motion to Compel. ABDC has not, as ordered by DR 2, identified the due diligence documents found in custodial files that relate to its customers in Cabell County and the City of Huntington. ABDC still directs Plaintiffs to find that information themselves, in contravention of the Special Master's specific instructions to them. The Court should not allow this continued intransigence and order that ABDC comply with DR 2 and identify, by Bates range, any remaining due diligence files, including those produced in custodial files.

Dated: July 23, 2020

RESPECTFULLY SUBMITTED,

Plaintiffs, THE CITY OF HUNTINGTON and CABELL COUNTY COMMISSION

/s/ Michael J. Fuller, Jr.
Michael J. Fuller, Jr. (WV Bar No. 10150)
**McHUGH FULLER LAW GROUP, PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS 39402
T: 601-261-2220
F: 601-261-2481
mike@mchughfuller.com

Paul T. Farrell, Jr. (WVSB No. 7443)
**FARRELL LAW**

3

422 Ninth Street, 3rd Floor (25701)
P.O. Box 1180
Huntington, WV 25714-1180
Tel: 304-654-8281
paul@farrell.law

Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

Mark P. Pifko (admitted *pro hac vice*)
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Los Angeles, CA 91436
Tel: 818-839-2333
mpifko@baronbudd.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 23, 2020, a copy of the foregoing **PLAINTIFFS CITY OF HUNTINGTON AND CABELL COUNTY COMMISSIONS' REPLY BRIEF REGARDING JULY 8, 2020 MOTION TO COMPEL ABDC TO COMPLY WITH DISCOVERY RULING NO. 2** has been filed electronically using the Court's CM/ECF system and will be served via the Court's CM/ECF filing system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court, as well as via email only to plaintiffs' listserv at mdl2804discovery@motleyrice.com and defendants' listservs at track2opioiddefendants@reedsmith.com.

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)
Motley Rice LLC
***On behalf of Plaintiffs***