IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON and
CABELL COUNTY COMMISSION,

**Plaintiffs,**

v.                                                                  CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,

**Defendants.**

---

**PLAINTIFFS' MOTION TO ALLOW LIVE TESTIMONY THROUGH CONTEMPORANEOUS TRANSMISSION FROM LOCATIONS OUTSIDE OF WEST VIRGINIA**

Plaintiffs respectfully request that this Court allow live trial testimony via contemporaneous transmission from locations outside of West Virginia for witnesses that are not otherwise subject to the Court's subpoena power. Specifically, Plaintiffs seek to employ this procedure for witnesses[1] from AmerisourceBergen Drug Corporation ("ABDC") and McKesson Corporation ("McKesson") that reside beyond the subpoena power of the Court. .[2]

**I.     LEGAL STANDARD**

Rule 43 of the Federal Rules of Civil Procedure provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Fed. R. Civ. P*. 43(a). The decision to allow such testimony is within the Court's discretion. *See United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir.

---

[1] Consistent with Judge Polster's prior rulings on this issue, Plaintiffs will select the specific witnesses they intend to present testimony from utilizing contemporaneous transmission by a specified deadline. Defendants thereafter would have the option of submitting those witnesses via contemporaneous transmission or bringing them live for trial. *See* Order Regarding Trial Matters, *In re: National Prescription Opiate Litigation,* MDL 2804, ECF No. 2594 (Sept. 12, 2019) (Polster, J.); attached as Ex. 1 hereto.

[2] Cardinal Health is not being included in this motion because Plaintiffs have reached an agreement with Cardinal Health whereby Cardinal Health will produce multiple witnesses live at trial in Charleston, West Virginia.

1

2013) (applying an abuse of discretion standard regarding the use of remote testimony under Rule 43(a)).

Courts generally consider five factors to determine when testimony by contemporaneous transmission is appropriate under Rule 43. Those factors include: (1) the control exerted over the witness by the defendant; (2) the complex multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation. *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (Fallon, J.) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988)).

Once a court determines that contemporaneous transmission of witness testimony is justified, the requesting party must secure the witness's cooperation by either (a) voluntary agreement or (b) a subpoena compelling the witness to appear. *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, 2016 WL 9776572, at *1 (N.D. Tex. Sep. 20, 2016). Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena may issue to command a person to appear at trial, (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense. *Fed. R. Civ. P.* 45(c).

Federal courts regularly find that Rules 43 and 45 are intended to be read in harmony. That is, in cases where a witness resides outside the Rule 45 subpoena power of the court, a witness can still be compelled, upon a showing of good cause, to appear for contemporaneous live trial testimony at another district court within 100 miles of the witness's residence or within the person's home state. *See, e.g, In re DePuy,* 2016 WL 9776572, at *2 (N.D. Tex. Sept. 20, 2016) (compelling witnesses located beyond 100 miles of trial court or outside the state of trial court to attend contemporaneous live trial testimony at their nearby federal courthouse, finding that such procedure was harmonious with Rules 43 and 45); *In re Actos*, 2014 WL 107153, at *9 (W.D. La. Jan. 8, 2014) (compelling corporate representative witnesses to attend trial via

videoconference, and observing that "Rule 45 must be read *in tandem with* Rule 43 and as a part of an harmonious whole that is the Federal Rules of Civil Procedure.") (emphasis in original); *In re San Juan DuPont Plaza Hotel Fire Litigation*, 129 F.R.D. 424 (D.P.R. 1990) (permitting plaintiffs to present witnesses through a live satellite telecast who were under the defendants' control but beyond the court's Rule 45 subpoena power); *In re Wash.*, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988) (finding similarly). Because a number of the Defendants' corporate representatives are outside of West Virginia, reading these rules in harmony is essential in order to have an efficient and meaningful trial.

## II. ARGUMENT

### A. The Factors Necessary to Obtain the Requested Relief All Weigh in Plaintiffs' Favor

Here, the application of the five Rule 43 factors permitting contemporaneous transmission of Defendants' witnesses that reside beyond the subpoena power of the Court supports a finding that ABDC and McKesson be compelled to provide testimony at trial by contemporaneous transmission.

