# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In Re: DePuy Orthopaedics, Inc. Pinnacle Hip Implant Product  Liability Litigation | MDL No. 2244 Honorable Ed Kinkeade |
| This Document Relates To:<br><br>*Andrews v. DePuy Orthopedics, et al.*, No. 3:15-cv-03484-K<br>*Davis v. DePuy Orthopedics, et al.*, No. 3:15-cv-01767-K<br>*Metzler v. DePuy Orthopedics, et al.*, No. 3:12-cv-02066-K<br>*Rodriguez v. DePuy Orthopedics, et al.*, No. 3:13-cv-3938-K<br>*Standerfer v. DePuy Orthopedics, et al.*, No. 3:14-cv-01730-K<br>*Weiser v. DePuy Orthopedics, et al.*, No. 3:13-cv-03631-K | |

## CASE MANAGEMENT ORDER:  PROTOCOL FOR CONTEMPORANEOUS TRANSMISSION OF LIVE TESTIMONY FOR THOMAS P. SCHMALZRIED, M.D.

This Court hereby issues the following protocol governing the procedure for live testimony *via* contemporaneous transmission for Thomas P. Schmalzried, M.D., as allowed for in the Court's September 20, 2016 Order Granting Plaintiffs' Motion to Allow Live Testimony *via* Contemporaneous Transmission.  *See* Doc. 83 in 3:15-cv-3484-K.

## I.     THE FEDERAL COURT RECEIVING THE TRANSMISSION WILL CONTROL COMMUNICATIONS.

James M. Stanton, the court-appointed special master, is hereby appointed to oversee and coordinate communications between the federal courthouse for the Northern District of Texas ("the receiving court") and the JAMS office located at 555 West 5th Street, Los Angeles, California

("transmitting location"), as well as with the information technology personnel employed by the Clerk of Court for the Northern District of Texas.

The parties' agreed-upon court reporting service, Golkow Technologies, will perform stenographic reporting and videography services at the JAMS office in Los Angeles. The parties and the Court have already conducted multiple tests of the technology described in this Order before Dr. Schmalzried's testimony commences on October 18, 2016.

### REQUIREMENTS FOR THE RECEIVING COURTROOM.

**A.      Additional Equipment**

A camera will be placed in the courtroom so Dr. Schmalzried can view the questioning attorney during his testimony *via* a video feed.

**B.      Instructions for Behavior in the Courtroom.**

1. ***The Court, the Parties and Counsel*** will occupy their usual places in the courtroom.

2. ***The Distant Witness.***

    a.    Will be presented on a large pull-down projection screen immediately in front of the jury in the courtroom ("witness screen").

    b.    Full torso frontal image of the witness shall be visible on witness screen at all times the jury is in the courtroom.

    c.    In addition to the video feed of documents being displayed on the document camera in court, the witness will be presented a paper copy of the exhibit so that the witness is able to review the exhibit.

    d.        Admitted exhibits and evidence shown electronically to the witness will be shown on two courtroom screens in addition to the "witness screen," *i.e.,* the witness will be displayed on the witness screen at all times the jury is in the courtroom.

3. *Questioning attorney*

    a.        Will address the Court as if witness were on the stand.
    b.        Normal rules for addressing the witness apply, *i.e.,* face the witness, stand behind the podium, etc.

4. *Side bars and objections*

The witness will hear all objections unless instructed otherwise by the Court, pursuant to a party's request.

## II.    REQUIREMENTS FOR THE TRANSMITTING LOCATION.

A.    **Persons present with witnesses.** Spectators will not be allowed in the room where the witness testifies; however, the Court will permit counsel for the parties and the witness to be present in the JAMS conference room in Los Angeles.  Counsel may only observe at the transmitting location and are not permitted to address the witness or the Court during his testimony.  A court representative will also be present.

B.    **Additional Equipment**

1. Two monitors for the witness to view (1) the questioning attorney and (2) any documents displayed to the jury *via* document camera.

2.    Adequate sound for the witness to hear any matters originating in the receiving courtroom shall be made through information technology personnel.

**C.    Instructions for the Witness' Behavior**

1.    The witness will sit facing the camera.

2.    A monitor will be placed in front of the witness such that the courtroom proceedings in the receiving location can be seen.

3.    During questioning, placement of equipment shall be such that the witness will have a full view of the attorney at the podium.

4.    Documents or evidence will be shown to the witness electronically on a separate monitor.  The witness will also be provided a paper copy of any exhibit displayed electronically.

**D.    Duties of Court Reporter**

1.    Identify for the record who is present with the witness before he or she starts to testify and ensure only the witness, IT personnel, and court reporter are present. The courtroom deputy in Dallas (the receiving location) will administer the oath to the witness. The court reporter in the place of transmission will perform such other duties and functions as the Court requires.

2.    Stenographically record the arrival/departure times of the witness, the beginning/ending times of testimony and recesses, and the description

of exhibits admitted or shown to witness. At the conclusion of the testimony,

provide this record with all the exhibits to James M. Stanton, the court-appointed

special master.

        3.    The court reporter in Dallas will transcribe the testimony as the

official record.

**SO ORDERED.**

Signed October 18th, 2016.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE