RECEIVED
JAN - 8 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

IN RE: ACTOS® (PIOGLITAZONE)     MDL No. 6:11-md-2299
PRODUCTS LIABILITY LITIGATION

JUDGE DOHERTY

This Document Applies To:
*Allen, et. al. v. Takeda Pharmaceuticals*     MAGISTRATE JUDGE HANNA
*North America, Inc., et al.*
(Case No. 12-cv-00064)

### ORDER/CASE MANAGEMENT ORDER:
### PROTOCOL FOR CONTEMPORANEOUS TRANSMISSION OF LIVE TESTIMONY

By this Order dated January 8, 2014, granting the Plaintiffs' Motion to Allow Live Testimony Via Contemporaneous Transmission [Rec. Doc. 3786], this Court indicated that the following protocol would be issued for the purpose of controlling the procedure authorized in that Order:

**I. THE COURT WILL COORDINATE COMMUNICATIONS WITH OTHER FEDERAL COURTHOUSES.**

Magistrate Judge Hanna is hereby appointed to oversee and coordinate communications with other federal courthouses, as well as with the information technology personnel employed by the Clerk of Court for the Western District of Louisiana.

Absent further order of the Court, all witnesses shall appear at the nearest United States Courthouse where they could be compelled to attend trial by subpoena under Fed.R.Civ.P. 45. All witnesses will be required to abide by the local rules of the court where the transmission originates insofar as attire, use of electronic devices, and public access is concerned. The party calling the witness shall advise this Court, at least fifteen (15) calendar days prior to trial, the identity of the witness, the name of the courthouse in each district where the transmission will be originated and the intended date(s) for each transmission. The Court will coordinate with the

1

other districts to arrange for a specific location for the transmission and use of equipment.

It shall be the responsibility of the party calling the witness to coordinate in those other district(s) all necessary personnel and logistical matters to allow for a timely and smooth transmission. This includes securing the attendance of a certified court reporter, providing the court reporter a copy of this protocol and insuring all exhibits have been timely provided to the court reporter as more fully set forth below.

## II. THE COURTROOM IN LAFAYETTE, LOUISIANA

### A. Additional Equipment

1. In addition to the existing evidence monitors, a video feed to and from the location where the witness is present.

2. A movable screen to be placed in the courtroom to the right of the presiding judge such that the witness views the podium where the questioning attorney will conduct his or her examination and the entirety of the jury. A remotely operated camera will be mounted atop the screen.

3. A remote control operated locally that maneuvers the camera on the screen that is preset to allow the witness to see the Court, any lawyer who objects and the questioning attorney in rapid sequence.

4. The IT personnel will use their best efforts to present legible copies of exhibits to the witness through electronic means dependent upon capacity and local rules in the distant location. However, counsel are to provide backup paper copies of the exhibits intended to be presented to the witnesses in accordance with the procedure below.

B. **Instructions for behavior in the Courtroom.**

1. *The Court, the Parties and Counsel* will occupy their usual places in the courtroom.

2. *The Distant Witness.*

   a. Replaced by 65-inch screen in the courtroom ("witness screen").

   b. Witness screen facing podium and jury box.

   c. Full torso frontal image on *witness screen at all times*.

   d. If technically feasible, the witness will be presented with all exhibits electronically. If not technically feasible, the witness will be presented a paper copy of the exhibit by the court reporter on instruction from counsel or the Court.

   e. Admitted exhibits and evidence shown electronically to the witness (pending ruling on admissibility) will be shown on all courtroom screens with the exception of the image on the witness screen, *i.e.*, the witness will be displayed on the witness screen at all times.

3. *Questioning attorney*

   a. Will address screen as if witness were on stand.

   b. Normal rules for addressing the witness apply, *i.e.*, face the witness, stand behind the podium, etc.

4. *Side bars and objections*

   a. When side bar is allowed by the Court, the jury's sound will be automatically cut off as well as the sound to the distant location.

   b. The witness *hears all objections unless instructed by the Court, pursuant to a party's request.*

III. **THE COURTROOM OR OTHER LOCATION FROM WHICH TRANSMISSION IS ORIGINATING**

    A. *Persons present with witnesses.* Spectators and counsel will not be allowed in the room where the witness testifies. Present with the witness shall be a certified court reporter and any court technical staff needed for the transmission.

