RECEIVED
JAN 2 3 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: ACTOS (PIOGLITAZONE)     MDL No. 6:11-md-2299
PRODUCTS LIABILITY LITIGATION

JUDGE DOHERTY

This Document Applies To:
*Allen, et. al. v. Takeda Pharmaceuticals*     MAGISTRATE JUDGE HANNA
*North America, Inc., et al.*
(Case No. 12-cv-00064)

### SUPPLEMENTAL ORDER/CASE MANAGEMENT ORDER:
### PROTOCOL FOR CONTEMPORANEOUS TRANSMISSION OF LIVE TESTIMONY

This Court hereby issues the following protocol which incorporates and supplements the provisions of its Order dated January 8, 2014 governing the procedure for live testimony via contemporaneous transmission [Rec. Doc. 3840].

**I. THE FEDERAL COURT RECEIVING THE TRANSMISSION WILL CONTROL COMMUNICATIONS.**

A magistrate judge or other court official shall be appointed to oversee and coordinate communications between the federal courthouse receiving the transmission ("the receiving court") and the facility sending the transmission ("transmitting location"), including communications with the information technology personnel at the transmitting location. In the instant case, Magistrate Judge Hanna is hereby appointed to fulfill this function, overseeing and coordinating communications with transmitting locations and the information technology personnel employed by the Clerk of Court for the Western District of Louisiana.

It is strongly preferred that all witnesses appear at the nearest United States Courthouse where they could be compelled to attend trial by subpoena under Fed.R.Civ.P. 45. However, in the event that a witness resides outside the United States and in a country without a United States Courthouse, he or she may appear at an alternative transmitting location with the proviso that the

-1-

procedure complies with all of the safeguards and requirements set forth in this Order. In light of the effort and expense required to implement this protocol, the Court requires that the parties make every effort to minimize the number of transmitting locations involved.

Due to the effort required to implement this protocol, the Court requires that the parties provide reasonable notice of their intent to utilize this process. The party calling the witness therefore shall advise this Court, at least *fifteen (15) calendar days* prior to trial, the identity of the witness, the name of the courthouse in each district where the transmission will be originated and the intended date(s) for each transmission. A one-time exception to this 15-day notice requirement is being made for use of a transmitting location other than a United States Courthouse in the *Allen* trial starting January 27, 2014, in that the party calling the witness to testify at a transmitting location other than a United States Courthouse shall advise this Court, at least *five (5) calendar days* prior to trial, the identity of the witness, the name and full address of the location where the transmission will be originated, the name of the contact person at the transmitting location, and the intended date(s) for each transmission.

It shall be the responsibility of the party calling the witness to coordinate all necessary personnel and logistical matters to allow for a timely and smooth transmission. This includes securing the attendance of a certified court reporter, providing the court reporter a copy of this protocol and insuring all exhibits have been timely provided to the court reporter as more fully set forth below.

When the transmitting location is a United States Courthouse, all witnesses will be required to abide by the local rules of the court where the transmission originates insofar as attire, use of electronic devices, security protocols, and public access is concerned.

In addition to the requirements set forth above, the party calling the witness to appear via contemporaneous transmission from a transmitting location other than a United States Courthouse is responsible for securing a location that complies with all of the safeguards and requirements set forth below, and bears all of the risks associated with the transmission in the event the transmission is faulty.

## II. REQUIREMENTS FOR THE RECEIVING COURTROOM.

### A. Additional Equipment

1. In addition to existing evidence monitors, a video feed to and from the location where the witness is present.

2. A movable screen to be placed in the courtroom to the right of the presiding judge such that the witness views the podium where the questioning attorney will conduct his or her examination and the entirety of the jury. A remotely operated camera will be mounted atop the screen.

3. A remote control operated locally that maneuvers the camera on the screen that is preset to allow the witness to see the Court, any lawyer who objects and the questioning attorney in rapid sequence.

