IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF CERTAIN CITY OF HUNTINGTON DOCUMENTS

Defendants moved to compel production of certain documents that the City of Huntington ("Huntington") withheld as privileged, Dkt. 690.  Specifically, Defendants challenge Huntington's withholding of 3,464 documents based on "Third Party Confidentiality Restrictions."  These documents are shaded in green in Exhibits B–E of the Motion.  Defendants also challenge Huntington's withholding of 3,416 documents based on the "Law Enforcement" privilege.  These documents are shaded in blue in Exhibits B–E of the Motion.  For the reasons below, the Special Master GRANTS the Motion, Dkt. 690.

The Special Master finds that Huntington has not satisfied its burden to withhold the 3,464 documents based on "Third Party Confidentiality Restrictions," and Huntington must produce them.  "Third Party Confidentiality Restrictions" is not a privilege, and the protective order in this litigation sets out the procedure to be followed when a discovery request seeks documents that are subject to a third-party confidentiality agreement.  Huntington has not followed the provisions of the protective order related to documents that are subject to a third-party confidentiality agreement. The Special Master takes into consideration that Ordering compliance with the third-party notice provisions of the protective order at this stage of the proceedings would be problematic and prejudicial, therefore Huntington must therefore produce these documents. A review of the Exhibits attached to the motion indicate that many of the documents subject to a third-party confidentiality agreement appear to also contain information of a sensitive nature and relate to law enforcement techniques therefore Huntington shall produce these documents under the "Attorneys' Eyes Only" provision of the protective order.  Dkt. No. 1357, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio).

The Special Master also finds that Huntington has not satisfied its burden to withhold the 3,416 documents based on the "Law Enforcement" privilege, and Huntington must produce them.  West Virginia law requires a party seeking to withhold documents based on "Law Enforcement" privilege to make a "substantial threshold showing of harm" that will result from disclosing the challenged documents. *Maclay v. Jones*, 542 S.E.2d 83, 91 (W. Va. 2010). "[G]eneral claim[s] of harm" are insufficient. *See id.*  Huntington has not made that showing Huntington has not identified any specific harms from the disclosure of the challenged documents, and instead makes only a general claim that disclosure of the challenged documents

will hamper future investigations.  This general claim of harm is insufficient under West Virginia law.  Huntington must therefore produce these documents but may redact that specific information i.e. names, addresses or other information identifying individuals that would endanger individuals or investigations.  However, given that these documents purportedly relate to law enforcement techniques, Huntington shall produce these documents under the "Attorneys' Eyes Only" provision of the protective order.  Dkt. No. 1357, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio).

For the reasons above, Defendants' Motion to Compel Production of Certain City of Huntington Documents, Dkt. 690, is GRANTED.  Huntington is hereby ORDERED to produce the "Third Party Confidentiality Restrictions" and "Law Enforcement" privilege documents by July 31, 2020.  It is further ORDERED that Huntington may produce the documents under the "Attorneys' Eyes Only" provision of the protective order.  Dkt. No. 1357, *In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804 (N.D. Ohio).

Respectfully submitted,

Christopher Wilkes
Special Master

Dated: July 27, 2020