**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION,  *et al.* | |
| Defendants. | |
| ———————————————— | |
| CABELL COUNTY COMMISSION, | |
| Plaintiff, | |
| | Civil Action No. 3:17-01665 |
| v. | |
| AMERISOURCEBERGEN DRUG CORPORATION,  *et al.* | |
| Defendants. | |

## DEFENDANTS' TENTH DISCOVERY STATUS REPORT

For the benefit of the Special Master and the information of the Court, Defendants submit their tenth biweekly discovery status report pursuant to the Court's request during the March 5, 2020 status conference.  *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1]

As discussed in Defendants' most recent status report, it has become unavoidable that a substantial number of depositions must take place after the July 27 deadline for the completion of fact discovery.  This is principally due to delays in third-party document productions.  The

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief from the Court and any necessary motions will be filed separately.  Rather, this report is simply to update the Special Master on the progress of the case as the Court monitors the overall schedule and plans for the litigation.

pandemic has placed a strain on third parties, and many were unable to produce the documents necessary for Defendants to schedule depositions until very recently.  The parties have thus agreed that those depositions may be scheduled after the July 27 deadline.  A comparatively smaller number of depositions have been similarly deferred past the deadline due to personal issues and to accommodate counsel for third parties.  A list of the depositions Defendants expect to be completed after July 27 is attached to this report.  Exhibit 1, Letter from Gretchen M. Callas (July 20, 2020).

Many of the third parties that were delayed in providing discovery—which include entities like Marshall Health, the West Virginia Board of Medicine and Board of Pharmacy, and the Drug Enforcement Agency ("DEA")—are vitally important to the issues in this case, including on central subjects such as diversion of prescription opioids and changes in standards of care for the treatment of pain.  These subjects are highly relevant to Defendants' expert reports, which are due on August 13.

Because of these delays in completing fact depositions, particularly of key third-party witnesses, Defendants anticipate that it may become necessary to submit supplemental or amended expert reports after the August 13 deadline.  This issue is not yet ripe, but it appears unavoidable given the delays in the completion of fact discovery.

I.      **Deposition Scheduling**

Defendants have now deposed virtually all party witnesses they have noticed for deposition.  Due to personal and family health issues, the parties have agreed to schedule three depositions for Plaintiffs' witnesses after July 27:  Nancy Cartmill, Jim Johnson, and Paul Matovich.  The parties have further agreed to a procedure for future depositions of trial witnesses who have not been deposed previously in any opioid litigation.

A sizeable number of third-party depositions remain outstanding.  The parties have agreed under S.D. W. Va. LR Civ. P. 16.1(f)(3) that 29 third-party depositions will be scheduled after

July 27.  Ex. 1.  The majority of these deponents are affiliated with a handful of key institutions: Marshall University, Marshall Health, Cabell Huntington Hospital, St. Mary's Hospital, and West Virginia State Agencies.  The hospitals, as major healthcare providers for Huntington and Cabell County, possess unique knowledge regarding opioid abuse and related medical issues highly relevant to this specific jurisdiction.  The State of West Virginia, through its agencies, has also played an important role in many aspects of Huntington and Cabell County's response to opioid abuse.

Defendants have also agreed that Plaintiffs may schedule depositions for certain of Defendants' employees after July 27, provided that Plaintiffs had issued timely notices for those depositions in advance of the deadline for completing fact discovery.

## II.    Document Productions

On July 9, Defendants filed a motion to compel production of 6880 documents withheld by Plaintiffs on the basis of law enforcement privilege and "third party confidentiality restrictions."  ECF No. 690, 691.  On July 27, Special Master Wilkes granted that motion to compel.  Defendants are awaiting Plaintiffs' production of these previously withheld documents.

Although Defendants have recently received more complete document productions from a number of third parties, other third parties have yet to produce critical documents.  In particular, DEA has refused to produce any documents to Defendants and continues to await a ruling on its objection to the Special Master's discovery ruling compelling DEA to produce documents.  This is a particularly important issue because of the significance of DEA's role in overseeing the distribution of prescription opioids.  DEA's refusal to produce any documents to Defendants is a major obstacle to the completion of fact discovery.

Aside from DEA, the following provides updates on the document productions from a number of significant third parties:

- Marshall University and Marshall Health:  The bulk of the Marshall entities' expected production (about 1 million pages) was produced this past weekend, with an additional production of approximately 500,000 pages produced on July 27. Defendants are in the process of loading the documents into their database and will promptly begin review.

- The State of West Virginia (Department of Health and Human Resources (DHHR) and other agencies served by the West Virginia Office of Technology):  Following technical issues, on July 10, 2020 the state agencies accepted the Defendants' repeated offers to have the Defendants' vendor perform the agreed-upon document searches.  After the application of agreed-upon search terms and privilege filter, the remaining volume of documents to be produced is expected to be over 300,000 documents.  Defendants' vendor has been working as quickly as possible to process this large volume of data, and Defendants currently expect the production of DHHR documents to be fully processed and posted to all parties by the middle of this week. The not-fully-processed documents were made available to Defendants to begin review on July 27, 2020.  Defendants are working to review the documents as quickly as possible.

Defendants' May 15 motion for discovery responses from the West Virginia Bureau for Children and Families (BCF) remains fully briefed.  ECF Nos. 430, 431.  The documents in question were among those produced from DHHR.  Defendants offered to have their vendor process the documents, to which Plaintiffs agreed, and progress is being made.  No action from the Court is currently required.

### III.    Pending Objections to Discovery Rulings

During the course of discovery, some of Special Master Wilkes's rulings have been appealed to Judge Faber.  The following are currently before the Court, fully briefed, and ready for decision:

- As discussed above, DEA objected to Discovery Ruling No. 5.  ECF No. 502. Judge Wilkes partially granted Defendants' motion to compel production of targeted, new information relating only to West Virginia and two federal government reports about DEA's actions published after MDL Track 1 discovery closed.  ECF No. 474.

- Defendants objected to Discovery Ruling No. 9.  ECF No. 659.  Judge Wilkes denied Defendants' motion to compel Plaintiffs' past opioid-related abatement spending.  ECF No. 621.

- AmerisourceBergen Drug Corporation (ABDC) objected to Discovery Ruling No. 11,  ECF No. 674, ordering a seven-hour deposition of ABDC's CEO Steven H. Collis, an apex witness.  ECF No. 639.

Dated: July 28, 2020

Respectfully Submitted,

***McKesson Corporation***
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843

Charleston, WV 25338-3843
Telephone: (304) 345-0200

_/s/ Timothy C. Hester_
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

**_AmerisourceBergen Drug Corporation_**
By Counsel:

_/s/ Gretchen M. Callas_
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

_/s/ Robert A. Nicholas_
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

**_Cardinal Health, Inc._**
By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 28th day of July, the foregoing

**"Defendants' Tenth Discovery Status Report"** was served using the Court's CM/ECF

system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
