IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CITY OF HUNTINGTON, WEST VIRGINIA,

    Plaintiff,  Case No.: 3:17-cv-01362

vs.

AMERISOURCEBERGEN DRUG CORPORATION, et al.,

    Defendants

CABELL COUNTY COMMISSION,

    Plaintiff,

vs.  Case No.: 3:17-cv-01665

AMERISOURCEBERGEN DRUG CORPORATION, et al.

    Defendants.

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL THE IDENTIFICATION OF MCKESSON DILIGENCE FILES

    McKesson goes great lengths in its opposition to attempt to justify the position that its discovery obligations should be less onerous than all of the other parties in this case.  However, the Court should see through this attempt to obfuscate the real issue, which is that McKesson is attempting to engage in the very "needle-in-haystack discovery" that the Special Master has already deemed is not appropriate as to these diligence files.  *See* Discovery Ruling No. 2 at 5.  Thus, the Court should grant Plaintiffs' motion and order McKesson to identify by Bates number all documents it intends to rely on as due diligence for its Cabell County customers, including those documents found in custodial files.

1

Plaintiffs first address McKesson's erroneous contention that its motion was not timely. While it is true that Plaintiffs filed this motion after the May 15th deadline, this is not a motion seeking new relief, but instead is a motion seeking to enforce prior rulings of the Special Master and seeking to have McKesson comply with commitments it has already made to Plaintiffs' counsel concerning the identification of diligence files.  Plaintiffs did not include McKesson in their prior motions to compel concerning diligence files because McKesson represented it would voluntarily provide the information being requested in those motions.  After multiple meet and confers and two rounds of supplemental responses, McKesson indicated it "has completed its collection and production of diligence files from these four central locations for its customers in Cabell County and the City of Huntington."  McKesson's Second Supplemental Objections and Responses to Plaintiffs' First Combined Discovery Requests to Distributors at 10.  However, McKesson also stated that it "continues to collect, review and produce documents from the files of ESI custodians.  Those files may contain diligence-related documents for McKesson customers in Cabell County and the City of Huntington, West Virginia."  *Id.* at 11.  Thereafter, additional custodial documents were produced for various custodians identified and requested by Plaintiffs in this case.

Based on the plain reading of McKesson's responses, it was Plaintiffs belief that McKesson would be supplementing its response to Request No. 4 based on any additional diligence-related materials it located and intended to rely on from its custodial files.  Therefore, Plaintiffs believed McKesson's response was adequate at the time, but would be supplemented once those custodial documents were reviewed and produced by McKesson.  Once it became clear that McKesson was not timely supplementing this response, Plaintiffs sought a meet and confer with McKesson, which occurred on July 6, 2020.  At that time it was first conveyed to

Plaintiffs that McKesson had no intention of further supplementing its response to Request No. 4, which necessitated the filing of this motion.

Thus, based on the state of events at the May 15th deadline Plaintiffs had no reason to believe there was a need to file a motion seeking further identification of diligence files and only became aware of that need after the July 6th meet and confer. Additionally, Plaintiffs do not seek new relief here, but instead, simply seek to enforce this Court's prior discovery rulings concerning the identification of diligence documents. As such, Plaintiffs' motion is not untimely as McKesson contends.

McKesson also argues that Discovery Rulings No. 2, 4 and 7 do not apply to McKesson and therefore it is not obligated to identify its diligence documents by Bates number as the other Defendants have been ordered to do. This is also incorrect. Discovery Rulings No. 2, 4, and 7 are the law of this case and should dictate the conduct of all parties in the case. The notion that McKesson has a lesser discovery burden than everyone else in this case is simply illogical and untenable.

Finally, McKesson takes the position that it has complied with Discovery Ruling No. 4 because it has provided the production numbers for its Cabell County diligence files. *See* McKesson Oppo. At 7. If McKesson is, in fact, not going to rely on any additional documents beyond those identified by Bates number in its responses to Request No. 4 in Plaintiffs' First Combined Discovery Requests, then Plaintiffs are satisfied that McKesson has complied with its obligations under the Court's discovery rulings. However, to avoid any uncertainty, Plaintiffs request that McKesson make such a certification or identify any remaining diligence documents by Bates number that it does intend to rely on in the trial of this case.

In sum, McKesson should be ordered to meet the same discovery obligations as the other Defendants in this case as it pertains to the identification of diligence documents. Therefore, Plaintiffs respectfully request that McKesson be ordered to identify all diligence documents for its Cabell County customers by Bates number or certify that it does not intend to rely on any additional diligence documents beyond those already identified by Bates number in its responses to Request No. 4 in Plaintiffs' First Combined Discovery Requests.

Respectfully submitted this 29th day of July, 2020.

*(s) Brandon L. Bogle*
Brandon L. Bogle, Esq. FL Bar #52624
Levin, Papantonio, Thomas, Mitchell,
Rafferty & Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
bbogle@levinlaw.com
(850) 435-7043 (Telephone)
(850) 435-7020 (Facsimile)

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this the 29th day of July, 2020, the foregoing document was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*(s) Brandon L. Bogle*
Brandon L. Bogle