# CAMPBELL WOODS

**ATTORNEYS AND COUNSELORS AT LAW**

HUNTINGTON OFFICE

1002 THIRD AVENUE
POST OFFICE BOX 1835
HUNTINGTON, WV 25719-1835
TELEPHONE (304) 529-2391
FACSIMILE (304) 529-1832

WWW.CAMPBELLWOODS.COM

Owen A. Reynolds
OReynolds@CampbellWoods.com

ASHLAND OFFICE

1640 CARTER AVENUE
POST OFFICE BOX 1862
ASHLAND, KY 41105-1862
TELEPHONE (606) 329-1974
FACSIMILE (606) 324-2025

April 27, 2020

Gretchen M. Callas
Jackson Kelly PLLC
Post Office Box 553
Charleston, WV 25322

> Re: *City of Huntington, et. al.*
> *v. AmerisourceBergen Drug Corp., et al.*
> Civil Action No.: 3:17-cv-01362
> Southern District of West Virginia

Dear Ms. Callas:

This firm represents University Physicians & Surgeons, Inc., (d/b/a Marshall Health), and the Marshall University Board of Governors. We have received copies of two non-appearance document production subpoenas issued by you in the above referenced civil action, one directed to "Marshall Health, c/o Beth Hammers, Executive Director" and the other directed to "Marshall University, c/o Layton Cottrill, General Counsel." The subpoenas, which makes identical requests to each party, were served on the Secretary of State, as attorney in fact, on April 15, 2020, and received at Marshall Health and Marshall University on or near April 20, 2020. Neither Marshall University, nor Marshall Health, nor, to our knowledge, any employee of either is a party to the above referenced civil action. A copy of the subpoena is attached.

This letter is served on you as the written objection to the subpoena, under F.R.C.P. 45(d)(2)(B), of the person and entity purported to be commanded by the subpoena to produce documents. The following objections to these subpoenas apply to both the subpoena served on Marshall Health and the subpoena served on Marshall University:

1. Marshall Health and Marshall University object to the definition of "You" and "Your" as defined on page 2, paragraph four of the subpoenas. The definition includes, but is not limited to, "Mountain Health Network" and "St. Mary's Medical Center." Neither Marshall Health nor Marshall University has any power or control over either of those entities, and, accordingly, cannot produce any documents under those entities' control.

2. Marshall Health and Marshall University object to the "[r]equested format for Documents produced electronically in response to this Request" as unduly burdensome. (Page 5, paragraph 10 of the subpoenas). As you are aware, the requesting party "must take reasonable steps to avoid imposing undue burden

or expense on a person subject to [a] subpoena." (F.R.C.P. 45(d)(1)). The Format requirements include instructions that all documents must be formatted in "TIFF" format, as opposed to original forms such as PDF, and all must include extracted text or Optical Character Recognition. The subpoenas also request that objective coding and meta data be included for all documents produced in response to these subpoenas. These requirements, combined with the requested time period, 1996 to present, presents an unduly burdensome, herculean task which will require a wholly unreasonable amount of time and expense for Marshall Health and Marshall University. Needless to say, this is especially concerning as Marshall Health as a health care provider, West Virginia, and the United States generally, are in the midst of a global pandemic.

3. Marshall Health and Marshall University generally object to the unreasonable time frame for requested documents of 1996-Present. This time frame spans over two decades and neither Marshall Health nor Marshall University began tracking data on the Opioid Crisis until sometime around 2010. Moreover, though it may seem strange today, electronic communication was in it's infancy for the general public, including business and academia, even in the mid to late 1990's. Accordingly, it may be impossible to track down physical records for many of the numbered requests in the subpoenas.

