EXHIBIT U

# CAMPBELL WOODS

ATTORNEYS AND COUNSELORS AT LAW

WWW.CAMPBELLWOODS.COM

Joel P. Jones, Jr.
joeljones@CampbellWoods.com

**HUNTINGTON OFFICE**
1002 THIRD AVENUE
POST OFFICE BOX 1835
HUNTINGTON, WV 25719-1835
TELEPHONE (304) 529-2391
FACSIMILE (304) 529-1832

**ASHLAND OFFICE**
1640 CARTER AVENUE
POST OFFICE BOX 1862
ASHLAND, KY 41105-1862
TELEPHONE (606) 329-1974
FACSIMILE (606) 324-2025

July 22, 2020

Gretchen M. Callas, Esq.
Jackson Kelly PLLC
P. O. Box 553
Charleston, West Virginia 25322

   Re: *City of Huntington, et. al. v. AmerisourceBergen Drug Corp., et al.*
     Civil Action No. 3:17-cv-01362
     Southern District of West Virginia

Dear Ms. Callas:

  As you know, our firm represents University Physicians & Surgeons, Inc., ("Marshall Health") and the Marshall University Board of Governors ("Marshall University"). We also represent Kevin W. Yingling, M.D. in his capacity as an employee of Marshall Health and as a faculty member of Marshall University. We have received copies of the subpoena issued by you in the above referenced civil action, dated July 13, 2020, directed to "Dr. Kevin Yingling, Board of Health Member, Cabell-Huntington Health Department", a copy of which is enclosed for your reference. This subpoena revises or amends a subpoena previously issued, but of which we did not receive a copy. Neither Marshall Health, Marshall University, nor Dr. Yingling are parties to the above referenced civil action.

  This letter is served on you as the written objection to the subpoena(s), under F.R.C.P. 45(d)(2)(B), of the person and entity purported to be commanded by the subpoena to produce documents. As stated, the subpoena is directed to "Dr. Kevin W. Yingling, Board of Health Member, Cabell-Huntington Health Department", but Marshall Health and Marshall University understand that the parties to the above referenced case intend to engage in lines of questioning that far exceed Dr. Yingling's role as a director of the Cabell-Huntington Health Department. To the extent deposition testimony is sought pertaining to Dr. Yingling's role as a physician at Marshall Health or a Member of the faculty of Marshall University or to his experience during such time, such questioning is outside the scope of the subpoena as noticed and Marshall Health and Marshall University object to any such questioning. Further, we understand that the subpoena may not have been properly served upon Dr. Yingling, and, likewise, the revised or amended subpoena that is the subject of this objection was not properly served. Dr. Yingling reserves the right to supplement these specific objections and preserves his right to make further objections. Appearance by Dr. Yingling to sit for the deposition is not a waiver of these objections.

As has been reiterated to the parties participating in this case, individual subpoenas and the cumulative nature of the subpoenas have posed an undue burden upon our clients, a burden which the parties have an obligation to avoid. In addition to the requesting parties' duty to avoid undue burden on respondents to these subpoenas, the requesting party also must avoid undue expense. To that end, Marshall Health and Marshall University request that the Defendants make arrangements to supply financial compensation not only for the time spent in deposition, but also for any time spent and expenses incurred in preparation therefor.

If you would like to discuss this matter, please do not hesitate to contact me.

Very truly yours,

/s/ Joel P. Jones, Jr.

Joel P. Jones, Jr.

JPJJR/eac

cc: Steven R. Ruby
Brent R. Gary
Joseph Mahady
Kent Bryson
Ryan Ashworth

Enclosure