UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

**PLAINTIFF CITY OF HUNTINGTON'S OBJECTION TO SPECIAL MASTER'S JULY 27, 2020 ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF CERTAIN CITY OF HUNTINGTON DOCUMENTS**

Plaintiffs hereby object to the Special Mater's July 27th Ruling (Dkt. 801), which compelled Plaintiffs to produce certain City of Huntington law enforcement-sensitive documents that the City had previously withheld.[1]

### BACKGROUND

Plaintiff, the City of Huntington, has produced approximately 200,000 documents from the Huntington Police Department in this litigation. These records, which are comprised of hard copy law enforcement records, electronic documents, and emails, include, but are not limited to:

- The custodial files for numerous former or current Huntington Police Department employees;
- Records reflecting Huntington Police Department incident and arrest reports;

---

[1] "Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Special Master within 7 calendar days of the date it was filed." Order of Appointment (Dkt. 200).

1

- More than 25,000 documents from the Huntington Police Department Drug Unit's hard copy files;
- Case investigation records, witness statements, and reports;
- Law enforcement-related expenses, invoices, and budgetary information;
- Documents relating to drug seizures;
- Emails reflecting communications with other law enforcement agencies; and
- A tabulation of all incident and arrest records and correlative narratives dating back to December 2015 from the Huntington Police Department Patrol and the Special Investigative Bureau.

Of the hundreds of thousands of law enforcement documents that the City reviewed, it withheld a small subset on the grounds that the information contained within these documents was highly sensitive, law enforcement information, and/or reflected highly-sensitive investigatory materials from other law enforcement entities, including federal agencies such as the FBI and DEA.

On July 9, 2020, Defendants filed a motion to compel these documents, asserting that the City of Huntington had inappropriately withheld these documents (Dkt. 690). On July 20, 2020, Plaintiff filed a response in opposition to Defendants' motion to compel, arguing that the documents at issue were properly withheld and that, given the sensitivity of the information implicated, producing these documents would be disproportionate to the needs of the case (Dkt. 775). To the extent that the Court was not inclined to deny the Defendants' motion outright, Plaintiff's opposition requested an *in camera* review of a representative subset of the documents at issue.

On July 22, 2020, Counsel for Defendants circulated a list of discovery matters and updates in anticipation of the Parties' weekly telephonic status conference, noting that "Defendants' July 9 motion to compel" was "pending but not fully briefed." On Friday, July 24, 2020, prior to the filing of Defendants' reply to Plaintiff's opposition, the parties briefly discussed this issue with Special Master Wilkes. The Special Master suggested that the parties begin discussion to assemble

a list of documents to be reviewed *in camera* to assess the nature of the law-enforcement sensitive information that was the subject of the motion.

On Monday, July 27, 2020, Special Master Wilkes entered an order granting Defendants Motion to Compel and ordering Huntington to produce all documents identified in Defendants' motion by July 31, 2020, finding, with respect to third-party documents, "that Ordering compliance with the third-party notice provisions of the protective order at this stage of the proceedings would be problematic and prejudicial, therefore Huntington must therefore produce these documents" and also ruling that Plaintiffs had failed to demonstrate that a "substantial threshold showing of harm" would result from disclosing the challenged documents (Dkt. 801).

On July 28, 2020, Plaintiff requested in writing that the July 27 Order be held in abeyance subject to an *in camera* review of a representative subset of the documents at issue. Judge Wilkes responded to Plaintiff's request on July 29, declining an *in camera* review on the grounds that this would "unjustly delay the disclosure."

Pursuant to Judge Wilkes' July 27 Order, Plaintiff has now re-designated and produced, as Attorneys' Eyes Only, documents Plaintiff previously withheld on the grounds that these documents included law enforcement sensitive information, including information Plaintiff received from other third-party law enforcement agencies such as the Ohio State Highway Patrol or the West Virginia State Police. However, Defendants motion to compel also seeks documents reflecting precisely the kind of information that Plaintiffs have recently been instructed by the DEA to clawback – namely, documents revealing undercover investigations, electronic surveillance techniques, tips from confidential informants pertaining to potentially ongoing investigations, and documents pertaining to prosecutions by the U.S. Attorney's Office.

For the reasons set forth below, Plaintiff objects to the July 27, 2020 Order to the extent it seeks the production of records or information provided to Plaintiff by the DEA, FBI, or other federal law enforcement agencies reflecting information of a highly sensitive nature that has otherwise consistently been withheld in other litigation. Plaintiff thus respectfully files this objection to the July 27 Order specifically with respect to this group of documents.

