# EXHIBIT A



28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**Natalie Deyneka**
*Licensed in SC, WV*
direct: 843.216.9343
ndeyneka@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

**By Electronic Mail**                                July 28, 2020

Judge Christopher Wilkes
273 Shireoaks Dr.
Martinsburg, WV 25403
cwilkesllc@gmail.com

**Re: July 27, 2020 Discovery Ruling**

Dear Special Master Wilkes:

We write in regards to the Court's Discovery Ruling (Dkt. 690), filed July 27, 2020.

I apologize that Plaintiffs did not submit a proposed order on behalf of the City of Huntington prior to your ruling on this issue. Respectfully, we would like to request that your ruling be held in abeyance subject to an in camera review of a representative subset of the documents at issue, as you suggested as an option during Friday's hearing.

During a comparable dispute concerning law enforcement documents in CT1, Special Master Cohen previously emphasized:

> Sometimes I wonder, are we fighting over something that no one really cares about. I mean, what are defendants going to do if they detect that Informant Jones said that there's some guy on the street selling heroin? How does that really have any play in this case for any meaningful issue? You know, we can certainly fight over whether a privilege is properly invoked, but why are we fighting about it? I think it's appropriate to suggest everybody step back and make sure they're not in the weeds too deeply and fighting about things that aren't worth fighting over.

*See* 12/21/2018 Discovery Teleconference transcript at pp. 25:25-26:12.

The situation at bar raises the same issues. Specifically, there is a minimal likelihood that the documents at issue will provide Defendants with meaningful information, and, at the same time, these documents implicate significant sensitive law enforcement information that may pertain to ongoing investigations. In light of this, Plaintiffs are hopeful that an in-camera review would provide the Court with the additional information necessary to fully appreciate the nature of the documents in question. The City also submits that a review of documents in camera might avoid or narrow areas of dispute, allowing the City to produce the most important and/or least sensitive documents promptly.

Re: July 27, 2020 Discovery Ruling
July 28, 2020
Page 2

Finally, Plaintiffs respectfully reserve their right to seek further review of this ruling.

Sincerely,

*/s/ Natalie Deyneka*

Natalia Deyneka

cc:     All Defendants' Counsel
        Track2OpioidDefendants@reedsmith.com