# EXHIBIT B

| | |
|---|---|
| **From:** | Christopher Wilkes |
| **To:** | nDeyneka@motleyrice.com; Flahive Wu, Laura |
| **Cc:** | 2804 Discovery, MDL; CT2 Defs (Track2OpioidDefendants@reedsmith.com) |
| **Subject:** | Re: EXTERNAL-Activity in Case 3:17-cv-01362 City of Huntington, West Virginia et al v. AmerisourceBergen Drug Corporation et al Order on Motion / Application / Petition to Compel |
| **Date:** | Wednesday, July 29, 2020 7:37:05 AM |

**[EXTERNAL]**
EXTERNAL E-MAIL - From cwilkesllc@gmail.com

Good morning Counsel,

Thank you for your correspondence regarding the issue. I have had an opportunity to review it and have thoroughly considered the points raised in both.

Ms. Deyneka thank you but there is no need for an apology. The fact that a proposed order was not supplied has no bearing on my decision. The issues raised by the motion and responsive pleadings were considered and determined prior to reviewing and editing a proposed order, it just so happens in this case that Defendants prevailed and had provided a proposed order. If the situation were reversed I would have requested an order from Huntington.

Thank you for providing an excerpt from the teleconference with SM Cohen. I concur with his remarks and believe I have espoused similar concerns about fighting about things that aren't worth fighting over. Regretfully this concern often goes unheeded. Problematic in the case at hand is the fact that certain discovery deadlines are imposed and my rulings must take that into consideration. At this stage of the proceedings with the information provided I ruled as I deem appropriate and fair to all parties. Further delay in production so often snowballs and as I have indicated I have great respect for the deadlines imposed by Judge Faber and will do my best to adhere to them.

Echoing SM Cohen's thoughts I think it would be a good idea if the parties were to agree to review of a reasonable subset of the information to determine its worth and determine if it is something someone really cares about. This seems like it may reduce the volume of information disclosed but this only a suggestion. At this stage in camera review would unjustly delay the disclosure and I feel is inappropriate. Recognizing the concerns that disclosure of some of this information may present the ruling puts in place recognized safeguards.

Based on the above I do not think it appropriate to hold the ruling in abeyance.
Thank you,

Christopher Wilkes
cwilkesllc@gmail.com
304.839.6004