**From:** Paul Farrell <paul@farrell.law>
**Sent:** Saturday, June 13, 2020 4:55 PM
**To:** Christopher Wilkes (cwilkesllc@gmail.com) <cwilkesllc@gmail.com>
**Cc:** zz-Track 2 Opioid Defendants (S) <Track2OpioidDefendants@reedsmith.com>; '2804 Discovery, MDL' <mdl2804discovery@motleyrice.com>; Bob Fitzsimmons <bob@fitzsimmonsfirm.com>; Tim Linkous <tim@linkouslawpllc.com>; Tish Chafin <tish@thechafinlawfirm.com>
**Subject:** CT2: Distributor Defendants MTC opioid related expenditures

[EXTERNAL]
EXTERNAL E-MAIL - From paul@farrell.law

Judge Wilkes,

Thank you for taking the time to moderate our meet and confer yesterday regarding *Defendants' Motion to Compel Discovery Responses on Opioid-Related Expenditures* (Doc. 423) which the Distributor Defendants describe as a request for "basic information regarding Plaintiffs' opioid-related actions and expenditures and requested abatement damages remedy." (ECF 463) This is a complex discovery dispute and heavily contested.

We direct your attention to the *Daubert* rulings from MDL2804 on abatement (attached) which accurately depicts the nature of the remedy sought by the City of Huntington and Cabell County Commission:

> Having read the parties' briefs, the Court offers the following general observation on the relevance of the Challenged Experts' opinions. Defendants begin their Abatement Motion with their interpretation of "abatement law" in Ohio. In the very first paragraph, however, they appear to confuse the forward-looking, equitable remedy of abatement and the rearward-looking remedy of damages. In a traditional public nuisance case, a municipal entity who is harmed by the maintenance of a nuisance will give notice to and ask the offending party to abate the nuisance. If the offending party is unable or unwilling to abate, the harmed party can, when appropriate, abate the nuisance themselves or ask the court for the right to do so, and then seek compensation for the costs of abating the nuisance. This compensation is equitable in nature. The goal is not to compensate the harmed party for harms already caused by the nuisance. This would be an award of damages. Instead, an abatement remedy is intended to compensate the plaintiff for the costs of rectifying the nuisance, going forward.

See *Order*, MDL2804 (ECF 2519) (Filed: 08/26/19). The City and County stipulate they seek an ***abatement remedy*** which is intended to "compensate the plaintiff for the costs of rectifying the nuisance, going forward." During the teleconference yesterday, Distributor Defendants referenced precedent from MDL2804 for the proposition that "Judge Polster ordered the Plaintiffs to produce the factual basis and categories for its abatement remedy before disclosure of expert witnesses." We invite Distributor Defendants to submit the same for your consideration.

In the meantime, we offer a compromise. Please note that we strongly disagree with the premise that Plaintiffs are required to produce its abatement plan (a) before the close of discovery and (b) before expert witness

disclosures are due. We are hesitant to begin this dialogue given the poor relations between plaintiffs' counsel and defense counsel. Nonetheless, we once again engage in the slippery slope of unilateral disclosures.

As defendants know, the City of Huntington and Cabell County Commission encouraged the health care providers in the community to collaborate and design the infrastructure of a plan to abate the opioid epidemic. The result is the *Resiliency Plan* (CCCOMM_0036149) which was publicly released on February 7, 2020 (https://www.marshall.edu/ucomm/2020/02/07/cabell-county-organizations-release-resiliency-plan/). Consistent with the *Resiliency Plan*, Plaintiffs retained experts in the fields of epidemiology, pharmaco-epidemiology, economics, data analytics, medicine, and social work to opine on what an abatement remedy might look like and what such a remedy will cost.

Expert witness reports are due on **August 3, 2020**, and fact witness depositions begin this Monday. We proffer the following outline which describes the categories of the draft abatement plan prepared by our team of expert witnesses:

**Category 1: Prevention - Reducing Opioid Oversupply and Improving Safe Opioid Use**
1A. Health Professional Education
1B. Patient and Public Education
1C. Safe Storage and Drug Disposal
1D. Community Prevention and Resiliency
1E. Harm Reduction
1F. Surveillance, Evaluation, and Leadership

**Category 2: Treatment - Supporting Individuals with Opioid Use Disorder**
2A. Connecting Individuals to Care
2B. Treating Opioid Use Disorder
2C. Managing Complications of Opioid Use Disorder
2D. Expanding the Healthcare Workforce
2E. Distributing Naloxone and Providing Training

**Category 3: Recovery - Law Enforcement, Reintegration, and Jobs**
3A. Law Enforcement and First Responders
3B. Criminal Justice System
3C. Vocational Training and Job Placement
3D. Reengineering the Workplace
3E. Mental Health Counseling and Grief Support

**Category 4: Addressing Needs of Special Populations**
4A. Pregnant Women, Mothers, and Infants
4B. Adolescents and Young Adults
4C. Families and Children
4D. Homeless and Housing Insecure Individuals
4E. Individuals with Opioid Misuse

This is a preliminary assessment of the components of the litigation abatement plan and subject to change prior to the expert witness disclosure deadline. We hope and trust this unilateral disclosure suffices and encourage the Distributor Defendants to disclose the categories of its abatement plan.

In addition, Defendant Distributors complained yesterday about the sufficiency of the County's financial disclosures. We attach (again) the spreadsheet disclosed to the Distributor Defendants which includes 3,300 lines of references to budget documents organized by tab including the Commission, Clerk, Circuit Clerk, Sheriff, Assessor, EMS and 911. We stand by the sufficiency of our disclosures.

We include liaison counsel for the WVMLP on this email string and recommend we invite them to our bi-monthly telephonic status conferences moving forward.

Please advise whether you believe further discussion is required or whether the motion is ripe for decision.

**Paul T. Farrell, Jr., Esq.**
FARRELL LAW
P.O. Box 1180
Huntington, WV 25714-1180

422 Ninth Street, 3rd Floor
Huntington, West Virginia 25701
phone: 304.654.8281
email: paul@farrell.law

*"Facts are stubborn things."*
    -John Adams
     President of the United States.
     Trial lawyer