IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE DAVID A. FABER
SENIOR UNITED STATES DISTRICT JUDGE

June 20, 2017

```
------------------------------x
                              :
KANAWHA COUNTY COMMISSION,    :     CIVIL ACTION
                              :     NO.  2:17-cv-01666
         Plaintiff,           :
                              :
vs.                           :
                              :
RITE AID OF MARYLAND,         :
INC., et al.,                 :
                              :
         Defendants.          :
                              :
------------------------------x
                              :
CABELL COUNTY COMMISSION,     :     CIVIL ACTION
                              :     NO. 3:17-cv-01665
         Plaintiff,           :
                              :
vs.                           :
                              :
AMERISOURCEBERGEN DRUG        :
CORPORATION, et al.,          :
                              :
         Defendants.          :
                              :
------------------------------x
```

```
-----------------------------x
                             :
FAYETTE COUNTY COMMISSION,   :    CIVIL ACTION
                             :    NO. 2:17-cv-01957
          Plaintiff,         :
                             :
vs.                          :
                             :
CARDINAL HEALTH, INC.,       :
et al.,                      :
                             :
          Defendants.        :
                             :
-----------------------------x
                             :
WAYNE COUNTY COMMISSION,     :    CIVIL ACTION
                             :    NO. 3:17-cv-01962
          Plaintiff,         :
                             :
vs.                          :
                             :
RITE AID OF MARYLAND,        :
INC., et al.,                :
                             :
          Defendants.        :
                             :
-----------------------------x
                             :
BOONE COUNTY COMMISSION,     :    CIVIL ACTION
                             :    NO. 2:17-cv-02028
          Plaintiff,         :
                             :
vs.                          :
                             :
AMERISOURCEBERGEN            :
DRUG CORPORATION, et al.,    :
                             :
          Defendants.        :
                             :
-----------------------------x
```

```
-----------------------------x
                             :
LOGAN COUNTY COMMISSION,     :    CIVIL ACTION
                             :    NO. 2:17-cv-02296
          Plaintiff,         :
                             :
vs.                          :
                             :
CARDINAL HEALTH, INC.,       :
et al.,                      :
                             :
          Defendants.        :
                             :
-----------------------------x
                             :
WYOMING COUNTY COMMISSION,   :    CIVIL ACTION
                             :    NO. 5:17-cv-02311
          Plaintiff,         :
                             :
vs.                          :
                             :
AMERISOURCEBERGEN DRUG       :
CORPORATION, et al.,         :
                             :
          Defendants.        :
                             :
-----------------------------x
```

APPEARANCES:


For the Plaintiffs:


MR. ANTHONY J. MAJESTRO
Powell & Majestro
Suite P-1200
405 Capitol Street
Charleston, WV  25301

APPEARANCES (Continued):


For the Plaintiffs;


MR. PAUL T. FARRELL, JR.
MR. BERT KETCHUM
Greene Ketchum Bailey Walker
Farrell & Tweel
P.O. Box 2389
Huntington, WV  25724-2389


MR. WARREN R. MCGRAW, II
McGraw Law Offices
P.O. Box 534
Pineville, WV  24874


For the Defendants:


MR. A. L. EMCH
MR. ADAM J. SCHWENDEMAN
Jackson Kelly
P.O. Box 553
Charleston, WV  25322-0553


MS. MEREDITH S. AUTEN
Morgan Lewis & Bockus
1701 Market Street
Philadelphia, PA  19103


MR. F. LANE HEARD, III
Williams & Connolly
725 Twelfth Street, NW
Washington, D.C.  20005

APPEARANCES (Continued):

For the Defendants:

MR. RUSSELL D. JESSEE
MR. JEFFREY WAKEFIELD
Steptow & Johnson
P.O. Box 1588
Charleston, WV  25326-1588

MS. ENU MAINIGI
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

MR. STEVEN R. RUBY
Bailey & Glasser
209 Capitol Street
Charleston, WV  25301-1386

Also Present for Defendants:

MR. JOHN ANDREW SMITH

MR. MICHAEL J. FARRELL

MS. SUSAN M. ROBINSON

MR. KEIGH A. JONES

MS. NEVA G. LUSK

MR. CLIFFORD F. KINNEY

MR. GERARD R. STOWERS

MS. RONDA L. HARVEY

MR. THOMAS J. HURNEY, JR.

APPEARANCES (Continued):


Also Present for Defendants:


MS. LAURIE K. MILLER

MR. MARC E. WILLIAMS

MR. JAMES R. WOOLEY

MR. CARTE P. GOODWIN

MR. KEITH HOOVER

MR. JOHN J. POLAK

MR. WEBSTER J. ARCENEAUX, III

MR. MITCHELL J. RHEIN






Court Reporter:                    Lisa A. Cook, RPR-RMR-CRR-FCRR

Proceedings recorded by mechanical stenography; transcript produced by computer.

```
 1                     P R O C E E D I N G S
 2             THE COURT:  Good morning.
 3        This is the hearing on the motions to dismiss in the
 4   seven opioid cases filed originally in this court.  I
 5   believe there are seven of them.
 6        If anybody's curious, I have an opinion in draft and
 7   expect to rule on the remand motions in the two additional
 8   cases that were removed before the end of the week.
 9        Let me ask counsel to note their appearances, please.
10             MR. FARRELL:  Paul Farrell, Jr., on behalf of the
11   seven counties.
12             MR. MAJESTRO:  Anthony Majestro on behalf of six
13   of the seven counties, all but Wyoming.
14             MR. MAINIGI:  Enu Mainigi, Williams & Connolly, on
15   behalf of Cardinal Health, Your Honor.
16             MR. HEARD:  Lane Heard, Your Honor, also from
17   Williams & Connolly for Cardinal Health.
18             MR. JESSEE:  Russell Jessee, Your Honor, for
19   McKesson in four of the counties, and the three other
20   counties Jeff Wakefield with me.
21             THE COURT:  All right.
22             MR. EMCH:  Your Honor, Al Emch, Jackson Kelly here
23   in Charleston for AmerisourceBergen.  And I have with me
24   Meredith Auten from Morgan Lewis & Bockus in Philadelphia,
25   and my associate Adam Schwendeman here also with Jackson
```

