# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW LIVE TESTIMONY THROUGH CONTEMPORANEOUS TRANSMISSION FROM LOCATIONS OUTSIDE OF WEST VIRGINIA**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 3

I.   THE COURT LACKS AUTHORITY TO COMPEL REMOTE TESTIMONY FROM WITNESSES BEYOND ITS SUBPOENA POWER. ............................................ 3

II.  PLAINTIFFS HAVE FAILED TO SATISFY RULE 43(a)'s "GOOD CAUSE" REQUIREMENT. ................................................................................................................ 7

CONCLUSION ............................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Actos (Pioglitazone) Products Liability Litigation*,
  2014 WL 107153 (W.D. La. Jan. 8, 2014) ...................................................................6, 7, 8

*Aoki v. Gilbert*,
  2019 WL 1243719 (E.D. Cal. Mar. 18, 2019) ........................................................................5

*Balsley v. LFP, Inc.*,
  2010 WL 11561883 (N.D. Ohio Jan. 26, 2010) .....................................................................5

*Chapman v. Tristar Prod., Inc.*,
  2017 WL 7048986 (N.D. Ohio July 6, 2017) ........................................................................5

*Cross v. Wyeth Pharm., Inc.*,
  2011 WL 2517211 (M.D. Fla. June 23, 2011) .......................................................................4

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation*,
  2016 WL 9776572 (N.D. Tex. Sept. 20, 2016) ..................................................................6, 8

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
  2009 WL 1840882 (S.D.N.Y. June 24, 2009) ........................................................................5

*In re Nat'l Prescription Opiate Litig.*,
  956 F.3d 838 (6th Cir. 2020) ..............................................................................................2, 7

*In re San Juan Dupont Plaza Hotel Fire Litig.*,
  129 F.R.D. 424 (D.P.R. 1989) ................................................................................................6

*In re Vioxx Prod. Liab. Litig.*,
  439 F. Supp. 2d 640 (E.D. La. 2006) ............................................................................5, 6, 7

*Garza-Castillo v. Guajardo-Ochoa*,
  2012 WL 15220 (D. Nev. Jan. 4, 2012) ............................................................................9, 10

*Jennings v. Bradley*,
  419 F. App'x 594 (6th Cir. 2011) ...........................................................................................5

*Kaufman v. United States*,
  2014 WL 2740407 (S.D. W.Va. June 17, 2014) ............................................................5, 8, 9

*Lea v. Wyeth LLC*,
  2011 WL 13195950 (E.D. Tex. Nov. 22, 2011) .................................................................1, 4

*Mullins v. Ethicon, Inc.*,
    2017 WL 532102 (S.D. W.Va. Feb. 8, 2017) ........................................................................... 5

*Ping-Kuo Lin v. Horan Capital Mgmt., LLC*,
    2014 WL 3974585 (S.D.N.Y. Aug. 13, 2014) ......................................................................... 4

*Roundtree v. Chase Bank USA, N.A.*,
    2014 WL 2480259 (W.D. Wash. June 3, 2014) .................................................................. 1, 4

*United States v. Kivanc*,
    714 F.3d 782 (4th Cir. 2013) ................................................................................................... 5

**Statutes and Regulations**

15 U.S.C. § 23 .................................................................................................................................. 3

28 U.S.C. § 1407 .............................................................................................................................. 8

31 U.S.C. § 3731(a) ......................................................................................................................... 3

Fed. R. Civ. P. 43 ..................................................................................................................... *passim*

Fed. R. Civ. P. 45 ..................................................................................................................... *passim*

**INTRODUCTION**

Federal Rule of Civil Procedure 45(c) places clear and unambiguous limits on a federal court's power to compel trial testimony by subpoena. Pursuant to Rule 45(c), a court "may command a person to attend a trial . . . ***only***" when the trial is (1) "within 100 miles of where the person resides" or (2) "within the state where the person resides." Fed. R. Civ. P. 45(c)(1)(A)–(B) (emphasis added). If neither condition is satisfied, the subpoena ***cannot be enforced*** and the person cannot be compelled to testify. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

Plaintiffs' motion—which seeks to compel live video testimony from unidentified company witnesses who "reside beyond the subpoena power of the Court," Br. 1—is grounded in an improper interpretation of Rule 43, which merely sets forth the means by which a federal court may take testimony that is already available pursuant to Rule 45. While Rule 43(a) ***permits*** remote testimony from an otherwise available witness in exceptional circumstances not present here, it does not expand a court's power to ***compel*** such testimony under Rule 45(c). For that reason, courts across the country have rejected the exact argument Plaintiffs make here: that Rule 43(a) eviscerates Rule 45(c)'s geographical limits and grants nationwide subpoena power to compel remote testimony.[1]

