UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CITY OF HUNTINGTON,
    Plaintiff,
v.
AMERISOURCE BERGEN DRUG
CORPORATION, et al.,
    Defendants.

Civil Action No. 3:17-cv-01362

CABELL COUNTY COMMISSION,
    Plaintiff,
v.
AMERISOURCE BERGEN DRUG
CORPORATION, et al.,
    Defendants.

*Consolidated case:*
Civil Action No. 3:17-cv-01665

**PLAINTIFFS' MOTION PROPOSING MODIFICATIONS TO THE SCHEDULING ORDER**

In light of the Court's recent extension of the Defendants' deadline for submitting expert reports and the highly abbreviated time incorporated in the current case management order for responses to dispositive and *Daubert* motions—and mindful of this Court's guidance that any changes to the schedule should preserve the existing October 19 trial date—Plaintiffs hereby ask the Court for certain modifications to the current scheduling order.

**Background**

On August 3, 2020, Plaintiffs timely submitted their expert reports. On August 5, 2020, Defendants filed a motion to extend the defense expert report deadline by two weeks. On August 6, 2020, this Court entered an Order granting Defendants' motion, extending the defense expert report deadline to August 27, 2020, extending the expert deposition deadline to September 22,

2020, and instructing the parties to meet and confer regarding which other changes to existing deadlines were necessary, while adhering to the trial date of October 19, 2020. The Court entered the Order without requesting a response from the Plaintiffs. Prior to the filing of the August 5, 2020 motion by the Defendants, the parties were engaged in discussions regarding modification of the briefing schedule due to the concerns raised in this motion.

The extension of the Defendants' deadline for expert reports resulted in pushing back the scheduling of Plaintiffs' expert depositions. Plaintiffs have now provided Defendants dates for those depositions during the period of September 1, 2020 to September 21, 2020.[1]

The Court's **current schedule** provides that all dispositive motions, *Daubert* motions, and Motions *in Limine* will be filed by September 22, 2020, that oppositions are to be filed 7 days later on September 29, 2020, and replies are due 6 days later on October 5, 2020.

Prior to remand, a total of 30 dispositive motions addressing mostly common issues and 13 *Daubert* motions, many directed at experts also named by Plaintiffs herein, were resolved in the MDL. The motions collectively involved a total of over 2,000 pages of briefing and still more pages of supporting documentation. Since remand, an additional four dispositive motions were filed in this case.

---

[1] The scheduling of these depositions is somewhat complicated by the fact that many of these experts will be testifying in "*Frye*" hearings in the New York Consolidated Opioid Litigation during this same time period.

As part of the parties' efforts to meet and confer, on August 10, 2020, Plaintiffs provided the attached proposal to Defendants. *See* Exhibit A. Defendants provided a counterproposal in which they advanced the deadlines for *Daubert* briefing by one week but made no adjustment to the response times. *Id.* The parties then met and conferred, and Plaintiffs proposed several other alternative approaches, including agreed page limits and tiered scheduling. Defendants indicated that they could not agree to any page limits or other of Plaintiffs' proposals until after September 1, 2020.

## Plaintiffs' Proposal

Plaintiffs submit that, in order for the parties to brief and the Court to resolve any remaining pretrial legal issues efficiently and on a realistic timeframe, some adjustment must be made to the existing briefing schedule. While the Court's order only addressed expert discovery, Plaintiffs' proposal includes some adjustment to the dispositive motion schedule as well to prevent the parties and the Court from being inundated with briefing all at once.

To that end, Plaintiffs request that: 1) the *Daubert* and dispositive motions be sequenced; 2) the parties be given a standard 14 days to respond to each motion,[2] and, 3) in recognition of the extensive motion practice that was submitted and ruled upon in the MDL, page limits be imposed.

---

[2] The parties have now been through several intensive briefing periods in the Opioids litigation. On each occasion, the parties were given between 28 and 33 days to respond. Given the complexity of the legal issues present in this case and the fact that Defendants often have made duplicative arguments across various motions, requiring Plaintiffs to engage in the time-consuming task of parsing Defendants' arguments and then synthesizing their responses to provide the court with a cohesive

To effectuate the goal of efficient and thorough motion practice, Plaintiffs propose the following:

1. **Streamlining Motions:**

   Statement of Related Rulings: Each motion should identify which if any previous rulings by the MDL Court relate to the motion at issue and indicate, with specificity, why this Court's ruling should differ from the previous court's ruling (such as, for example, differences between Ohio and West Virginia law). Such statement may either be attached as a separate summary sheet or included in the introductory section of the brief.

