
113th Congress, 1st Session – – – – – – – – – – – – House Document 113–29

# AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE

———

## COMMUNICATION

FROM

## THE CHIEF JUSTICE, THE SUPREME COURT OF THE UNITED STATES

TRANSMITTING

AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE THAT HAVE BEEN ADOPTED BY THE SUPREME COURT, PURSUANT TO 28 U.S.C. 2072



MAY 15, 2013.—Referred to the Committee on the Judiciary and ordered to be printed

———

U.S. GOVERNMENT PRINTING OFFICE

29–011                 WASHINGTON : 2013

SUPREME COURT OF THE UNITED STATES,
*Washington, DC, April 16, 2013.*

Hon. JOHN A. BOEHNER,
*Speaker of the House of Representatives,*
*Washington, DC.*

DEAR MR. SPEAKER: I have the honor to submit to the Congress the amendments to the Federal Rules of Civil Procedure that have been adopted by the Supreme Court of the United States pursuant to Section 2072 of Title 28, United States Code.

Accompanying these rules are excerpts from the Report of the Committee on Rules of Practice and Procedure to the Judicial Conference of the United States containing the Committee Notes submitted to the Court for its consideration pursuant to Section 331 of Title 28, United States Code.

Sincerely,

JOHN G. ROBERTS, Jr.,
*Chief Justice.*

(1)

2

April 16, 2013

SUPREME COURT OF THE UNITED STATES

ORDERED:

1.  That the Federal Rules of Civil Procedure be, and they hereby are, amended by including therein amendments to Civil Rules 37 and 45.

[See infra., pp. __ __ __.]

2.  That the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2013, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.

3.  That THE CHIEF JUSTICE be, and hereby is, authorized to transmit to the Congress the foregoing amendments to the Federal Rules of Civil Procedure in accordance with the provisions of Section 2072 of Title 28, United States Code.

3

# AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE

**Rule 37.   Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

\* \* \* \* \*

**(b)   Failure to Comply with a Court Order.**

**(1)   *Sanctions Sought in the District Where the Deposition Is Taken*.**  If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.   If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery

4

FEDERAL RULES OF CIVIL PROCEDURE          2

is taken or the court where the action is pending.

**(2)** ***Sanctions Sought in the District Where the Action Is Pending.***

\* \* \* \* \*

## Rule 45.  Subpoena

**(a)** **In General.**

**(1)** ***Form and Contents.***

**(A)** *Requirements – In General.*  Every subpoena must:

**(i)** state the court from which it issued;

**(ii)** state the title of the action and its civil-action number;

**(iii)** command each person to whom it is directed to do the following at a specified time and place:  attend and testify; produce designated documents,

5

3          FEDERAL RULES OF CIVIL PROCEDURE

electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

**(iv)** set out the text of Rule 45(d) and (e).

**(B)** *Command to Attend a Deposition – Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

**(C)** *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit

6

FEDERAL RULES OF CIVIL PROCEDURE        4

the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena.  A subpoena may specify the form or forms in which electronically stored information is to be produced.

**(D)** *Command     to     Produce;     Included Obligations*.  A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

**(2)** ***Issuing Court***.  A subpoena must issue from the court where the action is pending.

7

5          FEDERAL RULES OF CIVIL PROCEDURE

(3) ***Issued by Whom.***   The clerk must issue a
subpoena, signed but otherwise in blank, to a
party who requests it.  That party must complete
it before service.  An attorney also may issue and
sign a subpoena if the attorney is authorized to
practice in the issuing court.

(4) ***Notice to Other Parties Before Service.***  If the
subpoena commands the production of
documents, electronically stored information, or
tangible things or the inspection of premises
before trial, then before it is served on the person
to whom it is directed, a notice and a copy of the
subpoena must be served on each party.

**(b) Service.**

(1) ***By Whom and How; Tendering Fees.***  Any
person who is at least 18 years old and not a

8

FEDERAL RULES OF CIVIL PROCEDURE          6

party may serve a subpoena.  Serving a subpoena
requires delivering a copy to the named person
and, if the subpoena requires that person's
attendance, tendering the fees for 1 day's
attendance and the mileage allowed by law.  Fees
and mileage need not be tendered when the
subpoena issues on behalf of the United States or
any of its officers or agencies.

(2)   ***Service in the United States.***   A subpoena may
be served at any place within the United States.

(3)   ***Service in a Foreign Country.***   28 U.S.C. § 1783
governs issuing and serving a subpoena directed
to a United States national or resident who is in a
foreign country.

(4)   ***Proof of Service.***      Proving service, when
necessary, requires filing with the issuing court a

9

7          FEDERAL RULES OF CIVIL PROCEDURE

statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c)   Place of Compliance.**

**(1)   *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)**   is a party or a party's officer; or

**(ii)**  is commanded to attend a trial and would not incur substantial expense.

10

FEDERAL RULES OF CIVIL PROCEDURE          8

(2)  ***For Other Discovery.***    A  subpoena  may
command:

    **(A)**  production  of  documents,  electronically
stored  information,  or  tangible  things  at  a
place  within  100  miles  of  where  the  person
resides,  is  employed,  or  regularly  transacts
business in person; and

    **(B)**  inspection of premises at the premises to be
inspected.

**(d)  Protecting  a  Person  Subject  to  a  Subpoena;
Enforcement.**

**(1)**  ***Avoiding    Undue    Burden    or    Expense;
Sanctions.***    A  party  or  attorney  responsible  for
issuing  and  serving  a  subpoena  must  take
reasonable steps to avoid imposing undue burden
or expense on a person subject to the subpoena.

11

9          FEDERAL RULES OF CIVIL PROCEDURE

The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

    **(A)** *Appearance Not Required.*   A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

    **(B)** *Objections.*   A person commanded to

12

FEDERAL RULES OF CIVIL PROCEDURE        10

produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  If an objection is made, the following rules apply:

**(i)**  At any time, on notice to the commanded person, the serving party may move the court for the district

13

11       FEDERAL RULES OF CIVIL PROCEDURE

> where compliance is required for an order compelling production or inspection.
>
> **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)**    ***Quashing or Modifying a Subpoena.***

     **(A)** *When Required.*   On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

         **(i)** fails to allow a reasonable time to comply;

14

FEDERAL RULES OF CIVIL PROCEDURE          12

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's

15

13          FEDERAL RULES OF CIVIL PROCEDURE

> opinion or information that does not
> describe specific occurrences in
> dispute and results from the expert's
> study that was not requested by a
> party.

**(C)** *Specifying Conditions as an Alternative.* In
the circumstances described in
Rule 45(d)(3)(B), the court may, instead of
quashing or modifying a subpoena, order
appearance or production under specified
conditions if the serving party:

**(i)** shows a substantial need for the
testimony or material that cannot be
otherwise met without undue hardship;
and

**(ii)** ensures that the subpoenaed person

16

FEDERAL RULES OF CIVIL PROCEDURE          14

will be reasonably compensated.

**(e)    Duties in Responding to a Subpoena.**

**(1)    *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the

17

15        FEDERAL RULES OF CIVIL PROCEDURE

person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding

18

FEDERAL RULES OF CIVIL PROCEDURE        16

must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.*    A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld

19

17         FEDERAL RULES OF CIVIL PROCEDURE

documents,   communications,   or
tangible things in a manner that,
without revealing information itself
privileged or protected, will enable the
parties to assess the claim.

