UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CITY OF HUNTINGTON,
    Plaintiff,
v.
AMERISOURCE BERGEN DRUG
CORPORATION, et al.,
    Defendants.

Civil Action No. 3:17-cv-01362

_____

CABELL COUNTY COMMISSION,
    Plaintiff,
v.
AMERISOURCE BERGEN DRUG
CORPORATION, et al.,
    Defendants.

*Consolidated case:*
Civil Action No. 3:17-cv-01665

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION PROPOSING MODIFICATIONS TO THE SCHEDULING ORDER**

Alterations to the pretrial briefing schedule and additional time on opposition are necessary for two reasons: 1) the additional two weeks defendants requested – and received – in which to assess and respond to Plaintiffs' expert reports have compressed the schedule; and 2) Defendants apparently intend to file far more briefing than was anticipated – or would be appropriate –in this mature litigation.

This Court set forth the pretrial schedule during the March 5, 2020 status conference. The Court set an abbreviated schedule, allowing for a single week for oppositions to *Daubert*, dispositive motions, and motions *in limine*, which may have appeared appropriate at the time. Given that the Transferee Court had received and ruled upon so many motions addressing the core issues in this litigation, and that this Court anticipated following those previous rulings "unless changed circumstances warrant[ed] their modification" (Hearing Tr. Mar. 5, 2020 at 8-9), there seemed little need, or

justification, for significant additional briefing. Indeed, in an effort to efficiently address any remaining issues (including West Virginia-specific legal arguments), this Court invited and received an additional four dispositive motions.

Since then, Defendants have made clear that they plan to file more than one hundred pages of briefing (and likely significantly more) on *Daubert* and Dispositive motions alone, including 20 *Daubert* motions.[1] Plaintiffs' proposal provides for an orderly schedule, along with motion summaries designed to assist the Court through the briefing process and avoid duplication.

### *Daubert Motions*

Defendants argue that Plaintiffs' Proposal would cause *Daubert* and dispositive motion briefing to run into the trial period. They are wrong, save that one *Daubert* reply would be due on the first day of trial. Under Plaintiffs' proposal, the parties must file *Daubert* motions within 7 days after the expert's deposition and thus the *Daubert* motions would be briefed on a rolling basis during the month of September and early October with only *one* due September 29 that will be fully briefed by October 19, 2020.

While Plaintiffs recognize the challenge the proximity of this one last brief to the trial date may pose to the Court, Defendants would have **all** 20 Daubert motions due on September 29, and sent to the Court *en masse* on **October 12, 2020**, one-week before trial is set to begin.

---

[1] Indeed, during meet and confer, when Plaintiffs asked Defendants to offer some number of pages greater than Plaintiffs' proposed 100 pages, they would be willing to agree to, they refused to limit themselves in any way. Moreover, in their response to Plaintiffs' motion for a change in the scheduling order, Defendants have made clear that they intend to file *Daubert* challenges to all 20 of Plaintiffs' experts, despite the six previous *Daubert* rulings by the Transferee Court, Defs. Br., ECF # 859 at 2 ("This proposal would also mean … 20 different *Daubert* briefing schedules ….").

This will not only place undue burdens on the parties and the Court, it is unnecessary. Because this matter will be bench trial, the Court's gatekeeping function under the *Daubert* analysis is markedly different than in the context of a jury trial:

> The primary purpose of the holdings in *Daubert* and *Kumho Tire* is to protect juries from being bamboozled by technical evidence of dubious merit. Of course, this is not a prevailing concern where, as in this case, the court functions as the trier of fact. In such a case, it is the duty of the court conducting the bench trial to assess and weigh the credibility of all expert witnesses, while guided by the *Daubert/Kumho Tire* standards of relevance and reliability and aided by the parties' vigorous cross-examination and the presentation of contrary evidence. Disputes as to the strength of an expert's credentials, faults in his use of a particular methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.

*State of New York v. Solvent Chem. Co.,* No. 83-CV-1401C, 2006 WL 2640647, at *1 (W.D.N.Y. Sept. 14, 2006) (quotation cleaned up; citations and internal quotations removed); *see also Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 635* (6th Cir. 2000) ("district courts conducting bench trials have substantial flexibility in admitting proffered expert testimony at the front end, and then deciding for themselves during the course of trial whether the evidence meets the requirements of [*Daubert* and its progeny] and deserves to be credited"). When *Daubert* motions are received in bench trials, Judges often reserve rulings on them.[2]

---

[2] *Gueorguiev v. United States Life Ins. Co. in the City of New York*, 2016 WL 6092896, at *5 (E.D. Mich. Oct. 19, 2016) (Because "a 'district court is not obligated to hold a *Daubert* hearing,' the Court will rule on the admissibility of the toxicology report at trial, where all evidence bearing on its reliability can be presented." (quoting *Clay v. Ford Motor Co.*, 215 F.3d 663, 667 (6th Cir. 2000)); *Stewart Title Guar. Co. v. Derivaux,* 2009 WL 5216052, at *1 (S.D. Miss. Dec. 29, 2009) ("following review of written *Daubert* motions, court held "The parties will be allowed to develop further testimony on this issue at trial. Since this is to be a bench trial, it will not be necessary to hold a *Daubert* hearing prior to trial.").

