UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                                                                   Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

CABELL COUNTY COMMISSION,
     Plaintiff,

v.                                                                                      Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

## PLAINTIFFS' DISCOVERY STATUS REPORT

Plaintiffs, the City of Huntington and Cabell County Commission, respectfully submit the following status report with the intention of updating the Special Master as to the progress of this case.  *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).

**A. Discovery Status**

    **a. Document Production**

To date, over 1.5 million documents have been produced by third-parties and certain third-parties have continued to make discrete document productions.

The Parties, with the guidance of Special Master Wilkes, successfully negotiated two stipulations to address document authentication issues between Plaintiffs and AmerisourceBergen and Plaintiffs and Cardinal Health. Plaintiffs are in ongoing negotiations with McKesson and severed parties to develop stipulations as to the authenticity of documents. Plaintiffs have also

filed placeholder testimonial subpoenas for purposes of authentication in the event that the parties do not agree to stipulate to authenticity.

On July 27, 2020 Special Master Wilkes ruled on a Motion to Compel Production of Certain City of Huntington Documents. (Doc. # 801) On August 1, 2020, the City of Huntington filed an objection to this ruling to the extent it would require the City to produce certain highly-sensitive law enforcement information and documents provided to the City of Huntington by federal law enforcement agencies.[1] (Doc. # 820). On August 7, 2020, the FBI and DEA filed a motion for protective order regarding these same documents. (Doc. # 847). On August 18, 2020, the Special Master ruled that the FBI and DEA have until August 24, 2020 to conduct a privilege review and to designate a subset of documents deemed privileged for *in camera* review. (Doc. # 873). In sum, the issues raised in Plaintiffs' August 1, 2020 filing will be fully addressed by resolution of those privilege issues, rendering Plaintiff's objection moot.

### b. Fact Depositions

To date, a total of 82 fact depositions have taken place: 45 third-party depositions, 32 Plaintiff depositions (18 from the City and 14 from the County), and 5 Defendant depositions (one each from ABDC and McKesson; three from Cardinal). Eight third-party fact witness depositions have been noticed but have not yet taken place.

Only five Defendant depositions have taken place. However, Defendants AmerisourceBergen and Cardinal Health have agreed to present certain witnesses live at trial in lieu of providing these witnesses for deposition.[2]

---

[1] Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Special Master within 7 calendar days of the date it was filed." Order of Appointment (Dkt. 200). The City produced all other documents subject to this Order.
[2] ABDC has agreed to present three such witnesses at trial; Cardinal has agreed to two such witnesses.

As to McKesson, Plaintiffs' Motion to Allow Live Trial Testimony from Outside WV (Doc. # 794-0) addresses the issue of McKesson witnesses during trial. Defendants' response is Doc. # 844 and Plaintiffs' reply is Doc. # 865. The issue is ripe, fully briefed, and outstanding as to only McKesson. Should Plaintiffs enter into a stipulation with McKesson similar to their stipulations with Cardinal and ABDC, this Motion will be rendered moot.

### c. Expert Discovery

On August 3, Plaintiffs served their expert reports.[3] Together, Plaintiffs' twenty national and local experts cover topics including: the history and development of opioid prescription drugs; laws and regulations governing the pharmaceutical industry and distribution of controlled substances; opioid promotion, market strategy, and misrepresentations; analysis and validation of opioid data; supply of prescription opioids and its impact on the Community's public health and safety; rise of addiction and resulting harms prevalent in the Community including severe, and fatal or life-threatening conditions of opioid use disorder, overdose mortality, non-fatal overdose, and neonatal abstinence syndrome; and ways to abate or reduce the harms suffered by Plaintiffs' Community. Defendants' Expert reports are due August 27. Depositions are scheduled for September 1 through September 22, 2020.

### B. Outstanding Motions before Judge Faber

The following motions by Parties are fully briefed and are pending before by Judge Faber.

1. Proposed modifications to Scheduling Order 410 pursuant to Order 834, adjusting the remaining scheduling dates in light of the expert deadline extensions. Order issued August 6, 2020 (Doc. # 834) Defendants' Response re Order 834 (Doc. # 855). Plaintiffs' Motion Proposing Modifications to Scheduling Order 410 pursuant to Order 834 (Doc. # 856, Defendants' Opposition (Doc. # 859), and Plaintiffs' Reply (Doc. # 869).

---

[3] Fourteen of Plaintiffs' experts have either been deposed, provided expert reports or disclosures in other opioid litigation, testified at trial and/or been subject to CT1 Daubert Challenges. Specifically, experts Alexander, Keller, Keyes, Lembke, McCann, and McGuire were subject to, and survived, *Daubert* challenges in CT1.

2. Plaintiffs' Motion to Adopt Multidistrict Litigation Court's Order on Defendants' Controlled Substances Act Duties (Doc. # 0189-0). Subsequent related pleadings include Docs. # 190, 235, 236, 249, 362, 364, and 405.

3. Plaintiffs' Motion to Strike Defendants' Notices of Non-Party Fault (Doc. # 0224-0). Subsequent related pleadings include Docs. # 225, 256, 286, and 813.

4. Cardinal Health's Motion for Summary Judgement: Res Judicata and Release of Claims (Doc. # 0216-0). Subsequent related pleadings include Docs. # 217, 218, 219, 220, 242, 252, 267, and 285.

5. McKesson Corporation's Motion to Dismiss or for Summary Judgement on Res Judicata and Release Grounds (Doc. # 0222-0). Subsequent related pleadings include Docs. # 223, 242, and 253.

6. AmerisourceBergen Drug Corporation's Motion for Summary Judgement Based on Res Judicata (Doc. # 0226-0). Subsequent related pleadings include Docs. # 227, 242, 250, 267, and 285.

7. Defendants' Motion for Summary Judgment: Standing (Doc. # 0238-0). Subsequent related pleadings include Docs. # 287, 325, and 357.

8. Defendants' Motion for Summary Judgment: Statute of Limitations (0240-0). Subsequent related pleadings include Docs. # 241, 288, and 356.

Dated:  August 20, 2020                                          Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No. 12547) | Paul T. Farrell, Jr., Esq. (WVSB No. 7443) |
| **MOTLEY RICE LLC** | **FARRELL LAW** |
| 28 Bridgeside Blvd. | P.O. Box 1180 |
| Mount Pleasant, SC 29464 | Huntington, WV 25714-1180 |
| Tel:  843-216-9000 | 422 Ninth Street, 3rd Floor |
| Fax:  843-216-9450 | Huntington, West Virginia 25701 |
| akearse@motleyrice.com | office: 304.523.7285 |
| | cell: 304.654.8281 |
| | email: paul@farrell.law |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2020, the foregoing was filed electronically via the CM/ECF electronic filing system on May 4, 2020 and served on all counsel registered in the system and on all counsel via email to plaintiffs' listserv at mdl2804discovery@motleyrice.com and defendants' listservs at track2opioiddefendants@reedsmith.com.

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)
**MOTLEY RICE LLC**
