**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION,  *et al.* | |
| Defendants. | |
| ——————————————— | |
| CABELL COUNTY COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| AMERISOURCEBERGEN DRUG CORPORATION,  *et al.* | |
| Defendants. | |

<u>**DEFENDANTS' TWELFTH DISCOVERY STATUS REPORT**</u>

For the benefit of the Special Master and the information of the Court, Defendants submit

their twelfth biweekly discovery status report pursuant to the Court's request during the March 5,

2020 status conference.  *See* Status Conf. Tr. 41:15-23 (Mar. 5, 2020).[1]

Discovery continues to focus on experts and the completion of third-party fact discovery.

The parties have agreed on deposition dates in September for the majority of Plaintiffs' experts,

and Defendants will serve expert reports on August 27.  Defendants also continue to make progress

---

[1] Consistent with discussion at the status conference, this filing is not a vehicle to seek any relief
from the Court and any necessary motions will be filed separately.  Rather, this report is simply to
update the Special Master on the progress of the case as the Court monitors the overall schedule
and plans for the litigation.

on remaining third-party depositions. Twelve third-party witnesses have been deposed since Defendants' August 11 status report and several more are scheduled for this week. Defendants fully expect to complete the necessary third-party depositions before trial. Because of the significant fact-discovery delays caused by the COVID-19 pandemic, however, Defendants will likely need to submit supplemental expert reports following the August 27 deadline, although that issue is not yet ripe.

## I.    Fact Discovery

As reported in previous status reports, only two depositions of Plaintiffs' witnesses remain outstanding due to personal and family health issues. The parties have agreed to future depositions for trial witnesses who have not been deposed previously in any opioid litigation.

Defendants have made progress in completing outstanding third party depositions, although some work remains. In particular, the parties received voluminous productions from Marshall University and Marshall Health (approximately 500,000 pages) on July 27, and from the State of West Virginia (Department of Health and Human Resources (DHHR (over 1.6 million pages) on July 30. By agreement of the parties, the remaining third-party depositions are proceeding past the formal deadline for fact discovery. These depositions include key witnesses from the West Virginia Board of Medicine and other West Virginia state agencies. The parties are working to schedule the remaining depositions.

Defendants' May 15 motion for discovery responses from the West Virginia Bureau for Children and Families (BCF) remains fully briefed. ECF Nos. 430, 431. The documents in question were among those produced from DHHR. Defendants offered to have their vendor process the documents, to which Plaintiffs agreed, and progress is being made. No action from the Court is currently required.

All Defendants have now entered into stipulations with Plaintiffs such that no further depositions of Defendant witnesses are expected to take place in this action. The stipulation with McKesson (ECF No. 879) also moots Plaintiffs' Motion to Allow Live Trial Testimony from Outside WV. ECF No. 794.

## II.    Expert Discovery

On August 3, Plaintiffs served 20 expert reports totaling over 2,000 pages. Defendants are preparing to take the depositions of these experts between September 1 and September 22. Defendants have accepted the majority of dates offered by Plaintiffs, and negotiations as to the balance are ongoing. Defendants will serve their expert reports this week on August 27, and will confer with Plaintiffs on deposition dates for those witnesses.

Plaintiffs note in their August 20 discovery status report that six of the experts they disclosed in this case (Alexander, Keller, Keyes, Lembke, McCann, and McGuire) previously survived *Daubert* challenges in Track One. ECF No. 877 at 3 n.3. This is misleading. First, the *Daubert* motion in Track One for Drs. Lembke and Keyes was partially granted as to "marketing causation" opinions that are essentially repeated in their expert reports in this case. Op. and Order Granting in Part Defs.' Mot. to Exclude Marketing Causation Ops. of Schumacher, Lembke, and Keyes at 2, In re Nat. Opioid Lit., No. 1:17-md-2804 (N.D. Ohio Aug. 28, 2019), ECF No. 2549. Second, Plaintiffs omitted the fact that a *Daubert* motion was partially granted in Track One as to James Rafalski, another expert offered again in this case. Op. and Order Regarding Defs.' Mots. to Exclude Ops. of James Rafalski and Craig McCann at 1, In re Nat. Opioid Lit., No. 1:17-md-2804 (N.D. Ohio Aug. 20, 2019), ECF No. 2494. Third, four of the six experts listed by Plaintiffs (Keller, Keyes, Lembke, and McCann), along with Mr. Rafalski, are the subject of ongoing hearings requested by Judge Garguilo in New York under the comparatively less stringent *Frye* standard for expert admissibility. Finally, most of these experts' reports contain opinions that were

not disclosed in their Track One reports and have never been tested by a *Daubert* motion.

Defendants have not yet determined which, if any, experts will be subject to *Daubert* challenges.

If such challenges are raised, Defendants will address any relevant Track One rulings in the context

of that briefing.

Dated: August 25, 2020

Respectfully Submitted,

**McKesson Corporation**
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5281
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

**AmerisourceBergen Drug Corporation**
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

**Cardinal Health, Inc.**
By Counsel:

*/s/ Brian A. Glasser*
Brian A. Glasser (WVSB #6597)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
BAILEY GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
*Counsel in Cabell County action*

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel:  (202) 434-5000

Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 25th day of August, the foregoing **"Defendants' Twelfth Discovery Status Report"** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jeffrey M. Wakefield
Jeffrey M. Wakefield (WVSB #3894)