```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

**THE CITY OF HUNTINGTON,**

    **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 3:17-01362**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    **Defendants.**
_____

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    **Defendants.**
_____

## MEMORANDUM OPINION AND ORDER

On August 6, 2020, and over plaintiffs' objection, the court granted Defendants' Expedited Motion to Modify Expert Discovery Deadlines.  See ECF No. 834.  In so doing, the court extended the deadline for defendants' expert reports to August 27, 2020, and the deadline for completion of expert witness depositions to September 22, 2020.  The court also directed the parties to confer regarding whether any additional changes needed to be made to the existing scheduling order given the extension of the two deadlines noted above.  The court emphasized that any new

proposed deadlines should not affect the trial date of October 19, 2020.

The parties were unable to come to any agreement regarding proposed changes to the scheduling order. Defendants maintain that there is "very little room to adjust pretrial deadlines '<u>without</u> moving the October 19, 2020 trial date'". ECF No. 855 at 2 (quoting ECF No. 834) (emphasis in original). Defendants do, however, propose a slight extension of the deadline for filing <u>Daubert</u> motions.

Plaintiffs filed a motion proposing a modification of the deadlines in the scheduling order, as well as asking for a number of additional restrictions on the filing of various motions. <u>See</u> ECF No. 856. Among their requests, plaintiffs ask for a rolling deadline for filing <u>Daubert</u> motions as well as a limit on the total number of pages available to each side for both dispositive and <u>Daubert</u> motions. Having considered the submissions of all parties, the court hereby **ORDERS** as follows:

1) <u>Settlement meeting and Rule 26(a)(3) disclosures</u>:

(a) <u>Settlement meeting.</u> No later than September 23, 2020, parties and their counsel shall meet to conduct settlement negotiations. Lead trial counsel for Plaintiffs shall take the initiative in scheduling such meeting, all other counsel shall cooperate in the effort to achieve a successful negotiation and

2

settlement. Counsel must be prepared at the pretrial conference to certify that they tried in their meeting to settle the case.

(b) Rule 26(a)(3) disclosures. If the case is not settled at the meeting, and if there is no order or stipulation to the contrary, counsel shall make all Rule 26(a)(3) disclosures at the meeting.

2) *Daubert* Motions:

(a) Defendants' Daubert motions are due by September 29, 2020. Responses are due by October 9, 2020. Replies, if any, are due by October 16, 2020.

(b) Plaintiffs' Daubert motions are due by October 6, 2020. Responses are due by October 16, 2020. Replies, if any, are due by October 23, 2020.

3) Dispositive Motions:

The deadline for filing dispositive motions remains September 22, 2020. Responses are due by October 6, 2020. Replies, if any, are due by October 13, 2020.

4) Motions in Limine:

Pretrial motions in limine are not required as the court will reserve all rulings on the admissibility of evidence until trial. If, however, a party wishes to file a motion in limine prior to trial, any written response will not be due until three (3) business days after that witness and/or evidence is presented

3

at trial. The parties are directed to submit as part of the pretrial order a section that outlines any anticipated evidentiary objections.

    5) <u>Proposed Integrated Pretrial Order</u>:

The Plaintiffs' portion of the proposed integrated pretrial order shall be submitted to opposing counsel by September 30, 2020, who shall then prepare and complete the opposing portion thereof and submit the proposed integrated pretrial order, signed by all counsel, to the court for entry no later than October 7, 2020. The proposed integrated pretrial order, signed by all counsel, shall set forth the matters listed in L. R. Civ. P. 16.7(b), including any objections to Fed. R. Civ. P. 26(a)(3) disclosures.

    6)   <u>Pretrial conference</u>:

A final pretrial conference shall be held at 10:00 a.m. on October 14, 2020, in Charleston, at which lead trial counsel for represented parties shall appear, fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone. Given concerns with COVID-19, at a later date, the court will provide further instructions regarding whose attendance is necessary.

7) <u>Pretrial order</u>:

Following the pretrial conference, the judicial officer shall enter a final pretrial order, which shall be modified only to prevent manifest injustice.

8) <u>Proposed findings of fact and conclusions of law</u>:

No later than October 12, 2020, counsel shall submit to the judicial officer proposed findings of fact and conclusions of law. Counsel shall exchange copies of the proposals prior to submission to the judicial officer. Unless ordered by the judicial officer, such submissions shall not be filed and made a part of the record. The court will ask for periodic updates to the proposed findings of fact and conclusions of law as the trial progresses.

9) <u>Other matters</u>:

   (a) The court declines to impose a total page limit on the parties. The provisions of Local Rule of Civil Procedure 7.1 remain in effect.

   (b) Any motion that is filed which touches on a ruling of the MDL court should so indicate. The motion should clearly state that it raises an issue similar or identical to one raised in the MDL court. In so doing, the parties should incorporate a footnote on the first page of the motion in the following form: **"JONATHAN GRUBER WAS THE SUBJECT OF A <u>DAUBERT</u> MOTION FILED IN THE**

**MDL COURT.  JUDGE POLSTER DENIED THE <u>DAUBERT</u> MOTION."**

A copy of the MDL ruling should be attached as the first exhibit to the motion and the movant should address why West Virginia (or some other law) counsels a different result in these cases.

(c) The court will not hold a final settlement conference in this case unless all parties request one. <u>See</u> L.R. Civ. P. 16.7(e).

All deadlines unaffected by this Order remain in full force and effect.  Insofar as this motion grants certain relief requested by plaintiffs' motion, see ECF No. 856, it is **GRANTED**.  That motion is **DENIED** in all other respects.

The Clerk is directed to send copies of this Order to counsel of record.

**IT IS SO ORDERED** this 28th day of August, 2020.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge

6