IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>　　　Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>　　　Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>　　　Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>　　　Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

### THIRD ORDER REGARDING MOTION OF THE FBI AND DEA FOR A PROTECTIVE ORDER

　　The Drug Enforcement Administration ("DEA") and the Federal Bureau of Investigation ("FBI") moved this Court for an order preventing disclosure of approximately 3,500 unspecified documents subject to the Court's July 27, 2020 Order ("July 27 Order"), Dkt. No. 801, and permitting the United States 45 days to review the documents at issue. The documents at issue are in the possession, custody, or control of Plaintiff the City of Huntington, and involve law enforcement information. The Court had previously ordered these documents produced under a Highly Confidential–Attorneys' Eyes Only ("AEO") designation, after finding that Huntington had not demonstrated that the withheld documents were privileged. *See* Dkt. No. 801. On August

14th, 2020 the Special Master held a telephonic hearing on the Motion, Dkt. No. 847, and ordered the following:

    1.    The DEA and FBI will have ten (10) days, or until Monday, August 24, 2020, to review the documents at issue for privilege concerns.

    2.    The DEA and FBI will group the documents at issue based on privilege concerns, including (1) documents under court seal; (2) contested documents the DEA and FBI assert are privileged and should be withheld; and (3) documents that can be produced as-is or redacted and then produced.

    3.    Following the ten-day period for review, the DEA and FBI will designate for *in camera* review by the undersigned a subset of the documents that the DEA and FBI assert are privileged and should be withheld.

    4.    To the extent the DEA and FBI determine during their review that documents are not privileged and can be produced under the Highly Confidential–Attorneys' Eyes Only designation, the DEA and FBI will produce those documents on a rolling basis.

On September 17th, 2020 the FBI and DEA filed Notice Dkt. No. 987 of their review of a second group of documents furnished by Plaintiff on August 17th, 2020. In that Notice the agencies explained that the reviewed documents were broken down into seven categories based on privilege asserted or documents appropriate for production consistent with the previously ordered protections. Also, on September 17th, the FBI and DEA provided the Special Master with examples from categories one through six for *in camera* review (category seven was documents appropriate for production).

The Special Master undertook review of the documents and makes the following Findings:

1. Exhibit 1 is a list of documents identified as under court seal or likely under court seal. After review of the documents provided the Special Master finds that this objection to production is sustained. The documents not only contain information clearly justifying sealing, many indicate being under seal on their face. As indicated in the phone hearing documents under court seal would not be ordered to be produced. The Special Master also finds the information contained in the documents has little if any importance to Defendants' case.

2. Exhibit 2 is a list of documents identified as relating to likely ongoing law enforcement investigations.  At the onset it should be noted that Defendants excluded this type of information from their request. After review this objection to production is sustained. Not only from the date of the documents but also from the content the documents show recent or continuous activity taking place.

3. Exhibit 3 is a list of documents subject attorney-client, deliberative process and government work product privileges. After review this objection to production is sustained. The documents include requests from law enforcement officers for legal advice and exchanges of information that are clearly deliberative thought processes on application of the law in investigations.

4. Exhibit 4 is a list of documents identified as subject to the law enforcement privilege. After review this objection to production is sustained. The examples provided contain extremely sensitive information and redaction of that information would render certain of the documents at times virtually nonsensical. The documents reviewed include enforcement techniques and further information that if released pose the threat of harm not only to individuals but also enforcement effectiveness.

    Further the information contained in the documents bear little if any relevance to the case at bar and the Special Master finds they have little if any importance to Defendants' case.

5. Exhibit 5 is a list of documents identified that contain the identity of undercover agents and confidential informants or information that could lead to their identity. After review this objection to production is sustained. Upon examination these documents contain information of names and times and places when undercover buys or activities were conducted which could expose the identities of the individuals involved, also certain of the examples appear to under court seal. Further the information contained in the documents have little if any relevance to the case at bar and the Special Master finds they have little if any importance to Defendants' case.

6. Exhibit 6 is a list of documents that contain DEA and FBI operational plans which the agencies claim are subject to the law enforcement privilege and disclosure of which could also lead to the identification of confidential informants and undercover agents. After review this objection to production is sustained. The documents provided include highly sensitive information containing identities of agents and confidential informants. Also provided were operational plans for strategy and raids to be conducted along with technical details. This information would have little if any importance to Defendants' case.

  Having found that the documents submitted for *in camera* review justified the privilege

asserted by the FBI and DEA it appears the agencies have undertaken a good faith review of the documents previously Ordered to be produced. The Special Master has been advised that no documents remain to be reviewed.

    Therefore, the previously granted Protective Order remains in effect.

    The Clerk is directed to transmit copies of this Order to those counsel of record who have registered to receive an electronic NEF.

    Respectfully submitted,

                                                  Christopher Wilkes
                                                  Special Master

Dated: September 21st, 2020