IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01665 |

**JOINT MOTION FOR ENTRY OF A TRIAL EXHIBIT STIPULATION**

The parties jointly submit this Joint Motion for Entry of a Trial Exhibit Stipulation, which requests entry of the Proposed Order attached as Exhibit A. The Proposed Order will establish the procedure and schedule for disclosing, producing, and objecting to exhibits that will be used at the bench trial currently set to start on October 19, and also sets forth a supplemental procedure for disclosing witnesses during that trial. This Proposed Order will replace the current exhibit list schedule—under which exhibit lists are currently due on September 23 and objections are due on October 7—with a process under which initial disclosures of exhibit lists will be due on October 2 and disclosures of objections will be made on a rolling basis at trial.

The parties submit that because discovery is ongoing, an extension of the exhibit list disclosure deadline to October 2 is warranted, and that, a rolling process for objecting to exhibits should be adopted.  The Proposed Order implements this approach and sets forth a procedure under which the parties will disclose non-authenticity objections to exhibits the night before they will be offered into evidence.  Under this approach, the parties will only be required to disclose objections to exhibits the other party intends to offer into evidence the following day, and the parties will be required to meet-and-confer about those objections before they are offered.  However, this agreement also contemplates the Parties' ability to request certain limited advance rulings on a subset of the exhibits included in the Parties' exhibit lists.  This approach will likely result in more productive meet-and-confers with fewer objections needing to be resolved by the Court.  For this reason, the parties expect that the Proposed Order will reduce burden on both the parties and the Court and result in efficiencies at the upcoming trial.

Although the parties were able to come to an agreement on almost all of the language in the Proposed Order, they were not able to agree on whether the parties should be required to disclose exhibits to be used with adverse witnesses called in a parties' case-in-chief the night before such witnesses are called on direct examination.  Both parties agree that as a general matter, exhibits used with witnesses on direct examination will be disclosed the night before the witness is called, and that process is set forth in § III.A and § V of the Proposed Order.  Plaintiffs propose, however, that exhibits should not be disclosed for adverse witnesses called in their case- the night before those witnesses are called on direct because adverse witness direct examinations are similar to cross examinations, for which both parties agree exhibits need not be disclosed the night before.  Defendants do not agree that a direct examination of an adverse witness called in a party's case-in-chief should be treated as a cross examination for the purposes of exhibit

disclosures.  Defendants believe that a party calling an adverse witness in their case in chief should be subject to the disclosures required for direct examinations because disclosing such exhibits the night before will preserve the Court's resources by permitting any objections to be resolved in advance of the examination, and submit that exhibits should be disclosed the night before for adverse witnesses called in the parties' case-in-chief.    The respective language requested by each party is contained in footnotes 6 and 8 of the Proposed Order, and the parties request that the Court decide and adopt the procedure that the Court prefers.

Accordingly, the parties jointly request the Court so-order the Proposed Order attached as Exhibit A, but request that the Court decide whether to adopt Plaintiffs' or Defendants' proposal in footnotes 6 and 8.

Dated: September 21, 2020

Respectfully Submitted,
Plaintiffs,

THE CITY OF HUNTINGTON and
CABELL COUNTY COMMISSION

/*s/ Paul T. Farrell, Jr.*  (WVSB No. 7443)
**FARRELL LAW**
422 Ninth St., 3rd Floor
Huntington, WV 25714-1180
Tel: 304-654-8281
paul@farrell.law

Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Carol Dan Browning*
Carol Dan Browning
Stites & Harbison, PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky  40202
Telephone:  (502) 587-3400
Facsimile:  (502) 587-6391
cbrowning@stites.com

*/s/ Timothy C. Hester*
Timothy C. Hester
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC

4

Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Steven R. Ruby*
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@csdlawfirm.com
rfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel:  (202) 434-5000

5

Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 21st day of September, the foregoing "JOINT MOTION FOR ENTRY OF A TRIAL EXHIBIT STIPULATION" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
