UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CITY OF HUNTINGTON,<br>    Plaintiff,<br>v.<br>AMERISOURCE BERGEN DRUG<br>CORPORATION, et al.,<br>    Defendants. | Civil Action No. 3:17-cv-01362 |
| CABELL COUNTY COMMISSION,<br>    Plaintiff,<br>v.<br>AMERISOURCE BERGEN DRUG<br>CORPORATION, et al.,<br>    Defendants. | *Consolidated case:*<br>Civil Action No. 3:17-cv-01665 |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE, TESTIMONY, STATEMENTS, OR ARGUMENTS PERTAINING TO ANY PAYMENTS THE PLAINTIFFS RECEIVED FROM COLLATERAL SOURCES**

## TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** .........................................................................................iii

**FACTUAL INTRODUCTION** ........................................................................1

**ARGUMENT**............................................................................................................2

**CONCLUSION** ...........................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Baltimore Neighborhoods, Inc. v. LOB, Inc.*,
    92 F. Supp. 2d 456, 465 n. 9 (D. Md. 2000)................................................6

*Central West Virginia Regional Airport Authority, Inc. v.*
*Triad Engineering, Inc., et al.*,
    Civil Action No. 15-C-1022 KAN (File and Serve Trans. ID. 62962840)
    (W.Va. MLP Feb. 12, 2019)........................................................................4-5

*City of Milwaukee v. NL Industries*,
    315 Wis.2d 443, 486, 762 N.W.2d 757, 778 (Wis. App. 2008)....................5

*Columbia Gas Transmission LLC v. U.S.*,
    2016 WL 503195 (S.D. W.Va. Feb. 8, 2016) ...............................................3

*Kenney v. Liston*,
    233 W. Va. 620, 626, 760 S.E.2d 434, 440 (2014) ..............................*passim*

*La. DOT & Dev. v. Kan. City S. Ry. Co.*,
    846 So. 2d 734, 743 (La. 2003)...................................................................6

*McLaughlin v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.*,
    31 Wis.2d 378, 143 N.W.2d 32 (1966)........................................................5

*Merz v. Old Republic Insurance Co.*, 5
    3 Wis.2d 47, 191 N.W.2d 876 (1971).........................................................5

*Rixmann v. Somerset Public Schools*,
    83 Wis.2d 571, 266 N.W.2d 326 (1978)......................................................5

*Roundhouse v. Owens-Illinois, Inc.*,
    604 F.2d 990 (6th Cir. 1979).......................................................................5

*Thoreson v. Milwaukee and Suburban Transport Co.*,
    56 Wis.2d 231, 201 N.W.2d 745 (1972)......................................................5

*Town of East Troy v. Soo Line R. Co.*,
    653 F.2d 1123, 1132 (7thCir. 1980) ............................................................5

**Constitutional Provisions, Statutes and Rules:**

Federal Rule of Evidence 104(a) ............................................................................1

Federal Rule of Evidence 401........................................................................ *passim*

Restatement (Second) of Torts § 920A, cmt. b.....................................................4

Plaintiffs, pursuant to Federal Rule of Evidence 104(a), file this Motion *in limine* to preclude the Defendants from introducing any evidence, testimony, statements or arguments pertaining to any payments the Plaintiffs received from collateral sources.

## FACTUAL INTRODUCTION

Based on certain expert witness reports and testimony, it has become apparent that the Defendants intend to present evidence and argue that the Plaintiffs cannot include as part of their abatement plan any sums that might otherwise be paid for by sources other than the Plaintiffs including funds received from charitable or governmental grants. For example, Defendants' expert Robert J. Rufus opines that Plaintiffs' expert, Dr. Alexander:

> fails to consider available funding via federal and state grants for the treatment of substance use disorders, as well as for other programs he describes. The evidence would suggest that sufficient grant funding has been available to cover the successful response of intervention programs previously described, and neither county general funds or budget surpluses have been utilized or needed to pay for these programs.[1]

Mr. Rufus's expert report further notes that, "as of December 20, 2019, the state of West Virginia 'has received $147,356,427 in federal funds to address the opioid abuse epidemic. An additional $58,908,723 in state funds have also been allocated since July 2016 to support the state's response to this crisis."[2] Additionally,

---

[1] *See* August 27, 2020 Expert Report of Robert F. Rufus at 47 (Exhibit 1).

