# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' IMPROPERLY OBTAINED <u>STATEMENT OR LETTER FROM DEA</u>**

I.     **INTRODUCTION**

On Friday, September 25, Plaintiffs contacted DEA to request that DEA submit a "clear statement" on a "key issue" in this case on which Plaintiffs have identified supposed "inconsistenc[ies]" in DEA's 30(b)(6) testimony given nearly 18 months ago. This request, nearly two months after fact discovery closed in this case, is a clearly inappropriate attempt by Plaintiffs to change DEA's sworn deposition testimony—testimony given at a deposition in which Plaintiffs' lawyers attended and extensively questioned the DEA witness. The Court already denied motions by Defendants (and Plaintiffs) for further discovery from DEA, and it is not proper for Plaintiffs to contact DEA, outside the normal discovery process, to secure self-serving statements from DEA that purport to change, modify, or explain DEA's sworn deposition testimony. Defendants respectfully request that this Court exclude any "letter" or other informal "guidance" or "statement" that DEA provides in response to Plaintiffs' untimely request.

II.    **FACTUAL BACKGROUND**

During general discovery in this multidistrict litigation, the parties deposed various DEA witnesses. One area of questioning during that discovery was whether a distributor is required to cease shipment of *all* controlled substances to a customer once the distributor identifies a single suspicious order (as defined by 21 C.F.R. § 1301.74(b)) for that customer. On April 18, 2019, in response to an objectionable question by Plaintiffs' counsel, DEA's Rule 30(b)(6) witness, Thomas Prevoznik, "agreed" with Plaintiffs' counsel's assertion that "if a wholesale distributor gets a flag for a suspicious order, that they've determined to be a suspicious order, and that they block that shipment, that they should terminate all future sales to the same customer until they

can rule out that diversion is occurring."[1] When Defendants subsequently cross-examined Mr. Prevoznik, he testified that registrants are *not* required to withhold all future orders for controlled substances simply because a distributor identified a single order of unusual size, frequency, or pattern. Specifically, Mr. Prevoznik testified:

> Q. Are they [distributors] required to hold the other orders that they don't view to be suspicious, or is it okay for the distributor in that instance to exercise their business judgment and send those nonsuspicious orders out?
>
> …
>
> A. Yes.
>
> Q. Yes what?
>
> A. They can.
>
> Q. Okay. They can ship those other orders out?
>
> A. Yes.[2]

Mr. Prevoznik, like all witnesses, had an opportunity to submit an errata to his sworn testimony within a short time period after the deposition was concluded. He did not.

Mr. Prevoznik's testimony is fatal to the methodologies used by Plaintiffs' experts Dr. Craig McCann and James Rafalski, and on numerous occasions, Defendants cited and relied on Mr. Prevoznik's admission that distributors may ship other orders they do not deem suspicious following their receipt of a "suspicious order." For example, Defendants quoted this admission in multiple *Daubert* briefs to exclude the testimony of McCann and Rafalski. *See, e.g.*, *In re: National Prescription Opiate Litigation*, Case No. 1:17-md-2804 (MDL No. 2804) (N.D. Ohio),

---

[1] Ex. A, Thomas Prevoznik Dep. Tr. (Apr. 18, 2019) at 628:12-629:15. Defendants will present their objections to this testimony during the deposition designation process and provide this testimony here only for context in connection with the issue raised in this Motion.
[2] Ex. B, Thomas Prevoznik Dep. Tr. (May 17, 2019) at 1238:6-20.

Dkt. No. 1906-2 at 6 and Dkt. No. 2507 at 6.  Defendants also designated this testimony to be presented to the Court in advance of the Track One trial.

On September 25, 2020, Plaintiffs improperly asked the DEA to change the agency's sworn testimony given nearly 18 months ago.[3]  In making their request to DEA, Plaintiffs specifically referred to the adverse testimony cited above, and presented the DEA with the threat of having to face a trial subpoena on this point—even though Mr. Prevoznik (and any other witness located at DEA headquarters) plainly is not subject to a West Virginia federal court trial subpoena.  Plaintiffs requested, as an alternative to a trial subpoena, a "letter to the Court" from the DEA regarding Mr. Prevoznik's testimony.  While Plaintiffs euphemistically described the letter as "clarifying the DEA's prior testimony," the clear intent of the letter is to ***contradict and change*** the sworn testimony that Plaintiffs specifically identified as their reason for seeking this relief.

### III.    ARGUMENT

The Court should reject Plaintiffs' eleventh-hour attempt to alter the discovery record to cure a defect in their case and should preclude Plaintiffs from offering at trial (either directly or as impeachment) any "evidence" received by DEA in response to their inappropriate request.

First, Plaintiffs manufactured an inconsistency that does not exist in order to lobby DEA to revise testimony that is damaging to Plaintiffs' case.  Mr. Prevoznik's initial testimony, that distributors should block shipments to a customer after receiving a single suspicious order, was incomplete.  He later expanded his testimony in response during Defendants' subsequent examination.  Mr. Prevoznik testified clearly:  if distributors receive a suspicious order from a customer, and ***then subsequently receive nonsuspicious orders from that customer***, distributors

---

[3] *See* Ex. C, L. Singer Letter to DOJ (September 25, 2020).

can ship those nonsuspicious orders.  This testimony did not contradict his earlier testimony; it ***clarified*** and ***supplemented*** it.  Plaintiffs' last-minute attempt to characterize the subsequent testimony as inconsistent with the prior testimony is a transparent pretext for improperly and belatedly pushing a third party to change substantive testimony.

