# EXHIBIT A

```
 1              UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF OHIO
 2                    EASTERN DIVISION
 3   IN RE: NATIONAL              )   MDL No. 2804
     PRESCRIPTION OPIATE          )
 4   LITIGATION                   )   Case No.
                                  )   1:17-MD-2804
 5                                )
     THIS DOCUMENT RELATES TO     )   Hon. Dan A.
 6   ALL CASES                    )   Polster
                                  )
 7
 8
 9                       — — —
10              Monday, May 13, 2019
                         — — —
11
        HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
12                CONFIDENTIALITY REVIEW
                         — — —
13
14
15
16        Videotaped Deposition of JAMES E.
     RAFALSKI, held at Weitz & Luxenburg PC, 3011
17   West Grand Avenue, Suite 2150, Detroit,
     Michigan, commencing at 9:20 a.m., on the
18   above date, before Michael E. Miller, Fellow
     of the Academy of Professional Reporters,
19   Registered Diplomate Reporter, Certified
     Realtime Reporter and Notary Public.
20
21
22
                         — — —
23
              GOLKOW LITIGATION SERVICES
24         877.370.3377 ph | fax 917.591.5672
                   deps@golkow.com
25
```

Highly Confidential - Subject to Further Confidentiality Review

1    complete that analysis.  I don't have any
2    independent intentions of doing that.
3           Q.    Sitting here today, you have no
4    opinions about the legitimacy of the flagged
5    orders from Dr. McCann's analysis, correct?
6                 MR. FULLER:  That misstates his
7        report.
8           A.    It's -- Dr. McCann's report
9    doesn't report orders, it just reports dosage
10   units.  It doesn't say how many orders.  It
11   doesn't say there was an analysis of each
12   individual order.
13                It looked at them whether or
14   not they violated the trigger that was
15   provided for each one of them, and if it --
16   and then it moved forward without the --
17   because already knowing that there was
18   insufficient due diligence.
19   BY MR. EPPICH:
20          Q.    And you reviewed -- let me
21   strike that.
22                Let's turn to page 74 of your
23   report.  On page 74, I'm looking at
24   Section 6, the second paragraph in
25   particular.  The first sentence there says:

```
 1    There is no more effective control to prevent
 2    diversion than blocking a suspicious order
 3    before it is shipped.
 4              Did I read that correctly?
 5        A.    You did, sir.
 6        Q.    And that's because a blocked
 7    order of opioids remains safely in the vault
 8    of the distributor's warehouse, correct?
 9        A.    I guess you could make that
10    assumption.  It doesn't leave the control of
11    the distributor and have the potential to be
12    diverted, so I think that's probably the same
13    statement, yes, sir.
14        Q.    You'd agree that reporting the
15    blocked order to DEA in a suspicious order
16    report does not prevent the blocked order
17    from being diverted, correct?
18        A.    Well, that hypothetical
19    wouldn't occur because if you block an order
20    and report it, that doesn't -- unless you're
21    saying that that causes a distribution, and
22    if that causes the distribution without the
23    effective due diligence, then no, that would
24    not be true.
25              I would say that it would
```