IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.* <br><br> Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.* <br><br> Defendants. | Civil Action No. 3:17-01665 |

### MCKESSON CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING FORMER EMPLOYEE'S MISDEMEANOR PLEA

McKesson moves in limine to exclude certain evidence relating to a former regulatory affairs employee, David Gustin. Specifically, McKesson seeks to exclude evidence and argument regarding (1) Mr. Gustin's 2020 plea to a misdemeanor charge, including the charging document (the 2020 Information) and his written agreement to plead guilty to the misdemeanor charge, and (2) Mr. Gustin's 2019 Indictment, which will be dismissed by the government under the terms of his plea agreement.

Under the Federal Rules of Evidence, charging documents and plea agreements are inadmissible unless they result in a conviction punishable by ***more than*** one year in prison. The

2019 Indictment will be dismissed and therefore will not result in any conviction at all. The 2020 Information charged Mr. Gustin only with a misdemeanor punishable by *no more than* one year of imprisonment. Both are therefore inadmissible, even if relevant. In addition, both the 2019 Indictment and plea agreement and the 2020 Information should be excluded because they lack probative value and would unfairly prejudice McKesson.

## BACKGROUND

From 2008 to 2014, David Gustin served as a Director of Regulatory Affairs ("DRA") for McKesson's North Central Region, which included portions of Ohio, West Virginia, and Kentucky. Mr. Gustin left his position as a DRA in 2014, and retired from McKesson in 2016.

On March 21, 2019, the U.S. Attorney's Office for the Eastern District of Kentucky ("USAO") indicted Mr. Gustin on a felony charge under 21 U.S.C. § 846.[1] On July 7, 2020, Mr. Gustin and the USAO reached an agreement to resolve the criminal case. Under that agreement, Mr. Gustin agreed to plead guilty to a misdemeanor charge and the government agreed to dismiss the 2019 Indictment. To effectuate the agreement, the USAO filed a separate Information charging Mr. Gustin with a single misdemeanor count of failing to make or furnish a required report under 21 U.S.C. § 842(a)(5), (c)(2)(A).[2] That same day, the Court accepted Mr. Gustin's guilty plea on the misdemeanor charge, which is punishable by "imprisonment for *not more than one year*."[3] The plea agreement expressly states that the plea is related to a single pharmacy in Clay County, **Kentucky**. Pursuant to the terms of the plea agreement, the government will dismiss the 2019

---

[1] *See United States v. Gustin*, 19-cr-00014 (E.D.Ky), Dkt. No. 1.
[2] *See United States v. Gustin*, 20-cr-00038 (E.D.Ky), Dkt. No. 4.
[3] *See id.* at Dkt. Nos. 6–7; 21 U.S.C. § 842(c)(2)(A).

Indictment after Mr. Gustin's sentencing on the misdemeanor charge. Mr. Gustin's sentencing is scheduled for October 15, 2020.[4]

## ARGUMENT

Indictments and criminal investigations—unless accompanied by a final judgment "for a crime punishable by death or by imprisonment for *more than a year*"—are inadmissible hearsay. Fed. R. Evid. 803(22) (emphasis added); *see Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109 (4th Cir. 1995) ("the Federal Rules of Evidence . . . govern in diversity cases"). Evidence concerning Mr. Gustin's 2019 Indictment and 2020 Information should be excluded on that basis, as well as because any such evidence is irrelevant, lacks probative value, and would unfairly prejudice McKesson.

**I.     Evidence Regarding The 2019 Indictment Is Inadmissible And Should Be Excluded.**

"[A]n indictment is a mere accusation" that cannot be offered for its truth. *United States v. Pennix*, 313 F.2d 524, 529 (4th Cir. 1963) (quoting *Coyne v. United States*, 246 F. 120, 121 (5th Cir. 1917)). Instead, under the Federal Rules of Evidence, a judgment of conviction can be admissible, but only if the conviction was for a "crime punishable by death or by imprisonment for more than a year." Fed. R. Evid. 803(22). Accordingly, the 2019 Indictment—which will be dismissed and will not result in a conviction—cannot be admitted at trial. *See id.*; *see also Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) ("[W]hen the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly.").

The 2019 Indictment should also be excluded because it lacks probative value. "[A]n indictment is not evidence" and therefore cannot create a presumption or permit any inference of guilt. *United States v. Dinkins*, 691 F.3d 358, 373 (4th Cir. 2012); *United States v. Ali*, 791 F.

---

[4] *See United States v. Gustin*, 20-cr-00038 (E.D.Ky), Dkt. No. 8.

