# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'** ***DAUBERT*** **MOTION TO
<u>EXCLUDE THE OPINIONS OF JAMES GELDHOF</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. MR. GELDHOF'S BACKGROUND AND OPINIONS...................................................... 1

    A. Mr. Geldhof Has No West Virginia Education, Training or Experience................ 1

    B. Mr. Geldhof's "Opinions" Present a Narrative of the Record of Evidence............ 3

III. LEGAL STANDARD........................................................................................................... 5

IV. ARGUMENT........................................................................................................................ 6

    A. The Court Should Not Allow Mr. Geldhof to Present a Factual Narrative Under the Guise of Expert "Opinion."..................................................................... 6

    B. Any Opinions About Defendants Should Be Excluded Because Mr. Geldhof Did Not Disclose Them in His Expert Report or at Deposition. .............. 9

V. CONCLUSION..................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re C.R. Bard Inc. Pelvic Repair Sys. Prod. Liab. Litig.*,
   948 F. Supp. 2d 589 (S.D. W. Va. 2013)...................................................................................7

*Cooper v. Smith & Nephew, Inc.*,
   259 F.3d 194 (4th Cir. 2001)......................................................................................................5

*Eghnayem v. Boston Scientific Corp.*,
   57 F. Supp. 3d 658 (S.D. W. Va. 2014).............................................................................1, 5, 7

*In re Fosamax Prods. Liab. Litig.*,
   645 F. Supp. 2d 164 (S.D.N.Y. 2009)........................................................................................8

*Hogan v. Novartis Pharm. Corp.*,
   No. 06 Civ. 0260 BMC RER, 2011 WL 1533467 (E.D.N.Y. Apr. 24, 2011) ..........................8

*Lee v. Clarendon*,
   453 F. App'x 270 (4th Cir. 2011) ..............................................................................................5

*Miller v. Stryker Instruments*,
   No. CV 09-813, 2012 WL 1718825 (D. Ariz. Mar. 29, 2012) .................................................8

*Newkirk v. Enzor*,
   No. 13-1634-RMG, 2017 WL 823553 (D.S.C. Mar. 2, 2017) ..............................................7, 8

*In re Prempro Prods. Liab. Litig.*,
   586 F.3d 547 (8th Cir. 2009) ....................................................................................................8

*In re Rezulin Prods. Liab. Litig.*,
   309 F. Supp. 2d 531 (S.D.N.Y. 2004).....................................................................................7, 8

*United States v. Dorsey*,
   45 F.3d 809 (4th Cir. 1995) .......................................................................................................5

**Rules**

Federal Rule of Evidence 702...........................................................................................................5

Federal Rule of Civil Procedure 37 .................................................................................................9

## I. INTRODUCTION

Plaintiffs' expert James Geldhof should be excluded because he is merely offering a factual argument about the evidence under the guise of expert "opinion."[1]

Mr. Geldhof admits he is not serving as a fact witness to his experiences at DEA, and he is not here to offer his personal opinions. Mr. Geldhof further concedes that he is offering no specific opinions about Defendants, and he has no opinions about Defendants' suspicious order monitoring programs or distributions into Huntington and Cabell County.

Instead, Plaintiffs aim to use Mr. Geldhof to advocate for Plaintiffs' "do not ship" argument by simply giving his interpretation of documents that do not actually support his opinions. Based on the content and citations in his report, Mr. Geldhof intends to march through a lengthy presentation of excerpted documents of this case, and then tell the factfinder what factual and legal conclusions to draw. Expert testimony that simply "construct[s] a factual narrative based on the record of evidence" is inadmissible. *Eghnayem v. Boston Scientific Corp.*, 57 F. Supp. 3d 658, 699 (S.D. W. Va. 2014).

In addition, because Mr. Geldhof failed to offer specific opinions about Defendants, their suspicious order monitoring programs, or their conduct in Huntington and Cabell County in his expert report or at deposition, any opinions he has about Defendants should be excluded at trial.

## II.   MR. GELDHOF'S BACKGROUND AND OPINIONS

### A.   Mr. Geldhof Has No West Virginia Education, Training or Experience.

Mr. Geldhof joined the Detroit field office of DEA as a Diversion Investigator in 1972.[2] He transferred to Washington, DC in 1974 and then to New York in 1978, before returning to

---

[1] James Geldhof was not identified as an expert in MDL Track 1 and has not been the subject of a *Daubert* motion there.

[2] Ex. 1 (Geldhof Rep.) at 1.

