IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                           CIVIL ACTION NO. 3:17-01362
                                            Honorable David A. Faber

AMERISOURCEBERGEN
  DRUG CORPORATION, et al.,
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                           CIVIL ACTION NO. 3:17-01665
                                            Honorable David A. Faber

AMERISOURCEBERGEN
  DRUG CORPORATION, et al.,
    Defendants.

---

**DEFENDANTS' MOTION TO EXCLUDE UNDISCLOSED EXPERT
TESTIMONY FROM NON-RETAINED EXPERT WITNESSES**

Plaintiffs have identified 21 non-retained expert witnesses but have disclosed no summaries of the facts and opinions to which those witnesses will testify. That failure contravenes Fed. R. Civ. P. 26(a), and Fed. R. Civ. P. 37 therefore requires that the undisclosed expert testimony be excluded.

Rule 26(a) requires each party to identify every expert it may call at trial. If the witness has been retained or is employed by the party for the express purpose of offering expert testimony, then the witness must provide a written report in compliance with Rule 26(a)(2)(B). Non-retained,

"hybrid" witnesses who may offer expert opinion testimony need not provide reports, but the sponsoring party nonetheless must disclose, in accordance with Rule 26(a)(2)(C), "a ***summary of the facts and opinions*** to which the witness is expected to testify." (emphasis added).

On August 3, 2020, Plaintiffs identified 20 retained experts, for whom they disclosed written reports, and an additional 21 witnesses who "may offer both fact and expert testimony."[1] For this latter group of 21 hybrid witnesses, Plaintiffs provided brief biographical backgrounds, but no summary of the facts and opinions to which the witnesses were expected to testify.

When a party neglects to comply with expert disclosure requirements, Rule 37 mandates exclusion:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is ***not allowed to use that information or witness*** to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1) (emphasis added). The exclusion requirement is strictly applied. *See Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 869 (7th Cir. 2005) ("The sanction for failing to comply with Rule 26(a)(2)(C) is ***automatic and mandatory exclusion from trial*** of the non-disclosed evidence under Fed. R. Civ. P. 37(c)(1) unless non-disclosure was justified or harmless." (citation and internal quotation marks omitted) (emphasis added)); *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003 (recognizing that Rule "37(c)(1) requires absolute compliance with Rule 26(a)").

The burden to show that non-disclosure was justified or harmless is on the party subject to sanction under Rule 37, that is, the proponent of the evidence. *See Wilkins v. Montgomery*, 751 F.3d 214, 22 (4th Cir. 2014) (citation omitted); *Roberts*, 325 F.3d at 782; *Beattie v. Skyline Corp.*,

---

[1] Disclosure of Plaintiffs Experts (copy attached as **Exhibit A**) at 3-16.

No. 3:12-2528, 2013 WL 12183608, at *1 (S.D. W. Va. May 16, 2013); *Printing Press, Ltd. v. Presstek, Inc.*, No. 2:08-00080, 2009 WL 36505, at *2 (S.D. W. Va. Jan. 6, 2009) (Faber, J.) ("The burden to show justification or harmlessness under Rule 37(c) lies with the party facing sanctions." (citations omitted)). Plaintiffs cannot meet their burden.

There is no conceivable justification for Plaintiffs' failure to comply with Rule 26(a)(2)(C) here, and the prejudice to Defendants is palpable if Plaintiffs' hybrid witnesses are nonetheless permitted to offer expert testimony.[2] It is no answer to point to the fact that Defendants deposed some of the witnesses in their non-expert capacities.[3] Having not been apprised in advance of the

---

[2] In communications between counsel, Plaintiffs did not deny that they failed to make the required disclosures, but suggested any motion would be untimely because it comes more than 30 days after the deficient expert disclosure. *See* September 21, 2020 email exchange between Jennifer Wicht and Anthony Majestro (copy attached as **Exhibit B**). That is incorrect. The local rules establish a 30-day deadline for motions to compel or other motions in aid of discovery. Local R. Civ. P. 37.1(c). But Defendants are not moving to compel disclosure, nor are they seeking any discovery at all. Rather, Defendants seek *exclusion*, a remedy that can be sought up until the moment the impermissible testimony is offered at trial. Defendants submit this motion *in limine* merely to alert the Court to the testimony that must be excluded, thereby permitting an advance ruling and a more orderly trial.

