| From: | Anthony J. Majestro |
|---|---|
| To: | 2804 Discovery, MDL; MDL 2804; ct2_opioid_team@mail-list.com; Track2OpioidDefendants@ReedSmith.com; Wicht, Jennifer |
| Cc: | Allison Skinner; Christopher Wilkes |
| Subject: | Re: CT2 - non-retained expert disclosures |
| Date: | Monday, September 21, 2020 4:15:25 PM |
| Attachments: | image001.png |

EXTERNAL E-MAIL - From amajestro@powellmajestro.com

Jennifer,

Thank you for the heads up. We will advise shortly regarding our intentions with regard to Dr. Zachary Hansen, Steve Murray, and Dr. Mitzi Payne.

We are aware of FRCP 26(a)(2)(C) and have discussed this issue with your counterparts on several occasions. Each "hybrid witness" we disclosed (save those referenced below) have been deposed already in this litigation. I respectfully refer you to *Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355 (7th Cir. 2017) (holding the parties "had ample opportunity to depose these witnesses") and advise that you bring this matter to the Court sooner rather than later. In that vein, we note that any objection would appear to be untimely as these disclosures were made over six weeks ago and this is the first time you have challenged the sufficiency of the disclosure. *See* Local Rule 37.1(c). ("…Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order…..").

Copying SM Wilkes and Allison Skinner to expedite resolution leading up to and/or during the pre-trial conference.

---Tony

Anthony J. Majestro, Esq.
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com



**From:** "2804 Discovery, MDL" <mdl2804discovery@motleyrice.com>
**Date:** Monday, September 21, 2020 at 2:26 PM
**To:** MDL 2804 <MDL2804@motleyrice.com>
**Subject:** FW: EXTERNAL-CT2 - non-retained expert disclosures

**From:** Wicht, Jennifer <JWicht@wc.com>
**Sent:** Monday, September 21, 2020 6:19:29 PM
**To:** Paul Farrell Jr <paul@farrell.law>; Kearse, Anne <akearse@motleyrice.com>
**Cc:** 2804 Discovery, MDL <mdl2804discovery@motleyrice.com>; zz-Track 2 Opioid Defendants (S) <Track2OpioidDefendants@ReedSmith.com>
**Subject:** EXTERNAL-CT2 - non-retained expert disclosures

Dear Paul & Anne:
Plaintiffs' disclosures of non-retained experts do not provide the information required under Fed. R. Civ. P 26(a)(2)(C) to allow those witnesses to provide opinion testimony.  Even if Plaintiffs belatedly were to provide adequate disclosures, the case schedule would not allow Defendants to depose all of those witnesses on their late disclosed opinion testimony before trial.  Accordingly, Defendants will take the position that the identified witnesses should be precluded from providing opinion testimony at trial.

Three people on Plaintiffs' disclosure have not yet been deposed in their capacity as fact witnesses. If Plaintiffs intend to call those witnesses at trial for their fact testimony, pursuant to our stipulation at ECF No. 724, Defendants respectfully request fact deposition dates in the beginning of October for Dr. Zachary Hansen, Steve Murray, and Dr. Mitzi Payne.
Thanks,
Jen

**Jennifer G. Wicht**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5331 | (F) 202-434-5029
jwicht@wc.com | www.wc.com/jwicht
*she, her, hers*

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or

disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

You're receiving this message because you're a member of the MDL 2804 group from Motley Rice, LLC. To take part in this conversation, reply all to this message.

View group files      Leave group      Learn more about Microsoft 365 Groups

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.