# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
<u>EXPERT TESTIMONY PROFFERED BY JOSEPH RANNAZZISI</u>**

**I.    INTRODUCTION**

On Tuesday, September 29, Plaintiffs contacted DEA "to notify the Department of Justice of Plaintiffs' intent to call Joseph Rannazzisi as a witness in the trial in the above captioned case, which begins on October 19, 2020."[1] Mr. Rannazzisi—now retired from DEA—served as the Deputy Assistant Administrator for DEA's Office of Diversion Control from 2005 to 2015. The Deputy Assistant Administrator is the head of the Office of Diversion Control.

In Track 1 of the MDL, Mr. Rannazzisi was deposed on April 26 and May 15, 2019, as a fact witness for third party DEA. As a high-level official, Mr. Rannazzisi had little direct interaction with Defendants. For example, he did not attend any of the Distributor Initiative briefings that DEA provided to Defendants in 2005, at which other DEA employees provided guidance on identifying rogue internet pharmacies.[2] He did not personally analyze or evaluate the components of any of the Defendants' suspicious order monitoring systems during his tenure at DEA.[3] He did not personally provide guidance to distributors about his definition of a "suspicious order."[4] Those responsibilities fell to other DEA officials like Michael Mapes and Kyle Wright, both of whom were deposed as fact witnesses in Track 1.

Within a year of leaving DEA, Mr. Rannazzisi was hired as a consultant for plaintiffs' lawyers. By the date of his Track 1 deposition, Mr. Rannazzisi had received payments of between $100,000 and $250,000 from his work as a consultant for plaintiffs' lawyers in the

---

[1] Ex. 1 (Sept. 29, 2020 Letter from L. Singer to M. Stuart).

[2] Ex. 2 (Rannazzisi Dep., May 15, 2019) at 536:7-19. Mr. Rannazzisi personally attended one follow-up meeting with one of the Defendants in January 1, 2006, but did not attend the initial meeting with that Defendant in August 2005, or any meetings involving the other Defendants.

[3] Ex. 3 (Rannazzisi Dep., April 26, 2019) at 320:1-14.

[4] Ex. 3 (Rannazzisi Dep., April 26, 2019) at 267:11-268:3.

1

Opioid Litigation.[5]  To date, he has received payments from five different plaintiffs' law firms, including the Motley Rice firm representing the City of Huntington before this Court.[6]

Mr. Rannazzisi is now serving as a testifying expert for plaintiffs' lawyers in their case against Defendants in *State of Ohio v. McKesson Corp., et al.*, Case No. CVH20180055 (Ct. Com. Pl., Madison County, Ohio), which is scheduled to start trial on March 8, 2021.  There, Mr. Rannazzisi submitted a 162-page expert report regarding the adequacy of Defendants' suspicious order monitoring programs, with over 400 pages of detailed analysis of opioid distributions to ninety-nine pharmacies serviced by Defendants.  Mr. Rannazzisi was paid nearly $500,000 by plaintiffs' lawyers for his work on the Ohio matter.[7]  Mr. Rannazzisi's expert work for opioid plaintiffs' lawyers has provided him with access to detailed information about each Defendant's suspicious order monitoring system that far exceeds the scope of the knowledge he acquired during his tenure at DEA.

Plaintiffs provided a preliminary trial witness list on June 3, 2020, while fact discovery was still ongoing.  Dkt. No. 503.  Mr. Rannazzisi was not identified.  Plaintiffs identified Mr. Rannazzisi as a potential trial witness for the first time on September 23, 2020, after the close of fact and expert discovery.

---

[5] Ex. 3 (Rannazzisi Dep., April 26, 2019) at 80:24-81:11.

[6] Ex. 4 (Rannazzisi Dep., July 16, 2020) at 55:20-56:5 ("Q. How many different plaintiff law firms have paid you, do you know? . . . A. Motley Rice, Fields, KMK, and Boies Schiller."); *id.* at 56:6-8 ("Q. So four different plaintiff law firms have paid you? A. Yes."); *id.* at 62:15-25 (adding the fifth firm, Gilbert, LLP).

[7] Ex. 5 (June 23, 2020 Email from G. Utter, Rannazzisi Dep., July 16, 2020, Ex. 16).

**II.     ARGUMENT**

Because Mr. Rannazzisi serves as an expert witness for plaintiffs in the Opioid Litigation, Plaintiffs may attempt to present Mr. Rannazzisi as (1) an undisclosed and improper expert witness, or (2) a fact witness about his time at DEA, or both.

Any eleventh-hour attempt by Plaintiffs to elicit expert testimony from Mr. Rannazzisi is highly improper under the scheduling order and would unfairly prejudice Defendants.  Plaintiffs failed to disclose Mr. Rannazzisi as an expert in this case and did not serve an expert report by the August 3, 2020 deadline.[8]  Expert discovery in this case is closed, summary judgment motions are filed, *Daubert* motions and some pre-trial motions *in limine* will be filed this week, and trial is just three weeks away.  When a party fails to provide information regarding an expert witness or to identify that witness, the penalty is exclusion.  Fed. R. Civ. P. 37(c)(1).

Moreover, any testimony by Mr. Rannazzisi should be limited to the scope of Mr. Rannazzisi's deposition in Track 1.  For example, testimony falling outside the scope of Mr. Rannazzisi's DEA fact deposition includes, but is not limited to, testimony relating to Defendants' suspicious order monitoring systems; the substance of distributor briefings that Mr. Rannazzisi did not attend; the report by the Energy and Commerce Committee of the U.S. House of Representatives; and individual pharmacies in West Virginia.

As a fact witness, Mr. Rannazzisi cannot testify to new facts related to Plaintiffs' claims that he may have learned in the course of his expert work for plaintiffs' lawyers.  Moreover, he also should not be permitted to testify about facts specific to West Virginia and the bellwether jurisdictions because Defendants did not have an opportunity to depose him during Track 2.

---

[8] *See* Dkt. No. 410.

This court should follow the New York trial court's approach, which rejected the same last-minute tactic that Plaintiffs now attempt here. The New York Plaintiffs disclosed Mr. Rannazzisi as a "fact witness" for the first time less than two weeks before trial was set to begin. The trial court ruled: "(i) Mr. Rannazzisi shall not be permitted to offer expert opinion testimony at the Phase I Trial, and (ii) shall not be permitted to testify beyond the scope of the deposition which he gave in the MDL."[9]

## III. REQUESTED RELIEF

For these reasons, Defendants seek a ruling from the Court (i) precluding Mr. Rannazzisi from offering expert opinion testimony at the Track 2 trial, and (ii) confirming that Mr. Rannazzisi shall not be permitted to testify beyond the scope of his personal knowledge established during his fact deposition in Track 1.

---

[9] Ex. 6 (Decision and Order Concerning Rannazzisi Deposition, *In re Opioid Litig.*, No. 400000/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 6473).

Dated: October 2, 2020                                  Respectfully submitted,

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*Counsel for McKesson Corporation*

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

/s/ Steven R. Ruby
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

/s/ Enu Mainigi
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com
jwicht@wc.com

*Counsel for Cardinal Health, Inc.*

6

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on October 2, 2020, the foregoing *Memorandum of Law in Support of Defendants' Motion to Exclude Expert Testimony Proffered by Joseph Rannazzisi* was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 2, 2020                            */s/ Timothy C. Hester*
                                                  Timothy C. Hester