# Plaintiffs' Memorandum in Opposition to Joint Motion for Summary Judgment for Failure to Prove Fault Element of Public Nuisance Claims

# Ex 33 – Prevoznik Tr. (4-18-19) Excerpts

Case: 1:17-cv-01362-DAP Doc #: 1983-14 Filed: 07/26/19 1 of 373. PageID #: 245299
Case: 1:17-md-02804-DAP Doc #: 1985-34 Filed: 07/26/19 1 of 373. PageID #: 245499
Highly Confidential - Subject to Further Confidentiality Review

```
  1         IN THE UNITED STATES DISTRICT COURT
  2         FOR THE NORTHERN DISTRICT OF OHIO
  3                  EASTERN DIVISION
  4                       - - -
  5
       IN RE:  NATIONAL         :   HON. DAN A.
  6    PRESCRIPTION OPIATE      :   POLSTER
       LITIGATION               :
  7                             :
       APPLIES TO ALL CASES     :   NO.
  8                             :   1:17-MD-2804
                                :
  9
               - HIGHLY CONFIDENTIAL -
 10
      SUBJECT TO FURTHER CONFIDENTIALITY REVIEW
 11
                       VOLUME II
 12
                        -  -  -
 13
                    April 18, 2019
 14
                        -  -  -
 15
 16             Continued videotaped
      deposition of THOMAS PREVOZNIK, taken
 17   pursuant to notice, was held at the law
      offices of Williams & Connolly, 725 12th
 18   Street, Washington, D.C., beginning at
      8:16 a.m., on the above date, before
 19   Michelle L. Gray, a Registered
      Professional Reporter, Certified
 20   Shorthand Reporter, Certified Realtime
      Reporter, and Notary Public.
 21
                        -  -  -
 22
            GOLKOW LITIGATION SERVICES
 23    877.370.3377 ph | 917.591.5672 fax
                 deps@golkow.com
 24
```

```
 1                 THE WITNESS:  Yes.
 2       BY MR. FARRELL:
 3            Q.    So going back and looking
 4       backwards from this very same energy and
 5       commerce report, I happened to be
 6       familiar with it because of the West --
 7       because of West Virginia.  The Sav-Rite
 8       Pharmacy from Page 125, Congress went
 9       back and looked at the old ARCOS data.
10       And from it, what it's determined was
11       that McKesson Corporation -- are you
12       familiar with the company called
13       McKesson?
14            A.    Yes, I am.
15            Q.    And who are they?
16            A.    They are a wholesaler,
17       distributor.
18            Q.    McKesson Corporation sold
19       five million doses in 2006 and 2007 of
20       opium pills to a pharmacy in Kermit, West
21       Virginia.  Can you, by looking at this
22       exhibit, tell me how many people,
23       according to Congress, live in Kermit,
24       West Virginia?
```

```
 1                    MR. STEPHENS:  Objection to
 2           form and scope.
 3                    MR. O'CONNOR:  Objection.
 4                    MR. EPPICH:  Objection.
 5           Foundation.
 6                    THE WITNESS:  406.
 7    BY MR. FARRELL:
 8           Q.   All right.  So under any
 9    reasonable -- is there any possibly way
10    that a town of 406 has a medical need for
11    over five million pills of opium in a
12    span of two years?
13                    MR. EPPICH:  Objection.
14           Foundation.  Calls for
15           speculation.  Scope.
16                    MR. STEPHENS:  Scope as
17           well.
18                    MR. FINKELSTEIN:  I'll join
19           the scope objection.
20                    You can answer if you
21           understand.
22                    THE WITNESS:  Could you
23           repeat it, please, one more time?
24    BY MR. FARRELL:
```

```
1          Q.   Yeah.  Is there any basis
2    that you can make up in reality or
3    otherwise where a town of 400 people have
4    a medical need for five million pills of
5    opium in a span of 24 months?
6              MR. EPPICH:  Objection.
7         Form.  Foundation.  Scope.  Calls
8         for speculation.
9              THE WITNESS:  Correct.
10         There isn't.  There isn't.
11   BY MR. FARRELL:
12        Q.   There is absolutely no way,
13   is there?
14             MR. EPPICH:  Same
15        objections.
16             THE WITNESS:  No.
17   BY MR. FARRELL:
18        Q.   So while some people may ask
19   the DEA why you didn't catch this, my
20   question to the DEA is why didn't you
21   indict McKesson?
22             MR. EPPICH:  Objection to
23        form --
24             MR. FINKELSTEIN:  I'm going
```

```
1            take other civil action or an
2            injunctive action against the
3            company, or we could criminally
4            prosecute.
5   BY MR. FARRELL:
6        Q.    Was the DEA in fact
7   frustrated that registrants were
8   blatantly violating the MOUs from prior
9   administrative actions?
10            MR. EPPICH:  Object to form.
11            THE WITNESS:  Yes.
12  BY MR. FARRELL:
13       Q.    And which registrants are we
14  talking about in particular?
15            MS. MAINIGI:  Objection.
16       Scope.  I would like to go ahead
17       and get an objection on the record
18       and get a response from DOJ as
19       well as it relates to individual
20       defendants or individual
21       registrants.
22            Our understanding is that
23       individual registrants or
24       defendants are outside the scope
```

```
 1   that -- where I asked you generally which
 2   registrants we are talking about.
 3              And I'm going to go and give
 4   you more specific information.
 5              So the last question that
 6   was pending and answered, I asked:  "Was
 7   the DEA in fact frustrated that
 8   registrants were blatantly violating the
 9   MOUs from prior administrative actions?"
10              And your answer was:  "Yes."
11              There were appropriate
12   objections that were made that will be
13   resolved one day in the future.  So
14   here's where my follow-up questions
15   comes.
16         A.   Okay.
17         Q.   Does that include Cardinal
18   Health's 2008 MOU and settlement which
19   resulted in a second DEA fine?
20         A.   Yes.
21              MS. MAINIGI:  Objection.
22         Objection.  Scope.  Objection.
23         Form.  Let me just go ahead and
24         begin at least noting, and then
```

```
 1          that matter deliberative process
 2          or law enforcement sensitive
 3          information.
 4                  I will continue to make
 5          appropriate objections, and where
 6          appropriate instruct the witness
 7          not to answer.  The defendants
 8          have made their objections and
 9          have preserved them for the
10          record.
11                  You can answer.
12   BY MR. FARRELL:
13          Q.   Does that include McKesson's
14   2008 MOU and settlement which resulted in
15   a second DEA fine?
16                  MR. EPPICH:  Objection.
17          Scope.
18                  THE WITNESS:  Yes.
19   BY MR. FARRELL:
20          Q.   I'm not going to play this
21   video clip.  Instead I'm going to ask it
22   in a form of a question.
23                  During the same testimony
24   acting -- is it administrator?
```