# Plaintiffs' Memorandum in Opposition to Joint Motion for Summary Judgment for Failure to Prove Fault Element of Public Nuisance Claims

# Ex 45 – ABDCMDL00279854-865

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into on this 22nd day of June, 2007, by and between the United States Department of Justice Drug Enforcement Administration (hereinafter the "DEA") and AmerisourceBergen Drug Corporation (hereinafter "AmerisourceBergen") (each a "Party" and collectively the "Parties").

## APPLICABILITY

The Agreement shall be applicable to the AmerisourceBergen drug distribution centers listed in Exhibit A and AmerisourceBergen's subsidiary, J.M. Blanco, Inc., registered in Guaynabo, Puerto Rico.

## BACKGROUND

WHEREAS, on April 19, 2007, the DEA, by its Deputy Administrator, Michele M. Leonhart, issued an Order to Show Cause and Immediate Suspension of Registration ("Order") to AmerisourceBergen, solely with respect to its Orlando distribution center located at 2100 Directors Row, Orlando, Florida 32809 (the "Orlando Facility"); and

WHEREAS, the Order alleged, among other things, AmerisourceBergen failed to maintain effective controls at the Orlando Facility against diversion of particular controlled substances into other than legitimate medical, scientific and industrial channels by sales to certain customers of AmerisourceBergen; and

WHEREAS, after service of the Order on AmerisourceBergen, on April 24, 2007, representatives of DEA and AmerisourceBergen entered into discussions on how best to resolve the issues raised in the Order; and

WHEREAS, on April 27, 2007, the DEA and AmerisourceBergen entered into an Order of Special Dispensation and Agreement, allowing for limited distribution of controlled substances out of the Orlando Facility (the "Modified Order"); and

WHEREAS, the DEA and AmerisourceBergen desire to settle and resolve all outstanding claims and/or issues with respect to the Order and Modified Order, among other matters.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, and intending to be legally bound hereby, the Parties hereto agree as follows:

Exhibit: 005
Amerisource Bergen
**ZIMMERMAN**
August 3, 2018
Reporter: Amanda Miller, CRR

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00279854

## I. General

1. <u>Intention of Parties to Effect Settlement</u>. In order to avoid the uncertainty and expense of litigation, the Parties agree to resolve this matter according to the Terms and Conditions below.

2. <u>No Admission or Concession</u>. This Agreement is neither an admission of liability by AmerisourceBergen nor a concession by the DEA that its claims in the Order and the Modified Order are not well-founded, and AmerisourceBergen expressly denies the DEA's allegations set forth in the Order and the Modified Order.

3. <u>Covered Conduct</u>. "Covered Conduct" shall mean (i) the conduct alleged in the Order and/or the Modified Order, (ii) the alleged failure of AmerisourceBergen to maintain adequate controls against diversion of controlled substances, on or prior to May 22, 2007, at the Orlando Facility and all other distribution facilities controlled by AmerisourceBergen, with respect to all sales of Automation of Reports and Consolidated Orders System ("ARCOS")-reportable controlled substances, benzodiazepines and phentermine; and (iii) the alleged failure to detect and report suspicious orders of sales of the controlled substances set forth in subsection I(3)(ii) of this Agreement, as required by 21 C.F.R. § 1301.74(b).

## II. Terms and Conditions

1. <u>Obligations of AmerisourceBergen</u>.

(a) AmerisourceBergen agrees to maintain a compliance program designed to detect and prevent diversion of controlled substances, which shall apply to the Orlando Facility and all other existing and future distribution centers of AmerisourceBergen in the United States and its territories and possessions, which AmerisourceBergen shall revise as appropriate.

