Ex 15 - CAH_MDL2804_02465982-6053

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on Proximate Causation Grounds

2007, Cardinal-Auburn sold more than 900,000 dosage units of hydrocodone to Horen's Drugstore, Inc., in Burlington Washington and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5);

E. <u>Within the District of Colorado:</u>  From January 2006 through February 2006, Cardinal-Denver sold large quantities of hydrocodone to Hometown Pharmacy in Trinidad, Colorado, and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5);

F. <u>Within the Northern District of Georgia:</u>  From April 2007 through October 2007, Cardinal-McDonough sold large quantities of hydrocodone to Poly-Plex Pharmacy in Atlanta, Georgia, and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5);

G. <u>Within the Central District of California:</u>  From September 2006 through January 2007, Cardinal-Valencia sold large quantities of hydrocodone to Boulevard Pharmacy in Sun Valley, California, and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5).

9. By entering into this Agreement, Cardinal does not admit to the violations alleged as a result of any DEA investigation, or to any violation of law, liability, fault, misconduct, or wrongdoing.

10. At all times relevant to the activity alleged in these Recitals and Attachments, the CSA (21 U.S.C. § 842(c)(1)) authorized the imposition of a civil penalty of up to $25,000 for most violations of Section 842, but, violations of § 842(a)(5) (record keeping and reporting violations) are subject to a civil penalty of up to $10,000 for each violation.

11. To avoid the delay, expense, inconvenience, and uncertainty of litigation of these claims, the Parties agree to settle, compromise, and resolve all existing or potential claims for civil penalties the United States may have against Cardinal under § 842 of the CSA based on the Covered Conduct as further described in Paragraphs 13 and 14 below.

CAH_MDL2804_02466041

12. This Agreement is neither an admission of liability by Cardinal nor a concession by the United States that its claims are not well founded. In consideration of the mutual promises, covenants, and obligations set forth in this Agreement, the Parties agree as follows:

## TERMS AND CONDITIONS

13. Cardinal shall pay to the United States the sum of Thirty-Four Million Dollars ($34,000,000) (the "Settlement Amount") within thirty (30) days of the effective date of this Agreement, payable as follows:

    A. <u>For Conduct Alleged to have Occurred within the District of New Jersey:</u> Cardinal shall pay the sum of Three Million Dollars ($3,000,000). Payment shall be by electronic funds transfer to the United States Attorney's Office, District of New Jersey, pursuant to instructions provided by the United States.

    B. <u>For Conduct Alleged to have Occurred within the Middle District of Florida:</u> Cardinal shall pay the sum of Sixteen Million Dollars ($16,000,000). Payment shall be by electronic funds transfer to the United States Attorney's Office, Middle District of Florida, pursuant to instructions provided by the United States.

    C. <u>For Conduct Alleged to have Occurred within the Southern District of Texas:</u> Cardinal shall pay the sum of Eight Million Dollars ($8,000,000). Payment shall be by electronic funds transfer to the United States Attorney's Office, Southern District of Texas, pursuant to instructions provided by the United States.

    D. <u>For Conduct Alleged to have Occurred within the Western District of Washington:</u> Cardinal shall pay the sum of Three Million Five Hundred Thousand Dollars ($3,500,000). Payment shall be by electronic funds transfer to the United States Attorney's Office, Western District of Washington, pursuant to instructions provided by the United States.

    E. <u>For Conduct Alleged to have Occurred within the District of Colorado:</u> Cardinal shall pay the sum of One Million Dollars ($1,000,000). Payment shall be by electronic funds transfer to the United States Attorney's Office, District of Colorado, pursuant to instructions provided by the United States.

    F. <u>For Conduct Alleged to have Occurred within the Northern District of Georgia:</u> Cardinal shall pay the sum of One Million Five Hundred Thousand Dollars ($1,500,000). Payment shall be by electronic funds transfer to the United States Attorney's Office, Northern District of Georgia, pursuant to instructions provided by the United States.

CAH_MDL2804_02466042

G. <u>For Conduct Alleged to have Occurred within the Central District of California:</u> Cardinal shall pay the sum of One Million Dollars ($1,000,000). Payment shall be by electronic funds transfer to the United States Attorney's Office, Central District of California, pursuant to instructions provided by the United States.

14. In consideration of the undertakings by Cardinal, the United States agrees to settle and relinquish all claims for civil penalties it may have under 21 U.S.C. § 842 against Cardinal, its officers, directors, and employees for possible violations of the CSA, and the regulations promulgated thereunder, based on the Covered Conduct.

