Ex 18 - MCK-AGMS-006-0001048-1071

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on Proximate
Causation Grounds

jurisdictions as stated in Paragraph 8.

5. DEA is the Department of Justice component agency primarily responsible for administering the CSA and is vested with the responsibility of investigating CSA violations.

6. The Attorney General, through the United States Attorneys, has primary authority to bring civil actions to enforce the CSA in the Districts noted above. *See* 21 U.S.C. § 871 *and* 28 C.F.R. § 0.55(c).

7. Methadone, Hydrocodone, Phentermine, Fentanyl and Oxycodone are medications whose manufacture, distribution, sale and possession are regulated by DEA under the CSA. This includes a requirement to report customer orders for controlled substances that are suspicious as the term is defined under 21 C.F.R. §1301.74(b).

8. The "Covered Conduct" shall mean the following alleged conduct:

A. Within the District of Maryland: From January 2005 through October 2006, McKesson-Landover sold approximately 3 million dosage units of hydrocodone to NewCare Pharmacy in Baltimore, and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5). Further, from August 2006 to February 2007, McKesson-Landover sold large quantities of phentermine based products to Smeeta Pharmacy in Highland, Maryland and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5);

B. Within the Middle District of Florida: In October 2005, McKesson-Lakeland sold approximately 2.1 million dosage units of hydrocodone to seven pharmacies in the Tampa area (Trelles Pharmacy, BiWise Drugs, Universal RX, United Prescription Service, Accumed Rx Medipharm RX and Avee Pharmacy) and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5);

C. Within the Southern District of Texas: From February to September 2007, McKesson-Conroe sold approximately 2.6 million dosage units of hydrocodone to Mercury Drive Pharmacy and Maswoswe's Alternative Pharmacy and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5);

2

D. <u>Within the District of Colorado:</u> From September 2005 through November 2007, McKesson-Aurora sold large quantities of hydrocodone to three Colorado pharmacies (Brighton Pharmacy in Brighton, Colorado; Western States Pharmacy in Brighton, Colorado; and St. Vrain's Pharmacy in Lyons, Colorado), and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5);

E. <u>Within the District of Utah:</u> From January 2005 through October 2007, McKesson-Salt Lake City sold approximately 824,000 dosage units of hydrocodone, Oxycodone, Fentanyl and Methadone to the Blackfeet Clinic in Browning, Montana, and failed to report these sales as suspicious orders to DEA when discovered, as required by and in violation of 21 C.F.R. § 1301.74(b) and 21 U.S.C. § 842(a)(5);

F. <u>Within the Eastern District of California:</u> From October 2007 through June 2007, McKesson-West Sacramento suffered the theft or significant loss of controlled substances on twenty-eight separate occasions, and failed to timely submit required theft and loss reports to DEA , in violation of 21 C.F.R. §§ 1301.74(c) and 1301.76(b), and 21 U.S.C. § 842(a)(5).

9.   By entering into this Agreement, McKesson does not admit to the violations alleged as a result of any DEA investigation, or to any violation of law, liability, fault, misconduct, or wrongdoing. McKesson explicitly denies any allegations of violations of the CSA or DEA regulations and represents that the company has defenses to the violations alleged by the government.

10.   At all times relevant to the activity alleged in these Recitals and Attachments, the CSA (21 U.S.C. § 842(c)(1)), authorized the imposition of a civil penalty of up to $25,000 for each violation of the Section, except that violations of § 842(a)(5) (record keeping and reporting violations) are subject to a civil penalty of up to $10,000 for each violation.

11.   To avoid the delay, expense, inconvenience and uncertainty of litigation of these claims, the Parties agree to settle, compromise, and resolve all existing or potential claims for civil penalties the United States may have against McKesson under § 842 of the CSA based on the Covered Conduct as further described in Paragraphs 13 and 14 below.

