Ex 38 - *Monongalia County, et al. v. Purdue Pharma L.P., et al.*, Nos. 18-C-222-236 (W.Va. Mass. Lit. Panel Oct 9, 2019), *writ denied, State ex rel. AmerisourceBergen Drug Corp. v. Moats,* 19-1051 (W.Va. January 30, 2020)

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on Proximate Causation Grounds

90950406.1

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

IN RE: OPIOID LITIGATION                                    Civil Action No. 19-C-9000

THIS DOCUMENT APPLIES TO ALL CASES

ORDER REGARDING RULINGS ISSUED DURING
THE SEPTEMBER 20, 2019 STATUS CONFERENCE

On September 20, 2019, the Judges assigned to *In re: Opioid Litigation,* Civil Action No. 19-C-9000, conducted a status conference and issued a number of rulings:

### Previously Filed Motions to Dismiss

Judge David W. Hummel, Jr. has entered numerous Orders denying motions to dismiss filed in *Brooke County Commission, et al. v. Purdue Pharma L.P., et al.,* Marshall County Civil Action Nos. 17-C-248 MSH, and 17-C-249 MSH through 17-C-255 MSH. Those Orders are the law of the case. The Court will not revisit Judge Hummel's rulings, to the extent the same parties who filed motions to dismiss in the *Brooke County Commission, et al.* cases have filed identical motions to dismiss in *Monongalia County Commission, et al. v. Purdue Pharma L.P., et al.*, Marshall County Civil Action Nos. 18-C-222 MSH and 18-C-233 MSH through 18-C-236 MSH; or *The County Commission of Mason County, et al. v. Purdue Pharma L.P., et al.,* Marshall County Civil Action Nos. 19-C-4 MSH through 19-C-9 MSH.

The parties are **ORDERED** to review their pending motions to dismiss and, if the motions are identical to the motions denied by Judge Hummel in the *Brooke County Commission, et al.* cases, the parties shall submit a proposed order denying their pending motions to dismiss based on Judge Hummel's prior rulings within fourteen (14) days of the entry of this Order. If a party has filed a motion to dismiss that was not previously ruled on by Judge Hummel in the *Brooke County Commission, et al.* cases, the party is **ORDERED** to notify the Court within fourteen (14) days of the entry of this Order of such motion, and the Court will

determine whether the motion should be scheduled for hearing.  The parties shall refer to the Court's *Electronic Filing and Service Case Management Order* (Transaction ID 63504553) regarding the procedure for electronic filing and service of proposed orders and linking proposed orders to previously filed motions.

### **Joinder of Persons Needed for Just Adjudication**

The Court determined it is appropriate to issue a *Notice of Rule to Show Cause* pursuant to Rule 19 of the West Virginia Rules of Civil Procedure why other entities should not be joined as plaintiffs in the Opioid Litigation to insure full and complete resolution of all potential West Virginia causes of action in this litigation, with the exception of those pending in federal court. The procedure for notification of such entities is set forth in the Court's *Order Regarding Appointment of Liaison Counsel and Procedure for Notification of Rule to Show Cause* (Transaction ID 64235145) entered on September 24, 2019.

### **Appointment of Liaison Counsel and Lead Coordinating Counsel**

The parties were **ORDERED** to provide their selections for Liaison Counsel to the Mass Litigation Manager by 5:00 p.m. on September 23, 2019.  Having received the parties' selections, the Court appointed the following attorneys to serve as Liaison Counsel:

Plaintiffs' Liaison Counsel:

Timothy R. Linkous, Esq.
Linkous Law, PLLC
179 Hanalei Drive, Suite 100
Morgantown, West Virginia 26508
Telephone: 304-554-2400
tim@linkouslawpllc.com

Defendants' Liaison Counsel:

John J. Meadows, Esq.
Steptoe & Johnson PLLC
707 Virginia Street, East
P.O. Box 1588
Charleston, WV  25326-1588
Telephone: 304-353-8154
john.meadows@steptoe-johnson.com

*Order Regarding Appointment of Liaison Counsel and Procedure for Notification of Rule to Show Cause* (Transaction ID 64235145) entered on September 24, 2019.

The parties were further **ORDERED** to provide their selections for Lead Counsel to the Mass Litigation Manager by 5:00 p.m. on September 27, 2019.  Defendants requested the Panel adopt a modified and limited role of lead counsel known as "Lead Coordinating Counsel" and defined as:

> Attorneys designated by the Presiding Judge and charged with coordinating the presentation of the positions of the parties on substantive and procedural issues during the litigation.  Lead coordinating counsel will facilitate coordination among the respective plaintiff and defense groups concerning the conduction of discovery, arranging for support services and the presentation of issues to be addressed by the Panel all with the goal of achieving efficiency and economy and avoiding duplication of effort.

*Submission of Liaison Counsel for 9/24/19 Order* (Transaction ID 64251822) pp. 6-7  Having considered the matter, the Court approves the definition set forth above and appoints the following attorneys to serve as Lead Coordinating Counsel in the Opioid Litigation:

Plaintiffs' Lead Coordinating Counsel:

Co-Lead Coordinating Counsel for Cities/Counties:

| | |
|---|---|
| Hunter J. Shkolnik | Letitia "Tish" Chafin |
| Napoli Shkolnik PLLC | The Chafin Law Firm, PLLC |
| 360 Lexington Avenue, 11th Floor | PO Box 1799 |
| New York, New York 10017 | Williamson, West Virginia 25661 |
| Telephone: 212-397-1000 | Telephone: 304-235-2221 |
| hunter@napolilaw.com | tish@thechafinlawfirm.com |

