# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**
      **Plaintiff,**
**v.**
**AMERISOURCE BERGEN DRUG**
**CORPORATION, et al.,**
      **Defendants.**

**Civil Action No. 3:17-cv-01362**

_____

**CABELL COUNTY COMMISSION,**
      **Plaintiff,**
**v.**
**AMERISOURCE BERGEN DRUG**
**CORPORATION, et al.,**
      **Defendants.**

*Consolidated case:*
**Civil Action No. 3:17-cv-01665**

### PLAINTIFFS' MOTION TO LIMIT THE TESTIMONY OF DEFENDANTS' EXPERT TRICIA WRIGHT, M.D.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

**INTRODUCTION** ........................................................................... 1

**LEGAL STANDARD** ..................................................................... 2

**ARGUMENT** .................................................................................. 5

      I.    Dr. Wright is not qualified to offer opinions about babies
           with NAS   ........................................................................ 5

      II.   Dr. Wright's opinions about NAS babies lack a reliable
           foundation............................................................................ 6

**CONCLUSION**...............................................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

*Burgett v. Troy-Bilt LLC*,
579 F. App'x 372 (6th Cir. 2014) .............................................................. 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993)................................................................................ 4, 8

*Dura Automotive Systems of Indiana, Inc. v. CTS Corp.*,
285 F.3d 609 (7th Cir. 2002) ................................................................... 8

*Elat v. Ngoubene*,
993 F.Supp. 2d 497 (D. Md. 2014) .......................................................... 3

*Freeman v. Case Corp.*,
118 F.3d 1011 (4th Cir.1997) .................................................................. 4

*In re Seroquel Prod. Liab. Litig.*,
No. 6:06-MD-1769-ORL-22DAB, 2009 WL 3806435,
(M.D. Fla. June 23, 2009) ........................................................................ 7

*In re Neurontin Mktg., Sales Practices, & Prod. Liab. Litig.*,
612 F. Supp. 2d 116 (D. Mass. 2009) ...................................................... 8

*Kumho Tire Co., Ltd. v. Carmichael*,
526 U.S. 137 (1999) ............................................................................ 3,4,6,7

*Levin v. Dalva Brothers, Inc.*,
459 F.3d 68 (1st Cir. 2006) ...................................................................... 3

*Maryland Cas. Co. v. Therm-O-Disc, Inc.*,
137 F.3d 780 (4th Cir. 1998) .................................................................... 4

*Mathison v. Moats*,
812 F.3d 594 (7th Cir. 2016) ................................................................... 2

*Nimely v. City of New York*,
414 F.3d 381 (2d Cir. 2005) .................................................................... 3

*Rheinfrank v. Abbott Labs., Inc.*,
680 F. App'x 369 (6th Cir. 2017).............................................................. 2

*Searls v. Johns Hopkins Hosp.*,
158 F. Supp. 3d 427 (D. Maryland 2016) .................................................. 3

*TFWS, Inc. v. Schaefer*,
325 F.3d 234 (4th Cir. 2003) ................................................... 4

*Wood v. Credit One Bank*,
277 F. Supp. 3d 821 (E.D. Va. 2017) ...................................................... 3

**FEDERAL RULE**

Fed. R. Evid 702......................................................................... 2,4,8

## INTRODUCTION

Defendants have offered the testimony of Tricia Wright, M.D., an obstetrician/gynecologist and addiction medicine doctor, to offer opinions about pregnant women with substance abuse issues, and about the prognosis for babies born to addicted women who suffer from neonatal abstinence syndrome or NAS. The focus of her opinions with respect to babies suffering from NAS is the heterogeneity of such infants and the variations in outcomes of such patients. Plaintiffs seek to exclude the portion of Dr. Wright's opinions pertaining to babies with NAS[1] on the grounds that: (a) Dr. Wright lacks the relevant knowledge, skill, experience, or training with respect to these opinions and (b) that this portion of her opinion lacks a reliable foundation.[2]

The problem with Dr. Wright's opinions on this subject is not merely that she has never treated an infant with NAS – it is that she has never treated an infant at all. As an ob/gyn, Dr. Wright treats pregnant *women*. She does not treat babies, healthy or otherwise, and, in particular, does not treat sick newborn babies. Lacking any expertise in this area, Dr. Wright apparently bases her opinions concerning babies with NAS on her casual observations of children who pass through her clinic to see *other doctors* there or who accompany their mothers to appointments with Dr. Wright. To the extent these opinions are supported by any type of scientific evidence

---

[1] S*ee* Exhibit 1, Expert Report by Tricia Wright MD, MS, FACOG, DFASAM, at pages 4-5 and 8-11.

