# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.* <br><br> Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.* <br><br> Defendants. | Civil Action No. 3:17-01665 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING TRANSACTIONS REFLECTED IN PROCESSED ARCOS DATA**

## INTRODUCTION

Plaintiffs have filed a motion requesting that the Court declare that ARCOS Data, as "processed" by their expert, Dr. Craig J. McCann, accurately reflects the reports that DEA-licensed distributors made to the DEA regarding their shipments of opioids.  They style this motion as one for "partial summary judgment," but it is an evidentiary issue that is not the proper subject of a motion for summary judgment.  Questions of admissibility of evidence shall be determined by the Court at trial or through motions in limine.  The Court need not address this evidentiary issue at this point, as the parties are still discussing the possibility of a stipulation relating to the ARCOS data.  If this evidentiary issue cannot be resolved between the parties, the Court can address this issue in due course as it would any other evidentiary issue.  But Plaintiffs' motion for partial summary judgment should be denied.

## THE ACCURACY OF PROCESSED ARCOS DATA IS NOT A PROPER TOPIC FOR SUMMARY JUDGMENT

Rule 56 states that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought" and that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case."  Fed. R. Civ. P. 56(g).

Summary judgment is the proper vehicle for addressing issues of legal sufficiency in relation to a claim or defense or an element of a claim or defense—it is not a proper vehicle for addressing the admissibility or accuracy of particular evidence.  Plaintiffs' motion does not ask the Court to decide a legal sufficiency issue with respect to a claim or element of a claim.  Instead,

they ask this Court to decide an evidentiary issue—that is, the accuracy of the processed ARCOS data. *See* Doc. 1009 at 9 ("The Court should grant partial summary judgment and find that Dr. McCann's Processed ARCOS Data accurately reflects the data provided by the DEA regarding the defendants' shipments of opioids.").

However, it is settled that "[q]uestions of admissibility of evidence shall be determined by the Court at trial or through motions in limine." *Earle v. City of Huntington*, No. CV 3:14-29536, 2017 WL 2960539, at *3 n.5 (S.D.W. Va. July 11, 2017); *Bellotte v. Edwards*, No. 3:08-CV-94, 2010 WL 11519531, at *2 (N.D. W. Va. Jan. 22, 2010) ("Plaintiffs present several arguments regarding the evidentiary effect of this Court's ruling on the Police Defendants' Motion for Summary Judgment. However, these arguments raise issues more appropriate for a motion in limine.").[1]

Plaintiffs say that Rule 56(g) might provide a vehicle for the Court to address this issue on a motion for summary judgment. *See* Doc. 1009 at 8. Plaintiffs are wrong. Rule 56(g) is applicable only when there is a proper summary judgment motion pending before the Court regarding legal sufficiency of a claim or element of a claim. If the court denies the full relief requested by that proper motion, the court nonetheless may enter an order stating any material fact that is not genuinely in dispute. Rule 56(g) does not change the rule that evidentiary issues shall be determined by the Court at trial or through motions in limine and not at summary judgment.

---

[1] *See also NuVasive, Inc. v. Kormanis*, No. 1:18-CV-282, 2019 WL 9654846, at *3 (M.D.N.C. Mar. 26, 2019) ("To the extent NuVasive asks the Court to hold as a matter of law that Mr. Kormanis, Mr. Jones, and Alphatec were engaged in a civil conspiracy as part of evidentiary determinations, the Court declines the invitation at this point. Admissibility of evidence issues will be decided under the appropriate evidence rules at trial, not the summary judgment rules.").

(continued…)

The parties currently are working to resolve the evidentiary issue—potentially with a stipulation. If the issue cannot be resolved between the parties, then it can be addressed by the Court at trial.[2]

## CONCLUSION

The Court should deny Plaintiffs' motion for summary judgment on the accuracy of certain evidence because evidentiary issues are not proper topics for summary judgment.

Dated: October 6, 2020

Respectfully Submitted,

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square

---

[2] Defendants also note here that Plaintiffs' motion should be denied on the merits, even if it were a proper evidentiary motion. Plaintiffs ask the Court to rule that McCann's "processed" ARCOS data "accurately reflects the shipments of opioid products reported to the DEA by DEA licensed wholesale distributors." Doc. 1009 at 2. But McCann explains that two of the fields in the ARCOS data produced by DEA were *not* reported by distributors: the "Calculated Base Weight in Grams" and "Dosage Units" fields were "not reported by the Sellers" (the distributors) and were instead "calculated by the DEA appended by the DEA before the data was produced to" Plaintiffs. McCann Rep. 19–20. Additional fields were not part of the ARCOS data at all; McCann added those fields himself. McCann Report 21–23. Thus, it would be improper for the Court to rule that the McCann data accurately reflects what distributors reported to DEA. However, as noted above, the parties are actively attempting to come to an agreement regarding the use and admissibility of this data.

1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*McKesson Corporation*
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Timothy C. Hester*
Timothy C. Hester
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
jwicht@wc.com

Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 6th day of October, 2020, the foregoing Opposition to Plaintiffs' Motion for Partial Summary Judgment Regarding Transactions Reflected in Processed ARCOS Data was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gretchen M. Callas*
