UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.                                        Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                       Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY PROFFERED BY JOSEPH RANNAZZISI**

Plaintiffs City of Huntington and Cabell County Commission hereby submit a response to Defendants' motion to exclude expert testimony proffered by Joseph Rannazzisi. Plaintiffs have not identified Joseph Rannazzisi as a testifying expert pursuant to Federal Rules of Civil Procedure 702. For these reasons, the Defendants motion is moot.

**I.     INTRODUCTION**

Joseph Rannazzisi was the former head of the Office of Diversion Control for the Drug Enforcement Administration. In his role at the DEA, Mr. Rannazzisi coordinated operations of the Diversion Control Program; briefed representatives from the pharmaceutical industry, members of Congress, executive staff at the Department of Justice and the Office of National Drug Control Policy, as well as the general public on the opioid epidemic and the diversion of controlled substances. Throughout Mr. Rannazzisi's tenure at the DEA, he was oversaw numerous

enforcement actions against Defendants under the Controlled Substances Act, as well as initiatives, including the Distributor Initiatives and a series of letters to the industry, to remind Defendants of their obligations under the CSA. He also was involved in DEA's determinations with respect to various quotas for the production of opioids. As Plaintiffs would have made clear had Defendants contacted them regarding the scope of Mr. Rannazzisi's testimony in advance of filing their unnecessary motion, Plaintiffs have no intention of seeking to call Mr. Rannazzisi as an expert witness, nor eliciting testimony outside of the scope of his CT1 deposition.[1] For these reasons, the Defendants' motion should be denied as moot.

## II.     ARGUMENT

Plaintiffs did not designate Mr. Rannazzisi as an expert in this case and do not, and never did, intend to call him as an expert witness. Plaintiffs intend to call Mr. Rannazzisi as a fact witness to offer testimony within the scope of his CT1 deposition. All Defendants were present and participated in Mr. Rannazzisi's deposition that occurred over two days in the MDL, April 26 and May 15, 2019. As such, there is no ground to exclude Mr. Rannazzisi's testimony.

Within the Fourth Circuit, as well as other federal circuits, there is a long line of cases permitting police officers, firefighters, and other professionals to testify at trials as lay witnesses. "[T]he line between lay opinion testimony under Rule 701 and expert testimony under Rule 702 is a fine one, [and] the guiding principle in distinguishing lay from expert opinion is that lay testimony must be based on personal knowledge." *United States v. Muro*, 784 F. App'x 160, 162 (4th Cir. 2019). A lay witness is not considered an expert just by way of possessing specialized knowledge, skills, or expertise. Rather, the content of the testimony is relevant. This has been

---

[1] Of course, should Defendants open the door by eliciting testimony outside of the scope of Mr. Rannazzisi's prior deposition, Plaintiffs reserve the right to either seek to exclude that testimony or to re-direct Mr. Rannazzisi on the topics explored by Defendants.

exemplified through the gamut of cases allowing police officers to serve as both expert and lay witnesses. *See U.S. v. Perkins*, 470 F.3d 150 (4th Cir. 2006); *see also U.S. v. Palacios*, 677 F.3d 234 (4th Cir. 2012); *see also United States v. Chavez-Lopez*, 767 Fed. Appx. 431 (4th Cir. 2019). For example, in *Perkins*, the Fourth Circuit affirmed a district court's admission of police officers' judgments regarding reasonable force as lay testimony because they observed the force and testified based on their contemporaneous perceptions. *Perkins*, 470 F.3d at 156. The court stated that "[b]ecause their testimony was framed in terms of their eyewitness observations and particularized experience as police officers," it had no issue finding that the opinions were admissible under Rule 701. Similarly, federal circuits have repeatedly acknowledge that DEA agents testifying as lay witnesses is admissible as long as the testimony is connected to the agent's personal experiences. *See United States v, Belanger*, 890 F.3d 13 (1st Cir. 2018); *see also U.S. v. Reyes*, 384 Fed.Appx. 37 (2nd Cir. 2010); *see also United States v. Edwards*, 707 Fed.Appx. 332 (6th Cir. 2017). Mr. Rannazzisi, as a former investigator and top law enforcement agent at the DEA, will be offering similar testimony as he did in his MDL deposition. He will be testifying to his personal experience and personal observations made during his tenure at the DEA.

