# EXHIBIT A

EFiled: Sep 29 2020 11:40AM EDT
Transaction ID 65972930

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

IN RE:  OPIOID LITIGATION                                Civil Action No. 19-C-9000

**THIS DOCUMENT APPLIES TO ALL CASES**

**THIRD-PARTY DISCOVERY PROTOCOL**

1.      In order to obtain efficiencies in discovery, and subject to the requirements and limitations outlined in this Protocol, all third-party documents, deposition testimony, and other materials that have been (or will be) produced or elicited and made available to the parties in the City of Huntington/Cabell County Litigation ("Cabell County Litigation")[1] — including without limitation all third-party documents, deposition testimony, and other materials produced or elicited in Tracks 1 and 2 of the federal MDL Litigation ("MDL Litigation")[2] and made available to the parties in the Cabell County Litigation — shall be deemed to have been produced in the Mass Litigation Panel Litigation ("MLP Litigation").[3]

2.      Nothing in this Protocol shall preclude any party from pursuing additional discovery in the MLP Litigation.

3.      Nothing in this Protocol shall affect any party's right to assert permissible objections to documents or other evidence on grounds of relevance, privilege, or any other grounds unrelated to the sharing of discovery pursuant to Paragraph 1 above.

---

[1] *City of Huntington & Cabell County Commission v. AmerisourceBergen Drug Corp. et al.*, Civil Action Nos. 17-01362 & 17-01665 (S.D. W. Va.).

[2] *In re: National Prescription Opiate Litigation*, MDL No. 2804, Case No. 17-MD-2804 (N.D. Ohio).

[3] *In re: Opioid Litigation*, Civil Action No. 19-C-9000, Circuit Court of Kanawha County, West Virginia.

-1-

4.      When producing or identifying documents responsive to discovery requests in the MLP Litigation — regardless of whether such documents were previously produced in other litigation — the parties agree to provide reasonably identifiable Bates ranges for key document categories, except where doing so would be impracticable or unduly burdensome.  This obligation shall not apply to any discovery requests that seek "all" documents or communications related to a particular subject.

5.      The Stipulated Protective Order signed by the MLP Discovery Commissioner and entered in the MLP Litigation (Trans. ID no. 65810931) shall govern the confidentiality of any confidential documents, testimony, or other materials deemed produced in the MLP Litigation.[4]

6.      To the extent any third-party documents, deposition testimony, or other materials produced or elicited and made available to the parties in the Cabell County Litigation have been designated as confidential, such materials shall not be deemed produced (or otherwise made available to the parties) in the MLP Litigation unless and until (1) the protective order in the Cabell County Litigation has been amended to permit the use of such confidential information in the MLP Litigation pursuant to the protective order in the MLP Litigation,[5] or (2) the third party who produced the document, testimony, or material agrees that such document, testimony, or material can be deemed produced or otherwise made available to the parties in the MLP Litigation.

---

[4] The use of the term "confidential" encompasses documents designated as "Confidential," "Highly Confidential," or "Highly Confidential — Attorneys' Eyes Only."

[5] Parties in the MLP Litigation with standing to seek an order in the Cabell County Litigation (*i.e.*, McKesson Corporation, AmerisourceBergen Drug Corporation, and Cardinal Health, Inc.) shall take the necessary steps — in consultation with the Discovery Commissioner — to effectuate the referenced amendment of the protective order in the Cabell County Litigation. Within 30 days from the date all MLP parties have signed this Protocol, the referenced parties shall file an appropriate motion in the Cabell County Litigation.

Dated:  September 24, 2020

Respectfully submitted,

/s/Timothy R. Linkous                    /s/ John J. Meadows
Timothy R. Linkous (WV Bar #8572)        John J. Meadows (WV Bar #9442)
**LINKOUS LAW, PLLC**                    **STEPTOE & JOHNSON PLLC**
179 Hanalei Drive, Suite 100             Chase Tower, 17th Floor
Morgantown, WV 26508                     P.O. Box 1588
Telephone: (304) 212-2013                Charleston, WV 25326
Facsimile: (304) 554-2401                Telephone: (304) 353-8000
tim@linkouslawpllc.com                   john.meadows@steptoe-johnson.com
*Liaison Counsel for Plaintiffs*         *Liaison Counsel for Defendants*


**IT IS SO ORDERED.**

Enter:  September 26, 2020

By: /s/ Christopher C. Wilkes
        Discovery Commissioner

-3-