# EXHIBIT B

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**IN RE: OPIOID LITIGATION**                    **CIVIL ACTION NO. 19-C-9000**

**THIS DOCUMENT APPLIES TO ALL CASES**

**STIPULATED PROTECTIVE ORDER**

**I.      Scope of Order**

1.      Disclosure and discovery activity in this proceeding may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation would be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order").  Unless otherwise noted, this Order is also subject to the West Virginia Rules of Civil Procedure and Trial Court Rules on matters of procedure and calculation of time periods.  Unless otherwise stated, all periods of time provided for in this Order are calculated as calendar days.

2.      This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during this proceeding, captioned as *In re: Opioid Litigation*, Civil Action No. 19-C-9000 ("this Litigation").  All materials produced in the course of discovery, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any Party to this Litigation (the "Producing Party") to any other party or parties (the "Receiving Party") are also governed by this Protective Order.  This Protective Order is binding upon all the Parties to this Litigation, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, principals,

agents, experts, consultants, representatives, directors, officers, and employees, and others as set forth in this Protective Order.

3.     Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order.

4.     The entry of this Protective Order does not preclude any party from seeking a further order of this Court pursuant to West Virginia Rule of Civil Procedure 26(c).

5.     Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

6.     This Protective Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under the applicable legal principles for treatment as confidential.  Parties shall not be overly broad in designating materials as Confidential or Highly Confidential or Highly Confidential — Attorneys Eyes Only under this Protective Order.

7.     With respect to documents produced in this Litigation that were previously produced in other opioid litigation, nothing in this Protective Order shall require a party to re-designate materials previously designated as Confidential, Highly Confidential, or Highly Confidential — Attorneys' Eyes Only.  Such designations made in other opioid litigation shall, to the extent that the documents are re-produced in this Litigation, apply with equal force in this Litigation under the terms of this Protective Order.

## II.     Definitions

8.     <u>Competitor</u>.  "Competitor" means any company or individual, other than the Designating Party, engaged in the design; development; manufacture; regulatory review process; dispensing; marketing; distribution; creation, prosecution, pursuit, or other development of an

interest in protecting intellectual property; and/or licensing of any product or services involving opioids; provided, however, that this section shall not be construed as limiting the disclosure of Discovery Material to an Expert in this Litigation, so long as no Discovery Material produced by one defendant is shown to any current employee or consultant of a different defendant, except as provided in Paragraphs 32, 33, or 35.

9.    <u>Confidential Information</u>.  "Confidential Information" is defined herein as information that the Producing Party in good faith believes would be entitled to protection on a motion for a protective order on the basis that it constitutes, reflects, discloses, or contains information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, personnel records, Confidential Protected Health Information, protected law enforcement materials (including investigative files, overdose records, records relating to naloxone or Narcan, coroner's records, court records, and prosecution files), research, technical, commercial or financial information that the Designating Party has maintained as confidential, or such other proprietary or sensitive business and commercial information that is not publicly available.  In addition, to the extent that a Producing Party produces discovery materials in this action that are designated as "Confidential" in *In re National Prescription Opioids Litigation*, Case No. 17-MDL-2804 (N.D. Ohio), those discovery materials will be deemed to be "Confidential Information" under this Protective Order.  Public records and other information or documents that are publicly available may not be designated as Confidential Information.  In designating discovery materials as Confidential Information, the Producing Party shall do so in good faith, and consistent with the applicable legal principles for treatment of confidential material and with the provisions of this Protective Order and rulings of the Court or any Discovery Commissioner appointed by the

Court. Nothing herein shall be construed to allow for global designations of all documents as "Confidential."

10. <u>Counsel</u>. "Counsel," without another qualifier, means Outside Counsel and In-House Counsel.

11. <u>Designating Party</u>. "Designating Party" means a Party to this Litigation, including but not limited to a Producing Party, that designates Discovery Material as Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only.

12. <u>Discovery Material</u>. "Discovery Material" means any information, document, or tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any Party in such form, the Producing Party may designate such matters as confidential by a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the media. Whenever any Party to whom Computerized Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is produced reduces such material to hardcopy form, that Party shall mark the hardcopy form with the corresponding "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

13. <u>Highly Confidential Information</u>. "Highly Confidential Information" is defined herein as information which, if disclosed or disseminated to, or used by a Competitor of the Producing Party or any other person not enumerated in Paragraph 33, could reasonably result in

possible antitrust violations or commercial, financial, or business harm.  In addition, to the extent that a Producing Party produces discovery materials in this action that are produced and designated as "Highly Confidential" in *In re National Prescription Opioids Litigation*, Case No. 17-MDL-2804 (N.D. Ohio), those discovery materials will be deemed to be "Highly Confidential Information" under this Protective Order.  In designating discovery materials as Highly Confidential Information, the Producing Party shall do so in good faith, and consistent with the applicable legal principles for treatment of confidential material and with the provisions of this Protective Order and rulings of the Court or any Discovery Commissioner appointed by the Court. Nothing herein shall be construed to allow for global designations of all documents as "Highly Confidential."  Nothing herein shall be construed as overriding or overruling any applicable state or federal statute, regulation or privilege that bars disclosure of material that, if produced, would properly be designated as "Highly Confidential."

14.     <u>Highly Confidential – Attorneys' Eyes Only Information</u>.  "Highly Confidential – Attorneys' Eyes Only Information" is defined herein as information properly designated as "Highly Confidential" and which, if disclosed, disseminated, or used by any person not enumerated in Paragraph 35 below, creates extraordinary risk of harm, including harm to non-parties; and infringing on the privacy interests of non-parties.  In addition, to the extent that a Producing Party produces discovery materials in this Litigation that are designated as "Highly Confidential – Attorneys' Eyes Only Information" in *In re National Prescription Opioids Litigation*, Case No. 17-MDL-2804 (N.D. Ohio), those discovery materials will be deemed to be "Highly Confidential Information – Attorneys' Eyes Only Information" under this Protective Order.  In designating discovery materials as Highly Confidential – Attorneys' Eyes Only Information, the Producing Party shall do so in good faith and consistent with the applicable

legal principles for treatment of confidential material and with the provisions of this Protective

Order and rulings of the Court or any Discovery Commissioner appointed by the Court.

