UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01665 |

**ORDER PROVIDING FOR USE OF THIRD-PARTY DISCOVERY
IN RELATED STATE COURT LITIGATION**

1.    To realize efficiencies in discovery, all third-party documents, deposition testimony, and other materials that have been (or will be) produced or elicited and made available to the parties in these cases[1] — including without limitation all third-party documents, deposition testimony, and other materials produced or elicited in Tracks 1 and 2 of the federal

---

[1] "These cases" refers to *City of Huntington & Cabell County Commission v. AmerisourceBergen Drug Corp. et al.*, Civil Action Nos. 17-01362 & 17-01665 (S.D. W. Va.).

MDL Litigation[2] and made available to the parties in these cases — may be used by the parties in the Mass Litigation Panel opioid litigation pending in the Circuit Court of Kanawha County, West Virginia ("MLP Litigation"),[3] provided that all such materials shall be governed by the Stipulated Protective Order in the MLP Litigation.[4]  This Order is intended to assist in effectuating the Third-Party Discovery Protocol entered in the MLP Litigation.[5]

2. Within 14 days of entry of this Order, Defendants in these cases shall serve (either personally or via certified mail, Federal Express, or UPS) a copy of the Order on each third party that has produced materials (including documents and testimony) that (a) fall within the parameters described in Paragraph 1 above and (b) have been produced with a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  Such service shall be accompanied by correspondence summarizing the terms of this Order and specifically advising each third party of its obligation to file any objection within 10 days of service of this Order (as described in Paragraph 3 below). Such service shall also be accompanied by a copy of the Stipulated Protective Order entered in the MLP Litigation.

3. Any third party that objects to use (in the MLP Litigation) of any materials it has designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL

---

[2] *In re: National Prescription Opiate Litigation*, MDL No. 2804, Case No. 17-MD-2804 (N.D. Ohio).

[3] *In re: Opioid Litigation*, Civil Action No. 19-C-9000, Circuit Court of Kanawha County, West Virginia.

[4] Stipulated Protective Order, *In re: Opioid Litigation*, Civil Action No. 19-C-9000, Circuit Court of Kanawha County, West Virginia, July 30, 2020 (Trans ID 65810931).

[5] Third-Party Discovery Protocol, *In re: Opioid Litigation*, Civil Action No. 19-C-9000, Circuit Court of Kanawha County, West Virginia, Sept. 29, 2020 (Trans. ID 65972930).

— ATTORNEYS' EYES ONLY," shall, within 10 days of service of this Order, file a written objection with the Court.  Any such objection must explain with specificity why the interests of efficiency and judicial economy would be better served if Defendants were required to re-subpoena third parties in the MLP Litigation for the same materials that have already been produced in this litigation.

4. Consistent with the procedures outlined above, any third-party documents designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in these cases may not be used in the MLP Litigation unless and until either (a) 10 days have passed without objection following service of this Order on the applicable third party or (b) the Court has resolved any objection timely filed by the applicable third party.[6]

**SO ORDERED.**

Dated: _____          _____

                                      Honorable David A. Faber
                                      United States District Judge

---

[6] To the extent that certain third-party documents are re-produced with confidentiality designations and/or redactions in the MLP Litigation because they were successfully clawed back on a good-faith basis in these cases, the parties in the MLP Litigation shall use the versions of such documents re-produced in the MLP Litigation.