# Exhibit 13

Highly Confidential - Subject to Further Confidentiality Review

Page 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL | ) | |
| PRESCRIPTION | ) | MDL No. 2804 |
| OPIATE LITIGATION | ) | |
| _____ | ) | Case No. |
| | ) | 1:17-MD-2804 |
| | ) | |
| THIS DOCUMENT RELATES | ) | Hon. Dan A. |
| TO ALL CASES | ) | Polster |

FRIDAY, JUNE 28, 2019

HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
CONFIDENTIALITY REVIEW

- - -

Videotaped deposition of Ronald W. Buzzeo, R.Ph., held at the offices of Williams Mullen, 200 South 10th Street, Suite 1600, Richmond, Virginia, commencing at 9:08 a.m., on the above date, before Carrie A. Campbell, Registered Diplomate Reporter and Certified Realtime Reporter.

- - -

GOLKOW LITIGATION SERVICES
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

Highly Confidential - Subject to Further Confidentiality Review

Page 2

```
 1      APPEARANCES:
 2
        KELLER ROHRBACK LLP
 3      BY: DEREK W. LOESER
           dloeser@kellerrohrback.com
 4         DAVID J. KO
           dko@kellerrohrback.com
 5         DEAN KAWAMOTO
           dkawamoto@kellerrohrback.com
 6      1201 Third Avenue, Suite 3200
        Seattle, Washington 98101
 7      (206) 623-1900
 8
        SIMMONS HANLY CONROY LLC
 9      BY: JAYNE CONROY
           jconroy@simmonsfirm.com
10         LAURA FITZPATRICK
           lfitzpatrick@simmonsfirm.com
11         (VIA REALTIME STREAM)
           SANFORD SMOKLER
12         (VIA REALTIME STREAM)
        112 Madison Avenue, Seventh Floor
13      New York, New York 10016
        (212) 784-6400
14
15      WEISMAN KENNEDY & BERRIS CO., L.P.A.
        BY: DANIEL P. GOETZ
16         dgoetz@weismanlaw.com
           (VIA REALTIME STREAM)
17      101 West Prospect Avenue
        Cleveland, Ohio 44115
18      (216) 781-1111
        Counsel for Plaintiffs
19
20      NAPOLI SHKOLNIK, PLLC
        BY: HUNTER J. SHKOLNIK
21         hunter@napolilaw.com
           (VIA TELECONFERENCE)
22      360 Lexington Avenue, 11th Floor
        New York, New York 10017
23      (212) 397-1000
        Counsel for Cuyahoga County
24
25
```

Page 3

```
 1      ROPES & GRAY LLP
        BY: WILLIAM DAVISON
 2         william.davison@ropesgray.com
           ANDREW O'CONNOR
 3         andrew.o'connor@ropesgray.com
           CASSANDRA A. LARUSSA
 4         cassandra.larussa@ropesgray.com
        800 Boylston Street
 5      Boston, Massachusetts 02199-3600
        (617) 951-7000
 6      Counsel for Mallinckrodt & SpecGx
 7
        WILLIAMS & CONNOLLY LLP
 8      BY: JENNIFER G. WICHT
           jwicht@wc.com
 9      725 Twelfth Street, N.W.
        Washington, DC 20005
10      (202) 434-5331
        Counsel for Cardinal Health, Inc.
11
12      DECHERT LLP
        BY: ERIK W. SNAPP
13         erik.sapp@dechert.com
        35 West Wacker Drive, Suite 3400
14      Chicago, Illinois 60601
        (312) 646-5800
15      Counsel for Purdue Pharma
16
        ZUCKERMAN SPAEDER LLP
17      BY: PAUL B. HYNES, JR.
           phynes@zuckerman.com
18      1800 M Street NW, Suite 1000
        Washington, DC 20036-5807
19      (202) 778-1800
        Counsel for CVS Indiana, LLC, and
20      CVS RX Services, Inc.
21
        MARCUS & SHAPIRA LLP
22      BY: DARLENE M. NOWAK
           nowak@Marcus-Shapira.com
23      301 Grant Street, 35th Floor
        Pittsburgh, Pennsylvania 15219-6401
24      (412) 338-4690
        Counsel for HBC
25
```

