IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01665 |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY REGARDING
DEFENDANTS' CORPORATE CONDUCT**

    Defendants seek to exclude improper expert testimony on three points: (1) testimony that merely restates factual information found in documents, (2) testimony regarding Defendants' knowledge, intent or state of mind, and (3) testimony regarding Defendants' corporate ethics, responsibilities or duties. Plaintiffs' Opposition concedes the first point and has no effective answer to the considerable case law in this District supporting Defendants' position on the second and third points.

**I.   Plaintiffs Concede That Their Experts Cannot Simply Restate Factual Information Found In Documents**

Defendants seek to exclude expert testimony that merely restates facts found in documents. Mem. Supp. Defs. Mot. Exclude Expert Test. Defs. Corp. Conduct, Dkt. No. 1044 ("Mem.") at 4-6. This is based on the established principle that an expert witness may not "merely regurgitat[e] factual information that is better presented directly to the jury rather than through the testimony of an expert witness." *Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2680842, at *5 (S.D.W. Va. July 8, 2011) (Copenhaver, J.).

Plaintiffs concede this point. They acknowledge that "an expert must do more than simply construct a factual narrative based on record evidence." Pls. Mem. Opp. Defs. Mot. Exclude Expert Test. Defs. Corp. Conduct, Dkt. No. 1103 ("Opp.") at 6. That is precisely the point of Defendants' first request for relief. Mem. 9.

This is of course different from whether an expert can "testify as to the facts relied upon in forming his opinions." Opp. 6. Defendants do not seek to exclude such testimony. Instead, what Defendants seek to exclude, and what Plaintiffs have conceded is properly excluded, is testimony that merely restates factual material found in documents or simply describes facts. That is not proper expert testimony under Rule 702. *See Hines*, 2011 WL 2680842, at *5.

**II.   Plaintiffs Do Not Distinguish the Settled Law Barring Expert Testimony Regarding Defendants' Knowledge, Intent, or State of Mind**

Defendants' opening brief quoted Judge Goodwin's holding that a defendant's "knowledge, state of mind, alleged bad acts, failures to act, or other matters related to corporate conduct and ethics are not appropriate subjects of expert testimony." *In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 611 (S.D.W. Va. 2013). *See also Hall v. Boston Sci. Corp.*, No. 2:12-CV-08186, 2015 WL 868907, at *4 (S.D.W. Va. Feb. 27, 2015) (Goodwin, J.) ("I will not permit the parties to use experts to usurp the jury's fact-finding function by allowing an expert to testify as to a party's

2

state of mind or on whether a party acted reasonably."). *Accord In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (precluding testimony as to "the knowledge, motivations, intent, state of mind, or purposes of" a company and its employees because it "is not a proper subject for expert or even lay testimony").

Plaintiffs do not distinguish these cases and the principle they reflect. They instead attempt to draw an untenable distinction (unsupported by any cases) between speculating about a party's state of mind and having "objective" knowledge. Opp. 10-12 (acknowledging that an expert cannot "engage in speculation regarding Defendants' state of mind" but asserting that an expert *can* testify on these subjects if "the evidence objectively demonstrates that knowledge or intent" or if the expert has a "well-founded factual observation" or if his "statement was well-founded" or was a "factual statement"). That is simply not the law. The question is not the quality of the evidence supporting the expert's opinion. Rather, as *Bard* makes clear, expert testimony on "knowledge, state of mind, alleged bad acts, failures to act, or other matters related to corporate conduct and ethics ***are not appropriate subjects of expert testimony***." 948 F. Supp. 2d at 611 (emphasis added). No matter whether the expert purports to have "evidence" or a "well founded factual observation," the case law makes clear that an expert cannot testify on a defendant's knowledge, state of mind or intent. *Accord In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) ("Inferences about the intent or motive of parties or others ***lie outside the bounds of expert testimony***.") (emphasis added).

### III. Plaintiffs Do Not Distinguish the Settled Law Barring Expert Testimony Regarding Defendants' Corporate Ethics or Responsibility

In *Bard*, the court excluded proposed expert testimony that "patient safety…should have been the highest priority for Bard, not the 'first to be cut[,]'" and that "Bard acted irresponsibly." 948 F. Supp. 2d at 610-11. That is almost identical to the expert testimony that Plaintiffs offer

3

here. Dr. Kolodny, for instance, opines that Defendants were "reckless and irresponsible, "recklessly ignored" information, showed "blatant disregard for public health and safety," and "refused to take responsibility." Mem. 8 (quoting Kolodny report). Dr. Siegel opines on Defendants' "public health responsibility," and Dr. Mohr describes duties for "[a]ny company that participates in marketing a product." Mem. 8-9 (quoting Siegel and Mohr reports). This is not, contrary to what Plaintiffs suggest, "testimony on compliance with industry standards." Opp. 14. These are rather statements of "[p]ersonal views on corporate ethics and morality [that] are not expert opinions." *In re: Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1053 (D. Minn. 2007). As the court stated in *Baycol*, an expert "may not infuse his personal views as to whether [the defendant] acted ethically, irresponsibly or recklessly." *Id.* at 1054. In a previous case, Dr. Siegel's opinions related to the "general duty of care that any company would be expected to fulfill" were accordingly excluded by the court because "[t]here is no special expertise necessary to make these determinations." *In re E.I. Du Pont De Nemours & Co.*, 345 F. Supp. 3d 897, 914-15 (S.D. Ohio 2015).

Notably, Plaintiffs do not mention or distinguish the holdings in *Bard* or *Baycol*. *See* Opp. 13-18. And those cases demonstrate Defendants' entitlement to relief barring expert testimony on corporate ethics or social responsibility. Plaintiffs' argument that these are not merely "personal opinions" misses the point that expert testimony on the subject of corporate ethics or social responsibility is not proper expert testimony under Rule 702.

**IV. Defendants' Requested Relief Would Provide the Parties with Appropriate Guidance and Streamline Trial Objections**

As described above and in Defendants' motion, trial courts regularly apply and enforce the relief requested by Defendants. The three specified areas of improper expert testimony are sufficiently clear that confusion is unlikely. If disputes do arise as to the scope of proper testimony,

4

those disputes can be adequately addressed at trial with the benefit of the Court's guidance. Granting Defendants' motion would also significantly streamline objections and trial itself, as Defendants' would not need to cross examine each of Plaintiffs' experts on a purely factual record, on the alleged state of mind of Defendants at various points in time, or on the contours of general "responsibility" opinions.

## V. Conclusion

For the foregoing reasons, and those stated in Defendants' opening brief, the Court should exclude expert testimony in three areas:

1. Testimony that merely restates factual information found in documents.
2. Testimony regarding Defendants' knowledge, intent or state of mind.
3. Testimony regarding Defendants' corporate ethics or responsibilities or duties.

Dated: October 30, 2020

Respectfully submitted,

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

/s/ Jeffrey M. Wakefield
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*Counsel for McKesson Corporation*

/s/ Gretchen M. Callas
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

/s/ Steven R. Ruby
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234

6

Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com
jwicht@wc.com

*Counsel for Cardinal Health, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 30th day of October, 2020, the foregoing **Reply Memorandum in Support of Defendants' Motion to Exclude Expert Testimony Regarding Corporate Conduct** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy C. Hester*
Timothy C. Hester
