**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
|      Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|      Defendants. | |
| ———————————————— | |
| CABELL COUNTY COMMISSION, | |
|      Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|      Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION**
**TO EXCLUDE THE EXPERT TESTIMONY OF ANDREW KOLODNY**

Plaintiffs' Opposition misses the point.  The issue presented here is not a scientific methodology or technique subject to exclusion under *Daubert* standards.  Rather, the issue is that Rule 702 bars Dr. Kolodny's opinions on the five points at issue in this motion because he is offering opinions on subjects far outside any "scientific, technical, or other specialized knowledge."

Rule 702 does not permit an expert to offer opinions on subjects beyond the bounds of his expertise and outside the bounds of "specialized knowledge."[1]   And Plaintiffs virtually acknowledge that is what Dr. Kolodny is doing.  They describe him multiple times as a "policy advocate."  Pls. Mem. Opp. Defs. Mot. Exclude Expert Test. Andrew Kolodny, Dkt. No. 1099 ("Opp.") at 1, 10, 14.  They acknowledge that Dr. Kolodny is not offered as "an expert on the anti-diversion laws or regulations applicable to Defendants," Opp. 12, and that it "took this lawsuit" for Dr. Kolodny to fully understand the role of distributors.  Opp. 11.  They say that "Dr. Kolodny does not need to be an expert on distribution or a lobbyist," Opp. 3, even though he purports to offer expert opinions on these subjects.  They assert that his role is to "explain how the many parts come together."  Opp. 2.  But this is not the proper role of an expert and it is not the proper subject of expert testimony.   Rule 702 precludes expert testimony outside the scope of "scientific, technical, or other specialized expertise," and on these five points Dr. Kolodny is not serving in that role but rather as an "advocate," using Plaintiffs' own terminology.[2]

---

[1] *Free v. Bondo-Mar-Hyde Corp.*, 25 F. App'x 170, 172 (4th Cir. 2002) (affirming the exclusion of testimony because highly credentialed expert nevertheless lacked knowledge of specific matters essential to subject of his opinion); *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999) ("A reliable expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods."); *Rheinfrank v. Abbott Labs., Inc.*, 680 F. App'x 369, 380 (6th Cir. 2017) (affirming exclusion of testimony on regulatory issues by neurologist, geneticist, and epidemiologist, and noting that "several other courts have similarly limited the testimony of medical experts to questions within their specialized medical ken"); *Smith v. Wyeth-Ayerst Labs. Co.*, 278 F. Supp. 2d 684, 697–98 (W.D.N.C. 2003) (barring physicians' purported expert testimony because "any expert, including physicians, must have the specialized knowledge or skill in the specific area in which the testimony is proffered").

[2] Other portions of Kolodny's proposed testimony are addressed by separate motions related to corporate conduct and marketing causation.  The multiple *Daubert* briefs filed against Kolodny reflect the sprawling length, subject matter, and impropriety of his 114-page report, unique among Plaintiffs' disclosed experts.

## I.     Dr. Kolodny's Report Improperly Cites and Applies Legal Standards

Plaintiffs assert that Defendants have "recast Dr. Kolodny's testimony as being about law, not public health." Opp. 7. But Plaintiffs disregard the plain text of Kolodny's report. The first page of Dr. Kolodny's report quotes and purports to apply the Restatement (Second) of Torts. Ex. 1, Report at 1. Drawing on the Restatement's definition of a "public nuisance," Dr. Kolodny states that he sought to determine whether Defendants' conduct "was a substantial factor in causing an unreasonable interference with rights common to the general public." *Id*. And he provides "legal definitions" for a ***public nuisance***. *Id*. Dr. Kolodny's words are those of a lawyer, not those of a public health professional. *See U. S. v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) (citing *U.S. v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002)) ("We identify improper legal conclusions by determining whether 'the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular.'").

This is not proper expert testimony, and it is far outside the bounds of what Rule 702 permits. *McIver*, 470 F.3d at 562 ("[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible"). Dr. Kolodny is not a legal expert, and he should not be permitted to provide his opinions on legal conclusions and legal standards.

## II.    Dr. Kolodny's Purported "Prudent Distributor" Standard is Not Reliable

At his deposition, Dr. Kolodny was asked "And where do you develop that standard on prudent distributors? Where do you get that?" To which he responded, "Well, I don't think you need to take a class or got to -- or even earn a degree on what a prudent distributor of narcotics should do." Ex. 2, Dep. at 241:2-7.

