# EXHIBIT 7

Highly Confidential - Subject to Further Confidentiality Review

```
 1        IN THE UNITED STATES DISTRICT COURT
 2         FOR THE NORTHERN DISTRICT OF OHIO
 3                   EASTERN DIVISION
 4                       - - -
 5
   IN RE:  NATIONAL          :   HON. DAN A.
 6 PRESCRIPTION OPIATE       :   POLSTER
   LITIGATION                :
 7                           :
   APPLIES TO ALL CASES      :   NO.
 8                           :   1:17-MD-2804
                             :
 9
              - HIGHLY CONFIDENTIAL -
10
     SUBJECT TO FURTHER CONFIDENTIALITY REVIEW
11
                      VOLUME I
12
                       - - -
13
                   April 17, 2019
14
                       - - -
15
16           Videotaped deposition of
   THOMAS PREVOZNIK, taken pursuant to
17 notice, was held at the law offices of
   Williams & Connolly, 725 12th Street,
18 Washington, D.C., beginning at 9:11 a.m.,
   on the above date, before Michelle L.
19 Gray, a Registered Professional Reporter,
   Certified Shorthand Reporter, Certified
20 Realtime Reporter, and Notary Public.
21                     - - -
22
             GOLKOW LITIGATION SERVICES
23      877.370.3377 ph | 917.591.5672 fax
                   deps@golkow.com
24
```

Highly Confidential - Subject to Further Confidentiality Review

```
 1   at a number and say that's too big.
 2              MR. O'CONNOR:  Whoever is on
 3        the phone needs to go on mute.
 4              MR. FINKELSTEIN:  Whoever is
 5        on the phone please mute your
 6        phone.
 7   BY MR. O'CONNOR:
 8        Q.    Before we get back to my
 9   question, I just want to be clear.
10   Are -- are vets required to obtain a DEA
11   registration before they order controlled
12   substances?
13        A.    Yes.
14        Q.    And the DEA issues some
15   veterinarians registrations to allow them
16   to purchase controlled substances?
17        A.    Correct.
18        Q.    Okay.  I do -- I do want to
19   get back to my original question though,
20   which was, is an order that is unusually
21   large, does that order necessarily lead
22   to diversion?
23              MR. FINKELSTEIN:  Objection.
24        Vague.
```

```
 1                THE WITNESS:  It may or
 2      may -- it may or may not.
 3  BY MR. O'CONNOR:
 4      Q.    Would the same be true of an
 5  unusually frequent order?
 6                MR. FINKELSTEIN:  Same
 7      objection.  You can answer.
 8                THE WITNESS:  Correct.  It
 9      may or may not.
10  BY MR. O'CONNOR:
11      Q.    And the same would be true
12  of an order that deviates substantially
13  from the normal pattern?
14                MR. FINKELSTEIN:  Same
15      objection.  You can answer.
16                THE WITNESS:  Correct.  It
17      may or may not.
18  BY MR. O'CONNOR:
19      Q.    Okay.  And putting that
20  together, that means that not every
21  suspicious order leads to diversion,
22  correct?
23                MR. FINKELSTEIN:  Objection.
24      Scope.  You can answer.
```

```
 1
 2                      CERTIFICATE
 3
 4
 5            I HEREBY CERTIFY that the
     witness was duly sworn by me and that the
 6   deposition is a true record of the
     testimony given by the witness.
 7
              It was requested before
 8   completion of the deposition that the
     witness, THOMAS PREVOZNIK, have the
 9   opportunity to read and sign the
     deposition transcript.
10
11
12   _____
            MICHELLE L. GRAY,
13          A Registered Professional
            Reporter, Certified Shorthand
14          Reporter, Certified Realtime
            Reporter and Notary Public
15          Dated:  April 22, 2019
16
17
18            (The foregoing certification
19   of this transcript does not apply to any
20   reproduction of the same by any means,
21   unless under the direct control and/or
22   supervision of the certifying reporter.)
23
24
```