# EXHIBIT 8

```
     IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA


 * * * * * * * * * * * * * * * * * * * * *

THE CITY OF HUNTINGTON,

          Plaintiff,

vs.                                    CIVIL ACTION
                                      NO. 3:17-01362
AMERISOURCEBERGEN DRUG
CORPORATION, et al.,
          Defendants.
_____
CABELL COUNTY COMMISSION,
          Plaintiff,
vs.                                    CIVIL ACTION
                                      NO. 3:17-01665
AMERISOURCEBERGEN DRUG
CORPORATION, et al.,

          Defendants.

 * * * * * * * * * * * * * * * * * * * * *


          Videotaped and videoconference deposition
of THOMAS MCGUIRE taken by the Defendants under the
Federal Rules of Civil Procedure in the above-
entitled action, pursuant to notice, before Teresa
S. Evans, a Registered Merit Reporter, all parties
located remotely, on the 9th day of September,
2020.
```

Page 54

1  versus the level of sale and distribution of
2  prescription opioids that does not constitute a
3  nuisance?
4       A.   You know, I wasn't asked that question.  I
5  was asked with respect --
6            Sorry, there's an insect trying to get
7  on the video.
8            No, I was asked the question of:  In
9  total, did sale and distribution of prescription
10 opioids constitute a public nuisance?  Not whether
11 there might have been, you know, some other
12 situation in which they could be divided into those
13 that were and those that were not.
14      Q.   And when you quantify the net economic
15 harms or the net economic costs imposed by the
16 sales and distribution of prescription opioids from
17 2006 through 2018 in Cabell County, West Virginia,
18 you're quantifying all of those, not the ones that
19 are attributable to conduct of particular actors.
20           Is that correct?
21      A.   Yes, I think that's correct.  My job was to
22 pick up the story at the point of assessing the net
23 costs of the sale and distribution.  Why that took
24 place was not part of my assignment.

Page 55

1    Q.   So did you take any steps to eliminate from
2   your calculations the economic harms or the costs
3   of prescription opioids that were sold and
4   distributed by the defendants in this case without
5   breaching any duty?
6            MR. PENDELL:  Objection.
7    A.   I think the answer to that is I did not try
8   to segment the sale and distribution of
9   prescription opioids nor the economic costs
10  associated with them according to a categorization
11  of the nature of the sale and distribution.
12   Q.   And are you offering any opinion of what
13  portion of the net economic harms or costs you
14  quantified are due to the sale and distribution of
15  prescription opioids by the defendants in this
16  case?
17   A.   I've got the total in my report, and I --
18  and so I would say -- I also did not - as part of
19  my assignment - apportion that to particular
20  defendants.  Or non-defendants.  I just -- I didn't
21  do it.
22   Q.   And did you do any apportionment of the net
23  economic harms or costs that were imposed by the
24  sales and distribution of prescription opioids from

1  STATE OF WEST VIRGINIA,
2  COUNTY OF JACKSON, to wit;
3
4          I, Teresa S. Evans, a Notary Public within and for the County and State aforesaid, duly
5  commissioned and qualified, do hereby certify that the foregoing deposition of THOMAS McGUIRE was duly
6  taken by me and before me at the time and place and for the purpose specified in the caption hereof,
7  the said witness having been by me first duly sworn.
8
          I do further certify that the said
9  deposition was correctly taken by me in shorthand notes, and that the same were accurately written
10 out in full and reduced to typewriting and that the witness did request to read his transcript.
11
          I further certify that I am neither
12 attorney or counsel for, nor related to or employed by, any of the parties to the action in which this
13 deposition is taken, and further that I am not a relative or employee of any attorney or counsel
14 employed by the parties or financially interested in the action and that the attached transcript
15 meets the requirements set forth within article twenty-seven, chapter forty-seven of the West
16 Virginia Code.
17          My commission expires October 25, 2020. Given under my hand this 11th day of September,
18
19
20 Teresa S. Evans
   RMR, CRR, RPR, WV-CCR
21
22
23
24

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, to wit;

I, Teresa Evans, owner of Realtime Reporters, LLC, do hereby certify that the attached deposition transcript of THOMAS McGUIRE meets the requirements set forth within article twenty-seven, chapter forty-seven of the West Virginia Code to the best of my ability.

Given under my hand this 11th day of September, 2020.

Given under my ha[nd]

Registered Professional Reporter/Certified Realtime Reporter