# EXHIBIT 11

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

* * * * * * * * * * * * * * * * * * * * * *

THE CITY OF HUNTINGTON,

    Plaintiff,

vs.                          CIVIL ACTION
                            NO. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,

    Defendants.
_____

CABELL COUNTY COMMISSION,

    Plaintiff,

vs.                          CIVIL ACTION
                            NO. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,

    Defendants.

* * * * * * * * * * * * * * * * * * * * * *

    Videotaped and Zoom video conference deposition of R. COREY WALLER, M.D. taken by the Defendants under the Federal Rules of Civil Procedure in the above-entitled action, pursuant to notice, before Jennifer Vail-Kirkbride, a Registered Merit Reporter, on the 7th day of September, 2020.

Page 164

1  A. Not within the supply chain.
2  Q. Are you familiar with any state or federal
3  regulations relating to the diversion of controlled
4  substances outside the supply chain?
5  A. The criminal laws that go long with that,
6  as well as the board -- medical board of the state
7  that oversees the distribution of these medications
8  -- distribution, the prescribing and delivery of
9  these medications from a prescriber standpoint, and
10 then some internal diversion pieces for -- from like
11 nursing, I have treated some nurses with addiction,
12 as well, and so I had to read a little bit about
13 that. But in their entirety, no, but their
14 existence, yes.
15 Q. Okay. You are not in this case offering
16 any opinion on the scope of distributors'
17 obligations under state or federal law, are you?
18 A. No, I am not.
19 Q. And you are not offering an opinion on
20 whether the distributor defendant in this case
21 complied with those obligations, are you?
22 A. No, I am not.
23 Q. So you are not offering an opinion on
24 whether a defendant in this case should or shouldn't

Page 165

1  have shipped a particular order to a particular
2  pharmacy.
3           MS. DICKINSON:  Objection to form.
4     A.   I wasn't asked to specifically evaluate
5  that.
6     Q.   You are not offering any opinion in this
7  case on the distributor defendant's suspicious order
8  monitoring systems, are you?
9     A.   Again, I was not asked to evaluate that.
10    Q.   Okay.  How do you define addiction?
11          MS. DICKINSON:  Objection.  Form.
12    A.   I -- well, I guess the general -- we can
13  start at the 30,000 and I am happy to get as deep in
14  these weeds as you want, but I define addiction as a
15  maladaptive behavioral response to either a
16  substance or a behavior that has significant impact
17  on one's ability to live their normal life and has
18  impact on risk-taking, social obligations,
19  repetitive utilization, which increases the risk of
20  development of tolerance or withdrawal, and more
21  particularly that it's more about the behaviors
22  associated with obtaining or using a drug than it is
23  about the presence or absence of a drug.
24    Q.   Do you believe that the ASAM definition of

Page 314

STATE OF WEST VIRGINIA

COUNTY OF BROOKE, to wit;

I, Jennifer Vail-Kirkbride, a Notary Public and Commissioner within and for the County and State aforesaid, duly commissioned and qualified, do hereby certify that the attached deposition transcript of R. COREY WALLER, M.D. meets the requirements set forth within article twenty-seven, chapter forty-seven of the West Virginia Code to the best of my ability at the time I submitted the same to Realtime Reporters, LLC, 713 Lee Street, Charleston, West Virginia on September 10, 2020, for distribution.  Said transcript was duly taken by me and before me at the time and place and for the purpose specified in the caption hereof, the said witness having been by me first duly sworn.

I do further certify that the said deposition consisting of 317 pages was correctly taken by me in

1  stenotype notes, and that the same were accurately
2  written out in full and reduced to typewriting and
3  that the witness did request to read his transcript.
4
5
6  My Notary Public commission expires: August 26,
7  2023.
8  My West Virginia Commissioner commission expires:
9  February 15, 2022.
10 Given under my hand this 10th day of September,
11 2020.
12
13                    /s/ Jennifer Vail-Kirkbride
14
15                    /s/ Jennifer Vail-Kirkbride
                      _____
16                    Registered Professional
                      Reporter
17                    RMR, CRR, FCRR, RPR, WV-CCR
18
19
20
21
22
23
24