IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
<u>EXPERT TESTIMONY PROFFERED BY JOSEPH RANNAZZISI</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ...................................................................................................................... 2

        A.    Mr. Rannazzisi Is a Paid Plaintiffs' Expert, Not a Law Enforcement Officer Offering Lay Opinion Testimony Based on Personal Knowledge. ............. 2

        B.    Mr. Rannazzisi Lacks Direct Personal Knowledge Required for the "Lay Opinion Testimony" Sought by Plaintiffs. ............................................................... 4

        C.    Plaintiffs Will Seek To Elicit Testimony From Mr. Rannazzisi on Subjects That Are Properly Reserved for Rule 702 Expert Testimony. ................................. 5

        D.    Another Court Has Already Excluded Mr. Rannazzisi From Testifying as a Fact Witness. ................................................................................................................. 8

III.  CONCLUSION ................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Air Crash at Charlotte, N.C. on July 2, 1994*,
    982 F. Supp. 1086 (D.S.C. 1997) ................................................................................................5

*B.H. ex rel. Holder v. Gold Fields Mining Corp.*,
    239 F.R.D. 652 (N.D. Okla. 2005) ..............................................................................................4

*Certain Underwriters at Lloyd's, London v. Sinkovich*,
    232 F.3d 200 (4th Cir. 2000) ......................................................................................................6

*Featherstone v. United Parcel Services, Inc.*,
    56 F.3d 61 (4th Cir. 1995) ..........................................................................................................7

*Quality Built Homes, Inc. v. Village of Pinehurst*,
    No. 1:06CV1028, 2008 WL 3503149 (M.D.N.C. Aug. 11, 2008) .........................................3, 4

*United States v. Hoffman*,
    No. 5:09-cr-00216, 2010 WL 1416869 (S.D. W. Va. Apr. 5, 2010) .......................................6, 7

*United States v. Johnson*,
    617 F.3d 286 (4th Cir. 2010) ..............................................................................................2, 5, 6

*United States v. Palacios*,
    677 F.3d 234 (4th Cir. 2012) ..................................................................................................2, 3

*United States v. Yu*,
    411 F. App'x 559 (4th Cir. 2010) ............................................................................................6, 7

**Rules**

Federal Rule of Evidence 701 ...........................................................................................................6

I.      INTRODUCTION

Plaintiffs now concede in their Opposition that they intend to call Mr. Rannazzisi at trial to provide de facto expert testimony against Defendants. Although Plaintiffs carefully refer to the proposed testimony as "lay opinion testimony," they plan to elicit improper expert testimony from Mr. Rannazzisi on subjects *for which he was designated as an expert witness in another, ongoing litigation* and for which Plaintiffs have already designated two other expert witnesses in this litigation. Plaintiffs assert that Mr. Rannazzisi will testify about his "personal knowledge" from his work at DEA, but it is not plausible or realistic that Mr. Rannazzisi could separate the knowledge gained working as a plaintiffs' expert over the past three years from the knowledge he had before spending the last several years studying Defendants' documents and witness testimony.

Mr. Rannazzisi's extensive work as an expert witness in the opioid litigation taints and precludes his ability to serve as a fact witness on the very same subjects for which he has been proffering expert testimony. While Plaintiffs here label Mr. Rannazzisi as a "fact" witness for the Track 2 trial, the plaintiff in the Ohio AG opioid litigation disclosed Mr. Rannazzisi as its testifying expert on Defendants' suspicious order monitoring systems. The opioid plaintiffs hired Mr. Rannazzisi as a consulting expert in 2016, and he spent years behind the scenes studying Defendants' documents and reviewing testimony from Defendants' company witnesses—information he did not have while at DEA. Mr. Rannazzisi has received over $500,000 from multiple plaintiffs' firms for analyzing new-to-him information about Defendants and authoring an expert report concerning Defendants' compliance efforts.

Plaintiffs now intend to offer Mr. Rannazzisi as a "fact" witness on many of the same topics covered by his expert testimony in that Ohio litigation. It would be impossible at this point for Mr. Rannazzisi to distinguish what he learned working at DEA from what he learned

1

working as an expert for plaintiffs. No one could. ***Mr. Rannazzisi's personal knowledge is compromised***. Indeed, because Mr. Rannazzisi had been working on his Ohio expert report for two years before his Track 1 DEA deposition was taken (unbeknownst to Defendants), the "factual" testimony Mr. Rannazzisi provided at that deposition is tainted by his ongoing work as an expert and does not plausibly reflect only his "personal knowledge" gained during his time working at DEA.

