IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**REPLY IN SUPPORT OF DEFENDANTS' *DAUBERT* MOTION TO
EXCLUDE THE OPINIONS OF JAMES GELDHOF**

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

       A.      The Court Should Exclude Mr. Geldhof's Opinions Because He Presents an Improper Factual Narrative, Not Scientific Testimony. ...................................... 2

       B.      The Court Should Not Permit Mr. Geldhof To Offer Any Opinions About Defendants. ............................................................................................................... 5

III. CONCLUSION .................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re C.R. Bard Inc. Pelvic Repair Sys. Prods. Liab. Litig.*,
  948 F. Supp. 2d 589 (S.D. W. Va. 2013) ............................................................................. 4, 6

*Eghnayem v. Boston Scientific Corp.*,
  57 F. Supp. 3d 658 (S.D. W. Va. 2014) ............................................................................ 1, 2, 4

*Grant Thornton, LLP v. Fed. Deposit Ins. Corp.*,
  No. 1:00-0655, 2007 WL 4591412 (S.D. W. Va. May 6, 2007) ................................................5

*Miller v. Stryker Instruments*,
  No. CV 09-813-PHX-SRB, 2012 WL 1718825 (D. Ariz. Mar. 29, 2012) .................................3

*Newkirk v. Enzor*,
  No. 13-1634-RMG, 2017 WL 823553 (D.S.C. Mar. 2, 2017) ...................................................2

*In re Rezulin Prods. Liab. Litig.*,
  309 F. Supp. 2d 531 (S.D.N.Y. 2004) ........................................................................................2

*UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres,*
  949 F.3d 825 (3d Cir. 2020) ......................................................................................................5

*United States v. AseraCare Inc.*,
  No. 2:12-CV-245-KOB, 2014 WL 6879254 (N.D. Ala. Dec. 4, 2014) .....................................3

**Rules**

Federal Rule of Civil Procedure 37 ..................................................................................................6

**I.      INTRODUCTION**

Defendants' *Daubert* motion identifies two fatal problems with Plaintiffs' proposed DEA expert James Geldhof: (1) he intends to summarize documents in the record to tell the "do not ship" story Plaintiffs advocate in their complaint; and (2) he offers no specific opinions about the Defendants in this case. Plaintiffs do not dispute that this accurately reflects Mr. Geldhof's role at trial. Indeed, Plaintiffs concede that "an expert must do more than simply construct a factual narrative based on record evidence,"[1] and that "Mr. Geldhof does not intend to offer opinions about specific defendants."[2]

Recognizing these deficiencies, Plaintiffs recast Mr. Geldhof as having some "specialized knowledge of the complicated issues relating to opioid distributors and the legal regime governing them."[3] But Mr. Geldhof offers no technical or scientific opinions based on his experience working at DEA. Nor does he review documents that, as Plaintiffs suggest, are "complicated, voluminous, or involve scientific or technical data."[4] Instead, he relies on 17 documents produced by Defendants and DEA to repeat the story recited in Plaintiffs' complaint, often in a manner contrary to the express language of the document and his own experiences at DEA.[5] Courts in this circuit have prohibited this type of expert testimony. *See, e.g.*, *Eghnayem v. Boston Scientific Corp.*, 57 F. Supp. 3d 658, 699 (S.D. W. Va. 2014). This court should do the same. To the extent Plaintiffs want to provide "context" to documents, they can and should do so through proper lay witnesses.

---

[1] Plaintiffs' Memorandum in Opposition to Defendants' *Daubert* Motion to Exclude the Opinions of James Geldhof, Dkt. No. 1105 ("Opp.") at 10.

[2] *Id*. at 12.

[3] *Id*. at 12.

[4] *Id.* at 9.

[5] Ex. 3 (Geldhof Rep.) at 4-6 (Section III).

In addition, as Plaintiffs and Mr. Geldhof concede, Mr. Geldhof offers no specific opinions about Defendants, their suspicious order monitoring programs, or their distributions into Huntington and Cabell County. As such, to the extent his testimony is allowed (it should not be), he should be precluded from offering any opinions about McKesson, Cardinal, or ABDC at trial.

## II. ARGUMENT

### A. The Court Should Exclude Mr. Geldhof's Opinions Because He Presents an Improper Factual Narrative, Not Scientific Testimony.

The Court should not allow Mr. Geldhof to present a factual narrative under the guise of expert "opinion." It is undisputed that an expert must do more than simply construct a factual narrative based on record evidence. Indeed, Plaintiffs agree this is the law.[6] The Southern District of West Virginia has held that expert testimony based on a "narrative review" of documents that simply recites facts should be excluded. *See Eghnayem*, 57 F. Supp. 3d at 699 (noting "[a]n expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based on the record of evidence" and excluding the expert). And numerous other courts have held the same. *See, e.g.*, *Newkirk v. Enzor*, No. 13-1634-RMG, 2017 WL 823553, at *5 (D.S.C. Mar. 2, 2017) (excluding an expert's opinions because he "merely constructs a factual narrative based upon record evidence . . . bolstered by his expert status"); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004) (excluding an expert's testimony on the history of "selected regulatory events" because his "historical commentary of

---

[6] *See* Opp. at 10-11 ("While an expert must do more than simply construct a factual narrative based on record evidence, an expert can certainly testify as to the facts relied upon in forming his opinions so long as they are relevant and not cumulative.").

