# EXHIBIT 4

```
 1                                                                    1
 2        SUPREME COURT OF THE STATE OF NEW YORK
          COUNTY OF SUFFOLK: PART 48
 3        ------------------------------------------------x
 4        IN RE: OPIOID LITIGATION
 5
                                      INDEX NO.:400000/2017
 6
          ------------------------------------------------x
 7
                                      August 18, 2020
 8                                    Central Islip, New York
 9
                      MINUTES OF FRYE HEARING
10                    (Testimony of James Rafalski
11        B E F O R E:       HON. JERRY GARGUILO
                             Supreme Court Justice
12
          A P P E A R A N C E S:
13
          SIMMONS HANLY CONROY, LLC
14        **Attorneys for Suffolk County**
          112 Madison Avenue
15        New York, New York 10016
          BY:   PAUL J. HANLY, JR., ESQ.
16              JAYNE CONROY, ESQ,
                (212) 784-6401
17              phanly@simmonsfirm.com
                jconroy@simmonsfirm.com
18
19        NAPOLI SHKOLNIK, PLLC
          **Attorneys for Nassau County**
20        400 Broadhollow Road, Suite 305
          Melville, New York 11747
21        BY:   HUNTER SKOLNICK, ESQ.
                SALVATORE C. BADALA, ESQ.
22              JOSEPH L. CIACCIO, ESQ.
                (212)397-1000
23              pnapoli@napolilaw.com
                sbadala@napolilaw.com
24              jciaccio@napolilaw.com
25
```

```
 1                    Opioid Frye Hearing                    61
 2     and giving that answer at your deposition?
 3          A     I don't specifically recall it, but I
 4     don't dispute the deposition record.
 5          Q.    Do you dispute the truth of that
 6     statement?
 7          A     Yes, sir.
 8          Q.    You do dispute the truth of that
 9     statement that you made?
10          A     I do not.  I'm sorry.
11          Q.    Okay.  And you looked at his testimony.
12     Do you see the part of his testimony where he said,
13     I probably would come up with 5 or 10 different
14     small decisions that needed to be made in order to
15     operationalize it?  Did you see that portion of his
16     testimony?
17          A     I don't specifically recall that.
18          Q.    Okay.  Do you know what the 5 to 10
19     decisions he had to make to be able to perform his
20     Method A calculation that you relied on?  Do you
21     know what those 5 to 10 decisions were?
22          A     No, sir.
23          Q.    So not knowing how he took the data and
24     made the 5 to 10 decisions, you don't know how far
25     of a gap there is between his outputs and that
```