UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-cv-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>    Defendants. | *Consolidated case:*<br>Civil Action No. 3:17-01665<br><br>Hon. David A. Faber |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO EXCLUDE UNDISCLOSED EXPERT
<u>TESTIMONY FROM NON-RETAINED EXPERT WITNESSES</u>**

# TABLE OF CONTENTS

**Pages(s)**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS ............................................................................................ 1

ARGUMENT ................................................................................................................ 3

I. PLAINTIFFS' DISCLOSURES WERE ADEQUATE ........................................ 3

   A.  Most of the Testimony Offered by the Witness Is Lay Opinion,
       Not Expert Testimony ................................................................................. 3

   B.  Plaintiffs' Rule 26(a)(2)(C) Disclosures Were Adequate ........................... 6

II. ANY NON-COMPLIANCE WITH RULE 26(a)(2) IS
    SUBSTANTIALLY JUSTIFIED OR HARMLESS ........................................ 8

CONLUSION ............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                       Pages(s)

*Ace American Ins. Co. v. McDonald's Corp.*,
    Civil Action No. GLR-11-3150, 2012 WL 2523883
    (D. Md. June 28, 2012) .................................................................................... 9-11

*Goldman v. Phillips & Son Drilling, Inc. et al*,
    Civil No. 3:13-CV-152, 2014 WL 3407066
    (N.D. W.Va. July 10, 2014) ...................................................................................... 8

*Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*,
    227 F.R.D. 421, 424 (M.D.N.C. 2005) ...................................................................... 4

*Kobe v. Haley*,
    C/A No. 3:11-1146, 2013 WL 4067921 (D. S.C. August 12, 2013) ............ 10-11

*Kristensen ex rel. Kristensen v. Spotnitz*,
    Civil Action NO. 3:09-CV-00084, 2011 WL 5320686
    (W.D. Va. June 3, 2011) ................................................................................... 9-11

*Marr v. Abercrombie & Fitch Stores, Inc.*,
    C.A. No. 5:14-CV-00123, 2015 WL 3827326
    (E.D. N.C. June 19, 2015) ................................................................................. 9-11

*Southern States Rack & Fixture v. Sherwin-Williams Co.*,
    318 F.3d 592, 597 (4th Cir. 2003) .............................................................................. 9

*Sullivan v. Glock, Inc.*,
    175 F.R.D. 497, 506 (D. Md. 1997) ........................................................................ 11

*U.S. v. Agyemang*,
    230 F.3d 1354 (4th Cir 2002) .................................................................................... 5

*United States v. Muro*,
    784 F. App'x 160, 162 (4th Cir. 2019) ................................................................ 4, 12

*United States v. Perkins*
    470 F.3d 150, 156 (4th Cir. 2006) ............................................................................. 4

*Watkins v. Cook Inc.*,
    Civil Action No. 2:13-cv-20370, 2015 WL 1395773
    (S.D. W.Va. March 25, 2015) ............................................................................ 9, 11

*Wilkins v. Montgomery*,
    751 F.3d 214, 220-21 (4th Cir. 2014) ....................................................................... 9

**Statutes and Rules**

F. Rule Civ. Pr.  26(a)(2)(C)............................................................................................*passim*

Fed. R. Civ. Pr. 37(c)(1) ................................................................................................*passim*

F. Rule Evid. 701 ...........................................................................................................*passim*

F. Rule Evid. 702 ...........................................................................................................*passim*

F. Rule Evid. 703 ................................................................................................................ 3,4,6

F. Rule Evid. 705 .............................................................................................................. 3, 4,6

S. D. W.Va. Local Rule 37.1(c) ............................................................................................ 12

## INTRODUCTION

In this motion ((Doc. 1055), Defendants seek to exclude certain witnesses from providing expert testimony on the ground that Plaintiffs have allegedly failed to comply with their disclosure obligations. The witnesses are all hybrid fact/expert witnesses for whom no expert report is required. Plaintiffs disclosed each of these witnesses as a non-reporting expert pursuant to Rule 26(a)(2)(C) on August 3, 2020; Defendants did not object to the adequacy of the disclosures until the eve of the previously scheduled trial. Plaintiffs are no longer seeking expert testimony from more than half of the witnesses and have supplemented their disclosures with respect to the remaining eight. Defendants have deposed all of the remaining witnesses, and Plaintiffs do not intend to offer expert opinions from these witnesses beyond those offered in their depositions. The opinions of these witnesses have been adequately disclosed. Alternatively, any technical deficiencies in the disclosures are substantially justified or harmless. Consequently, the Defendants are not entitled to the exclusion of the testimony.

