UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**
    **Plaintiff,**
v.
**AMERISOURCE BERGEN DRUG CORPORATION, et al.,**
    **Defendants.**

Civil Action No. 3:17-cv-01362

_____

**CABELL COUNTY COMMISSION,**
    **Plaintiff,**
v.
**AMERISOURCE BERGEN DRUG CORPORATION, et al.,**
    **Defendants.**

*Consolidated case:*
Civil Action No. 3:17-cv-01665

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT REGARDING
TRANSACTIONS REFLECTED IN PROCESSED ARCOS DATA**

Plaintiffs' motion (Doc. 1008) ("Motion") seeks an order granting partial summary judgment holding that the Automation of Reports and Consolidated Orders System ("ARCOS") electronic data, received from the Drug Enforcement Administration ("DEA") ("ARCOS Data") and processed by Plaintiffs' expert Dr. Craig J. McCann accurately reflects the shipments of opioid products reported to the DEA by DEA licensed wholesale distributors ("Processed ARCOS Data"). Plaintiffs brought this motion because, notwithstanding the fact that Defendants had not challenged Dr. McCann's processing of the ARCOS Data, they have refused to stipulate to its accuracy. In response to the Motion, Defendants still do not contest the accuracy of the Processed ARCOS Data. Instead, they misconstrue the motion and offer procedural objection.

Defendants' objections are not well taken. As of the 2010 amendments, Rule 56(a) explicitly permits a motion for partial summary judgment with respect to a "part of each claim or defense." Defendants had the obligation to come forward with evidence contesting the motion. Because they did not, and cannot, the Motion should be granted.

## ARGUMENT

Rule 56(a), as amended, provides that "[a] A party may move for summary judgment, identifying each claim or defense — *or the part of each claim or defense* — on which summary judgment is sought." Fed. R. Civ. Pro. 56(a). The 2010 Amendment to Rule 56(a) made explicit the availability of a motion for partial summary judgment with respect to a "part of each claim or defense." *See* Advisory

Committee Note to the 2010 Amendment to Rule 56 ("The first sentence is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense.").

Here Plaintiffs seek partial summary judgment holding that the ARCOS Data received from the DEA and processed by Plaintiffs' expert Dr. Craig J. McCann accurately reflects the shipments of opioid products reported to the DEA by DEA licensed wholesale distributors. The Processed ARCOS Data is clearly "part of a claim" in this case. The details regarding the voluminous shipments by the Defendants of opioids in violation of the Controlled Substances Act underlie Plaintiffs' claims. Even a cursory review of Dr. McCann's report establishes that the Processed ARCOS Data is a part of Plaintiffs' claims. *See* August 3, 2020 Expert Report of Craig J. McCann, Ph.D., CFA (Motion Ex. 2).

Defendants misconstrue Plaintiffs' motion, arguing that questions regarding the admissibility of evidence are not appropriately raised in a summary judgment motion. Plaintiffs did not request a determination that the Processed ARCOS Data is admissible – although it is. Instead, Plaintiffs seek a ruling that the Processed ARCOS Data is accurate.

Defendants' authorities are inapposite. The Court in *Earle v. City of Huntington*, No. CV 3:14-29536, 2017 WL 2960539, at *3, n.5 (S.D.W. Va. July 11, 2017), relied on an unsworn statement to resolve a summary judgment motion noting that evidence in support of a summary judgment motion need not be in an admissible form as long "as the evidence could be submitted in an admissible form

at trial, including live testimony." The Court in *Bellotte v. Edwards*, No. 3:08-CV-94, 2010 WL 11519531, at *2 (N.D.W. Va. Jan. 22, 2010), merely declined to address the evidentiary implications of the court's previous rulings on summary judgement. And, the court in *NuVasive, Inc. v. Kormanis*, No. 1:18-CV-282, 2019 WL 9654846, at *3 (M.D.N.C. Mar. 26, 2019), while granting summary judgment on a claim for conspiracy declined to make "evidentiary determinations" regarding the existence of a conspiracy on cross-motions for summary judgment.

On the other hand, courts resolving summary judgment motions regularly make determinations on whether evidence is "capable of being reduced to admissible evidence at trial." *Graves v. Lioi,* 930 F.3d 307, 326 n.15 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 1118 (2020); *EQT Prod. Co. v. Wender*, 870 F.3d 322, 331, n.6 (4th Cir. 2017). Here, Defendants have not offered any challenge to the admissibility of the Processed ARCOS Data. It is clear that the evidence is capable of being reduced to admissible evidence at trial and can be considered in connection with the pending summary judgment motion.

Finally, the Motion seeks more than the admissibility of the Processed ARCOS Data. As noted in the Motion, Dr. McCann processed the ARCOS Data by adding and deleting fields and data, correcting errors. Plaintiffs are seeking a ruling that the Processed ARCOS Data accurately reflects the shipments of opioid products reported to the DEA by DEA licensed wholesale distributors.

In a footnote, Defendants argue that two of the fields in the ARCOS Data produced by DEA were not reported by distributors. *See* Opp. at 3, n.2 (citing

McCann Rep. 19–20) (noting that fields for "Calculated Base Weight in Grams" and "Dosage Units" were not reported by the distributors and were instead calculated by the DEA appended by the DEA before the data was produced to Plaintiffs). They further note that McCann added fields himself. *Id.* (citing McCann Report 21–23). From this Defendants argue that it would be improper for the Court to rule that the McCann data accurately reflects what distributors reported to DEA. Defendants are simply incorrect.

