IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01665 |

**REPLY MEMORANDUM IN SUPPORT OF MCKESSON
CORPORATION'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
REGARDING FORMER EMPLOYEE'S MISDEMEANOR PLEA**

McKesson seeks an order prohibiting Plaintiffs from introducing evidence or argument at trial about Mr. David Gustin's now-dismissed 2019 Indictment or his 2020 charging document, plea agreement, and misdemeanor judgment ("the 2020 Information and Plea Agreement").[1]

---

[1] Plaintiffs are wrong in asserting that this issue was already decided in the MDL. While Distributor Defendants filed a general motion in the MDL seeking to preclude evidence of indictments absent a final conviction, that motion did not refer to Mr. Gustin or the specific facts of his indictment. In particular, the MDL court's ruling predated: (1) the filing of the 2020 Information, (2) Mr. Gustin's plea agreement, (3) Mr. Gustin's sentencing, and (4) the dismissal of the 2019 Indictment. Thus, none of those issues, each of which affects the admissibility of this evidence, was before Judge Polster when he made his ruling in the MDL.

1

In their Opposition, Plaintiffs make no argument to support admission of the 2019 Indictment. This is dispositive as to the 2019 Indictment. Plaintiffs also concede that the 2020 Information and Plea Agreement are not admissible under Rule of Evidence 803(22), which governs the admission of final judgments of conviction. Plaintiffs instead attempt to shoehorn the 2020 Information and Plea Agreement into two other hearsay exceptions—Rule 803(8) and Rule 807. As to Rule 803(8), however, Plaintiffs ignore binding Fourth Circuit law, *Nipper v. Snipes,* that expressly prohibits use of this hearsay exception to admit a final judgment of conviction. And as to Rule 807, Plaintiffs cannot meet either prong of the two-part test that governs application of this rule, which the Fourth Circuit has made clear applies only in exceptional circumstances.

Because Plaintiffs do not provide any non-hearsay basis for admission of the 2020 Information and Plea Agreement, their failure to identify an applicable hearsay exception is fatal to their position and disposes of the issue. The 2020 Information and Plea Agreement should also be excluded for the separate and independent reason that any minimal probative value they possess is outweighed by significant undue prejudice to McKesson.

## RELEVANT FACTS

On October 15, after McKesson filed its Opening Brief, Mr. Gustin appeared before the Eastern District of Kentucky Federal District Court to be sentenced on his plea to a one-count misdemeanor for failing to make or furnish a required report under 21 U.S.C. § 842(a)(5), (c)(2)(A).[2] By statute, this misdemeanor was punishable by no more than one year in prison. After hearing argument and reviewing the facts of the case, however, the presiding judge determined that sentencing Mr. Gustin to a term of imprisonment would not serve the interests of justice. The

---

[2] *See United States v. Gustin*, 20-cr-0038 (E.D.K.Y.), Dkt. 7.

judge instead sentenced Mr. Gustin to two years' probation.[3] That same day, the judge allowed the government's motion and dismissed the 2019 Indictment filed against Mr. Gustin.[4]

## ARGUMENT

**I.    Plaintiffs Admit That the 2019 Indictment Is Irrelevant and Inadmissible Hearsay.**

Plaintiffs do not even attempt to argue that the now-dismissed 2019 Indictment is admissible. Their concession is unsurprising; the 2019 Indictment never had any independent evidentiary value, *see United States v. Dinkins*, 691 F.3d 358, 373 (4th Cir. 2012) ("[A]n indictment is not evidence."), and certainly has none now that it has been dismissed. The Court should grant McKesson's motion, which is unopposed, and exclude the 2019 Indictment.[5]

**II.   The 2020 Information and Plea Agreement Are Inadmissible Hearsay.**

As explained in McKesson's opening brief, Rule 803(22) creates a hearsay exception only for convictions punishable by more than one year of imprisonment. *See* Br. at 4 (Dkt. No. 1046). Mr. Gustin pleaded to a misdemeanor charge that was punishable by no more than one year in prison. *Id.* Therefore, Plaintiffs concede—as they must—that the 2020 Information and Plea Agreement are not admissible under Rule 803(22). Plaintiffs instead offer a series of misplaced arguments as to why the 2020 Information and Plea Agreement should be admitted under other hearsay exceptions. *See* Opp. at 4–7 (Dkt. No. 1129). Because each of Plaintiffs' arguments misinterprets the Rules of Evidence and ignores on-point precedent, they should be rejected.

---

[3] *See id.* at Dkt. 19.

[4] *See United States v. Gustin*, 19-cr-00014 (E.D.K.Y.), Dkt. 97.

