UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v().                                                                                      Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.                                                                                        Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, *et al.*
    Defendants.

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE A STATEMENT OR LETTER FROM DEA

Plaintiffs City of Huntington and Cabell County Commission hereby submit this response in opposition to Defendants' Motion to Exclude Plaintiffs' "Improperly Obtained" Statement or Letter from the Drug Enforcement Administration ("DEA"). (Doc. # 1038). Defendants' motion sought to preclude the DEA from providing the Court with written clarification of the Agency's position concerning a registrant's duty to stop future controlled substance shipments to a customer until an order identified as suspicious was resolved.[1] *Id*. The U.S. Department of Justice ("DOJ") on behalf of the DEA, denied Plaintiffs' request, asserting that the record was already clear. *See*

---

[1] Ironically, despite having filed the above motion contending DEA clarification improper, Defendants recently filed their own supplemental authority in an attempt to clarify the DEA's position on another issue, submitting the DEA's Nov. 2, 2020 Notice of Proposed Rulemaking in the Federal Register. (Doc. # 1158).

Email from K. Phipps to the Parties, October 9, 2020. Defendants therefore seek to exclude a statement or letter that does not exist, and their motion should be denied for that reason.

I.     BACKGROUND

During Case Track One ("CT1") of MDL 2804, Deputy Administrator Thomas Prevoznik provided 30(b)(6) testimony on behalf of the DEA. When questioned by Plaintiffs, Mr. Prevoznik testified that once a distributor identifies an order as suspicious, the distributor should not ship further controlled substance orders until the basis for the suspicion is allayed. Later, after a series of convoluted questions asked by Defendants, Mr. Prevoznik indicated that a distributor could make a business judgment as to whether or not to ship future orders. While Mr. Prevoznik's testimony is consistent with the DEA's previous testimony that a registrant must evaluate a customer's orders based on its knowledge of its customer's business operations, Plaintiffs believed that it would aid the Court to have a clear and unambiguous statement from the responsible regulatory agency on this key issue. Plaintiffs requested that the DEA clarify its position through a limited *Touhy* request for testimony or written correspondence to the Court. The DOJ declined Plaintiffs' request on October 9, 2020, explaining that because "Mr. Prevoznik's deposition testimony speaks for itself," the DEA would decline "to provide the requested information at this time." *Id*.

II.    ARGUMENT

   A. <u>Defendants' Motion is Moot because Plaintiffs No Longer Intend to Elicit Additional Testimony on this Issue from the DEA.</u>

In response to Plaintiffs' suggestion that the DEA provide clarification, Defendants preemptively, and unnecessarily, filed a Motion to preclude the DEA from providing additional explanation. Defendants characterized Plaintiffs' request as a "backdoor, informal, and ex parte request" for a "clarifying statement." *See* Doc. # 1039 at 4. Plaintiffs' request for clarification of

2

the DEA's position on a matter of importance to all parties was both proper and appropriate to ensure a full and unambiguous record for the Court's consideration. *See Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir. 1980) (finding it was proper for the court to consider an affidavit created after an earlier deposition, even if it was inconsistent with certain earlier testimony because it served to explain aspects of the earlier deposition testimony rather than to contradict it). Plaintiffs properly sought clarification through correspondence *that included Defendants* and ensured that Defendants had notice of the issue. Given DOJ did not provide and Plaintiffs did (and do) not seek to compel the testimony, there is no evidence to address through this motion. Thus, Defendants' motion to exclude non-existent evidence should be denied as moot.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court **DENY** Defendants' Motion to Exclude Plaintiffs' Improperly Obtained Statement or Letter from DEA as **MOOT**.

Dated: November 12, 2020                                                                 Respectfully submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No. 12547) | Paul T. Farrell, Jr., Esq. (WVSB No. 7443) |
| Joseph F. Rice | **FARRELL LAW** |
| **MOTLEY RICE LLC** | P.O. Box 1180 |
| 28 Bridgeside Blvd. | Huntington, WV 25714-1180 |
| Mount Pleasant, South Carolina 29464 | 422 Ninth Street, 3rd Floor |
| Tel.: (843) 216-9000 | Huntington, West Virginia 25701 |
| Fax: (843) 216-9450 | office: 304.523.7285 |
| akearse@motleyrice.com | cell: 304.654.8281 |
| jrice@motleyrice.com | email: paul@farrell.law |

| | |
|---|---|
| Linda Singer<br>David I. Ackerman<br>**MOTLEY RICE LLC**<br>401 9th Street NW, Suite 1001<br>Washington, DC 20004<br>Tel: 202-232-5504<br>Fax: 202-386-9622<br>lsinger@motleyrice.com<br>dackerman@motleyrice.com | Anthony J. Majestro (WVSB No. 5165)<br>**POWELL & MAJESTRO, PLLC**<br>405 Capitol Street, P-1200<br>Charleston, West Virginia 25301<br>Tel.: (304) 346-2889<br>Fax: (304) 346-2895<br>amajestro@powellmajestro.com |
| Charles R. "Rusty" Webb (WVSB No. 4782)<br>**THE WEBB LAW CENTRE**<br>716 Lee Street, East<br>Charleston, West Virginia 25301<br>Tel.: (304) 344-9322<br>Fax: (304) 344-1157<br>rusty@rustywebb.com | Michael A. Woelfel (WVSB No. 4106)<br>**WOELFEL AND WOELFEL, LLP**<br>801 Eighth Street<br>Huntington, West Virginia 25701<br>Tel.: (304) 522-6249<br>Fax: (304) 522-9282<br>mikewoelfel3@gmail.com |

On Brief:

/s/ *Monique Christenson*
Monique Christenson (SC Bar No. 104063)
Natalie Deyneka
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464
Tel.: (843) 216-9000
Fax: (843) 216-9450
mchristenson@motleyrice.com
ndeyneka@motleyrice.com

4

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 12, 2020, the foregoing was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system as well as on all counsel via email to plaintiffs' listserv at mdl2804discovery@motleyrice.com and defendants' listservs at track2opioiddefendants@reedsmith.com.

/s/ <i>Monique Christenson</i><br>
Monique Christenson (SC Bar No. 104063)<br>
<b>MOTLEY RICE LLC</b>