**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br>    Plaintiff,<br><br>        v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br>    Defendants | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br>    Plaintiff,<br><br>        v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br>    Defendants | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STRIKE ERRATA OF JAMES E. RAFALSKI**

November 13, 2020

TABLE OF CONTENTS

*Page*

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

    I.    A DEPONENT MAY CORRECT AND CLARIFY TESTIMONY THROUGH ERRATA, AS DEFENDANTS PREVIOUSLY REPRESENTED TO THIS COURT. ................................... 1

    II.    MR. RAFALSKI'S ERRATA ARE CONSISTENT WITH HIS OPINIONS AND DO NOT PREJUDICE THE DEFENDANTS .................................................................................. 3

        A.    Errata Consistent with An Expert's Report or Prior Testimony Are Appropriate and Non-Prejudicial ............................................................... 3

        B.    Mr. Rafalski's Errata Are Consistent with His Opinions and Other Testimony ......................................................................................................... 4

            *1.*    *Mr. Rafalksi's Erratum Regarding Reporting Suspicious Orders Is Consistent with His Expert Report and Other Testimony* ............... 4

            *2.*    *Mr. Rafalski's Erratum Regarding His Methodology Is Consistent with His Expert Report and Other Testimony* ................................ 6

        C.    Defendants Are Not Prejudiced by the Clarifications and Corrections ............................................................................................................ 7

CONCLUSION ........................................................................................................................... 8

**INTRODUCTION**

Plaintiffs submit this memorandum in opposition to Defendants' Motion to Strike the Errata of James Rafalski (Dkt. #s 1140 and 1142). Following Mr. Rafalski's deposition, which stretched over more than 9 hours, Mr. Rafalski submitted a single page of errata to clarify and correct nine of his responses, two of which Defendants move to strike here. In one challenged erratum, Mr. Rafalksi provided two sentences to clarify a response which Defendants' insistence on a "yes or no" answer rendered imprecise. In the other, Mr. Rafalski supplied two missing words.[1] Mr. Rafalski's errata are consistent with the opinions set out in his expert report and the remainder of his extensive testimony and are not prejudicial. These corrections and clarifications are allowed under Rule 30(e) of the Federal Rules of Civil Procedure, which "courts generally construe … broadly to permit any changes." *Holland v. Cedar Creek Min., Inc.*, 198 F.R.D. 651, 652–53 (S.D.W. Va. 2001) (citations omitted). The broad, majority application of Rule 30(e) is particularly appropriate where, as here, the witness is an expert offering opinions consistent with his report and other testimony, may be subject to cross examination at trial, and where the trial will be a bench trial.

**ARGUMENT**

**I.   A DEPONENT MAY CORRECT AND CLARIFY TESTIMONY THROUGH ERRATA, AS DEFENDANTS PREVIOUSLY REPRESENTED TO THIS COURT.**

As this Court has held, Rule 30(e) "clearly recognizes that a deponent may make any 'changes in form or substance' [to the witness's testimony] which the witness desires," *Holland*, 198 F.R.D. at 652–53 (citing *Lugtig v. Thomas*, 89 F.R.D. 639, 641

---

[1] *See* Dkt. # 1140-1, Rafalski Errata.

1

(N.D.Ill.1981). Other courts,[2] including other courts within the Fourth Circuit,[3] as well as leading commentators, agree. *See* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2118). Indeed, Defendants themselves asserted *in this case* that deposition testimony *could* be substantively altered through errata. In support of Defendants' Motion for Summary Judgment: No Right to Abatement (Dkt. # 1005-1), Defendants repeatedly asserted that Cabell County witness Beth Thompson could have *changed her testimony* via submission of an errata sheet. *See*, *id.* at p. 12 n.36 ("Thompson had the opportunity to correct her testimony by timely submitting an errata sheet, but she did not."); p.12 (noting again that Thompson "did not submit an errata sheet to correct her testimony in any respect.").

