IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO EXCLUDE UNDISCLOSED EXPERT TESTIMONY
FROM NON-RETAINED EXPERT WITNESSES**

    Plaintiffs do not dispute that they failed to disclose summaries of the facts and opinions to which 21 non-retained expert witnesses would testify, required by Rule 26(a)(2)(C). Under the Court's May 2019 scheduling order, expert disclosures were due on August 3, expert depositions were to be completed by September 15, and *Daubert* motions were due on September 22.[1]  Not until October 30, ***more than 85 days after expert disclosures were due***, did

---

[1] Dkt. No. 410, at 4.

Plaintiffs filed a "supplemental" Rule 26(a)(2)(C) disclosure that for the first time provided the required disclosures of their non-retained experts' opinions. Plaintiffs completely missed the deadlines set by the Court.

As to 13 of the 21 witnesses, Plaintiffs claim "no harm, no foul" because they have now withdrawn 13 of these witnesses as experts.[2] Regarding the other eight, Plaintiffs state they have made adequate disclosure because "Defendants have deposed all of the remaining witnesses, and Plaintiffs do not intend to offer expert opinions from these witnesses beyond those offered in their depositions." Opp. 1. That these witnesses have been deposed as fact witnesses, however, is no answer. For six of the eight, the depositions occurred before Plaintiffs had identified the witnesses as non-retained experts, so Defendants had no reason to inquire about their undisclosed opinions. For the other two, Defendants could only conduct a deposition designed to elicit their opinions. Not knowing what their opinions were in advance, Defendants could not prepare to take a deposition that would challenge those opinions.

In sum, Plaintiffs' Supplemental Disclosures are untimely and prejudice Defendants. There is no dispute about whether the 21 witnesses should be considered non-retained experts. Plaintiffs so designated them at the outset, describing them as "witnesses … who are not retained experts … but whose testimony, while factual in nature, may include information that may be

---

[2] Or have they withdrawn only eleven? Plaintiffs' Supplemental Disclosures (Dkt. No. 1144) provide summaries for eight witnesses, and Plaintiffs' Opposition (Dkt. No. 1146) on one page refers to eight remaining non-retained expert witnesses. But on another page, the Opposition states that "Plaintiffs have now served a supplemental Rule 26(a)(2)(C) disclosure which sets forth a summary of the opinions of the remaining *ten* hybrid fact/expert witnesses." Compare Opp. 1 with Opp. at 3. The Opposition also says that Plaintiffs may offer opinion testimony from Zach Hansen (who is not among the eight witnesses listed in the Supplemental Disclosures), Opp. at 3, but then says Plaintiffs will not offer opinion testimony from him, *id*. at 3 n.6; *see also* Supp. Disclosures at 2 n.2.

considered 'expert testimony.'"[3]  Rule 26(a)(2)(C) is clear what disclosure is required for such witnesses.  Plaintiffs simply flouted the Rule.

## ARGUMENT

### A. Rule 26 Does Not Permit Expert "Disclosures" By Deposition

Rule 26 requires disclosure of expert opinions *before* experts are deposed. That is true whether the expert is retained or not.  If retained, the sponsoring party must submit a full report for the expert; if non-retained, the sponsoring party must still disclose (i) the subject matter on which the witness is expected to provide evidence" and (ii) "a summary of the facts and opinions to which the witness is expected to testify."  Plaintiffs identified the 21 (now 8 or 10) witnesses in question as "witnesses … who are not retained experts" but whose testimony" may be considered 'expert testimony.'"  Yet Plaintiffs disregarded the plain command of Rule 26(a)(2)(C) to disclose the expected opinions of these experts.

If a party could elect to omit the expert disclosures required by Rule 26(a)(2)(C) and force its opponent to ferret out the expert's opinions in deposition, then the Rule would be a dead letter.  Timely disclosure does two things.  It allows the deposing party, who already knows what the witness's opinions are, to make efficient use of its limited time to begin immediately exploring those opinions.  And timely disclosure also affords the deposing party the opportunity to prepare to confront and challenge the opinions, if the party believes it advantageous from a tactical standpoint to attack the opinions rather than merely elicit them in full.

