Highly Confidential - Subject to Further Confidentiality Review

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CITY OF HUNTINGTON,
WEST VIRGINIA,

    Plaintiff,

vs.                            CASE NO. 3:17-cv-01362

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,

    Defendants.
_____

CABELL COUNTY COMMISSION,

    Plaintiff,

vs.                            CASE NO. 3:17-cv-01665

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,

    Defendants.
_____

HIGHLY CONFIDENTIAL - SUBJECT TO FURTHER
CONFIDENTIALITY REVIEW
WITNESS: TODD DAVIES, Ph.D.
_____

        The remote videotaped deposition of Todd Davies, Ph.D. was remotely taken before Janine N. Leroux, Stenographic Court Reporter on Tuesday, July 28, 2020, commencing at the approximate hour of 8:14 a.m. Said deposition was taken for purposes of discovery, for use at trial, or for such other purpose under the Federal Rules of Civil Procedure.

Highly Confidential - Subject to Further Confidentiality Review

Page 2

```
 1   APPEARANCES:
 2
     DAVID BURNETT, ESQUIRE
 3   ANNE KEARSE, ESQUIRE
     MONIQUE CHRISTENSON, ESQUIRE
 4   MOTLEY RICE LLC
     28 Bridgeside Boulevard
 5   Mount Pleasant, South Carolina 29464
     akearse@motleyrice.com
 6   dburnett@motleyrice.com
     mchristenson@motleyrice.com
 7
     APPEARING REMOTELY ON BEHALF OF THE PLAINTIFFS
 8
 9   SHANA E. RUSSO, ESQUIRE
     REED SMITH LLP
10   506 Carnegie Center
     Suite 300
11   Princeton, New Jersey 08540
     srusso@reedsmith.com
12
     APPEARING REMOTELY ON BEHALF OF AMERISOURCEBERGEN
13
14   JOEL P. JONES, JR., ESQUIRE
     CAMPBELL WOODS, PLLC
15   1002 Third Avenue
     Huntington, West Virginia 25719
16   joeljones@campbellwoods.com
17   APPEARING REMOTELY ON BEHALF OF TODD DAVIES, Ph.D.
18
     CLAYTON BAILEY, ESQUIRE
19   COVINGTON & BURLING, LLP
     One CityCenter
20   850 Tenth Street, NW
     Washington, DC 20001
21   cbailey@cov.com
22   APPEARING REMOTELY ON BEHALF OF McKESSON
23
     ALSO APPEARING REMOTELY:
24
     DEVYN MULHOLLAND, VIDEOGRAPHER
25   ALYSSA CONN
```

Page 4

```
 1           EXHIBITS CONTINUED
 2   AMERISOURCEBERGEN'S           FOR IDENTIFICATION
 3   Exhibit No. 14  Corrected Joint and        164
                     Third Amended Complaint
 4
 5   Exhibit No. 15  Dr. Davies' LinkedIn Page  175
 6   Exhibit No. 16  05/01/19 Email             216
                     GCSAPT_FEDWV_00007405 - 7407
```

Page 3

```
 1              INDEX
 2   WITNESS:  TODD DAVIES, Ph.D.           PAGE
 3   DIRECT EXAMINATION
        By Mr. Burnett ........................   6-134
 4
     DIRECT EXAMINATION
 5      By Ms. Russo...........................   134-241
 6
     REPORTER'S CERTIFICATE (Read & Sign)......   243-245
 7
 8          E X H I B I T S
 9   PLAINTIFF'S              FOR IDENTIFICATION
10   Exhibit No. 1   Dr. Davies' Research Interests   9
11   Exhibit No. 2   Dr. Davies' Biosketch            9
12   Exhibit No. 2A  Dr. Davies' Curriculum Vitae   182
13   Exhibit No. 3   PROACT  Document               42
                     MarshallHealth-00000001 - 07
14
     Exhibit No. 4   Native Document Coversheet     73
15                   MarshallHealth-00002227
16   Exhibit No. 5   Exposed Births/NAS - List      73
17   Exhibit No. 6   Addictive Behaviors - Article  89
18   Exhibit No. 7   Novel Withdrawal Symptoms     102
19   Exhibit No. 8   Polydrug Abuse - Article      103
20   Exhibit No. 9   Management Strategy - Article 105
21   Exhibit No. 10  Opioid Use Disorder - Chart   109
22   Exhibit No. 11  OUD Population - Chart        115
23   Exhibit No. 12  West Virginia Overdose        121
                     Deaths - Chart
24
     Exhibit No. 13  Marshall MAT-LINK Project App 129
25                   MarshallHealth-00000693 - 717
```

