# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01665 |

## OBJECTION TO ORDER PROVIDING FOR USE OF
## THIRD-PARTY DISCOVERY IN RELATED STATE COURT LITIGATION

Pursuant to the Order Providing for Use of Third-Party Discovery in Related State Court Litigation, ECF No. 1118 ("the Order"), the United States of America objects to the disclosure of documents, deposition testimony, and other materials originally produced in *In re: National Prescription Opiate Litigation,* MDL Number 2804, Case No. 17-md-2804-DAP (N.D. Ohio) ("the MDL") if such disclosure is not made subject to the protective order entered in that same litigation, "Case Management Order No. 2: Protective Order," ECF No. 441, May 15, 2018 ("the MDL Protective Order").

The United States Attorney's Office for this district received a copy of this Court's Order on November 10, 2020, along with a notice from counsel for the defendants McKesson Corporation, Cardinal Health, and AmerisourceBergen Drug Corporation.  The notice states that the defendants intend to share all documents, deposition testimony, and other materials obtained from the United States in the above-captioned litigation or in the MDL with the parties to a pending opioid litigation in state court.  These materials include documents and testimony that the United States designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL —ATTORNEY EYES ONLY" ("the Federal Protected Material").  The defendants received the Federal Protected Material subject to the MDL Protective Order.  They now intend to give that material to state court litigants who have not adopted the MDL Protective Order.

This Court's Order finds that transferring the Federal Protected Material to the state court litigants will "realize efficiencies in discovery" across related litigation. ECF No. 1118 at 1.  In general, the United States does not object to efficient sharing of documents obtained in the MDL with parties in related litigation, so long as any privileged or protected material remains subject to the MDL Protective Order.  In the ever-expanding, nationwide matrix of opioid litigation, efficiency in discovery cannot be realized without consistency.  To realize both, the United States asks the Court to amend the Order as to the Federal Protected Material to make the proposed disclosure subject to the terms of the MDL Protective Order and all federal court rulings and stipulations applicable to any of the disclosed Federal Protected Material.  For the

reasons set forth below, substituting a "substantially similar" order issued by the state court[1] for the MDL Protective Order does not adequately resolve the federal government's objection.

The Federal Protected Material contains information that is confidential and protected under federal law. Further, federal regulations govern the disclosure of official agency information by federal employees and agencies. *See* 28 C.F.R. §§ 16.21-.29 (Department of Justice *Touhy* regulations). The United States Supreme Court has long recognized the authority of federal agencies to regulate the disclosure of information by their employees in cases where the United States is not a party. *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951). *See also* "Memorandum Opinion and Order," ECF No. 832 (providing a detailed discussion of *Touhy* as applied in the Fourth Circuit).

The defendants have stated that if the Federal Protected Material is not shared with the state court litigants, then those litigants will issue new subpoenas compelling production of the Federal Protected Material in their case. The Order requires that any objection filed explain why efficiency and judicial economy would be better served by that approach. In the case of the United States, a state court would be barred by sovereign immunity from enforcing subpoenas for the Federal Protected Material. *See United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999), *cert. denied*, 525 U.S. 854 (1999) ("This case places before the court the issue of whether a state court has jurisdiction to compel the FBI to produce documents subpoenaed by a defendant in the course of a state criminal prosecution. We conclude that it does not."); *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (state courts lack authority to enforce subpoenas against the

---

[1]"Stipulated Protective Order," *In re: Opioid Litigation*, Civil Action No. 19-C-9000, ID 65810931, Circuit Court of Kanawha County, West Virginia, July 30, 2020.

federal government).  *See also State ex rel. Massey v. Hun*, 478 S.E. 2d 579, 581-82 (W.Va. 1996) (sovereign immunity bars state courts from compelling federal officers to take action).

The federal government consented to produce the Federal Protected Material subject to the terms of the MDL Protective Order.  In doing so, the United States relied on the restrictions and remedies in that order, including the continuing jurisdiction of the federal court to resolve disputes.  Here the defendants intend to exceed the bounds of that order, without consent, by disseminating the Federal Protected Material to parties who may not be bound by the MDL Protective Order and conferring jurisdiction to resolve disputes on a state court.  Such non-consensual amendment or abrogation of protective orders undermines hard-won compromises and may chill future use of these important civil discovery tools.

