# EXHIBIT 6

1                                                              1

2       SUPREME COURT OF THE STATE OF NEW YORK
        COUNTY OF SUFFOLK: PART 48
3       -----------------------------------------------------x

4       IN RE: OPIOID LITIGATION

5
                                  INDEX NO.:400000/2017
6
        -----------------------------------------------------x
7
                                  August 18, 2020
8                                 Central Islip, New York

9
                     MINUTES OF FRYE HEARING
10                   (Testimony of James Rafalski

11      B E F O R E:        HON. JERRY GARGUILO
                            Supreme Court Justice
12
        A P P E A R A N C E S:
13
        SIMMONS HANLY CONROY, LLC
14      **Attorneys for Suffolk County**
        112 Madison Avenue
15      New York, New York 10016
        BY:  PAUL J. HANLY, JR., ESQ.
16           JAYNE CONROY, ESQ,
             (212) 784-6401
17           phanly@simmonsfirm.com
             jconroy@simmonsfirm.com
18

19      NAPOLI SHKOLNIK, PLLC
        **Attorneys for Nassau County**
20      400 Broadhollow Road, Suite 305
        Melville, New York 11747
21      BY:  HUNTER SKOLNICK, ESQ.
             SALVATORE C. BADALA, ESQ.
22           JOSEPH L. CIACCIO, ESQ.
             (212)397-1000
23           pnapoli@napolilaw.com
             sbadala@napolilaw.com
24           jciaccio@napolilaw.com

25

1                    Opioid Frye Hearing                 18

2      everything, just like drawing back to my experience

3      with the DEA.

4           Q.    I'm going to try to simplify my question

5      because I think we're talking past each other.

6                 Is there any analysis you've undertaken

7      in your opinions or report that you were asked to

8      undertake by the lawyers?

9           A     No, sir.

10          Q.    And is there any opinion you reached

11     without specifically being asked by the lawyers to

12     reach an opinion on that subject?  Yes or no.

13                THE COURT:  Just yes or no,

14          Mr. Rafalski.

15                THE WITNESS:  No.  I'm just thinking

16          about it.  Sorry, your Honor.  No, no, I

17          don't think there is.

18     BY MR. SCHMIDT:

19          Q.    Is there any -- and I'm going to flag

20     this one for the Court and for Ms. Conroy, because I

21     don't think it runs afoul of the objection that was

22     made yesterday, but I want to give that courtesy.

23                Is there any analysis you did in your

24     report entirely independently without taking

25     something that was first prepared by someone like

```
 1                Opioid Frye Hearing              131
 2          Q.   And that is consistent with what you did
 3     at DEA, you would look to the metrics or the formula
 4     or the algorithm?
 5                THE COURT:  Time out.
 6                Is this a consistent method you employed
 7          while at the DEA; yes or no?
 8                THE WITNESS:  Yes.
 9                THE COURT:  Okay.  There's five metrics
10          here.  When do you decide which one to use or
11          do you use more than one or do they prove
12          each other?
13                THE WITNESS:  Typically at DEA, your
14          Honor, generally you would apply the metric
15          for that particular company.  You apply their
16          own formula to see if they were following
17          their own system to identify orders.
18                In this case -- go ahead, I'm sorry,
19          your Honor.
20                THE COURT:  So you're telling me each --
21          are you telling me that in this case and only
22          this case, each company applies one of these
23          five metrics or are there more metric out
24          there?
25                THE WITNESS:  There's an unlimited
```