# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATTION *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATTION *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01665 |

## CIGNA CORPORATION'S OBJECTION TO ORDER PROVIDING FOR USE OF DISCOVERY IN RELATED STATE COURT LITIGATION

Cigna Corporation ("Cigna"), a non-party in this action, by and through the undersigned attorneys, hereby objects to the Court's October 28, 2020 Order Providing for Use of Third-Party Discovery in Related State Court Litigation ("Order"), served on November 10, 2020, and issued in connection with *City of Huntington & Cabell County Commission v. AmerisourceBergen Drug Corp. et al.*, Civil Actions No. 17-01362 & 17-01665 (S.D. W. Va.), as follows:

1. Cigna objects on the ground that its prior non-party production in *In re: National Prescription Opiate Litigation,* Case No. 17-MD-2804 (N.D. Ohio) (the "MDL") is not relevant to the claims or defenses asserted in *In re: Opioid Litigation*, Civil Action No. 19-C-900, Circuit Court of Kanawha County, West Virginia (the "West Virginia Action"). In

the MDL, Cigna's non-party production was limited to customer-specific claims data for Cuyahoga and Summit Counties in Ohio. This limited geographic claims data does not fall within the permissible scope of West Virginia's discovery rules, which only permits parties to obtain discovery that is "relevant to the subject matter involved in the pending action." *State ex. rel. Shroades v. Henry,* 421 S.E.2d 264, 266 (W. Va. 1992) (quoting W. Va. R. Civ. P. 26(b)(1)). Plaintiffs in the West Virginia Action seek relief for the negative impact that the defendants' alleged misconduct has had in West Virginia, not Ohio. Nothing in Cigna's Ohio claims data would shed light on the alleged harm suffered by the plaintiffs, defendants' alleged non-compliance with state or federal regulations, or defendants' knowledge of the likely effects in West Virginia of their alleged misconduct. As such, because the claims data produced for each case is unique, the Court should not permit disclosure of Cigna's non-party MDL production in the West Virginia Action.

2. Cigna further objects on the ground that its non-party MDL production is irrelevant because the patient protected health information contained in the claims data is not at issue in the West Virginia Action. Accordingly, broader disclosure of such confidential information needlessly increases the risk of breach and is not warranted under the circumstances.

For the foregoing reasons, non-party Cigna Corporation requests the Court sustain its objection to the October 28, 2020 Order Providing for Use of Third-Party Discovery in Related State Court Litigation.

November 23, 2020

Respectfully submitted,

*/s/ Charles Bailey*
Charles R. Bailey
(WV Bar No. 0202)
Justin C. Taylor
(WV Bar No. 8014)

and

Steven W. Perlstein
New York Bar No. 2982478

**BAILEY & WYANT P.L.L.C**
500 Virginia Street East, Suite 600
Charleston WV 25301
Tel: (304) 345-4222
Fax: (304) 343-3133
cbailey@baileywyant.com
jtaylor@baileywyant.com

**KOBRE & KIM, LLP**
800 Third Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 488-1200
Fax: (212) 488-1220
Steven.Perlstein@kobrekim.com

Adriana Riviere-Badell
Florida Bar No. 30572
**KOBRE & KIM, LLP**
201 South Biscayne Boulevard
Suite1900
Miami, FL 33131
Tel.: (305) 967-6100
Fax: (305) 967-6120
Adriana.Riviere-Badell@kobrekim.com

*(Attorneys for Cigna Corporation)*