UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CITY OF HUNTINGTON** | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-cv-01362 |
| **AMERISOURCEBERGEN DRUG CORPORATION, et al.,** | |
| Defendants. | |

| | |
|---|---|
| **CABELL COUNTY COMMISSION,** | |
| Plaintiff, | *Consolidated Case*: |
| v. | Civil Action No. 3:17-cv-01665 |
| **AMERISOURCEBERGEN DRUG CORPORATION, et al.,** | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR A TRIAL CONTINUANCE**

Plaintiffs Cabell County Commission and the City of Huntington ("Plaintiffs") are contending with not one but two unprecedented, simultaneous public health crises: the COVID pandemic and the opioid epidemic. Mindful of the real-world impact of both of these crises, Plaintiffs file this response to the Defendants' Motion for a Trial Continuance (ECF 1181).

Plaintiffs do not dispute the factual matters raised in Defendants' motion regarding the current status of the COVID pandemic. New cases are rising at unprecedented rates across the country, including in West Virginia. Public health

1

officials have discouraged people from traveling to lessen the risk of spreading the disease at even faster rates than are currently occurring. And it is possible that COVID-related problems may intensify in the coming weeks due to travel and gatherings associated with Thanksgiving, Hanukkah, and Christmas.

But it is also undisputed that the opioid crisis continues unabated at the same time. "The opioid crisis and COVID-19 pandemic are intersecting with each other and presenting unprecedented challenges for families and communities. Opioid use affects respiratory and pulmonary health which may make those with opioid use disorders more susceptible to COVID-19."[1] In an article recently published in the *Journal of the American Medical Association*, the authors noted there is evidence of increased opioid overdoses associated with the social and economic consequences of the COVID-19 pandemic, and the pandemic has also made it more difficult for individuals suffering from opioid use disorder to obtain effective treatment.[2]

---

[1] Brian Mann, *U.S. Sees Deadly Drug Overdose Spike During Pandemic*, NPR (Aug. 13, 2020), https://www.npr.org/sections/coronavirus-live-updates/2020/08/13/901627189/u-s- sees-deadly-drug-overdose-spike-during-pandemic; *Opioids and the COVID-19 Pandemic*, U.S. Dep't of Health and Human Services, Indian Health Service, https://www.ihs.gov/opioids/covid19/ (accessed on 11/30/20).

[2] Haley DF, Saitz R, *The Opioid Epidemic During the COVID-19 Pandemic*, JAMA, published online Sept. 18, 2020, https://jamanetwork.com/journals/jama/fullarticle/2770985 (accessed on 12/1/20). *See also*, *"The Drug Became His Friend": Pandemic Drives Hike in Opioid Deaths*, New York Times, Sept. 29, 2020, https://www.nytimes.com/2020/09/29/health/coronavirus-opioids-addiction.html (accessed on 12/1/2020).

For these reasons Plaintiffs respectfully request that the Court deny the Defendants' motion for a trial continuance, and instead consider alternatives for commencing the trial proceedings as scheduled in January – with modifications to reflect the current challenges posed by the COVID pandemic.

First, the Court should not delay the pretrial conference scheduled for December 8, 2020. There are important evidentiary and other matters to be addressed in that conference that will impact the parties' trial preparations, regardless of when the trial commences. Instead, the Court should consider conducting those proceedings remotely, as other courts across the country have done.[3] In the New York coordinated opioid litigation, the trial court recently

