UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CITY OF HUNTINGTON,**
    **Plaintiff,**
v.                                                                              CIVIL ACTION NO. 3:17-01362
**AMERISOURCEBERGEN DRUG**
**CORPORATION, et al.,**
    **Defendants.**

**CABELL COUNTY COMMISSION,**
    **Plaintiff,**                                                  *Consolidated case:*
v.                                                                              CIVIL ACTION NO. 3:17-01665
**AMERISOURCEBERGEN DRUG**
**CORPORATION, et al.,**
    **Defendants.**

**PLAINTIFFS' MOTION TO COMPEL CARDINAL HEALTH'S COMPLIANCE WITH MDL DISCOVERY RULING No. 2**

COME NOW Plaintiffs, CITY OF HUNTINGTON and CABELL COUNTY COMMISSION, who submit this Motion to Compel Cardinal Health's Compliance with MDL Discovery Ruling No. 2. Plaintiffs state in support thereof as follows:

1. Plaintiffs seek an order from this Court compelling Cardinal Health to comply with MDL Discovery Ruling No. 2 ("DR2")[1] and produce all of its suspicious order reports (SORs) on a national basis back to January 1, 1996. To date, Cardinal Health has only identified SORs related to customers in Summit and Cuyahoga Counties, Ohio (Case Track 1) and Cabell County and the City of Huntington, West Virginia (Case Track 2).

2. On June 30, 2018, Special Master David Cohen entered DR2 which ordered that the CT1 defendants (including Cardinal Health) "must produce on a national basis documents related to … suspicious order reports[.]"[2] The order requires Cardinal Health to produce SORs

---

[1] *In re: Prescription Opiate Litigation*, 1:17-md-2804, Dkt. 693.

[2] *See* Discovery Ruling No. 2, attached hereto as Exhibit A.

from January 1, 1996, to present.[3] SORs and other types of documents that are "primarily centralized and over-arching, applying broadly to [Defendants'] opioid products" are referred to as "Category One Discovery" in DR2.[4] "[D]ecentralized, customer-specific materials, such as sales call notes and transactional data" are referred to as "Category Two Discovery."[5] DR2 requires Defendants to produce Category Two Discovery on a limited geographic basis.

3. On July 17, 2018, SM Cohen entered Discovery Ruling 3 ("DR3"), which amended DR2 to limit the geographic scope of production of certain materials, but not SORs.[6]

4. Discovery Ruling 3 set a deadline by which Cardinal Health or any other defendant must file objections to either DR2 or DR3.[7] Neither Cardinal nor the other distributor defendants filed objections to the orders.

5. SM Cohen entered an informal ruling on September 30, 2018, further modifying DR2, but again, without disturbing the geographic or temporal scope of Cardinal's obligation to produce SORs as established in DR2.[8]

6. In June 2020, SM Cohen again revisited DR2 after Case Track 1B and Case Track 3 Pharmacy Defendants raised issues with regard to the geographic scope of discovery required by DR2. Following a hearing with the parties, Special Master Cohen entered his *Order Regarding Geographic Scope of Discovery*[9] reaffirming that DR2 requires SORs to be produced on a nationwide basis. The Order further states that the fact that defendants had not yet complied with

---

[3] *Id.*, at 11.

[4] *Id.*, at 4.

[5] *Id.*

[6] *See* Discovery Ruling No. 3, at 4, attached hereto as Exhibit B.

[7] *Id.* at 9.

[8] *See* September 30, 2018 informal order on reconsideration of Discovery Ruling Nos. 2 and 3, attached hereto as Exhibit C.

[9] Attached hereto as Exhibit D.

DR2 "regarding Suspicious Order Reports provides no basis for additional reconsideration or late objection."[10]

7.  DR2 was intended specifically to apply beyond the context of the particular facts presented in the Ohio bellwether cases. It was entered "with one eye toward future bellwether cases and also State-court litigation[.]"[11] This Court's enforcement of DR2 is appropriate here to further the purposes of 28 U.S.C. § 1407(a), which provides for consolidation of cases presenting common questions of fact in order to "promote the just and efficient conduct of such actions."

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court enter an order compelling Cardinal Health to comply with MDL Discovery Ruling No. 2 and produce on a national basis all reports of suspicious orders of opioids from January 1, 1996, to present. Plaintiffs further respectfully request any additional relief to which they may be entitled.

Dated: December 2, 2020

                                        Respectfully submitted,

                                        Plaintiffs,

                                        THE CITY OF HUNTINGTON and
                                        CABELL COUNTY COMMISSION

                                        /s/ *Michael J. Fuller, Jr.*
                                        Michael J. Fuller, Jr. (WV Bar No. 10150)
                                        **McHUGH FULLER LAW GROUP, PLLC**
                                        97 Elias Whiddon Rd.
                                        Hattiesburg, MS 39402
                                        T: 601-261-2220
                                        F: 601-261-2481
                                        mike@mchughfuller.com

---

[10] *Id*. at 5.

[11] Discovery Ruling No. 3, note 1.

Paul T. Farrell, Jr. (WVSB No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
P.O. Box 1180
Huntington, WV  25714-1180
Tel:  304-654-8281
paul@farrell.law

Anne McGinness Kearse (WVSB No. 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel:  843-216-9000
Fax:  843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 2, 2020, a copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL CARDINAL HEALTH'S COMPLIANCE WITH MDL DISCOVERY RULING No. 2** has been filed electronically using the Court's CM/ECF system and will be served *via* the Court's CM/ECF filing system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

*/s/ Michael J. Fuller, Jr..*
Michael J. Fuller, Jr.