**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Timothy C. Hester

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5324
thester@cov.com

January 4, 2021

<u>Via CM/ECF</u>

Honorable David A. Faber, Senior Judge
U.S. District Court for the Southern District of West Virginia
230 Elizabeth Kee Federal Building
601 Federal Street
Bluefield, West Virginia  24701

    Re: *City of Huntington & Cabell County Commission v. Amerisource <u>Bergen Drug Corporation, et al.</u>*, Nos. 3:17-01362 & 3:17-01665

Dear Judge Faber:

  We write on behalf of Defendants in response to the letter submitted to the Court by Plaintiffs on December 28, 2020.  In that letter, Plaintiffs propose "opening the record" so that they can submit deposition testimony for witnesses they propose to call by video, testimony from two Congressional hearings with accompanying exhibits, and two databases of information.

  Defendants oppose Plaintiffs' request.  It would not be efficient or proper for the Court to "open the record" to allow Plaintiffs to submit snippets of evidence outside of the broader context of an orderly trial presentation.   Nor is it proper or efficient to clog the record with large swaths of evidence, including two massive databases (ARCOS and IQVIA) that are subject to ongoing motions practice and discussions between the parties, without the benefit of a sponsoring witness or any identification as to what in those documentary sources is relevant to the Court's decision-making.

  Further, Plaintiffs' proposal actually will magnify the demands this trial places on the Court.  For example, Plaintiffs have not identified the specific portions of deposition testimony that they seek to submit.  It thus is unclear whether they simply are seeking to dump entire multi-day transcripts into the record, which would never occur in an ordinary trial, or whether they intend to be as targeted in their videotape designations as they would be forced to be during any trial.  Notably, even targeted designations still would involve Defendants' right to object and counter-designate and rulings by the Court on objections that cannot be resolved between the parties—a process that Plaintiffs should, at a minimum, initiate before seeking this novel procedure from the Court.

**COVINGTON**

Honorable David A. Faber, Senior Judge
January 4, 2021
Page 2

      If the Court nevertheless is inclined to adopt some variant of Plaintiffs' proposal, Defendants respectfully submit that the Court should require the submission of the parties' initial proposed findings of fact and conclusions of law before any evidence is submitted. This would provide the Court with at least some context for the evidence Plaintiffs propose to submit. Plaintiffs also should be required to provide their proposed deposition designations so that the parties can begin working through the process of objections and counter-designations. Finally, Plaintiffs should not be permitted to introduce exhibits into the record through this process without appropriate sponsoring witnesses or stipulations.

                                                            Respectfully submitted,

                                                            Timothy C. Hester

cc:      Counsel of record, via CM/ECF
          Allison Skinner, via E-Mail