IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 3:17-01665<br>Hon. David A. Faber |

**NOTICE OF SUPPLEMENTAL AUTHORITY**
**REGARDING MOTIONS FOR SUMMARY JUDGMENT**
**RE NUISANCE AND PROXIMATE CAUSE**

Defendants respectfully submit the decision of the Circuit Court of Cook County, Illinois in *The People of the State of Illinois v. Johnson & Johnson et al.*, No. 19-CH-10481 (Ill. Cir. Ct. Jan. 8, 2021) (Exhibit A), as supplemental authority relevant to Defendants' Motion for Summary Judgment Re Nuisance ("Nuisance Motion," Dkt. No. 1003–04) and Motion for Summary Judgment on Proximate Causation Grounds ("Causation Motion," Dkt. No. 1114–15).

Like the Plaintiffs in this case, the State of Illinois claimed that Defendants' distribution of FDA-approved prescription opioid medications to state-licensed and DEA-registered dispensers created a public nuisance. The Circuit Court dismissed the State's claims with prejudice, holding

that despite the "tragic consequences" of opioid addiction and abuse, "there is no public nuisance caused by the Defendants' conduct." *See* Ex. A at 9. The Circuit Court held that dismissal was required by the Illinois Supreme Court's decision in *City of Chicago v. Beretta U.S.A. Corp.*, 821 N.E.2d 1099 (Ill. 2004), *id.* at 8–12—a decision discussed at length in Defendants' Nuisance Motion, both as to the distinction between public and private rights and the refusal of most appellate courts to apply public nuisance law to claims involving products, *see* Dkt. No. 1004 at 6 n.6, 11–13.

Nuisance Motion. In Illinois, as in West Virginia, public nuisance requires invasion of a "public right." Ex. A at 9. The Circuit Court held that harm resulting from the use of a legal product does not implicate a "public right," concluding that there is no "common right to be free ***from conduct*** that creates an unreasonable jeopardy to the public's health, welfare and safety." *Id.* at 10 (emphasis in original). The Circuit Court further noted that "a public right to be free from the threat that others may defy … laws [banning dangerous uses of otherwise legal products] would permit nuisance liability to be imposed on an endless list of … distributors … of manufactured products." *Id.* (quoting *Beretta*, 821 N.E.2d at 1116 (internal quotations omitted)). The Circuit Court thus rejected the State's attempt to hold "distributor[s] of a legal product responsible for the misuse of [] products by others" under a public nuisance theory. *Id.* This further supports Defendants' argument that Plaintiffs cannot establish the elements of a public nuisance claim here. Dkt. No. 1004 at 8–13.

Causation Motion. The Circuit Court also rejected the State's claims on proximate causation grounds, concluding that:

> [T]here are too many instrumentalities between the conduct of the … Distributor Defendants to the alleged harm. … The fact is that individual pharmacies, doctors, and patients all have to behave poorly to generate the harms alleged by the State. Therefore, the State has failed to establish proximate cause.

2

Ex. A at 12. As set forth more fully in Defendants' Causation Motion, the same is true here. *See* Dkt. No. 1015 at 4–17. Indeed, Defendants' argument is even stronger here, at the summary judgment stage, where Plaintiffs have failed to produce *any* evidence of a "direct relation" between Defendants' alleged conduct and their alleged injuries. Dkt. No. 1015 at 9–17. As stated by the Circuit Court, there are "many instrumentalities" that intervene "between the conduct of the … Distributor Defendants" and "the alleged harm." *See id.* at 4–6.

Dated: January 14, 2021

Respectfully Submitted,

***McKesson Corporation***
By Counsel:

*/s/ Timothy C. Hester*
Timothy C. Hester
Christian J. Pistilli
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
cpistilli@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York
Tel: (212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*AmerisourceBergen Drug Corporation*
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
nicholas@reedsmith.com
smcclure@reedsmith.com

*Cardinal Health, Inc.*
By Counsel:

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Jennifer G. Wicht
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000

4

Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
jwicht@wc.com
ahardin@wc.com

Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 14th day of January, 2021, the foregoing "NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING MOTIONS FOR SUMMARY JUDGMENT RE NUISANCE AND PROXIMATE CAUSE" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)