IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 3:17-01362 <br> Hon. David A. Faber |
| CABELL COUNTY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 3:17-01665 <br> Hon. David A. Faber |

**CARDINAL HEALTH'S MOTION TO VACATE REFERRAL OF
MOTION TO COMPEL TO SPECIAL MASTER**

Plaintiffs' January 26, 2021 "Motion to Compel" is only another salvo in their puzzling battle to avoid foundational trial testimony in Plaintiffs' case: that the DEA's ARCOS data and the method that Plaintiffs' ARCOS expert used to process it are reliable (neither of which is a matter within the knowledge of Cardinal Health). Plaintiffs' effort to have their ARCOS summaries admitted without foundation already is pending before the Court, via what Plaintiffs styled as a motion for summary judgment, and, like all evidentiary issues in this case, it should be resolved by the Court. Defendant Cardinal Health, Inc. therefore moves to vacate the referral of Plaintiffs' "Motion to Compel," Dkt. 1211, to Special Master Wilkes.

1

The "Motion to Compel" presents an evidence-admissibility issue that is outside the scope of the Court's delegation to the Special Master and is an improper attempt to end-run an issue that already has been fully briefed and argued. Cardinal Health is grateful for Special Master Wilkes' admirable navigation of the parties' discovery disputes, but asking him to decide a variation of an evidentiary motion already committed to the Court would be duplicative and risk contradictory rulings.

**BACKGROUND**

Though the Court undoubtedly made the referral of Plaintiffs' motion to the Special Master in reliance on the title of the motion, the motion is not a motion to compel any discovery. Plaintiffs want to admit at trial data from a database maintained by the DEA—the ARCOS (Automation of Reports and Consolidated Orders System) database—as "processed" by Plaintiffs' expert, Dr. McCann. Plaintiffs filed an improper "motion for summary judgment" on this same issue (improper because the issue concerns the admissibility of evidence rather than the resolution of a claim or defense), which the parties argued before the Court on January 6, and which the Court took under advisement. Now Plaintiffs have asked Cardinal Health to stipulate to the accuracy of summary charts of that processed ARCOS data, which Plaintiffs want to admit at trial pursuant to Federal Rule of Evidence 1006. Cardinal Health declined to stipulate to the accuracy of an adverse party's presentation of data produced by a third party, and Plaintiffs have filed their "motion to compel" Cardinal Health "to provide the complete basis for refusing to stipulate to the accuracy of Plaintiffs' F.R.E. 1006 summary of Cardinal's distributions of oxycodone and hydrocodone to dispensers in each state." Dkt. 1211 at 1. Plaintiffs' motion, therefore, is not a motion to compel any discovery but rather to litigate the admissibility of their proposed Federal Rule of Evidence 1006 summary charts of ARCOS data. Their motion makes that plain: they state that they want

to "cure all unresolved issues relating to the authenticity and foundation" of their summary evidence. Dkt. 1211 at 1.

## ARGUMENT

The Court should vacate the referral to the Special Master and rule on this issue for two reasons.

*First*, the referral falls outside the scope of the Special Master's authority as defined by the Court's delegation. In the Order of Appointment, Dkt. No. 200, the Court outlined specific parameters for Special Master Wilkes' role: "Consistent with [] legal authority and the needs of the court, the Special Master shall have the authority to: 1) resolve discovery conflicts; 2) assist with issues raised by electronically stored information, native formats, and meta data; 3) monitor depositions; and 4) resolve privilege issues." *Id.* Resolution of Plaintiffs' motion does not fall within any of the four enumerated categories. Plaintiffs' motion is not a request for discovery (discovery is closed, in any event, and only the Court could reopen it)[1] and does not implicate electronically stored information, depositions, or privilege issues. Instead, Plaintiffs' motion concerns a requested stipulation about the admissibility of "summary" evidence prepared by Plaintiffs. Plaintiffs already have tried a different improper mechanism to have the Court admit this data (Dkt. 1009), and that issue is pending before the Court. Plaintiffs now use an equally

