IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 3:17-01362 <br> Hon. David A. Faber |
| CABELL COUNTY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMERISOURCEBERGEN DRUG CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 3:17-01665 <br> Hon. David A. Faber |

**CARDINAL HEALTH'S REPLY IN SUPPORT OF MOTION TO
<u>VACATE REFERRAL TO SPECIAL MASTER</u>**

Plaintiffs oppose Cardinal Health's motion to vacate the referral of their so-called "motion to compel," but their response (Dkt. No. 1221) fails to seriously address any of the problems with the referral:

(i) **It is not a referral of a discovery motion.** The "motion to compel" does not seek any type of discovery that is available under the Federal Rules of Civil Procedure. Rather, it seeks to force Cardinal Health to explain a matter of trial strategy: why Cardinal Health declined to enter into an evidentiary stipulation regarding Plaintiffs' charts summarizing third-party data as interpreted by Plaintiffs' expert. Alternatively, it seeks to force Cardinal Health to submit to a deposition on the same issue. There is no mechanism in federal discovery, however, to force an

opposing party to explain, by deposition or otherwise, why it chose not to enter into an evidentiary stipulation desired by its opponent. Because the "motion to compel" does not genuinely seek discovery, but rather to litigate a disagreement about trial evidence, it is not a proper subject for referral to the Special Master.

**(ii)  It contravenes the Court's decision that the Court itself will resolve evidentiary motions.** The Court has made clear that it will decide motions pertaining to the admissibility of evidence.[1] Plaintiffs' motion, despite its title, is just that. Its sole request is to force Cardinal Health to explain why it will not stipulate to the admissibility of evidence.

**(iii)  It is inefficient and risks conflicting rulings.** The question of whether Plaintiffs' ARCOS expert's opinions can be deemed admissible in advance of trial is already before the Court, in the form of a so-called "summary judgment" motion. Dkt. No. 1008. That motion was argued January 6, and the Court noted skepticism that it is a proper summary judgment motion at all.[2] Shortly thereafter, Plaintiffs filed their mistitled "motion to compel," triggering a referral to Special Master Wilkes and putting before him an evidentiary issue that is but a slight variation on the one already before the Court. It is inefficient for two decision-makers simultaneously to address two questions that are so closely intertwined, and it inherently risks inconsistent rulings.

\* \* \*

Though it resolves none of these fatal defects, Plaintiffs' response does make three claims that must be corrected. One pertains to the order appointing the Special Master. Plaintiffs refer to the Court's "appointment *orders*," in the plural, but there is only one such order, entered March

---

[1] *See* Resp. Ex. C at 2 (noting that Judge Faber will decide what is and is not admissible at trial).
[2] Tr. of Video Pre-Trial Conference 38:8-9 (Jan. 6, 2021) ("I, frankly, don't see this as a motion for summary judgment.")

9, 2020. The other order that Plaintiffs cite, from September 18, 2020, merely noted that the Court was *considering* expanding the Special Master's responsibilities to include pretrial motions. Resp. Ex. B. After that order was entered, however, the Court clarified that it would not refer motions regarding the admissibility of evidence.[3] (That category would include, notably, Plaintiffs' effort to have their charts preemptively admitted.) After the Court provided that clarification, the Special Master appointment order was not amended (as there was no need), and its scope remains the same as it was in March 2020. The September 2020 order provides no basis for a referral of Plaintiffs' motion to the Special Master.

Plaintiffs' second erroneous claim is that Cardinal Health somehow consented to the referral of Plaintiffs' "motion to compel." Cardinal Health did nothing of the sort. On the contrary, in the very email exchange that Plaintiffs quote, Cardinal Health said, "[I]t's best for Judge Faber to handle admissibility rulings, since those should be made with an overall view for the evidence at trial." Resp. Ex. C at 1-2. That view certainly holds true for Plaintiffs' attempt to have evidence deemed admissible in advance. Plaintiffs also cite Cardinal Health's agreement to "work in good faith to address specific issues relating to authenticity and foundation." Resp. Ex. G, ¶ 6. But they omit to say that that agreement concerned only "Cardinal Health-produced documents"—certainly not third-party data or the opinions of Plaintiffs' own experts. *Id.* The difference is pivotal: Cardinal Health can, in many instances, address authenticity and foundation issues as they pertain to its own documents. But it simply lacks knowledge of authenticity or foundation as they pertain to charts prepared by Plaintiffs purportedly to reflect Plaintiffs' expert's "processing" of third-party data.

---

[3] *See* n.1, *supra.*

Plaintiffs' third misstatement is that other motions like the "motion to compel" previously have been referred. The opposition ventures two supposed examples, one a motion to compel a custodial deposition from the Healthcare Distribution Alliance (HDA) and the other to compel defendants to identify materials from their own discovery productions. Those motions are not like the current "motion to compel." On the contrary, they illustrate by counterexample why this motion cannot be referred. Whereas those motions sought discovery of information amenable to discovery under the Federal Rules (namely, documents within the possession of the HDA and of Defendants, respectively), this one seeks Cardinal Health's litigating position on charts that supposedly reflect the opinions of Plaintiffs' expert—something not discoverable.

* * *

Plaintiffs' opposition offers no answer to the referral's defects, and its claims are misleading or simply wrong. The Court should vacate the referral.

Respectfully submitted,

/s/ Steven R. Ruby
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard @wc.com
ahardin@wc.com
jwicht@wc.com

*Counsel for Cardinal Health, Inc.*

## CERTIFICATE OF SERVICE

I, Steven R. Ruby, counsel for Defendant Cardinal Health, Inc., do hereby certify that on this 17th day of February, 2021, the foregoing "Cardinal Health's Reply in Support of Motion to Vacate Referral to Special Master" was filed electronically via the CM/ECF electronic filing system and served on all counsel registered in the system.

/s/ Steven R. Ruby
Steven R. Ruby (WVSB #10752)