UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
 Plaintiff,

**v.**

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
 Defendants.

CIVIL ACTION NO. 3:17-01362

**CABELL COUNTY COMMISSION,**
 Plaintiff,

**v.**

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
 Defendants.

CIVIL ACTION NO. 3:17-01665

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL

COME NOW, Plaintiffs City of Huntington and Cabell County Commission (collectively, "Plaintiffs"), who submit the following reply in support of their Motion to Compel[1] and in support thereof state as follows:

Plaintiffs brought their motion to compel Cardinal Health to simply confirm that Plaintiffs' F.R.E. 1006 summaries of Cardinal's national yearly distributions of oxycodone and hydrocodone are accurate, and, if Cardinal believes they are not, to designate a Rule 30(b) witness who can provide accurate distribution numbers by state. Cardinal has all it needs to confirm the accuracy of the summaries. If Cardinal disputes this data, the Parties' stipulation provides an avenue to resolve the dispute. Based on this stipulation Plaintiffs filed their Motion to Compel to resolve these issues.

---

[1] Dkt. 1211.

1

Toward the end of discovery in this case, Cardinal Health and Plaintiffs reached a compromise that ensured Plaintiffs could depose Cardinal witnesses to cure objections such as those raised by Cardinal.[2] The Parties stipulated that they would "work in good faith to address specific issues relating to authenticity and foundation between now and trial" and that "Plaintiffs will be provided an opportunity to cure all unresolved issues relating to authenticity and foundation, including the ability to depose and/or call a custodial witness at trial."[3] The F.R.E. 1006 summaries at issue are summaries of Cardinal Health's own distribution data, which it provided to DEA, and which was then produced in this litigation by the DEA, and processed by Dr. McCann.

In keeping with the Parties' stipulation, Plaintiffs presented Cardinal with two charts describing opioid distributions by Cardinal Health to dispensers in each state from 2006 through 2014 that Plaintiffs intend to admit as F.R.E. 1006 summaries. Because the data reflects Cardinal's own distributions, Cardinal is in the best position to confirm the accuracy of the numbers. Plaintiffs requested that Cardinal confirm the numbers were accurate or provide numbers it believed were correct. Cardinal refused to specify what objections it has to the data in the 1006 summaries, to identify numbers it believed were accurate, or to designate an individual for deposition pursuant to F.R.C.P. 30(b)(6) who can testify as to the accuracy of the numbers, allowing Plaintiffs the opportunity to cure Cardinal Health's perceived defect pursuant to the stipulation between the parties.

Plaintiffs are not asking the Special Master to make any determination on the admissibility of Plaintiffs' 1006 summaries or the underlying data. Plaintiffs seek an order that will allow

---

[2] *See* August 6, 2020 Stipulation (Dkt. 835), Exhibit G to Plaintiffs' Motion to Compel.
[3] *Id*.

plaintiffs to resolve issues with the accuracy of the summary now in order to stave off an objection as to accuracy at trial, which Cardinal agreed it was willing to do.[4] F.R.E. 1006 requires summaries submitted as evidence pursuant to the rule to be accurate to the underlying records and those record must be admissible. *United States v. Blackwell*, 436 F. App'x 192, 199 (4th Cir. 2011).[5] In their present motion Plaintiffs do not seek relief as to the admissibility of either the summaries or the underlying data. Plaintiffs' only goal is to resolve any objection as to the accuracy of the summaries.

Cardinal also argues that Plaintiffs' summary charts are not admissible under F.R.E. 1006 because the charts "summarize the opinions" of Plaintiffs' expert Dr. McCann. While the data the charts summarize are the product of Dr. McCann's processing, the summaries at issue here are simple compilations of Cardinal's actual sales of oxycodone and hydrocodone. Courts, including those in the Fourth Circuit, have permitted F.R.E. 1006 summaries of data processed in ways similar to what Dr. McCann has done here. *Carrera v. EMD Sales, Inc.*, 402 F. Supp. 3d 128, 143 (D. Md. 2019) (over defendants' objections to their accuracy, court permitted F.R.E. 1006 summaries which reflected non-party's calculations of yearly sales data where the process for calculating the summaries was clearly described and defendants had possession of the underlying data, which permitted them to verify the accuracy of the summaries); *Brand v. Comcast Corp.*, 302 F.R.D. 201, 121 (N.D. Ill. 2014) (plaintiffs' expert's report was properly admitted as F.R.E. 1006 summary of defendants' data where expert described his method of examining, processing,

---

[4] *See* August 6, 2020 Stipulation (Dkt. 835), Exhibit G to Plaintiffs' Motion to Compel.

[5] "Thus, under Rule 1006, the summary chart itself may come into evidence provided it is 'an <u>accurate</u> compilation of the voluminous records sought to be summarized' and the underlying records are 'otherwise . . . admissible in evidence.' The underlying documents themselves, however, do not need to be admitted for a Rule 1006 chart to come into evidence." *United States v. Blackwell*, 436 F. App'x 192, 199 (4th Cir. 2011) (emphasis in original) (internal citations omitted).

and extracting the data as well as identifying errors in the data to create a database of defendants' data).

## CONCLUSION

Plaintiffs should not have to waste time at trial proving the accuracy of Plaintiffs' F.R.E. 1006 summaries when neither Cardinal nor any other Defendant have objected to the accuracy of the underlying data. The parties negotiated an agreement that would permit the parties to resolve disputes such as this one. Plaintiffs' motion should be granted.

Dated: February 19, 2021          Respectfully submitted,

Plaintiffs,

THE CITY OF HUNTINGTON and
CABELL COUNTY COMMISSION

/s/ *Michael J. Fuller, Jr.*
Michael J. Fuller, Jr. (WVSB No. 10150)
**McHUGH FULLER LAW GROUP, PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS  39402
T: 601-261-2220
F: 601-261-2481
mike@mchughfuller.com

Paul T. Farrell, Jr. (WVSB No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
P.O. Box 1180
Huntington, WV  25714-1180
Tel:  304-654-8281
paul@farrell.law

Anne McGinness Kearse (WVSB No. 12547)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel:  843-216-9000
Fax:  843-216-9450
akearse@motleyrice.com

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 19, 2021, a copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL** has been filed electronically using the Court's CM/ECF system and will be served *via* the Court's CM/ECF filing system, which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

*/s/ Michael J. Fuller, Jr..*
Michael J. Fuller, Jr.