IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    **Plaintiff,**

**v.**                                                               **CIVIL ACTION NO. 3:17-01362**

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**

    **Defendants.**

_____

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

**v.**                                                              **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**

    **Defendants.**

_____

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendants' motions: (1) to exclude the testimony of Dr. Rahul Gupta; and (2) to exclude undisclosed expert testimony. <u>See</u> ECF Nos. 1051 and 1055. Those motions are fully briefed and they were argued before the court on January 6, 2021.

I.

Dr. Rahul Gupta served as the West Virginia Department of Health and Human Resources Health Commissioner from 2015 to 2018.

From 2009 to 2014, Dr. Gupta was the Executive Director of the Kanawha-Charleston Health Department.

On August 3, 2020, plaintiffs disclosed Dr. Gupta as a non-retained expert.  On September 11, 2020, Dr. Gupta was deposed.  Almost two months later, on October 30, 2020, plaintiffs provided supplemental disclosures required by Federal Rule of Evidence 26(a)(2)(C).  Plaintiffs have never provided an expert report pursuant to Rule 26(a)(2)(B).

Defendants move to exclude Dr. Gupta from providing expert testimony because plaintiffs did not provide an expert report.  Plaintiffs maintain they were not required to provide an expert report because Dr. Gupta was not a retained expert in this case.

Rule 26(a)(2)(B) provides that an expert witness must be identified and provide a written report if he or she "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B). In 2010, Rule 26 was amended to add subsection (C), which states:

> (C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:  (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).  According to the Advisory Committee Notes, this amendment was enacted to "resolve[ ] a tension that

has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Fed. R. Civ. P. 26 advisory committee's notes. "Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony." Id. According to one court, the Advisory Committee Notes suggest that "Rule 26(a)(2)(C) is meant to apply only to so-called hybrid witnesses, i.e., fact witnesses who can also provide expert testimony under Federal Rules of Evidence 702, 703, or 705." Call v. City of Riverside, No. 3:13-cv-133, 2014 WL 2048194, *3 (S.D. Ohio May 19, 2014).

Of the difference between retained and non-retained experts, one court summarized:

> A retained or specialty expert is "an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert testimony." Downey v. Bob's Disc. Furniture Holdings, 633 F.3d 1, 6 (1st Cir. 2011). A non-retained expert is one whose testimony arises from his or her involvement in events giving rise to the litigation.

Compass Bank v. Eager Road Associates, LLC, No. 4:12CV1059JCH, 2013 WL 5786634, *4 (E.D. Mo. Oct. 28, 2013). The Downey court goes on to note that in "[i]nterpreting the words 'retained or specially employed' in a common-sense manner, consistent with their plain meaning, we conclude that as long as an expert was not retained or specially employed in connection with the litigation, and his opinion about causation is premised on

3

personal knowledge and observations made in the course of treatment, no report is required under the terms of Rule 26(a)(2)(B)."  633 F.3d at 7.

At his deposition on September 11, 2020, Dr. Gupta testified that he had been retained by the Fitzsimmons Law Firm as an expert consultant in the West Virginia Mass Litigation Panel opioid litigation.  Attorneys from the Fitzsimmons Law Group, Mark Colantonio and Bob Fitzsimmons appeared as counsel for Dr. Gupta at his deposition.  Previously, on July 14, 2020, Mr. Colantonio had entered an appearance "as counsel for Plaintiffs" in these cases.  See ECF No. 729.

When defendants passed Dr. Gupta as a witness for questioning by plaintiffs' counsel, Mr. Colantonio asked a number of questions of Dr. Gupta.  Counsel for McKesson and Cardinal Health objected to Mr. Colantonio's questioning of Dr. Gupta because Dr. Gupta was "not a party, so he's not entitled to be run through a direct examination by his personal counsel." Deposition of Dr. Rahul Gupta, September 11, 2020, at 117 (found at Appendix to Defendants' Motion).  Whereupon, Mr. Colantonio took the position that he was questioning Dr. Gupta in his capacity as Dr. Gupta's attorney as well as in his role as counsel for plaintiffs.  See id. at 117-18.  Later in the deposition, after he had asked a number of questions of Dr. Gupta, Mr. Colantonio backtracked and stated that he was

4

appearing at the deposition solely as counsel for Dr. Gupta and not on behalf of plaintiffs.  See id. at 185-87.

A few things are clear.  First, while not expressly prohibited, Mr. Colantonio's questioning of Dr. Gupta was highly unusual and not permitted by the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 30(c)(1) mandates that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence . . . ."  And nonparty attorneys do not ask witnesses questions at trial.  Second, contrary to plaintiffs' assertions, defendants did object to Mr. Colantonio's questions.  And finally, notwithstanding the foregoing, Dr. Gupta is not a retained expert in these cases.

