IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    Plaintiff,

v.                                                      CIVIL ACTION NO. 3:17-01362

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**

    Defendants.
_____

**CABELL COUNTY COMMISSION,**

    Plaintiff,

v.                                                      CIVIL ACTION NO. 3:17-01665

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**

    Defendants.
_____

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion for partial summary judgment regarding ARCOS data. See ECF No. 1008. That motion is fully briefed and was argued before the court on January 6, 2021.

I.

The Controlled Substances Act of 1970 requires manufacturers and distributors to report their controlled substances transactions to the Drug Enforcement Administration (DEA). See https://www.deadiversion.usdoj.gov/arcos. (last visited March 8,

2021). The DEA maintains the Automation of Reports and Consolidated Orders System ("ARCOS"), an "automated, comprehensive drug reporting system which monitors the flow of DEA controlled substances from their point of manufacture through commercial distribution channels to point of sale or distribution at the dispensing/retail level - hospitals, retail pharmacies, practitioners, mid-level practitioners, and teaching institutions." Id.

"ARCOS accumulates these transactions which are then summarized into reports which give investigators in Federal and state government agencies information which can then be used to identify the diversion of controlled substances into illicit channels of distribution." Id. The ARCOS database "includes supplier name, registration number, address and business activity; buyer name, registration number and address; as well as drug code, transaction date, total dosage units, and total grams." In re Nat. Prescription Opiate Litig., 927 F.3d 919, 924 (6th Cir. 2019).

In the MDL, the DEA produced a set of ARCOS Data reflecting transactions of drug products containing one or more of fourteen opioid drugs during the time period January 1, 2006 through December 31, 2014. See ECF No. 1008-2 at 2 (Excerpts of Expert Report of Dr. Craig J. McCann). The DEA produced this data in stages and Dr. McCann summarized the production in his expert

report.  See id. at 2-3.  Dr. McCann reported that the ARCOS Data contained 500,709,803 total transaction records.  See id.  In the MDL, defendants, including Cardinal Health, stipulated to the accuracy of the ARCOS Data as produced by the DEA.  See ECF No. 2675 in Case No. 1:17-md-02804 at 2 ("The documents produced by the United States Drug Enforcement Administration ("DEA") related to Automated Records and Consolidated Orders System ("ARCOS Data") reflecting transactions in drug products containing one or more of fourteen drugs:  buprenorphine, codeine, dihydrocodeine, fentanyl, hydrocodone, hydromorphone, levorphanol, meperidine, methadone, morphine, powdered opium, oxycodone, oxymorphone, and tapentadol for the period of January 1, 2006 through December 31, 2014 shall be deemed authentic and presumed admissible for the purposes of this litigation.").

Dr. McCann adjusted the raw ARCOS data in several ways, in some cases removing certain transactions.  See ECF No. 1008-2 at 5-6.  He also compared the ARCOS data to Retail Drug Summary Reports produced by the DEA[1] to confirm the accuracy of the ARCOS data received.  See id. at 6-7.  Dr. McCann also reviewed transaction data produced in discovery by defendants and found

---

[1] The DEA publishes six ARCOS Retail Drug Summary Reports each year that summarize the weight of opioids reported in ARCOS transactions.  See ECF No. 1008-2 at 6; see also ECF No. 2675 in Case No. 1:17-md-02804 at 2 ("DEA can and does use ARCOS data to create summary reports showing how many controlled substances were manufactured and distributed throughout the United States.").

small gaps in the data produced.  See id. at 8.  Ultimately, Dr. McCann concluded that the overlap between the ARCOS data and the transactional data from defendants demonstrated that both sets of data are reliable.  See id. at 9.

Plaintiffs, pursuant to Rule 56 of the Federal Rules of Civil Procedure, seek an order granting partial summary judgment and holding that the ARCOS data received by the DEA and processed by Dr. McCann accurately reflects the shipments of opioid products reported to the DEA by DEA licensed wholesale distributors ("Processed ARCOS Data").

According to plaintiffs, because there is no factual dispute that Dr. McCann's Processed ARCOS Data accurately reflects the data provided by the DEA regarding the defendants' shipments of opioids, this court should grant partial summary judgment on this question.

II.

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Therefore, if a court finds that there is no genuine dispute of material fact as to only a single claim or defense or as to part of a claim or

defense, it may enter partial summary judgment. See id.; see also Chavez v. Cnty. of Kern, No. 1:12-CV-01004 JLT, 2014 WL 412562, at *2 (E.D. Cal. Feb. 3, 2014) (noting that "a court may grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim"). "If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

One court explained partial summary judgment under Rule 56 as follows:

> There are two relevant provisions of the summary judgment rule that are not usually at issue in summary judgment motions. Rule 56(a) in its first sentence provides, "A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). Rule 56(g) provides, "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).
>
> The current format of these two rules dates from 2010. The Committee Notes on Rules – 2010 Amendment provide, "The first sentence [of Rule 56(a)] is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P. advisory committee's note. The Committee Notes further provide, "Subdivision (g)

5

>    applies when the court does not grant all the relief
>    requested by a motion for summary judgment.  It becomes
>    relevant only after the court has applied the
>    summary-judgment standard . . . to each claim, defense,
>    or part of a claim or defense, identified by the
>    motion.  Once that duty is discharged, the court may
>    decide whether to apply the summary-judgment standard
>    to dispose of a material fact that is not genuinely in
>    dispute."  Id.  "If it is readily apparent that the
>    court cannot grant all the relief requested by the
>    motion, it may properly decide that the cost of
>    determining whether some potential fact disputes may be
>    eliminated by summary disposition is greater than the
>    cost of resolving those disputes by other means,
>    including trial.  Even if the court believes that a
>    fact is not genuinely in dispute it may refrain from
>    ordering that the fact be treated as established.  The
>    court may conclude that it is better to leave open for
>    trial facts and issues that may be better illuminated
>    by the trial of related facts that must be tried in any
>    event."  Id.

