UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION *et al.*,<br><br>    Defendants. | Civil Action No. 3:17-01665 |

**ORDER REGARDING OBJECTIONS TO**
**THIRD-PARTY DISCOVERY SHARING**

On October 28, 2020, the Court granted Defendants' Unopposed Motion for Entry of Order Providing for Use of Third-Party Discovery in Related State Court Litigation (ECF No. 1118).[1] Following the processes outlined in the Court's October 28, 2020 order, two third parties filed objections to the sharing of their discovery in the MLP litigation — the United States Department of Justice ("DOJ") (ECF No. 1171) and Cigna Corporation ("Cigna") (ECF

---

[1] The related state court litigation is *In re: Opioid Litigation*, Civil Action No. 19-C-9000, Circuit Court of Kanawha County, West Virginia (the "MLP litigation" or "MLP").

No. 1176). On February 9, 2021, the Court directed Defendants to respond to those objections (ECF No. 1220), which they did on February 19, 2021.

Having considered the objections of DOJ and Cigna, and Defendants' responses thereto, the Court orders as follows:

1. In light of the agreement of Defendants and Plaintiffs in the MLP litigation ("MLP Plaintiffs"), third-party discovery from the Drug Enforcement Administration ("DEA") and the Federal Bureau of Investigation ("FBI") that is available in this litigation and the MDL Track 1 litigation shall be available to parties in the MLP litigation, provided that the parties in the MLP litigation agree to: (1) sign the federal MDL protective order[2] acknowledgement form; (2) abide by the requirements of the MDL protective order as to DEA or FBI documents or testimony produced or elicited in the federal litigation; and (3) resolve any disputes arising therefrom in a United States District Court. These requirements are consistent with DOJ's objection.

2. In light of Defendants' and MLP Plaintiffs' agreement, Cigna's objection to sharing its third-party discovery with the MLP litigation is sustained. Accordingly, neither Defendants nor MLP Plaintiffs shall use Cigna's third-party documents in the MLP litigation.

3. Nothing in this Order shall be construed to limit the discovery rights of parties in the MLP litigation to take additional discovery in accordance with applicable West Virginia law and court orders in the MLP litigation.

---

[2] ECF No. 441 and subsequent amendments, *In re: National Prescription Opiate Litigation*, MDL No. 2804, Case No. 17-MD-2804-DAP (N.D. Ohio).

**SO ORDERED.**

**The Clerk is directed to transmit a copy of this Order to those counsel of record who have registered to receive an electronic NEF and to counsel for Cigna.**

Dated: 3/15/2021

*[signature: David A. Faber]*
_____

Honorable David A. Faber
United States District Judge