# EXHIBIT 1



IMS Health & Quintiles are now

100 IMS Drive
Parsippany, NJ 07054
iqvia.com

**Via Email**

July 25, 2018

Allergan Finance, LLC
Donald P. Bunnin
Executive Director, Senior Counsel – Litigation & Commercial Eye Care
2525 Dupont Drive
Irvine, CA 92612

RE: *In re: National Prescription Opiate Litigation*, MDL No. 2804, Case No. 17-md-2804 filed in the Northern District of Ohio

Data: IQVIA data concerning opioids from 1997 to the present from the following products Allergan has purchased: XPONENT and XPONENT PLANTRAK

Dear Mr. Bunnin:

This letter will serve as a response to your request on behalf of Allergan Finance, LLC (the "CLIENT"), to use the above-referenced Data and documents related thereto (the "IQVIA Information") in connection with the above-referenced litigation (the "Litigation"). IQVIA represents that IQVIA Information is confidential and proprietary to IQVIA and includes trade secrets. In addition, IQVIA has certain contractual obligations of confidentiality with its clients and its data sources, and the IQVIA Information may include confidential and proprietary trade secrets and information of those third parties. Accordingly, IQVIA Information retains its value to IQVIA (and to others noted above) so long as it is treated in accordance with the requirements of law affording certain protection for such information (e.g., laws governing trade secrets and copyrights).

You have requested that IQVIA consent to CLIENT's use of IQVIA Information in the Litigation, subject to Case Management Order No. 2: Protective Order entered by the Court on May 15, 2018 (the "Protective Order"), attached hereto as Exhibit A. To provide consent to this request, it is necessary that, on behalf of CLIENT, you represent and agree that any such usage or disclosure of IQVIA Information will be treated in a manner that does not compromise the above-mentioned protections or obligations and will be consistent with the following:

1. The IQVIA Information shall be deemed confidential information and shall be marked and designated as confidential and proprietary to IQVIA in a manner so as to be subject to the Protective Order. To the extent any terms of the Protective Order are inconsistent with the terms of this letter, the terms of this letter shall control.

2. Production of IQVIA Information shall be limited to that portion of IQVIA Information that is relevant to the Litigation.

3. The IQVIA Information shall only be used for purposes directly related to the Litigation and shall not in any event be used for any business, competitive, personal, private, public, or any other purpose.

4. All documents containing IQVIA Information shall be marked in such a manner as to be identified as documents requiring the highest level of confidential treatment available under the terms of the Protective Order. CLIENT has agreed to mark the IQVIA Information as "HIGHLY CONFIDENTIAL".

5. To the extent any production of IQVIA Information will be made to any state or federal entity, the cover letter with the production will include the following language or language substantially similar to the following:

> The information provided in the accompanying material contains trade secrets and proprietary and confidential commercial information of IQVIA. IQVIA requests that you take all appropriate measures to maintain the confidentiality of the information, including that the information be treated as confidential under the Freedom of Information Act ("FOIA") or any other applicable state open records law.

6. The IQVIA Information shall not be used to identify any person or entity (including any patient, consumer, outlet, supplier, plan, pharmacy or prescriber) that is not readily identifiable in the IQVIA Information. The IQVIA Information shall not be used to contact, for the purpose of obtaining testimony or otherwise, any person or entity (including any patient, consumer, outlet, supplier, plan, pharmacy or prescriber) identified in or identifiable from the IQVIA Information. The foregoing limitations shall not apply to independently derived information.

7. Although there is an inclination to view numerical data as fact, the IQVIA Information represents an estimate of measured activity and should be treated accordingly. As more fully described in our Published Specifications for Information Services ("Published Specifications"), IQVIA Information reflects projections, estimates, forecasts that are the result of a combination of confidential and proprietary technologies, statistical methodologies and a significant number of sources. These estimates reflect the independent judgment, expertise and opinion of IQVIA representatives to arrive at a reasonable approximation of market activity. The IQVIA Information is intended to support sales, marketing and research applications, and it is highly reliable for those purposes. The IQVIA Information, although appropriate for its intended purpose of supporting business and marketing analyses in industries such as the pharmaceutical industry, contains data that is susceptible to error or variance, and is not intended to be used as direct evidence or to establish any fact. Accordingly, IQVIA offers no assurances that the IQVIA Information will be suitable for use as evidence in any litigation. Attached, as Exhibit B, is a copy of these Published Specifications.

8. Any reports, documents, or exhibits that contain IQVIA Information together with information from other sources shall be identified as such, and shall not be represented as a report, document, or exhibit prepared by IQVIA.

9. When IQVIA Information is used in or as part of a proceeding in the Litigation, IQVIA will act only as an objective service provider and not as an expert on behalf of any party in the Litigation. IQVIA will not (1) offer testimony, affidavits, declarations or other evidence regarding the interpretation of the results of the IQVIA Information or the services performed by IQVIA; (2) provide any advice or engage in any advocacy with respect to witness testimony or expert analysis of any party; or (3) provide any opinion as to the relative merits of any party's position in the Litigation.

10. The IQVIA Information shall not be placed in any information repository accessible to any person or entity not directly involved in the Litigation, and shall not otherwise be made available to any person or entity not directly involved in the Litigation.

11. The IQVIA Information shall not be reverse engineered or disassembled, nor shall any attempt to ascertain the methodologies by which such information was obtained, sorted, projected, or manipulated be made.

12. In no event shall any disclosure of IQVIA Information be made to any competitor of IQVIA, or to any person who, upon reasonable good faith inquiry, could be determined to be an employee of any competitor of IQVIA, irrespective of whether that person is retained as an expert in the Litigation.

13. If IQVIA Information is submitted in a document filed in court, the IQVIA Information shall be filed under seal or through a similar mechanism for the protection of confidential information. If CLIENT desires to use at trial or in any public court proceeding any of the above-referenced IQVIA Information, CLIENT shall

request the court to permit presentation of such material with only counsel and court personnel present or in such other manner as the court deems appropriate to maintain the confidentiality of the IQVIA Information. If the court refuses to maintain the confidentiality of the IQVIA Information or public disclosure of IQVIA Information is otherwise expected to occur, CLIENT agrees to notify IQVIA at least 10 days prior to the expected disclosure if possible or as soon as possible after CLIENT receives notice that public disclosure of IQVIA Information is expected to occur, and to cooperate with IQVIA in maintaining the confidentiality of the IQVIA Information, provided, at no time shall the IQVIA Information be disclosed absent the foregoing confidentiality protections, without IQVIA's written consent.

14. A copy of this letter and its attachments will be provided with any production of IQVIA Information.

15. Within 60 days of the conclusion of the Litigation or the term set forth in the Protective Order, IQVIA Information and any copies thereof (except archival copies) shall be destroyed. Upon request of IQVIA, CLIENT shall provide written certification of any such destruction to the IQVIA Office of General Counsel. Notwithstanding the above, this provision does not require the destruction of IQVIA Data which was purchased for internal use pursuant to CLIENT'S license; any such destruction is governed by the terms of CLIENT'S license.

Subject to your agreement with the foregoing, IQVIA will consent to your request. If the above terms are acceptable, please counter-sign a copy of this letter where indicated and return it to my attention. Thank you.

Very Truly Yours,

/s/

Maureen Nakly
Associate General Counsel
IQVIA


Acknowledged and Agreed by:

SIGNATURE: [signature]
NAME: Donald Burwin
TITLE: AVP
COMPANY/FIRM: Allergan
DATE: July 31, 2018