# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
    Plaintiff,

v.

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    Defendants.

**CIVIL ACTION NO. 3:17-01362**

**CABELL COUNTY COMMISSION,**
    Plaintiff,

v.

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
    Defendants.

**CIVIL ACTION NO. 3:17-01665**

## PLAINTIFFS' MOTION IN LIMINE TO PERMIT BIFURCATION OF TESTIMONY

COME NOW Plaintiffs, City of Huntington and Cabell County Commission, and request leave of Court to bifurcate the direct testimony of expert witness Dr. Craig J. McCann.

Plaintiffs filed a motion requesting a pretrial ruling that the processed ARCOS data is admissible. See ECF No. 1008. This Court ruled the motion was procedurally improper. See ECF No. 1236. Plaintiffs intend to use Dr. McCann as a sponsoring witness to admit the ARCOS data and FRE1006 compilations early in the trial. This is a factual predicate which will be relied upon throughout the trial. Later in the trial, Plaintiffs intend to recall Dr. McCann as an expert witness to apply suspicious order monitoring system (SOMS) algorithms to the ARCOS data to establish what the Defendants knew or should have known related to the distribution of prescription opioids.

Rule 1 of the Federal Rules of Civil Procedure provides that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRE 611(a) empowers the district court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." District courts possess "broad discretion . . . in these core matters of trial management." United States v. Lefsih, 867 F.3d 459, 467 (4th Cir. 2017).  Such discretion "clearly" extends to the granting of permission to recall a witness or to reopen an examination.  United States v. Mejia-Ramos, 798 F. App'x 749, 751 (4th Cir. 2019). Moreover, the court at a bench trial enjoys wide discretion in hearing evidence. Bunch v. Shalala, No. 94-2269, 1995 U.S. App. LEXIS 27275, at *23 (4th Cir.  1995). *See also* Macsherry v. Sparrows Point, LLC, 973 F.3d 212 (4th Cir. 2020)(District courts have the "authority to decide the very format of the trial in cases where the right to a civil jury trial has been waived.").

Plaintiffs respectfully submit the bifurcation of Dr. McCann's testimony will enable the better presentation of a complex case in an organized, sequential and logical manner.  There is no prejudice to the Defendants.

Dated: March 31, 2021

**THE CITY OF HUNTINGTON**

/s/ *Anne McGinness Kearse*
Anne McGinness Kearse (WVSB No 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

Linda Singer
David I. Ackerman
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel:  202-232-5504
Fax:  202-386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com

Charles R. "Rusty" Webb (WVSB No. 4782)
**The Webb Law Centre, PLLC**
716 Lee Street, East
Charleston, West Virginia 25301
Telephone: (304) 344-9322
Facsimile: (304) 344-1157
rusty@rustywebb.com

Respectfully submitted,

**CABELL COUNTY COMMISSION**

/s/ *Paul T. Farrell Jr.*
Paul T. Farrell, Jr. (WVSB Bar No. 7443)
**FARRELL LAW**
422 Ninth Street, 3rd Floor (25701)
PO Box 1180
Huntington, West Virginia 25714-1180
Mobile: 304-654-8281
paul@farrell.law

*/s/ Anthony J. Majestro*
Anthony J. Majestro (WVSB No. 5165)
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

Michael A. Woelfel (WVSB No. 4106)
**WOELFEL AND WOELFEL, LLP**
801 Eighth Street
Huntington, West Virginia 25701
Tel. 304.522.6249
Fax. 304.522.9282
mikewoelfel3@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Anthony J. Majestro*