# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

THE CITY OF HUNTINGTON,
Plaintiff,

v.

Civil Action No. 3:17-01362

AMERISOURCEBERGEN DRUG CORPORATION, et al.
Defendants.

---

CABELL COUNTY COMMISSION,
Plaintiff,

v.

Civil Action No. 3:17-01665

AMERISOURCEBERGEN DRUG CORPORATION, et al.
Defendants.

**NON-PARTY IQVIA INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FEDERAL RULE OF CIVIL PROCEDURE 45 SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party IQVIA, Inc. ("IQVIA") provides the following Responses and Objections to Plaintiffs' Rule 45 Subpoena to IQVIA ("the Subpoena"). IQVIA reserves the right to amend, supplement, modify, or change its Responses.[1] IQVIA responds and objects as follows:

**SPECIFIC OBJECTIONS ON SCOPE OR FORM AND RESERVATION OF RIGHTS**

IQVIA hereby asserts the following Specific Objections on Scope or Form and Reservation of Rights ("Specific Objections on Scope or Form") to Plaintiffs' Topics of Examination, which are incorporated in and made a part of each response as set forth below. The assertion of the same, similar, or additional objections in the specific answers to these Topics of Examination does not waive any of IQVIA's objections as set forth below. For each Specific Objection on Scope or Form, IQVIA has undertaken a good-faith effort to explain the specific factual or legal reasoning for its objections.

---

[1] Any objection or response IQVIA makes to future discovery requests by Plaintiffs does not waive IQVIA's rights to assert additional objections or responses.

1. IQVIA objects to each Topic of Examination because this Subpoena is untimely as discovery, including discovery involving third parties, is closed. *See* Mem. Op. & Order (ECF No. 410).

2. IQVIA objects to each Topic of Examination that is overbroad, burdensome, and oppressive, including Topics of Examination that include the use of "including but not limited to." *See* FED. R. CIV. P. 26(b)(2)(B); FED. R. CIV. P. 26(g)(1)(B)(iii). Plaintiffs' open-ended request for "including but not limited to" information on an issue is unduly burdensome, is inconsistent with IQVIA's discovery obligations—which are limited by principles of reasonableness and proportionality—and does not align with the mandate of specificity of Rule 34. *See, e.g., FenF, LLC v. Healio Health Inc.*, No. 5:08CV404, 2008 WL 11379993, at *5 (N.D. Ohio Dec. 11, 2008) (phrase "including but not limited to" is "overly broad"); *Shapiro v. Am.'s Credit Union*, No. C12-5237-RBL, 2013 WL 12310679, at *2 (W.D. Wash. May 31, 2013) (within the context of a deposition notice, "'including but not limited to' language [is] often overbroad," making it difficult for the corporate designee to prepare for every conceivable topic).

3. IQVIA objects to each Topic of Examination that calls for identification of information subject to or protected by the attorney-client privilege, the work product doctrine, any other applicable privileges or doctrines limiting discovery, and any applicable law or regulations. IQVIA does not intend to waive any privileges or claims of confidentiality associated with documents or information that are produced.

4. Much of the information sought herein is highly confidential and proprietary and consists of valuable commercial information, trade secrets, or business confidential materials, the disclosure of which, even amongst the individual parties in this litigation, would be highly prejudicial to IQVIA and the value of which cannot be calculated. Even the knowledge of products and/or services obtained by (or subscribed to by) a specific Defendant amongst Defendants would create substantial harm to IQVIA's business model and confidential relationships. IQVIA objects to each Topic of Examination that seeks information that is

protected as a trade secret by applicable law or includes proprietary or confidential commercial information.

4. IQVIA objects to each Topic of Examination that seeks information pertaining to products and/or services that are (1) not relevant to the claims and defenses of a party and/or (2) not proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1) and (b)(2)(C). IQVIA objects to each Topic of Examination that seeks information regarding products or services that IQVIA does not provide.

5. IQVIA objects to each Topic of Examination to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the applicable law, including, but not limited to, the proportional scope of discovery mandated by Federal Rule of Civil Procedure 26(b)(1), specificity requirements of Federal Rule of Civil Procedure 34, mandates of Federal Rule of Civil Procedure 45(d)(1), and seeks information tangentially implicating subjects without regard to relevance and proportionality.

7. IQVIA objects to each Topic of Examination to the extent it seeks information that can be obtained from, or has already been obtained from, another source that is more convenient, less burdensome, or less expensive—e.g., the individual Defendants named in this action. *See* FED. R. CIV. P. 26(b)(2)(C)(i).

