```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

**THE CITY OF HUNTINGTON,**

    **Plaintiff,**

**v.**                                      **CIVIL ACTION NO. 3:17-01362**

**AMERISOURCEBERGEN DRUG**
**CORPORATION, et al.,**

    **Defendants.**

_____

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

**v.**                                      **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG**
**CORPORATION, et al.,**

    **Defendants.**

_____

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to exclude expert testimony regarding defendants' corporate conduct. See ECF No. 1043.  That motion is fully briefed.

I.

Defendants move to exclude any expert opinion testimony regarding their alleged "bad acts" or failures to act; their knowledge, intent, or state of mind; and their corporate ethics and corporate responsibility.  Defendants argue that such testimony is not proper expert testimony and they identify six

experts who, according to them, have offered this type of improper opinion testimony:  Dr. Andrew Kolodny; Dr. Anna Lembke; Dr. Jakki Mohr; Dr. Michael Siegel; Gordon Smith, CH.B.; and Dr. David Courtwright.  Specifically, defendants' motion seeks to exclude:  1) testimony that restates factual information found in documents; 2) testimony regarding defendants' knowledge, intent, or state of mind; and 3) testimony regarding defendants' corporate ethics, responsibilities, or duties.

   In opposing defendants' motion, plaintiffs argue that their experts should be permitted to summarize the facts and evidence relied upon in forming their expert opinions and that they should be allowed to do so in narrative form.  They also contend that their experts may offer testimony relevant to defendants' knowledge, intent, or state of mind.  Plaintiffs also contend that, contrary to defendants' assertions, their experts have not offered personal opinions regarding corporate ethics or responsibilities.  Furthermore, plaintiffs argue that defendants' motion should be denied because it seeks a broad, general ruling without identifying specific opinions that should be excluded. Finally, plaintiffs are correct that defendants' motion is based upon expert reports and those reports are not necessarily reflective of what the experts' trial testimony will be.

2

II.

Only relevant evidence is admissible. See Fed. R. Evid. 402. "Relevant evidence, of course, is evidence that helps 'the trier of fact to understand the evidence or to determine a fact in issue.'" Nease v. Ford Motor Co., 848 F.3d 219, 229 (4th Cir. 2017) (quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993) (internal question marks omitted)). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." Daubert, 509 U.S. at 591 (internal citation and quotation omitted). "The touchstone of whether a witness may testify as an expert under Fed. R. Evid. 702 is . . . whether he would be 'helpful,' but it is helpfulness to the trier of fact, not to a party's case, that counts." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1296 (4th Cir. 1995) (emphasis in original). The categories of expert testimony discussed in defendants' motion are neither helpful nor relevant. As Judge Goodwin succinctly put it:

> [T]he defendant's knowledge, state of mind, alleged bad acts, failures to act, or other matters related to corporate conduct and ethics are not appropriate subjects of expert testimony because opinions on these matters will not assist the jury. . . .  The reasonableness of conduct and a party's then-existing state of mind are the sort of questions that lay jurors have been answering without expert assistance from time immemorial. . . .  While internal corporate documents and executives' testimony are certainly relevant in this case, such evidence should be presented directly to the jury, not through an expert.

3

Tyree v. Boston Sci. Corp., 54 F. Supp.3d 501, 564 (S.D.W. Va. 2014) (internal citations and quotations omitted).

A.

Expert testimony which "merely regurgitates factual information that is better presented directly to the jury rather than through the testimony of an expert witness" is properly excluded. Hines v. Wyeth, No. 2:04-0690, 2011 WL 2680842, at *5 (S.D.W. Va. July 8, 2011); see also Robroy Industries-Texas, LLC v. Thomas & Betts Corp., Case No. 2:15-CV-512-WCB, 2017 WL 1319553, at *9 (E.D. Tex. Apr. 10, 2017) ("[D]enominating a witness as an expert does not give that witness leave to simply read materials such as exhibits and depositions in the case and then testify as to their contents. Such evidence is not helpful to the jury where the jury can easily reach reliable conclusions based on common sense, common experience, and the jury's own percceptions. . . .") (internal quotation and citation omitted); In re: Ethicon, Inc., MDL No. 2327, 2016 WL 4536875, at *5 (S.D.W. Va. Aug. 30, 2016) ("I caution the parties against introducing corporate evidence through expert witnesses. Although an expert may testify about his review of internal corporate documents solely for the purpose of explaining the basis for his or her expert opinions—assuming the expert opinions are otherwise admissible—he or she may not offer testimony that is solely a conduit for corporate information."); In re Prempro

4

Prods. Liab. Litig., 554 F. Supp.2d 871, 887 (E.D. Ark. 2008) ("Having an expert witness simply summarize a document (which is just as easily summarized by a jury) with a tilt favoring a litigant, without more, does not amount to expert testimony."). Therefore, while an expert may identify the documents that he or she has relied on in forming his or her expert opinion, an expert may not read those documents into the record.

