# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CITY OF HUNTINGTON,<br>    Plaintiff,<br>v.<br>AMERISOURCE BERGEN DRUG CORPORATION, et al.,<br>    Defendants. | Civil Action No. 3:17-cv-01362 |
| CABELL COUNTY COMMISSION,<br>    Plaintiff,<br>v.<br>AMERISOURCE BERGEN DRUG CORPORATION, et al.,<br>    Defendants. | *Consolidated case*:<br>Civil Action No. 3:17-cv-01665 |

## **PLAINTIFFS' OMNIBUS MOTION REGARDING IQVIA TRIAL TESTIMONY**

Plaintiffs intend to present for the record and admit the IQVIA XPONENT and XPONENT PLANKTRAK data produced in discovery in MDL2804 styled *In Re: National Prescription Opiate Litigation*, N.D. Ohio, Case No. 1:17-MD-2804 ("IQVIA Data") and filed a motion in limine to pre-admit the evidence. (ECF 1066) (ECF 1152). The parties stipulated the data is authentic and relied upon by experts on both sides, however, the Defendants dispute whether the underlying evidence is admissible. (ECF 1124). The Court heard argument on January 6, 2021, and took the matter under advisement (ECF 1202). By this motion, Plaintiffs seek leave from this Court to either (1) permit a limited evidentiary deposition of IQVIA under the supervision of Special Master Wilkes; and/or (2) permit the issuance of a trial subpoena for a representative of IQVIA (likely located in North Carolina) to testify live by remote video streaming.

In the absence of a ruling or stipulation as to the admissibility of the IQVIA Data, Plaintiffs filed and served a subpoena on IQVIA to secure testimony which establishes the evidentiary foundation necessary at trial for the admission of the IQVIA Data (ECF 1238). The subpoena

demands the production of a witness with knowledge to testify regarding the following subject matters:

> (1) Validation and authentication of the IQVIA data;
>
> (2) Explanation of the source(s) for the IQVIA Data;
>
> (3) Explanation of the contents of the IQVIA Data;
>
> (4) Explanation of whether IQVIA maintains the IQVIA Data in the regular course of its business;
>
> (5) Explanation of the purposes for which IQVIA uses the IQVIA Data; and
>
> (6) Whether AmerisourceBergen Drug Corporation, Cardinal Health, Inc. or McKesson Drug Corporation have or had access to databases containing the IQVIA Data.

IQVIA and the defendants objected to the subpoena as an attempt to conduct untimely discovery and filed a motion for protective order the day before the noticed deposition (Dkt. 1261). Plaintiffs met and conferred with IQVIA, the defendants and Special Master Wilkes. No agreement was reached, necessitating this motion.

Plaintiffs seek leave by this Court to take one or more of the following procedural steps:

> (1) Permit a limited evidentiary deposition of IQVIA under the supervision of Special Master Wilkes; and/or
>
> (2) Permit the issuance of a trial subpoena for IQVIA to testify live by remote video streaming.[1]

Both remedies are within the discretion of this Court. FRE 611(a) empowers the district court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting

---

[1] IQVIA headquarters is situated in Durham, North Carolina, which is more than 100 miles from the location of this trial. FRCP 45(c)(1).

time; and (3) protect witnesses from harassment or undue embarrassment." District courts possess "broad discretion . . . in these core matters of trial management." United States v. Lefsih, 867 F.3d 459, 467 (4th Cir. 2017). Such discretion "clearly" extends to the granting of permission to recall a witness or to reopen an examination. United States v. Mejia-Ramos, 798 F. App'x 749, 751 (4th Cir. 2019). Moreover, the court at a bench trial enjoys wide discretion in hearing evidence. Bunch v. Shalala, No. 94-2269, 1995 U.S. App. LEXIS 27275, at *23 (4th Cir. Sep. 25, 1995). Similarly, Rule 43 of the Federal Rules of Civil Procedure provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).[2]

Defendants will not be prejudiced. The evidentiary deposition will not be lengthy and can be conducted remotely. Alternatively, the live, remote testimony of a short witness providing additional support for admission of this evidence will not be disruptive of the trial.

This data is direct evidence that diversion was taking place in Huntington, Cabell County, West Virginia. As admitted by the defendants, the Xponent data "reflects the prescribing history of physicians" (ECF 1124 at p.2). The data permits a comparison of the prescribing history of certain physicians with comparable benchmarks across the country. The data is direct evidence that certain physicians in Huntington, Cabell County, West Virginia, are/were clear outliers responsible for massive diversion of prescription opioids. Whether the defendants knew, or should have known, of this fact, the evidence is independently relevant on this basis. The fact remains and is relevant to these proceedings. Defendants should not be permitted to obtusely reference

---

[2] The Parties have previously briefed the availability of Rule 43 under these circumstances. *See* Docs. 794 (Motion); 844 (Opposition); 864 (Reply). Because the parties reached agreement on the witnesses that were the subject of that motion, the motion was withdrawn. Doc. 880. With respect to this motion, Plaintiffs incorporate the arguments contained in the withdrawn motion and reply.

and blame physicians for the opioid epidemic without facing the harsh reality of the plague they supplied and fueled.

| **THE CITY OF HUNTINGTON** | **CABELL COUNTY COMMISSION** |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No. 12547) | Paul T. Farrell, Jr. (WVSB Bar No. 7443) |
| Joseph F. Rice | **FARRELL & FULLER LLC** |
| **MOTLEY RICE LLC** | 1311 Ponce de Leon Ave., Suite 202 |
| 28 Bridgeside Blvd. | San Juan, Puerto Rico 00907 |
| Mount Pleasant, SC 29464 | Mobile: 304-654-8281 |
| Tel: 843-216-9000 | paul@farrellfuller.com |
| Fax: 843-216-9450 | |
| akearse@motleyrice.com | /s/ *Anthony J. Majestro* |
| jrice@motleyrice.com | Anthony J. Majestro (WVSB No. 5165) |
| | **POWELL & MAJESTRO, PLLC** |
| Linda Singer | 405 Capitol Street, Suite P-1200 |
| David I. Ackerman | Charleston, WV 25301 |
| **MOTLEY RICE LLC** | 304-346-2889 / 304-346-2895 (f) |
| 401 9th Street NW, Suite 1001 | amajestro@powellmajestro.com |
| Washington, DC 20004 | |
| Tel: 202-232-5504 | Michael A. Woelfel (WVSB No. 4106) |
| Fax: 202-386-9622 | **WOELFEL AND WOELFEL, LLP** |
| lsinger@motleyrice.com | 801 Eighth Street |
| dackerman@motleyrice.com | Huntington, West Virginia 25701 |
| | Tel. 304.522.6249 |
| Charles R. "Rusty" Webb (WVSB No. 4782) | Fax. 304.522.9282 |
| **The Webb Law Centre, PLLC** | mikewoelfel3@gmail.com |
| 716 Lee Street, East | |
| Charleston, West Virginia 25301 | |
| Telephone: (304) 344-9322 | |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

                                                                                       */s/ Anthony J. Majestro*
                                                                                       Anthony J. Majestro (WVSB 5165)