```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

**THE CITY OF HUNTINGTON,**

**Plaintiff,**

**v.**                              Civil Action No. 3:17-01362

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

**Defendants.**

**v.**                              Civil Action No. 3:17-01665

**CABELL COUNTY COMMISSION,**

**Plaintiff,**

**v.**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

**Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to exclude the opinions of James Geldhof.  (ECF No. 1047.)  For the reasons that follow, the motion is **GRANTED**.

### I.   Background

James Geldhof is a retired Drug Enforcement Agency ("DEA") agent.  His career at the DEA spanned more than four decades and included notable service to the agency in leadership roles.  His expert report provides a general overview of law that applies to

prescription drug distributors and the DEA's enforcement of that law, including specific examples of enforcement.  Other than to say certain laws apply to them, his report does not contain opinions regarding defendants here.

Plaintiffs say that the value of Geldhof's testimony will be in educating the court on the complex legal framework within which the pharmaceutical industry operates and how the DEA enforces that framework.  Essentially, plaintiffs characterize Geldhof as a legal expert who gained his expertise through experience.  Plaintiffs suggest that allowing Geldhof to testify will spare the court from an otherwise dry presentation of documentary evidence.

Defendants dispute the characterization of Geldhof as an expert at all.  They say that all he really offers is a factual narrative regarding the law and how the DEA has enforced it.  And to the extent such narratives are helpful to summarize voluminous documents or complex legal regimes, that is not what the testimony here seeks to do.  Finally, as to the concern about a lack of context, defendants point out that proper lay testimony would eliminate it.

## II. Legal Standard

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

>   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>   (b) the testimony is based on sufficient facts or data;
>
>   (c) the testimony is the product of reliable principles and methods; and
>
>   (d) the expert has reliably applied the principles and methods to the facts of the case.

"Essentially, the witness must be qualified as an expert, the testimony must be reliable, and the testimony must assist the trier of fact." In re Fosamax Prod. Liab. Litig., 645 F. Supp. 2d 164, 172 (S.D.N.Y. 2009).[1]

Rule 702 requires courts to stop expert opinions at the gate if they lack reliable foundation or relevance "to the task at hand." McKiver v. Murphy-Brown, LLC, 980 F.3d 937, 959 (4th Cir. 2020). But because "the adversary system" awaits such opinion evidence on the other side of the gate, the gatekeeping function is a limited one. See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig. 892 F.3d 624, 631 (4th Cir. 2018).

---

[1] In Daubert v. Merrell Dow Pharmaceuticals, Inc., the Supreme Court listed four factors that may guide the reliability analysis. See 509 U.S. 579, 593-94. "[T]he four-factor mold set forth by Daubert that governs scientific expert opinions . . . is not applicable to a non-scientific regulatory expert." In re Mirena IUD Prod. Liab. Litig., 169 F. Supp. 3d 396, 480 (S.D.N.Y. 2016).

Helpfulness to the trier of fact is the "touchstone" of Rule 702.  Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir. 1993).  When a lawyer can advance in argument what a proffered expert intends to advance in opinion, the expert is probably unhelpful.  See Puga v. RCX Sols., Inc., 922 F.3d 285, 293-94 (5th Cir. 2019).

The party proffering the expert's opinion has the burden of production on the question of admissibility.  Maryland Cas. Co. v. Therm-O-Disc, Inc., 137 F.3d 780, 783 (4th Cir. 1998).

### III. Discussion

The parties appear to agree that Geldhof's distinguished career in public service for the DEA renders him qualified to opine on how the DEA operates.  But they disagree on whether he operates within the realm of his qualifications and whether he offers expert opinions at all.  Having reviewed Geldhof's report, the court agrees with defendants' characterization of the proffered testimony.  It is unclear how Geldhof would go beyond being a sounding board for plaintiffs to relate certain facts and suggest the legal conclusions that flow therefrom.  Because the report falls short of assisting the trier of fact, its author's testimony should be excluded.

Plaintiffs suggest that Geldhof will provide expert opinion on the history of the law, the content of the law, how the law

applies to defendants, and how the DEA enforces the law. Only the last of these categories would be potentially useful. The others are not helpful because the court is capable of understanding the law at issue here with the assistance of the highly qualified attorneys who are litigating the case.

"[A]n expert generally may not opine as to what the law requires, or whether [certain] conduct violated the law." In re Nat'l Prescription Opiate Litig., No. 1:17-MD-2804, 2019 WL 3934490, at *4 (N.D. Ohio Aug. 20, 2019). Nevertheless, it is true that courts sometimes admit legal experts, even in jury trials. For example, law professors may sometimes offer opinions on matters of law in securities cases. See, e.g. United States v. Offill, 666 F.3d 168, 175 (4th Cir. 2011). And the same reasoning may apply beyond law professors in other complex financial cases. See United States v. Duarte, 581 F. App'x 254, 257 (4th Cir. 2014). Without this dispensation, presenting a complex financial case to a jury may be nearly impossible. See Offill, 666 F.3d at 175.

It is likewise true that a bench trial substantially allays fears of undue influence by legal experts. See Roger C. Park & Aviva Orenstein, Trial Objections Handbook 2d § 8:13 ("If a judge conducting a bench trial believes that he or she will benefit from expert testimony about law, as opposed to having a legal expert brief or argue the issue, then there seems to be

little potential harm in allowing the testimony."). On the other hand, there is less need for a legal expert in a bench trial because there is no jury to educate.

Here, there are two problems with allowing Geldhof to testify about the law (including its history and application): (1) the legal regime is not extraordinarily complex (this case is not Offill); and (2) Geldhof's report is devoid of expert legal analysis. In other words, while the court acknowledges that there are situations where a legal expert may be helpful, this is neither such a situation nor such an expert.

That leaves the issue of whether Geldhof should be permitted to testify about DEA enforcement of the law. While it appears that Geldhof's experience would qualify him on this topic, his report does not appear to draw upon that expertise in any meaningful way. The report belies the suggestion that the court will get an "inside look" (ECF No. 1105, at 7) at how the DEA operates. Rather, it appears from the report that the court would get a narrative of enforcement actions and communications between the DEA and the pharmaceutical industry. It is unclear why Geldhof needs to be the narrator.

Plaintiffs point out that summary evidence is permissible. See United States v. Janati, 374 F.3d 263, 274 (4th Cir. 2004). They also argue that no "general rule prevents experts from discussing the evidence on which their opinions are based in the

form of a narrative." (ECF No. 1105, at 14.) The problem here is the lack of opinions. Essentially, the proffer is narrative for its own sake. That someone with impressive experience in federal law enforcement provides a narrative does not transform that narrative into an expert opinion.

Experts must do more than offer factual narratives, including "narrative[s] of select regulatory events." Fosamax, 645 F. Supp. 2d at 192. Factual narratives are permissible only as necessary to support expert opinions. See In re C.R. Bard, Inc., 948 F. Supp. 2d 589, 646 (S.D.W. Va. 2013). Because the expert report shows that a factual narrative would be the end in itself, there is no need to wait for trial to exclude the proffered evidence as unhelpful.

## IV. Conclusion

For the reasons expressed above, defendants' motion to exclude the opinions of James Geldhof (ECF No. 1047) is **GRANTED**.[2]

---

[2] The court, however, makes no comment as to the merits of the "do not ship" argument or whether the documents that Gelhof reviewed do or do not support that argument.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to those counsel of record who have registered to receive an electronic NEF.

**IT IS SO ORDERED** this 15th day of April, 2021.

ENTER:

David A. Faber
Senior United States District Judge