```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

**THE CITY OF HUNTINGTON,**

**Plaintiff,**

**v.**                                   **Civil Action No. 3:17-01362**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

**Defendants.**

**v.**                                   **Civil Action No. 3:17-01665**

**CABELL COUNTY COMMISSION,**

**Plaintiff,**

**v.**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

**Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion in limine to exclude references to payments received from collateral sources. (ECF No. 1006.)  For the reasons that follow, the motion is **DENIED**.

**I.   Background**

Defendants intend to introduce evidence at trial that government funds or programs have paid and will continue to pay for medical treatment that the opioid crisis has necessitated in

plaintiffs' communities. Plaintiffs say that such evidence is irrelevant and inadmissible under West Virginia's robust collateral source rule. Defendants disagree, arguing that the collateral source rule does not apply to (1) payments to nonparties from nonparties or (2) claims for equitable relief only. They also say that equity favors consideration of this evidence.

In reply, plaintiff say that defendants' argument regarding nonparties is legally incorrect. As to whether the collateral source rule applies to equitable claims, plaintiffs argue that because the policy considerations are the same, and because the rule itself is an equitable one, the court should not create an exception to the rule where the Supreme Court of Appeals of West Virginia has not done so. Plaintiffs also suggest that defendants' arguments are better understood as challenges to whether plaintiffs have a cause of action for public nuisance and standing to bring it.

**II. Discussion**

Under West Virginia law, "[t]he collateral source rule excludes payments from other sources to plaintiffs from being used to reduce damage awards imposed upon culpable defendants." Kenney v. Liston, 760 S.E.2d 434, 440 (2014). Where the rule applies, it precludes defendants from offering evidence of such payments. Id. at 441. This is because such evidence tends to

2

be irrelevant.  See Schwartz v. Hasty, 175 S.W.3d 621, 627 (Ky. Ct. App. 2005).  Such evidence also may lead juries to apply improper offsets.  Kenney, 760 S.E.2d at 441 (2014).

Plaintiffs correctly point out that the collateral source rule is both one of evidence and of damages.  While the motion asks for an evidentiary ruling, it implicates the larger issue of whether (and to what extent) the rule applies to this case substantively.  The parties agree that West Virginia case law has not answered the precise question, but they characterize the potential application of the rule to these facts quite differently.

From plaintiffs' point of view, not to apply the collateral source rule here would amount to a retreat from Kenney, which confirmed the rule's strength in West Virginia.  Plaintiffs frame the rule as a default one that applies unless there is an exception, and they argue that there is no exception under West Virginia law for claims not seeking the remedy of money damages.  To apply the rule here is thus to tread conservatively with state law, say plaintiffs.  Defendants, by contrast, see the application of the rule here as a significant extension of the rule, and one that should give the court serious pause.

The collateral source rule's application in cases seeking only equitable relief is far from clear.  Plaintiffs cite very little persuasive authority to show that it applies in such

3

cases. They mainly point to the Seventh Circuit's approval of the rule's application in a case involving a public nuisance under Wisconsin law. See Town of E. Troy v. Soo Line R. Co., 653 F.2d 1123, 1126 (7th Cir. 1980). There, a train crash and consequential chemical spill poisoned the water supply of the small town of Troy. Id. at 1125-26. In response, the town established a clean water supply by tapping into "a deep aquifer separated by an impermeable layer of shale from the contaminated aquifer from which the individual property owners obtained their water." Id. at 1126. The trial court had applied the collateral source rule to exclude evidence of a $500,000 government grant the town had received for the water project. Id. The appeals court affirmed. Id. at 1134.

The key difference between Troy and this case is that, in Troy, the town apparently sought money damages, not abatement, under a Wisconsin statute that provided for either remedy. Id. at 1127. What is more, the town had already incurred the expenses and was obligated to do so. Id. at 1128. ("Nonetheless, this gap in the record does not restrain us from concluding that the Town was, indeed, obligated to act as it did."). Accordingly, Troy does not show that the collateral

source rule applies here, or outside the realm of money damages at all.[1]

At least one district court in this circuit has limited the full force of the collateral source rule's effect in determining a remedy of an equitable nature.  See Szedlock v. Tenet, 139 F. Supp. 2d 725, 736 (E.D. Va. 2001) ("In this case, as in Fariss, equitable principles require an appropriate offset to ensure that plaintiff is only made whole and is not awarded a windfall."), aff'd, 61 F. App'x 88 (4th Cir. 2003).  Citing its punitive nature, other courts have refused to apply the rule to cases sounding in contract.  See e.g., Bramalea California, Inc. v. Reliable Interiors, Inc., 14 Cal. Rptr. 3d 302, 305 (2004).

Additionally, Judge Polster appears to have acknowledged that funding from collateral sources is relevant to determining whatever equitable relief may be appropriate under Ohio law:

> As stated above, abatement is an equitable remedy. The Court agrees with Plaintiffs that testimony regarding the "full cost of abating the public nuisance" is relevant and will help the Court understand the scope of what it will take to remedy the opioid crisis.

---

[1] City of Milwaukee v. NL Industries, 762 N.W.2d 757 (Ct. App. Wis. 2008), is likewise unavailing.  Although the city there did seek abatement of a public nuisance, the opinion speaks in terms of damages.  Id. at 762, 764, 779, 780, 781 ("The City's argument is based on the premise that the social utility of nuisance-causing conduct is irrelevant in a cause of action for damages.") (emphasis added).  Also, after a grant of summary judgment as to future damages, the trial was limited to damages for reimbursement of funds that the city had already spent.  Id. at 762, 764.

> To the extent the Court determines this scope is narrowed by other programs already in place in Summit and Cuyahoga County, and/or additional sources of funding that may exist, the Court can exercise its equitable powers to deviate from the full costs of abatement to a more just and appropriate amount. Thus, Plaintiffs' experts' failure to consider other sources of funding and their consideration of national data does not make their opinions any less relevant.

In re Nat'l Prescription Opiate Litig., No. 1:17-MD-2804, 2019 WL 4043938, at *3 (N.D. Ohio Aug. 26, 2019).

The court need not decide today whether and how the collateral source rule applies here. Sufficient doubt surrounds its application such that the evidence plaintiffs seek to exclude is at least conditionally relevant.[2] There being no jury to confuse, the path of allowing the evidence here is the obvious one. Plaintiffs present a colorable argument that the evidence is irrelevant, but the risk of admitting irrelevant evidence is less than the risk of wrongfully blocking relevant evidence that defendants say is integral to their theory of the case.

Moreover, the evidence may be relevant (and thus, admissible) even if the collateral source rule applies. Application of the rule would make the evidence irrelevant insofar as defendants would not be entitled to an offset. But

---

[2] The court does not reject, but need not reach, defendants' argument that the payments here are not properly understood as collateral sources because they are to and from nonparties.

6

defendants plausibly say this evidence goes to their overall contention that plaintiffs are not entitled to the remedy they seek and to the battle of the parties' experts regarding the necessary scope of abatement.  Such use is different than using collateral source payments to seek an offset or to mislead a jury.

**III. Conclusion**

For the reasons expressed above, plaintiffs' motion in limine regarding references to payments received from collateral sources (ECF No. 1006) is **DENIED**.[3]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to those counsel of record who have registered to receive an electronic NEF.

**IT IS SO ORDERED** this 20th day of April, 2021.

ENTER:

David A. Faber
Senior United States District Judge

---

[3] Again, the parties are free to continue their efforts to convince the court that the collateral source rule does or does not apply as a substantive rule of damages in this case.