```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

**THE CITY OF HUNTINGTON,**

**Plaintiff,**

**v.**                                    Civil Action No. 3:17-01362

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

**Defendants.**

**v.**                                    Civil Action No. 3:17-01665

**CABELL COUNTY COMMISSION,**

**Plaintiff,**

**v.**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

**Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are a number of motions to exclude expert testimony in this case. Experts sought to be excluded are: Dr. Andrew Kolodny (ECF No. 1041); Dr. Thomas McGuire (ECF No. 1050); Dr. Katherine Keyes (ECF No. 1056); George Barrett (ECF No. 1059); Dr. G. Caleb Alexander (ECF No. 1068); Dr. Tricia Wright (ECF No. 1082); Dr. Michael Siegel (ECF No. 1139).  In most cases, counsel seek to exclude only certain opinions provided by the experts and not their entire testimony.  Drs.

McGuire, Keyes, Alexander were subjected to Daubert challenges in the MDL that were denied.

> Federal Rule of Evidence 702 provides:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Therefore, "[u]nder Rule 702, a district court must ensure that the expert is qualified and that the expert's testimony is both relevant and reliable." United States v. Smith, 919 F.3d 825, 835 (4th Cir. 2019).

"A district court considering the admissibility of expert testimony exercises a gate-keeping function to assess whether the proffered evidence is sufficiently reliable and relevant." Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999). "Relevant evidence, of course, is evidence that helps 'the trier of fact to understand the evidence or to determine a fact in issue.'" Nease v. Ford

Motor Co., 848 F.3d 219, 229 (4th Cir. 2017) (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993)). "[R]elevance—or what has been called "fit"—is a precondition for the admissibility of expert testimony, in that the rules of evidence require expert opinions to assist the 'trier of fact to determine a fact in issue.'" United States v. Ancient Coin Collectors Guild, 899 F.3d 295, 318 (4th Cir. 2018) (quoting Daubert at 591).

Rule 702 requires courts to stop expert opinions at the gate if they lack reliable foundation or relevance "to the task at hand." McKiver v. Murphy-Brown, LLC, 980 F.3d 937, 959 (4th Cir. 2020). But because "the adversary system" awaits such opinion evidence on the other side of the gate, the gatekeeping function is a limited one. See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig. 892 F.3d 624, 631 (4th Cir. 2018). "[C]onsequently, the rejection of expert testimony is the exception rather than the rule." Smith, 919 F.3d at 835.

Helpfulness to the trier of fact is the "touchstone" of Rule 702. Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir. 1993). When a lawyer can advance in argument what a proffered expert intends to advance in opinion, the expert is probably

3

unhelpful. See Puga v. RCX Sols., Inc., 922 F.3d 285, 293-94 (5th Cir. 2019).

"Rule 702 applies whether the trier of fact is a judge or a jury." UGI Sunbury LLC v. Permanent Easement for 1.7575 Acres, 949 F.3d 825, 832 (3d Cir. 2020); see also Quality Plus Servs., Inc. v. National Union Fire Ins. Co.of Pittsburgh, Civil Action No. 3:18cv454, 2020 WL 239598, at *13 (E.D. Va. Jan. 15, 2020) ("Rule 702 applies in a bench trial, albeit somewhat differently."). Nevertheless, "district courts do retain 'latitude' to decide 'how' to apply those requirements in a bench trial." Id. at 833 (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999)). As for the reasons for this increased latitude, one court explained:

> Although Rule 702 applies in bench trials, "the Court has increased discretion in how to perform its gatekeeping role." Acosta v. Vinoskey, 310 F. Supp. 3d 662, 667 (W.D. Va. 2018). The thrust of Rule 702 is to protect the jury from "evidence that is unreliable for reasons they may have difficulty understanding." Quality Plus Servs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA., No. 3:18-cv-454, 2020 WL 239598, at *13 (E.D. Va. Jan. 15, 2020) (quoting 29 Charles A. Wright & Victor J. Gold, Federal Practice and Procedure § 6270 (2d ed. 2019)); see also In re Zurn Pex Plumbing Prods. Liab. Litig., 644 F.3d 604, 613 (8th Cir. 2011) ("The main purpose of Daubert exclusion is to protect juries from being swayed by dubious testimony."). However, when the judge serves as the factfinder, this risk of confusion presents significantly less of a concern, if any at all. See United States v. Brown,

4

> 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

Reetz v. Lowe's Companies, Inc., CIVIL ACTION NO. 5:18-CV-00075-DCK, 2021 WL 674016, at *3 (W.D.N.C. Feb. 22, 2021); see also Traxys N. Am., LLC v. Concept Mining, Inc., 808 F. Supp.2d 851, 853 (W.D. Va. 2011) ("The gatekeeping function of the court is relaxed where a bench trial is to be conducted, as in this case, because the court is better equipped than a jury to weigh the probative value of expert evidence.").

