IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**

    **Plaintiff,**

**v.**                                 **CIVIL ACTION NO. 3:17-01362**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    **Defendants.**

_____

**CABELL COUNTY COMMISSION,**

    **Plaintiff,**

**v.**                                 **CIVIL ACTION NO. 3:17-01665**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

    **Defendants.**

_____

### MEMORANDUM OPINION AND ORDER

Pending before the court is McKesson Corporation's Motion in Limine to Exclude Evidence Regarding a Former Employee's Plea. See ECF No. 1045. That motion is fully briefed and ripe for decision.

I.

From 2008 to 2014, David Gustin served as a Director of Regulatory Affairs ("DRA") for McKesson's North Central Region, which included portions of Ohio, West Virginia, and Kentucky.

Gustin left his position as a DRA in 2014, and retired from McKesson in 2016.

On July 6, 2020, in the United States District Court for the Eastern District of Kentucky, Gustin pleaded guilty to a one-count information charging him with knowingly failing to file suspicious order reports, in violation of 21 U.S.C. § 842(a)(5). Under the plea agreement, in exchange for Gustin's guilty plea to the misdemeanor, the government agreed to dismiss a 2019 indictment charging him with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.  Gustin was sentenced to two years of probation on the misdemeanor and the indictment was dismissed.

In its motion, McKesson asks the court to exclude: (1) Gustin's plea agreement and the information to which he pled guilty; and (2) Gustin's 2019 indictment.  According to McKesson, the documents are inadmissible hearsay.  Plaintiffs argue that Gustin's plea agreement and the criminal information are admissible under Federal Rule of Evidence 803(8).  Plaintiffs stated that they did not plan to seek to introduce evidence of the indictment.  See ECF No. 1129 at 4 n.9.  In its reply, McKesson also asks the court to exclude the misdemeanor judgment.[1]

---

[1] Mr. Gustin was sentenced on October 15, 2020, after McKesson filed its opening brief.

2

II.

Hearsay evidence is inadmissable unless a hearsay exception applies. See Fed. R. Evid. 802. The parties seem to agree that the plea agreement, criminal information, and judgment are hearsay. But that is where any agreement ends. McKesson contends that Federal Rule of Evidence 803(22) controls while plaintiffs argue that Federal Rule of Evidence 803(8) does.

*A. Rule 803(22) and 803(8)*

Federal Rule of Evidence 803(22) addresses when a judgment of a previous conviction should be admitted as an exception to the hearsay rule. The rule holds that "[e]vidence of a final judgment of conviction" is not excluded by the rule against hearsay "if: (A) the judgment was entered after a trial or guilty plea, but not a nolo contendre plea; (B) the conviction was for a crime punishable by death or by imprisonment for more than one year; (C) the evidence is admitted to prove any fact essential to the judgment; and (D) when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant." Fed. R. Evid. 803(22).

Plaintiffs argue that the plea agreement and the information are admissible under Federal Rule of Evidence 803(8)(A)(iii) which provides: "The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . . A record or statement of a public office if: . . . (A) it sets

3

out: . . . (iii) in a civil case . . . factual findings from a legally authorized investigation."

Rule 803(22) presumably governs the admissibility of Gustin's Judgment in a Criminal Case, his plea agreement, and the criminal information to which he pled guilty.[2] And, because Mr. Gustin pleaded guilty to a misdemeanor not punishable by "imprisonment for more than one year," that evidence is not admissible. Regarding the admissibility of judgments from other cases, the United States Court of Appeals for the Fourth Circuit stated: "We note at common law a judgment from another case would not be admitted. . . . We also note that when the drafters of the Federal Rules of Evidence wanted to allow the admission of judgments or their underlying facts, they did so expressly." Nipper v. Snipes, 7 F.3d 415, 417 (4th Cir. 1993).[3]

---

[2] The court is mindful of the observation of the United States Court of Appeals for the First Circuit that "it is not obvious that Rule 803(22) can be interpreted to bar any evidence" and that "[e]vidence of a final judgment that does not fall within this exception to the hearsay rule could be admissible, either because it is not being offered for the truth of the matter asserted or because it falls within some other hearsay exception." Olsen v. Correiro, 189 F.3d 52, 62 (1st Cir. 1999). However, in this case, the court has not excluded the evidence based solely on the inapplicability of Rule 803(22). It has also considered plaintiffs' invocation of Rules 803(8) and 807 to seek admission.

