UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CITY OF HUNTINGTON**<br>    Plaintiff,<br>v.<br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**<br>    Defendants. | Civil Action No. 3:17-cv-01362 |
| **CABELL COUNTY COMMISSION,**<br>    Plaintiff,<br>v.<br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**<br>    Defendants. | *Consolidated Case*:<br>Civil Action No. 3:17-cv-01665 |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF OMNIBUS MOTION REGARDING IQVIA TRIAL TESTIMONY**

Plaintiffs, the City of Huntington and Cabell County Commission, submit this reply memorandum in further support of their Omnibus Motion Regarding IQVIA Trial Testimony (Doc. 1264) and in response to Defendants' Opposition (Doc. 1280). In sum, Plaintiffs seek trial testimony to lay the foundation the Court required in its ruling on the Plaintiffs' motion in limine. Doc. 1266. Plaintiffs state in reply as follows:

**I.     Plaintiffs have been diligent in seeking the admissibility of the IQVIA data**

Contrary to Defendants' claims, Plaintiffs have not shown a lack of diligence on this issue. Rather, they have spent seven months attempting to resolve any issues over the admissibility of the IQVIA data, which Defendants have stipulated is authentic and upon which their own experts relied. (Doc. 1066 at 4).

Plaintiffs filed their original motion regarding the authentication and admissibility of the IQVIA data on October 2, 2020 (Doc. 1066) – more than six months ago. While the parties

1

ultimately stipulated the data is authentic,[1] and it was relied upon by experts on both sides, Defendants refused to stipulate admissibility. (Doc. 1124). The parties argued this issue before the Court on January 6, 2021 and the Court took the matter under advisement (Doc 1202).[2] Ultimately, the Court's denial of Plaintiffs' IQVIA motion was without prejudice. (Doc. 1266). The Court specifically ordered:

> Plaintiffs are free to seek admission of the datasets at trial if Keller and/or another witness can lay an appropriate foundation for admission under Fed. R. Evid. 803(17), see BMG Rights Mgmt. v. Cox Commc'ns, Inc., 881 F.3d 293, 314 (4th Cir. 2018) (no abuse of discretion in admission of two studies under Rule 803(17) where expert testified that studies "were widely cited in the industry" and were "the most substantial published publicly available studies" on the issue, or some other rule.

Doc. 1266 at 13.

Following oral argument on Plaintiffs' motion, but prior to this Court's ruling on the matter, Plaintiffs filed and served a subpoena on IQVIA in order to secure testimony to establish the evidentiary foundation necessary for admission of the data at trial. (Doc. 1238). Plaintiffs' subpoena and Omnibus Motion (which sought a limited evidentiary deposition of IQVIA under the supervision of Special Master Wilkes, and/or the issuance of a trial subpoena for IQVIA to testify live by remote streaming) would further Plaintiffs' ability to meet both the requirements of the Court's April 12, 2021 Order regarding laying an appropriate foundation for admission under

---

[1] Similarly, Defendants in other jurisdictions have stipulated that the IQVIA data is "a reasonably accurate and reliable estimate of prescription opioids dispensed in a given jurisdiction." *See City of Chicago v. Purdue Pharma L.P., et al*, Case No. 14-cv-04361, (N.D. Ill.), *Stipulation Concerning Response to Topic 5 of Notice of Deposition Under Fed. R. Civ. P. 30(b)(6) to Janssen Defendants* (Doc. 1023), attached hereto as Ex. 1. A similar agreement has been reached but not yet reduced to writing in *People of the State of California, acting by and through Santa Clara County Counsel Orry P. Korb and Orange County District Attorney Tony Rackauckas v. Purdue Pharma L.P. et al*, Case No. 30-2014-00725287-CU-BT-CXC, (Orange County Superior Court).

[2] The Court indicated through his questioning at the pretrial conference the belief that if an expert testified that the data was relied upon to support the expert opinions such data would be admissible. *See* January 6, 2021 Hearing Transcript at 62:8-11, attached as Ex. 2.

Fed. R. Evid. 803(17), and this Court's preference for trial deposition testimony over live testimony.

## II. A Trial Deposition of IQVIA is Appropriate.

Defendants are incorrect in their assertion that the deposition or trial testimony sought will not aid in the admission of the data. Defendants claim that the hurdles to admissibility identified by the Court cannot be cured by IQVIA's testimony. (Doc. 1280 at 7). However, Defendants ignore the fact that the Court's ruling was without prejudice and that Plaintiffs are free to seek admission of the data through a witness who can provide an appropriate foundation. The IQVIA witness could clearly provide testimony that would support the admission of the data as a compilation that is generally relied on by the public or by persons in particular occupations. Indeed, IQVIA itself is the entity most familiar with the data and best situated to explain what the data is and is not.

Given that this Court has expressed a preference for the taking of trial depositions over allowing remote video testimony pursuant to Rule 43, a trial deposition is appropriate.

Nor will Defendants be prejudiced. At least one other plaintiff in a case remanded from the MDL have subpoenaed IQVIA for nearly identical information.[3] If that deposition goes forward, it is possible that plaintiffs in two other remanded cases (Chicago and San Francisco) may cross-notice that deposition. Discovery is ongoing in all three of those cases. Defendants in this action are parties in the Cherokee case and will have to appear and defend the deposition already. Allowing the evidentiary deposition to be taken in this case at the same time thus will not burden Defendants.

---

[3] *See The Cherokee Nation v. McKesson Corporation,* Civil Action No. 18-CV-00056-RAW-SPS (E.D. OK) *Notice of Subpoena Directed to an Organization for Remote Videotaped Deposition,* attached as Ex. 3.

### III.  The Court has Authority to Issue a Trial Subpoena to IQVIA

Defendants are simply wrong in claiming that the Court cannot order a trial subpoena for a representative of IQVIA to testify live by remote video streaming.

Once a court determines that contemporaneous transmission of witness testimony is justified under Rule 43 of the Federal Rules of Civil Procedure[4], the requesting party must secure the witness's cooperation by either (a) voluntary agreement or (b) a subpoena compelling the witness to appear.[5] Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena may issue to command a person to appear at trial, (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.[6]

Federal courts regularly find that Rules 43 and 45 are intended to be read in harmony. That is, in cases where a witness resided outside the Rule 45 subpoena power of the court, the witness can still be compelled, upon a showing of good cause, to appear for contemporaneous live trial testimony at another district court within 100 miles of the witness's residence or within the person's home state.[7]

---

[4] Courts generally consider five factors to determine when testimony by contemporaneous transmission is appropriate under Rule 43. Those factors include: (1) the control exerted over the witness by the defendant; (2) the complex multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation. *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (Fallon, J.) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988)).

[5] *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, 2016 WL 9776572, at *1 (N.D. Tex. Sep. 20, 2016).

[6] *Fed. R. Civ. P.* 45(c).

[7] *See, e.g., in re DePuy*, 2016 WL 9776572, at *2 (N.D. Tex. Sept. 20, 2016) (compelling witnesses located beyond 100 miles of trial court or outside the state of trial court to attend contemporaneous live trial testimony at their nearby federal courthouse, finding that such procedure was harmonious with Rules 43 and 45); *In re Actos*, 2014 WL 107153, at *9 (W.D. La. Jan. 8, 2014) (compelling corporate representative witnesses to attend trial via videoconference, and observing that "Rule 45 must be read *in tandem* with Rule 43 and as part of an harmonious whole that is the Federal

Defendants' arguments notwithstanding, the amendments to Rule 45 permit this Court to compel trial testimony. Rule 45 was amended in 2013, but not to prohibit trial courts from compelling trial appearances and testimony from remote party witnesses. Rather, the amendments were part of a broad package of rule changes intended to simplify, streamline, and modernize subpoena practice. Far from barring Plaintiffs' attempt to use Rule 45 to compel an IQVIA witness's appearance at trial by video, the advisory committee reports from that time *expressly confirm* that such testimony can be compelled, if otherwise authorized by the Court under Rule 43(a).

The Supreme Court transmitted the 2013 rule changes to Congress on April 16, 2013.[8] The rule changes included excerpts from the Jan. 22, 2013 report of the Judicial Conference's Committee on Rules of Practice and Procedure, (Doc. 865-2 at 22-28), followed by the May 8, 2012 Report of the Civil Rules Advisory Committee, which it adopted, (Doc. 865-2 at 29-35). Both committee reports expressly authorize subpoenas compelling testimony under Rule 45 that is offered by video link at trial under Rule 43(a). It could not be clearer: "when the issuing court has made an order for remote testimony under Rule 43(a), a subpoena may be used to command the distant witness to attend and testify within the geographical limits of Rule 45(c)."[9] These two rules committee reports are consistent: the 100-mile limit of Rule 45(c) *does* apply to Rule 43(a) orders – but the limit refers to the distance the witness must travel in order to give the testimony.

---

Rules of Civil Procedure.") (emphasis in original); *In re San Jaun DuPont Plaza Hotel Fire Litigation*, 129 F.R.D. 424 (D.P.R. 1990) (permitting plaintiffs to present witnesses through a live satellite telecast who were under the defendants' control but beyond the court's Rule 45 subpoena power); *In re Wash.*, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988) (finding similarly).

[8] *See* House Doc. 113-29, Communication from the Chief Justice to the U.S. House of Representatives (Doc. 865-2).

[9] Doc. 865-2 at 26-27.

Under the circumstances of a Rule 43(a) video link, the place of attendance is the chair where the witness will be sitting. So long as that chair is within 100 miles of his home or place of business and the Court authorizes the testimony under Rule 43(a), then Rule 45(c) permits the Plaintiffs to command him to sit there.

The committee reports' views on current Rule 45 are consistent with Rule 45's longtime concern for the solace and convenience of distant, non-party witnesses. Rule 45 has always embodied a judicial balance between protecting non-parties from harassment, and the centuries-old truism that "the public has a right to every man's evidence."[10] Here, the balance is in favor of Plaintiffs' need for testimony and technology has greatly lessened any burden on the IQVIA witness who will not have to travel outside of the 100-mile radius from his home or workplace to testify at this trial.

Plaintiffs have established good cause under Rule 43 and 45. Defendants will not be prejudiced. They have admitted that the data "reflects the prescribing history of physicians" (Doc. 1124 at 2) and their expert witnesses have relied upon the data (Dkt. 1066 at 4). Thus, they cannot claim prejudice based on Plaintiffs' seeking to establish the appropriate foundation to have such evidence admitted into evidence.

For all of the reasons set forth, the Court should grant Plaintiffs' Omnibus Motion Regarding IQVIA Trial Testimony.

---

[10] *Trump v. Vance,* 140 S. Ct. 2412, 2420 (2020).

Dated: April 26, 2020 			Respectfully submitted,

**THE CITY OF HUNTINGTON**			**CABELL COUNTY COMMISSION**

/s/ *Anne McGinness Kearse* 			/s/ *Paul T. Farrell, Jr.*
Anne McGinness Kearse (WVSB No. 12547)	Paul T. Farrell, Jr. (WVSB Bar No. 7443)
Joseph F. Rice					**FARRELL & FULLER LLC**
**MOTLEY RICE LLC**				1311 Ponce de Leon Ave., Suite 202
28 Bridgeside Blvd.				Mobile: 304-654-8281
Mount Pleasant, SC 29464			paul@farrell.law
Tel: 843-216-9000
Fax: 843-216-9450				/s/ *Anthony J. Majestro*
akearse@motleyrice.com				Anthony J. Majestro
jrice@motleyrice.com				WVSB No. 5165
						**POWELL & MAJESTRO, PLLC**
Linda Singer					405 Capitol Street, Suite P-1200
David I. Ackerman				Charleston, WV 25301
**MOTLEY RICE LLC**				304-346-2889 / 304-346-2895 (f)
401 9th Street NW, Suite 1001			amajestro@powellmajestro.com
Washington, DC 20004
Tel:  202-232-5504				Michael A. Woelfel
Fax:  202-386-9622				WVSB No. 4106
lsinger@motleyrice.com				**WOELFEL AND WOELFEL, LLP**
dackerman@motleyrice.com			801 Eighth Street
						Huntington, West Virginia 25701
						Tel. 304.522.6249
Charles R. "Rusty" Webb				Fax. 304.522.9282
WV No. 4782					mikewoelfel3@gmail.com
**THE WEBB LAW CENTRE**
716 Lee Street, East
Charleston, West Virginia 25301
Telephone: (304) 344-9322
Facsimile: (304) 344-1157
rusty@rustywebb.com

**CERTIFICATE OF SERVICE**

I certify that on April 26, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Anthony J. Majestro*