IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

TRANSCRIPT OF PROCEEDINGS

```
------------------------------x
                              :
THE CITY OF HUNTINGTON,       :     CIVIL ACTION
                              :     NO. 3:17-cv-01362
        Plaintiff,            :
vs.                           :
                              :
AMERISOURCEBERGEN DRUG        :
CORPORATION, et al.,          :
                              :
        Defendants.           :
                              :
------------------------------x
                              :
CABELL COUNTY COMMISSION,     :     CIVIL ACTION
                              :     NO. 3:17-cv-01665
        Plaintiff,            :
                              :
vs.                           :
                              :
AMERISOURCEBERGEN DRUG        :
CORPORATION, et al.,          :
                              :
        Defendants.           :
                              :
------------------------------x
```

VIDEO PRE-TRIAL CONFERENCE

BEFORE THE HONORABLE DAVID A. FABER
SENIOR UNITED STATES DISTRICT JUDGE

JANUARY 6, 2021

**Exhibit 2**

1  to maintain, set up, or operate a suspicious order
2  monitoring system.
3       So the answer to your question, Your Honor, is none.
4  There is no linkage between this data and, and this case and
5  these defendants and what the plaintiffs want to do with it.
6  So notice is not a sufficient basis on which to override a
7  hearsay objection.
8            THE COURT:  If, if Keller testifies that this
9  information was relied upon to support the expert opinions,
10 does that make the data admissible?
11           MS. HARDIN:  No, sir, it does not.  Her
12 opinions -- again, Dr. Keller's opinions are subject to
13 *Daubert* challenges, so I'll just put that out there on the
14 record just for Your Honor's knowledge.
15      But if, if she is permitted to testify, she could
16 testify only to what she's already said, of course, which is
17 that this data exists and could be purchased.
18      She will, of course, be locked into her testimony, her
19 admissions that we didn't buy it, we didn't have it, and she
20 has no opinions about whether or not we should have gotten
21 it.
22      But experts often rely on -- or are permitted to rely
23 on evidence that is otherwise hearsay, as Your Honor well
24 knows.  That does not give the underlying evidence
25 independent evidentiary value.