**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE CHEROKEE NATION, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MCKESSON CORPORATION; ) <br> CARDINAL HEALTH, INC.; ) <br> CARDINAL HEALTH 110, LLC; ) <br> AMERISOURCEBERGEN DRUG CORP.; ) <br> CVS PHARMACY, INC.; ) <br> OKLAHOMA CVS PHARMACY, L.L.C.; ) <br> WALGREEN CO.; ) <br> WAL-MART STORES, INC. ) <br> ) <br>    Defendants. ) <br> ) | Case No. 18-cv-56-RAW-SPS |

**NOTICE OF SUBPOENA DIRECTED TO AN ORGANIZATION**
**FOR REMOTE VIDEOTAPED DEPOSITION**

     PLEASE TAKE NOTICE that pursuant to the applicable Federal Rules of Civil Procedure, and the Case Management Order concerning this litigation, Plaintiff Cherokee Nation will serve the subpoena attached hereto (including the Ex. A thereto listing the topics for deposition) directing non-party IQVIA to give virtual videotaped deposition testimony pursuant to **Federal Rule of Civil Procedure 30(b)(6)** on **April 28, 2021 at 10 a.m. EST,** or at another date/time agreeable to counsel. The deposition shall be videotaped and recorded stenographically and completed before a person duly authorized to administer oaths.

     Plaintiff provides the following details regarding the deposition of the corporate representative of IQVIA:

     1.    The deposition will be conducted utilizing videoconferencing/teleconferencing services offered by Golkow Litigation Services ("Golkow"). Golkow will provide

1

**Exhibit 3**

remote access for all parties wishing to participate via video conference or telephone.

2. The court reporter will be appearing via videoconferencing and will not be in the presence of the deponent. A stipulation will be made on the stenographic record by all parties that the witness is to be sworn in remotely by the reporter.

3. Please contact Golkow at scheduling@golkow.com at least three (3) calendar days prior to the deposition to advise that it is your desire to join so that necessary credentials, call-in numbers, testing, and information, if necessary, can be provided to you prior to the proceedings.

4. Exhibits for this deposition will be distributed and marked digitally by video teleconferencing/teleconferencing.

5. Defendants are invited to attend and participate in this deposition.

BOIES SCHILLER FLEXNER, LLP

 */s/ Tyler Ulrich*
Tyler Ulrich (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
tulrich@bsfllp.com
Tel: (305) 539-8400
Fax: (305) 539-1307

William S. Ohlemeyer (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
wohlemeyer@bsfllp.com
Tel: (914) 749-8200
Fax: (914) 749-8300

Michael Burrage; OK #1350

WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel: (405) 516-7800
Fax: (405) 516-7859

Richard W. Fields (*pro hac vice*)
FIELDS PLLC
1700 K Street, NW, Suite 810
Washington, DC 20006
fields@fieldslawpllc.com
Tel: (917) 297-3610

Attorney General Sara Hill
Assistant Attorney General Chrissi Nimmo
Assistant Attorneys General John Young
THE CHEROKEE NATION
P.O. Box 948
Tahlequah, OK 74464
chrissi-nimmo@cherokee.org
john-young@cherokee.org
Tel: (918) 453-5000
Fax: (918) 458-5099

*Attorneys for Plaintiff*
*Cherokee Nation*

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 14, 2021 a true and correct copy of the foregoing document was served on counsel of record for defendants in this action via e-mail to the agreed upon distribution list.

                                        */s/ Tyler Ulrich*
                                        Tyler Ulrich

## EXHIBIT A

**Instructions**

Pursuant to Federal Rule of Civil Procedure 30, IQVIA is required to confer with Plaintiff, to designate one or more individuals to testify on behalf of IQVIA on the topics listed in this notice, and to identify which individual will address each topic.

**Topics**

1. Validation and authentication of the "IQVIA data concerning opioids from 1997 to the present from the following products Allergan has purchased: XPONENT and XPONENT PLANTRAK," referenced in the July 25, 2018 letter from Maureen Nakly to Donald P. Bunnin (copy attached as Exhibit 1) (the "IQVIA Data"), including but not limited to:

    a. Explanation of the source(s) for any raw data used in the referenced XPONENT or XPONENT PLANTRAK products;

    b. Explanation of the processes used to collect, screen, or validate any raw data used in the referenced XPONENT or XPONENT PLANTRAK products;

    c. Explanation of any processes or analyses applied to raw data to produce the referenced XPONENT or XPONENT PLANTRAK products, including extrapolations, estimations, projections, or normalizations.

    d. Explanation of the format, nomenclature, and contents of the IQVIA Data;

    e. Explanation of the methods in which IQVIA maintains the IQVIA Data;

    f. Explanation of whether IQVIA maintains the IQVIA Data and/or the referenced XPONENT/ XPONENT PLANTRAK products in the ordinary course of its business; and

    g. Explanation of the purposes for which IQVIA uses the IQVIA Data.

2.       IQVIA's understanding of whether the XPONENT/XPONENT PLANTRAK products are generally relied on by persons in particular occupations, including drug manufacturers, distributors, third-party payors, public health agencies, and/or pharmacies.

3.       Whether any of the Defendant entities (McKesson Corporation, Cardinal Health, Inc.; Cardinal Health 110, LLC; AmerisourceBergen Drug Corp.; CVS Pharmacy Inc.; Oklahoma CVS Pharmacy, L.L.C.; Walgreen Co.; or Wal-Mart Stores, Inc.) have or had access to the referenced XPONENT or XPONENT PLANTRAK products or to other IQVIA products or databases containing the IQVIA Data, including through purchase or license from IQVIA.

# EXHIBIT 1



IMS Health & Quintiles are now

100 IMS Drive
Parsippany, NJ 07054
iqvia.com

**Via Email**

July 25, 2018

Allergan Finance, LLC
Donald P. Bunnin
Executive Director, Senior Counsel – Litigation & Commercial Eye Care
2525 Dupont Drive
Irvine, CA 92612

RE: *In re: National Prescription Opiate Litigation*, MDL No. 2804, Case No. 17-md-2804 filed in the Northern District of Ohio

Data: IQVIA data concerning opioids from 1997 to the present from the following products Allergan has purchased: XPONENT and XPONENT PLANTRAK

Dear Mr. Bunnin:

This letter will serve as a response to your request on behalf of Allergan Finance, LLC (the "CLIENT"), to use the above-referenced Data and documents related thereto (the "IQVIA Information") in connection with the above-referenced litigation (the "Litigation"). IQVIA represents that IQVIA Information is confidential and proprietary to IQVIA and includes trade secrets. In addition, IQVIA has certain contractual obligations of confidentiality with its clients and its data sources, and the IQVIA Information may include confidential and proprietary trade secrets and information of those third parties. Accordingly, IQVIA Information retains its value to IQVIA (and to others noted above) so long as it is treated in accordance with the requirements of law affording certain protection for such information (e.g., laws governing trade secrets and copyrights).

You have requested that IQVIA consent to CLIENT's use of IQVIA Information in the Litigation, subject to Case Management Order No. 2: Protective Order entered by the Court on May 15, 2018 (the "Protective Order"), attached hereto as Exhibit A. To provide consent to this request, it is necessary that, on behalf of CLIENT, you represent and agree that any such usage or disclosure of IQVIA Information will be treated in a manner that does not compromise the above-mentioned protections or obligations and will be consistent with the following:

1. The IQVIA Information shall be deemed confidential information and shall be marked and designated as confidential and proprietary to IQVIA in a manner so as to be subject to the Protective Order. To the extent any terms of the Protective Order are inconsistent with the terms of this letter, the terms of this letter shall control.

2. Production of IQVIA Information shall be limited to that portion of IQVIA Information that is relevant to the Litigation.

3. The IQVIA Information shall only be used for purposes directly related to the Litigation and shall not in any event be used for any business, competitive, personal, private, public, or any other purpose.

4. All documents containing IQVIA Information shall be marked in such a manner as to be identified as documents requiring the highest level of confidential treatment available under the terms of the Protective Order. CLIENT has agreed to mark the IQVIA Information as "HIGHLY CONFIDENTIAL".

5. To the extent any production of IQVIA Information will be made to any state or federal entity, the cover letter with the production will include the following language or language substantially similar to the following:

> The information provided in the accompanying material contains trade secrets and proprietary and confidential commercial information of IQVIA. IQVIA requests that you take all appropriate measures to maintain the confidentiality of the information, including that the information be treated as confidential under the Freedom of Information Act ("FOIA") or any other applicable state open records law.

6. The IQVIA Information shall not be used to identify any person or entity (including any patient, consumer, outlet, supplier, plan, pharmacy or prescriber) that is not readily identifiable in the IQVIA Information. The IQVIA Information shall not be used to contact, for the purpose of obtaining testimony or otherwise, any person or entity (including any patient, consumer, outlet, supplier, plan, pharmacy or prescriber) identified in or identifiable from the IQVIA Information. The foregoing limitations shall not apply to independently derived information.

7. Although there is an inclination to view numerical data as fact, the IQVIA Information represents an estimate of measured activity and should be treated accordingly. As more fully described in our Published Specifications for Information Services ("Published Specifications"), IQVIA Information reflects projections, estimates, forecasts that are the result of a combination of confidential and proprietary technologies, statistical methodologies and a significant number of sources. These estimates reflect the independent judgment, expertise and opinion of IQVIA representatives to arrive at a reasonable approximation of market activity. The IQVIA Information is intended to support sales, marketing and research applications, and it is highly reliable for those purposes. The IQVIA Information, although appropriate for its intended purpose of supporting business and marketing analyses in industries such as the pharmaceutical industry, contains data that is susceptible to error or variance, and is not intended to be used as direct evidence or to establish any fact. Accordingly, IQVIA offers no assurances that the IQVIA Information will be suitable for use as evidence in any litigation. Attached, as Exhibit B, is a copy of these Published Specifications.

8. Any reports, documents, or exhibits that contain IQVIA Information together with information from other sources shall be identified as such, and shall not be represented as a report, document, or exhibit prepared by IQVIA.

9. When IQVIA Information is used in or as part of a proceeding in the Litigation, IQVIA will act only as an objective service provider and not as an expert on behalf of any party in the Litigation. IQVIA will not (1) offer testimony, affidavits, declarations or other evidence regarding the interpretation of the results of the IQVIA Information or the services performed by IQVIA; (2) provide any advice or engage in any advocacy with respect to witness testimony or expert analysis of any party; or (3) provide any opinion as to the relative merits of any party's position in the Litigation.

10. The IQVIA Information shall not be placed in any information repository accessible to any person or entity not directly involved in the Litigation, and shall not otherwise be made available to any person or entity not directly involved in the Litigation.

11. The IQVIA Information shall not be reverse engineered or disassembled, nor shall any attempt to ascertain the methodologies by which such information was obtained, sorted, projected, or manipulated be made.

12. In no event shall any disclosure of IQVIA Information be made to any competitor of IQVIA, or to any person who, upon reasonable good faith inquiry, could be determined to be an employee of any competitor of IQVIA, irrespective of whether that person is retained as an expert in the Litigation.

13. If IQVIA Information is submitted in a document filed in court, the IQVIA Information shall be filed under seal or through a similar mechanism for the protection of confidential information. If CLIENT desires to use at trial or in any public court proceeding any of the above-referenced IQVIA Information, CLIENT shall

request the court to permit presentation of such material with only counsel and court personnel present or in such other manner as the court deems appropriate to maintain the confidentiality of the IQVIA Information. If the court refuses to maintain the confidentiality of the IQVIA Information or public disclosure of IQVIA Information is otherwise expected to occur, CLIENT agrees to notify IQVIA at least 10 days prior to the expected disclosure if possible or as soon as possible after CLIENT receives notice that public disclosure of IQVIA Information is expected to occur, and to cooperate with IQVIA in maintaining the confidentiality of the IQVIA Information, provided, at no time shall the IQVIA Information be disclosed absent the foregoing confidentiality protections, without IQVIA's written consent.

14. A copy of this letter and its attachments will be provided with any production of IQVIA Information.

15. Within 60 days of the conclusion of the Litigation or the term set forth in the Protective Order, IQVIA Information and any copies thereof (except archival copies) shall be destroyed. Upon request of IQVIA, CLIENT shall provide written certification of any such destruction to the IQVIA Office of General Counsel. Notwithstanding the above, this provision does not require the destruction of IQVIA Data which was purchased for internal use pursuant to CLIENT'S license; any such destruction is governed by the terms of CLIENT'S license.

Subject to your agreement with the foregoing, IQVIA will consent to your request. If the above terms are acceptable, please counter-sign a copy of this letter where indicated and return it to my attention. Thank you.

Very Truly Yours,

/s/

Maureen Nakly
Associate General Counsel
IQVIA

Acknowledged and Agreed by:

SIGNATURE: [signature]
NAME: Donald Burwin
TITLE: AVP
COMPANY/FIRM: Allergan
DATE: July 21, 2018

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Oklahoma

| | | |
|---|---|---|
| The Cherokee Nation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 18-CV-00056-RAW-SPS |
| McKesson Corporation, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: IQVIA

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attached Exhibit A

| Place: 4820 Emperor Blvd, Durham, NC 27703 | Date and Time: 4/28/21 at 10AM EST (or agreeable date/time) |
|---|---|

The deposition will be recorded by this method: Remotely (via videoconference)

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/14/2021

*CLERK OF COURT*                         OR

_____            _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Cherokee Nation , who issues or requests this subpoena, are:
Tyler Ulrich, Boies Schiller Flexner LLP 333 Main St Armonk, NY
tulrich@bsfllp.com 305-357-8422

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 18-CV-00056-RAW-SPS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).