**SUMMARY CHART OF PUBLIC NUISANCE DECISIONS IN OPIOID CASES**

Exhibit A

| Tab | Jurisdiction | Summary | Citations |
|---|---|---|---|
| 1 | Alabama | Finding "addiction and abuse," "elevated level of crime," and the "sheer number of persons affected by opioid crisis" were sufficient to constitute a public nuisance. | *Alabama v. Purdue Pharma L.P.*, 03-CV-2019-901174.00, slip op. at 11-12 (Cir. Ct. Nov. 13, 2019) |
| 2 | Alaska | "The court finds that the facts as alleged could reasonably be construed as demonstrating a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience and therefore an interference with a right common to the general public…." | *Alaska v. McKesson Corp.*, No. 3AN-18-10023CI, slip op. at 7 (Super. Ct. Aug. 28, 2019); *see also Alaska v. Purdue Pharma L.P.*, 2018 WL 4468439 (Super. Ct. July 12, 2018) (same). |
| 3 | Arizona | Finding plaintiffs alleged interference with public right: "The complaints allege that defendants' conduct was injurious to the public health, affected a "considerable number of persons," and that plaintiffs incurred costs of abating the public health problem. | *City of Surprise v. Allergan PLC*, No. CV2019-003439, slip op. at 35-36 (Super. Ct. Oct. 28, 2020). |
| 4 | Arkansas | Finding plaintiff had alleged interference with a public right proximately caused by defendant: "Defendants cannot seriously contend that the impacts of opiate addiction in Arkansas have not affected the general public." | *Arkansas v. Purdue Pharma L.P.*, 2019 WL 1590064 (Cir. Ct. Apr. 5, 2019) . |
| 5 | California | State Court rejected claim that opioid epidemic does not qualify as a public nuisance.  MDL Remand Court rejected defendants' arguments that their participation in the creation of a public health epidemic did not constitute a public nuisance. | *California ex rel. Korb v. Purdue Pharma L.P.*, No. 30-2014-00725287, slip op. at 16-17 (Super. Ct. Mar. 12, 2021); *City and County of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 669  (N.D. Cal. Sept. 30, 2020) (Bryer). |

| Tab | Jurisdiction | Summary | Citations |
|---|---|---|---|
| 6 | Florida | Relying on § 821B and general state law principles, Judge Polster twice found that plaintiff alleged interference with public right.<br><br>State trial court opioids ruling denying motions to dismiss without written opinion. | *In re Nat'l Prescription Opiate Litig.* (Broward County) 2020 WL 1986589 (N.D. Ohio Apr. 27, 2020); *In re Nat'l Prescription Opiate Litig.* (West Boca Medical Center), 452 F. Supp. 3d 745 (N.D. Ohio 2020); *see also Florida v. Purdue Pharma L.P.*, No. 2018-CA-001438, slip order (Cir. Ct. Apr. 11, 2019) |
| 7 | Kentucky | Relying on § 821B, finding that plaintiff alleged interference with public right and that the opioid crisis in Kentucky has caused a public health crisis and crime crisis throughout the Commonwealth. | *Kentucky ex rel. Beshear v. Cardinal Health,* No. 18-CI-00I013, slip op. (Cir. Ct. Sept. 12, 2019);<br><br>*Kentucky ex rel. Beshear v. Walgreens Boots Alliance, Inc.,* No. 18-CI-00846, slip op. (Cir. Ct. July 18, 2019);<br><br>*Kentucky ex rel. Beshear v. Endo Health Sols. Inc.*, 2018 WL 3635765 (Cir. Ct. July 10, 2018). |
| 8 | Massachusetts | Relying on § 821B, finding that the allegations were sufficient to support a claim that Purdue's conduct interfered with public health and safety. | *City of Boston v. Purdue Pharma, LP*, 2020 WL 416406 (Super. Ct. Jan. 3, 2020);<br><br>*Massachusetts v. Purdue Pharma, L.P.*, 2109 WL 5495866 (Sept. 17, 2019). |
| 9 | Michigan | Finding that the State adequately pled the existence of a statutory public nuisance as the action was brought "to protect the public and abate the nuisance caused by Defendants' unlawful distribution of opioids in the State, which was done without diversion controls and in excess of any supply necessary for legitimate medical needs. | *Michigan ex rel. Kessel v. Cardinal Health, Inc.*, No. 19-016896-NZ, slip op., at 2 (Cir. Ct. Mar. 24, 2021), *reversing on reconsideration* slip. op. (Cir. Ct. Nov. 17, 2020). |
| 10 | Minnesota | Finding plaintiff had alleged injury to public health and safety caused by defendant. | *Minnesota ex rel. Swanson v. Purdue Pharma L.P.*, No. 27-CV-18-10788, slip op. (Dist. Ct. Jan. 4, 2019). |

| Tab | Jurisdiction | Summary | Citations |
|---|---|---|---|
| 11 | Mississippi | Relying on § 821B and general state law principles, finding that plaintiff alleged unreasonable interference with a public right. | *Mississippi v. Cardinal Health, Inc.*, No. 25Cll:18-cv-00692, slip op. (Cir. Ct. Apr. 5, 2021). |
| 12 | Missouri | Finding that plaintiff alleged interference with public right proximately caused by defendant including: "right to public safety and order unburdened by the introduction of foreseeable dangers, such as the over-prescription and over-supply of opioids"; and interference with "the lives, health and safety of substantial numbers of Missouri residents, ruining the lives and damaging the public order and economy of Missouri." | *Missouri ex rel. Schmitt v. Purdue Pharma, L.P.*, No. 1722-CC10626, slip op., *7-8 (Cir. Ct. Apr. 6, 2020). |
| 13 | Montana | Relying on § 821B and general state law principles, finding that "public health" has traditionally been considered a "public right", thus, plaintiff alleged interference with public right. | *In re Nat'l Prescription Opiate Litig.* (Blackfeet Tribe), 2019 WL 3737023 (N.D. Ohio June 13, 2019), affirming 2019 WL 2477416 (N.D. Ohio Apr. 1, 2019). |
| 14 | Nevada | Denying motions to dismiss public nuisance claim without written opinion. | *Nevada v. McKesson Corp.*, No. A-19-796755-B, slip order (Dist. Ct. Jan. 3, 2020). |
| 15 | New Hampshire | Relying on § 821B, general state and common law principles, finding that plaintiff alleged interference with public right. | *New Hampshire v. Purdue Pharma Inc.*, 2018 WL 4566129 (Super. Ct. Sept. 18, 2018). |
| 16 | New Mexico | Denying motions to dismiss public nuisance claim without statement of reasons. | *New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, No. D-101-CV-2017-02541 slip op. (Dist. Ct. Dec. 17, 2020); slip op. (Dist. Ct. Sept. 10, 2019). |

| Tab | Jurisdiction | Summary | Citations |
|---|---|---|---|
| 17 | New York | Relying on § 821B, finding plaintiff alleged interference with public right caused by defendant. Noting that the Defendants "failed to establish why public health is not a right common to the general public" and that "it can scarcely be disputed, moreover, that the conduct at the heart of this litigation, alleged to have created or contributed to a crisis of epidemic proportions has affected 'a considerable number of persons.'" | *In re Opioid Litig.*, slip op. 2018 WL 3115102, *28 (Sup. Ct. June 18, 2018). |
| 18 | Ohio | Relying on state law principles and precedent, that plaintiff established interference with public right.<br><br>Relying on § 821B, finding that plaintiff had alleged an unreasonable interference with a public right proximately caused by defendant. | *In re Nat'l Prescription Opiate Litig.* (CT3), 477 F.Supp.3d 613 (N.D. Ohio Aug. 6, 2020); (CT1), 406 F. Supp. 3d 672 (N.D. Ohio Sept. 9, 2019); (CT1), 2018 WL 6628898 (N.D. Ohio. Dec. 19, 2018);<br><br>*Ohio ex rel. Dewine v. Purdue Pharma L.P.*, 2018 WL 4080052 (Ct. C.P. Aug. 22, 2018). |
| 19 | Oklahoma | Judgment after Non-Jury Trial finding that the Defendants' unlawful acts "caused exponentially increasing rates of addiction, overdose, deaths, and Neonatal Abstinence Syndrome" and concludes such unlawful acts "annoys, injures, or endangers the comfort, repose, health or safety of others." Further finding that "the public nuisance created by the Defendants has affected and continues to affect at the same time entire Oklahoma communities and neighborhoods, as well as a considerable number of Oklahomans." | *Oklahoma ex rel. Hunter v. Purdue Pharma L.P.*, No. CJ-2017-816, Judgment After Non-Jury Trial at 25-26, 30 (August 26, 2019), pending appeal. |
| 20 | Pennsylvania | Found that the loss and injury to the Plaintiffs were sufficient to provide standing to seek damages for injuries directly caused by the public nuisance. | *County of Delaware v. Purdue Pharma, L.P.*, CV- 2017-008095, slip ops. (Ct. C.P., March 13, 2020, Dec. 4, 2019, and Oct. 25, 2019); |

| Tab | Jurisdiction | Summary | Citations |
|---|---|---|---|
| 21 | Rhode Island | Relying on § 821B, finding that plaintiff had alleged interference with public right proximately caused by defendants, "the opioid crisis has been defined as an epidemic by both public health experts and the federal government" and "freedom from an overabundance of prescription opioids is a public right." | *Rhode Island ex rel. Neronha v. Purdue Pharma L.P.*, 2019 WL 3991963, *9 (Super. Ct. Aug. 19, 2019). |
| 22 | South Carolina | Denying motions to dismiss public nuisance claims with no written decision. | *South Carolina v. Purdue Pharma L.P.*, No. 2017-CP-40-04872, slip order (Ct. C.P. Apr. 12, 2018). |
| 23 | Tennessee | Relying on general principles of state law and § 821B, finding that plaintiff alleged an unreasonable interference with a public right proximately caused by defendant. Nuisance "extends to everything that endangers life or health." | *Tennessee ex rel. Slatery v. Purdue Pharma L.P.*, 2019 WL 2331282, *5 (Cir. Ct. Feb. 22, 2019); *Tennessee ex rel. Slatery v. AmerisourceBergen Drug Corp.*, No. 1-345-19, slip op. (Cir. Ct. July 14, 2020) |
| 24 | Texas | Denying motions to dismiss public nuisance claims without written opinion. | *In re Texas Opioid Litigation* (*County of Dallas*), No. 2018-77098, slip op. (Dist. Ct. June 9, 2019). |
| 25 | Vermont | Relying on general state law principles and § 821B, that plaintiff alleged interference with public right proximately caused by defendant. Stating "[i]t cannot seriously be argued that the impacts of opiate addiction in Vermont have not affected the general public. If the State can ultimately prove its allegations as to Purdue's responsibility for the widespread nature of this scourge, it will meet the 'public' aspect of such a nuisance claim." | *Vermont v. Purdue Pharma L.P.*, No. 757-9-18 Cncv, slip op. at *6 (Super. Ct. Mar. 19, 2019); *Vermont v. Cardinal Health, Inc.*, No. 279-3-19 Cncv, slip op. (Super. Ct. May 12, 2020) |

| Tab | Jurisdiction | Summary | Citations |
|---|---|---|---|
| 26 | Washington | Positive state trial court opioids ruling, relying on state statute, that plaintiff alleged public nuisance. | *Washington v. Purdue Pharma L.P.*, 2018 WL 7892618 (Super. Ct. May 14, 2018). |
| 27 | West Virginia | Relying on general principles of state law and § 821B, that plaintiff alleged an unreasonable interference with a public right. Finding that allegations that Defendants "failed to provide effective controls against the diversion of controlled substances and failed to design and operate a system that discloses suspicious orders of controlled substances, failed to live up to industry standards – each one a failure that "injuriously affects the safety, health, or morals of the public, or works some substantial annoyance, inconvenience, or injury to the public." | *State ex rel. Morrisey v. AmerisourceBergen Drug Co.*, 2014 WL 12814021, *9 (Cir. Ct. Dec. 12, 2014) and *State ex rel. Morrisey v. Cardinal Health, Inc.*, No. 12-C-140, slip op. (Cir. Ct. Apr. 17, 2015), *writ denied*, *State ex. rel. AmerisourceBergen Drug Corp. v. Thompson*, No. 15-1026 (W. Va. Jan. 5, 2016); *see also Brooke Cty. Comm'n v. Purdue Pharma L.P.*, No. 17-C-248, slip op. (Cir. Ct. Dec. 28, 2018), *writ denied*, *State ex rel. Cardinal Health, Inc. v. Hummel*, No. 19-0210 (W. Va. June 4, 2019); *Monongalia County, et al. v. Purdue Pharma L.P.*, et al., Nos. 18-C-222-236 (adopting and applying the reasoning and rulings from *Brooke County*), *writ denied*, *State ex rel. AmerisourceBergen Drug Corp. v. Moats,* No. 19-1051 (W.Va. January 30, 2020). |