STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

STATE OF MICHIGAN, EX REL
DANA NESSEL, ATTORNEY GENERAL,

    Plaintiff,

-v-

CARDINAL HEALTH, INC., McKESSON
CORPORATION, AMERISOURCEBERGEN
DRUG CORPORATION, and WALGREEN CO.,

    Defendants.
_____/

Case No. 19-016896-NZ
Hon. Patricia Perez Fresard

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION**

At a session of said Court,
held in the City of Detroit,
County of Wayne, State of Michigan
on_____3/24/2021_____
PRESENT:   Hon. Patricia Perez Fresard
Circuit Court Judge

    On November 17, 2020, the Court entered an opinion and order granting in part and denying in part Defendants' respective motions for summary disposition. Now pending before the Court is Plaintiff's motion for partial reconsideration of the Court's November 17, 2020, opinion and order. The Court, having reviewed the motion, and otherwise being fully advised in the premises, issues the following order.

    Whether or not to grant a motion for reconsideration is a matter within the trial court's discretion. *Cason v Auto Owners Ins Co*, 181 Mich App 600, 605; 450 NW2d 6 (1989).  The *Cason* court stated:

> Generally, a motion for reconsideration must demonstrate a "palpable error" by which the court and the parties have been misled.  A motion which merely

Ex. A - Tab 9 - Michigan

>presents the same issue as ruled on by the court, either expressly or by reasonable implication, will not be granted.

*Id*.

However, the "palpable error" standard merely provides guidance to the court and does not restrict its discretion. *Bakian v National City Bank (In re Estate of Moukalled)*, 269 Mich App 708, 714; 714 NW2d 400 (2006).

Michigan's public nuisance statute, MCL 600.3801, generally establishes that certain places, conduct, and things constitute nuisances as a matter of law. The nuisance statute contains a separate subsection that defines "[a]ll controlled substances" as nuisances, independent of whether they are used in connection with any real or personal property, and provides that they "shall be enjoined and abated." MCL 600.3801(3); *see also* Public Nuisance - Declared Nuisances, Controlled Substances, Public Act No. 2, HB 4317, 1988 Mich Legis Serv 2 (1988 amendments expanded the statutory definition of nuisance to include a separate clause designating controlled substances themselves, apart from any connection to a property, as nuisances); *Michigan ex rel Wayne County Prosecutor v Bennis*, 447 Mich 719, 734-35; 527 NW2d 483 (1994) (recognizing that the 1988 amendments broadened the definition of public nuisance to include controlled substances).

Section 600.3805 authorizes the Attorney General to bring "an action for equitable relief in the name of the state" to abate any public nuisance under section 660.3801. "In general, private persons,...are not proper plaintiffs in a suit to abate a public nuisance." *Plassey v S Loewenstein & Son*, 330 Mich 525, 528; 48 NW2d 126, 127 (1951).

Whether the State's allegations state a claim under the public nuisance statute is a question of statutory interpretation. *See Bennis, supra*. The Court's purpose in reviewing questions of statutory construction is to discern and give effect to the Legislature's intent. *People v Morey*, 461 Mich 325, 329–330; 603 NW2d 250 (1999). "We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Id* at 330.

In the present case, upon review of the State's complaint, the Court finds that it adequately pled the existence of a statutory public nuisance. The complaint alleges that the Attorney General, on behalf of the State, brought this action to protect the public and abate the nuisance caused by Defendants' unlawful distribution of opioids (i.e., controlled substances) in the State, which was done without diversion controls and in excess of any supply necessary for legitimate medical needs. Accepting those allegations as true, the State is entitled to proceed with

its statutory nuisance claim. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is GRANTED.

/s/ Patricia Fresard   3/24/2021

Patricia Perez Fresard
Circuit Court Judge