IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

STATE OF MISSISSIPPI     PLAINTIFF

V.     CIVIL ACTION NO.: 25CI1:18-cv-00692

CARDINAL HEALTH, INC.,
McKESSON CORPORATION,
AMERISCOURCEBERGEN CORPORATION,
WALGREEN CO., WALMART INC. f/k/a
WAL-MART STORES, INC., AND
DOES 1 THROUGH 100, INCLUSIVE,     DEFENDANTS

## ORDER DENYING MOTION TO DISMISS

**THIS ACTION** comes before the Court upon a Joint to Transfer Venue and to Dismiss Amended Complaint for Failure to State a Claim [Docket Nos. 44 & 46] filed by Defendants Walgreen Co. and Walmart Inc. (collectively, "Pharmacy Defendants"). Previously, the Court, issued an Order denying the Pharmacy Defendants' Motion to Transfer Venue [Docket No. 62]. The Court now turns its attention to their motion to dismiss and, having considered oral arguments of counsel on September 18, 2020, reviewed supplemental authority supplied through December 2020, and being otherwise fully advised in the premises, finds as follows:

On December 6, 2018, Plaintiff, the State of Mississippi (hereinafter, the "State"), through the Office of the Attorney General, filed suit naming multiple defendants and alleging their various roles and/or contribution to the Opioid Epidemic within the State of Mississippi. On September 12, 2019, the State amended its complaint [Dkt. #36] to include the self-titled Pharmacy Defendants – Walgreens Co. and Walmart Inc. The State asserts the Pharmacy Defendants, as wholesalers who distribute prescription drugs through their own pharmacies, failed to safely monitor and distribute prescription drugs. The State's Amended Complaint [Dkt. #36], filed on

Ex. A - Tab 11 - Mississippi

September 12, 2019, alleges four claims against the Pharmacy Defendants: public nuisance, negligence, violation of the Mississippi Consumer Protection Act, and unjust enrichment.

On November 20, 2019, the Pharmacy Defendants filed the instant motion to dismiss. Therein, they argue that the Amended Complaint fails to sufficiently plead each of the four claims and that the claims are otherwise barred.

## ANALYSIS

A Rule 12(b)(6) motion to dismiss for failure to state a claim raises an issue of law and challenges the legal sufficiency of the complaint. *Rose v. Tullos*, 994 So.2d 734 (Miss. 2008). In review of the motion, the allegations in the complaint must be taken as true. *Rose*, 994 So.2d 734. To succeed on the motion, there must be no set of facts that would allow the plaintiff to prevail. *Id.* at 734 (¶ 11).

### I. Count I – Public Nuisance

A public nuisance is an unreasonable interference with a right common to the general public. *Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula, Inc.*, 521 So. 2d 857, 860 (Miss. 1988) (adopting Restatement (Second) of Torts § 821B)). A complainant seeking to recover for a public nuisance "must have sustained harm different in kind, rather than in degree, than that suffered by the public at large." *Prescott v. Leaf River Forest Prod., Inc.*, 740 So. 2d 301, 312 (Miss. 1999) (citing *Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula, Inc.*, 521 So.2d 857, 861 (Miss.1988)).

The Amended Complaint reads: "Defendants […] violated Mississippi law through their contribution to and/or assistance in creating and maintaining a condition that is harmful to the health of Mississippians and interferes with the comfortable enjoyment of life by its citizens." Am. Compl. ¶¶ 5, 47, 82-83, 85-87. The complaint details a public health hazard and interference with

aspects of public life in Mississippi. In addition, it discusses ongoing conduct continuing that produced a permanent or long-lasting effect; as well as, defendants' knowledge of the significant effect upon the public right. *See* Restatement (Second) of Torts § 821B(2)(c); Am. Compl. ¶¶ 36-42, 47, 76-77, & 82-89.

The Pharmacy Defendants' insufficiency argument and assertion that no public rights were identified are without merit. The same holds true with regard to their "control over the instrumentality" argument. Taken as true, the Court finds Count I sufficiently pled.

## II. Count II – Negligence

To prevail on a claim of negligence, the "plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury." *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 76 (Miss. 2017) (citations omitted).

To this point, the Pharmacy Defendants argue (1) that they owe no duty to the State of Mississippi to protect it from the alleged harm associated with distributing opioids in their control, and (2) that there is no private right of action available to the State of Mississippi. The Court disagrees.

The Court finds no merit to these arguments because as discussed by the State: (1) there exists a legal duty and foreseeability of harm in the purchase, storage, sell and distribution of Schedule II drugs, (2) a common law negligence action can be based on the violation of a federal or state statute that does not create a corresponding right of action, and (3) the Attorney General is vested – by the Mississippi Constitution, by statute and common law – with the power and authority to bring this action. Am. Compl. ¶¶ 21-28, 35-49 & 92-97; *Wade v. Mississippi*, 392 F. Supp. 229, 233 (N.D. Miss 1975); *Gandy v. Reserve Life Ins. Co.*, 279 So. 2d 648 (Miss. 1973). Accordingly, the Court finds the claim of negligence sufficiently pled.

### III. Count III – Violation of the Mississippi Consumer Protection Act (MISS. CODE ANN. § 75-24-1, *et seq.*)

"The purpose of the CPA is to protect the citizens of Mississippi from deceptive and unfair trade practices." *In re Miss. Medicaid Pharm. Average Wholesale Price Litig.*, 190 So. 3d 829, 841 (Miss. 2015). "A trade practice is unfair if (1) it causes or is likely to cause a substantial injury; (2) the injury is not 'outweighed by any countervailing benefits to consumers or competition that practice produces;' and (3) the injury could not have been 'reasonably avoided.'" *Id.* (quoting 5 U.S.C. § 45(n)). In considering if a practice is deceptive and unfair, the courts look to whether the use of "statements, representations, acts and practices, directly or by implication, has had and now has the capacity and tendency to mislead members of the public into the erroneous and mistaken belief that said statements and representations were and are true and complete." *Matter of Cliffdale Assocs., Inc.*, 103 F.T.C. 110 (1984) (cited with approval in *Watson Labs., Inc. v. State*, 241 So. 3d 573 (Miss. 2018)); *see*, generally, MISS. CODE. ANN. § 75-24-3(c).

Through its complaint, the State seeks a permanent injunction under Mississippi Code Annotated § 75-24-9 and civil penalties and fees under § 75-24-19(1)(b). Distributors' arguments herein focus on the marketing; however, the State contends Distributors' unfair practices implied orders were appropriate and did not reflect any abnormalities in amount, which would have indicated injury and harm that could reasonably be avoided. The complaint alleges defendants:

> knowingly, or with reason to know, and willing used unfair trade practices, in general, consisting of: engaging, and continuing to engage, in unfair trade practices that are illegal, immoral, unethical, oppressive, unscrupulous, or substantially injurious to aggrieved consumers including misrepresenting, failing to state, concealing, suppressing and/or omitting facts regarding the charging and collection of fees.

Am. Compl. ¶99. Paragraph 99, also, claims Distributors knowingly, or with reason to know, and willfully misrepresented the source, sponsorship, approval, or certification of goods or services

by: engaging, and continuing to engage, in misrepresentations that are immoral, unethical, oppressive, unscrupulous, or substantially injurious to aggrieved consumers including misrepresenting, failing to state, concealing, suppressing and/or omitting facts regarding the efficacy and usefulness of the opioids and collection of funds related to the sale of those opioids offered by the Defendants to consumers. *Id.*

Taken as true, Count III is sufficiently pled.

## IV. Count IV – Unjust Enrichment

As quoted in *Owens Corning,* at ¶25:

> Mississippi law provides that, in an action for unjust enrichment, the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff. The requirements of proof of unjust enrichment are neither technical nor complicated and, [plaintiff] can state a claim against Defendants on the basis that [defendants] were unjustly enriched because they received the profits [which] they should not have been permitted to [receive].

*Owens Corning*, 868 So.2d 331 (citing *Fordice Construction Company v. Central States Dredging Company*, 631 F. Supp. 1536. (S.D. Miss. 1986)).

The State's Amended Complaint alleges:

> Defendants have benefited from their unlawful acts by causing millions of illegal and suspicious orders to be distributed in violation of their legal duties. It would be inequitable and not in good conscience for Defendants to retain any ill-gotten gains earned as a result of the conduct alleged herein, which gains would not exist but for the payments made by the State and other payors.

Am. Compl. ¶108.

Taken as true, the Court finds that Count IV is sufficiently pled.

## V. Additional Defenses
### a. Preemption by the Controlled Substances Act

Mississippi law demands nothing contrary or in addition to the provisions of the Control Substances Act ("CSA") found in Title 21 of the United States Code. As the United States Supreme

Court has recognized, "[t]he main objectives of the CSA were to conquer drug abuse and to control the legitimate and illegitimate traffic in controlled substances." *Gonzales v. Raich*, 545 U.S. 1, 12 (2005). Accordingly, Defendants' preemption argument fails.

### b. Derivative Injury Rule

The indirect/derivative injury rule, also referred to as the remoteness doctrine, is a rule about proximate cause. *See, e.g.*, *Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331, 337 (Miss. 2004). Defendants' reliance on *Owens Corning* for the proposition that indirect damages are not recoverable in Mississippi is misplaced.

### c. Free Public Services Doctrine

The Free Public Services Doctrine is not recognized in the State of Mississippi, nor has the Supreme Court of Mississippi adopted the doctrine. Hence, the argument is unpersuasive to this Court.

### d. Economic Loss Doctrine

Presently, Mississippi courts apply the economic loss doctrine to products liability cases, and the Mississippi Supreme Court has given no clear indication of adopting it in other cases. For that reason, this Court must decline to apply the rule. *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So.2d 384, 387 (Miss. Ct. App. 1999); *Walker v. Williamson*, 131 F. Supp. 3d 580, 594–95 (S.D. Miss. 2015).

## CONCLUSION

Mississippi employs a liberal pleading standard through Rule 8 of the Mississippi Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for said relief. MRCP 8(a). In applying Mississippi law, the

Court finds the Amended Complaint sufficiently pled and in compliance with the Rules of Civil Procedure.

For the foregoing reasons, Distributors' Motion to Dismiss [Dkt. #44] is DENIED.

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2021.

                                      **HONORABLE E. FAYE PETERSON**
                                      **CIRCUIT COURT JUDGE**