FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
12/17/2020 11:56 AM
KATHLEEN VIGIL CLERK OF THE COURT
Leah Baldonado

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

STATE OF NEW MEXICO, EX REL.,
HECTOR BALDERAS, ATTORNEY
GENERAL,

       Plaintiff,

vs.                        No. D-101-CV-2017-02541

PURDUE PHARMA L.P., et al.,

       Defendants.

## ORDER DENYING
## PHARMACY DEFENDANTS' MOTION TO DISMISS
## THE THIRD AMENDED COMPLAINT

      This Matter having come before the Court on Pharmacy Defendants' Motion to Dismiss

the Third Amended Complaint; and the Court, having reviewed the pleadings filed in connection

with the Motion and considering all matters of record, has determined that a hearing is

unnecessary.

      The Court in its discretion may rely upon the pleadings filed in this matter if the written

submissions are sufficient to resolve the matters presented. *See National Excess Insurance Co.*

*v. Bingham*, 1987-NMCA-109, ¶9, 106 N.M. 325, 327, 742 P.2d 537, 539 (Ct App. 1987).

      A Rule 1-012(B)(6) motion is *only* proper when it appears that plaintiff can neither

recover nor obtain relief under any state of facts provable under the claim. *Boyd Estate ex rel.*

*Boyd v. U.S.*, 2015-NMCA-018, ¶ 11, 344 P.3d 1013. The purpose of a motion under 12(b)(6) is

to test the formal sufficiency of the statement of the claim for relief; i.e., to test the law of the

Ex. A - Tab 16 - New Mexico

claim, not the facts that support it. *McCasland v. Prather*, 1978-NMCA-098, ¶ 5, 92 N.M. 192, 585 P.2d 336.  A motion to dismiss for failure to state a claim is granted infrequently. *Id.*

> New Mexico adheres to the broad purposes of the rules and construes the rules liberally, particularly as they apply to pleading. As the New Mexico Supreme Court stated in *Carrol v. Bunt*, 50 N.M. 127, 130, 172 P.2d 116, 118 (1946): "The general policy of the Rules requires that an adjudication on the merits rather than technicalities of procedure and form shall determine the rights of the litigants."

*Id.*, ¶ 6.  New Mexico Courts have a long history of maintaining notice pleading requirements emphasizing a policy of avoiding insistence on hypertechnical form and exacting language.  See *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 10, 335 P.3d 1243.

> "[I]t is sufficient that defendants be given only a fair idea of the nature of the claim asserted against them sufficient to apprise them of the general basis of the claim; specific evidentiary detail is not required at [the complaint] stage of the pleadings." *Petty v. Bank of N.M. Holding Co.,* 1990–NMSC–021, ¶ 7, 109 N.M. 524, 787 P.2d 443.

> > "[The rules of civil procedure] were designed in large part to get away from some of the old procedural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits."

> *Martinez v. Segovia*, 2003–NMCA–023, ¶ 12, 133 N.M. 240, 62 P.3d 331 (alteration in original) (citation omitted)....

> Today the basic guidelines for pleading claims in New Mexico can be found in Rule 1–008, which states that any claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 1–008(A)(2). Rule 1–008 also provides that "[e]ach averment of a pleading shall be simple, concise and direct," Rule 1–008(E)(1), and that "[a]ll pleadings shall be so construed as to do substantial justice," Rule 1–008(F).

*Id.*, ¶¶ 12-13.  The policy behind notice pleading is to alert potential parties to pending lawsuits, and "general allegations of conduct are sufficient." *Schmitz v. Smentowski*, 1990–NMSC–002, ¶ 9, 109 N.M. 386, 785 P.2d 726.

A motion to dismiss tests the legal sufficiency of the complaint. *Healthsource, Inc. v. X–Ray Assocs. of N.M.,* 2005–NMCA–097, ¶ 16, 138 N.M. 70, 116 P.3d 861. For purposes of Rule 1–012(B)(6) NMRA, we accept all well-pleaded facts as true and evaluate whether the claimant could prevail under any state of facts which might be proven in accordance with the allegations of the complaint. *N.M. Life Ins. Guar. Ass'n v. Quinn & Co.,* 111 N.M. 750, 753, 809 P.2d 1278, 1281 (1991). A complaint should not be dismissed unless there is a total failure to allege some matter essential to the relief sought. *Las Luminarias of the N.M. Council of the Blind v. Isengard,*92 N.M. 297, 300, 587 P.2d 444, 447 (Ct.App.1978).

*Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 4, 142 N.M. 437, 166 P.3d 1091. The

Third Amended Complaint complies with the requirements of Rule 1-009(B) and *Zamora v. St.*

*Vincent Hosp.*, supra, in the circumstances. Each and every instance of fraud under the Medicaid

Fraud Act and Fraud against Taxpayers Act need not be alleged.

In reviewing the Pharmacy Defendants' argument that the Attorney General cannot bring

the statutory and common law claims set forth in the Third Amended Complaint, the Court is

guided by *State ex rel. Bingaman v. Valley Sav. & Loan Ass'n*, 1981-NMSC-108, ¶¶ 5-7, 97

N.M. 8, 636 P.2d 279.

> VSL argues that the attorney general lacks standing to obtain a declaratory judgment in the public interest because the attorney general does not have any common law powers, and therefore cannot decide on his own where the public interest lies. VSL also argues that the attorney general lacks statutory authority to initiate public interest litigation. We disagree. We recognize that no common law powers have ever been confirmed in the office of the attorney general. However, the office was created by statute and has its powers and duties defined by statute. *State v. Davidson*, 33 N.M. 664, 275 P. 373 (1929). Section 8-5-2, N.M.S.A.1978, defines the duties of the attorney general. Subsections (B) and (J) provide that the attorney general shall:
>
> > (B) prosecute and defend in any other court or tribunal all actions and proceedings, civil or criminal, in which the state may be a party or interested when, in his judgment, the interest of the state requires such action .... (Emphasis added.)
> > ....
> > (J) appear before local, state and federal courts ... to represent and to be heard on behalf of the state when, in his judgment, the public interest of the state requires such action .... (Emphasis added.)

It is VSL's contention that the Legislature intended Section 8-5-2 to be a restrictive statute which does not give the attorney general the power to initiate litigation, but merely grants the right to appear and represent the State only when action has been initiated by others. We disagree. Inherent in the attorney general's duty to "prosecute" is the power to initiate civil lawsuits when, in his judgment, the interest of the state is in need of protection. The language of the statute grants the attorney general discretion in determining when the public interest requires him to bring a civil action on behalf of the state. In construing a statutory provision to determine the intent of the Legislature, the statute is to be read as a whole, giving the words their ordinary and usual meaning unless a different intent is made clear. *Winston v. New Mexico State Police Board*, 80 N.M. 310, 454 P.2d 967 (1969). "The meaning of the word 'prosecute' not only in its ordinary definitive sense but by the interpretation of many courts, includes the commencement or institution of suits." *Lesnow Bros. v. United States*, 78 F.Supp. 829, 831 (Ct.Cl.1948).

An examination of Subsections (B) and (J) convinces us that enforcement of the "due-on-sale" law is a sufficient state interest to justify the attorney general's initiation of this action. It is clear that the attorney general not only has standing to bring this lawsuit, but also has the power and the duty to do so.

The Pharmacy Defendants' Motion to Dismiss the Third Amended Complaint is not well taken as to both the Plaintiff's New Mexico common law and statutory law claims.

IT IS THEREFORE ORDERED that the Pharmacy Defendants' Motion to Dismiss the Third Amended Complaint is Denied.

FRANCIS J. MATHEW
DISTRICT JUDGE, DIVISION I

xc: Counsel, e-served.

4

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
9/10/2019 4:50 PM
STEPHEN T. PACHECO
CLERK OF THE COURT
Maureen Naranjo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

STATE OF NEW MEXICO, EX REL.,
HECTOR BALDERAS, ATTORNEY
GENERAL,

       Plaintiff,

vs.                                                         No. D-101-CV-2017-02541

PURDUE PHARMA L.P., et al.,

       Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DISTRIBUTORS McKESSON CORPORATION, CARDINAL HEALTH ENTITIES AND AMERISOURCEBERGEN DRUG CORPORATION'S RULE 1-012 MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST THEM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

This Matter having come before the Court on Defendant Distributors McKesson Corporation, Cardinal Health Entities and Amerisourcebergen Drug Corporation's Rule 1-012 Motion to Dismiss Plaintiff's Claims Against Them for Failure to State a Claim Upon Which Relief May be Granted; and the Court, having reviewed the pleadings filed in connection with the Motion and considering all matters of record, has determined that a hearing is unnecessary.

The Court in its discretion may rely upon the pleadings filed in this matter if the written submissions are sufficient to resolve the matters presented. *See National Excess Insurance Co. v. Bingham*, 1987-NMCA-109, ¶9, 106 N.M. 325, 327, 742 P.2d 537, 539 (Ct App. 1987).

The Defendant Distributors McKesson Corporation, Cardinal Health Entities and Amerisourcebergen Drug Corporation have raised arguments similar to those raised by Manufacturer Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint. The

1

Court's decision with respect to Defendant Distributors' Motion is consistent with its decision concerning the Manufacturer Defendants' Joint Motion and is repeated below. To the extent that Defendant Distributors McKesson Corporation, Cardinal Health Entities and Amerisourcebergen Drug Corporation raise new or different defenses by way of their economic loss doctrine and free public services doctrine arguments, those doctrines are found to be inapplicable to the facts and claims alleged by the Plaintiff.

A motion to dismiss for failure to state a claim is granted infrequently. *McCasland v. Prather*, 1978-NMCA-098, ¶ 5, 92 N.M. 192, 585 P.2d 336.

> New Mexico adheres to the broad purposes of the rules and construes the rules liberally, particularly as they apply to pleading. As the New Mexico Supreme Court stated in *Carrol v. Bunt*, 50 N.M. 127, 130, 172 P.2d 116, 118 (1946): "The general policy of the Rules requires that an adjudication on the merits rather than technicalities of procedure and form shall determine the rights of the litigants."

*Id.*, ¶ 6.  New Mexico Courts have a long history of maintaining notice pleading requirements emphasizing a policy of avoiding insistence on hypertechnical form and exacting language.  See *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 10, 335 P.3d 1243.

> "[I]t is sufficient that defendants be given only a fair idea of the nature of the claim asserted against them sufficient to apprise them of the general basis of the claim; specific evidentiary detail is not required at [the complaint] stage of the pleadings." *Petty v. Bank of N.M. Holding Co.,* 1990–NMSC–021, ¶ 7, 109 N.M. 524, 787 P.2d 443.
>
>> "[The rules of civil procedure] were designed in large part to get away from some of the old procedural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits."
>
> *Martinez v. Segovia,* 2003–NMCA–023, ¶ 12, 133 N.M. 240, 62 P.3d 331 (alteration in original) (citation omitted)....

> Today the basic guidelines for pleading claims in New Mexico can be found in Rule 1–008, which states that any claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 1–008(A)(2). Rule 1–008 also provides that "[e]ach averment of a pleading shall be simple, concise and direct," Rule 1–008(E)(1), and that "[a]ll pleadings shall be so construed as to do substantial justice," Rule 1–008(F).

*Id.*, ¶¶ 12-13. The policy behind notice pleading is to alert potential parties to pending lawsuits, and "general allegations of conduct are sufficient." *Schmitz v. Smentowski,* 1990–NMSC–002, ¶ 9, 109 N.M. 386, 785 P.2d 726.

> A motion to dismiss tests the legal sufficiency of the complaint. *Healthsource, Inc. v. X–Ray Assocs. of N.M.,* 2005–NMCA–097, ¶ 16, 138 N.M. 70, 116 P.3d 861. For purposes of Rule 1–012(B)(6) NMRA, we accept all well-pleaded facts as true and evaluate whether the claimant could prevail under any state of facts which might be proven in accordance with the allegations of the complaint. *N.M. Life Ins. Guar. Ass'n v. Quinn & Co.,* 111 N.M. 750, 753, 809 P.2d 1278, 1281 (1991). A complaint should not be dismissed unless there is a total failure to allege some matter essential to the relief sought. *Las Luminarias of the N.M. Council of the Blind v. Isengard,* 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct.App.1978).

*Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 4, 142 N.M. 437, 166 P.3d 1091.

In reviewing the Plaintiff's unjust enrichment claim. The Court is guided by the Court of Appeals Opinion in *Ontiveros Insulation Co., Inc. v. Sanchez*, 2000-NMCA-051, ¶ 11, 129 N.M. 200, 3 P.3d 695.

> New Mexico has long recognized actions for unjust enrichment, that is, in quantum meruit or assumpsit. *See Tom Growney Equip., Inc. v. Ansley,* 119 N.M. 110, 112, 888 P.2d 992, 994 (Ct.App.1994). To prevail on such a claim, one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust. *See generally* Restatement of the Law of Restitution §§ 1, 40, 41 (1937, as supplemented through 1988). The theory has evolved largely to provide relief where, in the absence of privity, a party cannot claim relief in contract and instead must seek refuge in equity. *See Tom Growney Equip., Inc.,* 119 N.M. at 112, 888 P.2d at 994; *see also Hydro Conduit Corp. v. Kemble,* 110 N.M. 173, 175, 793 P.2d 855, 857 (1990) ("This quasi-contractual obligation is created by the courts for reasons of justice and equity, notwithstanding the lack of any *contractual* relationship between the parties." (citation and internal quotation marks omitted.))

3

The *Ontiveros Insulation Co., Inc.* Court quoted the case of *Merrick v. Stephens*, 337 S.W.2d 713

(Mo.Ct.App. 1960) with approval.

> Equity is reluctant to permit a wrong to be suffered without remedy. It seeks to do
> justice and is not bound by strict common law rules or the absence of precedents.
> It looks to the substance rather than the form. It will not sanction an
> unconscionable result merely because it may have been brought about by means
> which simulate legality. And once rightfully possessed of a case it will not
> relinquish it short of doing complete justice. It weighs the equities between the
> parties and adopts various devices to protect against unjust enrichment.

*Id.*, ¶ 13. The Court's decision with respect to the unjust enrichment claim in *In re Nat'l*

*Prescription Opiate Litig.*, No. 1:17-MD-2804, 2019 WL 3737023 (N.D. Ohio June 13, 2019), is

persuasive and consistent with New Mexico jurisprudence at this stage of the litigation.

The Defendant Distributors McKesson Corporation, Cardinal Health Entities and

Amerisourcebergen Drug Corporation's Rule 1-012 Motion to Dismiss Plaintiff's Claims

Against Them for Failure to State a Claim Upon Which Relief May be Granted is not well taken

as to both the Plaintiff's New Mexico common law and statutory law claims with the exception

of the Plaintiff's negligence per se claim.

> "[W]hen a statute imposes a specific requirement, there is an absolute duty to
> comply with that requirement, and no inquiry is to be made whether the defendant
> acted as a reasonably prudent man, or was in the exercise of ordinary care." *Heath
> v. La Mariana Apartments*, 2008–NMSC–017, ¶ 8, 143 N.M. 657, 180 P.3d 664
> (internal quotation marks and citation omitted). Thus, negligence per se consists
> of the following elements:
>
> > (1) There must be a statute which prescribes certain actions or defines a
> > standard of conduct, either explicitly or implicitly, (2) the defendant must
> > violate the statute, (3) the plaintiff must be in the class of persons sought
> > to be protected by the statute, and (4) the harm or injury to the plaintiff
> > must generally be of the type the [L]egislature through the statute sought
> > to prevent.
>
> *Alcantar v. Sanchez*, 2011–NMCA–073, ¶ 34, 150 N.M. 146, 257 P.3d
> 966 (alteration in original) (internal quotation marks and citation omitted).
> Further, the statute or regulation at issue must "define with specificity what is

4

reasonable in a particular circumstance, such that the jury does not have to undertake that inquiry." *Heath,* 2008–NMSC–017, ¶ 9, 143 N.M. 657, 180 P.3d 664. Thus, the regulation or statute at issue must specify a duty that is distinguishable from the ordinary standard of care. *Abeita v. N. Rio Arriba Elec. Coop.,* 1997–NMCA–097, ¶ 21, 124 N.M. 97, 946 P.2d 1108. "[W]here duties are undefined, or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence per se has no application." *Id.* (internal quotation marks and citation omitted).

*Thompson v. Potter*, 2012-NMCA-014, ¶ 32, 268 P.3d 57.  Negligence per se has no application as pled by the Plaintiff.

IT IS THEREFORE ORDERED that the Defendant Distributors McKesson Corporation, Cardinal Health Entities and Amerisourcebergen Drug Corporation's Rule 1-012 Motion to Dismiss Plaintiff's Claims Against Them for Failure to State a Claim Upon Which Relief May be Granted is Denied, with the exception of the Plaintiff's Negligence Per Se Claim, as to which it is Granted.

FRANCIS J. MATHEW
DISTRICT JUDGE, DIVISION I

xc: Counsel, e-served.