## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COUNTY OF DELAWARE, PA | : | |
| PLAINTIFF, | : | CIVIL ACTION-LAW |
| | : | |
| v. | : | NO. CV-2017-008095 |
| | : | |
| PURDUE PHARMA L.P., et al., | : | |
| | : | |
| DEFENDANTS. | : | |
| | : | |

| | | |
|---|---|---|
| Carpenters Health and Welfare Fund of Philadelphia and Vicinity | : | |
| | : | |
| PLAINTIFF, | : | CIVIL ACTION-LAW |
| | : | NO. CV-2017-008095 (Consolidated) |
| v. | : | NO. CV-2018-008920 |
| | : | |
| PURDUE PHARMA L.P., et al., | : | Philadelphia CCP NO. 108302264 |
| | : | |
| DEFENDANTS. | : | |

## ORDER DENYING PRELIMINARY OBJECTIONS OF MANUFACTURER DEFENDANTS JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNIEL-JANSSEN PHARMACEUTICALS, INC. (n/k/a JANSSEN PHARMACEUTICALS, INC.); JANSSEN PHARMACEUTICA, INC. (n/k/a JANSSEN PHARMACEUTICALS, INC.); ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; PAR PHARMACEUTICALS, INC.; PAR PHARMACEUTICAL COMPANIES INC.; PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; WATSON LABORATORIES, INC.; INSYS THERAPEUTICS, INC.; ALLERGAN plc f/k/a ACTAVIS plc; ALLERGAN FINANCE, LLC f/k/a ACTAVIS, INC. f/k/a WATSON PHARMACEUTICALS, INC.; MALLINCKRODT LLC' SPECGX LLC; NORAMCO, INC.; RHODES PHARMACUEICALS L.P.; RHODES TECHNOLOGIES; RHODES TECHNOLOGIES INC.; AND RHODES PHARMACEUTICALS INC.

AND NOW, this _25_ day of _October_ 2019, in consideration of the Preliminary Objections of Manufacturer Defendants[1] Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. (n/k/a Janssen Pharmaceuticals, Inc.); Janssen

---

[1] Due to the filing of Suggestion of Bankruptcy, the following Defendants were severed from these matters and proceedings against them are stayed pursuant to 11 U.S.C. 362 (b): Insys Therapeutics, Inc., Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company Inc., Rhodes Technologies, Rhodes Technologies Inc., Rhodes Pharmaceuticals L.P., Rhodes Pharmaceuticals Inc., and P.F. Laboratories, Inc.

Ex. A - Tab 20 - Pennsylvania

Pharmaceutica, Inc. (n/k/a Janssen Pharmaceuticals, Inc.); Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceuticals, Inc.; Par Pharmaceutical Companies Inc.; Teva Pharmaceuticals USA Inc.; Cephalon Inc.; Actavis LLC; Actavis Pharma Inc. f/k/a Watson Pharma Inc.; Watson Laboratories, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Mallinckrodt LLC' SpecGx LLC; Noramco, Inc. to Plaintiff's First Amended Complaint and Plaintiff's Response in Opposition, and Defendants' reply thereto, and a hearing on September 5, 2019, **NOW, THEREFORE**, it is hereby **ORDERED** and **DECREED** as follows;

The First Amended Complaint generally divided the Defendants' into two major categories; Manufacturer Defendants and Distributor Defendants (of which includes retailers and physicians). This order addresses the Manufacturer's Preliminary Objections.

**LEGAL STANDARD**
Pennsylvania is a fact-pleading jurisdiction and, therefore, a complaint must provide the nature of the Plaintiff's claims and also summarize the facts upon which the claims are based. *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. Ct. 2005). The material facts on which the cause of action is based should be "stated in a concise and summary form." Pa. R.C.P. 1019(a). But, "there is no requirement to plead the evidence upon which the pleader will rely to establish those facts." *Commonwealth ex rel. Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1029 (Pa. 2018) (citing *United Refrigerator Co. v. Applebaum*, 189 A.2d 253, 255 (Pa. 1963))). "Averments of fraud or mistake shall be averred with particularity," while "[m]alice, intent, knowledge, and other conditions of mind may be averred generally." Pa. R.C.P. 1019(b). The purpose of a complaint is to disclose material facts sufficient to notify the adverse party of the claims it will have to defend against. *See Martin v. Lancaster Battery Co.*, 606 A.2d 444, 448 (Pa. 1992); *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 339 (Pa. 1971). To determine whether a claim has been pled with the required specificity, the allegations must be viewed in the context of the pleading as a whole. See *Yacoub v. Lehigh Valley Med. Assocs., P.C.*, 805 A.2d 579, 589 (Pa. Super. Ct. 2002) (en banc).
When considering preliminary objections, courts must accept as true all well pleaded allegations and any reasonable inferences drawn from those allegations. *See Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 8 A.3d 866, 884 (Pa. 2010). The question presented by a demurrer "is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).

**FINDINGS AND CONCLUSIONS**
1. The September 14, 2018 Case Management Order No. 1 ordered that the Carpenter's Plaintiff will be one of four "test cases" for Preliminary Objections and included Delaware County, Carbon County, (two counties/municipal plaintiffs) and the Commonwealth of Pennsylvania, acting by and through the District Attorney of Philadelphia.
2. This Court entertained extensive argument on September 5, 2019 on all outstanding Preliminary Objections pertaining to the Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Purdue Pharma, L.P., et. al., as captioned above.

3. The Plaintiff's Complaint sufficiently alleges negligent conduct and conspiracy among Defendants to mislead the public and doctors by false and misrepresented claims, and information, false advertisements, fraudulent sales, failing to effectively monitor and identify and report suspicious order(s), and failing to adequately control the supply chain of opioid products and prevent diversion, causing damages related to health care, costs, increased costs of workers' compensation claims, damages related to lost productivity and damages related to opioid abuse and addition.

4. The Amended Complaint sufficiently puts all Defendants on notice of the nature of all claims against them and summarizes the facts upon which these claims are based, including causes of action as a result of co-conspirator liability.

5. **Defendants' Derivative Injury Claim:**
   a. As this Plaintiff is a Third-Party Payor, seeking healthcare and other costs and expenses, the Defendant(s) plea that the "derivative injury rule", as they also refer to the "remoteness doctrine" prohibits the Plaintiff's claims because defendant's acts stand too remote a distance to recover and injury characterized as indirect.
   b. The Plaintiff fund alleges that it suffered a direct injury caused by the Defendant's conduct and actions, and fact questions remain outstanding, requiring discovery, and left to the trier of facts.
   c. This Court finds that the Plaintiff may seek recovery of their direct costs and excess costs as they arise directly from the Plaintiff's role as the business entity that paid for the drugs, suffered the loss and financial injury, and from which the Defendants may have relied upon for payment(s) of the Defendant(s) products. This burden of proof remains with the Plaintiff. The proven costs that Plaintiff incurred, arising directly from Defendants alleged wrongful conduct, pleaded to constitute a direct injury for which the Plaintiff may seek recovery and the Preliminary Objections are denied.

6. **Defendants' Preemption Claims:**
   a. The Defendants file Preliminary Objections on the issue of Federal Preemption of state law claims, arguing that Plaintiff's outstanding claims are preempted because they conflict with regulations and decisions of the Food and Drug Administration (FDA) regarding approval and labeling of prescription opiates.
   b. Plaintiffs allege that the Manufacturers promoted their drugs through false and misleading statements that were not part of the FDA approved label and that the FDA did not require them to make. Plaintiff alleges that these misrepresentations and omissions are misleading and contrary to the Manufacturers Defendants products labeling. Such alleged claims of false and deception marketing are not preempted at this stage in this proceeding.
   c. The Plaintiff's causes of Action, if successful, do not thereafter or become an obstacle to the accomplishment and exception of the purposes and objections of Federal Legislation and regulations of the FDA.
   d. The Plaintiffs cause of action and allegations thereto, do not challenge FDA approved labeling and preemption does not bar Plaintiff's claims founded upon allegations of misleading fraudulent and deceptive marketing, sales, distribution, and advertising activities that allegedly distorted and withheld

information about their drugs in order to harm Plaintiff by convincing physicians, pharmacies and individuals that their opioids were safe and effective for the treatment of pain, and further alleges inadequate monitoring and anti-diversion activities.

7. **Public Nuisance Claim:**
   a. The Defendant(s) plead that the Plaintiff's public nuisance claim should be dismissed for failing to allege a "special harm" that is "different in kind" from the public at large, and only public authorities may sue to redress a public nuisance, and the Plaintiffs alleged injury is not "special" and a claim for public nuisance has no basis in the law and should be dismissed.
   b. The Court finds a litany of precedent cases confirming that a private entity has standing to bring a public nuisance claim and a private action for a public nuisance is maintainable by one who suffers a direct particular loss or damage beyond that suffered by him in common with all others affected by the nuisance.
   c. The Amended Complaint sufficiently pled that the Plaintiff has allegedly suffered particular injury beyond that suffered by the general public as the result of the actions and conduct of the Defendants.
   d. The Plaintiff's alleged suffered injury and loss are the unnecessary and excessive prescriptions, treatment, medical services, expenses and costs, incurred specifically and particularly by the Plaintiff, and not costs paid for by members of the general public. This alleged separate, specific and particular loss and injury to the Plaintiff is sufficient to provide standing to seek damages for injuries directly caused by the public nuisance if Defendant(s) are proven to have caused and created the injury and damages; and the Preliminary Objections are dismissed.

8. This Court has jurisdiction over all the claims presented in the Amended Complaint and the Complaint does not fail to conform to the rule of law and rules of procedure and sufficiently pleads with specificity.

9. The Plaintiff sufficiently pleads the capacity to bring this suit and the Amended Complaint sufficiently pleads liability on the part of each Manufacturer Defendant for each cause of action, including as a result of co-conspirator liability.

10. Limited to the Court's Standard of Review for Preliminary Objections, the Plaintiff sufficiently pleads claims for relief, not preempted by the FDA's Regulation of Opioids, sufficiently pleads causation and standing to bring negligence, consumer and common law fraud, and public nuisance claims.

11. The Plaintiff sufficiently pleads and provides notice of all causes of action, including negligence, negligence per se, public nuisance, unjust enrichment, fraud, express and implied warranty, civil conspiracy, and violations of the Uniform Trade Practices and Consumer Protection Law (UTPCPL), including sufficient allegations of causation and damages. This Court further finds that the Amended Complaint sufficiently alleges a claim under the Uniform Trade Practices and Consumer Protection Law (UTPCPL). Allegations that Defendants not only failed to warn of all potential damages of excess use of Opioids of which they were aware, but also knowingly and intentionally misled physicians with false information, alleged to be a foundation for UTPCPL claims.

12. The Plaintiff sufficiently pleads a claim for unjust enrichment and claims for civil conspiracy of all claims of action.
13. The Plaintiff has standing to assert various unfair or deceptive acts and practices declared to be unlawful under section 201-3 of the UTPCPL (73 Pa. Cons. Stat 201)
14. Defendants request to strike references to prior settlement agreements remain a Motion in Limine and shall be addressed prior to trial.
15. As to all the various causes of action, the Court notes, at trial, the trial Judge will have an opportunity to reevaluate the sufficiency of the evidence as to each Defendant and nothing in this Order prevents the Court from granting summary judgment or other relief as a matter of law, if warranted.

This Courts' findings as set forth above are limited to the standard required for the Courts review of the Preliminary Objections, and are not dispositive of Motions for Summary Judgment that may or may not be approved upon the completion of discovery.

Therefore, for all the foregoing reasons, the Court hereby **DENIES** the named Manufacturer Defendants' Preliminary Objections to the Amended Complaint

BY THE COURT:

_____
J. Barry C. Dozor

-IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| **COUNTY OF DELAWARE, PA** | : | |
| | : | |
| **PLAINTIFF,** | : | **CIVIL ACTION-LAW** |
| | : | |
| **v.** | : | **NO. CV-2017-008095** |
| | : | |
| **PURDUE PHARMA L.P., et al.,** | : | |
| | : | |
| **DEFENDANTS.** | : | |
| | : | |
| **Carpenters Health and Welfare** | : | |
| **Fund of Philadelphia and Vicinity** | : | |
| | : | **CIVIL ACTION-LAW** |
| **PLAINTIFF,** | : | |
| | : | **NO. CV-2017-008095 (Consolidated)** |
| **v.** | : | **NO. CV-2018-008920** |
| | : | |
| **PURDUE PHARMA L.P., et al.,** | : | **Philadelphia CCP NO. 180302264** |
| | : | |
| **DEFENDANTS.** | : | |

## ORDER DENYING PRELIMINARY OBJECTIONS OF MANUFACTURER DEFENDANTS ALLERGAN PLC f/k/a ACTAVIS PLC AND ALLERGAN FINANCE, LLC f/k/a ACTAVIS, INC., f/k/a WATSON PHARMACEUTICALS, INC.

AND NOW, this 4th day of December 2019, in consideration of the Preliminary Objections of the Defendants, Allergan PLC f/k/a Actavis PLC and Allergan Finance, LLC f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc. to Plaintiff's First Amended Complaint, and Plaintiff's Response in Opposition, and Defendants' sur reply thereto, and argument on September 5, 2019, **NOW, THEREFORE**, it is hereby **ORDERED** and **DECREED** as follows;

The First Amended Complaint generally divided the Defendants' into two major categories; Manufacturer Defendants and Distributor Defendants (of which includes retailers). This order addresses the above-mentioned Manufacturers' Preliminary Objections.

**LEGAL STANDARD**

Pennsylvania is a fact-pleading jurisdiction and, therefore, a complaint must provide notice of the nature of the Plaintiff's claims and also summarize the facts upon which the claims are based. *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. Ct. 2005). The material facts on which the cause of action is based should be "stated in a concise and summary form." Pa. R.C.P. 1019(a). But, "there is no requirement to plead the evidence upon which the pleader will rely to establish those facts." *Commonwealth ex rel. Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1029 (Pa. 2018) (citing *United Refrigerator Co. v. Applebaum*, 189 A.2d 253, 255 (Pa. 1963))). "Averments of fraud or mistake shall be averred

with particularity," while "[m]alice, intent, knowledge, and other conditions of mind may be averred generally." Pa. R.C.P. 1019(b). The purpose of a complaint is to disclose material facts sufficient to notify the adverse party of the claims it will have to defend against. *See Martin v. Lancaster Battery Co.*, 606 A.2d 444, 448 (Pa. 1992); *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 339 (Pa. 1971). To determine whether a claim has been pled with the required specificity, the allegations must be viewed in the context of the pleading as a whole. See *Yacoub v. Lehigh Valley Med. Assocs., P.C.*, 805 A.2d 579, 589 (Pa. Super. Ct. 2002) (en banc).

When considering preliminary objections, courts must accept as true all well pleaded allegations and any reasonable inferences drawn from those allegations. *See Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 8 A.3d 866, 884 (Pa. 2010). The question presented by a demurrer "is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).

**FINDINGS AND CONCLUSIONS**

1. The September 14, 2018 Case Management Order No. 1 ordered that the Carpenter's Plaintiff will be one of four "test cases" for Preliminary Objections and included Delaware County, Carbon County, (two counties/municipal plaintiffs) and the Commonwealth of Pennsylvania, acting by and through the District Attorney of Philadelphia.

2. This Court entertained extensive argument on September 5, 2019 on all outstanding Preliminary Objections pertaining to the Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Purdue Pharma, L.P., et. al., as captioned above.

3. The Plaintiff has properly reinstated the Amended Complaint pursuant to Pa. R.C.P. 401(b)(1) and the parties have stipulated to service being completed, and forego any further objection to service.

4. The Amended Complaint alleges sufficient personal jurisdiction over Defendant Allergan PLC and minimum contacts with the Commonwealth of Pennsylvania.

5. The Plaintiff's Amended Complaint sufficiently alleges negligent conduct and details a conspiracy among Defendants to mislead the public and doctors by false and misrepresented claims, and information, false advertisements, fraudulent sales, failing to effectively monitor and identify and report suspicious order(s), and failing to adequately control the supply chain of opioid products and prevent diversion, causing damages related to health care, costs, increased costs of workers' compensation claims, damages related to lost productivity and damages related to opioid abuse and addition.

6. The Amended Complaint sufficiently puts all Defendants on notice of the nature of all claims against them and summarizes the facts upon which these claims are based, including causes of action as a result of co-conspirator liability.

7. This Court has jurisdiction over all the claims presented in the Amended Complaint and the Complaint does not fail to conform to the rule of law and rules of procedure and sufficiently pleads with specificity.

8. Allergan Defendants are referred to as a part of "Actavis" in the Amended Complaint, and with sufficient notice and description of tortious conduct, all allegations in the Amended Complaint that refer to Actavis also refers to the Allergan Defendants. The

burden of proof of such remains with the Plaintiff. The Amended Complaint also sufficiently established jurisdiction and liability over the Allergan and Actavis Defendants for each cause of action as a result of co-conspirator liability on the part of Manufacturer and Distributors' co-conspirator liability.

9. As to all the various causes of action, the Court notes, at trial, the trial Judge will have an opportunity to reevaluate the sufficiency of the evidence as to each Defendant and nothing in this Order prevents the Court from granting judgment as a matter of law, if warranted.

This Courts' findings as set forth above are limited to the standard required for the Courts review of the Preliminary Objections, and are not dispositive of Motions for Summary Judgment that may or may not be approved upon the completion of discovery.

Therefore, for all the foregoing reasons, the Court hereby **DENIES** the Manufacturer Defendants' Preliminary Objections to the Amended Complaint.

BY THE COURT:

/ Barry C. Dozor

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| COUNTY OF DELAWARE, PA | : | |
| | : | |
| PLAINTIFF, | : | CIVIL ACTION-LAW |
| | : | |
| v. | : | NO. CV-2017-008095 |
| | : | |
| PURDUE PHARMA L.P., et al., | : | |
| | : | |
| DEFENDANTS. | : | |

| | | |
|---|---|---|
| Carpenters Health and Welfare | : | |
| Fund of Philadelphia and Vicinity | : | |
| | : | CIVIL ACTION-LAW |
| PLAINTIFF, | : | |
| | : | NO. CV-2017-008095 (Consolidated) |
| v. | : | NO. CV-2018-008920 |
| | : | |
| PURDUE PHARMA L.P., et al., | : | Philadelphia CCP NO. 180302264 |
| | : | |
| DEFENDANTS. | : | |

## ORDER DENYING PRELIMINARY OBJECTIONS OF DISTRIBUTOR DEFENDANTS' AMERISOURCEBERGEN DRUG CORPORATION; CARDINAL HEALTH, INC.; AND MCKESSON CORPORATION

AND NOW, this 4th day of December 2019, in consideration of the Preliminary Objections of the Distributor Defendants' AmerisourceBergen Drug Corporation; Cardinal Health Inc.; and McKesson Corporation to Plaintiff's First Amended Complaint, and Plaintiff's Response in Opposition, and any reply thereto, and a hearing on September 5, 2019, **NOW, THEREFORE**, it is hereby **ORDERED** and **DECREED** as follows;

**LEGAL STANDARD**

Pennsylvania is a fact-pleading jurisdiction and, therefore, a complaint must provide notice of the nature of the Plaintiff's claims and also summarize the facts upon which the claims are based. *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. Ct. 2005). The material facts on which the cause of action is based should be "stated in a concise and summary form." Pa. R.C.P. 1019(a). But, "there is no requirement to plead the evidence upon which the pleader will rely to establish those facts." *Commonwealth ex rel. Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1029 (Pa. 2018) (citing *United Refrigerator Co. v. Applebaum*, 189 A.2d 253, 255 (Pa. 1963))). "Averments of fraud or mistake shall be averred with particularity," while "[m]alice, intent, knowledge, and other conditions of mind may be averred generally." Pa. R.C.P. 1019(b). The purpose of a complaint is to disclose material facts

sufficient to notify the adverse party of the claims it will have to defend against. *See Martin v. Lancaster Battery Co.*, 606 A.2d 444, 448 (Pa. 1992); *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 339 (Pa. 1971). To determine whether a claim has been pled with the required specificity, the allegations must be viewed in the context of the pleading as a whole. *See Yacoub v. Lehigh Valley Med. Assocs., P.C.*, 805 A.2d 579, 589 (Pa. Super. Ct. 2002) (en banc).

When considering preliminary objections, Courts must accept as true all well pleaded allegations and any reasonable inferences drawn from those allegations. *See Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 8 A.3d 866, 884 (Pa. 2010). The question presented by a demurrer "is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).


**Findings and Conclusion**

1. The September 14, 2018 Case Management Order No. 1 ordered that the Carpenter's Plaintiff be one of four "test cases" for Preliminary Objections and included Delaware County, Carbon County, (two counties/municipal plaintiffs) and the Commonwealth of Pennsylvania, acting by and through the District Attorney of Philadelphia.

2. This Court entertained extensive argument on September 5, 2019 on all outstanding Preliminary Objections pertaining to the Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Purdue Pharma, L.P., et. al., as captioned above.

3. The Plaintiff's Complaint alleges negligent conduct and further details a conspiracy among Defendants to mislead the public and doctors by false and mispresented claims, negligent marketing, failing to effectively monitor and identify and report suspicious orders, and failing to adequately control the supply chain of opioid products and prevent diversion, causing damages related to health care costs, increased cost of workers' compensation claims, damages related to lost productivity, and damages related to opioid abuse and addiction.

4. The Amended Complaint sufficiently states all claims against the Distributor Defendants.

5. Plaintiff's Amended Complaint alleges and details a conspiracy among Defendants and sufficiently states all claims against the Distributor Defendants.

6. The Plaintiff sufficiently pleads damages alleged in the Amended Complaint and directly suffered by Plaintiff.

7. The Court further finds that the question of proximate causation is left to the finder of fact.

8. The Court further finds that the Amended Complaint adequately alleges causation, causing effect, proximate cause, damages, and conspiratory conduct and liability.

9. **Public Nuisance Claim:**

   a. The Defendant(s) plead that the Plaintiff's public nuisance claim should be dismissed for failing to allege a "special harm" that is "different in kind" from the public at large, and only public authorities may sue to redress a public nuisance, and that the Plaintiffs alleged injury is not "special" and a claim for public nuisance has no basis in the law and should be dismissed.

    b.  The Court finds a litany of precedent confirming that a private entity has standing to bring a public nuisance claim and a private action for a public nuisance is maintainable by one who suffers a direct particular loss or damage beyond that suffered by him in common with all others affected by the nuisance.

    c.  The Amended Complaint sufficiently pled that the Plaintiff has suffered particular injury beyond that suffered by the general public as the result of the alleged actions and conduct of the Defendants.

    d.  The Plaintiff's alleged injury and loss are the unnecessary and excessive prescriptions, treatment, medical services, expenses and costs, incurred specifically and particularly by the Plaintiff, and not costs paid for by members of the general public. This alleged separate, specific and particular loss and injury to the Plaintiff is sufficient to provide standing to seek damages for injuries directly caused by the public nuisance if Defendant(s) are proven to have caused and created the injury and damages.

**10. Defendants' Derivative Injury Claim:**

    a.  As this Plaintiff is a Third-Party Payor, seeking healthcare and other costs and expenses, the Defendant(s) plead that the "derivative injury rule", as they also refer to the "remoteness doctrine" prohibit the Plaintiff's claims because Defendant's acts stand too remote a distance to recover and injury characterized as indirect.

    b.  The Plaintiff Fund alleges that it suffered a direct injury caused by the Defendants' conduct and actions, and fact questions remain outstanding, requiring discovery, and left to the trier of facts.

    c.  This Court finds that the Plaintiff may seek recovery of their alleged direct and excess costs as they arise directly from the Plaintiff's role as the business entity that paid for the drugs, sustained the loss and financial injury, and from which the Defendants may have relied upon for payment(s) of the Defendant(s) products. This burden of proof remains with the Plaintiff. The proven costs that Plaintiff incurred, arising directly from Defendants alleged wrongful conduct, constitute a direct injury for which the Plaintiff may seek recovery.

**11.** Again, with the Court limited to the standard for reviewing Preliminary Objections, the Amended Complaint provides notice and sufficiently states a claim(s) for all causes of action, including negligence, negligence per se, public nuisance, unjust enrichment, fraud, and civil conspiracy.

**12.** As to all the various causes of action, the Court notes, at trial, the trial Judge will have an opportunity to reevaluate the sufficiency of the evidence as to each Defendant and nothing in this Order prevents the Court from granting judgment as a matter of law, if warranted.

       This Courts' findings as set forth above are limited to the standard required for the Courts review of the Preliminary Objections, and are not dispositive of Motions for Summary Judgment that may or may not be approved upon the completion of discovery.

For all foreby reasons the Distributor Defendants' Preliminary Objections to the Amended Complaint are **DENIED** in their entirety.

BY THE COURT:

_____
J. Barry C. Dozor

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| **COUNTY OF DELAWARE, PA** | : | |
| | : | |
| **PLAINTIFF,** | : | **CIVIL ACTION-LAW** |
| | : | |
| **v.** | : | **NO. CV-2017-008095** |
| | : | |
| **PURDUE PHARMA L.P., et al.,** | : | |
| | : | |
| **DEFENDANTS.** | : | |
| | : | |
| **Carpenters Health and Welfare** | : | |
| **Fund of Philadelphia and Vicinity** | : | |
| | : | **CIVIL ACTION-LAW** |
| **PLAINTIFF,** | : | |
| | : | **NO. CV-2017-008095 (Consolidated)** |
| **v.** | : | **NO. CV-2018-008920** |
| | : | |
| **PURDUE PHARMA L.P., et al.,** | : | **Philadelphia CCP NO. 180302264** |
| | : | |
| **DEFENDANTS.** | : | |

## ORDER DENYING PRELIMINARY OBJECTIONS OF DEFENDANTS' TEVA PHARMACEUTICALS USA, INC. AND CEPHALON, INC.

AND NOW, this 4th day of December 2019, in consideration of the Preliminary Objections of Defendants' Teva Pharmaceuticals USA, Inc. and Cephalon, Inc. to Plaintiff's First Amended Complaint and Plaintiff's Response in Opposition, and Defendants' response thereafter, and a hearing on September 5, 2019, **NOW THEREFORE**, it is hereby **ORDERED** and **DECREED** as follows;

**LEGAL STANDARD**

      Pennsylvania is a fact-pleading jurisdiction and, therefore, a complaint must provide notice of the nature of the Plaintiff's claims and also summarize the facts upon which the claims are based. *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. Ct. 2005). The material facts on which the cause of action is based should be "stated in a concise and summary form." Pa. R.C.P. 1019(a). But, "there is no requirement to plead the evidence upon which the pleader will rely to establish those facts." *Commonwealth ex rel. Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1029 (Pa. 2018) (citing *United Refrigerator Co. v. Applebaum*, 189 A.2d 253, 255 (Pa. 1963))). "Averments of fraud or mistake shall be averred with particularity," while "[m]alice, intent, knowledge, and other conditions of mind may be averred generally." Pa. R.C.P. 1019(b). The purpose of a complaint is to disclose material facts sufficient to notify the adverse party of the claims it will have to defend against. *See Martin v.*

*Lancaster Battery Co.*, 606 A.2d 444, 448 (Pa. 1992); *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 339 (Pa. 1971). To determine whether a claim has been pled with the required specificity, the allegations must be viewed in the context of the pleading as a whole. See *Yacoub v. Lehigh Valley Med. Assocs., P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002) (en banc).

When considering preliminary objections, Courts must accept as true all well pleaded allegations and any reasonable inferences drawn from those allegations. *See Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.,* 8 A.3d 866, 884 (Pa. 2010). The question presented by a demurrer "is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.,* 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).

## FINDINGS AND CONCLUSIONS

1.  The September 14, 2018 Case Management Order No.1 ordered that the Carpenters' Plaintiff be one of four "test cases" for Preliminary Objections and included Delaware County, Carbon County, (two counties/municipal plaintiffs) and the Commonwealth of Pennsylvania, acting by and through the District Attorney of Philadelphia.
2.  This Court entertained extensive argument on September 5, 2019 on all Preliminary Objections pertaining to Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Purdue Pharma, L.P., et al., as captioned above.
3.  This Court finds that the Plaintiff has plead all its causes of action, including, its fraud-based claims against the Teva and Cephalon Defendants with sufficient specificity and particularity as the precedent and Rules of Procedure require.
4.  The Plaintiff alleges that Defendant Teva and Defendant Cephalon worked together to manufacture, promote, distribute, and sell both brand name and generic versions of opioids nationally and in Philadelphia County, Pennsylvania. The Amended Complaint further alleges that Defendant Cephalon made thousands of payments to physicians for various activities in deceptively and illegally marketing opioids designed to expand the market, causing injury and damage to Plaintiff.
5.  The pleadings adequately explained the nature of the claim to the opposing party so as to permit the Defendants to prepare a defense.
6.  The Amended Complaint specifically alleges that the Defendants' false and misleading statements, actions, and misconduct directly caused harm to Plaintiff.
7.  For the purpose of reviewing the standard for the Courts review of Preliminary Objections, Plaintiff has adequately pled causation with respect to the Teva and Cephalon Inc. Defendants and Plaintiff's claims against the Teva and Cephalon Inc. Defendants do not fail for lack of an injury, nor are Plaintiff's claims preempted by the FDA's Regulation of Opioids nor barred by the Statute of Limitations.
8.  The Plaintiff has sufficiently alleged misconduct, negligence, (etc), fraud, civil co-conspirator liability, and the Amended Complaint is not required to identify specific Doctors.
9.  Plaintiff has adequately alleged that Defendants' conduct gives rise to this lawsuit. The allegations, sufficiently pled Defendants' alleged fraudulent misleading marketing campaign, including the alleged untruthful promoting of the off-label use

of an FDA-approved drug(s), and the Amended Complaint is not defective as a matter of law, but shall be left to a finder of fact.

10. With regards to Defendants' claims that they are not liable for statements of third parties and whether an agency or relationship exist or existed between the Teva and Cephalon Inc., these issues are a question of fact and not appropriate for determination at this stage of the proceedings, and the fraud allegations are presently sufficient to assert liability of third party statements.

11. The Court further finds that the Plaintiff has adequately pled causation with respect to the Defendants' injury and causation is sufficiently pled for harm and injury, including economic loss is appropriately pled. Plaintiff's claims are not preempted by the FDA's Regulation of Opioids, nor barred by the Statute of Limitations.

12. **Defendants' Preemption Claims:**

   a. The Defendants filed Preliminary Objections on the issue of Federal Preemption of state law claims, arguing that Plaintiff's outstanding claims are preempted because they conflict with regulations and decisions of the Food and Drug Administration (FDA) regarding approval and labeling of prescription opiates.

   b. Plaintiffs allege that the Manufacturers promoted their drugs through false and misleading statements that were not part of the FDA approved label and that the FDA did not require them to make. Plaintiff alleges that these misrepresentations and omissions are misleading and contrary to the Manufacturers Defendants products labeling. Such alleged claims of false and deception marketing are not preempted.

   c. The Plaintiff's causes of Action, if successful, do not thereafter or become an obstacle to the accomplishment and exception of the purposes and objections of Federal Legislation and regulations of the FDA.

   d. The Plaintiff's cause of Action and allegations thereto, do not challenge FDA approved labeling and preemption does not bar Plaintiff's claims founded upon allegations of misleading fraudulent and deceptive marketing, sales, distribution, and advertising activities that allegedly distorted and withheld information about their drugs in order to harm Plaintiff by convincing physicians, pharmacies and individuals that their opioids were safe and effective for the treatment of pain, and further alleges inadequate monitoring and anti-diversion activities.

13. As the Plaintiff's claims are of ongoing tortious actions and conspiracy with other Defendants, the Preliminary Objections as to the Statute of Limitations is denied. The Defendants failed to establish, at this time, a Statute of Limitations for public nuisance. Furthermore, as a result of the allegations of Defendants conspiracy being ongoing, the "continuing violations doctrine", discovery required, and the allegations of fraudulent concealment, the Preliminary Objections are Denied.

This Court's findings as set forth above are limited to the standard required for the Courts review of Preliminary Objections, and are not dispositive of Motions for Summary Judgment that may or may not be appropriate upon the completion of discovery.

For the foregoing reasons all set forth herein, the Teva and Cephalon Inc. Defendants' Preliminary Objections to the Amended Complaint are **DENIED** in its entirety.

BY THE COURT:

_____

J. Barry C. Dozor

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA**

| | | |
|---|---|---|
| **COUNTY OF DELAWARE, PA** | : | |
| | : | |
| **PLAINTIFF,** | : | **CIVIL ACTION-LAW** |
| | : | |
| **v.** | : | **NO. CV-2017-008095** |
| | : | |
| **PURDUE PHARMA L.P., et al.,** | : | |
| | : | |
| **DEFENDANTS.** | : | |
| | : | |

| | | |
|---|---|---|
| **Carpenters Health and Welfare** | : | |
| **Fund of Philadelphia and Vicinity** | : | |
| | : | **CIVIL ACTION-LAW** |
| **PLAINTIFF,** | : | |
| | : | **NO. CV-2017-008095 (Consolidated)** |
| **v.** | : | **NO. CV-2018-008920** |
| | : | |
| **PURDUE PHARMA L.P., et al.,** | : | **Philadelphia CCP NO. 180302264** |
| | : | |
| **DEFENDANTS.** | : | |

## ORDER DENYING PRELIMINARY OBJECTIONS OF DEFENDANTS WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; AND ACTAVIS LLC.

AND NOW, this 4th day of Dec 2019, in consideration of the Preliminary Objections of Defendants Watson Laboratories, Inc.; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; and Actavis LLC to Plaintiff's First Amended Complaint and Plaintiff's Response in Opposition, and Defendants sur reply thereafter, and argument on September 5, 2019, **NOW, THEREFORE**, it is hereby **ORDERED** and **DECREED** as follows;

**LEGAL STANDARD**

Pennsylvania is a fact-pleading jurisdiction and, therefore, a complaint must provide notice of the nature of the Plaintiff's claims and also summarize the facts upon which the claims are based. *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. Ct. 2005). The material facts on which the cause of action is based should be "stated in a concise and summary form." Pa. R.C.P. 1019(a). But, "there is no requirement to plead the evidence upon which the pleader will rely to establish those facts." *Commonwealth ex rel. Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1029 (Pa. 2018) (citing *United Refrigerator Co. v. Applebaum*, 189 A.2d 253, 255 (Pa. 1963))). "Averments of fraud or mistake shall be averred with particularity," while "[m]alice, intent, knowledge, and other conditions of mind may be averred generally." Pa. R.C.P. 1019(b). The purpose of a complaint is to disclose material facts

sufficient to notify the adverse party of the claims it will have to defend against. *See Martin v. Lancaster Battery Co.*, 606 A.2d 444, 448 (Pa. 1992); *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 339 (Pa. 1971). To determine whether a claim has been pled with the required specificity, the allegations must be viewed in the context of the pleading as a whole. See *Yacoub v. Lehigh Valley Med. Assocs., P.C.*, 805 A.2d 579, 589 (Pa. Super. Ct. 2002) (en banc).

When considering preliminary objections, courts must accept as true all well pleaded allegations and any reasonable inferences drawn from those allegations. *See Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 8 A.3d 866, 884 (Pa. 2010). The question presented by a demurrer "is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).

## FINDINGS AND CONCLUSIONS

1. The September 14, 2018 Case Management Order No.1 ordered that the Carpenter's Plaintiff will be one of four "test cases" for Preliminary Objections and included Delaware County, Carbon County, (two counties/municipal plaintiffs) and the Commonwealth of Pennsylvania, acting by and through the District Attorney of Philadelphia.

2. This Court entertained extensive argument on September 5, 2019 on all outstanding Preliminary Objections pertaining to the Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Purdue Pharma, L.P., et. al., as captioned above.

3. The Amended Complaint sufficiently pleads all causes of actions.

4. The Amended Complaint puts the Defendants on sufficient notice to prepare a defense, sufficient to establish all claims on the basis of civil co-conspirator liability.

5. The Amended Complaint sufficiently pleads allegations of causation and a cognizable injury.

6. Presently the Court finds that the claims in the Amended Complaint are not preempted nor in conflict with any federal law duty.

7. The Defendants did not raise or plead any expressed, statutory, or regulatory specific exemptions, only alleged an expression of potential conflict preemption. The Plaintiff's causes of action at this time, if successful, may not become an obstacle to the purpose, and objectives with federal legislation and regulation.

8. Preemption does not bar Plaintiff's claims if established upon allegations of misleading, fraudulent and deceptive marketing, sales promotion, and an alleged distribution scheme and advertising that allegedly distorted and withheld information about their drugs in order to harm Plaintiff by convincing physicians, pharmacies, and individuals that their opioids, were safe and effective for the treatment of pain.

9. The Court further finds the Amended Complaint sufficiently provides Defendants with notice of the nature of the claims against them, and sufficiently summarizes the facts upon which the claims are based and properly alleges all causes of action.

10. As to all the various causes of action, the Court notes, at trial, the trial Judge will have an opportunity to reevaluate the sufficiency of the evidence as to each Defendant and nothing in this Order prevents the Court from granting judgment as a matter of law, if warranted.

The Courts findings as set forth above are limited to the standard of review required of Defendants'
Preliminary Objections, and the Court may review and further consider Motions for Summary Judgment, if and when they are timely and appropriately raised.

Therefore, for all the foregoing reasons, the Court hereby **DENIES** Defendants' Preliminary Objections in their entirety.

BY THE COURT:

_____
J./Barry C. Dozor

FILED
12-04-2019 05:20 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA**

| | | |
|---|---|---|
| COUNTY OF DELAWARE, PA | : | |
| | : | |
| PLAINTIFF, | : | CIVIL ACTION-LAW |
| | : | |
| v. | : | NO. CV-2017-008095 |
| | : | |
| PURDUE PHARMA L.P., et al., | : | |
| | : | |
| DEFENDANTS. | : | |
| | : | |

| | | |
|---|---|---|
| COUNTY OF CARBON, PA | : | |
| | : | |
| PLAINTIFF, | : | CIVIL ACTION-LAW |
| | : | |
| v. | : | NO. CV-2018-000990 (Carbon County) |
| | : | |
| PURDUE PHARMA L.P., et al., | : | |
| | : | |
| DEFENDANTS. | : | |
| | : | |

## ORDER DENYING PRELIMINARY OBJECTIONS OF MANUFACTURER AND DISTRIBUTOR DEFENDANTS

AND NOW, this _13_ day of _MArch_ 2020, in consideration of the Preliminary Objections of the Distributor and Manufacturer Defendants to Plaintiffs' First Amended Complaint, and Plaintiffs Responses in Opposition, and any reply thereto, and a hearing on November 15, 2019, with the following Defendants' Preliminary Objections are herein addressed herein:

- Johnson & Johnson;
- Jansen Pharmaceuticals, Inc;
- Ortho-McNeil – Jansen Pharmaceuticals, Inc;
- Par Pharmaceuticals, Teva, Cephalon;
- Actavis, Watson, Allergan, Mallinckrodt, Spec GX, Noroto;
- Amerisource Bergen Drug Corporation;
- Cardinal Health, Inc.;
- McKesson Corporation
- Anda Inc.
- Allergan PLC f/k/a Actavis PLC; Allergen Financial LLC f/k/a Actavis Inc. f/k/a Watson Pharmaceuticals;
- Watson Laboratories Inc.;
- Actavis LLC;

1

- Actavis Pharma, Inc.;
- H.D. Smith
- Walmart, Inc.;
- Rite Aid Corp. and Rite Aid of Maryland Inc.;
- Walgreen Co. and Walgreen Eastern Co.;
- CVS Pharmacy, Inc., CVS Indiana LLC, CVS Rx Services Inc., CVS TN Distribution, and Pennsylvania CVS Pharmacy LLC.

**NOW, THEREFORE**, it is hereby **ORDERED** and **DECREED** as follows;

## LEGAL STANDARD

Pennsylvania is a fact-pleading jurisdiction and, therefore, a complaint must provide notice of the nature of the Plaintiff's claims and also summarize the facts upon which the claims are based. *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. Ct. 2005). The material facts on which the cause of action is based should be "stated in a concise and summary form." Pa. R.C.P. 1019(a). But, "there is no requirement to plead the evidence upon which the pleader will rely to establish those facts." *Commonwealth ex rel. Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1029 (Pa. 2018) (citing *United Refrigerator Co. v. Applebaum*, 189 A.2d 253, 255 (Pa. 1963))). "Averments of fraud or mistake shall be averred with particularity," while "[m]alice, intent, knowledge, and other conditions of mind may be averred generally." Pa. R.C.P. 1019(b). The purpose of a complaint is to disclose material facts sufficient to notify the adverse party of the claims it will have to defend against. *See Martin v. Lancaster Battery Co.*, 606 A.2d 444, 448 (Pa. 1992); *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 339 (Pa. 1971). To determine whether a claim has been pled with the required specificity, the allegations must be viewed in the context of the pleading as a whole. See *Yacoub v. Lehigh Valley Med. Assocs., P.C.*, 805 A.2d 579, 589 (Pa. Super. Ct. 2002) (en banc).

When considering preliminary objections, Courts must accept as true all well pleaded allegations and any reasonable inferences drawn from those allegations. *See Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 8 A.3d 866, 884 (Pa. 2010). The question presented by a demurrer "is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).

## Findings and Conclusion

1. The September 14, 2018 Case Management Order No. 1 ordered that the Delaware County and Carbon County Plaintiffs be two of four "test cases" for Preliminary Objections. The Commonwealth of Pennsylvania, acting by and through the District Attorney of Philadelphia, and the Carpenters Health and Welfare Fund of Philadelphia and Vicinity are the remaining two "test" cases.

2

2. This Court entertained extensive argument on November 15, 2019 on all outstanding Preliminary Objections pertaining to Delaware County and Carbon County as captioned above. For sake of brevity, clarity, and economy, various Defendants consolidated Preliminary Objections, and/or incorporated other Defendants' Objections, and filed common memorandums, that require a comprehensive order referring to a myriad of Preliminary Objections.

3. The Plaintiffs' Complaint(s) allege negligent and negligent per-se conduct, unjust enrichment, fraud, public nuisance, UTPCPL claims and further detail an alleged civil conspiracy among Defendants to mislead the public and doctors by false and mispresented claims, negligent marketing, failing to effectively monitor and identify and report suspicious orders, and failing to adequately control the supply chain of opioid products and prevent diversion, causing damages related to incurred expenses, costs and services, health care costs and treatment, increased cost of all services, damages allegedly related to the Defendants' tortious and wrongful conduct, and damages related to opioid abuse and addiction. .

4. Manufacturer and Distributor Defendants, all intended to be referred to herein, raise some if not most, of the same legal doctrines, this Court previously denied when ruling on the same Defendants' Preliminary Objections in the two other coordinated cases, the Commonwealth of Pennsylvania, acting by and through the District Attorney of Philadelphia and Carpenters Health and Welfare Fund of Philadelphia and Vicinity cases. This Court still entertained further argument and consideration as new or distinguishable Preliminary Objections might warrant further review.

5. The Amended Complaints sufficiently place all Defendants on notice of the nature of all claims against them and sufficiently summarize the facts upon which these claims are based, including causes of action as a result of co-conspirator liability.

6. The Court further finds that the Amended Complaints adequately allege causation, proximate cause, damages, and conspiratory conduct and theories of liability.

7. The Court further finds that the question of proximate cause and causation is left to the finder of fact.

8. **Public Nuisance Claim:**
   a. The Plaintiffs assert common law public nuisance and civil conspiracy claims based on an alleged failure to maintain effective controls against diversion, as well as various other causes of action referred herein or addressed in prior Court Orders disposing of Preliminary Objections.
   b. The Defendants' Preliminary Objections, including the Distributor/Pharmacy Defendants, move to Dismiss the Counties public nuisance claims.
   c. The Amended Complaints sufficiently plead that the Plaintiff has suffered particular injury, damage and harm as the result of the alleged actions and conduct of the Defendants, and are entitled to plead claims for compensatory relief, restitution, restoration, costs and expenses.
   d. The Plaintiffs' alleged injury and loss are the unnecessary and excessive costs of services, prescriptions, expenses, treatment, medical services, costs of abating a public nuisance, incurred specifically and particularly by the Plaintiffs. This alleged separate, specific and particular loss and injury to the Plaintiffs are sufficient to provide standing to seek restitution, restoration and

3

   damages for injuries and costs directly caused by the public nuisance if Defendant(s) are proven to have caused and created the injury and damages.

    e. As a party that allegedly created a nuisance, that party, if proven by a preponderance of the evidence, may be legally obligated to abate the nuisance and provide for the reimbursement and restoration as to the costs of remediation and abatement. The recovery of abatement cost do not represent routine and customary municipal services, and are not precluded even where the Municipal Cost Recovery Doctrine otherwise may apply.

9. **Defendants' Derivative Injury Claim:**

    a. The Defendants plead that the "derivative injury rule," as they also refer to the "remoteness doctrine" prohibit the Plaintiffs' claims for lack of causation and because Defendants' acts stand too remote and distant to recover for an injury characterized as indirect.

    b. The Plaintiffs allege that it suffered a direct injury caused by the Defendants' conduct and actions, and that fact questions remain outstanding, requiring discovery and causation is left to the trier of facts.

    c. The Counties plead with clear notice to all Defendants that certain costs, expenses, and damages are directly sustained by the Counties as a result of the Defendants' wrongful conduct, both tortious, and fraudulent, and the violation of the law, and the question of proximate cause is left to the finder of fact.

    d. Foreseeability and direct injury (or remoteness) remains to be established by the finder of fact.

    e. Subject to Pre-Trial Motions in Limine that may identify specific costs, this Court find that the Counties may seek recovery of their direct costs and excess costs arising from the Defendants alleged wrongful conduct, pleaded to constitute a direct injury of which the Plaintiffs may seek recovery and the Preliminary Objections are denied.

    f. This Court finds that the Plaintiffs may seek recovery of their alleged direct and excess costs as they arise directly from the Plaintiffs' role as the entity that assumed and paid expenses and costs arising from the Defendants conduct and sustained the loss and financial injury. This burden of proof remains with the Plaintiffs. The proven costs that Plaintiffs incurred, arising directly from the Defendants alleged neglect and wrongful conduct, constitute a direct injury for which the Plaintiffs may seek recovery.

10. **Lacking standing to bring UTPCPL claims:**

    a. The UTPCPL establishes a cause of action for "any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act, or practice declared unlawful by Section 3 of this Act ..." 73 P.S. §§201-9.2.

    b. Distributor Defendants have asserted that the Counties lack standing to bring its UTPCPL claims because it is not a "person" within the meaning of the statute.

    c. As the term "person" is defined in the UTPCPL to include "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities." 73 P.S. §§201-2(2). The Plaintiffs are found to

be a "legal entity" or person in interest for purposes of receiving restoration or restitution on behalf of the government and taxpayers.

   d. Precedent confirms that a political subdivision (or county) is a "person in interest" for purposes of receiving restitution, even though it would not be a "person" for purposes of being sued. This proposition does not preclude a political subdivision, (or county), as a Plaintiff, to pursue restitution, recovery, or damages.

   e. Here, as in *Commonwealth v. Golden Gate National Senior Care LLC,* 194 A.3d 1010 (Pa. 2018), there are "obvious and compelling reasons' to treat government entities differently in circumstances where they are attempting to obtain restitution or restoration on behalf of the government and taxpayers, as opposed to situations in which they are claiming an immunity from liability to provide such relief." *Id.* at 1031. This applies with equal force when a County seeks to recover its own expenditures. This is especially true in light of the "long-recognized directive that the UTPCPL be construed liberally to achieve its objective of preventing fraud or unfair or deceptive business practices and leveling the playing field between businesses and consumers." *Id.* at 1034. There is no logical reason that a County should not be able to make use of this statute when it acts as a consumer of the Defendants' products merely because any alleged policies that underlie the statute do not extend to permitting recovery against a political subdivision.

**11. Pre-emption:**

   a. The Defendants raise various types of pre-emption to submit that the Plaintiffs claims for relief should be dismissed.

   b. This Court does not find any conflict with Federal or State regulations that would cause the Plaintiffs' Amended complaints be extinguished or dismissed.

   c. The Plaintiffs' allege far more than mere violation of Federal or State regulations, but assert various claims of traditional state tort law, negligence, false and misleading statements, false and fraudulent marketing, fraud and unjust enrichment and civil conspiracy; these actions stand entirely independent of the federal or state scheme for regulating prescription drugs and does not conflict with federal law.

**12. Municipal Cost Recovery Rule, or referred to by Defendants as the "Free Public Service Doctrine":**

   a. The Defendants argue that the damages being claimed are "traditionally" barred by the Municipal Cost Recovery Rule, which they contend prohibits a county government from recovering in tort damages for the costs of providing public services.

   b. The Defendants appear to concede that this Rule does not apply to the Counties' statutorily authorized claims (public nuisance and UTPCPL claims) but argue that the Counties' other claims are barred and should be dismissed.

   c. We are asked, that when a governmental authority, a county, or township, or borough, pleads with a burden to prove, that a Defendant's wrongful and negligent conduct, fraudulent or negligence per-se conduct was a factual cause in bringing about the harm and damages, the Plaintiffs' claims are simply

precluded under Pennsylvania law. If not, the Plaintiffs continue to have the burden of proving the extent of damages caused by the Defendants negligence and wrongful conduct.

    d. The Plaintiffs' allege a continuous and repeated wrongful conduct, conduct allegedly rising to the level of fraud and a pattern of conduct that created a great public nuisance and expense. The Plaintiffs argue that the application of the Defendants' argument would be to wrongfully shield an intentional tortfeasor from liability and unjustifiably favors tortfeasors who harm governmental municipal authorities.

    e. This Court finds that this Rule, or proposition of authority does not bar recovery for county/municipality expenses incurred to remedy an alleged public harm caused by an alleged actor, and/or intentional tortfeasor, and claims relating to alleged continuous and repeated wrongful and tortious conduct.

    f. Claims for compensatory relief, restitution, and restoration are not precluded, and Preliminary Objections are dismissed thereto.

    g. And finally, this doctrine is entirely inapplicable to claims for the costs of abating a public nuisance and statutorily authorized claims.

**13. Statute of Limitations:**

Various Defendants assert the longest possible statute of limitations of four (4) years, would bar any claims based on opioid manufacture or distribution.

Upon the completion of discovery, and by way of Pretrial Motions and/or Motions in Limine, the term of the various causes of action will be determined.

No Statute of Limitations applies to public nuisance claims or to conspiracy claims thereof.

**14. Certificate of Merit:**

    a. This Court has found that Plaintiffs' are not asserting any professional negligence claims against any pharmacist. Prior Court Orders dated December 26, 2019 and January 8, 2020, found that a Certificate of Merit is not required.

    b. The Plaintiffs' allege that the tortious conduct and business practices utilized as retailers contributed to the violations of the Distributor/Retail Defendants' duties and the diversion of opioids. All of these allegations arise from alleged business policies, business management, business practices, actions and inactions of Defendants, and do not allege professional negligence on the part of individual pharmacists, nor professional malpractice, nor medical treatment to a patient.

    c. The Defendants are granted leave of Court to file, if any, appropriate Motions in Limine, in advance of trial, to limit testimony regarding any proffered evidence regarding professional standards and practices

**15.** Again, with the Court limited to the standard for reviewing Preliminary Objections, the Amended Complaints provide notice and sufficiently states claim(s) for all causes of action, including negligence, negligence per-se, public nuisance, unjust enrichment, fraud, and civil conspiracy and UTPCPL violations.

**16.** As to all the various causes of action, the Court notes, every individual Defendant, and their alleged conduct, is distinct from each other, and upon the close of discovery, or at trial, the trial Judge will have an opportunity to re-evaluate the sufficiency of the

evidence as to each Defendant and nothing in this Order prevents the Court from granting judgment as a matter of law, if warranted.

This Courts' findings as set forth above are limited to the standard required for the Courts' review of the Preliminary Objections, and are not dispositive of Motions for Summary Judgment that may or may not be approved upon the completion of discovery.

For all the foreby reasons the Distributor and Manufacturer Defendants' Preliminary Objections to the Amended Complaints are DENIED in their entirety.

BY THE COURT:

_____
J. Barry C. Dozor

FILED
03-14-2020 10:19 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| COUNTY OF DELAWARE, PA | : | |
| PLAINTIFF, | : | CIVIL ACTION-LAW |
| | : | |
| v. | : | NO. CV-2017-008095 |
| | : | |
| PURDUE PHARMA L.P., et al., | : | |
| | : | |
| DEFENDANTS. | : | |

| | | |
|---|---|---|
| COUNTY OF CARBON, PA | : | |
| PLAINTIFF, | : | CIVIL ACTION-LAW |
| | : | |
| v. | : | NO. CV-2018-000990 (Carbon County) |
| | : | |
| PURDUE PHARMA L.P., et al., | : | |
| | : | |
| DEFENDANTS. | : | |

## ORDER DENYING PRELIMINARY OBJECTIONS OF PHARMACY DEFENDANTS: WALMART, INC., RITE AID CORP., RITE AID OF MARYLAND INC., WALGREEN CO., WALGREEN EASTERN CO., AND CVS[1]

AND NOW, this _13_ day of _MArch_ 2020, in consideration of the Preliminary Objections of the Pharmacy Defendants' to Plaintiffs'[2] First Amended Complaint, and Plaintiff's Response in Opposition, and any reply thereto, and a hearing on November 15, 2019, NOW, THEREFORE, it is hereby ORDERED and DECREED as follows:

## LEGAL STANDARD

Pennsylvania is a fact-pleading jurisdiction and, therefore, a complaint must provide notice of the nature of the Plaintiff's claims and also summarize the facts upon which the claims are based. *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. Ct. 2005). The material facts on which the cause of action is based should be "stated in a concise and summary form." Pa. R.C.P. 1019(a). But, "there is no requirement to plead the evidence upon which the pleader will rely to establish those facts." *Commonwealth ex rel. Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1029 (Pa. 2018) (citing *United Refrigerator Co. v.*

---

[1] CVS Pharmacy, Inc., CVS Indiana LLC, CVS Rx Services Inc., CVS TN Distribution LLC, and Pennsylvania CVS Pharmacy, LLC.
[2] Delaware County v. Purdue Pharma L.P., et al. NO. 2017-008095 and County of Carbon, Pennsylvania v. Purdue Pharma L.P., et al. NO. 2018-000990

*Applebaum*, 189 A.2d 253, 255 (Pa. 1963))). "Averments of fraud or mistake shall be averred with particularity," while "[m]alice, intent, knowledge, and other conditions of mind may be averred generally." Pa. R.C.P. 1019(b). The purpose of a complaint is to disclose material facts sufficient to notify the adverse party of the claims it will have to defend against. *See Martin v. Lancaster Battery Co.*, 606 A.2d 444, 448 (Pa. 1992); *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 339 (Pa. 1971). To determine whether a claim has been pled with the required specificity, the allegations must be viewed in the context of the pleading as a whole. See *Yacoub v. Lehigh Valley Med. Assocs., P.C.*, 805 A.2d 579, 589 (Pa. Super. Ct. 2002) (en banc).

When considering preliminary objections, Courts must accept as true all well pleaded allegations and any reasonable inferences drawn from those allegations. *See Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 8 A.3d 866, 884 (Pa. 2010). The question presented by a demurrer "is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).

**Findings and Conclusion**

1. Plaintiffs brings claims against Pharmacy Defendants; Walmart Inc., Rite Aid Corp., Rite Aid of Maryland, Inc., Walgreen Co., Walgreen Eastern Co., CVS Pharmacy, Inc.; CVS Indiana, LLC; CVS Rx Services, Inc.; CVS TN Distribution, LLC; and Pennsylvania CVS Pharmacy, LLC ("CVS Defendants"[3] or "CVS") as both distributors and retailers of dangerous drugs under the Pennsylvania Controlled Substances Drug Device Cosmetic Act ("PACSA", 35 PS. § 780-101 *et seq*), the Pennsylvania Wholesale Prescription Drug Distributors License Act, ("WPDDLA") 63 Ps. § 391.1 et seq, and the Federal Controlled Substances Act, ("CSA"), 21 U.S.C. §§ 821-23 *et seq*. The Amended Complaints specifically allege that the Pharmacy Defendants owed Plaintiffs' duties as both distributors and retailers based on statutory and common law.

2. The Plaintiffs allege that the Pharmacy Defendants violated these duties by 1) failing to monitor and report suspicious orders and control the supply of prescription opioids to Plaintiffs' members and beneficiaries; and 2) entering into an unlawful conspiracy with other Distributors and Manufacturers designed to harm the Plaintiffs and generate massive profits for Defendants.

3. Plaintiffs aver that injuries are directly related to the costs of unnecessary and excessive prescriptions, which it would not have paid for but for the Pharmacy Defendants' actions, and the costs of addiction treatment, emergency and social services that have resulted from the Pharmacy Defendants' actions. Plaintiffs' Amended Complaints are premised upon the Pharmacy Defendants' violations of

---

[3] By way of Stipulation, and Order of October 1, 2019, CVS Health Corporation ("CVS Health"), was dismissed with regards to Carbon County, PA (CV-2018-000990) case, and CVS Health Corporation Preliminary Objections are thereby moot. The following parties were substituted for CVS Health Corporation: CVS Pharmacy, Inc.; CVS Indiana, LLC.; CVS Rx Services, Inc.; and CVS TN Distribution LLC. Pennsylvania CVS Pharmacy, LLC is also a named party.

their statutory and common law duties as distributors and retailers of prescription opioids.

4. The September 14, 2018 Case Management Order No. 1 ordered that the Delaware County and Carbon County Plaintiffs be two of four "test cases" for Preliminary Objections.

5. This Court entertained extensive argument on November 15, 2019 on all outstanding Preliminary Objections pertaining to Delaware County and Carbon County, as captioned above.

6. **(A)** The Amended Complaints bring claims against Pharmacy Defendants as both distributors and retailers. As distributors of opioids, Plaintiffs plead that Pharmacy Defendants have allegedly violated their duties to monitor, report, and halt suspicious orders and to prevent diversion. As a retailer of opioids, Plaintiffs further avers that Pharmacy Defendants have allegedly violated its duties to act with a reasonable standard of care in the sale of these inherently dangerous prescription drugs. These alleged violations are the basis of the claims against them as retailers and are properly alleged in the Amended Complaints.

   **(B)** The Amended Complaints allege that the Pharmacy Defendants were "aware of the oversupply of prescription opioids through the extensive data and information they developed and maintained as both distributors and dispensaries. Plaintiffs allege that the pharmacies had a duty, separate and apart from the Distributors, to provide effective controls and procedures to guard against diversion. Plaintiffs also allege that the Pharmacy Defendants distributed and dispensed substantial quantities of opioids that were diverted. Plaintiffs further allege that the Pharmacy Defendants ignored signs at the retail pharmacy level that they knew or should have known were indicative of diversion.

   **(C)** The Amended Complaints also specifically allege that the business practices, metrics, quotas, and bonus structures that the Pharmacy Defendants utilized for purposes of retailing opioids contributed to the violations of their duties and the diversion of opioids. All of these allegations arise from the negligence of the pharmacies themselves, they do not allege professional negligence on the part of individual pharmacists.

7. **DEFENDANT'S PREEMPTION CLAIMS:**

   **(A)** The Defendants' file Preliminary Objections on the issue of Federal Preemption of state law claims, arguing that Plaintiffs' outstanding claims are preempted because they conflict with regulations and decisions of Federal and State Agencies and regulators, including the Food and Drug Administration (FDA). The Federal and State Legislation promulgates a standard of care from which the Plaintiffs' allege the Defendants have deviated, giving rise to Plaintiffs' common law claims. The Defendants did not raise or plead any expressed or statutory or regulatory specific exemptions, only an expression of potential conflict preemption.

   **(B)** The Plaintiffs' causes of action, if successful, do not thereafter become an obstacle to the accomplishment and expression of the purposes and objects of any Federal or State Legislation and regulations.

    **(C)** This Court further finds that State Pharmacy Licensing regulations do not preempt or supersede common law principles of negligence, and the burden of proof of Plaintiffs' various causes of action remains with Plaintiffs.

    **(D)** The Plaintiffs' causes of action and allegations thereto, do not challenge state licensing and regulations, and FDA approved labeling and preemption does not bar Plaintiffs' claims founded upon allegations of misleading or fraudulent business practices and deceptive marketing, sales, distribution, and advertising activities that allegedly distorted and withheld information about their drugs in order to harm Plaintiffs, and further alleges inadequate monitoring and anti-diversion activities.

8. **CERTIFICATE OF MERIT:**

    **(A)** Defendants assert that the Plaintiffs' claims are sound in professional negligence and a Certificate of Merit is required. This Court by Orders found that a "Certificate of Merit" is not required (see 12/26/19 and 1/8/2020 dated Orders) and disposed of this assertion.

    **(B)** This Court finds that Plaintiffs' allegations arise from the alleged negligence of the business practices, systems, policies, and common law duties of the pharmacies themselves, and Plaintiffs' do not allege professional negligence on the part of individual pharmacies.

    **(C)** The Plaintiffs' allegations of ordinary negligence by Retail Pharmacies, not the dispensing practices of individual pharmacists, are the foundation of Plaintiffs' claims, including the business and management practices, record keeping, corporation policies, plus a list of actions pled.

9. The Plaintiffs' Amended Complaints allege negligent conduct and further details a conspiracy among Defendants to mislead the public and doctors by false and misrepresented claims, negligent marketing, failing to effectively monitor and identify and report suspicious orders, and failing to adequately control the supply chain of opioid products and prevent diversion, causing damages related to health care costs, increased cost of workers' compensation claims, damages related to lost productivity, and damages related to opioid abuse and addiction.

10. The Amended Complaints sufficiently state all claims against the Defendants.

11. Plaintiffs' Amended Complaints allege and detail a conspiracy among Defendants and sufficiently states all claims against the Defendants.

12. The Plaintiffs sufficiently pleads damages alleged in the Amended Complaints directly suffered by Plaintiffs.

13. The Court further finds that the question of proximate causation is left to the finder of fact.

14. The Court further finds that the Amended Complaints adequately allege causation, causing effect, proximate cause, damages, and conspiratory conduct and liability.

15. Again, with the Court limited to the standard for reviewing Preliminary Objections, the Amended Complaints provide notice and sufficiently state a claim(s) for all causes of action, including negligence, negligence per se, public nuisance, unjust enrichment, fraud, and civil conspiracy.

16. As to all the various causes of action, the Court notes, at trial, the trial Judge will have an opportunity to re-evaluate the sufficiency of the evidence as to each Defendant and

nothing in this Order prevents the Court from granting judgment as a matter of law, if warranted.

This Courts' findings as set forth above are limited to the standard required for the Courts' review of the Preliminary Objections, and are not dispositive of Motions for Summary Judgment that may or may not be approved upon the completion of discovery.

For all foreby reasons the Pharmacy Defendants' Preliminary Objections to the Delaware County and Carbon County Amended Complaints all captioned above, are **DENIED** in their entirety.

BY THE COURT:

_____

J. Barry C. Dozor

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| COUNTY OF DELAWARE, PA | : | |
| PLAINTIFF, | : | CIVIL ACTION-LAW |
| | : | |
| v. | : | NO. CV-2017-008095 |
| | : | |
| PURDUE PHARMA L.P., et al., | : | |
| | : | |
| DEFENDANTS. | : | |
| | : | |
| Carpenters Health and Welfare Fund of Philadelphia and Vicinity | : | |
| | : | CIVIL ACTION-LAW |
| PLAINTIFF, | : | |
| | : | NO. CV-2017-008095 (Consolidated) |
| v. | : | NO. CV-2018-008920 |
| | : | |
| PURDUE PHARMA L.P., et al., | : | Philadelphia CCP NO. 180302264 |
| | : | |
| DEFENDANTS. | : | |

**ORDER DENYING PRELIMINARY OBJECTIONS OF CVS DEFENDANTS[1]**

AND NOW, this __13__ day of __mArch__ 2020, in consideration of the Preliminary Objections of the CVS Defendants' to Plaintiff's First Amended Complaint, and Plaintiff's Response in Opposition, and any reply thereto, and a hearing on November 15, 2019, **NOW, THEREFORE**, it is hereby **ORDERED** and **DECREED** as follows;

**LEGAL STANDARD**

Pennsylvania is a fact-pleading jurisdiction and, therefore, a complaint must provide notice of the nature of the Plaintiff's claims and also summarize the facts upon which the claims are based. *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. Ct. 2005). The material facts on which the cause of action is based should be "stated in a concise and summary form." Pa. R.C.P. 1019(a). But, "there is no requirement to plead the evidence upon which the pleader will rely to establish those facts." *Commonwealth ex rel. Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1029 (Pa. 2018) (citing *United Refrigerator Co. v. Applebaum*, 189 A.2d 253, 255 (Pa. 1963))). "Averments of fraud or mistake shall be averred with particularity," while "[m]alice, intent, knowledge, and other conditions of mind may be averred generally." Pa. R.C.P. 1019(b). The purpose of a complaint is to disclose material facts sufficient to notify the adverse party of the claims it will have to defend against. *See Martin v.*

---

[1] CVS Pharmacy, Inc., CVS Indiana LLC, CVS Rx Services Inc., CVS TN Distribution, and Pennsylvania CVS Pharmacy, LLC.

*Lancaster Battery Co.*, 606 A.2d 444, 448 (Pa. 1992); *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 339 (Pa. 1971). To determine whether a claim has been pled with the required specificity, the allegations must be viewed in the context of the pleading as a whole. See *Yacoub v. Lehigh Valley Med. Assocs., P.C.*, 805 A.2d 579, 589 (Pa. Super. Ct. 2002) (en banc).

When considering preliminary objections, Courts must accept as true all well pleaded allegations and any reasonable inferences drawn from those allegations. *See Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 8 A.3d 866, 884 (Pa. 2010). The question presented by a demurrer "is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).

## Findings and Conclusion

1. The September 14, 2018 Case Management Order No. 1 ordered that the Carpenter's Plaintiff be one of four "test cases" for Preliminary Objections and included Delaware County, Carbon County, (two counties/municipal plaintiffs) and the Commonwealth of Pennsylvania, acting by and through the District Attorney of Philadelphia.

2. This Court entertained extensive argument on November 15, 2019 on the outstanding Preliminary Objections pertaining to the Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Purdue Pharma, L.P., et. al., as captioned above.

3. This Court had on September 5, 2019 conducted oral argument on numerous Co-Defendant Manufacturers, Distributors and Retailers' Preliminary Objections to the Carpenters' First Amended Complaint.

4. This Court on December 4, 2019 entered an Order disposing of the Co-Defendants Preliminary Objections.

5. The CVS Defendants had been served after original process had been completed on Co-Defendants and argument on these CVS Preliminary Objections was conducted for November 15, 2019.

6. Plaintiff brings claims against CVS Defendants as both distributors and retailers of dangerous drugs under the Pennsylvania Controlled Substances Drug Device Cosmetic Act ("PACSA"), 35 Ps. § 780-101 et seq., the Pennsylvania Wholesale Prescription Drug Distributors License Act, ("WPDDLA") 63 Pa. § 391.1 et seq, and the Federal Controlled Substances Act, ("CSA"), 21 U.S.C. §§ 821-23 et seq. The Amended Complaint specifically alleges that the CVS Defendants owed Plaintiff duties as both distributors and retailers based on statutory and common law.

7. The Plaintiff allege that the CVS Defendants violated these duties by 1) failing to monitor and report suspicious orders and control the supply of prescription opioids to Plaintiff's members and beneficiaries; and 2) entering into an unlawful conspiracy with other Distributors and Manufacturers designed to harm the Plaintiff and generate massive profits for Defendants.

8. Plaintiff's aver that injuries are directly related to the costs of unnecessary prescriptions, which it would not have paid for but for the CVS Defendants' actions, and the costs of addiction, treatment, emergency and social services that have resulted from the CVS Defendants' actions. Plaintiff's Amended Complaint is premised upon

the CVS Defendants' violations of their statutory and common law duties as distributors and retailers of prescription opioids.

9. The Plaintiff's Amended Complaint alleges negligent conduct and further details a conspiracy among Defendants to mislead the public and doctors by false and mispresented claims, negligent marketing, failing to effectively monitor and identify and report suspicious orders, and failing to adequately control the supply chain of opioid products and prevent diversion, causing damages related to health care costs, increased cost of workers' compensation claims, damages related to lost productivity, and damages related to opioid abuse and addiction.

10. The Amended Complaint sufficiently states all claims against the CVS Defendants.

11. Plaintiff's Amended Complaint alleges and sufficiently details a conspiracy among Defendants.

12. The Plaintiff sufficiently pleads damages alleged in the Amended Complaint and directly suffered by Plaintiff.

13. The Court further finds that the question of proximate causation is left to the finder of fact.

14. The Court further finds that the Amended Complaint adequately alleges causation, causing effect, proximate cause, damages, and conspiratory conduct and liability.

15. **DEFENDANT'S PREEMPTION CLAIMS:**

   (A) The Defendants' file Preliminary Objections on the issue of Federal Preemption of state law claims, arguing that Plaintiffs' outstanding claims are preempted because they conflict with regulations and decisions of Federal and State Agencies and regulators, including the Food and Drug Administration (FDA). The Federal and State Legislation promulgates a standard of care from which the Plaintiffs' allege the Defendants have deviated, giving rise to Plaintiffs' common law claims. The Defendants did not raise or plead any statutory or regulatory specific exemptions, only an expression of potential conflict preemption.

   (B) The Plaintiffs' causes of Action, if successful, do not thereafter become an obstacle to the accomplishment and expression of the purposes and objects of any Federal or State Legislation and regulations.

   (C) This Court further finds that State Pharmacy Licensing regulations do not preempt or supersede common law principles of negligence, and the burden of proof of Plaintiffs' various causes of action remain with Plaintiffs.

   (D) The Plaintiffs' causes of action and allegations thereto, do not challenge state licensing and regulations, and FDA approved labeling and preemption does not bar Plaintiffs' claims founded upon allegations of misleading or fraudulent business practices and deceptive marketing, sales, distribution, and advertising activities that allegedly distorted and withheld information about their drugs in order to harm Plaintiffs, and further alleges inadequate monitoring and anti-diversion activities.

16. **DEFENDANTS' DERIVATIVE INJURY CLAIM:**

   (A) As this Plaintiff is a Third-Party Payor, seeking healthcare and other costs and expenses, the Defendant(s) plead that the "derivative injury rule", as they also refer to the "remoteness doctrine" prohibit the Plaintiff's claims because Defendants' acts stand too remote and distant to recover for an injury characterized as indirect.

(B) The Plaintiff Fund alleges that it suffered a direct injury caused by the Defendants' conduct and actions, and fact questions remain outstanding, requiring discovery, and reviewed by the trier of facts.

(C) This Court finds that the Plaintiff may seek recovery for their alleged direct costs of prescription medications as they arise directly from the Plaintiff's role as the business entity that paid for the drugs.

17. Again, with the Court limited to the standard for reviewing Preliminary Objections, the Amended Complaint provides notice and sufficiently states a claim(s) for all causes of action, including negligence, negligence per se, public nuisance, unjust enrichment, fraud, and civil conspiracy.

18. As to all the various causes of action, the Court notes, at trial, the trial Judge will have an opportunity to reevaluate the sufficiency of the evidence as to each Defendant and nothing in this Order prevents the Court from granting judgment as a matter of law, if warranted.

This Courts' findings as set forth above are limited to the standard required for the Courts' review of the Preliminary Objections, and are not dispositive of Motions for Summary Judgment that may or may not be approved upon the completion of discovery.

For all foreby reasons the CVS Defendants' Preliminary Objections to the Amended Complaint are **DENIED** in their entirety.

BY THE COURT:

J. Barry C. Dozor