```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

**THE CITY OF HUNTINGTON,**

**Plaintiff,**

**v.**                                   Civil Action No. 3:17-01362

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

**Defendants.**

**v.**                                   Civil Action No. 3:17-01665

**CABELL COUNTY COMMISSION,**

**Plaintiff,**

**v.**

**AMERISOURCEBERGEN DRUG
CORPORATION, et al.,**

**Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion for summary judgment on the ground that plaintiffs cannot prove the "fault" element of their public nuisance claim.  (ECF No. 1007.)  For the reasons that follow, the motion is **DENIED**.

Plaintiffs proceed in this case on a single cause of action:  public nuisance.  This motion argues that plaintiffs' claim fails on what defendants term the "fault" element.  Defendants derive this element from comment e to section 821B of

the Restatement (Second) of Torts, which they interpret to require (1) intent to cause the harm alleged, (2) recklessness, or (3) negligence.[1]  Without culpable conduct meeting one of these standards, say defendants, there is no public nuisance under West Virginia law.  Defendants further say that all culpability paths are foreclosed here:  Intentional acts, because there is no evidence that defendants "intended to cause the opioid crisis or knew that their alleged conduct would cause a crisis of opioid use," (ECF No. 1007-3, at 3); negligence and recklessness, because the violations of state and federal law that plaintiffs allege either did not occur or cannot form the basis for claims of negligence or recklessness.

Plaintiffs say that the motion's premise—that they must prove intentional, reckless, or negligent conduct—is incorrect. Plaintiffs say that defendants' reliance on comment e is misplaced because that comment "simply describe[es] the development of public nuisance law generally."  (ECF No. 1075, at 2.)  Plaintiffs acknowledge that they have to prove the unreasonableness of the alleged conduct, but suggest that this element is broader than defendant's "fault" element and includes

---

[1] In their reply brief, defendants quote the following excerpt from comment e:  "[T]he defendant is held liable for a public nuisance if his interference with the public right was intentional or was unintentional and otherwise actionable under the principles controlling liability for negligent or reckless conduct or for abnormally dangerous activities."

an additional category: unlawful conduct. Because the motion fails to establish reasonableness of the alleged conduct as a matter of law, conclude plaintiffs, the motion fails. Alternatively, plaintiffs say that there are triable issues of fact as to whether the alleged conduct was intentional.

I.  **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The moving party has the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial. Id. at 322. This is so because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once there is a proper challenge to the sufficiency of the nonmoving party's evidence on an essential element, the burden shifts to the nonmoving party to produce sufficient evidence for

3

a jury to return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Id. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-51. All reasonable inferences are to be drawn in the nonmoving party's favor. See id. at 255.

## II. Discussion

Defendants have not established that there is a "fault" element (in the way they describe it) of a public nuisance claim under West Virginia law. Their attempt to do so relies on (1) case law stating that West Virginia generally follows the Restatement (Second) of Torts and (2) comment e of § 821B of the Restatement. The only West Virginia case that defendants cite to show the application of comment e in West Virginia, Hendricks v. Stalnaker, 380 S.E.2d 198 (W. Va. 1989), does not support their argument.

Hendricks was a battle between a water well and a septic system. Id. at 199-200. The well won. Id. at 202-03. The opinion does not support defendants' statement of the rule. For

4

one thing, Hendricks was a private nuisance case.  As defendants point out, the opinion does say that "[t]he definition of private nuisance includes conduct that is intentional and unreasonable, negligent or reckless, or that results in an abnormally dangerous conditions or activities in an inappropriate place."  Id. at 200 (emphasis added).  But shortly thereafter, it says, "In the area of public nuisance, we have made explicit that an examination of the 'reasonableness or unreasonableness of the use of property in relation to the particular locality' is a fair test to determine the existence of a public nuisance."  Id. at 201 (emphasis added) (quoting Syl. Pt. 5, Sharon Steel Corp. v. City of Fairmont, 334 S.E.2d 616 (W. Va. 1985)).  Even in the context of a private nuisance case, "[t]he critical question [was] whether the interference, the installation of a water well, was unreasonable."  Id. at 202.

Moreover, the Hendricks opinion contradicts defendants' definition of intentional conduct.  Defendants argue that intent, in this context, means intent to create the alleged harms resulting from the alleged oversupply of prescription opioids.  (See ECF No. 1007-3, at 3-4 (arguing that plaintiffs must prove that defendants "intended to cause the opioid crisis").)  Hendricks, however, noted that it was sufficient to show that the defendant intentionally dug the well with no *mens*

5

*rea*: "The record indicates that the installation of the water well <u>was intentional</u>, but there was no evidence that the installation was done so as maliciously to deprive the Hendrickses of a septic system." <u>Id.</u> at 202.  The defendant just wanted to make sure he had enough water.  <u>Id.</u>

The court agrees with plaintiffs that because defendants' motion does not establish the reasonableness of defendants' conduct, the motion should be denied.  Even assuming that there is a culpability ("fault") element in the public nuisance context that requires one of the three levels of culpability that defendants describe, the motion still should be denied because there are disputed issues of material fact about whether defendants' conduct was intentional.[2]

### III. Conclusion

For the reasons expressed above, defendants' motion for summary judgment (ECF No. 1007) is **DENIED**.

---

[2] The court need not reach plaintiffs' argument that unlawful conduct is a separate culpability category and that the alleged violations of state and federal laws relating to drug distribution are sufficient to ground such a claim.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to those counsel of record who have registered to receive an electronic NEF.

**IT IS SO ORDERED** this 29th day of April, 2021.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge