APPENDIX A

**Designated Topics for Rule 30(b)(6) Deposition of Nathan Hartle**

| Notice | Topic No. | Topic (As Noticed) | Topic (As Limited By McKesson's Response) |
|---|---|---|---|
| MDL Plaintiffs' First Notice of Deposition Pursuant to Rule 30(b)(6) (**Exhibit 1**) | N/A | "Your duty and the basis of said duty, relating to the "maintenance of effective control against diversion" (21 USC §823) and/or your duty and the basis of said duty to design and operate a system to disclose suspicious orders of controlled substances pursuant to 21 CFR 1301.74(b) including, but not limited to:<br>a. Your past/present suspicious orders monitoring system, SOMS program, policies and procedures;<br>b. Your past/present "Know Your Customer" program, policies and procedures;<br>c. Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law;<br>d. Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017);<br>e. How Your interpretation and compliance with the Reporting Requirement has changed over time;<br>f. How Your interpretation and compliance with the Shipping Requirement has changed over time;<br>g. Whether You historically shipped suspicious orders without reporting and/or conducting due diligence prior to Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017);<br>h. Your past/present policies and procedures related t to due diligence following the detection of a suspicious order:<br>i. Your past/present policy, procedures, standards and metrics used to identify orders | "Subject to and without waiving these objections, McKesson responds that it will designate a witness to testify with regard to relevant non-privileged information concerning McKesson's Controlled Substance Monitoring Program, including policies and procedures relating to that program." Defendant McKesson Corporation's Objections and Responses to Plaintiffs' First and Second Notices of Deposition Pursuant to Rule 30(b)(6) at 8 (**Exhibit 4**). |

| | | | |
|---|---|---|---|
| | | of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency;<br>j. How Your policy, procedures, standards and metrics used to identify suspicious orders has changed over time;<br>k. Your policies, procedures, standards and metrics used to set and/or alter thresholds; and<br>l. Your policies and procedures used to perform due diligence related tonew and existing buyers of controlled substances;<br>m. Your past/present programs, policies and procedures relating to "maintenance of effective controls against diversion" (21 USC§ 823);<br>n. Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017);<br>o. The identity of any consultant or other third party retained to assist you in the 'maintenance of effective controls against diversion' (21 USC § 823) or in meeting your obligations to design and operate a system to disclose suspicious orders of controlled substances pursuant to 21 CFR 1301.74(b)"  Ex. 1 at 6-7. | |
| MDL Plaintiffs' Second Notice of Deposition Pursuant to Rule 30(b)(6) (**Exhibit 2**) | 9 | "The scope of data you obtained about each pharmacy in a CT1 jurisdiction from internal sources or external sources (e.g., IMS Health, QuintileslMS, IQVIA, Pharmaceutical Data Services, Source Healthcare Analytics, NOS Health Information Services, Verispan, Quintiles, SDI Health, Arclight, Scriptline, Wolters Kluwer, PRA Health Science, Value Centric and/or other data mining vendor) related to the pharmacy's purchase of controlled substances from any source."  Ex. 2 at 7. | "Subject to and without waiving these objections, McKesson will designate a witness to testify with regard to this topic to the extent that it seeks relevant, non-privileged information."  Ex. 5 at 15–16. |

| | | | |
|---|---|---|---|
| MDL Plaintiffs' Second Notice | 14 | "The volume, manufacturer, type, size, dosage, buyer and date of each order of prescription opiate sold into the CT1 jurisdictions from 1995 to the present." Ex. 2 at 8. | "Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, nonprivileged information about shipments of opioids to customers in Cuyahoga and Summit Counties and transaction data produced by McKesson in this proceeding." Ex. 5 at 19. |
| MDL Plaintiffs' Second Notice | 16 | "Each suspicious order you received between January 1, 1995 to the present arising out of the CT1 jurisdictions and whether each was declined, shipped and/or reported as well as the due diligence performed arising out of each suspicious order reported to the DEA." Ex. 2 at 9. | "Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, nonprivileged information about blocked orders and reporting of suspicious orders for opioids ordered by customers in Cuyahoga and Summit Counties and related data produced by McKesson in this proceeding." Ex. 5 at 20. |
| MDL Plaintiffs' Second Notice | 17 | "Whether you have conducted any retrospective analysis of past orders of controlled substances arising from a buyer in a CT1 jurisdiction to identify unreported and/or undetected 'suspicious orders' and the results of the same." Ex. 2 at 9. | "Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, nonprivileged |

| | | | |
|---|---|---|---|
| | | | information relating to any retrospective analysis of past orders of opioids by customers in Cuyahoga and Summit Counties." Ex. 5 at 21. |
| MDL Plaintiffs' Second Notice | 18 | "Each application for, and/or change of, any threshold for prescription opiates in a CT1 jurisdiction." Ex. 2 at 9. | "Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, nonprivileged information relating to applications for threshold changes and threshold changes for orders of opioids by customers in Cuyahoga and Summit Counties." Ex. 5 at 22. |
| MDL Plaintiffs' Second Notice | 19 | "Each order of a prescription opiate from an online pharmacy in the United States from 1995 to the present and whether each was declined, shipped and/or reported as well as the due diligence performed arising out of each suspicious order reported to the DEA." Ex. 2 at 9. | "Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, non-privileged information relating to whether it shipped opioids to any Internet Pharmacy in Cuyahoga County or Summit County." Ex. 5 at 23. |
| MDL Plaintiffs' Second Notice | 20 | "Whether you failed to detect suspicious orders arising out of the CT1 jurisdictions." Ex. 2 at 9. | "Subject to and without waiving these objections, McKesson will designate a witness to testify generally with |

| | | | |
|---|---|---|---|
| | | | regard to relevant, non- privileged information about blocked orders and reporting of suspicious orders for opioids ordered by customers in Cuyahoga and Summit Counties." Ex. 5 at 23–24. |
| MDL Plaintiffs' Second Notice | 21 | "Whether you failed to report suspicious orders to the DEA arising out of the CT1 jurisdictions." Ex. 2 at 9. | "Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, nonprivileged information about blocked orders and reporting of suspicious orders for opioids ordered by customers in Cuyahoga and Summit Counties." Ex. 5 at 24. |
| MDL Plaintiffs' Second Notice | 22 | "Whether you shipped suspicious orders to buyers in the CT1 jurisdictions without conducting due diligence." Ex. 2 at 9. | "Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, nonprivileged information about shipments of opioids to customers in Cuyahoga and Summit Counties and diligence conducted in connection with those customers." Ex. 5 at 24. |