Exhibit 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE NATIONAL PRESCRIPTION
OPIATE LITIGATION

This document relates to:

*All Cases.*

MDL No. 2804

Case No. 17-MD-2804

Judge Dan Aaron Polster

### DEFENDANT MCKESSON CORPORATION'S OBJECTIONS
### AND RESPONSES TO PLAINTIFFS' FIRST AND
### <u>SECOND NOTICES OF DEPOSITION PURSUANT TO RULE 30(b)(6)</u>

In accordance with Federal Rules of Civil Procedure 26 and 30, the Local Rules of the

Northern District of Ohio, and Case Management Orders 1, 2, and 3 (Docket Nos. 232, 441, and

443) entered in this proceeding, Defendant McKesson Corporation ("McKesson") hereby

responds objects and responds to Plaintiffs' First and Second Notices of Deposition Pursuant to

Rule 30(b)(6) and Document Requests Pursuant to Rule 30(b)(2) and Rule 34 (the "Requests")

### <u>GENERAL OBJECTIONS</u>

1.      To the extent that McKesson designates witnesses to testify and provides

testimony in response to the first and second notices, it does so solely for the purpose of this

multidistrict litigation.  Moreover, by responding to the notices and providing testimony in

response to topics in the notices, Tessera does not waive any objections that it may have to the

admission into evidence of these responses or any testimony provided in response to the notices

on any applicable grounds.

2.      McKesson objects to the notices and the topics in the notices, and to the

definitions and instructions used by Plaintiffs, to the extent that the topics fail to identify the

requested subject matter with reasonable particularity, are unduly burdensome, oppressive,

1



overly broad, ambiguous, confusing or vague, are duplicative or unreasonably cumulative of other discovery in this proceeding, seek information that is available through other types of discovery that are less burdensome and more appropriate, and/or call for McKesson to draw a legal conclusion and/or provide expert opinions in order to respond.

3.      McKesson objects to the definitions and instructions used in these notices, including but not limited to the instructions regarding the purported "Duty to Designate," Duty to Substitute, and "Duty to Prepare," on the grounds and to the extent that they purport to impose obligations or burdens on McKesson that go beyond those imposed by Federal Rules of Civil Procedure 26 and 30, the Local Rules of the Northern District of Ohio, and the Case Management Orders entered in this action (referred to collectively as "Discovery Rules"). McKesson specifically objects that the notice states that "[a]n inadequately prepared designated witness will amount to an impermissible refusal to answer and a sanctionable failure to appear" as this statement does not comport with the applicable Discovery Rules.  McKesson will comply with the Discovery Rules, but assumes no further obligations in responding to these notices and rejects the attempt to impose such obligations and repercussions.

4.      McKesson objects to these notices to the extent that they seek discovery that is not relevant to the parties' claims and defenses, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, and that otherwise goes beyond the scope of permissible discovery at this stage of this proceeding, particularly to the extent they seek discovery that is not relevant to the three Track One Cases under Case Management Order One, *i.e.*, *The County of Cuyahoga,*

*MCK 30b6_03 - 003*

*Ohio, et. al. v. Purdue Pharma L.P., et. al.*, Case No. 17-OP-45004 (N.D. Ohio); *The County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*, Case No. 18-op-45090 (N.D. Ohio); and *The City of Cleveland, Ohio, v. Purdue Pharma L.P., et. al.*, Case No. 18-OP-45132 (N.D. Ohio) (referred to herein as "Track One Cases"). As appropriate, McKesson will limit its responses to information that relates to the two counties (Cuyahoga County, Ohio and Summit County, Ohio) at issue in the Track One Cases.

5.      McKesson objects to these notices to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege or protection ("privileged information"). The inadvertent disclosure of privileged information through testimony provided in response to the notices shall not be deemed a waiver of any privilege as to the privileged information inadvertently disclosed or any other information or documents relating to the subject matter of any inadvertently-disclosed privileged information.

6.      McKesson objects to these notices, and to the definitions and instructions included with these notices, to the extent that any request, definition or instruction seeks disclosure of information protected by any confidentiality obligation owed to a third party. McKesson will not disclose such information absent notice to and, if required, consent of the third party or entry of a court order compelling production.

7.      McKesson objects to the notices to the extent they call for information being provided or otherwise available to Plaintiffs through produced documents and/or written discovery, including data and information provided by McKesson.

8.      McKesson objects to the notices, the definitions and instructions used in the notices, and the topics in the notices to the extent that they assume facts and events or include

3

characterizations that are assumed to be accurate, and contain legal conclusions. By providing responses to these notices and testimony on the topics in the notices, McKesson does not admit or concede that any assumed fact, event, characterization, or legal conclusion is correct or accurate and McKesson expressly reserves the right to contest any and all assumed facts, events, characterizations, and legal conclusions.

9.     McKesson objects to each topic, definition or instruction that purports to require that McKesson identify and provide discovery with regard to "each," "all," "any" or similar all-encompassing wording, on the grounds that such topics, definitions and instructions are not stated with reasonable particularity, are overly broad and unduly burdensome, seek discovery that is not relevant to the parties' claims and defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding.

10.     McKesson objects to each topic to the extent that it seeks premature expert discovery or disclosure of expert opinions and goes beyond the scope of permissible expert discovery under the Discovery Rules. McKesson will provide expert discovery and disclosures on the dates set by the Court in compliance with the discovery rules, but assumes no further obligation in responding to these requests.

11.     Unless otherwise indicated in writing by McKesson's counsel, McKesson's witnesses are authorized to testify in a Rule 30(b)(6) capacity only to the extent that McKesson has designated them to do so in these responses and subject to the objections lodged by McKesson. McKesson reserves the right to supplement or correct any Rule 30(b)(6) testimony as appropriate.

12.     By responding to a topic with a defined term, McKesson is not by implication agreeing with any such definition. McKesson reserves all other objections and the right to

4

Case 3:17-cv-01362   Document 1298-6   Filed 04/29/21   Page 6 of 28 PageID #: 44273
**MCK 30b6_03 - 005**

correct or supplement these objections and responses. McKesson's agreement to produce a witness on a given topic shall not imply that responsive information exists within McKesson's possession, custody, or control, or constitute an admission or acknowledgment as to the relevance, admissibility, or authenticity of any information or as to the truth of any allegation or assumption contained in the notices.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    McKesson objects to the definition of "You" and "Your" on the grounds that it is overly broad, vague, ambiguous, and purports to extend the requests beyond the U.S. Pharmaceutical Distribution business of McKesson Corporation and seek information and documents that are not in McKesson's possession, custody or control. For purposes of its responses, McKesson will define "You" and "Your" to mean McKesson's U.S. Pharmaceutical Distribution business ("U.S. Pharma") and will respond with regard to information and documents in its possession, custody or control.

2.    McKesson objects to the definition of "Document" to the extent that it seeks to impose obligations on McKesson beyond those imposed by the Discovery Rules. McKesson will respond in accordance with the applicable Discovery Rules, and assumes no further obligation. McKesson further objects to the definition of "Document" to the extent it includes "Communications," which is undefined in two notices.

3.    McKesson objects to the definitions of "Controlled Substance(s)" and to the undefined term "opioids" on the grounds that they are overly broad, vague, ambiguous and unduly burdensome and, as defined or used by plaintiffs, seek discovery that is not relevant to the parties' claims and defenses, nor proportional to the needs of the case. For purposes of responding to these requests, McKesson will interpret "Controlled Substance(s)" and "opioids" to mean products with one of the following DEA drug codes and drug code names:

| Base code | Base code description |
|-----------|----------------------|
| 9737 | ALFENTANIL |
| 9064 | BUPRENORPHINE |
| 9720 | BUTORPHANOL |
| M804 | CODEINE (W/PROMETHAZ) |
| 9050 | CODEINE CII |
| 9804 | CODEINE COMBINATION |
| M805 | CODEINE PREPARATIONS |
| 9168 | DIFENOXIN |
| 9120 | DIHYDROCODEINE |
| 9807 | DIHYDROCODEINE COMBI |
| 9170 | DIPHENOXYLATE |
| 9801 | FENTANYL |
| 9193 | HYDROCODONE |
| 9150 | HYDROMORPHONE |
| 9220 | LEVORPHANOL |
| 9230 | MEPERIDINE |
| 9250 | METHADONE |
| 9300 | MORPHINE |
| 9639 | OPIUM POWDERED |
| 9630 | OPIUM TINCTURE |
| 9143 | OXYCODONE |
| 9652 | OXYMORPHONE |
| 9809 | PAREGORIC |
| 9709 | PENTAZOCINE |
| 9273 | PROPOXYPHENE |
| 9739 | REMIFENTANIL |
| 9740 | SUFENTANIL |
| 9780 | TAPENTADOL |
| 9752 | TRAMADOL |

4.     McKesson objects to the definition of "Suspicious Order" to the extent that it

differs from or extends beyond the definition of "Suspicious Order" used by the DEA and to the

extent that it incorporates plaintiffs' undefined use of "Opioids" and "Opioid Products" on the

grounds that it is overly broad, vague, ambiguous and unduly burdensome and, as defined by

plaintiffs, seeks discovery that is not relevant to the parties' claims and defenses, nor

proportional to the needs of the case. For purposes of its responses, McKesson will interpret

6

"Suspicious Order" using the DEA's definition for this term as it relates to "Opioids" and

"Opioid Products" as defined by McKesson in its Objection to Definitions and Instructions No. 3

above.

5.     McKesson objects to plaintiffs' time period instruction seeking discovery for the

time period commencing January 1, 1995, on the grounds that this demand for discovery for a

time period dating back more than twenty-three years is overly broad, vague, ambiguous and

unduly burdensome, and seeks discovery that is not relevant to the parties' claims and defenses,

nor proportional to the needs of the case.

## OBJECTIONS AND RESPONSES TO TOPICS IN
## PLAINTIFFS' FIRST 30(b)(6) NOTICE OF DEPOSITION

### TOPIC NO. 1 SUBPARTS (a) – (o):

Your duty and the basis of said duty, relating to the "maintenance of effective control
against diversion" (21 USC §823) and/or your duty and the basis of said duty to design and
operate a system to disclose suspicious orders of controlled substances pursuant to 21 CFR
1301.74(b) including, but not limited to:

a.     Your past/present suspicious orders monitoring system, SOMS program, policies
       and procedures;
b.     Your past/present "Know Your Customer" program, policies and procedures;
c.     Your past/present interpretation, compliance, agreement and/or disagreement with
       the "Dear Registrant" letters from the DEA outlining the duties imposed on a
       distributor under federal law;
d.     Your past/present interpretation, compliance, agreement and/or disagreement with
       the Reporting Requirement and Shipping Requirement as referenced in Masters
       Pharm., Inc. v. Drug Enf't Admin., 861 F.3d 206 (D.C. Cir. 2017);
e.     How Your interpretation and compliance with the Reporting Requirement has
       changed over time;
f.     How Your interpretation and compliance with the Shipping Requirement has
       changed over time;
g.     Whether You historically shipped suspicious orders without reporting and/or
       conducting due diligence prior to Masters Pharm., Inc. v. Drug Enf't Admin., 861
       F.3d 206 (D.C. Cir. 2017);
h.     Your past/present policies and procedures related to due diligence following the
       detection of a suspicious order;
i.     Your past/present policy, procedures, standards and metrics used to identify
       orders of unusual size, orders deviating substantially from a normal pattern, and
       orders of unusual frequency;

j.  How Your policy, procedures, standards and metrics used to identify suspicious orders has changed over time;

k.  Your policies, procedures, standards and metrics used to set and/or alter thresholds; and

l.  Your policies and procedures used to perform due diligence related to new and existing buyers of controlled substances;

m.  Your past/present programs, policies and procedures relating to "maintenance of effective controls against diversion" (21 USC § 823);

n.  Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enf't Admin., 861 F.3d 206 (D.C. Cir. 2017);

o.  The identity of any consultant or other third party retained to assist you in the "maintenance of effective controls against diversion" (21 USC § 823) or in meeting your obligations to design and operate a system to disclose suspicious orders of controlled substances pursuant to 21 CFR 1301.74(b)

**RESPONSE TO TOPIC NO. 1 SUBPARTS (a) - (o):**

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson also objects that this overly broad request would impose an undue burden on McKesson that is not proportional to the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to this topic to the extent it calls for information more appropriately sought through other discovery methods. Subject to and without waiving these objections, McKesson responds that it will designate a witness to testify with regard to relevant non-privileged information concerning McKesson's Controlled Substance Monitoring Program, including policies and procedures relating to that program.

## OBJECTIONS AND RESPONSES TO TOPICS IN
## PLAINTIFFS' SECOND 30(b)(6) NOTICE OF DEPOSITION

### TOPIC NO. 1:

Defendant's document retention policy for hard copy and electronic documents, including but not limited to:

a. Defendant's policies and procedures for preserving documents in connection with litigation;

b. Defendant's filing system for both hard copies of documents and electronic copies of documents;

c. The identification and description of all files identified and/or searched for purposes of responding to plaintiffs' requests for production;

d. The current and any prior system(s) used for purposes of creating, transmitting, storing, backing up, retrieving, and deleting E-mail and/or electronic records, including but not limited to, the name and version, installation dates, number of users, and location of users' mail files;

e. Defendant's retention of records related to reporting information to the ARCOS system maintained by the DEA;

f. Defendant's retention of records related to reporting of suspicious orders to the DEA; and

g. Defendant's storage and retention of all sales transactions of all controlled substances (opioid products).

### RESPONSE TO TOPIC NO. 1:

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics

on which testimony is requested with reasonable particularity, and is so broad that it is not

possible to expect a witness to be able to cover this topic even if McKesson makes reasonable

attempts to educate a witness based on the information in its possession, custody or control.

McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson responds that it has designated a witness to testify with regard to this topic

and plaintiffs have elected not to proceed with that deposition.

## TOPIC NO. 2:

Your current and historical corporate organizational structure, both legal and operational, including but not limited to the names and roles of the following:

a. Your Board of Directors and Board of Directors for each subsidiary and related entity;

b. Officers including those designated with the functional equivalent of:

    i. Chief Executive Officer;

    ii. Chief Financial Officer;

    iii. Chief Operating Officer;

    iv. General Counsel;

    v. Director of Sales;

    vi. Director of Marketing;

    vii. Director of Regulatory Compliance;

    viii. Director of Government Affairs; and

    ix. Director of Distribution.

c. All committees and sub-committees of Your Board of Directors and Board of Directors for each subsidiary and/or entity;

d. Employees (and compensation structure) related to servicing clients in Case Track 1 ("CT1") jurisdictions;

e. Ownership and control of distribution operations;

f. Departments, subsidiaries, committees, including but not limited to those related to the following: sales, marketing, regulatory compliance, internal or external audits, government affairs, distribution, and compensation;

g. Chain of command;

    i. Legal chain of command; and

    ii. Operational chain of command.

h. Wholly owned subsidiaries, affiliates and DEA registrations;

i. Employees knowledgeable about any marketing services You have offered to manufacturers of prescription opiates.

j. Mergers, acquisitions and other corporate restructuring.

## RESPONSE TO TOPIC NO. 2:

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics

on which testimony is requested with reasonable particularity, and is so broad that it is not

possible to expect a witness to be able to cover this topic even if McKesson makes reasonable

attempts to educate a witness based on the information in its possession, custody or control.

McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson proposes to provide a written response to this topic in lieu of deposition

testimony. McKesson will make itself available to meet and confer with regard to this proposal.

## TOPIC NO. 3:

Policies and procedures related to all compensation provided to any employee that had oversight or control over the marketing, sales or distribution of prescription opiates into any CT1 jurisdiction.

## RESPONSE TO TOPIC NO. 3:

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics

on which testimony is requested with reasonable particularity, and is so broad that it is not

possible to expect a witness to be able to cover this topic even if McKesson makes reasonable

attempts to educate a witness based on the information in its possession, custody or control.

McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson will designate a witness to testify with regard to this topic to the extent

that it seeks relevant, non-privileged information. In lieu of providing testimony, McKesson is

willing to provide a written response that provides the relevant, non-privileged information called for by this topic.

## TOPIC NO. 4:

Detail concerning any compensation incentive program related to the marketing, sales or distribution of opioids. This includes, but is not limited to, compensation incentive programs available to sales representatives.

## RESPONSE TO TOPIC NO. 4:

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson also objects that this overly broad request would impose an undue burden on McKesson that is not proportional to the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to this topic to the extent it calls for information more appropriately sought through other discovery methods. Subject to and without waiving these objections, McKesson will designate a witness to testify with regard to this topic to the extent that it seeks relevant, non-privileged information. In lieu of providing testimony, McKesson is willing to provide a written response that provides the relevant, non-privileged information called for by this topic.

## TOPIC NO. 5:

Detail concerning any and all compensation provided to any employee that had oversight or control over the marketing, sales or distribution of prescription opiates into any CT1 jurisdiction. This includes, but is not limited to, marketing representatives, sales representatives, regional oversight, and executives.

**RESPONSE TO TOPIC NO. 5:**

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson also objects that this overly broad request would impose an undue burden on McKesson that is not proportional to the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to this topic to the extent it calls for information more appropriately sought through other discovery methods. Subject to and without waiving these objections, McKesson will designate a witness to testify with regard to this topic to the extent that it seeks relevant, non-privileged information. In lieu of providing testimony, McKesson is willing to provide a written response that provides the relevant, non-privileged information called for by this topic.

**TOPIC NO. 6:**

Your efforts to conduct audits and/or investigations relating to Your Suspicious Order Monitoring System (SOMS) to review past practices and ensure compliance your legal responsibilities.

**RESPONSE TO TOPIC NO. 6:**

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and fails to identify the topics on which testimony is requested with reasonable particularity. McKesson also objects that this overly broad request would impose an undue burden on McKesson that is not proportional to

13

the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to

this topic to the extent it calls for information more appropriately sought through other discovery

methods. Subject to and without waiving these objections, McKesson will designate a witness to

testify with regard to this topic to the extent that it seeks relevant, non-privileged information.

**TOPIC NO. 7:**

Your interactions with the DEA regarding distribution of controlled substances including
compliance, regulatory and administrative actions, communications and penalties.

**RESPONSE TO TOPIC NO. 7:**

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, and fails to identify the

topics on which testimony is requested with reasonable particularity. McKesson also objects that

this overly broad request would impose an undue burden on McKesson that is not proportional to

the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to

this topic to the extent it calls for information more appropriately sought through other discovery

methods. Subject to and without waiving these objections, McKesson will designate a witness to

testify with regard to this topic to the extent that it seeks relevant, non-privileged information.

**TOPIC NO. 8:**

Your interaction with the DEA/FDA related to the scheduling of controlled substances
and setting of quotas.

**RESPONSE TO TOPIC NO. 8:**

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, and fails to identify the

topics on which testimony is requested with reasonable particularity. McKesson also objects that

this overly broad request would impose an undue burden on McKesson that is not proportional to the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to this topic to the extent it calls for information more appropriately sought through other discovery methods. McKesson also objects to this topic to the extent that it assumes that McKesson has interactions with the DEA/FDA "related to the scheduling of controlled substances and setting of quotas. Subject to and without waiving these objections, McKesson will designate a witness to testify with regard to this topic to the extent that it seeks relevant, non-privileged information.

## TOPIC NO. 9:

The scope of data you obtained about each pharmacy in a CT1 jurisdiction from internal sources or external sources (e.g., IMS Health, QuintilesIMS, IQVIA, Pharmaceutical Data Services, Source Healthcare Analytics, NDS Health Information Services, Verispan, Quintiles, SDI Health, ArcLight, Scriptline, Wolters Kluwer, PRA Health Science, Value Centric and/or other data mining vendor) related to the pharmacy's purchase of controlled substances from any source.

## RESPONSE TO TOPIC NO. 9:

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson also objects that this overly broad request would impose an undue burden on McKesson that is not proportional to the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to this topic to the extent it calls for information more appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson will designate a witness to testify with regard to this topic to the extent

that it seeks relevant, non-privileged information.

## TOPIC NO. 10:

All information you provided or received from 867 or 852 sales data whether via internal or external sources related to the sale or distribution of control substances.

## RESPONSE TO TOPIC NO. 10:

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics

on which testimony is requested with reasonable particularity, and is so broad that it is not

possible to expect a witness to be able to cover this topic even if McKesson makes reasonable

attempts to educate a witness based on the information in its possession, custody or control.

McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson proposes to provide a written response to this topic in lieu of deposition

testimony. McKesson will make itself available to meet and confer with regard to this proposal.

## TOPIC NO. 11:

Any incentive program, rebate program or other contractual agreement with any pharmacy in a CT1 jurisdiction and/or manufacturer of controlled substances distributed in a CT1 jurisdiction.

## RESPONSE TO TOPIC NO. 11:

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

16

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics

on which testimony is requested with reasonable particularity, and is so broad that it is not

possible to expect a witness to be able to cover this topic even if McKesson makes reasonable

attempts to educate a witness based on the information in its possession, custody or control.

McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson will designate a witness to testify with regard to this topic to the extent

that it seeks relevant, non-privileged information concerning incentive or rebate programs related

to opioids.

**TOPIC NO. 12:**

Your participation, relationship or association with any trade organization, including, but
not limited to, Healthcare Distribution Alliance (HDA) (and its predecessors), National
Association of Chain Drug Stores (NACDS) and Pharmaceutical Research and Manufacturers of
America (PhRMA) including the submission of amicus briefs.

**RESPONSE TO TOPIC NO. 12:**

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics

on which testimony is requested with reasonable particularity, and is so broad that it is not

possible to expect a witness to be able to cover this topic even if McKesson makes reasonable

attempts to educate a witness based on the information in its possession, custody or control.

McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

17

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson will designate a witness to testify with regard to this topic to the extent

that it seeks relevant, non-privileged information.

**TOPIC NO. 13:**

Any financial payments made to any trade organization, including, but not limited to,
Healthcare Distribution Alliance (HDA) (and its predecessors), National Association of Chain
Drug Stores (NACDS) and Pharmaceutical Research and Manufacturers of America (PhRMA).

**RESPONSE TO TOPIC NO. 13:**

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics

on which testimony is requested with reasonable particularity, and is so broad that it is not

possible to expect a witness to be able to cover this topic even if McKesson makes reasonable

attempts to educate a witness based on the information in its possession, custody or control.

McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson will designate a witness to testify with regard to this topic to the extent

that it seeks relevant, non-privileged information.

**TOPIC NO. 14:**

The volume, manufacturer, type, size, dosage, buyer and date of each order of
prescription opiate sold into the CT1 jurisdictions from 1995 to the present.

18

## RESPONSE TO TOPIC NO. 14:

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson also objects that this overly broad request would impose an undue burden on McKesson that is not proportional to the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to this topic to the extent it calls for information more appropriately sought through other discovery methods. Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, non-privileged information about shipments of opioids to customers in Cuyahoga and Summit Counties and transaction data produced by McKesson in this proceeding.

## TOPIC NO. 15:

For each such transaction, the cost of your purchase and the price of your resale.

## RESPONSE TO TOPIC NO. 15:

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson proposes to provide a written response to this topic in lieu of deposition

testimony. McKesson will make itself available to meet and confer with regard to this proposal.

## TOPIC NO. 16:

Each suspicious order you received between January 1, 1995 to the present arising out of
the CT1 jurisdictions and whether each was declined, shipped and/or reported as well as the due
diligence performed arising out of each suspicious order reported to the DEA.

## RESPONSE TO TOPIC NO. 16:

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics

on which testimony is requested with reasonable particularity, and is so broad that it is not

possible to expect a witness to be able to cover this topic even if McKesson makes reasonable

attempts to educate a witness based on the information in its possession, custody or control.

McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson will designate a witness to testify generally with regard to relevant, non-

privileged information about blocked orders and reporting of suspicious orders for opioids

ordered by customers in Cuyahoga and Summit Counties and related data produced by

McKesson in this proceeding.

**TOPIC NO. 17**

Whether you have conducted any retrospective analysis of past orders of controlled substances arising from a buyer in a CT1 jurisdiction to identify unreported and/or undetected "suspicious orders" and the results of the same.

**RESPONSE TO TOPIC NO. 17:**

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, calls for information about "any retrospective analysis of past orders of controlled substances," and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson also objects that this overly broad request would impose an undue burden on McKesson that is not proportional to the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to this topic to the extent it calls for information more appropriately sought through other discovery methods. Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, non-privileged information relating to any retrospective analysis of past orders of opioids by customers in Cuyahoga and Summit Counties.

**TOPIC NO. 18**

Each application for, and/or change of, any threshold for prescription opiates in a CT1 jurisdiction.

**RESPONSE TO TOPIC NO. 18:**

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics

on which testimony is requested with reasonable particularity, calls for information about "any

retrospective analysis of past orders of controlled substances," and is so broad that it is not

possible to expect a witness to be able to cover this topic even if McKesson makes reasonable

attempts to educate a witness based on the information in its possession, custody or control.

McKesson also objects that this overly broad request would impose an undue burden on

McKesson that is not proportional to the needs of this proceeding, particularly for the Track One

Cases. McKesson further objects to this topic to the extent it calls for information more

appropriately sought through other discovery methods. Subject to and without waiving these

objections, McKesson will designate a witness to testify generally with regard to relevant, non-

privileged information relating to applications for threshold changes and threshold changes for

orders of opioids by customers in Cuyahoga and Summit Counties.

### TOPIC NO. 19:

Each order of a prescription opiate from an online pharmacy in the United States from
1995 to the present and whether each was declined, shipped and/or reported as well as the due
diligence performed arising out of each suspicious order reported to the DEA.

### RESPONSE TO TOPIC NO. 19:

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5. McKesson objects to the term "internet

pharmacies" on the grounds that it is vague and ambiguous. For purposes of its response,

McKesson will define "internet pharmacies" to mean pharmacies that only dispense

pharmaceuticals online and do not have any brick-and-mortar retail presence. McKesson further

objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome, fails to identify the topics on which testimony is requested with reasonable

particularity, calls for information about "any retrospective analysis of past orders of controlled

22

substances," and is so broad that it is not possible to expect a witness to be able to cover this
topic even if McKesson makes reasonable attempts to educate a witness based on the information
in its possession, custody or control. McKesson also objects that this overly broad request would
impose an undue burden on McKesson that is not proportional to the needs of this proceeding,
particularly for the Track One Cases. McKesson further objects to this topic to the extent it calls
for information more appropriately sought through other discovery methods. Subject to and
without waiving these objections, McKesson will designate a witness to testify generally with
regard to relevant, non-privileged information relating to whether it shipped opioids to any
Internet Pharmacy in Cuyahoga County or Summit County.

## TOPIC NO. 20:

Whether you failed to detect suspicious orders arising out of the CT1 jurisdictions.

## RESPONSE TO TOPIC NO. 20:

McKesson objects to this request on the grounds set forth in its General Objections Nos.
1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the
grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics
on which testimony is requested with reasonable particularity, and is so broad that it is not
possible to expect a witness to be able to cover this topic even if McKesson makes reasonable
attempts to educate a witness based on the information in its possession, custody or control.
McKesson also objects that this overly broad request would impose an undue burden on
McKesson that is not proportional to the needs of this proceeding, particularly for the Track One
Cases. McKesson further objects to this topic to the extent it calls for information more
appropriately sought through other discovery methods. Subject to and without waiving these
objections, McKesson will designate a witness to testify generally with regard to relevant, non-

23

privileged information about blocked orders and reporting of suspicious orders for opioids ordered by customers in Cuyahoga and Summit Counties.

## TOPIC NO. 21:

Whether you failed to report suspicious orders to the DEA arising out of the CT1 jurisdictions.

## RESPONSE TO TOPIC NO. 21:

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson also objects that this overly broad request would impose an undue burden on McKesson that is not proportional to the needs of this proceeding, particularly for the Track One Cases. McKesson further objects to this topic to the extent it calls for information more appropriately sought through other discovery methods. Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, non-privileged information about blocked orders and reporting of suspicious orders for opioids ordered by customers in Cuyahoga and Summit Counties.

## TOPIC NO. 22:

Whether you shipped suspicious orders to buyers in the CT1 jurisdictions without conducting due diligence.

## RESPONSE TO TOPIC NO. 22:

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5. McKesson further objects to this topic on the

24

grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson also objects that this overly broad request would impose an undue burden on McKesson that is not proportional to the needs of this proceeding, particularly for the Track One Cases.  McKesson further objects to this topic to the extent it calls for information more appropriately sought through other discovery methods.  Subject to and without waiving these objections, McKesson will designate a witness to testify generally with regard to relevant, non-privileged information about shipments of opioids to customers in Cuyahoga and Summit Counties and diligence conducted in connection with those customers.

### TOPIC NO. 23:

Whether you caused and/or contributed to the opioid epidemic in the City of Cleveland, Cuyahoga County and/or Summit County, Ohio.

### RESPONSE TO TOPIC NO. 23:

McKesson objects to this request on the grounds set forth in its General Objections Nos. 1-12 and its Objections to Definitions Nos. 1-5.  McKesson further objects to this topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, fails to identify the topics on which testimony is requested with reasonable particularity, and is so broad that it is not possible to expect a witness to be able to cover this topic even if McKesson makes reasonable attempts to educate a witness based on the information in its possession, custody or control. McKesson further objects to this topic on the grounds that it calls for a legal conclusion and is not properly a subject for fact discovery.

## OBJECTIONS AND RESPONSE TO PLAINTIFFS'
## REQUEST FOR PRODUCTION INCLUDED IN NOTICES

### REQUEST NO. 1:

All documents which deponent has consulted or reviewed or plans to consult in preparation for his or her deposition and has relied upon or will rely upon for testimony on the above deposition topics.

### RESPONSE TO REQUEST NO. 1:

McKesson objects to this request on the grounds set forth in its General Objections Nos.

1-12 and its Objections to Definitions Nos. 1-5.  McKesson objects to this request as

procedurally improper, duplicative of the requests for production already propounded to

McKesson, and in excess of the number of requests that plaintiffs are permitted to propound

under the limits set for Track One discovery.  McKesson objects to the terms "[a]ll documents"

and "plans to consult" on the grounds that they are vague and ambiguous as used in this request.

McKesson incorporates by reference its objections and responses to plaintiffs' requests for

production.


Dated: July 18, 2018                                    _____*/s/ Dale A. Rice*_____
                                                         Dale A. Rice
                                                         Covington & Burling LLP
                                                         One Front Street
                                                         San Francisco, CA 94111
                                                         drice@cov.com

## CERTIFICATE OF SERVICE

I, Dale A. Rice, hereby certify that on July 18, 2018, Defendant McKesson Corporation's Objections and Responses to Plaintiffs' First and Second Notices of Deposition Pursuant to Rule 30(b)(6) was served on liaison counsel directed to the email addresses listed below pursuant to Case Management Order No. 1.

### LIAISON COUNSEL FOR PLAINTIFFS

| Attorney and Firm Name | E-Mail Address for Service |
|---|---|
| Peter H. Weinberger<br>Spangenberg Shibley & Liber LLP | pweinberger@spanglaw.com |
| Steven J. Skikos<br>Skikos Crawford Skikos & Joseph | sskikos@skikoscrawford.com |
| Troy A. Rafferty<br>Levin Papantonio Thomas Mitchell Rafferty & Proctor PA | trafferty@levinlaw.com |

### LIAISON COUNSEL FOR MANUFACTURER DEFENDANTS

| Attorney and Firm Name | E-Mail Address for Service |
|---|---|
| Mark S. Cheffo<br>Quinn Emanuel Urquhart & Sullivan | markcheffo@quinnemanuel.com |
| Carole Rendon<br>BakerHostetler | crendon@bakerlaw.com |

### LIAISON COUNSEL FOR DISTRIBUTOR DEFENDANTS

| Attorney and Firm Name | E-Mail Address for Service |
|---|---|
| Enu Mainigi<br>Williams & Connolly LLP | emainigi@wc.com |
| Shannon McClure<br>Reed Smith, LLP | smcclure@reedsmith.com |
| Geoffrey E. Hobart<br>Covington & Burling LLP | ghobart@cov.com |

### LIAISON COUNSEL FOR PHYSICIAN DEFENDANTS

| Attorney and Firm Name | E-Mail Address for Service |
|---|---|
| Tyler Tarney<br>Gordon & Rees | ttarney@grsm.com |

### LIAISON COUNSEL FOR CHAIN PHARMACY DEFENDANTS

| Attorney and Firm Name | E-Mail Address for Service |
|---|---|
| Kaspar J. Stoffelmayr, Esq.<br>Bartlit, Beck, Herman, Palenchar & Scott | kaspar.stoffelmayr@bartlit-beck.com |

By: _____*/s/ Dale A. Rice*_____

Dale A. Rice