**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| THE CITY OF HUNTINGTON and CABELL COUNTY COMMISSION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

**NON-PARTY DISCOUNT EMPORIUM, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO QUASH OR MODIFY PLAINTIFFS' TRIAL SUBPOENAS</u>**

COMES NOW non-party Discount Emporium, Inc. d/b/a Drug Emporium ("Discount Emporium") by its counsel, Lamp Bartram Levy Trautwein Perry & Powell, PLLC and Fox Rothschild LLP, and submits this Memorandum of Law in support of its Motion to Quash or Modify the Trial Subpoenas (together, the "Subpoenas") of Plaintiffs the City of Huntington and Cabell County Commission (together, "Plaintiffs").  Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, Discount Emporium seeks to quash the Subpoenas, which were served on two employees of Discount Emporium to compel the appearance of said employees at trial in the above captioned matter on May 3, 2021.  Discount Emporium seeks to quash the Subpoenas because they are overbroad and place an undue burden on non-party Discount Emporium.  In the alternative, Discount Emporium moves this Court to modify the Subpoenas to limit Discount Emporium's testimony to the authentication and admission of the data and documents identified in the Subpoenas.

## I.     FACTUAL BACKGROUND

On April 9, 2020, Discount Emporium was served with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Discovery Subpoena", attached to the Motion as **Exhibit A**).  The Discovery Subpoena sought documents and communications related to Discount Emporium's dispensing of controlled substances.  *See id.* In response to the Discovery Subpoena, Discount Emporium produced over 18,000 responsive documents.  *See* Discount Emporium's Objections and Responses to Subpoena by Plaintiffs, attached to the Motion as **Exhibit B**.  The Plaintiffs did not seek to depose any Discount Emporium witnesses during discovery.

On March 17, 2021, through counsel, Discount Emporium accepted service of the subject Subpoenas.  *See* March 17, 2021 email correspondence accepting service of the Subpoenas, attached to the Motion as **Exhibit C**.  The Subpoenas (attached to the Motion as **Exhibits D** and **E**) seek to compel the appearance of Richard B. Fillmore, a pharmacist employed by Discount Emporium, and Robert A. Petryzsak, President of Discount Emporium, at trial in this matter on May 3, 2021.  The Subpoenas also direct the recipients to bring with them the documents produced by Discount Emporium in response to the Discovery Subpoena Bates numbered DE0034480-0034486, which are a series of spreadsheets compiling data on the dispensing of controlled substances by Discount Emporium.  *See id.*

Upon receipt of the Subpoenas, counsel for Discount Emporium contacted counsel for the Plaintiffs to discuss the scope of the Subpoenas.  *See* Declaration of Michael J. Robinson IV, Esq., attached to the Motion as **Exhibit F**, ¶ 4.  Counsel for the Plaintiffs indicated that the Plaintiffs sought only to authenticate and admit into evidence the documents identified in the Subpoena, and had no intention of asking substantive questions. *See id.* at ¶ 5.   Accordingly, Discount Emporium

now moves to quash the Subpoenas to the extent that they seek substantive testimony from Discount Emporium or, in the alternative, to modify the Subpoenas to limit the testimony on behalf of Discount Emporium to a business records custodian who can authenticate the documents identified in the Subpoenas and previously produced to the parties.

## II.    ARGUMENT

### a.  Legal Standard for Quashing or Modifying a Subpoena

Rule 45(d)(3)(A)(iv) provides that "]o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that…subjects a person to undue burden." District courts have broad discretion in determining whether a subpoena should be quashed or modified under Rule 45.  *See Sheet Metal Workers Int'l Ass'n v. Sweeney*, 29 F.3d 12 (4th Cir. 1994).  The determination of the Court is fact specific, including the issuing party's need for the information sought by the subpoena.  *Ohio Valley Environmental Coalition, Inc. v. U.S. Army Corps of Engineers*, 2012 WL 112325, at *2 (N.D. W. Va. Jan. 12, 2012).  District courts further have the authority to modify subpoenas instead of quashing them "should the court, in its discretion, determine that justice so requires." *Id.* (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.2004)).

A subpoena that is overbroad or seeks irrelevant information "may subject its recipient to an 'undue burden' under Rule 45(d)(3)(A)(iv)." *Townsend v. Nestle Healthcare Nutrition, Corp.*, 2016 WL 1629363, at * (S.D. W. Va. Apr. 22, 2016) (citing *Cook v. Howard*, 484 Fed.Appx. 805, 812 (4th Cir. 2012) and *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013)).

**b. Substantive Inquiry into Issues Outside of the Authentication and Admission of the Documents Identified in the Subpoena Would Subject Non-Party Discount Emporium to Undue Burden**

To the extent that the Subpoenas seek substantive testimony from non-party Discount Emporium, they are overbroad and, thus, unduly burdensome. The non-party status of a subpoena recipient must be given "special weight," and the Court must make a more "demanding and sensitive" inquiry into the burdens placed on such non-party. *Virginia Department of Corrections v. Jordan*, 921 F.3d 180, (4th Cir. 2019) (citing *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)). Indeed, several other circuits have found that non-parties are afforded "special protection against the time and expense of complying with subpoenas." *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir.1994); *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998); *PLE Antitrust*, 427 F.3d at 53.

As the Plaintiffs' counsel has represented, the Plaintiffs seek only to authenticate and admit into evidence certain data and documents identified in the Subpoenas. Any information or testimony sought outside of that narrow purview is not required by the Plaintiffs. As the Fourth Circuit has recognized:

> Another type of burden arises when a subpoena is overbroad—that is, when it seeks information beyond what the requesting party reasonably requires. *See Wiwa*, 392 F.3d at 818. A nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it.

*Jordan*, 921 F.3d at 190.

Discount Emporium is prepared to provide the necessary affidavit or other supporting documentation for the authentication and admission of the data identified in the Subpoenas. *See* **Exhibit F** at ¶ 6. The provision of such support renders any testimony from Discount Emporium witnesses completely unnecessary. Accordingly, the Subpoenas should be quashed in their entirety as being overbroad and unnecessary. *See Jordan*, 921 F.3d at 190, Fn. 4. In the alternative,

4

should testimony from Discount Emporium be required to authenticate and admit the data and documents identified in the Subpoenas, the Subpoenas should be modified to apply only to such testimony.

### c.   Plaintiffs Cannot Use the Subpoenas as an Out of Time Discovery Device

As detailed above, Discount Emporium willingly complied with the Discovery Subpoena served upon it by the Plaintiffs, producing over eighteen thousand documents.  The Plaintiffs did not seek to depose any Discount Emporium witness during discovery concerning any substantive issues.  Therefore, the Plaintiffs should not be allowed to range into substantive questioning in order to uncover new facts or evidence.  "Trial subpoenas are not substitutes for discovery," and are "not an appropriate means of ascertaining facts or uncovering evidence."  *Mayhew v. Loved Ones in Home Health Care, LLC*, 2020 WL 132192, at *2 (S.D. W. Va. Jan. 10, 2020) (quoting *Dent v. Siegelbaum*, WL 718835, at *11 (D. Md. Mar. 5, 2012)).   Again, to the extent that the Subpoenas seek testimony on substantive issues, they are overbroad and improper, and the Court should quash or modify the Subpoenas accordingly.

Respectfully submitted,

Dated:  April 30, 2021

      **/s/ J. Jarrod Jordan**
Matthew J. Perry, Esquire WVSB 8589
J. Jarrod Jordan, Esquire WVSB 10622
**LAMP BARTRAM LEVY**
**TRAUTWEIN PERRY & POWELL, PLLC**
*Physical Address:*
720 Fourth Avenue
Huntington, WV 25701
*Mailing Address:*
Post Office Box 2488
Huntington, WV 25725-2488

5

Phone:      (304) 523-5400
Facsimile:   (304) 523-5409
mperry@720legal.com
jjordan@720legal.com

and

Nicholas S. Salter, Esq.
**FOX ROTHSCHILD LLP**
2700 Kelly Road, Suite 300
Warrington, PA 18976
Tel: (215) 345-7500
Fax: (215) 345-7507
nsalter@foxrothschild.com

*Attorneys for Discount Emporium, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

Dated: April 30, 2021

<u>        /s/ J. Jarrod Jordan        </u>
Matthew J. Perry, Esquire WVSB 8589
J. Jarrod Jordan, Esquire WVSB 10622
**LAMP BARTRAM LEVY**
**TRAUTWEIN PERRY & POWELL, PLLC**
*Physical Address:*
720 Fourth Avenue
Huntington, WV 25701
*Mailing Address:*
Post Office Box 2488
Huntington, WV 25725-2488
Phone:          (304) 523-5400
Facsimile:      (304) 523-5409
mperry@720legal.com
jjordan@720legal.com