## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
|      Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|       Defendants. | |

_____

| | |
|---|---|
| CABELL COUNTY COMMISSION, | |
|      Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|       Defendants. | |

## DEFENDANTS' MOTION TO EXCLUDE THE RULE 30(b)(6) DEPOSITION TESTIMONY OF THOMAS PREVOZNIK

## INTRODUCTION[1]

The Federal Rules of Evidence are clear that no testimony can be admitted at trial—whether live or by deposition—unless the witness has ***personal knowledge*** of the matters on which he or she testifies.  Rule 602's personal knowledge requirement applies with equal force to the deposition testimony of a non-party Rule 30(b)(6) witness designated for use at trial.[2]

In violation of this Rule, Plaintiffs plan to offer into evidence deposition testimony from Thomas Prevoznik, ***non-party*** DEA's Rule 30(b)(6) witness, covering meetings, correspondence, and guidance about which Mr. Prevoznik admittedly has no personal knowledge.  Specifically, Plaintiffs seek to introduce Mr. Prevoznik's testimony concerning the policies of DEA's Office of Diversion Control for periods pre-dating 2012—a period for which Mr. Prevoznik has no personal knowledge.

Thomas Prevoznik joined the Philadelphia Field Office of the DEA in 1991.  From 1991 to 2012, Mr. Prevoznik's work focused on investigations in Pennsylvania and New Jersey and the training of new DEA investigators.  Mr. Prevoznik was not involved in formulating DEA policy until 2012, when he transferred to DEA Headquarters' Office of Diversion Control in Washington, D.C.

Notwithstanding his evident lack of personal knowledge, Mr. Prevoznik testified on behalf of the DEA as to its 50 years of regulatory guidance—20 years of which occurred before he joined the DEA and 41 years of which occurred before he joined the Office of Diversion Control.  While

---

[1] The MDL Court did not address the subject of this Motion.

[2] The only exception to this rule pertains to the use of *a party's* 30(b)(6) witness.  *See* Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for any purpose the deposition of *a party* or anyone who, when deposed, was *the party's* officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).") (emphases added).

that might have been acceptable for *discovery* under Rule 30(b)(6), testimony of a *non-party* that is not based on personal knowledge is not admissible as *trial* evidence.[3]

As the party seeking to introduce Mr. Prevoznik's testimony, Plaintiffs have the burden of establishing that Mr. Prevoznik has personal knowledge of the matters addressed in the testimony they seek to admit. They cannot meet that burden. As set forth below, Mr. Prevoznik does not have personal knowledge of many of the areas in which he testified, and this is especially true for the pre-2012 period. Mr. Prevoznik's testimony regarding the substance of meetings he did not attend is not admissible, reliable, or helpful; nor is his testimony regarding decades of DEA guidance that he was not involved in providing and for which he has no personal knowledge.

While the parties are engaged in a deposition designation process, and met and conferred on Defendants' objection yesterday (May 1), the parties were unable to resolve this threshold problem that stands in the way of admitting most of Plaintiffs' designated testimony from Mr. Prevoznik at trial.[4] Defendants respectfully request that the Court exclude any designated testimony that is not based on Mr. Prevoznik's personal knowledge.[5]

---

[3] Even if the exception of Rule 32(a)(3) applies to non-parties (which it does not), Mr. Prevoznik failed to obtain the relevant knowledge by learning from the relevant DEA personnel working in the Office of Diversion Control during the 1990s and 2000s. Prevoznik Dep. at 1067:23-1068:17 (confirming Mr. Prevoznik did not speak with former DEA employees Michael Mapes, Kyle Wright, Tom Gitchel or Patricia Good in preparation for his 30(b)(6) testimony).

[4] Defendants are raising this issue through a motion *in limine* because Mr. Prevoznik's lack of personal knowledge—at least for matters prior to 2012—is a readily apparently threshold legal impediment.

[5] Attached as Appendix A is a chart listing Defendants' specific objections to Mr. Prevoznik's testimony that are based on lack of personal knowledge. Attached as Appendix B is a copy of Mr. Prevoznik's deposition transcript which marks in red the portions of Plaintiffs' designations to which Defendants object based on lack of personal knowledge. Although Defendants have other objections to Plaintiffs' designations of Mr. Prevoznik's testimony, those objections will be handled through line-by-line objections.

## BACKGROUND

Thomas Prevoznik joined DEA as a diversion investigator in its Philadelphia Field Office in 1991.[6]  From 1991 to 2012, Mr. Prevoznik conducted investigations in Pennsylvania and New Jersey and trained new DEA investigators.  Mr. Prevoznik was not involved in formulating DEA policy until 2012, when he transferred to DEA Headquarters' Office of Diversion Control in Washington, D.C.

In 2019, DEA tapped Mr. Prevoznik to testify as its designee on topics specific to the Office of Diversion Control, including DEA's interpretation, enforcement, and practices relating to the Controlled Substances Act and its related regulations and DEA's communications and guidance to registrants including wholesale distributors.  As explained below, Mr. Prevoznik had no personal involvement in, and thus has no personal knowledge of, many of the key events that are the subject of the deposition testimony Plaintiffs want to introduce as evidence.  Nor does Mr. Prevoznik have personal knowledge on which to testify that the guidance provided by DEA's Office of Diversion Control was consistent for the 40-year time period before he joined the Office of Diversion Control.

Indeed, much of the Prevoznik deposition testimony Plaintiffs have designated relates to the activities and policies of DEA's Office of Diversion Control dating back at least two decades before Mr. Prevoznik joined DEA and four decades before he joined the Office of Diversion Control.  Mr. Prevoznik testified that official policy related to DEA's interpretation of the CSA and its related regulations comes from headquarters (which he did not join until 2012).  *See* Prevoznik Dep. at 462:20-463:2; 463:6-18; 1085:19-24.  And to the extent field offices did provide registrants guidance, Mr. Prevoznik has no personal knowledge about guidance any DEA field office provided

---

[6] Prevoznik Dep., Exhibit 2 (Prevoznik's CV).

with the limited exception of the two field offices at which he worked (Philadelphia and New Jersey).  *See id.* at 1092:24-1093:2, 1093:4-1093:16, 1094:2-1094:5, 1094:11-15, 1094:19. Plaintiffs did nothing during the deposition to establish that Mr. Prevoznik had personal knowledge of the matters on which he testified before he joined the Office of Diversion Control in 2012.[7]

## ARGUMENT

Federal Rule of Civil Procedure 32 includes a number of requirements that the party seeking to introduce the testimony must meet before deposition testimony of a non-party may be introduced as evidence at trial.  One of those requirements is a threshold one:  the deposition testimony "would be admissible under the Federal Rules of Evidence if the deponent were present and testifying."  Fed. R. Civ. P. 32(a)(1)(B).  One foundational admissibility rule, found in Federal Rule of Evidence 602 instructs that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  The only exception to this rule pertains to the use of ***a party's*** 30(b)(6) witness.  *See* Fed. R. Civ. P. 32(a)(3).

Because Plaintiffs seek to introduce non-party DEA's Rule 30(b)(6) deposition testimony into evidence at trial, Plaintiffs bear the burden of establishing that Mr. Prevoznik has personal knowledge of the matters addressed in that testimony.  *See United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014) ("[T]he proponent bears the burden of establishing personal knowledge under Rule 602 . . . .");  *First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1576 (5th

---

[7] Pursuant to the parties' agreed-upon stipulation, the parties have engaged in a designation/counter-designation process with respect to Mr. Prevoznik's deposition testimony. Defendants appreciate that some of their own counter-designations, which were designated to be played only in response to Plaintiffs' affirmative designations, would be subject to this ruling if the Court were to grant this Motion.

Cir. 1996) (party "had the burden to show" witness "had sufficient personal knowledge to testify"). Plaintiffs cannot meet that burden.

Nothing in the deposition transcript establishes that the testimony Plaintiffs have designated is based on Mr. Prevoznik's personal knowledge. The fact that he was tapped to testify as DEA's representative—and thus may have learned organizational knowledge—provides no substitute for proof of his ***own personal*** knowledge. Simply put, the fact that a deponent was a 30(b)(6) representative does not eliminate the burden placed on the proponent of trial testimony to establish the witness's personal knowledge of the matter of which he is testifying.

***First***, Federal Rule of Civil Procedure 32 provides that designated deposition testimony must pass muster under the Rules of Evidence and, in turn Federal Rule of Evidence 602 provides that testimony cannot be admitted at trial if the witness lacks personal knowledge of the matter for which he is testifying. Neither rule contains any exception for non-party 30(b)(6) deposition testimony. *See* Fed. R. Civ. P. 32(a)(3).

***Second***, while a Rule 30(b)(6) deponent may testify as to matters of which the deponent lacks personal knowledge, that does not render that testimony admissible at trial. "Rule 30(b)(6) pertains to corporate depositions for purposes of ***discovery***. It does not govern the admissibility of testimonial evidence at ***trial***." *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 72 F. Supp. 3d 131, 146 (D.D.C. 2014) (citation omitted) (emphasis added). Indeed, numerous courts have concluded that Rule 602's "personal knowledge" requirement cannot be disregarded just because the deposition was a Rule 30(b)(6) deposition or because the proposed witness is an organization's representative designated to provide testimony based on the organization's knowledge. For example:

- *Mountain Valley Pipeline, LLC v. 1.23 Acres of Land owned by Eagle's Nest Ministries, Inc.*, 2019 WL 8920215, at *6, 7 (W.D. Va. July 12, 2019) ("MVP has provided a number

of cases in which courts have refused to allow a corporate representative to testify at trial unless his testimony was based on personal knowledge, as required by Federal Rule of Evidence 602. . . .  Taking all of the above into consideration, then, Sizemore's testimony will be limited to his personal knowledge.");

- *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907 (5th Cir. 2010) ("Federal Rule of Evidence 602 limits the scope of a witness's testimony to matters that are within his or her personal knowledge. Union Pump argues that Bixler was permitted to testify to matters that, although they were not within his own personal knowledge, were within the knowledge of the corporation because Bixler was designated as Union Pump's corporate representative. We disagree.");

- *Brooks v. Caterpillar Glob. Mining Am., LLC*, 2017 WL 3426043, at *4, 5 (W.D. Ky. Aug. 8, 2017) ("Defendant suggests that Klein as CGM's designated corporate representative can testify at trial to matters that go beyond his personal knowledge or his personal involvement. . . . [C]ontrary to Defendant's argument, Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement.");

- *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 72 F. Supp. 3d 131, 146 (D.D.C. 2014) ("Torres does not deny that CFO Cotter lacks personal knowledge. It claims, however, that his testimony is admissible because he was Torres' corporate designee for purposes of Fed. R. Civ. P. 30(b)(6) . . . . CFO Cotter's testimony is inadmissible under Fed. R. Evid. 602 because he lacks personal knowledge. Therefore, his deposition testimony is also inadmissible[.]").

Accordingly, Plaintiffs cannot use Mr. Prevoznik's 30(b)(6) deposition testimony unless they meet their burden to show that Mr. Prevoznik had personal knowledge of the matters of which he testified, and then only to the extent Mr. Prevoznik's testimony does not constitute hearsay outside of any authorized exception.  *See Brooks*, 2017 WL 3426043, at *5 (admitting testimony of 30(b)(6) designee at trial only "to the extent that such information is based on [witness's] personal knowledge and not on hearsay"); *Sabre*, 72 F. Supp. 3d at 146 (prohibiting "use of Cotter's recorded [30(b)(6)] deposition testimony at trial" due to "lack[] of personal knowledge"). Plaintiffs have not met their burden.

Mr. Prevoznik's deposition does not show that Plaintiffs have satisfied the Rule of Civil Procedure 32 and Rule of Evidence 602 requirements—indeed, Plaintiffs took no steps at all to

establish personal knowledge of the matters for which Plaintiffs designated his testimony, including the following categories of testimony that Plaintiffs want to admit as trial evidence:

- ***DEA's Interpretation of the CSA and its Related Regulations Before 2012:*** Much of Plaintiffs' designations relate to DEA's interpretation of the CSA and its related regulations ***before*** 2012.[8] For example, even though Mr. Prevoznik did not join DEA's Office of Diversion Control until 2012, Plaintiffs have designated testimony in which Mr. Prevoznik states that after-the-fact reporting of suspicious orders has ***never been*** in compliance with law "according to the DEA's guidance provided to registrants." *See* Prevoznik Dep. at 674:8-13. Mr. Prevoznik's lack of the requisite personal knowledge to speak about DEA's guidance before he joined the Office of Diversion Control became clear when he was confronted with concrete evidence— DEA's explicit written approval of AmerisourceBergen's suspicious order monitoring program in 1998 that used after-the-fact reporting—showing his statement was incorrect. *See id.* at 1139:10-16 ("Q. Okay. Mr. Prevoznik, the DEA approved for implementation nationwide a suspicious order monitoring system that reported suspicious orders to the DEA on a daily basis after the report -- after the orders had already been shipped, correct? A. Yes.").

- ***DEA's Interpretation of a 1984 Letter:*** Plaintiffs designated Mr. Prevoznik's deposition testimony on DEA's interpretation of a 1984 DEA letter. *See id.* at

---

[8] *See, e.g.*, Prevoznik Dep. at 665:21-666:12; 667:22-668:2; 674:8-13; 679:18-680:5; 680:8; 701:2-11; 709:2-6; 709:10; 716:11-20; 716:24-717:2; 717:4; 720:8-11; 720:14; 722:11-17; 722:24-723:3; 723:8; 724:12-20; 725:1; 759:19-760:2; 771:14-17; 771:20; 807:2-19; 807:24; 815:9-14; 815:18; 822:15-823:24; 824:2-8; 824:13; 882:24-883:3; 883:5; 884:5-14; 929:22-930:1; 930:6-11; 967:17-968:19; 968:22; 968:24-969:11.

671:4- 673:16.  Yet, Mr. Prevoznik was not even at the DEA in 1984, so he could not have personal knowledge on the matter.

- ***U.S. Attorney General Report by the Suspicious Order Task Force in 1998:*** Plaintiffs have designated testimony from Mr. Prevoznik where he purports to explain the purpose of this report.[9]  There is no evidence that Mr. Prevoznik sat on the suspicious order task force; he was not identified in the report as among the list of task force members and was still in the Philadelphia Field Office in 1998.  *See id.* at 99:7-22 (noting DEA's Office of Diversion Control—the office Mr. Prevoznik did not join until 2012—was involved).

- ***2005 and 2006 Meetings with Distributors:***  Plaintiffs have designated testimony in which Mr. Prevoznik discusses the substance and purpose of these meetings.  *See id.* at 840:23-841:18; 841:23-842:4; 843:5-843:17; 843:20-23.  Although members of DEA headquarters met with distributors in 2005 and 2006, Mr. Prevoznik was not at DEA headquarters in 2005 and 2006, did not attend these meetings, and did not even speak to the individuals who did attend these meetings in preparation for his deposition.  *See id.* at 75:7-13; 76:1-8; 175:7-20; 175:23.

- ***2011 Meeting between DEA and HDMA:***  Plaintiffs have designated portions of Mr. Prevoznik's testimony in which he discusses what occurred at this 2011 meeting.  *See id.* at 955:24-958:22.  Mr. Prevoznik was not at DEA's Office of Diversion Control in 2011 and specifically testified that he did not recall a meeting between DEA and HDMA in 2011.  *See id.* at 956:3-7.

---

[9] *See id.* at 710:12-711:8; 712:7-713:4; 715:4-716:3; 716:9; 716:11-20; 716:24-717:2; 717:4; 720:8-11; 720:14; 722:11-17; 722:24-723:3; 723:8; 724:12-20; 725:1.

## CONCLUSION

For these reasons, the Court should exclude Plaintiffs' designations of Mr. Prevoznik's 30(b)(6) deposition testimony where he lacks personal knowledge, as identified on Appendix A to this motion, because they are inadmissible under the Federal Rules of Evidence.[10]

Dated:  May 2, 2021

Respectfully Submitted,

**AmerisourceBergen Drug Corporation**
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com

---

[10] Defendants do not concede that Mr. Prevoznik has personal knowledge relating to matters after he joined the Office of Diversion Control in 2012.

9

***McKesson Corporation***
By Counsel:

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*/s/ Timothy C. Hester*
Timothy C. Hester
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

*Cardinal Health, Inc.*
By Counsel:

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
jwicht@wc.com

Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 2nd day of May, 2021, the foregoing

*Motion To Exclude The Rule 30(b)(6) Deposition Testimony Of Thomas Prevoznik* was served

using the Court's CM/ECF system, which will send notification of such filing to all counsel of

record.

*/s/ Gretchen M. Callas*