**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
|       Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|       Defendants. | |
| _____ | |
| CABELL COUNTY COMMISSION, | |
|       Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|       Defendants. | |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. RAHUL GUPTA**

A true hybrid witness is a percipient witness, and two things must be true about his proposed testimony:  that his opinions are based (1) on "personal knowledge and observations," and (2) not on "facts supplied by others."[1]  Plaintiffs' Opposition offers an attenuated view of "personal knowledge" and altogether ignores the rule that a hybrid witness may not express opinions based on "facts supplied by others," and certainly not based on third-party medical

---

[1]    *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6-7 (1st Cir. 2011).

literature.  Such opinions are quintessential retained-expert opinions, subject to the procedural protections of Rule 26(a)(2)(B) and *Daubert*.

1.    **NAS and "gateway" opinions**.  On April 15, 2021, in the Court-ordered, follow-up deposition, Dr. Gupta admitted that his opinions about the "gateway" theory and neonatal abstinence syndrome (NAS) were based on third-party research (i.e., hearsay).  Regarding prescription opioids as a gateway drug, he cited work by four researchers,[2] and regarding NAS, he cited two,[3] though he referred to none of the papers by their titles.  Plaintiffs did not disclose this medical literature before the April 15 deposition, so Defendants had no chance to prepare to examine Dr. Gupta about it.  And Plaintiffs did not produce the articles at the deposition, so Defendants could not make even a last-minute, on-the-fly review in order to question Dr. Gupta about the materials. That ambush—less than three weeks before trial[4]—is precisely the reason a non-retained expert, who fails to provide an expert report, may not offer opinions based on research by others.

Dr. Gupta claims that his opinions on gateway theory and NAS were informed, not solely by this medical literature first mentioned at his deposition, but also by facts he learned from others as state health officer (also hearsay).  But there is no way to disentangle the two, certainly not at this late date.  If Plaintiffs wanted to present Dr. Gupta's opinions on gateway theory and NAS, they had a year to serve an expert report that disclosed the studies on which he relies for

---

[2]   Dr. Gupta referred to, and relied on, publications by "Theo Cicero," "Sarah Mars," "Chris Jones at CDC," and "Beth Han at JAMA Psychiatry." *See* Gupta Tr. Excerpts, Dkt. No. 1293-1 at 118:2–15, 119:9–13, 121:14–20, 139:3–23.

[3]   Dr. Gupta referred to, and relied on, publications by "Doctor Stefan Maxwell" of CAMC and "Stephen Patrick at Vanderbilt and others." *Id.* 167:4–168:19, 169:15–24.

[4]   Plaintiffs suggest that this flagrant disclosure violation could be cured less than three weeks before trial (and months after Defendants protested their discovery violations with respect to Dr. Gupta). The suggestion refutes itself.

his opinions. They failed to do so even after the issue arose last fall. There is no room under Rule 26 to admit the opinions now.

2. **Causation**.  Defendants seek to exclude Dr. Gupta's opinion that the large volume/"over-supply" of prescription opioids caused addiction and overdose deaths.  Plaintiffs' first response is a non sequitur:  the "social autopsy" report that Dr. Gupta oversaw, they say, "showed a strong connection between overdose deaths and prescription opioid use."  Opp. 10. But that is not the causal connection at issue in his Opinions 1, 7, 12 & 18.  Those four opinions concern the purported causal connection between the "over-supply" of prescriptions opioids and overdose deaths.  But the "social autopsy" report drew no conclusions about a purported oversupply.  Even if it had, Dr. Gupta was not involved in preparing the report or its conclusions; at best, his opinion is one based on "facts supplied by others."

Plaintiffs' second response is that Dr. Gupta's causation opinion is based on "his understanding of the pill supply that he obtained as Commissioner through available prescription data."  Opp. 11.  Again, this is an opinion based on "facts supplied by others."  And it is an after-the-fact opinion (like that of any retained expert), as Plaintiffs do not point to any document or occasion when Dr. Gupta expressed Opinions 1, 7, 12 & 18 before this litigation.  Moreover, what he cites as personal knowledge cannot serve as the basis for a causation opinion.  The quoted deposition testimony, *id.*, makes clear that what he observed is a mere correlation.[5] And it is axiomatic that correlation does not establish causation.  *Verisign, Inc. v. XYZ.COM LLC*, 848 F.3d 292, 300 (4th Cir. 2017) (excluding expert testimony that "failed to distinguish between "correlation" and "causation").

---

[5]    Opp. 11 (quoting Ex. A at 113:5-114:14) ("the total volume … had a direct relationship and a correlation with the death and destruction;" "That is probably the closest way for a public health commissioner like me to be able to correlate").

3.      "**Inappropriate**" **prescriptions**. Plaintiffs do not deny that, in opining that inappropriate opioids prescriptions "dwarfed" appropriate prescriptions, Dr. Gupta is inherently expressing an opinion about the standard of care, and also how often it was violated.  Plaintiffs state that this opinion is "based on his experience and observation as State Health Commissioner and that the prescription drug supply vastly exceeded the amount of possibly legitimate prescription [*sic*]."  Opp. 15.  Plaintiffs do not explain what Dr. Gupta observed as Commissioner of the Bureau for Public Health, which does not oversee doctors, that permits him to opine from personal experience about the extent of doctors' compliance with the prevailing standard of care.  As Dr. Gupta acknowledged in his deposition, the standard of care changed in the late 1990s to endorse a more permissive approach to prescribing opioids.[6]  Thus, when he opines now that inappropriate prescriptions exceeded appropriate prescriptions, he is inevitably looking in the rear-view mirror and giving an after-the-fact opinion.  The fact that he launched the "social autopsy" as Health Commissioner does not make his opinion that of a percipient witness any more than a hospital president's directive to conduct a peer review makes him a percipient witness of what went wrong in the operating room.  The opinions that a hospital president forms after reading the peer review are opinions drawn from "facts supplied by others." And so are Dr. Gupta's opinions about the volume of inappropriate prescriptions.

4.      **The nature of addiction**.  Plaintiffs do not claim that Dr. Gupta has any expertise in addiction medicine, or any experience in treating addiction, which alone should disqualify him from offering opinions about addiction.  They acknowledge that his "addiction opinions substantially overlap with his gateway theory opinions," Opp. 16, which is a further reason to

---

[6]     *See* Gupta Tr. Excerpt, Dkt. No. 1293-1 at 147:4-6 ("[W]e had a standard of care in the 2000s and late '90s which actually treated pain as a vital sign.").

exclude them.  Like those opinions, his addiction opinions depend on medical literature never

disclosed.  As the deposition excerpt quoted by Plaintiffs reflects, what Dr. Gupta personally

observed was not sufficient to form a reliable opinion.  It was the fact that "our findings matched

what was being published" (*id.*, quoting Ex. B at 118:17-120:7) that allowed him to conclude

that addiction to prescription opioids leads to heroin and fentanyl addiction.

Dated: May 3, 2021

Respectfully submitted,

*/s/ Steven R. Ruby*
Michael W. Carey (WVSB No. 635)
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
Raymond S. Franks II (WVSB No. 6523)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
drpogue@cdkrlaw.com
rsfranks@cdkrlaw.com

*/s/ Ashley W. Hardin*
Enu Mainigi
F. Lane Heard III
Jennifer G. Wicht
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
emainigi@wc.com
lheard @wc.com
jwicht@wc.com
ahardin@wc.com

*Counsel for Cardinal Health, Inc.*

*/s/ Timothy C. Hester*
Timothy C. Hester (DC 370707)
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com


*s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*Counsel for McKesson Corporation*


*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

<u>/s/ Robert A. Nicholas</u>
Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com

*Counsel for AmerisourceBergen Drug Corporation*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 3rd day of May, 2021, the foregoing "Reply in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Rahul Gupta" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Steve Ruby
Steven R. Ruby (WVSB #10752)