| *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | | | |
|---|---|---|---|---|---|---|
| *Page/Line* | | *Page/Line End* | | *Objections* | *Objection Notes* | *Plaintiffs' Replies* |
| 15 | 14 | 15 | 24 | | | n/a |
| 16 | 9 | 16 | 12 | | | n/a |
| 32 | 19 | 32 | 21 | | | n/a |
| 32 | 23 | 33 | 3 | | | n/a |
| 33 | 14 | 33 | 22 | | | n/a |
| 33 | 24 | 33 | 25 | | | n/a |
| 35 | 15 | 36 | 3 | | | n/a |
| 36 | 14 | 36 | 18 | LG, SC | | LG (Legal Conclusion) is not applicable as: a) the testimony involves factual information regarding McKesson's knowledge and/or notice of applicable regulations (its "reporting" requirement), b) knowledge and/or notice of regulatory obligations are not legal conclusions, c) the witness was familiar with the publication at issue (*see* testimony at 32:33-33:3), d) the publication was made in the Federal Register to provide the precise notice and knowledge about which the witness is being questioned (*see* 80 Fed. Reg. 55418 ), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (d) "Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)"; topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence"). Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris v. Goins* , No. 6: 15-151-DCR, 2017 WL 4080692, *2 (E.D. Ky. Sep. 14, 2017) ("Rule 30(b)(6) does not limit what can be asked at a deposition") (citing *King v. Pratt & Whitney, a Div. of United Technologies Corp* ., 161 F.R.D. 475, 476 (S.D. Fla. 1995)). |
| 36 | 20 | 36 | 22 | LG, SC | | Same as above. |
| 36 | 24 | 37 | 2 | LG, SC | | Same as above. |
| 37 | 4 | 37 | 4 | LG, SC | | Same as above. |
| 37 | 19 | 37 | 25 | | | n/a |
| 38 | 5 | 38 | 17 | LG, SC | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's knowledge and/or notice of applicable regulations (its "shipping" requirement), b) knowledge and/or notice of regulatory obligations are not legal conclusions, c) the witness was familiar with the publication at issue (*see* testimony at 32:33-33:3), d) the publication was made in the Federal Register to provide the notice and knowledge about which the witness is being questioned (*see* 80 Fed. Reg. 55418 ), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (d) "Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)"; topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; and topic (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence"). Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 38 | 19 | 38 | 19 | LG, SC | | Same as above. |
| 38 | 24 | 38 | 25 | | | n/a |
| 39 | 5 | 39 | 5 | | | n/a |
| 39 | 19 | 40 | 8 | | | n/a |

Exhibit A         1

| | | | | | | |
|---|---|---|---|---|---|---|
| 40 | 10 | 40 | 10 | | | n/a |
| 40 | 12 | 40 | 19 | | | n/a |
| 40 | 21 | 40 | 21 | | | n/a |
| 40 | 23 | 41 | 14 | | | n/a |
| 41 | 16 | 41 | 16 | | | n/a |
| 41 | 18 | 42 | 3 | | | n/a |
| 42 | 5 | 42 | 5 | | | n/a |
| 42 | 23 | 43 | 12 | | | n/a |
| 43 | 14 | 43 | 17 | | | n/a |
| 43 | 19 | 44 | 3 | X | X - Misstates the document | This is an objection to the form of the question, and no objection was made to the first few questions in this designation.  Thus, the objection is waived.  Moreover, the language from the document is the equivalent of that from the question, and in fact is almost identical.  The minor difference, which is inconsequential, is using "break the law" instead of "illegal". |
| 44 | 5 | 44 | 5 | X | X - Misstates the document | The language from the document is the equivalent of that from the question, and in fact is almost identical.  The minor difference, which is inconsequential, is using "break the law" instead of "illegal". |
| 45 | 8 | 47 | 2 | | | n/a |
| 47 | 4 | 47 | 4 | | | n/a |
| 47 | 6 | 47 | 11 | E, S, SC, H | | E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's knowledge and/or notice of applicable regulations.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address impact of drug abuse); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed, among other things, impact of drug abuse).  *See e.g.*, Hartle 7/31/2018 Dep. Exs. 12, 16, 18, 29, 42, 43.  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2.<br><br>S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with substantial expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. The testimony does not indicate that the witness is guessing or speculating.  In fact, McKesson has produced and given PowerPoint presentations surrounding the topic (*see e.g.*, Hartle 7/31/2018 Dep. Exs. 18, 29, 42, 43), and as testified, McKesson affirmatively agreed with the information at issue.<br><br>H (Hearsay) is inapplicable as this does not fit the definition of hearsay. Also, the testimony is not for the truth of the underlying matter, but rather for McKesson's notice, knowledge and/or acceptance of the Government's position regarding the regulation.  Further, even if considered hearsay, it would fall under an exception to hearsay.  *See* FRE 803(8). |
| 47 | 13 | 47 | 13 | E, S, SC, H | | Same as above. |
| 47 | 15 | 47 | 22 | | | n/a |
| 47 | 24 | 47 | 25 | | | n/a |
| 49 | 15 | 49 | 24 | | | n/a |
| 50 | 1 | 50 | 1 | | | n/a |
| 50 | 3 | 50 | 7 | | | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | E (Improper Expert Opinion) is not applicable.  The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's knowledge and/or notice of applicable regulations.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701. <br><br> SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See*  Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address impact of drug abuse); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed, among other things, impact of drug abuse).   *See e.g.*, Hartle 7/31/2018 Dep. Exs. 12, 16, 18, 29, 42, 43.  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2. <br><br> S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. The testimony does not indicate that the witness is guessing or speculating.  In fact, McKesson has produced and given PowerPoint presentations surrounding the topic (*see e.g.*, Hartle 7/31/2018 Dep. Exs. 18, 29, 42, 43), and as tetified, McKesson affirmatively agreed with the information at issue. |
| 51 | 4 | 51 | 9 | E, SC, S | | |
| 51 | 11 | 51 | 11 | E, SC, S | | Same as above. |
| | | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's knowledge and/or notice of applicable regulations (i.e., obligations of distributors to maintain effective controls against diversion), b) knowledge and/or notice of regulatory obligations are not legal conclusions, c) the witness was familiar with the regulation at issue (as shown from the testimony), d) the regulation is publicly available, and/or ) even if considered a legal conclusion, the testimony is admissible under FRE 704.   *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). <br><br> SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See*  Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address impact of drug abuse); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed, among other things, the obligation at issue,  *see e.g.*, Hartle 7/31/2018 Dep. Ex. 16), and (m) "Your past/present programs, policies and procedures relating to 'maintenance of effective controls against diversion' (21 USC§ 823)" (the very regulation at issue in the testimony).   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2. <br><br> X (Improper Narrative) is inapplicable as this question tracks the U.S. Code.  To the extent it is not verbatim, there is no substantive change.  Using "McKesson" (which is a distributor") instead of the "distributor") does not change the meaning or substance. |
| 52 | 12 | 52 | 25 | LG, SC, X | X - Improper narrative by counsel (52:12-21) | |
| 53 | 3 | 53 | 3 | LG, SC | | With respect to LG & SC - same as above. |
| 53 | 10 | 53 | 24 | | | n/a |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of background and purpose underlying applicable regulations, b) knowledge and/or notice of the background and/or basis for regulatory obligations are not legal conclusions, c) the witness was familiar with the regulation at issue (as shown from the testimony), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). <br><br> SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the regulation at issue); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the regulation at issue,  *see e.g.* , Hartle 7/31/2018 Dep. Ex. 16, 18, 29. 42, 43); (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time".  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. <br><br> E (Improper Expert Opinion) is not applicable.  The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's knowledge and/or notice of the background and purpose of applicable regulations.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701. <br><br> H (Hearsay) is inapplicable as this does not fit the definition of hearsay. Also, the testimony is not for the truth of the underlying matter, but rather for McKesson's notice, knowledge and/or acceptance of the Government's position regarding the regulation.  Further, even if considered hearsay, it would |
| 55 | 2 | 55 | 21 | LG, SC, E, H | fall under an exception to hearsay.  FRE 803(8). |
| 55 | 23 | 55 | 23 | LG, SC, E, H | Same as above. |
| 56 | 24 | 57 | 2 | | n/a |
| 57 | 4 | 57 | 5 | | n/a |
| 57 | 7 | 57 | 14 | | n/a |
| 57 | 16 | 57 | 17 | | n/a |
| | | | | | S (Speculation) is not applicable because the question seeks and the testimony provides McKesson's notice and/or understanding of the consequences of not following the CSA.  Also, the witness was familiar with the regulation at issue (as shown from the testimony). <br><br> E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's knowledge and/or notice of the consequences of violating (as well as background and purpose of) applicable regulations.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701. <br><br> SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the consequences of violating the regulations at issue, ); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the consequences of violating the regulations at |
| 58 | 18 | 59 | 5 | S, E, SC (59:3-59:5) | issue, *see e.g.* , Hartle 7/31/2018 Dep. Exs. 16, 18, 29, 42, 43).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 59 | 7 | 59 | 8 | S, E, SC | Same as above. |
| 59 | 15 | 59 | 23 | | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | S (Speculation) is not applicable because the question seeks, and the testimony provides, McKesson's notice and/or understanding of the consequences of not following (as well as background and purpose of) the CSA.  Also, the witness was familiar with the regulation at issue (as shown from the testimony).<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the consequences of violating the regulations at issue); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the consequences of violating the regulations at issue,  *see e.g.* , Hartle 7/31/2018 Dep. Ex. 16, 18, 29. 42, 43).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2.<br><br>H (Hearsay) is inapplicable as this does not fit the definition of hearsay. Also, the testimony is not for the truth of the underlying matter, but rather for McKesson's notice, knowledge and/or acceptance of the Government's position (as well as the consequences of violating and purpose/basis) regarding the regulation.  Further, even if considered hearsay, it would fall under an exception to hearsay.  FRE 803(8).<br><br>E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's knowledge and/or notice of the consequences of violating (as well as background and purpose of) applicable regulations.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701. |
| 60 | 2 | 60 | 3 | S, SC, H, E | | |
| 60 | 5 | 60 | 5 | S, SC, H, E | | Same as above. |
| | | | | | | SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the consequences of violating the regulations at issue); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the consequences of violating the regulations at issue, see e.g., Hartle 7/31/2018 Dep. Ex. 16, 18, 29. 42, 43).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>S (Speculation) is not applicable because the question seeks, and the testimony provides, McKesson's notice and/or understanding of the consequences of not following (as well as background and purpose of) the CSA.  Also, the witness was familiar with the regulation at issue (as shown from the testimony). |
| 60 | 7 | 60 | 10 | SC, S | | |
| 60 | 12 | 60 | 12 | SC, S | | Same as above. |
| 60 | 14 | 60 | 16 | SC, S | | Same as above. |
| 62 | 21 | 63 | 1 | SC, S | | Same as above. |
| 63 | 3 | 63 | 3 | SC, S | | Same as above. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 78 | 4 | 78 | 8 | LG, SC | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations, b) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, c) the witness was familiar with the regulation at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the regulation at issue); topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the regulations at issue,  *see e.g* ., Hartle 7/31/2018 Dep. Ex. 16); topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time".  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 78 | 10 | 78 | 10 | LG, SC | | Same as above. |
| 84 | 10 | 84 | 16 | LG, SC | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's position on its responsibilities, b) the witness was familiar with the responsibilities at issue (as shown from the testimony), and/or c) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the responsibilities at issue); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the responsibilities at issue,  *see e.g* ., Hartle 7/31/2018 Dep. Ex. 16).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 84 | 18 | 84 | 20 | LG, SC | | Same as above. |
| 84 | 22 | 84 | 24 | LG, SC | | Same as above. |
| 85 | 2 | 85 | 7 | LG, SC | | Same as above. |
| 85 | 9 | 85 | 9 | LG, SC | | Same as above. |
| 85 | 13 | 85 | 14 | | | n/a |
| 86 | 6 | 86 | 24 | SC, F, R | | SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances) and topic (j) "How Your policy, procedures, standards and metrics used to identify suspicious orders has changed over time".  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2.<br><br>F (Lack of Foundation) is not supported.  The foundation is provided by the testimony and/or document itself.  Further, McKesson was actually present at and provided input during the hearing at issue.  Moreover, the witness is testifying as McKesson, with all of McKesson's knowledge, and as a company (and individual witness) with vast knowledge, experience, and expertise  in controlled substances and related regulations, the witness was capable of answering, as shown by the testimony herein and throughout.<br><br>R (Lack of Relevance) is not supported.  The material at issue provides background for the issues with opioids and the regulations implemented.  Further, it addresses Mckesson's involvement, notice and knowledge of these issues. |
| 88 | 17 | 88 | 23 | SC, F, R | | Same as above. |
| 89 | 11 | 90 | 13 | SC, F, R | | Same as above. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 90 | 15 | 90 | 16 | SC, F, R | | Same as above. |
| 90 | 18 | 90 | 20 | LG, SC, R, S | | See above, and: LG (Legal Conclusion) and S (Speculation) are not applicable because: a) the testimony involves factual information (which is patently accurate), b) the witness was familiar with this factual information, and/or c) the answer indicates that the witness is not speculating. |
| 90 | 22 | 90 | 22 | LG, SC, R, S | | Same as above. |
| 91 | 11 | 91 | 15 | LG, SC | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's position on its responsibilities, b) the witness was familiar with the responsibilities at issue (as shown from the testimony), and/or c) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the responsibilities at issue); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the responsibilities at issue, see e.g., Hartle 7/31/2018 Dep. Ex. 16).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2. |
| 91 | 17 | 91 | 17 | LG, SC | | Same as above. |
| 91 | 19 | 91 | 25 | | | n/a |
| 92 | 6 | 92 | 9 | | | n/a |
| 92 | 11 | 92 | 11 | | | n/a |
| 92 | 22 | 93 | 4 | | | n/a |
| 93 | 6 | 93 | 6 | | | n/a |
| 96 | 6 | 96 | 7 | | | n/a |
| 96 | 19 | 96 | 24 | | | n/a |
| 97 | 1 | 97 | 1 | | | n/a |
| 97 | 3 | 97 | 9 | | | n/a |
| 107 | 19 | 107 | 24 | | | n/a |
| 108 | 1 | 108 | 2 | | | n/a |
| 108 | 4 | 108 | 6 | | | n/a |
| 110 | 18 | 110 | 21 | | | n/a |
| 111 | 16 | 111 | 22 | | | n/a |
| 111 | 25 | 112 | 1 | | | n/a |
| 112 | 3 | 112 | 3 | | | n/a |
| 112 | 5 | 112 | 5 | | | n/a |
| 112 | 7 | 112 | 8 | | | n/a |
| 112 | 10 | 112 | 10 | | | n/a |
| 119 | 8 | 119 | 12 | | | n/a |
| 119 | 15 | 119 | 17 | | | n/a |
| 119 | 19 | 119 | 20 | | | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | LG (Legal conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations, b) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, c) the witness was familiar with the regulation at issue (as shown from the testimony), d) the testimony tracks McKesson's written policy regarding the very topic (Hartle 7/31/2018 Dep. Ex. 12 at p. 4), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704.<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the topic at issue, Hartle 7/31/2018 Dep. Ex. 12 at p. 4); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the regulations at issue, see e.g., Hartle 7/31/2018 Dep. Ex. 16); topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time".  Also, Plaintiffs were not limited to questioning Mr. Hartle on |
| 128 | 9 | 128 | 24 | LG, SC (128:20-24) | | matters specifically included in those notices.  Harris, 2017 WL 4080692, *2. |
| 129 | 2 | 129 | 2 | LG, SC | | Same as above. |
| 129 | 4 | 129 | 7 | LG, SC | | Same as above. |
| 150 | 1 | 150 | 3 | | | n/a |
| 150 | 10 | 150 | 17 | | | n/a |
| 150 | 19 | 150 | 20 | | | n/a |
| | | | | | | S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. The testimony does not indicate that the witness is guessing or speculating.  In fact, McKesson has policies and procedures on the topic, and has produced and given PowerPoint presentations surrounding the topic (see e.g., Hartle 7/31/2018 Dep. Exs. 12, 18, 29, 42, 43).<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended second notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 2 at 9 (e.g., topic 19: "Each order of a prescription opiate from an online pharmacy in the United States from 1995 to the present and whether each was declined, shipped and/or reported as well as the due diligence performed arising out of each suspicious order reported to the DEA.").  The testimony also addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7.  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>F (Lack of Foundation) is not applicable.  This was direct questioning and itself laid foundation.  Further, to the extent any other foundation was required, it was contained in surrounding questioning and testimony.  Moreover, the witness was testifying on behalf of McKesson, with all of McKesson's knowledge.  As a company (and individual witness) with vast experience and specific expertise with controlled substances and related |
| 150 | 22 | 150 | 24 | S, SC, F | | regulations, evidence of the requisite knowlege to answer was provided, as demonstrated by the answers as well as the testimony throughout. |
| 151 | 1 | 151 | 1 | S, SC, F | | Same as above. |
| 152 | 20 | 153 | 2 | | | n/a |
| 153 | 5 | 153 | 6 | | | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | R (Lack of Relevance) is not applicable. The material provides background information regarding the drug distribution system, as well as information regarding McKesson's notice, knowledge and/or acceptance of diversion, as well as the regulations and/or consequences relating to same.  Also, it provides background for the issues with opioids, the respective regulations, and foreseeable consequences relating to diversion.<br><br>F (Lack of Foundation) is not applicable.  The foundation is provided by the document itself as well as in the surrounding deposition questions and testimony.  Further, McKesson had a representative present at and provided input during the hearing at issue.  Moreover, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers as well as the testimony throughout.<br><br>SC (Outside Scope) is not applicable.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the topic at issue); topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices. Harris, 2017 WL 4080692, *2.<br><br>H (Hearsay) is inapplicable as this does not fit the definition of hearsay. Also, the testimony is not for the truth of the underlying matter, but rather for McKesson's notice, knowledge and/or acceptance of diversion, as well as the regulations and/or consequences relating to same.  Further, even if |
| 153 | 8 | 153 | 11 | R, F, SC, H | | considered hearsay, it would fall under one or more exceptions to hearsay.  See e.g., FRE 801(d)(2), 803(8). |
| 153 | 15 | 155 | 2 | R, F, SC, H | | Same as above. |
| 155 | 5 | 155 | 24 | R, F, SC, H | | Same as above. |
| 157 | 13 | 157 | 24 | R, F, SC, H, X | X - Assumes Facts (157:22-24) | See above. Also, the facts were not assumed but rather were otherwise established through other testimony and exhibits.   See e.g. , Hartle 7/31/2018 Dep. Ex. 25 (2008 Settlement and MOA between McKesson and DOJ); Hartle 7/31/2018 testimony at 254:25-255:10, 258:20-259:1, 261:9-24. |
| 158 | 1 | 158 | 2 | R, F, SC, H | | Same as above. |
| 159 | 19 | 160 | 11 | | | n/a |
| 161 | 19 | 161 | 22 | | | n/a |
| 163 | 24 | 164 | 11 | | | n/a |
| 165 | 10 | 165 | 12 | LG, SC | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), d) the testimony is consistent with McKesson's written policies regarding the topic ( see e.g. , Hartle 7/31/2018 Dep. Ex. 12), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported. The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris , 2017 WL 4080692, *2. |
| 165 | 14 | 165 | 16 | LG, SC | | Same as above. |
| 165 | 18 | 165 | 19 | LG, SC | | Same as above. |
| 165 | 21 | 165 | 21 | LG, SC | | Same as above. |
| 165 | 23 | 166 | 12 | | | n/a |
| 166 | 14 | 166 | 14 | | | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| 166 | 16 | 167 | 2 | LG, SC | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), d) the testimony is consistent with McKesson's written policies regarding the topic ( *see e.g.* , Hartle 7/31/2018 Dep. Ex. 12), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 167 | 4 | 167 | 5 | LG, SC | | Same as above. |
| 167 | 7 | 168 | 11 | LG, SC (168:4-11) | | Same as above. |
| 168 | 13 | 168 | 13 | LG, SC | | Same as above. |
| 168 | 15 | 169 | 2 | LG, SC (169:1-2) | | Same as above. |
| 169 | 4 | 169 | 5 | LG, SC | | Same as above. |
| 169 | 7 | 169 | 16 | LG, SC | | Same as above. |
| 169 | 18 | 169 | 18 | LG, SC | | Same as above. |
| 170 | 4 | 170 | 15 | | | n/a |
| 179 | 17 | 179 | 18 | | | n/a |
| 180 | 10 | 180 | 18 | | | n/a |
| 181 | 7 | 181 | 12 | | | n/a |
| 181 | 14 | 181 | 15 | | | n/a |
| 187 | 25 | 188 | 5 | | | n/a |
| 191 | 11 | 191 | 13 | | | n/a |
| 191 | 15 | 191 | 20 | | | n/a |
| 192 | 7 | 192 | 14 | | | n/a |
| 192 | 18 | 192 | 19 | | | n/a |
| 192 | 22 | 193 | 3 | | | n/a |
| 197 | 14 | 197 | 23 | LG, SC | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), d) the testimony is consistent with McKesson's written policies regarding the topic ( *see e.g* , Hartle 7/31/2018 Dep. Ex. 12), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 198 | 5 | 198 | 8 | LG, SC | | Same as above. |
| 198 | 10 | 198 | 11 | LG, SC | | Same as above. |
| 198 | 13 | 198 | 14 | LG, SC | | Same as above. |
| 201 | 15 | 201 | 18 | LG, SC | | Same as above. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 201 | 21 | 201 | 22 | LG, SC | | Same as above. |
| 201 | 24 | 201 | 24 | | | n/a |
| 202 | 2 | 202 | 3 | | | n/a |
| 202 | 7 | 202 | 7 | LG, SC | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (d) "Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)"; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence prior to Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)").   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 202 | 9 | 202 | 9 | LG, SC | | Same as above. |
| 203 | 7 | 203 | 11 | LG, SC | | Same as above. |
| 203 | 15 | 203 | 16 | LG, SC | | Same as above. |
| 203 | 18 | 203 | 19 | | | n/a |
| 203 | 21 | 203 | 22 | | | n/a |
| 203 | 24 | 203 | 25 | LG, SC | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (d) "Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)"; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence prior to Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 204 | 13 | 204 | 19 | | | n/a |
| 204 | 24 | 205 | 1 | | | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony merely confirms and/or explains what McKesson represented to the DEA, b) the testimony is consistent with the document and what McKesson wrote to the DEA, c) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, d) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, e) the witness was familiar with the topic at issue (as shown from the testimony), and/or f) even if considered a legal conclusion, the testimony is admissible under FRE 704.  S *ee also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a.) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures"; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (j.) "How Your policy, procedures, standards and metrics used to identify suspicious orders has changed over time"; (k.) "Your policies, procedures, standards and metrics used to set and/or alter thresholds"; (m.) "Your past/present programs, policies and procedures relating to "maintenance of effective controls against diversion" (21 USC§ 823)").   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 205 | 3 | 205 | 6 | LG, SC, X | X - assumes facts, misstates the document | X (assumes facts, misstates the document) is not supported.  The letter at issue, written on behalf of McKesson to the DEA, states that it is in response to a pending order to show cause.  *See* Hartle 7/31/2018 Dep. Ex. 17 at 1.  As such, the question does not misstate the basis for McKesson writing the letter to the DEA, and the testimony confirms same. |
| 205 | 8 | 205 | 9 | LG, SC, X | X - assumes facts, misstates the document | Same as above. |
| 208 | 12 | 208 | 22 | | | n/a |
| 208 | 24 | 208 | 25 | | | n/a |
| 210 | 21 | 210 | 23 | S, X | X- Incomplete hypothetical | S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  Further, the testimony involves McKesson's policies and procedures, the terms of which are confirmed by the testimony.<br><br>X (Incomplete Hypothetical) is not supported.  The true hypothetical at issue is whether McKesson should have documentation if a customer exceeds the thresholds set by McKesson.  No further information is required for the meaning of the hypothetical. |
| 210 | 25 | 211 | 1 | S, X | X- Incomplete hypothetical | Same as above. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). <br><br> SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a.) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures"; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (h) "Your past/present policies and procedures related to due diligence following the detection of a suspicious order"; (l.) "Your policies and procedures used to perform due diligence related to new and existing buyers of controlled substances").   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. <br><br> S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  Further, the testimony involves the regulations under which McKesson operates as well as McKesson's notice, knowledge and position regarding DEA enforcement, which is confirmed by the testimony.   Also, the witness was not speculating as the facts (including the DEA's allegations against McKesson and McKesson's settlements regarding same) were  already established and known.  *See e.g.* , Hartle 7/31/2018 Dep. Ex. 25 (2008 Settlement and MOA between McKesson and DOJ); Hartle 7/31/2018 Dep. Exs. 35-37 (2017 Settlement and MOA documents between McKesson and DOJ); Hartle 7/31/2018 testimony at 254:25-255:10, 258:20-259:1, 261:9-24; 306-309. |
| 211 | 11 | 211 | 16 | LG, SC, S | | |
| 211 | 19 | 212 | 2 | LG, SC, S | | Same as above. |
| 212 | 4 | 212 | 5 | LG, SC, S | | Same as above. |
| 213 | 16 | 213 | 19 | LG, SC, S | | Same as above. |
| 213 | 22 | 213 | 23 | LG, SC, S | | Same as above. |
| 213 | 25 | 214 | 4 | LG, SC, S | | Same as above. |
| 214 | 6 | 214 | 7 | LG, SC, S | | Same as above. |
| 214 | 9 | 214 | 11 | LG, SC | | Same as above. |
| 214 | 14 | 214 | 15 | LG, SC | | Same as above. |
| 215 | 11 | 215 | 12 | | | n/a |
| 215 | 23 | 216 | 6 | | | n/a |
| 216 | 22 | 217 | 1 | | | n/a |
| 220 | 22 | 220 | 24 | | | n/a |
| 221 | 1 | 221 | 1 | | | n/a |
| 227 | 7 | 227 | 12 | | | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's own policies and PowerPoint document as well as McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as how the DEA views the applicable regulations and standards, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards (including how the DEA views same) are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a.) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures"; (b.) "Your past/present "Know Your Customer" program, policies and procedures; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (h) "Your past/present policies and procedures related to due diligence following the detection of a suspicious order"; (l.) "Your policies and procedures used to perform due diligence related to new and existing buyers of controlled substances").  Also, Plaintiffs were not limited to |
| 227 | 21 | 227 | 24 | LG, SC | | questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 228 | 2 | 228 | 4 | LG, SC | | Same as above. |
| 228 | 6 | 228 | 11 | LG, SC | | Same as above. |
| 246 | 25 | 247 | 8 | | | n/a |
| 247 | 10 | 247 | 11 | | | n/a |
| | | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards as well as how the DEA views the applicable regulations and standards, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards (including how the DEA views same) are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law".).  Also, Plaintiffs were not limited to |
| 249 | 24 | 250 | 5 | LG, SC | | questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2. |
| 250 | 7 | 250 | 8 | LG, SC | | Same as above. |
| 250 | 18 | 251 | 5 | LG, SC | | Same as above. |
| 251 | 7 | 251 | 7 | LG, SC | | Same as above. |
| 251 | 9 | 251 | 11 | LG, SC | | Same as above. |
| 251 | 13 | 251 | 13 | LG, SC | | Same as above. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 254 | 25 | 255 | 13 | 408 | | FRE 408 is inapplicable as the settlement in question involved a separate litigation/matter.  This is also plain from the language of the rule, which repeatedly references "prov[ing] or disprov[ing] the validity or amount of a disputed claim" by offering evidence of conduct that occurred while attempting to resolve "the claim." *See* FRE 408(a)(1) and (2).  Also, Rule 408's protection applies only to the communications made during settlement negotiations; existence of the settlement itself is not privileged. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.* , 332 F.3d 976, 981-82 (6th Cir. 2003). Thus, the content and terms of a final settlement agreement are generally admissible. *See e.g., Wilson v. Prime Source Healthcare of Ohio* , No. 1:16-cv-1298, 2018 WL 1127653, at *7 (N.D. Ohio Mar. 2, 2018) (citing Goodyear, finding the negotiations, not the final settlement terms, are protected).  Even if FRE 408 applied, the settlement is admissible for "another purpose," such as to show McKesson's knowledge or notice of regulations and/or potential harm. Fed. R. Evid. 408(b) and Committee Notes on 2006 amendment.  *See Johnson v. Hugo's Skateway* , 949 F.2d 1338, 1346 (4th Cir. 1991) ("[T]he admission of the consent decree was not violative of Rule 404(b)").  *See also, Croskey v. BMW of N. Am., Inc.* , 532 F.3d 511, 519 (6th Cir. 2008) (affirming the admission of evidence of settlements to prove a party's state of mind); *United States v. Austin* , 54 F.3d 394, 400 (7th Cir. 1995) (affirming the admission of defendant's settlement with the FTC to show defendant was on notice that his subsequent similar conduct was wrongful).  Further, the MDL Court previously ruled that this evidence was admissible.  *See*  1/3/2020 Order (MDL Doc. 3058) at 12-13. *See also* , Plaintiffs' opposition to McKesson's 4/29/2021 motion. |
| 258 | 20 | 258 | 23 | LG, SC, 408 | | LG (Legal Conclusion) is not applicable as: a) the testimony involves factual information, b) these are the terms of a contract/settlement entered into by McKesson, c) knowledge and/or notice of regulatory obligations are not legal conclusions, and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. I at 6-7 (e.g., topic (a) "past/present suspicious orders monitoring system, SOMS program, policies and procedures"; topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time; topic (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris v. Goins* , No. 6: 15-151-DCR, 2017 WL 4080692, *2 (E.D. Ky. Sep. 14, 2017) ("Rule 30(b)(6) does not limit what can be asked at a deposition") (citing *King v. Pratt & Whitney, a Div. of United Technologies Corp.* , 161 F.R.D. 475, 476 (S.D. Fla. 1995)).<br><br>FRE 408 is inapplicable for the same reasons as outlined above regarding designations at 254:25-255:13. |
| 258 | 25 | 259 | 1 | LG, SC, 408 | | Same as above. |
| 261 | 9 | 261 | 11 | S, LG, SC | | Same as above. |
| 261 | 14 | 261 | 21 | S, LG, SC | | Same as above. |
| 261 | 24 | 261 | 24 | S, LG, SC | | Same as above. |
| 262 | 2 | 262 | 2 | S, LG, SC | | Same as above. |
| 262 | 4 | 262 | 4 | S, LG, SC | | Same as above. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See*  Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (i) "metrics used to identify orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency"; (j) "How Your policy, procedures, standards and metrics used to identify suspicious orders has changed over time"; and (k) "Your policies, procedures, standards and metrics used to set and/or alter thresholds".<br><br>S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. The testimony does not indicate that the witness is guessing or speculating.  In fact, as tetified, the answer involved "common sense and basic logic".<br><br>F (Lack of Foundation) is inapplicable as it was established that McKesson (and the witness) had significant background with metrics as well as monitoring and evaluating diversion.  Importantly, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience in controlled substances and related work, McKesson should have had and did have the knowledge to answer |
| 268 | 1 | 268 | 3 | E, SC, S, F | | questions on this topic, as evidenced by the answer at issue as well as testimony throughout. |
| 268 | 5 | 268 | 7 | E, SC, S, F | | Same as above. |
| 268 | 9 | 268 | 15 | E, SC, S, F | | Same as above. |
| 271 | 14 | 271 | 18 | E, SC, S, X | X- Incomplete hypothetical | See above, and the alleged incomplete hypothetical is an objection to form, which was not raised during the deposition and is thus waived.  Also, the question was asked "in general", so there is nothing to complete.  Further, the witness did not have any problem answering the question as posed. |
| 271 | 22 | 272 | 12 | | | n/a |
| 273 | 3 | 273 | 9 | | | n/a |
| 273 | 18 | 273 | 19 | | | n/a |
| 275 | 9 | 275 | 11 | | | n/a |
| 275 | 14 | 275 | 15 | | | n/a |
| 275 | 25 | 276 | 6 | | | n/a |
| 276 | 13 | 276 | 20 | | | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony involves allowed testimony regarding McKesson's "position" regarding prior court filings made on its behalf, as well as its responsibilities under the applicable regulations, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards as well as how the DEA views the applicable regulations and standards, c) knowledge, notice and/or acceptance of regulatory obligations and/or standards (including how the DEA views same) are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)".).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>F (Foundation) is not applicable.  This was direct questioning and the response itself laid foundation.  Also, to the extent any other foundation was required, it was contained in surrounding questioning and testimony.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the testimony throughout.  Moreover, the foundation is provided by the document itself, which contains representations made on behalf of McKesson and which was identified and confirmed by the witness. |
| 277 | 8 | 277 | 13 | LG, SC, F | | |
| 277 | 18 | 278 | 2 | LG, SC, F | | Same as above. |
| 278 | 6 | 278 | 10 | LG, SC, F | | Same as above. |
| 278 | 13 | 278 | 13 | LG, SC, F | | Same as above. |
| 278 | 15 | 278 | 20 | E, SC, F | | Same as above. |
| 278 | 24 | 278 | 24 | E, SC, F | | Same as above. |
| 280 | 7 | 280 | 12 | | | n/a |
| 280 | 21 | 280 | 24 | LG, SC, X | X- Incomplete hypothetical | LG (Legal Conclusion) is not applicable because: a) the testimony involves allowed testimony regarding McKesson's "position" regarding prior court filings made on its behalf, as well as its responsibilities under the applicable regulations, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards as well as how the DEA views the applicable regulations and standards, c) knowledge, notice and/or acceptance of regulatory obligations and/or standards (including how the DEA views same) are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)".).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>X (Incomplete Hypothetical) is not supported.  The question was asked "in general", so there is nothing to complete.  Further, the witness did not have any problem answering the question as posed. |
| 281 | 2 | 281 | 4 | LG, SC, X | X- Incomplete hypothetical | Same as above. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony involves allowed testimony regarding McKesson's "position" regarding its role in the controlled substance distribution chain, its prior conduct, the opioid epidemic and/or its responsibility regarding same, b) the witness was familiar with the topic at issue (as shown from the testimony), and/or c) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors), (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)" (which confirmed the opioid epidemic and addressed responsibility of distributors)).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2.<br><br>E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's "position" regarding its role in the controlled substance distribution chain, its prior conduct, the opioid epidemic and/or its responsibility regarding same.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise  in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.  *Martin* , 313 F.R.D. at 8–9. |
| 285 | 6 | 285 | 15 | LG, SC, E | | |
| 285 | 17 | 285 | 20 | LG, SC, E | | Same as above. |
| 285 | 22 | 285 | 22 | LG, SC, E | | Same as above. |
| 285 | 24 | 286 | 12 | LG, SC, E | | Same as above. |
| 286 | 14 | 286 | 15 | LG, SC, E | | Same as above. |
| 287 | 21 | 288 | 20 | | | n/a |
| 289 | 7 | 289 | 10 | | | n/a |
| 289 | 17 | 289 | 25 | F, X | X - Misstates the document | F (Foundation) is not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department.<br><br>X (Misstates the Document) is not applicable.  The question at issue, in part, directly quotes the document itself.  Moreover, the portion of the question which summarizes the document does so accurately. |
| 290 | 2 | 290 | 2 | F, X | X - Misstates the document | Same as above. |
| 290 | 4 | 290 | 9 | | | n/a |
| 290 | 11 | 290 | 11 | | | n/a |
| 290 | 13 | 290 | 17 | | | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's "position" regarding the opioid epidemic and/or the consequences of same.  Moreover, the testimony is based upon a McKesson PowerPoint created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.   *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances and related responsibilities); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors and the opioid problems), (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)" (which confirmed the opioid epidemic and addressed responsibility of distributors)).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2.<br><br>F (Lack of Foundation) and S (Speculation) are not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise  in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department. |
| 293 | 11 | 293 | 18 | E, SC, F, S | | |
| 293 | 20 | 293 | 21 | E, SC, F, S | | Same as above. |
| 293 | 23 | 293 | 24 | E, SC, F, S | | Same as above. |
| 294 | 1 | 294 | 2 | E, SC, F, S | | Same as above. |
| 294 | 11 | 294 | 12 | E, SC, F, S | | Same as above. |
| 294 | 15 | 294 | 17 | E, SC, F, S | | Same as above. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony involves McKesson's "position" regarding applicable regulations and obligations, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and obligations, c) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), e) the testimony is consistent with McKesson's written policies regarding the topic (see e.g., Hartle 7/31/2018 Dep. Ex. 12), and/or f) even if considered a legal conclusion, the testimony is admissible under FRE 704.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances and related responsibilities); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors and the CSA), (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>F (Foundation) is not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department. |
| 294 | 19 | 295 | 10 | LG, SC, F | | |
| 295 | 12 | 295 | 13 | LG, SC, F | | Same as above. |
| 295 | 15 | 295 | 21 | SC, F | | With the exception of LG (which is not an objection to this testimony), same as above. |
| | | | | | | S (Speculation) and F (Lack of Foundation) are not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department.<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances and consequences); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors and the opioid problems), (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)" (which confirmed the opioid epidemic and addressed responsibility of distributors)).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's "position" regarding the opioid epidemic and/or the consequences of same.  Moreover, the testimony is based upon a McKesson PowerPoint created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). |
| 296 | 13 | 296 | 22 | S, SC, F, E | | |

| 296 | 24 | 296 | 25 | S, SC, F, E | | Same as above. |
|---|---|---|---|---|---|---|
| 297 | 2 | 297 | 5 | | | n/a |
| 297 | 7 | 297 | 7 | | | n/a |
| 297 | 20 | 297 | 24 | LG, SC, S | | LG (Legal Conclusion) is not applicable because: a) the testimony involves McKesson's "position" regarding applicable regulations and obligations as well as its role in the distribution chain, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and obligations as well as its role in the distribution chain, c) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), e) the testimony is consistent with McKesson's written policies regarding the topic (see e.g., Hartle 7/31/2018 Dep. Ex. 12), and/or f) even if considered a legal conclusion, the testimony is admissible under FRE 704.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances and related responsibilities); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors and the CSA), (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time").   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>S (Speculation) is not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself (which the testimony is based upon) was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department. |
| 298 | 1 | 298 | 2 | LG, SC, S | | Same as above. |
| 298 | 4 | 298 | 5 | LG, SC, S | | Same as above. |


| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | E (Improper Expert Opinion) is not applicable.  The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's "position" regarding the opioid epidemic and/or diversion.  Moreover, the testimony is based upon a McKesson PowerPoint created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances and diversion); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors, the CSA and diversion), (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>S (Speculation) is not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself (which the testimony is based upon) was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department. |
| 298 | 18 | 298 | 22 | E, SC, S | | |
| 298 | 24 | 299 | 6 | E, SC, S | | Same as above. |
| 299 | 8 | 299 | 17 | E, SC, S | | Same as above. |
| 299 | 21 | 299 | 25 | LG, SC, X | X - Misstates the document | LG (Legal Conclusion) is not applicable because: a) the testimony involves McKesson's "position" regarding DEA enforcement of applicable regulations, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and obligations as well as its role in the distribution chain, c) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), e) the testimony is consistent with McKesson's written policies regarding the topic (see e.g., Hartle 7/31/2018 Dep. Ex. 12), and/or f) even if considered a legal conclusion, the testimony is admissible under FRE 704.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that the DEA letter at issue is addressing this topic); (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence prior to Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)"; (h) "Your past/present policies and procedures related to due diligence following the detection of a suspicious order").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>X (Misstates the Document) is not applicable.  The question referencing McKesson being in trouble again with the DEA is accurate. McKesson had a history with DEA enforcement actions and paid millions to resolve same.  Moreover, the questioning involves a letter from the DEA regarding its claims against McKesson. |
| 300 | 2 | 300 | 5 | LG, SC | | With the exception of X (Misstates the Document), which is not an objection to this testimony, same as above. |
| 300 | 7 | 300 | 8 | LG, SC | | Same as above. |
| 300 | 10 | 300 | 10 | LG, SC | | Same as above. |
| 300 | 12 | 300 | 13 | LG, SC | | Same as above. |

| 300 | 17 | 300 | 25 | LG, SC | | Same as above. |
|---|---|---|---|---|---|---|
| 301 | 2 | 301 | 4 | LG, SC | | Same as above. |
| 302 | 9 | 303 | 1 | LG, SC | | Same as above. |
| 303 | 3 | 303 | 4 | LG, SC | | Same as above. |
| 305 | 17 | 305 | 24 | | | n/a |
| 306 | 3 | 306 | 18 | | | n/a |
| 307 | 12 | 307 | 17 | LG, SC, S, 408 | | LG (Legal Conclusion) is not applicable as these are the terms of a contract/settlement entered into by McKesson.  Further, knowledge and/or notice of regulatory obligations are not legal conclusions.  Also, even if considered a legal conclusion, the testimony is admissible under FRE 704.<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "past/present suspicious orders monitoring system, SOMS program, policies and procedures"; topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time; topic (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris v. Goins* , No. 6: 15-151-DCR, 2017 WL 4080692, *2 (E.D. Ky. Sep. 14, 2017) ("Rule 30(b)(6) does not limit what can be asked at a deposition") (citing *King v. Pratt & Whitney, a Div. of United Technologies Corp.* , 161 F.R.D. 475, 476 (S.D. Fla. 1995)).<br><br>S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson.  The testimony does not indicate that the witness is guessing or speculating.  Further, the testimony involves a contract/settlement entered into by McKesson, the terms of which confirm McKesson's understanding of the provisions therein.  *See e.g.* , Hartle 7/31/2018 Dep. Ex. 36 at p. 11 ("McKcsson represents that this Agreement is entered into with advice of counsel and knowledge of the events described herein.").<br><br>FRE 408 is inapplicable for the same reasons as outlined above regarding designations at 254:25-255:13. |
| 307 | 19 | 307 | 20 | LG, SC, S, 408 | | Same responses as set forth above for designations at 307:12-307:17. |
| 307 | 22 | 307 | 23 | LG, SC, S, 408 | | Same responses as set forth above for designations at 307:12-307:17. |
| 307 | 25 | 308 | 1 | LG, SC, S, 408 | | Same responses as set forth above for designations at 307:12-307:17. |
| 308 | 15 | 308 | 16 | LG, SC, S, 408 | | Same responses as set forth above for designations at 307:12-307:17. |
| 308 | 18 | 308 | 20 | LG, SC, S, 408 | | Same responses as set forth above for designations at 307:12-307:17. |
| 308 | 22 | 308 | 22 | LG, SC, S, 408 | | Same responses as set forth above for designations at 307:12-307:17. |
| 308 | 25 | 309 | 3 | LG, SC, S, 408 | | Same responses as set forth above for designations at 307:12-307:17. |
| 309 | 6 | 309 | 7 | LG, SC, S, 408 | | Same responses as set forth above for designations at 307:12-307:17. |
| 320 | 14 | 320 | 17 | E, S, SC | | See Plaintiffs' opposition brief. |
| 320 | 20 | 320 | 23 | E, S, SC | | See Plaintiffs' opposition brief. |
| 320 | 25 | 321 | 6 | E, S, SC | | See Plaintiffs' opposition brief. |
| 321 | 9 | 321 | 10 | E, S, SC | | See Plaintiffs' opposition brief. |
| 327 | 15 | 327 | 17 | S, 408 | | S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson.  The testimony indicates that the witness understands in a general sense.  Further, the testimony involves a contract/settlement entered into by McKesson, the terms of which confirm McKesson's understanding of the provisions therein.  *See e.g.* , Hartle 7/31/2018 Dep. Ex. 36 at p. 11 ("McKesson represents that this Agreement is entered into with advice of counsel and knowledge of the events described herein.").  Also, it is not speculation to ask generally if it would be a problem to violate an agreement.<br><br>FRE 408 is inapplicable for the same reasons as outlined above regarding designations at 254:25-255:13. |
| 327 | 15 | 327 | 17 | S, 408 | | Same as above. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of consequences of violating applicable regulations, b) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), d) the testimony is consistent with McKesson's written policies regarding the topic (*see e.g.*, Hartle 7/31/2018 Dep. Ex. 12), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the topics at issue); topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the issues, see e.g., Hartle 7/31/2018 Dep. Ex. 16); topic (h) "Your past/present policies and procedures related to due diligence following the detection of a suspicious order").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2.<br><br>S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. The testimony does not indicate that the witness is guessing or speculating.  In fact, McKesson has policies and procedures on the topics, and has produced and given PowerPoint presentations surrounding the topics ( *see e.g.*, Hartle 7/31/2018 Dep. Exs. 12, 18, 29, 42, 43).<br><br>E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's knowledge and/or notice of the background and purpose of applicable regulations, as well as the consequences of not following same.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  In fact, McKesson has policies and procedures addressing the topics, and has produced and given PowerPoint presentations surrounding the topics (see |
| 364 | 19 | 364 | 22 | LG, SC, S, E | | e.g., Hartle 7/31/2018 Dep. Exs. 12, 18, 29, 42, 43).  *See also, Martin*, 313 F.R.D. at 8–9. |
| 364 | 24 | 364 | 25 | LG, SC, S, E | | Same as above. |
| 365 | 22 | 365 | 24 | LG, SC, S, E | | Same as above. |
| 366 | 1 | 366 | 6 | LG, SC, S, E | | Same as above. |