IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>       Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>       Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>       Defendants. | Civil Action No. 3:17-01665 |

### REPLY MEMORANDUM IN SUPPORT OF MCKESSON CORPORATION'S MOTION TO PROHIBIT PLAINTIFFS' IMPROPER USE OF TESTIMONY OF MCKESSON WITNESS NATHAN HARTLE

McKesson seeks an order prohibiting Plaintiffs from introducing the testimony of Nathan Hartle in response to improper questioning that sought (i) his opinions on questions of law, (ii) impermissible lay expert testimony, or (iii) opinions based on speculation, hearsay, or both. At a minimum, because the vast majority of Mr. Hartle's testimony was far outside the scope of the topics on which he was designated as McKesson's corporate representative, Plaintiffs should be prohibited from presenting the testimony as the testimony of McKesson. Plaintiffs' opposition offers no serious response to this. Instead, it complains that McKesson filed a motion objecting to their improper designations, ignores the case law, and asks the Court to read a narrow set of Rule

30(b)(6) topics in a facially unreasonable fashion. Accordingly, the Court should exclude the testimony of Mr. Hartle as described in McKesson's opening motion.

## ARGUMENT

**I.     McKesson's Motion is Timely and Proper.**

Contrary to Plaintiffs' contention, *see* Opp. at 2–3 (Dkt. No. 1313), McKesson's motion was both timely and properly filed. The motion was triggered by Plaintiffs' designating large swathes of improper and inadmissible questioning from Mr. Hartle's deposition. *See* Mot. at 1 (Dkt. No. 1298). McKesson filed its motion promptly after receiving those designations—and only after seeking and receiving the Court's guidance regarding the timing of the motion. Pre-Trial Conference Tr. at 10:17–11:8.[1]

Plaintiffs' argument that McKesson's motion violates the parties' deposition designation stipulation is meritless. Nothing in the stipulation even arguably prohibits McKesson's motion—and Plaintiffs' opposition certainly does not identify any such provision. McKesson timely served its objections to Plaintiffs' designations, and conferred with Plaintiffs regarding the designations, which is all that the stipulation requires. *See* Dkt. No. 995.

Nor does McKesson's motion violate the Court's scheduling order. The order provides only that

> [p]retrial motions in limine are not required as the court will reserve all rulings on the admissibility of evidence until trial. ***If, however***, a party wishes to file a motion in limine prior to trial, any written response will not be due until three (3) business days after that witness and/or evidence is presented at trial.

---

[1] Plaintiffs suggest that McKesson should have anticipated their improper deposition designations because different plaintiffs, in a different case, sought to rely on similar, improper designations. Opp. at 1–2. It suffices to note that this is a separate lawsuit, and *these* Plaintiffs did not serve their improper deposition designations on McKesson until just three days before McKesson filed its motion.

Mem. Op. and Order (Dkt. No. 898) at 3–4 (emphasis added). Nothing in that order prohibits a party from filing a motion to preclude the designation of large swaths of patently inadmissible testimony promptly after those designations are first received. Indeed, this Court recently confirmed that McKesson retains its right to raise evidentiary issues, including by written motion, as they arise during trial. Trial Day 2 Tr. at 8:4–5 ("I want to make clear that, in general, I'll consider any motion that is filed….").

## II. The Court Should Exclude Mr. Hartle's Testimony That Calls for Lay Expert Testimony or Legal Conclusions or Was Based on Speculation or Hearsay.

The majority of Plaintiffs' Hartle deposition designations consists of questioning that asked Mr. Hartle to (i) opine on legal conclusions reserved for the Court's determination, (ii) offer impermissible lay expert testimony, and (iii) opine based on speculation, hearsay, or both. Plaintiffs' opposition fails to rebut McKesson's showing that this testimony is inadmissible.

*First*, Plaintiffs provide no serious response to the fact that much of the designated testimony involves questioning that impermissibly calls for a legal conclusion. Their only answer is to contend that this questioning "constitute[s] McKesson's knowledge and/or notice of applicable regulations." Opp. at 3–4. But putting the word "acknowledge" in a question that asks Mr. Hartle to draw a legal conclusion does not make it any less of a legal conclusion. What matters in this lawsuit is what McKesson's legal obligations *are*; not what Mr. Hartle may have *thought* they were. Moreover, Plaintiffs provide no argument as to how numerous other questions—such as "is this an accurate statement of the law?"—do anything other than call for a legal conclusion. *See* Mot. Ex. 3 at 165:18–19; *see also id.* at 251:3–5 ("This is an accurate statement of federal law from the DEA to McKesson, agreed?").

Testimony purporting to opine on the law is inadmissible and irrelevant because "the court is capable of understanding the law at issue" without assistance from witnesses. Mem. Op. and

Order (Dkt. No. 1269) at 5. Questioning of this type should be excluded. *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) ("[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible."); *see United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 324 (4th Cir. 2018) (questions seeking a legal conclusion are "beyond the scope of a proper [Rule] 30(b)(6) deposition").

*Second*, Plaintiffs seek to salvage the extensive and improper questioning of Mr. Hartle on disputed medical and scientific topics by suggesting that questions regarding the "gateway theory" were admissible because (i) Mr. Hartle was "testifying on behalf of McKesson" and (ii) "[a]s an expert in controlled substances generally, and opioids specifically, McKesson should have such specialized knowledge to be able to answer questions on this topic." Opp. at 5. But Mr. Hartle was designated as McKesson's corporate representative regarding only McKesson's Controlled Substances Monitoring Program and its shipments of prescription opioids to two counties in Ohio. *See* Dkt. No. 1298, Appx. A (chart showing Designated Topics for Rule 30(b)(6) Deposition of Nathan Hartle). None of the listed topics could plausibly be read to encompass the debate in the medical and scientific community surrounding the connection between prescription opioids and heroin or other illegal opioids. Accordingly, Plaintiffs are wrong to suggest that Mr. Hartle was testifying on those topics in his capacity as McKesson's corporate representative. *See, e.g.*, *Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013) ("Rule 30(b)(6) witness speaks for the entity" and "must be prepared to testify to the corporation's knowledge [and] its position ***on the deposition topics***." (emphasis added)). Moreover, Plaintiffs' unsupported assertion that McKesson would or should have specialized knowledge regarding these medical and scientific topics is unfounded.

4

In any event, the so-called "gateway theory" is the subject of intense expert debate in this case and in the opioid litigation more broadly. It is addressed in expert reports and the parties' opening before the Court, and questions on this topic are a paradigmatic example of seeking testimony "based on scientific, technical, or other specialized knowledge," Fed. R. Evid. 701. That Mr. Hartle's job responsibilities might have touched in some way on this topic does not make him an expert on it, as Plaintiffs suggest (Opp. at 7). His lay testimony regarding the gateway theory is therefore inadmissible. *See Lord & Taylor, LLC v. White Flint, L.P.,* 849 F.3d 567, 575 (4th Cir. 2017), *as amended* (Mar. 7, 2017) (testimony admissible under Rule 701 only if it is "not based on the same 'scientific, technical, or other specialized knowledge' covered by Rule 702"); *Boyer v. Reed Smith, LLP*, No. C12-5815 RJB, 2013 WL 5724046, at *4 (W.D. Wash. Oct. 21, 2013) (question calling for expert opinion is "the type of inquiry found to be beyond the scope of a Rule 30(b)(6) deposition").

*Third*, Plaintiffs do not offer any convincing argument to rebut McKesson's showing that significant portions of Mr. Hartle's testimony—elicited through strategically improper questioning and inappropriate badgering and harassment of the witness—are inadmissible because they were speculative or constituted impermissible hearsay.[2] Plaintiffs respond that "Mr. Hartle's testimony regarding substance abuse leading to severe psychological or physical dependence and the gateway

---

[2] Plaintiffs assert that testimony from Mr. Hartle based on hearsay is admissible because it is "a statement of an opposing party." Opp. at 7. But "Rule 32(a)(3) does not authorize a party to present, via a Rule 30(b)(6) deposition, *testimony about matters that are hearsay*, in the absence of a hearsay exception." *Est. of Thompson v. Kawasaki Heavy Indus., Ltd.*, 291 F.R.D. 297, 308 (N.D. Iowa 2013) ("Rule 32(a)(3) cures only one layer of such 'double hearsay' or 'hearsay within hearsay' testimony within the meaning of Rule 805 of the Federal Rules of Evidence, the 'deponent' layer, but it does not cure the 'declarant' layer."); *see also, e.g.*, *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 34 (1st Cir. 1998) ("For a statement to be an admission under Rule 801(d)(2), the statement must be made by a party, or by a party's agent or servant within the scope of the agency or employment. Each link in the chain must be admissible, either because it is an admission and thus not hearsay or under some other hearsay exception." (internal citations omitted)).

theory is not speculative because Mr. Hartle is testifying on behalf of McKesson, with the knowledge of McKesson." Opp. at 6–7. But Mr. Hartle was *not* answering those questions on behalf of McKesson because they are not even arguably encompassed within the topics on which Mr. Hartle was designated as McKesson's corporate representative. *See* Dkt. No. 1298, Appx. A. And in any event, McKesson is a wholesale distributor; the suggestion that it does or should have detailed medical or scientific "expertise" regarding such topics is unsupported and baseless.

As established in McKesson's opening brief, many of counsel's questions called for Mr. Hartle to speculate or opine on issues for which he lacked personal knowledge (such as the expert question about the relationship between the volume of pills shipped and the likelihood of diversion) or called for Mr. Hartle to draw conclusions from documents he had never seen before. *See, e.g.*, Dkt. No. 1298, Ex. 3 at 157:13–24 ("In 2004, big pharma hired Rudy Giuliani's firm to do an evaluation of the chain of distribution of prescription medicines, and what he found was that the chain of distribution was subject to exploitation or abuse because of lack of oversight?"). Indeed, even the cherry-picked example that Plaintiffs cite in their opposition makes the point that his testimony was based on speculation. *See* Opp. 7 ("Using common sense and basic logic, *you could assume* …." (emphasis added)). These and similar lines of questioning should be excluded because they resulted in testimony that does not meet the standards required for admissibility under the Federal Rules of Evidence. *See Mountain Valley Pipeline, LLC v. 1.23 Acres of Land owned by Eagle's Nest Ministries, Inc.*, No. 7:18-CV-00610, 2019 WL 8920215, at *6 (W.D. Va. July 12, 2019) (holding corporate representative's testimony must meet evidentiary standards for admissibility, including personal knowledge and not being based on hearsay).

### III. The Court Should Not Admit Testimony Outside the Scope of the Topics on Which Mr. Hartle Was Designated as McKesson's Corporate Representative as the Binding Testimony of McKesson.

The Court should also preclude Plaintiffs from presenting Mr. Hartle's out-of-scope testimony as the binding testimony of McKesson.

*First*, Plaintiffs' contention that the "examination was tailored to the confines of the 30(b)(6) notices" is belied by the clear and incontrovertible record. While the MDL Plaintiffs sought to depose a McKesson witness on a vastly overbroad set of issues (listed in Topic 1(a)-1(o) of their first notice), McKesson proffered Mr. Hartle as a witness on Topic 1 regarding *only* its "Controlled Substance Monitoring Program, including policies and procedures relating to that program," Mot. Ex. 4 at 8, and the deposition proceeded on that basis.[3] Plaintiffs are therefore flatly incorrect when they assert that Mr. Hartle was McKesson's corporate designee on topics such as its "interpretation" of or "agreement" with letters from the DEA or amicus briefs filed by a trade association. *See Corcoran v. CVS Health*, No. 15CV03504YGRJSC, 2016 WL 11565649, at *3 (N.D. Cal. Dec. 9, 2016), *on reconsideration*, No. 15CV03504YGRJSC, 2016 WL 11565647 (N.D. Cal. Dec. 13, 2016) (limiting party to agreed-upon topics where noticing party did not contest the topics).

*Second*, Plaintiffs are wrong to suggest that McKesson may be bound by Mr. Hartle's out of scope testimony. The law is clear that, "to the extent the questioning is beyond the scope of the notice the testimony will constitute that of the deponent in an individual capacity and ***not on behalf of his organization***." *Green v. Wing Enterprises, Inc.*, No. 1:14–CV–01913–RDB, 2015 WL 506194, at *8 (D. Md. Feb. 5, 2015) (emphasis added).

---

[3] McKesson also objected to providing a witness on the designated topics to the extent they "call[ed] for McKesson to draw a legal conclusion and/or provide expert opinions in order to respond." Mot. Ex. 4 at 2.

Neither of the out-of-circuit, district court cases cited by Plaintiffs is to the contrary. They stand only for the propositions that (1) Rule 30(b)(6) witnesses may be asked out-of-scope questions at their depositions, and (2) their answers to such questions, if otherwise admissible, may be used at trial. *See Harris v. Goins*, 2017 WL 4080692, at *2 (E.D. Ky.Sept. 14, 2017); *King v. Pratt & Winery, a Div. of Technologies Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995). Neither case holds that out-of-scope that a corporation may be bound by such out-of-scope testimony—because that is not the law.

## CONCLUSION

For the reasons set forth here and its opening brief, McKesson respectfully requests that the Court (1) preclude Plaintiffs from offering at trial testimony from Mr. Hartle that constitutes impermissible lay opinion testimony, opines on legal questions, or was based on speculation and/or hearsay; (2) preclude Plaintiffs from presenting as the binding testimony of McKesson answers given by Mr. Hartle to questions that exceeded the scope of the topics on which he was provided as McKesson's corporate designee; and (3) sustain the objections set forth in Appendix B of McKesson's opening brief in their entirety.

Dated:  May 5, 2021                                         Respectfully submitted,

*McKesson Corporation*

By Counsel:

*/s/ Timothy C. Hester*
Timothy C. Hester
Christian J. Pistilli
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
cpistilli@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 4th day of May, the foregoing bench memorandum was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy C. Hester*
Timothy C. Hester
