IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br><br>    Defendant | CIVIL ACTION NO. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN<br>DRUG CORPORATION, et al.,<br><br>    Defendant | CIVIL ACTION NO. 3:17-01665 |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE IRRELEVANT EVIDENCE OF FIRST AMENDMENT IMMUNIZED SPEECH AND ASSOCIATION CONDUCT

Plaintiffs' opposition brief attacks a straw man, arguing that evidence unrelated to petitioning activity (and thus not at issue in Defendants' motion) is "relevant," while all-but ignoring the irrelevant evidence of constitutionally protected speech and association that Defendants actually seek to exclude.

The parties agree that evidence of petitioning activity (1) may not be admitted to prove liability but (2) may be admitted if sufficiently relevant to some other issue in the case.  Opp. at

1–2. Because evidence of Defendants' petitioning activity is not relevant to any issue in the case, Defendants' motion should be granted. *See* Fed. R. Evid. 401. The Court, moreover, should address this issue now because deferral of the motion would waste valuable trial time—including the time needed by Defendants to respond to Plaintiffs' baseless conspiracy theory—on evidence that is at most peripheral to the case. *See* Fed. R. Evid. 403.

## ARGUMENT

Plaintiffs assert that evidence regarding a third-party trade group, HDA, is relevant to establishing Defendants' "knowledge and intent." Even assuming *arguendo* that the conduct of a third party could ever be relevant to Defendants' knowledge and intent, Plaintiffs have not shown that the petitioning activity evidence they seek to introduce is admissible here.

*First*, most of the HDA-related evidence Plaintiffs identify has nothing to do with the speech and association conduct that is the subject of Defendants' motion. Plaintiffs' brief contains a 12-point list of topics that they say are relevant to "intent." Even if that were true, however, only one or two of the 12 topics they identify even arguably involve petitioning activity.[1] Thus, the purportedly relevant evidence identified by Plaintiffs is almost entirely immaterial to the issue now before the Court.

*Second*, Plaintiffs do not make any serious effort to argue that the evidence actually at issue in Defendants' motion is relevant to anything. As Defendants explained in their opening brief, Plaintiffs' counsel stated during his opening statement that Plaintiffs intend to put on evidence of (1) litigation filed by Cardinal Health, (2) amicus briefs filed by HDA, (3) lobbying done by HDA, and (4) a publicity campaign conducted by HDA in support of its lobbying efforts. *See* Mem. at

---

[1] To be sure, Defendants have also objected on other grounds to other portions of Plaintiffs' deposition designations for two third-party witnesses, John Gray and Patrick Kelly. But those objections were not made on *Noerr-Pennington* grounds and are not the subject of this motion.

4–6. Plaintiffs then designated portions of the Gray and Kelly depositions touching on these topics. *See id.* nn.3–8. It is evidence on these four topics—and only these four topics—that is at issue in Defendants' motion.

Plaintiffs do not explain how *these* topics are relevant to intent or any other issue in the case—nor could they. As Defendants explained in their opening brief, Plaintiffs' avowed purpose in introducing evidence that Defendants and/or HDA filed lawsuits and briefs and lobbied Congress is to establish a conspiracy among Defendants. *See* Mem. at 6 n.10. But, as the opposition tacitly admits, to use the evidence in that way would be to impose substantive liability on Defendants based on core First Amendment-protected speech and association—which *Noerr-Pennington* **undisputedly** prohibits. *See* Opp. at 1–2. Moreover, any such evidence would not, in fact, establish an actionable conspiracy among Defendants because that would require evidence of concerted action to accomplish an unlawful purpose (or a lawful purpose through unlawful means). *See* Mem. at 6 n.9. Joint efforts by members of an industry group to lobby the federal government through a trade association are not only lawful, but also protected by the U.S. Constitution. Accordingly, evidence that Defendants engaged in "concerted action" by petitioning the government is irrelevant and inadmissible.

Neither this Court's prior decision in *Gillis* nor any decision by Judge Polster is to the contrary.[2] Defendants' argument is not that evidence of petitioning activity could never be relevant and admissible in any case. Rather, Defendants' argument is that evidence of First Amendment-protected speech and association activity (1) cannot be used to establish substantive

---

[2] Plaintiffs also cite this Court's summary judgment decision on "fault" for the proposition that "fault is not a necessary element of a public nuisance claim." Opp. at 5 (citing Dkt. No. 1294, at 4). That statement is not consistent with either West Virginia law or the cited decision. But it is also irrelevant to the issues raised by Defendants' motion.

3

liability, but (2) is admissible if relevant to some other issue in the case. **Plaintiffs agree with both propositions**. *See* Opp. at 1–2.

Accordingly, the only question before the Court is whether Plaintiffs have demonstrated that evidence regarding Defendants' and/or HDA's litigation activities, lobbying and attendant public relations work is relevant to some issue in this case other than as "proof" of Defendants' alleged conspiracy. Because Plaintiffs have not done so, the Court should grant Defendants' motion. *See* Fed. R. Evid. 401. Defendants, moreover, respectfully request that the Court do so now: Deferring decision on this question will only lead to wasting a substantial amount of trial time on issues that could not possibly have more than minimal relevance to the case. *See* Fed. R. Evid. 403.

Dated: May 12, 2021

Respectfully submitted,

***McKesson Corporation***

By Counsel:

*/s/ Timothy C. Hester*
Timothy C. Hester
Christian J. Pistilli
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
cpistilli@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP

The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

***AmerisourceBergen Drug Corporation***

By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com

5

*Cardinal Health, Inc.*

By Counsel:

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
jwicht@wc.com

Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 12th day of May, 2021, the foregoing Defendants' Reply in Support of Their Motion *In Limine* To Preclude Irrelevant Evidence of First Amendment Immunized Speech and Association Conduct was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy C. Hester*
Timothy C. Hester
