IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 3:17-01665 |

**DEFENDANTS' REPLY REGARDING THE INADMISSIBILITY OF
DR. CRAIG J. MCCANN'S DEMONSTRATIVE CHARTS**

    Plaintiffs' bench brief conclusively establishes that Dr. McCann's charts are not admissible under Rule 1006. Plaintiffs admit that Dr. McCann "took the ARCOS data in the raw form in which it was produced by the DEA," made "**corrections to the data**," and "**augmented the data**" with information from other data sources. Dkt. No. 1–2, 6 (emphasis added). Nor do Plaintiffs dispute that Dr. McCann's charts reflect lawyer-curated pharmacies intended to further Plaintiffs' theory of liability. Unambiguous Fourth Circuit authority, *United States v. Oloyede*, 933 F.3d 302, 311 (4th Cir. 2019), holds that these actions take Dr. McCann's summaries outside the realm of Rule 1006 and its allowance for "charts as surrogate evidence offered in lieu of voluminous underlying" records.

1

Largely ignoring *Oloyede*, Plaintiffs cite to other decisions from the Fourth Circuit (many of them unpublished) that do not address the central question presented here: whether charts that reflect expert *analysis* and that do not "*fully* represent the accounts that they [are] purportedly summarizing" due to lawyer-curated "*selectivity*" "designed "*to further the proponent's theory of the case*" are admissible under Federal Rule of Evidence 1006. *Id.* at 310–11 (emphasis added). Plaintiffs seek to buttress their position by misconstruing case law from other jurisdictions and attacking strawman arguments to contend that Dr. McCann's expert analyses are somehow admissible under Rule 1006. They are not.

*First*, Plaintiffs assert that "[a] Rule 1006 summary may properly include records from multiple sources." Dkt No. 1346, at 9. But the exhibits that Plaintiffs seek to admit cannot be "charts and summaries prepared by Dr. McCann **summarizing the voluminous data on opioid transactions contained in the ARCOS database**," *id.* at 18 (emphasis added), because they contain information that appears nowhere in the ARCOS database. "Charts and summaries are . . . **inadmissible** if they contain information not present in the original." *Universal Furniture Int'l, Inc. v. Collezione Europa, USA, Inc.*, 599 F. Supp. 2d 648, 656 (M.D.N.C. 2009) (quoting *United States v. Drougas*, 748 F.2d 8, 25 (1st Cir. 1984)), *aff'd*, 618 F.3d 417 (4th Cir. 2010) (emphasis added). This is because, in the Fourth Circuit, Rule 1006 summaries must be a "surrogate" for the underlying source. *Oloyede*, 933 F.3d at 310.

The cases Plaintiffs cite are not to the contrary. *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, 610 B.R. 197, 225–26 (Bankr. S.D.N.Y. 2019), involved an expert's use of multiple Rule 1006 summaries, not an expert's use of a single Rule 1006 summary drawn from multiple data sources or different databases. In *PHI, Inc. v. Office & Professional Employees International Union & Office*, 2009 WL 1530939, at *3 (W.D. La. 2009),

the court directed the proponent of the Rule 1006 summary to identify the "source"—singular—"with particularity." And in *United States v. Brown*, 820 F. App'x 191, 194–96 (4th Cir. 2020), the expert prepared "various charts"—plural—summarizing "three sources." Although those charts were apparently compiled into "one exhibit," *id.* at 194–95, there is no indication in the court's opinion that the proponent of the Rule 1006 summaries did what Mr. McCann does here: overlay information from multiple sources into a single graph or table to offer expert opinions.

*Second*, Plaintiffs press the unremarkable proposition that a Rule 1006 summary may rest on "calculations," including those performed by expert witnesses. Dkt No. 1346, at 10. Defendants have never argued that a Rule 1006 summary may not contain calculations (*e.g.*, sub-totals, means, or medians), a position that would be incompatible with Rule 1006's express language. Pursuant to clear precedent from within the Fourth Circuit, however, those calculations must be capable of being performed **using the data in the dataset that is being summarized**. *Universal Furniture*, 599 F. Supp. 2d at 656 (quoting *Drougas*, 748 F.2d at 25). Dr. McCann's calculations require information that resides outside of ARCOS. And none of the cases cited by Plaintiffs involved performing calculations using data and assumptions drawn from external sources, such as the census data and MME conversion factors relied on by Dr. McCann.

*Third*, Plaintiffs note that Rule 1006 summaries may "focus on only a subset of the available data." Dkt No. 1346, at 12. Again, Plaintiffs miss the point. Fourth Circuit case law makes clear that a Rule 1006 summary may not rest on a "***selectiv*[*e*]**" pull of the underlying data to support the proponent's theory of the case ("a pattern of suspicious activity engaged in by the defendants"). *Oloyede*, 933 F.3d at 310–11 (emphasis added). Plaintiffs' own cases are in accordance with *Oloyede*. *See United States v. Sawyer*, 85 F.3d 713, 740 (1st Cir. 1996) ("'[C]are must be taken to insure that summaries accurately reflect the contents of the underlying documents

3

and do not function as pedagogical devices that ***unfairly emphasize part of the proponent's proof*** . . . .'" (emphasis added) (quoting *Drougas*, 748 F.2d at 25)); *United States v. Blackwell*, 436 F. App'x 192, 199 (4th Cir. 2011) ("[U]nder Rule 1006, the summary chart itself may come into evidence provided it is 'an ***accurate*** compilation of the voluminous records sought to be summarized'" (quoting *United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004))); *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998) ("[A] summary document 'must be ***accurate*** and nonprejudicial.' This means first that the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner. Nothing should be lost in the translation." (emphasis added) (quoting *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.2d 250, 257 (6th Cir. 1986))); *United States v. Loayza*, 107 F.3d 257, 264 (4th Cir. 1997) (affirming admission of summary chart that "showe[d] the evidence" (alteration in original)); *United States v. Hofstetter*, 2019 WL 5057176, at *4 (E.D. Tenn. Oct. 8, 2019) (admissibility of a Rule 1006 summary "depends on the ***accuracy*** of its summation of the underlying evidence" (emphasis added)).[1]

---

[1] Although Rule 1006 summaries may sometimes be admitted over an opposing party's objection that they are "'unverified' or 'self-calculated,'" *United States v. Pineda*, 1996 WL 379799, *3 (4th Cir. July 1, 1996), admission is improper when there are questions about the accuracy of the underlying information that is being summarized. *See United States v. Strissel*, 920 F.2d 1162, 1164 (4th Cir. 1990) (noting that the underlying documents "were never objected to by the defendants"). Here, Defendants contest whether the underlying dataset—Dr. McCann's processed and augmented database—is accurate, as evidenced by his overstatement of ABDC's shipments of hydrocodone to a single pharmacy in a single month by 26.5%. For this same reason, *United States v. Catabran*, 836 F.2d 453 (9th Cir. 1988), is inapposite. There, the non-sponsoring party objected that the preparer "***could***" have entered the data incorrectly, without identifying any evidence that the underlying data was inaccurate or unreliable. *Id.* at 458 (emphasis added); *see also United States v. Masiarczyk*, 1 F. App'x 199, 208 (4th Cir. 2001) (affirming admission of Rule 1006 summary, where non-sponsoring party objected that "there are a number of inaccuracies" without specifically enumerating them); *Iowa Pac. Holdings, LLC v. Nat'l R.R. Passenger Corp.*, 853 F. Supp. 2d 1094, 1102 (D. Colo. 2012) (noting that "defendant has not proven" summary's inaccuracy).

4

Indeed, whereas Plaintiffs highlight that *United States v. Bakker* affirmed the admission of summary evidence, they ***omit*** that the Fourth Circuit excluded other summary evidence that "***unfairly represented the evidence***." 925 F.2d 728, 737 (4th Cir. 1991) (emphasis added). Here, Dr. McCann's charts do not accurately show or summarize the ARCOS data, because they (1) are based on Dr. McCann's corrections to and augmentation of that data, and (2) intentionally present a skewed subset of the data to highlight Defendants' alleged "bad behavior." 5/12/21 Trial Tr. at 55:20–56:25

*Finally*, Plaintiffs argue that even if Dr. McCann's material is inadmissible under Rule 1006, "it is not error to receive even Rule 611 charts into evidence." Dkt No. 1346, at 17. Even assuming *arguendo* that a pedagogical device could ever be admitted into evidence—contrary to the Fourth Circuit's instruction that Rule 611 charts "are not admitted as evidence," *Janati*, 374 F.3d at 273—admission would at most be proper in "instances in which such pedagogical device is ***so accurate and reliable*** a summary illustration or extrapolation of testimonial or other evidence in the case as to ***reliably*** assist the factfinder," *Bray*, 139 F.3d at 1112 (emphasis added). Dr. McCann's materials do not satisfy this high bar.

For the reasons set forth in Defendants' Bench Brief, Dkt. No. 1347, Dr. McCann's charts, graphs, and other materials are not Rule 1006 summaries and should not be admitted into evidence.

Dated: May 14, 2021

Respectfully Submitted,

**McKesson Corporation**
By Counsel:

*/s/ Timothy C. Hester*
Timothy C. Hester
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

**AmerisourceBergen Drug Corporation**
By Counsel:

*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322

6

Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

/s/ Robert A. Nicholas
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com

**Cardinal Health, Inc.**
By Counsel:

/s/ Enu Mainigi
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
jwicht@wc.com

Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105

mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 14th day of May, 2021, the foregoing Memorandum was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Timothy C. Hester</u>