UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CITY OF HUNTINGTON,**<br>　　Plaintiff,<br>v.<br>**AMERISOURCE BERGEN DRUG CORPORATION, et al.,**<br>　　Defendants. | Civil Action No. 3:17-cv-01362 |
| **CABELL COUNTY COMMISSION,**<br>　　Plaintiff,<br>v.<br>**AMERISOURCE BERGEN DRUG CORPORATION, et al.,**<br>　　Defendants. | *Consolidated case:*<br>Civil Action No. 3:17-cv-01665 |

**PLAINTIFFS' REPLY REGARDING
ADMISSIBILITY OF SUMMARIES OF VOLUMINOUS DATA
UNDER FED. R. EVID. 1006**

Defendants' arguments boil down to essentially three points, that in addition to containing opioid transaction data the summaries contain additional MME and census data, that the summaries are selective, and that the summaries contain inaccuracies. None of these arguments provides grounds for excluding the various summaries Plaintiffs offered under Rule 1006, as is shown below.

Plaintiffs' summaries accurately reflect the opioid transactions in the underlying data. The additional information contained in Dr. McCann's summaries does not alter in any way the Plaintiffs' summaries of the opioid transaction produced by the DEA and separately produced by Defendants. There is ample authority finding that summaries may include information from more than one source if the sources are clearly delineated, as they are here. *See* Doc. 1346 at 9-10. Further, the

summaries in fact *do* accurately summarize the ARCOS data and the Defendants' transactional data. The information appended to the ARCOS data and to Defendants' data does not alter the opioid transactions produced by the government and by Defendants, or the summaries of that information, in anyway. The census data and the MME conversion data simply provide additional information which can be used to understand the ARCOS data and the transactional data by providing means of comparison or standardization. This additional information does not alter the summarized ARCOS and transactional data regarding opioid distribution.

Defendants cite *Universal Furniture Int'l, Inc. v. Collezione Europa, USA, Inc.*, 599 F. Supp. 2d 648, 656 (M.D.N.C. 2009) for their proposition that the summaries are not admissible because they contain information that was not present in the opioid transaction data. In *Universal Furniture,* however, the court found that the defendant failed to disclose or provide an adequate foundation for certain calculations within the summary. Here, Defendants have made no such argument. In contrast, Plaintiffs have provided all of the calculations contained in the summaries and the additional information provided ensures that the opioid transaction data is not presented in a misleading manner.

Defendants next argue the summaries are improperly selective because Plaintiffs only introduced pharmacy specific summaries regarding some but not all pharmacies. Plaintiffs initially note that Defendants' "selectivity" objection does not

apply to the vast majority of the summaries, which do not focus on specific pharmacies.[1]

With respect to the summaries that are pharmacy specific, Defendants' argument is nonsensical. First, Plaintiffs sought to introduce 1006 summaries (*e.g.* pharmacy packets) regarding all pharmacies, but Defendants objected to the numerosity. Now, Defendants object that only some were introduced. Defendants cannot have it both ways. Taking Defendants' argument to its logical conclusion would require Plaintiffs to admit summaries for every single pharmacy in the country. The Plaintiffs are glad to introduce summary data as to each pharmacy if that would resolve the objection.[2] Importantly, the summary information provided for the pharmacies Plaintiffs have introduced is accurate and complete, providing a complete summary of each Defendants' distribution of oxycodone and hydrocodone to the pharmacies: there is no selectivity with regard to this information. With regard to the summaries Plaintiffs introduced for pharmacies outside of CT2, Plaintiffs selected those pharmacies in compliance with the Court's order on geographic scope.[3]

---

[1] *See* Doc. 1346 at Exhibit A.

[2] Dr. McCann testified that he has prepared a pharmacy report for every pharmacy in the country over a year ago. May 12, 2021 T. at 74:2-14.

[3] See Dkt 1297 at 10 ("any extraterritorial evidence offered by plaintiffs must have a demonstrable nexus to Cabell County or the City of Huntington and/or tend to show nation-wide trends and shipments, national policies and procedures, or systemic failures that are national in scope.") The pharmacies either (i) have a demonstrable nexus to Cabell County or the City of Huntington which will be shown by evidence at trial or (ii) show nation-wide (or state-wide) trends and shipments, based on national policies and procedures, or systemic failures that are national (or at least state-wide) in scope occurring at the same distribution centers that service Cabell County and

There is ample authority supporting the use of Rule 1006 in this manner. Doc. 1346 at 12-13. Defendants rely on *United States v. Oloyede*, 933 F.3d 302, 311 (4th Cir. 2019). However, the briefing in that case makes clear that the issue in *Oloyede* was not that the summaries did not contain all of the information, but that the "manner in which the chart data was gathered and placed into the chart was inconsistent and unreliable." See, *United States v. Oloyede,* Reply Brief of Appellants*,* 2018 WL 2244758. Nothing in *Oloyede* requires a Rule 1006 summary to be a summary of all available data. The challenged summaries here are summaries of subsets of data. There is no dispute that each subset independently meets the requirements of Rule 1006. That is all that required. Indeed, *Oloyede* supports the admission of summaries of less than all of the data. 933 F.3d at 311 (finding no error in admitting Rule 1006 summary chart of bank records that included only "non-payroll deposits involving more than $1,000").

Of the thousands of transactions summarized, Defendants point to the exclusion of the unreliable "R" and "P" data as the sole evidence of "inaccuracy", relying on the sole example of the McCloud pharmacy. As previously noted, this transaction involves 15,200 dosage units of hydrocodone out of total of 2,549,200, which is 0.006% of the total hydrocodone shipped to McCloud Pharmacy by AmerisourceBergen from 2006 to 2014. *See* P-43225_00004. Regardless, Plaintiffs summaries show distribution *to* pharmacies *from* Defendants. They are summaries

---

Huntington. As the Court has previously indicated, arguments regarding geographic scope are beyond the scope of this briefing.

of distributions – not summaries of returns. Further, as explained by Dr. McCann, the "P" and "R" designations in the data produced by the DEA represents an exceedingly small data set. The exclusion a very small percentage of returns does not make summaries of distributions *to* a pharmacy inaccurate.

## CONCLUSION

For the reasons discussed herein, the charts and summaries prepared by Dr. McCann summarizing the voluminous data on opioid transactions contained in the ARCOS database are admissible under Fed. R. Evid. 1006.

Dated: May 15, 2021

**THE CITY OF HUNTINGTON**

/s/ *Anne McGinness Kearse*
Anne McGinness Kearse (WVSB 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

Linda Singer
David I. Ackerman
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: 202-232-5504
Fax: 202-386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com

**CABELL COUNTY COMMISSION**

/s/ *Paul T. Farrell, Jr.*
Paul T. Farrell, Jr. (WVSB 7443)
**FARRELL & FULLER LLC**
1311 Ponce de Leon Ave., Suite 202
San Juan, Puerto Rico 00907
Mobile: 304-654-8281
paul@farrellfuller.com

/s/ *Anthony J. Majestro*
Anthony J. Majestro (WVSB No. 5165)
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

Peter J. Mougey, Esq.
Page A. Poerschke, Esq.
Laura S. Dunning, Esq.
LEVIN, PAPANTONIO, RAFFERTY, PROCTOR,
BUCHANAN, O'BRIEN, BARR, & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Telephone: (850) 435-7068
Facsimile: (850) 436-6068

| | |
|---|---|
| Charles R. "Rusty" Webb (WVSB No. 4782)<br>**The Webb Law Centre, PLLC**<br>716 Lee Street, East<br>Charleston, West Virginia 25301<br>Telephone: (304) 344-9322<br>Facsimile: (304) 344-1157<br>rusty@rustywebb.com | Michael A. Woelfel (WVSB No. 4106)<br>**WOELFEL AND WOELFEL, LLP**<br>801 Eighth Street<br>Huntington, West Virginia 25701<br>Tel. 304.522.6249<br>Fax. 304.522.9282<br>mikewoelfel3@gmail.com |

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Anthony J. Majestro<br>
Anthony J. Majestro (WVSB 5165)