# Exhibit 3



U.S. Department of Justice

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*
*216-622-3600*

February 20, 2019

**SENT VIA ELECTRONIC MAIL**

Special Master David Cohen
Carl B. Stokes U.S. Courthouse
801 W. Superior Ave.
Cleveland, Ohio  44113-1837
david@specialmaster.law

Re:   **In Re: National Prescription Opiate Litigation**
        **NDOH Case No. 1:17MD2804**

Dear Special Master Cohen:

      Thank you for the opportunity to reiterate the position of the United States of America regarding the issues discussed on the conference call on February 19, 2019.  As you know, the United States has agreed to be a friend of the court and has worked diligently with the Court and the parties to assist in this litigation.  Among other things, the Department of Justice has authorized fact witness testimony regarding official Department of Justice information from former Deputy Assistant Administrator Joseph Rannazzisi, former Acting Assistant Administrator Demetra Ashley, former Targeting & Analysis Unit Chief Kyle Wright, and Assistant Special Agent in Charge of the Cleveland DEA District Office Keith Martin, who is a current DEA employee.  The Department of Justice has also identified and authorized four 30(b)(6) witnesses to respond to thirteen topics submitted by the parties: Thomas Prevoznik, Associate Section Chief, Pharmaceutical Investigations Section, Diversion Control Division; Stacy Harper-Avilla, Chief of the UN Reporting and Quota Section, Diversion Control Division; Donetta Spears, Executive Assistant to Deputy Assistant Administrator for the Diversion Control Division; and James Arnold, Chief of DRL, Diversion Control Division.  These individuals are all senior DEA employees with the Diversion Control Division, which is the Division with primary responsibility for preventing diversion of controlled substances, including opioids.  Further, the Department has been helping to coordinate responses to third party discovery requests served on various other federal agencies and components including the Centers for Medicare & Medicaid Services and the Centers for Disease Control within the Department of Health and Human Services, as well as the Federal Bureau of Investigations.

As discussed below, it is the position of the United States of America that the depositions of the fact witnesses should be limited to no more than seven (7) total hours and the depositions of the 30(b)(6) witnesses should be limited to no more than seven (7) total hours for any individual witness and no more than fourteen (14) total hours collectively for all 30(b)(6) witnesses. The United States does not take a position on the division of those hours between the parties and/or party groups, but agrees that there should only be one deposition of a witness and there needs to be a fair allocation of the time among the interested parties.

FACT WITNESSES

Regarding the depositions of Mr. Rannazzisi, Mr. Wright, Ms. Ashley and Mr. Martin, it is the position of the United States that Fed. R. Civ. P. 30(d)(1) limits the deposition to one day of 7 hours. The United States notes that Mr. Rannazzisi, Mr. Wright, and Ms. Ashley are all private citizens being deposed in a lawsuit to which they are not parties and about their work as public servants. It is unfair to impose additional burdens on these private citizens beyond the limits of Rule 30(d)(1), especially without any showing of good cause by the parties. Since most of their work is either publically available or done with the parties themselves and since the parties have reams of deposition, trial and congressional testimony from these witnesses already, it is unnecessary to enlarge the deposition limits. With respect to Mr. Martin who is a current employee, the Defendants have likewise not shown good cause why his deposition cannot be accomplished within 7 hours.

30(b)(6) WITNESSES

Regarding the 30(b)(6) witnesses identified by the DEA, those witnesses are responding to a total of 13 topics submitted by the parties. The Court has established a deposition protocol which provides for a seven hour time limit if one individual is designated as a 30(b)(6) witness and a fourteen hour time limit if two or more individuals are designated as 30(b)(6) witnesses. (ECF No. 643, PageID # 15578). Further, the Court provided that the parties could notice up to fifty (50) topics to be answered in those 14 hours.

Here, as only 13 topics have been authorized, the United States believes that fourteen hours should be sufficient for the parties to cover those topics. The United States as a non-party and friend of the Court should not be subjected to a greater burden than the parties themselves. Moreover, while the DEA could have selected and prepared a single witness to testify with respect to all of the topics, thereby reducing the 30(b)(6) to a presumptive seven hours, the agency elected to provide witnesses who are already knowledgeable and could provide the greatest assistance to the parties. The DEA should not be penalized for doing so. Finally, the witnesses identified by the DEA are high ranking officials who are engaged in mission critical work for the agency. Allowing additional deposition time diverts critical resources and manpower from the work of the agency. Since the parties have not made any showing of good cause, as contemplated by the Court's Order Establishing Deposition Protocol (ECF No. 643), the United States would ask that the restrictions set forth in the deposition protocol be enforced.

      One of the solutions proposed during the telephone conference was that the parties submit written questions to be answered by the United States to reduce the time necessary at deposition. The United States would support this solution and would agree to provide declarations responding as best as it can to the questions that the parties may ask. Additionally, the United States appreciates and concurs with the Plaintiffs' suggestion that authentication of DEA documents could be accomplished through stipulation, obviating the need to devote deposition time to that task.

      The United States has also requested that the parties provide copies of any exhibits that they intend to show the witnesses prior to the deposition to allow those documents to be reviewed. While Plaintiffs have agreed to do so, the Defendants have not. Since the United States is not a party, it does not have access to discovery in this case. However, the United States believes that the discovery includes communications, documents and notes regarding interactions between the parties and the United States. The United States further believes that the government witnesses may be asked about these documents. Identifying these documents in advance, to the extent feasible, would serve two purposes. First, there may be limits on what witnesses can testify about related to those documents. It would therefore streamline the depositions and assist the parties to have the government review that information first rather than requiring breaks in the deposition to review documents with the witness to determine whether the witness is authorized to discuss the information contained in those documents. Second, having the documents in advance will enhance the ability of the witnesses, particularly the 30(b)(6) witnesses who must cover multiple topics, to prepare to address those documents. Indeed, the comments to the Federal Rule of Civil Procedure expressly contemplate disclosing documents in advance to promote efficiency. Fed. R. Civ. P. 30(d)(1) Committee Notes on Rules to 2000 Amendment ("In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit."). Ensuring that the depositions proceed as efficiently as possible will also minimize the disruption on the agency.

      Thank you for the opportunity to set forth the position of the United States. The United States reiterates that it is willing to work with the Court and the parties as a friend of the Court to facilitate prompt resolution of these issues.

      If you have any questions, please contact me at 216-622-3988.

      Sincerely,

*/s/James R. Bennett II*
James R. Bennett II
Assistant United States Attorney