# Exhibit 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | SPECIAL MASTER COHEN |
| "*Track One Cases*" | ) ) | |
| | ) ) ) | DISCOVERY RULING NO. 16 REGARDING DEA DEPOSITIONS |

This Ruling resolves issues raised in connection with third-party subpoenae issued by defendant Cardinal Health to the United States Drug Enforcement Agency ("DEA"). Cardinal originally sought testimony from over a dozen current or former DEA employees, and also testimony from one or more 30(b)(6) witnesses. Plaintiffs also issued their own 30(b)(6) subpoena to the DEA. The parties and the then DEA negotiated over the scope of this requested discovery, and have come to partial agreement. Specifically, as of this juncture, DEA has agreed to:

- produce for deposition four fact witnesses: (1) Joseph Rannazzisi, former Deputy Assistant Administrator; (2) Demetra Ashley, former Acting Assistant Administrator; (3) Kyle Wright, former Targeting & Analysis Unit Chief; and (4) Keith Martin, Assistant Special Agent in Charge of the Cleveland DEA District Office.

- *possibly* produce for deposition two additional fact witnesses (depending on the extent to which their depositions appear necessary after the four depositions listed above): (5) Michael Mapes, former Section Chief, e-Commerce Division, Office of Diversion Control; and (6) Christine Sannerud, former Section Chief, United Nations Reporting & Quota Division, Office of Diversion Control.

- produce for deposition four 30(b)(6) witnesses: (1) Thomas Prevoznik, Associate Section Chief, Pharmaceutical Investigations Section, Diversion Control Division; (2) Stacy Harper-Avilla, Chief of the UN Reporting and Quota Section, Diversion Control Division;

(3) Donetta Spears, Executive Assistant to Deputy Assistant Administrator for the Diversion Control Division; and (4) James Arnold, Chief of DRL, Diversion Control Division.

The parties and the DEA were unable, however, to come to agreement regarding certain other details connected to this discovery, such as (a) how many total hours would be allowed for the depositions, and (b) how the time would be split between plaintiffs and defendants. The parties and the DEA submitted position papers on these topics, and the Special Master also heard from everyone in a teleconference.

Having received the parties' and the DEA's positions, the Special Master now resolves these disputes as follows. The details set forth below are designed with the intention of allowing the parties only as much time as is absolutely necessary, while also ensuring as much as possible that these witnesses will not have to testify again involuntarily in this MDL.

- Fact witnesses Rannazzisi and Wright will each be subject to a total of 11.5 hours of deposition, with 8.0 hours reserved for defendants (who will question the witness first) and 3.5 hours reserved for plaintiffs. Defendants shall split their time amongst themselves as they see fit. The deponent may elect to spread the 11.5 hours over one day or two days, which need not be consecutive.

- Fact witnesses Ashley and Martin will each be subject to a total of 9.0 hours of deposition, with 6.5 hours reserved for defendants (who will question each witness first) and 2.5 hours reserved for plaintiffs. Defendants shall split their time amongst themselves as they see fit. The deponent may elect to spread the 9.0 hours over one day or two days, which need not be consecutive.

- There will be allowed a total of 28.0 hours of deposition of the 30(b)(6) witnesses, with 17.0 hours reserved for defendants (who will question each witness first) and 11.0 hours reserved for plaintiffs. Defendants shall split their time amongst themselves as they see fit. The split of time used for any given individual witness is up to the parties.

- All parties shall strive to use as little deposition time as necessary, and not use the entire amounts authorized above.

• The parties and the DEA are still free to reach agreements in addition to or different from the provisions set out in this *Ruling*. Absent agreement otherwise, these provisions shall apply.

• Plaintiffs and defendants are not required to, but shall strive to, submit written questions to be answered by the United States and/or the deponents before these depositions, in order to reduce the time necessary at deposition.

• Plaintiffs and defendants shall, to the greatest extent possible, provide copies of any exhibits they intend to show the witness prior to the deposition, in order to reduce the time necessary at deposition.

• Plaintiffs and defendants shall, to the greatest extent possible, stipulate to the authenticity of DEA documents before these depositions, in order to reduce the time necessary at deposition for authentication.

• The undersigned will make himself available to preside over these depositions, if the parties believe it will be helpful.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**Dated: February 15, 2019**