## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
|       Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|       Defendants. | |
| _____ | |
| CABELL COUNTY COMMISSION, | |
|       Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
|       Defendants. | |

## AMERISOURCEBERGEN DRUG CORPORATION'S TRIAL BRIEF
## IN SUPPORT OF REQUEST TO SEAL CERTAIN EXHIBITS

## INTRODUCTION

Plaintiffs called David May, Vice President of Diversion Control and Security, as a witness in their case-in-chief. Then, during its examination of Mr. May, AmerisourceBergen Drug Corporation ("ABDC") introduced four exhibits that contain confidential information about ABDC's current order monitoring program (AM-WV-00064; AM-WV-0093-E; AM-WV-00942-E; AM-WV-01040-E). One exhibit—AM-WV-00064—contains ABDC's current written policies and procedures that provides detail about the inner workings of ABDC's current controlled substances order monitoring program. The other three—AM-WV-0093-E, AM-WV-00942-E, and AM-WV-01040-E—were screenshots of interactive dashboards for particular customers. These dashboards contain detailed information about the customer, including the maximum amount of a specific controlled substance a customer is permitted to order before that customer's orders are held for review (also known as "parameters") for those customers. *See* Trial Tr. (May 17, 2021) at 71:10-13.

At ABDC's request, each of these exhibits were shown to the witness, this Court, and counsel in the courtroom, but were not broadcast to the public. *See* Trial Tr. (May 14, 2021) at 13:21-14:2; *see also* Trial Tr. (May 17, 2021) at 47:19-20. When ABDC moved the exhibits into evidence, it asked the Court to seal the exhibits. The Court admitted the documents, reserving its ruling on sealing.

ABDC, as it told the Court it would, submits this trial brief explaining the basis for its request.[1] As Mr. May explained, ABDC has "made a significant amount of effort to make sure that we keep that information private," as ABDC does not "want to create a situation where if there is some nefarious registrant out there, we don't want to supply them with any information that

---

[1] ABDC does not seek to seal Mr. May's testimony; instead, it asks this Court to seal only the four exhibits themselves.

would allow them to defeat our system." *Id.* at 71:10-19.  In other words, ABDC treats information that contains specifics on the inner-workings of its current order monitoring program confidential so no customer can use that information to evade ABDC's system.  *Id.* at 71:10-24.

In these circumstances, sealing this limited set of documents will protect the ***public interest***—and thus is appropriate under controlling law and well within the Court's discretion.

## LEGAL AUTHORITY

Although the "courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents," that right is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978).  Indeed, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598.  With respect to documents admitted as evidence at trial, a stronger presumption in favor of access—stemming from the First Amendment—applies.  *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 579 (E.D. Va. 2009) (citing *Pittston Co. v. United States*, No. Civ. A. 3:97CV294, 2002 WL 32158052, at *2 (E.D. Va. Oct. 2, 2002), *aff'd*, 368 F.3d 385, 406 (4th Cir. 2004)).  But even when that presumption applies, courts still must balance the right of access with other competing interests.  Specifically the "presumption of openness may be overcome only by an overriding interest based on findings that [sealing] is essential to preserve higher values." *Press-Enter. Co. v. Super. Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984).

When the First Amendment presumption applies (as appears to be the case here when it comes to policies and procedures that reflect ABDC's current program and dashboards that provide specific customer-level detail including those customers' parameters), courts conduct a balancing that weighs various governmental and non-governmental interests, according to the specific facts of the particular case.  *Level 3*, 611 F. Supp. 2d at 580-83 (identifying various categories of

interests calling for the sealing of court records).  In doing so, courts have acknowledged the important governmental interest in maintaining public safety by preventing bad actors from potentially misusing the information contained in particular documents.  In those instances, the courts recognized that sealing such documents (at least in part) served the "higher values" principle set forth in the Supreme Court's *Press-Enterprise* decision.  *See, e.g.*, *Connor v. Quora, Inc.*, No. 18-CV-07597-BLF, 2020 WL 6700473, at \*2 (N.D. Cal. Nov. 13, 2020) (recognizing that the defendant had set forth "compelling reasons" to redact portions of certain documents to the extent that those portions "contain[ed] information regarding [defendant's] investigation into the data breach incident that could be used by a bad actor to exploit and breach [defendant's] systems"); *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6391210, at \*2 (N.D. Cal. Mar. 24, 2020) (recognizing that the defendant had set forth "compelling reasons" to seal portions of certain documents to the extent that those portions could "reveal[] to . . . bad actors the capabilities of Google's systems" and thus "make it easier to circumvent or evade Google's detection systems"); *Al Otro Lando, Inc. v. Wolf*, No. 17-CV-02366, 2020 WL 4551687, at \*9 (S.D. Cal. Aug. 6, 2020) (allowing defendant to redact portions of certain exhibits based on the "concern that such information could be exploited by bad actors").

## SEALING IS JUSTIFIED HERE

In the cases discussed above, the court entered a sealing order that was narrowly tailored to both protect the First Amendment right of access and protect a public interest.  Such an order is warranted here.

The limited set of exhibits ABDC asks the Court to seal contain detailed information about the inner-workings of ABDC's current order monitoring program that ABDC treats as confidential in an effort to prevent customers from attempting to evade, or work around, the system.  *See*

5/17/21 Trial Tr. at 71:10-19.  If these documents are made available to the public, every ABDC customer—both current and future—will have access to ABDC's policies and procedures which describe in detail the inner workings of its current order monitoring program and dashboards detailing detail particular customers' parameters and ordering history.  These documents could provide customers with enough information to create an end-run around ABDC's order monitoring program by providing customers a look at how ABDC sets parameters.  If customers are provided that information, they could structure their ordering in an attempt to evade hitting the parameters, thus defeating the purpose of the program.

Defendants' monitoring systems that guard against the diversion of controlled substances is an issue in this public nuisance case.  The public has an interest in the protection of the integrity and effectiveness of those systems—and this Court may and should take steps to ensure that those systems are not undermined.  It can do so by granting ABDC's request to seal AM-WV-00064, AM-WV-0093-E, AM-WV-00942-E, and AM-WV-01040-E.

Dated:  May 20, 2021                    Respectfully Submitted,

                                        *AmerisourceBergen Drug Corporation*
                                        By Counsel:

                                        */s/ Gretchen M. Callas*
                                        Gretchen M. Callas (WVSB #7136)
                                        JACKSON KELLY PLLC
                                        Post Office Box 553
                                        Charleston, West Virginia 25322
                                        Tel: (304) 340-1000
                                        Fax: (304) 340-1050
                                        gcallas@jacksonkelly.com

                                        */s/ Robert A. Nicholas*
                                        Robert A. Nicholas
                                        Shannon E. McClure
                                        Joseph J. Mahady
                                        REED SMITH LLP
                                        Three Logan Square
                                        1717 Arch Street, Suite 3100
                                        Philadelphia, PA 19103
                                        Tel: (215) 851-8100
                                        Fax: (215) 851-1420
                                        rnicholas@reedsmith.com
                                        smcclure@reedsmith.com
                                        jmahady@reedsmith.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 20th day of May, 2021, the foregoing

Memorandum was served using the Court's CM/ECF system, which will send notification of such

filing to all counsel of record.

*/s/ Gretchen M. Callas*