IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,

     **Plaintiff,**

v.                          CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,

     **Defendants.**

_____

CABELL COUNTY COMMISSION,

     **Plaintiff,**

v.                          CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,

     **Defendants.**

_____

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion in Limine to Preclude Any Reference to the DEA Approving or Endorsing a Particular Defendant's SOM Program.  See ECF No. 1353.  That motion is fully briefed and ripe for decision.

In their motion, plaintiffs ask the court to exclude "any statements purporting to 'approve' or 'endorse' a Defendant's SOM [Suspicious Order Monitoring] program" because they argue that such evidence is "not relevant to any issue in this case" and is "not probative of the scope of Defendants' duties under the CSA, of whether any Defendant violated those duties, nor of whether

such violations were knowing or intentional."  ECF No. 1353 at 9.

Defendants argue that this type of evidence is relevant and

admissible.  The court agrees with defendants.

As Judge Polster found in the MDL when confronted with a

similar motion:

> At the pretrial hearing, the Court informed the parties
> that it intends to have "a very wide strike zone" for
> evidence about what the federal government, the DEA,
> and the Food and Drug Administration ("FDA") did or did
> not do in connection with opioid regulation, as this
> information is an essential part of the story regarding
> the claims and defenses in this case. . . .
> Specifically, the Court stated:
>
>> The facts are the facts.  Each side is going
>> to use those facts in their narrative for the
>> jury and for public consumption, and [the
>> Court is] going to let both sides have a
>> great deal of latitude on that.  We're
>> obviously not going to have witnesses
>> purporting to tell the jury what the law is,
>> but in terms of what the DEA and FDA did or
>> didn't do, and what implications that would
>> have, [the Court is] going to let both sides
>> have at it.
>
> Consistent with this "very wide strike zone," the Court
> will generally admit evidence relating to action or
> inaction taken by the DEA or other governmental
> entities, subject to objections of undue prejudice raised in the conte

ECF No. 1149-1 at 12-13 (internal citations omitted).

Like Judge Polster, the court considers the DEA's action or

inaction to be "an essential part of the story" regarding

plaintiffs' public nuisance claim.  For this reason, plaintiffs'

motion is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record who have registered to receive an electronic NEF.

IT IS SO ORDERED this 26th day of May, 2021.

ENTER:

David A. Faber
Senior United States District Judge