# EXHIBIT 1

Page 1

1          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
2
3
    * * * * * * * * * * * * * * * * * * * * * *
4
    THE CITY OF HUNTINGTON,
5
              Plaintiff,
6
    vs.                                CIVIL ACTION
7                                      NO. 3:17-01362
    AMERISOURCEBERGEN DRUG
8   CORPORATION, et al.,
9             Defendants.
10  _____
11  CABELL COUNTY COMMISSION,
12            Plaintiff,
13  vs.                                CIVIL ACTION
                                       NO. 3:17-01665
14  AMERISOURCEBERGEN DRUG
    CORPORATION, et al.,
15
              Defendants.
16
    * * * * * * * * * * * * * * * * * * * * * *
17
18
19          Videotaped and Zoom video conference
    deposition of JAMES RAFALSKI taken by the Defendants
20  under the Federal Rules of Civil Procedure in the
    above-entitled action, pursuant to notice, before
21  Jennifer Vail-Kirkbride, a Registered Merit
    Reporter, on the 11th day of September, 2020.
22
23
24

Page 2

```
 1                      APPEARANCES:
 2    APPEARING FOR THE PLAINTIFFS:
 3            Michael J. Fuller, Esquire (via Zoom)
              Kathleen Knight, Esquire (via Zoom)
 4            A.J. Elkins, Esquire (via Zoom)
              Amy Quezon, Esquire (via Zoom)
 5            MCHUGH FULLER LAW GROUP
              108 1/2 Capitol Street
 6            Suite 300
              Charleston, WV  25304
 7
 8    APPEARING FOR THE DEFENDANT McKESSON CORPORATION:
 9            Paul Schmidt, Esquire (via Zoom)
              Christopher Eppich, Esquire (via Zoom)
10            Megan E. Monaghan, Esquire (via Zoom)
              COVINGTON & BURLING
11            One City Center
              850 Tenth Street NW
12            Washington, DC  20001
13
      APPEARING FOR THE DEFENDANT CARDINAL HEALTH:
14
              Raymond S. Franks, II, Esquire (via Zoom)
15            CAREY DOUGLAS KESSLER & RUBY, PLLC
              707 Virginia Street East
16            #901
              Charleston, WV  25301
17            304.345.1234
18            Suzanne Salgado, Esquire (via Zoom)
              Jennifer Wicht, Esquire (via Zoom)
19            WILLIAMS & CONNOLLY
              725 Twelfth Street, N.W.
20            Washington, DC  20005
21
22
23
24
```

1    APPEARING FOR THE DEFENDANT AMERISOURCEBERGEN:

2            Joseph J. Mahady, Esquire (via Zoom)

             Abigail M. Pierce, Esquire (via Zoom)

3            REED SMITH LLP

             Three Logan Square

4            1717 Arch Street, Suite 3100

             Philadelphia, PA  19103

5

6    ALSO PRESENT:

7            Gregory Diefenbaugh, Legal Video Specialist

             (via Zoom)

8            Renee Cook, Esquire (via Zoom)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1                EXAMINATION INDEX

2    9-11-2020

3    Deponent:

4    James E. Rafalski

         BY MR. SCHMIDT . . . . . . . . . . . . .   9

5        BY MR. MAHADY . . . . . . . . . . . . .315

         BY MS. SALGADO . . . . . . . . . . . . 346

6        BY MR. FULLER . . . . . . . . . . . . .379

         BY MR. SCHMIDT . . . . . . . . . . . . 397

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Page 5

```
 1                   EXHIBIT INDEX
 2                                               MAR
   Rafalski ABDC Deposition Exhibit
 3    Exhibit 1    Settlement and Release        320
                   Agreement between the DEA and
 4                 AmerisourceBergen
 5
   Rafalski Deposition Exhibit
 6    Exhibit 1    James Rafalski Expert Report    9
 7    Exhibit 2    Schedule I of James Rafalski    9
                   Expert Report
 8
      Exhibit 4    List of parties whom Dr.       62
 9                 Rafalski has given an opinion
                   who helped cause the opioid
10                 epidemic
11    Exhibit 5    March 10, 2020 hearing         66
                   transcript in New York case
12
      Exhibit 6    McCann deposition transcript 120
13                 dated 9-1-2020
14
      Exhibit 7    February 7, 2020 Deposition   129
15                 Testimony of Rafalski
16    Exhibit 8    Dr. Craig McCann Expert       244
                   Report in CT2
17
18    Exhibit 12   Year 1 and Year 2 charts from298
                   Dr. McCann's report
19
      Exhibit 13   Year 1 and Year 2 charts from308
20                 Dr. McCann's report, second
                   example
21
      Exhibit 17   Declaration of Michelle       169
22                 Cooper
23    Exhibit 20   Energy and House Committee    176
                   Report on Opioids in West
24                 Virginia
```

Page 6

```
 1    Exhibit 21   List of different             182
                   distributors that supplied to
 2                 pharmacies other than
                   McKesson, Cardinal, and ABDC
 3
      Exhibit 24   WV AG, DEA's Failure to        188
 4                 Combat Diversion Cost Lives
 5    Exhibit 25   Opinion in U.S. v.             204
                   $463,497.72
 6
      Exhibit 27   Office of Diversion Control   226
 7                 letter from Haislip, December
                   8, 1993
 8
      Exhibit 29   Dr. Craig McCann Expert        244
 9                 Report, Appendix 10
10    Exhibit 31   Rafalski Depo Transcript, May223
                   17, 2011
11
      Exhibit 33   Pharmaceutical Prime Vendor   265
12                 Contract
13    Exhibit 34   2008 Settlement between        256
                   McKesson and DEA
14
      Exhibit 36   Appendix B, Administrative     259
15                 Memorandum of Agreement
                   between the DEA and McKesson
16
      Exhibit 100  CAH Sixth Supplemental         357
17                 Objections and Responses to
                   Plaintiffs' First Combined
18                 Discovery
19    Exhibit 101  Email from Michael Mone' to   370
                   Gilberto Quintero dated
20                 October 11, 2010
21
22
23
24
```

Page 7

1              P R O C E E D I N G S

2              (9-11-2020, 9:00 A.M., this is the

3    video deposition of James Rafalski via Zoom.)

4              THE VIDEOGRAPHER:  Good morning.  We

5    are going on the record at 9:16 A.M. on September

6    11th, 2020.  This is media unit number 1 of the

7    video recorded deposition of James Rafalski taken by

8    counsel for the defendant in the matter of City of

9    Huntington versus AmerisourceBergen Drug

10   Corporation, et al., filed in the U.S. District

11   Court for the Southern District of West Virginia,

12   case number 3:17-01362.  This deposition is being

13   held remotely by videoconference.

14             My name is Greg Diefenbaugh from the

15   firm Veritext Legal Solutions and I am the certified

16   legal video specialist.  The court reporter is

17   Jennifer Kirkbride from the firm Veritext Legal

18   Solutions.

19             I am not related to any party in this

20   action, nor am I financially interested in the

21   outcome.  Counsel and all present and everyone

22   attending remotely will now state their appearances

23   and affiliations for the record.  If there are any

24   objections to the proceeding, please state them at

Page 8

1    the time of your appearance beginning with the
2    noticing attorney.
3                    MR. FULLER:  Mike Fuller on behalf of
4    the plaintiff.
5                    MR. SCHMIDT:  Paul Schmidt on behalf
6    of McKesson, along with my colleagues Chris Eppich
7    and Megan Monaghan.
8                    MR. MAHADY:  Joseph Mahady on behalf
9    of AmerisourceBergen Drug Corporation, along with my
10   colleague, Abigail Pierce.
11                   (The court reporter requested
12   clarification)
13                   MS. KNIGHT:  Kathleen Knight, A.J.
14   Elkins and Amy Quezon for the plaintiffs.
15                   MS. SALGADO:  Suzanne Salgado on
16   behalf of Cardinal Health along with my colleague,
17   Jennifer Wicht.
18                   MR. FRANKS:  I am Ray Franks, also on
19   behalf of Cardinal Health, local counsel in
20   Charleston, West Virginia.
21                   MR. SCHMIDT:  I'm sorry, who was that?
22                   MR. FRANKS:  It's Ray Franks.  I am in
23   Charleston, West Virginia, with Carey Douglas
24   Kessler & Ruby, local counsel in this matter for

```
                                            Page 9
 1   Cardinal Health.

 2              MR. SCHMIDT:  Sorry.  Thank you.

 3              THE VIDEOGRAPHER:  Would our court

 4   reporter please swear in the witness.

 5                   JAMES E. RAFALSKI,

 6   being first duly sworn, was examined and deposed as

 7   follows:

 8              THE VIDEOGRAPHER:  Counsel may

 9   proceed.

10                   EXAMINATION

11   BY MR. SCHMIDT:

12       Q.    Thank you.  And thank you, Mr. Rafalski.

13   Let's go ahead and mark your report as Exhibit A,

14   please, your West Virginia report.  And do you have

15   a copy of that with you?  It would be in the box at

16   tab 1.

17              And then let's also go ahead -- I'm

18   sorry, let's mark that as Exhibit 1.  And then let's

19   mark as Exhibit 2 the supplemental reliance letter

20   that we received, which should be tab 2 in your box.

21              (Deposition Exhibits 1 and 2 were

22   marked.)

23       A.  It's in here.  No, it's not.  Okay.

24       Q.  And let me ask you, am I correct that
```

Page 137

1    the due diligence assumption?

2        A.   No, sir.

3        Q.   Okay.  And the difference between A and B

4    is that A includes the due diligence assumption and

5    B does not; correct?

6        A.   That's correct.

7        Q.   And so in that regard, B is closer to

8    Masters and the real world than A; correct?

9        A.   I don't know that it's closer.  It's

10   different and why I say that is because B removes

11   any consideration whether due diligence is even

12   done.  And that would be way outside the scope of

13   Masters, too, so when you're drawing those

14   comparisons, as far as the triggering, I'll go back,

15   they're exactly the same.

16             MR. SCHMIDT:  Move to strike as

17   totally nonresponsive.

18       Q.   Sir, A and B are the same except A has a

19   due diligence assumption and B does not; correct?

20       A.   That's correct.

21       Q.   The due diligence assumption in A was not

22   used in the Masters program in the real world;

23   correct?

24       A.   That's correct.

Page 409

1                DEPOSITION REVIEW
               CERTIFICATION OF WITNESS
2

        ASSIGNMENT REFERENCE NO: 4241593
3       City Of Huntington v. Amerisourcebergen Drug Corp, Et Al.
        DATE OF DEPOSITION: 9/11/2020
4       WITNESS' NAME: James Rafalski
5            In accordance with the Rules of Civil
        Procedure, I have read the entire transcript of
6       my testimony or it has been read to me.
7            I have listed my changes on the attached
        Errata Sheet, listing page and line numbers as
8       well as the reason(s) for the change(s).
9            I request that these changes be entered
        as part of the record of my testimony.
10

             I have executed the Errata Sheet, as well
11      as this Certificate, and request and authorize
        that both be appended to the transcript of my
12      testimony and be incorporated therein.
13       October 16, 2020        _____
        Date                          James Rafalski
14

             Sworn to and subscribed before me, a
15      Notary Public in and for the State and County,
        the referenced witness did personally appear
16      and acknowledge that:
17           They have read the transcript;
             They have listed all of their corrections
18           in the appended Errata Sheet;
             They signed the foregoing Sworn
19           Statement; and
             Their execution of this Statement is of
20           their free act and deed.
21           I have affixed my name and official seal
22      this  16th  day of  October  , 20 20 .
23      _____
                                    Notary Public

        KENNETH A TROY
NOTARY PUBLIC - STATE OF MICHIGAN        10 | 3 |21
     COUNTY OF LIVINGSTON         _____
My Commission Expires October 3, 2021
25                                  Commission Expiration Date

Veritext Legal Solutions

```
                                              Page 410
 1                      ERRATA SHEET
              VERITEXT LEGAL SOLUTIONS MIDWEST
 2                 ASSIGNMENT NO: 4241593
 3    PAGE/LINE(S) /        CHANGE        /REASON
 4    41:19/"No." to "No, I was not asked to provide opinions
 5        about the pharmacies' conduct."/correction
 6    49:10/"northern" and "northeastern" to "western"/correction
 7    62:18-19 / statement should be attributed to Mr. Rafalski,
 8        not Mr. Fuller / correction
 9    88:11/"them not a suspicious" to "them a suspicious"/correction
10    101:13/"No." to "No, I can't tell what realistically should
11        have been reported because the due diligence conducted by
12        the defendants was insufficient. Because of this failure on
13        their part, defendants would have no option but to report
14        every flagged order."/correction and clarification
15    104:8/"know" to "no"/correction
16    105:11/"One initial order." to "One initial order per
17        pharmacy."/correction
18    391:15/"main effect" to "maintenance"/correction
19    399:5/"lagging" to "flagging"/correction
      October 16, 2020
20    Date                      James Rafalski
21    SUBSCRIBED AND SWORN TO BEFORE ME THIS  16th
22    DAY OF  October          , 20 20   .
23                    Notary Public

      KENNETH A TROY
NOTARY PUBLIC - STATE OF MICHIGAN
   COUNTY OF LIVINGSTON
My Commission Expires October 3, 2021
                          10/3/21
25                    Commission Expiration Date
```