UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**THE CITY OF HUNTINGTON,**
 Plaintiff,

v.

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
 Defendants.

CIVIL ACTION NO. 3:17-01362

---

**CABELL COUNTY COMMISSION,**
 Plaintiff,

v.

**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**
 Defendants.

CIVIL ACTION NO. 3:17-01665

### PLAINTIFFS' MOTION FOR RECONSIDERATION OF EXCLUSION OF DECLARATION OF DEFENDANT CARDINAL HEALTH, INC. ON CONFIDENTIAL TRADE SECRET STATUS OF ITS ACROS DATA

Plaintiffs respectfully move for reconsideration of the Court's bench order excluding from evidence Plaintiff's Trial Exhibit P-16704_00001—a 28 U.S.C. § 1746 declaration of a Vice President of Defendant Cardinal Health, Inc. (the "Cardinal Declaration"). Plaintiffs attempted to introduce the Cardinal Declaration in their redirect examination of James Rafalski. Trial Tr. (May 27, 2021) at 38:9-13. Defendants objected on relevancy grounds, *id.* at 38:14-17, and the Court denied its admission. *Id.* at 39:25-40:2. As set forth below, the Cardinal Declaration is relevant to a matter that all three Defendants have put into issue and therefore should be admitted.

In the cross-examination of Mr. Rafalski and in each Defendant's examinations of its own employees, Defendants have affirmatively brought into issue whether and why the United States

Drug Enforcement Agency ("DEA") granted or denied Defendants access to one another's ARCOS data. *See* Trial Tr. (May 26, 2021) at 177:4-5 (McKesson-Rafalski); Trial Tr. (May 17, 2021) at 116:17-19 (ABDC-David May); Trial Tr. (May 25, 2021) at 36:24-25 (McKesson-Michael Oriente); Trial Tr. (May 20, 2021) at 218:2-3 (Cardinal-Michael Mone).

Moreover, in Defendants' examinations of their own employees, they all created the appearance that DEA was the only obstacle to their obtaining access to one another's ARCOS data, with which they ostensibly could have improved their suspicious order monitoring:

> Q. Historically, say when you joined the company in 2014, did AmerisourceBergen or any other distributor, to your knowledge, have access to ARCOS data at all?
>
> A. In terms of understanding our customers and the ability to understand whether a customer had more than one supplier, the answer would be no.

Trial Tr. (May 17, 2021) at 116:17-22 (ABDC-David May);

> Q. [C]ould you access the ARCOS data that other distributors were submitting?
>
> A. No. That was not available.
>
> Q. Do you have an understanding as to who did have access to that information?
>
> A. Only the DEA.
>
> Q. Were there occasions you're aware of when distributors like McKesson tried to get access to that ARCOS data?
>
> A. I believe there were requests made, yes.
>
> Q. Until very recently, was that ever granted, to your knowledge?
>
> A. Not until recent.

Trial Tr. (May 25, 2021) at 36:18-37:4 (McKesson-Michael Oriente);

> Q. Did Cardinal Health request ARCOS information from the DEA?
>
> A. Yes, we did.
>
> Q. Why?

> A. Well, if you go back to the question you asked about who can see all of the data when there are multiple suppliers, there is a point in time when we requested the ARCOS data so that we would know not, not the 'who' of the other suppliers, just the 'what' and the volume of the 'what' so that we could add that into our evaluation about the customer.
>
> Q. Cardinal Health wanted to integrate into its evaluation process how much other distributors were sending to a particular pharmacy. Is that fair?
>
> A. Yeah, the rest of the story.
>
> Q. Did the DEA provide that information?
>
> A. They did not.
>
> Q. Why not?
>
> A. To the best of my recollection, they claimed it was proprietary information.
>
> Q. Did Cardinal just ask for that information once or multiple times?
>
> A. Multiple times.

Trial Tr. (May 20, 2021) at 218:2-24 (Cardinal-Michael Mone). Each Defendant thus used its employee to tell a story of the company attempting to perform due diligence by seeking ARCOS data on their customers, and DEA standing in the way as the sole obstacle to this due diligence.

The Cardinal Declaration that Plaintiffs tried to introduce into evidence is directly relevant to this story. The Cardinal Declaration was filed in the case of *Madel v. U.S. Dep't of Justice*, No. 0:13-cv-2832-PAM-FLN (D. Minn.). In *Madel*, the plaintiff had filed a Freedom of Information Act ("FOIA") request to DEA seeking ARCOS data on oxycodone transactions by five companies (including each Defendant herein). *See Madel v. U.S. Dept. of Justice*, 794 F.3d 448, 450 (8th Cir. 2015). DEA withheld five documents on the grounds they contained confidential *commercial* information subject to a FOIA exemption. *Id.* (citing 5 U.S.C. § 552(b)(4)). The U.S. Court of Appeals for the Eighth Circuit affirmed in part, holding that the five documents did contain

confidential commercial information, *id.* at 453, but also reversed in part, holding that the district court must determine whether any non-confidential data in the documents could reasonably be segregated and produced, *id.* at 453-54.

On remand to the district court, Cardinal filed the at-issue Declaration in support of DEA's renewed motion for summary judgment seeking to bar disclosure of any segregated ARCOS data. The Declaration was signed and filed pursuant to 28 U.S.C. § 1746 by Cardinal's Vice President of Sales Operations, Tina Lantz. In the Cardinal Declaration, Ms. Lantz stated in relevant part as follows:

> Cardinal Health submitted a letter to DEA, dated August 18, 2015, objecting to the release of the information identified in DEA's notice letter as sensitive and confidential business information, the release of which would result in substantial competitive harm to our company.
>
> Cardinal Health does not customarily release any of the information identified by the DEA's notice letter to the public, nor is the information publicly available. Cardinal Health relies on DEA to protect its confidential business information reported to the Agency.
>
> The ARCOS information reveals Cardinal Health's distribution of certain controlled substances to the registrants in the state of Georgia. Disclosure of the information would enable Cardinal Health's competitors to identify every pharmacy in Georgia with which Cardinal Health has conducted business since 2006, which would in turn allow competitors to easily target existing Cardinal Health customers and attempt to take away business. Disclosing the information would also reveal sensitive and confidential data regarding Cardinal Health's operation, which could be used by competitors to gain insight into Cardinal Health's inventory management and distribution patterns relating to size and frequency of its shipments.
>
> . . .
>
> Cardinal Health is likely to suffer competitive harm if the ARCOS information relating to large distributions is released. Limiting disclosure to entities purchasing larger volumes of controlled substances does not negate the likelihood that Cardinal Health will suffer competitive harm. Rather, competitors would still have an advantage of knowing the identities of Cardinal Health's largest customers.

> For these reasons, Cardinal Health objects to the release of the information or portions of the information requested by the Plaintiff.
>
> Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Madel v. U.S. Dep't of Justice*, No. 0:13-cv-02832-PAM-FLN (D. Minn.) (Declaration of Tina Lantz, filed Nov. 2, 2016) (ECF No. 93) (Ex. A hereto), ¶¶ 5-7, 11-12.[1]

The Cardinal Declaration is relevant and admissible. Ms. Lantz's certification under oath pursuant to 28 U.S.C. § 1746 authenticates the Cardinal Declaration as a certified domestic record under Fed. R. Evid. 902(11). *See* Fed. R. Evid. 902 advisory committee's note to 2000 Amendments ("A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath."). It also is a non-hearsay party admission under Fed. R. Evid. 801(d)(2)(B), (C), and/or (D). Finally, it is indisputably relevant since Cardinal and its Co-Defendants have affirmatively and repeatedly put into issue whether and why DEA does or does not allow third-party access to ARCOS data.

Since the Cardinal Declaration is authentic, admissible, and relevant to a disputed issue, Plaintiffs respectfully request that the Court reconsider its ruling excluding the Cardinal Declaration and allow its admission into evidence.

---

[1] In response to a query by Judge Polster early in the MDL, DEA confirmed that it is registrants like Cardinal and co-Defendants herein who were responsible for the ARCOS data being deemed trade secrets barred from disclosure. *See* Jan. 30, 2018 Letter of David Sierlaja, First Assistant United States Attorney and attached Memorandum of Demetra Ashley, Acting Assistant Administrator, DEA Diversion Control Division, to Judge Polster (Ex. B hereto) at Memo. p. 4 ("In Freedom of Information Act litigation, registrants have articulated the competitive harm that would result from the release of this information in several ways. For example, registrants have expressed concern that ARCOS information, if made publicly available, could be used by competitors to determine market share and sales trends in specific areas and would enable competitors to target existing customers and attempt to take away business. For this reason, *registrants have repeatedly asserted that they rely on DEA to protect the confidential business information that they report to DEA through ARCOS*.") (emphasis added).

## CONCLUSION

For all of the reasons set forth, the Court grant reconsideration and admit into evidence the Cardinal Health Declaration.

Dated: June 4, 2021

Respectfully submitted,

| | |
|---|---|
| **THE CITY OF HUNTINGTON** | **CABELL COUNTY COMMISSION** |
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell Jr.* |
| Anne McGinness Kearse (WVSB No 12547) | Paul T. Farrell, Jr. (WVSB Bar No. 7443) |
| Joseph F. Rice | **FARRELL & FULLER LLC** |
| **MOTLEY RICE LLC** | 1311 Ponce de Leon Ave., Suite 202 |
| 28 Bridgeside Blvd. | San Juan, Puerto Rico 00907 |
| Mount Pleasant, SC 29464 | Mobile: 304-654-8281 |
| Tel: 843-216-9000 | paul@farrellfuller.com |
| Fax: 843-216-9450 | |
| akearse@motleyrice.com | /s/ *Anthony J. Majestro* |
| jrice@motleyrice.com | Anthony J. Majestro (WVSB No. 5165) |
| | **POWELL & MAJESTRO, PLLC** |
| Linda Singer | 405 Capitol Street, Suite P-1200 |
| David I. Ackerman | Charleston, WV 25301 |
| **MOTLEY RICE LLC** | 304-346-2889 / 304-346-2895 (f) |
| 401 9th Street NW, Suite 1001 | amajestro@powellmajestro.com |
| Washington, DC 20004 | |
| Tel:  202-232-5504 | Michael A. Woelfel (WVSB No. 4106) |
| Fax:  202-386-9622 | **WOELFEL AND WOELFEL, LLP** |
| lsinger@motleyrice.com | 801 Eighth Street |
| dackerman@motleyrice.com | Huntington, West Virginia 25701 |
| | Tel. 304.522.6249 |
| Charles R. "Rusty" Webb (WVSB No. 4782) | Fax. 304.522.9282 |
| **The Webb Law Centre, PLLC** | mikewoelfel3@gmail.com |
| 716 Lee Street, East | |
| Charleston, West Virginia 25301 | |
| Telephone: (304) 344-9322 | |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

## **CERTIFICATE OF SERVICE**

I certify that on June 4, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Anthony J. Majestro*