# EXHIBIT A

**Declaration of Tina Lantz, Vice President of Sales Operations at Cardinal Health, Inc., filed in *Madel v. U.S. Dep't of Justice*, No. 0:13-cv-02832 (D. Minn.) (ECF No. 93)**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
13-cv-2832 (PAM/FLN)

CHRISTOPHER W. MADEL,

    Plaintiff,

**DECLARATION OF TINA LANTZ**

U.S. DEPARTMENT OF JUSTICE,
et al.,

    Defendants.

Pursuant to 28 U.S.C. § 1746, I, TINA LANTZ, hereby declare as follows:

1. I am the Vice President of Sales Operations at Cardinal Health. I have held this position since late 2012. I have been employed by Cardinal Health for more than 20 years.

2. This declaration relates to Freedom of Information Act requests submitted by Plaintiff Christopher Madel for certain records relating to Cardinal Health's distribution of oxycodone in the state of Georgia.

3. The statements made in this Declaration are based on my personal knowledge, information made available to me in the performance of my official duties, and conclusions and determinations reached and made in accordance therewith.

4. By letter, the Drug Enforcement Administration (DEA) notified Cardinal Health pursuant to 28 C.F.R. § 16.8 of the Eighth Circuit Court of Appeals' opinion in this matter, 784 F.3d 448 (8th Cir. 2015). The notice requested Cardinal Health's response regarding the potential release of a spreadsheet or portions of a spreadsheet disclosing details of Cardinal Health's oxycodone sales.

5. Cardinal Health submitted a letter to DEA, dated August 18, 2015, objecting to the release of the information identified in DEA's notice letter as sensitive and confidential

PLAINTIFFS TRIAL EXHIBIT
P-16704_00001

P-16704 _ 00001

business information, the release of which would result in substantial competitive harm to our company.

6. Cardinal Health does not customarily release any of the information identified by the DEA's notice letter to the public, nor is the information publicly available. Cardinal Health relies on DEA to protect its confidential business information reported to the Agency.

7. The ARCOS information reveals Cardinal Health's distribution of certain controlled substances to the registrants in the state of Georgia. Disclosure of the information would enable Cardinal Health's competitors to identify every pharmacy in Georgia with which Cardinal Health has conducted business since 2006, which would in turn allow competitors to easily target existing Cardinal Health customers and attempt to take away business. Disclosing the information would also reveal sensitive and confidential data regarding Cardinal Health's operations, which could be used by competitors to gain insight into Cardinal Health's inventory management and distribution patterns relating to size and frequency of its shipments.

8. Data fields that identify Cardinal Health's customers, many of whom may be current customers, would allow our competitors seeking to expand their customer base to more accurately target Cardinal Health's customers. This is one of the reasons that Cardinal Health does not make public its list of customers. Revealing the identity of the customer alone is likely to cause competitive harm to Cardinal Health.

9. Releasing the data fields that relate to the location of Cardinal Health's customers could reveal the identity of these customers, even if the customer name is not disclosed. For example, there may be a limited number of pharmacies in certain counties or zip codes,

and a competitor could ascertain the identities of these customers based on the disclosure of locality alone. A competitor could also determine Cardinal Health's market share in a particular locality, and use this information to inform its strategies to increase its customer base.

10. The ARCOS information identifies historical orders which can easily be analyzed by competitors to determine ordering patterns of Cardinal Health's customers. Competitors who know the historical volumes ordered by certain customers can use the data to make predictions regarding which customers to pursue and what types of pricing deals to offer to those customers. Releasing older data would permit competitors to analyze distribution trends, and target Cardinal Health's customers by offering a pricing deal that is informed by the prior purchases from Cardinal Health.

11. Cardinal Health is likely to suffer competitive harm if the ARCOS information relating to large distributions is released. Limiting disclosure to entities purchasing larger volumes of controlled substances does not negate the likelihood that Cardinal Health will suffer competitive harm. Rather, competitors would still have an advantage of knowing the identities of Cardinal Health's largest customers.

12. For these reasons, Cardinal Health objects to the release of the information or portions of the information requested by the Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct to the best of my knowledge and belief.

DATED: _NOV 2,_ , 2016

[signature] Tina Lantz
NAME
POSITION        V.P. Sales
Cardinal Health    Operations