# EXHIBIT 1

Page 1

1         IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
2

3
     * * * * * * * * * * * * * * * * * * * * *
4

     THE CITY OF HUNTINGTON,
5
              Plaintiff,
6

     vs.                              CIVIL ACTION
7                                     NO. 3:17-01362

     AMERISOURCEBERGEN DRUG
8    CORPORATION, et al.,
9             Defendants.
10   _____
11   CABELL COUNTY COMMISSION,
12            Plaintiff,
13   vs.                              CIVIL ACTION
                                      NO. 3:17-01665
14   AMERISOURCEBERGEN DRUG
     CORPORATION, et al.,
15
              Defendants.
16
     * * * * * * * * * * * * * * * * * * * * *
17

18

19        Videotaped and Zoom videoconference
     deposition of CRAIG MCCANN, PH.D. taken by the
20   Defendants under the Federal Rules of Civil
     Procedure in the above-entitled action, pursuant to
21   notice, before Jennifer Vail-Kirkbride, a Registered
     Merit Reporter, on the 1st day of September, 2020.
22

23

24

Page 115

1  I would have agreed with you, yes.  But then when
2  you add that phrase, you are characterizing what we
3  did in our code incorrectly.
4      Q.  Masters did not compare a calendar month
5  shipments to those shipments made during the prior
6  six calendar months; correct?
7      A.  Correct.
8      Q.  Masters compared a rolling 30-day shipment
9  history to shipments made during the prior six
10 months; correct?
11     A.  That is what this document says.
12     Q.  Yes or no, sir?
13     A.  I don't know what they actually did.  I am
14 just saying -- that's how I understand what you just
15 read out of this document.
16     Q.  And you agree that your computer algorithm
17 for the maximum monthly trailing six-month threshold
18 methodology does not follow what we have read here
19 in the operating procedures for the SOMS program
20 described in the Masters Pharmaceutical
21 Comprehensive Compliance Policy Manual that has been
22 marked as Exhibit 6?
23     A.  Correct.
24     Q.  If we could turn back to page 61 of your

Page 119

1    Q.  And you agree, sir, that your trailing
2    six-month maximum monthly fixed after first
3    triggered threshold methodology does not follow the
4    operating procedures of the SOMS program described
5    in the Masters Pharmaceutical Comprehensive
6    Compliance Policy Manual, Exhibit 6?
7    A.  Correct.
8    Q.  Let's turn to page 68 in your report,
9    sir.  Page 68, you describe methodology 4, the three
10   times trailing 12-month average pharmacy dosage
11   units.  Do you see that, sir?
12   A.  Yes.
13   Q.  In paragraph 117, you describe this
14   methodology 4 and it reads "Under the fourth
15   approach, I identify transactions that cause the
16   number of dosage units shipped by a distributor
17   defendant to a pharmacy in a calendar month to
18   exceed three times the trailing 12-month average
19   dosage units to retail and chain pharmacies served
20   by the distributor defendant."  Did I read that
21   correctly, sir?
22   A.  Yes.
23   Q.  You developed a computer algorithm to
24   operationalize the three times trailing 12-month

Page 167

```
 1
 2
 3
 4
 5  STATE OF WEST VIRGINIA
 6  COUNTY OF BROOKE, to wit;
 7
 8
 9       I, Jennifer Vail-Kirkbride, a Notary Public and
10  Commissioner within and for the County and State
11  aforesaid, duly commissioned and qualified, do
12  hereby certify that the attached deposition
13  transcript of CRAIG MCCANN meets the requirements
14  set forth within article twenty-seven, chapter
15  forty-seven of the West Virginia Code to the best of
16  my ability at the time I submitted the same to
17  Realtime Reporters, LLC, 713 Lee Street, Charleston,
18  West Virginia on September 3, 2020, 2015 for
19  distribution.  Said transcript was duly taken by me
20  and before me at the time and place and for the
21  purpose specified in the caption hereof, the said
22  witness having been by me first duly sworn.
23       I do further certify that the said deposition
24  consisting of 170 pages was correctly taken by me in
```

1  stenotype notes, and that the same were accurately
2  written out in full and reduced to typewriting and
3  that the witness did request to read his transcript.
4
5
6  My Notary Public commission expires:  August 26,
7  2023.
8  My West Virginia Commissioner commission expires:
9  February 15, 2022.
10 Given under my hand this 2nd day of September, 2020.
11
12
13
14                          /s/ Jennifer Vail-Kirkbride
                            Registered Professional
15                          Reporter
16                          RMR, CRR, FCRR, RPR, WV-CCR
17
18
19
20
21
22
23
24

Page 169

1  STATE OF WEST VIRGINIA
2  COUNTY OF KANAWHA, to wit;
3      I, Teresa Evans, owner of Realtime Reporters,
4  LLC, do hereby certify that the attached deposition
5  transcript of CRAIG MCCANN meets the requirements
6  set forth within article twenty-seven, chapter
7  forty-seven of the West Virginia Code to the best of
8  my ability.
9
10 Given under my hand this 3rd day of September, 2020.
11
12
13
14                        /s/ Teresa Evans
                          _____
15                        Registered Professional
                          Reporter
16
17
18
19
20
21
22
23
24