UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THE CITY OF HUNTINGTON,
    Plaintiff,

v.

                                         CIVIL ACTION NO. 3:17-01362

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,
    Defendants.

---

CABELL COUNTY COMMISSION,
    Plaintiff,

v.

                                         CIVIL ACTION NO. 3:17-01665

AMERISOURCEBERGEN DRUG
CORPORATION, et al.,
    Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF EXCLUSION OF DECLARATION OF DEFENDANT CARDINAL HEALTH, INC. ON CONFIDENTIAL TRADE SECRET STATUS OF ITS ACROS DATA**

Plaintiffs submit this reply in response to Defendants' Opposition (ECF No. 1406) to Plaintiffs' Motion for Reconsideration of Exclusion of Declaration of Defendant Cardinal Health, Inc. on Confidential Trade Secret Status of its ARCOS Data (ECF No. 1397).

Plaintiffs seek reconsideration because the Cardinal Declaration is relevant to rebutting the testimony Defendants elicited from their employee-witnesses that they asked the U.S. Drug Enforcement Administration ("DEA") for access to one another's ARCOS data with which to monitor their customers' ordering, but DEA denied them this access. In opposing reconsideration, Defendants contend that the Cardinal Declaration is irrelevant because their requests to DEA sought anonymized ARCOS data, while the Declaration addressed competitive harms resulting

from access to non-anonymized data revealing which distributor sold to which pharmacy customer. *See* Opposition at 2 ("Cardinal Health did not then—and does not now—oppose disclosure of **anonymized** ARCOS data that does not tie a specific distributor to specific customers, but reflects aggregate distributions to its customers.") (emphasis in original).  This assertion is incorrect.

The Cardinal Declaration is filed in the case of *Madel v. U.S. Dep't of Justice*, No. 0:13-cv-02832 (D. Minn.), and is dated November 2, 2016.  *See* Pltfs' Ex. A (Cardinal Declaration) (ECF No. 1397-1).  This was after the case had been appealed to the U.S. Court of Appeals for the Eighth Circuit, which held that the ARCOS data sought to be disclosed was covered by the Freedom of Information Act's ("FOIA's") exemption for "trade secrets," 5 U.S.C. § 552(b)(4), because each document sought contained information that:

> could identify individual registrants and 'if competitors were to obtain such data, they would be able to use it to target specific markets, forecast potential business of new locations, or to gain market share in existing locations.'  This could cause harm to 'potentially a large number of companies that distribute to retail registrants.'

*Madell v. U.S. Dep't of Justice*, 794 F.3d 448, 452-53 (8th Cir. 2015) (quoting DEA Declaration). After holding that FOIA's trade secrets exemption applied, the Eighth Circuit remanded the case for a determination of whether "reasonably segregable *non-exempt* information" could be disclosed.  *Id.* at 453 (emphasis added).

Cardinal thus filed its *Madel* declaration *after* the Eighth Circuit had affirmed that non-anonymized ARCOS data contains trade secrets that need not be disclosed.   In that setting, the Cardinal Declaration sought to prevent DEA's disclosure of remaining *non-anonymized* data still at issue:

> Disclosing the information would also reveal sensitive and confidential data regarding Cardinal Health's operations, which could be used by competitors to gain insight into Cardinal Health's inventory management and distribution patterns relating to size and frequency of shipments.

2

. . .

>Releasing the data fields that relate to the location of Cardinal Health's customers could reveal the identity of these customers, even if the customer name is not disclosed. For example, there may be a limited number of pharmacies in certain counties or zip codes and a competitor could ascertain the identities of these customers based on the disclosure of locality alone. A competitor could also determine Cardinal Health's market share in a particular locality, and use this information to inform its strategies to increase its customer base.

>. . .

>For these reasons, Cardinal Health objects to the release of the information *or portions of the information* requested by the Plaintiff.

Pltfs' Ex. A (Cardinal Declaration) (ECF No. 1397-1), ¶¶ 7, 9, 12 (emphasis added).

Cardinal's declaration opposing DEA's release of anonymized and non-anonymized ARCOS data alike as threatening it with unfair competitive harm is relevant to rebutting Defendants' attempts to portray DEA as the sole obstacle to the release of this information. The Court thus should grant reconsideration and admit the Cardinal Declaration into evidence.[1]

### CONCLUSION

For all of the reasons set forth herein and in Plaintiffs' motion, the Court grant reconsideration and admit into evidence the Cardinal Health Declaration.

---

[1] The Court also should reject Defendants' separate argument on relevancy that the *Madel* case "was limited to Georgia customers and has no connection to Cabell County or the City of Huntington." Opposition at 4. None of the Cardinal Declaration's statements is limited to concerns specific to Georgia data. *See*, *e.g.*, Pltfs' Ex. A (Cardinal Declaration) (ECF No. 1397-1), ¶ 6 ("Cardinal Health relies on DEA to protect its confidential business information reported to the Agency."). Nor is the testimony Defendants elicited in this case on access to ARCOS data limited to data from Cabell County or the City of Huntington. *See*, *e.g.*, 5/20 Tr. at 218:2-24 (Cardinal-Michael Mone) ("Q. Did Cardinal Health request ARCOS information from the DEA? A. Yes, we did."). Since both the Cardinal Declaration and the testimony Defendants elicited here are national in scope, the latter is relevant to rebutting the former.

Dated: June 15, 2021

**THE CITY OF HUNTINGTON**

/s/ *Anne McGinness Kearse*
Anne McGinness Kearse (WVSB No 12547)
Joseph F. Rice
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
akearse@motleyrice.com
jrice@motleyrice.com

Linda Singer
David I. Ackerman
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel:  202-232-5504
Fax:  202-386-9622
lsinger@motleyrice.com
dackerman@motleyrice.com

Charles R. "Rusty" Webb (WVSB No. 4782)
**The Webb Law Centre, PLLC**
716 Lee Street, East
Charleston, West Virginia 25301
Telephone: (304) 344-9322
Facsimile: (304) 344-1157
rusty@rustywebb.com

Respectfully submitted,

**CABELL COUNTY COMMISSION**

/s/ *Paul T. Farrell Jr.*
Paul T. Farrell, Jr. (WVSB Bar No. 7443)
**FARRELL & FULLER LLC**
1311 Ponce de Leon Ave., Suite 202
San Juan, Puerto Rico 00907
Mobile: 304-654-8281
paul@farrellfuller.com

*/s/ Anthony J. Majestro*
Anthony J. Majestro (WVSB No. 5165)
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

Michael A. Woelfel (WVSB No. 4106)
**WOELFEL AND WOELFEL, LLP**
801 Eighth Street
Huntington, West Virginia 25701
Tel. 304.522.6249
Fax. 304.522.9282
mikewoelfel3@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 15, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Anthony J. Majestro*