**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| | Hon. David A. Faber |
| AMERISOURCEBERGEN DRUG CORPORATION, et al., | |
| Defendants. | |
| CABELL COUNTY COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| | Hon. David A. Faber |
| AMERISOURCEBERGEN DRUG CORPORATION, et al., | |
| Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL
MOTION TO EXCLUDE THE OPINIONS OF JAMES E. RAFALSKI**

In a last-ditch effort to save Mr. Rafalski's flagging methodologies and opinions (which all flow from those methodologies), Plaintiffs (1) contradict their prior statements and Mr. Rafalski's sworn testimony regarding the purpose of his analysis and (2) misconstrue the rules governing expert testimony. Neither argument bears scrutiny.

***Plaintiffs' Failure To Re-Call Dr. McCann.*** Plaintiffs wholly miss the mark in asserting that Mr. Rafalski's opinions—which are ***admittedly*** built entirely upon the calculations performed by Dr. McCann—may be admitted in light of Plaintiffs' failure to re-call Dr. McCann.

Plaintiffs argue that Mr. Rafalski's opinions are distinguishable from the opinions excluded in the cases cited by Defendants because, they say, the opinions offered by Mr. Rafalski were "within his own expertise." Dkt. No. 1416, at 7. But that is not true. Even assuming that it is within Mr. Rafalski's expertise to testify as to what an adequate suspicious order monitoring system might look like, it is plainly ***not*** within his expertise to testify about the percentage of Defendants' orders that would have been flagged by each of the methodologies he designed. Indeed, Mr. Rafalski expressly disavowed having undertaken—or having the competence to undertake—that analysis, and deferred to Dr. McCann. *See, e.g.*, 5/26 Trial Tr. at 212:10-12 ("Q. You didn't check the math on any of the six methodologies, correct? A. I did not."); *id.* at 213:21-24 ("Q. When we talked in your deposition, you weren't able to tell me all the assumptions [Dr. McCann] made, correct? A. That's correct. And I wouldn't be able to tell you right now either.").[1] In other words, any opinion that some particular number or percentage of Defendants' orders should or would have been flagged by Mr. Rafalski's methodologies are "within the expertise" of Dr. McCann (who made specific assumptions in order to perform those calculations), ***not*** Mr. Rafalski (who could not even identify those assumptions).

Moreover, while "Rule 703 undoubtedly allows experts to testify on the basis of facts or data that 'need not be admissible' in and of themselves, Rule 703 does not necessarily allow a witness to rely on the methodology of another expert, if that expert's methodology would be deemed unreliable under *Daubert*." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 789 (7th

---

[1] *See also* 5/26 Trial Tr. at 114:10-19 ("Q. Did you ask that Dr. McCann apply those methodologies to the ARCOS database? A. I did, Your Honor…. Q. And did Dr. McCann make you aware of the results? A. Yes, Your Honor. Q. Did you incorporate and rely upon those results? A. I did, Your Honor.").

Cir. 2017).[2]  Here, because of Plaintiffs' misrepresentations to both Defendants and the Court that "Dr. McCann is coming back to finish the rest of his testimony," 5/11 Tr. at 171:9-10, Defendants were denied the opportunity to cross-examine him regarding the reliability of his calculations. Indeed, Plaintiffs' counsel went so far as to object when Defendants tried to question Dr. McCann about his flagging methodologies, stating that the "parties have stipulated that the SOMS and the suspicious order flagging is in phase two of Dr. McCann's testimony," and argued on that basis that it was not "appropriate" for Defendants to question him about his flagging methodologies until phase 2.

In short, Plaintiffs' counsel themselves represented to the Court that (1) without Dr. McCann, Mr. Rafalski's testimony was only "conditional[ly] relevan[t]," 5/19 Tr. at 231:22–232:5, and (2) in order for Mr. Rafalski's opinions to be admissible, "we have to have both of the testimonies"—meaning the testimony of both Mr. Rafalski and Dr. McCann, 5/20 Tr. at 10:7–10. Fundamental fairness and the Federal Rules of Evidence require the Court to hold Plaintiffs to that representation, and therefore to exclude Mr. Rafalski's testimony.

***Mr. Rafalski's Flagging Methodologies***.  Plaintiffs make the remarkable claim that Mr. Rafalski's flagging methodologies were ***not*** intended to address Defendants' alleged duty to identify and report suspicious orders.  *See* Dkt. No. 1416, at 1-3.  But that flatly misstates Mr. Rafalski's own claims about his work.  For example, Mr. Rafalski testified that the difference between his Method A and Method B is that, under Method B, "a ***suspicious order*** is identified but yet, shipping continues." 5/26 Trial Tr. at 226:19-25 (emphasis added).  Similarly, his report made clear that the purpose of his methodologies was to "identify[] ***suspicious orders*** distributed

---

[2] Moreover, while an expert may rely on inadmissible materials that are typically relied on by other experts in their field, reliance by one retained expert on the out-of-court, made-for-litigation report of another retained expert does not satisfy that requirement.

in [Cabell/Huntington]." Ex. 1, Rafalski Expert Rpt. at 47 (emphasis added); *see id.* ("The purpose of each [methodology] was to identify ***suspicious orders*** that should not have been shipped unless the distributors' due diligence eliminated the suspicion of diversion." (emphasis added)).

Plaintiffs' counsel's assertion is also directly contradicted by their own prior statements to this Court. For instance, Plaintiffs' counsel previously told that Court that:

- Mr. Rafalski's report identifies six methodologies that could have been used to identify ***suspicious orders*** (Methodology A-F);

- Mr. Rafalski provides an estimate of the ***suspicious orders*** that Defendants would have identified had they employed a reliable methodology, including, for example, Methods A and/or B; and

- Mr. Rafalski's "screening" or flagging methodologies are methodologies that "a distributor could use to identify ***orders that are suspicious*** by virtue of unusual size."

Dkt. No. 1108, at 4, 6, 15 (citing Rafalski Rpt.); *see also* 21 C.F.R. § 1301.74(b) (defining "suspicious orders" as including orders of "unusual size").

In any event, Plaintiffs' disavowal of Mr. Rafalski's flagging methodologies as purportedly identifying "suspicious orders" does not help them—rather, it is fatal. If the orders that Mr. Rafalski "flags" are not "suspicious orders," then they are entirely irrelevant. There is no evidence in the case—and no basis in the law—for Plaintiffs' apparent suggestion that Defendants should have investigated or refused to ship orders that are not suspicious and were not identified by the systems Defendants actually used, but that happened to be flagged by one of Mr. Rafalski's not-used-in-the-real-world methodologies. And Plaintiffs' current effort to have Mr. Rafalski claim that all of these orders are "more likely than not" to be diverted, 5/26 Trial Tr. at 214:10-12, while disclaiming that they are even reportable or suspicious, highlights an irreconcilable incoherence in his professed methodology.

Dated: June 16, 2021                    Respectfully Submitted,

                                        *McKesson Corporation*
                                        By Counsel:

                                        */s/ Timothy C. Hester*
                                        Timothy C. Hester
                                        Christian J. Pistilli
                                        Laura Flahive Wu
                                        Andrew P. Stanner
                                        COVINGTON & BURLING LLP
                                        One CityCenter
                                        850 Tenth Street NW
                                        Washington, DC 20001
                                        Tel: (202) 662-5324
                                        thester@cov.com
                                        cpistilli@cov.com
                                        lflahivewu@cov.com
                                        astanner@cov.com

                                        */s/ Paul W. Schmidt*
                                        Paul W. Schmidt
                                        COVINGTON & BURLING LLP
                                        The New York Times Building
                                        620 Eighth Avenue
                                        New York, New York
                                        Tel: (212) 841-1000
                                        pschmidt@cov.com

                                        */s/ Jeffrey M. Wakefield*
                                        Jeffrey M. Wakefield (WVSB #3894)
                                        jwakefield@flahertylegal.com
                                        Jason L. Holliday (WVSB #12749)
                                        jholliday@flahertylegal.com
                                        FLAHERTY SENSABAUGH BONASSO PLLC
                                        P.O. Box. 3843
                                        Charleston, WV 25338-3843
                                        Telephone: (304) 345-0200

                                        *AmerisourceBergen Drug Corporation*
                                        By Counsel:

                                        */s/ Gretchen M. Callas*
                                        Gretchen M. Callas (WVSB #7136)
                                        JACKSON KELLY PLLC
                                        Post Office Box 553

Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com

*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
nicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Jennifer G. Wicht
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
jwicht@wc.com
ahardin@wc.com

Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234

6

Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 16th day of June, 2021, the foregoing "SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED DAUBERT MOTION TO EXCLUDE THE OPINIONS OF JAMES E. RAFALSKI" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Timothy C. Hester
Timothy C. Hester (DC 370707)