UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **CITY OF HUNTINGTON**<br>    Plaintiff,<br>v.<br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**<br>    Defendants. | Civil Action No. 3:17-cv-01362 |
| **CABELL COUNTY COMMISSION,**<br>    Plaintiff,<br>v.<br>**AMERISOURCEBERGEN DRUG CORPORATION, et al.,**<br>    Defendants. | *Consolidated Case*:<br>Civil Action No. 3:17-cv-01665 |

**PLAINTIFFS' TRIAL MEMORANDUM REGARDING ADMISSIBILITY OF REDRESS MODEL OF EXPERT WITNESS G. CALEB ALEXANDER, MD, MS**

Plaintiffs submit this trial memorandum in support of the admissibility into evidence of the "Redress Model" appended to the report of G. Caleb Alexander, MD, MS, Plaintiffs' epidemiology and opioid abatement interventions expert, pursuant to Fed. R. Evid. 611(a).  The document is P-41907, dated May 24, 2021.

Dr. Alexander's Redress Model is a chart consisting of population estimates of the numbers of Cabell County and City of Huntington residents who will be served by the opioid abatement interventions, as well as unit costs for the services provided to those residents.  These estimates are based upon data from federal, state, and local government sources, community organizations, peer-reviewed publications and other white papers, and Dr. Alexander's and other experts' opinions.  Consistent with the Federal Rules of Evidence, admission of the Redress Model will save

1

significant trial time and, as stated by the Court, will assist with this complex matter.

The Fourth Circuit long has held that a trial court has discretion to admit summary charts and accompanying foundational testimony into evidence under Rule 611 (a). *See United States v. Johnson*, 54 F.3d 1150, 1158 (4th Cir. 1995) ("We conclude, however, that pursuant to Rule 611(a) of the Federal Rules of Evidence, the district court was within its discretion in allowing the summary chart and accompanying foundational testimony into evidence."); *see also United States v. Loayza*, 107 F.3d 257, 264 (4th Cir. 1997) ("Summary charts are admissible if they aid the jury in ascertaining the truth."); *United States v. Mamalis*, 498 Fed. Appx. 240, 249 (4th Cir. Nov. 30, 2012) ("[W]e hold that the district court did not abuse its discretion when it admitted the summary charts into evidence.").[1]

Under Rule 611(a), "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). In applying Rule 611(a) to the admissibility of summary charts, the Fourth Circuit in *Johnson* recognized two guiding principles. "First, we consider whether the

---

[1] The Fourth Circuit is not unique in so holding. *See*, *e.g.*, *United States v. Milkiewicz*, 470 F.3d 390, 398 (1st Cir. 2006) ("In some cases, however, such pedagogical devices may be sufficiently accurate and reliable that they, too, are admissible in evidence, even though they do not meet the specific requirements of Rule 1006."); *United States v. Bray*, 139 F.3d 1104, 1111-12 (6th Cir. 1998) ("We note in passing that in appropriate circumstances not only may such pedagogical-device summaries be used as illustrative aids in the presentation of the evidence, but they may also be admitted into evidence even though not within the specific scope of Rule 1006.").

summary chart aids the [factfinder] in ascertaining the truth." 54 F.3d at 1159. "Second, applying what is essentially an analysis under Rule 403 of the Federal Rules of Evidence, we consider the possible prejudice that would result to the [opposing party] by allowing the summary chart into evidence." *Id.* Each of these considerations is taken in turn.

*First*, in determining whether summary charts will aid the factfinder, the trial court should "look to the length of the trial, the complexity of the case, and the accompanying confusion that a large number of witnesses and exhibits may generate for the jury." *Id.* In *Johnson*, the Fourth Circuit held that these supported the admissibility of summary charts where:

> The record reflects that in presenting its case-in-chief over a seven-day period, the Government called over thirty witnesses who testified about the workings of the alleged drug conspiracy. Of these thirty witnesses, twenty-eight were co-conspirators or had direct dealings with the drug conspiracy. *In light of the complex nature of the extended drug conspiracy and the large number of witnesses presented, we conclude that the summary chart likely helped the jury in sifting through the testimony in the case.*

54 F.3d at 1160 (emphasis added); *see also Mamalis*, *supra*, 498 Fed. Appx. at 249 ("The trial was seven days long and involved twenty-three witnesses. Furthermore, the trial involved a number of co-defendants, numerous cell phones, pen registers and wiretraps authorized for various cell phones, and three violent robberies. These factors increased the complexity of the issues before the jury, and the summary charts enabled the jurors to untangle the intricate facts of the case.") (citations omitted).

Here, as the Court recognized in its provisional admissibility ruling, these factors pertaining to assisting the factfinder strongly support admissibility. This trial already has run over four times as long as the trials in *Johnson* and *Mamalis*. Moreover, the complexity of this case involving the public health harms caused by Defendants' allegedly unlawful shipment of tens of millions of opioid pills into Plaintiffs' jurisdictions is beyond question. Dr. Alexander's Redress Model is complex, with dozens of tabs, thousands of individual data points, and dozens of citations. For all of these reasons, the Court recognized correctly in its provisional ruling and should hold definitively that Dr. Alexander's Redress Model will assist the Court as factfinder and therefore is admissible under Rule 611(a).

*Second*, Defendants will not be unfairly prejudiced by the admission of Dr. Alexander's Redress Model. In *Johnson*, the Fourth Circuit recognized that courts considering prejudice in the admissibility of summary charts under Rule 611(a):

> have developed safeguards to minimize possible prejudice to a defendant by (1) ensuring that the individual who prepared the chart—as well as the evidence upon which the preparer relied—was available for cross-examination by the defendant to test the competence of the evidence as presented in the summary chart, and, (2) ensuring that the district court properly instructed the jury concerning the manner in which they were to consider the charts.

54 F.3d at 1159 (citation omitted); *see also Loayza, supra*, 107 F.3d at 264 ("'While the prejudice to a defendant must be considered, prejudice may be dispelled by giving the defendant an opportunity to cross-examine the individual who prepared the chart. In addition, a cautionary jury instruction may be requested and given.") (citation omitted).

4

Here, too, these factors pertaining to prejudice strongly favor admissibility. In *Johnson* and *Loayza*, the Fourth Circuit held that the opposing party's right to cross-examine at trial alone sufficed to negate any unfair prejudice. *See* 54 F.3d at 1160, 107 F.3d at 264. Here, Defendants not only were able to cross-examine Dr. Alexander at trial, but they also had access to his expert report containing the Redress Model and all supporting reliance materials almost a year before trial commenced and then were able to examine him on his opinions in a deposition taken nine months before he testified at trial. When Dr. Alexander supplemented the Redress Model in advance of trial, Defendants had a second chance last month to depose him on the supplemented content of the Redress Model. Defendants cannot claim prejudice based on any alleged lack of opportunity to probe the bases of Dr. Alexander's Redress Model.

While the exhibit being admitted is only a narrow portion of Dr. Alexander's expert report, there is not even a bar to allowing entire expert witness reports into evidence. *N.A.A.C.P. v. A.A. Arms, Inc.,* No. 99 CV 3999(JBW), 2003 WL 2003750, at *1 (E.D.N.Y. Apr. 4, 2003) (In public nuisance case against handgun manufacturer, Court held: "Having available an expert's comprehensive written report may help a jury to more fully understand and evaluate that expert's testimony and conclusions and their impact on the case. Oral testimony is often chopped up and hard to follow. In some instances, the proponent may simply offer the report, subject to cross examination."); *see also United States v. Kohlman,* 469 F.2d 247, 252 (2d Cir. 1972) (it was within the trial judge's discretion to permit the

5

use of charts by expert to explain his expert opinion and district court did not abuse its discretion in admitting them). In non-jury trials, Courts commonly admit expert reports in spite of hearsay objections "as expressions of expert opinion." *In re Soriah B.,* 2010 ME 130, ¶ 21, 8 A.3d 1256, 1262 (Maine 2010); *see also In re Comtech/Gilat Merger Litig.*, 2020 WL 5875155 (Del. Ct. Ch. Oct. 2, 2020) (finding that expert reports satisfied the Rule 807 hearsay exception). And, Courts routinely distinguish report exhibits from economic, vocational, and lifecare experts which summarize cost calculations – particularly when the evidence is discussed at trial and the opposing party has had opportunity to cross examine the expert. *Williams & Wagner v. Ford,* No. 2003-CA-000634-MR, 2004 WL 1175789, at *2 (Ky. Ct. App. May 28, 2004). Even if the body of an expert's report is not admitted into evidence, it is within the trial judge's discretion to permit the use of charts by the expert to explain his expert opinion so long as those charts are accurate and not unduly prejudicial. *Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* No. 96 CIV.7874(RWS), 2002 WL 826956, at *7 (S.D.N.Y. May 1, 2002). This is the usual practice in federal and state courts throughout West Virginia.

      Finally, the fact that this is a bench trial and not a jury trial should put any question of unfair prejudice under Rule 403 to rest. *See generally Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) ("[W]e hold that in the context of a bench trial, evidence should not be excluded on the ground that it is unfairly prejudicial."). Another federal district court recognized exactly this in holding that demonstrative exhibits were properly admitted under Rule 611(a) in a bench trial:

> The Court agrees with Papst that technically PTX 2625, PTX 2626, PTX 2627, and PTX 2628 more properly should be considered as demonstrative or pedagogical exhibits, designed to summarize aspects of Professor Hausman's testimony and report, under Rule 611 of the Federal Rules of Evidence rather than as admissible summaries of voluminous writings under Rule 1006.  *In the case of these particular summaries, however, this is a distinction without a difference.  This is a bench trial, after all, and there is no good reason for the Court not to consider these exhibits as a kind of road map prepared by the expert to assist the Court in evaluating his report and testimony.*

*Minebea Co., Ltd. v. Papst*, 231 F.R.D. 1, 3 (D.D.C. 2005) (emphasis added).  This Court should reach the same conclusion here.  Although Dr. Alexander's Redress Model would be admissible even in a jury trial with an appropriate limiting instruction, *see Johnson*, 54 F.3d at 1160, no such instruction is necessary here because the Court itself is the finder of fact and there is thus no risk of confusion as to the appropriate evidentiary weight to be given the Redress Model.

Finally, admitting the Redress Model will promote judicial efficiency.  The Redress Model is voluminous and admitting it will save substantial time in Dr. Alexander's testimony, because otherwise Plaintiffs may need to review the contents of the dozens of tabs with Dr. Alexander.  Defendants conceded in court that admitting the Redress Model would save time.

For all of these reasons, the Court ruled correctly in holding the Redress Model admissible on a provisional basis, and now should hold definitively that it is admissible.

## **CONCLUSION**

For all of the reasons set forth, the Court should rule that Dr. Alexander's Redress Model is admissible as evidence.

Dated: June 28, 2021                                            Respectfully submitted,

| | |
|---|---|
| **THE CITY OF HUNTINGTON** | **CABELL COUNTY COMMISSION** |
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse | Paul T. Farrell, Jr. |
| WVSB No. 12547 | WVSB Bar No. 7443 |
| Joseph F. Rice | **FARRELL & FULLER LLC** |
| **MOTLEY RICE LLC** | 1311 Ponce de Leon Ave., Suite 202 |
| 28 Bridgeside Blvd. | San Juan, Puerto Rico 00907 |
| Mount Pleasant, SC 29464 | Mobile: 304-654-8281 |
| Tel: 843-216-9000 | paul@farrell.law |
| Fax: 843-216-9450 | |
| akearse@motleyrice.com | /s/ *Anthony J. Majestro* |
| jrice@motleyrice.com | Anthony J. Majestro |
| | WVSB No. 5165 |
| Linda Singer | **POWELL & MAJESTRO, PLLC** |
| David I. Ackerman | 405 Capitol Street, Suite P-1200 |
| **MOTLEY RICE LLC** | Charleston, WV 25301 |
| 401 9th Street NW, Suite 1001 | 304-346-2889 / 304-346-2895 (f) |
| Washington, DC 20004 | amajestro@powellmajestro.com |
| Tel: 202-232-5504 | |
| Fax: 202-386-9622 | Michael A. Woelfel |
| lsinger@motleyrice.com | WVSB No. 4106 |
| dackerman@motleyrice.com | **WOELFEL AND WOELFEL, LLP** |
| | 801 Eighth Street |
| | Huntington, West Virginia 25701 |
| Charles R. "Rusty" Webb | Tel. 304.522.6249 |
| WV No. 4782 | Fax. 304.522.9282 |
| **THE WEBB LAW CENTRE** | mikewoelfel3@gmail.com |
| 716 Lee Street, East | |
| Charleston, West Virginia 25301 | |
| Telephone: (304) 344-9322 | |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

## CERTIFICATE OF SERVICE

I certify that on June 28, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Anthony J. Majestro*