# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL 2804 ) |
| | ) Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) |
| | ) Judge Dan Aaron Polster |
| *Track One Cases* | ) |
| | ) **ORDER RE DISCOVERY** |
| | ) **RULING NO. 14, PART 5** |

Before the Court is Cardinal's Objection to Discovery Ruling No. 14, Part 5 Regarding Privilege and Cardinal's Dendrite Audit. **Doc. #: 1530**. Special Master Cohen issued Discovery Ruling No. 14, Part 5, Doc. #: 1498 on March 31, 2019 to which Cardinal timely objected. Plaintiffs filed a Reply on April 12, 2019. Doc. #: 1547. After considering the Ruling, Cardinal's Objection, and Plaintiffs' Reply, the Court **OVERRULES** Cardinal's Objection and **AFFIRMS** the Special Master's Discovery Ruling No. 14, Part 5.

The key issue in the Special Master's ruling is whether a report resulting from a regulatory compliance audit conducted by third-party consultant, Cegedim Dendrite ("Dendrite"), at the request of Cardinal's outside counsel, Cadwalader, Wickersham, & Taft, LLP ("Cadwalader"), regarding Cardinal's Suspicious Order Monitoring System ("SOMs") ("Dendrite Report" or "Report") is protected by the Attorney-Client Privilege or Work-Product Doctrine. In his ruling, the Special Master concluded that the Dendrite Report was created primarily to provide business consulting advice to Cardinal, was therefore not protected by a legal privilege, and thus, must be produced. Cardinal correctly points out that determining whether a privilege exists is a fact-intensive inquiry, *see* Doc. #: 1530 at 12 (citing *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) ("The inquiry into whether documents are subject to a privilege is a highly fact-

specific one.")), and that "'distinguishing . . . counsel's legal advice from their business advice' is an 'especially difficult' area of privilege law." *Id.* at 13 (quoting *Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 879-880 (7th Cir. 2005)). The Court finds that Special Master Cohen properly reviewed the relevant facts, correctly applied the relevant law, and achieved the right result. After a thorough review of the parties' briefs, the Court comes to the same conclusion as Special Master Cohen.

One of Cardinal's objections, however, does warrant some clarification. Cardinal asserts that the Special Master erred by "ordering the production of documents other than the Report" that were "not the subject of the motion to compel." *Id.* at 12, 1. The Special Master's conclusion includes language that directs Cardinal to produce the Dendrite Report "along with other, related documents." Doc. #: 1498 at 2. In the footnote associated with this conclusion, the Special Master states that "the parties understand they should apply rulings on these representative documents to other, similar documents." *Id.* at n.1. The Court understands the Special Master's conclusion as giving notice to Cardinal that the Court will apply the reasoning of the Discovery Ruling to all of Cardinal's assertions of privilege over documents relating to SOMs and directing Cardinal to do the same.

Accordingly, Cardinal's Objection to the Special Master's Discovery Ruling is **OVERRULED** and Discovery Ruling No. 14, Part 5 is **AFFIRMED**.

    **IT IS SO ORDERED.**

                       /s/ *Dan Aaron Polster  April 16, 2019*
                         **DAN AARON POLSTER**
                        **UNITED STATES DISTRICT JUDGE**