

United States Department of Justice

**William J. Ihlenfeld, II**
United States Attorney's Office
Northern District of West Virginia

United States Courthouse
1125 Chapline Street          Phone: (304) 234-0100
P. O. Box 591                 FAX:   (304) 234-0112
Wheeling, WV  26003

November 6, 2013

**VIA E-MAIL & REGULAR U.S. MAIL**
Geoffrey E. Hobart, Esquire
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, D.C.  20004
E-mail: ghobart@cov.com

Re:   Claims Against McKesson Corporation

Dear Mr. Hobart:

It was a pleasure to speak with you last week. It is my understanding that your client, McKesson Corporation, is interested in meeting to discuss the government's potential claims against McKesson. Pursuant to our conversation, I contacted representatives of the Drug Enforcement Administration ("DEA") to discuss your request that the government provide additional information regarding the potential claims. Because it seems prudent for McKesson to have a better understanding of the potential claims prior to any discussions with the U.S. Attorney's Office, I am electing to provide additional details regarding the factual basis for the claims.

As I indicated in my October 23, 2013 letter to Ms. Seeger, the violations which would form the basis of the government's claims relate to orders filled by McKesson's former Landover, Maryland distribution facility. The claims for penalties under 21 U.S.C. § 842(a)(5) arise from McKesson's failure to design and operate a system to identify suspicious orders for controlled substances and, more importantly, the failure to report suspicious orders in violation of 21 C.F.R. § 1301.74(b).

You are, no doubt, aware that McKesson entered into a Settlement Agreement with the United States in May of 2008. The Settlement Agreement covered the same type of conduct described in the preceding paragraph. The settlement included conduct that occurred at the Landover distribution facility. Between May 2008 and November 15, 2011, McKesson did not submit any suspicious order reports ("SORs") relating to orders filled by the Landover facility. McKesson began submitting a very limited number of SORs to the DEA in November of 2011. It is my informed belief that these SORs were submitted due to requests for information made by the DEA and McKesson's desire to close the Landover facility and obtain a registration number for a new facility in Virginia.

PLAINTIFFS TRIAL EXHIBIT
P-00118_00001

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

MCKMDL00409048
P-00118_00001

Geoffrey E. Hobart, Esquire
November 6, 2013
Page 2

On January 26, 2012 representatives of the DEA and McKesson met at DEA headquarters to discuss the new Virginia facility. During the meeting DEA representatives questioned McKesson about the lack of SORs. In February of 2012 McKesson produced a summary of the SORs that were ostensibly submitted to the DEA. Five of the pharmacies included in the summary were customers of McKesson Landover. Of these five pharmacies the DEA could confirm receiving SORs for just three of them, Accokeek Drug Health Care, Herndon Pharmacy, and Family Meds, Inc. None of the SORs confirmed by the DEA were submitted earlier than November 2011, and none of them were timely.

In light of additional SORs submitted by McKesson following the January 2012 meeting, the DEA also focused on suspicious orders filled by McKesson for Family Pharmacy Services and Drug City Pharmacy. With respect to these five pharmacies, the DEA is aware of no less than 318 suspicious orders that McKesson failed to report at the time they were or should have been discovered. In addition, the DEA and the U.S. Attorney's Office have conducted an analysis of all transactions completed by the Landover distribution facility. This analysis shows that McKesson filled tens of thousands of apparently suspicious orders out of the Landover distribution facility without a single SOR being submitted to the DEA. Furthermore, the United States Attorney's Office became aware of dozens, if not hundreds, of suspicious orders being filled by McKesson for a small family owned pharmacy in Grant County, West Virginia. The West Virginia pharmacy in question is Judy's Drug Store. No SORs for sales to Judy's Drug Store were ever provided to the DEA.

If the United States and McKesson are able to arrange a meeting, much of the information conveyed by the U.S. Attorney's office during the meeting will relate to the aforementioned conduct and the analysis conducted by the DEA and U.S. Attorney's Office. I trust that the foregoing information will allow you and your client to prepare to participate in an informed discussion if the parties are able to arrange a meeting. Once you have had an opportunity to consider the foregoing information, please let me know if you have any additional questions.

Thank you for your cooperation in this matter. I look forward to hearing from you on the issue of scheduling a meeting in the near future.

                                        Very Truly Yours,

                                        WILLIAM J. IHLENFELD, II
                                        UNITED STATES ATTORNEY

                                        By: _____
                                        Alan G. McGonigal
                                        Assistant Unites States Attorney

AGM/jlc