# Exhibit B

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA, EX REL.,
B.F. SMITH, CHIEF, OFFICE OF
WASTE MANAGEMENT,
WEST VIRGINIA DIVISION OF
ENVIRONMENTAL PROTECTION,

    Plaintiff,

v.                              Civil Action No. 95C-326

KERMIT LUMBER & PRESSURE
TREATING CO., duly authorized
corporation, HARRISON JUDE, an
individual; jointly and severally;

    Defendants.

## COMPLAINT

Now Comes the Plaintiffs, the State of West Virginia ex rel., B.F. Smith, Chief, Office of Waste Management, Division of Environmental Protection, by and through counsel, and hereby file this Complaint and state the following:

### I. PARTIES

1. Plaintiff, B.F. Smith for and on behalf of the State of West Virginia, is the duly appointed Chief of the Office of Waste Management, Division of Environmental Protection (hereinafter "DEP") and is that individual empowered by the West Virginia Code to carry out the duties of the Office of Waste Management, Division of Environmental Protection.

2. Defendant, Kermit Lumber & Pressure Treating Co., is a duly authorized corporation of the State of West Virginia and the entity responsible for notifying DEP of the generation, storage and disposal of hazardous waste, obtaining a hazardous waste and other environmental permit(s), and is otherwise, the entity responsible for complying with the environmental laws of this State, including the rules and regulations promulgated thereunder.

3. Defendant, Harrison Jude, is a resident of Mingo County, West Virginia and was responsible for notifying DEP of the generation, storage and disposal of hazardous waste,

## V. COUNT II

### WATER POLLUTION CONTROL ACT

33. Plaintiffs hereby reallege and incorporate by reference paragraphs 1-32, as if fully set forth herein.

34. Defendants violated W. Va. Code §22-11-8(b)(1), by allowing industrial wastes, namely arsenic, or the effluent therefrom, emanating from a point source, to flow into waters of the State without a permit.

## VI. COUNT III

### COMMON LAW PUBLIC NUISANCE

35. Plaintiffs hereby reallege and incorporate by reference paragraph 1-36, as if fully set forth herein.

36. Defendants are liable under the theory of common law public nuisance because of their acts and/or because of their failing to perform their required legal duty and by causing conditions to exist which endangers public health, safety and the environment.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that,

1. Due to the extended neglect and time which has lapsed between the initial sampling in the fall of 1989 and today, additional sampling may be necessary to determine the extent of contamination and/or migration in the soil as well as the surrounding and underlying waters.

2. Within 30 days of a final order of this Court, submit a plan satisfactory to the Chief of the Office of Waste Management to further sample and analyze the nature and extent of the contamination, as needed, caused by the Defendants' illegal disposal and handling of hazardous waste arsenic.

6

3. This Honorable Court order the Defendants to submit a satisfactory plan to the Chief of the Office of Waste Management for remediation and cleanup of the contaminated soil, surface water, and/or groundwater at the site within 30 days after the extent of the contamination at the site has been determined.

4. Plaintiffs request this Honorable Court to order the Defendants to within 30 days implement such remediation and/or clean-up once the remediation plan is approved.

5. Defendants be ordered to pay into the DEP's Hazardous Waste Management Fund a civil penalty not to exceed twenty-five thousand dollars ($25,000,00) for each day Defendants are in violation of the State Code and applicable HWMA regulations in accordance with W. Va. Code § 22-18-17(b) (1994).

6. Defendants be ordered to pay a civil penalty not to exceed ten thousand dollars ($10,000.00) for each day Defendants are in violation of the Water Pollution Control Act and accompanying regulations in accordance with W. Va. Code §22-11-22.

7. Plaintiffs request this Honorable Court to grant it compensatory damages for Defendant's liability associated with common law public nuisance.

8. Plaintiffs request this Honorable Court to enter an order granting punitive damages in an amount calculated to deter others similarly situated from continually violating State statutes and regulations and for maintaining similar nuisances.

9. Plaintiffs request this Honorable Court to grant it costs and reasonable attorney fees wrongfully incurred in bringing this action.

10. Plaintiffs request this Honorable Court to grant it any and all other relief this Court deems appropriate.

Respectfully submitted,

STATE OF WEST VIRGINIA, EX REL.,
B.F. SMITH, CHIEF, OFFICE OF
WASTE MANAGEMENT,
WEST VIRGINIA DIVISION OF
ENVIRONMENTAL PROTECTION,

By counsel:

*/s/ Mark J. Rudolph*

MARK J. RUDOLPH, DEPUTY CHIEF
OFFICE OF LEGAL SERVICES
DIVISION OF ENVIRONMENTAL PROTECTION
1900 WASHINGTON STREET, EAST
STATE CAPITOL COMPLEX
BUILDING 3 ROOM 630
CHARLESTON, WEST VIRGINIA  25305-0223
TELEPHONE (304) 558-9160