# TAB 7

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON


_____x
                              :
THE CITY OF HUNTINGTON,       :      Civil Action
                              :
             Plaintiff,       :      No.  3:17-cv-01362
                              :
v.                            :
                              :
AMERISOURCEBERGEN DRUG        :
CORPORATION, et al.,          :
                              :
             Defendants.  :
_____x
                              :
CABELL COUNTY COMMISSION,     :      Civil Action
                              :
             Plaintiff,       :      No. 3:17-cv-01665
                              :
v.                            :
                              :
AMERISOURCEBERGEN DRUG        :
CORPORATION, et al.,          :
                              :
             Defendants.  :
_____x
```

                    BENCH TRIAL - VOLUME 10
       BEFORE THE HONORABLE DAVID A. FABER, SENIOR STATUS JUDGE
                    UNITED STATES DISTRICT COURT
                    IN CHARLESTON, WEST VIRGINIA


                         MAY 14, 2021

1    but in light of the fact that we are putting our witness --

2    their witness -- I'm sorry -- our witness in their case, we

3    simply don't know the scope and extent to which current

4    information would be discussed.

5         So, we have discussed this proposal with the plaintiffs

6    and my understanding is that they do not agree that we could

7    make specific requests for the documents not to be broadcast

8    to the overflow room or request sealing of specific portions

9    of testimony or specific documents subsequent to today's

10   testimony.

11            THE COURT:  Do we have the ability to do this?  We

12   do?

13        Okay.  Mr. Farrell?

14            MR. FARRELL:  Thank you, Judge.  On behalf of the

15   plaintiffs, we object to -- this is open court and we object

16   to the sealing of any document or any testimony in a public

17   nuisance case brought on behalf of the public to abate this

18   epidemic.  That's point number one.

19        Point number two, we don't know what documents they're

20   referencing because the Court has not required the

21   defendants to disclose what documents they're going to use

22   with these witnesses.

23        Number three, discovery in this case was blocked -- not

24   blocked.  That's the wrong word.  There's a temporal scope

25   to discovery in this case.  On the back end, it was 2006 and

1      I believe on the front end, it was as of time of remand

2      sometime in 2019.  So, for purposes of discovery

3      disclosures, we have not conducted any discovery nor been

4      permitted to conduct any discovery on the current scope of

5      their program.

6           And, finally, on the relevance standpoint, eliciting

7      testimony about current customers or current OMP programs,

8      we fail to see how it has anything to do with the flood of

9      pills that were sold into West Virginia, into this

10     community, giving rise to the opioid epidemic.

11          MS. MCCLURE:  May I respond?  Your Honor, certain

12     of the documents that I'm thinking of today would be

13     documents that have been produced to plaintiffs that are in

14     the record covered by the discovery period, which ends, I

15     honestly don't recall, sometime 2018 or 2019.

16          That said, some of the information within those

17     documents, despite the fact that it may be from 2018, would

18     still today be considered confidential by the company.  And,

19     to be clear, this is confidential because the purpose of the

20     Diversion Control Program is, in fact, to protect the

21     public.

22          The second point that Mr. Farrell was making regarding

23     relevance, the plaintiffs have articulated in this case that

24     they are seeking an abatement-only forward-looking remedy.

25          So, Mr. May's testimony today, Mr. Farrell is free to

1    stand up and object to the extent that he believes that the

2    testimony is information that he was -- I believe he used

3    the word prevented from obtaining in the course of

4    discovery, but Mr. May is the present -- the present -- the

5    Vice President of Diversion Control.  The plaintiffs are

6    seeking a forward-only abatement remedy and the current

7    state of the program, regardless of whether the plaintiffs

8    are choosing to focus in their examination on far distant

9    past and the fact that, what they call the number of pills

10   that were submitted long ago, the fact that they're choosing

11   to focus on that does not prevent us from pointing out to

12   Your Honor what is our Diversion Control Program today.

13        They're calling this witness, Mr. May.  He currently

14   operates the Diversion Control Program.  We're entitled to

15   mount a defense to that.

16        But, to be clear, the documents that I'm talking about

17   showing or potentially broadcasting and would have

18   confidentiality concerns are documents that the plaintiffs

19   have.

20            THE COURT:  Let me make sure I understand you.

21   You're saying this is confidential customer information that

22   shouldn't be disclosed?

23            MS. MCCLURE:  So it's not necessarily information

24   of the customer.  It is in the sense that we have -- let me

25   give you an example -- parameters that are set for each