IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br> Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br> Defendants. | Civil Action No. 3:17-01362 |
| CABELL COUNTY COMMISSION,<br><br> Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, *et al.*<br><br> Defendants. | Civil Action No. 3:17-01665 |

**TRIAL MEMORANDUM REGARDING ADMISSIBILITY OF PLAINTIFFS' JUDICIAL ADMISSIONS CONCERNING MANUFACTURER CONDUCT**

Under the rule of judicial admission, "a party is bound by the admissions of his pleadings." *Lucas v. Burnley*, 879 F.2d 1240, 1242 (4th Cir. 1989); *see also Butts v. Prince William Cnty. Sch. Bd.*, 844 F.3d 424, 432 n.3 (4th Cir. 2016) (same). Thus, it is well-established that the factual allegations in a complaint constitute **binding judicial admissions** by the plaintiff that made them. *See, e.g.*, *Flexi-Van Leasing, Inc. v. Travelers Indem. Co.*, 837 F. App'x 141, 145–46 (4th Cir. 2020) (assertions in plaintiff's complaint were binding judicial admissions); *Bright v. QSP, Inc.*, 20 F.3d 1300, 1305 (4th Cir. 1994) (same); *Doe 2 by & through Doe 1 v. Fairfax Cnty. Sch. Bd.*, 832 F. App'x 802, 806 (4th Cir. 2020) (affirming grant of summary judgment based on judicial admissions in complaint); *see also Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S.

1

455, 470 n.6 (2013) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.") (quotation omitted); *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 347 (4th Cir. 2014) (a judicial admission is a "representation that is conclusive in the case" such as "formal concessions in the pleadings … that are binding upon the party making them") (quotation omitted); *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008) ("Allegations in a complaint are considered judicial admissions.").

"A judicial admission is usually treated as absolutely binding … [as] to matters of fact which, otherwise, would require evidentiary proof." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963). Such admissions "serve a highly useful purpose in dispensing with proof of … facts about which there is no real dispute" and "ought not to be reopened in the absence of a showing of exceptional circumstances," such as when "it appears that the admitted fact is clearly untrue." *Id.*; *see also Minter*, 762 F.3d at 347 (judicial admissions are "conclusive in the case" unless "allowed by the court to be withdrawn").

Plaintiffs' Third Amended Complaint contains a number of factual assertions concerning the role that opioid manufacturers like Purdue Pharma played in (1) making misleading marketing claims regarding the risks and benefits of prescription opioid treatment and (2) changing the standard of care for the treatment of chronic pain. *See, e.g.*, Third Amend Compl. ¶¶ 374–75 ("Marketing Defendants convinced health care providers both that the risks of long-term opioid use were overblown and that the benefits, in reduced pain and improved function and quality of life, were proven. … The result was that by the mid-2000s, the medical community had abandoned its prior caution, and opioids were entrenched as an appropriate—and often the first—treatment for chronic pain conditions."). Plaintiffs have made absolutely no attempt to withdraw or contradict those assertions at trial. Accordingly, those assertions—collected and attached hereto

as Appendix A—constitute binding judicial admissions by the Plaintiffs. *See supra* p.1. Defendants respectfully request that the factual assertions set forth in Appendix A be admitted into the record as judicial admissions by Plaintiffs.

Dated: July 12, 2021

Respectfully Submitted,

***McKesson Corporation***
By Counsel:

*/s/ Timothy C. Hester*
Timothy C. Hester
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

*AmerisourceBergen Drug Corporation*
By Counsel:
<u>/s/ Gretchen M. Callas</u>
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com
<u>/s/ Robert A. Nicholas</u>
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com

*Cardinal Health, Inc.*
By Counsel:

<u>/s/ Enu Mainigi</u>
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
jwicht@wc.com

Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)

CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 12th day of July, 2021, the foregoing Memorandum was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy C. Hester*
Timothy C. Hester
