# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE CITY OF HUNTINGTON,<br><br> Plaintiff<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br> Defendants. | Civil Action No. 3:17-01362<br>Hon. David A. Faber |
| CABELL COUNTY COMMISSION,<br><br> Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, et al.,<br><br> Defendants. | Civil Action No. 3:17-01665<br>Hon David A. Faber |

**REPLY MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION TO TAKE JUDICIAL NOTICE**

 Pursuant to Federal Rule of Evidence 201, Plaintiffs have moved for this Court to take judicial notice of certain facts which are either: "(1) generally known within trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. As part of the motion, Plaintiffs set-forth various categories of information subject to judicial notice, and for each category Plaintiffs cited extensive

1

jurisprudence supporting judicial notice.[1] Moreover, for each specific item within each category, Plaintiffs: identified where the document is published and publicly available; identified how the facts are generally known and/or can be accurately and readily determined from credible sources; and specified the relevant facts outlining why the information is relevant and the use for which Plaintiffs are offering same.[2]

While Defendants object to many of Plaintiffs' requests, there are several items to which Defendants do not object.[3] As for the objected to items, Defendants provide no authority disputing that the types of information requested by Plaintiffs can be judicially noticed, and Defendants repeatedly acknowledge that "the Court may take judicial notice of the fact that these documents exist".[4] However, contrary to the extensive jurisprudence cited in Plaintiffs' Motion, Defendants do not want the Court to take judicial notice of the details within the documents.

As an overarching matter, Defendants' objections miss the point and/or mischaracterize the purpose for which Plaintiffs seek judicial notice. For example, Federal Register publications

---

[1] *See* 6/30/2021 Memorandum in Support of Plaintiffs' Motion to Take Judicial Notice ("Plaintiffs' Motion") (Dkt. 1466) at pp. 2-7 ("Federal Register Publications"), pp. 7-8 ("Census Data"), pp. 9-12 ("Executive and Government Agency Publications and Press Releases"), pp. 12-16 ("Government Agency Reports"), and pp. 16-18 ("Legislative Actions").

[2] *Id*.

[3] *See* 7/19/2021 Defendants' Opposition to Plaintiffs' Motion to Take Judicial Notice ("Defendants' Opposition") (Dkt. 1466) at pp. 11-12 ("Defendants do not object to judicial notice of these documents: Exhibit 5: Notice of Proposed Rulemaking - Suspicious Orders of Controlled Substances, 85 Fed. Reg. 69282 (Dep't of Just. Nov. 2, 2020); Exhibit 6: U.S. Census Bureau Annual Estimates of the Resident Population for the United States, Regions, States, and Puerto Rico: April 1, 2010 to July 1, 2019; Exhibit 7: U.S. Census Bureau West Virginia: 2010 Census of Population and Housing Unit Counts; Exhibit 12: October 26, 2017 U.S. Dept. of Health and Human Services Opioid Public Health Emergency Declaration."). "While Defendants do not object to the Court taking judicial notice of [Exhibit 5], Defendants do object to Plaintiffs' characterization of it. *Id*. at p. 11, fn 3.

[4] *Id*. at pp. 5, 6, & 9.

2

which set-forth why and how a drug distributor's conduct resulted in revocation of its DEA Certificate of Registration provides notice about the DEA's interpretation and/or enforcement the CSA.  Plaintiffs' request for judicial notice does not assert that the Federal Register publications are undisputed law or that the facts therein are conclusively proven, but rather that the publications were made on a certain date and said "x".  The same holds true for government agency publications and reports.  The essence is notice – which, in addition to FRE 803(8), is why Defendants' hearsay objections are inapplicable – as FRE 801(c)(2) is not satisfied (since the information at issue is not offered solely for the truth of the matters asserted therein).

The subject information is particularly relevant because Defendants have repeatedly made affirmative claims about notice (or lack thereof), including that: the "standard of care" for prescribing pain medication as well as the DEA's opioid quotas led them to believe that their volumes of opioid distributions were acceptable and/or that diversion was not a problem; the DEA did not provide proper guidance and/or provided brand new guidance regarding the applicable regulations; they believed they were doing what the DEA wanted and did not have notice otherwise.[5]  As much of the information that contradicts Defendants' objections is already contained within Plaintiffs' Motion as well as other briefing,[6] Plaintiffs hereby adopt and

---

[5] *See e.g.*, 5/2/2021 Trial Tr. at 128:17-129:1 ("[People and entities] came to believe that pain was under-treated in the United States and opioids could be and should be safely used to treat that pain . . . And then predictably, as plaintiffs allege, prescriptions increased. But Cardinal Health does not drive the demand for opioids."); 177:24-178:3 ("If a company like McKesson is looking at that kind of chart that the Court was shown and sees raising levels and wants to know is that appropriate in terms of what's medically, scientifically appropriate, the DEA is saying, yes, we need more prescription opioids every year"); 187:1-3 ("they expected if the DEA had concerns when they got those [excessive purchase] reports, they'd tell the company or they'd tell the pharmacy").  *See also*, 5/25/2021 Trial Tr. (testimony of M. Oriente-McKesson) at 126:15-21 ("It was McKesson's understanding that we were [doing what the DEA wanted]"); 127:1-12 (McKesson had "a new understanding of what the DEA wanted" since "[t]here was change in the guidance.").

[6] Plaintiffs' Motion at pp. 2-18.  *See also*, Dkt. 1436 at pp. 5-7.

incorporate same by reference. However, Plaintiffs also provide the following additional response to Defendants' opposition.

Nearly all of Defendants' objections address Federal Register publications and government agency reports, publications, or press releases. However, Defendants' opposition misrepresents and/or misunderstands both the facts and the law. For example, with respect to Federal Register publications and DEA press releases, Defendants claim that "there is no evidence that any Defendant was aware of them or should have been aware of them" and "Plaintiffs have not specified the purpose for which they seek to have these documents admitted".[7] With respect to Defendants' awareness of the four (4) objected to Federal Register documents,[8] "publication in the Federal Register is legally sufficient notice to all interested or affected persons ***regardless of actual knowledge or hardship resulting from ignorance***."[9] And, while the same constructive knowledge is not legally established relative to the DEA press releases (or other government publications or reports), if these sophisticated defendants had no knowledge of same, then that in and of itself would be consequential. Moreover, it is undisputed that these publications were made and maintained publicly. As for Defendants' allegation that Plaintiffs have not specified the purpose for judicial notice of the information, this is simply false. Such purposes are stated throughout

---

[7] *See* Defendants' Opposition at pp. 5 & 10.

[8] *See* Exhibits 1-4 to Plaintiffs' Motion (Dkt. Nos. 1433-1, 1433-2, 1433-3 & 1433-4).

[9] *Camp v. U.S. BLM*, 183 F.3d 1141, 1145 (9th Cir.1999) (emphasis added). *See also, United States v. Southern Union Co.*, 630 F.3d 17, 31 (1st Cir. 2010) ("[T]hose who manage companies in highly regulated industries are not unsophisticated . . . It is part of [a company's] business to keep abreast of government regulation."); *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947) ("Just as everyone is charged with knowledge of the United States Statutes at Large, Congress has provided that the appearance of rules and regulations in the Federal Register gives legal notice of their contents.") (citations omitted).

Plaintiffs' Motion, and the motion also specifies, quotes, and provides hyperlinks and page citations for the information sought to be judicially noticed.[10]

Defendants' Opposition also asserts that "the documents do not contain indisputable facts. They are a compendium of information—much of which is subject to dispute or interpretation." Again, these arguments miss the mark. The purpose of the judicial notice is not to establish that all of the facts contained within the government publications, press releases and reports are conclusively established. Plaintiffs are not asserting such regarding every document and every piece of information at issue. What Plaintiffs are asserting (and what is uncontroverted) is that these publications were made on a certain date, that they are still publicly available, and that they relay the information contained therein. For example, it is indisputable (and proper for judicial notice) that in January 2001, the U.S. Department of Justice issued a press release titled "Oxycontin Diversion and Abuse".[11] It is further indisputable (and proper for judicial notice) that this document states that "[d]iversion and abuse of the prescription pain reliever OxyContin is a major problem, particularly in the eastern United States. The Drug Enforcement Administration (DEA) reports that, in the United States, oxycodone products, including OxyContin, are frequently abused pharmaceuticals. The pharmacological effects of OxyContin make it a suitable substitute for heroin; therefore, it is attractive to the same abuser population." *Id*. Plaintiffs do not assert that this publication, in and of itself, conclusively establishes OxyContin diversion and abuse, but it does prove that in 2001 the DOJ-DEA provided (and still maintains) the warning which states such. And, the same holds true for the other publications and reports in Plaintiffs' Motion.

---

[10] *See e.g.*, Plaintiffs' Motion at pp. 2-7 ("Federal Register Publications"), pp. 7-8 ("Census Data"), pp. 9-12 ("Executive and Government Agency Publications and Press Releases"), and pp. 12-16 ("Government Agency Reports").

[11] *See* Ex. 8 to Plaintiffs' Motion (Dkt. 1433-8).

## CONCLUSION

Pursuant to Fed. R. of Evid. 201, the Court should take judicial notice of the information set-forth in Plaintiffs' Motion, for purposes of the trial of this matter. The information is pertinent, is generally known within the trial court's territorial jurisdiction and/or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Dated: August 2, 2021

Respectfully Submitted,

| THE CITY OF HUNTINGTON | CABELL COUNTY COMMISSION |
|---|---|
| /s/ *Anne McGinness Kearse* | /s/ *Paul T. Farrell, Jr.* |
| Anne McGinness Kearse (WVSB No. 12547) | Paul T. Farrell, Jr., Esq. (WVSB No. 7443) |
| **MOTLEY RICE LLC** | **FARRELL & FULLER LLC** |
| 28 Bridgeside Blvd. | 1311 Ponce de Leon Ave., Suite 202 |
| Mount Pleasant, SC 29464 | San Juan, Puerto Rico 00907 |
| Tel:  843-216-9000 | Cell: 304.654.8281 |
| Fax:  843-216-9450 | Email: paul@farrell.law |
| Email: akearse@motleyrice.com | |
| | |
| Linda Singer | */s/ Anthony J. Majestro* |
| David I. Ackerman | Anthony J. Majestro (WVSB No. 5165) |
| **MOTLEY RICE LLC** | **POWELL & MAJESTRO, PLLC** |
| 401 9th Street NW, Suite 1001 | 405 Capitol Street, Suite P-1200 |
| Washington, DC 20004 | Charleston, WV 25301 |
| Tel:  202-232-5504 | 304-346-2889 / 304-346-2895 (f) |
| Fax:  202-386-9622 | amajestro@powellmajestro.com |
| lsinger@motleyrice.com | |
| dackerman@motleyrice.com | Michael A. Woelfel (WVSB No. 4106) |
| | **WOELFEL AND WOELFEL, LLP** |
| Charles R. "Rusty" Webb (WVSB No. 4782) | 801 Eighth Street |
| **The Webb Law Centre, PLLC** | Huntington, West Virginia 25701 |
| 716 Lee Street, East | Tel. 304.522.6249 |
| Charleston, West Virginia 25301 | Fax. 304.522.9282 |
| Telephone: (304) 344-9322 | mikewoelfel3@gmail.com |
| Facsimile: (304) 344-1157 | |
| rusty@rustywebb.com | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 2nd day of August, the foregoing **"Plaintiffs' Reply Memorandum In Support of Motion to Take Judicial Notice"** was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Anthony J. Majestro*