**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| THE CITY OF HUNTINGTON, | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-01362 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
| Defendants. | |
| ———————————————— | |
| CABELL COUNTY COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-01665 |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al.* | |
| Defendants. | |

**REPLY REGARDING ADMISSIBILITY OF PLAINTIFFS'**
**JUDICIAL ADMISSIONS CONCERNING MANUFACTURER CONDUCT**

Plaintiffs' response to Defendants' motion is meritless.  Defendants' memorandum established—and Plaintiffs do not dispute—that allegations in the Complaint are judicial admissions by Plaintiffs—*a party-opponent*—and therefore not hearsay.  Defendants are therefore entitled to rely on those specific admissions.  But that in no way gives Plaintiffs the right or ability to rely on their own allegations as substantive evidence, whether for "completeness" or any other reason.[1]  As to Plaintiffs, their allegations are and remain inadmissible hearsay, not admissible

---

[1] Though Plaintiffs allege that distributors acted "in concert" with manufacturers and pharmacies, Opp. at 1, that is both irrelevant to the issues raised in this motion and unsupported by the record

1

evidence.  Fed. R. Evid. 801, 802; *see, e.g.*, *Cambridge Cap. Grp. v. Pill*, 20 F. App'x 121, 124–25 (4th Cir. 2001) ("Allegations contained in a complaint are not evidence…."); *Ben-Tom Supply Co. v. V. N. Green & Co.*, 338 F. Supp. 59, 64 (S.D. W. Va. 1971) ("It is, of course, settled beyond dispute that statements in a party's pleading may constitute an admission ***as to that party***.").  The Court therefore should take judicial notice of the admissions identified by Defendants, but should not admit into evidence or consider the additional paragraphs of the Complaint identified in Plaintiffs' response.

---

evidence.  Indeed, Plaintiffs put on absolutely no evidence that Defendants acted in concert with manufacturers, pharmacies, each other, or anyone else.

Dated:  August 5, 2021

Respectfully Submitted,

***McKesson Corporation***
By Counsel:

*/s/ Timothy C. Hester*
Timothy C. Hester
Laura Flahive Wu
Andrew P. Stanner
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5324
thester@cov.com
lflahivewu@cov.com
astanner@cov.com

*/s/ Paul W. Schmidt*
Paul W. Schmidt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
pschmidt@cov.com

*/s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box. 3843
Charleston, WV 25338-3843
Telephone: (304) 345-0200

***AmerisourceBergen Drug Corporation***
By Counsel:
*/s/ Gretchen M. Callas*
Gretchen M. Callas (WVSB #7136)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Tel: (304) 340-1000
Fax: (304) 340-1050
gcallas@jacksonkelly.com
*/s/ Robert A. Nicholas*
Robert A. Nicholas
Shannon E. McClure
Joseph J. Mahady
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
rnicholas@reedsmith.com
smcclure@reedsmith.com
jmahady@reedsmith.com

***Cardinal Health, Inc.***
By Counsel:

*/s/ Enu Mainigi*
Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
Jennifer G. Wicht
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
jwicht@wc.com

Michael W. Carey (WVSB #635)
Steven R. Ruby (WVSB #10752)
Raymond S. Franks II (WVSB #6523)
David R. Pogue (WVSB #10806)

CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
sruby@cdkrlaw.com
rfranks@cdkrlaw.com
drpogue@cdkrlaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 5th day of August, 2021, the foregoing Memorandum was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy C. Hester*