| WITNESS | Brown, Vic | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION | 7/8/2020 | | | | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | |
| 8:6 | 8:16 | | n/a | 12:9 | 12:12 | | Relavance | | Plaintiffs designated testimony specifically relating to Brown's time with the Kentucky State Police (see, e.g., 15:11-16:1). This is relevant to provide context for that testimony. | 46:19 | 47:14 | | n/a | |
| 11:2 | 11:7 | | n/a | 12:19 | 13:10 | | Relavance | | Plaintiffs designated testimony specifically relating to Brown's time with the Kentucky State Police (see, e.g., 15:11-16:1). This is relevant to provide context for that testimony. | 193:14 | 193:15 | | n/a | |
| 15:11 | 16:1 | Relevance-geographic scope; relevance; vague | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Here, Defendants' specific inquiry into the AHIDTA Director's personal knowledge of when prescription opioids were prevalent in the region provides factual regional context regarding opioid diversion that reasonably supports the factfinder's understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Objection for vagueness by Defendants to Defendants' own question is not supported. First, clarity could have been achieved by the examiner at the time through a rephrasing of the question. Second, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response that, "The late '90s was when it became a very prevalent problem in eastern Kentucky with diversion and consumption of opioids and prescription medications." | 14:10 | 14:15 | | Relavance | Brown is representing AHIDTA not KY State Police | Plaintiffs designated testimony specifically relating to Brown's time with the Kentucky State Police (see, e.g., 15:11-16:1). This is relevant to provide context for that testimony. | 234:4 | 234:17 | | n/a | |
| 16:17 | 16:24 | Relevance-geographic scope; relevance | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Here, Defendants' specific inquiry into the AHIDTA Director's personal knowledge of when prescription opioids were prevalent in the region provides factual regional context regarding opioid diversion that reasonably supports the factfinder's understanding of the development of the opioid epidemic in Cabell County and the City of Huntington. | 15:2 | 15:10 | | | | | 255:1 | 255:16 | Duplicative designation; already fully covered by Plaintiffs' affirmatives and Defendants' completeness

Relevance-geographic scope; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Here, Defendants' specific inquiry into the AHIDTA Director's personal knowledge of when prescription opioids were migrating into the region provides factual regional context regarding opioid diversion that reasonably supports the factfinder's understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | |

| WITNESS | Brown, Vic |
|---|---|
| DEPOSITION | 7/8/2020 |

### AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|
| 18:12 | 18:14 | Relevance-geographic scope; relevance; vague; no answer designated | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding regionally local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, Defendants' specific inquiry into the AHIDTA Director's personal knowledge of prescription opioid prevalence in the region, the reaction of citizens to it, and factors that impacted both provides factual regional context regarding opioid diversion that reasonably supports the factfinder's understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Objection for vagueness by Defendants to Defendants' own question is not supported. First, clarity was achieved by the examiner at the time through a rephrasing of the question. Second, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response.<br><br>Defendants accurately pointed out that there was no answer designated; the affirmative designation was inadvertently omitted. As such, Plaintiffs affimatively designate answer 18:17-24 and 20:5-18. |
| 18:17 | 18:24 | Relevance-geographic scope; relevance; vague | See above. |
| 20:5 | 20:18 | Relevance-geographic scope; relevance; vague; no question designated | See above. |
| 21:13 | 21:22 | Relevance; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the facts that the AHIDTA Director understood the prescription opioid use became a problem in Huntington and Cabell County and has been ongoing for years provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. |

### COUNTER DESIGNATIONS *Pink = Completeness Designation

| Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections |
|---|---|---|---|---|---|
| 17:1 | 17:10 | | Relevance | Representing AHIDTA not KY State Police | Plaintiffs designated testimony specifically relating to Brown's time with the Kentucky State Police (see, e.g., 15:11-16:1). This is relevant to provide context for that testimony. |
| 21:23 | 22:18 | | Relavance | Representing AHIDTA not KY State Police | Plaintiffs designated testimony specifically relating to Brown's time with the Kentucky State Police (see, e.g., 15:11-16:1). This is relevant to provide context for that testimony. |
| 33:18 | 34:6 | | Form | | Form objection not preserved by contemporanous objection; Plaintiffs do not identify with particularity the form that they allege is objectionable. |
| 34:13 | 35:21 | | Relevance, scope | Lack of personal knowledge of distribution by defendants is outside of scope of his knowledge of the drug crisis in the Appalachian region | Testimony is responsive to multiple 30(b)(6) topics (e.g., Topics 1, 2, 3, 5, 6, 8, 9, 13, 15). To the extent testimony falls outside of designated 30(b)(6) topics, it is admissible as provided in Mr. Brown's personal capacity. See, e.g., Falchenberg v. New York State Dep't of Educ., 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008), aff'd, 338 F. App'x 11 (2d Cir. 2009) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent."). |

### REPLY DESIGNATIONS *Pink = Completeness Designation

| Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|
| 260:20 | 262:18 | Duplicative designation; 261:4-262:15 already covered by Plaintiffs' affirmatives and Defendants completeness. Relevance-geographic scope; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, Defendants' specific inquiry into the AHIDTA Director's personal knowledge of when the rise of prescription medication abuse, how and where doctor shopping became a focus of law enforcement, and how diversion occurs "on the streets" are all facts that provide factual regional context regarding opioid diversion that reasonably supports the factfinder's understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the testimony and Exhibit 5 itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. |
| 263:19 | 264:24 | Duplicative designation; 264:10-24 already covered by Plaintiffs' affirmatives. Relevance-geographic scope; foundation [Objections applicable to 263:19-264:9] | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington. Here, Defendants' specific inquiry into the AHIDTA Director's personal recollection of the deposition testimony and any link between prescription medications and heroin provides context to the development of testimony regarding prescription medications frequently diverted in the region.<br><br>Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. |

| WITNESS | Brown, Vic |
|---|---|
| DEPOSITION | 7/8/2020 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS |||| COUNTER DESIGNATIONS * Pink = Completeness Designation |||||| REPLY DESIGNATIONS * Pink = Completeness Designation ||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 62 18 | 64 15 | Relevance-geographic scope; relevance; foundation; expert opinion | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Here, Defendants' specific inquiry into AHIDTA threats and historical changes addressed by AHIDTA reasonably supports the factfinder's understanding of the development of the opioid epidemic, namely the transition from prescription opioids to synthetic opioids and the drug market developments in and around Cabell and Huntington.

Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout.

Objection as expert opinion testimony is not supported. Simply, the AHIDTA Director is not testifying as an expert witness. Rather, the AHIDTA Director's testimony includes facts and requested opinions by a lay witness whose opinions are rationally based on his perceptions, are helpful to clearly understanding his testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of FRE 702 as per FRE 701. Here, the Defendants asked the AHIDTA Director express questions about AHIDTA threats and historical changes addressed by AHIDTA. The Director's testimony on AHIDTA is within his personal experience as evidenced by his clear testimony and demonstrable reliance on facts from the region. | 38 5 | 38 8 | | | | | | | | |
| 75 18 | 76 3 | Foundation; vague | Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout.

Objection for vagueness by Defendants to Defendants' own question is not supported. First, the question is a yes or no question answered twice with an affirmative "yes" and supported with explanations. Second, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response that he unequivocally believes that Cabell County and the City of Huntington are facing a drug crisis today. | 42 16 | 44 20 | | | | | | | | |
| 76 5 | 77 1 | Foundation; vague | Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout.

Objection for vagueness by Defendants to Defendants' own question is not supported. First, clarity could have been achieved by the examiner at the time through a rephrasing of the question. Second, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response that, "opioids became more prevalent in the late '90s through the early 2000s, and still exists today. More in the synthetic form now than in the legal form." | 46 2 | 46 18 | | | | | | | | |
| 81 24 | 82 6 | Relevance-geographic scope; relevance; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Here, Defendants' specific inquiry into AHIDTA threats and historical changes addressed by AHIDTA reasonably supports the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.

Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 38 15 | 38 17 | | | | | | | | |

| WITNESS | Brown, Vic |
|---|---|
| DEPOSITION | 7/8/2020 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS ||| COUNTER DESIGNATIONS *Pink = Completeness Designation ||||| REPLY DESIGNATIONS *Pink = Completeness Designation ||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 247:9 | 251:18 | Relevance-geographic scope; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, facts establishing the AHIDTA Director's background, his professional roles and timelines that informed his testimony, and his particularized experiences reasonably support the factfinder's understanding of the AHIDTA Director's testimony regarding the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 39:4 | 40:2 | | | | | | | | |
| 251:20 | 252:8 | Relevance-geographic scope; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, facts regarding the regional increase in the number of opioids being diverted and that, of the classes of prescription drugs, the most commonly diverted was opioids and the length of that fact reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 40:11 | 40:14 | | | | | | | | |
| 253:19 | 254:8 | Relevance-geographic scope; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, facts regarding the regional increase in the number of opioids being diverted and that the leading prescription medications that were diverted were opioids, hydrocodone and oxycodone, reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 45:14 | 46:1 | | | | | | | | |
| 254:18 | 255:3 | Relevance-geographic scope; foundation; incomplete answer | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, facts regarding reported trends of pills from Florida being diverted into Huntington and throughout the Appalachian region reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout.<br><br>The question is not answered incompletely. The examiner asked if there was a time frame for the migration of pills from Florida into Appalachia (in which sits Cabell County and the City of Huntington). The AHIDTA Director replied with a timeline from "early 2000s up and through 2010-2012," in 225:9-10, and then clarified and expanded upon that answer. | 47:15 | 47:20 | | | | | | | | |

| WITNESS | Brown, Vic | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION | 7/8/2020 | | | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 255:9 | 256:2 | Relevance- geographic scope; foundation [Objections applicable to 255:9-255:16] | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, facts regarding reported trends of pills from Florida, Georgia, Tennessee, and "any other jurisdiction where [individuals] could circumvent their own state's prescription monitoring program to obtain prescription medication and thereby bring back and divert those [prescription medications]" into Huntington and throughout the Appalachian region reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 51 | 13 | 51 | 19 | | | | | | |
| 257:2 | 257:18 | Relevance- geographic scope; foundation; expert opinion | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, facts regarding reported trends of pills from Florida, Georgia, Tennessee, and "any other jurisdiction where [individuals] could circumvent their own state's prescription monitoring program to obtain prescription medication and thereby bring back and divert those [prescription medications]" into Huntington and throughout the Appalachian region reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout.<br><br>Objection as expert opinion testimony is not supported. Simply, the AHIDTA Director is not testifying as an expert witness. Rather, the AHIDTA Director's testimony includes facts and requested opinions by a lay witness whose opinions are rationally based on his perceptions, are helpful to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of FRE 702 as per FRE 701. Here, the AHIDTA Director was asked to generally quantify how widespread the availability was of diverted prescription opioid medication in Huntington and the surrounding Appalachian areas during his time at AHIDTA and through his personal knowledge gleaned from review of AHIDTA's historical documents. The Director's testimony on AHIDTA is within his personal experience as evidenced by his clear testimony and demonstrable reliance on facts from the region. | 59 | 19 | 59 | 21 | | | | | | |
| 259:3 | 260:16 | Relevance- geographic scope; foundation [Objections applicable to 260:8-16] | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, facts regarding increases in the resale for abuse and abuse of prescription drugs in an AHIDTA 2000 report funded by the federal Office of National Drug Control Policy articulating actual drug threats in the Appalachia region and that the issue of diversion of prescription drugs was ongoing and getting worse in 2000 reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the document and the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 59 | 23 | 60 | 17 | | | | | | |

| WITNESS | Brown, Vic | | |
|---|---|---|---|
| DEPOSITION | 7/8/2020 | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS ||||| COUNTER DESIGNATIONS *Pink = Completeness Designation ||||| REPLY DESIGNATIONS *Pink = Completeness Designation ||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 261:4 | 262:9 | Relevance- geographic scope; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, facts that "'patients' sell the controlled substance 'on the streets' for incredible profits, and abuse the substances themselves;" that this was a trend known to be going on in the Appalachia HIDTA Region in 2000 and 2001 as reported in an AHIDTA 2001 report funded by the federal Office of National Drug Control Policy; and that identify the scale of the problem in 2000 and 2001 reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the document and the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 66:14 | 66:15 | Conditional on admission of Brown Exhibit 2 - 2000 Annual Report. | | | | | | | |
| 263:15 | 263:18 | | n/a | 68:20 | 69:3 | Conditional on admission of Brown Exhibit 2 - 2000 Annual Report. | | | | | | | |
| 264:10 | 265:11 | Relevance- geographic scope; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, facts that OxyContin and hydrocodone were the most frequently diverted prescription medications; that prescription drug seizures by Appalachia HIDTA's investigators totaled 105,757 dosage units in 2003; and that, by 2003, AHIDTA had dtermined that diverted prescription medications and opioids most specifically were the most significant drug threat facing residents within the Appalachia HIDTA region, as reported in an AHIDTA 2005 report funded by the federal Office of National Drug Control Policy, reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the document and the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 69:4 | 69:6 | | | | | | | | |
| 267:6 | 267:13 | Relevance- geographic scope; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.<br><br>Here, the fact that, "The illicit use of prescription drugs throughout Appalachia HIDTA is perhaps the most underestimated of the drug problem," in 2005, as reported in an AHIDTA 2005 report funded by the federal Office of National Drug Control Policy, reasonably supports the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.<br><br>Lack of Foundation is not supported. The foundation is provided by the document and the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 69:8 | 70:16 | | | | | | | | |

| WITNESS | Brown, Vic | | |
|---|---|---|---|
| DEPOSITION | 7/8/2020 | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 271 | 11 | 272 | 17 | Relevance-geographic scope; foundation | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Here, the facts that AHIDTA asked participating law enforcement agencies to list the drug(s) that contribute most to violent and property crime in their areas and "[o]ver half (52%) of the respondents linked prescription drugs to violent crime and almost two-thirds (64%) of respondents linked prescription drugs to property crime in their areas," as reported in an AHIDTA 2010 report funded by the federal Office of National Drug Control Policy, and that "the issue of drug addiction and drug consumption affects … all aspects of society," reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.

Lack of Foundation is not supported. The foundation is provided by the document and the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 71 | 4 | 71 | 12 | | | | | | | |
| 273 | 5 | 276 | 17 | Relevance-geographic scope; foundation; expert opinion | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Here, the facts that there is a connection between people who use prescription medications and some of them going on to use heroin; that the main driving factor in switching to heroin is availability; that users switched over to heroin and fentanyl and other derivatives of synthetic opioids once the availability of opioids became less prevalent due to price and availability; that "In []2011, numerous WV law enforcement agencies and some treatment centers reported an increase in heroin abuse due to Rx drug abusers switching to heroin because of heroin's lower cost;" that that one of the trends being observed in the AHIDTA region in 2012 was an increase in former pill users switching to heroin; that by 2013, heroin abuse and drug trafficking was an evolving threat in the AHIDTA region; and that in 2013, WV HIDTA counties were the center of the threat (particularly the Huntington metropolitan area), as reported in multiple AHIDTA reports funded by the federal Office of National Drug Control Policy, all reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.

Lack of Foundation is not supported. The foundation is provided by the document and the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout.

Objection as expert opinion testimony is not supported. Simply, the AHIDTA Director is not testifying as an expert witness. Rather, the AHIDTA Director's testimony includes facts and requested opinions by a lay witness whose opinions are rationally based on his perceptions, are helpful to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of FRE 702 as per FRE 701. Here, the AHIDTA Director was asked about facts reported by AHIDTA and within his understanding of those facts through his personal and professional | 72 | 13 | 73 | 6 | Conditional on admission of Brown Exhibit 5 - 2001 Threat Assessment. | | | | | | |
| 276 | 19 | 280 | 1 | Relevance-geographic scope; foundation; expert opinion | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by the Appalachia High Intensity Drug Trafficking Areas ("AHIDTA" or "Appalachia HIDTA") are materially at issue and provide background, context, and sheer data regarding local opioid issues. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Cabell County is designated as a WV HIDTA County, unequivocally within the geographic Appalachia HIDTA region. Facts regarding drugs in and around Cabell County are reasonably connected to development of the opioid epidemic in Cabell County and the City of Huntington. Thus, they provide the factfinder with value through their tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington.

Here, the facts that, "[t]he epidemic facing the Appalachian area from the abuse of (controlled) prescription opioid-based narcotics, gave way to the prevailing-and unrelenting-threat from the distribution and abuse of heroin;" that in 2019, AHIDTA reported that "[p]ast [AHIDTA] threat assessments have documented extensively the "see-saw" transitions between availability and subsequent seizures of opiate-based [opiate] [controlled prescription drugs ("CPDs")] and heroin, driven by cost of each drug throughout the years;" that in 2019, "[a]s it applies to law enforcement response to [Appalachia HIDTA Drug Threat Survey ("AHDTS")], 71% percent of all respondents document the availability of CPDs to have either increase or remained the same over the last calendar year;" and that in 2019, AHIDTA reported that, "In previous years' assessments, a documented increase in seizures of CPDs typically are accompanied by a decrease in seizures of heroin during the same calendar year," as reported in the 2019 AHIDTA report, funded by the federal Office of National Drug Control Policy, all reasonably support the factfinder's understanding of the development of the opioid epidemic in and around Cabell County and the City of Huntington.

Lack of Foundation is not supported. The foundation is provided by the document and the testimony itself. Moreover, the witness is testifying as the AHIDTA Director and corporate representative, with all of AHIDTA's knowledge, and as an individual witness with personal vast knowledge, experience, and expertise in the region on its reactions to controlled substances and related regulations and enforcement. Finally, the witness was capable of answering, as shown by the testimony herein and throughout.

Objection as expert opinion testimony is not supported. Simply, the AHIDTA Director is not testifying as an expert witness. Rather, the AHIDTA Director's testimony includes facts and requested opinions by a lay witness whose opinions are rationally based on his perceptions, are helpful to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of FRE 702 as per FRE 701. Here, the AHIDTA Director was asked about facts reported by AHIDTA and within his understanding of those facts through his personal and professional | 81 | 18 | 81 | 23 | | Lack of personal knowledge | Asked a personal question, Brown is representing AHIDTA | Testimony is responsive to multiple 30(b)(6) topics (e.g., Topics 3, 4, 5, 6). To the extent testimony falls outside of designated 30(b)(6) topics, it is admissible as provided in Mr. Brown's personal capacity. | | | | |
| 281 | 9 | 281 | 12 | | n/a | 82 | 7 | 82 | 14 | | | | | | |

| WITNESS | Brown, Vic | | |
|---|---|---|---|
| DEPOSITION | 7/8/2020 | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 282:13 | 284:3 | Calls for a legal conclusion [Objection applicable to 282:13-283:2] | This objection alleging that the inquiry requests the witness to improperly reach a legal conclusion, which is clearly a job reserved for the judge in this bench trial, is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. The Appalachia HIDTA mission is to enhance and coordinate drug enforcement efforts of local, state, and federal law enforcement agencies within areas designated as High Intensity Drug Trafficking Areas. Opposite from a legal analysis, these questions request factual clarification of regulations that govern and frame law enforcement action, exactly the kind in which the AHIDTA Director daily engages as directed by the federal Office of National Drug Control Policy. | 82:16 | 82:16 | | | | | | | | |
| | | | | 84:1 | 84:14 | | | | | | | | |
| | | | | 109:9 | 109:10 | Conditional on admission of Brown Exhibit 2 - 2000 Annual Report. | | | | | | | |
| | | | | 109:23 | 111:3 | Conditional on admission of Brown Exhibit 2 - 2000 Annual Report. | | | | | | | |
| | | | | 111:6 | 111:10 | Conditional on admission of Brown Exhibit 2 - 2000 Annual Report. | | | | | | | |
| | | | | 111:18 | 112:12 | Conditional on admission of Brown Exhibit 28 - 2010 Annual Report. | | | | | | | |
| | | | | 127:14 | 127:16 | | Relevance, lack of personal knowledge, vague | Not within his job at AHIDTA | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g. , 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |
| | | | | 127:22 | 128:4 | | Relevance, lack of personal knowledge, vague | Not within his job at AHIDTA | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g. , 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |
| | | | | 131:23 | 132:2 | | Relevance, lack of personal knowledge, vague | Not within his job at AHIDTA | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g. , 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |
| | | | | 132:5 | 132:7 | | Relevance, lack of personal knowledge, vague | Not within his job at AHIDTA | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g. , 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |
| | | | | 133:20 | 133:23 | | | | | | | | |
| | | | | 134:24 | 135:2 | | | | | | | | |
| | | | | 136:8 | 136:19 | | | | | | | | |

| WITNESS | Brown, Vic | | |
|---|---|---|---|
| DEPOSITION | 7/8/2020 | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| | | | | 136 | 24 | 138 | 6 | Conditional on admission of Brown Exhibit 38 - 2015 Annual Report. | | | | | |
| | | | | 144 | 5 | 144 | 16 | | | | | | |
| | | | | 145 | 2 | 145 | 10 | | | | | | |
| | | | | 145 | 16 | 145 | 23 | | | | | | |
| | | | | 146 | 23 | 147 | 23 | | | | | | |
| | | | | 148 | 8 | 148 | 17 | | | | | | |
| | | | | 148 | 19 | 148 | 19 | | | | | | |
| | | | | 157 | 21 | 158 | 7 | | | | | | |
| | | | | 159 | 9 | 159 | 9 | | | | | | |
| | | | | 159 | 16 | 159 | 23 | | | | | | |
| | | | | 160 | 10 | 160 | 13 | | | | | | |
| | | | | 163 | 1 | 163 | 11 | | | | | | |
| | | | | 169 | 16 | 169 | 18 | | Lack of personal knowledge, vague | | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g., 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |
| | | | | 169 | 20 | 169 | 24 | | Lack of personal knowledge, vague | | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g., 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |
| | | | | 170 | 2 | 170 | 3 | | Lack of personal knowledge, vague | | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g., 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |
| | | | | 170 | 7 | 170 | 10 | | Lack of personal knowledge, vague | | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g., 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |
| | | | | 170 | 12 | 170 | 15 | | Lack of personal knowledge, vague | | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g., 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |

| WITNESS | Brown, Vic |
|---|---|
| DEPOSITION | 7/8/2020 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation* | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| | | | | 171 | 21 | 172 | 18 | | Relevance | | Testimony concerning funding by others (*e.g.*, AHIDTA) to address opioid-related harms in the City of Huntington and Cabell County is relevant to disputed issues in this case. | | | | |
| | | | | 193 | 2 | 193 | 13 | | | | | | | | |
| | | | | 211 | 16 | 211 | 18 | Conditional on admission of Brown Exhibit 47 - 2019 Threat Assessment. | Scope | Outside the scope of testimony on direct | By Plaintiffs' admission, testimony concerning the "the drug crisis in the Appalachian region" is both relevant and in-scope. *See* Pls.' Objection Note to 34:13-35:21.  To the extent testimony falls outside of designated 30(b)(6) topics, it is admissible as provided in Mr. Brown's personal capacity.  See, e.g., *Falchenberg v. New York State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008), *aff'd*, 338 F. App'x 11 (2d Cir. 2009) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent."). | | | | |
| | | | | 212 | 7 | 212 | 23 | Conditional on admission of Brown Exhibit 47 - 2019 Threat Assessment. | Scope | Outside the scope of testimony on direct | By Plaintiffs' admission, testimony concerning the "the drug crisis in the Appalachian region" is both relevant and in-scope. *See* Pls.' Objection Note to 34:13-35:21.  To the extent testimony falls outside of designated 30(b)(6) topics, it is admissible as provided in Mr. Brown's personal capacity.  See, e.g., *Falchenberg v. New York State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008), *aff'd*, 338 F. App'x 11 (2d Cir. 2009) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent."). | | | | |
| | | | | 235 | 2 | 235 | 3 | Conditional on admission of Brown Exhibit 18 - 2006 Annual Report. | | | | | | | |
| | | | | 236 | 8 | 237 | 12 | Conditional on admission of Brown Exhibit 18 - 2006 Annual Report. | Form | | Form objection not preserved by contemporanous objection; Plaintiffs do not identify with particularity the form that they allege is objectionable. | | | | |
| | | | | 237 | 23 | 238 | 13 | Conditional on admission of Brown Exhibit 18 - 2006 Annual Report. | | | | | | | |
| | | | | 239 | 10 | 239 | 17 | | Form | | Form objection not preserved by contemporanous objection; Plaintiffs do not identify with particularity the form that they allege is objectionable. | | | | |
| | | | | 239 | 19 | 239 | 19 | | Form | | Plaintiffs do not identify with particularity the form that they allege is objectionable. | | | | |
| | | | | 255 | 4 | 255 | 8 | | | | | | | | |
| | | | | 262 | 10 | 262 | 15 | | | | | | | | |
| | | | | 266 | 3 | 266 | 9 | | | | | | | | |
| | | | | 266 | 15 | 266 | 24 | | | | | | | | |
| | | | | 267 | 2 | 267 | 5 | | | | | | | | |
| | | | | 280 | 18 | 280 | 21 | | | | | | | | |
| | | | | 285 | 13 | 285 | 19 | Conditional on admission of Brown Exhibit 2 - 2000 Annual Report. | | | | | | | |
| | | | | 286 | 9 | 288 | 5 | Conditional on admission of Brown Exhibit 2 - 2000 Annual Report and Brown Exhibit 5 - 2001 Threat Assessment | | | | | | | |

| WITNESS | Brown, Vic |
|---|---|
| DEPOSITION | 7/8/2020 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Designation Notes | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| | | | | 288 15 | 288 19 | Conditional on admission of Brown Exhibit 28 - 2010 Annual Report. | | | | | | | |
| | | | | 288 23 | 290 6 | Conditional on admission of Brown Exhibit 28 - 2010 Annual Report. | | | | | | | |
| | | | | 292 3 | 292 9 | Conditional on admission of Brown Exhibit 47 - 2019 Threat Assessment. | | | | | | | |
| | | | | 292 24 | 293 20 | Conditional on admission of Brown Exhibit 47 - 2019 Threat Assessment. | | | | | | | |
| | | | | 298 13 | 298 16 | | Lack of personal knowledge, vague | | Mr. Brown's knowledge of diversion, or lack thereof, is directly relevant to multiple topics affirmatively designated by Plaintiffs. | | | | |
| | | | | 298 18 | 299 12 | | Lack of personal knowledge, vague | | Mr. Brown's knowledge of diversion, or lack thereof, is directly relevant to multiple topics affirmatively designated by Plaintiffs. | | | | |
| | | | | 299 18 | 300 5 | | Lack of personal knowledge, vague, outside scope of direct | | Plaintiffs designated testimony concerning Mr. Brown's knowledge of a purported connection between prescription opioid and heroin abuse (see, e.g., 273:5-280:1). That testimony is inadmissible for the reasons set forth in Defendants' objections. To the extent it is admitted, this counter designation is proper to provide the necessary context that Mr. Brown does not know, and AHIDTA does not track, what particular drug someone started with. | | | | |
| | | | | 300 17 | 300 24 | | Form | | Form objection not preserved by contemporanous objection; Plaintiffs do not identify with particularity the form that they allege is objectionable. | | | | |
| | | | | 301 3 | 301 4 | | Lack of personal knowledge, vague, outside scope of direct | | Mr. Brown's knowledge of diversion, or lack thereof, is directly relevant to multiple topics affirmatively designated by Plaintiffs. | | | | |