| WITNESS NAME: | Stacy Harper-Avilla |
| --- | --- |
| DEPOSITION DATE: | 4/11/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 17 | 22 | 20 | 15 | designations improperly include commentary from DEA attorney | Plaintiffs submit that the statement from the DEA attorney is necessary for context and/or clarity. | 23 | 10 | 23 | 16 | | | 16 | 17 | 16 | 19 | | |
| 21 | 18 | 23 | 9 | | n/a | 28 | 13 | 28 | 22 | | | 23 | 10 | 23 | 16 | | |
| 49 | 2 | 53 | 2 | | | 29 | 20 | 30 | 17 | | | 42 | 6 | 42 | 21 | | |
| 53 | 4 | 53 | 18 | | | 31 | 3 | 31 | 7 | | | 43 | 25 | 44 | 4 | | |
| 116 | 11 | 116 | 20 | scope; foundation | The objections to scope and foundation are not applicable. The DEA "designated Stacy Harper-Avilla to testify on Defendants' Topics 13 and 14 and Plaintiffs' Topic 3." See dep. exh. 1 at pp. 1-2. These topics included: DEA's "practices and procedures relating to the establishment of Opioid Procurement Quotas and Opioid Production "Quotas for Prescription Opioids", "[t]he basis for Opioid Procurement Quotas and Opioid Production Quotas of Prescription Opioids from 1995 to 2018" and "DEA's establishment of quotas for the production of Opioids in the United States, including aggregate production quotas, individual quotas and procurement quotas; disclosure of quota to registrants; communications with registrants regarding quota requests and the disposition of quota requests; and the relationship between quota, suspicious orders, diversion, and lawful medical, scientific, or industrial channels or use." Id. at pp. 11 & 22. The question/answer at issue, including what can be dispensed lawfully, fall within the designated topics. Moreover, the witness's background and prior testimony (as well as the question/answer itself) provide the necessary foundation. See e.g., dep at 18:1-20:9, 21:18-23:16, 29:20-30:17, 34:22-35:5, 113:11-114:16. | 32 | 24 | 33 | 2 | | | 48 | 19 | 49 | 1 | | |
| 118 | 18 | 119 | 8 | | | 34 | 22 | 35 | 5 | | | 55 | 18 | 55 | 20 | | |
| 139 | 15 | 140 | 14 | scope; foundation; lack of personal knowledge; calls for legal conclusion; | The objections are not applicable. The DEA "designated Stacy Harper-Avilla to testify on [among other things] . . . Plaintiffs' Topic 3." See dep. exh. 1 at pp. 1-2. This topic included: "DEA's establishment of quotas for the production of Opioids in the United States, including aggregate production quotas, individual quotas and procurement quotas; disclosure of quota to registrants; communications with registrants regarding quota requests and the disposition of quota requests; and the relationship between quota, suspicious orders, diversion, and lawful medical, scientific, or industrial channels or use." Id. at p. 22. The testimony (that quotas do not relieve registrants from their responsibilities under the CSA) falls within the scope of this topic. The foundation and the witness's knowledge was already established (see e.g., dep at 18:1-20:9, 21:18-23:16, 29:20-30:17, 34:22-35:5; 116:11-20), and the witness was clearly familiar with and fully capable of answering (as shown from the testimony). Further, the witness is testifying on behalf of the DEA, with all of the DEA's knowledge. Moreover, how the DEA views the applicable regulations and its enforcement of same, are not legal conclusions. | 35 | 13 | 35 | 24 | | | 55 | 23 | 56 | 5 | | |
| 151 | 4 | 151 | 9 | scope; foundation; leading | Same response as above relative to the scope and foundation objections. Also, the foundation objection is not applicable to generalized questioning such as at 151:4-9. Moreover, it has been established throughout trial that Defendants distribute to pharmacies. As for the leading objection, the questioning was allowed pursuant to FRE 611(c) to develop the witness's testimony, and/or FRE 611(c)(1) as the questioning was on cross-examination. Further, the Court can properly consider and weigh any alleged leading question issue in this bench trial, particularly since this was not Plaintiffs' witness and since the questioning was on cross-examination. | 36 | 10 | 36 | 14 | | | 56 | 7 | 56 | 9 | | |
| 151 | 12 | 151 | 12 | scope; foundation; leading | Same response as above. | 36 | 17 | 37 | 5 | | | 61 | 16 | 62 | 1 | | |
| 151 | 14 | 151 | 19 | scope; foundation; leading | Same response as above. Also, the witness elaborates and makes clear the basis for her answer (regardless of specific numbers), which includes prior testimony about the limits of the quota system. See e.g., dep at 150:4-151:3. Further, foundation for distribution numbers by McKesson (as well as the other Defendants) was previously established through various sources, including but not limited to testimony and exhibits submitted through Plaintiffs' expert Dr. McCann. See e.g., 5/12/2021 Trial Tr. at 70:11-74:14; Trial exh. P-44759. | 41 | 1 | 41 | 5 | | | 62 | 7 | 62 | 10 | | |
| 151 | 23 | 151 | 25 | scope; foundation; leading | Same response as above. | 41 | 13 | 42 | 5 | | | 62 | 12 | 62 | 19 | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 152 | 2 | 152 | 20 | scope; foundation; leading; | Relative to scope and foundation, the DEA "designated Stacy Harper-Avilla to testify on [among other things] . . . Plaintiffs' Topic 3." *See* dep. exh. 1 at pp. 1-2. This topic included: "DEA's establishment of quotas for the production of Opioids in the United States, including aggregate production quotas, individual quotas and procurement quotas; disclosure of quota to registrants; communications with registrants regarding quota requests and the disposition of quota requests; and the relationship between quota, suspicious orders, diversion, and lawful medical, scientific, or industrial channels or use." *Id*. at p. 22. The testimony (that quotas do not authorize quantities of particular orders, shipments or distribution amounts) falls within the scope of this topic. The foundation and the witness's knowledge was already established (*see e.g.*, dep at 18:1-20:9, 21:18-23:16, 29:20-30:17, 34:22-35:5, 113:11-114:16, 116:11-20, 150:4-151:3), and the witness was clearly familiar with and fully capable of answering (as shown from the testimony). As for the leading objection, the questioning was allowed pursuant to FRE 611(c) to develop the witness's testimony, and/or FRE 611(c)(1) as the questioning was on cross-examination. Further, the Court can properly consider and weigh any alleged leading question issue in this bench trial. | 43 | 6 | 43 | 24 | | | 62 | 21 | 62 | 21 | | |
| 177 | 3 | 177 | 20 | No objection to 177:3-7. scope; foundation; leading; lack of personal knowledge; compound; assumes facts not in evidence; | Same response as above regarding the scope objection as to all questions/answers in this designation. Relative to foundation, personal knowledge and leading objections for the IMS data questioning (at 177:10-11), the information was previously established in prior testimony. *See e.g.*, dep. at 57:14-5810, 60:12-61:25, and 176:3-8. Additionally, the objections to the question and answer (at 177:10-12) are form objections which were not made during the deposition and are thus waived. Relative to the question at 177:13-20, the foundation and facts for same have previously been admitted in evidence. *See e.g.*, DEF-WV-01597 at PDF p. 8 (DEF-WV-01597.00008) ("[T]he large-scale manufacture and distribution of opioids during the 1990s was one factor that led to overprescription of painkillers", and "[a]ggressive promotion of an oxycodone brand from 1997-2002 led to a 10-fold rise in prescriptions to treat moderate to severe noncancer pain, and increases in prescribing of other opioids."). As for any leading issue with the question, it was allowed pursuant to FRE 611(c) to develop the witness's testimony, and/or FRE 611(c)(1) as the questioning was on cross-examination. As for the compound objection, the witness clearly understood the question and was able to affirmatively answer. Further, the Court can properly consider and weigh any alleged leading or compound question issue in this bench trial. | 53 | 2 | 53 | 2 | | | 63 | 21 | 63 | 25 | | |
| 177 | 25 | 177 | 25 | scope; foundation; leading; lack of personal knowledge; compound; assumes facts not in evidence | Same response as above. | 54 | 12 | 54 | 15 | | | 64 | 2 | 64 | 7 | | |
| 186 | 5 | 186 | 9 | scope; foundation; incomplete hypothetical; calls for speculation | Relative to scope, foundation and speculation objections, the DEA "designated Stacy Harper-Avilla to testify on [among other things] . . . Plaintiffs' Topic 3." *See* dep. exh. 1 at pp. 1-2. This topic included: "DEA's establishment of quotas for the production of Opioids in the United States, including aggregate production quotas, individual quotas and procurement quotas; disclosure of quota to registrants; communications with registrants regarding quota requests and the disposition of quota requests; and the relationship between quota, suspicious orders, diversion, and lawful medical, scientific, or industrial channels or use." *Id*. at p. 22. The testimony (that a decrease in quotas does not stop diversion) falls within the scope of this topic. The foundation and the witness's knowledge was already established (*see e.g.*, dep at 18:1-20:9, 21:18-23:16, 29:20-30:17, 34:22-35:5, 86:8-87:8, 89:23-90:12, 116:11-20, 118:18-119:8), and as a designated 30(b)(6) representative the witness had the full knowledge of the DEA. *See Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). The hypothetical involving decreased quota is within the witness's scope and knowledge, and framed such that the witness could answer (as shown by the question/testimony). Further, the Court can properly consider and weigh any alleged issue with the question in this bench trial. | 54 | 19 | 54 | 23 | | | 64 | 9 | 64 | 11 | | |
| 186 | 11 | 186 | 11 | scope; foundation; incomplete hypothetical; calls for speculation | Same response as above. | 55 | 1 | 55 | 6 | | | 72 | 7 | 72 | 11 | | |
| 186 | 20 | 186 | 25 | scope; foundation; incomplete hypothetical; leading; | Same response as above. | 55 | 9 | 55 | 17 | | | 74 | 7 | 74 | 18 | | |
| | | | | | | 57 | 14 | 58 | 10 | | | 74 | 21 | 75 | 10 | | |
| | | | | | | 70 | 1 | 70 | 24 | | | 75 | 12 | 75 | 19 | | |
| | | | | | | 72 | 13 | 73 | 1 | | | 76 | 16 | 76 | 20 | | |
| | | | | | | 73 | 3 | 73 | 4 | | | 76 | 22 | 76 | 24 | | |
| | | | | | | 73 | 23 | 74 | 11 | | | 77 | 6 | 77 | 10 | | |
| | | | | | | 75 | 20 | 76 | 5 | | | 77 | 12 | 78 | 1 | | |
| | | | | | | 76 | 7 | 76 | 15 | | | 78 | 6 | 78 | 12 | | |
| | | | | | | 77 | 1 | 77 | 5 | | | 83 | 17 | 84 | 9 | | |
| | | | | | | 80 | 4 | 81 | 20 | | | 88 | 19 | 88 | 22 | | |
| | | | | | | 81 | 21 | 82 | 16 | | | 88 | 25 | 89 | 8 | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 81 | 18 | 82 | 16 | | | 89 | 11 | 89 | 19 | |
| | | | | | 82 | 18 | 83 | 16 | | | 89 | 23 | 90 | 7 | |
| | | | | | 96 | 6 | 96 | 15 | | | 90 | 10 | 90 | 12 | |
| | | | | | 96 | 24 | 97 | 9 | | | 99 | 12 | 99 | 15 | |
| | | | | | 97 | 11 | 98 | 20 | | | 99 | 17 | 100 | 3 | |
| | | | | | 98 | 23 | 98 | 24 | | | 100 | 5 | 100 | 14 | |
| | | | | | 99 | 1 | 99 | 11 | | | 104 | 21 | 105 | 25 | |
| | | | | | 107 | 8 | 107 | 11 | | | 151 | 1 | 151 | 3 | |
| | | | | | 107 | 13 | 107 | 14 | | | 219 | 1 | 219 | 4 | |
| | | | | | 108 | 14 | 108 | 17 | | | 219 | 6 | 219 | 6 | |
| | | | | | 109 | 1 | 109 | 21 | | | 219 | 8 | 219 | 10 | |
| | | | | | 109 | 23 | 110 | 6 | | | 219 | 12 | 219 | 12 | |
| | | | | | 110 | 8 | 111 | 11 | | | | | | | |
| | | | | | 111 | 12 | 111 | 18 | | | | | | | |
| | | | | | 111 | 20 | 111 | 21 | | | | | | | |
| | | | | | 112 | 9 | 112 | 13 | | | | | | | |
| | | | | | 112 | 21 | 112 | 24 | | | | | | | |
| | | | | | 113 | 1 | 113 | 1 | | | | | | | |
| | | | | | 113 | 11 | 113 | 19 | | | | | | | |
| | | | | | 113 | 21 | 114 | 16 | | | | | | | |
| | | | | | 124 | 8 | 124 | 18 | | | | | | | |
| | | | | | 125 | 20 | 125 | 23 | | | | | | | |
| | | | | | 125 | 25 | 126 | 17 | | | | | | | |
| | | | | | 187 | 20 | 187 | 23 | | | | | | | |
| | | | | | 188 | 3 | 188 | 7 | | | | | | | |
| | | | | | 218 | 2 | 218 | 9 | | | | | | | |
| | | | | | 218 | 14 | 218 | 17 | | | | | | | |
| | | | | | 218 | 21 | 218 | 24 | | | | | | | |