| WITNESS NAME: | Matthew Strait |
|---|---|
| DEPOSITION DATE: | 5/31/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | REPLY DESIGNATIONS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 13 | 25 | 14 | 2 | | | 20 | 4 | 20 | 25 | | | 42 | 24 | 43 | 2 | | |
| 14 | 19 | 18 | 24 | | | 21 | 1 | 21 | 6 | | | 43 | 4 | 43 | 22 | | |
| 19 | 14 | 19 | 15 | | | 21 | 14 | 22 | 6 | | | 71 | 1 | 72 | 20 | | |
| 19 | 21 | 20 | 2 | | | 23 | 10 | 24 | 7 | | | | | | | | |
| 34 | 5 | 35 | 4 | | | 24 | 20 | 25 | 22 | | | | | | | | |
| 37 | 2 | 42 | 5 | | | 25 | 25 | 27 | 16 | | | | | | | | |
| 73 | 5 | 75 | 6 | | | 28 | 12 | 29 | 3 | | | | | | | | |
| 75 | 21 | 75 | 25 | | | 29 | 16 | 30 | 18 | | | | | | | | |
| 76 | 1 | 76 | 14 | | | 30 | 21 | 33 | 14 | | | | | | | | |
| 76 | 15 | 77 | 14 | | | 42 | 6 | 42 | 19 | | | | | | | | |
| 77 | 22 | 78 | 4 | | | 42 | 21 | 42 | 22 | | | | | | | | |
| 78 | 13 | 78 | 19 | | | 43 | 23 | 43 | 25 | | | | | | | | |
| 79 | 24 | 79 | 25 | | | 44 | 1 | 47 | 1 | | | | | | | | |
| 80 | 1 | 80 | 6 | | | 47 | 5 | 48 | 16 | | | | | | | | |
| 80 | 15 | 80 | 25 | | | 48 | 18 | 48 | 25 | | | | | | | | |
| 81 | 1 | 81 | 25 | | | 49 | 3 | 49 | 13 | | | | | | | | |
| 82 | 1 | 82 | 25 | | | 49 | 16 | 50 | 10 | | | | | | | | |
| 83 | 1 | 83 | 25 | Lack of Foundation and outside the scope to the extent the witness refers to the National Association of Boards of Pharmacy. The witness lacks knowledge, on behalf of DEA, whether DEA was involved in the creation of this document. | These are objections to form which were not raised during the deposition and are thus waived.  Moreover, the exhibit itself lays the proper foundation, and the witness's testimony details what he understood about the specific objected to topic and is necessary for context.  Further, to the extent that there is an issue or question relative to this narrow portion of the designated testimony, the Court can properly weigh and account for same in this bench trial. | 50 | 16 | 51 | 13 | | | | | | | | |
| 84 | 1 | 84 | 25 | Lack of Foundation and outside the scope to the extent the witness refers to the National Association of Boards of Pharmacy. The witness lacks knowledge, on behalf of DEA, whether DEA was involved in the creation of this document. | Same response as above. | 51 | 16 | 51 | 17 | | | | | | | | |
| 85 | 1 | 85 | 2 | | | 65 | 8 | 66 | 17 | | | | | | | | |
| 88 | 11 | 88 | 25 | | | 69 | 15 | 69 | 25 | | | | | | | | |
| 89 | 1 | 89 | 25 | | | 75 | 15 | 75 | 20 | | | | | | | | |
| 90 | 1 | 90 | 25 | | | 115 | 21 | 117 | 11 | | | | | | | | |
| 91 | 1 | 91 | 25 | | | 117 | 14 | 118 | 1 | | | | | | | | |
| 92 | 1 | 92 | 11 | | | 121 | 10 | 122 | 3 | | | | | | | | |
| 94 | 25 | 94 | 25 | | | 122 | 6 | 122 | 14 | | | | | | | | |
| 95 | 1 | 95 | 22 | Foundation, calls for speculation (94:25-95:22).  The witness testified that DEA is unaware or does not know the answers to Plaintiffs' questions. | As for the lack of foundation and speculation objections, the witness has been with the DEA for approximately 20 years, as a Senior Policy Advisor and Section Chief for DEA's congressional affairs he has extensive experience dealing with the GAO and their reports about the DEA, and was designated to testify o/b/o the DEA regarding the reports and recommendations contained in various GAO reports, including the report at issue in the questioning.  *See e.g.,* dep. at 14:19-25 and 15:14-18:24.  *See also* , dep exhs. 1 and 2.  Further, as a designated 30(b)(6) representative the witness had the full knowledge of the DEA.  *See Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). Whether the witness was unaware of the GAO's collaboration with industry does not equate to speculation, as the DEA's/witness's lack of knowledge on industry's involvement with the GAO report is itself consequential, as it shows the DEA was not provided complete information and/or was not allowed to properly/fully address the industry involvement. Moreover, the witness was able to testify about the DEA's view on this matter.  See dep. at 95:9-10. | | | | | | | | | | | | |
| 96 | 1 | 96 | 17 | Foundation, calls for speculation (96:1-95:9).  The witness testified that DEA is unaware or does not know the answers to Plaintiffs' questions. | Same response as above relative to the foundation and speculation objections. | | | | | | | | | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 99 | 3 | 99 | 19 | Noerr-Pennington; Outside the Scope of Touhy Authorization; Leading. The testimony relates directly to HDA's lobbying activities. DEA was not authorized to discuss protected First Amendment activity of HDA. | This Court and the MDL Court already ruled that Noerr-Pennington related activities (e.g., lobbying, filing amicus briefs, etc.) are relevant and admissible, particularly in light of Defendants' claims that they did not understand their duties. *See* ECF 1360 at 5-6 ("The court agrees with plaintiffs and Judge Polster that the evidence is relevant for these purposes. Furthermore, the court concludes that the probative value of this evidence is not outweighed by any prejudice to defendants."). *See also*, In re Nat'l Prescription Opiate Litig., No. 1:17-MD-2804, 2020 WL 6450290, at *20 (N.D. Ohio Nov. 3, 2020). The witness's scope includes the communications and efforts to comply with the reports and recommendations contained in various GAO reports, including the report at issue in the questioning. *See* dep. at 15:14-16:21. *See also*, dep exhs. 1 and 2. The H.D.A. actions underlying the reports at issue, particularly since such activities resulted in what the DEA had to comply with, are within the scope. Additionally, as testified to by the witness, the HDMA/H.D.A. communications were brought up at the DEA. *See* dep. at 99:3-10. The form of the questions were appropriate to develop the witness's testimony consistent with FRE 611(c), and/or FRE 611(c)(1) as the questioning was on cross-examination. Further, any potential issue with the questioning can be properly considered and weighted accordingly in this bench trial. | | | | | | | | |
| 104 | 16 | 104 | 23 | Noerr-Pennington; Foundation, calls for speculation (104:16-106:25). The witness testified that DEA is unaware or does not know about the subject matter of Plaintiffs' questions (see also 113:6-25). The witness was asked to read documents into the record DEA has not seen before and knows nothing about. | Same response as above with respect to Noerr-Pennington. As for the foundation and speculation objections, the witness has been with the DEA for approximately 20 years, as a Senior Policy Advisor and Section Chief for DEA's congressional affairs he has extensive experience dealing with the GAO and their reports about the DEA, and was designated to testify o/b/o the DEA regarding the reports and recommendations contained in various GAO reports, including the report at issue in the questioning. *See e.g.*, dep. at 14:19-25 and 15:14-18:24. *See also*, dep exhs. 1 and 2. Further, as a designated 30(b)(6) representative the witness had the full knowledge of the DEA. *See Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). Whether the witness was unaware of the GAO's collaboration with industry does not equate to speculation, as the DEA's/witness's lack of knowledge on industry's involvement with the GAO report is itself consequential, as it shows the DEA was not provided complete information and/or was not allowed to properly/fully address the industry involvement. | | | | | | | | |
| 105 | 1 | 105 | 25 | Noerr-Pennington; Foundation, calls for speculation (104:16-106:25). The witness testified that DEA is unaware or does not know about the subject matter of Plaintiffs' questions (see also 113:6-25). The witness was asked to read documents into the record DEA has not seen before and knows nothing about. | Same response as above. | | | | | | | | |
| 106 | 1 | 106 | 25 | Noerr-Pennington; Foundation, calls for speculation (104:16-106:25). The witness testified that DEA is unaware or does not know about the subject matter of Plaintiffs' questions (see also 113:6-25). The witness was asked to read documents into the record DEA has not seen before and knows nothing about. | Same response as above. | | | | | | | | |
| 109 | 10 | 112 | 15 | Noerr Pennington; Foundation, calls for speculation (104:16-106:25). The witness testified that DEA is unaware or does not know about the subject matter of Plaintiffs' questions (see also 113:6-25). The witness was asked to read documents into the record DEA has not seen before and knows nothing about. | Same response as above with respect to the Noerr-Pennington, foundation and speculation objections. Also, the document itself provided even further foundation, and the questioning actually quoted from these GAO published highlights from their report at issue. In fact, this GAO publication is still publicly available (at https://www.gao.gov/products/gao-15-471). Whether the witness was unaware of this specific GAO articulation of findings does not equate to speculation, particularly since the witness was able to testify about the DEA's view regarding same. *See* dep. at 112:8-13. | | | | | | | | |