Gray, John
7/30/2020

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

Designations in white = Plaintiffs' Affirmative Designations
Designations in blue = Defendants' Completeness Designations
Designations in pink = Plaintiffs' Responsive Designations

| | | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | |
|---|---|---|---|---|---|---|
| **Page/Line Begin** | | **Page/Line End** | | **Objections** | **Objection Notes** | **Replies to Objections** |
| 19 | 6 | 20 | 23 | | | n/a |
| 21 | 8 | 21 | 16 | | | n/a |
| 21 | 22 | 22 | 23 | | | n/a |
| 23 | 2 | 23 | 15 | Lacks foundation; Hearsay as witness says he does not know the response and testifies only as to what he has heard in news reports (23:9-15) | | The witnesss confirms that Defendants are the three largest distributors in the U.S. Moreover, the witness answers affirmatively that he is aware they distributed approximately 90% of the opioids during the time period at issue, and it is true that Defendants are the 3 largest distributors of opioids. These facts are indeed accurate, have been confirmed through discovery and will be established during trial. As such, it is appropriate to conditionally consider/admit the testimony. Moreover, this witnesse's knowledge of this through other sources is not hearsay as it is not offered for the truth of the matter asserted, but rather to prove notice. *See* FRE 801(c)(2). |
| 23 | 18 | 24 | 14 | Lacks foundation; Hearsay as witness says he does not know the response and testifies only as to what he has heard in news reports (23:18-19) | | Same as above. |
| 24 | 22 | 25 | 11 | | | n/a |
| 26 | 12 | 26 | 19 | | | n/a |
| 27 | 2 | 28 | 5 | | | n/a |
| 28 | 14 | 30 | 22 | Lacks relevance under 402/403. | | The power of the H.D.A. Executive Committee is relevant as the Big 3 have permanent seats and Plaintiffs allege that the Big 3 were acting, at least in part, through the H.D.A. |
| 31 | 16 | 33 | 24 | Lacks relevance under 402/403; impermissible use of testimony for liability under Noerr-Pennington doctrine ( 31:16-32:1). | | The power of the H.D.A. Executive Committee is relevant as Defendants had and have permanent seats, and Plaintiffs allege that Defendants were acting, at least in part, through the H.D.A. As for the Noerr-Pennington doctrine, please see attachment A. Plaintiffs are not arguing that the H.D.A. and Defendants were not allowed to lobby. Rather, this is evidence of notice, motive, and mindset relative to varous matters, including Defendants' work relative to diversion and/or fighting regulations. Further, this information contradicts Defendants' public statements, public relations and the defenses in this case. |
| 34 | 4 | 34 | 7 | | | n/a |
| 34 | 14 | 34 | 16 | | | n/a |
| 34 | 20 | 34 | 22 | | | |

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

Designations in white = Plaintiffs' Affirmative Designations
Designations in blue = Defendants' Completeness Designations
Designations in pink = Plaintiffs' Responsive Designations

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | |
|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
| 36 | 12 | 38 | 4 | Lacks foundation.  The witness testified that he had never seen the exhibit (34:20-34:22) and was not provided the attachment (37:19-20, 38:2)). | | Plaintiffs agreed to withdraw the designation at 36:12-38:4 but left it in for completeness. |
| 38 | 7 | 38 | 22 | Not witness testimony; improper narrative by counsel made without posing a question (38:8-38:22). | | The witness responded. This is an objection to form. Also, no objection was made at the time and thus it is waived. |
| 39 | 14 | 39 | 21 | Argumentative; misstates the document; speculation. | | Plaintiffs agreed to withdraw the designation at 39:14-39:21 but left it in for completeness. |
| 40 | 24 | 40 | 20 | Asked and answered; misstates prior testimony (40:14-20). | | Plaintiffs agreed to withdraw the designation at 39:24-40:13 but left it in for completeness. The remainder was not asked and answered. As for 40:14-20, it does not misstate prior testimony, and in fact the witness affirmatively agrees with the question as posed. (40:23). |
| 40 | 23 | 41 | 2 | Asked and answered; misstates prior testimony (40:23). Calls for speculation; Lacks foundation (40:24-41:2). | | See above. |
| 41 | 5 | 43 | 19 | Calls for speculation; lacks foundation (41:5-7). Lacks foundation (41:23-43:3). | | Witness recalls certain information specifically.  Just b/c the witness does not recall the precise timeframe does not mean there is a lack of foundation. |
| 43 | 25 | 46 | 10 | | | n/a |
| 46 | 13 | 46 | 13 | | | n/a |
| 46 | 16 | 47 | 2 | | | n/a |
| 47 | 6 | 47 | 7 | | | n/a |
| 47 | 9 | 47 | 15 | Not witness testimony; improper narrative by counsel (47:12-15). | | The witness reqeustesd that the question be repeated/re-phrased.  Questioning included necessary predicate and/or foundation.  Witness was able to and did answer the question at issue. |
| 47 | 19 | 49 | 6 | Assumes facts not in evidence; Lacks foundation (47:25-48:17); Relevance/403 (47:25-48:9). | | No objection made at the time, and thus it is waived.  Facts otherwise established and/or will be.  Additionally, to the extent witness did not know certain facts, this information is relevant. |
| 49 | 9 | 49 | 18 | Lacks relevance under 402/403 (49:13-18) | | Relevant to Plaintiffs' allegation that Defendants, through the H.D.A., were undermining the effectiveness of DEA enforcement, working against more comprehensive regulations and/or enforcement, and coordinated on plans to address and undercut the DEA.  Also, this is relevant to contradict Defendnats' stated position that they were focused on combating diversion and working with the DEA regarding same. |
| 49 | 21 | 50 | 7 | Lacks relevance under 402/403 | | Same as above. |
| 50 | 19 | 50 | 22 | Lacks relevance under 402/403 | | Same as above. |
| 50 | 25 | 51 | 1 | | | n/a |
| 51 | 10 | 53 | 20 | Lacks foundation; assumes facts not in evidence. | | This is a form objection and was not made at the time, so any such objection was waived.  Also, the witness agrees with the recitation of the document which he wrote, and the facts are outlined therein. |
| 53 | 23 | 56 | 23 | Misstates the document (54:2-8) Lacks relevance under 402/403 (54:22-55:25) | | The questions accurately summarize the document written by the witness and the witness agrees with the recitation. This is a form objection and was not made at the time, so any such objection was waived.  The testimony is relevant to Plaintiffs' allegation that Defendants, through the H.D.A., were undermining the effectiveness of DEA enforcement, working against more comprehensive regulations and/or enforcement, and coordinated on plans to address and undercut the DEA.  Also, this is relevant to contradict Defendnats' stated position that they were focused on combating diversion and working with the DEA regarding same. |

Gray, John
7/30/2020

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | |
|---|---|---|---|---|---|---|
| **Page/Line Begin** | | **Page/Line End** | | **Objections** | **Objection Notes** | **Replies to Objections** |
| 57 | 2 | 57 | 8 | Lacks relevance and unduly prejudicial under 402/403; Argumentative; Incomplete Hypothetical; Misstates the Document | | The testimony is relevant to Plaintiffs' allegation that Defendants, through the H.D.A., were undermining the effectiveness of DEA enforcement, working against more comprehensive regulations and/or enforcement, and coordinated on plans to address and undercut the DEA.  Also, this is relevant to contradict Defendnats' stated position that they were focused on combating diversion and working with the DEA regarding same.  The relevance outweighs any potential prejudice, and this is a Bench trial.  The question allowed the witness to properly and/or fully answer, and any potential argumentative question can be ignored and/or minimized in this Bench trial.  The questions accurately summarize the substance of the document and the hypothetical (i.e., analogy) is sufficiently stated to convey the meaning.  Questions were asked so the witness was capable of (and did) answer the question fully. |
| 57 | 12 | 57 | 25 | Lacks relevance and unduly prejudicial under 402/403; Argumentative; Incomplete Hypothetical; Misstates the Document (57:13-15) | | The form objections were not made to several questions at the time and are thus waived.  Also, same as above. |
| 58 | 6 | 58 | 13 | Improper narrative by counsel; argumentative; assumes facts not in evidence. | | Narrative was required to provide thorough background and/or a full predicate.  The question allowed the witness to properly and/or fully answer, including with a lengthy explanation at p. 59.  Any potential argumentative question can be ignored and/or minimized in this Bench trial.  The predicate provided in the question was a reasonable interpretation of facts previously established. |
| 58 | 17 | 58 | 17 | Improper narrative by counsel; argumentative | | Same as above. |
| 58 | 21 | 58 | 22 | Improper narrative by counsel; argumentative | | Same as above. |
| 58 | 24 | 60 | 5 | Not witness testimony; argumentative; assumes facts; improper narrative by counsel (59:21-60:5). | | Same as above. |
| 60 | 9 | 60 | 10 | | | n/a |
| 60 | 16 | 61 | 19 | | | n/a |
| 61 | 25 | 62 | 23 | | | n/a |
| 62 | 24 | 63 | 3 | | | |
| 63 | 3 | 65 | 25 | | | |
| 66 | 1 | 67 | 4 | Starts with an incomplete question / answer (66:1-2). | | Plaintiffs agree with and accept Defendants' completeness designation.  Thus, this objection is now moot. |
| 67 | 7 | 69 | 1 | Not witness testimony; improper narrative by counsel (68:20-69:1) | | Narrative was required to provide thorough background and/or a full predicate.  The question allowed the witness to properly and/or fully answer.  Also, these are form objections which were not made at the time, and are thus waived. |
| 69 | 2 | 69 | 6 | | | |
| 69 | 7 | 72 | 14 | Vague; compound (71:20-25) | | This is a form objection and was not made at the time, so any such objections are now waived. |
| 69 | 14 | 170 | 9 | | | n/a |
| 72 | 17 | 72 | 24 | | | n/a |
| 73 | 2 | 73 | 15 | | | n/a |
| 73 | 20 | 73 | 22 | | | n/a |
| 74 | 2 | 74 | 2 | | | n/a |

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | |
|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
| 74 | 4 | 74 | 17 | Misstates the prior document (Ex. 2); Misstates prior testimony; Assumes Facts (74:9-17); improper narrative by counsel. | | The questioning accurately states the substance, and the predicate provided in the question was a reasonable interpretation of facts previously established.  See e.g.,  Ex. 2 at 2 ("The purpose of the meeting was to discuss potential strategies for addressing DEA-related issues . . . They felt that we may be better off averting DEA actions by taking even stronger compliance measures."). |
| 74 | 20 | 76 | 1 | Misstates the prior document (Ex. 2); Misstates prior testimony; Assumes Facts (74:20-23). Improper narrative by counsel; argumentative; assumes facts (75:24-76:1) | | The questioning allowed the witness to properly and/or fully answer, which the witness did.  Any potential argumentative question can be ignored and/or minimized in this Bench trial.  Also, same as above. |
| 76 | 4 | 76 | 7 | Missates the document; Assumes facts. | | Question accurately states the document and the facts provided therein.  Witness admits same at 75:15-24. |
| 76 | 10 | 77 | 19 | Missates the document; Assumes facts (76:10-21) | | Witness answers the question and further elaborates such that witness clarifies and/or supplements any further information desired.  Also, same as above. |
| 77 | 22 | 77 | 22 | | | n/a |
| 77 | 25 | 78 | 22 | | | n/a |
| 79 | 2 | 81 | 5 | Impermissible use of testimony for liability under Noerr-Pennington doctrine (79:16-81:5) | | Please see attachment A.  Plaintiffs are not arguing that the H.D.A. and Defendants were not allowed to lobby.  Rather, this is evidence of notice, motive, and mindset relative to various matters, including Defendants' work relative to diversion and/or fighting regulations.  Further, this information contradicts Defendants' public statements, public relations and the defenses in this case. |
| 81 | 9 | 81 | 9 | Lacks relevance under 402/403; impermissible use of testimony for liability under Noerr-Pennington doctrine | | This is relevant as it is evidence of notice, motive, and mindset relative to varous matters, including Defendants' work relative to diversion and/or fighting regulations.  Further, this information contradicts Defendants' public statements, public relations and the defenses in this case, and it goes to credibility.  Also, as for the Noerr-Pennington doctrine, please see attachment A.  Plaintiffs are not arguing that the H.D.A. and Defendants were not allowed to lobby. |
| 81 | 11 | 82 | 1 | Lacks relevance under 402/403; impermissible use of testimony for liability under Noerr-Pennington doctrine (81:14-81:24) | | Same as above. |
| 82 | 8 | 84 | 12 | Lacks relevance under 402/403; impermissible use of testimony for liability under Noerr-Pennington doctrine (82:10-84:6) Not witness testimony; Improper narrative by counsel (84:6-12) | | Questioning provides necessary thorough background and predicate.  Witness was allowed to answer and did respond.  Also, same as above. |
| 84 | 18 | 84 | 24 | | | n/a |
| 85 | 2 | 85 | 5 | | | n/a |
| 85 | 10 | 86 | 14 | | | n/a |
| 87 | 2 | 88 | 2 | | | n/a |
| 88 | 9 | 90 | 19 | Hearsay (90:2-11) Compound; lacks foundation (90:12-19) | | This is not hearsay as it does not satisfy FRE 801(c)(2).  Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2), FRE 803(6).  As for the objections regarding 90:12-19 , witness responded and extensively elaborated such that he was clearly capable of (and did) fully answer the questioning. |

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | |
|---|---|---|---|---|---|---|
| *Page/Line Begin* | | *Page/Line End* | | *Objections* | *Objection Notes* | *Replies to Objections* |
| 90 | 22 | 92 | 6 | Compound; lacks foundation (90:22-91:5) Not witness testimony; improper narrative by counsel without posing a question (91:9-19) | | As for objections regarding 90:22-91:5, these are objections to form and were not made at the deposition, thus waiving same.  Further, foundation was previously laid and witness showed necessary knowledge and ability to respond, as evidenced by the testimony.  Also, Questioning ending with "go look" was posed for the witness to respond, which witness did (extensively) and had no trouble doing same. |
| 92 | 9 | 93 | 12 | Calls for speculation; Lzcks foundation; misstates the document (93:10-12) | | The questioning addresses this playbook which was sent by the witness to defendants and others on 4/25/2013.  The communication from the witness states in part: "Attached to this note is the culmination of those efforts - a crisis playbook that serves as an interactive guide to crisis communications. The playbook includes response procedures, best practices and the names and contact information of a cross-functional task force that has the authority to act quickly and decisively in response to critical reputational and crisis issues." *See* Ex. 28 at p. 1.  The questioning quotes the document and accurately notes that the witness's cell number is provided.  *Id* . at p. 3. |
| 93 | 15 | 96 | 14 | Calls for speculation; lacks foundation; misstates the document (93:15-20) Lacks foundation based on witnesses' prior testimony that this initative never became operational and he lacked knowledge of the drafters' thought process (*see* 92:9-12; 93:15-20) | | Whether or not this initiative became "operational" is not the point.  Rather, what H.D.A. did (i.e., study how to handle P.R. issues and advise members of what action to take) is the point. The study was actually done, and the guidance/report was actually sent to Defendants.  *See* Ex. 28.  The foundation was established, and the questioning does not involve speculation or misstate the document (which provides the instruction at issue, including providing the contact information for the witness).  To the extent the witness disagreed, he was allowed to (and did) fully elaborate and/or explain. |
| 96 | 18 | 96 | 18 | Misstates prior testimony; lacks foundation based on witnesses' testimony that "Crisis PlaybooK' never became operational (see 92:9-12, 93:15-20) | | Same as above. |
| 96 | 21 | 96 | 24 | Misstates prior testimony; lacks foundation based on witnesses' testimony that "Crisis PlaybooK' never became operational (see 92:9-12, 93:15-20) | | Same as above. |
| 97 | 15 | 97 | 21 | Not witness testimony; Improper narrative by counsel. | | Plaintiffs agreed to withdraw the designation at 97:15-21, but left it in for completeness. |
| 98 | 10 | 99 | 6 | Not witness testimony; Improper narrative by counsel (98:10-15) | | The witness responded to the question, confirming that he understood the background/predicate. |
| 99 | 13 | 100 | 10 | Compound; calls for speculation (99:21-100:2) | | The witness answered what he believed, which included affirmative information.  Further, these are objections to form which were not made during the deposition, and are thus waived. |
| 100 | 16 | 104 | 2 | Calls for speculation (103:16-104:2) | | Same as above. |
| 104 | 16 | 104 | 19 | | | n/a |
| 104 | 24 | 106 | 20 | Calls for speculation (105:21-106:5) | | The witness answered what he believed, which included affirmative information.  Further, these are objections to form which were not made during the deposition, and are thus waived. |
| 106 | 25 | 107 | 3 | Calls for speculation, argumentative, assumes facts | | These facts regarding McKesson are in evidence.  See e.g., 7/31/2018 deposition of N. Hartle (McKesson 30(b)(6) representative). Also, additional facts will be established and conditional admission/consideration is appropriate. Moreover, the point is that the witness signed a letter to Congress suggesting that he was not speculating and/or did know, particularly when Defendants had opportunity for approval of and input into the letter.  See Ex. 10.  Although Plaintiffs submit the question is proper, to the extent that the Court finds a portion of a question argumentative and/or compound, then that portion can be ignored and/or weighted accordingly, but the entire question and answer should not be stricken in this Bench trial. |

Gray, John
7/30/2020

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

Designations in white = Plaintiffs' Affirmative Designations
Designations in blue = Defendants' Completeness Designations
Designations in pink = Plaintiffs' Responsive Designations

| | | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | |
|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
| 107 | 11 | 108 | 22 | Assumes facts not in evidence; Lacks foundation (108:13-109:07) | | Same as above. |
| 109 | 1 | 110 | 1 | Assumes facts not in evidence; Lacks foundation (109:18-110:01) | | Same as above. |
| 110 | 4 | 110 | 15 | Assumes facts not in evidence; Lacks foundation. | | These facts regarding AmerisourceBergen will be established and conditional admission/consideration is appropriate. Moreover, the point is that the witness signed a letter to Congress suggesting that he was not speculating and/or did know, particularly when Defendants had opportunity for approval of and input into the letter.  *See*  Ex. 10. |
| 110 | 18 | 111 | 2 | Assumes facts not in evidence; Lacks foundation. | | Same as above. |
| 111 | 8 | 112 | 12 | Assumes facts not in evidence; Lacks foundation. | | Same as above. |
| 112 | 16 | 112 | 19 | Assumes facts not in evidence; lacks foundation | | Same as above. |
| 112 | 22 | 113 | 4 | | | n/a |
| 113 | 7 | 113 | 18 | Calls for speculation, assumes facts not in evidence; lacks foundation (113:12-113:18) | | The prior answer from the witness shows he was not speculating.  The facts were established through testimony and exhibit.  *See e.g.* , Ex. 10.  Also, further facts regarding AmerisourceBergen and McKesson will be established and conditional admission/consideration is appropriate. |
| 113 | 21 | 113 | 22 | | | n/a |
| 113 | 24 | 114 | 2 | | | n/a |
| 115 | 11 | 115 | 21 | Assumes facts not in evidence; lacks foundation | | Some facts regarding McKesson are in evidence.  *See e.g.* , 7/31/2018 deposition of N. Hartle (McKesson 30(b)(6) representative). Additional facts will be established regarding all Defendants, and conditional admission/consideration is appropriate.  Moreover, the point is that the witness signed a letter to Congress suggesting that he was not speculating and/or did know, particularly when Defendants had opportunity for approval of and input into the letter.  *See* Ex. 10. |
| 115 | 24 | 116 | 10 | Assumes facts not in evidence; lacks foundation | | Same as above. |
| 116 | 20 | 117 | 1 | Assumes facts not in evidence; lacks foundation; calls for speculation | | Same as above. |
| 117 | 5 | 117 | 6 | | | n/a |
| 117 | 8 | 118 | 9 | | | n/a |
| 118 | 12 | 118 | 12 | | | n/a |
| 118 | 17 | 119 | 4 | Non-responsive; not answering the question. | | The answer is responsive. |
| 119 | 11 | 119 | 12 | | | n/a |
| 119 | 18 | 119 | 25 | Assumes facts not in evidence; lacks foundation | | The facts and foundation are contained within the exhibit, showing that the witness did not disclose this information to Congress.  *See*  Ex. 10. |
| 120 | 5 | 120 | 8 | | | |
| 120 | 9 | 120 | 14 | Argumentative; compound (120:9-120:14) | | The witness was capable of answering and did answer the question, and in fact confirmed his answer.  Further, although Plaintiffs submit the question is proper, to the extent that the Court finds a portion of a question argumentative and/or compound, then that portion can be ignored and/or weighted accordingly, but the entire question and answer should not be stricken in this Bench trial. |
| 120 | 17 | 122 | 16 | | | n/a |
| 122 | 17 | 122 | 19 | | | |

Gray, John
7/30/2020

| WITNESS NAME: | | | | John Gray | | |
|---|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 7/30/2020 | | |
| **Designations in white = Plaintiffs' Affirmative Designations** | | | | | | |
| **Designations in blue = Defendants' Completeness Designations** | | | | | | |
| **Designations in pink = Plaintiffs' Responsive Designations** | | | | | | |

| | | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | |
|---|---|---|---|---|---|---|
| **Page/Line Begin** | | **Page/Line End** | | **Objections** | **Objection Notes** | **Replies to Objections** |
| 122 | 24 | 123 | 7 | | | |
| 123 | 9 | 123 | 17 | Calls for speculation; assumes facts not in evidence; improper narrative by counsel. | | The facts are established through other testimony and documents.  See e.g., Ex. 4 (at p. 373), Ex. 10, 7/31/2018 deposition of N. Hartle (McKesson 30(b)(6) representative). Additional facts will be established and conditional admission/consideration is appropriate.  Moreover, the point is that the witness signed a letter to Congress suggesting that he was not speculating and/or did know, particularly when Defendants had opportunity for approval of and input into the letter.  See Ex. 10. Further, although Plaintiffs submit the question is proper, to the extent that the Court finds a portion of a question narrative, then that portion can be ignored and/or weighted accordingly, but the entire question and answer should not be stricken in this Bench trial. |
| 123 | 23 | 123 | 24 | | | n/a |
| 124 | 2 | 124 | 18 | Not witness testimony.  Improper narrative by counsel that is never followed by an answer, making it inappropriate for introduction (124:11-17) | | The facts are established through other testimony and documents.  See e.g., Ex. 4 (at p. 373), Ex. 10, 7/31/2018 deposition of N. Hartle (McKesson 30(b)(6) representative). Additional facts will be established and conditional admission/consideration is appropriate.  Moreover, the point is that the witness signed a letter to Congress suggesting that he was not speculating and/or did know, particularly when Defendants had opportunity for approval of and input into the letter.  See Ex. 10. Further, although Plaintiffs submit the question is proper, to the extent that the Court finds a portion of a question narrative, then that portion can be ignored and/or weighted accordingly, but the entire question and answer should not be stricken in this Bench trial. |
| 124 | 23 | 125 | 10 | Calls for speculation as the witness answers he is not aware. | | Same as above. |
| 125 | 18 | 127 | 10 | Assumes facts, lacks foundation (relies on hearsay); calls for speculation as the witnes answers "I wouldn't know." | | Same as above. |
| 127 | 13 | 128 | 3 | | | n/a |
| 128 | 9 | 129 | 5 | Assumes facts, lacks foundation (relies on hearsay); calls for speculation -- 128:24-129:5 | | It is not hearsay as the statement was made by the witness, who confirms the statements he made (128:9-23).  The other facts were previously established.  *See*  Ex. 4 at p. 373.  Moreover, this is not speculation because the point of the question is that the witness's statement (at 128:9-23) was inaccurate and/or incomplete. |
| 129 | 9 | 129 | 11 | | | n/a |
| 129 | 15 | 129 | 18 | | | n/a |
| 129 | 21 | 130 | 1 | Calls for speculation; lack of personal knowledge; assumes facts not in evidence. | | This is not speculation because the point of the question is that the witness's statement (at 128:9-23) was inaccurate and/or incomplete. |
| 130 | 4 | 130 | 14 | Argumentative, improper testimony by counsel | | The question is providing context and/or laying a predicate for the witness relative to upcoming questioning. |
| 130 | 17 | 132 | 22 | Assumes facts not in evidence, lacks foundation, argumentative (132:06-132:22) | | These are form objections which were not made during the deposition and are thus waived.  Further, the facts and foundation were established. See e.g., Ex. 25, testimony at pp. 133-136.  Also, the answer itself provides an affirmative response to the questioning. |
| 133 | 2 | 133 | 9 | | | n/a |

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | |
|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
| 133 | 15 | 137 | 1 | Assumes facts not in evidence, argumentative, improper narrative by counsel regarding what the study "might" do (136:21-137:01) | | The question is providing context and/or laying a predicate for the witness relative to upcoming questioning, and it is a reasonable interpretation of the facts established through the document written by the witness.  *See*  Ex. 25 ("We will have to decide whether or not the RAND initiative will be too little too late and whether or not it helps or hinders the West Virginia matter.").  Further, the witness is allowed to and fully explains his position in his answer (137:6-19).  Also, to the extent that the Court finds a portion of a question argumentative or narrative, then that portion can be ignored and/or weighted accordingly. |
| 137 | 5 | 137 | 24 | | | n/a |
| 138 | 5 | 138 | 23 | Misstates the document; assumes facts not in evidence | | The facts are established by the document itself written by the witness.  *See*  Ex. 25 ("[Their timeline is longer than I thought it would be. In any event, I am sitting on this until we hear from the attorneys with respect to the West Virginia litigation to determine what role HDMA can or cannot play in that effort. We will have to decide whether or not the RAND initiative will be too little too late and whether or not it helps or hinders the West Virginia matter.").  Further, the questioning is a reasonable interpretation of the facts established, and the witness fully responds and even explains further through his answer.  To the extent that the Court finds a portion of a question as misstating the document, then that portion can be ignored and/or weighted accordingly. |
| 139 | 1 | 140 | 4 | | | n/a |
| 140 | 7 | 140 | 8 | | | n/a |
| 140 | 11 | 140 | 16 | Assumes facts not in evidence; argumentative | | The facts are established by the document itself written by the witness.  See Ex. 25 at p. 2 ("Prescription Drug Regulation Policy to Minimize Misuse and Abuse").  Further, the questioning is a reasonable interpretation of the facts established, and the witness fully responds and even explains further through his answer.  To the extent that the Court finds a portion of a question argumentative, then that portion can be ignored and/or weighted accordingly. |
| 140 | 19 | 141 | 7 | | | n/a |
| 141 | 13 | 142 | 8 | | | n/a |
| 142 | 11 | 145 | 21 | | | n/a |
| 145 | 24 | 146 | 2 | | | n/a |
| 146 | 7 | 146 | 18 | | | n/a |
| 146 | 21 | 147 | 9 | | | n/a |
| 147 | 12 | 147 | 13 | | | n/a |
| 147 | 19 | 148 | 22 | | | n/a |
| 149 | 2 | 149 | 15 | Misstates testimony (witness did not testify that it was "too late"); assumes facts. | | These are form objections which were not made during the deposition (to multiple of the questions at issue), and are thus waived.  Moreover, the questioning did not assert that the witness said it was "too late".  To the contrary, the questioning asked if the witness agreed that it was "not too late".  Also, the facts were previously established through prior testimony and documents.  See e.g., Ex. 26. |

Gray, John
7/30/2020

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | |

| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
|---|---|---|---|---|---|---|
| 149 | 19 | 149 | 21 | Misstates testimony (witness did not testify that it was "too late"); assumes facts. | | The questioning did not assert that the witness said it was "too late". To the contrary, the questioning asked if the witness agreed that it was "not too late". Also, the facts were previously established through prior testimony and documents. See e.g., Ex. 26. |
| 149 | 25 | 150 | 1 | Misstates testimony (witness did not testify that it was "too late"); assumes facts. | | Same as above. |
| 150 | 5 | 152 | 9 | | | n/a |
| 152 | 12 | 153 | 3 | | | n/a |
| 153 | 9 | 154 | 15 | | | n/a |
| 154 | 18 | 154 | 18 | | | n/a |
| 154 | 21 | 156 | 19 | Assumes facts, argumentative, lacks foundation (156:04-156:19) | | The foundation and facts were established through prior testimony and documents, including minutes of the H.D.A. Executive Committee at which the witness was present. *See e.g.* , Exs. 19, 24, 26, 63; deposition testimony at pp. 69-72. |
| 156 | 21 | 157 | 25 | Lacks foundation; assumes facts not in evidence | | Same as above. |
| 158 | 7 | 160 | 22 | | | n/a |
| 161 | 5 | 166 | 24 | Last question is argumentative, assumes facts, compound (166:20-166:24) | | The facts were established in the document at issue as well as other documents, and the witness is able to answer the questioning. See e.g., Exs. 24, 26, 34, 35; deposition testimony at 168:17-22. Although Plaintiffs submit the question is proper, to the extent that the Court finds a portion of a question argumentative and/or compound, then that portion can be ignored and/or weighted accordingly, but the entire question should not be stricken in this Bench trial. |
| 167 | 3 | 167 | 4 | | | n/a |
| 167 | 7 | 167 | 16 | | | n/a |
| 167 | 22 | 168 | 24 | | | n/a |
| 169 | 2 | 169 | 2 | | | n/a |
| 169 | 5 | 169 | 11 | Argumentative, lacks foundation, speculation; improper testimony from counsel; fails to designate answer. | | These are facts publicly known and which have been established at trial through testimony and reports from Dr. Gupta. The answer is now designated by way of counter-designation. To the extent that the Court finds a portion of a question argumentative and/or compound, then that portion can be ignored and/or weighted accordingly, but the entire question should not be stricken in this Bench trial. |
| 169 | 14 | 169 | 15 | | | |
| 170 | 14 | 171 | 20 | Compound, argumentative (171:09-171:20); Misstates prior testimony in which deponent testified that the exhibit referenced never became operational and was not used. (see 92:9-12; 93:15-20). Incomplete designation. Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | These are objections to form which were not made during the deposition and are thus waived. Also, the prior testimony and evidence is consistent with the predicate in the question. See e.g., Exs. 24, 26, 34, 35; deposition testimony at 168:1-22. Further, to the extent that the Court finds a portion of a question argumentative and/or compound, then that portion can be ignored and/or weighted accordingly, but the entire question should not be stricken in this Bench trial. The un-designated testimony (at 171:21-24) is an exchange between the witness and his counsel. It can be designated if Defendants wish. |

Gray, John
7/30/2020

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | |
|---|---|---|---|---|---|---|
| *Page/Line Begin* | | *Page/Line End* | | *Objections* | *Objection Notes* | *Replies to Objections* |
| 171 | 25 | 172 | 6 | Argumentative; Misstates prior testimony; Misstates prior exhibits; Assumes facts not in evidence; impermissible use of testimony for liability under Noerr-Pennington doctrine. | | Same as above. |
| 172 | 10 | 173 | 4 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 173 | 7 | 173 | 11 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 173 | 12 | 173 | 16 | | | |
| 173 | 17 | 175 | 13 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 175 | 17 | 176 | 19 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 177 | 4 | 177 | 7 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 177 | 13 | 177 | 13 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 177 | 15 | 177 | 19 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 177 | 24 | 178 | 25 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 179 | 1 | 179 | 8 | | | |
| 179 | 9 | 180 | 6 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 180 | 9 | 180 | 20 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 181 | 2 | 182 | 3 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 182 | 18 | 183 | 4 | Impermissible use of testimony for liability under Noerr-Pennington doctrine. | | n/a |
| 183 | 7 | 184 | 18 | Calls for speculation, expert opinion (184:12-184:23); impermissible use of testimony for liability under Noerr-Pennington doctrine. | | The witness previously testified that he is famliar with the topic at issue and that H.D.A. played a significant role. Witness is CEO of H.D.A. (which is a trade group with a lobbying function), and was in that role for over 15 years, including during the timeframe at issue.  *See*  deposition at p. 20.  He testifies affirmatively to at least part of the questioning.  Further, his answers to these questions, to the extent he does not recall, are instructive regarding his role and his credibility. |
| 184 | 21 | 185 | 1 | Calls for speculation, expert opinion (184:12-184:23); impermissible use of testimony for liability under Noerr-Pennington doctrine. | | Same as above. |

Gray, John
7/30/2020

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | |
|---|---|---|---|---|---|---|
| **Page/Line Begin** | | **Page/Line End** | | **Objections** | **Objection Notes** | **Replies to Objections** |
| 185 | 6 | 185 | 9 | | | |
| 185 | 10 | 187 | 6 | | | n/a |
| 187 | 14 | 189 | 4 | Impermissible use of testimony for liability under Noerr-Pennington doctrine (188:5-189:4) | | Please see attachment A. |
| 189 | 13 | 189 | 13 | | | n/a |
| 189 | 14 | 189 | 19 | | | |
| 189 | 20 | 191 | 10 | Argumentative, misstates prior testimony and documents; impermissible use of testimony for liability under Noerr-Pennington doctrine (190:12-191:10) | | Questioning was laying a thorough background and/or predicate. Moreover, the questioning is quoting and/or summarizing the H.D.A. filing at issue, and the testimony confirms same. To the extent that the Court finds a portion of a question argumentative, then that portion can be ignored but the entire question should not be stricken in this Bench trial.  Also, these are objections to form which were not made during the deposition and are thus waived. Further, the questioning does not misstate prior testimony or the document as confirmed by the testimony and the document.  See Ex. 59 at PDF p. 33, HDA_MDL_000162238 ("The practical infeasibility of requiring distributors to investigate and halt suspicious orders (as well as report them) underscores the importance of ensuring that DEA has complied with the AP A before attempting to impose such duties.").  With respect to the Noerr-Pennington doctrine, please see attachment A. |
| 191 | 14 | 191 | 16 | Argumentative, misstates prior testimony; impermissible use of testimony for liability under Noerr-Pennington doctrine | | Same as above. |
| 191 | 22 | 192 | 17 | Argumentative, misstates prior testimony; impermissible use of testimony for liability under Noerr-Pennington doctrine | | Same as above. |
| 192 | 20 | 193 | 19 | Argumentative, misstates prior testimony; impermissible use of testimony for liability under Noerr-Pennington doctrine | | Same as above. |
| 194 | 2 | 194 | 3 | | | n/a |
| 194 | 5 | 194 | 22 | Impermissible use of testimony for liability under Noerr-Pennington doctrine (194:8-22) | | Please see attachment A. |
| 195 | 7 | 195 | 24 | | | n/a |
| 196 | 2 | 196 | 6 | | | n/a |
| 196 | 7 | 196 | 12 | | | n/a |
| 196 | 13 | 197 | 25 | | | |
| 198 | 3 | 198 | 23 | Assumes facts not in evidence, foundation (198:15-198:23) | | Foundation and facts are made through H.D.A. documents (other deposition exhibits) that outline the subject of the questioning. See e.g. dep. exhbits 24, 31, 34, 35, 55. |
| 199 | 2 | 199 | 8 | Foundation | | Same as above. |
| 199 | 11 | 200 | 2 | Foundation; impermissible use of testimony for liability under Noerr-Pennington doctrine. | | Same as above. |
| 200 | 5 | 200 | 15 | | | n/a |
| 200 | 16 | 200 | 19 | | | |

Gray, John
7/30/2020

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | |
|---|---|---|---|---|---|---|
| **Page/Line Begin** | | **Page/Line End** | | **Objections** | **Objection Notes** | **Replies to Objections** |
| 200 | 20 | 202 | 14 | Argumentative, misstates prior testimony and documents, impermissible use of testimony for liability under Noerr-Pennington doctrine (202:9-14) | | Any potential argumentative question can be ignored and/or minimized in this Bench trial. The questioning accurately states the substance of the statement as written by the witness, with which recitation the witness had previously agreed was factual, and the predicate summary preceding the question was a reasonable interpretation of facts previously established by prior documents and testimony.  See e.g.,  Ex. 2 at 2, 3 ("The purpose of the meeting was to discuss potential strategies for addressing DEA-related issues . . . [potential action:] Seek guidance from a well-respected public relations firm to improve industry image."). |
| 202 | 17 | 202 | 21 | | | n/a |
| 202 | 25 | 202 | 25 | | | n/a |
| 203 | 5 | 203 | 21 | | | n/a |
| 204 | 2 | 205 | 20 | | | n/a |
| 205 | 21 | 205 | 25 | | | |
| 206 | 2 | 209 | 1 | Hearsay as the question is limited to reading in an email (206:2-207:4). | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(6). Contents are directly pertinent insofar as they directly contradict the position taken by the witness regarding the H.D.A.. |
| 209 | 2 | 209 | 7 | | | |
| 209 | 22 | 213 | 20 | Hearsay as the qeustion reads an email drafted by others. | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(6). Contents are directly pertinent insofar as they directly mirror PR language and position and language and statments made by the witness taken by the witness. |
| 213 | 24 | 217 | 17 | Compound, argumentative; impermissible use of testimony for liability under Noerr-Pennington doctrine (214:2-18) | | The form objection was not made to several questions at the time and is thus waived. The negotiated limited duration for the deposition necessitated the pace of the questioning, but the questioning allowed the witness to properly and/or fully answer, which the witness did.  Any potential argumentative question can be ignored and/or minimized in this Bench trial. |
| 217 | 20 | 219 | 3 | | | n/a |
| 219 | 7 | 219 | 12 | | | n/a |
| 219 | 13 | 219 | 16 | | | |
| 219 | 18 | 224 | 19 | Hearsay; Misstates facts (222:16-22) | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2), FRE 803(6). Counsel's questions are not evidence. This is a form objection and was not made at the time, so any such objection was waived. These facts are otherwise in evidence or will be otherwise established and are appropriate for conditional admission and/or consideration. See e.g. 7/21/2018 Hartle (McKesson 30(b)(6)) Deposition. |
| 224 | 20 | 224 | 24 | | | |
| 225 | 2 | 226 | 18 | | | n/a |
| 226 | 21 | 227 | 7 | Calls for speculation as the witness later testifies "I have no idea." | | Question is appropriate. It is reasonable to ask a CEO of an entity what information it may provide to its board members. |
| 227 | 10 | 228 | 4 | | | n/a |
| 228 | 10 | 228 | 22 | | | n/a |

Gray, John
7/30/2020

| WITNESS NAME: | | John Gray |
|---|---|---|
| DEPOSITION DATE: | | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **AFFIRMATIVE DEPOSITION DESIGNATIONS** | | | | | | | |

| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
|---|---|---|---|---|---|---|
| 229 | 11 | 230 | 21 | Hearsay; Assumes facts. | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(6), FRE 803(8).  The questioning allowed the witness to properly and/or fully answer, which the witness did. |
| 230 | 24 | 231 | 16 | | | n/a |
| 231 | 19 | 231 | 19 | | | n/a |
| 231 | 22 | 232 | 11 | Compound, Argumentative | | The question allowed the witness to properly and/or fully answer, which he did, and any potential argumentative question can be ignored and/or minimized in this Bench trial. |
| 232 | 17 | 232 | 19 | | | n/a |
| 232 | 23 | 233 | 5 | | | n/a |
| 233 | 14 | 234 | 6 | Calls for speculation; assumes facts not in evidence; argumentative | | This is a form objection and was not made at the time, so any such objection was waived.<br><br>The witness had testified that the H.D.A. maintained and marketed that the DEA could have communicated better with the distributors such that distributors would have acted differently. The questioning proceded logically to clarify what DEA-provided information was lacking from the distributors that would have prevented distributors from acting as they did (here, to ship 8.3 million doses of opioids to pharmacies three miles apart.)<br><br>The question allowed the witness to properly and/or fully answer, and any potential argumentative question can be ignored and/or minimized in this Bench trial. |
| 234 | 11 | 235 | 7 | Calls for speculation; assumes facts not in evidence; argumentative; Asked and answered. | | Same as above. Follow up question with additional contextual elements is appropriate and nonduplicative. |
| 235 | 10 | 237 | 17 | Relevance - geographic scope | | Facts are established and within the witness's knowledge as CEO of H.D.A. |
| 235 | 10 | 237 | 19 | Hearsay, assumes facts, calls for speculation | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2), FRE 803(6).<br><br>The witness had testified that the H.D.A. maintained and marketed that the DEA could have communicated better with the distributors such that distributors would have acted differently. The questioning proceded logically to clarify what DEA-provided information was lacking from the distributors that would have prevented distributors from acting as they did (here, to ship 8.3 million doses of opioids to pharmacies three miles apart.) |
| 237 | 22 | 238 | 10 | | | n/a |
| 239 | 22 | 240 | 18 | Hearsay, assumes facts, calls for speculation | | Same as above, though (here, to ship for prescriptions where the office of the precribing physician was 11.5 hours from pharmacy.) |
| 240 | 21 | 240 | 25 | | | n/a |
| 241 | 20 | 241 | 23 | | | n/a |
| 242 | 6 | 243 | 3 | | | n/a |

Gray, John
7/30/2020

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | |
|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
| 243 | 4 | 243 | 8 | | | |
| 243 | 10 | 246 | 23 | Last question calls for speculation, assumes facts (246:16-246:23) | | Question is appropriate. The questioning allowed the witness to properly and/or fully answer, which the witness did. |
| 247 | 1 | 247 | 2 | | | n/a |
| 247 | 8 | 247 | 19 | Argumentative | | The negotiated limited duration for the deposition necessitated the pace of the questioning, but the questioning allowed the witness to properly and/or fully answer, which the witness did.  Any potential argumentative question can be ignored and/or minimized in this Bench trial. |
| 247 | 23 | 247 | 24 | Argumentative | | Same as above. |
| 248 | 2 | 248 | 5 | | | n/a |
| 248 | 6 | 248 | 9 | | | |
| 248 | 12 | 250 | 4 | Hearsay; Last question is argumentative. | | This is not hearsay as it does not satisfy FRE 801(c)(2). The negotiated limited duration for the deposition necessitated the pace of the questioning, but the questioning allowed the witness to properly and/or fully answer, which the witness did. Any potential argumentative question can be ignored and/or minimized in this Bench trial. |
| 250 | 8 | 250 | 13 | Hearsay; calls for speculation; Argumentative (250:8-13) | | This is not hearsay as it does not satisfy FRE 801(c)(2). Witness is qualified to testify on policy and strategic decisions for the H.D.A. given his position and responsibility to do so on a regular and daily basis.  The negotiated limited duration for the deposition necessitated the pace of the questioning, but the questioning allowed the witness to properly and/or fully answer, which the witness did unequivocally.  Any potential argumentative question can be ignored and/or minimized in this Bench trial. |
| 250 | 16 | 251 | 6 | Hearsay; calls for speculation; Argumentative (251:2-6, 251:23-252:3). | | See above. |
| 251 | 16 | 252 | 3 | Hearsay; calls for speculation. | | See above. |
| 252 | 7 | 252 | 8 | | | n/a |
| 252 | 11 | 252 | 11 | | | n/a |
| 252 | 13 | 252 | 19 | | | n/a |
| 252 | 23 | 253 | 21 | Hearsay; calls for speculation; assumes facts not in evidence | | This is not hearsay as it does not satisfy FRE 801(c)(2). The negotiated limited duration for the deposition necessitated the pace of the questioning, but the questioning allowed the witness to properly and/or fully answer, which the witness did. Any potential argumentative question can be ignored and/or minimized in this Bench trial. Witness is qualified to testify on H.D.A. policy and strategic decisions given his position and responsibility to do so on a regular and daily basis and given that he did in fact make such decisions, which are the basis for the questioning. |
| 253 | 25 | 254 | 17 | Hearsay; calls for speculation; assumes facts not in evidence | | See above. |

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

Designations in white = Plaintiffs' Affirmative Designations
Designations in blue = Defendants' Completeness Designations
Designations in pink = Plaintiffs' Responsive Designations

**AFFIRMATIVE DEPOSITION DESIGNATIONS**

| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
|---|---|---|---|---|---|---|
| 254 | 21 | 255 | 4 | | | n/a |
| 255 | 8 | 255 | 22 | | | n/a |
| 255 | 23 | 256 | 2 | | | |
| 256 | 4 | 257 | 5 | Assumes a fact that does not become evidence | | Witness is qualified to testify on his own testimony and the factuality thereof. |
| 257 | 9 | 257 | 9 | Assumes a fact that does not become evidence | | See above. |
| 257 | 13 | 257 | 13 | Assumes a fact that does not become evidence | | See above. |
| 257 | 16 | 257 | 20 | Assumes a fact that does not become evidence | | See above. |
| 257 | 21 | 257 | 25 | | | |
| 258 | 2 | 258 | 15 | Assumes a fact that does not become evidence | | See above. |
| 258 | 18 | 259 | 2 | Assumes a fact that does not become evidence | | See above. |
| 259 | 3 | 259 | 7 | | | |
| 259 | 8 | 260 | 22 | Assumes a fact that does not become evidence; argumentative; impermissible use of testimony for liability under Noerr-Pennington doctrine. | | Witness is qualified to testify on his own testimony and the factuality thereof. The negotiated limited duration for the deposition necessitated the pace of the questioning, but the questioning allowed the witness to properly and/or fully answer, which the witness did. Any potential argumentative question can be ignored and/or minimized in this Bench trial. As for the Noerr-Pennington doctrine, please see attachment A. Plaintiffs are not arguing that the H.D.A. and Defendants were not allowed to lobby. Rather, this is evidence of notice, motive, and mindset relative to varous matters, including Defendants' work relative to diversion and/or fighting regulations. Further, this information contradicts Defendants' public statements, public relations and the defenses in this case. |
| 260 | 25 | 260 | 25 | Assumes a fact that does not become evidence; argumentative; impermissible use of testimony for liability under Noerr-Pennington doctrine. | | See above. |
| 261 | 3 | 261 | 20 | Assumes a fact that does not become evidence; argumentative; impermissible use of testimony for liability under Noerr-Pennington doctrine (261-3-11) | | See above. |
| 262 | 1 | 262 | 8 | Hearsay; Offered as the basis for prior line of questions (256:4-261:20) but does not establish the facts assumed therein. | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(1)(A), FRE 803(6), FRE 803(8). Witness is qualified to testify on his own testimony and the factuality thereof. |
| 262 | 20 | 262 | 20 | | | n/a |

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | |
|---|---|---|---|---|---|---|
| *Page/Line Begin* | | *Page/Line End* | | Objections | Objection Notes | Replies to Objections |
| 262 | 22 | 263 | 24 | Hearsay, foundation, calls for speculation; lack of personal knowledge; relevance - geographic scope. | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(1)(A), FRE 803(6), FRE 803(8).  Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself. That a fact contradicts the witness' statement does not require the witness to speculate, and question is factual in nature. Both H.D.A. and ABDC operated national policies; facts are established and within the witness's knowledge as CEO of H.D.A. The H.D.A. publicly alleged that the DEA could have communicated better to prevent distributors bad actions; it is relevant to know what information was availble. |
| 264 | 2 | 264 | 23 | Hearsay, foundation, calls for speculation; lack of personal knowledge (264:8-23) | | See above. |
| 265 | 5 | 265 | 7 | Calls for speculation | | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand. |
| 265 | 10 | 265 | 15 | Hearsay; calls for speculation | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(1)(A), FRE 803(6), FRE 803(8). Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand. |
| 265 | 19 | 266 | 2 | Hearsay; calls for speculation; assumes facts not in evidence | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(1)(A), FRE 803(6), FRE 803(8).  Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether his prior statement, contrary to the facts evidenced by documents just reviewed by the witness, remains the same. |
| 266 | 6 | 266 | 7 | | | n/a |
| 266 | 10 | 267 | 2 | | | n/a |
| 267 | 11 | 267 | 19 | | | n/a |
| 267 | 20 | 267 | 23 | | | |
| 267 | 24 | 269 | 15 | Impermissible use of testimony for liability under Noerr-Pennington doctrine | | n/a |
| 269 | 20 | 274 | 15 | Assumes facts (269:11-15). Hearsay & Relevance (270:6-272:6); Lacks foundation (269:11-15);impermissible use of testimony for liability under Noerr-Pennington doctrine. | | The question accurately summarizes the document written by the witness. Counsel's questions are not evidence. This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(1)(A), FRE 801(d)(2), FRE 803(6). Lack of Relevance is not supported. The witness The witness's email exchange demonstrates express notice that statements made by H.D.A were untrue and impeaches the witness's prior testimony that 1) statements were true and 2) if statements were true, the H.D.A. believed that they were. Despite such notice, the H.D.A. filed an amicus brief without omitting the untruthful fact. The material issue of whether the H.D.A. provided false information to the public, judiciary, and legislature in collaboration with the Big Three is relevant information to know. |

Gray, John
7/30/2020

| WITNESS NAME: | John Gray |
|---|---|
| DEPOSITION DATE: | 7/30/2020 |

**Designations in white = Plaintiffs' Affirmative Designations**
**Designations in blue = Defendants' Completeness Designations**
**Designations in pink = Plaintiffs' Responsive Designations**

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | |
|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
| 274 | 20 | 274 | 22 | Calls for speculation insofar as it requests Mr. Gray to testify on behalf of "the distributors" (274:11-15) | | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the examiner is asking whether, after reviewing the documents in hand, the witness can confirm whether the H.D.A. and Big Three (who ran the H.D.A.) truly desired ARCOS data. |
| 275 | 2 | 275 | 15 | | | n/a |
| 275 | 24 | 275 | 25 | | | |
| 276 | 1 | 277 | 3 | Hearsay as it reads an email written by a third-party. | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(6). |
| 277 | 9 | 279 | 3 | Argumentative; Assumes facts not in evidence (278:22-279:3); hearsay | | The questions are not argumentmentative, are straightfoward, and in fact are taken from the document. The questioning allowed the witness to properly and/or fully answer, which the witness did.  Any potential argumentative question can be ignored and/or minimized in this Bench trial.This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(6). |
| 279 | 6 | 279 | 6 | Foundation; Calls for spceculation as witness continually responds he does not know. | | Foundation is provided by the document written by the witness's company. Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is being asked questions after having the document in hand. The questioning addresses his notice of the contents of his company's publication. If the witness knew, that would have one meaning for the court, but if the witness didn't know, that answer would still have substantive meaning. |
| 279 | 9 | 279 | 9 | Foundation; Calls for spceculation as witness continually responds he does not know. | | See above. |
| 279 | 12 | 279 | 16 | Foundation; Calls for spceculation as witness continually responds he does not know. | | See above. |
| 279 | 19 | 280 | 3 | Foundation; Calls for spceculation as witness continually responds he does not know (279:12-13). | | See above. |
| 280 | 6 | 280 | 16 | | | n/a |
| 280 | 19 | 280 | 25 | | | n/a |
| 281 | 4 | 281 | 4 | | | n/a |
| 281 | 8 | 281 | 8 | | | n/a |
| 281 | 12 | 281 | 20 | | | n/a |
| 281 | 23 | 282 | 12 | Lacks relevance under 402/403. | | It is relevant that the H.D.A. and the Big Three were holding meetings in West Virginia to work against controlled substance regulations and the DEA's enforcement of same, while knowing the impact that opioids were having on West Virginia. To the extent that there is a claim about prejudicial information, the court can minimize or weight any such information in this Bench trial. |
| | | | | | | |