| WITNESS NAME: | | | | Patrick Kelly |
| --- | --- | --- | --- | --- |
| DEPOSITION DATE: | | | | 5/10/2019 |
| Designations in white = Plaintiffs' affirmative designations | | | | |
| Designations in blue = Defendants' designations made for completeness | | | | |

| Page/Line Beg | | Page/Line End | | Objections | Replies to Objections |
| --- | --- | --- | --- | --- | --- |
| 31 | 10 | 31 | 15 | n/a | n/a |
| 36 | 6 | 37 | 1 | n/a | n/a |
| 38 | 20 | 39 | 12 | n/a | n/a |
| 39 | 16 | 40 | 3 | n/a | n/a |
| 40 | 5 | 40 | 8 | n/a | n/a |
| 40 | 11 | 40 | 21 | n/a | n/a |
| 42 | 17 | 42 | 21 | This is HDA testimony that relates purely to communications with Congress and not knowledge of the law or DEA communications, and is therefore an impermissible use of protected petitioning activity under Noerr-Pennington. ECF No. 1360.  Plaintiffs' argument that they offer this evidence for reasons other than to show liability is belied by their own prior statements to the Court.  See 5/3 Trial Tr. at 31:19-22; ECF  No. 1084 at 14-15 n.3; MDL ECF Dkt. No. 3024, at 1-2 & n.2. | This is relevant as it is evidence of Defendants' control of the H.D.A. (through the Board and Executive Committee), as well as notice, knowledge, and activities relative to various matters, including Defendants' collaboration and work relative to applicable regulations and undermining the DEA.  Further, this information contradicts Defendants' public statements, public relations and the defenses in this case, and it goes to credibility. As for the Noerr-Pennington doctrine, please see attachment B.  Plaintiffs are not arguing that the H.D.A. and Defendants were not allowed to lobby or that they are liable for lobbying. |
| 42 | 24 | 43 | 19 | Please see objection above. | Same as above. |
| 43 | 22 | 44 | 3 | n/a | n/a |
| 44 | 4 | 44 | 9 | n/a | n/a |
| 44 | 10 | 44 | 16 | | |
| 44 | 17 | 44 | 24 | n/a | n/a |
| 45 | 1 | 45 | 7 | | |
| 45 | 8 | 45 | 10 | n/a | n/a |
| 45 | 16 | 45 | 24 | n/a | n/a |
| 49 | 22 | 50 | 1 | n/a | n/a |
| 50 | 2 | 50 | 3 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See  ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  45:5-7 (events take place prior to employment with HDA).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery,  no objection pursuant to FRE 602/lack of personal knowledge was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer (at pp. 51-54) and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 50 | 8 | 50 | 13 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question). Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery , no objection pursuant to FRE 602/lack of personal knowledge was ripe at the time of the deposition, and waiver does not apply. | Same as above. |
| 50 | 17 | 51 | 10 | | |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | | | | |
| **Designations in blue = Defendants' designations made for completeness** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 50 | 22 | 51 | 10 | n/a | n/a |
| 51 | 18 | 51 | 24 | n/a | n/a |
| 52 | 4 | 52 | 13 | n/a | n/a |
| 53 | 7 | 54 | 2 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question). Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. The questioning also calls for hearsay, as it refers to the exhibit for the truth of the matter asserted therein (*see*  53:19-54:1, asking if the statements in the document were "correct"), not for notice or any other non-hearsay purpose.  The exhibit is an email, not a business record, nor is a recorded recollection by this witness as he was not the author (*see*  50:8-13, exhibit authored by Pam Ritter) and it was not used to refresh. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, as well as collaboration by Defendants, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  As for the foundation and personal knowledge objections, these are objections to form which were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 66 | 13 | 66 | 19 | | |
| 66 | 20 | 68 | 1 | n/a | n/a |
| 68 | 7 | 70 | 5 | **Objection to 68:20-70:5:**  The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery. no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply.  The questioning refers to the exhibit for the truth of the matter asserted therein, not for notice or any other non-hearsay purpose (see 69:24,  asking if contents of exhibits were "correct") .  The exhibit is an email, not a business record, nor is a recorded recollection by this witness as it was not authored by him (see 68:20, exhibit authored by John Gray) and was not used to refresh. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, as well as collaboration by Defendants, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all of the knowledge and experience of the company.  As for the foundaton and personal knowledge objections, these are objections to form which were not made during the deposition and are thus waived.  Further, the witness had the required knowledge.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 72 | 14 | 72 | 23 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question). Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer (at pp. 73-79) and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 73 | 7 | 73 | 9 | n/a | n/a |
| 73 | 12 | 73 | 21 | n/a | n/a |

| WITNESS NAME: | Patrick Kelly | |
|---|---|---|
| DEPOSITION DATE: | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | |
| **Designations in blue = Defendants' designations made for completeness** | | |

| 73 | 22 | 74 | 13 | | |
|---|---|---|---|---|---|
| 74 | 14 | 74 | 17 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question); 74:3-13 (testifying as to lack of familiarity with exhibit and the exhibit's author).  Because 30(b)(6) testimony in absence of personal knowledge is permissible *for discovery* , no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer (at pp. 74-79) and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 74 | 18 | 75 | 18 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question); 74:3-13 (testifying as to lack of familiarity with specific presentation and the presentation's author). Because 30(b)(6) testimony in absence of personal knowledge is permissible *for discovery* , no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. The questioning refers to the exhibit for the truth of the matter asserted therein, not for notice or any other non-hearsay purpose (see 75:10-15, asking witness to confirm the truth of the statements in email).  The exhibit is a PowerPoint presentation, not a business record, nor is a recorded recollection by this witness (74:10-13, presentation authored by "K. Baskette") and it was not used to refresh. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, as well as collaboration by Defendants, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all of the knowledge and experience of the company.  Leading is not applicable because it is a objection to form and was not made at the time of the deposition and is thus waived.  Also, to the extent questioning was leading, it was allowed pursuant to FRE 611(c) to develop the witness's testimony and/or FRE 611(c)(2) since the H.D.A. is identified with all 3 Defendants/adverse parties.  As for the foundaton and personal knowledge objections, these are objections to form which were not made during the deposition and are thus waived.  Further, the witness had the required knowledge. See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 75 | 21 | 77 | 18 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question); 74:3-13 (testifying as to lack of familiarity with exhibit and author).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer (at pp. 75-79) and the witness had the required knowledge and experience.  *See*  attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| | | | | | |
|---|---|---|---|---|---|
| 78 | 1 | 78 | 20 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question); 74:3-13 (testifying as to lack of familiarity with specific presentation and the presentation's author). Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. The questioning refers to the exhibit for the truth of the matter asserted therein, not for notice or any other non-hearsay purpose (see 78:13-20, asking witness to confirm the truth of the statements in email).  The exhibit is a PowerPoint presentation, not a business record, nor is it a recorded recollection by this witness (see 74:10-13, presentation authored by "K. Baskette"). | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, as well as collaboration by Defendants, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all of the knowledge and experience of the company.  Leading (L) is not applicable because it is a objection to form which was not made at the time of the deposition and is thus waived.  Also, to the extent questioning was leading, it was allowed pursuant to FRE 611(c) to develop the witness's testimony and/or FRE 611(c)(2) since the H.D.A. is identified with all 3 Defendants/adverse parties.  As for the foundaton and personal knowledge objections, these are objections to form which were not made during the deposition and are thus waived.  Further, the witness had the required knowledge. See  attachment A.  See also , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 78 | 22 | 79 | 13 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question); 74:3-13 (testifying as to lack of familiarity with exhibit and author).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition relative to multiple questions at issue and are thus waived.  Further, the witness was able to fully answer and the witness had the required knowledge and experience.  See  attachment A.  See also , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 79 | 16 | 79 | 18 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question); 74:3-13 (testifying as to lack of familiarity with exhibit and author).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | The witness was able to fully answer (at 79:16-19) and the witness had the required knowledge and experience.  See  attachment A.  See also , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 79 | 19 | 80 | 12 | | |
| 81 | 9 | 81 | 21 | | |
| 82 | 2 | 82 | 10 | | |
| 82 | 15 | 82 | 23 | | |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | | | | |
| **Designations in blue = Defendants' designations made for completeness** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 82 | 24 | 83 | 7 | | |
| 84 | 15 | 84 | 21 | | |
| 85 | 2 | 85 | 8 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question); 85:17 (testifying "I believe so" when asked about exhibit predating employment).  Because 30(b)(6) testimony in absence of personal knowledge is permissible *for discovery* , no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer and the witness had the required knowledge and experience.  *See* attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 85 | 12 | 85 | 20 | Please see objection above. | Same as above. |
| 86 | 5 | 86 | 13 | Please see objection above. | Same as above. |
| 86 | 22 | 87 | 6 | Please see objection above. | The witness was able to answer (at 87:9) and the witness had the required knowledge and experience.  *See* attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 87 | 9 | 91 | 15 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question); 86:5-8 (identifying meeting participants, who did not include deponent).  Because 30(b)(6) testimony in absence of personal knowledge is permissible *for discovery* , no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply.   The questioning refers to the exhibit for the truth of the matter asserted therein, not for notice or any other non-hearsay purpose (see, e.g., 91:8-10 ("Any reason to dispute that that's something that DEA told HDMA during this meeting?").  The exhibit is a memorandum that has not been established as business record, nor is a recorded recollection by this witness (see, e.g., 89:4-6, soliciting agreement from witness as to the accuracy of the information in the document).  Even if established as a business record or within another hearsay exception, that would not cure the second level of hearsay regarding what the DEA purportedly told HDMA at a meeting, which HDMA then recorded in a memorandum that is now offered for its truth. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, as well as collaboration by Defendants, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all of the knowledge and experience of the company.  As for the foundaton and personal knowledge objections, these are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer the questions (at pp. 87-91), and the witness had the required knowledge.  *See* attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | | | | |
| **Designations in blue = Defendants' designations made for completeness** | | | | | |

| 91 | 18 | 91 | 18 | The deponent lacks personal knowledge of the events and document in question, including the standard practice of HDA regarding member communications four years prior to his employment, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 4 years after exhibit in question); 86:5-13 (list of meeting attendees that does not include the witness).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | The witness was able to answer and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
|---|---|---|---|---|---|
| 91 | 23 | 92 | 5 | | |
| 92 | 17 | 93 | 6 | The deponent lacks personal knowledge of the events and document in question, which is an undated document from a predecessor trade association, NWDA, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See 36:12-14 (witness joined HDA in 2011, and was never employed by NWDA).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 108 | 20 | 109 | 1 | The deponent lacks personal knowledge of the events and document in question, including the standard practice of HDA regarding member communications four years prior to his employment, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011).  Because 30(b)(6) testimony in absence of personal knowledge is permissible *for discovery* , no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer (at pp. 110-112 & 114-115) and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 109 | 11 | 109 | 16 | Question is leading and calls for speculation about "HDA's predecessor," a company at which the deponent never worked.  The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  109:23-110:1 (witness testifying that he has "never seen" the exhibit, but would "take [the questioning attorney] at [his] word").  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | The question allowed the witness to properly and/or fully answer. Although Plaintiffs submit the question is appropriate, to the extent it is leading, it was allowed pursuant to FRE 611(c) to develop the witness's testimony and/or FRE 611(c)(2) since the H.D.A. is identified with all 3 Defendants/adverse parties. Speculation is not applicable as the witness is testifying on behalf of H.D.A, with the knowledge of H.D.A. (which drafted and maintained the material at issue).  Further, the witness agreed that the material was H.D.A.'s (at 110:15-22).  As for the foundaton and personal knowledge objections, the witness was able to answer the questions, and the witness had the required knowledge.  *See*  attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 109 | 23 | 110 | 1 | Please see objection above. | Same as above. |

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| | | | | | |
|---|---|---|---|---|---|
| 110 | 15 | 110 | 22 | Please see objection above.  In addition, the questioning refers to the exhibit for the truth of the matter asserted therein, not for notice or any other non-hearsay purpose (see 110:15-18, "you agree these were previous guidelines.  She makes reference to it in the scope of work here, correct?").  The exhibit was published by NWDA, and is not established a business record of HDA, nor is it a recorded recollection by this witness as it was not authored by him. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, as well as collaboration by Defendants, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  Speculation is not applicable as the witness is testifying on behalf of H.D.A, with the knowledge of H.D.A. (which drafted and maintained the material at issue).  Further, the witness agreed that the material was H.D.A.'s (at 110:15-22).  As for the foundaton and personal knowledge objections, these are objections to form which were not made at the time and are thus waived.  Further, the witness was able to answer the question, and the witness had the required knowledge.  *See* attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 110 | 23 | 111 | 17 | | |
| 111 | 18 | 112 | 3 | **Objection to 111:24-112:3:**  Question is leading and calls for speculation about the NWDA, at which the deponent never worked.   See  36:12-14 (witness joined HDA in 2011).  The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See 109:23-110:1 (witness testifying that he has "never seen" the exhibit, but would "take [the questioning attorney] at [his] word"); 111:3-4 (testifying that he has no idea as to the date of the exhibit). | Although Plaintiffs submit the question is appropriate, to the extent it is leading, it was allowed pursuant to FRE 611(c) to develop the witness's testimony and/or FRE 611(c)(2) since the H.D.A. is identified with all 3 Defendants/adverse parties. Speculation is not applicable as the witness is testifying on behalf of H.D.A, with the knowledge of H.D.A. (which drafted and maintained the material at issue).  Further, the witness agreed that the material was H.D.A.'s (at 110:15-22).  As for the foundaton and personal knowledge objections, the witness was able to answer the question, and the witness had the required knowledge. *See* attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 112 | 6 | 112 | 7 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  109:23-110:1 (witness testifying that he has "never seen" the exhibit, but would "take [the questioning attorney] at [his] word"); 111:3-4 (testifying that he has no idea as to the date of the exhibit). | Witness was able to and did answer, and the witness had the required knowledge and experience.  *See* attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 114 | 14 | 115 | 12 | **Objection to 114:23-115:12:**  The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial).  The questioning accordingly lacks foundation.  See  109:23-110:1 (witness testifying that he has "never seen" the exhibit, but would "take [the questioning attorney] at [his] word"); 111:3-4 (testifying that he has no idea as to the date of the exhibit). | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer, and the witness had the required knowledge and experience. *See* attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | Patrick Kelly | |
|---|---|---|
| DEPOSITION DATE: | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | |
| **Designations in blue = Defendants' designations made for completeness** | | |

| 115 | 23 | 116 | 3 | Please see objection above.  In addition, the questioning refers to the exhibit for the truth of the matter asserted therein and does not identify any non-hearsay purpose.  The exhibit is an NWDA document that has not been established as business record, nor is a recorded recollection as it was not authored by the deponent or used to refresh. | Not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  Speculation is not applicable as the witness is testifying on behalf of H.D.A, with the knowledge of H.D.A. (which drafted and maintained the material at issue).  As for the foundaton and personal knowledge objections, these are objections to form which were not made at the time and are thus waived.  Further, the witness was able to answer the question, and the witness had the required knowledge.  *See* attachment A.  *See also*, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
|---|---|---|---|---|---|
| 116 | 15 | 117 | 6 | The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  109:23-110:1 (witness testifying that he has "never seen" the exhibit, but would "take [the questioning attorney] at [his] word"); 111:3-4 (testifying that he has no idea as to the date of the exhibit).  Questioning seeks to establish the truth of the matter asserted in the exhibit, not any non-hearsay purpose.   The document is a guideline from NWDA that is not established as a business record of HDA, nor is it  a recorded recollection of the deponent, who did not author it and did not have his recollection refreshed. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  As for the foundaton and personal knowledge objections, these are objections to form which were not made at the time and are thus waived. Further, the witness was able to answer the question, and the witness had the required knowledge.  *See* attachment A.  *See also*, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 117 | 7 | 119 | 7 | | |
| 119 | 9 | 119 | 13 | The question calls for a legal conclusion about the meaning of a federal regulation.  The deponent lacks personal knowledge of the events and document in question, as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See 109:23-110:1 (witness testifying that he has "never seen" the exhibit, but would "take [the questioning attorney] at [his] word"); 111:3-4 (testifying that he has no idea as to the date of the exhibit).  Questioning seeks to establish the truth of the matter asserted in the exhibit (*see*  119:9-13, "[D]o you understand that to mean . . . .an order has to be reported . . . ."), not any non-hearsay purpose.  The document is a guideline from NWDA that is not established as a business record of HDA, nor is it  a recorded recollection of the deponent, who did not author it and did not have his recollection refreshed. | Not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  Speculation is not applicable as the witness is testifying on behalf of H.D.A, with the knowledge of H.D.A. (which drafted and maintained the material at issue).  As for the foundaton and personal knowledge objections, the witness was able to answer the question, and the witness had the required knowledge.  *See* attachment A.  *See also*, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 119 | 17 | 119 | 19 | Please see objection above. | Same as above. |

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| Designations in white = Plaintiffs' affirmative designations | | | | | |
| Designations in blue = Defendants' designations made for completeness | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 186 | 8 | 186 | 11 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after Feb. 6, 2008 date of the exhibit in question).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer, and the witness had the required knowledge and experience.  *See* attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 190 | 11 | 191 | 2 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after Feb. 6, 2008 date of the exhibit in question).  Because 30(b)(6) testimony in absence of personal knowledge is permissible *for discovery* , no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply.  Questioning also seeks to use the document for the truth of the matter asserted therein (*see, e.g.,*  190:11-191:1)*,*  not for any non-hearsay purpose.  The document is an email, not a business record, and is not a recorded recollection as it was not authored by the deponent and was not used to refresh his recollection. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, collaboration by Defendants, and/or the opioid/controlled substance problems, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  As for the foundaton and personal knowledge objections, the witness was able to answer the question, and the witness had the required knowledge.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 191 | 5 | 191 | 11 | Please see objection above. | Same as above. |
| 191 | 14 | 191 | 15 | Please see objection above. | Same as above. |
| 192 | 1 | 192 | 16 | Please see objection above. | Same as above. |
| 192 | 19 | 193 | 18 | Please see objection above. | Not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/ or acceptance of applicable regulations, collaboration by Defendants, and/or the opioid/controlled substance problems, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  As for the foundaton and personal knowledge objections, these are objections to form which were not made during the deposition relative to multiple questions at issue and are thus waived.  Further, the witness was able to answer and the witness had the required knowledge and experience.  *See* attachment A.  *See also* , Plaintiffs' Response to Defendants' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 193 | 21 | 193 | 23 | Please see objection above. | Same as above. |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| | | | | | |
|---|---|---|---|---|---|
| 215 | 9 | 215 | 12 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after the Mar. 20, 2008 date of the exhibit in question).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer, and the witness had the required knowledge and experience. *See* attachment A. *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 215 | 13 | 215 | 19 | Please see objection above. | Same as above. |
| 216 | 5 | 217 | 8 | n/a | n/a |
| 217 | 22 | 218 | 5 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after the Mar. 20, 2008 date of the exhibit in question).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602/no personal knowledge was ripe at the time of the deposition, and waiver does not apply. | Witness was able to answer and the witness had the required knowledge and experience. *See*  attachment A. *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 218 | 8 | 218 | 10 | Please see objection above. | Same as above. |
| 218 | 12 | 219 | 7 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after Mar. 20, 2008 date of the exhibit in question).  Because 30(b)(6) testimony in absence of personal knowledge is permissible *for discovery* , no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply.  Questioning also uses the exhibit for the truth of the matter asserted therein (see, e.g., 219:2-7), not for any non-hearsay purpose.  The document is an email, not a business record, and is not a recorded recollection as it was not authored by the deponent and was not used to refresh his recollection. | Not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, collaboration by Defendants, and/or the opioid/controlled substance problems, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  As for the foundaton and personal knowledge objections, these are objections to form which were not made during the deposition relative to multiple questions at issue and are thus waived.  Further, the witness was able to answer and the witness had the required knowledge and experience. *See* attachment A. *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 219 | 10 | 219 | 11 | Please see objection above. | Same as above. |

| WITNESS NAME: | Patrick Kelly |
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 219 | 13 | 221 | 20 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after Mar. 20, 2008 date of the exhibit in question).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply.  Questioning also uses the exhibit for the truth of the matter asserted therein, not for any non-hearsay purpose.  The document is an email, not a business record, and is not a recorded recollection as it was not authored by the deponent and was not used to refresh his recollection.  Further, this HDA testimony is offered to show liability for the protected petitioning conduct itself, rather than to show knowledge or intent, and is therefore impermissible under Noerr-Pennington.  ECF No. 1360.  Plaintiffs' argument that they offer this evidence for reasons other than to show liability is belied by their own prior statements to the Court.  See 5/3 Trial Tr. at 31:19-22; ECF  No. 1084 at 14-15 n.3; MDL ECF Dkt. No. 3024, at 1-2 & n.2. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, collaboration by Defendants, and/or the opioid/controlled substance problems, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  As for the foundaton and personal knowledge objections, these are objections to form which were not made during the deposition relative to multiple questions at issue and are thus waived.  Further, the witness was able to answer and the witness had the required knowledge and experience.  *See*  attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters).  This is relevant as it is evidence of Defendants' control of the H.D.A. (through the Board and Executive Committee), as well as notice, knowledge, and/or acceptance as outlined above. Further, this information contradicts Defendants' public statements, public relations and the defenses in this case, and it goes to credibility.  As for the Noerr-Pennington doctrine, please see attachment B.  Plaintiffs are not arguing that the H.D.A. and Defendants were not allowed to lobby or that they are liable for lobbying. |
| 221 | 23 | 221 | 24 | Please see objection above. | Same as above. |

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| | | | | | |
|---|---|---|---|---|---|
| 222 | 5 | 223 | 4 | Please see objection above. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, collaboration by Defendants, and/or the opioid/controlled substance problems, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  Speculation is not applicable as the witness is testifying on behalf of H.D.A., with the knowledge of H.D.A. (which drafted and maintained the material at issue).  Further, the witness agreed that the material was H.D.A.'s (at pp. 216-221) and that it fell within federal government affairs (which the witness now supervises). As for the foundaton and personal knowledge objections, these are objections to form which were not made during the deposition relative to multiple questions at issue and are thus waived.  Further, the witness was able to answer and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters).  This is relevant as it is evidence of Defendants' control of the H.D.A. (through the Board and Executive Committee), as well as notice, knowledge, and/or acceptance as outlined above. Further, this information contradicts Defendants' public statements, public relations and the defenses in this case, and it goes to credibility.  As for the Noerr-Pennington doctrine, please see attachment B.  Plaintiffs are not arguing that the H.D.A. and Defendants were not allowed to lobby or that they are liable for lobbying. |
| 223 | 7 | 223 | 19 | Please see objection above. | Same as above. |
| 223 | 22 | 224 | 7 | Please see objection above. | Same as above. |
| 224 | 10 | 225 | 3 | Please see objection above. | Same as above. |
| 225 | 8 | 225 | 19 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after Mar. 20, 2008 date of the exhibit in question). | The witness was able to answer about this H.D.A. document, and the witness had the required knowledge and experience.  See attachment A. See also , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | Patrick Kelly | |
|---|---|---|
| DEPOSITION DATE: | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | |
| **Designations in blue = Defendants' designations made for completeness** | | |

| | | | | | |
|---|---|---|---|---|---|
| 225 | 22 | 225 | 23 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after Mar. 20, 2008 date of the exhibit in question).  Questioning soliciting this answer relies on the truth of the matter asserted in the document (see 225:15-19), and is not used for any non-hearsay purpose.  The document is an email, not a business record, and is not a recorded recollection as it was not authored by the deponent and was not used to refresh his recollection. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, collaboration by Defendants, and/or the opioid/controlled substance problems, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  As for the foundaton and personal knowledge objections, the witness was able to answer about this H.D.A. document, and the witness had the required knowledge and experience.  *See*  attachment A.  *See also* , Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 226 | 1 | 226 | 16 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after Mar. 20, 2008 date of the exhibit in question).  Because 30(b)(6) testimony in absence of personal knowledge is permissible *for discovery* , no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply.  Questioning soliciting this answer seeks truth of the matter asserted in the document (226:11-12, "and so that [the document] confirms that ...."), not for any non-hearsay purpose.  The document is an email, not a business record, and is not a recorded recollection as it was not authored by the deponent and was not used to refresh his recollection. | Same as above. Also, relative to the foundation and personal knowledge objections, these are objections to form which were not made during the deposition for multiple questions at issue, and thus are waived. |
| 226 | 19 | 227 | 3 | Please see objection above. | Same as above aside from waiver. |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 227 | 24 | 228 | 19 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation. See 36:12-14 (witness joined HDA in 2011, 3 years after Mar. 20, 2008 date of the exhibit in question).  Questioning seeks truth of the matter asserted in the document (*see, e.g.*, 228:16-19), not use for any non-hearsay purpose.  The document is an email, not a business record, and is not a recorded recollection as it was not authored by the deponent and was not used to refresh his recollection.  This HDA testimony is offered to show liability for the protected petitioning conduct itself, rather than to show knowledge or intent, and is therefore impermissible under Noerr-Pennington.  ECF No. 1360.  Plaintiffs' argument that they offer this evidence for reasons other than to show liability is belied by their own prior statements to the Court.  See 5/3 Trial Tr. at 31:19-22; ECF  No. 1084 at 14-15 n.3; MDL ECF Dkt. No. 3024, at 1-2 & n.2. | This is not hearsay pursuant to FRE 803(5) and/or 803(6).  Also, it does not meet the definition of hearsay because FRE 801(c)(2) is not satisfied (since it is also for notice, knowledge and/or acceptance of applicable regulations, collaboration by Defendants, and/or the opioid/controlled substance problems, and not required for the truth of the matter).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.  Speculation is not applicable as the witness is testifying on behalf of H.D.A., with the knowledge of H.D.A. (which drafted and maintained the material at issue).  Further, the witness agreed that the material was H.D.A.'s (at pp. 216-221) and that it fell within federal government affairs (which the witness now supervises). As for the foundaton and personal knowledge objections, these are objections to form which were not made during the deposition relative to multiple questions at issue and are thus waived.  Further, the witness was able to answer and the witness had the required knowledge and experience.  *See* attachment A.  *See also*, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters).  This is relevant as it is evidence of Defendants' control of the H.D.A. (through the Board and Executive Committee), notice, knowledge, and/or acceptance as outlined above, as well as Defendants' work to undermine the DEA and/or oppose DEA enforcement. Further, this information contradicts Defendants' public statements, public relations and the defenses in this case, and it goes to credibility.  As for the Noerr-Pennington doctrine, please see attachment B.  Plaintiffs are not arguing that the H.D.A. and Defendants were not allowed to lobby or that they are liable for lobbying. |
|---|---|---|---|---|---|
| 228 | 22 | 229 | 14 | Please see objection above. | Same as above. |
| 229 | 21 | 231 | 1 | Please see objection above. | Same as above. |
| 231 | 8 | 231 | 12 | Please see objection above. | These are objections to form which were not made during the deposition and are thus waived.  Further, the witness was able to fully answer, and the witness had the required knowledge and experience.  *See* attachment A.  *See also*, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 231 | 17 | 232 | 4 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after April 15, 2008 date of the exhibit in question); 222:21-9 (listing meeting attendees, which did not include the deponent). Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. | Lack of Foundation is not supported. Lack of Personal Knowledge is not supported. These are a form objections and were not made at the time, so any such objections were waived.  Also, the witness agrees with the recitation of the document, which is authored by the H.D.A. on whose behalf he is testifying, and the facts are outlined therein. |

| WITNESS NAME: | Patrick Kelly | | |
|---|---|---|---|
| DEPOSITION DATE: | 5/10/2019 | | |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| | | | | | |
|---|---|---|---|---|---|
| 232 | 13 | 232 | 17 | Please see objection above. | Lack of Foundation is not supported. Lack of Personal Knowledge is not supported. These are a form objections and were not made at the time, so any such objections were waived.  Also, the witness agrees with the recitation of the document, which is authored by the H.D.A. on whose behalf he is testifying, and the facts are outlined therein. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 232 | 21 | 233 | 9 | Please see objection above. | Lack of Foundation is not supported. Lack of Personal Knowledge is not supported. These are a form objections and were not made at the time, so any such objections were waived.  Also, the witness agrees with the recitation of the document, which is authored by the H.D.A. on whose behalf he is testifying, and the facts are outlined therein. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 233 | 16 | 234 | 12 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after April 15, 2008 date of the exhibit in question); 222:21-9 (listing meeting attendees, which did not include the deponent). Because 30(b)(6) testimony in absence of personal knowledge is permissible *for discovery* , no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. The questioning also sees to use the  document for the truth of the matters asserted therein (*see* 233:16-20, "So it appears . . . agree?"), not for any non-hearsay purpose.  The document is a draft meeting summary (*see*  232:1-4)and is not established as a business record, nor does it constitute a recorded recollection as it was not authored by the deponent and was not used to refresh recollection. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>As for the foundation and personal knowledge objections, these are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | | | | |
| **Designations in blue = Defendants' designations made for completeness** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 234 | 23 | 235 | 13 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>As for the foundation and personal knowledge objections, these are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 235 | 14 | 235 | 24 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>As for the foundation and personal knowledge objections, these are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 236 | 1 | 236 | 6 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>As for the foundation and personal knowledge objections, these are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 236 | 7 | 236 | 10 | | |

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 236 | 17 | 236 | 24 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>As for the foundation and personal knowledge objections, these are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
|---|---|---|---|---|---|
| 237 | 1 | 237 | 20 | The question calls for speculation, as the deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after April 15, 2008 date of the exhibit in question); 222:21-9 (listing meeting attendees, which did not include the deponent).  Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. Questioning also offers the document for the truth of the matters asserted therein (see 237:13-15), not for any non-hearsay purpose.  The document is a compilation of meeting notes created by an HDA employee and is not established as a business record, nor does it constitute a recorded recollection as it was not authored by the deponent and was not used to refresh recollection. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>As for the foundation and personal knowledge objections, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 237 | 22 | 237 | 24 | Same as above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>As for the foundation and personal knowledge objections, these are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | Patrick Kelly |
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 238 | 1 | 238 | 24 | Same as above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.

As for the foundation and personal knowledge objections, these are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 239 | 1 | 239 | 10 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after April 15, 2008 date of the exhibit in question); 222:21-9 (listing meeting attendees, which did not include the deponent). | Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 240 | 8 | 240 | 11 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after April 15, 2008 date of the exhibit in question); 222:21-9 (listing meeting attendees, which did not include the deponent). Because 30(b)(6) testimony in absence of personal knowledge is permissible for discovery, no objection pursuant to FRE 602 was ripe at the time of the deposition, and waiver does not apply. Questioning also offers the document for the truth of the matters asserted therein, not for any non-hearsay purpose.  The document is a compilation of meeting notes created by an HDA employee and is not established as a business record, nor does it constitute a recorded recollection as it was not authored by the deponent and was not used to refresh recollection. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.

As for the foundation and personal knowledge objections, these are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 241 | 5 | 241 | 24 | Please see above objection | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| | | | | | |
|---|---|---|---|---|---|
| 242 | 1 | 242 | 8 | Please see objection above. | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 242 | 10 | 242 | 12 | Please see objection above. | Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 242 | 15 | 242 | 17 | Please see objection above.  The witness's answer is also speculative, as he indicates only that "that's what it says here [on the document]."  See 242:15-17. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand.

Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 248 | 9 | 248 | 11 | The question calls for speculation about the operations of specific distributors, not of HDA.  The deponent lacks personal knowledge of the events in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after the 2008 Industry Compliance Guidelines were published). | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the question is factual in nature and the witness was able to answer completely.

Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 248 | 14 | 249 | 10 | Please see objection above. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the question is factual in nature and the witness was able to answer completely.

Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | | | | |
| **Designations in blue = Defendants' designations made for completeness** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 249 | 13 | 249 | 13 | Please see above objection. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the question is factual in nature and the witness was able to answer completely.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 249 | 15 | 249 | 19 | Please see objection above. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the question is factual in nature and the witness was able to answer completely.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 249 | 22 | 249 | 23 | Please see objection above. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the question is factual in nature and the witness was able to answer completely.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 249 | 24 | 250 | 5 | | |
| 251 | 7 | 251 | 13 | Please see objection above. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the question is factual in nature and the witness was able to answer completely.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | | | | |
| **Designations in blue = Defendants' designations made for completeness** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 251 | 16 | 252 | 3 | Please see objection above. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the question is factual in nature and the witness was able to answer completely.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 263 | 20 | 264 | 3 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after June 4, 2008 date of the exhibit in question); 265:8-12 (listing meeting attendees, which did not include the deponent). | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, there is no question asked to which an objection was made, as this entry introduces the exhibit into the record and to the witness. |
| 264 | 9 | 264 | 23 | Please see objection above. | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 265 | 2 | 265 | 2 | Please see objection above. | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 265 | 4 | 266 | 9 | Please see objection above.<br>Additional objection to 266:2-9: Questioning seeks to offer the document for the truth of its contents (see 266:6-9, asking witness to "agree[]" as to the statements in the document about what the DEA purportedly "understood.").  The documents are meeting notes from HDA employee A. Ducca, not an established business record or a recorded recollection as it is not authored by the deponent and was not used to refresh. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | Patrick Kelly |
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 266 | 15 | 267 | 11 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after June 4, 2008 date of the exhibit in question); 265:8-12 (listing meeting attendees, which did not include the deponent). Questioning seeks to offer the document for the truth of its contents (see, e.g., 266:21-267:11). The documents are meeting notes from HDA employee A. Ducca, not an established business record or a recorded recollection as it is not authored by the deponent and was not used to refresh. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 267 | 14 | 267 | 15 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 267 | 14 | 267 | 17 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after June 4, 2008 date of the exhibit in question); 265:8-12 (listing meeting attendees, which did not include the deponent). | Objections to completeness can be so designated, but no such designation has been made.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 267 | 22 | 268 | 2 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after June 4, 2008 date of the exhibit in question); 265:8-12 (listing meeting attendees, which did not include the deponent). Questioning seeks to offer the document for the truth of its contents.  The documents are meeting notes from HDA employee A. Ducca, not an established business record or a recorded recollection as it is not authored by the deponent and was not used to refresh. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
|---|---|---|---|---|---|
| 268 | 5 | 268 | 6 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 268 | 8 | 270 | 13 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | | | | |
| **Designations in blue = Defendants' designations made for completeness** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 270 | 16 | 270 | 17 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 270 | 19 | 270 | 24 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 271 | 1 | 272 | 19 | | |
| 272 | 22 | 272 | 23 | Please see the above objection.  Witness also responds with speculation ("That seems to be what this indicates, yes.") | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | Patrick Kelly | |
|---|---|---|
| DEPOSITION DATE: | 5/10/2019 | |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 274 | 1 | 274 | 15 | Questioning calls for a legal conclusion regarding the interpretation of DEA regulations and compliance metrics.  The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after June 4, 2008 date of the exhibit in question); 265:8-12 (listing meeting attendees, which did not include the deponent); 272:271:25-272:1 (testifying only that he "has no reason to doubt what was stated here on this paper").  Questioning seeks to offer the document for the truth of its contents, not for any recognized non-hearsay purpose.  The documents are meeting notes from HDA employee A. Ducca, not an established business record or a recorded recollection as it is not authored by the deponent and was not used to refresh. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation, Lack of Personal Knowledge, and Calls for Legal Conclusion are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, no finding of law is being requested; rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand, the witness was able to fully answer, and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
|---|---|---|---|---|---|
| 277 | 12 | 277 | 24 | Questioning calls for a legal conclusion regarding the interpretation of DEA regulations and compliance metrics.  The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after June 4, 2008 date of the exhibit in question); 265:8-12 (listing meeting attendees, which did not include the deponent); 272:271:25-272:1 (testifying only that he "has no reason to doubt what was stated here on this paper").  Questioning seeks to offer the document for the truth of its contents, not for any recognized non-hearsay purpose.  The documents are meeting notes from HDA employee A. Ducca, not an established business record or a recorded recollection as it is not authored by the deponent and was not used to refresh. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| **Designations in white = Plaintiffs' affirmative designations** | | | | | |
| **Designations in blue = Defendants' designations made for completeness** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 279 | 2 | 279 | 12 | Questioning calls for a legal conclusion regarding the interpretation of DEA regulations and compliance metrics.  The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after June 4, 2008 date of the exhibit in question); 265:8-12 (listing meeting attendees, which did not include the deponent); 279:19 (testifying only that "that's what it [the exhibit] says").  Questioning seeks to offer the document for the truth of its contents, not for any recognized non-hearsay purpose (see 2790:9-12).  The documents are meeting notes from HDA employee A. Ducca, not an established business record or a recorded recollection as it is not authored by the deponent and was not used to refresh. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation, Lack of Personal Knowledge, and Calls for Legal Conclusion are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, no finding of law is being requested; rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand, the witness was able to fully answer, and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 279 | 15 | 281 | 3 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation, Lack of Personal Knowledge, and Calls for Legal Conclusion are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, no finding of law is being requested; rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand, the witness was able to fully answer, and the witness had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 281 | 14 | 281 | 19 |  The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after June 4, 2008 date of the exhibit in question); 265:8-12 (listing meeting attendees, which did not include the deponent); 281:8-13 ("I can't say for certain . . . all I have is the form in front of me . . . ."). | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 281 | 8 | 281 | 13 | | |
| 282 | 22 | 282 | 25 | | |

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 282 | 17 | 282 | 19 | The question calls for speculation, and the deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after June 4, 2008 date of the exhibit in question); 265:8-12 (listing meeting attendees, which did not include the deponent); 281:8-13 ("I can't say for certain . . . all I have is the form in front of me . . . ."). | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand and/or to his personal experience, which he confirms as such.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
|---|---|---|---|---|---|
| 283 | 1 | 283 | 5 | Please see the above objection. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand and/or to his personal experience, which he confirms as such.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 284 | 1 | 284 | 2 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after the publication of the 2008 exhibit). | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 284 | 8 | 284 | 9 | Please see the above objection. | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 284 | 12 | 284 | 17 | Please see the above objection. | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| Designations in white = Plaintiffs' affirmative designations | | | | | |
| Designations in blue = Defendants' designations made for completeness | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 287 | 15 | 287 | 23 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after the November 14, 2008 PowerPoint presentation.). | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 288 | 4 | 288 | 15 | Please see the above objection. | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  Finally, witness states his personal recollection and understanding on the record. See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 289 | 10 | 289 | 16 | n/a | n/a |
| 291 | 5 | 291 | 19 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 3 years after the November 14, 2008 PowerPoint presentation.).   Questioning seeks to offer exhibit for the truth of the matters therein, and not for any recognized non-hearsay purpose.  The document is a PowerPoint presentation, not an established business record or a recorded recollection as it is not authored by the deponent and was not used to refresh. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made to all questions designated at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 291 | 21 | 291 | 24 | Please see the above objection. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

| WITNESS NAME: | | | | Patrick Kelly | |
|---|---|---|---|---|---|
| DEPOSITION DATE: | | | | 5/10/2019 | |
| Designations in white = Plaintiffs' affirmative designations | | | | | |
| Designations in blue = Defendants' designations made for completeness | | | | | |

| 292 | 3 | 292 | 3 | Please see the above objection. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 292 | 5 | 292 | 8 | Please see the above objection. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 292 | 9 | 292 | 16 | | |
| 295 | 4 | 295 | 8 | n/a | n/a |
| 295 | 13 | 296 | 2 | n/a | n/a |
| 296 | 17 | 296 | 22 | n/a | n/a |
| 297 | 7 | 298 | 22 | Questioning elicits hearsay, as it seeks to have the witness confirm contents of the exhibit for the truth of the matter asserted, not for any non-hearsay purpose.  The document is a red-line edit copy of a draft document with a cover email, not an established business record, it is also not a recorded recollection because it was not drafted by the deponent or used to refresh his recollection. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2), FRE 803(5), FRE 803(6).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company and this is an internal H.D.A. drafted document "meant to educate various stakeholders (legislative, regulatory, etc.)." See Kelly-30. |
| 299 | 1 | 299 | 10 | n/a | n/a |
| 300 | 5 | 300 | 7 | n/a | n/a |
| 301 | 1 | 301 | 6 | n/a | n/a |
| 302 | 13 | 302 | 15 | n/a | n/a |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| | | | | | |
|---|---|---|---|---|---|
| 302 | 19 | 303 | 7 | Questions solicit agreement with the contents of the exhibit for the truth of the matter asserted (see 303:7-13 ("Q. . . . . there was a draft exchanged with members, agree? A. Yes, that's what this says. Q. *And that's what happened* ?"), not for any non-hearsay purpose. The questions also call for speculation given deponent's lack of personal knowledge about exhibit, which was not sent to him. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2), FRE 803(5), FRE 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is asked for a factual evaluation on the face of the document; specifically, as to whether an internal H.D.A. drafted document circulated to H.D.A. members (which include the defendants) and expressly approved by Cardinal Health was exchanged with members.  See Kelly-32. |
| 303 | 10 | 303 | 19 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2), FRE 803(5), FRE 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is asked for a factual evaluation on the face of the document; specifically, as to whether the actions described in the document occured as written or otherwise.  See Kelly-32. |
| 315 | 7 | 315 | 8 | n/a | n/a |
| 316 | 9 | 316 | 16 | n/a | n/a |
| 316 | 20 | 316 | 23 | Question solicits hearsay, as it asks with deponent to agree with the contents of an out-of-court statement that is offered for its truth, not for any non-hearsay purpose. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2), FRE 803(5), FRE 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company. |
| 317 | 2 | 317 | 14 | Please see objection above. | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2), FRE 803(5), FRE 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company. |
| 319 | 2 | 319 | 22 | n/a | n/a |
| 323 | 4 | 323 | 22 | n/a | n/a |
| 324 | 1 | 324 | 14 | n/a | n/a |
| 326 | 10 | 327 | 11 | n/a | n/a |
| 413 | 23 | 420 | 1 | n/a | n/a |

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 420 | 15 | 420 | 24 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 27 years after the date on the exhibit.). | Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form that were not made during the deposition and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience. See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
|---|---|---|---|---|---|
| 421 | 6 | 422 | 2 | Please see objection above. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is asked whether or not his recollection was refreshed.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 422 | 5 | 424 | 23 | Please see objection above.<br>**Additional objection to 423:13-424:23:**  Questioning solicits confirmation of the contents of the document for the truth of the matter asserted therein (see 424:16-23), not for any non-hearsay purpose.   The document is a letter from the DEA sent to the NWDA, not an HDA business record, not is it recorded recollection as it is not authored by the deponent and was not used to refresh. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is asked to express an opinion about a document in hand to the NWDA (predecessor entity of H.D.A.) from the DEA.<br><br>This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5), FRE 803(6).  Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company.<br><br>Lack of Foundation and Lack of Personal Knowledge are not supported. These are objections to form not made to several questions at the time and are thus waived. Further, the witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

Kelly, Patrick
May 10, 2019

| WITNESS NAME: | Patrick Kelly |
|---|---|
| DEPOSITION DATE: | 5/10/2019 |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 425 | 2 | 425 | 7 | The questioning calls for speculation. The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial. See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation. See 36:12-14 (witness joined HDA in 2011, 27 years after the date on the exhibit). | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is asked to express an opinion about a document in hand to the NWDA (predecessor entity of H.D.A.) from the DEA. |
|---|---|---|---|---|---|
|  |  |  |  |  | Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience. See attachment A. See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 425 | 10 | 425 | 16 | Please see objection above. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is asked to express an opinion about a document in hand to the NWDA (predecessor entity of H.D.A.) from the DEA based on his 30(b)(6) status and pesonal understanding of the H.D.A. |
|  |  |  |  |  | Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience. See attachment A. See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 425 | 19 | 428 | 2 | Please see objection above. The questioning also seeks to introduce out-of-court statements for the truth of the matter asserted therein. The document is a letter from the DEA sent to the NWDA, not an HDA business record, not is it recorded recollection as it is not authored by the deponent and was not used to refresh. | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is asked to express an opinion about a document in hand to the NWDA (predecessor entity of H.D.A.) from the DEA based on his 30(b)(6) status and pesonal understanding of the H.D.A. |
|  |  |  |  |  | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2), FRE 803(5), FRE 803(6). Further, these are H.D.A. communications/documents and the witness is testifying as an individual and as a 30(b)(6) representative for H.D.A., with all knowledge and experience of the company. |
|  |  |  |  |  | Lack of Foundation, Lack of Personal Knowledge, and Calls for Legal Conclusion are not supported. The witness was able to fully answer and had the required knowledge and experience, and the foundation is provided by the testimony and/or document itself. See attachment A. See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |

Kelly, Patrick
May 10, 2019

| | | | | | |
|---|---|---|---|---|---|
| WITNESS NAME: | | | | Patrick Kelly | |
| DEPOSITION DATE: | | | | 5/10/2019 | |

**Designations in white = Plaintiffs' affirmative designations**
**Designations in blue = Defendants' designations made for completeness**

| 428 | 5 | 428 | 10 | Question calls for speculation about the NWDA, a predecessor to HDA at which the deponent never worked.  See  36:12-14 (witness joined HDA in 2011).  The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 27 years after the date on the exhibit). | Speculation is not supported. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is asked to express an opinion about a document in hand to the NWDA (predecessor entity of H.D.A.) from the DEA based on his 30(b)(6) status and pesonal understanding of the H.D.A.

Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 428 | 13 | 428 | 22 | The deponent lacks personal knowledge of the events and document in question as required for use of testimony at trial.  See ECF No. 1310 (Defendants' motion regarding requirement of personal knowledge for 30(b)(6) testimony at trial). The questioning accordingly lacks foundation.  See  36:12-14 (witness joined HDA in 2011, 27 years after the date on the exhibit). | Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 429 | 1 | 429 | 3 | Please see objection above. | Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |
| 441 | 7 | 441 | 19 | Please see objection above. | Lack of Foundation and Lack of Personal Knowledge are not supported. The witness was able to fully answer and had the required knowledge and experience.  See attachment A.  See also, Plaintiffs' Response to Defendants' Motion to Exclude the Rule 30(b)(6) Deposition Testimony of Thomas Prevoznik (covering similar legal matters). |