**Attachment A**
**Plaintiffs' Reponses to Defendants' Objections**
**Patrick Kelly (H.D.A. 30(b)(6) rep.) 5/10/2019 Deposition Designations**

Mr. Kelly has Sufficient Personal Knowledge

Mr. Kelly has been with the H.D.A. for nearly 10 years. *See* 5/10/2019 Kelly/H.D.A. deposition ("dep.") at 36:12-14. He runs the H.D.A. Government Affairs Department, which includes the Regulatory Affairs Committee and the state and federal government affairs teams. *Id.* at 51:3-24. The witness confirmed his knowledge of the H.D.A,[1] and the topics addressed at the deposition fell within the H.D.A. departments which Mr. Kelly supervised for approximately the last decade. *Id.* at 413:23-417:16. Accordingly, Mr. Kelly's long-tenured experience and responsibilities as well as involvement with the topics at issue render him sufficiently qualified to testify concerning these H.D.A. matters. *See Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 606 (D.N.J. 2004) ("The Court finds that a person in his position would have sufficient knowledge of company operations to support the assertions" made by the witness).

Mr. Kelly was Prepared to Testify on the Topics Addressed

Separate from the knowledge he had through his extensive work and responsibilities at the H.D.A., Mr. Kelly gained additional personal knowledge specifically to testify at the deposition. Mr. Kelly testified that he was the H.D.A. representative prepared to testify on each of the topics addressed in the deposition. *See* dep. at 413:23-417:16. Mr. Kelly's preparation for the deposition took place over several days and included extensive review of H.D.A. documents. *Id.* at 417:17-419:4. In fact, Mr. Kelly affirmatively confirmed that he had an adequate understanding to be able to testify on each of the topics addressed in the deposition. *Id.* at 419:20-420:1. This type of preparation is acceptable to establish and/or supplement personal knowledge. *Miller v. Lemhi County*, 320 F.R.D. 226, 235 (D. Idaho 2017) ("Personal knowledge may be based upon review of business records rather than personal participation in activities."); *In re Tex. Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 870 F. Supp. 1293, (E.D. Pa. 1992) (testimony based on knowledge derived from "reliance on documents" and was "sufficiently based on personal knowledge and is therefore admissible evidence").

---

[1] For example, the witness confirmed, among other things: The Board of the H.D.A. always includes Defendants, and these Defendants maintain permanent positions on the Board's Executive Committee, *see* dep. at 38:20-40:3, as well as on the Regulatory Affairs Committee (which is under his responsibility). *Id.* at 52:4-13. He is familiar with the H.D.A.'s interactions with the DEA and the H.D.A.'s Industry Compliance Guidelines, *id.* at 45:5-24, and that when the H.D.A. communicates with federal or state agencies or elected officials, it reports back to the Board or the executive committee. *Id.* at 43:14-44:3. Also, it was H.D.A.'s practice to provide webinars to core distributor members, which would include Defendants. *Id.* at 289:10-16.