**Attachment B**
**Plaintiffs' Responses to Defendants' Objections**
**Patrick Kelly (H.D.A. 30(b)(6) rep.) 5/10/2019 Deposition Designations**

Plaintiffs have affirmatively stated (on multiple occasions) that we are not attempting "to impose liability upon the Defendants for their lobbying or petitioning activities, nor do [they] argue that these activities were unlawful conduct." *See e.g.*, MDL Doc. 2090-1 at p. 3; MDL Doc. 2562 at p. 6 n.7.  Thus, the question of whether this activity is constitutionally protected is not at issue.

Moreover, even if Defendants' lobbying and petitioning conduct at issue was constitutionally protected such that those activities could not directly give rise to liability, this does not mean evidence of that conduct is inadmissible at trial. The U.S. Supreme Court, and courts throughout the country, have recognized that such evidence is still relevant and admissible to show the purpose and character of Defendants' wrongful activities.  *See United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 n.3 (1965) ("It would of course still be within the province of the trial judge to admit this evidence, if he deemed it probative and not unduly prejudicial, under the 'established judicial rule of evidence that testimony of prior or subsequent transactions, which for some reason are barred from forming the basis for a suit, may nevertheless be introduced if it tends reasonably to show the purpose and character of the particular transactions under scrutiny."); *Gillis v. Murphy-Brown, LLC*, 7:14-CV-185-BR, 2018 WL 5928010, at *1 (E.D.N.C. Nov. 13, 2018) (noting that the Noerr-Pennington doctrine does not operate "in the manner in which defendant seeks to do here—[to] bar otherwise admissible evidence in a state law private nuisance lawsuit").[1]

---

[1] *See also, In re Testosterone Replacement Therapy Products Liab. Litig. Coordinated Pretrial Proceedings*, 14 C 1748, 2018 WL 305503, at *10 (N.D. Ill. Jan. 6, 2018) ("The Court disagrees that the Noerr–Pennington doctrine is applicable. Nolte does not seek to hold AbbVie liable for its alleged petitioning activity; he intends to offer evidence of that activity to demonstrate AbbVie's motive or intent. There is no general rule that evidence of activity that is protected by the First Amendment—speech, for example—is inadmissible.") (internal citation omitted); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Products Liab. Litig.*, MDL 2672 CRB (JSC), 2017 WL 4890594, at *15 n.4 (N.D. Cal. Oct. 30, 2017) ("The Noerr-Pennington doctrine does not bar consideration of Bosch's lobbying activities. . . . Here, the Franchise Dealers are not asserting that Bosch's lobbying activity was unlawful. Instead, they contend that Bosch's lobbying activity proves its knowledge of, and intent to participate in, the emissions fraud."); *In re: Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2015 WL 8130449, at *1-2 (S.D.N.Y. Dec. 3, 2015) ("Under the Noerr-Pennington doctrine, a defendant may not be held liable based solely on conduct that is protected by the First Amendment, but that does not mean that such conduct is altogether inadmissible or necessarily lacking in evidentiary value.").