| WITNESS NAME: | Cherveny, Eric |
|---|---|
| DEPOSITION DATE: | 11/9/2018 |

**AFFIRMATIVE DEPOSITION DESIGNATIONS** | **[COUN]TER DESIGNATIONS  *Pink = Completeness Designa[tions]** | **REPLY DESIGNATIONS  *Pink = Completeness Designation**

| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Responses to Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 7 | 11 | 17 | | | n/a | | 229 | 5 | 229 | 6 | | | 262 | 5 | 262 | 7 | Foundation; misstates document; assumes facts not in evidence | The lack of foundation and lack of personal knowledge objections are inapplicable.  The witness worked with Defendant for more than 20 years (including responsibilities as Supervisor of Regulatory Compliance for the East Region from 2002-2015, and Director of the Diversion Control program from 2015-present) and had the knowledge, experience and job duties sufficient to answer the questioning.  *See* Attachment A.  In fact, this questioning/testimony involves a 12/11/2013 email from the witness himself, as well as the attachment to the witness's email (a 2000 Memorandum of Understanding ("MOU") between Amerisource and the DEA regarding problems with the Amerisource Columbus distribution center, including failures to provide effective controls and procedures to prevent diversion).  *See* Dep. Exh. 1 at pp. 1-2.  Moreover, the witness did not dispute sending this email or having discussions about the MOU he attached (see Dep. at 262:5-13), and foundation was further provided by the witness's testimony that he needed to include prior compliance actions/discipline on license renewal applications.  *See* Dep. at 259:16-260:24.  The objections to misstating the document and assuming facts are not supported.  The witness's email actually forwards the MOU to a co-employee, and the witness testified that he did not doubt that he had discussions with the co-employee about same.  *See* Dep. at 262:10-13. |
| 56 | 20 | 57 | 3 | | | n/a | | 262 | 2 | 262 | 4 | | | 262 | 10 | 262 | 13 | Foundation; misstates document; assumes facts not in evidence | Same as above. |
| 57 | 6 | 57 | 16 | | | n/a | | 262 | 15 | 262 | 17 | | | | | | | | |
| 57 | 18 | 57 | 22 | | | n/a | | 279 | 5 | 279 | 20 | | | | | | | | |
| 58 | 22 | 59 | 7 | | | n/a | | 280 | 6 | 280 | 8 | | | | | | | | |
| 61 | 7 | 61 | 24 | | | n/a | | 280 | 11 | 281 | 7 | | | | | | | | |
| 199 | 18 | 201 | 18 | misstates witness's testimony; leading | | These are objections to form which were not made during the deposition, and are thus waived.  Also, relative to an alleged misstatement of testimony, the witness was given an opportunity to confirm or correct the questioner's summary of the prior testimony, and the witness either affirmatively confirmed or explained if needed.  Further, the questioning followed-up with requests for the witness to affirmatively describe the underlying matter.  As for the objection to leading, any such leading was permitted to develop the witness's testimony consistent with FRE 611(c).  Moreover, any leading questions were permitted pursuant to FRE 611(c)(2), as the witness was still employed by and identified with an adverse party (ABC/ABDC).  *See e.g.,* 11/9/2018 E. Cherveny deposition ("Dep.") at 24:14-25:6.  Further, although Plaintiffs believe that the questioning is appropriate, this Court can properly consider, minimize and/or weigh same in this bench trial. | | | | | | | | | | | | | |
| 201 | 21 | 202 | 2 | | | n/a | | | | | | | | | | | | | |
| 202 | 4 | 203 | 2 | | | n/a | | | | | | | | | | | | | |
| 209 | 6 | 209 | 18 | | | n/a | | | | | | | | | | | | | |
| 210 | 4 | 211 | 4 | | | n/a | | | | | | | | | | | | | |
| 211 | 23 | 212 | 10 | | | n/a | | | | | | | | | | | | | |
| 226 | 24 | 227 | 3 | | | n/a | | | | | | | | | | | | | |
| 227 | 6 | 227 | 11 | | | n/a | | | | | | | | | | | | | |
| 228 | 14 | 228 | 22 | | | n/a | | | | | | | | | | | | | |
| 229 | 7 | 230 | 5 | | | n/a | | | | | | | | | | | | | |
| 238 | 4 | 238 | 16 | | | n/a | | | | | | | | | | | | | |
| 249 | 9 | 250 | 8 | lack of foundation; lack of personal knowledge | | These are objections to form which were not made during the deposition, and are thus waived.  Moreover, the witness worked with Defendant for more than 20 years (including responsibilities as Supervisor of Regulatory Compliance for the East Region from 2002-2015, and Director of the Diversion Control program from 2015-present) and had the knowledge, experience and job duties sufficient to answer the questioning.  *See* Attachment A.  Also, relative to the 2005 meeting between S. Mays (ABDC) and the DEA, the foundation for this is already in evidence through the trial testimony of S. Mays. *See e.g.,* 5/17/2021 Trial Tr. at 179:9-187:7, 181:3-4; 5/18/2021 Trial Tr. at 192:10-193:18.  In fact, the entire binder given by the DEA to ABDC/S. Mays during the 2005 meeting (with guidance materials on ABDC's roles/responsibilities, and how their due diligence program should be improved) was admitted into evidence.  *See* P-8813. Relative to the personal knowledge objection, the point of the questioning and testimony is to establish that the information was not shared with the witness (who should have received same as Supervisor of Regulatory Compliance), and the witness not knowing is itself consequential and confirms Plaintiff's point. | | | | | | | | | | | | | |
| 250 | 14 | 251 | 3 | lack of foundation; lack of personal knowledge | | Same as above (except for the waiver argument). | | | | | | | | | | | | | |
| 251 | 6 | 251 | 7 | lack of foundation; lack of personal knowledge | | Same as above (except for the waiver argument). | | | | | | | | | | | | | |

| WITNESS NAME: | Cherveny, Eric |
|---|---|
| DEPOSITION DATE: | 11/9/2018 |

| AFFIRMATIVE DEPOSITATION DESIGNATIONS | | | | | | NTER DESIGNATIONS *Pink = Completeness Design | | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Responses to Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 254 | 22 | 255 | 7 | lack of foundation; assumes facts not in evidence; misleading | misstates/incorrectly assumes information about Mr. Mays' meeting with DEA | Lack of foundation, assuming facts and misleading are not applicable. The witness worked with Defendant for more than 20 years (including responsibilities as Supervisor of Regulatory Compliance for the East Region from 2002-2015, and Director of the Diversion Control program from 2015-present) and had the knowledge, experience and job duties sufficient to answer the questioning. *See* Attachment A. Also, relative to the 2005 meeting between S. Mays (ABDC) and the DEA, the foundation for this is already in evidence through the trial testimony of S. Mays. *See e.g.*, 5/17/2021 Trial Tr. at 179:9-187:7, 181:3-4; 5/18/2021 Trial Tr. at 192:10-193:18. In fact, the entire binder given by the DEA to ABDC/S. Mays during the 2005 meeting (with guidance materials on ABDC's roles/responsibilities, and how their due diligence program should be improved) was admitted into evidence. *See* P-8813. The trial testimony and this admitted exhibit shows how during the 2005 meeting the DEA relayed its concern about suspicious orders and internet pharmacies and wanted ABDC to take additional due diligence efforts. | Mr. Mays clearly testified that the 2005 meeting with DEA related specifically to internet pharmacies. *See* 5/18/2021 Trial Tr. at 193:1-5 (Steve Mays testifying that the 2005 meeting "was exclusively about internet pharmacy [sic] and the problem that they were having with internet pharmacies"). Further, P-8813 was not admitted for the truth of the matter asserted; it was admitted for the limited purpose of notice and state of mind. | | | | | | | |
| 255 | 10 | 255 | 11 | lack of foundation; lack of personal knowledge | | Same as above. Relative to the lack of personal knowledge objection, the point of the questioning and testimony is to establish that the information was not shared with the witness (who should have received same as Supervisor of Regulatory Compliance), and the witness not knowing as well as not recalling the information being relayed during any of the regulatory meetings he attended, are consequential and confirm Plaintiff's point. | | | | | | | | |
| 261 | 13 | 261 | 21 | lack of foundation; lack of personal knowledge | | The lack of foundation and lack of personal knowledge objections are inapplicable. The witness worked with Defendant for more than 20 years (including responsibilities as Supervisor of Regulatory Compliance for the East Region from 2002-2015, and Director of the Diversion Control program from 2015-present) and had the knowledge, experience and job duties sufficient to answer the questioning. *See* Attachment A. In fact, this questioning/testimony involves a 12/11/2013 email from the witness and the attachment to the witness's email (a 2000 Memorandum of Understanding ("MOU") between Amerisource and the DEA regarding problems with the Amerisource Columbus distribution center, including failures to provide effective controls and procedures to prevent diversion). *See* Dep. Exh. 1 at pp. 1-2. Moreover, the witness did not dispute sending this email or having discussions about the MOU he attached (see Dep. at 262:5-13). To the extent the witness did not recall specifics surrounding same, that is not lack of personal knowledge. It is still evidence about notice and/or knowledge, how seriously (or un-seriously) the witnesss took the DEA guidance, and the witness's work competence and/or testimony credibility. | Mr. Cherveny clearly testified he had no recollection of this document (a document from 21 years ago) either specifically *or* generally, the circumstances surrounding it, or his conversation with Mr. Gundy about it (to the extent any conversation even occurred). *See* Dep. at 252:2-4; 262:15-17; 264:2-10; 267:19-268:1. Counsel did not establish at the deposition that Mr. Cherveny had any personal involvement with this matter. Mr. Cherveny merely forwarded the document 13 years later in 2013 to a colleague with no commentary. Further, Mr. Cherveny clearly testified that he worked for Bergen Brunswig, which did not merge with AmerisourceHealth until 2001. The attachment that counsel asks about is dated 2000--before the merger--and addresses Amerisource Corporation (not Bergen Brunswig). | | | | | | | |
| 262 | 18 | 264 | 10 | lack of foundation; lack of personal knowledge | | Same as above. | Same as above | | | | | | |
| 266 | 24 | 268 | 7 | lack of foundation; lack of personal knowledge | | Same as above. | Same as above | | | | | | |
| 273 | 9 | 274 | 22 | | | n/a | | | | | | | |
| 276 | 3 | 276 | 6 | | | n/a | | | | | | | |
| 276 | 12 | 276 | 22 | | | n/a | | | | | | | |
| 277 | 9 | 279 | 4 | | | n/a | | | | | | | |
| 279 | 21 | 280 | 1 | | | n/a | | | | | | | |
| 281 | 9 | 282 | 19 | | | n/a | | | | | | | |
| 299 | 20 | 300 | 8 | calls for a legal conclusion | | The question does not call for a legal conclusion, but rather the witness's notice, knowledge and/or understanding of the applicable regulatory requirement to report suspicious orders. Knowledge and/or notice of regulatory obligations (which govern the witness's work) are not legal conclusions. Moreover, this knowledge was within the witness's job responsibility (as Supervisor of Regulatory Compliance for the East Region from 2002-2015, and Director of the Diversion Control program from 2015-present). *See* Attachment A. Even if considered a legal conclusion, the testimony is admissible under FRE 704. | | | | | | | | |
| 300 | 16 | 301 | 3 | asked and answered; calls for a legal conclusion; lack of foundation | | Same as above relative to the objection to alleged legal conclusion. The objections of asked and answerd and lack of foundation are objections to form which were not made during the deposition relative to nearly all of the questions in this designation, and are thus waived relative to same. Also, the questions asked were all in a different manner than otherwise asked. In fact, this distinction in questioning was required to ensure that the correct terminoligy was being used/understood, and such need was even articulated by the questioner. *See* Dep. at 300:9-15. As for an alleged lack of foundation, the witness worked with Defendant for more than 20 years (including responsibilities as Supervisor of Regulatory Compliance for the East Region from 2002-2015, and Director of the Diversion Control program from 2015-present) and had the knowledge, experience and job duties sufficient to answer the questioning. *See* Attachment A. Moreover, there is evidence in the record that ABDC recognized these regulatory requirements. *See e.g.*, 5/12/2021 Trial Tr. at 163:9-17. | | | | | | | | |
| 301 | 6 | 301 | 6 | calls for a legal conclusion; lack of foundation | | Same as above. | | | | | | | |
| 301 | 8 | 301 | 11 | calls for a legal conclusion; lack of foundation | | Same as above. | | | | | | | |

| WITNESS NAME: | Cherveny, Eric | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 11/9/2018 | | | | | | | | | | | |
| **AFFIRMATIVE DEPOSITION DESIGNATIONS** | | | | | | **[COUN]TER DESIGNATIONS** *Pink = Completeness Designation* | | | | **REPLY DESIGNATIONS** *Pink = Completeness Designation* | | |
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Responses to Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 320:17 | 321:3 | lack of foundation | | The witness worked with Defendant for more than 20 years (including responsibilities as Supervisor of Regulatory Compliance for the East Region from 2002-2015, and Director of the Diversion Control program from 2015-present) and had the knowledge, experience and job duties sufficient to answer the questioning. *See* Attachment A. In fact, the witness previously testified that he specifically remembered the topic at issue ("that in 2007 the Orlando distribution center had their DEA license suspended"), and that one of his responsibilities at the time was conducting audits. *See* Dep. at 114:1-22, 115:14-23. | | | | | | | | | |
| 321:7 | 321:14 | | | n/a | | | | | | | | | |
| 342:10 | 342:11 | lack of foundation; vague | | The witness worked with Defendant for more than 20 years (including responsibilities as Supervisor of Regulatory Compliance for the East Region from 2002-2015, and Director of the Diversion Control program from 2015-present) and had the knowledge, experience and job duties sufficient to answer the questioning. *See* Attachment A. Additionally, the witness's testimony and other evidence establishes that he was knowledgeable and familiar with MOUs. *See e.g.*, Dep. at 262:18-263:5, 342:24-343:8; Dep. Exh. 1. The question was not vague, the witness had no difficulty with the question, and even confirmed the answer to be "from a regulatory standpoint". *See* Dep. at 342:17-19. The witness was even given a full opportunity to (and in fact did) explain his answer and show that he understood. *See* Dep. at 342:21-23. Further, to the extent there could be any vagueness, this Court can properly account for, consider and/or weigh same in this bench trial. | | | | | | | | | |
| 342:17 | 342:19 | lack of foundation; vague | | Same as above. | | | | | | | | | |
| 342:21 | 342:23 | lack of foundation; vague; speculation; hearsay | | Same as above relative to the lack of foundation and vagueness objections. Additionally, these objections and the objection of speculation are objections to form which were not made during the deposition, and are thus waived. Moreover, speculation and hearsay are not applicable as the question seeks (and the answer provides) the witness's knowledge and/or understanding of MOUs in general and why he thinks they are bad from a regulatory standpoint. Also, while Plaintiffs submit that there is no hearsay present (as the witness is simply stating what he believes MOUs are bad), even if the witness was referencing some specific statement from the DEA, hearsay is still not applicable because FRE 801(c)(2) is not satisfied (as it would not be proving the truth of a matter, but rather notice, knowledge, understanding, state of mind and/or acceptance that MOUs constitute negative findings), which is fully consistent with the witness's understanding. *See* Dep. at 342:24-343:8. | | | | | | | | | |