| WITNESS NAME: | Elkins, Nathan |
|---|---|
| DEPOSITION DATE: | 11/14/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 9 | 14 | 9 | 18 | | | n/a | 36 | 14 | 36 | 19 | | | 119 | 19 | 119 | 24 | foundation, lack of personal knowledge. | These are objections to form which were not made during the deposition, and are thus waived. Further, the objections to foundation and lack of personal knowledge are not supported. The witness, with 13+ years managing sales for ABDC and 5+ years as a District Director of sales for ABDC (managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia) had the background, knowledge, experience, and job responsibilities to sufficiently answer the questioning. See Dep. at 27:14-29:4, 30:19-31:10, 34:9-20, 36:9-14; Dep. Exh. 1 at pp. 1-2. Moreover, the answer does not indicate lack of personal knowledge, but rather that ABDC sales executives he has supervised/worked with, do not "adapt their sales call to the particular product mix". See Dep. at 119:19-24. |
| 11 | 3 | 11 | 9 | | | n/a | 62 | 2 | 62 | 5 | | | 122 | 2 | 122 | 19 | foundation, lack of personal knowledge. | The witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the questioning. See Dep. at 27:14-29:4, 30:19-31:10, 34:9-20, 36:9-14; Dep. Exh. 1 at pp. 1-2. Moreover, the answer does not indicate lack of personal knowledge because the witness was very familiar with the programs and networks at issue (ABDC's Good Neighbor Pharmacy, and Elevate). See e.g., Dep. at 40:13-45:22, 55:17-59:11. Rather the answer of "not to my knowledge" states that ABDC's salespeople did not have visibility of customers' controlled substance purchasing numbers from ABDC's "Good Neighbor Pharmacy records" or "Elevate records". See Dep. at 122:2-19. |
| 11 | 21 | 11 | 24 | | | n/a | 62 | 8 | 62 | 23 | | | 127 | 24 | 128 | 21 | foundation, lack of personal knowledge. | These are objections to form which were not made during the deposition relative to a question/answer within this designation (128:17-21), and are thus waived relative to same. Further, the objections to foundation and lack of personal knowledge are not supported. The witness, with 13+ years managing sales for ABDC and 5+ years as a District Director of sales for ABDC (managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia) had the background, knowledge, experience, and job responsibilities to sufficiently answer the questioning. See Dep. at 27:14-29:4, 30:19-31:10, 34:9-20, 36:9-14; Dep. Exh. 1 at pp. 1-2. Moreover, the witness's testimony shows that he had personal knowledge regarding the topic at issue (sales targets) and how they generally worked. See Dep. at 128:4-15. |
| 24 | 6 | 24 | 19 | | | n/a | 116 | 13 | 117 | 22 | | | 163 | 3 | 163 | 14 | foundation, lack of personal knowledge. | The objections to foundation and lack of personal knowledge are not supported. The witness, with 13+ years managing sales for ABDC and 5+ years as a District Director of sales for ABDC (managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia) had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. See Dep. at 27:14-29:4, 30:19-31:10, 34:9-20, 36:9-14; Dep. Exh. 1 at pp. 1-2. Moreover, the witness previously (and repeatedly) established and confirmed that during his tenure (from 2005 to 2016), the sales goals and/or cut-off quotas of ABDC salespeople remained the same even if customers were terminated and/or cut-off due to diversion or regulatory issues. See e.g., Dep. at 158:16-163:14, In fact, the witness affirmatively testified that he recalled this ABDC policy changed in 2016 (such that terminating/cutting-off customers now has a "net-neutral impact" on goals/quotas for ABDC salespeople). See Dep. at 158:16-160:15. Not knowing the exact date in 2016 does not equate to lack of personal knowledge. |
| 26 | 13 | 27 | 5 | | | n/a | 120 | 8 | 120 | 16 | | | | | | | | |
| 27 | 14 | 28 | 13 | | | n/a | 120 | 19 | 121 | 4 | | | | | | | | |
| 29 | 11 | 29 | 21 | | | n/a | 135 | 18 | 135 | 20 | | | | | | | | |
| 36 | 9 | 36 | 13 | | | n/a | 135 | 23 | 136 | 6 | | | | | | | | |
| 60 | 9 | 60 | 17 | lack of foundation; geographic scope | Questioning relates to a Prime Vendor Agreement for a customer in Ohio. | Lack of foundation is inapplicable as the witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. Mr. Elkins has worked with Defendant for the last 13+ years managing sales, including prime vendor contracts. See 11/14/2018 Elkins deposition ("Dep.") at 27:14-29:4, 30:19-31:10, 34:9-20; Dep. Exh. 1 at p. 1. In fact, for the last 5+ years he was a District Director responsible for managing a team of 6 Sales Executives covering over 1,000 accounts. See Dep. at 36:9-14; Dep. Exh. 1 at p. 1. The foundation is also provided in the exhibit itself. See Dep. Exh. 3. Geographic scope is not applicable. This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. The information at issue provides background regarding same (e.g., ABDC's agreements with customers and how controlled substances are handled). ABDC's policies and procedures relative to the distribution of opioids/controlled substances (and systemic problems with those policies/procedures) are national in scope, and apply to Cabell/Huntington. | 158 | 16 | 158 | 20 | | | | | | | | |

| WITNESS NAME: | Elkins, Nathan | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 11/14/2018 | | | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 77 | 5 | 77 | 7 | lack of foundation; geographic scope; leading | | The foundation is provided by the exhibit itself as well as by the witness's testimony showing his familiarity with same. *See* Dep. Exh. 3 at PDF pp. 3-4. Lack of foundation is inapplicable as the witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. Mr. Elkins has worked with Defendant for the last 13+ years managing sales (including prime vendor contracts), and has supervised sales employees involving 1,000+ accounts spanning several states, including West Virginia. *See* 11/14/2018 Elkins deposition ("Dep.") at 27:14-29:4, 30:19-31:10, 34:9-20, 36:9-14; Dep. Exh. 1 at pp. 1-2. Geographic scope is not applicable. This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. The information at issue provides background regarding same (e.g., ABDC's agreements with customers and how controlled substances are handled). ABDC's policies and procedures relative to the distribution of opioids/controlled substances (and systemic problems with those policies/procedures) are national in scope, and apply to Cabell/Huntington. As for the objection to leading, any such leading was permitted to develop the witness's testimony consistent with FRE 611(c). Moreover, any leading questions were permitted pursuant to FRE 611(c)(2), as the witness was still employed by and identified with an adverse party. Further, although Plaintiffs believe that the questioning is appropriate, this Court can properly consider, minimize and/or weigh same in this bench trial. | 158 | 23 | 159 | 17 | | | | | | |
| 77 | 10 | 77 | 12 | lack of foundation; geographic scope; leading | | Same as above. | 159 | 19 | 160 | 4 | | | | | | |
| 77 | 14 | 77 | 17 | lack of foundation; geographic scope; leading | | Same as above. | 165 | 22 | 166 | 2 | | | | | | |
| 77 | 20 | 77 | 20 | lack of foundation; geographic scope; leading | | Same as above. | 166 | 5 | 166 | 11 | | | | | | |
| 80 | 4 | 80 | 7 | lack of foundation; geographic scope; leading | | Same as above. | 210 | 2 | 210 | 7 | | | | | | |
| 80 | 10 | 80 | 13 | lack of foundation; geographic scope; leading | | Same as above. | 210 | 9 | 211 | 15 | | | | | | |
| 116 | 5 | 116 | 12 | | | n/a | 213 | 24 | 214 | 2 | | | | | | |
| 117 | 23 | 118 | 3 | lack of foundation; misstates witness's testimony | | Lack of foundation is not applicable, as the witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. Mr. Elkins has worked with Defendant for the last 13+ years managing sales. *See* Dep. at 27:14-29:4, 30:19-31:10, 34:9-20; Dep. Exh. 1 at pp. 1-2. In fact, for the last 5+ years he was a District Director responsible for managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia. *See* Dep. at 36:9-14; Dep. Exh. 1 at p. 1. The witness's answer evidences his foundation/knowledge as well as the fact that he is a proper witness to answer the question. As for misstating testimony, the question accurately summarized the witness's answer. The witness fully understood the question and in fact elaborated on same in his extensive answer. Moreover, to the extent there is any issue, Defendant has made completeness designations, and this Court can properly consider, minimize and/or weigh same in this bench trial. | 214 | 5 | 214 | 6 | | | | | | |
| 118 | 6 | 118 | 18 | lack of foundation; misstates witness's testimony | | Same as above. | 214 | 8 | 214 | 17 | | | | | | |
| 124 | 3 | 124 | 7 | lack of foundation | | The witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. Mr. Elkins has worked with Defendant for the last 13+ years managing sales. *See* Dep. at 27:14-29:4, 30:19-31:10, 34:9-20; Dep. Exh. 1 at pp. 1-2. In fact, for the last 5+ years he was a District Director responsible for managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia. *See* Dep. at 36:9-14; Dep. Exh. 1 at p. 1. The witness's answer evidences his foundation/knowledge as well as the fact that he is a proper witness to answer the question. | 214 | 20 | 214 | 20 | | | | | | |
| 124 | 15 | 125 | 13 | lack of foundation; lack of personal knowledge | | Same as above. Moreover, the witness was able to give a range for the answer relative to base salary. Moreover, he was able to give a specific and definitive answer relative to bonus pay (35% of salary "whatever the salary is"), which was the primary fact at issue and which did not require an exact number for salary as the bonus is a percentage. Additionally, these are objections to form which were not raised during the depositon, and are thus waived. | 214 | 22 | 215 | 16 | | | | | | |
| 128 | 22 | 129 | 11 | lack of foundation; vague | | These are objections to form which were not raised during the deposition, and are thus waived. Further, the witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. Mr. Elkins has worked with Defendant for the last 13+ years managing sales. *See* Dep. at 27:14-29:4, 30:19-31:10, 34:9-20; Dep. Exh. 1 at pp. 1-2. In fact, for the last 5+ years he was a District Director responsible for managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia. *See* Dep. at 36:9-14; Dep. Exh. 1 at p. 1. The witness's answer evidences his foundation/knowledge as well as the fact that he is a proper witness to answer the question. As to the vagueness objection, the questioning tracked how sales targets work and the witness clearly understood and was able to fully answer same. Further, to the extent any alleged vagueness exists, this court can properly consider, account for, and/or weigh same in this bench trial. | | | | | | | | | | |
| 131 | 6 | 132 | 3 | | | n/a | | | | | | | | | | |

| WITNESS NAME: | Elkins, Nathan |
|---|---|
| DEPOSITION DATE: | 11/14/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 136 | 8 | 136 | 12 | lack of foundation | | Lack of foundation is inapplicable, as the witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. Mr. Elkins has worked with Defendant for the last 13+ years managing sales. *See* Dep. at 27:14-29:4, 30:19-31:10, 34:9-20; Dep. Exh. 1 at pp. 1-2. In fact, for the last 5+ years he was a District Director responsible for managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia. *See* Dep. at 36:9-14; Dep. Exh. 1 at p. 1. The witness's answer evidences his foundation/knowledge as well as the fact that he is a proper witness to answer the question. | | | | | | | |
| 136 | 15 | 136 | 16 | lack of foundation | | Same as above. | | | | | | |
| 141 | 4 | 141 | 15 | lack of foundation; leading | | Same as above relative to foundation. As for the objection to leading, any such leading was permitted to develop the witness's testimony consistent with FRE 611(c). Moreover, any leading questions were permitted pursuant to FRE 611(c)(2), as the witness was still employed by and identified with an adverse party. Further, although Plaintiffs believe that the questioning is appropriate, this Court can properly consider, minimize and/or weigh same in this bench trial. Additionally, these are objections to form which were not made during the deposition, and are thus waived. | | | | | | | |
| 152 | 1 | 152 | 3 | lack of foundation | | Lack of foundation is inapplicable, as the witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. Mr. Elkins has worked with Defendant for the last 13+ years managing sales. *See* Dep. at 27:14-29:4, 30:19-31:10, 34:9-20; Dep. Exh. 1 at pp. 1-2. In fact, for the last 5+ years he was a District Director responsible for managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia. *See* Dep. at 36:9-14; Dep. Exh. 1 at p. 1. The witness's answer evidences his foundation/knowledge as well as the fact that he is a proper witness to answer the question. | | | | | | | |
| 152 | 6 | 152 | 15 | lack of foundation | | Same as above. | | | | | | |
| 152 | 17 | 153 | 1 | | | n/a | | | | | | |
| 160 | 5 | 160 | 11 | lack of foundation; lack of personal knowledge | | The witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. Mr. Elkins has worked with Defendant for the last 13+ years managing sales. *See* Dep. at 27:14-29:4, 30:19-31:10, 34:9-20; Dep. Exh. 1 at pp. 1-2. In fact, for the last 5+ years he was a District Director responsible for managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia. *See* Dep. at 36:9-14; Dep. Exh. 1 at p. 1. The witness's answer evidences his knowledge as well as the fact that he is a proper witness to answer the questioning, as does the witness's other testimony. *See e.g.*, Dep. at 209:11-23. | | | | | | | |
| 160 | 14 | 160 | 15 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 160 | 17 | 160 | 18 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 160 | 21 | 161 | 1 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 161 | 3 | 161 | 5 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 161 | 8 | 161 | 8 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 161 | 10 | 161 | 15 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 161 | 18 | 162 | 6 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 162 | 8 | 162 | 12 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 162 | 15 | 162 | 16 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 162 | 18 | 162 | 22 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 163 | 1 | 163 | 2 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 165 | 9 | 165 | 12 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 165 | 15 | 165 | 17 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | |
| 165 | 19 | 165 | 21 | lack of foundation; lack of personal knowledge | | Same as above. Also, these are objections to form which were not made during the depositon relative to this question/answer, and are thus waived. | | | | | | | |
| 185 | 10 | 185 | 16 | | | n/a | | | | | | |

| WITNESS NAME: | Elkins, Nathan | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 11/14/2018 | | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS |||||| COUNTER DESIGNATIONS * Pink = Completeness Designation ||||| REPLY DESIGNATIONS * Pink = Completeness Designation ||
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 187 | 12 | 187 | 15 | | | n/a | | | | | | | | |
| 187 | 18 | 187 | 19 | | | n/a | | | | | | | | |
| 209 | 11 | 209 | 23 | lack of foundation; leading | | These are objections to form which were not made during the deposition relative to the first question/answer in the designation, and are thus waived relative to same. Moreover, the witness had the background, knowledge, experience, and job responsibilities to sufficiently answer the question. *See* Dep. at 27:14-29:4, 30:19-31:10, 34:9-20; Dep. Exh. 1 at pp. 1-2. In fact, for the last 5+ years he was a District Director responsible for managing a team of 6 Sales Executives covering over 1,000 accounts spanning several states including West Virginia. *See* Dep. at 36:9-14; Dep. Exh. 1 at p. 1. Additionally, the question/answer also provides the foundation, as does the witness's other testimony. *See e.g.*, Dep. at pp. 160-165. As for the objection to leading, any such leading was permitted to develop the witness's testimony consistent with FRE 611(c). Moreover, any leading questions were permitted pursuant to FRE 611(c)(2), as the witness was still employed by and identified with an adverse party. Further, although Plaintiffs believe that the questioning is appropriate, this Court can properly consider, minimize and/or weigh same in this bench trial. | | | | | | | | |
| 213 | 6 | 213 | 23 | lack of foundation; lack of personal knowledge | | These are objections to form which were not made during the deposition, and are thus waived. Same response as above relative to foundaton and personal knowledge. | | | | | | | | |