| WITNESS NAME | Hazewski, Edward | | |
|---|---|---|---|
| DEPOSITION DA | 10/25/2018 | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | DESIGNATIONS *Pink = Completeness Design | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Responses to Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 14 | 4 | 14 | 15 | | | n/a | | 50 | 6 | 50 | 13 | | | 50 | 20 | 51 | 16 | | |
| 17 | 14 | 18 | 13 | | | n/a | | 62 | 9 | 62 | 12 | | | | | | | | |
| 19 | 4 | 20 | 5 | | | n/a | | 62 | 15 | 62 | 24 | | | | | | | | |
| 20 | 19 | 21 | 22 | | | n/a | | 63 | 11 | 64 | 1 | lack of foundation; lack of personal knowledge | proper foundation laid; witness is testifying based on his personal knowledge (the question specifically asks about reasons provided to Mr. Hazewski himself) | | | | | | |
| 25 | 8 | 25 | 21 | | | n/a | | 125 | 14 | 126 | 19 | lack of foundation; lack of personal knowledge | proper foundation laid; witness is testifying based on his personal knowledge | | | | | | |
| 49 | 8 | 49 | 16 | | | n/a | | | | | | | | | | | | | |
| 50 | 14 | 50 | 19 | | | n/a | | | | | | | | | | | | | |
| 51 | 24 | 52 | 3 | | | n/a | | | | | | | | | | | | | |
| 53 | 13 | 53 | 21 | | | n/a | | | | | | | | | | | | | |
| 59 | 14 | 60 | 1 | lack of foundation | | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. Furthermore, the document was created and developed in 2012 to train ABDC employees handling controlled substances and was titled, "Prescription Drug Diversion, Recognizing Red Flags." | | | | | | | | | | | | |
| 60 | 2 | 60 | 4 | | | n/a | | | | | | | | | | | | | |
| 60 | 7 | 60 | 18 | | | n/a | | | | | | | | | | | | | |
| 60 | 20 | 61 | 6 | | | n/a | | | | | | | | | | | | | |
| 61 | 18 | 62 | 8 | | | n/a | | | | | | | | | | | | | |
| 66 | 23 | 67 | 3 | lack of foundation; lack of personal knowledge | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given.<br><br>Lack of Personal Knowledge is not supported. The witness was asked a question within the duration and scope of his experience while at ABDC, and the action subsequently described answered the question definitively in his own words and pursuant to his own experiences, which as established above are extensively rooted in the subject matter. | | | | | | | | | | | | |
| 67 | 6 | 67 | 11 | lack of foundation; lack of personal knowledge | | Same as above. | | | | | | | | | | | | |
| 69 | 16 | 70 | 12 | | | n/a | | | | | | | | | | | | | |
| 70 | 22 | 71 | 3 | | | n/a | | | | | | | | | | | | | |
| 71 | 17 | 74 | 2 | lack of foundation; lack of personal knowledge; geographic scope | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given.<br><br>Lack of Personal Knowledge is not supported. The witness was asked questions within the scope of his experience while at ABDC and answered the questions definitively in his own words and pursuant to his own experiences, which as established above are extensively rooted in the subject matter. More specifically, facts regarding diversion are within the personal knowledge of a diversion officer.<br><br>Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. *Specifically*, *the geographic scope of facts* provided by a national entity doing business on a national scale and whose national programs are implemented in the subject geographic locale – the City of Huntington and Cabell County – are materially at issue and provide at a minimum background, context, and similarly situated comparables regarding the impact of those national policies on local opioid issues. Here, the fact that this ABDC witness, who is a member of the wholesaler distribution industry with a focus in diversion control, knew that pills from Florida and other states would be brought back into West Virginia as early as 2008, provides the factfinder with value through its tendency to prove or support understanding of the development of the opioid epidemic in Cabell County and the City of Huntington and what knowledge ABDC had as it was developing. | Plaintiff's response based on relevance is unnecessary and should be removed. ABDC did not assert a relevance objection. | | | | | | | | | | | | |
| 74 | 5 | 74 | 5 | lack of foundation; lack of personal knowledge; geographic scope | | Same as above. | Same as above | | | | | | | | | | | | |

**WITNESS NAME:** Hazewski, Edward
**DEPOSITION DA:** 10/25/2018

### AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
|---|---|---|---|---|
| 77 | 24 | 78 | 14 | lack of personal knowledge | | Lack of Personal Knowledge is not supported. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. Here, the witness was asked questions about a presentation he himself drafted, pitched to his collogues, and promoted as training material regarding diversion. Further, he was asked questions within the scope of his experience while at ABDC and answered the questions definitively in his own words and pursuant to his own experiences, which as established above are extensively rooted in the subject matter. More specifically, facts regarding diversion are within the personal knowledge of a diversion officer. |
| 79 | 24 | 80 | 10 | lack of foundation | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. |
| 112 | 22 | 113 | 8 | lack of foundation; vague | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given.<br><br>Objection to a compound, vague, or ambiguous question is not supported. This is a form objection and was not made at the time, so any such objection was waived. Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response. Finally, the definition given by the witness to identify the subject term of inquiry belies the fact that the subject term is in any way equivocal. |
| 116 | 21 | 117 | 10 | lack of foundation; leading; vague | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given.<br><br>The form of the question is not leading. The question was asked so the witness was capable of (and did) answer the question fully. Additionally, this is a form objection and was not made at the time, so any such objection was waived. To the extent questioning was leading, it was allowed pursuant to FRE 611(c) to develop the witness's testimony and/or FRE 611(c)(2) since the ABDC employee is an adverse party witness.<br><br>Objection to a compound, vague, or ambiguous question is not supported. This is a form objection and was not made at the time, so any such objection was waived. Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses. |
| 123 | 14 | 123 | 22 | lack of foundation; geographic scope | Attached spreadsheet does not include any customers located in West Virginia | Lack of Foundation is not supported. The foundation is provided by the elicited testimony and/or document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given.<br><br>Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by a national entity doing business on a national scale and whose national programs are implemented in the subject geographic locale – the City of Huntington and Cabell County – are materially at issue and provide at a minimum background, context, and similarly situated comparables regarding the impact of those national policies on local opioid issues. Here, the fact that this ABDC witness, who is a member of the wholesaler distribution industry with a focus in diversion control, knew that ABDC had a policy in place preventing customers from knowing their thresholds because that knowledge "would give the customer the opportunity to try to manipulate the system to their advantage," (Hazewski Dep. at 116:4-6) and yet nevertheless provided Walgreens with thresholds for multiple Ohio locations in 2014 provides the factfinder with value through its tendency to prove or support an understanding of the development of the efficacy of ABDC diversion policies in place. |
| 124 | 2 | 125 | 13 | lack of foundation; geographic scope | Attached spreadsheet does not include any customers located in West Virginia | Same as above. |
| 128 | 1 | 128 | 6 | | | n/a |
| 138 | 9 | 138 | 20 | lack of foundation; lack of personal knowledge; misleading | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony and the document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given.<br><br>Lack of Personal Knowledge is not supported. The witness was asked questions within the scope of his experience while at ABDC and answered the questions definitively in his own words and pursuant to his own experiences, which as established above are extensively rooted in the subject matter. More specifically, facts regarding diversion are within the personal knowledge of a diversion officer, as are facts regarding conversations in which the witness was engaged.<br><br>The form of the question is neither leading nor misleading. The question was accurately formed from language drafted by Steve Mays and sent to the witness. It was asked so the witness was capable of (and did) answer the question fully. Furthermore, forming a question based off a statement in order to elicit factual testimony by a witness is not misleading and will develop factual testimony where, as here, the witness may not know why a statement had been made. |

| WITNESS NAME | Hazewski, Edward |
|---|---|
| DEPOSITION DA | 10/25/2018 |

### AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Responses to Replies to Objections |
|---|---|---|---|---|---|
| 138 | 23 | 138 | 24 | lack of foundation; lack of personal knowledge | | Same as above. | |
| 139 | 12 | 139 | 15 | lack of foundation; misleading | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony and the document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. More specifically, admissible facts regarding the witness' own actions are laid almost wholly by either documentary or testimonial evidence, and evidence of the witness' inaction here is admissible on its face.

The form of the question is neither leading nor misleading. The question was accurately formed from a line of questioning based off a statement drafted by Steve Mays and sent to the witness. It was asked so the witness was capable of (and did) answer the question fully, "Not to my recollection." Hazewski Dep. 139:19-20. Furthermore, following up on apparently questionable practice development and inquiring on a witness' role in that development is not misleading and will develop factual testimony where, as here, the witness does not recall speaking against or questioning why ABDC would try to avoid holding and reporting orders to the DEA for Walgreens. | |
| 139 | 19 | 139 | 20 | lack of foundation; misleading | | Same as above. | |
| 141 | 8 | 141 | 14 | lack of foundation; lack of personal knowledge | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony and the document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. More specifically, admissible facts include both facts of knowledge and facts of a lack thereof, especially where the witness is in a position where his lack of knowledge may indicate a corporate deficiency. However, here the witness expands upon on his specific knowledge based on personal experience and provides contextual and background facts to support his answer.

Lack of Personal Knowledge is not supported. As described above, the witness was asked questions within the scope of his experience while at ABDC and answered the questions definitively in his own words and pursuant to his own experiences, which are extensively rooted in the subject matter. More specifically, facts regarding mandated "knowing your customer through our [ABDC] due diligence program" are within the personal knowledge of a diversion officer who oversees the due diligence program, as are facts regarding conversations in which the witness was engaged. | |
| 141 | 18 | 142 | 13 | lack of foundation; lack of personal knowledge | | Same as above. | |
| 146 | 21 | 147 | 9 | lack of foundation; hearsay; geographic scope; relevance | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony and the document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. More specifically, admissible facts include both facts of knowledge and facts of a lack thereof, especially where the witness is in a position where his lack of knowledge may indicate a corporate deficiency. However, here the witness expands upon on his specific knowledge based on personal experience and provides contextual and background facts to support his answer.

The USAO-SDFL authored and published 2013 press release regarding civil penalties is not excluded by the rule against hearsay through FRE 803(8), specifically 803(8)(A)(ii), (iii) and 803(8)(B).

Lack of Relevance is not supported. It is a low burden to show a fact or opinion has *some reasonable connection with*, and in regard to evidence in trial, *having some value or tendency to prove a matter of fact* significant to the case. Specifically, the geographic scope of facts provided by a national entity doing business on a national scale and whose national programs are implemented in the subject geographic locale – the City of Huntington and Cabell County – are materially at issue and provide at a minimum background, context, and similarly situated comparables regarding the impact of those national policies on local opioid issues. Here, the fact that this ABDC witness, who is a member of the wholesaler distribution industry with a focus in diversion control and has overseen Walgreens "know your customer" policies and implementation thereof, knew that Walgreens in 2013 had distribution centers fined over $80 million for failing to comply with DEA regulations that required it to report to the DEA suspicious prescription drug orders," (Hazewski Dep. at 147:2-7, 155:7-10) provides the factfinder with value through its tendency to prove or support an understanding of the efficacy of ABDC diversion policies in place (here, the "know your customer" policy), their application to their customers (here, Walgreens), and their capacity for adhering to DEA standards under the Controlled Substances Act (here, their failure to either catch or act on CSA $80 million failures). | Plaintiff's assertions here are misguided. For many years, Walgreens self-distributed products, including controlled substances, to its pharmacies through its own distribution centers. In that regard, Walgreens was acting as a wholesale distributor. A fine assessed against Walgreens distribution centers relating to its role as a wholesale distributor is not relevant to ABDC's *later* distribution to Walgreens pharmacies. |
| 155 | 4 | 155 | 13 | lack of foundation; hearsay; geographic scope; relevance | | Same as above. | Same as above |
| 155 | 20 | 155 | 22 | lack of foundation; hearsay; geographic scope; relevance | | Same as above. | Same as above |
| 156 | 1 | 156 | 3 | lack of foundation; hearsay; geographic scope; relevance | | Same as above. | Same as above |

COUNTER DESIGNATIONS  * Pink = Completeness Designation  / DESIGNATIONS * Pink = Completeness Design

| WITNESS NAME | Hazewski, Edward |
|---|---|
| DEPOSITION DA | 10/25/2018 |

**AFFIRMATIVE DEPOSITION DESIGNATIONS**

**COUNTER DESIGNATIONS** *Pink* = Completeness Designation / DESIGNATIONS *Pink* = Completeness Design

| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Responses to Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 156 | 5 | 156 | 8 | lack of foundation; hearsay; geographic scope; relevance | | Same as above. | Same as above | | | | | | | |
| 156 | 23 | 157 | 2 | lack of foundation; hearsay; geographic scope; relevance | | Same as above. | Same as above | | | | | | | |
| 157 | 5 | 157 | 6 | lack of foundation; hearsay; geographic scope; relevance | | Same as above. | Same as above | | | | | | | |
| 157 | 8 | 157 | 24 | Lack of foundation; misleading; geographic scope; hearsay; relevance | | Same as above. Further, the form of the question is neither leading nor misleading. The question was accurately formed from a line of questioning based off a public record regarding a nationally managed ABDC customer, Walgreens, which was an account overseen by the witness and subject to ABDC's "know your customer" policies that were implemented by ABDC through the witness and his department. It was asked so the witness was capable of (and did) answer the question fully, "At some point I became aware from reading the press releases concerning this matter [that Walgreens was sending prescriptions to pharmacies who were then filling prescriptions that they knew or should have known were not for legitimate medical use]." Hazewski Dep. 157:15-24, 158:6-9. Finally, following up on illegal activity by a customer and inquiring on a witness' knowledge or lack thereof regarding that illegal activity is not misleading and will develop factual testimony where, as here, the witness while onboarding Walgreens as a customer in his efforts to learn about whether Walgreens pharmacies were filling prescriptions that they knew or should have known were not for legitimate medical use "do[es] not recall any specific conversations concerning that matter with Walgreens." Hazewski Dep. 158:11-16, 19-22. | Same as above  Further, Plaintiff's reply here is similarly misleading. Mr. Hazewski was asked about Walgreens locations in Florida, not Cabell County or the City of Huntington, before ABDC distributed to those Walgreens locations. There were no questions in the deposition, and no evidence at all, relating to Walgreens locations in Cabell County and/or the City of Huntington. | | | | | | | |
| 158 | 6 | 158 | 9 | lack of foundation; geographic scope; hearsay; relevance | | Same as above. | Same as above | | | | | | | |
| 158 | 11 | 158 | 16 | lack of foundation; geographic scope; hearsay; relevance | | Same as above. | Same as above | | | | | | | |
| 158 | 19 | 158 | 22 | lack of foundation; geographic scope; hearsay; relevance | | Same as above. | Same as above | | | | | | | |
| 160 | 8 | 160 | 11 | lack of foundation; geographic scope; hearsay | | Lack of Foundation is not supported. The foundation is provided by the testimony and document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. More specifically, admissible facts include both facts of knowledge and facts of a lack of knowledge, especially where the witness is in a position where his lack of knowledge may indicate a corporate deficiency. Here, the questions are based on ABDC correspondence regarding concerns with onboarding 225 Walgreens accounts nationally that would be managed by the witness' division and are of the type of subject matter with which the witness is familiar. Finally, the witness was capable of answering, as shown by the testimony herein and throughout.

Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by a national entity doing business on a national scale and whose national programs are implemented in the subject geographic locale – the City of Huntington and Cabell County – are materially at issue and provide at a minimum background, context, and similarly situated comparables regarding the impact of those national policies on local opioid issues. Here, the facts that this ABDC witness, who is a member of the wholesale distribution industry with a focus in diversion control and has overseen Walgreens "know your customer" policies and implementation thereof, failed to know - despite having been notified by ABDC colleagues - both that Walgreens in 2013 was going to onboard 225 Walgreens accounts nationally in one week or that ABDC's Senior Director of Corporate Security and Regulatory Affairs Steve Mays expressed concern that they were "the high risk accounts that CAH wants to dump asap," and that the witness not only did not participate in any discussions regarding those accounts but also failed to investigate these accounts to determine what Steve Mays was concerned about or had any idea about why he might have known that Cardinal Health wanted to dump the accounts, all provide the factfinder with value through their tendency to prove or support an understanding of the efficacy of ABDC diversion policies in place (here, the "know your customer" policy), their application to their customers (here, Walgreens), and their capacity for adhering to DEA standards under the Controlled Substances Act (here, their investigators' failure to investigate suspicious accounts en masse).

This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 801(d)(2)(A)-(D) or FRE 803(6). ABDC produced emails authored by and exchanged with ABDC employees while they were engaged in the execution of their ABDC-employment duties, wherein the witness was familiar with the subject matters and had been included in at least part of the series of exchanges, are offered against ABDC as an opposing party. | Plaintiff's response based on relevance is unnecessary and should be removed. ABDC did not assert a relevance objection. | | | | | | | |
| 161 | 3 | 161 | 10 | lack of foundation; geographic scope | | Same as above. | | | | | | | | |
| 161 | 19 | 161 | 22 | lack of foundation; geographic scope | | Same as above. | | | | | | | | |

| WITNESS NAME | Hazewski, Edward |
|---|---|
| DEPOSITION DA | 10/25/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation* | | | | DESIGNATIONS *Pink = Completeness Design* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Responses to Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 162 | 4 | 162 | 18 | Lack of foundation; lack of personal knowledge; misleading; geographic scope | | Same as above.<br><br>Further, lack of personal knowledge is not supported. As described above, admissible facts include both facts of knowledge and facts of a lack of knowledge, especially where the witness is in a position where his lack of knowledge may indicate a corporate deficiency. The witness was asked questions within the scope of his experience while at ABDC based on ABDC correspondence regarding concerns with onboarding 225 Walgreens accounts nationally that would be managed by the witness' division, are of the type of subject matter with which the witness is familiar, and on which he was a direct recipient of the most relevant facts. The witness answered the questions definitively. The fact that he did not engage in discussions after receiving notice of concerns is not inadmissible simply because he chose not to participate or engage discussions about high risk accounts that a competitor wanted to "dump."<br><br>Finally, the form of the question is neither leading nor misleading. The questions were accurately formed based off ABDC correspondence regarding concerns with onboarding 225 Walgreens accounts nationally that would be managed by the witness' division and are of the type of subject matter with which the witness is familiar. Further, the witness was able to testify definitively that he, "was not aware of this communication," despite having been copied on significant portions of the email chains. Finally, inquiring whether a witness acted upon information received and inquiring on a witness' knowledge and actions or lack thereof is not misleading and will develop factual testimony such as follows: the witness testified that he failed to know - despite having been notified by ABDC colleagues - both that Walgreens in 2013 was going to onboard 225 Walgreens accounts nationally in one week; that he failed to know - despite having been notified - that his Senior Director of Corporate Security and Regulatory Affairs, Steve Mays, expressed concern that they were "the high risk accounts that CAH wants to dump asap;" that he did not participate in any discussions regarding those accounts; that he failed to investigate these accounts to determine what Steve Mays was concerned about; and that he had no idea about why Steve Mays might have known that Cardinal Health wanted to dump the accounts. | | | | | | | | |
| 162 | 21 | 162 | 22 | lack of foundation; lack of personal knowledge; geographic scope | | Same as above. | | | | | | | | |
| 162 | 24 | 163 | 3 | lack of foundation; lack of personal knowledge; geographic scope | | Same as above. | | | | | | | | |
| 164 | 4 | 164 | 18 | lack of foundation; lack of personal knowledge; geographic scope; | | Same as above. | | | | | | | | |
| 165 | 2 | 165 | 2 | lack of foundation; lack of personal knowledge; geographic scope | | Same as above. | | | | | | | | |
| 167 | 8 | 167 | 17 | lack of foundation; lack of personal knowledge; geographic scope | | Same as above. | | | | | | | | |
| 168 | 5 | 168 | 9 | lack of foundation; lack of personal knowledge; geographic scope | | Same as above. | | | | | | | | |
| 168 | 12 | 168 | 12 | Lack of foundation; geographic scope | | Same as above. | | | | | | | | |
| 169 | 16 | 169 | 23 | lack of foundation; lack of personal knowledge; geographic scope | | Same as above. | | | | | | | | |
| 170 | 2 | 170 | 2 | lack of foundation; lack of personal knowledge; geographic scope | | Same as above. | | | | | | | | |
| 172 | 3 | 172 | 6 | lack of foundation; geographic scope | | Same as above. | | | | | | | | |
| 172 | 16 | 172 | 24 | lack of personal knowledge; geographic scope | | Same as above. | | | | | | | | |

| WITNESS NAME | Hazewski, Edward |
|---|---|
| DEPOSITION DA | 10/25/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation* | | | | / DESIGNATIONS *Pink = Completeness Design* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Responses to Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 214 | 12 | 214 | 14 | lack of foundation; vague | | Lack of Foundation is not supported. The foundation is provided by the testimony itself. Moreover, the witness previously defined that, "A threshold is an internally generated number that is going to trigger further review of a customer's order," that AmerisourceBergen used as part of its order monitoring program. Hazewski Dep. 113:2-8. Further, the witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given.<br><br>Further, objection to a compound, vague, or ambiguous question is not supported. The concern for the clarity of the wording has been demonstrably avoided by the witness' clear response. Given that the concrete question of whether or not the witness agreed that, "a 300 percent over the average is a fair amount of wiggle room in the thresholds," was clearly answered and event contextualized by the witness' personal knowledge in his unambiguous answer, "That's the manner in which the [ABDC Order Monitoring Program] system was built. So yes, I agree with that." | | | | | | | |
| 214 | 17 | 214 | 19 | lack of foundation; vague | | Same as above. | | | | | | | |
| 235 | 14 | 235 | 21 | | | n/a | | | | | | | |
| 236 | 4 | 236 | 24 | | | n/a | | | | | | | |
| 237 | 5 | 237 | 10 | | | n/a | | | | | | | |
| 239 | 2 | 239 | 14 | lack of foundation | | Lack of Foundation is not supported. This is a form objection and was not made at the time, so any such objection was waived. Also, the witness agrees with the recitation of the document, which he wrote, and the facts are outlined therein. The foundation is provided by the elicited testimony and document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. Furthermore, the question is meant to clarify the record regarding ABDC's policies, specifically the diversion control program and evidence of a direction made to an ABDC employee assigned to the diversion control team in an evidentiary document drafted by the witness. The clear testimonial evidence answer that, "[W]e are to verify that within the last three years, a due diligence investigation had been completed or the Form 590 which . . . furthers that investigation on that customer," is adequately founded. | | | | | | | |
| 240 | 5 | 240 | 9 | lack of foundation | | Lack of Foundation is not supported. This is a form objection and was not made at the time, so any such objection was waived. Also, the witness agrees with the recitation of the document, which he wrote, and the facts are outlined therein. The foundation is provided by the elicited testimony and document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. Furthermore, the question is meant to clarify the record regarding ABDC's policies, specifically the diversion control program. The witness is clearly appropriately positioned to answer and his clear testimonial evidence answer in the affirmative that it is the company's policy that "verify[ing] that within the last three years, a due diligence investigation had been completed or the Form 590 which . . . furthers that investigation on that customer," was one of the things that ABDC diversion control team members were supposed to do when reviewing an order is adequately founded. | | | | | | | |
| 241 | 24 | 242 | 6 | | | n/a | | | | | | | |
| 242 | 15 | 242 | 21 | | | n/a | | | | | | | |
| 243 | 15 | 244 | 9 | | | n/a | | | | | | | |
| 245 | 8 | 245 | 18 | lack of foundation | | Lack of Foundation is not supported. This is a form objection and was not made to all questions at the time and are thus waived in part. Also, the witness agrees with the recitation of the document, which he wrote, and the facts are outlined therein. The foundation is provided by both the elicited testimony and document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. Furthermore, the question is meant to clarify the record regarding ABDC's policies, specifically the diversion control program. The witness is clearly appropriately positioned to answer, and his clear testimonial evidence answer identifies the value of requesting de-identified prescribing data from ABDC's pharmacy customers as part of ABDC's due diligence process because the analysis of the de-identified data, which includes looking for drug cocktails, IR narcotics minus a long-acting opioid, and a high volume of the same prescription for every patient, identifies prescribers that are writing prescriptions of a questionable nature. Hazewski Dep. 241:24-242:6, 245:8-18, 245:21-:246:4. | | | | | | | |
| 245 | 21 | 246 | 4 | lack of foundation | | Same as above.<br><br>Furthermore, the question is meant to clarify the record regarding ABDC's policies, specifically the diversion control program. The witness is clearly appropriately positioned to answer, and his clear testimonial evidence answer identifies the value of requesting de-identified prescribing data from ABDC's pharmacy customers as part of ABDC's due diligence process because the ABDC diversion control team members "would look at [drug cocktails, IR narcotics minus a long-acting opioid, and a high volume of the same prescription for every patient] . . . to verify that the products are being dispensed in a legitimate fashion for legitimate medical purpose." Hazewski Dep. 241:24-242:6, 246:7-14. | | | | | | | |
| 246 | 7 | 246 | 14 | lack of foundation | | Same as above. | | | | | | | |

| WITNESS NAME | Hazewski, Edward |
|---|---|
| DEPOSITION DA | 10/25/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | / DESIGNATIONS *Pink = Completeness Design | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Responses to Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 246 | 16 | 246 | 24 | lack of foundation | | Lack of Foundation is not supported. The witness agrees with the recitation of the document, which he wrote, and the facts are outlined therein. The foundation is provided by both the elicited testimony and document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. Furthermore, the question is meant to clarify the record regarding ABDC's policies, specifically the diversion control program. The witness is clearly appropriately positioned to answer, and his clear testimonial evidence answer identifies the value of requesting de-identified prescribing data from ABDC's pharmacy customers as part of ABDC's due diligence process because "a component of the analysis" includes that ABDC diversion control team members may also identify unnamed patients that are doctor shopping in addition to patients traveling considerable distance to fill a prescription. Hazewski Dep. 241:24-242:6, 246:16-24, 247:3-4 | | | | | | |
| 247 | 3 | 247 | 4 | lack of foundation | | Same as above. | | | | | | |
| 247 | 13 | 247 | 14 | lack of foundation | | Lack of Foundation is not supported. The witness agrees with the recitation of the document, which he wrote, and the facts are outlined therein. The foundation is provided by both the elicited testimony and document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial evidence given. Furthermore, the question is meant to clarify the record regarding ABDC's policies, specifically the diversion control program. The witness is clearly appropriately positioned to answer, and his clear testimonial evidence answer identifies the value of the ABDC diversion control team members' consideration of whether a patient is doctor shopping as enabling ABDC, "to make certain the products we're [ABDC is] dispensing or distributing to our pharmacy customers, once it leaves our purview, that it's being dispensed by the pharmacy in a legitimate manner." Hazewski Dep. 241:24-242:6, 247:13-14, 247:19-248:2. | | | | | | |
| 247 | 19 | 248 | 2 | lack of foundation | | Same as above. | | | | | | |
| 248 | 20 | 249 | 23 | lack of foundation | | Lack of Foundation is not supported. The witness agrees with the recitation of the document, which he wrote, and the facts are outlined therein. The foundation is provided by both the elicited testimony and document itself. The witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial. Furthermore, the question is meant to clarify the record regarding ABDC's policies, specifically the diversion control program. The witness is clearly appropriately positioned to answer, and his clear testimonial evidence answer clarifies that the diversion control program was able to generate reports to determine the percentage of a customers' percentage of controlled substances versus noncontrolled substances, which the department could then analyze and determine that a customer may have been purchasing from another distributor. Hazewski Dep. 248:20-249:23, 250:3. | | | | | | |
| 250 | 3 | 250 | 3 | lack of foundation | | Same as above. | | | | | | |
| 250 | 5 | 251 | 6 | | | n/a | | | | | | |
| 251 | 9 | 251 | 10 | lack of personal knowledge | | Lack of personal knowledge is not supported. This is a form objection and was not made to several questions at the time and are thus waived. Admissible facts include both facts of knowledge and facts of a lack of knowledge, especially where the witness is in a position where his lack of knowledge may indicate a corporate deficiency. The witness was asked questions within the scope of his experience while at ABDC based on a self-drafted document. The witness answered the questions definitively. The fact that he did had little experience with IMS data and that he didn't know why he or ABDC intended to utilize IMS Data is not inadmissible on its face because the witness is testifying with experience since 2007 as a Corporate Investigator, Diversion Control Program Manager, and Director of Diversion Control and Security for ABDC. His knowledge, experience, and expertise on ABDC's policies on controlled substances and related regulations as implemented by the ABDC CSRA division, which launched the order monitoring program in 2007 and managed not only issues related to the Controlled Substance Act but potential diversion in general, weighs any testimonial. The fact that he lacks experience and insight into any aspect of an ABDC diversion control program project indicates a broader corporate position on the data. Hazewski Dep. 250:5-251:6, 251:9-10. | | | | | | |