| WITNESS NAME: | Mash, Lisa | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 7/28/2020 | | | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 27 | 12 | 27 | 20 | | | n/a | | | | | | | | | | |
| 80 | 14 | 80 | 18 | | | n/a | | | | | | | | | | |
| 81 | 9 | 82 | 18 | | | n/a | | | | | | | | | | |
| 96 | 12 | 96 | 25 | hearsay (96:12-15); foundation; vague; assumes facts not in evidence | | This is not hearsay as it does not satisfy FRE 801(c)(2). Moreover, the witness in 2004 was McKesson's Director of Sales Operations whose region included Huntington, WV in Cabell County. The exhibit and testimony also proves notice, knowledge, understanding, and/or state of mind given her testimony that, "Anything that affects where my people live, where we do business, et cetera, that - - just in general I would be cognizant of what the current events were and what was going on within our states," such that, consequently, "[w]e all followed the news feeds, the media." Mash Dep. 92:1-3, 98:4-9. The questioning of a witness who has stated she had reason to know on what was regionally and locally being reported is an appropriate line of questioning.<br><br>Moreover, neither objections to a vague or ambiguous question, Lack of Foundation, nor Assumes Fact not in Evidence are supported. The foundation is provided by the elicited testimony itself, and the witness is in a position to comment, as she testified above that local events and reported trends were within the scope of her employment. There is nothing vague about the question, "Did you understand that the demand for these [prescription opioid] drugs were astronomical?" and the concern for the clarity of the wording has been demonstrably avoided by the witness' precise response that, "Yeah," that she followed with more detail as "I mean, I'm sure that that's one of the descriptors that were used." Mash Dep. 96:16-20, 23-25. Evidence has been submitted to support the fact that demand for prescription opioid drugs was astronomical. See e.g., Vic Brown Dep. 63:7-14; 5/10/2021 Trial Tr. 126:7-15 (". . . [S]ome of the numbers [of hydrocodone going to Chapmanville Pharmacy] are quite astronomical.") Further, counsel's questions are not in evidence, and the witness expressed her first-hand knowledge of the facts to which she testified. Moreover, any minor issues with the question can be properly considered, accounted for, and/or weighed by the Court in this bench trial. | | | | | | | | | |
| 98 | 11 | 98 | 19 | | | n/a | | | | | | | | | | |
| 111 | 19 | 112 | 21 | foundation; misleading and vague as to lack of clarity between opioid withdrawals from licit vs. illicit opioids | | Lack of Foundation is not supported. The foundation is provided by the elicited testimony and/or document itself, and the witness is in a position to answer. The questioning of a witness who has stated she had reason to know on what was regionally and locally being reported is an appropriate line of questioning. See Mash Dep. 92:1-3, 98:4-9.<br><br>Moreover, there is nothing misleading about the question. There is no lack of clarity needed to differentiate between opioid withdrawals from licit vs. illicit opioids, because there is not a biologically functional difference. See e.g. 5/4/2021 Trial Tr. 47:19-48:9 (The core molecule is absolutely identical within heroin, oxycodone, and hydrocodone); 6/10/2021 Trial Tr. 134:20-21 (Whether an illicit drug or not an illicit drug . . . the same molecule will be there.) Further, Defendants stated that it "is not a disputed fact that babies go through withdrawal if they're exposed in utero to drugs and it's not something that's relevant to any disputed issue in this case." Trial Tr. 5/21/2021 7:14-17. As such, objection to a vague or ambiguous question is not supported. More, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response that, in Huntington that there were babies going through opioid withdrawal "is something that we were all very aware of. It was part of our everyday lives. It was part of the news media and part of what we do for a living. But, no, I don't remember ever having somebody tell me about this specific article in the news." Mash Dep. 112:9-21. Moreover, any minor issues with the question can be properly considered, accounted for, and/or weighed by the Court in this bench trial. | | | | | | | | | |

| WITNESS NAME: | Mash, Lisa | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 7/28/2020 | | | | | | | | | | | | | |
| *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | | | *COUNTER DESIGNATIONS* *Pink = Completeness Designation* | | | | | *REPLY DESIGNATIONS* *Pink = Completeness Designation* | | | |
| Page/Line Begin | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 117 | 25 | 119 | 3 | | n/a | | | | | | | | | | |
| 158 | 14 | 158 | 15 | | n/a | | | | | | | | | | |
| 161 | 9 | 161 | 16 | hearsay (161:9-12); compound; asked & answered | | This is not hearsay as it does not satisfy FRE 801(c)(2). The exhibit and testimony also proves notice, knowledge, understanding, and/or state of mind given her testimony that, "Anything that affects where my people live, where we do business, et cetera, that - - just in general I would be cognizant of what the current events were and what was going on within our states," such that, consequently, "[w]e all followed the news feeds, the media." Mash Dep. 92:1-3, 98:4-9. The questioning of a witness who has stated she had reason to know on what was regionally and locally being reported is an appropriate line of questioning where the witness was McKesson's Director of Sales Operations whose region included Huntington, WV in Cabell County. Furthermore, the fact that West Virginia was ground zero for the opioid epidemic in the United States is one that has been established by evidence. Trial Tr. 5/6/2021 96:19-22 ("[T]he opioid crisis is certainly a national crisis, as we discussed. West Virginia is at ground zero.")<br><br>Objection to a compound question or asked and answered are not supported. These are form objections and were not made at the time of the deposition, so any such objection was waived. Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response that, "Yes, I was in charge of the drug distribution -- I was -- or sales team in the state of West Virginia." Further, while Plaintiffs submit that the question is not unclear, any alleged unclarity can be properly considered, accounted for, and/or weighed in this bench trial. | | | | | | | | | |