Brantley, Eric
11/27/2018

46:17:00

| WITNESS NAME | Eric Brantley |
|---|---|
| DEPOSITION DA | 11/27/2018 |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS  *Pink = Completeness Designatic | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 15 | 20 | 15 | 21 | | n/a | | 18 | 24 | 19 | 8 | | | | | | | |
| 18 | 15 | 18 | 24 | | n/a | | 20 | 2 | 21 | 8 | | | | | | | |
| 19 | 8 | 20 | 1 | Foundation; hearsay; assumes facts not in evidence. | The questioning relates to a document is privileged and that Cardinal Health clawed back and thus lacks foundation.  Counsel objected to questioning about the document during the deposition.<br><br>Counsel's question at 19:13-14 ("Has anyone ever told you that that was going on with Cardinal?") called for hearsay testimony that does not fall under any exception to FRE 803, and there is no indication that the response was based on anything other than the hearsay the question sought.<br><br>The document about which Counsel questioned was clawed back and is not in evidence. Counsel's questioning was not based on any fact in evidence. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself. Further, this is a form objection and was not made at the time, so any such objection was waived.  Also, the witness comprehends the contents of the document, which was written by the Defendant's official authority figure over the witness, and the facts and comments outlined therein.<br><br>This is not hearsay as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5) or FRE 803(6).  As for the objections regarding 19:13-14, the witness responded and extensively elaborated such that he was clearly capable of (and did) fully answer the questioning.<br><br>Assumes Fact not in Evidence is not supported. This is a form objection and was not made at the time, so any such objection was waived. Further, counsel's questions are not in evidence, and the witness expressed his first-hand knowledge of the facts to which he testified. | 65 | 4 | 65 | 20 | | | | | | | |
| 22 | 23 | 22 | 25 | | | | 168 | 2 | 168 | 4 | | Mistake? Marked [Ex. 6] but no further reference. | Cardinal Health intended to designate Exhibit 6. | | | | | |
| 24 | 3 | 24 | 8 | Foudation; 403; Hearsay | Cardinal Health withdraws its objections. | Lack of Foundation is not supported. This is a form objection and was not made at the time, so any such objection was waived. Further, the foundation is provided by the testimony and/or document itself. Finally, the witness was capable of answering, as shown by the testimony herein and throughout. | 176 | 19 | 176 | 22 | | | | | | | |
| 24 | 21 | 27 | 22 | Compound questions; Vague and ambiguous; Hearsay. | The objection to compound questioning is as to 25:11-12, where Counsel asked two separate questions of the witness.<br><br>The objection to vagueness and ambiguity is as to 27:1-3 ("That was your job, wasn't it? To -- to be involved with controlling the substance diversion of narcotics, correct?") and 27:12-13 ("And that's controlling substance abuse of narcotics"). Contrary to Plaintiffs' assertion, Counsel for Cardinal Health objected to form immediately after both questions. Both questions are too vague and ambiguous to be capable of reasonable construction.<br><br>Cardinal Health withdraws its objection to hearsay. | Objections to a compound, vague, or ambiguous question are not supported. These are form objections and were not made at the time, so any such objections were waived.  Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.<br><br>This is neither hearsay nor hearsay within hearsay, as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5) or FRE 803(6).  As for the objections regarding 26:10-13, the examiner's questions are not evidence, and the witness responded and extensively elaborated such that he was clearly capable of (and did) fully answer the question. Furthermore, the CAH author was the boss of the CAH employee recipient of the writing, and that relationship existed at the time the writing was executed. | 518 | 24 | 520 | 6 | | | | | | | |
| 28 | 21 | 28 | 25 | Hearsay; 403; Relevance; Improper fragment | The improper fragment objection is an objection to the improper fragment of an incomplete question with no answer that cannot be resolved in the manner Plaintiffs suggest.<br><br>Cardinal Health withdraws its objections to hearsay, 403, and relevance. | This is neither hearsay nor hearsay within hearsay, as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5) or FRE 803(6).  As for the objections regarding 26:10-13, the examiner's questions are not evidence, and the witness responded and extensively elaborated such that he was clearly capable of (and did) fully answer the question. Furthermore, the CAH author was the boss of the CAH employee recipient of the writing, and that relationship existed at the time the writing was executed.<br><br>More Prejudicial Than Probative is not supported. The relevance of these material facts is certainly meritorious enough to outweigh any prejudice that may weigh on the judge in this bench trial. Further, the fact that and the timing when the CAH authority on the suspicious order monitoring system believed that system to be "complex and onerous" and said so to his team is a fact that is more probative to the Defendants' state of mind with timing of notice, than prejudicial to those Defendants.<br><br>Further, such is the relevance that the relevance objection is unsupported. The facts establishing CAH's corporate state of mind and the timing of such offer probative and material factual information to an evaluation of CAH's actions over time.<br><br>Finally, the issue of completeness can be resolved with the inclusion of 29:1-5, 29:7-9, 29:12, which was not proposed. | 520 | 9 | 522 | 12 | | | | | | | |

Brantley, Eric
11/27/2018

46:17:00

| WITNESS NAME | Eric Brantley |
| DEPOSITION DA | 11/27/2018 |

| | | | | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | | COUNTER DESIGNATIONS  *Pink = Completeness Designatic* | | | | | | | *REPLY DESIGNATIONS* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 36 | 7 | 36 | 17 | Hearsay; 403; Relevance; Foundation | The objection to lack of foundation is an objection as to 36:17. Counsel failed to lay adequate (or any) foundation about the witness's knowledge of HDMA.  Cardinal Health withdraws its objections to  hearsay, relevance and 403. | This is neither hearsay nor hearsay within hearsay, as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5) or FRE 803(6).  The writing from an CAH authority figure as relates to the writing recipient leaves the content of the writing wholly a party statement.  Further, the text was not merely read into the record by the witness, but rather led to the development of insightful facts personally known to the witness.  More Prejudicial Than Probative is not supported. The relevance of these material facts is certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial. Further, the fact that and the timing when the CAH authority on the suspicious order monitoring system believed that system to be "complex and onerous" and said so his team is a fact that is more probative to the Defendants' state of mind with timing of notice, than prejudicial to those Defendants.  Further, such is the relevance that the relevance objection is unsupported. The facts establishing CAH's corporate state of mind and the timing of such offer probative and material factual information to an evaluation of CAH's actions over time.  The foundation is provided by the testimony and/or document itself. | 522 | 15 | 524 | 7 | | | |
| 36 | 19 | 36 | 25 | 403; Vague and ambiguous . | The objection to vagueness and ambiguity is as to 36:22-23 ("And your company was part of the HDMA[?]"). Contrary to Plaintiffs' asseertion, Counsel for Cardinal Health objected to form immediately after Plaintiffs' question, at 36:18.  Cardinal Health's participation in HDMA is minimally relevant to the claims at bar, and the prejudicial effect of testimony about such membership substantially outweighs any minimally probative value. | Objection to a vague or ambiguous question is not supported. These were form objections and were not made at the time, so any such objections were waived.  Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses. | 524 | 8 | 526 | 19 | | | |
| 38 | 20 | 41 | 3 | Relevance; 403; Hearsay; Foundation ; Speculatio n; Vague and ambiguous . | Cardinal Health withdraws its objections to relevance, 403, hearsay, foundation, and speculation.  The objection to vagueness and ambiguity is as to 39:25-40:5. Though the examiner re-asked the question multiple times, all iterations of the question remained vague and ambiguous, especially as to the meaning of "worked with industry standards." | As to 39:5-12, this is neither hearsay nor hearsay within hearsay, as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5) or FRE 803(6).  The writing from an CAH authority figure as relates to the writing recipient leaves the content of the writing wholly a party statement.  Further, the text was not merely read into the record by the witness, but rather led to the development of insightful facts personally known to the witness.  As to 39:5-12, more Prejudicial Than Probative is not supported. The relevance of these material facts is certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial. Further, the fact that and the timing when the CAH authority on the suspicious order monitoring system believed that system to be "complex and onerous" and said so his team is a fact that is more probative to the Defendants' state of mind with timing of notice, than prejudicial to those Defendants.  As to 39:5-12, such is the relevance that the relevance objection is unsupported. The facts establishing CAH's corporate state of mind and the timing of such offer probative and material factual information to an evaluation of CAH's actions over time.  Lack of Foundation is not supported. This is a form objection and was not made at the time, so any such objection was waived.  Further, the foundation is provided by the testimony and/or document itself.  Speculation 39:17-18 Speculation is not supported. This is a form objection and was not made at the time, so any such objection was waived. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand.  As to 39:25-40:5, the examiner obviously self-corrects and clarifies his question such that concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses. | 526 | 24 | 527 | 7 | | | |

Brantley, Eric
11/27/2018

46:17:00

| WITNESS NAME | Eric Brantley |
| DEPOSITION DA | 11/27/2018 |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | COUNTER DESIGNATIONS  *Pink = Completeness Designatio | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 41 | 11 | 42 | 25 | Hearsay; Relevance; 403; Calls for legal conclusion; Vague and ambiguous; Compound question. | Cardinal Health withdraws its objections to hearsay relevance, and 403..<br><br>The objection to vagueness and ambiguity is as to 41:16-23. Contrary to Plaintiffs' assertions, Counsel for Cardinal Health objected to form to this questioning at 41:18 and 41:21.  There was no waiver.  The question about whether Mr. Brantley "worked with" or "was familiar with" the business of McKesson are vague and incapable of reasonable construction.<br><br>The objection to compound questioning is as to 42:6-8. Once again, Counsel for Cardinal objected to form immediately after the question, contrary to Plaintiffs' assertions.  Counsel for Plaintiffs asked three questions at once.<br><br>The objection to questioning that calls for a legal conclusion is as to 42:6-8, 42:14-16, and 42:21. COunsel repeatedly asked Mr. Brantley to draw a legal conclusion about the impact of a legal action--an order to show cause. | As to 41:11-13, this is neither hearsay nor hearsay within hearsay, as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(S) or FRE 803(6).  The writing from an CAH authority figure as relates to the writing recipient leaves the content of the writing wholly a party statement.  Further, the text was not merely read into the record by the witness, but rather led to the development of insightful facts personally known to the witness.<br><br>As to 41:11-13, More Prejudicial Than Probative is not supported. The relevance of these material facts is certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial. Further, the fact that and the timing when the CAH authority on the suspicious order monitoring system believed that system to be "complex and onerous" and said so to his team is a fact that is more probative to the Defendants' state of mind with timing of notice, than prejudicial to those Defendants.<br><br>As to 41:11-13, such is the relevance that the relevance objection is unsupported. The facts establishing CAH's corporate state of mind and the timing of such offer probative and material factual information to an evaluation of CAH's actions over time, especially when that cognizance is that there is a new industry standard - the same industry of the party and the same standards necessary for the party to enact.<br><br>As to 41:16-23 and 42:6-8, an objection to a compound, vague, or ambiguous question is not supported. These are form objections and were not made at each time (maybe as to the first, but not as to the second, which was legal conclusion), so any such objection was waived.  Even were the objection addressing this issue as to 41:16-23, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.<br><br>As to 42:6-8, 42:14-16, and 42:21, this objection alleging that the inquiry requests the witness to improperly reach a legal conclusion, which is clearly a job reserved for the judge in this bench trial, is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Opposite from a legal analysis, these questions request factual clarification of "an order to show cause," which is an industry term of art asked of a seasoned industry member and is of the type of industry document commonly known. | 527 | 20 | 527 | 22 | | | | | | | | |
| 46 | 9 | 50 | 4 | Foundation; 403; Calls for legal conclusion; Relevance; Hearsay; Counsel testifying | Counsel failed to lay any foundation about Mr. Brantley's knowledge about suspensions of Cardinal Health distribution centers at 46:17-22, and in fact had laid foundation for a *different* question about customer suspensions, about which Mr. Brantley testified he had no recollection.<br><br>The objection to questioning that calls for a legal conclusion is as to 46:13-47:11 and 49:24-50:1.  These questions seek legal opinions about DEA regulatory action and guidance, not Mr. Brantley's factual knowledge.<br><br>The objection to counsel testifying is as to 47:13-17 ("the jury will be able to see what you cut off and when."). Such testifying is wholly inappropriate and, as Plaintiffs concede, is not evidence and should not be admitted on the record.<br><br>Cardinal Health withdraws its objections to relevance and hearsay. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.<br><br>As to 46:13-47:11 and 49:24-50:1, these objections alleging that the inquiry requests the witness to improperly reach a legal conclusion is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Opposite from a legal analysis, the examiner's first set of questions request factual clarification of the witness' personal knowledge of pharmacy suspensions and what those actions entailed in his experience. The examiner's second set of questions are taken expressly from the new industry standard program, which necessarily incorporate the legal regulations the program was designed to address. Furthermore, no legal analysis was sought or given; rather, the questions clarified that the witness had personal knowledge of the legal regulations governing his industry while he was employed to implement those regulations in his industry.<br><br>Counsel was testifying at 47:13-17. First, the questions accurately summarize the document written by the party and the witness agrees with the recitation.  Second, counsel's questions are not evidence.<br><br>As to 47:21-24, 48:2-7, and 48:13-20, Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Here, the fact that CAH's similarly situated competitor will be required to take action regarding their regulatory program may have a tendancy to show that CAH was on notice as to the DEA's requisite regulatory compliance procedures.  Here also, CAH's notice that a competitor's similarly situated authority on regulatory compliance is meeting with the regulatory body regarding the same program to which CAH may be subject provides state of mind and timing of notice of CAH's cognizance of their situation according to the DEA.  Here lastly, the fact that the regulatory authority of CAH expresses an intention to deviate from anticipated DEA regulatory action provides a probative fact as to CAH's state of mind, CAH's intention, CAH's proposed action, etc.<br><br>As to 48:2-7, this is neither hearsay nor hearsay within hearsay, as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5) or FRE 803(6).  The writing from a CAH authority figure as relates to the writing recipient leaves the content of the writing wholly a party statement.  Further, the text was not merely read into the record by the witness, but rather led to the development of insightful facts personally known to the witness. | 527 | 24 | 529 | 4 | | | | | | | | |

Brantley, Eric
11/27/2018

46:17:00

| WITNESS NAME | Eric Brantley |
|---|---|
| DEPOSITION DA | 11/27/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | :UNTER DESIGNATIONS  *Pink = Completeness Designatic | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 59 | 11 | 59 | 23 | Asked and answered; vague and ambiguous. | These objections are as to 59:17-19. Contrary to Plaintiffs' assertions, Counsel for Cardinal Health objected to form immediately after this question, at 59:21, and preserved the objection. The question whether Mr. Brantley believes Cardinal was "reporting suspicious orderas, according to what your testiomny is here today" is so vague as to be incapable of reasonable construction. To the extent it is comprehensible, it was previously asked and answered at 59:12-14. | Objection to a vague or ambiguous question or to asked and answered is not supported. These are form objections and were not expressly made at the time, so any such objections may be waived.  Nonetheless, the concern for either the clarity of the wording or the meaning has been demonstrably avoided by the witness' clear responses. | 529 | 8 | 533 | 18 | | | | | | |
| 150 | 19 | 151 | 18 | 403; Foundation; Mischaract erizes prior testimony; Vague and ambiguous | The objections to mischaracterization of prior testimony and to vagueness and ambiguity are as to 150:19-151:6.  Contrary to Plaintiffs' assertions, Counsel for Cardinal Health objected to form at 151:8. The questions about Cardinal Health staffing mischaracterize Mr. Brantley's testimony as to employees hired during various timeframes and as to employees outside of his team. The question is ambiguous as to the time frame.<br><br>The 403 and foundation objections are as to 151:4-6. The question whether "narcotic drugs are going out all over the country" is so vague as to be incapable of reasonable construction. Counsel made no attempt to lay any foundation whatsoever before asking this question, which immediately followed a discussion on a different topic--Cardinal Health staffing. | Objections to either a vague or ambiguous question or a mischaracterization of prior testimony are not supported. These are form objections and were not made at the time, so any such objections were waived.  The concern for the clarity of the wording or meaning has been demonstrably avoided by the witness' clear responses.<br><br>As to 151:4-6, Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.<br><br>The foundational elements of CAH's regulatory compliance system is oversight, thus staffing of oversight positions is a material fact probative to whether or not CAH could maintain proper staffing with a two to three person team. As such, the objection that these facts are More Prejudicial Than Probative is not supported. The relevance of these material facts is certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial, and staffing facts are not of the kind that are outrageous enough to merit judicial prejudice concerns. | 533 | 25 | 535 | 16 | | | | | | |
| 360 | 19 | 361 | 3 | Relevance; Counsel testifying; Vague and ambiguous ; Mischaract erization of prior testimony. | The relevance objection is to 360:19-23. Counsel was describing the logistics of the deposition, which is not relevant to any claim or defense at bar.<br><br>The objection to counsel testifying is as to 360:19-23.<br><br>The objections to vagueness and ambiguity and to mischaracterizing prior testimony are as to 360:24-25 ("so the two or three other people that also filled your role from '05 to '07, who were they") because the phrase "filled your role" is so vague as to be incapable of reasonable construction, and is inconsistent with Mr. Brantley's prior testimony about Cardinal Health staffing during that timeframe. | Objection to a vague or ambiguous question is not supported. These are form objections and were not made at the time, so any such objections were waived.  Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.<br><br>Objection to a mischaracterization of the testimony is unwarranted. The question adequately generalizes enough for the witness to answer explicitly. Further, counsel's questions are not evidence. | 538 | 2 | 538 | 25 | | | | | | |
| 363 | 17 | 363 | 23 | Vague and ambiguous ; mischaract erizes prior testimony. | The question whether "the system that was in place was this reviewing ingredient limit reports" is so vague as to be incapable of reasonable construction. The question also contains a premise about "the system" that is inconsistent with the body of Mr. Brantley's testimony about other elements of Cardinal Health's suspicious order monitoring system. | Objection to a vague or ambiguous question is not supported. These are form objections and were not made at the time, so any such objections were waived.  Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.<br><br>Objection to a mischaracterization of the testimony is unwarranted. The question adequately generalizes enough for the witness to answer explicitly. Further, counsel's questions are not evidence. | 542 | 14 | 542 | 16 | | | | | | |

46:17:00

| WITNESS NAME | Eric Brantley |
|---|---|
| DEPOSITION DA | 11/27/2018 |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | COUNTER DESIGNATIONS  *Pink = Completeness Designatic | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 364 | 14 | 365 | 12 | Foundation; 403; Hearsay | There is no foundation for the introduction of or questioning about Exhibit 23. Mr. Brantley is not a recipient and is not copied on the emails contained in Ex. 24. Plaintiffs made no attempt to lay foundation to establish Mr. Brantley's knowledge of the email or its contents. Mr. Brantley testified he did not know  the author of the email other than having heard his name.

The objection to hearsay is an objection to hearsay within hearsay as to Ex. 24, which contains notes and statements that are hearsay and/or hearsay within hearsay that do not fall into any exceptions under FRE 803.

These questions about this email are substantially more prejudicial than they are probative. The email does not relate to any distribution center or customer that services Cabell or Huntington. Instead, it discusses regulatory action at a distribution center in another state across the country. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.

Further, this is neither hearsay nor hearsay within hearsay, as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5) or FRE 803(6).

Finally, the fact that the CAH author of a writing to a CAH recipient expressing concerns about the CAH witness' regulatory system provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial. | 542 | 18 | 542 | 22 | | | | | | | |
| 365 | 16 | 366 | 10 | Foundation; 403; Speculation | There is no foundation for questioning about Exhibit 23. Mr. Brantley is not a recipient and is not copied on the emails contained in Ex. 24. Plaintiffs made no attempt to lay foundation to establish Mr. Brantley's knowledge of the email or its contents. Mr. Brantley testified he did not know  the author of the email other than having heard his name.

Counsel's questioning on a document the witness did not recieve and was not familiar with, including questioning about the authors' states of mind, required the witness to speculate.

These questions about this email are substantially more prejudicial than they are probative. The email does not relate to any distribution center or customer that services Cabell or Huntington. Instead, it discusses regulatory action at a distribution center in another state across the country. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.

The fact that the CAH author of a writing to a CAH receipient expressing concerns about the CAH witness' regulatory system at the same time that the DEA is issueing immediate suspension orders provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial.

Speculation is not supported. This is a form objection and was not made at the time, so any such objection was waived. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand. Finally, the witness is qualified to testify on policy and strategic decisions for CAH given his position and responsibility to do so on a regular and daily basis. | 543 | 1 | 543 | 3 | | | | | | | |

Brantley, Eric
11/27/2018

46:17:00

| WITNESS NAME | Eric Brantley |
| DEPOSITION DA | 11/27/2018 |

| | | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | OUNTER DESIGNATIONS  *Pink = Completeness Designatic | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Lin e Begin | Page/Lin e End | | Objections | Objection Notes | Replies to Objections | Page/Lin e Begin | Page/Lin e End | Objec tions | Objection Notes | Replies to Objections | Page/Lin e Begin | Page/Lin e End | Objec tions | Objection Notes | Replies to Objections |
| 366 | 14 | 366 | 16 | Foundation; 403; Speculation; Hearsay | There is no foundation for questioning about Exhibit 23. Mr. Brantley is not a recipient and is not copied on the emails contained in Ex. 24. Plaintiffs made no attempt to lay foundation to establish Mr. Brantley's knowledge of the email or its contents. Mr. Brantley testified he did not know  the author of the email other than having heard his name.<br><br>Counsel's questioning on a document the witness did not recieve and was not familiar with, including questioning about the authors' states of mind, required the witness to speculate.<br><br>These questions about this email are substantially more prejudicial than they are probative. The email does not relate to any distribution center or customer that services Cabell or Huntington. Instead, the question asks specifically about a "concern being voiced by the people in Lakeland." Lakeland is in Florida and has no nexus to Cabell or Huntington.<br><br>Counsel asked questions about an inadmissible hearsay statement in Exhibit 24 that is not a statement by a party opponent and does not fall under any exception in FRE 803. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.<br><br>The fact that the CAH author of a writing to a CAH receipient expressing concerns about the CAH witness' regulatory system at the same time that the DEA is issueing immediate suspension orders provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial.<br><br>Speculation is not supported. This is a form objection and was not made at the time, so any such objection was waived. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand. Finally, the witness is qualified to testify on policy and strategic decisions for CAH given his position and responsibility to do so on a regular and daily basis.<br><br>Further, this is neither hearsay nor hearsay within hearsay, as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5) or FRE 803(6). | 544 | 12 | 544 | 21 | | | | | | | |
| 366 | 18 | 366 | 22 | Foundation; 403 | There is no foundation for questioning about Exhibit 23. Mr. Brantley is not a recipient and is not copied on the emails contained in Ex. 24. Plaintiffs made no attempt to lay foundation to establish Mr. Brantley's knowledge of the email or its contents, including concerns purportedly raised by individuals in Florida. Mr. Brantley testified he did not know  the author of the email other than having heard his name.<br><br>These questions about an email describing a purported concern in Florida are substantially more prejudicial than they are probative. The email does not relate to any distribution center or customer that services Cabell or Huntington. Instead, the question asks specifically about a purported concern expressed in Florida that has no nexus to Cabell or Huntington. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.<br><br>The fact that the CAH author of a writing to a CAH receipient expressing concerns about the CAH witness' regulatory system at the same time that the DEA is issueing immediate suspension orders provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial. | 546 | 11 | 546 | 20 | | | | | | | |
| 367 | 8 | 367 | 19 | Foundation; Prejudicial; X | "X" is an objection to vagueness and ambiguity as to 367:18-19. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.<br><br>The fact that the CAH author of a writing to a CAH receipient expressing concerns about the CAH witness' regulatory system at the same time that the DEA is issueing immediate suspension orders provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial.<br><br>Further, an objection to a compound, vague, or ambiguous question is not supported, becuase the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses. | 546 | 23 | 547 | 4 | | | | | | | |
| 367 | 21 | 367 | 23 | | | n/a | 547 | 6 | 547 | 8 | | | | | | | |

46:17:00

| WITNESS NAME | Eric Brantley |
|---|---|
| DEPOSITION DA | 11/27/2018 |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | UNTER DESIGNATIONS *Pink = Completeness Designatic | | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 367 | 25 | 368 | 6 | Vague and ambiguous; mischaracterizes prior testimony. | The question "there was [sic] no red flags that got flagged, correct" is vague as to be incapable of reasonable construction. To the extent the Court nonetheless finds it capable of reasonable construction, the question mischaracterizes Mr. Brantley's prior testimony about the role of pickers and packers at distribution centers. Contrary to Plaintiffs' assertion, Counsel for Cardinal Health objected to form immediately after the question at 368:7. | Objection to a vague or ambiguous question is not supported. The form objections were not made to several questions at the time and are thus waived. Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses. | 547 | 11 | 547 | 19 | | | | | | | |
| 368 | 10 | 368 | 18 | Vague and ambiguous; mischaracterizes prior testimony; Assumes facts not in evidence | The objections are as to 368:16-18. Contrary to Plaintiffs' assertions, Counsel for Cardinal Health objected to form immediately following the question to which Cardinal Health objected, at 368:19.<br><br>The question whether medications were "out on the street" is vague and ambiguous, including because it's not clear whether the question refers to medications shipped from Cardinal Health to a licensed pharmacy, or whether it refers to medications dispensed to patients from that pharmacy.<br><br>The reference to "pills out on the street" assumes facts not in evidence about medication that Cardinal Health ships to licensed pharmacies who dispense it to patients with valid medical prescriptions, authored by physicians. | Objection to a vague or ambiguous question is not supported. These are form objections and were not made at the time, so any such objections were waived.  Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.<br><br>Objection to a mischaracterization of the testimony is unwarranted. The question adequately provides particular facts for the witness to answer explicitly. Further, counsel's questions are not evidence. | 547 | 20 | 548 | 11 | | | | | | | |
| 368 | 20 | 368 | 20 | | | | 548 | 16 | 548 | 23 | | | | | | | |
| 368 | 22 | 368 | 23 | 403; Foundation; Vague and ambiguous; Assumes facts not in evidence | The question whether medication shipped by Cardinal Health were "out on the street" is substantially more prejudicial than it is probative, because (to the extent the question can be reasonably construed), it relates to actions taken *after* Cardinal Health distributed the medical to a licensed pharmacy, involving conduct outside of its control.<br><br>Counsel failed to lay sufficient (or any) foundation for the line of questioning about medications purportedly "out on the street."<br><br>The question whether medications were "out on the street" is vague and ambiguous, including because it's not clear whether the question refers to medications shipped from Cardinal Health to a licensed pharmacy, or whether it refers to medications dispensed to patients from that pharmacy.<br><br>The reference to "pills out on the street" assumes facts not in evidence about medication that Cardinal Health shipped to licensed pharmacies who dispensed it to patients with valid medical prescriptions, authored by licensed physicians. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.<br><br>The fact that CAH reviewed reports for potential red flags after the shipments had shipped and were in circulation provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial.<br><br>Further, an objection to a compound, vague, or ambiguous question is not supported. | 548 | 14 | 548 | 14 | | | | | | | |
| 368 | 25 | 369 | 1 | | | n/a | 549 | 1 | 549 | 3 | | | | | | | |

Brantley, Eric
11/27/2018

46:17:00

| WITNESS NAME | Eric Brantley |
|---|---|
| DEPOSITION DA | 11/27/2018 |

| | | | | | | | | | COUNTER DESIGNATIONS  *Pink = Completeness Designatic | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | | Objections | Objection Notes | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | | | |
| 369 | 3 | 369 | 11 | Foundation ; 403; Mischaracterizes prior testimony | There is no foundation for questioning about Exhibit 23. Mr. Brantley is not a recipient and is not copied on the emails contained in Ex. 24. Plaintiffs made no attempt to lay foundation to establish Mr. Brantley's knowledge of the email or its contents, including concerns purportedly raised by individuals in Florida. Mr. Brantley testified he did not know  the author of the email other than having heard his name.<br><br>These questions about an email describing a purported concern in Florida are substantially more prejudicial than they are probative. The email does not relate to any distribution center or customer that services Cabell or Huntington. Instead, the question asks specifically about a purported concern expressed in Florida that has no nexus to Cabell or Huntington.<br><br>Counsel's question at 369:9-11, related to Mr. Brantley's prior testimony, mischaracterized the evidence and testimony from earlier in the deposition about the halting and reporting of suspicious orders. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.<br><br>The fact that CAH personnel were explicitly describing that and how CAH was failing to meet regulatory standards due to a flaw in the suspicious order monitoring system provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial.<br><br>Objection to a mischaracterization of the testimony is unwarranted. The question adequately summarize particular facts for the witness to answer explicitly. Further, counsel's questions are not evidence. | | 549 | 10 | 549 | 12 | | | | | | | | |
| 369 | 13 | 369 | 15 | | | n/a | | 549 | 15 | 549 | 21 | | | | | | | | |
| 369 | 17 | 369 | 25 | Speculation; Vague and ambiguous ; Counsel testifying | Counsel's questions require the witness to speculate about the hypothetical knowledge that purportedly should be possessed by other employees at Cardinal Health. Contrary to Plaintiffs' assertions, Counsel for Cardinal Health objected to form and preserved the objection at 370:1.<br><br>The objection to vagueness and ambiguity is as to 369:17-22. The phrase "they would have to know what they're picking" is so vague as to be incapable of reasonable construction, especially as to the meaning of "know[ing]" what one is "picking."<br><br>The objection to counsel testifying is as to 369:25. Counsel provided an answer rather than a question, saying only "absolutely" in response to the witness's prior answer. | Speculation is not supported. This is a form objection and was not made at the time, so any such objection was waived. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand based on his personal knowledge. Finally, the witness is qualified to testify on policy and strategic decisions for CAH given his position and responsibility to do so on a regular and daily basis.<br><br>Objection to a vague or ambiguous question is not supported. These are form objections and were not made at the time, so any such objections were waived.  Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.<br><br>Objection to a mischaracterization of the testimony is unwarranted. The question adequately provides particular facts for the witness to answer explicitly. Further, counsel's questions are not evidence. | | 550 | 3 | 550 | 14 | | | | | | | | |

Brantley, Eric
11/27/2018

46:17:00

| WITNESS NAME | Eric Brantley |
| DEPOSITION DA | 11/27/2018 |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | COUNTER DESIGNATIONS *Pink = Completeness Designatic | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 370 | 3 | 370 | 4 | Improper opinion; Vague and ambiguous; Improper hypothetic al; Mischaract erizes prior testimony. | Counsel's question seeks an expert opinion from a fact witness based on an improper hypothetical scenario: whether, if certain employees at Cardinal Health lack knowledge about the medication they distribute, they would be capable of "doi[ing] their job." The witness's experience at Cardinal Health does not render him an expert witness in this case capable of forming an expert opinion under FRE 702.  The objection to vagueness and ambiguity is as to 369:17-22. The phrase "they would have to know what they're picking" is so vague as to be incapable of reasonable construction, especially as to the meaning of "know[ing]" what one is "picking."  Counsel's question regarding the ability of Cardinal Health employees to fulfill their responsibilities mioscharacterizes Mr. Brantley's prior testimony about those employees and their role at the Company. | The testimony of the witness is not improper lay opinion. While the witness testimony does not require expertise, the witness has been demonstrably shown to have longstanding working and firsthand knowledge of the CAH regulatory requirements and suspicious order monitoring systems in place during his tenure. As such, the factual testimony elicited regarding particular nuances of jobs over which the witness had oversight is more likely than not to assist the judge in his understanding of the case in this bench trial.  Objection to a vague or ambiguous question is not supported, becuase the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.  Objection to a mischaracterization of the testimony is unwarranted. The question adequately provides particular facts for the witness to answer explicitly. Further, counsel's questions are not evidence. | 550 | 21 | 551 | 11 | | | | | | |
| 370 | 6 | 370 | 7 | | | n/a | 551 | 18 | 552 | 8 | | | | | | |
| 370 | 10 | 370 | 14 | Improper opinion; Vague and ambiguous; Improper hypothetic al; Mischaract erizes prior testimony. | Counsel's question seeks an expert opinion from a fact witness based on an improper hypothetical scenario: whether, if certain employees at Cardinal Health lack knowledge about the medication they distribute, they would be capable of "doi[ing] their job." The witness's experience at Cardinal Health does not render him an expert witness in this case capable of forming an expert opinion under FRE 702.  The phrase "they don't know what they're picking" is so vague as to be incapable of reasonable construction, especially as to the meaning of "know[ing]" what one is "picking."  Counsel's question regarding the ability of Cardinal Health employees to fulfill their responsibilities mioscharacterizes Mr. Brantley's prior testimony about those employees and their role at the Company. | The testimony of the witness is not improper lay opinion. While the witness testimony does not require expertise, the witness has been demonstrably shown to have longstanding working and firsthand knowledge of the CAH regulatory requirements and suspicious order monitoring systems in place during his tenure. As such, the factual testimony elicited regarding particular nuances of jobs over which the witness had oversight is more likely than not to assist the judge in his understanding of the case in this bench trial.  Objection to a vague or ambiguous question is not supported, becuase the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.  Objection to a mischaracterization of the testimony is unwarranted. The question adequately provides particular facts for the witness to answer explicitly. Further, counsel's questions are not evidence. | 552 | 12 | 552 | 18 | | | | | | |
| 370 | 16 | 370 | 19 | | | n/a | 552 | 22 | 553 | 6 | | | | | | |

46:17:00

| WITNESS NAME | Eric Brantley |
|---|---|
| DEPOSITION DA | 11/27/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | UNTER DESIGNATIONS  *Pink = Completeness Designatic | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 370 21 | 370 24 | Improper opinion; Vague and ambiguous ; Improper hypothetic al; Mischaract erizes prior testimony. | Counsel's question seeks an expert opinion from a fact witness based on an improper hypothetical scenario: whether, if certain employees at Cardinal Health lack knowledge about the medication they distribute, they would be capable of "doi[ing] their job." The witness's experience at Cardinal Health does not render him an expert witness in this case capable of forming an expert opinion under FRE 702.

The phrase "they don't know . . . what type of product they're picking" is so vague as to be incapable of reasonable construction, especially as to the meaning of "know[ing]" what "type of product" one is "picking."

Counsel's question regarding the ability of Cardinal Health employees to fulfill their responsibilities mischaracterizes Mr. Brantley's prior testimony about those employees and their role at the Company. | The testimony of the witness is not improper lay opinion. While the witness testimony does not require expertise, the witness has been demonstrably shown to have longstanding working and firsthand knowledge of the CAH regulatory requirements and suspicious order monitoring systems in place during his tenure. As such, the factual testimony elicited regarding particular nuances of jobs over which the witness had oversight is more likely than not to assist the judge in his understanding of the case in this bench trial.

Objection to a vague or ambiguous question is not supported, becuase the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.

Objection to a mischaracterization of the testimony is unwarranted. The question adequately provides particular facts for the witness to answer explicitly. Further, counsel's questions are not evidence. | 553 10 | 556 13 | | | | | | | | |
| 371 1 | 371 3 | Improper hypotheric al | Counsel's question presents an improper hypothetical about which he asked the witness to comment: whether, in a hypotheticla universe where "you don't know what your picking," it would be possible for "you" to "identify it." This is an improper hypothetical about which a lay fact witness cannot opine, regardless of his tenure with the Company. | The witness has been demonstrably shown to have longstanding working and firsthand knowledge of the CAH regulatory requirements and suspicious order monitoring systems in place during his tenure. As such, the factual testimony elicited regarding particular nuances of jobs over which the witness had oversight is entirely appropriate. | 556 20 | 557 10 | | | | | | | | |
| 371 6 | 371 12 | Foundation ; 403; Speculatio n; Relevance | There is no foundation for questioning about Exhibit 23. Mr. Brantley is not a recipient and is not copied on the emails contained in Ex. 24. Plaintiffs made no attempt to lay foundation to establish Mr. Brantley's knowledge of the email or its contents, including concerns purportedly raised by individuals in Florida. Mr. Brantley testified he did not know  the author of the email other than having heard his name.

These questions about an email describing a hypothetical "similar situation" in Lakeland, Florida are substantially more prejudicial than they are probative. The email does not relate to any distribution center or customer that services Cabell or Huntington. Instead, the question asks specifically about whether a hypothetical scenario could arise in a State across the country that has no nexus to Cabell or Huntington.

Counsel's question to Mr. Brantley inherently requires him to speculate about the hypothetical scenario proposed by the authori of the email about whether a "similar situation" could happen at a Florida distribution center.

Counsel's question about a hypothetical situation proposed by a Florida employee about a Florida distribution center has no bearing on the claims and issues at bar in Cabell or Huntington, and no nexus | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.

Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Here, the fact that the CAH author of a writing to a CAH receipient expressing concerns about the CAH witness' regulatory system on the same day that the DEA issued an immediate suspension order on the same CAH author's facility provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial.

Speculation is not supported. This is a form objection and was not made at the time, so any such objection was waived. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand. Finally, the witness is qualified to testify on policy and strategic decisions for CAH given his position and responsibility to do so on a regular and daily basis. | 557 17 | 557 20 | | | | | | | | |
| 371 14 | 371 15 | | | n/a | 557 24 | 559 15 | | | | | | | | |

Brantley, Eric
11/27/2018

46:17:00

| WITNESS NAME | Eric Brantley |
| DEPOSITION DA | 11/27/2018 |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | COUNTER DESIGNATIONS  *Pink = Completeness Designatio | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 371 | 17 | 372 | 8 | Foundation; Relevance; Incomprehensible question; Counsel testifying; Vague and ambiguous | Counsel questioned Mr. Brantley about an individual with whom Mr. Brantley was not familiar, without laying any foundation for his knowledge. The questioning thus lacks proper foundation.

The questions are not probative of any material fact at issue. The question at 371:25-372:1 is about potential out-of-state distributions in Ohio and the remaining portions of the designation relate to the job responsibilities of an individual with whom Mr. Brantley is not familiar. Neither is probative of the claims at bar.

The objection to an incomprehensible question (comprised only of the phrase "pickers and checker") is as to 371:17. No answer was provided to the incomprehensible question, which was never clarified or expounded upon.

The objection to counsel testifying is as to 372:5-7 ("Well, let's see what Mr. Baranski had to say about the picker's knowledge[.]"). That is an improper comment by counsel rather than a question.

The objection to vagueness and ambiguity is as to 372:7-8 ("He would be the one to ask?") The question is so vague as to be incapable of reasonable construction, especially as to the what question the | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.

Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Here, the fact that the highest ranking CAH official at a CAH facility believed and trained his personnel that the CAH regulatory agents "picking and checking" don't need to know the (controlled substances) product they are "toting" provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial.

Objection to a vague or ambiguous question is not supported, becuase the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses. The question adequately provides particular facts for the witness to answer explicitly. Further, counsel's questions are not evidence. | | | | | | | | | |
| 372 | 11 | 372 | 12 | Foundation; Vague and ambiguous | Cardinal Health reiterates its responses to Plaintiff's replies above as to its foundation and vagueness and ambiguity objections. | See above. | | | | | | | | | |
| 372 | 15 | 372 | 25 | Foundation; Vague and ambiguous; Mischaracterizes prior testimony | Counsel failed to lay foundation for questions to Mr. Brantley about Mr. Baranski, an individual whom Mr. Brantley previously testified he did not know.  Mr. Brantley lacks the personal knowledge to respond to Counsel's questions.

The objection to vagueness and amiguity is as to 372:18-19 ("He's the one that runs the building, right?) because the phrase "runs the building" is so vague as to be incapable of reasonable construction, especially given Mr. Brantley's prior testimony that he is unfamliar with the subject of the question.

The objection to mischaracterizing prior testimony is as to 372:22-23, to the phrase "head honcho," which is inconsistent with, and inaccurately characterizes, Mr. Brantley's prior testimony about the responsibilities of a Director of Operations. | Lack of Foundation is not supported. The foundation is provided by the testimony and/or document itself.

Objection to a vague or ambiguous question is not supported. These are form objections and were not made at the time, so any such objections were waived.  Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear responses.

Objection to a mischaracterization of the testimony is unwarranted. The question adequately provides particular facts for the witness to answer explicitly. Further, counsel's questions are not evidence. | | | | | | | | | |

46:17:00

| WITNESS NAME | Eric Brantley |
| DEPOSITION DATE | 11/27/2018 |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | COUNTER DESIGNATIONS *Pink = Completeness Designatio | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 373 | 4 | 373 | 24 | Foundation; 403; Scope; Incomprehensible designation | The objection to an incomprehensible designation is an objection that the designation lacks sufficient context, including as to the identity of the speaker(s), whether the excerpt is complete, where the video was located and who the audience was. The objection to scope is an objection as to time scope. | Lack of Foundation is not supported. The foundation is provided by the questions and testimony.<br><br>Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Here, the facts that CAH has repeatedly expressed their CAH multi-layered security system was sufficient; that the facts here demonstrate a CAH employee (Mr. Brantley) reviewing monthly reports of already-shipped controlled substances; that "pickers and checker" were meant to identify and flag excessive orders in the distribution facilities but that identification was left to the report "keyer" (Mr. Brantley) notifying the distribution facility and pickers double checking or performing quality check; that the highest ranking CAH official at a CAH facility (identified as CAH Wheeling Distribution Center, West Virginia, Director of Operations, Mr. Baranski) believed and trained his personnel that CAH regulatory agents picking and checking need not know the (controlled substances) product, just the "location to tote;" and that a foundational system participant (Mr. Brantley) believed that in order to identify and pick and report any product, knowledge of the underlying product was necessary to being able to identify or flag it, all provide material facts that are certainly meritorious enough towards CAH system practices, CAH knowledge, CAH notice, and CAH credibility to outweigh any prejudice that may so weigh on the judge in this bench trial.<br><br>Furthermore, CAH has clarified that layers of security by CAH exist, including, pickers and checkers. The entire purpose of the examiner's presentment is to develop the testimony of the witness to build background and context. The use of the video is similar to a hypothetical as used, and Brantley testified as to the purpose and institution of pickers and checkers, such that his first hand knowledge of what the pickers and checkers were theoretically and actually doing (given his high level position) is consequential to speak to CAH system practices, CAH knowledge, and CAH credibility. | | | | | | | | | | |
| 374 | 3 | 374 | 15 | Foundation; 403; Hearsay; Speculation; Mischaracterizes evidence; Compound question | Counsel failed to lay any foundation for introduction of, or questioning about, Mr. Baranski's prior testimony. To the contrary, Mr. Brantley testified he was unfamiliar with Mr. Baranski. It is unclear from the record where, when, and in what context Mr. Baranski's prior testimony was offered. There is no indication that Mr. Brantley has any personal knowledge of the testimony or its contents.<br><br>The testimony of non-deponent Mr. Baranski about Mr. Baranski's personal feelings is substantially more prejudicial than it is probative. As Mr. Brantley testified, Mr. Baranski's *feelings* about whether Cardinal Health pickers require certain knowledge is unrelated to the question whether they do or do not have knowledge. Mr. Baranski's feelings are not probative of any material fact at issue.<br><br>Mr. Baranski's statements are inadmissible hearsay. It is not clear that Mr. Baranski is tesrifying in his capacity as a Cardinal Health employee as is required for admission of his statements as statements of a party opponent. No hearsay exception under FRE 803 applies.<br><br>Counsel's questions require Mr. Brantley to speculate about Mr. Baranski's thoughts and feelings. | Lack of Foundation is not supported. The foundation is provided by the testimony itself.<br><br>Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Here, the fact that the highest ranking CAH official at a CAH facility (identified as CAH Wheeling Distribution Center, West Virginia, Director of Operations, Mr. Baranski) believed and trained his personnel that the CAH regulatory agents "picking and checking" don't need to know the (controlled substances) product they are "toting" provides material facts that are certainly meritorious enough to outweigh any prejudice that may so weigh on the judge in this bench trial.<br><br>Speculation is not supported. This is a form objection and was not made at the time, so any such objection was waived. The witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the evidence just presented. Finally, the witness is qualified to testify on policy and strategic decisions for CAH given his position and responsibility to do so on a regular and daily basis.<br><br>Further, this is neither hearsay nor hearsay within hearsay, as it does not satisfy FRE 801(c)(2) and/or FRE 801(d)(2)(A-E). Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(5) or FRE 803(6).<br><br>Objection to a mischaracterization of the testimony is unwarranted. The question adequately provides particular facts for the witness to answer explicitly. Further, counsel's questions are not evidence. | | | | | | | | | | |
| 374 | 17 | 374 | 18 | | | n/a | | | | | | | | | |
| 374 | 20 | 374 | 23 | Vague and ambiguous | The objection to vagueness and ambiguity includes an objection that the timeframe of the question about the implementation of an 18-month lookback is vague and ambiguous. A purported "completeness designation" would not help to clarify the ambiguous question, nor does Mr. Brantley response that he is unaware of the answer to Counsel's question. | Objection to a vague or ambiguous question is not supported. These are form objections and were not made at the time, so any such objections were waived. Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response of "I don't know." If the timeframe at issue, a completeness designation of the date re "4923" may be most appropriate. | | | | | | | | | | |

46:17:00

| WITNESS NAME | Eric Brantley |
|---|---|
| DEPOSITION DA | 11/27/2018 |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | | OUNTER DESIGNATIONS  *Pink = Completeness Designatic | | | | | REPLY DESIGNATIONS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 396 | 20 | 396 | 23 | Mischaracterizes prior testimony | Counsel's question about Cardinal Health's reporting practices mischaracterizes Mr. Brantley's prior testimony about suspicious order reporting, including through the use of Ingredient Limit Reports. | Objection to a mischaracterization of the testimony is unwarranted. The question adequately provides particular facts for the witness to answer explicitly, which he does. Further, counsel's questions are not evidence. | | | | | | | | | | |
| | | | | | | | | | | | | | | | |