| WITNESS NAME | | Howenstein, Kim | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DA | | 1/10/2019 | | | | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS  * *Pink* = Completeness Designation | | | | | REPLY DESIGNATIONS * *Pink* = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
| 10 | 11 | 10 | 19 | | | n/a | 15 | 17 | 16 | 20 | none | | | 135 | 14 | 135 | 24 | | | |
| 11 | 17 | 11 | 22 | | | n/a | 17 | 9 | 17 | 17 | none | | | 241 | 2 | 244 | 9 | | | |
| 12 | 1 | 14 | 22 | | | n/a | 98 | 13 | 98 | 15 | none | | | | | | | | | |
| 15 | 8 | 15 | 16 | | | n/a | 99 | 6 | 99 | 8 | none | | | | | | | | | |
| 16 | 21 | 17 | 8 | | | n/a | 135 | 3 | 135 | 13 | none if reply designation stays in | | | | | | | | | |
| 92 | 2 | 92 | 4 | | | n/a | 139 | 23 | 140 | 23 | none | | | | | | | | | |
| 92 | 9 | 92 | 15 | | | n/a | 233 | 11 | 233 | 15 | none | | | | | | | | | |
| 92 | 18 | 92 | 18 | | | n/a | 234 | 13 | 234 | 23 | none | | | | | | | | | |
| 94 | 2 | 94 | 11 | Foundation | | This is an objection to form which was not made during the deposition for 94:8-11, and is thus waived relative to same.  Moreover, the foundation is provided by the exhibit itself, which is the witness's personnel file and which provides the information at issue (under the portion completed by the witness).  *See* Dep. Exh. 3 (Howenstein employment file) at p. 6.  In fact, the witness agreed and confirmed that she wrote the information in question (that she re-created Cardinal's procedure for threshold events and early dialogue).  See Dep. at 96:4-10.  Additionally, the foundation was provided by other testimony.  The topic at issue was within the witness's experience and job responsibilities.  *See* Dep. at 12:17-20 (her "main roles and responsibilities is the customer management of threshold reviews, threshold settings"), and 97:9-13 ("[n]ew account setup is part of the anti-diversion team").  The fact that the witness did not recall does not eliminate the foundation which was established, and the witness's lack of recall is itself consequential for competence and/or credibility.  Further, to the extent that any alleged foundation issue exists, the Court can properly consider, account for, and/or weigh same in this bench trial. | 355 | 23 | 356 | 8 | foundation | | | | | | | | | |
| 96 | 4 | 96 | 10 | | | n/a | | | | | | | | | | | | | | |
| 97 | 2 | 98 | 9 | Foundation | | Same response as above (for 94:2-11).  Also, this is an objection to form which was not made during the deposition for 97:2-98:7, and is thus waived relative to same.  Moreover, the witness provided further foundation by confirming that the Cardinal's procedure at issue (for threshold events and early dialogue) was from the same time she stated in her evaluation that she re-created it.  *See* Dep. at 97:3-15. | | | | | | | | | | | | | | |
| 98 | 11 | 98 | 12 | | | n/a | | | | | | | | | | | | | | |
| 98 | 16 | 99 | 5 | Foundation | | This is an objection to form which was not made during the deposition, and is thus waived.  Same substantive response as above (for 94:2-11 and 97:2-98:9). | | | | | | | | | | | | | | |
| 99 | 9 | 99 | 13 | | | n/a | | | | | | | | | | | | | | |
| 125 | 22 | 125 | 24 | Calls for a legal conclusion | | The objection to legal conclusion is not supported.  The questioning seeks the witness's understanding about the role she played and the role Quality and Regulatory Affairs played within Cardinal, including relative to helping protect the public.  Moreover, the questioning tracks the witness's testimony as well as language from the exhibit written by the witness.  *See* Dep. Exh. 3 at p. 48 ("QRA can be viewed as a thankless job at times simply because the nature of the business and the role we must play within Cardinal Health to protect the public.").  *See also* , Dep. at 132:3-7. | | | | | | | | | | | | | | |
| 126 | 2 | 126 | 7 | Calls for a legal conclusion | | Same response as above. | | | | | | | | | | | | | | |
| 126 | 14 | 126 | 22 | Calls for a legal conclusion | | Same response as above. | | | | | | | | | | | | | | |
| 127 | 4 | 127 | 7 | Calls for a legal conclusion | | Same response as above. | | | | | | | | | | | | | | |
| 127 | 9 | 127 | 19 | Calls for a legal conclusion | | Same response as above. | | | | | | | | | | | | | | |
| 128 | 10 | 128 | 12 | Calls for a legal conclusion | | Same response as above. | | | | | | | | | | | | | | |
| 128 | 18 | 128 | 21 | Calls for a legal conclusion | | Same response as above. | | | | | | | | | | | | | | |
| 128 | 23 | 128 | 24 | Calls for a legal conclusion | | Same response as above. | | | | | | | | | | | | | | |
| 129 | 2 | 129 | 5 | Calls for a legal conclusion | | Same response as above. | | | | | | | | | | | | | | |
| 130 | 6 | 130 | 9 | | | n/a | | | | | | | | | | | | | | |
| 130 | 12 | 130 | 15 | | | n/a | | | | | | | | | | | | | | |
| 130 | 18 | 130 | 18 | | | n/a | | | | | | | | | | | | | | |
| 130 | 21 | 131 | 15 | | | n/a | | | | | | | | | | | | | | |
| 131 | 22 | 131 | 23 | | | n/a | | | | | | | | | | | | | | |
| 132 | 2 | 132 | 10 | | | n/a | | | | | | | | | | | | | | |
| 132 | 12 | 132 | 12 | | | n/a | | | | | | | | | | | | | | |
| 132 | 14 | 132 | 24 | Argumentative (132:21-23) | | This is simply a factually accurate recitation of what was previously asked, which was necessitated by the witness's prior inability to answer. *See* Dep. at 123:14-125:21.  Further, to the extent that any alleged argument exists, the Court can properly consider, account for, and/or weigh same in this bench trial.  With the above said, if Cardinal withdraws the objection, Plaintiffs agree to withdraw designation of the first portion of the questioning (at 132:21-23), and will keep the following (at 132:23-24): "But these are your words that you wrote back in 2013, correct?" | | | | | | | | | | | | | | |

Howenstein, Kim
January 10, 2019

| WITNESS NAME | Howenstein, Kim |
| --- | --- |
| DEPOSITION DATE | 1/10/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS * *Pink* = Completeness Designation | | | | | REPLY DESIGNATIONS * *Pink* = Completeness Designation | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Page/Line Begin | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 133 | 3 | 133 | 13 | | n/a | | | | | | | | | | |
| 136 | 1 | 136 | 4 | | n/a | | | | | | | | | | |
| 139 | 14 | 139 | 22 | | n/a | | | | | | | | | | |
| 152 | 16 | 152 | 21 | | n/a | | | | | | | | | | |
| 153 | 1 | 153 | 6 | | n/a | | | | | | | | | | |
| 153 | 10 | 153 | 22 | Argumentative (153:19-22) | | Plaintiffs disagree that 153:19-22 is argumentative.  The questioning is phrased in order to provide the witness with context and perspective.  The questioning sought the witness's understanding of the matter, she was given an opportunity to answer, and she did so without difficulty (and in fact elaborated).  Further, to the extent that any alleged argument exists, the Court can properly consider, account for, and/or weigh same in this bench trial. | | | | | | | | | | |
| 153 | 24 | 154 | 1 | | n/a | | | | | | | | | | |
| 157 | 2 | 157 | 11 | | n/a | | | | | | | | | | |
| 159 | 2 | 159 | 16 | | n/a | | | | | | | | | | |
| 202 | 22 | 203 | 2 | | n/a | | | | | | | | | | |
| 205 | 3 | 206 | 5 | Relevance (geographic scope) (206:1-5) | | The relevance/geographic scope objection has been overruled by the Court relative to Florida and Cardinal's Lakeland facility.  *See* 6/8/2021 Trial Tr. at 88:18-24 ("I've dealt with the geographic scope objections before and I think the theory is that there is a systemic failure that transcended the -- pretty much the entire operation which would have encompassed Cabell/Huntington and -- Cabell/Huntington.  So I'm going to overrule the geographic scope objection."). | | | | | | | | | | |
| 206 | 7 | 206 | 13 | Relevance (geographic scope) | | Same response as above. | | | | | | | | | | |
| 206 | 15 | 206 | 16 | Relevance (geographic scope) | | Same response as above. | | | | | | | | | | |
| 207 | 13 | 208 | 4 | | n/a | | | | | | | | | | |
| 208 | 6 | 209 | 6 | | n/a | | | | | | | | | | |
| 210 | 8 | 210 | 18 | | n/a | | | | | | | | | | |
| 210 | 20 | 212 | 7 | Foundation, Argumentative (212:2-7) | | As for the foundation and argumentative objections, they are not supported.  The question was posed for confirmation and not argument.  Moreover, the witness had the experience, knowledge and job responsibilities to answer the question, which the witness did without difficulty.  Further, any alleged issue with the question can be properly considered, accounted for, and/or weighed in this bench trial. | | | | | | | | | | |
| 212 | 10 | 212 | 10 | | n/a | | | | | | | | | | |
| 214 | 12 | 215 | 3 | | n/a | | | | | | | | | | |
| 219 | 19 | 220 | 6 | | n/a | | | | | | | | | | |
| 220 | 8 | 220 | 10 | | n/a | | | | | | | | | | |
| 230 | 23 | 231 | 23 | Foundation | | This is an objection to form which was not made during the depositon for 230:23-231:7, and is thus waived relative to same.  Moreover, the foundation was laid prior to the questioning at issue.  *See* Dep. at 230:21-22 ("I have heard of the cockroach effect.").  The foundation was further confirmed by the witness's testimony and with context.  *See* Dep. at 231:21-22 ("I understand the cockroach effect in that statement.").  Additionally, the foundation was provided from the document/exhibit.  *See* Dep. Exh. 3 at p. 28 ("There is a cockroach effect happening where if a terminate -- if we terminate a bad customer based on evidence of potential diversion, those customers will scatter to good pharmacies.").  And, the witness confirmed that she wrote this and understood it.  *See* Dep. at 234:8-12. | | | | | | | | | | |
| 232 | 1 | 233 | 2 | Foundation | | Same response as above except for the waiver argument. | | | | | | | | | | |
| 233 | 4 | 233 | 8 | Foundation | | Same response as above except for the waiver argument. | | | | | | | | | | |
| 233 | 16 | 233 | 23 | Foundation | | Same response as above except for the waiver argument. | | | | | | | | | | |
| 234 | 2 | 234 | 6 | Foundation | | Same response as above except for the waiver argument. | | | | | | | | | | |
| 234 | 8 | 234 | 9 | | | n/a | | | | | | | | | | |
| 234 | 12 | 234 | 12 | | | n/a | | | | | | | | | | |