| WITNESS NAME: | Stephen Lawrence |
|---|---|
| DEPOSITION DATE | 1/4/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections |
| 12 | 6 | 14 | 4 | | | n/a | 15 | 1 | 15 | 9 | | | | 145 | 11 | 146 | 3 | | | |
| 14 | 20 | 14 | 24 | Completeness | The designated testimony is incomplete. | No objection to the completeness designations of 15:1-9. | 15 | 10 | 15 | 19 | | | | 146 | 12 | 147 | 10 | Foundation; Lack of personal knowledge | The witness's testimony demonstrates and underscores the lack of personal knowledge regarding the testimony designated in this reply designation, as well as the testimony designated by Plaintiffs at 126-133 and 138-140. | |
| 16 | 2 | 18 | 24 | Completeness; Non-responsive. | The designated testimony is incomplete. The witness's answer - after "About three years ago or so" - is not responsive to the question (17:7-11) | No objection to the completeness designations of 15:10-19. As for the non-responsiveness objection, this was not made during the deposition and is thus waived. Additionally, the answer is responsive as it states how long the witness remained in his role (which was the question asked). | 26 | 24 | 28 | 10 | | | | | | | | | | |
| 21 | 9 | 24 | 14 | | | n/a | 31 | 19 | 33 | 11 | | | | | | | | | | |
| 25 | 7 | 26 | 10 | Relevance | The testimony is not relevant to the claims at issue in this litigation (25:7-26:4) | The information is relevant for background on the witness, including the roles/titles he had, how many people were under his supervision, and whether he still works at Cardinal. Further, there is not even an allegation that this information is unfairly prejudicial. | 90 | 16 | 93 | 6 | | | | | | | | | | |
| 35 | 13 | 39 | 21 | Foundation; Vagueness; Calls for legal conclusion; | The question, together with the witness's testimony, is vague. (36:19-37:16) The question lacks foundation because he witness responded that he is not familiar with the term that is the subject of the question. (37:17 - 38:1). The questions call for a legal conclusion regarding duties that Cardinal Health--and specifically the sales team--owes; the questions lack foundation as to the witness's knowledge and ability to answer about the legal duties under the Controlled Substances Act; and the questions are prejudicial (38:2-39:4). The question, together with the witness's testimony, is vague. (39:9-39:14) | No objection to completeness designation of 31:19-33:11. Foundation is directly established by the testimony, including that the training of the sales force reported up through the witness. See dep. at 35:5-6. Also, testimony about training the sales/marketing team received, and whether it received training on suspicious order monitoring, is factual testimony and not a legal conclusion. This is relevant to central issues in the litigation (e.g., Cardinal's suspicious order monitoring policies and procedures, and/or the resources which Cardinal used regarding same). Further, this information is not unfairly prejudicial and even if found so, the relevance outweighs any alleged prejudice. Moreover, any alleged prejudice can be eliminated and/or properly minimized and weighted in this Bench trial. | 140 | 4 | 140 | 19 | | | | | | | | | | |
| 73 | 1 | 73 | 7 | Relevance | The proffered document is not relevant to the claims at issue in this litigation. | This information is relevant for background on the witness, the witness's roles and performance at the company, and the roles and capabilities of his/Cardinal's sales/marketing team relative to various issues, including access to automation tools and/or analytics surrounding the status and monitoring of customers. This response also applies to exhibit 5. | 144 | 16 | 145 | 10 | | | | | | | | | | |
| 73 | 10 | 73 | 17 | | | n/a | 146 | 4 | 146 | 11 | | | | | | | | | | |
| 81 | 2 | 82 | 4 | Relevance | The testimony regarding the witness's personnel file and performance evaluation is not relevant to the claims at issue in this litigation. | This information is relevant for the witness's roles and performance at the company, and the roles and capabilities of his/Cardinal's sales/marketing team relative to various issues, including access to automation tools and/or analytics surrounding the status and monitoring of customers. | | | | | | | | | | | | | | |
| 82 | 12 | 82 | 14 | Relevance | The testimony regarding the witness's personnel file and performance evaluation is not relevant to the claims at issue in this litigation. | Same as above. | | | | | | | | | | | | | | |
| 82 | 20 | 84 | 16 | Relevance | The testimony regarding the witness's personnel file and performance evaluation, as well as the testimony regarding the witness's creation of internal analytics capabilities to study customer retention is not relevant to the claims at issue in this litigation. | Same as above. | | | | | | | | | | | | | | |
| 106 | 8 | 110 | 20 | Non-responsive | The witness's response is not responsive to the question (108:8-108:22) | The answer is directly responsive. The witness first answered the question directly (with "yeah" at 108:8), and then explained his answer by providing background. Also, no objection to responsiveness was made to his answer at the time of the deposition, and any such objection is thus waived. | | | | | | | | | | | | | | |
| 116 | 19 | 122 | 6 | Relevance; Lack of personal knowledge; Vague | The witness's testimony regarding Exhibit 8 is not relevant to the claims at issue in this litigation. (116:19-120:2, 121:5-122:3) Plaintiffs failed to establish that the witness has personal knowledge regarding the emails that are read into the record from Exhibit 8 prior to when the witness emailed his response (118:5-118:16, 118:24-120:10) The question and testimony is vague (120:14-121:3) | This information is relevant to background, roles, and capabilities of his/Cardinal's sales/marketing team relative to access to data, tools, and/or analytics surrounding the status and monitoring of customers. According to this testimony and the email (dep. exh. 8) from the witness, his team had access to sales data warehouse information which was capable of identifying customers that would hit triggers based on drugs being ordered/purchased, and could help with getting such information by drug item number and by customer location going back 33 months. This is also relevant to show the notice and capabilities Cardinal had to monitor and/or cut-off customers, as well as what Cardinal did/did not do with same. The foundation was fully established by the witness's testimony as well as by the email from the witness (dep. exh. 8), and there was no vagueness as the testimony tracked the exhibit/email from the witness and his recitation of what capabilities the sales/marketing team had relative to customers. This response also applies to exhibit 8. | | | | | | | | | | | | | | |
| 122 | 14 | 123 | 2 | Relevance; Vague | The witness's testimony regarding Exhibit 8 is not relevant to the claims at issue in this litigation. The question and answer is vague. | Same as above. | | | | | | | | | | | | | | |
| 123 | 4 | 126 | 1 | Relevance; Prejudicial; Lack of foundation; Rule 408 | The questions and testimony regarding Cardinal Health's settlement documents are not relevant because they lack a nexus to Cabell and Huntington and because the prejudice is substantially outweighed by the relevance to this litigation (124:2-126:1). The testimony also fails to establish proper foundation for the witness's testimony regarding this settlement document. | Same as above (to the extent objections are made regarding 123:4-16). With respect to the 408 and other objections regarding exhibit 9, please see below. | | | | | | | | | | | | | | |
| 126 | 3 | 126 | 12 | Same as above | Same as above | This evidence shows Cardinal's notice, knowledge and/or acceptance of applicable regulations and/or potential harm from diversion. FRE 408 is inapplicable as the settlement in question involved a separate litigation/matter. This is also plain from the language of the rule, which repeatedly references "prov[ing]" or disprov[ing]" the validity or amount of a disputed claim" by offering evidence of conduct that occurred while attempting to resolve "the claim." See FRE 408(a)(1) and (2). Even if FRE 408 applied, the settlement is admissible for "another purpose," such as to show Cardinal's knowledge or notice of regulations and/or potential harm. Fed. R. Evid. 408(b) and Committee Notes on 2006 amendment. See Johnson v. Hugo's Skateway, 949 F.2d 1338, 1346 (4th Cir. 1991) ("[T]he admission of the consent decree was not violative of Rule 404(b)"). Moreover, the MDL Court previously ruled that this evidence was admissible (see 1/3/2020 Order (MDL Doc. 3058) at 12-13), and this Court previously denied Defendants' motion in limine regarding same. See 4/29/2021 Order (Doc. 1297) at p. 12 ("The court agrees with Judge Polster that evidence regarding prior settlements is not barred by either Federal Rule of Evidence 408 or 403. Nor can the court find that such evidence is necessarily irrelevant to plaintiffs' public nuisance claim."). | | | | | | | | | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 126 | 20 | 133 | 4 | Relevance; FRE 408; Prejudicial | The testimony is not relevant to the claims at issue in this litigation as it pertains to settlement matters protected under FRE 408, and which are also outside the geographic scope of this litigation. To the extent the testimony i s relevant, its relevance is substantially outweighed by the prejudicial nature of the testimony. (126:20 -127:9, 128:14-130:1, 130:2-16, 130:18-131:23, 131:24-133:4). | Same as above regarding objections to prejudice, relevance and 408 (for 126:20-127:9 and 128:14-130:1). Also, for the same designation as well as 130:2-130:16, this is necessary information for background, context, and to develop the witness's testimony regarding the email the witness wrote and was questioned about on the same topic. *See* dep. exh. 10. With respect to 130:18-131:23 and 131:24-133:4 (relevance and prejudice objections), this shows the capabilities of the witness's/Cardinal's sales/marketing team relative to access to data, tools, and/or analytics surrounding the status and monitoring of customers. According to this testimony and the email (dep. exh. 8) from the witness, his team had access to sales data warehouse information which was capable of identifying customers that would hit triggers based on drugs being ordered/purchased, and could help with getting such information by drug item number and by customer location going back 33 months. This is also relevant to show the notice and capabilities Cardinal had to monitor and/or cut-off customers, as well as what Cardinal did/did not do with same, including the fact that the witness offered this assistance prior to suspension orders being issued to Cardinal. This response also applies to exhibit 10. | |
| 138 | 18 | 140 | 3 | Foundation; Lack of personal knowledge | The question and testimony fail to establish foundation and personal knowledge. The witness testified that he does not know and cannot answer the question due to his lack of knowledge (138:18-139:5) | Lack of foundation for 138:18-139:5 is not applicable. The witness had the role, knowledge and experience as established by the testimony, including that: a) the witness started working at Cardinal in 1991 (*see* dep. at 12:9-14), b) the witness became Cardinal's V.P. of marketing in 2004/2005 and then took over all of Cardinal's marketing until 2009 when he became Cardinal's Senior V.P. of independent Sales (*see* dep. at 21:24-23:12, dep. exh. 5), c) the team he ran had access to sales data warehouse information to identify customers based on drugs being ordered/purchased going back 33 months (*see* dep. at 116:19-122:6, dep. exh. 8), and d) the training of the sales force reported up through the witness. *See* dep. at 35:5-6. Moreover, the witness clarifies his recollection about the availability of sales data, testifying that although he did not recall when they started to called it a "sales data warehouse", he and his team always had a way to get sales data. *See* dep. at 139:11-14. | |
| 189 | 23 | 189 | 24 | Foundation; Lack of personal knowledge | The witness's testimony establishes a lack of foundation and personal knowledge regarding portions of the document pertaining to reporting of suspicious orders and customers. The prejudice from the document is substantially outweighed by its relevance. | Same as above regarding foundation. Further, this was an email which the witness wrote in connection with his job responsibilities at Cardinal. Also, in addition to writing the email, the witness remembered the exchange and was familiar with the contents. *See e.g.*, dep. at 192:3-193:5. As for the unfair prejudice objection, no such showing has been made. This information is relevant to Cardinal shutting off customers from ordering opioids/controlled substances, how and under what time-frame they did it, and how it worked in conjunction with Cardinal's sales (including salespeople reporting of suspicious orders/customers). The relevance outweighs any alleged prejudice. Moreover, any alleged prejudice can be eliminated and/or properly minimized and weighted in this Bench trial. | |
| 190 | 14 | 201 | 14 | foundation; Lack of personal knowledge; Vague | The testimony establishes that the witness lacked personal knowledge of the subject matter about which he was asked, and Plaintiffs failed to establish proper foundation that the witness did or should have had personal knowledge (193:6-193:11, 201:1-201:14)<br>The question and testimony is vague (195:8-195:15) | Lack of foundation for 193:6-11 and 201:1-14 is not applicable. The witness had the role, knowledge and experience as established by the testimony, including, among other things, that: a) the witness started working at Cardinal in 1991 (*see* dep. at 12:9-14), b) the witness became Cardinal's V.P. of marketing in 2004/2005 and then took over all of Cardinal's marketing until 2009 when he became Cardinal's Senior V.P. of independent Sales (*see* dep. at 21:24-23:12, dep. exh. 5), and c) the training of the sales force reported up through the witness. *See* dep. at 35:5-6. Also, the witness clarifies his knowledge about the topics. *See e.g.*, dep. at 193:12-20. Moreover, what the witness recalled/knew is not dispositive. The witness had the role and experience to be capable of answering, and if he (as head of sales) did not know, that in and of itself is consequential. As for the vagueness objection, the witness was able to (and did) clarify his testimony and fully answer the questioning (*see* dep at 195:19-196:10), and the full questioning/testimony should remain in place for background and context. | |