| WITNESS NAME: | Norris, Jennifer |
|---|---|
| DEPOSITION DATE: | 8/7/2018 |

**AFFIRMATIVE DEPOSITION DESIGNATIONS** | **COUNTER DESIGNATIONS** *Pink = Completeness* | **Y DESIGNATIONS** *Pink = Completeness Designation*

| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 8 | 15 | 1 | | n/a | 15 | 2 | 16 | 12 | none | 303 | 17 | 304 | 18 | | |
| 16 | 13 | 16 | 16 | | n/a | 38 | 10 | 38 | 10 | none | 269 | 23 | 270 | 20 | | |
| 17 | 2 | 17 | 8 | | n/a | 66 | 7 | 66 | 13 | none if reply designation stays in | | | | | |
| 17 | 12 | 17 | 17 | | n/a | 129 | 7 | 130 | 6 | none | | | | | |
| 19 | 2 | 19 | 4 | Improper exhibit | Deposition notice should be treated as demonstrative, not exhibit; line 17:10 included in row below | This is publicly available (Pub.L. 91-513, Title II, § 303, Oct. 27, 1970, 84 Stat. 1253) and is not hearsay pursuant to FRE 803(8) and/or because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice relative to: applicable distribution regulations, congressional findings, scheduling of controlled substances, and/or dangers of controlled substances). Moreover, the Court has admitted similar exhibits, or has otherwise found that judicial notice can be taken. See e.g., P-23736; DEF-WV-02578; 6/8/2021 Trial Tr. at 150:12-151:1; 6/9/2021 Trial Tr. at 39:1-40:1, 51:8-15. Purusant to FRE 201, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information". See FRE 201(c)(2). Regardless of whether a demonstrative or an exhibit, Plaintiffs request that the Court take judicial notice of this statute and information. | 130 | 20 | 131 | 22 | none | | | | | |
| 20 | 17 | 22 | 16 | | | n/a | 133 | 17 | 133 | 24 | none | | | | | |
| 22 | 18 | 22 | 21 | | | n/a | 137 | 13 | 137 | 19 | none | | | | | |
| 22 | 23 | 22 | 23 | | | n/a | 166 | 19 | 167 | 6 | none | | | | | |
| 23 | 1 | 23 | 10 | | | n/a | 198 | 23 | 199 | 10 | none | | | | | |
| 24 | 2 | 24 | 3 | Violates court order; scope; relevance | | Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018.

Further, while the subject matter of 30(b)(6) topics for which corporate representative testimony was sought were developed by parties in the normal course of discovery, the rulings by MDL Special Master Cohen as cited were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Additionally, although such discovery ruling(s) certainly impacted framing by parties of future deposition notices, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.

This testimony is relevant to the trier of fact, because Cardinal's knowledge, notice, and/or understanding of applicable federal statutory distribution regulations - as found in 21 USC 801 and other law - inform the trier of fact as to the scope of applicable time frames for which Cardinal's knowledge, notice, and understanding may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated such regulations, including through deficiencies with its national policies/procedures, and that Cardinal feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402.

More narrowly, this testimony - by a witness with 18 years of legal experience at Cardinal in the position of a Vice President and whom Cardinal designated and subsequently prepared to testify on Cardinal's behalf as their corporate representative for matters in this case - is relevant because whether Cardinal Health saw and agreed with congressional findings may inform the trier of fact that the heart of Cardinal's postulation, that Cardinal maintained compliance with the same regulations in adherence to all facts and guidance made known to them by federal regulatory agencies, is false. | 244 | 11 | 247 | 4 | none | | | | | |
| 24 | 7 | 24 | 13 | Violates court order; scope; relevance | Plaintiffs have designated testimony from Jennifer Norris's deposition as a Rule 30(b)(6) corporate representative of Cardinal Health that occurred early in the deposition discoveyr period of Track 1 of MDL No. 2804, which was then being overseen by Special Master David Cohen. Cardinal Heath objected to many of the topics in that notice as overbroad and calling for a legal conclusion. Shortly after Ms. Norris's deposition, another MDL defendant, Walmart, raised a dispute with SM Cohen regarding a similar 30(b)(6) notice that Walmart received.  On September 3, 2018, SM Cohen ruled that certain topics "seek legal conclusions and, thus, are inappropriate for a 30(b)(6) deposition," including topics asking about Walmart's "past/present interpretation, compliance, agreement and/or disagreement with" the Dear Registrant letters; the "Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enf't Admin., 861 F.3d 206 (D.C. Cir. 2017); and the amicus breif filed by HDMA in that case.  The Court concluded that "Plaintiffs are entitled to obtain testimony regarding Walmart's compliance with these subtopics, but not regarding past/present interpretation, agreement, and/or disagreement." These topics were equally inappropriate for the Rule 30(b)(6) deposition of Ms. Norris. Plaintiffs Plaintiffs have nonetheless designated substantial portions of Ms. Norris's testimony concerning Cardinal Health's interpretation, or agreement, or disagreement with others' interpretation of legal obligations, rather than Cardinal Health's compliance with alleged obligations, as specifically identified herein.  These topics are outside the proper scope of Ms. Norris's 30(b)(6) testimony, and these designations therefore violate the MDL Court's September 3, 2018 Order. | Same as above. | 268 | 24 | 269 | 22 | none if reply designation stays in | | | | | |
| 24 | 15 | 25 | 5 | Violates court order; scope; relevance | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/3/18; whether Cardinal Health agrees with congressional findings is not relevant | Same as above. | 305 | 10 | 305 | 20 | none | | | | | |
| 26 | 23 | 27 | 11 | | | n/a | 306 | 16 | 306 | 19 | none | | | | | |

| WITNESS NAME: | Norris, Jennifer |
|---|---|
| DEPOSITION DATE: | 8/7/2018 |

**AFFIRMATIVE DEPOSITION DESIGNATIONS** | **COUNTER DESIGNATIONS** *Pink = Completeness* | **Y DESIGNATIONS** *Pink = Completeness Designa*

| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | 7 | 28 | 15 Vague | Vague as to "heightened standard" | Objection for vagueness is not supported. The question was phrased to confirm generally Cardinal's knowledge that, "Schedule IIs have a heightened standard when dealing with them," further clarified as "heightened security standard." Further, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response, that "Schedule IIs, in addition to other controlled substances, have different controls, for lack of a better word, that need to be applied in the manufacture, distribution, dispensing, prescribing, and using." See Norris Dep. Tr. 28:17-21. Finally, while Plaintiffs submit that the question is not vague, any alleged vagueness can be properly considered, accounted for, and/or weighed in this bench trial. | | | | | | | | |
| 28 | 17 | 29 | 8 Violates Court order (29:6-8); scope (29:6-8) | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/3/18 | Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018.

Further, while the subject matter of 30(b)(6) topics for which corporate representative testimony was sought were developed by parties in the normal course of discovery, the rulings by MDL Special Master Cohen as cited were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Additionally, although such discovery ruling(s) certainly impacted framing by parties of future deposition notices, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.

This testimony is relevant to the trier of fact, because Cardinal's knowledge, notice, and/or understanding of applicable federal statutory distribution regulations - as found in 21 USC 801 and other law - inform the trier of fact as to the scope of applicable time frames for which Cardinal's knowledge, notice, and understanding may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated such regulations, including through deficiencies with its national policies/procedures, and that Cardinal feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402.

More narrowly, this testimony - by a witness with 18 years of legal experience at Cardinal in the position of a Vice President and whom Cardinal designated and subsequently prepared to testify on Cardinal's behalf as their corporate representative for matters in this case - is relevant because whether Cardinal Health saw and agreed with congressional findings may inform the trier of fact that the heart of Cardinal's postulation, that Cardinal maintained compliance with the same regulations in adherence to all facts and guidance made known to them by federal regulatory agencies, is false. | | | | | | | | |
| 29 | 10 | 29 | 10 Violates court order; scope | See above explanation regaridng SM Cohen Ruling re: Walmart 30b6 Topics, 9/3/18 | Same as above. | | | | | | | | |
| 29 | 17 | 30 | 2 Violates court order; scope; relevance | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/3/18; whether Cardinal Health agrees with congressional findings is not relevant | Same as above. | | | | | | | | |
| 31 | 1 | 31 | 8 Violates court order; scope; relevance | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/3/18; whether Cardinal Health agrees with congressional findings is not relevant | Same as above. | | | | | | | | |
| 31 | 10 | 31 | 12 | | n/a | | | | | | | | |
| 33 | 4 | 33 | 9 | | n/a | | | | | | | | |
| 33 | 12 | 34 | 20 | | n/a | | | | | | | | |
| 35 | 1 | 36 | 12 | | n/a | | | | | | | | |
| 36 | 22 | 37 | 10 | | n/a | | | | | | | | |
| 37 | 13 | 38 | 7 Violates court order; scope; relevance; calls for legal conclusion (38:2-7) | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/3/18; whether Cardinal Health agrees with congressional findings is not relevant | Same as above.

Further, this objection alleging that the inquiry requests the witness to improperly reach a legal conclusion, clearly a job reserved for the judge in this bench trial, is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.

The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel of Mergers, Acquisitions, and Integration with 18 years of Cardinal employment experience, specifically with Cardinal's pharmacy distribution business and corporate sales support. Additionally, Cardinal Health appointed the witness to testify as their corporate representative and prepared her to testify in this deposition. As such, it is a practical question to determine Cardinal's precise stance on or acceptance of their Congressionally intended registrant role as Congress in the legitimate distribution chain. Such a practical question, not a legal question, to ask after their position does not offer a legal conclusion when the witness responds.

Finally, Plaintiffs do not intend for such testimony by Cardinal or on Cardinal's behalf to establish any legal conclusion for the Court to adopt or consider. Rather, the testimony establishes facts for the framework of the Court's evaluation of Cardinal's actions in ascertainment of their liability for the development of the existing public nuisance as claimed by Plaintiffs. | | | | | | | | |

| WITNESS NAME: | Norris, Jennifer |
| --- | --- |
| DEPOSITION DATE: | 8/7/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS *Pink = Completeness | | | | Y DESIGNATIONS *Pink = Completeness Designa | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Page/Line Begin | Page/Line End | Objections | Objection Notes | | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 38 | 11 | 39 | 9 | Incomplete answer designated (38:10); violates court order; scope; calls for legal conclusion | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/13/18 | Same as above. | | | | | | | |
| 39 | 12 | 39 | 17 | Violates court order; scope; calls for legal conclusion | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/13/18 | Same as above. | | | | | | | |
| 54 | 7 | 54 | 15 | Scope; argumentative (54:14-15) | Argumentative as to "So are they only doing that because that's the law that applies to them" | Same as above.  The form of the question is not argumentative.  The questioning allowed the witness to properly and/or fully answer, which the witness did. The question appropriately delves into the witness' express prior testimony for factual and relevant information, was sufficiently stated to convey the meaning of the examiner to the witness, and was asked so the witness was capable of (and did) answer the question fully. Finally, even if it were argumentative, any potential argumentative question can be ignored and/or minimized in this Bench trial. | | | | | | | |
| 54 | 17 | 54 | 19 | Scope | | Same as above. | | | | | | | |
| 56 | 6 | 57 | 13 | Violates court order; scope; relevance | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/13/18; whether Cardinal Health agrees with congressional findings is not relevant | Same as above. | | | | | | | |
| 60 | 18 | 61 | 15 | Violates court order; scope | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics | Same as above. | | | | | | | |
| 62 | 15 | 62 | 22 | | | n/a | | | | | | | |
| 63 | 9 | 64 | 24 | Violates court order; scope | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics | Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018.  Further, while the subject matter of 30(b)(6) topics for which corporate representative testimony was sought were developed by parties in the normal course of discovery, the rulings by MDL Special Master Cohen as cited were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Additionally, although such discovery ruling(s) certainly impacted framing by parties of future deposition notices, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.  This testimony is relevant to the trier of fact, because Cardinal's knowledge, notice, and/or understanding of applicable federal statutory distribution regulations - as found in 21 USC 801 and other law - inform the trier of fact as to the scope of applicable time frames for which Cardinal's knowledge, notice, and understanding may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated such regulations, including through deficiencies with its national policies/procedures, and that Cardinal feigned ignorance of the DEA's/DOJ's stance and enforcement of the same.  See Fed. R. Evid. 401, 402.  More narrowly, this testimony - by a witness with 18 years of legal experience at Cardinal in the position of a Vice President and whom Cardinal designated and subsequently prepared to testify on Cardinal's behalf as their corporate representative for matters in this case - is relevant because whether Cardinal Health saw and agreed with congressional findings may inform the trier of fact that the heart of Cardinal's postulation, that Cardinal maintained compliance with the same regulations in adherence to all facts and guidance made known to them by federal regulatory agencies, is false. | | | | | | | |
| 77 | 4 | 78 | 3 | Violates court order; scope; relevance | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/13/18; whether Cardinal Health agrees with congressional findings is not relevant | Same as above. | | | | | | | |
| 91 | 17 | 91 | 24 | Vague; scope | | Same as above.  Additionally, the question is not vague. With respect to the vagueness objection, although the timeline for which the line of questioning was established at 82:4-10 ("According to the DEA, the number of ... oxycodone-related deaths has increased nearly 400 percent since 1996, the same ... time period in which the annual number of prescriptions for OxyContin has risen from approximately 300,000 to almost 6 million." Dep. Ex. 8), the question at 91:17, "Cardinal did its job in staying informed as to what's going on in the communities that it's distributing to around the country, correct?" was general and neither unclear nor outside the realm of knowledge of the witness, because the witness understood and fully answered with the same claim that Cardinal has made throughout trial in discussions regarding "know your customer" standards: "Cardinal Health understands the customers that it is distributing to."  Further, while Plaintiffs submit that the question is not vague, any alleged vagueness can be properly considered, accounted for, and/or weighed in this bench trial. | | | | | | | |

| WITNESS NAME: | Norris, Jennifer |
|---|---|
| DEPOSITION DATE: | 8/7/2018 |

**AFFIRMATIVE DEPOSITION DESIGNATIONS** | **COUNTER DESIGNATIONS** *Pink* = Completeness | **Y DESIGNATIONS** *Pink* = Completeness Designa

| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 116 | 20 | 117 | 14 | Violates court order; scope; calls for legal conclusion | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/13/18 | Same as above.<br><br>Further, this objection alleging that the inquiry requests the witness to improperly reach a legal conclusion, clearly a job reserved for the judge in this bench trial, is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Further, the questions accurately summarize the substance of the document and were asked so the witness was capable of (and did) answer the questions fully.<br><br>The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel of Mergers, Acquisitions, and Integration with 18 years of Cardinal employment experience and in her Cardinal-appointed corporate representative capacity. As such, it is a practical question to determine Cardinal's knowledge and understanding of benchmark impacts upon their industry. Such practical questions about the factual aspects of what Cardinal knew or not are not legal questions and do not offer anything resembling a legal conclusion when the witness responds.<br><br>Finally, Plaintiffs do not intend for such testimony by Cardinal or on Cardinal's behalf to establish any legal conclusion for the Court to adopt or consider. Rather, the testimony establishes facts for the framework of the Court's evaluation of Cardinal's actions in ascertainment of their liability for the development of the existing public nuisance as claimed by Plaintiffs. | | | | | | | |
| 120 | 21 | 121 | 11 | Violates court order; scope; calls for legal conclusion | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 Topics, 9/13/18 | Same as above. | | | | | | | |
| 122 | 1 | 123 | 18 | Violates court order; scope; calls for legal conclusion | | Same as above. | | | | | | | |
| 124 | 14 | 129 | 6 | Violates court order; scope; calls for legal conclusion | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | | |
| 130 | 10 | 130 | 14 | | | n/a | | | | | | | |
| 132 | 14 | 132 | 21 | | | n/a | | | | | | | |
| 134 | 1 | 136 | 3 | | | n/a | | | | | | | |
| 136 | 11 | 137 | 12 | Scope (136:17-137:12) | Questioning about events prior to 2006 is outside the scope of the deposition notice. The discovery period began in 2006 (MDL 2804, Dkt. 693), and Cardinal Health accordingly prepared Ms. Norris to testify on the topics limited to January 1, 2006 onward. | First, the relevant time period applicable to the subject matters for testimony was established in the first deposition notice sent by Plaintiffs to Cardinal Health. *See* Norris Dep. Ex. 1, Section II at 4 ("Except as otherwise specified, the Relevant Time Period applicable to the Subject Matters for Testimony is 1995 to the present, inclusive.") It was again reiterated in the second deposition notice sent to Cardinal. *See* Norris Dep. Ex. 2, Section II at 4 ("Except as otherwise specified, the Relevant Time Period applicable to the Subject Matters for Testimony is 1995 to the present, inclusive.")<br><br>Second, the witness, in addition to testifying in her Cardinal-appointed corporate representative capacity, is also Cardinal Health's Vice President and Associate General Counsel and possessed at the time of her deposition 18 years of Cardinal employment experience. As such, while the events that framed Cardinal's role in the framework of the national opiate epidemic have been established to be broad in scope and have been documented prior to 2006, any information to which the witness could and did testify are relevant to the trier of fact. Consequently, the fact that Cardinal met with the DEA in 2005 is within the scope of the issues at bar and was within the witness' personal knowledge: "I know we had a meeting with the DEA regarding Internet pharmacies in 2005." | | | | | | | |
| 139 | 11 | 143 | 20 | Scope (142:20-143:20) | Questioning outside the scope of the noticed 30b6 deposition topics. | The noticed 30(b)(6) topics 7 and 8 included Cardinal's "interactions with the DEA regarding distribution of controlled substances including compliance, regulatory and administrative actions, [and] communications and penalties" and Cardinal's "interaction with the DEA/FDA related to the scheduling of controlled substances and setting of quotas." *See* Norris Dep. Ex. 2, Section III at 7. Here, the examination inquires as to the subject matter of the exhibit in hand from the DEA as received by Cardinal. This interaction is clearly within the scope of topics of examination set forth in the notices. | | | | | | | |

| WITNESS NAME: | Norris, Jennifer |
|---|---|
| DEPOSITION DATE: | 8/7/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS *Pink = Completeness | | | | Y DESIGNATIONS *Pink = Completeness Design | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 145 | 2 | 145 | 12 | Violates court order; scope; relevance | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 topics, 9/13/18; whether Cardinal Health agrees with stated purpose of CSA is not relevant | Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018.

Further, while the subject matter of 30(b)(6) topics for which corporate representative testimony was sought were developed by parties in the normal course of discovery, the rulings by MDL Special Master Cohen as cited were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Additionally, although such discovery ruling(s) certainly impacted framing by parties of future deposition notices, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.

This testimony is relevant to the trier of fact, because Cardinal's knowledge, notice, and/or understanding of applicable federal statutory distribution regulations - as found in 21 USC 801 and other law - inform the trier of fact as to the scope of applicable time frames for which Cardinal's knowledge, notice, and understanding may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated such regulations, including through deficiencies with its national policies/procedures, and that Cardinal feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402.

More narrowly, this testimony - by a witness with 18 years of legal experience at Cardinal in the position of a Vice President and whom Cardinal designated and subsequently prepared to testify on Cardinal's behalf as their corporate representative for matters in this case - is relevant because whether Cardinal Health saw and agreed or disagreed with the contents of the DEA letter sent to Cardinal in 2007 that "the CSA was designed by Congress to combat diversion," may inform the trier of fact that the heart of Cardinal's postulation, that Cardinal maintained compliance with the same regulations in adherence to all facts and guidance made known to them by federal regulatory agencies (including the DEA guidance at issue here), is false. Further, it may demonstrate a knowing deviation from the DEA's written guidance. | | | | | | | |
| 146 | 5 | 146 | 10 | Calls for legal conclusion | | This objection alleging that the inquiry requests the witness to improperly reach a legal conclusion, clearly a job reserved for the judge in this bench trial, is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Further, the question accurately summarizes the substance of the document and was asked so the witness was capable of (and did) answer the questions in her own words.

The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel with 18 years of Cardinal employment and in her Cardinal-appointed corporate representative capacity. Additionally, Cardinal prepared this witness to answer questions regarding "interactions with the DEA regarding distribution of controlled substances including compliance, regulatory, and administrative actions, communications and penalties." As such, it is a practical question to determine whether Cardinal agrees or disagrees with the DEA and Congressional positions; namely here, that the CSA was designed to combat diversion. Such a practical question about the factual stance of Cardinal as to the CSA which regulates Cardinal is not a legal question resulting in a legal conclusion. Further, the answers elicited do not offer anything resembling a legal conclusion.

Finally, Plaintiffs do not intend for any testimony by Cardinal or on Cardinal's behalf to establish any legal conclusion for the Court to adopt or consider. Rather, the testimony establishes facts for the framework of the Court's evaluation of Cardinal's actions in ascertainment of their liability for the development of the existing public nuisance as claimed by Plaintiffs. | | | | | | | |
| 148 | 14 | 149 | 2 | | | n/a | | | | | | |
| 149 | 22 | 150 | 21 | Violates court order; scope; calls for legal conclusion | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 topics, 9/13/18 | Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018.

Further, while 30(b)(6) topics for which corporate representative testimony was sought were developed by parties, the rulings by MDL Special Master Cohen as cited here were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Although discovery ruling(s) impacted future discovery, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.

This testimony is relevant to the trier of fact, because Cardinal's knowledge, notice, and/or understanding of applicable federal statutory distribution regulations or guidance by regulatory bodies - as issued in the 9/27/2006 Rannazzisi letter - inform the trier of fact as to the scope of applicable time frames for which Cardinal's knowledge, notice, and understanding may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated such regulations and feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402.

More narrowly, this testimony - by a witness with 18 years at Cardinal, a Vice President, and whom Cardinal designated and subsequently prepared to testify as Cardinal's corporate representative - is relevant because the fact that Cardinal agreed that the "September 27, 2006 letter provided by Rannazzisi, who was at the DEA, [was] providing guidance to the wholesale distributor industry," may inform the trier of fact that the heart of Cardinal's postulation, that Cardinal maintained compliance with the same regulations in adherence to all guidance made known to them by federal regulatory agencies (including this DEA guidance), is false. Further, it may demonstrate a knowing deviation from the DEA's written guidance.

Finally, this line of questionning neither ask for nor elicits legal conclusions. This objection alleging that the inquiry requests the witness to improperly reach a legal conclusion is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Further, the question accurately summarizes the substance of the document and was asked so the witness was capable of (and did) answer the questions in her own words. | | | | | | | |

| WITNESS NAME: | Norris, Jennifer | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 8/7/2018 | | | | | | | | | | |

| | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | COUNTER DESIGNATIONS *Pink = Completeness | | | | Y DESIGNATIONS *Pink = Completeness Design | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 151 | 5 | 152 | 6 | Violates court order; scope; calls for legal conclusion | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | |
| 153 | 9 | 153 | 15 | Calls for legal conclusion | | Same as above. | | | | | | |
| 154 | 1 | 154 | 8 | Violates court order; scope; calls for legal conclusion | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | |
| 156 | 21 | 158 | 5 | Relevance/geographic scope | Questioning about a case concerning an Arizona pharmacy is not relevant; no demonstrable nexus to Cabell/Huntington | This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Moreover, the Court has previously overruled this out-of-state relevance-geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. Cardinal's regulatory system was centralized and applied nationally, as previously established through prior testimony. See 5/20/2021 Trial Tr. at 39:7-9 ("The system that was put in place was a system that was designed to identify and report suspicious orders for any customer of Cardinal"), 53:12-18 ("It was a centralized system."). In fact, this Court has recognized Cardinal's national system, and that issues with it are not limited to Cabell/Huntington. Id. at 42:19-43:5 ("I am going to let it in as it relates to the issue of the systemic failure. The system was designed to cover all of the operations . . . it does relate to the overarching issue of the systemic failure to a certain extent and I'll consider it insofar as it's relevant to that."). Further, even if unfair prejudice is somehow found, the exhibit should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). Finally, testimony regarding an exhibit drafted and filed by Cardinal in a judicial action outlining those actions Cardinal states it has determined are obligatory in distributing controlled substances and made in regulatory compliance efforts provides the trier of fact with value or tendency to determine whether Cardinal's statements matched their actions in the case at bar. | | | | | | |
| 159 | 4 | 159 | 21 | Relevance/geographic scope | Questioning about a case concerning an Arizona pharmacy is not relevant; no demonstrable nexus to Cabell/Huntington | Same as above. | | | | | | |
| 161 | 9 | 161 | 23 | Relevance/geographic scope | Questioning about a case concerning an Arizona pharmacy is not relevant; no demonstrable nexus to Cabell/Huntington | Same as above. | | | | | | |
| 163 | 18 | 165 | 5 | Calls for legal conclusion; relevance; scope | Whether Cardinal Health has an obligation to the public is irrelevant and outside the scope of 30b6 deposition topics | Plaintiffs disagree on its face that "whether Cardinal has an obligation to the public is irrelevant." Clearly, Plaintiffs allegations that Cardinal did owe a duty to the public to prevent the public from harm, namely that harm caused by Cardinal's failure to implement adequate systems to prevent diversion of prescription opioids and consquented in the national opiate public health epidemic. As such, testimonial evidence by Cardinal as to their opinion on this issue is probative to the trier of fact of this issue. Additionally, this objection alleging that the inquiry requests the witness to improperly reach a legal conclusion is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Further, the questions accurately summarize the substance of the exhibit and were asked so the witness was capable of (and did) answer the questions in her own words. The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel with 18 years of Cardinal employment and in her Cardinal-appointed corporate representative capacity. Additionally, Cardinal prepared this witness to answer questions regarding Cardinal's "efforts to conduct audits and/or investigations relateying to Cardinal's . . . SOMS to review past practices and ensure compliance [with Cardinal's] legal responsibilities." As such, it is a practical line of questionning to establish - based on an exhibit drafted and filed by Cardinal - those actions Cardinal has stated in judicial proceedings that it has determined are obligatory in distributing controlled substances and made in regulatory compliance efforts. Further, they provide the trier of fact with value or tendency to determine whether Cardinal's statements matched their actions in the case at bar. Further, such practical questions about the stated positions of Cardinal are neither legal questions resulting in legal conclusions nor are the answers elicited resemble a legal conclusion, except insofar as the witness is an attorney who may fall back onto legal jargon in her normal course. Finally, Plaintiffs do not intend for any testimony by Cardinal or on Cardinal's behalf to establish any legal conclusion for the Court to adopt or consider. Rather, the testimony establishes facts for the framework of the Court's evaluation of Cardinal's actions in ascertainment of their liability for the development of the existing public nuisance as claimed by Plaintiffs. | | | | | | |
| 166 | 4 | 166 | 18 | Calls for legal conclusion; relevance; scope | Whether Cardinal Health has an obligation to the public is irrelevant and outside the scope of 30b6 deposition topics | Same as above. | | | | | | |

| WITNESS NAME: | | | Norris, Jennifer | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **DEPOSITION DATE:** | | | 8/7/2018 | | | | | | | |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | COUNTER DESIGNATIONS *Pink = Completeness | | | Y DESIGNATIONS *Pink = Completeness Design |  |
|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 171 | 21 | 173 | 10 | Calls for legal conclusion (172:2-8); violates court order (173:8-10); scope (173:8-10) | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 topics, 9/13/18 | Same as above.<br><br>Additionally, Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018. Further, while 30(b)(6) topics for which corporate representative testimony was sought were developed by parties, the rulings by MDL Special Master Cohen as cited here were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Although discovery ruling(s) impacted future discovery, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.<br><br>The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel with 18 years of Cardinal employment and in her Cardinal-appointed corporate representative capacity. Additionally, Cardinal prepared this witness to answer questions regarding Cardinal's "efforts to conduct audits and/or investigations relating to Cardinal's . . . SOMS to review past practices and ensure compliance [with Cardinal's] legal responsibilities." As such, it is a practical line of questionning to establish Cardinal's interpretation of the September 27, 2006 Rannazzisi letter established. This testimony is relevant to the trier of fact, because Cardinal's knowledge, notice, and/or understanding of the fact that, "From [September 27, 2006] forward, [a new requirement called the shipping requirement] was the guidance the DEA was providing to Cardinal Health regarding its obligations," and that, "if [Cardinal] did not follow this guidance, [Cardinal] may be engaging in activities that do not comply with the statute, regulation, and DEA's guidance," may inform the trier of fact as to the scope for which Cardinal's knowledge, notice, and understanding of the public health dangers associated with diversion may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated regulations to adequately prevent diversion and feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402. | | | | | | | |
| 173 | 17 | 174 | 4 | Calls for legal conclusion; violates court order; scope | See above explanation regarding SM Cohen Ruling re: Walmart 30b6 topics, 9/13/18 | Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018. Further, while 30(b)(6) topics for which corporate representative testimony was sought were developed by parties, the rulings by MDL Special Master Cohen as cited here were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Although discovery ruling(s) impacted future discovery, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.<br><br>This testimony is relevant to the trier of fact, because Cardinal's knowledge, notice, and/or understanding of applicable federal statutory distribution regulations or guidance by regulatory bodies - as issued in the 9/27/2006 Rannazzisi letter - inform the trier of fact as to the scope of applicable time frames for which Cardinal's knowledge, notice, and understanding may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated such regulations and feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402. More narrowly, this testimony - by a witness with 18 years at Cardinal, a Vice President, and whom Cardinal designated and subsequently prepared to testify as Cardinal's corporate representative - is relevant because the fact that Cardinal, "took umbrage with . . . the idea that the shipping requirement had always existed," and "believe[s] that within the 2006 registrant letter, there is a statement imposing a shipping requirement," may inform the trier of fact that the heart of Cardinal's postulation, that Cardinal maintained compliance with the same regulations in adherence to all guidance made known to them by federal regulatory agencies (including this DEA guidance), is false. Further, it may demonstrate a knowing deviation from the DEA's written guidance.<br><br>Finally, this line of questionning neither ask for nor elicits legal conclusions. This objection alleging that the inquiry requests the witness to improperly reach a legal conclusion is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Further, the question accurately summarizes the substance of the document and was asked so the witness was capable of (and did) answer the questions in her own words. Finally, Plaintiffs do not intend for any testimony by Cardinal or on Cardinal's behalf to establish any legal conclusion for the Court to adopt or consider. Rather, the testimony establishes facts for the framework of the Court's evaluation of Cardinal's actions in ascertainment of their liability for the development of the existing public nuisance as claimed by Plaintiffs. | | | | | | | |
| 174 | 15 | 174 | 24 | Hearsay | Letter is hearsay if offered for the truth | Designated testimony is not hearsay pursuant to FRE 801(d)(2)(B), FRE 801(d)(2)(C) and/or FRE 801(d)(2)(D). Additionally, P-08861 was admitted into evidence on 5/20/2021, after which Joseph Rannazzisi provided testimony regarding the same 12/27/2007 DEA letter to registrants about which designated testimony has been elicited. Specifically, testimony verifies Cardinal received the 12/27/2007 Rannazzisi DEA letter through "every one of the distribution facilities Cardinal Health had at the time across the country." | | | | | | | |
| 183 | 19 | 183 | 24 | Relevance/ Noerr-Pennington; hearsay | Amicus brief is not admissible as evidence of concerted activity; brief and associated HDMA documents are hearsay if offered for the truth | Both objections fail on their face, because neither the amicus brief nor associated HDMA documents are cited in the testimonial evidence developed in the testimony designated at 183:19-24. Nevertheless, the testimony confirms two points of fact that are probative to the issue of Cardinal's position in relation to the HDA amicus brief in Masters Pharmaceutical. Neither fact developed as testimonial evidence is hearsay. The fact that the witness is familiar with the brief and that she did not participate in writing it are are not hearsay pursuant to FRE 801(d)(2)(B), FRE 801(d)(2)(C) and/or FRE 801(d)(2)(D).<br><br>Also in spite of the frivolous nature and with respect to relevance and the Noerr-Pennington objection, this Court and the MDL Court already ruled that Noerr-Pennington related activities (e.g., lobbying, filing amicus briefs, etc.) are relevant and admissible, particularly in light of Defendants' claims that they did not understand their duties. See ECF 1360 at 5-6 ("The court agrees with plaintiffs and Judge Polster that the evidence is relevant for these purposes. Furthermore, the court concludes that the probative value of this evidence is not outweighed by any prejudice to defendants."). See also, In re Nat'l Prescription Opiate Litig., No. 1:17-MD-2804, 2020 WL 6450290, at *20 (N.D. Ohio Nov. 3, 2020). Moreover, as previously confirmed, Plaintiffs are not arguing that the HDA/HDMA and Defendants were not allowed to lobby or that they are liable for lobbying efforts. | | | | | | | |

| WITNESS NAME: | Norris, Jennifer |
|---|---|
| DEPOSITION DATE: | 8/7/2018 |

### AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
|---|---|---|---|---|
| 185 | 2 | 188 | 7 | Relevance/ Noerr-Pennington; hearsay | Amicus brief is not admissible as evidence of concerted activity; brief and associated HDMA documents are hearsay if offered for the truth | Hearsay is not applicable on numerous grounds. This exhibit contains the approved and final minutes of the 2/18/2016 HDMA Executive Committee meeting, which was attended and in fact chaired by John Giacomin (CEO of Cardinal's Pharmaceutical Segment). See P-09124/Dep. Exh. 16 at pp. 4-5.  These minutes were approved by Cardinal as a member of the executive committee, and finalized on 3/14/2016. Id. at p. 9. As such, the minutes are not hearsay pursuant to FRE 801(d)(2)(B), FRE 801(d)(2)(C) and/or FRE 801(d)(2)(D). Further, these minutes are also an exception to hearsay pursuant to FRE 803(3) and/or FRE 803(6). Additionally, FRE 801(c)(2) is not satisfied (as the exhibit also proves Cardinal's notice, knowledge, understanding, and/or state of mind relative to: applicable distribution regulations, DEA guidance and/or enforcment regarding same, countering actions of the DEA, filing of an amicus brief in the Masters litigation, diversion, opioid abuse, etc.). See P-09124/Dep. Exh. 16 at pp. 5-6.

With respect to relevance and the Noerr-Pennington objections, this Court and the MDL Court already ruled that Noerr-Pennington related activities (e.g., lobbying, filing amicus briefs, etc.) are relevant and admissible, particularly in light of Defendants' claims that they did not understand their duties. See ECF 1360 at 5-6 ("The court agrees with plaintiffs and Judge Polster that the evidence is relevant for these purposes.  Furthermore, the court concludes that the probative value of this evidence is not outweighed by any prejudice to defendants."). See also, In re Nat'l Prescription Opiate Litig., No. 1:17-MD-2804, 2020 WL 6450290, at *20 (N.D. Ohio Nov. 3, 2020). Moreover, as previously confirmed, Plaintiffs are not arguing that the HDA/HDMA and Defendants were not allowed to lobby or that they are liable for lobbying efforts. |
| 188 | 9 | 188 | 22 | Relevance/ Noerr-Pennington; hearsay | Amicus brief is not admissible as evidence of concerted activity; brief and associated HDMA documents are hearsay if offered for the truth | Same as above.

Further, the fact that there is a provision in the underlying exhibit about the West Virginia litigation increases the probative value of the defendants' position. |
| 189 | 1 | 190 | 12 | Relevance/ Noerr-Pennington; hearsay | Amicus brief is not admissible as evidence of concerted activity; brief and associated HDMA documents are hearsay if offered for the truth | Same as above. |
| 190 | 22 | 191 | 7 | Relevance/ Noerr-Pennington; hearsay | Amicus brief is not admissible as evidence of concerted activity; brief and associated HDMA documents are hearsay if offered for the truth | Same as above regarding the Noerr-Pennington objection.  Also, Cardinal (as an Executive Committee member) approved the filing of this brief.  See P-09124/Dep. Exh. 16 at p. 6 ("On motion duly made and seconded, the Executive Committee unanimously approved filing of an amicus curiae brief subject to final review and approval of the brief.").  As such, hearsay is not applicable pursuant to FRE 801(d)(2)(A), FRE 801(d)(2)(B), FRE 801(d)(2)(C) and/or FRE 801(d)(2)(D).  Further, FRE 801(c)(2) is not satisfied (as the exhibit also proves Cardinal's notice, knowledge, understanding, and/or state of mind relative to: applicable distribution regulations, DEA guidance and/or enforcment regarding same, countering actions of the DEA, filing of the brief, diversion, opioid abuse, etc.).  Additionally, this exhibit (publicly available at 2016 WL 1321983) was filed in the record of the Masters case (previously judicially noticed by this Court), and should also be judicially noticed.  See FRE 201(c)(2) (The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information.").  Plaintiffs have requested that the Court take judicial notice of this judicial record/filing. |
| 192 | 21 | 193 | 15 | Relevance/ Noerr-Pennington; hearsay; violates court order (193:10-15); scope (193:10-15) | Amicus brief is not admissible as evidence of concerted activity; brief and associated HDMA documents are hearsay if offered for the truth; see above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | Same as above.

Additionally, Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018. Further, while 30(b)(6) topics for which corporate representative testimony was sought were developed by parties, the rulings by MDL Special Master Cohen as cited here were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Although discovery ruling(s) impacted future discovery, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.

The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel with 18 years of Cardinal employment and in her Cardinal-appointed corporate representative capacity. Additionally, Cardinal prepared this witness to answer questions regarding Cardinal's "efforts to conduct audits and/or investigations relating to Cardinal's . . . SOMS to review past practices and ensure compliance [with Cardinal's] legal responsibilities" as well as "[Cardinal's] participation, relationship  or association with . . . Healthcare Distribution Alliance (HDA) (and its predecessors) . . . including the submission of amicus briefs." As such, it is a practical line of questioning to establish Cardinal's stance on public health dangers associated with diversion and abuse of controlled prescription drugs. This testimony is relevant to the trier of fact, because Cardinal's knowledge, notice, ratification, and/or affirmation of the fact that, "The public health dangers associated with diversion and abuse of controlled prescription drugs have beeen well recognized by Congress, DEA, public health authorities, and others, including HDMA and NACDS and their members," may inform the trier of fact as to the scope of applicable time frames for which Cardinal's knowledge, notice, and understanding of the public health dangers associated with diversion may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated regulations to adequately prevent diversion and feigned ignorance of the DEA's/DOJ's stance and enforcement of the same.  See Fed. R. Evid. 401, 402. |
| 194 | 13 | 194 | 15 | Violates court order; scope; relevance; hearsay | Counsel asked the witness to "play true or false" with a series of statements from an HDMA amicus brief that is inadmissible hearsay if offered for the truth and asked her to agree or disagree.  Whether Cardinal Health agrees with these statement is irrelevant. See also above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | The designated testimony is a proposal by examining counsel seeking to obtain clarity in the witness' testimony. Counsel's questions are not in evidence, and on their face, "Okay. So how about this: let's play true or false. I'll read the sentence, and you say true or false, okay?" cannot be objected to as hearsay, outside any scope, or violative of any court order. |

COUNTER DESIGNATIONS  *Pink = Completeness*     Y DESIGNATIONS *Pink = Completeness Designa*

| WITNESS NAME: | Norris, Jennifer |
|---|---|
| DEPOSITION DATE: | 8/7/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS *Pink = Completeness | | | | Y DESIGNATIONS *Pink = Completeness Designa | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 194 | 18 196 6 | Violates court order; scope; relevance; hearsay | Counsel asked the witness to "play true or false" with a series of statements from an HDMA amicus brief that is inadmissible hearsay if offered for the truth and asked her to agree or disagree. See also above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018. Further, while 30(b)(6) topics for which corporate representative testimony was sought were developed by parties, the rulings by MDL Special Master Cohen as cited here were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Although discovery ruling(s) impacted future discovery, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.<br><br>The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel with 18 years of Cardinal employment and in her Cardinal-appointed corporate representative capacity. Additionally, Cardinal prepared this witness to answer questions regarding Cardinal's "efforts to conduct audits and/or investigations relating to Cardinal's . . . SOMS to review past practices and ensure compliance [with Cardinal's] legal responsibilities" as well as "[Cardinal's] participation, relationship or association with . . . Healthcare Distribution Alliance (HDA) (and its predecessors) . . . including the submission of amicus briefs." As such, it is a practical line of questionning to establish whether Cardinal believes that, "as responsible members of society, they have a duty to guard against diversion." This testimony is relevant to the trier of fact, because Cardinal's understanding of their CSA supply chain registrant role may inform the trier of fact as to the scope for which Cardinal's knowledge, notice, and understanding of the public health dangers associated with diversion may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated regulations to adequately prevent diversion and feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402. Furthermore with respect to relevance, this Court and the MDL Court already ruled that the HDA-related activities (e.g., lobbying, filing amicus briefs, etc.) are relevant and admissible, particularly in light of Defendants' claims that they did not understand their duties. See ECF 1360 at 5-6 ("The court agrees with plaintiffs and Judge Polster that the evidence is relevant for these purposes. Furthermore, the court concludes that the probative value of this evidence is not outweighed by any prejudice to defendants.").<br><br>Hearsay is not applicable on numerous grounds. Cardinal (as an Executive Committee member) approved the filing of this brief. See P-09124/Dep. Exh. 16 at p. 6 ("On motion duly made and seconded, the Executive Committee unanimously approved filing of an amicus curiae brief subject to final review and approval of the brief."). As such, hearsay is not applicable pursuant to FRE 801(d)(2)(A), FRE 801(d)(2)(B), FRE 801(d)(2)(C) and/or FRE 801(d)(2)(D). Further, FRE 801(c)(2) is not satisfied (as the exhibit also proves Cardinal's notice, knowledge, understanding, and/or state of mind relative to: applicable distribution regulations, DEA guidance and/or enforcment regarding same, countering actions of the DEA, filing of the brief, diversion, opioid abuse, etc.). | | | | | | | | |
| 197 | 12 198 22 | Violates court order; scope; relevance; hearsay | Counsel asked the witness to "play true or false" with a series of statements from an HDMA amicus brief that is inadmissible hearsay if offered for the truth and asked her to agree or disagree. See also above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | | | |
| 199 | 11 199 12 | Violates court order; scope; relevance; hearsay | Counsel asked the witness to "play true or false" with a series of statements from an HDMA amicus brief that is inadmissible hearsay if offered for the truth and asked her to agree or disagree. See also above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | | | |
| 199 | 21 200 8 | Violates court order; scope; relevance; hearsay | Counsel asked the witness to "play true or false" with a series of statements from an HDMA amicus brief that is inadmissible hearsay if offered for the truth and asked her to agree or disagree. See also above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | | | |
| 201 | 11 201 14 | Violates court order; scope; relevance; hearsay | Counsel asked the witness to "play true or false" with a series of statements from an HDMA amicus brief that is inadmissible hearsay if offered for the truth and asked her to agree or disagree. See also above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | | | |
| 201 | 16 201 16 | Violates court order; scope; relevance; hearsay | Counsel asked the witness to "play true or false" with a series of statements from an HDMA amicus brief that is inadmissible hearsay if offered for the truth and asked her to agree or disagree. See also above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | | | |
| 201 | 19 201 21 | Violates court order; scope; relevance; hearsay | Counsel asked the witness to "play true or false" with a series of statements from an HDMA amicus brief that is inadmissible hearsay if offered for the truth and asked her to agree or disagree. See also above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | | | |

| WITNESS NAME: | Norris, Jennifer |
|---|---|
| DEPOSITION DATE: | 8/7/2018 |

**AFFIRMATIVE DEPOSITION DESIGNATIONS** | **COUNTER DESIGNATIONS** *Pink = Completeness* | **Y DESIGNATIONS** *Pink = Completeness Designations*

| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 201 | 24 | 202 | 20 | Violates court order; scope; relevance; hearsay | Counsel asked the witness to "play true or false" with a series of statements from an HDMA amicus brief that is inadmissible hearsay if offered for the truth and asked her to agree or disagree. See also above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18. In addition, questioning about events prior to 2006 is outside the scope of the deposition notice. The discovery period began in 2006 (MDL 2804, Dkt. 693), and Cardinal Health accordingly prepared Ms. Norris to testify on the topics limited to January 1, 2006 onward. | Same as above.  Additionally, the relevant time period applicable to the subject matters for testimony was established in the first deposition notice sent by Plaintiffs to Cardinal Health. See Norris Dep. Ex. 1, Section II at 4 ("Except as otherwise specified, the Relevant Time Period applicable to the Subject Matters for Testimony is 1995 to the present, inclusive.") It was again reiterated in the second deposition notice sent to Cardinal. See Norris Dep. Ex. 2, Section II at 4 ("Except as otherwise specified, the Relevant Time Period applicable to the Subject Matters for Testimony is 1995 to the present, inclusive.") Here, the witness, in addition to testifying in her Cardinal-appointed corporate representative capacity, is also Cardinal Health's Vice President and Associate General Counsel and possessed at the time of her deposition 18 years of Cardinal employment experience. | | | | | | | | |
| 203 | 4 | 203 | 15 | Scope | Questioning about events prior to 2006 is outside the scope of the deposition notice. The discovery period began in 2006 (MDL 2804, Dkt. 693), and Cardinal Health accordingly prepared Ms. Norris to testify on the topics limited to January 1, 2006 onward. | Same as above. | | | | | | | | |
| 209 | 9 | 209 | 12 | Hearsay; relevance | HDMA document is hearsay if offered for the truth. Trade organization's "Crisis Playbook" put together for its own use is not relevant in this case, particularly in the absence of evidence that anyone at Cardinal Health participated in the creation of, endorsed, or used the Crisis Playbook. | Hearsay is not applicable on numerous grounds. Cardinal involved in and was even an Executive Committee member of the HDA/HDMA. Consequently, hearsay is inapplicable pursuant to 801(d)(2)(A), FRE 801(d)(2)(B), FRE 801(d)(2)(C), FRE 801(d)(2)(D), FRE 803(6) and/or FRE 807. Additionally, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or state of mind regarding: applicable distribution regulations, DEA enforcement, the opioid epidemic, diversion, etc.). See e.g., P-14250/Dep. Exh. 18 at pp. 13 ("risk analysis around the controlled substance diversion issue"), 16 ("DRAFT CORE MESSAGES FOR HIGH RISK SCENARIOS: DEA Registration Suspension, Diversion Lawsuit . . ."), 24 ("The following are scenarios that HDMA and the distribution industry could potentially face related to prescription drug diversion . . ."), 25 ("Our industry is committed to working collaboratively to address the serious national epidemic of prescription drug abuse . . ."), 26 ("Primary pharmaceutical distributors support 'suspicious orders' monitoring and reporting to the DEA . . . Every distributor must monitor suspicious orders and report to the DEA if it appears a pharmacy's controlled substances volume or pattern of ordering might signal diversion.").  The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel with 18 years of Cardinal employment and in her Cardinal-appointed corporate representative capacity. Additionally, Cardinal prepared this witness to answer questions regarding Cardinal's "efforts to conduct audits and/or investigations relating to Cardinal's . . . SOMS to review past practices and ensure compliance [with Cardinal's] legal responsibilities" as well as "[Cardinal's] participation, relationship or association with . . . Healthcare Distribution Alliance (HDA) (and its predecessors) . . . including the submission of amicus briefs." As such, it is a practical line of questionning to establish the facts of an HDMA 2013 document listing Mike Kaufmann in his capacity with Cardinal Health as an Executive Committee member. This testimony is relevant to the trier of fact, because Cardinal's notice, knowledge, understanding and/or state of mind regarding the contents of the Crisis Playbook provided to them by HDMA may inform the trier of fact as to the scope for which Cardinal's knowledge, notice, understanding, and/or implementation of the strategies developed and provided may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal knowingly violated regulations to adequately prevent diversion and feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402. Furthermore with respect to relevance, this Court and the MDL Court already ruled that the HDA-related activities (e.g., lobbying, filing amicus briefs, etc.) are relevant and admissible, particularly in light of Defendants' claims that they did not understand their duties. See ECF 1360 at 5-6 ("The court agrees with plaintiffs and Judge Polster that the evidence is relevant for these purposes. Furthermore, the court concludes that the probative value of this evidence is not outweighed by any prejudice to defendants."). | | | | | | | | |
| 210 | 24 | 212 | 4 | Hearsay; relevance | HDMA document is hearsay if offered for the truth. Trade organization's "Crisis Playbook" put together for its own use is not relevant in this case, particularly in the absence of evidence that anyone at Cardinal Health participated in the creation of, endorsed, or used the Crisis Playbook. | Same as above. | | | | | | | | |
| 212 | 8 | 213 | 5 | Hearsay; relevance | HDMA document is hearsay if offered for the truth. Trade organization's "Crisis Playbook" put together for its own use is not relevant in this case, particularly in the absence of evidence that anyone at Cardinal Health participated in the creation of, endorsed, or used the Crisis Playbook. | Same as above. | | | | | | | | |
| 214 | 8 | 215 | 4 | Hearsay; relevance | HDMA document is hearsay if offered for the truth. Trade organization's "Crisis Playbook" put together for its own use is not relevant in this case, particularly in the absence of evidence that anyone at Cardinal Health participated in the creation of, endorsed, or used the Crisis Playbook. | Same as above. | | | | | | | | |
| 216 | 3 | 217 | 1 | Hearsay; relevance | HDMA document is hearsay if offered for the truth. Trade organization's "Crisis Playbook" put together for its own use is not relevant in this case, particularly in the absence of evidence that anyone at Cardinal Health participated in the creation of, endorsed, or used the Crisis Playbook. | Same as above. | | | | | | | | |
| 217 | 19 | 219 | 16 | Hearsay; relevance | HDMA document is hearsay if offered for the truth. Trade organization's "Crisis Playbook" put together for its own use is not relevant in this case, particularly in the absence of evidence that anyone at Cardinal Health participated in the creation of, endorsed, or used the Crisis Playbook. | Same as above. | | | | | | | | |
| 222 | 14 | 223 | 13 | Hearsay; relevance | HDMA document is hearsay if offered for the truth. Trade organization's "Crisis Playbook" put together for its own use is not relevant in this case, particularly in the absence of evidence that anyone at Cardinal Health participated in the creation of, endorsed, or used the Crisis Playbook. | Same as above. | | | | | | | | |
| 226 | 3 | 226 | 15 | Completeness | Witness clarified her answer in a portion Plaintiffs did not designate (244:11-245:1) | Completeness objections are remedied by completeness designations, which the defendants have so designated here and resolves any such objection. | | | | | | | | |
| 226 | 18 | 227 | 10 | Completeness | Witness clarified her answer in a portion Plaintiffs did not designate (244:11-245:1) | Completeness objections are remedied by completeness designations, which the defendants have so designated here and resolves any such objection. | | | | | | | | |

| WITNESS NAME: | Norris, Jennifer |
|---|---|
| DEPOSITION DATE: | 8/7/2018 |

**AFFIRMATIVE DEPOSITION DESIGNATIONS** | **COUNTER DESIGNATIONS** *Pink = Completeness* | **Y DESIGNATIONS** *Pink = Completeness Designa*

| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 259 | 21 | 260 | 12 | Calls for legal conclusion (260:8-12); violates court order; scope | See above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | This line of questionning neither ask for nor elicits legal conclusions. This objection alleging that the inquiry requests the witness to improperly reach a legal conclusion is unsupported. An inquiry is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Further, the questions accurately summarize the substance of the Cardinal exhibit "Standard Operating Prcedure ["SOP"], Pharmaceutical Distribution," and were asked so the witness was capable of (and did) answer the questions in her own words. Finally, Plaintiffs do not intend for any testimony by Cardinal or on Cardinal's behalf to establish any legal conclusion for the Court to adopt or consider. Rather, the testimony establishes facts for the framework of the Court's evaluation of Cardinal's actions in ascertainment of their liability for the development of the existing public nuisance as claimed by Plaintiffs.<br><br>Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018. Further, while 30(b)(6) topics for which corporate representative testimony was sought were developed by parties, the rulings by MDL Special Master Cohen as cited here were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Although discovery ruling(s) impacted future discovery, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.<br><br>The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel with 18 years of Cardinal employment and in her Cardinal-appointed corporate representative capacity. Additionally, Cardinal prepared this witness to answer questions regarding Cardinal's "efforts to conduct audits and/or investigations relating to Cardinal's . . . SOMS to review past practices and ensure compliance [with Cardinal's] legal responsibilities." As such, it is a practical line of questionning to establish Cardinal's SOP on due diligence files and thresholds, as well as Cardinal's understanding of what compliance failure constitutes. This testimony is relevant to the trier of fact, because Cardinal's understanding of their actions or inaction may inform the trier of fact as to the scope for which Cardinal's knowing actions and inaction impacted diversion of prescription opioids into the stream of commerce, which may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated regulations to adequately prevent diversion and feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402. | | | | | | | |
| 260 | 15 | 260 | 19 | Calls for legal conclusion; violates court order; scope | See above explanation regarding SM Cohen Order re Walmart 30b6 topics, 9/13/18 | Same as above. | | | | | | |
| 264 | 16 | 265 | 5 | Relevance/geographic scope; unfairly prejudicial; FRE 408 | See MIL No. 4 (Dkt. 1067, 1154) | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Specifically, the geographic scope of facts provided by a national entity doing business on a national scale and whose national programs are implemented in the subject geographic locale – the City of Huntington and Cabell County – are materially at issue and provide at a minimum background, context, and similarly situated comparables regarding the impact of those national policies on local opioid issues. Furthermore, Cardinal's regulatory system was centralized and applied nationally, as previously established through prior testimony. *See* 5/20/2021 Trial Tr. at 39:7-9 ("The system that was put in place was a system that was designed to identify and report suspicious orders for any customer of Cardinal"), 53:12-18 ("It was a centralized system."). In fact, this Court has recognized Cardinal's national system, and that issues with it are not limited to Cabell/Huntington. *Id*. at 42:19-43:5 ("I am going to let it in as it relates to the issue of the systemic failure. The system was designed to cover all of the operations . . . it does relate to the overarching issue of the systemic failure to a certain extent and I'll consider it insofar as it's relevant to that."). Here, however, the testimonial evidence elicited states, "Based on the thresholds in the policies and procedures that we've looked at, that once an entity hits its threshold and has a threshold event, it can no longer ship that drug family to that same customer, drugstore, or pharmacy . . . during the applicable monthly accrual cycle." This testimony has no geographic limitation whatsoever upon which the objection may stand, since this is descriptive of Cardinal's national policy and this Court has previously overruled this out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. Further, even if unfair prejudice is somehow found, the testimonial evidence should not be excluded, but rather admitted and weighted accordingly. *See e.g.*, Schultz, 24 F.3d at 632. Finally, Cardinal's SOMS policies are not and have nothing to do with Compromise Offers and Negotiations. Furthermore, defendants' motion in limine (ECF No. 1067) after being fully briefed (including ECF No. 1154) and having the geographic scope aspect of the motion argued on April 14, 2021 was denied by this Court (ECF No. 1297). | | | | | | | |
| 276 | 11 | 277 | 17 | Relevance/geographic scope; unfairly prejudicial; FRE 408 | See MIL No. 4 (Dkt. 1067, 1154) | Same as above. | | | | | | |
| 278 | 12 | 278 | 16 | | | n/a | | | | | | |
| 289 | 5 | 291 | 12 | | | n/a | | | | | | |
| 291 | 16 | 294 | 5 | | | n/a | | | | | | |
| 295 | 13 | 295 | 16 | Argumentative (293:17-294:5) | | The form of the question designated is not argumentative. Further, this is a form objection that was not made at the time of the deposition, so any such objection was waived. Nevertheless, the question allowed the witness to properly and/or fully answer, and, even if it were argumentative, any potential argumentative question can be ignored and/or minimized in this Bench trial. | | | | | | |
| 296 | 3 | 296 | 8 | | | n/a | | | | | | |

| WITNESS NAME: | Norris, Jennifer | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **DEPOSITION DATE:** | 8/7/2018 | | | | | | | | | | |

| | | | | AFFIRMATIVE DEPOSITION DESIGNATIONS | | COUNTER DESIGNATIONS *Pink = Completeness | | | Y DESIGNATIONS *Pink = Completeness Designo | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 296 | 16 | 298 | 23 | Violates court order (297:12-18); scope (297:12-18) | | Defense objection is false and misrepresentative of facts on its face. Plaintiffs did not violate a court order, because no order barred the procurement of this testimony. Despite Cardinal's allegations that another MDL defendant not party to this case at bar obtained an order regarding a "similar 30(b)(6) notice," this deposition was taken on August 7, 2018. The referenced order in response to a non-Cardinal Health party motion was dated September 3, 2018. Further, while 30(b)(6) topics for which corporate representative testimony was sought were developed by parties, the rulings by MDL Special Master Cohen as cited here were applicable to motions by Endo, Anda, CVS, Miami-Luken, and Walmart - not by Cardinal Health. Although discovery ruling(s) impacted future discovery, not once in any ruling did SM Cohen or Judge Polster issue a lookback or retroactive order governing this Cardinal Health deposition testimony that was obtained nearly a month before the order at issue was made.<br><br>The witness testimony is built upon her experience as Cardinal Health's Vice President and Associate General Counsel with 18 years of Cardinal employment and in her Cardinal-appointed corporate representative capacity. Additionally, Cardinal prepared this witness to answer questions regarding Cardinal's "efforts to conduct audits and/or investigations relating to Cardinal's . . . SOMS to review past practices and ensure compliance [with Cardinal's] legal responsibilities." As such, it is a practical line of questionning to establish whether Cardinal agrees that knowing to whom it is distributing controlled substances is a good idea. This testimony is relevant to the trier of fact, because Cardinal's Knowing Your Customer component of their anti-diversion program may inform the trier of fact as to the scope for which Cardinal's knowledge, notice, and understanding of their customers may impact the breadth, depth, and ultimate severity of Plaintiffs' allegations that Cardinal violated regulations to adequately prevent diversion and feigned ignorance of the DEA's/DOJ's stance and enforcement of the same. See Fed. R. Evid. 401, 402. | | | | | | | | |
| 299 | 1 | 300 | 1 | | | n/a | | | | | | |
| 300 | 20 | 301 | 2 | | | n/a | | | | | | |
| 306 | 23 | 307 | 23 | Relevance/geographic scope; unfairly prejudicial; FRE 408 | See MIL No. 4 (Dkt. 1067, 1154) | This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Moreover, the Court has previously overruled this out-of-state relevance-geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. Cardinal's regulatory system was centralized and applied nationally, as previously established through prior testimony. See 5/20/2021 Trial Tr. at 39:7-9 ("The system that was put in place was a system that was designed to identify and report suspicious orders for any customer of Cardinal"), 53:12-18 ("It was a centralized system."). In fact, this Court has recognized Cardinal's national system, and that issues with it are not limited to Cabell/Huntington. Id. at 42:19-43:5 ("I am going to let it in as it relates to the issue of the systemic failure. The system was designed to cover all of the operations . . . it does relate to the overarching issue of the systemic failure to a certain extent and I'll consider it insofar as it's relevant to that."). Further, even if unfair prejudice is somehow found, the exhibit should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor.").<br><br>Furthermore, these objections have previously been overruled and the underlying exhibit has been admitted into evidence as part of another exhibit. See P-08873 (1/25/2016 Email from Robert Giacalone with attachments including the 2012 settlement at issue as well as other documents). As part of its analysis, the Court specifically considered these objections to both the 2008 and 2012 settlement agreements, overruled same, and admitted the Cardinal settlement agreements. See 5/20/2021 Transcript at 42:19-43:5 (regarding the 2008 settlement, "I am going to let it in as it relates to the issue of the systemic failure"), and 47:18-48:1 (regarding the 2012 settlement, "this relates to the issue of the systemic failure and I'm going to admit it"). Further, the MDL Court previously ruled that this evidence was admissible (see 1/3/2020 Order (MDL Doc. 3058) at 12-13), and this Court previously denied Defendants' motion in limine regarding same. See 4/29/2021 Order (Doc. 1297) at p. 12 ("The court agrees with Judge Polster that evidence regarding prior settlements is not barred by either Federal Rule of Evidence 408 or 403. Nor can the court find that such evidence is necessarily irrelevant to plaintiffs' public nuisance claim."). | | | | | | | | |
| 309 | 22 | 311 | 23 | Relevance/geographic scope; unfairly prejudicial; FRE 408 | See MIL No. 4 (Dkt. 1067, 1154) | Same as above. | | | | | | | | |