| | |
|---|---|
| **From:** | Hobart, Geoffrey |
| **To:** | "MDL Opioid All Distributors (S)" |
| **Subject:** | FW: Amended Agenda: 30b6 rulings |
| **Date:** | Monday, September 3, 2018 7:50:12 PM |

**From:** David R. Cohen <David@SpecialMaster.Law>
**Sent:** Monday, September 03, 2018 7:39 PM
**To:** Peter H. Weinberger <PWeinberger@spanglaw.com>
**Cc:** Roitman, Sara (Sara.Roitman@dechert.com) <Sara.Roitman@dechert.com>; mark.cheffo@dechert.com; 'Rendon, Carole S. (crendon@bakerlaw.com)' <crendon@bakerlaw.com>; Steven Skikos <sskikos@skikos.com>; 'trafferty@levinlaw.com' <trafferty@levinlaw.com>; Mainigi, Enu <EMainigi@wc.com>; Hobart, Geoffrey <ghobart@cov.com>; Shannon McClure <smcclure@reedsmith.com>; 'kaspar.stoffelmayr@bartlit-beck.com' <kaspar.stoffelmayr@bartlit-beck.com>; tmtabacchi@jonesday.com; Tyler Tarney <ttarney@grsm.com>; Peter Mougey (pmougey@levinlaw.com) <pmougey@levinlaw.com>; 'lsinger@motleyrice.com' <lsinger@motleyrice.com>; Jayne Conroy <jconroy@simmonsfirm.com>; Mark Dearman <MDearman@rgrdlaw.com>; Paul Geller <pgeller@rgrdlaw.com>; Shkolnik, Hunter <Hunter@NapoliLaw.com>; Rice, Joe <jrice@motleyrice.com>; Paul Hanly <phanly@simmonsfirm.com>; Paul Farrell <Paul@Greeneketchum.com>; Winner, Sonya <swinner@cov.com>
**Subject:** Amended Agenda: 30b6 rulings

Dear Counsel:

With regard to the many letters and emails I have received related to 30b6 deposition topics, some of them raise discrete issues that I can rule on now -- I do not need to hear argument or discussion. Accordingly, I supply certain rulings below. This should help shorten the amount of time we need to spend on the phone together tomorrow. I will enter other rulings after discussion during our Sept. 4 telecon. I know there are other letters we need to address, I have not had a chance to get into the details of all of them yet.

**Endo letter dated 8/31/18 from J. Davis**
This letter raises two issues:

Topic 34 - I agree with Endo that a written response is sufficient, subject to its agreement to designate a witness or witnesses to discuss the three topics listed in the last paragraph on page 2.

Topic 39 - I agree with Plaintiffs that testimony is required and a written response is not sufficient. Note that my 8/16/18 email ruling directed at Janssen primarily addressed diversion, not marketing.


**Anda letter dated 8/31/18 from J. Matthews**
**CVS letter dated 8/31/18 from E. Delinsky**
**Miami-Luken email dated 8/31/18 from L. Miller**
These communications state there are no ripe disputes, either because (1) negotiation has not yet started, or (2) negotiation is ongoing and may lead to full resolution by 9/14/18. Accordingly, it appears there are no rulings requested at this time.

**Walmart letter dated 8/31/18 from T. Fumerton**
Note that this letter did the best job of teeing up each individual issue.  As discussed below, other letters were too broad-brush in their approach or did not provide the actual topic language (or possibly I did not print it out, and I am on the road).
Anyway, the Walmart letter raises the following issues:

### First Notice
Subtopics c, d, e, f, g & n - Plaintiffs are entitled to obtain testimony regarding Walmart's *compliance* with these subtopics, but not regarding *past/present interpretation, agreement, and/or disagreement*.

Subtopics b & k.2 - we need to discuss

Subtopic o - I agree Walmart may respond in writing and need not supply live testimony on this topic.

### Second Notice
Topics 20-22 - Walmart must provide testimony on these topics as rewritten here:
   20. Whether and the extent to which you identified or detected suspicious orders arising out of the CT1 jurisdictions.
   21. Whether and the extent to which you failed to report to the DEA suspicious orders that you identified or detected arising out of the CT1 jurisdictions.
   22. Whether and the extent to which you shipped suspicious orders that you identified or detected arising out of the CT1 jurisdictions.

Topic 23 - I agree with Walmart that it does not have to respond to this topic.

Topics listed on pp. 6-7 of the letter, which Walmart asserts are outside the scope of discovery or lack particularity - we need to discuss.

Topics listed on p. 7 of the letter, which Walmart asserts are better answered in writing:
   Topics 1e-g - we need to discuss
   Topics 3-8, 12 - I disagree with Walmart, it must supply live testimony on these topics.
   Topics 9, 11, 13, 14, 16 - I agree Walmart may respond in writing and need not supply live testimony on these topics. [Topic 13, however, is subject to discussion and ruling re: lack of particularity.  Further, written answers to topics 9 and 16 must be timely supplied *before* testimony is provided on topics 20-22, and the deponent may be asked about those written answers.]

-------------

I have reviewed communications addressed to 30b6 topics directed at Walgreens, Purdue, and Plaintiffs, but either do not have the actual topic language, or need more time to think about these.  We can discuss tomorrow.

I have also reviewed the 8/31/18 letter from P. Mougey and offer these initial thoughts:

pp. 1-2, deadlines for written responses and scheduling of testimony - I agree deadlines are needed, the parties should come to agreement or I will simply set them.
pp. 3-10, various objections - some of these topics I effectively addressed above.  Other topics I may need responses.
pp. 11-13, Purdue topics - I need to see the actual topic language.
pp. 13-16, written answers - I addressed this to some extent in my rulings on Walgreens topics, above.  The parties should apply these Walgreens rulings and then submit to me any specific topics (with actual language) where they still cannot agree on whether answers can

be written.

-David




============================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**


> -------- Original Message --------
> Subject: Amended Agenda:
> From: "Peter H. Weinberger" <PWeinberger@spanglaw.com>
> Date: Mon, September 03, 2018 10:14 am
> To: "David R. Cohen" <David@SpecialMaster.Law>
> Cc: "Roitman, Sara (Sara.Roitman@dechert.com)" <Sara.Roitman@dechert.com>, "mark.cheffo@dechert.com" <mark.cheffo@dechert.com>, "'Rendon, Carole S. (crendon@bakerlaw.com)'" <crendon@bakerlaw.com>, Steven Skikos <sskikos@skikos.com>, "'trafferty@levinlaw.com'" <trafferty@levinlaw.com>, "Mainigi, Enu" <EMainigi@wc.com>, Geof Hobart <ghobart@cov.com>, Shannon McClure <smcclure@reedsmith.com>, "'kaspar.stoffelmayr@bartlit-beck.com'" <kaspar.stoffelmayr@bartlit-beck.com>, "tmtabacchi@jonesday.com" <tmtabacchi@jonesday.com>, Tyler Tarney <ttarney@grsm.com>, "Peter Mougey (pmougey@levinlaw.com)" <pmougey@levinlaw.com>, "'lsinger@motleyrice.com'" <lsinger@motleyrice.com>, Jayne Conroy <jconroy@simmonsfirm.com>, Mark Dearman <MDearman@rgrdlaw.com>, Paul Geller <pgeller@rgrdlaw.com>, "Shkolnik, Hunter" <Hunter@NapoliLaw.com>, "Rice, Joe" <jrice@motleyrice.com>, Paul Hanly <phanly@simmonsfirm.com>, Paul Farrell <Paul@Greeneketchum.com>, "Winner, Sonya (swinner@cov.com)" <swinner@cov.com>
>
> SM Cohen:
>
> Here is the amended agenda:
>
>    1. 30 b 6
>    2. Farrell's letter of 8/17 -  action item #1

3. Discovery protocol submissions:  We have reviewed Sonya Winner's response from last night and we request the opportunity to discuss with you on this call how we can resolve/handle certain troublesome and practical problems we will have going forward even with the additional time for discovery that we have been granted.  We need to figure out how we are going to schedule the hundreds of depositions that need to done between now and 1/25/19 while allowing time for document production, review of documents, and the communications back and forth that result in deposition dates being scheduled. Because in most instances we are working off of custodial lists provided by the defendants, we need to have time to add additional custodians discovered from documents that are being produced on a rolling basis.  Similarly, it is not fair to allow a direct examination of a 30 b 6 witness whose custodial file has not been produced.  We also cannot agree to providing deposition exhibits or demonstrative aids to the defense 24 hours in advance of a deposition.  That is not standard deposition practice in any case.  There are other issues which remain on the table that require some discussion with you before you make a final decision.
4. Fact deposition before 10/24 or 11/9/18.  This references the need, where possible, to proceed with fact depositions now of some witnesses whose custodial files have been produced or who the requesting party is prepared to proceed with in the absence of full document production.  We need to use the time we have over the next 2 months.
5. Linda Singer's 8/24 letter – items 2 and 3.

Pete

---

**From:** David R. Cohen [mailto:David@SpecialMaster.Law]
**Sent:** Sunday, September 02, 2018 10:45 PM
**To:** Peter H. Weinberger
**Cc:** Roitman, Sara (Sara.Roitman@dechert.com); mark.cheffo@dechert.com; 'Rendon, Carole S. (crendon@bakerlaw.com)'; Steven Skikos; 'trafferty@levinlaw.com'; Mainigi, Enu; Geof Hobart; Shannon McClure; 'kaspar.stoffelmayr@bartlit-beck.com'; tmtabacchi@jonesday.com; Tyler Tarney; Peter Mougey (pmougey@levinlaw.com); 'lsinger@motleyrice.com'; Jayne Conroy; Mark Dearman; Paul Geller; Shkolnik, Hunter; Rice, Joe; Paul Hanly; Paul Farrell
**Subject:** RE: Proposed Agenda for Cohen Discovery call

Dear Counsel:

In light of the three discovery rulings I issued via email on the evening of September 2, could you please update the agenda below.  For example, I believe #4 and #8 are no longer pending.

Further, and more important, could you please be more specific and provide more detail.  For example, "#7 Linda Singer's 8/24 letter" raised at least 3 separate issues, at least one of which is no longer pending.  Do you want to address all of those issues?  Similarly, Farrell's 8/17 letter includes four "action requests," but your agenda suggests you only want to address "document production priorities" (addressed partly by "action request #1) and not other topics mentioned in the letter.

It will help me to be prepared for our telecon if I know more exactly what we will address.

Thanks, and have a good weekend.

-d

============================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**


-------- Original Message --------
Subject: Proposed Agenda for Cohen Discovery call
From: "Peter H. Weinberger" <PWeinberger@spanglaw.com>
Date: Sun, September 02, 2018 1:09 pm
To: "David R. Cohen" <David@SpecialMaster.Law>
Cc: "Roitman, Sara (Sara.Roitman@dechert.com)" <Sara.Roitman@dechert.com>, "mark.cheffo@dechert.com" <mark.cheffo@dechert.com>, "'Rendon, Carole S. (crendon@bakerlaw.com)'" <crendon@bakerlaw.com>, Steven Skikos <sskikos@skikos.com>, "'trafferty@levinlaw.com'" <trafferty@levinlaw.com>, "Mainigi, Enu" <EMainigi@wc.com>, Geof Hobart <ghobart@cov.com>, Shannon McClure <smcclure@reedsmith.com>, "'kaspar.stoffelmayr@bartlit-beck.com'" <kaspar.stoffelmayr@bartlit-beck.com>, "tmtabacchi@jonesday.com" <tmtabacchi@jonesday.com>, Tyler Tarney <ttarney@grsm.com>, "Peter Mougey (pmougey@levinlaw.com)" <pmougey@levinlaw.com>, "'lsinger@motleyrice.com'" <lsinger@motleyrice.com>, Jayne Conroy <jconroy@simmonsfirm.com>, Mark Dearman <MDearman@rgrdlaw.com>, Paul Geller <pgeller@rgrdlaw.com>, "Shkolnik, Hunter" <Hunter@NapoliLaw.com>, "Rice, Joe" <jrice@motleyrice.com>, Paul Hanly <phanly@simmonsfirm.com>, Paul Farrell <Paul@Greeneketchum.com>

SM Cohen:

We have agreed on the following items for consideration during the call on Tuesday at 3:30 pm eastern.

1. 30 b 6
2. Farrell's letter of 8/17 regarding document production priorities
3. Discovery protocols
4. Allergan document productions
6. Fact depositions scheduled before 10/25/18 or 11/9/18
7. Linda Singer's 8/24 letter
8. Summit and Cuyahoga Medical Examiner Designations

We also intend to provide a spreadsheet reflecting the number of documents each party has produced.  It will be a snapshot of the production levels as of last week.  We have submitted a chart to the defendants and are working on a few discrepancies in the numbers.

Pete

Peter H. Weinberger

**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell
216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com
Spangenberg Shibley & Liber

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

Peter H. Weinberger

**Spangenberg Shibley & Liber LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
216-696-3232 Office
216-407-5033 Cell

216-696-3924 Fax
PWeinberger@spanglaw.com | www.spanglaw.com
Spangenberg Shibley & Liber

CONFIDENTIALITY NOTICE: The information in this e-mail, including any attachments, is for the sole use of the intended recipient(s), and may contain confidential and legally privileged communications. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited and may be unlawful, and could subject the unlawful user to civil and criminal penalties. Any unintended receipt should be reported to this sender immediately and all copies returned, deleted, and destroyed. TO OUR CLIENTS: Any dissemination of this communication to third-parties may be a waiver of the attorney-client privilege.

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01