Mash, Lisa
July 28, 2020

| WITNESS NAME: | Quintero, Gilberto | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 12/6/2018 | | | | | | | | | | | | | |

| PLAINTIFFS' AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | DEFENDANT'S COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections |
| 12 | 8 | 12 | 16 | | n/a | | 197 | 18 | 197 | 20 | none | | | | |
| 16 | 20 | 17 | 12 | Argumentative; Speculation | Argumentative as to "brought in by Cardinal to make sure that QRA was improving." Speculation as to *why* Mr. Quintero was "brought in by Cardinal." He cannot opine on the reason that the company hired him. | The objections to arument and speculation are not supported. The question was not presented in an argumentative or speculative manner. The questioning sought the witness's understanding of the matter, he was given an opportunity to answer, and he did so without difficulty. Moreover, it is reasonable (and not argument or speculation) for the witness to understand why he was being hired, what was needed or expected of him, and what issues existed which needed to be addressed. Further, the witness previously testified that when he was hired as Senior VP of Quality and Regulatory Affairs ("QRA"), it was to: "make sure that the departments that I managed comply with the regulations and expectations from the government, and that we execute according to our quality procedures" (*see* Dep. at 17:4-8), and this is consistent with the follow-up questioning regarding the witness's understanding about making sure that QRA is improving, fixing QRA, etc. Also, to the extent that any alleged argument or speculation exists, the Court can properly consider, account for, and/or weigh same in this bench trial. | 197 | 22 | 197 | 24 | none | | | | |
| 17 | 19 | 17 | 20 | Argumentative; Speculation | Argumentative as to, "you were brought in . . . To fix QRA, right?" Speculation to same - can't ask this witness to opine on why the company hired him - as illustrated by the witness's lack of knowledge on this point. | Same response as above. | 198 | 6 | 198 | 9 | none | | | | |
| 17 | 23 | 18 | 8 | Speculation | The witness's answer flows from the previous speculative question and should be stricken. | Same response as above relative to speculation. The witness even stated that the answer was "my understanding," *See* Dep. at 17:23-24. Also, speculation is a form objection which was not made during the deposition for 18:3-8, and is thus waived relative to same. Moreover, this question seeks (and the answer provides) the witness's view, which is something he would reasonably know as part of his responsibilities. *See e.g.*, Dep. at 17:4-8. | 198 | 11 | 198 | 12 | none | | | | |
| 195 | 4 | 195 | 14 | Relevance/Geographic scope, Prejudicial, Hearsay | DEA investigation into the Lakeland, Florida distribution center has no relevance to Cabell/Huntington. Any attempt to connect Lakeland, Florida to Cabell/Huntington is unfairly prejudicial. In addition, the allegations contained in the warrant are hearsay if admitted for the truth. | These matters have all been ruled upon by the Court and the evidence has been admitted. *See e.g.*, P-08873, 6/8/2021 Trial Tr. at 88:3-91:1, 95:5-25. Hearsay is not applicable pursuant to FRE 803(8). Additionally, FRE 801(c)(2) is not satisfied as this is not solely for the truth of the allegations, but also for notice, knowledge, understanding and/or state of mind. With respect to relevance/geographic scope, as previously outlined by the Court relative to Cardinal and this issue, "I've dealt with the geographic scope objections before and I think the theory is that there is a systemic failure that transcended the -- pretty much the entire operation which would have encompassed Cabell/Huntington and -- Cabell/Huntington. So I'm going to overrule the geographic scope objection." *See* 6/8/2021 Trial Tr. at 88:18-24. As for the prejudice objection, the exhibit is not unfairly prejudicial as required by FRE 403. Moreover, even if some unfair prejudice is found, the exhibit should be admitted and weighted accordingly. *See Schultz v. Butcher*, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 198 | 13 | 198 | 14 | none | | | | |
| 195 | 19 | 197 | 17 | Relevance/Geographic Scope, Prejudicial, Speculation, Legal Conclusion, Hearsay | DEA investigation into the Lakeland, Florida distribution center has no relevance to Cabell/Huntington. Any attempt to connect Lakeland, Florida to Cabell/Huntington is unfairly prejudicial. In addition, the allegations contained in the warrant are hearsay if admitted for the truth. Speculation as to 196:16-18 by asking the witness that "this is the DEA telling Cardinal that . . . " - the witness cannot opine on what DEA intended. Calls for an improper legal conclusion in 197:6-17 when counsel asked the witness whether "Cardinal should have what the DEA's looking for under the provisions of the act." | Same response as above with respect to the relevance/geographic scope, prejudice and hearsay objections. The objection to speculation for 196:16-18, is not supported. The question seeks a common sense answer in order to develop the testimony. The inspection warrant, by its nature (and on its face) seeks more information. Further, as a 10-year Cardinal Senior VP of Quality and Regulatory Affairs, with his stated responsibility to: "make sure that the departments that I managed comply with the regulations and expectations from the government, and that we execute according to our quality procedures" (*see* Dep. at 17:4-8), the witness had the knowledge, experience, and job responsibilities to answer the quesiton. *Id*. at 12:8-16, 16:20-17:18. And, his answer shows that he had no difficulty with the question and was not speculating. The legal conclusion objection for 197:6-17 is not supported. Understanding of a regulation is not a legal conclusion, but rather is a primary part of the witness's job for the last 10 years. *Id*. Also, at a minimum, this is not a legal conclusion as it seeks the witness's understanding of what is required from Cardinal. Further, the requirement is plain and clear, as shown by the witness's response: "We should have the records that are required. Per the regulations, we should have that." *Id*. at 197:15-17. | 198 | 16 | 198 | 17 | none | | | | |