| WITNESS NAME | Steve Reardon |
| --- | --- |
| DEPOSITION DA | 11/30/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS | | | | | REPLY DESIGNATIONS * Pink Completeness | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Plaintiffs' Responses to Objections | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Page/Line Begin | | Page/Line End | | Objections | Objection Notes |
| 410 | 4 | 410 | 22 | | | n/a | 421 | 18 | 422 | 16 | | | 465 | 3 | 466 | 7 | | |
| 411 | 1 | 411 | 3 | | | n/a | 425 | 15 | 425 | 18 | | | 466 | 18 | 466 | 22 | | |
| 412 | 14 | 412 | 15 | | | n/a | 464 | 21 | 465 | 2 | | | | | | | | |
| 412 | 20 | 413 | 15 | Hearsay; Argumentative | Hearsay as to quoting the letter, if any portion of the quote is being offered for the truth of the matter asserted (e.g., if trying to establish various regulatory duties or obligations). Nor can this letter cannot be construed as a hearsay exception as a business record under 803(6) - it is not a receipt or automated report, it is a letter that required contemplation and thought. Argumentative as to 413:14-15 when counsel said, "You agree that during 2007 we were facing an opioid epidemic, right?" | This is not hearsay as it does not satisfy FRE 801(c)(2). The information is not solely offered for the truth of the matter asserted, but rather is also offered to prove notice, knowledge and/or acceptance of applicable regulations, the enforcement of regulations, as well as the issues with controlled substance abuse. Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(6). The question allowed the witness to properly and/or fully answer, which the witness did without difficulty, and any potential argumentative question can be ignored and/or minimized in this Bench trial. | 466 | 8 | 466 | 11 | | | | | | | | |
| 413 | 17 | 414 | 15 | Argumentative | Argumentative as to 413:17-414:3. | This is a form objection which was not raised at the time for multiple questions in this designation, and is thus waived. Moreover, the questions allowed the witness to properly and fully answer, which the witness did without difficulty, and any potential argumentative question can be ignored and/or minimized and weighted accordingly in this Bench trial. | 466 | 13 | 466 | 17 | | | | | | | | |
| 415 | 9 | 415 | 19 | | | n/a | 497 | 10 | 497 | 13 | | | | | | | | |
| 415 | 21 | 416 | 20 | Calls for Legal Conclusion; Argumentative; Hearsay | Hearsay because counsel is reading statements in a letter and offering them for the truth of the matter asserted: "And you are aware that you are required to have a system that maintained effective controls . . . "; "this is where Rannazzisi sets out some of your obligations, right?" Improper Opinion as to 415:23-416:1 because counsel asserts that this letter includes a description of Distributors' legal "obligations, right?". Improper opinion as to 416:16-20 because counsel asserts that "you are required to have a system that maintained effective controls" . . . (etc.). Counsel's questions were also argumentative. | This is not improper opinion or a legal conclusion as the testimony involves factual information regarding notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and/or the DEA's enforcement of same. Further, notice, knowledge and/or acceptance of regulatory responsibilities are not opinions or legal conclusions, and even if considered such, the testimony is admissible under FRE 704. With respect to the argumentative objection, this is a form objection which was not raised at the time for multiple questions in this designation, and is thus waived. Moreover, the questions allowed the witness to properly and/or fully answer, which the witness did without difficulty, and any potential argumentative question can be ignored and/or properly minimized and weighted accordingly in this Bench trial. As for the hearsay objection, it does not satisfy FRE 801(c)(2). The information is not solely offered for the truth of the matter asserted, but rather is also offered to prove notice, knowledge and/or acceptance of applicable regulations, the enforcement of regulations, as well as the issues with controlled substance abuse. Moreover, even if considered hearsay, it would fall under one or more exceptions such as FRE 803(6). | 503 | 23 | 508 | 5 | | | | | | | | |
| 416 | 22 | 417 | 22 | Calls for Legal Conclusion; Argumentative | Improper Opinion as to 417:3-4 as counsel is asking the witness about "two separate" legal "requirements"; 417:9-12 - as counsel characterizes a particular federal regulation as "your suspicious orders requirement", and 417:21-22 as counsel posits, "So as a distributor, you take on a dual requirement; isn't that right?". | These are form objections which were not raised at the time for multiple questions in this designation, and are thus waived. Moreover, the questions allowed the witness to properly and fully answer, which the witness did without difficulty, and any potential argumentative question can be ignored and/or minimized and weighted accordingly in this Bench trial. Further, this is not a legal conclusion as the testimony involves factual information regarding notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and the DEA's enforcement of same. Further, notice, knowledge and/or acceptance of regulatory responsibilities are not legal conclusions, and even if considered such, the testimony is admissible under FRE 704. | 503 | 28 | 504 | 22 | | | | | | | | |
| 417 | 24 | 418 | 8 | Prejudicial; Calls for Legal Conclusion | Improper Opinion as to 417:24-418:1 as the witness responses to counsel's question that called for a legal conclusion ("So as a distributor, you take on a dual requirement; isn't that right?"); Argumentative as to 418:3-4 as counsel interjects, "And you didn't know that before today; is that right?." Counsel's remarks unfairly limited the witness's remarks and were prejudicial. | Argumentative and prejudicial are not supported. The questioning allowed the witness to properly and fully answer, which the witness did without difficulty, and any alleged argument or prejudice can be ignored and/or minimized and weighted accordingly in this Bench trial. This is not improper opinion or a legal conclusion as the testimony involves factual information regarding notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and the DEA's enforcement of same. Further, notice, knowledge and/or acceptance of regulatory responsibilities are not opinions or legal conclusions, and even if considered such, the testimony is admissible under FRE 704. | 508 | 7 | 508 | 12 | | | | | | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 419 | 16 | 420 | 13 | Calls for Legal Conclusion | Calls for a legal conclusion by asking whether "we have two seaprate [legal] requirements" and then characteriing a statement in the letter as establishing "the shipping requirement or not shipping requirement, isn't it?" | This is not a legal conclusion as the testimony involves factual information regarding notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and the DEA's enforcement of same. Also involves factual information of how the witness and/or Cardinal viewed, understood, and/or implemented applicable regulations. Further, notice, knowledge and/or acceptance of regulatory responsibilities is not a legal conclusion, and even if considered such, the testimony is admissible under FRE 704. | 508 | 14 | 508 | 20 | | | | |
| 420 | 15 | 421 | 7 | Calls for Legal Conclusion | Counsel explicitly calls for an improper legal conclusion when he asks the witness, "Well, let me ask you, when you say a suspicious order and you have to report suspicious orders, suspicious of what?" Unfairly prejudicial when counsel posits, "So if we have an order that we've determined is suspicious, we wouldn't want to give it to the people we thin kare placing the suspicious order, would we?" | Same as above. | 508 | 22 | 509 | 8 | | | | |
| 421 | 10 | 421 | 14 | Calls for Legal Conclusion; Prejudicial | Counsel calls for an improper legal conclusion-- and makes a prejudicial statement-when he posits, "That wouldn't make sense?" in discussing the shipment of so-called suspicious orders. | The questioning allowed the witness to properly and fully answer, which the witness did without difficulty, and any alleged prejudice can be ignored and/or minimized and weighted accordingly in this Bench trial. Moreover, any alleged prejudice is outweighed by the facts established (which address a central matter in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations and/or the DEA's enforcement of same, as well as how the witness and/or Cardinal viewed, understood, and/or implemented applicable regulations. Notice, knowledge and/or acceptance of regulatory responsibilities is not a legal conclusion, and even if considered such, the testimony is admissible under FRE 704. | 509 | 9 | 510 | 7 | | | | |
| 421 | 16 | 421 | 16 | Calls for Legal Conclusion; Prejudicial | Counsel's previous question was prejudicial and called for an improper legal conclusion: "We would want to do whateve rdue diligence we need to do to confirm that it is not a suspicious order before we ship it, correct?" - implying that there exists some legal obligation to do so. | Same as above. | 510 | 11 | 510 | 22 | X | X - Improper Designation: 510:11-17 is not a counter designation to anything. This is Defendants' direct examination, and more appropriate to affirmative designation. | | |
| 423 | 14 | 423 | 15 | | | n/a | 511 | 8 | 515 | 12 | | | | |
| 423 | 17 | 423 | 18 | | | n/a | 517 | 22 | 520 | 2 | X; Hearsay | X - Improper Designation: 517:22-520:2 is not a counter designation to anything. This is Defendants' direct examination, and more appropriate to affirmative designation. | | |
| 423 | 24 | 424 | 14 | Argumentative; Speculation | Argumentative as to lines 12-14 when counsel posited that he (counsel) "should have, at least according to your testimony, [access to] ingredient limit reports going back prior to that, is that right?" - that is a matter of the scope of discovery and document production. Speculation as to what Cardinal "should" have produced dating all the way back to 1994, which of course would be subject to the company's document retention policies (424:9-14; 424:17) | The questioning allowed the witness to properly and fully answer, which the witness did without difficulty, and any alleged argument can be ignored and/or minimized and weighted accordingly in this Bench trial. Speculation is not supported as the witness's answer made clear that he had the requisite knowledge. In fact, the witness actually elaborated on and confirmed the factual information (at 424:17-425:2). | 520 | 11 | 520 | 12 | X; Hearsay | X - Improper Designation: 520:11-520:12 is not a counter designation to anything. This is Defendants' direct examination, and more appropriate to affirmative designation. | | |
| 424 | 17 | 425 | 2 | | | n/a | 520 | 19 | 520 | 22 | X | X - Improper Designation: 520:19-520:22 is not a counter designation to anything. This is Defendants' direct examination, and more appropriate to affirmative designation. | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 426 | 12 | 427 | 7 | Calls for Legal Conclusion; Argumentative | Argumentative as to 427:5-7 when counsel posited that "Cardinal shipped all these orders out into our communities across the country, didn't they" (and the shipment of medications into non-C/H regions is not relevant to this litigation, in any event); Counsel also calls for an improper legal conclusion when he describes the document as including "all suspicious orders under your CFR reporting requirement, correct?" | This is not improper a legal conclusion as the testimony involves factual information regarding what the witness and/or Cardinal did with reports to the DEA. Moreover, the testimony addresses how the witness and/or Cardinal viewed the reports. With respect to the argumentative objection, The questioning allowed the witness to properly and fully answer, which the witness did without difficulty, and any alleged argument can be ignored and/or minimized and weighted accordingly in this Bench trial. | 520 | 5 | 520 | 8 | X; Hearsay | X - Improper Designation: 520:5-520:8 is not a counter designation to anything. This is Defendants' direct examination, and more appropriate to affirmative designation. | | | |
| 427 | 9 | 429 | 20 | Argumentative; Prejudicial | Counsel's argumentative question at 427:5-7 elicited the answer from the witness at 427:9-10; all should be stricken because of the argumentative question. Additionally, counsel's repeated references to these orders as being "gone," and "long gone" is unfairly prejudicial. | The questioning allowed the witness to properly and fully answer, which the witness did without difficulty, and any alleged argument or prejudice can be ignored and/or minimized and weighted accordingly in this Bench trial. In fact, the witness actually elaborated with his answer (at 427:9-10). Moreover, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations, as well as the fact that Cardinal shipped out orders it identified as suspicious prior to reporting them to the DEA. | 524 | 16 | 525 | 14 | | | | | |
| 430 | 2 | 435 | 13 | Calls for Legal Conclusion | Improper Opinion as to 430:14-17 as counsel asserted that "suspicious orders, this requirement is fulfilling our Code of Rederal Regulations 1301.74(b) correct?"; 430:18-21 as counsel asserted that "We also have the obligation under the US Code to have an adequate system to prevent diversion as well, right?" | These are objections to form which were not raised during the deposition and are thus waived. Moreover, this is not improper opinion or a legal conclusion as the testimony involves factual information of Cardinal Health's policies and procedures for DEA compliance. *See* dep. ex. 32 (Cardinal Health DEA Compliance Manual); dep. at pp. 429-435. Further, these are facts regarding notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and the DEA's enforcement of same, as well as how the witness and/or Cardinal viewed, understood, and/or implemented applicable regulations. Also, notice, knowledge and/or acceptance of regulatory responsibilities is not a legal conclusion, and even if considered such, the testimony is admissible under FRE 704. | 525 | 24 | 528 | 3 | | | | | |
| 437 | 20 | 438 | 9 | Prejudicial; Argumentative | Argumentative as counsel remarked, "Well, let's look at what's supposed to happen." Counsel also misconstrues the company policy and assers, "or they just think it's excessive we have to notify the DEA ,according to our own policies and procedures, correct?" | The questioning allowed the witness to properly and fully answer, which the witness did without difficulty, and any alleged argument or prejudice can be ignored and/or minimized and weighted accordingly in this Bench trial. In fact, the witness actually elaborated with his answer (at 438:11-12). Moreover, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations, and Cardinal's policies and procedures regarding regulatory compliance for distribution of opioids, including but not limited to identifying suspicious orders, what is done with suspicious orders, and reporting suspicious orders to the DEA. | 525 | 17 | 525 | 20 | | | | | |
| 438 | 11 | 438 | 24 | Calls for Legal Conclusion | The previous question asked the witness to make an improper legal conclusion. As a result, neither the question nor the witness's answer should be admitted. | Legal conclusion is not applicable as the testimony involves factual information of Cardinal Health's policies and procedures for DEA compliance. *See* dep. ex. 32 (Cardinal Health DEA Compliance Manual); dep. at pp. 429-438. Further, these are facts regarding notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and the DEA's enforcement of same, as well as how the witness and/or Cardinal viewed, understood, and/or implemented applicable regulations. Also, notice, knowledge and/or acceptance of regulatory responsibilities is not a legal conclusion, and even if considered such, the testimony is admissible under FRE 704. | 528 | 4 | 530 | 6 | | | | | |
| 439 | 2 | 440 | 6 | Calls for Legal Conclusion; Prejudicial; Argumentative | Improper Opinion as to 439:4-7 as counsel asserts that there is an "obligation in trying to comply with the regulations, right?". Argumentative and prejudical as counsel remarks, "And they should be held to comply with their own policies and procedures, shouldn't they?" | Same as above. Also, these are objections to form which were not raised during the deposition for multiple questions within this designation, and are thus waived. Moreover, the questioning allowed the witness to properly and fully answer, which the witness did without difficulty, and any alleged argument or prejudice can be ignored and/or minimized and weighted accordingly in this Bench trial. Any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations, and Cardinal's policies and procedures regarding regulatory compliance for distribution of opioids/controlled substances, including how Cardinal implemented and/or adhered to same. | 528 | 4 | 530 | 6 | | | | | |
| 440 | 8 | 443 | 14 | Prejudicial | Unfairly prejudicial as counsel cut off the witness when the witness started, "That doesn't sound --"; prejudicial as to "everything that is listed in this report exceeded that limit?." | While Plaintiffs do not believe this testimony is unfairly prejudicial, any alleged prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial. Also, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations, Cardinal's policies and procedures regarding DEA compliance, and how Cardinal implemented and/or adhered to those procedures. | 530 | 7 | 531 | 1 | | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 444 | 8 | 444 | 24 | Foundation; Argumentative; Relevance | Relevance as to questioning about a particular pharmacy located in Cleveland, Ohio as Plaintiff has not and cannot make any connection between that pharmacy and Cabell/Huntington. Lack of foundation as to the data in the slide that was prepared by Plaintiff's counsel - the witness did not prepare that chart, nor did Cardinal Health. The witness did not have an opportunity to validate the information in the chart created by Plaintiff's counsel. Argumentative as to, "and you see that they're increasing through that time frame, right?" | The foundation is established throughout the deposition and in exhibits.  Moreover, the witness, who started with Cardinal in 1988 and held roles as Director of Regulatory Compliance, and V.P. of Quality and Regulatory Affairs (*see* dep. at pp. 410-411), had vast experience and expertise with controlled substances and related regulations, and evidence of the requisite knowledge to answer was provided/established.  These include objections to form which were not made during the deposition regarding multiple questions in this designation, and are thus waived. Also, while Plaintiffs submit that the questioning/testimony is not argumentative, any alleged argument can be ignored and/or properly minimized and weighted accordingly in this Bench trial.  Moreover, this information goes to a central topic of the notice Cardinal had of the number of opioid pills being shipped (including compared among locations) and what Cardinal did with such information.  As such, and any alleged unfair prejudice is outweighed by same.  Also, this involves Cardinal's national policies and procedures, and how they are applied. | 531 | 3 | 531 | 3 | | |
| 446 | 12 | 448 | 1 | Prejudicial; Argumentative | Argumentative as to 447:19-24 as counsel is positing that "you would want to see that due diligence documented to justify why we're still shipping such an excessive number…" - highly inflammatory and prejudicial for counsel to be asserting his own view of due diligence as if it has any legal basis. | While Plaintiffs do not believe this testimony is unfairly prejudicial, any alleged prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial.  Also, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations, Cardinal's policies and procedures regarding regulatory compliance for opioids/controlled substances, and how Cardinal implemented and/or adhered to those procedures. Also, with respect to "argumentative", this is a form objection which was not raised at the time and is thus waived.  Moreover, any alleged argument can be ignored and/or properly minimized and weighted accordingly. | | | | | | |
| 449 | 21 | 450 | 13 | Prejudicial; Argumentative; Calls for Legal Conclusion | Argumentative as to 449:21-450:3 as counsel is describin another witness's testimony ("and he testified the same as you, that . . . ") and speaking for the witness, "but we believed our obligation was just ot send in the orders, right?"; Improper Opinion as to 450:7-10 as counsel asks the witness about the existence of legal obligations. This line of questioning is unfairly prejudical. | Same as above.  Also, this is not improper opinion or a legal conclusion at 450:7-10.  First, this is a form objection which was not made during the deposition and is thus waived.  Further, the testimony involves factual information of Cardinal Health's policies and procedures for DEA compliance, as well as notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and the DEA's enforcement of same, as well as how the witness and/or Cardinal viewed, understood, and/or implemented applicable regulations.  Notice, knowledge and/or acceptance of regulatory responsibilities is not a legal conclusion, and even if considered such, the testimony is admissible under FRE 704. | | | | | | |
| 450 | 15 | 450 | 23 | Argumentative; Prejudicial | Argumentative as counsel characterizes a letter, "told all of you back in 2006 . . . " Unfairly prejudiial as it implies, incorrectly, that the information in the letter established a legal duty (e.g., "that a distributor must ___"). | The question was asked in a way which allowed the witness to fully answer, which the witness did without difficulty or confusion.  Although Plaintiffs do not believe this question or testimony is argumentative or unfairly prejudicial, any alleged argument or prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial.  Also, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations, Cardinal's policies and procedures regarding regulatory compliance for distribution of opioids/controlled substances, and how Cardinal implemented and/or adhered to those procedures. | | | | | | |
| 451 | 1 | 451 | 1 | | | n/a | | | | | | |
| 451 | 15 | 451 | 20 | Prejudicial; Argumentative; Calls for Legal Conclusion | Argumentative and prejudicial as counsel misstates and mocks witness's prior testimony ("You've already testified earlier that if we're maintaining effective controls against diversion, we're not just going to ship suspicious orders because  . . . "). Calls for an improper legal opinion because asks the witness for a conclusion about suspicious orders. | Not a legal conclusion as the testimony involves factual information of Cardinal Health's policies and procedures for DEA compliance, as well as notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and the DEA's enforcement of same, as well as how the witness and/or Cardinal viewed, understood, and/or implemented applicable regulations.  Notice, knowledge and/or acceptance of regulatory responsibilities is not a legal conclusion, and even if considered such, the testimony is admissible under FRE 704.  The question was asked in a way which allowed the witness to fully answer, which the witness did without difficulty or confusion.  Although Plaintiffs do not believe this question or testimony is argumentative or unfairly prejudicial, any alleged argument or prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial.  Also, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations, Cardinal's policies and procedures regarding regulatory compliance for distribution of opioids/controlled substances, and how Cardinal implemented and/or adhered to those procedures. | | | | | | |

Case 3:17-cv-01362   Document 1490-57   Filed 08/16/21   Page 5 of 10 PageID #: 66900

Reardon, Steve
11/20/2018

| | | | | Objection | Response | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 451 | 22 | 452 | 4 | Calls for Legal Conclusion; Argumentative | Improper Opinion as to 452:1-4 because counsel posits that "if we're shipping suspicious orders, we need to do .some sort of due diligence . . . " as if that is a legal requirement. Argumentative for that reason and also because counsel asserts, "we need to do some sort of due diligence to make sure that it's okay still to ship them?" | Same as above. | | | | | | |
| 452 | 7 | 452 | 7 | | | n/a | | | | | | |
| 452 | 10 | 452 | 22 | Prejudicial; Argumentative; Foundation | Prejudicial and argumentative as counsel says "Well, let's talk about that because we're not reviewing the report until the pills have already gone, correct?" Lack of foundation to vague reference to earlier testimony, [other counsel] "has shown you earlier the amount, that the tens, if not hundreds of thousands, of pills that were being ordered by some of these pharmacies every month." | The question was asked in a way which allowed the witness to fully answer, which the witness did without difficulty or confusion.  Although Plaintiffs do not believe this question or testimony is argumentative or unfairly prejudicial, any alleged argument or prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial.  Also, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations, Cardinal's policies and procedures regarding DEA compliance, and how Cardinal implemented and/or adhered to those procedures.  Lack of foundation is not applicable.  This was direct questioning and itself laid foundation.  Further, to the extent any other foundation was required, it was contained in surrounding questioning and testimony. Moreover, the witness, who started with Cardinal in 1988 and held roles as Director of Regulatory Compliance, and V.P. of Quality and Regulatory Affairs (see dep. at pp. 410-411), had vast experience and expertise with controlled substances and related regulations, and evidence of the requisite knowledge to answer was provided/established, including for the set of facts at issue which the witness acknowledged. | | | | | | |
| 452 | 24 | 453 | 4 | Foundation; Calls for Legal Conclusion; Prejudicial | Prejudicial as to counsel asserting, "It's not an effective system to prevent diversion." Calls for an improper legal conclusion to the extent counsel is conflating the requirement to "maintain effective controls" with "an effective system to prevent diversion" (which is not a legal requirement whatsoever). | Same as above.  Also, this is not a legal conclusion as the testimony involves factual information of Cardinal Health's policies and procedures for DEA compliance, as well as notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and the DEA's enforcement of same, as well as how the witness and/or Cardinal viewed, understood, and/or implemented applicable regulations.  Notice, knowledge and/or acceptance of regulatory responsibilities is not a legal conclusion, and even if considered such, the testimony is admissible under FRE 704. | | | | | | |
| 453 | 6 | 453 | 11 | Calls for Legal Conclusion; Prejudicial; Argumentative | Argumentative, prejudicial, and calls for a legal counclusion for counsel to assert, "If we're having concerns about a pharmacy, we need to justify those concerns so it's safe to send those pills . . . " | Same as above.  With respect to an "argumentative" objection, the question was asked in a way that allowed the witness to fully answer, which the witness did without difficulty or confusion.  In fact, the witness elaborated as he felt was needed.  See dep. at 453:14-15.  Further, while Plaintiffs do not believe this question is argumentative, any alleged argument can be ignored and/or properly minimized and weighted accordingly in this Bench trial. | | | | | | |
| 453 | 14 | 453 | 18 | | | n/a | | | | | | |
| 454 | 5 | 454 | 18 | Calls for Legal Conclusion; Prejudicial; | Prejudicial for counsel to misstate Cardinal Health's policies and preocdures, and calls for a legal conclusion, for counsel to posit "we need to try to notify the DEA before it's shipped." | Not a legal conclusion as the testimony involves factual information of Cardinal Health's policies and procedures for DEA compliance, as well as notice, knowledge and/or acceptance (by the witness and/or Cardinal) of applicable regulations and the DEA's enforcement of same, as well as how the witness and/or Cardinal viewed, understood, and/or implemented applicable regulations.  Notice, knowledge and/or acceptance of regulatory responsibilities is not a legal conclusion, and even if considered such, the testimony is admissible under FRE 704.  Although Plaintiffs do not believe this question or testimony is unfairly prejudicial, any alleged prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial.  Also, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely Cardinal's policies and procedures regarding regulatory compliance for distribution of opioids/controlled substances, and how Cardinal implemented and/or adhered to those policies and procedures. | | | | | | |
| 454 | 20 | 455 | 12 | Argumentative; Calls for Legal Conclusion | Calls for an improper legal conclusion for counsel to posit, "We need to report it as a suspicious order, right?" And when the witness attempts to clarify the policy, counsel becomes argumentative, "Well . . . Does the policy and procedure say 'if warranted'? You show me in that . . . " | Same as above for the legal conclusion objection.  With respect to the "argumentative" objection, the question was asked in a way that allowed the witness to fully answer, which the witness did without difficulty or confusion.  Further, while Plaintiffs do not believe this question is argumentative, any alleged argument can be ignored and/or properly minimized and weighted accordingly in this Bench trial. | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 455 | 14 | 456 | 20 | Argumentative; Prejudicial | Argumentative and prejudicial for counsel to assert, without support, that "we should also be sticking a copy of the suspicious order report, as well as the communication form with the DEA, in our suspicious order file that's maintained at the distribution center, correct?" | The "argumentative" objection is an objection to form which was not raised during the deposition and is thus waived. Moreover, the questions were asked in a way that allowed the witness to fully answer, which the witness did without difficulty or confusion. Although Plaintiffs do not believe the questions or testimony is argumentative or unfairly prejudicial, any alleged argument or prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial. Also, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely the witness's and/or Cardinal's notice, knowledge and/or acceptance of applicable regulations, Cardinal's policies and procedures regarding regulatory compliance for distribution of opioids/controlled substances, and how Cardinal implemented and/or adhered to those policies and procedures. | |
| 457 | 8 | 458 | 3 | | | n/a | |
| 458 | 5 | 458 | 7 | | | n/a | |
| 458 | 16 | 459 | 12 | Speculation | Speculation as counsel asked this witness whether a different witness and that different witness's staff would have reviewed a particular document. Counsel can ask this witness what he personally reviewed, but cannot ask him to speculate as to what other people reviewed. | Speculation is not applicable as shown by the testimony. The witness who started with Cardinal in 1988 and held roles as Director of Regulatory Compliance, and V.P. of Quality and Regulatory Affairs (*see* dep. at pp. 410-411), had vast experience and expertise with controlled substances and related regulations. Moreover, the witness testified the document and material at issue was what he and his staff "relied on" to perform their regulatory function at Cardinal Health. *See* dep. at 459:3-6 | |
| 464 | 4 | 464 | 20 | Argumentative; Prejudicial | Extremely argumentative and prejudicial for counsel to badger the witness, a string of questions: "You tried to push for more financial support, more budgetary support, because you felt what yo uwere given was not enough to get the job done right, didn't you?" Also argumentative and prejudicial for counsel to follow-up with a snide remark: the witness testified that he had requested additional head count "based on the direction we wanted to go in," and counsel tried to speak for the witness, exclaming, "Well, the direction we wanted to go in is to do a good job monitoring for suspicious orders . . . " | The "argumentative" objection is an objection to form which was not raised during the deposition and is thus waived. Moreover, the questions were asked in a way that allowed the witness to fully answer, which the witness did without difficulty or confusion. Although Plaintiffs do not believe the questions or testimony is argumentative or unfairly prejudicial, any alleged argument or prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial. Also, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely Cardinal's policies and procedures regarding regulatory compliance for distribution of opioids/controlled substances, how Cardinal implemented and/or adhered to those policies and procedures, and whether Cardinal had or provided the required resources for same. | |
| 469 | 20 | 470 | 3 | Foundation; Argumentative; Prejudicial; Speculation | Lack of foundation as to there being "three people sitting in corporate headquarters"l argumentative, prejudicial, and speculation to assert "Nobody can investigate all those with three people." | These include objections to form which were not made during the deposition relative to multiple questions in this designation, and are thus waived. With respect to foundation and speculation, the witness started with Cardinal in 1988 and held roles as Director of Regulatory Compliance, and V.P. of Quality and Regulatory Affairs (*see* dep. at pp. 410-411), had vast experience and expertise with controlled substances and related regulations, including Cardinal's policies and procedures regarding same. Moreover, the testimony established the foundation. *See* dep. at 469:20-23. In fact, the witness agreed with the questioning as presented. As for the argumentative and prejudicial objections, while Plaintiffs submit that the questioning/testimony is not argumentative or unfairly prejudicial, any alleged argument or prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial. Also, any alleged prejudice is outweighed by the facts established (which address central issues in the litigation), namely, Cardinal's policies and procedures regarding regulatory compliance for distribution of opioids/controlled substances, how Cardinal implemented and/or adhered to those policies and procedures, and whether Cardinal had or provided the required resources for same. | |
| 470 | 5 | 470 | 14 | Foundation; Argumentative; Prejudicial; Speculation | Lack of foundation to assert that it was not possible to "investigate them the way they should be investigated." Argumentative, prejudicial, and speculative to assert, "You and I both know there's no way to do a proper investigation of all these with three people." | Same as above. | |
| 470 | 16 | 470 | 19 | Foundation; Argumentative; Prejudicial; Speculation | Lack of foundation to assert that the company could not investigate "to the standard you want to do it." Also argumentative, prejudicial, and speculative. | Same as above. | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 470 | 21 | 470 | 21 | Foundation; Argumentative; Prejudicial; Speculation | | Same as above. | |
| 473 | 10 | 473 | 17 | X | Asked and answered, as counsel himself acknowledged: "Well, you testified earlier you didn't look at any pill counts, correct?" | Asked and answered is not applicable because the questioning was necessary to lay the predicate and/or develop the witness's testimony regarding this related but different topic of pill comparison between locations/states. | |
| 473 | 19 | 474 | 21 | X; Relevance; Speculation | Asked and answered; Relevance as to Ohio/Illinois - there is no nexus to Cabell/Huntington. Speculation as to 474:17-21 when counsel asks the witness that "there . . . shouldn't be a signficiant difference between Ohio and Illinois" with respect to "pills distribution." | Same as above relative to asked and answered objection. As for relevance, this questioning involves Cardinal's nationwide policies and procedures, so there is no geographic limit. With respect to speculation, the witness clarifies at 475:6, as well as in subsequent answers at pp. 475-476. | |
| 474 | 24 | 475 | 4 | Argumentative; Improper Expert Opinion; Foundation; Speculation | Speculation as to 474:24 when witness responds to counsel's speculative question with, " I wouldn't know enough about it to . . . " when the witness was once again cut off by counsel. Argumentative, lack of foundation, and calls for an improper expert opinion when counsel posits, "If we saw significant difference, it might be something we would want to look into, correct?" | The witness agreed with the question and explained himself, indicating no problems with the question. Further, although Plaintiffs do not believe the question is argumentative, any alleged argument can be ignored and/or properly minimized and weighted accordingly in this Bench trial. Improper expert opinion and speculation are not applicable. First, the witness clarified and elaborated at 475:6. Second, to the extent that the witness does not know, that is instructive as he has responsibilities for such matters. With respect to foundation and speculation, the witness started with Cardinal in 1988 and held roles as Director of Regulatory Compliance, and V.P. of Quality and Regulatory Affairs (see dep. at pp. 410-411), had vast experience and expertise with controlled substances and related regulations, including Cardinal's policies and procedures regarding same. Moreover, the testimony established the foundation. See dep. at 475:6, 475:18-22 & 476:4-11. | |
| 475 | 6 | 475 | 14 | Argumentative; Relevance; Foundation; Prejudicial | Argumentative, prejudicial, and lack of relevance for counsel to describe the duties of a police officer, "If you were doing your patrol and you see something suspicious going on, you're going to take initiative and investigate it, aren't you?" And lack of foundation to be discussing an incomplete hypothetical. | These include objections to form which were not made during the deposition relative to one or more questions in this designation, and are thus waived. Also, the questioning is meant to (and does) lay the necessary predicate and/or provide the required context to develop the witness's testimony. The foundation is in fact provided through the testimony. See dep. at 475:2-6, 475:18-22 & 476:4-11. Further, the witness started with Cardinal in 1988 and held roles as Director of Regulatory Compliance, and V.P. of Quality and Regulatory Affairs (see dep. at pp. 410-411), had vast experience and expertise with controlled substances and related regulations, including Cardinal's policies and procedures regarding same. Moreover, this entire topic addresses Cardinal's nationwide policies and procedures regarding distribution of opioids/controlled substances and applicable regulations regarding same. As such, the information is highly relevant, and any alleged prejudice is outweighed by same (and can be ignored and/or properly minimized and weighted accordingly in this Bench trial). | |
| 475 | 16 | 476 | 21 | Argumentative; Relevance; Foundation; Prejudicial | Argumentative, prejudicial, and lack of relevance for counsel to describe the duties of a police officer. And lack of foundation to be discussing an incomplete hypothetical. Counsel went so far as to state, "I mean, I odn't want to insult you but . . ." Lack of foundation and relevance to be discussing dosage units distributed to Illinois and Ohio - there is no relevance to Cabell/Huntington. | Same as above. | |
| 476 | 23 | 477 | 19 | Prejudicial; Argumentative; Foundation | Lack of foundation, prejudicial, and argumentative for counsel to posit, "Exactly. We're not saying that there's anything nefarious going on yet, but we're not going to know unless we investigate, are we?" Also argumentative, prejudicial, and lacks foundation for counsel to assert, "And we both know Cardinal had this information" and "Somebody could have had this information pulled, right?" | These include objections to form which were not made during the deposition relative to one or more questions in this designation, and are thus waived. The foundation is in fact provided through the documents and testimony. See e.g ., dep. exhs. 4, 5, 10, 11, 20; dep. at 477:7-14. Further, the witness started with Cardinal in 1988 and held roles as Director of Regulatory Compliance, and V.P. of Quality and Regulatory Affairs (see dep. at pp. 410-411), had vast experience and expertise with controlled substances and related regulations, including Cardinal's policies and procedures regarding same. Moreover, this entire topic addresses Cardinal's nationwide policies and procedures and the notice Cardinal had of the number of opioid pills going into West Virginia (particularly compared to other states) and what Cardinal did with such information. As such, the information is highly relevant, and any alleged argument or prejudice is outweighed by same (and can be ignored and/or properly minimized and weighted accordingly in this Bench trial). | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 477 | 21 | 478 | 2 | Argumentative; Foundation; Prejudicial | Argumentative, prejudicial, and lacks foundatio nto be discussing a "huge disparity" in distributions to Illinois and Ohio. | The question is not argumentative as there is a significant objective difference between the numbers. The foundation is in fact provided through the documents and testimony.  See e.g., dep. exhs. 4, 5, 10, 11, 20; dep. at 477:7-14. Further, the witness started with Cardinal in 1988 and held roles as Director of Regulatory Compliance, and V.P. of Quality and Regulatory Affairs (see dep. at pp. 410-411), had vast experience and expertise with controlled substances and related regulations, including Cardinal's policies and procedures regarding same.  Moreover, this entire topic addresses Cardinal's nationwide policies and procedures and the notice Cardinal had of the number of opioid pills going into West Virginia (particularly compared to other states) and what Cardinal did with such information. As such, the information is highly relevant, and any alleged argument or prejudice is outweighed by same (and can be ignored and/or properly minimized and weighted accordingly in this Bench trial). | | | | | | | |
| 478 | 4 | 478 | 10 | Foundation; Prejudicial; | Argumentative, prejudicial, and lacks foundation to be discussing a "pattern" of distributions into Illinois and Ohio that "causes you concern." | Same as above (without the response regarding "argumentative" which is not an objection to this designation). | | | | | | | |
| 478 | 12 | 478 | 12 | Foundation; Prejudicial; | The answer was based on a question that lacked foundation and was prejudicial. | Same as above. | | | | | | | |
| 479 | 15 | 479 | 18 | Argumentative; Prejudicial; Relevance | Argumentative and unfairly prejudicial for counsel to assert, "You would agree with me . . .that it shouldn't take a lawsuit against Cardinal before it would look into something like this going on in its company, correct?" No relevance, just an inflammatory question. | The question is not argumentative as the point is made that Cardinal should be detecting, monitoring, and/or sharing throughout its employees/departments these opioid/controlled substance distribution numbers.  Moreover, this entire topic addresses Cardinal's nationwide policies and procedures and the notice Cardinal had of the number of opioid pills going into locations (particularly with West Virginia compared to other states) and what Cardinal did/did not do with such information. As such, the information is highly relevant, and any alleged argument or prejudice is outweighed by same (and can be ignored and/or properly minimized and weighted accordingly in this Bench trial). | | | | | | | |
| 479 | 20 | 482 | 13 | Argumentative; Prejudicial; Relevance; Calls for Legal Conclusion | Relevance and prejudicial as to counsel's characterization of the dosage units shipped to Ohio and Illinois. And after positing a description of distribution data, counsel became argumentative: "No one sharted this with you? No one pulled the numbers for you even back when you were there at Cardinal, correct?" Improper Opinion as to 481:17-21 as counsel asserts that Cardinal "took on an obligation when they did that" and "obligation[] to ensure to do the best job they could to keep our community safe, right?" Lack of relevance and highly prejudicial for counsel to be discussing "our investigative days," analogizing to being a police officer. | Same as above.  Also, with respect to objection of improper opinion as to 481:17-21 and any alleged legal conclusion, this is not opinion but rather factual testimony regarding the witness's/Cardinal's notice, knowledge, understanding, and/or acceptance of applicable regulatory obligations and/or DEA's enforcement regarding same.  Further, notice, knowledge and/or acceptance of regulatory responsibilities are not opinions or legal conclusions, and even if considered such, the testimony is admissible under FRE 704. With respect to the argumentative objection, this is a form objection which was not raised at the time for multiple questions in this designation, and is thus waived.  Moreover, the questions allowed the witness to properly and/or fully answer, which the witness did without difficulty, and any alleged argumentative or prejudicial questioning/testimony can be ignored and/or properly minimized and weighted accordingly in this Bench trial. | | | | | | | |
| 484 | 2 | 484 | 9 | Prejudicial; Relevance; Foundation; Speculation | Highly prejudicial, not relevant, and calls for speculation to ask the witness, "Back on the street doing our investigations, are we going to wait to get to that extreme before we start our investigation?" Incomplete hypothetical also lacks foundation. | The questioning is relevant to lay the predicate and/or context for the entire line of questioning regarding how the witness viewed his/Cardinal's regulatory obligations, including notice, knowledge, understanding, and/or acceptance of applicable regulatory obligations and/or the need to adhere to same.  The foundation and speculation objections are inapplicable as it was established that the witness started with Cardinal in 1988 and held roles as Director of Regulatory Compliance, and V.P. of Quality and Regulatory Affairs (see dep. at pp. 410-411), had vast experience and expertise with controlled substances and related regulations, including Cardinal's policies and procedures regarding same.  The witness's notice, knowledge, understanding and/or acceptance of the applicable regulatory obligations, and/or how the witness viewed same (particularly in his roles at Cardinal as Director of Regulatory Compliance and V.P. of Quality and Regulatory Affairs) is consequential.  Moreover, the questions allowed the witness to properly and/or fully answer, which the witness did without difficulty, and any alleged prejudicial questioning/testimony can be ignored and/or properly minimized and weighted accordingly in this Bench trial. | | | | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 484 | 18 | 484 | 22 | Prejudicial; Relevance; Foundation; Speculation | Highly prejudicial, not relevant, and calls for speculation to ask the witness, "We're not going to wait four, five, six years down the road . . . " as a police officer. Incomplete hypothetical also lacks foundation. | Same as above. | | | | | | |
| 485 | 1 | 485 | 17 | Argumentative; Prejudicial | Argumentative as to 485:15-17 when counsel asserted, "we're dumping pills into a state." That characterization is unfairly prejudicial. | With respect to the "argumentative" objection as to 485:15-17, the witness was able to (and did) fully answer the question and in fact elaborated on same (at 485:19-20). Further, any alleged argument or unfair prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial. Moreover, this information goes to a central topic of the notice Cardinal had of the number of opioid pills going into West Virginia (particularly compared to other states) and what Cardinal did with such information. As such, and any alleged unfair prejudice is outweighed by same. | | | | | | |
| 485 | 19 | 486 | 7 | Argumentative; Prejudicial | Counsel went on a lengthy rant, purporting to summarize (without clear citation) to annual distributions to Illinois and West Virginia across 2007, 2008, 2009, 2010, 2011, 2012, and 2014 - all in one question. Such a style is inherently argumentative and difficult for a witness to precisely respond to. Additionally, argumentative and prejudical for counsel to assert, "someone at Cardinal should have picked up on this as well, correct?" | Same as above. | | | | | | |
| 486 | 10 | 486 | 17 | Argumentative; Prejudicial | Argumentative and prejudicial for counsel to assert, "Cardinal had the info, right? I mean, come on." | These include objections to form which were not made during the deposition and are thus waived. Also, while Plaintiffs submit that the questioning/testimony is not argumentative or unfairly prejudicial, any alleged argument or unfair prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial. Moreover, this information goes to a central topic of the notice Cardinal had of the number of opioid pills going into West Virginia (particularly compared to other states) and what Cardinal did with such information. As such, and any alleged unfair prejudice is outweighed by same. | | | | | | |
| 489 | 8 | 489 | 11 | Argumentative; Prejudicial | Argumentative and prejudicial for counsel to assert, "Can we agree that . . . There was a lot going on that you didn't know about." | This goes to central topics of Cardinal's policies and procedures, the notice Cardinal had regarding the number of opioid pills going into various jurisdictions (including West Virginia and compared to other states), what Cardinal did with such information, as well as what Cardinal did not do with that information. As such, any alleged unfair prejudice is outweighed by same. While Plaintiffs submit that the questioning/testimony is not argumentative or unfairly prejudicial, any alleged argument or unfair prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial. | | | | | | |
| 489 | 14 | 489 | 16 | Argumentative; Prejudicial | Argumentative and prejudicial for counsel to assert, "There is additional diligence that you would have done had somebody brought some of these facts to your attention." | Same as above. | | | | | | |
| 489 | 19 | 490 | 13 | Argumentative; Prejudicial | Extremely argumentative and highly prejudical and inflammatory for counsel to assert, "And here's the shocking thing. The people within Cardinal - - -there are people within Cardinal that had this information. You can't deny that, can you?" | Same as above. | | | | | | |
| 490 | 20 | 490 | 21 | Argumentative; Prejudicial | Argumentative and prejudicial to posit, "And no one ever brought this to your attention," implying that "this" was something that would properly have been raised to this witness. | Same as above. | | | | | | |
| 490 | 23 | 490 | 23 | Argumentative; Prejudicial | The previous question was argumentative and prejudicial, so the witness's answer is likewise not admissible. | Same as above. | | | | | | |
| 491 | 1 | 491 | 5 | | | n/a | | | | | | |

| 491 | 9 | 494 | 18 | Relevance; Prejudicial; Argumentative; Speculative | No relevance and highly prejudicial to be discusisng a specific Ohio pharmacy - Plaintiff has not, and cannot, desmonstrate any nexus between distributions to this specific Ohio pharmacy and Cabell/Huntington. Speculative to posit what a particular Cardinal Health employee (the "pickers") would have done and what "we should see" "in the due diligence file." | These include objections to form which were not made during the deposition regarding multiple questions in this designation, and are thus waived. Also, while Plaintiffs submit that the questioning/testimony is not argumentative or unfairly prejudicial, any alleged argument or unfair prejudice can be ignored and/or properly minimized and weighted accordingly in this Bench trial. Moreover, this information goes to a central topic of the notice Cardinal had of the number of opioid pills being shipped (particularly compared among locations) and what Cardinal did with such information.  As such, and any alleged unfair prejudice is outweighed by same.  Also relative to relevance and speculation, these matters involve Cardinal's national policies and procedures, and how they are applied. | | | | | | | | |
| 496 | 19 | 496 | 24 | X | Asked and Answered | This is not asked and answered because the question was meant to and did clarify that the policies and conduct applied to Cardinal's distribution centers nationwide, and were not limited to a particular distribution center. | | | | | | | | |