Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS  *Pink = Completeness Designation | | | | | | | REPLY DESIGNATIONS  *Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 17 | 1 | 17 | 4 | | n/a | 42 | 14 | 42 | 22 | Improper Completeness Designation; Answer is Non-Responsive to Question Asked | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | 95 | 14 | 95 | 22 | | Completeness to Defendants' Completeness Designation. |
| 18 | 8 | 18 | 22 | | n/a | 43 | 1 | 43 | 8 | Improper Completeness Designation; Answer is Non-Responsive to Question Asked | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | 144 | 24 | 145 | 4 | Relevance - geographic scope; vague; calls for speculation | This Reply is meant to complete *Defendants'* Completeness Designation at 144:2-23. However, the Lack of relevance/geographic scope is not applicable. This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. The information at issue provides state of mind and knowledge of McKesson leadership regarding exorbitant amounts of opioids being provided to diversion epicenters (e.g., McKesson's over-distribution of opioids and systemic policy/procedure problems allowing for same). McKesson's policies and procedures relative to the distribution of opioids/controlled substances (and systemic problems with those policies/procedures) are national in scope, and apply to Cabell/Huntington. The discussion concerning these pill mills also makes clear that the pills dispensed by these pill mills made their way into communities throughout the east coast and Midwest, which would obviously include Huntington and Cabell County.<br><br>The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue, and the witness is not being asked to form a theory or conjecture without firm evidence. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand. This confirmatory question of knowledge based on material authored by the witness, upon a question of "true?," was answered clearly and articulated that "yes, that was the purpose of the slide [knowledge, for the pill mill]." Also, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response. |
| 19 | 3 | 20 | 2 | | n/a | 69 | 16 | 69 | 18 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 145 | 6 | 145 | 7 | Relevance - geographic scope; vague; calls for speculation | Same as above. |
| 20 | 4 | 22 | 18 | | n/a | 69 | 22 | 70 | 11 | Improper Completeness Designation; own question no objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 361 | 2 | 361 | 5 | Calls for speculation | This Reply is meant to complete Defendants' Counter Designations at 361:6-11, 361:14-362:2. Further, objection to speculation by Defendants to Defendants' own question is not supported. First, clarity could have been achieved by the examiner at the time through a rephrasing of the question had it been necessary. Second, the concern for the clarity of the wording has been demonstrably avoided by the witness' clear response that, "[those numbers] could be a combination of both [overprescribing or diversion]." |
| 25 | 1 | 26 | 15 | | n/a | 70 | 14 | 70 | 22 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 387 | 23 | 389 | 1 | | n/a |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 34 | 19 | 35 | 4 | Calls for speculation; expert opinion | The elicited testimony is neither speculative is nor is it an expert opinion.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  Moreover, the witness has 35+ years working with the DEA and controlled substance regulation oversight at McKesson. See  Attachment A.  As a witness with extensive knowledge and experience regarding controlled substances generally, and opioids specifically, Mr. Boggs had the requisite knowledge to answer the question.  In fact, McKesson retained Mr. Boggs as a consultant in order to convey his knowledge about the epidemic and its causes to the members of the company's regulatory department given his experience on this subject. See  P-16210.  Also, even if considered an opinion, the testimony is admissible under FRE 701. | 71 | 2 | 71 | 5 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 389 | 5 | 389 | 13 | Hearsay; calls for speculation | This is not inadmissible hearsay pursuant to FRE 801(d)(2), 803(5) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the Exhibit 38 also proves notice, knowledge, understanding and/or acceptance of the opioid epidemic, opioid abuse and/or diversion). This is also not hearsay because Mr. Boggs is testifying specifically as to his own personal experience and knowledge.  The information at issue provides background regarding same (e.g., McKesson's over-distribution of opioids and systemic policy/procedure failures allowing for same).  Specifically, the witness expressly - not speculatively - did not disagree with the fact "that McKesson had failed to maintain effective controls against diversion of particular controlled substances and failed to design and operate a system to disclose to the registrant suspicious orders of controlled substances." |
| 35 | 6 | 35 | 7 | Calls for speculation; expert opinion | Same as above. | 71 | 8 | 71 | 19 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 389 | 15 | 390 | 2 | Hearsay; calls for speculation | Same as above. Specifically, the witness expressly - not speculatively - states that "a regional director of Regulatory Affairs ... [telling] the DEA that he does not know what a suspicious order was ... would cause [the witness] concern." |
| 39 | 24 | 40 | 4 | | n/a | 71 | 21 | 71 | 23 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 392 | 15 | 393 | 5 | Hearsay | Same as above. |
| 40 | 6 | 40 | 12 | | n/a | 94 | 17 | 94 | 19 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 393 | 7 | 393 | 11 | | n/a |
| 40 | 14 | 40 | 15 | | n/a | 95 | 1 | 95 | 8 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 393 | 13 | 393 | 24 | Hearsay; relevance - geographic scope | This is not inadmissible hearsay pursuant to FRE 801(d)(2), 803(5) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as Exhibit 38 also proves notice, knowledge, understanding and/or acceptance of the opioid epidemic, opioid abuse and/or diversion). This is also not hearsay because Mr. Boggs is testifying specifically as to his own personal experience and knowledge.  The information at issue provides background regarding same (e.g., McKesson's over-distribution of opioids and systemic policy/procedure failures allowing for same).  Specifically, the examiner is extracting definitive testimony from the witness on his personal opinions of facts already in evidence.<br><br>The lack of relevance/geographic scope is not applicable.  This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10.  Nevertheless, the Washington Court House distribution directly supplied the City of Huntington and Cabell County with controlled substances, so there is no support for a lack of nexus between the testimony subject and geographic area at bar. Additionally, the information at issue provides state of mind and knowledge of McKesson SOMS failures (e.g., McKesson's over-distribution of opioids and systemic policy/procedure problems allowing for same).  McKesson's policies and procedures relative to the distribution of opioids/controlled substances (and systemic problems with those policies/procedures) are national in scope, and apply to Cabell/Huntington. |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 87 | 5 | 87 | 8 | Misstates prior testimony; assumes facts not in evidence; calls for a legal conclusion | Misstating prior testimony and assuming facts are not applicable. The question is not an assertion that something occurred. Rather, the question asks whether or not something took place during the witness's time at McKesson. This is not a legal conclusion because the testimony involves factual information regarding the witness's notice, knowledge, understanding and/or acceptance of applicable regulations. Mr. Boggs had many years of experience with the DEA handling the implementation of the regulatory aspect of the Controlled Substances Act ("CSA") and overseeing compliance by distributors regarding same. *See* Attachment A. Also, for the entire 5+ years Mr. Boggs has worked at McKesson, his responsibilities included ensuring that McKesson complied with the applicable distribution/controlled substance regulations and industry standards. *See* dep. at 19:21-20:5. As a witness with extensive knowledge and experience regarding these matters, Mr. Boggs had the requisite knowledge to answer the question. Thus, even if considered an opinion/conclusion, the testimony is admissible under FRE 701. | 95 | 11 | 95 | 12 | Improper Completeness Designation; Answer is Non-Responsive to Question Asked | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | 394 | 2 | 394 | 14 | Hearsay; relevance - geographic scope | Same as above. |
| 87 | 10 | 88 | 18 | | n/a | 95 | 24 | 96 | 2 | Improper Completeness Designation; Answer is Non-Responsive to Question Asked | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | 394 | 16 | 394 | 17 | Hearsay; relevance - geographic scope | Same as above. |
| 127 | 18 | 128 | 3 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. This designation is foundational and not objectionable. | 96 | 4 | 96 | 21 | Improper Completeness Designation; Answer is Non-Responsive to Question Asked | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | 395 | 3 | 395 | 8 | Calls for speculation | The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue, and the witness is not being asked to form a theory or conjecture without a history developing material personal knowledge in the subject matter. The witness has 35+ years working with the DEA and controlled substance regulation oversight at McKesson. See Attachment A. As a witness with extensive knowledge and experience regarding controlled substances generally, and opioids specifically, Mr. Boggs had the requisite knowledge and experience regarding the question. In fact, McKesson retained Mr. Boggs as a consultant in order to convey his knowledge about the epidemic and its causes to the members of the company's regulatory department given his experience on this subject. See P-16210. |
| 128 | 16 | 129 | 3 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. This designation is foundational and not objectionable. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 97 | 14 | 97 | 17 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 395 | 11 | 395 | 12 | Calls for speculation | Same as above. |
| 129 | 24 | 130 | 20 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. This designation is foundational and not objectionable. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 97 | 20 | 98 | 2 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 396 | 11 | 396 | 16 | | n/a |
| 131 | 5 | 131 | 15 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. This designation is foundational and not objectionable. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 135 | 6 | 135 | 8 | | Conditional designation can be dropped if McKesson' objections to plaintiffs' questions on this same page are upheld. | | 396 | 19 | 396 | 19 | | n/a |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS  * Pink = Completeness Designation | | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 133 | 9 | 133 | 14 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 143 | 21 | 143 | 24 | Improper Completeness Designation; Answer is Non-Responsive to Question Asked | Conditional designation can be dropped if McKesson' objections to plaintiffs' questions on this same page are upheld. | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | 396 | 21 | 397 | 2 | Calls for speculation | The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue, and the witness is not being asked to form a theory or conjecture without firm evidence and a history developing material personal knowledge in the subject matter. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibit he held in hand.  Moreover, the witness has 35+ years working with the DEA and controlled substance regulation oversight at McKesson.  See Attachment A.  As a witness with extensive knowledge and experience regarding controlled substances generally, and opioids specifically, Mr. Boggs had the requisite knowledge to answer the question.  In fact, McKesson retained Mr. Boggs as a consultant in order to convey his knowledge about the epidemic and its causes to the members of the company's regulatory department given his experience on this subject.  See P-16210. |
| 134 | 5 | 134 | 9 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 144 | 2 | 144 | 23 | Improper Completeness Designation; Answer is Non-Responsive to Question Asked (144:2-8) | Conditional designation can be dropped if McKesson' objections to plaintiffs' questions on this same page are upheld. | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | 397 | 4 | 397 | 9 | Calls for speculation | Same as above. |
| 134 | 22 | 134 | 24 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 145 | 14 | 145 | 17 | | Conditional designation can be dropped if McKesson' objections to plaintiffs' questions on this same page are upheld. | | 404 | 1 | 404 | 4 | | n/a |
| 135 | 2 | 135 | 5 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 145 | 19 | 146 | 3 | | Conditional designation can be dropped if McKesson' objections to plaintiffs' questions on this same page are upheld. | | 404 | 15 | 404 | 18 | Hearsay; calls for speculation | |
| 136 | 2 | 136 | 13 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony seeks to ascertain why Mr. Boggs used the image in his presentation. Such testimony lessens any likelihood of prejudice arising from the underlying document. | 147 | 17 | 147 | 20 | | | | 404 | 21 | 404 | 22 | Hearsay; calls for speculation | This is not inadmissible hearsay pursuant to FRE 801(d)(2), 803(5) and/or FRE 803(6).  Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibits also prove notice, knowledge, understanding and/or acceptance of the opioid epidemic, opioid abuse and/or diversion). This is also not hearsay because Mr. Boggs is testifying specifically as to his own personal opinion and reasonable interpretation of the exhibits.  Specifically, the examiner is extracting definitive testimony from the witness on his personal opinions of facts already in evidence.

The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue, and the witness is not being asked to form a theory or conjecture without firm evidence and a history developing material personal knowledge in the subject matter. Rather, the witness is confirming whether the question by the examiner is accurate as to the exhibits he held in hand.  Moreover, the witness has 35+ years working with the DEA and controlled substance regulation oversight at McKesson.  See Attachment A.  As a witness with extensive knowledge and experience regarding controlled substances generally, and opioids specifically, Mr. Boggs had the requisite knowledge to answer the question.  In fact, McKesson retained Mr. Boggs as a consultant in order to convey his knowledge about the epidemic and its causes to the members of the company's regulatory department given his experience on this subject.  See P-16210. |

| WITNESS NAME: | Gary Boggs |
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS  * Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 136 | 17 | 137 | 13 | Hearsay (137:5-13); relevance - geographic scope (137:5-13). Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | This is not inadmissible hearsay pursuant to FRE 801(d)(2), 803(5) and/or FRE 803(6).  Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of the opioid epidemic, opioid abuse and/or diversion). Lack of relevance/geographic scope is not applicable. This is also not hearsay because Mr. Boggs is testifying specifically as to his own personal experience and knowledge.  This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10.  The information at issue provides background regarding same (e.g., McKesson's over-distribution of opioids and systemic policy/procedure problems allowing for same).  McKesson's policies and procedures relative to the distribution of opioids/controlled substances (and systemic problems with those policies/procedures) are national in scope, and apply to Cabell/Huntington.  The discussion concerning these pill mills also makes clear that the pills dispensed by these pill mills made their way into communities throughout the east coast and Midwest, which would obviously include Huntington and Cabell County.

Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony seeks to ascertain why Mr. Boggs used the image in his presentation. Such testimony lessens any likelihood of prejudice arising from the underlying document. | 179 | 11 | 180 | 10 | Improper Completeness Designation; Answer is Non-Responsive to Question Asked except for "I don't agree with that" at 180:10 | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106.  Answer is responsive to question asked. | 404 | 24 | 405 | 4 | Hearsay; calls for speculation | Same as above. |
| 139 | 7 | 139 | 20 | Hearsay. Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3.  Questioning on excluded exhibit should be similarly inadmissible. | This is not inadmissible hearsay pursuant to FRE 801(d)(2), 803(5), FRE 803(6), 803(8) and/or 803(18). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of the opioid epidemic, opioid abuse, diversion, and/or the consequences of same).

Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony seeks to ascertain why Mr. Boggs used the image in his presentation. Such testimony lessens any likelihood of prejudice arising from the underlying document. | 202 | 12 | 203 | 13 | Answer at 203:3-8 is Non-Responsive to Question Asked | | Answer is responsive to question asked. | 405 | 7 | 405 | 12 | Hearsay; calls for speculation | Same as above. |
| 141 | 5 | 141 | 22 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 204 | 18 | 204 | 19 | Subsequent Answer is Non-Responsive to Question Asked | | Answer is responsive to question asked. | 405 | 14 | 405 | 22 | Hearsay; calls for speculation | Same as above. |
| 141 | 24 | 142 | 7 | Relevance - geographic scope. Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Lack of relevance/geographic scope is not applicable.  This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297 at 10. The information at issue provides background regarding same (e.g., McKesson's over-distribution of opioids and systemic policy/procedure problems allowing for same).  McKesson's policies and procedures relative to the distribution of opioids/controlled substances (and systemic problems with those policies/procedures) are national in scope, and apply to Cabell/Huntington.  Moreover, the discussion concerning these pill mills also makes clear that the pills dispensed by these pill mills made their way into communities throughout the east coast and Midwest, which would obviously include Huntington and Cabell County.

Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 204 | 23 | 205 | 5 | Answer is Non-Responsive to Question Asked | | Answer is responsive to question asked. | 407 | 2 | 407 | 10 | Calls for speculation | The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue, and the witness is not being asked to form a theory or conclusion without firm evidence and a history developing material personal knowledge in the subject matter. Rather, the witness is confirming whether the question by the examiner is accurate.  Moreover, McKesson retained Mr. Boggs as a consultant in order to convey his knowledge about the epidemic and its causes to the members of the company's regulatory department given his experience on this subject.  See P-16210.  As such, his explicit "hope" - not speculation - that any letters from the DEA received by McKesson related to direction regarding suspicious order reports would be made known to him, as well as his belief that no such letters existed, are supported by his 35+ years working with the DEA and controlled substance regulation oversight at McKesson. See Attachment A.  As a witness with extensive knowledge and experience regarding controlled substances generally, and opioids specifically, Mr. Boggs had the requisite McKesson position and personal knowledge to answer the question. |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS  * Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | | |
| 142 9 | 142 22 | Relevance - geographic scope. Exhibit ruled inadmissible by the Court.  See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3.  Questioning on excluded exhibit should be similarly inadmissible. | Same as above. | 205 10 | 205 16 | Answer at 205:10-11 is Non-Responsive to Question Asked | | Answer is responsive to question asked. | 407 14 | 407 15 | Calls for speculation | Same as above. | | |
| 145 9 | 145 13 | Exhibit ruled inadmissible by the Court.  See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3.  Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 205 20 | 205 22 | Incomplete Designation (no question and answer designated) | | Counter designation necessary to place witness's testimony in context. | | | | | | |
| 146 5 | 146 9 | Relevance - geographic scope. Exhibit ruled inadmissible by the Court.  See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3.  Questioning on excluded exhibit should be similarly inadmissible. | Lack of relevance/geographic scope is not applicable.  This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10.The questioning and testimony addresses national regulations and/or industry standards for distribution of opioids/controlled substances, which by definition also apply to Cabell/Huntington and conduct at issue herein.

Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 208 5 | 208 6 | | | | | | | | | |
| 146 14 | 146 21 | Relevance - geographic scope (146:14-15); assumes facts not in evidence; misstates testimony; calls for a legal conclusion.  Exhibit ruled inadmissible by the Court.  See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3.  Questioning on excluded exhibit should be similarly inadmissible. | Same as above.  Also, assuming facts and misstating prior testimony are not applicable.  The question is not necessarily an assertion that something occurred and/or does not need to be attributed to specific acts.  Rather, the question addresses the regulations and/or industry standards regarding opioid/controlled substance distribution.  This is not a legal conclusion because the testimony involves factual information regarding the witness's notice, knowledge, understanding and/or acceptance of applicable regulations and/or industry standards.  Mr. Boggs had many years of experience with the DEA handling the implementation of the regulatory aspect of the Controlled Substances Act ("CSA") and overseeing compliance by distributors regarding same.  See Attachment A.  Also, for the entire 5+ years Mr. Boggs has worked at McKesson, his responsibilities included ensuring that McKesson complied with the applicable distribution/controlled substance regulations and industry standards.  See 1/17/2019 deposition of Gary Boggs ("dep.") at 19:21-20:5.  As a witness with extensive knowledge and experience regarding these matters, Mr. Boggs had the requisite knowledge to answer the question.  Thus, even if considered an opinion/conclusion, the testimony is admissible under FRE 701. | 208 8 | 208 12 | | | | | | | | | |
| 146 23 | 147 16 | Assumes facts not in evidence; misstates testimony; calls for a legal conclusion. Exhibit ruled inadmissible by the Court.  See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3.  Questioning on excluded exhibit should be similarly inadmissible. | Same as above. | 211 3 | 212 7 | Improper Completeness Designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | | | |
| 147 21 | 148 1 | Exhibit ruled inadmissible by the Court.  See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3.  Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. The testimony concerns McKesson's own systems. | 212 9 | 212 11 | Improper Completeness Designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | | | |
| 148 3 | 148 10 | Exhibit ruled inadmissible by the Court.  See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3.  Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 225 4 | 225 7 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | | | |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 148  12 | 148  23 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. | 263  13 | 263  19 | Answer is Non-Responsive to Question Asked | | Answer is responsive to question asked. | | | | |
| 149  1 | 149  5 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. The testimony concerns McKesson's own systems. | 264  2 | 264  4 | Answer is Non-Responsive to Question Asked | | Answer is responsive to question asked. | | | | |
| 149  7 | 149  12 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. The testimony concerns McKesson's own systems. | 270  3 | 270  5 | Answer is Non-Responsive to Question Asked | | Answer is responsive to question asked. | | | | |
| 149  14 | 150  5 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. The testimony concerns McKesson's own systems. | 270  16 | 270  18 | | | | | | | |
| 150  7 | 150  11 | Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. The testimony concerns McKesson's own systems. | 278  12 | 278  15 | Improper Completeness Designation; no objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | |
| 150  13 | 150  21 | Assumes facts not in evidence (150:18-21). Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | The question assumed no facts, but rather asked the witness about the feasibility of timing for implementing effective controls against diversion (e.g., setting threshold limits for customers' orders of opioids/controlled substances), which has been a requirement of the CSA for decades.<br><br>Mr. Boggs is the author of this presentation. Testimony regarding the presentation, especially from him, is uniquely relevant to understanding both Mr. Boggs' understanding of the scope and importance of the opioid epidemic and the message he sought to convey to McKesson. The court's prior rulings do not render this testimony inadmissible; indeed the Court permitted questioning regarding portions of the presentation. The excerpted testimony does not describe an inflammatory or otherwise prejudicial portion of the presentation. The testimony concerns McKesson's own systems. | 278  17 | 278  19 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | |
| 150  23 | 151  1 | Assumes facts not in evidence. Exhibit ruled inadmissible by the Court. See Trial Tr., May 24, 2021, at 76:22-77:3, 77:15-78:3. Questioning on excluded exhibit should be similarly inadmissible. | Same as above. | 278  21 | 278  22 | | | | | | | |
| 196  21 | 197  11 | | n/a | 281  3 | 281  7 | Improper Completeness Designation; Answer is Non-Responsive to Question Asked | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | | COUNTER DESIGNATIONS  * Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | | | |
| 197 | 14 | 198 | 4 | | n/a | 293 | 3 | 293 | 7 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | |
| 198 | 7 | 198 | 10 | | n/a | 293 | 10 | 293 | 12 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | |
| 201 | 17 | 202 | 6 | | n/a | 293 | 17 | 293 | 23 | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | |
| 202 | 9 | 202 | 10 | | n/a | 353 | 3 | 355 | 9 | Leading at 355:6-8 | | Question is non-leading. | | | |
| 203 | 14 | 204 | 14 | | n/a | 355 | 11 | 355 | 11 | Response to Improper Leading Question | | Question is non-leading. | | | |
| 204 | 16 | 204 | 16 | | n/a | 355 | 19 | 355 | 22 | Improper Lay Opinion | | Witness is testifying as to his lay understanding that is rationally based on his perception. See Fed. R. Evid. 701. | | | |
| 205 | 6 | 205 | 8 | Calls for speculation | Speculation is not applicable.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue. The witness has decades of experience working with the DEA to prevent diversion and overseeing conduct of distributors relative to compliance/non-compliance with the CSA.  See Attachment A.  As such, he has the requisite knowledge and experience to testify about the feasibility for a distributor to have a program (or particular aspect of a program) in place to prevent diversion and/or to ensure compliance with the CSA, including when such programs/aspects were available/possible. The witness's ability to testify about these matters is confirmed by how he could specify which aspects were not available/feasible at certain points in time.  See e.g., dep. at 208:5-12.  Additionally, the witness's ability to testify about these matters relative to McKesson (and similar companies) is further enhanced by his last 5+ years at McKesson overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  See Attachment A.  Moreover, his work included evaluating McKesson's prior order monitoring programs to see how improvements could be made.  Id.  See also , dep. at 172:23-173:3. | 356 | 14 | 356 | 22 | | | | | | |
| 205 | 18 | 205 | 18 | | n/a | 357 | 5 | 360 | 23 | | | | | | |
| 205 | 24 | 206 | 10 | Calls for speculation | Speculation is not applicable.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue. The witness has decades of experience working with the DEA to prevent diversion and overseeing conduct of distributors relative to compliance/non-compliance with the CSA.  See Attachment A.  As such, he has the requisite knowledge and experience to testify about the feasibility for a distributor to have a program (or particular aspect of a program) in place to prevent diversion and/or to ensure compliance with the CSA, including when such programs/aspects were available/possible. The witness's ability to testify about these matters is confirmed by how he could specify which aspects were not available/feasible at certain points in time.  See e.g., dep. at 208:5-12.  Further, the witness's ability to testify about these matters relative to McKesson (and similar companies) is further enhanced by his last 5+ years at McKesson overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  See Attachment A.  Moreover, his work included evaluating McKesson's prior order monitoring programs to see how improvements could be made.  Id.  See also , dep. at 172:23-173:3. | 361 | 6 | 361 | 11 | Improper Lay Opinion | | Witness is testifying as to his lay understanding that is rationally based on his perception. See Fed. R. Evid. 701. | | | |
| 206 | 12 | 207 | 2 | | n/a | 361 | 14 | 362 | 2 | | | | | | |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS  *Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 207 4 | 207 8 | Calls for speculation (207:7-8) | Speculation is not applicable.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  The witness has decades of experience working with the DEA to prevent diversion and overseeing conduct of distributors relative to compliance/non-compliance with the CSA.  *See* Attachment A.  As such, he has the requisite knowledge and experience to testify about the feasibility for a distributor to have a program (or particular aspect of a program) in place to prevent diversion and/or to ensure compliance with the CSA, including when such programs/aspects were available/possible. The witness's ability to testify about these matters is confirmed by how he could specify which aspects were not available/feasible at certain points in time.  *See e.g.*, dep. at 208:5-12. Further, the witness's ability to testify about these matters relative to McKesson (and similar companies) is further enhanced by his last 5+ years at McKesson overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  *See* Attachment A.  Moreover, his work included evaluating McKesson's prior order monitoring programs to see how improvements could be made.  *Id.  See also*, dep. at 172:23-173:3. | 362 | 4 | 362 | 4 | | | | | | | |
| 207 10 | 208 4 | Calls for speculation (207:10) | Same as above. | 362 | 6 | 362 | 9 | | | | | | | |
| 208 14 | 208 17 | | n/a | 362 | 11 | 365 | 11 | | | | | | | |
| 208 19 | 209 6 | | n/a | 365 | 13 | 369 | 20 | Leading at 368:17-369:3 | | Question is non-leading, as evidenced by witness's disagreement with the question posed. | | | | |
| 209 9 | 209 22 | Calls for speculation (209:20-22) | Speculation is not applicable.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  The witness has decades of experience working with the DEA to prevent diversion and overseeing conduct of distributors relative to compliance/non-compliance with the CSA.  *See* Attachment A.  As such, he has the requisite knowledge and experience to testify about the feasibility for a distributor to have a program (or particular aspect of a program) in place to prevent diversion and/or to ensure compliance with the CSA, including when such programs/aspects were available/possible. The witness's ability to testify about these matters is confirmed by how he could specify which aspects were not available/feasible at certain points in time.  *See e.g.*, dep. at 208:5-12. Further, the witness's ability to testify about these matters relative to McKesson (and similar companies) is further enhanced by his last 5+ years at McKesson overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  *See* Attachment A.  Moreover, his work included evaluating McKesson's prior order monitoring programs to see how improvements could be made.  *Id.  See also*, dep. at 172:23-173:3. | 375 | 2 | 376 | 4 | | | | | | | |
| 210 7 | 210 16 | | n/a | 377 | 13 | 377 | 18 | | | | | | | |
| 210 18 | 210 22 | | n/a | 377 | 23 | 379 | 15 | Improper Lay Opinion at 378:3-9; Improper Character Evidence at 378:17-379:15 | | Witness is testifying as to his lay understanding that is rationally based on his perception. *See* Fed. R. Evid. 701.

Plaintiffs' deposition questioning throughout this litigation has put the character of McKesson and its employees at issue.  Without waiver of McKesson's objections to this improper questioning, in the event the Court rules such testimony admissible, McKesson is entitled to defend  the character of itself and its employees. | | | | |
| 210 24 | 211 1 | | n/a | 379 | 17 | 380 | 16 | Improper Character Evidence at 379:17-21 | | Plaintiffs' deposition questioning throughout this litigation has put the character of McKesson and its employees at issue.  Without waiver of | | | | |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS  * Pink = Completeness Designation | | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 212 20 | 213 10 | Calls for speculation (213:9-10) | Speculation is not applicable.  The witness has decades of experience working with the DEA to prevent diversion and overseeing conduct of distributors relative to compliance/non-compliance with the CSA.  See Attachment A.  As such, he has the requisite knowledge and experience to testify about the feasibility for a distributor to have a program (or particular aspect of a program) in place to prevent diversion and/or to ensure compliance with the CSA, including when such programs/aspects were available/possible. The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  The witness's ability to testify about these matters is confirmed by how he could specify which aspects were not available/feasible at certain points in time.  See e.g., dep. at 208:5-12.  Further, the witness's ability to testify about these matters relative to McKesson (and similar companies) is further enhanced by his last 5+ years at McKesson overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  See Attachment A.  Moreover, his work included evaluating McKesson's prior order monitoring programs to see how improvements could be made.  Id.  See also , dep. at 172:23-173:3. | 380 19 | 381 11 | | | | | | | | |
| 213 12 | 213 12 | Calls for speculation | Same as above. | 381 14 | 383 4 | | | | | | | | |
| 213 18 | 214 5 | Compound | Compound is not applicable.  The question quoted the language from the specific referenced portion of slide #28 of the witness's/McKesson's PowerPoint presentation at issue.  Moreover, the witness was allowed the full opportunity to answer, did clearly answer, and indicated no problem with answering.  Also, while Plaintiffs submit that the questioning/testimony is appropriate, any potential compound issue can be properly considered/minimized and weighted accordingly in this Bench trial. | 384 22 | 385 21 | | | | | | | | |
| 214 7 | 214 20 | Compound (214:7) | Same as above. | 394 18 | 394 21 | | | | | | | | |
| 214 22 | 214 23 | n/a | | 394 24 | 395 2 | | | | | | | | |
| 215 2 | 215 18 | | n/a | 410 10 | 410 13 | | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | |
| 215 20 | 216 2 | Calls for speculation | Speculation is not applicable.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  The witness has decades of experience working with the DEA to prevent diversion and overseeing conduct of distributors relative to compliance/non-compliance with the CSA.  See Attachment A.  As such, he has the requisite knowledge and experience to testify about the feasibility for a distributor to have a program (or particular aspect of a program) in place to prevent diversion and/or to ensure compliance with the CSA, including when such programs/aspects were available/possible. The witness's ability to testify about these matters is confirmed by how he could specify which aspects were not available/feasible at certain points in time.  See e.g., dep. at 208:5-12.  Further, the witness's ability to testify about these matters relative to McKesson (and similar companies) is further enhanced by his last 5+ years at McKesson overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  See Attachment A.  Moreover, his work included evaluating McKesson's prior order monitoring programs to see how improvements could be made.  Id.  See also , dep. at 172:23-173:3. | 410 15 | 410 21 | | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | |
| 216 4 | 216 10 | Calls for speculation | Same as above. | 410 23 | 411 9 | | Improper Completeness Designation; No objection to treatment as counter-designation | | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | |
| 216 12 | 216 13 | Calls for speculation | Same as above. | | | | | | | | | | |
| 216 15 | 216 23 | n/a | | | | | | | | | | | |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS  * Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | |
| 217 | 1 | 217 | 5 | Calls for speculation | Speculation is not applicable.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  The witness has decades of experience working with the DEA to prevent diversion and overseeing conduct of distributors relative to compliance/non-compliance with the CSA.  *See* Attachment A.  As such, he has the requisite knowledge and experience to testify about the feasibility for a distributor to have a program (or particular aspect of a program) in place to prevent diversion and/or to ensure compliance with the CSA, including when such programs/aspects were available/possible.  The witness's ability to testify about these matters is confirmed by how he could specify which aspects were not available/feasible at certain points in time.  *See e.g.*, dep. at 208:5-12.  Further, the witness's ability to testify about these matters relative to McKesson (and similar companies) is further enhanced by his last 5+ years at McKesson overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  *See* Attachment A.  Moreover, his work included evaluating McKesson's prior order monitoring programs to see how improvements could be made.  *Id. See also*, dep. at 172:23-173:3. | | | | | | | | | | | |
| 217 | 7 | 217 | 14 | Calls for speculation | Same as above. | | | | | | | | | | | |
| 217 | 17 | 217 | 20 | | n/a | | | | | | | | | | | |
| 223 | 9 | 223 | 12 | Assumes facts not in evidence; calls for speculation | Assuming facts and speculation are not applicable.  The question is not necessarily an assertion that something occurred and/or does not need to be attributed to specific acts.  Rather, the question asks for facts from the witness, namely whether he himself did the review/analysis at issue, or whether her knew if anyone else at McKesson did it.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  In fact, the witness is able to definitively answer the question.  Additionally, the witness was not speculating due to his last 5+ years at McKesson overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  *See* Attachment A.  Moreover, his work included evaluating McKesson's prior order monitoring programs to see how improvements could be made, so he would/should have known.  *Id. See also*, dep. at 172:23-173:3. | | | | | | | | | | | |
| 223 | 14 | 223 | 20 | Assumes facts not in evidence; calls for speculation | Same as above. | | | | | | | | | | | |
| 223 | 22 | 223 | 23 | Assumes facts not in evidence; calls for speculation | Same as above. | | | | | | | | | | | |
| 259 | 7 | 259 | 9 | | n/a | | | | | | | | | | | |
| 259 | 12 | 259 | 14 | | n/a | | | | | | | | | | | |
| 259 | 17 | 259 | 20 | | n/a | | | | | | | | | | | |
| 259 | 23 | 260 | 8 | | n/a | | | | | | | | | | | |
| 260 | 10 | 260 | 10 | | n/a | | | | | | | | | | | |
| 260 | 23 | 261 | 8 | Hearsay; relevance - geographic scope | The testimony involves the PowerPoint presentation created by the witness (as confirmed at 260:23-261:1).  Also, the witness confirmed (at 259:23-260:1 & 261:20-262:1) that he researched/had knowledge about the information he included in his PowerPoint.  Moreover, this is not inadmissible hearsay pursuant to FRE 801(d)(2) and/or FRE 803(6).  Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the testimony/exhibit also proves notice, knowledge, understanding and/or acceptance of the opioid epidemic, opioid abuse, diversion and/or opioid/prescription pill migration).  Geographic scope is not applicable.  The witness's testimony and/or the exhibit show how diverted opioids/prescription pills travel from state to state (indicating how geographic scope is not limited).  Specifically here, diverted opioids travel from Florida up through Appalachia, which includes Cabell County and the City of Huntington.  Also, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10.  The information at issue provides background regarding same (e.g., opioid/prescription pill migration, and how over-distribution of opioids and systemic policy/procedure problems allowing for same can impact other geographic areas). | | | | | | | | | | | |
| 261 | 10 | 261 | 22 | Hearsay; relevance - geographic scope | Same as above. | | | | | | | | | | | |
| 262 | 1 | 262 | 1 | Hearsay; relevance - geographic scope | Same as above. | | | | | | | | | | | |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 262 | 4 | 262 | 17 | Authenticity; foundation; hearsay; calls for speculation | The objections (of authenticity, foundation and speculation) are objections to form which were not made during the deposition, and thus are waived.  Also, the foundation is provided/established by the exhibit itself.  *See* dep. exh. 29 at p. 1.  This is not hearsay pursuant to FRE 801(d)(2), 803(3) and/or FRE 803(6).  Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the testimony/exhibit also proves state of mind, motive and/or mind-set relative to the DEA, as well as notice, knowledge, understanding and/or acceptance of applicable regulations, industry standards, opioid abuse, diversion and/or pill mills).  Also, no questions in this designation require the witness to speculate.  The questions solely address confirmation/understanding of the contents of the exhibit. | | | | | | | | | |
| 263 | 6 | 263 | 9 | Authenticity; foundation; hearsay; calls for speculation | The authenticity objection was not made relative to the introduction/use of the exhibit during the deposition, and is thus waived.  The foundation is provided/established by the exhibit itself.  *See* dep. exh. 29 at p. 1.  This is not hearsay pursuant to FRE 801(d)(2), 803(3) and/or FRE 803(6).  Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the testimony/exhibit also proves state of mind, motive and/or mind-set relative to the DEA, as well as notice, knowledge, understanding and/or acceptance of applicable regulations, industry standards, opioid abuse, diversion and/or pill mills).  Also, no questions in this designation require the witness to speculate.  The question solely addresses the witness's actual belief/response. | | | | | | | | | |
| 263 | 11 | 263 | 11 | Authenticity; foundation; hearsay; calls for speculation | Same as above. | | | | | | | | | |
| 266 | 13 | 266 | 18 | | n/a | | | | | | | | | |
| 267 | 2 | 267 | 10 | | n/a | | | | | | | | | |
| 267 | 12 | 267 | 13 | | n/a | | | | | | | | | |
| 268 | 8 | 269 | 23 | Hearsay; foundation | This is not inadmissible hearsay pursuant to FRE 801(d)(2), 803(3) and/or FRE 803(6).  Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the testimony/exhibit also proves state of mind, motive and/or mind-set relative to the DEA, as well as notice, knowledge, understanding and/or acceptance of applicable regulations, industry standards, opioid abuse, diversion and/or pill mills).  Also, the objection to foundation is an objection to form which was not made during the deposition for many of the questions in this designation, and thus is waived regarding same.  Also, the foundation is provided/established by the exhibit itself.  *See* dep. exh. 30 at pp. 1-2.  The foundation is further provided/established by the questioning and confirming testimony.  *See* dep. at 268:13-23. | | | | | | | | | |
| 270 | 1 | 270 | 1 | Hearsay; foundation | Same as above. | | | | | | | | | |
| 270 | 19 | 271 | 5 | | n/a | | | | | | | | | |
| 271 | 20 | 272 | 3 | | n/a | | | | | | | | | |
| 272 | 10 | 272 | 12 | | n/a | | | | | | | | | |
| 277 | 9 | 277 | 10 | Hearsay | This is not inadmissible hearsay pursuant to FRE 801(d)(2), 803(3) and/or FRE 803(6).  Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the testimony/exhibit also proves state of mind, motive and/or mind-set relative to the DEA, as well as notice, knowledge, understanding and/or acceptance of applicable regulations, and/or industry standards). | | | | | | | | | |
| 277 | 12 | 277 | 12 | Hearsay | Same as above. | | | | | | | | | |
| 291 | 7 | 291 | 14 | Calls for a legal conclusion; assumes facts not in evidence; misstates document | Legal conclusion is not applicable.  The testimony involves factual information regarding the witness's notice, knowledge, understanding and/or acceptance of applicable regulations.  Mr. Boggs had many years of experience with the DEA handling the implementation of the regulatory aspect of the Controlled Substances Act ("CSA") and overseeing compliance by distributors regarding same.  *See* Attachment A.  Also, for the entire 5+ years Mr. Boggs has worked at McKesson, his responsibilities included overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  *Id.*  As a witness with vast knowledge and extensive experience regarding these matters, Mr. Boggs had the capability to answer the question.  Thus, even if considered an opinion/conclusion, the testimony is admissible under FRE 701.  Assuming facts not in evidence and misstating the document are not applicable.  The facts are established through the document, which is being introduced along with the designations.  *See* dep. ex. 33.  Further, this document has been verified and introduced by Plaintiffs with the designations of HDMA/H.D.A. 30(b)(6) deposition representative (John Kelly).  *See* 5/10/2019 J. Kelly/H.D.A. dep. exh. 9.  The questioning tracks the document and does not misstate it.  Further, if any potential misstatement can be properly ignored and/or minimized and weighted accordingly in this Bench trial. | | | | | | | | | |
| 291 | 16 | 291 | 20 | Calls for a legal conclusion; assumes facts not in evidence; misstates document | Same as above. | | | | | | | | | |

Boggs, Gary
January 17, 2019

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 291 | 22 | 291 | 23 Calls for a legal conclusion; assumes facts not in evidence; misstates document | Samee as above. | | | | | | | | | |
| 321 | 17 | 321 | 23 Hearsay. Exhibit ruled inadmissible by the Court pursuant to Rule 408 (See Trial Tr., May 24, 2021, at 105:11-13. Questioning on excluded exhibit should be similarly inadmissible. | This is not inadmissible hearsay pursuant to 803(3), FRE 803(6), FRE 803(8) and/or FRE 807. Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the testimony/exhibit also proves notice, knowledge, understanding and/or acceptance of: applicable regulations, DEA's application or enforcement of same,  opioid abuse, and/or diversion).

Document is admissible for purposes for notice provided to McKesson of its violations, and the testimony is admissible for the same reasons. | | | | | | | | | |
| 322 | 4 | 322 | 12 Hearsay. Exhibit ruled inadmissible by the Court pursuant to Rule 408 (See Trial Tr., May 24, 2021, at 105:11-13. Questioning on excluded exhibit should be similarly inadmissible. | Same as above. | | | | | | | | | |
| 323 | 14 | 324 | 18 Hearsay. Exhibit ruled inadmissible by the Court pursuant to Rule 408 (See Trial Tr., May 24, 2021, at 105:11-13. Questioning on excluded exhibit should be similarly inadmissible. | Same as above. | | | | | | | | | |
| 324 | 20 | 324 | 20 Hearsay. Exhibit ruled inadmissible by the Court pursuant to Rule 408 (See Trial Tr., May 24, 2021, at 105:11-13. Questioning on excluded exhibit should be similarly inadmissible. | Same as above. | | | | | | | | | |
| 324 | 22 | 325 | 13 Hearsay. Exhibit ruled inadmissible by the Court pursuant to Rule 408 (See Trial Tr., May 24, 2021, at 105:11-13. Questioning on excluded exhibit should be similarly inadmissible. | Same as above. | | | | | | | | | |
| 326 | 4 | 326 | 8 Hearsay; calls for a legal conclusion; assumes facts not in evidence; calls for speculation. Exhibit ruled inadmissible by the Court pursuant to Rule 408 (See Trial Tr., May 24, 2021, at 105:11-13. Questioning on excluded exhibit should be similarly inadmissible. | Same as above.  The question does not assume facts not in evidence.  The facts are outlined in the exhibit being discussed.  *See* dep. ex. 38. The facts are also outlined in multiple settlements between McKesson and the DEA/DOJ regarding McKesson's systemic failures to maintain effective controls against diversion.  *See e.g.*, 7/31/2018 Hartle dep. exh. 25 a/k/a P-00010 (2008 settlement), 7/31/2018 Hartle dep. exh. 35 a/k/a P-12674 (2017 settlement), 7/31/2018 Hartle dep. exh. 36 a/k/a P-12677 (2017 MOA). Moreover, the facts are confirmed by the witness's testimony at 326:11-12. Speculation and legal conclusion are not applicable. The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue. Also, the testimony involves factual information regarding the witness's notice, knowledge, understanding and/or acceptance of McKesson's systemic failures relative to reporting suspicious orders.  Mr. Boggs had many years of experience with the DEA handling the implementation of the regulatory aspect of the Controlled Substances Act ("CSA") and overseeing compliance by distributors regarding same.  *See* Attachment A.  Also, for the entire 5+ years Mr. Boggs has worked at McKesson, his responsibilities included overseeing the controlled substance monitoring program and ensuring compliance with the CSA.  *Id .*  Moreover, his work included evaluating McKesson's prior order monitoring programs to see how improvements could be made. *Id. See also ,* dep. at 172:23-173:3. As a witness with vast knowledge and extensive experience regarding these matters, Mr. Boggs had the capability to answer the question. Thus, even if considered an opinion/conclusion, the testimony is admissible under FRE 701. | | | | | | | | | |

| WITNESS NAME: | Gary Boggs |
|---|---|
| DEPOSITION DATE: | 1/17/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Objection Notes | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 326 | 11 | 326 | 12 | Hearsay; calls for a legal conclusion; assumes facts not in evidence; calls for speculation. Exhibit ruled inadmissible by the Court pursuant to Rule 408 (See Trial Tr., May 24, 2021, at 105:11-13. Questioning on excluded exhibit should be similarly inadmissible. | Same as above. | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |