| WITNESS NAME: | Gustin, David |
| DEPOSITION DATE: | 8/17/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS  * Pink = Completeness Designation | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 17:22 | 18:8 | | n/a | 20:14 | 20:18 | | | 92:24 | 93:9 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA) | Hearsay is not applicable pursuant to FRE 803(6) and/or FRE 803(8). Additionally, FRE 801(c)(2) is not satisfied (since this testimony is not solely ofered for the truth of the matter, but also for the witness's/McKesson's notice, knowledge, and/or state of mind regarding: systemic problems with McKesson's national policies/procedures, the applicable distribution regulations, as well as DEA's/DOJ's guidance, enforcement, and/or interpreation of applicable regulations). The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409174, row 24). |
| 18:13 | 19:3 | | n/a | 20:22 | 21:4 | | | 121:22 | 124:2 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | Same response as above relative to hearsay and lack of foundation/personal knowledge objections, including waiver of the lack of foundation/personal knowledge objections relative to 121:22-124:2. As for the FRE 408 objection, the questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. *See* 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing). |
| 19:4 | 19:12 | | n/a | 21:16 | 21:22 | | | 136:25 | 137:20 | Foundation; hearsay; 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | The objection to foundaiton is an objection to form which was not made during the deposition, and is thus waived. Additionally, the witness confirmed that he was otherwise familiar with this specific matter. Id. at 118:18-119:3 ("I was aware of this incident, yes."). Moreover, relative to both foundation and 402/403 (geographic scope), the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area in question during the time period in question (which included Michigan and West Virginia). *See* Dep. at 123:4-124:11 ("that was in my area of responsibility" and "[t]hat's when I was DRA over the North Central region"), 189:12-17 (West Virginia was within Mr. Gustin's region). Hearsay is not applicable pursuant to FRE 803(6) and/or FRE 803(8). Additionally, FRE 801(c)(2) is not satisfied (since this testimony is not solely ofered for the truth of the matter, but also for the witness's/McKesson's notice, knowledge, and/or state of mind regarding: systemic problems with McKesson's national policies/procedures). |
| 20:4 | 20:9 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | Plaintiffs submit that the questioning of this witness, who worked at McKesson for 21 years until 2016, including as Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter (*see* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3), is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. The fact that the witness was not aware at the time of the letter/issues is the point. Further, Plaintiffs requested the opportunity to brief the admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. *See* 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt our briefing on this matter. In short, the MDL Court determined that the document is admissible (*see* MDL dkt. 3052 at pp. 21-22), and FRE 408 is not supported, as the matter in question involved a separate litigation.  Furhter, even if FRE 408 applied, the document is admissible for "another purpose," such as to show McKesson's knowledge, notice and/or understanding of: the applicable distribution regulations, deficiencies with its national policies/procedures, the DEA's/DOJ's enforcement of applicable regulations, etc.. *See* FRE 408(b) and Committee Notes on 2006 amendment. Hearsay is not applicable because FRE 801(c)(2) is not satisfied (since it is offered for the witness's/McKesson's notice, knowledge, and/or understanding of the matters identified above, and not solely introduced for the truth of the matter).  The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Further, the witness had the foundational experience and job responsibilities such that the question was appropriate. *See e.g.*, Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409453, row 29).  As for the 402/403 objection, the witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters at issue (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, systemic failure to report suspicious orders, diversion problems, etc.), are at the heart of the litigation. Further, even if unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. *See Schultz v. Butcher* , 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 22:18 | 22:22 | | | 252:17 | 252:21 | | n/a |
| 22:11 | 22:17 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | Same response as above. | 22:25 | 23:15 | | | 284:1 | 284:7 | Misstates facts; the Court has before it the two settlement agreements references and can consider their accurate language directly; argumentative; lacks foundation as the witness retired prior to the 2017 agreement. | The operative facts of the 2008 and 2017 settlements (including that the fines were $13 million and $150 million respectively) are in evidence and accurately stated in the question. *See* P-23733 (2008 settlement), P-42554 (2017 settlement). *See also* , 5/24/2021 Trial Tr. at 82:8-88:17, 107:18-109:3. As for foundation, it is provided by the settlement agreements themselves, which are the subject of the questioning and which have been admitted into evidence.  Additionally, as a 21-year employee of McKesson, including as Director of Regulatory Affairs during the time-period of the conduct in question, the witness had the required background, experience and job responsibilities for the questioning to be appropriate. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Moreover, the questioning at issue did not require the witness to be intimately familiar with the settlements and was not argumentative, but rather it was properly used to contrast the witness's perceptions and/or understanding about his/McKesson's regulatory work with the (already established) fines imposed upon McKesson by the DEA/DOJ. Further, any alleged misstatements or argument can be properly considered, accounted for, and/or weighed by the Court in this bench trial. |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 1 of 20

| WITNESS NAME: | Gustin, David | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 8/17/2018 | | | | | | | | | | | | | |
| | | | *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | *COUNTER DESIGNATIONS  \* Pink = Completeness Designation* | | | | | *REPLY DESIGNATIONS \* Pink = Completeness Designation* | | |
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 26 | 15 | 26 | 25 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | Same response as above. | 23 | 21 | 24 | 4 | | | 284 11 | 284 12 | Misstates facts; the Court has before it the two settlement agreements references and can consider their accurate language directly; argumentative; lacks foundation as the witness retired prior to the 2017 agreement. | Same response as above. |
| 27 | 17 | 28 | 22 | | n/a | 24 | 19 | 24 | 24 | | | 284 14 | 284 15 | Misstates facts; the Court has before it the two settlement agreements references and can consider their accurate language directly; argumentative; lacks foundation as the witness retired prior to the 2017 agreement. | Same response as above. |
| 29 | 2 | 29 | 23 | | n/a | 27 | 12 | 27 | 16 | | | 389 14 | 389 19 | Vague. | This is an objection to form which was not made during the deposition, and is thus waived. Moreover, the question relates to and tracks the 2008 email sent by the witness over this same topic, which was addressed extensively immediately prior to this question. *See* Dep. at 383:16-389:13; Dep. Exh. 666 at p. 4 (5/28/2008 email from the witness, stating in pertinent part: "I need a reason to go in and bump all those stores thresholds. They are all purchasing at well past their historic trends or they would not be on the report. The question is why and until It is answered the response should not just be going In and changing their thresholds to keep them off the report."). Further, the witness understood the questioning and had no difficulty answering. |
| 34 | 23 | 35 | 11 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | The questioning of this witness, who worked at McKesson for 21 years until 2016, including as Director of Regulatory Affiars from 2008-2013 and DRA-Auditor thereafter (*see* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3), is appropriate irrespective of the ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. The fact that the witness was not aware at the time of the letter/issues is the point. Further, Plaintiffs requested the opportunity to brief the admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. *See* 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt our briefing on this matter. In short, the MDL Court determined that the document is admissible (*see* MDL dkt. 3052 at pp. 21-22), and FRE 408 is not supported, as the matter in question involved a separate litigation. This is plain from the language of the rule, which repeatedly references "prov[ing] or disprov[ing] the validity or amount of a disputed claim" by offering evidence of conduct that occurred while attempting to resolve "the claim." *See* FRE 408(a)(1) and (2). Further, even if FRE 408 applied, the document is admissible for "another purpose," such as to show McKesson's knowledge, notice and/or understanding of: the applicable distribution regulations, deficiencies with its national policies/procedures, the DEA's/DOJ's enforcement of applicable regulations, etc. *See* FRE 408(b) and Committee Notes on 2006 amendment. Hearsay is not applicable because FRE 801(c)(2) is not satisfied (since it is offered for McKesson's notice, knowledge, and/or understanding of the matters identified above, and not solely introduced for the truth of the matter). The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Further, the witness had the foundational experience and job responsibility such that the question was appropriate. *See e.g.* , Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409453, row 29). As for the 402/403 objection, the witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters at issue (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, systemic failure to report suspicious orders, diversion problems, etc.), are at the heart of the litigation. Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. *See Schultz v. Butcher* , 24 F.3d 626, 632 (4th. Cir. 1994) ("[i]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 30 | 15 | 30 | 23 | Cumulative and Needlessly Redundant; Same or substantially similar testimony designated multiple times | Plaintiffs have designated substantial testimony from a letter the witness testified he never saw, despite McKesson's objections making clear there is a lack of foundation. This testimony fairly responds to that issue. Notably, the questioning that plaintiffs describe as "needlessly redundant" is entirely questions asked by plaintiffs' counsel during the deposition. | 453 4 | 453 9 | | n/a |
| 36 | 6 | 36 | 12 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | Same response as above. | 35 | 22 | 36 | 5 | | | | | | |
| 36 | 15 | 36 | 15 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | Same response as above. | 36 | 17 | 37 | 2 | | | | | | |
| 38 | 1 | 38 | 12 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | The designation at 38:1-8 does not reference the letter/document, and stands on its own. And, no objections to form were made to the designation at 38:1-8, and any such now are waived. Relative to the remaining portion of the designation, same resonse as as provided for 34:23-35:11 above. | 57 | 7 | 57 | 10 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Plaintiffs have designated substantial testimony regarding the 2008 agreement starting two pages later. This preliminary question is properly a completeness designation to that questioning, and is asked by the same plaintiffs' attorney. | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 2 of 20

| WITNESS NAME: | Gustin, David |
| DEPOSITION DATE: | 8/17/2018 |

### AFFIRMATIVE DEPOSITION DESIGNATIONS | COUNTER DESIGNATIONS * Pink = Completeness Designation | REPLY DESIGNATIONS * Pink = Completeness Designation

| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 38 15 | 39 7 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | The designation at 38:18-39:7 does not reference the letter/document, and stands on its own. And, no objections to form were made to the designation at 38:18-39:7, and any such now are waived. Relative to the remaining portion of the designation, same resonse as as provided for 34:23-35:11 above. | 57 12 | 57 20 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Please see above. | | | | |
| 40 17 | 41 9 | Hearsay | Hearsay is not applicable because FRE 801(c)(2) is not satisfied (since this testimony is not ofered for the truth of the matter, but rather for the witness's/McKesson's notice, knowledge, and/or state of mind regarding the opioid epidemic, opioid harms, and/or migration of opioids). | 74 10 | 74 23 | | | | | | |
| 59 25 | 60 4 | Misstates document. The Court has before the 2008 Settlement Agreement and can read and consider its accurate terms. | Plaintiffs submit that the question correctly reflects the 2008 settlement agreement at issue, which has been admitted into evidence. See P-23733 (5/2/2008 settlement). Moreover,the question was focused on the witness's understanding of the 2008 settlement, and the witness clearly understood the question and provided his answer. Further, any alleged misstatement would be minor and the Court can properly consider, account for, and/or weigh same in this bench trial. | 76 11 | 76 22 | | | | | | |
| 60 7 | 60 13 | Misstates document. The Court has before the 2008 Settlement Agreement and can read and consider its accurate terms. | Same response as above. | 88 23 | 89 5 | Answer following the word "Yes" at 89:3 is non-responsive to the question asked and should be struck accordingly | Answer is responsive, as plaintiff is explaining his answer to the question asked. | | | | |
| 70 15 | 71 14 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | The questioning of this Mr. Gustin, who worked at McKesson for 21 years until 2016, including as Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter (see Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3), is appropriate irrespective of the ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Further, Plaintiffs requested the opportunity to brief the admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. See 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt our briefing on this matter. In short, the MDL Court determined that the document is admissible (see MDL dkt. 3052 at pp. 21-22), and FRE 408 is not supported, as the matter in question involved a separate litigation. This is plain from the language of the rule, which repeatedly references "prov[ing] or disprov[ing]" the validity or amount of a disputed claim" by offering evidence of conduct that occurred while attempting to resolve "the claim." See FRE 408(a)(1) and (2). Further, even if FRE 408 applied, the document is admissible for "another purpose," such as to show McKesson's knowledge, notice and/or understanding of: the applicable distribution regulations, deficiencies with its national policies/procedures, the DEA's/DOJ's enforcement of applicable regulations, etc. See FRE 408(b) and Committee Notes on 2006 amendment. Hearsay is not applicable because FRE 801(c)(2) is not satisfied (since it is offered for the witness's/McKesson's notice, knowledge, and/or understanding of the matters, and not solely introduced for the truth of the matter). The witness had the required knowledge, experience and job responsibilities for the questioning to be warranted. See e.g. , Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". See ECF No. 1166 at 1, and 4 (MCKMDL00409453, row 29). As for the 402/403 objection, the witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters at issue (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, systemic failure to report suspicious orders, diversion problems, etc.), are at the heart of the litigation. Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher , 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 90 9 | 90 19 | | | | | | |
| 71 17 | 72 4 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities for the question to be appropriate. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Also, this question is generic and/or preliminary enough to stand on its own regardless of the underlying document. And, as for the objections to the underlying document, same response as above provided for 70:15-71:14. | 90 23 | 91 1 | | | | | | |
| 72 20 | 72 22 | | n/a | 91 5 | 91 5 | | | | | | |
| 75 2 | 75 15 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition for 75:2-13, and are thus waived relatie to same. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities for the question to be appropriate. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Also, this question is generic/preliminary enough to stand on its own regardless of the underlying document. And, as for the objections to the underlying document, same response as above provided for 70:15-71:14. | 91 9 | 91 14 | | | | | | |
| 75 18 | 76 3 | | n/a | 93 10 | 94 11 | Incomplete Designation; only a portion of the question is designated | Counsel's full question is designated. The lines excluded are only counsel reading from an unrelated document. | | | | |
| 76 6 | 76 9 | | n/a | 98 1 | 98 12 | Improper Designation; Only discussion between counsel is designated here, rather than questions and answers between counsel and the witness | Plaintiffs have designated testimony about a document that plaintiffs' counsel objected to allowing the witness to read; designation is made to provide context of that questioning to the Court. | | | | |
| 77 7 | 77 16 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA; highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities for the question to be appropriate. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. In fact, as confirmed by the witness, this question follows-up on the witness's prior testimony regarding his understanding of his regulatory responsibilities. Id . at 75:22-76:9 and 77:11-16. Also, this question is generic/preliminary enough to stand on its own regardless of the underlying document. The question at issue makes no reference to any document, but rather to the witness's prior testimony. And, as for the objections to the underlying document (if they were to apply), same response as above provided for 70:15-71:14. Further, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". See ECF No. 1166 at 1, and 4 (MCKMDL00409174, row 24). | 99 13 | 99 18 | Improper Designation; Only discussion between counsel is designated here, rather than questions and answers between counsel and the witness | Plaintiffs have designated testimony about a document that plaintiffs' counsel objected to allowing the witness to read; designation is made to provide context of that questioning to the Court. | | | | |

| WITNESS NAME: | Gustin, David |
|---|---|
| DEPOSITION DATE: | 8/17/2018 |

### AFFIRMATIVE DEPOSITION DESIGNATIONS | COUNTER DESIGNATIONS * Pink = Completeness Designation | REPLY DESIGNATIONS * Pink = Completeness Designation

| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 78 1 | 79 8 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition for 78:1-79:1, and are thus waived relative to same. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affiars from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities for the question to be appropriate. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. With respect to the remainder of the designation (at 79:2-8), this questioning follows-up on the witness's prior testimony regarding his understanding of his regulatory responsibilities. *Id*. at 75:22-76:9 and 77:11-16. Also, this question is generic and/or preliminary enough to stand on its own regardless of the underlying document. The question at issue makes no reference to any document, but rather to the witness's prior testimony. And, as for the objections to the underlying document (if they were to apply), same response as above provided for 70:15-71:14. Further, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409174, row 24). | 105 19 | 105 25 | | | | | | |
| 79 11 | 79 20 | | n/a | 106 7 | 106 13 | | | | | | |
| 80 16 | 81 12 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affiars from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities for the question to be appropriate. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. In fact, as confirmed by the witness, this question follows-up on the witness's prior testimony regarding his understanding of his regulatory responsibilities. *Id*. at 75:22-76:9 and 77:11-16. Also, this question is generic and/or preliminary enough to stand on its own regardless of the underlying document. The question at issue makes no reference to any document, but rather to the witness's prior testimony. And, as for the objections to the underlying document (if they were to apply), same response as above provided for 70:15-71:14. Further, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409174, row 24). | 111 5 | 111 8 | | | | | | |
| 81 21 | 83 17 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affiars from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities such that the question was appropriate. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409174, row 24). Further, some of the questioning is generic/preliminary enough to stand on its own regardless of the underlying document. *See* Dep. at 81:21-23, 83:14-17. The questions (at 81:21-23 and 83:14-17) make no reference to the underlying document. And, as for the objections to the underlying document (if they were to apply), Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. *See* 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing), and point out that this underlying letter from the DOJ does not claim or request that it is subject to FRE 408. | 111 14 | 112 4 | | | | | | |
| 83 20 | 83 20 | | n/a | 112 22 | 113 3 | | | | | | |
| 83 22 | 84 24 | | n/a | 119 22 | 119 25 | | | | | | |
| 85 5 | 85 12 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affiars from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409174, row 24). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. *See* 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing), and point out that this underlying letter from the DOJ does not claim or request that it is subject to FRE 408. | 121 18 | 121 21 | Answer is non-responsive to question asked | Answer is responsive. | | | | |
| 85 15 | 86 21 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | Same response as above. | 126 7 | 126 15 | | | | | | |
| 87 18 | 88 18 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | Same response as above. | 126 17 | 126 18 | | | | | | |
| 89 23 | 90 8 | | n/a | 132 6 | 132 16 | Answer is non-responsive to question asked after "I don't know" at 132:12 | Answer is responsive. | | | | |
| 91 15 | 91 23 | | n/a | 136 7 | 136 23 | Improper Designation of counsel objection at 136:22-23 | Designation is proper to provide context as to why the witness's answer was cut off. | | | | |
| 92 1 | 92 23 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affiars from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409174, row 24). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. *See* 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing), and point out that this underlying letter from the DOJ does not claim or request that it is subject to FRE 408. | 142 25 | 143 2 | | | | | | |
| 94 16 | 94 18 | | n/a | 144 21 | 144 24 | | | | | | |
| 100 17 | 102 5 | | n/a | 145 19 | 146 4 | Answer is non-responsive to question asked | Answer is responsive. | | | | |
| 102 8 | 102 10 | | n/a | 147 5 | 147 11 | | | | | | |
| 104 13 | 104 21 | | n/a | 159 25 | 160 12 | Answer at 160:8-12 is non-responsive to question asked; Portion of answer at 160:10-12 is also hearsay | Answer is responsive; testimony regarding call from the DEA is relevant to notice and effect on the listener. | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 4 of 20

| WITNESS NAME: | Gustin, David | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 8/17/2018 | | | | | | | | | | | |

| *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | | *COUNTER DESIGNATIONS* **Pink** *= Completeness Designation* | | | | *REPLY DESIGNATIONS* **Pink** *= Completeness Designation* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 106 14 | 107 13 | Hearsay (107:2-13); calls for a legal conclusion (107:2-6) | The underlying statement is an exception to hearsay pursuant to FRE 803(3), FRE 803(6) and/or FRE 803(8). Hearsay is also not applicable because FRE 801(c)(2) is not satisfied (since this testimony is not solely ofered for the truth of the matter, but also for the witness's/McKesson's notice, knowledge, and/or state of mind regarding the applicable regulations, as well as DEA's/DOJ's enforcement, and/or DEA's/DOJ's interpretation of same). The question does not call for a legal conclusion, but rather for the witness's notice, understanding and/or state of mind regarding the regulations he was responsible for in his roles as Director of Regulatory Affairs and Auditor at McKesson. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. | | 163 9 | 164 18 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Plaintiffs designated substantial testimony about McKesson's communications with the DEA and the Kentucky Board of Pharmacy about customer terminations. | | | | |
| 107 23 | 108 8 | | n/a | | 166 15 | 166 18 | | | | | | |
| 108 15 | 109 8 | | n/a | | 167 4 | 167 8 | | | | | | |
| 109 17 | 110 20 | | n/a | | 168 16 | 168 24 | | | | | | |
| 112 13 | 112 21 | | n/a | | 185 11 | 186 11 | Answers provided are non-responsive to questions asked | Answers are responsive. | | | | |
| 113 5 | 113 12 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409174, row 24). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. *See* 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing), and point out that this underlying letter from the DOJ does not claim or request that it is subject to FRE 408. | | 186 18 | 186 23 | | | | | | |
| 113 24 | 114 16 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition for 113:24-114:10, and are thus waived relative to same. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (MCKMDL00409174, row 24). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing), and further point out that this underlying letter from the DOJ does not claim or request that it is subject to FRE 408. | | 187 2 | 187 6 | Answer is non-responsive to question asked | Answer is responsive. | | | | |
| 114 20 | 116 6 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); highly similar documents already excluded by the Court (Trial Tr. May 24, 105:11-13); misstates document (115:7-116:6). | Same response as above, as well as waiver of objections to lack of foundation/personal knowledge for 114:22-116:6 and waiver of the objection to misstating the document for 115:7-116:6, as these objections to form were not made during the deposition, and are thus waived relative to same. Moreover, the questioning at issue accurately quotes from the letter. Further, any alleged misstatement can be properly considered, accounted for, and/or weighed in this bench trial. | | 241 3 | 241 15 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 118 1 | 119 13 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (row 29). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. *See* 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing). As for the 402/403 geographic scope objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Also, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area in question, which included Michigan as well as West Virginia. *See* Dep. at 123:4-124:11 ("that was in my area of responsibility") and "[t]hat's when I was DRA over the North Central region"), 189:12-17 (West Virginia was within Mr. Gustin's region). Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. *See Schultz v. Butcher*, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | | 244 22 | 245 6 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 124 6 | 124 11 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above, as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition, and are thus waived. | | 246 18 | 247 11 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 5 of 20

**WITNESS NAME:** Gustin, David
**DEPOSITION DATE:** 8/17/2018

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 125 14 | 126 6 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above, as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition, and are thus waived. | 249 3 | 250 21 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 127 4 | 127 17 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above, as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition, and are thus waived. | 251 3 | 251 22 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 129 14 | 130 12 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above, as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition, and are thus waived. | 252 5 | 252 16 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 130 17 | 131 12 | Foundation; hearsay; 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | The objection to lack of foundation is an objection to form which was not made during the deposition, and is thus waived. Moreover, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area in question during the time period in question (which included Michigan and West Virginia). See Dep. at 123:4-124:11 ("that was in my area of responsibility" and "[t]hat's when I was DRA over the North Central region"), 189:12-17 (West Virginia was within Mr. Gustin's region). Additionally, the witness confirmed that he was otherwise familiar with this specific matter. Id. at 118:18-119:3 ("I was aware of this incident, yes."). For the same reason hearsay is not applicable, as the information for the questioning was based at least in part on the witness's knowledge, and can stand on its own irrespective of the document. Hearsay is also not applicable for this FBI press release pursuant to FRE 803(8). Further, FRE 801(c)(2) is not satisfied (since it is offered for the witness's/McKesson's notice, knowledge, and/or understanding of the matters identified, and not solely for the truth of the matter). As for the 402/403 geographic scope objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same, and in fact covers systemic issues in the witness's region (which included West Virginia). The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 252 22 | 253 22 | Answer is non-responsive after "No" on 252:25; Designations at 253:5-22 are improper completeness designations | Answer is responsive. Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 131 22 | 132 1 | 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same, and in fact covers systemic issues in the witness's region (which included West Virginia). See Dep. at 123:4-124:11 ("that was in my area of responsibility" and "[t]hat's when I was DRA over the North Central region"), 189:12-17 (West Virginia was within Mr. Gustin's region). The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Further, even if some unfair prejudice was present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 255 8 | 255 12 | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 6 of 20

**WITNESS NAME:** Gustin, David
**DEPOSITION DATE:** 8/17/2018

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS *Pink = Completeness Designation* | | | | REPLY DESIGNATIONS *Pink = Completeness Designation* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 133 5 | 134 4 | Foundation; hearsay; 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | The objection to lack of foundation is an objection to form which was not made during the deposition, and is thus waived. Moreover, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area in question during the time period in question (which included Michigan and West Virginia). *See* Dep. at 123:4-124:11 ("that was in my area of responsibility" and "[t]hat's when I was DRA over the North Central region"), 189:12-17 (West Virginia was within Mr. Gustin's region). Additionally, the witness confirmed that he was otherwise familiar with this specific matter. *Id*. at 118:18-119:3 ("I was aware of this incident, yes."). For the same reason hearsay is not applicable, as the information for the questioning was based at least in part on the witness's knowledge, and can stand on its own irrespective of the document. Hearsay is also not applicable for this FBI press release pursuant to FRE 803(8). Further, FRE 801(c)(2) is not satisfied (since it is offered for the witness's/McKesson's notice, knowledge, and/or understanding of the matters identified, and not solely for the truth of the matter). As for the 402/403 geographic scope objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same, and in fact covers systemic issues in the witness's region (which included West Virginia). The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. *See Schultz v. Butcher*, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 255 15 | 255 16 | No responsive answer provided | Answer is responsive. | | | | |
| 134 22 | 135 15 | Foundation; hearsay; 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above, as well as waiver of objections to lack of foundation, as these objections to form were not made during the deposition for 134:22-135:4, and are thus waived relative to same. | 258 5 | 258 11 | | | | | | |
| 135 19 | 135 22 | Foundation; hearsay; 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above (provided for 133:5-134:4), with the exception of the objection waiver. | 261 7 | 262 4 | Improper Designation; No question and accompanying answer designated | This designation completes plaintiffs' incomplete designation of counsel's question (starting at 262:20). | | | | |
| 138 10 | 138 22 | Foundation; hearsay; 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above (provided for 133:5-134:4), as well as waiver of objections to lack of foundation, as these objections to form were not made during the deposition for 138:10-22, and are thus waived. | 283 9 | 283 14 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 139 10 | 139 19 | Foundation; hearsay; 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above (provided for 133:5-134:4), as well as waiver of objections to lack of foundation, as these objections to form were not made during the deposition for 139:10-19, and are thus waived. | 283 17 | 283 25 | Improper Completeness Designation; no surrounding designations by Plaintiff concerning this or any other subject; Answer is non-responsive to question asked | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 140 25 | 141 10 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Michigan with no nexus to Huntington or Cabell). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. *See* Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". *See* ECF No. 1166 at 1, and 4 (row 29, MCKMDL00409453). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. *See* 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing). As for the 402/403 geographic scope objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Also, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area in question, which included Michigan as well as West Virginia. *See* Dep. at 123:4-124:11 ("that was in my area of responsibility" and "[t]hat's when I was DRA over the North Central region"), 189:12-17 (West Virginia was within Mr. Gustin's region). Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. *See Schultz v. Butcher*, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 285 10 | 285 18 | | | | | | |
| 141 16 | 141 24 | | n/a | 317 4 | 317 20 | Improper Completeness Designation; no testimony designated by Plaintiff on this subject that this testimony would complete | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 7 of 20

**WITNESS NAME:** Gustin, David
**DEPOSITION DATE:** 8/17/2018

| \multicolumn{5}{c}{AFFIRMATIVE DEPOSITION DESIGNATIONS} | \multicolumn{5}{c}{COUNTER DESIGNATIONS * Pink = Completeness Designation} | \multicolumn{5}{c}{REPLY DESIGNATIONS * Pink = Completeness Designation} |
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 143 4 | 143 20 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Michigan with no nexus to Huntington or Cabell). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". See ECF No. 1166 at 1, and 4 (row 29, MCKMDL00409453). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. See 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing). As for the 402/403 geographic scope objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Also, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area in question, which included Michigan as well as West Virginia. See Dep. at 123:4-124:11 ("that was in my area of responsibility" and "[t]hat's when I was DRA over the North Central region"), 189:12-17 (West Virginia was within Mr. Gustin's region). Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | | 317 25 | 318 7 | Answer provided at 318:1-2 is non-responsive to question asked; Improper Completeness Designation; no testimony designated by Plaintiff on this subject that this testimony would complete | Answer is responsive. Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 143 23 | 144 20 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Michigan with no nexus to Huntington or Cabell). | Same response as above, as well as waiver of objections to lack of foundation, as these objections to form were not made during the deposition for 143:23-144:20, and are thus waived. | | 318 9 | 318 12 | Answer is non-responsive to question asked; Improper Completeness Designation; no testimony designated by Plaintiff on this subject that this testimony would complete | Answer is responsive. Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 145 1 | 145 18 | Foundation, assumes facts not in evidence; 402/403. | The objections to lack of foundation and assuming facts not in evidence are objections to form which were not made during the deposition, and are thus waived. Moreover, the witness was a 21-year McKesson employee until 2016, with a major regulatory role, and had the required knowledge, experience and job responsibilities to warrant the questioning. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Also, aside from the information being established in other testimony and exhibits, it is publicly available from McKesson's website as well as from McKesson's regulatory filings. With respect to the 402/403 objection, the information is relevant as the testimony and exhibits established that the witness needed more help to do his job. See e.g., Dep. Exh. 194 at p. 4 ("The later part of the month, usually from the 20th on or so, I would have very little time for anything other than working TCRs and customer loads"). And, information about McKesson's resources are pertinent to same. Further, even if some unfair prejudice is somehow present, the testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | | 324 25 | 325 5 | Improper Completeness Designation | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 147 12 | 147 24 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Michigan with no nexus to Huntington or Cabell). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition for 147:12-18, and are thus waived relative to same. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". See ECF No. 1166 at 1, and 4 (MCKMDL00409453, row 29). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. See 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing). As for the 402/403 geographic scope objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Also, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area in question, which included Michigan as well as West Virginia. See Dep. at 123:4-124:11 ("that was in my area of responsibility" and "[t]hat's when I was DRA over the North Central region"), 189:12-17 (West Virginia was within Mr. Gustin's region). Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | | 325 7 | 325 8 | Improper Completeness Designation | Designation is a proper completeness designation as questioning is by plaintiffs' attorney and relates to subjects regarding McKesson's compliance programs, which are designated extensively by plaintiffs. Plaintiffs make no substantive, evidentiary objection, so testimony can be considered whether treated as a "completeness" or a "counter" designation. | | | | |
| 148 2 | 148 3 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Michigan with no nexus to Huntington or Cabell). | Same response as above, with the exception of the waiver of objections to lack of foundation/personal knowledge. | | 331 2 | 331 9 | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 8 of 20

| WITNESS NAME: | Gustin, David |
|---|---|
| DEPOSITION DATE: | 8/17/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS |||| COUNTER DESIGNATIONS * Pink = Completeness Designation |||||| REPLY DESIGNATIONS * Pink = Completeness Designation ||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 148 5 | 149 14 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above (provided for 147:12-24), as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 148:8-149:14, and are thus waived relative to same. | 331 15 | 331 18 | | | | | | |
| 149 19 | 150 6 | | n/a | 348 8 | 348 13 | | | | | | |
| 150 23 | 151 14 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell). | Same response as above (provided for 147:12-24), as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 150:23-151:14, and are thus waived. | 350 1 | 350 2 | | | | | | |
| 151 16 | 152 21 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell); foundation (152:15-21); assumes facts not in evidence (152:15-21); calls for speculation (152:15-21). | Same response as above (provided for 147:12-24), as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 151:16-152:14, and are thus waived relative to same. As for the objections to lack of foundation, assuming facts and speculation for 152:15-21, these objections are not supported. The witness was a 21-year McKesson employee until 2016, with a major regulatory role, and had the required knowledge, experience and job responsibilities to warrant the questioning. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. Also, aside from the information being established in other testimony and exhibits, it is publicly available from McKesson's website as well as from McKesson's regulatory filings. Further, to the extent that the witness did not know about McKesson's available resources, such lack of knowledge is itself a fact of consequence, and goes to issues with McKesson's training and/or communications, as well as the witness's competence and/or credibility. | 350 7 | 350 11 | Answer is non-responsive to question asked | Answer is responsive. | | | | |
| 152 23 | 152 24 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacies in Michigan with no nexus to Huntington or Cabell); foundation (152:15-21); assumes facts not in evidence (152:15-21); calls for speculation (152:15-21). | Same response as above. | 378 6 | 378 18 | | | | | | |
| 154 18 | 155 5 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition for 154:18-155:5, and are thus waived relative to same. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". See ECF No. 1166 at 1, and 4 (MCKMDL00409453, row 29). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. See 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing). As for the 402/403 objection, the witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters at issue (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, systemic failure to report suspicious orders, diversion problems, etc.), are at the heart of the litigation. Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[i]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 389 20 | 389 22 | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 9 of 20

| WITNESS NAME: | Gustin, David |
|---|---|
| DEPOSITION DATE: | 8/17/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 155 12 | 155 25 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. | Same response as above, as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 155:12-25, and are thus waived. | 390 2 | 390 6 | | | | | | |
| 156 12 | 156 22 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition for 156:12-22, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". See ECF No. 1166 at 1, and 4 (row 29). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. See 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing). As for the 402/403 geographic scope objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic failure to report suspicious orders, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Also, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area and distribution center (Washington Court House) in question, which included Kentucky as well as West Virginia. See Dep. at 156:12-22 (Kentucky and Washington Court House were in Mr. Gustin's region), 189:12-17 (West Virginia was within Mr. Gustin's region); 450:15-17 (Washington Court House DC, which serviced West Virginia, was within Mr. Gustin's region). Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 391 10 | 391 11 | | | | | | |
| 158 3 | 158 9 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above, with the exception of the waiver of objections to lack of foundation/personal knowledge. | 391 14 | 391 18 | Answer is non-responsive to question asked | Answer is responsive. | | | | |
| 158 12 | 158 25 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above (provided for 156:12-22), as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 158:16-25, and are thus waived relative to same. | 401 25 | 402 1 | | | | | | |
| 165 9 | 166 10 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above (provided for 156:12-22), with the exception of the waiver of objections to lack of foundation/personal knowledge. | 407 23 | 408 14 | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 10 of 20

| WITNESS NAME: | Gustin, David | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 8/17/2018 | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 166 12 | 166 13 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above (provided for 156:12-22), as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 158:16-25, and are thus waived relative to same. | 442 14 | 442 21 | | | | | | |
| 170 9 | 170 12 | 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic lack of due diligence, systemic failure to report suspicious orders, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Also, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area and distribution center (Washington Court House) in question, which included Kentucky as well as West Virginia. See Dep. at 156:12-22 (Kentucky and Washington Court House were within Mr. Gustin's region), 189:12-17 (West Virginia was within Mr. Gustin's region); 450:15-17 (Washington Court House DC, which serviced West Virginia, was within Mr. Gustin's region). Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 453 10 | 453 17 | | | | | | |
| 170 16 | 171 11 | 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above. | 478 12 | 481 7 | Relevance - 478:19-479:10 | Questioning provides brief overview of witness's professional history. | | | | |
| 174 17 | 174 24 | Calls for a legal conclusion | The objection to legal conclusion is not supported. The question properly sought the witness's perspective and/or understanding of his responsibility in connection with his duties at McKesson. As a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question asked. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. | 481 12 | 482 22 | | | | | | |
| 175 2 | 175 25 | Calls for a legal conclusion (175:2-8); foundation (175:9-25, witness was not a recipient on the e-mail being discussed) 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above relative to the objection to legal conclusion. As for the objection to lack of foundation, this objection was not made during the deposition, and is thus waived. Moreover, as detailed above, the witness had the required knowledge, experience and job role to warrant the questioning. Further, the witness knew the people involved (see Dep. at 172:2-12), and this fell within the witness's responsibility/region. See Dep. at 156:12-22 (Kentucky and Washington Court House were in Mr. Gustin's region), 189:12-17 (West Virginia was within Mr. Gustin's region); 450:15-17 (Washington Court House DC, which serviced West Virginia, was within Mr. Gustin's region). Aside from establishing foundation, this is relevant to the 402/403 geographic scope objection as it is withing the witness's region, which includes West Virginia and Cabell County. Further, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic failure to report suspicious orders, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Also, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | 482 24 | 484 24 | Hearsay at 484:19-24 | Offered for effect on the listener/notice. | | | | |
| 176 4 | 176 17 | Calls for a legal conclusion (175:2-8); foundation (175:9-25, witness was not a recipient on the e-mail being discussed) 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above (provided for 174:1-24 and 175:2-25), as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 176:4-17, and are thus waived relative to same. | 485 6 | 485 23 | | | | | | |
| 177 5 | 178 3 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition for 177:5-178:3, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affairs from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question. See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence. Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial". See ECF No. 1166 at 1, and 4 (row 29). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed. See 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro."). Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing). As for the 402/403 geographic scope objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic failure to report suspicious orders, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Also, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area and distribution center (Washington Court House) in question, which included Kentucky as well as West Virginia. See Dep. at 156:12-22 (Kentucky and Washington Court House were in Mr. Gustin's region), 189:12-17 (West Virginia was within Mr. Gustin's region); 450:15-17 (Washington Court House DC, which serviced West Virginia, was within Mr. Gustin's region). Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 11 of 20

| WITNESS NAME: | Gustin, David |
|---|---|
| DEPOSITION DATE: | 8/17/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS  * Pink = Completeness Designation | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | |
| 180 20 | 181 3 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate.  402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above, as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 180:20-181:3, and are thus waived relative to same. | | | | | | | | | | |
| 183 4 | 184 3 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate.  402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above (provided for 177:5-178:3), as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 183:4-13, and are thus waived relative to same. | | | | | | | | | | |
| 184 7 | 185 10 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate.  402/403 (geographic scope: testimony relates to individual pharmacy in Kentucky with no nexus to Huntington or Cabell). | Same response as above (provided for 177:5-178:3), as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 184:11-185:10, and are thus waived relative to same. | | | | | | | | | | |
| 188 6 | 189 17 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate.  402/403 (geographic scope: testimony relates to individual pharmacy in Logan County with no nexus to Huntington or Cabell). | The objections to lack of foundation and personal knowledge are objections to form which were not made during the deposition for 188:6-189:17, and are thus waived. Moreover, as a 21-year McKesson employee until 2016, including as a Director of Regulatory Affiars from 2008-2013 and DRA-Auditor thereafter, the witness had the required knowledge, experience and job responsibilities to warrant the question.  See Dep. at 18:16-19:3; Dep. Exh. 194 at p. 3. The questioning of this witness is appropriate irrespective of any ruling on the document, as the underlying issues notified about in the letter (and the witness's knowledge or lack of knowledge regarding same) are the true matters of consequence.  Also, McKesson stipulated that this exhibit could be introduced "without the use of a sponsoring witness at trial".  See ECF No. 1166 at 1, and 4 (MCKMDL00409453, row 29). Further, Plaintiffs requested the opportunity to brief the matter relative to admissibility of this exhibit, and the Court agreed to wait to rule until the matter is fully briefed.  See 5/24/2021 Trial Tr. at 230:16-231:19. ("I'll hold in abeyance my ruling on these until I read your papers, Mr. Majestro.").  Plaintiffs adopt the above reasoning given for 70:15-71:14 (including adoption of Plaintiffs' briefing).  As for the 402/403 geographic scope objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties."  See ECF 1297, at 10.  In fact, although this subject addresses in-state West Virginia issues (in Logan County), the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection.  See e.g. , 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23.  The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic failure to report suspicious orders, systemic oversupply of opioids to customers, diversion problems, etc.), apply to Cabell/Huntington. Also, the witness confirmed that he was the McKesson Director of Regulatory Affairs for the area and distribution center (Washington Court House) in question, which included West Virginia and Cabell County.  See Dep. at 188:6-22, 189:12-17 (West Virginia was within Mr. Gustin's region); 450:15-17 (Washington Court House DC, which serviced West Virginia/Cabell County, was within Mr. Gustin's region). Further, even if some unfair prejudice was somehow present, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher , 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | | | | | | | | | | |
| 190 2 | 190 15 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate.  402/403 (geographic scope: testimony relates to individual pharmacy in Logan County with no nexus to Huntington or Cabell). | Same response as above, as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 190:2-15, and are thus waived relative to same. | | | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 12 of 20

| WITNESS NAME: | Gustin, David |
| --- | --- |
| DEPOSITION DATE: | 8/17/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 191:8 | 192:5 | 408; 402/403; hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his time as a field DRA); document already excluded by the Court (Trial Tr. May 24, 105:11-13). Designations based on questions on an excluded document is inappropriate. 402/403 (geographic scope: testimony relates to individual pharmacy in Logan County with no nexus to Huntington or Cabell). | Same response as above, as well as waiver of objections to lack of foundation/personal knowledge, as these objections to form were not made during the deposition for 191:8-192:5, and are thus waived relative to same. | | | | | | | | | |
| 236:21 | 237:3 | | n/a | | | | | | | | | |
| 237:7 | 238:3 | | n/a | | | | | | | | | |
| 239:14 | 240:24 | | n/a | | | | | | | | | |
| 243:6 | 244:4 | Foundation, assumes facts not in evidence; 402/403. | n/a | | | | | | | | | |
| 255:18 | 256:4 | Foundation, assumes facts not in evidence; 402/403. | The objections to lack of foundation and assuming facts are objections to form which were not made during the deposition for 255:18-21, and are thus waived relative to same. Moreover, the foundation and facts were established by the witness's email (Dep. Exh. 194) as well as by the witness's prior testimony. See e.g., Dep. Exh. 194 at p. 4 ("The latter part of the month, usually from the 20th on or so, I would have very little time for anything other than working TCRs and customer loads."); Dep. at 254:11-23. Additionally, as a 21-year employee of McKesson, including many years as Director of Regulatory Affairs, the witness had the knowledge, experience and job responsibilities to answer the questioning. See Dep. at 18:16-19:3. As for the FRE 403 objection, the aforementioned information is highly relevant, and any prejudice is not unfair. Moreover, the exhibit/testimony should not be excluded, but rather admitted and weighted accordingly. See Schultz v. Butcher, 24 F.3d 626, 632 (4th. Cir. 1994) ("[I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial. Under the Federal Rules of Evidence, admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."). | | | | | | | | | |
| 256:7 | 256:16 | Foundation, assumes facts not in evidence; 402/403. | Same response as above. | | | | | | | | | |
| 257:3 | 257:24 | | n/a | | | | | | | | | |
| 258:12 | 258:23 | | n/a | | | | | | | | | |
| 259:1 | 259:14 | | n/a | | | | | | | | | |
| 262:20 | 263:21 | | n/a | | | | | | | | | |
| 263:24 | 264:19 | | n/a | | | | | | | | | |
| 264:25 | 265:2 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his retirement from McKesson). | The objections to lack of foundation and assuming facts are objections to form which were not made during the deposition( for this designation or for use of this exhibit), and are thus waived relative to same. Also, the foundation and facts were established by the exhibit itself, as well as the witness's experience and job responsibilities. Hearsay is not applicable pursuant to FRE 803(6), FRE 803(8), and/or FRE 807. Moreover, the point of the questioning is to address the substance of the issues outlined in the letter (which occurred while the witness was a Director of Regulatory Affairs and/or in-house auditor), and the witness's notice, knowledge, understanding and/or perspective regarding those issues at the time, irrespective of the letter. Further, the testimony can stand on its own, as the letter was used as a guide for the questioning. | | | | | | | | | |
| 265:7 | 265:7 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his retirement from McKesson). | Same response as above, including waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 265:12 | 265:16 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his retirement from McKesson). | Same response as above, including waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 266:14 | 267:9 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his retirement from McKesson). | Same response as above, including waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 269:21 | 270:24 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his retirement from McKesson). 402/403 (geographic scope (270:7-24): testimony relates to individual pharmacy in Mingo County with no nexus to Huntington or Cabell). | Same response as above, including waiver of objections to lack of foundation/personal knowledge. As for the 402/403 (geographic scope) objection to 270:7-24, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, even though the material at issue covers an in-state West Virginia location, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, systemic oversupply of opioids to customers, diversion problems, opioid harms, etc.), apply to Cabell/Huntington. | | | | | | | | | |
| 271:4 | 272:3 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his retirement from McKesson). 402/403 (geographic scope (270:7-24): testimony relates to individual pharmacies in Logan County with no nexus to Huntington or Cabell). | Same response as above (provided for 264:25-265:2 and 269:21-270:24), including the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 272:9 | 272:22 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his retirement from McKesson). 402/403 (geographic scope (270:7-24): testimony relates to individual pharmacy in Logan County with no nexus to Huntington or Cabell). | Same response as above (provided for 264:25-265:2 and 269:21-270:24), including the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 13 of 20

| WITNESS NAME: | Gustin, David |
|---|---|
| DEPOSITION DATE: | 8/17/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 273 5 | 273 24 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his retirement from McKesson). 402/403 (geographic scope (270:7-24): testimony relates to individual pharmacy in Logan County with no nexus to Huntington or Cabell). | Same response as above (provided for 264:25-265:2 and 269:21-270:24), including the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 274 6 | 275 18 | Hearsay; lack of foundation/personal knowledge (witness testifies he has never seen the letter and it post-dates his retirement from McKesson). 402/403 (geographic scope (270:7-24): testimony relates to individual pharmacies in Logan County with no nexus to Huntington or Cabell). | Same response as above (provided for 264:25-265:2 and 269:21-270:24), including the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 316 19 | 317 3 | | n/a | | | | | | | | | |
| 318 17 | 319 4 | | n/a | | | | | | | | | |
| 319 15 | 320 12 | Lack of foundation/personal knowledge (witness testifies he has never seen the settlement agreement). | The objections to lack of foundation/personal knowledge are objections to form which were not made during the deposition, and are thus waived. Also, the foundation is provided by the settlement agreement itself, which is the subject of the questioning and which has been admitted into evidence. See P-23733 (2008 settlement); 5/24/2021 Trial Tr. at 82:8-88:17. Additionally, as a 21-year employee of McKesson, including as Director of Regulatory Affairs ("DRA") during the time-period in question, the witness had the required background, experience and job responsibilities for the questioning to be appropriate. See Dep. at 18:16-19:3. Moreover, the witness confirmed that he was knowledgeable about the settlement and actually attended a meeting dedicated to same. Id. at 320:2-12 ("the parts that we needed to see referencing our jobs as DRAs were talked about and shown there"). | | | | | | | | | |
| 320 17 | 321 14 | Lack of foundation/personal knowledge (witness testifies he has never seen the settlement agreement). | Same response as above, including the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 321 17 | 322 3 | | n/a | | | | | | | | | |
| 322 7 | 323 1 | | n/a | | | | | | | | | |
| 323 9 | 323 22 | Compound question (323:9-14) (question asks whether (1) McKesson employees sat down and talked about getting around certain language of the CSMP, and (2) whether the witness sees that language in the CSMP). | This is an objection to form which was not made during the deposition, and is thus waived. Moreover, the subsequent related questioning and testimony from this designation confirms same. | | | | | | | | | |
| 324 2 | 324 15 | | n/a | | | | | | | | | |
| 324 18 | 324 20 | | n/a | | | | | | | | | |
| 325 10 | 326 2 | | n/a | | | | | | | | | |
| 326 14 | 326 17 | Vague as to time period. | The objection to vagueness is not supported, as the question established whether McKesson did it (i.e., warned customers about reaching their threshold) at all at any time. Additionally, the time period of 2008-2013 was provided by way of the policy/exhibit being discussed (McKesson's 2008-2013 Controlled Substance Monitoring Program Operations Manual). See e.g., Dep. Exh. 512 at p 8 (Para. "2.1 Threshold Warning"); Dep. at 322:4-323:22 (the policy went into effect in 2008, is still in effect and dated 2013, and the witness was very familiar with it). Also, the witness understood the questioning and was able to answer without difficulty or confusion relative to the form of the question. Further, to the extent that any alleged vagueness is found, the Court can properly consider, account for and/or weigh same in this bench trial. | | | | | | | | | |
| 326 21 | 328 8 | Vague as to time period (326:21-25); foundation/lack of personal knowledge (327:1-9). | Same response as above relative to the vagueness objection. As for the objection to foundation/lack of personal knowledge (for 327:1-9), this is an objection to form which was not made during the deposition, and is thus waived. Also, the foundation is provided in the policy/exhibit itself, which clearly indicates that McKesson's procedure to warn customers about thresholds. See Dep. Exh. 512 at p 8 (Para. "2.1 Threshold Warning"). Moreover, the witness was familiar with this policy at issue and testified that he spent a lot of time with it. Dep. at 322:4-18. | | | | | | | | | |
| 330 6 | 331 1 | Vague as to time period. | The objection to vagueness is an objection to form which was not made during the deposition, and is thus waived. The objection to vagueness is also not supported, as the question established whether McKesson did it (i.e., set-up a procedure to call and warned customers by phone about reaching their threshold) at all at any time. Additionally, the time period of 2008-2013 was provided by way of the policy/exhibit being discussed (McKesson's 2008-2013 Controlled Substance Monitoring Program Operations Manual). See e.g., Dep. Exh. 512 at p 8 (Para. "2.1 Threshold Warning"). And, the time-period was even further specified in questioning and exhibits. See e.g., Dep. at 332:20-21, 335:2-21; Dep. Exh. 616; Dep. Exh. 646. Also, the witness understood the questioning and was able to answer without difficulty or confusion relative to time period. Further, to the extent that any alleged vagueness is found, the Court can properly consider, account for and/or weigh same in this bench trial. | | | | | | | | | |
| 331 20 | 331 24 | Vague as to time period. | Same response as above (with the exception of the objection waiver). | | | | | | | | | |
| 332 1 | 332 8 | Vague as to time period. | Same response as above for 330:6-331:1 (with the exception of the objection waiver). | | | | | | | | | |
| 334 9 | 334 9 | | n/a | | | | | | | | | |
| 334 20 | 336 1 | | n/a | | | | | | | | | |
| 336 16 | 337 7 | Foundation/lack of personal knowledge (no foundation laid that witness is familiar with the document used). | These are objections to form which were not made during the deposition (relative to any of the questioning, any of the testimony, or the use of the document), and are thus waived relative to same. Moreover, the foundation and personal knowledge is established by the prior testimony whereby the witness confirmed his knowledge of the program (of calling and warning customers about reaching their threshold limits) in the context of his job as Director of Regulatory Affairs, and is established by the exhibit itself as well as other exhibits which provide details regarding same. See e.g., Dep. at 322:4-18 (was very familiar with the overall policy which included the threshold warning), 330:15-24 (familiar with McKesson setting up a call center to call and warn customers about approaching thresholds, 332:1-8 (same), 334:7 (same). See also, Dep. Exh. 646 (6/22/2011 internal McKesson email to the witness, stating in pertinent part: "Once they hit a certain threshold Service first will calland let them know that they are at a certain percent and ask them if they need and increase, and why"); Dep. Exh. 616 (2010 McKesson policy regarding the threshold warning calls to customers). Accordingly, there was proper foundation and the questioning was appropriate even if the witness was not familiar with the document, as such lack of notice and/or knowledge is itself consequential since the witness should have known as Director of Regulatory Affairs and it evidences deficiencies with the policy and/or communication regarding same, and it also goes to the witness's competence and/or credibility. | | | | | | | | | |
| 338 8 | 339 15 | Foundation/lack of personal knowledge (no foundation laid that witness is familiar with the document used). | Same response as above, including the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 339 19 | 340 15 | Foundation/lack of personal knowledge (no foundation laid that witness is familiar with the document used). | Same response as above (provided for 336:16-337:7), including the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 14 of 20

| WITNESS NAME: | Gustin, David |
|---|---|
| DEPOSITION DATE: | 8/17/2018 |

| *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | | *COUNTER DESIGNATIONS * Pink = Completeness Designation* | | | | | *REPLY DESIGNATIONS * Pink = Completeness Designation* | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | | Replies to Objections |
| 347  2 | 347  22 | | n/a | | | | | | | | | |
| 348  2 | 348  7 | Foundation/lack of personal knowledge (witness testified that he was unfamiliar with the document used). | These are objections to form which were not made during the deposition (relative to any of the questioning, any of the testimony, or the use of the document), and are thus waived relative to same.  Moreover, the foundation and personal knowledge is established by the prior testimony whereby the witness confirmed (in the context of his job as Director of Regulatory Affairs) his extensive knowledge of the McKesson Controlled Substance Monitoring Program and strong belief that customers should not be told about their thresholds.  *See e.g.*, Dep. at 322:4-18 (was very familiar with the overall policy which included the threshold warning), 325:10-20 (customers should not be told about their thresholds because "[t]hat would mean that they would start gaming the thresholds"), 347:2-9 ("I didn't want the customers to know what their thresholds were").  The foundation is further established by the exhibit itself which is a McKesson email showing a direct contradiction of these practices.  *See also*, Dep. Exh. 638.  Accordingly, there was proper foundation and the questioning was appropriate even if the witness was not familiar with the document, as such lack of notice and/or knowledge is itself consequential since the witness should have known as Director of Regulatory Affairs and it evidences deficiencies with the policy and/or communication regarding same, and it also goes to the witness's competence and/or credibility. | | | | | | | | | |
| 348  14 | 348  22 | Foundation/lack of personal knowledge (witness testified that he was unfamiliar with the document used). | Same response as above, including the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 349  2 | 349  5 | Foundation/lack of personal knowledge (witness testified that he was unfamiliar with the document used).

402/403 (geographic scope: testimony relates to retail national account (Marc's Pharmacy) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | Same response as above (provided for 348:2-7), with the exception of the waiver of objections to lack of foundation/personal knowledge.  As for the 402/403 (geographic scope) objection to 270:7-24, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10.  In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection.  *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, threshold warnings to customers, threshold increases for customers, etc.), apply to Cabell/Huntington. Moreover, the conduct at issue is consistent with McKesson's national policy on threshold warnings. *See e.g.*, Dep. Exh. 512 at p. 8 (Para. "2.1 Threshold Warning"); Dep. Exh. 646 (6/22/2011 internal McKesson email to the witness, stating in pertinent part: "Once they hit a certain threshold Service first will calland let them know that they are at a certain percent and ask them if they need and increase, and why"); Dep. Exh. 616 (2010 McKesson policy regarding the threshold warning calls to customers). | | | | | | | | | |
| 349  8 | 349  25 | Foundation/lack of personal knowledge (witness testified that he was unfamiliar with the document used).

402/403 (geographic scope: testimony relates to retail national account (Marc's Pharmacy) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | Same response as above (provided for 348:2-7 and 349:2-5), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 352  5 | 352  7 | Foundation/lack of personal knowledge (witness testified that he was unfamiliar with the document used).

402/403 (geographic scope: testimony relates to retail national account (Marc's Pharmacy) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | Same response as above (provided for 348:2-7 and 349:2-5), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 352  11 | 352  11 | Foundation/lack of personal knowledge (witness testified that he was unfamiliar with the document used).

402/403 (geographic scope: testimony relates to retail national account (Marc's Pharmacy) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | Same response as above (provided for 348:2-7 and 349:2-5), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 352  13 | 352  22 | Foundation/lack of personal knowledge (witness testified that he was unfamiliar with the document used).

402/403 (geographic scope: testimony relates to retail national account (Marc's Pharmacy) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | Same response as above (provided for 348:2-7 and 349:2-5), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 352  25 | 354  12 | Foundation/lack of personal knowledge (witness testified that he was unfamiliar with the document used).

402/403 (geographic scope: testimony relates to retail national account (Marc's Pharmacy) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | Same response as above (provided for 348:2-7 and 349:2-5), including that McKesson waived its objections to lack of foundation/personal knowledge relative to 353:3-354:1. | | | | | | | | | |
| 354  14 | 354  15 | Foundation/lack of personal knowledge (witness testified that he was unfamiliar with the document used).

402/403 (geographic scope: testimony relates to retail national account (Marc's Pharmacy) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | Same response as above (provided for 348:2-7 and 349:2-5), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 15 of 20

| WITNESS NAME: | Gustin, David |
| DEPOSITION DATE: | 8/17/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 356 10 | 356 19 | Calls for speculation. | This is an objection to form which was not made during the deposition, and is thus waived. Moreover, the question properly sought the witness's understanding and/or perspective regarding the company's goal with respect to setting and maintaining thresholds. Further, Mr. Gustin was an appropriate witness to answer the question based on his background, experience and job responsibilities during his 21-year career at McKesson, including his role as Director of Regulatory Affairs during the time period in question, and based on his familiarity with thresholds and warning customers. *See e.g.*, Dep. at 322:4-18 (was very familiar with the overall policy which included the threshold warning), 330:15-24 (familiar with McKesson setting up a phone center to call and warn customers about approaching thresholds), 332:1-8 (same), 334:7 (same), 347:2-9 ("I didn't want the customers to know what their thresholds were"). | | | | | | | | |
| 377 8 | 378 5 | | n/a | | | | | | | | |
| 378 19 | 379 24 | | n/a | | | | | | | | |
| 380 2 | 380 24 | Foundation/lack of personal knowledge. | These are objections to form which were not made during the deposition for 380:2-19, and are thus waived relative to same. Moreover, the foundation is provided by the settlement agreement at issue, which required that McKesson set and maintain thresholds, and which has been admitted into evidence. *See* P-23733 (2008 settlement); 5/24/2021 Trial Tr. at 82:8-88:17. Further, the witness confirmed this information (*see* Dep. at 380:2-19), and he was in a position to do so since he received training and a presentation on what was expected of McKesson relative to same. *See* Dep. at 320:2-12 ("the parts that we needed to see referencing our jobs as DRAs were talked about and shown there"). | | | | | | | | |
| 381 1 | 381 4 | Foundation/lack of personal knowledge. | Same response as above, with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | |
| 381 10 | 383 1 | Foundation/lack of personal knowledge (no foundation laid that witness is familiar with the document used). | These are objections to form which were not made during the deposition for use of the documentor for the designations at 381:10-382:20, and are waived relative to same. Moreover, the foundation is provided by the document itself, which has been admitted into evidence. *See* MC-WV-397: 5/25/2021 Trial Tr. at 110:14-24. Further, the witness previously confirmed the underlying substantive information (*see* Dep. at 380:2-19), and that he received training and a presentation on what was expected of McKesson relative to thresholds. *See* Dep. at 320:2-12 ("the parts that we needed to see referencing our jobs as DRAs were talked about and shown there"). | | | | | | | | |
| 383 4 | 383 15 | Foundation/lack of personal knowledge (no foundation laid that witness is familiar with the document used). | Same response as above, including that McKesson waived its objections to lack of foundation/personal knowledge relative to 383:7-15. | | | | | | | | |
| 383 19 | 384 14 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | As for the 402/403 (geographic scope) objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/8/2021 Trial Tr. at 11:17-23 ("I'm going to overrule that objection for the reasons I overruled the similar objection yesterday during Mr. Rannazzisi's testimony. I think it -- it embraces the entire situation here with regard to McKesson, which would include the geographic area issue here."). The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including threshold warnings to customers, threshold increases for customers, etc.), apply similarly to Cabell/Huntington. Moreover, the conduct at issue is consistent with McKesson's national policy on threshold warnings. *See e.g.*, Dep. Exh. 512 at p. 8 (Para. "2.1 Threshold Warning"); Dep. Exh. 646 (6/22/2011 internal McKesson email to the witness, stating in pertinent part: "Once they hit a certain threshold Service first will calland let them know that they are at a certain percent and ask them if they need and increase, and why"). | | | | | | | | |
| 385 6 | 386 22 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | The 402/403 (geographic scope) objection is not supported. This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including threshold warnings to customers, threshold increases for customers, etc.), apply similarly to Cabell/Huntington. Moreover, the conduct at issue is consistent with McKesson's national policy on threshold warnings. *See e.g.*, Dep. Exh. 512 at p. 8 (Para. "2.1 Threshold Warning"); Dep. Exh. 646 (6/22/2011 internal McKesson email to the witness, stating in pertinent part: "Once they hit a certain threshold Service first will calland let them know that they are at a certain percent and ask them if they need and increase, and why"). | | | | | | | | |
| 387 1 | 387 6 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction). | Same response as above. | | | | | | | | |
| 387 11 | 388 21 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); calls for a legal conclusion (388:11-21). | Same response as above. | | | | | | | | |
| 388 25 | 389 13 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above. | | | | | | | | |
| 391 2 | 391 9 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); calls for speculation. | Same response as above. | | | | | | | | |
| 391 20 | 392 12 | Assumes facts not in evidence (392:6-12); foundation/lack of personal knowledge (392:6-12). | These facts were established, and in fact, Defendants were ordered to produce the documentation at issue (due diligence files). *See e.g.*, 11/21/2018 Order (Doc. No. 1147), at p. 1, ¶1. | | | | | | | | |
| 392 14 | 393 7 | Assumes facts not in evidence (392:14); foundation/lack of personal knowledge (392:14). | Same response as above. | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 16 of 20

| WITNESS NAME: | Gustin, David | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 8/17/2018 | | | | | | | | | | | |
| *AFFIRMATIVE DEPOSITION DESIGNATIONS* | | | | *COUNTER DESIGNATIONS * Pink = Completeness Designation* | | | | *REPLY DESIGNATIONS * Pink = Completeness Designation* | | | | |
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | |
| 393 18 | 396 8 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); calls for speculation (395:9-22); foundation/lack of personal knowledge (395:9-22). | As for the 402/403 (geographic scope) objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including threshold warnings to customers, threshold increases for customers, etc.), apply similarly to Cabell/Huntington. Moreover, the conduct at issue is consistent with and/or implicates McKesson's national policies on threshold warnings and threshold changes. *See e.g.*, Dep. Exh. 512 at pp. 5-7 (Para. "1.3 Threshold Change Requests"), p. 8 (Para. "2.1 Threshold Warning"). As for the objections to speculation and lack of foundation/personal knowledge, these are objections to form which were not made during the deposition, and are thus waived. Moreover, these objections are not supported as the questioning and testimony addresses the email chain from/to the witness (as well as the McKesson due diligence for the witness's national chain customer), and his knowledge, understanding and/or perspective regarding same. *See* Dep. Exh. 666 at pp. 3-4; Dep. at 393:19-22. Further, it was the witness's job to know this information and to the extent he did not, that itself is consequential, and goes to problems with McKesson's training, policies, and/or communication, as well as the witness's work competence and/or credibility. | | | | | | | | | |
| 398 19 | 399 2 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge (399:1-2). | Same response as above, inclduing waiver of the objections to lack of foundation/personal knowledge relative to 398:19-25. | | | | | | | | | |
| 399 5 | 399 6 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above (provided for 393:18-396:8), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 399 10 | 399 10 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above (provided for 393:18-396:8), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 399 15 | 399 17 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above (provided for 393:18-396:8), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 399 19 | 399 24 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above (provided for 393:18-396:8), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | | |
| 400 2 | 400 12 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | With respect to the 402/403 (geographic scope) objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including threshold warnings to customers, threshold increases for customers, etc.), apply similarly to Cabell/Huntington. Moreover, the information at issue implicates McKesson's national policies on threshold warnings and/or increases. *See e.g.*, Dep. Exh. 512 at pp. 5-7 (Para. "1.3 Threshold Change Requests"), p. 8 (Para. "2.1 Threshold Warning"). The objections to speculation and lack of foundation/personal knowledge are not supported, as the questioning and testimony addresses the email chain from/to the witness, and his knowledge, understanding and/or perspective regarding same (which involves his national chain customer). *See* Dep. Exh. 666 at pp. 3-4; Dep. at 393:19-22. Further, it was the witness's job to know this information and to the extent he did not, that itself is consequential, and goes to problems with McKesson's training, policies, and/or communication, as well as the witness's work competence and/or credibility. | | | | | | | | | |
| 400 14 | 400 23 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above. | | | | | | | | | |
| 401 2 | 401 2 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above (provided for 400:2-12). | | | | | | | | | |
| 401 5 | 401 5 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above (provided for 400:2-12). | | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 17 of 20

| WITNESS NAME: | Gustin, David |
|---|---|
| DEPOSITION DATE: | 8/17/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | |
| 401 8 | 401 14 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above (provided for 400:2-12). | | | | | | | | | | | |
| 401 16 | 401 24 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge. | Same response as above (provided for 400:2-12). | | | | | | | | | | | |
| 402 2 | 402 10 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge; assumes facts not in evidence; argumentative. | Same response as above (provided for 400:2-12). Also, the objections to assuming facts and argumentative questioning are not supported. The questioning quotes the witness's statement in his email. *See* Dep. Exh. 666 at p. 4 ("I need a reason to go in and bump all those stores thresholds"). And, the question accurately reflects that the thresholds were approved anyway (as stated by the witness in his email), without a substantive reason. *Id*. at p. 3 ("Reason RNA reasonable request for a small increase"). Further, to the extent that any alleged argument is found, the Court can properly consider, account for, and/or weigh same in this bench trial. | | | | | | | | | | | |
| 402 13 | 402 14 | 402/403 (geographic scope: testimony relates to retail national account (Giant Eagle) that does not operate in Huntington or Cabell and has no nexus to the jurisdiction); foundation/lack of personal knowledge; assumes facts not in evidence; argumentative. | Same response as above. | | | | | | | | | | | |
| 402 18 | 404 5 | 402/403 (geographic scope: testimony relates to retail national accounts, with no evidence that they ever operated in Huntington or Cabell and had a nexus to the jurisdiction); calls for speculation (403:25-404:5). | As for the 402/403 (geographic scope) objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including threshold warnings to customers, threshold increases for customers, etc.), apply similarly to Cabell/Huntington. Moreover, the information at issue implicates McKesson's national policies and/or conduct on threshold warnings and threshold changes. *See e.g.*, Dep. Exh. 512 at pp. 5-7 (Para. "1.3 Threshold Change Requests"), p. 8 (Para. "2.1 Threshold Warning"). As for the objection to speculation, this is an objection to form which was not made during the deposition, and is thus waived. Moreover, the speculation objection is not supported as the questioning and testimony addresses the email chain from/to the witness (as well as thresholds and threshold changes the witness's "various National accts"), and his knowledge, understanding and/or perspective regarding same. *See* Dep. Exh. 639 at p. 4; Dep. at 403:11-24. Further, the witness was directly involved with this matter, the information addresses his emails, and it was his job to know this information. So, to the extent he did not remember, that itself is also consequential, and goes to the witness's work competence and/or credibility. | | | | | | | | | | | |
| 405 3 | 407 2 | 402/403 (geographic scope: testimony relates to retail national accounts, with no evidence that they ever operated in Huntington or Cabell and had a nexus to the jurisdiction). | The Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including threshold warnings to customers, threshold increases for customers, etc.), apply similarly to Cabell/Huntington. Moreover, the information at issue implicates McKesson's national policies and/or conduct on threshold warnings and threshold changes. *See e.g.*, Dep. Exh. 512 at pp. 5-7 (Para. "1.3 Threshold Change Requests"), p. 8 (Para. "2.1 Threshold Warning"). | | | | | | | | | | | |
| 407 18 | 407 22 | 402/403 (geographic scope: testimony relates to retail national accounts, with no evidence that they ever operated in Huntington or Cabell and had a nexus to the jurisdiction). | Same response as above. | | | | | | | | | | | |
| 414 6 | 415 6 | | n/a | | | | | | | | | | | |
| 415 10 | 416 18 | | n/a | | | | | | | | | | | |
| 416 22 | 418 1 | 402/403 (geographic scope: testimony relates to an individual pharmacy in Michigan with no nexus to Huntington or Cabell). | The Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." *See* ECF 1297, at 10. In fact, the Court has previously overruled McKesson's out-of-state relevance/geographic scope objection. *See e.g.*, 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including threshold warnings to customers, threshold increases for customers, etc.), apply similarly to Cabell/Huntington. Moreover, the information at issue implicates McKesson's national policies and/or conduct on threshold warnings and threshold changes. *See* e.g., Dep. Exh. 512 at pp. 5-7 (Para. "1.3 Threshold Change Requests"), p. 8 (Para. "2.1 Threshold Warning"). *See also*, Dep. Exh. 664 (regarding the questioning at issue, including 100+ different threshold increases merely for "business growth"). Further, this directly relates to the witness's prior testimony. *See* Dep. at 414:6-20. | | | | | | | | | | | |
| 418 5 | 418 17 | 402/403 (geographic scope: testimony relates to individual pharmacies with no nexus to Huntington or Cabell). | Same response as above. | | | | | | | | | | | |
| 418 21 | 418 25 | 402/403 (geographic scope: testimony relates to individual pharmacies with no nexus to Huntington or Cabell). | Same response as above (provided for 416:22-418:1). | | | | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 18 of 20

| WITNESS NAME: | Gustin, David | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 8/17/2018 | | | | | | | | | | |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 422:19 | 423:17 | 402/403 (geographic scope: testimony relates to individual pharmacy in Missouri with no nexus to Huntington or Cabell); foundation/lack of personal knowledge. | As for the 402/403 (geographic scope) objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including threshold warnings to customers, threshold increases for customers, etc.), apply similarly to Cabell/Huntington. Moreover, the information at issue implicates McKesson's national policies and/or conduct on threshold warnings and threshold changes. See e.g., Dep. Exh. 512 at pp. 5-7 (Para. "1.3 Threshold Change Requests"), p. 8 (Para. "2.1 Threshold Warning"). As for the objections to lack of foundation/personal knowledge, these are objections to form which were not made during the deposition for 422:19-423:13, and are thus waived relative to same. Moreover, these objections are not supported as the questioning and testimony addresses thresholds and threshold changes for the witness's customers, and his knowledge, understanding and/or perspective regarding same. See Dep. Exh. 639 at p. 4; Dep. at 403:11-24. Further, it was the witness's job to know this information. So, to the extent he did not know or remember, that itself is also consequential and evidences problems with McKesson's policies, training and/or communications, and/or goes to the witness's work competence and/or credibility. | | | | | | | | |
| 423:21 | 425:11 | 402/403 (geographic scope: testimony relates to individual pharmacies in Missouri with no nexus to Huntington or Cabell); foundation/lack of personal knowledge. | Same response as above, inclduing waiver of the objections to lack of foundation/personal knowledge relative to 424:2-425:11. | | | | | | | | |
| 427:7 | 427:19 | | n/a | | | | | | | | |
| 427:22 | 427:23 | | n/a | | | | | | | | |
| 428:10 | 429:10 | | n/a | | | | | | | | |
| 429:14 | 429:17 | | n/a | | | | | | | | |
| 429:23 | 430:7 | Vague as to time period. | This is an objection to form which was not made during the deposition, and is thus waived. Moreover, the question at issue is asked to initially establish that the conduct at issue (McKesson Retail Sales Managers doing level 1 investigations) was occurring at all, and in further questioning the time period is further specified as during the 2010 time-frame. See Dep. at 430:11-432:6; Dep. Exh. 549 at p. 1. Also, the witness understood the question and answered without any difficulty or confusion relative to the time period. Further, even if any alleged vagueness is found, the Court can properly consider, account for, and/or weigh same in this bench trial. | | | | | | | | |
| 430:11 | 432:6 | Vague as to time period (431:23-432:6). | This is an objection to form which was not made during the deposition, and is thus waived. Moreover, the time period is provided in the exhibit being discussed, which is a March 2010 email from the witness himself. See Dep. Exh. 549 at p. 1. Also, the witness understood the question and answered without any difficulty or confusion relative to the time period. Further, even if any alleged vagueness is found, the Court can properly consider, account for, and/or weigh same in this bench trial. | | | | | | | | |
| 432:23 | 433:7 | Vague as to time period (433:4-7); foundation/lack of personal knowledge (433:4-7). | The objections to vagueness and lack of foundation/personal knowledge are not supported. First, the information (about sales reps and income) has already been established and is in evidence. From at least 2005 until 2012 McKesson sales representatives were paid commissions based on sales, and could double their income from same. See 5/25/2021 Trial Tr. at 201:17-204:3, 204:16-20, 210:1-10. In fact, if McKesson's regulatory department did not approve a prospective customer due to controlled substance concerns, then the sales reps "don't get a bonus for a new customer". Id. at 212:22-25. Second, the time-frame is irrelevant, as the question was preliminarily asked to determine if the witness was aware of this fact at any time or time period, and more specific timer periods were detailed in subsequent questions as appropriate. See e.g., Dep. at 434:15-19, 435:17-25. Third, as McKesson's Director of Regulatory Affairs, the witness had the required knowledge, experience and job responsibilities to warrant the question. Id. at 18:16-19:3. Further, it was the witness's job to know this information and to the extent he did not, that itself is consequential, and goes to problems with McKesson's training, policies, and/or communication, as well as the witness's work competence and/or credibility. Also, the witness understood the question and was able to answer without difficulty or confusion relative to the form of the question. To the extent that any alleged issues are found, the Court can properly consider, account for and/or weigh same in this bench trial. | | | | | | | | |
| 433:10 | 433:13 | Vague as to time period; foundation/lack of personal knowledge. | Same response as above. | | | | | | | | |
| 434:8 | 434:19 | Foundation/lack of personal knowledge; assumes facts not in evidence. | These are all objections to form which were not made during the deposition for 434:8-14, and are thus waived relative to same. Moreover, these facts (that sales reps can double their income with sales commissions, including sales of opioids) have been established and are already in evidence. See e.g., 5/25/2021 Trial Tr. at 201:17-204:3, 204:16-20, 210:1-10, 212:22-25; N. Hartle 8/1/2018 (fact) deposition at 137:20-139:18. Further, as McKesson's Director of Regulatory Affairs, the witness had the required knowledge, experience and job responsibilities to warrant the question. See Dep. at 18:16-19:3. Further, it was the witness's job to know this information and to the extent he did not, that itself is consequential, and goes to problems with McKesson's training, policies, and/or communication, as well as the witness's work competence and/or credibility. Also, the witness understood the question and was able to answer without difficulty or confusion relative to the form of the question. To the extent that any alleged issues are found, the Court can properly consider, account for and/or weigh same in this bench trial. | | | | | | | | |
| 434:23 | 435:6 | Foundation/lack of personal knowledge; assumes facts not in evidence. | Same response as above, including waiver of all these objections (which are objections to form). | | | | | | | | |
| 435:17 | 436:4 | Foundation/lack of personal knowledge; assumes facts not in evidence. | Same response as above (provided for 434:8-19), with the exception of the waiver of objections. | | | | | | | | |
| 436:7 | 436:17 | Foundation/lack of personal knowledge (436:7); assumes facts not in evidence (436:7). | Same response as above (provided for 434:8-19), with the exception of the waiver of objections. | | | | | | | | |
| 438:18 | 439:9 | 402/403 (geographic scope: testimony relates to individual pharmacy in Wisconsin with no nexus to Huntington or Cabell); foundation/lack of personal knowledge. | With respect to the 402/403 (geographic scope) objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including McKesson salespeople participating in regulatory review of customers), apply similarly to Cabell/Huntington. Moreover, the information at issue implicates McKesson's national policies on regulatory compliance, and customer reviews (e.g., Level I questionnaires) being conducted by salespeople regarding same. See e.g., Dep. Exh. 512 at p. 8 (Para. "2.2.1 Level 1 Review - RNA Customer"), p. 9 (Para. "2.2.2.1 Level 1 Exception/No-Call List"); 5/25/2021 Trial Tr. at 217:18-20 ("that's when we [sales] did the Level I questionnaire. And, and in the beginning it had us doing it -- the sales folks doing the Level I."); Dep. Exh. 579 at p. 2. The objections to lack of foundation/personal knowledge are objections to form which were not made during the deposition for 438:18-439:6, and are thus waived relative to same. Moreover, as McKesson's Director of Regulatory Affairs, the witness had the required knowledge, experience and job responsibilities to warrant the question. See Dep. at 18:16-19:3; Dep. Exh. 579 (3/17/2010 email from the witness to salespeople and others he supervised in his region, which included West Virginia) at p. 2 ("The responsibility for the DC or sales partner is to contact the customer, ask the questions that are on the Level 1 Observation form and then react accordingly . . . In any case we need an accurate reason for why the acct tried to order more than their THD permits, whether they want an increase or not."). Further, it was the witness's job to know this information and to the extent he did not, that itself is consequential, and goes to problems with McKesson's training, policies, and/or communication, as well as the witness's work competence and/or credibility. Also, the witness understood the question and was able to answer without difficulty or confusion relative to the form of the question. | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 19 of 20

| WITNESS NAME: | Gustin, David |
| DEPOSITION DATE: | 8/17/2018 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS * Pink = Completeness Designation | | | | REPLY DESIGNATIONS * Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 439:21 | 440:5 | 402/403 (geographic scope: testimony relates to individual pharmacy in Wisconsin with no nexus to Huntington or Cabell); foundation/lack of personal knowledge. | Same response as above, in addition to waiver of the objections to lack of foundation/personal knowledge relative to 439:21-440:5. | | | | | | | | |
| 440:19 | 441:20 | 402/403 (geographic scope (440:19-441:12): testimony relates to individual pharmacy in Wisconsin with no nexus to Huntington or Cabell); foundation/lack of personal knowledge. | Same response as above (provided for 438:18-439:9), in addition to waiver of the objections to lack of foundation/personal knowledge relative to 440:19-441:12. | | | | | | | | |
| 441:23 | 442:3 | Foundation/lack of personal knowledge. | Same response as above (provided for 438:18-439:9), with the exception of the waiver of objections to lack of foundation/personal knowledge. | | | | | | | | |
| 442:7 | 442:13 | Foundation/lack of personal knowledge. | These are objections to form which were not made during the deposition, and are thus waived. Moreover, as McKesson's Director of Regulatory Affairs, the witness had the required knowledge, experience and job responsibilities to warrant the question. See Dep. at 18:16-19:3; Dep. Exh. 579 (3/17/2010 email from the witness to salespeople and others he supervised in his region, which included West Virginia) at p. 2 ("The responsibility for the DC or sales partner is to contact the customer, ask the questions that are on the Level 1 Observation form and then react accordingly . . . In any case we need an accurate reason for why the acct tried to order more than their THD permits, whether they want an increase or not."). Further, it was the witness's job to know this information and to the extent he did not, that itself is consequential, and goes to problems with McKesson's training, policies, and/or communication, as well as the witness's work competence and/or credibility. Also, the witness understood the question and was able to answer without difficulty or confusion relative to the form of the quesiton. | | | | | | | | |
| 442:22 | 443:10 | Foundation/lack of personal knowledge. | Same response as above (provided for 442:7-442:13), in addition to waiver of the objections to lack of foundation/personal knowledge relative to 442:22-443:8. | | | | | | | | |
| 443:12 | 444:4 | Calls for speculation (443:22-444:4) | The objection to speculation is not supported. As McKesson's Director of Regulatory Affairs, the witness had the required knowledge, experience and job responsibilities to warrant the question. See Dep. at 18:16-19:3; Dep. Exh. 579 (3/17/2010 email from the witness to salespeople and others he supervised in his region, which included West Virginia) at p. 2 ("The responsibility for the DC or sales partner is to contact the customer, ask the questions that are on the Level 1 Observation form and then react accordingly . . . In any case we need an accurate reason for why the acct tried to order more than their THD permits, whether they want an increase or not."). Further, it was the witness's job to know this information and to the extent he did not, that itself is consequential, and goes to problems with McKesson's training, policies, and/or communication, as well as the witness's work competence and/or credibility. Also, the witness understood the question and was able to answer without difficulty or confusion relative to the form of the question. | | | | | | | | |
| 444:7 | 444:8 | Calls for speculation. | Same response as above. | | | | | | | | |
| 444:10 | 444:11 | | n/a | | | | | | | | |
| 444:24 | 445:8 | | n/a | | | | | | | | |
| 445:17 | 446:13 | | n/a | | | | | | | | |
| 447:15 | 448:12 | Foundation/lack of personal knowledge (446:5-13); assumes facts not in evidence (446:5-13). | The objections to lack of foundation/personal knowledge and assuming facts are objections to form which were not made during the deposition for 446:5-13, and are thus waived relative to same. Also, the foundation is provided by the email itself, which was written by the witness and which contains the information at issue. See Dep. Exh. 579 (3/17/2010 email from the witness to salespeople and others he supervised in his region, which included West Virginia) at p. 2 (""If you look at a report and the last column or two are empty (see red below) it means the acct was omitted because that particular acct number does not have a CSMP REGULATORY DC and/or FAMILY TYPE assigned. This usually happens when either a new acct is activated and the ORA (me) is not informed to load the CSMP data OR when an EDI is added but again I am not informed so I can load the acct number for CSMP . . . Nearly every DC has had this happen more than once."). | | | | | | | | |
| 448:16 | 448:25 | Foundation/lack of personal knowledge (witness testifies that he is unfamiliar with document used); cumulative of testimony already in evidence through Michael Oriente. | The objections to lack of foundation/personal knowledge are objections to form which were not made during the deposition for 448:16-25, and are thus waived relative to same. Also, the STARS audit at issue has been admitted into evidence and itself provides the foundaiton. See P-00115; 5/24/2021 Trial Tr. at 192:13-18. Moreover, as McKesson's Director of Regulatory Affairs, the witness had the knowledge, experience and job responsibilities sufficient to warrant the questioning about the McKesson audit. As confirmed by the witness's testimony, he was involved with McKesson's STARS audits. See Dep. at 240:19-242:3, 448:16-19. See also, Dep. Exh. 194 at p. 3 ("Different aspects of doing the job ..... Dave Gustin DRA NC 2008-2013 . . . Stars audits-comprised 5 weeks a year of my time"). Also, while some of this evidence was admitted with the testimony of Mr. Oriente, the testimony from Mr. Gustin provides additional evidence and it is from a different perspective within McKesson. Further, to the extent that any information is found to be cumulative, this Court can properly consider, account for, and/or weigh same in this bench trial. | | | | | | | | |
| 449:24 | 450:9 | Foundation/lack of personal knowledge (witness testifies that he is unfamiliar with document used); cumulative of testimony already in evidence through Michael Oriente; 403/403 (geographic scope: relates to a distribution center other than the Washington Courthouse distribution center that served Huntington and Cabell). | Same response as above (provided for 448:16-25), with the exception with the exception of the waiver of objections. With respect to the 403 (geographic scope) objection, this Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. In fact, the Court has previously overruled Defendants' out-of-state relevance/geographic scope objection. See e.g., 5/24/2021 Trial Tr. at 83:8-84:14; 6/7/2021 Trial Tr. at 203:16-22; 6/8/2021 Trial Tr. at 11:17-23. The information at issue is consistent with same. The witness's/ McKesson's notice, knowledge, understanding and/or state of mind regarding these matters (e.g., systemic issues with the nationwide policies/procedures, including McKesson salespeople participating in regulatory review of customers), apply similarly to Cabell/Huntington. Moreover, the information at issue implicates McKesson's national policies on regulatory compliance, and customer reviews (e.g., Level I questionnaires) being conducted by salespeople regarding same. See e.g., Dep. Exh. 512 at p. 8 (Para. "2.2.1 Level 1 Review - RNA Customer"), p. 9 (Para. "2.2.2.1 Level 1 Exception/No-Call List"); 5/25/2021 Trial Tr. at 217:18-20 ("that's when we [sales] did the Level I questionnaire. And, and in the beginning it had us doing it -- the sales folks doing the Level I."); Dep. Exh. 579 at p. 2. In addition to the above, the questioning and audit at issue dealt with distribution centers (Landover, New Castle, and Washington Court House) which serviced Cabell County and West Virginia. See P-13736A; 5/25/2021 Trial Tr. at 21:24-23:2. | | | | | | | | |
| 450:12 | 451:6 | Foundation/lack of personal knowledge (witness testifies that he is unfamiliar with document used); cumulative of testimony already in evidence through Michael Oriente; 403/403 (geographic scope (450:12-13): relates to a distribution center other than the Washington Courthouse distribution center that served Huntington and Cabell). | Same response as above. Also, the questioning at issue involves the audit results for McKesson's New Castle distribution center, which (in addition to the Landover and Washington Court House distribution centers) serviced West Virginia and Cabell County. See P-13736A; 5/25/2021 Trial Tr. at 22:18-23:2 ("New Castle is also in that portion of West Virginia"). | | | | | | | | |
| 451:9 | 452:23 | Foundation/lack of personal knowledge (451:8-9) (witness testifies that he is unfamiliar with document used); cumulative of testimony already in evidence through Michael Oriente (451:8-9)<br><br>Misstates the document (451:25-452:23). | Same response as above (provided for 449:24-450:9), in addition to waiver of the objections to lack of foundation/personal knowledge relative to 451:8-9, and waiver of the objection to misstating the document relative to 451:25-452:23. Moreover, the document is properly represented in the questioning. In fact, the questioning primarily consists of quoting the document and the witness' answers confirm the accuracy. See Dep. at 451: 21-452:23. Further, even if any minor misstatement is made, the Court can properly consider, account for, and/or weigh same in this bench trial. | | | | | | | | |

2021-06-24_Gustin, David_Plts' Responses to CCounter Objs_8-17-2018 Dep.

Page 20 of 20