| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |
| Cells appearing in white = Plaintiffs' Designations | |
| Cells appearing in blue = McKesson's Completeness Designations | |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 15 | 14 | 15 | 24 | n/a | n/a |
| 16 | 9 | 16 | 12 | n/a | n/a |
| 16 | 16 | 17 | 3 | n/a | n/a |
| 17 | 5 | 17 | 5 | n/a | n/a |
| 17 | 6 | 17 | 25 | n/a | n/a |
| 32 | 19 | 32 | 21 | n/a | n/a |
| 32 | 23 | 33 | 3 | n/a | n/a |
| 33 | 14 | 33 | 22 | n/a | n/a |
| 33 | 24 | 33 | 25 | n/a | n/a |
| 35 | 15 | 36 | 3 | n/a | n/a |
| 36 | 14 | 36 | 18 | Calls for a legal conclusion.  Using the phrase "does McKesson acknowledge that …" or similar phrasing does not morph the question into one of fact.  The fact that a lay witness may be familiar with the existence of a law does not qualify that witness to testify as to legal conclusions.  Moreover, the Fourth Circuit has ruled that questions seeking a legal conclusion are "beyond the scope of a proper [Rule] 30(b)(6) deposition." See United States v. Ancient Coin Collectors Guild, 899 F.3d 295, 324 (4th Cir. 2018). | LG (Legal Conclusion) is not applicable as: a) the testimony involves factual information regarding McKesson's knowledge and/or notice of applicable regulations (its "reporting" requirement), b) knowledge and/or notice of regulatory obligations are not legal conclusions, c) the witness was familiar with the publication at issue (*see* testimony at 32:33-33:3), d) the publication was made in the Federal Register to provide the precise notice and knowledge about which the witness is being questioned (*see* 80 Fed. Reg. 55418 ), and e) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (d) "Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)"; topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence"). Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris v. Goins* , No. 6: 15-151-DCR, 2017 WL 4080692, *2 (E.D. Ky. Sep. 14, 2017) ("Rule 30(b)(6) does not limit what can be asked at a deposition") (citing *King v. Pratt & Whitney, a Div. of United Technologies Corp* ., 161 F.R.D. 475, 476 (S.D. Fla. 1995)). |
| 36 | 20 | 36 | 22 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 36 | 24 | 37 | 2 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 37 | 4 | 37 | 4 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 37 | 19 | 37 | 25 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |
| Cells appearing in white = Plaintiffs' Designations | |
| Cells appearing in blue = McKesson's Completeness Designations | |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 38 | 5 | 38 | 17 | The question calls for the witness to make a legal conclusion. The use of the phrase "does McKesson acknowledge that …" or similar phrasing prior to reciting a statement of law does not morph the question into one of fact.  The fact that a lay witness may be familiar with the existence of a law does not qualify that witness to testify as to legal conclusions, which is a question reserved for the Court.  Moreover, the Fourth Circuit has ruled that questions seeking a legal conclusion are "beyond the scope of a proper [Rule] 30(b)(6) deposition." See United States v. Ancient Coin Collectors Guild, 899 F.3d 295, 324 (4th Cir. 2018). | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's knowledge and/or notice of applicable regulations (its "shipping" requirement), b) knowledge and/or notice of regulatory obligations are not legal conclusions, c) the witness was familiar with the publication at issue (see testimony at 32:33-33:3), d) the publication was made in the Federal Register to provide the notice and knowledge about which the witness is being questioned (see 80 Fed. Reg. 55418 ), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704. See also, Martin v. Bimbo Foods Bakeries Distribution, LLC , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (d) "Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)"; topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; and topic (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris , 2017 WL 4080692, *2. |
| 38 | 19 | 38 | 19 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 38 | 24 | 38 | 25 | n/a | n/a |
| 39 | 5 | 39 | 5 | n/a | n/a |
| 39 | 19 | 40 | 8 | n/a | n/a |
| 40 | 10 | 40 | 10 | n/a | n/a |
| 40 | 12 | 40 | 19 | n/a | n/a |
| 40 | 21 | 40 | 21 | n/a | n/a |
| 40 | 23 | 41 | 14 | n/a | n/a |
| 41 | 16 | 41 | 16 | n/a | n/a |
| 41 | 18 | 42 | 3 | n/a | n/a |
| 42 | 5 | 42 | 5 | n/a | n/a |
| 42 | 23 | 43 | 12 | n/a | n/a |
| 43 | 14 | 43 | 17 | n/a | n/a |
| 43 | 19 | 44 | 3 | n/a | n/a |
| 44 | 5 | 44 | 5 | n/a | n/a |
| 45 | 8 | 47 | 2 | n/a | n/a |
| 47 | 4 | 47 | 4 | n/a | n/a |
| 47 | 6 | 47 | 11 | n/a | n/a |
| 47 | 13 | 47 | 13 | n/a | n/a |
| 47 | 15 | 47 | 22 | n/a | n/a |
| 47 | 24 | 47 | 25 | n/a | n/a |
| 48 | 10 | 48 | 13 | n/a | n/a |
| 49 | 15 | 49 | 24 | n/a | n/a |
| 50 | 1 | 50 | 1 | n/a | n/a |
| 50 | 3 | 50 | 7 | n/a | n/a |
| 50 | 8 | 50 | 11 | n/a | n/a |
| 50 | 13 | 50 | 14 | n/a | n/a |
| 50 | 19 | 50 | 21 | n/a | n/a |
| 50 | 22 | 51 | 3 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION DATE | 7/31/2018 |
| Cells appearing in white = Plaintiffs' Designations | |
| Cells appearing in blue = McKesson's Completeness Designations | |

| Page/Line Begin | Page/Line End | | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 51 | 4 | 51 | 9 | Question calls for speculation and solicits improper expert opinion from a lay witness about a purported casual relationship between "unlawful distribution" and "health and welfare" which is in dispute in this case.  In addition, the question is outside the scope of the deposition topics for which Mr. Hartle was identified, all of which focused on McKesson's suspicious order monitoring program, not on issues on the impact of drug use or diversion on health outcomes. | E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's knowledge and/or notice of applicable regulations.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address impact of drug abuse); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed, among other things, impact of drug abuse).  *See e.g.* , Hartle 7/31/2018 Dep. Exs. 12, 16, 18, 29, 42, 43.  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2.

S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. The testimony does not indicate that the witness is guessing or speculating.  In fact, McKesson has produced and given PowerPoint presentations surrounding the topic (*see e.g.* , Hartle 7/31/2018 Dep. Exs. 18, 29, 42, 43), and as tetified, McKesson affirmatively agreed with the information at issue. |
| 51 | 11 | 51 | 11 | The question soliciting this answer calls for speculation and improper expert opinion from a lay witness and is outside the scope of the deposition notice.  (See above.) | Same as above. |
| 52 | 12 | 52 | 25 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.)  In addition, **52:12-21** contains improper narrative by counsel that does not pose a questions, but instead makes statements about conclusions of law. | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's knowledge and/or notice of applicable regulations (i.e., obligations of distributors to maintain effective controls against diversion), b) knowledge and/or notice of regulatory obligations are not legal conclusions, c) the witness was familiar with the regulation at issue (as shown from the testimony), d) the regulation is publicly available, and/or ) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7, topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address impact of drug abuse); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed, among other things, the obligation at issue, *see e.g.* , Hartle 7/31/2018 Dep. Ex. 16), and (m) "Your past/present programs, policies and procedures relating to 'maintenance of effective controls against diversion' (21 USC§ 823)" (the very regulation at issue in the testimony).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2.

X (Improper Narrative) is inapplicable as this question tracks the U.S. Code.  To the extent it is not verbatim, there is no substantive change.  Using "McKesson" (which is a distributor) instead of the "distributor" does not change the meaning or substance. |
| 53 | 3 | 53 | 3 | Calls for legal conclusion; outside the scope. | With respect to LG & SC - same as above. |
| 53 | 10 | 53 | 24 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |
| Cells appearing in white = Plaintiffs' Designations | |
| Cells appearing in blue = McKesson's Completeness Designations | |

| Page/Line Begin | Page/Line End | | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 55 | 2 | 55 | 21 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) The question also seeks improper expert opinion from lay witness as it seeks to have the witness opine as to the intent and effect of the Controlled Substances act on the regulation of controlled substances in the United States. In addition, the question is based on hearsay and asks the witness to acknowledge the "truth" of the congressional finding, such that an argument that it is offered for a non-hearsay purpose such as notice is unfounded. | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of background and purpose underlying applicable regulations, b) knowledge and/or notice of the background and/or basis for regulatory obligations are not legal conclusions, c) the witness was familiar with the regulation at issue (as shown from the testimony), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). <br><br>SC (Outside Scope) is not supported. The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the regulation at issue); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the regulation at issue, *see e.g.* , Hartle 7/31/2018 Dep. Ex. 16, 18, 29. 42, 43); (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time". Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices. *Harris* , 2017 WL 4080692, *2. <br><br>E (Improper Expert Opinion) is not applicable. The substance of the testimony is not expert opinion. Rather, the testimony is about McKesson's knowledge and/or notice of the background and purpose of applicable regulations. Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. Also, even if considered an opinion, the testimony is admissible under FRE 701. <br><br>H (Hearsay) is inapplicable as this does not fit the definition of hearsay. Also, the testimony is not for the truth of the underlying matter, but rather for McKesson's notice, knowledge and/or acceptance of the Government's position regarding the regulation. Further, even if considered hearsay, it would fall under an exception to hearsay. FRE 803(8). |
| 55 | 23 | 55 | 23 | The question soliciting this answer calls for a legal conclusion, is outside the scope, calls for hearsay, and seeks improper legal opinion. | Same as above. |
| 56 | 24 | 57 | 2 | n/a | n/a |
| 57 | 4 | 57 | 5 | n/a | n/a |
| 57 | 7 | 57 | 14 | n/a | n/a |
| 57 | 16 | 57 | 17 | n/a | n/a |
| 58 | 18 | 59 | 5 | **Obj. to 59:03-59:05:** The questions asks the witness to speculate as to "what happens" if "you don't follow [the] law" without specifying the law or the nature of a purported violation. This question also seeks improper expert opinion on disputed issues as to the causes of diversion. Finally, the question is outside the scope of any noticed topics as it seeks testimony on the causes of drug diversion, not about McKesson's suspicious order monitoring program. | S (Speculation) is not applicable because the question seeks and the testimony provides McKesson's notice and/or understanding of the consequences of not following the CSA. Also, the witness was familiar with the regulation at issue (as shown from the testimony). <br><br>E (Improper Expert Opinion) is not applicable. The substance of the testimony is not expert opinion. Rather, the testimony is about McKesson's knowledge and/or notice of the consequences of violating (as well as background and purpose of) applicable regulations. Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. Also, even if considered an opinion, the testimony is admissible under FRE 701. <br><br>SC (Outside Scope) is not supported. The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the consequences of violating the regulations at issue. ); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the consequences of violating the regulations at issue, *see e.g.* , Hartle 7/31/2018 Dep. Exs. 16, 18, 29, 42, 43). Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices. *Harris* , 2017 WL 4080692, *2. |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |
| Cells appearing in white = Plaintiffs' Designations | |
| Cells appearing in blue = McKesson's Completeness Designations | |

| Page/Line Begin | Page/Line End | | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 59 | 7 | 59 | 8 | The question which solicited this answer calls for speculation, improper expert opinion, and is outside the scope (see above). | Same as above. |
| 59 | 15 | 59 | 23 | n/a | n/a |
| 60 | 2 | 60 | 3 | Calls for a legal conclusion; outside the scope.  (Please see narrative explanation above.)  The question also seeks improper expert opinion from lay witness as it seeks to have the witness opine as to the appropriateness of criminal justice penalties.  In addition, the question is based on hearsay and asks the witness to acknowledge the "truth" of the congressional finding, such that an argument that it is offered for a non-hearsay purpose such as notice is unfounded. | S (Speculation) is not applicable because the question seeks, and the testimony provides, McKesson's notice and/or understanding of the consequences of not following (as well as background and purpose of) the CSA.  Also, the witness was familiar with the regulation at issue (as shown from the testimony).

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7, topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the consequences of violating the regulations at issue); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the consequences of violating the regulations at issue, *see e.g.*, Hartle 7/31/2018 Dep. Ex. 16, 18, 29. 42, 43).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2.

H (Hearsay) is inapplicable as this does not fit the definition of hearsay. Also, the testimony is not for the truth of the underlying matter, but rather for McKesson's notice, knowledge and/or acceptance of the Government's position (as well as the consequences of violating and purpose/basis) regarding the regulation.  Further, even if considered hearsay, it would fall under an exception to hearsay.  FRE 803(8).

E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's knowledge and/or notice of the consequences of violating (as well as background and purpose of) applicable regulations.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701. |
| 60 | 5 | 60 | 5 | The question which solicited this answer calls for speculation, improper expert opinion, and is outside the scope (see above). | Same as above. |
| 60 | 7 | 60 | 10 | The question is outside the scope, as Mr. Hartle was noticed to testify about McKesson's suspicious order monitoring systems, not about the appropriateness and impact of systems of punishment.  The question also calls for speculation about the likely impact of certain punishments. | SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the consequences of violating the regulations at issue); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the consequences of violating the regulations at issue, see e.g., Hartle 7/31/2018 Dep. Ex. 16, 18, 29. 42, 43).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.

S (Speculation) is not applicable because the question seeks, and the testimony provides, McKesson's notice and/or understanding of the consequences of not following (as well as background and purpose of) the CSA.  Also, the witness was familiar with the regulation at issue (as shown from the testimony). |
| 60 | 12 | 60 | 12 | The question soliciting this answer is outside the scope and calls for speculation.  (See above.) | Same as above. |
| 60 | 14 | 60 | 16 | The question and answer it solicits is outside the scope and calls for speculation.  (See above.) | Same as above. |
| 62 | 21 | 63 | 1 | The question is outside the scope and calls for speculation as to the DEA's intent. | Same as above. |
| 63 | 3 | 63 | 3 | The question soliciting this answer is outside the scope and calls for speculation.  (See above.) | Same as above. |

| WITNESS NAME | Nathan Hartle |
|---|---|
| **DEPOSITION D** | 7/31/2018 |

**Cells appearing in white = Plaintiffs' Designations**
**Cells appearing in blue = McKesson's Completeness Designations**

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 78 | 4 | 78 | 8 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations, b) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, c) the witness was familiar with the regulation at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See*  Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the regulation at issue); topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the regulations at issue, *see e.g* ., Hartle 7/31/2018 Dep. Ex. 16); topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time".   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices. *Harris* , 2017 WL 4080692, *2. |
| 78 | 10 | 78 | 10 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 84 | 10 | 84 | 16 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's position on its responsibilities, b) the witness was familiar with the responsibilities at issue (as shown from the testimony), and/or c) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See*  Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the responsibilities at issue); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the responsibilities at issue, *see e.g* ., Hartle 7/31/2018 Dep. Ex. 16).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices. *Harris* , 2017 WL 4080692, *2. |
| 84 | 18 | 84 | 20 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 84 | 22 | 84 | 24 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 85 | 2 | 85 | 7 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 85 | 9 | 85 | 9 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 85 | 13 | 85 | 14 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |
| Cells appearing in white = Plaintiffs' Designations | |
| Cells appearing in blue = McKesson's Completeness Designations | |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 86 | 6 | 86 | 24 | The question is outside the scope and lacks relevance as it relates to a congressional record from 1910, beyond the scope of discovery in the case in which the deposition was taken. No foundation is laid for the document's admission. | SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances); and topic (j) "How Your policy, procedures, standards and metrics used to identify suspicious orders has changed over time".  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris* , 2017 WL 4080692, *2.<br><br>F (Lack of Foundation) is not supported.  The foundation is provided by the testimony and/or document itself.  Further, McKesson was actually present at and provided input during the hearing at issue.  Moreover, the witness is testifying as McKesson, with all of McKesson's knowledge, and as a company (and individual witness) with vast knowledge, experience, and expertise  in controlled substances and related regulations, the witness was capable of answering, as shown by the testimony herein and throughout.<br><br>R (Lack of Relevance) is not supported.  The material at issue provides background for the issues with opioids and the regulations implemented.  Further, it addresses Mckesson's involvement, notice and knowledge of these issues. |
| 88 | 17 | 88 | 23 | This questioning is outside the scope and lacks relevance and is beyond the scope of the deposition and discovery period. (See above.) | Same as above. |
| 89 | 11 | 90 | 13 | This questioning is outside the scope and lacks relevance and is beyond the scope of the deposition and discovery period. (See above.) | Same as above. |
| 90 | 15 | 90 | 16 | This questioning is outside the scope and lacks relevance and is beyond the scope of the deposition and discovery period. (See above.) | Same as above. |
| 90 | 18 | 90 | 20 | Calls for a legal conclusion about a "duty" that is purportedly owed and is outside the scope of the deposition notice, as questioning on legal conclusions are beyond the scope of 30(b)(6) testimony.  The question also calls for speculation and lacks relevance as it relates to a time period beyond the scope of discovery in the case in which the deposition was | See above, and: LG (Legal Conclusion) and S (Speculation) are not applicable because: a) the testimony involves factual information (which is patently accurate), b) the witness was familiar with this factual information, and/or c) the answer indicates that the witness is not speculating. |
| 90 | 22 | 90 | 22 | Calls for a legal conclusion, calls for speculation, and lacks relevance.  (See above.) | Same as above. |
| 91 | 11 | 91 | 15 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's position on its responsibilities, b) the witness was familiar with the responsibilities at issue (as shown from the testimony), and/or c) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the responsibilities at issue); and (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the responsibilities at issue, see e.g., Hartle 7/31/2018 Dep. Ex. 16).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2. |
| 91 | 17 | 91 | 17 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |

Cells appearing in white = Plaintiffs' Designations
Cells appearing in blue = McKesson's Completeness Designations

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 91 | 19 | 91 | 25 | n/a | n/a |
| 92 | 6 | 92 | 9 | n/a | n/a |
| 92 | 11 | 92 | 11 | n/a | n/a |
| 92 | 22 | 93 | 4 | n/a | n/a |
| 93 | 6 | 93 | 6 | n/a | n/a |
| 96 | 6 | 96 | 7 | n/a | n/a |
| 96 | 19 | 96 | 24 | n/a | n/a |
| 97 | 1 | 97 | 1 | n/a | n/a |
| 97 | 3 | 97 | 9 | n/a | n/a |
| 107 | 19 | 107 | 24 | n/a | n/a |
| 108 | 1 | 108 | 2 | n/a | n/a |
| 108 | 4 | 108 | 6 | n/a | n/a |
| 110 | 18 | 110 | 21 | n/a | n/a |
| 110 | 22 | 111 | 15 | n/a | n/a |
| 111 | 16 | 111 | 22 | n/a | n/a |
| 111 | 25 | 112 | 1 | n/a | n/a |
| 112 | 3 | 112 | 3 | n/a | n/a |
| 112 | 5 | 112 | 5 | n/a | n/a |
| 112 | 7 | 112 | 8 | n/a | n/a |
| 112 | 10 | 112 | 10 | n/a | n/a |
| 112 | 19 | 112 | 23 | n/a | n/a |
| 119 | 8 | 119 | 12 | n/a | n/a |
| 119 | 15 | 119 | 17 | n/a | n/a |
| 119 | 19 | 119 | 20 | n/a | n/a |
| 119 | 21 | 120 | 2 | n/a | n/a |
| 128 | 9 | 128 | 24 | **Objection to 128:20-24:** Calls for legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations, b) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, c) the witness was familiar with the regulation at issue (as shown from the testimony), d) the testimony tracks McKesson's written policy regarding the very topic (Hartle 7/31/2018 Dep. Ex. 12 at p. 4), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704.

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the topic at issue, Hartle 7/31/2018 Dep. Ex. 12 at p. 4); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the regulations at issue, see e.g., Hartle 7/31/2018 Dep. Ex. 16); topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time".  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2. |
| 129 | 2 | 129 | 2 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 129 | 4 | 129 | 7 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 150 | 1 | 150 | 3 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
| --- | --- |
| DEPOSITION DATE | 7/31/2018 |

Cells appearing in white = Plaintiffs' Designations
Cells appearing in blue = McKesson's Completeness Designations

| Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| --- | --- | --- | --- |
| 150 | 10 | 150 | 17 | n/a | n/a |
| 150 | 19 | 150 | 20 | n/a | n/a |
| 150 | 22 | 150 | 24 | Questioning calls for speculation and lacks foundation as it asks the witness to opine about a report prepared by Rudy Giuliani for a trade association for pharmaceutical manufacturers and no foundation is laid for McKesson's involvement, knowledge, of the witness's awareness of this document.  The questioning is also beyond the scope of the deposition notice, which related to McKesson's internal suspicious order monitoring programs, not investigative reports prepared by third-parties and related to pharmaceutical manufacturers. | S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. The testimony does not indicate that the witness is guessing or speculating.  In fact, McKesson has policies and procedures on the topic, and has produced and given PowerPoint presentations surrounding the topic (see e.g., Hartle 7/31/2018 Dep. Exs. 12, 18, 29, 42, 43).

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended second notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 2 at 9 (e.g., topic 19: "Each order of a prescription opiate from an online pharmacy in the United States from 1995 to the present and whether each was declined, shipped and/or reported as well as the due diligence performed arising out of each suspicious order reported to the DEA.").  The testimony also addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7.  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.

F (Lack of Foundation) is not applicable.  This was direct questioning and itself laid foundation.  Further, to the extent any other foundation was required, it was contained in surrounding questioning and testimony.  Moreover, the witness is testifying on behalf of McKesson, with all of McKesson's knowledge.  As a company (and individual witness) with vast experience and specific expertise with controlled substances and related regulations, evidence of the requisite knowlege to answer was provided, as demonstrated by the answers as well as the testimony throughout. |
| 151 | 1 | 151 | 1 | Calls for speculation, lacks foundation, and is beyond the scope of deposition testimony.  (See above.) | Same as above. |
| 152 | 20 | 153 | 2 | n/a | n/a |
| 153 | 5 | 153 | 6 | n/a | n/a |
| 153 | 8 | 153 | 11 | Calls for speculation, lacks foundation and is beyond the scope of the deposition notice.  (See above.)  The question also calls for hearsay as it reads conclusions from a report created by Rudy Giuliani and his firm.  The document is not introduced for notice, as the questioning does not seek to establish that McKesson was aware of the document prior to its introduction at the deposition.  Moreover, the line of questioning ends with a question about whether McKesson "agree[s]" with the findings, such that it seeks to introduce the information for its truth. | R (Lack of Relevance) is not applicable. The material provides background information regarding the drug distribution system, as well as information regarding McKesson's notice, knowledge and/or acceptance of diversion, as well as the regulations and/or consequences relating to same.   Also, it provides background for the issues with opioids, the respective regulations, and foreseeable consequences with diversion.

F (Lack of Foundation) is not applicable.  The foundation is provided by the document itself as well as in the surrounding deposition questions and testimony.  Further, McKesson had a representative present at and provided input during the hearing at issue.  Moreover, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers as well as the testimony throughout.

SC (Outside Scope) is not applicable.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the topic at issue); topic (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.

H (Hearsay) is inapplicable as this does not fit the definition of hearsay. Also, the testimony is not for the truth of the underlying matter, but rather for McKesson's notice, knowledge and/or acceptance of diversion, as well as the regulations and/or consequences relating to same.  Further, even if considered hearsay, it would fall under one or more exceptions to hearsay.  See e.g., FRE 801(d)(2), 803(8). |
| 153 | 15 | 155 | 2 | Questioning is based on hearsay, calls for speculation, lacks foundation, and is beyond the scope of the deposition testimony.  (See above.) | Same as above. |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |

**Cells appearing in white = Plaintiffs' Designations**
**Cells appearing in blue = McKesson's Completeness Designations**

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 155 | 5 | 155 | 24 | Questioning is based on hearsay, calls for speculation, lacks foundation, and is beyond the scope of the deposition testimony. (See above.) | Same as above. |
| 157 | 13 | 157 | 24 | Questioning is based on hearsay, calls for speculation, lacks foundation, and is beyond the scope of the deposition testimony. (See above.) Questioning also assumes facts not in evidence and that do not become evidence because the 2008 McKesson settlement to which it refers does not include any admission of liability. | See above. Also, the facts were not assumed but rather were otherwise established through other testimony and exhibits. *See e.g.*, Hartle 7/31/2018 Dep. Ex. 25 (2008 Settlement and MOA between McKesson and DOJ); Hartle 7/31/2018 testimony at 254:25-255:10, 258:20-259:1, 261:9-24. |
| 158 | 1 | 158 | 2 | Questioning is based on hearsay, calls for speculation, lacks foundation, and is beyond the scope of the deposition testimony. (See above.) | Same as above. |
| 159 | 19 | 160 | 11 | n/a | n/a |
| 161 | 19 | 161 | 22 | n/a | n/a |
| 163 | 24 | 164 | 11 | n/a | n/a |
| 165 | 10 | 165 | 12 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), d) the testimony is consistent with McKesson's written policies regarding the topic (*see e.g.*, Hartle 7/31/2018 Dep. Ex. 12), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported. The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law"). Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices. *Harris*, 2017 WL 4080692, *2. |
| 165 | 14 | 165 | 16 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 165 | 18 | 165 | 19 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 165 | 21 | 165 | 21 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 165 | 23 | 166 | 12 | n/a | n/a |
| 166 | 14 | 166 | 14 | n/a | n/a |

| WITNESS NAM | Nathan Hartle |
|---|---|
| **DEPOSITION D** | 7/31/2018 |

**Cells appearing in white = Plaintiffs' Designations**
**Cells appearing in blue = McKesson's Completeness Designations**

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 166 | 16 | 167 | 2 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), d) the testimony is consistent with McKesson's written policies regarding the topic (*see e.g.*, Hartle 7/31/2018 Dep. Ex. 12), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law").   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2. |
| 167 | 4 | 167 | 5 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 167 | 7 | 168 | 11 | **Objection to 168:4-11:**  Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 168 | 13 | 168 | 13 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 168 | 15 | 169 | 2 | **Objection to 169:1-2:**  Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 169 | 4 | 169 | 5 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 169 | 7 | 169 | 16 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 169 | 18 | 169 | 18 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 170 | 4 | 170 | 15 | n/a | n/a |
| 179 | 17 | 179 | 18 | n/a | n/a |
| 180 | 10 | 180 | 18 | n/a | n/a |
| 181 | 7 | 181 | 12 | n/a | n/a |
| 181 | 14 | 181 | 15 | n/a | n/a |
| 187 | 25 | 188 | 5 | n/a | n/a |
| 191 | 11 | 191 | 13 | n/a | n/a |
| 191 | 15 | 191 | 20 | n/a | n/a |
| 192 | 7 | 192 | 14 | n/a | n/a |
| 192 | 18 | 192 | 19 | n/a | n/a |
| 192 | 22 | 193 | 3 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
|---|---|
| **DEPOSITION DATE** | 7/31/2018 |
| **Cells appearing in white = Plaintiffs' Designations** | |
| **Cells appearing in blue = McKesson's Completeness Designations** | |

| Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|
| 197 | 14 | 197 | 23 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), d) the testimony is consistent with McKesson's written policies regarding the topic (*see e.g.*, Hartle 7/31/2018 Dep. Ex. 12), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2. |

<table>
<tr><td colspan="2"></td><td colspan="2"></td><td></td><td></td></tr>
</table>

| | | | | | |
|---|---|---|---|---|---|
| 198 | 5 | 198 | 8 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 198 | 10 | 198 | 11 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 198 | 13 | 198 | 14 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 201 | 15 | 201 | 18 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 201 | 21 | 201 | 22 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 201 | 24 | 201 | 24 | n/a | n/a |
| 202 | 2 | 202 | 3 | n/a | n/a |
| 202 | 7 | 202 | 7 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance  of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (d) "Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in *Masters Pharm., Inc. v. Drug Enft Admin.*, 861 F.3d 206 (D.C Cir. 2017)"; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence prior to *Masters Pharm., Inc. v. Drug Enft Admin.*, 861 F.3d 206 (D.C Cir. 2017)").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2. |
| 202 | 9 | 202 | 9 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 203 | 7 | 203 | 11 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 203 | 15 | 203 | 16 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |

| WITNESS NAM | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |

**Cells appearing in white = Plaintiffs' Designations**
**Cells appearing in blue = McKesson's Completeness Designations**

| Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|
| 203 | 18 | 203 | 19 | n/a | n/a |
| 203 | 21 | 203 | 22 | n/a | n/a |
| 203 | 24 | 203 | 25 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (d) "Your past/present interpretation, compliance, agreement and/or disagreement with the Reporting Requirement and Shipping Requirement as referenced in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)"; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence prior to Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2. |
| 204 | 2 | 204 | 3 | n/a | n/a |
| 204 | 13 | 204 | 19 | n/a | n/a |
| 204 | 24 | 205 | 1 | n/a | n/a |
| 205 | 3 | 205 | 6 | Assumes facts, calls for legal conclusion, outside the scope: Whether or not there is a "shipping requirement" is a question of law for the court. The question assumes there is such a requirement and asks for a response. (Please see narrative explanation above re: legal conclusions in 30(b) depositions.) | LG (Legal Conclusion) is not applicable because: a) the testimony merely confirms and/or explains what McKesson represented to the DEA, b) the testimony is consistent with the document and what McKesson wrote to the DEA, c) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, d) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, e) the witness was familiar with the topic at issue (as shown from the testimony), and/or f) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a.) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures"; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (j.) "How Your policy, procedures, standards and metrics used to identify suspicious orders has changed over time"; (k.) "Your policies, procedures, standards and metrics used to set and/or alter thresholds"; (m.) "Your past/present programs, policies and procedures relating to "maintenance of effective controls against diversion" (21 USC§ 823)").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2.<br><br>X (assumes facts, misstates the document) is not supported.  The letter at issue, written on behalf of McKesson to the DEA, states that it is in response to a pending order to show cause.  *See* Hartle 7/31/2018 Dep. Ex. 17 at 1.  As such, the question does not misstate the basis for McKesson writing the letter to the DEA, and the testimony confirms same. |
| 205 | 8 | 205 | 9 | Same as above. | Same as above. |
| 208 | 12 | 208 | 22 | n/a | n/a |
| 208 | 24 | 208 | 25 | n/a | n/a |
| 210 | 21 | 210 | 23 | n/a | n/a |
| 210 | 25 | 211 | 1 | n/a | n/a |

Hartle, Nathan
7/31/2018

| | | |
|---|---|---|
| **WITNESS NAM** | Nathan Hartle | |
| **DEPOSITION D** | 7/31/2018 | |
| **Cells appearing in white = Plaintiffs' Designations** | | |
| **Cells appearing in blue = McKesson's Completeness Designations** | | |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 211 | 11 | 211 | 16 | Legal Conclusion, Scope, Speculation: Question gives a hypothetical and asks witness to speculate about whether that hypothetical would or not be lawful under federal regulations. (Please see narrative explanation above re: legal conclusions in 30(b) depositions.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as consequences of violating same, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC* , 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a.) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures"; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (h) "Your past/present policies and procedures related to due diligence following the detection of a suspicious order"; (l.) "Your policies and procedures used to perform due diligence related to new and existing buyers of controlled substances").  Also, Plaintiffs are not limited to questioning Mr. Hartle on matters specifically included in those notices. *Harris* , 2017 WL 4080692, *2.

S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson.  The testimony does not indicate that the witness is guessing or speculating regarding the questioning at issue.  Further, the testimony involves the regulations under which McKesson operates as well as McKesson's notice, knowledge and position regarding DEA enforcement, which is confirmed by the testimony.   Also, the witness was not speculating as the facts (including the DEA's allegations against McKesson and McKesson's settlements regarding same) were  already established and known.  *See e.g.* , Hartle 7/31/2018 Dep. Ex. 25 (2008 Settlement and MOA between McKesson and DOJ); Hartle 7/31/2018 Dep. Exs. 35-37 (2017 Settlement and MOA documents between McKesson and DOJ); Hartle 7/31/2018 testimony at 254:25-255:10, 258:20-259:1, 261:9-24; 306-309. |
| 211 | 19 | 212 | 2 | Same as above. | Same as above. |
| 212 | 4 | 212 | 5 | Same as above. | Same as above. |
| 213 | 16 | 213 | 19 | Same as above. | Same as above. |
| 213 | 22 | 213 | 23 | Same as above. | Same as above. |
| 213 | 25 | 214 | 4 | Same as above. Also asks the witness to opine on how the DEA interprets laws and regulations. | Same as above. |
| 214 | 6 | 214 | 7 | Same as above. | Same as above. |
| 214 | 9 | 214 | 11 | Whether McKesson settled "based on" hearsay allegations in the settlement agreement seeks a legal conclusion and is outside the scope of the 30(b) topics. (Please see narrative explanation above.) | Same as above. |
| 214 | 14 | 214 | 15 | Same as above. | Same as above. |
| 215 | 11 | 215 | 12 | n/a | n/a |
| 215 | 23 | 216 | 6 | n/a | n/a |
| 216 | 22 | 217 | 1 | n/a | n/a |
| 220 | 22 | 220 | 24 | n/a | n/a |
| 221 | 1 | 221 | 1 | n/a | n/a |
| 227 | 7 | 227 | 12 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |
| Cells appearing in white = Plaintiffs' Designations | |
| Cells appearing in blue = McKesson's Completeness Designations | |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 227 | 21 | 227 | 24 | Calls for a legal conclusion; outside the scope. Asks the witness to opine on what DEA expects of its registrants, which either seeks speculative testimony or asks the witness to opine on DEA's interpretation of federal regulations. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's own policies and PowerPoint document as well as McKesson's notice, knowledge and/or acceptance of applicable regulations and standards, as well as how the DEA views the applicable regulations and standards, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards (including how the DEA views same) are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). <br><br> SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a.) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures"; (b.) "Your past/present 'Know Your Customer' program, policies and procedures; (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time"; (h) "Your past/present policies and procedures related to due diligence following the detection of a suspicious order"; (l.) "Your policies and procedures used to perform due diligence related to new and existing buyers of controlled substances").   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2. |
| 228 | 2 | 228 | 4 | Same as above | Same as above. |
| 228 | 6 | 228 | 11 | To the extent that "accountable" refers to legal accountability, the question calls for a legal conclusion and is outside the scope. (Please see narrative explanation above.) | Same as above. |
| 246 | 25 | 247 | 8 | n/a | n/a |
| 247 | 10 | 247 | 11 | n/a | n/a |
| 249 | 24 | 250 | 5 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) Question asks the witness to opine on a legal question in dispute in this case - the existence of a "shipping requirement" - and to opine on whether an exhibit is consistent a legal opinion from the D.C. Circuit. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards as well as how the DEA views the applicable regulations and standards, b) knowledge, notice and/or acceptance of regulatory obligations and/or standards (including how the DEA views same) are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). <br><br> SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7, topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law".)   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2. |
| 250 | 7 | 250 | 8 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 250 | 18 | 251 | 5 | Question asks whether DEA has accurately stated federal law in a DEA publication. Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 251 | 7 | 251 | 7 | Same as above | Same as above. |

| WITNESS NAME | Nathan Hartle |
|---|---|
| **DEPOSITION D** | 7/31/2018 |

**Cells appearing in white = Plaintiffs' Designations**
**Cells appearing in blue = McKesson's Completeness Designations**

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 251 | 9 | 251 | 11 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 251 | 13 | 251 | 13 | Same as above | Same as above. |
| 254 | 25 | 255 | 13 | n/a | n/a |
| 258 | 20 | 258 | 23 | n/a | n/a |
| 258 | 25 | 259 | 1 | n/a | n/a |
| 261 | 9 | 261 | 11 | Speculation: Asks the witness what DEA could have done. | Same as above. |
| 261 | 14 | 261 | 21 | Legal Conclusion, Scope: Final question assumes the existence of a "do not ship" requirement under the CSA and calls for a response on that basis. (Please see narrative explanation above re: legal conclusions in 30(b) depo.) | Same as above. |
| 261 | 24 | 261 | 24 | Same as above | Same as above. |
| 262 | 2 | 262 | 2 | Same as above | Same as above. |
| 262 | 4 | 262 | 4 | Same as above | Same as above. |
| 268 | 1 | 268 | 3 | Improper Expert Opinion, Scope, Speculation, Lack of Foundation. Poses a question that is the subject of expert testimony in this litigation and does not relate to the topics for which the witness was designated. | E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (i) "metrics used to identify orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency"; (j) "How Your policy, procedures, standards and metrics used to identify suspicious orders has changed over time"; and (k) "Your policies, procedures, standards and metrics used to set and/or alter thresholds".<br><br>S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. The testimony does not indicate that the witness is guessing or speculating.  In fact, as tetified, the answer involved "common sense and basic logic".<br><br>F (Lack of Foundation) is inapplicable as it was established that McKesson (and the witness) had significant background with metrics as well as monitoring and evaluating diversion. Importantly, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience in controlled substances and related work, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answer at issue as well as testimony throughout. |
| 268 | 5 | 268 | 7 | Same as above | Same as above. |
| 268 | 9 | 268 | 15 | Same as above | Same as above. |
| 268 | 16 | 268 | 22 | n/a | n/a |
| 268 | 24 | 269 | 4 | n/a | n/a |
| 271 | 14 | 271 | 18 | n/a | n/a |
| 271 | 22 | 272 | 12 | n/a | n/a |
| 273 | 3 | 273 | 9 | n/a | n/a |
| 273 | 18 | 273 | 19 | n/a | n/a |
| 273 | 21 | 274 | 4 | n/a | n/a |
| 274 | 6 | 274 | 6 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |

Cells appearing in white = Plaintiffs' Designations
Cells appearing in blue = McKesson's Completeness Designations

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 275 | 9 | 275 | 11 | n/a | n/a |
| 275 | 14 | 275 | 15 | n/a | n/a |
| 275 | 25 | 276 | 6 | n/a | n/a |
| 276 | 13 | 276 | 20 | n/a | n/a |
| 277 | 8 | 277 | 13 | Calls for a legal conclusion as the question asks the witness to "acknowledge" the existence of a "common law duty" based on reading an amicus brief. The testimony is also outside the scope of the deposition notice as the Fourth Circuit has held that questioning seeking legal conclusions from a 30(b)(6) witness is outside the scope. Finally, the questioning does not lay a foundation with the witness. | LG (Legal Conclusion) is not applicable because: a) the testimony involves allowed testimony regarding McKesson's "position" regarding prior court filings made on its behalf, as well as its responsibilities under the applicable regulations, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards as well as how the DEA views the applicable regulations and standards, c) knowledge, notice and/or acceptance of regulatory obligations and/or standards (including how the DEA views same) are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704. See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). |
| | | | | | SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)".).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2. |
| | | | | | F (Foundation) is not applicable.  This was direct questioning and the response itself laid foundation.  Also, to the extent any other foundation was required, it was contained in surrounding questioning and testimony.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the testimony throughout.  Moreover, the foundation is provided by the document itself, which contains representations made on behalf of McKesson and which was identified and confirmed by the witness. |
| 277 | 18 | 278 | 2 | Calls for a legal conclusion, outside the scope of the deposition, and lacks foundation.  (See above.) | Same as above. |
| 278 | 6 | 278 | 10 | Calls for a legal conclusion, outside the scope of the deposition, and lacks foundation.  (See above.) | Same as above. |
| 278 | 13 | 278 | 13 | Calls for a legal conclusion, outside the scope of the deposition, and lacks foundation.  (See above.) | Same as above. |
| 278 | 15 | 278 | 20 | | Same as above. |
| 278 | 24 | 278 | 24 | | Same as above. |
| 280 | 7 | 280 | 12 | n/a | n/a |

| WITNESS NAM | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |

**Cells appearing in white = Plaintiffs' Designations**
**Cells appearing in blue = McKesson's Completeness Designations**

| Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|
| 280 21 | 280 24 | Calls for a legal conclusion, outside the scope of the deposition.  (See above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves allowed testimony regarding McKesson's "position" regarding prior court filings made on its behalf, as well as its responsibilities under the applicable regulations, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and standards as well as how the DEA views the applicable regulations and standards, c) knowledge, notice and/or acceptance of regulatory obligations and/or standards (including how the DEA views same) are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), and/or d) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)".).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.<br><br>X (Incomplete Hypothetical) is not supported.  The question was asked "in general", so there is nothing to complete.  Further, the witness did not have any problem answering the question as posed. |
| 281 2 | 281 4 | Same as above | Same as above. |
| 285 6 | 285 15 | Legal Conclusion, Scope, Improper Expert Opinion. Question asks witness to offer a legal conclusion on "responsibility" for "societal costs," matters that are legal in nature, outside the scope of the 30(b) notice, and the subject of expert testimony in this case. | LG (Legal Conclusion) is not applicable because: a) the testimony involves allowed testimony regarding McKesson's "position" regarding its role in the controlled substance distribution chain, its prior conduct, the opioid epidemic and/or its responsibility regarding same, b) the witness was familiar with the topic at issue (as shown from the testimony), and/or c) even if considered a legal conclusion, the testimony is admissible under FRE 704.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors), (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)" (which confirmed the opioid epidemic and addressed responsibility of distributors)).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2.<br><br>E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's "position" regarding its role in the controlled substance distribution chain, its prior conduct, the opioid epidemic and/or its responsibility regarding same.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise  in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.  *Martin*, 313 F.R.D. at 8–9. |
| 285 17 | 285 20 | Same as above | Same as above. |
| 285 22 | 285 22 | Legal Conclusion, Scope, Improper Expert Opinion. Question asks witness to offer a legal conclusion on "responsibility" for "societal costs," matters that are legal in nature, outside the scope of the 30(b) notice, and the subject of expert testimony in this case. | Same as above. |

Hartle, Nathan
7/31/2018

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |
| Cells appearing in white = Plaintiffs' Designations | |
| Cells appearing in blue = McKesson's Completeness Designations | |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 285 | 24 | 286 | 12 | Same as above. | Same as above. |
| 286 | 14 | 286 | 15 | Legal Conclusion, Scope, Improper Expert Opinion. Question asks witness to offer a legal conclusion on "responsibility" for "societal costs," matters that are legal in nature, outside the scope of the 30(b) notice, and the subject of expert testimony in this case. | Same as above. |
| 287 | 21 | 288 | 20 | n/a | n/a |
| 289 | 7 | 289 | 10 | n/a | n/a |
| 289 | 17 | 289 | 25 | n/a | n/a |
| 290 | 2 | 290 | 2 | | Same as above. |
| 290 | 4 | 290 | 9 | n/a | n/a |
| 290 | 11 | 290 | 11 | n/a | n/a |
| 290 | 13 | 290 | 17 | n/a | n/a |
| 293 | 7 | 293 | 10 | Lacks relevance; Lacks foundation. | Designated for completeness as plaintiffs have designated the remainder of this question at 293:11-18.  To the extent that 293:11-18 is not admitted, McKesson will withdraw this designation. |
| 293 | 11 | 293 | 18 | To the extent the question just asks the witness to read the chart, no objection. To the extent the question asks the witness to answer the substantive epidemiological question, the question calls for improper expert opinion outside the scope of the deposition notice. | E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's "position" regarding the opioid epidemic and/or the consequences of same.  Moreover, the testimony is based upon a McKesson PowerPoint created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.  *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances and related responsibilities); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors and the opioid problems), (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)" (which confirmed the opioid epidemic and addressed responsibility of distributors)).  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  *Harris*, 2017 WL 4080692, *2.<br><br>F (Lack of Foundation) and S (Speculation) are not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise  in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department. |
| 293 | 20 | 293 | 21 | Same as above | Same as above. |
| 293 | 23 | 293 | 24 | Same as above | Same as above. |
| 294 | 1 | 294 | 2 | Same as above | Same as above. |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION DATE | 7/31/2018 |

**Cells appearing in white = Plaintiffs' Designations**
**Cells appearing in blue = McKesson's Completeness Designations**

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 294 | 11 | 294 | 12 | Same as above. This permutation of the question clearly asks the witness to opine on the substantive epidemiological question, not the exhibit. This is a subject of expert testimony in this litigation, calls for speculation and is outside the scope of the notice. | Same as above. |
| 294 | 15 | 294 | 17 | Same as above | Same as above. |
| 294 | 19 | 295 | 10 | Legal Conclusion, Scope: Question asks the witness to agree that McKesson has a legal duty to protect the public and safety. (Please see narrative explanation above re: legal conclusions in 30(b) depo.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves McKesson's "position" regarding applicable regulations and obligations, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and obligations, c) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), e) the testimony is consistent with McKesson's written policies regarding the topic (see e.g., Hartle 7/31/2018 Dep. Ex. 12), and/or f) even if considered a legal conclusion, the testimony is admissible under FRE 704.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").<br><br>SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances and related responsibilities); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors and the CSA), (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time").   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices. Harris, 2017 WL 4080692, *2.<br><br>F (Foundation) is not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department. |
| 295 | 12 | 295 | 13 | n/a | n/a |
| 295 | 15 | 295 | 21 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
|---|---|
| **DEPOSITION D** | 7/31/2018 |

**Cells appearing in white = Plaintiffs' Designations**
**Cells appearing in blue = McKesson's Completeness Designations**

| Page/Line Begin | Page/Line End | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 296 | 13 | 296 | 22 | Speculation, Scope, Foundation, Improper Expert Opinion (as to mortality rates). | S (Speculation) and F (Lack of Foundation) are not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department.

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances and consequences); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors and the opioid problems), (n.) "Your past/present interpretation, agreement or disagreement with the positions and arguments asserted in the Brief for Healthcare Distribution Management Association and National Association of Chain Drug Stores as Amici Curiae in Support of Either Party filed in Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)" (which confirmed the opioid epidemic and addressed responsibility of distributors)).   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.

E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's "position" regarding the opioid epidemic and/or the consequences of same.  Moreover, the testimony is based upon a McKesson PowerPoint created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  Also, even if considered an opinion, the testimony is admissible under FRE 701.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). |
| 296 | 24 | 296 | 25 | Same as above. | Same as above. |
| 297 | 2 | 297 | 5 | n/a | n/a |
| 297 | 7 | 297 | 7 | n/a | n/a |

| WITNESS NAME | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |
| Cells appearing in white = Plaintiffs' Designations | |
| Cells appearing in blue = McKesson's Completeness Designations | |

| Page/Line Begin | Page/Line End | Objections | Replies to Objections |
|---|---|---|---|
| 297 | 20 | 297 | 24 | Legal Conclusion, Scope, Speculation. Question asks about a legal "duty." | LG (Legal Conclusion) is not applicable because: a) the testimony involves McKesson's "position" regarding applicable regulations and obligations as well as its role in the distribution chain, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and obligations as well as its role in the distribution chain, c) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), e) the testimony is consistent with McKesson's written policies regarding the topic (see e.g., Hartle 7/31/2018 Dep. Ex. 12), and/or f) even if considered a legal conclusion, the testimony is admissible under FRE 704.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address controlled substances and related responsibilities); (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (which addressed responsibility of distributors and the CSA), (e) "How Your interpretation and compliance with the Reporting Requirement has changed over time"; and topic (f) "How Your interpretation and compliance with the Shipping Requirement has changed over time").   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2.

S (Speculation) is not applicable.  This witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and specific expertise in controlled substances and applicable regulations, McKesson should have had and did have the knowledge to answer questions on this topic, as evidenced by the answers provided and the testimony throughout.  Moreover, the document itself (which the testimony is based upon) was created and/or adopted by McKesson, and more specifically by a leader of McKesson's Regulatory Affairs department. |
| 298 | 1 | 298 | 2 | Same as above. | Same as above. |
| 298 | 4 | 298 | 5 | Same as above. | Same as above. |
| 298 | 18 | 298 | 22 | n/a | n/a |
| 298 | 24 | 299 | 6 | n/a | n/a |
| 299 | 8 | 299 | 17 | n/a | n/a |
| 299 | 21 | 299 | 25 | n/a | n/a |
| 300 | 2 | 300 | 5 | n/a | n/a |
| 300 | 7 | 300 | 8 | n/a | n/a |
| 300 | 10 | 300 | 10 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | LG (Legal Conclusion) is not applicable because: a) the testimony involves McKesson's "position" regarding DEA enforcement of applicable regulations, b) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of applicable regulations and obligations as well as its role in the distribution chain, c) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, d) the witness was familiar with the topic at issue (as shown from the testimony), e) the testimony is consistent with McKesson's written policies regarding the topic (see e.g., Hartle 7/31/2018 Dep. Ex. 12), and/or f) even if considered a legal conclusion, the testimony is admissible under FRE 704.  See also, Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation").

SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. See Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topics: (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that the DEA letter at issue is addressing this topic); (g) "Whether You historically shipped suspicious orders without reporting and/or conducting due diligence prior to Masters Pharm., Inc. v. Drug Enft Admin., 861 F.3d 206 (D.C Cir. 2017)"; (h) "Your past/present policies and procedures related to due diligence following the detection of a suspicious order").   Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices.  Harris, 2017 WL 4080692, *2. |
| 300 | 12 | 300 | 13 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |

| WITNESS NAM | Nathan Hartle |
|---|---|
| DEPOSITION D | 7/31/2018 |
| **Cells appearing in white = Plaintiffs' Designations** | |
| **Cells appearing in blue = McKesson's Completeness Designations** | |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|
| 300 | 17 | 300 | 25 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 301 | 2 | 301 | 4 | Calls for a legal conclusion; outside the scope. (Please see narrative explanation above.) | Same as above. |
| 302 | 9 | 303 | 1 | n/a | n/a |
| 303 | 3 | 303 | 4 | n/a | n/a |
| 305 | 17 | 305 | 24 | n/a | n/a |
| 306 | 3 | 306 | 18 | n/a | n/a |
| 307 | 12 | 307 | 17 | Legal Conclusion: The question of whether McKesson was "failing" to report seeks a legal conclusion regarding compliance with federal regulations. | LG (Legal Conclusion) is not applicable as these are the terms of a contract/settlement entered into by McKesson.  Further, knowledge and/or notice of regulatory obligations are not legal conclusions.  Also, even if considered a legal conclusion, the testimony is admissible under FRE 704. |
| 307 | 19 | 307 | 20 | Same as above. | Same responses as set forth above for designations at 307:12-307:17. |
| 307 | 22 | 307 | 23 | n/a | n/a |
| 307 | 25 | 308 | 1 | n/a | n/a |
| 308 | 15 | 308 | 16 | Calls for a legal conclusion. | Same responses as set forth above for designations at 307:12-307:17. |
| 308 | 18 | 308 | 20 | Same as above. | Same responses as set forth above for designations at 307:12-307:17. |
| 308 | 22 | 308 | 22 | n/a | n/a |
| 308 | 25 | 309 | 3 | n/a | n/a |
| 309 | 6 | 309 | 7 | n/a | n/a |
| 320 | 14 | 320 | 17 | Improper Expert Opinion, Speculation, Scope. Seeks expert testimony on the gateway theory. | See Plaintiffs' opposition brief. |
| 320 | 20 | 320 | 23 | Same as above. | See Plaintiffs' opposition brief. |
| 320 | 25 | 321 | 6 | Improper Expert Opinion, Speculation, Scope. Seeks expert testimony on the gateway theory. | See Plaintiffs' opposition brief. |
| 321 | 9 | 321 | 10 | Same as above | See Plaintiffs' opposition brief. |
| 327 | 5 | 327 | 12 | Speculation, Calls for legal conclusion. | S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson.  The testimony indicates that the witness understands in a general sense.  Further, the testimony involves a contract/settlement entered into by McKesson, the terms of which confirm McKesson's understanding of the provisions therein.  *See e.g.*, Hartle 7/31/2018 Dep. Ex. 36 at p. 11 ("McKcsson represents that this Agreement is entered into with advice of counsel and knowledge of the events described herein.").  Also, it is not speculation to ask generally if it would be a problem to violate an agreement. |
| 327 | 15 | 327 | 17 | Speculation, Calls for legal conclusion. | S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson.  The testimony indicates that the witness understands in a general sense.  Further, the testimony involves a contract/settlement entered into by McKesson, the terms of which confirm McKesson's understanding of the provisions therein.  *See e.g.*, Hartle 7/31/2018 Dep. Ex. 36 at p. 11 ("McKesson represents that this Agreement is entered into with advice of counsel and knowledge of the events described herein.").  Also, it is not speculation to ask generally if it would be a problem to violate an agreement. |
| 327 | 15 | 327 | 17 | Same as above. | Same as above. |

| WITNESS NAME | Nathan Hartle |
| DEPOSITION DATE | 7/31/2018 |

**Cells appearing in white = Plaintiffs' Designations**
**Cells appearing in blue = McKesson's Completeness Designations**

| Page/Line Begin | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|
| 364 | 19 | 364 | 22 | Calls for legal conclusion and improper expert testimony re: foreseeable harms. Calls for speculation; outside the scope. | LG (Legal Conclusion) is not applicable because: a) the testimony involves factual information regarding McKesson's notice, knowledge and/or acceptance of consequences of violating applicable regulations, b) knowledge, notice and/or acceptance of regulatory obligations are not legal conclusions, c) the witness was familiar with the topic at issue (as shown from the testimony), d) the testimony is consistent with McKesson's written policies regarding the topic (*see e.g.*, Hartle 7/31/2018 Dep. Ex. 12), and/or e) even if considered a legal conclusion, the testimony is admissible under FRE 704. *See also, Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016) (stating that "[a] deposition of a deponent in his individual capacity differs from that of a deponent as a corporate representative" in that a corporate designee "speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation"). |
| | | | | | SC (Outside Scope) is not supported.  The testimony at issue addresses one or more topics contained within Plaintiffs' amended first notice of 30(b)(6) deposition. *See* Hartle 7/31/2018 Dep. Ex. 1 at 6-7 (e.g., topic (a) "Your past/present suspicious orders monitoring system, SOMS program, policies and procedures" (understanding that McKesson's policies and procedures address the topics at issue); topic (c) "Your past/present interpretation, compliance, agreement and/or disagreement with the "Dear Registrant" letters from the DEA outlining the duties imposed on a distributor under federal law" (understanding that the Dear Registrant letters addressed the issues, see e.g., Hartle 7/31/2018 Dep. Ex. 16); topic (h) "Your past/present policies and procedures related to due diligence following the detection of a suspicious order").  Also, Plaintiffs were not limited to questioning Mr. Hartle on matters specifically included in those notices. *Harris*, 2017 WL 4080692, *2. |
| | | | | | S (Speculation) is not applicable.  The witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic. The testimony does not indicate that the witness is guessing or speculating.  In fact, McKesson has policies and procedures on the topics, and has produced and given PowerPoint presentations surrounding the topics (*see e.g.*, Hartle 7/31/2018 Dep. Exs. 12, 18, 29, 42, 43). |
| | | | | | E (Improper Expert Opinion) is not applicable.   The substance of the testimony is not expert opinion.  Rather, the testimony is about McKesson's knowledge and/or notice of the background and purpose of applicable regulations, as well as the consequences of not following same.  Further, the witness is testifying on behalf of McKesson, with the knowledge of McKesson. As a company (and witness) with vast experience and expertise in controlled substances generally, and opioids specifically, McKesson should have had and did have the knowledge to answer questions on this topic.  In fact, McKesson has policies and procedures addressing the topics, and has produced and given PowerPoint presentations surrounding the topics (see e.g., Hartle 7/31/2018 Dep. Exs. 12, 18, 29, 42, 43). *See also, Martin*, 313 F.R.D. at 8–9. |
| 364 | 24 | 364 | 25 | Same as above. | Same as above. |
| 365 | 22 | 365 | 24 | n/a | n/a |
| 366 | 1 | 366 | 6 | n/a | n/a |