| WITNESS NAME: | Gary Hilliard |
| --- | --- |
| DEPOSITION DATE: | 1/10/2019 |

| AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | COUNTER DESIGNATIONS  *Pink = Completeness Designation | | | | | | REPLY DESIGNATIONS | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | Objections | Replies to Objections |
| 14 | 8 | 14 | 12 | | n/a | 29 | 16 | 30 | 1 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 342 | 13 | 342 | 18 | |
| 17 | 6 | 19 | 9 | | n/a | 33 | 13 | 33 | 21 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 343 | 20 | 343 | 24 Calls for a legal conclusion; calls for speculation | This is not a legal conclusion or speculation.  The witness was responsible for McKesson's DEA compliance relative to thirty (30) pharmaceutical distribution centers within the U.S., including the suspicious order monitoring.  See dep. at 18:2-17.  In fact, Mr. Hilliard "had responsibility for compliance with the Controlled Substances Act as it pertained to all of McKesson's distribution centers".  See dep. at 29:11-15.  The witness had the applicable knowledge, work experience, and job scope such that the question was appropriate, regardless of his answer.  Further, regulatory obligations are not legal conclusions.  Moreover, to the extent the witness did not know and/or could not confirm that there was anything preventing him/McKesson from requesting information of customers, that itself is consequential and is proper evidence showing the witness's notice, knowledge, intent, or state of mind, and/or a deficiency with McKesson's suspicious order monitoring or due diligence of customers. |
| 19 | 14 | 21 | 7 | | n/a | 30 | 4 | 30 | 8 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 344 | 3 | 344 | 7 | |
| 29 | 11 | 29 | 15 | | n/a | 33 | 24 | 34 | 3 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs.  See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106.  Answer is responsive to question asked. | 344 | 10 | 344 | 10 | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 34 | 18 | 34 | 21 | | n/a | 34 | 4 | 34 | 17 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 345 | 3 | 345 | 8 | Vague; calls for speculation | This is not vague. The question specified blocking orders deemed to be suspicious. The question also does not call for speculation. The witness was responsible for McKesson's DEA compliance relative to thirty (30) pharmaceutical distribution centers within the U.S., including the suspicious order monitoring. See dep. at 18:2-17. In fact, Mr. Hilliard "had responsibility for compliance with the Controlled Substances Act as it pertained to all of McKesson's distribution centers". See dep. at 29:11-15. To the extent the witness did not know and/or did not have an answer (regarding whether it is good to block orders deemed to be suspicious), that itself is consequential and is proper evidence showing the witness's knowledge, intent and/or state of mind. |
| 53 | 4 | 53 | 6 | | n/a | 49 | 24 | 50 | 1 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 345 | 11 | 345 | 11 | Vague; calls for speculation | Same as above. |
| 53 | 10 | 53 | 22 | | n/a | 50 | 5 | 50 | 5 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 349 | 11 | 349 | 15 | | |
| 60 | 20 | 61 | 6 | Calls for a legal conclusion; foundation. | This is not a legal conclusion because the testimony involves factual information regarding the witness's notice, knowledge, understanding and/or acceptance of applicable regulations. Mr. Hilliard worked for McKesson for approximately 20 years, the entirety of which involved regulatory responsibilities. Mr. Hilliard worked for about a year as a manager in McKesson's Regulatory Affairs department, and then became a Director of Regulatory Affairs. *See* dep. at 17:6-23. He was responsible for McKesson's DEA compliance relative to thirty (30) pharmaceutical distribution centers within the U.S., including the suspicious order monitoring. *See* dep. at 18:2-17. In fact, Mr. Hilliard "had responsibility for compliance with the Controlled Substances Act as it pertained to all of McKesson's distribution centers". *See* dep. at 29:11-15. Further, the witness testified that "based on the guidance document [i.e., the DEA letter/information at issue], we developed the LDMP program, then into the CSMP program". *See* dep. at 63:6-8. *See also*, 7/31/2018 Hartle/MCK 30(b)(6) dep. at 161:19-23 (acknowledging McKesson's receipt of the 9/27/2006 DEA letter at issue). These facts lay the proper foundation for the questioning/testimony at issue (and further show how a legal conclusion is not applicable), particularly since it was the witness's responsibility to handle regulatory compliance for McKesson and know/understand the regulations at issue. | 50 | 8 | 50 | 9 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 349 | 19 | 349 | 25 | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 61 | 9 | 61 | 9 | Calls for a legal conclusion; foundation. | Same as above. | 50 | 11 | 50 | 12 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 350 | 3 | 350 | 4 | | |
| 62 | 3 | 62 | 9 | Assumes facts not in evidence, foundation. | Same as above. Also, the underlying facts at issue have been established through multiple exhibits (see e.g., 7/31/2018 Hartle/MCK 30(b)(6) dep. exh. 16, and P-00032) as well as other testimony. *See* 7/31/2018 Hartle/MCK 30(b)(6) dep. at 161:19-23 & 163:24-164:11 (acknowledging McKesson's receipt and understanding of the 9/27/2006 DEA letter at issue). | 50 | 15 | 50 | 15 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | 350 | 16 | 350 | 18 | | |
| 62 | 12 | 63 | 2 | Assumes facts not in evidence; calls for a legal conclusion. | Same as above. | 50 | 17 | 50 | 21 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |
| 63 | 5 | 63 | 19 | Misstates prior testimony (63:14-19); Calls for a legal conclusion. | Same as above. Also, the question at issue ("if you didn't understand what was meant by this sentence from Mr. Rannazzisi's letter, how could you properly develop a program to address what he's asking you to do?") properly states the prior testimony (as the witness just previously testified "I'm not sure" and "I don't know" about Mr. Rannazzisi's letter at issue). *See* dep. at 61:4-13. | 50 | 24 | 50 | 25 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |
| 63 | 22 | 64 | 5 | Misstates prior testimony (63:25-64:5) | The question at issue ("if you were unclear as to what Mr. Rannazzisi was saying here about avoiding filling suspicious orders, how could you design a regulatory program to meet this demand?") properly states the prior testimony (as the witness just previously testified "I'm not sure" and "I don't know" about Mr. Rannazzisi's letter at issue). *See* dep. at 61:4-13. | 51 | 2 | 51 | 6 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |
| 64 | 9 | 65 | 2 | Calls for a legal conclusion. | This is not a legal conclusion because the testimony involves factual information regarding the wtiness's notice, knowledge, understanding and/or acceptance of applicable regulations. Mr. Hilliard worked for McKesson for approximately 20 years, the entirety of which involved regulatory responsibilities. Mr. Hilliard worked for about a year as a manager in McKesson's Regulatory Affairs department, and then became a Director of Regulatory Affairs. *See* dep. at 17:6-23. In fact, Mr. Hilliard "had responsibility for compliance with the Controlled Substances Act as it pertained to all of McKesson's distribution centers". *See* dep. at 29:11-15. Further, the witness testified that "based on the guidance document [i.e., the DEA letter/information at issue], we developed the LDMP program, then into the CSMP program". See dep. at 63:6-8. | 51 | 9 | 51 | 10 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |
| 65 | 5 | 65 | 5 | | n/a | 66 | 23 | 67 | 3 | | | | | | | | |
| 66 | 4 | 66 | 17 | | n/a | 67 | 6 | 67 | 8 | | | | | | | | |
| 67 | 19 | 68 | 7 | Misstates prior testimony (67:19-23) | This is an objection to form which was not made to the questioning at issue during the deposition, and is thus waived. *See* 67:19-68:5. Moreover, the testimony itself shows how the questioning is not a misstatement. *Id*. | 67 | 10 | 67 | 12 | | | | | | | | |
| 68 | 10 | 68 | 10 | | n/a | 67 | 15 | 67 | 17 | | | | | | | | |
| 79 | 17 | 80 | 20 | | n/a | 83 | 7 | 83 | 13 | | | | | | | | |

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 81 | 19 | 82 | 21 | Hearsay; Geographic scope | This is not inadmissible hearsay pursuant to FRE 803(8), 803(3) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Geographic scope is inapplicable as the distribution regulations at issue are national in scope. Moreover, McKesson's policies and procedures relative to the distribution regulations (and systemic problems with those policies/procedures) are also national in scope, and certainly apply to Cabell/Huntington. Further, any geographic scope issues are countered because this conduct/testimony also shows McKesson's routine practice. See FRE 406. | 91 | 1 | 91 | 5 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | | |
| 83 | 14 | 83 | 18 | | n/a | 91 | 8 | 91 | 11 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | | |
| 83 | 21 | 84 | 22 | Hearsay. | This is not inadmissible hearsay pursuant to FRE 803(8), 803(3) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). | 92 | 4 | 92 | 8 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | | |
| 87 | 13 | 88 | 6 | | n/a | 92 | 12 | 92 | 14 | Improper Completeness Designation; answer is non-resposnive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | | |
| 88 | 9 | 88 | 15 | | n/a | 92 | 16 | 92 | 24 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | | |
| 88 | 18 | 88 | 25 | | n/a | 95 | 24 | 97 | 20 | | | | | | | | | |
| 89 | 2 | 89 | 9 | | n/a | 98 | 11 | 98 | 17 | | | | | | | | | |
| 89 | 12 | 89 | 16 | | n/a | 118 | 3 | 118 | 4 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | | |
| 89 | 20 | 90 | 3 | | n/a | 118 | 7 | 118 | 11 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | | |
| 90 | 6 | 90 | 7 | | n/a | 122 | 9 | 122 | 10 | | | | | | | | | |
| 97 | 21 | 97 | 23 | | n/a | 122 | 12 | 122 | 18 | | | | | | | | | |
| 98 | 2 | 98 | 2 | | n/a | 164 | 7 | 164 | 13 | | | | | | | | | |
| 98 | 5 | 98 | 10 | | n/a | 165 | 17 | 166 | 8 | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 98 | 18 | 98 | 24 | | n/a | 175 | 12 | 175 | 18 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | |
| 106 | 8 | 106 | 12 | | n/a | 175 | 21 | 176 | 4 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | |
| 106 | 15 | 106 | 21 | Argumentative, calls for speculation. | The questioning is not argumentative as it properly summarizes the situation, and speculation is not applicable as the witness had knowledge of the meeting/information. In fact, the witness confirms that he understood the DEA presentation, and that in a follow-up meeting the DEA notified the witness (and McKesson) that it was going to issue a show cause order against McKesson (fully supporting the question at issue). See dep. at 106:24-107:2. | 178 | 20 | 178 | 25 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | | |
| 106 | 24 | 107 | 2 | | n/a | 179 | 3 | 179 | 11 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | | |
| 107 | 11 | 109 | 10 | Geographic scope; relevancy; hearsay. | Geographic scope is not applicable as the distribution regulations at issue are national in scope. Moreover, McKesson's policies and procedures relative to the distribution regulations (and systemic problems with those policies/procedures) are also national in scope, and certainly apply to Cabell/Huntington. For example, the witness attended the meeting at issue and admitted that "McKesson did not realize the volume of hydrocodone it was distributing because its distribution reports nationally "only included the name brand hydrocodone products distributed and was leaving out the generic products." See dep. exh. 6 at pp. 2-3. The testimony is relevant for these same reasons. Further, any geographic scope and/or relevance concerns are countered because this conduct/testimony also shows McKesson's routine practice. See FRE 406. This is not inadmissible hearsay pursuant to FRE 803(6), 803(3), and/or FRE 803(8). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). | 180 | 17 | 180 | 21 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 110 | 20 | 112 | 22 | Geographic scope; relevancy; hearsay. | This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Geographic scope is not applicable as the distribution regulations at issue are national in scope. Moreover, McKesson's policies and procedures relative to the distribution regulations (and systemic problems with those policies/procedures) are also national in scope, and certainly apply to Cabell/Huntington. For example, the witness attended the meeting at issue and admitted that McKesson did not realize the volume of hydrocodone it was distributing because its distribution reports nationally "only included the name brand hydrocodone products distributed and was leaving out the generic products." See dep. exh. 6 at pp. 2-3. The testimony is relevant for these same reasons. Further, any geographic scope and/or relevance concerns are countered becasue this conduct/testimony also shows McKesson's routine practice. See FRE 406. This is not inadmissible hearsay pursuant to FRE 803(6), 803(3), and/or FRE 803(8). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). | 180 | 25 | 181 | 3 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | | | |
| 112 | 25 | 113 | 6 | Geographic scope; relevancy; hearsay. | Same as above. | 181 | 5 | 181 | 7 | Improper Completeness Designation; no objection to treatment as a counter designation | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. | | | | | | |
| 112 | 25 | 113 | 6 | Geographic scope; relevancy; hearsay. | Same as above. | 182 | 21 | 183 | 2 | Improper Completeness Designation; answer is non-responsive to question asked; | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |
| 113 | 9 | 113 | 15 | Geographic scope; relevancy; hearsay. | Same as above. | 183 | 6 | 183 | 16 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |
| 113 | 19 | 113 | 24 | Geographic scope; relevancy; hearsay. | Same as above. | 183 | 18 | 184 | 1 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |
| 114 | 3 | 114 | 7 | Geographic scope; relevancy; hearsay. | Same as above. | 184 | 4 | 184 | 9 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |
| 114 | 10 | 114 | 14 | Geographic scope; relevancy; hearsay. | Same as above. | 184 | 11 | 184 | 18 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. See Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 114 | 17 | 115 | 9 | Geographic scope; relevancy; hearsay. | Same as above. | 184 | 22 | 186 | 5 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | |
| 115 | 12 | 117 | 6 | Geographic scope; relevance; hearsay. | Same as above. | 189 | 25 | 190 | 4 | | | | | | | |
| 117 | 9 | 117 | 9 | Geographic scope; relevance. | Same as above. | 190 | 8 | 190 | 12 | | | | | | | |
| 117 | 19 | 117 | 23 | Calls for speculation; geographic scope - relevance. | Same as above. Also, this is not speculation as the witness was involved with investigating the problems with the very distribution reports at issue and admitted that McKesson did not realize the volume of hydrocodone it was distributing because these reports "only included the name brand hydrocodone products distributed and was leaving out the generic products." *See* dep. exh. 6 at pp. 2-3. Moreover, in the questioning about this problem, the witness testified affirmatively that he and others at McKesson "realized that the reporting had an error". *See* dep. at 118:20. As such, the questioning is not calling for speculation, but rather for reasonable details. To the extent the witness did not recall specifics and/or could not confirm that the problems were isolated, that itself is consequential and is proper evidence showing a systemic problem. | 190 | 14 | 190 | 21 | | | | | | | |
| 118 | 1 | 118 | 1 | Calls for speculation; geographic scope - relevance. | Same as above. | 190 | 25 | 190 | 25 | | | | | | | |
| 122 | 20 | 122 | 24 | Calls for speculation. a/a; Foundation | Same as above. Also, foundation is not lacking for the same reasons. | 191 | 2 | 191 | 7 | Answer is non-responsive to question asked | Answer is responsive to question asked. | | | | | |
| 123 | 3 | 123 | 3 | | n/a | 191 | 11 | 191 | 19 | Answer is non-responsive to question asked | Answer is responsive to question asked. | | | | | |
| 123 | 5 | 123 | 7 | Calls for speculation; a/a; Foundation | This is not speculation and foundation is not lacking, as the witness was involved with investigating the problems with the very distribution reports at issue and admitted that McKesson did not realize the volume of hydrocodone it was distributing because these reports "only included the name brand hydrocodone products distributed and was leaving out the generic products." See dep. exh. 6 at pp. 2-3. Moreover, in the questioning about this problem, the witness testified affirmatively that he and others at McKesson "realized that the reporting had an error". See dep. at 118:20. As such, the questioning is not calling for speculation, but rather for reasonable details. To the extent the witness did not recall specifics and/or could not confirm that the problems were isolated, that itself is consequential and is proper evidence showing a systemic problem. | 193 | 11 | 193 | 16 | answer is non-responsive to question asked | Answer is responsive to question asked. | | | | | |
| 123 | 22 | 123 | 24 | Geographic scope; relevance; hearsay; foundation. | This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Geographic scope is not applicable as the distribution regulations at issue are national in scope. Moreover, McKesson's policies and procedures relative to the distribution regulations (and systemic problems with those policies/procedures) are also national in scope, and certainly apply to Cabell/Huntington. The testimony is relevant for these same reasons. Further, any geographic scope and/or relevance concerns are countered becasue this conduct/testimony also shows McKesson's routine practice. See FRE 406. This is not inadmissible hearsay pursuant to FRE 801(d)(2), 803(3) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). Further, this information is publicly available and the Court can take judicial notice of same pursuant to FRE 201. The foundation objection is an objection to form which was not made during the deposition and is thus waived. Further, the foundation is established by the exhibit itself, and the witness testified that he was aware of same. See e.g., dep. at 128:3-19. | 193 | 19 | 193 | 21 | answer is non-responsive to question asked | Answer is responsive to question asked. | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 124 | 3 | 124 | 9 | Geographic scope; relevance; hearsay; foundation. | Same as above. | 202 | 2 | 202 | 6 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | |
| 129 | 7 | 129 | 10 | Geographic scope; relevance. | This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Geographic scope is not applicable as the distribution regulations at issue are national in scope. Moreover, McKesson's policies and procedures relative to the distribution regulations (and systemic problems with those policies/procedures) are also national in scope, and certainly apply to Cabell/Huntington. The testimony is relevant for these same reasons. Additionally, any geographic scope and/or relevance concerns are countered because this conduct/testimony also shows McKesson's routine practice. *See* FRE 406. | 202 | 10 | 202 | 19 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | |
| 130 | 18 | 131 | 2 | Geographic scope; relevance; hearsay; foundation. | Same as above. Also, this is not hearsay pursuant to FRE 801(d)(2), 803(3) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). Further, this information is publicly available and the Court can take judicial notice of same pursuant to FRE 201. The foundation objection is an objection to form which was not made during the deposition and is thus waived. Further, the foundation is established by the exhibit itself, and the witness was provided all necessary information and facts to fully answer the question at issue. | 205 | 4 | 205 | 7 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | |
| 133 | 8 | 133 | 19 | Geographic scope; relevance; hearsay; foundation. | Geographic scope is not applicable as the distribution regulations at issue are national in scope. Moreover, McKesson's policies and procedures relative to the distribution regulations (and systemic problems with those policies/procedures) are also national in scope, and certainly apply to Cabell/Huntington. The testimony is relevant for these same reasons. Additionally, any geographic scope and/or relevance concerns are countered becasue this conduct/testimony also shows McKesson's routine practice. *See* FRE 406. Also, this is not hearsay pursuant to FRE 801(d)(2), 803(3) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). Further, this information is publicly available and the Court can take judicial notice of same pursuant to FRE 201. The foundation objection is an objection to form which was not made during the deposition and is thus waived. Further, the foundation is established by the exhibit itself, and the witness was provided all necessary information and facts to fully answer the question at issue. To the extent the witness did not recall specifics and/or could not confirm that the problems were isolated, that itself is consequential and is proper evidence showing a systemic problem. | 205 | 12 | 205 | 18 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | |
| 134 | 6 | 134 | 9 | Geographic scope; relevance; hearsay; foundation. | Same as above. | 231 | 7 | 231 | 13 | Answer is non-responsive after "I don't recall" | Answer is responsive to question asked. | | | | | |
| 134 | 12 | 134 | 17 | Geographic scope; relevance; hearsay; foundation. | Same as above. | 232 | 4 | 232 | 10 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | |

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 135 | 3 | 135 | 8 | Geographic scope; relevance; hearsay; foundation. | Same as above. | 232 | 13 | 232 | 20 | Improper Completeness Designation; answer is non-responsive to question asked | Fairness dictates that testimony be considered with the portions introduced by Plaintiffs. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Answer is responsive to question asked. | | | | | | |
| 135 | 11 | 135 | 11 | Geographic scope; relevance. | Same as above (except for hearsay and foundation, which are not objections asserted). | 293 | 21 | 294 | 4 | No question pending - Improper Narrative | Answer is a continuation of answer to question that immediately precedes the counter-designated testimony, which Plaintiffs designated affirmatively. | | | | | | |
| 136 | 23 | 137 | 17 | Geographic scope; relevance. Foundation | This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Geographic scope is not applicable as the distribution regulations at issue are national in scope. Moreover, McKesson's policies and procedures relative to the distribution regulations (and systemic problems with those policies/procedures) are also national in scope, and certainly apply to Cabell/Huntington. The testimony is relevant for these same reasons. Additionally, any geographic scope and/or relevance concerns are countered because this conduct/testimony also shows McKesson's routine practice. *See* FRE 406. The foundation is established by the exhibit itself, and the witness was provided all necessary information and facts to fully answer the question at issue. *See* dep. at 136:23-137:6. To the extent the witness did not recall specifics and/or could not confirm that the problems were isolated, that itself is consequential and is proper evidence showing a systemic problem. | 326 | 25 | 327 | 5 | | | | | | | | |
| 137 | 20 | 138 | 3 | Geographic scope; relevance. | Same as above (except for foundation, which is not an objection asserted). | 327 | 7 | 327 | 7 | | | | | | | | |
| 138 | 7 | 138 | 9 | Geographic scope; relevance; argumentative; misstates prior testimony | This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Geographic scope is not applicable as the distribution regulations at issue are national in scope. Moreover, McKesson's policies and procedures relative to the distribution regulations (and systemic problems with those policies/procedures) are also national in scope, and certainly apply to Cabell/Huntington. The testimony is relevant for these same reasons. Additionally, any geographic scope and/or relevance concerns are countered because this conduct/testimony also shows McKesson's routine practice. *See* FRE 406. The questioning is not argumentative nor does it misstate prior testimony, as it was the witness's immediate prior testimony and terminology which prompted the question at issue (as the witness used the term "minute details"). *See* dep. at 137:20-22. | 327 | 9 | 330 | 3 | 327:12-330:3 - Vague; Overbroad; Improper Narrative Response; Response is non-responsive to question asked | Answer is responsive to proper question asked. | | | | | | |
| 138 | 12 | 138 | 15 | Geographic scope; relevance. | Same as above (except for argumentative and mistating prior testimony, which are not objections asserted). | 332 | 18 | 332 | 25 | | | | | | | | |
| 162 | 20 | 163 | 10 | | n/a | 338 | 18 | 339 | 5 | | | | | | | | |
| 163 | 13 | 164 | 1 | | n/a | 350 | 6 | 350 | 8 | | | | | | | | |
| 166 | 9 | 166 | 17 | | n/a | 350 | 11 | 350 | 14 | | | | | | | | |
| 166 | 20 | 167 | 11 | | n/a | | | | | | | | | | | | |
| 167 | 15 | 167 | 25 | | n/a | | | | | | | | | | | | |
| 168 | 3 | 169 | 4 | | n/a | | | | | | | | | | | | |
| 169 | 7 | 169 | 16 | | n/a | | | | | | | | | | | | |
| 169 | 23 | 171 | 2 | | n/a | | | | | | | | | | | | |
| 171 | 6 | 171 | 10 | | n/a | | | | | | | | | | | | |
| 171 | 13 | 171 | 13 | | n/a | | | | | | | | | | | | |
| 171 | 15 | 171 | 16 | | n/a | | | | | | | | | | | | |
| 171 | 19 | 172 | 8 | | n/a | | | | | | | | | | | | |
| 172 | 11 | 173 | 1 | | n/a | | | | | | | | | | | | |
| 173 | 4 | 173 | 10 | | n/a | | | | | | | | | | | | |
| 173 | 13 | 173 | 17 | | n/a | | | | | | | | | | | | |
| 173 | 20 | 173 | 21 | | n/a | | | | | | | | | | | | |
| 174 | 24 | 175 | 4 | | n/a | | | | | | | | | | | | |
| 175 | 7 | 175 | 10 | | n/a | | | | | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 176 | 8 | 176 | 16 | Foundation; calls for speculation; asked and answered; calls for a legal conclusion. | Foundation and speculation are inapplicable as the witness's responsibilities included McKesson's compliance with the CSA, including suspicious order monitoring and reporting. *See e.g.*, dep. at 18:2-17 & 29:11-15. Moreover, the witness testified that he has knowledge and understanding of these reports. *See* dep. at 170:18-23. The question was previously asked but it was not previously answered fully, and clearly not as fully as in this designation. This is not a legal conclusion because the questioning/testimony involves factual information regarding the wtiness's notice, knowledge, understanding and/or acceptance of applicable regulations. |
| 176 | 20 | 176 | 22 | See above. | Same as above. |
| 187 | 17 | 187 | 22 | Hearsay that cannot be offered for its truth, no objection to introduction for a non-hearsay purpose. | This evidence is not inadmissible hearsay pursuant to FRE 803(5), 803(3) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). Further, this document has been verified and introduced by Plaintiffs with the designations of HDMA/H.D.A. 30(b)(6) deposition representative (John Kelly). *See* 5/10/2019 J. Kelly/H.D.A. dep. exh. 9. |
| 188 | 20 | 189 | 15 | Foundation; calls for speculation; relevance. The deponent did not recall receiving the exhibit, and is not listed as attending the meeting described by the exhibit. Hearsay that cannot be offered for its truth, no objection to introductoin for a non-hearsay purpose. | The foundation and speculation objections are form objections which were not made during the deposition for most of the questions in this designation, and are thus waived. Moreover, the underlying facts are fully outlined for the witness, and the witness confirmed that he was aware of the meeting and likely received the information at issue. *See* dep. at 189:10-19. This evidence is not inadmissible hearsay pursuant to FRE 803(5), 803(3) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). Relevance is established for these same reasons. |
| 189 | 18 | 189 | 19 | See above. Misstates prior testimony. | Same as above. Also, the testimony is not misstated as this designation is the wtiness's actual testimony. |
| 194 | 1 | 194 | 8 | Completeness; foundation; calls for speculation; calls for a legal conclusion; asked and answered. | Completeness is not applicable as Plaintiffs have designated the applicable/operative portion of the question. Also, to the extent McKesson wishes additional designations, it has the opportunity to designate same. The foundation was established through prior testimony, including that the witness's responsibilities included McKesson's compliance with the CSA, and McKesson's suspicious order monitoring and reporting (*see e.g.*, dep. at 18:2-17 & 29:11-15). Moreover, the witness testified that he has knowledge and understanding of these reports. *See* dep. at 170:18-23. This is not a legal conclusion because the questioning/testimony involves factual information regarding the wtiness's notice, knowledge, understanding and/or acceptance of applicable regulations. The question was previously asked in a different way and it was not previously answered clearly. Also, the other questioning (even though different) was not designated. |
| 194 | 12 | 194 | 12 | See above. | Same as above. |
| 194 | 16 | 194 | 21 | Calls for hearsay; calls for speculation; calls for a legal conclusion. | This evidence is not inadmissible hearsay pursuant to FRE 801(d)(2), FRE 803(5) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the information also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations). The question does not call for speculation as the witness was actually involved in the communication (as set forth in other questioning/testimony). *See* dep. at 195:3-197:17; dep. exh. 12. This is not a legal conclusion because the questioning/testimony involves factual information regarding the wtiness's notice, knowledge, understanding and/or acceptance of applicable regulations. |
| 194 | 25 | 195 | 5 | See above. | Same as above. |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 195 | 20 | 198 | 23 | Calls for a legal conclusion. | This is not a legal conclusion because the questioning/testimony involves factual information regarding the witness's notice, knowledge, understanding and/or acceptance of applicable regulations. | | | | | | | | |
| 199 | 1 | 199 | 3 | See above. | Same as above. | | | | | | | | |
| 205 | 22 | 206 | 3 | See above. | Same as above. | | | | | | | | |
| 206 | 7 | 206 | 8 | See above. | Same as above. | | | | | | | | |
| 206 | 11 | 207 | 1 | See above. | Same as above. | | | | | | | | |
| 207 | 4 | 207 | 5 | See above. | Same as above. | | | | | | | | |
| 207 | 19 | 207 | 21 | | n/a | | | | | | | | |
| 207 | 24 | 208 | 1 | | n/a | | | | | | | | |
| 208 | 16 | 209 | 2 | | n/a | | | | | | | | |
| 209 | 5 | 209 | 11 | Foundation; calls for speculation (209:8-15). | As set-forth in the questioning, the foundation was provided with the prior questioning/testimony, and the witness testified that he recalled and understood same. *See* dep. at 208:16-209:6. Moreover, the witness confirmed the underlyng backround and facts, in the designation at issue as well as in other testimony. *See e.g.*, dep. at 209:17-210:4. Speculation is also inapplicable for these same reasons. | | | | | | | | |
| 209 | 14 | 210 | 8 | Foundation; calls for speculation (209:8-15). Foundation; hearsay (209:21-210:1). | Same as above. | | | | | | | | |
| 210 | 12 | 210 | 23 | n/a | n/a | | | | | | | | |
| 212 | 23 | 213 | 10 | Hearsay; geographic scope. | This evidence is not inadmissible hearsay pursuant to FRE 801(d)(2), FRE 803(5) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the information also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations). This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Geographic scope is not applicable as the distribution regulations at issue are national in scope. Moreover, McKesson's policies and procedures relative to the distribution regulations (and systemic problems with those policies/procedures) are also national in scope, and certainly apply to Cabell/Huntington. Similarly, the settlement agreement itself documents national and systemic violations of the CSA by McKesson. *See* ECF Doc. No. 1297 at 12. | | | | | | | | |
| 215 | 1 | 215 | 6 | Foundation; calls for speculation. | As set-forth in the questioning, the foundation was provided with the prior questioning/testimony, and the witness testified that he recalled and understood same. See dep. at 210:14-214:24. Moreover, the witness confirmed the underlyng backround and facts. *Id*.. The witness was able to and did answer the question, and indicated no issues with lack of knowledge or understanding. Speculation is also inapplicable for these same reasons. | | | | | | | | |
| 215 | 9 | 215 | 10 | See above. | Same as above. | | | | | | | | |
| 215 | 18 | 215 | 22 | | n/a | | | | | | | | |
| 216 | 2 | 217 | 10 | Hearsay that cannot be offered for the truth, no objection to introduction for non-hearsay purpose; foundation; calls for expert testimony (217:1-10). | This evidence is not inadmissible hearsay pursuant to FRE 801(d)(2), FRE 803(5), 803(3) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). These other objections (e.g., foundation, expert testimony) are form objections which were not made during the deposition and are thus waived. Further, the foundation was set forth with the substance of the exhibit and the witness's testimony that he previously reviewed it. *See* dep. at 216:14-16. Also, expert testimony is not applicable as the witness (with vast experience and expertise in controlled substances generally, and opioids specifically) as well as the McKesson presentation should have had and did have the knowledge to address the topic. | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 217 | 18 | 218 | 20 | Foundation; hearsay (217:18-4). Foundation; calls for legal conclusion (218:12-16). | These objections (foundation, legal conclusion) are form objections which were not made during the deposition and are thus waived.  Further, the foundation was set forth with the substance of the exhibit and the witness's testimony that he previously reviewed it (see dep. at 216:14-16), and the witness was even able to explain/elaborate on it.  *See* dep. at 218:5-11.  This is not a legal conclusion because the questioning/testimony involves factual information regarding the wtiness's notice, knowledge, understanding and/or acceptance of applicable regulations.  Hearsay is inapplicable pursuant to FRE 801(d)(2), FRE 803(5), 803(3) and/or FRE 803(6).  Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). |
| 219 | 7 | 219 | 11 | | n/a |
| 219 | 14 | 220 | 1 | | n/a |
| 220 | 16 | 221 | 13 | | n/a |
| 221 | 16 | 221 | 23 | Foundation; calls for speculation (221:20-23) | Foundation and speculation are inapplicable as the witness's responsibilities included McKesson's compliance with the CSA, including suspicious order monitoring and reporting.  *See e.g.*, dep. at 18:2-17 & 29:11-15. In fact, the witness testified that he actually co-drafted the policy/procedure at issue.  *See* dep. at 221:16-25.  As such, the questioning is not calling for speculation, but rather for reasonable details. To the extent the witness did not recall specifics and/or could not confirm reasoning why they set the thresholds at the number chosen, that itself is consequential and is proper evidence showing a systemic problems and lack of proper policies/procedures. |
| 222 | 1 | 222 | 3 | See above. | Same as above. |
| 222 | 22 | 223 | 1 | Foundation; calls for speculation. | Foundation and speculation are inapplicable as the witness's responsibilities included McKesson's compliance with the CSA, including suspicious order monitoring and reporting. See e.g., dep. at 18:2-17 & 29:11-15.  The foundation was even further set forth with the substance of the exhibit and the witness's testimony that he previously reviewed it (see dep. at 216:14-16), and the witness was even able to explain/elaborate on it.  *See e.g.*, dep. at 218:5-11.  Speculation is also inapplicable inasmuch as the questioning sought the witness's understanding of the exhibit/information.  In fact, the witness confirmed his understanding.  *See* dep. at 223:4. |
| 223 | 4 | 223 | 4 | See above. | Same as above. |
| 224 | 22 | 225 | 6 | Foundation. | This is a form objection which was not made at the time of the designation for this question, and is thus waived.  Moreover, the foundation was established through the exhibit (showing the witness was included in the audit and was the process owner of the audit subject) at issue and through additional questioning.  *See* e.g., dep. exh. 15.  *See also*, dep. at 225:12-226:7. |
| 225 | 8 | 225 | 8 | Foundation. | Same as above. |
| 225 | 12 | 225 | 14 | | n/a |
| 225 | 18 | 226 | 15 | | n/a |
| 228 | 1 | 229 | 15 | Foundation; vague; calls for speculation (229:10-15). | The foundation was established through the exhibit (showing the witness was included in the audit and was the process owner of the audit subject) at issue and through other questioning.  See e.g., dep. exh. 15. See also, dep. at 225:12-226:7.  The background and facts were additionally established and confirmed (e.g., underreporting and problems with same being significant) through another exhibit and other testimony.  *See* dep. exh. 5; dep. at 122:12-18.  This is not vague or speculation because the witness had the requisite knowledge, experience and responsibilities at McKeseson (with nearly 20 years in Regulatory Affairs and responsibility for McKesson's compliance with applicable regulations).  *See e.g.*, dep. at 18:2-17 & 29:11-15. Moreover, the witness knew that underreporting of orders was a significant problem.  *See e.g.*, dep. exh. 5; dep. at 122:12-18. |
| 229 | 18 | 229 | 22 | See above. | Same as above. |
| 229 | 25 | 229 | 25 | See above. | Same as above. |
| 230 | 2 | 230 | 3 | See above | Same as above. |
| 230 | 6 | 231 | 6 | See above (230:6-7). | Same as above. |
| 231 | 14 | 231 | 24 | | n/a |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 233 | 10 | 233 | 18 | | n/a | | | | | | | | | | |
| 234 | 14 | 235 | 5 | Vague. | The questioning includes as its basis a direct quote from McKesson's document. Moreover, the witness was able to (and did) answer the question.  Also, while Plaintiffs submit that the questioning/testimony is not vague, any potential vagueness can be properly minimized and/or contextualized and weighted accordingly in this Bench trial. | | | | | | | | | | |
| 235 | 7 | 235 | 8 | See above. | Same as above. | | | | | | | | | | |
| 235 | 19 | 235 | 21 | | n/a | | | | | | | | | | |
| 236 | 1 | 236 | 9 | Completeness; foundation; geographic scope. | While Plaintiffs believe that the operative/necessary portion of the transcript has been designated, we will add a designation at 235:19-25.  With respect to foundation, this is an objection to form which was not made during the deposition, and is thus waived.  Moreover, the foundation was established with the witness's approximately 20 years of experience and regulatory responsibilities for McKesson (*see e.g.*, dep. at 18:2-17 & 29:11-15), as well as in other testimony and exhibits which confirm the background and underlying facts of the questioning (including that the SOP does not distinguish between hospital accounts, retail accounts, and independent accounts).  *See* dep. at 239:10-241:11; dep. exh. 17.  This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Geographic scope is not applicable as McKesson's policies and procedures at issue in the questioning (and systemic problems with those policies/procedures) are national in scope, and certainly apply to Cabell/Huntington. | | | | | | | | | | |
| 236 | 16 | 237 | 23 | Foundation; geographic scope (236:16-237:18 237:23).  Foundation; calls for speculation (237:19-23). | Same as above relative to foundation and geographic scope as well as speculation. Also, the questioning is not calling for speculation, but rather for reasonable details. To the extent the witness did not recall specifics and/or could not confirm the information, that itself would be consequential and is proper evidence showing problems with McKesson's policies.  Nonetheless, the witness was in fact provided with the SOP in question and was able to confirm its contents (including that the SOP does not distinguish between hospital accounts, retail accounts, and independent accounts).  *See* dep. at 239:10-241:11; dep. exh. 17. | | | | | | | | | | |
| 238 | 1 | 238 | 2 | Foundation; calls for speculation. | Same as above. | | | | | | | | | | |
| 239 | 10 | 239 | 13 | | n/a | | | | | | | | | | |
| 239 | 17 | 241 | 17 | Object to prelude, assumes facts (239:25-240:9).  Vague (241:12-17). | These are form objections which were not raised during the deposition and are thus waived.  Also, although Plaintiffs submit the prelude/questioning is appropriate, it was also allowed pursuant to FRE 611 to develop the witness's testimony and/or FRE 611(c)(2) since the witness was identified with McKesson and represented by counsel for McKesson.  Additionally, the facts are not assumed but are rather established and confirmed not only by the testimony but also by the corresponding exhibit.  *See* dep. at 239:17-24; dep. exh. 17.  Also, while Plaintiffs submit that the questioning/testimony is not vague, any potential vagueness can be properly minimized and/or contextualized and weighted accordingly in this Bench trial. | | | | | | | | | | |
| 241 | 19 | 241 | 25 | Vague (241-19-20). | The questioning is not vague as it references McKesson's policies/procedures at issue (see dep. exh. 17).  Further, the witness was able to and did answer the question.  Also, while Plaintiffs submit that the questioning/testimony is not vague, any potential vagueness can be properly minimized and/or contextualized and weighted accordingly in this Bench trial. | | | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 242 | 4 | 244 | 1 | Foundation; geographic scope. Foundation; calls for speculation (243:24-244:1). | Foundation is a form objection which was not raised during the deposition and is thus waived. Also, the foundation is established through the McKesson policy/procedure at issue, from which the questioning quotes. *See* dep. exh. 18. This Court has already ruled that Defendants' conduct outside of Cabell/Huntington "is generally relevant to Defendants' conduct within the Track [Two] Counties." See ECF 1297, at 10. Geographic scope is not applicable as McKesson's policies and procedures at issue in the questioning (and systemic problems with those policies/procedures) are national in scope, and certainly apply to Cabell/Huntington. Speculation is not applicable because the information comes directly from the McKesson policy/procedure at issue (dep. exh. 18), and because the witness had the experience and responsibilites covering the topic (*see e.g.,* dep. at 18:2-17 & 29:11-15). As such, the questioning is not calling for speculation, but rather for reasonable details. To the extent the witness did not recall specifics and/or could not confirm the information, that itself would be consequential and is proper evidence showing problems with McKesson's policies. |
| 244 | 4 | 244 | 9 | Foundation; calls for speculation. | Same as above. |
| 244 | 12 | 244 | 17 | Foundation; calls for speculation. | Same as above. |
| 244 | 21 | 245 | 7 | | n/a |
| 245 | 12 | 247 | 14 | Misstates the document (247:11-14). | The question does not misstate the document. The operative language ("lack of process oversight could lead to non-compliance") is taken/quoted from the document. *See* dep. exh. 19 at p. 8. The witness confirms the accuracy of the language at 247:10. Then, the questioning inquires whether that would apply to any measure in regulatory affairs, and the witness not only fully answered without a problem, but explained his answer at 247:17-19. Also, while Plaintiffs submit that the questioning does not misstate the document (but rather elaborates and/or goes further after establishing appropriately), any potential issue can be properly minimized and/or contextualized and weighted accordingly in this Bench trial. |
| 247 | 17 | 247 | 19 | See above. | Same as above. |
| 272 | 7 | 272 | 10 | | n/a |
| 272 | 14 | 273 | 3 | Foundation. | This is an objection to form which was not made to the questioning at issue during the deposition, and is thus waived. Also, the foundation is properly set forth by the McKesson publication costituting the exhibit (see dep. exh. 22). Further, the witness had the appropriate knowledge, experience and role/responsibility regarding the information (*see e.g*., dep. at 18:2-17 & 29:11-15). Moreover, the witness was able to answer the questions and confirm the information at issue in the designation. |
| 274 | 6 | 274 | 12 | Foundation. | The foundation for the threshold alert/warning is contained within the document which the witness is being questioned about. *See* dep. exh. 22 at pp. 4-5. Additionally, the witness had the appropriate knowledge, experience and role/responsibility regarding the information (*see e.g.*, dep. at 18:2-17 & 29:11-15), and the witness was able to answer the questions and confirm the information at issue in the designation. |
| 274 | 15 | 274 | 22 | | n/a |
| 274 | 25 | 274 | 25 | | n/a |
| 276 | 7 | 276 | 14 | Foundation; calls for speculation. | The foundation for the threshold alert/warning is contained within the document which the witness is being questioned about. See dep. exh. 22 at pp. 4-5. Additionally, the witness had the appropriate knowledge, experience and role/responsibility regarding the information (see e.g., dep. at 18:2-17 & 29:11-15), and the witness was able to answer the questions and confirm the information at issue in the designation. As such, the questioning is not calling for speculation, but rather for reasonable details and/or confirmation (which the witness provided at 276:17). |
| 276 | 17 | 276 | 21 | Foundation; calls for speculation. | Same as above. Also, to the extent the witness did not agree, he answered accordingly and provided his full explanation. |
| 276 | 24 | 277 | 1 | Foundation; calls for speculation. | Same as above. |
| 277 | 20 | 277 | 24 | | n/a |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 278 | 2 | 278 | 2 | | n/a | | | | | | | | | |
| 278 | 5 | 278 | 10 | | n/a | | | | | | | | | |
| 278 | 14 | 280 | 19 | Mischaracterizes the document. Questioning conflates an email from 2006 with a threashold review process described in a 2008 document without showing a connection between the two. | This is an objection to form which was not raised for any of the questioning at issue during the deposition, and is thus waived. Moreover, the questioning simply quotes from the document itself, which was an email chain between the witness and others. See dep. exh. 23. Further, the witness confirmed his statements and the communication at issue. | | | | | | | | | |
| 281 | 11 | 282 | 15 | Hearsay; foundation; calls for speculation. | This evidence is not inadmissible hearsay pursuant to FRE 803(8) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). The foundation is established by the exhibit itself (confirming the information and the witness's attendance at the meeting) as well as the witness's prior testimony confirming same. *See* dep. at pp. 79-80. Further, the witness had the appropriate knowledge, experience and role/responsibility regarding the information (*see e.g.* , dep. at 18:2-17 & 29:11-15). As such, the questioning is not calling for speculation, but rather for reasonable details and/or the witness's understanding based on the information provided. | | | | | | | | | |
| 282 | 18 | 282 | 19 | See above. | Same as above. | | | | | | | | | |
| 282 | 21 | 282 | 25 | Hearsay. | This evidence is not inadmissible hearsay pursuant to FRE 803(8) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). | | | | | | | | | |
| 284 | 7 | 285 | 19 | Hearsay that cannot be offered for the truth, no objection to introduction for non-hearsay purpose. | This same form 9/27/2006 DEA/Rannazzisi letter has been admitted into evidence (P-00032). Also, the McKesson version has been verified and moved for admission by Plaintiffs. *See* 7/31/2018 Hartle/MCK 30(b)(6) dep. at 161:19-23 & 163:24-164:11 (acknowledging McKesson's receipt and understanding of the 9/27/2006 DEA letter at issue); 7/31/2018 Hartle/MCK 30(b)(6) dep. exh. 16. Moreover, this is not inadmissible hearsay pursuant to FRE 803(8) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). | | | | | | | | | |
| 285 | 22 | 285 | 22 | See above. | Same as above. | | | | | | | | | |
| 286 | 14 | 287 | 16 | | n/a | | | | | | | | | |
| 287 | 20 | 288 | 22 | | n/a | | | | | | | | | |
| 289 | 7 | 292 | 22 | | n/a | | | | | | | | | |
| 292 | 25 | 293 | 16 | Hearsay (293:10-19). | This is not inadmissible hearsay pursuant to FRE 803(8) and/or FRE 803(6). Also, hearsay is not applicable because FRE 801(c)(2) is not satisfied (as the exhibit also proves notice, knowledge, understanding and/or acceptance of applicable distribution regulations, DEA's interpretation or enforcement of distribution regulations, feasibility of compliance with regulations, as well as notice/knowledge of opioid abuse and/or diversion). | | | | | | | | | |
| 293 | 19 | 293 | 19 | See above. | Same as above. | | | | | | | | | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 294 | 5 | 294 | 18 | Obect to attorney question/prelude without an answer (294:13-18). | This designation is necessary to provide background and/or context, and was in fact answered with a full explanation by the witness at 295:1-7.  Also, although Plaintiffs submit the prelude/questioning is appropriate, it was also allowed pursuant to FRE 611 to develop the witness's testimony and/or FRE 611(c)(2) since the witness was identified with McKesson and represented by counsel for McKesson.  Additionally, the facts are not assumed but are rather established and confirmed by the corresponding exhibit. Further, while Plaintiffs submit that the questioning/testimony is appropriate, any potential vagueness can be properly minimized and/or contextualized and weighted accordingly in this Bench trial. | | | | | | | | |
| 294 | 21 | 294 | 23 | Vague; misstates the document. | Vagueness is not applicable as it references a specific document and issue as the 9/11/2007 email written by the witness (see dep. exh. 20), which the witness previously testified about and confirmed relative to the topic at issue (the DEA requiring reporting of suspicious orders and not just suspicious sales). *See* dep. at 286:14-287:19. For these same reasons, the questioning does not misstate the document.  Further, while Plaintiffs submit that the questioning/testimony is appropriate, any potential issues can be properly minimized and/or contextualized and weighted accordingly in this Bench trial. | | | | | | | | |
| 295 | 1 | 295 | 15 | Vague; misstates the document; calls for speculation. | Same as above.  Also, as to the speculation objection, the witness had the appropriate knowledge, experience and role/responsibility regarding the matter (*see e.g.* , dep. at 18:2-17 & 29:11-15).  As such, the questioning is not calling for speculation, but rather for reasonable details and/or the witness's understanding based on the information provided. To the extent the witness did not recall specifics and/or could not confirm a matter, that itself is consequential and is proper evidence showing problem with McKesson's policies/procedures as well as personnel. | | | | | | | | |
| 295 | 19 | 296 | 8 | See above. | Same as above. | | | | | | | | |
| 296 | 12 | 296 | 12 | See above. Argumentative. | Same as above.  Also, the form of the question is not argumentative, as there was a legitimate basis for asking how it would be possible to report all suspicious orders when McKesson was uncertain about how to report suspicious orders that it did not fill and previously report.  Moreover, the questioning allowed the witness to properly and/or fully answer, which the witness did. Further, while Plaintiffs submit that the question is appropriate, any potential argumentative portion can be ignored and/or minimized and properly weighted in this Bench trial. | | | | | | | | |
| 296 | 15 | 297 | 2 | See above. Argumentative. | Same as above. | | | | | | | | |
| 297 | 6 | 297 | 16 | See above. Argumentative; assumes facts. | Same as above.  The facts are not assumed as they are provided by the related exhibits as well as by the witness's testimony.  *See*  dep. exhs. 3, 4, 20.  *See also* , dep. at 297:6-23. | | | | | | | | |
| 297 | 20 | 298 | 6 | See above. Argumentative; asked and answered. | Same as above.  Also, the precise question at issue was not previously asked.  Moreover, the witness's answer elaborates further from prior answers, providing additional reasoning and/or facts. | | | | | | | | |
| 298 | 11 | 298 | 20 | See above. | Same as above. | | | | | | | | |
| 298 | 24 | 298 | 25 | See above. | Same as above. | | | | | | | | |
| 299 | 2 | 299 | 12 | See above. | Same as above. | | | | | | | | |
| 299 | 17 | 299 | 24 | | n/a | | | | | | | | |
| 300 | 2 | 300 | 2 | | n/a | | | | | | | | |