# D.4

| WITNESS NAME: | Mapes, Michael | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 7/11/2019 & 7/12/2019 | | | | | | | | | | | | |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | PLAINTIFF COUNTER DESIGNATIONS  *Pink = Completeness Designation* | | | | | | DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation* | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |

| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 24 | 17 | 25 | n/a | | 67 | 4 | 67 | 12 | improper completeness designation | Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants regarding witness background and experience. See Mapes Dep. at 47:16-48:2, 48:4-5; 91:14-92:15, 92:23-93:25, 94:3; 94:22-95:2, 95:5-6; etc. | 227 | 3 | 228 | 2 | Relevance; Mischaracterization; Misleading. | There is nothing misleading about this testimony.  This testimony is a completeness reply to plaintiffs' designations related to Mr. Mapes' work in this litigation, and is clearly relevant to provide context to that line of questioning.  Additionally, these are form objections and were not made at the time, so any such objection was waived. |
| 47 | 16 | 48 | 2 | n/a | | 70 | 3 | 70 | 6 | improper completeness designation | Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants regarding witness background and experience. See Mapes Dep. at 47:16-48:2, 48:4-5; 91:14-92:15, 92:23-93:25, 94:3; 94:22-95:2, 95:5-6; etc.  Further, facts related to relationships between the witnesses and parties provide subject matter that may impact the witness's credibility. | 228 | 13 | 229 | 1 | Relevance; Mischaracterization; Misleading. | Same as above. |
| 48 | 4 | 48 | 5 | n/a | | 70 | 15 | 70 | 17 | improper completeness designation | Same as above. | 229 | 17 | 229 | 21 | Relevance; Mischaracterization; Misleading. | Same as above. |
| 80 | 1 | 80 | 16 | n/a | | 70 | 21 | 70 | 25 | improper completeness designation | Same as above. | 510 | 22 | 511 | 3 | n/a | |
| 80 | 18 | 80 | 22 | n/a | | 79 | 3 | 79 | 11 | improper completeness designation | Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants regarding witness background and experience. See Mapes Dep. at 47:16-48:2, 48:4-5; 91:14-92:15, 92:23-93:25, 94:3; 94:22-95:2, 95:5-6; etc.  Additionally, the status of the regulation regarding the identification and reporting of suspicious orders governing the Defendants as registrants under the CSA is a matter of material fact at issue and appropriately designated. | 512 | 6 | 512 | 12 | n/a | |
| 80 | 24 | 80 | 24 | n/a | | 81 | 12 | 82 | 1 | | n/a | 512 | 14 | 512 | 17 | n/a | |
| 81 | 2 | 81 | 4 | n/a | | 130 | 12 | 131 | 19 | | n/a | 512 | 23 | 513 | 3 | n/a | |
| 81 | 6 | 81 | 11 | n/a | | 131 | 24 | 132 | 1 | | n/a | 514 | 12 | 514 | 18 | n/a | |
| 85 | 5 | 85 | 8 | n/a | | 132 | 3 | 132 | 19 | | n/a | 518 | 7 | 519 | 3 | n/a | |
| 85 | 11 | 85 | 11 | n/a | | 137 | 8 | 137 | 14 | | n/a | 520 | 14 | 521 | 20 | n/a | |
| 87 | 21 | 87 | 23 | n/a | | 138 | 13 | 138 | 15 | | n/a | 520 | 22 | 521 | 9 | n/a | |
| 88 | 2 | 88 | 2 | n/a | | 138 | 25 | 140 | 1 | | n/a | 521 | 15 | 521 | 18 | n/a | |
| 90 | 25 | 91 | 10 | n/a | | 140 | 11 | 140 | 15 | | n/a | | | | | | |
| 91 | 12 | 91 | 12 | n/a | | 140 | 18 | 140 | 19 | | n/a | | | | | | |
| 91 | 14 | 91 | 17 | n/a | | 140 | 21 | 140 | 25 | | n/a | | | | | | |

| WITNESS NAME: | Mapes, Michael | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 7/11/2019 & 7/12/2019 | | | | | | | | | | | | |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | PLAINTIFF COUNTER DESIGNATIONS  *Pink = Completeness Designation | | | | | | DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 91 | 18 | 92 | 15 | n/a | | 163 | 2 | 163 | 7 | outside the scope of affirmative designations | This line of questioning is not outside the scope of proper examination of this witness in mode, order, or topic. The subject matter at issue is an area of material fact, whether disputed or not. Further, this court may allow inquiry into additional matters as if on direct examination, especially where, as here, the examination is effective for determining the truth, avoids wasting time, and does not cause the witness harassment or undue embarrassment. See FRE 611. Specifically, the role of the DEA in relation to the Defendants as regulators of registrants in the closed regulatory system is a matter thoroughly addressed by Defendants both in the trial generally and in the examination of this witness, specifically. See Mapes Dep. 85:5-8; 90:25-91:10; 91:14-92:15; 92:23-93:25; 97:25-98:4; etc. Furthermore, ABDC has introduced testimony that suggests the DEA approved the ABDC SOMS, so clarification regarding the interplay of the DEA and ABDC on ABDC's SOMS program developed after having been issued an order to show cause and immediate suspension of registration is a matter of material fact at issue and appropriately designated. | | | | |
| 92 | 23 | 92 | 25 | n/a | | 163 | 11 | 163 | 14 | outside the scope of affirmative designations | Same as above. | | | | |
| 93 | 2 | 93 | 25 | | | | | | | | | | | | |
| 94 | 3 | 94 | 3 | n/a | | 179 | 20 | 180 | 8 | improper completeness designation; foundation | Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants the DEA-sponsored pharmaceutical industry conference in Houston, TX in September 2007 with a presentation by Chris Zimmerman. See Mapes Dep. at 177:19-178:4; 178:11-16; 178:24-179:9; etc. Additionally, the status of the regulation regarding the identification and reporting of suspicious orders governing the Defendants as registrants under the CSA is a matter of material fact at issue and appropriately designated. Lack of Foundation is not supported. The foundation is provided by the elicited testimony and/or document itself. Finally, the witness was capable of answering, as shown by the testimony. The lack of comprehension does not negate that the factual testimonial evidence to be considered is the lack of comprehension by the DEA presenter at the same event. | | | | |
| 94 | 22 | 95 | 2 | n/a | | 180 | 20 | 180 | 25 | improper completeness designation; foundation (document did not refresh witness's recollection) | Same as above. Further, the document need not have refreshed the witness's recollection. Suffice that the review elicited the factual testimonial evidence that the DEA presenter on the stage presenting with ABDC's Chris Zimmerman did not recall referring to the ABDC changed SOMS program as "the new industry standard." | | | | |
| 95 | 5 | 95 | 6 | n/a | | 181 | 21 | 181 | 23 | improper completeness designation | Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants the DEA-sponsored pharmaceutical industry conference in Houston, TX in September 2007 with a presentation by Chris Zimmerman. See Mapes Dep. at 177:19-178:4; 178:11-16; 178:24-179:9; etc. Additionally, the status of the regulation regarding the identification and reporting of suspicious orders governing the Defendants as registrants under the CSA is a matter of material fact at issue and appropriately designated. Lack of Foundation is not supported. | | | | |

| WITNESS NAME: | Mapes, Michael | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 7/11/2019 & 7/12/2019 | | | | | | | | | | | | |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | PLAINTIFF COUNTER DESIGNATIONS  *Pink = Completeness Designation | | | | | | DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 95 | 8 | 95 | 19 | n/a | | 182 | 24 | 183 | 25 | improper completeness designation; foundation (witness testified that he did not recall the details of the presentation & when shown the presentation at his deposition, his recollection was not refreshed (see 180:20-25)) | Same as above. Further, the document need not have refreshed the witness's recollection. Suffice that the review elicited the factual testimonial evidence that the DEA presenter on the stage presenting with ABDC's Chris Zimmerman did not recall referring to the ABDC changed SOMS program as "the new industry standard." | | | | |
| 95 | 24 | 96 | 12 | n/a | | 184 | 4 | 184 | 4 | improper completeness designation | Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants the DEA-sponsored pharmaceutical industry conference in Houston, TX in September 2007 with a presentation by Chris Zimmerman. See Mapes Dep. at 177:19-178:4; 178:11-16; 178:24-179:9; etc. Additionally, the status of the regulation regarding the identification and reporting of suspicious orders governing the Defendants as registrants under the CSA is a matter of material fact at issue and appropriately designated. Lack of Foundation is not supported. | | | | |
| 96 | 15 | 96 | 15 | n/a | | 184 | 11 | 184 | 12 | improper completeness designation | Same as above. | | | | |
| 96 | 21 | 96 | 22 | n/a | | 184 | 14 | 184 | 25 | improper completeness designation; outside the scope of affirmative designations | This line of questioning is not outside the scope of proper examination of this witness in mode, order, or topic. The subject matter at issue is an area of material fact, whether disputed or not. Further, this court may allow inquiry into additional matters as if on direct examination, especially where, as here, the examination is effective for determining the truth, avoids wasting time, and does not cause the witness harassment or undue embarrassment. See FRE 611. Additionally, pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants regarding witness background and experience. See Mapes Dep. at 47:16-48:2, 48:4-5; 91:14-92:15, 92:23-93:25, 94:3; 94:22-95:2, 95:5-6; etc.  Further, facts related to relationships between the witnesses and parties provide subject matter that may impact the witness's credibility. | | | | |

| WITNESS NAME: | Mapes, Michael | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | 7/11/2019 & 7/12/2019 | | | | | | | | | | | | |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | PLAINTIFF COUNTER DESIGNATIONS  *Pink = Completeness Designation | | | | | DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 97 | 9 | 97 | 10 | n/a | | 202 | 22 | 203 | 19 | improper completeness designation | Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants related to the status of the regulation regarding the identification and reporting of suspicious orders governing the Defendants as registrants under the CSA is a matter of material fact at issue and appropriately designated. Specifically, the role of the DEA in relation to the Defendants as regulators of registrants in the closed regulatory system is a matter thoroughly addressed by Defendants both in the trial generally and in the examination of this witness, specifically. See Mapes Dep. 85:5-8; 90:25-91:10; 91:14-92:15; 92:23-93:25; 97:25-98:4; etc. Furthermore, all Defendants have made reference to a version of excessive purchase reports or ingredient limit reports submitted to the DEA that they believed fulfilled their regulatory obligations, so clarification that the witness while a DEA regulatory agent was "looking for reports that the wholesalers had reviewed, not just with a raw number of drugs that were ordered but reviewed . . . and determined that [the order] was suspicious," is a matter of material fact at issue and appropriately designated. | | | | |
| 97 | 12 | 97 | 13 | n/a | | 206 | 15 | 207 | 5 | relevance | Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Here, the witness testified he performed cyclic audits on the Defendants, which included review of SOMS. The fact that these investigative reports were not provided to Defendants but were accessible to Defendants is a matter of material fact that is at issue because the Defendants allege either that DEA approved of their SOMS or that Defendants could not obtain information of the DEA's evaluation of their SOMS. This testimony is appropriately designated. | | | | |
| 97 | 25 | 98 | 4 | n/a | | 216 | 10 | 216 | 14 | | n/a | | | | |
| 98 | 7 | 98 | 22 | n/a | | 216 | 20 | 217 | 1 | | n/a | | | | |
| 98 | 24 | 99 | 13 | n/a | | 217 | 3 | 217 | 24 | improper completeness designation | Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants regarding "the objective of this additional diligence that you [DEA] were requesting out of the distributors." See Mapes Dep. at 216:4-9; 217:25-218:10; 218:13-15; 218:18-20; 218:23; etc. Additionally, the DEA's position on the status of the regulation regarding the identification and reporting of suspicious orders governing the Defendants as registrants under the CSA is a matter of material fact at issue and appropriately designated. | | | | |
| 129 | 15 | 130 | 2 | n/a | | 221 | 4 | 221 | 12 | improper completeness designation | Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Fairness requires this designation because it completes, explains, and/or provides context to the testimony designated by Defendants regarding diversion. See Mapes Dep. at 223:14-224:11; 224:21-24; 225:2; 226:5-8; 226:12; etc. | | | | |
| 130 | 8 | 130 | 10 | n/a | | 224 | 12 | 224 | 16 | improper completeness designation; foundation | Same as above. Additionally, Lack of Foundation is not supported. The foundation is provided by the elicited testimony and/or document itself. Finally, the witness was capable of answering, as shown by the testimony. | | | | |
| 134 | 1 | 134 | 2 | n/a | | 225 | 4 | 225 | 21 | | n/a | | | | |
| 134 | 4 | 134 | 20 | n/a | | 225 | 24 | 225 | 24 | | n/a | | | | |

| WITNESS NAME: | Mapes, Michael |
|---|---|
| DEPOSITION DATE: | 7/11/2019 & 7/12/2019 |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | PLAINTIFF COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | Page/Line End | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | Page/Line End | Objections | Replies to Objections |
| 135  3 | 135  6 | | | 332 | 25 | 333 | 5 | outside the scope of affirmative designations; relevance; foundation | This line of questioning is not outside the scope of proper examination of this witness in mode, order, or topic. The subject matter at issue is an area of material fact, whether disputed or not. Further, this court may allow inquiry into additional matters as if on direct examination, especially where, as here, the examination is effective for determining the truth, avoids wasting time, and does not cause the witness harassment or undue embarrassment. See FRE 611. Specifically, the relationship between the witness and the Defendants relates directly to matters affecting the witness's credibility. Lack of Relevance is not supported. It is a low burden to show a fact or opinion has some reasonable connection with, and in regard to evidence in trial, having some value or tendency to prove a matter of fact significant to the case. Here, the ABDC Privilege Log - Alaska Subpoena as bates stamped by ABDC when the Defendant produced the document from its files, includes documents authored by the third party witness and demonstrates the relationship between the Defendant and the witness. Lack of Foundation is not supported. The foundation is provided by the elicited testimony and/or document itself. | | | | |
| 141  1 | 141  11 | n/a | | 337 | 24 | 338 | 23 | | n/a | | | | |
| 141  17 | 142  3 | n/a | | 339 | 15 | 339 | 19 | | n/a | | | | |
| 142  9 | 142  21 | n/a | | 339 | 22 | 339 | 24 | | n/a | | | | |
| 142  23 | 143  3 | n/a | | 342 | 24 | 343 | 1 | | n/a | | | | |
| 143  4 | 143  17 | n/a | | 343 | 3 | 343 | 4 | | n/a | | | | |
| 151  7 | 151  9 | n/a | | 349 | 19 | 349 | 22 | | n/a | | | | |