# D.5

| WITNESS NAME: | Beth Thompson - Cabell County 30(b)(6) |
|---|---|
| DEPOSITION DATE: | July 23, 2020 and July 28, 2020 |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | PLAINTIFF COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | | DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections | Page/Line Begin | | Page/Line End | | Objections | Replies to Objections |
| 4 | 4 | 4 | 11 | n/a | | 16 | 3 | 16 | 17 | n/a | | 22 | 13 | 22 | 24 | No objection contingent upon Plaintiffs' completeness designation being admitted | Completeness reply to improper completeness designation. |
| 5 | 13 | 5 | 15 | n/a | | 19 | 7 | 19 | 9 | n/a | | 24 | 18 | 25 | 3 | No objection contingent upon Plaintiffs' completeness designation being admitted | Completeness reply to improper completeness designation. |
| 5 | 24 | 6 | 7 | n/a | | 19 | 19 | 19 | 23 | n/a | | 48 | 22 | 49 | 5 | Speculation; Calls for Legal Conclusion | |
| 6 | 24 | 7 | 10 | n/a | | 20 | 7 | 20 | 16 | n/a | | 73 | 16 | 73 | 22 | n/a | |
| 20 | 17 | 21 | 4 | n/a | | 21 | 5 | 21 | 16 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes and/or provides context to Defendants' designation regarding when the County Commission became aware of the opioid problem and the designated answer regarding when Distributor Defendants dumped pills into Cabell County. See Dep. at 20:17-21:4. Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness. See United States v. Gravely, 840 F.2d 1156, 1163 (4th Cir. 1988) ("The cross-designated portions, while perhaps not admissible standing alone, are admissible as a remainder of a recorded statement."). | 98 | 4 | 98 | 18 | No objection contingent upon Plaintiffs' completeness designation being admitted | Completeness reply to improper completeness designation. |
| 25 | 23 | 26 | 20 | n/a | | 22 | 8 | 22 | 12 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | 130 | 6 | 130 | 9 | Relevance (as this amount and/or quantification has been addressed by Plaintiffs' experts) | Completeness reply to improper completeness designation. |
| 27 | 21 | 28 | 3 | n/a | | 23 | 23 | 24 | 17 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | 139 | 21 | 140 | 2 | Speculation | |
| 29 | 23 | 30 | 2 | Relevance | This is clearly relevant testimony. Cabell County (along with Huntington) are seeking more than $2 billion to "abate" the opioid epidemic, claiming that such money is "necessary." Cabell County identified theft of prescription opioids as a leading contributor to the epidemic. The fact that the Cabell County Commission has never communicated with law enforcement about this issue shows that the County has not used the resources already at its disposal to address this issue. | 26 | 21 | 27 | 20 | n/a | n/a | 183 | 24 | 184 | 3 | n/a | |
| 30 | 12 | 30 | 15 | n/a | | 28 | 4 | 29 | 2 | n/a | n/a | 336 | 21 | 336 | 24 | Relevance (as this amount and/or quantification has been addressed by Plaintiffs' experts) | |
| 31 | 22 | 32 | 19 | n/a | | 30 | 16 | 30 | 24 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains, and/or provides context to the testimony designated by Defendants regarding what the County Commission has done to address the opioid problem. See Dep. at 30:12-15. Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness. See United States v. Gravely, 840 F.2d 1156, 1163 (4th Cir. 1988) ("The cross-designated portions, while perhaps not admissible standing alone, are admissible as a remainder of a recorded statement."). | 393 | 23 | 394 | 9 | No objection contingent upon Plaintiffs' completeness designation being admitted | Completeness reply to improper completeness designation. |
| 33 | 3 | 33 | 18 | n/a | | 33 | 19 | 34 | 5 | n/a | n/a | | | | | | |
| 34 | 12 | 34 | 22 | n/a | | 38 | 4 | 38 | 24 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding the County Commission passing ordinances, problems with enforcement of same, and/or why an opioid ordinance was not passed. See e.g., Dep. at 35:5-23; 42:3-13; 43:8-44:24; 45:3-13. Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness. See Gravely, 840 F.2d at 1163 ("The cross-designated portions, while perhaps not admissible standing alone, are admissible as a remainder of a recorded statement."). | | | | | | |
| 35 | 5 | 35 | 23 | n/a | | 39 | 8 | 39 | 16 | n/a | n/a | | | | | | |
| 40 | 3 | 41 | 5 | Relevance | This is clearly relevant testimony. Cabell County (along with Huntington) are seeking more than $2 billion to "abate" the opioid epidemic, claiming that such money is "necessary." The fact that local treatment facilities are not at all funded by Cabell County shows that the County is not the proper entity to receive any money for "treatment." The County is not in the business of providing treatment services. | 46 | 16 | 48 | 21 | n/a | n/a | | | | | | |
| 42 | 3 | 42 | 13 | Relevance | This is clearly relevant testimony. Cabell County (along with Huntington) are seeking more than $2 billion to "abate" the opioid epidemic, claiming that such money is "necessary." The fact that the Commission has the power to enact an ordinance to address the opioid epidemic yet has chosen never to exercise that power undermines the County's claims that it now requires more than $2 billion. | 49 | 6 | 49 | 16 | n/a | n/a | | | | | | |
| 43 | 8 | 44 | 24 | Relevance | This is clearly relevant testimony. Cabell County (along with Huntington) are seeking more than $2 billion to "abate" the opioid epidemic, claiming that such money is "necessary." The fact that the Commission has the power to enact an ordinance to address the opioid epidemic yet has chosen never to exercise that power undermines the County's claims that it now requires more than $2 billion. | 56 | 18 | 56 | 23 | n/a | n/a | | | | | | |
| 45 | 3 | 46 | 15 | Relevance; Argumentative | There is nothing remotely argumentative in this excerpt and Plaintiffs have not identified any argumentative question. Like the above, this is clearly relevant testimony: Counsel asked the witness whether the County had the authority to enact opioid-related ordinance - the witness testified, "I believe we could have, yes." | 57 | 14 | 57 | 19 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding sources of opioid issues in Cabell County. See e.g., Dep. at 34:12-22; 65:1-66:6. Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness. See Gravely, 840 F.2d at 1163 ("The cross-designated portions, while perhaps not admissible standing alone, are admissible as a remainder of a recorded statement."). | | | | | | |

| WITNESS NAME: | Beth Thompson - Cabell County 30(b)(6) | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | July 23, 2020 and July 28, 2020 | | | | | | | | | | | | |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | PLAINTIFF COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | | DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 49 | 17 | 49 | 21 | Relevance | This is clearly relevant testimony. Cabell County (along with Huntington) are seeking more than $2 billion to "abate" the opioid epidemic, claiming that such money is "necessary." The fact that the Commission has the power to to take certain actions to address the epidemic yet has chosen never to exercise that power undermines the County's claims that it now requires more than $2 billion. | 58 | 4 | 59 | 20 | n/a | n/a | | | | |
| 51 | 14 | 52 | 2 | Vague | The questions are not vague and the witness did not express any difficulty in answering the questions or express any confusion. | 60 | 17 | 60 | 24 | n/a | n/a | | | | |
| 60 | 3 | 60 | 16 | Calls for Expert Opinion; Calls for a Legal Conclusion; Speculation | The 30b6 witness is itself the representative of the Cabell County Commission. It is not "speculative" to ask the Cabell County Commission whether the Commission was aware of any causes of the opioid epidemic. It is also not seeking a legal or expert opinion: prior to retaining any expert witnesses in this case, Cabell County publicly filed a Complaint against Distributors alleging that Distributors were a cause of the opioid epidemic. Defendants are entitled to probe the Commission's designee to ask about other alleged causes that the Commission was aware of. | 63 | 13 | 63 | 16 | n/a | n/a | | | | |
| 65 | 1 | 66 | 6 | Calls for Expert Opinion; Calls for a Legal Conclusion; Speculation | The 30b6 witness is itself the representative of the Cabell County Commission. It is not "speculative" to ask the Cabell County Commission whether the Commission was aware of any causes of the opioid epidemic. It is also not seeking a legal or expert opinion: prior to retaining any expert witnesses in this case, Cabell County publicly filed a Complaint against Distributors alleging that Distributors were a cause of the opioid epidemic. Defendants are entitled to probe the Commission's designee to ask about other alleged causes that the Commission was aware of. | 66 | 19 | 67 | 13 | n/a | n/a | | | | |
| 83 | 6 | 83 | 14 | Speculation; Calls for a Legal Conclusion; Calls for Expert Opinion | The 30b6 witness is itself the representative of the Cabell County Commission. It is not "speculative" to ask the Cabell County Commission whether the Commission was aware of any causes of the opioid epidemic. It is also not seeking a legal or expert opinion: prior to retaining any expert witnesses in this case, Cabell County publicly filed a Complaint against Distributors alleging that Distributors were a cause of the opioid epidemic. Defendants are entitled to probe the Commission's designee to ask about other alleged causes that the Commission was aware of. | 68 | 20 | 68 | 24 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Plaintiffs will withdraw designation. | | | | |
| 85 | 22 | 86 | 6 | n/a | | 69 | 22 | 70 | 12 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding marketing of opioids in Cabell County. See Dep. at 65:1-6. Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness.  See Gravely, 840 F.2d at 1163. | | | | |
| 87 | 13 | 87 | 19 | n/a | | 73 | 9 | 73 | 15 | n/a | n/a | | | | |
| 108 | 7 | 108 | 21 | n/a | | 75 | 20 | 76 | 3 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding what the County Commission is aware of and/or what it has done regarding the opioid problem.  See e.g., Dep. at 20:17-21:4; 35:5-13; 85:22-86:6; 87:13-19; 133:13-134:17.  Also, this completeness designation further explains the limits of the County Commission's responsibility and/or authority.  Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness.  See Gravely, 840 F.2d at 1163. | | | | |
| 109 | 5 | 109 | 11 | n/a | | 76 | 5 | 76 | 11 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | | |
| 109 | 22 | 110 | 8 | Relevance | This is relevant testimony. Cabell County publicly filed a Complaint against Distributors alleging that Distributors were a cause of the opioid epidemic. Defendants are entitled to ask about other alleged causes that the Commission was aware of, and -- in light of Plaintiffs' request for more than $2 billion to "abate" the crisis--it is also appropriate to ask what steps the Commission has taken to address these alleged causes. | 82 | 18 | 82 | 22 | n/a | n/a | | | | |
| 113 | 11 | 113 | 20 | Calls for Expert Opinion; Calls for a Legal Conclusion; Speculation | The 30b6 witness is itself the representative of the Cabell County Commission. It is not "speculative" to ask the Cabell County Commission whether the Commission was aware of any causes of the opioid epidemic. It is also not seeking a legal or expert opinion: prior to retaining any expert witnesses in this case, Cabell County publicly filed a Complaint against Distributors alleging that Distributors were a cause of the opioid epidemic. Defendants are entitled to probe the Commission's designee to ask about other alleged causes that the Commission was aware of. | 84 | 22 | 85 | 21 | n/a | n/a | | | | |
| 115 | 8 | 115 | 13 | Calls for Expert Opinion; Calls for a Legal Conclusion; Speculation | The 30b6 witness is itself the representative of the Cabell County Commission. It is not "speculative" to ask the Cabell County Commission whether the Commission was aware of any causes of the opioid epidemic. It is also not seeking a legal or expert opinion: prior to retaining any expert witnesses in this case, Cabell County publicly filed a Complaint against Distributors alleging that Distributors were a cause of the opioid epidemic. Defendants are entitled to probe the Commission's designee to ask about other alleged causes that the Commission was aware of (e.g., prescribing physicians who decide what medications may be appropriate for a particular patient). | 86 | 7 | 86 | 21 | n/a | n/a | | | | |
| 115 | 18 | 115 | 24 | Speculation | Counsel did not object to this question at the deposition, so the objection is waived. Moreover, it is not speculative to ask the designee for the Cabell County Commission about the Commission's knowledge. If the witness didn't know the answer, she was free to testify as such. | 92 | 1 | 92 | 7 | n/a | n/a | | | | |

| WITNESS NAME: | Beth Thompson - Cabell County 30(b)(6) | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | July 23, 2020 and July 28, 2020 | | | | | | | | | | | |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | | PLAINTIFF COUNTER DESIGNATIONS  *Pink = Completeness Designation* | | | | | | DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation* | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 133 | 13 | 134 | 17 | Calls for Expert Opinion | This does not call for expert testimony. Cabell County (along with Huntington) are seeking more than $2 billion to "abate" the opioid epidemic, claiming that such money is "necessary." The designee of the Commission can testify about the functions of Cabell County and what steps Cabell County has taken. The witness was free to testify that she did not know the answer, if that had been the case. | 96 | 18 | 97 | 4 | Improper completeness designation - it isn't responding directly to anything Defendants designated. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding what the County Commission has done regarding the opioid problem and/or what its responsibilities or authority is regarding same.  See e.g., Dep. at 20:17-21:4; 35:5-13; 85:22-86:6; 87:13-19; 133:13-134:17.  Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness.  See United States v. Gravely , 840 F.2d 1156, 1163 (4th Cir. 1988) ("The cross-designated portions, while perhaps not admissible standing alone, are admissible as a remainder of a recorded statement."). | | | |
| 135 | 20 | 136 | 17 | Relevance; Speculation; Vague | It is not remotely speculative to ask the Cabell County Commission's designee whether the Commission has the ability to apply for grants, and whether it has done so in the past. Cabell County (along with Huntington) are seeking more than $2 billion to "abate" the opioid epidemic, claiming that such money is "necessary." The designee of the Commission can testify about the functions of Cabell County and what steps Cabell County has taken. The witness was free to testify that she did not know the answer, if that had been the case. This is clearly relevant testimony and goes to undermine Cabell's claim that it requires more than $2 billion to "abate" this crisis. | 97 | 9 | 97 | 13 | Improper completeness designation - it isn't responding directly to anything Defendants designated. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | |
| 137 | 8 | 137 | 10 | Relevance; Vague | Cabell County (along with Huntington) are seeking more than $2 billion to "abate" the opioid epidemic, claiming that such money is "necessary." The designee of the Commission can testify about the functions of Cabell County and what steps Cabell County has taken. The witness was free to testify that she did not know the answer, if that had been the case. This is clearly relevant testimony and goes to undermine Cabell's claim that it requires more than $2 billion to "abate" this crisis. | 99 | 11 | 99 | 14 | n/a | n/a | | | |
| 143 | 14 | 144 | 24 | n/a | | 100 | 3 | 100 | 9 | n/a | n/a | | | |
| 145 | 15 | 145 | 18 | n/a | | 107 | 23 | 108 | 4 | n/a | n/a | | | |
| 152 | 20 | 153 | 5 | Speculation; Lack of Personal Knowledge; Lack of Foundation; Calls for a Legal Conclusion | The 30b6 witness is itself the representative of the Cabell County Commission. It is not "speculative" to ask the Cabell County Commission whether the Commission was aware of any causes of the opioid epidemic. It is also not seeking a legal or expert opinion: prior to retaining any expert witnesses in this case, Cabell County publicly filed a Complaint against Distributors alleging that Distributors were a cause of the opioid epidemic. Defendants are entitled to probe the Commission's designee to ask about other alleged causes that the Commission was aware of (e.g., DEA). If the witness (the Commission) didn't know the answer, the witness was free to say so. | 108 | 22 | 109 | 4 | n/a | n/a | | | |
| 166 | 13 | 166 | 20 | n/a | | 112 | 15 | 112 | 20 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding what the County Commission is aware of regarding improper opioid prescriptions in Cabell County.  See e.g., Dep. at 108:7-21; 113:11-20. Also, this completeness designation further explains the limits of the County Commission's responsibility and/or authority.  Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness.  See Gravely, 840 F.2d at 1163. | | | |
| 168 | 8 | 168 | 18 | n/a | | 113 | 5 | 113 | 10 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | |
| 169 | 10 | 170 | 10 | n/a | | 115 | 14 | 115 | 17 | n/a | n/a | | | |
| 170 | 19 | 171 | 11 | n/a | | 116 | 1 | 116 | 17 | n/a | n/a | | | |
| 172 | 15 | 172 | 23 | Argumentative; Calls for a Legal Conclusion | This questioning is not argumentative, and even if it was, counsel did not object to the questioning at the deposition so the objection is waived. It does not call for a legal conclusion to ask the Commission whether it was aware of an opioid problem in the community as of 2006 - that is a question of fact. | 116 | 21 | 117 | 10 | n/a | n/a | | | |
| 176 | 15 | 177 | 11 | (177:6-11) Compound; Vague; Speculation | The question identified at 177:6-11 is not compound, and the witness did not indicate any difficulty in understanding or answering the question. Additionally, counsel at the deposition did not object, waiving this possible objection now. And it is not speculative to ask the designee of the Commission about the Commission's knowledge - that is the purpose of 30b6 testimony. | 124 | 3 | 126 | 11 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding what the County Commission is aware of regarding opioid-related harms in Cabell County and/or causes of same.  See e.g., Dep. at 60:3-16; 65:1-66:6; 83:6-14; 153:2-5.  Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness.  See Gravely, 840 F.2d at 1163. | | | |
| 177 | 19 | 178 | 2 | Speculation; Vague | Thhe witness did not indicate any difficulty in understanding or answering the question. Additionally, counsel at the deposition did not object, waiving this possible objection now. And it is not speculative to ask the designee of the Commission about the Commission's conduct or knowledge - that is the purpose of 30b6 testimony. | 126 | 15 | 127 | 15 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | |
| 178 | 4 | 178 | 11 | (178:4) Speculation; Vague | Thhe witness did not indicate any difficulty in understanding or answering the question. Additionally, counsel at the deposition did not object, waiving this possible objection now. And it is not speculative to ask the designee of the Commission about the Commission's conduct or knowledge - that is the purpose of 30b6 testimony. | 127 | 21 | 129 | 9 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding what the County Commission is aware of regarding opioid-related costs/harms in Cabell County.  See e.g., Dep. at 26:17-20; 27:21-28:3; 33:3-18; 40:3-41:5; 83:6-14.  Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time."  Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness.  See Gravely, 840 F.2d at 1163. | | | |

| WITNESS NAME: | Beth Thompson - Cabell County 30(b)(6) |
|---|---|
| DEPOSITION DATE: | July 23, 2020 and July 28, 2020 |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS ||||| PLAINTIFF COUNTER DESIGNATIONS  *Pink = Completeness Designation ||||| DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation ||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 184 | 20 | 188 | 10 | n/a | 132 | 16 | 132 | 22 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | | |
| 189 | 3 | 194 | 13 | n/a | 133 | 8 | 133 | 12 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | | |
| 264 | 17 | 265 | 6 | Speculation; Calls for a Legal Conclusion; Relevance | It is not speculative to ask the Commission's designee about grants that divisions of county government have applied for - if the witness didn't know the answer, she was free to say so. It also does not call for a legal conclusion to ask the Commission about the purpose of various grants that county government has applied to. This testimony is relevant because the County is now claiming that it requires more than $2 billion to "abate" the opioid crisis - whether the County exercised reasonable steps to apply for external funding (like grants) is relevant to whether this newfound claim for $2billion is actually necessary. Additionally, this grant application discusses other possible causes of the opioid epidemic, which is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 134 | 18 | 134 | 24 | n/a | n/a | | | | |
| 266 | 15 | 267 | 10 | Relevance | This grant application describes other possible causes of the opioid epidemic - whether the Commission agrees that those are possible causes is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 135 | 3 | 135 | 19 | n/a | n/a | | | | |
| 268 | 21 | 269 | 20 | Relevance | This grant application describes other possible causes of the opioid epidemic - whether the Commission agrees that those are possible causes is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 137 | 4 | 137 | 7 | n/a | n/a | | | | |
| 270 | 22 | 272 | 20 | Relevance | This grant application describes other possible causes of the opioid epidemic - whether the Commission agrees that those are possible causes is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 139 | 4 | 139 | 20 | n/a | n/a | | | | |
| 274 | 23 | 278 | 11 | Relevance | This grant application describes other possible causes of the opioid epidemic - whether the Commission agrees that those are possible causes is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 143 | 4 | 143 | 13 | n/a | n/a | | | | |
| 279 | 11 | 280 | 3 | Relevance | This grant application describes other possible causes of the opioid epidemic - whether the Commission agrees that those are possible causes is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 145 | 1 | 145 | 14 | n/a | n/a | | | | |
| 281 | 24 | 283 | 9 | Relevance | This grant application describes other possible causes of the opioid epidemic - whether the Commission agrees that those are possible causes is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 145 | 19 | 146 | 2 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding what the County Commission is aware of regarding opioid-related harms in Cabell County and/or causes of same. See e.g., Dep. at 20:17-21:4; 60:3-16; 65:1-66:6; 83:6-14; 108:7-21; 153:2-5.  Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness.  See Gravely, 840 F.2d at 1163. | | | | |
| 284 | 1 | 284 | 20 | Relevance | This grant application describes other possible causes of the opioid epidemic - whether the Commission agrees that those are possible causes is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 146 | 9 | 147 | 18 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | | |
| 284 | 22 | 285 | 11 | Relevance | This grant application describes other possible causes of the opioid epidemic - whether the Commission agrees that those are possible causes is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 149 | 9 | 151 | 1 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | | |
| 290 | 14 | 291 | 3 | Speculation; Calls for Expert Opinion | This grant application describes other possible causes of the opioid epidemic - whether the Commission agrees that those are possible causes is highly relevant. Additionally, counsel did not object at the deposition, waiving this objection. | 151 | 16 | 152 | 15 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding what the County Commission has done to abate the opioid problems, grants sought regarding the opioid problems, and/or the Commission's authority regarding same. See e.g., Dep. at 133:13-134:17; 135:20-136:17.  Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness may be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness.  See Gravely, 840 F.2d at 1163. | | | | |
| 302 | 20 | 305 | 16 | Speculation; Lack of Foundation; Assumes Facts | Counsel did not object to any of these questions at the deposition, nor does counsel today point to any questions that assume facts not in evidence, lack foundation, or are speculative. It is not speculative to ask the Commission's designee about the Commission's knowledge of factors surrounding the opioid epidemic. The witness was free to testify that the Commission did not know, if that was the answer. | 168 | 19 | 169 | 9 | n/a | n/a | | | | |
| 307 | 13 | 307 | 19 | Relevance | This is highly relevant testimony. Plaintiffs are seeking more than $2 billion to "abate" the epidemic, alleging that such money is "necessary." The fact that the County has freed up money and has a rainy day fund, yet has chosen not to use it on opioid-related programming undermines Plaintiffs' claims that the $2 billion in its "abatement" plan is truly necessary. | 171 | 12 | 171 | 18 | na/ | n/a | | | | |
| 309 | 2 | 310 | 8 | Relevance | This is highly relevant testimony. Plaintiffs are seeking more than $2 billion to "abate" the epidemic, alleging that such money is "necessary." The fact that the County has freed up money and has a rainy day fund, yet has chosen not to use it on opioid-related programming undermines Plaintiffs' claims that the $2 billion in its "abatement" plan is truly necessary. | 171 | 24 | 172 | 14 | n/a | n/a | | | | |

| WITNESS NAME: | Beth Thompson - Cabell County 30(b)(6) | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPOSITION DATE: | July 23, 2020 and July 28, 2020 | | | | | | | | | | | |
| **DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS** | | | | | **PLAINTIFF COUNTER DESIGNATIONS** *Pink = Completeness Designation* | | | | | **DEFENDANT REPLY DESIGNATIONS** *Pink = Completeness Designation* | | |
| 312 | 8 | 312 | 16 | n/a | | 173 | 4 | 174 | 12 | n/a | n/a | | | | |
| 313 | 9 | 313 | 24 | Speculation; Relevance; Calls for Legal Conclusion; Calls for Expert Opinion | This is highly relevant testimony. Prior to engaging any expert witnesses in this case, Plaintiff Cabell County filed a Complaint alleging various causes of the opioid epidemic. It is highly relevant to ask the Commission's designee about other possible causes of the opioid epidemic. And it is not speculative for the Commission's designee to testify about the Commission's knowledge or belief - that is the purpose of 30b6 testimony. | 174 | 16 | 175 | 12 | n/a | n/a | | | | |
| 314 | 4 | 315 | 4 | Speculation; Calls for Legal Conclusion; Calls for Expert Opinion | This is highly relevant testimony. Prior to engaging any expert witnesses in this case, Plaintiff Cabell County filed a Complaint alleging various causes of the opioid epidemic. It is highly relevant to ask the Commission's designee about other possible causes of the opioid epidemic. And it is not speculative for the Commission's designee to testify about the Commission's knowledge or belief - that is the purpose of 30b6 testimony. | 175 | 14 | 175 | 22 | n/a | n/a | | | | |
| 315 | 23 | 317 | 23 | Speculation; Calls for Legal Conclusion; Calls for Expert Opinion | This is highly relevant testimony. Prior to engaging any expert witnesses in this case, Plaintiff Cabell County filed a Complaint alleging various causes of the opioid epidemic. It is highly relevant to ask the Commission's designee about other possible causes of the opioid epidemic. And it is not speculative for the Commission's designee to testify about the Commission's knowledge or belief - that is the purpose of 30b6 testimony. | 178 | 12 | 178 | 18 | n/a | n/a | | | | |
| 319 | 18 | 319 | 21 | Speculation; Lack of Foundation; Lack of Knowledge | It is not speculative to ask the Commission's designee about the Commission's knowledge - that is the purpose of 30b6 testimony, and the witness was free to respond that she did not know the answer. | 179 | 16 | 180 | 18 | n/a | n/a | | | | |
| 337 | 12 | 337 | 20 | n/a | | 183 | 5 | 183 | 23 | n/a | n/a | | | | |
| 346 | 8 | 348 | 3 | Relevance | The fact that the Commission has never considered limiting the dispensing of opioids undermines Plaintiffs' claims that the distribution of opioids (by Distributors) is unreasonable. Additionally, the fact that the County's health insurance program covers prescription opioids and the County never discussed the possibility of limiting payment for opioid prescriptions demonstrates that the County believes opioids can be appropriate medical treatments, undermining Plaintiffs' claim that Distributors' distributions of prescription opioids was unreasonable. | 184 | 4 | 184 | 19 | n/a | n/a | | | | |
| 366 | 8 | 368 | 22 | Vague; Speculation; Lack of Foundation; Calls for Expert Opinion | The witness did not indicate that any of these questions were vague, nor did counsel at the deposition object. It is not speculative to ask the Commission's designee about its knowledge of various County programs - that is the purpose of 30b6 testimony. If the witness did not know, she was free to say so. It does not call for an expert opinion to ask the Commission's designee about how various county programs operate and whether the Commission believes they are effective. | 200 | 13 | 201 | 19 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding what the County Commission's position is regarding the opioid crisis, abatement of the opioid crisis, and/or the operative complaint filed by the Commission. *See e.g.*, Dep. at 133:13-134:17; 136:7-17; 184:20-188:10; 189:3-194:13; 312:8-16; 405:2-21. Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness. *See Gravely*, 840 F.2d at 1163. | | | | |
| 371 | 12 | 372 | 12 | Relevance; Vague; Speculation; Lack of Foundation | The witness did not indicate that any of these questions were vague, nor did counsel at the deposition object. It is not speculative to ask the Commission's designee about its knowledge of various County programs - that is the purpose of 30b6 testimony. If the witness did not know, she was free to say so. It does not call for an expert opinion to ask the Commission's designee about how various county programs operate and whether the Commission believes they are effective. This is highly relevant testimony: the Plaintiffs claim that they require more than $2 billion to "abate" the opioid epidemic. But if the Cabell/Huntington community already has resources in place that are effectively addressing the opioid epidemic, Plaintiffs have not met their burden to demonstrate that their proposed "abatement" plan is necessary. | 202 | 9 | 203 | 24 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | | |
| 401 | 18 | 402 | 6 | n/a | | 204 | 14 | 204 | 19 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | | |
| 404 | 1 | 404 | 18 | Relevance | This is highly relevant testimony. Plaintiffs are seeking more than $2 billion to "abate" the epidemic, alleging that such money is "necessary." The fact that the County has unused carryover funds of several million dollars--that haven't been used to address the opioid epidemic--weakens Plaintiffs' claims that money for its "abatement" plan is necessary. | 267 | 11 | 268 | 6 | n/a | n/a | | | | |
| 405 | 2 | 405 | 21 | Relevance | This is highly relevant testimony. Plaintiffs are seeking more than $2 billion to "abate" the epidemic, alleging that such money is "necessary." The fact that the County has unused carryover funds of several million dollars--that haven't been used to address the opioid epidemic--weakens Plaintiffs' claims that money for its "abatement" plan is necessary. | 269 | 21 | 270 | 11 | n/a | n/a | | | | |
| | | | | | | 278 | 12 | 278 | 14 | n/a | n/a | | | | |
| | | | | | | 278 | 16 | 278 | 17 | n/a | n/a | | | | |
| | | | | | | 283 | 10 | 283 | 24 | n/a | n/a | | | | |
| | | | | | | 289 | 12 | 289 | 21 | n/a | n/a | | | | |
| | | | | | | 290 | 2 | 290 | 13 | n/a | n/a | | | | |
| | | | | | | 311 | 4 | 311 | 21 | n/a | n/a | | | | |
| | | | | | | 322 | 3 | 322 | 8 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | This designation completes, explains and/or provides context to the testimony designated by Defendants regarding what the County Commission is aware of regarding diversion of opioids in Cabell County. *See e.g.*, Dep. at 108:7-21; 113:11-20; 317:9-23; 319:18-21. Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness. See Gravely, 840 F.2d at 1163. | | | | |
| | | | | | | 336 | 10 | 336 | 20 | n/a | n/a | | | | |
| | | | | | | 350 | 17 | 351 | 18 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | As an initial matter, this testimony can be considered as completeness as it addresses the County Commission's authority/responsibility, and/or employees or benefit programs, which are topics put at issue by numerous designations made by defendants regarding what the County Commission did/did not do regarding the opioid crisis. *See e.g.*, Dep. at 20:17-21:4; 35:5-13; 85:22-86:6; 87:13-19; 133:13-134:17; 346:8-348:3; 366:8-368:22. Separately, the Court can properly take judicial notice of this information pursuant to FRE 201. | | | | |

| WITNESS NAME: | Beth Thompson - Cabell County 30(b)(6) |
|---|---|
| DEPOSITION DATE: | July 23, 2020 and July 28, 2020 |

| DEFENDANT AFFIRMATIVE DEPOSITION DESIGNATIONS | | | | PLAINTIFF COUNTER DESIGNATIONS *Pink = Completeness Designation | | | | | | DEFENDANT REPLY DESIGNATIONS *Pink = Completeness Designation | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 352 | 16 | 353 | 16 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | |
| | | | | 394 | 10 | 395 | 3 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). Also includes statements from documents - hearsay within hearsay. | This designation completes and/or explains the testimony designated by Defendants regarding the County Commission's knowledge and/or involvement regarding the "PEP Program". See Dep. at 371:12-17. Pursuant to FRE 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Additionally, the testimony is not hearsay, and even if somehow found to be so, it would still be admissible for purposes of completeness. See Gravely, 840 F.2d at 1163. | | | |
| | | | | 395 | 9 | 396 | 4 | Improper completeness designation - it isn't responding directly to anything Defendants designated, and FRCP 32(a)(3) only permits an adverse party to use a 30(b)(6) deposition for any purpose. As a result, this is hearsay - the County cannot introduce into evidence out of court statements by the Commission (these statements are, of course, not "statements of a party opponent" under 801(d)(2) when the County itself attempts to introduce them). | Same response as above. | | | |