**U. S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel
Diversion and Regulatory Litigation Section

---

*www.dea.gov*                                                    August 24, 2007

Efrem M. Grail, Esq.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886

      Re: AmerisourceBergen Drug Corporation

Dear Mr. Grail:

    This is in response to your July 11, 2007 letter seeking confirmation of recent discussions between the Drug Enforcement Administration ("DEA") and AmerisourceBergen Drug Corporation ("ABDC").

    As an initial matter, I would like to correct one representation made in the last paragraph of the first page of your letter. The relevant section of the Settlement and Release Agreement ("Agreement") that reflects ABDC's obligations with respect to reporting suspicious orders is located in Section II(1)(b)(ii) of the Agreement. ABDC's regulatory obligation to design and operate a system to identify and disclose suspicious orders is not diminished by the Agreement. Rather, Section II(1)(b)(ii) imposes an additional obligation on ABDC to report suspicious orders directly to DEA Headquarters, unless and until advised otherwise in writing by DEA Headquarters. The Agreement does not approve or endorse a particular system to identify and disclose suspicious orders. The design and operation of a particular system remains the sole responsibility of ABDC.

    Likewise, the recent communications between ABDC and DEA regarding ABDC's requirement to identify and disclose suspicious orders are not modifications or expansions of the Agreement, should not be construed as an approval of ABDC's Order Monitoring Program, and should not be interpreted as "official policy of the DEA." DEA is committed to maintaining an open dialog with all registrants as a means of providing information that is useful for a registrant in designing and maintaining an effective diversion control program. DEA, however, will not approve or endorse a particular diversion control program. The information provided in these discussions is guidance that ABDC should consider in operating its diversion control program. In addition to information provided in these and future discussions with DEA, ABDC should also consult the Controlled Substances Act and its implementing regulations, information published on DEA's Diversion Control website, and notices published in the Federal Register. To that end, I refer you to the recent final order issued by the Deputy Administrator, DEA, in the matter of Southwood Pharmaceuticals Inc., 72 FR 36487. In addition to discussing a distributor's obligation to report suspicious orders when discovered by the registrant and some criteria to use when determining whether an order is suspicious, the final order also specifically discusses a distributor's obligation to maintain effective controls against the diversion of controlled substances.



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER     PLAINTIFFS TRIAL EXHIBIT P-00521_00001     ABDCMDL00269390 P-00521_00001

Efrem M. Grail, Esq. Page 2
July 13, 2007

Please do not hesitate to contact me should you have any questions regarding this matter.

Sincerely,

Larry P. Cote
Senior Attorney
Diversion and Regulatory Litigation

cc:  D. Linden Barber, Associate Chief Counsel, Diversion and Regulatory Litigation,
  Office of Chief Counsel, Drug Enforcement Administration (via email)
 Michael R. Mapes, Chief, Regulatory Section, Office of Diversion Control,
  Drug Enforcement Administration (via email)
 Debbie Swartz, Esq., Assistant General Counsel,
  AmerisourceBergen Corporation (via email)
 Thomas H. Suddath, Jr., Esq., Reed Smith LLP (via email)

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ABDCMDL00269391
P-00521_00002