Enrolled Committee Substitute

**OTHER VERSIONS** - Introduced Version | Committee Substitute |

Key: Green = existing Code. Red = new code to be enacted

# ENROLLED

## COMMITTEE SUBSTITUTE

### FOR

### H. B. 2839

(By Delegates Perdue, Boggs, Hatfield, Border,

Moore, Moye and Rodighiero)

[Passed April 8, 2009; in effect ninety days from passage.]

AN ACT to amend and reenact §30-3A-1 and §30-3A-2 of the Code of West Virginia, 1931, as amended, all relating to the management of pain by physicians; eliminating the definition of "intractable pain" and defining the word "pain"; making conforming amendments to the Management of Pain Act; and expanding the definition of "pain-relieving controlled substance" in the Act.

*Be it enacted by the Legislature of West Virginia:*
That §30-3A-1 and §30-3A-2 of the Code of West Virginia, 1931, as amended, be amended and reenacted, all to read as follows:
ARTICLE 3A. MANAGEMENT OF PAIN ACT.
§30-3A-1. Definitions.
For the purposes of this article, the words or terms defined in this section have the meanings ascribed to them. These definitions are applicable unless a different meaning clearly appears from the context.
(1) An "accepted guideline" is a care or practice guideline for pain management developed by a nationally recognized clinical or professional association or a specialty society or government-sponsored agency that has developed practice or care guidelines based on original research or on review of existing research and expert opinion. An accepted guideline also includes policy or position statements relating to pain management issued by any West Virginia board included in chapter thirty of the West Virginia Code with jurisdiction over various health care practitioners. Guidelines established primarily for purposes of coverage, payment or reimbursement do not qualify as accepted practice or care guidelines when offered to limit treatment options otherwise covered by the provisions of this article.
(2) "Board" or "licensing board" means the West Virginia Board of Medicine, the West Virginia Board of Osteopathy, the West Virginia Board of Registered Nurses or the West Virginia Board of Pharmacy.
(3) "Nurse" means a registered nurse licensed in the State of West Virginia pursuant to the provisions of article seven of this chapter.
(4) "Pain" means an unpleasant sensory and emotional experience associated with actual or potential tissue damage or described in terms of such damage.
(5) "Pain-relieving controlled substance" includes, but is not limited to, an opioid or other drug classified as a Schedule II through V controlled substance and recognized as effective for pain relief, and excludes any drug that has no accepted medical use in the United States or lacks accepted safety for use in treatment under medical supervision including, but not limited to, any drug classified as a Schedule I controlled substance.
(6) "Pharmacist" means a registered pharmacist licensed in the State of West Virginia pursuant to the provisions of article five of this chapter.
(7) "Physician" means a physician licensed in the State of West Virginia pursuant to the provisions of article three or article fourteen of this chapter.

§30-3A-2. Limitation on disciplinary sanctions or criminal punishment related to management of pain.

(a) A physician is not subject to disciplinary sanctions by a licensing board or criminal punishment by the state for

DEF_WV_Trial_00027126

DEF-WV-03067.00001


DEF-WV-03067

prescribing, administering or dispensing pain-relieving controlled substances for the purpose of alleviating or controlling pain if:

(1) In the case of a dying patient experiencing pain, the physician practices in accordance with an accepted guideline as defined in section one of this article and discharges his or her professional obligation to relieve the dying patient's pain and promote the dignity and autonomy of the dying patient; or

(2) In the case of a patient who is not dying and is experiencing pain, the physician discharges his or her professional obligation to relieve the patient's pain, if the physician can demonstrate by reference to an accepted guideline that his or her practice substantially complied with that accepted guideline. Evidence of substantial compliance with an accepted guideline may be rebutted only by the testimony of a clinical expert. Evidence of noncompliance with an accepted guideline is not sufficient alone to support disciplinary or criminal action.

(b) A registered nurse is not subject to disciplinary sanctions by a licensing board or criminal punishment by the state for administering pain-relieving controlled substances to alleviate or control pain, if administered in accordance with the orders of a licensed physician.

(c) A registered pharmacist is not subject to disciplinary sanctions by a licensing board or criminal punishment by the state for dispensing a prescription for a pain-relieving controlled substance to alleviate or control pain, if dispensed in accordance with the orders of a licensed physician.

(d) For purposes of this section, the term "disciplinary sanctions" includes both remedial and punitive sanctions imposed on a licensee by a licensing board, arising from either formal or informal proceedings.

(e) The provisions of this section apply to the treatment of all patients for pain, regardless of the patient's prior or current chemical dependency or addiction. The board may develop and issue policies or guidelines establishing standards and procedures for the application of this article to the care and treatment of persons who are chemically dependent or addicted.

DEF_WV_Trial_00027127

DEF-WV-03067.00002