Enrolled Version - Final Version

OTHER VERSIONS - <u>Committee Substitute</u> | <u>Introduced Version</u> |

Key: Green = existing Code. Red = new code to be enacted

**ENROLLED**

**COMMITTEE SUBSTITUTE**

**FOR**

**H. B. 4058**

(By Mr. Speaker, Mr. Kiss, and Delegates Douglas,

Staton, Ashley and Trump)

[Passed March 14, 1998; in effect ninety days from passage.]

AN ACT to amend chapter thirty of the code of West Virginia, one thousand nine hundred thirty-one, as amended, by adding thereto a new article, designated article three-a, relating to limiting disciplinary actions against certain health professionals prescribing, administering or dispensing controlled substances in the management of intractable pain.

*Be it enacted by the Legislature of West Virginia:*

**That chapter thirty of the code of West Virginia, one thousand nine hundred thirty-one, as amended, be amended by adding thereto a new article, designated article three-a, to read as follows:**

**ARTICLE 3A. MANAGEMENT OF INTRACTABLE PAIN.**

**§30-3A-1. Definitions.**

For the purposes of this article, the words or terms defined in this section have the meanings ascribed to them. These definitions are applicable unless a different meaning clearly appears from the context.

(1) An "accepted guideline" is a care or practice guideline for pain management developed by a nationally recognized clinical or professional association, or a specialty society or government- sponsored agency that has developed practice or care guidelines based on original research or on review of existing research and expert opinion. Guidelines established primarily for purposes of coverage, payment or reimbursement do not qualify as accepted practice or care guidelines when offered to limit treatment options otherwise covered by the provisions of this article.

(2) "Board" or "licensing board" means the West Virginia board of medicine, the West Virginia board of osteopathy, the West Virginia board of registered nurses or the West Virginia board of pharmacy.

(3) "Intractable pain" means a state of pain having a cause that cannot be removed. Intractable pain exists if an effective relief or cure of the cause of the pain: (1) Is not possible; or (2) has not been found after reasonable efforts. Intractable pain may be temporary or chronic.

(4) "Nurse" means a registered nurse licensed in the state of West Virginia pursuant to the provisions of article seven of this chapter.

(5) "Pain-relieving controlled substance" includes, but is not limited to, an opioid or other drug classified as a schedule II controlled substance and recognized as effective for pain relief, and excludes any drug that has no accepted medical use in the United States or lacks accepted safety for use in treatment under medical supervision, including, but not limited to, any drug classified as a schedule I controlled substance.

(6) "Pharmacist" means a registered pharmacist licensed in the state of West Virginia pursuant to the provisions of article five of this chapter.

(7) "Physician" means a physician licensed in the state of West Virginia pursuant to the provisions of article three or article fourteen of this chapter.

**§30-3A-2. Limitation on disciplinary sanctions or criminal punishment related to management of intractable pain.**

(a) A physician shall not be subject to disciplinary sanctions by a licensing board or criminal punishment by the state for prescribing, administering or dispensing pain-relieving controlled substances for the purpose of alleviating or controlling

DEF_WV_Trial_00027707

DEF-WV-03106.00001



DEF-WV-03106

intractable pain when:

(1) In a case of intractable pain involving a dying patient, the physician discharges his or her professional obligation to relieve the dying patient's intractable pain and promote the dignity and autonomy of the dying patient, even though the dosage exceeds the average dosage of a pain-relieving controlled substance; or

(2) In the case of intractable pain involving a patient who is not dying, the physician discharges his or her professional obligation to relieve the patient's intractable pain, even though the dosage exceeds the average dosage of a pain-relieving controlled substance, if the physician can demonstrate by reference to an accepted guideline that his or her practice substantially complied with that accepted guideline. Evidence of substantial compliance with an accepted guideline may be rebutted only by the testimony of a clinical expert. Evidence of noncompliance with an accepted guideline is not sufficient alone to support disciplinary or criminal action.

(b) A registered nurse shall not be subject to disciplinary sanctions by a licensing board or criminal punishment by the state for administering pain-relieving controlled substances to alleviate or control intractable pain, if administered in accordance with the orders of a licensed physician.

(c) A registered pharmacist shall not be subject to disciplinary sanctions by a licensing board or criminal punishment by the state for dispensing a prescription for a pain-relieving controlled substance to alleviate or control intractable pain, if dispensed in accordance with the orders of a licensed physician.

(d) For purposes of this section, the term "disciplinary sanctions" includes both remedial and punitive sanctions imposed on a licensee by a licensing board, arising from either formal or informal proceedings.

(e) The provisions of this section shall apply to the treatment of all patients for intractable pain, regardless of the patient's prior or current chemical dependency or addiction. The board may develop and issue policies or guidelines establishing standards and procedures for the application of this article to the care and treatment of persons who are chemically dependent or addicted.

§30-3A-3. **Acts subject to discipline or prosecution.**

(a) Nothing in this article shall prohibit disciplinary action or criminal prosecution of a physician for:

(1) Failing to maintain complete, accurate, and current records documenting the physical examination and medical history of the patient, the basis for the clinical diagnosis of the patient, and the treatment plan for the patient;

(2) Writing a false or fictitious prescription for a controlled substance scheduled in article two, chapter sixty-a of this code; or

(3) Prescribing, administering, or dispensing a controlled substance in violation of the provisions of the federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§801, *et seq.* or chapter sixty-a of this code; or

(4) Diverting controlled substances prescribed for a patient to the physician's own personal use.

(b) Nothing in this article shall prohibit disciplinary action or criminal prosecution of a nurse or pharmacist for:

(1) Administering or dispensing a controlled substance in violation of the provisions of the federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§801, *et seq.* or chapter sixty-a of this code; or

(2) Diverting controlled substances prescribed for a patient to the nurse's or pharmacist's own personal use.

§30-3A-4. **Construction of article.**

This article may not be construed to legalize, condone, authorize or approve mercy killing or assisted suicide.

DEF_WV_Trial_00027708

DEF-WV-03106.00002