## BEFORE THE WEST VIRGINIA BOARD OF MEDICINE

**IN RE:**

**DELENO H. WEBB, III, M.D.**

### CONSENT ORDER

The West Virginia Board of Medicine ("Board") and Deleno H. Webb, III, M.D. ("Dr. Webb") freely and voluntarily enter into the following Consent Order pursuant to West Virginia Code § 30-3-1, et seq.

### FINDINGS OF FACT

The Board and Dr. Webb stipulate to the truthfulness and accuracy of the facts, as set forth herein below:

1.      Deleno H. Webb, III, M.D. (Dr. Webb), holds a license (#09413) to practice medicine and surgery in the state of West Virginia.

2.      On or about June 18, 2014, the West Virginia Board of Medicine received a Report of Investigation regarding Dr. Webb from a West Virginia insurance provider [hereinafter "Reporting Provider"] identifying concerns of inappropriate prescribing of controlled substance narcotic medications.

3.      On July 13, 2014, the Complaint Committee of the Board reviewed and considered the reported information and elected to initiate a complaint, Complaint No. 14-69-W, to review and investigate the allegations it received regarding Dr. Webb.

4.      The Complaint Committee conducted an investigation into the allegations set forth in Complaint No. 14-69-W. In association with its investigation, the Committee sought medical records for twenty four individuals for whom Dr. Webb had prescribed controlled substances, including certain members of Dr. Webb's family.

PLAINTIFFS TRIAL EXHIBIT

**P-42370_00001**

Consent Order
Deleno H. Webb, III, M.D.
Page 2 of 10

5.     In response to the Committee's subpoena for medical records, Dr. Webb produced medical records for Patients 1 through 21, and Patients 23, 24 and 25.[1]

6.     Patient 22 is an immediate family member of Dr. Webb.  Dr. Webb avers that he did not produce a medical record for Patient 22, because he did not maintain a medical record for this family member.

7.     Dr. Webb wrote multiple prescriptions for scheduled controlled substances to Patient 22.

8.     Dr. Webb failed to maintain a medical record in association with his treatment of Patient 22, and therefore has no evidence to justify his course of treatment of this patient.

9.     Patients 19 and 21 are also immediate family members of Dr. Webb.

10.     Dr. Webb prescribed both Patient 19 and Patient 21 scheduled controlled substances including concurrent prescriptions for opioid medication and benzodiazepines.

11.     Dr. Webb's medical record for Patients 19 and 21 are substantially incomplete and fails to justify the course of treatment for these immediate family members.

12.     With respect to other patients, whose records were produced to the Board, Dr. Webb commonly treated the patients with excessive dosages of opiates and benzodiazepines.

13.     Dr. Webb did not take appropriate action to address some patients who had drug screen results which were inconsistent with the prescribed medication regimen. In some cases he continued to prescribe scheduled controlled substances to patients who tested negative for prescribed medications and/or tested positive for substances not prescribed.

_____

[1] To protect the confidentiality of Dr. Webb's patients, a confidential patient key has been utilized.

Consent Order
Deleno H. Webb, III, M.D.
Page 3 of 10

14.     On or about December 3, 2014, the West Virginia Board of Medicine received a second report regarding Dr. Webb. This report was in the form of a letter of concern regarding Dr. Webb from another West Virginia physician ("reporting physician").

15.     The reporting physician advised the Board that he had been treating Patient 25 for opiate addiction for the past several years. Patient 25 was on naltrexone for the past several years, and had consistently screened negative for opiates while under the reporting physician's care.

16.     Upon a review of Patient 25's Controlled Substance Report from the KASPER system in Kentucky, the reporting physician noticed that Dr. Webb was prescribing an "out of the ordinary large amount" of opiate medications along with benzodiazepines to Patient 25.

17.     On January 11, 2015, the Complaint Committee of the Board reviewed and considered the reported information and elected to initiate a second complaint against Dr. Webb, Complaint No. 15-15-W, to investigate his treatment of Patient 25.

18.     Patient 25, a Kentucky resident who traveled to Huntington, West Virginia to be treated by Dr. Webb, had his prescriptions from Dr. Webb for scheduled controlled substances dispensed by Kentucky pharmacies.

19.     Dr. Webb's medical records for Patient 25 indicate a diagnosis of "pain disorder related to psychological factors."

20.     Dr. Webb's medical record fails to justify the course of treatment, including prescribing, for Patient 25.

21.     Dr. Webb has advised the Board that he has decided to retire from the practice of medicine, and seeks to wind down his practice and surrender his West Virginia medical license in lieu of proceeding to hearing upon the disciplinary charges pending against him.

Consent Order
Deleno H. Webb, III, M.D.
Page 4 of 10

22.     The Board and Dr. Webb voluntarily enter into this Consent Order to resolve all pending complaints initiated against Dr. Webb, and to protect the public interest.

## CONCLUSIONS OF LAW

The Board and Dr. Webb stipulate to the following conclusions of law:

1.     Dr. Webb's license to practice medicine and surgery in the State of West Virginia is subject to regulation and discipline by the West Virginia Board of Medicine, the "regulatory and disciplinary body for the practice of medicine and surgery" for physicians, podiatrists and physician assistants in West Virginia. W.Va. Code §30-3-5 and §30-3-7(a).

2.     The Board has a mandate to ensure "a professional environment that encourages the delivery of quality medical services" to protect the public interest. W.Va. Code §30-3-2.

3.     The West Virginia Medical Practice Act sets forth conduct which may render an individual unqualified for licensure or subject to discipline or other restrictions upon licensure. W.Va. Code §30-3-14. Pursuant to W.Va. Code §30-1-8(c), the Board has promulgated legislative rules that "delineate conduct, practices or acts which, in the judgment of the board, constitute professional negligence, a willful departure from accepted standards of professional conduct and/or which may render an individual unqualified or unfit for licensure, registration or other authorization to practice." W. Va. Code R. §11-1A-12.

4.     Probable cause exists to substantiate disciplinary charges against Dr. Webb and to restrict his licensure, or impose sanctions on him, pursuant to:

(a)     W. Va. Code §30-3-14(c)(17), W. Va. Code R. §11-1A-12.1.e and 12.1j, and W. Va. Code R. §11-1A-12.2.d, relating to unprofessional conduct including, but not limited to, any departure from, or failure to conform to, the standards of acceptable and prevailing medical practice and/or conduct that "is calculated to bring or has the effect of bringing the medical or podiatric profession into disrepute, including, but not limited to, any departure from or failure to conform to the standards of acceptable and

Consent Order
Deleno H. Webb, III, M.D.
Page 5 of 10

prevailing medical or podiatric practice within the state, and any departure from or failure to conform to the current principles of medical ethics of the AMA;" and/or

(b)   W. Va. Code §30-3-14(c)(11), W. Va. Code R. §11-1A-12.1.u, and W. Va. Code R. §11-1A-12.1.jj, relating to the failure to keep written records to justify the course of treatment; and/or

(c)   W. Va. Code §30-3-14(c)(13) relating to prescribing a controlled substance other than in a therapeutic manner in accordance with currently accepted medical standards and in the course of the physician's professional practice; and/or

    i.   For the use of his or her immediate family when the licensee knows or has reason to know that an abuse of controlled substance(s) may result from such a practice; and/ or

    ii.   In such amounts that the licensee knows or has reason to know, under the attendant circumstances, that the amounts prescribed or dispensed are excessive under currently accepted and prevailing medical practice standards.

5.   It is reasonable, appropriate, and in the public interest to permit Dr. Webb to surrender his West Virginia medical license permanently, in lieu of conducting and completing the investigatory process on pending investigatory matters and in lieu of instituting disciplinary proceedings upon these complaints.

## CONSENT

By signing his name to this Consent Order, Deleno H. Webb, III, M.D., acknowledges that he understands and agrees with the following:

1.   Dr. Webb has read and understands this entire Consent Order;

2.   Dr. Webb agrees that he has been given adequate time and opportunity to review and consider the terms set forth in this Consent Order;

Consent Order
Deleno H. Webb, III, M.D.
Page 6 of 10

3.     Dr. Webb understands that he has the right to legal representation in this matter, at his own expense, and agrees that he has been afforded adequate time and opportunity to exercise his right to consult with his attorney regarding the legal effect of this Consent Order;

4.     Dr. Webb understands that this Consent Order is a legally binding Order of the West Virginia Board of Medicine that affects his rights and privileges;

5.     Dr. Webb acknowledges that he is fully aware that, without his consent, no permanent legal action may be taken against him except after a hearing held in accordance with West Virginia Code § 30-3-14(h) and §29A-5-1, et seq.;

6.     Dr. Webb is aware of his legal rights in this matter, in addition to his right to be represented by counsel at his own expense, including: the right to a formal hearing, after reasonable notice, before the West Virginia Board of Medicine on the disciplinary charges before the Board; the right to confront and cross-examine witnesses against him; the right to present evidence and testify on his own behalf; the right to the issuance of subpoenas to compel the attendance of witnesses and the production of documents; the right to appeal under Chapter 29A of the West Virginia Code in the event of a final order or decision adverse to him;

7.     With the exception of his right to an attorney, which he has exercised, Dr. Webb knowingly and voluntarily waives all such additional legal rights, and agrees to the entry of this Consent Order relative to his practice of medicine in the State of West Virginia;

8.     Dr. Webb acknowledges that by signing this Consent Order, he is forever relinquishing his license to practice medicine and surgery in West Virginia, and is affirmatively waiving any opportunity for licensure reinstatement or reactivation in the future; and

9.     Dr. Webb understands that this Order is a public document which will be available for public inspection, will be accessible through the Board's website, and will be a

P-42370 _ 00006

Consent Order
Deleno H. Webb, III, M.D.
Page 7 of 10

permanent part of his historical file with the Board. Matters contained herein will be reported to the National Practitioner Data Bank, and may be reported to other jurisdictions, the Federation of State Medical Boards and as otherwise required by law.

## ORDER

**WHEREFORE,** on the basis of the foregoing stipulated Findings of Fact and Conclusions of Law, and with the consent of Dr. Webb, the West Virginia Board of Medicine hereby **ORDERS** as follows:

1.      Immediately upon his execution of this Consent Order, Dr. Webb shall begin the winding down of his West Virginia medical practice.  This Consent Order is deemed to be executed by Dr. Webb on the date his notarized signature is affixed hereupon.

2.      Immediately upon his execution of this Consent Order, during the winding down of his medical practice, and until he ceases practicing medicine in West Virginia, Dr. Webb:  (1) shall not accept any new patients; (2) shall not reestablish physician-patient relationship with any former patients; (3) shall not start prescribing either benzodiazepines or narcotic and/or opiate scheduled controlled substances, including but not limited to oxycodone, oxymorphone, hydrocodone, hydromorphone, morphine, Fentynal, Methadone, and all other scheduled controlled drugs of similar nature to any current patient; and (4) shall continue to refrain from prescribing medication, including, but not limited to, controlled substances, to Patient 19, Patient 21, Patient 22, to any of his current employees, and/or to any other of his immediate family members.

3.      The winding down of Dr. Webb's medical practice shall, at a minimum, include: (1) the safe and medically appropriate titration of medications for current patients; (2) appropriate efforts by Dr. Webb to make patient referrals to other providers; (3) appropriate

Consent Order
Deleno H. Webb, III, M.D.
Page 8 of 10

efforts by Dr. Webb to publish and otherwise notify all patients of the imminent cessation of his practice of medicine and the process by which copies of patient medical records may be requested and obtained, including information regarding how medical records may be obtained after Dr. Webb ceases practicing medicine in West Virginia.

4. Within 30 days of the entry of this Consent Order, Dr. Webb shall notify the United States Drug Enforcement Administration (DEA) of this Order, and shall provide a copy hereof to the DEA with notification that he shall cease practicing medicine upon the permanent surrender of his West Virginia medical license.

5. Dr. Webb shall complete the winding down and closing of his West Virginia medical practice by 11:59 p.m. on Sunday, March 5, 2017.

6. Effective at 12:00 a.m. on Monday, March 6, 2017, Dr. Webb's license to practice medicine and surgery in West Virginia, license number 09413, is hereby **PERMANENTLY SURRENDERED** to the Board.

7. In the future, Dr. Webb shall not submit any application or request seeking the reinstatement or reactivation of his surrendered West Virginia medical license.

8. Dr. Webb agrees that he is permanently ineligible for licensure by the West Virginia Board of Medicine, and that the Board need not consider or act upon any future application he may submit to this Board in contravention of the terms of this Consent Order.

9. This Consent Order shall be deemed entered on the date that this Order, with all required signatures affixed hereupon, is received in the Board's 101 Dee Drive, Charleston, West Virginia, office. The Executive Director of the West Virginia Board of Medicine is hereby authorized to denote the date of entry on behalf of the Board in accordance with this paragraph.

Consent Order
Deleno H. Webb, III, M.D.
Page 9 of 10

10.    A copy of the fully executed Consent Order shall be served upon Dr. Webb via
certified mail at his address of record with the Board.

ENTERED ON: _January 12, 2017_

WEST VIRGINIA BOARD OF MEDICINE

_____
Ahmed D. Faheem, M.D.
President

Date: _____1. 9-17_____

_____
Rahul Gupta, M.D., M.P.H.
Secretary

Date: _____1/11/17_____

**ACCEPTANCE**

**I, DELENO H. WEBB, III, M.D., HAVE READ AND UNDERSTAND THE FOREGOING
CONSENT ORDER. I HAVE BEEN GIVEN SUFFICIENT TIME AND OPPORTUNITY
TO CONSIDER THIS CONSENT ORDER, AND I UNDERSTAND THE EFFECT IT
WILL HAVE UPON MY LICENSE TO PRACTICE MEDICINE AND SURGERY IN
WEST VIRGINIA. UPON ENTRY OF THIS CONSENT ORDER, MY WEST VIRGINIA
LICENSE WILL BE SURRENDERED PERMANENTLY, AND I WILL NO LONGER
BE ELIGIBLE TO PRACTICE MEDICINE AND SURGERY IN WEST VIRGINIA. I
HAVE ALSO AGREED THAT I WILL NEVER REAPPLY FOR LICENSURE IN WEST
VIRGINIA, AND I UNDERSTAND THIS IS A BINDING AND BARGAINED FOR
TERM OF THIS CONSENT ORDER.**

P-42370 _ 00009

Consent Order
Deleno H. Webb, III, M.D.
Page 10 of 10

**BY SIGNING THIS CONSENT ORDER, I HAVE WAIVED CERTAIN RIGHTS, BUT I DO SO KNOWINGLY AND VOLUNTARILY, AND I DO NOT WISH TO ASSERT THOSE RIGHTS IN THIS MATTER.**

**I UNDERSTAND THAT I HAVE THE RIGHT TO LEGAL COUNSEL, WHICH I HAVE EXERCISED. I HAVE BEEN PROVIDED WITH AMPLE TIME TO CONSULT WITH MY ATTORNEY AND OBTAIN LEGAL ADVICE REGARDING MY ACCEPTANCE OF THIS CONSENT ORDER.**

**I AM SIGNING THIS CONSENT ORDER VOLUNTARILY, AND I UNDERSTAND THE POTENTIAL CONSEQUENCES OF THIS CONSENT ORDER, AND ANY VIOLATIONS THEREOF.**

Deleno H. Webb, III, M.D.

Date: 12·05·16

STATE OF West Virginia

COUNTY OF Cabell , to-wit:

I, Judith E Maynard , a Notary Public for said county and state do hereby certify that Deleno H. Webb, III, M.D., whose name is signed herein above has this day acknowledged the same before me.

Given under my hand this 5th day of Dec. , 2016.

My Commission expires Dec. 18, 2020

Judith E Maynard
Notary Public

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA

JUDITH E. MAYNARD

72 SUNWATCH
HUNTINGTON, WV 25705
My Commission Expires DECEMBER 18, 2020



# State of West Virginia
## *Board of Medicine*

**AHMED DAVER FAHEEM, MD**
PRESIDENT

**RAHUL GUPTA, MD, MPH**
SECRETARY

101 Dee Drive, Suite 103
Charleston, WV 25311
Telephone 304.558.2921
Fax 304.558.2084
www.wvbom.wv.gov

**KISHORE K. CHALLA, MD, FACC**
VICE PRESIDENT

**JAMIE S. ALLEY**
DEPUTY DIRECTOR/GENERAL COUNSEL

January 12, 2017

**<u>VIA CERTIFED MAIL</u>**
Deleno H. Webb, III, M.D.
Area Psychiatric & Psychotherapy Group
10 W. Sixth Avenue, Suite 300
Huntington, WV 25701

RE: West Virginia Board of Medicine
Complaint Nos. 14-69-W and 15-15-W

Dear Dr. Webb:

Enclosed please find for your records a copy of the fully executed Consent Order in the above referenced matter. This Consent Order resolves all matters currently pending before the Board relative to your practice of medicine and surgery in West Virginia.

A copy of this Consent Order has been placed in your historical record. Effective at 12:00 a.m. on Monday, March 6, 2017, your license status will change from active to surrendered.

Sincerely,

Jamie S. Alley

JSA/kjd
Enclosure
cc: S. Benjamin Bryant, Esq. (with enclosure)

P-42370 _ 00011