# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

March 18, 2024

C. Casey Forbes, Clerk of Court
Supreme Court of Appeals of West Virginia
Capitol Complex
1900 Kanawha Boulevard East
Building One, Room E-317
Charleston, WV 25305

No. 22-1819 (L),   City of Huntington, West Virginia v. Amerisourcebergen Drug
Corporation
3:17-cv-01362

Dear Mr. Forbes:

Enclosed is a certified copy of this court's order/opinion certifying a question of law to the Supreme Court of Appeals of West Virginia.

A copy of this court's public docket is also enclosed. Copies of all public documents filed on appeal are available through the Court's PACER site at: https://ecf.ca4.uscourts.gov under the above-referenced docket number.

Please feel free to contact me if you need additional documents.

Sincerely,

/s/ Kirsten Hancock
Deputy Clerk

Copies:   Nicole Antoine
Gregory A. Beck
Louis M. Bograd
George A. Borden
Joseph Carl Cecere Jr.

Ruthanne Mary Deutsch
David Charles Frederick
Henry G. Garrard III
Deepak Gupta
Ashley Wall Hardin
Frank Lane Heard III
Timothy Channing Hester
Kathleen White Hickey
Hyland Hunt
Leslie Carolyn Kendrick
Joseph J. Mahady
Enu Mainigi
Anthony J. Majestro
Ariela Miriam Migdal
Robert Bernard Nealon
Robert A. Nicholas
Rory L. Perry II
Stephen F. Petkis
Christian James Pistilli
Michael J. Quirk
Paul William Schmidt
Michael J. Skoler
Christina L. Smith
Lillian Virginia Smith
Kim M. Watterson

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-1819**

───────────

CITY OF HUNTINGTON, WEST VIRGINIA,

                    Plaintiff - Appellant,

        v.

AMERISOURCEBERGEN DRUG CORPORATION; CARDINAL HEALTH, INC.; MCKESSON CORPORATION,

                    Defendants - Appellees.

------------------------------

LEGAL SCHOLARS,

                    Amicus Curiae,

THE NATIONAL ASSOCIATION OF COUNTIES; THE COUNTY EXECUTIVES OF AMERICA; THE NATIONAL LEAGUE OF CITIES; THE U.S. CONFERENCE OF MAYORS; THE INTERNATIONAL MUNICIPAL LAWYERS ASSOCIATION; THE WEST VIRGINIA SHERIFFS' ASSOCIATION; AMERICAN PUBLIC HEALTH ASSOCIATION; NATIONAL ASSOCIATION OF COUNTY AND CITY HEALTH OFFICIALS,

                    Amici Supporting Appellant.

───────────

**No. 22-1822**

───────────

CABELL COUNTY COMMISSION,

                    Plaintiff - Appellant,

        v.

AMERISOURCEBERGEN DRUG CORPORATION; CARDINAL HEALTH, INC.; MCKESSON CORPORATION,

    Defendants - Appellees,

  and

CVS HEALTH CORPORATION; WALGREENS BOOTS ALLIANCE, INC.; THE KROGER COMPANY; RITE AID CORPORATION,

    Defendants.

------------------------------

LEGAL SCHOLARS,

    Amicus Curiae,

THE NATIONAL ASSOCIATION OF COUNTIES; THE COUNTY EXECUTIVES OF AMERICA; THE NATIONAL LEAGUE OF CITIES; THE U.S. CONFERENCE OF MAYORS; THE INTERNATIONAL MUNICIPAL LAWYERS ASSOCIATION; THE WEST VIRGINIA SHERIFFS' ASSOCIATION; AMERICAN PUBLIC HEALTH ASSOCIATION; NATIONAL ASSOCIATION OF COUNTY AND CITY HEALTH OFFICIALS,

    Amici Supporting Appellant.

————————————

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington.  David A. Faber, Senior District Judge.  (3:17−cv−01362; 3:17−cv−01665)

————————————

Argued:  January 25, 2024         Decided:  March 18, 2024

————————————

Before KING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

————————————

Question certified to the Supreme Court of Appeals of West Virginia by published order. Senior Judge Keenan directed entry of the order with the concurrence of Judge King and Judge Benjamin.

————————————

2

**ARGUED:**   David Charles Frederick, KELLOGG, HANSEN, TODD, FIGEL & FREDERICK P.L.L.C., Washington, D.C., for Appellant.   Paul William Schmidt, COVINGTON & BURLING, LLP, Washington, D.C.; Enu Mainigi, WILLIAMS & CONNOLLY LLP, Washington, D.C; Robert A. Nicholas, REED SMITH, LLP, Philadelphia, Pennsylvania, for Appellees.   **ON BRIEF:**   Louis M. Bograd, Michael J. Quirk, MOTLEY RICE LLC, Washington, D.C., for Appellant City of Huntington, West Virginia.   Anthony J. Majestro, Christina L. Smith, POWELL & MAJESTRO, PLLC, Charleston, West Virginia, for Appellant Cabell County Commission.   Ariela M. Migdal, Lillian V. Smith, Matthew N. Drecun, Kathleen W. Hickey, KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C., Washington, D.C., for Appellants.   F. Lane Heard III, George A. Borden, Ashley W. Hardin, WILLIAMS & CONNOLLY LLP, Washington, D.C., for Appellee Cardinal Health, Inc.   Timothy C. Hester, Christian J. Pistilli, Stephen F. Petkis, Nicole M. Antoine, COVINGTON & BURLING LLP, Washington, D.C., for Appellee McKesson Corporation.   Kim M. Watterson, Pittsburgh, Pennsylvania, Joseph J. Mahady, REED SMITH LLP, Philadelphia, Pennsylvania, for Appellee AmerisourceBergen Drug Corporation.   Leslie Kendrick, Charlottesville, Virginia; Michael J. Skoler, SOKOLOVE LAW, LLC, Chestnut Hill, Massachusetts; Ruthanne M. Deutsch, Hyland Hunt, DEUTSCH HUNT PLLC, Washington, D.C., for Amici Legal Scholars.   Robert B. Nealon, NEALON & ASSOCIATES, P.C., Alexandria, Virginia; J. Carl Cecere, CECERE PC, Dallas, Texas, for Amici The National Association of Counties, The County Executives of America, The National League of Cities, The U.S. Conference of Mayors, The International Municipal Lawyers Association, and the West Virginia Sheriffs' Association.   Henry G. Garrard, III, BLASINGAME, BURCH, GARRARD & ASHLEY, P.C., Athens, Georgia; Deepak Gupta, Gregory A. Beck, GUPTA WESSLER PLLC, Washington, D.C., for Amici American Public Health Association and National Association of County and City Health Officials.

---

———————————

ORDER

———————————

BARBARA MILANO KEENAN, Senior Circuit Judge:

The United States Court of Appeals for the Fourth Circuit, exercising the privilege afforded by the State of West Virginia through the Uniform Certification of Questions of Law Act, West Virginia Code §§ 51-1A-1 through 51-1A-13, requests that the Supreme Court of Appeals of West Virginia exercise its discretion to answer the following question:

> Under West Virginia's common law, can conditions caused by the distribution of a controlled substance constitute a public nuisance and, if so, what are the elements of such a public nuisance claim?

A negative answer to this question is outcome determinative in the present appeal. Moreover, in our view, the fact that there is no controlling appellate decision, constitutional provision, or statute of West Virginia answering this question renders it appropriate for certification.  *See* W. Va. Code § 51–1A–3.  We acknowledge that the Supreme Court of Appeals of West Virginia may restate this question.  *See id.* §§ 51-1A-4, 51-1A-6(a)(3).

I.

A.

The Cabell County Commission and the City of Huntington, West Virginia (the plaintiffs) filed suit in 2017 against three distributors of opioids: AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation (the distributors or the

4

defendants).[1]    The plaintiffs alleged that these companies "created, perpetuated, and maintained" the opioid epidemic by repeatedly shipping to pharmacies orders of opioids in quantities that the distributors "knew or should have known exceed[ed] any legitimate market" for the drugs.  The plaintiffs contended that the defendants' conduct resulted in a public nuisance that was subject to abatement under West Virginia common law.

After holding a bench trial in 2021, the district court issued an opinion under Federal Rule of Civil Procedure 52, ruling in favor of the distributors.  *City of Huntington v. AmerisourceBergen Drug Corp.*, 609 F. Supp. 3d 408, 412 (S.D.W. Va. 2022).  As a threshold matter, the district court held that West Virginia's common law of public nuisance did not cover the plaintiffs' claims.  *Id.* at 475.  The district court, recognizing that the Supreme Court of Appeals of West Virginia (Supreme Court of Appeals) had not ruled on this issue, predicted that the state court would decline to extend West Virginia's common law of public nuisance to the sale, distribution, and manufacture of opioids.  *Id.* at 472, 475.  In reaching this conclusion, the district court cited the Restatement (Third) of Torts and observed that the Supreme Court of Appeals had applied the common law of public nuisance only "in the context of conduct that interferes with public property or resources."  *Id.* at 472.  The district court also held that extension of the common law of

---

[1] The plaintiffs originally filed separate lawsuits that included other parties and claims.  However, after the United States Judicial Panel on Multidistrict Litigation transferred both Huntington's and Cabell County's suits to the Northern District of Ohio (the MDL court), the MDL court designated the suits as "Track Two" bellwether cases and directed the parties to "streamline" their claims.  The plaintiffs thereafter narrowed their claims to a public nuisance suit against the three distributor defendants in the present appeal.  The MDL court later remanded the case to the Southern District of West Virginia, which consolidated the cases for trial.

public nuisance to cover the plaintiffs' claims would be "inconsistent with the history and traditional notions of nuisance." *Id.* The district court did not find persuasive two West Virginia circuit court decisions in which those courts held that the common law of public nuisance may apply to the sale and distribution of opioids.[2] *Id.* The district court explained:

> To apply the law of public nuisance to the sale, marketing and distribution of products would invite litigation against any product with a known risk of harm, regardless of the benefits conferred on the public from proper use of the product. The economic harm and social costs associated with these new causes of action are difficult to measure but would obviously be extensive.

*Id.* at 474.

The district court also rejected the plaintiffs' proposed remedy, namely, a 15-year "Abatement Plan" developed by Dr. G. Caleb Alexander, an expert in opioid abatement intervention. *Id.* at 417, 470–71, 484. Dr. Alexander testified at trial that the opioid epidemic and the resulting harms from the epidemic were "reasonably certain to continue" absent implementation of a $2.5 billion abatement plan, which would address "[p]revention, treatment, recovery, and special populations."

The district court held that this relief was "not properly understood" as falling within "the nature of abatement." *Id.* at 484. The court found that the plan did not restrict the defendants' conduct or their distribution of opioids but generally proposed programs and

---

[2] *See id.* at 473 (citing *Brooke Cnty. Comm'n v. Purdue Pharma L.P.*, No. 17-C-248, 2018 WL 11242293 (W. Va. Cir. Ct. Dec. 28, 2018), *writ denied*, No. 19-0210 (W. Va. June 4, 2019), and *State ex rel. Morrisey v. AmerisourceBergen Drug Corp.*, No. 12-C-141, 2014 WL 12814021 (W. Va. Cir. Ct. Dec. 12, 2014), *writ denied*, No. 15-1026 (W. Va. Jan. 5, 2016)).

services to address "the attendant harms caused by opioid abuse and addiction." *Id.* at 470. The court reasoned that the costs of the plan had "no direct relation to any of [the distributors'] alleged misconduct" and thus did not qualify as abatement. *Id.* at 483.[3]

After the district court entered final judgment for the distributors, the plaintiffs timely appealed.

## B.

Before setting forth the parties' arguments, we summarize the statutory and regulatory framework under which the United States Drug Enforcement Administration (DEA) gives persons and entities the authority to distribute controlled substances, namely, the Controlled Substances Act (CSA), 21 U.S.C. §§ 801–904, and its implementing regulations.[4]  We later briefly describe the specific facts giving rise to the plaintiffs' public nuisance claim against the distributors.

---

[3] The district court also held that the plaintiffs had not shown that the distributors' conduct was unreasonable or was a proximate cause of any nuisance. *Id.* at 449, 476. Notably, however, we need address the district court's alleged errors on reasonableness and causation only if the Supreme Court of Appeals recognizes public nuisance as a cognizable claim in this case.  We thus conclude that the district court's holdings in that regard are not "relevant to the [certified] question[s]," and we do not describe them here. W. Va. Code § 51-1A-6(a)(2).

[4] In their separate challenges to the district court's holdings on reasonableness and causation, the plaintiffs contend that the distributors violated their duties under the Controlled Substances Act and the West Virginia Controlled Substances Act by failing to identify or investigate suspicious orders of opioids, and by raising ordering thresholds to allow pharmacies to place large orders of opioids "without triggering review."  We do not expand on the plaintiffs' separate arguments in this Order because the plaintiffs contend that a condition can constitute a public nuisance even if the conduct that causes the condition is lawful.  Nevertheless, we set forth the relevant statutory framework in the event that the Supreme Court of Appeals determines that the legality of the defendants' (Continued)

When Congress passed the CSA, it acknowledged that many controlled substances "have a useful and legitimate medical purpose and are necessary to maintain the health and general welfare of the American people." 21 U.S.C. § 801(1). Congress also recognized, however, the potential for abuse of such substances and the "need to prevent the diversion of drugs from legitimate to illicit channels." *Gonzales v. Raich*, 545 U.S. 1, 13 (2005); *see also* 21 U.S.C. § 801(2). Thus, Congress created in the CSA a "closed regulatory system" in which only entities registered with the DEA may manufacture, distribute, or dispense controlled substances.[5] *Raich*, 545 U.S. at 13; *see* 21 U.S.C. §§ 822, 823.

A controlled substance is placed in a schedule based on the drug's potential for being abused. 21 U.S.C. § 812; *John Doe, Inc. v. DEA*, 484 F.3d 561, 563 (D.C. Cir. 2007). As relevant here, Schedule II substances include oxycodone, hydrocodone, and other opioids that have both a currently accepted medical use and a "high potential for abuse" that may lead to "severe psychological or physical dependence." 21 U.S.C. § 812(b)(2); 21 C.F.R. § 1308.12.

Within the supply chain for controlled substances, DEA-registered entities include manufacturers, distributors, and pharmacies, which dispense controlled substances based

---

actions affects the availability of a public nuisance remedy. *Cf. Duff v. Morgantown Energy Assocs.*, 421 S.E.2d 253, 257 (W. Va. 1992) (explaining that the Supreme Court of Appeals has "consistently reaffirmed" that even a "business lawful in itself" may constitute a public nuisance if "a particular use of real property" is unreasonable in relation to the particular locality involved).

[5] The United States Attorney General delegated many of its authorities under the CSA to the DEA Administrator. *See* 21 U.S.C. § 871(a); 28 C.F.R. § 0.100(b).

on prescriptions written by registered doctors.[6]  All registrants, including distributors, must "provide effective controls and procedures to guard against . . . diversion of controlled substances."  21 C.F.R. § 1301.71(a).  A registrant must "design and operate a system to disclose to the registrant suspicious orders of controlled substances," and the registrant "shall inform" the DEA of suspicious orders it discovers.[7]  21 C.F.R. § 1301.74(b); *see Huntington*, 609 F. Supp. 3d at 425 (finding that each defendant in the present case maintained a suspicious order monitoring system).   The regulations categorize as "suspicious" "orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency."  21 C.F.R. § 1301.74(b).[8]

Despite the controls set forth in the CSA, the opioid epidemic has led to "an extraordinary public health crisis that started at least two decades ago and has accelerated over the past decade."  *Huntington*, 609 F. Supp. 3d at 419.  The plaintiffs, the City of

[6] When determining whether to register a distributor applicant, the DEA considers public interest factors such as the applicant's maintenance of effective controls against diversion, compliance with applicable state and local laws, prior conviction record, past experience in the distribution of controlled substances, and other factors that may be relevant to public health and safety.  21 U.S.C. § 823(b).

[7] Congress codified the suspicious order reporting requirement in the Substance Use-Disorder Prevention that Promotes Opioid Recovery and Treatment for Patients and Communities (SUPPORT) Act.  Pub. L. No. 115-271, §§ 3291–92, 132 Stat. 3894, 3956 (Oct. 24, 2018), *codified at* 21 U.S.C. § 832.

[8] *Morris & Dickson Co., LLC*, 88 Fed. Reg. 34523-01, 34535 (DEA May 30, 2023) (outlining other "red flags"); *Masters Pharm., Inc. v. DEA*, 861 F.3d 206, 212 (D.C. Cir. 2017) (holding that a distributor must either decline to ship or conduct due diligence before shipping a suspicious order (citing *Southwood Pharm., Inc.*, 72 Fed. Reg. 36487, 36501 (DEA July 3, 2007)).

Huntington and Cabell County, West Virginia, have a combined population of about 100,000 people and have been "among the West Virginia communities hardest hit by the opioid epidemic." *Id.* at 419–20. Neighborhoods throughout Huntington and Cabell County have experienced increased crime rates and decreasing property values. *Id.* at 421. Hundreds of pregnant women in Huntington and Cabell County have been admitted for treatment of opioid use disorder and, at times, up to 10 percent of babies born at Cabell and Huntington Hospital have suffered from neonatal abstinence syndrome.[9] *Id.* at 420. The number of children placed in foster care has doubled. *Id.* Infectious disease rates have sharply increased. *Id.* at 420–21. People who inject drugs represented 90 percent of new HIV cases in 2019, and cases of Hepatitis B and C in Cabell County have far exceeded national averages. *Id.*

As of 2017, more than 10 percent of the population of Huntington and Cabell County was or had been addicted to opioids. *Id.* at 420. Between 2001 and 2018, 1,151 individuals died from drug overdoses in Cabell County. *Id.* Of those individuals, 1,002 died from opioid-related overdoses. *Id.* Between 2001 and 2017, the fatal drug overdose rate in Cabell County increased from 16.6 to 213.9 individuals per 100,000 people. *Id.* And, at the time of the 2021 bench trial before the district court, prescription opioids "remain[ed] . . . an ongoing and significant cause of drug overdose deaths in Cabell and Huntington." *Id.* at 421. With this background in mind, we turn to the threshold question

---

[9] Neonatal abstinence syndrome (NAS) occurs in newborns "exposed in utero to drugs taken by the mother." Dorland's Illustrated Medical Dictionary 1840 (32d ed. 2012). Newborns with NAS show signs of substance withdrawal such as tremors, sweating, yawning, poor feeding, and sleep disturbance. *Id.*

before us, namely, whether conditions caused by the distribution of a controlled substance can constitute a public nuisance under West Virginia common law.[10]

## II.

Under West Virginia common law, a public nuisance is "an act or condition that unlawfully operates to hurt or inconvenience an indefinite number of persons." *State ex rel. Smith v. Kermit Lumber & Pressure Treating Co.*, 488 S.E.2d 901, 921 (W. Va. 1997) (citation omitted); *Duff v. Morgantown Energy Assocs.*, 421 S.E.2d 253, 257 n.6 (W. Va. 1992); *see also* Restatement (Second) of Torts § 821B (1979) ("A public nuisance is an unreasonable interference with a right common to the general public."). This includes "anything which interferes with the rights of a citizen, either in person, property, the enjoyment of his property, or his comfort." *Sharon Steel Corp. v. City of Fairmont*, 334 S.E.2d 616, 621 (W. Va. 1985). "As suggested by this broad definition, nuisance is a flexible area of the law that is adaptable to a wide variety of factual situations." *Id.*

The parties dispute whether West Virginia's common law of public nuisance covers the defendants' distribution of opioids. Initially, the plaintiffs argue that the "nuisance" at issue is the "harm to public health and other resources" allegedly caused by the defendants' distribution of opioids. The plaintiffs contend that, like courts in many other states, West Virginia trial courts have "repeatedly allowed government entities to bring public nuisance

---

[10] When exercising diversity jurisdiction, "a federal court must apply the law of the forum state as it is interpreted by the state's highest court." *Moore v. Equitrans, L.P.*, 27 F.4th 211, 220 (4th Cir. 2022) (citation and quotation marks omitted).

claims concerning opioids."  Moreover, the plaintiffs assert that the Supreme Court of Appeals has applied the common law of public nuisance to "commodities," "the manufacture and distribution of products," and "otherwise-lawful business activities . . . when conducted in a manner that harms the public."

The plaintiffs also emphasize that the Supreme Court of Appeals has not adopted the Restatement (Third) of Torts, which states that "the common law of public nuisance is an inapt vehicle for addressing" harms related to products.  Restatement (Third) of Torts: Liab. for Econ. Harm § 8 (2020).  Additionally, the plaintiffs contend that even if the common law definition of public nuisance covers only conduct that interferes with public property or "resources," the present case "involves clear interference with public resources" in the plaintiffs' communities.  Finally, the plaintiffs argue that out-of-state decisions such as *State ex rel. Hunter v. Johnson & Johnson*, 499 P.3d 719 (Okla. 2021), do not affect the viability of a public nuisance claim under West Virginia common law.

The distributors respond that the Supreme Court of Appeals has applied the common law of public nuisance only in the context of conduct that interferes with public property such as highways, public grounds, harbors and landings, or shared resources such as clean air and water.  The distributors also reject the plaintiffs' interpretation of Supreme Court of Appeals precedent, contending that the cases relied on by the plaintiffs did not involve the distribution of products but, rather, involved the use of property to pollute public resources with hazardous waste or the use of property in a way that created a "constant danger" to the public.  The defendants also observe that the West Virginia trial court decisions permitting public nuisance claims to proceed beyond the motion to dismiss stage

12

are not precedential authority affecting the present case and suggest that the Oklahoma Supreme Court's decision in *Hunter* should guide the interpretation of the common law of public nuisance in West Virginia.  *See Hunter*, 499 P.3d 719.

Moreover, the defendants contest the plaintiffs' characterization of the alleged injury, arguing that harm to an individual results in "at most, a violation of the *private right* not to be personally injured."  Application of the common law of public nuisance to harms caused by the distribution of opioids, they contend, would "mean that every seller of a product that arguably affects public health . . . could be liable for public nuisance."  The defendants urge adoption of the Restatement (Third) of Torts as applied to the plaintiffs' claims here, arguing that mass harms caused by dangerous products "are better addressed through the law of products liability."[11]

III.

The Supreme Court of Appeals has not determined whether the common law of public nuisance may apply to conditions caused by distribution of a potentially dangerous

---

[11] Several legal scholars respond to these points in an amicus brief.  Initially, amici contend that the "floodgate concerns" of the defendants and the district court are "unwarranted."  Because the common law of public nuisance "retains many of the traditional limits of tort liability," liability for creating a public nuisance is constrained by the requirements that the alleged nuisance be "unreasonable" and interfere with a "public right."  Amici also reject the contention that public nuisance claims duplicate or serve an "an end run around" for products liability claims.  Amici argue that while product liability claims focus on "harms specifically borne by discrete individuals," "public nuisance claims serve a different function, focusing on 'harms to the public,' including public health, social welfare, and security."  Similarly, amici explain that public nuisance claims address conditions that "unreasonably interfere with the rights of people who are not themselves harmed by consumption of the product."

13

product.  Indeed, public nuisance cases in West Virginia traditionally have addressed hazards or inconveniences affecting property or resources.  *See Sharon Steel Corp.*, 334 S.E.2d at 621 (collecting cases from 1878 to 1982); *see also Kermit*, 488 S.E.2d at 906 (public nuisance claim against lumber company that failed to eliminate hazardous waste resulting from its lumber treatment process).  Nonetheless, we do not view as dispositive the fact that the Supreme Court of Appeals has not yet applied principles of public nuisance to the distribution of a product.  And we hesitate to infer such limits on West Virginia's common law of public nuisance in light of the broad language used by the Supreme Court of Appeals in describing public nuisance claims, *see Sharon Steel*, 334 S.E.2d at 621, and in light of decisions by West Virginia trial courts holding that common law claims of public nuisance are cognizable against distributors of opioids.

For example, in *State ex rel. Morrisey v. AmerisourceBergen Drug Corp.*, a West Virginia circuit court held that West Virginia had "sufficiently assert[ed]" a claim for public nuisance by "sufficiently alleg[ing that] the safety and health and morals of the people of West Virginia ha[d] been compromised due to Defendants' alleged wrongful influx of addictive, controlled substances into West Virginia, thereby causing substantial injury to West Virginia citizens and taxpayers."  No. 12-C-141, 2014 WL 12814021, at *10 (W. Va. Cir. Ct. Dec. 12, 2014), *writ denied*, No. 15-1026 (W. Va. Jan. 5, 2016). Similarly, in *Brooke County Commission v. Purdue Pharma L.P.*, a circuit court held that the common law of public nuisance is "not limited to property disputes," and that the distributor defendants had "interfered with a public right, including the public health."  No.

14

17-C-248, 2018 WL 11242293, at *1 (W. Va. Cir. Ct. Dec. 28, 2018), *writ denied*, No. 19-0210 (W. Va. June 4, 2019).[12]

The West Virginia Mass Litigation Panel (MLP)[13] also has concluded in multiple instances that the distribution of opioids can form the basis of a public nuisance claim under West Virginia common law.  When considering a motion to dismiss filed by the same distributors in this case, the MLP denied the distributors' motion and "adopt[ed] and incorporate[d] by reference" the findings of fact and conclusions of law from *Brooke County*.  *Order Denying the Distributor Defendants' Motion to Dismiss Plaintiffs' Complaint*, Civil Action No. 19-C-1900, at 3 (W. Va. MLP Oct. 31, 2019), *available at* https://www.courtswv.gov/sites/default/pubfilesmnt/2023-07/OrderDenyingDistributor DefendantsMTD.pdf [https://perma.cc/2CHF-8CEK].  Moreover, after the district court issued its decision in the present case, the MLP stated that the district court's "placement of an artificial external constraint on the common law cause of action for public nuisance is inconsistent with the Supreme Court of Appeals' longstanding recognition that a public nuisance is *any* act or condition that 'operates to hurt or inconvenience an indefinite

---

[12] In both *Brooke County* and *Morrisey*, the Supreme Court of Appeals refused the defendants' petitions for a writ of prohibition following the trial courts' denials of their motions to dismiss.  *See* W. Va. Code § 53-1-1; *Brooke Cnty.*, 2018 WL 11242293; *Morrisey*, 2014 WL 12814021.

[13] The MLP consists of seven active or senior status circuit court judges appointed by the Chief Justice, with the approval of the Supreme Court of Appeals.  Mass Litigation Panel, *Overview*, *available at* https://www.courtswv.gov/lower-courts/mass-litigation-panel [https://perma.cc/PBT5-3KQS].  As of 2021, West Virginia cities, counties, hospitals, and the State had brought more than eighty lawsuits against manufacturers and distributors of opioids.  *See State ex rel. AmerisourceBergen Drug Corp. v. Moats*, 859 S.E.2d 374, 378 (W. Va. 2021).

number of persons,' and that 'nuisance is a flexible area of the law that is adaptable to a wide variety of factual situations.'"[14] *Findings of Fact and Conclusions of Law on Order Denying Pharmacy Defendants' Motions to Dismiss Complaints and Amended Motions*, Civil Action No. 21-C-9000-PHARM, at 30 (W. Va. MLP Aug. 3, 2022) (citations omitted), *available at* https://www.courtswv.gov/sites/default/pubfilesmnt/2023-07/8-3-22FOF-COLandOrderDenyingPharmacyMTDs.pdf [https://perma.cc/Y74N-W426]; *see also Findings of Fact and Conclusions of Law and Order Denying Defendants' Motion for Summary Judgment Re: "Factual Issue #2"*, Civil Action No. 21-C-9000 Distributor, at 1-6 (W. Va. MLP July 1, 2022) (holding that "West Virginia public nuisance law encompasses plaintiffs' opioid claims" against the distributor defendants), *available at* https://www.courtswv.gov/sites/default/pubfilesmnt/2023-07/7-1-22OrderDenyingFactualIssue2.pdf [https://perma.cc/PJ3Y-SR56]; *Amended Order Regarding Rulings Issued During March 25, 2022, Pretrial Conference*, Civil Action No. 21-C-9000 MFR, at 4 (W. Va. MLP May 23, 2022) (declining to follow the Oklahoma Supreme Court's ruling in *Hunter*), https://www.courtswv.gov/sites/default/pubfilesmnt/2023-07/5-23-22AmendedPretrialRulingsOrder21-C-9000MFR.pdf [https://perma.cc/5NK3-LXPV].

Finally, we do not think that the authorities cited by the defendants, namely, the Oklahoma Supreme Court's decision in *Hunter*, 499 P.3d 719, and the Restatement (Third)

---

[14] *Cf. also Lemongello v. Will Co.*, No. CIV.A. 02-C-2952, 2003 WL 21488208, at *2 (W. Va. Cir. Ct. June 19, 2003) ("This Court finds that West Virginia law does not limit claims of public nuisance to those dealing with real property.  Further, although the Defendants argued the necessity of an unlawful act to sustain nuisance, this Court finds the same is not necessary to create a public nuisance.").

of Torts, control the outcome of this case.  With regard to *Hunter*, 499 P.3d 719, decisions

from other courts of last resort are "entitled to great respect" but are "not of controlling

force or effect or binding in authority" upon the Supreme Court of Appeals.  *State v. Blatt*,

774 S.E.2d 570, 579 (W. Va. 2015) (quoting *Burless v. W. Va. Hosps., Inc.*, 601 S.E.2d 85,

94 n.9 (W. Va. 2004)).

 With regard to the Restatement (Third) of Torts, we observe that the Supreme Court

of Appeals has not issued a decision directly addressing the Third Restatement's position

on this issue.  *Cf. Duff*, 421 S.E.2d at 256 (relying on Restatement (Second) of Torts).

Under "Liability for Economic Harm," section 8 of the Third Restatement addresses the

potential liability of a defendant who creates a public nuisance "that results in economic

loss to the plaintiff," and provides that suits seeking to recover for public nuisance against

the makers of products "ha[ve] been rejected by most courts . . . because the common law

of public nuisance is an inapt vehicle for addressing the conduct at issue."  Restatement

(Third) of Torts: Liab. for Econ. Harm § 8 cmt. g.  But the plaintiffs here have abandoned

their claim for "past damages for economic losses" against the defendants, and section 8

of the Third Restatement instructs readers to refer to the Restatement (Second) of Torts for

a general discussion of public nuisance that extends beyond "liability for economic loss."

*Id.* § 8.  Moreover, the text of section 8 expressly outlines the limits of its application by

acknowledging that it applies to private suits, rather than to public nuisance claims brought

by public officials.  *Id.*

 We thus recognize the potentially limited application of the Third Restatement to

the present case.  And, having reviewed principles of the common law of public nuisance

as reflected in decisions by the Supreme Court of Appeals, as well as in trial court decisions in West Virginia addressing public nuisance claims against distributors of controlled substances, we conclude that no controlling appellate decision answers the question whether conditions caused by the distribution of a controlled substance can constitute a public nuisance under West Virginia common law and, if so, what the elements are of such a claim.[15] *Cf. also State v. Myers*, 602 S.E.2d 796, 802 n.10 (W. Va. 2004) (explaining that unless there is a "dearth" of published opinions on an issue, the Supreme Court of Appeals ordinarily does not cite unpublished decisions).

## IV.

Under the privilege made available by the West Virginia Uniform Certification of Questions of Law Act, it is hereby ORDERED:  (1) That the question stated above be, and the same hereby is, certified to the Supreme Court of Appeals of West Virginia; (2) that the Clerk of this Court forward to the Supreme Court of Appeals of West Virginia, under the official seal of this Court, a copy of this order and, to the extent requested by the Supreme Court of Appeals of West Virginia, the original or a copy of the record in this Court; and (3) that any request for all or part of the record be fulfilled by the Clerk of this Court simply upon notification from the Clerk of the Supreme Court of Appeals.

The names and addresses of counsel of record for the parties are:

---

[15] The Supreme Court of Appeals has outlined a "reasonableness" test for public nuisance claims, but the test refers specifically to the use of real property. *Duff*, 421 S.E.2d at 257 (citation omitted).  Similarly, the Restatement (Second) of Torts describes reasonableness and causation in the context of, and by using examples relating to, the use and enjoyment of land.  *See, e.g.*, Restatement (Second) of Torts §§ 826, 828, 834, 840E.

Counsel for City of Huntington, West Virginia
Louis M. Bograd
Motley Rice LLC
Suite 630
401 9th Street, NW
Washington, DC 20004

Michael J. Quirk, Esq.
Motley Rice LLC
Suite 104
40 West Evergreen Avenue
Philadelphia, PA 19118-3324

Counsel for Cabell County Commission
Anthony J. Majestro
Christina L. Smith
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, West Virginia 25331

Counsel for City of Huntington and Cabell County Commission
David Charles Frederick
Kathleen White Hickey
Ariela Miriam Migdal
Lillian Virginia Smith
Kellogg Hansen Todd Figel & Frederick PLLC
Suite 400
1615 M Street, NW
Washington, DC 20036

Counsel for AmerisourceBergen Drug Corporation
Joseph J. Mahady
Robert A. Nicholas
Reed Smith, LLP
Suite 3100
3 Logan Square
1717 Arch Street
Philadelphia, PA 19103

Kim M. Watterson
Reed Smith, LLP
Suite 2900

355 South Grand Avenue
Los Angeles, CA 90071

Counsel for Cardinal Health, Incorporated
George A. Borden
Ashley Wall Hardin
Frank Lane Heard, III
Enu Mainigi
Williams & Connolly LLP
680 Maine Avenue, SW
Washington, DC 20024

Counsel for McKesson Corporation
Nicole Antoine
Timothy Channing Hester
Stephen F. Petkis
Christian James Pistilli
Paul William Schmidt
Covington & Burling, LLP
1 City Center
850 10th Street, NW
Washington, DC 20001-4956

This Order is entered by Senior Circuit Judge Keenan, with the concurrence of Judge King and Judge Benjamin.

*QUESTION CERTIFIED*

FOR THE COURT:

*Barbara M. Keenan*

_____
Barbara Milano Keenan
United States Circuit Judge



A True Copy NWAMAKA ANOWI

Clerk of the United States Court of
Appeals for the Fourth Circuit

*Nwamaka Anowi*

## General Docket
## United States Court of Appeals for the Fourth Circuit

| | |
|---|---|
| **Court of Appeals Docket #:** 22-1819 | **Docketed:** |
| **Nature of Suit:** 3890 Other Statutory Actions | 08/04/2022 |
| City of Huntington, West Virginia v. Amerisourcebergen Drug Corporation | |
| **Appeal From:** United States District Court for the Southern District of West Virginia at Huntington | |
| **Fee Status:** fee paid | |

**Case Type Information:**
   **1)** Civil Private
   **2)** private
   **3)** null

**Originating Court Information:**
   **District:** 0425-3 : 3:17-cv-01362
   **Court Reporter:** Ayme Cochran, Official Court Reporter
   **Court Reporter:** Lisa Stewart Cook, Official Court Reporter (Inactive)
   **Court Reporter:** Lynn Cooper, Court Reporter Coordinator
   **Court Reporter:** Catherine L. Schutte-Stant, Official Court Reporter
   **Presiding Judge:** David A. Faber, Senior U. S. District Court Judge
   **Date Filed:** 01/24/2020

| **Date Order/Judgment:** | **Date Order/Judgment EOD:** | **Date NOA Filed:** | **Date Rec'd COA:** |
|---|---|---|---|
| 07/04/2022 | 07/04/2022 | 08/02/2022 | 08/02/2022 |

**Prior Cases:**
   None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Consolidated | | | | |
| | 22-1819 | 22-1822 | 08/22/2022 | |

| | |
|---|---|
| CITY OF HUNTINGTON, WEST VIRGINIA<br>Plaintiff - Appellant | Louis M. Bograd, Esq.<br>Direct: 202-386-9623<br>Email: lbograd@motleyrice.com<br>[COR NTC Retained]<br>MOTLEY RICE LLC |

Suite 630
401 9th Street, NW
Washington, DC 20004

David Charles Frederick
Direct: 202-326-7900
Email: dfrederick@kellogghansen.com
[COR NTC Retained]
KELLOGG HANSEN TODD FIGEL &
FREDERICK PLLC
Suite 400
1615 M Street, NW
Washington, DC 20036-0000

Kathleen White Hickey
Direct: 202-326-7957
Email: khickey@kellogghansen.com
[COR NTC Retained]
KELLOGG HANSEN TODD FIGEL &
FREDERICK PLLC
Suite 400
1615 M Street, NW
Washington, DC 20036-0000

Ariela Miriam Migdal
Direct: 202-326-7900
Email: amigdal@kellogghansen.com
[COR NTC Retained]
KELLOGG HANSEN TODD FIGEL &
FREDERICK PLLC
Suite 400
1615 M Street, NW
Washington, DC 20036-0000

Michael J. Quirk, Esq.
Direct: 610-579-9932
Email: mquirk@motleyrice.com
[COR NTC Retained]
MOTLEY RICE LLC
Suite 104
40 West Evergreen Avenue
Philadelphia, PA 19118-3324

Lillian Virginia Smith
Direct: 202-326-7974
Email: lsmith@kellogghansen.com

[COR NTC Retained]
KELLOGG HANSEN TODD FIGEL &
FREDERICK PLLC
Suite 400
1615 M Street, NW
Washington, DC 20036-0000

v.

AMERISOURCEBERGEN DRUG
CORPORATION
  Defendant - Appellee

Joseph J. Mahady
Direct: 215-851-8239
Email: jmahady@reedsmith.com
[COR NTC Retained]
REED SMITH, LLP
Suite 3100
3 Logan Square
1717 Arch Street
Philadelphia, PA 19103

Robert A. Nicholas
Direct: 215-851-8252
Email: rnicholas@reedsmith.com
[COR NTC Retained]
REED SMITH, LLP
Suite 3100
3 Logan Square
1717 Arch Street
Philadelphia, PA 19103

Kim M. Watterson
Direct: 213-457-8037
Email: kwatterson@reedsmith.com
[COR NTC Retained]
REED SMITH, LLP
Suite 2900
355 South Grand Avenue
Los Angeles, CA 90071

CARDINAL HEALTH, INCORPORATED
  Defendant - Appellee

George A. Borden
Direct: 202-434-5000
Email: gborden@wc.com
[COR NTC Retained]
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024

Ashley Wall Hardin
Direct: 202-434-5960
Email: ahardin@wc.com
[COR NTC Retained]
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024

Frank Lane Heard, III
Direct: 202-434-5114
Email: lheard@wc.com
[COR NTC Retained]
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024

Enu Mainigi
Direct: 202-434-5420
Email: emainigi@wc.com
[COR NTC Retained]
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024

MCKESSON CORPORATION
        Defendant - Appellee

Nicole Antoine
Direct: 202-662-6000
Email: nantoine@cov.com
[On Filing]
COVINGTON & BURLING, LLP
1 City Center
850 10th Street, NW
Washington, DC 20001-4956

Timothy Channing Hester
Direct: 202-662-5324
Email: thester@cov.com
[On Filing]
COVINGTON & BURLING, LLP
1 City Center
850 10th Street, NW
Washington, DC 20001-4956

Stephen F. Petkis
Direct: 202-662-6000
Email: spetkis@cov.com
[On Filing]

COVINGTON & BURLING, LLP
1 City Center
850 10th Street, NW
Washington, DC 20001-4956

Christian James Pistilli
Direct: 202-662-6000
Email: cpistilli@cov.com
[On Filing]
COVINGTON & BURLING, LLP
1 City Center
850 10th Street, NW
Washington, DC 20001-4956

Paul William Schmidt
Direct: 202-662-6000 x5272
Email: pschmidt@cov.com
[COR NTC Retained]
COVINGTON & BURLING, LLP
1 City Center
850 10th Street, NW
Washington, DC 20001-4956

------------------------------

LEGAL SCHOLARS
          Amicus Curiae                    Ruthanne Mary Deutsch
                                           Email: rdeutsch@deutschhunt.com
                                           [COR NTC Amicus Counsel]
                                           DEUTSCH HUNT PLLC
                                           300 New Jersey Avenue, NW
                                           Washington, DC 20001

                                           Hyland Hunt
                                           Direct: 202-868-6915
                                           Email: hhunt@deutschhunt.com
                                           [Amicus Csl On Filing]
                                           DEUTSCH HUNT PLLC
                                           Suite 900
                                           300 New Jersey Avenue, NW
                                           Washington, DC 20001

                                           Leslie Carolyn Kendrick
                                           Direct: 434-243-8633
                                           Email: lck6s@virginia.edu
                                           [Amicus Csl On Filing]
                                           UNIVERSITY OF VIRGINIA SCHOOL OF

LAW
580 Massie Road
Charlottesville, VA 22903-1789

Michael J. Skoler
[Amicus Csl On Filing]
SOKOLOVE LAW, LLC
Suite 400
1330 Boylston Street
Chestnut Hill, MA 02467

THE COUNTY EXECUTIVES OF AMERICA
    Amicus Supporting Appellant

Joseph Carl Cecere, Jr.
Direct: 469-600-9455
Email: ccecere@cecerepc.com
[COR NTC Amicus Counsel]
CECERE PC
6035 McCommas Boulevard
Dallas, TX 75206

Robert Bernard Nealon
Direct: 703-684-5755
Email: rbnealon@nealon.com
[COR NTC Amicus Counsel]
NEALON & ASSOCIATES, PC
119 North Henry Street
Alexandria, VA 22314-0000

THE NATIONAL ASSOCIATION OF
COUNTIES
    Amicus Supporting Appellant

Joseph Carl Cecere, Jr.
Direct: 469-600-9455
[COR NTC Amicus Counsel]
(see above)

Robert Bernard Nealon
Direct: 703-684-5755
[COR NTC Amicus Counsel]
(see above)

THE NATIONAL LEAGUE OF CITIES
    Amicus Supporting Appellant

Joseph Carl Cecere, Jr.
Direct: 469-600-9455
[COR NTC Amicus Counsel]
(see above)

Robert Bernard Nealon
Direct: 703-684-5755
[COR NTC Amicus Counsel]
(see above)

| | |
|---|---|
| THE U. S. CONFERENCE OF MAYORS<br>    Amicus Supporting Appellant | Joseph Carl Cecere, Jr.<br>Direct: 469-600-9455<br>[COR NTC Amicus Counsel]<br>(see above)<br><br>Robert Bernard Nealon<br>Direct: 703-684-5755<br>[COR NTC Amicus Counsel]<br>(see above) |
| THE INTERNATIONAL MUNICIPAL<br>LAWYERS ASSOCIATION<br>    Amicus Supporting Appellant | Joseph Carl Cecere, Jr.<br>Direct: 469-600-9455<br>[COR NTC Amicus Counsel]<br>(see above)<br><br>Robert Bernard Nealon<br>Direct: 703-684-5755<br>[COR NTC Amicus Counsel]<br>(see above) |
| THE WEST VIRGINIA SHERIFFS'<br>ASSOCIATION<br>    Amicus Supporting Appellant | Joseph Carl Cecere, Jr.<br>Direct: 469-600-9455<br>[COR NTC Amicus Counsel]<br>(see above)<br><br>Robert Bernard Nealon<br>Direct: 703-684-5755<br>[COR NTC Amicus Counsel]<br>(see above) |
| AMERICAN PUBLIC HEALTH<br>ASSOCIATION<br>    Amicus Supporting Appellant | Gregory A. Beck<br>Direct: 202-888-1741<br>Email: greg@guptawessler.com<br>[Amicus Csl On Filing]<br>GUPTA WESSLER LLP<br>Suite 850 North<br>2001 K Street, NW<br>Washington, DC 20006<br><br>Henry G. Garrard, III<br>Direct: 706-354-4000<br>Email: hgarrard@bbga.com<br>[Amicus Csl On Filing]<br>BLASINGAME, BURCH, GARRARD &<br>ASHLEY, PC<br>Suite 320 |

440 College Avenue North
Athens, GA 30603-0000

Deepak Gupta
Direct: 202-888-1741
Email: deepak@guptawessler.com
[COR NTC Amicus Counsel]
GUPTA WESSLER LLP
Suite 850 North
2001 K Street, NW
Washington, DC 20006

NATIONAL ASSOCIATION OF COUNTY
AND CITY HEALTH OFFICIALS
          Amicus Supporting Appellant

Gregory A. Beck
Direct: 202-888-1741
[Amicus Csl On Filing]
(see above)

Henry G. Garrard, III
Direct: 706-354-4000
[Amicus Csl On Filing]
(see above)

Deepak Gupta
Direct: 202-888-1741
[COR NTC Amicus Counsel]
(see above)

---

CITY OF HUNTINGTON, WEST VIRGINIA

          Plaintiff - Appellant

v.

AMERISOURCEBERGEN DRUG CORPORATION; CARDINAL HEALTH, INC.;
MCKESSON CORPORATION

          Defendants - Appellees

------------------------------

LEGAL SCHOLARS

          Amicus Curiae

THE NATIONAL ASSOCIATION OF COUNTIES; THE COUNTY EXECUTIVES OF

AMERICA; THE NATIONAL LEAGUE OF CITIES; THE U.S. CONFERENCE OF MAYORS; THE INTERNATIONAL MUNICIPAL LAWYERS ASSOCIATION; THE WEST VIRGINIA SHERIFFS' ASSOCIATION; AMERICAN PUBLIC HEALTH ASSOCIATION; NATIONAL ASSOCIATION OF COUNTY AND CITY HEALTH OFFICIALS

Amici Supporting Appellant

| 08/05/2022 | 1 | Case docketed. Originating case number: 3:17-cv-01362. Case manager: KHancock. [1001206729] [22-1819] KH [Entered: 08/05/2022 09:09 AM] |
|---|---|---|
| 08/05/2022 | 2 | DOCKETING NOTICE issued Re: [1] case. Originating case number: 3:17-cv-01362. Mailed to: Donald Arbitblit, Andrew P. Arnold, Andrea Bierstein, Steven James Boranian, Maureen Frances Browne, David D. Burnett, Ronald G. Dove, Alison S. Gaffney, James Alexander Goold, Timothy Channing Hester, Dean Noburu Kawamoto, David J. Ko, Annie E. Kouba, Christian James Pistilli, Neil Kenneth Roman, Joshua David Tully. [1001206748] [22-1819] KH [Entered: 08/05/2022 09:32 AM] |
| 08/05/2022 | 3 | APPEARANCE OF COUNSEL by Michael J. Quirk for City of Huntington, West Virginia. [1001206780] [22-1819] Michael Quirk [Entered: 08/05/2022 09:49 AM] |
| 08/05/2022 | 4 | APPEARANCE OF COUNSEL by Louis Bograd for City of Huntington, West Virginia. [1001207156] [22-1819] Louis Bograd [Entered: 08/05/2022 03:04 PM] |
| 08/05/2022 | 5 | NOTICE ISSUED to Michael J. Quirk, Esq., Jason Lee Holliday re: change of address. [1001207310] [22-1819] KH [Entered: 08/05/2022 04:16 PM] |
| 08/10/2022 | 6 | MOTION by City of Huntington, West Virginia to consolidate case 22-1822 with 22-1819. Date and method of service: 08/10/2022 ecf. [1001209780] [22-1819] Anthony Majestro [Entered: 08/10/2022 03:25 PM] |
| 08/11/2022 | 7 | APPEARANCE OF COUNSEL by Kim M. Watterson for Amerisourcebergen Drug Corporation. [1001210352] [22-1819] Kim Watterson [Entered: 08/11/2022 01:29 PM] |
| 08/11/2022 | 8 | DISCLOSURE STATEMENT by Amerisourcebergen Drug Corporation. Was any question on Disclosure Form answered yes? Yes [1001210354] [22-1819] Kim Watterson [Entered: 08/11/2022 01:31 PM] |
| 08/11/2022 | 9 | NOTICE ISSUED to Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation requesting response to Motion to consolidate case [6] Response due 08/22/2022.[1001210467]. [22-1819] KH [Entered: 08/11/2022 03:35 PM] |
| 08/15/2022 | 10 | APPEARANCE OF COUNSEL by Paul W. Schmidt for McKesson Corporation. [1001212090] [22-1819] Paul Schmidt [Entered: 08/15/2022 02:44 PM] |

| 08/15/2022 | 11 | DISCLOSURE STATEMENT by McKesson Corporation. Was any question on Disclosure Form answered yes? Yes [1001212097] [22-1819] Paul Schmidt [Entered: 08/15/2022 02:45 PM] |
|---|---|---|
| 08/17/2022 | 12 🔒 | APPEARANCE OF COUNSEL by Enu Mainigi for Cardinal Health, Incorporated. [1001213612] [22-1819]--[Edited 08/17/2022 by KH - Disclosure form refiled at ECF 13] Enu Mainigi [Entered: 08/17/2022 11:45 AM] |
| 08/17/2022 | 13 | DISCLOSURE STATEMENT by Cardinal Health, Incorporated. Was any question on Disclosure Form answered yes? Yes [1001213668] [22-1819] KH [Entered: 08/17/2022 12:19 PM] |
| 08/19/2022 | 14 | DISCLOSURE STATEMENT by City of Huntington, West Virginia. Was any question on Disclosure Form answered yes? No [1001215308] [22-1819] Michael Quirk [Entered: 08/19/2022 04:05 PM] |
| 08/19/2022 | 15 | DOCKETING STATEMENT by City of Huntington, West Virginia.. [1001215311] [22-1819] Michael Quirk [Entered: 08/19/2022 04:07 PM] |
| 08/22/2022 | 16 | Initial mediation conference scheduled. [1001215811] [22-1819] JCS [Entered: 08/22/2022 11:05 AM] |
| 08/22/2022 | 17 | RESPONSE/ANSWER by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation to [6]. Nature of response: in support of. [1001216060] [22-1819] Kim Watterson [Entered: 08/22/2022 02:23 PM] |
| 08/22/2022 | 18 | ORDER filed granting Motion to consolidate case [6] in 22-1819, [1001209777-2] in 22-1822. Copies to all parties. Mailed to: Donald Arbitblit, Andrew P. Arnold, Andrea Bierstein, Steven James Boranian, Maureen Frances Browne, Russell Budd, David D. Burnett, Ronald G. Dove, Jeffrey R. Gaddy, Alison S. Gaffney, James Alexander Goold, Dean Noboru Kawamoto, David J. Ko, Annie E. Kouba, Archie Cleveland Lamb Jr., J. Burton LeBlanc IV, Christian James Pistilli, Amy Quezon, Neil Kenneth Roman, Joshua David Tully. [1001216335] [22-1819, 22-1822] KH [Entered: 08/22/2022 05:17 PM] |
| 08/22/2022 | 19 | BRIEFING ORDER filed. Mailed to: Donald Arbitblit, Andrew P. Arnold, Andrea Bierstein, Steven James Boranian, Maureen Frances Browne, Russell Budd, David D. Burnett, Ronald G. Dove, Jeffrey R. Gaddy, Alison S. Gaffney, James Alexander Goold, Dean Noburu Kawamoto, David J. Ko, Annie E. Kouba, Archie Cleveland Lamb Jr., J. Burton LeBlanc IV, Christian James Pistilli, Amy Quezon, Neil Kenneth Roman, Joshua David Tully. No paper copies required unless case has been tentatively calendared or copies otherwise ordered. For briefing orders issued on or after 7/15/2022, filings must comply with Appendix Pagination & Brief Citation Guide. [1001216336] Opening Brief and Appendix due 10/03/2022. Response Brief due 10/31/2022. [22-1819, 22-1822] KH [Entered: 08/22/2022 05:20 PM] |

| 08/23/2022 | 📋 | Mediation forms. [1001216530] [22-1819, 22-1822] JCS [Entered: 08/23/2022 09:14 AM] |
|---|---|---|
| 09/06/2022 | 20 | Joint MOTION by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822 to extend filing time for opening brief and appendix until December 1, 2022.. Date and method of service: 09/06/2022 ecf. [1001224675] [22-1819, 22-1822] Anthony Majestro [Entered: 09/06/2022 01:45 PM] |
| 09/07/2022 | 21 | ORDER filed granting Motion to extend filing time [20] Number of days granted: 59. Opening brief and appendix due 12/01/2022. Response brief due 12/29/2022. No paper copies required unless case has been tentatively calendared or copies otherwise ordered. Copies to all parties. [1001225188] [22-1819, 22-1822] KH [Entered: 09/07/2022 09:32 AM] |
| 09/14/2022 | 📋 | Mediation forms. [1001229839] [22-1819, 22-1822] JCS [Entered: 09/14/2022 11:16 AM] |
| 10/21/2022 | 22 | APPEARANCE OF COUNSEL by David C. Frederick for City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. [1001252764] [22-1819, 22-1822] David Frederick [Entered: 10/21/2022 05:35 PM] |
| 10/21/2022 | 23 | APPEARANCE OF COUNSEL by Ariela M. Migdal for City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. [1001252765] [22-1819, 22-1822] Ariela Migdal [Entered: 10/21/2022 05:37 PM] |
| 10/21/2022 | 24 | APPEARANCE OF COUNSEL by Lillian V. Smith for City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. [1001252767] [22-1819, 22-1822] Lillian Smith [Entered: 10/21/2022 05:40 PM] |
| 10/25/2022 | 25 | MOTION by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822 to extend filing time for opening brief and appendix until December 15, 2022.. Date and method of service: 10/25/2022 ecf. [1001254696] [22-1819, 22-1822] David Frederick [Entered: 10/25/2022 05:42 PM] |
| 10/25/2022 | 26 | MOTION by McKesson Corporation, Amerisourcebergen Drug Corporation and Cardinal Health, Incorporated in 22-1819, 22-1822 to extend filing time for response brief until January 27, 2023.. Date and method of service: 10/25/2022 ecf. [1001254706] [22-1819, 22-1822] Paul Schmidt [Entered: 10/25/2022 06:36 PM] |
| 10/26/2022 | 27 | ORDER filed granting Motion to extend filing time [25]; denying Motion to extend filing time [26]. Opening brief and appendix due 12/15/2022. Response brief due 01/17/2023. No paper copies required unless case has been tentatively calendared or copies otherwise ordered. Copies to all parties. [1001255253] [22-1819, 22-1822] KH [Entered: 10/26/2022 01:45 PM] |

| | | |
|---|---|---|
| 10/27/2022 | 28 | APPEARANCE OF COUNSEL by Daniel V. Dorris for City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. [1001256224] [22-1819, 22-1822] Daniel Dorris [Entered: 10/27/2022 03:05 PM] |
| 10/27/2022 | 29 | APPEARANCE OF COUNSEL by Matthew N. Drecun for City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. [1001256229] [22-1819, 22-1822] Matthew Drecun [Entered: 10/27/2022 03:07 PM] |
| 11/11/2022 | 30 | MOTION by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822 to proceed with a deferred appendix. Date and method of service: 11/11/2022 ecf. [1001264519] [22-1819, 22-1822] David Frederick [Entered: 11/11/2022 04:25 PM] |
| 11/11/2022 | 31 | MOTION by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822 to withdraw/relieve/substitute counsel.Attorney or client motion? Attorney. Was a copy of the motion served on the defendant? Y.. Date and method of service: 11/11/2022 ecf. [1001264520] [22-1819, 22-1822] Daniel Dorris [Entered: 11/11/2022 04:32 PM] |
| 11/14/2022 | 32 🔒 | (ENTRY RESTRICTED) NOTICE ISSUED to Amerisourcebergen Drug Corporation, Cardinal Health, Inc. and McKesson Corporation in 22-1819, 22-1822 requesting response to Motion to proceed with a deferred appendix [30] Response due 11/28/2022. [1001264885]. [22-1819, 22-1822]--[Edited 11/14/2022 by KH - issued in error] KH [Entered: 11/14/2022 11:24 AM] |
| 11/14/2022 | 33 | ORDER filed granting Motion to withdraw/relieve/substitute counsel [31] Copies to all parties. [1001264890] [22-1819, 22-1822] KH [Entered: 11/14/2022 11:27 AM] |
| 11/14/2022 | 34 | Attorney Daniel V. Dorris for City of Huntington, West Virginia in 22-1819 and Cabell County Commission in 22-1822 terminated from case. Reason for termination: Change of employment. [1001264893] [22-1819, 22-1822] KH [Entered: 11/14/2022 11:28 AM] |
| 11/14/2022 | 35 | ORDER filed granting Motion to proceed with a deferred appendix [30]. Copies to all parties. [1001265458] [22-1819, 22-1822] KH [Entered: 11/14/2022 04:32 PM] |
| 11/14/2022 | 36 | ORDER filed rescinding briefing schedule. Copies to all parties. [1001265467] [22-1819, 22-1822] KH [Entered: 11/14/2022 04:34 PM] |
| 11/14/2022 | 37 | BRIEFING ORDER filed -- FRAP 30(c) Schedule. No paper copies required unless case has been tentatively calendared or copies otherwise ordered. All filings must comply with Appendix Pagination & Brief Citation Guide. [1001265475] Page-Proof Opening Brief due: 12/27/2022. Page-Proof Response Brief due: 01/23/2023. Appendix under FRAP 30(c) due: 02/06/2023. All Briefs in Final Form due 02/16/2023. [22-1819, 22-1822] KH [Entered: 11/14/2022 04:37 PM] |

| 12/12/2022 | 38 | MOTION by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822 to exceed length limitations for brief. Date and method of service: 12/12/2022 ecf. [1001281221] [22-1819, 22-1822] David Frederick [Entered: 12/12/2022 03:40 PM] |
|---|---|---|
| 12/12/2022 | 39 | RESPONSE/ANSWER by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822 to to exceed length limitations [38]. Nature of response: in opposition. [1001281243] [22-1819, 22-1822] Paul Schmidt [Entered: 12/12/2022 04:02 PM] |
| 12/14/2022 | 40 | COURT ORDER filed granting Motion to exceed length limitations [38]. Total words: 18,000. Copies to all parties. [1001283142] [22-1819, 22-1822] KH [Entered: 12/14/2022 01:45 PM] |
| 12/21/2022 | 41 | APPEARANCE OF COUNSEL by Kathleen W. Hickey for City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. [1001287419] [22-1819, 22-1822] Kathleen Hickey [Entered: 12/21/2022 01:07 PM] |
| 12/27/2022 | 42 🔒 | (ENTRY RESTRICTED) FRAP 30(c) PAGE-PROOF OPENING BRIEF by Appellant City of Huntington, West Virginia in 22-1819, Appellant Cabell County Commission in 22-1822. [1001289362] Page-Proof Opening Brief due: 12/27/2022 [22-1819, 22-1822]--[Edited 05/30/2023 by KH - See ECF 82] David Frederick [Entered: 12/27/2022 05:02 PM] |
| 12/27/2022 | 43 | Addendum/attachment to [42] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Method of filing paper copies:. Date copies mailed, dispatched, or delivered: [1001289364] [22-1819, 22-1822] David Frederick [Entered: 12/27/2022 05:09 PM] |
| 12/29/2022 | 44 🔒 | (ENTRY RESTRICTED) Docket correction requested from City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Re: [42] page-proof opening brief. Access to page-proof opening brief has been restricted to case participants. [1001290470] [22-1819, 22-1822]--[Edited 12/29/2022 by KH - issued in error.] KH [Entered: 12/29/2022 11:45 AM] |
| 12/29/2022 | 45 | MOTION by McKesson Corporation, Cardinal Health, Incorporated and Amerisourcebergen Drug Corporation in 22-1819, 22-1822 to extend filing time for response brief until March 24, 2023.. Date and method of service: 12/29/2022 ecf. [1001290822] [22-1819, 22-1822] Paul Schmidt [Entered: 12/29/2022 05:10 PM] |
| 12/30/2022 | 46 | ORDER filed granting Motion to extend filing time [45] Number of days granted: 60. Page-Proof Response Brief due: 03/24/2023. Appendix under FRAP 30(c) due: 04/07/2023. All Briefs in Final Form due 04/17/2023. No paper copies required unless case has been tentatively calendared or copies otherwise ordered. Copies to all parties. [1001291220] [22-1819, 22-1822] KH [Entered: 12/30/2022 02:34 PM] |

| 01/03/2023 | 47 | AMICUS CURIAE BRIEF by Legal Scholars in Support of Neither Party. [1001291599] [22-1819, 22-1822] Ruthanne Deutsch [Entered: 01/03/2023 09:26 AM] |
| --- | --- | --- |
| 01/03/2023 | 48 | APPEARANCE OF COUNSEL by Ruthanne Deutsch for Legal Scholars in 22-1819, 22-1822. [1001291752] [22-1819, 22-1822] KH [Entered: 01/03/2023 10:39 AM] |
| 01/03/2023 | 49 | ORDER filed granting filing of amicus curiae brief [47]. Disclosure Statement filed (if corporate amicus)? N/A. Appearance Form filed? Y. Copies to all parties. [1001291764] [22-1819, 22-1822] KH [Entered: 01/03/2023 10:42 AM] |
| 01/03/2023 | 50 | AMICUS CURIAE BRIEF by County Executives of America, National Association of Counties, National League of Cities, U. S. Conference of Mayors, International Municipal Lawyers Association and West Virginia Sheriff's Association. [1001292355] [22-1819, 22-1822]--[Edited 01/04/2023 by KH - docket text modified] Joseph Cecere [Entered: 01/03/2023 04:48 PM] |
| 01/03/2023 | 51 🔒 | (ENTRY RESTRICTED) AMICUS CURIAE BRIEF by American Public Health Association and National Association of County and City Health Officials in support of Plaintiffs-Appellants. [1001292414] [22-1819, 22-1822]--[Edited 01/05/2023 by KH - See ECF 52 (22-1819), ECF 51 (22-1822)] Deepak Gupta [Entered: 01/03/2023 07:40 PM] |
| 01/03/2023 | 56 | APPEARANCE OF COUNSEL by Joseph C. Cecere for County Executives of America, International Municipal Lawyers Association, National Association of Counties, National League of Cities, U. S. Conference of Mayors and West Virginia Sheriffs' Association in 22-1819, 22-1822. [1001293806] [22-1819, 22-1822] KH [Entered: 01/05/2023 12:24 PM] |
| 01/03/2023 | 107 | Receipt of paper copy of AMICUS BRIEF filed at [47] by Legal Scholars in 22-1819. Number of pages: [36]. Sufficient: Yes. Number of copies: [4]. Received by clerk date: 07/25/2023. [1001408994] [22-1819, 22-1822] NRS [Entered: 07/25/2023 04:37 PM] |
| 01/03/2023 | 116 | Receipt of paper copy of AMICUS BRIEF filed at [50] by County Executives of America, International Municipal Lawyers Association, National Association of Counties, National League of Cities, U. S. Conference of Mayors, and West Virginia Sheriffs' Association in 22-1819, 22-1822. Number of pages: [39]. Sufficient: Yes. Number of copies: [4]. Received by clerk date: 07/28/2023. [1001411711] [22-1819, 22-1822] KS [Entered: 07/31/2023 10:30 AM] |
| 01/04/2023 | 52 | ORDER filed granting filing of amicus curiae brief [50] Disclosure Statement filed (if corporate amicus)? N/A. Appearance Form filed? Y. Copies to all parties. [1001293363] [22-1819, 22-1822] KH [Entered: 01/04/2023 04:55 PM] |

| | | |
|---|---|---|
| 01/04/2023 | 53 | Corrected AMICUS CURIAE BRIEF by American Public Health Association and National Association of County and City Health Officials in support of Plaintiffs-Appellants. [1001293389] [22-1819, 22-1822] Deepak Gupta [Entered: 01/04/2023 05:30 PM] |
| 01/04/2023 | 57 | APPEARANCE OF COUNSEL by Deepak Gupta for American Public Health Association and National Association of County and City Health Officials in 22-1819, 22-1822. [1001293810] [22-1819, 22-1822] KH [Entered: 01/05/2023 12:27 PM] |
| 01/04/2023 | 58 | DISCLOSURE STATEMENT by American Public Health Association and National Association of County and City Health Officials in 22-1819, 22-1822. Was any question on Disclosure Form answered yes? No [1001293819] [22-1819, 22-1822] KH [Entered: 01/05/2023 12:31 PM] |
| 01/04/2023 | 115 | Receipt of paper copy of AMICUS BRIEF filed at [53] by American Public Health Association and National Association of County and City Health Officials in 22-1819, 22-1822. Number of pages: [29]. Sufficient: Yes. Number of copies: [4]. Received by clerk date: 07/28/2023. [1001411706] [22-1819, 22-1822] KS [Entered: 07/31/2023 10:27 AM] |
| 01/05/2023 | 54 | APPEARANCE OF COUNSEL by Robert B. Nealon for National Association of Counties, National League of Cities, U. S. Conference of Mayors, West Virginia Sheriffs' Association, International Municipal Lawyers Association and County Executives of America in 22-1822, 22-1819. [1001293695] [22-1822, 22-1819] Robert Nealon [Entered: 01/05/2023 11:14 AM] |
| 01/05/2023 | 55 | ORDER filed granting filing of amicus curiae brief [53]. Disclosure Statement filed (if corporate amicus)? Y. Appearance Form filed? Y. Copies to all parties. [1001293783] [22-1819, 22-1822] KH [Entered: 01/05/2023 12:10 PM] |
| 02/28/2023 | 59 | MOTION by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822 to extend filing time for reply brief until May 1, 2023. , to exceed length limitations for reply. Date and method of service: 02/28/2023 ecf. [1001323676] [22-1819, 22-1822] David Frederick [Entered: 02/28/2023 09:57 AM] |
| 03/01/2023 | 60 | COURT ORDER filed granting Motion to exceed length limitations [59]. Total words: 9,000. Copies to all parties. [1001324653] [22-1819, 22-1822] KH [Entered: 03/01/2023 12:38 PM] |
| 03/01/2023 | 61 | ORDER filed granting Motion to extend filing time [59] Number of days granted: 14. No paper copies required unless case has been tentatively calendared or copies otherwise ordered. Reply brief due: 05/01/2023. Copies to all parties. [1001324654] [22-1819, 22-1822] KH [Entered: 03/01/2023 12:41 PM] |
| 03/15/2023 | 62 | APPEARANCE OF COUNSEL by Joseph J. Mahady for Amerisourcebergen Drug Corporation in 22-1822, 22-1819. [1001332018] |

[22-1822, 22-1819] Joseph Mahady [Entered: 03/15/2023 09:05 AM]

| | | |
|---|---|---|
| 03/15/2023 | 63 🔒 | (ENTRY RESTRICTED) APPEARANCE OF COUNSEL by Robert A. Nicholas for Amerisourcebergen Drug Corporation in 22-1819, 22-1822. [1001332060] [22-1819, 22-1822]--[Edited 03/15/2023 by KH - See ECF 62] Robert Nicholas [Entered: 03/15/2023 09:37 AM] |
| 03/15/2023 | 64 | APPEARANCE OF COUNSEL by Robert A. Nicholas for Amerisourcebergen Drug Corporation in 22-1819, 22-1822. [1001332075] [22-1819, 22-1822] Robert Nicholas [Entered: 03/15/2023 09:49 AM] |
| 03/16/2023 | 65 | APPEARANCE OF COUNSEL by George A. Borden for Cardinal Health, Incorporated in 22-1819. [1001332830] [22-1819, 22-1822] George Borden [Entered: 03/16/2023 10:17 AM] |
| 03/16/2023 | 66 | APPEARANCE OF COUNSEL by George A. Borden for Cardinal Health, Incorporated in 22-1822, 22-1819. [1001332834] [22-1822, 22-1819] George Borden [Entered: 03/16/2023 10:19 AM] |
| 03/16/2023 | 67 | APPEARANCE OF COUNSEL by Ashley W. Hardin for Cardinal Health, Incorporated in 22-1822, 22-1819. [1001333182] [22-1822, 22-1819] Ashley Hardin [Entered: 03/16/2023 02:21 PM] |
| 03/16/2023 | 68 | APPEARANCE OF COUNSEL by F. Lane Heard, III for Cardinal Health, Incorporated in 22-1819, 22-1822. [1001333407] [22-1819, 22-1822] Ashley Hardin [Entered: 03/16/2023 04:44 PM] |
| 03/16/2023 | 69 | APPEARANCE OF COUNSEL by F. Lane Heard, III for Cardinal Health, Incorporated in 22-1822, 22-1819. [1001333409] [22-1822, 22-1819] Ashley Hardin [Entered: 03/16/2023 04:46 PM] |
| 03/24/2023 | 70 🔒 | (ENTRY RESTRICTED) FRAP 30(c) PAGE-PROOF RESPONSE BRIEF by Appellees Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. [1001338304] Page-Proof Response Brief due: 03/24/2023 [22-1819, 22-1822]--[Edited 05/30/2023 by KH - See ECF 87] Paul Schmidt [Entered: 03/24/2023 05:03 PM] |
| 03/24/2023 | 71 | Addendum/attachment to [70] by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Method of filing paper copies:. Date copies mailed, dispatched, or delivered: [1001338306] [22-1819, 22-1822] Paul Schmidt [Entered: 03/24/2023 05:06 PM] |
| 03/24/2023 | 114 | Receipt of paper copy of ADDENDUM/ATTACHMENT filed at [71] by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated, and McKesson Corporation in 22-1819. Number of pages: [201]. Number of copies: [4]. Received by clerk date: 07/28/2023. [1001411422] [22-1819, 22-1822] KS [Entered: 07/28/2023 04:44 PM] |
| 04/07/2023 | 73 🔒 | (ENTRY RESTRICTED) JOINT APPENDIX by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media |

| | | |
|---|---|---|
| | | exhibit volume? No. [1001345917] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - See ECF 97-102] David Frederick [Entered: 04/07/2023 04:30 PM] |
| 04/07/2023 | 74 🔒 | (ENTRY RESTRICTED) JOINT APPENDIX by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? No. [1001345920] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - See ECF 97-102] David Frederick [Entered: 04/07/2023 04:33 PM] |
| 04/07/2023 | 75 🔒 | (ENTRY RESTRICTED) JOINT APPENDIX by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? No. [1001345925] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - See ECF 97-102] David Frederick [Entered: 04/07/2023 04:36 PM] |
| 04/07/2023 | 76 🔒 | (ENTRY RESTRICTED) JOINT APPENDIX by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? No. [1001345928] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - See ECF 97-102] David Frederick [Entered: 04/07/2023 04:38 PM] |
| 04/07/2023 | 77 🔒 | (ENTRY RESTRICTED) JOINT APPENDIX by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? No. [1001345931] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - See ECF 97-102] David Frederick [Entered: 04/07/2023 04:40 PM] |
| 04/07/2023 | 78 🔒 | (ENTRY RESTRICTED) JOINT APPENDIX by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? Yes. [1001345934] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - See ECF 97-102] David Frederick [Entered: 04/07/2023 04:42 PM] |
| 04/10/2023 | 79 🔒 | NOTICE ISSUED to City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822 re: digital media. UPLOAD OF DIGITAL MEDIA TO BOX.COM DUE 04/13/2023. [1001346589] [22-1819, 22-1822] KH [Entered: 04/10/2023 02:59 PM] |
| 04/12/2023 | 80 | Digital media retained by court. Content: Exhibits. [1001348168] [22-1819, 22-1822] KH [Entered: 04/12/2023 11:03 AM] |
| 04/17/2023 | 81 🔒 | (ENTRY RESTRICTED) FRAP 30(c) PAGE-PROOF RESPONSE BRIEF by Appellee McKesson Corporation in 22-1819, 22-1822. [1001350887] [22-1819, 22-1822]--[Edited 04/19/2023 by KH - See ECF 87] Paul Schmidt [Entered: 04/17/2023 05:55 PM] |
| 04/17/2023 | 82 | BRIEF by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Type of Brief: OPENING. [1001350895] [22-1819, 22-1822] David Frederick [Entered: 04/17/2023 07:03 PM] |
| 04/17/2023 | 117 | Receipt of paper copy of OPENING BRIEF filed at [82] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Number of pages: [110]. Sufficient: Yes. Number of copies: [4]. Received by clerk date: 07/31/2023. [1001411933] [22-1819, 22-1822] KS [Entered: 07/31/2023 12:48 PM] |

| 04/18/2023 | 83 | Docket correction requested from Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Re: [81] page-proof response brief. Access to page-proof response brief has been restricted to case participants. [1001351249] [22-1819, 22-1822] KH [Entered: 04/18/2023 11:26 AM] |
|---|---|---|
| 04/18/2023 | 84 🔒 | (ENTRY RESTRICTED) MEMORANDUM RESPONSE BRIEF by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. [1001351335] [22-1819, 22-1822]--[Edited 04/19/2023 by KH - See ECF 87] Paul Schmidt [Entered: 04/18/2023 12:31 PM] |
| 04/18/2023 | 85 🔒 | (ENTRY RESTRICTED) Addendum/attachment to [70] by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Method of filing paper copies:. Date copies mailed, dispatched, or delivered: [1001351340] [22-1819, 22-1822]--[Edited 07/11/2023 by KH - See ECF 94] Paul Schmidt [Entered: 04/18/2023 12:35 PM] |
| 04/18/2023 | 105 | Receipt of paper copy of ADDENDUM/ATTACHMENT filed at [85] by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Number of pages: [201]. Number of copies: [1]. Received by clerk date: 04/17/2023. [1001400274] [22-1819, 22-1822] *insufficient* KH [Entered: 07/11/2023 05:23 PM] |
| 04/19/2023 | 86 | Docket correction requested from Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Re: [84] memorandum response brief. Access to memorandum response brief has been restricted to case participants. [1001352057] [22-1819, 22-1822] KH [Entered: 04/19/2023 10:57 AM] |
| 04/19/2023 | 87 | BRIEF by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Type of Brief: RESPONSE. [1001352136] [22-1819, 22-1822] Paul Schmidt [Entered: 04/19/2023 11:58 AM] |
| 04/19/2023 | 88 | Receipt of paper copy of RESPONSE BRIEF filed at [87] by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Number of pages: [100]. Sufficient: YES. Number of Copies: [1]. Received by clerk date: 04/17/2023. [1001352590] [22-1819, 22-1822] KH [Entered: 04/19/2023 04:49 PM] |
| 04/19/2023 | 89 | Docket correction requested from Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Re: [85] attachment addendum. Access to attachment addendum has been restricted to case participants. [1001352593] [22-1819, 22-1822] KH [Entered: 04/19/2023 04:51 PM] |

| | | |
|---|---|---|
| 04/19/2023 | 90 | Docket correction requested from City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. [1001352601] [22-1819, 22-1822] KH [Entered: 04/19/2023 04:58 PM] |
| 04/19/2023 | 113 | Receipt of paper copy of RESPONSE BRIEF filed at [87] by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819. Number of pages: [100]. Sufficient: YES. Number of Copies: [4]. Received by clerk date: 07/28/2023. [1001411420] [22-1819, 22-1822] KS [Entered: 07/28/2023 04:42 PM] |
| 04/20/2023 | 91 | Addendum/attachment to [82] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Method of filing paper copies:. Date copies mailed, dispatched, or delivered: [1001352720] [22-1819, 22-1822] David Frederick [Entered: 04/20/2023 09:12 AM] |
| 04/20/2023 | 118 | (ENTRY RESTRICTED) Receipt of paper copy of ADDENDUM/ATTACHMENT to OPENING BRIEF filed at [91] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Number of pages: [355]. Number of copies: [4]. Received by clerk date: 07/31/2023. [1001411935] [22-1819, 22-1822]--[Edited 08/11/2023 by EB- See ECF 123] KS [Entered: 07/31/2023 12:49 PM] |
| 04/20/2023 | 123 | Receipt of paper copy of ADDENDUM/ATTACHMENT filed at [91] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Number of pages: [355]. Number of copies: [4]. Received by clerk date: 08/11/2023. [1001419012] [22-1819, 22-1822] EB [Entered: 08/11/2023 10:53 AM] |
| 05/01/2023 | 92 | SECOND Docket correction requested from Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Re: [85] attachment addendum. Access to attachment addendum has been restricted to case participants. [1001358845] [22-1819, 22-1822] KH [Entered: 05/01/2023 09:31 AM] |
| 05/01/2023 | 93 | BRIEF by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Type of Brief: REPLY. [1001359622] [22-1819, 22-1822] David Frederick [Entered: 05/01/2023 04:59 PM] |
| 05/01/2023 | 119 | Receipt of paper copy of REPLY BRIEF filed at [93] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Number of pages: [54]. Sufficient: Yes. Number of Copies: [4]. Received by clerk date: 07/31/2023. [1001411936] [22-1819, 22-1822] KS [Entered: 07/31/2023 12:51 PM] |
| 05/02/2023 | 94 | Corrected Addendum/attachment to [87] by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Method of filing paper copies:. Date copies mailed, dispatched, or delivered: [1001360175] [22-1819, 22-1822] Paul Schmidt [Entered: 05/02/2023 02:58 PM] |

| 05/02/2023 | 130 | Receipt of paper copy of corrected ADDENDUM/ATTACHMENT filed at [94] by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Number of pages: [201]. Number of copies: [4]. Received by clerk date: 11/13/2023. [1001472503] [22-1819, 22-1822] KH [Entered: 11/13/2023 03:32 PM] |
|---|---|---|
| 05/15/2023 | 95 | MOTION by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822 for leave to file a corrected table of contents for the Joint Appendix that includes filing dates for all trial exhibits, but otherwise to retain the Joint Appendix in its current form and order [78], [77], [76], [75], [74], [73]. Date and method of service: 05/15/2023 ecf. [1001367256] [22-1819, 22-1822] David Frederick [Entered: 05/15/2023 03:10 PM] |
| 05/16/2023 | 96 | ORDER filed granting Motion for leave to file [95]. Corrected joint appendix amending the table of contents due in 10 days. Copies to all parties. [1001367800] [22-1819, 22-1822] KH [Entered: 05/16/2023 10:50 AM] |
| 05/19/2023 | 97 | Corrected JOINT APPENDIX [Volumes I-III] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? No. [1001370597] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - docket text modified] David Frederick [Entered: 05/19/2023 02:52 PM] |
| 05/19/2023 | 98 | Corrected JOINT APPENDIX [Volumes IV-V] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? No. [1001370602] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - docket text modified] David Frederick [Entered: 05/19/2023 02:55 PM] |
| 05/19/2023 | 99 | Corrected JOINT APPENDIX [Volumes V cont.-VI] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? No. [1001370606] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - docket text modified] David Frederick [Entered: 05/19/2023 02:59 PM] |
| 05/19/2023 | 100 | Corrected JOINT APPENDIX [Volume VI continued] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? No. [1001370611] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - docket text modified] David Frederick [Entered: 05/19/2023 03:03 PM] |
| 05/19/2023 | 101 | Corrected JOINT APPENDIX [Volumes VII-VIII] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital media exhibit volume? No. [1001370618] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - docket text modified] David Frederick [Entered: 05/19/2023 03:05 PM] |
| 05/19/2023 | 102 | Corrected JOINT APPENDIX [Volumes IX-XII] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Digital |

|  |  | media exhibit volume? Yes. [1001370620] [22-1819, 22-1822]--[Edited 05/30/2023 by KH - docket text modified] David Frederick [Entered: 05/19/2023 03:07 PM] |
|---|---|---|
| 05/19/2023 | 120 | Receipt of paper copy of CORRECTED APPENDIX filed at [97], [98], [99], [100], [101], [102] by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Total number of volumes: [12]. Total number of pages in all volumes: [6695]. Sufficient? Yes. Digital media volume? Yes. Number of copies: [4]. Received by clerk date: 07/31/2023. [1001411939] [22-1819, 22-1822] KS [Entered: 07/31/2023 12:53 PM] |
| 06/23/2023 | 103 | SUPPLEMENTAL AUTHORITIES by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. [1001390192] . [22-1819, 22-1822] David Frederick [Entered: 06/23/2023 12:01 PM] |
| 07/06/2023 | 104 | SUPPLEMENTAL AUTHORITIES (FRAP 28(j)) response by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. [1001397262] . [22-1819, 22-1822] Paul Schmidt [Entered: 07/06/2023 06:31 PM] |
| 07/21/2023 | 106 | CASE TENTATIVELY CALENDARED for oral argument during the October 24-27, 2023, argument session. Counsel shall file 4 paper copies of their briefs and appendices within 7 days. Notify Clerk's Office of any scheduling conflict by: 07/31/2023. [1001406956] [22-1819, 22-1822] JLC [Entered: 07/21/2023 03:14 PM] |
| 07/26/2023 | 108 | NOTICE REGARDING CONFLICT WITH PROPOSED ARGUMENT DATES by Appellant City of Huntington, West Virginia in 22-1819, Appellant Cabell County Commission in 22-1822. Argument Session: 10/23... Other scheduling information: Arguing counsel has preexisting travel scheduled October 24-27, 2023.. [1001409798] [22-1819, 22-1822] David Frederick [Entered: 07/26/2023 04:27 PM] |
| 07/27/2023 | 109 | NOTICE REGARDING CONFLICT WITH PROPOSED ARGUMENT DATES by Appellee Cardinal Health, Incorporated in 22-1819, 22-1822. Argument Session: 10/23. Days you are available: October 24, 25, 27. Identify any other cases you are tentatively scheduled to argue this session: None. . [1001410483] [22-1819, 22-1822] Enu Mainigi [Entered: 07/27/2023 03:29 PM] |
| 07/28/2023 | 110 | MOTION by Cabell County Commission in 22-1822, City of Huntington, West Virginia in 22-1819 to withdraw/relieve/substitute counsel.Attorney or client motion? Attorney. Was a copy of the motion served on the defendant? Y. If under L.R. 46(d), was client advised of right to file response within 7 days? N/A. Date and method of service: 07/28/2023 ecf. [1001411260] [22-1822, 22-1819] Matthew Drecun [Entered: 07/28/2023 02:54 PM] |
| 07/28/2023 | 111 | ORDER filed granting Motion to withdraw/relieve/substitute counsel [110] Copies to all parties. [1001411411] [22-1819, 22-1822] KH [Entered: 07/28/2023 04:35 PM] |

| 07/28/2023 | 112 | Attorney Matthew N. Drecun for City of Huntington, West Virginia in 22-1819 and Cabell County Commission in 22-1822 terminated from case. Reason for termination: Order granting withdrawal. [1001411417] [22-1819, 22-1822] KH [Entered: 07/28/2023 04:38 PM] |
| --- | --- | --- |
| 07/31/2023 | 121 | Docket correction requested from City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Re: [118] addendum. Access to addendum has been restricted to case participants. [1001411943] [22-1819, 22-1822] KH [Entered: 07/31/2023 01:00 PM] |
| 08/09/2023 | 122 | SECOND Docket correction requested from City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. RE: [118] Addendum. [1001417417] [22-1819, 22-1822] KH [Entered: 08/09/2023 09:23 AM] |
| 08/17/2023 | 124 | CASE CONTINUED FROM TENTATIVE CALENDAR. [1001422460] [22-1819, 22-1822] JLC [Entered: 08/17/2023 11:09 AM] |
| 09/13/2023 | 125 | CASE TENTATIVELY CALENDARED for oral argument during the 12/5/2023 - 12/8/2023, argument session. No additional paper copies of briefs and appendices are required from counsel. Notify Clerk's Office of any scheduling conflict by: 09/20/2023. [1001438666] [22-1819, 22-1822] TLS [Entered: 09/13/2023 05:10 PM] |
| 10/16/2023 | 126 | CASE CONTINUED FROM TENTATIVE CALENDAR. [1001456052] [22-1819, 22-1822] JLC [Entered: 10/16/2023 12:59 PM] |
| 11/02/2023 | 127 | CASE TENTATIVELY CALENDARED for oral argument during the 1/23/2024 - 1/26/2024, argument session. No additional paper copies of briefs and appendices are required from counsel. Notify Clerk's Office of any scheduling conflict by: 11/09/2023. [1001466961] [22-1819, 22-1822] SCC [Entered: 11/02/2023 03:55 PM] |
| 11/08/2023 | 128 | COPY FOLLOW-UP NOTICE issued to Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822 requesting additional copies of corrected addendum/attachment [94]. [1001470161] Must be received in Clerk's Office by 11/13/2023. [22-1819, 22-1822] KH [Entered: 11/08/2023 11:04 AM] |
| 11/08/2023 | 129 | NOTICE REGARDING CONFLICT WITH PROPOSED ARGUMENT DATES by Appellant City of Huntington, West Virginia in 22-1819, Appellant Cabell County Commission in 22-1822. Argument Session: 1/23/2024 - 1/26/2024. Days you are available: 1/24/2024, 1/25/2024.. . [1001470637] [22-1819, 22-1822] David Frederick [Entered: 11/08/2023 04:07 PM] |
| 12/01/2023 | 131 | CASE CALENDARED for oral argument. Date: 01/25/2024. Session Starting Time: 9:30 am. Check-in Time: 8:45 - 9:00. Forms due within 7 calendar days. [1001482816] [22-1819, 22-1822] NRS [Entered: 12/01/2023 07:09 PM] |

| | | |
|---|---|---|
| 12/04/2023 | 132 | ORAL ARGUMENT ACKNOWLEDGMENT by City of Huntington, West Virginia in 22-1819, Cabell County Commission in 22-1822. Counsel arguing: David C. Frederick. Opening argument time: 15 minutes. Rebuttal argument time: 5 minutes. .. [1001483663] [22-1819, 22-1822] David Frederick [Entered: 12/04/2023 05:50 PM] |
| 12/07/2023 | 133 | ORAL ARGUMENT ACKNOWLEDGMENT by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822. Counsel arguing: Paul W. Schmidt. Answering argument time: 8 minutes. Second counsel arguing: Enu Mainigi; Robert A. Nicholas. Answering argument time: 12 minutes. .. [1001485875] [22-1819, 22-1822] Paul Schmidt [Entered: 12/07/2023 04:29 PM] |
| 01/12/2024 | 134 | Letter re: Allocation of Argument Topics [133] by McKesson Corporation, Amerisourcebergen Drug Corporation and Cardinal Health, Incorporated in 22-1819, 22-1822 . [1001503978] [22-1819, 22-1822] Paul Schmidt [Entered: 01/12/2024 02:47 PM] |
| 01/25/2024 | 135 | ORAL ARGUMENT (Video Conference) heard before the Honorable Robert B. King, DeAndrea Gist Benjamin and Barbara Milano Keenan. Attorneys arguing case: Mr. David Charles Frederick for Appellant City of Huntington, West Virginia, Ms. Enu Mainigi for Appellee Cardinal Health, Incorporated, Robert A. Nicholas for Appellee Amerisourcebergen Drug Corporation and Mr. Paul William Schmidt for Appellee McKesson Corporation in 22-1819, Mr. David Charles Frederick for Appellant Cabell County Commission, Ms. Enu Mainigi for Appellee Cardinal Health, Incorporated, Robert A. Nicholas for Appellee Amerisourcebergen Drug Corporation and Mr. Paul William Schmidt for Appellee McKesson Corporation in 22-1822. Courtroom Deputy: Emily Borneisen. [1001509874] [22-1819, 22-1822] EB [Entered: 01/25/2024 01:24 PM] |
| 01/29/2024 | 136 | Letter regarding order of argument by Amerisourcebergen Drug Corporation, Cardinal Health, Incorporated and McKesson Corporation in 22-1819, 22-1822 . [1001512117] [22-1819, 22-1822]--[Edited 02/05/2024 by KH - previously filed at [134]] DL [Entered: 01/30/2024 10:03 AM] |