First, the corporate witnesses are all under the control of the Defendants. Plaintiffs only intend to seek testimony from current employees of these companies. Thus, there is no question that ABDC and McKesson control their current employees.

Second, as the *Vioxx* court observed, the need for contemporaneous video trial testimony is especially heightened in the MDL context, which, by very nature, is complex. *In re Vioxx,* 439 F.Supp. 2d at 643. The case pending in this Court, a remand from MDL 2804, will have significant bearing on the remainder of cases still within the MDL. As explained below, the Northern District of Ohio has allowed contemporaneous transmission for testimony in Case Track One-A and, recently, Case Track One-B.  *See* Order Regarding Trial Matters, *In re: National Prescription Opiate Litigation,* MDL 2804, ECF No. 2594 (Sept. 12, 2019) (Polster, J.); *see also* Email from David R. Cohen, Special Master, MDL 2804, to Peter H. Weinberger and Kaspar Stoffelmayr (July 17, 2020, 2:12pm EDT).[3] The national opioid litigation, from which this case stems, is one of the most complex litigations ever which certainly weighs in Plaintiffs' favor as to the instant motion.  *See*

---

[3] Email from David R. Cohen, Special Master, MDL 2804, to Peter H. Weinberger and Kaspar Stoffelmayr (July 17, 2020, 2:12pm EDT) is attached hereto as Exhibit 2.

3

*Chapman v. Tristar Prod., Inc.*, 2017 WL 7048986, at *1 (N.D. Ohio July 6, 2017) ("[T]his lawsuit spans three states, includes thousands of class members, and involves millions of dollars. Its complexity weighs in favor of contemporaneous testimony."). Similar to the Ethicon multidistrict litigation, this bellwether trial represents a much larger collection of cases that involves parties from across the country. *See Mullins v. Ethicon, Inc.*, 2017 WL 532102, at *3 (S.D.W. Va. Feb. 8, 2017) (Goodwin, J.). While this case will be tried in Charleston, West Virginia, the results will undoubtedly impact communities throughout the country. Further, while Plaintiffs' witnesses are within the jurisdiction in which this case will be tried and will thus largely be available to testify live at trial, Defendants' witnesses who have firsthand knowledge and active roles in the opioid epidemic, span across the United States. Thus, notions of fairness dictate that in this complex and vitally important case that Plaintiffs be permitted a fair opportunity to present live testimony, just as Defendants will be able to.

Third, any opposition to allowing witnesses to testify remotely is purely offered to gain a tactical advantage, where, as here, Defendants have the ability to bring witnesses to trial. *In re Wash.*, 1988 WL 525314, at *1 (W.D. Wash. Aug. 9, 1988) (explaining that denying the plaintiffs the opportunity to present live testimony "would create a tactical procedural advantage for defendants based on factors out of plaintiffs' control."). Defendants, who are large Fortune 500 corporations, unquestionably have the ability to bring their witnesses to trial. As mentioned above, due to the trial being in Charleston, nearly all of Plaintiffs' fact witnesses fall within the Court's subpoena power. To deny Plaintiffs the ability to use contemporaneous transmission for live witness testimony from Defendants' witnesses would create a lopsided outcome where Defendants would have the benefit of utilizing live testimony and Plaintiffs would be relegated to almost no live witness testimony to present their case.

Fourth, Defendants would not suffer any prejudice in having these witnesses testify live by contemporaneous transmission, especially given the convenience for the witness in appearing closer to home as opposed to traveling to West Virginia. Indeed, Defendants will be required to prepare for examination of these witnesses just as they would if the witness were testifying in person. Additionally, both parties have experience with contemporaneous video conferencing during the course of discovery and in conducting

depositions in light of the ongoing Covid-19 pandemic. There is no actual or perceived prejudice to Defendants by allowing live testimony via contemporaneous transmission, and given the ongoing pandemic, this procedure actually provides added health and safety benefits to the witnesses.

Finally, factor five, which is essentially an extension of the second factor, is also met here. Videoconferencing allows the parties to secure live testimony from different locations, contemporaneously, while minimizing the inconvenience to those witnesses who might otherwise need to travel a considerable distance to participate briefly at the trial. As previously mentioned, this consolidated case will have a bearing on all other cases in this MDL, and as such, it is important to ensure a coherent presentation of the issues at trial as well as ensuring the efficient use of judicial resources.

After applying all five factors set forth in *In re Vioxx*, it is clear that each of these factors supports the use of contemporaneous trial testimony transmission for these witnesses.

### B. Contemporaneous Live Testimony Is Preferable to the Use of Depositions

Without contemporaneous transmission, the Court would be left with deposition transcripts and videos for many of Defendants' corporate representatives. This result would prejudice Plaintiffs, given that live, in-person testimony has long been considered the gold standard during trial, as it permits the fact-finder to more accurately evaluate the witness's truthfulness as the courtroom setting motivates honesty. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947), *superseded by statute on other grounds*, (stating that to locate a trial where litigants "may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants."). Contemporaneous transmission also prevents the difficulties involved with attorneys having to agree on which parts of a deposition to utilize during the trial. In fact, this Court has previously stated "[t]estimony of this sort (contemporaneous transmission) may be less favorable than live testimony from a witness seated at the witness stand, but it is more favorable than an attorney's cut of deposition videos." *Mullins,* at *1 (citing the Court's Mem. Op. & Order, ECF No. 236 (Dec. 7, 2015)) (parenthetical added).

The Manual for Complex Litigation similarly recognizes the benefits of live testimony. Addressing the disadvantages of relying on video depositions to present witness testimony, the Manual notes: "The persuasive power of visual presentation carries with it the potential for prejudice, a risk heightened by the opportunities

for manipulation. Rulings on objections are critical. Unless the parties can reach substantial agreement on the form and content of the videotape to be shown to the jury, the process of passing on objections can be so burdensome and time-consuming as to be impractical for the court." Manual For Complex Litigation § 12.333 (4th ed. 2004).

Plaintiffs' motion also serves the inherent goal of Rule 43, which is to provide the Court with a more truthful witness. *See* Fed. R. Civ. P. 43(a) advisory committee's note (1996 amendment) ("The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling."). Moreover, here, the prior testimony from Defendants' national witnesses was obtained in connection with another bellwether case concerning two counties in Ohio. Allowing live testimony via contemporaneous transmission will permit testimony to be specifically-tailored to Cabell County and the City of Huntington.

    **C.**    **The Court in *In re: National Prescription Opiate Litigation* Has Allowed for Contemporaneous Transmission in Case Track One**

Witness testimony via contemporaneous transmission has already been allowed within the context of the National Prescription Opiate Litigation, MDL 2804. In ruling on a similar motion by Plaintiffs in Case Track One, the Northern District of Ohio ordered that, "Pursuant to Fed. R. Civ. P. 43, the Court will allow Plaintiffs to procure one live-stream appearance of a distant witness per defendant, via remote video conference." Order Regarding Trial Matters, *In re: National Prescription Opiate Litigation,* MDL 2804, ECF No. 2594 (Sept. 12, 2019) (Polster, J.). A copy of the MDL order is attached as Exhibit 1 for the Court's consideration.

Even more recently, the Northern District of Ohio has continued to allow the use of contemporaneous transmission of Defendants' witnesses in Case Track One-B, which is set for trial in November of this year, by stating "the Court will allow 'live testimony from distant witnesses' consistent with the provisions in the Trial Order, Dkt. No. 2594 at 3." *see* Email from David R. Cohen, Special Master, MDL 2804, to Peter H. Weinberger and Kaspar Stoffelmayr (July 17, 2020, 2:12pm EDT). A copy of the Special Master's email is attached as Exhibit 2 for the Court's consideration.

### D. The Overwhelming Majority of Federal Courts Have Allowed for Contemporaneous Transmission under Similar Circumstances

Courts within the Fourth Circuit have found that the use of contemporaneous video trial testimony is appropriate. In *Mullins v. Ethicon*, this Court found that, after meeting four of the five *Vioxx* factors, the plaintiff met the requirements of showing good cause and compelling circumstances to support the use of testimony via contemporaneous transmission. *Mullins,* at *4. In the order allowing this testimony, this Court stated "[d]espite videoconferencing's deficiencies, courts in this circuit and elsewhere have approved or affirmed its use in the civil context." *Id.* at *3 (quoting *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010)); *see also* Charles Alan Wright & Arthur R. Miller § 2414 (3d ed. 2008) ("[F]ederal courts have shown consistent sensitivity to the utility of evolving technologies that may facilitate more efficient, convenient, and comfortable litigation practices."). Further, this Court has stated it "shares the strong preference for live testimony illustrated in the Federal Rules." *Kaufman v. U.S.*, 2014 WL 2740407, at *1 (S.D.W. Va. June 17, 2014) (Faber, J.).[4]

Federal courts around the country, handling similarly complex litigation, have allowed contemporaneous video transmission trial testimony.  Courts within the Sixth Circuit have found, under similar circumstances, that the use of contemporaneous video trial testimony is appropriate. For example, in 2011, the Sixth Circuit affirmed a decision to permit such testimony under comparable circumstances. *See Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (affirming decision to permit video testimony, in light of security risks posed by some witnesses, and medical risks posed to others as a result of transportation). Similarly, in 2017, the Northern District of Ohio in *Chapman v. Tristar Prod., Inc.*, cited Judge Fallon's *Vioxx* order when granting plaintiffs' motion to compel the video testimony of defendants' COO. 2017 WL 7048986, at *1 (N.D. Ohio July 6, 2017). Critical to the court's analysis was the complexity of the lawsuit, the high number of plaintiffs, the high valuation of the lawsuit, and the fact that defendants' "refusal to produce [the witness] appear[ed] largely tactical." *Id.* As explained below, and as many MDL courts have recognized, the

---

[4] In *Kaufman,* the Court denied the plaintiff's motion to allow remote video testimony because "Plaintiff ha[d] shown neither good cause nor compelling circumstances to permit remote testimony." *Kaufman* at *1. Unlike the plaintiff in *Kaufman*, Plaintiffs in this litigation have put forth both good cause and compelling circumstances to permit remote testimony as set forth within this motion.

7

complexity, and the special representative nature of the bellwether trials in MDL proceedings, or from cases stemming from MDL proceedings, such as this one, require more flexibility in the case of trial testimony, and demand a harmonious reading of Rules 43 and 45. For example, in *In re DePuy*, the court granted plaintiff's motion to allow live trial testimony, observing that "[w]ithout this contemporaneous transmission to provide live testimony, the jury would be left with less reliable deposition transcripts and video." 2016 WL 9776572, at *1 (N.D. Tex. Sept. 20, 2016). Applying the five *Vioxx* factors, the court ruled that:

> Application of the five factors set forth by the *Vioxx* court also favors allowing contemporaneous transmission. The witnesses at issue are all under Defendants' control, an MDL case by its very nature is complex, and flexibility is required to manage a nationwide docket consisting of over 8,000 cases. There is also no true prejudice to Defendants; they will be required to prepare for cross examination of these witnesses just as they would if the witness were testifying in person. In fact, had this MDL been consolidated in another district, the witnesses at issue may have been within subpoena range. Finally, there is very little if any real inconvenience to the witnesses to require them to appear at a district court within 100 miles of their residence or in their home state, in accordance with Rule 45.

*Id.*

Similarly, in *In re Actos*, Judge Doherty relied on over two decade's worth of precedent when approving the use of contemporaneous transmission of live trial testimony of corporate representative witnesses. 2014 WL 107153 (W.D. La. Jan. 8, 2014). The court considered the special representative nature of the bellwether trials in MDL proceedings as stated in the Manual for Complex Litigation, concluding that, "the verdict in the bellwether trials . . . will be used in this representative manner, and therefore . . . should present the testimonial evidence of both sides as fairly and completely as possible." *Id.* at *5-6. *See also In re San Juan DuPont Plaza Hotel Fire Litigation*, 129 F.R.D. 424 (D.P.R. 1990) (permitting plaintiffs to present witnesses through a live satellite telecast who were under the defendants' control but beyond the court's subpoena power); *In re Vioxx*, 439 F. Supp. 2d 640, 642-643 (E.D. La. 2006) (permitting plaintiffs to elicit trial testimony via videoconference from corporate representative, explaining that "there has been an increasing trend by federal courts allowing and by legal commentators advocating for the use of contemporaneous transmission of trial testimony."); *In re Wash.*, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988) (allowing testimony of witnesses through the use of contemporaneous transmission); *Aoki v. Gilbert*, 2019 WL 1243719, at *2 (E.D. Cal. Mar. 18, 2019) (same).

### E.  Plaintiffs' Proposed Order Provides Appropriate Safeguards

Courts within the Fourth Circuit have held that, assuming video testimony is allowed, safeguards should be considered to ensure, among others, that the trier of fact can listen to the witness and observe the witness's demeanor, the parties can question the witness, and the transmission of the testimony is instantaneous. *See Peyton v. Clark*, 2014 WL 7011133, at *2 (W.D. Va. Dec. 11, 2014). Additionally, the Sixth Circuit has also found live videoconferencing to constitute a sufficient "safeguard" to satisfy Rule 43, if it provides for instantaneous transmission, the ability to cross-examine the witness, and the ability for the fact-finder to hear the witnesses live. *See Jennings*, 419 F. App'x 594, 598 (6th Cir. 2011). Plaintiffs propose that, at a minimum, the following conditions be imposed for live contemporaneous trial testimony in this case:

1. Testimony via secure video conferencing in a federal courthouse or alternate transmitting location as long as safeguards and requirements are met.

2. The witness will be visible to the Court at all times while testifying via the witness screen.

3. The witness will hear all objections unless instructed by the Court.

4. Whenever feasible, documents or evidence will be shown to the witness electronically; if not feasible, documents will be handed to the witness by the court reporter at the Court or counsel's instruction.

5. Other than a court reporter, spectators and counsel will not be allowed in the room where the witness testifies.

6. The court reporter present will certify that no counsel were present in the room while the witness was testifying and confirm the hard copy versions of exhibits used (if applicable).

More detailed conditions under which such testimony would be given are set forth in the Orders used by Judge Kinkeade and Judge Doherty in the *DePuy* and *Actos* trials, respectively. They are attached as Exhibits 3-7 for the Court's consideration.

Should the Court allow Plaintiffs' use of contemporaneous transmission, Plaintiffs intend to serve Fed.

R. Civ. P. 45 subpoenas on ABDC and McKesson to produce specific witnesses for trial. These subpoenas will command attendance at a location meeting the requirements of Fed. R. Civ. P. 45(c)(1) (that is, within the state, or within 100 miles, of where each such witness lives or works), and the live testimony will be transmitted from that location to the courtroom in Charleston, West Virginia during trial.

## II.     CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court allow live trial testimony via contemporaneous transmission from locations outside West Virginia for witnesses from each Defendant that does not voluntarily produce their witnesses in Charleston, West Virginia, or that cannot otherwise be compelled to produce witnesses at trial in West Virginia.

Dated: July 24, 2020

Respectfully submitted,

*/s/ Brandon L. Bogle*_____
Brandon L. Bogle (WV PHV-40313)
**LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY, AND PROCTOR,
P.A.**
316 S. Baylen St., Ste. 600
Pensacola, FL 32502
(P) 850-435-7043
(F) 850-436-6043
bbogle@levinlaw.com

*/s/ Mark Pifko*_____
Mark Pifko
**BARON & BUDD, P.C.**
15910 Ventura Boulevard
Suite 1600
Los Angeles, CA  91436
(P) 818-839-2325
(F) 818-986-9698
mpifko@baronbudd.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of July, 2020, the foregoing was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Brandon L. Bogle*_____
Brandon L. Bogle (WV PHV-40313)
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY, AND PROCTOR, P.A.**