    B. **Additional Equipment**

        1. Monitors for the witness to see the pertinent person(s), document and/or exhibits in the courtroom.

        2. Adequate sound for the witness to hear any matters originating in Lafayette, Louisiana shall be made through Mr. Brent Norris, this Court's audio and video technician.

    C. **Instructions for the Witness' Behavior**

        1. The witness will sit facing the camera.

        2. A monitor will be placed in front of the witness such that the courtroom proceedings can be seen.

        3. During questioning, the witness will have a full view of the attorney at the podium and the jury.

        4. During objections, the witness will see a view of the courtroom well focusing on each attorney addressing the Court or the Judge when speaking.

        5. Due to technical reasons, the monitor should not be "blacked out" for any reason. *Should there be a need for the witness not to look into his monitor*, the camera on the witness screen will pan to a neutral location and the audio will be muted if necessary.

        6. The witness will see the Judge in the monitor whenever the presiding Judge addresses him or her, *i.e.*, instruct or question. (Judge must address camera located over the witness screen).

4

7. Whenever feasible, documents or evidence will be shown to the witness electronically. If not feasible, documents available at the witness' location will be handed to the witness by the court reporter only on instruction by the Court or counsel.

### D. Duties of Court Reporter

1. Identify for the record who is present with the witness before he or she starts to testify. The courtroom deputy in Lafayette will administer the oath to the witness. The court reporter in the place of transmission will provide the witness any documents which the witness is asked to refer to during his/her testimony and perform such other duties and functions as the Court or counsel require.

2. Stenographically record the arrival/departure times of the witness, the beginning/ending times of testimony and recesses, and the description of exhibits admitted or shown to witness. At the conclusion of the testimony, provide this record with all the exhibits to the Clerk of Court, Western District of Louisiana, ATTN: Christine Guidry.

3. Breaks – In the event of a break, except as set forth below, the witness will remain in the room in the presence of the court reporter without communication to or from any person or other source. If there is an extended break the witness will be permitted to go to the rest room and be provided with lunch at the cost of the parties.

4. Instruct witness not to talk to counsel during breaks unless allowed by the Court.

5. The court reporter in Lafayette will transcribe the testimony as the official record.

## IV. MISCELLANEOUS INSTRUCTIONS

A. ***Documents to be shown to the witness.*** The party calling the witness shall furnish the court reporter, at least two *(2) working days* prior to the transmission all documents, properly labeled and indexed, about which the witness will be asked in direct examination.

Any documents needed for cross-examination or redirect, and that are not available at the site of the testimony when cross-examination commences, shall be shown to the witness via electronic means if feasible.

**B.** *Cost.* The entire cost of the procedures authorized herein, any technical equipment that must be obtained as well as all logistical arrangements attendant to these procedures shall be borne by the party calling the witness. This includes any expenses associated with necessary delays or adjournments and those warranted to complete cross-examination; provided, however, that any abuse of cross-examination, including repetitive or cumulative questioning, or any unnecessary prolonging of the testimony by repetitive, long or frivolous objections will result in allocation of costs due to delays to the party responsible.

**C.** *Cancellation of testimony.* In the event of cancellation of the testimony of any witness, the cost associated therewith shall be borne by the party calling the witness. If the cancellation was avoidable or resulted from matters within the cancelling party's control, the calling party shall bear the cost. Should the witness not be available to testify for a valid reason, the party having control over the witness shall advise the party calling the witness immediately or else the cancelling party will bear all costs associated with the cancellation.

**D.** *Subpoena and option to testify in Lafayette, Louisiana.* Any party seeking to compel the testimony of any witness pursuant to the procedures set forth herein shall serve upon the witness a subpoena at least ten *(10) calendar days* in advance of the intended testimony.

A witness subpoenaed to testify by way of a satellite transmission may elect to testify instead at trial in Lafayette, Louisiana, in which case all expenses related to such attendance shall be borne by the party calling the witness. This option, however, must be notified to the calling party at least *seven (7) calendar days* in advance of the date for the transmission in which case

6

the calling party may either decline the option or the party having control over the witness will bear the cost of any expenses related to the aborted video testimony if these could not be avoided.

E. *Recalling of witnesses.* A witness who testifies via video will not be allowed to subsequently appear in person at trial. His/her subsequent testimony, if allowed by the Court, will be either by way of subsequent video or deposition. In the event it is by way of video, the calling party shall bear all associated expenses.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 8 day of January, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

7