4. The IT personnel will use their best efforts to present legible copies of exhibits to the witness through electronic means dependent upon capacity and local rules in the distant location. However, counsel are to provide backup paper copies of the exhibits intended to be presented to the witnesses in accordance with the procedure below.

### B. Instructions for Behavior in the Courtroom.

1. *The Court, the Parties and Counsel* will occupy their usual places in the courtroom.

2. *The Distant Witness.*

   a. Will be seen on at least a 65-inch screen in the courtroom ("witness screen").

   b. Witness screen shall be facing podium and jury box.

   c. Full torso frontal image of the witness shall be visible on *witness screen at all times.*

   d. If technically feasible, the witness will be presented with all exhibits electronically. If not technically feasible, the witness will be presented a paper copy of the exhibit by the court reporter on instruction from counsel or the Court.

   e. Admitted exhibits and evidence will be shown electronically to the witness (pending ruling on admissibility) and technical feasibility and will be shown on all courtroom screens with the exception of the image on the "witness screen," *i.e.*, the witness will be displayed on the witness screen at all times.

3. *Questioning attorney*

   a. Will address screen as if witness were on stand.

   b. Normal rules for addressing the witness apply, *i.e.*, face the witness, stand behind the podium, etc.

4. *Side bars and objections*

   a. When side bar is allowed by the Court, the jury's sound will be automatically cut off *as well as the sound to the distant location.*

   b. The witness will hear all objections unless instructed otherwise by the Court, pursuant to a party's request.

III. **REQUIREMENTS FOR THE TRANSMITTING LOCATION.**

A. **Persons present with witnesses. Spectators and counsel will not be allowed in the room where the witness testifies.** Present with the witness shall be only a certified court reporter and, where the transmitting location is a United States Courthouse, any court technical staff needed for the transmission.

**B. Additional Equipment**

1. Monitors for the witness to see the pertinent person(s), document and/or exhibits in the courtroom.

2. Adequate sound for the witness to hear any matters originating in the receiving courtroom shall be made through information technology personnel; in the instant case, Mr. Brent Norris, this Court's audio and video technician.

**C. Instructions for the Witness' Behavior**

1. The witness will sit facing the camera.

2. A monitor will be placed in front of the witness such that the courtroom proceedings can be seen.

3. During questioning, placement of equipment shall be such that the witness will have a full view of the attorney at the podium and the jury.

4. During objections, the witness will see a view of the courtroom well focusing on each attorney addressing the Court or the Judge when speaking.

5. Due to technical reasons, the witness's monitor should not be "blacked out" for any reason. *Should there be a need for the witness not to look into his monitor*, the camera on the witness screen will pan to a neutral location and the audio will be muted if necessary.

6. The witness will see the Judge in the monitor whenever the presiding Judge addresses him or her, *i.e.*, instruct or question. (Judge must address camera located over the witness screen).

7. Whenever feasible, documents or evidence will be shown to the witness electronically. If not feasible, documents available at the witness' location will be handed to the witness by the court reporter only on instruction by the Court or counsel.

**D. Duties of Court Reporter**

1. Where the witness is appearing at a location other than a United States Courthouse, the court reporter at the transmitting location, in conjunction with information technology personnel at the receiving courthouse, shall ensure the functionality of the equipment specified in III.B. by conducting tests at least *seven (7) calendar days* prior to the date of the intended transmission. In the instant case, the court reporter shall liaise with Mr. Brent Norris, this Court's audio and video technician, to conduct any needed tests.

2. Establish connection and test the connection between the transmitting location and receiving courthouse at least *two (2) hours* prior to the scheduled start time of the Court on the date of the intended transmission.

3. Identify for the record who is present with the witness before he or she starts to testify and ensure only the witness, IT personnel, and court reporter are present. The courtroom deputy in Lafayette (the receiving location) will administer the oath to the witness. The court reporter in the place of transmission will provide the witness any documents which the witness is asked to refer to during his/her testimony, if necessary, and perform such other duties and functions as the Court or counsel require.

4. Stenographically record the arrival/departure times of the witness, the beginning/ending times of testimony and recesses, and the description of exhibits admitted or shown to witness. At the conclusion of the testimony, provide this record with all the exhibits to the Clerk of Court, Western District of Louisiana, ATTN: Christine Guidry.

5. Breaks – In the event of a break, except as set forth below, the witness will remain in the room in the presence of the court reporter without communication to or from any person or other source. If there is an extended break the witness will be permitted to go to the rest room and be provided with lunch at the cost of the parties.

6. Instruct witness not to talk to counsel during breaks, unless specifically allowed by the Court.

7. The court reporter in Lafayette will transcribe the testimony as the official record.

8. At the conclusion of each day's proceedings at a location other than a United States Courthouse, the court reporter shall certify that all of the safeguards and requirements set forth in Section III.D of this protocol were followed on that day.

## IV. MISCELLANEOUS INSTRUCTIONS

**A.** *Documents to be shown to the witness*. The parties shall furnish the court reporter, at least *two (2) working days* prior to the transmission all documents, properly labeled and indexed, about which the witness might be asked in direct or, if known, cross-examination.

However, any documents needed for cross-examination or redirect, and that are not available at the site of the testimony when cross-examination commences, shall be shown to the witness via electronic means, if feasible.

**B.** *Cost*. The entire cost of the procedures authorized herein, any technical equipment that must be obtained as well as all logistical arrangements attendant to these procedures shall be borne *by the party calling the witness*. This includes any expense(s) associated with necessary delays or adjournments and those warranted to complete cross-examination, unless this Court instructs otherwise; provided, however, that any abuse of cross-examination, including repetitive

or cumulative questioning, or any unnecessary prolonging of the testimony by repetitive, long or frivolous objections will risk allocation of costs due to delays to the party responsible for those delays.

C. *Cancellation of testimony.* In the event of cancellation of the testimony of any witness, the cost associated therewith shall be borne by the party calling the witness unless ordered otherwise by the Court. However, if the cancellation was avoidable or resulted from matters within the cancelling party's control, the cancelling party shall bear the cost. Should the witness not be available to testify for a valid neutral reason, the party having control over the witness shall advise the party calling the witness immediately or risk bearing all costs associated with the cancellation.

D. *Subpoena and option to testify in Lafayette, Louisiana.* Any party seeking to compel the testimony of any witness pursuant to the procedures set forth herein shall serve upon the witness a subpoena at least *ten (10) calendar days* prior to the commencement of trial unless allowed otherwise by the Court. A one-time exception to this 10-day notice requirement is being made in the *Allen* trial starting January 27, 2014, in that any party seeking to compel the testimony of any witness pursuant to the procedures set forth herein shall serve upon the witness a subpoena at least *three (3) calendar days* prior to trial.

A witness subpoenaed to testify by way of a satellite transmission may elect to testify instead at trial in Lafayette, Louisiana, in which case all expenses related to such attendance shall be borne by the party calling the witness. This option, however, must be notified to the calling party at least *seven (7) calendar days* in advance of the date for the transmission in which case the calling party may either decline the option or the party having control over the witness will bear the cost of any expenses related to the aborted video testimony if these could not be

avoided. However, should this option be declined by a party and, thereafter, that party wish to call the witness, the witness shall be presented in the same format and fashion as his or her original testimony was given.

  **E.**  ***Recalling of witnesses***. A witness who testifies via video will not be allowed to subsequently appear in person at trial. His/her subsequent testimony, if allowed by the Court, will be either by way of subsequent live transmission or deposition. In the event it is by way of live transmission, the then calling party shall bear all associated expenses.

  THUS DONE AND SIGNED in Lafayette, Louisiana, this __23__ day of January, 2014.

            _____
            REBECCA F. DOHERTY
            UNITED STATES DISTRICT JUDGE