4. Marshall Health and Marshall University generally object to the unreasonable and unduly burdensome scope of many of the numbered requests, including, but not limited to:

    a. Request 5, which requests "[a]ll Documents discussing, referring or relating to any Defendant." Many, if not the vast majority, of documents which may mention or discuss the Defendants appear to be irrelevant to the claims made in this civil action as we understand them and would impose an undue burden on Marshall Health and Marshall University by forcing them to scour all records between 1996 and the present.

    b. Request 21, which requests "[a]ll Communications between You and any person or entity . . . including . . . all Communications regarding Illicit Opioids, Prescription Opioids, diversion, and the opioid epidemic." This request is far too broad and would encompass voluminous production that is largely irrelevant to the claims made in this civil action as we understand them.

    c. Request 22, which requests "[a]ll transactional data and databases You

       use to track, record, or otherwise account for Your annual revenue and expenses." This information is proprietary, confidential in nature, and wholly irrelevant to the allegations made in this civil action.

d. Request 23, which requests "[a]ll transactional data and databases You use or Documents you have that track, record, or otherwise account for the services that You provide or the number of patients you treat per year." This information is proprietary, confidential in nature, and wholly irrelevant to the allegations made in this civil action as we understand them.

e. Request 25, which requests "[a]ll Documents reflecting, describing, or referring to the reason or root cause for any increases or decreases in the number of patients You are currently treating or have treated in the past." This information would encompass vast production of information that is proprietary, confidential in nature, and wholly irrelevant to the allegations made in this civil action as we understand them.

f. Request 27, which requests "all custodial records" for 21 employees from either Marshall Health or Marshall University. As many of these individuals are physicians, "all custodial records" would not only encompass vast numbers of documents irrelevant to the allegations in this civil action, but would also include documents containing protected healthcare information ("PHI") covered by the Health Insurance Portability and Accountability Act ("HIPAA"), the Substance Abuse and Mental Health Services Act ("SAMHSA"), the Family Educational Rights and Privacy Act ("FERPA"), or any combination thereof.  Marshall Health may not disclose PHI without a HIPAA-compliant authorization from each individual whose PHI is included in the scope of this request, "satisfactory assurance" in compliance with 45 CFR Part 164, or a HIPAA-compliant order of a court.  Your subpoena does not constitute such an order under HIPAA.

Marshall Health and Marshall University reserve the right to supplement these specific objections. In addition to these specific objections, Marshall Health and Marshall University object generally to the unduly burdensome nature of the requests.

     Marshall Health and Marshall University also object to the untimeliness of these subpoenas. These subpoenas were received by representatives of Marshall Health and Marshall University on or around April 20, 2020, and responses were requested for April 27, 2020, just one week later. Even under normal circumstances, which, due to the ongoing COVID-19

pandemic, we are not currently in, one week would be an unreasonable timeframe for responses based on the voluminous requests.

In addition to the requesting parties' duty to avoid undue burden on respondents to these subpoenas, the requesting party also must avoid undue expense. Providing documents requested in these subpoenas would require substantial time spent by physicians, nurses, data analysts, academic professionals, legal counsel, and various other employees, staff and consultants of both Marshall Health and Marshall University. It would also take a substantial amount of time away from the clinical work being done by Marshall Health and Marshall University staff during a global pandemic. Accordingly, Marshall Health and Marshall University request that the Defendants, in conjunction with the Plaintiffs, make arrangements to financially compensate Marshall Health and Marshall University for any time spent and expenses incurred in responding to these subpoenas.

To the extent any of the documents which may be responsive to these subpoenas contain information protected by HIPAA, SAMHSA, or FERPA, neither Marshall Health nor Marshall University may produce any records they may have because they are forbidden to do by regulation and/or statute. In order to request any records protected under those statutes and regulations, the requesting parties must adhere to all requirements to permit disclosure, located in those regulations and statues.

Finally, Marshall Health and Marshall University reserve objections as to the service of these subpoenas.

If you would like to discuss this matter, please do not hesitate to contact me.

Very truly yours,

/s/ Owen A. Reynolds
Owen A. Reynolds

OAR/eac

cc: Robert A. Nicholas
    Steven R. Ruby
    Michael W. Carey
    Enu Mainigi
    Jeffrey M. Wakefield
    Geoffrey E. Hobart

Enclosure