## ARGUMENT

**I. The Parties' Protective Order Expressly Allows Plaintiff to Withhold the Protected Information at Issue**

In his ruling, Judge Wilkes found that Plaintiff had failed to follow the provisions of the protective order concerning "when a discovery request seeks documents that are subject to a third-party confidentiality agreement" and that "Third-Party Confidentiality Restrictions" were improper grounds for withholding sensitive law enforcement documents. This ruling, however, ignores that the documents were withheld because of law enforcement sensitive information they contained. The provisions relied upon in this ruling refer to an earlier version of the operative protective order in this case. In fact, the governing protective order in this matter expressly permits the withholding of certain protected law enforcement information. As amended, the protective order specifically provides:

> Plaintiffs may withhold or redact the following specific protected information**: (a) records of ongoing criminal investigations, and (b) records or information provided to the party by DEA, FBI, or other state or federal law enforcement agency that such agency designates is of a sensitive nature.** The fact of redacting or withholding does not create a presumption that the redaction or withholding is valid, and Receiving Parties can challenge redactions freely appropriate notice to the Producing Party and (if applicable) the agency asserting the privilege or confidentiality redaction.

*See* CMO No. 2, 1:17-md-02804-DAP (as ordered amended on September 29, 2019), Dkt. # 2688, at p. 5.

Because Judge Wilkes' determinations that (1) Plaintiff improperly withheld law enforcement sensitive third-party documents and (2) failed to follow the provisions of the protective order were premised on an earlier iteration of the governing protective order in this case, the July 27 Order constitutes legal error and an abuse of discretion. *See Boyer v. Riverhead Cent. Sch. Dist.*, 2007 WL 749676, at *4 (E.D.N.Y. Mar. 7, 2007) (denying motion for protective order limiting discovery that "would be tantamount to an impermissible finding of facts that have yet to be tested"); *see also Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999) (an abuse of discretion is "a clear error of judgment" that may result in "substantial unfair prejudice"); *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 705 n.1 (E.D. Mich. 2017) (it is an abuse of discretion "when the court . . . relies on clearly erroneous findings of fact").

## II. The Court Erred in Not Conducting an *In Camera* Review of the Disputed Documents.

In declining to conduct any *in camera* review of the documents challenged, the Court failed to fairly balance the importance of protecting law enforcement techniques and confidential informants and sources. Federal courts have consistently held that "there is indeed a public interest in minimizing disclosure of documents that would tend to reveal law enforcement investigative techniques or sources." *Black v. Sheraton Corp. of Am.*, 564 F.2d 531, 545 (D.C. Cir. 1977).

In considering the application of the law enforcement privilege, courts "must balance '[t]he public interest in nondisclosure . . . against the need of a particular litigant for access to the privileged information.'" *Hugler v. Bat Masonry Co., Inc.*, No. 6:15-CV-28, 2017 WL 1207847, at *4 (W.D. Va. Mar. 31, 2017) (quoting *In re The City of New York*, 607 F.3d 923, 945 (2d Cir. 2010)). Even where a party demonstrates a "compelling need" for information, this "does not

5

automatically entitle a litigant to privileged information . . . disclosure is required only if that compelling need outweighs the public interest in nondisclosure." *In re The City of New York*, 607 F.3d 923, 945 (2d Cir. 2010). Additionally, disclosure of the techniques involved in an investigation may be inappropriate even when an investigation has concluded. *See, e.g., Black v. Sheraton Corp. of Am.*, 564 F.2d 531, 546 (D.C. Cir. 1977) ("We reject plaintiff's contention that the public interest in nondisclosure can be disregarded simply because the principal investigation involved here has apparently been concluded.").

In the instant case, the documents Plaintiff has identified as relating to federal law enforcement efforts pertain to the specific plans for undercover investigations and, therefore, include (1) documents and information relating to ongoing investigations, (2) documents and information that could reveal confidential sources, and (3) documents and information pertaining to confidential law enforcement techniques and procedures.

Indeed, federal courts have consistently found that the disclosure of precisely *this* kind of investigatory information would be inappropriate based upon law enforcement privilege. *See, e.g., In re The City of New York*, 607 F.3d 923, 945 (2d Cir. 2010) (finding that law enforcement privilege prevented the disclosure of reports containing "detailed information" about undercover operations); *United States v. Green*, 670 F.2d 1148 (D.C. Cir. 1981) (holding that law enforcement surveillance locations were privileged and protected from disclosure, noting "[j]ust as the disclosure of an informer's identity may destroy his future usefulness in criminal investigations, the identification of a hidden observation post will likely destroy the future value of that location for police surveillance."); *United States v. Van Horn*, 789 F.2d 1492, 1508 (11th Cir. 1986) ("Electronic surveillance is an important tool of law enforcement, and its effectiveness should not

be unnecessarily compromised. Disclosure of such information will also educate persons on how to employ such techniques themselves, in violation of Title III.").

Moreover, as one court explained, an "attorneys' eyes only" designation may not always be appropriate for certain kinds of law enforcement information, particularly where documents may ultimately be "reviewed by over fifty attorneys," reasoning:

> Even if the "attorneys' eyes only" procedure works in some commercial litigation, as well as some criminal cases the consequences of accidental disclosure are too severe to employ the procedure here. If a party in a commercial suit obtains a competitor's trade secrets, at worst the party will gain an unfair financial advantage over his competitor. Though such an injury is serious, it involves money, not public safety, and it can usually be remedied by an injunction or money damages. Here, however, accidental disclosure of the Field Reports risks undermining important NYPD investigatory procedures and thereby endangering the safety of law enforcement personnel and countless New York residents. Not only is that injury more severe, it is far more difficult to remedy.
>
> Furthermore, when a party in a commercial suit gains access to trade secrets and uses them to his advantage, it is, in many cases, obvious that an unauthorized disclosure has occurred. That is not the case, however, for confidential law enforcement information, for there is often only ambiguous evidence that an undercover operation had been undermined—an unexpected event impairs an investigation, an informant is suddenly isolated from his collaborators, or a once-valuable source begins to provide disinformation. Thus, if confidential law enforcement information is disclosed on an "attorneys' eyes only" basis, the police may never know if their undercover operations have been compromised by an unauthorized disclosure of that information.

*In re The City of New York,* 607 F.3d 923, 937 (2d Cir. 2010).

Disclosure of documents relating to the law enforcement efforts of federal agencies could fundamentally hinder the ability of the Huntington Police Department and other local law enforcement agencies to safely conduct highly confidential, undercover operations. The protective order in this case specifically contemplated that this type of information could be properly

withheld, and compelled disclosure of this sensitive information imperils Huntington's ability to obtain sensitive information from federal agencies, which is vital to the City's own efforts to protect public safety.

Plaintiffs have already provided Defendants with voluminous law-enforcement records in this case and, with respect to investigative files within its custody or control, the only documents that remain at issue are those documents that (1) reflect ongoing investigations, (2) expressly reveal the techniques forming the basis of undercover operations, and (3) relate to information provided to or by the U.S. Attorneys' Office. Accordingly, requiring Plaintiffs to produce documents describing sensitive law enforcement information from federal agencies – particularly given the extensive information already provided to Defendants – is disproportionate to the needs of the case and inappropriate absent an *in camera* evaluation to determine whether certain documents should be withheld or redacted. With a circumscribed set of representative documents, that review could have been conducted expeditiously in order to avoid needless delay, and allowed the Court to both assess and protect the substantial law enforcement interests at stake.

## CONCLUSION

For the foregoing reasons and those stated in Plaintiff's response to Defendants' motion to compel, Plaintiff respectfully requests that this Court set aside Judge Wilkes' July 27, 2020 Order to the extent that it applies to the highly sensitive information and documents provided to Plaintiffs by federal agencies.

Dated: August 1, 2020              Respectfully submitted,

                                   CITY OF HUNTINGTON

                                   /s/ *Anne McGinness Kearse*
                                   Anne McGinness Kearse (WVSB No. 12547)
                                   Joseph F. Rice

8

        **MOTLEY RICE LLC**
        28 Bridgeside Blvd.
        Mount Pleasant, SC 29464
        Tel:  843-216-9000
        akearse@motleyrice.com
        jrice@motleyrice.com

        Linda Singer
        **MOTLEY RICE LLC**
        401 9th Street NW, Suite 1001
        Washington, DC 20004
        Tel:  202-232-5504
        Fax:  202-386-9622
        lsinger@motleyrice.com

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing was filed electronically via the CM/ECF electronic filing system on August 1, 2020 and served on all counsel registered in the system.

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)
**MOTLEY RICE LLC**