1  damage that's been done to the community and what it's going
2  to take to fix it.
3          THE COURT:  Okay.
4          MR. MAJESTRO:  And that's -- and, frankly, Your
5  Honor, that's what the statute provides.  It says that we
6  can bring that action, Subsection kk.  We're authorized to
7  enact ordinances, issue orders, and take appropriate and
8  necessary actions for the eliminations of hazards to public
9  health and safety and to abate or cause to be abated
10 anything which the commission determines to be a public
11 nuisance.
12         So what we are asking this Court to do ultimately would
13 be award the kind of damages necessary and the actions
14 necessary to abate the nuisance.
15         THE COURT:  I don't see how you could ever
16 possibly put a dollar number on that under the facts and
17 circumstances of this case.  I mean, how would you go about
18 abating the facts of this, if it is a nuisance, because
19 you've got streets full of heroin addicts?
20         MR. MAJESTRO:  Well, I think you, you treat
21 people, Your Honor.  You, you -- there are costs of
22 treatment.  There are costs -- you undo the -- you undo the
23 harm to the communities that, that the defendants' actions
24 caused.  And, you know, it's like taking the, the lead paint
25 out of the buildings.  You're taking the effect of the

1   addiction out of the people.
2          You know, Your Honor, I can go through point by point,
3   you know, everything.  We've briefed most of this.  Is there
4   anything -- are there other things that you particularly are
5   concerned with that I might address?
6              THE COURT:  Well, we talked about the application
7   or lack thereof of the Boone County opinion.  And the --
8   your opponents made a pretty compelling argument that I
9   don't have to, to follow it.
10         But assuming that I do, even if I do, Judge Thompson in
11  that opinion -- and I wish I had made a note of the page,
12  but I didn't -- he, he distinguished municipalities from the
13  state and explained that the, that his case was brought by
14  the state and -- my clerk handed me Page 34 of the, of the
15  opinion.  But even if that opinion were arguably binding
16  upon me, it's distinguishable on that point, isn't it?
17             MR. MAJESTRO:  Well, with respect to -- I mean --
18  and I don't have that, that in front of me, but my memory is
19  that the discussion of a municipality did not discuss
20  counties which have a different situation -- a different
21  situation under our state's law, including the very explicit
22  authorization to bring an action of nuisance.
23             THE COURT:  Well, he, he did explain it in terms
24  of municipalities.  That's true.
25             MR. MAJESTRO:  And, you know, in terms of it's

1     So that's the duty.  Breach is very simple.  The
2 complaint pled they did not report suspicious orders.  The
3 complaint pled they did not stop suspicious orders.  They
4 did not have procedures to determine suspicious orders.
5 That's the breach -- that's the breach of the duty.  And
6 that would go both with respect to -- so that's -- that
7 breach would apply both for the negligence and nuisance.
8     Excuse me, Your Honor.  I'll grab some water.
9     (Pause)
10        MR. MAJESTRO:  With respect to causation, you
11 know, we pled causation in the complaint, cited the studies.
12 I think we've gone well beyond what we need to do on a
13 pleading stage to prove causation.
14     And their challenges to causation based on remoteness
15 and based on illegal conduct, those sorts of challenges I've
16 gone through, Your Honor.  And as we've cited the cases in
17 the brief, those are dealing with situations where you don't
18 have foreseeability.
19     And we, and we would contend in this case that
20 statutorily Congress has found foreseeability for Your Honor
21 almost as a matter of law that when you don't take these
22 actions, it's foreseeable that diversion will occur.
23     And, you know, the other -- and the flip is, the point
24 I just made before, once the actions changed, once they
25 started to be reported, we have a decrease in the amount of

1  this illegal diversion.
2      But what we do have now is -- and we go to damages.
3  What we do have now is a bunch of people who are addicted to
4  drugs.  And they no longer can get the legal drugs because
5  the defendants are finally doing their job.
6      So because they no longer can get the legal drugs and
7  because the nuisance and the damages to them making them
8  addicts, what they've done is they've gone -- and the
9  studies that we've cited in the complaint show the
10 relationship -- they've gone to the illegal market.
11     And, so, the reason people are dying -- you know, early
12 on we pled the facts in the complaint -- are overdoses from
13 these legal drugs.  We still have some of those.
14     But what we have now is overdoses and problems from the
15 illegal drugs because of the actual -- what the defendants
16 have done is they've taken away the supply of the legal
17 drugs and forced the, the, the victims of their conduct to
18 turn to the illegal market.
19     So -- and those are the damages.  And, again, as I
20 said, as I explained, those are damages that can be abated
21 and there are damages that can be proven and recovered.
22     You know, Mr. Heard talked about some of the, what he
23 called the back door claims.  And, you know, I want to hit
24 some of those.
25     First is this free public services doctrine.  We've

98

I, Lisa A. Cook, Official Reporter of the United States District Court for the Southern District of West Virginia, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability, from the record of proceedings in the above-entitled matter.

s\Lisa A. Cook          June 23, 2017
Reporter                    Date