Even if Rule 43(a) could expand the Court's subpoena power in certain limited circumstances, it does not apply here. Rule 43(a) permits testimony by remote transmission only "[f]or good cause in compelling circumstances." Fed. R. Civ. P. 43(a). While good cause may

---

[1] *See, e.g.*, *Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014) (application of Rule 43(a) "presupposes a witness willing or compelled to testify at trial" and does not expand geographic scope of Rule 45(c)); *Lea v. Wyeth LLC*, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011) ("There is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power.").

exist "when a witness is unable to attend trial for *unexpected* reasons, such as accident or illness," "[a] party who could reasonably foresee the circumstances offered to justify transmission . . . will have special difficulty in showing good cause." Fed. R. Civ. P. 43 Advisory Comm. Notes, 1996 Amend.

There is nothing "unexpected" about the fact that McKesson's[2] witnesses are outside of subpoena range and cannot be compelled to testify live at trial. Plaintiffs knew that when they decided to file suit in West Virginia. The Advisory Committee Notes to Rule 43 make clear that depositions, *rather than remote transmission*, ordinarily "provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena."[3] Yet Plaintiffs have *failed to depose any of the witnesses at issue in this case*. Having made a tactical decision to forego pretrial depositions, Plaintiffs cannot now establish the "good cause in compelling circumstances" that Rule 43(a) requires to permit remote video transmission.

Contrary to Plaintiffs' suggestion, the fact that this is a complex multidistrict case is no reason to depart from the clear restrictions imposed by Rules 43 and 45. *See* Br. 3–4. Indeed, as the Sixth Circuit recently noted in a decision granting mandamus relief to correct the MDL court's failure to abide by the Federal Rules, "[t]he rule of law applies in multidistrict litigation . . . just as it does in any individual case." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020). Because Plaintiffs' motion is contrary to Rules 43 and 45, it should be denied.

---

[2] Although Plaintiffs originally filed this motion against both McKesson Corporation ("McKesson") and AmerisourceBergen Drug Corporation ("ABDC"), they subsequently agreed to withdraw the motion as to ABDC. *See* Dkt. No. 828 at 2. Accordingly, this Opposition is filed only on behalf of McKesson.

[3] Fed. R. Civ. P. 43 Advisory Comm. Notes, 1996 Amend.

**ARGUMENT**

**I. THE COURT LACKS AUTHORITY TO COMPEL REMOTE TESTIMONY FROM WITNESSES BEYOND ITS SUBPOENA POWER.**

Rule 45(c) provides that a federal court "may command a person to attend a trial . . . *only*" when the trial is (1) "within 100 miles of where the person resides" or (2) "within the state where the person resides." Fed. R. Civ. P. 45(c)(1)(A)–(B) (emphasis added). When a subpoena improperly purports to "require[] a person to comply beyond the geographical limits specified in Rule 45(c)," "the court for the district where compliance is required *must* quash or modify" that subpoena. Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added).

These provisions make clear that a federal court does not have nationwide subpoena power for purposes of trial—it may compel attendance and testimony only when a person lives within specified geographical limits. Reading Rule 45(c) any other way would render meaningless numerous federal statutes granting courts expanded subpoena power in specific, limited circumstances. *See, e.g.*, 15 U.S.C. § 23 (granting courts expanded subpoena power in certain cases brought "by or on behalf of the United States"); 31 U.S.C. § 3731(a) (granting courts expanded subpoena power in cases brought under the False Claims Act).

While Plaintiffs argue that Rule 43(a) should be "read in harmony" with Rule 45(c) to permit the Court to compel video testimony from witnesses "outside the Rule 45 subpoena power of the court," Br. 2, there is nothing harmonious about Plaintiffs' interpretation of the Federal Rules. Plaintiffs' interpretation would eviscerate the clear and unambiguous geographic limits of Rule 45(c), and would effectively give a federal district court nationwide subpoena power. Neither the text of Rule 43(a) nor the cases cited by Plaintiffs support or justify such an extraordinary result.

Rule 43(a)—which merely sets forth the different means by which a court may take testimony it *otherwise has access to*—says nothing about a federal court's authority to *compel* testimony from a witness outside its subpoena range.  *See* Fed. R. Civ. P. 43(a).  Far from overriding Rule 45(c)'s geographic limitations on compelled testimony, Rule 43 reaffirms (1) that certain witnesses are "beyond the reach of a trial subpoena" and (2) that in those circumstances, "depositions, including video depositions, provide a superior means of securing the testimony" of the unavailable witness.  Fed. R. Civ. P. 43 Advisory Comm. Notes, 1996 Amend.

It is not true, as Plaintiffs baldly assert, that the "[o]verwhelming [m]ajority" of federal courts have compelled remote testimony under Rule 43(a) when a witness is beyond the court's subpoena power.  Br. at 7–8.  In fact, the great weight of authority is to the contrary:  courts have consistently and repeatedly rejected the argument that Rule 43(a) expands the court's subpoena power or otherwise "moves a trial" from the courthouse where the trial takes place to the distant "physical location of the testifying person."  *See Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014) (application of Rule 43(a) "presupposes a witness willing or compelled to testify at trial" and does not expand geographic scope of Rule 45(c)); *see also, e.g.*, *Ping-Kuo Lin v. Horan Capital Mgmt., LLC*, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (noting that Rule 43 "concerns the reception of evidence in a trial court, and does not operate to extend the range or requirements of a subpoena" and concluding that an unwilling witness outside of subpoena range "cannot be compelled to testify"); *Lea v. Wyeth LLC*, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011) ("There is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power."); *Cross v. Wyeth Pharm., Inc.*, 2011 WL 2517211, at *8–9 (M.D. Fla. June 23, 2011) (concluding that witness outside court's subpoena range could not be compelled to

4

testify via remote transmission under Rule 43(a)); *Balsley v. LFP, Inc.*, 2010 WL 11561883, at *3 (N.D. Ohio Jan. 26, 2010) (same); *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009) (same).

The cases Plaintiffs rely on do not require a different result. As an initial matter, most of those cases do not even address whether a court can compel remote testimony from a witness outside of the Rule 45(c) subpoena range.[4] To the extent those decisions concern the propriety of remote testimony from willing or properly subpoenaed witnesses, they are irrelevant and inapplicable here.

Moreover, Plaintiffs rely heavily on several cases applying an outdated version of Rule 45 that was ***explicitly revised*** to prevent the outcome Plaintiffs advocate here. Prior to 2013, Rule 45(c) provided only that courts could not compel a ***non-party*** to "***travel*** more than 100 miles" or from outside "the state where the trial was held."[5] Because that version of the rule (1) said nothing about party witnesses, (2) referred specifically to the distance a witness would be forced to "travel," and (3) simply provided examples of when a subpoena should be quashed without explicitly limiting the enforceability of a subpoena, some courts concluded that Rule 43(a) could be used as a workaround to permit remote testimony by party witnesses. *See, e.g.*, *In re Vioxx*

---

[4] *See Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011) (no suggestion witnesses were either unwilling or outside of subpoena range); *United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir. 2013) (affirming denial of remote testimony from witnesses who were willing to testify but unwilling or unable to travel); *Aoki v. Gilbert*, 2019 WL 1243719, at *1–2 (E.D. Cal. Mar. 18, 2019) (no discussion of Rule 45 issue, only whether requirements of Rule 43(a) were met); *Chapman v. Tristar Prod., Inc.*, 2017 WL 7048986, at *1 (N.D. Ohio July 6, 2017) (no discussion of Rule 45 issue, only whether requirements of Rule 43(a) were met); *Mullins v. Ethicon, Inc.*, 2017 WL 532102, at *3 (S.D. W.Va. Feb. 8, 2017) (whether the court could subpoena witness outside the Rule 45(c) range was "not properly before the court" and not considered); *Kaufman v. United States*, 2014 WL 2740407, at *1 (S.D. W.Va. June 17, 2014) (Faber, J.) (denying plaintiff's motion to permit *her own witnesses* to testify remotely);

[5] *See* Fed. R. Civ. P., December 1, 2012 at 65, *available at* https://www.uscourts.gov/sites/default/files/federal_rules/FRCP12.1.2012.pdf.

5

*Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 642 (E.D. La. 2006) (interpreting the old version of Rule 45 as permitting a court to compel a party's corporate officers to give live or contemporaneously transmitted trial testimony from anywhere in the country); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424, 426 (D.P.R. 1989) (applying the old version of Rule 45 to allow contemporaneous transmission of testimony from remote witnesses, noting that "[a]lthough [Rule 45] does not explicitly permit this approach, neither does it expressly prohibit it").

In 2013, Rule 45(c) was amended to prohibit trial courts from compelling trial appearance and testimony from remote party witnesses. In particular, the rule was revised (1) to encompass all "persons," including party witnesses, and (2) to place explicit limits on a court's authority to compel trial attendance and testimony from remote witnesses. *See* Fed. R. Civ. P. 45(c)(1)(A)–(B) ("[a] subpoena may command a person to attend a trial . . . *only* as follows . . . .").

Of particular relevance here, the Advisory Committee Notes cited *In re Vioxx*—the key decision relied on by Plaintiffs (*see* Br. at 2–5) —as the reason Rule 45(c) was changed.[6] Thus, given the 2013 Amendment to Rule 45(c), *In re Vioxx* is no longer good law. For the same reason, the other cases Plaintiffs cite that rely on *In re Vioxx*—including *In re Actos (Pioglitazone) Products Liability Litigation*, 2014 WL 107153 (W.D. La. Jan. 8, 2014), and *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation*, 2016 WL 9776572 (N.D. Tex. Sept. 20, 2016)[7]— also are no longer good law and cannot control here. Likewise, the MDL

---

[6] *See* Fed. R. Civ. P. 45 Advisory Comm. Notes, 2013 Amend. ("Because Rule 45(c) directs that compliance may be commanded *only as it provides*, these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers." (comparing *In re Vioxx* with another district court decision that reached an opposite conclusion)) (emphasis added).

[7] When the Fifth Circuit declined to take up a mandamus petition regarding the *DuPuy* order that is the centerpiece of Plaintiffs' motion, Judge Jolly took the extraordinary step of writing a concurrence to note that "the district court misapplied Rules 43(a) and 45(c)." *In re: DuPuy Orthopaedics, Inc.*, No. 16-11419 (5th Cir. Sept. 27, 2016) (Jolly, J., concurring) (Ex. A).

6

court's decision (*see* Br., Ex. 1) is not good law because it was based on *In re Actos*, which relied on *In re Vioxx* and therefore has been superseded by the amendment to Rule 45(c).

Plaintiffs are wrong to argue (based on these superseded decisions) that considerations of efficiency in multidistrict litigation can override the requirements of the Federal Rules. *See* Br. at 3–5. A recent Sixth Circuit decision squarely rejected that very proposition, criticizing the MDL court's failure to abide by the Federal Rules and stating that "[t]he rule of law applies in multidistrict litigation . . . just as it does in any individual case." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 841; *see also id.* at 844 ("Respectfully, the district court's mistake was to think it had authority to disregard the Rules' requirements . . . in favor of enhancing the efficiency of the MDL as a whole.").

In sum, neither the text of the rules nor any of the cases Plaintiffs rely on support the proposition that Rule 43(a) supersedes the clear and unambiguous geographical limits on a federal court's subpoena power under Rule 45(c). Because McKesson's witnesses will not appear absent a subpoena compelling them to do so, and because this Court has no authority under Rule 45 to issue or enforce such a subpoena for witnesses located outside the geographic limits of the rule, Plaintiffs' motion for contemporaneous video transmission should be denied.

## II. PLAINTIFFS HAVE FAILED TO SATISFY RULE 43(a)'s "GOOD CAUSE" REQUIREMENT.

Even if, contrary to the plain language of Rule 45(c), Rule 43(a) could be read to grant a district court nationwide power to compel remote testimony, Plaintiffs' motion must still be denied because they have failed to demonstrate the "good cause in compelling circumstances" necessary to invoke the rule. *See* Fed. R. Civ. P. 43(a). As this Court has found, "good cause and compelling circumstances are most likely to be present when a witness is unavailable for 'unexpected reasons,

7

such as accident or illness . . . .'" *Kaufman v. United States*, 2014 WL 2740407, at *1 (S.D. W.Va. June 17, 2014) (Faber, J.) (quoting Fed. R. Civ. P. 43 Advisory Comm. Notes, 1996 Amend.).

There is nothing "unexpected" about the fact that McKesson's witnesses are outside of subpoena range and cannot be compelled to testify live at trial—Plaintiffs have known that would be the case ever since they decided to bring suit in West Virginia. And while the opinions Plaintiffs rely upon involve cases that were transferred *away* from their original jurisdictions for purposes of consolidated MDL proceedings—a fact that was relevant in determining the outcome of those decisions[8]—Plaintiffs chose to file their lawsuits in *this court* many months before the MDL was created.[9] Thus, this is not a situation where a case has been subjected to the constraints of a different court's subpoena power. Instead, this case is proceeding in Plaintiffs' chosen jurisdiction.

Moreover, Plaintiffs do not even attempt to make a showing that their purported need for contemporaneously transmitted testimony is "unexpected." Indeed, Plaintiffs have made no factual record at all, and have not identified any specific witnesses from whom they need any specific testimony. Plaintiffs point to the fact that depositions from Track One of the MDL did not focus on Cabell County and the City of Huntington, but that long-established fact far from "unexpected." And if Plaintiffs felt they needed testimony related to their specific jurisdictions,

---

[8] For example, in *In re Actos*, the court explained that "a case originating from New York . . . finds itself being tried in a Court in Lafayette, Louisiana, which is in neither the state of origin of the matter, nor where any defendant maintains a principal place of business," a "circumstance[] which, outside the multidistrict litigation context, would likely not often arise, if at all, and would be highly unusual." *In re Actos*, 2014 WL 107153 at *2. Likewise, in *In re DePuy*, the court noted that "had this MDL been consolidated in another district, the witnesses at issue may have been within subpoena range." *In re DePuy Orthopaedics*, 2016 WL 9776572 at *2.

[9] Plaintiff City of Huntington filed its complaint on February 23, 2017. Cabell County filed its complaint on March 9, 2017. The Motion to Transfer pursuant to 28 U.S.C. § 1407 was filed on September 25, 2017 and the JMPL filed the initial Transfer Order creating the MDL on December 5, 2017.

8

they should have pursued it during discovery. For this reason alone, they cannot begin to satisfy the requirement of Rule 43(a) of "good cause in compelling circumstances."

Plaintiffs rely almost entirely on the argument that "contemporaneous live testimony is preferable" at trial. Br. at 5–6. But this Court has already held that "the strong preference for live testimony" does not suffice to establish "good cause in compelling circumstances" necessary to permit remote testimony under the requirements of Rule 43. *See Kaufman*, 2014 WL 2740407, at *1 (rejecting plaintiff's request to have her witnesses testify remotely, and rejecting the argument that the desirability of live testimony was enough to satisfy Rule 43).

The Advisory Committee Notes to Rule 43 make clear that, when "a witness . . . is beyond the reach of a trial subpoena," "depositions, including video depositions, provide a ***superior means*** of securing" that witness's testimony. Fed. R. Civ. P. 43 Advisory Comm. Notes, 1996 Amend. (emphasis added). ***Yet Plaintiffs are seeking remotely transmitted testimony from unspecified McKesson witnesses that they did not depose in this case***. Plaintiffs have clearly made the strategic, voluntary decision to forego pretrial depositions of McKesson's witnesses in this case.[10] Rule 43(a) allows a court, in certain exceptional and unexpected circumstances, to permit contemporaneous transmission in lieu of live testimony from available witnesses. It does not permit a party to forego routine pretrial depositions and then to use Rule 43(a) as a means of compelling trial testimony from witnesses it could have but did not depose. *See, e.g.*, *Garza-Castillo v. Guajardo-Ochoa*, 2012 WL 15220, at *2 (D. Nev. Jan. 4, 2012) (no "compelling circumstances" when party "has not provided any indication as to why the testimony of her mother and brother was not secured by deposition").

---

[10] Plaintiffs took only one deposition of a McKesson witness in these Huntington and Cabell County cases.

9

As the Advisory Committee Notes to Rule 43 make clear, "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.*; *see also Garza-Castillo*, 2012 WL 15220, at *1 ("The commentary makes clear that compelling circumstances will generally refer to unexpected circumstances.") Plaintiffs have entirely failed to make that showing where they could have deposed McKesson's employees, but did not, and now seek remote transmission at trial in lieu of the depositions they failed to take. *See* Fed. R. Civ. P. 43 Advisory Comm. Notes, 1996 Amend. ("depositions . . . provide a ***superior means*** of securing" testimony from witnesses who are "beyond the reach of a trial subpoena") (emphasis added).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Allow Live Testimony Through Contemporaneous Transmission from Locations Outside of West Virginia.

Dated: August 7, 2020

Respectfully Submitted,

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky  40202
Telephone:  (502) 587-3400
Facsimile:  (502) 587-6391
cbrowning@stites.com


*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

11

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 7th day of August, the foregoing "MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW LIVE TESTIMONY THROUGH CONTEMPORANEOUS TRANSMISSION FROM LOCATIONS OUTSIDE OF WEST VIRGINIA" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)