   Instruction to Coordinate and Avoid Repetition: Plaintiffs suggest that the Court instruct the parties to coordinate their briefing and avoid duplication of argument both between the motions filed by different Defendants in this action and between that which was already submitted in previous briefing filed in the MDL. Rather than restate previous arguments, the parties may cite to previous briefing and attach it for the Court's convenience.

2. **Timing of Motions -**

   a. *Daubert* **Motions** - Plaintiffs offer the following **proposal:**

   Motions follow deposition: ***Daubert* motions will be filed within 7 days of each expert's deposition**. (One party's position that a deposition has not been completed will not entitle the party to postpone submission of the *Daubert* motion.) Oppositions will be due 14 days after the motions are filed with replies, if any, to be filed five days after responses

   *Based on Plaintiffs' proposed deposition dates, Plaintiffs expect that the experts deposed later in the expert discovery window will not be presented to the Court until the latter third of the trial as previously indicated in Plaintiffs' January 23, 2020 submission. (*ECF # 125).

   b. **Dispositive Motions** – Plaintiffs propose that the due date for dispositive motions remain September 22, 2020, but that

---

argument, additional time was critical to Plaintiffs' ability to coordinate their responses across the many motions filed.

        oppositions be submitted by October 6, 2020, and replies be submitted by October 12, 2020.

3.     **Page limits** - Given the more than 2,000 pages of briefing previously filed on dispositive motions in the MDL, the additional dispositive motions filed in this case, and the fact that the MDL Court has already made *Daubert* rulings on 6 of the Plaintiffs' key experts submitted in this case, most or all of the common issues in this litigation have already been addressed. Consequently, Plaintiffs propose that little additional briefing is needed now.

During meet and confer, Plaintiffs asked Defendants to indicate a page limit they could agree to. Defendants were unwilling to agree to any limitation at this time.

Plaintiffs propose that each side be permitted **100 pages** total for both dispositive and *Daubert* motions to use as they see fit. The same number of pages will be available on oppositions which similarly may be used as the opposing party sees fit. Replies will be limited to half the number of pages permitted on the opening brief.

## Conclusion

Plaintiffs hereby ask the Court to modify the Scheduling Order as set forth above.

Dated:     August 11, 2020                             Respectfully submitted,

| **THE CITY OF HUNTINGTON** | **CABELL COUNTY COMMISSION** |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse | Paul T. Farrell, Jr. (WVSB No. 7443) |
| (WVSB No. 12547) | **FARRELL LAW** |
| Joseph F. Rice | 422 Ninth Street, 3rd Floor (25701) |
| **MOTLEY RICE LLC** | PO Box 1180 |
| 28 Bridgeside Blvd. | Huntington, West Virginia 25714-1180 |
| Mount Pleasant, SC 29464 | Mobile: 304-654-8281 |
| Tel: 843-216-9000 | paul@farrell.law |
| Fax: 843-216-9450 | |
| akearse@motleyrice.com | /s/ *Anthony J. Majestro* |
| jrice@motleyrice.com | Anthony J. Majestro |
| | (WVSB No. 5165) |
| Linda Singer | **POWELL & MAJESTRO, PLLC** |
| David I. Ackerman | 405 Capitol Street, Suite P-1200 |
| **MOTLEY RICE LLC** | Charleston, WV 25301 |
| 401 9th Street NW, Suite 1001 | 304-346-2889 / 304-346-2895 (f) |
| Washington, DC 20004 | amajestro@powellmajestro.com |
| Tel: 202-232-5504 | |
| Fax: 202-386-9622 | Michael A. Woelfel (WVSB No. 4106) |
| lsinger@motleyrice.com | **WOELFEL AND WOELFEL, LLP** |
| dackerman@motleyrice.com | 801 Eighth Street |
| | Huntington, West Virginia 25701 |
| Charles R. "Rusty" Webb | Tel. 304.522.6249 |
| (WVSB No. 4782) | Fax. 304.522.9282 |
| **THE WEBB LAW CENTRE, PLLC** | mikewoelfel3@gmail.com |
| 716 Lee Street, East | |
| Charleston, West Virginia 25301 | |
| Telephone: (304) 344-9322 | |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Anthony J. Majestro*