**(B)** *Information Produced.* If information
produced in response to a subpoena is
subject to a claim of privilege or of
protection as trial-preparation material, the
person making the claim may notify any
party that received the information of the
claim and the basis for it. After being
notified, a party must promptly return,
sequester, or destroy the specified
information and any copies it has; must not
use or disclose the information until the

20

FEDERAL RULES OF CIVIL PROCEDURE          18

claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

**(f)** **Transferring a Subpoena-Related Motion.**  When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.  Then, if the attorney for a person subject to a subpoena is authorized to practice in the

21

19          FEDERAL RULES OF CIVIL PROCEDURE

court where the motion was made, the attorney may
file papers and appear on the motion as an officer of
the issuing court.  To enforce its order, the issuing
court may transfer the order to the court where the
motion was made.

**(g) Contempt.**     The court for the district where
compliance is required – and also, after a motion is
transferred, the issuing court – may hold in contempt
a person who, having been served, fails without
adequate excuse to obey the subpoena or an order
related to it.

22



JUDICIAL CONFERENCE OF THE UNITED STATES

WASHINGTON, D.C. 20544

THE CHIEF JUSTICE
OF THE UNITED STATES
*Presiding*

HONORABLE THOMAS F. HOGAN
*Secretary*

January 22, 2013

MEMORANDUM

To:     The Chief Justice of the United States and
        Associate Justices of the Supreme Court

From:   Judge Thomas F. Hogan

RE:     TRANSMITTAL OF PROPOSED AMENDMENTS TO THE FEDERAL RULES OF
        CIVIL PROCEDURE

     By direction of the Judicial Conference of the United States, pursuant to the authority conferred by 28 U.S.C. § 331, I transmit herewith for consideration of the Court proposed amendments to Rules 37 and 45 of the Federal Rules of Civil Procedure, which were approved by the Judicial Conference at its September 2012 session.  The Judicial Conference recommends that the amendments be approved by the Court and transmitted to the Congress pursuant to law.

     For your assistance in considering these proposed amendments, I am transmitting: (i) a redline version of the amendments; (ii) an excerpt from the Report of the Committee on Rules of Practice and Procedure to the Judicial Conference; and (iii) an excerpt from the Report of the Advisory Committee on the Federal Rules of Civil Procedure.

Attachments

23

**EXCERPT FROM THE**
**REPORT OF THE JUDICIAL CONFERENCE**

**COMMITTEE ON RULES OF PRACTICE AND PROCEDURE**

**TO THE CHIEF JUSTICE OF THE UNITED STATES AND MEMBERS OF THE**
**JUDICIAL CONFERENCE OF THE UNITED STATES:**

\* \* \* \* \*

**FEDERAL RULES OF CIVIL PROCEDURE**

***Rules Recommended for Approval and Transmission***

The Advisory Committee on Civil Rules submitted proposed amendments to Rule 45, the subpoena rule, and a conforming amendment to Rule 37, the rule dealing with failure to cooperate in discovery, with a recommendation that they be approved and transmitted to the Judicial Conference. The proposed amendments were circulated to the bench, bar, and public for comment in August 2011. Three public hearings were scheduled, but all were cancelled because the two parties who asked to testify opted instead to submit written comments.

The advisory committee received 25 written comments. Its discovery subcommittee met by conference call to consider them and, based on that discussion, suggested some modifications to the proposed amendments. At the advisory committee's Spring 2012 meeting, those modifications were reviewed, and a few topics were identified for additional consideration. A revised Rule 45 package was then circulated to the full advisory committee and received unanimous support. The changes recommended to the Rule 45 package since publication are minor and are summarized below. The modified version of the amendment package also includes style changes recommended by the Committee's style consultant.

The proposed amendments to Rule 45 result from a multi-year study of subpoena practice culminating in a decision by the advisory committee to adopt the most modest form of rule

24

simplification considered and to adopt some but not all of the specific rule amendments proposed during the study of the rule. Four specific changes are being proposed.

First, the amendments seek to simplify Rule 45 by making the court where an action is pending the issuing court, permitting service throughout the United States (as is currently authorized under Criminal Rule 17(e)), and combining all provisions on the place of compliance into a new Rule 45(c). It preserves the various place-of-compliance provisions of the current rule except its reference to state law. The "*Vioxx* issue" is addressed separately below.

The simplification proposals received broad support in the public commentary, and only one change was made following publication. Proposed Rule 45(c)(2)(A) was changed to call for production "within 100 miles of where the person [subject to the subpoena] resides, is employed, or regularly transacts business in person." This change should ensure that if litigation about a subpoena is necessary it will occur at a location convenient for the nonparty being subpoenaed. Recognizing that agreement on the place of production is desirable, the proposed Committee Note was modified to recognize that the amendments do not limit the ability of parties to make such agreements.

A clarifying amendment to the proposed Committee Note on Rule 45(c) addresses concerns expressed in the comments that the amended rule might be read to require a subpoena for all depositions, even of parties or party officers, directors, or managing agents. The proposed Committee Note was clarified to remind readers that no subpoena is required for depositions of these witnesses, and that the geographical limitations applicable to subpoenas do not apply when such depositions are simply noticed. Another Committee Note clarification confirms that, when the issuing court has made an order for remote testimony under Rule 43(a), a subpoena may be

25

used to command the distant witness to attend and testify within the geographical limits of Rule 45(c).

Second, the proposed amendments address the transfer of subpoena-related motions. New Rule 45(c) essentially retains the existing rule requirement that motions to quash or enforce a subpoena be made in the district where compliance with the subpoena is required. The result is that the "enforcement court" may often be different from the "issuing court." Existing authority has recognized that some disputes over subpoena enforcement are better decided by the issuing court. The proposed amendments therefore add Rule 45(f), which explicitly authorizes transfer of subpoena-related motions from the enforcement court to the issuing court, including not only motions for a protective order but also motions to enforce the subpoena.

The published draft had permitted transfer only upon consent of the nonparty and the parties, or in "exceptional circumstances." After public comment, the advisory committee concluded that party consent should not be required. If the person subject to the subpoena consents to transfer, the enforcement court may transfer it. Whether the "exceptional circumstances" standard should be retained when the nonparty witness does not consent was the focus of considerable public comment. After considering all of the comments, the advisory committee decided to retain the "exceptional circumstances" standard.

The proposed Committee Note was revised to clarify that the prime concern should be avoiding undue burdens on the local nonparty. It also identifies considerations that might still warrant transfer, emphasizing that those considerations warrant transfer only if they outweigh the interests of the local nonparty in local resolution of the motion. The proposed Committee Note also suggests that the judge in the compliance court might consult with the judge in the issuing

3

26

court, and encourages the use of telecommunications to minimize the burden on the nonparty when transfer does occur.

Third, the proposed amendments resolve conflicting interpretations of the current rule as to whether a party or party officer can be compelled by subpoena to travel more than 100 miles to attend trial. One interpretation is that the geographical limits applicable to other witnesses do not apply to a party or party officer. *See In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006) (requiring an officer of the defendant corporation, who lived and worked in New Jersey, to testify at trial in New Orleans even though he was not served within Louisiana under Rule 45(b)(2)). The alternative interpretation is that the rule sets forth the same geographical limits for all trial witnesses. *See Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that opt-in plaintiffs in Fair Labor Standards Act action could not be compelled to travel long distances from outside the state to attend trial because they were not served with subpoenas within the state as required by Rule 45(b)(2)).

The division in the caselaw resulted from differing interpretations of the 1991 amendments to Rule 45. The advisory committee concluded that those amendments were not intended to create the expanded subpoena power recognized in the *Vioxx* line of cases, and it decided to restore the original meaning of the rule. The proposed new amendments therefore provide in Rule 45(c)(1) that a subpoena may command any person to testify only within the limits that apply to all witnesses. As noted above, proposed Committee Note language was added to recognize that this provision does not affect existing law on the location for a deposition of a party or party's officer, director, or managing agent, for which a subpoena is not needed.

Finally, the 1991 amendments introduced the "documents only" subpoena, and added a

4

27

requirement in Rule 45(b)(1) that each party be given notice of a subpoena that requires document production.  In the 2007 restyling of the Civil Rules, the rule was clarified to direct that notice be provided before service of the subpoena, but experience has shown that many lawyers do not comply with the notice requirement.  Therefore, the proposed amendments move the notice provision to a more prominent position, and also require that the notice include a copy of the subpoena.  As published for public comment, the preliminary draft proposed to extend the notice requirement to trial subpoenas by removing the phrase "before trial" from the rule.

The effort to call attention to the notice requirement was supported during the public comment period.  The Department of Justice was concerned, however, that removal of the phrase "before trial" from the rule could complicate its efforts (and the efforts of other judgment creditors) to locate assets subject to seizure pursuant to judgments.  For the Department, those judgments include restitution in favor of crime victims.  Giving advance notice in those situations could frustrate enforcement of judgments or make it considerably more cumbersome.

At the same time, it appeared that the value of notice of trial subpoenas (the concern that led to the proposal for removal of the phrase in the first place) was limited or nonexistent because usually the pertinent documents would be listed in the Rule 26(a)(3) disclosures or otherwise identified during pretrial preparations.  Indeed, the parties may often cooperate to subpoena needed exhibits for trial.  After considering alternatives, the advisory committee decided to restore the phrase "before trial" to the rule.

The Committee concurred with the advisory committee's recommendations.

28

**Recommendation:**  That the Judicial Conference approve the proposed
amendments to Civil Rules 37 and 45, and transmit them to the Supreme Court
for its consideration with a recommendation that they be adopted by the Court and
transmitted to Congress in accordance with the law.

\* \* \* \* \*

Respectfully submitted,

Mark R. Kravitz, Chair

| | |
|---|---|
| James. M. Cole | David F. Levi |
| Dean C. Colson | Patrick J. Schiltz |
| Roy T. Englert, Jr. | James A. Teilborg |
| Gregory G. Garre | Larry D. Thompson |
| Neil M. Gorsuch | Richard C. Wesley |
| Marilyn L. Huff | Diane P. Wood |
| Wallace B. Jefferson | |

29

COMMITTEE ON RULES OF PRACTICE AND PROCEDURE
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES
WASHINGTON, D.C. 20544

MARK R. KRAVITZ
CHAIR

PETER G. McCABE
SECRETARY

CHAIRS OF ADVISORY COMMITTEES

JEFFREY S. SUTTON
APPELLATE RULES

EUGENE R. WEDOFF
BANKRUPTCY RULES

DAVID G. CAMPBELL
CIVIL RULES

REENA RAGGI
CRIMINAL RULES

SIDNEY A. FITZWATER
EVIDENCE RULES

**MEMORANDUM**

TO:         Honorable Mark R. Kravitz, Chair
            Standing Committee on Rules of Practice and Procedure

FROM:       Honorable David G. Campbell, Chair
            Advisory Committee on Federal Rules of Civil Procedure

DATE:       May 8, 2012

RE:         Report of the Civil Rules Advisory Committee

*Introduction*

The Civil Rules Advisory Committee met at the University of Michigan Law School in Ann Arbor on March 22 and 23, 2012. Draft Minutes of this meeting are attached.

* * * * *

Part I of this Report presents for action a proposal to amend Civil Rule 45. The proposal was published in August, 2011. Some modest changes are recommended in light of the public comments and further Subcommittee and Committee deliberations. It is recommended that the revised Rule 45 be recommended to the Judicial Conference for transmission to the Supreme Court for adoption.

* * * * *

30

**I. RULES 45 & 37: ACTION TO RECOMMEND ADOPTION OF REVISED RULES 45 & 37**

**ACTION ITEM: RULE 45**

A preliminary draft of proposed amendments to Rule 45 was published for comment in August, 2011. Three public hearings were scheduled, but all were eventually cancelled. Nobody indicated an interest in testifying at either the first or the second, and the two who indicated an interest in testifying at the last hearing decided to submit written comments instead. The Advisory Committee received 25 written comments; a summary of those comments is attached.

After the public comments were in, the Discovery Subcommittee of the Advisory Committee met by conference call to consider them, and based on that discussion suggested some modifications to the proposed amendments. At the Advisory Committee's Spring meeting, those modifications were reviewed, and a few topics were identified for additional consideration. After the Advisory Committee's meeting and review by the Subcommittee, a revised Rule 45 package was circulated to the full Advisory Committee and received unanimous support from the Advisory Committee. The changes recommended to the Rule 45 package since publication are very minor, and will be summarized below. The modified version of the amendment package also includes style changes recommended by the Standing Committee's Style Consultant.

The proposed amendments to Rule 45 result from a multi-year study conducted by the Advisory Committee that began with a literature search and an effort to canvass bar groups to identify issues possibly warranting amendments to the rule. That activity initially produced a list of some 17 specific possible amendments that was winnowed to a much shorter list. Meanwhile, overall concerns about the length and complexity of Rule 45 produced a variety of ideas about ways to simplify the rule, in addition to amendments targeting specific concerns. After much work had been done on these various matters, the Subcommittee convened a mini-conference attended by about two dozen experienced lawyers to review and evaluate the various amendment ideas. Building on that foundation (and with further input from some bar groups), the Advisory Committee eventually decided to adopt the most modest form of rule simplification it had considered and to adopt some but not all of the specific rule amendments that were proposed during its study of the rule. Four specific changes will be made by the proposed amendments.

<u>Simplification</u>: Current Rule 45 creates what the Advisory Committee came to call a "three-ring circus" of challenges for the lawyer seeking to use a subpoena. First, the lawyer would have to choose the right "issuing court," then she would have to ensure that the subpoena was served within that district, or outside of the district but within 100 miles of where performance was required, or within the state if state law allowed, and then she would have to determine where compliance could be required, a project made challenging in part by the scattered provisions bearing on place of compliance found in different provisions of the rule.

The amendment package sought to eliminate this three-ring circus by making the court where the action is pending the issuing court, permitting service throughout the United States (as is currently authorized under Fed. R. Crim. P. 17(e)), and combining all provisions on place of compliance in a new Rule 45(c). New Rule 45(c) preserves the various place-of-compliance

31

provisions of the current rule (except that the reference to state law is eliminated and the "*Vioxx*" issue is addressed as discussed below).

The simplification proposals received broad support in the public commentary, and only one change has been proposed to those amendments. The published proposal permitted the place of compliance for document subpoenas under Rule 45(c)(2)(A) to be any place "reasonably convenient for the person who is commanded to produce." The premise of this provision was that, particularly with electronically stored information, place of production should not be a problem and should be handled flexibly. But it was noted that Rule 45(d)(2)(B)(i) directs the party that served the subpoena to file a motion to compel compliance in "the district where compliance is required." That could lead to mischief, if the lawyer serving the subpoena designates her office as the place for production and a distant nonparty served with the subpoena objects on some ground. The objecting nonparty should not have to *litigate* in the lawyer's home jurisdiction just because *production* there would be "reasonably convenient," as it might well be. Accordingly, Rule 45(c)(2)(A) was changed to call for production "within 100 miles of where the person [subject to the subpoena] resides, is employed, or regularly transacts business in person." This change should ensure -- as Rule 45(c) is generally designed to ensure -- that if litigation about the subpoena is necessary it will occur at a location convenient for the nonparty.

At the same time, agreement on place of production is a desirable thing, and the Committee Note is therefore modified to recognize that the rule amendments do not limit the ability of parties to make such agreements. We expect that the current practice of parties agreeing to produce electronically stored information by email or by simply sending a CD will continue.

A clarifying amendment to the Committee Note on Rule 45(c) addresses concerns expressed in the comments. One is the risk some would read the amended rule to require a subpoena for all depositions -- even of parties or party officers, directors, or managing agents. The Note has been clarified to remind readers that no subpoena is required for depositions of such witnesses, and that the geographical limitations that apply to subpoenas do not apply when such depositions are simply noticed. Another Committee Note clarification confirms that, when the issuing court has made an order for remote testimony under Rule 43(a), a subpoena may be used to command the distant witness to attend and testify within the geographical limits of Rule 45(c).

Transfer of subpoena-related motions: New Rule 45(c) essentially retains the existing rule requirement that motions to quash or enforce a subpoena should be made in the district where compliance with the subpoena is required, with the result that the "enforcement court" may often be different from the "issuing court."

Existing authority has recognized that some matters are better decided by the issuing court. Rule 26(c)(1), for example, permits a nonparty from whom discovery is sought to seek relief in the court where the action is pending. The Committee Note to the 1970 amendment adding subdivision (c) to Rule 26 also recognized that "[t]he court in the district where the

32

deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending."

This amendment package adds Rule 45(f), which explicitly authorizes transfer of subpoena-related motions from the enforcement court to the issuing court, including not only motions for a protective order but also motions to enforce the subpoena.

The published draft permitted transfer only upon consent of the nonparty and the parties, or in "exceptional circumstances." After public comment, the Advisory Committee concluded that party consent should not be required; if the person subject to the subpoena consents to transfer then the enforcement court may transfer. The Committee felt that the person whose convenience should be of primary concern is the person subject to the subpoena, and that transfer of a dispute to the court presiding over the action should be authorized whenever that person agrees. The Committee also felt that parties to an action can never justifiably complain when they are required to litigate an issue before the judge presiding over the action, and that requiring their consent to a transfer might in some cases encourage parties to refuse to consent in the hope of getting a different judge to rule on the dispute -- a kind of mid-case forum shopping.

Whether the "exceptional circumstances" standard should be retained when the nonparty witness does not consent was the focus of considerable public comment. Some urged that a more flexible standard be adopted. Others argued that the protection of the nonparty subject to the subpoena should be paramount, and therefore that the "exceptional circumstances" standard should remain when the nonparty does not consent. Eventually the Advisory Committee decided to retain the "exceptional circumstances" standard. The Committee is concerned that a lower standard could result in too-frequent transfers that force nonparties to litigate in distant fora to protect their interests.

The Committee Note has been revised to clarify that the prime concern should be avoiding undue burdens on the local nonparty, and also to identify considerations that might warrant transfer nonetheless, emphasizing that such concerns warrant transfer only if they outweigh the interests of the local nonparty in local resolution of the motion. It also suggests that the judge in the compliance court might consult with the judge in the issuing court, and encourages use of telecommunications methods to minimize the burden on the nonparty when transfer does occur.

<u>Trial subpoenas for distant parties and party officers</u>:  There is a distinct split in existing authority about whether a subpoena may command a distant party or party officer to testify at trial.  One view is that the geographical limits that apply to other witnesses do not apply to such witnesses.  See *In re Vioxx Products Liability Litigation*, 438 F.Supp.2d 664 (E.D. La. 2006) (requiring an officer of the defendant corporation, who lived and worked in New Jersey, to testify at trial in New Orleans even though he was not served within Louisiana under Rule 45(b)(2)).  The alternative view is that the rule sets forth the same geographical limits for all trial witnesses.  See *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that opt-in plaintiffs in Fair Labor Standards Act action could not be compelled to travel long distances from

33

outside the state to attend trial because they were not served with subpoenas within the state as required by Rule 45(b)(2)).

The division of authority resulted from differing interpretations of the 1991 amendments to Rule 45.  The Advisory Committee concluded that those amendments were not intended to create the expanded subpoena power recognized in *Vioxx* and its progeny, and decided to restore the original meaning of the rule.  The Committee was concerned also that such expanded power could invite tactical use of a subpoena to apply inappropriate pressure to the adverse party.  Party officers subject to such subpoenas might often be able to secure protective orders, but the motions would burden the courts and the parties and there might be some *in terrorem* value despite the protective-order route to relief.  Moreover, with large organizations it will often be true that the best witnesses are not officers but other employees.  To the extent testimony of such party witnesses is important there are alternatives to attending trial.  See, e.g., Rule 30(b)(3) (authorizing audiovisual recording of deposition testimony) and 43(a) (permitting the court to order testimony by contemporaneous transmission).

The amendments therefore provide in Rule 45(c)(1) that a subpoena can command any person to testify only within the limits that apply to all witnesses.  As noted above, Committee Note language was added to recognize that this provision does not affect existing law on the location for a deposition of a party or party's officer, director, or managing agent, for which a subpoena is not needed.

For purposes of inviting public comment, the Rule 45 publication package included an Appendix adding authority for the court to order testimony at trial by parties or party officers in specified circumstances.  The published draft made clear that the Advisory Committee did not propose the addition of such authority.  The public comment on this proposal was mixed, and the Advisory Committee did not change its view that this authority should not be added to the rule.  The Appendix is therefore not included in this package.

Notice of service of "documents only" subpoena:  The 1991 amendments introduced the "documents only" subpoena.  The deposition notice requirements of Rule 30 did not apply to such subpoenas.  Rule 45(b)(1) was therefore added to require that notice be given of service of such subpoenas.  In the restyling of 2007, the rule provision was clarified to direct that notice be provided before service of the subpoena.

As it examined Rule 45 issues, the Committee was repeatedly informed that this notice provision is frequently not obeyed.  Parties often obtain documents by subpoena without notifying other parties that the subpoena has been served.  The result can be that there are serious problems at or before trial when "surprise" documents emerge and arguments may be made that they should not be admissible or that further discovery is warranted.

The amendment package attempts to solve these problems by moving the existing provision to become a new Rule 45(a)(4) with a heading that calls attention to the requirement -- "Notice to Other Parties Before Service."  The relocated provision also slightly modifies the existing provision by directing that a copy of the subpoena be provided along with the notice.

34

That should assist the other parties in knowing what is being sought and determining whether they have objections to production of any of the materials sought or wish to subpoena additional materials.

The effort to call attention to the notice requirement was supported during the public comment period. The Department of Justice raised a concern, however, about the proposal to remove the phrase "before trial" from the current rule. It noted that removal of that phrase could complicate its efforts (and the efforts of other judgment creditors) to locate assets subject to seizure pursuant to judgments. For the Department, those judgments include restitution in favor of crime victims. Giving advance notice in such situations could frustrate enforcement of judgments or make it considerably more cumbersome.

At the same time, it appeared that the value of notice of trial subpoenas (the concern that led to the proposal for removal of the phrase in the first place) was limited or nonexistent because usually any such documents would be listed in the Rule 26(a)(3) disclosures or otherwise identified during pretrial preparations. Indeed, the parties may often cooperate to subpoena needed exhibits for trial. After considering alternatives, the solution adopted was to restore the phrase "before trial" to the rule. The Committee Note explanation for removal of "before trial" has been removed.

Another issue that has been raised repeatedly since early in the Advisory Committee's consideration of Rule 45 has been that additional notices should be required as subpoenaed materials are produced, and perhaps also when subpoenas are modified. There have also been suggestions that the rule should require that access be provided to materials produced in response to a subpoena. In particular, it has been noted (and repeated in the public comment period) that a number of states direct that the party serving the subpoena give notice upon receipt of produced materials, and that some states also require access to the materials.

Both the Subcommittee and the Advisory Committee have repeatedly discussed these proposals for additional notice provisions. All agree that cooperation and transparency in relation to subpoenas are desirable. All expect that judges would insist on such behavior in cases in which the parties did not do so without court intervention. But the Subcommittee and the full Committee have repeatedly concluded that adding notice requirements or an access requirement to the rule would not, overall, produce desirable effects.

A starting point is to recognize the reason for relocation of the existing notice requirement -- the frequent failure of lawyers to obey it. The requirement has been in the rule for over 20 years; the amendment is based on the optimistic expectation that relocation and addition of a heading will prompt much broader compliance. It also expands the requirement slightly, by insisting that the notice include the subpoena itself.

The Committee believes that this change will result in all parties being made aware when a subpoena is served -- a marked change from actual current practice -- and that this awareness will enable parties adequately to protect their interests. The Committee is concerned that requiring notice of receipt of documents could create new complications. Production of

35

documents in response to a subpoena often occurs on a "rolling" basis, with documents being produced over time as they are found.  Requiring a new notice every time additional documents are received could be burdensome, especially in large document cases, and failure to give notice on one or more occasions of a rolling production would likely spawn satellite litigation on the effect of the missed notice, with parties asking that documents not noticed be excluded from use in the litigation.  As one member of the Advisory Committee noted during the Committee's Spring meeting:  "Less compliance with more rules breeds satellite litigation."  The "gotcha" possibilities of additional requirements can be considerable.  Because we believe that clarifying the notice requirement will resolve most of the notice problems presently occurring under Rule 45, we have concluded that additional notice requirements, with their potential problems, should not be included.

The Committee has repeatedly been told that, having received the notice called for by the existing rule, lawyers can take action to guard themselves.  They can be persistent in pursuit of information about the fruits of the subpoena.  They can seek assistance from the court if needed. The Committee Note recognizes that lawyers can follow up in these manners.  In response to these concerns, it has been expanded to note that parties can seek the assistance of the court, either in the scheduling order or otherwise, to obtain access.

Having reconsidered these issues yet again after the public comment period, the Discovery Subcommittee decided not to expand what is in the rule at present.  The full Advisory Committee concurred.  Accordingly, although the Committee Note has been amplified on these points, the rule provision itself has not been changed from what is currently in Rule 45(b)(1).

\*   \*   \*   \*   \*

36

## PROPOSED AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE[*]

1   **Rule 37.    Failure to Make Disclosures or to Cooperate**
2                 **in Discovery; Sanctions**

3                              \* \* \* \* \*

4   **(b)   Failure to Comply with a Court Order.**

5          **(1)   _Sanctions_ _Sought_ _in_ _the_ _District_ _Where_ _the_**
6                  **_Deposition Is Taken._**   If the court where the
7                  discovery is taken orders a deponent to be sworn or
8                  to answer a question and the deponent fails to
9                  obey, the failure may be treated as contempt of
10                 court. If a deposition-related motion is transferred
11                 to the court where the action is pending, and that
12                 court orders a deponent to be sworn or to answer a
13                 question and the deponent fails to obey, the failure

_____

\* New material is underlined; matter to be omitted is lined
  through

37

2          FEDERAL RULES OF CIVIL PROCEDURE

14          may be treated as contempt of either the court

15          where the discovery is taken or the court where the

16          action is pending.

17    **(2)** ***Sanctions Sought in the District Where the***

18          ***Action Is Pending.***

19                              * * * * *

### Committee Note

Rule 37(b) is amended to conform to amendments made to Rule 45, particularly the addition of Rule 45(f) providing for transfer of a subpoena-related motion to the court where the action is pending. A second sentence is added to Rule 37(b)(1) to deal with contempt of orders entered after such a transfer. The Rule 45(f) transfer provision is explained in the Committee Note to Rule 45.

---

### Changes Made After Publication and Comment

No changes were made after publication and comment.

38

FEDERAL RULES OF CIVIL PROCEDURE          3

1    **Rule 45. Subpoena**

2    **(a)  In General.**

3         **(1)  *Form and Contents.***

4              **(A)**  *Requirements — In General.* Every subpoena

5                   must:

6                   **(i)**  state the court from which it issued;

7                   **(ii)**  state the title of the action, ~~the court in~~

8                        ~~which it is pending,~~ and its civil-action

9                        number;

10                  **(iii)**  command each person to whom it is

11                       directed to do the following at a

12                       specified time and place: attend and

13                       testify; produce designated documents,

14                       electronically stored information, or

15                       tangible things in that person's

16                       possession, custody, or control; or

39

4        FEDERAL RULES OF CIVIL PROCEDURE

17                        permit the inspection of premises; and

18              **(iv)**  set out the text of Rule 45(dc) and (ed).

19        **(B)**  *Command to Attend a Deposition — Notice*

20              *of the Recording Method.*  A subpoena

21              commanding attendance at a deposition must

22              state the method for recording the testimony.

23        **(C)**  *Combining or Separating a Command to*

24              *Produce or to Permit Inspection; Specifying*

25              *the Form for Electronically Stored*

26              *Information.*  A command to produce

27              documents, electronically stored information,

28              or tangible things or to permit the inspection

29              of premises may be included in a subpoena

30              commanding attendance at a deposition,

31              hearing, or trial, or may be set out in a

32              separate subpoena.  A subpoena may specify

40

FEDERAL RULES OF CIVIL PROCEDURE          5

33          the form or forms in which electronically

34          stored information is to be produced.

35     **(D)**  *Command to Produce; Included Obligations*.

36          A command in a subpoena to produce

37          documents, electronically stored information,

38          or tangible things requires the responding

39          <u>person</u>~~party~~ to permit inspection, copying,

40          testing, or sampling of the materials.

41   **(2)**  <u>***Issuing***</u>***~~Issued from Which~~*** **Court.**  A subpoena

42          must issue <u>from the court where the action is</u>

43          <u>pending.</u> ~~as follows:~~

44     **~~(A)~~**  ~~for attendance at a hearing or trial, from the~~

45          ~~court for the district where the hearing or trial~~

46          ~~is to be held;~~

47     **~~(B)~~**  ~~for attendance at a deposition, from the court~~

48          ~~for the district where the deposition is to be~~

6       FEDERAL RULES OF CIVIL PROCEDURE

49                      ~~taken; and~~

50          ~~(C)~~  ~~for production or inspection, if separate from~~

51              ~~a   subpoena   commanding   a   person's~~

52              ~~attendance,  from  the  court  for  the  district~~

53              ~~where the production or inspection is to be~~

54              ~~made.~~

55      **(3)**  ***Issued  by  Whom.***   The  clerk  must  issue  a

56              subpoena, signed but otherwise in blank, to a party

57              who  requests  it.   That  party  must  complete  it

58              before service.   An attorney also may issue and

59              sign a subpoena <u>if the attorney is authorized to</u>

60              <u>practice in the issuing court.</u>  ~~as an officer of:~~

61          ~~(A)~~  ~~a court in which the attorney is authorized to~~

62              ~~practice; or~~

63          ~~(B)~~  ~~a court for a district where a deposition is to~~

64              ~~be taken or production is to be made, if the~~

42

FEDERAL RULES OF CIVIL PROCEDURE          7

65              ~~attorney is authorized to practice in the court~~

66              ~~where the action is pending.~~

67          **(4)**   ***Notice to Other Parties Before Service.***   If the

68              subpoena commands the production of documents,

69              electronically stored information, or tangible things

70              or the inspection of premises before trial, then

71              before it is served on the person to whom it is

72              directed, a notice and a copy of the subpoena must

73              be served on each party.

74      **(b)**   **Service.**

75          **(1)**   ***By Whom*** **_and How_**; ***Tendering Fees**~~; Serving a~~*

76              *~~Copy of Certain Subpoenas.~~*   Any person who is

77              at least 18 years old and not a party may serve a

78              subpoena.  Serving a subpoena requires delivering

79              a copy to the named person and, if the subpoena

80              requires that person's attendance, tendering the

43

8  FEDERAL RULES OF CIVIL PROCEDURE

81    fees for 1 day's attendance and the mileage

82    allowed by law.  Fees and mileage need not be

83    tendered when the subpoena issues on behalf of the

84    United States or any of its officers or agencies.  ~~If~~

85    ~~the subpoena commands the production of~~

86    ~~documents, electronically stored information, or~~

87    ~~tangible things or the inspection of premises before~~

88    ~~trial, then before it is served, a notice must be~~

89    ~~served on each party.~~

90  **(2)** ***Service in the United States.*** <u>A subpoena may be</u>

91    <u>served at any place within the United States.</u>

92    ~~Subject to Rule 45(c)(3)(A)(ii), a subpoena may be~~

93    ~~served at any place:~~

94    ~~**(A)**~~ ~~within the district of the issuing court;~~

95    ~~**(B)**~~ ~~outside that district but within 100 miles of~~

96    ~~the place specified for the deposition,~~

44

FEDERAL RULES OF CIVIL PROCEDURE          9

97               ~~hearing, trial, production, or inspection;~~

98          ~~(C)  within the state of the issuing court if a state~~

99               ~~statute or court rule allows service at that~~

100              ~~place of a subpoena issued by a state court of~~

101              ~~general jurisdiction sitting in the place~~

102              ~~specified for the deposition, hearing, trial,~~

103              ~~production, or inspection; or~~

104         ~~(D)  that the court authorizes on motion and for~~

105              ~~good cause, if a federal statute so provides.~~

106     **(3)** *Service in a Foreign Country.* 28 U.S.C. § 1783

107          governs issuing and serving a subpoena directed to

108          a United States national or resident who is in a

109          foreign country.

110     **(4)** ***Proof of Service.*** Proving service, when

111          necessary, requires filing with the issuing court a

112          statement showing the date and manner of service

45

10          FEDERAL RULES OF CIVIL PROCEDURE

113          and the names of the persons served.   The

114          statement must be certified by the server.

115     **(c)**     **Place of Compliance.**

116          **(1)**     ***For a Trial, Hearing, or Deposition.***   A subpoena

117               may command a person to attend a trial, hearing, or

118               deposition only as follows:

119               **(A)**   within 100 miles of where the person resides,

120                    is employed, or regularly transacts business in

121                    person; or

122               **(B)**   within the state where the person resides, is

123                    employed, or regularly transacts business in

124                    person, if the person

125                    **(i)**   is a party or a party's officer; or

126                    **(ii)**   is commanded to attend a trial and

127                         would not incur substantial expense.

128          **(2)**     ***For Other Discovery.***   A subpoena may command:

46

FEDERAL RULES OF CIVIL PROCEDURE        11

129        **(A)**   production  of  documents,  electronically

130              stored  information,  or  tangible  things  at  a

131              place within 100 miles of where the person

132              resides, is employed, or regularly transacts

133              business in person; and

134        **(B)**   inspection of premises at the premises to be

135              inspected.

136   **(dc) Protecting  a  Person  Subject  to  a  Subpoena;**

137        **Enforcement.**

138        **(1)**   *Avoiding Undue Burden or Expense; Sanctions.*

139              A  party  or  attorney  responsible  for  issuing  and

140              serving a subpoena must take reasonable steps to

141              avoid  imposing  undue  burden  or  expense  on  a

142              person subject to the subpoena.  The ~~issuing~~ court

143              for the district where compliance is required must

144              enforce  this  duty  and  impose  an  appropriate

12   FEDERAL RULES OF CIVIL PROCEDURE

145     sanction — which may include lost earnings and

146     reasonable attorney's fees — on a party or attorney

147     who fails to comply.

148   **(2)** ***Command to Produce Materials or Permit***

149    ***Inspection.***

150    **(A)** *Appearance Not Required.* A person

151     commanded to produce documents,

152     electronically stored information, or tangible

153     things, or to permit the inspection of

154     premises, need not appear in person at the

155     place of production or inspection unless also

156     commanded to appear for a deposition,

157     hearing, or trial.

158    **(B)** *Objections.* A person commanded to produce

159     documents or tangible things or to permit

160     inspection may serve on the party or attorney

48

FEDERAL RULES OF CIVIL PROCEDURE          13

161     designated in the subpoena a written

162     objection to inspecting, copying, testing, or

163     sampling any or all of the materials or to

164     inspecting the premises — or to producing

165     electronically stored information in the form

166     or forms requested.  The objection must be

167     served before the earlier of the time specified

168     for compliance or 14 days after the subpoena

169     is served.   If an objection is made, the

170     following rules apply:

171     **(i)**     At   any   time,   on   notice   to   the

172              commanded person, the serving party

173              may move the ~~issuing~~ court <u>for the</u>

174              <u>district where compliance is required</u>

175              for an order compelling production or

176              inspection.

49

14          FEDERAL RULES OF CIVIL PROCEDURE

177              **(ii)** These acts may be required only as

178                    directed in the order, and the order must

179                    protect a person who is neither a party

180                    nor a party's officer from significant

181                    expense resulting from compliance.

182      **(3)** ***Quashing or Modifying a Subpoena.***

183          **(A)** *When Required*.   On timely motion, the

184                ~~issuing~~court <u>for the district where compliance</u>

185                <u>is required</u> must quash or modify a subpoena

186                that:

187              **(i)** fails to allow a reasonable time to

188                    comply;

189              **(ii)** requires a person <u>to comply beyond the</u>

190                    <u>geographical limits specified in</u>

191                    <u>Rule 45(c);</u> ~~who is neither a party nor a~~

192                    ~~party's officer to travel more than 100~~

50

FEDERAL RULES OF CIVIL PROCEDURE          15

193              ~~miles from where that person resides, is~~

194              ~~employed,   or   regularly   transacts~~

195              ~~business   in   person — except   that,~~

196              ~~subject   to   Rule   45(c)(3)(B)(iii),   the~~

197              ~~person may be commanded to attend a~~

198              ~~trial by traveling from any such place~~

199              ~~within the state where the trial is held;~~

200      **(iii)** requires disclosure of privileged or

201              other protected matter, if no exception

202              or waiver applies; or

203      **(iv)** subjects a person to undue burden.

204   **(B)** *When Permitted*. To protect a person subject

205              to or affected by a subpoena, the ~~issuing~~ court

206              <u>for the district where compliance is required</u>

207              may, on motion, quash or modify the

208              subpoena if it requires:

16       FEDERAL RULES OF CIVIL PROCEDURE

209      **(i)** disclosing a trade secret or other

210      confidential research, development, or

211      commercial information; <u>or</u>

212      **(ii)** disclosing an unretained expert's

213      opinion or information that does not

214      describe specific occurrences in dispute

215      and results from the expert's study that

216      was not requested by a party.~~, or~~

217      ~~(iii) a person who is neither a party nor a~~

218      ~~party's officer to incur substantial~~

219      ~~expense to travel more than 100 miles~~

220      ~~to attend trial.~~

221      **(C)** *Specifying Conditions as an Alternative.* In

222      the circumstances described in Rule

223      45(<u>d</u>~~c~~)(3)(B), the court may, instead of

224      quashing or modifying a subpoena, order

52

FEDERAL RULES OF CIVIL PROCEDURE          17

225          appearance or production under specified

226          conditions if the serving party:

227          **(i)**   shows a substantial need for the

228                testimony or material that cannot be

229                otherwise met without undue hardship;

230                and

231          **(ii)**  ensures that the subpoenaed person will

232                be reasonably compensated.

233   **(ed)  Duties in Responding to a Subpoena.**

234   **(1)**   ***Producing Documents or Electronically Stored***

235          ***Information.***   These procedures apply to

236          producing documents or electronically stored

237          information:

238   **(A)**  *Documents*.   A person responding to a

239          subpoena to produce documents must

240          produce them as they are kept in the ordinary

53

18          FEDERAL RULES OF CIVIL PROCEDURE

241              course of business or must organize and label

242              them to correspond to the categories in the

243              demand.

244        **(B)**  *Form for Producing Electronically Stored*

245              *Information Not Specified.*  If a subpoena

246              does not specify a form for producing

247              electronically stored information, the person

248              responding must produce it in a form or

249              forms in which it is ordinarily maintained or

250              in a reasonably usable form or forms.

251        **(C)**  *Electronically Stored Information Produced*

252              *in Only One Form.*  The person responding

253              need not produce the same electronically

254              stored information in more than one form.

255        **(D)**  *Inaccessible    Electronically    Stored*

256              *Information.* The person responding need not

54

FEDERAL RULES OF CIVIL PROCEDURE          19

257          provide discovery of electronically stored

258          information from sources that the person

259          identifies as not reasonably accessible

260          because of undue burden or cost.  On motion

261          to compel discovery or for a protective order,

262          the person responding must show that the

263          information is not reasonably accessible

264          because of undue burden or cost.   If that

265          showing is made, the court may nonetheless

266          order discovery from such sources if the

267          requesting party shows good cause,

268          considering the limitations of

269          Rule 26(b)(2)(C).  The court may specify

270          conditions for the discovery.

20          FEDERAL RULES OF CIVIL PROCEDURE

271          **(2)** ***Claiming Privilege or Protection.***

272          **(A)** *Information Withheld.* A person withholding

273          subpoenaed information under a claim that it

274          is privileged or subject to protection as trial-

275          preparation material must:

276          **(i)** expressly make the claim; and

277          **(ii)** describe the nature of the withheld

278          documents, communications, or

279          tangible things in a manner that, without

280          revealing information itself privileged

281          or protected, will enable the parties to

282          assess the claim.

283          **(B)** *Information Produced.* If information

284          produced in response to a subpoena is subject

285          to a claim of privilege or of protection as

286          trial-preparation material, the person making

56

FEDERAL RULES OF CIVIL PROCEDURE        21

287         the claim may notify any party that received

288         the information of the claim and the basis for

289         it.    After being notified, a party must

290         promptly return, sequester, or destroy the

291         specified information and any copies it has;

292         must not use or disclose the information until

293         the claim is resolved; must take reasonable

294         steps to retrieve the information if the party

295         disclosed it before being notified; and may

296         promptly present the information under seal

297         to the court for the district where compliance

298         is required~~under seal~~ for a determination of

299         the claim.   The person who produced the

300         information must preserve the information

301         until the claim is resolved.

302    **(f)**    **Transferring a Subpoena-Related Motion.** When the

57

22        FEDERAL RULES OF CIVIL PROCEDURE

303        court where compliance is required did not issue the

304        subpoena, it may transfer a motion under this rule to the

305        issuing court if the person subject to the subpoena

306        consents or if the court finds exceptional circumstances.

307        Then, if the attorney for a person subject to a subpoena

308        is authorized to practice in the court where the motion

309        was made, the attorney may file papers and appear on

310        the motion as an officer of the issuing court. To enforce

311        its order, the issuing court may transfer the order to the

312        court where the motion was made.

313    **(ge) Contempt.** The court for the district where compliance

314        is required — and also, after a motion is transferred, the

315        issuing court — may hold in contempt a person who,

316        having been served, fails without adequate excuse to

317        obey the subpoena or an order related to it. ~~A~~

318        ~~nonparty's failure to obey must be excused if the~~

58

319          ~~subpoena purports to require the nonparty to attend or~~

320          ~~produce   at   a   place   outside   the   limits   of~~

321          ~~Rule 45(c)(3)(A)(ii).~~

### Committee Note

Rule 45 was extensively amended in 1991. The goal of
the present amendments is to clarify and simplify the rule.
The amendments recognize the court where the action is
pending as the issuing court, permit nationwide service of a
subpoena, and collect in a new subdivision (c) the previously
scattered provisions regarding place of compliance. These
changes resolve a conflict that arose after the 1991
amendment about a court's authority to compel a party or
party officer to travel long distances to testify at trial; such
testimony may now be required only as specified in new
Rule 45(c). In addition, the amendments introduce authority
in new Rule 45(f) for the court where compliance is required
to transfer a subpoena-related motion to the court where the
action is pending on consent of the person subject to the
subpoena or in exceptional circumstances.

**Subdivision (a).** This subdivision is amended to
provide that a subpoena issues from the court where the
action is pending. Subdivision (a)(3) specifies that an
attorney authorized to practice in that court may issue a
subpoena, which is consistent with current practice.

In Rule 45(a)(1)(D), "person" is substituted for "party"

59

24          FEDERAL RULES OF CIVIL PROCEDURE

because the subpoena may be directed to a nonparty.

Rule 45(a)(4) is added to highlight and slightly modify a notice requirement first included in the rule in 1991. Under the 1991 amendments, Rule 45(b)(1) required prior notice of the service of a "documents only" subpoena to the other parties. Rule 45(b)(1) was clarified in 2007 to specify that this notice must be served before the subpoena is served on the witness.

The Committee has been informed that parties serving subpoenas frequently fail to give the required notice to the other parties. The amendment moves the notice requirement to a new provision in Rule 45(a) and requires that the notice include a copy of the subpoena. The amendments are intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials.

Parties desiring access to information produced in response to the subpoena will need to follow up with the party serving it or the person served to obtain such access. The rule does not limit the court's authority to order notice of receipt of produced materials or access to them. The party serving the subpoena should in any event make reasonable provision for prompt access.

**Subdivision (b)**. The former notice requirement in Rule 45(b)(1) has been moved to new Rule 45(a)(4).

Rule 45(b)(2) is amended to provide that a subpoena

60

FEDERAL RULES OF CIVIL PROCEDURE          25

may be served at any place within the United States, removing the complexities prescribed in prior versions.

**Subdivision (c).**  Subdivision (c) is new.  It collects the various provisions on where compliance can be required and simplifies them.  Unlike the prior rule, place of service is not critical to place of compliance. Although Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c).

Rule 45(c)(1) addresses a subpoena to testify at a trial, hearing, or deposition.  Rule 45(c)(1)(A) provides that compliance may be required within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person.  For parties and party officers, Rule 45(c)(1)(B)(i) provides that compliance may be required anywhere in the state where the person resides, is employed, or regularly conducts business in person.  When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1).

Under Rule 45(c)(1)(B)(ii), nonparty witnesses can be required to travel more than 100 miles within the state where they reside, are employed, or regularly transact business in person only if they would not, as a result, incur "substantial expense."    When travel over 100 miles could impose substantial expense on the witness, the party that served the subpoena may pay that expense and the court can condition enforcement of the subpoena on such payment.

61

26      FEDERAL RULES OF CIVIL PROCEDURE

Because Rule 45(c) directs that compliance may be commanded only as it provides, these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers. *Compare In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006) (finding authority to compel a party officer from New Jersey to testify at trial in New Orleans), with *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that Rule 45 did not require attendance of plaintiffs at trial in New Orleans when they would have to travel more than 100 miles from outside the state). Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state.

Depositions of parties, and officers, directors, and managing agents of parties need not involve use of a subpoena. Under Rule 37(d)(1)(A)(i), failure of such a witness whose deposition was properly noticed to appear for the deposition can lead to Rule 37(b) sanctions (including dismissal or default but not contempt) without regard to service of a subpoena and without regard to the geographical limitations on compliance with a subpoena. These amendments do not change that existing law; the courts retain their authority to control the place of party depositions and impose sanctions for failure to appear under Rule 37(b).

For other discovery, Rule 45(c)(2) directs that inspection of premises occur at those premises, and that production of documents, tangible things, and electronically stored information may be commanded to occur at a place within

62

FEDERAL RULES OF CIVIL PROCEDURE          27

100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. Under the current rule, parties often agree that production, particularly of electronically stored information, be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements.

Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c).

**Subdivision (d)**.   Subdivision (d) contains the provisions formerly in subdivision (c).   It is revised to recognize the court where the action is pending as the issuing court, and to take account of the addition of Rule 45(c) to specify where compliance with a subpoena is required.

**Subdivision (f).**   Subdivision (f) is new. Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c).  Rule 45(f) provides authority for that court to transfer the motion to the court where the action is pending.  It applies to all motions under this rule, including an application under Rule 45(e)(2)(B) for a privilege determination.

Subpoenas are essential to obtain discovery from nonparties.  To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule  45(c) and the requirements in Rules 45(d) and (e) that

63

28        FEDERAL RULES OF CIVIL PROCEDURE

motions be made in the court in which compliance is required under Rule 45(c).  But transfer to the court where the action is pending is sometimes warranted.  If the person subject to the subpoena consents to transfer, Rule 45(f) provides that the court where compliance is required may do so.

In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present.  The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.  In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.  Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.

If the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending.  The rule provides that if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation

64

FEDERAL RULES OF CIVIL PROCEDURE          29

to the motion as officers of that court.

After transfer, the court where the action is pending will decide the motion.  If the court rules that discovery is not justified, that should end the matter.  If the court orders further discovery, it is possible that retransfer may be important to enforce the order.  One consequence of failure to obey such an order is contempt, addressed in Rule 45(g).  Rule 45(g) and Rule 37(b)(1) are both amended to provide that disobedience of an order enforcing a subpoena after transfer is contempt of the issuing court and the court where compliance is required under Rule 45(c).  In some instances, however, there may be a question about whether the issuing court can impose contempt sanctions on a distant nonparty.  If such circumstances arise, or if it is better to supervise compliance in the court where compliance is required, the rule provides authority for retransfer for enforcement.  Although changed circumstances may prompt a modification of such an order, it is not expected that the compliance court will reexamine the resolution of the underlying motion.

**Subdivision (g).**  Subdivision (g) carries forward the authority of former subdivision (e) to punish disobedience of subpoenas as contempt.  It is amended to make clear that, in the event of transfer of a subpoena-related motion, such disobedience constitutes contempt of both the court where compliance is required under Rule 45(c) and the court where the action is pending.  If necessary for effective enforcement, Rule 45(f) authorizes the issuing court to transfer its order after the motion is resolved.

65

30        FEDERAL RULES OF CIVIL PROCEDURE

The rule is also amended to clarify that contempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena.  In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command.  Disobedience of such an order may be treated as contempt.

The second sentence of former subdivision (e) is deleted as unnecessary.

---

## Changes Made After Publication and Comment

As described in the Report, the published preliminary draft was modified in several ways after the public comment period.  The words "before trial" were restored to the notice provision that was moved to new Rule 45(a)(4).  The place of compliance in new Rule 45(c)(2)(A) was changed to a place "within 100 miles of where the person resides, is employed or regularly conducts business."  In new Rule 45(f), the party consent feature was removed, meaning consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court.  In addition, style changes were made after consultation with the Standing Committee's Style Consultant. In the Committee Note, clarifications were made in response to points raised during the public comment period.

○