2031857.2

Defendants argue this rolling schedule would be untenable given that the parties will be working furiously to complete fact and expert discovery. Given the additional two weeks Defendants will have had with Plaintiffs' expert reports, it can hardly be said that allowing Defendants 7 days after the expert depositions take place will pose a significant hardship, and certainly no more hardship than it imposes on Plaintiffs in having to respond during the same busy time period. But it does provide some relief to the Court, and the parties, by allowing the motions for the 14 untested experts to come in over a three-week period instead of all at once.

However, to the extent the proximity of the briefing to the trial date raises concerns for the Court, Plaintiffs suggest that the Court incentivize the parties to present all of their arguments in their opening briefs by only allowing replies on leave of Court.

***Motions in Limine***

With respect to motions in limine, they are unnecessary in a bench trial:

> Motions in limine are intended to prevent allegedly prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic. In a bench trial, such procedures are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk.

*Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001). Many other Courts agree.[3] Plaintiffs previously proposed to defendants that motions in limine not be

---

[3] *In re Watkins*, 343 F. App'x 245, 246 (9th Cir. 2009) ("in a bench trial, the need for an advanced ruling on a motion in limine to exclude evidence is 'generally superfluous' and unnecessary.") (quoting *United States v. Heller,* 551 F.3d 1108, 1112 (9th Cir.)); *Allan L. Frank Law Assocs., P.C. v. OOO RM Invest,* 2016 WL 9348064 at *1 (S.D. Fla. Nov. 30, 2016) ("[i]t is unnecessary, in bench trials, for a court to determine whether to exclude evidence prior to the start of trial ... [t]he rationale underlying pre-trial motions in limine does not apply in a bench trial").

filed. Defendants rejected that proposal. Given that motions in limine are not necessary, Plaintiffs believe that they should, at the very least, be included in the page limits proposed below.

### *Dispositive Motions*

Regarding the dispositive motions, Plaintiffs have proposed that the due date remain the same (as have the defendants) but, in recognition that Defendants have clarified their intention to file over 100 pages of briefing, Plaintiffs similarly request at least the standard 14 days to respond. Plaintiffs' proposal would have these motions briefed by October 12, 2020, which apparently Defendants do not believe is too late a date for the 20 *Daubert* motions that would be due under their proposed schedule.

### *Page Limits*

Plaintiffs proposed that each side be permitted **100 pages** for all pretrial motions to use as they see fit. Defendants are still unwilling to indicate a page limit they could agree to. Given the amount of time available for briefing and consideration of pretrial motions, and the limited need for such motions, a limitation on the number of pages is both reasonable and necessary.

Dated: August 17, 2020                                                      Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinnessKearse* <br> Anne McGinness Kearse (WVSB No 12547) <br> Joseph F. Rice <br> **MOTLEY RICE LLC** | /s/ *Paul T. Farrell,Jr.* <br> Paul T. Farrell, Jr. (WVSB Bar No. 7443) <br> **FARRELL LAW** |

2031857.2

| | |
|---|---|
| 28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Tel: 843-216-9000<br>Fax: 843-216-9450<br>akearse@motleyrice.com<br>jrice@motleyrice.com<br><br>Linda Singer<br>David I. Ackerman<br>**MOTLEY RICE LLC**<br>401 9th Street NW, Suite 1001<br>Washington, DC 20004<br>Tel:  202-232-5504<br>Fax:  202-386-9622<br>lsinger@motleyrice.com<br>dackerman@motleyrice.com<br><br>Charles R. "Rusty" Webb (WVSB No. 4782)<br>**The Webb Law Centre, PLLC**<br>716 Lee Street, East<br>Charleston, West Virginia 25301<br>Telephone: (304) 344-9322<br>Facsimile: (304) 344-1157<br>rusty@rustywebb.com | 422 Ninth Street, 3rd Floor (25701)<br>PO Box 1180<br>Huntington, West Virginia 25714-1180<br>Mobile: 304-654-8281<br>paul@farrell.law<br><br>/s/ *Anthony J. Majestro*<br>Anthony J. Majestro (WVSB No. 5165)<br>**POWELL & MAJESTRO, PLLC**<br>405 Capitol Street, Suite P-1200<br>Charleston, WV 25301<br>304-346-2889 / 304-346-2895 (f)<br>amajestro@powellmajestro.com<br><br>Michael A. Woelfel (WVSB No. 4106)<br>**WOELFEL AND WOELFEL, LLP**<br>801 Eighth Street<br>Huntington, West Virginia 25701<br>Tel. 304.522.6249<br>Fax. 304.522.9282<br>mikewoelfel3@gmail.com |

2031857.2

## CERTIFICATE OF SERVICE

      I certify that on August 17, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      /s/ *Anthony J. Majestro*

2031857.2