[2] *Id.* at 47-48 (citing Christina Mullins Depo., p. 107, & Dep. Ex. 5).

Mr. Rufus opines that Dr. Alexander "fails to consider the expanded coverage for SUD and OUD treatment under the 1115 Substance Use Disorder Medicaid Waiver" noting that "[i]n 2017 alone, Medicaid paid for $89.9 million in opioid use disorder related treatment."[3] Mr. Rufus further notes that "interventions for Opioid Use Disorder (OUD) treatment and family welfare services, which are administered by the West Virginia Department of Health & Human Resources, and federal programs such as Medicaid and Medicare, amount to $2.1 billion of the total $2.6 billion quantified by Mr. Barrett."[4] The issue of collateral source payments has also been raised by defense experts Stephanie W. Colston[5] and James Hughes, Ph.D.[6]

West Virginia law precludes such evidence from being used to reduce the responsibility of culpable defendants to abate the nuisance they have caused. The Defendants should be precluded from presenting any such evidence as it would be irrelevant evidence which is not admissible under Fed. R. Evid. 401.

## ARGUMENT

"Irrelevant evidence is not admissible." Fed. R. Evid. 401. To be relevant, evidence must have "any tendency to make a fact more or less probable," and the fact

---

[3] *Id.* at 48.

[4] *Id.* at 47.

[5] *See* August 27, 2020 Expert Report of Stephanie W. Colston at 18-21 (opining that Cabell County and the City of Huntington have working programs addressing the opioids abuse crisis that are primarily funded through federal grants and other sources of funding) (Exhibit 2).

[6] *See* August 27, 2020 Expert Report of James Hughes, Ph.D. at 9-18 (opining that two of the larges plan sponsors in West Virginia are West Virginia Medicaid and PEIA, which provide health care coverage to certain patient groups) (Exhibit 3).

2

must be "of consequence in determining the action." *Id.* The Advisory Committee Notes provide further guidance, stating:

> Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Does the item of evidence tend to prove the matter sought to be proved? Whether the relationship exists depends upon principles evolved by experience or science, applied logically to the situation at hand.

*Columbia Gas Transmission LLC v. U.S.*, No. 3:14-11885, 2016 WL 503195 (S.D. W.Va. Feb. 8, 2016) (quoting Fed. R. Evid. 401, advisory committee note on proposed rule).

In West Virginia, as a matter of substantive law, the collateral source rule prevents evidence of payments from sources other than the culpable defendants. *Kenney v. Liston*, 233 W. Va. 620, 626, 760 S.E.2d 434, 440 (2014). In *Liston,* the Court upheld a broad collateral source rule on both substantive and evidentiary grounds. 233 W. Va. at 627, 760 S.E.2d at 441. The Court explained:

> The collateral source rule is a long-standing principle in West Virginia law and has been a staple of American tort law since before the Civil War... The collateral source rule protects payments made to or benefits conferred upon an injured party from sources other than the tortfeasor by denying the tortfeasor any corresponding offset or credit against the injured party's damages. Even though these collateral sources mitigate the injured party's loss, they do not reduce the tortfeasor's liability.

233 W. Va. at 626, 760 S.E.2d at 440 (quotations and footnotes omitted). The *Liston* Court set forth an extensive list of examples:

> Examples of collateral sources that are inadmissible to reduce a defendant's liability, in both our jurisprudence and that of other states, are legion. Benefits to a plaintiff protected by the collateral source rule come from sources as diverse as life insurance, health insurance, accident insurance, workers' compensation, sick pay, vacation pay, gratuitous nursing care by a relative, charity, remarriage, disability

3

> insurance, veteran's and military hospitals, tax savings, private or government pension programs such as Social Security, or other government programs like Medicare and Medicaid.

233 W.Va. 620 at 628–30, 760 S.E.2d at 442–44 (quotations and footnotes omitted).

The *Liston* Court emphasized these listings were only illustrative: "This list is not absolute. . . . .'The law does not differentiate between the nature of the benefits, so long as they did not come from the defendant or a person acting for him.'" *Id.* at n. 25 (quoting Restatement (Second) of Torts § 920A, cmt. b). The rule applies even absent subrogation. *Liston,* 233 W. Va. at 628, 760 S.E.2d at 442 ("the rule applies to insurance not involving subrogation, such as life or health policies" (quoting Restatement (Second) of Torts § 920A, cmt. c)). The rule also applies to gratuitous payments from third parties. *Id.* at syl. pts. 4-5.

Syllabus point 4 succinctly sets forth *Liston's* holding:

> The rule that collateral source benefits are not subtracted from a plaintiff's recovery applies to proceeds or benefits from sources such as insurance policies, whether maintained by the plaintiff or a third party; employment benefits; services or benefits rendered gratuitously (whether free, discounted, or later written off); and social legislation benefits. *The law does not differentiate between the nature of these collateral source benefits, so long as they did not come from the defendant or a person acting for the defendant.*

*Id.* (emphasis added).

The West Virginia Mass Litigation Panel has applied the collateral source rule to a governmental plaintiff (an airport authority) suing private defendants in a construction defect case where the defendants sought to introduce evidence of non-recourse grant payments for repairs made to the airport by the Federal Aviation Administration. *Central West Virginia Regional Airport Authority, Inc. v. Triad*

4

*Engineering, Inc., et al.*, Civil Action No. 15-C-1022 KAN (File and Serve Trans. ID. 62962840) (W.Va. MLP Feb. 12, 2019) (Exhibit 4). The present case is roughly analogous.

Although no West Virginia court has yet had occasion to apply the collateral source rule in a nuisance action, other courts in jurisdictions with similarly robust collateral source rules have had no hesitation about applying the rule to nuisance abatement actions and government grants, and excluding evidence of collateral source payments. As the Seventh Circuit noted:

> If the Town has obtained a windfall, such is the routine result of application of the collateral source rule. In *Rixmann v. Somerset Public Schools*, 83 Wis.2d 571, 266 N.W.2d 326 (1978), reimbursement of medical expenses by plaintiff's insurer did not prevent plaintiff's full recovery from defendant. See also *Thoreson v. Milwaukee and Suburban Transport Co.*, 56 Wis.2d 231, 201 N.W.2d 745 (1972); *Merz v. Old Republic Insurance Co.*, 53 Wis.2d 47, 191 N.W.2d 876 (1971); and *McLaughlin v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.*, 31 Wis.2d 378, 143 N.W.2d 32 (1966), for the proposition that plaintiff's recovery will not be reduced because of reimbursement by an independent source for damages caused by defendant. *There is no question that Wisconsin law prefers double recovery for a plaintiff to allowing a defendant to avoid paying for the consequences of his or her wrongful acts.* Similarly, in *Roundhouse v. Owens-Illinois, Inc.*, 604 F.2d 990 (6th Cir. 1979), the Sixth Circuit ruled that receipt of federal funds in partial reimbursement of plaintiff's loss did not bar recovery of the full amount of damages caused by defendant's conduct. It is not our task to analyze the wisdom of the collateral source rule. Having determined that the rule is the law of the state, it is eminently clear that the Town was entitled to recover its full damages and that Soo Line was properly prevented from possibly creating jury bias in its favor by mentioning or producing evidence of the HUD grant to the Town.

*Town of East Troy v. Soo Line R. Co.*, 653 F.2d 1123, 1132 (7th Cir. 1980) (emphasis added); *see also City of Milwaukee v. NL Industries*, 315 Wis.2d 443, 486, 762 N.W.2d 757, 778 (Wis. App. 2008) (while finding error harmless, the Court concluded that the

5

admission of evidence of collateral sources of funds (e.g., federal and state grants) that the Milwaukee Health Department received to help finance its abatement and prevention programs was error).

Other Courts have confirmed the applicability of the rule to government grants outside the context of nuisance cases. *See, e.g., Baltimore Neighborhoods, Inc. v. LOB, Inc.*, 92 F. Supp. 2d 456, 465 n. 9 (D. Md. 2000) (refusing to exclude federal grant money from damages award); *La. DOT & Dev. v. Kan. City S. Ry. Co.*, 846 So. 2d 734, 743 (La. 2003) (collateral source rule applies even when source is federal or state funding). These rulings are entirely consistent with *Liston,* which expressly identifies federal funding and benefits as collateral sources – holding broadly that all payments from third parties are collateral sources. 233 W. Va. at 628–30, 760 S.E.2d at 442–44.

Defendants are likely to summon the specter of "double recovery" as a basis for attempting to prevent the proper submission of the full scope of the Plaintiffs' abatement plan. Such an argument ignores that the very existence of a collateral source means there will be a windfall either way. In such a circumstance, West Virginia law expressly favors the victim of wrongdoing:

> The collateral source rule is designed to strike a balance between two competing principles of tort law: (1) a plaintiff is entitled to compensation sufficient to make him whole, but no more; and (2) a defendant is liable for all damages that proximately result from his wrong. A plaintiff who receives a double recovery for a single tort enjoys a windfall; a defendant who escapes, in whole or in part, liability for his wrong enjoys a windfall. Because the law must sanction one windfall and deny the other, it favors the victim of the wrong rather than the wrongdoer.

6

*Liston,* 233 W. Va. at 631, 760 S.E.2d at 445 (citations and quotations omitted). Succinctly stated, the collateral source doctrine operates to preclude the utilization of collateral source payments—including nonprofit, state and federal grants— to offset Defendants' responsibility.[7] *Liston*, 233 W. Va. at 627, 760 S.E.2d at 441.

Therefore, this Court, applying West Virginia substantive law, should find that charitable and government grants are collateral sources which cannot be used to decrease the Defendants' responsibility to abate the public nuisance they created. As such, any evidence regarding the collateral sources are not of consequence to this action and are irrelevant under Rule 401(b) and should be precluded.

## CONCLUSION

The Court should grant Plaintiffs' Motion *in Limine* to Preclude Evidence, Testimony, Statements or Arguments Pertaining to Any Payments the Plaintiffs Received from Collateral Sources.

---

[7] Of course, to the extent that the collateral source payments are themselves subject to subrogation, Plaintiffs will not receive a windfall where they are obliged to reimburse the collateral source.

Dated: September 22, 2020                    Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No 12547) | Paul T. Farrell, Jr. (WVSB Bar No. 7443) |
| Joseph F. Rice | **FARRELL LAW** |
| **MOTLEY RICE LLC** | 422 Ninth Street, 3rd Floor (25701) |
| 28 Bridgeside Blvd. | PO Box 1180 |
| Mount Pleasant, SC 29464 | Huntington, West Virginia 25714-1180 |
| Tel: 843-216-9000 | Mobile: 304-654-8281 |
| Fax: 843-216-9450 | paul@farrell.law |
| akearse@motleyrice.com | |
| jrice@motleyrice.com | */s/ Anthony J. Majestro* |
| | Anthony J. Majestro (WVSB No. 5165) |
| Linda Singer | **POWELL & MAJESTRO, PLLC** |
| David I. Ackerman | 405 Capitol Street, Suite P-1200 |
| **MOTLEY RICE LLC** | Charleston, WV 25301 |
| 401 9th Street NW, Suite 1001 | 304-346-2889 / 304-346-2895 (f) |
| Washington, DC 20004 | amajestro@powellmajestro.com |
| Tel: 202-232-5504 | |
| Fax: 202-386-9622 | Michael A. Woelfel (WVSB No. 4106) |
| lsinger@motleyrice.com | **WOELFEL AND WOELFEL, LLP** |
| dackerman@motleyrice.com | 801 Eighth Street |
| | Huntington, West Virginia 25701 |
| | Tel. 304.522.6249 |
| | Fax. 304.522.9282 |
| Charles R. "Rusty" Webb (WVSB No. 4782) | mikewoelfel3@gmail.com |
| **The Webb Law Centre, PLLC** | |
| 716 Lee Street, East | |
| Charleston, West Virginia 25301 | |
| Telephone: (304) 344-9322 | |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

8

## CERTIFICATE OF SERVICE

  I certify that on September 22, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  This filing will also be served on all parties by email to Track2OpioidDefendants@ReedSmith.com, MDL2804Discovery@motleyrice.com, and CT2_Opioid_Team@mail-list.com.

               /s/ *Anthony J. Majestro*

9