      Second, even if there were an inconsistency in the testimony, it is too late for Plaintiffs to try and alter the evidentiary record to cure fatal defects in their case.  Discovery is closed.  Summary judgment motions have been filed, *Daubert* motions are due on Friday, October 2, 2020, and some pre-trial motions *in limine* will also be filed on Friday, October 2, 2020, and trial is just two and a half weeks away.  Plaintiffs have long known about the deposition testimony they seek now to contradict and about Defendants' reliance on it.  Mr. Prevoznik gave the testimony nearly 18 months ago.  Since that time, Defendants have cited and relied on the testimony on several occasions, and Plaintiffs did not object or seek "clarification" from DEA.  Thus, even if the sort of gamesmanship Plaintiffs are attempting were appropriate (it is not), Plaintiffs have no excuse for waiting until the eve of trial.

      Third, Plaintiffs' request is an end-run around this Court's prior rulings on DEA discovery.  Both Plaintiffs and Defendants sought significant additional discovery from DEA, and the Court denied those requests in full.  *See* Dkt. No. 832 (August 5, 2020 Memorandum and Order).  Plaintiffs cannot now seek additional discovery from DEA through this backdoor, informal, and ex parte request for a "clarifying statement."

      Fourth, even if DEA were to agree to revise Mr. Prevoznik's sworn testimony at Plaintiffs' request, any such statement would be inadmissible hearsay.  The letter Plaintiffs seek would be an out-of-court statement by a non-party who would not be subject to cross-examination on the drafting or contents of the letter, and surely Plaintiffs would use it for the

truth of the matter asserted. As such, it would not satisfy any of the hearsay exceptions set forth in Rules 803 or 804 of the Federal Rules of Evidence.

Finally, permitting Plaintiffs and the DEA to amend prior sworn deposition testimony by way of an informal letter would unfairly prejudice Defendants. Any attempt by Plaintiffs and DEA to revise sworn DEA testimony, without an opportunity to (a) seek document discovery relating to DEA's revised position, and (b) cross-examine DEA regarding its revised position, would deprive Defendants of their right to full and fair discovery of DEA.

## IV.   REQUESTED RELIEF

Plaintiffs cannot change the discovery record after discovery is closed, especially where the evidence that they wish to revise would impact pending and imminent motions, as well as the trial that is now less than three weeks away. Authorization of Plaintiffs' conduct would mean that counsel for any party may contact a lawyer for a third-party fact witness, identify for that lawyer precisely the change to sworn testimony that counsel seeks, and ask that the testimony be changed by letter under the implied threat of having to litigate a trial subpoena. Conduct like that plainly is forbidden. For these reasons, Defendants seek a ruling from the Court that Plaintiffs may not now secure changed testimony through either a letter from DEA or by any other means and for a ruling precluding any use of that letter at trial.

Dated: October 1, 2020

Respectfully submitted,

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter

5

850 Tenth Street NW  
Washington, DC 20001  
Tel: (202) 662-5324  
thester@cov.com  
lflahivewu@cov.com  
astanner@cov.com  

*/s/ Paul W. Schmidt*  
Paul W. Schmidt  
COVINGTON & BURLING LLP  
The New York Times Building  
620 Eighth Avenue  
New York, New York 10018  
Tel: (212) 841-1000  
pschmidt@cov.com  

*/s/ Jeffrey M. Wakefield*  
Jeffrey M. Wakefield (WVSB #3894)  
jwakefield@flahertylegal.com  
Jason L. Holliday (WVSB #12749)  
jholliday@flahertylegal.com  
FLAHERTY SENSABAUGH BONASSO PLLC  
P.O. Box. 3843  
Charleston, WV 25338-3843  
Telephone: (304) 345-0200  

*Counsel for McKesson Corporation*

*/s/ Gretchen M. Callas*  
Gretchen M. Callas (WVSB #7136)  
JACKSON KELLY PLLC  
Post Office Box 553  
Charleston, WV 25322  
Tel: (304) 340-1000  
Fax: (304) 340-1050  
gcallas@jacksonkelly.com  

*/s/ Robert A. Nicholas*  
Robert A. Nicholas  
Shannon E. McClure  
REED SMITH LLP  
Three Logan Square  
1717 Arch Street, Suite 3100  
Philadelphia, PA 19103  
Tel: (215) 851-8100  
Fax: (215) 851-1420  

6

rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

*/s/ Steven R. Ruby*
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com
jwicht@wc.com

*Counsel for Cardinal Health, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 1, 2020, the foregoing *Memorandum of Law in Support of Defendants' Motion to Exclude Plaintiffs' Improperly Obtained Statement or Letter from DEA* was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 1, 2020

/s/ Timothy C. Hester
Timothy C. Hester (DC 370707)