App'x 430 (4th Cir. 2020) ("[A]n indictment is not evidence." (quoting *United States v. Udeozor*, 515 F.3d 260, 272 (4th Cir. 2008))), *cert. denied*, 140 S. Ct. 2818 (2020); *Pennix*, 313 F.2d at 529 (awarding new trial because defendant was improperly cross-examined about prior arrests and indictments: "The fact that an unproven charge has been made against one has no logical tendency to prove that he has been guilty of any offense. . . . An indictment is a mere accusation, and raises no presumption of guilt." (quoting *Coyne*, 246 F. at 12)). Accordingly, indictments fail to make any fact more or less likely. *See* Fed. R. Evid. 401. Here, the allegations in the 2019 Indictment could not even be used as evidence of wrongdoing by Mr. Gustin himself—much less may they be offered as evidence of wrongdoing by McKesson. *E.g.*, *Pennix*, 313 F.2d at 529.

### II. Evidence Regarding The 2020 Indictment And Plea Agreement Is Inadmissible And Should Be Excluded.

The 2020 Information and related plea agreement are likewise inadmissible. Like an indictment, an information and plea agreement constitute inadmissible hearsay. As discussed above, federal law recognizes a limited hearsay exception only for "[e]vidence of a final judgment . . . for a crime punishable by death or by imprisonment ***for more than a year***." Fed. R. Evid. 803(22) (emphasis added). The misdemeanor charge to which Mr. Gustin pled guilty is punishable by a maximum term of "***not more than one year***." 21 U.S.C. § 842(c)(2)(A); *see United States v. Gustin*, 20-cr-00038, Dkt. Nos. 4, 6. Accordingly, the 2020 Information and plea agreement do not fall within the limited exception set out in Rule 803(22).[5]

---

[5] No final judgment has been entered in *United States v. Gustin*, 20-cr-00038 (E.D.Ky). Because a sentencing hearing is scheduled for October 15, 2020, McKesson presumes for purposes of this motion that a final judgment will be entered before the October 19 start date for this trial. If no final judgment enters before trial, that is an independent reason why Rule 803(22) does not apply.

4

The 2020 Information and plea agreement should also be excluded because they lack probative value. Mr. Gustin pleaded to a charge that he failed to report to the DEA certain orders placed by a pharmacy in *Kentucky* in 2011 and 2012. That is irrelevant to Plaintiffs' claims here, which relate to McKesson's conduct in Cabell County and the City of Huntington, West Virginia—not in Kentucky.[6] The 2020 Information and the resulting plea agreement make no mention of either shipments to West Virginia or any purported absence of suspicious order reporting regarding West Virginia customers.

Finally, even if the plea agreement had some minimal relevance, it should be excluded as unfairly prejudicial. *See* Fed. R. Evid. 403. A plea agreement is a contract between the government and a defendant, and in negotiating its terms the defendant has a "strong" incentive to "'curry favor' . . . in hopes that the government will make favorable recommendations to the sentencing judge," *United States v. Gomez-Lemos*, 939 F.2d 326, 333 (6th Cir. 1991). Here, where Mr. Gustin faces the loss of his liberty, his interest in negotiating the plea agreement presumably focused on obtaining a favorable recommendation from the prosecuting attorneys—not on whether the statements made in the plea agreement accurately represented McKesson's Controlled Substance Monitoring Program in West Virginia. Mr. Gustin is not a party to this case, and introducing his plea agreement as evidence against McKesson—which did not participate in its negotiation or agree to its terms—would unfairly prejudice McKesson. *See, e.g.*, *CSX Transp.*,

---

[6] Additionally, during the 2011–12 timeframe at issue in Mr. Gustin's plea, McKesson's Controlled Substances Monitoring Program automatically blocked and did not ship suspicious orders. As Plaintiffs' expert and former DEA Diversion Investigator, James Rafalski, explained, "[t]here is no more effective control to prevent diversion than blocking a suspicious order before it is shipped." Ex. A (Rafalski Dep. Tr. at 368:1–3). Accordingly, any failure to *report* such orders could not possibly have resulted in diversion in Kentucky, much less in West Virginia. The plea agreement is thus irrelevant to McKesson's liability in this case.

*Inc. v. Gilkison*, No. 5:05CV202, 2013 WL 85253, at *2 (N.D.W. Va. Jan. 7, 2013) (excluding evidence of non-party's criminal conviction).

## CONCLUSION

For the foregoing reasons, McKesson respectfully requests that the Court exclude evidence and argument regarding Mr. Gustin's (1) Indictment in *United States v. Gustin*, 19-cr-00014 (E.D.Ky), and (2) Information and plea agreement in *United States v. Gustin*, 20-cr-00038 (E.D.Ky).

Dated:  October 2, 2020

Respectfully submitted,

*McKesson Corporation*
By Counsel:

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)
Laura Flahive Wu
Christian J. Pistilli
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
cpistilli@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)

jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 2nd day of October, the foregoing "MCKESSON CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING FORMER EMPLOYEE'S MISDEMEANOR PLEA" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy C. Hester*
Timothy C. Hester