1

Detroit in 1986.[3]  Mr. Geldhof retired from DEA as a DEA Diversion Program Manager in January 2016.[4]

Mr. Geldhof is unfamiliar with West Virginia.  Mr. Geldhof was not assigned to the West Virginia field office during his career with DEA.[5]  He never visited Huntington or Cabell County.[6]  He never reviewed the West Virginia Controlled Substances Act.[7]  He is unaware of basic facts about pharmaceutical distribution into Huntington and Cabell County, including whether McKesson, Cardinal and ABDC distribute there,[8] or if any of the pharmacies identified in a report drafted by the Energy and Commerce Committee of the U.S. House of Representatives ("Energy and Commerce Report") are located in Huntington or Cabell County.[9]

While at DEA, Mr. Geldhof participated in enforcement actions against Harvard Drug, Keysource Pharmaceutical, Masters Pharmaceutical, McKesson, Miami-Luken and Mallinckrodt.[10]  But he is unable to point to any pharmacies in West Virginia where DEA specifically acted on suspicious orders reported by distributors.[11]

---

[3] *Id.*

[4] *Id.*

[5] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 114:5-9 ("A. You know, West Virginia was not my field division. I can't speak to that."); *id.* at 114:10-18 ("A. I can only speak about Detroit. I can't speak about other offices.").

[6] *Id.* at 63:9-11.

[7] *Id.* at 46:2-7.

[8] *Id.* at 31:7-10.

[9] *Id*. at 37:21-24.

[10] Ex. 1 (Geldhof Rep.) at 1.

[11] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 113:1-6.

### B. Mr. Geldhof's "Opinions" Present a Narrative of the Record of Evidence.

Plaintiffs' lawyers hired Mr. Geldhof "to assist the court in giving an inside look or basically DEA's role within the closed system of distribution."[12] Specifically, Mr. Geldhof was "retained as a consultant in this matter and intend[s] to provide [] opinions regarding the history of the laws and regulations governing the pharmaceutical industry and the enforcement by the DEA of the laws and regulations as they apply to distributors."[13]

Mr. Geldhof made clear that he is not serving as a fact witness to his experiences at DEA, and he is not here to offer his personal opinions. [14]

Mr. Geldhof's brief, 10 page report includes a description of his education and training (1.5 pages); a section titled "Laws and Regulations" (1.5 pages); a description of DEA's "oversight of the industry" (2.5 pages); a listing of DEA enforcement and administrative actions (that is very similar to the same list provided in Mr. Rafalski's report) (3.5 pages); and a signature page (1 page).  Notably, there is no discussion of McKesson, Cardinal, or ABDC; Defendants' suspicious order monitoring programs; Defendants' pharmacy customers in Huntington or Cabell County; or any diversionary activities in Huntington or Cabell County. Indeed, Mr. Geldhof:

- Offers no opinions about his DEA investigations into McKesson and other distributors, pharmacies or doctors.[15]

- Offers no specific opinions against McKesson, Cardinal, or ABDC.[16]

---

[12] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 16:7-14.

[13] Ex. 1 (Geldhof Rep.) at 2.

[14] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 62:15-17, 62:22-24.

[15] *Id.* at 20:3-12, 21:16-22.

[16] *Id.* at 32:16-21.

3

- Offers no opinions on Defendants' suspicious order monitoring programs.[17]

- Offers no opinions on Defendants' customers in Huntington and Cabell County.[18]

- Offers no opinions on the volume of opioids supplied to Huntington and Cabell County that were diverted.[19]

- Offers no opinions on Defendants' due diligence on pharmacy customers in Huntington and Cabell County.[20]

- Offers no opinions on whether Defendants shipped opioids into Huntington and Cabell County.[21]

- Offers no opinions on prescribers or prescribing practices in Huntington and Cabell County.[22]

- Offers no opinions on whether Defendants shipped appropriate volumes of opioids to Huntington and Cabell County.[23]

- Offers no opinions on whether opioids shipped by Defendants were diverted or caused harm in Huntington and Cabell County.[24]

- Offers no opinions on whether Defendants caused harm in Huntington and Cabell County.[25]

- Offers no opinions on shipments blocked by Defendants.[26]

- Offers no opinion on remediation of the opioid crisis in Huntington and Cabell County.[27]

---

[17] *Id.* at 26:7-13.

[18] *Id.* at 35:23-36:13.

[19] *Id.* at 36:14-17.

[20] *Id.* at 44:15-18.

[21] *Id.* at 31:7-10.

[22] *Id.* at 44:23-45:6.

[23] *Id.* at 45:7-15.

[24] *Id.* at 45:16-46:1.

[25] *Id.* at 58:12-19.

[26] *Id.* at 44:19-22.

[27] *Id.* at 122:17-20.

Mr. Geldhof is here to testify about "public information,"[28] based on documents such as the "Congressional inquiry into West Virginia," "correspondence between DEA and HDMA," "the distributor initiative meetings," and "Rannazzisi's letter."[29] He is here to give the basic information about DEA and the Controlled Substances Act that Plaintiffs' lawyers asked him to give.[30]

### III. LEGAL STANDARD

Under Federal Rule of Evidence 702, expert testimony is admissible if the expert is qualified and his testimony will be (1) helpful to the trier of fact; (2) "based on sufficient facts or data"; and (3) the product of "reliable principles and methods" that (4) have been "reliably applied . . . to the facts of the case." Fed. R. Evid. 702. Because "expert witnesses have the potential to be both powerful and quite misleading," the district court must act as a gatekeeper. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

In the Fourth Circuit, in order for expert testimony to be admitted, the testimony must "consist of 'scientific knowledge'—that is, the testimony must be supported by appropriate validation" and "'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir. 1995) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993)). "[S]uch testimony is inadmissible if it does not aid the trier of fact." *Lee v. Clarendon*, 453 F. App'x 270, 277 (4th Cir. 2011). Testimony that simply "construct[s] a factual narrative based on the record of evidence" is inadmissible. *Eghnayem*, 57 F. Supp. 3d at 699.

---

[28] *Id.* at 19:12-20:2.

[29] *Id*. at 16:15-17:5.

[30] *Id.* at 315:14-16 ("Q. Are there any opinions you were asked to give in this case that you couldn't give for any reason? A. No."); *id*. at 315:17-19 ("Q. Are there any opinions that you were given in this case that the lawyers did not ask you to give? A. No.").

IV.    **ARGUMENT**

    A.    **The Court Should Not Allow Mr. Geldhof to Present a Factual Narrative Under the Guise of Expert "Opinion."**

Plaintiffs aim to use Mr. Geldhof as a spokesman for Plaintiffs' "do not ship" story and their views on a distributor's requirements under the Controlled Substances Act. Based on the content and citations in his report, Mr. Geldhof intends to march through a presentation of curated and excerpted documents of this case, and then tell the fact- and law-finder what factual and legal conclusions to draw. Notably, Mr. Geldhof assured Defendants that this march through the documents will be based on "public information,"[31] ***not*** his work at DEA or his personal opinions.[32]

In truth, the only opinions Mr. Geldhof can offer about the "do not ship" documents is what Plaintiffs' lawyers provided him.[33] Mr. Geldhof has no specific information on Defendants McKesson, Cardinal or ABDC. He failed to conduct any analysis of facts specific to the Defendants and he offers no specific opinions against Defendants McKesson, Cardinal, or ABDC.[34]

Mr. Geldhof formed no opinions on Defendants' suspicious order monitoring programs,[35] and he offers no opinions on Defendants' customers in Huntington and Cabell County.[36] Somewhat shockingly, Mr. Geldhof is unaware of whether McKesson, Cardinal and ABDC

---

[31] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 19:12-20:2.

[32] *Id.* at 62:15-17, 62:22-24.

[33] *Id*. at 22:14-17 ("Q. Did you review any documents that were not provided to you by the attorneys in preparing your report? A. I don't believe so.").

[34] *Id.* at 32:16-21.

[35] *Id*. at 26:7-13.

[36] *Id*. at 35:23-36:13.

6

distributed into Cabell County and Huntington.[37] Mr. Geldhof did not attend, and holds no personal knowledge about, Defendants' Distributor Initiative meetings with DEA.[38] Without basic knowledge, Mr. Geldhof cannot opine on whether Defendants complied with DEA's "do not ship" guidance or any other requirement under the Controlled Substances Act.

The type of testimony Plaintiffs' propose Mr. Geldhof provide is impermissible: "An expert cannot be presented to the [factfinder] solely for the purpose of constructing a factual narrative based on the record of evidence." *Eghnayem*, 57 F. Supp. 3d at 699 (internal quotation marks omitted) (quoting *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009)). The factfinder "is equally capable of constructing" the facts of the case from evidence introduced through "percipient witnesses and documentary evidence." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004). "To the extent that [experts] purport to simply make arguments that [a party's] lawyers may make, such testimony is not expert opinion and should be excluded." *In re C.R. Bard Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 948 F. Supp. 2d 589, 644 (S.D. W. Va. 2013).

Courts routinely exclude or limit expert testimony of this type. In *In re C.R. Bard*, for example, the court excluded "factual narratives" by the defendant's experts. 948 F. Supp. 2d at 646. It instructed, "[The expert] will not be permitted to exhaustively recount all of the facts of the case. . . . Rather, [the expert] must draw on the facts only as necessary—and in as concise a manner as possible—to support his opinion . . . ." *Id.* (quoting *Liberty Media Corp. v. Vivendi Universal, S.A.*, 874 F. Supp. 2d 169, 174 (S.D.N.Y. 2012). In *Newkirk v. Enzor*, the court noted that "an expert cannot be presented to the jury solely for the purpose of constructing a factual

---

[37] *Id*. at 31:7-10.

[38] *Id.* at 59:18-21 ("Q. Have you reviewed such meeting minutes reflecting the meetings between DEA and the distributors in this case as part of a Distributor Initiative? A. I have not.").

7

narrative based upon record evidence" and excluded an expert's opinions because he "merely constructs a factual narrative based upon record evidence . . . bolstered by his expert status." No. 13-1634-RMG, 2017 WL 823553, at *4-5 (D.S.C. Mar. 2, 2017).

In the *Fosamax* litigation, the court did not permit the regulatory expert "to merely read, selectively quote from, or 'regurgitate' the evidence." *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (citations omitted). The same happened in the *Prempro* litigation, in a ruling affirmed by the Eighth Circuit. *In re Prempro Prods. Liab. Litig.*, 586 F.3d 547, 571 (8th Cir. 2009). Similarly, in a medical device case, the court concluded, "the majority of [the expert's] report appears to state facts that could be directly presented to the jury and then make legal conclusions. Such a role is inappropriate for an expert witness." *Miller v. Stryker Instruments*, No. CV 09-813, 2012 WL 1718825, at *12 (D. Ariz. Mar. 29, 2012). And in the *Rezulin* litigation, the court excluded an opinion that offered a selected regulatory history of the medication, because it was "nothing more than a repetition of the factual allegations in plaintiffs' complaint combined with comments amounting to [the expert's] 'spin' on the facts." *In re Rezulin*, 309 F. Supp. 2d at 551. The expert, in this scenario, "'does no more than counsel for plaintiff will do in argument, *i.e.*, propound a particular interpretation of [defendant]'s conduct.'" *Id.* (citations omitted). The same rationale led to the exclusion of testimony in another prescription medication case where the plaintiff used the "expert witness to make her closing argument rather than relate scientific conclusions." *Hogan v. Novartis Pharm. Corp.*, No. 06 Civ. 0260 BMC RER, 2011 WL 1533467, at *8 (E.D.N.Y. Apr. 24, 2011). The Court should reach the same result here.

### B. Any Opinions About Defendants Should Be Excluded Because Mr. Geldhof Did Not Disclose Them in His Expert Report or at Deposition.

Mr. Geldhof fails to offer specific opinions about Defendants McKesson, Cardinal or ABDC, their suspicious order monitoring systems, or their distributions into Huntington and Cabell County.[39] While Mr. Geldhof assures Defendants that his report contains all of his opinions,[40] the Court should preclude Mr. Geldhof from offering any specific opinions against Defendants at trial because, under Rule 37(c), if a party fails to provide information required by Rule 26(a) or (e), "the party is not allowed to use that information" "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Under this standard, Mr. Geldhof is precluded from offering specific opinions about McKesson, ABDC and Cardinal because he failed to disclose those opinions in his expert report or at deposition.

## V. CONCLUSION

The Court should reject Plaintiffs' attempt to offer Mr. Geldhof's factual narrative of the record of evidence under the pretense of expert "opinion."

---

[39] *See, e.g.,* Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 26:7-13; 32:16-21; 35:23-36:13; 45:7-15; 45:16-46:1; 58:12-19.

[40] *Id.* at 23:13-15.

9

Dated: October 2, 2020                             Respectfully submitted,

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*Counsel for McKesson Corporation*

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

10

/s/ *Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

/s/ *Steven R. Ruby*
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

/s/ *Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com
jwicht@wc.com

*Counsel for Cardinal Health, Inc.*

11

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on October 2, 2020, the foregoing *Memorandum of Law in Support of Defendants' Daubert Motion to Exclude the Opinions of James Geldhof* was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 2, 2020                                    */s/ Timothy C. Hester*
                                                                              Timothy C. Hester