[3] In email correspondence among counsel, see Exh. B, Plaintiffs' counsel referred Defendants generally to *Indianapolis Airport Authority v. Travelers Property Casualty Co. of America*, 849 F.3d 355 (7th Cir. 2017), and particularly the opinion's observation that the defendant "had ample opportunity to depose" two hybrid witnesses designated by the plaintiff. *Id.* at 370. In that case, however, plaintiffs had provided detailed summaries of the witnesses' expected testimony. *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 2016 WL 2997506, at *4, *11 (S.D. Ind. May 23, 2016). The question was whether those detailed summaries fairly disclosed specific opinions that the witnesses were expected to offer. *Id.* *Travelers* therefore has no bearing on the scenario presented here, where Plaintiffs provided no summary at all of their hybrid witnesses' proposed opinions. Even in *Travelers*, moreover, the appellate court did not find that the lower court had erred in its exclusion ruling. Rather, it concluded that the exclusion ruling depended on a partial summary judgment grant that had substantially narrowed the case. The appeals court reversed that summary judgment ruling, thereby (re)broadening the case's scope and requiring the district court to reexamine its exclusion ruling in light of the case's new contours. 849 F.3d at 369-70 ("The landscape of this litigation has now shifted, and the triable issues and available damages have expanded. . . . We think it best to vacate the exclusion order for fresh consideration in light of this opinion."). Finally, *Travelers* <u>cannot</u> stand for the proposition that having an opportunity to depose a hybrid witness negates the requirement for a summary of that witness's opinions; such a ruling would nullify Rule 26(a)(2)(C)'s requirement

facts and opinions to which Plaintiffs' hybrid witnesses would testify, Defendants could not have conducted adequate depositions on those topics. Plaintiffs have failed to afford Defendants the required opportunity to avoid surprise with respect to Plaintiffs' non-retained expert witnesses, and it would be fundamentally unfair, and contrary to the Federal Rules of Civil Procedure, to expect Defendants to effectively plan for and counter those witnesses' still unknown expert opinions at trial.

## CONCLUSION

Pursuant to Rule 37's automatic and mandatory exclusion provision, any expert testimony from Plaintiffs' 21 hybrid witnesses should be barred.

DATED:  October 2, 2020

Respectfully submitted,

*/s/ Steven R. Ruby*
Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
David R. Pogue (WVSB #10806)
Raymond S. Franks II (WVSB #6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone:     (304) 345-1234
Facsimile:     (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@csdlawfirm.com
rfranks@cdkrlaw.com

---

to disclose a summary of the witness's opinions, since it can always be said that the non-offering party could have deposed the witness.

Enu Mainigi
F. Lane Heard III
Jennifer G. Wicht
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone:     (202) 434-5000
Facsimile:      (202) 434-5029
emainigi@wc.com
lheard@wc.com
jwicht@wc.com
ahardin@wc.com
**Counsel for Defendant Cardinal Health, Inc.**


*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV  25322
Telephone:     (304) 340-1000
Facsimile:      (304) 340-1050
gcallas@jacksonkelly.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone:     (215) 851-8100
Facsimile:      (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
**Counsel for Defendant AmerisourceBergen Drug Corporation**

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
Jason L. Holliday (WVSB #12749)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone:	(304) 345-0200
Facsimile:	(304) 345-0260
jwakefield@flahertylegal.com
jholliday@flahertylegal.com

Geoffrey E. Hobart
Mark H. Lynch
Christian J. Pistilli
Laura Flahive Wu
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone:	(202) 662-5281
Facsimile:	(202) 662-6291
ghobart@cov.com
mlynch@cov.com
cpistilli@cov.com
lflahivewu@cov.com
**Counsel for Defendant McKesson Corporation**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2020, the foregoing ***Defendants' Motion to Exclude Undisclosed Expert Testimony of Non-Retained Expert Witnesses*** was filed using the Court's CM/ECF system, which will serve notification of such filing on all counsel of record.

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB #10752)