(b) AmerisourceBergen shall: (i) provide to DEA Headquarters within two business days following the date of sale a report of all controlled substance transactions through Electronic Data Interchange in a format mutually and reasonably agreed upon by the Parties. This information will be based on raw sales data and is not reconciled in the manner that ARCOS data is reconciled; and (ii) inform DEA of suspicious orders as required by 21 C.F.R. § 1301.74(b) in a format mutually and reasonably agreed upon by the Parties, except that AmerisourceBergen shall inform DEA Headquarters of suspicious orders, unless and until advised otherwise in writing by DEA Headquarters. The obligations contained in this paragraph shall remain in full force and effect for a period of five (5) years from the Effective Date of this Agreement, and thereafter shall remain in full force and effect unless terminated and revoked by either party upon thirty (30) days written notice.

(c) Any material breach of subsections II(1)(a) or (b) of this Agreement by AmerisourceBergen after DEA restores the Orlando facility's registration may be a basis upon which DEA can issue an Order to Show Cause seeking the revocation of the DEA certificate of

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00279855

registration associated with the Distribution Center whose conduct is related to the material breach of the agreement.

2. Obligations of DEA.

(a) The DEA shall continue to provide diversion prevention and awareness training, as practicable, to retail pharmacy industry members at AmerisourceBergen trade shows and through written materials.

(b) The DEA agrees to accept at DEA Headquarters the information regarding suspicious orders as described in subsection II(1)(b)(ii) of this Agreement.

(c) On or before August 24, 2007, the DEA shall conduct reviews of the functionality of AmerisourceBergen's diversion compliance program ("Compliance Reviews") at up to five distribution centers of AmerisourceBergen, consisting of the distribution centers located in Orlando, Florida; Sugar Land, Texas; Williamston, Michigan; and two other distribution centers selected by the DEA, and shall also review the investigatory files of the customers serviced by the distribution centers subject to the Compliance Reviews that are maintained by AmerisourceBergen's Corporate Security & Regulatory Affairs Department in Chesterbrook, Pennsylvania. The DEA shall notify AmerisourceBergen no less than 48 hours prior to commencing a Compliance Review at a distribution center. The DEA shall issue a Notice of Inspection to AmerisourceBergen upon commencement of a Compliance Review. During the course of the Compliance Review, if requested, AmerisourceBergen shall provide the DEA with information related to the sales from February 24, 2007, to the date of the Compliance Review by the particular distribution center being reviewed of ARCOS-reportable controlled substances, benzodiazepine and phentermine. At the conclusion of each Compliance Review, the DEA shall conduct an exit interview with an appropriate AmerisourceBergen representative to provide DEA's preliminary conclusions regarding the Compliance Review. The DEA may also conduct an additional Compliance Review of the Orlando Facility no later than November 24, 2007. During the course of the Compliance Reviews of the Orlando Facility, AmerisourceBergen shall also provide the DEA with information related to the sales, from the date of this Agreement to the date of the Compliance Review of the Orlando Facility, of listed chemicals as defined at 21 U.S.C. §§ 802(33), (34), & (35) and 21 C.F.R. §§ 1300.02(b)(18) & (19). Notwithstanding the provisions of this paragraph, DEA retains the right to investigate any registered location as authorized by law.

(d) By no later than 12:01 a.m. on August 25, 2007, DEA shall dissolve the Order and the Modified Order and, if AmerisourceBergen files a renewal application on or before July 31, 2007, DEA shall grant such application for renewal, unless the Compliance Reviews described in subsection II(2)(c) of this Agreement are not deemed satisfactory by DEA. The Compliance Reviews will be deemed satisfactory unless DEA determines that one or more of the facilities being inspected has (i) failed to maintain effective controls against diversion regarding the distribution of any ARCOS-reportable controlled substance, phentermine, or any benzodiazepines; (ii) failed to report to DEA suspicious orders of controlled substances; (iii) failed to meaningfully investigate new or existing customers regarding the customer's legitimate need to order or purchase controlled substances; (iv) failed to maintain effective controls at the

3

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00279856

Orlando Facility regarding the distribution of listed chemicals as defined at 21 U.S.C. §§ 802(33), (34), & (35) and 21 C.F.R. §§ 1300.02(b)(18) & (19); or (v) failed to report to DEA suspicious orders of listed chemicals as defined at 21 U.S.C. §§ 802(33), (34), & (35) and 21 C.F.R. §§ 1300.02(b)(18) & (19) at the Orlando Facility. The Compliance Reviews shall be deemed not satisfactory if DEA provides written notice with specificity to AmerisourceBergen on or before August 22, 2007, stating that AmerisourceBergen failed to meet any of the requirements in either subsections II(2)(d)(i), (ii), or (iii) of this Agreement. DEA shall not find a Compliance Review "not satisfactory" unless the failure(s) are sufficient to provide DEA with a factual and legal basis for issuing an Order to Show Cause under 21 U.S.C. § 824(a) against one or more of the inspected facilities. In the event that DEA provides such written notice of a Compliance Review Failure(s), DEA shall meet and confer with AmerisourceBergen within 48 hours regarding such a finding. The DEA shall consider remedial measures which AmerisourceBergen has instituted since May 22, 2007, in determining whether the Compliance Reviews are satisfactory. A finding of satisfactory does not otherwise express DEA's approval of the compliance program implemented at any particular distribution center.

(e) Upon execution of this Agreement, DEA authorizes the Orlando Facility to distribute listed chemicals as defined at 21 U.S.C. §§ 802(33), (34), & (35) and 21 C.F.R. §§ 1300.02(b)(18) & (19), notwithstanding the Order and Modified Order served upon the Orlando Facility.

(f) The Orlando Facility failed to file a renewal application for its DEA registration at least 45 days prior to the expiration of its current DEA registration. If AmerisourceBergen files a renewal application for the Orlando facility prior to July 31, 2007, the expiration date of its current DEA registration, DEA hereby extends the Orlando Facility registration up to and including August 24, 2007, unless otherwise extended. This extension of the registration is for the sole benefit of AmerisourceBergen to allow its Orlando Facility to operate under the Modified Order and terms of the Agreement during the Compliance Reviews described in subsection II(2)(c) of this Agreement. If the Compliance Reviews are not satisfactory under the standard set forth in subsection II(2)(d) of this Agreement, the Orlando Facility's DEA registration shall expire on the date on which DEA provides written notice to AmerisourceBergen of the findings of the Compliance Reviews. Under such circumstances, the Orlando Facility's DEA registration shall expire on the date of said written notice due to AmerisourceBergen's failure to submit a renewal application at least 45 days prior to the expiration of its current DEA registration as required by 21 C.F.R. § 1301.36(i), notwithstanding the temporary extension of the its registration pursuant to this subsection.

3. Joint Obligations of the Parties.

(a) AmerisourceBergen and the DEA agree that:

(i) upon the execution of this Agreement, AmerisourceBergen shall file an unopposed motion to stay all further proceedings related to the Order until no earlier than August 25, 2007;

4

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00279857

(ii) upon the satisfactory completion of the Compliance Reviews described in subsections II(3)(d) and (e) of this Agreement, the Immediate Suspension Order shall be rescinded and withdrawn by the DEA, and the DEA and AmerisourceBergen shall file and serve a Joint Motion to Terminate the Proceedings related to the Order to Show Cause as described in subsection III(10) of this Agreement.

(b) DEA and AmerisourceBergen shall meet no less than annually at DEA Headquarters to discuss: (i) suggestions for improvements in AmerisourceBergen's compliance program to detect and prevent diversion of controlled substances; (ii) any concerns of the DEA related to the sales pattern of controlled substances by AmerisourceBergen; and (iii) any other issues of concern to either Party.

4. Release by the DEA. (i) In consideration of the obligations of AmerisourceBergen under this Agreement, the DEA releases AmerisourceBergen, together with its officers, directors, employees, successors and assigns (collectively, the "Released Parties") from the claims set forth in the Order and/or the Modified Order, and from any claims that the DEA has or may have under any law, rule or regulation including, without limitation, Sections 303, 304 and 402 of the Act, 21 U.S.C. §§ 823, 824 and 842, for the Covered Conduct. (ii) This release is applicable only to the Released Parties and is not applicable in any manner to any other individual, partnership, corporation, or entity. With the exception of the U.S. Attorney's office in and for the Middle District of Florida with respect to potential civil proceedings regarding the Orlando Facility, the DEA represents and warrants that it has not previously referred and agrees not to refer the Covered Conduct for further administrative, civil or criminal proceedings to the Department of Justice, any United States Attorney's Office, any attorney general or any other law enforcement, administrative, or regulatory agency of the United States or any State thereof. (iii) Notwithstanding the release by DEA contained in paragraph II(4) of this Agreement, DEA may seek to admit evidence of the Covered Conduct for other proper evidentiary purposes in an Administrative Proceeding concerning non-Covered Conduct. Nothing in paragraph II(4) shall prohibit any other agency within the Department of Justice, any United States Attorney's Office, any attorney general, or any other law enforcement, administrative, or regulatory agency of the United States or any State thereof, from initiating administrative, civil, or criminal proceedings with respect to the Covered Conduct. DEA may, and shall as obligated in fulfilling its statutory duties, assist and cooperate with any other agency within the Department of Justice, any United States Attorney's Office, any attorney general, or any other law enforcement, administrative, or regulatory agency of the United States or any State thereof, that initiates an investigation, action, or proceeding involving the Covered Conduct.

5. Release by AmerisourceBergen. With the exception of the U.S. Attorney's office in and for the Middle District of Florida with respect to potential civil proceedings regarding the Orlando Facility, AmerisourceBergen fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) which AmerisourceBergen has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and prosecution thereof.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00279858

6. Reservation of Claims. Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person (including AmerisourceBergen) are the following:

(a) Any civil, criminal or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

(b) Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct subject to paragraph II(4) of this Agreement; or

(c) Any liability based upon such obligations as are created by this Agreement.

## III. Miscellaneous

1. Binding on Successors. This Agreement is binding on AmerisourceBergen, and its respective successors, heirs, transferees, and assigns.

2. Costs. Each Party to this Agreement shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

3. No Additional Releases. This Agreement is intended to be for the benefit of the Parties and the Released Parties only, and by this instrument the Parties do not release any claims against any other person or entity other than the Released Parties.

4. Effect of Agreement. This Agreement constitutes the complete agreement between the Parties. All material representations, understandings, and promises of the Parties are contained in this Agreement, and each of the parties expressly agrees and acknowledges that, other than those statements expressly set forth in this Agreement, it is not relying on any statement, whether oral or written, of any person or entity with respect to its entry into this Agreement or to the consummation of the transactions contemplated by this Agreement. Any modifications to this Agreement shall be set forth in writing and signed by all Parties. AmerisourceBergen represents that this Agreement is entered into with advice of counsel and knowledge of the events described herein. AmerisourceBergen further represents that this Agreement is voluntarily entered into in order to avoid litigation, without any degree of duress or compulsion.

5. Execution of Agreement. This Agreement shall become effective (i.e., final and binding) upon the date of signing by the last signatory (the "Effective Date").

6. Disclosure. AmerisourceBergen and the DEA may each disclose the existence of this Agreement and information about this Agreement to the public without restriction.

7. Execution in Counterparts. This Agreement may be executed in counterparts, each of which constitutes an original, and all of which shall constitute one and the same agreement.

6

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00279859

8. <u>Authorizations</u>. The individuals signing this Agreement on behalf of AmerisourceBergen represent and warrant that they are authorized by AmerisourceBergen to execute this Agreement. The individuals signing this Agreement on behalf of the DEA represent and warrant that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

9. <u>Choice of Law and Venue</u>. This Settlement Agreement and Release shall be construed in accordance with the laws of the United States. The Parties agree that the jurisdiction and venue for any dispute arising between and among the Parties under subsections II(2)(a-d) of this Agreement will be the United States District Court or, as appropriate, in the Court of Federal Claims, in which the AmerisourceBergen distribution facility(s) at issue is located. This provision, however, shall not be construed as a waiver of the jurisdictional provisions of the Controlled Substances Act.

10. <u>Joint Motion to Terminate Proceedings</u>. Upon the satisfactory completion of the Compliance Reviews, and no later than August 27, 2007, the DEA and AmerisourceBergen shall promptly sign and file with the Administrative Law Judge, Drug Enforcement Administration a Joint Motion to Terminate Proceedings related to the Order to Show Cause.

11. <u>Change in Law or Regulation</u>. In the event that a change in law or regulation would impose fewer or less onerous diversion control procedures on other wholesalers or distributors of controlled substances and listed chemicals, the DEA agrees to meet with AmerisourceBergen to discuss possible modifications to the requirements under this Agreement.

12. <u>Acquisition or Business Combination</u>. AmerisourceBergen may, in the event of an acquisition or other business combination of another drug distributor/wholesaler(s), integrate that distributor/wholesaler(s) into the AmerisourceBergen compliance program referenced in subsection II(1)(a) of this Agreement. Notwithstanding integration into AmerisourceBergen's compliance program, any specific limitations or restrictions that DEA has placed upon the drug distributor/wholesaler(s) or upon its/their DEA registration(s) shall remain in full force and effect, unless modified in writing by DEA. Requests for modification of any such restriction or agreement shall be submitted by AmerisourceBergen to DEA Headquarters, Office of Diversion Control. This provision, however, does not otherwise express DEA's approval of the compliance program implemented by AmerisourceBergen.

[Remainder of this page left intentionally blank.]

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00279860

IN WITNESS WHEREOF, the Parties hereto have duly executed this Settlement and Release Agreement as of the date written above.

**AMERISOURCEBERGEN DRUG CORPORATION**

By: *[signature]*
Terrance P. Haas
President, AmerisourceBergen Drug Corporation

Dated: June 22, 2007

By: *[signature]*
John G. Chou
Senior Vice President, General Counsel and Secretary, AmerisourceBergen Drug Corporation

Dated: June 22, 2007

**THE UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION**

By: *[signature]*
Michele M. Leonhart
Deputy Administrator
Drug Enforcement Administration

Dated: June 22, 2007

By: *[signature]*
Wendy H. Goggin
Chief Counsel
Drug Enforcement Administration

Dated: June 22, 2007

8

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00279861

# EXHIBIT A
(3 pages)

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00279862

ABDCMDL00279863
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



**DRUG ENFORCEMENT ADMINISTRATION**
**OFFICE OF DIVERSION CONTROL**
**CONTROLLED SUBSTANCES ACT SYSTEM**

Chain Code B002

| DEA Number | Name / Address | Expiration Date | Last Renewal Date | Admin Code | Admin Date | Drug Schedules |
|---|---|---|---|---|---|---|
| PL0032627 | AMERISOURCEBERGEN DRUG CORP<br>322 N 3RD STREET<br>PADUCAH, KY 42001 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0129937 | AMERISOURCEBERGEN DRUG CORP<br>100 FRIARS BLVD<br>THOROFARE, NJ 08086 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0210409 | AMERISOURCEBERGEN DRUG CORP<br>2100 DIRECTORS ROW<br>ORLANDO, FL 32809 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0223432 | AMERISOURCEBERGEN DRUG CORP<br>172 CAHABA VALLEY PKWY<br>PELHAM, AL 35124 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0289000 | AMERISOURCEBERGEN DRUG CORP<br>9900 J.E.B. STUART PARKWAY<br>GLEN ALLEN, VA 23059 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0289036 | AMERISOURCEBERGEN DRUG CORP<br>8605 EBENEZER CHURCH RD<br>RALEIGH, NC 27617 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0289048 | AMERISOURCEBERGEN DRUG CORP<br>238 SAND ISLAND ACCESS RD #M1<br>HONOLULU, HI 96819 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0289050 | AMERISOURCEBERGEN DRUG CORP<br>1851 CALIFORNIA AVE<br>CORONA, CA 92881 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0289062 | AMERISOURCEBERGEN DRUG CORP<br>24903 AVENUE KEARNY<br>VALENCIA, CA 91355 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0289086 | AMERISOURCEBERGEN DRUG CORP<br>6300 ST LOUIS ST<br>MERIDIAN, MS 39301 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0289098 | AMERISOURCEBERGEN DRUG CORP<br>1765 FREMONT DR<br>SALT LAKE CITY, UT 84104 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |

1 of 3





DRUG ENFORCERMENT ADMINISTRATION
OFFICE OF DIVERSION CONTROL
CONTROLLED SUBSTANCES ACT SYSTEM

| DEA Number | Name / Address | Expiration Date | Last Renewal Date | Admin Code | Admin Date | Drug Schedules |
|---|---|---|---|---|---|---|
| RA0289276 | AMERISOURCEBERGEN DRUG CORP 12727 WEST AIRPORT BLVD SUGAR LAND, TX 77478 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0290522 | AMERISOURCEBERGEN DRUG CORP 8190 LACKLAND RD ST LOUIS, MO 63114 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0290724 | AMERISOURCEBERGEN DRUG CORP 101 NORFOLK ST MANSFIELD, MA 02048 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0290736 | AMERISOURCEBERGEN DRUG CORP 1 INDUSTRIAL PARK DR. WILLIAMSTON, MI 48895 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0290837 | AMERISOURCEBERGEN DRUG CORP 1825 S. 43RD AVE, STE B PHOENIX, AZ 85009 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0290938 | AMERISOURCEBERGEN DRUG CORP 19220 64TH AVENUE SOUTH KENT, WA 98032 | JUL-31-2007 | JUN-12-2006 | | SEP-07-2004 | 2 3 3N 4 5 |
| RA0290988 | AMERISOURCEBERGEN DRUG CORP 501 WEST 44TH AVE DENVER, CO 80216 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0291170 | AMERISOURCEBERGEN DRUG CORP 1085 N. SATELLITE BLVD SUWANEE, GA 30024 | JUL-31-2007 | JUN-12-2006 | | SEP-07-2004 | 2 3 3N 4 5 |
| RA0310603 | AMERISOURCEBERGEN DRUG CORP 1325 WEST STRIKER AVE SACRAMENTO, CA 95834 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0314562 | AMERISOURCEBERGEN DRUG CORP 6305 LASALLE DR LOCKBOURNE, OH 43137 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 2N 3 3N 4 5 |
| RA0316958 | AMERI SOURCE BERGEN DRUG CORPORATION 501 PATRIOT PARKWAY ROANOKE, TX 76262 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |

ABDCMDL00279864
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

2 of 3



**DRUG ENFORCERMENT ADMINISTRATION
OFFICE OF DIVERSION CONTROL
CONTROLLED SUBSTANCES ACT SYSTEM**

| DEA Number | Name / Address | Expiration Date | Last Renewal Date | Admin Code | Admin Date | Drug Schedules |
|---|---|---|---|---|---|---|
| RA0322824 | AMERISOURCEBERGEN DRUG, CORPORATION<br>1001 WEST TAYLOR ROAD<br>ROMEOVILLE, IL 60446 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 2N 3 3N 4 5 |
| RA0326276 | AMERISOURCEBERGEN DRUG, CORPORATION<br>11200 NORTH CONGRESS AVENUE<br>KANSAS CITY, MO 64153 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |
| RA0336924 | AMERISOURCEBERGEN DRUG CORP.<br>5100 JAINDL BLVD.<br>BETHLEHEM, PA 18017 | JUL-31-2007 | JUN-12-2006 | | | 2 2N 3 3N 4 5 |
| RE0161733 | AMERISOURCEBERGEN DRUG CORP<br>6810 SHADY OAK RD<br>EDEN PRAIRIE, MN 55344 | JUL-31-2007 | JUN-12-2006 | | SEP-30-2005 | 2 3 3N 4 5 |

Count: 26
Total Registrants: 26

ABDCMDL00279860

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

3 of 3