15. Cardinal fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) which it has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the investigation, prosecution and settlement of this matter.

16. Notwithstanding any term of this Agreement, specifically reserved and excluded from its scope and terms as to any entity or person are the following:

A. Any potential criminal liability;

B. Any criminal, civil or administrative claims arising under Title 26, U.S. Code (Internal Revenue Service);

C. Any administrative liability, including mandatory exclusion from any federal programs;

D. Any liability to the United States for any conduct other than that covered by the release in Paragraph 14; and

E. Any claims based on such obligations as are created by this Agreement.

17. Cardinal acknowledges that each of its DEA registered facilities is required to comply

CAH_MDL2804_02466043

with the controlled substance record keeping and reporting requirements of the CSA. Cardinal represents that it has taken good-faith actions to detect and prevent diversion including agreeing to implement the policies and procedures that are the subject of an administrative settlement agreement between it and DEA.

18. Cardinal agrees that any and all costs it has or will incur in connection with this matter -- including payment of the Settlement Amount under this Agreement, attorney's fees, costs of investigation, negotiation, and remedial action -- shall be unallowable costs for government contract accounting and for Medicare, Medicaid, TriCare, and FEHBP reimbursement purposes.

19. This Agreement is not intended by the Parties to be, and shall not be interpreted to constitute, a release of any person or entity not identified or referred to herein.

20. This Agreement shall be governed by the laws of the United States. If a dispute arises under this Agreement between Cardinal and an Office of the United States Attorney signing this Agreement, exclusive jurisdiction and venue shall lie in the federal judicial district of the Office with whom the dispute arose, and to the extent that state law applies to the dispute, the law of the State within the jurisdictional district shall apply. If a dispute arises under this Agreement between Cardinal and more than one of the United States Attorney's Office signing this Agreement, exclusive jurisdiction and venue shall lie in the District of New Jersey and to the extent that state law applies to the dispute, the law of the state of New Jersey shall apply.

21. The Parties agree that this Agreement does not constitute evidence or an admission by any person or entity, and shall not be construed as an admission by any person or entity, with respect to any issue of law or fact.

22. This Agreement constitutes the entire agreement between the Parties and cannot be

amended except in writing and when signed by all the Parties to this Agreement.

23.    Cardinal acknowledges that its authorized representatives have read this Agreement and understand that as of its effective date, it will be a matter of public record.

24.    Each person who signs this Agreement in a representative capacity warrants that he or she is fully authorized to do so.

25.    This Agreement shall become effective (i.e., final and binding) on the date of signing by the last signatory (the "Effective Date"). It may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement. The government agrees to notify Cardinal immediately when the final signatory has executed this Agreement.

CAH_MDL2804_02466045

**On Behalf of Cardinal Health:**

_____  
R. Kerry Clark  
Chairman and Chief Executive Officer

Date: 9/30/2008

_____  
Ivan K. Fong  
Chief Legal Officer and Secretary

Date: Sept. 30, 2008

_____  
John J. Carney, Esq.  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
11th Floor  
New York, NY 10111  
Counsel for Cardinal Health

Date: 09-30-08

_____  
Jodi L. Avergun, Esq.  
Cadwalader, Wickersham & Taft LLP  
1201 F Street, NW  
Washington, DC 20004  
Counsel for Cardinal Health

Date: 9/30/08

CAH_MDL2804_02466046

On Behalf of the United States of America:

Christopher J. Christie
United States Attorney
District of New Jersey

By: Alex Kriegsman
Assistant United States Attorney

Date: 10/2/08

Robert E. O'Neill
United States Attorney
Middle District of Florida

By: Javier Guzman
Assistant United States Attorney

Date: 9/30/08

Donald J. DeGabrielle, Jr.,
United States Attorney
Southern District of Texas

By: Jill Venezia
Assistant United States Attorney

Date: 09/30/2008

Jeffrey C. Sullivan
United States Attorney
Western District of Washington

By: Anastasia Bartlett
Assistant United States Attorney

Date: 9/30/2008

9 of 10

CAH_MDL2804_02466047

Troy A. Eid
United States Attorney
District of Colorado

By: Amanda Rocque
Assistant United States Attorney

Date: 9-29-08

David E. Nahmias
United States Attorney
Northern District of Georgia

By: Mina Rhee
Assistant United States Attorney

Date: 9-29-08

Thomas P. O'Brien
United States Attorney
Central District of California

By: Shana Mintz
Assistant United States Attorney

Date: Sept. 29, 2008

CAH_MDL2804_02466048

# ATTACHMENT A

## ATTACHMENT A

### (Cardinal Facilities Referenced in Paragraph 1 of this Agreement)

1. 6012 Molloy Road, Syracuse, New York, operating under DEA registration number PC0003044.

2. 2045 Interstate Drive, Lakeland, Florida, operating under DEA registration number RC0182080.

3. 1240 Gluckstadt Road, Madison, Mississippi, operating under DEA registration number RC0221236.

4. 15 Ingram Boulevard, La Vergne, Tennessee, operating under DEA registration number RC0229965 (Specialty Pharmaceutical).

5. 2512 West Cott Boulevard, Knoxville, Tennessee, operating under DEA registration number RC0238104.

6. 500 Jerry Steele Lane, McDonough, Georgia, operating under DEA registration number RC0271267.

7. 14601 County Road 212, Findlay, Ohio, operating under DEA registration number RC0313940.

8. 5995 Commerce Center Drive, Groveport, Ohio, operating under DEA registration number RC0314891.

9. 13651 Dublin Court, Stafford, Texas, operating under DEA registration number RC0333524.

10. 850 Airpark Drive, Zanesville, Ohio, operating under DEA registration number RC0346658.

11. 6640 Echo Avenue, Suite D, Reno, Nevada, operating under DEA registration number RC0361206 (Specialty Pharmaceutical).

12. 11 Centennial Drive, Peabody, Massachusetts, operating under DEA registration number RD0108200.

13. 71 Mil-Acres Drive, Wheeling, West Virginia, operating under DEA registration number RO0153609.

CAH_MDL2804_02466050

14. 955 West 3100 South, South Salt Lake City, Utah, operating under DEA registration number RW0191419.

15. 801 C Street NW, Suite B, Auburn, Washington, operating under DEA registration number RW0191813.

16. 7601 N.E. Gardner Avenue, Kansas City, Missouri, operating under DEA registration number RW0191926.

17. 27680 Avenue Mentry, Valencia, California, operating under DEA registration number RW0216449.

18. 2353 Prospect Drive, Aurora, Illinois, operating under DEA registration number RW0231908.

19. 3238 Dwight Road, Elk Grove, California, operating under DEA registration number RW0236009.

20. 2901 Enloe Street, Hudson, Wisconsin, operating under DEA registration number RW0243725.

21. 4 Cardinal Cardinal Health Court, Greensboro, North Carolina, operating under DEA registration number RW0243903.

22. 600 N. 83rd Avenue, Tolleson, Arizona, operating under DEA registration number RW02630056.

23. 4875 Florence Street, Denver, Colorado, operating under DEA registration number RW0263549.

24. 1120 Commerce Boulevard, Swedesboro, New Jersey, operating under DEA registration number RW0269654.

25. 851 Henrietta Creek Road, Roanoke, Texas, operating under DEA registration number RW0279996.

26. 2840 Elm Point Industrial Drive, St. Charles, Missouri, operating under DEA registration number RW0283452.

27. 4220 Hyde Park Boulevard, Niagara Falls, New York, operating under DEA registration number RP0337370 (Parmed Pharmaceuticals).

CAH_MDL2804_02466051

**ATTACHMENT B**

CAH_MDL2804_02466052

## ATTACHMENT B

### (Seven Cardinal Facilities Referenced in Paragraph 1 of this Agreement)

1. 1120 Commerce Boulevard in Swedesboro, New Jersey ("Cardinal-Swedesboro"), located within the District of New Jersey and operating under DEA registration number RW0269654;

2. 2045 Interstate Drive in Lakeland, Florida ("Cardinal-Lakeland"), located within the Middle District of Florida and operating under DEA registration number RC0182080;

3. 13651 Dublin Court in Stafford, Texas ("Cardinal-Stafford"), located within the Southern District of Texas and operating under DEA registration number RC0333524;

4. 801 C Street NW, Suite B in Auburn, Washington ("Cardinal-Auburn"), located within the Western District of Washington and operating under DEA registration number RW0191813;

5. 4875 Florence Street in Denver, Colorado ("Cardinal-Denver"), located within the District of Colorado and operating under DEA registration number RW0263549;

6. 500 Jerry Steele Lane in McDonough, Georgia ("Cardinal-McDonough"), located within the Northern District of Georgia and operating under DEA registration number RC0271267; and

7. 27680 Avenue Mentry in Valencia, California ("Cardinal-Valencia"), located within the Central District of California and operating under DEA registration number RW0216449.

CAH_MDL2804_02466053