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement          MCK-AGMS-006-0001061

12.     This Agreement is neither an admission of liability by McKesson nor a concession

by the United States that its claims are not well founded.  In consideration of the mutual

promises, covenants, and obligations set forth in this Agreement, the Parties agree as

follows:

## **TERMS AND CONDITIONS**

13.     McKesson shall pay to the United States the sum of Thirteen Million, Two Hundred

Fifty Thousand Dollars ($13,250,000) (the "Settlement Amount") within thirty (30) days of

the effective date of this Agreement, payable as follows:

> A.   For Conduct Alleged to have Occurred within the District of Maryland:
> McKesson shall pay the sum of Two Million Dollars ($2,000,000).  Payment shall be
> by electronic funds transfer to the United States Attorney's Office, District of
> Maryland, pursuant to instructions provided by the United States.

> B.   For Conduct Alleged to have Occurred within the Middle District of Florida:
> McKesson shall pay the sum of Seven Million Four Hundred Fifty-Six Thousand
> Dollars ($7,456,000).  Payment shall be by electronic funds transfer to the United
> States Attorney's Office, Middle District of Florida, pursuant to instructions provided
> by the United States.

> C.   For Conduct Alleged to have Occurred within the Southern District of Texas:
> McKesson shall pay the sum of Two Million Dollars ($2,000,000).  Payment shall be
> by electronic funds transfer to the United States Attorney's Office, Southern District
> of Texas, pursuant to instructions provided by the United States.

> D.   For Conduct Alleged to have Occurred within the District of Colorado:  McKesson
> shall pay the sum of One Million Dollars ($1,000,000).   Payment shall be by
> electronic funds transfer to the United States Attorney's Office, District of Colorado,
> pursuant to instructions provided by the United States.

> E.   For Conduct Alleged to have Occurred within the District of Utah:  McKesson
> shall pay the sum of Five Hundred Forty-Four Thousand Dollars ($544,000).
> Payment shall be by electronic funds transfer to the United States Attorney's Office,
> District of Utah, pursuant to instructions provided by the United States.

> F.   For Conduct Alleged to have Occurred within the Eastern District of California:
> McKesson shall pay the sum of Two Hundred Fifty Thousand Dollars ($250,000).
> Payment shall be by electronic funds transfer to the United States Attorney's Office,

4

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement                 MCK-AGMS-006-0001062

Eastern District of California, pursuant to instructions provided by the United States.

14.    In consideration of the undertakings by McKesson, the United States agrees to settle and relinquish all claims for civil penalties it may have under 21 U.S.C. § 842(c)(1) against McKesson, its officers, directors, and employees for possible violations of the CSA, and the regulations promulgated thereunder, based on the Covered Conduct.

15.    McKesson fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) which it has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the investigation, prosecution and settlement of this matter.

16.    Notwithstanding any term of this Agreement, specifically reserved and excluded from its scope and terms as to any entity or person are the following:

A. Any potential criminal liability;

B. Any criminal, civil or administrative claims arising under Title 26, U.S. Code (Internal Revenue Service);

C. Any administrative liability, including mandatory exclusion from any federal programs;

D. Any liability to the United States for any conduct other than that covered by the release in Paragraph 14; and

E. Any claims based on such obligations as are created by this agreement.

17.    McKesson acknowledges that each of its DEA registered facilities is required to comply with the controlled substance record keeping and reporting requirements of the CSA. McKesson represents that it has taken good-faith actions to detect and prevent

5

diversion including agreeing to implement the policies and procedures that are the subject of an administrative settlement agreement between it and DEA dated May **2**, 2008.

18.    McKesson agrees that any and all costs it has or will incur in connection with this matter--including payment of the Settlement Amount under this Agreement, attorney's fees, costs of investigation, negotiation, and remedial action--shall be unallowable costs for government contract accounting and for Medicare, Medicaid, TriCare, and FEHBP reimbursement purposes.

19.    This Agreement is not intended by the Parties to be, and shall not be interpreted to constitute, a release of any person or entity not identified or referred to herein.

20.    This Agreement shall be governed by the laws of the United States.  If a dispute arises under this Agreement between McKesson and an Office of the United States Attorney signing this Agreement, exclusive jurisdiction and venue shall lie in the federal judicial district of the Office with whom the dispute arose, and to the extent that state law applies to the dispute, the law of the State within the jurisdictional district shall apply.  If a dispute arises under this Agreement between McKesson and more than one of the United States Attorney's Office signing this Agreement, exclusive jurisdiction and venue shall lie in the District of Maryland and to the extent that state law applies to the dispute, the law of Maryland shall apply.

21.    The Parties agree that this Agreement does not constitute evidence or an admission by any person or entity, and shall not be construed as an admission by any person or entity, with respect to any issue of law or fact.

22.    This Agreement constitutes the entire agreement between the Parties and cannot be amended except in writing and when signed by all the Parties to this Agreement.

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement                    MCK-AGMS-006-0001064

23.     McKesson acknowledges that its authorized representatives have read this Agreement and understand that as of its effective date, it will be a matter of public record.

24.     Each person who signs this Agreement in a representative capacity warrants that he or she is fully authorized to do so.

25.     This Agreement shall be effective on the date of signing by all the Parties. It may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.


**On Behalf of McKesson Corporation**
**One Post Street**
**San Francisco, California 94104**


By _____          By _____

    John H. Hammergren                    Donald G. Walker
    President                             Senior Vice President

Dated: _Apr. 28_, 2008               Dated: _Apr. 30_, 2008


By _____

    John A. Gilbert, Jr.
    Hyman, Phelps & McNamara, P.C.
    Counsel to McKesson Corporation

Dated: _April 25_, 2008


7

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement    MCK-AGMS-006-0001065

On Behalf of the United States

ROD J. ROSENSTEIN
United States Attorney
District of Maryland

By:

Michael A. DiPietro
Assistant United States Attorney

Dated: April 2̲1̲, 2008

Dated: April 2̲9̲, 2008

ROBERT E. O'NEILL
United States Attorney
Middle District of Florida

By:

Javier Guzman
Assistant United States Attorney

Dated: April 2̲1̲, 2008

DONALD J. DeGABRIELLE
United States Attorney
Southern District of Texas

By:

Jill Venezia
Assistant United States Attorney

Dated: April 2̲8̲, 2008

TROY A. EID
United States Attorney
District of Colorado

By:

Amanda Rocque
Assistant United States Attorney

Dated: April 2̲9̲, 2008

BRETT L. TOLMAN
United States Attorney
District of Utah

By:

Eric A. Overby
Assistant United States Attorney

McGREGOR W. SCOTT
United States Attorney
Eastern District of California

By:

Catherine Swann
Assistant United States Attorney

Dated: April 2̲9̲, 2008

– 8 –

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement

**ATTACHMENT A**

**(Six McKesson Facilities Referenced in Paragraph 1 of this Agreement)**

1.      7721 Polk Street in Landover Maryland ("McKesson-Landover"), located within the District of Maryland and operating under DEA registration number PD0029567;

2.      1515 West Bella Vista Street in Lakeland Florida ("McKesson-Lakeland"), located within the Middle District of Florida and operating under DEA registration number PM 0000771;

3.      3301 Pollock Drive in Conroe Texas ("McKesson-Conroe"), located within the Southern District of Texas and operating under DEA registration number RM 0328408;

4.      14500 East 39th Avenue in Aurora Colorado ("McKesson-Aurora"), located within the District of Colorado and operating under DEA registration number PM 0018425;

5.      1900 South 4490 West in Salt Lake City Utah ("McKesson-Salt Lake City"), located within District of Utah and operating under DEA registration number PM0023046; and

6.      3775 Seaport Boulevard in West Sacramento California ("McKesson-West Sacramento"), located within the Eastern District of California and operating under DEA registration number PM 0021535.

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement

MCK-AGMS-006-0001067

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement

**Appendix C - Sales Accounts at Lakeland and Conroe Facilities authroized by DEA as an exception to Paragraph II.1(d). (Lakeland DC Code = 195/Conroe Code = 115)**

| Account Name | DC | DEA | Address | City | St | Zip |
|---|---|---|---|---|---|---|
| CENTRAL TX VA-SPD TEMPLE | 115 | AB4451124 | 1901 SOUTH FIRST STREET | TEMPLE | TX | 76504 |
| VA MED CTR CII PINEVILLE | 115 | AD3351070 | 2495 SHREVEPORT HWY | PINEVILLE | LA | 71360 |
| FCI SEAGOVILLE | 115 | AF2404527 | 2113 NORTH HIGHWAY 175 | SEAGOVILLE | TX | 75159 |
| FCI MIAMI | 195 | AF6804733 | 15801 SW 137TH AVENUE | MIAMI | FL | 33177 |
| FCI BASTROP | 115 | AF8942650 | 1341 HIGHWAY 95 NORTH | BASTROP | TX | 78602 |
| USPHS HOSPITAL UNIT-FCI | 195 | AK4351982 | FED COR/501 CAPITAL CR NE | TALLAHASSEE | FL | 32301 |
| US PUBLIC HEALTH SERVICE | 195 | AU1434911 | 18201 SW 12 STREET | MIAMI | FL | 33194 |
| VA-OP CLINIC PHARMACY | 195 | AV1230313 | 5599 N DIXIE HIGHWAY | OAKLAND PARK | FL | 33334 |
| VA LAKE CITY OUTPATIENT | 195 | AV4277845 | 619 S MARION STREET | LAKE CITY | FL | 32025 |
| VA MEDICAL CENTER/INPAT | 195 | AV4345559 | 1201 NW 16TH ST | MIAMI | FL | 33125 |
| VA MEDICAL CENTER OP PHCY | 115 | AV4515790 | 2002 HOLCOMBE BLVD | HOUSTON | TX | 77030 |
| VA MEDICAL CENTER-CII | 115 | AV4515815 | 510 EAST STONER AVE | SHREVEPORT | LA | 71101 |
| VA MED CTR GAINESVILLE IP | 195 | AV4671372 | 1601 SW ARCHER ROAD | GAINESVILLE | FL | 32608 |
| CENTRAL TX VETS-CONT WACO | 115 | AV4718714 | 4800 MEMORIAL DRIVE | WACO | TX | 76711 |
| VA OUTPATIENT CLINIC | 195 | AV5214488 | 1833 BOULEVARD | JACKSONVILLE | FL | 32206 |
| VA MEDICAL CENTER I/P | 195 | AV5307889 | 10000 BAY PINES BLVD | SAINT PETERSBURG | FL | 33708 |
| VA MEDICAL CTR-KERRVILLE | 115 | AV5318856 | 3600 MEMORIAL DRIVE | KERRVILLE | TX | 78028 |
| VA MED CT IP-AUDIE MURPHY | 115 | AV5546936 | 7400 MERTON MINTER BLVD | SAN ANTONIO | TX | 78229 |
| VA MC I/P-O/P NEW ORLEANS | 115 | AV6767719 | 1601 PERDIDO ST/RM#1F157 | NEW ORLEANS | LA | 70112 |
| VA O/P CLINIC BEAUMONT | 115 | AV7507164 | 3420 VETERAN CIRCLE | BEAUMONT | TX | 77707 |
| VA OUTPATIENT CLIN A&MMS | 195 | AV8635469 | 3033 WINKLER AVE EIT | FORT MYERS | FL | 33916 |
| VA OUTPATIENT CLINIC | 115 | AV9426760 | 7968 ESSEN PARK AVE | BATON ROUGE | LA | 70809 |
| ALA-COUSHATTA INDIAN IHS | 115 | BA7647502 | 129 DAYCARE ROAD | LIVINGSTON | TX | 77351 |
| FEDERAL PRISON CAMP PENSC | 195 | BB1595911 | FED PRISON CAMP PENSCOLA | PENSACOLA | FL | 32509 |
| MICCOSUKEE HLTH CTR IHS | 195 | BB3849518 | MILE MARKER 70, US HWY 41 | MIAMI | FL | 33144 |
| COUSHATTA HLT DEPART IHS | 115 | BC6820383 | PO BOX 519 2003 CC BEL RO | ELTON | LA | 70532 |
| DEPT OF VET AFFAIRS MED | 195 | BD2256990 | 10 CALLE CASIA | SAN JUAN | PR | 921 |
| VA MEDICAL CENTER | 195 | BD2669995 | 7305 NORTH MILITARY TRAIL | WEST PALM BEACH | FL | 33410 |
| VA OUTPATIENT CLINIC | 195 | BD4632015 | 5201 RAYMOND STREET | ORLANDO | FL | 32803 |
| VETS NURSING HM/FL  SVH2 | 195 | BD5967180 | 1920 MASON AVENUE | DAYTONA BEACH | FL | 32117 |
| BALDOMERO LOPEZ MEM  SVH2 | 195 | BD6136534 | 6919 PARKWAY BLVD | LAND O LAKES | FL | 34639 |
| FED PRISON CMP BRYAN | 115 | BF1742332 | 1100 URSULINE | BRYAN | TX | 77803 |
| FED DETENTION CNT OAKDALE | 115 | BF2225589 | POB BOX 5060 E WHATLEY RD | OAKDALE | LA | 71463 |
| FCI THREE RIVERS | 115 | BF2295017 | PO BOX 4000 HWY 72 WEST | THREE RIVERS | TX | 78071 |
| FED DETENTION CNT MIAMI | 195 | BF3780219 | 33 NE 4TH STREET | MIAMI | FL | 33132 |
| FED CORR CMP COLEMAN | 195 | BF4461783 | 811 NE 54TH TERRACE | COLEMAN | FL | 33521 |

1

MCK-AGMS-006-0001068

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement

MCK-AGMS-006-0001069

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement

**Appendix C - Sales Accounts at Lakeland and Conroe Facilities authroized by DEA as an exception to Paragraph II.1(d). (Lakeland DC Code = 195/Conroe Code = 115)**

| | | | | | |
|---|---|---|---|---|---|
| FED DETENTION CTR HOUSTON | 115 | BF6451506 | 1200 TEXAS AVENUE | HOUSTON | TX | 77002 |
| US PENITENTIARY-POLLOCK | 115 | BF7167845 | POB 1000 1000 AIR BASE RD | POLLOCK | LA | 71467 |
| ALEXANDER NININGER  SVH2 | 195 | BF7171589 | 8401 W CYPRESS DR | PEMBROKE PINES | FL | 33025 |
| CLIFFORD CHESTER SIMSSVH2 | 195 | BF8568909 | 4419 TRAM ROAD | SPRINGFIELD | FL | 32404 |
| D.T. JABSON ST NH  SVH2 | 195 | BF8646816 | 21281 GRAYTON TERRACE | PORT CHARLOTTE | FL | 33954 |
| HARLINGEN VA OUTPT CLINIC | 115 | BH9206714 | 2106 TREASURE HILLS BLVD | HARLINGEN | TX | 78550 |
| INS DETENTION FACILITY | 115 | BI2613885 | BUENA VISTA ROAD | BAYVIEW | TX | 78566 |
| IMMIGRATIONS & CUSTOMS VA | 115 | BI8861367 | 15850 EXPORT PLAZA DRIVE | HOUSTON | TX | 77032 |
| IMMIGRAT&CUSTOMS/PEARSALL | 115 | BI9144457 | 566 VETERANS DRIVE | PEARSALL | TX | 78061 |
| JAMES A HALEY/VA MED I/P | 195 | BJ0413839 | 13000 BRUCE B DOWNS BLVD | TAMPA | FL | 33612 |
| FCI MARIANNA | 195 | BM1291347 | 3625 FCI ROAD | MARIANNA | FL | 32446 |
| NORTH CENTRAL FED CLINIC | 115 | BN9966500 | 17440 HENDERSON PASS | SAN ANTONIO | TX | 78232 |
| POARCH BAND-CREEK IND IHS | 195 | BP1332080 | 5811 JACK SPRINGS RD | ATMORE | AL | 36502 |
| CHITIMACHA HLTH&HUMAN IHS | 115 | BP7040176 | 3231 CHITIMACHA TRAIL | CHARENTON | LA | 70523 |
| SNH BVAMC/BAY MINETT SVH2 | 195 | BS7636698 | 300 FAULKNER DRIVE | BAY MINETTE | AL | 36507 |
| SW LA WAR VETERANS HOME | 115 | BS9016379 | 1610 EVANGELINE HWY | JENNINGS | LA | 70546 |
| USPHS IMMIGRATION CUSTOMS | 115 | BU9827140 | 1001 WELCH STREET | TAYLOR | TX | 76574 |
| USPHS MEDICAL CLINIC BICE | 115 | BU9834640 | 1800 INDUSTRIAL DRIVE | RAYMONDVILLE | TX | 78580 |
| V A OUTPATIENT CLINIC | 195 | BV0255706 | 551 NATIONAL HLTH CARE DR | DAYTONA BEACH | FL | 32114 |
| VA MAYAGUEZ OUTPAT CLINIC | 195 | BV0366787 | STATE RD 2, KM. 156.2 | MAYAGUEZ | PR | 680 |
| VA MC PHCY O/P/PENSACOLA | 195 | BV0464761 | 312 KENMORE RD / RM 1G222 | PENSACOLA | FL | 32503 |
| VA OP CLIN-CORPUS CHRISTI | 115 | BV1253739 | 5283 OLD BROWNSVILLE ROAD | CORPUS CHRISTI | TX | 78405 |
| VA OP CLINIC-FRANK TEJEDA | 115 | BV1276206 | 5788 ECKHERT ROAD | SAN ANTONIO | TX | 78240 |
| VA PONCE OUTPAT CLINIC | 195 | BV1501700 | 1010 PASEO DEL VETERANO | PONCE | PR | 716 |
| VA OUTPATIENT CLINIC | 115 | BV2325644 | 1301 WEST FRANK STREET | LUFKIN | TX | 75904 |
| VA O/P CLINIC - AUSTIN | 115 | BV2524913 | 2901 MONTOPOLIS DRIVE | AUSTIN | TX | 78741 |
| VA M/C PHCY O/P MOBILE | 195 | BV2658687 | 1504 SPRINGHILL AVE #1504 | MOBILE | AL | 36604 |
| VA OUTPAT CLINIC-MCALLEN | 115 | BV2813182 | 2101 S COLONEL ROWE BLVD | MCALLEN | TX | 78503 |
| VA OUTPATIENT CLINIC | 195 | BV3465970 | 1607 ST JAMES COURT | TALLAHASSEE | FL | 32308 |
| VA OUTPATIENT CLINIC | 195 | BV4345319 | 9912 LITTLE ROAD | NEW PORT RICHEY | FL | 34654 |
| VA OUTPATIENT CLINIC | 195 | BV6325852 | 2900 VETERANS WAY | VIERA | FL | 32940 |
| VA COMM BASED OUTPAT CLIN | 195 | BV7743241 | ROUTE #2 BAY 15-17 | KINGSHILL | VI | 850 |
| NW LA WAR VETERANS HOME | 115 | FN0209103 | 3130 ARTHUR RAY TEAGUE PK | BOSSIER CITY | LA | 71112 |
| SE LA WAR VETS HOME | 115 | FS0318685 | 4080 WEST AIRLINE HIGHWAY | RESERVE | LA | 70084 |
| USPHS IMMIGRATION JENA | 115 | FU0594350 | 830 PINEHILL ROAD | JENA | LA | 71342 |
| SUBSTANCE DEPEND TREAT PR | 115 | PV0122161 | 2002 HOLCOMBE BLVD | HOUSTON | TX | 77030 |
| VA MEDICAL CTR DETOX | 115 | RS0222480 | 7400 MERTON MINTER BLVD | SAN ANTONIO | TX | 78229 |

2

MCK-AGMS-006-0001070

Confidential / Exempt from Public Disclosure / Subject to Confidentiality Agreement

**Appendix C - Sales Accounts at Lakeland and Conroe Facilities authroized by DEA as an exception to Paragraph II.1(d).**
**(Lakeland DC Code = 195/Conroe Code = 115)**

| | | | | | |
|---|---|---|---|---|---|
| VA FOXTROT | 195 | RV0329688 | 401 GILLIS DRIVE | ORLANDO | FL. | 32824 |

3

MCK-AGMS-006-0001071