Co-Lead Coordinating Counsel for Hospitals:

| | |
|---|---|
| Don Barrett | Stephen B. Farmer |
| Barrett Law Group, P.A. | Farmer, Cline & Campbell, PLLC |
| 404 Court Square, North | 746 Myrtle Road |
| P.O. Box 927 | P.O. Box 3842 |
| Lexington, MS 39095 | Charleston, West Virginia 25338 |
| Telephone: 662-834-2488 | Telephone:  304-346-5990 |
| dbarrett@barrettlawgroup.com | sbfarmer@fcclaw.net |

Lead Coordinating Counsel for the Attorney General:

Vaughn T. Sizemore, Deputy Attorney General
Office of the West Virginia Attorney

General Patrick Morrisey
State Capitol, Building 1, Room E-26
Charleston, WV 25305
Direct: 681-313-4565
Main Office 304-558-2021
Vaughn.T.Sizemore@wvago.gov

Defendants' Lead Coordinating Counsel:

Lead Coordinating Counsel for the Distributor Defendants:

Al Emch,
Jackson Kelly PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25322
Telephone: 304-340-1172
aemch@jacksonkelly.com

Lead Coordinating Counsel for the Manufacturer Defendants:

Marc E. Williams
Nelson Mullins Riley & Scarborough LLP
949 Third Avenue, Suite 200
Huntington, WV 25701
Telephone: 304-526-3509
marc.williams@nelsonmullins.com

Lead Coordinating Counsel for the Retail Pharmacy Defendants:

Ronda L. Harvey
Bowles Rice LLP
600 Quarrier Street
P.O. Box 1386
Charleston, WV  25325
Telephone: 304-347-1701
rharvey@bowlesrice.com

Lead Coordinating Counsel for the State Agency Defendants:

Justin C. Taylor
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, WV 25337-3710
Telephone: 304-345-4222
jtaylor@baileywyant.com

### Defendants' Answers or Other Responses to Plaintiffs' Complaints

Defendants were **ORDERED** to answer or otherwise respond to Plaintiffs' Complaints within thirty (30) days from September 20, 2019.

### *Pro se* and Individual Defendants

Plaintiffs' counsel was **ORDERED** to confer with the *pro se* Defendants and counsel for the individual Defendants and to submit a proposal to the Court regarding bifurcation of these parties. Plaintiffs' counsel shall file and serve such proposal by October 18, 2019.

### Motions for Admission *Pro Hac Vice*

There being no objection, the Court **GRANTED** then currently pending motions for admission *pro hac vice*, and **ORDERED** counsel admitted *pro hac vice*, subject to payment of the application fee to the West Virginia State Bar. As provided in Rule 8.0(c) of the Rules for Admission to the Practice of Law:

> Separate *pro hac vice* admission shall be required in every case and every tribunal in which the applicant seeks to act as counsel. For purposes of this rule, each civil action with a case number shall constitute a single case. Separate *pro hac vice* admission is required for each case where there is a complaint with more than one plaintiff and each plaintiff is assigned a separate civil action number.

Separate orders granting then currently pending motions for admission *pro hac vice* will be forthcoming.

A copy of this Order has been electronically served on all counsel of record this day via File & Serve*Xpress*. The Court directs the Clerk of the Circuit Court of Kanawha County, West Virginia, to serve the *pro se* litigants with a copy of this Order via U.S. Mail, First Class, at the following addresses:

| | |
|---|---|
| Amy Lynn Beaver, P.A. | Eugenio Aldea Menez, M.D. |
| 57 Pleasant View Avenue | 16 Woodcliff Drive |
| Wheeling, WV 26003 | Fairmont, WV 26554 |

5

Scott James Feathers, D.P.M.  
2621 14th Avenue, Apt. A.  
South Parkersburg, WV 26101

Edita P. Milan, M.D.  
9024 Camden Drive  
Elk Grove, CA 95624-3063

Goodwin Drug Company  
c/o William M. Albers, Sr.  
P.O. Box 6265  
Wheeling, WV 26003-0726

**ENTERED:**  October 9, 2019.   /s/ Alan D. Moats  
　　　　　　　　　　　　　　　　　　　　Lead Presiding Judge  
　　　　　　　　　　　　　　　　　　　　Opioid Litigation

6

STATE OF WEST VIRGINIA

At a Regular Term of the Supreme Court of Appeals, continued and held at Charleston, Kanawha County, on January 30, 2020, the following order was made and entered:

State of West Virginia ex rel.
AmerisourceBergen Drug Corporation, et al.,
Petitioners

vs.)  No. 19-1051

Honorable Alan D. Moats, Lead Presiding Judge,
Opioid Litigation Mass Litigation Panel, et al.,
Respondents

## ORDER

On November 18, 2019, the petitioners, AmerisourceBergen Drug Corporation, et al., by counsel, Russell D. Jessee and John J. Meadows, Steptoe & Johnson, PLLC, presented to the Court a petition praying for a writ of prohibition to be directed against the respondents, as therein set forth. Thereafter, on December 19, 2019, the respondents, Monongalia County Commission, Marion County Commission, Doddridge County Commission, Randolph County Commission, and Upshur County Commission, by counsel, Robert P. Fitzsimmons, Clayton J. Fitzsimmons, and Mark A. Colantonio, Fitzsimmons Law Firm PLLC, filed a response to the petition.

Upon consideration and review, the Court is of the opinion that a rule should not be awarded, and the writ prayed for by the petitioners is hereby refused.

A True Copy

Attest: /s/ Edythe Nash Gaiser
Clerk of Court



# Exhibit 7

FEB 0 8 2020