[2] Plaintiffs do not seek to exclude the portions of Dr. Wright's opinions that pertain to pregnant women. *See* Exhibit 1 at 5-7.

of study, Dr. Wright does not identify that evidence. Because Dr. Wright is not qualified to offer opinions about neonatal abstinence syndrome and the babies who suffer from it, and because the basis of her opinions on that subject lack an appropriate foundation, the portions of Dr. Wright's testimony described in her report under the headings "NAS Is A Heterogeneous And Short-Term Condition" and "Babies with NAS, Their Treatment and Its Impact on Them, Differ in a Multitude of Ways" should be excluded.

## LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>>
>> (b) the testimony is based on sufficient facts or data;
>>
>> (c) the testimony is the product of reliable principles and methods; and
>>
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the district court functions as a gatekeeper, ensuring that the expert is qualified, and his or her testimony is both relevant and reliable.

An expert is not permitted to testify beyond the scope of his or her expertise. *See Rheinfrank v. Abbott Labs., Inc.*, 680 F. App'x 369, 380 (6th Cir. 2017) (affirming limitation on testimony of medical experts to medical topics for which they were qualified); *Mathison v. Moats*, 812 F.3d 594, 597 (7th Cir. 2016) (prison doctor who

2

was not a cardiologist was not qualified to testify about whether prisoner's troponin levels were within normal range); *Burgett v. Troy-Bilt LLC*, 579 F. App'x 372, 377 (6th Cir. 2014) (upholding exclusion of testimony of mechanical engineer with respect to biomechanical issues, and human factors, because expert had neither training nor experience in those fields); *Levin v. Dalva Brothers, Inc.*, 459 F.3d 68, 78 (1st Cir. 2006) ("That a witness qualifies as an expert with respect to certain matters or areas of knowledge, does not mean that he or she is qualified to express expert opinions as to other fields."); *Nimely v. City of New York*, 414 F.3d 381, 399 n.13 (2d Cir. 2005) ("because a witness qualifies as an expert with respect to certain matters or areas of knowledge, it by no means follows that he or she is qualified to express expert opinions as to other fields"); *Searls v. Johns Hopkins Hosp.*, 158 F. Supp. 3d 427, 441 (D. Md. 2016) (experts who lacked experience with deaf healthcare professionals could not reliably testify in disability discrimination suit brought by deaf nurse); *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 391 (D. Md. 2001) ("The fact that a proposed witness is an expert in one area, does not *ipso facto* qualify him to testify as an expert in all related areas."); *Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 855 (E.D. Va. 2017) (same); *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 516 (D. Md. 2014) (excluding testimony regarding emotional distress of expert who was not a licensed psychologist and who interviewed, but did not examine or diagnose plaintiff).

Moreover, even an expert who is qualified in the area in which he or she intends to offer opinions may not testify where the methodology underlying the proposed testimony is not reliable. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S.

137, 154-55 (1999) (although mechanical engineering expert was qualified, his testimony in analyzing particular tire failure was properly excluded because his methodology was not reliable).

In evaluating the reliability of an expert's opinion, the Supreme Court has provided a list of four non-exhaustive factors that a court may use in making its gatekeeping determination of reliability: (1) "whether a theory or technique. . . can be (and has been) tested," (2) "whether the theory or technique has been subjected to peer review and publication," (3) whether, "in the case of a particular scientific technique," there is a high "known or potential rate of error" and there are "standards controlling the technique's operation," and (4) whether the theory or technique enjoys "general acceptance" within a "relevant scientific community." *Daubert,* 509 U.S. at 593-94. As *Daubert* makes clear, it is the expert's *methodology*, not her conclusion, that is the subject of the Rule 702 inquiry. *Id.* at 595; *see also TFWS, Inc. v. Schaefer*, 325 F.3d 234, 240 (4th Cir. 2003) (*citing Freeman v. Case Corp.*, 118 F.3d 1011, 1016 n. 6 (4th Cir.1997)); *see also Maryland Cas.*, 137 F.3d at 783. The objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

ARGUMENT

## I.  DR. WRIGHT IS NOT QUALIFIED TO OFFER OPINIONS ABOUT BABIES WITH NAS

Dr. Wright is not qualified to offer opinions about babies with NAS because she has no expertise in treating infants or children. Dr. Wright is an obstetrician/gynecologist; she treats pregnant women.[3] Dr. Wright does not claim any expertise with respect to infants. At her deposition, when asked what subject areas she considers herself an expert in, she responded:  "I am an expert in the care of pregnant women with substance use disorders."[4] Asked if she had any additional expertise, she answered:  I'm a general -- obstetrician/gynecologist, so I take care of women throughout their reproductive lives."[5]  She does not treat children of any age, including newborns.  Although she delivers the babies of women with substance abuse disorders, she has never provided medical care to any of the babies she delivered; they are not her patients.[6] She has never diagnosed a newborn with NAS; such diagnoses are made by pediatricians.[7]

By her own admission, then, Dr. Wright has neither training nor experience in medical conditions of infants and children.[8]  Yet, she seeks to offer opinions about the

---

[3] *See* Exhibit 1 at *1.

[4] Exhibit 2, Deposition Transcript of Tricia Wright, MD, at 16:2-3 (Sep. 14, 2020).

[5] *Id.* at 16:20-23.

[6] *Id.* at 50:1-11.

[7] *Id.* at 50:12-51:4.

[8] To be clear, Plaintiffs do not seek to exclude the NAS opinions of Dr. Wright merely because she lacks formal qualification as a pediatrician or neonatologist. Rather, it is Dr. Wright's lack of any experience whatsoever with these conditions, in addition to her lack of training, that disqualifies her from offering these opinions.

5

nature, symptoms, and treatment of a medical condition that occurs only in infants and children.[9]  She offers opinions about the onset of NAS symptoms,[10] about the reliability of NAS diagnoses[11], and about the prognosis of children with this condition.[12]  She lacks relevant expertise to offer any of these opinions

That Dr. Wright has significant experience and expertise in the treatment of pregnant women, specifically pregnant women with substance abuse disorders, does not make her an expert in a condition that affects only children.  Nor does the fact that she has apparently read studies about NAS babies qualify her to offer opinions about them or their condition, as she lacks the training or the experience to evaluate the studies she has read.  This Court should exclude Dr. Wright's opinions about NAS babies on the basis that she lacks the proper qualifications or expertise to offer those opinions.

## II.   DR. WRIGHT'S OPINIONS ABOUT NAS BABIES LACK A RELIABLE FOUNDATION

Even if Dr. Wright's expertise as an obstetrician and gynecologist were sufficient to qualify her to offer opinions about NAS, her opinions on that subject lack a reliable foundation and should be excluded in any event. *See Kumho Tire*, 526 U.S. 137, 154-55.  In her report, Dr. Wright describes her experience with NAS babies: she claims to have "first-hand experience seeing the children of [her pregnant patients]

---

[9] *See* Exhibit 1 at 4-5, 8-11.

[10] *Id.* at 8-9.

[11] *Id.* at 9.

[12] *Id.* at 10-11.

in the clinic grow up, *since they would bring the children with them to their clinic visits, as well as for well-child care with the clinic pediatric provider*.[13] To the extent Dr. Wright bases her opinions about the prognosis for infants born with NAS on her observations, from a distance, of whatever selection of children happen to be brought along to an appointment at the clinic, those observations do not provide a reliable methodology for those opinions. Indeed, Dr. Wright cannot possibly know if the children she observes at the clinic were ever actually diagnosed with NAS. Nor is there any way to know whether the children Dr. Wright has noticed at the clinic are a representative sampling of children born to addicted women. Use of distant observations of a group of children who may or may not have been diagnosed with NAS and who may or may not be representative of those who have does not provide a reliable foundation for opinions about the treatment and prognosis of children who have been so diagnosed.  Indeed, it is inconceivable that any pediatrician would base the care of a child born with NAS on that kind of observation. Dr. Wright's "methodology" simply does not match the rigor that pediatricians apply in the field to the treatment of NAS children.  *See Kumho Tire,* 526 U.S. at 152.

Nor does Dr. Wright's review of literature in the field cure the defects in her methodology.  Although a literature search can be a proper methodology for an expert, *see, e.g., In re Seroquel Prod. Liab. Litig.*, No. 6:06-MD-1769-ORL-22D, 2009 WL 3806435, at *6 (M.D. Fla. June 23, 2009) (noting that literature search provided a

---

[13] Ex. 1 at 2 (emphasis added); *see also* Exhibit 2 at 50:1-51:4 (confirming that Dr. Wright does not treat the children of her patients).

reliable process for forming opinion), the expert must be qualified to perform the search and to analyze and assess the material reviewed. *See In re Neurontin Mktg., Sales Practices, & Prod. Liab. Litig.*, 612 F. Supp. 2d 116, 158 (D. Mass. 2009) (noting expert's qualifications to perform literature search). When the witness is unable to bring her own expertise to her review of materials in the field, she can do nothing more than parrot the views of others as reflected in the literature. Such second-hand opinions are not reliable and, under *Daubert,* should be excluded. *See Dura Automotive Systems of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609 (7th Cir. 2002) ("A scientist, however well credentialed he may be, is not permitted to be the mouthpiece of a scientist in a different specialty."). This is especially true here, where Dr. Wright's report is lacking in specific citations to studies on which she purports to base her opinions and makes no attempt to acknowledge or address any contrary evidence.[14] Opinions based on general recollections of what the literature says, without specific analysis of the relevant material, simply lack the indicia of reliability required by Rule 702 and *Daubert*.

## CONCLUSION

For the foregoing reasons, this Court should limit the testimony of Dr. Wright by excluding the portion of proposed testimony pertaining to babies with NAS.

---

[14] *See* Exhibit 1 at 8-11. Because of the lack of specific citations, Dr. Wright's report is not in compliance with Fed. R. Civ. P. 26(a)(2), in that it fails to disclose the "basis and reasons" for the opinions set forth in it.

Dated: October 6, 2020

Respectfully submitted,

**THE CITY OF HUNTINGTON**
/s/ *Anne McGinness Kearse*
Anne McGinness Kearse
WVSB No. 12547
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

Linda Singer
David I. Ackerman
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel:  202-232-5504
Fax:  202-386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com

Charles R. "Rusty" Webb
WV No. 4782
**THE WEBB LAW CENTRE**
716 Lee Street, East
Charleston, West Virginia 25301
Tel: (304) 344-9322
Fax: (304) 344-1157
rusty@rustywebb.com

**CABELL COUNTY COMMISSION**
/s/ *Paul T. Farrell, Jr.*
Paul T. Farrell, Jr.
WVSB Bar No. 7443
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
PO Box 1180
Huntington, West Virginia 25714-1180
Mobile: 304-654-8281
paul@farrell.law

/s/ *Anthony J. Majestro*
Anthony J. Majestro
WVSB No. 5165
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

Michael A. Woelfel
WVSB No. 4106
**WOELFEL AND WOELFEL, LLP**
801 Eighth Street
Huntington, West Virginia 25701
Tel. 304.522.6249
Fax. 304.522.9282
mikewoelfel3@gmail.com

9

*On Brief:*

Andrea Bierstein
**SIMMONS HANLY CONROY**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949
abierstein@simmonsfirm.com

Anthony J. Majestro
WVSB No. 5165
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com

Paulina do Amaral
**LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLC**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel:  212-355-9500
Fax:  212-355-9592
pdoamaral@LCHB.com

## CERTIFICATE OF SERVICE

I certify that on October 6, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. This filing will also be served on all parties by email to:

Track2OpioidDefendants@ReedSmith.com and CT2_Opioid_Team@mail-list.com.

*/s/ Anthony J. Majestro*

11