If a witness's testimony is only regarding information perceived by the witness rather than based on any special expertise, the witness is considered a lay witness. *United States v. Chavez-Lopez*, 767 Fed. Appx. 431 (4th Cir. 2019). Personal knowledge includes knowledge based on observations and investigations a lay witness participated in during his employment. *U.S. v. Agyemang*, 230 F.3d 1354 (4th Cir. 2002) (allowing an INS examiner to use knowledge accumulated during her employment with the INS during her testimony). Mr. Rannazzisi will proffer testimony about his time at the DEA, including events and issues he personally experienced during his career. He will not be offering expert testimony.

This case is not set for a jury trial and rather than issue blanket rulings in the abstract, it is more efficient for the Court to consider any potential objections at the time the actual testimony is proffered. The court is fully capable of ruling on Mr. Rannazzisi's testimony, if necessary, in real-time, during the trial, consistent with the Court's order regarding evidentiary motions.

For the reasons set forth above, the Defendants' motion to exclude Mr. Rannazzisi's testimony should be denied.

Dated: October 13, 2020                                         Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No. 12547) | Paul T. Farrell, Jr., Esq. (WVSB No. 7443) |
| Joseph F. Rice | **FARRELL LAW** |
| **MOTLEY RICE LLC** | P.O. Box 1180 |
| 28 Bridgeside Blvd. | Huntington, WV 25714-1180 |
| Mount Pleasant, South Carolina 29464 | 422 Ninth Street, 3rd Floor |
| Tel.: (843) 216-9000 | Huntington, West Virginia 25701 |
| Fax: (843) 216-9450 | office: 304.523.7285 |
| akearse@motleyrice.com | cell: 304.654.8281 |
| jrice@motleyrice.com | email: paul@farrell.law |
| | |
| Linda Singer | */s/ Anthony J. Majestro* |
| David I. Ackerman | Anthony J. Majestro (WVSB No. 5165) |
| **MOTLEY RICE LLC** | **POWELL & MAJESTRO, PLLC** |
| 401 9th Street NW, Suite 1001 | 405 Capitol Street, P-1200 |
| Washington, DC 20004 | Charleston, West Virginia 25301 |
| Tel: 202-232-5504 | Tel.: (304) 346-2889 |
| Fax: 202-386-9622 | Fax: (304) 346-2895 |
| lsinger@motleyrice.com | amajestro@powellmajestro.com |
| dackerman@motleyrice.com | |
| | Michael A. Woelfel (WVSB No. 4106) |
| Charles R. "Rusty" Webb (WVSB No. 4782) | **WOELFEL AND WOELFEL, LLP** |
| **THE WEBB LAW CENTRE** | 801 Eighth Street |
| 716 Lee Street, East | Huntington, West Virginia 25701 |
| Charleston, West Virginia 25301 | Tel.: (304) 522-6249 |
| Tel.: (304) 344-9322 | Fax: (304) 522-9282 |
| Fax: (304) 344-1157 | mikewoelfel3@gmail.com |
| rusty@rustywebb.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, the foregoing *Plaintiffs' Response to Defendants' Motion to Exclude Expert Testimony Proffered by Joseph Rannazzisi* was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system as well as on all counsel via email to plaintiffs' listserv at mdl2804discovery@motleyrice.com and defendants' listservs at track2opioiddefendants@reedsmith.com.

/s/ Monique Christenson
Monique Christenson (SC Bar No. 104063)
**MOTLEY RICE LLC**