Nothing herein shall be construed to allow for global designations of all documents as "Highly

Confidential – Attorneys' Eyes Only."  Nothing herein shall be construed as overriding or

overruling any applicable state or federal statute, regulation or privilege that bars disclosure of

material that, if produced, would properly be designated as "Highly Confidential – Attorneys'

Eyes Only Information."

15.     <u>Independent Expert</u>.  "Independent Expert" means an expert and/or independent

consultant formally retained, and/or employed to advise or to assist Counsel in the preparation

and/or trial of this Litigation, and their staff who are not employed by a Party to whom it is

reasonably necessary to disclose Confidential Information, Highly Confidential Information, or

Highly Confidential – Attorneys' Eyes Only Information for the purpose of this Litigation.

16.     <u>In-House Counsel</u>.  "In-House Counsel" means attorney employees of any Party.

17.     <u>Outside Counsel</u>.  "Outside Counsel" means any law firm or attorney who

represents any Party for purposes of this Litigation.

18.     <u>Party</u>.  "Party" means any of the parties in this Litigation at the time this

Protective Order is entered, including officers and directors of such parties.  If additional parties

are added other than parents, subsidiaries or affiliates of current parties to this Litigation, then

their ability to receive Confidential Information, Highly Confidential Information, or Highly

Confidential – Attorneys' Eyes Only Information as set forth in this Protective Order will be

subject to them being bound, by agreement or Court Order, to this Protective Order.

19.     <u>Producing Party</u>.  "Producing Party" means a Party to this Litigation, and all

directors, employees, and agents (other than Counsel) of the Party, or any third party that

produces or otherwise makes available Discovery Material to a Receiving Party, subject to Paragraph 3.

20. <u>Protected Material</u>.  "Protected Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material, that is designated as "Confidential," "Highly Confidential," or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Protective Order.

21. <u>Receiving Party</u>.  "Receiving Party" means a Party to this Litigation, and all employees, agents, and directors (other than Counsel) of the Party, that receives Discovery Material from a Producing Party.

**III.  Designation and Redaction of Confidential Discovery Material**

22. For each document produced by the Producing Party that contains or constitutes Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order, each page shall be marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION," or with comparable notices.

23. Specific discovery responses produced by the Producing Party shall, if appropriate, be designated as Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information by marking the pages of the document that contain such information with the notation "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION— SUBJECT TO PROTECTIVE ORDER," or with comparable notices.

24.     Information disclosed through testimony at a deposition taken in connection with this Litigation may be designated as Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information by designating the portions of the transcript in a letter to be served on the court reporter and opposing Counsel within thirty (30) calendar days of the Producing Party's receipt of the certified transcript of a deposition.  The court reporter will indicate the portions designated as Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only and segregate them as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony.  The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "HIGHLY CONFIDENTIAL—SUBJECT TO FURTHER CONFIDENTIALITY REVIEW."  Such transcripts will be treated as Highly Confidential Information until the expiration of the 30-day period.  If, during a deposition, testimony or documents are introduced that a party reasonably believes should be entitled to protection as Highly Confidential — Attorneys' Eyes Only, a party may state on the record that the entire transcript shall be treated as entitled to such protection during the 30-day period, and the court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." If the Producing Party does not serve a designation letter within the 30-day period, then the entire transcript will be deemed not to contain Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information and the "HIGHLY CONFIDENTIAL—SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" (or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY— SUBJECT TO FURTHER CONFIDENTIALITY REVIEW") legend shall be removed.

25.     In accordance with this Protective Order, only the persons identified under Paragraphs 32, 33, and 35, below, along with the witness and the witness's Counsel may be present if any questions regarding Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information are asked.  This paragraph shall not be deemed to authorize disclosure of any document or information to any person to whom disclosure is prohibited under this Protective Order.

26.     A Party in this Litigation may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" any document, material, or other information produced by, or testimony given by, any other person or entity that the Designating Party reasonably believes qualifies as the designating Party's Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order.  The Party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information.  Any Party receiving information from a third party shall treat such information as Highly Confidential – Attorneys' Eyes Only during this thirty (30) day period while all Parties have an opportunity to review the information and determine whether it should be designated as confidential.  Any Party designating third party information as Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information shall have the same duties and rights as a Producing Party under this Protective Order with respect to such information.

27.     This Protective Order shall not be construed to protect from production or to permit the "Confidential Information," "Highly Confidential Information," or "Highly Confidential – Attorneys' Eyes Only Information" designation of any document that (a) the party

has not made reasonable efforts to keep confidential, or (b) is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party or the individual or individuals who caused the information to become public, generally available to the public through publication or otherwise.

28.     In order to protect against unauthorized disclosure of Confidential Information, Highly Confidential Information, and Highly Confidential – Attorneys' Eyes Only Information, a Producing Party may redact certain Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information from produced documents, materials or other things.  The basis for any such redaction shall be stated in the Redaction field of the document and/or in the metadata produced pursuant to the Document Production Protocol or, in the event that such metadata is not technologically feasible, a log of the redactions.  Specifically, the Producing Party may redact or de-identify:

a.     Personal Identifying Information.  The names, home addresses, personal email addresses, home telephone numbers, Social Security or tax identification numbers, and other private information protected by law of (a) current and former employees (other than employees' names and business contact information), (b) individuals in clinical studies or adverse event reports whose identities are protected by law, (c) undercover law enforcement personnel and confidential informants, and (d) patient identified information that is protected by 42 CFR 2.12 and associated regulations.

b.     Privileged Information.  Information protected from disclosure by the attorney-client privilege, work-product doctrine, or other such legal privilege protecting information from discovery in this Litigation.  The obligation to provide, and form of, privilege logs will be addressed by separate Order.

c. <u>Third-Party Confidential Information</u>.  If agreed to by the Parties or ordered by the Court under Paragraph 81, information that is protected pursuant to confidentiality agreements between Designating Parties and third parties, as long as the agreements require Designating Parties to redact such information in order to produce such documents in litigation.

d. A party may withhold or redact the following specific protected information: (a) records of ongoing criminal investigations and (b) records or information provided to the party by DEA, FBI, or other state or federal law enforcement agency that such agency designates is of a sensitive nature and where such agency requires that the records or information be withheld or redacted.  A document may not be withheld under this provision if the information at issue can be protected through redaction.  The fact of redacting or withholding does not create a presumption that the redaction or withholding is valid, and Receiving Parties can challenge redactions freely after providing appropriate notice to the Producing Party and (if applicable) the agency asserting the privilege or confidentiality redaction.

29. To the extent any document, materials, or other things produced contain segregated, non-responsive Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information concerning a Producing Party's non-opioid products (or, in the case of Plaintiffs, concerning programs, services, or agencies not at issue in this Litigation), the Producing Party may redact that segregated, non-responsive, Confidential Information, Highly Confidential information, or Highly Confidential – Attorneys' Eyes Only Information except that (a) if a Producing Party's non-opioid product is mentioned in direct comparison to the Producing Party's opioid product, then the name and information about that product may not be redacted or (b) if the redaction of the name and information about the

Producing Party's non-opioid product(s) would render the information pertaining to Producing Party's opioid product meaningless or would remove the context of the information about Producing Party's opioid product, the name and information about the other product may not be redacted.  Nothing in this paragraph shall restrict Plaintiffs' right and ability to request information about such other products nor restrict Defendants' right to object to or otherwise seek protection from the Court concerning any such request.

30.     Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f), the names of any person or persons reporting adverse experiences of patients and the names of any patients who were reported as experiencing adverse events that are not redacted shall be treated as confidential, regardless of whether the document containing such names is designated as CONFIDENTIAL INFORMATION.  No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Producing Party.

## IV.    Access to Confidential Discovery Material

31.     <u>General</u>.  The Receiving Party and Counsel for the Receiving Party shall not disclose or permit the disclosure of any Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information to any third person or entity except as set forth in Paragraphs 32, 33, and 35.

32.     In the absence of written permission from the Producing Party or an order of the Court, any Confidential Information produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation and its contents shall not be disclosed to any person unless that person falls within at least one of the following categories:

a.     Outside Counsel and In-House Counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel;

b.      Vendor agents retained by the Parties or Counsel for the Parties, provided that the vendor agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

c.      Individual Parties;

d.      Present or former officers, directors, and employees of a Party, provided that former officers, directors, or employees of the Designating Party may be shown Confidential Information prepared after the date of their departure only to the extent Counsel for the Receiving Party determines in good faith that the employee's assistance is reasonably necessary to the conduct of this Litigation and provided that such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound.  Nothing in this paragraph shall be deemed to permit the showing of one defendant's Confidential Information to an officer, director, or employee of another defendant, except to the extent otherwise authorized by this Order;

e.      Stenographic employees and court reporters recording or transcribing testimony in this Litigation;

f.      The Court, any Discovery Commissioner appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

g.      Independent experts and/or consultants retained by any party or counsel to any party in Civil Action No. 19-C-9000 in connection with work for this

Litigation, provided that the recipient agrees to be bound by this Protective

Order and completes the certification contained in Exhibit A,

Acknowledgment and Agreement to Be Bound;

h.     Any individual(s) who authored, prepared, or previously reviewed or

received the information;

i.     Those liability insurance companies from which any defendant has sought

or may seek insurance coverage to (i) provide or reimburse for the defense

of the Litigation and/or (ii) satisfy all or part of any liability in the

Litigation, provided that the recipient agrees to be bound by this Protective

Order and completes the certification contained in Exhibit A,

Acknowledgment and Agreement to Be Bound;

j.     State, federal, or local law enforcement agencies, but only after such

persons have completed the certification contained in Exhibit A,

Acknowledgment and Agreement to Be Bound.  Disclosure pursuant to

this subparagraph will be made only after the Designating Party has been

given ten (10) days' notice of the Receiving Party's intent to disclose, and

a description of the materials the Receiving Party intends to disclose.  If

the Designating Party objects to disclosure, the Designating Party may

request a meet and confer and may seek a protective order from the Court;

k.     Plaintiff's counsel of record to any Plaintiff with a case pending in *In re:*

*Opioid Litigation*, Civil Action No. 19-C-9000 shall be permitted to

receive the Confidential Information of any Producing Party regardless of

whether that attorney is counsel of record in any individual action against

the Producing Party and there shall be no need for such counsel to execute

such acknowledgment because such counsel is bound by the terms of this

Protective Order, provided that any Confidential Information obtained

pursuant to this provision shall be used solely for purposes of this

Litigation (Civil Action No. 19-C-9000); or

l.    Witnesses during deposition, who may be shown, but shall not be

permitted to retain, Confidential Information; provided, however, that,

unless otherwise agreed by the relevant Parties or ordered by the Court, no

Confidential Information of one defendant may be shown to any witness

who is a current employee of another defendant who is not otherwise

authorized to receive the information under this Order.

33.    In the absence of written permission from the Producing Party or an order of the

Court, any Highly Confidential Information produced in accordance with the provisions of this

Protective Order shall be used solely for purposes of this Litigation and its contents shall not be

disclosed to any person unless that person falls within at least one of the following categories:

a.    Outside Counsel and In-House Counsel, and the attorneys, paralegals,

stenographic, and clerical staff employed by such Counsel.  Information

designated as Highly Confidential by any defendant may be disclosed to

In-House Counsel of another defendant, provided that the In-House

Counsel (i) has regular involvement in the Litigation (ii) disclosure to the

individual is reasonably necessary to this Litigation, and (iii) the

individual completes the certification contained in Exhibit A,

Acknowledgment and Agreement to Be Bound.  Except as otherwise

-15-

provided in this Order or any other Order in this Litigation, no other employees of a defendant may receive the Highly Confidential Information of another;

b.      Vendor agents retained by the Parties or Counsel for the Parties, provided that the vendor agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

c.      Individual Parties that have produced the designated information;

d.      Stenographic employees and court reporters recording or transcribing testimony in this Litigation;

e.      The Court, any Discovery Commissioner appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

f.      Independent experts and/or consultants retained by any party or counsel to any party in Civil Action No. 19-C-9000 in connection with work for this Litigation, provided that the recipient agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

g.      Any individual(s) who authored, prepared or previously reviewed or received the information;

h.      State, federal, or local law enforcement agencies, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound.  Disclosure pursuant to

-16-

this subparagraph will be made only after the Designating Party has been given ten (10) days' notice of the Receiving Party's intent to disclose, and a description of the materials the Receiving Party intends to disclose.  If the Designating Party objects to disclosure, the Designating Party may request a meet and confer and may seek a protective order from the Court;

i.  Plaintiff's counsel of record to any Plaintiff with a case pending in *In re: Opioid Litigation*, Civil Action No. 19-C-9000 shall be permitted to receive the Highly Confidential Information of any Producing Party regardless of whether that attorney is counsel of record in any individual action against the Producing Party and there shall be no need for such counsel to execute such acknowledgment because such counsel is bound by the terms of this Protective Order, provided that any Highly Confidential Information obtained pursuant to this provision shall be used solely for purposes of this Litigation (Civil Action No. 19-C-9000); or

j.  Witnesses during deposition, who may be shown, but shall not be permitted to retain, Highly Confidential Information; provided, however, that, unless otherwise agreed by the relevant Parties or ordered by the Court, no Highly Confidential Information of one defendant may be shown to any witness who is a current employee of another defendant who is not otherwise authorized to receive the information under this Order.

34.  With respect to documents produced to a party, documents designated as "HIGHLY CONFIDENTIAL" will be treated in the same manner as documents designated "CONFIDENTIAL," except that a party may not disclose Highly Confidential Information to In-

House Counsel (or current employees) of any Competitor of the Producing Party, except as otherwise provided in this Order or any other Order in this Litigation.

35.     In the absence of written permission from the Producing Party or an order of the Court, any "Highly Confidential – Attorneys' Eyes Only Information" produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation and its contents shall not be disclosed to any person unless that person falls within at least one of the following categories:

a.      Outside Counsel for the Parties and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel;

b.      Counsel employed by the Office of the Attorney General of the State of West Virginia (and the paralegals, stenographic, and clerical staff employed by such Counsel), but only in those cases in which the Office of the Attorney General is a party and has no outside counsel, and with the requirement that review and/or use of "Highly Confidential — Attorneys' Eyes Only Information" must be limited to review or use in such cases;

c.      Vendor agents retained by the Parties or Counsel for the Parties, provided that the vendor agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

d.      Stenographic employees and court reporters recording or transcribing testimony in this Litigation;

e.       The Court, any Discovery Commissioner appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

f.       Independent experts and/or consultants retained by any party or counsel to any party in Civil Action No. 19-C-9000 in connection with work for this Litigation, provided that the recipient agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

g.       Any individual(s) who authored, prepared or previously reviewed or received the information; or

h.       Plaintiff's outside counsel of record to any Plaintiff with a case pending in *In re: Opioid Litigation*, Civil Action No. 19-C-9000 shall be permitted to receive the Highly Confidential – Attorneys' Eyes Only Information of any Producing Party regardless of whether that attorney is counsel of record in any individual action against the Producing Party and there shall be no need for such counsel to execute such acknowledgment because such counsel is bound by the terms of this Protective Order, provided that any Highly Confidential — Attorneys' Eyes Only Information obtained pursuant to this provision shall be used solely for purposes of this Litigation (Civil Action No. 19-C-9000).

36.       Except as provided in the preceding paragraph, the requirements, restrictions, and procedures set forth for information designated as "Highly Confidential Information" shall apply to material designated as "Highly Confidential – Attorneys' Eyes Only Information."

37.     In the event that In-House Counsel (or current employees) of any Competitor of the Producing Party is present at the deposition of an employee or former employee of the Producing Party, prior to a document designated as Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information being used in the examination, such In-House Counsel (current employees) of any Competitor of the Producing Party shall excuse himself or herself from the deposition room without delaying or disrupting the deposition.

**V.      Confidentiality Acknowledgment**

38.     Each person required under this Order to complete the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound, shall be provided with a copy of this Protective Order, which he or she shall read, and, upon reading this Protective Order, shall sign an Acknowledgment, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.  These Acknowledgments are strictly confidential.  Unless otherwise provided in this Order, Counsel for each Party shall maintain the Acknowledgments without giving copies to the other side.  The Parties expressly agree, and it is hereby ordered that, except in the event of a violation of this Protective Order, there will be no attempt to seek copies of the Acknowledgments or to determine the identities of persons signing them.  If the Court finds that any disclosure is necessary to investigate a violation of this Protective Order, such disclosure will be pursuant to separate court order.  Persons who come into contact with Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Acknowledgements, but must comply with the terms of this Protective Order.

## VI.   Litigation Experts and Consultants

39.   Retained Independent Experts and Consultants.  Subject to the provisions of this Protective Order, all Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information may be disclosed to any retained independent expert or consultant who has agreed in writing pursuant to the provisions herein, or on the record of a deposition to be bound by this Protective Order.

## VII.   Protection and Use of Confidential Discovery Material

40.   Persons receiving or having knowledge of Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information by virtue of their participation in this proceeding, or by virtue of obtaining any documents or other Protected Material produced or disclosed pursuant to this Protective Order, shall use that Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information only as permitted by this Protective Order.  Counsel shall take reasonable steps to assure the security of any Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information and will limit access to such material to those persons authorized by this Protective Order.

41.   Nothing herein shall restrict a person qualified to receive Confidential Information, Highly Confidential Information, and Highly Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order from making working copies, abstracts, digests and analyses of such information for use in connection with this Litigation and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this Litigation, provided that access to such information,

in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Protective Order.

42.     All persons qualified to receive Confidential Information, Highly Confidential Information, and Highly Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order shall at all times keep all notes, abstractions, or other work product derived from or containing Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information in a manner to protect it from disclosure not in accordance with this Protective Order, and shall be obligated to maintain the confidentiality of such work product and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other thing, or portions thereof (and the information contained therein) are returned and surrendered pursuant to Paragraph 49.  Nothing in this Protective Order requires the Receiving Party's Counsel to disclose work product at the conclusion of the case.

43.     Notwithstanding any other provisions hereof, nothing herein shall restrict any Party's Counsel from rendering advice to that Counsel's clients with respect to this proceeding or a related action in which the Receiving Party is permitted by this Protective Order to use Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information and, in the course thereof, relying upon such information, provided that in rendering such advice, Counsel shall not disclose any other Party's Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information other than in a manner provided for in this Protective Order.

44.     Nothing contained in this Protective Order shall prejudice in any way the rights of any Party to object to the relevancy, authenticity, or admissibility into evidence of any document

or other information subject to this Protective Order, or otherwise constitute or operate as an admission by any Party that any particular document or other information is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing.

45.     Nothing contained in this Protective Order shall preclude any Party from using its own Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information in any manner it sees fit, without prior consent of any Party or the Court.

46.     To the extent that a Producing Party uses or discloses to a third party its designated confidential information in a manner that causes the information to lose its confidential status, the Receiving Party is entitled to notice of the Producing Party's use of the confidential information in such a manner that the information has lost its confidentiality, and the Receiving Party may also use the information.  To the extent that a Producing Party's Confidential or Highly Confidential Information becomes part of the public record in this proceeding, through no act of or involvement by the Receiving Party nor by inadvertent disclosure by the producing party, the specific testimony, document excerpts, or other evidence will become and remain public, absent a showing of good cause why the public disclosure should not waive confidentiality. Inadvertent disclosure by the Producing Party does not make material public as long as such disclosure is swiftly remedied.  A Receiving Party shall not insert materials designated as Confidential or Highly Confidential into the Court record unless doing so complies with Section X hereof addressing the filing of Confidential or Highly Confidential materials.  Once information is made public other than by inadvertent disclosure and through no act of or involvement by the Receiving Party, it is not confidential even if continued to be marked as such by the Producing Party, and the Receiving Party may freely use such

information.  A Receiving Party does not need to challenge Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only designations of specific testimony, documents, or other evidence excerpts that become part of the public record in this proceeding through no act of or involvement by the Receiving Party.  A Receiving Party can also challenge a designation for other testimony or portions of the excerpted document or other evidence as set forth in paragraph 52 below.

47.     If a Receiving Party learns of any unauthorized disclosure of Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information, it shall immediately (a) inform the Producing Party in writing of all pertinent facts relating to such disclosure; (b) make its best effort to retrieve all copies of the Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

48.     Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal of this Litigation.

49.     Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal of this Litigation, or such other time as the Producing Party may agree in writing, the Receiving Party shall return all Confidential Information, Highly Confidential Information, and Highly Confidential – Attorneys' Eyes Only Information under this Protective Order unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2)

the Parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to documents

bearing the notations, summations, or other mental impressions of the Receiving Party, that Party

elects to destroy the documents and certifies to the Producing Party that it has done so.

50.     Notwithstanding the above requirements to return or destroy documents,

plaintiffs' Outside Counsel and defendants' Outside Counsel may retain (1) any materials

required to be retained by law or ethical rules, (2) one copy of their work file and work product,

and (3) one complete set of all documents filed with the Court including those filed under seal,

deposition and trial transcripts, and deposition and trial exhibits.  Any retained Confidential,

Highly Confidential, or Highly Confidential – Attorneys' Eyes Only Discovery Material shall

continue to be protected under this Protective Order.  An attorney may use his or her work

product in subsequent litigation, provided that the attorney's use does not disclose or use

Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys'

Eyes Only Information.

## VIII.    Changes in Designation of Information

51.     If a Party through inadvertence produces any Confidential Information, Highly

Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information without

labeling or marking or otherwise designating it as such in accordance with the provisions of this

Protective Order, the Producing Party may give written notice to the Receiving Party that the

document or thing produced is deemed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or

---

[1] The Parties may choose to agree that the Receiving Party shall destroy documents containing Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information and certify the fact of destruction, and that the Receiving Party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information contained in deposition transcripts or drafts or final expert reports.

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" and should be treated as such in accordance with the provisions of this Protective Order, and provide replacement media, images, and any associated production information to conform the document to the appropriate designation and facilitate use of the revised designation in the production. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. Any Producing Party may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" or withdraw a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" designation from any material that it has produced consistent with this Protective Order, provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying Counsel for each Party in writing of such redesignation and providing replacement images bearing the appropriate description, along with the replacement media, images, and associated production information referenced above. Upon receipt of any redesignation and replacement image that designates material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION," the Receiving Party shall (i) treat such material in accordance with this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any such material of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Protective Order. It is

understood that the Receiving Party's good faith efforts to procure all copies may not result in the actual return of all copies of such materials.

52.    A Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  If the Receiving Party believes that portion(s) of a document are not properly designated as Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information, the Receiving Party will identify the specific information that it believes is improperly designated and notify the Producing Party, in writing, of its reasons why the confidentiality designation was not proper and must: (a) give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within seven (7) days, the basis of the chosen designation, and (b) offer to provide the Producing Party with multiple alternatives (dates and times) to meet and confer during the seven (7) day period following the date of the Receiving Party's written challenge notification. Thereafter, if a Receiving Party elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party, it shall notify the Producing Party and the Receiving Party shall have seven (7) days from such notification to challenge the designation by commencing a discovery dispute pursuant to the "Order Regarding Procedure for Discovery Disputes" (Transaction ID 65612081).  The ultimate burden of persuasion in any such challenge proceeding shall be on the Producing Party as if the Producing Party were seeking a Protective Order in the first instance.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.  In the event that a designation is

changed by the Producing Party or by Court Order, the Producing Party shall provide replacement media, images, and associated production information as provided above.

## IX.   Inadvertent Production of Documents

53.     <u>Non-Waiver of Privilege</u>.  The Parties agree that they do not intend to disclose information subject to a claim of attorney-client privilege, attorney work product protection, common-interest privilege, or any other privilege, immunity or protection from production or disclosure ("Privileged Information").  If, nevertheless, a Producing Party discloses Privileged Information, such disclosure (as distinct from use) shall be deemed inadvertent without need of further showing and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state proceeding by that party (the "Disclosing Party").  This Section shall be interpreted to provide the maximum protection allowed under West Virginia Rule of Evidence 502.

54.     <u>Notice of Production of Privileged Information</u>.  If a Party or non-Party discovers that it has produced Privileged Information, it shall promptly notify the Receiving Party of the production in writing, shall identify the produced Privileged Information by Bates range where possible, and may demand that the Receiving Party return or destroy the Privileged Information. In the event that a Receiving Party receives information that it believes is subject to a good faith claim of privilege by the Designating Party, the Receiving Party shall immediately refrain from examining the information and shall promptly notify the Designating Party in writing that the Receiving Party possesses potentially Privileged Information.  The Designating Party shall have seven (7) days to assert privilege over the identified information.  If the Designating Party does not assert a claim of privilege within the 7-day period, the information in question shall be deemed non-privileged.

55.     <u>Recall of Privileged Information</u>.  If the Designating Party has notified the Receiving Party of the production of Privileged Information, or has confirmed the production of Privileged Information called to its attention by the Receiving Party, the Receiving Party shall within fourteen (14) days of receiving such notification or confirmation: (1) destroy or return to the Designating Party all copies or versions of the produced Privileged Information requested to be returned or destroyed; (2) delete from its work product or other materials any quoted or paraphrased portions of the produced Privileged Information; and (3) ensure that produced Privileged Information is not disclosed in any manner to any Party or non-Party.  The following procedures shall be reasonably undertaken to ensure all copies of such ESI are appropriately removed from the Receiving Party's system:

a.      Locate each recalled document in the document review/production database and delete the record from the database;

b.      If there is a native file link to the recalled document, remove the native file from the network path;

c.      If the database has an image load file, locate the document image(s) loaded into the viewing software and delete the image file(s) corresponding to the recalled documents.  Remove the line(s) corresponding to the document image(s) from the image load file;

d.      Apply the same process to any additional copies of the document or database, where possible;

e.      Locate and destroy all other copies of the document, whether in electronic or hardcopy form.  To the extent that copies of the document are contained on write-protected

media, such as CDs or DVDs, these media shall be discarded, with the exception of production

media received from the recalling party, which shall be treated as described herein;

      f.    If the document was produced in a write-protected format, the party

seeking to recall the document shall, at its election, either (i) provide a replacement copy of the

relevant production from which the document has been removed, in which case the receiving

party shall discard the original production media; or (ii) allow the receiving party to retain the

original production media, in which case the receiving party shall take steps to ensure that the

recalled document will not be used; and

      g.    Confirm that the recall of ESI under this procedure is complete by way of

letter to the party seeking to recall ESI.

    56.    Notwithstanding the above, the Receiving Party may segregate and retain one

copy of the clawed back information solely for the purpose of disputing the claim of privilege.

The Receiving Party shall not use any produced Privileged Information in connection with this

Litigation or for any purpose other than to dispute the claim of privilege.  The Receiving Party

may file a motion disputing the claim of privilege and seeking an order compelling production of

the material at issue; the Designating Party may oppose any such motion, including on the

grounds that inadvertent disclosure does not waive privilege.

    57.    Within fourteen (14) days of the notification that such Privileged Information has

been returned, destroyed, sequestered, or deleted ("Clawed-Back Information"), the Disclosing

Party shall produce a privilege log with respect to the Clawed-Back Information.  Within

fourteen (14) days after receiving the Disclosing Party's privilege log with respect to such

Clawed-Back Information, a Receiving party may notify the Disclosing Party in writing of an

objection to a claim of privilege or work-product protection with respect to the Clawed-Back

Information.  Within fourteen (14) days of the receipt of such notification, the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege or work-product claim with respect to such Clawed-Back Information.  The Parties may stipulate to extend the time periods set forth in this paragraph.

58.     If, for any reason, the Disclosing Party and Receiving Party (or parties) do not resolve their disagreement after conducting the mandatory meet and confer, the Receiving Party may initiate an appropriate procedure to challenge the privilege or protection claim with the Court.  The Disclosing Party bears the burden of establishing the privileged or protected nature of any Privileged Information.

59.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Nothing in this Order shall limit the right to request an in-camera review of any Privileged Information.

60.     Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

**X.     Filing and Use at Trial of Protected Material**

61.     Only Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only portions of relevant documents are subject to sealing.  To the extent that a brief, memorandum, or pleading references any document designated as Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only, the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.  If, however, the confidential information must be

intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

62.     Any and all filings made under seal shall be submitted according to the Court's applicable rules and procedures.  If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

63.     A Party that intends to present Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information at a hearing shall bring that issue to the Court's and Parties' attention without disclosing the Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information. The Court may thereafter make such orders, including any stipulated orders, as are necessary to govern the use of Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information at the hearing.  The use of any Confidential Information, Highly Confidential Information, or Highly Confidential — Attorneys' Eyes Only Information at trial shall be governed by the West Virginia Rules of Civil Procedure, the West Virginia Trial Court Rules, the West Virginia Rules of Evidence, any stipulation reached by the Parties, and/or any ruling by the Court.  All Parties reserve their right to seek relief from the Court as necessary to ensure that no Confidential Information, Highly Confidential Information, or Highly Confidential — Attorneys' Eyes Only Information loses its protection through presentation at a hearing, during trial, or otherwise.

## XI.   Confidential Discovery Material Requested by Third Party; Procedure Following Request.

64.     If any person receiving Discovery Material covered by this Protective Order (the "Receiver") is served with a subpoena, a request for information, or any other form of legal

process that purports to compel disclosure of any Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information that was produced by a person or entity other than the Receiver ("Request"), the Receiver shall take reasonable steps to notify the Designating Party, in writing, immediately and in no event more than five (5) business days after receiving the Request.  Such notification should include a copy of the Request.

65.     The Receiver also must immediately inform the party who made the Request ("Requesting Party") in writing that some or all the requested material is the subject of this Protective Order.  In addition, the Receiver must deliver a copy of this Protective Order promptly to the Requesting Party.

66.     The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information.  The Designating Party shall bear the burden and the expense of seeking protection of its Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging the Receiver in this Litigation to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the Receiver has in its possession, custody or control Confidential Information, Highly Confidential Information, or Highly Confidential – Attorneys' Eyes Only Information by the other Parties in this Litigation.

67.     Materials that have been designated as Confidential, Highly Confidential Discovery Material, or Highly Confidential – Attorneys' Eyes Only shall not be provided or disclosed to any third party in response to a request under any public records act, or any similar

federal, state or municipal law (collectively, the "Public Disclosure Laws"), and are exempt from disclosure pursuant to this Protective Order.  If a Party to this Litigation receives such a request, it shall (i) provide a copy of this Protective Order to the Requesting Party and inform it that the requested materials are exempt from disclosure and that the Party is barred by this Protective Order from disclosing them, and (ii) promptly inform the Designating Party that has produced the requested material that the request has been made, identifying the name of the Requesting Party and the particular materials sought.  If the Designating Party seeks a protective order, the Receiving Party shall not disclose such material until the Court has ruled on the request for a protective order.  The restrictions in this paragraph shall not apply to materials that (i) the Designating Party expressly consents in writing to disclosure; or (ii) this Court has determined by court order to have been improperly designated as Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only Discovery Material.  The provisions of this section shall apply to any entity in receipt of Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only Discovery Material governed by this Protective Order.  Nothing in this Protective Order shall be deemed to (1) foreclose any Party from arguing that Discovery Material is not a public record for purposes of the Public Disclosure Laws; (2) prevent any Party from claiming any applicable exemption to the Public Disclosure Laws; or (3) limit any arguments that a Party may make as to why Discovery Material is exempt from disclosure.

## XII.   HIPAA-Protected Information

68.   <u>General</u>.  Discovery in this Litigation may involve production of "Protected Health Information" as that term is defined and set forth in 45 C.F.R. § 160.103, for which special protection from public disclosure and from any purpose other than prosecuting this Action is warranted.

69.     "Protected Health Information" shall encompass information within the scope and definition set forth in 45 C.F.R. § 160.103 that is provided to the Parties by a covered entity as defined by 45 C.F.R. § 160.103 ("Covered Entities") or by a business associate of a Covered Entity as defined by 45 C.F.R. § 160.103 ("Business Associate") in the course of the Litigation, as well as information covered by the privacy laws of any individual states, as applicable.

70.     Any Party who produces Protected Health Information in this Litigation shall designate such discovery material "Confidential Protected Health Information" in accordance with the provisions of this Protective Order.

71.     Except as otherwise provided in this Protective Order or by agreement, the designation of discovery material as "Confidential Protected Health Information" shall be made at the following times: (a) for documents or things at the time of the production of the documents or things; (b) for declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of the service or filing, whichever occurs first; (c) for testimony, at the time such testimony is given by a statement designating the testimony as "Confidential Protected Health Information" made on the record or within thirty (30) days after receipt of the transcript of the deposition.

72.     The designation of discovery material as "Confidential Protected Health Information" shall be made in the following manner:  (a) on documents, by placing the notation "Confidential Protected Health Information" or similar legend on each page of such document; (b) for tangible things, by placing the notation "Confidential Protected Health Information" on the object or container thereof or if impracticable, as otherwise agreed by the Parties; (c) for declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents containing Protected Health Information, by placing the

notation "Confidential Protected Health Information" both on the face of such document and on any particular designated pages of such document; and (d) for testimony, by orally designating such testimony as being "Confidential Protected Health Information" at the time the testimony is given or by designating the portions of the transcript in a letter to be served on the court reporter and opposing Counsel within thirty (30) calendar days after receipt of the certified transcript of the deposition.

73.     Pursuant to 45 C.F.R. § 164.512(e)(1), all Covered Entities and their Business Associates (as defined in 45 C.F.R. § 160.103), or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to the Litigation to those persons and for such purposes as designated in herein.  Further, all Parties that are entities subject to state privacy law requirements, or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this Litigation to those persons and for such purposes as designated in herein.  The Court has determined that disclosure of such Protected Health Information is necessary for the conduct of proceedings before it and that failure to make the disclosure would be contrary to public interest or to the detriment of one or more Parties to the proceedings.

74.     The Parties shall not use or disclose Protected Health Information for any purpose other than the Litigation, including any appeals.  The Parties may disclose Protected Health Information to (a) Outside Counsel for the Parties in this action, (b) In-House Counsel for Parties in this action with responsibility for overseeing this Litigation, (c) the Court and its personnel, including the Discovery Commissioners appointed in this action and their assistants; (d) Court reporters; and (e) consulting and testifying experts retained specifically to provide services in this action.  No other individuals shall be permitted to access Protected Health Information, and

all parties shall institute reasonable and appropriate steps to prevent against unauthorized disclosure.

75.     No person shall, without leave of Court, use any Protected Health Information in connection with any formal or informal third-party discovery of individuals or entities revealed, including but not limited to: (a) requests to or about individuals whose records are produced and (b) requests to health care providers or administrators concerning the treatment of individuals described therein.  In sum, no person shall contact or attempt to contact any individual identified in the medical records, or their family members or medical providers or other related staff, for the purpose of obtaining additional information related to this case, without leave of Court.

76.     This Order shall not prevent a party from conducting otherwise permissible discovery relating to a person as to whom de-identified HIPAA protected health information ("PHI") has been produced in this Litigation, so long as the person about whom they are seeking such permissible discovery was identified through a non-privileged source other than HIPAA protected PHI that was produced in this Litigation.  This paragraph shall neither be construed as nor serve as a waiver of any protections or privileges to HIPAA protected PHI.

77.     In the event that any Party learns of the unauthorized disclosure of Protected Health Information subject to this order, such Party shall provide prompt notification of the breach to all Parties' Counsel, such notice to include (1) the date of the breach, (2) the circumstances of the breach, (3) the identity or identities of the unauthorized recipients, and (4) all steps taken or planned to remedy the breach.

78.     All protected health information produced pursuant to this Order has been produced solely for purposes of this litigation, and shall only be used for purposes of this litigation.

79.     Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the Parties, their Counsel, and any person or entity in possession of Protected Health Information received pursuant to this Order shall destroy or return to the Covered Entity or Business Associate such Protected Health Information.

80.     Nothing in this Order authorizes the Parties to obtain Protected Health Information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or any other lawful process.

## XIII.   Information Subject to Existing Obligation of Confidentiality Independent of this Protective Order.

81.     In the event that a Party is required by a valid discovery request to produce any information held by it subject to an obligation of confidentiality in favor of a third party, the Party shall, promptly upon recognizing that such third party's rights are implicated, provide the third party with a copy of this Protective Order and (i) inform the third party in writing of the Party's obligation to produce such information in connection with this Litigation and of its intention to do so, subject to the protections of this Protective Order; (ii) inform the third party in writing of the third party's right within fourteen (14) days to seek further protection or other relief from the Court if, in good faith, it believes such information to be confidential under the said obligation and either objects to the Party's production of such information or regards the provisions of this Protective Order to be inadequate;  (iii) seek the third party's consent to such disclosure if that third party does not plan to object; and (iv) notify the Requesting Party of the identity of the third party.  Thereafter, the Party shall refrain from producing such information for a period of fourteen (14) days in order to permit the third party an opportunity to seek relief from the Court, unless the third party earlier consents to disclosure.  If the third party fails to seek such relief, the Party shall promptly produce the information in question subject to the

protections of this Protective Order, or alternatively, shall promptly seek to be relieved of this obligation or for clarification of this obligation by the Court.

## XIV.   Miscellaneous Provisions

82.     Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

83.     Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

84.     In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Producing Party may immediately apply to obtain injunctive relief against any person violating or threatening to violate any of the terms of this Protective Order, and in the event the Producing Party shall do so, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the Producing Party possesses an adequate remedy at law.

85.     This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement of the Parties or by the Court.  Notwithstanding the right for a party to designate information "Confidential," "Highly Confidential," or "Highly Confidential – Attorneys' Eyes Only Information," nothing in this Protective Order requires any party to disclose information that waives any privilege, including but not limited to attorney-client privilege, law enforcement privilege, peer review privilege, or that requires any party to disclose information that is

protected from disclosure by law or that requires authorization of non-parties to this Litigation, such as state or U.S. Government agencies.

86.     The Parties may, from time to time, during the pendency of this litigation, seek amendment to this Protective Order.  The Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this Litigation.

87.     Notwithstanding any other provision in the Order, nothing in this Protective Order shall preclude access to information by (a) employees of Defendants who are involved with the receipt, review, evaluation, and/or reporting of adverse event reports and other patient-related information to governmental and regulatory agencies to whom Defendants are legally obligated to report such information and (b) the governmental and regulatory agencies to whom Defendants are legally obligated to report such information.  Defendants will notify the Producing Party as soon as practicable when confidential documents produced by the Producing Party might be provided to appropriate regulatory agencies pursuant to (b).

88.     This Order is entered based on the representations of the Parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as Confidential, Highly Confidential, or Highly Confidential – Attorneys' Eyes Only by Counsel or the Parties is subject to protection until such time as the Court may rule on a specific document or issue.

**IT IS SO ORDERED.**
**Enter:** July 29, 2020

By: <u>Christopher C. Wilkes</u>
    Discovery Commissioner

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**IN RE: OPIOID LITIGATION**                                    **CIVIL ACTION NO. 19-C-9000**

THIS DOCUMENT APPLIES TO ALL CASES

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the Circuit Court of Kanawha County on _____,

2020 in *In re: Opioid Litigation*, Civil Action No. 19-C-9000 (the "Protective Order").

I agree to comply with and to be bound by all the terms of the Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to the Protective Order to any person or entity except in

strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the Circuit Court of Kanawha County for

the purposes of enforcing terms of the Protective Order, even if such enforcement proceedings

occur after termination of these proceedings.

Date:_____

City & State Where Signed:_____

Printed Name:_____

Signature:_____