Page 4

```
 1      KIRKLAND & ELLIS LLP
        BY: CATIE VENTURA
 2         catie.ventura@kirkland.com
        1301 Pennsylvania Avenue, N.W.
 3      Washington, DC 20004
        (202) 389-5000
 4      Counsel for Allergan Finance, LLC
 5
        O'MELVENY & MYERS LLP
 6      BY: ZHAO LIU
           zliu@omm.com
 7      1625 Eye Street, NW
        Washington, DC 20006
 8      (202) 383-5300
        Counsel for Johnson & Johnson and
 9      Janssen
10
        LOCKE LORD LLP
11      BY: BRANDAN MONTMINY
           brandan.montminy@lockelord.com
12      2200 Ross Avenue, Suite 2800
        Dallas, Texas 75201
13      (214) 740-8445
        Counsel for Henry Schein, Inc., and
14      Henry Schein Medical Systems, Inc.
15
        JONES DAY
16      BY: TARA A. FUMERTON
           tfumerton@jonesday.com
17         (VIA TELECONFERENCE)
        77 West Wacker
18      Chicago, Illinois 60601-1692
        (312) 782-3939
19      Counsel for Walmart
20
        COVINGTON & BURLING LLP
21      BY: ALISON DICIURCIO
           (VIA TELECONFERENCE)
22         ALEXANDRIA WIDAS
           awidas@cov.com
23         (VIA REALTIME STREAM)
        850 Tenth Street, NW
24      Washington, DC 20001-4956
        (202) 662-6000
25      Counsel for McKesson Corporation
```

Page 5

```
 1      MORGAN, LEWIS & BOCKIUS LLP
        BY: MAUREEN K. BARBER
 2         maureen.barber@morganlewis.com
           (VIA TELECONFERENCE)
 3      One Oxford Centre, 32nd Floor
        Pittsburgh, Pennsylvania 15219-6401
 4      (412) 560-7463
        Counsel for Teva Pharmaceuticals
 5      USA, Inc., Cephalon, Inc., Watson
        Laboratories, Inc., Actavis LLC,
 6      Actavis Pharma, Inc., f/k/a Watson
        Pharma, Inc.
 7
        MORGAN, LEWIS & BOCKIUS LLP
 8      BY: JOHN P. LAVELLE, JR.
           john.lavelle@morganlewis.com
 9         (VIA TELECONFERENCE)
        1701 Market Street
10      Philadelphia, Pennsylvania 19103-2921
        (215) 963-5000
11      Counsel for Rite Aid
12
13      FOLEY & LARDNER LLP
        BY: GREGORY N. HEINEN
14         gheinen@foley.com
           (VIA TELECONFERENCE)
15      777 East Wisconsin Avenue
        Milwaukee, WI 53202-5306
16      (414) 271-2400
        Counsel for Anda
17
18      FOX ROTHSCHILD LLP
        BY: ZACHARY MARTIN
19         Zmartin@foxrothschild.com
           (VIA TELECONFERENCE)
20      2700 Kelly Road, Suite 300
        Warrington, Pennsylvania 18976-3624
21      (215) 345-7500
        Counsel for Prescription Supply, Inc.
22
23
24
25
```

Case: 1:17-md-02804-DAP Doc #: 2204-1 Filed: 08/13/19 4 of 6. PageID #: 337435
Case 3:17-cv-01362 Document 1408-30 Filed 10/23/20 Page 4 of 6 PageID #: 34418

Highly Confidential - Subject to Further Confidentiality Review

Page 6

```
 1    BARNES & THORNBURG LLP
      BY:  ALYSSA C. HUGHES
 2        ahughes@btlaw.com
          (VIA TELECONFERENCE)
 3    11 South Meridian Street
      Indianapolis, Indiana  46204-3535
 4    (317) 236-1313
      Counsel for HD Smith
 5
 6    BAILEY WYANT PLLC
      BY:  JOHN FULLER
 7        jfuller@baileywyant.com
          (VIA REALTIME STREAM)
 8    500 Virginia Street East, Suite 600
      Charleston, West Virginia 25301
 9    (304) 345-4222
      Counsel for West Virginia Board of
10    Pharmacy
11
12    VIDEOGRAPHER:
          DEVYN MULHOLLAND,
13        Golkow Litigation Services
14
                   ---
15
```

Page 7

```
 1                 INDEX
 2                                      PAGE
 3    APPEARANCES................................  2
 4    EXAMINATIONS
 5        BY MR. LOESER............................ 11
 6        BY MR. DAVISON........................... 455
 7
 8              EXHIBITS
 9    No.   Description                      Page
10    Buzzeo 1   Plaintiffs' Notice of Oral    14
               Videotaped Expert Deposition of
11             Ronald Buzzeo
12    Buzzeo 2   Mallinckrodt's Anti-Diversion  15
               Program: Selected Highlights
13
      Buzzeo 3   Ronald Buzzeo invoice         16
14
      Buzzeo 4   Expert Report of Ronald W.    69
15             Buzzeo, R.Ph. May 31, 2019
16    Buzzeo 5   Ronald W. Buzzeo, R.Ph.       72
               Curriculum vitae
```

Page 8

```
 1             VIDEOGRAPHER:  We are now on
 2    the record.
 3             My name is Devyn Mulholland.
 4    I'm a videographer with Golkow
 5    Litigation Services.
 6             Today's date is June 28, 2019.
 7    The time is 9:08 a.m.
 8             This video deposition is being
 9    held in Richmond, Virginia in the
10    matter of National Prescription Opiate
11    Litigation.
12             The deponent is Ronald Buzzeo.
13             Counsel, please identify
14    yourselves for the record.
15             MR. LOESER:  Derek Loeser for
16    the plaintiffs.
17             MR. KAWAMOTO:  Dean Kawamoto
18    for the plaintiffs.
19             MR. KO:  David Ko, also on
20    behalf of the plaintiffs.
21             MS. CONROY:  Jayne Conroy,
22    plaintiffs.
23             MR. LIU:  Zhao Liu, O'Melveny &
24    Myers on behalf of Johnson & Johnson
25    and Janssen.
```

Page 9

```
 1             MS. NOWAK:  Darlene Nowak,
 2    Marcus & Shapira, on behalf of HBC
 3    Services.
 4             MR. MONTMINY:  Brandan Montminy
 5    on behalf of Henry Schein defendant.
 6             MR. SNAPP:  Erik Snapp on
 7    behalf of the Purdue defendants.
 8             MR. HYNES:  Paul Hynes on
 9    behalf of CVS, Indiana LLC and CVS RX
10    Services, Inc.
11             MS. WICHT:  Jennifer Wicht on
12    behalf of Cardinal Health.
13             MS. VENTURA:  Catie Ventura on
14    behalf of the Allergan defendants.
15             MR. O'CONNOR:  Andrew O'Connor
16    on behalf of Mallinckrodt LLC and
17    SpecGx.
18             MS. LARUSSA:  Cassandra LaRussa
19    on behalf of Mallinckrodt and SpecGx.
20             MR. DAVISON:  William Davison
21    on behalf of Mallinckrodt LLC and
22    SpecGx.
23             THE WITNESS:  I'm Ron Buzzeo.
24             VIDEOGRAPHER:  The court
25    reporter is Carrie Campbell, who will
```

Case 3:17-cv-01362 Document 1408-20 Filed 10/23/20 Page 5 of 6 PageID #: 34419
Case: 1:17-md-02804-DAP Doc #: 2264-1 Filed: 08/13/19 5 of 6. PageID #: 357436

Highly Confidential - Subject to Further Confidentiality Review

| Page 434 | Page 436 |
|---|---|
| 1 they had a system in place, and they reported | 1 Q. And so, sir, you did not review |
| 2 suspicious orders. | 2 the actual orders that Mallinckrodt received |
| 3 Q. And the system was effective. | 3 in this time period; is that correct? |
| 4 Does that mean that it reported all of the | 4 A. No, I did -- not the orders. I |
| 5 suspicious orders? | 5 looked at the process. |
| 6 A. It means they reported -- | 6 Q. And, sir, if you look at |
| 7 MR. DAVISON: Objection. | 7 paragraph 147 of your report, you state, "It |
| 8 Go ahead. | 8 is my opinion that Mallinckrodt's suspicious |
| 9 THE WITNESS: It means they | 9 order monitoring system was sufficient and |
| 10 reported suspicious orders. | 10 effective to detect and report suspicious |
| 11 QUESTIONS BY MR. LOESER: | 11 orders to DEA from 2012 through 2018." |
| 12 Q. So maybe they reported some | 12 A. Correct. |
| 13 suspicious orders? | 13 Q. So are you saying, sir, that |
| 14 A. I didn't say that. You said | 14 Mallinckrodt reported all the suspicious |
| 15 that. | 15 orders that it received in that time period? |
| 16 MR. DAVISON: Objection. | 16 A. Mallinckrodt's suspicious order |
| 17 QUESTIONS BY MR. LOESER: | 17 monitoring system was sufficient to detect -- |
| 18 Q. Well, is that your opinion? | 18 was effective to detect and report suspicious |
| 19 A. My opinion is they reported | 19 orders. They reported the suspicious orders |
| 20 suspicious orders. | 20 that they identified. |
| 21 Q. So you don't know whether they | 21 Q. Did they report all of the |
| 22 reported some or all of the orders? | 22 orders? |
| 23 MR. DAVISON: Objection. | 23 MR. DAVISON: Objection. |
| 24 THE WITNESS: I do know, based | 24 THE WITNESS: They reported |
| 25 upon what I said here. I don't know | 25 every suspicious order. |

| Page 435 | Page 437 |
|---|---|
| 1 what else to say. They reported | 1 QUESTIONS BY MR. LOESER: |
| 2 suspicious orders. | 2 Q. Okay. And how do you define |
| 3 QUESTIONS BY MR. LOESER: | 3 sufficient? |
| 4 Q. It seems like a simple | 4 A. Based upon my evaluation, the |
| 5 question. Did they report all of them or | 5 program was able to detect and report |
| 6 some of them? | 6 excessive orders. |
| 7 MR. DAVISON: Objection. He's | 7 Q. And how do you define |
| 8 answered your question. | 8 effective? |
| 9 THE WITNESS: It is my opinion | 9 A. That they were reporting |
| 10 that Mallinckrodt's suspicious order | 10 suspicious orders. |
| 11 monitoring system was sufficient and | 11 Q. And in forming this opinion for |
| 12 effective, sufficient and effective, | 12 the 2012 through 2018 time period, did you |
| 13 to detect and report suspicious orders | 13 review any of the orders that Mallinckrodt |
| 14 to the DEA in the 2010-2011 time | 14 actually received and shipped? |
| 15 period. | 15 A. When you're looking at the |
| 16 QUESTIONS BY MR. LOESER: | 16 process and the material, you don't have to |
| 17 Q. In forming this opinion, did | 17 actually look at orders. Because looking at |
| 18 you evaluate the orders received and shipped | 18 an individual order or a thousand orders or |
| 19 by Mallinckrodt during this time period? | 19 something is not really going to tell you |
| 20 A. I evaluated the documents that | 20 whether something is suspicious or not. |
| 21 you're aware of, the depositions, the | 21 So you're looking at the |
| 22 operating procedures I looked at, reports I | 22 process. You have the process in place to |
| 23 looked at, and I came to my decision that | 23 look at the orders to make a determination. |
| 24 Mallinckrodt's program met the regulatory | 24 That's what I looked at. I |
| 25 requirements. | 25 looked at the regulation. I looked at the |

Case 3:17-cv-01362 Document 1408-30-1 Filed 10/23/20 Page 6 of 6 PageID #: 34420
Case 1:17-md-02804-DAP Doc #: 2204-1 Filed: 08/13/19 6 of 6. PageID #: 357437

Highly Confidential - Subject to Further Confidentiality Review

|  | Page 438 |  | Page 440 |
|---|---|---|---|
| 1 | guidance letters, industry experience, my | 1 | QUESTIONS BY MR. LOESER: |
| 2 | experience, to make that determination. | 2 | Q. Her question is my question. |
| 3 | Q. If you could turn to | 3 | A. Okay. Yeah. I'm saying -- I |
| 4 | paragraph 153 of your report. | 4 | was waiting if you were going to say anything |
| 5 | A. 153, yes. | 5 | else. |
| 6 | Q. This is your opinion with | 6 | Yes, what I state here. |
| 7 | regard to the McCann and Keller | 7 | Q. And you've read the Rafalski |
| 8 | methodologies. | 8 | report? |
| 9 | Do you see that? | 9 | A. Yes. |
| 10 | A. Yes. | 10 | Q. Did you read the entire report? |
| 11 | Q. And why don't you take a | 11 | A. Yes. |
| 12 | second -- or a minute to review that, and | 12 | Q. And you read the entire McCann |
| 13 | I'll ask you a few questions about that | 13 | report? |
| 14 | paragraph. | 14 | A. Yes. |
| 15 | A. Yes. | 15 | Q. And you read the entire Keller |
| 16 | Q. Have you had a chance to review | 16 | report? |
| 17 | that paragraph? | 17 | A. Yes. |
| 18 | A. Yes. Yes. Thank you. | 18 | Q. And you specifically -- |
| 19 | Q. In paragraph 153, you claim | 19 | according to the footnotes here, you |
| 20 | that the five methodologies utilized by | 20 | specifically reviewed certain portions of the |
| 21 | McCann and Keller are pulled from | 21 | Rafalski report which you identify as -- in |
| 22 | Mr. Rafalski's expert report, and no reason | 22 | footnotes 199 and 200; is that correct? |
| 23 | is given as to why any of these methodologies | 23 | MR. DAVISON: Objection. |
| 24 | would be appropriate for any particular | 24 | THE WITNESS: Yeah, I read the |
| 25 | defendant; is that right? | 25 | Rafalski report. |

|  | Page 439 |  | Page 441 |
|---|---|---|---|
| 1 | A. Correct. | 1 | QUESTIONS BY MR. LOESER: |
| 2 | Q. And you've reviewed each of | 2 | Q. Okay. And so the references to |
| 3 | these methodologies in detail? | 3 | page 40 and 41, what are you saying, that you |
| 4 | A. I reviewed the reports. | 4 | in fact read the entire report? |
| 5 | Q. And your testimony is that | 5 | A. I -- that report I read. |
| 6 | Mr. Rafalski does not identify why it would | 6 | Q. And is your opinion about the |
| 7 | be appropriate to utilize any of these | 7 | Rafalski report based upon pages 40 and 41 of |
| 8 | methodologies? | 8 | his report? |
| 9 | A. Correct. | 9 | MR. DAVISON: Objection. |
| 10 | Q. You also state in paragraph 154 | 10 | THE WITNESS: Yes. |
| 11 | that Mr. Rafalski, without any analysis, | 11 | QUESTIONS BY MR. LOESER: |
| 12 | simply adopts the analyses of both Dr. McCann | 12 | Q. Okay. Is it based on any other |
| 13 | and Ms. Keller and contends that each of the | 13 | part of his report? |
| 14 | flagged orders is, in fact, suspicious; is | 14 | A. I looked at the rest of the |
| 15 | that correct? | 15 | report. I don't recall now whether I used |
| 16 | A. Where are you? Let me read | 16 | some of that or not, but I did read the |
| 17 | 154. | 17 | entire report. And out of that, I pulled out |
| 18 | Q. Okay. | 18 | what I thought was important. |
| 19 | A. Okay. | 19 | Q. And you also cite portions of |
| 20 | MR. LOESER: So could you read | 20 | the Keller report and the McCann report; is |
| 21 | the question back, please? | 21 | that correct? |
| 22 | (Court Reporter read back | 22 | A. Yes. |
| 23 | question.) | 23 | Q. And you provide particular page |
| 24 | THE WITNESS: You want me to | 24 | citations for the portions that support your |
| 25 | respond to her question or... | 25 | opinion? |