Dr. Kolodny was not, as Plaintiffs argue (Opp. 9), saying that his standard arose from experience outside of classroom study. He was instead saying that his "prudent distributor"

standard had no basis aside from what he felt ***was obvious***.  This is an acknowledgement that his opinion is not based on "specialized knowledge" and is outside the permissible scope of Rule 702. "This is the type of 'subjective, conclusory approach that cannot reasonably be assessed for reliability' and that Rule 702 is designed to exclude."  *In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 604–05 (S.D.W. Va. 2013) (Goodwin, J.) (excluding expert opinion that was "based on nothing more than her personal, unscientific observation and opinion that 'it's obvious'").  Plaintiffs themselves effectively concede that Dr. Kolodny's "prudent distributor" opinions are outside the scope of Rule 702, because they argue that he "does not need to be an expert on distribution or a lobbyist" to opine on such issues. Opp. 3.

Plaintiffs miss the point in mischaracterizing Defendants' position as an argument "that because Dr. Kolodny's opinions are personally held they cannot be expert opinions."  Opp. 11. The flaw in Kolodny's "prudent distributor" opinions is that they are ***only*** personal opinions and have no objective basis.  *See Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2680842, at *5 (S.D.W. Va. July 8, 2011) ("[T]he court cannot find that the proposed testimony is anything more than a personal belief or opinion.").

## III.    Plaintiffs Acknowledge that Dr. Kolodny is Not an Expert on Suspicious Order Monitoring

Despite the multiple pages of Dr. Kolodny's report discussing Defendants' regulatory programs and regulatory compliance, Plaintiffs now state they are "not offering Dr. Kolodny as an expert on the anti-diversion laws or regulations applicable to Defendants, nor to opine on whether Defendants complied with their obligations under the Controlled Substances Act."  Opp. 12.  They say instead that Dr. Kolodny will offer expert testimony on these subjects based purely on "what others have found and said about Defendants' compliance."  Opp. 12.  This is not proper expert testimony and is outside the scope of Rule 702.  *See Hershberger v. Ethicon Endo-Surgery, Inc.*,

No. 2:10-CV-00837, 2012 WL 524442, at *8 (S.D.W. Va. Feb. 15, 2012) (Johnston, J.) (excluding expert's opinion that was not based on his experience or education, but rather was based on other experts' testimony and the defendant's corporate documents).[3]

Since Plaintiffs concede that Dr. Kolodny is not an expert on Defendants' regulatory programs and compliance, then it must be excluded.  Plaintiffs do not dispute that Dr. Kolodny lacks personal knowledge of Defendants' regulatory programs.  Ex. 5, OHAG Dep. at 79:13-18, 86:10-13.  And for that same reason, Kolodny's discussion could not meet the requirement for opinion testimony by a lay witness because it would not be "rationally based on the witness's perception."  Fed. R. Evid. 701(a).  Plaintiffs ask, rhetorically, whether Kolodny would "be precluded from even *discussing* the DEA's penalties and citations of Defendants."  Opp. 16-17 (emphasis in original).  And the answer is quite clearly "yes"—Kolodny lacks the specialized knowledge necessary to permit him to testify on these subjects under Rule 702.

## IV.   Dr. Kolodny's Observations on Lobbying Activity Are Not Proper Subjects of Expert Testimony

Plaintiffs effectively concede that Dr. Kolodny is not an expert in legislative or lobbying activities, arguing that "Dr. Kolodny does not need to be an expert on distribution or a lobbyist to opine" on these subjects.  Opp. 3.  But they miss the point of Rule 702.  Dr. Kolodny is not providing any "scientific, technical, or other specialized knowledge" and therefore is unqualified to testify on these issues.

---

[3] Plaintiffs note that Kolodny's testimony was frequently cited by an Oklahoma state court in a case against Johnson & Johnson.  Opp. at 2 n. 4.  That case was against an opioid ***manufacturer***, and distributors had no role in the case.  Contrary to Plaintiffs' assertions, Defendants in that case could not possibly have brought a "substantially similar motion to exclude," as the claims, parties, and facts involved are all very different.  Kolodny explained in his deposition that it is manufacturers and not distributors who, for example, call on doctors and directly promote prescription opioids to the medical community.  Ex. 4, Dep. at 211:13-212:7.

Furthermore, expert testimony on lobbying activity is unnecessary to "help the trier of fact to understand the evidence."  Fed. R. Evid. 702(a).  Dr. Kolodny's proposed testimony on lobbying "merely regurgitates factual information" better presented directly to the trier of fact.  *See Hines v. Wyeth*, No. 2:04-0690, 2011 WL 2680842, at *5 (S.D.W. Va. July 8, 2011) (excluding testimony that "merely regurgitates factual information that is better presented directly to the jury rather than through the testimony of an expert witness.").  Nor is lobbying such a specialized area that the Court needs help to adequately understand such factual information, regardless of how "well versed" Kolodny may be.  Opp. 14.

## V.     Accusations that Defendants have "Lied" Are Improper Credibility Determinations

Plaintiffs' opposition cites no case law that would permit Dr. Kolodny to provide expert testimony on the credibility of Defendants, their employees or their witnesses.  To the contrary, the case law has held uniformly that experts cannot testify on matters of credibility of the parties or witnesses.  Mem. Supp. Defs. Mot. Exclude Expert Test. Andrew Kolodny ("Mem.") at 10.

Plaintiffs attempt to draw an indefensible distinction between expert testimony on "credibility" as compared to testimony about "conduct" involving "lies to Congress."  Opp. 3.  They claim, without citing a single case, that a witness "is entitled to testify to specific, relevant acts of lying."  Opp. 15.  This is pure semantics.  Expert testimony about "acts of lying" is testimony about credibility, and the case law uniformly bars such testimony.  *See United States v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1995) ("[E]xpert testimony can be properly excluded if it is introduced merely to cast doubt on the credibility of other eyewitnesses, since the evaluation of a witness's credibility is a determination usually within the jury's exclusive purview."); *see also United States v. Hill*, 749 F.3d 1250, 1260 (10th Cir. 2014) (citing cases from the First, Second, Fourth, Seventh, Eighth, Ninth and Eleventh Circuits) ("Each of these rulings was based on the

theory that the credibility of another is not an appropriate subject for expert opinion testimony.  It appears our sibling circuits that have considered this issue have uniformly agreed.").

## VI.     Defendants' Requested Relief Would Provide the Parties with Appropriate Guidance and Streamline Trial Objections

Defendants have sought relief to bar Dr. Kolodny's testimony on five specific issues that are readily articulated and readily understood.  Contrary to Plaintiffs' suggestion that this will create disputes and uncertainty at trial, rulings from the Court on these issues in advance of trial will clarify and streamline the scope of Dr. Kolodny's testimony.  Without rulings in advance of trial on these five points, Defendants anticipate multiple objections and multiple needs for rulings during the course of trial.  Further, much time will be wasted by Defendants in advance of trial to prepare for subjects on which Dr. Kolodny should not be permitted to testify.  Thus, pre-trial guidance from the Court will promote interests of efficiency.  Given the clarity of the issues on which Defendants seek relief, there should be no dispute among the parties about these limits on Dr. Kolodny's testimony.  But, if there are such disputes, the parties can seek guidance from the Court at the time -- with the benefit of the Court's pretrial rulings in hand.

For the reasons addressed in Defendants' motions, Dr. Kolodny's anticipated testimony raises many serious issues under Rule 702.  Resolving those issues in advance of trial would eliminate broad swaths of challenges at the time of trial.

## VII.    Conclusion

For the reasons addressed above and in Defendant's opening brief, the Court should exclude expert testimony from Dr. Kolodny on the following:

1.  Opinions stating legal standards or legal conclusions.

2.  Opinions based on a "prudent distributor" standard.

3.  Opinions related to suspicious order monitoring or regulatory compliance.

4.  Opinions related to lobbying.

5.  Opinions seeking to make credibility determinations of Defendants or other individuals.


Dated: October 30, 2020                    Respectfully submitted,

                                           */s/ Timothy C. Hester*
                                           Timothy C. Hester (DC 370707)
                                           Laura Flahive Wu
                                           Andrew P. Stanner
                                           COVINGTON & BURLING LLP
                                           One CityCenter
                                           850 Tenth Street NW
                                           Washington, DC 20001
                                           Tel: (202) 662-5324
                                           thester@cov.com
                                           lflahivewu@cov.com
                                           astanner@cov.com

                                           */s/ Paul W. Schmidt*
                                           Paul W. Schmidt
                                           COVINGTON & BURLING LLP
                                           The New York Times Building
                                           620 Eighth Avenue
                                           New York, New York 10018
                                           Tel: (212) 841-1000
                                           pschmidt@cov.com

                                           */s/ Jeffrey M. Wakefield*
                                           Jeffrey M. Wakefield (WVSB #3894)
                                           jwakefield@flahertylegal.com
                                           Jason L. Holliday (WVSB #12749)
                                           jholliday@flahertylegal.com
                                           FLAHERTY SENSABAUGH BONASSO PLLC
                                           P.O. Box 3843
                                           Charleston, WV 25338-3843
                                           Telephone: (304) 345-0200

                                           *Counsel for McKesson Corporation*

                                           */s/ Gretchen M. Callas*
                                           Gretchen M. Callas (WVSB #7136)
                                           JACKSON KELLY PLLC
                                           Post Office Box 553
                                           Charleston, WV 25322

Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

*/s/ Steven R. Ruby*
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com

ahardin@wc.com
jwicht@wc.com

*Counsel for Cardinal Health, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 30th day of October, 2020, the foregoing **Reply Memorandum in Support of Defendants' Motion to Exclude the Expert Testimony of Andrew Kolodny** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy C. Hester*
Timothy C. Hester