If Plaintiffs wanted Mr. Rannazzisi to offer opinions on these topics, they could have designated him as an expert and served an expert report in this litigation. They did not. Plaintiffs should not be permitted now—at this late stage—to disguise Mr. Rannazzisi's "expert testimony . . . in lay witness clothing." *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010). Mr. Rannazzisi must be excluded from testifying at trial.

## II.     ARGUMENT

### A.     Mr. Rannazzisi Is a Paid Plaintiffs' Expert, Not a Law Enforcement Officer Offering Lay Opinion Testimony Based on Personal Knowledge.

Plaintiffs compare Mr. Rannazzisi's proposed testimony to police officers and firefighters offering opinion testimony as lay witnesses, based on their personal knowledge, including "contemporaneous perceptions" or "eyewitness observations and particularized experience."[1] Plaintiffs further suggest that officers have been permitted to testify as expert witnesses in a "gamut of cases."[2] But none of the cases cited by Plaintiffs involve a former DEA agent who

---

[1] Plaintiffs' Response to Defendants' Motion to Exclude Expert Testimony Proffered by Joseph Rannazzisi, Dkt. No. 1094 ("Opp.") at 2-3.

[2] Opp. at 3. Plaintiffs cite ***one case*** in which a police officer testified as both a fact and expert witness in the same trial. Opp. at 3 (citing *United States v. Palacios*, 677 F.3d 234 (4th Cir. 2012)). In *Palacios*, however, the issue of the witness testifying as both a fact and expert witness was not before the court. In a footnote, the court merely noted that it could not say the district court abused its discretion by allowing the officer to testify as both an expert and a fact witness because the attorneys delineated between the officer's expert testimony and his lay testimony,

2

spent *years after retiring from service* reviewing Defendants' documents and witness testimony and providing expert analysis for plaintiffs' attorneys in one opioid litigation *before being called as a lay fact witness* by plaintiffs in another opioid litigation.

Mr. Rannazzisi retired from DEA in October 2015 while under investigation by DOJ's Office of the Inspector General.[3] Within months of retiring, Mr. Rannazzisi began serving as a consulting expert for plaintiffs' lawyers in the opioid litigations.[4] Since 2016, Mr. Rannazzisi has received payments of over $500,000 from five different Plaintiffs' firms.[5] By his own admission (and unbeknownst to Defendants), Mr. Rannazzisi began work on his Ohio expert report in 2017,[6] approximately two years before he was deposed as a DEA fact witness in Track 1 of the MDL on April 26 and May 15, 2019. And unlike the officers in the cases cited by Plaintiffs, Mr. Rannazzisi's personal knowledge is tainted by his work as a paid expert for Plaintiffs.

In light of Mr. Rannazzisi's extensive expert work on behalf of opioid plaintiffs, Mr. Rannazzisi should not be permitted to offer Rule 701 lay opinion testimony, including as to matters requiring specialized knowledge. The facts in *Quality Built Homes, Inc. v. Village of*

---

the court sustained objections when the officer confused the two roles, and the officer's lay testimony only mentioned the defendant one time. *See Palacios*, 677 F.3d at 244 n.5.

[3] Ex. 7 (Rannazzisi Dep., July 16, 2020) at 190:22-191:19.

[4] Ex. 8 (Rannazzisi Dep., Apr. 26, 2019) at 76:17-24 ("Q. When did you start becoming a consultant to plaintiffs' lawyers? . . . THE WITNESS. Yeah. I am just trying -- it was sometime I believe in -- sometime during 2016.").

[5] Ex. 3 (Rannazzisi Dep., Apr. 26, 2019) at 80:24-81:11; Ex. 4 (Rannazzisi Dep., July 16, 2020) at 55:20-56:5 ("Q. How many different plaintiff law firms have paid you, do you know? . . . A. Motley Rice, Fields, KMK, and Boies Schiller."); *id.* at 56:6-8 ("Q. So four different plaintiff law firms have paid you? A. Yes."); *id.* at 62:15-25 (adding the fifth firm, Gilbert, LLP); Ex. 5 (June 23, 2020 Email from G. Utter, Rannazzisi Dep., July 16, 2020, Ex. 16).

[6] Ex. 7 (Rannazzisi Dep., July 16, 2020) at 40:4-7 ("Q. . . . When did you start -- before you open that, sir, when did you start working on the Ohio lawsuit? A. Sometime in 2017.").

*Pinehurst*[7] are instructive.  In *Quality Built Homes*, the plaintiffs identified an engineer as an expert witness but did not submit an expert report.  *Id*. at *4.  Plaintiffs instead decided to call the engineer as a "fact witness."  *Id.*  The court found that "despite Plaintiffs' contention now that they are not using [the engineer] as an expert but as a mere 'fact' witness, [the engineer] renders several opinions based on technical and other specialized knowledge that is clearly within the scope of Rule 702 . . . ."  *Id.*  Because "the information that [the engineer] testifies to as a 'fact' witness is exactly the same subject matter for which he was identified as an 'expert,'" the court struck his affidavit and refused to consider his opinions.  *Id.* at  *5.

Similar to the plaintiffs in *Quality Built Homes*, Plaintiffs are attempting to offer Mr. Rannazzisi as a fact witness on the same subject matter for which he testified as an expert in Ohio and for which Plaintiffs offer two other properly disclosed experts (both former DEA employees).  The Court should preclude Plaintiffs from eliciting Rule 701 lay opinion testimony from Mr. Rannazzisi for the same reasons.  *See id.*; *accord B.H. ex rel. Holder v. Gold Fields Mining Corp.*, 239 F.R.D. 652, 660 (N.D. Okla. 2005) (expressing concerns that the observations of a fact witness who had served as the defendant's consulting expert "may be based as much on what he recalls from protected sources as on what he has seen first-hand").  There can be no dispute that Mr. Rannazzisi's testimony is heavily informed by the information he learned and the opinions he was paid to offer as a retained expert for opioid plaintiffs years after leaving DEA.

> **B.** **Mr. Rannazzisi Lacks Direct Personal Knowledge Required for the "Lay Opinion Testimony" Sought by Plaintiffs.**

Even if the Court were to allow Mr. Rannazzisi to testify within the scope of his Track 1

---

[7] No. 1:06CV1028, 2008 WL 3503149 (M.D.N.C. Aug. 11, 2008).

4

DEA deposition, the testimony Plaintiffs seek to elicit from Mr. Rannazzisi concerns topics beyond the scope of his personal knowledge acquired while at DEA. Moreover, Plaintiffs' own description of the testimony they intend to elicit from Mr. Rannazzisi goes beyond the scope of his CT1 deposition, and beyond the scope of his personal knowledge. Plaintiffs intend to call Mr. Rannazzisi to testify about suspicious order monitoring and the Distributor Initiative briefings with Defendants.[8] But, at his Track 1 deposition, Mr. Rannazzisi testified that he did not personally analyze or evaluate the components of any of the Defendants' suspicious order monitoring systems while he was at DEA,[9] and he did not attend any of the Distributor Initiative briefings that DEA provided to Defendants in 2005.[10]

It is black-letter law that lay opinion testimony must be based on personal knowledge. *See Johnson*, 617 F.3d at 292 (noting that "lay opinion testimony *must* be based on personal knowledge"); *In re Air Crash at Charlotte, N.C. on July 2, 1994*, 982 F. Supp. 1086, 1091 (D.S.C. 1997) ("As a threshold then, Rule 701 requires direct personal knowledge of a factual matter at issue."). Accordingly, the Court should preclude Plaintiffs from eliciting opinion testimony from Mr. Rannazzisi on issues about which he has no personal knowledge outside of facts he learned while working as a retained expert for plaintiffs' lawyers.

### C. Plaintiffs Will Seek To Elicit Testimony From Mr. Rannazzisi on Subjects That Are Properly Reserved for Rule 702 Expert Testimony.

"The Federal Rules of Evidence draw a clear distinction between 'lay' testimony, governed by Rule 701, and 'expert' testimony, governed by Rule 702, to avoid 'the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of

---

[8] *See* Ex. 1 (Sept. 29, 2020 Letter from L. Singer to M. Stuart).

[9] Ex. 3 (Rannazzisi Dep., Apr. 26, 2019) at 320:1-14.

[10] Ex. 2 (Rannazzisi Dep., May 15, 2019) at 536:7-14.

5

proffering an expert in lay witness clothing.'" *United States v. Yu*, 411 F. App'x 559, 566 (4th Cir. 2010) (quoting Fed. R. Evid. 701(c) advisory committee's note to 2000 amendments). Federal Rule of Evidence 701 defines lay opinion testimony as testimony that is "(a) rationally based on the witness's perception; (b) helpful to . . . determining a fact in issue; and (c) ***not based on scientific, technical, or other specialized knowledge within the scope of Rule 702***." Fed. R. Evid. 701 (emphasis added); *see also, e.g., Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (Rule 701 "does 'not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'").

The testimony Plaintiffs will seek to elicit from Mr. Rannazzisi covers topics generally reserved for experts. Plaintiffs told DOJ that Mr. Rannazzisi will testify to Defendants' compliance with "federal law regarding diversion and suspicious order monitoring."[11] Any fact testimony proffered by Mr. Rannazzisi on Defendants' compliance with the Controlled Substances Act and its regulations would be based on knowledge that Mr. Rannazzisi obtained at DEA or through his work as a testifying expert for plaintiffs in other opioid litigations. This, by definition, is a topic that requires "specialized knowledge within the scope of Rule 702," as evidenced by ***Plaintiffs' designation of two experts under Rule 702 to testify on this very topic.*** The text of Rule 701 makes clear that this tactic is impermissible. *See Johnson*, 617 F.3d at 293 ("Rule 701 forbids the admission of expert testimony dressed in lay witness clothing.").

Mr. Rannazzisi should be precluded from offering fact testimony on Defendants' compliance for the additional reason that "testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. Hoffman*,

---

[11] Ex. 1 (Sept. 29, 2020 Letter from L. Singer to M. Stuart).

No. 5:09-cr-00216, 2010 WL 1416869, at *7 (S.D. W. Va. Apr. 5, 2010); *see also Featherstone v. United Parcel Services, Inc.*, 56 F.3d 61, 1995 WL 318596, at *6 (4th Cir. 1995) ("[A] lay witness's legal opinions are simply irrelevant."). As a lay witness, Mr. Rannazzisi should be prohibited from testifying about Defendants' compliance with the legal requirements of suspicious order monitoring under the Controlled Substances Act and its regulations. *See Hoffman*, 2010 WL 1416869 at *9 (excluding testimony by lay witnesses about the defendant's compliance with federal and West Virginia environmental regulations).

Relatedly, Mr. Rannazzisi should not be permitted to testify at trial as to the subject of any question objected to at his deposition on the grounds of *Touhy* or other law enforcement privilege. Mr. Rannazzisi was "not authorized" under *Touhy* to speak to a number of topics at deposition including, for example, his role in revising 21 C.F.R. § 1301.74 and other regulations,[12] and whether DEA had granted a procurement quota to a manufacturer it knew was diverting controlled substances.[13] In total, Mr. Rannazzisi was not authorized to answer—and did not answer—at least 15 questions asked at his deposition. He should not be permitted to testify at trial about these topics now.

"[The Fourth Circuit has] explicitly rejected attempts to make an end-run around the Federal Rules of Evidence by blurring the distinction between expert and lay testimony." *Yu*, 411 F. App'x at 567. The Court should not permit Plaintiffs to do so here through Mr. Rannazzisi.

---

[12] Ex. 8 (Rannazzisi Dep., Apr. 26, 2019) at 57:25-59:16, 64:5-22.

[13] *Id.* at 97:10-23.

7

### D. Another Court Has Already Excluded Mr. Rannazzisi From Testifying as a Fact Witness.

This is not the first time that a party has attempted to call Mr. Rannazzisi at the last minute to serve as a de facto expert on DEA compliance issues. In *United States v. $463,497.72*, the government notified the claimant three weeks before trial that it intended to call Mr. Rannazzisi as a fact witness.[14] The government represented that Mr. Rannazzisi would testify on regulatory compliance, the Distributor Initiative, and suspicious order monitoring systems.[15] The claimant moved to exclude Mr. Rannazzisi on several grounds, including his lack of personal knowledge on the relevant issues, the impermissibility of offering lay opinion testimony on the Controlled Substances Act and its regulations, and the government's untimely disclosure of Mr. Rannazzisi as an expert.[16] The court granted the motion and excluded Mr. Rannazzisi from testifying at trial.[17] This Court should do the same.

## III. CONCLUSION

For these reasons, the Court should preclude Mr. Rannazzisi from testifying at trial.

---

[14] Ex. 9 (H.D. Smith Wholesale Drug Co., Inc.'s Motion in Limine to Exclude Witness Testimony of Joseph Rannazzisi, *United States v. $463,497.72*, No. 08-cv-11564 (E.D. Mich. July 27, 2011), ECF No. 151) at 6.

[15] *Id.*

[16] *Id.* at 6-9.

[17] Ex. 10 (Order Granting in Part and Denying in Part Claimant's Emergency Motion to Compel Discovery, Granting Claimant's Motion in Limine to Exclude Testimony of Joseph Rannazzisi, and Denying Claimant's Motion in Limine to Exclude Testimony of David Plummer, *United States v. $463,497.72*, No. 08-cv-11564 (E.D. Mich. Aug. 2, 2011), ECF No. 158).

Dated: October 30, 2020

Respectfully submitted,

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*Counsel for McKesson Corporation*

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

9

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

/s/ Steven R. Ruby
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

/s/ Enu Mainigi
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com
jwicht@wc.com

*Counsel for Cardinal Health, Inc.*

10

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on October 30, 2020, the foregoing *Reply in Support of Defendants' Motion to Exclude Expert Testimony Proffered by Joseph Rannazzisi* was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 30, 2020                    */s/ Timothy C. Hester*
                                                                 Timothy C. Hester