2

what happened" is "merely a narrative of the case which [the factfinder] is equally capable of constructing").[7]

Despite conceding the impropriety of such testimony, Plaintiffs confirm that Mr. Geldhof will do nothing more than recite Plaintiffs' version of "the history of the law and regulations governing the pharmaceutical industry" and enforcement of the laws by the DEA.[8]  And, as Mr. Geldhof makes clear, his narrative will be based on "public information," not any specialized knowledge he acquired while at DEA.[9]  He admits he will not be testifying as a fact witness about his experiences at DEA,[10] or providing opinions about Defendants' suspicious order monitoring programs.[11]  Instead, Mr. Geldhof will present Plaintiffs' "do not ship" argument by describing a subset of documents that do not actually support his opinions.

Mr. Geldhof's testimony is the type of testimony that courts find inadmissible under the *Daubert* standard.  As Plaintiffs acknowledge,

> [I]t is only when . . . the narrative is purely 'a repetition of the factual allegations in plaintiffs' complaint,' involving 'nothing technical or scientific,' that a court might find the expert testimony

---

[7] *See also United States v. AseraCare Inc.*, No. 2:12-CV-245-KOB, 2014 WL 6879254, at *11 (N.D. Ala. Dec. 4, 2014) (noting that "characterizations of documentary evidence are not proper subjects for expert testimony" and excluding testimony of an expert who "merely recites the documentary evidence and testimony"); *Miller v. Stryker Instruments*, No. CV 09-813-PHX-SRB, 2012 WL 1718825, at *12 (D. Ariz. Mar. 29, 2012) (finding it is "inappropriate" for an expert to simply "state facts that could be directly presented to the jury and then make legal conclusions" and excluding the expert's testimony).

[8] Opp. at 7.

[9] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 19:12-20:2.

[10] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 62:15-17 ("Q. You're not here as a fact witness regarding your work at DEA; correct? A. Correct."). Plaintiffs' "do not ship" narrative is actually inconsistent with Mr. Geldhof's DEA experience.  At deposition, he identified no distributor that blocked all suspicious orders before 2006.  Ex. 4 (Geldhof Dep., Sept. 22, 2020) at 125:2-7.  He understood while at DEA that his DEA subordinate James Rafalski testified before a federal district court that "do not ship" was not required before 2006.  *Id.* at 147:20-149:11.

[11] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 26:7-13.

3

unhelpful, because the expert is providing only 'simple inferences drawn from uncomplicated facts.'[12]

Mr. Geldhof's narrative merely will repeat the facts alleged by Plaintiffs. Even Mr. Geldhof admits that he will discuss only the basic information about the law and DEA's enforcement that Plaintiffs' lawyers asked him to give.[13] He is unable to do more, because the only documents he looked at in forming his narrative were the documents that Plaintiffs' lawyers provided him.[14] "To the extent that [experts] purport to simply make arguments that [a party's] lawyers may make, such testimony is not expert opinion and should be excluded." *In re C.R. Bard Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, 948 F. Supp. 2d 589, 644 (S.D. W. Va. 2013).

Hoping to save Mr. Geldhof's narrative, Plaintiffs contend that experts are allowed to discuss the evidence that forms the basis of their opinions.[15] That argument misses the point—***an expert cannot be used as a mere document delivery vehicle***. As the Southern District of West Virginia explained, "an expert may testify about his or her review of internal corporate documents solely for the purpose of explaining the basis for his or her opinions." *Eghnayem*, 57 F. Supp. 3d at 670. The court in *Eghnayem* excluded the expert because his opinions went further, and "[m]uch of [his] export report [was] a narrative review of corporate documents." *Id.*

---

[12] Opp. at 10 (quoting *In re Welding Fume Prods. Liab. Litig.*, No. 1:03-CV-17000, 2005 WL 1868046, at *17 (N.D. Ohio Aug. 8, 2005)).

[13] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 315:14-16 ("Q. Are there any opinions you were asked to give in this case that you couldn't give for any reason? A. No."); *id.* at 315:17-19 ("Q. Are there any opinions that you were given in this case that the lawyers did not ask you to give? A. No.").

[14] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 22:14-17 ("Q. Did you review any documents that were not provided to you by the attorneys in preparing your report? A. I don't believe so.").

[15] Opp. at 8-9.

4

at 699. Here, too, Mr. Geldhof provides only a narrative review of documents, and his opinions should be excluded.

In a final effort to save Mr. Geldhof, Plaintiffs contend that the Court should exercise its discretion and permit the testimony. Plaintiffs cite this Court's ruling in *Grant Thornton, LLP v. Fed. Deposit Ins. Corp.* to argue that, in a bench trial, "concerns about the usefulness of various portions of the ***scientific testimony*** more appropriately can be addressed through determination of the weight to be accorded the testimony, rather than through the threshold determination of admissibility."[16] But unlike the facts in *Grant Thornton*, there is no scientific testimony here. Mr. Geldhof's recounting of Plaintiffs' "do not ship" story using documents that do not actually support his opinions is not scientific, not based on any specialized knowledge or experience, and should be excluded.

Bench trial or jury trial, Federal Rule of Evidence 702 still applies: "Rule 702 applies whether the trier of fact is a judge or a jury. By using the term 'trier of fact,' rather than specifying judge or jury, Rule 702 does not distinguish between proceedings." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020). A court cannot abandon its gatekeeping function just because there will not be a jury. *Id.* at 833. The Court should apply Rule 702 here and exclude Mr. Geldhof's narrative review of the documents of record.

### B. The Court Should Not Permit Mr. Geldhof To Offer Any Opinions About Defendants.

Plaintiffs confirm that Mr. Geldhof "does not intend to offer opinions about the specific defendants in this case, other than those presented in his expert report."[17] To be clear, Mr.

---

[16] No. 1:00-0655, 2007 WL 4591412, at *1 (S.D. W. Va. May 6, 2007) (emphasis added).

[17] Opp. at 12.

5

Geldhof does not offer any opinions about Defendants McKesson, Cardinal, and ABDC in his expert report. Mr. Geldhof admittedly lacks specific opinions on Defendants, their suspicious order monitoring systems, or their distribution of controlled substances into Huntington or Cabell County.[18] While Mr. Geldhof lists enforcement actions against Defendants in his report, he provides no opinions about those actions.[19] Similarly, while he mentions the Energy and Commerce Committee's hearings on the Defendants' distributions in West Virginia, he offers no opinions on those hearings or the report ultimately issued by the committee.[20] Therefore, "those [opinions] presented in his expert report" that Plaintiffs vaguely refer to cannot be the subject of his testimony at trial.

An expert's testimony at trial must be limited to the information disclosed in his report. *See* Fed. R. Civ. P. 37(c) (providing that "[i]f a party fails to provide information . . . required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial"). The Court should preclude Mr. Geldhof from offering any opinions about McKesson, Cardinal, and ABDC at trial because he failed to disclose any such opinions in his expert report.[21]

---

[18] Ex. 2 (Geldhof Dep., Sept. 22, 2020) at 26:2-13 ("Q. . . . Are there any opinions that you give in your report that you intend to testify about regarding the specific conduct of any defendant in this case? A. No. Q. And, for example, you don't talk about any defendants' Suspicious Order Monitoring Systems; correct? A. No. Q. I don't believe you reviewed those in preparing your opinion; correct? A. Correct."); *id.* at 31:7-10 ("Q. Do you know if McKesson, Cardinal and ABDC specifically distributed into Cabell County and Huntington? A. I don't."); *id.* at 32:16-21 ("Q. Are you offering any specific opinions against McKesson in your report? A. No. No. Q. Same answer for ABDC and Cardinal, no specific opinions against them in your report? A. Correct.").

[19] *See* Ex. 4 (Geldhof Dep., Sept. 22, 2020) at 24:19-26:1; Ex. 3 (Geldhof Rep.) at 6-9.

[20] *See* Ex. 4 (Geldhof Dep., Sept. 22, 2020) at 24:19-26:1; Ex. 3 (Geldhof Rep.) at 9.

[21] Plaintiffs also argue that Mr. Geldhof should be permitted to offer legal conclusions. *See* Opp. at 11-12. But expert testimony that "draw[s] legal conclusions from facts" and "seeks to state legal standards, which is properly the court's role" must be excluded. *In re C.R. Bard*, 948 F. Supp. 2d at 629. Moreover, Mr. Geldhof's report contains no legal conclusions about Defendants, so any such testimony must be excluded under Rule 37(c).

## III. CONCLUSION

For these reasons, the Court should exclude the opinions of Mr. Geldhof.

Dated: October 30, 2020                     Respectfully submitted,

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*Counsel for McKesson Corporation*

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

8

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

/s/ Steven R. Ruby
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

/s/ Enu Mainigi
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com
jwicht@wc.com

*Counsel for Cardinal Health, Inc.*

9

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on October 30, 2020, the foregoing *Reply in Support of Defendants' Daubert Motion to Exclude the Opinions of James Geldhof* was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 30, 2020 	*/s/ Timothy C. Hester*
	Timothy C. Hester