## STATEMENT OF FACTS

In their Rule 26(a)(2) disclosures timely served on August 3, 2020 Plaintiffs identified twenty-one non-retained hybrid fact/expert witnesses.[1] These witnesses were disclosed as potentially offering opinion testimony in addition to their role as

---

[1] These witnesses were initially disclosed on Plaintiffs' Preliminary Witness list filed on June 3, 2020 (Dkt. 503). Furthermore, the Defendants served subpoenas regarding all of these witnesses, either directly or through their employers. *See e.g.* Dkt. 340.1, 354.1, 449.1, 450.1, 903.1

lay witnesses. Pursuant to Rule 26(a)(2)(C), these witnesses were identified as non-retained experts who "are not required to provide written reports, but whose testimony, while factual in nature, may include information that may be considered 'expert testimony.'"[2] With respect to these witness, Plaintiffs disclosed that testimony that could be considered expert testimony "may be offered on behalf of Plaintiffs to the extent that such testimony is subsequently elicited in depositions, or to rebut/respond to opinions of Defendants' witnesses that have not been disclosed as of the date of this disclosure."[3] Plaintiffs further disclosed that the witnesses

> are expected to testify as to their respective backgrounds, training, and professional observations and experiences. . . These witnesses have already provided deposition testimony in this matter and/or are scheduled to be deposed in the near future. The possible opinion testimony for each witness . . . includes, but is not limited to: the subject matters discussed in Plaintiffs' discovery responses; the subject matter discussed in each witness's respective deposition; the impact and harms that the opioid epidemic has had on health and safety in Plaintiffs' community; the extent and effectiveness of the community's opioid response, past and future; matters relating to causation; and addiction, morbidity, and mortality within the community.[4]

Defendants did not request more detailed summaries, clarification, or reports pertaining to the non-retained expert witnesses. Rather, on September 21, 2020, for the first time, Defendants objected to the Plaintiffs' disclosures of non-retained experts for allegedly not providing the information required under Federal R. Civ. P.

---

[2] *See* Plaintiffs' Expert Reports and Disclosure of Plaintiffs Experts, Doc. 1055.1 at pp. 3-4.

[3] *Id.*

[4] *Id.* at 4.

2

26(a)(2)(C) and advised that they intended to "take the position that the identified witnesses should be precluded from providing opinion testimony at trial."[5]

Plaintiffs have streamlined their case since the disclosure was served. Plaintiffs now do not intend to offer expert opinion testimony from thirteen of the previously disclosed non-retained witnesses.[6] Plaintiffs have now served a supplemental Rule 26(a)(2)(C) disclosure which sets forth a summary of the opinions of the remaining ten hybrid fact/expert witnesses.[7] All but one of the remaining witnesses have been deposed by Defendants, and the opinions to be offered all were disclosed in the deposition testimony. Plaintiffs will make the remaining witness, Zach Hanson, available for deposition in the over two months that remain before trial.

## ARGUMENT

I. **PLAINTIFFS' DISCLOSURES WERE ADEQUATE.**

### A. Most of the Testimony Offered by the Witnesses Is Lay Opinion, Not Expert Testimony

Much of the proposed testimony from the witnesses at issue constitutes lay opinions under Rule 701 rather than expert testimony under Rule 702, 703, or 705. For these witnesses, the disclosure requirements of Rule 26(a)(2) simply don't apply

---

[5] *See* Dkt. 1055.2 at 2.

[6] The following witnesses will be not be offering expert opinion testimony: Hank Dial; Robert Hansen, MS; Zachary Hansen, M.D.; Skip Holbrook; Rocky Johnson; Scott Lemley; Jan Rader; Gordon Merry; Steve Murray; Connie Priddy; Chuck Zerkle; Allen Mock and Mitzi Payne. To be clear, while Plaintiffs withdraw the other thirteen witnesses from their Rule 26(a)(2) expert disclosure, Plaintiffs may call those thirteen witnesses to testify as lay witnesses.

[7] *See* Plaintiffs' Supplemental Federal Rule Civil Procedure 26(a)(2)(C) Disclosures, attached as Ex. 1 (*see also* Dkt. 1144 - certificate of service).

3

and no special "expert" disclosure is required.[8] As the Fourth Circuit has noted, the guiding principle in distinguishing lay from expert opinion is that lay testimony must be based on personal knowledge."[9] A lay witness is not considered an expert just by way of possessing specialized knowledge, skills, or expertise:

> [A] person with specialized training does not testify as an expert by giving first-hand participant testimony, even though it appears to be expert testimony. [A] party need not identify a witness as an expert so long as the witness played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events. Federal Rule of Civil Procedure 26, in conjunction with Fed. R. Evid. 701 and 702, focuses on the substance of the testimony which is offered, as opposed to the status of the witness.[10]

In *United States v. Perkins,* the Fourth Circuit affirmed a district court's admission of police officers' judgments regarding reasonable force as lay testimony because they observed the force and testified based on their contemporaneous perceptions.[11] The court stated that "[b]ecause their testimony was framed in terms of their eyewitness observations and particularized experience as police officers," it had no issue finding that the opinions were admissible under Rule 701.[12] Personal knowledge includes knowledge based on observations and investigations a lay

---

[8] Fed. R. Civ. Pro. 26(a)(2) ("In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.").

[9] *United States v. Muro*, 784 F. App'x 160, 162 (4th Cir. 2019).

[10] *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 424 (M.D.N.C. 2005).

[11] 470 F.3d 150, 156 (4th Cir. 2006).

[12] *Id.*

4

witness participated in during his employment.[13] To the extent that these witnesses will testify to what they observed based on their contemporaneous perceptions, Plaintiffs were not obliged to provide any "expert" disclosures, and the disclosures that were provided were voluntary and exceeded any requirement under the law.

Here, there are now eight hybrid witnesses. Dr. David Chaffin provides an illustrative example. Dr. Chaffin is a Professor of Obstetrics and Gynecology and the Director of Maternal Fetal Medicine at Marshall University School of Medicine in Huntington, West Virginia.[14] Much of Dr. Chaffins' testimony involved his observations while treating addicted maternity patients. Based on his personal knowledge and experience, Dr. Chaffin testified that he observed a large and rising number of pregnant patients who became addicted to opiates[15] and a shift from 2012 to 2020 from mothers addicted to opiate pills to mothers addicted to heroin.[16] Dr. Chaffin, like the other hybrid witnesses, is a professional with personal experience. These personal observations made while working in the midst of the opioid epidemic in Huntington and Cabell County are not expert opinions that need to be disclosed under Rule 26(a)(2).

---

[13] *U.S. v. Agyemang*, 230 F.3d 1354 (4th Cir 2002) (allowing an INS examiner to use knowledge accumulated during her employment with the INS during her testimony).

[14] Disclosure at 4. Dr. Chaffin is specially trained to provide treatment for high-risk pregnancies and has published on the prevalence of drug use among pregnant West Virginian patients. *Id.*

[15] Chaffin Depo. Tr. at 15:8-14, 103:3-19 (*see* Ex. 1 at Ex. A).

[16] *Id.* at 94:14-23.

Dr. Chaffin, and the other hybrid witnesses, may offer other opinions based on scientific medical knowledge. As to these opinions, Plaintiffs need only comply with Rule 26(a)(2)(C). As discussed below, they have done so.

### B. Plaintiffs' Rule 26(a)(2)(C) Disclosures Were Adequate

With respect to testimony to be admitted under Rules 702, 703, or 705 – genuine expert testimony -- Rule 26 governs disclosures. For experts who are not "retained or specially employed" to give expert testimony, Rule 26(a)(2)(C) requires only disclosure of the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify; no expert report is required.[17] Here, the combination of the written disclosures and the incorporated deposition testimony sufficiently disclosed the subject matter and opinions of the non-retained experts.

As the Advisory Committee has noted, disclosure for non-retained experts "is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail."[18] The Advisory Committee further found that "a witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care

---

[17] F. R. Civ. Pro. 26(a)(2)(C)(i)-(ii). Defendants do not contend that any of these witnesses is retained or specially employed, or that Plaintiffs were required to provide a report for any of them.

[18] Federal Rule 26(a)(2)(C), 2010 Amendment Advisory Committee Comment.

6

professionals and employees of a party who do not regularly provide expert testimony."[19]

Plaintiffs' Rule 26(a)(2) disclosure specifically stated that the witnesses were expected to testify as to their respective backgrounds, training and professional observations and experiences. Plaintiffs identified the potential subject matters that might be covered by the witnesses. Plaintiffs also described the expert testimony of these witnesses as corresponding to their deposition testimony. As the witnesses had either been deposed or were in the process of being deposed the depositions served as a summary of the facts and opinions to which each witness was expected to testify. Plaintiffs' disclosure alerted Defendants to the fact that any expert opinions that would be offered were encompassed in the deposition testimony. No more was required.

For example, at his deposition, Dr. Chaffin testified to opinions about whether the drug Subutex is a reasonable treatment of opiate addiction, the efficacy of early treatment of pregnant addicts, and whether the prolonged use of opioids leads to an increased risk of addiction.[20] Defendants now know not merely the subjects on which he will offer opinions, but the actual opinions and testimony itself. The same is true with the remaining witness – to the extent that their testimony is not either fact

---

[19] *Id.*

[20] Chaffin Depo. Tr. at 13:23-14:25 (Subtex) (*see* Ex. 1 at Ex. A); *id.* at 24:11-25:2 (efficacy of Patients who successfully complete Maternal Addiction Recovery Center at the time of delivery); *id.* at 93;16-25 (prolonged use of opioids leads to an increased risk of addiction).

testimony or lay opinion testimony under Rule 701, their opinions were disclosed in the witnesses' depositions.[21] Plaintiffs' disclosure, pointing Defendants' to the deposition testimony, adequately disclosed to the Defendants the subject matter on which the witnesses are expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Plaintiffs have also provided Defendants supplemental disclosures making clear the scope of the opinions that these witnesses may offer.[22]

## II. ANY NON-COMPLIANCE WITH RULE 26(A)(2) IS SUBSTANTIALLY JUSTIFIED OR HARMLESS

As discussed above, Plaintiffs have fully complied with their disclosure obligations with respect to the hybrid fact/expert witnesses they plan to offer. But even if the Court were to find that Plaintiffs' disclosures fell short in some fashion, any shortcomings were substantially justified and/or harmless, such that exclusion is not appropriate here.

Fed. R. Civ. Pr. 37(c)(1) does not authorize exclusion of expert witness testimony "if the non-compliance was substantially justified or harmless."[23] "The Fourth Circuit has held that a district court has 'broad discretion to determine

---

[21] *See* Ex. 1.

[22] *Id.*

[23] *Goldman v. Phillips & Son Drilling, Inc. et al,* Civil No. 3:13-CV-152, 2014 WL 3407066 at 2-3. (N.D. W.Va. July 10, 2014) (internal quotations omitted)).

8

whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis."[24]

In determining whether a non-disclosure of a witness is substantially justified or harmless, the court may consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.[25]

The Court need not consider every factor.[26] Most courts in similar situations have permitted a non-compliant party an opportunity to provide the required information rather than to strike the testimony.[27]

---

[24] *Id.* citing *Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

[25] *Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *see also Marr v. Abercrombie & Fitch Stores, Inc.*, C.A. No. 5:14-CV-00123, 2015 WL 3827326 at 6-7 (E.D. N.C. June 19, 2015); *Ace American Ins. Co. v. McDonald's Corp.*, Civil Action No. GLR-11-3150, 2012 WL. 2523883 at 5 (D. Md. June 28, 2012) (denying the Motion to Strike Plaintiffs' Rule 26(a)(2) Disclosures after applying the balancing test and finding that the failed disclosure was harmless when a timely supplemental disclosure was unlikely to disrupt the proceedings and the information was essential to the Plaintiff's case.); *Kristensen ex rel. Kristensen v. Spotnitz*, Civil Action NO. 3:09-CV-00084, 2011 WL 5320686 at 4 (W.D. Va. June 3, 2011) (court declined to exclude the testimony but ordered Plaintiffs to file an appropriate supplemental Rule 26(a)(2)(C) disclosure within fourteen days).

[26] *Marr*, 2015 WL 3827326 at 6 (quoting *Wilkins v. Montgomery*, 751 F.3d 214, 220-21 (4th Cir. 2014)).

[27] *See Watkins v. Cook Inc.*, Civil Action No. 2:13-cv-20370, 2015 WL 1395773, at 22 (S.D. W.Va. March 25, 2015) (court found the plaintiffs were not prejudiced as it had taken the depositions of four of the seven corporate experts, then employed its broad discretion to deny the plaintiffs motion to exclude the expert report of its corporate experts but ordered the Defendants to update its disclosures within seven days to state "(1) the subject matter on which the witness is expected to present evidence; and (2) a summary of the facts and opinions to which the witness is expected to

9

Here, like in *Marr*, the Defendants know the subject matter and the substance of the witnesses' opinions and the bases for those opinions by virtue of their depositions and the supplementary disclosures.[28] Thus, "the traditional notion of surprise, accordingly, is not applicable here."[29] The court in *Marr* noted:

> The problem for defendants, though, is that they had the ability to complain, and thereby cure this surprise, prior to the expiration of expert discovery, by advising plaintiff that his disclosures did not comply with the rule and by requesting more specific disclosures. Had plaintiff resisted, defendants could have sought the intervention of the Court. Defendants did not do so, but instead laid in wait, hoping that plaintiff's non-compliance would doom his ability to offer any expert testimony.[30]

The *Marr* court determined that under similar circumstances an allegedly deficient Rule 26(a)(2)(C) disclosure was harmless and denied the Defendants' motion to exclude the testimony.[31]

---

testify" pursuant to Fed. R. Civ. P. 26(a)(2)(C)); *Ace American Ins. Co. v. McDonald's Corp.*, Civil Action No. GLR-11-3150, 2012 WL. 2523883 at 5 (D. Md. June 28, 2012) (denying the Motion to Strike Plaintiffs' Rule 26(a)(2) Disclosures after applying the balancing test and finding that the failed disclosure was harmless when a timely supplemental disclosure was unlikely to disrupt the proceedings and the information was essential to the Plaintiff's case.); *Kristensen ex rel. Kristensen v. Spotnitz*, Civil Action NO. 3:09-CV-00084, 2011 WL 5320686 at 4 (W.D. Va. June 3, 2011) (court declined to exclude the testimony but ordered Plaintiffs to file an appropriate supplemental Rule 26(a)(2)(C) disclosure within fourteen days); *Kobe v. Haley,* C/A No. 3:11-1146, 2013 WL 4067921 at 5, (D. S.C. August 12, 2013) (ordering Plaintiffs to provide and file the proper reports required pursuant to Rule 26(a)(2)(C) within thirty days and requiring Plaintiffs to summarize the fact to which the witnesses are expected to testify).

[28] *Id.*

[29] *Id.*

[30] *Id.* at 7 (citation and internal quotation omitted).

[31] *Id.*

Here, the Defendants cannot claim surprise. They had the benefit of the non-retained experts' deposition testimony and had the ability to request the Plaintiffs cure their disclosures. Instead, they failed to request such a cure, hoping to instead rely on the sanction of exclusion. Because there is no surprise, there is no need to cure that surprise. "Indeed, there appears to be no suggestion from Defendants as a need for a cure—they have not moved for any relief, other than implicitly moving for sanctions under Rule 37(c)(1)."[32] Defendants' tactical decision to ignore the disclosures and not seek further discovery is not a basis for excluding that testimony at trial.[33]

Indeed, these witnesses were initially disclosed on Plaintiffs' Preliminary Witness list filed on June 3, 2020.[34] Furthermore, the Defendants served subpoenas regarding all of these witnesses, either directly or through their employers.[35] Nor can the Defendants claim disruption of a trial now more than two months away from this testimony that they were aware of months ago.[36]

---

[32] *Marr,* 2015 WL 3827326, at *7).

[33] *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 506 (D. Md. 1997) ("The written report required by Rule 26(a)(2)(B) is inapplicable to hybrid witnesses, and counsel must be prepared to obtain information about the opinions and bases of their testimony by interrogatories and/or depositions. The failure to pursue these alternative means of discovering the expected opinion testimony of hybrid witnesses is not a basis for excluding that testimony at trial.").

[34] *See* Dkt. 503.

[35] *See e.g.* Dkt. 340.1, 354.1, 449.1, 450.1, 903.1.

[36] *See Watkins v. Cook Inc.*, *supra; Ace American Ins. Co. v. McDonald's Corp., supra; Kristensen ex rel. Kristensen v. Spotnitz, supra;* and *Kobe v. Haley, supra.*

11

The evidence is important as it related to local professionals' knowledge and experience with the opioid crisis in Huntington and Cabell County. They are on the front line of the epidemic and their testimony will help the court understand the true nature of the crisis and what is necessary to abate it.

Finally, Plaintiffs reasonably believed that their disclosures were sufficient. As the Fourth Circuit has noted the line between line between any lay opinion testimony under Rule 701 and expert testimony under Rule 702 is a fine one.[37] Moreover, this is not a case where the Plaintiffs did not disclose the fact that they might seek opinion testimony from these witnesses. The Defendants challenge the sufficiency of disclosures, and that factor supports a finding of substantial justification.[38] And, providing the required information in another form (such as deposition testimony) further supports a finding of substantial justification.[39] Plaintiffs believed that the disclosures where sufficient, and Defendants' silence supported that belief. [40]

---

[37] *Muro*, 784 F. App'x at 162.

[38] *Sullivan*, 175 F.R.D. at 507 (court can consider "whether opposing counsel wrote to request the required disclosure or protest the adequacy of the disclosure given" and "whether the failure was total as opposed to an incomplete disclosure or failure to timely supplement").

[39] *Id.* (court may consider "whether the information required by the disclosure was provided to opposing counsel by some other discovery method").

[40] The first time the Defendants challenged the disclosures was on September 21, 2020.   The local rules discourage such lying-in-wait.   *See* Local Rule 37.1(c). ("…Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order…..").

# CONCLUSION

For the reasons set forth above, the Plaintiffs' non-retained expert witnesses' Rule 26(a)(2)(C) disclosures were adequate. Plaintiffs have also supplemented their disclosures to provide additional details in accordance with Rule 26(a)(2)(C). Any technical failures in disclosure are substantially justified or harmless. The Defendants' motion should be denied.

Dated: October 30, 2020

Respectfully submitted,

**THE CITY OF HUNTINGTON**

/s/ *Anne McGinness Kearse*
Anne McGinness Kearse (WVSB No 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

Linda Singer
David I. Ackerman
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel:  202-232-5504
Fax:  202-386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com

Charles R. "Rusty" Webb (WVSB No. 4782)
**The Webb Law Centre, PLLC**
716 Lee Street, East
Charleston, West Virginia 25301
Telephone: (304) 344-9322
Facsimile: (304) 344-1157
rusty@rustywebb.com

**CABELL COUNTY COMMISSION**

/s/ *Paul T. Farrell Jr.*
Paul T. Farrell, Jr. (WVSB Bar No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
PO Box 1180
Huntington, West Virginia 25714-1180
Mobile: 304-654-8281
paul@farrell.law

/s/ *Anthony J. Majestro*
Anthony J. Majestro (WVSB No. 5165)
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

Michael A. Woelfel (WVSB No. 4106)
**WOELFEL AND WOELFEL, LLP**
801 Eighth Street
Huntington, West Virginia 25701
Tel. 304.522.6249
Fax. 304.522.9282
mikewoelfel3@gmail.com

## CERTIFICATE OF SERVICE

I certify that on October 30, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. This filing will also be served on all parties by email to: Track2OpioidDefendants@ReedSmith.com and MDL2804Discovery@motleyrice.com.

*s/ Anthony J. Majestro*
Anthony J. Majestro (WVSB 5165)