First, the Defendants have already stipulated for the purposes of this litigation that the ARCOS Data, i.e., the data produced by the DEA, is deemed authentic. *See* Plaintiffs' Opening Memo, Doc. __ at 3-4, & n.5 (citing Parties' Joint Stipulation, MDL Doc. 2675 at p. 2, ¶ 16). The stipulation prevents them from challenging the fields added by the DEA.

Second, Defendants both misstate the relief requested and ignore their duties in responding to a summary judgment motion. Plaintiffs do not seek a determination that the Processed ARCOS data accurately reflects what the distributors reported to the DEA. Instead, Plaintiffs seek an order granting partial summary judgment holding that the Processed ARCOS data "*accurately reflects the shipments of opioid products* reported to the DEA by DEA licensed wholesale distributors." Motion at p. 1 (emphasis added). The difference is that Plaintiffs are seeking a determination that the Processed ARCOS Data accurately reflects the actual shipments of opioid products -- not that it reflects what the distributors reported to the DEA.

5

As noted in Plaintiffs' opening memo and exhibits, Plaintiffs have presented admissible evidence that the Processed ARCOS Data (including the fields added by Dr. McCann and the DEA) accurately reflect the shipments of the opioid products reported to the DEA by Defendants and other distributors. *See* Plaintiffs' Opening Memo at pp. 5-7 (citing exhibits). In Plaintiffs' Opening Memorandum, Plaintiffs pointed out that in the year and one-half since Dr. McCann first produced his first report, Defendants have yet to identify any inaccuracy in the Processed ARCOS Data. Their response to this motion continues that trend.

As noted in Plaintiffs' Opening Memorandum, the party opposing summary judgment "must offer some concrete evidence from which [the factfinder] could return a verdict in his or her favor, that is, more than a mere scintilla of evidence in support of his or her position. *In re Bos. Sci. Corp., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-00904, 2015 WL 1527678, at *2 (S.D. W.Va. Apr. 2, 2015) (citations and internal quotations omitted). "Conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion." *Id.* (citing cases). Here the Defendants do not make any evidentiary showing – not even a scintilla. Under these circumstances, summary judgment is required.

## CONCLUSION

Plaintiffs filed this motion because the Defendants had not previously disputed the accuracy of the Processed ARCOS Data. They still do not dispute its accuracy. The purpose behind Rule 56 is to narrow the issues for trial when there is

6

no factual dispute. Here there is no factual dispute. Plaintiffs should not have to waste trial time and the expense of producing testimony to establish that the Processed ARCOS Data is accurate. The Court should grant the motion and hold that the ARCOS Data received from the DEA and processed by Plaintiffs' expert Dr. Craig J. McCann accurately reflects the actual shipments of opioid products reported to the DEA by DEA licensed wholesale distributors.

Dated: October 30, 2020                                      Respectfully submitted,

**THE CITY OF HUNTINGTON**                     **CABELL COUNTY COMMISSION**

/s/ *Anne McGinness Kearse*                          /s/ *Paul T. Farrell Jr.*
Anne McGinness Kearse (WVSB No 12547)    Paul T. Farrell, Jr. (WVSB Bar No. 7443)
Joseph F. Rice                                                 **FARRELL LAW**
**MOTLEY RICE LLC**                                     422 Ninth Street, 3rd Floor (25701)
28 Bridgeside Blvd.                                          PO Box 1180
Mount Pleasant, SC 29464                               Huntington, West Virginia 25714-1180
Tel: 843-216-9000                                            Mobile: 304-654-8281
Fax: 843-216-9450                                           paul@farrell.law
akearse@motleyrice.com
jrice@motleyrice.com                                     */s/ Anthony J. Majestro*
                                                                        Anthony J. Majestro (WVSB No. 5165)
Linda Singer                                                   **POWELL & MAJESTRO, PLLC**
David I. Ackerman                                          405 Capitol Street, Suite P-1200
**MOTLEY RICE LLC**                                     Charleston, WV 25301
401 9th Street NW, Suite 1001                         304-346-2889 / 304-346-2895 (f)
Washington, DC 20004                                    amajestro@powellmajestro.com
Tel: 202-232-5504
Fax: 202-386-9622
lsinger@motleyrice.com                                 Michael A. Woelfel (WVSB No. 4106)
dackerman@motleyrice.com                         **WOELFEL AND WOELFEL, LLP**
                                                                        801 Eighth Street
Charles R. "Rusty" Webb (WVSB No. 4782)   Huntington, West Virginia 25701
**The Webb Law Centre, PLLC**                    Tel. 304.522.6249
716 Lee Street, East                                        Fax. 304.522.9282
Charleston, West Virginia 25301                      mikewoelfel3@gmail.com
Telephone: (304) 344-9322
Facsimile: (304) 344-1157
rusty@rustywebb.com

**CERTIFICATE OF SERVICE**

    I certify that on October 30, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          *s/ Anthony J. Majestro*
                                          Anthony J. Majestro (WVSB 5165)