[5] Plaintiffs claim that they do not "currently" seek to introduce the 2019 Indictment, suggesting that they may later try to reverse course. Opp. at 4 n.9. But by failing to address McKesson's arguments, Plaintiffs have waived any opposition to its exclusion. *See Doctor's Assocs., Inc. v. Nijjar*, 2018 WL 10435252, at *5 (E.D. Va. Mar. 1, 2018).

### A.     The 2020 Information and Plea Agreement Are Not "Factual Findings" of a Government Agency Admissible Under Rule 803(8).

Plaintiffs first argue that the 2020 Information and Plea Agreement are admissible under Rule 803(8) as factual findings of a government agency's investigation. *See* Opp. at 4–6. This argument ignores binding Fourth Circuit precedent rejecting this position.

Charging documents, like the 2020 Information, are not ***factual findings*** by the U.S. Attorney's Office. Rather, they are "unproven charges" that amount to "mere accusations" against a defendant. *See United States v. Pennix*, 313 F.2d 524, 529 (4th Cir. 1963) (quoting *Coyne v. United States*, 246 F. 120, 121 (5th Cir. 1917)). For this reason, the Fourth Circuit has rejected the application of Rule 803(8) to analogous documents. *See United States v. Gray*, 852 F.2d 136, 139 (affirming trial court's ruling that an IRS referral report that an individual "possibly [committed] criminal tax fraud" was inadmissible). Similarly, the Plea Agreement does not include any factual findings by the U.S. Attorney's Office. Rather, as Plaintiffs admit, it contains statements by "Mr. Gustin himself." Opp. at 7.[6]

The only factual findings in Mr. Gustin's case were those made by the judge after hearing Mr. Gustin's plea colloquy.[7] In *Nipper v. Snipes*, 7 F.3d 415 (4th Cir. 1993), however, the Fourth

---

[6] Plaintiffs do not cite any case admitting a prosecutor's charging document or a plea agreement as the "factual findings" of a government agency under Rule 803(8), and McKesson has not identified any such cases. Plaintiffs also purport to rely on the MDL court's finding that "a properly-prepared investigative report" may be admissible. Opp. at 5. Whatever the merits of the MDL court's ruling, it does not apply here because there is no "investigative report" at issue. Although Plaintiffs assert that the 2020 Information is the "culmination" of an investigation, *see id.*, the mere fact that an investigation ultimately results in a charge does not transform that charging document into an "investigative report."

[7] *See United State v. Gustin*, 20-cr-00038, Dkt. 6.

Circuit expressly rejected the argument that party could seek to admit a court's judgment of final conviction under Rule 803(8). The Fourth Circuit in *Nipper* reasoned that:

> [W]hen the drafters of the Federal Rules of Evidence wanted to allow ***admission of judgments or their underlying facts***, they did so expressly. *See* Fed. R Evid. 803(22) (previous conviction); Fed. R. Evid. 803(23) (personal history, etc., boundaries). Therefore, ***we can find no basis on which to imply that Rule 803(8)(c) applies to judicial findings of fact***.

*Id.* at 417.[8] *Nipper* therefore makes clear that the admission of a final judgment of conviction, along with any underlying factual findings, cannot be achieved through Rule 803(8). *See also United States v. Nguyen*, 465 F.3d 1128, 1132 (9th Cir. 2006) (reading Rule 803(8) to allow admission of judgments "would swallow whole Rule 803(22)'s prohibition against the admission of misdemeanor convictions," a result that "could not have been intended by the drafters of the Federal Rules of Evidence"). *Nipper*'s holding is dispositive and binding here. Plaintiffs cannot secure admission of the 2020 Information and Plea Agreement under Rule 803(8).[9]

In short, Plaintiffs' argument that the 2020 Information and Plea Agreement are admissible under Rule 803(8) misconstrues the nature of these documents, which do not contain factual findings, and ignores binding Fourth Circuit precedent holding that Rule 803(8) cannot be used as an end run around 803(22). The Court should reject this attempt by Plaintiffs to do just that.

---

[8] All emphases added and internal citations and quotation marks omitted unless otherwise noted.

[9] *Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238 (4th Cir. 1999), cited in Plaintiffs' Opposition, also does not support their position. *Zeus* reiterates that there is "no authority for the admission of the factual findings of a court." *Id.* at 242. The court's ruling that findings of administrative law judges present a different issue (because they are part of the executive branch) does not apply here, where the underlying case proceeded in federal district court. *See id.*

  **B.**   **The 2020 Information and Plea Agreement Are Not Admissible Under Rule 807's Residual Exception.**

  Plaintiffs make a last-ditch attempt to stave off the conclusion that the 2020 Information and Plea Agreement are inadmissible hearsay by arguing that these documents should be admitted under Rule 807's residual hearsay exception. *See* Opp. at 6–7. Plaintiffs are wrong.

  Rule 807 "is a narrow exception," *United States v. Dunford*, 148 F.3d 385, 394 (4th Cir. 1998), that was "meant to be invoked sparingly" and only in "exceptional circumstances." *United States v. Heyward*, 729 F.2d 297, 299–300 (4th Cir. 1984). For evidence to be admitted under this exception, it must (1) have "equivalent circumstantial guarantees of trustworthiness" to other hearsay exceptions, and (2) be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." *See Dunford*, 148 F.3d at 392; Fed. R. 807(a). The 2020 Information and Plea Agreement cannot satisfy either prong of this standard.

  ***First***, in entering into a plea agreement a defendant has a "strong" incentive to "'curry favor' . . . in hopes that the government will make favorable recommendations to the sentencing judge," *United States v. Gomez-Lemos*, 939 F.2d 326, 333 (6th Cir. 1991); *see United States v. Benko*, 2013 WL 2467675, at *7 (W.D. Va. June 7, 2013) (recognizing that a Defendant might "attempt to curry more favorable treatment from the government in the process of negotiating his plea agreement," such that the statement is not "truly self-inculpatory"). This defeats the indicia of trustworthiness required by Rule 807.

  ***Second***, there are particularly powerful reasons ***not*** to apply Rule 807 to evidence that is already addressed by a specific hearsay rule (*e.g.*, a judgment of conviction). The drafters of the Federal Rules specifically considered when evidence of a conviction should be deemed admissible, *see Nipper*, 7 F.3d at 417, and concluded that convictions for misdemeanors—like Mr. Gustin's

6

misdemeanor reporting violation—did not give rise to sufficient indicia of trustworthiness because "motivation to defend at this level is often minimal or nonexistent." *See* Fed. R. Evid. 803, Notes of Advisory Committee on Proposed Rules. It would override that judgment about the reliability of misdemeanor convictions if Rule 807 were applied to bypass the provisions of Rule 803. *See* Advisory Committee Notes, 2019 Amendment to Fed. R. Evid. 807 (the Court's assessment of trustworthiness must "take into account the reasons that the hearsay misses the admissibility requirements of the standard exception").

*Third*, Plaintiffs fail to grapple with Rule 807's requirement that the evidence be "**more probative** . . . than any other evidence" that they could reasonably obtain. Fed. R. Evid. 807. Far from showing that the 2020 Information and Plea Agreement are "more probative" than other available evidence, much of Plaintiffs' Opposition is a laundry list of *other* evidence that they claim supports **precisely the same points** for which they seek to introduce the 2020 Information and Plea Agreement. *See* Opp. at 6–7 (asserting that congressional report was corroborative); *id.* at 8 (claiming that Mr. Gustin's plea agreement is "completely consistent" with a McKesson program manual); *id.* at 9 (claiming that Mr. Gustin's plea agreement comports with "McKesson's own internal documents" and expert testimony). Plaintiffs' argument thus shows conclusively why Rule 807 does not apply. For example, McKesson's policy manual, which Plaintiffs cite as "completely consistent" with the plea agreement, *see* Opp. at 8, is undoubtedly "more probative" of McKesson's policies during the relevant time period than Mr. Gustin's recollection of those policies offered eight years later.

As further confirmation of this point, in 2018 Plaintiffs deposed Mr. Gustin in the federal MDL. That deposition transcript, which is available to Plaintiffs for use at trial (consistent with applicable rules of evidence) includes extensive questioning about **the same pharmacy** at issue in

7

Mr. Gustin's plea agreement, including questions about reporting to the DEA. *See* Ex. 1 (Gustin Dep. Tr.) at 156:12–187:20; *see also id.* 483:11–485:23. Under the standards of Rule 807, this testimony is "more probative" than the 2020 Information and Plea Agreement. *See Heyward*, 729 F.2d at 300 (finding available testimony more probative than a memorandum offered under the residual exception).[10]

As the Fourth Circuit has emphasized, Rule 807 "is a narrow exception," *Dunford*, 148 F.3d at 394, "meant to be invoked sparingly" and only in "exceptional circumstances." *Heyward*, 729 F.2d at 299–300. Plaintiffs cannot satisfy either element of the test for applying this rule to the 2020 Information and Plea Agreement.[11]

### III. The 2020 Information and Plea Agreement Lack Probative Value and Are Unduly Prejudicial.

Plaintiffs have made no attempt to identify *any* non-hearsay purpose for the admission of the 2020 Information and Plea Agreement. *See* Opp. at 4–10. Accordingly, a determination that the 2020 Information and Plea Agreement do not fall within any hearsay exception is dispositive of the issue. The Court need not engage in any further analysis under Rules 402 and 403 before excluding this evidence.

---

[10] *In re Slatkin*, 525 F.3d 805 (9th Cir. 2008), the single case Plaintiffs rely on to suggest that a plea agreement may be admissible under Rule 807, is inapposite. There, the Court found that: (1) the "severe criminal penalties" (a 105-year prison term) available under the plea agreement created an indicia of reliability and (2) the plea agreement was the only evidence of the defendant's "actual intent to defraud," which was an essential issue in the subsequent case. *Id.* at 812–13.

[11] Plaintiffs' claim that the Court should not strictly apply the Federal Rules of Evidence because this case will be heard as a bench trial, *see* Opp. at 7, ignores that Rule 802's prohibition on hearsay applies even when a judge will serve as the finder of fact. *See* Fed. R. Evid. 802; *Pannell v. United States*, 2013 WL 1390005, at *1 n.2 (W.D. Va. Apr. 4, 2013) ("The district court erred when it admitted this evidence on the ground that hearsay is admissible in a bench trial; it is not." (quoting *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 238 (5th Cir. 1988))).

However, in addition to the conclusion that it is inadmissible hearsay, the 2020 Information and Plea Agreement should also be excluded for the separate and independent reason that any minimal relevance of these documents is outweighed by the significant risk of prejudice to McKesson.

As to relevance, Mr. Gustin's plea relates only to his failure, in 2011 and 2012, to submit required reports to the DEA related to a single pharmacy in Kentucky. *See* Mem. at 5. Plaintiffs assert that they seek to use Mr. Gustin's plea about a failure to report in Kentucky in order "to demonstrate failures in Cabell County and the City of Huntington, an area approximately 100 miles away." *See* Opp. at 9. But the fact that the plea was limited to a single pharmacy proves just the opposite of what Plaintiffs argue: the government could have taken action regarding other pharmacies, including pharmacies in Huntington and Cabell County, if it believed that the identified issue was widespread. It did not do so. Plaintiffs' argument instead shows that this is precisely the sort of propensity evidence that is separately prohibited by the Rules of Evidence. *See* Fed. R. Evid. 404(B). The irrelevant nature of this evidence is particularly acute where Plaintiffs seek to argue that statements in the plea agreement of a non-party former employee show a propensity on the part of McKesson as a whole.

Plaintiffs' assertion that a pill dispensed to a patient in one state can be moved across borders into another state, *see* Opp. at 9–10, also does not establish the relevance or probative value of the 2020 Information and Plea. Mr. Gustin's plea relates only to a misdemeanor failure to make reports to the DEA. It includes no admission that any pills were actually diverted from Kentucky, much less that diverted pills then travelled to Huntington or Cabell County. Plaintiffs also do not dispute that in 2011 and 2012 McKesson's Controlled Substances Monitoring Program blocked suspicious orders from ever leaving McKesson's warehouse, even if the order was not

9

reported. Mem. 5 at n.6. Plaintiffs' own expert, James Rafalski, has made clear that "[t]here is no more effective control to prevent diversion than blocking a suspicious order before it is shipped." Mem. Ex. A (Dkt. 1045–1) (Rafalski Dep. Tr.) at 368:1–3. As such, a ***reporting violation*** in Kentucky simply does not tend to make it more or less likely that prescription opioids were diverted and caused harm in Huntington and Cabell County.

The admission of the 2020 Information and Plea Agreement would also cause undue prejudice to McKesson. Plaintiffs' Opposition provides no answer to the fact that Mr. Gustin is a former employee and non-party in this case. Opp. at 10. As such, introduction of statements made in his personal capacity, years after his retirement, in a plea agreement entered into in an unrelated criminal case to which McKesson is not party would be unfairly prejudicial. *See, e.g.*, *CSX Transp., Inc. v. Gilkison*, 2013 WL 85253, at *2 (N.D.W. Va. Jan. 7, 2013) (excluding evidence of non-party's criminal conviction).

## CONCLUSION

For the reasons set forth here and in its opening brief, McKesson respectfully requests that the Court exclude evidence and argument regarding Mr. Gustin's (1) Indictment in *United States v. Gustin*, 19-cr-00014 (E.D.Ky), and (2) Information, plea agreement, and judgment of conviction in *United States v. Gustin*, 20-cr-00038 (E.D.Ky).

Dated: November 6, 2020                              Respectfully submitted,

***McKesson Corporation***

By Counsel:

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)
Laura Flahive Wu
Christian J. Pistilli
Andrew P. Stanner

10

COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
cpistilli@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 6th day of November, the foregoing "REPLY BRIEF IN SUPPORT OF MCKESSON CORPORATION'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING FORMER EMPLOYEE'S MISDEMEANOR PLEA" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy C. Hester*
Timothy C. Hester