Defendants erroneously imply that because Mr. Rafalski is an expert upon whom Plaintiffs rely, his substantive errata are not permissible under Rule 30(e). To the contrary, the nature of the witness is not determinative: experts are also permitted to correct and clarify their deposition testimony through errata, particularly where experts may be cross-examined at trial. *See, e.g., Glenwood Farms, Inc. v. Ivey*, 229 F.R.D. 34, 35 (D. Me. 2005) (motion to preclude expert's opinion based on corrected testimony and motion to strike errata denied where expert could be cross-examined at trial regarding changes and

---

[2] *See, e.g., Agrizap, Inc. v. Woodstream Corp.*, 232 F.R.D. 491, 493 n.2 (E.D. Pa. 2006) (collecting cases on the "majority view" of broad application); *Aetna Inc. v. Express Scripts, Inc.*, 261 F.R.D. 72, 75 (E.D. Pa.2009) (applying the "majority rule... that a deponent may make changes that contradict the original answers given"); *DeLoach v. Philip Morris Companies, Inc.*, 206 F.R.D. 568, 572–73 (M.D.N.C. 2002) (collecting cases regarding the "wealth" of cases applying the broad application and holding corrections to "clarify" testimony and "correct a misstatement" were appropriate under Rule 30(e)).

[3] *See, e.g. Foutz v. Town of Vinton, Virginia,* 211 F.R.D. 293, 294–95 (W.D. Va. 2002); *Gilliam v. Valmont-Columbia Galvanizing, Inc*., No. CA 3:13-1575-CMC, 2015 WL 4429350, at *1–5 (D.S.C. July 20, 2015) (permitting errata, including changing and an original answer of "no" to "yes" along with additional explanatory testimony). As Defendants note (Def. Mem., Dkt. 1142, at 5-7), the federal courts are split on whether to apply Rule 30(e) broadly as it is written or to constrain application to only permit typographical changes, and the Fourth Circuit has not yet taken up the issue.

additions to his testimony); *ConsulNet Computing, Inc. v. Moore*, 631 F. Supp. 2d 614, 625-626 (E.D. Pa. 2008) (proposed errata that allegedly contradicted and attempted to rewrite expert's original deposition testimony permitted where the expert would be available to testify at trial regarding the errata); *Aetna*, 261 F.R.D. at 75 (E.D. Pa. 2009) (expert's substantive errata permissible under Rule 30(e); expert could be cross examined at trial).

Defendants' Janus-like[4] assertion of a divergent position here regarding the application of Rule 30(e) is disingenuous and contrary to the well-reasoned authority of the courts endorsing the majority view. Mr. Rafalski's challenged errata are entirely within the scope of Rule 30(e).

## II.  MR. RAFALSKI'S ERRATA ARE CONSISTENT WITH HIS OPINIONS AND DO NOT PREJUDICE THE DEFENDANTS

Through the challenged errata, Mr. Rafalski clarifies and corrects two responses to Defendants' questions in a manner that renders them consistent with his voluminous other testimony and written opinions. No prejudice can result to the Defendants from such modifications, particularly because this is a bench trial where this Court, as the finder of fact *and* law, will be well apprised of the amended testimony, and because Mr. Rafalski can be cross-examined about the errata at trial.

### A.  Errata Consistent with An Expert's Report or Prior Testimony Are Appropriate and Non-Prejudicial

Where expert errata clarify or correct deposition testimony to align it to the expert's report or other stated opinions, as Mr. Rafalski's challenged errata do, the modifications are particularly appropriate. *See, e.g., Sivolella v. AXA Equitable Life Ins. Co.*, 2015 WL

---

[4] In Roman mythology, Janus is depicted as having two faces, looking in opposite directions.

4461583, at *2 (D.N.J. July 21, 2015) (expert's errata which was contradictory to her original deposition testimony "rendered her testimony consistent with her related testimony… as well as the contents of her expert report" and was permitted); *Battaglia v. United States*, 2010 WL 11561511, at *3 (N.D. Ohio Aug. 30, 2010) (expert errata permitted where it was consistent with other testimony); *Maga v. Hennessy Industries, Inc.*, 2014 WL 10051399, at *8 (D. Mass. Dec. 1, 2014) (expert errata permitted where "change appears to be consistent with the opinion in his expert report").

    **B.**    **Mr. Rafalski's Errata Are Consistent with His Opinions and Other Testimony**

          *1.*    *Mr. Rafalksi's Erratum Regarding Reporting Suspicious Orders Is Consistent with His Expert Report and Other Testimony*

The first challenged erratum relates to a series of questions asking about formula Mr. Rafalski used for flagging orders, during the course of which Defendants' asked "should all of these tens of millions of orders that you flagged in Method A have been reported to the DEA as suspicious? ***Yes or no***?" Mr. Rafalski originally responded "No," because Defendants requested a "yes or no" answer. However, upon review of the testimony, it became evident that, due to the Defendants' request for a "yes or no" answer, the response was so incomplete as to potentially be confusing. Accordingly, in his erratum, Mr. Rafalski clarified his response to more fully states his answer as "No, I can't tell what realistically should have been reported because the due diligence conducted by the defendants was insufficient. Because of this failure on their part, defendants would have no option but to report every flagged order."[5]

---

[5] *See* Dkt. # 1140-1, Rafalski Errata.

Mr. Rafalksi's erratum renders his incomplete answer consistent with his opinions offered through his expert report and testimony in this matter. Mr. Rafalski opined in his expert report that where due diligence does not clear the suspicion or where there is insufficient due diligence, flagged orders should be reported to the DEA:

> Based on my education, background, and experience, as well as my review of relevant documents, the absence of adequate distributor due diligence and failure to respond to indicators of suspicious orders as described in this report constitutes the Defendants' failures to comply with the requirements of the Controlled Substances Act. It is my opinion that this misconduct led to the excess quantity of opiate pills flooding the illicit market in Huntington and Cabell County. Methodologies A and B above are designed to identify orders of "unusual size" pursuant to 21 CFR 1301.74(b). Therefore, by definition, the orders identified by these methodologies are suspicious under the Controlled Substances Act and must be reported to the DEA. I have seen no evidence in the Defendants' productions provided to me that the Defendants conducted adequate due diligence on the orders identified in Methodologies A and B or reported the orders to the DEA as required by law.[6]

Consistent with his report and his erratum, Mr. Rafalski also testified in his deposition that "the purpose of applying the algorithm to the data" was not to identify "orders that should have been reported to the DEA" but rather was to identify flagged orders on which due diligence should have been performed.[7] Whether orders should be reported involves a broader analysis than "just to – apply the algorithm to their transactional data and then say they should have reported them" – which was the "yes or no" question at issue posed by the Defendants prior to the erratum answer at issue here.[8] Mr. Rafalski further testified, where a flagged "order is determined to be suspicious…it []

---

[6] *See* Dkt. # 1097, 10-A, Rafalski CT2 Expert Report, at p. 51.

[7] *See* Exh. A, Rafalski Dep., Sept. 11, 2020 at pp. 102-104.

[8] *See id.* at pp. 102-104.

should be reported to the DEA."[9] While "due diligence can clear up any suspicion," he observed "systemic failures" in Defendants' due diligence such that he made the assumption that the suspicion was not cleared regarding the flagged orders.[10] Based on his review of the Defendants' due diligence files, Mr. Rafalski testified that he had a "high expectation" that insufficient due diligence occurred on the flagged orders, though he did not have the "ability to look at specific orders [and conclude regarding specific orders that Defendants would have] to report to the DEA" and therefore did not "have a number."[11] Mr. Rafalski testified that his methodology was not to just reach conclusions solely based on the application of algorithms, but "was to set out the triggers" for flagged orders through the use of the algorithms and "then[,] with the assumption [sufficient due diligence was not performed, to] identify the orders that should have been reported."[12]

Accordingly, the first challenged erratum is consistent with Mr. Rafalski's opinion and testimony that while the flagging formula alone cannot indicate which orders should have been reported as suspicious, where there is *also* evidence that a distributor failed to perform adequate due diligence to clear the suspicion, the order must be reported as suspicious.

        2.    *Mr. Rafalski's Erratum Regarding His Methodology Is Consistent with His Expert Report and Other Testimony*

The second challenged erratum relates to application of the flagging methodology. Defendants asked how many "initial orders" were accounted for in the flagging methodology in comparison to subsequent orders which were flagged based on that "initial

---

[9] *See id.* at p. 383.

[10] *See id.* at p. 382-388, 391-395.

[11] *See id.* at pp. at 102-104.

[12] *See id.* at p. 393.

order." While Mr. Rafalski answered "one initial order," implicit in his response was the understanding that he meant one initial order "per pharmacy," which were the two words his erratum added to clarify the response.[13] Again, this erratum is wholly consistent with Mr. Rafalski's expert report and other testimony.

In his expert report, Mr. Rafalski opines regarding the flagging methodology: "once an order **by a pharmacy** is flagged and the distributor does not conduct sufficient due diligence to dispel the suspicion of diversion, each subsequent order **by that pharmacy** is also flagged."[14] Accordingly, the challenged erratum is consistent with his expert report.

The erratum is also consistent with Mr. Rafalski's other testimony. Anticipating that his initial response included a tacit, but unspoken, understanding that the flagging analysis was done on a pharmacy-by-pharmacy, and not Defendant-wide, basis, Mr. Rafalski also clarified this response in his deposition. Mr. Rafalski testified that when he said "one initial order," he meant "one triggering order for each of [the Defendant's] customers" – *i.e.* one triggering order per pharmacy.[15]

Accordingly, the second challenged erratum is consistent with Mr. Rafalski's expert report and testimony that the triggering analysis is performed on a pharmacy by pharmacy basis.

    **C.**    **Defendants Are Not Prejudiced by the Clarifications and Corrections**

Because the challenged errata are consistent both with Mr. Rafalski's expert report and his other deposition testimony in this matter, Defendants have had ample opportunity to examine Mr. Rafalski about these opinions and can suffer no prejudice by the corrections

---

[13] *See* Dkt. # 1140-1, Rafalski Errata.

[14] *See* Dkt. # 1097, 10-A, Rafalski CT2 Expert Report, at p. 47 (emphasis added).

[15] *See* Exh. A, Rafalski Dep., at p. 395.

7

and clarifications to his testimony. This is not a situation in which an expert or other witness offers a wholly new opinion which the challenging party has not been permitted to conduct an examination.[16] Further, because Mr. Rafalski will testify at trial, Defendants may conduct additional cross-examination at that time. Finally, because this is a bench trial, the finder of fact and law will be well familiar with the errata by virtue of also having considered and decided this motion.

## CONCLUSION

For the foregoing reasons, this Court should deny in its entirety Defendants' Motion to Strike the Errata of James E. Rafalski.

Dated:  November 13, 2020                         Respectfully submitted,

THE CITY OF HUNTINGTON                           CABELL COUNTY COMMISSION

/s/ *Anne McGinness Kearse*                      /s/ *Peter J. Mougey*
Anne McGinness Kearse                            Peter J. Mougey, Esq.
WVSB No. 12547                                   LEVIN, PAPANTONIO, THOMAS
Joseph F. Rice                                   MITCHELL, RAFFERTY & PROCTOR, P.A.
MOTLEY RICE LLC                                  316 South Baylen Street, Suite 600
28 Bridgeside Blvd.                              Pensacola, FL 32502-5996
Mount Pleasant, SC 29464                         Telephone: (850) 435-7068
Tel: 843-216-9000                                Facsimile: (850) 436-6068
Fax: 843-216-9450                                pmougey@levinlaw.com
akearse@motleyrice.com
jrice@motleyrice.com

---

[16] *Cf.*  Ruling Regarding Plaintiffs' "Errata," *In re: National Prescription Opiate Litigation*, 1:17-md-02804, Dkt. # 2799 (N.D. Ohio, Oct. 13. 2019) (disallowing "errata" changes to an expert's opinion which constituted "new expert opinions" not previously given and would "potentially change the course of the trial.")

8

/s/ *Anthony J. Majestro*
Anthony J. Majestro
WVSB No. 5165
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

Linda Singer
David I. Ackerman
MOTLEY RICE LLC
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel:  202-232-5504
Fax:  202-386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com

Charles R. "Rusty" Webb
WVSB No. 4782
THE WEBB LAW CENTRE, PLLC
716 Lee Street, East
Charleston, West Virginia 25301
Telephone: (304) 344-9322
Facsimile: (304) 344-1157
rusty@rustywebb.com

/s/ *Paul T. Farrell, Jr.*
Paul T. Farrell, Jr.
WVSB No. 7443
FARRELL LAW
422 Ninth Street, 3rd Floor
Huntington, WV 25701
Tel: (304) 654-8281
paul@farrell.law

Michael A. Woelfel
WVSB No. 4106
WOELFEL AND WOELFEL, LLP
801 Eighth Street
Huntington, West Virginia 25701
Tel. 304.522.6249
Fax. 304.522.9282
mikewoelfel3@gmail.com

*On the Brief:*

Page A. Poerschke, Esq.
Laura S. Dunning, Esq.
LEVIN, PAPANTONIO, THOMAS
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Telephone: (850) 435-7068
Facsimile: (850) 436-6068
ppoerschke@levinlaw.com
ldunning@levinlaw.com

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system. Parties may access this filing through the Court's system. This filing will also be served on all parties by email to: Track2OpioidDefendants@ReedSmith.com and mdl2804discovery@motleyrice.com.

*/s/ Peter J. Mougey*