The Federal Rules of Civil Procedure reflect a commitment to disclosure, not ambush or gamesmanship. Plaintiffs say no harm was done, but they are wrong.

---

[3]  Plaintiffs' Expert Reports and Disclosure of Plaintiffs' Experts (Dkt. No. 825) at 3.

1. **The six witnesses who were deposed *before* their identication as non-retained experts**

Defendants deposed six of the eight non-retained experts *before* Plaintiffs disclosed their status.[4] For them, Defendants had no way of knowing that the witnesses held expert opinions or that Plaintiffs intended to present the witnesses as experts. Indeed, in several of these depositions, counsel representing the witnesses stated the witness was not there to testify as an expert, and *plaintiffs' counsel specifically agreed*.[5] It mocks the Rule to claim that taking the depositions of these witnesses—blind to the fact that Plaintiffs intended to present them at trial as non-retained experts—satisfies the Rule's purpose. The appropriate sanction for Plaintiffs' flagrant violation of the Rule is exclusion of the witnesses' expert opinions.

2. **The two witnesses who were deposed *after* their identification as non-retained purported experts, but without prior disclosure of their opinions**

Plaintiffs identified Dr. Stephen Petrany as a potential expert on August 4, 2020, just two days before his scheduled deposition on August 6. As of that date, Plaintiffs had not disclosed any summary of Dr. Petrany's expert opinions, and, at the deposition, his personal counsel

---

[4] As of August 4, 2020, when Plaintiffs identified their retained and non-retained experts, Defendants had deposed Christina Mullins (July 14), Dr. Michael Kilkenny (July 21), Dr. Kevin Yingling (July 24), Dr. Todd Davies (July 28), Dr. David Chaffin (July 29), and Dr. Lyn O'Connell (July 31). (Plaintiffs filed their disclosure under seal on August 3, 2020, but did not provide it to Defendants until August 4, 2020.)

[5] Davies Tr. 39:10-23 (Ex. 1) ("MR. JONES: Before you move on, this isn't necessarily an objection but an observation. You know, Dr. Davies is here as a fact witness. He's not a retained expert. MR. BURNETT: Yeah. Yeah. MR. JONES: He's not here to opine on expert matters for trial purpose. So -- MR. BURNETT: Sure. That's fair. MR. JONES: -- if you can, let's try and just keep it to fact matters to the best - the best of our ability. MR. BURNETT: That's fair. Yep."); Chaffin Tr. 11:10-24 (Ex. 2) ("MR. JONES: I'd like to briefly interject with perhaps not so much of an objection but an observation. Dr. Chaffin is here as a fact witness. He's not a retained expert. To my knowledge, he's not been compensated as an expert of any testimony. So I would direct him to answer this question and the line of questions to the extent that he has personal knowledge of the facts. MS. WILDE: Yes. And if I didn't make that clear, that is what I want, Dr. Chaffin.").

interjected that Dr. Petrany would be testifying *only* as a fact witness ("He's not here as an expert witness; he's here as a fact witness.").[6] Plaintiffs' counsel did not contradict this representation, nor did Dr. Petrany.[7] When the witness's counsel represents that he is not an expert witness and both the witness and Plaintiffs tacitly agree, Defendants can hardly be expected to conduct the deposition as if he were an expert.

Defendants deposed Dr. Rahul Gupta in September, but Plaintiffs still had not disclosed any summary of his opinions by that time. Moreover, Dr. Gupta is, in fact, a retained expert, albeit in the parallel MLP litigation. His expert testimony should be excluded for the reasons set forth in the pending motion specific to his circumstances.[8]

### B. Exclusion Is Mandatory

Rule 37(c)(1) requires "absolute compliance" with the disclosure requirements of Rule 26(a). *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Failure results in mandatory exclusion of the non-disclosed evidence. Fed. R. Civ. P. 37(c)(1); *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 869 (7th Cir. 2005). This Court ordered that expert disclosures be made by August 3. (Dkt. No. 410, at 4.) Plaintiffs provided only brief biographical information; they did not provide the requisite summaries of the experts' facts and opinions. The obvious deficiency of Plaintiffs' August 3 disclosures was confirmed by the supplemental disclosures, which included the missing information. But those supplemental disclosures were not made until October 30, more than 85 days after those disclosures were due. Thus, Plaintiffs entirely missed the Court's deadline for expert disclosures. That in turn

---

[6] Petrany Tr. 155:9-10 (Ex. 3).

[7] Petrany Tr. 155:9-13 (Ex. 3).

[8] Defendants' Motion to Exclude the Testimony of Dr. Rahul Gupta (Dkt. No. 1051).

frustrates the orderly pretrial process for expert depositions, summary judgment motions and Daubert motions—which have already taken place as scheduled—because Plaintiffs failed to abide by the Court's schedule for these required disclosures.

Plaintiffs suggest that their breach might be rescued by the exception in Rule 37(c)(1) for nondisclosures that are "substantially justified" or "harmless." But Plaintiffs have not offered any real justification for their non-disclosure and that non-disclosure is not harmless.

Plaintiffs' only purported justification is that they "reasonably believed that their disclosures were sufficient." Opp. 12. But Plaintiffs do not explain how that belief could be "reasonable" when their August 3 disclosure identified the witnesses as having expert opinions under the caption, "Witnesses Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2)(C)," yet provided *no* "statement of the facts and opinions to which the witness[es] [are] expected to testify," as required by that very Rule. Notably, when Defendants raised the missing disclosures in September, Plaintiffs did not claim that they reasonably believed the disclosures were sufficient; they argued it was too late for Defendants to seek exclusion.[9]

Plaintiffs' non-disclosure was not harmless, as explained above. Defendants took six depositions without knowledge that the witnesses would offer expert opinions at trial; took a seventh where the witness's counsel represented that he would not offer expert opinions; and took the eighth of an expert who is, in fact, retained and for whom Plaintiffs were required to provide a written report.

## Conclusion

If Plaintiffs are allowed to offer opinions from their nonretained expert witnesses despite their undisputed failure to make the required disclosures in accord with the Court's deadlines, it

---

[9]  *See* September 21, 2020 email exchange between Jennifer Wicht and Anthony Majestro (copy attached as Exhibit 4).

effectively would nullify Rule 26(a)(2)(C)(ii), and it would seriously and unjustifiably prejudice Defendants. Rule 37 therefore obliges the Court to order exclusion.

Dated:  November 13, 2020                                             Respectfully submitted,

**CARDINAL HEALTH, INC.**

/s/ Steven R. Ruby
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
**CAREY DOUGLAS KESSLER & RUBY PLLC**
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

/s/ Enu Mainigi
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com
jwicht@wc.com

**AMERISOURCEBERGEN DRUG CORPORATION**

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

/s/ Gretchen M. Callas
Gretchen M. Callas (WVSB #7136)
**JACKSON KELLY PLLC**
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

**MCKESSON CORPORATION**

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
**FLAHERTY SENSABAUGH BONASSO PLLC**
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Timothy C. Hester*
Timothy C. Hester
Paul W. Schmidt
Christian J. Pistilli
Laura Flahive Wu
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
pschmidt@cov.com
cpistilli@cov.com
lflahivewu@cov.com

## CERTIFICATE OF SERVICE

      The undersigned counsel hereby certifies that on this 13th day of November, 2020, the foregoing *Reply in Support of Defendants' Motion to Exclude Undisclosed Expert Testimony From Non-Retained Expert Witnesses* was served upon counsel of record electronically.

                                        */s/ Steven R. Ruby*
                                        Steven R. Ruby (WVSB #10752)