Page 5

```
 1        THE VIDEOGRAPHER:  We are now on the
 2   record.  My name is Devn Mulholland.  I'm a
 3   videographer with Golkow Litigation Services.
 4   Today's date is July 28th, 2020.  The time is
 5   8:14 a.m. Eastern Time.
 6        This remote video deposition is being
 7   held in the matter of Opioid Litigation, City
 8   of Huntington, West Virginia vs.
 9   AmerisourceBergen, et al.  The deponent is
10   Todd Davies, Ph.D.
11        All parties to this deposition are
12   appearing remotely and have agreed to the
13   witness being sworn in remotely.  Due to the
14   nature of remote reporting, please pause
15   briefly before speaking to ensure all parties
16   are heard completely.
17        Counsel will be noted on the
18   stenographic record.  The court reporter is
19   Janine Leroux and will now swear in the
20   witness.
21        THE COURT REPORTER:  Raise your right
22   hand, please.  Do you swear or affirm to tell
23   the truth, the whole truth, nothing, but the
24   truth?
25        THE WITNESS:  I do.
```

Highly Confidential - Subject to Further Confidentiality Review

Page 38

1    And you referred to MAT, or medically
2    assisted treatment I believe is -- is the term, is
3    that right?
4       A   Medication-assisted treatment.
5       Q   Right. What is medication-assisted
6    treatment?
7       A   So when you -- when you -- when folks
8    are treated with addictions, so we look at the
9    treatment, and the treatment is the psychosocial,
10   it's -- it's the cognitive behavioral therapy.
11   It's the, you know, recreation of healthy social
12   systems. It's all of the behavior -- you know,
13   opioid use disorder, substance use disorder are
14   behavioral health issues. And so it's that
15   behavioral health portion is the treatment.
16          Now, some folks have trouble
17   stabilizing their dopamine system. So if you
18   don't have a healthy dopamine system, then it --
19   it's hard to be receptive to cognitive behavioral
20   therapy. There's the high -- you know, high level
21   of relapse for -- for those individuals, and so
22   what you have is either methadone or buprenorphine
23   is used. They're opiates. They're -- methadone
24   is an agonist/antagonist. Buprenorphine is a
25   partial agonist/partial antagonist. Or you have

Page 39

1    Vivitrol, which is an antagonist opioid therapy,
2    that you use to help stabilize these patients in
3    terms of their dopamine system, so the cognitive
4    behavioral therapy is more effective.
5       Q   Okay. So to summarize then, MAT is one
6    way of addressing opioid use disorder?
7       A   It's a pharmacologically-assisted
8    treatment for opioid use disorder.
9       Q   Right. In your opinion, is MAT
10   effective in treating opioid use disorder?
11      A   Well -- and, you know -- yeah.
12          MR. JONES: Before you move on, this
13      isn't necessarily an objection but an
14      observation. You know, Dr. Davies is here as
15      a fact witness. He's not a retained expert.
16          MR. BURNETT: Yeah. Yeah.
17          MR. JONES: He's not here to opine on
18      expert matters for trial purpose. So --
19          MR. BURNETT: Sure. That's fair.
20          MR. JONES: -- if you can, let's try and
21      just keep it to fact matters to the best --
22      the best of our ability.
23          MR. BURNETT: That's fair. Yep.
24   BY MR. BURNETT:
25      Q   Dr. Davies, are you familiar with local

Page 40

1    MET resources in the Cabell Huntington area?
2       A   I am fairly familiar, yes.
3       Q   Just, you know, broadly speaking,
4    what -- what are -- what are the main avenues to
5    obtain MAT locally?
6       A   Well, you've got PROACT, which is
7    the -- which is a collaboration between Marshall
8    Health and Valley Health where you get a
9    buprenorphine MAT. There's the Huntington
10   Comprehensive Treatment Center where you can get
11   methadone or a buprenorphine MAT. I think both of
12   them provide some Vivitrol. There's -- there's a
13   couple of other agencies.
14          Recovery Point has just opened a
15   behavioral health center where they provide
16   Vivitrol-based medications, just the treatment.
17   Those are the primary sources.
18          Prestera Center, we can't forget them.
19   They're a licensed behavioral health center in --
20   in the community. They provide I think all three
21   MAT depending on -- on the -- on the sources.
22   Although their specialty is really the compound
23   issues where people have multiple behavioral
24   health issues.
25      Q   Okay. And based on your understanding,

Page 41

1    is it fair to say that those outlets need more
2    resources so they are able to provide more care to
3    more people?
4       A   Well, I mean I'm not in their books,
5    but they all say they do.
6       Q   Right. Okay. So in addition to
7    providing MAT, do those outlets also provide
8    counseling and other forms of therapy?
9       A   Of course. I mean that's -- you can't
10   have MAT without counseling.
11      Q   Right. Okay. Is it your view that
12   there is an opioids epidemic in the Cabell
13   Huntington area currently?
14          MS. RUSSO: Objection to form.
15          THE WITNESS: I don't know, what is
16      that?
17          MR. JONES: Defense counsel objected to
18      the form of the question, but you can answer
19      the question.
20          THE WITNESS: Okay. Sorry.
21      A   I just -- well, I mean it -- you have
22   to -- first, you have to define what -- what
23   epidemic is, right?
24      Q   Sure.
25      A   Is there a -- is there a -- a higher

Highly Confidential - Subject to Further Confidentiality Review

Page 242

```
 1        THE VIDEOGRAPHER:  Going off the record.
 2     The time is 2:20 p.m.
 3            (Thereupon, the deposition
 4              concluded at 2:20 p.m.)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 243

```
 1
 2                    CERTIFICATE
 3
 4         I, JANINE N. LEROUX, Court Reporter and
 5     Notary Public, certify that the facts
 6     stated in the caption hereto are true, and
 7     that at the time and place stated in said caption
 8     the witness named in the caption hereto remotely
 9     appeared before me.
10
11         I further certify that after being duly
12     sworn by me the witness was examined by counsel
13     for the parties, and that said testimony was taken
14     in stenotype by me and later reduced to
15     computer-aided transcription, and that the
16     foregoing is a true record of the testimony given
17     by said witness.
18
19         The foregoing deposition has been
20     submitted to the witness for reading and signing.
21
22
23         _____
                JANINE LEROUX - COURT REPORTER
24              NOTARY PUBLIC
                MY COMMISSION EXPIRES: NOVEMBER 26, 2023
25
```

Page 244

```
 1        I, _____, state that I have
 2     read the foregoing examination under oath and that
 3     it is a true and complete transcript of the
 4     testimony given by me on July 28th, 2020 together
 5     with corrections, if any, on the attached errata
 6     sheet.
 7
 8        _____
 9         Todd Davies, Ph.D.
10
11     STATE OF _____
12     COUNTY OF _____
13
14
15     Signed before me on this the _____ day of
16     _____, 2020.
17     My commission expires:
18
19     _____
20     NOTARY PUBLIC
21
22
23
24
25
```

Page 245

```
 1              ERRATA SHEET
 2         WITNESS:  TODD DAVIES, Ph.D.
 3
 4     Page/Line           Change/Reason
 5     _____
 6     _____
 7     _____
 8     _____
 9     _____
10     _____
11     _____
12     _____
13     _____
14     _____
15     _____
16     _____
17     _____
18     _____
19     _____
20     _____
21     _____
22     _____
23     _____
24
25
```