To achieve the dual aims of efficiency and consistency in discovery across related litigation, we respectfully request that the Court condition the disclosure of the Federal Protected Material as follows.  The defendants, as the disclosing parties, must first receive a completed copy of the certification contained in Exhibit A to the MDL Protective Order from any intended recipient of that material.  The recipient's right of access to the Federal Protected Material is co-extensive with that of the defendants.  If the United States recalls any document as inadvertently-produced privileged information, then pursuant to the MDL Protective Order, the defendants must notify the recipients of the recall, triggering their obligation to destroy or return the inadvertently-produced information and provide written confirmation of such destruction or return.  Any dispute or enforcement action associated with the disclosure, including inadvertent disclosure of the Federal Protected Material or challenges to the appropriateness of a confidentiality designation, shall be subject to the jurisdiction of the federal courts.  By agreeing to allow access to the Federal Protected Material, subject to the terms of the MDL Protective

Order and all federal court rulings and stipulations applicable to any of the Federal Protected Material, the United States is not waiving its sovereign immunity.

Not only does this approach achieve the Court's stated goal of realizing efficiencies in discovery, it also ensures that the Federal Protected Material will be handled consistently across related cases regardless of forum. This approach centralizes the resolution of disputes over the Federal Protected Material, which conserves judicial resources. It allows for greater certainty and predictability in the state court case based on past interpretations of the MDL Protective Order in the MDL and remanded cases, and decreases the potential for cumulative re-litigation of decided issues in a new forum. This approach allows the federal privileges and protections governing the Federal Protected Material to be interpreted and enforced by the federal courts, which routinely handle such issues. And it affords the expected courtesy and comity to the MDL Protective Order entered by a sister court. *See, e.g.*, *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499-502 (D. Md. 2000) (noting the importance of courtesy and comity when determining whether to compel the production of documents previously produced pursuant to a state court protective order and concluding that the documents should be produced subject to the restrictions of the state court protective order).

For these reasons, the United States respectfully requests that the Court amend its Order to clarify that parties in the Mass Litigation Panel pending in the Circuit Court of Kanawha County must execute Exhibit A to the MDL Protective Order before receiving the Federal Protected Material, that all Federal Protected Material is subject to the terms of the MDL Protective Order and all federal court rulings and stipulations applicable to any of the Federal Protected Material, and that any disputes involving the Federal Protected Material shall be subject to adjudication in federal district courts and under applicable federal law.

       Respectfully submitted,

       JENNIFER B. DICKEY
       Principal Deputy Assistant Attorney General

       MICHAEL B. STUART
       United States Attorney
       Attorney for the United States
       Acting Under Authority Conferred by 28 U.S.C. § 515

By:  /s/Fred B. Westfall, Jr.
    FRED B. WESTFALL, JR.
    (West Virginia State Bar No. 3992)
    Assistant U.S. Attorney, Civil Chief
    300 Virginia Street East, Room 4000
    Charleston, WV 25301
    (304) 345-2200
    (304) 347-5443 (facsimile)
    fred.westfall@usdoj.gov

    JAMIE ANN YAVELBERG
    NATALIE A. WAITES
    ALLISON C. CARROLL
    JONATHAN K. HOERNER
    J. ANDREW JACO
    KELLY E. PHIPPS
    DAVID M. SOBOTKIN
    United States Department of Justice
    Civil Division/Fraud Section
    175 N Street, N.E., Room 10.222
    Washington, D.C. 20002
    (202) 616-2964
    Natalie.A.Waites@usdoj.gov

    Attorneys for U.S. Department of Justice

## **CERTIFICATE OF SERVICE**

I, Fred B. Westfall, Jr., Assistant United States Attorney, hereby certify that that on November 19, 2020, the foregoing **OBJECTION TO ORDER PROVIDING FOR USE OF THIRD-PARTY DISCOVERY IN RELATED STATE COURT LITIGATION** with the Court using the Court's CM/ECF system, which will send a copy thereof by email to all counsel of record.

/s/Fred B. Westfall, Jr.
Fred B. Westfall, Jr. (W.Va. State Bar No. 3992)
Assistant U.S. Attorney, Civil Chief
300 Virginia Street East, Room 4000
Charleston, WV 25301
(304) 345-2200
(304) 347-5443 (facsimile)
E-mail: fred.westfall@usdoj.gov