---

[3] *Centripetal Networks, Inc., v. Cisco Systems, Inc.*, No. 2:18CV94, 2020 WL 3411385, at *1 (E.D. Va. Apr. 23, 2020) (concluding that, despite the defendant's objections, the court would move forward with the bench trial being done exclusively by videoconference technology in highly complex patent infringement claim lasting more than three weeks); *Vitamins Online, Inc. v. HeartWise, Inc.,* No. 2:13-CV-00982-DAK, 2020 WL 3452872, at *9 (D. Utah June 24, 2020) (court to hold entire bench trial by remote video over one party's objection); *Argonaut Ins. Co. v. Manetta Enterprises, Inc.,* No. 19CV00482PKCRLM, 2020 WL 3104033, at *1–2 (E.D.N.Y. June 11, 2020) (permitting bench trial to be conducted entirely by remote video); *Chambers v. Russell*, No. 1:20CV498, 2020 WL 5044036, at *3 (M.D.N.C. Aug. 26, 2020) (same); *Amtrust N. Am., Inc. v. KF&B, Inc.*, No. 17-CV-5340 (LJL), 2020 WL 4365280, at *1 (S.D.N.Y. July 29, 2020) (same); *see also Petersen Energia Inversora S.A.U. v. Argentine Republic*, No. 15 CIV. 2739 (LAP), 2020 WL 3034824, at *9–11 (S.D.N.Y. June 5, 2020) ("the parties can request that the Court allow trial witnesses to testify via video pursuant to the good cause exception in Fed. R. Civ. P. 43"); *Guerra v. Rodas*, No. CIV-20-96-SLP, 2020 WL 2858534, at *1–2, n.3 (W.D. Okla. June 2, 2020) (permitting plaintiff residing in Guatemala to appear at trial by remote video due to Covid-19 travel restrictions). *Xcoal Energy & Resources v. Bluestone Energy Sales Corp.*, WL 4794533 at *1 (D. Del. Aug. 18, 2020) ("The Court remains confident that the parties will receive a fair trial even with all witness examinations taking place remotely.").

conducted several days of evidentiary hearings involving the plaintiffs' experts in connection with the *Frye* challenges made by defendants in that case (which included these defendants and many of the same experts).[4] Those hearings involved a combination of remote participants and in-person participants at the courthouse. Some of the witnesses appeared in person, and some appeared remotely. Witness questioning was also done both remotely and in person. In addition to a private videoconference platform for the attorneys and witnesses, the court provided a "live stream" video and audio feed of the proceedings so members of the public and the media could observe the proceedings. Those hearings were completed with no difficulty, obviating the need for attorneys from various states to travel to New York, given that state's strict travel restrictions. A similar procedure could easily be used to conduct the pretrial conference. It could be done fully remotely, or with a combination of remote and in-person attendees. The justification for utilizing videoconferencing technology is even more compelling in the context of a pretrial hearing, where the parties will be presenting argument to the Court rather than testimonial evidence.

Second, although it may not be possible to commence an in-person trial on January 4, 2021 as currently contemplated, Plaintiffs nevertheless believe it is possible to begin trial proceedings at that time. The Court could hear opening statements from the parties using videoconferencing technology, and the Court and

---

[4] *See* Exhibit 1, attached hereto.

the parties could use the first weeks of the trial to submit deposition testimony and other non-testimonial evidence that the Court may review in chambers.  The Court could also receive testimony from witnesses via videoconference under Fed. R. Civ. P. 43 – the COVID pandemic justifies a finding of "good cause in compelling circumstances."  And unlike a jury trial, where the presentation of the parties' cases must of necessity be continuous, the forthcoming bench trial could be conducted in phases and adjust as the circumstances warrant.  For example, the parties could present their opening statements remotely, then submit deposition and other non-testimonial evidence for the Court to review, and the Court could receive some testimonial evidence using video conference technology.  As COVID-related issues subside, both naturally and as a result of  vaccine availability, as public health officials predict (and as Defendants acknowledge), the Court could shift to in person proceedings as circumstances warrant.

      The Defendants' motion presents the Court with a binary decision:  either commence the trial as scheduled on January 4 or delay it until April 19, 2021.  But those are not the only options available to the Court.  The seriousness of the ongoing opioid crisis – which as noted above has only been magnified by COVID – justifies taking an alternative approach that both acknowledges the public health considerations presented by the pandemic while also getting the trial process underway, so the Plaintiffs have an opportunity to have their cases decided.  And while Plaintiffs share in the hope that circumstances will improve over the next few months no one can predict what might happen, or whether it will be possible to

have a full, in-person trial by April. Delaying the beginning of trial by another three and a half months is unnecessary; the parties should instead use that time to keep moving these cases along toward resolution.

Regarding the utilization of videoconferencing technology, the Court is not faced with a blank slate. In response to the COVID pandemic, the Court entered a remote deposition protocol to be utilized leading up to this trial.[5] That protocol enacted measures that take into consideration the applicable health directives at the time of the deposition, any professional obligations due to the pandemic, the appropriate security and hardware requirements and a host of other considerations necessary to proceed forward with remote depositions. The parties have successfully conducted dozens of remote depositions under that protocol, including fact witnesses, experts, and corporate representatives. It allowed both plaintiff and defense counsel to navigate this new world of virtual advocacy safely, securely, and efficiently. Through the course of these depositions, the parties have become experienced in both examining and defending witnesses remotely, including introducing and utilizing exhibits during the examinations. That deposition protocol could serve as a foundation for developing the procedures to conduct remote trial proceedings.

Plaintiffs anticipate that Defendants will object to this approach, perhaps arguing it will not be fair to require them to participate in a remote trial. But

---

[5] *See* Order Establishing Remote Deposition Protocol Due to Covid-19, No. 3:17-cv-01362, ECF No. 564 (June 11, 2020).

courts all over the country have conducted remote trials, and any objections are muted by this being a bench trial rather than a jury trial.[6] The Defendants' motion certainly reads as if their requested continuance is not simply another effort to delay the commencement of trial; if that is truly their position, then they should be willing to discuss alternatives on how the parties can begin to efficiently move this case toward resolution.

As the Court well knows, Plaintiffs have taken steps throughout this litigation to get to trial as soon as they can. They agreed to waive their claim for punitive damages in exchange for an agreement by the Defendants to a bench trial, which the Court acknowledged could occur sooner than a jury trial. Plaintiffs have streamlined the claims and the number of defendants. These decisions were made before the pandemic began. Although the COVID pandemic presents challenges to many activities, courts have responded by utilizing technology to keep the wheels of justice turning.

Rather than further delay the commencement of trial by another three and a half months, Plaintiffs respectfully request that the Court entertain suggestions that will allow trial proceedings to commence in January. The ideas described in this response are merely suggestions; Plaintiffs stand ready to discuss other or

---

[6] *See also Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, WL 3605623 at *2 (D. Del. July 2, 2020) (Ordering the entire trial take place remotely and stating, "skilled trial counsel – using advanced video-conferencing technology – can conduct effective examinations even without being in the same room as the witness, opposing counsel, the jury, and the judge.").

additional ideas about how these cases can be moved along even if starting an in-person bench trial in January may not be practical despite the extensive precautions already put in place by the Court. These are all matters deserving of further discussion at the pretrial conference next week before continuing this case that is otherwise ready for trial a second time. Respectfully, Plaintiffs request the opportunity for the parties to work collaboratively with the Court to determine how we can continue to move this case forward.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion for a Trial Continuance (ECF No. 1181), proceed with the pretrial conference either in person or remotely as currently scheduled, and begin trial proceedings on January 4, 2021, utilizing whatever remote technology is necessary to allow the Court to safely proceed.

| | |
|---|---|
| Dated: April 6, 2020 | Respectfully submitted, |
| **THE CITY OF HUNTINGTON** | **CABELL COUNTY COMMISSION** |
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse | Paul T. Farrell, Jr. |
| (WVSB No. 12547) | (WVSB Bar No. 7443) |
| Joseph F. Rice | **FARRELL LAW** |
| **MOTLEY RICE LLC** | 422 Ninth Street, 3rd Floor (25701) |
| 28 Bridgeside Blvd. | PO Box 1180 |
| Mount Pleasant, SC 29464 | Huntington, West Virginia 25714-1180 |
| Tel: 843-216-9000 | Mobile: 304-654-8281 |
| Fax: 843-216-9450 | paul@farrell.law |
| akearse@motleyrice.com | |
| jrice@motleyrice.com | |

| | |
|---|---|
| Linda Singer | /s/ *Anthony J. Majestro* |
| David I. Ackerman | Anthony J. Majestro (WVSB No. 5165) |
| **MOTLEY RICE LLC** | **POWELL & MAJESTRO, PLLC** |
| 401 9th Street NW, Suite 1001 | 405 Capitol Street, Suite P-1200 |
| Washington, DC 20004 | Charleston, WV 25301 |
| Tel:  202-232-5504 | 304-346-2889 / 304-346-2895 (f) |
| Fax:  202-386-9622 | amajestro@powellmajestro.com |
| lsinger@motleyrice.com | |
| dackerman@motleyrice.com | Michael A. Woelfel (WVSB No. 4106) |
| | **WOELFEL AND WOELFEL, LLP** |
| Charles R. "Rusty" Webb (WV No. 4782) | 801 Eighth Street |
| **THE WEBB LAW CENTRE, PLY** | Huntington, West Virginia 25701 |
| 716 Lee Street, East | Tel. 304.522.6249 |
| Charleston, West Virginia 25301 | Fax. 304.522.9282 |
| Telephone: (304) 344-9322 | mikewoelfel3@gmail.com |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Anthony J. Majestro*