---

[1] Plaintiffs' request that Cardinal Health designate an individual to testify about distribution data at a Rule 30(b)(6) deposition as a form of alternative relief does not convert this evidentiary matter into a discovery dispute. The data Plaintiffs seek to summarize and admit with their motion is data obtained from a third party—the DEA. While Cardinal Health, like all DEA registrants, reports its own data to DEA's ARCOS database, no Cardinal Health witness could testify about whether or how DEA maintained or manipulated that data, either in the normal course of agency operations or for production to Plaintiffs in this litigation. Similarly, no Cardinal Health witness has knowledge of the judgments and calculations applied by Plaintiffs' expert to generate the proposed FRE 1006 summary. Plaintiffs' alternative request for deposition testimony is simply a ruse by which they seek to disguise an evidentiary motion as a discovery motion.

improper mechanism to admit the data in the guise of a "motion to compel." At bottom, Plaintiffs seek admission of the ARCOS data at trial. Adjudication of the admissibility of that data is for this Court, not the Special Master, to decide,[2] and the Court should vacate the referral accordingly.

***Second***, the motion should not be referred to the Special Master because it is a second attempt to litigate the very same issue that already is pending before the Court. Plaintiffs filed a "motion for partial summary judgment" seeking to have this Court hold that the ARCOS data "processed by Plaintiffs' expert Dr. Craig J. McCann accurately reflects the shipments of opioid products reported to the DEA by DEA licensed wholesale distributors (Processed ARCOS Data)." Dkt. 1009 at 1. In support of their motion, Plaintiffs asserted that "Defendants have not challenged Dr. McCann's processing of the ARCOS Data, and many of their experts have instead relied upon the Processed ARCOS data" and that "no genuine issue of material fact exists on this point." *Id*. Defendants opposed that motion, and it has been fully briefed, was argued at a hearing on January 6, and is pending decision by this Court. With their new "motion to compel," Plaintiffs attempt an end run around that decision—at least as to Cardinal Health—by seeking to compel Cardinal Health to stipulate to the accuracy of the charts purportedly derived from the Processed ARCOS Data.[3] Plaintiffs make the same arguments in support of their improper motion to compel as they

---

[2] This comports with the Court's previous indication that it plans to decide evidentiary issues itself. It also is required by the Federal Rules of Civil Procedure. Because resolution of Plaintiffs' motion is outside the scope of the existing delegation, the referral runs afoul of the Federal Rules. Rule 53 states that special master appointment orders may be amended only "after notice to the parties and an opportunity to be heard." Fed. R. Civ. P. 53(1)(b)(4). To the extent the Court wishes to amend its order and expand Special Master Wilkes' role, it is required to give Cardinal Health—and all of the parties—notice and an opportunity to be heard. Because there was no notice or hearing, any referral beyond the scope of the operative Order of Authority is contrary to Rule 53.

[3] Plaintiffs' Motion also seeks to circumvent another evidentiary issue already pending before this Court concerning the proper scope of the evidence that can be presented in this case. *See* Defendants' Motion *in Limine* No. 3 (To Bar Plaintiffs from Introducing Evidence of

did in their improper summary judgment motion—that Cardinal Health has not previously raised any issue with the accuracy of Dr. McCann's processed data. Dkt. 1211 at 2–3. By agreement of the parties, Cardinal Health will file its substantive opposition to the motion to compel on February 12, but as a matter of procedure the Court should not countenance Plaintiffs' effort to have the same issue (as to Cardinal Health) presented to Special Master Wilkes at the same time.

\* \* \*

For the foregoing reasons, Cardinal Health respectfully requests that the Court vacate the referral of Plaintiffs' Motion to Compel (Dkt. 1211) to Special Master Wilkes.

Respectfully submitted,

*/s/ Steven R. Ruby*
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW

---

Defendants' Prescription Opioid Shipments to Places Outside Cabell County and the City of Huntington), Dkt. 1067 at 8–11.

Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com
jwicht@wc.com

*Counsel for Cardinal Health, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Steven R. Ruby, counsel for Defendant Cardinal Health, Inc., do hereby certify that on this 1st day of February, 2021, the foregoing **"Cardinal Health's Motion to Vacate Referral of Motion to Compel to Special Master"** was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system.

                                                                   */s/* Steven R. Ruby
                                                                   Steven R. Ruby (WVSB #10752)