Therefore, by the plain language of the Rule, Dr. Gupta is not a retained expert required to provide an expert report.  To hold otherwise, requires rewriting Rule 26(a)(2)(B) to provide that an expert witness must provide a written report if he is "retained or specially employed to provide expert testimony in the case *[or in another case that is very similar and/or overlaps with the case or where the attorney for the expert witness is also counsel in this case]*." (alterations in italics).  This the court declines to do.  Therefore, the motion seeking to exclude Dr. Gupta because he did not provide an expert report is **DENIED**.

II.

That does not end the court's inquiry with respect to Dr. Gupta or the other seven witnesses plaintiffs have designated as non-retained experts: Christina Mullins; Dr. Michael Kilkenny; Dr. Kevin Yingling; Dr. Todd Davies; Dr. David Chaffin; Dr. Lynn O'Connell; and Dr. Stephen Petrany.

As noted above, even though non-retained experts do not have to provide an expert report, they nevertheless must provide a disclosure on "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Plaintiffs maintain that their disclosures of August 3, 2020 satisfied Rule 26(a)(2)(C). They did not. This conclusion is borne out by the supplemental disclosures provided on October 30, 2020, which were far more extensive and relied almost exclusively on the deposition testimony of the non-retained experts. Furthermore, all eight of these individuals were deposed prior to October 30, 2020, the date the supplemental 26(a)(2)(C) disclosures were provided. With the exception of Drs. Gupta and Petrany, the individuals were deposed even before their August 3, 2020 designation as non-retained experts. So, in other words, defendants had to wing it in those depositions.

Federal Rule of Civil Procedure 37(c)(1) governs the failure to make disclosures.  If a party provides untimely or inadequate expert disclosures, Rule 37(c)(1) states that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  On motion, the Court may choose to additionally or alternatively "(A) . . . order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) . . . inform the jury of the party's failure; and (C) . . . impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  Fed. R. Civ. P. 37 (c)(1)(A)-(C).

The Fourth Circuit has held that district courts have broad discretion and should consider the following factors when determining whether the nondisclosure of evidence is substantially justified or harmless under Rule 37(c)(1):

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).  The purpose of Rule 37(c)(1) is to prevent "surprise and prejudice to the opposing party."  Id. at 596.  Hence, the Fourth Circuit's test "does not require a

7

finding of bad faith or callous disregard of the discovery rules." Id.

Plaintiffs bear the burden of demonstrating that the Southern States factors weigh against excluding the evidence. See Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014) ("The burden of establishing these [Southern States] factors lies with the non-disclosing party. . . .").

According to plaintiffs, "the combination of the written disclosures and the incorporated deposition testimony sufficiently disclosed the subject matter and opinion of the non-retained experts." ECF No. 1146 at 6. They further assert "[a]s the witnesses had either been deposed or were in the process of being deposed the depositions served as a summary of the facts and opinions to which each witness was expected to testify. Plaintiffs' disclosure alerted Defendants to the fact that any fact that any expert opinions that would be offered were encompassed in the deposition. No more was required." Id. at 7. The court disagrees.

The timing of expert disclosures is important. Significantly, they are meant to aid the parties in taking a deposition, not the other way around. As one court explained:

> [D]eposition testimony, standing alone, is not automatically a substitute for expert disclosures. . . .
>
> Given the inherently sophisticated nature of expert opinion and testimony, deposing an expert

8

> witness may or may not provide the deposing party with sufficient information about the expert's opinion to enable adequate preparation for trial. Without the prior disclosure of a written report or summary, deposing counsel may focus on unimportant details or otherwise fail to engage in an inquiry that reveals the opinion or opinions, and the underlying bases, that the expert will offer at trial—a possibility clearly contemplated by the Federal Rules, which prohibit the deposition of an expert subject to Rule 26(a)(2)(B) until after disclosure of the expert's report. . . .
>
> Alternatively, an expert deposition may reveal a multiplicity of opinions and an accompanying volume of information that makes it difficult or impossible for deposing counsel to accurately predict which opinions or theories the expert will present at trial. Without a disclosed report or summary to narrow his focus, diligent counsel would be forced to prepare for all possible opinions and theories, a prospect which greatly increases the potential that short shrift will be given to the opinion or theory that is actually presented at trial.
>
> Either extreme—the deposition reveals too much, or the one that reveals too little—could result in the opponent being surprised, and therefore prejudiced, by an opinion not disclosed in accordance with Rule 26.

Turner v. Speedway LLC, Civil Action No. 2:14-9185, 2015 WL 4392398, *5 (S.D.W. Va. July 15, 2015) (Copenhaver, J.); see also Securities and Exchange Commission v. Nutmeg Group, LLC, No. 09 C 1775, 2017 WL 4925503, *5 (N.D. Ill. Oct. 31, 2017) ("An after-the-fact deposition is not a substitute for what Rule 26(a)(2)(C) requires before-the-fact as far as an expert witness is concerned. The Rule requires a party to provide its opponent with a summary of what the expert will say and a summary of the main facts related to the expert's opinions. The receiving party can then take the proposed expert's deposition, if it chooses to

do so, and probe the matters about which the disclosure put it on notice.") (emphasis added).  Plaintiffs' position herein – that the deposition testimony itself is the Rule 26(a)(2) disclosure - would "defeat[] the purpose of Rule 26(a)(2)(C)."  <u>Kassim v. United Airlines, Inc.</u>, 320 F.R.D. 451, 454 (E.D. Mich. 2017) ("allowing parties to obviate the need to provide Rule 26(a)(2) disclosures and reports by simply making their experts available to be deposed would render the Rule meaningless") (quoting <u>Rangel v. Anderson</u>, 202 F. Supp.3d 1361, 1367 (S.D. Ga. 2016)); <u>see also</u> <u>State Automobile Mut. Ins. Co. v. Freehold Management, Inc.</u>, Civil Action No. 3:16-CV-2255-L, 2019 WL 1436659, *25 (N.D. Tex. Mar. 31, 2019) ("To accept Defendants' argument that inadequate, untimely, and last-minute disclosures are harmless whenever the opposing party has the opportunity to later depose the expert defeats the purpose of the rule and turns it on its head by shifting the burden to the opposing party to discover the expert's opinions and the bases for those opinions and allowing conclusion-only expert disclosures and reports . . . to be gap-filled via deposition.").

In this case, with the exception of Dr. Gupta, the <u>Southern States</u> factors weigh in favor of striking the expert opinions of the non-retained experts.  First, while defendants may no longer be surprised by the proposed expert testimony, the only way to cure that surprise would be to reopen depositions to allow

defendants to delve into those expert opinions. Given the closeness of the trial date, the significant time and expense involved in conducting seven supplemental disclosures would certainly disrupt the trial. The fourth and fifth <u>Southern States</u> factors lead the court to conclude as much. Significantly, with respect to these seven witnesses, plaintiffs have not even attempted to show why their expert testimony is important. Nor have plaintiffs adequately explained their failure to make the disclosures in a timely manner.

With respect to Dr. Gupta, after weighing the <u>Southern States</u> factors, the court concludes that his expert opinions should not be excluded. First, plaintiffs have shown the importance of Dr. Gupta's testimony. Second, any surprise can be cured by allowing defendants the opportunity to reopen Dr. Gupta's deposition and allowing one targeted deposition will not disrupt the trial. <u>See</u> <u>Wiseman v. Wal-Mart Stores, Inc.</u>, Civil Case No. 1:16-cv-04030-SAG, 2017 WL 4162238, *5 (D. Md. Sept. 19, 2017) (extending discovery for deposition of one witness but declining to do so for additional twelve witnesses because of untimely disclosures). Plaintiffs are instructed to make Dr. Gupta available as soon as possible for a deposition. Failure to do so may result in exclusion of any expert testimony. Because the court is allowing Dr. Gupta's deposition, it declines to strike the portions of his prior testimony based upon questions

asked by Mr. Colantonio. If warranted, defendants are free to argue that such testimony is beyond the scope of his status as a non-retained expert witness. Cf. Hoover v. United States, No. 01C2372, 2002 WL 1949734, *7 (N.D. Ill. Aug. 22, 2002) ("We also recognize that a treating physician sometimes may be asked to offer opinions that go beyond information acquired or opinion reached as a result of the treating relationship. In that situation, the case law establishes that the treating physician may become the kind of 'expert' who is required to submit a report pursuant to Rule 26(a)(2)(B).").

Finally, as to defendants' concerns at the hearing that reopening depositions might require supplementation of their own experts' reports or designation of an additional expert, the court will review any requests for additional discovery after Dr. Gupta's deposition is taken in order to evaluate the necessity of that discovery.

### III.

Defendants' motion to exclude Dr. Rahul Gupta (ECF No. 1051) is **DENIED**. Defendants' motion to exclude undisclosed expert testimony (ECF No. 1055) is **GRANTED** as to Christina Mullins, Dr. Michael Kilkenny, Dr. Kevin Yingling, Dr. Todd Davies, Dr. David Chaffin, Dr. Lynn O'Connell, and Dr. Stephen Petrany and **DENIED** as to Dr. Gupta. The non-retained experts are not prohibited from testifying about facts and opinions that are within the

12

permissible scope of lay testimony under the Federal Rules of Evidence. The court is mindful of the need "to be alert to efforts to smuggle expert testimony into the case . . . by characterizing it as lay testimony." 8A Charles A. Wright, Arthur R. Miller, and Richard L. Marcus, Fed. Prac. & Proc. Civ. § 2031.1 (3d ed. 2020). Furthermore, because he is a non-retained expert, Dr. Gupta's testimony in these cases is limited to his involvement in the events giving rise to this litigation.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record who have registered to receive an electronic NEF.

**IT IS SO ORDERED** this 11th day of March, 2021.

ENTER:

David A. Faber
Senior United States District Judge