Adams v. Klein, Civil Action No. 18-1330-RGA, 2020 WL 2404772, *4 (May 12, 2020).

According to plaintiffs, because there is no dispute regarding the accuracy of the Processed ARCOS Data, the parties and the court should not waste trial time on proof of this undisputed fact.

## III.

Plaintiffs' motion is not a motion for partial summary judgment within the meaning of Rule 56.  The motion does not describe a "claim" or "part of a claim" upon which judgment may be granted.  See Adams, 2020 WL 2404772, at *4 ("My instinctive reaction to Plaintiffs' motion is that I do not think that it seeks resolution of a 'part of a claim or defense' as intended by

the rule. . . . It is not as though the elements on which they seek summary judgment are some sort of stand-alone elements which, once resolved, can be cut out of the case or stipulated to in some sensible fashion so that a portion of the trial is no longer necessary."); see also <u>Sunflower Condo. Ass'n, Inc. v. Everest Nat'l Ins. Co.</u>, CASE NO. 19-CV-80743-RUIZ/REINHART, 2020 WL 4501805, *9 (S.D. Fl. Apr. 28, 2020) ("Because Everest's motion does not seek relief that disposes of a claim or defense, or a part of a claim or defense, it arguably is not proper as a motion for summary judgment. At most, it seeks rulings that limit the scope of what evidence Sunflower can introduce at trial. . . ."); <u>Cardenas v. Kanco Hay, LLC</u>, Case No. 14-1067, 2016 WL 3881345, *7 (D. Kan. Jul. 18, 2016) ("While plaintiff's motion states that plaintiff is asking for partial summary judgment, the motion does not describe a claim or part of a claim upon which a 'judgment' may be entered. 'Judgment' cannot be entered upon a finding of forseeability or the other 'elements' of the claims upon which plaintiff moves for partial summary judgment."); <u>Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.</u>, No. C 09-0465 PJH, 2011 WL 1362178, *12 (N.D. Cal. Apr. 11, 2011) ("While Rule 56 allows the court in its discretion to find that particular facts are not in dispute, it does not authorize parties to move for 'partial summary judgment' as to a particular fact.").

Plaintiffs' motion is really a motion under Rule 56(g) because it, in essence, seeks a ruling that a certain fact, i.e., the processed ARCOS data, is established. However, plaintiffs may not invoke Rule 56(g) because it only becomes relevant after the court has applied the summary judgment standard. See <u>Moses H. Cone Mem'l Hosp. Operating Corp. v. Conifer Physician Servs., Inc.</u>, 1:13CV651, 2017 WL 1378144, *5 (M.D.N.C. Apr. 11, 2017) ("To the extent Conifer seeks partial summary judgment as to certain grounds for the alleged breach of contract, the Court finds that this is improper under Federal Rule of Civil Procedure 56. Rule 56 permits a party to 'move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.' Fed. R. Civ. P. 56(a). Partial summary judgment is permitted (e.g., finding of liability, the issues of damages); however, this rule is improper as to what Conifer seeks; that is, a pruning of factual allegations. . . ."); <u>see also</u> <u>Steeped, Inc. v. Nuzee, Inc.</u>, Case No. 19-cv-03763-HSG, 2020 WL 6891832, *2 (N.D. Cal. Nov. 24, 2020) ("Crucially, this provision [Rule 56(g)] becomes relevant <u>only after</u> the court has applied the summary-judgment standard . . . to each claim, defense, or part of a claim or defense, identified by the motion. . . . Once that duty is discharged, the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in

8

dispute.") (emphasis in original) (internal citation and quotation omitted); Milliner v. Mut. Sec., Inc., Case No. 15-cv-03354-THE, 2017 WL 1064978, *5 (N.D. Cal. Mar. 17, 2017) ("Although Federal Rule of Civil Procedure 56(a) allows a party to move for summary judgment on a part of a claim or defense and Federal Rule of Civil Procedure 56(g) permits courts to establish certain facts as true when a motion for summary judgment is not fully granted, the Plaintiffs have failed to put forth—and the Court is unaware of—any legal authority standing for the proposition that Rule 56 can be used as a stand-alone motion to establish mere independent facts.").

## IV.

The court understands plaintiffs' desire to obtain a pretrial ruling that the processed ARCOS data is admissible. However, the parties must still work within the federal rules in seeking rulings from the court. Plaintiffs' motion for partial summary judgment is not proper under Rule 56 because it does not actually seek a judgment. See Sunflower Condominium Assoc., Inc. v. Everest Nat. Ins. Co., CASE NO. 19-CV-80743-RUIZ/REINHART, 2020 WL 4501805, *9 (S.D. Fl. Apr. 28, 2020) ("While Everest's goal of limiting and focusing the trial is admirable, it is not the purpose of a motion for summary judgment. A motion for summary judgment is what its name says – a motion to obtain a judgment in whole or in part on a claim or defense.") (emphasis

in original). Plaintiffs' motion for partial summary judgment (ECF No. 1008) is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to those counsel of record who have registered to receive an electronic NEF.

**IT IS SO ORDERED** this 15th day of March, 2021.

                      ENTER:

                      *David A. Faber* (signature)
                      David A. Faber
                      Senior United States District Judge