8. IQVIA does not waive or intend to waive, by reason of its Responses and Objections to Plaintiffs' Subpoena, its right to:

1. revise, amend or supplement these Responses and Objections;
2. object on any ground to the use of documents or information produced in response to the Subpoena for any purpose, in whole or in part, in this or any other proceeding, action, or matter;
3. object on any grounds, at any time, to other discovery procedures or the Subpoena;
4. object on the grounds of admissibility of any documents or information produced in response to the Subpoena requests; and
5. file the appropriate motions with the court.

**TOPICS OF EXAMINATION**

**1. Validation and authentication of the "IQVIA data concerning opioids from 1997 to the present from the following products Allergan has purchased: XPONENT and XPONENT PLANTRAK," referenced in the July 25, 2018 letter from Maureen Nakly to Donald P. Bunnin (copy attached as Exhibit 1) (the "IQVIA Data"), including but not limited to:**

**a. Explanation of the source(s) for the IQVIA Data;**

**b. Explanation of the contents of the IQVIA Data;**

**c. Explanation of the methods in which the IQVIA Data is maintained;**

**d. Explanation of whether IQVIA maintains the IQVIA Data in the regular course of its business; and**

**e. Explanation of the purposes for which IQVIA uses the IQVIA Data.**

**RESPONSE:** IQVIA objects to Topic of Examination No. 1 because this Subpoena is untimely as discovery, including discovery involving third parties, is closed. *See* Mem. Op. & Order (ECF No. 410). IQVIA also objects to this Topic of Examination because it seeks information that is not relevant and that relates to data that represents "an estimate of measured activity and should be treated accordingly." *See* IQVIA Information Services Published Specifications. The "numbers are prepared using judgment and skill, not simply arithmetic," and the data is not intended to be used as direct evidence or to establish any fact. *See id.* For these reasons, validation of this data as fact is not possible. IQVIA further objects because this Topic of Examination is also not proportional, overbroad, and unduly burdensome because it seeks a single witness affiliated with IQVIA to testify about over 20 years of information concerning validation, authentication, sources, contents, maintenance, and uses of that data and because this information can be obtained from, or may have already been obtained from, another source that is more convenient, less burdensome, or less expensive—e.g., the individual Defendants named in this action. *See* FED. R. CIV. P. 26(b)(2)(C)(i). In addition, IQVIA objects to the extent that this Topic of Examination seeks information or material that is protected from disclosure by the

attorney-client privilege, work product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection. Beyond this, IQVIA objects to the extent that this Topic of Examination calls for unretained expert testimony or services free of charge.

**2. Whether AmerisourceBergen Drug Corporation, Cardinal Health, Inc. or McKesson Drug Corporation have or had access to databases containing the IQVIA Data.**

**RESPONSE:** IQVIA objects to Topic of Examination No. 2 because this subpoena is untimely as discovery, including discovery involving third parties, is closed. *See* Mem. Op. & Order (ECF No. 410). IQVIA also objects to this Topic of Examination because it seeks information that is not relevant. IQVIA further objects because this Topic of Examination is also not proportional, overbroad, and unduly burdensome because it is not limited in time or databases and because this information can be obtained from, or may have already been obtained from, another source that is more convenient, less burdensome, or less expensive—i.e., the individual Defendants named in this action. *See* FED. R. CIV. P. 26(b)(2)(C)(i). Defendants, not IQVIA, are the best source for this information. In addition, IQVIA objects to the extent that this Topic of Examination seeks information or material that is protected from disclosure by the attorney-client privilege, work product doctrine, consulting expert privilege or protection, or any other applicable privilege or protection.

***

Notwithstanding any of the above, IQVIA continues its good-faith effort to cooperate with Plaintiffs and is willing to continue to meet and confer at their convenience. However, in its current form, Plaintiffs' Subpoena seek over 20 years of information about a wide variety of subject matter. *See* FED. R. CIV. P. 45(d)(1) ("[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense..."). This untimely and expansive demand for a third party is unwarranted, overbroad, and unduly burdensome, and does not comply with Federal Rule of Civil Procedure 26(g)(1)(B)(iii), the

proportional scope of discovery mandated by Federal Rule of Civil Procedure 26(b)(1), specificity requirements of Federal Rule of Civil Procedure 34, and mandates of Federal Rule of Civil Procedure 45(d)(1).

Respectfully Submitted,

/s/ *Patrick L. Oot*

Patrick L. Oot
Shook, Hardy & Bacon L.L.P.
1800 K Street NW, Suite 1000
Washington, D.C. 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211
oot@shb.com

***COUNSEL FOR IQVIA, INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2021, I served the foregoing on Plaintiffs' Counsel.

/s/ *Patrick L. Oot*
Patrick L. Oot