Upon reviewing the excerpts of the expert reports provided, it does not appear that the corporate documents upon which the experts rely are overly technical or scientific such that a narrative summary would assist the trier of fact. See In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig., MDL Docket No. 3:11-MD-2244-K, 2014 WL 3557345, at *7 (N.D. Tex. July 18, 2014) ("Expert narrative testimony is entirely permissible where the documents and other information the expert is reviewing are complicated, voluminous, or involve scientific or technical data and such narrative summary would assist the trier of fact in understanding the documents."). Therefore, there appears to be no need for long narrative expert testimony regarding those documents.

B.

Likewise, expert testimony regarding a corporation's motive, intent, or state of mind is likewise inadmissible. See In re: E.I. du Pont de Nemours and Co. C-8 Pers. Inj. Litig., 345 F.

5

Supp.3d 897, 902-03 (S.D. Ohio 2015) ("Courts have typically barred expert opinions or testimony concerning a corporation's state of mind, subjective motivation, or intent. . . . In general, courts have found that this type of testimony is improper . . . because it describes lay matters which a jury is capable of understanding and deciding without the expert's help. . . . Although witnesses may discuss certain subjects about which they possess specialized knowledge, this does not mean they are allowed to speculate regarding corporate intent, state of mind, and/or motivations.") (internal quotations and citations omitted); see also Young v. Mentor Worldwide LLC, 312 F. Supp.3d 765, 770 (E.D. Ark. 2018) ("The Court finds that a jury is capable of making its own determination as to Mentor's [a medical device manufacturer] intent, motive, or state of mind and that Dr. Hyman's opinion on those subjects does not meet the helpfulness criterion of Rule 702."); Knight v. Boehringer Ingelheim Pharms., Inc., 323 F. Supp.3d 837, 852 (S.D.W. Va. 2018) ("The Court . . . will not permit [the expert doctors] to make, and opine about, the inferences of motive and intent. The jury, not an expert should make those inferential leaps.") (Chambers, J.) Clinton v. Mentor Worldwide LLC, No. 4:16-CV-00319 (CEJ), 2016 WL 7491861, at *11 (E.D. Mo. Dec. 30, 2016) ("The question of corporate motive, intent, knowledge or state of mind is one for the jury, not for an expert."); Smith v. Pfizer, Inc.,

714 F. Supp.2d 845, 857 (M.D. Tenn. 2010) (not allowing expert to testify regarding intent or motive of the corporate defendant); In re: Ethicon, Inc., MDL No. 2327, 2016 WL 4536875, at *5 (S.D.W. Va. Aug. 30, 2016) ("[M]any of the motions seek to exclude state-of-mind and legal-conclusion expert testimony. Throughout these MDLs, the court has prohibited thr parties from using experts to usurp the jury's fact-finding function by allowing testimony of this type, and I do the same here.") (Goodwin, J.).

Some of the expert opinions cited by defendants contain this type of improper testimony. By way of example, in his expert report Dr. Kolodny makes the following assertion: "In fact, numerous internal documents evidence how Defendants made conscious decisions to ignore the law." Kolodny Report at 83. (Exhibit 2 to Defendants' Motion). While that certainly may be one inference to be made from reviewing defendants' internal documents, it is an inference that should be made by the finder of fact, not Dr. Kolodny.

C.

Finally, expert testimony regarding defendants' corporate ethics, duties, or responsibilities should be excluded. "Personal views on corporate ethics and morality are not expert opinions." In re Baycol Prod. Litig., 532 F. Supp.2d 1029, 1053 (D. Minn. 2007) ("Personal views on corporate ethics and morality

7

are not expert opinions."); see also In re Welding Fume Prods. Liab. Litig., No. 1:03-CV-17000, MDL 1535, 2006 WL 4507859, at *20 (N.D. Ohio Aug. 8, 2006) (relevant question was "whether the defendant corporations did what the law required them to do, not whether, from a societal perspective, they did what an 'ethical corporation' should have done") (emphasis in original). As one court explained in excluding expert testimony about that is similar to certain testimony from plaintiffs' experts in this case:

> In portions of his report, Dr. Abramson opines about Pfizer's "obligations," "duties," and the acts of "responsible drug manufacturers." For example, Dr. Abramson opines that "[w]ith [regulators] able to monitor only a small fraction of drug marketing and promotional activities, the responsibility of drug makers to stay within the boundaries of permissible marketing and promotion is heightened". . . . Such testimony is not based on any particular legal standard, . . . and Dr. Abramson has not articulated any standard or guidelines for stating what a corporation's "obligations" or "duties" are. . . . Thus, there is no apparent basis for these statements other than Dr. Abramson's personal opinion.
>
> Such opinions could confuse the jury and usurp its role. To the extent that Dr. Abramson intends to opine about the corporation's legal duties and obligations, it would usurp the role of the Court to instruct on the law and the jury's role to apply the facts to the law.

In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. and Prods. Liab. Litig., MDL No. 2:14-mn-02502-RMG, 2016 WL 2940784, at *5-6 (D.S.C. May 6, 2016).

Plaintiffs' response in opposition to defendants' motion only highlights the problems with this kind of evidence. For

example, Dr. Mohr opines that "[a] company that sells potentially harmful products to a vulnerable population (e.g., the elderly or those with lower socio-economic status due to poverty, lower educational attainment, etc.) has an even higher duty in marketing these products." <u>See</u> Exhibit 4 to Defendants' Motion at 15. In arguing that opinion is "not based solely on Dr. Mohr's personal standards of ethics or morality[,]" plaintiffs contend that Dr. Mohr relies on the American Marketing Association's Code of Ethics, The Code of Ethics for the Public Relations Society of America, the Federal Trade Commission's Endorsement Guidelines, and the World Health Organization. <u>See</u> ECF No. 1103 at 22. However, Dr. Mohr herself cites an article in the Journal of Marketing as support for that opinion. <u>See</u> Exhibit 4 at 15 n.37. Dr. Mohr does cite to the World Health Organization on the previous page of her report and repeats a WHO guideline that states: "All parties involved in the distribution of pharmaceutical products have a responsibility to ensure that the quality of pharmaceutical products and the integrity of the distribution chain is maintained throughout the distribution process from the site of the manufacturer to the entity responsible for dispensing or providing the product to the patient or his or her agent." <u>Id.</u> at 14. While this guideline (and the other sources mentioned by plaintiffs) might have played a role in how Dr. Mohr came to her opinion, it is still Dr.

9

Mohr's personal opinion about how defendants should act and, therefore, irrelevant.

### III.

To summarize:

A. Lengthy expert testimony that merely restates factual information found in documents is generally prohibited. Expert witnesses are permitted to testify about those documents relied upon in forming their opinion.

B. Expert testimony regarding defendants' motive, intent, and/or state of mind is prohibited.

C. Expert testimony regarding defendants' corporate ethics, responsibilities, and/or duties is prohibited.

These ground rules will govern the admission of expert testimony at trial. Therefore, insofar as defendants' motion seeks a ruling confirming as much, their motion is **GRANTED**. Even were the court inclined to do so (and it is not), it would be impossible to address every example cited by defendants because they have not provided the full expert reports so that the opinions may be evaluated in context. However, the court has seen enough to determine that there are times when certain experts veer into the realm of impermissible expert testimony. Counsel should take care to see that they do not do so at trial.

The Clerk is directed to send copies of this Memorandum Opinion and Order to those counsel of record who have registered to receive an electronic NEF.

**IT IS SO ORDERED** this 8th day of April, 2021.

ENTER:

David A. Faber
Senior United States District Judge

11