Given that, in a bench trial, the gatekeeper is keeping the gate only for itself, courts will often conditionally admit expert testimony subject to later exclusion if the expert's testimony does not satisfy Rule 702.  See UGI Sunbury, 949 F.3d at 833.

> [T]he Court has discretion to admit the expert evidence "subject to the ability later to exclude it or disregard it" at trial.  Hewett v. City of King, 2014 WL 7642093, at *1 (M.D.N.C. Sept. 8, 2014) (quotation omitted); see also Pender v. Bank of Am. Corp., 2016 WL 6133850, at *3 (W.D.N.C. Oct. 20, 2016) ("As this is a bench trial, the Court can freely accept or reject an expert's testimony at trial as the trier of fact."); In re Salem, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.").

Reetz, 2021 WL 674016, at *4; see also Kansas City Southern Ry. Co. v. Sny Island Levee Drainage Dist., 831 F.3d 892, 900 (7th Cir. 2016) ("Where a trial judge conducts a bench trial, the judge need not conduct a Daubert (or Rule 702) analysis before presentation of the evidence, even though he must determine admissibility at some point."); Quality Plus Servs., Inc. v. National Union Fire Ins. Co.of Pittsburgh, Civil Action No. 3:18cv454, 2020 WL 239598, at *16 (E.D. Va. Jan. 15, 2020) (allowing expert testimony in bench trial but acknowledging that "if at trial the Court concludes that [the expert]'s testimony is not reliable, it may exclude his testimony"); Larosa v. Pecora, Civil Action No. 1:07CV78, 2009 WL 3460101, at *3 (N.D.W. Va. Mar. 2, 2009) ("[B]ecause this case is a bench trial, this Court is in the position to freely accept or reject the experts' testimony at trial without inappropriately usurping its gatekeeping function.").

The court will exercise its discretion to allow the challenged experts to testify and conditionally admit their testimony. In so doing, the court defers a final ruling on the admissibility and weight to give their testimony until the court has the opportunity to evaluate that testimony at trial. On cross-examination, counsel will be given a wide berth to point out why each expert's testimony does not satisfy Rule 702.

Therefore, the court **DENIES** without prejudice the motions to exclude the expert testimony of Dr. Andrew Kolodny (ECF No. 1041); Dr. Thomas McGuire (ECF No. 1050); Dr. Katherine Keyes (ECF No. 1056); George Barrett (ECF No. 1059); Dr. G. Caleb Alexander (ECF No. 1068); Dr. Tricia Wright (ECF No. 1082); and Dr. Michael Siegel (ECF No. 1139).  This order does not supersede and/or reverse any of the court's earlier rulings with respect to the admission or exclusion of testimony given by these experts.[*]  Nor does this ruling bear on the separate motion to exclude the expert marketing opinions of Drs. Kolodny and Keyes.  See ECF No. 1063.  That motion remains pending.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to those counsel of record who have registered to receive an electronic NEF.

**IT IS SO ORDERED** this 22nd day of April, 2021.

ENTER:

*David A. Faber* (signature)
David A. Faber
Senior United States District Judge

---

[*] For example, both Drs. Kolodny and Siegel were among the experts mentioned in defendants' motion to exclude expert testimony regarding corporate conduct.  The court granted that motion insofar as it sought a court ruling that certain types of expert testimony were impermissible.  See ECF No. 1262.