[3] At least one court has taken the position that Federal Rule of Evidence 803(22) would not allow for the admission of Mr. Gustin's plea agreement even if the requirements of the rule were otherwise satisfied. See Evanston Ins. Co. v. Desert State Life Mgmt., 484 F. Supp.3d 987, 1006-10 n.6 (D.N.M. 2020) ("The cases Evanston Insurance cites in support of its position that plea

4

In <u>Nipper</u>, the court considered whether judicial findings of fact entered in another case were properly admitted under the Federal Rule of Evidence's public records exception.  <u>See</u> <u>id.</u> The court noted that:

> Rule 803(8)(C),[4] on its face, does not apply to judicial findings of fact; it applies to "factual findings resulting from an investigation made pursuant to authority granted by law."  Fed. R. Evid. 803(8)(C). A judge in a civil trial is not an investigator, rather a judge.  In fact, a review of the advisory committee note to Rule 803 makes plain that the drafters intended this portion of the rule to relate to findings of agencies and offices of the executive branch.  <u>See</u> Advisory Committee's Note, 56 F.R.D. 183, 311-313; <u>see also</u> <u>Zenith Radio Corp. v. Matsushita Elec. Indus. Co.</u>, 505 F. Supp. 1125, 1185 (E.D. Pa. 1980) ("[A] review of the advisory committee note makes it clear that judicial findings are not encompassed; not only is there not the remotest reference to judicial findings, but there is a specific focus on the findings of officials and agencies within the executive branch."). There is not the slightest hint, from either the text of the rule or the advisory committee note, that the rule applies to judicial findings of fact.

<u>Id.</u>

The criminal information, plea agreement, and judgment are not "factual findings from a legally authorized investigation,"

---

agreements fall within rule 803(22)'s heartland are not convincing.").  According to that court, "[t]he rule's title, 'Judgment of a Previous Conviction' and its explicit limitation of the hearsay exception to '[e]vidence of a final judgment of conviction,' suggest there is little room for a court to admit documents other than a Judgment in a Criminal Case." <u>Id.</u> (quoting Rule 803(22)).  The court need not reach this issue because the requirements for admission of hearsay under Rule 803(22) have not been met.

[4] At the time <u>Nipper</u> was decided, the current 803(8)(iii) was 803(8)(C).

5

and, therefore, they do not fall under the public records exception to the hearsay rule. Fed. R. Evid. 803(8). And plaintiffs fail to offer any authority that they are. First, "a criminal information is a charging document not supported by evidence." Levinson v. Westport Nat. Bank, Civil Action Nos. 3:09cv269(VLB), 3:09-cv-1955(VLB), 3:10-cv261(VLB), 2013 WL 2181042, at *1-2 (C.D. Cal. May 20, 2013) (holding that although criminal informations might be relevant evidence they did not qualify as exceptions to the rule against hearsay under Federal Rules 803(8), 803(22), or 807).

And "[a] plea agreement is essentially a contract between an accused and the government." United States v. Johnson, 915 F.3d 223, 233 (4th Cir. 2019) (internal citations and quotations omitted). Finally, a judgment in a criminal case is the document that memorializes the final adjudication of the district court. See Fed. R. Crim. P. 32(k)(1) ("In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it.").

Plaintiffs' argument that "the 2020 criminal information and the related plea agreement are a result of investigations and findings by an agency of the executive branch, the U.S.

6

Attorney's Office," see ECF No. 1129 at 5, does little to advance their argument because, as noted above, the documents themselves do not set out factual findings from a legally authorized investigation by the executive branch.  At a plea hearing, while a court makes certain findings, see generally Fed. R. Crim. P. 11, the parties do not.  And "judicial opinions and judicial fact-finding do not fall under the public records exception to the hearsay rule."  Cardinal v. Buchnoff, No. 06CV0072-MMA(BLM), 2010 WL 3339509, at *2 (S.D. Ca. Aug. 23, 2010) (noting that courts have concluded Rule 803(8) covers only factual findings by executive branch and officials, not judicial fact-finding).

In any event, the court agrees that the "more general reference in Rule 803(8) cannot trump the more specific limitation on the admission of judgments of conviction."  United States v. Nguyen, 465 F.3d 1128, 1132 (9th Cir. 2006) (noting that allowing the admission of misdemeanor judgments  under "Rule 803(8) would swallow whole Rule 803(22)'s prohibition against the admission of misdemeanor convictions").  As another court noted,

> if a judgment of conviction is admissible under Rule 803(8), then Rule 803(22) would be superfluous.  The drafters of the Federal Rules of Evidence expressly excluded certain types of convictions from the reach of Rule 803(22), and it would produce an illogical result to find that the limits of Rule 803(22) could be so easily contravened by resorting to Rule 803(8).

United States v. Gant, No. 11-CR-2042-LRR, 2012 WL 12895683, at *3 (N.D. Iowa July 14, 2012).

For all these reasons, the court concludes that the Information, Gustin's plea agreement, and his judgment of conviction are not admissible under either Rule 803(22) or 803(8).

B.  *Rule 807*

In the alternative, plaintiffs argue that Gustin's information and plea agreement are admissible pursuant to Federal Rule of Evidence 807, the residual hearsay exception.  Rule 807 was amended in 2019 and provides in relevant part:

> (a) In General. Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
>
> (1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a).  "The hallmark of Federal Rule of Evidence 807 is that the hearsay statement sought to be admitted is trustworthy."  United States v. Lucas, 836 F. App'x 142, 145 (4th Cir. Dec. 4, 2020).

The Fourth Circuit has long recognized that the residual exception is "meant to be invoked sparingly," and that the legislative history "puts it more strongly," stating:  "'It is intended that the residual hearsay exceptions will be used very

8

rarely, and only in exceptional circumstances.'" United States v. Heyward, 729 F.2d 299-300 (4th Cir. 1984) (quoting Fed. R. Evid. 803 Senate committee note) (other citations omitted); see also United States v. Ealy, No. 1:00CR00104, 2002 WL 1205035, at *3 (W.D. Va. June 3, 2002) ("The residual hearsay exception is intended to be used rarely and only in exceptional circumstances."). Likewise, the "significantly streamlined" Rule 807 "is [still] intended to be a last resort." United States v. Smith, Criminal Action No. 19-324(BAH), 2020 WL 5995100, at *5 (D.D.C. Oct. 9, 2020); 30B Charles Alan Wright et al., Federal Practice & Procedure § 7066 (2021) ("All explicit signs of a desire to 'expand' the use of the residual exception have been removed from the final Advisory Committee Note. . . . [T]he 2019 Amendments do not explicitly signal a desire to expand use of the residual exception.").

Under his plea agreement, Mr. Gustin "admits" to certain conduct spanning three single-spaced pages. That conduct, as outlined in his plea agreement, goes far beyond a simple admission of the essential elements of the crime charged.

Regarding the applicability of the residual hearsay exception, plaintiffs state:

> Mr. Gustin's 2020 criminal information and plea agreement are also admissible under Fed. R. Evid. 807. Rule 807, referred to as the residual hearsay exception, allows for a hearsay statement to be admitted even if it does not fall under any of the exceptions found in Rule 803 if the statement is

9

> supported by sufficient guarantees of trustworthiness and is more probative on the point for which it is offered than other evidence the proponent can obtain. See Fed. R. Evid. 807.  The Ninth Circuit has also ruled on this issue finding that a plea agreement is admissible under Rule 807.  See In re Slatkin, 525 F.3d 805, 812 (9th Cir. 2008).
>
> In this case, Plaintiffs have established the sufficient guarantees of trustworthiness surrounding Mr. Gustin's 2020 criminal information and plea agreement through Mr. Gustin's admissions against his own interest, the congressional findings, and McKesson's own admissions of CSA violations. Additionally, the plea agreement satisfies the second prong of Rule 807 because it is highly probative evidence on the points [for] which it is offered and because Plaintiffs have not been able to obtain additional testimony concerning these events from Mr. Gustin himself.

ECF No. 1129 at 6.

Plaintiffs have not met their heavy burden to show that the residual hearsay exception should apply.  First, as noted above, the plea agreement recitation of facts is very detailed and plaintiffs' reference to Congressional findings and McKesson's own admissions fails to satisfy the court that there is sufficient corroboration for all of the admissions in the plea agreement.

In addition, as McKesson points out, plaintiffs fail to sufficiently explain why this evidence is more probative on the point(s) for which it is offered than any other evidence that plaintiffs can obtain through reasonable efforts.  For example, if McKesson has already admitted to the same conduct, how is the Gustin evidence _more_ probative?

10

Finally, given that the residual clause is to be used as a last resort, the court is "uncomfortable admitting all parts of plea agreements under the residual clause." Evanston Ins. Co., 484 F. Supp.3d at 1006-10 n.6 ("In the court's opinion, the residual hearsay exception should be reserved for situations . . . where the credibility of the evidence is entirely beyond dispute even though all other hearsay rules prevent the evidence's admission.  Plea agreements, as noted above, are not as inherently trustworthy. . . .").

For all these reasons, the court concludes that, at this juncture, plaintiffs have failed to show these documents are admissible under Rule 807.  Plaintiffs are not prohibited from trying again, but any motion seeking admission under Rule 807 should be filed early enough to allow McKesson an opportunity to respond in writing and give the court sufficient time to consider the merits.[5]

---

[5] Plaintiffs contend that McKesson should not have filed this motion because Judge Polster's order of December 26, 2019, already decided the issue.  Plaintiffs are incorrect as Judge Polster's order was entered prior to the filing of the 2020 Information, the plea agreement, or the misdemeanor judgment. Judge Polster held that "evidence of criminal investigative reports" is admissible "unless the source of information lacks trustworthiness."  See Exhibit A to Plaintiffs' Opposition (ECF No. 1046).  However, the court's ruling herein does not contradict of Judge Polster's ruling because there are no criminal investigative reports for which plaintiffs seek admission.

11

III.

For all these reasons, the motion in limine is **GRANTED**. The Clerk is directed to send copies of this Memorandum Opinion and Order to those counsel of record who have registered to receive an electronic NEF.

**IT IS SO ORDERED** this 26th day of April, 2021.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge